

**Aimee H. Wagstaff, Esq.**
*Licensed in Colorado and California*
Aimee.Wagstaff@AndrusWagstaff.com

7171 W. Alaska Drive
Lakewood, CO 80226
Office: (303) 376-6360
Fax: (303) 376-63614
Website: www.AndrusWagstaff.com

October 20, 2016

**FILED VIA ECF**
Honorable Vince Chhabria
United States District Court, Northern District of California

  **RE:** MDL 2741: *In Re: Roundup Products Liability Litigation*

To the Honorable Vince Chhabria,

  Pursuant to the Court's October 6, 2016 Pretrial Order No. 1, I submit this application for appointment of Lead Counsel of MDL 2741: *In Re Roundup Products Liability Litigation.*

  In 2010, I co-founded the Denver based law firm of Andrus Wagstaff, P.C. and we exclusively practice in the area of complex litigation. I am lead counsel for Mr. Hardeman in his lawsuit against Monsanto, which has been pending before this Court since February 1, 2016. Through the Hardeman litigation, we (together with a group of lawyers, discussed below) hired a document vendor to house Monsanto's ESI, reviewed hundreds of thousands of Monsanto produced documents, engaged in dozens of meet and confers with Monsanto, negotiated a Protective Order and ESI Order entered by this Court, engaged in written discovery, conducted informal depositions, briefed and argued preemption and bifurcation, and retained numerous experts. Andrus Wagstaff currently represents or is investigating close to 500 clients. If the Court desires one, singular lead counsel, I request my appointment.

  While mindful of the Court's Order, I believe a larger leadership structure might be beneficial. A team of Plaintiffs' attorneys across the nation has been working together to advance this litigation. This team filed the first Roundup® cases, filed most of the federal cases on file as of the date of PTO 1, has extensive experience leading and participating in MDLs generally, and is comprised of experienced trial attorneys with vast experience in mass torts and bellwether trials.  The team is mindful that PTO 1 suggests the selection of a lead counsel and a liaison counsel, however, given the way in which the litigation has proceeded to date, the undersigned respectfully requests the Court consider the appointment of three co-lead counsel and three executive committee counsel.[1]  The attorneys comprising this team developed the factual and legal pleadings that underlie this litigation, successfully briefed and argued the motions to dismiss filed by Monsanto in federal districts (and also in two state actions), have selected a document vendor and are jointly reviewing documents, and have retained experts. Our team has a proven track record of working collaboratively and efficiently in large, complex cases with one another and with opposing counsel, and in this particular case we have worked together seamlessly and collaboratively for the past 13 months.  We have met dozens

---

[1] The team proposes the appointment of six attorneys in leadership as follows:  Co-lead counsel: Aimee Wagstaff, Robin Greenwald, and Michael Miller; Executive Committee members: Michael Baum, Yvonne Flaherty and Hunter Lundy. This team will come to the November 16, 2016 hearing prepared to discuss additional organizational structure, to include a Steering Committee.

of times to advance the speedy and just adjudication of these cases. We have created a joint litigation fund, housed in Denver at Andrus Wagstaff, and are mindful of containing expenses. We believe the team's efforts have succeeded to date, evidenced by the fact that, to our knowledge, all firms with cases on file as of this filing support appointment of the team in the proposed positions. Finally, this litigation will require extraordinary human and financial resources, which also supports the appointment of six firms in leadership. Our group, if appointed, is prepared to meet the demands and time frames of this litigation. For me personally:

I.       **Professional Experience with MDLs and the subject matter of this litigation.**

I have experience leading MDLs and coordinated actions, summarized as follows:

***Morcellator MDL* Leadership:** In November 2015, the Honorable Judge Kathryn Vratil, United States District Court for the District of Kansas, appointed me to serve as national Co-Lead counsel of MDL 2652: *In Re: Ethicon Inc., Power Morcellator Products Liability Litigation.* After working diligently with my leadership team, defense counsel, and the court, the MDL resolved within one year.

***Transvaginal Mesh ("TVM") MDL* Leadership:** To date, there are seven (7) TVM MDLs situated in the United States District Court for the Southern District of West Virginia before the Honorable Joseph R. Goodwin, Chief Judge. In 2012, Judge Goodwin appointed me to serve on the 8-member national Executive Committee overseeing and coordinating the (now) seven (7) TVM MDLs and to serve as national Co-Lead Counsel of TVM MDL 2326: In Re Boston Scientific Corporation. Judge Goodwin also appointed me to serve as a member of the Plaintiffs' Steering Committee for each of the 7 TVM MDLs. Over the past several months, and at the request of the Court, I have served as a mediator facilitating total resolution.

