**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
           elasker@hollingsworthllp.com

*Attorneys for Defendant*
MONSANTO COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>ALL ACTIONS | |

**MONSANTO COMPANY'S RESPONSE TO PLAINTIFFS'
VARIOUS REQUESTS RELATED TO ORGANIZATIONAL STRUCTURE**

Plaintiffs propose that: (1) three lawyers be designated as co-lead counsel, (2) those three lawyers plus three additional lawyers (two of whom missed this Court's deadlines for lead and liaison counsel applications by seven days) form an Executive Committee, (3) two lawyers be appointed to serve as "Co-Liaison Counsel" based on applications that also were served after the deadline, and (4) the Court create a Plaintiffs' Steering Committee for which additional counsel can apply.  *See* Pls' Case Management Statement at 1-2, ECF No. 18.

Plaintiffs' proposal is unnecessary and unwieldy, particularly for the single issue this Court should address first – general causation.[1]  A main goal of bifurcated discovery is the prompt and efficient resolution of a potentially dispositive issue.[2]  Plaintiffs' request that this

---

[1] *See* Monsanto Company's Case Management Statement at 1-9, ECF No. 9 ("Monsanto's CMS"); Order Granting Motion for Bifurcation, *Hardeman v. Monsanto Co.*, No. 3:16-cv-00525-VC (N.D. Cal. June 16, 2016), ECF No. 66, and *Stevick v. Monsanto Co.*, No. 3:16-cv-02341-VC (N.D. Cal. June 16, 2016), ECF No. 20.

[2] *See* Monsanto's CMS at 5-9 (citing cases).

Court appoint at least six different lawyers who between them are counsel in 31 cases (82% of the cases in this MDL), plus two liaison counsel, to lead themselves and a handful of others in addressing a single issue is the antithesis of that goal.  Such a bloated organizational structure is not necessary.  *See* Order Re: Appointment of Plaintiffs' Lead Counsel at 1, *In re Nexium (Esomeprazole) Prod. Liab. Litig.*, No. 2:12-ml-2404-DSF-(SSx) (C.D. Cal. Feb. 25, 2013), ECF No. 32 (appointing lead counsel only in bifurcated discovery proceeding).

The myriad of plaintiffs' counsel's applications proves Monsanto's point, given the "seamless" cooperation among plaintiffs' counsel described therein.[3]  According to the applicants, their six-member Executive Committee has "a proven track record of working collaboratively and efficiently together for the past year" on the content of pleadings, responses to Monsanto's motions, document review, joint selection of a document review vendor, retaining experts, creating a deposition schedule, and other efforts.[4]  They also claim to have held "dozens of meetings," *see* Greenwald Letter at 1, and created a joint litigation fund, *see* Wagstaff Letter at 2.

---

[3] Letter from Michael J. Miller, The Miller Firm LLC, to The Honorable Vince Chhabria, United States District Court, Northern District of California at 2 (Oct. 20, 2016), ECF No. 10 ("Miller Letter") ("[I]n this particular case we have worked together seamlessly and collaboratively for the past 13 months."); Letter from Aimee H. Wagstaff, Andrus Wagstaff, PC, to The Honorable Vince Chhabria, United States District Court, Northern District of California at 1-2 (Oct. 20, 2016), ECF No. 11 ("Wagstaff Letter") ("[I]n this particular case we have worked together seamlessly and collaboratively for the past 13 months."); Letter from Robin L. Greenwald, Weitz & Luxenberg, to The Honorable Vince Chhabria, United States District Court, Northern District of California at 1 (Oct. 20, 2016), ECF No. 13 ("Greenwald Letter") ("We have worked seamlessly together . . . .  We have a proven track record of working collaboratively and efficiently together for the past year.").

[4] *See* Greenwald Letter at 1; *see also* Miller Letter at 1-3; Wagstaff Letter at 1, 3; Greenwald Letter at 1-3; Letter from Hunter W. Lundy, Lundy, Lundy, Soileau, & South, LLP, to The Honorable Vince Chhabria, United States District Court, Northern District of California at 2-3 (Oct. 20, 2016), ECF No. 12; Letter from Yvonne M. Flaherty, Lockridge Grindal Nauen P.L.L.P., to The Honorable Vince Chhabria, United States District Court, Northern District of California at 1-2 (Oct. 27, 2016), ECF No. 16; Letter from Michael L. Baum, Baum Hedlund Aristei & Goldman, P.C., to The Honorable Vince Chhabria, United States District Court, Northern District of California at 1 (Oct. 27, 2016), ECF No. 19.

To the extent plaintiffs' counsel have had or have claimed to have had divergent views on relevant issues, those views appear to have self-resolved without the need for any committees. Ms. Greenwald told the Judicial Panel on Multidistrict Litigation that her firm was "not part of [the] discussions" about prior confidentiality and ESI orders,[5] yet her application describes "seamless" coordination and a "close working relationship with counsel" in *Hardeman*, who negotiated the confidentiality and ESI orders that Monsanto now asks this Court to adopt MDL-wide.  *See* Greenwald Letter at 1, 3; Monsanto's CMS at 10-11.  Ms. Wagstaff, counsel in *Hardeman* and the initial movant for an MDL, has represented on many occasions, including as recently as October 24, 2016 in a discovery dispute letter to this Court, that she had no role in selecting the general causation document custodians identified by the Miller Firm.[6]  Yet, her application states that she has been working with the Miller Firm "seamlessly and collaboratively for the past 13 months" on, among other things, "select[ing] a document vendor" and "jointly reviewing documents," in addition to meeting "dozens of times to advance the speedy and just adjudication of these cases."  *See* Wagstaff Letter at 1.  Mr. Miller's application echoes many of Ms. Wagstaff's representations verbatim, and notes that he and Ms. Wagstaff have been "working on a deposition schedule."  *See* Miller Letter at 1.

Given that plaintiffs now have confirmed their ability to coordinate in the development of this litigation, the organizational structure they suggest offers no additional benefits to this Court or to the efficient conduct of this MDL.  Plaintiffs have failed to identify a single example of what their proposed multi-committee structure could accomplish that their months-long coordination is not already accomplishing; instead, their requests would promote inefficiencies.[7]

---

[5] Interested Party Resp. of Pls in John D. Sanders and Frank Tanner v. Monsanto Co. to Mot. to Transfer at 6, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Aug. 17, 2016), ECF No. 29.

[6] Letter from Aimee H. Wagstaff, Andrus Wagstaff, PC, to The Honorable Vince Chhabria, United States District Court, Northern District of California at 2 (Oct. 24, 2016), ECF No. 14.

[7] Neither "Co-Liaison Counsel" applicant offers any explanation as to why that role requires two different attorneys at two different firms.  Both claim to have applicable experience and offices within similar proximity to this courthouse.  *See* Joint Statement in Support of Co-Lead Counsel

*(Footnote continued)*

Indeed, the sheer number of participants that plaintiffs suggest will serve only to complicate negotiations between plaintiffs and Monsanto.  This Court should proceed with its original tentative plan to appoint a liaison and a lead counsel who can efficiently coordinate with the Court and Monsanto.  Should the litigation later encompass additional issues beyond general causation, the potential need for organizational committees can be revisited.

DATED:  November 2, 2016                    Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY

---

Applications; Statement Supporting Request for Appointment as Co-Liaison Counsel, ECF No. 17.