UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to: ALL ACTIONS | **PLAINTIFFS' PROPOSED SCHEDULING ORDER** |

The Court's November 17, 2016 Minute Order required Plaintiffs to prepare and submit a proposed scheduling order. In an attempt to reach agreement, the Parties met and conferred numerous times. However, while the Parties agree on numerous dates and provisions, disagreement remains. As such, the Parties agreed to submit competing proposals. Attached hereto as **Exhibit A** is Plaintiffs' Proposed Scheduling Order.

Prior to the November 17, 2016 Minute Order, the Parties agreed that Monsanto would initiate the first draft of the proposed schedule. Other than changing the page limits for Summary Judgment and *Daubert* briefing so each side had the same over all page limits, Plaintiff accepted Monsanto's proposed dates and provisions as set forth in Paragraphs 10-19 of **Exhibit A.** The main disagreement between the two proposals relates to the number of custodial files, and, then, in turn, the custodian's depositions.

**Custodial Files**: As a threshold matter, Plaintiff is entitled to all relevant, non-duplicative, documents in Monsanto's possession and control that relate to whether Roundup exposure leads to Non-Hodgkin's Lymphoma. As explained at the November 16, 2016 status conference, Monsanto has elected to store its electronic information such

1

that a horizontal, company-wide, search is impossible. Meaning, the search terms are not applied to all of Monsanto's electronically stored information. Rather, the search terms are only applied on a custodian-by-custodian basis. Therefore, it is likely that *more* custodial files are required in this litigation, not less. That is especially true when one considers that Roundup has been on the market since the 1970s, the vast size of Monsanto, and the normal attrition of Monsanto employees during that time. By way of example, based on the first batch of production alone, over 1,000 people are listed on Monsanto's privilege log – most of which we understand are current or former Monsanto employees[1].

In light of the foregoing, instead of setting an arbitrary limit to the number of custodial files produced, Plaintiffs request a deadline by which they shall request custodial files and a process to resolve any Monsanto objections. Plaintiffs' proposal on this topic is fair, promotes the ultimate goal of justice, and is consistent with previous rulings in Hardeman.

To the extent the Court would like to hear oral argument related to Plaintiffs' Proposed Scheduling Order, Plaintiffs proposed a court call on Monday, November 21, 2016 after 1:30 pm PST or anytime on Tuesday, November 22, 2016.

---

[1] Only relevant documents are listed on the privilege log. So, while this is not dispositive, it highlights the number of people at Monsanto with relevant knowledge of Roundup and its carcinogenicity.

DATED: November 18, 2016     Respectfully Submitted

ANDRUS WAGSTAFF, P.C.

/s/ Aimee H. Wagstaff
Aimee H. Wagstaff SBN 278480
7171 W. Alaska Dr.
Lakewood, Colorado 80226
Telephone:     (303) 376-6360

WEITZ & LUXENBURG, PC

/s/ Robin L. Greenwald
Robin L. Greenwald, Esq.
700 Broadway
New York, New York 10003
Telephone: (212)558-5802

THE MILLER FIRM, LLC

/s/ Michael Miller
Michael Miller, Esq.
The Sherman Building
108 Railroad Avenue
Orange, VA 22960
Toll free: (800)882-2525

*Plaintiffs Co-Lead Counsel*

Certificate of Service

I hereby certify that I filed and served this document via ECF on November 18, 2016.

/s/ Alana Schmitt