**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
           elasker@hollingsworthllp.com

*Attorneys for Defendant*
MONSANTO COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>ALL ACTIONS | |

## MONSANTO COMPANY'S PROPOSED SCHEDULING ORDER

Pursuant to the Court's instruction during the Case Management Conference ("CMC") on November 16, 2016, Monsanto has met and conferred with plaintiffs' counsel on a proposed schedule for the first phase of the MDL proceedings leading up to the *Daubert* hearing scheduled by the Court to begin on October 10, 2016.  The parties have been unable to reach an agreement, and Monsanto accordingly submits its proposed schedule for the Court's consideration.

Monsanto's proposed schedule is consistent with the schedule set forth in its Case Management Statement of October 20, 2016, ECF No. 9 ("CMS"), with a modest extension of the previously proposed deadlines as discussed during the hearing and the addition of the Science Day requested by the Court.

Monsanto opposes the alternative schedule proposed by the plaintiffs for a number of reasons.  First, plaintiffs seek another two months, until January 20, 2017, to identify additional document custodians.  Plaintiffs have had ample time to identify proposed document custodians, and should not now be allowed to ask the Court for additional time.  Setting appropriate limits on

- 1 -

1   the number of custodians and a prompt date for identification of them is necessary to allow
2   Monsanto to produce documents for any additional custodians within the time frame consistent
3   with the October *Daubert* hearing.[1]

4         As plaintiffs implicitly recognize, their proposal to be allowed to identify an unlimited
5   number of newly proposed document custodians by January 20, 2017 effectively blows up the
6   Court's schedule.  In order to shoe horn their request into the time remaining, plaintiffs propose a
7   fact discovery deadline of June 16, 2017, which extends well into the expert discovery period,
8   and is after the proposed deadline for the submission of both parties' expert reports.  This
9   proposed schedule is directly contrary to the Court's bifurcation order, whereby fact discovery is
10  allowed only as it relates to and may inform plaintiffs' experts in formulating their opinions.
11  Moreover, to the extent plaintiffs' experts claim that testimony from the fact depositions does
12  inform their causation opinion, plaintiffs' proposed overlapping fact and expert discovery
13  periods will lead to further delays as plaintiffs' experts seek to modify their expert reports,
14  requiring defendants' experts to then respond to the newly proffered opinions.

15        Monsanto also believes that reasonable limits must be established on the number of
16  document custodians and fact depositions.  As the discussion before the Court on November 16
17  illustrated, such limits are appropriate and necessary in this case to avoid discovery that is
18  duplicative and disproportionate to plaintiffs' discovery needs with respect to the limited issue of
19  general causation in the first phase of the proceedings.  Absent such reasonable limitations, many
20  of the efficiencies that the Court has secured through its bifurcation ruling will be put at risk.

21        Finally, consistent with the Court's request, Monsanto proposes a Science Day on or
22  before February 1, 2017.  Plaintiffs seek to delay the Science Day until after they have deposed
23  the first five core Monsanto employees with knowledge regarding Roundup's human health
24  safety.  This is contrary to Monsanto's understanding of the nature of the Science Day requested

---

[1] Plaintiffs also propose an explicit requirement that Monsanto must produce custodian files within 60 days of agreeing or being ordered to produce such files for particular employees.  But defendant has repeatedly explained that its 60-day proposal to deliver custodial files will work only if the custodians are limited to ten in number.  More time would of course be needed to collect, process, review and produce documents for *additional* custodians.

by the Court, which is to be focused on explaining the relevant scientific methodologies generally rather than presenting the parties' positions on the science related to glyphosate.

Therefore, Monsanto proposes the following schedule:

- Identification of eight additional current or former employee witnesses as custodians for document production by: **December 2, 2016**. Presentation of any objections by: **December 9, 2016**.

