**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *Carlock v. Monsanto Co.*, Case No. 3:16-cv-06009-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Marvin Carlock's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.     Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products.  Monsanto denies the remaining allegations in paragraph 1.

2.     The allegations in paragraph 2 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

3.     Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 6.

7.      The allegations in paragraph 7 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies that it is subject to general personal jurisdiction in Colorado and admits that venue is appropriate in the District of Colorado based upon the allegations in plaintiff's Complaint.  Monsanto denies the remaining allegations in paragraph 7.

8.      Monsanto denies that exposure to Roundup®-branded products did or could have caused plaintiff's alleged non-Hodgkin's lymphoma.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 8 and therefore denies those allegations.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

10.      Monsanto admits the allegations in paragraph 10.

11.      The allegations in paragraph 11 comprise attorney characterizations and are accordingly denied.

12.      In response to the allegations in paragraph 12, Monsanto admits that it sells Roundup®-branded products in Yuma County, Colorado.

13.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 13 and therefore denies those allegations.

14.      The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-06009-VC

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     Monsanto admits the allegations in paragraph 16.

17.     Monsanto admits that it is authorized to do business in Colorado.  The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto denies the allegations in paragraph 19.

20.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

22.     Monsanto admits the allegations in paragraph 22.

23.     Monsanto admits the allegations in paragraph 23.

24.     Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  Monsanto states that the remaining allegations in paragraph 24 are vague and ambiguous and that it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

25.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 25 comprise attorney characterizations and are accordingly denied.

1       26.     Monsanto admits the allegations in paragraph 26.

2       27.     Monsanto generally admits the allegations in paragraph 27, but denies the

3    allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants

4    at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

5    EPA.

6       28.     Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations asserted in paragraph 28 and therefore denies those allegations.

8       29.     Monsanto admits that it is the leading producer of seeds that contain the Roundup

9    Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

10   farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

11   belief as to the accuracy of the specific numbers and statistics provided in the remaining

12   sentences of paragraph 29 and therefore denies those allegations.  Monsanto denies the

13   remaining allegations in paragraph 29.

14      30.     Monsanto admits the allegations in paragraph 30.

15      31.     Monsanto admits that Roundup®-branded products have been used by farmers for

16   approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

17   properties and denies the remaining allegations in paragraph 31.

18      32.     The allegations in paragraph 32 set forth conclusions of law for which no

19   response is required.  To the extent that a response is deemed required, Monsanto admits the

20   allegations in paragraph 32.

21      33.     In response to the allegations in paragraph 33, Monsanto admits that EPA requires

22   registrants of herbicides to submit extensive data in support of the human health and

23   environmental safety of their products and further admits that EPA will not register or approve

24   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining

25   allegations in paragraph 33 set forth conclusions of law for which no response is required.

26      34.     The allegations in paragraph 34 set forth conclusions of law for which no

27   response is required.

28      35.     Monsanto denies that it has ever manufactured, or that it currently manufactures,

1    Roundup®-branded products in the State of Colorado but admits that Roundup®-branded

2    products are registered by EPA for manufacture, sale and distribution and are registered by the

3    State of Colorado for sale and distribution.

4           36.     In response to the allegations in paragraph 36, Monsanto admits that EPA requires

5    registrants of herbicides to submit extensive data in support of the human health and

6    environmental safety of their products and further admits that EPA will not register or approve

7    the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

8    states that the term "the product tests" in the final sentence of paragraph 36 is vague and

9    ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 36

10   set forth conclusions of law for which no answer is required.

11          37.     Monsanto denies the allegations in paragraph 37 to the extent that they suggest

12   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

13   Monsanto admits that EPA is in the process of conducting reregistration of various pesticide

14   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

15   of the allegations in paragraph 37 regarding such pesticide products generally and therefore

16   denies those allegations.  The remaining allegations in paragraph 37 set forth conclusions of law

17   for which no response is required.

18          38.     In response to the allegations in paragraph 38, Monsanto admits that EPA has

19   undertaken a review of glyphosate for purposes of reregistration and further admits that EPA has

20   not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office

21   of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic

22   potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be

23   carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same

24   time, EPA posted an October 2015 final report by its standing Cancer Assessment Review

25   _____

26   [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/

27   document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic

28   potential.

1    Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as

2    "Not Likely to be Carcinogenic to Humans."[2]  Monsanto lacks information or knowledge

3    sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and

4    therefore denies those allegations.

5         39.    In response to the allegations in paragraph 39, Monsanto admits that the New

6    York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

7    advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

8    admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

9    General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

10   the subparts purport to quote a document, the document speaks for itself and thus does not

11   require any further answer.  The remaining allegations in paragraph 39 are vague and conclusory

12   and comprise attorney characterizations and are accordingly denied.

13        40.    In response to the allegations in paragraph 40, Monsanto admits it entered into an

14   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

15   itself and thus does not require any further answer.  The remaining allegations in paragraph 40

16   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17        41.    Monsanto denies the allegations in paragraph 41.

18        42.    In response to the allegations in paragraph 42, Monsanto admits that the French

19   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

20   that it "left the soil clean," but denies the allegations in paragraph 42 to the extent that they

21   suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

22   cancer.  Monsanto denies the remaining allegations in paragraph 42.

23        43.    Monsanto denies the allegations in paragraph 43.

24        44.    In response to the allegations in paragraph 44, Monsanto states that the cited

25

26   ─────────────────────
     [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
     U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
27   *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
     Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.
28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-06009-VC

document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 44 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 and therefore denies those allegations.

45.     Monsanto admits the allegations in paragraph 45.

46.     In response to the allegations in paragraph 46, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

47.     Monsanto states that the term "toxic" as used in paragraph 47 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 47.

48.     Monsanto admits the allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 50 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 52 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 52.

- 7 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-06009-VC

1    53.    Monsanto denies the allegations in paragraph 53.

2    54.    In response to the allegations in paragraph 54, Monsanto states that the cited

3  document speaks for itself and does not require a response.  To the extent that paragraph 54

4  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

5  paragraph 54.

6    55.    In response to the allegations in paragraph 55, Monsanto states that the cited

7  document speaks for itself and does not require a response.  To the extent that paragraph 55

8  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

9  paragraph 55.

10    56.    Monsanto denies the allegation that the cited studies support the allegation that

11  glyphosate or Roundup®-branded products pose any risk to human health and denies the

12  remaining allegations in paragraph 56.

13    57.    Monsanto denies the allegations in paragraph 57.

14    58.    Monsanto denies the allegations in paragraph 58.

15    59.    Monsanto denies the allegations in paragraph 59.

16    60.    Monsanto denies the allegations in paragraph 60.

17    61.    Monsanto admits that it has in the past promoted, and continues to promote,

18  Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

19  Monsanto denies the remaining allegations in paragraph 61.

20    62.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

21  is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

22  lacks information or knowledge sufficient to form a belief as to the truth of the remaining

23  allegations asserted in paragraph 62 and therefore denies those allegations.

24    63.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25  truth of the allegations in paragraph 63 and therefore denies those allegations.  Monsanto denies

26  that glyphosate met the criteria necessary to be eligible for review.

27    64.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28  truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies

that glyphosate met the criteria necessary to be eligible for review.

65.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 65 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

66.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 66, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 66 comprise attorney characterizations and are accordingly denied.

67.     In response to the allegations in paragraph 67, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 67 comprise attorney characterizations and are accordingly denied.

68.     In response to the allegations in paragraph 68, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly denied.

69.     Monsanto denies the allegations in paragraph 69.

70.     The allegations in paragraph 70 comprise attorney characterizations and are accordingly denied.

71.     Monsanto admits the allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 72 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, Monsanto admits that certain

studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 73.

74.     The allegations in paragraph 74 are vague and ambiguous and are accordingly denied.

75.     In response to the allegations in paragraph 75, Monsanto states that the cited document speaks for itself and does not require a response.

76.     In response to the allegations in paragraph 76, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 76 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     In response to the allegations in paragraph 78, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 78.

79.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

1    86.    Monsanto admits the allegations in paragraph 86.

2    87.    Monsanto denies the allegations in paragraph 87.

3    88.    Monsanto admits the allegations in paragraph 88.

4    89.    Monsanto denies the allegations in paragraph 89.

5    90.    Monsanto denies the allegations in paragraph 90.

6    91.    Monsanto denies the allegations in paragraph 91.

7    92.    Monsanto denies the allegations in paragraph 92.

8    93.    Monsanto denies the allegations in paragraph 93.

9    94.    Monsanto denies the allegations in paragraph 94.

10   95.    Monsanto denies the allegations in paragraph 95.

11   96.    Monsanto admits that independent experts and regulatory agencies agree that

12   there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

13   products and admits that it has made statements reflecting this fact.  Monsanto denies the

14   remaining allegations in paragraph 96.

15   97.    In response to the allegations in paragraph 97, Monsanto admits that Roundup®-

16   branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

17   the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

18   97.

19   98.    In response to the allegations in paragraph 98, Monsanto admits that an EPA

20   review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

21   denies the remaining allegations in paragraph 98.

22   99.    In response to the allegations in paragraph 99, Monsanto admits that EPA

23   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

24   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

25   denies the remaining allegations in paragraph 99.

26   100.    In response to the allegations in paragraph 100, Monsanto admits that plaintiff has

27   accurately quoted from one passage in an EPA document in 1991 with respect to the designation

28   of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not

- 11 -

1   pose any cancer risk to humans.  In addition to the conclusions in the EPA OPP Report and the

2   EPA CARC Final Report discussed above, other specific findings of safety include:

3   • "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows

4      evidence of non-carcinogenicity for humans—based on the lack of convincing

5      evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration*

6      *Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/

7      reregistration/web/pdf/0178fact.pdf.

8   • "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.

9      60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

10  • "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69

11     Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

12  • "There is [an] extensive database available on glyphosate, which indicate[s] that

13     glyphosate is not mutagenic, not a carcinogen, and not a developmental or

14     reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,

15     73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

16  • "EPA has concluded that glyphosate does not pose a cancer risk to humans."

17     Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be

18     codified at 40 C.F.R. pt. 180).

19  • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible

20     cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body

21     of research does not provide evidence to show that [g]lyphosate causes cancer and

22     does not warrant any change in EPA's cancer classification for [g]lyphosate."

23     *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder*

24     *Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th

25     Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of

26     Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-

27     5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk

28     Statement").

1    Monsanto denies the remaining allegations in paragraph 100.

2         101.    In response to the allegations in paragraph 101, Monsanto admits that it – along

3    with a large number of other companies and governmental agencies – was defrauded by two

4    chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

5    testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

6    toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

7    glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

8    studies.  To the extent that the allegations in paragraph 101 are intended to suggest that

9    Monsanto was anything other than a victim of this fraud, such allegations are denied.

10        102.    In response to the allegations in paragraph 102, Monsanto admits that IBT

11   Laboratories was hired to conduct toxicity studies in connection with the registration of a

12   Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

13   based upon any fraudulent or false IBT studies.

14        103.    Monsanto denies the allegations in paragraph 103 to the extent they suggest that

15   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

16   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

17   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

18   connection with services provided to a broad number of private and governmental entities and

19   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

20   one of several pesticide manufacturers who had used IBT test results.  The audit found some

21   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

22   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

23   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

24   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 103 are

25   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

26   denies those allegations.

27        104.    In response to the allegations in paragraph 104, Monsanto admits that three IBT

28   employees were convicted of the charge of fraud, but Monsanto denies that any of the

1    individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

2    herbicides.

3        105.    In response to the allegations in paragraph 105, Monsanto admits that it – along

4    with numerous other private companies – hired Craven Laboratories as an independent

5    laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

6    denies the remaining allegations in paragraph 105.

7        106.    In response to the allegations in paragraph 106, Monsanto admits that EPA

8    investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

9    paragraph 106 are intended to suggest that Monsanto was anything other than a victim of this

10   fraud, Monsanto denies those allegations.

11       107.    In response to the allegations in paragraph 107, Monsanto admits that it was

12   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

13   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 107

14   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

15   denies those allegations.

16       108.    In response to the allegations in paragraph 108, Monsanto admits that it has stated

17   and continues to state that Roundup®-branded products are safe when used as labeled and that

18   they are non-carcinogenic and non-genotoxic.

19       109.    In response to the allegations in paragraph 109, Monsanto admits that a 1986 joint

20   report of the World Health Organization and Food and Agriculture Organization of the United

21   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

22   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

23   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

24   carcinogen.  Monsanto denies the remaining allegations in paragraph 109.

25       110.    Monsanto denies the allegations in paragraph 110.

26       111.    Monsanto denies the allegations in paragraph 111.

27       112.    Monsanto denies the allegations in paragraph 112.

28       113.    Monsanto denies the allegations in paragraph 113.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-06009-VC

1   114.   Monsanto denies the allegations in paragraph 114.

2   115.   Monsanto denies the allegations in paragraph 115.

3   116.   Monsanto denies the allegations in paragraph 116.

4   117.   Monsanto denies the allegations in paragraph 117.

5   118.   Monsanto admits that plaintiff purports to bring an action for compensatory

6   damages.  Monsanto denies the remaining allegations in paragraph 118.

7   119.   Monsanto denies the allegations in paragraph 119.

8   120.   Monsanto denies the allegations in paragraph 120.

9   121.   Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations asserted in paragraph 121 and therefore denies those allegations.

11   122.   Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations asserted in paragraph 122 and therefore denies those allegations.

13   123.   Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations asserted in the first sentence of paragraph 123 and therefore denies those

15   allegations.  Monsanto denies the allegations in the second sentence of paragraph 123.

16   124.   Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations asserted in paragraph 124 and therefore denies those allegations.

18   125.   Monsanto incorporates by reference its responses to paragraphs 1 through 124 in

19   response to paragraph 125 of plaintiff's Complaint.

20   126.   In response to the allegations in paragraph 126, Monsanto denies that it has

21   concealed the alleged "true risks associated with Roundup and glyphosate."  The remaining

22   allegations in paragraph 126 set forth conclusions of law for which no response is required.

23   127.   In response to the allegations in paragraph 127, Monsanto admits that it has stated

24   and continues to state that Roundup®-branded products are safe when used as labeled and that

25   they are non-toxic and non-carcinogenic.

26   128.   In response to the allegations in paragraph 128, Monsanto states that the cited

27   document speaks for itself and does not require a response.

28   129.   Monsanto denies that exposure to Roundup®-branded products and glyphosate

1   exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

2   129.  Monsanto states, however, that the scientific studies upon which IARC purported to base

3   its classification were all publicly available before March 2015.

4        130.    Monsanto denies that it concealed "the true character, quality and nature of

5   Roundup."  The remaining allegations of paragraph 130 set forth conclusions of law for which

6   no response is required.  To the extent that a response is deemed required, Monsanto denies all of

7   plaintiff's allegations in paragraph 130.  Monsanto states, however, that the scientific studies

8   upon which IARC purported to base its classification were all publicly available before March

9   2015.

10        131.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

11   and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup[®]-

12   branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

13   which IARC purported to base its classification were all publicly available before March 2015.

14   The remaining allegations in paragraph 131 set forth conclusions of law for which no response is

15   required, consist of attorney characterizations and are accordingly denied, or comprise

16   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

17   the truth of the allegations asserted and therefore denies those allegations.

18        132.    Monsanto incorporates by reference its responses to paragraphs 1 through 131 in

19   response to paragraph 132 of plaintiff's Complaint.

20        133.    Paragraph 133 sets forth conclusions of law for which no response is required.

21        134.    Monsanto denies the allegations in paragraph 134.

22        135.    Monsanto denies the allegations in paragraph 135, including each of its subparts.

23        136.    Monsanto denies the allegations in paragraph 136.

24        137.    Monsanto denies the allegations in paragraph 137.

25        138.    Monsanto denies the allegations in paragraph 138, including each of its subparts.

26        139.    Monsanto denies the allegations in paragraph 139.

27        140.    Monsanto denies the allegations in paragraph 140.

28        141.    Monsanto denies the allegations in paragraph 141.

1    142.    Monsanto denies the allegations in paragraph 142.

2    In response to the "WHEREFORE" paragraph following paragraph 142, Monsanto

3    demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

4    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

5    fees as allowed by law and such further and additional relief as this Court may deem just and

6    proper.

7    143.    Monsanto incorporates by reference its responses to paragraphs 1 through 142 in

8    response to paragraph 143 of plaintiff's Complaint.

9    144.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations asserted in paragraph 144 and therefore denies those allegations.

11   145.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations asserted in paragraph 145 and therefore denies those allegations.

13   146.    Monsanto denies the allegations in paragraph 146.

14   147.    Monsanto denies the allegations in paragraph 147.

15   148.    Monsanto denies the allegations in paragraph 148.

16   149.    Monsanto denies the allegations in paragraph 149, including each of its subparts.

17   150.    Monsanto denies the allegations in paragraph 150.

18   151.    Monsanto denies that Roundup®-branded products have "dangerous

19   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the remaining allegations asserted in paragraph 151 and therefore denies those

21   allegations.

22   152.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23   truth of the allegations asserted in paragraph 152 and therefore denies those allegations.

24   153.    Monsanto denies the allegations in paragraph 153.

25   154.    Paragraph 154 sets forth conclusions of law for which no response is required.

26   155.    Monsanto denies the allegations in paragraph 155.

27   156.    Monsanto denies the allegations in paragraph 156.

28   157.    Monsanto denies the allegations in paragraph 157.

1    158.    Monsanto denies the allegations in paragraph 158.

2    159.    Monsanto denies the allegations in paragraph 159.

3    160.    Monsanto denies the allegations in paragraph 160.

4    161.    Monsanto denies the allegations in paragraph 161.

5    162.    Monsanto denies the allegations in paragraph 162.

6    163.    Monsanto denies the allegations in paragraph 163.

7    164.    Monsanto denies the allegations in paragraph 164.

8    In response to the "WHEREFORE" paragraph following paragraph 164, Monsanto

9    demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

10   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

11   fees as allowed by law and such further and additional relief as this Court may deem just and

12   proper.

13   165.    Monsanto incorporates by reference its responses to paragraphs 1 through 164 in

14   response to paragraph 165 of plaintiff's Complaint.

15   166.    Monsanto admits the allegations in paragraph 166.

16   167.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations asserted in paragraph 167 and therefore denies those allegations.

18   168.    Monsanto denies the allegations in paragraph 168.  All labeling of Roundup®-

19   branded products has been and remains EPA-approved and in compliance with all federal

20   requirements under FIFRA.

21   169.    Monsanto denies the allegations in paragraph 169.

22   170.    Monsanto denies the allegations in paragraph 170.  All labeling of Roundup®-

23   branded products has been and remains EPA-approved and in compliance with all federal

24   requirements under FIFRA.

25   171.    Monsanto denies the allegations in paragraph 171.  All labeling of Roundup®-

26   branded products has been and remains EPA-approved and in compliance with all federal

27   requirements under FIFRA and with Colorado law.

28   172.    Monsanto denies the allegations in paragraph 172.

1    173.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations regarding plaintiff's use history in paragraph 173 and therefore denies

3    those allegations.  Monsanto denies the remaining allegations in paragraph 173.

4    174.    Paragraph 174 sets forth conclusions of law for which no response is required.

5    175.    Monsanto denies the allegations in paragraph 175.

6    176.    Monsanto denies the allegations in paragraph 176.

7    177.    Monsanto denies the allegations in paragraph 177.

8    178.    Monsanto denies the allegations that Roundup®-branded products are defective

9    and accordingly denies the allegations in paragraph 178.

10    179.    Paragraph 179 sets forth conclusions of law for which no response is required.

11    180.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12    truth of the allegations asserted in paragraph 180 and therefore denies those allegations.

13    181.    Monsanto denies the allegations in paragraph 181.

14    182.    Monsanto denies the allegations in paragraph 182.

15    183.    Monsanto denies the allegations in paragraph 183.

16    184.    Monsanto denies the allegations in paragraph 184.

17    185.    Monsanto denies the allegations in paragraph 185.

18    In response to the "WHEREFORE" paragraph following paragraph 185, Monsanto

19    demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

20    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

21    fees as allowed by law and such further and additional relief as this Court may deem just and

22    proper.

23    186.    Monsanto incorporates by reference its responses to paragraphs 1 through 185 in

24    response to paragraph 186 of plaintiff's Complaint.

25    187.    Monsanto denies the allegations in paragraph 187.  Additionally, the allegations

26    in the last sentence in paragraph 187 set forth conclusions of law for which no response is

27    required.

28    188.    Monsanto lacks information or knowledge sufficient to form a belief as to the

- 19 -

1   truth of the allegations in paragraph 188 concerning the plaintiff's claimed use of Roundup®-

2   branded products and therefore denies those allegations.  The remaining allegations in paragraph

3   188 set forth conclusions of law for which no response is required.

4         189.   The allegations in paragraph 189 set forth conclusions of law for which no

5   response is required.

6         190.   Monsanto denies the allegations in paragraph 190.

7         191.   Monsanto denies the allegations in paragraph 191.

8         192.   Monsanto lacks information or knowledge sufficient to form a belief as to the

9   truth of the allegations in paragraph 192 concerning the condition of any Roundup®-branded

10   product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore

11   denies the allegations in paragraph 192.

12         193.   Monsanto denies the allegations in paragraph 193.

13         194.   Monsanto denies the allegations in paragraph 194.

14         195.   Monsanto denies the allegations in paragraph 195.

15         In response to the allegations in "WHEREFORE" paragraph following paragraph 195,

16   Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's

17   Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

18   reasonable attorney's fees as allowed by law and such further and additional relief as this Court

19   may deem just and proper.

20         In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

21   denies that plaintiff is entitled to the relief sought therein, including any judgment for any

22   damages, interest, costs, or any other relief whatsoever.

23         Every allegation in the Complaint that is not specifically and expressly admitted in this

24   Answer is hereby specifically and expressly denied.

25         **SEPARATE AND AFFIRMATIVE DEFENSES**

26         1.   The Complaint, in whole or part, fails to state a claim or cause of action against

27   Monsanto upon which relief can be granted.

28

1      2.      Plaintiff's claims are barred in whole because plaintiff cannot proffer any

2   scientifically reliable evidence that the products at issue were defective or unreasonably

3   dangerous.

4      3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted,

5   was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

6   plaintiff's alleged injuries.

7      4.      Plaintiff's claims are barred, in whole or in part, because the products at issue

8   were designed, manufactured, marketed and labeled with proper warnings, information, cautions

9   and instructions, in accordance with the state of the art and the state of scientific and

10   technological knowledge.

11      5.      Plaintiff's claims are barred, in whole or in part, because the products at issue

12   were not defective or unreasonably dangerous in that they complied with, at all relevant times,

13   all applicable government safety standards.

14      6.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law

15   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

16   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

17      7.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

18   findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

19   product labeling.

20      8.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary

21   jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

22      9.      Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if

23   any, were the result of conduct of plaintiff, independent third parties, and/or events that were

24   extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

25   independent, intervening and superseding causes of the alleged injuries.

26      10.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j

27   and k, bar plaintiff's claims against Monsanto in whole or in part.

28

1      11.    If plaintiff suffered injury or damages as alleged (no injury or damages being

2  admitted), such injury or damage resulted from acts or omissions of persons or entities for which

3  Monsanto is neither liable nor responsible or resulted from diseases and/or causes that are not

4  related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts

5  or omissions on the part of others or diseases or causes constitute an independent, intervening

6  and sole proximate cause of plaintiff's alleged injury or damages.

7      12.    Monsanto had no legal relationship or privity with plaintiff and owed no duty to

8  him by which liability could be attributed to it.

9      13.    Plaintiff's claims are preempted in whole or part by the Freedom of Speech

10 Clause of the First Amendment of the U.S. Constitution.

11     14.    Plaintiff's claims for punitive damages are barred because such an award would

12 violate Monsanto's due process, equal protection and other rights under the United States

13 Constitution, the Colorado Constitution, and/or other applicable state constitutions.

14     15.    Plaintiff's claims for punitive damages are barred because plaintiff has failed to

15 allege conduct warranting imposition of punitive damages under Colorado and/or other

16 applicable state laws.

17     16.    Plaintiff's claims for punitive damages are barred and/or limited by operation of

18 state and/or federal law, including, but not limited to, Colo. Rev. Stat. § 13-21-102, which

19 precludes asserting a punitive damages claim in the initial Complaint.

20     17.     Plaintiff's claims and damages, no injury or damages being admitted, are barred

21 or must be reduced, in whole or part, by Colo. Rev. Stat. § 13-21-403 (state of the art

22 presumption, presumption of non-defectiveness for compliance with government codes, and ten-

23 year presumption) and Colo. Rev. Stat. § 13-21-102.5 (limits on non-economic damages).

24     18.    If plaintiff has been injured or damaged, no injury or damages being admitted,

25 such injuries were not caused by a Monsanto product. Additionally, pursuant to Colo. Rev. Stat.

26 § 13-21-406, Monsanto cannot be liable for damages that exceed its pro rata share of causal fault,

27 no fault being admitted.

28

19. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED: November 22, 2016                    Respectfully submitted,


/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY

- 23 -