HAROLD J. LILLER
harold.liller@oag.texas.gov
Texas Office of the Attorney General
Administrative Law Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 475-3206
Facsimile: (512) 320-0167

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br>16-mc-80232   *Hardeman*<br>16-cv-0525     *Hardeman* | MDL No. 2741<br><br>Case No. 16-md-02741-VC<br><br>**NON-PARTIES BLEDSOE AND TEXAS A&M UNIVERSITY'S REPLY BRIEF RE MOTION TO QUASH** |

## I. STATEMENT OF THE ISSUES

A. Did the International Agency for Research on Cancer (IARC) and the World Health Organization (WHO) request that Non-Parties Bledsoe and Texas A&M University withhold the documents at issue?

B. Did the IARC and WHO waive any privilege or claim to confidentiality relating to the documents at issue?

## II. STATEMENT OF THE CASE/RELEVANT FACTS

A. On August 19, 2016, Defendant Monsanto Company served a subpoena to produce documents, electronically stored information, or tangible things upon Patricia Bledsoe in her official capacity as Director of Open Records for Texas A&M University.

B. This subpoena contained eight (8) document requests relating to Dr. Ivan I. Rusyn, Professor of Veterinary Integrative Biosciences at Texas A&M University.

C. On August 31, 2016 the IARC and WHO initiated a conference call with the undersigned and Texas A&M University General Counsel.

D. During this conference call, the IARC and WHO asserted that all documents relating to the subpoena were the property of the IARC and WHO and further asserted their absolute immunity from disclosure of said documents pursuant to treaty, international law, and United States law; specifically, the International Organizations Immunities Act (IOIA), 22 U.S.C. Section 288a.

E. Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Non-Parties Bledsoe and Texas A&M University timely served their assertions of privilege and objections to the subpoena upon counsel for Monsanto Company on September 2, 2016.

F. On September 14, 2016, two days prior to the date of compliance, Non-Parties Bledsoe and Texas A&M University filed their motion to quash in the United States District Court for the Southern District of Texas, Houston Division, the proper jurisdiction pursuant to Federal Rule of Civil Procedure 45(d)(2)(B).

G. Based on communications on and before September 14, 2016, the undersigned presumed that the IARC and WHO would file a motion to quash to assert their absolute privilege regarding the documents at issue.

H. On September 15, 2016, the IARC and WHO communicated to the undersigned that they would not file a motion to quash; instead, the IARC and WHO requested the United States Department of State, through the United States Permanent Mission to the United Nations, to intervene to "ensure that the immunity of WHO and IARC and inviolability of documents considered part of WHO's archives are respected."

I. In lieu of direct action, the IARC and WHO sent a letter to Texas A&M University again requesting that the documents at issue not be disclosed; in this letter the IARC and WHO asserted that "[w]e have reviewed the type of documents to be provided and we maintain that we consider all documents related to IARC and IARC Working Group 112 inviolable in

1  accordance with the privileges and immunities enjoyed by the WHO and IARC." This letter is attached as EXHIBIT A.

J.  On October 3, 2016, the Panel on Multidistrict Litigation consolidated Roundup litigation into the instant MDL case in the United States District Court for the Northern District of California.

K.  On October 5, 2016, Defendant Monsanto Company filed its opposition to the motion to quash and its unopposed motion to transfer this discovery matter to the United States District Court for the Northern District of California.

L.  On October 21, 2016, this discovery matter was transferred to the instant MDL case in the United States District Court for the Northern District of California.

M.  On November 15, 2016, this Court entered an order for a reply brief on the two issues presented herein.

### III.  ARGUMENT

**A.  The IARC and WHO Requested that Non-Parties Bledsoe and Texas A&M University Withhold the Documents at Issue**.

Commencing on August 31, 2016 and continuing through the present, the IARC and WHO, through verbal communication, e-mail, and written communication to Texas A&M University, asserted that:

(1) the IARC and WHO enjoy certain privileges including absolute immunity from every form of judicial process with regard to their property pursuant to Article 47 of the Constitution of the WHO, which is a binding treaty to which the United States is a party, United States Executive Order 10025, and the IOIA.  *See* EXHIBIT A at 1-2.

(2) "all documents related to IARC and IARC Working group 112 [are] inviolable in accordance with the privileges and immunities enjoyed by the WHO and IARC."  EXHIBIT A at 1.

(3) "Dr. Rusyn was invited to and accepted to participate in the IARC Working Group 112 as an independent expert of WHO and IARC and the inviolability for all papers and documents … applies to the documents held by him in (sic) virtue of his activity as an expert."  EXHIBIT A at 2.

(4) "the privileges and immunities provided for under the IOIA extend to IARC's property, wherever located and by whomever held." EXHIBIT A at 2.

(5) "the inviolability of IARC's archives extends to all documents Dr. Rusyn created or held in the course of his work for IARC and IARC Working Group 112." EXHIBIT A at 2.

Non-Parties Bledsoe and Texas A&M University filed their motion to quash based upon the assertions by IARC and WHO of absolute immunity from judicial proceedings and inviolability of their property, the presumption that the IARC and WHO would file their own motion to assert said privileges and immunities, and a reading of the IOIA. Once it was clear to Texas A&M University that the IARC and WHO wished to withhold the documents based upon this absolute privilege, the motion to quash was filed in an abundance of caution. Even though the IARC and/or WHO failed to file a motion to quash to asset their privileges and immunities, Non-Parties Bledsoe and Texas A&M University seek guidance from this Court on this convoluted discovery issue because of the absolute immunity issue.

**B.     It Does Not Appear that the IARC and WHO Expressly Waived their Privileges and Immunities.**

This issue appears to be one of first impression. We are faced with a third-party discovery issue which involves the potential absolute immunity of a fourth party from discovery. It is not common practice for the undersigned to argue privileges for those who fail to appear and assert them; however, the question of absolute immunity is bothersome. While it is incumbent upon the IARC and/or the WHO to assert and argue their own privileges and immunities, Non-Parties Bledsoe and Texas A&M University make the following observations.

The vast majority of cases involving the IOIA are dismissals for lack of jurisdiction of defendant international organizations who have been sued in federal court. *See eg. Jam v. Int'l Finance Corp.,* 172 F.Supp.3d 104 (D.C.C. 2016). In the few cases where discovery is at issue, it is clear that international organizations are "absolutely immune from suit and judicial process;" furthermore, "[t]his includes immunity from discovery, because discovery is a type of judicial process." *In re Kaiser Group Int'l, Inc.,* 730 F.Supp2d 247, 251 (D.D.C. 2010). The IARC and WHO appear to be immune from discovery in this Court.

This immunity from discovery appears to extend to the documents at issue. Property of an international organization "shall enjoy the same immunity from suit and every form of judicial process." 22 U.S.C. § 288a(b). Moreover, the "archives of international organizations shall be inviolable." 22 U.S.C. § 288a(c).

Only an express waiver of immunity by the IARC and/or the WHO will permit discovery related to these international organizations or their property. *See* 22 U.S.C. § 288a(b); *see also Polak v. Int'l Monetary Fund,* 657 F.Supp.2d 116, 121-22 (D.D.C. 2009). "[T]he only relevant inquiry is whether the [international organization] has expressly waived its immunity." *Polak,* 657 F.Supp.2d at 122. Absent this express waiver of immunity, the IARC, WHO, and their property are "immune from all forms of judicial process, including discovery." *Id.* at 122.

While it may be argued that the failure of the IARC and WHO to file a motion to quash in this instance is an implied waiver of immunity, it is certainly not an express waiver.

## IV. CONCLUSION

Non-Parties Bledsoe and Texas A&M University were instructed by the IARC and WHO to withhold the documents at issue multiple times through multiple means of communication. In these communications, the IARC and WHO asserted their ownership of the documents at issue and their absolute immunity from the discovery process regarding the documents at issue. Non-Parties Bledsoe and Texas A&M University filed their motion to quash in an abundance of caution because of these assertions.

Questions of ownership and control as well as the interplay between international law, the IOIA, and the Federal Rules of Civil Procedure make this a complicated discovery issue. Non-Parties Bledsoe and Texas A&M University welcome guidance from the Court.

Dated: November 30, 2016

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

NICHOLE BUNKER-HENDERSON
Chief, Administrative Law Division

*/s/ Harold J. Liller*
HAROLD J. LILLER
Assistant Attorney General
Texas State Bar No. 24029689
OFFICE OF THE TEXAS ATTORNEY GENERAL
ADMINISTRATIVE LAW DIVISION
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 475-3206
Facsimile: (512) 457-4608
E-mail: harold.liller@texasattorneygeneral.gov
ATTORNEYS FOR NON-PARTIES BLEDSOE AND TEXAS A&M UNIVERSITY