UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>16-mc-80232   *Hardeman*<br><br>16-cv-0525   *Hardeman* | **NON-PARTIES BLEDSOE AND TEXAS A&M UNIVERSITY'S REPLY BRIEF RE MOTION TO QUASH** |

# EXHIBIT A

 **World Health Organization**

20, AVENUE APPIA – CH-1211 GENEVA 27 – SWITZERLAND – TEL CENTRAL +41 22 791 2111 – FAX CENTRAL +41 22 791 3111 – WWW.WHO.INT

Tel. direct:      +41 22 791 4754
Fax direct:      +41 22 791
E-mail :           waltond@who.int

In reply please
refer to:

Your reference:

Office of General Counsel
Attn. Mr Thomas Silver
Assistant General Counsel
Moore/Connally Building, 6th Floor
301 Tarrow Street
College Station
Texas 77840-7896
USA

14 October 2016

Dear Mr Silver,

Thank you for informing us of the subpoena, received by the Texas A&M University. We emphasize that this letter is provided without prejudice to the privileges and immunities of the World Health Organization (WHO) and the cancer agency of WHO, the International Agency for Research on Cancer (IARC).

We have reviewed the type of documents to be provided and we maintain that we consider all documents related to IARC or IARC Working group 112 inviolable in accordance with the privileges and immunities enjoyed by the WHO and IARC.

In this regard, we would like to bring the following to your attention:

- IARC was created by resolution 18.44 of the World Health Assembly on 20 March 1965 and is part of the WHO; WHO is an international organization established by treaty and subject to international law. It is a Specialized Agency of the United Nations, whose membership is composed of 194 Member States, including the United States of America;

- Pursuant to Executive Order 10025 of December 30, 1948, WHO has been designated as an international organization and enjoys privileges and immunities under international law and the law of the United States, as defined in the International Organization Immunities Act (IOIA), 22 U.S.C. 288 et seq (1990). Specifically, Sections 288a(b) and 288a(c) of the IOIA state:

> *"(b) International organizations, their property and their assets, wherever located, and by whomsoever held, shall enjoy the same immunity from suit and every form of judicial process as is enjoyed by foreign governments, except to the extent that such organizations may expressly waive their immunity for the purpose of any proceedings or by the terms of any contract.*

> *(c) Property and assets of international organizations, wherever located and by whomsoever held, shall be immune from search, unless such immunity be expressly waived, and from confiscation. The archives of international organizations shall be inviolable."*

- Article 67 of the Constitution of the WHO, accepted by the United States, prescribes that:

  > "(a) The Organization shall enjoy in the territory of each Member such privileges and immunities as may be necessary for the fulfilment of its objective and for the exercise of its functions.

  > (b) Representatives of Members, persons designated to serve on the Board and technical and administrative personnel of the Organization shall similarly enjoy such privileges and immunities as are necessary for the independent exercise of their functions in connection with the Organization."

- Although the United States have not ratified the Convention on the Privileges and Immunities of Specialized Agencies, the definition contained in Annex VII of the referred Convention provides the parameters for the implementation of article 67 with regards to WHO experts, namely, that experts serving on committees of, or performing missions for, the Organization shall be accorded the following privileges and immunities so far as is necessary for the effective exercise of their functions, including the time spent on journeys in connection with service on such committees or missions:

  > (a) Immunity from personal arrest or seizure of their personal baggage;

  > (b) In respect of words spoken or written or acts done by them in the performance of their official functions, immunity from legal process of every kind, such immunity to continue notwithstanding that the persons concerned are no longer serving on committees of, or employed on missions for, the Organization;

  > (c) The same facilities in respect of currency and exchange restrictions and in respect of their personal baggage as are accorded to officials of foreign governments on temporary official missions;

  > (d) Inviolability for all papers and documents;

  > (e) For the purpose of their communications with the Organization, the right to use codes and to receive papers or correspondence by courier or in sealed bags.

- It follows from the above that the privileges and immunities provided for under the IOIA extend to IARC's property, wherever located and by whomsoever held, and the inviolability of IARC's archives extends to all documents Dr Rusyn created or held in the course of his work for IARC and IARC Working Group 112.

- Dr Rusyn was invited to and accepted to participate in the IARC Working Group 112 as an independent expert of WHO and IARC and the inviolability for all papers and documents set out under (d) above applies to the documents held by him in virtue of his activity as an expert.

- Insofar as any document held by Dr Rusyn is a draft document or contains comments on draft documents, these are not intended for further circulation or citation. Furthermore, disclosure of information about the contribution of individual experts (including Dr Rusyn) to any IARC Working Group, Monographs or papers and of any related communications would be prejudicial to the work of IARC/WHO. The development of such publications requires the free and confidential exchange of views and information, bearing also in mind that such publications are the joint product of groups of experts and there are no individually authored sections.

- Finally, experts who provide advice to IARC, including any members of IARC Working Groups for IARC Monographs or advisory groups, serve in an individual capacity and not as representatives of any organization, government or industry.

To the extent that Texas A&M University were nonetheless to consider releasing any documents or communications related to IARC, including any document or communication relating to Dr Rusyn's work as a member of any IARC Working Group for IARC Monographs or any IARC advisory group, we would appreciate receiving a copy of the material in question, prior to any disclosure, so that we may provide you with any specific objections we may have to its disclosure.

We appreciate Texas A&M University's careful consideration of the matter and look forward to hearing from you.

In keeping with the WHO's status as an international organization with its Headquarters in Geneva, a copy of this letter is addressed to the Permanent Mission of the United States of America to the United Nations Office and other international organizations in Geneva.

Yours sincerely,



Derek Walton
Legal Counsel