**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 3:16-md-02741-VC<br><br>**[PROPOSED] ORDER GOVERNING PRIVILEGE LOGS** |

For good cause shown, the Court hereby orders as follows:

A. **Asserting Privilege or Protection.** A party who withholds or redacts documents or information contained within a document on the grounds of attorney-client privilege and/or work product protection, or any other asserted privilege, shall provide:

    1. A listing of such documents in electronic spreadsheet format providing the following objective metadata fields ("objective metadata" does not include substantive content from, or a subjective description of, the document being withheld or redacted) where available:

        a. the Bates number of the document (or unique document identifier);

        b. the nature of the privilege asserted ("attorney-client privilege" or "attorney work product");

        c. the name(s) of the author(s) of the document (if known or knowable) (for email chains, because metadata only captures the

1 author(s) of the most recent email in the chain, all emails in the
2 same chain will be listed together in the log and the emails within
3 the chain to which privilege is asserted will state "attorney-client
4 privilege" or "attorney work product");

  d. the name(s) of the recipient(s) of the document, including anyone who was sent the document as a "CC" or a "BCC" (if known or knowable) (for email chains, because metadata only captures the recipients of the most recent email in the chain, all emails in the same chain will be listed together in the log and the emails within the chain to which privilege is asserted will state "attorney-client privilege" or "attorney work product");

  e. the document type, including, for example, whether the document is an email, paper file, a spreadsheet, or other descriptive identifier of the document type; and

  f. the date the document was created (if known or knowable), sent (if applicable), and last modified (if applicable).

2. The names of the individuals who are identified prior to providing the privilege log as being attorneys will be highlighted on the log; if it is discovered that names of other attorneys on the log were not highlighted, the opposing party will be notified with an offer to provide a replacement log. In addition to the preceding paragraph, the withholding/redacting party will also include the following information in its privilege log entries (provided the party remains willing to meet and confer further on specific documents after production of this privilege log):

| Document Type | From and to whom | Content |
|---|---|---|
| Email | from attorney to client | conveying legal advice |
| Email Attach. | from client to attorney | requesting legal advice |
| Memorandum | between attorneys | discussing legal advice |
| Letter | between clients | discussing litigation |
| Other Document | between client and attorney | prepared in anticipation of/for litigation |

3. As an alternative to the categories in the preceding paragraph, or where they do not apply, the withholding/redacting party may provide alternate individualized descriptions for such documents.

B. **Challenging Asserted Privilege and Protection.** After receipt of such a privilege log, any Party may dispute a claim of privilege or protection, however, prior to any submission to the Court for an *in camera* review, the Party disputing a claim of privilege or protection shall provide in writing the identification of the documents for which it questions the claim of privilege or protection and the reasons (including legal support) for its assertion that the documents are not privileged or protected. Within thirty days, the Party seeking to support the claim of privilege or protection shall provide a written response supporting the claim of privilege or protection (including legal support). The Parties will then meet and confer in good faith as to the claims of privilege or protection. If agreement cannot be met after fifteen (15) business days, any party may thereafter submit the material under seal to the Court for a determination as to privilege or protection. If/when challenges are presented to the Court, the parties' positions on those documents will be affirmed by counsel pursuant to Rule 11. If a party believes the circumstances require different timing or procedure, they shall meet and confer on alternatives to resolving any disputes and if unable to agree may present the issue to the Court.

C. **Time for Providing Privilege Log.** The producing party shall provide the information required by paragraph "A" to the receiving party within 30 days of withholding or redacting the related documents.

Date: _____, 2016     _____
                                        HONORABLE VINCE CHHABRIA
                                        UNITED STATES DISTRICT COURT