**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
Rosemary Stewart (*pro hac vice*)
James M. Sullivan (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
           elasker@hollingsworthllp.com
           rstewart@hollingsworthllp.com
           jsullivan@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
|---|---|
| This document relates to:<br>ALL ACTIONS | |

**MONSANTO COMPANY'S CONSENT MOTION FOR ORDER RE PRODUCTION OF CUSTODIAL FILES OF RICHARD GARNETT AND CHRISTOPHE GUSTIN**

The parties have reached an agreement regarding the individuals whose custodial files will be produced as part of the "Group D custodians" pursuant to the Court's Pretrial Order No. 3, ECF No. 47.  Two of those custodians are employees of a foreign subsidiary of Monsanto Company ("Monsanto"), and, due to European legal restrictions, special procedures are required before their documents may be collected, processed, and produced in this litigation.

The two custodians are Richard Garnett and Chistophe Gustin, who are employees of Monsanto-Europe, S.A.  Counsel for Monsanto-Europe, S.A. has advised counsel for Monsanto in this MDL that the laws of the European Union and of Belgium (where Messrs. Garnett and Gustin work) restrict the processing and transfer of certain documents outside Europe.  As a

result, the parties jointly request that the Court enter the attached Order as soon as possible so that collection and processing of these custodians' documents may commence right away.

The European Law at Issue

In October 1995, the EU Council of Ministers (the "Council") adopted Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 "on the protection of individuals with regard to the processing of personal data and on the free movement of such data" (the "EU Directive"). The EU Directive is binding on all EU Member States and all EU Member States have implemented domestic legislation giving effect to the EU Directive. The EU Directive has been implemented in Belgium by the Act of 8 December 1992 on Privacy Protection in relation to the Processing of Personal data, as amended by the Act of 11 December 1998 (the "Act").

Under the Act, Monsanto-Europe, S.A. likely would be considered the "data controller" of the custodial files plaintiffs seek and collection or production of these records for this litigation would be considered "processing." Ch. I, Art. 1, §§ 2, 4 of the Act, *see* https://www.privacycommission.be/en/privacy-act. "Processing" is broadly defined to include such acts as "collection," "retrieval," "use," "disclosure by means of transmission," and "dissemination or otherwise making available." *Id.* § 2. Under Ch. 1, Art. 1, § 1 of the Act, "'personal data' means **any information relating to an identified or identifiable natural person**, hereinafter the 'data subject'" (emphasis added). In the present case, where the documents will contain references to many named individuals, including their email addresses, and in some circumstances their employers, job titles, addresses and other personal details, there is no doubt that in most cases the individuals concerned would be considered "identified or identifiable." It should be noted that the applicable definition of personal data is a far broader concept than the concept of "personally identifiable information" which is typically seen in the United States.

The Act also contains numerous restrictions on data controllers' processing documents that contain personal data, including that personal data must be "processed fairly and lawfully" and "adequate, relevant and not excessive in relation to the purposes for which it is collected or further processed." Ch. II, Art. 4, § 1. Here, the use of the parties' negotiated search terms,

1  limiting the number of custodial files and documents to be collected, and Monsanto's further
2  document review after culling, are intended to avoid the "excessive" processing prohibited under
3  the Act.
4  　　　The next section of the Act prohibits processing of personal data unless one of several
5  enumerated exceptions exist.  Ch. II, Art. 5.  With the exception of cases where "the data subject
6  has unambiguously given his consent," each exception requires that the processing be
7  "necessary."  *Id.*  Consent is not an option because the names of thousands of individuals are
8  likely to appear in the custodial files of Messrs. Garnett and Gustin, and each referenced natural
9  person is a "data subject" implicating the restrictions on processing.  Under the circumstances of
10 this litigation, redacting all references to natural persons except those whom Monsanto assesses
11 as necessary is not an option, taking into account the volume of records involved which are
12 anticipated to span hundreds of thousands of pages of records, the massive document review
13 costs that such an effort would incur, the insufficiency of time before the January 6, 2017
14 production deadline to complete that task, the likelihood of errors in such a  human review
15 process when dealing with massive volumes of records, and the impact this could have on the
16 plaintiffs' ability to assess these records in discovery.  The parties agree that instead of massive
17 privacy redactions, all documents produced from the custodial files of Mssrs. Garnett and Gustin
18 will be produced as "Confidential" under the protective order in this litigation with no
19 requirement to make individual document-by-document confidentiality decisions as Monsanto
20 has been doing for documents collected for U.S.-based custodians.  With the time frame involved
21 and number of records, the risks of human error by the reviewing attorneys regarding
22 confidentiality determinations is reduced substantially by this provision.  Subsequent to
23 production of the files of these foreign custodians, the parties may at any time revisit the
24 confidentiality status of all or parts of particular records.
25 　　　In addition to the limitations on processing any "personal data," which includes names,
26 email addresses, and other information that occur very frequently in custodial files, the Act
27 prohibits "processing of personal data revealing racial or ethnic origin, political opinions,
28 religious or philosophical beliefs or trade-union membership as well as the processing of data

1  concerning sex life." Ch. II, Art. 6.  While understanding who particular employees are and
2  what job positions they hold (personal data) is needed to efficiently and effectively review
3  records during discovery in the circumstances of this litigation, these special categories are less
4  likely to be needed here and should be a smaller subset of the records.  Thus, the "necessary" for
5  discovery exception is less likely to apply.  Monsanto's counsel intends to run targeted searches
6  for this information within the time frame permitted under the Court's schedule and will make
7  redactions as it determines appropriate, and will meet and confer with plaintiffs about those
8  redactions should they have questions.  Capturing all such references before production,
9  however, is not feasible.  The protocols for this litigation have a procedure for providing
10  replacement copies that may be used in those instances and serving these foreign custodian's
11  files designated as confidential will decrease the chances that such information is further
12  disclosed by either party without taking steps to protect such information as appropriate.
13      The next Article of the Act in general prohibits "processing of health-related personal
14  data." Ch. II, Art. 7, § 1.  And the following Article of the Act in general prohibits "[t]he
15  processing of personal data relating to litigation that has been submitted to courts and tribunals
16  as well as to administrative judicial bodies, relating to suspicions, prosecutions or convictions in
17  matters of crime, administrative sanctions or security measures." Ch. II, Art. 8, § 1.  Monsanto
18  also will make an effort before production to search for and evaluate this kind of information for
19  potential redaction and will meet and confer with plaintiffs subsequent to production if necessary
20  to address questions about such redactions.  Producing the foreign custodians records as
21  confidential also will limit the risks of inadvertent disclosures of this information.
22      Finally, the Act also includes a Chapter VI regarding Transfer of Personal Data to
23  Countries outside of the European Union.  Even if the personal data fits an exception that permits
24  processing in the European Union, it may not fit an exception permitting the data to be sent
25  outside the European Union.  "Personal data being processed after it has been transferred to a
26  country outside the European Community may only be transferred if the country in question
27  ensures an adequate level of protection and if the other provisions of this Act and its
28  implementing decrees have been complied with." Ch. VI, Art. 21, § 1.  And the "personal data"

1  may be transferred if "the transfer is necessary or legally required" by the Court "for the
2  establishment, exercise or defence of legal claims."  Ch. VI, Art. 21, § 22.  The proposed order
3  includes a specific finding of need for the discovery and additional safeguards intended to
4  balance the interests of the respective legal systems on this issue.

Conclusion and Request

With an extremely tight schedule in place for document productions, the parties respectfully request that the Court sign and issue right away the proposed Order Regarding Discovery of Custodial Files from Richard Garnett and Christophe Gustin.  The parties also request that the Court sign and issue the Joint Stipulation and [Proposed] Order Amending Governing Protocol for Discovery of Electronically Stored Information, ECF No. 37, as well as the protective and confidentiality order, Rule 502(d) order, and privilege log order from the *Hardeman* case, which have been re-filed on this date in the MDL docket bearing the MDL caption.  The Court previously stated during hearing that the protective and confidentiality orders from the *Hardeman* case would be in effect for all cases in the MDL, but the parties would like to share all of these procedural orders with Monsanto-Europe, S.A. to further assure that company and its counsel that every necessary protection is in place before the European records are transferred to the United States for use in this litigation.

DATED: December 5, 2016

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Rosemary Stewart (*pro hac vice*)
(rstewart@hollingsworthllp.com)
James M. Sullivan (*pro hac vice*)
(jsullivan@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant,*
*MONSANTO COMPANY*