UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to all cases. | |

## MEMORANDUM IN SUPPORT OF MOTION TO APPROVE ORDER ESTABLISHING A COMMON BENEFIT FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR COSTS AND EXPENSES INCURRED AND SERVICES PERFORMED FOR MDL ADMINISTRATION AND COMMON BENEFIT

Plaintiffs, by and through the appointed MDL leadership ("MDL Leadership"), hereby submit the following Memorandum in Support of Motion to Approve an Order Establishing a Common Benefit Fund to Compensate and Reimburse Attorneys for MDL Administration and Common Benefit Work in this Multi-District Litigation ("MDL").

### A.      STATEMENT OF THE NATURE OF THE MATTER BEFORE THE COURT

The MDL leadership seeks the Court's order to establish a common benefit fund to compensate and reimburse attorneys for costs and expenses incurred and services performed for MDL administration and the common benefit of MDL Plaintiffs.

### B.      STATEMENT OF FACTS

1.      This MDL was established on October 3, 2016 by order of the Judicial Panel on Multi-District Litigation ("JPML").

2.      The MDL Leadership was established by this Court's Order of December 7, 2016.

3.      Since before its creation, the MDL leadership has been engaged in a number of administrative and substantive tasks including the ongoing negotiation of numerous case management and discovery orders with Defendant that have been entered as Orders of this MDL

1

Court (*i.e.*, Protective Order, ESI Order, Privilege Log Order), meeting with defense counsel, ESI discovery meetings, creation of a document depository, attended numerous status conferences, and conducted depositions.

4.      The MDL Leadership as a group has also been engaged in significant ongoing work related to discovery, document review and retention of expert witnesses in several areas of specialty. To date, the MDL Leadership has reviewed hundreds of thousands of documents, a task which continues all day, every day.

5.      As more fully discussed herein, a common benefit fund is designed to compensate attorneys for the work performed in the MDL for the common benefit of all plaintiffs and their counsel.

## C.      ARGUMENT AND AUTHORITIES

### 1.      The Court Possesses Inherent Equitable Authority to Establish a Common Benefit Fund

In an MDL case of this type, the MDL transferee Judge most often chooses to impose some organizational structure on attorney representation so the litigation can proceed efficiently. This is usually accomplished through the creation and appointment of a formal MDL leadership structure to perform work and speak for all of the plaintiffs and their lawyers. *See* Eldon E. Fallon*, Common Benefit Fees in MDL Cases* 74 La. L. Rev. 323 (2014). The MDL leadership is then responsible for prosecuting the litigation and taking on numerous tasks including conducting document discovery, establishing document depositories, propounding written discovery, taking depositions, retaining expert witnesses and in some instances conducting bellwether trials. The MDL leadership is also charged with fulfilling the specific duties set forth in the court's pretrial orders and appearing at court conferences and hearings. *Id.* at 373.

MEMO IN SUPPORT OF MOTION TO APPROVE ORDER ESTABLISHING
A COMMON BENEFIT FUND
16-MD-02741-VC

The work performed by the MDL Leadership consumes significant time and significant expense. Generally, the MDL Leadership is not compensated for its work on an ongoing basis but instead takes on its work assuming the full risk of non-payment for its efforts. Because the work of the MDL leadership is undertaken for the benefit of all plaintiffs and their lawyers, MDL courts typically establish a procedure for creating a common benefit fee to compensate the leadership and other lawyers who have performed common benefit work. *Id.* Importantly, the common benefit fund never materializes unless the litigation is resolved through settlement, trial or judgment that results in payment by the defendant.

The creation of the common benefit fund is based on the "common fund doctrine" or "common benefit doctrine" that permits the creation of a common fund for the purpose of paying reasonable attorneys' fees. Under this approach, the funds are accumulated from those aligned with a successful litigant and not the settling defendant. The doctrine was most commonly employed in class action cases and has migrated to the area of MDL and mass tort cases. *Id.* at 375; *see In re Vioxx Prods. Liab. Litig.*, 802 F. Supp. 2d 740 (E.D. La. 2011); *In re Zyprexa Prods. Liab. Litig.*, 433 F. Supp. 2d 268, 272-73 (E.D.N.Y. 2006).

The common fund concept has its theoretical bases in equity and quantum merit. In the class action case context, the beneficiary is the claimant. However, in the MDL mass tort context, the beneficiary is the primary attorney (the counsel who has the underlying fee agreement with the claimant). As a result, the MDL common benefit fee comes from the fee of the primary attorney and not the claimant. Put another way, the MDL common benefit fee is not paid by the claimant but is instead paid by the primary attorney who was the beneficiary of the common benefit work. *Id.* at 376. Courts have also based their use of the common fund doctrine on their inherent managerial authority over complex MDL cases. In such cases, courts have employed their power to manage a litigation to further appoint lead counsel and to craft a plan to

compensate them for their work. *See In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1008 (5th Cir. 1977). The assessment of common benefit fees against other retained counsel who benefitted from the common work was found to be proper. *See* Fallon, *Common Benefit Fees in MDL Cases*, supra, at 377 (citing *In re Air Crash Disaster* at 1019-20); *In re Diet Drugs Prod. Liab. Litig*., 582 F.3d 524, 546-47 (3rd Cir. 2009); and *In re Genetically Modified Rice Litigation*, 2010 WL 716190 at 4 (E.D. Mo. 2010).

The Manual for Complex Litigation also provides guidance on this issue. *See* Manual for Complex Litigation (Fourth) §§14.121, 20.312 (2015). ("MDL judges generally issue orders directing that defendants who settle MDL-related cases contribute a fixed percentage of the settlement to pay national counsel."). The Manual points out that historically in complex cases "attorney fees were awarded from a common fund based on a percentage of that fund." *Id.* Presently, the majority of the federal circuits either allow or specifically direct district courts to use the percentage-fee method in common-fund cases. *Id.* (including citation to *Brown v. Phillips Petroleum Co., 838 F.2d 451, 459 (10th Cir. 1988)).*

The common benefit doctrine is well-established as the basis for the payment of common benefit fees in MDL cases such as this. Accordingly, the MDL Leadership seeks the entry of a common  benefit order based on the percentage-fee method.

    2**.     The Fee and Cost Percentages Set Forth in the Proposed Common Benefit Order are Fair and Reasonable**

The common benefit hold back percentage set forth in the proposed order is fair and reasonable when compared to similar cases and articulated guidelines. While there is not a set formula for determining such percentages, the MDL Leadership has undertaken significant discussion and evaluation on the subject. Importantly, the MDL Leadership members represent the overwhelming majority of cases that will be subject to the proposed common benefit order

and the proposed percentages were agreed on by a unanimous decision of the MDL Leadership after reasoned debate and analysis of the unique demands of prosecuting this litigation as compared to other MDL cases of recent years. The collective experience of the leadership in a large number of mass tort cases has been the most important resource in arriving at the proposed percentages for fees and costs.

MDL best-practice standards and guidelines suggest that as early as practicable in the litigation, consideration should be given to establishing the common fund to be employed in the event of settlement. *See* MDL Standards and Best Practices, Duke Law Center for Judicial Studies, MDL Standard 5 (Best Practice 5A), 53-54 (2014). These standards and guidelines also advocate the adoption of a common benefit order at the outset of the litigation and outline a recommended process for assessing each case in the MDL a specified percentage of the gross settlement. *Id*. at Best Practice 5B(i).

In arriving at the percentage in the proposed order, the MDL Leadership considered several factors  including, among other things, the number of cases, anticipated participating cases, the complexity and cost of the proposed discovery plan, the reasonable values of various types of cases in the litigation, the litigation history of the defendant, the likelihood and timing of any potential settlement and the percentages adopted and resulted obtained in other cases.

For these reasons, the MDL Leadership recommends common benefit hold back percentage as set forth in  paragraph 5 of the proposed common benefit order, which is fair and reasonable in  the context of this litigation.  As set forth in the proposed Order, this request is a merely a hold back.  The Court will determine the actual disbursements at a later date.

**D.     CONCLUSION**

WHEREFORE, for the reasons set forth in this Memorandum and the accompanying

Motion, the MDL Leadership, on  behalf of all Plaintiffs, respectfully  requests that the Court

enter the proposed Common Benefit Order.


DATED: December 16, 2016                              Respectfully submitted,


/s/ Aimee Wagstaff
Aimee Wagstaff
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 West Alaska Drive
Lakewood CO 80226

/s/ Robin Greenwald
Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York NY 10003

/s/  Mike Miller
Michael Miller
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave
Orange VA 22960


*Co-Lead Counsel for Plaintiffs
in MDL No. 2741*

MEMO IN SUPPORT OF MOTION TO APPROVE ORDER ESTABLISHING
A COMMON BENEFIT FUND
16-MD-02741-VC