# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to all cases. | MDL No. 2741<br><br>Case No. 16-md-02741-VC |

# EXHIBIT 1 TO
# ORDER ESTABLISHING A COMMON BENEFIT FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR COSTS AND EXPENSES INCURRED AND SERVICES PERFORMED FOR MDL ADMINISTRATION AND COMMON BENEFIT

Below are guidelines regarding the submission and compensability of common benefit time and expenses. The recovery of common benefit attorneys' fees and cost reimbursements will be limited to "Participating Counsel" as defined in the Order Establishing a Common Benefit Fund to Compensate and Reimburse Attorneys for Costs and Expenses Incurred and Services Performed for MDL Administration and Common Benefit ("Order"). Eligible Counsel shall only be eligible to receive common benefit attorneys' fees and cost reimbursement if the time expended, costs incurred and activity in question were: (a) for the common benefit; (b) at the direction of and appropriately authorized by a Co-Lead or the Executive Committee in accordance with the Court's Order regarding common benefit; (c) timely submitted; and (d) approved by this Court.

Eligible Counsel who seek to recover Court-awarded common benefit attorneys' fees and expenses in connection with this litigation, should the litigation result in any monetary

award from which common benefit fees and expenses can be awarded, shall keep a daily contemporaneous record of their time and expenses, noting with specificity the amount of time, location (if relevant), and particular activity along with confirmation that authority was obtained to have undertaken that common benefit effort. Such counsel shall, by the 15th day of each month, submit a report of their time and expense records as noted above for the preceding monthly period in the attached format (see Exhibit "A").  For example, February 15 of a particular year is the deadline to submit common benefit time and expenses for January of that year. The first submission deadline is March 15, 2017, and that submission shall include all common benefit time and expenses incurred prior to February 28, 2017. Following that initial submission, the deadline will remain the 15th day of each month. The submission shall be timely e-mailed each month to: RoundupCBSubmission@AndrusWagstaff.com .

At an appropriate time, the Executive Committee may decide to hire an independent third party neutral to assist in the auditing of the common benefit submissions, if necessary.  Such expense, if incurred, to be paid by the MDL Leadership.

The failure to secure prior authority to incur common benefit time and expenses, or maintain and timely provide such records or to provide a sufficient description of the activity will be grounds for denying the recovery of attorneys' fees or expenses in whole or in part. It is the sole responsibility of the Eligible Counsel submitting time to comply with these guidelines.

**EXPENSE LIMITATIONS**

A. **Travel Held Expense Limitations**

Only reasonable expenses will be reimbursed for travel related to common benefit matters performed at the direction of and authorized by a Co-Lead or the Executive

Committee. Except in extraordinary circumstances approved by a Co-Lead Counsel or the Executive Committee, all travel reimbursements are subject to the following limitations:

    i.    <u>Airfare</u>. Ordinarily only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will not be fully reimbursed, except for international flights or cross-country flights, which requires prior written approval by a Co-Lead Counsel or the Executive Committee. In the event non-coach air travel is utilized, the attorney shall be reimbursed only to the extent of the full coach fare if the full coach fare for that flight is contemporaneously documented. If non-coach, private or charter travel is elected, the applicant is required to submit what the full coach fare in effect at that time was, and that is all that can be reimbursed.

    ii.    <u>Hotel</u>. Hotel room charges for the average available room rate of a business hotel, including the Hyatt, Hilton, Intercontinental Sheraton, Westin, and Marriot hotels, in the city in which the stay occurred will be reimbursed. Luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

    iii.    <u>Meals</u>. Meal expenses must be reasonable and receipts must identify the individual(s) for whom the meal reimbursement is requested.

    iv.    <u>Cash Expenses</u>. Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, etc.) will be reimbursed up to $30.00 per trip, as long as the expenses are properly itemized.

    v.    <u>Rental Automobiles</u>. Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected

      when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel.

  vi.    <u>Mileage</u>. Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, reason for the trip, and the rate will be the maximum rate allowed by the IRS.

**B.**  **<u>Non-Travel Held Expense Limitations</u>**

  i.    <u>Shipping, Overnight, Courier, and Delivery Charges</u>. All claimed common benefit shipping, overnight, courier or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

  ii.    <u>Postage Charges</u>. A contemporaneous postage log or other supporting documentation along with reference to the common benefit purpose must be maintained and submitted for common benefit postage charges. Such charges are to be reported at actual cost.

  iii.    <u>Telefax Charges</u>. Contemporaneous record should be maintained and submitted showing faxes sent and received for common benefit matters. The per-fax charge is shall not exceed 50¢ per page.

  iv.    <u>In-House Photocopy</u>. A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 15¢ per page.

  v.    <u>Computerized Research</u> – Lexis/Westlaw. Claims for Lexis or Westlaw, and other

computerized legal research expenses should be in the exact amount charged the firm and appropriately allocated for these research services. It is preferred that each firm track contemporaneously its computerized research work and charges in a manner that will identify the common benefit work, project, brief, and/or assignment associated with that computerized research work to any independent reviewer. Such work and expenses much be at the direction of and authorized by Co-Lead Counsel.

C. **Common Shared Expenses**

Common shared expenses including expenses paid to third party vendors, experts and consultants and other such expenses may not be reimbursed unless they have been incurred at the direction of, and authorized by Co-Lead Counsel or the Executive Committee. The Executive Committee, at their discretion, may maintain a separate cost assessment fund for payment and reimbursement of such expenses, and may prepare separate guidelines and processes for incurring and paying costs from such fund at their discretion.

D. **Verification**

The forms detailing time and expenses shall be certified by a Partner of each Eligible Counsel's law firm attesting to the accuracy of the submissions. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification so long as accompanied by an appropriate description and a declaration under oath from counsel that work was performed and paid for the common benefit. Monthly credit card statements are appropriate if they provide sufficient itemized detail to comply with these guidelines and the Court's Order. Hotel costs must be proven with the full hotel invoice. The description of unclaimed expenses on the invoice may be redacted.

**COMMON BENEFIT WORK**

A. **Authorization for Compensable Common Benefit Work**

Authorized Common Benefit Work must be at the direction of and authorized by a Co-Lead counsel or the Executive Committee. Unless specifically and explicitly authorized in writing, no time spent on developing or processing individual issues in any case for an individual client (plaintiff or claimant) will be considered or should be submitted, nor will time spent on any unauthorized work.

Examples of authorized work that generally would be authorized by a Co-Lead Counsel or the Executive Committee and examples of what would be considered unauthorized work include but are not limited to:

i. Depositions. If not designated as one of the authorized questioners or otherwise authorized to attend the deposition by a Co-Lead Counsel or the Executive Committee, your time and expenses shall not be considered common benefit work.

ii. Periodic General MDL Leadership Conference Calls. These calls may be held from time to time so that individual attorneys are kept up-to-date on the status of the litigation, and participation by merely listening to such calls is not common benefit work. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and that is a reason to listen in on those calls. On the other hand, if you lead, or participate in the call by designation of a Co-Lead Counsel or the Executive Committee, then you are working for the common benefit consistent with your leadership responsibilities by keeping other lawyers and pro se plaintiffs informed and educated about the litigation, and therefore your time will be considered for common benefit.

iii. <u>Periodic Status Conferences</u>. Regular status conferences are held so that the litigation continues to move forward and legal issues are resolved with the Court. Individual attorneys are free to attend any status conference held in open court in order to keep up-to-date on the status of the litigation and participation, but attending and listening to such conferences is not common benefit work in and of itself. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients. Mere attendance at a status conference will not be considered a common benefit expense or common benefit time. The attorneys designated by Co-Lead Counsel or the Executive Committee to address issues that will be raised at a given status conference or requested by Co-lead Counsel or the Executive Committee to be present at a status conference are working for the common benefit and their time will be considered for common benefit. Similarly, any attorney whose attendance at a status conference is specifically requested by the Judge for a matter of common benefit, in that case, may submit their time for evaluation as to whether such time shall be considered common benefit time.

iv. <u>Committee Meetings or Calls</u>. During committee phone calls or other meetings there is a presumption that no more than two participants per firm will qualify for common benefit time, unless otherwise authorized by Co-Lead Counsel or the Executive Committee.

v. <u>Identification and Work Up of Experts</u>. Eligible Counsel are encouraged to identify experts in consultation with Expert Committee as determined by the Executive Committee. If Eligible Counsel travels to and retains an expert without the knowledge and approval of the Expert Committee, they understand that their

        time and expenses may not be eligible for common benefit expenses/work.

vi. <u>Attendance at Seminars</u>. Attendance at seminars (i.e. AAJ Section Meetings, Mass Tort Made Perfect, Harris Martin and similar seminars and CLE) does not qualify as common benefit work or a common benefit expense unless making presentations authorized by Co-Lead Counsel or the Executive Committee. Although time spent attending PSC meetings at such seminars may be compensable, travel time and costs to and from seminars are not compensable unless separately approved by Co-Lead Counsel or the Executive Committee.

vii. <u>Document Review</u>. Only document review specifically authorized by Co-Lead Counsel or the Executive Committee or a representative thereof and assigned to an attorney will be considered common benefit work. If an attorney elects to review documents that have not been assigned to that attorney by Co-Lead Counsel or the Executive Committee, that review is not considered common benefit. Contract employees may not be utilized for common benefit document review without prior written consent of Co-Lead Counsel or the Executive Committee. Descriptions associated with "document review" must contain sufficient detail to allow those reviewing the time entry to generally ascertain what was reviewed. For example, indicating the custodian, search query subject matters or number of document folders reviewed is the kind of description needed. If the document vendor retained for the case provides any report to Eligible Counsel about the time and/or substance of the document review work done, Eligible Counsel should bring any discrepancy to the attention of the

        Executive Committee or its designee within thirty days of receipt of such report. Failure to timely bring any claimed discrepancy to the attention will result in the compensable document review time being presumptively deemed that which was provided by the vendor.

viii. <u>Review of Pleadings and Orders</u>. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of pleadings and orders is part of that obligation. Only those attorneys designated by Co-Lead Counsel or the Executive Committee to review or summarize those pleadings or orders for the MDL are working for the common benefit and their time will be considered for common benefit. All other counsel are reviewing those pleadings and orders for their own benefit and the benefit of their own clients, and the review is not considered common benefit.

ix. <u>Emails</u>. Time recorded for reviewing emails, and providing non-substantive responses, generally is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that email. Thus, for example, review of an email sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review emails to a larger group which involves a matter on which the recipient is not directly and immediately working.

x. <u>Review of Discovery Responses</u>. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their

clients and that is a reason to review discovery responses served in this litigation. Only those attorneys designated by Co-Lead Counsel or the Executive Committee to review and summarize those discovery responses for the MDL are working for the common benefit and their time will be considered for common benefit. All other counsel are reviewing those discovery responses for their own benefit and the benefit of their own clients, and the review is not considered common benefit.

xi. Other Jurisdictions. Time spent on litigating Roundup® cases and coordination in other jurisdictions other than MDL 2741 will not be compensated unless specifically authorized in writing by Co-Lead Counsel or the Executive Committee.

xii. Bellwether Trials. While the work-up of individual cases is not considered common benefit, in the event that a case is selected as part of bellwether trial process in the MDL or participating state court proceedings, the time and expenses in trying the case (including work authorized by Co-Lead Counsel or the Executive Committee as part of the approved bellwether process) may be considered for common benefit to the extent it complies with the other provisions of this Order and these guidelines. In the event Plaintiffs' Counsel are unsure if the action they are about to undertake is considered a common benefit action, counsel shall ask Co-Lead Counsel or the Executive Committee in writing in advance as to whether such time may be compensable.

B. **Time Keeping and Submission of Time Records**

All time must be authorized and accurately and contemporaneously maintained. Time shall be kept according to these guidelines as noted herein using the forms attached as **Exhibit**

**A.** Time submission is limited to attorneys and paralegals who are employees of the law firm submitting time; no submission of time or costs for independent contractors or outside clerical or technical support without prior written approval by Co-Lead Counsel or the Executive Committee. Eligible Counsel shall keep a daily record of their time spent in connection with common benefit work on this litigation, indicating with specificity the hours, location (if relevant) and particular activity (such as "conducted deposition of John Doe."). Time entries that are not sufficiently detailed may not be considered for common benefit payments. All common benefit work time for each firm shall be maintained in a tenth-of-an-hour increment.