

**December 30, 2016**

**FILED VIA ECF**
Honorable Vince Chhabria
United States District Court, Northern District of California

Joe G. Hollingsworth
dir 202 898 5842
jhollingsworth@hollingsworthllp.com

**RE:** *In re Roundup;* **3:16-md-02741-VC**

To the Honorable Vince Chhabria,

As directed at the conclusion of the December 21, 2016 Case Management Conference ("CMC"), 12/21/16 Hearing Tr. at 93:3-5, plaintiffs and Monsanto Company ("Monsanto") hereby submit this "joint letter brief" addressing the parties' remaining disagreements regarding the proposed Deposition Protocol (Ex. 1).[1]

*Section II.C. Dispute:* **Coordination of State and Federal Court Proceedings.**

**Plaintiffs' Position:**

MDL counsel believes that state and federal proceedings should be coordinated to the fullest extent practicable, and agree MDL depositions should be utilized in state court in accordance with that state's laws and rules of evidence, and vice versa.

However, the parties continue to disagree on important questions of comity, sovereignty and the Sixth Amendment to the U.S. Constitution. To be clear, the Plaintiffs' leadership has no intention to seek back-door subsequent "bites at the apple" with these witnesses. The Court proposed, at last status conference, "that the deposition will apply in the state-court cases, unless there's a good reason why you need to reopen it for another hour and ask them about some documents that you didn't have." The parties agree to this procedure in all federal cases, and agree in principal as to state court cases, but Plaintiffs' counsel urges that the Court not invade complex issues of federalism with an Order directing procedure in litigation in other, state court systems.

The mechanism for preventing and litigating perceived redundancy is firmly established. Either side may cross-notice the depositions in any state court proceeding, and either side may file a motion to quash or similar request for relief from any state court. There are many factors to this analysis, but none ripe for decision by this Court. For example, while discovery is limited to general causation in the MDL, unrestricted discovery is active in at least four state courts, three of which have explicitly denied a motion to "bifurcate." Good cause is unnecessary, therefore, to depose Donna Farmer in a Missouri state court case on the topic of Monsanto's liability. However, no MDL counsel has a present intent to have Ms. Farmer sit through a

---

[1] Pursuant to the Court's invitation to do so at the CMC, Monsanto is also submitting separately its request that the Court reconsider its ruling requiring Monsanto to identify all documents reviewed by each deponent in preparation for his or her deposition, which appears in the Deposition Protocol at Section II.D.17.

The Honorable Vince Chhabria
December 30, 2016
Page 2



second deposition close on the heels of the first. Ideally, depending on trial dates (which have not been set), Ms. Farmer could be deposed on these other topics in the second phase of MDL discovery, coordinated with the state cases. A blanket rule, however, setting limits on state litigants over whom this Court lacks jurisdiction, would be inappropriate, untimely, and advisory in nature.

It is important to note that attorneys are the mere agents and representatives of the true parties in interest. It is true that attorneys in the MDL leadership also represent plaintiffs in state courts. Those state court plaintiffs, however, may not be, and should not be, hindered in their prosecution of their cases because their attorney applied for and was selected to lead the MDL. A rule requiring good cause, as suggested by this Court, for re-deposing witnesses in the MDL is appropriate, advisable and agreed to, as has been done in many other MDLs and cases. However, as the deposition procedures Order from MDL 1596 (In re Zyprexa) made clear: **"this… does not bind any state court litigant for who this Court does not have jurisdiction."** *In re Zyprexa*, 2004 WL 3520248 (E.D.N.Y. 2004).

This issue is not novel, nor is the solution complex. If a deposition is noticed in a state court proceeding, that state judge has jurisdiction to quash, modify, or limit the deposition with respect to its use *in that case.* Those matters are not within the jurisdiction of a federal court, nor are the rulings of the state court reviewable by or binding on a federal district court. *See, e.g., Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 2019 (9th Cir 2001) (federal district courts lack jurisdiction to review determinations of state court in motion to quash); *Dent v. Packerland Packing Company, Inc.*, 144 RRD 671 (D. Nebraska 1992)(U.S. District Courts lack jurisdiction to address motions to quash pending in state court actions). Indeed, this is one of the roles of liaison counsel; to coordinate among the several courts in which Roundup cases are pending. If the Court desires, liaison counsel will keep this Court apprised of any depositions that are occurring independently in state cases.

Again, this is not a unique or novel issue. It must be dealt with as actual disputes arise, however, by the court(s) in which the deposition is noticed. An advisory opinion anticipating these issues is not appropriate at this time, nor is a blanket ruling requiring "good cause" in state proceedings, raising the burden for those state litigants who are not parties to this MDL proceeding. To the extent the Court would like to memorialize a procedure, Plaintiffs refer the Court to the MDL 1431 (In re Baycol) Pretrial Order No. 22 and MDL No. 1657 (In re Vioxx) pretrial Order No. 9, addressing these issues, which are attached. In essence, those Orders did nothing but encourage the parties to confer and reiterate firmly established tenets of discovery and comity.

**Monsanto's Position:**

At the CMC, this Court provided clear instruction to the parties regarding the procedures expected in this MDL to promote efficiency in the completion of general causation witness depositions. As the Court noted:

> But the last time we were here, we talked a great deal about how this Plaintiffs'
> leadership structure was going to cause things to be very efficient. … And if that

The Honorable Vince Chhabria
December 30, 2016
Page 3



means anything, it seems to me it should mean that you will agree that the depositions taken in this case on general causation apply to the state cases, and that you agree to that. The parties agree that the depositions on general causation taken in this case apply to the state cases. And that to take somebody's … deposition again or for an additional hour or something like that in another case, you would need to, in light of the agreement that you made in this case, you would need to make a showing of good cause for why you need to take somebody's else's -- that person's deposition again in the state case. And I assume that, given the value that you all bring with your leadership structure, that you will agree to that. And that that will be included in your deposition protocol.

12/21/16 Hearing Tr. at 60:2-19.[2]

Despite this guidance, plaintiffs' MDL leadership refuses to include such common-sense provisions in the MDL general causation deposition protocol. Instead, they propose including a provision that would allow them to retake general causation depositions in state court without a prior showing of good cause for any number of reasons, including when they believe more time is needed, where state courts would allow more time than the Federal Rule of Civil Procedure 30, or when "gaps" exist in their own MDL depositions. This Court should continue to reject such efforts. *See* 12/21/16 Hearing Tr. at 63:6-9 ("If there's a reasonable case for needing more than seven hours for a particular deponent in this case, you can try to negotiate with Monsanto. And if it doesn't work, you can come to me."); *id.* 63:10-14 ("Furthermore, if after you take that person's deposition in this case, if it turns out that there was something you couldn't be realistically expected to know about that you need to depose them about that you didn't get a chance to depose them about in this case, you can make that showing."). Further, this Court has specified that showings of good cause related to the MDL general causation fact witness depositions must be made in the MDL, *id.*, yet plaintiffs' alternative version of Section II.C provides that Monsanto will need to "file a motion in the state court where the discovery was served," if defendant seeks to avoid a duplicative deposition on general causation issues in any state case. Such a provision is both wasteful and inefficient.

Monsanto's proposed language in Section II.C of the Deposition Protocol will ensure that absent good cause shown or an agreement between the parties, no fact witness will be deposed by counsel involved in this MDL more than once in any court on general causation issues. Through the establishment of the MDL leadership group that they requested, plaintiffs' counsel have sufficient resources and experience to conduct these depositions in an efficient manner.

---

[2] *See also* 12/21/16 Hearing Tr. at 65-66 ("But I would think that any lawyer involved in this MDL can make that agreement. That [is, that the] cases that I'm bringing in state court, you know, these depositions will count for those cases. And if I need to do gap-filling, I'll make a showing that I need to do gap-filling."); *id.* at 65 (in response to one of plaintiffs' Co-Lead Counsel's argument that making such a showing places too great a burden on plaintiffs, the Court responded: "What's wrong with that? If you have command over your case, it shouldn't be that hard to make a showing.").

The Honorable Vince Chhabria
December 30, 2016
Page 4



Moreover, plaintiffs' recent request for a Common Benefit Fund provides that *state-court plaintiffs* represented by MDL counsel will be utilizing and paying for the MDL "Common Benefit" general causation work product, which includes fact witness depositions.  *See* [Plaintiffs' Proposed] Case Management Order No. __ Establishing a Common Benefit Fund at 4, ECF No. 74-3 ("This Order shall apply to the resolution of all cases pending [in] … this Court and treated as part of this MDL 2741 for coordinated proceeding, **and to their counsel, and to all plaintiffs' and claimants' cases maintained by such counsel.**" (emphasis added)); *id.* at 4-5 (noting that all MDL Leadership members are Participating Counsel, and that "[w]ith respect to Participating Counsel, **all of their Roundup cases** resolved by Monsanto Company, or in which a judgment is entered against Monsanto Company, **whether filed in state court, or not filed, shall be considered a Participating Case, thereby subjecting claimants and all counsel associated to each of those cases to this Order.**" (emphasis added)).  Consistent with the MDL Leadership's desire to use MDL depositions in state court in exchange for a percentage of the recoveries (if any) in those cases, MDL counsel should not be able to use those same state-court cases as an excuse to re-depose witnesses on general causation absent a showing of good cause in the MDL.[3]  Likewise, plaintiffs should not be allowed to end-run this Court's guidance by requiring Monsanto to "file a motion in the state court where the discovery was served" to enforce the MDL Court's deposition protocol with respect to general causation discovery.  Nothing in Monsanto's proposed language infringes on any state court's jurisdiction, particularly given that many state court plaintiffs have opted to utilize the MDL general causation discovery process.

*Section II.D.11. Dispute:* **Who Can Attend Depositions**

    **Plaintiffs' Position:**

The parties agree that the following people may attend a deposition: "the parties, the parties' counsel, the deponent, the deponent's attorney, in-house counsel for the parties, representatives of the parties' insurers, court reporters, videographers, and members and/or employees from the law firms of counsel of record."

---

[3] In other product liability MDLs, plaintiffs have agreed to and courts have entered provisions nearly identical to Monsanto's proposal here.  *See, e.g.,* Order No. 12 (Deposition Protocol) at 4, *In re Mirena IUD Prods. Liab. Litig.*, No. 7:13-cv-08785-CS (S.D.N.Y. Dec. 11, 2013), ECF No. 8 ("A party may not take a subsequent deposition of that witness over objection of the opposing party or the witness except for good cause shown as determined by the Court ….  This limitation applies regardless of where the deposition was originally noticed."); *id.* at 6 ("Good cause shown may include deposing the witness in another capacity or deposing the witness regarding significant documents produced after the witness's deposition.  Duplication of questioning shall be avoided."); Pretrial Order No. 4: Conduct of Discovery at 7, *In re Bextra & Celebrex Marketing, Sales Practices, and Prods. Liab. Litig.*, No. 3:05-md-01699-CRB (N.D. Cal. Feb. 7, 2006), ECF No. 169 ("<u>Avoidance of Duplicative Depositions</u>.  As a general rule, absent good cause or the agreement of the parties, no witness should be deposed on the same subject more than once in these proceedings.").

The Honorable Vince Chhabria
December 30, 2016
Page 5



  While is it difficult to imagine who would **not** fall within the agreed attendance as set forth above, Monsanto requests the Court include a statement stating that "unnecessary attendance by numerous counsel is discouraged and may not be compensated in any fee application to the Court." This request is troublesome for two reasons. First, the request improperly invites Monsanto to determine who is "necessary" for Plaintiffs' to prosecute this case. There are several legitimate reasons why attendance is necessary (future depositions, discovery team, mentorship) that should not be left to debate with Monsanto. As a general proposition, the Plaintiffs' leadership team is comprised of contingency fee lawyers who have no motivation to promote "unnecessary" attendance. Second, the request attempts – again, improperly - to allow Monsanto to control a fee application. Just as it would be improper for Plaintiffs to determine which and how many Hollingsworth LLP lawyers are "necessary" and demand that unnecessary lawyers not be paid their hourly rate, Monsanto's request is similarly improper.

  Monsanto's stated reason for its request is fear that Plaintiffs' counsel will attempt to intimidate a witness by bringing a room full of people. Plaintiffs have no such intention, and if Monsanto believes Plaintiffs are actually engaging in such behavior, Monsanto can bring it to the attention of the Court rather than prematurely dictate who is necessary to the deposition.

**Monsanto's Position:**

  Monsanto and this Court have repeatedly expressed concerns about whether plaintiffs' large organizational structure will generate unnecessary and wasteful costs in litigating the single general causation issue before the Court at this time. In an effort to limit this possibility, Monsanto requests that the Court include a sentence in the protocol stating: "Unnecessary attendance by numerous counsel [at depositions] is discouraged and may not be compensated in any fee application to the Court." Although plaintiffs' leadership objects to the inclusion of this language at Monsanto's request here, they request a nearly identical provision in their proposed order establishing a Common Benefit Fund. *See* Exhibit 1 to [Plaintiffs' Proposed] Order Establishing a Common Benefit Fund at 6, ECF No. 74-1 ("If not designated as one of the authorized questioners or otherwise authorized to attend the deposition by a Co-Lead Counsel or the Executive Committee, your time and expenses shall not be considered common benefit work.").

  The need for such a provision within the deposition protocol is apparent. Currently, 51 different attorneys represent plaintiffs in this MDL. Including this provision would assist in preventing excessive and wasteful costs and limit plaintiffs' counsel incentive to appear *en masse* in the hopes of intimidating the deponent. Of course, any determinations as to whether unnecessary counsel are present is an issue for the Court's resolution; Monsanto's proposed provision simply places all plaintiffs' counsel on notice of this potential outcome. Other MDL Deposition Protocols have included the provision Monsanto seeks here. *See, e.g.*, Pretrial Order No. 4: Conduct of Discovery at 9, *In re Bextra & Celebrex Marketing, Sales Practices, and Prods. Liab. Litig.*, No. 3:05-md-01699-CRB (N.D. Cal. Feb. 7, 2006), ECF No. 169 ("Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court.").

1350 I Street, N.W.  ||  Washington, DC 20005  ||  tel 202 898 5800  ||  www.hollingsworthllp.com

The Honorable Vince Chhabria
December 30, 2016
Page 6



Dated: December 30, 2016

Respectfully submitted,
/s/ Aimee Wagstaff, Michael Miller,
Robin Greenwald

Aimee H. Wagstaff, Esq.
ANDRUS WAGSTAFF, PC
7171 W. Alaska Dr.
Lakewood, CO 80226
Email: aimee.wagstaff@andruswagstaff.com

Michael Miller Esq.
THE MILLER FIRM LLC
108 Railroad Ave
Orange, VA 22960
MMiller@millerfirmllc.com

Robin Greenwald, Esq.
WEITZ & LUXENBURG
700 Broadway
New York, NY 100003
RGreenwald@weitzlux.com

DATED: December 30, 2016

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY