# Exhibit 1

<u>**As of 12/30/16**</u>

# DEPOSITION PROTOCOL

I. **GENERAL**

   A. **General Causation Discovery.** On November 14, 2016, this Court entered Pretrial Order No. 2, which bifurcated discovery in this MDL to prioritize general causation discovery. This deposition protocol relates to the general causation discovery phase.

   B. **Applicability of Order.** This Order shall apply to all cases currently a part of MDL No. 2741, as well as all cases subsequently filed in, removed to, or transferred to this Court as part of MDL No. 2741. In cases subsequently filed in this district, the Clerk shall provide a copy of the Order to each plaintiff at the time of filing of the complaint. In cases subsequently removed or transferred to this Court, the Clerk shall provide a copy of this Order to each new party upon removal or transfer. This Order vacates any prior order governing these same subjects issued by a federal court prior to the transfer of a case to MDL No. 2741. This Order shall be binding on all parties with cases docketed in MDL No. 2741. To the extent that this Order differs with any local rule or standing order, this Order will control in MDL No. 2741.

   C. **State Court Coordination.** Counsel for MDL Plaintiffs and Defendant Monsanto Company ("Monsanto") shall work to coordinate to the extent practicable the conduct of this litigation with other personal injury product liability actions involving similar allegations pending in any state court. Such coordination is intended to conserve judicial resources, eliminate duplicative discovery on the issue of general causation, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of this litigation. It is contemplated by the Court and the parties that all discovery conducted in these proceedings may be utilized in any related state court action, in accordance with that state's law and rules of evidence, and vice versa, subject to any agreements between the parties, and to all orders regarding the confines of discovery within this MDL and the issuance of similar protective orders and discovery protocols in the state court proceedings. All discovery obtained in these proceedings which is used in any state court litigation is subject to this Order and any protective order(s) entered by this Court.

   D. **Counsel Authorized to Take Discovery**. All general causation discovery depositions, regardless of form, shall be taken by one of the Plaintiffs' Co-Lead Counsel, Executive Committee Members, Liaison Counsel, or their designee on behalf of all plaintiffs in the MDL. An individual plaintiff's counsel may suggest discovery to the Plaintiffs' Co-Lead Counsel who will take the discovery, but may not conduct general causation discovery independently or in his or her own name.

II. **DEPOSITIONS**

   A. **Scope of Section**. This section shall apply to the notices of depositions of any witnesses currently or formerly affiliated with Monsanto and/or represented (in part or in

1

whole) by Monsanto's litigation counsel.  Plaintiffs shall in good faith take only those depositions reasonably necessary to address the issue of general causation.  Nothing in this order shall be construed as waiving any objections a party may make to the propriety of the deposition generally.

    B.    **Use of Prior Depositions**.  Depositions of employees and former employees of Monsanto taken in this MDL proceeding may be used, subject to the applicable rules of procedure and evidence, by or against any party regardless of when the party was added to the MDL docket, including parties later added and parties in cases subsequently filed in, removed to or transferred to this Court as part of this MDL.  A party may request relief from the provisions of this paragraph by filing a motion with the MDL Court related to a specific case within 60 calendar days of notice that the case is remand-ready and having the MDL Court find good cause for relief.

**<u>PLAINTIFFS' PROPOSED SECTION II</u>**.C:

    C.    **State Court Fact Witness Depositions**.  MDL counsel will make best efforts to avoid duplicating MDL discovery of fact witnesses in state court actions.  Factors to consider when determining whether the state court discovery is duplicative are: the scope of the original deposition (*i.e.,* whether the original discovery was conducted pursuant to the federal phased discovery order when the state court is not subject to a similar order), whether time limits were imposed in the federal discovery that are inconsistent with state court rules, whether new documents have been produced, and whether gaps need to be filled. The party seeking to quash the deposition as duplicative shall file a motion in the state court where the discovery was served.

**<u>DEFENDANT'S PROPOSED SECTION II</u>**.C:

- **Avoidance of Duplicative Depositions for Fact Witnesses.**  As a general rule, absent good cause or the agreement of the parties, no fact witness should be deposed on the same subject more than once. Plaintiffs' counsel in this MDL proceeding shall not, without good cause, re-notice the depositions of fact witnesses for discovery on general causation issues who have already been deposed regarding their knowledge of general causation issues.  For counsel involved in this MDL, any request for a second deposition of a previously deposed general causation witness shall be made in the MDL court, even if counsel intends to notice that deposition in a state court case.

    D.    **Deposition Protocol.**

        1.    **Parties to Meet and Confer on Scheduling**. Counsel shall consult in good faith in advance with opposing counsel and proposed deponents in an effort to schedule depositions at mutually convenient times and places. A good faith effort shall be made by counsel to schedule depositions by agreement of the parties based upon the availability of documents relevant to the specific witness and the availability of the witness and counsel.

2. **Contact with Current Monsanto Employees**. Plaintiffs shall not contact present employees of Monsanto without the express permission of Monsanto's counsel.

3. **Location.** Unless otherwise agreed, the depositions of current and former Monsanto employees represented by Monsanto's litigation counsel shall take place in the Metro St. Louis, Missouri area, Metro Washington D.C. area, or within 100 miles of the deponent's primary residence. This location limitation does not apply to expert witness depositions.

4. **Deposition Notices**. A single deposition notice shall apply in all cases now a part of or in the future added to MDL No. 2741.

5. **Cross-Noticing**. Any deposition in this MDL may be cross-noticed by any party in any Roundup®-related action pending in state court, and any deposition in any Roundup®-related action pending in state court may be cross-noticed in this MDL so long as it is related to the question of general causation. This provision shall be subject to paragraph II.C, above.

6. **Applicability to State Court Proceedings**. Nothing in this provision shall be construed as directing a state court on how to conduct its proceedings or rule on a given issue. Rather, this provision is intended to reflect this federal Court's desire for voluntary state-federal coordination.

7. **Cost of Deposition.** The noticing party shall bear the expense of stenographic recording and any applicable witness fees. Motions to recover these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

8. **Stenographic Recording**. All depositions, including video depositions, will be stenographically recorded by a certified court reporter that possesses "real-time feed" transcription capabilities. The court reporter shall administer the oath or affirmation to the deponent on the record. The written transcript by the court reporter shall constitute the official record of the deposition for purposes of Federal Rule of Civil Procedure 30(e) (submission to the witness) and 30(f) (filing; exhibits). The party noticing the deposition must ensure the court reporter's availability for the full extent of the deposition until completion.

9. **Videotaping**. Any party may videotape any deposition provided that the intention to do so is set forth in the deposition notice or cross-notice and subject to the following conditions.

    a) **Videotape Operator**. The video camera shall be operated by a video camera operator ("videotape operator") qualified under the applicable laws. The videotape operator shall be subject to the provisions of Federal Rule of Civil Procedure 28(c). At the commencement of the deposition, the operator(s) shall swear or

affirm to record the proceedings fairly and accurately. The party noticing the deposition must ensure the videotape operator's availability for the full extent of the deposition until completion. Prior to the commencement of any videotaped deposition, all parties shall have an opportunity to observe the video image of the deponent to alleviate any concerns that the video image is not an accurate reflection of the deponent. The videographer shall take necessary steps to ensure that the sound levels are consistent among the counsel and deponent.

b) **Standards.** Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting and field of view will be set to record accurately the natural body movements of the deponent.

c) The witness shall appear in ordinary business attire (as opposed to, for instance, a lab coat) and without objects such as a bible or other props.

d) **Interruptions.** The video camera operation will be suspended during the deposition at the request of any counsel examining or defending the deposition, and "off the record" discussions shall not be recorded. The videotape operator shall record on camera the time of suspension and any subsequent reconvening of the deposition.

e) **Index.** The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to the counter numbers, that identifies the positions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape recording occurs, whether for recesses, "off the record" discussion, mechanical failure, or otherwise.

f) **Certification.** After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter.

      g) **Technical Data**. Technical data, such as recording speeds and other information needed to replay or copy the tape, shall be included with copies of the videotapes. When played, the videotapes shall not show a time and/or date stamp.

      h) **Exhibits**. If examining counsel uses an Elmo or other device to capture document images during a videotaped deposition and incorporate the image into the videotape, such counsel may highlight or underline portions of the document but may not otherwise manipulate the document, such as by writing on or otherwise altering the document.

10. **Deposition Transcripts**.

      a) **Services of Deposition Officer**. Services and products offered or provided by a deposition officer (i.e., a court reporter or videotape operator) or the entity providing the services of a deposition officer to any party or to any party's attorney or non-party who is financing all or part of the deposition shall be offered or provided to all parties or their attorneys attending the deposition.

      b) **Real-Time Transcription**. Any party may arrange for "real-time" transcription of a deposition at its own cost.

      c) **Correction and Signing of Deposition**. The deponent shall sign the deposition transcript, to include any corrections, within sixty (60) days after the court reporter provides the transcript to the deponent or deponent's counsel. The deposition may be signed by the deponent before any notary or pursuant to 28 U.S.C. § 1746. If no corrections are made within sixty (60) days after receipt of the transcript from the court reporter, and if good cause is not shown for an extension of the sixty (60) days limitation, the transcript will be deemed accurate and the parties shall have the right to use a copy of the transcript in any further proceedings as though the copy were the original transcript. In the event the original transcript is unsigned, lost, stolen, or inadvertently destroyed, a certified copy reflecting any changes made to the original transcript may be used in place of the original.

      d) **Costs**. Each side shall bear its own costs in securing copies of the deposition transcript and exhibits, videotape, or DVD from the court reporter.

11. **Who May Attend and Participate**. Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the parties' counsel, the deponent, the deponent's attorney, in-house counsel for the parties,

5

representatives of the parties' insurers, court reporters, videographers, and members and/or employees from the law firms of counsel of record.  Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the previous sentence. Counsel must comply with Paragraph 5 of this Court's October 10, 2016 Order regarding *pro hac vice* and filing an appearance in MDL No. 2741 prior to asking questions in a deposition.

**DEFENDANT'S PROPOSED ADDITION TO THE PRECEDING PARAGRAPH**:

Unnecessary attendance by numerous counsel is discouraged and may not be compensated in any fee application to the Court.

**PLAINTIFFS OPPOSE ADDING THE PRECEDING SENTENCE**

12. **Notice of Intent to Attend a Deposition**. In order for counsel to make arrangements for adequate deposition space, plaintiffs' counsel who intend to attend a deposition noticed in this MDL should advise Plaintiffs' Co-Liaison Counsel of that intent.  If the deposition location is selected by someone other than plaintiffs' counsel in this MDL, Plaintiffs' Co-Liaison Counsel must provide a good faith estimate of the number of plaintiffs' counsel expected to attend to counsel responsible for obtaining the deposition location at least seven business days prior to the deposition.  If the deposition location is to be selected by plaintiffs' counsel in this MDL, Monsanto will provide Plaintiffs' Co-Liaison Counsel with the same numerical information using the same time frame.

13. **Objections**.  Objections shall be made pursuant to the Federal Rules of Civil Procedure.  An objection made by one plaintiff is preserved for all plaintiffs.  The same rules apply to counsel for Monsanto.

14. **Treatment of Confidential Documents or Testimony**.  While a deponent is being examined about any document that is confidential or otherwise subject to designation under the terms of the Protective Order entered in this litigation because (a) the parties have so agreed, (b) a party has designated the document to be confidential pursuant to the protective order associated with this litigation, or (c) the Court has so ordered, attendance at that portion of the deposition by persons to whom disclosure is not authorized by agreement of the parties or by order of the Court shall either sign the confidentiality order prior to the deposition or be prohibited.  Any portion of the deposition transcript containing confidential information shall be handled in the manner set forth in the Protective Order.  Confidential portions of deposition transcripts may be opened, read and utilized for all purposes as permitted by the terms of the protective order entered in this litigation or in any applicable protective order entered in any State Court action.

15. **Number of Examiners**.  The party noticing a general causation fact deposition shall designate one or two attorneys to conduct the examination of the

deponent. If two attorneys are designated by the noticing party, the designees will follow one after the other.

16. **Sequence of Examination**. Questioning at the depositions will be conducted in the following sequence: (1) the attorney(s) designated by the party noticing the deposition; (2) the attorney(s) designated by the opposing party; (3) individual counsel for deponent (if any) and (4) any re-cross and/or re-redirect by counsel, in the same order.

17. **Productions of Documents.** Parties often request documents in a Notice of Deposition. The Parties agree that documents responsive to such requests that are identical to documents already produced by Monsanto or that are publicly available, do not have to be re-produced by a deponent. Not less than 48 hours before the commencement of a fact witness deposition, the deponent shall produce any and all documents, records, information or other material reviewed by the deponent in preparation for a noticed fact witness deposition, which production may be made by identifying the documents by Bates-labels. Plaintiffs reserve their right to seek Bates-label identification of additional documents responsive to other Document Requests, and Defendant reserves its right to object to the identification by Bates-labels of documents responsive to other Document Requests.

**DEFENDANT IS SEEKING RECONSIDERATION AND ELIMINATION OF THE THIRD FULL SENTENCE IN THE PRECEDING PARAGRAPH, AS ADDRESSED IN SEPARATE BRIEFING.**

18. **Length of Depositions.**

   a) Fed. R. Civ. P. 30(d)(1) provides a presumptive limit on a deposition to 1 day of 7 hours.

   b) All depositions shall be limited to seven hours of examination by the noticing side, absent agreement of the parties or an order by the Court based on a showing of good cause. Examination by the non-noticing side shall not count against the seven-hour limit for the noticing party.

   c) Except as otherwise agreed by examining counsel, depositions shall begin at 9:00 am and end at 5:30 pm, regardless of time taken off the record, and will continue the following day as necessary.

   d) If the parties cannot agree on whether additional time is needed, the Court will decide on a deposition-by-deposition basis. The party seeking additional time must arrange for the dispute to be brought before the Court in sufficient time to be resolved before the commencement of the deposition, or immediately after the 7-hour deposition if the examiner has not completed the deposition.

7

    19. **Exhibits at Deposition.**

        a) **Provision of Hard Copies**. Deposing counsel should provide extra copies of deposition exhibits to other counsel at the deposition for whom timely notice of attendance was provided. Deponents and their counsel should be provided with a copy of a document at the deposition immediately before being examined about it.

        b) **Use of Bates Numbers**. The first time a document that has been previously produced is marked as a deposition exhibit, it shall be referred to by the Bates number appearing on the document and shall also be given an exhibit number. Documents that have not been previously produced shall be assigned an exhibit number at the deposition.

        c) **Marking of Deposition Exhibits**. All documents marked as exhibits shall be attached to the original transcript and retained with the original transcript. Copies of exhibits may be attached to copies of the transcript where the party ordering the transcript pays for the costs of copying those exhibits.

III. **EXPERT DISCOVERY**

    A. **Applicability of Federal Rule of Civil Procedure 26**. Other than as provided in this Order, Federal Rule of Civil Procedure 26 shall govern general causation expert discovery.

    B. **Expert Reports and Depositions**. The designation of General Causation Experts must be accompanied by a report that complies with Federal Rule of Civil Procedure 26(a)(2)(B). The experts shall be subject to deposition as directed in Federal Rule of Civil Procedure 26(b)(4)(A). This Order shall not preclude the parties from designating additional experts who may offer opinions relating to general or specific causation if this MDL proceeds beyond the general causation phase. The parties may challenge the admissibility of such later-designated expert testimony.

        1. **Production and Discoverability of Expert Materials.** The limitations on expert discovery set forth in Rule 26, including the provisions regarding discovery with respect to draft reports and communications with experts, shall apply to all cases. No party will seek discovery of any experts' notes, drafts of expert reports, or communications with counsel; provided, however, that counsel may inquire at deposition about any facts provided to the expert by counsel and upon which such expert is relying in expressing the expert's opinions.

        2. **Production Prior to Deposition**. At least ten (10) days prior to the deposition, the expert shall produce all files, documents and reliance materials subject to discovery under the Federal Rules that are not publically or otherwise available to the noticing party.

C. **Expert Depositions**.

1. **Incorporation of General Deposition Procedures**. The provisions in Section II, *supra*, concerning depositions generally, except those provisions limited to fact witnesses, apply to depositions of expert witnesses unless otherwise stated herein.

2. **Order of Depositions.** Monsanto shall be entitled to examine plaintiffs' experts in each area before plaintiffs examine Monsanto's expert(s) in that same area. Consistent with this agreement, the parties shall agree upon a schedule for the depositions of all experts, with plaintiffs' expert(s) in a particular area being deposed first, Monsanto's corresponding expert(s) in that area being deposed second, until the depositions are completed.

3. **Location and Limitations**. The party offering the expert shall designate a reasonable location for the deposition. The Parties agree that each side shall designate one examiner on behalf of their respective sides to conduct the expert deposition.