# Exhibit 2

2002 WL 32155267
Only the Westlaw citation is currently available.
United States District Court, D. Minnesota.

In re: BAYCOL PRODUCTS LITIGATION.

MDL No. 1431 (MJD)
|
June 4, 2002.

Trial Order

PRETRIAL ORDER NO. 22

IT IS HEREBY ORDERED:

*1 1. To facilitate coordination of deposition scheduling, defendants Bayer Corporation and Bayer AG (hereinafter the "Bayer defendants") and defendants GlaxoSmithKline and GlaxoSmithKline plc (hereinafter the "GSK defendants") will notify the MDL plaintiffs of any state court depositions of employees and former employees of the Bayer and GSK defendants (other than regional or local sales personnel) in Baycol-related cases filed in any jurisdiction in the United States. The Bayer defendants and GSK defendants agree that they will have no objection to a representative of the MDL plaintiffs observing such state court depositions without the necessity for a cross-notice. Such observation will not prejudice the right of the MDL plaintiffs to notice a subsequent deposition in accordance with paragraph four below.

2. The parties agree that testimony at state court depositions subject to Paragraph 1 will be treated as if taken in the MDL proceedings and will be admissible pursuant to the Federal Rules of Evidence.

3. Both the MDL plaintiffs and the Bayer and GSK defendants shall be entitled to cross notice any such state court depositions in the MDL, except where the MDL plaintiffs, or the Bayer and GSK defendants are each separately prohibited by state court order or rule. Any party seeking to serve such a cross-notice must first meet and confer with the other MDL parties.

4. If the state court deposition of a witness has been cross-noticed pursuant to paragraph 3 above, then the MDL plaintiffs may not take a subsequent deposition of that witness. If the state court deposition of a witness has not been cross-noticed pursuant to paragraph 3 above, then the MDL plaintiffs shall be limited to one subsequent deposition of that witness. During any such subsequent deposition, the MDL plaintiffs may not ask questions that seek the same information as questions posed in the state court deposition(s), but may ask follow-up questions reasonably necessary to clarify an answer or follow-up questions which were not pursued during the state court deposition; and, if documents have been produced after the date of the state court deposition, the MDL plaintiffs may ask overlapping questions in connection with the documents.

Dated: June 4, 2002

BY THE COURT

_____ //s// .......................................................................

Michael J. Davis, United States District Court

IT IS HEREBY ORDERED:

1. To eliminate disputes over service of process, reduce the expense of such service, and avoid the need for translation of complaints into German, Defendant Bayer AG has agreed to accept service of process for Baycol cases filed in federal court through service, by Registered Mail, Return Receipt Requested, upon the following:
Lydia Schulze Althoff

Bayer AG

Rechtsabteilung/Legal Department

Geb. Q26

D-51368 Leverkusen

Germany

Service will be effective only if addressed as above. General mailing to Bayer AG will not be sufficient to effect service. Service will be effective 10 days after mailing. Contemporaneous with mailing, plaintiffs should provide, by first class mail, notice of service to the following:
*2 Daniel Orie

Eckert Seamens Cherin & Mellott, LLC

USX Tower

600 Grant Street, 44th Floor

Pittsburgh, PA 15219

Bayer AG reserves all other rights available to it under federal or state law and under applicable treaties and conventions.

2. Bayer AG's responsive pleadings to any original process served pursuant to Paragrah 1 on or before October 15, 2002, shall be due 120 days after the date of service. Bayer's responsive pleadings to any original process served pursuant to Paragraph 1 after October 16, 2002, shall be due 90 days after the date on which the complaint is served.

3. Bayer AG will commence production of documents on July 1, 2002, and will produce documents on a rolling basis with the target date for the completion of document production of March 31, 2003.

4. Bayer AG will produce privilege logs pursuant to the following schedule:

A. On or before September 16, 2002, Bayer AG will produce privilege logs for all documents produced between July 1 and and August 1, 2002;

B. On or before December 16, 2002, Bayer AG will produce privilege logs for all documents produced between August 2 and November 1, 2002;

C. On or before March 17, 2003, Bayer AG will produce privilege logs for all documents produced between November 2, 2002 and February 1, 2003;and

D. On or before June 1, 2003, Bayer AG. will produce privilege logs for all documents produced after February 1, 2003.

5. Any depositions of Bayer AG witnesses shall be conducted after November 1, 2002. Any such depositions will be coordinated with all other pending United States Baycol litigation, state and federal. Any depositions of Bayer AG personnel shall be conducted with a U.S. court reporter (or such other court reporter as the parties may agree). The parties wilt confer in an attempt to agree on joint translators prior to each deposition if such deposition is conducted in German on request of the witness.

Dated: June 4, 2002

BY THE COURT

_____//s//...........................................................

Michael J. Davis, United States District Court

**All Citations**

Not Reported in F.Supp.2d, 2002 WL 32155267

---

**End of Document**　　　　© 2016 Thomson Reuters. No claim to original U.S. Government Works.