

Joe G. Hollingsworth
dir 202 898 5842
jhollingsworth@hollingsworthllp.com

December 30, 2016

**FILED VIA ECF**

The Honorable Vince Chhabria
United States District Court, Northern District of California

Re: *In re Roundup Prod. Liab. Litig.*, No. 3:16-md-02741-VC

Dear Judge Chhabria:

**Monsanto Company's Position:**

As permitted by the Court during the December 21, 2016 Case Management Conference ("CMC"), Monsanto Company ("Monsanto") seeks reconsideration of the Court's oral ruling regarding a Deposition Protocol provision to the extent that the ruling would require disclosure of documents selected by Monsanto's attorneys to review with Monsanto corporate witnesses in preparing for their depositions. Monsanto provides case law that was not addressed by the parties and was not available to the Court during the CMC. As shown below, the provision at issue here (the third sentence of Section II.D.17 of the draft Deposition Protocol, ECF No. 82-1) would impermissibly intrude on protected attorney opinion work product because it would require disclosure of the mental impressions and strategic choices of Monsanto's counsel when selecting and assembling certain documents (from a much larger collection of documents) in carrying out counsel's duty to prepare Monsanto witnesses for depositions. Monsanto respectfully requests an expedited ruling – before January 9, 2017 – so that this issue will be resolved before the upcoming depositions, the first of which is scheduled for the morning of January 11, 2017 and would require Monsanto to disclose documents to plaintiffs by the morning of January 9, 2017 (Eastern time).

It is well established that *"the selection and compilation of documents by counsel . . . in preparation for pretrial discovery falls within the highly-protected category of opinion work product."* *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir.) (emphasis added), *cert. denied*, 474 U.S. 903 (1985). Moreover, "in a case such as this, involving extensive document discovery, the process of selection and distillation [of documents] is often more critical than pure legal research." *Id.* The *Sporck* court held that the opinion work product doctrine barred disclosure of documents reviewed by a corporate officer in preparing for his deposition, because identifying "the documents as a group will reveal defense counsel's selection process, and thus his mental impressions." *Id.* at 315; *see id.* at 316 ("[I]n selecting the documents that [defense counsel] thought relevant to [defendant's] deposition, defense counsel engaged in proper and necessary preparation of his client's case."); *In re Allen*, 106 F.3d 582, 607-08 (4th Cir. 1997) (attorney's "choice and arrangement [of documents] constitutes opinion work product because [her] selection and compilation of these particular documents reveals her thought processes and theories regarding this litigation" (citing *Sporck*, 759 F.2d at 316)); *Shelton v. Am. Motors Corp.*,

The Honorable Vince Chhabria
December 30, 2016
Page 2



805 F.3d 1323, 1329 (8th Cir. 1986) ("In cases that involve reams of documents and extensive document discovery, the selection and compilation of documents is often more crucial than legal research. . . .  This mental selective process [by defendants' attorney] reflects [the attorney's] legal theories and thought processes, which are protected as work product." (citing *Sporck*, 759 F.2d at 316)).

The *Sporck* line of cases is based on the seminal work product doctrine ruling in *Hickman v. Taylor*, 329 U.S. 495 (1947).  "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel.  ***Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference.***"  *Id.* at 510-11 (emphasis added)); *see also* Fed. R. Civ. P. 26(b)(3)(B) (courts "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney . . . concerning the litigation").

"[C]ourts in this [*i.e.*, the Ninth] Circuit have viewed *Sporck* favorably," *Stevens v. Corelogic, Inc.*, Case No. 14cv1158 BAS (JLB), 2016 WL 397936, at *9 (S.D. Cal. Feb. 2, 2016).  For example, this Court repeatedly has cited *Sporck* with approval and has noted that "[c]ulled documents can be work product."  *U.S. Ethernet Innovations LLC v. Acer Inc.*, No. C 10-03724 CW (LB), 2013 WL 5370989, at *3 (N.D. Cal. Sept. 25, 2013) (citing *Sporck, 759 F.2d at 316*)).[1]  Likewise, other courts within the Ninth Circuit have held that *Sporck* is "persuasive" and have refused production of documents selected by counsel because that would "reveal[] defense counsel's mental impressions."  *Johnson v. Ocean Ships, Inc.*, No. C05-5615RJB, 2006 WL 2166192, at *3 (W.D. Wash. July 31, 2006); *see also Sedlacek v. Morgan Whitney Trading Group, Inc.*, 795 F. Supp. 329, 331-32 & n.1 (C.D. Cal. 1992) (stating that *Sporck* "stands for the proposition that the selection process of counsel in grouping certain documents together out of all the involved documents in a case is work product because such grouping is strategical and represents the mental impressions and legal opinions of counsel" and that *Sporck* "prohibits discovery which would indicate the selection process employed by counsel because the mere listing of documents evidences the strategy and legal opinions of counsel").  In a recent law review article, the Honorable John Facciola explained that *Sporck* protects an attorney's selection of documents from disclosure as opinion work product, including when an attorney selects documents to prepare a witness for a deposition.  *See* John M. Facciola & Philip J. Favro, *Safeguarding the Seed Set: Why Seed Set Documents May Be Entitled to Work Product Protection*, 8 Fed. Cts. L. Rev. 1, 23-24, 27 (2015).

When evaluating Monsanto's objection to identifying the documents reviewed by each

---

[1] *See also, e.g.*, *United States v. Real Prop. & Improvements*, Case No. 13-cv-02027-JST (MEJ), 2014 WL 3374205, at *2 (N.D. Cal. July 9, 2014) (citing *Sporck*); *Greer v. Elec. Arts, Inc.*, No. C10-3601 RS (JSC), 2012 WL 6131031, at *2 (N.D. Cal. Dec. 10, 2012) (same); *Wixon v. Wyndham Resort Dev. Corp.*, No. C 07-02361 JSW, 2009 WL 3075649, at *5 (N.D. Cal. Sept. 21, 2009) (same); *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*, No. C01-20418JW, 2005 WL 1459555, at *6 (N.D. Cal. June 21, 2005) (same).



corporate witness in preparing for a deposition, the Court should not give plaintiffs an unfair advantage by ordering this significant breach of the attorney opinion work product doctrine. Instead, the Court should balance plaintiffs' and Monsanto's interests by following the perceptive, nuanced approach taken by the Southern District of California in *Stevens*. The *Stevens* order explained why requiring wholesale disclosure of documents reviewed by witnesses in preparing for their depositions would violate the work product doctrine: "It is well known by attorneys that it is common practice for counsel to prepare their clients and their clients' witnesses for depositions. Such attorney preparation necessarily includes hand-selecting documents relevant to a case to review with the witness. As such, there is an implicit presumption that some, if not all, of the documents reviewed by a deponent were selected for review by his counsel . . . ." *Stevens*, 2016 WL 397936, at *9.[2] However, the court also held that the work product doctrine does not preclude disclosure of documents that "each witness selected and reviewed *on his own*, outside the presence of counsel, in preparation for his deposition." *Id.* at *10 (emphasis in original).

Likewise, this Court should require disclosure of only those documents selected and reviewed by a Monsanto witness on his own, outside the presence of counsel, in preparation for his deposition.[3] A contrary ruling not only would run afoul of important attorney-opinion-work-product-doctrine principles, but also would impose substantial undue expenses and burdens on Monsanto and its witnesses to identify and disclose documents that have been used for deposition preparation during a period when neither Monsanto nor the witnesses were aware that such disclosures would be required.

For the foregoing reasons, Monsanto respectfully requests that the Court reconsider its prior ruling and narrow the Deposition Protocol provision at issue here to require disclosure of

---

[2] Moreover, the ruling requested by Monsanto here would protect the confidentiality of attorney-client-privileged communications between Monsanto's counsel and corporate witnesses about documents selected by counsel for deposition preparation. *See, e.g.*, *Alexander v. F.B.I.*, 186 F.R.D. 200, 203 (D.D.C. 1999) (accepting attorney-client-privilege objection to deposition question and holding that "[p]laintiffs are not entitled to know what documents [the deponent's] counsel gave to his client to review in preparation for the deposition, as this would be tantamount to inquiring into the substance of what was discussed between an attorney and client in furtherance of legal services"); *see also Stevens*, 2016 WL 397936, at *8 n.3 (mentioning attorney-client-privilege objection without ruling on that objection).

[3] The specific context in which this issue arises is noteworthy – namely, depositions of corporate witnesses that will be taken *after* Monsanto has already produced to plaintiffs the general-causation-related documents from each witness's custodial files that are responsive to plaintiffs' document requests, as well as voluminous productions of non-custodial files and documents related to scientific studies, publications, and other pertinent information. Thus, the objection presented here would *not* prevent disclosure of otherwise discoverable documents to plaintiffs in advance of a deposition in response to plaintiffs' Rule 34 document requests. Monsanto has already produced responsive, discoverable documents to plaintiffs from the files of the corporate witnesses who are scheduled to be deposed in January 2017.

The Honorable Vince Chhabria
December 30, 2016
Page 4



only those documents that a Monsanto witness selected and reviewed on his own, outside counsel's presence, when preparing for his deposition.[4]

**Plaintiffs' Position:**

Monsanto provided Plaintiffs a draft of its Motion to Reconsider on Thursday, December 29, 2016 and requested a response suitable for insertion in a Court filing by the following day, Friday, December 30, 2016.  Given the deadlines already imposed in this litigation, and the holiday weekend schedule, Plaintiffs cannot meet Monsanto's 24 hour deadline and agree to file a Response to Monsanto's motion by Thursday, January 5, 2017.

Dated:  December 30, 2016

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY

---

[4] Monsanto's attorneys conferred with plaintiffs' counsel about the issue addressed herein during the afternoon of December 28, 2016.  Monsanto's attorneys provided plaintiffs' counsel with a draft of the argument discussed above in the morning of December 29, 2016 (at approximately 9:00 a.m. Eastern time) and asked them to provide plaintiffs' argument to Monsanto's attorneys by the end of the day on December 30, 2016, so that this could be filed on December 30 as a joint letter submission.  However, as set forth below, plaintiffs have elected not to respond to Monsanto's argument in this letter but rather to submit their argument in a separate letter on January 5, 2016, one business day before Monsanto would otherwise be required to disclose the requested documents in connection with the first scheduled Monsanto employee deposition.