**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| ALL ACTIONS | |

**MONSANTO COMPANY'S REQUEST FOR**
**MODIFICATION OF PLAINTIFFS' PROPOSED**
**COMMON BENEFIT FUND ORDER**

Monsanto Company ("Monsanto") does not oppose the creation of a Common Benefit

Fund ("CBF") generally.  However, the following adjustments should be made to plaintiffs'

proposed order[1] to ensure fairness, efficiency, and that confidentiality concerns related to the

proposed CBF are properly protected.

---

[1] *See* Motion to Approve Order Establishing a Common Benefit Fund to Compensate and Reimburse Attorneys for Costs and Expenses Incurred and Services Performed for MDL Administration and Common Benefit, ECF No. 73; Memorandum in Support of Motion to Approve Order Establishing a Common Benefit Fund to Compensate and Reimburse Attorneys for Costs and Expenses Incurred and Services Performed for MDL Administration and Common Benefit, ECF No. 74 ("Pls' Mem. in Support"); [Proposed] Case Management Order No. __ Establishing a Common Benefit Fund to Compensate and Reimburse Attorneys for Costs and Expenses Incurred and Services Performed for MDL Administration and Common Benefit, ECF No. 74-3 ("Proposed CBF Order").

**I.      Provisions Must Be Added To The CBF Order Requiring Plaintiffs' MDL Leadership To Notify Monsanto Of Participating Cases.**

Plaintiffs' propose that the CBF Order apply to all cases in MDL No. 2741, all cases outside MDL No. 2741 involving counsel who are also involved in cases in MDL No. 2741, and "to all plaintiffs or other claimants from other non-MDL 2741 proceedings and their counsel who voluntarily submit to this Court's jurisdiction or agree to be bound by the terms of this Order in return for MDL work product." Proposed CBF Order at 4. MDL courts often require that plaintiffs' MDL leadership notify defendants of the cases and counsel involved in each group of participating cases. *See, e.g.*, Pretrial Order No. 29 at 9, *In re: Zoloft (Sertraline Hydrochloride) Prod. Liab. Litig.*, No. 2:12-MD-2342-CAR (E.D. Pa. July 19, 2013), ECF No. 520 ("Zoloft CBF Order"). Monsanto requests that the following language be included in this court's CBF Order:

> "Every thirty (30) days, the PSC shall provide a list of all then-known Participating Cases, including the name of each plaintiff and his or her attorney, if any, to the Fund Administrator, Monsanto's counsel, plaintiffs' counsel, and the Court or its designee."

This will ensure that all parties are aware of which cases are subject to CBF withholding in the event any future judgments or settlements occur.

**II.      Provisions Must Be Added To The CBF Order To Protect The Confidentiality Of Any Potential Future Settlements.**

By "a unanimous decision of the MDL Leadership," Pls' Mem. in Support at 5, plaintiffs propose that 7% of any monetary recovery in an individual case or in a participating state court action be placed into the CBF, which would be used to compensate plaintiffs' appointed leadership in addition to any fees they would be entitled to collect for their individual cases. Proposed CBF Order at 5-6. Under plaintiffs' proposal, a neutral, third-party administrator will manage the CBF, *id.* at 2, and provide plaintiffs' leadership with reports regarding the CBF's income and expenses. *Id.* at 3, 6. However, plaintiffs' proposal also requires that:

1    "[a]ny and all information concerning the amount of any deposit into the

2    Fund shall be kept strictly confidential by the neutral Fund Administrator

3    and shall never be disclosed to any member of the MDL Leadership and/or

4    any other attorney involved in the Multi-District Litigation (other than the

5    attorneys involved directly in the settled action)."

6    *Id.* at 6.

7    Plaintiffs' proposed order creates conflicting requirements for the Fund Administrator

8    and places the confidentiality of future settlements (if any) at risk by failing to require that the

9    income reports provided to plaintiffs' leadership reflect deposits to the CBF in the aggregate,

10   while also requiring that the amount of deposits be withheld from plaintiffs' leadership.  An

11   explicit aggregate income reporting requirement is an efficient way to resolve this issue.  Such

12   provisions are common in MDL CBF orders.  *See, e.g.*, Case Management Order Establishing

13   Common Benefit Fee and Expense Fund at 12, *In re Incretin Mimetcs Prod. Liab. Litig.*, No. 13-

14   md-2452-AJB-MDD (S.D. Cal. Aug. 26, 2014), ECF No. 576 ("Incretin CBF Order") (requiring

15   aggregate reporting of deposits on monthly statements to ensure confidentiality of settlements);

16   Pretrial Order Establishing Plaintiffs' Litigation Fund to Compensate and Reimburse Attorneys

17   for Services Performed and Expenses Incurred for MDL Administration and Common Benefit at

18   6, *In re Aredia and Zometa Prods. Liab. Litig.*, No. 3:06-md-01760 (M.D. Tenn. Aug. 30, 2007),

19   ECF No. 593 ("Zometa CBF Order") (same); Pretrial Order No. 8, Common Benefit Order at 7,

20   *In re Bextra and Celebrex Mktg. Sales Prac. & Prod. Liab. Litig.*, 3:05-md-01699-CRB (N.D.

21   Cal. Feb. 28, 2006), ECF No. 189 (same).

22   Therefore, Monsanto suggests that the underlined language be added to section 3.b of

23   plaintiffs' proposed order:

24   b) Keep and report periodically to the Executive Committee and this Court

25   an <u>aggregate</u> accounting of the funds received, maintained, and disbursed.

26

27

28

MONSANTO'S REQ. FOR MOD. TO PROPOSED COMM'N BENE. FUND ORDER
3:16-md-02741-VC

1      **III.         It Is Premature To Set A Percentage Of Any Settlement Or Judgment That**

2                   **Must Be Placed In The CBF.**

3              The 7% CBF contribution plaintiffs seek here exceeds the average range reported by the

4      Duke Law Center for Judicial Studies' MDL Standards and Best Practices report, which

5      plaintiffs rely upon in their request for a CBF.  Duke Law Center for Judicial Studies, *MDL*

6      *Standards and Best Practices*, MDL Standard 5 (Best Practice 5B), 58 (2014) ("Duke Best

7      Practices") (Ex. 1) (average range for judgment or settlement-related proceeds deposited into

8      CBFs is 3-6% of gross value, with deviations as needed "depending upon the circumstances of

9      the case").  Other product liability MDL CBF orders reflect percentages within that range.  *See,*

10     *e.g.,* Zoloft CBF Order at 8 (setting CBF contribution at 5%); Amended Case Management Order

11     No. 8, Establishing Plaintiffs' Litigation Expense Fund at 3-4, *In re: Phenylpropanolamine*

12     *(PPA) Prod. Liab. Litig.*, No. 2:01-md-01407-BJR (W.D. Wash. July 9, 2002), ECF No. 695

13     (setting CBF contribution for federal cases at 4%).

14             As this Court anticipated, plaintiffs' request raises questions about the impact of their

15     bloated organizational structure on the expense of litigating these cases.  *See* Hearing Tr. at 21,

16     *In re Roundup Prod. Liab. Litig.*, No. 16-md-02741 (N.D. Cal. Nov. 16, 2016) (Ex. 2) ("So on

17     the issue of this being none of Monsanto's business, I assumed the reason it's Monsanto's

18     business is because if you have a leadership structure that is bloated and is going to drive up

19     costs, that will affect settlement value of the cases.  And so Monsanto has an interest in the

20     plaintiffs not having a bloated structure.").

21             This Court is not obligated to accept plaintiffs' proposal "as is."  As noted in the Duke

22     Best Practices guidance, this Court can postpone setting any contribution percentage now in

23     favor of determining the contribution percentage later in litigation, after more information is

24     available about the alleged CBF work being conducted and the fees being sought.  *See* Duke Best

25     Practices at 58.  This is particularly of interest where, as here, only a single issue is being

26     litigated, and it remains unlikely, or at best unknown, whether plaintiffs' 8-person leadership

27     structure can operate as efficiently as promised.  When initially establishing a CBF, other MDL

28     courts have adopted this approach.  *See, e.g.*, Incretin CBF Order at 9-12 (entering CBF order,

- 4 -

MONSANTO'S REQ. FOR MOD. TO PROPOSED COMM'N BENE. FUND ORDER
3:16-md-02741-VC

1    but deferring for future consideration CBF percentage holdback from resolved cases); Pretrial

2    Order No. 8: Plaintiffs' Common Benefit Litigation Account  at 3, *In re Viagra (Sildenafil*

3    *Citrate) Prods. Liab. Litig.*, No 3:16-md-02691-RS (N.D. Cal. Nov. 3, 2016), ECF No. 134

4    (same); Order at 1, *In re Welding Rod Prods. Liab. Litig.*, No. 1:03-cv-17000-KMO (N.D. Ohio

5    Dec. 9, 2003), ECF No. 64 (providing guidelines regarding common benefit fees and expenses

6    but not addressing CBF percentage holdback).

7           Should the Court decide to postpone setting a CBF contribution percentage rather than

8    reducing (or approving) the 7% plaintiffs seek, Monsanto suggests the following language be

9    included in the CBF order:

10          "The Common Benefit assessment percentage shall be set forth in a

11          subsequent order of this Court, and shall be determined based on the

12          specific circumstances of this litigation, including but not limited to the

13          value of the work being done by plaintiffs' MDL Leadership and the level

14          of expenses."[2]

15

16

17

18

19

20

21

22

---

23   [2] Alternatively, if the Court approves plaintiffs' request for a 7% CBF contribution from, plaintiffs' proposed order is missing other provisions commonly found in MDL CBF orders.

24   These include specifying what portion of the 7% contribution from any settlement is taken from the fees due under the applicable contingency agreement in a case versus the plaintiff's recovery,

25   and how the 7% gross contribution will be split between the "Expense Funds" and "Legal Fees Funds" mentioned therein.  *See* Proposed CBF Order at 5, 7; *see also* Zoloft CBF Order at 8

26   (specifying what portion of total contribution comes from attorney's legal fees vs. plaintiff's recovery); Zometa CBF Order at 4 (same, and specifying that the portion taken from the

27   attorney's fees goes to fee funds and the portion taken from plaintiffs' recovery goes to expense funds).  Although neither omission impacts Monsanto directly, it would be appropriate to resolve

28   such issues now to minimize the potential for confusion later.

- 5 -

1    DATED: December 30, 2016              Respectfully submitted,

2                                         /s/ Joe G. Hollingsworth
                                          Joe G. Hollingsworth (*pro hac vice*)
3                                         (jhollingsworth@hollingsworthllp.com)
                                          Eric G. Lasker (*pro hac vice*)
4                                         (elasker@hollingsworthllp.com)
                                          HOLLINGSWORTH LLP
5                                         1350 I Street, N.W.
                                          Washington, DC  20005
6                                         Telephone:  (202) 898-5800
                                          Facsimile:  (202) 682-1639
7

8                                         Attorneys for Defendant
                                          MONSANTO COMPANY
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO'S REQ. FOR MOD. TO PROPOSED COMM'N BENE. FUND ORDER
3:16-md-02741-VC