**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
           elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>*Hardeman v. Monsanto Company*, 3:16-cv-00525-VC and<br>*Hardman v. Monsanto Company*, 3:16-mc-80232-VC | |

**MONSANTO COMPANY'S SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO
<u>NON-PARTIES BLEDSOE AND TEXAS A&M'S MOTION TO QUASH SUBPOENA</u>**

The International Agency for Research on Cancer ("IARC") does not own any of the documents that Monsanto seeks in its subpoena, including drafts of various sections of the monograph, communications between Working Group 112 members, and communications between the Working Group 112 members and IARC.[1] Monsanto knows of no evidence that the Working Group 112 members signed any contract or agreement evidencing that their drafts and communications are IARC's property or that IARC even informed them in any way that it

---

[1] "Working Group 112" refers to the people listed on the first page under the heading "Members" of the *IARC* Volume 112 monograph, https://monographs.iarc.fr/ENG/Meetings/vol112-participants.pdf.

- 1 -
MONSANTO CO.'S SUPP. MEM. IN SUPPORT OPP. TO MOT. TO QUASH SUBPOENA
3:16-md-02741-VC, 3:16-cv-00525-VC & 3:16-mc-80232-VC

asserted such a claim of ownership.[2] The Working Group 112 members are all outside scientists, and they—not IARC—created the initial drafts of the monograph and made the subsequent edits.[3] The only time that Monsanto is aware that IARC ever claimed ownership of the documents sought by the subpoena is *after* the subpoena had been issued.

**I.    The burden of proof is on Texas A&M University to establish that the documents sought are subject to a privilege.**

Texas A&M purports to assert a privilege on behalf of IARC—which has not appeared in its own capacity. Claims of privilege must be proved by the entity asserting them, and the burden of proof is on such entity.[4] The issue before the court is not whether IARC enjoys any document privilege from process in the abstract, but whether such privilege can be asserted – and more importantly proven – by Texas A&M, *i.e.*, whether the documents sought by subpoena are in fact documents *belonging to IARC*.

As detailed below in Section II.C, all documents sought were created by the Working Group 112 members, and not by IARC or its employees. For work created by a non-employee such as an independent contractor, ownership only vests with the company for whom the contractor created the work if "there is the **express, written, and signed agreement** to that effect."[5] Texas A&M has produced no such agreement, and Monsanto has found none in the documents produced to date.[6] IARC *now*—after the subpoenas in this case were issued, and only with regard to subsequent working groups—requires working group members to sign a

---

[2] Affidavit of Joe G. Hollingsworth in Supp. of Monsanto Co.'s Suppl. Mem. in Supp. of its Opp'n to Non-Parties Bledsoe & Texas A&M's Mot. to Quash Subpoena ¶¶ 3-8 (to be filed concurrently) ("Hollingsworth Affidavit").

[3] *Id.* ¶¶ 16-20.

[4] *Hodges, Grant & Kaufmann v. Dep't of the Treasury*, 768 F.2d 719, 721 (5th Cir. 1985); *Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 160 (S.D. Tex. 2009); *Samuels v. Mitchell*, 155 F.R.D. 195, 197 (N.D. Cal. 1994).

[5] *Zenova Corp. v. Mobile Methodology LLC*, 997 F. Supp. 2d 207, 210 (E.D.N.Y. 2014); *see also Trek Leasing, Inc. v. United States*, 62 Fed. Cl. 673, 682 (2004) ("In contrast, an independent contractor will generally be the owner of copyrights resulting from his work, absent some agreement to the contrary.").

[6] Hollingsworth Affidavit ¶¶ 3-8.

- 2 -

MONSANTO CO.'S SUPP. MEM. IN SUPPORT OPP. TO MOT. TO QUASH SUBPOENA
3:16-md-02741-VC, 3:16-cv-00525-VC & 3:16-mc-80232-VC

"confidentiality undertaking" agreeing, among other things, that "any and all rights in the work performed by him/her in connection with, or as a result of, his/her participation in the Advisory Process shall be exclusively vested in IARC/WHO."[7] This contract—for later working groups consulting on different substances—does not apply to the documents sought by Monsanto.

II.   **All of the evidence known to Monsanto relevant to the question of whether the documents are IARC's property suggests that they are not.**

Until the subpoena now before this Court was issued, IARC took no actions consistent with its current claim of ownership of all drafts and communications relating to the work of Working Group 112. This is both (a) substantive evidence that the documents in question are in fact not IARC's property and (b) a waiver of any such retroactive claim of ownership.

A. **IARC has sat by while documents just like those being withheld by Texas A&M were produced by others.**

The subpoena at issue is one of six virtually identical subpoenas issued to US-based Working Group 112 members and/or their institutions seeking documents relating to their work on the glyphosate monograph. Other than Texas A&M and Dr. Rusyn, all have produced documents or are in the process of doing so, and in most cases IARC was aware that the documents would be produced and took no steps to prevent such production. The history of those productions is briefly given below.

In August 2016, Monsanto subpoenaed the following members of Working Group 112: Dr. Aaron Blair, Dr. Charles Jameson, Dr. Matthew Ross, Dr. Ivan Rusyn, and Dr. Lauren Zeise. In addition, a third party submitted a Freedom of Information Act ("FOIA") request to the United States Environmental Protection Agency ("EPA") for documents from Dr. Peter Egeghy, an EPA employee and another member of Working Group 112.[8] All of the Working Group 112 members

---

[7] *See* IARC, *Confidentiality Undertaking*, http://monographs.iarc.fr/ENG/Meetings/118-ConfidentialityUndertaking.pdf; IARC, *IARC Monographs – Meetings*, http://monographs.iarc.fr/ENG/Meetings/.

[8] Documents responsive to the third-party FOIA request are located (and may be accessed by the public) here: https://foiaonline.regulations.gov/foia/action/public/view/request?objectId=090004d280e576c0.

- 3 -

MONSANTO CO.'S SUPP. MEM. IN SUPPORT OPP. TO MOT. TO QUASH SUBPOENA
3:16-md-02741-VC, 3:16-cv-00525-VC & 3:16-mc-80232-VC

subpoenaed by Monsanto and EPA have now produced responsive documents to Monsanto or to other parties outside of IARC, except for Texas A&M University and Dr. Rusyn.

### 1. Dr. Ross produced responsive documents to Monsanto's subpoena including drafts of the monograph, with IARC's prior knowledge.

Dr. Ross is an associate professor at the College of Veterinary Medicine at Mississippi State University. On September 13, 2016, Dr. Ross produced responsive documents to Monsanto's subpoena.[9] Included in the documents produced were drafts of various sections of the glyphosate monograph: section 4.1 Toxicokenetic Data (both the first draft and subsequent drafts), section 4.3.2.1 Oxidative Stress, and section 4.2.1.[10] Also included was evidence that IARC knew Dr. Ross would be producing such documents. Dr. Ross informed IARC about Monsanto's subpoena writing to IARC that "MSU legal should have, or will soon be, contacting IARC legal about the subpoena rec'd here – the request is similar to the FOIA docs, which MSU didn't divulge (i.e. the draft docs). Now they want them."[11] IARC did nothing to prevent the release of the documents.[12]

### 2. Dr. Blair produced responsive documents to Monsanto's subpoena including drafts of the monograph, with IARC's prior knowledge.

Dr. Blair previously worked for the National Cancer Institute. He is also one of the principal authors of the Agricultural Health Study, an epidemiology data set on multiple pesticides including glyphosate. On October 27, 2016 and November 22, 2016, Dr. Blair produced responsive documents to Monsanto's subpoena. Included in the documents was a first draft of section 2 of the tetrachlorvinphos monograph, which Dr. Blair was assigned to write.[13]

---

[9] Hollingsworth Affidavit ¶ 5.

[10] *Id.* ¶ 11.

[11] Email from Matthew Ross to Kathryn Guyton, Responsible Officer, IARC Monograph Section (Aug. 29, 2016, 3:17 p.m.) (Ex. 1).

[12] Hollingsworth Affidavit ¶ 11.

[13] *Id.* ¶ 17.

*(Footnote continued)*

- 4 -

MONSANTO CO.'S SUPP. MEM. IN SUPPORT OPP. TO MOT. TO QUASH SUBPOENA
3:16-md-02741-VC, 3:16-cv-00525-VC & 3:16-mc-80232-VC

Again, IARC knew that Dr. Blair would be producing the documents sought by the subpoena, including the draft documents.[14] Instead of taking action to prevent this, IARC simply wrote to Dr. Blair asking him to "share with [IARC] what has been released, if anything? The rationale behind is to stay on top of this wave, **and know exactly what Monsanto has received.**"[15]

### 3. Dr. Jameson turned over all of his documents to plaintiff's counsel, Ms. Aimee Wagstaff.

Dr. Jameson is a former employee of the National Institute of Environmental Health Sciences, and Monsanto has been told by Ms. Wagstaff that he has been retained by them as an expert witness. On September 15, 2016, Ms. Wagstaff emailed Ms. Rosemary Stewart of Hollingsworth LLP that Dr. Jameson **sent his IARC-related documents to her** and that her office was Bates-stamping them for production to Monsanto.[16] On September 23, 2016, Ms. Stewart emailed Ms. Wagstaff asking where Dr. Jameson's documents were. Ms. Wagstaff responded by email that Dr. Jameson had asked her to hold off on producing the documents because he was contacted by the Principal Legal Officer of the World Health Organization ("WHO") who told Dr. Jameson that they would respond on his behalf.[17] Ms. Wagstaff's same email stressed that she was *not* representing Dr. Jameson for purposes of responding to the subpoena but was only helping with Bates-labeling.[18] To Monsanto's knowledge, Ms. Wagstaff has not, been retained by IARC, and thus with regard to the current dispute is a third-party custodian to whom Dr. Jameson voluntarily surrendered documents. IARC is aware of the situation and has taken no legal steps to assert its claims in this Court.

---

[14] Email from Kurt Straif, Head, IARC Monograph Section, to Aaron Blair (Sept. 15, 2016, 4:58 p.m.) (Ex. 2).

[15] *Id.* (emphasis added).

[16] Email from Aimee H. Wagstaff, Attorney, Andrus Wagstaff, to Rosemary Stewart and James Sullivan, Attorneys, Hollingsworth LLP (Sept. 15, 2016, 3:52 p.m.) (Ex. 3).

[17] Email from Aimee H. Wagstaff, Attorney, Andrus Wagstaff, to Rosemary Stewart, Attorney, Hollingsworth LLP (Sept. 23, 2016, 3:48 p.m.) (Ex. 4).

[18] *Id.*

- 5 -
MONSANTO CO.'S SUPP. MEM. IN SUPPORT OPP. TO MOT. TO QUASH SUBPOENA
3:16-md-02741-VC, 3:16-cv-00525-VC & 3:16-mc-80232-VC

### 4. Dr. Zeise and the California Office of Environmental Health Hazard Assessment ("OEHHA") have produced documents, including drafts, responsive to the subpoenas.

Dr. Zeise, in addition to being a Working Group 112 member, is—and was at the time that she served on Working Group 112—the director of the California Office of Environmental Health Hazard Assessment ("OEHHA"). OEHHA is currently conducting a review of glyphosate to determine if it should be listed as a substance known by the State of California to cause cancer, and a critical piece of the evidence under consideration is the IARC monograph coauthored by Dr. Zeise. Monsanto has filed suit against OEHHA with regard to irregularities in its procedures for considering the listing of glyphosate, and as part of that suit has requested in discovery, among other things, documents relating to Dr. Zeise's work on Working Group 112.[19] On December 16, 2016, OEHHA produced a number of documents to Monsanto in that action, including drafts of Working Group 112 documents. That production is currently ongoing and Monsanto expects to receive more documents shortly. Monsanto knows of no action that has been taken by IARC to prevent the release of documents from OEHHA or Dr. Zeise to Monsanto.[20]

### 5. The U.S. Environmental Protection Agency has produced documents, including drafts, in response to a third-party FOIA request.

A third party has submitted a FOIA request to the EPA for documents from Dr. Peter Egeghy, an EPA employee and another member of Working Group 112. On December 8, 2016 and December 23, 2016, the EPA released documents in its possession, custody and control responsive to that request, in categories overlapping those of Monsanto's subpoenas to Working Group 112 members. Included in the documents released **to the public by EPA was a draft of section 1 of the glyphosate monograph**.[21]

---

[19] Hollingsworth Affidavit ¶ 14.

[20] *Id.* ¶ 15.

[21] *See supra* note 8.

- 6 -

MONSANTO CO.'S SUPP. MEM. IN SUPPORT OPP. TO MOT. TO QUASH SUBPOENA
3:16-md-02741-VC, 3:16-cv-00525-VC & 3:16-mc-80232-VC

**B. IARC's public pronouncements about the discoverability of the documents are not consistent with any privilege asserted by Texas A&M on its behalf.**

Despite Texas A&M's position that the documents requested by Monsanto's subpoena are privileged and owned by IARC, IARC expressly and publicly has stated otherwise. On October 25, 2016, Reuters published an article which detailed, among other things, IARC's apparent position that those who had received subpoenas should not turn over documents relating to IARC.[22] On the same day in response, IARC issued its own a press statement clarifying that it "did **not** instruct anyone not to comply with records requests made under national or local law"[23] and "as the requests to release materials were made to United States federal and state institutions, **IARC recognizes that the responsibility for deciding which records are subject to release lies with those institutions**."[24] IARC's publicly-stated position that various public institutions may freely release drafts of the monograph and communications about the monograph is not consistent with Texas A&M's claim that the documents are absolutely immune from judicial process because they are IARC's property.

**C. The documents sought were not created by IARC or its employees.**

Although a consultant or advisor can create documents that become the property of the entity consulting with him or her, some sort of contract or legal undertaking must be entered into to make this happen.[25] In the absence of such a contract—as is the case here—those documents do not become the entity's property. Accordingly, IARC does not "own" the documents created by Dr. Rusyn.

---

[22] Kate Kelland, *Exclusive: WHO cancer agency asked experts to withhold weedkiller documents*, Reuters, Oct. 25, 2016, http://www.reuters.com/article/us-health-cancer-iarc-exclusive-idUSKCN12P2FW.

[23] IARC, *IARC's response to questions from a Reuters journalist* (Oct. 25, 2016), https://www.iarc.fr/en/media-centre/iarcnews/pdf/Reuters_questions_and_answers_Oct2016.pdf (emphasis added).

[24] *Id.*

[25] *Zenova Corp.*, 997 F. Supp. at 210.

- 7 -

MONSANTO CO.'S SUPP. MEM. IN SUPPORT OPP. TO MOT. TO QUASH SUBPOENA
3:16-md-02741-VC, 3:16-cv-00525-VC & 3:16-mc-80232-VC

Nor is Dr. Rusyn (or any other Working Group 112 member) an employee of IARC. IARC has proclaimed in multiple documents that the scientists invited to be on the monograph working groups are outside participants that are independent of any organization, government or industry. Such statements are included in IARC's preamble for the monographs,[26] the list of participants for Working Group 112,[27] and in IARC's own statements to reporters.[28] IARC has expressly disclaimed to the Working Group 112 members that any of them are its employees.[29] In other words, all the drafting and editing of the monographs is performed by outside working group members, not IARC. The documents released to Monsanto by Mississippi State University, Dr. Blair, OEHHA and Dr. Zeise suggest that it was the Working Group 112 members, not IARC, who wrote the initial drafts, performed peer reviews and edits of each other's work, and made revisions to the draft documents.[30] And the working group members used their own email systems and servers to communicate with IARC and with other members of Working Group 112.[31] They did not use IARC's systems and servers.

## Conclusion

IARC has had multiple opportunities to assert its claim of ownership over the documents—both before and after the subpoenas were issued—and has chosen not to do so. In fact, it publicly has stated and acted otherwise. This history strongly suggests that the documents are not the property of IARC and never were. Other than (apparently) acquiescing in having the

---

[26] Hollingsworth Affidavit ¶ 16.

[27] *Id.*

[28] *Id*.

[29] Email from Kathryn Guyton, Responsible Officer, IARC Monograph Section, to Matthew Ross (Aug. 8, 2014) ("Experts serve in their individual capacities as scientists and not as representatives of their government or any organization with which they are affiliated.  It is understood that the **execution of this work does not create any employer-employee relationship between yourself and the World Health Organization**, **of which IARC is a part**.") (emphasis added) (Ex. 5).

[30] Hollingsworth Affidavit ¶¶ 16–20.

[31] *Id*. ¶ 21.

- 8 -

MONSANTO CO.'S SUPP. MEM. IN SUPPORT OPP. TO MOT. TO QUASH SUBPOENA
3:16-md-02741-VC, 3:16-cv-00525-VC & 3:16-mc-80232-VC

Texas Attorney General's office act as a cat's paw to assert its privilege with regard to one batch of similar documents, none of IARC's words or actions is consistent with the claim of IARC ownership that Texas A&M has made to this Court.

For the foregoing reasons, the Court should deny Texas A&M's motion to quash and order all of the documents in the first folder be turned over to Monsanto.

DATED: January 5, 2017

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY