**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
Rosemary Stewart (*pro hac vice*)
James M. Sullivan (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:   202-898-5800
Fax:   202-682-1639
Email: jhollingsworth@hollingsworthllp.com
         elasker@hollingsworthllp.com
         rstewart@hollingsworthllp.com
         jsullivan@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>ALL ACTIONS | |

**DECLARATION OF JAMES M. SULLIVAN IN SUPPORT OF**
**MONSANTO COMPANY'S MOTION FOR EXTENSION OF TIME**

I, James M. Sullivan, hereby declare as follows:

1.  I am an attorney at law and am a member of the law firm of Hollingsworth LLP, counsel for defendant Monsanto Company ("Monsanto"). I make this declaration in support of Monsanto's Motion for Extension of Time to Complete Document Production for Two European Custodians. I make this declaration based on my personal knowledge and, if called as a witness, I would and could testify competently to these matters.

2.  On November 23, 2016, the Court set a deadline of January 6, 2017 for the "full production of documents from people in Groups C and D." Pretrial Order No. 3, ECF No. 47, at 2.

3.  The Group D custodians were subsequently identified on November 30, 2016 to

- 1 -
DECLARATION ISO MONSANTO CO.'S MOTION FOR EXTENSION OF TIME
16-md-02741-VC

include Richard Garnett and Christophe Gustin, who work for Monsanto-Europe, S.A., in its office located in Brussels, Belgium. Efforts to facilitate collection of the custodial files for Mr. Garnett and Mr. Gustin began immediately thereafter, which required coordination with counsel for Monsanto-Europe, S.A. and foreign document vendors not previously involved in this litigation. These vendors like the U.S. document collection professionals who assisted in the collecting, processing, and preparing of records for attorney review are also limited by technology constraints that requires time to process large volumes of documents. Monsanto has produced well over 530,000 documents to date that are estimated to total over 5 million pages (including tiff images and native files). This includes producing over 150,000 documents on December 13, 2016 that are estimated to total over 1 million pages. Another voluminous production is planned for January 6, 2017 for the five U.S.-based custodians who are also in Groups C and D. Deduplication and processing of the documents to prepare them for attorney review required the vendors to work with far greater volumes.

4. Counsel for Monsanto-Europe, S.A. advised counsel for Monsanto in this MDL that the laws of the European Union and of Belgium restrict the processing and transfer of these custodial files. To facilitate collection, processing, and production of records, Monsanto thus filed a Consent Motion For Order Re Production Of Custodial Files Of Richard Garnett And Christophe Gustin, ECF No. 61, which the Court entered on December 9, 2016, ECF No. 66.

5. Despite these efforts, the initial documents collected for Mr. Garnett and Mr. Gustin were not made available for attorney review until the afternoon of December 29, 2016, and the rest of the documents are estimated to be processed and ready for attorney review no earlier than the weekend of January 7, 2017. Monsanto will therefore not be able to complete its planned production of the documents for Mr. Garnett and Mr. Gustin by the January 6, 2017 deadline. Monsanto has conducted document review each day since December 29, 2016, including each day of the holiday weekend. This has included over 3000 hours spent by the review team working in Relativity from December 29, 2016 through January 4, 2017 alone, which includes the time needed to finish this Friday's document production. This averages to about 40 attorneys working over 10 hours per day. Monsanto has committed many thousands of


additional hours to collecting, processing, reviewing, and producing the custodial files in recent months in its effort to meet the Court's production deadlines.

6. On January 3, 2017, Monsanto counsel emailed counsel for plaintiffs asking if they would agree to a motion for a two-week extension of time. Plaintiffs' counsel replied that they "will not oppose and will not file an opposition to [Monsanto's] request."

7. Monsanto would suffer substantial harm if the Court does not order the requested two-week extension of time because production by January 6 is an impossibility.

8. There have been no previous time modifications in this MDL proceeding for document production deadlines set by the Court.

9. This request for a two-week extension is limited to producing the documents of Mr. Garnett and Mr. Gustin. It should not otherwise affect the Court's schedule.

I hereby declare under penalty of perjury that the facts set forth herein are true and correct. Executed this 5th day of January 2017.

_____
James M. Sullivan (*pro hac vice*)
(jsullivan@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY