

# W E I T Z
# &
# L U X E N B E R G
A  P R O F E S S I O N A L  C O R P O R A T I O N

• L A W  O F F I C E S •

700 BROADWAY • NEW YORK, NY 10003-9536
TEL. 212-558-5500    FAX  212-344-5461
WWW.WEITZLUX.COM

January 5, 2017

**Filed Via ECF**
The Honorable Vince Chhabria
United States District Court
Northern District of California
450 Golden Gate Avenue, Courtroom 4
San Francisco, CA 94102

      Re:    *In re: Roundup Products Liability Litigation*, MDL No. 2741

Dear Judge Chhabria:

      On December 21, 2016, the Court approved a deposition protocol provision concerning a document request that seeks all documents, records, information or other material reviewed by a deponent in preparation for a noticed fact witness deposition.  Specifically, the Court ruled that Plaintiffs could seek "an identification [by Bates number] of which documents the witness has reviewed to prepare for the deposition."  Tr. at 86:22-23.

      Monsanto, in its December 30, 2016 letter, seeks reconsideration of the Court's ruling in this regard, arguing that counsel's mere "selection and compilation" of documents in the course of preparing a witness for a deposition constitutes protected opinion work product.  Relying on the Southern District of California holding in *Stevens v. Corelogic, Inc.*, No. 14cv1158 BAS (JLB), 2016 WL 397936, at *9 (S.D. Cal. Feb. 2, 2016), Monsanto proposes a narrower disclosure requirement: Plaintiffs may obtain only those documents that a witness selects and reviews on her own, outside of the presence of counsel, prior to the deposition.  In Monsanto's view, only the identity of documents not selected by counsel is discoverable to Plaintiffs.

      Plaintiffs agree with this Court's ruling that Plaintiffs are entitled to a list of documents reviewed by fact witnesses in advance of their depositions.  It is well-settled law that the identification of documents reviewed by the witness independent of counsel in preparation for the deposition is discoverable.  *See In re Yasmin & Yaz (Drospirenone) Mktg.*, *Sales Practices & Relevant Prod. Liab. Litig.*, 2011 WL 1776433, at *3 (S.D. Ill. Apr. 25, 2013); Defendant's letter at 3.  Thus, the only dispute is whether Plaintiffs should receive a list of documents that the fact

witness reviews in preparation for her deposition but that were provided to the witness by counsel in anticipation of her deposition.

The work-product doctrine generally offers protection to documents "prepared in anticipation of litigation or for trial." FRCP 26(b)(3). In practice, this means that a court shall protect the "mental impressions, conclusions, opinions or legal theories…concerning litigation." *Id.* In the instant matter, the Court has asked that defense counsel provide the list of documents reviewed by each fact witness in advance of that fact witness's deposition. Such a list is not opinion work product per se;[1] indeed, production of such a list of documents reviewed by fact witnesses is in harmony with Federal Rule of Evidence 612.

Federal Rule of Evidence 612 provides that a party is entitled to production of those documents used to refresh the memory of a witness in advance of a deposition. FRE 612. Thus, pursuant to Federal Rule of Evidence 612, it is permissible to ask a deposition witness what documents, if any, formed the basis of any testimony elicited during the deposition and to seek production of such documents to the extent the witness used it to refresh her recollection prior to the deposition. As noted in *Sporck v. Peil*, on which Monsanto relies, this type of disclosure does not implicate counsel's mental impressions, legal theories or strategic choices and instead wholly depends on a deposing attorney's skill in eliciting testimony on specific topics:

> [I]f respondent's counsel had first elicited specific testimony from petitioner, and then questioned petitioner as to which, if any, documents informed that testimony, the work product petitioner seeks to protect—counsel's opinion of the strengths and weaknesses of the case as represented by the group identification of documents selected by counsel—would not have been implicated. Rather, because identification of such documents would relate to specific substantive areas raised by respondent's counsel, respondent would receive only those documents which deposing counsel, through his

---

[1] Monsanto cites various cases in this district but none directly support its position. In *U.S. Ethernet Innovations LLC v. Acer Inc.*, C 10-03724 CW (LB), 2013 WL 5370989, at *3 (N.D. Cal. Sept. 25, 2013), it is clear that there, the court is not referring to opinion work product but ordinary work product, discoverable upon a showing of "substantial need": "even with work product culled documents, 'substantial need' can justify disclosure of the culled documents." *See also* Fed. R. Civ. P. 26(b)(3)(A). *Greer v. Elec. Arts, Inc.*, C10-3601 RS JSC, 2012 WL 6131031, at *2 (N.D. Cal. Dec. 10, 2012), concerns a 30(b)(6) deposition in which reviewed documents were already identified; the court does not state that culled documents are opinion work product. *Wixon v. Wyndham Resort Dev. Corp.*, No. C 07-02361 JSW, 2009 WL 3075649, at *5 (N.D. Cal. Sept. 21, 2009), does not concern documents reviewed by a witness prior to a deposition and is therefore inapplicable. *Plumbers & Pipefitters Loc. 572 Pension Fund v. Cisco Sys., Inc.*, C01-20418JW, 2005 WL 1459555, at *6 (N.D. Cal. June 21, 2005), does not support Monsanto's position either because it centers on whether the plaintiff should produce to defendants documents referenced in its complaint. The court holds in the affirmative. *See id*. ("[T]he Court can see no justifiable reason why Plaintiffs should not produce, or at least identify, documents that support Plaintiffs' allegations in the FAC, whether they are in Defendants' possession or in the public domain."). *See also U.S. v. Real Prop. and Improvements Located at 2366 San Pablo Ave., Berkeley, California*, 13CV02027JSTMEJ, 2014 WL 3374205, at *2 (N.D. Cal. July 9, 2014) (work product doctrine does not apply to documents relevant to a party's affirmative defenses).

> own work product, was incisive enough to recognize and question petitioner on. The fear that counsel for petitioner's work product would be revealed would thus become groundless.

759 F.2d 312, 318 (3d Cir. 1985). *See also T & S Enterprises, Lv. Sumitomo Corp. of Am.*, 11CV1318-GPC MDD, 2012 WL 4845544, at *1–2 (S.D. Cal. Oct. 10, 2012) (granting production under Rule 612 of document reviewed by witness prior to deposition). The Court should affirm its prior ruling.

                                                                                                                     Respectfully submitted,

                                                                                                                     Robin L. Greenwald

Case 3:16-md-02741-VC   Document 90   Filed 01/05/17   Page 4 of 4