

Joe G. Hollingsworth
dir 202 898 5842
jhollingsworth@hollingsworthllp.com

January 6, 2017

**FILED VIA ECF**

The Honorable Vince Chhabria
United States District Court, Northern District of California

     Re: *In re Roundup Prod. Liab. Litig.*, No. 3:16-md-02741-VC

Dear Judge Chhabria:

     Yesterday, plaintiffs filed a letter ("Plaintiffs' Letter," ECF No. 90) in opposition to the letter filed by Monsanto Company ("Monsanto") that seeks reconsideration and narrowing of the Court's oral ruling on a Deposition Protocol dispute based on attorney opinion work product protection for documents selected by Monsanto's attorneys to review with Monsanto witnesses during deposition preparation (ECF No. 83).  Plaintiffs' Letter does not provide any persuasive arguments to support that oral ruling and does not dispute that the line of cases cited by Monsanto – *Sporck v. Peil*, 759 F.2d 312 (3d Cir.), *cert. denied*, 474 U.S. 903 (1985), and its progeny – stands for the proposition that an attorney's selection and compilation of documents to show a witness during deposition preparation is protected from disclosure as attorney opinion work product.

     Instead, plaintiffs make a new argument (based on Federal Rule of Evidence 612) that was not addressed by the Court or the parties during the 12/21/16 Case Management Conference and does ***not*** support the Court's oral ruling regarding the Deposition Protocol provision at issue here.  As shown by Rule 612 and the two cases cited by plaintiffs, *see* Plaintiffs' Letter at 2-3, a court must be satisfied that certain key prerequisites have been established before the court uses Rule 612 to require disclosure of a document reviewed by a witness before testifying:  (a) the witness used the document to ***refresh his memory for the purpose of testifying***; and (b) the ***interests of justice*** require that the adverse party be entitled to review the document and cross-examine the witness about it.  *See* Rule 612(a)(2) & (b); *Sporck*, 759 F.2d at 317-18; *T&S Enters., LLC v. Sumitomo Corp.*, No. 11cv1318-GPC (MDD), 2012 WL 4845544, at *1 (S.D. Cal. Oct. 10, 2012).  These prerequisites cannot be ignored, as the *Sporck* court made clear when holding that documents should not be disclosed because "deposing counsel failed to lay a proper foundation under Rule 612."  *Sporck*, 759 F.2d at 318; *see id.* ("Because the trial court did not properly condition its application of Rule 612 on a showing that petitioner relied upon the requested documents for his testimony and that those documents impacted on his testimony, the court committed legal error.  This error became prejudicial when it implicated work product of petitioner's counsel."); *see also In re Kellogg Brown & Root, Inc.*, 796 F.3d 137, 143-44 (D.C. Cir. 2015) (on mandamus petition, vacating order requiring disclosure based on Rule 612; holding that district court's "balancing test" was contrary to requirements of Rule 612); *Burns v. Exxon Corp.*, 158 F.3d 336, 342-43 (5th Cir. 1998) (affirming order denying plaintiffs' Rule 612

The Honorable Vince Chhabria
January 6, 2017
Page 2



motion to compel and holding that plaintiffs failed to satisfy requirements of Rule 612); *Aguinaga v. John Morrell & Co.*, 112 F.R.D. 671, 683-84 (D. Kan. 1986) (stating that "Rule 612 is a rule of evidence, not a rule of discovery"; construing *Sporck* and Rule 612 in declining to order disclosure of documents selected by counsel to review with witness during deposition preparation because counsel's "process of selecting the . . . documents is protected by the attorney opinion work product doctrine"). In sum, Rule 612 does not apply to the Deposition Protocol provision at issue here.

Accordingly, the Court should reconsider its oral ruling by narrowing the Deposition Protocol provision to require disclosure of only those documents that a Monsanto witness selected and reviewed on his own, outside counsel's presence, when preparing for his deposition.

Dated:  January 6, 2017               Respectfully submitted,

                                       /s/ Joe G. Hollingsworth
                                       Joe G. Hollingsworth (*pro hac vice*)
                                       (jhollingsworth@hollingsworthllp.com)
                                       Eric G. Lasker (*pro hac vice*)
                                       (elasker@hollingsworthllp.com)
                                       HOLLINGSWORTH LLP
                                       1350 I Street, N.W.
                                       Washington, DC  20005
                                       Telephone:  (202) 898-5800
                                       Facsimile:  (202) 682-1639

                                       Attorneys for Defendant
                                       MONSANTO COMPANY