**WEITZ & LUXENBERG, PC**
Robin L. Greenwald (*pro hac vice*)
700 Broadway
New York, NY 10003
Tel:     212-558-5802
Email: rgreenwald@weitzlux.com

**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff
7171 West Alaska Drive
Lakewood, CO 80226
Tel:     303-376-6360
Email: aimee.wagstaff@andruswagstaff.com

**THE MILLER FIRM, LLC**
Michael J. Miller (*pro hac vice*)
108 Railroad Ave
Orange, VA 22960
Tel:     540-672-4224
Email: mmiller@millerfirmllc.com

*Co-Lead Counsel for Plaintiffs*
*in MDL No. 2741*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to all cases | |

**PLAINTIFFS' PARTIAL RESPONSE AND PARTIAL OPPOSITION
TO MONSANTO COMPANY'S REQUEST FOR MODIFICATION
OF PLAINTIFFS' PROPOSED COMMON BENEFIT FUND ORDER**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

BACKGROUND ...................................................................................................................... 1

ARGUMENT ........................................................................................................................... 3

    A:    Plaintiffs Do Not Oppose A Requirement that Plaintiffs' Leadership Notify Monsanto of Participating Cases and the Inclusion of the Word "Aggregate" to Section 3.b of the Proposed CBF Order. .......................................................................................... 3

    B:    An Order Granting Plaintiffs' Leadership Request to Establish Funds for Payment of Fees and Expenses Incurred for Plaintiffs' Common Benefit is Timely.. .................... 3

        1.    The Court Is Authorized to Apply the Common Benefit Doctrine ............ 4

        2.    The Proposed Holdback Mechanism Is Well Established ......................... 6

        3.    The Proposed Holdback is Reasonable Under the Circumstances and Consistent With Other Recent MDL Holdback Provisions ...................... 7

        4.    The Proposed CBF Order Is Timely and Should be Entered .................... 9

CONCLUSION ...................................................................................................................... 12

i

PLAINTIFFS' RESPONSE TO MONSANTO'S REQUEST FOR MODIFICATION
OF PLAINTIFFS' PROPOSED COMMON BENEFIT FUND ORDER
16-MD-02741-VC

## TABLE OF AUTHORITIES

**Cases**

*Boeing Co. v. Van Gemert*,
   444 U.S. 472 (1980) ......................................................................................... 5

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ........................................................................................... 5

*In re: Air Crash Disaster at Florida Everglades*,
   549 F.2d 1006 (5th Cir. 1977) ..................................................................... 5, 6

*In re: Bextra and Celebrex Mktg. Sales Prac. and Prod. Liab. Litig.*,
   MDL No. 1699, Pretrial Order No. 2 (N.D. Cal. December 13, 2005) ..................... 11

*In re: Estate of Maniaci-Canni*,
   No. 10-0958, 2013 WL 5314348 (E.D.N.Y. Sept. 10, 2013)) ......................... 5

*In re: Gadolinium Based Contrast Agents Prod. Liab. Litig.*,
   MDL No. 1909, Pretrial Order No. 2 (N.D. Ohio February 20, 2009) .................. 10

*In re: Genetically Modified Rice Litig.*,
   2010 U.S. Dist. LEXIS 19168 (E.D. Mo. 2006) ............................................. 7

*In re: Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*,
   No. 05-1708, 2008 WL 682174 (D. Minn. February 15, 2006) ...................... 5

*In re: Levaquin Prod. Liab. Litig.*,
   MDL No. 1943, Pretrial Order No. 3 (D. Minn. January 22, 2009) ............... 7, 8, 10

*In re: Ortho Evra Prod. Liab. Litig.*,
   MDL No. 1742, Case Management Order No. 9 (N.D. Ohio August 28, 2006) ...... 10

*In re: Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.*,
   MDL No. 2385, Case Management Order No. 16 (S.D. Ill. Nov. 13, 2012) ........... 8

*In re: Worldcom*,
   No. 02-3288, 2004 WL 2549682 (S.D.N.Y. Nov. 10, 2004) ...................... 10

*In re: Yasmin & Yaz (Drospirenone) Mktg., Sales Prac. & Prod. Liab. Litig.*,
   MDL No. 2100, Case Management Order No. 14 (S.D. Ill. Mar. 8, 2010) ............. 8

*In re: Zyprexa Prod. Liab. Litig.*,
   467 F. Supp. 2d 256 (E.D.N.Y. 2006) ........................................................ 6, 10

*Mulligan Law Firm v. Zyprexa MDL Plaintiffs' Steering Comm. II (In re: Zyprexa Prod. Liab. Litig.)*,
   594 F.3d 113 (2d Cir. 2010) ............................................................................ 4, 5, 6

*Smiley v. Sincoff*,
   958 F.2d 498 (2d Cir. 1992) ................................................................................... 5

*Turner v. Murphy Oil USA, Inc.*,
   422 F. Supp. 2d 676 (E.D. La. 2006)..................................................................... 10

*Walitalo v. Iacocca*,
   968 F.2d 741 (8th Cir. 1992) ................................................................................. 5

**Other Authorities**

Manual for Complex Litigation (Fourth) (2015)..................................................... 9, 10, 12

*MDL Standards and Best Practices*: Duke Law School (September 11, 2014) ....................... 10

Plaintiffs, through Plaintiffs' Co-Lead and Executive Committee Counsel (hereinafter "Plaintiffs' Leadership"), respectfully submit this partial response and partial opposition to Monsanto Company's Request for Modification of Plaintiffs' Proposed Common Benefit Fund Order (ECF No. 84) ( hereinafter "Defendant's Motion").   For the reasons set forth below, Plaintiffs do not oppose the additional language Monsanto proposes in Points I and II of its motion.   Plaintiffs do, however, oppose Monsanto's motion to delay the establishment of a common benefit fund.  *See* Defendant's Motion, Point III, at 4-5.

## BACKGROUND

On December 16, 2016, pursuant to the Court's order in Pretrial Order No. 4 (ECF No. 62),[1] Plaintiffs filed motion and proposed order for Establishing a Common Benefit Fund to Compensate and Reimburse Attorneys for Costs and Expenses Incurred and Services Performed for MDL Administration and Common Benefit ("CBF Order"), along with a memorandum in support of its motion.  *See* ECF Nos. 73, 74, 74-3.  Plaintiffs respectfully submit that entry of the CBF Order now is not only appropriate and required by Pretrial Order No. 4, but also necessary so that funds are available for reimbursement of litigation costs and payment of attorneys' fees for common benefit counsel when their application is made at the successful conclusion of the case.

Since the entry of Pretrial Order No. 4, the counsel that comprise Plaintiffs' Leadership have worked harmoniously and efficiently.  These attorneys have already invested considerable time, labor, and financial resources to litigate and manage the MDL on behalf of all Plaintiffs, and in the coming months, their human resources and financial contributions will grow substantially.  The Plaintiffs' Leadership activities to date include: (a) negotiating numerous

---

[1] Pretrial Order No. 4 ordered Plaintiffs' Leadership as follows: "Co-lead counsel must submit a proposed Common Benefit and Expense Order by no later than December 16, 2016."

PLAINTIFFS' RESPONSE TO MONSANTO'S REQUEST FOR MODIFICATION
OF PLAINTIFFS' PROPOSED COMMON BENEFIT FUND ORDER
16-MD-02741-VC

discovery and other case management protocols for the conduct of the litigation; (b) negotiating privilege log issues; (c) negotiating witnesses to be deposed in Groups A-E; (d) managing and reviewing millions of documents; (e) engaging in extensive meet-and-confer discussions with Defendant's counsel, typically several times per week and sometimes even daily; (f) preparing for monthly case management conferences before the Court; and (f) engaging experts in anticipation of the *Daubert* hearing set for this October.

The Plaintiffs' Leadership performs these activities on a contingent-fee basis and for the common benefit of all Plaintiffs with claims against Monsanto for injuries they have suffered from contracting non-Hodgkin's Lymphoma as a result of their exposure to Roundup®.   In addition to the enormous amount of time and personnel required of Plaintiffs' Leadership, its members are also incurring significant costs.  Each member of Plaintiffs' Leadership contributed funds for the common benefit of cases now before this Court, even before the cases were centralized, and since the Court appointed Plaintiffs' Leadership, each member firm is expected to contribute substantial additional monies into a common litigation fund, which has been and will be used to pay common litigation costs incurred in this litigation.   In addition to these common benefit contributions, each firm also bears its own costs, such as travel, copying, and other office expenses, which it holds until such time as the Court awards fees and costs to common benefit counsel.  Depositions of Monsanto witnesses are also about to begin, further adding to the financial responsibilities of the litigation that Plaintiffs' Leadership bear.

To ensure fair compensation of all Plaintiffs' counsel for their common work and reimbursement of litigation costs on behalf of all plaintiffs, as well as the efficient and economical management of the MDL, Plaintiffs' Leadership submitted a proposed CBF Order,

PLAINTIFFS' RESPONSE TO MONSANTO'S REQUEST FOR MODIFICATION
OF PLAINTIFFS' PROPOSED COMMON BENEFIT FUND ORDER
16-MD-02741-VC

as Pretrial Order No. 4 ordered counsel to do.[2]  Defendant Monsanto, which should not have an interest in the matter, nevertheless filed objections to portions of the proposed order. Defendant's Motion seeking delay in establishing a common benefit fund, and also proposing reduction of a 7% holdback into that fund, should be denied.

## ARGUMENT

**A. Plaintiffs Do Not Oppose A Requirement that Plaintiffs' Leadership Notify Monsanto of Participating Cases and the Inclusion of the Word "Aggregate" to Section 3.b of the Proposed CBF Order**

Rather than spending hours of legal time drafting the instant motion, Defendant's counsel could have resolved the first two points of its motion with a ten-minute phone call to Plaintiffs' Leadership requesting modifications.  Numerous meet-and-confers occur between Plaintiffs' Leadership and Defendant's counsel each week and the parties are engaged in daily, ongoing email discourse.[3] Had Defendant's counsel contacted Plaintiffs' Leadership, it would have learned that Plaintiffs do not oppose the inclusion of a paragraph in the CBF Order requiring Plaintiffs' Leadership to notify Monsanto's counsel of participating cases. (*See* Defendant's Motion, Point I).  Further, Plaintiffs' Leadership does not oppose the addition of the word "aggregate" in section 3.b of the Proposed CBF Order.

**B. An Order Granting Plaintiffs' Leadership Request to Establish Funds for Payment of Fees and Expenses Incurred for Plaintiffs' Common Benefit is Timely**

Defendant opposes the establishment of a common benefit fund now on two grounds: (1) it is premature and (2) it is above the average range reported by the Duke Law Center for Judicial Studies' MDL Best Practices Report.  *See* Defendant's Motion at 4.  Defendant is wrong.

---

[2] Importantly, and as explained below, Plaintiffs' CBFO merely requests a "holdback," with the actual distribution to be determined later.

[3] This litigation tactic is a prime example of why this MDL promises to require substantial resources of Plaintiffs' Leadership and demonstrates the need for the type of common benefit fund Plaintiffs propose here.

The establishment of such a fund is not premature but rather necessary to ensure that the funds are available to pay Plaintiffs' counsel for their common benefit work at the appropriate time.  The Manual on Complex Litigation recommends that most MDL courts establish such common benefit funds early in the litigation, as Plaintiffs' Leadership proposes the Court do here.

The Proposed CBF Order, if entered, would require Plaintiffs' Leadership to establish "a monetary fund that will pay for and/or reimburse the common benefit expenses and fees for legal services that have been or will be incurred . . .  for the common benefit of such plaintiffs and claimants in the event of a judgment in their cases, or other monetary recovery."  *See* Proposed CBF Order at ¶1 (ECF No. 74-3).    A Court-appointed neutral third party fund administrator would manage the funds.  *Id.* at ¶3.

The Court's authority to enter a common benefit order is indisputable.  Indeed, judicial precedent provides that application of the common benefit doctrine is necessary in an MDL for which the court has, as here, appointed leadership counsel for plaintiffs.  Furthermore, the holdback percentage that Defendant disputes is not only in line with, but in many situations less than, other common benefit orders that numerous other courts have entered in other MDLs.

### 1. The Court Is Authorized to Apply the Common Benefit Doctrine

The common benefit doctrine permits federal courts, in the exercise of their equity jurisdiction, to prevent unjust enrichment by those who benefit from the efforts of designated counsel (and other "common benefit" attorneys) in MDL proceedings.  It is those attorneys whose risk, investment, and effort generates, enhances, and protects a fund or benefit enjoyed by such beneficiaries.  *Mulligan Law Firm v. Zyprexa MDL Plaintiffs' Steering Comm. II (In re: Zyprexa Prod. Liab. Litig.)*, 594 F.3d 113, 129-30 (2d Cir. 2010).  The authority to implement

and enforce the common benefit doctrine is well established. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Walitalo v. Iacocca*, 968 F.2d 741, 747 & n.11 (8th Cir. 1992); *In re: Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, No. 05-1708, 2008 WL 682174 (D. Minn. February 15, 2006); *In re: Zyprexa Prod. Liab. Litig.*, 594 F.3d 113, 129-30; *Smiley v. Sincoff*, 958 F.2d 498, 501-02 (2d Cir. 1992); *In re: Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1019-21 (5th Cir. 1977).

The common benefit doctrine, as manifested in the scope of the Proposed CBF Order here, spreads the costs of the litigation, including attorneys' fees, among all of the beneficiaries of the fund. *See Guidant*, 2008 WL 682174, at *5, 6. This prevents counsel for plaintiffs not participating in the litigation of the MDL from "free-riding"; it is inequitable for MDL attorneys actively litigating the case for the benefit of all plaintiffs to perform the heavy lifting and to bear all litigation costs, while non-participating attorneys sit on the sidelines waiting to reap the benefits of the MDL's counsel's efforts. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Boeing*, 444 U.S. at 478-79 (common benefit doctrine established to spread litigation costs proportionately to all who benefit from common efforts and to remedy problem of free-riding; "persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense").

The fact that MDL plaintiffs' lead counsel and steering committees must "'coordinate and conduct pretrial proceedings on behalf of all plaintiffs in order to avoid what otherwise might well become chaotic'" makes common benefit orders essential to the MDL. *In re: Estate of Maniaci-Canni*, No. 10-0958, 2013 WL 5314348, *3 (E.D.N.Y. Sept. 10, 2013) (quoting *In re: Zyprexa Prod. Liab. Litig.*, 594 F.3d at 129). In the MDL, separately represented, individual plaintiffs "typically benefit also – ***often predominantly*** – from the work of the lead

5

counsel or committee." *In re: Zyprexa Prod. Liab. Litig.*, 594 F.3d at 130 (emphasis added). This distribution of labor necessitates a mechanism for just compensation:

> The desirability – indeed, **the compelling need** – to have pretrial proceedings [of the MDL] managed or at least coordinated by lead counsel or a steering or executive committee **demands the existence of a source of compensation for their efforts on behalf of all**. The logical, and a most equitable, source of that compensation is recoveries of individual plaintiffs who benefit from that work. Indeed, foreclosing those recoveries as a source of funding for the common benefit work would enrich the non-contributing individual plaintiffs unjustly at the expense of either or both of the lead counsel and any contributing individual plaintiffs.

*Id.* (emphasis added) (internal citations omitted). Indeed, as early as 1977, the Court of Appeals for the Fifth Circuit recognized the necessity of common benefit reimbursement orders by transferee courts in an MDL, affirming an 8% cost assessment on all prospective recoveries to be taken from the individual lawyers' fees. *In re: Air Crash Disaster*, 549 F.2d at 1011. The Court articulated valid common principles for all MDL transferee courts: where plaintiffs' attorneys, such as Plaintiffs' Leadership herein, perform "duties beyond their responsibilities to their own clients," assessment of prospective recoveries to reimburse counsel is "a **necessary** incident to achievement of the goals of multi district litigation." *Id.* (emphasis added).

### 2.   The Proposed Holdback Mechanism Is Well Established.

As a practical matter, the equitable spreading of costs to compensate for labor expended and costs incurred by certain attorneys for all plaintiffs' common benefit is accomplished by means of a judicial order requiring defendants to "holdback" a set portion of any settlement they may, in the future, agree to disburse in exchange for dismissal of claims. *In re: Zyprexa Prod. Liab. Litig.*, 467 F. Supp. 2d 256, 266 (E.D.N.Y. 2006). This "holdback" or common benefit reserve is paid over to attorneys whose work has created or enhanced the settlement value of

such claims, whether through the development of the law and facts common to all claims, or through the development of structures, mechanisms, or systems that facilitate or expedite the settlements themselves.  But at this time, it is only a holdback; in other words, no monies will be disbursed to Plaintiffs' Leadership or other common benefit attorneys until Plaintiffs' Leadership makes an application for reimbursement of costs and attorneys' fees and the Court reviews and decides that application.  It is then, and only then, that fees and cost reimbursements are disbursed to Plaintiffs' counsel who performed common benefit work.  Creation of a common benefit fund at the outset of litigation ensures common benefit attorneys the potential for compensation of their time and reimbursement of their capital investment upon successful resolution of a given litigation.

### 3.   The Proposed Holdback is Reasonable Under the Circumstances and Consistent With Other Recent MDL Holdback Provisions.

The holdback mechanism – requiring direct deposit of the assessed percentage of settlements into funds for the benefit of Plaintiffs' counsel who have worked for Plaintiffs common benefit – is well established.  In fact, courts have commonly entered orders mandating "holdback" of funds according to provisions identical (or virtually so) to those Defendant disputes.  *See, e.g.*, *In re: Genetically Modified Rice Litig.*, No. 06-md-1811, 2010 WL 716190, at *8-9 (E.D. Mo. 2006) (setting forth percentages of fee and cost holdback and noting, "[The Court is] not concerned that the establishment of the common benefit fund will hinder settlement.  Instead, all parties will know what is expected, and that certainty should assist, not hinder, settlement negotiations.")[4]; *In re: Levaquin Prod. Liab. Litig.*, MDL No. 1943, Pretrial

---

[4] The Court in *In re: Genetically Modified Rice Litigation* required generally that defendants "hold back and set aside" 6% to 8% of any gross recovery obtained by various types of plaintiffs, "by way of judgment, settlement, or otherwise, for attorneys' fees," and; "an additional 3% of any gross recovery

PLAINTIFFS' RESPONSE TO MONSANTO'S REQUEST FOR MODIFICATION
OF PLAINTIFFS' PROPOSED COMMON BENEFIT FUND ORDER
16-MD-02741-VC

Order No. 3, On Plaintiff's Common Benefit Fund, Common Cost Fund, Contingent Fee Agreements, Fee and Cost Sharing, Time and Expense Reporting, (ECF No. 105) (D. Minn. January 22, 2009) at 3 (hereinafter *In re: Levaquin*, PTO No. 3) ("Defendants are directed to withhold the amount of this assessment from any amounts paid to plaintiffs and their counsel, and to pay the assessment directly into the common benefit fund as a credit against the settlement or judgment"); *In re: Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.*, MDL No. 2385, Case Management Order No. 16 (Establishing Common Benefit Fee and Expense Fund) at 14 (ECF No. 61) (S.D. Ill. Nov. 13, 2012) (common benefit order that, like Proposed Order, requires defendants "to withhold an assessment from any and all amounts paid to plaintiffs and their counsel and to pay the assessment directly into the Funds as a credit against the settlement or judgment"); *also see, In re: Yasmin & Yaz (Drospirenone) Mktg., Sales Prac. & Prod. Liab. Litig.*, MDL No. 2100, Case Management Order No. 14 (Establishing Common Benefit Fee and Expense Fund) at 7 (S.D. Ill. Mar. 25, 2010).

The seven percent (7%) holdback provision of the Proposed CBF Order extends to the efforts of the Plaintiffs' Leadership, and other attorneys at the Plaintiffs' Leadership's direction and authorization, that have benefitted and will continue to benefit all plaintiffs in actions within and outside the MDL. Numerous federal courts in MDL proceedings have issued and enforced common benefit assessments similar to, and in fact higher than, the holdback percentage proposed here. *See* Exhibit A attached hereto, listing MDL holdback orders, the dates of those orders, and the holdback percentages.[5] Defendant cites to only two orders in its motion, one of which is from nearly 15 years ago, *see* Defendants' Motion at 4, as compared to the more recent

---

obtained … by way of judgment, settlement, or otherwise, for common benefit costs and expenses incurred by attorneys providing a common benefit. 2010 U.S. Dist. LEXIS 19168, at *142-43.

[5] Plaintiffs' counsel will provide the Court with copies of the holdback orders referenced in Exhibit A (and elsewhere in this memorandum) if the Court requests that it do so.

PLAINTIFFS' RESPONSE TO MONSANTO'S REQUEST FOR MODIFICATION
OF PLAINTIFFS' PROPOSED COMMON BENEFIT FUND ORDER
16-MD-02741-VC

percentages reflected in Exhibit A.  The contrast is stark and demonstrates the reasonableness and appropriateness of the holdback percentage Plaintiffs' Leadership proposes.

Based on Exhibit A, this MDL litigation presents a compelling situation for the requested common benefit assessment against attorneys' fees.  As already outlined, the Plaintiffs' Leadership, in the two months since appointment, has conducted extensive common benefit work – fruits of which are and will be available to, and have been and will be for the benefit of, other Plaintiffs' attorneys who have avoided and will avoid the time and expense of replicating these efforts for their cases.  The requested holdback amount in the CBF Order reflects far less than the costs those other Plaintiffs' attorneys would incur to reproduce the common efforts.

Here, it should be beyond dispute that the Plaintiffs' Leadership's extensive and time-pressured Court-ordered duties, as well as its efforts to date in prosecuting this MDL litigation, have benefited and will continue to benefit all plaintiffs, both in this MDL and in state court actions.  The responsibilities defined in Pretrial Order No. 4 are precisely those that benefit all plaintiffs and their counsel and thus amply warrant the creation of a common benefit fund of the scope and in the manner requested herein.

**4.  The Proposed CBF Order Is Timely and Should be Entered.**

The Manual for Complex Litigation suggests that courts address compensation for designated counsel early in the litigation: "[e]arly in the litigation, the court should define designated counsel's functions, determine the method of compensation, specify the records to be kept, and establish the arrangements for their compensation, *including setting up a fund to which designated parties should contribute in specified proportions*."  *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) §14.125 (2015) (emphasis added).  The Manual further provides that establishing a fund, including a percentage formula, at the outset of a MDL assists courts at the

time of exercising judicial review of attorneys' fees applications. *Id.* at §14.231.   Indeed, in that same section the Manual provides that a guidepost for exercising judicial review is "[h]aving defendants submit billing records [which] may provide a reference for determining the reasonableness of fees where defendants oppose plaintiff's counsel's fee request." *Id.*[6]   As set forth below, Plaintiffs' Leadership respectfully suggests that the Court make that request of Defendant's counsel here.

In keeping with the Manual, entry of a common benefit fund and a 7 percent (7%) holdback is appropriate now.  Moreover, courts considering this issue have recognized the need to enter pretrial orders governing holdback at the early stages of litigation.  *In re: Zyprexa Prod. Liab. Litig.*, 467 F. Supp. 2d at 266 ("Even if no common benefit compensation had yet been earned, there would be a need to put a holdback method into place ***promptly***" (emphasis added)).  Such orders may be among the earliest of pretrial orders.  *See, e.g.*, *In re: Gadolinium Based Contrast Agents Prod. Liab. Litig.*, MDL No. 1909, Pretrial Order No. 2 (N.D. Ohio February 20, 2009) (common benefit order entered as early pretrial order); *see also*, *In re: Ortho Evra Prod. Liab. Litig.*, MDL No. 1742, Case Management Order No. 9, Common Benefit Order, (ECF No. 44) (N. D. Ohio August 28, 2006); *In re: Levaquin*, PTO No. 3.[7]

---

[6] MDL Standards and Best Practices: The Duke Center for Judicial Studies, DUKE LAW SCHOOL (September 11, 2014), cited by the Defendant, agrees that establishing a common benefit fund early in the litigation is advisable.  *See* MDL Standard 5 at 54.

[7] Indeed, the early entry of a set-aside order – that is, before settlements and judgments of individual actions – is necessary to avoid leadership counsel's having "'to pursue separate compensation claims in any number of jurisdictions around the country'" from claimants and their counsel following a judgment or settlement, thus distracting and burdening Plaintiffs' attorneys or, more likely, resulting in a windfall to claimants who resolve their claims early.  *In re: Zyprexa*, 467 F. Supp. at 267 (quoting *In re: Worldcom,* No. 02-3288, 2004 WL 2549682 at *4 (S.D.N.Y. Nov. 10, 2004)); *see also Turner v. Murphy Oil USA, Inc.*, 422 F. Supp. 2d 676, 680 (E.D. La. 2006) ("[I]t has been a common practice in the federal courts to impose set-asides in the early stages of complex litigation in order to preserve common-benefit funds for later distribution.'").

PLAINTIFFS' RESPONSE TO MONSANTO'S REQUEST FOR MODIFICATION
OF PLAINTIFFS' PROPOSED COMMON BENEFIT FUND ORDER
16-MD-02741-VC

Defendant's suggestion that the Court postpone setting a contribution percentage now not only runs afoul of the Manual and case law, but it misunderstands the purpose of the holdback. The holdback does not mean that that is the amount that will be awarded to Plaintiffs' counsel at the conclusion of this litigation. As stated above, the Plaintiffs will have to make an application for attorneys' fees and reimbursement of costs at the appropriate time, and this Court will review the application and decide the appropriate percentage at that time based on the time expended, costs advanced and other relevant factors relevant to a common benefit fee and cost awards. The holdback is the fund necessary to ensure that funds are available at the appropriate time.

It also is important for the Court to note that the Plaintiffs' Leadership unanimously agreed on a 7% hold back, and these counsel represent over 90% of the cases currently filed in federal and state courts. Monsanto should not be heard to complain about a holdback fund that has the unanimous support of the attorneys representing over 90% of the cases.

Finally, Monsanto's comment that the request here raises questions about whether Plaintiffs' Leadership is "bloated" is irrelevant to the issue at hand. Regardless of the number of counsel that make up the Plaintiffs' Leadership, the same work must be performed, and much of it because of Defense counsel's recalcitrance. The schedule here is aggressive and requires multiple attorneys to work on various tasks required of the litigation on a daily basis. Given these facts, for Monsanto to refer to Plaintiffs' Leadership as "bloated" is not only insulting but also misplaced, especially in light of the instant, unnecessary challenge.[8] Nevertheless, in light of its accusations about Plaintiffs' leadership structure and to demonstrate the reasonableness of not only the Leadership structure but also the 7% proposed holdback, Plaintiffs submit that

---

[8] Further, it is worth noting that the leadership structure appointed by the courts in the cases cited in Exhibit A nearly universally are larger, even in the case of *In re: Bextra and Celebrex Mktg. Sales Prac. and Prod. Liab. Litig.*, MDL 1699, Pretrial Order No. 2, Initial Case Management and Organization of Counsel, (ECF No. 110) (N. D. Cal. December 13, 2005) that also phased discovery as here.

PLAINTIFFS' RESPONSE TO MONSANTO'S REQUEST FOR MODIFICATION
OF PLAINTIFFS' PROPOSED COMMON BENEFIT FUND ORDER
16-MD-02741-VC

Monsanto's attorneys should be required to submit, for *in camera* inspection by the Court, Monsanto's counsel's bills and expenses. As the Manual suggests, an effective way for a Court to determine the reasonableness of Plaintiffs' holdback request is to review the billings of defendant's counsel. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) at §14.231.   Plaintiffs submit that such a review by this Court will establish that the 7% holdback proposed by Plaintiffs is fair and reasonable.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to the extent it requests delay of the establishment of a common benefit fund and consideration of a lesser holdback percentage**.**

DATED:  January 6, 2017                           Respectfully submitted,

/s/ Robin Greenwald_
Robin Greenwald (*pro hac vice*)
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY 10003

/s/ Aimee Wagstaff___
Aimee Wagstaff
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 West Alaska Drive
Lakewood, CO 80226

/s/ Mike Miller_
Michael Miller (*pro hac vice*)
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave
Orange, VA 22960

*Co-Lead Counsel for Plaintiffs*
*in MDL No. 2741*

PLAINTIFFS' RESPONSE TO MONSANTO'S REQUEST FOR MODIFICATION
OF PLAINTIFFS' PROPOSED COMMON BENEFIT FUND ORDER
16-MD-02741-VC