# EXHIBIT A



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**

WASHINGTON, D.C. 20460

OFFICE OF
GENERAL COUNSEL

December 5, 2016

Timothy Litzenburg
The Miller Firm, LLC
The Sherman Building
108 Railroad Avenue
Orange, VA 22960

    Re:    *Touhy* Request for the Voluntary Testimony of Jess Rowland regarding
            *In Re: Roundup Products Liability Litigation*, MDL No. 3:16-02741 (N.D. Cal. filed Oct. 4, 2016).

Dear Mr. Litzenburg:

    This is a response to your August 10, 2016 request that the U.S. Environmental Protection Agency (EPA or Agency) agree to the voluntary testimony of "Mr. [Jess] Rowland, regarding the particulars of his relationship with Monsanto and his work on [the chemical glyphosate, also known as Roundup]." You submitted the request on behalf of your clients in the above-referenced multidistrict litigation. EPA is not a party to this litigation.

    Most recently, Mr. Rowland served as the Agency's Deputy Division Director for the Office of Chemical Safety and Pollution Prevention (OCSPP), Office of Pesticides Programs (OPP), Health Effects Division. Mr. Rowland also chaired the Agency's Cancer Assessment Review Committee (CARC).

    The Agency evaluates and responds to voluntary requests for testimony in accordance with its *Touhy* regulations. 40 C.F.R. Part 3, Subpart C. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). These regulations help ensure that Agency resources are "used only for official purposes, to maintain the impartiality of EPA among private litigants, to ensure that public funds are not used for private purposes and to establish procedures for approving testimony . . . when clearly in the interests of EPA." 40 C.F.R. § 2.401(c).

    The *Touhy* regulations prohibit the Agency from agreeing to provide

testimony "concerning information acquired in the course of performing official duties or because of the employee's official relationship with EPA," unless, *inter alia*, authorized by the General Counsel. 40 C.F.R. § 2.402(b). The Agency grants requests for voluntary testimony only when the General Counsel, in consultation with the appropriate Assistant Administrator, determines that "compliance with the request would clearly be in the interests of EPA." 40 C.F.R. § 2.403. As the General Counsel's designee, I am responsible for issuing this determination.

Your original request, sent by email on August 10, 2016, stated:

> I represent about a thousand people with non Hodgkin lymphoma which developed after exposure to Monsanto's Roundup. You are surely aware of the 'accidental' release of the 'final' report by CARC on this chemical earlier in the year . . . We need to take the deposition of Mr. Rowland regarding the particulars of his relationship with Monsanto and his work on this chemical. Please secure for us the necessary permissions, so we can do this quietly and at a convenient time and location; I believe the deposition will happen regardless, but would prefer we do it by agreement.

Initially, after receiving your original request, you and my staff spoke generally about your request and the Agency's *Touhy* Regulations. 40 C.F.R. Part 3, Subpart C. Then, my staff consulted Mr. Rowland's former supervisors in the Agency's Office of Chemical Safety and Pollution Prevention (OCSPP) to determine if granting your request would "clearly be in the interests of EPA," as the Agency's *Touhy* Regulations require. 40 C.F.R. § 2.403. While consulting OCSPP and evaluating your request, my staff determined that it needed additional information from you. On October 4, 2016, my staff asked you to explain why agreeing to your testimony request would clearly serve the Agency's interests. You responded by email on October 6, 2016.

I reviewed your August 10 and October 6, 2016 emails, and the Assistant Administrator for OCSPP was consulted. I conclude that compliance with your request would not clearly be in the interests of EPA. First, you failed to explain how and why you believe that granting this voluntary testimony would clearly be in the Agency's interests. Second, your request stems from litigation to which EPA is not a party and concerns a matter purely among private litigants, the outcome of which will have no significant effect upon EPA's programs, functions or responsibilities. Finally, agreeing to this voluntary testimony would not serve a Federal interest and could be perceived as a failure by the Agency to maintain impartiality among

private litigants as required by 40 C.F.R. § 2.401(c).

For the reasons discussed above, the Agency does not agree to your request for voluntary testimony from Mr. Rowland. Please contact Mark Stilp at 202-564-4845 with any questions related to this matter.

Sincerely,

Wendy Blake
Associate General Counsel
General Law Office

cc: Jim Jones, Assistant Administrator for the Office of Chemical Safety and Pollution Prevention;
Jack Housenger, Director, Office of Pesticides Programs, OCSPP;
Dana Vogel, Director, Health Effects Division, OPP, OCSPP.