Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Rosemary Stewart (*pro hac vice*)
(rstewart@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 16-md-02741-VC<br><br>MDL No. 2741<br><br>**MONSANTO COMPANY'S RESPONSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND MONSANTO'S RELATED MOTION TO MAINTAIN CONFIDENTIALITY** |

### I.    INTRODUCTION

On January 9, 2017, Plaintiffs served Defendant Monsanto Company ("Monsanto") with Plaintiffs' Administrative Motion to File Under Seal, which sought a ruling on whether Plaintiffs' Motion to Compel the Deposition of Jess Rowland ("Motion to Compel") and four exhibits filed in support of that motion should be filed under seal.  On January 10, 2017, Plaintiffs filed a Corrected Administrative Motion to Seal ("Motion to Seal") noting that Plaintiffs had conditionally filed under seal the four documents, which Monsanto designated as Confidential pursuant to the Protective and Confidentiality Order issued by this Court on

December 9, 2016 (ECF No. 64), and the related Motion to Compel, which references and quotes from those confidential documents.  Plaintiffs also request that the documents remain conditionally under seal for only four days.  Plaintiffs' Motion to Seal was filed under Civil Local Rule 79-5, which requires Monsanto to file "a declaration … establishing that all of the designated material is sealable," Civil L.R. 79-5(e)(1), and Civil Local Rule 7-11, which allows Monsanto to file a response in support of a Motion for Administrative Relief, Civil L.R. 7-11(b).

Pursuant to Civil Local Rules 79-5 and 7-11 and Protective and Confidentiality Order ¶¶ 16.3, 18, Monsanto hereby files its response to Plaintiffs' motion together with a motion to maintain confidentiality, along with the supporting Declaration of Robyn D. Buck, requesting that the Court maintain the confidentiality of the documents at issue and direct that the documents continue to be maintained in the docket under seal.[1]  Monsanto also submits a proposed order that supplements Plaintiffs' submissions by directing, without time limitation, that the four exhibits and the unredacted discovery motion that quotes and characterizes them, be maintained on the docket under seal.

## II. GOOD CAUSE EXISTS FOR THE CONFIDENTIAL DOCUMENTS MADE EXHIBITS TO PLAINTIFFS' MOTION TO COMPEL TO BE FILED UNDER SEAL AND REMAIN CONFIDENTIAL.

Plaintiffs seek to compel the public disclosure of internal Monsanto documents produced during discovery in this MDL.  Those documents have not been admitted into evidence in a trial or other proceeding by this Court and Monsanto has not had an opportunity to be heard on any objections to doing so, including relevance and potential prejudice.  Therefore, release of these documents to the public is both premature and improper.  The "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984).  Discovery documents "are not public components of a civil trial" because "[s]uch proceedings were not open to the

---

[1] Pursuant to Protective and Confidentiality Order ¶ 16, Monsanto conferred directly with Plaintiffs by phone on January 13, 2017 and the parties were unable to resolve plaintiffs' challenge to the confidentiality of these documents.  *See* Decl. of Rosemary Stewart, Att. A.

1 public at common law." *Id.* This is true despite the openness of other aspects of the judicial process. As the United States Supreme Court has confirmed, "the right to inspect and copy judicial records is not absolute," and remains subject to every court's "supervisory power over its own records and files." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). For example, "courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing." *Id.* (internal citations omitted). Ultimately, "the decision as to access is one best left to the sound discretion of the trial court." *Id.* at 599.

When, as here, discovery documents are attached to a non-dispositive motion, "the usual presumption of the public's right of access is rebutted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F. 3d 1122, 1135 (9th Cir. 2003). Therefore, "a particularized showing under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu*, 447 F. 3d 1172, 1180 (9th Cir. 2006). Because plaintiffs' Motion to Compel is a non-dispositive discovery motion, the good cause standard applies. *3B Med., Inc. v. Resmed Corp.*, No. 16-CV-2050-AJB-JMA, 2016 WL 6818953, at *2 (S.D. Cal. Oct. 11, 2016) (noting that "the protected portions of the motion to compel and accompanying exhibits are only 'tangentially related' to the merits of the underlying case given that the motion is aimed at obtaining discovery from a nonparty").

Under the "good cause" standard, district courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F. 3d 1206, 1211 (9th Cir. 2002) (citing Fed. R. Civ. P. 26(c)(7)). Courts in this Circuit have found good cause for sealing documents based on business interests in protecting confidential information. *See, e.g., Clearly Food & Beverage Co. v. Top Shelf Beverages, Inc.*, 102 F. Supp. 3d 1154, 1178 (W.D. Wash. 2015) (good cause to seal exhibits containing confidential strategies and business plans); *Barnes*

3

**MONSANTO CO.'S RESPONSE ISO PLAINTIFFS' ADMIN. MOT. TO FILE UNDER SEAL - 16-md-02741-VC**

*v. Hershey Co.*, No. 3:12-CV-01334-CRB, 2015 WL 1814293, at *3 (N.D. Cal. Apr. 21, 2015) (good cause to seal a series of internal emails); *Bohannon v. Facebook, Inc.*, No. 12-CV-01894-BLF, 2014 WL 5598222, at *3-4 (N.D. Cal. Nov. 3, 2014) (good cause to seal internal corporate discussions); *Sun Microsystems, Inc. v. Network Appliance*, No. C-08-01641 EDL, 2009 WL 5125817, at *9 (N.D. Cal. Dec. 21, 2009) (good cause to seal documents containing "confidential business information which could cause harm to the parties if publicly disclosed"); *G & C Auto Body Inc. v. Geico Gen. Ins. Co.*, No. C06-04898 MJJ, 2008 WL 687372, at *3 (N.D. Cal. Mar. 11, 2008) (good cause to seal document with "proprietary information concerning business practices").

The four documents at issue are properly sealable under the "good cause" standard because, as detailed below, they contain sensitive, non-public commercial information, relate to a motion seeking to obtain discovery from a nonparty, and bear only a tangential, at best, connection to the questions at issue in this litigation; hence, any public interest "is minimal." *Barnes*, 2015 WL 1814293, at *3; *see also G & C Auto Body Inc.*, 2008 WL 687372, at *3 (finding "good cause" to seal a non-public document "not directly relevant to the legal issues" because "there is presently no reason related to this litigation to place the document in the public record"). Maintaining the confidentiality of these documents does not affect Plaintiffs' ability to use them in the course of this litigation, for example, by questioning Monsanto's witnesses about them, but there is good cause to maintain their confidentiality at least during the discovery process. Allowing the public dissemination of a few select internal corporate documents taken out of context – out of the well over six million pages of documents Monsanto has produced to Plaintiffs in a very limited time – would be prejudicial to Monsanto and could cause reputational harm. As another MDL court has noted, the potential harm of public disclosure of discovery documents is "amplified" when the protected documents "are segments of a large body of information, whose selective and out-of-context disclosure may lead to confusion in the … community and undeserved reputational harm—'what appears damning may, in context after

4

**MONSANTO CO.'S RESPONSE ISO PLAINTIFFS' ADMIN. MOT. TO FILE UNDER SEAL - 16-md-02741-VC**

difficult proof, be shown to be neutral or even favorable to the defendant.'" *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 425 (E.D.N.Y. 2007) (quoting Note, *Secrecy in Civil Trials: Some Tentative Views,* 9 J.L. & Pol'y 53, 58 (2000)), *aff'd sub nom. Eli Lilly & Co. v. Gottstein*, 617 F.3d 186 (2d Cir. 2010).

Good cause exists for each of the below exhibits to Plaintiffs' Motion to Compel to be filed under seal and remain confidential, as set out here (with more detail provided in the accompanying Declaration):

**Exhibit E (MONGLY01665907-09):** This internal memorandum on glyphosate (and on dicamba, an unrelated Monsanto product not relevant to this litigation) is marked "Monsanto Company Confidential" and contains confidential business strategies regarding regulatory "goals." The memorandum discusses in significant detail Monsanto's planned strategic approach. Public disclosure of this document would harm Monsanto both in that it reveals its business strategy, proprietary information, Buck Decl. ¶ 3, and would give Plaintiffs the opportunity to use the information in a prejudicial manner prior to trial. The public interest in obtaining this information is minimal, and good cause exists to seal this document.

**Exhibit D (MONGLY00987755-58):** In this internal email chain, Monsanto employees strategize on communicating with the U.S. Environmental Protection Agency ("EPA"), which is Monsanto's primary federal regulator, regarding the sufficiency and status of the scientific, regulatory record. The earliest email in the chain also contains confidential discussion of proposed business strategies that is irrelevant to Plaintiffs' Motion to Compel. Monsanto's strategic approach to this issue is part of its general business strategy and public disclosure of this document would harm Monsanto in that it reveals its internal strategies and processes and proprietary information. Buck Decl. ¶ 4. This would also give Plaintiffs the opportunity to use the information in a prejudicial manner prior to trial. The public interest in obtaining this information is minimal, and good cause exists to seal this document.

**Exhibit F (MONGLY03351983**): This is an internal email chain with two parts. In one part, Monsanto employees discuss the company's approach to communications with EPA and Monsanto's potential strategy and business planning. The earlier part of the chain contains an internal analysis of particular scientific studies and evaluation to assist with strategic planning. Public disclosure of this document would harm Monsanto by revealing its business planning, practices, proprietary information, and proposed strategies. Buck Decl. ¶ 5. This would also give Plaintiffs the opportunity to use the information in a prejudicial manner prior to trial. The public interest in obtaining this information is minimal; in fact, there are publicly available documents in which Monsanto discusses its views on the glyphosate science, absent the sensitive internal analysis and advice contained in Exhibit F. Good cause exists to seal this document.

**Exhibit G (MONGLY00986901**): In this internal email, one Monsanto employee discusses his perceptions regarding certain EPA employees' involvement at particular meetings. Public disclosure of this document would harm Monsanto because the document was not intended for public disclosure and conveys one employee's thoughts at a particular time, but would be

mischaracterized as company statements.  Buck Decl. ¶ 6.  Disclosure would give Plaintiffs the opportunity to use the information in a prejudicial manner prior to trial.  Given the minimal public interest in obtaining this information, good cause exists to seal this document.

      For the reasons detailed above and in the accompanying Declaration, Monsanto requests that the Court order that these four documents and the portions of the Motion to Compel that refer to and quote from them be sealed from the public record and remain confidential.

DATED: January 13, 2017　　　　　　　　　　Respectfully submitted,

                                          /s/__Rosemary Stewart_____
                                          Joe G. Hollingsworth (*pro hac vice*)
                                          (jhollingsworth@hollingsworthllp.com)
                                          Eric G. Lasker (*pro hac vice*)
                                          (elasker@hollingsworthllp.com)
                                          Rosemary Stewart (*pro hac vice*)
                                          (rstewart@hollingsworthllp.com)
                                          HOLLINGSWORTH LLP
                                          1350 I Street, N.W.
                                          Washington, DC  20005
                                          Telephone:  (202) 898-5800
                                          Facsimile:  (202) 682-1639

                                          Attorneys for Defendant
                                          MONSANTO COMPANY