

**Aimee H. Wagstaff, Esq.**
*Licensed in Colorado and California*
Aimee.Wagstaff@AndrusWagstaff.com

7171 W. Alaska Drive
Lakewood, CO 80226
Office: (303) 376-6360
Fax: (303) 376-63614
Website: www.AndrusWagstaff.com

January 11, 2016

<u>**VIA E-Mail**</u>
Rosemary Stewart, Esq. - rstewart@hollingsworthllp.com
James Sullivan, Esq. - jsullivan@hollingsworthllp.com

  RE: <u>*MDL 2741: In Re Roundup – Confidentiality Designations*</u>

Dear Rosemary & Jim,

  Plaintiffs hereby challenge Monsanto's confidential designations of the documents identified on the attached **Exhibit A** pursuant to Paragraph 16 of the December 9, 2016 Protective and Confidentiality Order ("Protective Order"). All challenges to the documents identified on the challenge list include, where applicable, the attachments. On January 9, 2017, Plaintiffs challenged the designation of the following four documents, such documents utilized as exhibits to Plaintiffs' Motion to Compel the Deposition of Jess Rowland:

1. MONGLY 00987755
2. MONGLY 01665907
3. MONGLY 03351983
4. MONGLY 00986901

  As a general proposition, "[i]t is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Court--N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). This presumption can only be overridden by a showing of good cause pursuant to Fed. R. Civ. P. 26(c). *Id.*; *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 426 (9th Cir. 2011) ("[T]his presumption can be rebutted only by a showing of good cause by the one seeking protection[.]"). To establish good cause, the party seeking protection must show that particular harm will occur if no protective order is entered. *See also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir.2002). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *Id.* For each document, a party must show that specific harm or prejudice would result from disclosure of the trade secret or other information deserving protection. *See Beckman Indus. Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992). Importantly, information or communication is not confidential merely because it would cause embarrassment upon release. *Welsh v. City & Cty. of San Francisco*, 887 F. Supp. 1293, 1297 (N.D. Cal. 1995).

  Here, the Court entered a Protective Order allowing any Party to designate as "Confidential Material" any information regarded as confidential by the Party that is contained in any document, written discovery response, testimony, or other material produced or provided by that Party or its representative(s) to any other Party, whether provided voluntarily, pursuant to formal discovery procedures, or otherwise. Protective Order ¶ 2. Nonetheless, the Order further

stated that "this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles." Protective Order ¶ 2. Pursuant to the Protective Order, once Monsanto designates a document "Confidential," Plaintiffs and their attorneys are prohibited from sharing the information with the public until that designation is removed, either voluntarily by Monsanto or by Court Order.

The burden of proof to maintain the confidentiality of any document is on the party seeking to maintain the confidentiality, here, Monsanto. *Karoun Dairies, Inc. v. Karoun Dairies, Inc.*, 2014 WL 5170800, at *6 (S.D.Cal.,2014) (citing *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir.2011) ("When the protective order 'was a stipulated order and no party ha[s] made a 'good cause' showing,' then 'the burden of proof ... remain[s] with the party seeking protection.' ")).

Monsanto has over-designated tens (if not hundreds) of thousands of documents as "Confidential", thus wrongfully keeping the information from the public. Indeed, according to a rough estimate from our document vendor, Monsanto has designated "Confidential" over 85% of the millions of pages produced in this litigation. We have reviewed each document on **Exhibit A** and the documents do not contain information worthy of confidential protection pursuant to the applicable law. The burden is on Monsanto to establish the confidential nature of these documents and any showing of good cause must be based on a factual demonstration of potential harm. *See* Fed. R. Civ. P. 26(c); Protective Order ¶ 16.3.

Pursuant to the Protective Order, you have 14 days from the challenge date to initiate a verbal meet-and-confer regarding the confidential status of these documents and 30 days to file a motion to retain confidential status, or else these documents will no longer retain confidentiality. Protective Order ¶ 16.2-16.3. Please let me know your availability to discuss these confidentiality challenges.

    Sincerely,

    ANDRUS WAGSTAFF, PC

    /s/ Aimee H. Wagstaff

    WEITZ & LUXENBURG, PC

    /s/ Robin L. Greenwald

    THE MILLER FIRM, LLC

    /s/ Michael Miller

    *MDL 2714, Plaintiffs' Co-Lead Counsel*

**CC via E-mail:** Robin Greenwald, Esq, Michael Miller, Esq.
Eric Lasker, Esq., Joe Hollingsworth, Esq., Heather Pigman, Esq.