**THE MILLER FIRM LLC**
Michael Miller
108 Railroad Avenue
Orange, Virginia 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
mmiller@millerfirmllc.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax: (646) 293-4921
Email: rgreenwald@weitzlux.com

**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
aimee.wagstaff@andruswagstaff.com

*Co-Lead Counsel for Plaintiffs*

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
        elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: ALL ACTIONS | |

## JOINT CASE MANAGEMENT STATEMENT

- 1 -

1    Pursuant to the Court's December 23, 2016 Pretrial Order No. 5, ECF No. 78, the parties

2  submit this Joint Case Management Statement in anticipation of the January 27, 2017 Case

3  Management Conference ("CMC").

4  **I.    COMMON BENEFIT FUND**

5    Plaintiffs' Motion to Approve Order Establishing a Common Benefit Fund to

6  Compensate and Reimburse Attorneys for Costs and Expenses Incurred and Services Performed

7  for MDL Administration and Common Benefit, ECF No. 73, is fully briefed.  *See* Memorandum

8  in Support of Motion to Approve Order Establishing a Common Benefit Fund to Compensate

9  and Reimburse Attorneys for Costs and Expenses Incurred and Services Performed for MDL

10  Administration and Common Benefit, ECF No. 74; Monsanto Company's Request for

11  Modification of Plaintiffs' Proposed Common Benefit Fund Order, ECF No. 84; Plaintiffs'

12  Partial Response and Partial Opposition to Monsanto Company's Request for Modification of

13  Plaintiffs' Proposed Common Benefit Fund Order, ECF No. 100.  The parties are prepared for

14  argument regarding this motion at the January 27, 2017 CMC as set in this Court's Order

15  Granting Parties' Joint Stipulation Continuing Hearing on Plaintiffs' Motion for a Common

16  Benefit Fund to Compensate and Reimburse Attorneys for Costs and Expenses Incurred and

17  Services Performed for MDL Administration and Common Benefit, ECF No. 97.

18  **II.    DEPOSITIONS OF GROUP B CUSTODIANS**

19    The parties have agreed to take the deposition of Susan Martino-Catt on February 28,

20  2017.  Assuming the Court grants the parties' Joint Discovery Letter Brief Regarding February

21  Case Management Conference and Related Deadlines, ECF No. 114, the parties agree to depose

22  Dan Jenkins and David Heering on February 22, 2017.

23  **III.    MOTION TO SEAL AND MOTION TO COMPEL DEPOSITION OF JESS**

24  **ROWLAND**

25    Plaintiffs filed their Corrected Administrative Motion to File Under Seal, ECF No. 105,

26  and their Motion to Compel the Deposition of Jess Rowland, ECF No. 106, on January 10, 2017.

27  Monsanto filed a Response in Support of Plaintiffs' Administrative Motion to file Under Seal

28  and Monsanto's Related Motion to Maintain Confidentiality, ECF No. 110, on January 13, 2017.

1   Plaintiffs submitted their Opposition to Sealing Portion of Plaintiffs' Motion to Compel

2   Deposition of Jess Rowland, ECF No. 111, on January 16, 2017.  Monsanto filed its Reply in

3   Support of Motion to Maintain Confidentiality, ECF No. 116, on January 23, 2017.

4   **IV.      NON-PARTIES BLEDSOE AND TEXAS A&M'S MOTION TO QUASH**

5   **SUBPOENA**

6          During the December CMC, the Court requested additional information from Monsanto

7   and Texas A&M about the university's motion to quash Monsanto's subpoena seeking third-

8   party discovery.  On January 5, 2017, Monsanto provided its initial response, ECF No. 87.  On

9   January 12, 2017, Texas A&M submitted a new letter from counsel for the World Health

10  Organization making certain assertions of confidentiality regarding the documents, ECF No. 109.

11  Monsanto filed its response on January 18, 2017, ECF No. 112.

12  **V.      OBJECTIONS DURING DEPOSITIONS**

13         **Plaintiffs' Position:**

14         Deposition "[o]bjections shall be made pursuant to the Federal Rules of Civil Procedure."

15  See, PTO 6, ¶ II.D.13. Pursuant to the Federal Rules of Civil Procedure, only "form" and "non-

16  responsiveness" objections are necessary for preservation. Fed. R. Civ. P. 32(d)(3)(A) and (B).

17  "Form" and "non-responsive" objections are necessary at depositions because they can

18  (potentially) be cured during the deposition.  Fed. R. Civ. P. 30 advisory committee note on1993

19  amendment.

20         Deposition objections that suggest an answer are improper. *Id.* ("....any objections during

21  a deposition must be made concisely and in a non-argumentative and non-suggestive manner..")*;*

22  *Funk v. Town of Paradise,* No. 2:09-CV-01000-MCE, 2011 WL 2580357, at *2 (E.D. Cal. June

23  28, 2011) (Court found it improper when counsel "repeatedly interrupted the proceedings,

24  interjected editorial comments, and coached or suggested information to the witnesses"); *Cotton*

25  *v. City of Eureka*, Case No. 08-cv-04386, 2010 WL 2889498, at *1-3 (N.D. Cal. July 22,

26  2010) (noting that an attorney had violated Rule 30(c)(2) when she "interposed improper

27  coaching objections and improper speaking objections"); *BNSF Ry. Co. v. San Joaquin Valley*

28  *Ry. Co.*, Case No. 08-cv-01086, 2009 WL 3872043, at *4 (E.D. Cal. Nov. 17, 2009) ("[C]ounsel

- 3 -

for the witness being deposed is prohibited from acting as an intermediary, interpreting questions, assisting the deponent with formulation of the answers, or deciding which questions should be answered."); *see also* N.D. Cal Guidelines for Professional Conduct, § 9.

On January 11-12, 2017, the first general causation deposition in MDL 2741 occurred whereby Monsanto employee Dr. Donna Farmer offered her testimony.  During Dr. Farmer's deposition, defense counsel made more than seventy (70) speaking objections.  Sometimes, the witness even stated on the record that she "agreed" with the speaking objection before or while providing an answer.  Despite Plaintiffs' request to stop these improper speaking objections, defense counsel constantly and improperly suggested an answer to the witness through speaking objections throughout the deposition.  Further, during the January 23, 2017 deposition of Dr. Heydens, counsel for Monsanto stated on the record[1] that speaking objections would remain a part of Monsanto's deposition practices until instructed otherwise by the Court.  As such, judicial assistance is needed now. Examples include, but are not limited to:

**Example 1:**

MR. JOHNSTON:

MR. MILLER:

MR. JOHNSTON:

QUESTIONS BY MR. MILLER:

ANSWER BY DEPONENT:

---

[1] This statement was made on January 23, 2017 and thus a transcript is not yet available.  Plaintiff will provide the final deposition transcript once available if requested by the Court and will bring the rough transcript to the January 27, 2017 Case Management Conference.

1    MR. MILLER: ███████████████████████████
     ██████████████
2

3    **Exhibit. A**, Relevant portions of January 11-12, 2017 Deposition of Donna Farmer,
     Ph.D,, 58:17 – 59:13, emphasis supplied. ("Farmer Dep.").
4

5
     ****************************************************
6

7    **Example 2:**

     QUESTION: ██████████████████████████
8
     ████████████████████

9    MR. JOHNSTON: ██████████████████████

10   THE WITNESS: ████████████████████

11   **Exhibit A**, Farmer Dep. at 87:14-87:25, emphasis supplied.

12
     ****************************************************
13

14   **Example 3:**

     MR. JOHNSTON: ██████████████████████
15   ████

16   THE WITNESS: ██████████████████████
     █████████████████████
17

18   **Exhibit A**, Farmer Dep. at 101:21-102:2, emphasis supplied.

19
     ****************************************************
20   **Example 4:**

     QUESTION: ████████████████████
21
     ANSWER: █████████
22
     QUESTION: ██████████████████████
23   ████████████

24   ANSWER. █████

25   MR. JOHNSTON: ██████████████████

26   THE  WITNESS: ██████████████████████████
27
     ████████████████████████████████████
28   ████████████████

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC

**Exhibit A**, Farmer Dep. at 104:16-105:6, emphasis supplied.

*******************************************************

**Exhibit 5:**

QUESTION: ██████████████████████████

MR.  JOHNSTON: ████████████████████████
████████████

THE WITNESS: ██████████████████████████

**Exhibit A**, Farmer Dep. at 110:5-110:11, emphasis supplied.

*******************************************************

**Exhibit 6:**

QUESTION. ███████████████████████
█████████████████████████████

MR. JOHNSTON: ████████████████████
████████████

THE WITNESS: ███████████████

**Exhibit A**, Farmer Dep. at 159:12-159:19, emphasis supplied.

*******************************************************

**Example 7:**

QUESTION: ████████████████████████████
█████████████

MR.  JOHNSTON: ███████████████████████
████████████

THE  WITNESS: ███████████████████████████
████████

MR. MILLER: ██████████████████

MR.  JOHNSTON: █████████████████████
███████

**Exhibit A**, Farmer Dep. at 259:18-260:6, emphasis supplied.

*******************************************************

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC

**Example 8:**

QUESTION: ███████████████████████████
█████████

MR. JOHNSTON: ████████████████████████
███████████

THE WITNESS: ██████████████████████████
█████████

**Exhibit A**, Farmer Dep. at 264:19-265:1, emphasis supplied.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

As of the date of filing this request, two and one half depositions have occurred: Dr. Farmer, Dr. Goldstein, and Dr. Heydens (partial).  The improper speaking objections have occurred in all three depositions.  Once Plaintiffs receive the final deposition transcripts of Dr. Goldstein and Dr. Heydens, counsel will provide further examples at the Court's request. As set forth in the Proposed Order, Plaintiffs request an Order that objections be limited to "form," "non-responsive," and "leading."  If Plaintiffs want the specific basis of the objection, Plaintiffs' counsel can ask for the specific grounds of the form objection.  Otherwise, allowing Monsanto's counsel carte blanche to engage in speaking objections will continue to lead to the suggestion of an answer.

These improper speaking objections serve to guide the witnesses' answer, are highly prejudicial, improper, unfairly taint the testimony, and must be stopped. Plaintiffs request the Court enter a Deposition Objection Order similar to the Order entered by the Honorable Ed Kinkeade in MDL 2244: In Re: Depuy Orthopaedics, Inc. Pinnacle Hip Implant Products Liability Litigation, N.D.Texas, Dallas Division. *See* **Exhibit B**[2].  Plaintiffs Proposed Order is attached as **Exhibit C**.  Defendant Monsanto Company suffers no prejudice by the relief requested herein.  On the other hand, Plaintiffs suffer extreme prejudice if the Court declines to

---

[2] In the Pinnacle Hip MDL, the Honorable Judge Kinkeade eventually ordered a Special Master to (among other things) attend depositions and preside over deposition disputes.  Plaintiffs do not herein request such an appointment but reserve the right to later request as appropriate. However, because Monsanto's counsel has already instructed witnesses not to answer a question on multiple occasions, Plaintiffs do request the instruction on when not to answer be included in the Order, as set forth in he Proposed Order.

1  grant the relief requested because such speaking objections allow counsel to disrupt the cadence

2  of a deposition and suggest answers to the witnesses.  Again, Monsanto's attorneys have stated

3  on the record they will not cease speaking objections absent an Order to the contrary from the

4  Court.

5  **\*<u>Motion to Seal:</u>** Monsanto designated the entire Farmer deposition as Confidential pursuant to

6  the MDL Protective Order.  On January 16, 2017, Plaintiffs' challenged that wholesale

7  designation pursuant to the paragraph 16 challenge provision contained within the Protective

8  Order, such challenge is not yet ripe for judicial intervention.  Even so, Plaintiffs sent to

9  Monsanto the cites contained in this joint statement with a request for de-designation.  Because

10  Monsanto refused Plaintiff's request to de-designate the cite contained herein, protocol requires

11  the redaction of the cites from this Joint Statement and for Plaintiff to file a Motion to Seal

12  Exhibit A.

13          **<u>Monsanto's Position:</u>**

14          Pretrial Order No. 7, ECF No. 103, at 6, states, in language agreed to by the parties, that

15  "[o]bjections shall be made pursuant to the Federal Rules of Civil Procedure."  Under these

16  rules, the depositions in this case have been proceeding smoothly, with standard and appropriate

17  objections demonstrated by the snippets provided by plaintiffs themselves.  Federal Rule

18  30(c)(2) specifically provides that objections to a deposition "must be noted on the record."  This

19  is particularly true where the questioner could cure the objection during the course of the

20  questioning; such objections *must* be made on the record or be waived.  *See* Fed. R. Civ. P.

21  32(d)(3).  Objections that can be cured at the time of the deposition include objections regarding

22  relevance, the form of a question, or a party's conduct.  *Id.*

23          Plaintiffs' request that the court limit the ability to object by using only the phrases

24  "objection, leading" or "objection, form" is not consistent with Rule 32(d)(3).  For example, the

25  word "form" is insufficient to inform inquiring counsel the grounds of the objection in a way that

26  permits them to cure (thereby avoiding waiver of the objection under the rule).  Rule 32(d)(3)

27  contemplates that more will be said in an effort to resolve valid objections at the deposition,

28  while the witness is available to answer questions.  Plaintiffs' proposed order shifts the burden

that Rule 32 places on the examiner to ask proper questions to the court, which must resolve later in the litigation a number of what would have been curable objections had the federal rules been followed.  The relief requested by plaintiffs is, therefore, inefficient and inappropriate—especially in a case where there is no evidence of intentional interference in the ability of plaintiffs' counsel to obtain answers to their questions.  The cases cited by plaintiffs arise in wholly different circumstances than those present here and are inapplicable.  Further, plaintiffs requested relief would deprive counsel of other objections supported by the federal rules, such as objections to questions seeking privileged communications or mandatory objections to "any other aspect of the deposition" as provided in Rule 30(c)(2) to avoid waiver.

Plaintiffs have submitted to the Court eight objections made over the course of a full-day deposition of Dr. Donna Farmer that they contend are "improper."  None of these objections constitute a lengthy monologue by defense counsel or contain substantive suggestions to the witness as to how the questions should be answered.  None of these objections materially impeded plaintiffs' counsel's ability to obtain answers to the questions they were asking.  Rather, all of the objections permitted plaintiffs' counsel an opportunity to cure the objection to the question at the deposition and were well-founded under the Federal Rules and the jointly negotiated deposition protocol in this case.

**Farmer Dep. Tr. at 110:5-11.**  The deponent was asked whether she had a hand in writing "the Williams article."  Defense counsel made a valid objection for vagueness and stated the specific issue, as required in order to provide plaintiffs' counsel an opportunity to cure and to avoid waiver.  As established in the witnesses' testimony immediately following the excerpt identified by plaintiffs, the question was vague because there are a number of different publications on glyphosate written by a "Williams" and, indeed, two different "Dr. Williams" who have authored glyphosate publications. *See* Farmer Dep. Tr. at 110:19-24.

**Farmer Dep. Tr. at 159:12-19.**  Defense counsel made a valid objection to plaintiffs' counsel's question because it misstated the contents of the document at issue, as is evident from the excerpt of the transcript immediately preceding the objection.  *See* Farmer Dep. Tr. at 159:2-11.  The objection was necessary to provide plaintiffs' counsel with an opportunity to cure the

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC

question by properly characterizing the referenced document or by asking a question clearly divorced from the context of the document being discussed.

**Farmer Dep. Tr. at 264:19-265:1.**  Defense counsel made a valid objection to foundation and relevance because plaintiffs' counsel's question referenced a second-hand discussion of a study that purported to relate broadly to "agriculture exposure to insecticides, herbicides and fumigants" generally, not to glyphosate or Roundup® specifically.  *See* Farmer Dep. Tr. at 264:9-18.  The question did not provide the witness with any foundation as to the purported study in question and, as described, was not relevant to the general causation issue in this case.

**Farmer Dep. Tr. at 104:16-105:6.**  Defense counsel made a valid, two-word objection on vagueness grounds, because plaintiffs' counsel's question mistakenly suggested that IARC had declared Roundup to be a probable carcinogen, whereas IARC's classification was solely as to glyphosate.  This objection was necessary to allow plaintiffs' counsel to cure his question by properly identifying the chemical at issue in the IARC review and in the subsequent Intertek expert analysis.

**Farmer Dep. Tr. at 259:18-260:6.**  Defense counsel made a valid objection that foundation was lacking, because plaintiffs' counsel had not identified the 2008 study referenced in his question, and the document being shown to the witness likewise did not identify the study.  *See* Farmer Dep. Tr. at 259:23-260:2.  Further, plaintiffs' counsel's use of a press article summarizing the findings of an unnamed study to try to secure testimony about some specific study not properly identified to the witness is also improper, and Rule 32(d)(3) separately requires that objections regarding conduct of counsel be placed on the record or be waived.

**Farmer Dep. Tr. at 87:14-25.**  Defense counsel made a valid objection to plaintiffs' counsel's misstatement of the witnesses' testimony, as required in order to provide an opportunity to cure and avoid waiver.  Plaintiffs' excerpt omits the witnesses' testimony directly prior to this question, the inclusion of which makes clear that plaintiffs' counsel's question entirely misstates the testimony.  *See* Farmer Dep. Tr. at 87:7-13.

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC

**Farmer Dep. Tr. at 58:17-59:13.**  Defense counsel made a valid objection to foundation because plaintiffs' counsel's questioning was based upon a clearly marked draft document for which counsel had made no effort to lay a foundation.  This objection was necessary to provide plaintiffs' counsel an opportunity to cure.

**Farmer Dep. Tr. at 101:21-102:2.**  Defense counsel made a valid objection to a compound question that contained at least three different imbedded questions (regarding Dr. Belle's independence, the scientific research and initial review, and what might happen in a subsequent peer review).  *See* Farmer Dep. Tr. at 101:13-20.  The objection was necessary to allow plaintiffs' counsel to cure the question by breaking it down into its constituent parts.

Plaintiffs also mischaracterize Monsanto's proper objections in other depositions to date.  As shown above in connection with Dr. Farmer's deposition, these efforts should be similarly rejected.

**<u>Response to Motion to Seal</u>**:  Under Paragraph 8 of the Protective and Confidentiality Order, Monsanto has 30 days following receipt of the transcript of the deposition of Dr. Farmer in which to evaluate whether and what parts of the transcript to designate as confidential.  Monsanto's notice to the court reporter at Dr. Farmer's deposition was intended to invoke that period, so that no inadvertent disclosures are made during this protected period.  Monsanto is still evaluating what its final confidentiality designation(s) of Dr. Farmer's deposition transcript will be and will provide that information to plaintiffs within the 30 day period.  Until those final determinations have been made, including what parts are separable, Monsanto seeks to ensure that the entire transcript is treated as confidential.  There is no substantive reason for filing these discovery deposition excerpts publicly at this time because they do not inform any merits-based decision.

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC

1   DATED: January 23, 2017                    Respectfully submitted,

2

3                                             /s/ Aimee H. Wagstaff
                                              Aimee H. Wagstaff, SBN 278480
4                                             aimee.wagstaff@andruswagstaff.com
                                              Andrus Wagstaff, P.C.
5                                             7171 West Alaska Drive
                                              Lakewood CO 80226
6                                             Ph 303-376-6360

7                                             /s/ Robin L. Greenwald
                                              Robin L. Greenwald
8                                             rgreenwald@weitzlux.com
                                              Weitz & Luxenberg
9                                             700 Broadway
                                              New York NY 10003
10                                            Ph 212-558-5500

11                                            /s/ Michael J. Miller
                                              Michael J. Miller
12                                            mmiller@millerfirmllc.com
                                              The Miller Firm LLC
13                                            108 Railroad Ave
                                              Orange VA 22960
14                                            Ph 540 672 4224

15                                            Co-Lead Counsel for Plaintiffs

16  DATED: January 23, 2017                   Respectfully submitted,

17                                            /s/ Joe G. Hollingsworth
                                              Joe G. Hollingsworth (*pro hac vice*)
18                                            (jhollingsworth@hollingsworthllp.com)
                                              Eric G. Lasker (*pro hac vice*)
19                                            (elasker@hollingsworthllp.com)
                                              HOLLINGSWORTH LLP
20                                            1350 I Street, N.W.
                                              Washington, DC  20005
21                                            Telephone:  (202) 898-5800
                                              Facsimile:  (202) 682-1639
22

23                                            Attorneys for Defendant
                                              MONSANTO COMPANY
24

25

26

27

28

- 12 -

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC