**THE MILLER FIRM LLC**
Michael Miller
108 Railroad Avenue
Orange, Virginia 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
mmiller@millerfirmllc.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax: (646) 293-4921
Email: rgreenwald@weitzlux.com

**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
aimee.wagstaff@andruswagstaff.com

*Co-Lead Counsel for Plaintiffs*

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
         elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>ALL ACTIONS | |

## <u>JOINT CASE MANAGEMENT STATEMENT</u>

Pursuant to the Court's December 23, 2016 Pretrial Order No. 5, ECF No. 78, the parties submit this Joint Case Management Statement in anticipation of the January 27, 2017 Case Management Conference ("CMC").

## I.   COMMON BENEFIT FUND

Plaintiffs' Motion to Approve Order Establishing a Common Benefit Fund to Compensate and Reimburse Attorneys for Costs and Expenses Incurred and Services Performed for MDL Administration and Common Benefit, ECF No. 73, is fully briefed.  *See* Memorandum in Support of Motion to Approve Order Establishing a Common Benefit Fund to Compensate and Reimburse Attorneys for Costs and Expenses Incurred and Services Performed for MDL Administration and Common Benefit, ECF No. 74; Monsanto Company's Request for Modification of Plaintiffs' Proposed Common Benefit Fund Order, ECF No. 84; Plaintiffs' Partial Response and Partial Opposition to Monsanto Company's Request for Modification of Plaintiffs' Proposed Common Benefit Fund Order, ECF No. 100.  The parties are prepared for argument regarding this motion at the January 27, 2017 CMC as set in this Court's Order Granting Parties' Joint Stipulation Continuing Hearing on Plaintiffs' Motion for a Common Benefit Fund to Compensate and Reimburse Attorneys for Costs and Expenses Incurred and Services Performed for MDL Administration and Common Benefit, ECF No. 97.

## II.   DEPOSITIONS OF GROUP B CUSTODIANS

The parties have agreed to take the deposition of Susan Martino-Catt on February 28, 2017.  Assuming the Court grants the parties' Joint Discovery Letter Brief Regarding February Case Management Conference and Related Deadlines, ECF No. 114, the parties agree to depose Dan Jenkins and David Heering on February 22, 2017.

## III.   MOTION TO SEAL AND MOTION TO COMPEL DEPOSITION OF JESS ROWLAND

Plaintiffs filed their Corrected Administrative Motion to File Under Seal, ECF No. 105, and their Motion to Compel the Deposition of Jess Rowland, ECF No. 106, on January 10, 2017. Monsanto filed a Response in Support of Plaintiffs' Administrative Motion to file Under Seal and Monsanto's Related Motion to Maintain Confidentiality, ECF No. 110, on January 13, 2017.

Plaintiffs submitted their Opposition to Sealing Portion of Plaintiffs' Motion to Compel Deposition of Jess Rowland, ECF No. 111, on January 16, 2017.  Monsanto filed its Reply in Support of Motion to Maintain Confidentiality, ECF No. 116, on January 23, 2017.

## IV.    NON-PARTIES BLEDSOE AND TEXAS A&M'S MOTION TO QUASH SUBPOENA

During the December CMC, the Court requested additional information from Monsanto and Texas A&M about the university's motion to quash Monsanto's subpoena seeking third-party discovery.  On January 5, 2017, Monsanto provided its initial response, ECF No. 87.  On January 12, 2017, Texas A&M submitted a new letter from counsel for the World Health Organization making certain assertions of confidentiality regarding the documents, ECF No. 109. Monsanto filed its response on January 18, 2017, ECF No. 112.

## V.    OBJECTIONS DURING DEPOSITIONS

### Plaintiffs' Position:

Deposition "[o]bjections shall be made pursuant to the Federal Rules of Civil Procedure." See, PTO 6, ¶ II.D.13. Pursuant to the Federal Rules of Civil Procedure, only "form" and "non-responsiveness" objections are necessary for preservation. Fed. R. Civ. P. 32(d)(3)(A) and (B). "Form" and "non-responsive" objections are necessary at depositions because they can (potentially) be cured during the deposition.  Fed. R. Civ. P. 30 advisory committee note on 1993 amendment.

Deposition objections that suggest an answer are improper. *Id.* ("....any objections during a deposition must be made concisely and in a non-argumentative and non-suggestive manner..")*; Funk v. Town of Paradise,* No. 2:09-CV-01000-MCE, 2011 WL 2580357, at *2 (E.D. Cal. June 28, 2011) (Court found it improper when counsel "repeatedly interrupted the proceedings, interjected editorial comments, and coached or suggested information to the witnesses"); *Cotton v. City of Eureka,* Case No. 08-cv-04386, 2010 WL 2889498, at *1-3 (N.D. Cal. July 22, 2010) (noting that an attorney had violated Rule 30(c)(2) when she "interposed improper coaching objections and improper speaking objections"); *BNSF Ry. Co. v. San Joaquin Valley Ry. Co.*, Case No. 08-cv-01086, 2009 WL 3872043, at *4 (E.D. Cal. Nov. 17, 2009) ("[C]ounsel

for the witness being deposed is prohibited from acting as an intermediary, interpreting questions, assisting the deponent with formulation of the answers, or deciding which questions should be answered."); *see also* N.D. Cal Guidelines for Professional Conduct, § 9.

On January 11-12, 2017, the first general causation deposition in MDL 2741 occurred whereby Monsanto employee Dr. Donna Farmer offered her testimony.  During Dr. Farmer's deposition, defense counsel made more than seventy (70) speaking objections.  Sometimes, the witness even stated on the record that she "agreed" with the speaking objection before or while providing an answer.  Despite Plaintiffs' request to stop these improper speaking objections, defense counsel constantly and improperly suggested an answer to the witness through speaking objections throughout the deposition.  Further, during the January 23, 2017 deposition of Dr. Heydens, counsel for Monsanto stated on the record[1] that speaking objections would remain a part of Monsanto's deposition practices until instructed otherwise by the Court.  As such, judicial assistance is needed now. Examples include, but are not limited to:

**Example 1:**

>     MR. JOHNSTON: Objection.  Foundation to this document. ***It's a draft, and we don't know what this is or whether she had any role in preparing it.*** But you can answer if you can.

>     MR. MILLER: Let's keep the speaking objections down.

>     MR. JOHNSTON: I can object on any basis, as long as I'm not suggesting an answer.  My point is we don't have any foundation for this document.

>     QUESTIONS BY MR. MILLER: What does lipophilic mean?

>     ANSWER BY DEPONENT: Lipophilic means that there is fat within that. Fat-loving. Lipophilic means fat-loving. ***But I -- this is – I agree, this is a draft.***

---

[1] This statement was made on January 23, 2017 and thus a transcript is not yet available.  Plaintiff will provide the final deposition transcript once available if requested by the Court and will bring the rough transcript to the January 27, 2017 Case Management Conference.

1    MR. MILLER: You've just suggested an answer. She just gave the
2    answer you just objected to.

3    **Exhibit. A**, Relevant portions of January 11-12, 2017 Deposition of Donna Farmer,
4    Ph.D,, 58:17 – 59:13, emphasis supplied. ("Farmer Dep.").

5

6    *****************************************************

**Example 2:**

7    QUESTION:  So that was in 1999 and too premature to study this
8    issue about Roundup mutagenicity at that time?

9    MR. JOHNSTON: Objection. ***Misstates her testimony***. Go ahead.

10   THE WITNESS: ***Yeah, that's not what I said…***

11   **Exhibit A**, Farmer Dep. at 87:14-87:25, emphasis supplied.

12   *****************************************************

13

**Example 3:**

14   MR. JOHNSTON: Objection. ***That's hopelessly compound***. Go
15   ahead.

16   THE WITNESS: So, yeah, ***what part would you like me to talk
     about***, about peer-review journal or what he did?

17   **Exhibit A**, Farmer Dep. at 101:21-102:2, emphasis supplied.

18

19   *****************************************************

**Example 4:**

20   QUESTION: And you and Monsanto retained Intertek?

21
22   ANSWER: Yes, we did.

23   QUESTION: On this issue of whether Roundup is a probable
     human carcinogen?

24   ANSWER. ***Well --***

25   MR. JOHNSTON: ***Objection. Vague***. Go ahead.

26
27   THE WITNESS: ***Yeah, it isn't Roundup.*** It's about IARC's
     classification of glyphosate as a probable human carcinogen. And,
     yes, we asked Intertek to convene an expert panel to look at the
28   IARC monograph and data.

**Exhibit A**, Farmer Dep. at 104:16-105:6, emphasis supplied.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Exhibit 5:**

QUESTION: Did you have a hand in writing the Williams article?

MR. JOHNSTON: Objection. ***Vague. I'm sure there's many Williams articles.***

THE WITNESS: ***There are a number of Williams articles.***

**Exhibit A**, Farmer Dep. at 110:5-110:11, emphasis supplied.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Exhibit 6:**

QUESTION. So you never sent Dr. Parry any samples, and he never was able to do any testing; that's true, isn't it?

MR. JOHNSTON: Objection. Foundation. ***Misstates the document.*** Go ahead.

THE WITNESS: ***That doesn't say that…***

**Exhibit A**, Farmer Dep. at 159:12-159:19, emphasis supplied.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Example 7:**

QUESTION: All right. So you're aware this study in 2008 was put in a peer-reviewed journal?

MR. JOHNSTON: Objection. ***No foundation based on this document.***

THE WITNESS: ***Yeah, I don't remember which study this is. It doesn't tell the authors, and it doesn't tell anything about the journal.***

MR. MILLER: You're coaching the witness.

MR. JOHNSTON: No I'm making a foundation objection, Counsel.

**Exhibit A**, Farmer Dep. at 259:18-260:6, emphasis supplied.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC

**Example 8:**

> QUESTION: Were you aware of that information before receiving this e-mail?
>
> MR. JOHNSTON: Objection. ***Foundation and relevance. That's not limited to glyphosate.***
>
> THE WITNESS: ***Yeah, that's what I was going to say***, this is two herbicides --…

**Exhibit A**, Farmer Dep. at 264:19-265:1, emphasis supplied.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

As of the date of filing this request, two and one half depositions have occurred: Dr. Farmer, Dr. Goldstein, and Dr. Heydens (partial).  The improper speaking objections have occurred in all three depositions.  Once Plaintiffs receive the final deposition transcripts of Dr. Goldstein and Dr. Heydens, counsel will provide further examples at the Court's request. As set forth in the Proposed Order, Plaintiffs request an Order that objections be limited to "form," "non-responsive," and "leading."  If Plaintiffs want the specific basis of the objection, Plaintiffs' counsel can ask for the specific grounds of the form objection.  Otherwise, allowing Monsanto's counsel carte blanche to engage in speaking objections will continue to lead to the suggestion of an answer.

These improper speaking objections serve to guide the witnesses' answer, are highly prejudicial, improper, unfairly taint the testimony, and must be stopped. Plaintiffs request the Court enter a Deposition Objection Order similar to the Order entered by the Honorable Ed Kinkeade in MDL 2244: In Re: Depuy Orthopaedics, Inc. Pinnacle Hip Implant Products Liability Litigation, N.D.Texas, Dallas Division. *See* **Exhibit B**[2].   Plaintiffs Proposed Order is attached as **Exhibit C**.  Defendant Monsanto Company suffers no prejudice by the relief requested herein.  On the other hand, Plaintiffs suffer extreme prejudice if the Court declines to

---

[2] In the Pinnacle Hip MDL, the Honorable Judge Kinkeade eventually ordered a Special Master to (among other things) attend depositions and preside over deposition disputes.  Plaintiffs do not herein request such an appointment but reserve the right to later request as appropriate. However, because Monsanto's counsel has already instructed witnesses not to answer a question on multiple occasions, Plaintiffs do request the instruction on when not to answer be included in the Order, as set forth in he Proposed Order.

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC

grant the relief requested because such speaking objections allow counsel to disrupt the cadence of a deposition and suggest answers to the witnesses. Again, Monsanto's attorneys have stated on the record they will not cease speaking objections absent an Order to the contrary from the Court.

**\*<u>Motion to Seal</u>:** Monsanto designated the entire Farmer deposition as Confidential pursuant to the MDL Protective Order. On January 16, 2017, Plaintiffs' challenged that wholesale designation pursuant to the paragraph 16 challenge provision contained within the Protective Order, such challenge is not yet ripe for judicial intervention. Even so, Plaintiffs sent to Monsanto the cites contained in this joint statement with a request for de-designation. Because Monsanto refused Plaintiff's request to de-designate the cite contained herein, protocol requires the redaction of the cites from this Joint Statement and for Plaintiff to file a Motion to Seal Exhibit A.

        <u>**Monsanto's Position:**</u>

      Pretrial Order No. 7, ECF No. 103, at 6, states, in language agreed to by the parties, that "[o]bjections shall be made pursuant to the Federal Rules of Civil Procedure." Under these rules, the depositions in this case have been proceeding smoothly, with standard and appropriate objections demonstrated by the snippets provided by plaintiffs themselves. Federal Rule 30(c)(2) specifically provides that objections to a deposition "must be noted on the record." This is particularly true where the questioner could cure the objection during the course of the questioning; such objections *must* be made on the record or be waived. *See* Fed. R. Civ. P. 32(d)(3). Objections that can be cured at the time of the deposition include objections regarding relevance, the form of a question, or a party's conduct. *Id.*

      Plaintiffs' request that the court limit the ability to object by using only the phrases "objection, leading" or "objection, form" is not consistent with Rule 32(d)(3). For example, the word "form" is insufficient to inform inquiring counsel the grounds of the objection in a way that permits them to cure (thereby avoiding waiver of the objection under the rule). Rule 32(d)(3) contemplates that more will be said in an effort to resolve valid objections at the deposition, while the witness is available to answer questions. Plaintiffs' proposed order shifts the burden

that Rule 32 places on the examiner to ask proper questions to the court, which must resolve later in the litigation a number of what would have been curable objections had the federal rules been followed.  The relief requested by plaintiffs is, therefore, inefficient and inappropriate— especially in a case where there is no evidence of intentional interference in the ability of plaintiffs' counsel to obtain answers to their questions.  The cases cited by plaintiffs arise in wholly different circumstances than those present here and are inapplicable.  Further, plaintiffs requested relief would deprive counsel of other objections supported by the federal rules, such as objections to questions seeking privileged communications or mandatory objections to "any other aspect of the deposition" as provided in Rule 30(c)(2) to avoid waiver.

Plaintiffs have submitted to the Court eight objections made over the course of a full-day deposition of Dr. Donna Farmer that they contend are "improper."  None of these objections constitute a lengthy monologue by defense counsel or contain substantive suggestions to the witness as to how the questions should be answered.  None of these objections materially impeded plaintiffs' counsel's ability to obtain answers to the questions they were asking.  Rather, all of the objections permitted plaintiffs' counsel an opportunity to cure the objection to the question at the deposition and were well-founded under the Federal Rules and the jointly negotiated deposition protocol in this case.

**Farmer Dep. Tr. at 110:5-11.**  The deponent was asked whether she had a hand in writing "the Williams article."  Defense counsel made a valid objection for vagueness and stated the specific issue, as required in order to provide plaintiffs' counsel an opportunity to cure and to avoid waiver.  As established in the witnesses' testimony immediately following the excerpt identified by plaintiffs, the question was vague because there are a number of different publications on glyphosate written by a "Williams" and, indeed, two different "Dr. Williams" who have authored glyphosate publications. *See* Farmer Dep. Tr. at 110:19-24.

**Farmer Dep. Tr. at 159:12-19.**  Defense counsel made a valid objection to plaintiffs' counsel's question because it misstated the contents of the document at issue, as is evident from the excerpt of the transcript immediately preceding the objection.  *See* Farmer Dep. Tr. at 159:2-11.  The objection was necessary to provide plaintiffs' counsel with an opportunity to cure the

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC

question by properly characterizing the referenced document or by asking a question clearly divorced from the context of the document being discussed.

**Farmer Dep. Tr. at 264:19-265:1.**  Defense counsel made a valid objection to foundation and relevance because plaintiffs' counsel's question referenced a second-hand discussion of a study that purported to relate broadly to "agriculture exposure to insecticides, herbicides and fumigants" generally, not to glyphosate or Roundup® specifically.  *See* Farmer Dep. Tr. at 264:9-18.  The question did not provide the witness with any foundation as to the purported study in question and, as described, was not relevant to the general causation issue in this case.

**Farmer Dep. Tr. at 104:16-105:6.**  Defense counsel made a valid, two-word objection on vagueness grounds, because plaintiffs' counsel's question mistakenly suggested that IARC had declared Roundup to be a probable carcinogen, whereas IARC's classification was solely as to glyphosate.  This objection was necessary to allow plaintiffs' counsel to cure his question by properly identifying the chemical at issue in the IARC review and in the subsequent Intertek expert analysis.

**Farmer Dep. Tr. at 259:18-260:6.**  Defense counsel made a valid objection that foundation was lacking, because plaintiffs' counsel had not identified the 2008 study referenced in his question, and the document being shown to the witness likewise did not identify the study.  *See* Farmer Dep. Tr. at 259:23-260:2.  Further, plaintiffs' counsel's use of a press article summarizing the findings of an unnamed study to try to secure testimony about some specific study not properly identified to the witness is also improper, and Rule 32(d)(3) separately requires that objections regarding conduct of counsel be placed on the record or be waived.

**Farmer Dep. Tr. at 87:14-25.**  Defense counsel made a valid objection to plaintiffs' counsel's misstatement of the witnesses' testimony, as required in order to provide an opportunity to cure and avoid waiver.  Plaintiffs' excerpt omits the witnesses' testimony directly prior to this question, the inclusion of which makes clear that plaintiffs' counsel's question entirely misstates the testimony.  *See* Farmer Dep. Tr. at 87:7-13.

**Farmer Dep. Tr. at 58:17-59:13.**  Defense counsel made a valid objection to foundation because plaintiffs' counsel's questioning was based upon a clearly marked draft document for which counsel had made no effort to lay a foundation.  This objection was necessary to provide plaintiffs' counsel an opportunity to cure.

**Farmer Dep. Tr. at 101:21-102:2.**  Defense counsel made a valid objection to a compound question that contained at least three different imbedded questions (regarding Dr. Belle's independence, the scientific research and initial review, and what might happen in a subsequent peer review).  *See* Farmer Dep. Tr. at 101:13-20.  The objection was necessary to allow plaintiffs' counsel to cure the question by breaking it down into its constituent parts.

Plaintiffs also mischaracterize Monsanto's proper objections in other depositions to date.  As shown above in connection with Dr. Farmer's deposition, these efforts should be similarly rejected.

**<u>Response to Motion to Seal</u>**:  Under Paragraph 8 of the Protective and Confidentiality Order, Monsanto has 30 days following receipt of the transcript of the deposition of Dr. Farmer in which to evaluate whether and what parts of the transcript to designate as confidential.  Monsanto's notice to the court reporter at Dr. Farmer's deposition was intended to invoke that period, so that no inadvertent disclosures are made during this protected period.  Monsanto is still evaluating what its final confidentiality designation(s) of Dr. Farmer's deposition transcript will be and will provide that information to plaintiffs within the 30 day period.  Until those final determinations have been made, including what parts are separable, Monsanto seeks to ensure that the entire transcript is treated as confidential.  There is no substantive reason for filing these discovery deposition excerpts publicly at this time because they do not inform any merits-based decision.

1

DATED: January 27, 2017                     Respectfully submitted,

2

3                                           /s/ Aimee H. Wagstaff
                                            Aimee H. Wagstaff, SBN 278480
4                                           aimee.wagstaff@andruswagstaff.com
                                            Andrus Wagstaff, P.C.
5                                           7171 West Alaska Drive
                                            Lakewood CO 80226
6                                           Ph 303-376-6360

7                                           /s/ Robin L. Greenwald
                                            Robin L. Greenwald
8                                           rgreenwald@weitzlux.com
                                            Weitz & Luxenberg
9                                           700 Broadway
                                            New York NY 10003
10                                          Ph 212-558-5500

11                                          /s/ Michael J. Miller
                                            Michael J. Miller
12                                          mmiller@millerfirmllc.com
                                            The Miller Firm LLC
13                                          108 Railroad Ave
                                            Orange VA 22960
14                                          Ph 540 672 4224

15                                          Co-Lead Counsel for Plaintiffs

16

DATED: January 27, 2017                     Respectfully submitted,

17                                          /s/ Joe G. Hollingsworth
                                            Joe G. Hollingsworth (*pro hac vice*)
18                                          (jhollingsworth@hollingsworthllp.com)
                                            Eric G. Lasker (*pro hac vice*)
19                                          (elasker@hollingsworthllp.com)
20                                          HOLLINGSWORTH LLP
                                            1350 I Street, N.W.
21                                          Washington, DC  20005
                                            Telephone:  (202) 898-5800
22                                          Facsimile:  (202) 682-1639

23
                                            Attorneys for Defendant
24                                          MONSANTO COMPANY

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC