BRIAN J. STRETCH (CABN 163973)
United States Attorney

SARA WINSLOW (DCBN 457643)
Chief, Civil Division

RAVEN M. NORRIS (CABN 232868)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6915
    FAX: (415) 436-6570
    Raven.Norris@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br><br> CASE No. 16-md-02741-VC <br><br> UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DESPOSITION OF JESS ROWLAND <br><br> Date: February 27, 2017 <br> Time: 2:00 p.m. <br> Ctrm: 4, 17th floor <br> Honorable Judge Vince Chhabria |

### I. INTRODUCTION

The United States respectfully submits this Opposition to Plaintiffs' Motion to Compel Deposition Testimony of Jess Rowland. By way of background, Plaintiffs in the above action seek an order compelling the deposition of Jess Rowland, former Deputy Division Director, Health Effects Division, Office of Pesticide Programs ("OPP"), at the Environmental Protection Agency ("EPA"). The EPA and Jess Rowland are not parties to this action. Plaintiffs' Motion should be denied for lack of proper service on the EPA in accordance with Fed. R. Civ. P. 5(b). Plaintiffs' Motion should also be denied because it is premature as they have failed to serve a subpoena on Jess Rowland or the EPA and have failed to comply with the agency's applicable "*Touhy* regulations" for requesting testimony and

documents. *See Mak v. F.B.I.*, 252 F.3d 1089, 1092-93 (9th Cir. 2001); *Dravo Corp. v. Liberty Mut. Ins. Co.*, 1995 U.S. Dist. LEXIS 12625, *5 (D. Kan. 1995). Moreover, the proper avenue for challenging the EPA's decision denying Plaintiffs' voluntary testimony request is to file a separate claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. rather than a Motion to Compel. *See Debry, et al. v. Department of Homeland Security*, 688 F.Supp.2d 1103, 1108 (S.D. Cal. 2009).

## II. PROCEDURAL BACKGROUND

On August 18, 2016, Plaintiffs' counsel submitted a voluntary testimony request to the EPA seeking testimony from Jess Rowland, a former EPA employee. Plaintiffs' Motion at p. 1. Mark Stilp, counsel for EPA, instructed Plaintiffs' counsel that the EPA's *Touhy* regulations required a formal written request before the EPA could issue a decision on the request for voluntary testimony. *Id.* On October 6, 2016, Plaintiffs' counsel submitted a written request for voluntary testimony via email. *Id.* On December 5, 2016, the EPA denied Plaintiffs' request. *Id.* at p. 2. On January 12, 2017, Plaintiffs' counsel emailed a redacted copy of the filed Motion to Compel Testimony of Jess Rowland to Mr. Stilp. *See* Declaration of Mark Stilp ("Stilp Decl."), at ¶ 3. On the same day, Mr. Stilp informed Plaintiffs' counsel that he was not authorized to accept service on behalf of the EPA and that Plaintiffs' counsel would have to follow the appropriate steps to effectuate service. *Id.* at ¶ 4. On January 13, 2017, the undersigned informed Plaintiffs' counsel that the United States objected to the Motion as noticed and for failure to properly serve a copy on the EPA. To date, Plaintiffs have not properly served either the EPA or Jess Rowland with an unredacted copy of the Motion and attached exhibits or a subpoena for testimony.

## III. LEGAL BACKGROUND

Pursuant to the "Housekeeping Statute," 5 U.S.C. § 301, federal agencies have promulgated regulations governing the production of testimony or documents pursuant to a subpoena. These regulations are known as "*Touhy*" regulations, after the United States Supreme Court decision in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). In *Touhy,* the Supreme Court held that a court cannot compel a federal agency employee to provide information and documents in contravention of applicable regulations.   340 U.S. at 468-70.

The EPA's *Touhy* regulations relating to testimony in proceedings in which the EPA is not a

UNITED STATES OPPOSITION TO MOTION TO COMPEL
CASE NO. 16-MD-02741-VC                                       2

party are found at 40 C.F.R § 2.401-6. The EPA's regulations provide that "The purpose of this [regulation] is to ensure that employees' official time is used only for official purposes, to maintain the impartiality of EPA among private litigants, to ensure that public funds are not used for private purposes and to establish procedures for approving testimony or production of documents when clearly in the interests of EPA." 40 C.F.R. § 2.401(c). The subsection governing testimony provides that "no EPA employee may provide testimony or produce documents in any proceeding to which this subpart applies concerning information acquired in the course of performing official duties or because of the employee's official relationship with EPA, unless authorized by the General Counsel or his designee under §§ 2.403 through 2.406." 40 C.F.R. § 2.402(b).  Pursuant to these regulations, a party seeking testimony from an EPA employee may obtain approval from the EPA by: (1) requesting voluntary testimony pursuant to 40 C.F.R. § 2.403 and (2) issuing a subpoena for testimony to be considered by the EPA pursuant to 40 C.F.R. § 2.404.  Section 2.403 states that "[a] request for [voluntary] testimony by an EPA employee under § 2.402(b) must be in writing and must state the nature of the requested testimony and the reasons why the testimony would be in the interests of EPA." 40 C.F.R. § 2.403(a). Section 2.404, which governs subpoenaed employee testimony, states that "[c]opies of subpoenas must immediately be sent to the General Counsel or his designee with the recommendations of the employee's supervisors. The General Counsel or his designee, in consultation with the appropriate Assistant Administrator, Regional Administrator or Staff Office Director, determines whether compliance with the subpoena would clearly be in the interests of EPA and responds as soon as practicable." 40 C.F.R. § 2.404(a).

## IV.   ARGUMENT

### A.   PLAINTIFFS' MOTION TO COMPEL SHOULD BE DISMISSED FOR LACK OF PROPER SERVICE

Plaintiffs failed to properly serve and notice the Motion on the EPA in accordance with the Federal Rules of Civil Procedure.  Pursuant to Civil Local Rule 5-1(h)(2), a moving party must serve any non-ECF participants with a paper copy of the document as required under the Federal Rules of Civil Procedure.  See Civ. L. R. 5-1(h)(2).   The Federal Rules of Civil Procedure permit parties to serve pleadings and motions by electronic means. *See* Fed. R. Civ. P. 5(b)(2)(E)-(F).  But electronic service is only permitted if the person or entity being served consents in writing. *Id.*  Here, Plaintiffs' counsel

emailed a redacted version of the Motion to Compel without exhibits to EPA counsel on January 12, 2017.  *See* Stilp Decl. at ¶ 3.  EPA counsel informed Plaintiffs' counsel that the he could not accept service in that manner.  *See id.* at ¶ 4.  On January 13, 2017, the undersigned also informed Plaintiffs' counsel that the EPA objected to the Motion as noticed and for failure to properly serve the Motion on the EPA.  To date, Plaintiffs' counsel has not served the EPA by any other means or provided an unredacted version of the Motion with Exhibits to the EPA.  *See* Fed. R. Civ. P. 5(b)(2)(A)-(C). Accordingly, Plaintiffs' Motion to Compel should be dismissed for lack of proper service pursuant to Fed. R. Civ. P. 5(b)(2).

### B.  PLAINTIFFS' MOTION IS PREMATURE

Plaintiffs' Motion should be denied as premature because Plaintiffs have not served a subpoena on the EPA or Mr. Rowland and they failed to comply with the EPA's *Touhy* regulations relating to subpoenaed testimony.  *Newell v. County of San Diego*, 2013 WL 4774767, at *3 (S.D. Cal. Sept. 5, 2013); *Lopez v. Chertoff*, 2009 WL 1575209, at *1-2 (E.D. Cal. June 2, 2009).  Further, Plaintiffs' proper avenue for challenging the EPA's denial of their voluntary testimony request is through a separately filed APA claim rather than a Motion to Compel.  *See Mak*, 252 F.3d at 1092-93.

It is well settled that the Court lacks authority to compel compliance absent a properly served subpoena.  *Newell*, 2013 WL 4774767, at *3, fn 1 (S.D. Cal. Sept. 5, 2013).  Federal Rule of Civil Procedure ("FRCP") 45 governs subpoenas issued to third parties. A subpoena is required to procure testimony or documents from one who is not a party to the action or controlled by a party to the action. FRCP 45. FRCP 45(b)(1).  Service of a subpoena must be made by personally delivering a copy to the person being served, and there is no substitute service. *See Prescott v. County of Stanislaus*, 2012 WL 10617, *3 (E.D.Cal. Jan.3, 2012) (stating that "[p]ersonal service of a deposition subpoena is required by Fed.R.Civ.P. 45(b)(1).").  Numerous courts, including in this district, refuse to compel testimony if the issuing party fails to properly serve the subpoena on the non-party.  *See Fujikura Ltd. v. Finisar Corporation*, 2015 WL 5782351, *5 (N.D.Cal. Oct. 5, 2015) (finding no authority to compel deposition testimony absent a properly served subpoena); *San Francisco BART Dist. v. Spencer*, 2006 WL 2734284, at *1 (N.D. Cal. Sept. 25, 2006) (Ilston, J.) (granting Motion to Quash on the basis that Plaintiff's failed to properly serve a subpoena.); *Conforto v. Mabus*, 2014 WL 12560881, * 8 (S.D. Cal.

1   Sept. 24, 2014) ("Plaintiff has not provided a citation to any authority indicating that the Court has the
2   ability to compel the deposition of a non-party witness who has not been subpoenaed…. in fact, the case
3   law indicates that the Court does not have this authority."). Notably, in *Newell v. County of San Diego*,
4   the district court refused to grant an unopposed Motion to Compel because Plaintiff failed to properly
5   serve the subpoena on the non-party witness. *Newell*, 2013 WL 4774767, at *3. The Court noted that
6   there is no authority for a Court to compel compliance where the subpoena is not properly served on the
7   relevant party. *Id*. Similarly, here, the Court cannot compel testimony where Plaintiffs have not served
8   a subpoena on the EPA or Jess Rowland.

9   Plaintiffs reliance on *U.S. ex rel. Lewis v. Walker*, 2009 WL 2611522 (M.D.Ga. 2009), for the
10  proposition that the formal issuance of a subpoena is not necessary to make a *Touhy* denial ripe for
11  review is misplaced and conflates the finding of the district court in that case. In *Walker*, plaintiffs
12  served a subpoena for testimony on the EPA but agreed to withdraw the subpoena in order to comply
13  with the agency's *Touhy* regulations. *See Walker*, 2009 WL 2611522, at * 5. The Court found that the
14  issuance of a second subpoena was unnecessary because the EPA denied the initial subpoena request as
15  a final agency decision, and issuing a second identical subpoena would have been superfluous in light of
16  the final agency decision. *Id.* By contrast here, Plaintiffs never served a subpoena on the EPA or Jess
17  Rowland for consideration under its *Touhy* regulations. Thus, unlike *Walker*, there is no basis for the
18  Court to compel testimony where Plaintiffs never served a subpoena on the agency or the employee and
19  have also failed to serve an unredacted copy of the Motion to Compel on the EPA or Jess Rowland.

20  Plaintiffs' action is also premature because they did not pursue a request for subpoenaed
21  testimony under the separate EPA *Touhy* regulations relating to subpoenaed testimony. While *Touhy*
22  regulations do not create an absolute privilege for the agency to withhold testimony or documents,
23  *Touhy* "does allow an agency to choose who may disclose the information and the procedure to be
24  followed for the disclosure." *United States v. Hansen*, 123 F.3d 1226, 1237 (9th Cir. 1997) (overruled
25  on other grounds) (citing *Touhy*, 340 U.S. at 469-70). Here, the EPA regulations provide two avenues
26  for seeking testimony from EPA employees. In addition to seeking voluntary testimony, Plaintiffs may
27  issue a subpoena for testimony. 40 C.F.R. § 2.404. The EPA will consider the subpoena request and
28  issue a decision on the request as soon as practicable. *Id.* As Plaintiffs did not serve a subpoena on the

EPA or Jess Rowland, they have not complied with the procedures set forth in 40 C.F.R. § 2.404. Plaintiffs should be required to pursue this alternative administrative option of requesting EPA approval for subpoenaed testimony before seeking review in this Court. *Hansen*, 123 F.3d at 1237; *Lopez v. Chertoff*, 2009 WL 1575209, at *1-2 (E.D. Cal. June 2, 2009) (denying motion to compel where agency refused to comply with subpoena until the requesting party complied with the proper procedures); *Dravo Corp. v. Liberty Mut. Ins. Co.*, 1995 U.S. Dist. LEXIS 12625, *5 (D. Kan. 1995) (finding Plaintiff's challenge to the EPA's decision denying a request for subpoenaed testimony premature because Plaintiffs failed to comply with the agency rules relating to subpoenaed testimony.).

Finally, Plaintiffs' Motion should be denied because a Motion to Compel is not the proper avenue for relief. It is well settled that the proper avenue for review of an agency action is through filing a separate APA action under 5 U.S.C. § 701 et seq. *See Debry,* 688 F.Supp at 1108; *See also Mak,* 252 F.3d at 1090. Here, in order to challenge the EPA's denial of voluntary testimony, Plaintiffs' sole avenue of judicial review rests not in a Motion to Compel but rather in a separate APA action.[1]

Dated: February 8, 2017                                   Respectfully submitted,

                                                          BRIAN J. STRETCH
                                                          United States Attorney


                                                   By:    /s/ Raven Norris
                                                          RAVEN M. NORRIS
                                                          Assistant United States Attorney

                                                          Attorneys for the United States of America

---

[1] The United States argues that dismissal of the Plaintiffs' Motion is warranted on the grounds that it is premature and procedurally defective. But the government does not waive any argument that Plaintiffs have failed to show that the EPA's denial of their informal request for voluntary testimony was arbitrary and capricious under the deferential standard of review accorded agency determinations. *See Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. USDA,* 499 F.3d 1108 (9th Cir. 2007). In the event the Court determines that the instant motion is not premature, the United States requests that the Court permit the United States an opportunity to submit a response addressing the substantive merits of Plaintiffs' allegations after receipt of an unredacted copy of the Motion to Compel or within two weeks of the Court's order, whichever is later.