# Timothy Litzenburg

| | |
|---|---|
| **From:** | Stilp, Mark <Stilp.Mark@epa.gov> |
| **Sent:** | Tuesday, October 04, 2016 3:20 PM |
| **To:** | Timothy Litzenburg |
| **Subject:** | Testimony from EPA / Jess Rowland |

Timothy-

After sending an email to you this morning, I re-reviewed your original request (pasting below) and determined that the Agency needs additional information and/or a formal written request (OK to send by email) from you before making a decision and providing a formal response.

To make a decision and provide a response that properly follows the Agency's "*Touhy*" Regulations (also pasting below), the Agency needs information such as:
-Name, case number, jurisdiction etc. of underlying case(s),
-Form of testimony being requested (discovery depo vs. trial depo? in person?),
-Proposed date, time, location and duration of depo
-Subject matter/scope of depo, and (as noted in the email I sent to you this morning),
-Explanation as to why voluntarily participating in the depo is clearly in EPA's interest.


Please feel free to give me a call with any questions or concerns. Thanks.

-Mark Stilp

Mark Stilp  |  Attorney-Adviser  |  Office of General Counsel  |  U.S. Environmental Protection Agency  |  1200 Pennsylvania Ave. NW  |  Washington, DC 20460  |  mail code: 2377A  |  office: 202.564.4845  |  cell: 202.839.1889

**Your Original Request:**

**From:** Timothy Litzenburg <TLitzenburg@MillerFirmLLC.com>
**Date:** August 10, 2016 at 2:58:01 PM EDT
**To:** "'blake.wendy@epa.gov'" <blake.wendy@epa.gov>
**Cc:** Jeffrey Travers <JTravers@millerfirmllc.com>
**Subject: Deposition of Jess Rowland**

Ms. Blake,

Good afternoon.  I represent about a thousand people with non Hodgkin lymphoma which developed after exposure to Monsanto's Roundup.  You are surely aware of the "accidental" release of the "final" report by CARC on this chemical earlier in the year, and Jess Rowland's retirement from EPA several days after that.   We need to take the deposition of Mr. Rowland regarding the particulars of his relationship with Monsanto and his work on this chemical.  Please secure for us the necessary permissions, so we can do this quietly and at a convenient time and location; I believe the deposition will happen regardless, but would prefer we do it by agreement, thanks.

Timothy


**EPA Regulations:**

**§ 2.401 Scope and purpose.**
This subpart sets forth procedures to be followed when an EPA employee is requested or subpoenaed to provide testimony concerning information acquired in the course of performing official duties or because of the employee's official status. (In such cases, employees must state for the record that their testimony does not necessarily represent the official position of EPA. If they are called to state the official position of EPA, they should ascertain that position before appearing.) These procedures also apply to subpoenas duces tecum for any document in the possession of EPA and to requests for certification of copies of documents.

(a) These procedures apply to:

(1) State court proceedings (including grand jury proceedings);

(2) Federal civil proceedings, except where the United States, EPA or another Federal agency is a party; and

(3) State and local legislative and administrative proceedings.

(b) These procedures do not apply:

(1) To matters which are not related to EPA;

(2) To Congressional requests or subpoenas for testimony or documents;

(3) Where employees provide expert witness services as approved outside activities in accordance with 40 CFR part 3, subpart E (in such cases, employees must state for the record that the testimony represents their own views and does not necessarily represent the official position of EPA);

(4) Where employees voluntarily testify as private citizens with respect to environmental matters (in such cases, employees must state for the record that the testimony represents their own views and does not necessarily represent the official position of EPA).

(c) The purpose of this subpart is to ensure that employees' official time is used only for official purposes, to maintain the impartiality of EPA among private litigants, to ensure that public funds are not used for private purposes and to establish procedures for approving testimony or production of documents when clearly in the interests of EPA.

**§ 2.402 Policy on presentation of testimony and production of documents.**
(a) With the approval of the cognizant Assistant Administrator, Office Director, Staff Office Director or Regional Administrator or his designee, EPA employees (as defined in 40 CFR 3.102 (a) and (b)) may testify at the request of another Federal agency, or, where it is in the interests of EPA, at the request of a State or local government or State legislative committee.

(b) Except as permitted by paragraph (a) of this section, no EPA employee may provide testimony or produce documents in any proceeding to which this subpart applies concerning information acquired in the course of performing official duties or because of the employee's official relationship with EPA, unless authorized by the General Counsel or his designee under §§ 2.403 through 2.406.

**§ 2.403 Procedures when voluntary testimony is requested.**
A request for testimony by an EPA employee under § 2.402(b) must be in writing and must state the nature of the requested testimony and the reasons why the testimony would be in the interests of EPA. Such requests are immediately sent to the General Counsel or his designee (or, in the case of employees in the Office of Inspector General, the Inspector General or his designee) with the recommendations of the employee's supervisors. The General Counsel or his designee, in consultation with the appropriate Assistant Administrator, Regional Administrator, or Staff Office Director (or, in the case of employees in the Office of Inspector General, the Inspector General or his designee),

determines whether compliance with the request would clearly be in the interests of EPA and responds as soon as practicable.

### § 2.404 Procedures when an employee is subpoenaed.

(a) Copies of subpoenas must immediately be sent to the General Counsel or his designee with the recommendations of the employee's supervisors. The General Counsel or his designee, in consultation with the appropriate Assistant Administrator, Regional Administrator or Staff Office Director, determines whether compliance with the subpoena would clearly be in the interests of EPA and responds as soon as practicable.

(b) If the General Counsel or his designee denies approval to comply with the subpoena, or if he has not acted by the return date, the employee must appear at the stated time and place (unless advised by the General Counsel or his designee that the subpoena was not validly issued or served or that the subpoena has been withdrawn), produce a copy of these regulations and respectfully refuse to provide any testimony or produce any documents. United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

(c) Where employees in the Office of Inspector General are subpoenaed, the Inspector General or his designee makes the determination under paragraphs (a) and (b) of this section in consultation with the General Counsel.

(d) The General Counsel will request the assistance of the Department of Justice or a U.S. Attorney where necessary to represent the interests of the Agency and the employee.

### § 2.405 Subpoenas duces tecum.

Subpoenas duces tecum for documents or other materials are treated the same as subpoenas for testimony. Unless the General Counsel or his designee, in consultation with the appropriate Assistant Administrator, Regional Administrator or Staff Office Director (or, as to employees in the Office of Inspector General, the Inspector General) determines that compliance with the subpoena is clearly in the interests of EPA, the employee must appear at the stated time and place (unless advised by the General Counsel or his designee that the subpoena was not validly issued or served or that the subpoena has been withdrawn) and respectfully refuse to produce the subpoenaed materials. However, where a subpoena duces tecum is essentially a written request for documents, the requested documents will be provided or denied in accordance with subparts A and B of this part where approval to respond to the subpoena has not been granted.

### § 2.406 Requests for authenticated copies of EPA documents.

Requests for authenticated copies of EPA documents for purposes of admissibility under 28 U.S.C. 1733 and Rule 44 of the Federal Rules of Civil Procedure will be granted for documents which would otherwise be released pursuant to subpart A. For purposes of Rule 44 the person having legal custody of the record is the cognizant Assistant Administrator, Regional Administrator, Staff Office Director or Office Director or his designee. The advice of the Office of General Counsel should be obtained concerning the proper form of authentication.

Mark Stilp  |  Attorney-Adviser  |  Office of General Counsel  |  U.S. Environmental Protection Agency  |  1200 Pennsylvania Ave. NW  |  Washington, DC 20460  |  mail code: 2377A  |  office: 202.564.4845  |  cell: 202.839.1889

---

**From:** Stilp, Mark
**Sent:** Tuesday, October 04, 2016 10:02 AM
**To:** 'TLitzenburg@millerfirmllc.com' <TLitzenburg@millerfirmllc.com>
**Subject:** Voicemail follow up regarding Jess Rowland Testimony

Hi Timothy-

3

I received a voicemail from you a few weeks ago about your request for testimony from former EPA employee Jess Rowland. I apologize for the delay in getting back to you. I was out of the country the past two weeks.

I continue to work on getting a response to your request.

When we spoke on the phone, you explained why, in your opinion, this testimony would be in the Agency's best interest. Will you respond to this email and put that explanation in writing for me?

Thanks.

-Mark Stilp

Mark Stilp  |  Attorney-Adviser  |  Office of General Counsel  |  U.S. Environmental Protection Agency  |  1200 Pennsylvania Ave. NW  |  Washington, DC 20460  |  mail code: 2377A  |  office: 202.564.4845  |  cell: 202.839.1889

---

**Total Control Panel**                                                                                                   Login

To: tlitzenburg@millerfirmllc.com          Message Score: 15                    High (60): Pass
From: stilp.mark@epa.gov                   My Spam Blocking Level: Medium       Medium (75): Pass
                                                                                Low (90): Pass

                                           Block this sender
                                           Block epa.gov

*This message was delivered because the content filter score did not exceed your filter level.*