**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
Robert E. Johnston (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
            elasker@hollingsworthllp.com
            rjohnston@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 16-md-02741-VC |
| This document relates to: ALL ACTIONS | |

**DECLARATION OF ROBYN D. BUCK IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND MONSANTO'S RELATED MOTION TO MAINTAIN CONFIDENTIALITY**

I, Robyn D. Buck, hereby declare as follows:

1. I am employed by Defendant Monsanto Company ("Monsanto") as Litigation Counsel. I submit this declaration in support of Plaintiffs' Administrative Motion to File Under Seal ("Motion to Seal"), dated February 8, 2017, Monsanto's Response in Support, and Monsanto's Related Motion to Maintain Confidentiality. Except as otherwise noted, I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently to these matters.

2. The Motion to Seal seeks to file under seal nine documents and selected excerpts from a deposition transcript that plaintiffs attach as exhibits to and quote and characterize within their Submission in Response to Pretrial Order No. 8 ("Pls.' Submission"). The nine documents produced to plaintiffs in discovery and the excerpts of Donna Farmer's deposition transcript have

1  been designated as "Confidential" by Monsanto pursuant to the Protective and Confidentiality
2  Order issued by this Court on December 9, 2016 (ECF No. 64).  Each of these documents
3  contains information that individuals working for Monsanto are required to maintain as
4  confidential, and there is no information that any of these documents has been publicly disclosed
5  at this time.  Public disclosure of these documents could harm Monsanto by revealing proprietary
6  business information, internal processes, procedures, and strategies.  Further, the ability of
7  employees to speak freely in developing and implementing business and/or regulatory strategy
8  and goals would be inhibited if documents that have not been used for a merits-based litigation
9  decision nevertheless become subject to public disclosure.  Moreover, such disclosure of
10 statements of particular employees at a single point in time that may or may not reflect the true
11 facts as they occurred could result in public disclosure of out-of-context statements with the
12 potential to prejudice the litigation and create misleading impressions in the mind of the public
13 and potential jurors.  In addition to these general reasons for sealing, additional specific reasons
14 are provided below for the documents at issue.
15        3.     <u>Pls.' Submission Exhibit 4 (MONGLY 00977035-36)</u> is an email chain between a
16 Monsanto employee, an outside consultant, and employees for related third-party companies.
17 The non-party consultant provides a strategic report and expressly requests that Monsanto
18 maintain the confidentiality of his comments.  Public disclosure of this document would cause
19 harm to Monsanto by revealing the substance of its communications with outside consultants as
20 well as its internal processes and procedures for handling confidential correspondence with such
21 consultants, which would cause it competitive harm by providing helpful information on key
22 consultants to competitors.  Monsanto also would be harmed by disclosure of this document
23 because Monsanto has a significant business interest in maintaining relationships with outside
24 consultants and other companies that are conducted with the assumption of confidentiality and
25 betraying those expectations of confidentiality would impair Monsanto's ability to work with
26 such individuals and entities in the future.  Disclosure also would harm the privacy and
27 reputational interests of non-parties who cannot protect their interests before the Court.  Because
28 Pls.' Submission Exhibit 4  contains sensitive, non-public information, Monsanto respectfully

requests that the Court allow plaintiffs to file it under seal, and Monsanto also requests that it be maintained under seal indefinitely.

4. <u>Pls.' Submission Exhibit 5 (MONGLY01228577)</u> is a draft PowerPoint presentation that has been labeled internally as "Monsanto Company Confidential Information." It outlines in detail a confidential, proposed strategic business plan as of May 11, 2015 for potential business actions after the publication of the IARC monograph, including names of potential outside consultants, names of internal key contacts, and financial projections for each proposed action. Public disclosure of this document would harm Monsanto because it reveals in detail Monsanto's internal strategic planning, its financial projections, its internal organizational structure, and its processes and procedures for protecting its business interests, all of which would be of interest to competitors. Moreover, it would leave the public impression that this plan was followed and would potentially require Monsanto to publicly put the contents into appropriate context outside of the confines of this litigation. Redaction of this document would leave nothing of substance. Because Pls.' Submission Exhibit 5 contains sensitive, non-public information, Monsanto respectfully requests that the Court allow plaintiffs to file it under seal, and Monsanto also requests that it be maintained under seal indefinitely.

5. <u>Pls.' Submission Exhibit 7 (MONGLY1192115 and Farmer deposition transcript at 49:21-50:25; 51:22-52:12)</u>: The document is an internal email chain analyzing an article on glyphosate and discussing strategy for a possible response. The deposition transcript excerpts quote from and reference this email chain. Public disclosure of both the document and the transcript excerpts would harm Monsanto because it reveals proprietary processes, procedures, and strategy that could be of benefit to its competitors. In addition, selective and out-of-context disclosure of this email and the related deposition testimony may give rise to public misconceptions that Monsanto would have to correct outside of the context of this litigation, and such misconceptions would cause harm to Monsanto's business reputation. Redaction of the document would leave little of substance. Monsanto's excerpts seek a targeted redaction of the deposition transcript pages filed and quoted by plaintiffs. Because Pls.' Submission Exhibit 7 contains sensitive, non-public information, Monsanto respectfully requests that the Court allow

1  plaintiffs to file the document and transcript excerpts under seal, and Monsanto also requests that
2  they be maintained under seal indefinitely.

3      6.    <u>Pls.' Submission Exhibit 9 includes two documents: MONGLY02054538-40 and
4  MONGLY03416927</u>.  MONGLY02054538-40 is an internal email chain in which Monsanto
5  employees strategize regarding a potential meeting with the U.S. Environmental Protection
6  Agency ("EPA"), Monsanto's primary federal regulator, regarding a review of glyphosate
7  epidemiology studies.  The earliest email is from an EPA employee forwarding information
8  about an upcoming meeting as part of the glyphosate Registration Review.  Public disclosure of
9  this document would cause harm to Monsanto by revealing Monsanto's internal strategies and
10 processes for assessing potential scientific and regulatory actions and its approach to
11 communications with the EPA.  The document could be redacted to remove solely the top,
12 internal email.  MONGLY03416927 is an email chain in which Monsanto employees correspond
13 with EPA regarding the provision of additional studies.  Public disclosure of this document
14 would harm Monsanto because it reveals non-public information about the company's
15 confidential research, which would be helpful information for competitors.  The document could
16 be redacted to remove solely the May 17, 2016 9:18 AM email in the chain.  Disclosure of either
17 document would put a chill on such necessary regulatory communications and thereby harm
18 Monsanto's ability to effectively communicate with its regulators; such effective communication
19 benefits not just Monsanto but also the public.  There is also no public interest in these
20 documents because they were submitted with a filing that does not go to the merits of this case
21 and they also bear no relation to the issue at hand, general causation.  Because Pls.' Submission
22 Exhibit 9 contains sensitive, non-public information, Monsanto respectfully requests that the
23 Court allow plaintiffs to file a redacted version of the two documents under seal, and Monsanto
24 also requests that they be maintained under seal indefinitely.

25     7.    <u>Pls.' Submission Exhibit 10 (MONGLY03410604 at 3410607)</u> is an email chain
26 in which Monsanto employees correspond with EPA regarding data submissions for regulatory
27 review.  Public disclosure of this document would harm Monsanto because it reveals non-public
28 information about the company's confidential research and how it communicates with regulators,

1  which would be helpful information for competitors.  Disclosure of this document would put a
2  chill on such necessary regulatory communications and thereby harm Monsanto's ability to
3  effectively communicate with its regulators; such effective communication benefits not just
4  Monsanto but also the public.  There is also no public interest in this document because it was
5  submitted with a filing that does not go to the merits of this case and it also bears no relation to
6  the issue at hand, general causation.  Because Pls.' Submission Exhibit 10 contains sensitive,
7  non-public information, Monsanto respectfully requests that the Court allow plaintiffs to file it
8  under seal, and Monsanto also requests that it be maintained under seal indefinitely.

9       8.   Pls.' Submission Exhibit 11 (MONGLY02145917) is an internal email chain
10 discussing the planning and strategy of a certain scientific paper, acquiring outside consultants,
11 suggesting their compensation, and seeking the approval of other member companies in the
12 Regulatory Working Group of the GTF.  Public disclosure of this document would harm
13 Monsanto because it would reveal non-public information regarding its business strategies
14 involving consultants and the confidential processes and procedures of an industry working
15 group, whose members share a mutuality of interest and expect confidentiality as part of their
16 membership.  Monsanto also would be harmed by disclosure of this document because Monsanto
17 has a significant business interest in maintaining relationships with the working group and its
18 constituent companies that are conducted with the assumption of confidentiality and betraying
19 those expectations of confidentiality would impair Monsanto's ability to work with such entities
20 in the future.  Disclosure also would harm the privacy and reputational interests of non-parties
21 who cannot protect their interests before the Court.  Redaction of this document would leave
22 nothing of substance.  Because Pls.' Submission Exhibit 11 contains sensitive, non-public
23 information, Monsanto respectfully requests that the Court allow plaintiffs to file it under seal,
24 and Monsanto also requests that it be maintained under seal indefinitely.

25      9.   Pls.' Submission Exhibit 12 (MONGLY00977264) is an internal email chain in
26 which Monsanto employees discuss strategy, post-IARC, regarding glyphosate.  Earlier emails in
27 the chain also reveal confidential communications with outside consultants.  Public disclosure of
28 this document would harm Monsanto by revealing its proprietary practices, procedures, and

1  strategic planning in protecting its business interests, and revealing the persons who were
2  involved in that strategic planning, which would provide useful information to competitors.
3  Disclosure also would harm Monsanto by revealing its internal processes and procedures for
4  handling confidential correspondence with consultants, and the substance of such confidential
5  communications, which would cause it competitive harm by providing helpful information on
6  key consultants to competitors.  Monsanto also would be harmed by disclosure of this document
7  because Monsanto has a significant business interest in maintaining relationships with outside
8  consultants that are conducted with the assumption of confidentiality and betraying those
9  expectations of confidentiality would impair Monsanto's ability to work with such individuals in
10 the future.  Disclosure also would harm the privacy and reputational interests of non-parties who
11 cannot protect their interests before the Court.  Redaction of this document would leave nothing
12 of substance.  Because Pls.' Submission Exhibit 12 contains sensitive, non-public information,
13 Monsanto respectfully requests that the Court allow plaintiffs to file it under seal, and Monsanto
14 also requests that it be maintained under seal indefinitely.
15     10.     Pls.' Submission Exhibit 13 (MONGLY01009950) is an internal email in which
16 Monsanto employees strategize on what to include in a certain scientific study.  Public disclosure
17 of this document would harm Monsanto because it reveals proprietary processes, procedures, and
18 strategy that could be of benefit to its competitors.  There is also no public interest in this
19 document because it was submitted with a filing that does not go to the merits of this case and it
20 also bears no relation to the question of general causation.  Therefore, its disclosure would serve
21 only to oppress and harass Monsanto.  Redaction of this document would leave nothing of
22 substance.  Because Pls.' Submission Exhibit 13 contains sensitive, non-public information,
23 Monsanto respectfully requests that the Court allow plaintiffs to file it under seal, and Monsanto
24 also requests that it be maintained under seal indefinitely.
25     I hereby declare under penalty of perjury that the facts set forth herein are true and
26 correct.  Executed this 10th day of February 2017 in St. Louis, Missouri.
27
28

_____
ROBYN D. BUCK

- 7 -
BUCK DECL. ISO PLAINTIFFS' ADMIN. MOT. TO FILE UNDER SEAL
16-md-02741-VC