**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:      202-898-5800
Fax:      202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC |
| This document relates to: <br><br> *Gebeyehou v. Monsanto Co.*, *et al.* <br> Case No. 3:16-cv-05813-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Sioum Gebeyehou's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Monsanto answers plaintiff's allegations only as to Monsanto and not other alleged defendants.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      The allegations in paragraph 2 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

3. In response to the allegations in paragraph 3, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings. Monsanto also admits that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that paragraph 8 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

4. The allegations in paragraph 4 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4.

5. Monsanto admits the allegations in paragraph 5.

6. The allegations in paragraph 6 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 6.

7. The allegations in paragraph 7 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits that venue is proper in the Northern District of California based upon the allegations in plaintiff's Complaint.

8. Monsanto denies that exposure to Roundup®-branded products did or could have caused plaintiff's alleged non-Hodgkin's Lymphoma and related medical concerns. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 8 and therefore denies those allegations.

9. Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis, Missouri. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world. Monsanto states that the remaining allegations in paragraph 9 are vague and that it accordingly lacks information or

1  knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

2  denies those allegations.

3      10.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4  truth of the allegations asserted in paragraph 10 and therefore denies those allegations.

5      11.    The allegations in paragraph 11 comprise attorney characterizations and are

6  accordingly denied.  Throughout this answer, Monsanto answers plaintiff's allegations only as to

7  Monsanto and not other alleged defendants.

8      12.    In response to the allegations in paragraph 12, Monsanto admits that it sells

9  Roundup®-branded products in California, including Alameda County.

10     13.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11  truth of the allegations asserted in paragraph 13 and therefore denies those allegations.

12     14.    The allegations in paragraph 14 are vague and conclusory and comprise attorney

13  characterizations and are accordingly denied.

14     15.    The allegations in paragraph 15 are vague and conclusory and comprise attorney

15  characterizations and are accordingly denied.

16     16.    Monsanto admits the allegations in paragraph 16.

17     17.    Monsanto admits that it is authorized to do business in California.  The remaining

18  allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations

19  and are accordingly denied.

20     18.    The allegations in paragraph 18 set forth conclusions of law for which no

21  response is required.

22     19.    The allegations in paragraph 19 are incomplete and incomprehensible and

23  therefore are denied.

24     20.    Monsanto admits the allegations in paragraph 20.

25     21.    Monsanto admits the allegations in paragraph 21.

26     22.    Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants

27  and weeds.  Monsanto states that the remaining allegations in paragraph 22 are vague and

28  ambiguous and that it lacks information or knowledge sufficient to form a belief as to the truth of

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-05813-VC

1   the remaining allegations and therefore denies those allegations.

2         23.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

3   The remaining allegations in paragraph 23 comprise attorney characterizations and are

4   accordingly denied.

5         24.     Monsanto admits the allegations in paragraph 24.

6         25.     Monsanto generally admits the allegations in paragraph 25, but denies the

7   allegations in paragraph 25 to the extent that they suggest that glyphosate is present in any plants

8   at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

9   EPA.

10        26.     Monsanto lacks information or knowledge sufficient to form a belief as to the

11  truth of the allegations asserted in paragraph 26 and therefore denies those allegations.

12        27.     Monsanto admits that it is the leading producer of seeds that contain the Roundup

13  Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

14  farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

15  belief as to the accuracy of the specific numbers and statistics provided in the remaining

16  sentences of paragraph 27 and therefore denies those allegations.  Monsanto denies the

17  remaining allegations in paragraph 27.

18        28.     Monsanto admits the allegations in paragraph 28.

19        29.     Monsanto admits that Roundup®-branded products have been used by farmers for

20  approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

21  properties and denies the remaining allegations in paragraph 29.

22        30.     The allegations in paragraph 30 set forth conclusions of law for which no

23  response is required.  To the extent that a response is deemed required, Monsanto admits the

24  allegations in paragraph 30.

25        31.     In response to the allegations in paragraph 31, Monsanto admits that EPA requires

26  registrants of herbicides to submit extensive data in support of the human health and

27  environmental safety of their products and further admits that EPA will not register or approve

28  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-05813-VC

allegations in paragraph 31 set forth conclusions of law for which no response is required.

32.     The allegations in paragraph 32 set forth conclusions of law for which no response is required.

33.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of California for sale and distribution.

34.     In response to the allegations in paragraph 34, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 34 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 34 set forth conclusions of law for which no answer is required.

35.     Monsanto denies the allegations in paragraph 35 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory reviews of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     In response to the allegations in paragraph 36, Monsanto admits that EPA has undertaken a review of glyphosate and further admits that EPA has not released its findings. Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/

*(Footnote continued)*

1   2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which

2   CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic

3   to Humans."[2]  Monsanto lacks information or knowledge sufficient to form a belief as to the

4   truth of the remaining allegations in paragraph 36 and therefore denies those allegations.

5       37.     In response to the allegations in paragraph 37, Monsanto admits that the New

6   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

7   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

8   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

9   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

10  the subparts purport to quote a document, the document speaks for itself and thus does not

11  require any further answer.  The remaining allegations in paragraph 37 are vague and conclusory

12  and comprise attorney characterizations and are accordingly denied.

13      38.     In response to the allegations in paragraph 38, Monsanto admits it entered into an

14  assurance of discontinuance with the New York Attorney General.  The assurance speaks for

15  itself and thus does not require any further answer.  The remaining allegations in paragraph 38

16  are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17      39.     Monsanto denies the allegations in paragraph 39.

18      40.     In response to the allegations in paragraph 40, Monsanto admits that the French

19  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

20  that it "left the soil clean," but denies the allegations in paragraph 40 to the extent that they

21  suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

22  cancer.  Monsanto denies the remaining allegations in paragraph 40.

23      41.     Monsanto denies the allegations in paragraph 41.

24

25  document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in
    anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
    potential.

26  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
27  U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the
    Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
28  Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-05813-VC

42.     In response to the allegations in paragraph 42, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 42 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 and therefore denies those allegations.

43.     Monsanto admits the allegations in paragraph 43.

44.     In response to the allegations in paragraph 44, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 44 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

45.     Monsanto states that the term "toxic" as used in paragraph 45 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 45.

46.     Monsanto admits the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 48 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 50 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

1   paragraph 50.

2        51.     Monsanto denies the allegations in paragraph 51.

3        52.     In response to the allegations in paragraph 52, Monsanto states that the cited

4   document speaks for itself and does not require a response.  To the extent that paragraph 52

5   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

6   paragraph 52.

7        53.     In response to the allegations in paragraph 53, Monsanto states that the cited

8   document speaks for itself and does not require a response.  To the extent that paragraph 53

9   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

10   paragraph 53.

11        54.     Monsanto denies the allegation that the cited studies support the allegation that

12   glyphosate or Roundup®-branded products pose any risk to human health and denies the

13   remaining allegations in paragraph 54.

14        55.     Monsanto denies the allegations in paragraph 55.

15        56.     Monsanto denies the allegations in paragraph 56.

16        57.     Monsanto denies the allegations in paragraph 57.

17        58.     Monsanto denies the allegations in paragraph 58.

18        59.     Monsanto admits that it has in the past promoted, and continues to promote,

19   Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

20   Monsanto denies the remaining allegations in paragraph 59.

21        60.     Monsanto admits that the International Agency for Research on Cancer ("IARC")

22   is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

23   lacks information or knowledge sufficient to form a belief as to the truth of the remaining

24   allegations asserted in paragraph 60 and therefore denies those allegations.

25        61.     Monsanto lacks information or knowledge sufficient to form a belief as to the

26   truth of the allegations in paragraph 61 and therefore denies those allegations.  Monsanto denies

27   that glyphosate met the criteria necessary to be eligible for review.

28        62.     Monsanto lacks information or knowledge sufficient to form a belief as to the

1  truth of the allegations in paragraph 62 and therefore denies those allegations.  Monsanto denies

2  that glyphosate met the criteria necessary to be eligible for review.

3        63.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

4  carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

5  evidence was "cumulative."  The remaining allegations in paragraph 63 are vague and

6  conclusory and comprise attorney characterizations and are accordingly denied.

7        64.    Monsanto admits that the full IARC Monograph regarding glyphosate was

8  published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

9  2A carcinogen.  In response to the remaining allegations in paragraph 64, Monsanto states that

10  the document speaks for itself and does not require a response.  To the extent that a response is

11  deemed required, the remaining allegations in paragraph 64 comprise attorney characterizations

12  and are accordingly denied.

13        65.    In response to the allegations in paragraph 65, Monsanto states that the document

14  speaks for itself and does not require a response.  To the extent that a response is deemed

15  required, the allegations in paragraph 65 comprise attorney characterizations and are accordingly

16  denied.

17        66.    In response to the allegations in paragraph 66, Monsanto states that the document

18  speaks for itself and does not require a response.  To the extent that a response is deemed

19  required, the allegations in paragraph 66 comprise attorney characterizations and are accordingly

20  denied.

21        67.    Monsanto denies the allegations in paragraph 67.

22        68.    The allegations in paragraph 68 comprise attorney characterizations and are

23  accordingly denied.

24        69.    Monsanto admits the allegations in paragraph 69.

25        70.    In response to the allegations in paragraph 70, Monsanto states that the cited

26  document speaks for itself and does not require a response.  To the extent that paragraph 70

27  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

28  paragraph 70.

71.     In response to the allegations in paragraph 71, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 71.

72.     The allegations in paragraph 72 are vague and ambiguous and are accordingly denied.

73.     In response to the allegations in paragraph 73, Monsanto states that the cited document speaks for itself and does not require a response.

74.     In response to the allegations in paragraph 74, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 74 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     In response to the allegations in paragraph 76, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 76.

77.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

1    83.    Monsanto denies the allegations in paragraph 83.

2    84.    Monsanto admits the allegations in paragraph 84.

3    85.    Monsanto denies the allegations in paragraph 85.

4    86.    Monsanto admits the allegations in paragraph 86.

5    87.    Monsanto denies the allegations in paragraph 87.

6    88.    Monsanto denies the allegations in paragraph 88.

7    89.    Monsanto denies the allegations in paragraph 89.

8    90.    Monsanto denies the allegations in paragraph 90.

9    91.    Monsanto denies the allegations in paragraph 91.

10    92.    Monsanto denies the allegations in paragraph 92.

11    93.    Monsanto denies the allegations in paragraph 93.

12    94.    Monsanto admits that independent experts and regulatory agencies agree that

13   there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

14   products and admits that it has made statements reflecting this fact.  Monsanto denies the

15   remaining allegations in paragraph 94.

16    95.    In response to the allegations in paragraph 95, Monsanto admits that Roundup®-

17   branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

18   the products' EPA approved labeling.  In addition to the conclusions in the EPA OPP Report and

19   the EPA CARC Final Report discussed above, other specific findings of safety include:

20   • "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows

21      evidence of non-carcinogenicity for humans—based on the lack of convincing

22      evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration*

23      *Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/

24      reregistration/web/pdf/0178fact.pdf.

25   • "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.

26      60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

27   • "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69

28      Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-05813-VC

1
2
3
4

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

5
6
7

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

8
9
10
11
12
13
14
15
16
17

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

18    Monsanto otherwise denies the allegations in paragraph 95.

19    96.    In response to the allegations in paragraph 96, Monsanto admits that it has stated
20    and continues to state that Roundup®-branded products are safe when used as labeled and that
21    they are non-carcinogenic and non-genotoxic.

22    97.    In response to the allegations in paragraph 97, Monsanto admits that a 1986 joint
23    report of the World Health Organization and Food and Agriculture Organization of the United
24    Nations is cited in support of the safety of glyphosate and Roundup®-branded products.
25    Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and
26    Roundup®-branded products, and denies that WHO considers glyphosate to be a probable
27    carcinogen.  Monsanto denies the remaining allegations in paragraph 97.

28    98.    Monsanto denies the allegations in paragraph 98.

1        99.      Monsanto denies the allegations in paragraph 99.

2        100.     Monsanto denies the allegations in paragraph 100.

3        101.     Monsanto denies the allegations in paragraph 101.

4        102.     Monsanto denies the allegations in paragraph 102.

5        103.     Monsanto denies the allegations in paragraph 103.

6        104.     Monsanto denies the allegations in paragraph 104.

7        105.     Monsanto denies the allegations in paragraph 105.

8        106.     Monsanto admits that plaintiff purports to bring an action for compensatory

9   damages but denies any liability to plaintiff.  Monsanto denies the remaining allegations in

10   paragraph 106.

11        107.     Monsanto denies the allegations in paragraph 107.

12        108.     Monsanto denies the allegations in paragraph 108.

13        109.     Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations asserted in paragraph 109 and therefore denies those allegations.

15        110.     Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations asserted in paragraph 110 and therefore denies those allegations.

17        111.     Monsanto lacks information or knowledge sufficient to form a belief as to the

18   truth of the allegations asserted in paragraph 111 and therefore denies those allegations.

19        112.     Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations asserted in paragraph 112 and therefore denies those allegations.

21        113.     Monsanto incorporates by reference its responses to paragraphs 1 through 112 in

22   response to paragraph 113 of plaintiff's Complaint.

23        114.     The final sentence of paragraph 114 sets forth conclusions of law for which no

24   response is required.  To the extent that a response is deemed required, Monsanto denies the

25   allegations in the final sentence of paragraph 114.  In response to the remaining allegations in

26   paragraph 114, Monsanto: (a) denies that exposure to Roundup®-branded products or glyphosate

27   caused plaintiff's cancer; and (b) lacks information or knowledge sufficient to form a belief as to

28   the truth of the allegations regarding plaintiff's knowledge or when plaintiff read IARC's

glyphosate monograph and therefore denies those allegations.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

115.    The allegations in the first sentence of paragraph 115 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in the first sentence of paragraph 115.  Monsanto denies the allegations in the second sentence of paragraph 115.  In response to the allegations in the final sentence of paragraph 115, to the extent that plaintiff quotes a document, Monsanto states that the document speaks for itself and does not require a response.

116.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 116.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

117.    Monsanto denies that it concealed "the true character, quality and nature of Roundup."  The remaining allegations of paragraph 117 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies all of plaintiff's allegations in paragraph 117.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

118.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 118 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

119.    Monsanto incorporates by reference its responses to paragraphs 1 through 118 in

1    response to paragraph 119 of plaintiff's Complaint.

2        120.    Paragraph 120 sets forth conclusions of law for which no response is required.

3        121.    Monsanto denies the allegations in paragraph 121.

4        122.    Monsanto denies the allegations in paragraph 122, including each of its subparts.

5        123.    Monsanto denies the allegations in paragraph 123.

6        124.    Monsanto denies the allegations in paragraph 124.

7        125.    Monsanto denies the allegations in paragraph 125, including each of its subparts.

8        126.    Monsanto denies the allegations in paragraph 126.

9        127.    Monsanto denies the allegations in paragraph 127.

10       128.    Monsanto denies the allegations in paragraph 128.

11       129.    Monsanto denies the allegations in paragraph 129.

12       130.    In response to the "WHEREFORE" paragraph, Monsanto demands that judgment

13   be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

14   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

15   by law and such further and additional relief as this Court may deem just and proper.

16       131.    Monsanto incorporates by reference its responses to paragraphs 1 through 130 in

17   response to paragraph 131 of plaintiff's Complaint.

18       132.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations asserted in paragraph 132 and therefore denies those allegations.

20       133.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations asserted in paragraph 133 and therefore denies those allegations.

22       134.    Monsanto denies the allegations in paragraph 134.

23       135.    Monsanto denies the allegations in paragraph 135.

24       136.    Monsanto denies the allegations in paragraph 136.

25       137.    Monsanto denies the allegations in paragraph 137, including each of its subparts.

26       138.    Monsanto denies the allegations in paragraph 138.

27       139.    Monsanto denies that Roundup®-branded products have "dangerous

28   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

1  truth of the remaining allegations asserted in paragraph 139 and therefore denies those

2  allegations.

3       140.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4  truth of the allegations asserted in paragraph 140 and therefore denies those allegations.

5       141.    Monsanto denies the allegations in paragraph 141.

6       142.    Paragraph 142 sets forth conclusions of law for which no response is required.

7       143.    Monsanto denies the allegations in paragraph 143.

8       144.    Monsanto denies the allegations in paragraph 144.

9       145.    Monsanto denies the allegations in paragraph 145.

10      146.    Monsanto denies the allegations in paragraph 146.

11      147.    Monsanto denies the allegations in paragraph 147.

12      148.    Monsanto denies the allegations in paragraph 148.

13      149.    Monsanto denies the allegations in paragraph 149.

14      150.    Monsanto denies the allegations in paragraph 150.

15      151.    Monsanto denies the allegations in paragraph 151.

16      152.    Monsanto denies the allegations in paragraph 152.

17      153.    In response to the "WHEREFORE" paragraph, Monsanto demands that judgment

18  be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

19  prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

20  by law and such further and additional relief as this Court may deem just and proper.

21      154.    Monsanto incorporates by reference its responses to paragraphs 1 through 153 in

22  response to paragraph 154 of plaintiff's Complaint.

23      155.    Monsanto admits the allegations in paragraph 155.

24      156.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25  truth of the allegations asserted in paragraph 156 and therefore denies those allegations.

26      157.    Monsanto denies the allegations in paragraph 157.  All labeling of Roundup$^{®}$-

27  branded products has been and remains EPA-approved and in compliance with all federal

28  requirements under FIFRA.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-05813-VC

1    158.    Monsanto denies the allegations in paragraph 158.

2    159.    Monsanto denies the allegations in paragraph 159.  All labeling of Roundup®-

3  branded products has been and remains EPA-approved and in compliance with all federal

4  requirements under FIFRA.

5    160.    Monsanto denies the allegations in paragraph 160.  All labeling of Roundup®-

6  branded products has been and remains EPA-approved and in compliance with all federal

7  requirements under FIFRA and with California law.

8    161.    Monsanto denies the allegations in paragraph 161.

9    162.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10  truth of the allegations regarding plaintiff's use history in paragraph 162 and therefore denies

11  those allegations.  Monsanto denies the remaining allegations in paragraph 162.

12    163.    Paragraph 163 sets forth conclusions of law for which no response is required.

13    164.    Monsanto denies the allegations in paragraph 164.

14    165.    Monsanto denies the allegations in paragraph 165.

15    166.    Monsanto denies the allegations in paragraph 166.

16    167.    Monsanto denies the allegations that Roundup®-branded products are defective

17  and accordingly denies the allegations in paragraph 167.

18    168.    Paragraph 168 sets forth conclusions of law for which no response is required.

19    169.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations asserted in paragraph 169 and therefore denies those allegations.

21    170.    Monsanto denies the allegations in paragraph 170.

22    171.    Monsanto denies the allegations in paragraph 171.

23    172.    Monsanto denies the allegations in paragraph 172.

24    173.    Monsanto denies the allegations in paragraph 173.

25    174.    Monsanto denies the allegations in paragraph 174.

26    175.    In response to the "WHEREFORE" paragraph, Monsanto demands that judgment

27  be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

28  prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-05813-VC

1    by law and such further and additional relief as this Court may deem just and proper.

2           176.    Monsanto incorporates by reference its responses to paragraphs 1 through 175 in

3    response to paragraph 176 of plaintiff's Complaint.

4           177.    Monsanto denies the allegations in paragraph 177.  Additionally, the allegations

5    in the last sentence in paragraph 177 set forth conclusions of law for which no response is

6    required.

7           178.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 178 concerning the plaintiff's claimed use of Roundup®-

9    branded products and therefore denies those allegations.  The remaining allegations in paragraph

10   178 set forth conclusions of law for which no response is required.

11          179.    The allegations in paragraph 179 set forth conclusions of law for which no

12   response is required.

13          180.    Monsanto denies the allegations in paragraph 180.

14          181.    Monsanto denies the allegations in paragraph 181.

15          182.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 182 concerning the condition of any Roundup®-branded

17   product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore

18   denies the allegations in paragraph 182.

19          183.    Monsanto denies the allegations in paragraph 183.

20          184.    Monsanto denies the allegations in paragraph 184.

21          185.    Monsanto denies the allegations in paragraph 185.

22          186.    In response to the allegations in "WHEREFORE" paragraph, Monsanto demands

23   that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

24   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

25   fees as allowed by law and such further and additional relief as this Court may deem just and

26   proper.

27          In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

28   denies that plaintiff is entitled to the relief sought therein, including any judgment for any

1    damages, interest, costs, or any other relief whatsoever.

2         Every allegation in the Complaint that is not specifically and expressly admitted in this

3    Answer is hereby specifically and expressly denied.

4                    **SEPARATE AND AFFIRMATIVE DEFENSES**

5         1.    The Complaint, in whole or part, fails to state a claim or cause of action against

6    Monsanto upon which relief can be granted.

7         2.    Plaintiff's claims are barred in whole because plaintiff cannot proffer any

8    scientifically reliable evidence that the products at issue were defective or unreasonably

9    dangerous.

10        3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

11   was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

12   plaintiff's alleged injuries.

13        4.    Plaintiff's claims are barred, in whole or in part, because the products at issue

14   were designed, manufactured, marketed and labeled with proper warnings, information, cautions

15   and instructions, in accordance with the state of the art and the state of scientific and

16   technological knowledge.

17        5.    Plaintiff's claims are barred, in whole or in part, because the products at issue

18   were not defective or unreasonably dangerous in that they complied with, at all relevant times,

19   all applicable government safety standards.

20        6.    Plaintiff's claims are preempted, in whole or in part, by applicable federal law

21   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

22   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

23        7.    Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

24   findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

25   product labeling.

26        8.    Plaintiff's claims are barred, in whole or in part, by the doctrine of primary

27   jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-05813-VC

1    9.    Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if

2    any, were the result of conduct of plaintiff, independent third parties, and/or events that were

3    extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

4    independent, intervening and superseding causes of the alleged injuries, including but not limited

5    to plaintiff's pre-existing medical conditions.

6    10.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j

7    and k, bar plaintiff's claims against Monsanto in whole or in part.

8    11.    Applicable statutes of limitations bar plaintiff's claims in whole or in part.

9    12.    Plaintiff's misuse or abnormal use of the product or failure to follow instructions

10   bar plaintiff's claims in whole or in part.

11   13.    If plaintiff suffered injury or damages as alleged (no injury or damages being

12   admitted), such injury or damage resulted from acts or omissions of persons or entities for which

13   Monsanto is neither liable nor responsible or resulted from diseases and/or causes that are not

14   related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts

15   or omissions on the part of others or diseases or causes constitute an independent, intervening

16   and sole proximate cause of plaintiff's alleged injury or damages.

17   14.    Monsanto had no legal relationship or privity with plaintiff and owed no duty to

18   him by which liability could be attributed to it.

19   15.    Monsanto made no warranties of any kind or any representations of any nature

20   whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies,

21   then plaintiff failed to give notice of any breach thereof.

22   16.    Plaintiff's claims are preempted in whole or part by the Freedom of Speech

23   Clause of the First Amendment of the U.S. Constitution.

24   17.    Plaintiff's claims for punitive damages are barred because such an award would

25   violate Monsanto's due process, equal protection and other rights under the United States

26   Constitution, the California Constitution, and/or other applicable state constitutions.

27   18.    Plaintiff's claims for punitive damages are barred because plaintiff has failed to

28   allege conduct warranting imposition of punitive damages under California law and/or other

1    applicable state laws.

2          19.     Plaintiff's claims for punitive damages are barred and/or limited by operation of

3    state and/or federal law.

4          20.     Plaintiff's claims are barred in whole or in part by plaintiff's own

5    contributory/comparative negligence.

6          21.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to

7    mitigate damages.

8          22.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

9          23.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff

10   receives from collateral sources.

11         24.     If plaintiff has been injured or damaged, no injury or damages being admitted,

12   such injuries were not caused by a Monsanto product.

13         25.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws

14   of states that do not govern plaintiff's claims.

15         26.     Monsanto hereby gives notice that it intends to rely upon such other defenses as

16   may become available or apparent during the course of discovery and thus reserves its right to

17   amend this Answer to assert such defenses.

18         **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

19   plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

20   other relief as the Court deems equitable and just.

21                          **JURY TRIAL DEMAND**

22         Monsanto demands a jury trial on all issues so triable.

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-05813-VC

1    DATED:  February 21, 2017                Respectfully submitted,

2

3                                            /s/ Joe G. Hollingsworth
                                             Joe G. Hollingsworth (*pro hac vice*)
                                             (jhollingsworth@hollingsworthllp.com)
4                                            Eric G. Lasker (*pro hac vice*)
                                             (elasker@hollingsworthllp.com)
5                                            HOLLINGSWORTH LLP
6                                            1350 I Street, N.W.
                                             Washington, DC  20005
7                                            Telephone:  (202) 898-5800
                                             Facsimile:  (202) 682-1639
8
                                             Attorneys for Defendant
9                                            MONSANTO COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-05813-VC