Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Robert E. Johnston (*pro hac vice*)
(rjohnston@hollingsworthllp.com)
James M. Sullivan (*pro hac vice*)
(jsullivan@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No. 16-md-02741-VC<br><br>MDL No. 2741 |
| This document relates to:<br><br>ALL ACTIONS | **MONSANTO COMPANY'S RESPONSE IN SUPPORT OF PLAINTIFFS' FEB. 17, 2017 ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

On Friday, February 17, 2017, plaintiffs filed a "Reply in Opposition to Administrative Motion to File Under Seal and Related Motion to Maintain Confidentiality" ("Pls.' Reply," ECF No. 149) that attaches as exhibits, quotes from, and characterizes two internal, non-public documents produced in discovery and a non-public discovery response, each of which Monsanto Company ("Monsanto") designated as Confidential pursuant to the Protective and Confidentiality Order issued by this Court (ECF No. 64).  Concurrently, plaintiffs also filed an Administrative Motion to File Under Seal (ECF No. 148), which requests that these three documents remain conditionally under seal for only four days.

1    Pursuant to Civil Local Rules 79-5 and 7-11 and Protective and Confidentiality Order

2  ¶ 18, Monsanto hereby files its response to plaintiffs' motion, along with the supporting

3  Declaration of Robyn D. Buck, and a proposed order that supplements plaintiffs' submissions.

4  Because the confidential documents at issue were unnecessarily attached to a non-dispositive

5  submission, Monsanto respectfully requests that the Court direct either that the documents be

6  stricken from the docket or continue to be maintained in the docket under seal.

7  **I.      The Court Should Strike From The Docket The Three Confidential Documents**

8  **Plaintiffs Unnecessarily Attached To And Quoted From In A Non-Dispositive**

9  **Submission.**

10    Plaintiffs attached the three non-public documents at issue in an apparent attempt to

11  support their argument that "Monsanto Is Already Litigating The Case In The Court Of Public

12  Opinion."  Pls.' Reply at 5-8.  Plaintiffs easily could have cited public sources, such as

13  Monsanto's website, to support their position that Monsanto has made public statements

14  regarding the alleged carcinogenicity of glyphosate.  By instead citing, quoting from, and

15  attaching non-public, confidential discovery documents, plaintiffs once again illustrate their

16  practice of attempting to prematurely release internal, confidentially designated documents to the

17  public through unnecessary court filings.  *See* Monsanto Co.'s Resp. in Support of Pls.' Admin.

18  Mot. to File Under Seal and Related Mot. to Maintain Confidentiality ("Monsanto's

19  Confidentiality Mot.", ECF No. 143).  The Court should strike the three documents at issue from

20  the docket.  *See id.* at 3-4 (citing *Holloway v. Gilead Scis., Inc.*, No. 16-CV-02320-VC, 2016 WL

21  3526060 (N.D. Cal. June 23, 2016) (Chhabria, J.) and *Minebea Co. Ltd. v. Papst*, 221 F.R.D. 11,

22  11-12 (D.D.C. 2004)).

23    Filings such as this one would be avoided if the Court grants Monsanto's pending request

24  that the Court order that discovery material not be filed as exhibits to any future discovery or

25  case management filings unless requested by the Court.  *See* Monsanto's Confidentiality Mot. at

26  10.  In the alternative, Monsanto has requested guidance on how the Court wishes the parties to

27  proceed when there is a disagreement as to the relevancy of filing confidential discovery

28  documents in support of a discovery or case management issue.  *Id.*

**MONSANTO CO.'S RESPONSE ISO PLAINTIFFS' ADMIN. MOT. TO FILE UNDER
SEAL - 16-md-02741-VC**

1  **II.     Good Cause Exists To Seal The Documents Designated By Monsanto As**

2           **Confidential.**

3           Courts in this Circuit have found good cause for sealing documents based on business

4  interests in protecting confidential information, *see* Monsanto's Confidentiality Mot. at 9 (citing

5  cases), and also to protect the privacy and reputational interests of non-parties who are not before

6  them, *see id.* at 9-10 (citing cases).  One of the exhibits discussed below also presents

7  information security concerns.  Courts "have found a party's tangible concern about future cyber

8  attacks or hacking a compelling reason to seal materials," which is a higher sealing standard than

9  the good cause standard that applies here.  *Music Grp. Macao Commercial Offshore Ltd. v.*

10  *Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *5 (N.D. Cal. June 30, 2015)  (citing *In re*

11  *Google Inc. Gmail Litig.,* No. 13–MD–02430–LHK,, 2013 WL 5366963, at *3 (N.D. Cal. Sept.

12  25, 2013)); *see also Oneamerica Fin. Partners, Inc. v. T-Sys. N. Am., Inc.,* No.

13  115CV01534TWPDKL, 2016 WL 891349, at *5 (S.D. Ind. Mar. 9, 2016) ("[T]he Court is

14  persuaded by the assertion that the risk would be heightened because information a hacker would

15  otherwise have to spend time and effort to obtain is 'provide[d] in a single source

16  information.'").  This is especially true where, as here, "[t]he public interest is limited [because]

17  the content sought to be sealed is irrelevant to the Court's decision."  *Foote*, 2015 WL 3993147,

18  at *6.

19           If the Court does not direct the Clerk of Court to strike the exhibits as Monsanto requests

20  in the first instance, good cause exists for each of the below exhibits to Plaintiffs' Motion to

21  Compel to be filed under seal and remain confidential, as set out here (with more detail provided

22  in the accompanying Declaration):

23  **Exhibit 2 (Sept. 30, 2016 letter):**  This letter, sent in response to a discovery request, reveals
    information regarding how Monsanto maintains its information technology and provides a
24  lengthy list of websites connected to Monsanto.  Public disclosure of this document poses
    information security concerns because of the internal information the document discloses about
25  how Monsanto manages and maintains its websites as well as the compilation of website domain
    identities in one location.  Buck Decl. ¶ 3.  Plaintiffs could have relied on publicly available
26  information to present their arguments without attaching this confidential exhibit.  The public
    interest in obtaining this information is minimal, and good cause exists to seal this document.
27

28

**MONSANTO CO.'S RESPONSE ISO PLAINTIFFS' ADMIN. MOT. TO FILE UNDER
SEAL - 16-md-02741-VC**

**Exhibit 4 (MONGLY03557241):** This is an internal strategy memorandum of a trade organization of which Monsanto is a member.  The organization expects confidentiality from its members.  Public disclosure of this document would harm Monsanto by revealing the internal strategic planning of a trade organization with which Monsanto has a significant business interest in maintaining a relationship and it would also, by betraying the expectation of confidentiality, impair Monsanto's ability to work with such entities in the future.  Buck Decl. ¶ 4.  Disclosure also would harm the privacy and reputational interests of non-parties who cannot protect their interests before the Court.  Plaintiffs could have relied on publicly available information to present their arguments without attaching this confidential exhibit.  The public interest in obtaining this information is minimal, and good cause exists to seal this document.

**Exhibit 6 (MONGLY03563026):** This internal email incorporates an internal memorandum and strategic business plan that is clearly marked in red text: "FOR INTERNAL INFORMATION ONLY – NOT FOR EXTERNAL DISTRIBUTION" and "MONSANTO COMPANY CONFIDENTIAL."  Plaintiffs' submission of this document does not show that Monsanto distributed it to anyone outside of Monsanto.  Plaintiffs could have cited to public sources such as Monsanto.com for their assertion that Monsanto has made public statements regarding the alleged carcinogenicity of glyphosate.  Public disclosure of this document would harm Monsanto because it contains Monsanto's internal global distribution list for such issue alerts, which is akin to disclosing an organizational chart of key employees, and because it reveals internal strategic planning and Monsanto's processes and procedures for protecting its business interests, all of which would be of interest to competitors.  Buck Decl. ¶ 5.  Many of the identified employees are located in foreign countries with privacy laws where personal identities and employee email addresses are protected and only revealed in litigation when necessary; their identities and email addresses are not needed here, so Monsanto requests at a minimum that the distribution list be redacted if the Court declines to strike this document from the record.  Monsanto filed briefing regarding the differences between privacy law in business settings between the United States and many other countries, *see* ECF No. 61, and comity for foreign privacy interests that should be afforded when there is no litigation need to disclose personal information (including personal identities and email addresses that have no relevance to issues before the Court at this time), *see* ECF Nos. 28, 61.  The public interest in obtaining this information is minimal, and good cause exists to seal this document.

For the reasons detailed above and in the accompanying Declaration, Monsanto requests that the Court order that these three documents be stricken from the record or, in the alternative, that they and the portions of plaintiffs' Reply that characterize and quote from them be sealed from the public record and remain confidential.[1]

---

[1] The three redactions on page 6 of Plaintiffs' Reply are to the Monsanto owned website "monsantoblog.com," which Monsanto did not intend or request to be redacted.

**MONSANTO CO.'S RESPONSE ISO PLAINTIFFS' ADMIN. MOT. TO FILE UNDER SEAL - 16-md-02741-VC**

1    DATED: February 21, 2017                    Respectfully submitted,

2                                                /s/ Joe G. Hollingsworth
                                                 Joe G. Hollingsworth (*pro hac vice*)
3                                                (jhollingsworth@hollingsworthllp.com)
                                                 Eric G. Lasker (*pro hac vice*)
4                                                (elasker@hollingsworthllp.com)
                                                 Robert E. Johnston (*pro hac vice*)
5                                                (rjohnston@hollingsworthllp.com)
                                                 James M. Sullivan (*pro hac vice*)
6                                                (jsullivan@hollingsworthllp.com)
                                                 HOLLINGSWORTH LLP
7                                                1350 I Street, N.W.
                                                 Washington, DC  20005
8                                                Telephone:  (202) 898-5800
                                                 Facsimile:   (202) 682-1639
9
10                                               Attorneys for Defendant
                                                 MONSANTO COMPANY
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MONSANTO CO.'S RESPONSE ISO PLAINTIFFS' ADMIN. MOT. TO FILE UNDER SEAL - 16-md-02741-VC**