**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
Robert E. Johnston (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com
          rjohnston@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>ALL ACTIONS | |

**DECLARATION OF ROBYN D. BUCK IN SUPPORT OF**
**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

I, Robyn D. Buck, hereby declare as follows:

1.   I am employed by Defendant Monsanto Company ("Monsanto") as Litigation Counsel.  I submit this declaration in support of Plaintiffs' Administrative Motion to File Under Seal ("Motion to Seal"), dated February 17, 2017 and Monsanto's Response in Support.  Except as otherwise noted, I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently to these matters.

2.   The Motion to Seal seeks to file under seal three documents that plaintiffs attach as exhibits to and quote and characterize within their Reply in Opposition to Administrative Motion to File Under Seal and Related Motion to Maintain Confidentiality ("Pls.' Reply") (ECF No. 149).  The three documents produced to plaintiffs in discovery have been designated as "Confidential" by Monsanto pursuant to the Protective and Confidentiality Order issued by this

1 Court on December 9, 2016 (ECF No. 64).  Each of these documents contains information that
2 individuals working for Monsanto are required to maintain as confidential, and there is no
3 information that any of these documents has been publicly disclosed at this time.  Public
4 disclosure of these documents could harm Monsanto by revealing proprietary business
5 information, internal processes, procedures, and strategies.  Further, the ability of employees to
6 speak freely in developing and implementing business and/or regulatory strategy and goals
7 would be inhibited if documents that have not been used for a merits-based litigation decision
8 nevertheless become subject to public disclosure.  Moreover, such disclosure of statements of
9 particular employees at a single point in time that may or may not reflect the true facts as they
10 occurred could result in public disclosure of out-of-context statements with the potential to
11 prejudice the litigation and create misleading impressions in the mind of the public and potential
12 jurors.  In addition to these general reasons for sealing, additional specific reasons are provided
13 below for the documents at issue.

14     3. Pls.' Reply Exhibit 2 (Sept. 30, 2016 letter) is a letter sent from Rosemary
15 Stewart, Esq. to Aimee Wagstaff, Esq. in response to a discovery request of plaintiffs.  This
16 document reveals internal Monsanto information regarding how it maintains and manages its
17 websites as well as a list of websites compiled specifically in response to this litigation.
18 Monsanto has a significant business interest in maintaining the security of its information
19 technology.  Monsanto asks that the Court strike the document from the record as irrelevant to
20 the issues presently before the Court.  Plaintiffs' Reply cites three times to the Monsanto owned
21 website "monsantoblog.com" (on page 6) and characterizes the contents of publicly available
22 information on that website.  Monsanto's ownership of this website is publicly identified on the
23 site, and the site contains additional information describing the source and attribution of postings
24 to the site.  *See* monsantoblog.com (homepage); monsantoblog.com/disclaimer-and-content-
25 policy.  Monsanto did not ask plaintiffs to redact the name "monsantoblog.com" from their
26 filing. Public disclosure of this document could cause harm to Monsanto because it discloses
27 information about how Monsanto maintains and manages its websites that pose information
28 security concerns, including increasing the risk of attempted fake sites or hacking.  Providing a

1  large list of website domain names, as Exhibit 2 does, also would simplify such an attack by
2  providing in one source document information a hacker would otherwise have to spend time and
3  energy to discover.  Because Pls.' Reply Exhibit 2 contains sensitive, non-public information, as
4  an alternative to striking the document, Monsanto respectfully requests that the Court allow
5  plaintiffs to file it under seal.
6        4.      Pls.' Reply Exhibit 4 (MONGLY03557241) is an internal strategy memorandum
7  of the trade organization CropLife International.  As a CropLife member, Monsanto is expected
8  to maintain confidentiality.  Monsanto asks that the Court strike the document from the record as
9  irrelevant to the issues presently before the Court, and protect the privacy expectations and
10  business interests in maintaining confidential strategic planning within the organization.
11  CropLife's website already identifies Monsanto as a member and contains multiple statements
12  regarding IARC's report on glyphosate so any relevant purpose of plaintiffs' submission could
13  have been avoided through public sources.  *See, e.g.*, https://croplife.org/about/members;
14  https://croplife.org/wp-content/uploads/pdf_files/CropLife-International-statement-on-IARC-
15  monograph-on-glyphosate-July-2015.  Public disclosure of this document would harm Monsanto
16  because it would reveal non-public information regarding its business strategies and the
17  confidential processes, procedures, and strategies of this industry trade organization.  Monsanto
18  also would be harmed by disclosure of this document because Monsanto has a significant
19  business interest in maintaining relationships with the trade organization and its constituent
20  companies that are conducted with the expectation of confidentiality and betraying those
21  expectations of confidentiality would impair Monsanto's ability to work with such entities in the
22  future.  Disclosure also would harm the privacy and reputational interests of non-parties who
23  cannot protect their interests before the Court.  Because Pls.' Reply Exhibit 4 contains sensitive,
24  non-public information, as an alternative to striking the document, Monsanto respectfully
25  requests that the Court allow plaintiffs to file it under seal.
26        5.      Pls.' Reply Exhibit 6 (MONGLY03563026) is an internal email that incorporates
27  an internal memorandum that is clearly marked in red text "FOR INTERNAL INFORMATION
28  ONLY – NOT FOR EXTERNAL DISTRIBUTION" and "MONSANTO COMPANY

1  CONFIDENTIAL." The document outlines in detail an internal, non-public, strategic business plan
2  as of January 21, 2016 for responding to stakeholder questions on particular issues, and includes
3  the names of internal key contacts. This information was intended to be used only for selected,
4  limited responses to inquiries from particular stakeholders, so plaintiffs' characterization of it on
5  page 8 of their Reply as a document Monsanto sent "to the press" is incorrect and misleading.
6  Plaintiffs' submission of this document does not show that Monsanto distributed it to anyone
7  outside of Monsanto. Plaintiffs could have cited to public sources such as Monsanto.com and
8  Monsantoblog.com for their assertion that Monsanto has made public statements regarding the
9  alleged carcinogenicity of glyphosate. Monsanto asks that the Court strike the document from
10 the record as irrelevant to the issues presently before the Court. In addition, the cover e-mail
11 reveals Monsanto's internal global distribution network for issue alerts, which would hurt
12 Monsanto because it is akin to disclosing to competitors an organizational chart of key
13 employees. Many of those employees are located in foreign countries with privacy laws where
14 personal identities are protected and only revealed in litigation when necessary; their identities
15 are not necessary here, so Monsanto requests at a minimum that the distribution list be redacted.
16 Public disclosure of the document also would hurt Monsanto because it reveals in detail internal
17 strategic planning and Monsanto's processes and procedures for protecting its business interests,
18 all of which would be of interest to competitors. Because Pls.' Reply Exhibit 6 contains
19 sensitive, non-public information, as an alternative to striking the document, Monsanto
20 respectfully requests that the Court allow plaintiffs to file it under seal.
21         I hereby declare under penalty of perjury that the facts set forth herein are true and
22 correct. Executed this 21st day of February 2017 in St. Louis, Missouri.

ROBYN D. BUCK