UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>ALL ACTIONS | **PRETRIAL ORDER NO. 12, EXHIBIT 1** |

**EXHIBIT 1 TO**
**ORDER ESTABLISHING A COMMON BENEFIT FUND TO COMPENSATE AND**
**REIMBURSE ATTORNEYS FOR COSTS AND EXPENSES INCURRED AND**
**SERVICES PERFORMED FOR MDL ADMINISTRATION AND COMMON BENEFIT**

Below are guidelines regarding the submission and compensability of common benefit time and expenses. The recovery of common benefit attorneys' fees and cost reimbursements will be limited to "Participating Counsel" as defined in the Order Establishing a Common Benefit Fund to Compensate and Reimburse Attorneys for Costs and Expenses Incurred and Services Performed for MDL Administration and Common Benefit ("Order"). Eligible Counsel shall only be eligible to receive common benefit attorneys' fees and cost reimbursement if the time expended, costs incurred and activity in question were: (a) for the common benefit; (b) at the direction of and appropriately authorized by a Co-Lead or the Executive Committee in accordance with the Court's Order regarding common benefit; (c) timely submitted; and (d) approved by this Court.

4

Eligible Counsel who seek to recover Court-awarded common benefit attorneys' fees and expenses in connection with this litigation, should the litigation result in any monetary award from which common benefit fees and expenses can be awarded, shall keep a daily contemporaneous record of their time and expenses, noting with specificity the amount of time, location (if relevant), and particular activity along with confirmation that authority was obtained to have undertaken that common benefit effort. Such counsel shall, by the 15th day of each month, submit a report of their time and expense records as noted above for the preceding monthly period in the attached format (see Exhibit "A"). For example, February 15 of a particular year is the deadline to submit common benefit time and expenses for January of that year. The first submission deadline is March 15, 2017, and that submission shall include all common benefit time and expenses incurred prior to February 28, 2017. Following that initial submission, the deadline will remain the 15th day of each month. The submission shall be timely e-mailed each month to: RoundupCBSubmission@AndrusWagstaff.com.

At an appropriate time, the Executive Committee may decide to hire an independent third party neutral to assist in the auditing of the common benefit submissions, if necessary. Such expense, if incurred, to be paid by the MDL Leadership.

The failure to secure prior authority to incur common benefit time and expenses, or maintain and timely provide such records or to provide a sufficient description of the activity will be grounds for denying the recovery of attorneys' fees or expenses in whole or in part. It is the sole responsibility of the Eligible Counsel submitting time to comply with these guidelines.

**EXPENSE LIMITATIONS**

A. **Travel Held Expense Limitations**

Only reasonable expenses will be reimbursed for travel related to common benefit

4

matters performed at the direction of and authorized by a Co-Lead or the Executive Committee. Except in extraordinary circumstances approved by a Co-Lead Counsel or the Executive Committee, all travel reimbursements are subject to the following limitations:

i. <u>Airfare</u>. Ordinarily only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will not be fully reimbursed, except for international flights or cross-country flights, which requires prior written approval by a Co-Lead Counsel or the Executive Committee. In the event non-coach air travel is utilized, the attorney shall be reimbursed only to the extent of the full coach fare if the full coach fare for that flight is contemporaneously documented. If non-coach, private or charter travel is elected, the applicant is required to submit what the full coach fare in effect at that time was, and that is all that can be reimbursed.

ii. <u>Hotel.</u> Hotel room charges for the average available room rate of a business hotel, including the Hyatt, Hilton, Intercontinental Sheraton, Westin, and Marriot hotels, in the city in which the stay occurred will be reimbursed. Luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

iii. <u>Meals.</u> Meal expenses must be reasonable and receipts must identify the individual(s) for whom the meal reimbursement is requested.

iv. <u>Cash Expenses.</u> Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, etc.) will be reimbursed up to $30.00 per trip, as long as the expenses are properly itemized.

v. <u>Rental Automobiles.</u> Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury

and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel.

vi.   <u>Mileage.</u> Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, reason for the trip, and the rate will be the maximum rate allowed by the IRS.

**B. <u>Non-Travel Held Expense Limitations</u>**

i.   <u>Shipping, Overnight, Courier, and Delivery Charges</u>. All claimed common benefit shipping, overnight, courier or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

ii.   <u>Postage Charges.</u> A contemporaneous postage log or other supporting documentation along with reference to the common benefit purpose must be maintained and submitted for common benefit postage charges. Such charges are to be reported at actual cost.

iii.   <u>Telefax Charges</u>. Contemporaneous record should be maintained and submitted showing faxes sent and received for common benefit matters. The per-fax charge is shall not exceed 50¢ per page.

iv.   <u>In-House Photocopy.</u> A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 15¢ per page.

v.   <u>Computerized Research</u> – Lexis/Westlaw. Claims for Lexis or Westlaw, and other

computerized legal research expenses should be in the exact amount charged the firm and appropriately allocated for these research services. It is preferred that each firm track contemporaneously its computerized research work and charges in a manner that will identify the common benefit work, project, brief, and/or assignment associated with that computerized research work to any independent reviewer. Such work and expenses much be at the direction of and authorized by Co-Lead Counsel.

### C. **Common Shared Expenses**

Common shared expenses including expenses paid to third party vendors, experts and consultants and other such expenses may not be reimbursed unless they have been incurred at the direction of, and authorized by Co-Lead Counsel or the Executive Committee. The Executive Committee, at their discretion, may maintain a separate cost assessment fund for payment and reimbursement of such expenses, and may prepare separate guidelines and processes for incurring and paying costs from such fund at their discretion.

### D. **Verification**

The forms detailing time and expenses shall be certified by a Partner of each Eligible Counsel's law firm attesting to the accuracy of the submissions. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification so long as accompanied by an appropriate description and a declaration under oath from counsel that work was performed and paid for the common benefit.  Monthly credit card statements are appropriate if they provide sufficient itemized detail to comply with these guidelines and the Court's Order. Hotel costs must be proven with the full hotel invoice. The description of unclaimed expenses on the invoice may be redacted.

## <u>COMMON BENEFIT WORK</u>

### A. <u>Authorization for Compensable Common Benefit Work</u>

Authorized Common Benefit Work must be at the direction of and authorized by a Co-Lead counsel or the Executive Committee. Unless specifically and explicitly authorized in writing, no time spent on developing or processing individual issues in any case for an individual client (plaintiff or claimant) will be considered or should be submitted, nor will time spent on any unauthorized work.

Examples of authorized work that generally would be authorized by a Co-Lead Counsel or the Executive Committee and examples of what would be considered unauthorized work include but are not limited to:

i.  <u>Depositions.</u> If not designated as one of the authorized questioners or otherwise authorized to attend the deposition by a Co-Lead Counsel or the Executive Committee, your time and expenses shall not be considered common benefit work.

ii.  <u>Periodic General MDL Leadership Conference Calls.</u> These calls may be held from time to time so that individual attorneys are kept up-to-date on the status of the litigation, and participation by merely listening to such calls is not common benefit work. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and that is a reason to listen in on those calls. On the other hand, if you lead, or participate in the call by designation of a Co-Lead Counsel or the Executive Committee, then you are working for the common benefit consistent with your leadership responsibilities by keeping other lawyers and pro se plaintiffs informed and educated about the litigation, and therefore your time will be considered for common benefit.

iii.  <u>Periodic Status Conferences.</u> Regular status conferences are held so that the litigation continues to move forward and legal issues are resolved with the Court. Individual attorneys are free to attend any status conference held in open court in order to keep up-to-date on the status of the litigation and participation, but attending and listening to such conferences is not common benefit work in and of itself. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients. Mere attendance at a status conference will not be considered a common benefit expense or common benefit time. The attorneys designated by Co-Lead Counsel or the Executive Committee to address issues that will be raised at a given status conference or requested by Co-lead Counsel or the Executive Committee to be present at a status conference are working for the common benefit and their time will be considered for common benefit. Similarly, any attorney whose attendance at a status conference is specifically requested by the Judge for a matter of common benefit, in that case, may submit their time for evaluation as to whether such time shall be considered common benefit time.

iv.  <u>Committee Meetings or Calls.</u> During committee phone calls or other meetings there is a presumption that no more than two participants per firm will qualify for common benefit time, unless otherwise authorized by Co-Lead Counsel or the Executive Committee.

v.  <u>Identification and Work Up of Experts.</u> Eligible Counsel are encouraged to identify experts in consultation with Expert Committee as determined by the Executive Committee. If Eligible Counsel travels to and retains an expert without the knowledge and approval of the Expert Committee, they understand that their

time and expenses may not be eligible for common benefit expenses/work.

vi.   <u>Attendance at Seminars</u>. Attendance at seminars (i.e. AAJ Section Meetings,

Mass Tort Made Perfect, Harris Martin and similar seminars and CLE) does not

qualify as common benefit work or a common benefit expense unless making

presentations    authorized    by   Co-Lead Counsel or the Executive Committee.

Although time spent attending PSC meetings at such seminars may be

compensable, travel time and costs to and from seminars are not compensable

unless separately approved by Co-Lead Counsel or the Executive Committee.

vii.  <u>Document Review</u>. Only document review specifically authorized by Co-

Lead Counsel or the Executive Committee or a representative thereof and assigned

to an attorney will be considered common benefit work. If an attorney elects to

review documents that have not been assigned to that attorney by

Co-Lead Counsel or the Executive Committee, that review is not considered

common benefit. Contract employees may not be utilized for common benefit

document review without prior written consent of Co-Lead Counsel or the Executive

Committee. Descriptions associated with "document review" must contain

sufficient detail to allow those reviewing the time entry to generally ascertain

what was reviewed. For example, indicating the custodian, search query subject

matters or number of document folders reviewed is the kind of description

needed. If the document vendor retained for the case provides any

report to Eligible Counsel about the time and/or substance of the document review

work done, Eligible Counsel should bring any discrepancy to the attention of the

Executive Committee or its designee within thirty days of receipt of such report. Failure to timely bring any claimed discrepancy to the attention will result in the compensable document review time being presumptively deemed that which was provided by the vendor.

viii.   <u>Review of Pleadings and Orders.</u> Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of pleadings and orders is part of that obligation. Only those attorneys designated by Co-Lead Counsel or the Executive Committee to review or summarize those pleadings or orders for the MDL are working for the common benefit and their time will be considered for common benefit. All other counsel are reviewing those pleadings and orders for their own benefit and the benefit of their own clients, and the review is not considered common benefit.

ix.   <u>Emails.</u> Time recorded for reviewing emails, and providing non-substantive responses, generally is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that email. Thus, for example, review of an email sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review emails to a larger group which involves a matter on which the recipient is not directly and immediately working.

x.   <u>Review of Discovery Responses.</u> Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their

clients and that is a reason to review discovery responses served in this litigation. Only those attorneys designated by Co-Lead Counsel or the Executive Committee to review and summarize those discovery responses for the MDL are working for the common benefit and their time will be considered for common benefit. All other counsel are reviewing those discovery responses for their own benefit and the benefit of their own clients, and the review is not considered common benefit.

xi.   Other Jurisdictions. Time spent on litigating Roundup® cases and coordination in other jurisdictions other than MDL 2741 will not be compensated unless specifically authorized in writing by Co-Lead Counsel or the Executive Committee.

xii.   Bellwether Trials. While the work-up of individual cases is not considered common benefit, in the event that a case is selected as part of bellwether trial process in the MDL or participating state court proceedings, the time and expenses in trying the case (including work authorized by Co-Lead Counsel or the Executive Committee as part of the approved bellwether process) may be considered for common benefit to the extent it complies with the other provisions of this Order and these guidelines. In the event Plaintiffs' Counsel are unsure if the action they are about to undertake is considered a common benefit action, counsel shall ask Co-Lead Counsel or the Executive Committee in writing in advance as to whether such time may be compensable.

**B.  Time Keeping and Submission of Time Records**

All time must be authorized and accurately and contemporaneously maintained. Time shall be kept according to these guidelines as noted herein using the forms attached as

**<u>Exhibit A.</u>** Time submission is limited to attorneys and paralegals who are employees of the law firm submitting time; no submission of time or costs for independent contractors or outside clerical or technical support without prior written approval by Co-Lead Counsel or the Executive Committee. Eligible Counsel shall keep a daily record of their time spent in connection with common benefit work on this litigation, indicating with specificity the hours, location (if relevant) and particular activity (such as "conducted deposition of John Doe"). Time entries that are not sufficiently detailed may not be considered for common benefit payments. All common benefit work time for each firm shall be maintained in a tenth-of-an-hour increment.

**Exhibit A**

MDL 2741: In Re Roundup Litigation- Common Benefit Time Report

**Firm Name:**
**Reporting Period:**
**Certified By:**
**Date Submitted:**

| Date | Detailed Description of Work Performed | Professional's Name | Professional Level | Task Code | Hours By 0.1 Increment | Work Assigned By or Approved By |
|------|----------------------------------------|---------------------|--------------------|-----------|------------------------|----------------------------------|
|      |                                        |                     |                    |           |                        |                                  |
|      |                                        |                     |                    |           |                        |                                  |
|      |                                        |                     |                    |           |                        |                                  |
|      |                                        |                     |                    |           |                        |                                  |
|      |                                        |                     |                    |           |                        |                                  |
|      |                                        |                     |                    |           |                        |                                  |
|      |                                        |                     |                    |           |                        |                                  |
|      |                                        |                     |                    |           |                        |                                  |
|      |                                        |                     |                    |           |                        |                                  |
|      |                                        |                     |                    |           |                        |                                  |
|      |                                        |                     |                    |           |                        |                                  |
|      |                                        |                     |                    |           |                        |                                  |
|      |                                        |                     |                    |           |                        |                                  |
|      |                                        |                     |                    |           |                        |                                  |
|      |                                        |                     |                    |           |                        |                                  |
|      |                                        |                     |                    |           |                        |                                  |
|      |                                        |                     |                    |           |                        |                                  |
|      |                                        |                     |                    |           |                        |                                  |
|      |                                        |                     |                    |           |                        |                                  |
|      | INSERT ROWS ONLY ABOVE THIS LINE       |                     |                    |           | 0.00                   |                                  |

On behalf of myself, my law firm and any of our attorneys and staff submitting common benefit time and expenses, we hereby certify that we have read and agree to be bound by the terms and conditions contained in Case Management Order No. XXX  re Common Benefit., and acknowledge and agree that the Court will have final, non-appealable authority regarding the award of fees, the allocation of those fees and awards for cost reimbursements, as well as any other matter addressed in said case management order, and expressly waive any right to appeal the Court's decisions regarding these issues.

Signature: _____     Date: _____

| Professional Level | Task Codes | Co-Lead Counsel for Approval |
|--------------------|------------|------------------------------|
| Senior Partner (attorney over 10 years) | 110 Fact Investigation/Development | AW |
| Junior Partner (attorney under 10 years) | 130 Experts/Consultants | RG |
| Senior Associate (attorney over 10 years) | 140 Document/File Management | MM |
| Junior Associate (attorney under 10 years) | 150 Accounting | |

| | |
|---|---|
| Law Clerk | 190 Other Case Assessment, Development and Administration |
| Paralegal Investigator Assistant | 195 Travel |
| | 210 Pleadings |
| | 220 Preliminary Injunctions/Provisional Remedies |
| | 230 Court Mandated Conferences |
| | 240 Dispositive Motions |
| | 250 Other Written Motions/Submissions |
| | 260 Class Action Certification and Notice |
| | 310 Written Discovery |
| | 320 Document Production |
| | 330 Depositions |
| | 340 Expert Discovery |
| | 350 Discovery Motions |
| | 360 Document Review |
| | 390 Other Discovery |
| | 405 Bellwether |
| | 410 Fact Witnesses |
| | 420 Expert Witnesses |
| | 430 Written Motions/Submissions |
| | 440 Other Trial Preparation and Support |
| | 445 Trial Communications with Opposing Counsel |
| | 450 Trial and Hearing Attendance |
| | 460 Post-Trial Motions and Submissions |
| | 470 Enforcement |
| | 475 Appeal |
| | 485 Appellate Motions and Submissions |
| | 495 Appellate Briefs |
| | 498 Oral Argument at Litigation Proceedings and Trials |
| | 510 Analysis/Strategy |
| | 520 Communicating with Opposing Counsel |
| | 610 Settlement/Non-Binding ADR |

**Exhibit A**
**MDL 2741: Roundup Litigation**
**Held Expense Report**

**Firm Name:**
**Reporting Period:**
**Certified By:**
**Date Submitted:**

| Date | Name | Description/Explanation | Assessments |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTAL EXPENSES | | | $0.00 |

*Please attach documentation for each expense reported.

| Commercial Copies | Internal Reproduction/Copies | Court Fees (filing, etc.) | Court Reporters/Transcripts | Computer Research | Telephone/ Fax/Email | Postage/Express Delivery/Messenger | Professional Fees (expert, investigator, accountant, etc.) | Witness/Service Fees | Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | Clerical Overtime | Miscellaneous (Describe) | Current Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**Exhibit A**

**Case Cost Management System Task Codes**

| Category | Code | | Description |
|---|---|---|---|
| **1. Case Administration and Monitoring**: Administration tasks of the case, as well as monitoring emails and motions filed. | 110 | Fact Investigation/Development | All actions to investigate and understand the facts of a matter. Covers interviews of potential common benefit witnesses, potential class representatives, or potential "bellwether" or "test case" plaintiffs, review of documents to learn the facts of the case (but not for document production, Task Code 320), work with an investigator, and all related communications and correspondence. |
| | 130 | Experts/Consultants | Identifying and interviewing common benefit experts and consultants (testifying or non-testifying), working with them, and developing expert reports. Does not include preparing for expert depositions (Task Code 340) or trial (Task Code 420). |
| | 140 | Document/File Management | A narrowly defined task that comprises only the processes of creating and populating document and other databases or filing systems. Includes the planning, design, and overall management of this process. Work of outside vendors in building common benefit litigation support databases should be a Shared Expense. |
| | 150 | Accounting | Covers analyzing, reviewing, and corresponding regarding accounting maintained by Skorheim & Associates, AAC and related issues. |
| | 190 | Other Case Assessment, Development and Administration | Presentation of common issues to other JCCP counsel at the direction of Co-Lead and Co-Liaison Counsel.  Includes time not attributable to any other overall task. Specific use in a given matter often may be pre-determined jointly by Co-Liaison or Lead Counsel or the Court. |
| | 195 | Travel | Travel time for attendance at depositions, hearings, status conferences or other proceedings where such attendance is approved by Co-Liaison or Co-Lead Counsel for presentation of issues related to common benefit.  Travel to seminars is non-compensable unless approved by PLCL. Travel not approved by the PLCL does not constitute common benefit.  If other work in this litigation is being completed during travel time, then the time spent on the other work should be classified appropriately for that work. |
| **2. Pre-Trial Pleadings and Motions:** Covers all pleadings and all pretrial motions and procedures other than discovery. | 210 | Pleadings | Developing (researching, drafting, editing, filing) and reviewing complaints, answers, counter-claims and third party complaints. Also embraces orders, and motions directed at pleadings such as motions to dismiss, motions to strike, and jurisdictional motions. |
| | 220 | Preliminary Injunctions/Provisional Remedies | Developing and discussing strategy for these remedies, preparing motions, affidavits and briefs, reviewing opponent's papers, preparing for and attending court hearing, preparing witnesses for the hearing, and effectuating the remedy. |
| | 230 | Court Mandated Conferences | Preparing for and attending hearings and conferences required by court order or procedural rules (including Rule 16 sessions) other than settlement conferences. |
| | 240 | Dispositive Motions | Developing and discussing strategy for or opposing motions for judgment on the pleadings and motions for complete or partial summary judgment, preparing papers, reviewing opponent's papers, defensive motions (e.g., motion to strike affidavit testimony, Rule 56(f) motion), and preparing for and attending the hearing. |
| | 250 | Other Written Motions/Submissions | Developing, responding to, and arguing all motions other than dispositive (Task Code 240), pleadings (Task Code 210), and discovery (Task Code 350), such as motions to consolidate, to bifurcate, to remand, to stay, to compel arbitration, for MDL treatment and for change of venue. |
| | 260 | Class Action Certification and Notice | Proceedings unique to class action litigation and derivative suits such as class certification and notice. |

| | | | |
|---|---|---|---|
| **3. Discovery:** Includes all work pertaining to discovery according to court or agency rules. | 310 | Written Discovery | Developing, responding to, objecting to, and negotiating interrogatories and requests to admit. Includes mandatory meet-and-confer sessions. Also covers mandatory written disclosures as under Rule 26(a) and negotiation and compilation of fact sheets. |
| | 320 | Document Production | Developing, responding to, objecting to, and negotiating document requests, including the mandatory meet-and-confer sessions to resolve objections. Includes identifying documents for production, reviewing documents for privilege, effecting production, and preparing requested privilege lists. (While a general review of documents produced by other parties falls under this task, coding and entering produced documents into a database is Task Code 140 and reviewing documents primarily to understand the facts is Task Code 110.) |
| | 330 | Depositions | All work concerning depositions, including determining the deponents and the timing and sequence of depositions, preparing deposition notices and subpoenas, communicating with opposing or other party's counsel on scheduling and logistics, planning for and preparing to take the depositions, discussing deposition strategy, preparing witnesses, reviewing documents for deposition preparation, attending depositions, and drafting any deposition summaries. |
| | 340 | Expert Discovery | Same as Task Code 330, but for expert witnesses. |
| | 350 | Discovery Motions | Developing, responding to, and arguing all motions that arise out of the discovery process. Includes the protective order process. |
| | 360 | Document Review | Reviewing, analyzing and properly coding documents from review "batches" assigned by Co-Lead and Co-Liaison firms. |
| | 390 | Other Discovery | Less frequently used forms of discovery, such as medical examinations and on-site inspections. |
| **4. Trials and Hearings:** Commences when Co-Liaison or Co-Lead Counsel select and determine case(s) should be put forward as a potential bellwether trial.  It does not apply to any cases set for trial without the approval of Co-Liaison and Co-Lead Counsel such as a case advanced for medical or other reasons under California Code of Civil Procedure section 36, et seq. through motion for priority. Once trial begins, lawyers who appear in court presumptively should bill their court time to Task Code 450 Trial and Hearing Attendance. Litigation work outside the courtroom during this phase (e.g., evenings, weekends and the time of | 405 | Bellwether | PLCL approved identification, review, analysis and development of potential bellwether cases. |
| | 410 | Fact Witnesses | Preparing for examination and cross-examination of non-expert witnesses. |
| | 420 | Expert Witnesses | Preparing for examination and cross-examination of expert witnesses. |
| | 430 | Written Motions/Submissions | Developing, responding to and arguing written motions during preparation for trial and trial, such as motions in limine and motions to strike proposed evidence. Also includes developing other written pre-trial and trial filings, such as jury instructions, witness lists, proposed findings of fact and conclusions of law, and trial briefs. |
| | 440 | Other Trial Preparation and Support | All other time spent in preparing for and supporting a trial, including developing overall trial strategy, preparing opening and closing arguments, establishing an off-site support office, identifying documents for use at trial, preparing demonstrative materials, etc. |
| | 445 | Trial Communications with Opposing Counsel | Communication with opposing counsel in preparation of trial. |
| | 450 | Trial and Hearing Attendance | Appearing at trial, at hearings and at court-mandated conferences, including the pre-trial conferences to prepare for trial. For scheduling conferences that are denominated as "Pre-Trial Conferences", but not directed toward conduct of the trial, use Task Code 230. |

| | | | |
|---|---|---|---|
| other attorneys and support personnel), should continue to be classified using other 400 Task Codes. | 460 | Post-Trial Motions and Submissions | Developing, responding to and arguing all post-verdict matters in the trial court, such as motions for new trial or j.n.o.v., for stay pending appeal, bills of costs, and requests for attorney's fees. |
| | 470 | Enforcement | All work performed in enforcing and collecting judgments and asserting or addressing defenses thereto. |
| | 475 | Appeal | Covers all work on appeal or before a reviewing body. |
| | 485 | Appellate Motions and Submissions | Developing, responding to and arguing motions and other filings before a reviewing body, such as motions and other filings for stay pending appeal. |
| | 495 | Appellate Briefs | Preparing and reviewing appellate briefs. |
| | 498 | Oral Argument at Litigation Proceedings and Trials | Preparing for and arguing issues at trials, hearings and other proceedings reserved for Co-Lead and Co-Liaison Counsel; and committee chairs and committee members asked to speak or address issues by Co-Lead Counsel. Preparing for and arguing an appeal before a reviewing body. |
| **5. Analysis and Strategizing** | 510 | Analysis/Strategy | Targeted for Co-Liaison and/or Co-Lead Counsel, committee chairs and committee members that are doing common benefit work at the highest level. The thinking, strategizing, and planning for a case, including discussions, writing, and meetings on case strategy. Also includes initial legal research for case assessment purposes and legal research for developing a basic case strategy. Most legal research will be under the primary task for which the research is conducted, such as research for a summary judgment motion (Task Code 240). Once concrete trial preparation begins, use Task Code 440 for trial strategy and planning. |
| | 520 | Communicating with Opposing Counsel | Targeted for Co-Liaison and/or Co-Lead Counsel, committee chairs and committee members that are doing common benefit work at the highest level.  Once concrete trial preparation begins, use Task Code 445 for communicating with opposing counsel re trial strategy and planning. |
| **6. Settlement/Non-Binding ADR** | 601 | Settlement/Non-Binding ADR | All activities directed specifically to settlement. Encompasses planning for and participating in settlement discussions, conferences, and hearings and implementing a settlement. Covers pursuing and participating in mediation and other non-binding Alternative Dispute Resolution (ADR) procedures. Also includes pre-litigation demand letters and ensuing discussions. |