Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Robert E. Johnston (*pro hac vice*)
(rjohnston@hollingsworthllp.com)
James M. Sullivan (*pro hac vice*)
(jsullivan@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 16-md-02741-VC<br><br>MDL No. 2741<br><br>**MONSANTO COMPANY'S RESPONSE IN SUPPORT OF PLAINTIFFS' FEB. 20, 2017 ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
|---|---|

On Monday, February 20, 2017, plaintiffs attached to their portion of the parties' joint Case Management Statement ("CMS") (ECF No. 150-3) thirty-five documents totaling well over a thousand pages, including hundreds of pages of documents produced in discovery from the internal files of Monsanto Company ("Monsanto") and two full-day deposition transcripts (despite only citing to select pages). Plaintiffs notified Monsanto's counsel of their intent to file these exhibits on the day the filing was due, did not share copies of what they planned to file, and did not explain that they were filing the entire transcripts contrary to the practice to date of filing only the cited pages.[1] Having now had an opportunity to evaluate plaintiffs' filings, Monsanto as

[1] Monsanto's counsel responded at that time: "Because plaintiffs did not identify their numerous exhibits to us until this afternoon, we have not yet had an opportunity to complete our evaluation and confer with our client about the confidentiality status of those documents. If you don't hear from us before filing, you

detailed in the accompanying Declaration agrees that certain exhibits may be filed publicly while others should be filed under seal in whole or part or stricken from the record.[2] Monsanto also requests that the joint CMS remain redacted and under seal to the extent that it quotes from and characterizes sealed exhibits. Thus, pursuant to Civil Local Rules 79-5 and 7-11 and the Protective and Confidentiality Order ¶ 18, ECF No. 64, Monsanto hereby files its Response in Support of Plaintiffs' February 20, 2017 Administrative Motion to File Under Seal (ECF No. 150), along with the supporting Declaration of Robyn D. Buck, and a proposed order that supplements plaintiffs' submissions.

## I. Good Cause Exists To Seal The Documents Designated By Monsanto As Confidential.

The Ninth Circuit has long held that the "good cause" standard of Federal Rule of Civil Procedure 26(c) applies when determining whether to "preserv[e] the secrecy of sealed discovery material attached to non-dispositive motions," at least where, as here, the motion is at most tangential to the merits. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also 3B Med., Inc. v. Resmed Corp.*, No. 16-CV-2050-AJB-JMA, 2016 WL 6818953, at *2 (S.D. Cal. Oct. 11, 2016) (holding good cause standard applied to discovery motion). Monsanto has submitted other recent briefs regarding the good cause standard, and circumstances in which sealing is appropriate under that standard. *See* ECF Nos. 110, 143, 160. Monsanto relies on those authorities here as well, and files this Response to provide additional

should adhere to the confidentiality designations made at the time of production. Within the four days permitted by the local rules, Monsanto will file a Declaration as to the exhibits it asserts should remain under seal."

[2] Specifically, Monsanto requests that the Court direct the Clerk to strike the two full-day transcripts and Order plaintiffs to file only the cited excerpts. *See, e.g.*, *Minebea Co. Ltd. v. Papst*, 221 F.R.D. 11, 11-12 (D.D.C. 2004) (striking excessive and unnecessary exhibits to non-dispositive motion). Monsanto does not concede the relevancy of any of plaintiffs' exhibits, and the parties have filed separate briefing on what evidence is relevant to general causation. The Court has discretion to strike irrelevant or unnecessary exhibits to this non-dispositive motion from its docket. *See id.*; ECF No. 143. Monsanto also requests that the Court strike a privileged communication revealing attorney-client advice and work product, which Monsanto has now clawed back under the Court's Protective Order and Federal Rule of Evidence 502(d) Order.

authority regarding sealing of confidential research and documents that implicate foreign privacy laws, which apply to many of the exhibits to this Administrative Motion to Seal.

**A. Good Cause Exists to Seal Documents and Deposition Testimony that Reveals or Discusses Confidential Research.**

Courts have recognized that confidential research warrants protection because of its potential value to competitors, who would gain access to important information without having to do equivalent work. *See* Fed. R. Civ. P. 26(c)(1) (permitting issuance of a protective order, for good cause, to prevent disclosure of "a trade secret or other confidential research, development, or commercial information"). Product development or analysis studies can "require hundreds of employee hours of work, costs hundreds of thousands of dollars to plan, implement and analyze, have substantial commercial value and are of substantial value to other [similar] manufacturers." *In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD, 2013 WL 214672, at *7-8 (S.D. Fla. Jan. 18, 2013) (recognizing this as a good cause basis to protect documents from disclosure). Documents that "reveal explanations of the rationales for past studies and studies that [the manufacturer] chose not to conduct" also may be worthy of protection. *Id.*

In a decision from within this Circuit which, as here, was still in discovery and involved an alleged public health issue, the court found good cause to seal documents containing proprietary research and analysis. *See Otoski v. Avidyne Corp.*, No. CV 09-3041-PK, 2010 WL 5158390 (D. Or. Dec. 13, 2010). Like here, the plaintiffs in *Otoski* argued "that the documents should be unsealed because they contain important safety information about an allegedly dangerously defective product, about which the public has a right to know" and that the manufacturer "broadly declared documents 'confidential' in order to protect themselves from embarrassment and potential profit loss[.]" *Id.* at *2. The court held that good cause existed to protect the documents because they "contain proprietary information related to the company's design process of the allegedly defective product, including research, analysis, findings, and communications containing proprietary facts, that if released, could damage Avidyne's competitive position." *Id.* at *3 ("At this stage in the case, when discovery has not yet closed

and the parties have yet to refine and present their theories of the case, Avidyne's argument that it will suffer harm to its competitive position if the documents were unsealed is persuasive.").

Similarly, a court in the Eastern District of California granted a request to seal documents containing proprietary information, including "goals and strategy for employees while communicating with prospective clients" and an outreach script revealing "talking points for various aspects of client communication" because "[n]one of this information is made publicly or commercially available, and . . . disclosure of the information would advantage [Defendant's] competitors who would benefit from the information without having to make the investments that Defendants were required to make to develop the information in the first instance." *Davis v. Soc. Svc. Coordinators*, No. 1:10-cv-02372-LJO-SKO, 2012 WL 1940677, at *3 (E.D. Cal. May 29, 2012) (also granting request to redact portions of memorandum that discuss or quote from those documents).

Some of the documents concerning confidential research that are at issue in plaintiffs' Motion to Seal also reveal details of the business relationship between Monsanto and an outside consultant, including potential fees. Courts have found good cause to seal such information. *See, e.g., Refco Group Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 Civ. 1654, 2015 WL 4298572, at *4, *6 (S.D.N.Y. Jul. 15, 2015) (finding good cause to seal exhibits containing terms of a licensing agreement "including the proposed compensation to each party"); *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 CIV. 6608 PKC JCF, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (granting motion to seal documents containing confidential information about defendant's business relationship with a non-party entity, which, if made public, could adversely affect the defendant's relationship with other such entities); *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. Jun. 11, 2013) (finding good cause to seal "confidential agreements between Wells Fargo Bank and various non-parties" and responses to interrogatories that "provide detailed information regarding Wells Fargo Bank's business arrangements with QBE and ASIC" which "are governed by confidential agreements"); *see also 3B Med., Inc. v. Resmed Corp.*, No. 16-CV-2050-AJB-JMA, 2016 WL 6818953, at *3

(S.D. Cal. Oct. 11, 2016) (finding good cause to seal "email discussions concerning . . . a contract negotiation").

Thus, good cause exists for the Court to allow documents and deposition testimony excerpts that reveal or discuss Monsanto's confidential research, as well as the details of its relationships with outside consultants who may review or conduct such research, to be filed under seal.

**B. Good Cause Exists to Seal Documents and Deposition Testimony that Contain Information Protected by Foreign Privacy Laws.**

Some of the documents at issue contain information from or regarding European nationals, which, as detailed in prior submissions to the Court, is protected under European Union privacy laws and the implementing laws of member nations. *See* Monsanto Co.'s Consent Mot. for Order re Production of Custodial Files of Richard Garnett and Christophe Gustin ("Consent Mot.") (ECF No. 61). The "personal data" that is protected by these laws "means any information relating to an identified or identifiable natural person," including such information as employment information, job titles, mailing addresses, phone numbers, and e-mail addresses. *Id.* at 2 (quoting Belgium's Act of 11 December 1998 Ch. 1, Art. 1, § 1); *see also St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 104 F. Supp. 3d 1150, 1162 (D. Ore. 2015) (noting that "European Union Directive 95/46/EC, 1995 O.J. (L 281) 31 . . . protects the 'right to privacy [of natural persons] with respect to the processing of personal data'" and that "'Personal data' is defined broadly to include names, job titles, email addresses, and so on").

Under European Union privacy laws, documents containing such personal data cannot be transferred to third countries unless that third country "ensures an adequate level of protection" but "[t]he United States does not, in general, provide European levels of protection for personal data." *St. Jude Med. S.C., Inc.*, 104 F. Supp. 3d at 1163 (citing relevant sections of the E.U. Directive). Therefore, in the interests of comity, courts should protect the personal data of European citizens that is present in materials filed with the court. *See St. Jude Med. S.C., Inc.*, 104 F. Supp. 3d at 1170 (***holding that discovery documents containing personal data of European citizens, if filed in the court, "shall be filed under seal"***) (emphasis added); *see also*

*In the Matter of a Warrant to Search a Certain E-Mail Account Controlled and Maintained by Microsoft Corp.*, 829 F.3d 197, 203 & n.6 (2d Cir. 2016) (email address of data collected from Ireland was under seal). Good cause exists for the Court to allow CMS exhibits and portions of the CMS referencing European citizens and discussing identifiable information about them to be filed under seal.

For the reasons above and as detailed individually for each exhibit in the accompanying Declaration, Monsanto requests that the Court order that the documents identified in the Declaration, and the portions of the CMS that characterize and quote from them, be sealed from the public record and remain confidential. Also as detailed in the accompanying Declaration, Monsanto also requests that the Court strike the two full transcripts, and strike the document that Monsanto has clawed back as privileged.

DATED: February 24, 2017

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Robert E. Johnston (*pro hac vice*)
(rjohnston@hollingsworthllp.com)
James M. Sullivan (*pro hac vice*)
(jsullivan@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY