**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
Robert E. Johnston (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
           elasker@hollingsworthllp.com
           rjohnston@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>ALL ACTIONS | |

**DECLARATION OF ROBYN D. BUCK IN SUPPORT OF
<u>PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL</u>**

I, Robyn D. Buck, hereby declare as follows:

1.      I am employed by Defendant Monsanto Company ("Monsanto") as Litigation Counsel.  I submit this declaration in support of plaintiffs' Administrative Motion to File Under Seal ("Motion to Seal"), dated February 20, 2017 and Monsanto's Response in Support.  Except as otherwise noted, I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently to these matters.

2.      The Motion to Seal seeks to file under seal 35 documents that plaintiffs attach as exhibits to and quote and characterize within their position in the joint Case Management Statement filed by the parties on February 20, 2017 ("CMS") (ECF No. 150-3).  Of those documents, the documents Monsanto requests that the Court file under seal, as detailed below, were produced to plaintiffs in discovery and designated as "Confidential" by Monsanto pursuant

1  to the Protective and Confidentiality Order issued by this Court on December 9, 2016 (ECF No.
2  64).  Each of these documents contains information that individuals working for Monsanto are
3  required to maintain as confidential, and there is no information that any of these documents has
4  been publicly disclosed at this time.  Public disclosure of these documents could harm Monsanto
5  by revealing proprietary business information, internal processes, procedures, and strategies.
6  Further, the ability of employees to speak freely in developing and implementing business and/or
7  regulatory strategy and goals would be inhibited if documents that have not been used for a
8  merits-based litigation decision nevertheless become subject to public disclosure.  Moreover,
9  such disclosure of statements of particular employees at a single point in time that may or may
10 not reflect the true facts as they occurred could result in public disclosure of out-of-context
11 statements with the potential to prejudice the litigation and create misleading impressions in the
12 mind of the public and potential jurors.  In addition to these general reasons for sealing,
13 additional specific reasons are provided below for the documents at issue.

14         3.      As discussed below, Monsanto is not requesting that every document that
15 plaintiffs filed under seal remain under seal.  Plaintiffs did not notify Monsanto or its counsel of
16 which exhibits they intended to file until the day the filing was due, Monday, February 20, 2017.
17 Monsanto's counsel responded at that time:  "Because plaintiffs did not identify their numerous
18 exhibits to us until this afternoon, we have not yet had an opportunity to complete our evaluation
19 and confer with our client about the confidentiality status of those documents.  If you don't hear
20 from us before filing, you should adhere to the confidentiality designations made at the time of
21 production.  Within the four days permitted by the local rules, Monsanto will file a Declaration
22 as to the exhibits it asserts should remain under seal."

23         4.      <u>CMS Exhibit 1 (MONGLY01870235)</u> is the Curriculum Vitae of Mark A.
24 Martens.  Dr. Martens is a regulatory toxicologist who was formerly employed by Monsanto's
25 European subsidiary and is presently located in Europe.  As discussed in the accompanying
26 memorandum of law, European privacy laws protect the personal identities and "personal data" –
27 including but not limited to birth date and educational and employment information – of
28 individuals such as Dr. Martens and such information is only revealed in litigation under

1  European law when necessary.  No such need is present here.  Unnecessary public disclosure
2  could expose Monsanto to sanctions or other adverse consequences by European regulators.
3  Disclosure also would invade the privacy rights and reputational interests of non-parties who
4  cannot protect their interests before the Court.  Because CMS Exhibit 1 contains sensitive, non-
5  public information, Monsanto respectfully requests that the Court allow plaintiffs to file it under
6  seal.

7       5.     CMS Exhibit 2 (MONGLY00905589) is Dr. Martens' nomination for Monsanto's
8  Fellow Program. This document contains confidential employment information about Dr.
9  Martens and therefore, as with Exhibit 1, European privacy laws are implicated.  There is no
10 litigation need to publicly disclose this information, at least at this time.  Public disclosure could
11 expose Monsanto to sanctions or other adverse consequences by European regulators.
12 Disclosure also would invade the privacy rights and reputational interests of non-parties who
13 cannot protect their interests before the Court.  Because CMS Exhibit 2 contains sensitive, non-
14 public information, Monsanto respectfully requests that the Court allow plaintiffs to file it under
15 seal.

16      6.     CMS Exhibit 3 (MONGLY00891769) is an internal email chain which contains
17 internal analysis of studies and strategy for planning a response to a European regulatory inquiry
18 about the studies, as well as discussion about the use of an outside consultant.  It also includes an
19 internal email solely between European employees and thus implicates European privacy laws.
20 Public disclosure of this document would harm Monsanto because it reveals internal strategic
21 planning and Monsanto's processes and procedures for protecting its business interests, all of
22 which would be of interest to competitors.  Disclosure also would harm Monsanto by revealing its
23 internal processes and procedures for handling its important business relationships with
24 confidential outside consultants, which would cause it competitive harm by providing helpful
25 information on consultants to competitors.  There is no litigation need to publicly disclose this
26 information, at least at this time.  Public disclosure could expose Monsanto to sanctions or other
27 adverse consequences by European regulators.  Disclosure also would invade the privacy rights
28 and reputational interests of a non-party who cannot protect their interests before the Court.

1  Because CMS Exhibit 3 contains sensitive, non-public information, Monsanto respectfully
2  requests that the Court allow plaintiffs to file it under seal.
3        7. <u>CMS Exhibit 4 (MONGLY00878595)</u> is an internal email among Monsanto
4  employees discussing the report of an outside consultant, comments made upon the report, and
5  potential follow-up.  It reveals internal analysis of studies and business strategizing about the use
6  of outside consultants.  The email chain also includes European personnel, which implicates
7  European privacy laws.  Public disclosure of this document would harm Monsanto because it
8  reveals internal strategic planning and Monsanto's processes and procedures for protecting its
9  business interests, all of which would be of interest to competitors.  Disclosure also would harm
10 Monsanto by revealing its internal processes and procedures for handling its important business
11 relationships with confidential outside consultants, which would cause it competitive harm by
12 providing helpful information on consultants to competitors.  There is no litigation need to
13 publicly disclose this information, at least at this time.  Public disclosure could expose Monsanto
14 to sanctions or other adverse consequences by European regulators.  Disclosure also would
15 invade the privacy rights and reputational interests of non-parties who cannot protect their
16 interests before the Court.  Because CMS Exhibit 4 contains sensitive, non-public information,
17 Monsanto respectfully requests that the Court allow plaintiffs to file it under seal.
18       8. <u>CMS Exhibit 5 (MONGLY01314233)</u> is a collection of various documents,
19 including a report by an outside European consultant, handwritten notes on a draft, and a
20 document containing internal analysis and evaluation of the report.  Public disclosure of this
21 document would harm Monsanto because it reveals internal strategic planning and Monsanto's
22 processes and procedures for protecting its business interests, all of which would be of interest to
23 competitors.  Disclosure also would harm Monsanto by revealing its internal processes and
24 procedures for handling its important business relationships with confidential outside
25 consultants.  Monsanto also would be harmed by disclosure of this document because Monsanto
26 has a significant business interest in maintaining relationships with outside consultants that are
27 conducted with the assumption of confidentiality and betraying those expectations of
28 confidentiality in a public setting would impair Monsanto's ability to retain and work with

outside consultants in the future.  There is no litigation need to publicly disclose this information, at least at this time.  Public disclosure could expose Monsanto to sanctions or other adverse consequences by European regulators.  Disclosure also would invade the privacy rights and reputational interests of non-parties who cannot protect their interests before the Court.  Because CMS Exhibit 5 contains sensitive, non-public information, Monsanto respectfully requests that the Court allow plaintiffs to file it under seal.

9. <u>CMS Exhibit 6 (Dr. Farmer Dep. Transcript (Day 1)</u> includes certain pages of excerpts from the deposition transcript of Dr. Donna Farmer.  Although plaintiffs' only cited to certain pages of the transcript, it appears that they filed under seal the entire Day 1 transcript of the deposition of Dr. Donna Farmer.  Monsanto requests that the Court strike the transcript from the record and direct plaintiffs only to file the pages they cited.  In addition, where plaintiffs cited to page 56 of the transcript, that page does not address the issue for which it is cited; Monsanto believes that the pages plaintiffs intended to cite instead were pages 64-65.  Plaintiffs cited to the following transcript pages: 56-63, 79-80, 151-194, 200, 287-288.  Monsanto has reviewed and considered the cited pages, and of those pages requests to seal only the following:

   a. <u>151:1-173:16; 174:9-194:25; 287:25-288:6</u>: These pages discuss confidential research by an outside consultant and Monsanto's further research and internal assessment and strategic planning.  It also discusses Monsanto's confidential relationship with the outside European consultant, including his fee, and Monsanto's strategy for communicating with this outside consultant.  Public disclosure would harm Monsanto by revealing its proprietary practices, procedures, and strategic planning in protecting its business interests, which would provide useful information to competitors.  Disclosure also would harm Monsanto by revealing the substance of its communications regarding confidential research as well as its internal processes and procedures for handling confidential correspondence with such consultants, which would cause it competitive harm by providing information on key consultants to competitors.  Monsanto also would be harmed by disclosure of this document

1 because Monsanto has a significant business interest in maintaining
2 relationships with outside consultants that are conducted with the assumption
3 of confidentiality and betraying those expectations of confidentiality would
4 impair Monsanto's ability to retain and work with such individuals in the
5 future.  Disclosure also would harm the privacy and reputational interests of
6 non-parties who cannot protect their interests before the Court.  There is no
7 litigation need to publicly disclose this information, at least at this time.
8 Public disclosure could expose Monsanto to sanctions or other adverse
9 consequences by European regulators.  Disclosure also would invade the
10 privacy rights and reputational interests of non-parties who cannot protect
11 their interests before the Court.

12   10.   <u>CMS Exhibit 7 (MONGLY03734971)</u> is an internal email chain among Monsanto
13 employees (including European personnel) discussing strategy about which studies to conduct
14 and how to handle recommendations by an outside consultant.  Public disclosure of this
15 document would harm Monsanto because it reveals internal strategic planning and Monsanto's
16 processes and procedures for protecting its business interests, all of which would be of interest to
17 competitors.  Disclosure also would harm Monsanto by revealing its internal processes and
18 procedures for handling its important business relationships with confidential outside
19 consultants, which would cause it competitive harm by providing helpful information on
20 consultants to competitors.  Monsanto also would be harmed by disclosure of this document
21 because Monsanto has a significant business interest in maintaining relationships with outside
22 consultants that are conducted with the assumption of confidentiality and betraying those
23 expectations of confidentiality would impair Monsanto's ability to work with such individuals in
24 the future.  There is no litigation need to publicly disclose this information, at least at this time.
25 Public disclosure could expose Monsanto to sanctions or other adverse consequences by
26 European regulators.  Disclosure also would invade the privacy rights and reputational interests
27 of non-parties who cannot protect their interests before the Court.  Because CMS Exhibit 7
28 contains sensitive, non-public information, Monsanto respectfully requests that the Court allow

1  plaintiffs to file it under seal.

2  11. CMS Exhibit 8 (MONGLY00905534) is an email chain that includes internal
3  emails among Monsanto employees (including European personnel) discussing the
4  recommendations of an outside European consultant, as well as communications between the
5  company and an outside European consultant.  Public disclosure of this document would harm
6  Monsanto because it reveals internal strategic planning and Monsanto's processes and procedures
7  for protecting its business interests, all of which would be of interest to competitors.  Disclosure
8  also would harm Monsanto by revealing its internal processes and procedures for handling its
9  business relationships with confidential outside consultants, which would cause it competitive
10 harm by providing helpful information on consultants to competitors.  Monsanto also would be
11 harmed by disclosure of this document because Monsanto has a significant business interest in
12 maintaining relationships with outside consultants that are conducted with the assumption of
13 confidentiality and betraying those expectations of confidentiality would impair Monsanto's
14 ability to retain and work with such individuals in the future.  There is no litigation need to
15 publicly disclose this information, at least at this time.  Public disclosure could expose Monsanto
16 to sanctions or other adverse consequences by European regulators.  Disclosure also would
17 invade the privacy rights and reputational interests of non-parties who cannot protect their
18 interests before the Court.  Because CMS Exhibit 8 contains sensitive, non-public information,
19 Monsanto respectfully requests that the Court allow plaintiffs to file it under seal.

20 12. CMS Exhibit 9 (MONGLY01839476) is a non-public, draft article by Monsanto
21 employees, including European personnel.  It is in redline and marked "CONFIDENTIAL-
22 DRAFT."  Public disclosure of this document would harm Monsanto because it is confidential
23 research, the details of which would be of helpful information to Monsanto's competitors.
24 Disclosure also would harm Monsanto by revealing internal company processes and procedures
25 for working with draft materials, and by baring information that is not necessarily how it
26 appeared in final form and thus would be misleading and potentially inaccurate.  There is no
27 litigation need to publicly disclose this information, at least at this time.  Public disclosure could
28 expose Monsanto to sanctions or other adverse consequences by European regulators.

1  Disclosure also would invade the privacy rights and reputational interests of non-parties who
2  cannot protect their interests before the Court.  Because CMS Exhibit 9 contains sensitive, non-
3  public information, Monsanto respectfully requests that the Court allow plaintiffs to file it under
4  seal.

5        13.    <u>CMS Exhibit 10 (MONGLY01377215)</u> is a proprietary, non-public report on
6  confidential scientific research.  Such research is expensive to develop, and valuable to
7  competitors who often pay for use of such research when performed by other manufacturers.  It
8  is marked "CONFIDENTIAL" and "RESTRICTED DISTRIBUTION" which means that it had a
9  restricted distribution even within the company.  Public disclosure of this document would harm
10 Monsanto because it is confidential research, the details of which would be helpful information
11 to Monsanto's competitors.  Because CMS Exhibit 10 contains sensitive, non-public information,
12 Monsanto respectfully requests that the Court allow plaintiffs to file it under seal.

13       14.    <u>CMS Exhibit 11 (MONGLY00925905)</u>: Monsanto is not requesting to seal this
14 document, and the next exhibit, CMS Exhibit 12 was not designated by Monsanto as confidential
15 and has been filed publicly.

16       15.    <u>CMS Exhibit 13 (MONGLY04272196)</u> is an internal, proprietary report on
17 confidential research.  The company did not intend for this research to be disseminated outside of
18 the company.  The research contains a stamp "Company Confidential," and contains statements
19 such as "This document is the property of Monsanto Company and the recipient is responsible
20 for its safekeeping and disposition.  It contains CONFIDENTIAL INFORMATION which must
21 not be reproduced, revealed to unauthorized persons or sent outside the Company without proper
22 authorization."  Such research is expensive to develop, and valuable to competitors who often
23 pay for use of such research when performed by other manufacturers.  Because it is confidential
24 research, Monsanto has a proprietary interest in this study, including who conducted the study
25 and how it was conducted.  Public disclosure of this document would harm Monsanto because it
26 is confidential research, the details of which would be helpful information to Monsanto's
27 competitors.  Because CMS Exhibit 13 contains sensitive, non-public information, Monsanto
28 respectfully requests that the Court allow plaintiffs to file it under seal.

16. <u>CMS Exhibit 14 (MONGLY01185582)</u>: Monsanto is not requesting to seal this document.

17. <u>CMS Exhibit 15 (MONGLY00666980)</u> is a non-public, proprietary report on studies of N-nitro glyphosate ("NNG") formation. It is confidential research and stamped "COMPANY CONFIDENTIAL." Such research is expensive to develop, and Monsanto maintains confidentiality in part to avoid free access to others. Public disclosure of this document would harm Monsanto because it is confidential research, the details of which would be helpful information to Monsanto's competitors, including by revealing information regarding confidential manufacturing processes. Because CMS Exhibit 15 contains sensitive, non-public information, Monsanto respectfully requests that the Court allow plaintiffs to file it under seal.

18. <u>CMS Exhibit 16 (MONGLY03771170)</u> is an internal, non-public email that reveals proprietary, confidential research and analysis. It reveals details of studies being conducted internally by the company as well as internal strategy and analysis about how to conduct those studies. Public disclosure of this document would harm Monsanto because it reveals confidential research, the details of which would be helpful information for Monsanto's competitors. Public disclosure also would harm Monsanto because it reveals proprietary processes, procedures, and strategy that could be of benefit to its competitors. Because CMS Exhibit 16 contains sensitive, non-public information, Monsanto respectfully requests that the Court allow plaintiffs to file it under seal.

19. <u>CMS Exhibit 17 (MONGLY06758730)</u> is an internal email chain that contains an internal assessment of research as well as strategic planning regarding communications with a European regulatory agency. The bottom email includes a detailed action list for responding to a regulatory request. Other emails in the chain strategize on how to respond to the request and on whether and how to conduct particular studies, and also discuss the company's "current practice" for handling such testing. Public disclosure of this document would harm Monsanto because it reveals proprietary processes, procedures, and strategy that could be of benefit to its competitors. Disclosure also would harm Monsanto by revealing Monsanto's internal strategies and processes for assessing potential scientific and regulatory actions and its approach to communications with

- 9 -

its regulators.  In addition, European employees are included in the email chain, which implicates European privacy laws.  There is no litigation need to publicly disclose this information, at least at this time.  Public disclosure could expose Monsanto to sanctions or other adverse consequences by European regulators.  Disclosure also would invade the privacy rights and reputational interests of non-parties who cannot protect their interests before the Court.  Because CMS Exhibit 17 contains sensitive, non-public information, Monsanto respectfully requests that the Court allow plaintiffs to file it under seal.

20. <u>CMS Exhibit 18 (MONGLY03549275)</u> is an internal email chain that contains an internal assessment of research as well as strategic planning regarding communications with EPA.  Public disclosure of this document would harm Monsanto because it reveals proprietary processes, procedures, and strategy that could be of benefit to its competitors.  Disclosure also would harm Monsanto by revealing Monsanto's internal strategies and processes for assessing potential scientific and regulatory actions and its approach to communications with its regulators.  Because CMS Exhibit 18 contains sensitive, non-public information, Monsanto respectfully requests that the Court allow plaintiffs to file it under seal.

21. <u>CMS Exhibit 19 (MONGLY03993451)</u> is a draft document showing proposed project lists for a Monsanto unit for Fiscal Year 2014.  Public disclosure of this document would harm Monsanto because it reveals who is responsible for what areas at the company, which is akin to an organizational chart and would be of interest to competitors.  It also shows Monsanto's strategic business planning, which reveals proprietary processes and procedures and strategy which would provide competitors with an inside look at Monsanto's operations.  Disclosure also would harm Monsanto by revealing information that is not necessarily how it appeared in final form and thus would be misleading and potentially inaccurate.  Because CMS Exhibit 19 contains sensitive, non-public information, Monsanto respectfully requests that the Court allow plaintiffs to file it under seal.

22. <u>CMS Exhibit 20 (MONGLY01041300)</u> is an internal email chain discussing the formulation specifications.  Public disclosure of this document would harm Monsanto because it contains an internal discussion of proprietary product specifications, which would be of interest

1  to competitors, and assessing a product competitor. Disclosure also could impact the
2  reputational interests of non-parties who cannot protect their interests before the Court. Because
3  CMS Exhibit 20 contains sensitive, non-public information, Monsanto respectfully requests that
4  the Court allow plaintiffs to file it under seal.

5        23.    CMS Exhibit 21 (MONGLY03829270) is an email chain discussion with a
6  product supplier strategizing regarding product testing and warnings. Disclosure would harm
7  Monsanto because it could interfere with its ability in the future to confer confidentially with
8  businesses with shared interests. Disclosure also could impact the reputational interests of non-
9  parties who cannot protect their interests before the Court. Because CMS Exhibit 21 contains
10 sensitive, non-public information, Monsanto respectfully requests that the Court allow plaintiffs
11 to file it under seal. Based on the courtesy copy of plaintiffs' exhibits, it appears that plaintiffs
12 attached a second copy of Exhibit 20 instead of this document which they also cited.
13 Monsanto's explanation for sealing of Exhibit 20 is addressed in the preceding paragraph of this
14 Declaration.

15       24.    CMS Exhibit 22 (MONGLY04175012) is an email chain that includes internal
16 discussion and strategy regarding product formulations and warnings and how to handle
17 communications with materials suppliers. Disclosure would harm Monsanto because it could
18 interfere with its ability in the future to confer confidentially with businesses with shared
19 interests. Disclosure also would harm Monsanto by revealing the substance of its
20 communications with business partners and its strategy for handling such communications,
21 which could impair its business relationships with such necessary suppliers in the future.
22 Because CMS Exhibit 22 contains sensitive, non-public information, Monsanto respectfully
23 requests that the Court allow plaintiffs to file it under seal.

24       25.    CMS Exhibit 23 (MONGLY0211857 & MONGLY02111919) contains two
25 documents. The first document is an internal email forwarding a marked-up version of a draft
26 report on confidential research. Monsanto does not request to seal the cover email, but does
27 request to seal the draft report, which includes redlining and comments. The draft report is
28 stamped internally within Monsanto as "Monsanto Company Confidential." Public disclosure of

1  this document would harm Monsanto because it is confidential research that is time consuming
2  and expensive to develop, the details of which would be helpful information to Monsanto's
3  competitors.  Disclosure also would harm Monsanto by revealing internal company processes
4  and procedures for working with draft materials, and by baring information that is not
5  necessarily how it appeared in final form and thus would be misleading and potentially
6  inaccurate.

7       26.  <u>CMS Exhibit 24 (MONGLY02155592)</u> is a proprietary report on a proprietary
8  scientific study.  The report is confidential research and has been stamped "COMPANY
9  CONFIDENTIAL" with a restricted distribution.  Public disclosure of this document would harm
10 Monsanto because it is confidential research, which is expensive to develop, and the details of
11 which would be helpful information to Monsanto's competitors.  Because CMS Exhibit 24
12 contains sensitive, non-public information, Monsanto respectfully requests that the Court allow
13 plaintiffs to file it under seal.

14      27.  <u>CMS Exhibit 25 (MONGLY05190476 & MONGLY05190478)</u> contains two
15 documents.  The first document is an email chain forwarding an attachment.  Within the email,
16 Monsanto requests redaction of the internal budget assessment and planning, which consist of the
17 paragraph to the April 4, 2013, 12:57 PM email that begins "Do we . . ." and the paragraph of the
18 April 2, 2013, 5:14 PM email that begins "In the . . . ."  Public disclosure of these paragraphs
19 would harm Monsanto by revealing internal financial information and budgetary planning and
20 cost estimate figures to competitors.  The second document is a transmittal document by
21 Monsanto to EPA, which Monsanto does not request to seal.

22      28.  <u>CMS Exhibit 26 (MONGLY00535946)</u> is an internal email chain discussing
23 decision making on formulations and a business plan to conduct certain confidential research.
24 The email chain includes detailed description of product formulations and a specific action plan,
25 details which employee is responsible for what task, and reveals the company's internal
26 processes and procedures for conducting such proprietary studies.  Public disclosure of this
27 document would harm Monsanto because it reveals Monsanto's internal strategic planning, its
28 internal organizational structure, its product specifications, and its processes and procedures for

1  protecting its business interests, all of which would be of interest to competitors.  Because CMS
2  Exhibit 26 contains sensitive, non-public information, Monsanto respectfully requests that the
3  Court allow plaintiffs to file it under seal.

4       29.    CMS Exhibit 27 (MONGLY0528669):  Monsanto claws this document back
5  under the Federal Rule of Evidence 502(d) Order, ECF No. 65, and the Protective and
6  Confidentiality order, ECF No. 64, as protected by attorney-client privilege and the work product
7  doctrine.  In this document, the day following witness preparation meetings in which I
8  participated along with counsel from Hollingsworth LLP, one of the witnesses sent this email
9  reflecting his understanding of legal advice and work product direction from the meeting to other
10 members of his team to assist in implementing what he understood to be the legal advice.  This
11 exhibit should be stricken from the record.

12      30.    CMS Exhibit 28 (MONGLY06414231) is an internal email providing a summary
13 of a meeting that details strategy and planned steps for handling certain product issues.  It also
14 includes European personnel, which implicates European privacy concerns.  Public disclosure of
15 this document would harm Monsanto because it reveals in detail internal strategic planning and
16 Monsanto's processes and procedures for protecting its business interests, all of which would be
17 of interest to competitors.  There is no litigation need to publicly disclose this information, at
18 least at this time.  Public disclosure could expose Monsanto to sanctions or other adverse
19 consequences by European regulators.  Disclosure also would invade the privacy rights and
20 reputational interests of non-parties who cannot protect their interests before the Court.  Because
21 CMS Exhibit 28 contains sensitive, non-public information, Monsanto respectfully requests that
22 the Court allow plaintiffs to file it under seal.

23      31.    CMS Exhibit 29 (MONGLY06449761) is an internal email suggesting strategic
24 next steps for responding to certain product-related issues in Europe.  It also includes European
25 personnel, which implicates European privacy concerns.  Public disclosure of this document
26 would harm Monsanto because it reveals internal strategic planning and Monsanto's processes
27 and procedures for protecting its business interests, all of which would be of interest to
28 competitors.  There is no litigation need to publicly disclose this information, at least at this time.

1   Public disclosure could expose Monsanto to sanctions or other adverse consequences by
2   European regulators.  Disclosure also would invade the privacy rights and reputational interests
3   of non-parties who cannot protect their interests before the Court.  Because CMS Exhibit 29
4   contains sensitive, non-public information, Monsanto respectfully requests that the Court allow
5   plaintiffs to file it under seal.

6       32.    <u>CMS Exhibit 30 (Dr. Saltmiras Dep. Transcript Excerpts 5))</u> includes certain
7   pages of excerpts from the deposition transcript of Dr. David Saltmiras.  Although plaintiffs'
8   only cited to certain pages of the transcript, it appears that they filed under seal the entire Day 1
9   transcript of the deposition of Dr. Saltmiras.  Monsanto requests that the Court strike the
10  transcript from the record and direct plaintiffs only to file the pages they cited.  As to the pages
11  that plaintiffs cited, pages 250-251, Monsanto does not request that the Court seal these pages.

12      33.    <u>CMS Exhibit 31 (MONGLY02155826)</u> is an email chain in which Monsanto
13  employees internally evaluate certain studies.  The email chain includes internal analysis of
14  studies and strategizing regarding a response and next steps.  The email chain includes European
15  personnel and their personal data, which implicates European privacy laws.  Public disclosure of
16  this document would harm Monsanto because it would reveal proprietary processes, procedures,
17  and strategy that could be of benefit to its competitors.  There is no litigation need to publicly
18  disclose this information, at least at this time.  Public disclosure could expose Monsanto to
19  sanctions or other adverse consequences by European regulators.  Disclosure also would invade
20  the privacy rights and reputational interests of non-parties who cannot protect their interests
21  before the Court.  Because CMS Exhibit 31 contains sensitive, non-public information,
22  Monsanto respectfully requests that the Court allow plaintiffs to file it under seal.

23      34.    <u>CMS Exhibit 32 (MONGLY02478386)</u> is an internal email chain discussing
24  proprietary design, manufacturing, formulation, and testing processes, all of which would be of
25  interest to competitors.  Disclosure also would harm Monsanto by revealing its internal
26  manufacturing and testing processes.  Because CMS Exhibit 32 contains sensitive, non-public
27  information, Monsanto respectfully requests that the Court allow plaintiffs to file it under seal.
28      35.    <u>CMS Exhibit 33 (MONGLY04683604)</u> is an internal email chain analyzing the

1  results of certain testing in glyphosate and including formulation specifications.  Public
2  disclosure of this document would harm Monsanto because it reveals proprietary processes,
3  procedures, strategy, and product specifications that could be of benefit to its competitors.
4  Because CMS Exhibit 33 contains sensitive, non-public information, Monsanto respectfully
5  requests that the Court allow plaintiffs to file it under seal.

6  36. CMS Exhibit 34 (MONGLY04380623) is a Process Technology report from
7  December 2006.  The report, which is internally stamped "Monsanto Company Confidential," is
8  a detailed report of glyphosate process technology, glyphosate formulations and analysis, and
9  other proprietary, technical information about Monsanto's products, product development, and
10 product processing.  Public disclosure of this document would harm Monsanto because it reveals
11 in detail Monsanto's internal strategic planning, its product specifications, its internal
12 organizational structure, and its processes and procedures regarding product development and
13 processing, all of which would be of interest to competitors.  Because CMS Exhibit 34 contains
14 sensitive, non-public information, Monsanto respectfully requests that the Court allow plaintiffs
15 to file it under seal.

16 37. CMS Exhibit 35 (MONGLY04685716) is an internal analytical report on
17 chemical process and products.  The report, which is internally stamped "Monsanto
18 Confidential," is a detailed report of the chemistry and analysis of various Monsanto products.
19 Public disclosure of this document would harm Monsanto because it reveals in detail Monsanto's
20 internal strategic planning, its product specifications, its internal organizational structure, and its
21 processes and procedures regarding product development, all of which would be of interest to
22 competitors. Because CMS Exhibit 35 contains sensitive, non-public information, Monsanto
23 respectfully requests that the Court allow plaintiffs to file it under seal.

1  I hereby declare under penalty of perjury that the facts set forth herein are true and
2  correct.  Executed this 24th day of February 2017 in St. Louis, Missouri.

*/s/ Robyn D. Buck*
ROBYN D. BUCK