**THE MILLER FIRM LLC**
Michael Miller
108 Railroad Avenue
Orange, Virginia 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
mmiller@millerfirmllc.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax: (646) 293-4921
Email: rgreenwald@weitzlux.com

**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
aimee.wagstaff@andruswagstaff.com

*Co-Lead Counsel for Plaintiffs*

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
        elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br>ALL ACTIONS | |

## JOINT CASE MANAGEMENT STATEMENT

1    Pursuant to the Court's February 1, 2017 Order Continuing the February 22, 2017 Case

2    Management Conference as Modified, ECF No. 125, the parties submit this Joint Case

3    Management Statement in anticipation of the March 8, 2017 Case Management Conference

4    ("CMC").

5    **I.    UPCOMING DEPOSITION DATES**

6          In compliance with Pretrial Order No. 11: Extending Deposition Deadline, ECF No. 159,

7    the parties have agreed to take the deposition of Dan Jenkins on March 15, 2017 and of Susan

8    Martino-Catt on March 30, 2017.

9          Pursuant to the Court's February 1, 2017 Order Continuing the February 22, 2017 Case

10   Management Conference as Modified, ECF No. 125, the parties have agreed to depose Dr. John

11   Acquavella, a Group C deponent.  Monsanto offered April 13, 2017 for this deposition, but

12   plaintiffs' counsel is unavailable on that date.  Dr. Acquavella is presently on vacation and

13   unreachable.  Monsanto will coordinate an acceptable date to all parties within the current

14   discovery period immediately upon his return.

15   **II.   PRODUCTION DEADLINE FOR DR. MARK MARTENS AND PLAINTIFFS'**

16          **REQUEST FOR PERMISSION TO TAKE DR. MARTENS' DEPOSITION**

17         The Court's February 24, 2017 Pretrial Order No. 14: Plaintiffs' Request for Additional

18   Discovery, ECF No. 165, directed the parties to include in this Case Management Statement a

19   proposed deadline for the production of Dr. Martens' documents.  The parties were unable to

20   agree on a production deadline and therefore submit their competing proposals on the

21   production deadline and their arguments on the issue of whether Dr. Martens should be

22   deposed.

23   **Plaintiffs' Position:**

24         On February 24, 2017, this Court ordered the production of the Custodial File of Dr.

25   Mark Martens (PTO 14).  Because Martens is located outside the United States, the parties

26   conferred and entered into a consent agreement relating to European Confidentiality concerns. In

27   part, PTO 14 requires Monsanto to provide a date certain for the completion of the Mark Martens

28   document production in the instant Case Management Statement.  Monsanto has informed

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC

Plaintiffs that it cannot guarantee the Martens production until March 31, 2017. As explained to Plaintiffs, Monsanto's vendor cannot guarantee an earlier date due to the location of the documents and the process by which documents are collected.

Due to the April 17, 2017 fact discovery cut-off date for Phase One, Plaintiffs informed Monsanto that they wish to take the deposition of Dr. Martens.  Plaintiffs understand that the general protocol is to request a deposition after review of the custodial production, but in the case of Martens that is impossible because of the timing of his production. Thus, the usual procedure -- (1) Plaintiffs receive the custodial production; (2) Plaintiffs analyze the production for deposition purposes; (3) Plaintiffs meet and confer with defendants if necessary regarding the production of the custodian for deposition testimony; (4) if Plaintiffs request the deposition but no agreement is reached with defense counsel, Plaintiffs request permission from the Court to take the deposition by making a showing of need for general causation; and (5) the Court determines whether Plaintiffs have made a showing that the deposition is warranted and, if so, the deposition is ordered – is not possible under the circumstances that apply to Martens.  As is the experience of counsel in this case, the process described above cannot be accomplished between March 31, 2017 (date of expected production) and April 17, 2017 (deadline to complete fact discovery).  Thus, the time is ripe to address the deposition of Mark Martens now.[1]

As outlined in the February 20, 2017 Joint Case Management Statement (ECF No. 150-3), Dr. Martens possesses unique knowledge relative to the genotoxicity of glyphosate, the scientific work of Monsanto's genotoxic expert, Dr. Parry, who reviewed glyphosate's genotoxicity, and the potential toxicity of the surfactants used in Roundup® as noted through dermal absorption, among other issues.  These facts are supported by Exhibits 1-6, as cited in the February 20 Statement.  Additionally, and newly discovered by Plaintiffs, Monsanto recently retained Mark Martens to serve as an expert consultant for the creation and publication of webinars to advocate Monsanto's position on the carcinogenicity of Roundup®.  *See, e.g., e.g.* http://www.glyphosate.eu/webinars-safety-assessment-glyphosate.  Dr. Martens is also

---

[1] The timeliness of Plaintiffs' request is controlled by PTO 14, entered on February 24, 2017 and ordering Monsanto to produce Martens' custodial file.

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC

advocating for Monsanto at hearings in front of European Regulatory bodies currently assessing the carcinogenicity of glyphosate/ Roundup®. https://echa.europa.eu/documents/10162/22863068/glyphosate_gtf_en.pdf/94bd6bf8-b3cb-822e-cb40-d26160b6f541.  Dr. Martens, therefore, in addition to his essential historical knowledge about glyphosate, also has up-to-date knowledge about the carcinogenicity of glyphosate.

Consequently, Plaintiffs request the deposition of Dr. Martens now, based on the information set forth in the February 20 Statement and the unique issues with timing constraints as governed by scheduling deadlines applicable to this case.  Nevertheless, Monsanto informed Plaintiffs' counsel during a meet and confer about Martens' production and deposition that it is premature to request to depose Dr. Martens at this juncture.  But, as explained above, Plaintiffs do not agree and would be prejudiced by the various deadlines and production delays that are inevitable regarding Martens.

Thus, Plaintiffs set forth below three potential options for resolving this dispute, each of which is governed by the discovery cut-off date for Phase One of April 17, 2017:

1.  The Court agrees with Plaintiffs' counsel that the only way in which the Martens deposition can take place before the discovery cut-off date is to decide prior to production of his documents, but based upon the showing herein, the representations made in the February 20 Case Management Statement, and the new information set forth above, that the request to depose Martens is granted and that the deposition must occur no later than April 17, 2017.

2.  The Court orders Monsanto to produce the Martens documents by March 24, 2017. Plaintiffs conduct rapid review of the documents and meet and confer with defense counsel related to the deposition of Martens by March 29, 2017, assuming the review of the Martens documents does not alter its current belief that the Martens' deposition is necessary for general causation.  On March 31, 2017, as needed, the parties file a Joint Case Management Statement with Your Honor and request an immediate hearing to determine whether Plaintiffs request to depose Martens is granted and when that deposition should take place prior to April 17, 2017.

3.   Monsanto produces the documents by March 31, 2017.  Plaintiffs conduct a rapid review of the documents and meet and confer with defense counsel by April 7, 2017.  On April 10, as needed, the parties file a Joint Case Management Statement with Your Honor and request an immediate hearing to determine whether Plaintiffs request to depose Martens is granted. If the Court grants the request, Monsanto would be required to identify a date for the Martens deposition prior to the April 17, 2017 deadline, and Plaintiffs are permitted to take the Martens deposition after the April 17, 2017 deadline if necessary due to the deponent's availability.

**Monsanto's Position:**

Dr. Martens is a regulatory toxicologist formerly employed by Monsanto's European subsidiary.  He is presently located in Europe, as are documents from his time as a Monsanto employee.  Upon this Court's February 28, 2017 entry of the required order allowing the collection of those documents, *see* Order re Custodial File of Dr. Mark Martens, ECF No. 172, Monsanto immediately began the collection process.  However, at this time, Monsanto does not know the total number of documents in Dr. Martens' custodial file.  Based on the average number of documents associated with similar custodians and given the past logistical difficulties encountered in production of the previous European custodians' documents,[2] Monsanto projects that Dr. Martens' documents can be produced by March 31, 2017.  Depending upon the volume of documents, it is possible that production can be made by the March 24 deadline plaintiffs suggest as "Option 2."  Monsanto will produce the documents as soon as they are available.

If the Court is inclined to decide whether Dr. Martens should be deposed prior to collection and review of his documents as suggested in plaintiffs' "Option 1," Monsanto objects to this deposition.  As plaintiffs acknowledge, Dr. Martens is no longer a Monsanto employee and he lives in Europe.  Monsanto is reaching out to Dr. Martens, but does not know if he will

[2] The order allowing collection of those European custodians' documents was entered on December 9, 2016, *see* Order re Custodial Files of Richard Garnett and Christophe Gustin, ECF No. 66, with a production deadline of January 6, 2017 (28 days), *see* Pretrial Order No. 3, ECF No. 47.  It later became necessary to extend that deadline to January 20, 2017, allowing 42 days for the production.  *See* Order Granting Unopposed Motion for Extension of Time to Complete Document Production for Two European Custodians, ECF No. 99.

agree to appear voluntarily for deposition or will require service through other means. Scheduling his deposition and obtaining service if he does not voluntarily appear may take more time than the current discovery schedule permits.

Further, plaintiffs cannot meet their burden of demonstrating that deposition testimony from Dr. Martens would be relevant, non-cumulative, and non-duplicative of deposition testimony that plaintiffs have already obtained on general causation issues. In addition to the documents plaintiffs will receive in Dr. Martens' custodial file, plaintiffs: (1) have obtained documents from and deposed three current Monsanto U.S.-based regulatory toxicologists and a U.S.-based medical toxicologist, who combined have spent decades assessing the safety of glyphosate and Roundup®-branded products; (2) will receive by agreement documents from two former additional U.S.-based regulatory toxicologists, whose tenure included the 1980s and 1990s, periods in which plaintiffs have expressed an interest, *see* Letter from Jeffrey Travers, The Miller Firm LLC, to Robert Johnston, Hollingsworth LLP (February 11, 2017) (Ex. 1);[3] and (3) have received documents from two long-time Monsanto European regulatory affairs professionals, *see* Order re Custodial Files of Richard Garnett and Christophe Gustin, ECF No. 66. Plaintiffs' assertion that "Dr. Martens, therefore, in addition to his essential historical knowledge about glyphosate, also has up-to-date knowledge about the carcinogenicity of glyphosate," *supra* p. 4, ignores the large amount of documents and deposition testimony already directed to the same issues, none of which are unique to Dr. Martens.

Moreover, this Court upheld Monsanto's objection to plaintiffs' request to take the deposition of Dr. Richard Garnett, a current employee of Monsanto's European subsidiary who, like Dr. Martens, deals with European regulatory issues. *See* Case Management Statement at 18-

---

[3] Regarding Richard Dirks, plaintiffs stated that "Dr. Dirks was the chief toxicologist for Monsanto working on glyphosate through the 1980s and 1990s, and then he became head of Regulatory Affairs in the late 1990s through early 2000s. We do not have any custodial files of toxicologists or regulatory affairs employees during those time periods." *Id.* Regarding T.J. Long, plaintiffs stated that "Dr. Long was also a toxicologist for Monsanto through the mid to late 1980s working on glyphosate, with a focus on the carcinogenicity studies in mice and rats. Again, Plaintiffs have no custodial files of toxicologists who worked on these glyphosate issues in the 1980s." *Id.*

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC

20, ECF No. 150-3; Pretrial Order No. 14: Plaintiffs' Request for Additional Discovery, ECF No. 165. For essentially the same reasons, the request to depose Dr. Martens should be denied as well. Plaintiffs have already obtained deposition testimony from Dr. Donna Farmer regarding European regulatory proceedings. Further, to the extent that Dr. Martens would offer any testimony relevant to the regulation of glyphosate-based herbicides in the United States, his testimony would be cumulative and duplicative of Steve Adams, the U.S.-based Chemical Regulatory Affairs Manager for Glyphosate, whom plaintiffs have already deposed in this litigation.

Plaintiffs point to interactions between Dr. Martens and Dr. James Parry as a basis for his deposition. Plaintiffs already have documents regarding those interactions and have obtained many pages of deposition testimony about them from Monsanto toxicologist Dr. Donna Farmer. Further, plaintiffs rely on comments made by Dr. William Heydens, a current Monsanto toxicologist, regarding Dr. Parry, as a basis to take Dr. Martens' deposition. *See* Case Management Statement at 4, ECF No. 150-3. Plaintiffs fail, however, to inform the Court that they chose not to elicit any testimony from Dr. Heydens on that document. There is no basis to conclude that Dr. Martens' testimony would provide unique information on interactions with Dr. Parry. In fact, plaintiffs admit that the examples of communications between Dr. Martens and Dr. Parry that they have seen were forwarded to other Monsanto employees whose files have been produced and some of whom have been deposed. Instead, Dr. Martens' testimony on this issue will be cumulative and duplicative of the information and testimony that plaintiffs have already obtained, or could have but chose not to obtain.

Plaintiffs also suggest that Dr. Martens has unique knowledge of the "potential toxicity of the surfactants used in Roundup® as noted through dermal absorption." *See supra* p. 3. Plaintiffs do not explain the relevance of dermal absorption studies to their general causation arguments. Any such relevance would turn on the data from actual studies, not hypotheses. Monsanto has already produced voluminous dermal absorption studies through its non-custodian-based productions of its scientific and regulatory files. Moreover, plaintiffs already obtained deposition testimony and documents addressing the specific draft study at issue and

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC

1    testimony regarding its meaning from Dr. Farmer.  Plaintiffs failed to ask the other three

2    Monsanto toxicologists who have been deposed any questions about that draft study.

3            In short, there is no basis for this court to conclude that Dr. Martens' deposition would

4    provide plaintiffs with information that is non-cumulative and non-duplicative of the information

5    that plaintiffs have already received.  Further, Dr. Martens' deposition would require the

6    significant additional burden and expense associated with travelling and conducting his

7    deposition overseas.  Plaintiffs' request therefore is not proportional to the needs of the case.  *See*

8    *In re Benicar (Olmesartan) Prod. Liab. Litig.*, Master Docket No. 15-2606 (RBK/JS), 2016 WL

9    5817262, at *5 (D.N.J. Oct. 4, 2016) (denying plaintiffs' request to depose employees of non-

10   party entity located in Europe, where depositions could have been taken pursuant to Hague

11   Convention but would not have been "proportional to the needs of the case" in light of

12   previously-completed discovery).

13   **III.   INTERTEK**

14           Monsanto retained Intertek, a scientific consulting company, to assemble a panel to

15   undertake an independent evaluation of the scientific validity of the IARC report.  Plaintiffs have

16   served third-party discovery requests for production of documents and depositions of eight

17   independent scientists on the panel, as well as Intertek itself.  Each scientist has already produced

18   documents pursuant to those subpoenas.  The parties agree that on March 10, 2017, plaintiffs will

19   identify which Intertek panelists they seek to depose and propose a plan for compensation for

20   lost professional time spent by the panelists in responding to their subpoenas.

21   **IV.   JOINT REQUEST FOR TELEPHONIC CMC ON MARCH 8, 2017**

22           In the interests of efficiency and given that the parties need this Court's assistance with

23   resolving only one issue, the parties propose that the current March 8, 2017 CMC be converted

24   from an in-person to a telephonic hearing.

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC

DATED: March 2, 2017                          Respectfully submitted,

                                              /s/ Michael Miller
                                              Michael Miller
                                              mmiller@millerfirmllc.com
                                              The Miller Firm LLC
                                              108 Railroad Ave
                                              Orange VA 22960
                                              Ph 540 672 4224
                                              F 540 672 3055

                                              /s/ Aimee Wagstaff
                                              Aimee Wagstaff
                                              aimee.wagstaff@andruswagstaff.com
                                              Andrus Wagstaff, P.C.
                                              7171 West Alaska Drive
                                              Lakewood CO 80226
                                              Ph 303-376-6360
                                              F 303-376-6361

                                              /s/ Robin Greenwald
                                              Robin Greenwald
                                              rgreenwald@weitzlux.com
                                              Weitz & Luxenberg
                                              700 Broadway
                                              New York NY 10003
                                              Ph 212-558-5500
                                              F 212-344-5461

                                              Co-Lead Counsel for Plaintiffs

DATED: March 2, 2017                          Respectfully submitted,

                                              /s/Joe G. Hollingsworth
                                              Joe G. Hollingsworth (*pro hac vice*)
                                              (jhollingsworth@hollingsworthllp.com)
                                              Eric G. Lasker (*pro hac vice*)
                                              (elasker@hollingsworthllp.com)
                                              HOLLINGSWORTH LLP
                                              1350 I Street, N.W.
                                              Washington, DC  20005
                                              Telephone:  (202) 898-5800
                                              Facsimile:  (202) 682-1639

                                              Attorneys for Defendant
                                              MONSANTO COMPANY

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC