# EXHIBIT 6

| | |
|---|---|
| **Message** | |
| **From:** | MURPHEY, SAMUEL [AG/1000] [samuel.murphey@monsanto.com] |
| **Sent:** | 1/21/2016 8:49:21 PM |
| **To:** | HEERING, DAVID C [AG/1000] [david.c.heering@monsanto.com]; PLEYSIER, ANNICK [AG/5040] [annick.pleysier@monsanto.com]; SILVEIRA, LUIZ [AG/5050] [luiz.silveira@monsanto.com]; BERGER, GERALDO U [AG/5050] [geraldo.u.berger@monsanto.com]; LISTELLO, JENNIFER J [AG/1000] [jennifer.j.listello@monsanto.com]; WAKIMORI, HIROO [AG/5270] [hiroo.wakimori@monsanto.com]; KIPLAGAT, BETTY [AG/6043] [betty.kiplagat@monsanto.com]; GUSTIN, CHRISTOPHE [AG/5040] [christophe.gustin@monsanto.com]; PARRISH, MICHAEL [AG/1000] [michael.parrish@monsanto.com]; WANG, LIRU [AG/6000] [liru.wang@monsanto.com]; TREACY, BRIAN K [AG/8070] [brian.k.treacy@monsanto.com]; OYHANARTE, HORACIO [AG/5000] [horacio.oyhanarte@monsanto.com]; JORDAN, TRISH L [AG/5125] [trish.l.jordan@monsanto.com]; PIRES, CATHARINA E [AG/5050] [catharina.e.pires@monsanto.com]; VAUGHN, TY T [AG/1000] [ty.t.vaughn@monsanto.com]; GIANNONI, FERNANDO HUGO [AG/5000] [fernando.hugo.giannoni@monsanto.com]; YOON, SUN KYOUNG [AG/5340] [sun.kyoung.yoon@monsanto.com]; REBMAN, JOHN [AG/1000] [john.rebman@monsanto.com]; JENKINS, DANIEL J [AG/1920] [daniel.j.jenkins@monsanto.com]; MURPHY, STEPHANIE L [AG/1920] [stephanie.l.murphy@monsanto.com]; SOUZA, MARIA CLAUDIA [AG/5050] [maria.claudia.souza@monsanto.com]; EKE, KEVIN H [AG/5340] [kevin.h.eke@monsanto.com]; DUBEY, RAKESH [AG/6020] [rakesh.dubey@monsanto.com]; TRAVIS, JAMES K [AG/1920] [james.k.travis@monsanto.com]; MANNY, VICTORIA [AG/5000] [victoria.manny@monsanto.com]; MARTINO-CATT, SUSAN J [AG/1000] [susan.j.martino-catt@monsanto.com]; ALVAREZ ARANCEDO, MIGUEL [AG/5000] [miguel.alvarez.arancedo@monsanto.com]; HIDE, ALISTAIR [AG/6042] [alistair.hide@monsanto.com]; JACOBS, ERIK [AG/1000] [erik.jacobs@monsanto.com]; NAGAR, PIYUSH [AG/6020] [piyush.nagar@monsanto.com]; DUNCAN, MELISSA S [AG/1000] [melissa.s.duncan@monsanto.com]; RAMSAY, JONATHAN [AG/5040] [jonathan.ramsay@monsanto.com]; GAO, YONG [AG/6000] [yong.gao@monsanto.com]; DYKES, MICHAEL D [AG/1920] [michael.d.dykes@monsanto.com]; ZHANG, LING [AG/6000] [ling.zhang@monsanto.com]; SAMUEL, CHRISTOPHER [AG/5340] [christopher.samuel@monsanto.com]; FORSTER, AMANDA [AG/5340] [amanda.forster@monsanto.com]; BAE, NICOLE [AG/2660] [nicole.bae@monsanto.com]; LOZANO, JOSE ALFONSO [AG/7879] [jose.alfonso.lozano@monsanto.com]; LYNCH, JOHN A [AG/8070] [john.a.lynch@monsanto.com]; SASAKI, YUKIE [AG/5270] [yukie.sasaki@monsanto.com]; GARNETT, RICHARD P [AG/5040] [richard.p.garnett@monsanto.com]; TURNER, CHRISTOPHER J [AG/1000] [christopher.j.turner@monsanto.com]; DAS, ARNAB [AG/6020] [arnab.das@monsanto.com]; REYNOLDS, TRACEY L [AG/1000] [tracey.l.reynolds@monsanto.com]; AGUSTIN, MELISSA [AG/1000] [melissa.agustin@monsanto.com]; PEREZ PICO, EDUARDO [AG/7879] [eduardo.perez.pico@monsanto.com]; WATERS, STEPHEN P [AG/5040] [stephen.p.waters@monsanto.com]; RANGWALA, TASNEEM S [AG/1000] [tasneem.s.rangwala@monsanto.com]; SURESH, P J [AG/8036] [p.j.suresh@monsanto.com]; TAMAYO, LAURA [AG/7879] [laura.tamayo@monsanto.com]; JOHNSON, KEHINDE [AG-Contractor/6042] [KJOHN3@monsanto.com]; CARPINTERO, DAVID [AG/5040] [david.carpintero@monsanto.com]; CANCADO, OTAVIO H [AG/5050] [otavio.h.cancado@monsanto.com] |
| **CC:** | PARRISH, MICHAEL [AG/1000] [michael.parrish@monsanto.com]; RUSHING, DOUGLAS W [AG/1000] [douglas.w.rushing@monsanto.com]; URNIKIS, DAN G [AG/1000] [dan.g.urnikis@monsanto.com]; MAGIN, KIMBERLY M [AG/1000] [kimberly.m.magin@monsanto.com]; WHITTLE, MELINDA C [AG/1000] [melinda.c.whittle@monsanto.com]; BURCHETT, ANDREW [AG/1000] [andrew.burchett@monsanto.com]; GOULD, STEVEN D [AG/1000] [steven.d.gould@monsanto.com]; BUTKA, HOLLY J [AG/1000] [holly.j.butka@monsanto.com]; PERSON, JANICE L [AG/1000] [janice.l.person@monsanto.com]; CROWE, VANCE [AG/1000] [vance.crowe@monsanto.com]; LEMKE, SHAWNA LIN [AG/1000] [shawna.lin.lemke@monsanto.com]; STOKES, MILTON [AG/1000] [milton.stokes@monsanto.com]; CRAIG SCHILLING, TAMI J [AG/1000] [tami.j.craig.schilling@monsanto.com]; REBMAN, JOHN [AG/1000] [john.rebman@monsanto.com]; STATER, STACEY L [AG/1000] [stacey.l.stater@monsanto.com]; GUARD, JAMES [AG/1000] [james.guard@monsanto.com]; ROBINSON, CHELSEY K [AG/1000] [chelsey.k.robinson@monsanto.com]; DE WILDE, ANNEMIEKE [AG/1000] [annemieke.de.wilde@monsanto.com] |
| **Subject:** | Heads-up: Prop 65 legal action |
| **Attachments:** | 2016-01-21 ISSUE ALERT Monsanto Takes Legal Action to Prevent Prop 65 Listing of Glyphosate.pdf |

Global colleagues –

Earlier today, Monsanto filed a lawsuit against the California Office of Environmental Health Hazard Assessment (OEHHA). An Issue Alert with key messages, FAQs and resources is below. We are executing a proactive mainstream and social media effort to amplify our messages on this lawsuit, and we expect that the filing will receive coverage. Reuters has issued a brief news alert [here](), and we expect a more detailed story to follow. Our full media statement is available [here](); a piece on the Beyond the Rows blog is available [here]().

Please use the messages and resources in the Issue Alert to respond to inquiries from your stakeholders. We will provide updates to you later today and tomorrow on the overall volume and tone of media coverage.

Please feel free to contact me with any questions.

Regards,

Sam

**From:** NEWSDESK, HELP [AG/1000]
**Sent:** Thursday, January 21, 2016 2:41 PM
**Subject:** ISSUE ALERT: Monsanto Takes Legal Action to Prevent Prop 65 Listing of Glyphosate

**FOR INTERNAL INFORMATION ONLY - NOT FOR EXTERNAL DISTRIBUTION**

**MONSANTO COMPANY CONFIDENTIAL**

**DATE:** January 21, 2016

**ISSUE ALERT:** Monsanto Takes Legal Action to Prevent Prop 65 Listing of Glyphosate

**BACKGROUND:**

Monsanto today took legal action against the California Office of Environmental Health Hazard Assessment (OEHHA) to prevent the state agency from listing glyphosate under the state's Proposition 65 as a chemical "known to the state of California to cause cancer." On Sept. 4, 2015, OEHHA announced its intention to add glyphosate to the Prop 65 list. The proposed listing is an action by a California state agency and not the U.S. EPA. Monsanto and a broad

Confidential - Produced Subject to Protective Order                                                                                                                                                           MONGLY03563027

range of agricultural, industrial and scientific stakeholders strongly disagree with the state's intention, and Monsanto has asked the court to prohibit OEHHA from adding glyphosate to the Prop 65 list.

The state's proposed listing of glyphosate would be flawed and baseless because glyphosate does not cause cancer, as has been concluded by the U.S. EPA, the European Food Safety Authority and pesticide regulators around the world. The listing would violate the California and U.S. Constitutions because the state would be ceding the basis of its regulatory authority to an unelected and non-transparent foreign body that is not under the oversight or control of any federal or state government entity.

Indeed, OEHHA, the very state agency that now intends to add glyphosate to the Prop 65 list, determined in 2007, after conducting a rigorous and science-based assessment, that glyphosate was unlikely to cause cancer. In striking contrast, OEHHA now interprets Prop 65 to require the agency to accept the erroneous classification of glyphosate as a "probable carcinogen" by an ad hoc working group of the International Agency for Research on Cancer (IARC), based in Lyon, France, as the **sole** basis for the proposed listing. This interpretation of Prop 65 is unconstitutional.

Moreover, IARC's governing documents specifically disavow any policy- or law-making role for its classifications, and it does not intend its classifications to carry the force of law. **As stated in IARC's preamble, "These evaluations represent only one part of the body of information on which public health decisions may be based. … Therefore, no recommendation is given with regard to regulation or legislation, which are the responsibility of individual governments or other international organizations."**

Regulatory agencies around the globe, such as the U.S. EPA and EFSA, evaluate pesticides, including glyphosate, using thorough and robust risk assessments based on internationally recognized toxicological principles. As required by the law, these evaluations consider **all** relevant scientific data to arrive at a conclusion about whether a pesticide poses a cancer risk to humans. A routine U.S. EPA registration review on glyphosate opened in 2009 and remains underway.

Since the initial announcement of the IARC meeting's classification in March 2015, multiple regulatory bodies have publicly affirmed that glyphosate does not cause cancer:

- **U.S. EPA**: "Our review concluded that this body of research does not provide evidence to show that glyphosate causes cancer, and it does not warrant any change in EPA's cancer classification for glyphosate." U.S. EPA, Statement from Carissa Cryan, Chemical Review Manager, 2015 (in reference to 55 epidemiological studies evaluated by EPA in 2014). This conclusion was reiterated in testimony by EPA's Deputy Director for Pesticide Programs, William Jordan, before the U.S. Senate Committee on Agriculture, Nutrition and Forestry on Oct. 21, 2015.

- **European Food Safety Authority**: "Glyphosate did not present genotoxic potential and no evidence of carcinogenicity was observed in rats or mice." European Food Safety Authority, *Conclusion on the Peer Review of the Pesticide Risk Assessment of the Active Substance Glyphosate*, 2015

- **Canadian Pest Management Regulatory Authority**: "In consideration of the strength and limitations of the large body of information on glyphosate … the overall weight of evidence indicates that glyphosate is unlikely to pose a human cancer risk. This is consistent with all other pesticide regulatory authorities world-wide, including the most recent ongoing comprehensive re-evaluation by Germany. …" Canadian Pest Management Regulatory Authority, *Proposed Re-Evaluation Decision, PRVD2015-01, Glyphosate*, 2015

The members of the ad hoc IARC working group are hand-picked and conduct their assessment in a non-transparent process that is not accountable to the laws or governments of the United States or the State of California. Unlike regulatory risk assessments, the IARC classification process followed non-standard procedures and selectively included and interpreted only a subset of the data actually available on glyphosate.

Monsanto filed the suit against OEHHA today in California's Fresno Superior Court.

**ACTION:**

Please use the information in this issue alert to respond to inquiries from stakeholders and allies. Please encourage agriculture and industry stakeholders to continue to speak out in support of glyphosate and in opposition to the listing of glyphosate under Prop 65.

**CONTACTS:**

- Media – **Charla Lord:** 314-694-2993
- Legal – **John Rebman:** 314-694-5043
- Issues Management – **Sam Murphey:** 314-694-4593

**KEY MESSAGES:**

- Glyphosate does not cause cancer, so listing glyphosate under California's Prop 65 is not warranted scientifically and causes unwarranted concern for consumers. Based on the overwhelming weight of evidence, regulatory agencies have concluded for more than 40 years that glyphosate can be used safely.
- The listing would violate the California and U.S. Constitutions because the state would be ceding the basis of its regulatory authority to an unelected and non-transparent foreign body that is not under the oversight or control of any federal or state government entity.
- The conclusion from the IARC meeting in France was erroneous, non-transparent and based on selectively interpreted data. We are bringing this challenge forward because this intention to list is contrary to science.
- The sole basis of the proposed Prop 65 listing is the classification of glyphosate as a "probable carcinogen" by IARC. The IARC classification of glyphosate is inconsistent with the findings of regulatory bodies in the United States and around the world, and it is not a sound basis for regulatory action.
- Glyphosate is an efficient, effective and safe tool for weed control in fields, along roadways and in other environments.
- We urge the court to prohibit OEHHA from listing glyphosate under Prop 65, and we urge the state of California to reconsider this proposed erroneous listing and uphold its own science-based conclusion about glyphosate and the conclusions of the U.S. EPA and all other pesticide regulators.

**Q&A:**

Confidential - Produced Subject to Protective Order

**Q1.     What action has OEHHA taken?**

A1.     On Sept. 4, OEHHA announced its intention to add glyphosate to the state's Proposition 65 "list of chemicals known to the state of California to cause cancer."

**Q2.     What legal remedy is Monsanto seeking?**

A2.     Monsanto is taking legal action to ask the courts to prohibit OEHHA from listing glyphosate under Prop 65. Monsanto asks the court to issue a writ of mandate prohibiting OEHHA from adding glyphosate to the Prop 65 list; to issue a judicial declaration that the so-called "Labor Code" listing mechanism as applied to the proposed listing of glyphosate violates the California and U.S. Constitutions; and to issue preliminary and permanent injunctions enjoining OEHHA from listing or taking any further action to list glyphosate under Prop 65 pursuant to the Labor Code mechanism.

**Q3.     Why does OEHHA intend to list glyphosate under Prop 65?**

A3.     The sole basis for OEHHA's intention to list is the flawed classification of glyphosate as a "probable carcinogen" by IARC. Based on OEHHA's interpretation of certain provisions within Prop 65, the agency believes it must simply rubber-stamp the IARC classification of glyphosate as the basis for listing while ignoring their own review and conclusions from 2007. Monsanto strongly disagrees with this interpretation and the intention to list glyphosate.

**Q4.     What is the basis of Monsanto's argument against listing?**

A4.     Glyphosate does not cause cancer. Therefore, listing glyphosate under Prop 65 is not appropriate based on science. No pesticide regulatory agency in the world considers glyphosate to be a carcinogen. OEHHA itself even determined in 2007 that glyphosate is "unlikely to be a carcinogen." The listing would also violate the California and U.S. Constitutions because the state would be ceding the basis of its regulatory authority to an unelected and non-transparent foreign body that is not under the oversight or control of any federal or state government entity.

**Q5.     Would listing under Prop 65 have an impact on labeling requirements or sales in California?**

A5.     We are considering the full implications of listing under Prop 65. However, we feel strongly that the proposed listing is unfounded, and that is why we are bringing this legal challenge forward. Our goal is to minimize any unnecessary impact on glyphosate's availability in California.

**Q6.     Is this action by OEHHA connected to the U.S. EPA or the registration review of glyphosate?**

A7.     No. The proposed listing is not an action by the U.S. EPA, and it is not connected to the ongoing registration review of glyphosate whatsoever. This is solely an action of a California state agency, the Office of Environmental Health Hazard Assessment, which is a unit of the California Environmental Protection Agency (CalEPA).

**Q7.     What have regulatory agencies said about glyphosate and cancer?**

A7.     Glyphosate has been on the market for more than 40 years. No regulatory agency in the world considers glyphosate to be a carcinogen. In fact, three regulatory agencies have publicly affirmed that glyphosate does not cause cancer since the initial announcement from the IARC meeting in March 2015:

— "Our review concluded that this body of research does not provide evidence to show that glyphosate causes cancer, and it does not warrant any change in EPA's cancer classification for glyphosate." **U.S. EPA**, Statement from Carissa Cryan, Chemical Review Manager, 2015 (in reference to 55 epidemiological studies evaluated by EPA in 2014). This conclusion was reiterated in testimony by EPA's Deputy Director for Pesticide Programs, William Jordan, before the U.S. Senate Committee on Agriculture, Nutrition and Forestry on Oct. 21, 2015.

— "Glyphosate did not present genotoxic potential and no evidence of carcinogenicity was observed in rats or mice." **European Food Safety Authority**, *Conclusion on the Peer Review of the Pesticide Risk Assessment of the Active Substance Glyphosate*, 2015

— "In consideration of the strength and limitations of the large body of information on glyphosate … the overall weight of evidence indicates that glyphosate is unlikely to pose a human cancer risk. This is consistent with all other pesticide regulatory authorities world-wide, including the most recent ongoing comprehensive re-evaluation by Germany. …" **Canadian Pest Management Regulatory Authority**, *Proposed Re-Evaluation Decision, PRVD2015-01, Glyphosate*, 2015

**Q8.**    How can agriculture groups and other stakeholders support our legal challenge?

**A8.**    During the public comment period, a broad range of agriculture groups and other stakeholders spoke out in support of glyphosate's history of safe use and in opposition to listing. We encourage these groups to continue to speak publicly about the flaws in Prop 65 and the "Labor Code" mechanism and to underscore the need for glyphosate.

**RESOURCES:**

- A link to Monsanto's complaint against OEHHA is available [here](#).
- [Monsanto.com/glyphosate](#)

###

Confidential - Produced Subject to Protective Order                                                                                                     MONGLY03563031