1   **HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
2   Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
3   Washington, DC  20005
Tel:    202-898-5800
4   Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
5           elasker@hollingsworthllp.com

6   *Attorneys for Defendants*
*WILBUR-ELLIS COMPANY LLC and*
7   *WILBUR-ELLIS FEED, LLC*

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10   IN RE: ROUNDUP PRODUCTS            MDL No. 2741
LIABILITY LITIGATION
11                                       Case No. 3:16-md-02741-VC

12   This document relates to:

13   *Pennie, et al., v. Monsanto Co., et al.,*
Case No. 3:17-cv-01711-VC
14

15              **ANSWER OF WILBUR-ELLIS COMPANY LLC AND**
      **WILBUR-ELLIS FEED, LLC TO PLAINTIFFS' COMPLAINT**
16

17           Pursuant to Rule 12 of the Federal Rules of Civil Procedure, defendants Wilbur-Ellis

18   Company LLC and Wilbur-Ellis Feed, LLC (collectively "Wilbur-Ellis"), by and through their

19   counsel, respectfully respond by generally denying all allegations contained in plaintiffs'

20   Complaint, except as set forth below.  Silence as to any allegations shall constitute a denial.

21           1.      The allegations in the first sentence of paragraph 1 do not require a response from

22   Wilbur-Ellis because these allegations relate to defendant Monsanto Company ("Monsanto"),

23   not Wilbur-Ellis.  Wilbur-Ellis admits the allegations in the second sentence of paragraph 1.

24   Wilbur-Ellis also admits that glyphosate was one of the world's most widely used herbicides in

25   2013, but notes that Wilbur-Ellis was and is not the only distributor of glyphosate-based

26   herbicides.  Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the

27   accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 1

28

                                       - 1 -

and therefore denies those allegations.

2. In response to the allegations in paragraph 2, Wilbur-Ellis admits that the stated advantage of the use of crops with the Roundup Ready® trait is to substantially improve a farmer's ability to control weeds. The remaining allegations in paragraph 2 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis. To the extent that a response is deemed required, Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and therefore denies those allegations.

3. The allegations in the first sentence of paragraph 3 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis. To the extent that a response is deemed required, Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 3 and therefore denies those allegations. Wilbur-Ellis admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media. Wilbur-Ellis denies the remaining allegations in paragraph 3.

4. Wilbur-Ellis admits the allegations in the first sentence of paragraph 4. Wilbur-Ellis denies the allegations in the second sentence of paragraph 4 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

5. Wilbur-Ellis admits the allegations in the first sentence of paragraph 5. Wilbur-Ellis denies the allegations in the second sentence of paragraph 5.

6. In response to the allegations in paragraph 6, Wilbur-Ellis admits that the IARC working group classified glyphosate under Group 2A. Wilbur-Ellis denies the remaining allegations in paragraph 6.

7. Wilbur-Ellis denies the allegations in paragraph 7.

8. The allegations in paragraph 8 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis. To the extent that a response is

deemed required, Wilbur-Ellis admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world.  Wilbur-Ellis also admits that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.

9.      The allegations in paragraph 9 set forth conclusions of law for which no response is required.

10.     The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.     The allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.     The allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.     The allegations in paragraph 13 set forth conclusions of law for which no response is required.

14.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 14 and therefore denies those allegations.  The allegations in the third sentence of paragraph 14 require no response.

15.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.

17.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

18.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies those allegations.

WILBUR-ELLIS' ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-01711-VC

19.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies those allegations.

20.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies those allegations.

21.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 21 and therefore denies those allegations.  In response to the allegations in the third sentence of paragraph 21, Wilbur-Ellis denies that decedent David L. Bedolla was injured and died as a result of his exposure to Roundup®-branded products.  Wilbur-Ellis denies the remaining allegations in paragraph 21.

22.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies those allegations.

23.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies those allegations.

24.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies those allegations.

25.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 25 and therefore denies those allegations.  In response to the allegations in the third sentence of paragraph 25, Wilbur-Ellis denies that decedent Dean D. Brooks was injured and died as a result of his exposure to Roundup®-branded products.  Wilbur-Ellis denies the remaining allegations in paragraph 25.

26.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies those allegations.

27.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies those allegations.

28.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

29.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the

truth of the allegations in paragraph 29 and therefore denies those allegations.

30.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies those allegations.

31.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies those allegations.

32.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 32 and therefore denies those allegations.  In response to the allegations in the third sentence of paragraph 32, Wilbur-Ellis denies that decedent Bruce Hamilton was injured and died as a result of his exposure to Roundup®-branded products.  Wilbur-Ellis denies the remaining allegations in paragraph 32.

33.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies those allegations.

34.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies those allegations.

35.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies those allegations.

36.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies those allegations.

37.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies those allegations.

38.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 38 and therefore denies those allegations.  In response to the allegations in the third sentence of paragraph 38, Wilbur-Ellis denies that decedent Andrew D. Moreno was injured and died as a result of his exposure to Roundup®-branded products.[1]  Wilbur-Ellis denies the remaining allegations in paragraph 38.

---

[1] The third sentence of paragraph 38 erroneously repeats David L. Bedolla's name as the decedent in this allegation. Wilbur-Ellis responds as if the third sentence of paragraph 38 regards Andrew D. Moreno, the decedent named in the remainder of paragraph 38.

39.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies those allegations.

40.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies those allegations.

41.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies those allegations.

42.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies those allegations.

43.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies those allegations.

44.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies those allegations.

45.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies those allegations.

46.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies those allegations.

47.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies those allegations.

48.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies those allegations.

49.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies those allegations.

50.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies those allegations.

51.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies those allegations.

52.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the

truth of the allegations in the first two sentences of paragraph 52 and therefore denies those allegations.  In response to the allegations in the third sentence of paragraph 52, Wilbur-Ellis denies that decedent Estanislao Solorio was injured and died as a result of his exposure to Roundup®-branded products.  Wilbur-Ellis denies the remaining allegations in paragraph 52.

53.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies those allegations.

54.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies those allegations.

55.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies those allegations.

56.     Wilbur-Ellis denies the allegations in paragraph 56.

57.     Wilbur-Ellis denies the allegations in paragraph 57.

58.     Wilbur-Ellis denies the allegations in paragraph 58.

59.     Wilbur-Ellis denies the allegations in paragraph 59.

60.     Wilbur-Ellis denies the allegations in paragraph 60.

61.     Wilbur-Ellis denies the allegations in paragraph 61.

62.     Wilbur-Ellis denies the allegations in paragraph 62.  All labeling of Roundup®-branded products has been and remains approved by the United States Environmental Protection Agency ("EPA") and in compliance with all federal requirements under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").

63.     Wilbur-Ellis denies the allegations in paragraph 63.

64.     Wilbur-Ellis denies that Roundup®-branded products have "potential life threatening side-effects."  Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 and therefore denies those allegations.

65.     Wilbur-Ellis denies the allegations in paragraph 65.

66.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the

truth of the allegations in the first paragraph 66.  The remaining allegations in paragraph 66 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Wilbur-Ellis denies that the Complaint does not raise federal questions.

67.    The allegations in paragraph 67 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis.

68.    Wilbur-Ellis admits that Wilbur-Ellis Company LLC is a California limited liability corporation with its headquarters and principal place of business in San Francisco, California.  Wilbur-Ellis further admits that Wilbur-Ellis Company LLC sells Monsanto products, including Roundup®-branded products, within California, but notes that Wilbur-Ellis Company LLC was and is not the only seller of Monsanto products or glyphosate-based herbicides in California.  The remaining allegations in paragraph 68 set forth conclusions of law for which no response is required.

69.    Wilbur-Ellis admits that Wilbur-Ellis Feed, LLC is a California limited liability corporation with its headquarters and principal place of business in San Francisco, California. Wilbur-Ellis denies that Wilbur-Ellis Feed, LLC sells Monsanto products, including Roundup®-branded products, within California.  Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the final sentence of paragraph 69 regarding plaintiffs' alleged use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 69 are vague and conclusory and comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required.

70.    The allegations in paragraph 70 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies those allegations.

71.    The allegations in paragraph 71 set forth conclusions of law for which no response is required.

72.     The allegations in paragraph 72 do not require a response from Wilbur-Ellis because these allegations relate to the DOE defendants, not Wilbur-Ellis.

73.     The allegations in paragraph 73 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies those allegations.

74.     The allegations in paragraph 74 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies those allegations.

75.     In response to the allegations in paragraph 75, Wilbur-Ellis admits that it is a limited liability corporation organized and existing under the laws of the State of California, with its headquarters and principal place of business in San Francisco, California.  The remaining allegations in paragraph 75 are vague and conclusory and comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required.  To the extent that the allegations in paragraph 75 relate to defendants other than Wilbur-Ellis, these allegations do not require a response from Wilbur-Ellis.

76.     The allegations in paragraph 76 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 76 relate to defendants other than Wilbur-Ellis, these allegations do not require a response from Wilbur-Ellis.

77.     The allegations in paragraph 77 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 77 relate to defendants other than Wilbur-Ellis, these allegations do not require a response from Wilbur-Ellis.

78.     The allegations in paragraph 78 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 78

relate to defendants other than Wilbur-Ellis, these allegations do not require a response from Wilbur-Ellis.

79.    Wilbur-Ellis denies that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to risk of their alleged cancers and denies that exposure to Roundup®-branded products did or could have caused plaintiffs' alleged cancers.  Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 79 and therefore denies those allegations. The remaining allegations in paragraph 79 set forth conclusions of law for which no response is required.

80.    In response to the allegations in paragraph 80, Wilbur-Ellis denies that there is any risk of cancer or other serious illness associated with or linked to exposure to Roundup®-branded products or glyphosate.    The remaining allegations in paragraph 80 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.

81.    In response to the allegations in paragraph 81, Wilbur-Ellis denies that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to risk of, or caused, their alleged cancers and denies that there is any risk of serious illnesses associated with or linked to exposure to Roundup®-branded products or glyphosate.  The remaining allegations in paragraph 81 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

82.    In response to the allegations in paragraph 82, Wilbur-Ellis denies that it has misrepresented or concealed the alleged "true risks associated with the use of and/or exposure to" Roundup®-branded products and glyphosate or otherwise engaged in fraudulent conduct.  To the extent that the allegations in paragraph 82 relate to defendants other than Wilbur-Ellis, these allegations do not require a response from Wilbur-Ellis.  The remaining allegations in paragraph 82 set forth conclusions of law for which no response is required or consist of attorney

1    characterizations and are accordingly denied.

2        83.    Wilbur-Ellis denies that exposure to Roundup®-branded products and glyphosate

3    exposed plaintiffs to risk of, or caused, their alleged cancers and denies that there is any risk of

4    serious illnesses associated with or linked to Roundup®-branded products.  Wilbur-Ellis denies

5    the remaining allegations in paragraph 83.

6        84.    In response to the allegations in paragraph 84, Wilbur-Ellis denies that it

7    concealed "the truth regarding the safety of" Roundup®-branded products.  The remaining

8    allegations in paragraph 84 set forth conclusions of law for which no response is required or

9    consist of attorney characterizations and are accordingly denied.  To the extent that a response is

10   deemed required, Wilbur-Ellis denies all of plaintiffs' allegations in paragraph 84.

11       85.    In response to the allegations in paragraph 85, Wilbur-Ellis denies that exposure

12   to Roundup®-branded products and glyphosate exposed plaintiffs to risk of their alleged cancers,

13   denies that there is any risk of serious illness associated with or linked to Roundup®-branded

14   products, and denies the remaining allegations in paragraph 85.

15       86.    Wilbur-Ellis admits the allegations in paragraph 86.

16       87.    Wilbur-Ellis admits the first sentence of paragraph 87.  Wilbur-Ellis denies the

17   allegations in the second sentence of paragraph 87 because the impact of glyphosate on treated

18   plants varies depending upon the amount of glyphosate applied and the type of plant.  Wilbur-

19   Ellis denies the allegations in the third sentence of paragraph 87 to the extent that they suggest

20   that glyphosate is present in any plants at anything other than *de minimis* amounts well within

21   regulatory safety levels, as determined by EPA.

22       88.    In response to the allegations in paragraph 88, Wilbur-Ellis admits that farmers

23   have safely used Roundup®-branded products since the 1970s.  To the extent that the allegations

24   in paragraph 88 relate to defendants other than Wilbur-Ellis, these allegations do not require a

25   response from Wilbur-Ellis.  Wilbur-Ellis denies the remaining allegations in paragraph 88.

26       89.    The allegations in paragraph 89 do not require a response from Wilbur-Ellis

27   because these allegations relate to Monsanto and other entities, not Wilbur-Ellis.

28

90.     Wilbur-Ellis admits the allegations in paragraph 90.

91.     In response to the allegations in paragraph 91, Wilbur-Ellis admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 91 set forth conclusions of law for which no response is required.

92.     The allegations in paragraph 92 set forth conclusions of law for which no response is required.

93.     In response to the allegations in paragraph 93, Wilbur-Ellis admits that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States, including in California.

94.     In response to the allegations in paragraph 94, Wilbur-Ellis admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Wilbur-Ellis states that the term "the product tests" in the final sentence of paragraph 94 is vague and ambiguous, and Wilbur-Ellis therefore denies the same.  The remaining allegations in paragraph 94 set forth conclusions of law for which no response is required.

95.     Wilbur-Ellis denies the allegations in paragraph 95 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Wilbur-Ellis admits that EPA is in the process of conducting regulatory review of various pesticide products, but Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 95 regarding such pesticide products generally.  The remaining allegations in paragraph 95 set forth conclusions of law for which no response is required.

96.     In response to the allegations in paragraph 96, Wilbur-Ellis admits that EPA has undertaken a regulatory review of glyphosate and that EPA has not released its final findings.

Wilbur-Ellis states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[2]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[3]  Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 96 and therefore denies those allegations.

97.     Certain allegations in paragraph 97 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis.  Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 97 and therefore denies those allegations.

98.     The allegations in paragraph 98 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis.

99.     The allegations in paragraph 99 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis.

100.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 100 and therefore denies those allegations.

101.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore denies those allegations.

102.     The allegations in the first sentence of paragraph 103 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis.  Wilbur-Ellis

---

[2] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[3] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

WILBUR-ELLIS' ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-01711-VC

lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 102 and therefore denies those allegations.

103.    The allegations in paragraph 103 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis.

104.    The allegations in paragraph 104 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis.

105.    The allegations in paragraph 105 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis.

106.    The allegations in paragraph 106 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto and other entities, not Wilbur-Ellis.

107.    To the extent that the allegations in the second and last sentences of paragraph 107 are directed at Wilbur-Ellis, Wilbur-Ellis denies those allegations.  To the extent that those allegations are directed at defendants other than Wilbur-Ellis, Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore denies those allegations.  Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 107 and therefore denies those allegations.

108.    To the extent that the allegations in the first sentence of paragraph 108 are directed at Wilbur-Ellis, Wilbur-Ellis denies those allegations.  The allegations in paragraph 108 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto and other entities, not Wilbur-Ellis.

109.    The allegations in paragraph 109 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis.

110.    The allegations in paragraph 110 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis.

111.    The allegations in paragraph 111 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis.  To the extent a response is deemed required, Wilbur-Ellis admits that glyphosate is one of the world's largest herbicides by

sales volume, but Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 111 and accordingly denies those allegations.

112.     The allegations in paragraph 112 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis.

113.     The allegations in paragraph 113 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis.

114.     The allegations in paragraph 114 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis.

115.     The allegations in paragraph 115 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis.

116.     In response to the allegations in paragraph 116, Wilbur-Ellis denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 116, which are not limited as of any specified date, and accordingly denies the same.

117.     In response to the allegations in paragraph 117, Wilbur-Ellis admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.  Wilbur-Ellis denies the remaining allegations in paragraph 117.

118.     Wilbur-Ellis denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 118 and therefore denies those allegations.

119.     Wilbur-Ellis denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 119 and therefore denies

1     those allegations.

2        120.     Wilbur-Ellis denies the allegations in paragraph 120 to the extent that they

3 suggest that IARC had previously assessed glyphosate.  Wilbur-Ellis admits that IARC classified

4 glyphosate as a Group 2A agent in March 2015.

5        121.     In response to the allegations in paragraph 121, Wilbur-Ellis admits that IARC

6 issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the

7 monograph was prepared by a "working group" of individuals selected by IARC who met over a

8 one week period in March 2015 to consider glyphosate along with a number of other substances.

9 Wilbur-Ellis denies the allegation that all members of the working group are "experts."  Wilbur-

10 Ellis denies that the working group or anyone at IARC conducted a one-year review of the

11 scientific evidence related to glyphosate or that the working group's findings reflected a

12 comprehensive review of the latest available scientific evidence.  Wilbur-Ellis also denies that

13 the working group considered all information available in the scientific literature and all data

14 from government reports that are publicly available.  Wilbur-Ellis denies the remaining

15 allegations in paragraph 121.

16        122.     In response to the allegations in paragraph 122, Wilbur-Ellis denies that the IARC

17 working group considered all of the data in the numerous studies that have been conducted

18 looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

19 that it reliably considered the studies that it purports to have reviewed, which frequently reach

20 conclusions directly contrary to those espoused by the IARC working group.  To the extent the

21 allegations purport to characterize statements made in the IARC monograph for glyphosate, the

22 statements in that document stand for themselves, but Wilbur-Ellis lacks information or

23 knowledge sufficient to form a belief as to the accuracy of the source of said information and

24 accordingly denies the allegations.

25        123.     The allegations in paragraph 123 are vague and conclusory.  To the extent they

26 purport to characterize statements made in the IARC monograph for glyphosate, the statements

27 in that document speak for themselves, but Wilbur-Ellis lacks information or knowledge

28

1    sufficient to form a belief as to the accuracy of the source of said information and accordingly

2    denies the allegations.  Wilbur-Ellis denies the allegations in footnote 1 of paragraph 123.

3         124.    In response to the allegations in paragraph 124, to the extent the allegations

4    purport to characterize statements made in the IARC monograph for glyphosate, the statements

5    in that document speak for themselves, but to the extent that this paragraph means that more than

6    *de minimis* amounts of exposure are present, the allegations in paragraph 124 are denied.

7         125.    In response to the allegations in paragraph 125, Wilbur-Ellis admits that the IARC

8    working group identified a number of case control studies of populations with exposures to

9    glyphosate, but Wilbur-Ellis denies that any of these studies provide any evidence of a human

10   health concern from such exposures.

11        126.    Wilbur-Ellis denies the allegations in paragraph 126.  The IARC working group

12   concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

13   which, per IARC's guidelines, means that the working group could not rule out chance, bias or

14   confounding so as to reach any conclusion of an increased risk.

15        127.    In response to the allegations in paragraph 127, Wilbur-Ellis admits that the

16   working group cited to a study that it concluded provided evidence of chromosomal damage in

17   community residents reported to be exposed to glyphosate, but Wilbur-Ellis denies that the study

18   supports such a conclusion or that the authors of the study reached such a conclusion.

19        128.    Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 128 and therefore denies those allegations.

21        129.    Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 129 and therefore denies those allegations.

23        130.    In response to the allegations in paragraph 130, Wilbur-Ellis admits that the IARC

24   working group interpreted a selected number of experimental studies as evidence that glyphosate

25   can cause genotoxicity, but Wilbur-Ellis denies that the working group reliably considered the

26   full body of scientific data on such alleged genotoxic endpoints and denies that the working

27   group reliably interpreted the studies that it selected for consideration.  Regulators around the

28

world repeatedly have concluded that glyphosate is not genotoxic.  Wilbur-Ellis denies the remaining allegations in paragraph 130.

131.    Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 and therefore denies those allegations.

132.    Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 132 and therefore denies those allegations.

133.    In response to the allegations in paragraph 133, Wilbur-Ellis admits that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

134.    In response to the allegations in paragraph 134, Wilbur-Ellis admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate.  Wilbur-Ellis notes that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

135.    Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore denies those allegations.

136.    Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 136 and therefore denies those allegations.

137.    Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 137 and therefore denies those allegations.

138.    Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 138 and therefore denies those allegations.

139.    Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139 and therefore denies those allegations.

140.    Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the

truth of the allegations in paragraph 140 and therefore denies those allegations.

141.     Wilbur-Ellis admits that Wilbur-Ellis Company LLC sells Monsanto products, including Roundup®-branded products, within California, but notes that Wilbur-Ellis Company LLC was and is not the only seller of Monsanto products or glyphosate-based herbicides in California.  The remaining allegations in paragraph 141 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

142.     In response to the allegations in the first sentence of paragraph 142, Wilbur-Ellis denies that Roundup®-branded products have "carcinogenic properties" and states that all labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  The remaining allegations in the first sentence of paragraph 142 are vague and conclusory and comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required.  Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 142 regarding plaintiffs' alleged use of Roundup®-branded products and therefore denies those allegations.

143.     Wilbur-Ellis incorporates by reference its responses to paragraphs 1 through 142 in response to paragraph 143 of plaintiffs' Complaint.

144.     In response to the allegations in paragraph 144, Wilbur-Ellis denies that it violated California law or federal law and states that it complied with all applicable law regarding Roundup®-branded products.  The remaining allegations in paragraph 144 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Wilbur-Ellis denies all such allegations.

145.     Paragraph 145 sets forth conclusions of law for which no response is required.

146.     Wilbur-Ellis denies the allegations in the first sentence of paragraph 146.  The second sentence in paragraph 146 sets forth a conclusion of law for which no response is required.

147.     Wilbur-Ellis incorporates by reference its responses to paragraphs 1 through 146

in response to paragraph 147 of plaintiffs' Complaint.

148.     In response to the allegations in paragraph 148, Wilbur-Ellis admits that plaintiffs purport to bring a claim for strict liability design defect, but denies any liability to plaintiffs.

149.     In response to the allegations in paragraph 149, Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs used Roundup®-branded products and therefore denies that allegation.  Wilbur-Ellis denies the remaining allegations in paragraph 149.

150.     Wilbur-Ellis denies the allegations in paragraph 150.

151.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 151 concerning the condition of any Roundup®-branded product allegedly used by plaintiffs or about plaintiffs' alleged uses of such product and therefore denies those allegations.  The remaining allegations in paragraph 151 set forth conclusions of law for which no response is required.

152.     Wilbur-Ellis denies the allegations in paragraph 152.

153.     Wilbur-Ellis denies the allegations in paragraph 153.

154.     Wilbur-Ellis denies the allegations in paragraph 154.

155.     Wilbur-Ellis denies the allegations in paragraph 155 and each of its subparts.

156.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 156 concerning plaintiffs' claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  Wilbur-Ellis denies the remaining allegations in paragraph 156, including that Roundup®-branded products have "dangerous characteristics."

157.     Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 157 concerning plaintiffs' claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  Wilbur-Ellis denies the remaining allegations in paragraph 157, including that Roundup®-branded products have "dangerous characteristics."

158.    Wilbur-Ellis denies the allegations in paragraph 158.

159.    Wilbur-Ellis denies the allegations in paragraph 159.

160.    Wilbur-Ellis denies the allegations in paragraph 160.

161.    Wilbur-Ellis denies the allegations in paragraph 161.

162.    Wilbur-Ellis denies the allegations in paragraph 162.

163.    Wilbur-Ellis denies the allegations in paragraph 163.

164.    Wilbur-Ellis denies the allegations in paragraph 164.

165.    Wilbur-Ellis denies the allegations in paragraph 165.

166.    Wilbur-Ellis denies the allegations in paragraph 166.

167.    Wilbur-Ellis denies the allegations in paragraph 167.

168.    Wilbur-Ellis denies the allegations in paragraph 168.

169.    In response to the allegations in paragraph 169, Wilbur-Ellis demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Wilbur-Ellis be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

170.    Wilbur-Ellis incorporates by reference its responses to paragraphs 1 through 169 in response to paragraph 170 of plaintiffs' Complaint.

171.    In response to the allegations in paragraph 171, Wilbur-Ellis admits that plaintiffs purport to bring a claim for strict liability failure to warn, but denies any liability to plaintiffs.

172.    Wilbur-Ellis denies the allegations in paragraph 172.

173.    In response to the allegations in paragraph 173, Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs or other entities identified purchased or used Roundup®-branded products and therefore denies that allegation.  Paragraph 173 also sets forth conclusions of law for which no response is required. Wilbur-Ellis denies the remaining allegations in paragraph 173.

174.    Paragraph 174 sets forth conclusions of law for which no response is required.

175.    Wilbur-Ellis denies the allegations in paragraph 175.  All labeling of Roundup®-

1    branded products has been and remains EPA-approved and in compliance with all federal

2    requirements under FIFRA.

3        176.    Wilbur-Ellis denies the allegations in paragraph 176.

4        177.    Wilbur-Ellis denies the allegations in paragraph 177.

5        178.    Wilbur-Ellis denies the allegations in paragraph 178.

6        179.    Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 179 and therefore denies those allegations.

8        180.    Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 180 concerning plaintiffs' alleged use of Roundup®-branded

10   products and therefore denies those allegations.  Wilbur-Ellis denies the remaining allegations in

11   paragraph 180, including that Roundup®-branded products have "dangerous characteristics."

12       181.    Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations in paragraph 181 concerning plaintiffs' alleged use and exposure to

14   Roundup®-branded products and therefore denies those allegations.  Wilbur-Ellis denies the

15   remaining allegations in paragraph 181, including that Roundup®-branded products have

16   "dangerous characteristics."

17       182.    Wilbur-Ellis denies the allegations in paragraph 182.

18       183.    Wilbur-Ellis denies the allegations in paragraph 183.

19       184.    Wilbur-Ellis denies the allegations in paragraph 184.

20       185.    The allegations in the second sentence of paragraph 185 set forth conclusions of

21   law for which no response is required.  To the extent that a response is deemed required, Wilbur-

22   Ellis denies all such allegations.  Wilbur-Ellis denies the remaining allegations in paragraph 185.

23       186.    Wilbur-Ellis denies the allegations in paragraph 186.

24       187.    Wilbur-Ellis denies the allegations in paragraph 187.

25       188.    Wilbur-Ellis denies the allegations in paragraph 188.

26       189.    Wilbur-Ellis denies the allegations in paragraph 189.

27       190.    Wilbur-Ellis denies the allegations in paragraph 190.

28

191. Wilbur-Ellis denies the allegations in paragraph 191.

192. Wilbur-Ellis denies the allegations in paragraph 192.

193. Wilbur-Ellis denies the allegations in paragraph 193.

194. In response to the allegations in paragraph 194, Wilbur-Ellis demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Wilbur-Ellis be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

195. Wilbur-Ellis incorporates by reference its responses to paragraphs 1 through 194 in response to paragraph 195 of plaintiffs' Complaint.

196. Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 196 regarding the specific products allegedly used by plaintiffs or any advertising or marketing allegedly seen or considered by plaintiffs and therefore denies the allegations in paragraph 196.

197. Paragraph 197 sets forth conclusions of law for which no response is required.

198. Paragraph 198 sets forth conclusions of law for which no response is required.

199. Wilbur-Ellis denies the allegations in paragraph 199.

200. Wilbur-Ellis denies the allegations in paragraph 200.

201. Wilbur-Ellis denies the allegations in paragraph 201.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

202. Wilbur-Ellis denies the allegations in paragraph 202.

203. Wilbur-Ellis denies the allegations in the first sentence of paragraph 203.  The allegations in the second sentence of paragraph 203 comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required.

204. Wilbur-Ellis denies the allegations in paragraph 204.

205. Wilbur-Ellis denies the allegations in paragraph 205, including each of its subparts.

1   206.   Wilbur-Ellis denies the allegations in paragraph 206.

2   207.   Wilbur-Ellis lacks information or knowledge sufficient to form a belief as to the

3   truth of the allegations in paragraph 207 regarding plaintiffs' knowledge and therefore Wilbur-

4   Ellis denies those allegations.  Wilbur-Ellis denies the remaining allegations in paragraph 207,

5   including that intended use and/or exposure to Roundup®-branded products causes any injuries.

6   208.   Wilbur-Ellis denies the allegations in paragraph 208.

7   209.   Wilbur-Ellis denies the allegations in paragraph 209.

8   210.   Wilbur-Ellis denies the allegations in paragraph 210.

9   211.   Wilbur-Ellis denies the allegations in paragraph 211.

10   212.   Wilbur-Ellis denies the allegations in paragraph 212.

11   213.   Wilbur-Ellis denies the allegations in paragraph 213.

12   214.   In response to the allegations in paragraph 214, Wilbur-Ellis demands that

13   judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed,

14   with prejudice; and that Wilbur-Ellis be awarded costs of suit and reasonable attorney's fees as

15   allowed by law and such further and additional relief as this Court may deem just and proper.

16   215.   The allegations in paragraph 215 do not require a response from Wilbur-Ellis

17   because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs'

18   Complaint is brought only against Monsanto, not Wilbur-Ellis.

19   216.   The allegations in paragraph 216 do not require a response from Wilbur-Ellis

20   because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs'

21   Complaint is brought only against Monsanto, not Wilbur-Ellis.

22   217.   The allegations in paragraph 217 do not require a response from Wilbur-Ellis

23   because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs'

24   Complaint is brought only against Monsanto, not Wilbur-Ellis.

25   218.   The allegations in paragraph 218 do not require a response from Wilbur-Ellis

26   because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs'

27   Complaint is brought only against Monsanto, not Wilbur-Ellis.

28

219.    The allegations in paragraph 219 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

220.    The allegations in paragraph 220 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

221.    The allegations in paragraph 221 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

222.    The allegations in paragraph 222 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

223.    The allegations in paragraph 223 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

224.    The allegations in paragraph 224 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

225.    The allegations in paragraph 225 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

226.    The allegations in paragraph 226 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

227.    The allegations in paragraph 227 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

228.    The allegations in paragraph 228 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

229.    The allegations in paragraph 229 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

230.    The allegations in paragraph 230 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

231.    The allegations in paragraph 231 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

232.    The allegations in paragraph 232 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

233.    The allegations in paragraph 233 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

234.    The allegations in paragraph 234 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

235.    The allegations in paragraph 235 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

236.    The allegations in paragraph 236 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

237.    The allegations in paragraph 237 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

238.    The allegations in paragraph 238 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

239.    The allegations in paragraph 239 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

240.    The allegations in paragraph 240 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

241.    The allegations in paragraph 241 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

242.    The allegations in paragraph 242 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

243.    The allegations in paragraph 243 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

244.    The allegations in paragraph 244 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

245.    The allegations in paragraph 245 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

246.    The allegations in paragraph 246 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

247.    The allegations in paragraph 247 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

248.    The allegations in paragraph 248 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

249.    The allegations in paragraph 249 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

250.    The allegations in paragraph 250 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

251.    The allegations in paragraph 251 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

252.    The allegations in paragraph 252 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

253.    The allegations in paragraph 253 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

254.    The allegations in paragraph 254 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

255.   The allegations in paragraph 255 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

256.   The allegations in paragraph 256 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

257.   The allegations in paragraph 257 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

258.   The allegations in paragraph 258 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

259.   The allegations in paragraph 259 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

260.   The allegations in paragraph 260 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

261.   The allegations in paragraph 261 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

262.   The allegations in paragraph 262 do not require a response from Wilbur-Ellis because these allegations relate to Monsanto, not Wilbur-Ellis, and this count of plaintiffs' Complaint is brought only against Monsanto, not Wilbur-Ellis.

263.   Wilbur-Ellis incorporates by reference its responses to paragraphs 1 through 262 in response to paragraph 263 of plaintiffs' Complaint.

264.   Wilbur-Ellis denies the allegations in paragraph 264.

265. Wilbur-Ellis denies the allegations in paragraph 265.

266. Wilbur-Ellis denies the allegations in paragraph 266.

267. The allegations in paragraph 267 set forth conclusions of law for which no response is required.

268. In response to the allegations in paragraph 268 in the section entitled "PRAYER FOR RELIEF," Wilbur-Ellis denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Wilbur-Ellis upon which relief can be granted.

2. Venue is improper or inconvenient for all or most of plaintiffs' claims.

3. Plaintiffs' claims are improperly joined and should be severed.

4. The Complaint is vague, ambiguous, and uncertain with respect to Wilbur-Ellis and accordingly fails to state any cause of action against Wilbur-Ellis.

5. Plaintiffs' claims are barred in whole because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

6. Any alleged negligent or culpable conduct of Wilbur-Ellis, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

7. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

8. Plaintiffs' claims are barred, in whole or in part, because the products at issue

- 30 -

were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

9.      To the extent that any claims are based on allegations that Wilbur-Ellis misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA, such claims are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

10.     Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

11.     Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

12.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

13.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

14.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Wilbur-Ellis in whole or in part.

15.     Applicable statutes of limitations bar plaintiffs' claims in whole or in part.

16.     Applicable periods or statutes of repose bar plaintiffs' claims in whole or in part.

17.     Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

18.     If plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Wilbur-Ellis is

1   neither liable nor responsible or, in the alternative, Wilbur-Ellis is entitled to an assessment of

2   the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or

3   causes that are not related or connected with any product sold, distributed, or manufactured by

4   Wilbur-Ellis.  Such acts or omissions on the part of others or diseases or causes constitute an

5   independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

6       19.     Wilbur-Ellis had no legal relationship or privity with plaintiffs and owed no duty

7   to them by which liability could be attributed to it.

8       20.     Plaintiffs' claims are preempted in whole or part by the Freedom of Speech

9   Clause of the First Amendment of the U.S. Constitution.

10      21.     Plaintiffs' claims for exemplary and/or punitive damages are barred because such

11  an award would violate Wilbur-Ellis's due process, equal protection and other rights under the

12  United States Constitution, the California Constitution, and/or other applicable state constitutions

13  – and would be improper under the common law and public policies of the United States, the

14  laws of California and/or other states' laws.

15      22.     Plaintiffs' claims for exemplary and/or punitive damages are barred because

16  plaintiffs have failed to allege conduct warranting imposition of such damages under California

17  and/or other applicable state laws.

18      23.     Plaintiffs' claims for exemplary and/or punitive damages are barred and/or limited

19  by operation of state and/or federal law.

20      24.     Wilbur-Ellis's conduct and/or acts were not willful, wanton, malicious, reckless,

21  fraudulent or done with a conscious disregard for the rights of plaintiffs and/or the safety of the

22  public.  Nor do any of Wilbur-Ellis's conduct and/or acts demonstrate that Wilbur-Ellis acted

23  with a high degree of moral culpability.  In fact, Wilbur-Ellis exercised reasonable care at all

24  times alleged in the Complaint, and plaintiffs have failed to clearly establish any entitlement to

25  exemplary and/or punitive damages based on their allegations.

26      25.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own

27  contributory/comparative negligence.

28

26.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

27.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

28.     To the extent that plaintiffs recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

29.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a product distributed or sold by Wilbur-Ellis.

30.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

31.     Wilbur-Ellis hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Wilbur-Ellis demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## <u>JURY TRIAL DEMAND</u>

Wilbur-Ellis demands a jury trial on all issues so triable.

1

DATED:  April 7, 2017                    Respectfully submitted,

2

3                                        /s/ Joe G. Hollingsworth
                                         Joe G. Hollingsworth (*pro hac vice*)
4                                        (jhollingsworth@hollingsworthllp.com)
                                         Eric G. Lasker (*pro hac vice*)
5                                        (elasker@hollingsworthllp.com)
                                         HOLLINGSWORTH LLP
6                                        1350 I Street, N.W.
                                         Washington, DC  20005
7                                        Telephone:  (202) 898-5800
                                         Facsimile:  (202) 682-1639
8

9                                        Attorneys for Defendants
                                         WILBUR-ELLIS COMPANY LLC and
10                                       WILBUR-ELLIS FEED, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILBUR-ELLIS' ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-01711-VC