Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Robert E. Johnston (*pro hac vice*)
(rjohnston@hollingsworthllp.com)
James M. Sullivan (*pro hac vice*)
(jsullivan@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 16-md-02741-VC<br><br>MDL No. 2741<br><br>**MONSANTO COMPANY'S MOTION TO STRIKE AND FOR PROTECTIVE ORDER, AND OPPOSITION TO "PLAINTIFFS' MOTION TO STRIKE CONFIDENTIALITY DESIGNATION OF DEPOSITION OF WILLIAM HEYDENS PhD."** |
|---|---|

Monsanto Company ("Monsanto") seeks protection from plaintiffs' continued attempts to subject Monsanto to confidentiality challenges that are not intended to advance this litigation, which it understands to violate Pretrial Order No. 15 ("PTO 15"), ECF No. 186 (resolving 2/10/17 discovery letter, ECF No. 140, in favor of Monsanto).  Plaintiffs now purport to challenge each of the confidentiality designations within the two-day deposition transcript of a Group A custodian and all exhibits thereto, that Monsanto designated pursuant to the Protective and Confidentiality Order ("Protective Order"), ECF No. 64.  *See* Pls.' Mot., ECF No. 226-3. Plaintiffs' request is not based on a likelihood that the documents will be relevant in the litigation as required by PTO 15, nor did they even attempt to make that required threshold showing to

Monsanto to trigger a challenge. Instead, plaintiffs simply sent an email to Monsanto that requested release to the media of these documents to facilitate "international public debate" in the "public domain," claiming that Monsanto committed a "subject matter" waiver of confidentiality by releasing a couple of quotes from one of its employees' depositions to demonstrate the out-of-context nature of the recent release of documents cherry-picked by plaintiffs.[1]

During the parties' meet and confer, Monsanto's counsel explained that plaintiffs' waiver position is expressly precluded by non-waiver provisions of the Protective Order and contrary to case law but was willing to brief that limited issue if plaintiffs so desired. Plaintiffs' counsel then claimed that they also substantively challenge all designations, and requested Monsanto's position as to whether each designation qualifies for protection in light of the Court's past rulings on motions to seal certain exhibits to discovery motions. Monsanto refused to engage in that time-consuming endeavor, which it believes would waste resources on documents or parts of documents that are not part of any motion or issue before the Court and may never need to be filed much less be used as relevant evidence in a Court decision. Monsanto's counsel informed plaintiffs' counsel that its understanding of the Court's guidance is that Monsanto may say to "leave us alone" in this circumstance, 2/27/17 Hr'g Tr. at 57, which plaintiffs refuse to do. Monsanto's counsel further noted that in addition to running afoul of PTO 15, the Protective Order provides that "[t]he Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge," *id.* at § 16.2, which plaintiffs did not do. Monsanto's counsel also advised that the proper procedure for raising plaintiffs' incorrect waiver argument would have been to file a joint letter. Plaintiffs nevertheless proceeded to file under seal the entirety of Dr. Heydens' two-day

---

[1] For example, plaintiffs' counsel wrote: "Yesterday, Monsanto posted portions of [an employee's] deposition on its website. According to well-established legal doctrine the whole deposition must now be put in the public domain." And plaintiffs stated, "[l]ike it or not, this topic of ghostwriting is now a subject of international public debate, sparked in part by Monsanto's own blog posts." Plaintiffs also cited a response by a former Monsanto consultant to a media inquiry about his alleged conduct but presented no evidence that this consultant was speaking for Monsanto and authorized to speak for Monsanto, so his statement cannot possibly waive anything.

transcript (only some of which was designated as confidential) and over 54 exhibits (which plaintiffs then filed as a smaller number of attachments by merging multiple exhibits (some never designated as confidential) into attachments that run hundreds of pages).

Monsanto therefore requests that the Court strike plaintiffs' sealed filings, *see* ECF No. 226, and order plaintiffs to refrain from future confidentiality challenges that are not intended to advance this litigation. To the extent the Court reaches the merits of plaintiffs' argument, the Court should deny Plaintiffs' Motion for the reasons set forth below, and maintain the confidentiality designations of Dr. Heydens' deposition transcript at this time. If and when plaintiffs do need testimony or exhibits for actual motions, Monsanto certainly will consider those targeted requests, which (unlike here) should focus on particular testimony and specific exhibits so that the parties' resources remain focused on moving this litigation forward. Monsanto requests that the Court set this motion for oral argument.

**I.  Deferring Confidentiality Challenges Not Intended to Advance the Litigation Protects Monsanto and Non-Parties from Harm.**

In addition to conserving resources, deferring challenges that are not intended to advance the litigation protects Monsanto and non-parties from the potential harms of out-of-context release of records. For example, as discussed in a separately filed letter, the recent release of internal records led to a former Monsanto employee having to change his phone number due to harassing phone calls, a former Monsanto consultant becoming subject to a review by his university before ultimately being cleared of any wrongdoing, and the invasion of privacy of and reputational attacks on multiple Monsanto employees and consultants.

These attacks are charged not only by the spin that plaintiffs have advanced in Court filings, but also by extensive media attacks by plaintiffs' counsel. Since PTO 15, plaintiffs' counsel is quoted in no less than 10 articles. For example, in a New York Times article, plaintiffs' counsel stated that "it's important that people hold Monsanto accountable when they say one thing and it's completely contradicted by very frank internal documents."[2] Similarly, a

---

[2] https://www.nytimes.com/2017/03/14/business/monsanto-roundup-safety-lawsuit.html?_r=0#story-continues-4.

Bloomberg article quotes plaintiffs' counsel stating that the released documents show "some of what Monsanto was actually engaging in behind the scenes, and how they have manipulated the scientific literature to date."[3] These statements are just a few examples that directly contradict plaintiffs' statement in the February 10 dispute letter that they had "no plan to 'attack and discredit defendant in social media' nor wish to 'try [the] case in the public arena rather than in a court of law.'"  2/10/17 Jt. Ltr. at 6 (quoting and attempting to distinguish *Crossfit, Inc. v. Nat'l Strength & Conditioning Ass'n*, No. 14-cv-1191, 2015 WL 12466532, at *7 (S.D. Cal. July 16, 2015)).[4]

Monsanto has a right to respond to these attacks to protect its reputation and business interests and address plaintiffs' counsel's spin on cherry-picked documents filed well in advance of any merits-based hearing. The brief statement by a former Monsanto consultant on his own behalf to the New York Times and the two sentences posted online from a Monsanto employee's deposition were made in direct response and show that there is more context to come.[5] But plaintiffs' desire to continue that tit-for-tat and piecemeal litigation in the press is not the path forward. *See* PTO 15; *Crossfit*, 2015 WL 12466532, at *7 (The public's "interest would not be advanced by the premature release of selected documents for the sole purpose of allowing one party to the litigation to attempt to discredit another in the public arena. In response, the other party might feel compelled to respond in kind," which is contrary to Rule 1.).

### II.     There Is No Subject Matter Waiver in the Confidentiality Context.

Plaintiffs base their "waiver" claim on an erroneous belief that the "sword and shield" doctrine is applicable in the confidentiality context. It is not. The purpose of the doctrine is to prevent one party in litigation from affirmatively litigating with its documents from a privileged discussion, while attempting to maintain privilege and never disclose to the opponent other

---

[3] https://www.bloomberg.com/news/articles/2017-03-14/monsanto-accused-of-ghost-writing-papers-on-roundup-cancer-risk

[4] Plaintiffs' counsel also gave video interviews that address this litigation and their desire to get information discovered in the litigation into the public domain. *See* https://vimeo.com/187453753; https://www.youtube.com/watch?v=KCOjazEXPww.

[5] *See supra* n.2; http://monsantoblog.com/2017/03/14/monsanto_did_not_ghostwrite_glyphosate_paper/.

documents from the same discussion that the other party then needs to litigate fairly. In the main case relied on by plaintiffs, *Century Aluminum Co.*, the court makes clear that subject matter waiver is limited "'to situations in which the privilege holder seeks to use the disclosed material for advantage in the litigation but to invoke the privilege to deny *its adversary* access to additional materials[.]'" *Century Aluminum Co. v. AGCS Marine Ins. Co.*, 285 F.R.D. 468, 472 (N.D. Cal. 2012) (quoting 8 Charles Alan Wright, et al., Fed. Prac. & Proc. § 2016.2 (3d ed., 2010 update) (emphasis added)). All other cases cited by plaintiffs similarly do not discuss waiver in the context of confidentiality designations.[6] Unlike the privilege cases that plaintiffs cite, here plaintiffs have the documents about which they complain. Thus, plaintiffs are not denied access and not disadvantaged in their ability to prosecute their actions. The same concerns that fuel the privilege waiver doctrine simply do not apply in the confidentiality context, and plaintiffs have provided no authority that states otherwise.

Further, this limited disclosure of two sentences of deposition testimony could not constitute a subject matter waiver. Plaintiffs' waiver argument is directly foreclosed by the Protective Order, which states: "Any production of any confidential or proprietary material will not result in or be construed as a waiver, in whole or in part, of (a) the producing Party's claims of confidentiality either as to the specific information disclosed or more generally as to the subject matter of the information disclosed . . . ." *Id.* at ¶ 9. The Order also provides that it "shall not prevent the Parties from using or disclosing their own documents and other materials in any manner for any business or personal reason," which "shall not terminate, waive or otherwise diminish in any way the status of such documents or materials as Confidential Materials." *Id.* at ¶ 19.[7]

---

[6] The one case plaintiffs cite that does not involve an attorney-client privilege still involves a privilege – the physician-patient privilege. And state law specifically states that this privilege is waived when a plaintiff puts his "specific medical condition" into issue by filing the case. *See Bertram v. Sizelove*, No. 1:10-CV-00583-AWI, 2012 WL 273083, at *3 (E.D. Cal. Jan. 30, 2012).

[7] Although plaintiffs stress that the Monsantoblog post included two sentences from Dr. Heydens' deposition transcript that had been designated confidential, Plaintiffs' Motion to Strike at 4, this is immaterial. Because Monsanto made the designations, Monsanto may "us[e] or disclos[e]" its own document "in any manner for any business or personal reason" as stated in the Protective Order. *Id.* Further, the two sentences were specific and limited to providing a different perspective on an exhibit that the Court ordered to be filed publicly and that was then reported in the press.

1    Courts have likewise recognized that removing the confidentiality of a discrete portion of
2  a document does not relinquish the confidentiality of other portions that have not been made
3  public.  For example, in considering a request to designate as non-confidential documents that
4  had been used in open court and admitted as evidence during a prior trial, a federal district court
5  determined that only the "portions of the documents that were specifically read into the record,
6  or which were quoted in the [court's] opinion, are clearly part of the public domain" and
7  therefore could not be confidential or the subject of a protective order.  *DeKalb Genetics Corp. v.*
8  *Syngenta Seeds, Inc.*, No. 4:06CV01191 ERW, 2008 WL 382385, at *7 (E.D. Mo. Feb. 12,
9  2008).  The Court held that "[s]imply asserting that the subject matter is the same, is insufficient
10 to show that all documents related to that subject matter are non-confidential."  *Id.* at *7.  *See*
11 *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1280 (D.C. Cir. 1992) (holding in FOIA context
12 that only "the exact portions" of documents already released are in the public domain even if
13 other content or documents relate to the same subject matter); *see also Venkataram v. Office of*
14 *Info. Policy*, 590 F. App'x 138, 140 (3d Cir. 2014) (same).

### III.     Sealing Standards Do Not Apply and the Court Should Strike These Erroneously Filed Documents.

17    Plaintiffs' motion, which rests on their incorrect waiver position, required no exhibits for
18 this Court to rule.  The issue should have been presented in a joint letter as Monsanto proposed.
19 There also was no reason to file exhibits, much less file the entirety of Dr. Heydens' two-day
20 deposition transcript and the 54 exhibits thereto (or plaintiffs' additional exhibits that were not
21 used at that deposition).  Plaintiffs did not – and cannot – argue that all or even most of this
22 testimony and these exhibits are discussing the Williams (2000) article addressed in the two
23 sentences of Dr. Heydens' transcript posted on the Monsantoblog.[8]

24    Thus, plaintiffs' sealed filings are not needed for any substantive judicial determination
25 in this case and should be stricken.  *See, e.g.*, *Holloway v. Gilead Scis., Inc.*, No. 16-CV-02320-

---

[8] The Court also already made clear that entire deposition transcripts should not be filed on the docket when only certain sections are at issue.  *See* PTO 15 at 4 (ordering transcripts "refiled with all unnecessary pages removed").

1  VC, 2016 WL 3526060, at *2 (N.D. Cal. June 23, 2016) (Chhabria, J.) (striking exhibits after
2  finding the associated brief moot); *Minebea Co. Ltd. v. Papst*, 221 F.R.D. 11, 11-12 (D.D.C.
3  2004) (striking exhibits filed in support of non-dispositive motion, and directing the parties in the
4  future not to file exhibits to non-dispositive motions without leave of court).  Striking these
5  exhibits would be consistent with the Court's Standing Order for Civil Cases Before Judge Vince
6  Chhabria, which precludes filing exhibits to a discovery dispute letter unless requested by the
7  Court, *see id.* ¶ 15, and with the Protective Order, *id.* ¶ 11 ("Confidential Material shall be used
8  (if otherwise relevant and admissible) solely for the litigation of this action").  It also comports
9  with the Court's admonition that it "will not entertain any challenge by the plaintiffs to a
10 confidentiality designation unless they can explain why the document is likely to be relevant in
11 the litigation."  PTO 15 at 4.
12         Further, because plaintiffs' confidentiality challenge is not related to another motion,
13 even if their filing of the transcript and exhibits was proper (which it was not), the Court's
14 sealing standards should not apply.  *See, e.g.*, *Dow Chem. Co. v. Reinhard*, No. 07-12012-BC,
15 2008 WL 1931910, at *6 (E.D. Mich. May 2, 2008) (holding that "the question regarding the
16 proprietary of sealing [documents] does not arise" when the documents were not "attached to any
17 Court filing requesting substantive relief, apart from the instant motion challenging [] 
18 designation of them as confidential"); *see id.* at *7-8 (denying both motion to unseal and
19 challenge to confidentiality designations, which were made in good faith).  An entire deposition
20 transcript and all of its exhibits should not be at risk of being made part of the public record
21 simply because plaintiffs filed a motion incorrectly challenging certain confidentiality
22 designations, nor should Monsanto be forced to prematurely sift through these many hundreds of
23 pages identifying which parts meet judicial standards for sealing if they are someday used in a
24 motion.  Another reason to wait until there is a planned motion to consider the issue of sealing is
25 that the sealing standards vary depending on the nature of the motion.  *See Ctr. for Auto Safety v.*
26 *Chrysler Grp., LLC*, 809 F.3d 1092, 1101-03 (9th Cir. 2016) (explaining that sealing standard for
27 same document can vary depending on whether it is filed in support of a motion that is "more
28

than tangentially related to the merits"); *id.* at 1097 ("[a]pplying the good cause standard from Rule 26(c) as an exception for discovery-related motions makes sense, as the private interests of litigants are 'the only weights on the scale'").

## IV.    CONCLUSION

For the reasons discussed above, the Court should strike plaintiffs' sealed filings, and order plaintiffs to refrain from future confidentiality challenges that are not intended to advance this litigation, and deny Plaintiffs' Motion to the extent that the Court reaches plaintiffs' arguments.

In the event that the Court denies Monsanto's requested relief, before any materials are released, Monsanto requests an opportunity to consider the materials at issue and seek to seal specific material consistent with the Court's ruling and PTO 15.

DATED: April 14, 2017

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Robert E. Johnston (*pro hac vice*)
(rjohnston@hollingsworthllp.com)
James M. Sullivan (*pro hac vice*)
(jsullivan@hollingsworthllp.com)
   HOLLINGSWORTH LLP
   1350 I Street, N.W.
   Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*