

April 19, 2017

Joe G. Hollingsworth
dir 202 898 5842
jhollingsworth@hollingsworthllp.com

**FILED VIA ECF**
Honorable Vince Chhabria
United States District Court, Northern District of California

Re: *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC

To the Honorable Vince Chhabria,

Plaintiffs have unilaterally filed a "letter brief" challenging certain aspects of this Court's decision to permit the deposition of Dr. Charles Jameson, a U.S.-based toxicologist who served as the subgroup chair for the experimental animal subgroup of Monograph 112. *See* Plaintiffs' Discovery Letter Brief, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Apr. 19, 2017), ECF No. 244 ("Plaintiffs' April 19, 2017 Letter Brief").  Although they did not consult with Monsanto at all about their intent to do so, in violation of paragraph 15 of the Standing Order, Monsanto hereby responds, and explains why the relief requested by plaintiffs is improper and highly prejudicial to Monsanto.

In an e-mail sent at 6:21 PM (EST) on April 18, 2017, plaintiffs' counsel stated that "Dr. Jameson is available for deposition on April 27, 2017," and represented that his availability is limited due to a recent death in his family.[1]  Plaintiffs also indicated that Dr. Jameson's documents would not be provided to Monsanto until tomorrow, April 20, despite the fact that they have had unfettered access to the documents since September 2016.

Monsanto's counsel quickly responded, informing plaintiffs' counsel that "April 27 does not work for us – we have conflicts on April 26-28.  Please let us know what alternative dates are available the following week."  Approximately an hour later, plaintiffs' counsel offered for the first time that the deposition could also be set for April 25 (and also re-offered the 26th and 28th, which Monsanto had already rejected due to conflicts).  This morning, Monsanto's counsel informed plaintiffs' counsel that:

> Regarding the dates at issue for this deposition, during the March 8, 2017 status conference, we informed plaintiffs (and the Court) that we are unavailable during the time period you propose, but that we could be available the following week, which is the week we propose here.  Given your representations regarding Dr. Jameson's family situation, we are willing to discuss possible later alternatives if the week of May 1 does not work for plaintiffs.  In order to facilitate that discussion, please let us know how many pages plaintiffs will produce for Dr. Jameson.  Per prior e-mails from you, plaintiffs were ready to produce those documents by at least September 15,

---

[1] Pursuant to this Court's Standing Order, Monsanto has not attached the email correspondence between counsel to this letter.  However, Monsanto will provide a copy to the Court upon request.



Honorable Vince Chhabria
April 19, 2017
Page 2

       2016, so we expect that information is readily available and that the
       documents will be produced promptly.

     As the e-mail suggests, if the recent death in Dr. Jameson's family prevented his deposition during the week of May 1, it was Monsanto's intent to suggest a joint motion to this Court to take that fact witness deposition during the week of May 8.

     As noted above, Monsanto has been upfront with the plaintiffs' counsel and this Court regarding the fact that the lawyers responsible for handling MDL matters will be immersed in a long-standing business event between April 26-28.  *See* Transcript of Telephonic Proceedings at 7:21-8:1, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. March 8, 2017) ("Mr. Hollingsworth: … The 27th is one date that several of us would not be able to make here [for the next case management conference]. … I guess the 26th wouldn't be very good either. We could go to the following week or the previous week.").  Plaintiffs' insistence that the deposition take place on those very dates because plaintiffs' counsel need to "tend to personal matters" following the service of their expert reports during a "slow" period is inappropriate.  As this Court has noted, plaintiffs have created for themselves a "bloated" organizational structure, *see* Transcript of Proceedings at 5:22-6:1, 21:17-22, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Nov. 16, 2016), and the Court should not permit them to hide behind that structure for unspecified "personal matters" or "other projects," or to elevate their unstated personal matters above Monsanto counsel's fully-disclosed professional conflict.

     As for April 25, or any date earlier than the week of May 1, 2017, this would leave Monsanto's counsel with inadequate time to prepare and therefore would not accomplish the efficient, meaningful discovery opportunity the Court granted in PTO 16.  First, Monsanto does not have Dr. Jameson's documents yet and, according to plaintiffs, will not receive them until April 20.  Second, as described in Monsanto's portion of the letter brief seeking this Court's permission to depose Dr. Jameson, the conclusions of IARC's animal subgroup, led by Dr. Jameson, are the "crux of Plaintiffs case."  *See* Joint Discovery Letter Brief Regarding Additional Discovery at 2-3, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Apr. 4, 2017), ECF No. 223.  Although plaintiffs have had exclusive access to these documents since at least September 2016 and could therefore be prepared for Dr. Jameson's deposition on five days' notice, Monsanto cannot.  The week of May 1 is appropriate.  In the alternative, if the deposition is moved at all to accommodate Dr. Jameson's schedule due to a death in his family, it should be held early in the week of May 8.

     Plaintiffs' suggestion that the Court order that Dr. Jameson's fact and expert discovery depositions be combined is inappropriate and prejudicial to Monsanto.  The Court has now acknowledged that Dr. Jameson has extensive knowledge of crucial facts.  Plaintiff's proposal that Monsanto should be required to elicit those facts while at the same time exploring all of his expert opinions—under a time constraint—would be unfair.  The Court is available should



Honorable Vince Chhabria
April 19, 2017
Page 3


Monsanto attempt, as it will not, to explore expert opinions rather than the factual issues for which the Court granted it the right to conduct this deposition.  (Plaintiffs do not even commit to naming Dr. Jameson at all, instead saying that "*[i]f* Plaintiffs decide to designate Dr. Jameson as a testifying witness, his expert report is due May 1, 2017."  *See* Plaintiffs' April 19, 2017 Letter Brief at 1 (emphasis added)).

Finally, Monsanto notes that plaintiffs appear to intend to use Dr. Ross's deposition as a way to derail this Court's discovery schedule by claiming that if his deposition occurs after May 1—as it now appears that it must—supplementation of any expert report that they may file for him "may" be required.  *See id.*  Such supplementation is not permitted under the schedule and would impede the ability of the parties to complete expert discovery on schedule.

Monsanto asks that the Court deny the request to require Monsanto to depose Dr. Jameson the week of April 25, and that—should it be necessary to accommodate Dr. Jameson's schedule—the Court permit the deposition to take place as late as the week of May 8.


DATED: April 19, 2017                         Respectfully submitted,

                                                                    /s/Joe G. Hollingsworth
                                                                    Joe G. Hollingsworth (*pro hac vice*)
                                                                    (jhollingsworth@hollingsworthllp.com)
                                                                    Eric G. Lasker (*pro hac vice*)
                                                                    (elasker@hollingsworthllp.com)
                                                                    HOLLINGSWORTH LLP
                                                                    1350 I Street, N.W.
                                                                    Washington, DC  20005
                                                                    Telephone:  (202) 898-5800
                                                                    Facsimile:  (202) 682-1639

                                                                    Attorneys for Defendant
                                                                    MONSANTO COMPANY