Michael L. Baum, Esq. (SBN: 119511)
mbaum@baumhedlundlaw.com
R. Brent Wisner, Esq. (SBN: 276023)
rbwisner@baumhedlundlaw.com
Frances M. Phares, Esq. (LA #10388)
fphares@baumhedlundlaw.com
Pedram Esfandiary, Esq. (SBN: 312569)
pesfandiary@baumhedlundlaw.com
**BAUM HEDLUND, ARISTEI, & GOLDMAN, P.C.**
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Telephone: (310) 207-3233
Facsimile: (310) 820-7444

Nicholas R. Rockforte (LA #31305)
nrockforte@pbclawfirm.com
Christopher L. Coffin (LA #27902)
ccoffin@pbclawfirm.com
Jonathan E. Chatwin (LA #36410)
jchatwin@pbclawfirm.com
**PENDLEY, BAUDIN & COFFIN, LLP**
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 355-0086
Facsimile: (504) 523-0699

Robert F. Kennedy, Jr., Esq.
rkennedy@kennedymadonna.com
Kevin J. Madonna, Esq.
kmadonna@kennedymadonna.com
**KENNEDY & MADONNA, LLP**
48 Dewitt Mills Road
Hurley, New York 12443
Telephone: (845) 481-2622
Facsimile: (845) 230-3111

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Pennie, et al. v. Monsanto Co., et al.*<br>Case No. 3:17-cv-01711-VC | MDL No. 02741<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REMAND CASE TO SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF ALAMEDA PURSUANT TO 28 U.S.C. § 1447(c)** |

**Pages**

**Cases**

*Bader Farms, Inc. v. Monsanto Co.*,
  2017 WL 633815 (E.D. MO Feb. 2, 2017) ................................................................. 8

*Bender v. Jordan*,
  623 F. 3d 1128 (2010) ............................................................................................. 13

*Board of Commissioners of Southeast Louisiana Flood Protection v. Tennessee Gas et al*,
  2017 WL 874999 (5th Cir. March 3, 2017) ......................................................... 8, 14

*Broder v. Cablevision Systems Corp.*,
  418 F. 3d 187 (2006) ................................................................................................ 8

*Caterpillar Inc. v. Williams*,
  482 U.S. 386 (1987) ............................................................................................ 7, 11

*City of Oceanside v. Dow Chem. Co.*,
  No. C 05-02482 JSW, 2005 WL 2463917, at *2 (N.D. Cal. Oct. 5, 2005) .......... 11, 15

*Dahl v. R.J. Reynolds Tobacco Co.*,
  478 F. 3d 965, n. 2 (8th Cir. 2007) ......................................................................... 14

*Davis v. J.P. Morgan Chase, N.A.*,
  2013 WL 6708765 (E.D. MO Dec. 18, 2013) ........................................................... 8

*Davis v. South Carolina*,
  107 U.S. 597 (1883) ................................................................................................ 15

*Empire Healthcare Assurance, Inc. v. McVeigh*,
  547 U.S. 677 (2006) ................................................................................................ 13

*Emrich v. Touche Ross & Co*.
  846 F. 2d 1190 (9th Cir. 1988) ................................................................................. 6

*Fung v. Abex Corp.*,
  816 F. Supp. 569 (N.D. Cal. 1992) ......................................................................... 14

*Gallo Cattle Co. v. U.S. Dept. of Agriculture*,
  159 F.3d 1194 (9th Cir. 1998) .................................................................................. 8

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) .................................................................................... 6

*Gonzales v. Sears Outlet Stores, LLC,*
  2013 U.S. Dist. LEXIS 90142 (C.D.Cal. June 26, 2013) .......................................... 6

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*
   545 U.S. 308 (2005)............................................................................................................*passim*

*Gully v. First National Bank,*
   299 U.S. 109 (1936).................................................................................................................. 12

*Gunn v. Minton,* U.S.,
   133 S. Ct. 1059 (2013).........................................................................................................*passsim*

*Hopkins v. Walker*,
   244 U.S. 486 (1917).................................................................................................................... 7

*Hughes v. Chevron Phillips Chemical Co. LP*,
   478 Fed. Appx. 167 (2012)......................................................................................................... 8

*Jacks v. Meridian Resource Co., LLC.,*
   701 F. 3d 1224 (2012) ......................................................................................................... 14, 15

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994)................................................................................................................... 6

*Los Angeles Police Protective League v. City of Los Angeles*,
   314 Fed. Appx. 72 (2009).......................................................................................................... 8

*Mesa v. California,*
   489 U.S. 121 (1989).................................................................................................................. 16

*Moore v. Permanente Med. Grp., Inc.,*
   981 F.2d 443 (9th Cir. 1992) .................................................................................................... 16

*Morgan Guar. Trust Co. v. Repub. of Palau,*
   971 F.2d 917 (2nd Cir.1992) .................................................................................................... 16

*New York ex. Rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*
   824 F. 3d 308 2d Cir. 2016)....................................................................................................... 5

*Organic Consumers Association v. General Mills, Inc.*,
   2017 WL 706168 (Feb. 22, 2017 D.D.C.) ......................................................................... 11, 12

*Pet Quarters, Inc. v. Depository Trust and Clearing Corp.*,
   559 F. 3d 772 (2009) ................................................................................................................. 8

*Rains v. Criterion Sys., Inc.*,
   80 F.3d 339 (9th Cir. 1996) ....................................................................................................... 7

*Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dept. et al*,
   585 F. 3d 42 (2009) ................................................................................................................... 8

ii
MEMORANDUM IN SUPPORT OF MOTION TO REMAND

*Ryan v. Dow Chemical Co.,*
    781 F.Supp. 934 (E.D.N.Y.1992) ........................................................................................ 14

*US Airways Master Exec., Council. v. Am. W. Master Exec., Council*,
    525 F.Supp.2d 127 (D.D.C. 2007) ....................................................................................... 6

*Watson v. Philip Morris Cos., Inc.,*
    551 U.S. 142 (2007) ..................................................................................................... 14, 15

*Willingham v. Morgan,*
    395 U.S. 402 (1969) .......................................................................................................... 16

**<u>Rules</u>**

28 U.S.C § 1442(a)(1) ............................................................................................................ 6, 16

28 U.S.C §1441(a) ........................................................................................................................ 6

28 U.S.C § 1331 ....................................................................................................................... 6, 7

28 U.S.C. § 1447(c) .................................................................................................................... 16

28 U.S.C. §§1367(a) ..................................................................................................................... 6

28 U.S.C.§1442(a)(3) ................................................................................................................. 16

28. U.S.C. §1442(a) .................................................................................................................... 14

Monsanto's removal of this case was improper because Monsanto cannot satisfy the prerequisite elements necessary to show that Plaintiffs' claims arise under federal law in order to impose federal-question jurisdiction. Monsanto cannot re-cast Plaintiff's allegations in order to cobble together an illusory federal question.

## I. Issues Presented

(1) To invoke federal question jurisdiction, Monsanto must satisfy all four elements of the *Grable-Gunn* test by showing that Plaintiffs' allegations of federal violations are (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.[1] If proof of Plaintiffs' state-law claims *does not necessarily require* proof that Monsanto or a federal agency violated federal law, does federal jurisdiction apply?

(2) To invoke federal officer jurisdiction, Monsanto must show, *inter alia*, that it was sued for its actions under a federal officer's direction or that it was delegated a duty by a federal officer. Is an allegation of collusion between the EPA and Monsanto the legal equivalent of the EPA delegating a duty to Monsanto? Absent a showing that a federal agency delegated a duty to Monsanto, does federal officer jurisdiction apply?

## II. Facts and Procedural Background

This action is comprised of individuals (herein "Plaintiffs") who suffer from non-Hodgkin lymphoma and other cancers after repeated exposure to Monsanto's product Roundup, a product the World Health Organization now considers to be a "probable human carcinogen" and a cause of non-Hodgkin lymphoma.

Plaintiffs have alleged state-law claims based on strict liability, negligence, fraud, breach of express warranties, and breach of implied warranties. Plaintiffs also alleged that Monsanto violated federal regulations related to inspections and labeling and by colluding with the EPA to quash investigations into glyphosate's carcinogenicity.[2]

Asserting there is both federal question and federal officer jurisdiction over Plaintiffs' state-law claims, Monsanto Company ("Monsanto"), with the consent of Wilbur-Ellis company, LLC and

---

[1] *Gunn v. Minton,* U.S., 133 S. Ct. 1059, 1065 (2013), citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing* 545 U.S. 308, 314 (2005); *accord New York ex. Rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.* 824 F. 3d 308, 315 2d Cir. 2016) (identifying the four requirements as the "*Grable-Gunn* test").

[2] *See* Pennie Cplt ¶¶105, 146, and 218.

Wilbur-Ellis Feed, LLC, ("Wilbur Ellis"), removed Plaintiffs' lawsuit to federal court pursuant to 28 U.S.C. §§1331, 1441(a), 1442(a)(1), and 1367(a).

As the basis for removal, Monsanto urged two grounds: (1) that Plaintiffs' Complaint "asserts violations of federal law and presents substantial federal questions" and (2) that Plaintiffs' claims "invite state court jurors to evaluate whether the [EPA] colluded with Monsanto to maintain federal regulatory approval for [Roundup]."[3]

### III. Standard of Review

A party may remove a case from state to federal court only when the case could have been filed in federal court originally.[4] When a plaintiff files a motion to remand, the defendant bears the burden of proving federal jurisdiction.[5]

District Courts have strictly construed §1441 against a finding of removal jurisdiction: "jurisdiction must be rejected if there is ***any doubt*** as to the right of removal in the first instance."[6] (Emphasis added). The court will presume that a claim lies outside the federal court's limited jurisdiction. "Any doubts about the existence of subject-matter jurisdiction are to be resolved in favor of remand."[7]

### IV. Argument

    **A.  The federal court does not have federal-question jurisdiction because Monsanto cannot satisfy the prerequisite elements necessary to show that Plaintiffs' claims arise under federal law.**

---

[3] Notice of Removal pp. 4-5. From a fair reading of the notice, Plaintiffs understand Monsanto's removal grounds to actually be a recasting of Plaintiffs' allegations into (1) a direct challenge to federal agency actions, and (2) a question of fact (collusion) for a jury to decide. Plaintiffs' well-pleaded complaint does not yield to either of these inventions, and federal jurisdiction is not a jury determination.

[4] See 28 U.S.C. § 1441(a).

[5] *US Airways Master Exec., Council. v. Am. W. Master Exec., Council*, 525 F.Supp.2d 127, 132 (D.D.C. 2007) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[6] *Gonzales v. Sears Outlet Stores, LLC,* 2013 U.S. Dist. LEXIS 90142 (C.D.Cal. June 26, 2013) (citing *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992)).

[7] *US Airways, id.,* 132; *Emrich v. Touche Ross & Co*. 846 F. 2d 1190, 1195 (9th Cir. 1988).

For statutory purposes, a claim can "arise under" federal law in two ways. First, a claim arises under federal law when federal law (Constitution, laws, or treaties of the United States) creates the cause of action."[8] Monsanto has not urged this direct route to federal jurisdiction.

But federal courts have long recognized another route to federal jurisdiction - that in some instances federal question jurisdiction will lie over state-law claims when those claims "implicate significant federal issues."[9] This view recognizes that a federal court should be empowered to hear state-law claims which turn on "substantial questions of federal law."[10]

To formalize the determination of what is a substantial question arising under federal law, the U.S. Supreme Court identified four elements for federal jurisdiction: "Does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities?"[11]

Monsanto has failed to meet its burden of proving that these four prerequisites to federal question jurisdiction are satisfied.

### 1. Plaintiffs' proof of their state law claims does not "necessarily" require proof that Monsanto or the EPA violated federal law.

In order to be properly removed to federal court, a plaintiff's complaint must clearly set out a federal question. This is known as the "well-pleaded complaint" rule. "The rule makes the plaintiff the master of the claim, and he or she may avoid federal jurisdiction by exclusive reliance on state law."[12]

Moreover, when a plaintiff's claim can be supported by alternative and independent theories— one of which is a state law theory and one of which is a federal law theory—federal question

---

[8] *Gunn, supra*, 1064; 28 U.S.C § 1331.

[9] *Hopkins v. Walker*, 244 U.S. 486, 490-491 (1917).

[10] *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing* 545 U.S. 308, 312 (2005).

[11] *Grable, supra*, at 314.

[12] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

jurisdiction does not attach because federal law is not a ***necessary*** element of the claim.[13] (Emphasis added).

For example, the 9th Circuit found in the *Rains* case that "invocation of Title VII as a basis for establishing an element of a state law cause of action does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or a state statute that can and does serve the same purpose."[14] That is, federal law was not a *necessary* element of the state-law claims.

Likewise, Plaintiffs in the current case do not allege violations of federal statutes as a ***basis*** for establishing their state law causes of action. Put another way, their state-law claims are not necessarily predicated upon resolving federal law issues.

Thus, under the first prong of *Grable-Gunn*, Monsanto must show that resolution of federal issues is *necessarily required* for Plaintiffs to win their state-law claims.[15]

Monsanto contends that an analysis of Plaintiffs' Complaint necessarily requires "a determination of duties and obligations imposed by federal law."[16] In fact, proof of Plaintiffs' state-law claims does not necessarily turn on resolution of any federal law issues, as should be readily apparent from a fair reading of the elements of Plaintiffs' state-law claims:

---

[13] *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)

[14] *Rains, supra*, 345.

[15] The cases Monsanto cited in support of federal jurisdiction are not applicable to a determination of federal jurisdiction in this case: Contrast state-law claims which were necessarily predicated on federal law, e.g. *Pet Quarters, Inc. v. Depository Trust and Clearing Corp.*, 559 F. 3d 772 (2009) (challenging federal Stock Borrow Program's creation and rules); *Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dept. et al*, 585 F. 3d 42 (2009) (express incorporation of federal law into state statute is basis for claim); *Broder v. Cablevision Systems Corp.*, 418 F. 3d 187 (2006) (seeking declaratory judgment that defendant's actions violated federal law); *Board of Commissioners of Southeast Louisiana Flood Protection v. Tennessee Gas et al*, 2017 WL 874999 (5th Cir. March 3, 2017) (claims necessarily relied on standard of care in federal regulatory scheme); *Hughes v. Chevron Phillips Chemical Co. LP*, 478 Fed. Appx. 167 (2012) (contesting validity of IRS tax levy); *Los Angeles Police Protective League v. City of Los Angeles*, 314 Fed. Appx. 72 (2009) (arising under Constitutional delegation of power); *Davis v. J.P. Morgan Chase, N.A.,* 2013 WL 6708765 (E.D. MO Dec. 18, 2013) (allegations of duty owed under Truth in Lending Act); *Bader Farms, Inc. v. Monsanto Co.*, 2017 WL 633815 (E.D. MO Feb. 2, 2017) (allegations that a federal agency's fraud directly harmed the plaintiff). *Gallo Cattle Co. v. U.S. Dept. of Agriculture*, 159 F.3d 1194 (9th Cir. 1998) (action demanding review of a decision by the Secretary of Agriculture).

[16] Notice of Removal, ¶36 (c)

| Plaintiffs' Claim | Elements of Claim |
|---|---|
| **Strict Liability- design defect** | 1. That Defendant manufactured/distributed/sold the product; |
| | 2. That the product did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way; |
| | 3. That Plaintiff was harmed; and |
| | 4. That the product's failure to perform safely was a substantial factor in causing Plaintiff's harm. |
| **Strict Liability- failure to warn** | 1. That Defendant manufactured/distributed/sold the product; |
| | 2. That the product had known potential risks at the time of manufacture/distribution/sale; |
| | 3. That the potential risks resented a substantial danger when the product is used in a reasonably foreseeable way; |
| | 4. That ordinary consumers would not have recognized the potential risks; |
| | 5. That Defendant failed to adequately warn of the potential risks; |
| | 6. That Plaintiff was harmed; and |
| | 7. That the lack of sufficient warnings was a substantial factor in causing Plaintiff's harm. |
| **Negligence** | 1. That Defendant had a legal duty to use care and breached that duty; |
| | 2. That Plaintiff was harmed; and |
| | 3. That Defendant's breach of duty was a proximate cause of Plaintiff's harm. |
| **Fraud** | 1. That Defendants represented to Plaintiff that an important fact was true; |
| | 2. That Defendants' representation was false; |
| | 3. That Defendants knew that the representation was false when they made it, or that they made the representation recklessly and without regard for its truth; |
| | 4. That Defendants intended that Plaintiff rely on the representation; |
| | 5. That Plaintiff reasonably relied on Defendants' representation; |
| | 6. That Plaintiff was harmed; and |
| | 7. That Plaintiff's reliance on Defendants' representation was a substantial factor in causing Plaintiff's harm. |
| **Breach of Express Warranty** | 1. That Defendants made a statement of fact/promise to Plaintiff that the product was of merchantable quality/fit for the intended |

| | |
|---|---|
| | use; |
| | 2. That the product did not perform as stated; |
| | 3. That Plaintiff took reasonable steps to notify Defendants within a reasonable time that the *product* was not as represented, whether or not Defendants received such notice;] |
| | 4. That Plaintiff was harmed; and |
| | 5. That the failure of the product to be as represented was a substantial factor in causing Plaintiff's harm. |
| **Breach of Implied Warranty** | 1. That Plaintiff bought the product from Defendants; |
| | 2. That, at the time of purchase, Defendants knew or had reason to know that Plaintiff intended to use the product for a particular purpose; |
| | 3. That, at the time of purchase, Defendants knew or had reason to know that Plaintiff was relying on his skill and judgment to select or furnish a product that was suitable for the particular purpose; |
| | 4. That Plaintiff justifiably relied on Defendants' skill and judgment; |
| | 5. That the product was not suitable for the particular purpose; |
| | 6. That Plaintiff took reasonable steps to notify Defendants within a reasonable time that the product was not suitable; |
| | 7. That Plaintiff was harmed; and |
| | 8. That the failure of the product to be suitable was a substantial factor in causing Plaintiff's harm. |

To prevail on their state-law claims, Plaintiffs are not *necessarily* required to prove Monsanto's duties under federal law. Nor does proof of state-law claims necessarily require proof of Monsanto's regulatory-related duties under federal law.

In essence, Monsanto has re-cast Plaintiffs' allegations of federal violations as a challenge to federal agency action (the EPA) and claim fraud-on-the-EPA.[17] Monsanto' misconstruction,

---

[17] Repeatedly throughout the Notice of Removal, Monsanto cites to litigation in MDL-2741 to show that Plaintiffs' state-court claims invoke a federal question. *E.g.* Monsanto's Notice of Removal

(including asserting federal preemption defenses) is neither a fair reading of Plaintiffs' well-pleaded complaint nor a basis for federal jurisdiction.[18]

Plaintiffs' allegations of fraud refer explicitly to fraud on the consumers of Roundup as opposed to fraud on the EPA: "Defendant Monsanto has defrauded the agricultural community in general and Plaintiffs in particular by misrepresenting the true safety of its Roundup® and by failing to disclose known risks of cancer."[19] Plaintiffs' Complaint simply does not seek damages predicated on whatever fraud Monsanto may have effectuated on the federal government.

Instead, Plaintiffs' federal allegations serve to explain and conceptualize the history, background, and theory of their state-law claims. Thus, these state-law claims do not "arise under" federal law.

The facts and ruling in a recent case, *Organic Consumers* support Plaintiffs' position.[20] There, a class of consumers sued a food-product manufacturer based on levels of glyphosate found in the product. The defendant removed, arguing that safe levels of glyphosate in foods was highly regulated by the EPA.

The Court granted remand, in part because there was no relief afforded by federal law to raise the tolerable safe level for glyphosate set by EPA. Significantly, the decision noted that even though plaintiffs' allegations required the court to "assess the meaning and effect" of federal regulations on disclosure of glyphosate residue, plaintiff's claim did not ***necessarily require*** "the application" of federal regulations.[21] (Emphasis supplied).

---

identifies "Jess Rowland," a former EPA employee, who has been the subject of motion practice in the MDL; he is not identified in Plaintiffs' Complaint.

[18] "[It] is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar supra* 392; *City of Oceanside v. Dow Chem. Co.,* No. C 05-02482 JSW, 2005 WL 2463917, at *2 (N.D. Cal. Oct. 5, 2005) (specifically in the toxic tort context, "[a]court cannot exercise removal jurisdiction, however, on the ground that the complaint gives rise to a potential or an anticipated defense that might raise a federal question, even if the defense is the only question truly at issue in the case").

[19] Pennie Cplt, ¶ 216.

[20] *Organic Consumers Association v. General Mills, Inc.*, 2017 WL 706168 (Feb. 22, 2017 D.D.C.)

[21] *Organic Consumers, supra*, 5-6.

Likewise, in the current case, for Plaintiffs to prevail on their state-law claims does not require the Court to apply federal regulations nor "assess the meaning and effect" of federal regulations.[22]

The *Organic Consumers* court observed that "even if plaintiffs' claim were based entirely on defendant's failure to disclose the presence of glyphosate, the fact that federal regulations do not require disclosure would be a defense, not a basis for *Grable* jurisdiction."[23]

*Organic Consumers* concerned the identical chemical as the one at issue here, and the same regulatory agency, the EPA. While that complaint made numerous references to federal regulations, far beyond any allegations in the current case, the court recognized that neither the EPA's jurisdiction over glyphosate nor plaintiffs' allegations invoked federal questions whose resolution was necessarily required for plaintiffs to prevail on their state-law claims.

Absent a showing that an adjudication of federal law issues is necessarily required for Plaintiffs to prevail on state-law claims, the district court must remand the case to state court.

**2.   There are no "actually disputed" federal issues which must be resolved in order for Plaintiffs to prevail on their state-law claims.**

Under the second prong of *Grable-Gunn*, Monsanto must show that resolution of an "actually disputed" federal issue is integral to the success of Plaintiffs' state-law claims. In essence, Monsanto contended that alleged violations of federal law *must* be resolved for Plaintiffs' claims to succeed.[24] Plaintiffs respectfully disagree.

Any violations of federal law are merely relevant to understanding Plaintiffs' theory of their case. And resolving the issue of whether Monsanto or the EPA did or did not violate federal law is not an essential element of Plaintiffs' claims for relief.

As previously stated, Plaintiffs have not asserted claims for relief against the EPA or any other

---

[22] Monsanto's argument for removal is almost identical to the failed argument in *Organic Consumers*: "[T]he only way to determine the scope of the duties and obligations Plaintiffs seek to impose is to resolve questions of federal law – i.e., determine the scope of the duties and obligations federal law imposes relative to each count that might be enforceable via private common law claims." Notice of Removal, ¶49.

[23] *Organic Consumers, supra*, 5; *see also Gully v. First National Bank,* 299 U.S. 109, 118 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit").

[24] Notice of Removal ¶30.

federal agency. Thus, any disputes over whether federal law was violated are contextual and part of Plaintiffs' theory of the case rather than elements of proof for Plaintiffs' state-law claims.

### 3. The federal violations Plaintiffs have alleged are not "substantial" in the removal and remand context.

Under the third prong of *Grable-Gunn*, Monsanto must demonstrate that Plaintiffs' allegations of federal violations are "substantial." The substantiality inquiry under *Grable-Gunn* looks to the importance of the alleged federal issue to the federal system as a whole.[25] Federal jurisdiction demands that the claim be substantial, "indicating a serious federal interest in claiming the advantages thought to be inherent in the federal forum."[26]

In considering the "substantial" element of *Grable-Gunn*, federal jurisdiction is favored when a case raises primarily issues of law which could be resolved and applied to many other cases. On the other hand, federal jurisdiction is generally disfavored when a case is fact-intensive, situation-specific, or involves substantial questions of state law.[27]

Plaintiffs' allegations here disfavor federal jurisdiction – a fair reading of the complaint shows that the allegations are fact-intensive, situation specific, and involve substantial questions of state law. On the other hand, the defendants' legal duties, e.g. a duty to warn of safety risks or a duty to exercise reasonable care in marketing, do not necessarily turn on a proper interpretation of federal regulations.[28] Nor does the outcome of this case raise substantial questions concerning other actions undertaken by the EPA or attack an entire regulatory scheme.[29]

### 4. Absent a showing that federal issues are necessarily raised, actually disputed, and substantial, the federal court has no jurisdiction over state-law claims.

---

[25] *Gunn, supra,* 1066.

[26] *Grable, supra*, 313.

[27] *Bender v. Jordan*, 623 F. 3d 1128, 1130 (2010) citing *Empire Healthcare Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006).

[28] *Bender, supra*, 1131.

[29] For discussion of "substantiality," *see Board of Commissioners of Southeast Louisiana Flood Protection v. Tennessee Gas et al*, *supra,* *4-5.

Under the fourth prong of *Grable-Gunn*, Monsanto must show that Plaintiffs' allegations can be resolved in federal court without disrupting the federal-state balance approved by Congress.

This requirement necessarily flows from the three elements discussed herein. If any of the first three elements are not met, federal jurisdiction will not apply. Moreover, granting federal jurisdiction over strictly state law claims potentially sets a precedent for federal courts to entertain all manner of state-court claims, merely because a plaintiff's complaint references federal issues.

### B. The federal court does not have federal officer jurisdiction because collusion between a federal agency and private entity is not a legal delegation of authority.

The most obvious reason for the federal officer removal statute is to bring lawsuits against federal officers, federal agencies or the United States into federal court.[30] Historically, the statute was intended to avoid potential state court prejudice against federal officials or persons assisting federal officers in carrying out their lawful duties, and it was important that the validity of any defenses of official immunity be tried in federal court.[31]

Over the years, an understanding of who or what was a federal officer has been expanded to include private entities to whom federal agencies specifically delegate authority to assist the Government in carrying out its responsibilities.[32]

However, not all relationships between private entities and the federal government will suffice to effect federal officer removal. The assistance that a private contractor offers must go beyond mere compliance with the law and help the federal entity fulfill governmental tasks.[33]

Four elements are required for removal under the federal removal statute: (1) the defendant has acted under direction from a federal officer, (2) there was a causal connection between defendant's acts and the official authority, (3) defendant has a colorable federal defense to plaintiff's claim, and

---

[30] 28. U.S.C. §1442(a).

[31] *Watson v. Philip Morris Cos., Inc.,* 551 U.S. 142, 150-151 (2007) (internal citations omitted).

[32] *Watson, supra,* 157; See also, *Fung v. Abex Corp.,* 816 F. Supp. 569, 572 (N.D. Cal. 1992) (citing *Ryan v. Dow Chemical Co.,* 781 F.Supp. 934, 946 (E.D.N.Y.1992)). ("A majority of courts have held that the federal official must have 'direct and detailed control' over the defendant.")

[33] *Jacks v. Meridian Resource Co., LLC.,* 701 F. 3d 1224, 1231 (2012) (citing *Watson*)

(4) defendant is a "person" within the statute's meaning.[34]

The U.S. Supreme Court's *Watson* analysis is instructive for determining when a private entity is a federal officer for purposes of the removal statute.

First, *Watson* distinguished between private entities doing business in areas subject to intense federal regulation, where removal is not warranted, and private entities who "[help] the Government produce an item that it needs."[35] That is, federal officer status turns on regulation versus delegation: If a federal agency *regulates* the private entity, there is no basis for removal.[36]

Here, citing *Watson,* Monsanto has asserted that allegations of collusion between the EPA and Monsanto are a "special relationship" which confers federal officer status. Philip Morris made a similar argument in *Watson* of a "special relationship" between it and the Federal Trade Commission ("FTC") based on a single letter from one of its lawyers to an FTC official.[37]

Next, emphatically rejecting the claim of a special relationship based on this letter, the *Watson* court wrote that nothing in the letter indicated legal authority had been delegated to Philip Morris. Further, the court remarked that ". . . neither Congress nor federal agencies normally delegate legal authority to private entities without saying they are doing so."[38]

Likewise, Monsanto's argument that collusion between Monsanto and the EPA is a "special relationship," conferring federal officer status fails. Federal courts can hardly have intended "liberal construction"[39] of the federal officer statute to equate a special relationship with collusion. And secret meetings between a federal agency and a private entity can hardly be a delegation of lawful authority.[40]

---

[34] *Dahl v. R.J. Reynolds Tobacco Co.,* 478 F. 3d 965, 967 n. 2 (8th Cir. 2007).

[35] *Watson, supra*, 153-154.

[36] See *City of Oceanside v. Dow Chem. Co.,* No. C 05-02482 JSW, 2005 WL 2463917 at 2 ("Other district courts have already examined this exact issue and determined that merely being subject to federal regulations, even if extensive, is insufficient to demonstrate that a private litigant 'acted under the direction of a federal officer.'" (Citations omitted).

[37] *Watson, supra,* 157.

[38] *Watson, supra,* 157.

[39] *Watson, supra,* 147.

[40] Contrast *Jacks, supra*. There, a federal agency (FEHBA) lawfully delegated to a private company

Nor have Plaintiffs alleged that the EPA delegated legal authority to Monsanto to assist in carrying out *lawful* federal duties, either through collusion or otherwise.[41]

Because Monsanto is unable to satisfy the first element of § 1442(a)(1), the Court need not consider Monsanto's analysis of the other three requirements.[42]

## V.     Attorney fees and costs

Because Monsanto's removal is unwarranted, Plaintiffs respectfully ask the Court to require Monsanto to pay just costs and attorney fees as provided by 28 U.S.C. § 1447(c). The 9th Circuit has held that bad faith is not necessary for an award of costs and attorney fees under the remand statute: ". . . [T]he statute . . . makes no reference at all to the state of mind or intent of the party removing the action, instead focusing strictly on the mere absence of subject matter jurisdiction."[43]

Monsanto's unwarranted arguments for removal and the inevitable lack of subject matter jurisdiction resulting in remand are thus sufficient to award Plaintiffs just costs and attorney fees.

## VI.     Conclusion

To invoke federal question jurisdiction, Monsanto must satisfy all elements of the *Grable-Gunn* test and show that Plaintiffs' allegations of federal violations are (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.

---

the authority to provide health benefits plans for federal employees. The company's private operator was found to be "assisting" FEHBA in performing its federal duties, and federal officer jurisdiction was proper.

[41] The federal officer removal statute applies to private persons "who lawfully assist" the federal officer "in the performance of his duty." *Davis v. South Carolina*, 107 U.S. 597, 600 (1883).

[42] To qualify for removal, an officer of the federal courts must raise a colorable federal defense, (*Mesa v. California,* 489 U.S. 121, 139 (1989)), and establish that the suit is for an act under color of office (28 U.S.C.§1442(a)(3). To satisfy the second requirement, the officer must show a nexus or causal connection between the charged conduct and the asserted official authority. *Willingham v. Morgan,* 395 U.S. 402, 409 (1969) (quoting *Maryland v. Soper (No. 1),* 270 U.S. 9, 33 (1926)).That provision permits a federal court officer to remove to a federal district court any state-court action commenced against the officer "for any act under color of office." 28 U.S.C. § 1442(a)(3). *Jefferson County Ala. v. Acker*, 527 U.S. 423, 423-424 (1999). In this case, Monsanto oddly equated "collusion" with "official federal authority." Because Plaintiffs have not alleged that Monsanto acted under federal authority in the first place, Monsanto cannot, in turn, assert that it has colorable federal defenses.

[43] *See Moore v. Permanente Med. Grp., Inc.,* 981 F.2d 443, 446 (9th Cir. 1992) (citing *Morgan Guar. Trust Co. v. Repub. of Palau,* 971 F.2d 917 (2nd Cir.1992)).

Monsanto has failed to meet the burden of showing that Plaintiffs' state-law claims *necessarily require* proof of federal law violations; Monsanto has not shown that federal issues are actually disputed and substantial for purposes of federal jurisdiction.  Absent this showing, the state court is the proper jurisdiction in which to try Plaintiffs' state-law claims.

To invoke federal officer jurisdiction, Monsanto must show, *inter alia*, its alleged collusive actions are the legal equivalent to acting under a federal officer's direction or delegation of authority.

By its very nature, the collusive relationship Plaintiffs have alleged between the EPA and Monsanto cannot be deemed a lawful delegation of federal authority to Monsanto. Absent a showing that a federal officer lawfully delegated authority to Monsanto, federal officer jurisdiction does not apply.

Plaintiffs respectfully request the Court to remand their case to the state court and order payment of just costs and attorney fees.

Dated:  April 21, 2017  **BAUM HEDLUND ARISTEI & GOLDMAN, P.C.**

 /s/ Pedram Esfandiary
Pedram Esfandiary (SBN: 312569)
pesfandiary@baumhedlund.com
R. Brent Wisner (SBN: 276023)
rbwisner@baumhedlundlaw.com
Michael L. Baum, Esq. (SBN: 119511)
mbaum@baumhedlundlaw.com
Frances M. Phares, Esq. (LA #10388)
fphares@baumhedlundlaw.com
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Telephone:  (310) 207-3233
Facsimile:  (310) 820-7444

**KENNEDY & MADONNA, LLP**
Robert F. Kennedy, Jr., Esq.
rkennedy@kennedymadonna.com
Kevin J. Madonna, Esq.
kmadonna@kennedymadonna.com
48 Dewitt Mills Road
Hurley, New York 12443
Telephone:  (845) 481-2622
Facsimile:  (845) 230-3111

**PENDELY, BAUDIN & COFFIN, LLP**
Nicholas R. Rockforte (LA #31305)
nrockforte@pbclawfirm.com
Christopher L. Coffin (LA #27902)
ccoffin@pbclawfirm.com

1
2
3
4

Jonathan E. Chatwin (LA #36410)
jchatwin@pbclawfirm.com
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 355-0086
Facsimile: (504) 523-0699

*Attorneys for Plaintiff*

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I, Pedram Esfandiary, hereby certify that, on April 21, 2017, I electronically filed PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REMAND CASE TO SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF ALAMEDA PURSUANT TO 28 U.S.C. § 1447(c) with the Clerk for the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

/s/ Pedram Esfandiary
Pedram Esfandiary