Aimee Wagstaff, SBN 278480
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, PC
7171 West Alaska Drive
Lakewood, CO  80226
Telephone: (303) 376-6360
Facsimile:  (303) 376-6361

Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY  10003
Telephone: (212) 558-5500
Facsimile:  (212) 344-5461

Michael Miller
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Avenue
Orange, VA  22960
Telephone: (540) 672-4224
Facsimile:  (540) 672-3055

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| | Date:  June 1, 2017 |
| | Time: 2:00 pm |
| | Courtroom 4, 17th Floor, N.D.Cal. San Francisco, California |
| This document relates to: ALL ACTIONS | Hon. Vince Chhabria |

**PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF ALL ORIGINAL AND RE-CUT SLIDES OF KIDNEY TISSUE FROM MICE IN STUDY BDN-77-420**

- 1 -
PLAINTIFFS' MOTION TO COMPEL
3:16-md-02741-VC

1  COME NOW Plaintiffs moving this Court for an Order compelling Monsanto to produce
2  or permit inspection of all original and re-cut slides of kidney tissue from mice in study BDN-77-
3  420.

4  Study BDN-77-420 is one of three long-term animal toxicity and carcinogenicity studies on
5  glyphosate owned by Monsanto.  The original study demonstrated a dose-related response to
6  glyphosate resulting in a statistically significant number of renal tubule adenomas, a rare tumor,
7  within groups of mice exposed to glyphosate.  Monsanto submitted this study along with
8  justifications as to why the tumors and adenomas were not significant to the association of
9  glyphosate and cancer in 1985, whereupon EPA concluded that glyphosate was oncogenic in male
10 mice – thus classifying "Glyphosate as a Category C oncogene."  *See*, USEPA Memorandum,
11 *Consensus Review of Glyphosate*, dated March 4, 1985, available at
12 https://archive.epa.gov/pesticides/chemicalsearch/chemical/foia/web/pdf/103601/103601-171.pdf

13 ████████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████████
15 ██[1] ███████████████████████████████████████████████
16 ████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████
18 █████████[2] ████████████████████████████████████████
19 ██████████████████████████████
20    █████████████████████████████████████████████████████
21 ██████████[3] ███████████████████████████████████████
22 █████████████████████████████████████████████████████████
23 ████████████████████████████████████████████████████████

---

[1] *See* Ex. 1, at -3280.
[2] *See* Ex. 2.
[3] *See* Ex. 3.
[4] Ex. 1, at -3286.
[5] *Id.*, at -3291.

- 2 -

PLAINTIFFS' MOTION TO COMPEL
3:16-md-02741-VC

████████████[6] ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████[7] ████████████

████████████████████████████████████████ Describing the findings of the EPA pathologist charged with review, an EPA Glypohsate Registration memorandum noted that:

> "These examinations revealed no additional tumors, but confirmed the presence of the tumors identified in the original study report.  The apparent lesion in the control kidney was not present in any of the additional sections.  After examination of the slides, Dr. Kasza [EPA pathologist referenced herein] concluded that this lesion did not 'represent a pathophysiologically significant change.'" *See,* USEPA Memorandum, *Glyphosate Registration Standard Revision*, dated March 1, 1986, available at, https://archive.epa.gov/pesticides/chemicalsearch/chemical/foia/web/pdf/103601/103601-210.pdf at 2.

The importance of the original kidney slides and the re-cut kidney slides is immense to the question of general causation and played a critical role in the EPA's decision to re-categorize glyphosate to Category E, a finding trumpeted by Monsanto since the outset of this litigation. *See Hardeman v. Monsanto Co.*, No. 3:16-cv-00525-VC, ECF No. 18 at 9 (N.D. Cal. March 1, 2016). Monsanto's repeated reliance upon the original and re-cut kidney tissue slides of BDN-77-420 necessitates granting Plaintiffs access to the same slides. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Apr. 19, 2017), ECF No. 242 (PTO #16) ("... neither the Plaintiffs nor Monsanto will be permitted to rely in these proceedings on documents they have withheld from the other side")

**I.      Monsanto's objections are meritless**

Monsanto objects to production of the slides as unnecessary, burdensome, and untimely.[8]

---

[6] *Id.*, at -3298.
[7] *See* Ex. 4, at -5488.
[8] *See* Ex. 5.

1 Plaintiffs will address each of these arguments in turn.

2 Monsanto's *ipse dixit*, that re-review will not result in new findings, is notably at odds with
3 the position it held when BDN-77-420 evinced a positive correlation between glyphosate exposure
4 and cancer. The sole re-review of the original pathology resulted in new findings and the
5 circumstance of that review is not above reproach. No scientist or laboratory free of financial ties
6 to Monsanto has ever affirmed the presence of a tumor in the control group slide of BDN-77-420.
7 Moreover, the only independent scientist to review the pathology disputed the presence of a tumor
8 within the control group.  These disparate findings, coupled with changes in tumor classification
9 and technological advances, provide ample reason to believe another review may yield different
10 results.

11 Monsanto's opposition to production of the BDN-77-420 kidney tissue slides is at odds with
12 previous rulings by this Court.  For example, following the bifurcation hearing in *Hardeman*, the
13 Court made clear that inquiry into the validity of the underlying science would be permitted.
14 Specifically, the Court held that "[t]he plaintiffs may make any reasonable discovery request of
15 Monsanto ... about any scientific studies in which Monsanto may have been involved." *Hardeman
16 v. Monsanto Co*., No. 3:16-cv-00525-VC (N.D. Cal. June 16, 2016), ECF No. 66.  Directly on point
17 to the Court's comments, Plaintiffs are now seeking access to underlying science that is germane
18 to Plaintiffs' case-in-chief.  The Court obviously intended to permit discovery beyond blind
19 acceptance of Monsanto sponsored studies and should not depart from that ruling now.

20 Finally, Monsanto's objection to the timing of Plaintiffs' discovery request is similarly
21 meritless.  Plaintiffs' request for production was served on March 15th, 2017, well within the
22 discovery deadlines. Monsanto contends that Plaintiffs' request is untimely because it was served
23 "just weeks" before the deadline to complete the depositions of identified fact witnesses. Plaintiffs'
24 requested the slides within the timelines set by this Court, and conducted a timely meet and confer
25 with Defendant. There is nothing procedurally improper or untimely about Plaintiffs' request.
26 While there is an abundance of authority supportive of the proposition that discovery requests
27 propounded *after* the close of discovery should be denied, Monsanto cites no authority, and

28

Plaintiffs are likewise unaware of any, to support the contention that requests propounded *during* the discovery period should be denied on the basis of timeliness.

Review of the slides can be completed quickly, and granting this Motion will not delay the litigation. Should review of the slides call into question the earlier findings –as it did previously– Plaintiffs' experts will supplement their reports before they are deposed causing no prejudice to Monsanto. *See Dayton Valley Inv'rs, LLC v. Union P. R. Co*., 2:08-CV-00127-ECR, 2010 WL 3829219, at *1 (D. Nev. Sept. 24, 2010) (The time for supplementation is not limited to the discovery period); *Carrillo v. B & J Andrews Enterprises, LLC,* 2013 WL 420401 (D.Nev. Jan 31, 2013) (In determining whether a supplement under Rule 26(e) is appropriate, the court considers (1) whether the supplemental information corresponds to a prior Rule 26(a) disclosure and, if so, (2) whether the supplemental information was available at the time set for the initial disclosure.); *see also* Advisory Comm. Notes to 1993 Amendments ("Supplementations need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches."). In the context of expert reports, the Federal Rules make clear that, if necessary, supplementation in this limited context is appropriate. Fed. R. Civ. P. 26(e)(2). ("[a]ny additions or changes ... must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.").

Accordingly, Plaintiffs respectfully request the Court enter an order compelling the production of all original kidney tissue slides and re-cut kidney tissue slides tissue from Study BDN-77-420.

Dated: April 21, 2017                                                  Respectfully Submitted,

*/s/ Aimee Wagstaff*
Aimee Wagstaff, SBN 278480
aimee.wagstaff@andruswagstaff.com
7171 West Alaska Drive
Lakewood, CO  80226
Telephone: (303) 376-6360
Facsimile:  (303) 376-6361

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*/s/ Robin Greenwald*
Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY  10003
Telephone: (212) 558-5500
Facsimile:  (212) 344-5461

*/s/ Michael Miller*
Michael Miller
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Avenue
Orange, VA  22960
Telephone: (540) 672-4224
Facsimile:  (540) 672-3055

*Co-Lead Plaintiffs' Counsel*
*For MDL 2741*

**ECF CERTIFICATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatories to the document.

DATED: April 21, 2017

*/s/ Aimee Wagstaff*
ANDRUS WAGSTAFF, PC
Aimee H. Wagstaff, SBN 278480
aimee.wagstaff@andruswagstaff.com
7171 West Alaska Drive
Lakewood, CO  80226
Telephone: (303) 376-6360
Facsimile:  (303) 376-6361

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Court and electronically served through the CM-ECF system which will send a notification of such filing to all counsel of record. .

DATED: April 21, 2017

*/s/ Aimee Wagstaff*
ANDRUS WAGSTAFF, PC
Aimee H. Wagstaff, SBN 278480
aimee.wagstaff@andruswagstaff.com
7171 West Alaska Drive
Lakewood, CO  80226
Telephone: (303) 376-6360
Facsimile: (303) 376-6361

- 8 -

PLAINTIFFS' MOTION TO COMPEL
3:16-md-02741-VC