# EXHIBIT 5

Joe G. Hollingsworth (admitted *pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (admitted *pro hac vice*)
(elasker@hollingsworthllp.com)
Robert E. Johnston (admitted *pro hac vice*)
(rjohnston@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant,*
MONSANTO COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br>ALL ACTIONS | |

## MONSANTO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS TO DEFENDANT MONSANTO COMPANY

Defendant Monsanto Company ("Monsanto"), by and through its attorneys, hereby responds to Plaintiffs' Request for Production of Documents and Tangible Things to Defendant Monsanto Company, dated March 15, 2017, as follows:

## GENERAL OBJECTIONS

The following general objections are applicable to each of the Plaintiffs' March 15, 2017 Requests for Production:

1.  Monsanto objects to the Requests to the extent they call for the discovery of information protected by the attorney-client privilege and/or attorney work product doctrine. Monsanto will construe all Requests as extending only to information and documentation that are not protected by the attorney-client privilege and/or the work product doctrine.

2. Monsanto objects to the extent the Requests would require Monsanto to produce information not within its possession, custody, or control, including information in the possession of other corporations, organizations, or individuals not employed by Monsanto.

3. Monsanto objects to the Requests to the extent they exceed the bounds of permissible discovery at this time in the MDL, which relates to whether glyphosate or glyphosate-containing products can cause non-Hodgkin's lymphoma.

4. Monsanto objects to the extent the Requests call for production of records located outside of the United States or seek information related to Monsanto products manufactured, sold, or marketed outside of the United States or to employees of foreign subsidiaries or affiliates of Monsanto Company. There are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States. Monsanto is headquartered and has its principal place of business in the United States where it maintains its relevant non-custodial scientific and regulatory records collections in addition to certain records libraries (hard copy and electronic). The probative value of any records located outside the United States of which Monsanto is found to have possession, custody, or control are thus likely to be cumulative, unnecessary, and of limited probative value compared to the records already being produced. In addition, foreign privacy laws may preclude or limit the production of records for this civil litigation or substantially increase the costs of such production (*e.g.*, requiring extensive personal privacy redactions and negotiation with foreign privacy law authorities). Thus, the requested foreign discovery also is not proportional to the needs of this case.

5. Monsanto objects to the Requests to the extent they seek information or documentation that is publicly available and therefore readily available to plaintiffs because the burden of obtaining such information is the same for plaintiffs as it would be for Monsanto.

6. Monsanto objects to the Requests to the extent they seek information already provided to the plaintiffs in previous document productions and depositions. Defendant is not required to produce the same information more than once or in a format different from that already used. Fed. R. Civ. P. 26(b)(2)(C); *see also* Fed. R. Civ. P. 34(b)(2)(E)(iii) ("A party

need not produce the same electronically stored information in more than one form.").

7. Monsanto's objections and responses to the Requests are made without waiving the right, at any time and for any reason, to revise, supplement, correct, add to, or clarify these responses.

### REQUESTS FOR PRODUCTION

1. Please produce all original and re-cut slides of the kidney tissue and lymphoreticular tissue from the mice in Study BD-77-420.

**MONSANTO'S RESPONSE**:

Monsanto objects to this discovery as unnecessary, burdensome, and an untimely, attempted end-run around the current discovery schedule entered by the Court. *See* Fed. R. Civ. P. 26(b)(2)(C). Plaintiffs had ample opportunity to request these items in discovery in this phase of the litigation.

The study referenced above was part of Monsanto's initial non-custodian-based document productions. Monsanto produced the study to two of the co-lead counsel for plaintiffs by June 2016 and made it available to the third co-lead counsel for plaintiffs in August 2016. Published literature (e.g., Greim (2015)) available to plaintiffs long before creation of this MDL also discusses this study. Plaintiffs did not mention seeking pathology review in the parties' Rule 26(f) discovery plan or in any Case Management Conference ("CMC") for this MDL.

If plaintiffs considered this discovery important, they had every opportunity to request it in a timely fashion. Instead, plaintiffs unreasonably delayed their request, waiting months until March 15, 2017, just weeks before the close of fact discovery, to request that Monsanto locate, identify, and produce these materials – which are over 30 years old and whose existence has been known to plaintiffs from the beginning of this litigation. In fact, IARC monograph upon which plaintiffs rely so heavily references the study.

Plaintiffs' strategic decision to wait and serve this discovery request, for which complicated review protocols and time for review are needed, is not permissible under the Rules and the Court should deny such requests where, as here, plaintiffs had ample opportunity to seek this discovery, and chose not to do so. Most recently, during the CMC of March 8, 2017, the Court addressed the discovery planned for the final weeks of fact discovery. At that conference, plaintiffs did not indicate that they intended to serve additional discovery requests or indicate that additional issues may arise requiring court intervention. *See* Tr. of the Telephonic Proceedings of the Official Electronic Sound Recording (Mar. 8, 2017) at 4-5. The discovery sought here is not a new issue that arose after that conference.

Monsanto objects to this discovery because it is a fishing expedition and any limited relevance is not proportional to the needs of the litigation. *See* Fed. R. Civ. P. 26(b)(1). Further, the discovery sought is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiffs have not and cannot provide any ground to conclude that reexamination of the slides will lead to different conclusions regarding which mice had tumors and which did not or any materially different information from what is already available to plaintiffs through the study itself. Plaintiffs' discovery request is, thus, overbroad and unduly burdensome to the extent that it seeks reexamination of tissue slides of mice that were not identified through the study as having tumors. There is no basis to conclude that reexamination will provide materially different information than what is already available to plaintiffs, including the independent review of the same kidney slides at issue here by numerous pathologists and those who were members of a Pathology Working Group convened at the request of EPA, all of whom found that none of the kidney tumors identified in the study were related to glyphosate. Thus, this discovery is not important in resolving the issues in this litigation, it is unreasonably cumulative or duplicative of the prior examinations of the same pathology, and the burden and expense discussed further below is unjustified.

The other Rule 26(b)(1) considerations have already been accounted for through the extensive discovery already permitted which has included production by Monsanto of nearly 900,000 documents (estimated to total over 10 million pages) from two continents, additional non-party document productions (e.g., from members of the 2015 Glyphosate Expert Panel convened by Intertek), and numerous depositions.

Monsanto objects because plaintiffs' unreasonable delay would prejudice Monsanto. Monsanto's interests are in the prompt and efficient resolution of the threshold general causation issue without unnecessary expense or delay. Plaintiffs' request to review pathology slides, which would amount to hundreds of slides as phrased, introduces a new category of experts (pathologists) to this litigation whose evaluation will likely be time consuming and continue beyond the close of fact discovery. It is unlikely that the parties and Court will be able to resolve the scope, protocol, and procedures for inspection of slides and complete expert review of any slides for which the request to review is justified within the current discovery schedule, which has been in place since November 23, 2016. Plaintiffs' unjustified delay in pursuing this discovery does not warrant good cause for a change in the Court's schedule. *See* Fed. R. Civ. P. 16(b)(4).

Monsanto objects to producing or permitting inspection of "original and re-cut slides of the . . . lymphoreticular tissue from the mice in Study BD-77-420" because lymphoreticular tissue is an undefined, vague, and ambiguous term, which can refer to different tissues, such as the spleen, thymus, lymph nodes, or bone marrow. It is unclear which tissues plaintiffs are identifying here. Plaintiffs should be required to show the basis for requesting each tissue type prior to obtaining any inspection to avoid a fishing expedition. For each requested tissue type in which no tumors were found, plaintiffs should be required to explain the basis for seeking this discovery.

Monsanto objects because plaintiffs do not specify "a reasonable time, place, and manner for the inspection and for performing the related acts" as required by Fed. R. Civ. P. 34(b)(1)(B). Plaintiffs' request simply states, "Please produce all original and re-cut

slides of the kidney tissue and lymphoreticular tissue from the mice in Study BD-77-420." Plaintiffs do not specify a place or protocols to safeguard the slides and to ensure no alteration of or damage to the slides. Pursuant to EPA regulation, 40 C.F.R. § 160.195(b)(1), Monsanto is required to retain these slides as part of its archives.

Accordingly, Monsanto will not produce or permit inspection of any slides. If the Court concludes that some or all of this requested discovery nevertheless should proceed, the Court should order that the discovery only proceed under the following conditions: (1) Inspection will be limited to a reasonable period for slide review under a microscope with no alteration of the slides. (2) Inspection will occur at a facility selected by Monsanto to be located within 100 miles of Monsanto's St. Louis archives. (3) Monsanto will be permitted to have representative(s) present to ensure the integrity and chain of custody of the slides. Plaintiffs and their experts will not be permitted to take possession of the slides. (4) The parties will agree upon the hours and days for review or seek Court resolution if no agreement can be reached. (5) Plaintiffs and Monsanto will evenly share the cost of the review facility with each party separately bearing costs and fees of their counsel, experts, or other representatives.

2. Please produce the full study reports for the following studies identified in the Kier & Kirkland, Review of genotoxicity studies of glyphosate and glyphosate-based formulations, Crit Rev Toxicol. 2013 Apr; 43(4):283-315. doi: 10.3109/10408444.2013.770820. Epub 2013 Mar 12:

> Callander RD. (1996). Glyphosate acid: an evaluation of mutagenic potential using S. Typhimurium and E. Coli. Unpublished Regulatory Study. Report Identification Number: CTL/P/4874
>
> Callander RD. (1999). Potassium salt of glyphosate: bacterial mutation assay in S. Typhimurium and E. Coli. Unpublished Regulatory Study. Report Identification Number: CTL/P/6184

English translation of Catoyra JM. (2009). [Reverse Mutation Assay of Roundup Full II M in Salmonella typhimurium]. Unpublished Regulatory Study. Report Identification Number: Study Number XX-2011-0622

Akanuma M. (1995a). HR-001: DNA Repair Test (Rec-Assay). Unpublished Regulatory Study. Report Identification Number: IET 94-0141

Report Identification Number: IET 94-0142

Clay P. (1996). Glyphosate acid: L5178Y TK+/– mouse lymphoma gene mutation assay. Unpublished Regulatory Study. Report Identification Number: CTL/P/4991

Costa KC. (2008). Evaluation of the mutagenic potential of GLYPHOSATE TECHNICAL by micronucleus assay in mice. Unpublished Regulatory Study. Report Identification Number: 3996.402.395.07

Durward R. (2006). Glyphosate technical: micronucleus test in the mouse. Unpublished Regulatory Study. Report Identification Number: 2060/014

Flugge C. (2009a). Mutagenicity study of glyphosate TC in the Salmonella Typhimurium reverse mutation assay (in vitro). Unpublished Regulatory Study. Report Identification Number: 23916

Flugge C. (2009b). Micronucleus test of glyphosate TC in bone marrow cells of the CD rat by oral administration. Unpublished Regulatory Study. Report Identification Number: 23917

Flugge C. (2010a). Mutagenicity study of trop M (glyphosate 480) in the Salmonella Typhimurium reverse mutation assay (in vitro). Unpublished Regulatory Study. Report Identification Number: 24753

Flugge C. (2010b). Mutagenicity study of glyphosate TC in the Salmonella Typhimurium reverse mutation assay (in vitro). Unpublished Regulatory Study. Report Identification Number: 24880

Flugge C. (2010c). Micronucleus test of trop M (glyphosate 480) in bone marrow cells of the NMRI mouse by oral administration. Unpublished Regulatory Study. Report Identification Number: 24754

Flugge C. (2010d). Mutagenicity study of [glyphosate 757 g/kg granular formulation] in the Salmonella Typhimurium reverse mutation assay (in vitro). Unpublished Regulatory Study. Report Identification Number: 25631

Flugge C. (2010e). Micronucleus test of [glyphosate 757 g/kg granular formulation] in bone marrow cells of the CD rat by oral administration. Unpublished Regulatory Study. Report Identification Number: 25632

Fox V. (1998). Glyphosate acid: in vitro cytogenetic assay in human lymphocytes. Unpublished Regulatory Study. Report Identification Number: CTL/P/6050

Fox V, Mackay JM. (1996). Glyphosate acid: mouse bone marrow micronucleus test. Unpublished Regulatory Study. Report Identification Number: SM0796

Gava MA. (2000). Evaluation of the mutagenic potential of the test substance GLIFOSTO IPA TECNICO NUFARM by micronucleus assay in mice. Unpublished Regulatory Study. Report Identification Number: RF-G12.022/00

Honarvar N. (2005). Micronucleus assay in bone marrow cells of the mouse with glyphosate technical. Unpublished Regulatory Study. Report Identification Number: 872000

Honarvar N. (2008). Glyphosate technical – micronucleus assay in bone marrow cells of the mouse. Unpublished Regulatory Study. Report Identification Number: 1158500

Jensen JC. (1991a). Mutagenicity test: Ames Salmonella assay with glyphosate, batch 206-JaK-25-1. Unpublished Regulatory Study. Report Identification Number: 12323

Jensen JC. (1991b). Mutagenicity test: in vitro mammalian cell gene mutation test with glyphosate, batch 206-JaK-25-1. Unpublished Regulatory Study. Report Identification Number: 12325

Jensen JC. (1991c). Mutagenicity test: micronucleus test with glyphosate, batch 206-JaK-25-1. Unpublished Regulatory Study. Report Identification Number: 12324

Jones E. (1999). Potassium salt of glyphosate: mouse bone marrow micronucleus test. Unpublished Regulatory Study. Report Identification Number: CTL/P/6242

Marques MFC. (1999). A micronucleus study in mice for glifosate tecnico nufarm. Unpublished Regulatory Study. Report Identification Number: RF-G12.79/99

Matsumoto K. (1995). HR-001: in vitro cytogenetics test. Unpublished Regulatory Study. Report Identification Number: IET 94-0143

Miyaji CK. (2008). Evaluation of the mutagenic potential of the test substance glyphosate technical by reverse mutation assay in Salmonella Typhimurium (Ames test). Unpublished Regulatory Study. Report Identification Number: 3996.401.392.07

Negro Silva LF. (2009). A17035A -- mammalian erythrocyte micronucleus test. Unpublished Regulatory Study. Report Identification Number: RL7459/2008 -- 14.0MN-B

Negro Silva LF. (2011). Glyphosate SL (A13013Z) – mammalian erythrocyte micronucleus test. Unpublished Regulatory Study. Report Identification Number: RL69575MN-B

Ranzani MRTC. (2000). Evaluation of the mutagenic potential of the test substance Glifosato IPA Tecnico Nufarm. Unpublished Regulatory Study. Report Identification Number: Study No. RF-G11.040/00

Ribeiro do Val R. (2007). Bacterial reverse mutation test (Ames test) for [glyphosate technical]. Unpublished Regulatory Study. Report Identification Number: RL3393/2007 - 2.0AM-B

Rossberger S. (1994). DNA repair test with primary rat hepatocytes. Unpublished Regulatory Study. Report Identification Number: 931564

Schreib G. (2010). Reverse mutation assay using bacteria (Salmonella Typhimurium and Escherichia Coli) with glyphosate technical. Unpublished Regulatory Study. Report Identification Number: 102025

Sokolowski A. (2007a). Salmonella Typhimurium and Escherichia Coli reverse mutation assay with glyphosate technical. Unpublished Regulatory Study. Report Identification Number: 1061401

Sokolowski A. (2007b). Salmonella Typhimurium and Escherichia coli reverse mutation assay with glyphosate technical. Unpublished Regulatory Study. Report Identification Number: 1061402

Sokolowski A. (2007c). Salmonella Typhimurium and Escherichia Coli reverse mutation assay glyphosate technical. Unpublished Regulatory Study. Report Identification Number: 1061403

Sokolowski A. (2009a). Salmonella Typhimurium and Escherichia Coli reverse mutation assay with glyphosate technical. Unpublished Regulatory Study. Report Identification Number: 1236400

Sokolowski A. (2009b). Glyphosate technical Salmonella Typhimurium and Escherichia Coli reverse mutation assay. Unpublished Regulatory Study. Report Identification Number: 1264500

Suresh TP (1992). Dominant lethal test in Wistar rats. Unpublished Regulatory Study. Report Identification Number TOXI:888-DLT

Suresh TP. (1993a). Mutagenicity – Salmonella Typhimurium reverse mutation assay (Ames test). Unpublished Regulatory Study. Report Identification Number: TOXI: 887-MUT.AMES

Suresh TP. (1993b). Mutagenicity–micronucleus test in Swiss albino mice. Unpublished Regulatory Study. Report Identification Number: TOXI: 889-MUT.MN

Suresh TP. (1994). Genetic toxicology – in vivo mammalian bone marrow cytogenetic test – chromosomal analysis. Unpublished Regulatory Study. Report Identification Number: TOXI:890-MUT-CH.AB

Thompson PW. (1996). Technical glyphosate reverse mutation assay (Ames test) using Salmonella Typhimurium and Escherichia Coli. Unpublished Regulatory Study. Report Identification Number: SPL Proj. No. 434/014

Uhde H. (2004). Mutagenicity study of FSG 03090 H-1 in the Salmonella Typhimurium reverse mutaiton assay (in vitro). Unpublished Regulatory Study. Report Identification Number: 18487/04

Wallner B. (2010). Reverse mutation assay using bacteria (Salmonella Typhimurium) with glyphosate TC. Unpublished Regulatory Study. Report Identification Number: 101268

Wright NP. (1996). Technical glyphosate: chromosome aberration test in CHL cells in vitro. Unpublished Regulatory Study. Report Identification Number: 434/015\

Zoriki Hosomi R. (2007). Mammalian erythrocyte micronucleus test for [glyphosate technical]. Unpublished Regulatory Study. Report Identification Number: 3393/2007-3.0MN

**MONSANTO'S RESPONSE:**

**Monsanto objects because any additional discovery would be unreasonably cumulative, and is not proportional to the needs of this litigation. Plaintiffs and their experts already have access to nearly 900,000 documents (estimated to total over 10 million pages) from two continents, additional non-party document productions (e.g., from members of the 2015 Glyphosate Expert Panel convened by Intertek), and numerous depositions transcripts.** *See* **Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(1).**

**Monsanto objects that Request No. 2 seeks information not in Monsanto's possession, custody, or control, as the requested studies sought are those of other companies and not in the possession, custody, or control of Monsanto. In fact, it appears that most of these studies were conducted by different manufacturers for their independent product registrations. Monsanto would not have access to such studies. Nevertheless, in addition to the hundreds of hours that Monsanto spent searching for, identifying, and collecting documents for production in this litigation, in response to Request Nos. 2 and 3, Monsanto spent over 20 additional hours trying to locate these specific requested documents and confirm Monsanto's belief that it does not have possession, custody, or control of the requested documents. This included employee interviews and searches of electronic and hardcopy sources identified through interviews as the expected storage locations if Monsanto had received copies.**

**Notwithstanding the above objections, after a reasonable search, Monsanto found no more responsive documents to plaintiffs' Request No. 2.**

3.   Please produce the full study reports for the following studies identified in document MONGLY02353002:

Thompson 2014, Ames Test, from Albaugh, Source RAR 2015
Donath 2011, unpublished report, CHA Doc. No. 1146 GLY
Donath, 2011b, Sudy No: 110385, Unpublished report, CHA Doc. No.: 1149 GLY
Donath, 2010, 104039
Donath, 2011, 104501
Thompson, 2014, 41401854
Fassio, 1995, 940724, I. Pi. Ci.
Wang, et al, 1993 87BMA012-E
Jenkinson 1990 300/1/R235
Bhide, 1986, from Barclay
Antal, 1981, from Alkaloida
Jenkinson 1990, from Agrichem
Van de Waart, 1995 TOX9651525
Kyomu, 1995, ASB 2012-11475
Gyorgy, 1989, from Alkaloida
Roth, 2012, ASB2014-9333
Anonym, 1987, from Luxan

**MONSANTO'S RESPONSE:**

Monsanto objects because any additional discovery would be needlessly cumulative, and is not proportional to the needs of this litigation. Plaintiffs and their experts already have access to nearly 900,000 documents (estimated to total over 10 million pages) from two continents, additional non-party document productions (e.g., from members of the 2015 Glyphosate Expert Panel convened by Intertek), and numerous deposition transcripts. *See* Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(1).

Monsanto objects that Request No. 3 seeks information not in Monsanto's possession, custody, or control, as the requested studies sought are those of other companies and not in the possession, custody, or control of Monsanto. In fact, it appears that most of these studies were conducted by different manufacturers for their independent product registrations. Monsanto would not have access to such studies. Nevertheless, in addition to the hundreds of hours that Monsanto spent searching for, identifying, and collecting documents for production in this litigation, in response to Request Nos. 2 and 3, Monsanto spent over 20 additional hours trying to locate these specific requested documents and confirm Monsanto's belief that it does not have possession, custody, or control of the requested documents. This included employee interviews and searches of electronic and hardcopy sources identified through interviews as the expected storage

- 11 -

locations if Monsanto had received copies. The only requested document Monsanto located was Van de Waart (1995), which Monsanto already produced to plaintiffs at MONGLY00052085 – MONGLY00552101. It is believed that Monsanto purchased the copy of Van de Waart it produced to plaintiffs.

    Notwithstanding the above objections, after a reasonable search, Monsanto found no more responsive documents to plaintiffs' Request No. 3.

DATED: April 14, 2017

Respectfully submitted,

/s/ signature

Joe G. Hollingsworth (admitted *pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (admitted *pro hac vice*)
(elasker@hollingsworthllp.com)
Robert E. Johnston (admitted *pro hac vice*)
(rjohnston@hollingsworthllp.com)
  HOLLINGSWORTH LLP
  1350 I Street, N.W.
  Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant,*
*MONSANTO COMPANY*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 14th day of April 2017, the foregoing MONSANTO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS TO DEFENDANT MONSANTO COMPANY was served by electronic and first-class mail upon the following MDL Co-Lead Counsel:

Michael J. Miller, Esq.
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Avenue
Orange, VA 22960

Aimee H. Wagstaff, Esq.
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 W. Alaska Drive
Lakewood, CO 80226

Robin L. Greenwald, Esq.
rgreenwald@weitzlux.com
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003

_____
Robert E. Johnston (admitted *pro hac vice*)
(rjohnston@hollingsworthllp.com)
HOLLINGSWORTH LLP

*Attorney for Defendant,*
*MONSANTO COMPANY*

- 13 -
MONSANTO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS
3:16-md-02741-VC