| | |
|---|---|
| 1 | Joe G. Hollingsworth (*pro hac vice*) |
| | (jhollingsworth@hollingsworthllp.com) |
| 2 | Eric G. Lasker (*pro hac vice*) |
| | (elasker@hollingsworthllp.com) |
| 3 | Robert E. Johnston (*pro hac vice*) |
| | (rjohnston@hollingsworthllp.com) |
| 4 | James M. Sullivan (*pro hac vice*) |
| | (jsullivan@hollingsworthllp.com) |
| 5 | HOLLINGSWORTH LLP |
| | 1350 I Street, N.W. |
| 6 | Washington, DC  20005 |
| 7 | Telephone:  (202) 898-5800 |
| | Facsimile:  (202) 682-1639 |
| 8 | |
| 9 | *Attorneys for Defendant* |
| | *MONSANTO COMPANY* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No. 16-md-02741-VC |
| | MDL No. 2741 |
| This document relates to: ALL ACTIONS | **MONSANTO COMPANY'S MOTION TO STRIKE PLAINTIFFS' REPLY EXHIBIT 1 AND UNREDACTED VERSION OF REPLY** |

Monsanto Company ("Monsanto") requests that the Court strike from its docket the irrelevant exhibit that plaintiffs filed with their Reply in Support of Motion to Strike Confidentiality of Heydens Deposition ("Reply") and the unredacted version of the Reply discussing that exhibit, *see* ECF No. 246-2 and Ex. 1.  The document is not relevant to plaintiffs' arguments in favor of de-designating the transcript of Dr. Heydens' deposition or exhibits thereto because it has nothing to do with the alleged "ghostwriting" of the Williams (2000) article.  It is not relevant to general causation, the only inquiry at issue in this stage of the litigation, because the document is about a 2016 media strategy.  It is not even relevant to plaintiffs' claims in this litigation, because the media strategy discussed therein post-dates plaintiffs' alleged exposure to

glyphosate and, therefore, could not possibly have contributed to the plaintiffs' alleged injuries. The Court should therefore strike this irrelevant and extraneous document from the docket. *See, e.g.*, *Holloway v. Gilead Scis., Inc.*, No. 16-CV-02320-VC, 2016 WL 3526060, at *2 (N.D. Cal. June 23, 2016) (Chhabria, J.) (striking exhibits after finding the associated brief moot); *Minebea Co. Ltd. v. Papst*, 221 F.R.D. 11, 11-12 (D.D.C. 2004) (striking exhibits filed in support of non-dispositive motion, and directing the parties in the future not to file exhibits to non-dispositive motions without leave of court).

## **Argument**

Plaintiffs' motion to strike the confidentiality designations of the transcript of Dr. Heydens' deposition and its exhibits is premised on a single erroneous argument – that Monsanto committed a subject matter waiver of confidentiality by posting online two sentences from that transcript. *See generally* Pls.' Mot., ECF No. 226-3. Those statements show that plaintiffs' allegations of "ghostwriting" of the Williams (2000) article based on a statement by Dr. Heydens in an email written more than a decade later are disputed in this litigation including by Dr. Heydens. And they were posted online in direct response to misleading and prejudicial reporting resulting from release of records cherry-picked by plaintiffs and related media attacks by plaintiffs' counsel. Plaintiffs' legal waiver argument about the drafting of Williams (2000) required no exhibits. Further, this exhibit does not support plaintiffs' position because the 2016 media strategy memorandum does not even discuss the Williams (2000) article.

As explained in Monsanto's opposition to plaintiffs' motion, combined with a Motion to Strike and for Protective Order, the "sword and shield" doctrine plaintiffs rely upon does not apply in the confidentiality context where plaintiffs have full access to the documents at issue. *See* Monsanto's Mot. to Strike and for Protective Order, and Opp. to "Pls.' Mot. to Strike Confidentiality Designation of Dep. of William Heydens PhD." ("Monsanto's Mot."), ECF No. 238, at 4-6; *Century Aluminum Co. v. AGCS Marine Ins. Co.*, 285 F.R.D. 468, 472 (N.D. Cal. 2012). In addition, the Protective and Confidential Order ("Protective Order") expressly

1  precludes their waiver argument.  *See* Monsanto's Mot. at 5 (discussing and quoting from the
2  Protective Order).
3        Instead of addressing the lack of legal support for their request, and ignoring the contrary
4  provisions of the Protective Order, plaintiffs' reply focuses exclusively on an argument that
5  Monsanto communicates at times with the media and principally serves as a vehicle for plaintiffs
6  to seek public disclosure of yet another document that they believe will enhance their trial-by-
7  press strategy.[1]  But plaintiffs provide no legal basis by which that argument or the exhibit they
8  filed in support could justify plaintiffs' requested relief.
9        The Court also has made clear that plaintiffs may not challenge a confidentiality
10 designation "unless they can explain why the document is likely to be relevant in the litigation."
11 Pretrial Order 15, ECF No. 186, at 4.  Plaintiffs cannot circumvent that ruling by attaching
12 irrelevant documents to other motions as they have done here.  Reply Exhibit 1 is not relevant to
13 plaintiffs' underlying motion, it is not relevant to general causation, and it is not relevant to any
14 substantive issue in this litigation.  Monsanto designated the document as confidential in good
15 faith pursuant to the Protective Order, and that designation should not be at risk simply because
16 plaintiffs filed a baseless motion to challenge confidentiality and attached to their reply an
17 additional unnecessary and irrelevant document.  Because the document is untethered to any
18 legitimate litigation purpose, there is no current reason to challenge its confidentiality
19 designation and the sealing standards should not apply.  *See* Monsanto's Mot. at 6-8; Pretrial
20 Order 15 at 4.
21       *   *   *
22       For the reasons discussed above, and those discussed in Monsanto's prior motion to
23 strike, the Court should strike plaintiffs' Reply Exhibit 1 and the part of the Reply that refers to

---

[1] Plaintiffs contend that Monsanto is leveraging the media to "aid in litigation defense," Reply at 2, but their examples, including Exhibit 1, merely show a company engaging available tools to ensure the public is aware of the sound science supporting its product. In the act giving rise to plaintiffs' motion, Monsanto posted two sentences of a deposition to correct skewed information in the press on a very select issue.  By contrast, plaintiffs are continuing to pursue a media attack on Monsanto in an effort to bolster this litigation.  *See, e.g.,* KCRW Investigates: Cancer, Monsanto and the EPA (Apr. 24, 2017) (interview with plaintiff John Barton in which plaintiffs' counsel opines on the litigation and reads portions of e-mails from the Rowland briefing), *available at* https://www.kcrw.com/latest/cancer-monsanto-and-the-epa.

and characterizes it.  Monsanto requests that this Motion be heard together with "Plaintiffs' Motion to Strike Confidentiality Designation of Deposition of William Heydens PhD" (ECF No. 226-3) and Monsanto's related Motion to Strike (ECF No. 238), with the parties presenting oral argument at either the May 11 CMC or on another date convenient for the Court.

DATED: April 28, 2017               Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Robert E. Johnston (*pro hac vice*)
(rjohnston@hollingsworthllp.com)
James M. Sullivan (*pro hac vice*)
(jsullivan@hollingsworthllp.com)
  HOLLINGSWORTH LLP
  1350 I Street, N.W.
  Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*