Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No. 16-md-02741-VC<br><br>MDL No. 2741<br><br>**MONSANTO COMPANY'S MOTION TO INCREASE PAGE LIMIT FOR OPPOSITION TO PLAINTIFFS' REMAND MOTION** |
| This document relates to:<br><br>*Pennie v. Monsanto Co.*, Case No. 3:17-cv-01711-VC | |

Monsanto Company ("Monsanto") removed the *Pennie* multi-plaintiff mass action from state court (Alameda County Superior Court) to this Court based on federal question jurisdiction, the federal officer removal statute, and supplemental jurisdiction.  *See* Notice of Removal, ECF No. 1.  On April 21, 2017, plaintiffs filed a Motion to Remand this lawsuit to state court ("Remand Motion").  Monsanto's opposition to that motion is due May 5, 2017.

In accordance with the Court's Standing Order for Civil Cases, Monsanto requests that the Court increase the page limit for that opposition from 15 pages to 25 pages.  For the reasons discussed below, the 25-page limit set by the Local Rules for the United States District Court for the Northern District of California is a more appropriate page limit in these circumstances than the 15-page limit set by the Standing Order for Civil Cases.

The Remand Motion and Monsanto's opposition will present complicated issues for

resolution by this Court. Responding to plaintiffs' remand arguments requires Monsanto to address in detail the comprehensive federal regulatory scheme governing herbicides; the allegations asserted in plaintiffs' 268-paragraph Complaint; and the complex legal issues involving federal question jurisdiction (based on *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), and its progeny) and the federal officer removal statute. Monsanto also needs to address the extensive allegations regarding Monsanto's and EPA's purported misconduct made in other plaintiffs' submissions in this litigation.

Moreover, the issues that have been presented in the Remand Motion and will be presented in Monsanto's opposition are important to these multidistrict litigation proceedings. The *Pennie* lawsuit involves 41 plaintiffs, which is a substantial number of plaintiffs, compared to the number of other plaintiffs with Roundup® cases currently pending in this Court.

But that is just the tip of the iceberg; the removal and remand issues addressed in *Pennie* also affect over 950 other plaintiffs with Roundup® cases filed against Monsanto. At the end of March 2017, Monsanto removed twelve multi-plaintiff mass actions from Missouri state court (St. Louis City) to the United States District Court for the Eastern District of Missouri based on the same grounds – federal question jurisdiction, the federal officer statute, and supplemental jurisdiction – at issue in Monsanto's removal of the *Pennie* case. Monsanto filed papers with the Judicial Panel on Multidistrict Litigation ("JPML") to have those twelve mass actions transferred to this Court, which led the JPML to issue conditional transfer orders in all twelve cases. Plaintiffs filed remand motions in all twelve cases, and – in an effort to have those motions decided by Eastern District of Missouri judges instead of this Court – plaintiffs filed objections to the JPML's conditional transfer orders. The JPML issued briefing schedules for those objections. In response to Monsanto's motions for stays pending JPML transfer rulings, Eastern District of Missouri judges have granted stays in eight of the cases; Monsanto's stay motions are pending in the other four cases.

Thus, it is likely that most, if not all, of those mass actions will be transferred to this Court for ruling on plaintiffs' remand motions. Several Eastern District of Missouri judges have

granted Monsanto's motions for leave to file 27-page remand oppositions (in excess of the 15-page-limit set by the applicable Eastern District of Missouri local rule).  Accordingly, if the JPML transfers those mass actions to this Court, the Court will be presented with 27-page remand oppositions in those cases.

In conclusion, given the importance of the issues presented in the Remand Motion to Monsanto, the *Pennie* plaintiffs, and hundreds of other plaintiffs with Roundup® lawsuits, Monsanto requests additional pages for its opposition, so that it can provide a full analysis of the complicated issues that the Court will need to consider when deciding whether to deny remand and retain jurisdiction.  For the foregoing reasons, the Court should grant this motion and allow Monsanto to file an opposition of up to 25 pages in response to the Remand Motion.

DATED: May 1, 2017                          Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
  HOLLINGSWORTH LLP
  1350 I Street, N.W.
  Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*