

Joe G. Hollingsworth
dir 202 898 5842
jhollingsworth@hollingsworthllp.com

May 1, 2017

**FILED VIA ECF**
Honorable Vince Chhabria
United States District Court, Northern District of California

    Re: *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC

To the Honorable Vince Chhabria,

    Plaintiffs are once again attempting to create emergencies where none exist and prematurely seek judicial resolution of a fictional problem. There is no need for the Court to expend valuable time and resources addressing plaintiffs' yet-to-materialize concerns. Monsanto has suggested the same procedures for its noticed depositions of Drs. Jameson and Ross that plaintiffs insisted on during their noticed deposition of another third-party, Jess Rowland. Ultimately, under that procedure, both parties had adequate time to question the witness and the deposition concluded in less than seven hours. Plaintiffs have no reason – other than baseless speculation – to think a different result will occur here. Their objections are particularly frivolous given that Dr. Jameson is plaintiffs' own expert witness and, presumably, available to answer their questions at any time.

## BACKGROUND

    In preparation for the deposition of Mr. Rowland, the third-party former EPA employee selected for deposition by plaintiffs, Mr. Rowland's counsel requested that plaintiffs agree to split the seven hour deposition day equally between themselves and Monsanto. In an April 22, 2017 e-mail, a lawyer with The Miller Firm responded:

> Plaintiffs agree the deposition should not exceed seven hours total on the record. As to how much time each examiner gets, respectfully, not your fight; we will discuss with defense counsel if need be.

Monsanto would be happy to provide the Court with a copy of that e-mail. On the day of the deposition but prior to its commencement, Monsanto's counsel noted on the record that Monsanto sought adequate time to question Mr. Rowland once plaintiffs had completed their questioning. The deposition proceeded, both parties had adequate time for all questions, and the deposition concluded in less than seven hours.

## DR. ROSS'S DEPOSITION

    The same rules that plaintiffs applied to the deposition of Mr. Rowland should, in fairness, apply to the deposition of Dr. Ross. This Court granted Monsanto's request to take a



Honorable Vince Chhabria
May 1, 2017
Page 2

complete deposition of Dr. Ross regarding the methodology and deliberations of the mechanism sub-group of the IARC Working Group on glyphosate.  Monsanto plans to move through those questions as efficiently as possible and does not expect, barring some unforeseen interruption, that it will need the full seven hours.  However, given the complex scientific issues to be covered, it is possible that more than 3.5 hours will be needed.

Plaintiffs have challenged Monsanto's right to take Dr. Ross's deposition at every turn and, for whatever reason, have not wanted it to happen.  That they now claim the need for 3.5 hours of questioning during a deposition they described as a "side issue," *see* Joint Discovery Letter Brief, ECF No. 223, is illogical.  Monsanto is not objecting to plaintiffs having an opportunity to ask questions.  But plaintiffs should not be allowed to use that as yet another way to prevent Monsanto from obtaining the full discovery to which it is entitled.

## DR. JAMESON'S DEPOSITION

Plaintiffs' request for "equal time" with Dr. Jameson is even more bizarre.  In addition to once again fighting his deposition at every turn, Dr. Jameson is plaintiffs' expert.  Plaintiffs retained him in 2016 and have had months of unfettered access to ask him any questions they may have.  Once again, although Monsanto does not expect to need seven hours of Dr. Jameson's time as a fact witness, setting any artificial limits on its ability to obtain the testimony to which it is entitled is contrary to the rules, this Court's prior orders, and principles of fairness.

For all of the above reasons, a teleconference before these depositions is unnecessary and inefficient – there is no justiciable dispute.  Should problems arise, there are provisions in this Court's rules and the Federal Rules of Civil Procedure regarding how those should be resolved.  This Court should not enable plaintiff's increasingly common whims to seek guidance on events that simply have not occurred.



Honorable Vince Chhabria
May 1, 2017
Page 3

DATED: May 1, 2017              Respectfully submitted,

/s/Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY