UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>ALL ACTIONS | **PRETRIAL ORDER NO. 20: DENYING MOTION TO DE-DESIGNATE HEYDENS DEPOSITION**<br>Re: Dkt. Nos. 226, 226-2, 238, 246, 262 |

    The plaintiffs' motion to de-designate is denied for failure to follow the established de-designation process. *See* Protective and Confidentiality Order (Dkt. No. 64) at §§ 16.2, 16.3; Opp. (Dkt. No. 238) at 2. If the plaintiffs determine they need relief from the Court after following that process, they may seek relief consistent with Pretrial Order No. 15, which makes clear that "the Court will not entertain any challenge by the plaintiffs to a confidentiality designation unless they can explain why the document is likely to be relevant in the litigation." PTO 15 (Dkt. No. 186) at 4.

    Undoubtedly, certain portions of the Heydens deposition are relevant to the general causation question. *See id.* at 1-2. However, in light of the plaintiffs' recent filings, the Court is concerned that the plaintiffs may be drifting away from the merits and into petty squabbles over the public's impression of their case. For example, in arguing that Monsanto's blog posts prejudice them in some way, the plaintiffs seem to be conflating litigating in court with litigating in the media. *See* Motion (Dkt. No. 226-2) at 5-6. And in furtherance of their effort to litigate their case in the media, it appears that the plaintiffs have adopted a practice of attempting to get

documents publicly released by attaching them to motions unnecessarily, then hoping the Court will deny requests to seal documents that shouldn't have been filed in the first place.  *See, e.g.*, Dkt. Nos. 226-10 to 226-13.  For this reason, Monsanto's motions to strike are granted in full, *see* Dkt. Nos. 238, 262, and the plaintiffs are cautioned that attaching hundreds of pages of irrelevant material to an administrative motion is no less a sanctionable abuse of the sealing process than Monsanto's filing of unsupported responsive declarations.  If the plaintiffs reach an impasse on de-designation after complying with section 16.2 of the protective order, they may refile their stricken exhibits in connection with a renewed motion – but only to the extent those exhibits will be helpful in adjudicating the dispute.

Finally, although this has been discussed previously, it apparently bears repeating that because the Court has erred on the side of requiring Monsanto to produce more rather than less information, and because it has required Monsanto to produce that information at a rapid pace, Monsanto will be forgiven if it, in turn, errs on the side of caution in designating discovery material as confidential.  In this phase of the MDL, the proper remedy for overdesignation is to correct the discrete instances of overdesignation that require correction given the needs of the litigation.  The plaintiffs will not be permitted to use this lawsuit as a means of feeding the media documents that aren't actually relevant to the lawsuit.

**IT IS SO ORDERED.**

Dated:  May 1, 2017

_____
VINCE CHHABRIA
United States District Judge