1

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
            elasker@hollingsworthllp.com

2

3

4

5

6

*Attorneys for Defendant*
*MONSANTO COMPANY*

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

Case No. 3:16-md-02741-VC

12

13

This document relates to:

*Bennierita Smith, et al. v. Monsanto Co.*,
Case No. 3:17-cv-01129-VC

14

15

### <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

16

        Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

17

Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

18

all allegations contained in plaintiffs Bennierita Smith's and Edward Smith, Jr.'s Complaint and

19

Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as

20

used in this Answer, Monsanto refers to Monsanto Company, a United States based company

21

incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any

22

allegations shall constitute a denial.

23

        1.        Monsanto admits the allegations in the first sentence of paragraph 1.  In response

24

to the allegations in the second sentence of paragraph 1, Monsanto admits that glyphosate, the

25

active ingredient in Roundup®-branded herbicides, is a non-selective herbicide and that certain

26

Roundup®-branded herbicides are used to kill weeds that commonly compete with growing

27

crops.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-01129-VC

1    the specific numbers and statistics cited in the remaining sentences of paragraph 1 and therefore

2    denies those allegations.

3         2.      Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations asserted in the first sentence of paragraph 2 and therefore denies those

5    allegations.  In response to the allegations in second sentence of paragraph 2, Monsanto admits

6    that Roundup®-branded products are safe when used in accordance with the products' labeling;

7    that glyphosate repeatedly has been found to be safe to humans and the environment by

8    regulators in the United States and around the world; and that Monsanto has labeled glyphosate

9    products as approved by regulatory bodies consistent with those findings.  To the extent that the

10    second sentence of paragraph 2 alleges that Monsanto has labeled glyphosate or Roundup®-

11    branded herbicides in any manner different or in addition to such regulatory approval, Monsanto

12    denies such allegations.  Monsanto denies the remaining allegations in paragraph 2.

13         3.      Monsanto lacks information or knowledge sufficient to form a belief as to the

14    truth of the allegations asserted in paragraph 3 and therefore denies those allegations.

15         4.      In response to the allegations in paragraph 4, Monsanto admits that the World

16    Health Organization's International Agency for Research on Cancer ("IARC") issued a

17    monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate

18    under Group 2A, but denies that the IARC Monograph is the authoritative standard for cancer

19    hazard assessment around the world or that IARC based its evaluation on a complete or accurate

20    assessment of the scientific research regarding glyphosate.  Monsanto further denies that the

21    members of the panel were "renowned scientists" or that they were free from conflicts of

22    interest.  Monsanto denies the remaining allegations in paragraph 4.

23         5.      In response to the allegations in the first sentence of paragraph 5, Monsanto

24    admits that it has stated, and continues to state, that Roundup®-branded products are safe when

25    used in accordance with the products' labeling.  Monsanto denies that any exposure to

26    glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

27    illnesses.  Monsanto denies the remaining allegations in paragraph 5.

28         6.      Monsanto lacks information or knowledge sufficient to form a belief as to the

1    truth of the allegations asserted in paragraph 6 and therefore denies those allegations.

2        7.      Monsanto admits the allegations in the first and second sentences of paragraph 7.

3    In response to the allegations in the final sentence of paragraph 7, Monsanto admits that it

4    discovered the herbicidal properties of glyphosate.  Monsanto lacks information or knowledge

5    sufficient to form a belief as to the truth of the remaining allegations in the final sentence of

6    paragraph 7 and therefore denies those allegations.

7        8.      The allegations in paragraph 8 set forth conclusions of law for which no response

8    is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

9    paragraph 8.

10       9.      The allegations in paragraph 9 set forth conclusions of law for which no response

11   is required.

12       10.     Monsanto denies the allegations in paragraph 10.

13       11.     The allegations in paragraph 11 set forth conclusions of law for which no

14   response is required.

15       12.     Monsanto admits that glyphosate is a non-selective herbicide and is the active

16   ingredient in various herbicides, including Roundup®-branded products.

17       13.     Monsanto admits the allegations in the first sentence of paragraph 13.  Monsanto

18   denies the allegations in the second sentence of paragraph 13 because the impact of glyphosate

19   on treated plants varies depending upon the amount of glyphosate applied and the type of plant.

20   Monsanto denies the allegations in the final sentence of paragraph 13 to the extent that they

21   suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well

22   within regulatory safety levels, as determined by the United States Environmental Protection

23   Agency ("EPA").

24       14.     Monsanto admits the allegations in paragraph 14.

25       15.     Monsanto denies the allegations in paragraph 15.

26       16.     Monsanto denies the allegations in paragraph 16.

27       17.     The allegations in paragraph 17 set forth conclusions of law for which no

28   response is required.  To the extent that a response is deemed required, Monsanto admits the

1    allegations in paragraph 17.

2        18.    In response to the allegations in paragraph 18, Monsanto admits that EPA requires

3    registrants of herbicides to submit extensive data in support of the human health and

4    environmental safety of their products and further admits that EPA will not register or approve

5    the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining

6    allegations in paragraph 18 set forth conclusions of law for which no response is required.

7        19.    The allegations in paragraph 19 set forth conclusions of law for which no

8    response is required.

9        20.    In response to the allegations in paragraph 20, Monsanto admits that EPA requires

10   registrants of herbicides to submit extensive data in support of the human health and

11   environmental safety of their products and further admits that EPA will not register or approve

12   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

13   states that the term "the tests" in the final sentence of paragraph 20 is vague and ambiguous, and

14   Monsanto therefore denies the same.  The remaining allegations in paragraph 20 set forth

15   conclusions of law for which no response is required.

16       21.    Monsanto denies the allegations in paragraph 21 to the extent they suggest that

17   EPA only evaluates the safety of pesticide products on the date of their initial registration.

18   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

19   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

20   of the allegations in paragraph 21 regarding such pesticide products generally and therefore

21   denies those allegations.  The remaining allegations in paragraph 21 set forth conclusions of law

22   for which no response is required.

23       22.    In response to the allegations in paragraph 22, Monsanto admits that EPA has

24   undertaken a regulatory review of glyphosate and further admits that that EPA has not released

25   its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

26   Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

27   concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-01129-VC

humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]   In addition to the conclusions in the EPA OPP Report and the EPA CARC final Report, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen] — one that shows evidence of non-carcinogenicity for humans — based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-01129-VC

5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies those allegations.

23.     In response to the allegations in paragraph 23, Monsanto admits that EPA posted the EPA CARC Final Report on EPA's website in late April 2016 and took the report off the website in early May 2016.  Monsanto further states that, in September 2016, EPA posted the EPA CARC Final Report that endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore denies those allegations.

24.     In response to the allegations in paragraph 24, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  Monsanto denies the remaining allegations in paragraph 24.

25.     In response to the allegations in paragraph 25, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 25 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

26. In response to the allegations in paragraph 26, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product, but Monsanto denies the allegations to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 26 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

27. In response to the allegations in paragraph 27, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

28. In response to the allegations in paragraph 28, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products. Monsanto further admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost. To the extent that the allegations in paragraph 28 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

29. In response to the allegations in paragraph 29, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 29 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

30.     In response to the allegations in paragraph 30, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 30 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

31.     Monsanto denies the allegations in paragraph 31.

32.     Monsanto admits that IARC was created in 1965.  The remaining allegations in paragraph 32 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

33.     Monsanto denies the allegations in the first and second sentences of paragraph 33.  Monsanto admits the allegations in the final sentence of paragraph 33.

34.     In response to the allegations in paragraph 34, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 34, which are not limited as of any specified date, and accordingly denies the same.

35.     In response to the allegations in paragraph 35, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.  Monsanto denies the remaining allegations in paragraph 35.

36.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-01129-VC

37.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies those allegations.

38.     Monsanto denies the allegations in paragraph 38 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

39.     In response to the allegations in paragraph 39, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working group are "experts."

40.     In response to the allegations in paragraph 40, Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

42.     The allegations in paragraph 42 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

43.     In response to the allegations in paragraph 43, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 43 are denied.

44.     In response to the allegations in paragraph 44, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

45.     In response to the allegations in paragraph 45, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent that the allegations in paragraph 45 purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves.

46.     In response to the allegations in paragraph 46, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.  Monsanto denies the remaining allegations in paragraph 46.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

47.     In response to the allegations in paragraph 47, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

49.     In response to the allegations in the first sentence of paragraph 49, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  In response to the allegations in the second sentence of paragraph 49, Monsanto states that the cited document speaks for itself and does not require a response.  In response to the allegations in the final sentence of paragraph 49 and in footnote 1, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses. Monsanto denies the remaining allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or persist in human blood or urine.  Monsanto denies the remaining allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association

between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto admits that the referenced studies were published, but denies that the studies show any scientifically reliable findings.

53.     In response to the allegations in paragraph 53, Monsanto denies that the cited study provides any reliable basis for a finding that any meaningful levels of glyphosate are present or persist in human blood or urine.  Monsanto denies the remaining allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto denies that any exposure to Roundup®-branded products can cause cancer and other serious illnesses and therefore denies the allegations in the first and fourth sentences of paragraph 54.  Monsanto admits that certain Roundup®-branded herbicides contain adjuvants and that EPA has classified such adjuvants as inert.  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  The remaining allegations in paragraph 54 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

55.     In response to the allegations in paragraph 55, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions in certain countries regarding the sale of glyphosate-based herbicides.  Monsanto denies that any final conclusion has been reached in these countries and denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions in certain countries regarding the sale of glyphosate-based herbicides, including the Netherlands.  Monsanto denies that any final conclusion has been reached in these countries and denies that there is any scientific basis for the concerns raised by the improper IARC

1    classification.  Monsanto denies the remaining allegations in paragraph 56.

2         57.      In response to the allegations in paragraph 57, Monsanto admits that the IARC

3    working group classification led an individual government attorney in Brazil to write a letter to

4    the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the

5    remaining allegations in paragraph 57.

6         58.      In response to the allegations in paragraph 58, Monsanto admits that following the

7    IARC working group classification, in France, all non-professional plant protection products,

8    including but not limited to glyphosate-based products, will be sold behind locked counters (no

9    free sales).  Monsanto further admits that the French government has announced that beginning

10   on January 1, 2019, the sale of non-professional lawn and garden products, including but not

11   limited to non-professional use glyphosate-based products, is prohibited with certain exceptions.

12   Monsanto denies the remaining allegations in paragraph 58.

13        59.      In response to the allegations in paragraph 59, Monsanto admits that some

14   employees of Bermuda's government announced an intention to suspend the importation of

15   glyphosate-based herbicides, but lacks information sufficient to form a belief as to the truth of

16   the allegations about whether this suspension took effect and accordingly denies the same.

17   Monsanto denies the remaining allegations in paragraph 59.

18        60.      In response to the allegations in paragraph 60, Monsanto admits that the IARC

19   monograph appears to be the alleged basis for the Sri Lankan government's actions, including

20   the allegation that glyphosate can cause kidney disease.  Monsanto further states that the

21   allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiffs' allegations

22   regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 60.

23        61.      In response to the allegations in paragraph 61, Monsanto denies the alleged basis

24   for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has

25   explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC

26   ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety

27   concerns.  As of April 2016, the government of Colombia has resumed manual application of

28   glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs'

1    expert testimony purporting to link these same aerial eradication operations with cancer as

2    scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto

3    denies the remaining allegations in paragraph 61.

4          62.    In response to the allegations in paragraph 62, Monsanto admits that 96

5    individuals signed a letter sent by Dr. Christopher Portier to the EU Health Commissioner

6    (hereinafter "the Portier letter").  Monsanto states that Dr. Portier has subsequently admitted that

7    he is working as a consultant for plaintiffs' counsel in the glyphosate cancer litigation against

8    Monsanto.  Monsanto denies that Dr. Portier or the other signatories to his letter are "prominent

9    experts."  Monsanto admits that certain members of the IARC working group assigned to

10    glyphosate signed on to the Portier letter but states that Monsanto lacks information or

11    knowledge sufficient to form a belief as to whether those individuals or the other signatories

12    were aware at the time that Dr. Portier was working as a consultant for plaintiffs' counsel.

13    Monsanto admits that, in this letter, Dr. Portier urged the EU Health Commissioner to disregard

14    the conclusion that glyphosate is not carcinogenic found by EFSA and by the BfR.

15          63.    In response to the allegations in paragraph 63, Monsanto denies that the self-

16    labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

17    extent that paragraph 63 characterizes the scientific evidence regarding the safety of glyphosate-

18    based herbicides, Monsanto denies the remaining allegations in paragraph 63.

19          64.    Monsanto admits that, as of June 2016, the European Union continued to consider

20    the reregistration of glyphosate.  Monsanto notes that, in March 2017, the European Chemical

21    Agency ("ECHA") announced that its Committee for Risk Assessment concluded that the

22    available scientific evidence did not meet the criteria to classify glyphosate as a carcinogen.  *See*

23    ECHA, *Glyphosate not classified as a carcinogen by ECHA*, https://echa.europa.eu/-/glyphosate-

24    not-classified-as-a-carcinogen-by-echa.  Monsanto lacks information or knowledge sufficient to

25    form a belief as to the truth of the allegations in paragraph 64 regarding predictions of possible

26    future events and therefore denies those allegations.  The remaining allegations in paragraph 64

27    are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

28

65. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 65 and therefore denies those allegations.

66. Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 66 and therefore denies those allegations.

67. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 67 and therefore denies those allegations.

68. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 68 and therefore denies those allegations.

69. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 69 and therefore denies those allegations.

70. Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies the allegations in paragraph 70. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

71. Monsanto incorporates by reference its responses to paragraphs 1 through 70 in response to paragraph 71 of plaintiffs' Complaint.

72. Paragraph 72 sets forth conclusions of law for which no response is required. To the extent that the allegations in paragraph 72 assert that Monsanto violated state or federal laws, Monsanto denies such allegations.

73. Monsanto denies the allegations in paragraph 73. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

74. Monsanto incorporates by reference its responses to paragraphs 1 through 73, in response to paragraph 74 of plaintiffs' Complaint.

75. In response to the allegations in paragraph 75, Monsanto admits that plaintiffs purport to bring a claim for defective design, but Monsanto denies any liability to plaintiffs as to

1    that claim.

2        76.    In response to the allegations in paragraph 76, Monsanto lacks information or

3    knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs used

4    Roundup®-branded products and therefore denies that allegation.  Monsanto denies the

5    remaining allegations in paragraph 76.

6        77.    Monsanto denies the allegations in paragraph 77.

7        78.    Monsanto denies the allegations in paragraph 78.

8        79.    Monsanto denies the allegations in paragraph 79.

9        80.    Monsanto denies the allegations in paragraph 80.

10       81.    In response to the allegations in paragraph 81, Monsanto lacks information or

11   knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs used

12   Roundup®-branded products and therefore denies that allegation.  Monsanto denies the

13   remaining allegations in paragraph 81.

14       82.    Monsanto denies the allegations in paragraph 82.

15       83.    Monsanto denies the allegations in paragraph 83.

16       84.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 84 concerning plaintiff's claimed use of Roundup®-branded

18   products and therefore denies those allegations.  Monsanto denies the remaining allegations in

19   paragraph 84, including that Roundup®-branded products have "dangerous characteristics."

20       85.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 85 concerning plaintiffs' claimed use of Roundup®-branded

22   products and therefore denies those allegations.  Monsanto denies the remaining allegations in

23   paragraph 85, including that Roundup®-branded products have "dangerous characteristics."

24       86.    Monsanto denies the allegations in paragraph 86.

25       87.    Monsanto denies the allegations in paragraph 87.

26       88.    Monsanto denies the allegations in paragraph 88.

27       89.    Monsanto denies the allegations in paragraph 89.

28       90.    Monsanto denies the allegations in paragraph 90.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-01129-VC

91.     In response to the allegations in paragraph 91, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

92.     Monsanto incorporates by references its responses to paragraphs 1 through 91 in response to paragraph 92 of plaintiffs' Complaint.

93.     In response to the allegations in paragraph 93, Monsanto admits that plaintiffs purport to bring a claim for strict liability failure to warn, but denies any liability to plaintiffs.

94.     Monsanto denies the allegations in paragraph 94.

95.     In response to the allegations in paragraph 95, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs or other individuals purchased or used Roundup®-branded products and therefore denies that allegation. Paragraph 95 also sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 95.

96.     Paragraph 96 sets forth conclusions of law for which no response is required.

97.     Monsanto denies the allegations in paragraph 97.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto denies the allegations in paragraph 99.

100.     Monsanto denies the allegations in paragraph 100.

101.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore denies those allegations.

102.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 102 concerning plaintiff's alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 102, including that Roundup®-branded products have "dangerous characteristics."

1   103.   Monsanto lacks information or knowledge sufficient to form a belief as to the

2   truth of the allegations in paragraph 103 concerning plaintiff's alleged use and exposure to

3   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

4   remaining allegations in paragraph 103, including that Roundup®-branded products have

5   "dangerous characteristics."

6   104.   Monsanto denies the allegation in paragraph 104.

7   105.   Monsanto denies the allegations in paragraph 105.

8   106.   In response to the allegations in paragraph 106, Monsanto denies that there is any

9   risk of NHL or any other serious illnesses associated with the intended use of and/or exposure to

10   Roundup®-branded products and glyphosate.  The allegations in the second sentence of

11   paragraph 106 set forth conclusions of law for which not response is required.  Monsanto denies

12   the remaining allegations in paragraph 106.  All labeling of Roundup®-branded products has

13   been and remains EPA-approved and in compliance with all applicable laws and regulations.

14   107.   Monsanto denies the allegations in paragraph 107.

15   108.   Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 108 concerning plaintiffs' alleged use of Roundup®-branded

17   products and therefore denies those allegations.  Monsanto denies the remaining allegations in

18   paragraph 108.

19   109.   Monsanto denies the allegations in paragraph 109.

20   110.   Monsanto denies the allegations in paragraph 110.  All labeling of Roundup®-

21   branded products has been and remains EPA-approved and in compliance with all federal

22   requirements under FIFRA.

23   111.   Monsanto denies the allegations in paragraph 111.

24   112.   In response to the allegations in paragraph 112, Monsanto demands that judgment

25   be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with

26   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

27   by law and such further and additional relief as this Court may deem just and proper.

28

113.    Monsanto incorporates by references its responses to paragraphs 1 through 112 in response to paragraph 113 of plaintiffs' Complaint.

114.    Paragraph 114 sets forth conclusions of law for which no response is required.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto denies the allegations in paragraph 116.

117.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117 regarding plaintiff's reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 117.

118.    The allegations in paragraph 118 set forth conclusions of law for which no response is required.

119.    The allegations in paragraph 119 set forth conclusions of law for which no response is required.

120.    Monsanto denies the allegations in paragraph 120.

121.    Monsanto denies the allegations in paragraph 121.

122.    Monsanto incorporates by references its responses to paragraphs 1 through 121 in response to paragraph 122 of plaintiffs' Complaint.

123.    Monsanto denies the allegations in paragraph 123.

124.    The allegations in the first sentence of paragraph 124 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 124.

125.    Monsanto denies the allegations in paragraph 125.

126.    The allegations in paragraph 126 set forth conclusions of law for which no response is required.

127.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 127 regarding plaintiffs' purchase of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the allegation that Roundup®-branded products contain "defects."  Monsanto denies the allegations in the second sentence of paragraph 127.

128.    Monsanto denies the allegations in paragraph 128.

1      129.    Monsanto denies the allegations in paragraph 129.

2      130.    Monsanto denies the allegations in paragraph 130 and each of its subparts.

3      131.    In response to the allegations in  paragraph 131, Monsanto demands that

4  judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed,

5  with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as

6  allowed by law and such further and additional relief as this Court may deem just and proper.

7      132.    Monsanto incorporates by references its responses to paragraphs 1 through 131 in

8  response to paragraph 132 of plaintiffs' Complaint.

9      133.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10  truth of the allegations in paragraph 133 regarding the specific products allegedly used by

11  plaintiffs or any advertising or marketing allegedly seen or considered by plaintiffs and therefore

12  denies the allegations in paragraph 133.

13      134.    Paragraph 134 sets forth conclusions of law for which no response is required.

14      135.    Paragraph 135 sets forth conclusions of law for which no response is required.

15      136.    Monsanto denies the allegations in paragraph 136.

16      137.    Monsanto denies the allegations in paragraph 137.

17      138.    Monsanto denies the allegations in paragraph 138.  All labeling of Roundup®-

18  branded products has been and remains EPA-approved and in compliance with all federal

19  requirements under FIFRA.

20      139.    Monsanto denies the allegations in paragraph 139.

21      140.    Monsanto denies the allegations in the first sentence of paragraph 140.  In

22  response to the allegations in the second sentence of paragraph 140, Monsanto denies that

23  Monsanto's promotional activities were not honest.  The remaining allegations in the second

24  sentence of paragraph 140 set forth conclusions of law for which no response is required.

25      141.    Monsanto denies the allegations in paragraph 141.

26      142.    Monsanto denies the allegations in paragraph 142, including each of its subparts.

27      143.    Monsanto denies the allegations in paragraph 143.

28

144.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 144 regarding plaintiffs' knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 144, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

145.     Monsanto denies the allegations in paragraph 145.

146.     Monsanto denies the allegations in paragraph 146.

147.     In response to the allegations in  paragraph 147, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

148.     Monsanto incorporates by references its responses to paragraphs 1 through 147 in response to paragraph 148 of plaintiffs' Complaint.

149.     Monsanto denies the allegations in paragraph 149.

150.     Monsanto denies the allegations in paragraph 150. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

151.     Monsanto denies the allegations in paragraph 151.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

152.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 152 regarding plaintiff's claimed purchase and use of Roundup®-branded products and plaintiff's knowledge or reliance and therefore denies those allegations.  Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto denies the remaining allegations in paragraph 152.

1    153.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 153 regarding plaintiffs' knowledge or reliance and

3    therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 153.

4    154.    Monsanto denies the allegations in paragraph 154.

5    155.    Monsanto denies the allegations in paragraph 155.

6    156.    Monsanto denies the allegations in paragraph 156.

7    157.    Monsanto denies the allegations in paragraph 157.

8    158.    In response to the allegations in paragraph 158, Monsanto demands that judgment

9    be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with

10   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

11   by law and such further and additional relief as this Court may deem just and proper.

12   159.    Monsanto incorporates by references its responses to paragraphs 1 through 158 in

13   response to paragraph 159 of plaintiffs' Complaint.

14   160.    Monsanto denies the allegations in paragraph 160.

15   161.    Monsanto denies the allegations in paragraph 161.

16   162.    Monsanto denies the allegations in paragraph 162.

17   163.    Paragraph 163 sets forth a conclusion of law that does not require a response.

18   164.    In response to the allegations in paragraph 164, Monsanto demands that judgment

19   be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with

20   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

21   by law and such further and additional relief as this Court may deem just and proper.

22   Every allegation in the Complaint that is not specifically and expressly admitted in this

23   Answer is hereby specifically and expressly denied.

24   **SEPARATE AND AFFIRMATIVE DEFENSES**

25   1.    The Complaint, in whole or part, fails to state a claim or cause of action against

26   Monsanto upon which relief can be granted.

27   2.    Plaintiffs' claims are barred in whole because plaintiffs cannot proffer any

28   scientifically reliable evidence that the products at issue were defective or unreasonably

dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

7.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

8.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

9.      Plaintiffs' claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

10.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

11.      Applicable statutes of limitations, prescriptive periods, and/or statutes of repose bar plaintiffs' claims in whole or in part.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-01129-VC

12.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

13.     If plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

14.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

15.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

16.     Plaintiffs' claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.     Plaintiffs' claims for exemplary and/or punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Louisiana Constitution, and/or other applicable state constitutions – and would be improper under the common law and public policies of the United States, the laws of Louisiana and/or other state laws.

18.     Plaintiffs' claims for exemplary and/ or punitive damages are barred because plaintiffs have failed to allege conduct warranting imposition of punitive damages under Louisiana law and/or other applicable state laws.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including La. R.S. 9:2800.52.

20.     Plaintiffs' claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-01129-VC

21.     Plaintiffs' claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

22.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

23.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

24.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

25.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

26.     Plaintiffs' claims are barred, in whole or in part, under the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. Ann § 9:2800.51 *et seq.*

27.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

1   DATED:  May 2, 2017                    Respectfully submitted,

2
                                          /s/ Joe G. Hollingsworth
3                                         Joe G. Hollingsworth (*pro hac vice*)
                                          (jhollingsworth@hollingsworthllp.com)
4                                         Eric G. Lasker (*pro hac vice*)
                                          (elasker@hollingsworthllp.com)
5                                         HOLLINGSWORTH LLP
6                                         1350 I Street, N.W.
                                          Washington, DC  20005
7                                         Telephone:  (202) 898-5800
                                          Facsimile:  (202) 682-1639
8
9                                         *Attorneys for Defendant*
                                          *MONSANTO COMPANY*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-01129-VC