William E. Lawler, III (admitted *pro hac vice*)
VINSON & ELKINS L.L.P.
2200 Pennsylvania Ave., NW
Suite 500 West
Washington, DC  20037
Telephone:  (202) 639-6676
Facsimile:  (202) 879-8876
wlawler@velaw.com

*Counsel for Non-Party Jesudoss Rowland*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE:  ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No. 3:16-md-02741-VC<br>MDL No. 2741 |
| | **DECLARATION OF WILLIAM E. LAWLER, III IN SUPPORT OF GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO FILE UNDER SEAL** |
| This document relates to:<br><br>ALL ACTIONS | **Date:  May 25, 2017**<br><br>**Time:  2:00 p.m. (Pacific)**<br><br>**Courtroom:  4, 17th Floor**<br><br>**Judge:  Honorable Vince Chhabria** |

DECLARATION OF WILLIAM E. LAWLER, III IN SUPPORT OF GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER SEAL; Case No. 16-md-2741-VC

I, William E. Lawler, III, hereby declare as follows based on my personal knowledge:

1.      I am an active member in good standing of the bars of the District of Columbia and the State of Maryland.  I am admitted *pro hac vice* in this litigation pursuant to the Court's Pretrial Order No. 1 (Oct. 6, 2016), ECF No. 2.  I am an attorney with the law firm of Vinson & Elkins LLP, counsel of record for non-party Jesudoss Rowland.

2.      I submit this Declaration in support of redacting or sealing documents filed under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, filed on April 28, 2017, ECF No. 261 ("Motion to Seal").

3.      I respectfully request this Court approve my proposed redactions to:  1) Plaintiffs' Motion to Compel Responses from Deponent Jesudoss Rowland, ECF No. 261-1 (April 28, 2017) ("Motion to Compel"); and 2) the Rough Draft Testimony of Jesudoss Rowland, Taken on April 24, 2017, ECF No. 261-3 (April 28, 2017) ("Rowland Rough Transcript"), that was filed under seal as Exhibit 2 to the Motion to Compel.  In addition, I respectfully request the Court approve my request to seal in its entirety Exhibit 3 to the Motion to Compel, ECF No. 261-4 (April 28, 2017) ("Exhibit 3").

| Document | Designating Party | Redactions Sought (page:line) | Rationale |
| --- | --- | --- | --- |
| Motion to Compel, ECF No. 261-1 | Monsanto - Confidential | 2:11–13; 2:16–22; 3:21–22; 4–9 | These pages include citations to and quotations of testimony about Mr. Rowland's personal and professional life after he left the EPA. |
| Rowland Rough Transcript, ECF No. 261-3 | Monsanto - Confidential | 303:1–10; 304–12; 328:1–10; 329–42; 343:17–25[1] | These pages include testimony about Mr. Rowland's personal and professional life after he left the EPA. |
| Exhibit 3, ECF No. 261-4 | Unclear | Seal entirely | Plaintiffs did not provide non-party Jesudoss Rowland with an unsealed version of Exhibit 3. |

[1] The rough transcript has two sets of page numbers.  PDF page numbers, that are centered at the bottom of the page, are cited.  Line numbers, however, correspond to the transcript page numbers (right aligned).

1

DECLARATION OF WILLIAM E. LAWLER, III IN SUPPORT OF GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER SEAL; Case No. 16-md-2741-VC

1

2       4.      Compelling reasons and good cause exist to redact portions the Motion to Compel

3   and the Rowland Rough Transcript.  Those documents contain testimony of non-party Jesudoss

4   Rowland's personal and professional life after he left the U.S. Environmental Protection Agency

5   ("EPA") and are hardly relevant to this litigation, let alone appropriate for public consumption.

6       5.      Civil Local Rule 79-5(e) states that "the Designating Party must file a declaration

7   . . . establishing that all of the designated material is sealable."  Based on my review of the

8   documents listed below, Plaintiffs' attempt to protect non-party Jesudoss Rowland's confidential

9   information is inadequate.  My rationale for redacting or sealing the information is explained

10  below for each relevant document.

11      6.      **Rowland Rough Transcript**.  Attached as an exhibit to the Courtesy Chamber's

12  Copy of this Declaration is a redacted copy of the Rowland Rough Transcript which is narrowly

13  tailored to prevent the release of non-party Jesudoss Rowland's confidential information,

14  information potentially protected under a nondisclosure agreement with a third party, and the

15  third party's identifying information.  Based on my review of the Rowland Rough Transcript, the

16  proposed redactions are necessary to protect this information.

17      7.      First, the Rowland Rough Transcript contains non-party Jesudoss Rowland's

18  confidential information, including his personal and professional life after he left the EPA.

19  These details are hardly relevant for this case let alone appropriate for public disclosure.  Neither

20  non-party Jesudoss Rowland nor his current employer are parties to this litigation.

21      8.      Throughout the course of this ligation, the Court has attempted to balance the

22  burden of discovery placed on non-party Jesudoss Rowland and the need to protect him, a private

23  citizen, from the cost and public scrutiny associated with litigation to which is not a party.  Even

24  during the deposition when the Court permitted plaintiffs to question non-party Jesudoss

25  Rowland regarding the consulting work he performed after leaving the EPA, the Court limited

26  that testimony to "a very general description of the projects he has worked on."  Pretrial Order

27

28

2

DECLARATION OF WILLIAM E. LAWLER, III IN SUPPORT OF GRANTING IN PART
AND DENYING IN PART MOTION TO FILE UNDER SEAL; Case No. 16-md-2741-VC

No. 19, ECF No. 260.  Plaintiffs' specific questions about non-party Jesudoss Rowland's clients exceeds the scope of the Court's order.  Until Plaintiffs establish that non-party Jesudoss Rowland's personal and professional life after he left the EPA is material to this case, that information should be sealed.

9.      Second, the Rowland Rough Transcript contains information potentially subject to non-disclosure agreements to which non-party Jesudoss Rowland is a party.  On a rare occasion when non-party Jesudoss Rowland would be required to share a client's business information with third parties, he would only allow third parties to view this information under very restrictive non-disclosure agreements or protective orders.  Non-party Jesudoss Rowland takes his non-disclosure obligations seriously and this Declaration seeks to redact portions of Rowland Rough Transcript potentially subject to a non-disclosure agreement.  *See Aevoe Corp. v. AE Tech. Co.*, No. 2:12-CV-00053-GMN, 2014 WL 551563, at *2 (D. Nev. Feb. 7, 2014) (granting motion to seal portions of a deposition subject to a non-disclosure agreement).

10.      As a consultant, non-party Jesudoss Rowland's reputation is important for his business.  "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (Courts have refused "to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing."); *In re McClatchy Newspapers, Inc.*, 288 F.3d 369, 374 (9th Cir. 2002) (quoting *Nixon*, 435 U.S. at 374) (same).  Revealing client information potentially subject to a non-disclosure agreement will place him at a competitive disadvantage relative to other consultants in the same field.  At a minimum, non-party Jesudoss Rowland may face the risk of civil litigation related to the non-disclosure agreement even if a fact finder later determines it was not in fact breached.

11.      Third, non-party Jesudoss Rowland seeks to prevent the public release of client identifying information—related to third parties not present in this litigation—by redacting their

3

DECLARATION OF WILLIAM E. LAWLER, III IN SUPPORT OF GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER SEAL; Case No. 16-md-2741-VC

names and other information that may identify them in the Rowland Rough Transcript.  *See PNY Techs., Inc. v. Sandisk Corp.*, No. 11-CV-04689-WHO, 2014 WL 661620, at *2 (N.D. Cal. Feb. 20, 2014)  ("The only information that may be redacted [is] . . . the names and other discrete identifying information of third parties . . . ").

12.   **Motion to Compel**.[2]  Attached as an exhibit to the Courtesy Chamber's Copy of this Declaration is a redacted copy of the Motion to Compel which is narrowly tailored to prevent the release of non-party Jesudoss Rowland's confidential information, information potentially protected under a non-disclosure agreement with a third party, and the third party's identifying information.  Based on my review of the Motion to Compel, the proposed redactions are necessary to protect this information.

13.   The Motion to Compel quotes and provides citations to testimony in the Rowland Rough Transcript that, for the reasons described above, I believe should also be redacted.  I have approved the redactions to the Motion to Compel as the minimum amount of redactions necessary to avoid unnecessary harm to non-party Jesudoss Rowland and third parties.

14.   **Exhibit 3**.  Plaintiffs did not provide non-party Jesudoss Rowland with an unsealed copy of this document.  Non-party Jesudoss Rowland asks the Court to <u>not</u> unseal this document until Plaintiffs either: 1) provide non-party Jesudoss Rowland with an unsealed coy of this document or, 2) explain that the document does not contain any information relevant to non-party Jesudoss Rowland.  Given that Exhibit 3 was attached to a Motion to Compel related to non-party Jesudoss Rowland, it is highly likely that it contains information relevant to non-party Jesudoss Rowland.

15.   I have approved the proposed redactions in the Rowland Rough Transcript and the Motion to Compel as the minimum amount of redactions necessary to avoid unnecessary harm to non-party Jesudoss Rowland and other third parties.  The redactions cover only events that

---

[2] Plaintiffs failed to file all information designated "confidential" in the Motion to Compel under seal as required by the Protective and Confidentiality Order at 9-10 (ECF No. 64).

4

DECLARATION OF WILLIAM E. LAWLER, III IN SUPPORT OF GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER SEAL; Case No. 16-md-2741-VC

occurred after non-party Jesudoss Rowland left the EPA.  Client identifying information was also redacted to protect third parties who are not parties to this litigation.  In addition, Exhibit 3 must remain under seal for those same reasons until non-party Jesudoss Rowland is given an opportunity to review and respond to an unsealed copy.

16.     In this case, the public's interest in understanding the judicial process is greatly outweighed by the need to protect a private citizen—not a party to this case—from the unnecessary expense, public attention, and detriment to his business that may result from the disclosure of the above-discussed information.  While the public may have an interest in understanding the inner-workings of the EPA, it does not have an interest in the personal and professional life of a former government employee who, again, is not a party to this litigation.

17.     To avoid unnecessary harm to non-party Jesudoss Rowland and third parties, I respectfully request that the Court <u>Grant in Part and Deny in Part</u> Plaintiffs' Motion to File Under Seal.  This ruling would require Plaintiffs to file a complying copy of the Motion to Compel, Rowland Rough Transcript, and Exhibit 3 that adequately protect non-party Jesudoss Rowland and third parties.  Civil L.R. 79-5(f)(3).  I view the redacted versions of the Motion to Compel and the Rowland Rough Transcript, attached to the Courtesy Chambers Copy of this Declaration, and the sealing of Exhibit 3 in its entirety, as necessary and sufficient to protect those interests.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on May 2, 2017.

Washington, D.C.

_/s/ William E. Lawler, III_____

William E. Lawler, III

5

DECLARATION OF WILLIAM E. LAWLER, III IN SUPPORT OF GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER SEAL; Case No. 16-md-2741-VC