Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No. 16-md-02741-VC <br><br> MDL No. 2741 <br><br> **MONSANTO COMPANY'S MOTION TO STRIKE AND RESPONSE RE PLAINTIFFS' APRIL 21, 2017 ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| This document relates to: <br><br> ALL ACTIONS | |

Monsanto Company ("Monsanto") respectfully requests that the Court strike the more than six hundred pages of sealed material that plaintiffs filed as exhibits to plaintiffs' Administrative Motion to File Under Seal (ECF No. 255).  Monsanto did not agree to plaintiffs' unilateral decision to circumvent this Court's procedure for raising discovery disputes by filing this Motion to Compel the Production of All Original and Re-Cut Slides of Kidney Tissue from Mice in Study BDN-77-420 ("Motion to Compel") (ECF No. 257).  To the contrary, in response to plaintiffs' same-day notice of their intent to file this dispute as a Motion to Compel and of their intended exhibits, Monsanto objected because this is a discovery dispute that should have been filed in the first instance by joint letter, without resort to exhibits (except for Monsanto's discovery objections, which plaintiffs filed publicly as Exhibit 5 to their Motion to Compel).  *See* Standing Order for Civil Cases Before Judge Vince Chhabria at ¶ 15 ("Discovery disputes

should be brought to the Court's attention as early as possible.  If the parties cannot resolve their discovery dispute after a good faith effort, they shall prepare and file a joint letter of no longer than five pages stating the nature and status of their dispute. . . .  No exhibits may be submitted with the letter other than the discovery request or response that is the subject of the letter.").

Moreover, there was simply no reason for plaintiffs to attach over 600 pages of exhibits to their Administrative Motion to File Under Seal (ECF No. 255).  The Court has repeatedly instructed against such practices including based on the unnecessary burden it imposes on Monsanto and the Court.  *See, e.g.*, Pretrial Order No. 15 (where plaintiffs filed entire transcripts despite citing to only small parts, ordering plaintiffs to refile with "all unnecessary pages removed"); Pretrial Order No. 20 (granting motion to strike "hundreds of pages of irrelevant material").

Neither Monsanto nor the Court should be required to sift through the hundreds of pages to figure out which parts relate to plaintiffs' requested relief and how.  *See, e.g.*, *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs," much less exhibits).  The parties' and Court's resources should instead remain properly focused on advancing this litigation through the current expert phase of this litigation.

An initial assessment of plaintiffs more than 600 pages of exhibits revealed however that large volumes of plaintiffs' exhibits also have nothing to do with the kidney tissue slides at issue and instead address irrelevant issues such as soil sample testing.  Moreover, the exhibits include interspersed research and raw data often stamped before this litigation as "trade secret" or "confidential" as well as analyses of that data.  Courts – including this one – have recognized that confidential research warrants protection because of its potential value to competitors, who would gain access to important information without having to do equivalent work.  *See* Pretrial Order No. 15 (sealing several studies and other confidential research); Fed. R. Civ. P. 26(c)(1) (permitting issuance of a protective order to prevent disclosure of "a trade secret or other confidential research, development, or commercial information"); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F. 3d 1206, 1211 (9th Cir. 2002) (explaining that under the "good

cause" standard, district courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information."); *In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD, 2013 WL 214672, at *7-8 (S.D. Fla. Jan. 18, 2013) (protecting documents from disclosure because product development or analysis studies can "require hundreds of employee hours of work, costs hundreds of thousands of dollars to plan, implement and analyze, have substantial commercial value and are of substantial value to other [similar] manufacturers").

Although no individuals are party to this litigation, plaintiffs' exhibits also name without any redactions individuals including non-Monsanto employees whose privacy, safety, or professional reputations might be inappropriately put at risk during this non-merits phase of the litigation following release of records cherry-picked by plaintiffs. Monsanto submitted a joint letter (ECF No. 237) seeking relief that would protect non-party individuals via redactions from the types of harms to individuals that followed PTO 15. Other incidents involving harassment of or threats against non-party individuals that reference documents released in this litigation have occurred including one that Monsanto understands may have been reported to the police. When the Court instructed in response to that joint letter that Monsanto should raise these requests "with specific reference to the sealable information and a full explanation of the basis for sealing," PTO 17, Monsanto cannot believe that the Court intended for Monsanto to have to pick through six hundred pages of exhibits attached to a discovery motion.

Finally, plaintiffs' discovery request should be denied based on plaintiffs' unjustified delay and gamesmanship and the Court's schedule. *See* Monsanto's Opposition to Plaintiffs' Motion to Compel (filed on this date). Plaintiffs' voluminous exhibits are not relevant to that issue, so they should be stricken as unnecessary. *See, e.g., Holloway v. Gilead Scis., Inc.*, No. 16-cv-02320-VC, 2016 WL 3526060, at *2 (N.D. Cal. June 23, 2016) (Chhabria, J.) (striking exhibits after finding the associated brief moot); *Minebea Co. Ltd. v. Papst*, 221 F.R.D. 11, 11-

3
MONSANTO'S RESPONSE AND MOTION TO STRIKE
3:16-md-02741-VC

12 (D.D.C. 2004) (striking exhibits filed in support of non-dispositive motion, and directing the parties in the future not to file exhibits to non-dispositive motions without leave of court).

For these reasons, Monsanto requests that the Court strike plaintiffs' sealed materials.  In the event that the Court denies Monsanto's requested relief, before any materials are released, Monsanto requests an opportunity to consider the materials at issue and seek to seal specific material consistent with the Court's rulings.

DATED: May 5, 2017                                      Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY