William E. Lawler, III (admitted *pro hac vice*)
VINSON & ELKINS L.L.P.
2200 Pennsylvania Ave., NW
Suite 500 West
Washington, DC 20037
Telephone: (202) 639-6676
Facsimile: (202) 879-8876
wlawler@velaw.com

*Counsel for Nonparty Jesudoss Rowland*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No. 3:16-md-02741-VC<br>MDL No. 2741 |
| This document relates to:<br><br>ALL ACTIONS | **NONPARTY JESUDOSS ROWLAND'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL RESPONSES FROM DEPONENT JESUDOSS ROWLAND**<br><br>Date: May 11, 2017<br>Time: 2:00 p.m. (Pacific)<br>Courtroom: 4, 17th Floor<br>Judge: Honorable Vince Chhabria |

# TABLE OF CONTENTS

I. TABLE OF AUTHORITIES ..... ii

II. STATEMENT OF THE ISSUES ..... iii

III. INTRODUCTION ..... 1

IV. PROCEDURAL AND FACTUAL HISTORY ..... 2

V. ARGUMENT ..... 6

A. Plaintiffs' Motion to Compel is Defective and Should be Denied ..... 7

1. Local rules require movant to confer in good faith. ..... 7

2. Federal rules require certification of good faith attempt to confer. ..... 8

B. Mr. Rowland's Testimony Was Not Deficient and Complied with this Court's Order ..... 9

1. Plaintiffs have already had sufficient opportunity to question Mr. Rowland. ..... 9

2. Mr. Rowland's testimony allowed Plaintiffs' counsel to explore issues relevant to agreed-upon Topic 5. ..... 10

3. Mr. Rowland's deposition responses related to Pretrial Order No. 19 were not deficient. ..... 11

4. Any further testimony would cause an undue, unjust burden to Mr. Rowland. ..... 12

C. If the Motion to Compel is Denied, the Court Should Award Reasonable Expenses (Including Attorney's Fees) and May Issue a Protective Order ..... 13

1. The Court should award reasonable expenses, including attorney's fees. ..... 13

2. The Court should enter a protective order, ending Mr. Rowland's discovery obligations. ..... 14

3. Plaintiffs' Motion to Compel was not "substantially justified." ..... 15

4. Awarding of expenses to Mr. Rowland is not "unjust." ..... 15

VI. CONCLUSION ..... 15

APPENDIX ..... 17

# I. TABLE OF AUTHORITIES

**Cases**

*Aevoe Corp. v. AE Tech. Co.*, No. 2:12-CV-00053, 2014 WL 551563 (D. Nev. Feb. 7, 2014) ..... 12

*Brown v. Hain Celestial Grp., Inc.*, No. 11-CV-03082, 2013 WL 5800566 (N.D. Cal. Oct. 28, 2013) ..... 15

*C.B.S., Inc.*, 666 F.2d 371 ..... 13

*Fosselman v. Evans*, No. 07-2606, 2011 WL 939616 (N.D. Cal. Mar. 15, 2011) ..... 8

*Hallett v. Morgan*, 296 F.3d 732 (9th Cir. 2002) ..... 9

*Herbert v. Lando*, 441 U.S. 153 (1979) ..... 14

*Hiramanek v. Clark*, No. 13-CV-00228, 2016 WL 217255 (N.D. Cal. Jan. 19, 2016) ..... 7

*Lemberg law LLC v. Hussin*, 2016 WL 3231300 (N.D. Cal. June 13, 2006) ..... 14

*McMillan v. Ringler*, No. 13-CV-0578, 2016 WL 6803668 (E.D. Cal. Nov. 17, 2016) ..... 9

*Pajas v. Cty. of Monterey*, No. 16-CV-00945, 2017 WL 1408016 (N.D. Cal. Apr. 20, 2017) ..... 13

**Rules**

Civ. L. R. 79-5 ..... 7

Fed. R. Civ. P. 26(b) ..... 14

Fed. R. Civ. P. 37 ..... 13, 14

Fed. R. Civ. P. 37(a)(1) ..... 8

Fed. R. Civ. P. 37(a)(5)(B) ..... 13

**Other Authorities**

Conflict of Interest Questions Dog Former EPA Official, Taken to Court (May 1, 2017), https://whowhatwhy.org/2017/05/01/conflict-interest-questions-dog-former-epa-official-taken-court/ ..... 8

## II. STATEMENT OF THE ISSUES

1. Whether the Court should deny Plaintiffs' Motion to Compel Responses from Deponent Jesudoss Rowland because Plaintiffs' counsel made no attempt to confer in good faith regarding the Motion to Compel, Plaintiffs' counsel failed to attach the required good faith certification, and Mr. Rowland's deposition testimony complied with the agreed-upon deposition topics and the Court's Pretrial Order No. 19 that expressly addressed the portions of Mr. Rowland's testimony that are the subject of Plaintiffs' Motion to Compel.

2. If the Court denies Plaintiffs' Motion to Compel, should the Court award Mr. Rowland reasonable costs and issue a protective order terminating Mr. Rowland's discovery obligations?

## III. INTRODUCTION

Jesudoss C. Rowland, a career federal employee, retired from the Environmental Protection Agency in May 2016 after 26 years of service. There is no genuine dispute that, since his retirement, Mr. Rowland has not performed any work for, or received any compensation from, Monsanto. Nor has he done any work involving the herbicide glyphosate, the chemical that is the focus of this case. Since his retirement, Mr. Rowland has done consulting work for three different consulting firms. None of those consulting projects involved Monsanto or glyphosate. Mr. Rowland so testified under oath at his April 24, 2017 deposition.

The scope and nature of Mr. Rowland's deposition had been established through extensive communications among counsel for the parties, as well as Mr. Rowland's counsel and counsel for the EPA. During the April 24th deposition, this Court resolved a question about the proper scope of one part of one of the five specified deposition topics. After hearing the telephonic arguments of counsel, the Court permitted Mr. Rowland to be asked about his post-retirement work, but limited the inquiry to questions about the identities of the companies for which he has done consulting work since leaving the EPA and questions eliciting a very general description of the projects he has worked on. Mr. Rowland's testimony identified the three companies and provided a general description of the projects on which he worked. Rowland Tr. at 304:21, 305:21-22, 307:13, 308:17-18, 309:12, 309:15-16.[1] Nothing more was required.

Yes, despite receiving the Court ruling that he had requested, Plaintiffs' counsel then proceeded to ask questions well beyond the scope of what was permitted by that ruling, asking, among other things, about how much Mr. Rowland charged and how he charged for his consulting work that involved chemicals other than glyphosate, how he came to do the consulting work, and how the companies learned that Mr. Rowland was available for consulting work.

[1] Citations are provided to the PDF file of the Uncertified Rough Draft of Testimony of Jesudoss Rowland, Taken on 04/24/2017, filed under seal at ECF No. 261-3. Line numbers, however, correspond with the transcript pages.

Now, mischaracterizing Mr. Rowland's testimony, and without meeting and conferring with counsel as required by this Court's rules, Plaintiffs move to compel further testimony about additional topics. Mr. Rowland already has testified about his work while at the EPA and already has provided the information about his post-retirement work ordered by this Court. As a nonparty, he should be protected from the: (i) continued burden of unwarranted efforts to expand the scope of permissible discovery, (ii) expense of paying counsel to defend him against Plaintiffs' efforts, (iii) continued assertions by Plaintiffs' counsel which cast Mr. Rowland in a negative light but are not supported by the record, and (iv) serious risk of being seen as violating contractual confidentiality and non-disclosure obligations to the companies which had hired him. The motion to compel should be denied.

## IV. PROCEDURAL AND FACTUAL HISTORY

Despite submitting to nearly six hours of deposition questioning on April 24, 2017 and complying with this Court's Pretrial Order No. 19 by answering further questions about his post-retirement work, Mr. Rowland now faces yet another discovery motion from Plaintiffs. In short, Plaintiffs have alleged for months, without any basis, that Mr. Rowland is essential to their case to prove corruption and collusion between the EPA and Monsanto. Plaintiffs' efforts have caused Mr. Rowland reputational harm, which is unjust because the allegations are not supported by the record and by now Plaintiffs' counsel knows these allegations are meritless.

### A. Plaintiffs' Motions to Compel and Pretrial Order No. 8

Plaintiffs began their methodical, malicious, and meritless attack against Mr. Rowland in their response to Pretrial Order No. 8, which Plaintiffs filed on February 8, 2017.[2] Pls.' Submission at 11, ECF No. 133 ("Submission"). The Court had requested briefing on the

[2] The Submission is full of misstatements, including about Mr. Rowland: (1) "Despite IARC's systematic review ranking at the top of the hierarchy of evidence relied upon by experts in the field and in the EPA's own guidelines, Jess Rowland of the OPP simply ignored it"; and (2) "As Plaintiffs have already briefed in the motion to compel the deposition of Jess Rowland, EPA employees are unduly influenced by Monsanto. Plaintiffs herein incorporate that brief by reference, as well as the opposition to seal the documents to that brief." Pls.' Submission at 13, 16, ECF No. 133.

relevance of EPA's glyphosate conclusions in Pretrial Order No. 8, ECF No. 120. Setting up non-party Mr. Rowland as the centerpiece of their conspiracy theory, Plaintiffs claimed to seek "the deposition of Jessie Rowland as the former head of the CARC as the core piece of discovery to evaluate the EPA's inherent flaws and biases." Pls.' Submission at 16, ECF No. 133.

Plaintiffs continued two days later in their Reply Brief in Support of their Motion to Compel Deposition of Jesudoss Rowland, asserting that "Mr. Rowland, a former employee of the EPA [] was subject to undue and untoward influence by Monsanto. Mr. Rowland operated under Monsanto's influence to cause EPA's position and publications to support Monsanto's business." Pls.' Reply Supp. Mot. Compel Dep. Rowland at 9, ECF. No. 141. Again, Plaintiffs brief rested on unsubstantiated allegations about Mr. Rowland.[3]

Subsequently, on March 14, 2017, Plaintiffs filed their unredacted Motion to Compel the Deposition of Jesudoss Rowland, ECF No. 189, seeking "information crucial to thousands of current and future plaintiffs." Pls.' Mot. Compel at 5, ECF. No. 189. Rather disingenuously, Plaintiffs claimed that they were "not proposing a 'fishing expedition,' but rather a narrow deposition of a single former EPA employee . . . ." Pls.' Mot. Compel at 4, ECF. No. 189. Yet again, the motion contained innuendo and false statements concerning Mr. Rowland.[4]

---

[3] The unsubstantiated allegations include: (1) "Jess Rowland, a private citizen who formerly served as Monsanto's chief 'friend' within the EPA . . ."; (2) "Jess Rowland . . . left EPA mysteriously within days of an 'inadvertent' leak and subsequent retraction of an EPA draft report . . ."; (3) "the circumstances underlying the relationship between Mr. Rowland and Monsanto are highly suspicious"; (4) "The document production is also replete, well beyond the exhibits attached to the Motion, with references to in-person meetings with 'Jess' and text messages between Rowland and Monsanto employees, showing Rowland straining, and often breaking, ethics and rules to benefit Monsanto's business"; (5) "Marion Copley . . . wrote a letter to Mr. Rowland in March 2013 . . . Before her death, she voiced her serious concerns to Mr. Rowland about his and EPA's handling of glyphosate"; and (6) "Dr. Copley's letter, discovered after the filing of this Motion, substantiates many of Plaintiffs' suspicions regarding EPA's improper relationship with Monsanto." Pls.' Reply Supp. Mot. Compel Dep. Rowland at 2–4, ECF. No. 141.

[4] The innuendo and false statements include: (1) the CARC "accidentally leaked a report in May 2016 . . ."; (2) "[a]lso within days of the leak, Mr. Rowland was placed on administrative leave"; (3) "a concerted effort by Monsanto and the OPP, Jess Rowland, his CARC committee, to 'kill' the glyphosate/lymphoma issue for the company"; (4) "Rowland wanted to help Monsanto stop an investigation concerning the carcinogenicity of glyphosate being conducted by

**B. Subpoena Issued to Mr. Rowland and Related Hearing**

Roughly in parallel with these filings, on February 10, 2016, Michael J. Miller of the Miller Firm LLC issued to Mr. Rowland a Subpoena to Testify at a Deposition in a Civil Action issued by the U.S. District Court for the Northern District of California. Attachment A to the subpoena stated that the deposition would cover several topics including the following: "5. Mr. Rowland's departure from EPA in or around May 2016 and subsequent activities working for or communicating with the chemical industry." Exhibit 1 at 1.

A hearing was held in the U.S. District Court for the Northern District of California on February 27, 2016 with counsel from the parties and the United States Department of Justice ("DOJ") to discuss, *inter alia*, Plaintiffs' motion to depose Mr. Rowland. At this hearing, the Court stated with regard to the IARC and EPA reports, that these issues "are relevant, but they're not central, and third party discovery about them should not sort of swallow what your people are doing; right? So a *little bit of leeway should be given* to conduct discovery, you know, *relating to these studies*." Hearing Tr. at 20 (emphasis added). The Court shortly thereafter added in response to Plaintiffs' arguing to depose more than one EPA employee:

> [M]y reaction is that sort of when you, you know, consider the relevance of the EPA's reports . . . and you sort of apply principles of proportionality and whatnot, that it seems appropriate to take Jess Rowland's deposition. But what does not seem appropriate is that, you know, allowing Jess Rowland's deposition to be taken opens the door for a bunch of discovery into the EPA's internal processes. You've had plenty of opportunity to do FOIA requests.

Hearing Tr. at 22.

**C. Email Agreement Regarding Stipulated Deposition Topics**

On March 21, 2017, Mr. Timothy Litzenburg, The Miller Firm LLC, emailed the attorney representing Mr. Rowland that they would narrow the topic list but that Topic No. 5 would

---

[ATSDR] . . ."; Monsanto "was close with Mr. Rowland"; (5) "a report authored chiefly by him was 'accidentally leaked' just at the time of his planned retirement"; (6) "The documentary evidence strongly suggests that Mr. Rowland's primary goal was to service the interests of Monsanto . . ."; and (7) "Mr. Rowland was the primary author of the OPP report on glyphosate . . . ." Pls.' Mot. Compel at 1–5, ECF No. 189.

remain unchanged—"5. Mr. Rowland's departure from EPA in or around May 2016 and subsequent activities working for or communicating with the chemical industry." Exhibit 2 at 1. Mr. Litzenburg further advised counsel that "Mr. Rowland is not a party to this litigation, and *this is a very pointed fact discovery inquiry* . . . You have all the documents that we have filed in conjunction with seeking the deposition; they were all unsealed last week . . . *all we are seeking from him is his testimony on the above subjects*, and any personal, non-EPA documents on those subjects that he has in his own dominion or control." Exhibit 2 at 1 (emphasis added).

**D. Mr. Rowland's Deposition, Part I**

At Mr. Rowland's April 24, 2017 deposition, Plaintiffs' "case" against Mr. Rowland fell apart because their specious allegations were rebutted by his testimony. [A list of the facts rebutted during Mr. Rowland's deposition is located in the Appendix.] During the deposition, Plaintiffs' counsel and Mr. Rowland's counsel disagreed about whether Plaintiffs' questioning about Mr. Rowland's post-retirement work that was not related to glyphosate fell outside the scope of the deposition. The parties called the Court.

**E. Pretrial Order No. 19 and Mr. Rowland's Deposition, Part II**

[redacted] The Court then entered Pretrial Order No. 19 requiring Mr. Rowland to specify the "identities of his [clients]" and "a very general description of the projects he has worked on." Pretrial Order No. 19, ECF No. 260. In accordance with the Court's Order, Mr. Rowland provided the names of his clients and a general description of the projects he has worked on for each client. Rowland Tr. at 304:21, 305:21-22, 307:13, 308:17-18, 309:12, 309:15-16.

**F. Plaintiffs' Motion to Compel and Mr. Rowland's Opposition**

Plaintiffs filed Plaintiffs' Motion to Compel on April 28, 2017 and—following an improper attempt to serve Mr. Rowland and the issuance of Pretrial Order No. 21, ECF No. 267—served on Mr. Rowland, through his counsel, on May 2, 2017. Certificate of Service, ECF

No. 269. In this motion, Plaintiffs continue to perpetuate their baseless claim that Mr. Rowland is at the heart of a conspiracy between Monsanto and EPA to allow the continued use of glyphosate in the United States. Plaintiffs also repeated the false claims made in prior pleadings that Plaintiffs filed with this Court.[5] In addition, Plaintiffs misrepresented Mr. Rowland's alleged role in communicating an IARC classification to CropLife and Monsanto. *Compare* Pls.' Mot. Compel at 2–3, ECF No. 261-1 ("on March 14, 2015 (the day Mr. Rowland communicated the classification of IARC to CropLife and Monsanto, in direct contravention to IARC rules and information embargo) . . . ."), *with* [redacted]

Notably in Plaintiffs' Motion to Compel, Plaintiffs abandoned their conspiracy theory based on the never-authenticated Marion Copley letter. Plaintiffs now contend, once again without any facts to support their allegations, that "there was an explicit, or implicit quid pro quo between Monsanto or its associates and Mr. Rowland, as the documents suggest." *See* Pls.' Mot. Compel at 2, ECF No. 261-1.

In response, Mr. Rowland now files this Opposition brief.

## V. ARGUMENT

Plaintiffs' Motion to Compel is fatally defective because: 1) Plaintiffs failed to attempt to confer, let alone confer in good faith, with Mr. Rowland prior to filing Plaintiffs' Motion to Compel; and 2) Plaintiffs failed to certify that they attempted to confer in good faith with Mr. Rowland. In addition, Plaintiffs' Motion to Compel fails to show that Mr. Rowland's deposition testimony was deficient under either the five agreed-upon deposition topics or Pretrial Order No. 19. If the Court denies Plaintiffs' Motion to Compel, the Court should award reasonable costs, including attorney's fees, and should issue a protective order formally terminating further discovery from Mr. Rowland.

---

[5] The baseless claims include: (1) the CARC report was "engineered and authored by Jesudoss Rowland . . ."; (2) the CARC report "was leaked two weeks prior to Mr. Rowland's retirement . . ." impliedly by Mr. Rowland; and [redacted] *See* Pls.' Mot. Compel at 2, 4, ECF No. 261-1. In fact, none of the three consulting firms for which Mr. Rowland worked produce or sell glyphosate.

**A. Plaintiffs' Motion to Compel is Defective and Should be Denied**

Plaintiffs' Motion to Compel is defective under both the local and federal rules and should be denied.

**1. Local rules require movant to confer in good faith.**

Plaintiffs' Motion to Compel is defective under the Northern District of California Civil Local Rules because Plaintiffs' counsel did not attempt to meet and confer in good faith with Mr. Rowland prior to petitioning for a judicial resolution of the dispute. "The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel has previously conferred for the purpose of attempting to resolve all disputed issues." Civ. L. R. 37-1(a). The Northern District of California has declined to consider the merits of a motion to compel when the movant has failed to satisfy its obligations to meet and confer under the local rules, and this Court should do so here. *E.g.*, *Hiramanek v. Clark*, No. 13-CV-00228, 2016 WL 217255, at *8 (N.D. Cal. Jan. 19, 2016) ("The court cannot consider this motion under Rule 37 and Civ. L. R. 37-1(a).").

At no point after Mr. Rowland's April 24, 2017 deposition and until the filing of Plaintiffs' Motion to Compel, did Plaintiffs' counsel engage in any good faith attempt to resolve their discovery dispute. Lawler Decl. II (attached). Plaintiffs' counsel's failure to meet and confer before filing Plaintiffs' Motion to Compel is especially egregious considering Plaintiffs' counsel copied large portions of Mr. Rowland's deposition transcript—designated "Confidential"—that were not fully redacted, in Plaintiffs' Motion to Compel.[6]

At Mr. Rowland's deposition colloquy with the Court, [REDACTED] Relying on that designation, Mr.

[6] The proper procedure for handling information designated "Confidential" is described in this Court's Protective Order, ECF No. 64, and Civil Local Rule 79-5. These rules are well-known by Plaintiffs' counsel.

Rowland proceeded to answer general questions about his post-retirement work. Plaintiffs' Motion to Compel quotes the deposition transcript, without fully redacting the quotes, and describes the type of work that Mr. Rowland has performed since leaving the EPA [redacted] Predictably, as this case has garnered significant press attention, this information was then published in the press. *E.g.*, Conflict of Interest Questions Dog Former EPA Official, Taken to Court (May 1, 2017), https://whowhatwhy.org/2017/05/01/conflict-interest-questions-dog-former-epa-official-taken-court/. At best, making potentially confidential information public is careless and, at worst, could be calculated to gain some leverage in the underlying case or to maliciously harm Mr. Rowland.

**2. Federal rules require certification of good faith attempt to confer.**

Plaintiffs' Motion to Compel is also defective under the Federal Rules of Civil Procedure because Plaintiffs' counsel failed to attach a certificate stating Plaintiffs' counsel met and conferred in good faith with Mr. Rowland. Under the federal rules, the motion to compel "must include a certification" stating the movant has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). When movants fail to attach the certification required under Rule 37(a)(1), courts in the Northern District of California have denied motions to compel without even addressing the merits of the underlying motion. *E.g.*, *Fosselman v. Evans*, No. 07-2606, 2011 WL 939616, at *2 (N.D. Cal. Mar. 15, 2011) (denying motion to compel for failure to include certificate and to meet and confer). In this instance, Plaintiffs' counsel could not truthfully attach a certification stating they had in "good faith conferred or attempted to confer" with Mr. Rowland regarding the discovery dispute because they failed to do so.

Since Plaintiffs' counsel both failed to confer in good faith and certify that they did so, the Court should deny Plaintiffs' Motion to Compel without reaching the merits of the motion.

**B. Mr. Rowland's Testimony Was Not Deficient and Complied with this Court's Order**

Even if the Court reaches the merits of Plaintiffs' Motion to Compel, Plaintiffs have failed to meet their burden of proving that Mr. Rowland's deposition responses were deficient. Accordingly, Plaintiffs' Motion to Compel should be denied on this basis as well.

The Ninth Circuit has repeatedly held that district courts have "[b]road discretion" in denying motions to compel. *See, e.g.*, *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). In a motion to compel, the movant must identify: "(1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action." *McMillan v. Ringler*, No. 13-CV-0578, 2016 WL 6803668, at *2 (E.D. Cal. Nov. 17, 2016).

Plaintiffs have failed to establish that Mr. Rowland's deposition responses were deficient under either the agreed-upon topics or Pretrial Order No. 19. Plaintiffs had sufficient opportunity to question Mr. Rowland at his April 24th deposition and in fact explored issues related to agreed-upon Topic 5. Any further testimony would be an undue burden on Mr. Rowland.

**1. Plaintiffs have already had sufficient opportunity to question Mr. Rowland.**

In Plaintiffs' Motion to Compel, Plaintiffs' counsel states, "The purpose of this deposition was to examine the propriety of the Office of Pesticide Programs," and specifically, Mr. Rowland's "relationship with Monsanto and assessment of glyphosate." Pls.' Mot. Compel at 10, ECF No. 261-1. Plaintiffs' counsel further states, "Monsanto's production of documents suggests that Mr. Rowland went out of his way to benefit Monsanto's business." Pls.' Mot. Compel at 10, ECF No. 261-1. If Plaintiffs' own statement of purpose is accurate, Mr. Rowland's April 24, 2017 deposition gave Plaintiffs' counsel ample opportunity to explore these issues.

Mr. Rowland was questioned for several hours by Plaintiffs' counsel, resulting in over 150 pages of deposition transcript, including detailed questions about Mr. Rowland's work at EPA and exploring his relationship with Monsanto. Plaintiffs' counsel used more than 20 exhibits, including the documents produced by Monsanto that Plaintiffs' counsel had earlier argued to this Court showed something improper about Mr. Rowland's work at EPA. Notably, Plaintiffs' counsel does not seek to compel any further testimony about Mr. Rowland's work at EPA, which would surely be the most relevant part of his testimony, even under Plaintiffs' own description of the purpose of Mr. Rowland's deposition.

**2. Mr. Rowland's testimony allowed Plaintiffs' counsel to explore issues relevant to agreed-upon Topic 5.**

Before the deposition, all parties agreed that Mr. Rowland's deposition would cover only five specific topics, the fifth of which was: "Mr. Rowland's departure from EPA in or around May 2016 and subsequent activities working for or communicating with the chemical industry." Exhibit 2 at 1. Plaintiffs' counsel does not argue that Mr. Rowland's testimony was insufficient regarding his departure from the EPA—Plaintiffs' counsel seeks additional questions regarding his post-retirement employment work.

In addition, Plaintiffs' counsel asked:



**3. Mr. Rowland's deposition responses related to Pretrial Order No. 19 were not deficient.**

Mr. Rowland's testimony complied with Pretrial Order No. 19. Following a disagreement over the scope of the questions Plaintiffs' counsel could ask Mr. Rowland about his post-retirement work, the Court issued Pretrial Order No. 19 which states, "Mr. Rowland is ordered to answer questions about the identities of the companies for which he has done consulting work since leaving the EPA and questions eliciting a very general description of the

11

MR. ROWLAND'S OPPOSITION TO MOTION TO COMPEL; Case No. 16-md-2741-VC

projects he has worked on." [REDACTED]

[REDACTED]

[REDACTED] If Plaintiffs' counsel wanted a broader ruling, that was the time to speak up. Mr. Rowland testified to the names of his clients, Rowland Tr. at 304:21, 307:13, 309:12, and to general descriptions of the projects he has worked on, Rowland Tr. at 305:21-22, 308:17-18, 309:15-16. Plaintiffs' counsel has not explained how this testimony did not comply with Pretrial Order No. 19.

**4. Any further testimony would cause an undue, unjust burden to Mr. Rowland.**

The burden imposed on Mr. Rowland by granting a new deposition would far exceed any benefit Plaintiffs may receive. Mr. Rowland must comply with his non-disclosure agreements related to his post-retirement employment which are integral to his professional reputation and the viability of his consulting business. Lawler Decl. II[7]; Rowland Tr. at 258–63. As a solo consultant, Mr. Rowland's business is largely built on his reputation earned at the EPA and his ability to comply with such agreements with his clients. *See generally Aevoe Corp. v. AE Tech. Co.*, No. 12-CV-00053, 2014 WL 551563, at *2 (D. Nev. Feb. 7, 2014) (nondisclosure agreement sufficient to support a motion to file under seal).

The benefit to Plaintiffs of additional deposition testimony from Mr. Rowland would be minimal. [REDACTED] He also provided a very general description of the work that he performed for each client. Rowland Tr. at 305:21-22, 308:17-18, 309:15-16. Any additional discovery that Plaintiffs' counsel seeks from Mr. Rowland related to

[7] Lawler Declaration II refers to the "Declaration Of William E. Lawler, III In Support Of 1) Nonparty Jesudoss Rowland's Opposition To Plaintiffs' Motion To Compel Responses From Deponent Jesudoss Rowland And 2) The Related Motion To Seal."

his post-retirement activities would risk violating his non-disclosure agreements without providing any evidence supporting Plaintiffs' allegations. In addition, Plaintiffs' counsel now has enough information to seek relevant discovery from Monsanto regarding the names of Mr. Rowland's clients and the nature of the work that he performed for those clients. Mr. Rowland should not be forced to continue to subsidize the underlying litigation. *See United States v. C.B.S., Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1982) ("Nonparty witnesses . . . should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party.").

**C. If the Motion to Compel is Denied, the Court Should Award Reasonable Expenses (Including Attorney's Fees) and May Issue a Protective Order**

Filing a motion to compel is strong medicine and the drafters of the Federal Rules of Civil Procedure wanted to ensure it was a double-edged sword, only to be used in the most dire of circumstances. Here, Plaintiffs' counsel failed to satisfy the "meet and confer" requirement for a motion to compel and failed to prove the merits of the motion. Rule 37 provides consequences for movants whose motion to compel is denied by the Court:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). "The primary purpose of sanctions is to deter subsequent abuses." *Pajas v. Cty. of Monterey*, No. 16-CV-00945, 2017 WL 1408016, at *5 (N.D. Cal. Apr. 20, 2017) (citation omitted).

**1. The Court should award reasonable expenses, including attorney's fees.**

Mr. Rowland requests that Court order Plaintiffs' counsel to pay Mr. Rowland's reasonable fees related to the drafting of, filing of, and attendance of any conference or hearing[8]

---

[8] As a nonparty, counsel for Jesudoss Rowland would not have otherwise attended the May 11, 2017 status conference.

related to: 1) the Lawler Declaration in Support of Plaintiffs' Motion to Seal, and 2) this Opposition brief and related documents. The filing of Plaintiffs' Motion to Compel is particularly unjustified considering Plaintiffs' counsel did not attempt to meet and confer, included numerous unsupported or demonstrably inaccurate assertions, and cited no rules or cases in support of their Motion to Compel. These flaws and omissions made it more difficult for Mr. Rowland to respond to the motion.

**2. The Court should enter a protective order, ending Mr. Rowland's discovery obligations.**

The Court should enter a protective order terminating Mr. Rowland's discovery obligations in this case. "The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Lemberg Law LLC v. Hussin*, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2006 (citation omitted)). When a district court considers a motion to compel brought pursuant to Rule 37, it must, "on motion or on its own," evaluate whether the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C); *see Herbert v. Lando*, 441 U.S. 153, 177 (1979) ("the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery where justice requires protection for a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process.") (citation and internal quotation marks omitted).

As explained in Part V.B.4, *supra*, granting Plaintiffs' Motion to Compel would place an undue burden on Mr. Rowland. Mr. Rowland, a former career government employee, is forced to fund his own legal defense as he is caught between numerous sophisticated class-action plaintiff law firms and a major corporation. He is not the lynchpin of this case and, as such, should not be forced to continue to subsidize this class-action litigation by providing further discovery or testimony, or risk violating non-disclosure agreements.

**3. Plaintiffs' Motion to Compel was not "substantially justified."**

Plaintiffs' deficient Motion to Compel was not substantially justified because they failed to meet and confer and were not entitled to the information they sought. Notably, if the Court denies Plaintiffs' Motion to Compel, Plaintiffs have the burden of demonstrating their motion was substantially justified. *Brown v. Hain Celestial Grp., Inc.*, No. 11-CV-03082, 2013 WL 5800566, at *5 (N.D. Cal. Oct. 28, 2013).

**4. Awarding of expenses to Mr. Rowland is not "unjust."**

The award of expenses would allow Mr. Rowland to recoup a portion of the substantial fees he has paid to date for this case. Given that Plaintiffs' counsel has deliberately made Mr. Rowland into a cause célèbre and garnered publicity by doing so, and given that the actual record demonstrates that Plaintiffs' counsel's assertions about Mr. Rowland are without merit, awarding Mr. Rowland reasonable fees for Opposing the Motion to Compel is not unjust.[9]

## VI. CONCLUSION

For the reasons stated above, Mr. Rowland respectfully requests this Court deny Plaintiffs' Motion to Compel, award reasonable fees, and issue a protective order terminating Mr. Rowland's discovery obligations.

[9] Given Plaintiffs' counsel's conduct, relief may be warranted on other grounds, such as Rule 45 of the Federal Rules of Civil Procedure.

Dated: May 9, 2017

Respectfully Submitted,

VINSON & ELKINS L.L.P.

By: *_/s/ William E. Lawler_*

William E. Lawler, III (admitted *pro hac vice*)
VINSON & ELKINS L.L.P.
2200 Pennsylvania Ave., NW
Suite 500 West
Washington, DC 20037
Telephone: (202) 639-6676
Facsimile: (202) 879-8876
wlawler@velaw.com

*Counsel for Nonparty Jesudoss Rowland*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2017, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system, which will send notification of such filing to the email addresses on the Electronic Mail Notice List.

*_/s/ William E. Lawler_*
William E. Lawler, III

*Counsel for Nonparty Jesudoss Rowland*

**APPENDIX**

At Mr. Rowland's April 24, 2017 deposition, Plaintiffs' "case" against Mr. Rowland collapsed because Plaintiffs' specious allegations were rebutted by his testimony:

17

MR. ROWLAND'S OPPOSITION TO MOTION TO COMPEL; Case No. 16-md-2741-VC

[redacted]

19

MR. ROWLAND'S OPPOSITION TO MOTION TO COMPEL; Case No. 16-md-2741-VC