# EXHIBIT 2

# Stewart, Andrew

| | |
|---|---|
| **From:** | Timothy Litzenburg <TLitzenburg@MillerFirmLLC.com> |
| **Sent:** | Tuesday, March 21, 2017 3:02 PM |
| **To:** | 'Stilp, Mark'; Norris, Raven (USACAN); Stewart, Andrew |
| **Cc:** | Michael Miller; Jon Jacobs |
| **Subject:** | RE: Deposition of Jess Rowland |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Counsel

Thank you for this afternoon's call.  We came into it expecting to set a date for this deposition, which was first requested in the summer of 2016.  We are disappointed to have no date coming out of the call, due to the failure of Mr. Rowland's personal counsel to provide any available dates.

Separately with Ms. Norris and USA, we have previously made the scope of deposition narrower than the subpoena; and we will again narrow the topic list, as set forth below:

1. Mr. Rowland's time/role on CARC from May 2014- May 2016, focusing on communications with Monsanto employees, Monsanto ex-employees, lobbyists or other agents or contractors, as well as CropLife and CropLife America, whether written, verbal, or in person, concerning glyphosate or glyphosate-based formulations.
2. Mr. Rowland's contacts from May 2014- May 2016, with anyone at ATSDR or the National Toxicology Program concerning glyphosate or glyphosate-based formulations
3. Mr. Rowland's contacts with anyone involved in the IARC meetings or monograph concerning glyphosate
4. Mr. Rowland's involvement with the creation of the CARC glyphosate memo on carcinogenicity dated October 1, 2015 and the circumstances around the 'inadvertent release'  and subsequent retraction of that report in or around April and May 2016.
5. Mr. Rowland's departure from EPA in or around May 2016 and subsequent activities working for or communicating with the chemical industry.


Mr. Rowland is not a party to this litigation, and this is a very pointed fact discovery inquiry.  We are not aware of any authority giving a third party fact witness a right to his own discovery prior to complying with a valid subpoena.  You have all the documents that we have filed in conjunction with seeking the deposition; they were all unsealed last week.  I'm sure you will give excellent advice to your client, but all we are seeking from him is his testimony on the above subjects, and any personal, non-EPA documents on those subjects that he has in his own dominion or control.  His desire to initiate a FOIA process with his own employer, nearly a year after this subject was broached, is of no moment to the force of subpoena and the pending motion, and unfortunately appears to be quite transparently dilatory.

Ms. Norris may interject here, but I am guessing that if we reach agreement on the Touhy authorization, she will be amenable to providing the two (2) documents we have requested from EPA to you at the same time she provides them to plaintiffs.

Having been unable to even select a date for deposition on today's call, we have agreed to confer yet again at 2:00pm on Thursday.  Andrew and Jon, please provide a deposition date on that call, or we will have no choice but to immediately make additional filings to enforce the subpoena.  The Court has consistently enforced an efficient scheduling order in this case, and we have an obligation to our clients as well as the tribunal to get this accomplished.

<u>Lastly- if there is a third party that you (Jon and Andrew) represent, other than Mr. Rowland himself, or who has agreed to pay you for any of your work in this matter, we would appreciate if you would disclose that now; no doubt it will become germane to the continuing motions practice.</u>

Regards,

Timothy Litzenburg

## **EARLIER EMAILS OMITTED**