Aimee Wagstaff, SBN 278480
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, PC
7171 West Alaska Drive
Lakewood, CO  80226
Telephone: (303) 376-6360

Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY  10003
Telephone: (212) 558-5500

Michael Miller
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Avenue
Orange, VA  22960
Telephone: (540) 672-4224

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| | HEARING:  May 11, 2017<br>TIME: 2:00 P.M.<br>Courtroom 4, 17th Floor, N.D. Cal.<br>San Francisco, California |
| This document relates to:<br><br>ALL ACTIONS | |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO COMPEL SLIDES OF KIDNEY TISSUE FROM MICE IN STUDY BDN-77-420**

### I.   INTRODUCTION

Monsanto's opposition is wrought with accusatory and inflammatory statements that disparage Plaintiffs but offer little reasoning for refusing to produce the slides in response to

- 1 -

Plaintiffs' March 15, 2017 request, served 32 days in advance of *any possible* MDL factual discovery deadline and 46 days in advance of expert report submissions by Plaintiffs. Now, nearly 8 weeks after Plaintiffs' initial request, Monsanto seeks judicial enforcement for the improper withholding of relevant evidence.

None of Monsanto's arguments in its Opposition ("Opp. Br.") to Plaintiffs' Motion to Compel contest the substance of Plaintiffs' arguments for the production of pathology slides from Study BDN-77-420. Monsanto does not dispute, nor can it, that the only pathologists to *ever* observe a tumor in the control group received financial compensation from Monsanto prior to review. Nor does Monsanto dispute that every pathologist, free of financial ties to Monsanto, who reviewed the slides concluded that there was no tumor in the control group. Monsanto does not dispute its intended reliance upon Study BDN-77-420 at the *Daubert* stage of this litigation, necessitating that Plaintiffs have equal access to the same pathology that transformed Study BDN-77-420 from one probative of Roundup®'s carcinogenicity to one probative of its purported safety. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Apr. 19, 2017), ECF No. 242 (PTO #16) ("neither plaintiffs nor Monsanto will be permitted to rely in these proceedings on documents they have withheld from the other side."). As it was the original and re-cut kidney slides in Study BDN-77-420 that, in part, prompted the Environmental Protection Agency (EPA) to re-categorize glyphosate to Category E; the importance of this evidence to the issue of general causation cannot be overstated.

To avoid the precise type of scrutiny this Court has contemplated since the first status conference in *Hardeman*, Monsanto argues that Plaintiffs' discovery request is untimely. Plaintiffs served their requests on March 15, 2017[1]. Monsanto's objections, including one

---

[1] While the discovery to request BDN-77-420 by specific name was served on March 15, 2017, these slides should have been produced pursuant to discovery served in the *Hardeman* matter on June 30, 2016.

- 2 -

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL
3:16-md-02741-VC

regarding the timeliness of Plaintiffs request were served on April 14, nearly one month ago. Notably, Monsanto waited the full thirty days before objecting to production, thus delaying this matter further. Nonetheless, on March 15, Monsanto either knew or should have known that review of the slides could be completed prior to the May 1 expert deadline because Marvin Kuschner, Monsanto's hired pathologist, managed a twenty-seven day review in 1985. Accordingly, absent Monsanto's refusal to timely produce relevant evidence, Plaintiffs could have completed their review in time to preserve the Court's existing schedule. This observation is particularly salient here, where Monsanto has regularly relied upon BDN-77-420 in its representations to the Court and will likely rely upon the study in its expert reports; Plaintiffs' experts will almost certainly need to address this study in their rebuttal reports (Plaintiffs' rebuttal reports are due June 15, 2017).

At the very least, if Monsanto believed its objection to timeliness was proper, it should have offered Plaintiffs the opportunity to review the slides before expert reports were served, thereby escaping *any* of the prejudice it now claims. Therefore, Plaintiffs respectfully request that the Court compel Monsanto to produce or permit inspection of all original and re-cut slides of kidney tissue from mice in study BDN-77-420.

**II.     PLAINTIFFS' REQUEST IS CRUCIAL TO GENERAL CAUSATION**

Plaintiffs' discovery of the underlying pathology to Study BDN-77-420 is directly relevant to the issue of general causation. Monsanto's assertion, that the kidney pathology is irrelevant to this litigation and/or will not provide additional information and that Plaintiffs have failed to show good cause for production of the kidney tissue slides (Opp. Br. at 9), fails both factually and legally.

As a factual matter, the very purpose of Plaintiffs' request is to be able to stand on equal footing with Monsanto and further comprehend the history behind the original kidney tissue

- 3 -

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL
3:16-md-02741-VC

slides and the re-cut kidney tissue slides related to BDN-77-420.  This study is integral to Monsanto's registration of glyphosate with the EPA and other global regulatory bodies and endures as one of the more questioned carcinogenicity studies since its initial submission to the EPA in 1983.

Further, Monsanto incorrectly assumes that BDN-77-420 is above reproach in an effort to support the position that it is not under a legal duty to produce discovery relevant to this litigation.  As explained in Plaintiffs' Motion to Compel (ECF No. 257), EPA pathologists, as well as others, have struggled in reaching their conclusions over the significance of the findings from BDN-77-420.  Moreover, this Court has charged the parties' experts with the duty to conduct independent review of available science, including studies, in order to reach their expert opinions in this case.  The pathology slides are thus a significant piece of the litigation, and Monsanto should not be permitted to restrict Plaintiffs' access to this evidence.

Although Monsanto argues that Plaintiffs are not entitled to this discovery because the information is duplicative and is otherwise obtainable, Monsanto does not point to a document production or public source that offers Plaintiffs the ability to review these kidney tissue slides.  Instead, Monsanto suggests that the conclusion reached by the Pathology Working Group ("PWG"), is a replacement for the production and independent review of the pathology slides.  However, Monsanto does not disclose that the 1985 PWG that reviewed the original and re-cut kidney tissue slides was solicited and paid by Monsanto.  Instead, Monsanto includes an uncited EPA memo that uses the direct language used by Pathco, Inc., in an effort to suggest that an independent review of the kidney tissue slides occurred and led to the EPA's ultimate decision on the carcinogenicity of glyphosate.  (*See* ECF 257-1, at MONGLY00233384).  Thus, Monsanto's assertion that Plaintiffs' access to the PWG report is just as good as review of the original and re-

cut kidney tissue slides cannot and should not be accepted as a basis for denying this discovery.[2]

The cases cited by Monsanto do not support its position in this matter. In *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.,* the Northern District quashed a subpoena seeking the deposition of a non-party witness because the information sought was unnecessary, duplicative, and the party seeking discovery failed to show the requisite relevance. 300 F.R.D. 406 (C.D. Cal. 2014). The issue in *Amini* concerned whether the defendant's service of a subpoena on a non-party witness at the close of fact discovery was proper. *See id.* During the hearing on the issue, the defendant was unable to inform the court whether the non-party possessed any relevant knowledge *and* could not provide an explanation of the type of knowledge the defendant thought the non-party might have. *See id.* at 411. In the instant matter, the information sought by Plaintiffs is precisely relevant to the litigation as the kidney tissue slides related to BDN-77-420 contributed in part to the EPA's assessment, and conversely, IARC's assessment, of the carcinogenicity of glyphosate. Furthermore, unlike *Amini*, Plaintiffs' request is made on the Defendant, not a non-party. Given the facts, *Amini* could not be more inapposite to the matter before this Court.

In addition, Defendant seeks support from an out-of-circuit criminal case, *Dodd v. Workman*. No. Civ-06-140-D, 2011 WL 3298996, at \*1, 3-4 (W.D. Okla. Aug. 1, 2011). In *Dodd*, the petitioner asked the court for relief to re-test a towel found at the murder scene despite

---

[2] Monsanto's cited authority is entirely inapposite. In *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 301 F.R.D. 449, 454-55 (N.D. Cal. 2014), the court recognized that the information sought by the challenged interrogatory requests was relevant and central to the litigation but given the burden of responding to detailed interrogatories, the court instead allowed a 30(b)(6) deposition on the topics covered by the interrogatories, as well as other topics. Plaintiffs have no such alternative source or deposition witness for the pathology slides they seek. In *Lectrolarm Custom Sys. Inc. v. Pelco Sales, Inc*., 212 F.R.D. 567 (E.D. Cal. 2002), the plaintiffs broadly sought all communications between defendant and its insurer from both the defendant and the third-party insurer, which is a vastly different and broader scope of information than the narrow request for specifically identified pathology slides at issue here.

the fact a private entity had already tested the towel on petitioner's behalf. In this instance, Plaintiffs have not had the opportunity to review the kidney tissue slides of issue. Moreover, in *Dodd,* the petitioner had no basis for requesting a re-testing of the towel, thus, he had no good faith basis for the discovery request. *Id*. at *4. The facts of this issue are in no way analogous to those of *Dodd*. As set forth in Plaintiffs' briefing on the issue, good cause exists because the slides are integral to Plaintiffs' scientific understanding of the renal adenomas observed in BDN-77-420. As a result, unlike *Dodd,* Plaintiffs have presented good cause for production of the kidney renal slides, and Plaintiffs should be afforded their right to initial testing (review) of relevant evidence. Simply, *Dodd* is not analogous to the instant matter and does not support Monsanto's argument.

### III.  PLAINTIFFS' REQUEST IS TIMELY AND THE CURRENT SCHEDULE CAN REMAIN UNCHANGED

Instead of addressing the substance of Plaintiffs' discovery request, Monsanto attempts to construct the illusion of a scheduling crisis—but it's one that derives from its own conduct. Monsanto did not produce documents pertaining to its internal correspondence over Study BDN-77-420 until December 13, 2016. Plaintiffs' specific request for Study BDN-77-240 was served on March 15, 2017, after Plaintiffs uncovered documents calling into question the validity of Study BDN-77-420. On April 14, 2017, Plaintiffs received Monsanto's objections, and Plaintiffs immediately requested a meet and confer with Monsanto. During the parties' conference, Monsanto refused to produce the slides and refused to engage in a substantive discussion of Plaintiffs' request, insisting that Plaintiffs' request was untimely and that Plaintiffs were engaging in gamesmanship. In short, all service of requests and subsequent discussions were conducted before close of business on April 17, 2017, undeniably within any possible factual discovery period.

- 6 -
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL
3:16-md-02741-VC

As a preliminary matter, Monsanto's suggestion that Plaintiffs should have included requests for the pathology in the original discovery plan ignores the fact that the documents calling the results of Study BDN-77-420 into question were not produced until nearly two months after Plaintiffs' initial case management statement was filed. In reality, Plaintiffs' review of the documents produced by Monsanto moved at an accelerated pace, with a primary focus on the custodial files of major fact witnesses in efforts to prepare for their depositions and otherwise running searches through the production in efforts to discover and understand relevant documents and issues. Plaintiffs requested the pathology only after review uncovered the history of BDN-77-420—specifically, the numerous questions surrounding the reviews conducted by Bio/dynamics, Monsanto scientists, and Monsanto's hired consultants. Consequently, Plaintiffs respectfully disagree with Monsanto's unsubstantiated characterization related to the timeliness and the intent behind Plaintiffs' request.

There is nothing untimely about Plaintiffs' discovery request, which was properly served during the factual discovery period. In fact, had Monsanto opted to produce the slides, which are plainly relevant, there is a high likelihood that review would have been completed, and any related opinions would have been part of the opinions submitted by Plaintiffs' experts, by May 1, 2017. Unfortunately, the matter is left unresolved at Defendant's option, which is the cause of any potential delay now facing the parties and this Court.[3]

However, review of Study BDN-77-420 can be accomplished with little impact to the current schedule. Monsanto does not dispute, nor can it, that review can be concluded such that

---

[3] Monsanto is adamant that production of the slides will cause inevitable delays, yet Monsanto's refusal to produce the slides following Plaintiffs' March 15, 2017 request is the more likely cause for any potential delay. Throughout this litigation, the parties have agreed to cooperate, and have cooperated, with one another and have regularly completed work in advance of deadlines set by the Federal Rules. In this instance, Monsanto chose to wait the full term allowed by Fed. Rule Civ. P. 26 before informing Plaintiffs that it would not produce the kidney tissue slides.

- 7 -

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL
3:16-md-02741-VC

Plaintiffs' expert reports can be supplemented well in advance of their depositions. Monsanto's experts will most likely rely upon Study BDN-77-420 for their reports so discovery of the underlying pathology is proper for Plaintiffs and the schedule can accommodate the review. Monsanto's contention that its experts would also need time to review the pathology contradicts its claims that there is no need for review of the slides at all. *Compare* Opp. Br. at 5 ("Monsanto's experts would also need time for such review") *with* Opp. Br. at 7 ("the results of the study are already well-known and have been established for decades").

### IV.   CONCLUSION

The relief sought by Plaintiffs is just and proper because Plaintiffs' request was timely, relevant, made with just cause, and in good faith. For the reasons initially briefed by Plaintiffs, and those included herein, Plaintiffs' Motion to Compel The Production Of All Original And Re-Cut Slides Of Kidney Tissue From Mice In Study BDN-77-420 should be granted.

Dated: May 10, 2017

Respectfully Submitted,

*/s/ Aimee Wagstaff*
Aimee Wagstaff, SBN 278480
aimee.wagstaff@andruswagstaff.com
7171 West Alaska Drive
Lakewood, CO  80226
Telephone: (303) 376-6360

*/s/ Robin Greenwald*
Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY  10003
Telephone: (212) 558-5500

*/s/ Michael Miller*
Michael Miller
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Avenue
Orange, VA  22960
Telephone: (540) 672-4224

*Co-Lead Plaintiffs' Counsel for MDL 2741*

## ECF CERTIFICATION

Pursuant to Civil Local Rule 5-1(i)(3), the filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatories to the document.

DATED: May 10, 2017

/s/ *Aimee Wagstaff*
ANDRUS WAGSTAFF, PC
Aimee H. Wagstaff, SBN 278480
aimee.wagstaff@andruswagstaff.com
7171 West Alaska Drive
Lakewood, CO  80226
Telephone: (303) 376-6360
Facsimile:  (303) 376-6361

- 9 -
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL
3:16-md-02741-VC

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed with the Court and electronically served through the CM-ECF system which will send a notification of such filing to all counsel of record.

DATED: May 10, 2017

*/s/ Aimee Wagstaff*
ANDRUS WAGSTAFF, PC
Aimee H. Wagstaff, SBN 278480
aimee.wagstaff@andruswagstaff.com
7171 West Alaska Drive
Lakewood, CO  80226
Telephone: (303) 376-6360
Facsimile: (303) 376-6361