Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No. 16-md-02741-VC<br><br>MDL No. 2741 |
| This document relates to:<br><br>ALL ACTIONS | **MONSANTO COMPANY'S MOTION TO STRIKE AND RESPONSE RE PLAINTIFFS' APRIL 28, 2017 ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Monsanto Company ("Monsanto") respectfully requests that the Court strike the materials plaintiffs filed provisionally under seal in support of Plaintiffs' Motion to Compel Responses from Deponent Jesudoss Rowland (ECF No. 261).

Plaintiffs have once again "attach[ed] hundreds of pages of irrelevant material to an administrative motion," which this Court has repeatedly found to be improper and imposes unnecessary burden on the parties and Court.  Pretrial Order ("PTO") No. 20; PTO 15 (where plaintiffs filed entire transcripts despite citing to only small parts, ordering plaintiffs to refile with "all unnecessary pages removed").  It also can lead to needless harm to non-party individuals or business harm to Monsanto arising from the premature release of information divorced from the context that develops at the merits-stage of litigation.  *See, e.g.*, Jt. Discovery Letter Regarding Redactions to Protect Non-Party Individuals, ECF No. 237.  Plaintiffs' counsel

1   also did not confer with Monsanto's counsel before filing these voluminous materials, which
2   includes material Monsanto designated as confidential in good faith pursuant to the Protective
3   and Confidentiality Order (ECF No. 64) and other material for which confidentiality
4   designations are not yet due.
5       One exhibit to plaintiffs' motion contains all text messages produced in discovery from a
6   former Monsanto employee, including the names and cell phone numbers of people with whom
7   the former employee corresponded.  This voluminous exhibit has nothing to do with the
8   questions plaintiffs' counsel identify in their motion as allegedly going unanswered improperly
9   by Mr. Rowland ,and hence it has nothing to do with the Court's evaluation as to whether Mr.
10  Rowland complied with the scope of PTO 19.  It thus is not relevant to the issue before the
11  Court.  Regardless, Plaintiffs had access to this exhibit at the time of the deposition when they
12  argued to this Court for additional questions of Mr. Rowland so if it had any relevance to their
13  request for additional questions – which it does not – those arguments could and should have
14  been raised during the off-the-record conference.  Perhaps most notably, among the nearly 200
15  text messages plaintiffs filed as an exhibit, they cite to only one.  That text message does not
16  discuss Mr. Rowland's post-EPA employment and does not discuss Mr. Rowland.  As to the
17  other text messages, plaintiffs should not have filed them because plaintiffs do not even attempt
18  to address them anywhere in their motion (nor could they since, as noted above, they have
19  nothing to do with the questions to which plaintiffs seek to compel responses.)
20      Plaintiffs' act of attaching this exhibit to their motion is yet another instance of plaintiffs'
21  "practice of attempting to get documents publicly released by attaching them to motions
22  unnecessarily, then hoping that the Court will deny requests to seal documents that shouldn't
23  have been filed in the first place."  PTO 20.  This exhibit should be stricken as unnecessary.  *See,*
24  *e.g., Holloway v. Gilead Scis., Inc.*, No. 16-cv-02320-VC, 2016 WL 3526060, at *2 (N.D. Cal.
25  June 23, 2016) (Chhabria, J.) (striking exhibits after finding the associated brief moot); *Minebea*
26  *Co. Ltd. v. Papst*, 221 F.R.D. 11, 11-12 (D.D.C. 2004) (striking exhibits filed in support of non-
27
28

1  dispositive motion, and directing the parties in the future not to file exhibits to non-dispositive
2  motions without leave of court).
3      In addition to containing sensitive business information including regarding products not
4  at issue in this litigation, plaintiffs' text messages exhibit presents serious concerns regarding
5  potential harm to non-parties. Although no individuals are a party to this litigation, plaintiffs'
6  exhibit contains names and cell phone numbers which without redaction could put those
7  individuals' privacy, safety, or professional reputations inappropriately at risk. In the above-
8  referenced joint letter to the Court (ECF No. 237), Monsanto described how one former
9  employee had to change his cell phone number immediately after his number was published in a
10 document released pursuant to PTO 15. It is common for cell phone numbers, which are not
11 relevant, to be redacted in court filings, and Monsanto believes at a minimum this should be a
12 standard practice for all court filings in this MDL. *See, e.g.*, *Howe v. Pennsylvania State Univ. -*
13 *Harrisburg*, No. CV 1:16-0102, 2016 WL 393717, at *1 n.1 (M.D. Pa. Feb. 2, 2016) ("As these
14 exhibits contain personal information, including cell phone numbers, the court has placed these
15 documents under seal."), *appeal dismissed* (Mar. 29, 2016).
16     That letter also described other harms to non-parties following PTO 15, such as the
17 invasion of privacy and harassment or threats, which unfortunately has continued with Monsanto
18 receiving reports of additional incidents related to unsealed documents following certain media
19 coverage. For these reasons, courts have correctly protected non-party individuals (whose
20 identity is not material to resolving the issues) from becoming part of the public story by
21 ordering redaction of their names. *See, e.g.*, *Music Grp. Macao Commercial Offshore Ltd. v.*
22 *Foote*, Case No. 14-cv-03078-JSC, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) (ordering
23 redaction of names of individuals who were not parties to the action because "the names of those
24 employees [was] not important" to resolving the motion and based on the "privacy rights" of
25 individuals); *In re Rocket Fuel Inc. Sec. Litig.*, Case No. 14-cv-03998-PJH, 2017 WL 344983, at
26 *7 (N.D. Cal. Jan. 24, 2017) (finding good cause to order the redaction of "the names of Rocket
27 Fuel employees who are not officers, directors, or named defendants in" the securities violation
28

case). Just as the text messages themselves are not relevant to resolving this motion, the names of the individuals identified therein are not relevant.

While the Court instructed in response to the above-referenced joint letter that Monsanto should raise these requests "with specific reference to the sealable information and a full explanation of the basis for sealing," PTO 17, Monsanto does not believe that the Court intended for Monsanto to have to follow such formal procedure where, as here, plaintiffs attach wholly irrelevant materials to a discovery motion, but certainly will do so if requested. Either way, Monsanto respectfully requests that the Court strike the irrelevant material, as it has before. *See, e.g.*, PTO 20.

Finally, with respect to the other exhibit that plaintiffs filed under seal (the draft/rough transcript of the deposition of Mr. Rowland), Monsanto asks the Court, consistent with PTO 15, to strike the 354-page exhibit, with leave for plaintiffs to refile only the 15 pages that they actually cited, *i.e.* with "all unnecessary pages removed." If plaintiffs refile, Monsanto further notes – and requests the Court to mandate – that plaintiffs should adhere to the rulings on redactions requested by Mr. Rowland's counsel for those specific pages.

As to the 15 of 354 pages plaintiffs cited in their motion, Monsanto takes no position on sealing.[1] But as to the other 339 pages, those pages should be stricken as irrelevant and unnecessary to resolving this motion. Neither Monsanto nor the Court should be required to sift through the hundreds of pages to figure out which parts, if any, relate to plaintiffs' requested relief and how. *See, e.g.*, *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs," much less exhibits). These uncited pages include, *inter alia*, discussion of documents that Monsanto designated as confidential in good faith pursuant to the Protective and Confidentiality Order. Because the deposition was only

---

[1] However, the cited pages do show a fishing expedition of little or no relevance. Plaintiffs cite no refusals by Dr. Rowland to answer any central questions to support their false assertions that Monsanto conferred post-EPA benefits on Mr. Rowland. Plaintiffs, for example, cite no refusal to answer whether Mr. Rowland has ever been employed by Monsanto directly or as a consultant, whether Monsanto has ever paid Mr. Rowland at any time or directed payments to Mr. Rowland, or whether Monsanto has ever assisted Mr. Rowland in securing employment at any time.

1  recently completed, Monsanto has not yet received the signed transcript and exhibits, has not
2  completed its evaluation of which parts will be designated as confidential, and has not received
3  any forthcoming errata.
4      For these reasons, Monsanto requests that the Court strike plaintiffs' sealed materials.  In
5  the event that the Court denies Monsanto's requested relief, before any materials are released,
6  Monsanto requests an opportunity to consider the materials at issue and to seek to seal specific
7  materials consistent with the Court's rulings.

DATED: May 10, 2017                             Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY