# EXHIBIT A

Michael L. Baum, Esq. (SBN: 119511)
mbaum@baumhedlundlaw.com
R. Brent Wisner, Esq. (SBN: 276023)
rbwisner@baumhedlundlaw.com
Frances M. Phares, Esq. (LA #10388)
fphares@baumhedlundlaw.com
Pedram Esfandiary, Esq. (SBN: 312569)
pesfandiary@baumhedlundlaw.com
**BAUM, HEDLUND, ARISTEI &
GOLDMAN, P.C.**
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Telephone: (310) 207-3233
Facsimile: (310) 820-7444

Nicholas R. Rockforte (LA #31305)
nrockforte@pbclawfirm.com
Christopher L. Coffin (LA #27902)
ccoffin@pbclawfirm.com
Jonathan E. Chatwin (LA #36410)
jchatwin@pbclawfirm.com
**PENDLEY, BAUDIN & COFFIN, LLP**
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 355-0086
Facsimile: (504) 523-0699

*Attorneys for Plaintiffs*

Robert F. Kennedy, Jr., Esq.
rkennedy@kennedymadonna.com
Kevin J. Madonna, Esq.
kmadonna@kennedymadonna.com
**KENNEDY & MADONNA, LLP**
48 Dewitt Mills Road
Hurley, New York 12443
Telephone: (845) 481-2622
Facsimile: (845) 230-3111

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Pennie, et al. v. Monsanto Co., et al.*<br>Case No. 3:17-cv-01711-VC | MDL No. 02741<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF REMAND** |

### **TABLE OF CONTENTS**

TABLE OF CONTENTS ...................................................................................i

INTRODUCTION .........................................................................................1

ARGUMENT ...............................................................................................3

    I.    Monsanto Fails to Demonstrate Federal Question Jurisdiction Because It Has Not Satisfied Any of the *Grable-Gunn* Elements ...............................3

        A.    First *Grable-Gunn* Factor: Monsanto Cannot Demonstrate the Complaint *Necessarily* Raises a Federal Issue ..................................3

        B.    Second *Grable-Gunn* Factor: Monsanto Cannot Identify any "Actually Disputed" Federal Issues ...................................................6

        C.    Third *Grable-Gunn* Factor: Monsanto Cannot Show that Plaintiffs Have Alleged "Substantial" Federal Violations .............................6

        D.    Fourth *Grable-Gunn* Factor: Exercising Federal Jurisdiction of Typical Products Liability Cases Eviscerates the Balance between State and Federal Jurisdiction ...........................................................7

    II.    Monsanto's Claim of Federal Jurisdiction Pursuant to the Federal Officer Removal Is Meritless ........................................................................8

    III.    By Statute, Plaintiffs Are Entitled to Attorneys' Fees and Costs ..............9

CONCLUSION ...........................................................................................10

1

## INTRODUCTION

2    Every year, thousands of cases are filed in state court alleging that a federally-regulated

3    product caused an injury and none of those lawsuits implicate a federal question sufficient to confer

4    subject matter jurisdiction.  This case is no different.  Monsanto removed this case and many

5    others—even cases filed in its home city of St. Louis, MO—under the dubious claim that because the

6    Environmental Protection Agency (EPA) regulates glyphosate and Plaintiffs allege violations of state

7    law (that, by definition, mirror violations of federal law), run-of-the-mill failure-to-warn cases

8    transmute into novel state-federal claims requiring federal court disposition.  This is inaccurate.

9    Monsanto's argument for federal question jurisdiction is nothing more than a delay tactic

10   designed to force Plaintiffs, all of whom have been diagnosed with and are receiving or have received

11   treatment for Non-Hodgkin Lymphoma (NHL), to await the prompt and efficient resolution of their

12   claims and to deny them their chosen forum.  Indeed, Plaintiff Gary C. Puckett, one of the Plaintiffs

13   in this case, lost his battle with NHL while this removal issue was being briefed.  Plaintiffs

14   respectfully ask that Monsanto be sanctioned for this unreasonable use of process.

15   Monsanto's opposition fails to even address the standard for removal based upon "substantial

16   questions of federal law[,]" electing instead to make generalized claims of federal question without

17   any real substance.  The proper test, as articulated in *Grable & Sons Metal Products, Inc. v. Darue

18   Engineering & Manufacturing*, 545 U.S. 308, 312 (2005) and *Gunn v. Minton,* 133 S. Ct. 1059, 1065

19   (2013), requires a defendant to demonstrate that a complaint contains allegations relating to federal

20   law that (1) are necessarily raised, (2) are actually disputed, (3) are substantial, and (4) capable of

21   resolution in federal court without disrupting the federal-state balance approved by Congress.[1]

22   Monsanto has failed to meet its burden and raises objectively unreasonable arguments.

23   ***First***, Monsanto appears to argue that this case raises a federal question because Monsanto

24   intends to raise a preemption defense.  Indeed, Monsanto cites and relies on the preemption case

25   *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001) to support this argument.[2]  However,

26   _____

27   [1] *Gunn*, 133 S. Ct. at 1065 (citing *Grable*, U.S. 545 at 314); *accord New York ex. Rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.* 824 F.3d 308, 315 (2d Cir. 2016) (identifying the four requirements as the "*Grable-Gunn* test").

28   [2] *See* Opp. To Remand at 3.

*Buckman* has nothing to do with subject-matter jurisdiction. *Buckman* deals with whether state law claims exclusively based on allegations of fraud-on-the-FDA are preempted by federal law. And here, there are no allegations involving fraud on any federal agency. More importantly, it is black-letter law that an affirmative defense, i.e., preemption, cannot raise a federal question sufficient to confer subject matter jurisdiction, so Monsanto's reliance on *Buckman* is unfounded.[3] If preemption were sufficient to confer subject matter jurisdiction, any products liability case involving a federally-regulated product (which is almost every product) would be litigated in federal court.

**Second**, Monsanto attempts to side-step this preemption issue by arguing that because there are allegations of a close relationship between Monsanto and an EPA official, this case will involve issues related to federal law. But, again, this argument misses the point. Whether this case involves elements of federal law is not the standard. The standard is *necessity*. And, none of those allegations are a *necessary* element of Plaintiffs' claims—even if they are relevant.[4]

That said, even if Plaintiffs' allegations were based on a fraud-on the-EPA theory, and collusion with EPA officials were an element of Plaintiffs' California causes of action, it would still not confer federal jurisdiction. The Supreme Court has held that unless Congress created a federal private right of action under the federal law implicated by the lawsuit, "the presence of the federal issue as an element of the state tort . . . is insufficiently 'substantial' to confer federal-question jurisdiction."[5] No matter how the Court reads Monsanto's argument, it loses.

**Third**, recognizing its claimed federal question is not central to this litigation, Monsanto then raises a far-fetched argument for federal question jurisdiction pursuant to the federal officer removal statute. *See* 28 U.S.C. § 1442(a)(1). The statute, which has nothing to do with this case, allows lawsuits brought against *federal officers* to be removed to federal court.

However, Plaintiffs have not sued a federal officer. And, although Monsanto may wish it wielded the authority of the federal government directly, there are no allegations within the complaint—or any facts outside of the complaint—indicating that Monsanto was *expressly* delegated

---

[3] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).
[4] *See* Pretrial Order No. 15: Third-Party Discovery and Pending Motions to Seal at 3 (Dkt. 186) ("The opinions of the IARC and EPA about what the studies show, while important, are secondary.").
[5] *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 814 (1986).

REPLY IN SUPPORT OF MOTION TO REMAND

authority by the EPA.  To be sure, Monsanto's snug relationship with an EPA official is unseemly but it does not rise to "acting under direction" of a federal agency, necessary for removal under Section 1442(a)(1).

Monsanto removed this case without a reasonable basis and has wasted the resources and time of the Court and Plaintiffs.  Monsanto's procedural tactic has only served to inject delay.  And, given the serious illness which plagues many of the Plaintiffs as a result of using Monsanto's product, this stalling is wrong, both from a legal and ethical perspective.  Plaintiffs respectfully submit that remand and sanctions are warranted.

## ARGUMENT

**I.    Monsanto Fails to Demonstrate Federal Question Jurisdiction Because It Has Not Satisfied Any of the *Grable-Gunn* Elements**

**A.    First *Grable-Gunn* Factor: Monsanto Cannot Demonstrate the Complaint *Necessarily* Raises a Federal Issue**

Monsanto does not address, and is unable to satisfy, the first prong for "substantial federal question" removal under the *Grable-Gunn* test—namely, that a plaintiff's proof of its state law claim must *necessarily raise* a stated federal issue.[6]  In an attempt to recast Plaintiffs' allegations to implicate nonexistent federal issues, Monsanto argues that its collusion with an EPA official is sufficient to invoke federal subject-matter jurisdiction.[7]  To support this theory, Monsanto offers an inaccurate reading of the law by citing the Supreme Court's *Buckman* decision.[8]

However, *Buckman* did not address removal—it involved whether a "plaintiffs' state-law fraud-on-the-FDA claims conflict with, and are therefore impliedly pre-empted by, federal law."[9]  It has nothing to do with removal: "Although under *Buckman,* defendants may be able to assert an ***implied preemption*** defense to plaintiffs' state law claim … such defense ***does not confer subject matter jurisdiction*** on this Court where it otherwise is lacking."[10]

---

[6] *Grable,* 545 U.S. at 314.
[7] *See* Opp. to Remand at 3.
[8] *Id.*
[9] *Buckman,* 531 U.S. at 347
[10] *Little v. Bridgestone/Firestone, Inc.,* 259 F. Supp. 2d 1016, 1026 (C.D. Cal. 2003) (emphasis added) (citing *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000) (defendants' attempt to remove state case based upon *Buckman* removal denied); *Dawson v. Ciba-Geigy Corp.,* 145 F. Supp. 2d 565, 572 (D.N.J. 2001) (dismissing

Plaintiffs are not suing Monsanto for any fraud it may have perpetuated on the EPA, but for Monsanto misleading the public by making false representations about the safety of Roundup.[11] That Monsanto had a collusive relationship with an EPA official does not convert Plaintiffs' state law claims into one based on federal law.[12]

Throughout its Opposition to Remand and Notice of Removal, Monsanto cites to the MDL litigation to show that Plaintiffs' state-court claims invoke a federal question.[13] Monsanto argues that because some discovery in the MDL related to an EPA official, the relationship between Monsanto and the EPA is at the center of Plaintiffs' Complaint. But that is a complete red herring.[14] Not only would it be improper to use the ongoing litigation in this MDL related to discovery to create subject-matter jurisdiction over cases filed outside of the MDL in state court, but even if the Court did consider those discovery disputes, the Court has held that issues relating to the EPA and the unseemly relationship between Monsanto and EPA officials, while relevant, are *secondary*.[15]

Monsanto's references to the motion and discovery practice in the MDL are nothing more than an attempt to circumvent the well-pleaded complaint rule, which provides that in assessing

---

argument that *Buckman* may be used to support removal).

[11] Pennie Cplt, ¶ 216.

[12] *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).

[13] *See* Opp. To Remand at 8-9. It is telling that none of the cases in the MDL, except for those improperly removed by Monsanto, are in federal court because of a federal question. They are all in this MDL because of diversity jurisdiction.

[14] This effort to drag the issue of intimate relations between EPA and Monsanto to the heart of Plaintiffs' allegations is a blatant attempt to overcome the fact that Plaintiffs' well-pleaded complaint does not "***necessarily require***" the "***application***" of federal regulations. *Organic Consumers Ass'n v. General Mills, Inc.*, No. 1:16-CV-1921-ESH, 2017 WL 706168, at *4-5 (D.D.C. Feb. 22, 2017) (emphasis added). Monsanto also misunderstands Plaintiffs' reliance on *Organic Consumers*. *Organic Consumers* involved the *same* chemical and regulatory agency. And, like here, the defendant removed the case using the same arguments Monsanto does here. The court granted remand, holding that even though the underlying complaint implicated federal issues, since none of those issues were necessary to the plaintiff's claim, it did not create federal subject matter jurisdiction. Monsanto states that this case is somehow different—but even a cursory evaluation indicates these cases are on all fours. The defendants in *Organic Consumers* argued that "plaintiffs' claim will require a court to 'assess the meaning and effect' of these federal regulations because the complaint alleges that 'General Mills labels are misleading because they omit disclosing the presence and dangers of glyphosate.'" *Id.* at 5. In nearly-identical terms, Monsanto argues: "Because the fraud-on-the-EPA claims require this Court to decide how a federal agency would construe federal statutes and regulations, those claims arise under federal law, and this Court has jurisdiction." Opp. To Remand at 5. This is the *same* argument that the *Organic Consumers* court *rejected*.

[15] Pretrial Order No. 15: Third-Party Discovery and Pending Motions to Seal at 2 (Dkt. 186) (the Court also indicated that "Monsanto has taken inconsistent positions on this issue").

issues such as subject-matter jurisdiction, the Court need look no further than the allegations in the Complaint.[16]

The Supreme Court holds that the "necessarily raised" element is not present when "all [of the plaintiffs'] claims s[eek] relief under state law and none necessarily raise a federal issue."[17] Like the Plaintiffs in *Rains v. Criterion Systems, Inc.*, Plaintiffs' allegations here are based on independent state law theories related to the sale of Roundup® in California, and resolving those claims can be done without adjudicating federal issues.[18] Monsanto attempts to distinguish *Rains* by arguing that "federal issues alleged in the Complaint permeate, and are inextricably intertwined with, the state-law-based claims…."[19] However, the court in *Rains* did not find the complaint to *necessarily* implicate federal issues even though "Rains' complaint states at the outset that it arises under "the laws of the United States (42 U.S.C. § 2000(e)–2) [Title VII]."[20]

The suggestion that Plaintiffs' allegations in this case hinge on the application of federal law is simply unfounded. To be sure, Plaintiffs limit their allegations to the extent Monsanto's violations of California law mirror federal law, but that limitation does not somehow turn a state failure-to-warn claim in a federal one. Holding otherwise would stretch the limits of federal question jurisdiction to any state law tort involving a product subject to federal regulation. "A claim does not present a 'substantial question' of federal law merely because a federal question is an 'ingredient' of the cause of action."[21] Thus, the first *Grable-Gunn* factor weighs in favor of remand.

---

[16] *See Merrell Dow Pharm.*, 478 U.S. at 809 n.6 ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *Ben. Nat'l Bank v. Anderson*, 539 U.S 1, 6 (2003) ("[A]bsent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim.").

[17] *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1575 (2016).

[18] 80 F.3d 339, 346 (9th Cir. 1996). Monsanto's attempt to characterize Plaintiffs' allegations as "fraud-on-the-EPA claims" and then proceeding to treat its characterizations of Plaintiffs' allegations as if it they were elements of such a claim contradicts Supreme Court jurisprudence: "The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction." *Caterpillar*, 482 U.S. at 392.

[19] Opp. To Remand at 9.

[20] *Rains*, 80 F.3d at 343.

[21] *Regents of Univ. Cal. v. Comerchero*, No. CV 09-00862MMMFMOX, 2009 WL 481464, at *2 (C.D. Cal. Feb. 23, 2009); *Merrell Dow*, 478 U.S. at 813 ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction."); *Cason v. Cal. Check Cashing Stores*, No. C-13-03388 JCS, 2014 WL 1351042, at *2 (N.D. Cal. Apr. 4, 2014) (references to federal law, without specifically alleging a cause of action under federal law is insufficient to exercise removal jurisdiction).

**B.    Second *Grable-Gunn* Factor: Monsanto Cannot Identify any "Actually Disputed" Federal Issues**

Having failed to demonstrate that the federal issues raised in the Complaint are necessary, the inquiry is over.  Removal was improper and remand should follow.  However, Monsanto further fails to discuss the second element of the *Grable-Gunn* test for removal, which requires the complaint also raise "actually disputed federal issues" that must be resolved for Plaintiffs to prevail.

As explained in the moving papers, Plaintiffs' references to federal law violations serve to contextualize the background of their state-law allegations—they are not disputed issues of law.  However, Monsanto bizarrely argues that this characterization evinces Plaintiffs' intention to "amend their Complaint after removal."[22]  This is patently untrue.  There have been no post-removal amendments.  Monsanto's citation to *Williams v. Costco Wholesale Corp.* is completely misplaced since the case specifically addressed the situation where a plaintiff actually amended the Complaint *subsequent* to removal and prior to moving for remand.[23]  Here, the truth is simpler—Monsanto has not and *cannot* demonstrate that any federal issues raised in the Complaint—none of which are necessary—are actually disputed, i.e., go to the heart of Plaintiffs' claim.  Without this, removal was unwarranted and remand is appropriate.  The second *Grable-Gunn* factor weighs in favor of remand.

**C.    Third *Grable-Gunn* Factor: Monsanto Cannot Show that Plaintiffs Have Alleged "Substantial" Federal Violations**

As explained in Plaintiffs' Motion for Remand, the third element of the *Grable-Gunn* test analyzes the importance of the alleged federal issue to the federal system as a whole.[24]  This requires the claims to "indi[cate] a serious federal interest in claiming the advantages thought to be inherent in the federal forum."[25]  Here, Monsanto has not demonstrated a substantial federal interest in having this case adjudicated in federal court.  Congress has never crafted a private cause of action relating to the federal issues raised by Monsanto:

> [T]he congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action

---

[22] Opp. To Remand at 8.
[23] 471 F.3d 975, 976 (9th Cir. 2006) ("After removal, Williams amended his complaint to eliminate the only federal claim and to add new state law claims. He then filed a motion to remand.").
[24] *Gunn*, 133 S. Ct at 1066.
[25] *Grable*, 545 U.S. at 313.

*is insufficiently "substantial" to confer federal-question jurisdiction.*[26]

Thus, Monsanto's assertion that the "federal interest" in having this case litigated in federal court because of Plaintiffs' references to violations of FIFRA and the "EPA's control over the registration, sale, and labeling of Monsanto's Roundup®-branded herbicides" must fail. "[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'"[27]

In other words, when Congress refrains from creating a private federal cause of action despite regulating an area of activity, that serves as evidence that Congress never intended those claims to be subject to federal jurisdiction and there is no substantial interest in the state-law causes of action that implicate those federal regulations.[28]  Although Plaintiffs have not based elements of their state law causes of action on violations of federal law, Monsanto's argument that Plaintiffs have does not, itself, provide a basis for removal because there is no private cause of action under FIFRA.

Thus, the third *Grable-Gunn* factor weighs in favor of remand.

### D.  Fourth *Grable-Gunn* Factor: Exercising Federal Jurisdiction of Typical Products Liability Cases Eviscerates the Balance between State and Federal Jurisdiction

Monsanto argues that "exercising federal jurisdiction over these federal issues will not disrupt the balance between federal and state jurisdiction adopted by Congress."[29]  This is also not accurate. The gravamen of Monsanto's argument is that because Monsanto sells a product that is regulated by the EPA and there are allegations that Monsanto engaged in conduct that violated both state and federal law, there is subject matter jurisdiction in federal court.[30]

But, if Monsanto is right, then nearly every lawsuit involving a federally-regulated product would be subject to federal jurisdiction.  Such a holding would eviscerate state court jurisdiction over

---

[26] *Merrell Dow*, 478 U.S. at 814 (emphasis added).
[27] *Utley v. Varian Assocs., Inc.*, 811 F.2d 1279, 1282 (9th Cir. 1987) (quoting *Merrell Dow*, 106 S.Ct at 3237).
[28] *Id*.
[29] Opp. To Remand at 4.
[30] The two cases cited by Monsanto, *Hamilton v. Gonzales*, 485 F.3d 564, 569 (10th Cir. 2007) and *Gallo Cattle Co. v. U.S. Dept. of Agriculture*, 159 F.3d 1194, 1198 (9th Cir. 1998), are not concerned with removal, much less any of the elements under *Grable-Gunn*.  Both were actions *against* regulatory bodies, not cases where the involvement of a regulatory body was peripheral to the allegations.

federally-regulated products-liability claims, undermining the balance between state and federal interests.  The fourth *Grable-Gunn* factor also weighs in favor of remand.

## II.   Monsanto's Claim of Federal Jurisdiction Pursuant to the Federal Officer Removal Is Meritless

To remove a state court case under the federal officer removal statute, a defendant must show that it (1) acted under direction from a federal officer, (2) there was a causal connection between defendant's acts and the official authority, (3) defendant has a colorable federal defense, and (4) defendant is a "person" within the statute's meaning.[31]  Just like its Notice of Removal, Monsanto attempts to go through the elements for federal officer removal under 28 U.S.C. § 1442(a)(1) but fails to acknowledge that Plaintiffs' claims do not give rise to the "acted under direction from a federal officer" element of Section 1442(a)(1).

Monsanto asserts: "The allegations in this case go far beyond 'the usual regulator/regulated relationship.' . . .  Plaintiffs allege a special – indeed, extraordinary and illegal – relationship between the regulated company (Monsanto) and the federal regulatory agency (EPA)."[32]  However, while Plaintiffs do allege an improper relationship between Monsanto and at least one member of the EPA, that allegation, alone, does not satisfy the first element for federal officer removal.  An "extraordinary and illegal" relationship does not mean that Monsanto "acted under direction from a federal officer."

Nowhere has Monsanto actually demonstrated that a federal officer or agency *delegated* authority to Monsanto.[33]  At best, the allegations show that Monsanto induced a federal officer to abuse *his* authority, but that is not enough.  Absent a showing of delegation, Monsanto's argument fails before even getting started.  Indeed, it is difficult to envision how even a "liberal construction" of the statute would grant federal jurisdiction over this matter when Plaintiffs have not sued the EPA, the EPA has not delegated decision-making authority to Monsanto, and Monsanto's only connection

---

[31] *Dahl v. R.J. Reynolds Tobacco Co.,* 478 F.3d 965, 967 n. 2 (8th Cir. 2007).
[32] Opp. To Remand at 12.
[33] *Watson v. Philip Morris Cos., Inc.,* 551 U.S. 142, 153-154 (2007); *Ryan v. Dow Chemical Co.,* 781 F.Supp. 934, 946 (E.D.N.Y.1992) ("A majority of courts have held that the federal official must have 'direct and detailed control' over the defendant."). There is no case law supporting the contention that an *illegal* relationship between a federal agency/officer and a private party is equivalent to *delegation.*

with the agency are intimate dealings between Monsanto and a federal official.[34]

By virtue of not satisfying the first element of the four-part test under the federal officer removal statute, Monsanto cannot demonstrate the second element either, i.e., that there was a causal connection between their actions and the federal authority.  Because there was no delegation of authority from the EPA to Monsanto, nor direct control by the EPA over Monsanto as a result of a delegation, there is no causal nexus between any actions for which Monsanto is being sued and official delegation from the EPA.  In other words, there is no evidence or allegations indicating that Monsanto was operating as a federal official in its sale and marketing of Roundup®.

Monsanto collapses the first two elements, "acting under direction" and "causal connection" into a single analysis, arguing that "Plaintiffs' entire case is based on the theory of illegal collusion between Monsanto and specific EPA officers…"[35]  As already discussed, this is a wildly inaccurate summation of Plaintiffs' case and Monsanto cannot establish a causal connection between its relationship with the EPA[36] and a delegation of authority from the agency by recasting Plaintiffs' allegations to satisfy both elements.

### III.   By Statute, Plaintiffs Are Entitled to Attorneys' Fees and Costs

Plaintiffs respectfully ask the Court to award Plaintiffs' fees and costs associated with bringing this motion to remand as provided by 28 U.S.C. § 1447(c).  Plaintiffs incurred the following costs and

---

[34] Monsanto's reliance on *Watson* ignores both the fact that remand was granted and Philip Morris' argument akin to that of Monsanto's, based on collusion between one of its lawyers and an FTC official, did not to satisfy the delegation requirement of Section 1442(a)(1).  Also, Monsanto's reliance on *Jacks v. Meridian Resource Co.,* 701 F.3d 1224, 1230 (8th Cir. 2012)*,* is misplaced.  There, a federal agency delegated the task of providing health benefits plans for federal employees to a private company; the company's private operator was found to be "assisting," thus "acting under" the authority bestowed to it by the federal agency.  Thankfully, the EPA has never delegated its federal duties to regulate pesticides to Monsanto.

[35] Opp. To Remand at 12.

[36]*Fung* 816 F. Supp. at 572 ("Defendant…must next show that it was "acting under" an officer of the United States by establishing a nexus between the actions of the ***federal officers*** and the actions for which the ***defendant is being sued***.) (citing *Gulati v. Zuckerman*, 723 F.Supp. 353, 358 (E.D.Pa.1989) (emphasis added).  Moreover, the Supreme Court and district precedent cited by Monsanto in support of the third element are entirely distinguishable from the current case.  Both *Jefferson Cty., Ala. v. Acker*, 527 U.S. 423 (1999) and *Kinetic Sys., Inc. v. Federal Financing Bank*, 895 F. Supp. 2d 983 (N.D. Cal. 2012) were cases where *federal officers* or a *federal agency* was sued and "acting under direction" of a federal agency or officer element had already been positively determined before the court reached the question of a colorable defense.  Because Monsanto has not acted under federal authority in the first place, Monsanto cannot, in turn, assert that it has *colorable federal defenses* and cannot meet the third requirement under federal officer removal.

fees associated with bringing this motion—the details of these expenses are outlined in the attached Declaration of Pedram Esfandiary.  In total, Plaintiffs request an award of $ 34,947.80.[37]

Under Section 1447(c), an award of fees and costs is discretionary.   It turns on whether "the removing party lacked an objectively reasonable basis for seeking removal."[38]  However, "[s]uch an award does not require a finding of 'bad faith,' or that the removal was 'frivolous' or 'vexatious.'  Indeed, fees may be awarded even where the removal was "fairly supportable."[39]  The Court should "simply make[] an equitable determination as to whether Plaintiff should be forced to bear its own costs, or whether costs should be shifted, in whole or in part, to the Defendant."[40]

Here, there is no grey area.  Not only does Monsanto's removal lack an objectively reasonable basis, it is quite absurd.  Consider, for a moment, Monsanto's federal officer removal statute argument:  This Court supposedly has federal jurisdiction because Monsanto is a *federal officer* merely due to intimate relations between Monsanto and an EPA employee.  That Plaintiffs are forced to respond to this is exactly the type of frivolous removal[41] an award of fees and costs is supposed to deter.

And, considering Monsanto raises similar grounds for removal in cases around the country, with the aim of transferring to this MDL, there is a strong incentive for this Court send a message to Monsanto that unwarranted removal is not going to be tolerated.   Monsanto is attempting to use this MDL—which Monsanto strenuously argued against forming—to delay state court cases.  Plaintiffs respectfully ask the Court to exercise its discretion and award attorney fees and appropriate costs.

## CONCLUSION

Accordingly, for all of the foregoing reasons and the reasons set forth in Plaintiffs' Motion for Remand, Plaintiffs respectfully request that the Court remand this case to California Superior Court for the County of Alameda pursuant to 28 U.S.C. § 1447(c) and award Plaintiffs fees and costs.

---

[37] Decl. of Pedram Esfandiary at 3.
[38] *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).
[39] *Braco v. MCI Worldcom Commc'ns, Inc.*, 138 F. Supp. 2d 1260, 1266 (C.D. Cal. 2001)
[40] *Id.* at 1270.
[41] Monsanto has used the federal officer removal statute to remove cases in other litigations and has routinely lost.  *Agee v. Monsanto Co.*, No. 3:09-CV-1336, 2010 WL 3835647, at *7 (S.D.W. Va. Sept. 29, 2010); *Bailey v. Monsanto Co.*, 176 F. Supp. 3d 853, 870 (E.D. Mo. 2016); *Kelly v. Monsanto Co., Solutia Inc.*, No. 4:15 CV 1825 JMB, 2016 WL 3543050, at *11 (E.D. Mo. June 29, 2016).  This is further evidence of frivolous removal.

Dated:  May 12, 2017          **BAUM HEDLUND ARISTEI & GOLDMAN, P.C.**

/s/ Pedram Esfandiary
Pedram Esfandiary (SBN: 312569)
pesfandiary@baumhedlund.com
R. Brent Wisner (SBN: 276023)
rbwisner@baumhedlundlaw.com
Michael L. Baum, Esq. (SBN: 119511)
mbaum@baumhedlundlaw.com
Frances M. Phares, Esq. (LA #10388)
fphares@baumhedlundlaw.com
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Telephone:  (310) 207-3233
Facsimile:  (310) 820-7444

**KENNEDY & MADONNA, LLP**
Robert F. Kennedy, Jr., Esq.
rkennedy@kennedymadonna.com
Kevin J. Madonna, Esq.
kmadonna@kennedymadonna.com
48 Dewitt Mills Road
Hurley, New York 12443
Telephone:  (845) 481-2622
Facsimile:  (845) 230-3111

**PENDLEY, BAUDIN & COFFIN, LLP**
Nicholas R. Rockforte (LA #31305)
nrockforte@pbclawfirm.com
Christopher L. Coffin (LA #27902)
ccoffin@pbclawfirm.com
Jonathan E. Chatwin (LA #36410)
jchatwin@pbclawfirm.com
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 355-0086
Facsimile:  (504) 523-0699

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Pedram Esfandiary, hereby certify that, on May 12, 2017, I electronically filed the foregoing with the Clerk for the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

/s/ Pedram Esfandiary
Pedram Esfandiary

REPLY IN SUPPORT OF MOTION TO REMAND