**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC 20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
           elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC |
| This document relates to: <br><br> *Pecorelli v. Monsanto Co.*, <br> Case No. 3:16-cv-06936-VC | |

**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Mark Pecorelli's Complaint and Jury Demand ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto denies the remaining allegations in paragraph 1.

2.      The allegations in paragraph 2 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in the first sentence of paragraph 4 set forth conclusions of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 6 and therefore denies those allegations.  Monsanto admits the remaining allegations in paragraph 6.

7.      Monsanto denies that its Roundup®-branded products are "dangerous" and denies that plaintiff's or plaintiff's decedent's alleged harms, losses, or damages were caused by Roundup®-branded products.  Monsanto lacks information or knowledge sufficient to form a belief as to the allegations in paragraph 7 regarding plaintiff's and plaintiff's decedent's residency and place of injury and therefore denies those allegations.  The remaining allegations in paragraph 7 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits that venue is appropriate in the Northern District of Illinois based upon the allegations in plaintiff's Complaint.

8.      Monsanto denies that exposure to Roundup®-branded products did or could have caused plaintiff's decedent's alleged non-Hodgkin's lymphoma.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 8 and therefore denies those allegations.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.

10.      Monsanto admits the allegations in paragraph 10.

11.      In response to the allegations in paragraph 11, Monsanto admits that it sells Roundup®-branded products in the Northern District of Illinois.

12.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 12 and therefore denies those allegations.

13.      The allegations in paragraph 13 are vague and conclusory and comprise attorney

1   characterizations and are accordingly denied.

2         14.    The allegations in paragraph 14 are vague and conclusory and comprise attorney

3   characterizations and are accordingly denied.

4         15.    Monsanto admits the allegations in the first sentence of paragraph 15.  Monsanto

5   admits that it is authorized to do business in Illinois.  The remaining allegations in paragraph 15

6   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

7         16.    The allegations in paragraph 16 set forth conclusions of law for which no

8   response is required.

9         17.    Monsanto denies the allegations in paragraph 17.

10         18.    In response to the allegations in Paragraph 18, Monsanto denies the allegation that

11   decedent's death was "wrongful" and denies that any injuries alleged in the Complaint, including

12   the injury and death of plaintiff's decedent, were caused by Roundup®-branded products.  The

13   remaining allegations in paragraph 18 contain legal conclusions to which no response is required.

14   To the extent that a response is required, Monsanto lacks information or knowledge sufficient to

15   form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies

16   those allegations.

17         19.    Monsanto admits that plaintiff purports to bring an action pursuant to applicable

18   wrongful death and survival statutes but denies any liability to plaintiff or plaintiff's decedent.

19         20.    Monsanto denies that exposure to Roundup®-branded products could have caused

20   or did cause plaintiff's decedent's alleged cancer and/or death.  Monsanto lacks information or

21   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 20

22   and therefore denies those allegations.

23         21.    Monsanto admits that it has designed, researched, manufactured, tested,

24   advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The

25   remaining allegations in paragraph 21 set forth conclusions of law for which no response is

26   required.

27         22.    Monsanto admits that it is an agricultural biotechnology corporation with a

28   principal place of business in St. Louis, Missouri.  Monsanto admits that it and its affiliated

1    companies have operations and offices in countries around the world.  Monsanto states that the

2    remaining allegations in paragraph 22 are vague and that it accordingly lacks information or

3    knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

4    denies those allegations.

5          23.     Monsanto admits the allegations in paragraph 23.

6          24.     Monsanto admits the allegations in paragraph 24.

7          25.     Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants

8    and weeds.  Monsanto states that the remaining allegations in paragraph 25 are vague and

9    ambiguous and that it lacks information or knowledge sufficient to form a belief as to the truth of

10   the remaining allegations and therefore denies those allegations.

11         26.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

12   The remaining allegations in paragraph 26 comprise attorney characterizations and are

13   accordingly denied.

14         27.     Monsanto admits the allegations in paragraph 27.

15         28.     Monsanto generally admits the allegations in paragraph 28, but denies the

16   allegations in paragraph 28 to the extent that they suggest that glyphosate is present in any plants

17   at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

18   the United States Environmental Protection Agency ("EPA").

19         29.     Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations asserted in paragraph 29 and therefore denies those allegations.

21         30.     Monsanto admits that it is the leading producer of seeds that contain the Roundup

22   Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a

23   farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

24   belief as to the accuracy of the specific numbers and statistics provided in the remaining

25   sentences of paragraph 30 and therefore denies those allegations.  Monsanto denies the

26   remaining allegations in paragraph 30.

27         31.     Monsanto admits the allegations in paragraph 31.

28         32.     Monsanto admits that Roundup®-branded products have been used by farmers for

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-cv-06936-VC

1   approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

2   properties and denies the remaining allegations in paragraph 32.

3           33.     The allegations in paragraph 33 set forth conclusions of law for which no

4   response is required.  To the extent that a response is deemed required, Monsanto admits the

5   allegations in paragraph 33.

6           34.     In response to the allegations in paragraph 34, Monsanto admits that EPA requires

7   registrants of herbicides to submit extensive data in support of the human health and

8   environmental safety of their products and further admits that EPA will not register or approve

9   the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

10  Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 34 set forth

11  conclusions of law for which no response is required.

12          35.     The allegations in paragraph 35 set forth conclusions of law for which no

13  response is required.

14          36.     Monsanto admits that Roundup®-branded products are registered by EPA for

15  manufacture, sale and distribution and are registered by the State of Illinois for sale and

16  distribution.

17          37.     In response to the allegations in paragraph 37, Monsanto admits that EPA requires

18  registrants of herbicides to submit extensive data in support of the human health and

19  environmental safety of their products and further admits that EPA will not register or approve

20  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

21  states that the term "the product tests" in the final sentence of paragraph 37 is vague and

22  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 37

23  set forth conclusions of law for which no answer is required.

24          38.     Monsanto denies the allegations in paragraph 38 to the extent that they suggest

25  that EPA only evaluates the safety of pesticide products on the date of their initial registration.

26  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

27  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

28  of the allegations in paragraph 38 regarding such pesticide products generally and therefore

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-cv-06936-VC

1    denies those allegations.  The remaining allegations in paragraph 38 set forth conclusions of law

2    for which no response is required.

3            39.     In response to the allegations in paragraph 39, Monsanto admits that EPA has

4    undertaken a regulatory review of glyphosate and further admits that EPA has not released its

5    findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

6    Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

7    concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

8    humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

9    posted an October 2015 final report by its standing Cancer Assessment Review Committee

10   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

11   to be Carcinogenic to Humans."[2]  Monsanto lacks information or knowledge sufficient to form a

12   belief as to the truth of the remaining allegations in paragraph 39 and therefore denies those

13   allegations.

14           40.     In response to the allegations in paragraph 40, Monsanto admits that the New

15   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

16   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

17   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

18   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

19   the subparts purport to quote a document, the document speaks for itself and thus does not

20   require any further answer.  The remaining allegations in paragraph 40 are vague and conclusory

21   and comprise attorney characterizations and are accordingly denied.

22           41.     In response to the allegations in paragraph 41, Monsanto admits it entered into an

23   ---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic*
*Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in
anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
*Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

1    assurance of discontinuance with the New York Attorney General.  The assurance speaks for

2    itself and thus does not require any further answer.  The remaining allegations in paragraph 41

3    are vague and conclusory and comprise attorney characterizations and are accordingly denied.

4         42.    Monsanto denies the allegations in paragraph 42.

5         43.    In response to the allegations in paragraph 43, Monsanto admits that the French

6    court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

7    that it "left the soil clean," but denies the allegations in paragraph 43 to the extent that they

8    suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

9    cancer.  Monsanto denies the remaining allegations in paragraph 43.

10        44.    Monsanto denies the allegations in paragraph 44.

11        45.    In response to the allegations in paragraph 45, Monsanto states that the cited

12   document speaks for itself and does not require a response.  To the extent that the allegations in

13   paragraph 45 go beyond a restatement of the cited document, Monsanto lacks information or

14   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45

15   and therefore denies those allegations.

16        46.    Monsanto admits the allegations in paragraph 46.

17        47.    In response to the allegations in paragraph 47, Monsanto states that the cited

18   document speaks for itself and does not require a response.  To the extent that the allegations in

19   paragraph 47 go beyond a restatement of the cited document, Monsanto lacks information or

20   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47

21   and therefore denies those allegations.

22        48.    Monsanto states that the term "toxic" as used in paragraph 48 is vague and

23   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

24   denies the allegations in paragraph 48.

25        49.    Monsanto admits the allegations in paragraph 49.

26        50.    In response to the allegations in paragraph 50, Monsanto states that the document

27   speaks for itself and does not require a response.  To the extent that a response is deemed

28   required, Monsanto denies the allegations in paragraph 50.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-cv-06936-VC

51.     In response to the allegations in paragraph 51, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 51 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 53 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 53.

54.     Monsanto denies the allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 56.

57.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 57.

58.     Monsanto denies the allegations in paragraph 58.

59.     Monsanto denies the allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

61.     Monsanto denies the allegations in paragraph 61.

62.     Monsanto admits that it has in the past promoted, and continues to promote,

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-cv-06936-VC

1  Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

2  Monsanto denies the remaining allegations in paragraph 62.

3       63.     Monsanto admits that the International Agency for Research on Cancer ("IARC")

4  is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

5  lacks information or knowledge sufficient to form a belief as to the truth of the remaining

6  allegations asserted in paragraph 63 and therefore denies those allegations.

7       64.     Monsanto lacks information or knowledge sufficient to form a belief as to the

8  truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies

9  that glyphosate met the criteria necessary to be eligible for review.

10      65.     Monsanto lacks information or knowledge sufficient to form a belief as to the

11  truth of the allegations in paragraph 65 and therefore denies those allegations.  Monsanto denies

12  that glyphosate met the criteria necessary to be eligible for review.

13      66.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

14  carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

15  evidence was "cumulative."  The remaining allegations in paragraph 66 are vague and

16  conclusory and comprise attorney characterizations and are accordingly denied.

17      67.     Monsanto admits that the full IARC Monograph regarding glyphosate was

18  published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

19  2A carcinogen.  In response to the remaining allegations in paragraph 67, Monsanto states that

20  the document speaks for itself and does not require a response.  To the extent that a response is

21  deemed required, the remaining allegations in paragraph 67 comprise attorney characterizations

22  and are accordingly denied.

23      68.     In response to the allegations in paragraph 68, Monsanto states that the document

24  speaks for itself and does not require a response.  To the extent that a response is deemed

25  required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly

26  denied.

27      69.     In response to the allegations in paragraph 69, Monsanto states that the document

28  speaks for itself and does not require a response.  To the extent that a response is deemed

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-cv-06936-VC

1    required, the allegations in paragraph 69 comprise attorney characterizations and are accordingly

2    denied.

3          70.     Monsanto denies the allegations in paragraph 70.

4          71.     The allegations in paragraph 71 comprise attorney characterizations and are

5    accordingly denied.

6          72.     Monsanto admits the allegations in paragraph 72.

7          73.     In response to the allegations in paragraph 73, Monsanto states that the cited

8    document speaks for itself and does not require a response.  To the extent that paragraph 73

9    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

10   paragraph 73.

11         74.     In response to the allegations in paragraph 74, Monsanto admits that certain

12   studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

13   under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

14   evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

15   animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

16   paragraph 74.

17         75.     The allegations in paragraph 75 are vague and ambiguous and are accordingly

18   denied.

19         76.     In response to the allegations in paragraph 76, Monsanto states that the cited

20   document speaks for itself and does not require a response.

21         77.     In response to the allegations in paragraph 77, Monsanto states that the cited

22   document speaks for itself and does not require a response.  To the extent that paragraph 77

23   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

24   paragraph 77.

25         78.     Monsanto denies the allegations in paragraph 78.

26         79.     In response to the allegations in paragraph 79, Monsanto states that the cited

27   document speaks for itself and does not require a response.  Monsanto otherwise denies the

28   allegations in paragraph 79.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-cv-06936-VC

1    80.    Monsanto admits that there is no reliable evidence that Roundup®-branded

2    products are genotoxic and that regulatory authorities and independent experts agree that

3    Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

4    paragraph 80.

5    81.    Monsanto denies the allegations in paragraph 81.

6    82.    Monsanto denies the allegations in paragraph 82.

7    83.    Monsanto denies the allegations in paragraph 83.

8    84.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

9    exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 84.

10   85.    Monsanto denies the allegations in paragraph 85.

11   86.    Monsanto denies the allegations in paragraph 86.

12   87.    Monsanto admits the allegations in paragraph 87.

13   88.    Monsanto denies the allegations in paragraph 88.

14   89.    Monsanto admits the allegations in paragraph 89.

15   90.    Monsanto denies the allegations in paragraph 90.

16   91.    Monsanto denies the allegations in paragraph 91.

17   92.    Monsanto denies the allegations in paragraph 92.

18   93.    Monsanto denies the allegations in paragraph 93.

19   94.    Monsanto denies the allegations in paragraph 94.

20   95.    Monsanto denies the allegations in paragraph 95.

21   96.    Monsanto denies the allegations in paragraph 96.

22   97.    Monsanto admits that independent experts and regulatory agencies agree that

23   there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

24   products and admits that it has made statements reflecting this fact.  Monsanto denies the

25   remaining allegations in paragraph 97.

26   98.    In response to the allegations in paragraph 98, Monsanto admits that Roundup®-

27   branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

28   the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

- 11 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-cv-06936-VC

98.

99.     In response to the allegations in paragraph 99, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 99.

100.     In response to the allegations in paragraph 100, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 100.

101.     In response to the allegations in paragraph 101, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the EPA OPP Report and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-cv-06936-VC

*Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 101.

102.    In response to the allegations in paragraph 102, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 102 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

103.    In response to the allegations in paragraph 103, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

104.    Monsanto denies the allegations in paragraph 104 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 104 are

- 13 -

1    intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

2    denies those allegations.

3        105.    In response to the allegations in paragraph 105, Monsanto admits that three IBT

4    employees were convicted of the charge of fraud, but Monsanto denies that any of the

5    individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

6    herbicides.

7        106.    In response to the allegations in paragraph 106, Monsanto admits that it – along

8    with numerous other private companies – hired Craven Laboratories as an independent

9    laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

10   denies the remaining allegations in paragraph 106.

11       107.    In response to the allegations in paragraph 107, Monsanto admits that EPA

12   investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

13   paragraph 107 are intended to suggest that Monsanto was anything other than a victim of this

14   fraud, Monsanto denies those allegations.

15       108.    In response to the allegations in paragraph 108, Monsanto admits that it was

16   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

17   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 108

18   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

19   denies those allegations.

20       109.    In response to the allegations in paragraph 109, Monsanto admits that it has stated

21   and continues to state that Roundup®-branded products are safe when used as labeled and that

22   they are non-carcinogenic and non-genotoxic.

23       110.    In response to the allegations in paragraph 110, Monsanto admits that a 1986 joint

24   report of the World Health Organization and Food and Agriculture Organization of the United

25   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

26   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

27   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

28   carcinogen.  Monsanto denies the remaining allegations in paragraph 110.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-cv-06936-VC

1    111.    Monsanto denies the allegations in paragraph 111.

2    112.    Monsanto denies the allegations in paragraph 112.

3    113.    Monsanto denies the allegations in paragraph 113.

4    114.    Monsanto denies the allegations in paragraph 114.

5    115.    Monsanto denies the allegations in paragraph 115.

6    116.    Monsanto denies the allegations in paragraph 116.

7    117.    Monsanto denies the allegations in paragraph 117.

8    118.    Monsanto denies the allegations in paragraph 118.

9    119.    Monsanto admits that plaintiff purports to bring an action for compensatory

10   damages but denies any liability to plaintiff or plaintiff's decedent.  Monsanto denies the

11   remaining allegations in paragraph 119.

12   120.    Monsanto denies the allegations in paragraph 120.

13   121.    Monsanto denies the allegations in paragraph 121.

14   122.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations asserted in paragraph 122 and therefore denies those allegations.

16   123.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations asserted in paragraph 123 and therefore denies those allegations.

18   124.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations asserted in the first sentence of paragraph 124 and therefore denies those

20   allegations.  Monsanto denies the remaining allegations in paragraph 124.

21   125.    Monsanto denies the allegations in paragraph 125.

22   126.    Monsanto incorporates by reference its responses to paragraphs 1 through 125 in

23   response to paragraph 126 of plaintiff's Complaint.

24   127.    In response to the allegations in paragraph 127, Monsanto denies that it has made

25   any affirmative misrepresentations or omissions or concealed the alleged "true risks associated

26   with Roundup and glyphosate."  The remaining allegations in paragraph 127 set forth

27   conclusions of law for which no response is required.

28   128.    In response to the allegations in paragraph 128, Monsanto admits that it has stated

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-cv-06936-VC

1    and continues to state that Roundup®-branded products are safe when used as labeled and that

2    they are non-toxic and non-carcinogenic.

3          129.   In response to the allegations in paragraph 129, Monsanto states that the cited

4    document speaks for itself and does not require a response.

5          130.   Monsanto denies that exposure to Roundup®-branded products and glyphosate

6    exposed plaintiff's decedent to risk of his alleged cancer and denies the remaining allegations in

7    paragraph 130.  Monsanto states, however, that the scientific studies upon which IARC

8    purported to base its classification were all publicly available before March 2015.

9          131.   Monsanto denies that it concealed "the true character, quality and nature of

10   Roundup."  The remaining allegations of paragraph 131 set forth conclusions of law for which

11   no response is required.  To the extent that a response is deemed required, Monsanto denies all of

12   plaintiff's allegations in paragraph 131.  Monsanto states, however, that the scientific studies

13   upon which IARC purported to base its classification were all publicly available before March

14   2015.

15         132.   Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

16   and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

17   branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

18   which IARC purported to base its classification were all publicly available before March 2015.

19   The remaining allegations in paragraph 132 set forth conclusions of law for which no response is

20   required, consist of attorney characterizations and are accordingly denied, or comprise

21   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

22   the truth of the allegations asserted and therefore denies those allegations.

23         133.   Monsanto incorporates by reference its responses to paragraphs 1 through 132 in

24   response to paragraph 133 of plaintiff's Complaint.

25         134.   Paragraph 134 sets forth conclusions of law for which no response is required.

26         135.   Monsanto denies the allegations in paragraph 135.

27         136.   Monsanto denies the allegations in paragraph 136, including each of its subparts.

28         137.   Monsanto denies the allegations in paragraph 137.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-cv-06936-VC

1    138.    Monsanto denies the allegations in paragraph 138.

2    139.    Monsanto denies the allegations in paragraph 139, including each of its subparts.

3    140.    Monsanto denies the allegations in paragraph 140.

4    141.    Monsanto denies the allegations in paragraph 141.

5    142.    Monsanto denies the allegations in paragraph 142.

6    143.    Monsanto denies the allegations in paragraph 143.

7    144.    Monsanto incorporates by reference its responses to paragraphs 1 through 143 in

8    response to paragraph 144 of plaintiff's Complaint.

9    145.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations asserted in paragraph 145 and therefore denies those allegations.

11   146.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations asserted in paragraph 146 and therefore denies those allegations.

13   147.    Monsanto denies the allegations in paragraph 147.

14   148.    Monsanto denies the allegations in paragraph 148.

15   149.    Monsanto denies the allegations in paragraph 149.

16   150.    Monsanto denies the allegations in paragraph 150, including each of its subparts.

17   151.    Monsanto denies the allegations in paragraph 151.

18   152.    Monsanto denies that Roundup®-branded products have "dangerous

19   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the remaining allegations asserted in paragraph 152 and therefore denies those

21   allegations.

22   153.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23   truth of the allegations asserted in paragraph 153 and therefore denies those allegations.

24   154.    Monsanto denies the allegations in paragraph 154.

25   155.    Paragraph 155 sets forth conclusions of law for which no response is required.

26   156.    Monsanto denies the allegations in paragraph 156.

27   157.    Monsanto denies the allegations in paragraph 157.

28   158.    Monsanto denies the allegations in paragraph 158.

1    159.   Monsanto denies the allegations in paragraph 159.

2    160.   Monsanto denies the allegations in paragraph 160.

3    161.   Monsanto denies the allegations in paragraph 161.

4    162.   Monsanto denies the allegations in paragraph 162.

5    163.   Monsanto denies the allegations in paragraph 163.

6    164.   Monsanto denies the allegations in paragraph 164.

7    165.   Monsanto denies the allegations in paragraph 165.

8    166.   Monsanto incorporates by reference its responses to paragraphs 1 through 165 in

9  response to paragraph 166 of plaintiff's Complaint.

10    167.   Monsanto admits the allegations in paragraph 167.

11    168.   Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations asserted in paragraph 168 and therefore denies those allegations.

13    169.   Monsanto denies the allegations in paragraph 169.  All labeling of Roundup®-

14  branded products has been and remains EPA-approved and in compliance with all federal

15  requirements under FIFRA.

16    170.   Monsanto denies the allegations in paragraph 170.

17    171.   Monsanto denies the allegations in paragraph 171.  All labeling of Roundup®-

18  branded products has been and remains EPA-approved and in compliance with all federal

19  requirements under FIFRA.

20    172.   Monsanto denies the allegations in paragraph 172.  All labeling of Roundup®-

21  branded products has been and remains EPA-approved and in compliance with all federal

22  requirements under FIFRA and with Illinois law.

23    173.   Monsanto denies the allegations in paragraph 173.

24    174.   Monsanto lacks information or knowledge sufficient to form a belief as to the

25  truth of the allegations regarding plaintiff's decedent's use history in paragraph 174 and

26  therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 174.

27    175.   Paragraph 175 sets forth conclusions of law for which no response is required.

28    176.   Monsanto denies the allegations in paragraph 176.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-cv-06936-VC

1    177.    Monsanto denies the allegations in paragraph 177.

2    178.    Monsanto denies the allegations in paragraph 178.

3    179.    Monsanto denies the allegations that Roundup®-branded products are defective

4    and accordingly denies the allegations in paragraph 179.

5    180.    Paragraph 180 sets forth conclusions of law for which no response is required.

6    181.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations asserted in paragraph 181 and therefore denies those allegations.

8    182.    Monsanto denies the allegations in paragraph 182.

9    183.    Monsanto denies the allegations in paragraph 183.

10   184.    Monsanto denies the allegations in paragraph 184.

11   185.    Monsanto denies the allegations in paragraph 185.

12   186.    Monsanto denies the allegations in paragraph 186.

13   187.    Monsanto incorporates by reference its responses to paragraphs 1 through 186 in

14   response to paragraph 187 of plaintiff's Complaint.

15   188.    Monsanto denies the allegations in paragraph 188.  Additionally, the allegations

16   in the last sentence in paragraph 188 set forth conclusions of law for which no response is

17   required.

18   189.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 189 concerning the plaintiff's decedent's claimed use of

20   Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

21   paragraph 189 set forth conclusions of law for which no response is required.

22   190.    The allegations in paragraph 190 set forth conclusions of law for which no

23   response is required.

24   191.    Monsanto denies the allegations in paragraph 191.

25   192.    Monsanto denies the allegations in paragraph 192.

26   193.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 193 concerning the condition of any Roundup®-branded

28   product allegedly used by plaintiff's decedent or about plaintiff's decedent's alleged uses of such

1    product and therefore denies the allegations in paragraph 193.

2        194.    Monsanto denies the allegations in paragraph 194.

3        195.    Monsanto denies the allegations in paragraph 195.

4        196.    Monsanto denies the allegations in paragraph 196.

5        In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

6    denies that plaintiff and plaintiff's decedent are entitled to the relief sought therein, including any

7    judgment for any damages, interest, costs, or any other relief whatsoever.

8        Every allegation in the Complaint that is not specifically and expressly admitted in this

9    Answer is hereby specifically and expressly denied.

10                **SEPARATE AND AFFIRMATIVE DEFENSES**

11        1.    The Complaint, in whole or part, fails to state a claim or cause of action against

12    Monsanto upon which relief can be granted.

13        2.    Plaintiff's claims are barred in whole because plaintiff cannot proffer any

14    scientifically reliable evidence that the products at issue were defective or unreasonably

15    dangerous.

16        3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

17    was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

18    plaintiff's and plaintiff's decedent's alleged injuries.

19        4.    Plaintiff's claims are barred, in whole or in part, because the products at issue

20    were designed, manufactured, marketed and labeled with proper warnings, information, cautions

21    and instructions, in accordance with the state of the art and the state of scientific and

22    technological knowledge.

23        5.    Plaintiff's claims are barred, in whole or in part, because the products at issue

24    were not defective or unreasonably dangerous in that they complied with, at all relevant times,

25    all applicable government safety standards.

26        6.    Plaintiff's claims are preempted, in whole or in part, by applicable federal law

27    relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

28    processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

- 20 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-cv-06936-VC

7.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

8.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.      Plaintiff's claims are barred, in whole or in part, because plaintiff's and plaintiff's decedent's injuries, if any, were the result of conduct of plaintiff's decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's decedent's pre-existing medical conditions.

11.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.      Applicable statutes of limitations and/or repose, including 740 ILCS 180/2, bar plaintiff's claims in whole or in part.

13.      Plaintiff's decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.      If plaintiff or plaintiff's decedent suffered injury or damages as alleged (no injury or damages being admitted), such injury or damage resulted from acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's and plaintiff's decedent's alleged injury or damages.

1       15.     Monsanto had no legal relationship or privity with plaintiff or plaintiff's decedent

2  and owed no duty to them by which liability could be attributed to it.

3       16.     Monsanto made no warranties of any kind or any representations of any nature

4  whatsoever to plaintiff or plaintiff's decedent.  If any such warranties were made, which

5  Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

6       17.     Plaintiff's claims are preempted in whole or part by the Freedom of Speech

7  Clause of the First Amendment of the U.S. Constitution.

8       18.     Plaintiff's claims for punitive damages are barred because such an award would

9  violate Monsanto's due process, equal protection and other rights under the United States

10  Constitution, the Illinois Constitution, and/or other applicable state constitutions.

11       19.     Plaintiff's claims for punitive damages are barred because plaintiff has failed to

12  allege conduct warranting imposition of punitive damages under Illinois law and/or other

13  applicable state laws.

14       20.     Plaintiff's claims for punitive damages are barred and/or limited by operation of

15  state and/or federal law, including Illinois law.

16       21.     Plaintiff's claims are barred in whole or in part by plaintiff's decedent's own

17  contributory/comparative negligence.

18       22.     Plaintiff's claims are barred in whole or in part by plaintiff's decedent's own

19  failure to mitigate damages.

20       23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

21       24.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff

22  and/or plaintiff's decedent have received and/or will receive from collateral sources.

23       25.     If plaintiff or plaintiff's decedent has been injured or damaged, no injury or

24  damages being admitted, such injuries were not caused by a Monsanto product.

25       26.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws

26  of states that do not govern plaintiff's claims.

27       27.     Monsanto hereby gives notice that it intends to rely upon such other defenses as

28  may become available or apparent during the course of discovery and thus reserves its right to

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-cv-06936-VC

1    amend this Answer to assert such defenses.

2       **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

3   plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

4   other relief as the Court deems equitable and just.

5

6                      **JURY TRIAL DEMAND**

7       Monsanto demands a jury trial on all issues so triable.

8

9   DATED:  May 15, 2017                  Respectfully submitted,

10

11                              /s/ Joe G. Hollingsworth
                                Joe G. Hollingsworth (*pro hac vice*)

12                                 (jhollingsworth@hollingsworthllp.com)
                                Eric G. Lasker (*pro hac vice*)

13                                 (elasker@hollingsworthllp.com)
                                HOLLINGSWORTH LLP

14                                 1350 I Street, N.W.
                                Washington, DC  20005

15                                 Telephone:  (202) 898-5800
                                Facsimile:  (202) 682-1639

16

17                                 Attorneys for Defendant
                                MONSANTO COMPANY

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-cv-06936-VC