1
**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
2
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
3
Washington, DC  20005
Tel:     202-898-5800
4
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
5
         elasker@hollingsworthllp.com
6
*Attorneys for Defendant*
*MONSANTO COMPANY*
7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10
IN RE: ROUNDUP PRODUCTS               MDL No. 2741
LIABILITY LITIGATION
11                                     Case No. 3:16-md-02741-VC

12
This document relates to:
13
*Larry Goodbred, et al. v. Monsanto Co.*,
Case No. 3:16-cv-06010-VC
14

15     **MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

16          Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

17 Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

18 all allegations contained in plaintiffs Larry and Mary Ellen Goodbred's Amended Complaint

19 ("Complaint"), except as set forth below.  As defined in the Complaint and as used in this

20 Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in

21 Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall

22 constitute a denial.

23          1.       Monsanto admits that plaintiffs purport to bring an action for damages allegedly

24 related to exposure to Roundup®-branded products but denies any liability to plaintiffs.

25 Monsanto denies the remaining allegations in paragraph 1.

26          2.       Monsanto lacks information or knowledge sufficient to form a belief as to the

27 truth of the allegations in paragraph 2 that plaintiffs purchased Roundup®-branded products in

28

- 1 -
MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT
3:16-md-02741-VC & 3:16-cv-06010-VC

1    Illinois and therefore denies those allegations.  The remaining allegations in paragraph 2 set forth

2    conclusions of law for which no response is required.

3           3.      In response to the allegations in the first sentence of paragraph 3, Monsanto

4    admits that it sells Roundup®-branded products in Illinois.  The final sentence in paragraph 3 sets

5    forth conclusions of law for which no response is required.  The remaining allegations in

6    paragraph 3 are vague and conclusory and comprise attorney characterizations and are

7    accordingly denied.

8           4.      Monsanto admits the allegations in the second sentence of paragraph 4 and admits

9    the allegation in the final sentence of paragraph 4 regarding the amount in controversy.

10   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

11   allegations concerning plaintiffs' citizenship.  The remaining allegations in paragraph 4 set forth

12   conclusions of law for which no response is required.

13          5.      Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations concerning plaintiffs' exposure to Roundup®-branded products. The

15   remaining allegations in paragraph 5 set forth conclusions of law for which no response is

16   required.  To the extent that a response is deemed required, Monsanto admits that venue is proper

17   in the Northern District of Illinois based upon the allegations in plaintiffs' Complaint.

18          6.      Monsanto denies that exposure to Roundup®-branded products could have caused

19   or did cause plaintiff Larry Goodbred's alleged NHL, non-Hodgkin's lymphocytic leukemia,

20   and/or non-Hodgkin's follicular cancer (low grade B cell).  Monsanto lacks information or

21   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 6

22   and therefore denies those allegations.

23          7.      Monsanto denies that exposure to Roundup®-branded products could have caused

24   or did cause plaintiff Mary Ellen Goodbred's alleged non-Hodgkin's follicular lymphoma.

25   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

26   remaining allegations in paragraph 7 and therefore denies those allegations.

27          8.      Monsanto admits the allegations in paragraph 8.

28

**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**
**3:16-md-02741-VC & 3:16-cv-06010-VC**

9.      Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.

10.      The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

11.      Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 11 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

12.      Monsanto admits that it discovered the herbicidal properties of glyphosate during the 1970's.  The remaining allegations in paragraph 12 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore denies those allegations.

13.      Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 13 comprise attorney characterizations and are accordingly denied.

14.      Monsanto admits the allegations in paragraph 14.

15.      Monsanto generally admits the allegations in paragraph 15, but denies the allegations in paragraph 15 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

16.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.

17.      Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT
3:16-md-02741-VC & 3:16-cv-06010-VC

1  belief as to the accuracy of the specific numbers and statistics provided in the remaining

2  sentences of paragraph 17 and therefore denies those allegations.   Monsanto denies the

3  remaining allegations in paragraph 17.

4        18.      Monsanto admits the allegations in paragraph 18.

5        19.      Monsanto states that the term "In all this time" is vague and ambiguous, and

6  Monsanto therefore denies the same.  Monsanto admits that Roundup®-branded products have

7  been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded

8  products have carcinogenic properties and denies the remaining allegations in paragraph 19.

9        20.      The allegations in paragraph 20 set forth conclusions of law for which no

10  response is required.  To the extent that a response is deemed required, Monsanto admits the

11  allegations in paragraph 20.

12        21.      In response to the allegations in paragraph 21, Monsanto admits that EPA requires

13  registrants of herbicides to submit extensive data in support of the human health and

14  environmental safety of their products and further admits that EPA will not register or approve

15  the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

16  Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 21 set forth

17  conclusions of law for which no response is required.

18        22.      The allegations in paragraph 22 set forth conclusions of law for which no

19  response is required.

20        23.      Monsanto admits that Roundup®-branded products are registered by EPA for

21  manufacture, sale and distribution and are registered by the State of Illinois for sale and

22  distribution.

23        24.      In response to the allegations in paragraph 24, Monsanto admits that EPA requires

24  registrants of herbicides to submit extensive data in support of the human health and

25  environmental safety of their products and further admits that EPA will not register or approve

26  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

27  states that the term "the product tests" in the final sentence of paragraph 24 is vague and

28

- 4 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT
3:16-md-02741-VC & 3:16-cv-06010-VC

1    ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 24

2    set forth conclusions of law for which no answer is required.

3         25.    Monsanto denies the allegations in paragraph 25 to the extent that they suggest

4    that EPA only evaluates the safety of pesticide products on the date of their initial registration.

5    Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

6    products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

7    of the allegations in paragraph 25 regarding such pesticide products generally and therefore

8    denies those allegations.  The remaining allegations in paragraph 25 set forth conclusions of law

9    for which no response is required.

10        26.    In response to the allegations in paragraph 26, Monsanto admits that EPA has

11   undertaken a regulatory review of glyphosate and further admits that EPA has not released its

12   findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

13   Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

14   concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

15   humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

16   posted an October 2015 final report by its standing Cancer Assessment Review Committee

17   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

18   to be Carcinogenic to Humans."[2]  In addition to the conclusions in the EPA OPP Report and the

19   EPA CARC Final Report, other specific findings of safety include:

20        • "In June 1991, EPA classified glyphosate as a Group E [carcinogen] — one that
           shows evidence of non-carcinogenicity for humans — based on the lack of

21         convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate:
           Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993),

22         http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf

23   _____

24   [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic
     Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"),

25   https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP
     Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on
     glyphosate's carcinogenic potential.

26   [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
     U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the

27   Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
     Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

- • "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- • "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- • "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- • "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies those allegations.

27.     In response to the allegations in paragraph 27, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer. To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 27 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

28.     In response to the allegations in paragraph 28, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 28 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

29.     Monsanto denies the allegations in paragraph 29.

- 6 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT
3:16-md-02741-VC & 3:16-cv-06010-VC

30.     In response to the allegations in paragraph 30, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 30 to the extent that they suggest that this ruling was in any way related to plaintiffs' claims here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 30.

31.     Monsanto denies the allegations in paragraph 31.

32.     In response to the allegations in paragraph 32, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 32 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies those allegations.

33.     Monsanto admits the allegations in paragraph 33.

34.     In response to the allegations in paragraph 34, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 34 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 and therefore denies those allegations.

35.     Monsanto states that the term "toxic" as used in paragraph 35 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 35.

36.     Monsanto admits the allegations in the first sentence of paragraph 36.  In response to the allegations in the second sentence of paragraph 36, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the remaining allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 37 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 37.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT
3:16-md-02741-VC & 3:16-cv-06010-VC

38.     In response to the allegations in paragraph 38, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 39 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 39.

40.     Monsanto denies the allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 41 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 41.

42.     In response to the allegations in paragraph 42, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 42 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 42.

43.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 43.

44.     Monsanto denies the allegations in paragraph 44.

45.     Monsanto denies the allegations in paragraph 45.

46.     Monsanto denies the allegations in paragraph 46.

47.     Monsanto denies the allegations in paragraph 47.

48.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 48.

49.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

lacks information or knowledge sufficient to form a belief as to the truth of the remaining

allegations in paragraph 49 and therefore denies those allegations.

50.    Monsanto lacks information or knowledge sufficient to form a belief as to the

truth of the allegations in paragraph 50 and therefore denies those allegations.  Monsanto denies

that glyphosate met the criteria necessary to be eligible for review.

51.    Monsanto lacks information or knowledge sufficient to form a belief as to the

truth of the allegations in paragraph 51 and therefore denies those allegations.  Monsanto denies

that glyphosate met the criteria necessary to be eligible for review.

52.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

evidence was "cumulative."  The remaining allegations in paragraph 52 are vague and

conclusory and comprise attorney characterizations and are accordingly denied.

53.    Monsanto admits that the full IARC Monograph regarding glyphosate was

published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

2A carcinogen.  In response to the remaining allegations in paragraph 53, Monsanto states that

the document speaks for itself and does not require a response.  To the extent that a response is

deemed required, the remaining allegations in paragraph 53 comprise attorney characterizations

and are accordingly denied.

54.    In response to the allegations in paragraph 54, Monsanto states that the document

speaks for itself and does not require a response.  To the extent that a response is deemed

required, the allegations in paragraph 54 comprise attorney characterizations and are accordingly

denied.

55.    In response to the allegations in paragraph 55, Monsanto states that the document

speaks for itself and does not require a response.  To the extent that a response is deemed

required, the allegations in paragraph 55 comprise attorney characterizations and are accordingly

denied.

56.    Monsanto denies the allegations in paragraph 56.

57.     The allegations in paragraph 57 comprise attorney characterizations and are accordingly denied.

58.     Monsanto admits the allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 59 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 59.

60.     In response to the allegations in paragraph 60, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 60.

61.     The allegations in paragraph 61 are vague and ambiguous and are accordingly denied.

62.     In response to the allegations in paragraph 62, Monsanto states that the cited document speaks for itself and does not require a response.

63.     In response to the allegations in paragraph 63, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 63 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 63.

64.     Monsanto denies the allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 65.

66.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic.  Monsanto otherwise denies the allegations in paragraph 77.

67.     Monsanto denies the allegations in paragraph 67.

68.     Monsanto denies the allegations in paragraph 68.

69.     Monsanto denies the allegations in paragraph 69.

70.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 70.

71.     Monsanto denies the allegations in paragraph 71.

72.     Monsanto denies the allegations in paragraph 72.

73.     Monsanto admits the allegations in paragraph 73.

74.     Monsanto denies the allegations in paragraph 74.

75.     Monsanto admits the allegations in paragraph 75.

76.     Monsanto denies the allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 83.

84.     In response to the allegations in paragraph 84, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the products' EPA-approved labeling.

85.     In response to the allegations in paragraph 85, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

86.     In response to the allegations in paragraph 86, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United

1   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

2   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

3   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

4   carcinogen.  Monsanto denies the remaining allegations in paragraph 86.

5      87. Monsanto denies the allegations in paragraph 87.

6      88. Monsanto denies the allegations in paragraph 88.

7      89. Monsanto denies the allegations in paragraph 89.

8      90. Monsanto denies the allegations in paragraph 90.

9      91. Monsanto denies the allegations in paragraph 91.

10     92. Monsanto denies the allegations in paragraph 92.

11     93. Monsanto denies the allegations in paragraph 93.

12     94. Monsanto denies the allegations in paragraph 94.

13     95. Monsanto admits that plaintiffs purport to bring an action for compensatory

14  damages but denies any liability to plaintiffs.  Monsanto denies the remaining allegations in

15  paragraph 95.

16     96. Monsanto denies the allegations in paragraph 96.

17     97. Monsanto denies the allegations in paragraph 97.

18     98. Monsanto lacks information or knowledge sufficient to form a belief as to the

19  truth of the allegations in paragraph 98 and therefore denies those allegations.

20     99. Monsanto lacks information or knowledge sufficient to form a belief as to the

21  truth of the allegations in paragraph 99 and therefore denies those allegations.

22     100. Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 100 and therefore denies those allegations.

24     101. Monsanto lacks information or knowledge sufficient to form a belief as to the

25  truth of the allegations in paragraph 101 and therefore denies those allegations.

26     102. Monsanto denies that it is liable to plaintiffs for their alleged damages.

27     103. Monsanto denies that any exposure to Roundup®-branded products can cause

28  NHL and other serious illnesses and therefore denies the allegations in paragraph 103.  Monsanto

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT
3:16-md-02741-VC & 3:16-cv-06010-VC

1   states, however, that the scientific studies upon which IARC purported to base its evaluation of

2   glyphosate were all publicly available before March 2015

3         104.    Monsanto denies that any exposure to Roundup®-branded products can cause

4   NHL and other serious illnesses and therefore denies the allegations in paragraph 104.  Monsanto

5   states, however, that the scientific studies upon which IARC purported to base its evaluation of

6   glyphosate were all publicly available before March 2015.

7         105.    In response to the allegations in paragraph 105, Monsanto denies that there is any

8   risk of serious illness associated with the use of and/or exposure to Roundup®-branded products

9   and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human

10   health.  Monsanto states, however, that the scientific studies upon which IARC purported to base

11   its classification were all publicly available before March 2015.  The final sentence of paragraph

12   105 sets forth a conclusion of law for which no response is required.

13         106.    In response to the allegations in paragraph 106, Monsanto denies that exposure to

14   Roundup®-branded products and glyphosate is injurious to human health and therefore denies the

15   allegations in paragraph 106.  Monsanto states, however, that the scientific studies upon which

16   IARC purported to base its evaluation of glyphosate were all publicly available before March

17   2015.  The allegations in paragraph 106 set forth conclusions of law for which no response is

18   required.

19         107.    In response to the allegations in paragraph 107 Monsanto denies that there is any

20   risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-

21   branded products and glyphosate.  Monsanto states, however, that the scientific studies upon

22   which IARC purported to base its cancer classification for glyphosate were all publicly available

23   before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to

24   the truth of the remaining allegations in paragraph 107 and therefore denies those allegations.

25         108.    The allegations in paragraph 108 set forth conclusions of law for which no

26   response is required.  To the extent that a response is deemed required, Monsanto denies the

27   allegations in paragraph 108.  Monsanto states that the scientific studies upon which IARC

28

1   purported to base its cancer classification for glyphosate were all publicly available before

2   March 2015.

3         109.    In response to the allegations in paragraph 109, Monsanto denies that it concealed

4   any facts related to the human health safety of glyphosate.  The remaining allegations in

5   paragraph 109 set forth conclusions of law for which no response is required.

6         110.    Monsanto denies the allegations in paragraph 110.

7         111.    The allegations in paragraph 111 set forth conclusions of law for which no

8   response is required.

9         112.    Monsanto denies the allegations in paragraph 112.

10         113.    The allegations in paragraph 113 set forth conclusions of law for which no

11   response is required.  To the extent that a response is deemed required, Monsanto denies the

12   allegations in paragraph 113.  Monsanto states that the scientific studies upon which IARC

13   purported to base its cancer classification for glyphosate were all publicly available before

14   March 2015.

15         114.    Monsanto incorporates by reference its responses to paragraphs 1 through 113 in

16   response to paragraph 114 of plaintiffs' Complaint.

17         115.    Paragraph 115 sets forth conclusions of law for which no response is required.

18         116.    Monsanto denies the allegations in paragraph 116.

19         117.    Monsanto denies the allegations in paragraph 117, including each of its subparts.

20         118.    Monsanto denies the allegations in paragraph 118.

21         119.    Monsanto denies the allegations in paragraph 119.

22         120.    Monsanto denies the allegations in paragraph 120, including each of its subparts.

23         121.    Monsanto denies the allegations in paragraph 121.

24         122.    Monsanto denies the allegations in paragraph 122.

25         123.    Monsanto denies the allegations in paragraph 123.

26         124.    Monsanto denies the allegations in paragraph 124.

27         In response to the "WHEREFORE" paragraph following paragraph 124, Monsanto

28   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**
**3:16-md-02741-VC & 3:16-cv-06010-VC**

1    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

2    fees as allowed by law and such further and additional relief as this Court may deem just and

3    proper.

4         125.    Monsanto incorporates by reference its responses to paragraphs 1 through 124 in

5    response to paragraph 125 of plaintiffs' Complaint.

6         126.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 126 and therefore denies those allegations.

8         127.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 127 and therefore denies those allegations.

10        128.    Monsanto denies the allegations in paragraph 128.

11        129.    Monsanto denies the allegations in paragraph 129.

12        130.    Monsanto denies the allegations in paragraph 130.

13        131.    Monsanto denies the allegations in paragraph 131, including each of its subparts.

14        132.    Monsanto denies the allegations in paragraph 132.

15        133.    Monsanto denies that Roundup®-branded products have "dangerous

16   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the remaining allegations in paragraph 133 and therefore denies those allegations.

18        134.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 134 and therefore denies those allegations.

20        135.    Monsanto denies the allegations in paragraph 135.

21        136.    Paragraph 136 sets forth conclusions of law for which no response is required.

22        137.    Monsanto denies the allegations in paragraph 137.

23        138.    Monsanto denies the allegations in paragraph 138.

24        139.    Monsanto denies the allegations in paragraph 139.

25        140.    Monsanto denies the allegations in paragraph 140.

26        141.    Monsanto denies the allegations in paragraph 141.

27        142.    Monsanto denies the allegations in paragraph 142.

28        143.    Monsanto denies the allegations in paragraph 143.

1    144.    Monsanto denies the allegations in paragraph 144.

2    145.    Monsanto denies the allegations in paragraph 145.

3    146.    Monsanto denies the allegations in paragraph 146.

4    In response to the "WHEREFORE" paragraph following paragraph 146, Monsanto

5    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

6    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

7    fees as allowed by law and such further and additional relief as this Court may deem just and

8    proper.

9    147.    Monsanto incorporates by reference its responses to paragraphs 1 through 146 in

10   response to paragraph 147 of plaintiffs' Complaint.

11   148.    Monsanto admits the allegations in paragraph 148.

12   149.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations in paragraph 149 and therefore denies those allegations.

14   150.    Monsanto denies the allegations in paragraph 150.  All labeling of Roundup[®]-

15   branded products has been and remains EPA-approved and in compliance with all federal

16   requirements under FIFRA.

17   151.    Monsanto denies the allegations in paragraph 151.

18   152.    Monsanto denies the allegations in paragraph 152.  All labeling of Roundup[®]-

19   branded products has been and remains EPA-approved and in compliance with all federal

20   requirements under FIFRA.

21   153.    Monsanto denies the allegations in paragraph 153.  All labeling of Roundup[®]-

22   branded products has been and remains EPA-approved and in compliance with all federal

23   requirements under FIFRA and with Illinois law.

24   154.    Monsanto denies the allegations in paragraph 154.

25   155.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26   truth of the allegations regarding plaintiffs' use history in paragraph 155 and therefore denies

27   those allegations.  Monsanto denies the remaining allegations in paragraph 155.

28   156.    Paragraph 156 sets forth conclusions of law for which no response is required.

- 16 -

1    157.    Monsanto denies the allegations in paragraph 157.

2    158.    Monsanto denies the allegations in paragraph 158.

3    159.    Monsanto denies the allegations in paragraph 159.

4    160.    Monsanto denies the allegations that Roundup®-branded products are defective

5    and accordingly denies the allegations in paragraph 160.

6    161.    Paragraph 161 sets forth conclusions of law for which no response is required.

7    162.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 162 and therefore denies those allegations.

9    163.    Monsanto denies the allegations in paragraph 163.

10    164.    Monsanto denies the allegations in paragraph 164.

11    165.    Monsanto denies the allegations in paragraph 165.

12    166.    Monsanto denies the allegations in paragraph 166.

13    167.    Monsanto denies the allegations in paragraph 167.

14    In response to the "WHEREFORE" paragraph following paragraph 167, Monsanto

15    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint

16    be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable

17    attorney's fees as allowed by law and such further and additional relief as this Court may deem

18    just and proper.

19    168.    Monsanto incorporates by reference its responses to paragraphs 1 through 167 in

20    response to paragraph 168 of plaintiffs' Complaint.

21    169.    Monsanto denies the allegations in paragraph 169.

22    170.    In response to the allegations in Paragraph 170, Monsanto admits that it has sold

23    Roundup®-branded products in accordance with their EPA-approved labeling.  Monsanto further

24    states that paragraph 170 sets forth conclusions of law for which no response is required.

25    Monsanto denies the remaining allegations in paragraph 170.

26    171.    Monsanto denies the allegations in the first and second sentence of paragraph 171.

27    All labeling of Roundup®-branded products has been and remains EPA-approved and in

28    compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT
3:16-md-02741-VC & 3:16-cv-06010-VC

1   of paragraph 171 sets forth conclusions of law for which no response is required.

2       172.    Paragraph 172 set forth conclusions of law for which no response is required.

3       173.    Monsanto denies the allegations in paragraph 173.

4       174.    Monsanto denies the allegations in paragraph 174 and each of its subparts.

5       175.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6   truth of the allegations in paragraph 175 and therefore denies those allegations.

7       176.    Monsanto denies the allegations in paragraph 176.

8       177.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9   truth of the allegations in paragraph 177 regarding plaintiffs' knowledge and therefore denies

10  those allegations.  Monsanto denies the remaining allegations in paragraph 177.

11      178.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 178 and therefore denies those allegations.

13      179.    Monsanto denies the allegations in paragraph 179.

14      180.    Monsanto denies the allegations in paragraph 180.

15      In response to the "WHEREFORE" paragraph following paragraph 180, Monsanto

16  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

17  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

18  fees as allowed by law and such further and additional relief as this Court may deem just and

19  proper.

20      181.    Monsanto incorporates by reference its responses to paragraphs 1 through 180 in

21  response to paragraph 181 of plaintiffs' Complaint.

22      182.    Monsanto denies the allegations in paragraph 182.

23      183.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24  truth of the allegations in paragraph 183 concerning plaintiffs' claimed use of and exposure to

25  Roundup®-branded products and therefore denies those allegations. The remaining allegations in

26  paragraph 183 set forth conclusions of law for which no response is required.

27      184.    Monsanto denies the allegations in paragraph 184.  All labeling of Roundup®-

28  branded products has been and remains EPA-approved and in compliance with all federal

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT
3:16-md-02741-VC & 3:16-cv-06010-VC

1   requirements under FIFRA.

2           185.    Monsanto lacks information or knowledge sufficient to form a belief as to the

3   truth of the allegations in paragraph 185 regarding plaintiffs' reliance and therefore denies those

4   allegations.  The remaining allegations in paragraph 185 set forth conclusions of law for which

5   no response is required.

6           186.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7   truth of the allegations in paragraph 186 and therefore denies those allegations.

8           187.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9   truth of the allegations in paragraph 187 concerning plaintiffs' claimed use of or exposure to

10  Roundup®-branded products and therefore denies those allegations. The remaining allegations in

11  paragraph 187 set forth conclusions of law for which no response is required.

12          188.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13  truth of the allegations in paragraph 188 concerning plaintiffs' claimed use of or exposure to

14  Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

15  remaining allegations in paragraph 188.

16          189.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17  truth of the allegations in paragraph 189 concerning the condition of any Roundup®-branded

18  product allegedly used by plaintiffs or about plaintiffs' alleged use of such product and therefore

19  denies the allegations in paragraph 189.

20          190.    Monsanto denies that there is any risk of serious injury associated with or linked

21  to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

22  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

23  allegations in paragraph 190 concerning plaintiffs' knowledge about Roundup®-branded products

24  and therefore denies the remaining allegations in paragraph 190.

25          191.    Monsanto denies the allegations in paragraph 191.

26          192.    Monsanto denies the allegations in paragraph 192.

27          193.    Monsanto denies the allegations in paragraph 193.

28  In response to the "WHEREFORE" paragraph following paragraph 193, Monsanto demands that

judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

### SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.     Plaintiffs' claims are barred in whole because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.     Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.     Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.     Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose, bar plaintiffs' claims in whole or in part.

13.     Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiffs' claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Illinois Constitution, and/or other applicable state constitutions – and would be improper under the common law and public policies of the United States, the laws of Illinois, and/or other state laws.

19.     Plaintiffs' claims for punitive damages are barred because plaintiffs have failed to allege conduct warranting imposition of punitive damages under Illinois law and/or other applicable state laws.

20.     Plaintiffs' claims for punitive damages are barred and/or limited by operation of state and/or federal law.

21.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

22.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

23.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receive from collateral sources.

25.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize or limits such claims.

27.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

1
2
3

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

4

## <u>JURY TRIAL DEMAND</u>

5

Monsanto demands a jury trial on all issues so triable.

6
7

DATED:  May 16, 2017                                    Respectfully submitted,

8
9
10
11
12
13

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

14
15

*Attorneys for Defendant*
*MONSANTO COMPANY*

16
17
18
19
20
21
22
23
24
25
26
27
28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT
3:16-md-02741-VC & 3:16-cv-06010-VC