Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No. 3:16-md-02741-VC<br><br>MDL No. 2741<br><br>**MONSANTO COMPANY'S MOTION TO CONTINUE UNILATERALLY-NOTICED HEARING DATE FOR PLAINTIFFS' REMAND MOTION** |
| This document relates to:<br><br>*Pennie v. Monsanto Co.*, Case No. 3:17-cv-01711-VC | |

In accordance with Paragraph 7 of the Court's Standing Order for Civil Cases, Monsanto Company ("Monsanto") hereby asks the Court to continue the hearing date for Plaintiffs' Motion to Remand the *Pennie* lawsuit to state court ("*Pennie* Remand Motion") from June 1, 2017 until after the Judicial Panel on Multidistrict Litigation ("JPML") has issued the transfer rulings discussed below in Roundup® lawsuits that Monsanto removed from Missouri state court to the Eastern District of Missouri on the same grounds at issue in the *Pennie* Remand Motion.

*First*, Plaintiffs' counsel unilaterally noticed the hearing for the *Pennie* Remand Motion without first conferring with Monsanto's counsel.  That is contrary to Paragraph 6 of the Court's Standing Order for Civil Cases.

*Second*, continuing the hearing date would serve the interests of judicial economy and sound case management principles for these MDL proceedings because it is likely that the JPML

1  soon will transfer to this Court several Roundup® cases that Monsanto removed to the Eastern
2  District of Missouri that present the same bases for removal (federal question removal and
3  federal officer removal) at issue in the *Pennie* Remand Motion.  For example, each removal
4  relies in part on plaintiffs' claims of misconduct by the United States Environmental Protection
5  Agency, such that "the health and safety of millions of U.S. citizens is at stake," Pls.' Opp'n to
6  Sealing Portions of Pls.' Mot. to Compel Deposition of Jess Rowland at 6, ECF No. 111.

7  Twelve Roundup® mass actions filed by a total of over 900 plaintiffs are pending in the
8  Eastern District of Missouri.  After removing those mass actions, Monsanto filed papers with the
9  JPML to designate them as tag-along actions that should be transferred to this Court.  The JPML
10 issued conditional transfer orders for all of those mass actions, but plaintiffs objected and filed
11 motions to vacate those conditional transfer orders.  The briefing on some of those JPML
12 motions has been completed, and the rest of those motions will be fully briefed soon.  Based on
13 the briefing schedules issued by the JPML and the JPML's next scheduled hearing date (May 25,
14 2017), Monsanto expects that the JPML will rule on those motions by the first week of June.

15 Plaintiffs' counsel in the *Pennie* case – the Baum, Hedlund firm – also represent plaintiffs
16 in three of those Eastern District of Missouri mass actions.  Other law firms represent plaintiffs
17 in the nine other mass actions, including two firms with lead roles in these MDL proceedings,
18 The Miller Firm LLC and Weitz & Luxenberg.  Remand motions have been filed in all twelve
19 cases.  The remand briefing remains to be completed in seven of those cases, because the judges
20 in those cases have stayed further proceedings (at Monsanto's request) pending the JPML
21 transfer rulings.  After remand briefing was completed in another case, a stay pending JPML
22 transfer ruling was issued.  In the remaining four cases, Monsanto's stay motions have not been
23 decided, but two of those cases are pending before an Eastern District of Missouri judge who has
24 issued stays in some of the other cases discussed above.

25 The JPML routinely issues transfer rulings even when remand motions are pending,[1] so it

---

[1] The JPML has held that a pending remand motion does not preclude a transfer to an MDL court because the MDL court (*i.e.*, the "transferee court") can decide the remand motion.  *See In re Gadolinium Contrast Dyes Prod. Liab. Litig.*, No. MDL No. 1909, 2012 WL 7807340, at *1 (J.P.M.L. Apr. 16, 2012) (stating that the JPML has "long held that jurisdictional objections are

is likely that at least ten – if not all twelve – of those Eastern District of Missouri Roundup® mass actions will be transferred to this Court for rulings on the remand motions. Although the removal grounds at issue in all twelve of those cases and in the *Pennie* case are the same (federal question removal, federal officer removal), the remand briefing is not identical across all thirteen cases.[2]  In these circumstances, in the interests of judicial economy and sound case management principles, the Court should briefly defer oral argument on the *Pennie* Remand Motion, so that the Court can hear all of these remand issues together in a coordinated, orderly manner.

In conclusion, for the foregoing reasons, the Court should grant this motion and continue the hearing on the *Pennie* Remand Motion to a date to be determined by the Court, after the JPML has issued transfer rulings in the Eastern District of Missouri mass actions discussed above.

Before filing this motion, Monsanto's counsel spoke with Plaintiffs' counsel in an attempt to resolve this issue by agreement. Plaintiffs' counsel informed Monsanto's counsel that Plaintiffs oppose this request for a continuance.

---

not an impediment to transfer," because "[p]laintiff can present his motion for remand . . . to the transferee court"; ordering transfer over plaintiff's objection that remand motion is fully briefed and pending); *In re Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.*, MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) (stating that the JPML "often has held that a pending motion for remand is not a bar to transfer" and that "[t]he transferee judge can rule on plaintiffs' pending remand motion"); *In re Vioxx Prod. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in [28 U.S.C.] Section 1407 proceedings.  [The] motions to remand . . . can be presented to and decided by the transferee judge.").

[2] For example, in several of those Eastern District of Missouri mass actions, plaintiffs try to defeat removal by relying on this Court's and other courts' rejection of Monsanto's FIFRA express preemption arguments in motion-to-dismiss rulings. *See, e.g.*, Pls.' Mem. in Support of Mot. to Remand at 12-13, *Turner v. Monsanto Co.*, No. 4:17-cv-01102 (E.D. Mo. Apr. 4, 2017), ECF No. 17 ("*Turner* Remand Mem."). In several of those cases, plaintiffs also challenge Monsanto's removals as untimely based on 28 U.S.C. § 1446(b)(3). *See, e.g.*, Turner Remand Mem. at 19.  Plaintiffs do not make those arguments in the *Pennie* Remand Motion briefing.

| | |
|---|---|
| DATED: May 18, 2017 | Respectfully submitted,<br><br>/s/ Joe G. Hollingsworth<br>Joe G. Hollingsworth (*pro hac vice*)<br>(jhollingsworth@hollingsworthllp.com)<br>Eric G. Lasker (*pro hac vice*)<br>(elasker@hollingsworthllp.com)<br>HOLLINGSWORTH LLP<br>1350 I Street, N.W.<br>Washington, DC  20005<br>Telephone:  (202) 898-5800<br>Facsimile:   (202) 682-1639<br><br>*Attorneys for Defendant*<br>*MONSANTO COMPANY* |