Michael L. Baum, Esq. (SBN: 119511)
mbaum@baumhedlundlaw.com
R. Brent Wisner, Esq. (SBN: 276023)
rbwisner@baumhedlundlaw.com
Frances M. Phares, Esq. (LA #10388)
fphares@baumhedlundlaw.com
Pedram Esfandiary (SBN: 312569)
pesfandiary@baumhedlund.com
**BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.**
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Telephone:  (310) 207-3233
Facsimile:  (310) 820-7444

Nicholas R. Rockforte (LA #31305)
nrockforte@pbclawfirm.com
Christopher L. Coffin (LA #27902)
ccoffin@pbclawfirm.com
Jonathan E. Chatwin (LA #36410)
jchatwin@pbclawfirm.com
**PENDLEY, BAUDIN & COFFIN, LLP**
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 355-0086
Facsimile:  (504) 523-0699

Robert F. Kennedy, Jr., Esq.
rkennedy@kennedymadonna.com
Kevin J. Madonna, Esq.
kmadonna@kennedymadonna.com
**KENNEDY & MADONNA, LLP**
48 Dewitt Mills Road
Hurley, New York 12443
Telephone:  (845) 481-2622
Facsimile:  (845) 230-3111

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Pennie*, *et al.*, *v. Monsanto Co.*, *et al.*,<br>Case No. 3:17-cv-01711-VC | MDL No. 02741<br><br>**PLAINTIFFS' OPPOSITION TO CONTINUANCE OF HEARING DATE FOR PLAINTIFFS' REMAND MOTION** |

   Monsanto's removal of this state court case based on federal question jurisdiction is baseless—a transparent ploy to inject delay which prejudices plaintiffs who chose to litigate their cases in state court.  Now, Monsanto seeks to compound its folly by delaying resolution of Plaintiffs' fully-briefed

1

**OPPOSITION TO MOTION TO CONTINUANCE**

and ripe motion for remand, currently set for argument on June 1, 2017, by three months. The reason: Monsanto selectively removed cases around the country using the same "cut-and-paste" notice of removal based on a claim of federal question and federal officer jurisdiction, and Monsanto would like to make Plaintiffs, here, wait until those other removals are (possibly) transferred to this Court and go through the briefing process. This request should be denied.

*First*, waiting for other cases to get transferred to this MDL will take many months. Monsanto claims that "based on the briefing schedules issued by the JPML and the JPML's next scheduled hearing date (May 25, 2017), Monsanto expects that the JPML will rule on those motions by the first week of June." Mtn. to Cont. Hearing Date at 2. This is factually incorrect. The JPML has already issued its Notice of Hearing Session for the May 25, 2017 sitting in San Antonio, Texas, listing out the matters that will be addressed by the Panel (with and without oral argument). *See* http://www.jpml.uscourts.gov/hearing-information. None of the removed Roundup matters from the Eastern District of Missouri are listed.

This means the twelve cases will *not* be argued until, at the earliest, July 27, 2017 in Los Angeles, California. And, *if* the Panel decides to transfer those cases, the accompanying remand motions will not be briefed and ready for argument until, at the earliest, late August / early September.[1] All told, if the Court continues Plaintiffs' properly-noticed motion to remand, Plaintiffs will have spent over five to six months in federal court because of a meritless removal. And, even then, the JPML could deny transfer, rendering any continuance moot.

*Second*, it does not serve the principles of judicial economy, sound case management, or justice to delay the issue of federal-question jurisdiction in *Pennie* just because cases involving similar questions of removal *may* be transferred to this MDL. The merits of Monsanto's removal in this case will not change because Monsanto did the same thing in other cases—Monsanto's removal here is as

---

[1] Plaintiffs will not spill ink arguing the merits of transfer of the EDMO cases to this MDL. Whether it is appropriate to transfer improperly removed cases to the MDL has no bearing on the Court's ability to hear remand in *Pennie* as originally noticed.

2

**OPPOSITION TO MOTION TO CONTINUANCE**

groundless as it is there.[2] Once the Court remands this matter, it will simply be a matter of copy-and-paste for whichever cases get transferred to this Court; fitting since Monsanto's notices of removal were, themselves, copy-and-pasted.[3] Indeed, if the Court continues this motion, it could well encourage more frivolous removals since Monsanto will not have been "put on notice" of this misconduct by an adverse ruling. Monsanto will keep removing cases using the same baseless arguments.

*Third*, there is real prejudice to making Plaintiffs wait even longer on the remand issue. As explained in Plaintiffs' reply brief, these Plaintiffs are sick with cancer and, like any serious illness, there is a real risk of death as each day ticks by. Indeed, one of the Plaintiffs in this case passed away while this motion for remand was pending, extinguishing several remedies that are only permitted for living plaintiffs. In California state court, sick patients are entitled to a preference trial, i.e., a trial within four months. By making Plaintiffs wait five months before going back to state court, Monsanto is using the removal process to manipulate the timing of various proceedings—indeed, Monsanto removed certain state court proceedings and not others, suggesting its selective use of removal fits into some nationwide litigation strategy. Lost in this gamesmanship, however, is the fact that real people are experiencing real harm, and they deserve their day in the court they chose to file their case.

In conclusion, Plaintiffs respectfully ask the Court to deny Monsanto's Motion to Continue the hearing date of Plaintiffs' remand for the foregoing reasons. The issue of remand in *Pennie* is ripe for resolution and the Court should not postpone the upcoming opportunity for Plaintiffs to send this action back to the proper court of origin.

---

[2] Monsanto even concedes that plaintiffs' remand arguments in the various EDMO cases and *Pennie* differ significantly. *See* Mtn. to Cont. Hearing Date at 3. It does not make much sense for the Court to delay hearing remand in *Pennie* until cases which address the issue of remand in completely different ways someday appear before the Court.

[3] Indeed, Monsanto literally copy and pasted its notices of removal in this case from its notice in the Eastern District of Missouri case—even going so far as to cite Eighth Circuit case law (governing Missouri) for a removal in the Ninth Circuit.

3

**OPPOSITION TO MOTION TO CONTINUANCE**

Dated:  May 19, 2017                    **BAUM HEDLUND ARISTEI & GOLDMAN, P.C.**

 /s/ Pedram Esfandiary
Pedram Esfandiary (SBN: 312569)
pesfandiary@baumhedlund.com
R. Brent Wisner (SBN: 276023)
rbwisner@baumhedlundlaw.com
Michael L. Baum, Esq. (SBN: 119511)
mbaum@baumhedlundlaw.com
Frances M. Phares, Esq. (LA #10388)
fphares@baumhedlundlaw.com
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Telephone:  (310) 207-3233
Facsimile:  (310) 820-7444

**KENNEDY & MADONNA, LLP**
Robert F. Kennedy, Jr.
rkennedy@kennedymadonna.com
Kevin J. Madonna
kmadonna@kennedymadonna.com
48 Dewitt Mills Road
Hurley, New York 12443
Telephone:  (845) 481-2622
Facsimile:  (845) 230-3111

**PENDELY, BAUDIN & COFFIN, LLP**
Nicholas R. Rockforte (LA #31305)
nrockforte@pbclawfirm.com
Christopher L. Coffin (LA #27902)
ccoffin@pbclawfirm.com
Jonathan E. Chatwin (LA #36410)
jchatwin@pbclawfirm.com
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 355-0086
Facsimile:  (504) 523-0699

Attorneys for Plaintiffs
*Pennie*, *et al.*, *v. Monsanto Co.*, *et al.*, Case No.: 3:17-cv-01711-VC

**OPPOSITION TO MOTION TO CONTINUANCE**

**CERTIFICATE OF SERVICE**

    I, Pedram Esfandiary, hereby certify that, on May 19, 2017, I electronically filed the foregoing with the Clerk for the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

                                       /s/ Pedram Esfandiary
                                       Pedram Esfandiary