Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No. 3:16-md-02741-VC <br><br> MDL No. 2741 |
| This document relates to: <br><br> *Pennie v. Monsanto Co.*, Case No. 3:17-cv-01711-VC | **MONSANTO COMPANY'S REPLY IN SUPPORT OF MOTION TO CONTINUE UNILATERALLY-NOTICED HEARING DATE FOR PLAINTIFFS' REMAND MOTION** |

The Court should grant Monsanto Company's Motion to Continue Unilaterally-Noticed Hearing Date for Plaintiffs' Remand Motion ("Monsanto's Motion"), ECF No. 26.

Plaintiffs do not dispute that they noticed the June 1 hearing without conferring with Monsanto's counsel and therefore failed to comply with Paragraph 6 of the Court's Standing Order for Civil Cases.  *See* Monsanto's Motion at 1.  Thus, Plaintiffs did not "properly . . . notice" the hearing on their remand motion, as they argue.  *See* Plaintiffs' Opp'n to Continuance of Hearing Date for Plaintiffs' Remand Motion at 2 ("Plaintiffs' Opp'n"), ECF No. 27.

Moreover, Plaintiffs once again mischaracterize a Monsanto argument.  They contend that Monsanto "***concedes*** that plaintiffs' remand arguments in the various EDMO cases and *Pennie **differ significantly***" and then argue that the Eastern District of Missouri cases "address the issue of remand in ***completely different ways***."  *Id*. at 3 n.2 (emphasis added).  To the

contrary, Monsanto explained that the removal grounds at issue in all twelve of the Eastern District of Missouri Roundup® cases and the *Pennie* case "***are the same*** (federal question removal, federal officer removal)." Monsanto's Motion at 3 (emphasis added). Because the similarities among the remand motions far outweigh the differences, the interests of judicial economy and sound case management principles support Monsanto's request that the Court grant the continuance and hear all of these remand issues together in a coordinated, orderly manner.

Finally, the continuance sought by Monsanto is appropriate, regardless of whether the Judicial Panel on Multidistrict Litigation ("JPML") issues rulings in June, July, or the beginning of August on the pending requests to transfer the Eastern District of Missouri Roundup® cases to this Court. Plaintiffs' effort to avoid a continuance by arguing prejudice lacks merit for three reasons. First, any discovery that has been, or in the next few months will be, conducted in this Court will be available to Plaintiffs in the *Pennie* case regardless of whether this lawsuit is remanded to state court.[1] Second, the law firm that represents Plaintiffs in the *Pennie* case – Baum Hedlund, *et al*. – has a leadership role in these MDL proceedings, so that law firm is well positioned to protect the *Pennie* plaintiffs' interests through active involvement in discovery or other upcoming proceedings in this Court. Third, two Roundup® cases pending in California state court that were filed over a year ago have been following the same general-causation-discovery-and-expert-disclosure schedule that this Court set for these MDL proceedings – and there is no reason to conclude that the *Pennie* lawsuit would proceed on a substantially different schedule if it were pending in state court.[2]

For the foregoing reasons and the reasons set forth in Monsanto's Motion, the Court

---

[1] "It is contemplated by the Court and the parties that all discovery conducted in these proceedings may be used in any related state court action, in accordance with that state's law and rules of evidence . . ., subject to any agreements between the parties, and to all orders regarding the confines of discovery within this MDL and the issuance of similar protective orders and discovery protocols in the state court proceedings." Pretrial Order No. 7 at 1-2, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Jan. 10, 2017), ECF No. 103.

[2] Those two Roundup® lawsuits are pending in Riverside County and San Francisco County, respectively. Three other Roundup® lawsuits were filed more recently in Alameda County (in March 2017, the same month that the *Pennie* lawsuit was filed). Case management conferences have not yet occurred in those three lawsuits.

should continue the June 1 hearing to a date to be determined by the Court, after the JPML has issued transfer rulings in the Roundup® mass actions that Monsanto removed from Missouri state court to the Eastern District of Missouri.

DATED: May 22, 2017                       Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*