

**Aimee H. Wagstaff, Esq.**
*Licensed in Colorado and California*
Aimee.Wagstaff@AndrusWagstaff.com

7171 W. Alaska Drive
Lakewood, CO 80226
Office: (303) 376-6360
Fax: (303) 376-63614
Website: www.AndrusWagstaff.com

May 22, 2017

**FILED VIA ECF**
Honorable Vince Chhabria
United States District Court, Northern District of California

      **RE:**   *In re Roundup Prod. Liab. Litig.*, No. 3:16-md-02741-VC

Dear Judge Chhabria:

On May 15, 2017, this Court entered PTO 23 and ordered the Parties to meet and confer on the best means of reconciling the production and review of the renal tissue slides from Study BDN-77-420 with the expert discovery schedule. The Parties are unable to reach agreement and present their respective positions below.

### Plaintiffs' Position

The expert discovery schedule should remain basically unchanged even with the production of BDN-77-420 kidney tissue slides as required by PTO 23. That position is consistent with the Monsanto's counsel's argument in Court on May 11th.[1]

Last year, this Court entered PTOs 3 and 5, which set the general causation schedule to include a *Daubert* hearing with live expert testimony on October 10, 2017. Since the entry of PTOs 3 and 5, counsel and their experts have relied on this schedule. Indeed, in compliance with that schedule, Plaintiffs produced their expert reports on May 1, 2017 and have tendered available dates for each one of their experts to be deposed. Furthermore, Plaintiffs instructed their experts to commit to the October *Daubert* dates in the event live testimony is required. It is a significant task to coordinate experts' schedules for both *Daubert* depositions and a week-long *Daubert* hearing in San Francisco. The PTO 23 production, which is limited, is not a reason to upend the entire schedule and will likely create scheduling conflicts for Plaintiffs' experts.

On May 15, 2017, the Court ordered Monsanto to produce the original and re-cut kidney tissue slides from BDN-77-420. *See* PTO 23. During the May 11 argument on the matter, and

---

[1] **MR. LASKER:** Yes, Your Honor. I think it may be clear from my statements previously, if Your Honor's view is that this is something that you'll be granting the request, we will work with the plaintiffs and try and figure out a way to work it within the schedule we have. I mean, we've been all working very hard for the last year under the schedule. We've maintained the schedule, and I think that's been a tribute to the parties and a tribute to Your Honor that we've done that. And, you know, for this issue to blow that up I don't think is appropriate or necessary. *See*, MDL 2741 May 11, 2017 CMC Transcript, 62:3-13.

during the meet and confer process, Monsanto cited supplemental reports relating to review of the kidney tissue slides as the primary reason to alter the existing schedule. Such reasoning is a red herring for three primary reasons. First, the federal rules and applicable case law already provide a mechanism for an expert to supplement her report; that rule applies precisely to this type situation. *See* FED. R. CIV. P. 26(e)(2). Second, until the review is complete, it is mere speculation whether PTO 23 discovery will necessitate a new expert report, much less supplemental reports. Third, assuming Plaintiffs proffer a new report from their pathologist after review of the kidney tissue slides, Plaintiffs believe that only two of their experts would consider issuing a supplemental report and those supplements, if necessary, would be a few pages at most.[2] Nonetheless, Monsanto has maintained that the only way for Plaintiffs to review the slides and complete expert discovery is to amend the schedule, giving themselves an additional *60 days* to submit their expert reports and requiring Plaintiffs to reschedule the depositions of each of their six experts. Monsanto should not benefit and Plaintiffs should not be prejudiced as a result of the wrongful withholding of discovery entitled to Plaintiffs.

As such, pursuant to the federal rules and applicable case law, only two additions and amendments should be made to the existing schedule:

1. **Existing Deadline:** Plaintiffs' expert reports due: **May 1, 2017.**
2. **Existing Deadline:** Monsanto's expert reports due: **June 1, 2017.**
3. **Existing Deadline:** Plaintiffs' rebuttal expert reports due: **June 15, 2017.**
4. **New Deadline:** Plaintiffs' deadline to produce expert report relating to PTO 23 Discovery: **June 30, 2017.**
5. **New Deadline:** Monsanto's deadline to produce rebuttal expert report relating to PTO 23 Discovery: **July 14, 2017.**
6. **Amended Deadline:** Close of expert discovery: **July 28, 2017. [extending current schedule by only 7 days).**
7. **Existing Deadline:** Monsanto's motion for summary judgment and *Daubert* motion (40 pages): **August 9, 2017.**
8. **Existing Deadline:** Plaintiffs' opposition and cross-motion for summary judgment (70 pages): **August 30, 2017.**
9. **Existing Deadline:** Monsanto's Reply and opposition to cross-motion for summary judgment (50 pages): **September 13, 2017.**
10. **Existing Deadline:** Plaintiffs' reply (20 pages): **September 22, 2017.**
11. **Existing Deadline:** Live testimony from expert witnesses begins: **October 10, 2017.**
12. **Existing Deadline:** Argument on motions for summary judgment and *Daubert* motions: **October 13, 2017.**

## Monsanto's Position

When developing the original schedule for general causation discovery, plaintiffs proposed the simultaneous exchange of expert reports and simultaneous briefing on *Daubert* and Summary Judgment. *See* Plaintiffs' Case Management Statement at 20, ECF No 18. The Court rejected this idea, indicating that it "never found simultaneous briefs to be helpful" and that

---

[2] One of those experts is scheduled to be deposed on July 14th, after any possible report supplementation. The other expert witness, if Monsanto prefers, could be rescheduled to a date after any supplementation as well.

2

Monsanto's staggered proposal "makes a lot more sense." *See* Transcript of Proceedings at 144:12-145:14 (Nov. 16, 2016), ECF No. 36. The Court also ordered that plaintiffs submit all of their expert reports before Monsanto's. *See* Pretrial Order No. 3 at 2-3, ECF No. 47; *see also* Monsanto Co.'s Case Management Statement at 14-15, ECF No 9.

With their proposal here, plaintiffs seek to upend the logical and efficient order of events in the existing schedule in a way that will require multiple rounds of expert reports and expert depositions. Such an outcome is both inefficient and unnecessary, and the parties have been unable to devise a schedule that fairly maintains the current efficiencies and the October *Daubert* hearing. As the Court correctly predicted at the recent Case Management Conference, "keeping all the experts on the same schedule as opposed to just delaying things a little bit so that everybody can incorporate all the information they want" is the most efficient path forward, and trying to do otherwise has proven to be "complicated and convoluted." *See* Transcript of Proceedings at 61:23-62:2 (May 11, 2017), ECF No. 302. With a very short extension of the applicable deadlines, the remaining discovery can be completed in a non-duplicative and effective manner. Monsanto therefore requests that the Court adopt the following schedule:

- Plaintiffs' expert reports (including any supplemental reports) addressing plaintiffs' review of the kidney tissue slides) due: June 30, 2017.
- Monsanto's expert reports due: July 31, 2017.
- Plaintiffs' rebuttal expert reports due: August 18, 2017.
- Close of expert discovery: September 22, 2017.
- Monsanto's motion for summary judgment and Daubert motions (40 pages): October 6, 2017.
- Plaintiffs' opposition and cross-motion for summary judgment (70 pages): October 27, 2017.
- Monsanto's reply and opposition to cross-motion for summary judgment (50 pages): November 10, 2017.
- Plaintiffs' reply (20 pages): November 20, 2017.
- Live testimony from expert witnesses begins: December 11, 2017.
- Argument on motions for summary judgment and Daubert motions: December 15, 2017.

Monsanto's proposed schedule maintains the same order of events for the remainder of general causation discovery as set forth in PTO 3 and the same period of time provided between events, with only small modifications. This proposal also ensures the efficient completion of discovery and is consistent with this Court's prior orders with no prejudice to either party.

Plaintiffs' proposal, on the other hand, is a maze of backtracking and supplementation that will ensure wasted resources and inefficiencies for the parties and this Court. For example, plaintiffs propose that the parties produce additional expert reports relating to the kidney tissue slides during the period for expert depositions, which would necessarily require that some expert depositions be taken *before* the tissue slide review is completed and any additional expert reports are served.[3] Although plaintiffs' counsel now "believe that only two of Plaintiffs' experts would

---

[3] Plaintiffs' proposed schedule leaves only two weeks between the due date of Monsanto's rebuttal expert report regarding the tissue slides and the close of expert discovery, such that it would be impossible take all of the expert

3

consider issuing a supplemental report," *see supra*, plaintiffs' experts may disagree. Five of plaintiffs' experts opine (in varying degrees of detail) that the animal carcinogenicity bioassays, including the one at issue here, support a finding that there is sufficient evidence of general causation for this case to proceed. Plaintiffs' counsel have refused Monsanto's request that plaintiffs serve more limited expert reports reflecting counsel's "beliefs" about their experts' true areas of expertise. Instead, plaintiffs' counsel stated that the reports "speak for themselves," presumably meaning that the experts will offer testimony regarding all the areas contained within them. Therefore, the opinions of each of plaintiffs' experts may be implicated by the tissue slide expert reports, not just one or two as counsel now suggests.

Plaintiffs have the burden of proof in this matter, and therefore it is crucial that they offer their final expert opinions first; Monsanto's experts cannot respond to arguments they have not seen.[4] The supplementation procedures in Rule 26 are inapplicable where, as here, plaintiffs have already stated that supplemental reports will be required should their review of the slides generate new information. These supplemental reports will disrupt the schedule if time is not built in now to allow their exchange before expert depositions begin. As plaintiffs have acknowledged, inefficiencies occur when the same experts' depositions would be re-taken after the additional expert reports are served. *See* Transcript of Proceedings at 90:4-5, 7-10 (Dec. 21, 2016), ECF No. 81 ("Ms. Greenwald: … I've never done an expert depo until all the reports are in. … Otherwise -- they need the full set of information before depositions would take place. Otherwise, there would be a request for a second one.").

In addition to the inefficiencies it presents, plaintiffs' schedule also reduces the time available to Monsanto after the close of expert discovery to complete its *Daubert* and Summary Judgment motions by a full week (only 12 days as compared to 19 provided in PTO 3), while leaving the period for plaintiffs' oppositions and cross-motions unchanged. Reducing only Monsanto's time to prepare these important motions is fundamentally unfair. Moreover, plaintiffs' purported ability to maintain the current deadlines is illusory, because their proposed schedule all but guarantees that depositions will need to be re-taken, which would inevitably occur after the close of expert discovery given the busy schedules of the experts. Monsanto agrees with plaintiffs that coordinating scheduling with expert witnesses is a "significant task" that both parties have undertaken based on the original PTO 3 schedule. However, the difficult nature of that task is precisely why the schedule must be extended here. Proceeding as plaintiffs suggest with the looming possibility of a need to backtrack and redo interim efforts is both inefficient and wasteful.

Although Monsanto's proposal moves the resolution of the general causation phase to December 2017, it does so in a way that maintains the aggressive but realistic schedule that the parties have been operating under, and it ensures to the greatest extent possible that no future schedule changes will be required.

---

depositions needed in this case if plaintiffs' intent for the parties to wait until all expert reports are served to begin depositions under their schedule. In contrast, both PTO 3 and Monsanto's proposed schedule provide approximately five weeks for expert depositions.

[4] Plaintiffs claim that one of their experts "is scheduled to be deposed" on July 14, 2017. Although it is true that plaintiffs offered that date, it was not accepted. As Monsanto's counsel told plaintiffs prior to the Court's recent order, some of the dates offered are unworkable even under the current schedule and Deposition Protocol, which require plaintiffs' experts' depositions to predate Monsanto's experts' depositions.

Dated: May 22, 2017                              Respectfully submitted,

/s/ Aimee H. Wagstaff
Aimee H. Wagstaff, Esq.
ANDRUS WAGSTAFF, PC
7171 W. Alaska Dr.
Lakewood, CO 80226
Email: aimee.wagstaff@andruswagstaff.com

/s/ Robin Greenwald
WEITZ & LUXENBERG
700 Broadway
New York, NY 10003
Email: rgreenwald@weitzlux.com

/s/ Michael Miller
THE MILLER FIRM LLC
108 Railroad Ave
Orange, VA 22960
Email: mmiller@millerfirmllc.com

*Co-Counsel for MDL 2741 Plaintiffs*

/s/ Eric Lasker
HOLLINGSWORTH, LLP
1350 I Street NW
Washington D.C. 80005
Email: ELasker@hollingsworthllp.com

*Counsel for Monsanto Company*