# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

THE MILLER FIRM, LLC
 108 Railroad Avenue
Orange, Virginia 22960

       Plaintiff/Complainant,

                              Civil Action No: 3:17-cv-00035

vs.

U.S. ENVIRONMENTAL PROTECTION AGENCY
1200 Pennsylvania Ave NW
Washington, DC 20004

       Defendant/Respondent.

## COMPLAINT FOR INJUNCTIVE RELIEF

Complainant, THE MILLER FIRM, LLC, files this Complaint For Injunctive Relief pursuant to the Freedom of Information Act, 5 U.S.C. § 552(4)(B), and states as follows.

## I.

### PARTIES

1. Complainant The Miller Firm, LLC is a Virginia limited liability corporation with its principal place of business in Orange, Virginia. Complainant primarily represents people injured after exposure to mass-marketed products.

2. Respondent Environmental Protection Agency is an agency of the Executive Branch of the United States government. It is an agency within the meaning of 5 U.S.C. § 552(f).

## II.

### Jurisdiction and Venue

3. This Court has jurisdiction over this action, and venue is proper, pursuant to 5 U.S.C. § 552 (4)(B) because Complainant has its principal place of business within the Western District of Virginia.

## III.

### Background

4. Complainant law firm represents more than 1000 consumers who used Roundup, a pesticide made and sold by Monsanto.

5. In recent years published science has shown repeatedly that Roundup exposure increases the risk of non Hodgkin lymphoma.

6. All of petitioner's clients have lymphoma, and some are dying quite rapidly of it. Logic dictates that more will die on an ongoing basis.

7. Petitioner submitted a FOIA request in conjunction with a subpoena served on a former EPA employee with close ties to Monsanto. His deposition took place on April 24, 2017.

8. Though the subpoena was served on or about February 13, 2017, petitioner worked in good faith with EPA employee Mark Stilp, Esq. and others to modify the document search, which targeted a handful of emails relevant to EPA regulation of Roundup and the litigation at hand (carcinogenicity of Roundup).

9. EPA treated the amended FOIA request as having been dated April 17, 2017, although the online docket shows a date of April 19, 2017

10.

The FOIA request was assigned number: EPA-HQ-2017-006294. Its scope was as follows:

Search Part One

Custodians (i.e., search all emails sent or received by each individual):

Jack Housenger

Justina Fugh

Francesca Grifo

Search Period (i.e., email date range): 7/11/16 to 7/17/16

Subject Line Keyword(s): "FQPA"


Search Part Two (as originally submitted on 4/17/17)

Custodians:

Bill Jordan

Stephen Dapson

Search Period: 5/13/16 to 5/21/16

Subject Line Keyword(s): "FQPA" OR "misconduct"


11.     Regardless of date, twenty working days have passed since the request was submitted and accepted, and the Agency has gone curiously silent, despite acknowledging that responsive documents were located.

12.     The EPA has made no claim of privilege over any of the requested documents nor suggested that any of the information was not disclosable under the Freedom of Information Act.

13.     To date, no documents responsive to the Request have been produced.

## IV.

## Standard of Review

14.     When the EPA does not respond to a Freedom of Information Act request, that failure is properly reviewable by a District Court and may grant injunctive relief enjoining the Agency from withholding records.  5 U.S.C. 552.

15.     The district courts are to review agency decisions, including those regarding processing of FOIA requests, 5 U.S.C. § 552(a)(4)(B).

## V.

## INJUNCTION

16.     Respondent has failed to comply with the Freedom of Information Act in providing a response within twenty working days.  In the instant case, there was a pressing need to process the FOIA request on an expedited basis, since it was tied to a deposition subpoena.

17.     The Federal Government, through a United States Attorney (Northern District of California), authorized the testimony of the deponent and agreed to make all reasonable efforts to produce the handful of requested emails in time for deposition.

18.     No documents were produced, despite the Agency acknowledging that responsive emails have been located.

19. An urgent need continued to exist as the parties to the cancer litigation (MDL 2741) litigated motions practice with respect to the former Agency employee. Petitioner continued to try to work with EPA in good faith but was rebuffed and no documents produced.

20. An urgent need continues today as the product Roundup poses a grave danger to life and limb, and Petitioner's clients are frequently succumbing to the disease.

21. The public, and Petitioner, have a right to know the goings-on of their government with respect to this deadly product, and there has been no claim of privilege or protection over the requested documents.

22. Though the EPA undoubtedly receives a large number of FOIA requests, the lives of many could depend on the release of these documents.

23. As Justice Brandeis noted, "publicity is justly commended as a remedy for social and industrial diseases."[1] In the present circumstances, the disinfecting nature of sunlight has the potential to prevent a disease even more injurious and concrete than those social and industrial ills.

## VI.
## Prayer for Relief

WHEREFORE, Complainant prays that this Court:

1. Order the EPA to disclose the requested records, in their entirety, on an expedited basis, within 10 days;

2. Award Complainant its costs and reasonable attorneys' fees incurred in this action; and

---

[1] Brandeis, Louis. *Other People's Money – and How Bankers Use It.* (1914).

3. Grant such other relief as the Court may deem just and proper.

                    Respectfully Submitted by:

                    ___/s/ Timothy Litzenburg_____

TIMOTHY LITZENBURG
JEFFREY TRAVERS
The Miller Firm, LLC
108 Railroad Avenue
Orange, Virginia 22960
Telephone: (540) 672-4224
Fax: (540) 672-3055
tlitzenburg@millerfirmllc.com
jtravers@millerfirmllc.com

6

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
The Miller Firm LLC

## DEFENDANTS
Environmental Protection Agency

**(b)** County of Residence of First Listed Plaintiff: Orange
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: 
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Timothy Litzenburg, The Miller Firm, LLC, 108 Railroad ave, Orange, VA 22960, 540 672 4224

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | | ☒ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
5 U.S.C. § 552
Brief description of cause:
Action to enforce FOIA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 05/22/2017
SIGNATURE OF ATTORNEY OF RECORD: /s/ Timothy Litzenburg

**FOR OFFICE USE ONLY**

RECEIPT # 0423-2680499  AMOUNT $400.00  APPLYING IFP  JUDGE  MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.