Michael L. Baum, Esq. (SBN: 119511)
mbaum@baumhedlundlaw.com
R. Brent Wisner, Esq. (SBN: 276023)
rbwisner@baumhedlundlaw.com
Frances M. Phares, Esq. (LA #10388)
fphares@baumhedlundlaw.com
Pedram Esfandiary (SBN: 312569)
pesfandiary@baumhedlund.com
**BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.**
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Telephone:  (310) 207-3233
Facsimile:  (310) 820-7444

Nicholas R. Rockforte (LA #31305)
nrockforte@pbclawfirm.com
Christopher L. Coffin (LA #27902)
ccoffin@pbclawfirm.com
Jonathan E. Chatwin (LA #36410)
jchatwin@pbclawfirm.com
**PENDLEY, BAUDIN & COFFIN, LLP**
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 355-0086
Facsimile:  (504) 523-0699

Robert F. Kennedy, Jr., Esq.
rkennedy@kennedymadonna.com
Kevin J. Madonna, Esq.
kmadonna@kennedymadonna.com
**KENNEDY & MADONNA, LLP**
48 Dewitt Mills Road
Hurley, New York 12443
Telephone:  (845) 481-2622
Facsimile:  (845) 230-3111

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Pennie*, *et al.*, *v. Monsanto Co.*, *et al.*, Case No. 3:17-cv-01711-VC | MDL No. 02741<br><br>**PLAINTIFFS' SUPPLEMENTAL BREIF IN SUPPORT OF REMAND** |

Pursuant to the Court's June 9, 2017 Order (16-MD-2741, Dkt. 333), Plaintiffs submit the following supplemental brief in support of remand.  Each question is addressed in turn.

---

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF REMAND**

1. **Whether the complaint's reference to a FIFRA violation amounts to assertion of a federal claim, and if so, whether renouncing the claim at this stage would justify remand.**

**Short Answer:** The allegation that Monsanto violated FIFRA *does not* amount to an assertion of a federal claim. Nor is the violation of FIFRA an element of Plaintiffs' California claims. The Complaint clearly states that Plaintiffs' claims are brought under California law and not federal law, and, per the "well-pleaded complaint" rule, any remand analysis is constrained by the allegations in the Complaint. However, even if the allegation did amount to a federal claim or was an element of Plaintiffs' state claims, it would still not confer federal jurisdiction because the federal issue is not necessary for Plaintiffs to prevail on their state law claims. Renouncing any "federal claim" is, therefore, unnecessary since the "federal claim" is not integral to Plaintiffs' claims. Removing the allegation would have no impact on Plaintiffs' lawsuit. However, if doing so facilitates remand, Plaintiffs would gladly strike Paragraph 146 (and 218) from the Complaint.

**Long Answer:** In the Complaint, under the section "Limitation on Allegations," Plaintiffs expressly limited the scope of their claims under California law to "run parallel to federal law" and clarified that "[t]he allegations in this pleading are made pursuant to California law" and that "***Plaintiffs' claims do not seek to enforce federal law.***" Compl. (Dkt. 1-1) at ¶¶ 144-45 (emphasis added). It is within this context that Plaintiffs allege that Monsanto's violation of California law also violated FIFRA's misbranding provisions. *Id.* ¶ 146. At no time, however, do Plaintiffs assert a federal claim; in fact, Plaintiffs *expressly disavow* such a claim. Plaintiffs' reference to a FIFRA violation is meant to limit the scope of Plaintiffs' claims under *California law*, which is "narrower than its duty under FIFRA." *Hardeman v. Monsanto Co.,* 216 F. Supp. 3d 1037 (N.D. Cal. 2016). Thus, the allegation in Paragraph 146 cannot reasonably be construed as a federal claim, especially when read in the context of the preceding two paragraphs and considering the standard by which this Court must construe federal jurisdiction.[1] Additionally, proof that Monsanto violated FIFRA is not

---

[1] The Court must limit its analysis to the allegations contained in the Complaint and, in so doing, strictly construe those allegations *against* jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction . . . Federal jurisdiction must be

an element of Plaintiffs' California claims.  Plaintiffs do not need to prove a FIFRA violation to prevail on any particular California claim—it just so happens that if Plaintiffs succeed in establishing a violation of California law, it would also establish a violation of FIFRA, since the laws run parallel. Removing the allegation that Monsanto violated FIFRA from the Complaint would not materially change any aspect of Plaintiffs' lawsuit.  So, if striking the allegation from the Complaint would permit remand, Plaintiffs do not object.

That said, even if the Court were to conclude that (1) Plaintiffs' allegation amounts to an assertion of a federal claim or that (2) Plaintiffs' claims require proof of a FIFRA violation, this Court still lacks jurisdiction.

First, the mere existence of a federal claim—a fact Plaintiffs dispute—does not create federal jurisdiction.  The law is clear: "When a claim can be *supported by alternative and independent* theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach[.]"  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) (emphasis added).  To the extent any federal claim is asserted, it is clearly asserted as running *parallel* to California law, meaning the California claims are, by definition, independent: "*All claims asserted herein run parallel to federal law*, i.e., the Defendants' violations of California law were also violations of federal law."  Compl. (Dkt. 1-1) at ¶ 144 (emphasis added).

Remarkably, Monsanto declares "the Complaint *makes clear* that *every claim* alleged by Plaintiffs is predicated *solely* on the violation of duties imposed by federal law," citing the same paragraph.  Opp. (Dkt. 22) at 7 (emphasis added).  But Monsanto's reading of the Complaint is dubious, especially in light of the very next paragraph, which states, in no uncertain terms, "Plaintiffs do not seek to enforce federal law." Compl. (Dkt. 1-1) at ¶ 145.  Other than blanket, unfounded assertions that this lawsuit is "permeated" with federal issues, Monsanto has not actually shown where in the Complaint Plaintiffs assert a claim outside the reach of California law—indeed, the plain language of the Complaint states the *opposite*.  And, since the issue of remand is cabined by the allegations in the

---

rejected if there is any doubt as to the right of removal[.]").  That Monsanto relies almost exclusively on statements made in other cases and on news articles and other documents, speaks to the lack of merit in Monsanto's removal.

Complaint, Monsanto's bold declaration of federal issues lacks a reasonable basis.

Second, even if Plaintiffs' California claims relied on proving FIFRA misbranding—a fact Plaintiffs wholeheartedly reject[2]—this Court still lacks federal jurisdiction. It is black-letter law that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). This is why "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). And, even when there is a substantial issue, "federal jurisdiction is subject to a possible veto" since jurisdiction must be "consistent with congressional judgment about the sound division of labor between state and federal courts[.]" *Id.* at 313-14.

The Supreme Court has already assessed these considerations for "a state tort claim resting in part on the allegation that the defendant . . . violated a federal misbranding prohibition" and held that the presence of this federal issue does *not* confer federal jurisdiction. *Grable*, 545 U.S. at 316 (discussing *Merrell Dow*, 478 U.S. at 806). Thirty years ago the Supreme Court concluded that "the combination of no federal cause of action and no preemption of state remedies for misbranding as an important clue to Congress's conception of the scope of jurisdiction to be exercised"[3] and that "[a] general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts." *Grable*, 545 U.S. at 318-19 (discussing *Merrell Dow*, 478 U.S. at 811-12). Thus, even if Plaintiffs' California law claims required proof of FIFRA misbranding, the Court lacks jurisdiction because it is well-settled that Congress never intended that issue to convey federal jurisdiction. Asserting jurisdiction here would upset the state-federal court balance. This is why in

---

[2] To defeat preemption, a legal defense, it is enough that a violation of California law, as a matter of law, also violates FIFRA. However, for the purposes of establishing Plaintiffs' California claims at trial, there is no obligation to establish, independently, a violation of FIFRA.
[3] Although these cases dealt with the Food, Drug and Cosmetic Act (FDCA), similar preemption provisions apply to FIFRA: "a state-law labeling requirement is not pre-empted by § 136v(b) if it is equivalent to, and fully consistent with, FIFRA's misbranding provisions." *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 447 (2005); *accord Hardeman*, 216 F. Supp. 3d at 1037-38.

3
**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF REMAND**

the "rare" instance where a state law cause of action implicates federal issues sufficient to warrant jurisdiction, the federal issue is typically "the only legal or factual issue contested in the case." *Grable*, 545 U.S. at 315. That is simply not the case here.

On the same day the Court ordered supplemental briefing, the Honorable William Alsup issued an order in *Sangimino v. Bayer Corp.*, 17-CV-1488 (WHA) (N.D. Cal.). The decision is attached as Exhibit A. In *Sangimino*, a group of plaintiffs brought California failure-to-warn, negligence, and fraud claims against a defendant in California state court. And, like here, the defendants removed based on federal question jurisdiction, arguing that "plaintiffs have necessarily raised federal issues by alleging violations of federal law to support elements of their claims[.]" *Id.* at 4. Judge Alsup only needed to examine the first *Grable* element to grant remand, i.e., whether the federal issues raised by the complaint were necessary. Even though "a great number of plaintiffs' allegations are predicated on defendants' alleged failure to follow FDA requirements, including an allegation that failure to comply with federal requirements amounts to negligence *per se* . . . this alone is not enough to confer federal-question jurisdiction"[4] because "[t]he complaint states garden-variety California negligence, products liability, warranty, and fraud claims[.]" *Id.* at 4. Judge Alsup explained that "Plaintiffs cannot be faulted for explicating alternative federal-law-based theories, especially since they must do so to avoid preemption." *Id.* Ultimately, resolution of the federal issues raised by the complaint were not *necessary* for the plaintiffs' causes of action under California law and, thus, "the complaint here does not necessarily raise federal issues." *Id.* at 5. Having failed on the first element, the court did not need to get to the remaining elements—removal was improper.

Unlike *Sangimino*, Plaintiffs here do not raise *any* federal issues, i.e., negligence *per se*. However, Judge Alsup's reasoning is still applicable—even if the Court were to buy Monsanto's assertion that Paragraph 146 amounts to an assertion of a federal claim, that federal issue is not enough to confer jurisdiction since Plaintiffs also assert independent theories of liability under California law. *Rains*, 80 F.3d at 346. Plaintiffs' allegation that Monsanto violated FIFRA was meant to address Monsanto's preemption defense and "Plaintiffs cannot be faulted for explicating alternative federal-law-based

---

[4] Indeed, the state law allegations in *Sangimino* alleged *per se* negligence based on violations of federal law, going much further than Plaintiffs here.

4

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF REMAND**

theories . . . to avoid preemption." *Sangimino* at 5.

**2. Whether the state-law fraud claim is premised on a FIFRA violation, and if so, whether this would give rise to federal question jurisdiction under *Grable*.**

**Short Answer:** Plaintiffs' fraud claim is not premised on a FIFRA violation—Plaintiffs have *never* alleged that Monsanto's conduct in promoting Roundup was fraudulent because it was in violation of federal law. Monsanto's fraudulent conduct is independent of whether Monsanto violated FIFRA. That said, even if the Court were to conclude that Plaintiffs' fraud claims are premised, at least in part, on a FIFRA violation, under *Grable*, jurisdiction is still not appropriate.

**Long Answer:** Plaintiffs plead fraud at Paragraphs 215-225. Compl. (Dkt. 1-1) (Paragraph 215 incorporates by reference all preceding paragraphs). Plaintiffs allege that "Defendant Monsanto has defrauded the agricultural community in general and Plaintiffs in particular by misrepresenting the true safety of its Roundup® and by failing to disclose known risks of cancer." Compl. (Dkt. 1-1) at ¶ 217; *see also id.* ¶ 217 (listing out misrepresentations and omissions). At paragraph 218, Plaintiffs repeat the allegation made in Paragraph 146, alleging Roundup was misbranded under FIFRA. *Id.* ¶ 218.

Like Paragraph 146, the allegation does not constitute a federal claim—the same limitation set forth in Paragraphs 144-45 applies with equal force, i.e., "Plaintiffs do not seek to enforce federal law." *Id.* ¶ 145. Likewise, the allegation does not form the basis of Plaintiffs' fraud claims. The Complaint alleges the conduct that forms the basis of fraud at Paragraphs 217 and 220, and nowhere is "distribution of a misbranded product" alleged as the basis of the fraud. Indeed, Plaintiffs specifically state: "The misrepresentations and/or material omissions that form the basis of this fraud claim ***are not limited to statements made on the Roundup® labeling***, as defined under federal law, but also involve Defendant Monsanto's representations and omissions made as part of its promotion and marketing of Roundup®[.]" *Id.* at ¶ 220 (emphasis added). Thus, absent a wholesale re-writing of the Complaint, any allegation of misbranding under FIFRA could not form the basis of Plaintiffs' fraud claim.

However, even if the Court were to construe the Complaint in favor of jurisdiction, and find that a FIFRA violation formed, in part, the basis of Plaintiffs' fraud claim, it would still not be enough.

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF REMAND**

Under *Grable*, the federal issue must be necessary, disputed, substantial, and prudential. *Gunn v. Minton, U.S.*, 133 S. Ct. 1059, 1065 (2013) (citing *Grable*, 545 U.S. at 314). All four elements militate against jurisdiction.

First, the Complaint alleges that "[n]othing prevented Defendant from disclosing the truth about the risks associated with Roundup® in its promotional efforts outside of the labeling context, using the forms of media and promotion Defendant traditionally used to promote the product's efficacy and benefits." Compl. (Dkt. 1-1) at ¶ 220. Thus, Plaintiffs allege alternative theories of fraud untethered to any FIFRA misbranding allegation. And, as described above, the existence of an independent state law theory of liability means the federal issue is not necessary. *Rains*, 80 F.3d at 346.[5]

Second, if the labeling for Roundup was fraudulent under California law, then it was also misbranded under FIFRA. *Hardeman*, 216 F. Supp. 3d at 1038 (claims attacking Roundup's product labeling under California law are consistent with FIFRA misbranding provisions). So, disposing of the federal issue can be done by disposing of the state issue—there is no disputed issue of law that requires a federal forum.

Third, the federal issue is not "substantial." Congress has already determined that enforcement of FIFRA labeling violations is permissible in state court, as evidenced by its failure to create a federal cause of action while allowing "state-law failure-to-warn claims to go forward as long as those claims were consistent with FIFRA." *Id.* at 1038 (citing *Bates*, 544 U.S. at 452). "[T]he combination of no federal cause of action and no preemption of state remedies for misbranding as an important clue to Congress's conception of the scope of jurisdiction to be exercised[.]" *Grable*, 545 U.S. at 318-19 (discussing *Merrell Dow*, 478 U.S. at 806). This is why, "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1083 (9th Cir. 2007) (quoting Merrell Dow, 478 U.S. at 817).

---

[5] By failing on the first *Grable* element, the Court need not consider the remaining elements.

1  Fourth, allowing jurisdiction here, because a FIFRA violation forms, in part, a basis of Plaintiffs'
2  California fraud claims—a fact Plaintiffs' dispute—would not be prudential.  It would upset the state-
3  federal court balance.  *Grable*, 545 U.S. at 318-19 (discussing *Merrell Dow*, 478 U.S. at 811-12).
4  This basic principle of comity, giving state courts the ability to adjudicate state law claims premised
5  on federal misbranding violations, is well-settled.  Monsanto's view of federal question jurisdiction
6  runs directly counter to this well-settled principle.  It would permit any state law claim that runs
7  parallel to federal law, i.e., nearly all federally-regulated products, to subject to federal court
8  jurisdiction, dramatically shifting the traditionally balance of state-federal court jurisdictions.

### 3. How concerns arising out of the complaint's reference to a FIFRA violation affect an otherwise compelling argument for shifting fees under 28 U.S.C. § 1447(c).

**Short Answer:**  The allegation that Monsanto violated FIFRA did not make Monsanto's removal objectively reasonable.  So, Plaintiffs should be awarded fees and costs under 28 U.S.C. § 1447(c).

**Long Answer:**  Fees are appropriate under 28 U.S.C. § 1447(c) if Monsanto "lacked an objectively reasonable basis for seeking removal."  *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). The Complaint's reference to a FIFRA violation does not raise Monsanto's removal, which was based on federal question and some notion that Monsanto qualified as a federal officer because it allegedly colluded with an EPA official, anywhere close to the level of being objectively reasonable.

The very paragraphs in the Complaint alleging that Monsanto violated FIFRA contain the same allegations explaining that Plaintiffs only assert claims under California law and that any federal violations run parallel to otherwise enforceable state claims.  Monsanto simply ignored those allegations in concocting its removal.  Indeed, this is why Monsanto's Opposition and Surreply focus, almost exclusively, on statements made in discovery briefing in this MDL, new articles, and other non-Complaint statements to fabricate a story that Plaintiffs' claims are permeated by federal issues. And, where Monsanto does actually attempt to address the content of the Complaint, it brazenly misquotes or makes unsupported claims about the content.

Removal here was, as best, a Hail Mary and, at worst, a stratagem to delay the state court cases while this Court considered the general causation issue.  In either case, it was not objectively

1 reasonable. Based on the allegations actually contained in the Complaint, there was no objectively
2 reasonable basis for removal and Plaintiffs should be awarded fees and costs.

3     This supplemental brief took Plaintiffs' counsel 5.5 hours to prepare, adding \$3,035 to the bill.
4 The grand total is now \$37,982.80 (\$34,947.80 + \$3,035).[6]

5     Should the Court take pause in awarding fees and costs because of the Complaint's allegation that
6 Monsanto violated FIFRA, then at the very least, the Court should award fees associated with briefing
7 the other unreasonable basis for removal, i.e., the notion that Monsanto qualified as a federal officer.
8 About half of the time spent briefing these issues related directly or indirectly to this theory for
9 removal. Should the Court wish to reduce the fee award, the Court may consider awarding Plaintiffs'
10 half, i.e., \$18,991.40. In any event, some award of fees is warranted, not only because Monsanto's
11 removal was unreasonable, but to deter future unreasonable removals by Monsanto.

Dated: June 12, 2017

**BAUM HEDLUND ARISTEI & GOLDMAN, P.C.**

 /s/ R. Brent Wisner
R. Brent Wisner (SBN: 276023)
rbwisner@baumhedlundlaw.com
Pedram Esfandiary (SBN: 312569)
pesfandiary@baumhedlund.com
Michael L. Baum, Esq. (SBN: 119511)
mbaum@baumhedlundlaw.com
Frances M. Phares, Esq. (LA #10388)
fphares@baumhedlundlaw.com
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Telephone: (310) 207-3233
Facsimile: (310) 820-7444

**KENNEDY & MADONNA, LLP**
Robert F. Kennedy, Jr.
rkennedy@kennedymadonna.com
Kevin J. Madonna
kmadonna@kennedymadonna.com
48 Dewitt Mills Road
Hurley, New York 12443
Telephone: (845) 481-2622
Facsimile: (845) 230-3111

---

[6] Attorney R. Brent Wisner prepared this supplemental brief. As discussed in the Declaration of Pedram Esfandiary (Dkt. 24-2) at ¶4, Mr. Wisner's hourly rate is \$550.

**PENDELY, BAUDIN & COFFIN, LLP**
Nicholas R. Rockforte (LA #31305)
nrockforte@pbclawfirm.com
Christopher L. Coffin (LA #27902)
ccoffin@pbclawfirm.com
Jonathan E. Chatwin (LA #36410)
jchatwin@pbclawfirm.com
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 355-0086
Facsimile:  (504) 523-0699

Attorneys for Plaintiffs. *Pennie*, *et al.*, *v. Monsanto Co.*, *et al.*, Case No. 3:17-cv-01711-VC

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF REMAND**

**CERTIFICATE OF SERVICE**

I, Brent Wisner, hereby certify that, on June 12, 2017, I electronically filed the foregoing with the Clerk for the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

                                              /s/ R. Brent Wisner
                                                R. Brent Wisner

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF REMAND**