# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH SANGIMINO, *et al.*,

    Plaintiffs,

  v.

BAYER CORP., *et al.*,

    Defendants.

No. C 17-01488 WHA

**ORDER GRANTING MOTION TO REMAND AND DENYING AS MOOT MOTION TO DISMISS**

## INTRODUCTION

Defendants removed this product liability action from state court on the grounds that it presents a federal question. Plaintiffs now move to remand, and defendants move to dismiss. For the reasons stated below, the motion to remand is **GRANTED**, and the motion to dismiss is **DENIED AS MOOT**.

## STATEMENT

Plaintiffs are 59 women who had Essure, a permanent contraceptive device, implanted in their fallopian tubes. This action arises from medical complications plaintiffs suffered as a result of alleged defects in the Essure device. Plaintiffs brought five claims under California law including (1) negligence, (2) strict products liability, (3) breach of express warranty, (4) breach of implied warranty, and (5) fraud.

Defendants removed this action from the Superior Court of Contra Costa County in March 2017 based on federal-question jurisdiction, claiming that plaintiffs' claims arise under federal law, and then moved to dismiss all claims. Plaintiffs now move to remand, contending

that their complaint does not raise a federal question. This order follows full briefing and oral argument.

## ANALYSIS

### 1. FEDERAL-QUESTION JURISDICTION.

District courts have jurisdiction over civil cases arising under the Constitution, laws and treaties of the United States — so-called federal-question jurisdiction. 28 U.S.C. 1331. When such a case is filed in state court, defendants may remove it to federal district court. 28 U.S.C. 1441(b). Absent a proper basis for removal, however, a case must be remanded. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 96 (1998).

The question of whether a claim "'arises under' federal law is determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 8 (1983)). "It is settled law that a case may not be removed to federal court on the basis of a federal defense, including a defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000) (quoting *Franchise Tax Bd.*, 463 U.S. at 8).

In the vast majority of cases, "arising under federal law" means that the plaintiff has pled a federal claim. *Merrell Dow*, 478 U.S. at 808. There is, however, a second path to federal- question jurisdiction. If a plaintiff does not present a federal claim, a federal court may nevertheless retain jurisdiction if federal issues presented by the claims are "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013) (listing requirements enumerated in *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 308 (2005)). Since plaintiffs have pled only state-law claims, the question is whether defendants have failed to satisfy any element of this four-part test.

2

**A.** **Necessarily Raised.**

"[F]ederal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims . . . ." *Franchise Tax Bd.*, 463 U.S. at 13. "When a claim can be supported by alternative and independent theories — one of which is a state law theory and one of which is a federal law theory — federal-question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988)).

Here, none of plaintiffs' claims relies on federal violations as a *necessary* element. Scrubbed of any mention of federal law, plaintiffs' complaint still pleads each element of each claim. Therefore, the complaint does not satisfy the "necessarily raised" prong of the test for federal-question jurisdiction, and must be remanded to state court.

Defendants make two arguments to the contrary, both unavailing. Defendants first argue that plaintiffs necessarily raise federal issues because they "must be suing for conduct that violates the [MDA] (or else [their] claim[s] [are] expressly preempted) . . ." (Def.'s Opp. at 5) (quoting *De La Paz v. Bayer Healthcare LLC*, 159 F. Supp. 3d 1085, 1092 (N.D. Cal. 2016)). Defendants go on to cite three out-of-circuit district court decisions in support of the proposition that a preemption defense can provide the basis for federal-question jurisdiction. *Dooley v. Medtronic, Inc.*, 39 F. Supp. 3d 973, 985 (W.D. Tenn. 2014) (Judge John Fowlkes, Jr.); *Jenkins v. Medtronic, Inc.*, 984 F. Supp. 2d 873, 880 (W.D. Tenn. 2013) (Judge John Fowlkes, Jr.); *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 679 (S.D. Ohio 2014) (Judge Timothy Black).

The Supreme Court and our court of appeals have spoken on this issue. A preemption defense does not confer federal-question jurisdiction "even if the defense is anticipated in the plaintiff's complaint" as it is here, and "even if both parties concede that the federal defense is the only question truly at issue." *Balcorta*, 208 F.3d at 1106 (quoting *Franchise Tax Bd.*, 463 U.S. at 14). To the extent that *Dooley*, *Jenkins*, and *Reuter* hold otherwise, this Court disagrees. Defendants cannot rely on a preemption defense to support removal.

3

1    Defendants next argue that plaintiffs have necessarily raised federal issues by alleging
2 violations of federal law to support elements of their claims (Def.'s Opp. at 7 (citing Compl. ¶¶
3 857, 882–83)). Defendants point the Court to *Burrell v. Bayer Corp.*, No. 117CV00031 MOC
4 DCK, 2017 WL 1032524, at *3 (W.D.N.C. Mar. 17, 2017) (Judge Max Cogburn, Jr.), a decision
5 out of the Western District of North Carolina arising from another suit against Bayer related to
6 the Essure device. In *Burrell*, the court acknowledged that the complaint did not state a federal
7 claim, but held that the because the plaintiffs alleged violations of federal requirements, the
8 complaint necessarily raised federal issues.

9    Here, like *Burrell*, a great number of plaintiffs' allegations are predicated on defendants'
10 alleged failure to follow FDA requirements, including an allegation that failure to comply with
11 federal requirements amounts to negligence *per se* (*e.g.* Compl. ¶¶ 857–60; 883–887; 889). But
12 this alone is not enough to confer federal-question jurisdiction. If plaintiffs' claims are also
13 "supported by alternative and independent [state-law] theories" then they do not necessarily
14 raise federal issues, and must be remanded. *Rains*, 80 F.3d at 343–44 (remanding suit that
15 alternatively pled a violation of state and federal law to fulfill an element of a claim). Such is
16 the case here. The complaint states garden-variety California negligence, products liability,
17 warranty, and fraud claims without reference to federal law (*see* Compl. ¶¶ 855–857; 909;
18 935–940; 959–965). Plaintiffs cannot be faulted for explicating alternative federal-law-based
19 theories, especially since they must do so to avoid preemption.

20    Our court of appeals has made it clear that where a complaint pleads alternative theories
21 to support a claim — one federal and one state-based — it does not satisfy the "necessarily
22 raised" requirement of federal-question jurisdiction. Therefore, "federal law is not a necessary
23 element of [plaintiffs'] claim[s]." *Rains*, 80 F.3d at 343–44. To the extent *Burrell* is in conflict
24 with this result, the Court is bound by *Rains* and finds that plaintiffs have not necessarily raised
25 federal issues by pleading alternative theories that rely, in part, on the breach of federal duties.

26    Finally, at oral argument defendants relied on *Grable*, arguing that it modified the
27 standard set forth in *Merrell Dow*. The part of *Grable* relied upon by counsel, however, related
28 to the substantiality and federal-state balance prongs of the four-part test for federal-question

United States District Court
For the Northern District of California

4

jurisdiction. *Grable*, unlike this action, indisputably raised a federal issue, which was as an "essential element" of the only claim. Because the complaint here does not necessarily raise federal issues, the Court does not reach the other prongs of the Supreme Court's test for federal-question jurisdiction. Accordingly, Plaintiffs' action must be **REMANDED**.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand is **GRANTED**. The pending motion to dismiss is **DENIED AS MOOT** The Clerk shall please **REMAND** the action to Superior Court for Contra Costa County and **CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: June 9, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE