**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:      202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Maraman v. Monsanto Co.*, Case No. 3:17-cv-02318-VC | |

### <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Juanita Maraman's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      The allegations in paragraph 2 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in paragraph 7 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits that venue is proper in the Eastern District of Missouri based upon the allegations in plaintiff's Complaint.

8.      Monsanto denies that exposure to Roundup®-branded products did or could have caused plaintiff's alleged non-Hodgkin's lymphoma.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 8 and therefore denies those allegations.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

10.     Monsanto admits the allegations in paragraph 10.

11.     The allegations in paragraph 11 comprise attorney characterizations and are accordingly denied.

12.     In response to the allegations in paragraph 12, Monsanto admits that it sells Roundup®-branded products in Kentucky.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 13 and therefore denies those allegations.

14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     Monsanto admits the allegations in paragraph 16.

17.     Monsanto admits that it is authorized to do business in Missouri and Kentucky. The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto denies the allegations in paragraph 19.

20.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

22.     Monsanto admits the allegations in paragraph 22.

23.     Monsanto admits the allegations in paragraph 23.

24.     Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  Monsanto states that the remaining allegations in paragraph 24 are vague and ambiguous and that it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

25.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 25 comprise attorney characterizations and are accordingly denied.

26.     Monsanto admits the allegations in paragraph 26.

27.     Monsanto generally admits the allegations in paragraph 27, but denies the allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants

1   at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

2   the United States Environmental Protection Agency ("EPA").

3         28.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4   truth of the allegations asserted in paragraph 28 and therefore denies those allegations.

5         29.    Monsanto admits that it is the leading producer of seeds that contain the Roundup

6   Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

7   farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

8   belief as to the accuracy of the specific numbers and statistics provided in the remaining

9   sentences of paragraph 29 and therefore denies those allegations.  Monsanto denies the

10  remaining allegations in paragraph 29.

11        30.    Monsanto admits the allegations in paragraph 30.

12        31.    Monsanto admits that Roundup®-branded products have been used by farmers for

13  approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

14  properties and denies the remaining allegations in paragraph 31.

15        32.    The allegations in paragraph 32 set forth conclusions of law for which no

16  response is required.  To the extent that a response is deemed required, Monsanto admits the

17  allegations in paragraph 32.

18        33.    In response to the allegations in paragraph 33, Monsanto admits that EPA requires

19  registrants of herbicides to submit extensive data in support of the human health and

20  environmental safety of their products and further admits that EPA will not register or approve

21  the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

22  Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 33 set forth

23  conclusions of law for which no response is required.

24        34.    The allegations in paragraph 34 set forth conclusions of law for which no

25  response is required.

26        35.    Monsanto admits that Roundup®-branded products are registered by EPA for

27  manufacture, sale and distribution and are registered by the State of Missouri and the State of

28  Kentucky for sale and distribution.

36. In response to the allegations in paragraph 36, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. Monsanto states that the term "the product tests" in the final sentence of paragraph 36 is vague and ambiguous, and Monsanto therefore denies the same. The remaining allegations in paragraph 36 set forth conclusions of law for which no answer is required.

37. Monsanto denies the allegations in paragraph 37 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 regarding such pesticide products generally and therefore denies those allegations. The remaining allegations in paragraph 37 set forth conclusions of law for which no response is required.

38. In response to the allegations in paragraph 38, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings. Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2] Monsanto lacks information or knowledge sufficient to form a

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*

*(Footnote continued)*

belief as to the truth of the remaining allegations in paragraph 38 and therefore denies those allegations.

39.   In response to the allegations in paragraph 39, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 39 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

40.   In response to the allegations in paragraph 40, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 40 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

41.   Monsanto denies the allegations in paragraph 41.

42.   In response to the allegations in paragraph 42, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 42 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 42.

43.   Monsanto denies the allegations in paragraph 43.

44.   In response to the allegations in paragraph 44, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 44 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44

---

*Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-02318-VC

1   and therefore denies those allegations.

2        45.     Monsanto admits the allegations in paragraph 45.

3        46.     In response to the allegations in paragraph 46, Monsanto states that the cited the

4   document speaks for itself and does not require a response.  To the extent that the allegations in

5   paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or

6   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46

7   and therefore denies those allegations.

8        47.     Monsanto states that the term "toxic" as used in paragraph 47 is vague and

9   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

10  denies the allegations in paragraph 47.

11       48.     Monsanto admits the allegations in paragraph 48.

12       49.     In response to the allegations in paragraph 49, Monsanto states that the document

13  speaks for itself and does not require a response.  To the extent that a response is deemed

14  required, Monsanto denies the allegations in paragraph 49.

15       50.     In response to the allegations in paragraph 50, Monsanto admits that Julie Marc

16  published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

17  the extent that paragraph 50 characterizes the meaning of the cited study, Monsanto denies the

18  remaining allegations in paragraph 50.

19       51.     In response to the allegations in paragraph 51, Monsanto states that these

20  documents speak for themselves and do not require a response.  To the extent that a response is

21  deemed required, Monsanto denies the allegations in paragraph 51.

22       52.     In response to the allegations in paragraph 52, Monsanto states that the cited

23  document speaks for itself and does not require a response.  To the extent that paragraph 52

24  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

25  paragraph 52.

26       53.     Monsanto denies the allegations in paragraph 53.

27       54.     In response to the allegations in paragraph 54, Monsanto states that the cited

28  document speaks for itself and does not require a response.  To the extent that paragraph 54

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-02318-VC

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 56.

57.     Monsanto denies the allegations in paragraph 57.

58.     Monsanto denies the allegations in paragraph 58.

59.     Monsanto denies the allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

61.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 61.

62.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 62 and therefore denies those allegations.

63.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

64.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

65.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

1    evidence was "cumulative."  The remaining allegations in paragraph 65 are vague and

2    conclusory and comprise attorney characterizations and are accordingly denied.

3    66.    Monsanto admits that the full IARC Monograph regarding glyphosate was

4    published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

5    2A carcinogen.  In response to the remaining allegations in paragraph 66, Monsanto states that

6    the document speaks for itself and does not require a response.  To the extent that a response is

7    deemed required, the remaining allegations in paragraph 66 comprise attorney characterizations

8    and are accordingly denied.

9    67.    In response to the allegations in paragraph 67, Monsanto states that the document

10    speaks for itself and does not require a response.  To the extent that a response is deemed

11    required, the allegations in paragraph 67 comprise attorney characterizations and are accordingly

12    denied.

13    68.    In response to the allegations in paragraph 68, Monsanto states that the document

14    speaks for itself and does not require a response.  To the extent that a response is deemed

15    required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly

16    denied.

17    69.    Monsanto denies the allegations in paragraph 69.

18    70.    The allegations in paragraph 70 comprise attorney characterizations and are

19    accordingly denied.

20    71.    Monsanto admits the allegations in paragraph 71.

21    72.    In response to the allegations in paragraph 72, Monsanto states that the cited

22    document speaks for itself and does not require a response.  To the extent that paragraph 72

23    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

24    paragraph 72.

25    73.    In response to the allegations in paragraph 73, Monsanto admits that certain

26    studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

27    under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

28    evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

1  animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

2  paragraph 73.

3      74.      The allegations in paragraph 74 are vague and ambiguous and are accordingly

4  denied.

5      75.      In response to the allegations in paragraph 75, Monsanto states that the cited

6  document speaks for itself and does not require a response.

7      76.      In response to the allegations in paragraph 76, Monsanto states that the cited

8  document speaks for itself and does not require a response.  To the extent that paragraph 76

9  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

10  paragraph 76.

11      77.      Monsanto denies the allegations in paragraph 77.

12      78.      In response to the allegations in paragraph 78, Monsanto states that the cited

13  document speaks for itself and does not require a response.  Monsanto otherwise denies the

14  allegations in paragraph 78.

15      79.      Monsanto admits that there is no reliable evidence that Roundup®-branded

16  products are genotoxic and that regulatory authorities and independent experts agree that

17  Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

18  paragraph 79.

19      80.      Monsanto denies the allegations in paragraph 80.

20      81.      Monsanto denies the allegations in paragraph 81.

21      82.      Monsanto denies the allegations in paragraph 82.

22      83.      Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

23  exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 83.

24      84.      Monsanto denies the allegations in paragraph 84.

25      85.      Monsanto denies the allegations in paragraph 85.

26      86.      Monsanto admits the allegations in paragraph 86.

27      87.      Monsanto denies the allegations in paragraph 87.

28      88.      Monsanto admits the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 96.

97.     In response to the allegations in paragraph 97, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.

98.     In response to the allegations in paragraph 98, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 99.

100.    In response to the allegations in paragraph 100, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the EPA OPP Report and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing

evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 100.

101.    In response to the allegations in paragraph 101, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

1    testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

2    toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

3    glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

4    studies.  To the extent that the allegations in paragraph 101 are intended to suggest that

5    Monsanto was anything other than a victim of this fraud, such allegations are denied.

6    　　　　102.    In response to the allegations in paragraph 102, Monsanto admits that IBT

7    Laboratories was hired to conduct toxicity studies in connection with the registration of a

8    Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

9    based upon any fraudulent or false IBT studies.

10   　　　　103.    Monsanto denies the allegations in paragraph 103 to the extent they suggest that

11   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

12   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

13   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

14   connection with services provided to a broad number of private and governmental entities and

15   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

16   one of several pesticide manufacturers who had used IBT test results.  The audit found some

17   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

18   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

19   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

20   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 103 are

21   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

22   denies those allegations.

23   　　　　104.    In response to the allegations in paragraph 104, Monsanto admits that three IBT

24   employees were convicted of the charge of fraud, but Monsanto denies that any of the

25   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

26   herbicides.

27   　　　　105.    In response to the allegations in paragraph 105, Monsanto admits that it – along

28   with numerous other private companies – hired Craven Laboratories as an independent

laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 105.

106.    In response to the allegations in paragraph 106, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 106 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

107.    In response to the allegations in paragraph 107, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 107 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

108.    In response to the allegations in paragraph 108, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

109.    In response to the allegations in paragraph 109, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 109.

110.    Monsanto denies the allegations in paragraph 110.

111.    Monsanto denies the allegations in paragraph 111.

112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto denies the allegations in paragraph 113.

114.    Monsanto denies the allegations in paragraph 114.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto denies the allegations in paragraph 116.

117.    Monsanto denies the allegations in paragraph 117.

118.     Monsanto admits that plaintiff purports to bring an action for compensatory damages but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 118.

119.     Monsanto denies the allegations in paragraph 119.

120.     Monsanto denies the allegations in paragraph 120.

121.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 121 and therefore denies those allegations.

122.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 122 and therefore denies those allegations.

123.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in the first sentence of paragraph 123 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 123.

124.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 124 and therefore denies those allegations.

125.     Monsanto incorporates by reference its responses to paragraphs 1 through 124 in response to paragraph 125 of plaintiff's Complaint.

126.     In response to the allegations in paragraph 126, Monsanto denies that it has concealed the alleged "true risks associated with Roundup and glyphosate."  The remaining allegations in paragraph 126 set forth conclusions of law for which no response is required.

127.     In response to the allegations in paragraph 127, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

128.     In response to the allegations in paragraph 128, Monsanto states that the cited document speaks for itself and does not require a response.

129.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of her alleged cancer and denies the remaining allegations in paragraph 129.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-02318-VC

1    130.    Monsanto denies that it concealed "the true character, quality and nature of

2    Roundup."  The remaining allegations of paragraph 130 set forth conclusions of law for which

3    no response is required.  To the extent that a response is deemed required, Monsanto denies all of

4    plaintiff's allegations in paragraph 130.  Monsanto states, however, that the scientific studies

5    upon which IARC purported to base its classification were all publicly available before March

6    2015.

7    131.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

8    and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup[®]-

9    branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

10   which IARC purported to base its classification were all publicly available before March 2015.

11   The remaining allegations in paragraph 131 set forth conclusions of law for which no response is

12   required, consist of attorney characterizations and are accordingly denied, or comprise

13   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

14   the truth of the allegations asserted and therefore denies those allegations.

15   132.    Monsanto incorporates by reference its responses to paragraphs 1 through 131 in

16   response to paragraph 132 of plaintiff's Complaint.

17   133.    Paragraph 133 sets forth conclusions of law for which no response is required.

18   134.    Monsanto denies the allegations in paragraph 134.

19   135.    Monsanto denies the allegations in paragraph 135, including each of its subparts.

20   136.    Monsanto denies the allegations in paragraph 136.

21   137.    Monsanto denies the allegations in paragraph 137.

22   138.    Monsanto denies the allegations in paragraph 138, including each of its subparts.

23   139.    Monsanto denies the allegations in paragraph 139.

24   140.    Monsanto denies the allegations in paragraph 140.

25   141.    Monsanto denies the allegations in paragraph 141.

26   142.    Monsanto denies the allegations in paragraph 142.

27   In response to the "WHEREFORE" paragraph following paragraph 142, Monsanto

28   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

1  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

2  fees as allowed by law and such further and additional relief as this Court may deem just and

3  proper.

4      143.   Monsanto incorporates by reference its responses to paragraphs 1 through 142 in

5  response to paragraph 143 of plaintiff's Complaint.

6      144.   Monsanto lacks information or knowledge sufficient to form a belief as to the

7  truth of the allegations asserted in paragraph 144 and therefore denies those allegations.

8      145.   Monsanto lacks information or knowledge sufficient to form a belief as to the

9  truth of the allegations asserted in paragraph 145 and therefore denies those allegations.

10      146.   Monsanto denies the allegations in paragraph 146.

11      147.   Monsanto denies the allegations in paragraph 147.

12      148.   Monsanto denies the allegations in paragraph 148.

13      149.   Monsanto denies the allegations in paragraph 149, including each of its subparts.

14      150.   Monsanto denies the allegations in paragraph 150.

15      151.   Monsanto denies the allegations in paragraph 151.

16      152.   Monsanto denies that Roundup®-branded products have "dangerous

17  characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the remaining allegations asserted in paragraph 152 and therefore denies those

19  allegations.

20      153.   Monsanto lacks information or knowledge sufficient to form a belief as to the

21  truth of the allegations asserted in paragraph 153 and therefore denies those allegations.

22      154.   Monsanto denies the allegations in paragraph 154.

23      155.   Paragraph 155 sets forth conclusions of law for which no response is required.

24      156.   Monsanto denies the allegations in paragraph 156.

25      157.   Monsanto denies the allegations in paragraph 157.

26      158.   Monsanto denies the allegations in paragraph 158.

27      159.   Monsanto denies the allegations in paragraph 159.

28      160.   Monsanto denies the allegations in paragraph 160.

161.    Monsanto denies the allegations in paragraph 161.

162.    Monsanto denies the allegations in paragraph 162.

163.    Monsanto denies the allegations in paragraph 163.

164.    Monsanto denies the allegations in paragraph 164.

165.    Monsanto denies the allegations in paragraph 165.

In response to the "WHEREFORE" paragraph following paragraph 165, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

166.    Monsanto incorporates by reference its responses to paragraphs 1 through 165 in response to paragraph 166 of plaintiff's Complaint.

167.    Monsanto admits the allegations in paragraph 167.

168.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 168 and therefore denies those allegations.

169.    Monsanto denies the allegations in paragraph 169.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

170.    Monsanto denies the allegations in paragraph 170.

171.    Monsanto denies the allegations in paragraph 171.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

172.    Monsanto denies the allegations in paragraph 172.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA and with Missouri and Kentucky law.

173.    Monsanto denies the allegations in paragraph 173.

174.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 174 and therefore denies

1    those allegations.  Monsanto denies the remaining allegations in paragraph 174.

2            175.    Paragraph 175 sets forth conclusions of law for which no response is required.

3            176.    Monsanto denies the allegations in paragraph 176.

4            177.    Monsanto denies the allegations in paragraph 177.

5            178.    Monsanto denies the allegations in paragraph 178.

6            179.    Monsanto denies the allegations that Roundup®-branded products are defective

7    and accordingly denies the allegations in paragraph 179.

8            180.    Paragraph 180 sets forth conclusions of law for which no response is required.

9            181.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations asserted in paragraph 181 and therefore denies those allegations.

11           182.    Monsanto denies the allegations in paragraph 182.

12           183.    Monsanto denies the allegations in paragraph 183.

13           184.    Monsanto denies the allegations in paragraph 184.

14           185.    Monsanto denies the allegations in paragraph 185.

15           186.    Monsanto denies the allegations in paragraph 186.

16           In response to the "WHEREFORE" paragraph following paragraph 186, Monsanto

17   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

18   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

19   fees as allowed by law and such further and additional relief as this Court may deem just and

20   proper.

21           187.    Monsanto incorporates by reference its responses to paragraphs 1 through 186 in

22   response to paragraph 187 of plaintiff's Complaint.

23           188.    Monsanto denies the allegations in paragraph 188.  Additionally, the allegations

24   in the last sentence in paragraph 188 set forth conclusions of law for which no response is

25   required.

26           189.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 189 concerning the plaintiff's claimed use of Roundup®-

28   branded products and therefore denies those allegations.  The remaining allegations in paragraph

1 │ 189 set forth conclusions of law for which no response is required.

2 │      190.    The allegations in paragraph 190 set forth conclusions of law for which no

3 │ response is required.

4 │      191.    Monsanto denies the allegations in paragraph 191.

5 │      192.    Monsanto denies the allegations in paragraph 192.

6 │      193.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7 │ truth of the allegations in paragraph 193 concerning the condition of any Roundup®-branded

8 │ product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore

9 │ denies the allegations in paragraph 193.

10 │      194.    Monsanto denies the allegations in paragraph 194.

11 │      195.    Monsanto denies the allegations in paragraph 195.

12 │      196.    Monsanto denies the allegations in paragraph 196.

13 │      In response to the "WHEREFORE" paragraph following paragraph 196, Monsanto

14 │ demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

15 │ dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

16 │ fees as allowed by law and such further and additional relief as this Court may deem just and

17 │ proper.

18 │      197.    Monsanto incorporates by reference its responses to paragraphs 1 through 196 in

19 │ response to paragraph 197 of plaintiff's Complaint.

20 │      198.    In response to the allegations in paragraph 198, Monsanto admits that it has

21 │ manufactured, distributed, advertised, promoted, and sold Roundup®-branded products.

22 │      199.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23 │ truth of the allegations in paragraph 199 concerning plaintiff's claimed use of Roundup®-branded

24 │ products and therefore denies those allegations.  Monsanto admits that it has sold glyphosate

25 │ based herbicides in accordance with their EPA-approved labeling.  The remaining allegations in

26 │ paragraph 199 set forth conclusions of law for which no response is required.

27 │      200.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28 │ truth of the allegations in paragraph 200 concerning plaintiff's foreseeable use of Roundup®-

1   branded products and therefore denies those allegations.  The remaining allegations in paragraph

2   200 set forth conclusions of law for which no response is required.

3       201.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4   truth of the allegations in paragraph 201 and therefore denies those allegations.

5       202.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6   truth of the allegations in paragraph 202 and therefore denies those allegations.

7       203.    The allegations in paragraph 203 set forth conclusions of law for which no

8   response is required.

9       204.    The allegations in paragraph 204 set forth conclusions of law for which no

10   response is required.

11       205.    Monsanto denies the allegations in paragraph 205.

12       206.    Monsanto denies the allegations in paragraph 206.

13       207.    Monsanto denies the allegations in paragraph 207.

14       208.    Monsanto denies the allegations in paragraph 208.

15       209.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 209 regarding plaintiff's reliance and therefore denies those

17   allegations.  Monsanto denies the remaining allegations in paragraph 209.

18       210.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 210 regarding reliance by plaintiff and others and therefore

20   denies those allegations.  Monsanto denies the remaining allegations in paragraph 210.

21       211.    Monsanto denies the allegations in paragraph 211.

22       212.    Monsanto denies the allegations in paragraph 212.

23       213.    Monsanto denies the allegations in paragraph 213.

24       214.    Monsanto denies the allegations in paragraph 214.

25       215.    Monsanto denies the allegations in paragraph 215.

26       In response to the "WHEREFORE" paragraph following paragraph 215, Monsanto

27   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

28   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

1   fees as allowed by law and such further and additional relief as this Court may deem just and

2   proper.

3          In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

4   denies that plaintiff is entitled to the relief sought therein, including any judgment for any

5   damages, interest, costs, or any other relief whatsoever.

6          Every allegation in the Complaint that is not specifically and expressly admitted in this

7   Answer is hereby specifically and expressly denied.

8                        **SEPARATE AND AFFIRMATIVE DEFENSES**

9          1.     The Complaint, in whole or part, fails to state a claim or cause of action against

10  Monsanto upon which relief can be granted.

11         2.     Plaintiff's claims are barred in whole because plaintiff cannot proffer any

12  scientifically reliable evidence that the products at issue were defective or unreasonably

13  dangerous.

14         3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted,

15  was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

16  plaintiff's alleged injuries.

17         4.     Plaintiff's claims are barred, in whole or in part, because the products at issue

18  were designed, manufactured, marketed and labeled with proper warnings, information, cautions

19  and instructions, in accordance with the state of the art and the state of scientific and

20  technological knowledge.

21         5.     Plaintiff's claims are barred, in whole or in part, because the products at issue

22  were not defective or unreasonably dangerous in that they complied with, at all relevant times,

23  all applicable government safety standards.

24         6.     Any claims based on allegations that Monsanto misled, defrauded, made

25  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See,*

26  *e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

27  *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002

28

- 22 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-02318-VC

1      7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law

2  relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

3  processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

4      8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

5  findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

6  product labeling.

7      9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary

8  jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

9      10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if

10  any, were the result of conduct of plaintiff, independent third parties, and/or events that were

11  extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

12  independent, intervening and superseding causes of the alleged injuries, including but not limited

13  to plaintiff's pre-existing medical conditions.

14     11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j

15  and k, bar plaintiff's claims against Monsanto in whole or in part.

16     12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or

17  in part.

18     13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions

19  bar plaintiff's claims in whole or in part.

20     14.     If plaintiff suffered injury or damages as alleged, which is denied, such injury or

21  damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither

22  liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative

23  degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that

24  are not related or connected with any product sold, distributed, or manufactured by Monsanto.

25  Such acts or omissions on the part of others or diseases or causes constitute an independent,

26  intervening and sole proximate cause of plaintiff's alleged injury or damages.

27     15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to

28  her by which liability could be attributed to it.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-02318-VC

16. Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff. If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17. Plaintiff's claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18. Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Kentucky Constitution, and/or other applicable state constitutions.

19. Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of punitive damages under Kentucky law and/or other applicable state laws.

20. Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law.

21. Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22. Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23. Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

25. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26. Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize or limit such claims.

27. Plaintiff's claims are barred, in whole or in part, by the Kentucky Product Liability Act, Ky. Rev. Stat. § 411.300.

28.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  June 13, 2017                          Respectfully submitted,


                                               /s/ Joe G. Hollingsworth
                                               Joe G. Hollingsworth (*pro hac vice*)
                                               (jhollingsworth@hollingsworthllp.com)
                                               Eric G. Lasker (*pro hac vice*)
                                               (elasker@hollingsworthllp.com)
                                               HOLLINGSWORTH LLP
                                               1350 I Street, N.W.
                                               Washington, DC  20005
                                               Telephone:  (202) 898-5800
                                               Facsimile:  (202) 682-1639

                                               Attorneys for Defendant
                                               MONSANTO COMPANY