Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No. 3:16-md-02741-VC<br>MDL No. 2741 |
| This document relates to:<br><br>ALL ACTIONS | **DECLARATION OF GARY I. RUBIN IN SUPPORT OF MONSANTO'S APPLICATION FOR EMERGENCY RELIEF** |

I, Gary I. Rubin, state the following:

1. I am over eighteen (18) years of age and am competent to testify.

2. I am a Partner in the law firm Hollingsworth LLP, counsel for Monsanto Company ("Monsanto").

3. On June 30, 2017, counsel for Monsanto received a letter from counsel for plaintiffs, Mr. R. Brent Wisner of the law firm Baum Hedland Aristei Goldman, attaching a 28-page spreadsheet with 75 numbered cells and provided document links.  Because plaintiffs combined multiple documents together in some cells, those cells actually encompass 86 documents, each of which Monsanto has designated confidential in the litigation. The letter sought a meet-and-confer about the documents, and stated plaintiffs' position about why the challenge was appropriate at this time.  A true and correct copy of the letter is attached as Exhibit 1.

4. Mr. Wisner states in his letter that "I have been appointed by the Plaintiffs' Leadership in the MDL to work on this issue with you."

5. Of the 86 documents in plaintiffs' spreadsheet, 24 of them were part of a previous confidentiality challenge of 199 documents that was resolved in Monsanto's favor and which resulted in the Court's PTO 15.

6. On July 6, 2017, I sent an e-mail to Mr. Wisner proposing to discuss his letter on July 13, 2017, to which Mr. Wisner agreed on July 7, 2017.  True and correct copies of the e-mail messages are attached as Exhibit 2.

7. On July 13, 2017, my partner James Sullivan and I conducted a telephone conference with plaintiffs' counsel, including Mr. Wisner, Mr. Pedram Esfandiary of Baum Hedland Aristei Goldman, Ms. Aimee Wagstaff of the law firm Andrus Wagstaff, and Ms. Pearl Robertson of the law firm Weitz & Luxenberg.  The call lasted approximately 40 minutes.  During the telephone conference, Mr. Sullivan and I explained to plaintiffs' counsel that their challenge to the 86 documents was not only premature but also in violation of this Court's PTO 15 and PTO 20 and directions the Court gave to both parties at the February 27, 2017 hearing that preceded PTO 15 concerning the timing of challenges to documents Monsanto designated as confidential.  True and correct copies of PTO 15 and PTO 20, and excerpts from the hearing transcript are attached as Exhibits 3 A, B, and C.

8. We further explained that this phase of the litigation is about general causation and a *Daubert* hearing, and that none of plaintiffs' causation experts cited to or relied upon any of the 86 documents and that therefore none of plaintiffs' assertions could possibly meet PTO 15 and 20's requirement of demonstrating a "litigation need".  Therefore, we stated, the plaintiffs' challenge is not appropriate at this time, and thus we were not required to conduct a lengthy document-by-document review at this time.

9. We stated that at the appropriate time and under appropriate circumstances we would engage in document-by-document review of Monsanto documents designated

confidential. We noted that the appropriate time is when plaintiffs can demonstrate that the documents they seek to challenge meet the criteria set forth by this Court in PTO 15, PTO 20, and directions the Court gave to both parties concerning the timing of challenges to documents, including that the burden is on plaintiffs to demonstrate a litigation need.

10. After explaining Monsanto's view of the Court's direction, Plaintiffs' counsel noted in response that they would take it to the court.

11. We advised plaintiffs' counsel that we believed the proper procedure for raising the dispute with the Court would be a joint letter without exhibits. Plaintiffs said they may instead want to file a motion with exhibits and their chart about those exhibits, and asked whether Monsanto would want those materials to be filed under seal. We said we would move to strike or seal those documents because they are designated as confidential, and they are not needed to resolve Monsanto's argument as to why plaintiffs have not complied with PTO No. 15, PTO No. 20, and the Court's directions at the February 27, 2017 hearing.

12. At the end of our call with plaintiffs' counsel, Mr. Wisner stated "we could either anticipate a motion or a letter brief or, if someone talks me into it, dropping it altogether."

13. On July 27, 2017, two weeks after the July 13, 2017, telephone conference, we received an e-mail from Mr. Wisner, noting, in part, ". . . we will not be filing a joint discovery letter with the Court concerning the confidentiality designations challenged in the June 30, 2017 letter." A true and correct copy of that letter is attached as Exhibit 4.

14. On August 1, 2017, we were informed that Mr. Wisner or another person at the Baum firm had posted all 86 documents to its firm website; had released the documents to the U.S. Right to Know group; and had conducted an interview with *The Huffington Post*: "New 'Monsanto Papers' Add to Questions of Regulatory Collusion, Scientific Mischief". A true and correct copy of the *Huffington Post* article is attached as Exhibit 5.

15. In the article, Mr. Wisner makes accusatory statements, including ". . . it turns out that Monsanto has been in bed with U.S. regulators while misleading European regulators."

Exhibit 5, at 2.  The article also notes that "[t]he lawyers said they are sending copies of the documents to European authorities, to the EPA's OIG and to the California Office of Environmental Health Hazard Assessment (OEHHA) . . . ."  Exhibit 5, at 3.

16. We also learned on August 1, 2017, that Ms. Carey Gillam, whom plaintiffs' counsel previously have used to release Monsanto documents to the press, had contacted Monsanto at 4:16 a.m. CDT, 2:16 a.m. PDT, for comments on a fully prepared article she had drafted discussing the 86 documents Monsanto has designated confidential.  A true and correct copy of e-mail from Carey Gillam to Charla Lord is attached as Exhibit 6.

17. In addition to the *Huffington Post* article, several other media outlets have published lengthy articles about the documents.  By way of example:

   a. "Monsanto Emails Raise Issue of Influencing Research on Roundup Weed Killer," *The New York Times*.  The article quotes at some length from several documents.  Mr. Wisner notes "[n]ow the world gets to see these documents . . . ."  A true and correct copy of the article is attached as Exhibit 7.

   b. "Newly Released Documents Show How Monsanto Will Do Anything to Prove Roundup Isn't Toxic," *Splinter News*.  In addition to making allegations about Monsanto's attempts to influence regulators, the article also states "The some 75 documents don't just make Monsanto look bad, they bring several esteemed academics down as well," and then specifically names Dr. Henry I. Miller. A true and correct copy of the article is attached as Exhibit 8.

   c. "Monsanto Secret Documents Show Massive Attack on Seralini Study," *GMO Seralini.*  This article provides links to a number of the documents and includes a paragraph for each of the cited documents, the exact paragraphs that plaintiffs' counsel provided in its spreadsheet it sent to Monsanto's counsel on June 30, 2017.  A true and correct copy of the article is attached as Exhibit 9.

18. On August 1, 2017, I sent an e-mail to plaintiffs' counsel and conducted a telephone conference informing them of Monsanto's intention to seek emergency relief from the Court. A true and correct copy of the e-mail is attached as Exhibit 10.

19. On August 1, 2017, just hours after I sent the e-mail informing plaintiffs' counsel of Monsanto's intention to file an application for emergency relief from the Court, Plaintiffs filed a "Notice of Motion and Motion to Clarify Rulings Related to Confidentiality of Documents". ECF No. 415.  The Motion seeks clarification from the Court on PTO 15 and PTO 20.  This is exactly what Mr. Sullivan and I suggested to plaintiffs' counsel at the July 13, 2017, meet-and-confer – and what plaintiffs' counsel rejected in their July 27, 2017 e-mail (Exhibit 4).

I hereby declare under penalty of perjury that the facts set forth herein are true and correct.  Executed this 2nd day of August 2017 in Washington, DC.

_____
Gary I. Rubin

DECLARATION OF GARY I. RUBIN ISO MONSANTO'S EMERGENCY REQUEST APPLICATION
3:16-md-02741-VC