# Exhibit 1

**BAUM HEDLUND ARISTEI GOLDMAN** PC
— CONSUMER ATTORNEYS —

Washington, D.C. Office
12101 L Street, N.W.
Suite 800
Washington, D.C. 20037-1524
Office (202) 466-0513
Fax (202) 466-0527

12100 Wilshire Boulevard, Suite 950
Los Angeles, CA 90025-7114
Office (310) 207-3233
Fax (310) 820-7444
www.baumhedlundlaw.com

Philadelphia Office
1500 Market Street
12th Floor East Tower
Philadelphia, PA 19102-2100
Office (215) 665-5659
Fax (215) 569-8228

June 30, 2017

<u>*VIA EMAIL*</u>

Joe G. Hollingsworth
Heather A. Pigman
James M. Sullivan
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Email: jhollingsworth@hollingsworthllp.com
    hpigman@hollingsworthllp.com
    jsullivan@hollingsworthllp.com

Re:   *In Re: Roundup Products Liability Litigation*, 16-MD-2741 (N.D. Cal.)
      Letter Initiating Meet-and-Confer

Counsel,

I write to initiate a meet-and-confer regarding the asserted "confidentiality" of specific documents produced by Monsanto in discovery. ==I have been appointed by the Plaintiffs' Leadership in the MDL to work on this issue with you.==

This challenge is made pursuant to Paragraph 16.2 of the December 9, 2016 Protective and Confidentiality Order. We seek to meet-and-confer about documents we believe have been over-designated as "Confidential" by Monsanto. We have reviewed each document individually and selected only documents, listed out in detail on the attached chart, that do not contain trade secrets, sensitive commercial information, privileged material, or that are otherwise entitled to "confidential" protection under the law.

In compliance with the Court's Pre-Trial Order 15 (PTO-15), clear reasons are set forth in the attached chart for why each challenged document is relevant to the general causation stage of this litigation. Plaintiffs are making a good-faith effort to "confer in advance of court filings about whether documents previously designated confidential truly need that designation." PTO-15 at 4; *see* Feb 27, 2017 Tr. of Proceedings at 55. All of the documents challenged in this letter are reasonably likely to be used in this litigation and relate to this phase of litigation.

BAUM  HEDLUND  ARISTEI  GOLDMAN PC
——— CONSUMER ATTORNEYS ———

Joe G. Hollingsworth, et al<br>
June 30, 2017<br>
Page 2

As you know, in the Court's Pre-Trial Order 20, the Court stated that "[i]n this phase of the MDL, the proper remedy for overdesignation is to correct the discrete instances of overdesignation that require correction given the needs of the litigation" and instructed the Parties to comply with the meet-and-confer process outlined in Section 16.2 of the Protective Order.  Recognizing that Monsanto's designation of nearly every document produced in this litigation as "Confidential" was not done in bad-faith, but simply because Monsanto erred on the "side of caution," this letter and the requested meet-and-confer is your chance to address a discrete set of documents, identified in the attached chart, and correct Monsanto's overdesignations.  It is my sincere hope that through the meet-and-confer process we can avoid burdening the Court with having to review these documents and this confidentiality dispute can be resolved without Court intervention.

The substantive basis for challenging *each* document is provided in the attached chart.  Pursuant to the December 9, 2016 Protective and Confidentiality Order, you have fourteen (14) days to conduct a good-faith review of these documents and let us know whether you will be withdrawing these confidentiality designations, thus avoiding the need for any motion.  I am available to meet-and-confer and ask that you notify us by Thursday, July 6, 2017 of when you will be able to systematically go through each of these documents to see if there is some way we can come to an agreement outside of Court intervention.

To further facilitate your review, we have redacted the documents to remove irrelevant identifying information such as addresses, email addresses, phone, and fax numbers.  The redacted documents are available at HYPERLINK for your review.  Additionally, we have grouped the documents by subject-matter.

.

                                            Best,
                                            BAUM HEDLUND ARISTEI & GOLDMAN, P.C.

By: _____

                                            R. Brent Wisner
                                            Michael L. Baum
                                            Pedram Esfandiary