# Exhibit

# B

(Hearing) Monsanto  (In Re Roundup Prods. Liability Lit.)  5/11/2017  2:00:00 PM

Pages 1 - 63

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, Judge

IN RE: ROUNDUP PRODUCTS          )

LIABILITY LITIGATION          )

         )   NO. 16-md-02741 VC

         )

         )

San Francisco, California

Thursday, May 11, 2017

TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiffs:

   THE MILLER FIRM LLC

   108 Railroad Avenue

   Orange, Virginia  22960

  BY:  MICHAEL J. MILLER, ATTORNEY AT LAW

   ANDRUS WAGSTAFF PC

   7171 W. Alaska Drive

   Lakewood, Colorado  80226

  BY:  AIMEE H. WAGSTAFF, ATTORNEY AT LAW

For Defendant Monsanto Company:

   HOLLINGSWORTH LLP

   1350 I Street NW

   Washington, D.C.  20005

  BY:  ERIC G. LASKER, ATTORNEY AT LAW

  (APPEARANCES CONTINUED ON FOLLOWING PAGE)

REPORTED BY:  Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR

  Official Reporter

(Hearing) Monsanto  (In Re Roundup Prods. Liability Lit.)  5/11/2017  2:00:00 PM

APPEARANCES:  (CONTINUED)


For Movant Jesudoss Rowland:


VINSON & ELKINS LLP


2200 Pennsylvania Avenue NW


Suite 500 West


Washington, D.C.  20037


BY:  WILLIAM E. LAWLER, ATTORNEY AT LAW


(Via CourtCall)


For the United States of America:


BRIAN STRETCH


United States Attorney


450 Golden Gate Avenue - Civil Division


San Francisco, California  94102


BY:  RAVEN M. NORRIS, ASSISTANT U.S. ATTORNEY

1    We know the next day they decide to call Jess Rowland.

2    That's a fact.  These are all facts that we know.

3    We know that on the 23rd Monsanto gives talking points to

4    Mr. Rowland in March.

5    We know on April 28th Mr. Rowland calls Monsanto and says,

6    I deserve a medal for stopping other scientists in the federal

7    government who have real training in this issue from doing a

8    report.

9    THE COURT:  You know, you're mischaracterizing the

10    evidence.

11    MR. MILLER:  I don't believe I am, Your Honor.

12    THE COURT:  You just totally misstated the

13    statement -- the hearsay statement by Mr. Rowland.  I've seen

14    IARC's description -- I mean, excuse me, I've seen the Monsanto

15    e-mails describing what Rowland said, and you're totally

16    mischaracterizing it.

17    MR. MILLER:  I respectfully disagree.

18    THE COURT:  And so I'm going to ask you to sit down --

19    MR. MILLER:  Yes, Your Honor.

20    THE COURT:  -- unless you can be straightforward with

21    me about what the facts are in this case.

22    MR. MILLER:  I believe I am, and I apologize if the

23    Court thinks otherwise but I believe I am.  I read that a

24    hundred times, and I believe I am.

25    By September, Your Honor --

1    that we requested be kept, you know, confidential and not

2    public, which goes to the fact that we were just talking about,

3    the nature of his post-EPA work, we do believe that it's

4    appropriate to continue to keep those sealed.

5         The rest of the deposition in terms of his work at EPA --

6    his work at EPA, which was the bulk of the deposition, we think

7    is -- you know, we don't have a view on.

8         THE COURT:  Okay.  Thank you.

9         Let me give this some thought.  Hold on a second.

10        (Pause in proceedings.)

11        THE COURT:  Okay.  Now let me ask the plaintiffs, and

12   I'm going to ask you the same question about the motion to seal

13   in connection with the mice, let me ask the plaintiffs:  What

14   do you -- you know, I put out an order which made very clear

15   that you are only permitted to attach documents that really are

16   pertinent to the motion; that, you know, this -- you know, you

17   cannot use these proceedings to include as part of the court

18   file documents that you would like to see released to the

19   public if they're not relevant to the motion that you're

20   filing.

21        And so in light of that guidance, I'd like to give you an

22   opportunity with respect to the motion to seal -- you know, the

23   materials that you've submitted in connection with your motion

24   to compel testimony from Mr. Rowland, do you believe -- do you

25   stand by the idea that all of that was properly submitted in

1   connection with your motion?

2      That is to say, all of Exhibit 1 and all of Exhibit 2 to

3   your motion to compel, do you believe that that was all

4   properly submitted; or in light of the order that I issued on

5   an unrelated matter, which made clear that I was going to start

6   sanctioning you if you continued in your effort to file

7   documents that were not related to the motions you were filing

8   in an effort to get them released to the public, are you -- do

9   you have a different position about what parts of Exhibit 1 and

10   Exhibit 2 are relevant to your motion to compel and should be

11   filed in connection with your motion to compel?

12      MR. MILLER:  I don't have Exhibit 1 and Exhibit 2 in

13   front of me.  I can tell the Court we in good faith filed them;

14   but if the Court wants us to withdraw them, we will.  I mean,

15   we certainly didn't file them for purposes of press release.

16   We filed them for purposes of prevailing on the motion.  I can

17   make that representation.  But if the Court wants us to

18   withdraw them, we will.

19      THE COURT:  Why don't you have Exhibit 1 -- Exhibits 1

20   and 2 to your motion that is being argued here today in front

21   of you?

22      MR. MILLER:  It's irresponsible of me, and I take full

23   responsibility.  I brought the kitchen sink, but I didn't bring

24   them and I accept the responsibility.

25      MS. WAGSTAFF:  Your Honor, with respect to the mice

1    study motion that we're going to talk about soon, you said you

2    have the same question.  Going through the exhibits, Exhibit 1

3    is pretty lengthy, but I will represent to the Court that that

4    is how it was produced to us as a file.  So in the interest of

5    completeness, we have submitted that entire thing.

6        We cite --

7        THE COURT:  Is that a publicly available document?  I

8    mean, one question I had was this was a report from Monsanto to

9    EPA back in, like, the '80s or something; right?

10       MS. WAGSTAFF:  Right.  It's --

11       THE COURT:  I mean, is it a publicly available

12   document?

13       MS. WAGSTAFF:  So it should be because it was part of

14   the EPA file, but I don't know if it currently is right now

15   because back in the '80s I don't know that everything was

16   electronic like it is now.

17       But if you look at some of these documents, you can see

18   that this is sort of a file folder of sorts.

19       But to answer the question I think you're getting at,

20   which is we cite in Exhibit 1 three or four pages, so I would

21   stand by those pages that we actually cite in Exhibit 1.

22       I would stand by the request in Exhibit 2.  Exhibit 3 I

23   would as well.  Exhibit 4 is the same thing.  It was so large

24   that I have a note here that said I have it on e-mail if we

25   need it.  So we would probably do the same thing, like stand by

(Hearing) Monsanto  (In Re Roundup Prods. Liability Lit.)  5/11/2017  2:00:00 PM

1    the parts of Exhibit 4 that we cited.

2          THE COURT:  Do you know how many pages Exhibit 4 is?

3          MS. WAGSTAFF:  I could look.

4          THE COURT:  It's 443 pages.

5          MS. WAGSTAFF:  That's probably why my responsible

6    paralegal said Look at your e-mail.

7          THE COURT:  Do you know how many pages of that

8    443-page document you cited in your motion?

9          MS. WAGSTAFF:  How many?

10          THE COURT:  One.

11          MS. WAGSTAFF:  Okay.  So, then, why don't I -- if you

12    let me tell you by the end of our argument today which ones we

13    want to stand by, I can report back and ask someone to tell me.

14          THE COURT:  Okay.  I think what I may -- what I may do

15    is -- I don't know.  I'll think about it, but I think probably

16    what I may do is I may give you an opportunity to, you know,

17    request that your exhibits in support of these two motions be

18    stricken and replaced by a more narrowly selected group of

19    exhibits, and then we -- I'll give you the opportunity to do

20    that --

21          MS. WAGSTAFF:  Okay.

22          THE COURT:  -- I think.  Let me -- I'll think about

23    that a little more after we're done today.

24          MS. WAGSTAFF:  Okay.  And I think truly, from at least

25    the plaintiffs' side, is that we're getting sort of used to

1    what you prefer, and some courts prefer that the entire exhibit

2    be filed and some courts prefer --

3         THE COURT:  Right.  Right.

4         MS. WAGSTAFF:  -- only a page or two.  And it turns

5    out --

6         THE COURT:  No, and that is an issue -- right? --

7    because you want to make sure that you're not creating a

8    concern about looking at excerpts of documents out of context

9    and not being able to see the context.  So that is certainly an

10   issue, and those two concerns are competing.  Neither of those

11   concerns relates to the concern that I have, which is you using

12   this litigation as a vehicle to conduct a PR campaign.  It's

13   obvious to me that that is what you've been trying to do, and

14   that is going to stop.

15        And so -- but, nonetheless, you still do -- in deciding

16   which documents to submit in connection with motions, you do

17   have to conduct that balancing.  And I know that it's not

18   necessarily only going to be the page that you're citing.  You

19   may need to include other stuff for context, but you have to

20   give meaningful thought to that.

21        MS. WAGSTAFF:  Right.  And so -- and, like I said, as

22   we're learning what you prefer, we'll continue to do better in

23   the future, but we'll do whatever Your Honor orders with

24   respect to that.

25        THE COURT:  Well, and normally -- honestly, like,

1    normally in summary judgment motions, for example, I often --

2    you know, the parties will submit excerpts of depositions, and

3    I often issue an order saying the parties are ordered to submit

4    the entire deposition.

5         MS. WAGSTAFF:  Sure.

6         THE COURT:  But in this context, given the concern I

7    have about the plaintiffs using this litigation as a vehicle to

8    conduct a PR campaign, I'm going to be, you know, scrutinizing

9    this much more closely, and you need to be much more careful

10   about what you're submitting and what you're not.

11        So, anyway, so that -- I think that leaves the only

12   remaining thing for us to discuss, then, is the mice, yeah?

13        MS. WAGSTAFF:  I believe so, Your Honor.

14        THE COURT:  And on that, let me ask Mr. Lasker.

15        MR. LASKER:  Yes, Your Honor.

16        THE COURT:  Does Monsanto rely, even in small part, on

17   this study in support of its arguments that Roundup is not

18   harmful?

19        MR. LASKER:  This is one of the 14 animal studies

20   conducted, so to that extent, yes.  We are not -- I can

21   represent we have not gone back to 37-year-old -- 35-year-old

22   slides and nobody has looked at 35-year-old slides in order to

23   render any expert opinions in this case.

24        THE COURT:  You haven't looked at the slides, but it's

25   one -- you said it's one of 14 animal studies that you do rely