1

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Keith Horn v. Monsanto Co. and John Does 1-50,*<br>Case No. 3:17-cv-03943-VC | |

<u>**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**</u>

        Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

all allegations contained in plaintiff Keith Horn's Complaint and Jury Demand ("the

Complaint"), except as set forth below.  Additionally, to the extent plaintiff's allegations are

directed towards both Monsanto and the collective "John Doe" co-defendants, Monsanto only

purports to answer plaintiff's allegations as to Monsanto and not as to the co-defendants.  As

defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a

United States based company incorporated in Delaware, and not to other Monsanto-affiliated

companies.  Silence as to any allegations shall constitute a denial.

        1.        Monsanto admits that plaintiff purports to bring an action for damages allegedly

related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto

denies the remaining allegations in paragraph 1.

        2.        The allegations in paragraph 2 are vague and conclusory and comprise attorney

1   characterizations and are accordingly denied.

2          3.     Monsanto denies the allegations in paragraph 3.

3          4.     The allegations in the first sentence of paragraph 4 set forth conclusions of law for

4   which no response is required.  To the extent that a response is deemed required, Monsanto

5   admits the allegations in the first sentence of paragraph 4.  Monsanto lacks information or

6   knowledge sufficient to form a belief as to the remaining allegations in paragraph 4 and therefore

7   denies those allegations.

8          5.     Monsanto admits the allegations in paragraph 5.

9          6.     The allegations in paragraph 6 set forth conclusions of law for which no response

10  is required.

11         7.     In response to the allegations in paragraph 7, Monsanto lacks information or

12  knowledge sufficient to form a belief as to the truth of the allegations regarding the alleged sale

13  of Roundup®-branded products to plaintiff's employers and/or plaintiff in Florida, or regarding

14  plaintiff's alleged use of or exposure to Roundup®-branded products in Florida, and therefore

15  denies those allegations.  The remaining allegations in paragraph 7 set forth conclusions of law

16  for which no response is required.  To the extent that a response is deemed required, Monsanto

17  admits that venue is proper in the Middle District of Florida based upon the allegations in

18  plaintiff's Complaint.

19         8.     The allegations in paragraph 8 set forth conclusions of law for which no response

20  is required.  To the extent that a response is deemed required, Monsanto denies the allegations in

21  paragraph 8.

22         9.     Monsanto denies that exposure to Roundup®-branded products could have caused

23  or did cause plaintiff's alleged non-Hodgkin's lymphoma.  Monsanto lacks information or

24  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 9

25  and therefore denies those allegations.

26         10.    The allegations in paragraph 10 comprise attorney characterizations and are

27  accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff

28  have a variety of separate and distinct uses and formulations.

1        11.     In response to the allegations in paragraph 11, Monsanto states that it is a foreign

2   corporation registered in the State of Florida and admits the remaining allegations in paragraph

3   11.

4        12.     The allegations in paragraph 12 are not directed at Monsanto and therefore no

5   answer is required.  To the extent that an answer is deemed required, Monsanto denies the

6   allegations in paragraph 12.

7        13.     The allegations in paragraph 13 comprise attorney characterizations and are

8   accordingly denied.  Monsanto states that it is only answering on behalf of Monsanto and not on

9   behalf of un-named co-defendants.

10        14.     In response to the allegations in paragraph 14, Monsanto admits that it sells

11   Roundup®-branded products in Florida.

12        15.     Monsanto lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations in paragraph 15 and therefore denies those allegations.

14        16.     The allegations in paragraph 16 are vague and conclusory and comprise attorney

15   characterizations and are accordingly denied.

16        17.     The allegations in paragraph 17 are vague and conclusory and comprise attorney

17   characterizations and are accordingly denied.

18        18.     Monsanto admits the allegations in paragraph 18.

19        19.     Monsanto admits that it is authorized to do business in Florida.  The remaining

20   allegations in paragraph 19 are vague and conclusory and comprise attorney characterizations,

21   and are accordingly denied.

22        20.     The allegations in paragraph 20 set forth conclusions of law for which no

23   response is required.

24        21.     Monsanto denies the allegations in paragraph 21.

25        22.     Monsanto admits that it has designed, researched, manufactured, tested,

26   advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The

27   remaining allegations in paragraph 22 set forth conclusions of law for which no response is

28   required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-03943-VC

23.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 23 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

24.     Monsanto admits the allegations in paragraph 24.

25.     Monsanto admits the allegations in paragraph 25.

26.     Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  Monsanto states that the remaining allegations in paragraph 26 are vague and ambiguous and that it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

27.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 27 comprise attorney characterizations and are accordingly denied.

28.     Monsanto admits the allegations in paragraph 28.

29.     Monsanto generally admits the allegations in paragraph 29, but denies the allegations in paragraph 29 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

30.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies those allegations.

31.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 31 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 31.

- 4 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-03943-VC

1    32.    Monsanto admits the allegations in paragraph 32.

2    33.    Monsanto admits that Roundup®-branded products have been used by farmers for

3    approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

4    properties and denies the remaining allegations in paragraph 33.

5    34.    The allegations in paragraph 34 set forth conclusions of law for which no

6    response is required.  To the extent that a response is deemed required, Monsanto admits the

7    allegations in paragraph 34.

8    35.    In response to the allegations in paragraph 35, Monsanto admits that EPA requires

9    registrants of herbicides to submit extensive data in support of the human health and

10   environmental safety of their products and further admits that EPA will not register or approve

11   the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

12   Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 35 set forth

13   conclusions of law for which no response is required.

14   36.    The allegations in paragraph 36 set forth conclusions of law for which no

15   response is required.

16   37.    Monsanto admits that Roundup®-branded products are registered by EPA for

17   manufacture, sale and distribution and are registered by the State of Florida for sale and

18   distribution.

19   38.    In response to the allegations in paragraph 38, Monsanto admits that EPA requires

20   registrants of herbicides to submit extensive data in support of the human health and

21   environmental safety of their products and further admits that EPA will not register or approve

22   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

23   states that the term "the product tests" in the final sentence of paragraph 38 is vague and

24   ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 38

25   set forth conclusions of law for which no answer is required.

26   39.    Monsanto denies the allegations in paragraph 39 to the extent that they suggest

27   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

28   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

1    products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

2    of the allegations in paragraph 39 regarding such pesticide products generally and therefore

3    denies those allegations.  The remaining allegations in paragraph 38 set forth conclusions of law

4    for which no response is required.

5        40.    In response to the allegations in paragraph 40, Monsanto admits that EPA has

6    undertaken a regulatory review of glyphosate and further admits that EPA has not released its

7    findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

8    Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

9    concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

10   humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

11   posted an October 2015 final report by its standing Cancer Assessment Review Committee

12   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

13   to be Carcinogenic to Humans."[2]  In addition to the conclusions in the EPA OPP Report and the

14   EPA CARC Final Report , other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-03943-VC

glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 and therefore denies those allegations.

41.     In response to the allegations in paragraph 41, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

42.     In response to the allegations in paragraph 42, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 42 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

43.     Monsanto denies the allegations in paragraph 43.

44.     In response to the allegations in paragraph 44, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

that it "left the soil clean," but denies the allegations in paragraph 44 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 44.

45.     Monsanto denies the allegations in paragraph 45.

46.     In response to the allegations in paragraph 46, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

47.     Monsanto admits the allegations in paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 48 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 and therefore denies those allegations.

49.     Monsanto states that the term "toxic" as used in paragraph 49 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 49.

50.     Monsanto admits the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 52 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is

1    deemed required, Monsanto denies the allegations in paragraph 53.

2        54.    In response to the allegations in paragraph 54, Monsanto states that the cited

3    document speaks for itself and does not require a response.  To the extent that paragraph 54

4    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

5    paragraph 54.

6        55.    Monsanto denies the allegations in paragraph 55.

7        56.    In response to the allegations in paragraph 56, Monsanto states that the cited

8    document speaks for itself and does not require a response.  To the extent that paragraph 56

9    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

10   paragraph 56.

11       57.    In response to the allegations in paragraph 57, Monsanto states that the cited

12   document speaks for itself and does not require a response.  To the extent that paragraph 57

13   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

14   paragraph 57.

15       58.    Monsanto denies the allegation that the cited studies support the allegation that

16   glyphosate or Roundup®-branded products pose any risk to human health and denies the

17   remaining allegations in paragraph 58.

18       59.    Monsanto denies the allegations in paragraph 59.

19       60.    Monsanto denies the allegations in paragraph 60.

20       61.    Monsanto denies the allegations in paragraph 61.

21       62.    Monsanto denies the allegations in paragraph 62.

22       63.    Monsanto admits that it has in the past promoted, and continues to promote,

23   Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

24   Monsanto denies the remaining allegations in paragraph 63.

25       64.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

26   is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

27   lacks information or knowledge sufficient to form a belief as to the truth of the remaining

28   allegations in paragraph 64 and therefore denies those allegations.

1    65.     Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 65 and therefore denies those allegations.  Monsanto denies

3    that glyphosate met the criteria necessary to be eligible for review.

4    66.     Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 66 and therefore denies those allegations.  Monsanto denies

6    that glyphosate met the criteria necessary to be eligible for review.

7    67.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

8    carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

9    evidence was "cumulative."  The remaining allegations in paragraph 67 are vague and

10   conclusory and comprise attorney characterizations and are accordingly denied.

11   68.     Monsanto admits that the full IARC Monograph regarding glyphosate was

12   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

13   2A carcinogen.  In response to the remaining allegations in paragraph 68, Monsanto states that

14   the document speaks for itself and does not require a response.  To the extent that a response is

15   deemed required, the remaining allegations in paragraph 68 comprise attorney characterizations

16   and are accordingly denied.

17   69.     In response to the allegations in paragraph 69, Monsanto states that the document

18   speaks for itself and does not require a response.  To the extent that a response is deemed

19   required, the allegations in paragraph 69 comprise attorney characterizations and are accordingly

20   denied.

21   70.     In response to the allegations in paragraph 70, Monsanto states that the document

22   speaks for itself and does not require a response.  To the extent that a response is deemed

23   required, the allegations in paragraph 70 comprise attorney characterizations and are accordingly

24   denied.

25   71.     Monsanto denies the allegations in paragraph 71.

26   72.     The allegations in paragraph 72 comprise attorney characterizations and are

27   accordingly denied.

28   73.     Monsanto admits the allegations in paragraph 73.

74.     In response to the allegations in paragraph 74, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 74 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 74.

75.     In response to the allegations in paragraph 75, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 75.

76.     The allegations in paragraph 76 are vague and ambiguous and are accordingly denied.

77.     In response to the allegations in paragraph 77, Monsanto states that the cited document speaks for itself and does not require a response.

78.     In response to the allegations in paragraph 78, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 78 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     In response to the allegations in paragraph 80, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 80.

81.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

1    84.    Monsanto denies the allegations in paragraph 84.

2    85.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

3    exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 85.

4    86.    Monsanto denies the allegations in paragraph 86.

5    87.    Monsanto denies the allegations in paragraph 87.

6    88.    Monsanto admits the allegations in paragraph 88.

7    89.    Monsanto denies the allegations in paragraph 89.

8    90.    Monsanto admits the allegations in paragraph 90.

9    91.    Monsanto denies the allegations in paragraph 91.

10    92.    Monsanto denies the allegations in paragraph 92.

11    93.    Monsanto denies the allegations in paragraph 93.

12    94.    Monsanto denies the allegations in paragraph 94.

13    95.    Monsanto denies the allegations in paragraph 95.

14    96.    Monsanto denies the allegations in paragraph 96.

15    97.    Monsanto denies the allegations in paragraph 97.

16    98.    Monsanto admits that independent experts and regulatory agencies agree that

17    there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

18    products and admits that it has made statements reflecting this fact.  Monsanto denies the

19    remaining allegations in paragraph 98.

20    99.    In response to the allegations in paragraph 99, Monsanto admits that Roundup®-

21    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

22    the products' EPA-approved labeling.  Monsanto otherwise denies the allegations in paragraph

23    99.

24    100.    In response to the allegations in paragraph 100, Monsanto admits that it has stated

25    and continues to state that Roundup®-branded products are safe when used as labeled and that

26    they are non-carcinogenic and non-genotoxic.

27    101.    In response to the allegations in paragraph 101, Monsanto admits that a 1986 joint

28    report of the World Health Organization and Food and Agriculture Organization of the United

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-03943-VC

1   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

2   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

3   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

4   carcinogen.  Monsanto denies the remaining allegations in paragraph 101.

5   102.   Monsanto denies the allegations in paragraph 102.

6   103.   Monsanto denies the allegations in paragraph 103.

7   104.   Monsanto denies the allegations in paragraph 104.

8   105.   Monsanto denies the allegations in paragraph 105.

9   106.   Monsanto denies the allegations in paragraph 106.

10   107.   Monsanto denies the allegations in paragraph 107.

11   108.   Monsanto denies the allegations in paragraph 108.

12   109.   Monsanto denies the allegations in paragraph 109.

13   110.   Monsanto admits that plaintiff purports to bring an action for compensatory

14   damages but denies any liability to plaintiff.  Monsanto denies the remaining allegations in

15   paragraph 110.

16   111.   Monsanto denies the allegations in paragraph 111.

17   112.   Monsanto denies the allegations in paragraph 112.

18   113.   Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 113 and therefore denies those allegations.

20   114.   Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 114 and therefore denies those allegations.

22   115.   Monsanto lacks information or knowledge sufficient to form a belief as to the

23   truth of the allegations in paragraph 115 and therefore denies those allegations.

24   116.   Monsanto denies the allegations in paragraph 116.

25   117.   Monsanto incorporates by reference its responses to paragraphs 1 through 116 in

26   response to paragraph 117 of plaintiff's Complaint.

27   118.   In response to the allegations in paragraph 118, Monsanto denies that it has made

28   any affirmative misrepresentations or omissions or concealed the alleged "true risks associated

1    with Roundup and glyphosate."  Monsanto further states that the cited document speaks for itself

2    and does not require a response.  The remaining allegations in paragraph 118 set forth

3    conclusions of law for which no response is required.

4         119.    In response to the allegations in paragraph 119, Monsanto states that the cited

5    document speaks for itself and does not require a response.

6         120.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

7    exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

8    120.  Monsanto states, however, that the scientific studies upon which IARC purported to base

9    its classification were all publicly available before March 2015.

10        121.    Monsanto denies that it concealed "the true character, quality and nature of

11   Roundup."  The remaining allegations of paragraph 121 set forth conclusions of law for which

12   no response is required.  To the extent that a response is deemed required, Monsanto denies all of

13   plaintiff's allegations in paragraph 121.  Monsanto states, however, that the scientific studies

14   upon which IARC purported to base its classification were all publicly available before March

15   2015.

16        122.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

17   and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

18   branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

19   which IARC purported to base its classification were all publicly available before March 2015.

20   The remaining allegations in paragraph 122 set forth conclusions of law for which no response is

21   required, consist of attorney characterizations and are accordingly denied, or comprise

22   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

23   the truth of the allegations and therefore denies those allegations.

24        123.    Monsanto incorporates by reference its responses to paragraphs 1 through 122 in

25   response to paragraph 123 of plaintiff's Complaint.

26        124.    Paragraph 124 sets forth conclusions of law for which no response is required.

27        125.    Monsanto denies the allegations in paragraph 125.

28        126.    Monsanto denies the allegations in paragraph 126, including each of its subparts.

1      127.    Monsanto denies the allegations in paragraph 127.

2      128.    Monsanto denies the allegations in paragraph 128.

3      129.    Monsanto denies the allegations in paragraph 129, including each of its subparts.

4      130.    Monsanto denies the allegations in paragraph 130.

5      131.    Monsanto denies the allegations in paragraph 131.

6      132.    Monsanto denies the allegations in paragraph 132.

7      133.    Monsanto denies the allegations in paragraph 133.

8      134.    In response to paragraph 134, Monsanto demands that judgment be entered in its

9   favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

10  Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

11  further and additional relief as this Court may deem just and proper.

12     135.    Monsanto incorporates by reference its responses to paragraphs 1 through 134 in

13  response to paragraph 135 of plaintiff's Complaint.

14     136.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations in paragraph 136 and therefore denies those allegations.

16     137.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17  truth of the allegations in paragraph 137 and therefore denies those allegations.

18     138.    Monsanto denies the allegations in paragraph 138.

19     139.    Monsanto denies the allegations in paragraph 139.

20     140.    Monsanto denies the allegations in paragraph 140.

21     141.    Monsanto denies the allegations in paragraph 141, including each of its subparts.

22     142.    Monsanto denies the allegations in paragraph 142.

23     143.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24  truth of the allegations in paragraph 143 concerning plaintiff's claimed use of or exposure to

25  Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

26  remaining allegations in paragraph 143, including that Roundup®-branded products have

27  "dangerous characteristics."

28     144.    Monsanto lacks information or knowledge sufficient to form a belief as to the

1   truth of the allegations in paragraph 144 and therefore denies those allegations.

2       145.   Monsanto denies the allegations in paragraph 145.

3       146.   Paragraph 146 sets forth conclusions of law for which no response is required.

4       147.   Monsanto denies the allegations in paragraph 147.

5       148.   Monsanto denies the allegations in paragraph 148.

6       149.   Monsanto denies the allegations in paragraph 149.

7       150.   Monsanto denies the allegations in paragraph 150.

8       151.   Monsanto denies the allegations in paragraph 151.

9       152.   Monsanto denies the allegations in paragraph 152.

10      153.   Monsanto denies the allegations in paragraph 153.

11      154.   Monsanto denies the allegations in paragraph 154.

12      155.   Monsanto denies the allegations in paragraph 155.

13      156.   Monsanto denies the allegations in paragraph 156.

14      157.   In response to paragraph 157, Monsanto demands that judgment be entered in its

15  favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

16  Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

17  further and additional relief as this Court may deem just and proper.

18      158.   Monsanto incorporates by reference its responses to paragraphs 1 through 157 in

19  response to paragraph 158 of plaintiff's Complaint.

20      159.   Monsanto admits the allegations in paragraph 159.

21      160.   Monsanto lacks information or knowledge sufficient to form a belief as to the

22  truth of the allegations in paragraph 160 and therefore denies those allegations.

23      161.   Monsanto denies the allegations in paragraph 161. All labeling of Roundup[®]-

24  branded products has been and remains EPA-approved and in compliance with all federal

25  requirements under FIFRA.

26      162.   Monsanto denies the allegations in paragraph 162.

27      163.   Monsanto denies the allegations in paragraph 163. All labeling of Roundup[®]-

28  branded products has been and remains EPA-approved and in compliance with all federal

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-03943-VC

1   requirements under FIFRA.

2        164.   Monsanto denies the allegations in paragraph 164.  All labeling of Roundup®-

3   branded products has been and remains EPA-approved and in compliance with all federal

4   requirements under FIFRA and with Florida law.

5        165.   Monsanto denies the allegations in paragraph 165.

6        166.   Monsanto lacks information or knowledge sufficient to form a belief as to the

7   truth of the allegations regarding plaintiff's use history in paragraph 166 and therefore denies

8   those allegations.  Monsanto denies the remaining allegations in paragraph 166.

9        167.   Paragraph 167 sets forth conclusions of law for which no response is required.

10       168.   Monsanto denies the allegations in paragraph 168.

11       169.   Monsanto denies the allegations in paragraph 179.

12       170.   Monsanto denies the allegations in paragraph 170.

13       171.   Monsanto denies the allegations that Roundup®-branded products are defective

14   and accordingly denies the allegations in paragraph 171.

15       172.   Paragraph 172 sets forth conclusions of law for which no response is required.

16       173.   Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 173 and therefore denies those allegations.

18       174.   Monsanto denies the allegations in paragraph 174.

19       175.   Monsanto denies the allegations in paragraph 175.

20       176.   Monsanto denies the allegations in paragraph 176.

21       177.   Monsanto denies the allegations in paragraph 177.

22       178.   Monsanto denies the allegations in paragraph 178.

23       179.   In response to paragraph 179, Monsanto demands that judgment be entered in its

24   favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

25   Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

26   further and additional relief as this Court may deem just and proper.

27       180.   Monsanto incorporates by reference its responses to paragraphs 1 through 179 in

28   response to paragraph 180 of plaintiff's Complaint.

181.     Monsanto denies the allegations in paragraph 181.  Additionally, the allegations in the last sentence in paragraph 181 set forth conclusions of law for which no response is required.

182.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 182 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 182 set forth conclusions of law for which no response is required.

183.     The allegations in paragraph 183 set forth conclusions of law for which no response is required.

184.     Monsanto denies the allegations in paragraph 184.

185.     Monsanto denies the allegations in paragraph 185.

186.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 186 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies the allegations in paragraph 186.

187.     Monsanto denies the allegations in paragraph 187.

188.     Monsanto denies the allegations in paragraph 188.

189.     Monsanto denies the allegations in paragraph 189.

190.     In response to paragraph 190, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

191.     In response to paragraph 191, Monsanto demands a jury trial on all issues so triable.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-03943-VC

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

**<u>SEPARATE AND AFFIRMATIVE DEFENSES</u>**

1.     The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.     Plaintiff's claims are barred in whole because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.     Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.     Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.     Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

7.     Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

8.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff suffered injury or damages as alleged (no injury or damages being admitted), such injury or damage resulted from acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States

Constitution, the Florida Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of punitive damages under Florida law and/or other applicable state laws.

20.     Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law, including Florida law.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiffs and/or plaintiffs' decedent have received and/or will receive from collateral sources.

25.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

27.     Plaintiff's claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

28.     Any recovery of compensatory damages is limited by operation of Fla. Stat. § 768.76.

29.     Any recovery of punitive or exemplary damages is limited pursuant to Fla. Stat. § 768.73.  However, Monsanto would further show that under the facts of this case, an award of punitive damages consistent with the maximum awards permitted under § 768.73 would be a violation of Monsanto's state and federal constitutional rights.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

1      **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2  plaintiffs, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and

3  such other relief as the Court deems equitable and just.

4                                    <u>**JURY TRIAL DEMAND**</u>

5      Monsanto demands a jury trial on all issues so triable.

6

7  DATED:  August 7, 2017                    Respectfully submitted,

8

9                                           <u>/s/ Joe G. Hollingsworth</u>
                                            Joe G. Hollingsworth (*pro hac vice*)
10                                          (jhollingsworth@hollingsworthllp.com)
                                            Eric G. Lasker (*pro hac vice*)
11                                          (elasker@hollingsworthllp.com)
                                            HOLLINGSWORTH LLP
12                                          1350 I Street, N.W.
                                            Washington, DC  20005
13                                          Telephone:  (202) 898-5800
                                            Facsimile:  (202) 682-1639
14

15                                          *Attorneys for Defendant*
                                            MONSANTO COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-03943-VC