**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Robert W. Lewis and Barbara M. Lewis*<br>*v. Monsanto Co.,* Case No. 3:17-cv-04035-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Robert W. Lewis and Barbara M. Lewis's Complaint ("Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 that plaintiff purchased Roundup®-branded products in

1    Florida and therefore denies those allegations.  The remaining allegations in paragraph 2 set forth

2    conclusions of law for which no response is required.

3        3.       In response to the allegations in the first sentence of paragraph 3, Monsanto

4    admits that it sells Roundup®-branded products in Florida.  The final sentence in paragraph 3 sets

5    forth conclusions of law for which no response is required.  The remaining allegations in

6    paragraph 3 are vague and conclusory and comprise attorney characterizations and are

7    accordingly denied.

8        4.       The allegations in paragraph 4 set forth conclusions of law for which no response

9    is required.  To the extent that a response is required, Monsanto admits the allegations in

10    paragraph 4 based upon the allegations in plaintiffs' complaint.

11        5.       Monsanto lacks information or knowledge sufficient to form a belief as to the

12    truth of the allegations concerning plaintiff's exposure to Roundup®-branded products and

13    therefore denies those allegations. The remaining allegations in paragraph 5 set forth conclusions

14    of law for which no response is required.  To the extent that a response is deemed required,

15    Monsanto admits that venue is proper in the Middle District of Florida based upon the

16    allegations in plaintiffs' Complaint.

17        6.       Monsanto denies that exposure to Roundup®-branded products could have caused

18    or did cause plaintiff Robert W. Lewis's alleged non-Hodgkin's lymphoma ("NHL") and/or

19    "Chronic lymphocytic leukemia (CLL)/small lymphocytic lymphoma (SLL)." Monsanto lacks

20    information or knowledge sufficient to form a belief as to the truth of the remaining allegations

21    in paragraph 6 and therefore denies those allegations.

22        7.       Monsanto denies that plaintiff Robert W. Lewis's NHL and/or CLL/SLL was

23    caused by exposure to Roundup®-branded products and denies that Monsanto is liable to plaintiff

24    Barbara M. Lewis for loss of consortium.  Monsanto lacks information or knowledge sufficient

25    to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies

26    those allegations.

27        8.       Monsanto admits that it has designed, researched, manufactured, tested,

28    advertised, promoted, marketed, sold, and distributed Roundup®-branded products.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

10.      Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 10 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

11.      Monsanto admits that it discovered the herbicidal properties of glyphosate during the 1970's.  The remaining allegations in paragraph 11 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore denies those allegations.

12.      Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 12 comprise attorney characterizations and are accordingly denied.

13.      Monsanto admits the allegations in paragraph 13.

14.      Monsanto generally admits the allegations in paragraph 14, but denies the allegations in paragraph 14 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

15.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16.      Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining

sentences of paragraph 16 and therefore denies those allegations.   Monsanto denies the remaining allegations in paragraph 16.

17.     Monsanto admits the allegations in paragraph 17.

18.     Monsanto states that the term "In all this time" is vague and ambiguous, and Monsanto therefore denies the same.  Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 18.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 19.

20.     In response to the allegations in paragraph 20, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     The allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Florida for sale and distribution.

23.     In response to the allegations in paragraph 23, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 23 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 23 set forth conclusions of law for which no answer is required.

1    24.    Monsanto denies the allegations in paragraph 24 to the extent that they suggest

2    that EPA only evaluates the safety of pesticide products on the date of their initial registration.

3    Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

4    products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

5    of the allegations in paragraph 24 regarding such pesticide products generally and therefore

6    denies those allegations.  The remaining allegations in paragraph 24 set forth conclusions of law

7    for which no response is required.

8    25.    In response to the allegations in paragraph 25, Monsanto admits that EPA has

9    undertaken a regulatory review of glyphosate and further admits that EPA has not released its

10   findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

11   Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

12   concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

13   humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

14   posted an October 2015 final report by its standing Cancer Assessment Review Committee

15   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

16   to be Carcinogenic to Humans."[2]  In addition to the conclusions in the EPA OPP Report and the

17   EPA CARC Final Report, other specific findings of safety include:

18   •  "In June 1991, EPA classified glyphosate as a Group E [carcinogen] — one that
     shows evidence of non-carcinogenicity for humans — based on the lack of
19   convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate:
     Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
20   http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf

21   •  "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
     60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
22

---

23   [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic*
     *Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"),
24   https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP
     Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on
25   glyphosate's carcinogenic potential.

26   [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
     U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
27   *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
     Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04035-VC

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies those allegations.

26.     In response to the allegations in paragraph 26, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 26 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

27.     In response to the allegations in paragraph 27, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 27 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

28.     Monsanto denies the allegations in paragraph 28.

29.     In response to the allegations in paragraph 29, Monsanto admits that the French

Case 3:16-md-02741-VC   Document 441   Filed 08/08/17   Page 7 of 25

court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 29 to the extent that they suggest that this ruling was in any way related to plaintiffs' claims here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 29.

30.     Monsanto denies the allegations in paragraph 30.

31.     In response to the allegations in paragraph 31, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 31 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations.

32.     Monsanto admits the allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 33 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and therefore denies those allegations.

34.     Monsanto states that the term "toxic" as used in paragraph 34 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 34.

35.     Monsanto admits the allegations in the first sentence of paragraph 35.  In response to the allegations in the second sentence of paragraph 35, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the remaining allegations in paragraph 35.

36.     In response to the allegations in paragraph 36, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 36 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 36.

- 7 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04035-VC

1      37.     In response to the allegations in paragraph 37, Monsanto states that these

2  documents speak for themselves and do not require a response.  To the extent that a response is

3  deemed required, Monsanto denies the allegations in paragraph 37.

4      38.     In response to the allegations in paragraph 38, Monsanto states that the cited

5  document speaks for itself and does not require a response.  To the extent that paragraph 38

6  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

7  paragraph 38.

8      39.     Monsanto denies the allegations in paragraph 39.

9      40.     In response to the allegations in paragraph 40, Monsanto states that the cited

10  document speaks for itself and does not require a response.  To the extent that paragraph 40

11  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

12  paragraph 40.

13      41.     In response to the allegations in paragraph 41, Monsanto states that the cited

14  document speaks for itself and does not require a response.  To the extent that paragraph 41

15  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

16  paragraph 41.

17      42.     Monsanto denies the allegation that the cited studies support the allegation that

18  glyphosate or Roundup®-branded products pose any risk to human health and denies the

19  remaining allegations in paragraph 42.

20      43.     Monsanto denies the allegations in paragraph 43.

21      44.     Monsanto denies the allegations in paragraph 44.

22      45.     Monsanto denies the allegations in paragraph 45.

23      46.     Monsanto denies the allegations in paragraph 46.

24      47.     Monsanto admits that it has in the past promoted, and continues to promote,

25  Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

26  Monsanto denies the remaining allegations in paragraph 47.

27      48.     Monsanto admits that the International Agency for Research on Cancer ("IARC")

28  is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

1  lacks information or knowledge sufficient to form a belief as to the truth of the remaining

2  allegations in paragraph 48 and therefore denies those allegations.

3      49.     Monsanto lacks information or knowledge sufficient to form a belief as to the

4  truth of the allegations in paragraph 49 and therefore denies those allegations.  Monsanto denies

5  that glyphosate met the criteria necessary to be eligible for review.

6      50.     Monsanto lacks information or knowledge sufficient to form a belief as to the

7  truth of the allegations in paragraph 50 and therefore denies those allegations.  Monsanto denies

8  that glyphosate met the criteria necessary to be eligible for review.

9      51.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

10  carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

11  evidence was "cumulative."  The remaining allegations in paragraph 51 are vague and

12  conclusory and comprise attorney characterizations and are accordingly denied.

13      52.     Monsanto admits that the full IARC Monograph regarding glyphosate was

14  published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

15  2A carcinogen.  In response to the remaining allegations in paragraph 52, Monsanto states that

16  the document speaks for itself and does not require a response.  To the extent that a response is

17  deemed required, the remaining allegations in paragraph 52 comprise attorney characterizations

18  and are accordingly denied.

19      53.     In response to the allegations in paragraph 53, Monsanto states that the document

20  speaks for itself and does not require a response.  To the extent that a response is deemed

21  required, the allegations in paragraph 53 comprise attorney characterizations and are accordingly

22  denied.

23      54.     In response to the allegations in paragraph 54, Monsanto states that the document

24  speaks for itself and does not require a response.  To the extent that a response is deemed

25  required, the allegations in paragraph 54 comprise attorney characterizations and are accordingly

26  denied.

27      55.     Monsanto denies the allegations in paragraph 55.

28

56.     The allegations in paragraph 56 comprise attorney characterizations and are accordingly denied.

57.     Monsanto admits the allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 58 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 59.

60.     The allegations in paragraph 60 are vague and ambiguous and are accordingly denied.

61.     In response to the allegations in paragraph 61, Monsanto states that the cited document speaks for itself and does not require a response.

62.     In response to the allegations in paragraph 62, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 62 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 62.

63.     Monsanto denies the allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 64.

65.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic.  Monsanto otherwise denies the allegations in paragraph 65.

66.     Monsanto denies the allegations in paragraph 66.

1    67.    Monsanto denies the allegations in paragraph 67.

2    68.    Monsanto denies the allegations in paragraph 68.

3    69.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

4 exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 69.

5    70.    Monsanto denies the allegations in paragraph 70.

6    71.    Monsanto denies the allegations in paragraph 71.

7    72.    Monsanto admits the allegations in paragraph 72.

8    73.    Monsanto denies the allegations in paragraph 73.

9    74.    Monsanto admits the allegations in paragraph 74.

10   75.    Monsanto denies the allegations in paragraph 75.

11   76.    Monsanto denies the allegations in paragraph 76.

12   77.    Monsanto denies the allegations in paragraph 77.

13   78.    Monsanto denies the allegations in paragraph 78.

14   79.    Monsanto denies the allegations in paragraph 79.

15   80.    Monsanto denies the allegations in paragraph 80.

16   81.    Monsanto denies the allegations in paragraph 81.

17   82.    Monsanto admits that independent experts and regulatory agencies agree that

18 there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

19 products and admits that it has made statements reflecting this fact.  Monsanto denies the

20 remaining allegations in paragraph 82.

21   83.    In response to the allegations in paragraph 83, Monsanto admits that Roundup®-

22 branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

23 the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

24 83.

25   84.    In response to the allegations in paragraph 84, Monsanto admits that an EPA

26 review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

27 denies the remaining allegations in paragraph 84.

28

85.     In response to the allegations in paragraph 85, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto denies the remaining allegations in paragraph 85.

86.     In response to the allegations in paragraph 86, Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  Monsanto denies the remaining allegations in paragraph 86.

87.     In response to the allegations in paragraph 87, Monsanto admits that it — along with a large number of other companies and governmental agencies — was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests on glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 87 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

88.     In response to the allegations in paragraph 88, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

89.     Monsanto denies the allegations in paragraph 89 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some

toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 89 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

90.     In response to the allegations in paragraph 90, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

91.     In response to the allegations in paragraph 91, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 91.

92.     In response to the allegations in paragraph 92, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 92 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

93.     In response to the allegations in paragraph 93, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 93 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

94.     In response to the allegations in paragraph 94, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

95.     In response to the allegations in paragraph 95, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United

Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto denies the allegations in paragraph 99.

100.     Monsanto denies the allegations in paragraph 100.

101.     Monsanto denies the allegations in paragraph 101.

102.     Monsanto denies the allegations in paragraph 102.

103.     Monsanto denies the allegations in paragraph 103.

104.     Monsanto admits that plaintiffs purport to bring an action for compensatory damages but denies any liability to plaintiffs.  Monsanto denies the remaining allegations in paragraph 104.

105.     Monsanto denies the allegations in paragraph 105.

106.     Monsanto denies the allegations in paragraph 106.

107.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore denies those allegations.

108.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore denies those allegations.

109.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 109 and therefore denies those allegations.

110.     Monsanto denies that it is liable to plaintiffs for their alleged damages.

111.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies the allegations in paragraph 111.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

112.    In response to the allegations in paragraph 112, Monsanto denies that it has concealed the alleged "true risks associated with Roundup and glyphosate."  The remaining allegations in paragraph 112 set forth conclusions of law for which no response is required.

113.    In response to the allegations in paragraph 113, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

114.    In response to the allegations in paragraph 114, Monsanto states that the cited document speaks for itself and does not require a response.

115.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 115.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

116.    Monsanto denies that it concealed "the true character, quality and nature of Roundup."  The remaining allegations of paragraph 116 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies all of plaintiff's allegations in paragraph 116.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

117.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 117 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

118.    Monsanto incorporates by reference its responses to paragraphs 1 through 117 in response to paragraph 118 of plaintiffs' Complaint.

119.    Paragraph 119 sets forth conclusions of law for which no response is required.

120.    Monsanto denies the allegations in paragraph 120.

121.    Monsanto denies the allegations in paragraph 121, including each of its subparts.

122.    Monsanto denies the allegations in paragraph 122.

123.    Monsanto denies the allegations in paragraph 123.

124.    Monsanto denies the allegations in paragraph 124, including each of its subparts.

125.    Monsanto denies the allegations in paragraph 125.

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto denies the allegations in paragraph 127.

128.    Monsanto denies the allegations in paragraph 128.

In response to the "WHEREFORE" paragraph following paragraph 128, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

129.    Monsanto incorporates by reference its responses to paragraphs 1 through 128 in response to paragraph 129 of plaintiffs' Complaint.

130.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 130 and therefore denies those allegations.

131.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 and therefore denies those allegations.

132.    Monsanto denies the allegations in paragraph 132.

133.    Monsanto denies the allegations in paragraph 133.

134.    Monsanto denies the allegations in paragraph 134.

135.    Monsanto denies the allegations in paragraph 135, including each of its subparts.

136.    Monsanto denies the allegations in paragraph 136.

137.    Monsanto denies that Roundup®-branded products have "dangerous characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the

1   truth of the remaining allegations in paragraph 137 and therefore denies those allegations.

2   138.   Monsanto lacks information or knowledge sufficient to form a belief as to the

3   truth of the allegations in paragraph 138 and therefore denies those allegations.

4   139.   Monsanto denies the allegations in paragraph 139.

5   140.   Paragraph 140 sets forth conclusions of law for which no response is required.

6   141.   Monsanto denies the allegations in paragraph 141.

7   142.   Monsanto denies the allegations in paragraph 142.

8   143.   Monsanto denies the allegations in paragraph 143.

9   144.   Monsanto denies the allegations in paragraph 144.

10   145.   Monsanto denies the allegations in paragraph 145.

11   146.   Monsanto denies the allegations in paragraph 146.

12   147.   Monsanto denies the allegations in paragraph 147.

13   148.   Monsanto denies the allegations in paragraph 148.

14   149.   Monsanto denies the allegations in paragraph 149.

15   150.   Monsanto denies the allegations in paragraph 150.

16   In response to the "WHEREFORE" paragraph following paragraph 150, Monsanto

17   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

18   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

19   fees as allowed by law and such further and additional relief as this Court may deem just and

20   proper.

21   151.   Monsanto incorporates by reference its responses to paragraphs 1 through 150 in

22   response to paragraph 151 of plaintiffs' Complaint.

23   152.   Monsanto admits the allegations in paragraph 152.

24   153.   Monsanto lacks information or knowledge sufficient to form a belief as to the

25   truth of the allegations in paragraph 153 and therefore denies those allegations.

26   154.   Monsanto denies the allegations in paragraph 154.  All labeling of Roundup®-

27   branded products has been and remains EPA-approved and in compliance with all federal

28   requirements under FIFRA.

1    155.    Monsanto denies the allegations in paragraph 155.

2    156.    Monsanto denies the allegations in paragraph 156.  All labeling of Roundup®-

3    branded products has been and remains EPA-approved and in compliance with all federal

4    requirements under FIFRA.

5    157.    Monsanto denies the allegations in paragraph 157.  All labeling of Roundup®-

6    branded products has been and remains EPA-approved and in compliance with all federal

7    requirements under FIFRA and with Florida law.

8    158.    Monsanto denies the allegations in paragraph 158.

9    159.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations regarding plaintiff's use history in paragraph 159 and therefore denies

11   those allegations.  Monsanto denies the remaining allegations in paragraph 159.

12   160.    Paragraph 160 sets forth conclusions of law for which no response is required.

13   161.    Monsanto denies the allegations in paragraph 161.

14   162.    Monsanto denies the allegations in paragraph 162.

15   163.    Monsanto denies the allegations in paragraph 163.

16   164.    Monsanto denies the allegations that Roundup®-branded products are defective

17   and accordingly denies the allegations in paragraph 164.

18   165.    Paragraph 165 sets forth conclusions of law for which no response is required.

19   166.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 166 and therefore denies those allegations.

21   167.    Monsanto denies the allegations in paragraph 167.

22   168.    Monsanto denies the allegations in paragraph 168.

23   169.    Monsanto denies the allegations in paragraph 169.

24   170.    Monsanto denies the allegations in paragraph 170.

25   171.    Monsanto denies the allegations in paragraph 171.

26   In response to the "WHEREFORE" paragraph following paragraph 171, Monsanto

27   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint

28   be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable

1    attorney's fees as allowed by law and such further and additional relief as this Court may deem

2    just and proper.

3         172.    Monsanto incorporates by reference its responses to paragraphs 1 through 171 in

4    response to paragraph 172 of plaintiffs' Complaint.

5         173.    Monsanto denies the allegations in paragraph 173.

6         174.    In response to the allegations in Paragraph 174, Monsanto admits that it has sold

7    Roundup®-branded products in accordance with their EPA-approved labeling.  Monsanto further

8    states that paragraph 174 sets forth conclusions of law for which no response is required.

9    Monsanto denies the remaining allegations in paragraph 174.

10        175.    Monsanto denies the allegations in the first and second sentence of paragraph 175.

11   All labeling of Roundup®-branded products has been and remains EPA-approved and in

12   compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

13   of paragraph 175 sets forth conclusions of law for which no response is required.

14        176.    Paragraph 176 set forth conclusions of law for which no response is required.

15        177.    Monsanto denies the allegations in paragraph 177.

16        178.    Monsanto denies the allegations in paragraph 178 and each of its subparts.

17        179.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18   truth of the allegations in paragraph 179 and therefore denies those allegations.

19        180.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 180 regarding plaintiff's knowledge and therefore denies

21   those allegations.  Monsanto denies the remaining allegations in paragraph 180.

22        181.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23   truth of the allegations in paragraph 181 and therefore denies those allegations.

24        182.    Monsanto denies the allegations in paragraph 182.

25        183.    Monsanto denies the allegations in paragraph 183.

26        In response to the "WHEREFORE" paragraph following paragraph 183, Monsanto

27   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

28   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

- 19 -

1    fees as allowed by law and such further and additional relief as this Court may deem just and

2    proper.

3         184.    Monsanto incorporates by reference its responses to paragraphs 1 through 183 in

4    response to paragraph 184 of plaintiffs' Complaint.

5         185.    Monsanto denies the allegations in paragraph 185.

6         186.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 186 concerning plaintiff's claimed use of and exposure to

8    Roundup®-branded products and therefore denies those allegations. The remaining allegations in

9    paragraph 186 set forth conclusions of law for which no response is required.

10        187.    Monsanto denies the allegations in paragraph 187.  All labeling of Roundup®-

11   branded products has been and remains EPA-approved and in compliance with all federal

12   requirements under FIFRA.

13        188.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in paragraph 188 regarding plaintiff's reliance and therefore denies those

15   allegations.  The remaining allegations in paragraph 188 set forth conclusions of law for which

16   no response is required.

17        189.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18   truth of the allegations in paragraph 189 and therefore denies those allegations.

19        190.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 190 concerning plaintiff's claimed use of or exposure to

21   Roundup®-branded products and therefore denies those allegations. The remaining allegations in

22   paragraph 190 set forth conclusions of law for which no response is required.

23        191.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24   truth of the allegations in paragraph 191 concerning plaintiff's claimed use of or exposure to

25   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

26   remaining allegations in paragraph 191.

27        192.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28   truth of the allegations in paragraph 192 concerning the condition of any Roundup®-branded

1   product allegedly used by plaintiff or about plaintiff's alleged use of such product and therefore

2   denies the allegations in paragraph 192.

3       193.    Monsanto denies that there is any risk of serious injury associated with or linked

4   to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

5   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

6   allegations in paragraph 193 concerning plaintiff's knowledge about Roundup®-branded products

7   and therefore denies the remaining allegations in paragraph 193.

8       194.    Monsanto denies the allegations in paragraph 194.

9       195.    Monsanto denies the allegations in paragraph 195.

10      196.    Monsanto denies the allegations in paragraph 196.

11  In response to the "WHEREFORE" paragraph following paragraph 196, Monsanto demands that

12  judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed,

13  with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as

14  allowed by law and such further and additional relief as this Court may deem just and proper.

15      197.    Monsanto incorporates by reference its responses to paragraphs 1 through 196 in

16  response to paragraph 197 of plaintiffs' Complaint.

17      198.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 198 and therefore denies those allegations.

19      199.    Monsanto denies the allegations in paragraph 199.

20      200.    Monsanto denies the allegations in paragraph 200.

21      In response to the "WHEREFORE" paragraph following paragraph 200, Monsanto

22  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

23  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

24  fees as allowed by law and such further and additional relief as this Court may deem just and

25  proper.

26      Every allegation in the Complaint that is not specifically and expressly admitted in this

27  Answer is hereby specifically and expressly denied.

28

## SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.      Plaintiffs' claims are barred in whole because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10. Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12. Applicable statutes of limitations and/or repose, bar plaintiffs' claims in whole or in part.

13. Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14. If plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

15. Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16. Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs. If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17. Plaintiffs' claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18. Plaintiffs' claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Florida Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims for punitive damages are barred because plaintiffs have failed to allege conduct warranting imposition of punitive damages under Florida law and/or other applicable state laws.

20.     Plaintiffs' claims for punitive damages are barred and/or limited by operation of state and/or federal law.

21.     Plaintiffs' claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiffs' claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receive from collateral sources.

25.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize or limits such claims.

27.     Plaintiffs' claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

28.     Any recovery of compensatory damages is limited by operation of Fla. Stat. § 768.76.

29.     Any recovery of punitive or exemplary damages is limited pursuant to Fla. Stat. § 768.73.  However, Monsanto would further show that under the facts of this case, an award of punitive damages consistent with the maximum awards permitted under § 768.73 would be a violation of Monsanto's state and federal constitutional rights.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

1   **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2  plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

3  such other relief as the Court deems equitable and just.

4  ## JURY TRIAL DEMAND

5   Monsanto demands a jury trial on all issues so triable.

6  DATED:  August 8, 2017                    Respectfully submitted,

7

8                                     /s/ Joe G. Hollingsworth
                                      Joe G. Hollingsworth (*pro hac vice*)
9                                     (jhollingsworth@hollingsworthllp.com)
                                      Eric G. Lasker (*pro hac vice*)
10                                    (elasker@hollingsworthllp.com)
                                      HOLLINGSWORTH LLP
11                                    1350 I Street, N.W.
                                      Washington, DC  20005
12                                    Telephone:   (202) 898-5800
                                      Facsimile:   (202) 682-1639

13                                    *Attorneys for Defendant*
                                      *MONSANTO COMPANY*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04035-VC