PAGES 1 - 10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE VINCE CHHABRIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | ) NO. C 16-2741 VC<br>) SAN FRANCISCO, CALIFORNIA |

WEDNESDAY, AUGUST 9, 2017

**TRANSCRIPT OF TELEPHONIC PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND RECORDING 2:36 P.M. - 2:49 P.M.**

**APPEARANCES:**

**FOR PLAINTIFFS**

WEITZ AND LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NEW YORK 10003
**BY: ROBIN L. GREENWALD, ESQUIRE**

ANDRUS WAGSTAFF, PC
7171 W. ALASKA DRIVE
LAKEWOOD, COLORADO 80226
**BY: AIMEE WAGSTAFF, ESQUIRE**

(FURTHER APPEARANCES ON FOLLOWING PAGE)

***TRANSCRIBED BY: JOAN MARIE COLUMBINI, CSR #5435, RPR RETIRED OFFICIAL COURT REPORTER, USDC***

**(APPEARANCES CONTINUED):**

**FOR PLAINTIFFS**
BAUM HEDLUND ARISTEI AND GOLDMAN PC
12100 WILSHIRE BOULEVARD SUITE 950
LOS ANGELES, CALIFORNIA 90025-7106
**BY: ROBERT BRENT WISNER, ESQUIRE**
**MICHAEL LIN BAUM, ESQUIRE**

**FOR DEFENDANT MONSANTO COMPANY:**
HOLLINGSWORTH LLP
1350 I STREET NW
WASHINGTON, D.C. 20005
**BY: GARY I. RUBIN, ESQUIRE**
**JOE HOLLINGSWORTH, ESQUIRE**

WEDNESDAY, AUGUST 9, 2017 2:36 P.M.

(TRANSCRIBER'S NOTE: DUE AT TIMES TO COUNSELS' FAILURE TO IDENTIFY THEMSELVES WHEN SPEAKING, CERTAIN SPEAKER ATTRIBUTIONS ARE BASED ON EDUCATED GUESS.)

---OOO---

PROCEEDINGS

**THE CLERK:** CALLING CASE NUMBER 16-MD-2741, IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION.

COUNSEL, FOR PLAINTIFFS PLEASE STATE YOUR APPEARANCE FOR THE RECORD.

**MS. WAGSTAFF:** GOOD MORNING -- OR GOOD AFTERNOON, YOUR HONOR. THIS IS AIMEE WAGSTAFF ON BEHALF OF THE PLAINTIFFS.

**MS. GREENWALD:** GOOD AFTERNOON, YOUR HONOR. ROBIN GREENWALD FOR THE PLAINTIFFS.

**MR. WISNER:** GOOD AFTERNOON, YOUR HONOR. BRENT WISNER AND MICHAEL BAUM ON BEHALF OF THE PLAINTIFFS.

**MR. RUBIN:** YOUR HONOR, GOOD AFTERNOON. THIS IS GARY RUBIN ON BEHALF OF MONSANTO.

**THE COURT:** OKAY. GOOD AFTERNOON. I -- HOLD ON.

**THE CLERK:** HOLD ON. IS THERE ANYBODY ELSE ON THE LINE FOR DEFENDANTS?

**MR. RUBIN:** YOUR HONOR, PARDON ME. THIS IS GARY RUBIN. MR. HOLLINGSWORTH IS ATTEMPTING TO DIAL IN. THERE WAS A PROBLEM WITH THE LINE HE WAS ON. COULD WE JUST TAKE A

MOMENT? WE APOLOGIZE.

**THE COURT:** YOU CAN GO AHEAD AND CALL THE CASE. OH, THE CASE HAS BEEN CALLED? ALL RIGHT. WE'LL GO AHEAD AND BEGIN. SO LET ME TELL YOU HOW I WANT TO PROCEED TODAY. I DO NOT WISH TO HEAR ARGUMENT ON THIS QUESTION.

MAINLY, YOU KNOW, I DON'T THINK THERE'S ANY PARTICULAR EMERGENCY TO BE DEALT WITH RIGHT NOW. I THINK THERE'S A PROBLEM. I THINK WE HAVE A PROBLEM, BUT IT DOESN'T STRIKE ME THAT IT'S AN EMERGENCY BECAUSE THE BELL CAN'T BE UNRUNG, AS LAWYERS LIKE TO SAY. BUT LET ME GIVE YOU MY TENTATIVE THINKING.

I WOULD LIKE TO HAVE AN IN-PERSON HEARING ON THIS -- I'M GOING TO ISSUE AN ORDER TO SHOW CAUSE, AND I WOULD LIKE TO HAVE AN IN-PERSON HEARING, AND LET ME TELL YOU WHAT MY THINKING IS, MY TENTATIVE THINKING.

MY TENTATIVE THINKING IS MR. WISNER ACTED IN BAD FAITH -- HELLO?

**UNIDENTIFIED SPEAKER:** MY LINE JUST WENT DEAD. THANK YOU.

**THE COURT:** OKAY. AS I WAS SAYING, MY TENTATIVE THINKING IS THAT MR. WISNER ACTED IN BAD FAITH. THERE WAS A DISPUTE BETWEEN MONSANTO AND THE PLAINTIFFS ABOUT THE PROPRIETY OF LIFTING THE CONFIDENTIALITY LABEL OR LIFTING THE CONFIDENTIALITY DESIGNATION ON THESE DOCUMENTS. MR. WISNER WAS AWARE OF THIS DISPUTE THAT WAS PENDING AND MADE THE DECISION --

AND WAS AWARE THAT MONSANTO TOOK THE POSITION THAT THE DOCUMENTS COULD NOT BE DEDESIGNATED, OR, THAT IS TO SAY, THE DOCUMENTS COULD NOT BE RELEASED WITHOUT INVOLVEMENT OF THE COURT.

NOTWITHSTANDING HIS AWARENESS OF MONSANTO'S POSITION IN THAT REGARD AND NOTWITHSTANDING THAT HE LEFT THE IMPRESSION THAT THE DOCUMENTS WEREN'T GOING TO BE RELEASED, HE PUT THEM UP ON HIS WEBSITE.

AND I THINK THAT YOU COULD MAKE ARGUMENTS BOTH WAYS ABOUT WHETHER, IN FACT, YOU KNOW, THE PROTECTIVE ORDER -- YOU KNOW, THE PROTECTIVE ORDER IN COMBINATION WITH MY SUBSEQUENT PRETRIAL ORDERS PERMITTED THE RELEASE OF THOSE DOCUMENTS UNDER THE CIRCUMSTANCES.

WHAT'S CLEAR IS THAT THERE WAS A LIVE DISPUTE OVER WHETHER THOSE DOCUMENTS COULD BE RELEASED AND WHETHER THEY COULD BE RELEASED WITHOUT FIRST SUBMITTING A JOINT LETTER TO THE COURT ABOUT THE RELEASE OF THOSE DOCUMENTS. AND MR. WISNER, IT APPEARS TO ME, OPERATED IN BAD FAITH IN RELEASING THE DOCUMENTS WITHOUT COMING TO COURT FIRST.

AND SO WHAT I PROPOSE TO DO IS TO ISSUE AN ORDER TO SHOW CAUSE WHY MR. WISNER AND PLAINTIFFS' COUNSEL GENERALLY SHOULD NOT BE SANCTIONED AND AN ORDER TO SHOW CAUSE WHY MR. WISNER SHOULD NOT BE REMOVED FROM THE EXECUTIVE COMMITTEE AND HIS LAW FIRM BE REMOVED FROM THE EXECUTIVE COMMITTEE, AND AN ORDER TO SHOW CAUSE WHY WE SHOULDN'T START ALL OVER IN

DECIDING WHO THE LEAD PLAINTIFFS' COUNSEL SHOULD BE IN THIS CASE, AND AN ORDER TO SHOW CAUSE WHY THE PROTECTIVE ORDER SHOULD NOT BE CHANGED TO REQUIRE THE PLAINTIFFS TO SEEK PERMISSION BEFORE THE DEDESIGNATION OF ANY DOCUMENT THAT'S BEEN MARKED CONFIDENTIAL.

I WILL ISSUE THAT IN WRITING SO THAT YOU CAN -- YOU'RE ON NOTICE OF WHAT YOU'RE DEALING WITH, BUT I WANT TO HAVE A HEARING ON ALL OF THIS.

I ALSO THINK THAT WHAT I WILL DO IS I WILL ORDER THE PLAINTIFFS SORT OF -- ALMOST LIKE A TEMPORARY RESTRAINING ORDER, I WILL ORDER THE PLAINTIFFS NOT TO RELEASE ANY MORE DOCUMENTS THAT HAVE BEEN DESIGNATED CONFIDENTIAL WITHOUT FIRST SEEKING PERMISSION FROM THE COURT UNTIL THE HEARING, BETWEEN NOW AND THE TIME OF THE HEARING. SO THAT IS SORT OF WHAT MY THINKING IS RIGHT NOW.

I ALSO WANT TO SAY, YOU KNOW, THERE'S A LOT OF COMPLAINING BY MONSANTO ABOUT THE PLAINTIFFS SORT OF LITIGATING THEIR CASE IN THE PRESS, AND MONSANTO HAS SAID IN ITS BRIEFS A COUPLE OF TIMES THAT I'VE ORDERED THE PLAINTIFFS NOT LITIGATE THEIR CASE IN THE PRESS. THAT'S ACTUALLY NOT TRUE.

I DO NOT CARE WHETHER THE PLAINTIFFS LITIGATE THEIR CASE IN THE PRESS. PLAINTIFFS CAN DO AS MUCH PR AS THEY WOULD LIKE, AND I DON'T HAVE ANY -- I'VE NOT IMPOSED ANY SORT OF GAG ORDER WHATSOEVER ON THE PLAINTIFFS.

THE ONLY THING THAT I HAVE DONE IS I HAVE SAID THAT

DOCUMENTS PRODUCED IN DISCOVERY THAT HAVE BEEN DESIGNATED CONFIDENTIAL CANNOT BE USED -- THEY CANNOT BE USED FOR A PR CAMPAIGN IF THEY ARE NOT RELEVANT TO THE GENERAL CAUSATION PHASE IN THIS LITIGATION.

IN OTHER WORDS, WE'RE IN -- TO ACCOMMODATE THE PLAINTIFFS' EXTREMELY BROAD DISCOVERY REQUESTS, WE'VE ALLOWED THE PLAINTIFFS TO RECEIVE FAR MORE DOCUMENTS THAN ARE RELEVANT TO THE GENERAL CAUSATION PHASE OF THIS LITIGATION AND THAT I WOULD NOT ALLOW THE PLAINTIFFS TO MANIPULATE THIS LITIGATION PROCESS BY USING THOSE DOCUMENTS THAT THEY PROBABLY SHOULD NEVER HAVE GOTTEN IN THE FIRST PLACE IN FURTHERANCE OF A PR CAMPAIGN.

SO THE PLAINTIFFS ARE NOT PRECLUDED FROM DOING ANY PR THEY WISH TO DO. THEY'RE ONLY PRECLUDED FROM USING DOCUMENTS THAT HAVE BEEN DESIGNATED AS CONFIDENTIAL AND ARE NOT PERMITTED TO BE RELEASED.

BUT WITH THAT SAID, IT APPEARS THAT MR. WISNER HAS ACTED IN BAD FAITH HERE. PERHAPS THE ENTIRE GROUP OF PLAINTIFF'S COUNSEL HAS ACTED IN BAD FAITH HERE. AND I WANT TO HAVE A HEARING ON THAT TOPIC. AND SO WHEN SHOULD -- AND I WANT IT TO BE IN PERSON.

AND I AM STRONGLY INCLINED TO SANCTION THE PLAINTIFFS AS I HAVE JUST INDICATED, AT A MINIMUM BY REMOVING MR. WISNER AND HIS FIRM FROM THE EXECUTIVE COMMITTEE AND PERHAPS FURTHER SANCTIONING THE PLAINTIFFS' COUNSEL OVER ALL.

SO WHEN SHALL WE HAVE THAT HEARING? ONE PROPOSAL I HAVE IS PERHAPS AUGUST 24TH. THURSDAY, AUGUST 24TH?

**MR. HOLLINGSWORTH:** THIS IS JOE HOLLINGSWORTH, YOUR HONOR. THAT'S A GOOD DATE FOR US ON BEHALF OF MONSANTO.

**MS. GREENWALD:** YOUR HONOR, ROBIN GREENWALD. IF I HAVE TO DO IT, I CAN DO IT. I'M TAKING MY DAUGHTER BACK TO COLLEGE THAT DAY. SO IT'S NOT IDEAL, BUT IF I HAVE TO, I WILL HAVE SOMEONE ELSE DO IT. IT'S NO PROBLEM. SHE'S A BIG GIRL.

**THE COURT:** NO, IT'S NOT -- I MEAN, YOU HAVE A BIG GROUP OF LAWYERS, PERHAPS TOO BIG. BUT ARE YOU SAYING THAT YOU NEED TO BE THE ONE ARGUING THIS MATTER? IF SO, WE CAN FIND A DIFFERENT DAY.

**MS. GREENWALD:** WELL, I MEAN, I THINK GIVEN SOME OF THE STATEMENTS YOUR HONOR MADE, I WOULD THINK I WOULD NEED TO BE THERE SO I CAN TELL YOU, YOU KNOW, HOW THE WHOLE THING PLAYS OUT FOR EVERYBODY. BUT IF IT WORKS FOR EVERYBODY ELSE, I'LL JUST MAKE IT HAPPEN. IF NOT, I'LL JUST DO IT.

**THE COURT:** I DON'T WANT TO SCHEDULE --

**MS. GREENWALD:** IT'S OKAY.

**THE COURT:** I DON'T WANT TO SCHEDULE THIS ON THE DAY YOU'RE SUPPOSED TO BRING YOUR DAUGHTER TO COLLEGE. WHERE'S SHE GOING TO COLLEGE?

**MS. GREENWALD:** OH, NO. SHE'S GOING INTO HER FOURTH YEAR. SHE'S JUST MOVING INTO A HOUSE. SO I TOLD HER I'D HELP HER. SHE IS IN CALIFORNIA, BUT SHE'S SOUTHERN. SO I CAN POP

UP AND GO BACK. IT'S NOT REALLY THE END OF THE WORLD. IT'S REALLY OKAY.

**THE COURT:** WE COULD DO -- I MEAN, WE COULD DO -- I THINK WE COULD DO -- LET ME TAKE A QUICK GLANCE AT MY CALENDAR. I THINK WE COULD DO THE FOLLOWING WEEK, THE 31ST.

**MS. WAGSTAFF:** YOUR HONOR. THIS IS AIMEE WAGSTAFF. WOULD WE BE ABLE TO DO IT NEXT WEEK?

**THE COURT:** PROBABLY NOT, NO. YEAH, WE COULD DO THE -- I SEE -- ON AUGUST 31ST I SEE A MOTION TO DISMISS IN SMITH VERSUS MONSANTO COMPANY. WHAT'S THAT? IS THAT ONE OF THESE CASES, OR IS THAT SOME DIFFERENT MONSANTO CASE?

**MS. WAGSTAFF:** I DON'T BELIEVE IT'S AN MDL CASE, YOUR HONOR, BUT I'M NOT SURE. MR. HOLLINGSWORTH WOULD BE ABLE TO TELL YOU THAT FOR SURE.

**MR. HOLLINGSWORTH:** YOUR HONOR, THIS IS JOE HOLLINGSWORTH. I'M NOT SURE ABOUT THAT EITHER.

**THE COURT:** OKAY.

**MR. HOLLINGSWORTH:** WE'LL CHECK AND LET MS. MILLER KNOW.

**MR. WISNER:** YOUR HONOR, THIS IS BRENT WISNER, AND I DEFINITELY WANT TO BE AT THE HEARING CONSIDERING THERE'S A CLAIM THAT I ACTED IN BAD FAITH. I'D LIKE TO TALK TO YOUR FACE AND TELL YOU WHAT HAPPENED.

UNFORTUNATELY, ON THE 31ST I'M GOING TO BE OUT OF THE COUNTRY, BUT BETWEEN NOW AND THEN I'M FREE ANY DAY.

**THE COURT:** ALL RIGHT. LET'S DO THE 31ST. I MEAN -- SORRY -- THE 24TH. SORRY. I DIDN'T MEAN TO SCARE YOU.

**MR. WISNER:** OKAY.

**THE COURT:** WE CAN JUST DO IT -- MS. GREENWALD, WHAT WAS YOUR -- DO YOU HAVE A PREFERENCE BETWEEN MORNING AND AFTERNOON?

**MS. GREENWALD:** NO, IT'S FINE. I'M JUST GOING TO POP UP ON A SHUTTLE. SO WHATEVER WORKS FOR THE COURT IS FINE FOR ME. THANK YOU FOR ASKING, THOUGH. THAT WAS VERY NICE OF YOU.

**THE COURT:** DOESN'T PARTICULARLY MATTER TO ME EITHER. LOOKS LIKE.

**MS. GREENWALD:** MORNING WILL BE GREAT. I'LL GET UP EARLY AND POP UP AND GO BACK.

**THE COURT:** I'M SORRY. WHAT DID YOU SAY?

**MS. GREENWALD:** YOU KNOW, COLLEGE KIDS SLEEP LATE.

**THE COURT:** MORNING? OKAY. LET'S DO 10:00 A.M.

**MS. GREENWALD:** THAT WOULD BE GREAT.

**THE COURT:** OKAY. 10:00 A.M. ON THURSDAY THE 24TH.

**MS. GREENWALD:** THANK YOU SO MUCH.

**THE COURT:** OKAY. YEAH, I WILL -- ON THE RESPONSE TO THE ORDER TO SHOW CAUSE -- I'LL PUT THE DEADLINE IN THE ORDER TO SHOW CAUSE THAT I ISSUE TODAY.

ALL RIGHT. THANK YOU.

(PROCEEDINGS ADJOURNED AT 2:49 P.M.)

**CERTIFICATE OF TRANSCRIBER**

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

jmcolumbini

JOAN MARIE COLUMBINI

AUGUST 11, 2017