
Aimee Wagstaff, SBN 278480
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, PC
7171 West Alaska Drive
Lakewood, CO 80226
Telephone: (303) 376-6360

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| | HEARING: August 24, 2017<br>TIME: 10:00 A.M.<br>Courtroom 4, 17th Floor, N.D.Cal.<br>San Francisco, California |
| This document relates to:<br><br>ALL ACTIONS | |

**ANDRUS WAGSTAFF, PC'S RESPONSE TO PTO 28**

On August 9, 2017, the Court entered PTO 28, which ordered co-lead counsel to "show cause why they should not be replaced as a result of their involvement in Baum Hedland's conduct." PTO 28 at 1. Andrus Wagstaff responds as follows:

**I. Introduction**

Monsanto's message is clear - stay out of its way. Having already gone after the scientists, researchers, academics, reporters, and everyone else who questions the safety of Roundup, now it's the lawyers turn. Here, with no evidence to support any claim that Andrus Wagstaff acted in bad faith, Monsanto is requesting extreme sanctions against Andrus Wagstaff by claiming its own lawyers were somehow lulled into inaction by another law firm. Shockingly, during the August 1, 2017 meet and confer for Monsanto's Application for

Emergency Relief, wherein Monsanto would request the Court remove Andrus Wagstaff and three other law firms from MDL leadership, Monsanto did not even bother to ask what role each law firm played in the publication of the 86 documents at issues.  Monsanto didn't ask, because Monsanto doesn't care. Instead, with no evidentiary support, Monsanto shot off a canon and requested the Court remove the entire leadership.   Of course, this timing of Monsanto's request cannot be ignored – expert discovery has just commenced.  In fact, one expert deposition has occurred and twelve (12) more are scheduled in the next 5 weeks.  The four law firms Monsanto seeks to remove are the most familiar with the documents, the experts, the science, and the liability.  Removing any one of these four firms, much less all of them, at this critical point in the litigation will unfairly prejudice MDL 2741 Plaintiffs and would require a re-analysis of the expert discovery schedule.  All of this, with no evidence of bad faith against Andrus Wagstaff[1].

To impose the sanctions requested by Monsanto, "counsel's conduct must 'constitute[ ] or [be] tantamount to bad faith.'" *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 767, 100 S.Ct. 2455, 2465, 65 L.Ed.2d 488 (1980); *In re Keegan Mgmt. Co., Sec. Litig*., 78 F.3d 431, 436 (9th Cir. 1996). In sanctioning counsel, "[c]ourts may not invoke [inherent] powers without a 'specific finding of bad faith.'" *Yagman v. Republic Ins.,* 987 F.2d 622, 628 (9th Cir.1993) (quoting *United States v. Stoneberger,*805 F.2d 1391, 1393 (9th Cir.1986)); *accord Zambrano v. City of Tustin,* 885 F.2d 1473, 1478 (9th Cir.1989) ("To insure that restraint is properly exercised, we have routinely insisted upon a finding of bad faith before sanctions may be imposed under the

---

[1] The Protective Order, in connection with PTOs 15 and 20, was not violated.  However, because the court's PTO 28 requested that we put that issue aside for the moment, Andrus Wagstaff merely incorporates Plaintiffs' Response to Monsanto's Motion for Emergency Relief herein as support of why the Protective Order was not violated. In response to the Court's concerns that the pace of MDL document production has resulted in an over-production of documents that the MDL Plaintiffs would not otherwise have access to, it is worth noting that almost half of the documents in this litigation were produced to Plaintiffs **prior** to the formation of this MDL in a state court matter. Further, the documents are being produced for all state court cases too, several of which are not bifurcated. Monsanto does not – and cannot – argue that Plaintiffs are not entitled to these 86 documents.

court's inherent power.") As set forth in Aimee H. Wagstaff, Esq.'s Declaration, attached as **Exhibit A**, Andrus Wagstaff did not act in bad faith[2].

Andrus Wagstaff is not opposed to involving a special master to facilitate de-designation requests. However, Andrus Wagstaff believes the process should begin with recorded voice-to-voice meet and confers between counsel. If the meet and confers are not successful, the dispute can be elevated to a special master with the non-prevailing party to pay the special master expenses. It would be unfair to, on the one hand acknowledge that the documents are over-designated, and then, on the other hand, order that the MDL Plaintiffs pay for the entirety of the special master expenses to challenges those over-designations. The non-prevailing party should be required to pay for the special master's expenses associated with each challenge.

Dated: August 14, 2017                    Respectfully Submitted,

*/s/ Aimee Wagstaff*
Aimee Wagstaff, SBN 278480
aimee.wagstaff@andruswagstaff.com
7171 West Alaska Drive
Lakewood, CO  80226
Telephone: (303) 376-6360
Facsimile: (303) 376-6361

*Co-Lead Plaintiffs' Counsel*
*For MDL 2741*

---

[2] Although undersigned counsel does not believe sanctions are warranted against any member of the Executive Committee because none acted in bad faith, this Response is written solely on behalf of Andrus Wagstaff, PC and Co-Lead counsel Aimee Wagstaff.

| | |
|---|---|
| 1 | **<u>CERTIFICATE OF SERVICE</u>** |

2  I hereby certify that a true and correct copy of the foregoing document was filed with the

3  Court and electronically served through the CM-ECF system which will send a notification of

4  such filing to all counsel of record.

5

6  DATED: August 14, 2017          */s/ Aimee Wagstaff*
                                   ANDRUS WAGSTAFF, PC
7                                  Aimee H. Wagstaff, SBN 278480
                                   aimee.wagstaff@andruswagstaff.com
8                                  7171 West Alaska Drive
                                   Lakewood, CO  80226
9                                  Telephone: (303) 376-6360