# EXHIBIT J



Portfolio Media. Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Firm In Hot Water Over Releasing Monsanto Weedkiller Docs

By **Emma Cueto**

Law360, New York (August 10, 2017, 6:55 PM EDT) -- A California federal judge Wednesday ordered one of the lead attorneys representing consumers who have accused Monsanto Company of peddling cancer-causing weedkillers to demonstrate to the court why he and his firm should not be taken off the case after allegedly posting sealed documents online.

U.S. District Judge Vince Chhabria ordered Brent Wisner of Baum Hedlund Aristei & Goldman PC to justify staying on the case, saying motions from both sides "strongly suggest" that Wisner posted documents online, where they were then picked up by the media, even as the court was considering the question of whether the same documents should be under seal.

"Putting aside the question of whether releasing the documents violated this court's orders, releasing the documents under these particular circumstances appears at least to have violated the requirement that lawyers work with opposing counsel in good faith," Judge Chhabria wrote in the order.

The judge also indicated that Baum Hedlund's co-lead counsel should justify to the court why they should not be replaced as well and said that he was considering appointing a special master to review documents.

Baum Hedlund told Law360, "We will be responding to the court's order to show cause,

defending our having followed the letter of this court's protective order regarding the declassification of documents being confidential."

The judge's order came shortly after dueling motions by Monsanto and the consumers accusing one another of leaking the documents to the press. In a motion for emergency relief filed by Monsanto, the company accused Baum Hedlund of posting 86 disputed documents on its website.

"Plaintiffs' counsel recklessly and intentionally released 86 documents designated as confidential under the terms of the court's protective and confidentiality order despite Monsanto's clear statements in meet-and-confer discussions that plaintiffs did not have proper grounds to seek de-designation of the documents' confidential standing," Monsanto wrote in the motion.

The motion also accused Wisner of "boasting" to the New York Times that, "Now the world gets to see these documents that would otherwise remain secret."

The quote appears in an Aug. 1 New York Times article that raises the question of whether Monsanto influenced research on its Roundup weedkiller product. The article also indicates that Wisner told the Times that Monsanto had made a mistake by not moving to protect the documents.

Baum Hedlund made a similar argument in an Aug 1 motion and on its firm's website, where 75 documents are currently posted on a page labeled "Monsanto Secret Documents." Both the motion and the webpage say that Monsanto did not respond within 30 days to a June 30 challenge to the protection of the documents, voiding the protection.

The court had yet to rule on the plaintiff's challenge.

On Aug. 1, one day before Monsanto's motion, the consumers filed their own motion asking the court to clarify its two prior pre-trial orders concerning the discovery documents and accusing Monsanto of "refusing to participate in any meaningful meet-and-confer regarding documents." Monsanto, the consumers argued, had used "subjective" criteria to exclude any document it did not want to come to light.

The consumers argued that this behavior violated the purpose of the pre-trial orders, adding that if it did not, the orders were unconstitutional.

"According to Monsanto, there is no need to justify confidentiality designations unless the document was both relevant and served a litigation need," the consumers said in their motion. "Monsanto's subjective view of the challenged documents has revealed that no document is relevant or serves a litigation need."

The consumers also accused Monsanto of "unilaterally" giving court documents to media outlets, citing a June 14 Reuters article that cited a deposition from epidemiologist Aaron Blair.

Monsanto's vice-president for global strategy, Scott S. Partridge, told Law360 that the deposition shared with Reuters was a "completely different" situation because the deposition was not under seal.

Partridge alleged that Baum Hedlund had purposefully leaked sealed documents to "make a splash in the media."

"They obviously made a calculated decision to violate two federal court orders," he said. "They decided that whatever sanctions they got were worth it."

Partridge also questioned whether Baum Hedlund was the only firm involved in the suit who was involved in the decision to leak the documents, suggesting the plaintiffs' attorneys engaged in a "conspiracy" in which they could "sacrifice" Baum Hedlund to reveal "cherry picked" documents to the public.

Co-counsel for the plaintiffs did not respond to a request for comment.

The suit is a multidistrict litigation consolidated in California that alleges that glyphosate, an agent found in Monsanto's Roundup weedkiller, causes cancer. Monsanto disputes the allegation, saying that decades of studies have found no link between glyphosate and cancer.

The suit has seen previous **discovery spats**, including over the relevance of mouse kidney tissue slides from the 1980s.

The EPA **announced** in June it was investigating allegations **raised in the suit** that an EPA staff member conspired with Monsanto to conduct a biased review of the scientific literature concerning the product.

The consumers are represented by Baum Hedlund Aristei & Goldman, Weitz and Luxenberg PC, The Miller Firm LLC, Andrus Wagstaff PC, Pendley Bauldin Coffin LLP, Kennedy & Madonna LLP and Onder & Shelton LLC.

Monsanto is represented by Joe G. Hollingsworth and Eric G. Lasker of Hollingsworth LLP.

The MDL is In re: Roundup Products Liability Litigation, case number 3:16-md-02741, in the U.S. District Court for the Northern District of California.

--Additional reporting by John Kennedy, Kat Sieniuc and Emily Field. Editing by Alyssa Miller.

All Content © 2003-2017, Portfolio Media, Inc.