William E. Lawler, III (admitted *pro hac vice*)
VINSON & ELKINS L.L.P.
2200 Pennsylvania Ave., NW
Suite 500 West
Washington, DC  20037
Telephone:  (202) 639-6676
Facsimile:  (202) 879-8876
wlawler@velaw.com

*Counsel for Nonparty Jesudoss Rowland*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE:  ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No. 3:16-md-02741-VC<br>MDL No. 2741 |
| | **NON-PARTY JESUDOSS ROWLAND'S MOTION FOR ATTORNEYS' FEES AND MEMORANDUM OF LAW IN SUPPORT** |
| This document relates to:<br><br>ALL ACTIONS | Date:  Thursday, October 5, 2017<br>Time:  10:00 a.m. (Pacific Time)<br>Courtroom:  Courtroom 4, 17th Floor<br>Judge:  Honorable Vince Chhabria |

The hearing regarding Nonparty Jesudoss Rowland's Motion for Attorneys' Fees is noticed for Thursday, October 5, 2017 at 10:00 a.m. (Pacific Time) in Courtroom 4.

Jesudoss Rowland ("Mr. Rowland") is a retired EPA employee who is not a party to this case. Plaintiffs deposed him, trying unsuccessfully to show that while at EPA he had been essentially bought off by Monsanto. Mr. Rowland provided extensive testimony, but we objected to certain questioning about his post-government consulting employment. At a telephonic hearing, the Court allowed some additional questioning, but set guidelines on the scope of that questioning. Mr. Rowland answered all questions mandated by the Court's ruling. Plaintiffs, however, tried to go far beyond the boundaries set by the Court. We objected. Plaintiffs moved to compel. That motion was unnecessary, without merit, and not substantially justified. At the May 11, 2017 hearing, the Court denied the motion noting that Plaintiffs were repeatedly mischaracterizing the evidence. Mr. Rowland now asks the Court to award him reasonable attorneys' fees of $45,995 incurred in responding to Plaintiffs' unjustified Motion to Compel Responses from Deponent Jesodoss Rowland (ECF No. 261-1) ("Motion to Compel") and in preparing the present motion. Consistent with Civil Local Rule 37-4(b)(2), undersigned counsel has consulted with plaintiffs' counsel to try to resolve this matter. Plaintiffs oppose the present request for fees, but have agreed to a proposed hearing date.

We are aware that the Court is currently considering other allegations of misconduct by plaintiffs' counsel. The present matter, however, is not triggered by those other matters. Work on the present request began shortly after the Motion to Compel was denied and communications with plaintiffs' counsel began in early July. The filing of the request for fees has been delayed, in part, because of difficulties in agreeing to a proposed hearing date.

Mr. Rowland requests the Court order Robin Greenwald, Michael Miller, and Aimee Wagstaff (signors of the Motion to Compel) and their respective law firms, jointly and severally, (together "Plaintiffs' counsel") to pay Mr. Rowland's reasonable attorneys' fees and expenses by sending a check made out to "Vinson & Elkins LLP" to William E. Lawler, III, at Vinson &

Elkins LLP's Washington D.C. address, to be received within 30 calendar days of the issuance of the Court's order.

## I.     STATEMENT OF THE ISSUE

Should the Court award non-party Jesudoss Rowland reasonable fees because Plaintiffs' Motion to Compel was denied, was not substantially justified, and the award of fees would not be unjust?

## II.     INTRODUCTION

Non-party Jesudoss Rowland incurred substantial financial fees in responding to Plaintiffs' counsels' Motion to Compel.  The Motion to Compel was baseless.  It was filed without consulting with Mr. Rowland's counsel—in violation of Fed. R. Civ. P. 37 and Civil Local Rule 37-1(a), and cited no Court rules or caselaw.  The scope of Mr. Rowland's deposition had been set by this Court, Pretrial Order No. 19 (ECF No. 260) and Mr. Rowland's testimony complied with that scope. He testified, among other things, that his post-EPA work was unrelated to either glyphosate or Monsanto.  Mr. Rowland now seeks his reasonable attorneys' fees necessarily incurred in responding to the Motion to Compel that included the following work product:   1) filing the Lawler Declaration in support of sealing Plaintiffs' Motion to Compel (ECF No. 276); 2) filing an Opposition to Plaintiffs' Motion to Compel, and related documents (ECF No. 282 and attachments); 3) attending, by telephone, the May 11, 2017 case management hearing (ECF No. 288) to oppose the Motion to Compel, and 4) filing this Motion for Attorneys' Fees, and related documents.

Mr. Rowland is not a party to this case, but in recent months, he has been pilloried by Plaintiffs' counsel in court filings and media stories.  Conceding for the sake of argument that counsel's initial inquiries about certain emails had some minimal basis, counsel's more-recent activities, including the Motion to Compel, have crossed the line into baseless speculation and outright misrepresentation.  Mr. Rowland has unfortunately and unfairly suffered personal and reputational damage, but his financial damage can and should be limited by the Court.  Pursuant to Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure, Mr. Rowland should be awarded

reasonable fees incurred in responding to the Motion to Compel and in preparing the present motion.  The Declaration of William E. Lawler, III in Support of Mr. Rowland's Motion for Attorneys' Fees ("Lawler Decl.") and Declaration of Jon D. Jacobs in Support of Mr. Rowland's Motion for Attorneys' Fees ("Jacobs Decl.") contain detailed descriptions of the fees sought.

### III.    PROCEDURAL AND FACTUAL HISTORY

As explained in full in Mr. Rowland's Opposition Brief at 2–6 (ECF. No. 282-1), for months Plaintiffs' counsel have insisted that Mr. Rowland's participation in this case is integral to proving their baseless theory of corruption and collusion between the EPA and Monsanto. Though their claims about Mr. Rowland lack merit, Plaintiffs' counsel nonetheless have persisted in them from February to date, causing Mr. Rowland reputational harm, financial injury, and unwarranted stress.[1]

The Court denied the Motion to Compel "for the reasons stated at the status conference." Pretrial Order No. 23 at 1 (ECF No. 297).  At the May 11, 2017 status conference, the Court concluded that the Motion to Compel had overreached, mischaracterized evidence, and sought evidence not relevant to Plaintiffs' theory of the case.  May 11, 2017 Tr. at 2, 6-7.[2]  The purpose for the Motion to Compel was, as the Court recognized, "a vehicle to conduct a PR campaign." *Id*. at 10.

### IV.    ARGUMENT

The Court has repeatedly warned Plaintiffs' counsel about the tactics they have engaged in during discovery, specifically warning that the Court will award sanctions if Plaintiffs' counsel continues to engage in improper behavior.  *E.g.*, Pretrial Order No. 20 at 2 (ECF No. 266) ("plaintiffs are cautioned that attaching hundreds of pages of irrelevant material to an administrative motion is no less a sanctionable abuse of the sealing process than Monsanto's

---

[1] Plaintiffs' counsel's obsession with Mr. Rowland has continued following Pretrial Order. No. 23.  *See, e.g.*, Compl. at ¶7, *The Miller Firm, LLC, v. U.S. E.P.A.*, No. 17-cv-0035 (W.D. Va. May 22, 2017) (ECF No. 1) (As described in the Complaint, "Petitioners submitted a FOIA request in conjunction with a subpoena served on a former EPA employee <u>with close ties to Monsanto</u>.  His deposition took place on April 24, 2017.") (emphasis added).
[2] Citations are to the PDF file of the "Transcript of Proceedings" from Thursday, May 11, 2017.

filing of unsupported responsive declarations.").  Similar improper behavior has now caused a non-party, Mr. Rowland, to bear a considerable financial expense while Plaintiffs' counsel continue, even after admonition by this Court, to use the Court as a vehicle for a public relations campaign.

**A.  Reasonable Fees Incurred Opposing the Motion to Compel**

Filing a motion to compel is strong medicine and the drafters of the Federal Rules of Civil Procedure wanted to ensure it was a double-edged sword, only to be used in the most dire of circumstances.  Notably, Rule 37 provides consequences for movants whose motion to compel is denied by the Court:

> If the motion is denied, the court **may** issue any protective order authorized under Rule 26(c) and **must**, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B) (emphasis added).  The Advisory Committee Notes for the 1970 Amendment to Rule 37 emphasize that "expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying this point to court."  *Id*.  Advisory Comm. Notes, 1970 Amend. (subdivision a(4)).  Plaintiffs' counsel are all experienced lawyers and they were, or should have been, aware of the requirements of filing a motion to compel and the consequences of filing a meritless one.

**1.  The Court denied Plaintiffs' Motion to Compel**

On May 15, 2017, the Court issued Pretrial Order No. 23 denying Plaintiffs' Motion to Compel further testimony from Mr. Rowland "for the reasons stated at the status conference."  Pretrial Order 23 at 1 (ECF No. 297).   The Court should award reasonable fees unless Plaintiffs' counsel establishes that the Motion to Compel was substantially justified or the award of reasonable fees is unjust.

### 2.  Plaintiffs' Motion to Compel was not "substantially justified"

Plaintiffs have the burden of demonstrating their motion was substantially justified. *Brown v. Hain Celestial Grp., Inc*., No. 11-CV-3082, 2013 WL 5800566, at *5 (N.D. Cal. Oct. 28, 2013).

The Motion to Compel was not substantially justified because it sought information that was not relevant, as illustrated by the Court's colloquy with Plaintiffs' counsel at the May 11, 2017 case management hearing.  Plaintiffs' counsel agreed with the Court that additional testimony was warranted on the theory that "[Mr. Rowland's] work for these companies was that Monsanto was somehow responsible for it and it was his reward for doing Monsanto's bidding at the EPA."  May 11, 2017 Tr. at 7.  However, as the Court noted, Plaintiffs' counsel sought additional details about Mr. Rowland's post-EPA work which was not relevant to the question of whether "he ended up at those companies at the behest of Monsanto."  *Id*.

Plaintiffs' counsels' entire approach to the Motion to Compel demonstrates a lack of seriousness, thoughtfulness, and respect for either Mr. Rowland or this Court.  Counsel made no attempt to comply with the rules requiring consultation with counsel.  The motion did not cite a single case or other legal precedent.  The motion did, however, contain numerous inaccurate factual assertions, *e.g.*, Rowland Opp. Br. App'x (ECF No. 282-1), many of which Plaintiffs' counsel should have known had no factual basis.  Plaintiffs' counsel argued the motion without being able to give the Court accurate transcript citations and without having even brought exhibits to court.  May 11, 2017 Tr. at 3-4, 9.  He failed to present a reasonable, factual, or legally supported argument to the Court, despite clear direction from the Court and repeated admonitions to act like a responsible lawyer.  May 11, 2017 Tr. at 6-7.

### 3.  Awarding of expenses to nonparty Jesudoss Rowland is not "unjust"

The Motion to Compel was part of a public relations campaign.  Plaintiffs' counsel:  1) sought additional and non-relevant deposition testimony from Mr. Rowland following Mr. Rowland's deposition that complied with all prior Court orders; 2) mischaracterized evidence in the Motion to Compel and at the accompanying status conference hearing; and 3) attached the

entire sealed deposition transcript, a 250+ page document, to the Motion to Compel in an attempt to unseal it.  Despite being warned on numerous occasions that sanctions could be awarded for this type of conduct, Plaintiffs' counsel persisted.  Pretrial Order No. 20 at 2 (ECF No. 266).  The award of reasonable fees would not be unjust because it would allow Mr. Rowland to recoup a portion of the substantial fees he has paid to date for this case.

At the April 24, 2017 Rowland deposition colloquy with the Court, Plaintiffs' counsel represented that the deposition was designated "Confidential" "so there wouldn't be in harm in . . . find[ing] out the general nature of the work and the amount of time he spent."  Rowland Tr. at 265:9–14.[3]  The Court then ordered Mr. Rowland to "describe very generally the subject matter" of his post-EPA work.  *Id*. at 265:22–23.  Relying on that designation, Mr. Rowland proceeded to answer general questions about his post-EPA work in full compliance with the Court's Order.  Plaintiffs' counsel then included large excerpts of the deposition transcript—that were designated "Confidential"—that were not fully redacted, in Plaintiffs' Motion to Compel.[4]

The "confidential" excerpts describes generally the type of work that Mr. Rowland has performed since leaving the EPA—the same questions that Plaintiffs' counsel represented could be asked because the deposition was designated "Confidential."  Pls.' Mot. Compel at 4:4–14, 6:1–3, 6:18–19, 7:6–7, 9:16–18 (ECF No. 261-1).  Predictably, as this case has garnered significant media attention, this misleading information, and not the facts, was published in the press.  Shortly after Plaintiff filed the Motion to Compel, the following article appeared: *Conflict of Interest Questions Dog Former EPA Official, Taken to Court* (May 1, 2017), https://whowhatwhy.org/2017/05/01/conflict-interest-questions-dog-former-epa-official-taken-court/.

---

[3] Citations are to the PDF file of the "Uncertified Rough Draft of Testimony of Jesudoss Rowland, Taken on 04/24/2017," filed under seal at ECF No. 261-3.
[4] In addition, we are aware of one instance where Plaintiffs' counsel used confidential information disclosed during Mr. Rowland's deposition without a judicially-approved protective order in place.  That use of confidential information violates this Court's Protective Order.  Protective and Confidentiality Order at 4:7–13 (ECF No. 64).  We can provide additional details to the Court if needed.

The press coverage continued following the denial of the Motion to Compel.  The day after the Court denied the Motion to Compel and five days after the Court criticized Plaintiffs' counsel's mischaracterization of evidence, CNN published an article titled "Patients:  Roundup Gave Us Cancer as <u>EPA Official Helped the Company</u>."  Holly Yan, CNN, *Patients: Roundup Gave Us Cancer as EPA Official Helped the Company* (May 16, 2017), http://www.cnn.com/2017/05/15/health/roundup-herbicide-cancer-allegations/ (emphasis added).  CNN wrote, "[Plaintiffs' counsel Timothy] Litzenburg said the court documents 'seem to show an inappropriately close relationship' between Monsanto and the former EPA official."  *Id.*

Given that Plaintiffs' counsel received international publicity from the poorly-redacted Motion to Compel—at Mr. Rowland's expense—awarding Mr. Rowland reasonable fees for Opposing the Motion to Compel is not unjust.  To the contrary, an award of attorneys' fees is appropriate.

### 4.  The Fees Mr. Rowland seeks are reasonable

As outlined in the Lawler Declaration and Jacobs Declaration, the $45,995 in attorneys' fees that Mr. Rowland seeks are reasonable.  The fees were calculated using reasonable hourly rates and the number of hours spent on the necessary tasks was reasonable considering that Mr. Rowland's counsel had to both respond to the Motion to Compel and adequately brief all issues for the Court.

The Ninth Circuit uses the "lodestar method" for calculating reasonable attorney's fees— the number of hours reasonably expended is multiplied by a reasonable hourly rate.  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).  Reasonable hourly rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id.* at 1206.  The relevant community "is the forum in which the district court sits."  *Id.* at 1205.  Rates billed by attorneys in previous cases are evidence of a reasonable hourly rate.  *See id.* at 1207.  The Northern District of California has found that $560-800 per hour was reasonable for partners, $285-510 for associates, and $150-185 for litigation support staff.  *Rosado v. Ebay Inc.*, No. 12-CV-4005, 2016 WL 3401987, at *7 (N.D. Cal. June

21, 2016) (citations omitted).  Efforts to delegate specific tasks to lower-level attorneys when appropriate have been cited as evidence supporting the number of hours billed.  *Id*. at *8.

Vinson & Elkins is a large firm experienced in a number of areas, including complex commercial litigation and matters dealing with the EPA.  The Jacobs Law Firm PLLC is a Washington, D.C.-based boutique law firm focusing on environmental matters.  The requested fees are reasonable in light of the required work.  Mr. Rowland appreciates the consideration the Court has already given to his financial circumstances by allowing his counsel to appear at the May 11, 2017 hearing by telephone, so as to avoid travel costs.

Mr. Rowland requests $25,939[5] in attorney's fees to cover the work performed by Vinson & Elkins LLP in responding to the Motion to Compel and in preparing the present motion. Lawler Decl.; Ex. 1.[6]  As described in the Lawler Declaration, the rates charged by V&E attorneys were consistent with rates charged by V&E's San Francisco office as well as by other large law firms practicing in the Northern District of California.  Lawler Decl. ¶ 5.  Mr. Rowland requests $20,056[7] in attorney's fees to cover the work performed by Jacobs Law Firm PLLC in responding to the Motion to Compel and in preparing the present motion.  Jacobs Decl. ¶ 20; Ex. 2.  As described in the Jacobs Declaration, Jacobs Law Firm PLLC's rates and hours are reasonable given the work performed.  The rates charged by Jacobs Law Firm PLLC are lower than rates approved as reasonable by this Court.  Jacobs Decl. ¶ 5.

The amount of hours worked on the drafting the opposition brief and related documents and preparing for the hearing on the motion to compel were reasonable, particularly so given that Plaintiffs' counsel cited no cases or court rules in its Motion to Compel and that additional work had to be done to try to put the issues in an understandable factual and legal context.  Lawler

---

[5] The fees sought in this motion are not necessarily the full amount of fees actually incurred on these matters.

[6] The redacted V&E and Jacobs Law Firm PLLC invoices (Exhibits 1 and 2, respectively) are attached for the limited purpose of supporting this Motion.  Aside from presenting the text of certain time entries, Mr. Rowland does not waive any applicable rights, privileges, or defenses.

[7] The fees sought in this motion are not necessarily the full amount of fees actually incurred on these matters.

Decl. ¶ 12; Jacobs Decl. ¶ 13.  In addition, the amount of time spent on this Motion for Fees was reasonable and necessary to help Mr. Rowland recoup a portion of the financial burden on him in this case.  Lawler Decl. ¶¶ 16-17; Jacobs Decl. ¶ 17.  These tasks were staffed with an eye toward minimizing legal fees and delegating assignments to attorneys with lower billing rates when possible.  Lawler Decl. ¶ 6; Jacobs Decl. ¶ 6.

## VI.    CONCLUSION

Plaintiffs' counsel filed an unnecessary, meritless Motion to Compel causing not only a waste of this Court's time and resources, but also requiring Mr. Rowland to incur additional attorneys' fees.  The Court should award Mr. Rowland those fees.[8]

Dated:  August 15, 2017

Respectfully submitted,

VINSON & ELKINS L.L.P.

By:   _/s/ William E. Lawler, III_____

William E. Lawler, III (admitted *pro hac vice*)
VINSON & ELKINS L.L.P.
2200 Pennsylvania Ave., NW
Suite 500 West
Washington, DC  20037
Telephone:  (202) 639-6676
Facsimile:  (202) 879-8876
wlawler@velaw.com

*Counsel for Non-party Jesudoss Rowland*

---

[8] If the alternative, the Court may award attorneys' fees because Plaintiffs failed to take reasonable steps to avoid imposing undue burden on a non-party. Fed. R. Civ. P. 45(d)(1). When considering to award sanctions pursuant to Rule 45, "the Ninth Circuit instructs courts to put 'more emphasis on the recipient's burden than on the issuer's motives.'" *Fujikura Ltd. v. Finisar Corp.*, 2015 WL 5782351, at *8 (N.D. Cal. May 14, 2015) (quoting *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 428-29 (9th Cir. 2012)); *see also In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 WL 4846522, at *2 (N.D. Cal. Aug. 7, 2012) ("nonparties [need not] establish bad faith or improper purpose before sanctions can be awarded under Rule 45."). Here, counsel did not take reasonable steps to limit the burden placed on Mr. Rowland by 1) not meeting and conferring before filing the Motion to Compel; 2) failing to first seek less intrusive means of discovery; and 3) intentionally and unnecessarily, despite a contrary Court instruction, attaching the entire transcript of Mr. Rowland's deposition to the Motion to Compel in an attempt to unseal it.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2017, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system, which will send notification of such filing to the email addresses on the Electronic Mail Notice List.

*/s/ William E. Lawler*
William E. Lawler, III

*Counsel for Nonparty Jesudoss Rowland*

**CIVIL LOCAL RULE 5-1 ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of the Jacobs Declaration has been obtained from the signatory thereto.

*/s/ William E. Lawler*
William E. Lawler, III

*Counsel for Nonparty Jesudoss Rowland*