William E. Lawler, III (admitted *pro hac vice*)
VINSON & ELKINS L.L.P.
2200 Pennsylvania Ave., NW
Suite 500 West
Washington, DC 20037
Telephone: (202) 639-6676
Facsimile: (202) 879-8876
wlawler@velaw.com

*Counsel for Non-Party Jesudoss Rowland*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# (SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No. 3:16-md-02741-VC<br>MDL No. 2741 |
| This document relates to:<br><br>ALL ACTIONS | **DECLARATION OF WILLIAM E. LAWLER, III IN SUPPORT OF NONPARTY JESUDOSS ROWLAND'S MOTION FOR ATTORNEYS' FEES**<br><br>Date: Thursday, October 5, 2017<br>Time: 10:00 a.m. (Pacific Time)<br>Courtroom: Courtroom 4, 17th Floor<br>Judge: Honorable Vince Chhabria |

I, William E. Lawler, III, hereby declare as follows based on my personal knowledge:

1. I am an active member in good standing of the bars of the District of Columbia and the State of Maryland. I am admitted *pro hac vice* in this litigation pursuant to the Court's Pretrial Order No. 1 (Oct. 6, 2016), ECF No. 2. I am an attorney with the law firm of Vinson & Elkins LLP ("V&E"), counsel of record for non-party Jesudoss Rowland. Jon D. Jacobs, an attorney with the Jacobs Law Firm PLLC of Washington, D.C., is co-counsel. Jon D. Jacobs is submitting a separate declaration regarding his fees for work for Mr. Rowland.

2. I submit this Declaration in support of Nonparty Jesudoss Rowland's Motion for Attorneys' Fees, filed on this day ("Motion for Fees"), as required by Civil Local Rule 37-4.

3. As required by Civil Local Rule 37-4(b)(2), from July 5 through July 7, 2017, then again between July 30 and August 7, 2017, I conferred by email with Mr. Michael Miller, Ms. Robin Greenwald, and Ms. Aimee Wagstaff, counsel for Plaintiffs, but was unsuccessful in resolving this issue.

4. **V&E's Reasonable Attorneys' Fees**. V&E has extensive experienced in EPA enforcement matters, government investigations, and class-action litigation. The work for Mr. Rowland has been performed by attorneys in the Washington D.C. office, which is close to where Mr. Rowland lives. This allowed us to meet and work with Mr. Rowland in person.

   a) **William E. Lawler, III**: I am the co-head of V&E's White Collar practice group. I have over thirty years' experience as an attorney. I served as an Assistant United States Attorney in the U.S. Attorney's Office for the District of Columbia and have been in private practice at V&E for over twenty years, representing corporations, organizations, and individuals in a wide variety of difficult and sensitive matters. My standard rate is $945 per hour, but for this matter I charged a discounted rate of $830 per hour.

   b) **Jeremy Keeney**: Jeremy Keeney is a third-year associate at V&E who is admitted *pro hac vice* in other class-action cases in N.D. California. Before joining V&E, Mr. Keeney served as a law clerk for the Senior Judges of the D.C. Court of Appeals. Mr. Keeney's

standard rate is $625 per hour, but for this matter he charged a discounted rate of $550 per hour.  Other V&E clients with pending class-action cases in the Northern District of California pay equal or higher rates for his work.

5. Hourly rates similar to V&E's hourly rates have been approved as reasonable in other civil cases in the Northern District of California.  These cases were decided several years ago and during those intervening years, market rates in San Francisco have risen.  In addition, V&E's San Francisco office charges similar rates.

| Firm | Partner Rates | Associate Rates |
|---|---|---|
| Saverti Law Firm[1] | $960 | $465 – $600 |
| Prison Legal News[2] | $700 – $875 | $325 – $425 |
| Class counsel[3] | $475 – $950 | $300 – $490 |
| Rosen Bien & Galvan, LLP[4] | $560 – $800 | $285 – $510 |
| V&E's San Francisco Office | $750 – $1,150 | $550 – $845 |

6. **Staffing**.  We staffed the case with an eye toward minimizing legal fees, delegating assignments to attorneys with lower billable rates when appropriate.

7. Mr. Rowland incurred attorney's fees and other expenses in responding to Plaintiffs' Motion to Compel and in preparing Mr. Rowland's Motion for Attorney's Fees.  The fees sought in this Motion do not reflect the total amount of work actually done in relation to Plaintiff's denied Motion to Compel, but instead reflect what we believe is a reasonable claim for fees under all relevant circumstances.

8. In support of Mr. Rowland's fee request, we are submitting redacted invoices.  V&E assisted Mr. Rowland on issues unrelated to the denied Motion to Compel.  The time

---

[1] *In re High-Tech Employee Antitrust Litigation*, No. 11-cv-02509, Docket Nos. 1073-3, 1112 at 16 (N.D. Cal. May 7, 2015).
[2] *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010).
[3] *Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-05923, 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015), *appeal dismissed* (Oct. 30, 2015).
[4] *Armstrong v. Brown*, 805 F. Supp. 2d 918, 920 (N.D. Cal. 2011).

2
DECLARATION OF WILLIAM E. LAWLER, III IN SUPPORT OF MR. ROWLAND'S MOTION FOR ATTORNEYS' FEES; Case No. 16-md-2741-VC

entries that form the basis for the fee request are shown, but entries for other work has been redacted.

9. A true and correct copy of V&E's redacted invoice for fees for services performed in this matter is attached as Exhibit 1.[5]

10. **Opposition Brief and Related Documents**. In opposing Plaintiffs' Motion to Compel, we drafted an opposition brief and related documents. Because our brief cited information designated "Confidential" by Monsanto, it was accompanied by a motion to seal, declaration in support of sealing, and proposed order.

11. The work performed included legal research, identifying relevant portions of the factual record, drafting and revising the pleadings, communicating and coordinating amongst the attorneys at V&E and the Jacobs Law Firm, and communicating with our client. Work was performed by attorneys with lower billable rates where appropriate. V&E's work is described below:

| Name | Title | Rate | Hours | Total |
|---|---|---|---|---|
| William Lawler | Partner | $830 | 6 | $4,980 |
| Jeremy Keeney | Associate | $550 | 14.8 | $8,140 |
| | | | | **$13,120** |

12. I have reviewed the fees charged in this matter and I believe they are reasonable. I note that a significant amount of work was required because Plaintiffs' counsel cited no cases or court rules in support of their Motion to Compel. As a result, we had to develop and describe all the relevant legal arguments without having the sort of legal reference points that would normally be expected. Costs would have been lower if Plaintiffs' Counsel had cited cases and court rules.

---

[5] The redacted V&E and Jacobs Law Firm PLLC invoices (Exhibits 1 and 2, respectively) are attached for the limited purpose of supporting Mr. Rowland's Motion for Fees. Aside from presenting the text of certain time entries, Mr. Rowland does not waive any applicable rights, privileges, or defenses.

3
DECLARATION OF WILLIAM E. LAWLER, III IN SUPPORT OF MR. ROWLAND'S
MOTION FOR ATTORNEYS' FEES; Case No. 16-md-2741-VC

13. **Prepare for and Attend Hearing on Motion to Compel**. I prepared for and attended by telephone a hearing on May 11, 2017 regarding the Motion to Compel. Mr. Jacobs helped me prepare for the hearing. Preparation included reviewing and analyzing Plaintiffs' Reply Brief and outlining possible legal and factual issues for the hearing. I then attended the hearing itself by telephone. My time for work related to the hearing was:

| Name | Title | Rate | Hours | Total |
|---|---|---|---|---|
| William Lawler | Partner | $830 | 8 | $6,640 |

14. I appreciate that the Court allowed me to attend the hearing by telephone in an effort to reduce costs. I have reviewed the fees charged in this matter and I believe that they are reasonable

15. **Motion for Fees and Related Documents**. Given that Plaintiffs' counsels' baseless Motion to Compel was denied, we have filed Mr. Rowland's Motion for Fees, a supporting declaration, and a proposed order to help him recoup a portion of the financial burden on him in this case.

16. The work performed included legal research, identifying relevant portions of the factual record, drafting and revising the pleadings, communicating and coordinating amongst the attorneys at V&E and the Jacobs Law Firm PLLC, and communicating with our client. Work was performed by attorneys with lower billable rates where appropriate.

17. As required by Civil Local Rule 37-4(b)(2), I had a number of email exchanges with Plaintiffs' counsel to try to resolve this fee request before bringing the motion to the Court's attention. These efforts were unsuccessful. We did, however, agree to a proposed hearing date. V&E's work related to the Motion for Fees was:

| Name | Title | Rate | Hours | Total |
|---|---|---|---|---|
| William Lawler | Partner | $830 | 3.8 | $3,154 |
| Jeremy Keeney | Associate | $550 | 5.5 | $3,025 |
|  |  |  |  | **$6,179** |

18. I have reviewed the fees charged in this matter and I believe they are reasonable.

4
DECLARATION OF WILLIAM E. LAWLER, III IN SUPPORT OF MR. ROWLAND'S
MOTION FOR ATTORNEYS' FEES; Case No. 16-md-2741-VC

19.     The total fees sought by Mr. Rowland are $45,995: $25,939 of the attorney's fees are derived from V&E's work on this matter.  The total fees sought are not necessarily the full amount of fees actually incurred on this matter.  I am willing to provide further information related to either the attorney rates or hours worked if requested by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 15, 2017.

Washington, D.C.

/s/ William E. Lawler, III

William E. Lawler, III (admitted *pro hac vice*)
VINSON & ELKINS L.L.P.
2200 Pennsylvania Ave., NW
Suite 500 West
Washington, DC  20037
Telephone:  (202) 639-6676
Facsimile:  (202) 879-8876
wlawler@velaw.com

*Counsel for Non-Party Jesudoss Rowland*