# Exhibit
# 4

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| | : | |
| JOSELIN BARRERA, et al. v. | : | C.A. NO. 15C-10-118 VLM |
| MONSANTO COMPANY; | : | |
| | : | |
| JAMES BOWMAN v. MONSANTO | : | C.A. NO. 17C-05-629 VLM |
| COMPANY; | : | |
| | : | |
| LARRY ASHWORTH v. | : | C.A. NO. 16C-02-242 VLM |
| MONSANTO COMPANY; | : | |
| | : | |
| KENNETH PANTHEN v. | : | C.A. NO. 16C-04-037 VLM |
| MONSANTO COMPANY; | : | |
| | : | |
| DANIEL KOWAL v. MONSANTO | : | C.A. NO. 16C-11-222 VLM |
| COMPANY; | : | |
| | : | |
| ALLEN GOEDERS v. MONSANTO | : | C.A. NO.  17C-03-278 VLM |
| COMPANY; | : | |
| | : | |
| BLAKE ROTTINK v. MONSANTO | : | C.A. NO. 17C-03-279 VLM |
| COMPANY; | : | |
| | : | |
| JOHN MALONE  v. MONSANTO | : | C.A. NO. 17C-04-171 VLM |
| COMPANY; | : | |
| | : | |
| JEANNE PLAGGE v. MONSANTO | : | C.A. NO. 17C-04-172 VLM |
| COMPANY; | : | |
| | : | |
| THOMAS CARR, et al. v. | : | C.A. NO. 16C-03-159 VLM |
| MONSANTO COMPANY; | : | |
| | : | |
| VERNON DAVIS, et al. v. | : | C.A. NO. 16C-11-164 VLM |
| MONSANTO COMPANY; | : | |
| | : | |
| MILDRED MATT, et al. v. | : | C.A. NO. 16C-11-276 VLM |
| MONSANTO COMPANY; | : | |
| | : | |

| | | |
|---|---|---|
| THOMAS TAYLOR v. MONSANTO COMPANY; | : : : | C.A. NO. 17C-03-1664 VLM |
| JON ORTMAN v. MONSANTO COMPANY; | : : : | C.A. NO. 17C-03-140 VLM |
| DAVID BORROWMAN v. MONSANTO COMPANY; | : : : | C.A. NO. 17C-03-264 VLM |
| JORGE GONZALEZ v. MONSANTO COMPANY; | : : : | C.A. NO. 17C-03-266 VLM |
| MIGUEL AGUILAR v. MONSANTO COMPANY; | : : : | C.A. NO. 17C-03-259 VLM |
| RICHARD AIRD v. MONSANTO COMPANY; | : : : | C.A. NO. 17C-03-261 VLM |
| THEODORE STEINHORST v. MONSANTO COMPANY; | : : : | C.A. NO. 17C-03-269 VLM |
| TAMMY MCINTOSH v. MONSANTO COMPANY; | : : : | C.A. NO. 17C-03-268 VLM |
| STEPHEN BODEN v. MONSANTO COMPANY; | : : : | C.A. NO. 17C-03-262 VLM |
| ELIZABETH DALE v. MONSANTO COMPANY; | : : : | C.A. NO. 17C-04-190 VLM |
| TERRANCE KADLEC v. MONSANTO COMPANY. | : : | C.A. NO. 17C-04-143 VLM |

**PLAINTIFFS' MOTION FOR ENTRY
OF A PROTECTIVE AND CONFIDENTIALITY ORDER**

Respectfully Submitted,

**JACOBS & CRUMPLAR, P.A.**

/s/ Raeann Warner
Raeann Warner (Bar Id. 4913)
750 Shipyard Dr.
Suite 200
Wilmington, DE 19801
(302) 656-5445

*Counsel for Plaintiffs*

Date:  June 9, 2017

Pursuant to Superior Court Civil Rule 26, Plaintiffs hereby Move that the Court enter the attached proposed protective and confidentiality order to protect certain limited categories of confidential information, which meet the rigorous good cause standard and which may be produced by any party to the above-captioned cases.   Both plaintiffs and defendants agree that a protective and confidentiality order is necessary in this case.  In fact, the plaintiffs proposed the same protective and confidentiality order that applies in the Roundup MDL, modified only to conform to Delaware procedures.  Despite Plaintiffs' attempt to meet and confer with Monsanto's counsel about the order, the parties still disagree about its contents, necessitating the instant motion.  Further, Monsanto refuses to conduct discovery in this Court until this order is entered, and with discovery closing in less than two months the parties need immediate relief.

**Background.**  On February 3, 2017, the Court entered a case management order limiting the first phase of this litigation to the issue of general causation, in accordance with the procedures already in effect in the Roundup® multidistrict litigation (MDL) before the Northern District of California, MDL 2749 ("MDL Action").   On March 2, 2017, the Court extended all discovery and pretrial deadlines 90 days from the deadlines in the MDL Action. Under the current schedule, the parties' deadline to complete general causation fact discovery is July 17, 2017.  Since the entry of these orders, the parties have been unsuccessfully

negotiating the entry of a confidentiality agreement and protective order. Delaware State Court is one of several venues poised to adjudicate Plaintiffs' complaints, which allege that Plaintiffs developed non-Hodgkin's lymphoma (NHL) as a result of exposure to Monsanto's Roundup® product.  Accordingly, Monsanto has asked all counsel of record in Delaware cases to coordinate and agree to the entry of discovery orders, including ESI protocol, privilege protocol, and confidentiality agreement and protective order.  Initially, shortly after the hearing on bifurcation, the parties agreed that all such discovery orders should follow those previously negotiated by MDL leadership and Defendants and ultimately entered in the MDL.  The parties agreed that this practice was consistent with the comments and opinions of Your Honor during the argument on bifurcation.

On May 26, 2017, counsel for the parties participated in a meet and confer phone conference following the final exchange of proposed language for the aforementioned discovery orders.  The parties agreed that the sum and substance of the ESI protocol and Privilege Order should remain the same, yet paths diverged with regard to the confidentiality agreement and protective order.  Plaintiffs' proposed version of the protective and confidentiality order remained substantially the same as the order entered in the MDL, modified only to comport with Delaware procedures.  Monsanto's version of the order, however, sought to extend

beyond the MDL negotiated agreement and Delaware State Rules.  Plaintiffs respectfully submit that the immediate entry of a protective order is necessary because the parties are under an efficient discovery schedule, and Plaintiffs are in need of certain discovery answers and document productions that cannot be completed until the Court enters all discovery orders.

**A.     Protective Order Requirements.** The entry of a protective order is governed by Superior Court Civil Rule 26(c), which authorizes the granting of a protective order "for good cause shown" in order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden of expense."[1]

**B.     The Burden of Proof – No Overbreadth.**  "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure.  The injury must be shown with specificity." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); *see National Union Fire Ins. Co. v. Stauffer Chemical Co.*, 1990 WL 104989, *2 n.1 (Del.Super.).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing." *Pansy,* 23 F.3d at 786 (internal punctuation omitted).  Stated another way, the party seeking to hide behind a veil of secrecy "bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious

---

[1] *Ramada Inns, Inc. v. Drinkhall*, 490 A.2d 593, 598 (Del. Super. 1985).

injury to" them.  *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal punctuation omitted).  "In delineating the injury to be prevented, specificity is essential."  *Id.*[2]

The Superior Court previously has comprehensively addressed the standard surrounding the granting of protective orders in rejecting an effort to impose an overarching one covering any and all discovery produced, as Monsanto seeks.  As explained by Judge Taylor, Rule 26(c) "reflects a philosophy of full disclosure" and protective orders should not be imposed absent "strong justification" and only in the "exceptional case." *See Ramada*, 490 A.2d at 598-599.  The party seeking to justify confidentiality over a particular type of information "must carry a substantial burden."  *Id.* at 598; *See* <u>Braunsteins v. Mart Assoc.</u>, 1987 Del. Super. LEXIS 1411, at *2 (Super. Ct. Nov. 25, 1987) (denying a protective order because of the lack of a "compelling reason").  The *Ramada* court also analyzed the history and purpose of Rule 26(c) and concluded that it was not intended to sanction a "general restraint" over all information produced in discovery.  *Ramada*, 490 A.2d at 599.

In the instant matter, Monsanto seeks to seal the Court's record in advance of any substantive litigation in the Delaware state cases.  During the meet and

---

[2] "The mere fact that a case has achieved notoriety which may attract attention to information is not a sufficient ground for protection." *Ramada*, 490 A.2d at 599.  Similarly, "the concern that the disclosure of discovery materials to the media *could* unduly prejudice the public is exactly the type of broad, unsubstantiated allegation of harm that does not support a shoeing of good cause." *Shingara v. Skiles*, 420 F.3d 301, 307 (3d Cir. 2005).

confer, Monsanto impressed that the MDL court's actions and comments should be adopted in the Delaware cases.  Monsanto's position is contrary to law.[3]  Instead, Delaware Superior Court Rule 26(c), as interpreted by the case law above, is the proper standard to apply to the instant case.  Further, although Monsanto has concerns over the public release of documents, Plaintiffs should not be forced to litigate behind curtains of redactions.  In any event, nearly 90% of the 900,000 plus documents that Monsanto has produced in the MDL bear confidential designations. Already Plaintiffs' counsel has been forced to file motions under seal in the MDL that attach documents produced by Monsanto due to Monsanto's disregard for proper confidentiality designations.   Monsanto's present refusal to agree to the entry of the previously negotiated protective and confidentiality order seeks to insulate this litigation from the public at large, which, under Delaware law, is an inadequate ground for protection.[4]  Allowing this to occur would offer Monsanto extraordinary protection that far exceeds the contemplation of Rule 26(c), as only a

---

[3] Monsanto's position is also contrary to the negotiated confidentiality agreement and protective order negotiated between the parties in the MDL.

[4] Additionally, "a court must always consider the public interest when deciding whether to impose a protective order." *Shingara*, 420 F.3d at 308.  As the Court of Chancery has explained, "a court, such as this one, cannot indulge the desire of private parties to be self-created 'secret-citizens' who can litigate in courts of public record behind a judicially enforced screen." *Kronenberg v. Katz*, 872 A.2d 568, 608 (Del.Ch. 2004).  The public interest weighs heavily in favor of openness herein because Monsanto's Roundup® product is marketed and used throughout the world.  Roundup® is used occupationally as well as personally by millions of individuals globally.  For years Monsanto has successfully silenced critics – both scientists and concerned groups – in its defense of glyphosate.  Now, as Monsanto is faced with growing public concern over the safety of its glyphosate products, they seek judicial relief in furtherance of their defense of Roundup® products.

small percentage of documents produced actually warrant confidential designations within the meaning of the Rule.

**C.     Conclusion.**     The Court should grant Plaintiffs' Motion for the reasons stated herein.


                                                 */s/ Raeann Warner*
                                                 Raeann Warner (#4913)
                                                 JACOBS & CRUMPLAR, P.A.
                                                 750 Shipyard Dr.
                                                 Suite 200
                                                 Wilmington, DE 19899
                                                 (302) 656-5445

                                                 *Attorneys for Plaintiffs*

Date: June 9, 2017