# Exhibit 5

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSELIN BARRERA, et al. v. MONSANTO COMPANY; | : | C.A. NO. 15C-10-118 VLM |
| JAMES BOWMAN v. MONSANTO COMPANY; | : | C.A. NO. 17C-05-629 VLM |
| LARRY ASHWORTH v. MONSANTO COMPANY; | : | C.A. NO. 16C-02-242 VLM |
| KENNETH PANTHEN v. MONSANTO COMPANY; | : | C.A. NO. 16C-04-037 VLM |
| DANIEL KOWAL v. MONSANTO COMPANY; | : | C.A. NO. 16C-11-222 VLM |
| ALLEN GOEDERS v. MONSANTO COMPANY; | : | C.A. NO. 17C-03-278 VLM |
| BLAKE ROTTINK v. MONSANTO COMPANY; | : | C.A. NO. 17C-03-279 VLM |
| JOHN MALONE v. MONSANTO COMPANY; | : | C.A. NO. 17C-04-171 VLM |
| JEANNE PLAGGE v. MONSANTO COMPANY; | : | C.A. NO. 17C-04-172 VLM |
| THOMAS CARR, et al. v. MONSANTO COMPANY; | : | C.A. NO. 16C-03-159 VLM |
| VERNON DAVIS, et al. v. MONSANTO COMPANY; | : | C.A. NO. 16C-11-164 VLM |
| MILDRED MATT, et al. v. MONSANTO COMPANY; | : | C.A. NO. 16C-11-276 VLM |

| | | |
|---|---|---|
| THOMAS TAYLOR v. MONSANTO COMPANY; | : | C.A. NO. 17C-03-1664 VLM |
| JON ORTMAN v. MONSANTO COMPANY; | : | C.A. NO. 17C-03-140 VLM |
| DAVID BORROWMAN v. MONSANTO COMPANY; | : | C.A. NO. 17C-03-264 VLM |
| JORGE GONZALEZ v. MONSANTO COMPANY; | : | C.A. NO. 17C-03-266 VLM |
| MIGUEL AGUILAR v. MONSANTO COMPANY; | : | C.A. NO. 17C-03-259 VLM |
| RICHARD AIRD v. MONSANTO COMPANY; | : | C.A. NO. 17C-03-261 VLM |
| THEODORE STEINHORST v. MONSANTO COMPANY; | : | C.A. NO. 17C-03-269 VLM |
| TAMMY MCINTOSH v. MONSANTO COMPANY; | : | C.A. NO. 17C-03-268 VLM |
| STEPHEN BODEN v. MONSANTO COMPANY; | : | C.A. NO. 17C-03-262 VLM |
| ELIZABETH DALE v. MONSANTO COMPANY; | : | C.A. NO. 17C-04-190 VLM |
| TERRANCE KADLEC v. MONSANTO COMPANY. | : | C.A. NO. 17C-04-143 VLM |

**DEFENDANT MONSANTO COMPANY'S RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE AND CONFIDENTIALITY ORDER**

Plaintiffs' motion for protective order ignores the following key facts: (1) plaintiffs waited until May 17, 2017 to propose a protective order (*see* Ex. 5), (2) plaintiffs have not identified any additional discovery needed in this litigation beyond what Monsanto has been providing in the MDL,[1] (3) plaintiffs' proposed order is not the same as the parties negotiated in the MDL or based on Delaware procedure, and (4) plaintiffs' proposed order does not incorporate the MDL court's modification of its protective order due to abuses by plaintiffs' counsel. As set forth below, Monsanto accordingly requests that the Court enter its accompanying proposed Protective and Confidentiality Order ("Proposed Order"), which modifies plaintiffs' paragraphs 16 and 18 of plaintiffs' order to track the MDL Court's revision of the protective order in that litigation based on plaintiffs' counsel's "obvious" attempt to "us[e] this litigation as a vehicle to conduct a PR campaign" and the MDL court's determination that "that is going to stop."[2] Other modifications are proposed to promote coordination with the MDL proceedings and efficiency here. *See* Super. Ct. Civ. R. 26(c).

First, Monsanto seeks – in keeping with the MDL court's orders in response

---

[1] After the Court's 2/3/17 hearing, there have been additional voluminous document productions and nine more depositions in the MDL.

[2] Tr. of Hr'g at 20:10-14, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. May 11, 2017) ("5/11/2017 Hr'g") (Ex. 1); *see also id.* at 20:25-21:10 (Judge Chhabria advising plaintiffs' counsel that he will be "scrutinizing" plaintiffs' filings "much more closely, and you need to be much more careful about what you're submitting and what you're not").

to plaintiffs' actions – to limit plaintiffs' confidentiality challenges to those "discrete instances . . . that require correction given the needs of the litigation,"[3] and only where "they can explain why the document is likely to be relevant in the litigation."[4] The MDL court issued PTO 15 after plaintiffs challenged the confidentiality designations of 199 documents totaling over 1,100 pages then refused to explain how they planned to use any of the documents in the litigation.[5] In PTO 20, the MDL court stressed that plaintiffs must adhere to the litigation relevance requirement of PTO 15 and also addressed plaintiffs' "effort to litigate their case in the media" by attaching confidential documents "to motions unnecessarily, then hoping the Court will deny requests to seal documents that shouldn't have been filed in the first place." PTO 20 at 1-2. The MDL court granted Monsanto's motions to strike and warned "that attaching hundreds of pages of irrelevant material to an administrative motion," as plaintiffs had done, is "a sanctionable abuse of the sealing process." *Id.* at 2.

Plaintiffs have demonstrated a practice of using the litigation "as a means of feeding the media documents that aren't actually relevant to the lawsuit," PTO 20

---

[3] Proposed Order ¶ 16.2 (quoting Pretrial Order No. 20, *In re Roundup Prods. Liab. Litig.* (May 1, 2017) ("PTO 20") (Ex. 2)).

[4] Proposed Order ¶ 16.3 (quoting Pretrial Order No. 15, *In re Roundup Prods. Liab. Litig.* (Mar. 13, 2017) ("PTO 15") (Ex. 3)).

[5] *See also* Tr. of Hr'g at 57:18-58:1, *In re Roundup Prods. Liab. Litig.* (Feb. 27, 2017) (MDL court telling plaintiffs that if they "don't have [an] understanding of how a document is likely to be used in litigation," they "need to leave Monsanto alone") (Ex. 4).

at 2, and then providing biased commentary. As soon as unsealed documents became available, plaintiffs' counsel took to the press, opining, for example, that "it's important that people hold Monsanto accountable when they say one thing and it's completely contradicted by very frank internal documents,"[6] and that "the court documents 'seem to show an inappropriately close relationship' between Monsanto and [a] former EPA official."[7] The MDL court reprimanded plaintiffs' counsel for "mischaracterizing the evidence."[8] As a direct result, multiple non-party individuals suffered invasion of privacy, harassment, and attacks on their professional reputations based on plaintiffs' cherry-picked records selectively released before any merits-based litigation. For example, after an online article echoing plaintiffs' spin posted entire portions of internal emails, including a former Monsanto employee's contact information, the former employee received harassing calls that forced him to change his phone number. *See* Notice of Manual Filing (containing voicemails also linked here: VM1; VM2; VM3).

---

[6] Danny Hakim, *Monsanto Weed Killer Roundup Faces New Doubts on Safety in Unsealed Documents*, New York Times (Mar. 14, 2017), https://www.nytimes.com/2017/03/14/business/monsanto-roundup-safety-lawsuit.html (quoting attorney of The Miller Firm LLC).

[7] Holly Yan, *Patients: Roundup gave us cancer as EPA official helped the company*, CNN.com (May 16, 2017), http://www.cnn.com/2017/05/15/health/roundup-herbicide-cancer-allegations/index.html (quoting same attorney).

[8] 5/11/2017 Hr'g at 11:9-10; *id.* at 11:11-16 (MDL court stating: "I've seen the Monsanto e-mails describing what [the EPA employee] said, and you're totally mischaracterizing it.").

Courts have rejected confidentiality challenges where the plaintiff's apparent purpose, like here, was to "'disparage and discredit' defendant in the media." *Crossfit, Inc. v. Nat'l Strength & Conditioning Ass'n*, No. 14-cv-01191-JLS(KSC), 2015 WL 12466532, at *7 (S.D. Cal. July 16, 2015). Even an alleged "strong public interest" does not justify the release of raw discovery to the public. *Doe v. Blue Cross Blue Shield of Md.*, 103 F. Supp. 2d 856, 857 (D. Md. 2000). Although plaintiffs will maintain the right under Monsanto's Proposed Order to file any needed documents with the Court, the vast majority of documents Monsanto will produce in discovery will never be needed for a court filing and will have "no impact whatsoever on the court's decision-making process." *O'Malley v. Vill. of Oak Brook*, No. 07 C 1679, 2008 WL 345607, at *2 (N.D. Ill. Feb. 6, 2008). Raw discovery materials "are not public components of a civil trial" and are therefore not "a traditionally public source of information." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). Thus, "while the public has a presumptive right to access discovery materials that are filed with the court, used in a judicial proceeding, or otherwise constitute 'judicial records,' the same is not true of materials produced during discovery but not filed with the court." *Bond v. Utreras*, 585 F. 3d 1061, 1073 (7th Cir. 2009).

Second, to increase efficiency and coordination across the Roundup lawsuits, confidentiality challenges should "be pursued in the MDL court if the

4

documents were also made available to plaintiffs in the MDL," Protective Order ¶ 16.3, while this Court's procedure will continue to govern whether documents qualify for sealing, *see id.* ¶ 18.  Plaintiffs' counsel should not be able to repeatedly re-litigate confidentiality issues in multiple courts; the MDL court – where plaintiffs' counsel also are participating – offers the most efficiency and consistency for any needed confidentiality challenges that are unrelated to exhibits filed with this Court.  Nor should plaintiffs "gain strategic advantages" in the MDL through this Court's efforts.  *Rembrandt Techs., L.P. v. Harris Corp.*, No. CIV.A. 07C-09-059-JRS, 2009 WL 1509103, at *1 (Del. Super. Ct. May 22, 2009).  The need for coordination is especially important in the confidentiality context, where no alternate ruling is possible once a document is released to the public.  *See Dunlavey v. Takeda Pharm. Am., Inc.*, Nos. 6:12-cv-1162, 6:12-cv-1165, 2012 WL 3715456, at *2 (W.D. La. Aug. 23, 2012) (discussing benefits of cooperation between state and federal judges in a mass tort to avoid "duplication of effort," "costs," and "inconsistent rulings").  The measures proposed here in no way prejudice plaintiffs, who will have full use of the documents in depositions, working with experts, and assessing their cases.

   Third, after Monsanto has designated documents in good faith as confidential, Monsanto's Proposed Order places the responsibility of initiating any motions practice regarding those designations on the challenging party, consistent

with every state court protective order in the Roundup® litigation to date. Proposed Order ¶ 16.3. The producing party still has the burden to "prov[e] that said material is subject to protection." *Id.* ¶ 16.3. The procedure in the MDL protective order requiring, under threat of waiver, that the producing party file a motion to retain confidentiality within a specific time period after notice of a challenge followed a Northern District of California local rule. That provision led to improper challenges and unnecessary motions that the MDL court shut down. *See* PTO 15. Plaintiffs' proposal also changes that MDL paragraph by deleting timing.

Fourth, both parties agreed on the sealing procedures outlined in Proposed Order ¶ 18, except for Monsanto's request under Rule 6(b) to extend the time to ask the Court to continue to restrict public access to a filed document from seven consecutive days (Rule 5(g)(4)) to ten court days. The MDL court found it necessary to expand the time for Monsanto to defend the confidentiality of a filed document to "10 court days." PTO 15 at 5. Determinations on sealing require time to confer with individuals within the company about the documents, and many of the documents in this litigation are complex and voluminous.[9]

For the foregoing reasons, the Court should deny plaintiffs' motion and enter Monsanto's proposed protective and confidentiality order.

---

[9] On 5/26/17, after considering Monsanto's proposed changes, plaintiffs' counsel responded by email: "As to the Protective and Confidentiality order, we do not agree to Monsanto's revisions, with the exception of Paragraph 18, which revisions we agree to make except we do not agree with deviating from the Delaware standard 7 days for designations and would oppose Monsanto's request to extend that time to 10 days."

6

| | |
|---|---|
| OF COUNSEL: | Respectfully submitted, |
| Joe G. Hollingsworth<br>Eric G. Lasker<br>HOLLINGSWORTH LLP<br>1350 I Street NW<br>Washington, DC 20005<br>202-898-5800 | /s/ Kelly E. Farnan<br>Kelly E. Farnan (#4395)<br>Katharine L. Mowery (#5629)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>302-651-7700 |
| Dated: June 16, 2017 | *Attorneys for Defendant*<br>*Monsanto Company* |