At its peak, the TVM MDLs neared 200,000 claims asserted or filed, with seemingly as many attorneys involved. The enormity of the TVM litigation required cooperation and professionalism with opposing and co-counsel. Judge Goodwin placed 200 cases from my TVM MDL on a speedy "Wave" Docket Control Order. In my role as co-lead of that MDL, I coordinated and oversaw the generation of experts for those 200 cases and lead those experts through discovery. I also drafted or coordinated responses common to the 200 cases related to the hundreds of dispositive and *Daubert* briefs filed by Defendant Boston Scientific. I was a trial team member on the West Virginia trial team for the first bellwether BSC MDL 2326 trial. After a month long trial, the jury awarded our clients $18,500,000.00.

In my leadership roles described above, I oversaw, assisted, and/or created a Master and Short Form Complaint, discovery protocols, several Case Management Orders for the Common Benefit, personally reviewed tens of thousands of documents, deposed corporate and expert witnesses, drafted and organized case specific and Common Benefit motion practice (discovery, dispositive, and *Daubert*), conducted case specific and Common Benefit oral argument on several critical and/or dispositive issues within the consolidation, designed bellwether criteria, led case selection, and tried bellwether cases.

***Risperdal JCCP* Leadership:** In 2014, the Hon. William F. Highberger appointed me to serve on the Plaintiffs' Steering Committee of JCCP 4775: *In Re Risperdal Product*

*Liability Case*, situated in Los Angeles County, California. Because there is no Risperdal MDL, JCCP 4775 remains the sole court ordered (state or federal) Risperdal consolidation with formal leadership appointed by the Court.

***Shoulder Pain Pump ("SPP") JCCP Leadership:*** The Hon. Gail Andler appointed me to serve as Co-lead and liaison counsel of the Plaintiffs' Steering Committee of JCCP 4615: *In Re Infusion Pump*, JCCP 4615, Orange County, California. That appointment is particularly distinguished because the JMPL twice denied a federal coordination of the Infusion Pump litigation, making JCCP 4615 the only coordination in the county. JCCP 4615 is substantially resolved, with fewer than five cases remaining on the docket.

I invite Your Honor to contact the Hon. Judge Andler, Hon. Judge Goodwin, or the Hon. Judge Vratil (the Judge's presiding over my Co-Lead appointments) for a reference of my leadership abilities, skills, dedication and professionalism to the court and opposing counsel.

## II.   Familiarity with the Claims before this Court.

I am licensed to practice in California and my law firm filed its first Monsanto case on October 9, 2015. I am lead counsel for 24 filed cases in the nationwide litigation, to include the *Hardeman* matter. We have reviewed hundreds of thousands of Monsanto produced documents, engaged in dozens of meet and confers with Monsanto, negotiated a Protective Order and ESI Order adopted by this Court, engaged in written discovery, conducted informal depositions, and retained numerous experts. As a result, I am familiar with the Northern District of California and the claims before this Court.

## III.   Present and Future Ability to Commit to Time-Consuming Litigation.

I have the present and future ability to commit myself and my firm's resources to this litigation.

## IV.   Ability to Work Cooperatively with Others.

Working cooperatively with others is a strength of mine. I work cooperatively with lawyers on both sides of the docket, the Court, and its staff. I invite you to contact opposing counsel, fellow PSC members, or the Court from any litigation set forth above for a personal reference on my ability to work cooperatively with others.

## V.   Access to Sufficient Resources to Advance the Litigation in a Timely Manner.

Andrus Wagstaff, PC recently resolved thousands of transvaginal mesh, Avandia, Actos, and morcellator cases. Andrus Wagstaff has and will continue to advance the funds necessary to prosecute this litigation. Together with other Plaintiffs' counsel, we set up a joint litigation account at my office in Denver for such expenses.

## VI.   Ability to Maintain Reasonable Fees and Expenses.

Through my leadership appointments, I learned the meaning and importance of reasonable fees and expenses. In three mass tort litigations, including the instant litigation Roundup, I have been the sole or co-signatory for the joint litigation fund that pays for common expenses. Additionally, in three mass tort litigations, I have reviewed and audited common benefit time submissions. I have the ability to maintain reasonable fee and expenses.

I am a member in good standing of all state and federal courts of Colorado and California and the United States Supreme Court. I am prepared to lead this litigation and would be honored to serve as Lead or Co-Lead Counsel. Attached as Exhibit 2 is a list of names of other MDL counsel who support my application.

Respectfully submitted October 20, 2016.

                                        **ANDRUS WAGSTAFF, PC**

BY: _/s/ Aimee Wagstaff_

**Aimee H. Wagstaff, Esq., SBN 278480**
7171 West Alaska Drive
Lakewood, Colorado 80226
aimee.wagstaff@andruswagstaff.com
720-208-9414