As noted above, Monsanto understands the Court's intention to allow plaintiffs to select additional custodians, but the time period for those selections should not be so delayed that it disrupts the efficient progress of the general causation phase by, for example, pushing fact discovery deadlines past deadlines for the submission of expert reports. Reasonable limits must be put in place to ensure that the goals of efficient, proportional discovery and an early *Daubert* hearing are met. *See, e.g.*, Pretrial Order No. 6; Disc. and Other Proceedings re Gen. Causation at 4, *In re Viagra (Sildenafil Citrate)*, No. 3:16-md-02691-RS (N.D. Cal. Sept. 26 2016), ECF No. 102 (limiting production to 10 custodians in general causation phase by agreement of the parties).

The eight custodians in Monsanto's proposal would be in addition to the two approved at the CMC, as well as the five already offered voluntarily by Monsanto plus the seven previously requested by two plaintiffs' counsel, bringing the total to 22 general causation document custodians. This is consistent with Monsanto's proposal in its October 20, 2016 CMS and was discussed during the November 16, 2016 conference.

- Proposed order and briefing regarding differences, if any, regarding a deposition protocol and limits on written discovery requests due to Court by: **December 7, 2016**.

- Case Management Conference: **December 14, 2016.**[2]

- Submission of proposed science day protocol order: **January 11, 2017.**

- Deadline for plaintiffs to depose any or all of the five general causation witnesses selected by Monsanto: **January 31, 2017.**

---

[2] Plaintiffs' proposal seeks to change this date to December 12, 2016. Monsanto's counsel does not object to a change, but is not available on the date plaintiffs propose.

- Science day: **February 1, 2017.**[3]
- Production of custodial files of no more than 10 additional general causation custodians selected by plaintiffs (subject to any objections) completed by: **February 10, 2017**.

Document collection and production require substantial time and resources. As Monsanto has repeatedly told plaintiffs' counsel, Monsanto's ability to meet this deadline is contingent upon a limit of 10 new custodians. Allowing more custodians to be named will cause production to extend beyond this deadline.

- Deadline for plaintiffs to identify remaining general causation witnesses to be deposed (for no more than 10 total general causation depositions): **February 24, 2017**. Presentation of any objections by: **March 3, 2017**.

In order to ensure that discovery is proportional and relevant to the issue of general causation, plaintiffs should be limited to taking no more than 10 total general causation fact witness depositions of current or former Monsanto employees. *See, e.g.*, Pretrial Order No. 6; Disc. and Other Proceedings re Gen. Causation at 5, *In re Viagra (Sildenafil Citrate)*, No. 3:16-md-02691-RS (N.D. Cal. Sept. 26 2016), ECF No. 102 (entering parties' agreement to limit plaintiffs to seven depositions of corporate employee or former employee fact witnesses in general causation phase).

- Depositions of remaining non-expert general causation witnesses to be completed by: **April 17, 2017**.
- Plaintiffs' expert reports due by: **May 1, 2017**.
- Defendant's expert reports due by: **June 1, 2017**.
- Plaintiffs' rebuttal expert reports due by: **June 15, 2017**.
- Close of expert discovery: **July 21, 2017**.
- Monsanto's motion for summary judgment and *Daubert* motions due (one brief, 40 pages): **August 9, 2017**.

---

[3] Plaintiffs propose that science day be held on March 1, 2017. Monsanto's counsel is unavailable on that date.

- 4 -
MONSANTO CO.'S PROPOSED SCHEDULING ORDER
16-md-02741-VC

- Oppositions (and cross motion, if any) due (one consolidated brief for all plaintiffs, 70 pages total): **August 30, 2017**.
- Monsanto's reply (and opposition to cross motions, if any) due (one consolidated brief, 50 pages): **September 13, 2017**.
- Replies due (one consolidated brief for all plaintiffs, 20 pages): **September 22, 2017**.
- Live testimony from expert witnesses: **Beginning October 10, 2017**.
- Oral argument on motions for summary judgment and *Daubert* motions: **October 13, 2017**.

DATED: November 18, 2016

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY