**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
           elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *William M. Prince v. Monsanto Co.*, Case No. 3:17-cv-04737-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff William M. Prince's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      The allegations in paragraph 2 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

3.      Monsanto denies the allegations in paragraph 3.

1       4.     The allegations in paragraph 4 set forth conclusions of law for which no response

2 is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

3 paragraph 4 based upon the allegations in plaintiff's complaint.

4       5.     Monsanto admits the allegations in paragraph 5.

5       6.     The allegations in paragraph 6 set forth conclusions of law for which no response

6 is required.

7       7.     The allegations in paragraph 7 set forth conclusions of law for which no response

8 is required.  To the extent that a response is deemed required, Monsanto admits that venue is

9 proper in the Eastern District of North Carolina based upon the allegations in plaintiff's

10 Complaint.

11       8.     Monsanto denies that exposure to Roundup®-branded products did or could have

12 caused plaintiff's alleged non-Hodgkin's lymphoma ("NHL").  Monsanto lacks information or

13 knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 8

14 and therefore denies those allegations.

15       9.     The allegations in paragraph 9 comprise attorney characterizations and are

16 accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff

17 have a variety of separate and distinct uses and formulations.

18       10.    Monsanto admits the allegations in paragraph 10.

19       11.    In response to the allegations in paragraph 11, Monsanto admits that it sells

20 Roundup®-branded products in North Carolina.

21       12.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22 truth of the allegations in paragraph 12 and therefore denies those allegations.

23       13.    The allegations in paragraph 13 are vague and conclusory and comprise attorney

24 characterizations and are accordingly denied.

25       14.    The allegations in paragraph 14 are vague and conclusory and comprise attorney

26 characterizations and are accordingly denied.

27       15.    Monsanto denies the allegations in paragraph 15.

28       16.    Monsanto admits that it is authorized to do business in North Carolina.  The

remaining allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     The allegations in paragraph 17 set forth conclusions of law for which no response is required.

18.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 19 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

20.     Monsanto admits the allegations in paragraph 20.

21.     Monsanto admits the allegations in paragraph 21.

22.     Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  Monsanto states that the remaining allegations in paragraph 22 are vague and ambiguous and that it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

23.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.  The remaining allegations in paragraph 23 comprise attorney characterizations and are accordingly denied.

24.     Monsanto admits the allegations in paragraph 24.

25.     Monsanto generally admits the allegations in paragraph 25, but denies the allegations in paragraph 25 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

26.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies those allegations.

27.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 27 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 27.

28.     Monsanto admits the allegations in paragraph 28.

29.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 29.

30.     The allegations in paragraph 30 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 30.

31.     In response to the allegations in paragraph 31, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 31 set forth conclusions of law for which no response is required.

32.     The allegations in paragraph 32 set forth conclusions of law for which no response is required.

33.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of North Carolina for sale and distribution.

34.     In response to the allegations in paragraph 34, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-04737-VC

1  environmental safety of their products and further admits that EPA will not register or approve

2  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

3  states that the term "the product tests" in the final sentence of paragraph 34 is vague and

4  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 34

5  set forth conclusions of law for which no answer is required.

6      35.     Monsanto denies the allegations in paragraph 35 to the extent that they suggest

7  that EPA only evaluates the safety of pesticide products on the date of their initial registration.

8  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

9  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

10  of the allegations in paragraph 35 regarding such pesticide products generally and therefore

11  denies those allegations.  The remaining allegations in paragraph 35 set forth conclusions of law

12  for which no response is required.

13      36.     In response to the allegations in paragraph 36, Monsanto admits that EPA has

14  undertaken a regulatory review of glyphosate and further admits that EPA has not released its

15  findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

16  Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

17  concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

18  humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

19  posted an October 2015 final report by its standing Cancer Assessment Review Committee

20  ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

21  to be Carcinogenic to Humans."[2]  In addition to the conclusions in the EPA OPP Report and the

22  EPA CARC Final Report, other specific findings of safety include:

23  [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic
Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in
anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
potential.

26  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the
Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

1       • "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that

2          shows evidence of non-carcinogenicity for humans—based on the lack of convincing

3          evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration*

4          *Eligibility Decision (RED) Facts*, 2 (Sept. 1993),

5          http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

6       • "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.

7          60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

8       • "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69

9          Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

10      • "There is [an] extensive database available on glyphosate, which indicate[s] that

11        glyphosate is not mutagenic, not a carcinogen, and not a developmental or

12        reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,

13        73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

14      • "EPA has concluded that glyphosate does not pose a cancer risk to humans."

15        Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be

16        codified at 40 C.F.R. pt. 180).

17      • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible

18        cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body

19        of research does not provide evidence to show that [g]lyphosate causes cancer and

20        does not warrant any change in EPA's cancer classification for [g]lyphosate."

21        *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder*

22        *Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th

23        Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of

24        Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-

25        5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk

26        Statement").

27  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

28  remaining allegations in paragraph 36 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-04737-VC

37.     In response to the allegations in paragraph 37, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 37 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

38.     In response to the allegations in paragraph 38, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 38 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

39.     Monsanto denies the allegations in paragraph 39.

40.     In response to the allegations in paragraph 40, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 40 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 40.

41.     Monsanto denies the allegations in paragraph 41.

42.     In response to the allegations in paragraph 42, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 42 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 and therefore denies those allegations.

43.     Monsanto admits the allegations in paragraph 43.

44.     In response to the allegations in paragraph 44, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 44 go beyond a restatement of the cited document, Monsanto lacks information or

1   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44

2   and therefore denies those allegations.

3     45. Monsanto states that the term "toxic" as used in paragraph 45 is vague and

4   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

5   denies the allegations in paragraph 45.

6     46. Monsanto admits the allegations in paragraph 46.

7     47. In response to the allegations in paragraph 47, Monsanto states that the document

8   speaks for itself and does not require a response.  To the extent that a response is deemed

9   required, Monsanto denies the allegations in paragraph 47.

10     48. In response to the allegations in paragraph 48, Monsanto admits that Julie Marc

11   published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

12   the extent that paragraph 48 characterizes the meaning of the cited study, Monsanto denies the

13   remaining allegations in paragraph 48.

14     49. In response to the allegations in paragraph 49, Monsanto states that these

15   documents speak for themselves and do not require a response.  To the extent that a response is

16   deemed required, Monsanto denies the allegations in paragraph 49.

17     50. In response to the allegations in paragraph 50, Monsanto states that the cited

18   document speaks for itself and does not require a response.  To the extent that paragraph 50

19   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

20   paragraph 50.

21     51. Monsanto denies the allegations in paragraph 51.

22     52. In response to the allegations in paragraph 52, Monsanto states that the cited

23   document speaks for itself and does not require a response.  To the extent that paragraph 52

24   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

25   paragraph 52.

26     53. In response to the allegations in paragraph 53, Monsanto states that the cited

27   document speaks for itself and does not require a response.  To the extent that paragraph 53

28   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

1   paragraph 53.

2      54.    Monsanto denies the allegation that the cited studies support the allegation that

3   glyphosate or Roundup®-branded products pose any risk to human health and denies the

4   remaining allegations in paragraph 54.

5      55.    Monsanto denies the allegations in paragraph 55.

6      56.    Monsanto denies the allegations in paragraph 56.

7      57.    Monsanto denies the allegations in paragraph 57.

8      58.    Monsanto denies the allegations in paragraph 58.

9      59.    Monsanto admits that it has in the past promoted, and continues to promote,

10  Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

11  Monsanto denies the remaining allegations in paragraph 59.

12     60.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

13  is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

14  lacks information or knowledge sufficient to form a belief as to the truth of the remaining

15  allegations in paragraph 60 and therefore denies those allegations.

16     61.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17  truth of the allegations in paragraph 61 and therefore denies those allegations.  Monsanto denies

18  that glyphosate met the criteria necessary to be eligible for review.

19     62.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations in paragraph 62 and therefore denies those allegations.  Monsanto denies

21  that glyphosate met the criteria necessary to be eligible for review.

22     63.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

23  carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

24  evidence was "cumulative."  The remaining allegations in paragraph 63 are vague and

25  conclusory and comprise attorney characterizations and are accordingly denied.

26     64.    Monsanto admits that the full IARC Monograph regarding glyphosate was

27  published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

28  2A carcinogen.  In response to the remaining allegations in paragraph 64, Monsanto states that

- 9 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-04737-VC

1   the document speaks for itself and does not require a response.  To the extent that a response is

2   deemed required, the remaining allegations in paragraph 64 comprise attorney characterizations

3   and are accordingly denied.

4        65.    In response to the allegations in paragraph 65, Monsanto states that the document

5   speaks for itself and does not require a response.  To the extent that a response is deemed

6   required, the allegations in paragraph 65 comprise attorney characterizations and are accordingly

7   denied.

8        66.    In response to the allegations in paragraph 66, Monsanto states that the document

9   speaks for itself and does not require a response.  To the extent that a response is deemed

10  required, the allegations in paragraph 66 comprise attorney characterizations and are accordingly

11  denied.

12       67.    Monsanto denies the allegations in paragraph 67.

13       68.    The allegations in paragraph 68 comprise attorney characterizations and are

14  accordingly denied.

15       69.    Monsanto admits the allegations in paragraph 69.

16       70.    In response to the allegations in paragraph 70, Monsanto states that the cited

17  document speaks for itself and does not require a response.  To the extent that paragraph 70

18  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

19  paragraph 70.

20       71.    In response to the allegations in paragraph 71, Monsanto admits that certain

21  studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

22  under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

23  evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

24  animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

25  paragraph 71.

26       72.    The allegations in paragraph 72 are vague and ambiguous and are accordingly

27  denied.

28       73.    In response to the allegations in paragraph 73, Monsanto states that the cited

1    document speaks for itself and does not require a response.

2        74.    In response to the allegations in paragraph 74, Monsanto states that the cited

3    document speaks for itself and does not require a response.  To the extent that paragraph 74

4    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

5    paragraph 74.

6        75.    Monsanto denies the allegations in paragraph 75.

7        76.    In response to the allegations in paragraph 76, Monsanto states that the cited

8    document speaks for itself and does not require a response.  Monsanto otherwise denies the

9    allegations in paragraph 76.

10       77.    Monsanto admits that there is no reliable evidence that Roundup®-branded

11   products are genotoxic and that regulatory authorities and independent experts agree that

12   Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

13   paragraph 77.

14       78.    Monsanto denies the allegations in paragraph 78.

15       79.    Monsanto denies the allegations in paragraph 79.

16       80.    Monsanto denies the allegations in paragraph 80.

17       81.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

18   exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 81.

19       82.    Monsanto denies the allegations in paragraph 82.

20       83.    Monsanto denies the allegations in paragraph 83.

21       84.    Monsanto admits the allegations in paragraph 84.

22       85.    Monsanto denies the allegations in paragraph 85.

23       86.    Monsanto admits the allegations in paragraph 86.

24       87.    Monsanto denies the allegations in paragraph 87.

25       88.    Monsanto denies the allegations in paragraph 88.

26       89.    Monsanto denies the allegations in paragraph 89.

27       90.    Monsanto denies the allegations in paragraph 90.

28       91.    Monsanto denies the allegations in paragraph 91.

1    92.    Monsanto denies the allegations in paragraph 92.

2    93.    Monsanto denies the allegations in paragraph 93.

3    94.    Monsanto admits that independent experts and regulatory agencies agree that

4    there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

5    products and admits that it has made statements reflecting this fact.  Monsanto denies the

6    remaining allegations in paragraph 94.

7    95.    In response to the allegations in paragraph 95, Monsanto admits that Roundup®-

8    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

9    the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

10   95.

11   96.    In response to the allegations in paragraph 96, Monsanto admits that it has stated

12   and continues to state that Roundup®-branded products are safe when used as labeled and that

13   they are non-carcinogenic and non-genotoxic.

14   97.    In response to the allegations in paragraph 97, Monsanto admits that a 1986 joint

15   report of the World Health Organization and Food and Agriculture Organization of the United

16   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

17   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

18   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

19   carcinogen.  Monsanto denies the remaining allegations in paragraph 97.

20   98.    Monsanto denies the allegations in paragraph 98.

21   99.    Monsanto denies the allegations in paragraph 99.

22   100.   Monsanto denies the allegations in paragraph 100.

23   101.   Monsanto denies the allegations in paragraph 101.

24   102.   Monsanto denies the allegations in paragraph 102.

25   103.   Monsanto denies the allegations in paragraph 103.

26   104.   Monsanto denies the allegations in paragraph 104.

27   105.   Monsanto denies the allegations in paragraph 105.

28   106.   Monsanto admits that plaintiff purports to bring an action for compensatory

1   damages but denies any liability to plaintiff.  Monsanto denies the remaining allegations in

2   paragraph 106.

3          107.    Monsanto denies the allegations in paragraph 107.

4          108.    Monsanto denies the allegations in paragraph 108.

5          109.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6   truth of the allegations in paragraph 109 and therefore denies those allegations.

7          110.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8   truth of the allegations in paragraph 110 and therefore denies those allegations.

9          111.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10  truth of the allegations in paragraph 111 and therefore denies those allegations.

11         112.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 112 and therefore denies those allegations.

13         113.    Monsanto incorporates by reference its responses to paragraphs 1 through 112 in

14  response to paragraph 113 of plaintiff's Complaint.

15         114.    In response to the allegations in paragraph 114, Monsanto denies that it has

16  concealed the alleged "true risks associated with Roundup and glyphosate."  The remaining

17  allegations in paragraph 114 set forth conclusions of law for which no response is required.

18         115.    In response to the allegations in paragraph 115, Monsanto admits that it has stated

19  and continues to state that Roundup®-branded products are safe when used as labeled and that

20  they are non-toxic and non-carcinogenic.

21         116.    In response to the allegations in paragraph 116, Monsanto states that the cited

22  document speaks for itself and does not require a response.

23         117.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

24  exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

25  117.  Monsanto states, however, that the scientific studies upon which IARC purported to base

26  its classification were all publicly available before March 2015.

27         118.    Monsanto denies that it concealed "the true character, quality and nature of

28  Roundup."  The remaining allegations of paragraph 118 set forth conclusions of law for which

1    no response is required.  To the extent that a response is deemed required, Monsanto denies all of

2    plaintiff's allegations in paragraph 118.  Monsanto states, however, that the scientific studies

3    upon which IARC purported to base its classification were all publicly available before March

4    2015.

5          119.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

6    and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

7    branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

8    which IARC purported to base its classification were all publicly available before March 2015.

9    The remaining allegations in paragraph 119 set forth conclusions of law for which no response is

10   required, consist of attorney characterizations and are accordingly denied, or comprise

11   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

12   the truth of the allegations asserted and therefore denies those allegations.

13         120.    Monsanto incorporates by reference its responses to paragraphs 1 through 119 in

14   response to paragraph 120 of plaintiff's Complaint.

15         121.    Monsanto states that the term "class of persons of which Plaintiff is a member" is

16   vague and ambiguous, and Monsanto denies the same.  The remaining allegations in paragraph

17   121 set forth conclusions of law for which no answer is required.

18         122.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 122 and therefore denies those allegations.

20         123.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 123 and therefore denies those allegations.

22         124.    Monsanto denies the allegations in paragraph 124.

23         125.    Paragraph 125 sets forth conclusions of law for which no response is required.

24         126.    Monsanto denies the allegations in paragraph 126.

25         127.    Monsanto denies the allegations in paragraph 127, including each of its subparts.

26         128.    Monsanto denies the allegations in paragraph 128.

27         129.    Monsanto denies the allegations in paragraph 129.

28         130.    Monsanto denies the allegations in paragraph 130, including each of its subparts.

1    131.    Monsanto denies the allegations in paragraph 131.

2    132.    Monsanto denies the allegations in paragraph 132.

3    133.    Monsanto denies the allegations in paragraph 133.

4    134.    Monsanto denies the allegations in paragraph 134.

5    135.    Monsanto denies the allegations in paragraph 135.

6    136.    Monsanto denies the allegations in paragraph 136.

7    137.    Monsanto denies the allegations in paragraph 137.

8    138.    Monsanto incorporates by reference its responses to paragraphs 1 through 137 in

9    response to paragraph 138 of plaintiff's Complaint.

10    139.    Monsanto admits the allegations in paragraph 139.

11    140.    Monsanto denies the allegations in paragraph 140.

12    141.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13    truth of the allegations in paragraph 141 and therefore denies those allegations.

14    142.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15    truth of the allegations in paragraph 142 and therefore denies those allegations.

16    143.    Monsanto denies the allegations in paragraph 143.

17    144.    Monsanto denies the allegations in paragraph 144.

18    145.    Monsanto denies the allegations in paragraph 145.

19    146.    Monsanto denies the allegations in paragraph 146.

20    147.    Monsanto denies the allegations in paragraph 147.  All labeling of Roundup®-

21    branded products has been and remains EPA-approved and in compliance with all federal

22    requirements under FIFRA.

23    148.    Monsanto denies the allegations in paragraph 148.

24    149.    Monsanto denies the allegations in paragraph 149.

25    150.    Monsanto denies the allegations that Roundup®-branded products are defective

26    and accordingly denies the allegations in paragraph 150.

27    151.    Monsanto denies the allegations in paragraph 151.

28    152.    Monsanto denies the allegations in paragraph 152.

1    153.    Monsanto denies the allegations in paragraph 153.

2    154.    Monsanto denies the allegations in paragraph 154.

3    155.    Monsanto denies the allegations in paragraph 155.

4    156.    Monsanto incorporates by reference its responses to paragraphs 1 through 155 in

5    response to paragraph 156 of plaintiff's Complaint.

6    157.    Monsanto admits the allegations in paragraph 157.

7    158.    Monsanto denies the allegations in the first sentence of paragraph 158.  Monsanto

8    lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the

9    second sentence of paragraph 158 and therefore denies those allegations.

10    159.    Monsanto denies the allegations in paragraph 159.

11    160.    Monsanto denies the allegations in paragraph 160.

12    161.    In response to the allegations in paragraph 161, Monsanto denies that there is any

13    risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-

14    branded products and glyphosate.  Monsanto states, however, that the scientific studies upon

15    which IARC purported to base its cancer classification for glyphosate were all publicly available

16    before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to

17    the truth of the remaining allegations in paragraph 161 and therefore denies those allegations.

18    162.    Monsanto denies the allegations in paragraph 162.

19    163.    Monsanto denies the allegations in paragraph 163.

20    164.    Monsanto denies the allegations in paragraph 164.

21    165.    Monsanto denies the allegations in paragraph 165.

22    166.    Monsanto denies the allegations in paragraph 166.

23    167.    Monsanto denies the allegations in paragraph 167.

24    168.    Monsanto incorporates by reference its responses to paragraphs 1 through 167 in

25    response to paragraph 168 of plaintiff's Complaint.

26    169.    Monsanto denies the allegations in paragraph 169.  Additionally, the allegations

27    in the last sentence set forth conclusions of law for which no response is required.

28    170.    Monsanto lacks information or knowledge sufficient to form a belief as to the

truth of the allegations in paragraph 170 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 170 set forth conclusions of law for which no response is required.

171.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 171 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore the allegations in paragraph 171.

172.     Monsanto denies the allegations in paragraph 172.

173.     Monsanto denies the allegations in paragraph 173.

174.     Monsanto denies the allegations in paragraph 174.

175.     Monsanto denies the allegations in paragraph 175.

176.     Monsanto incorporates by reference its responses to paragraphs 1 through 175 in response to paragraph 176 of the Complaint.

177.     Monsanto denies the allegations in paragraph 177.  Additionally, the allegations in the last sentence set forth conclusions of law for which no response is required

178.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 178 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 178 set forth legal conclusions for which no response is required.

179.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 179 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore the allegations in paragraph 179.

180.     Monsanto denies the allegations in paragraph 180.

181.     Monsanto denies the allegations in paragraph 181.

182.     Monsanto denies the allegations in paragraph 182.

183.     Monsanto denies the allegations in paragraph 183.

184.     Monsanto denies the allegations in paragraph 184.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

**SEPARATE AND AFFIRMATIVE DEFENSES**

1.      The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.      Plaintiff's claims are barred in whole because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

7.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

- 18 -

8.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

9.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff suffered injury or damages as alleged (no injury or damages being admitted), such injury or damage resulted from acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the North Carolina Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of punitive damages under North Carolina law and/or other applicable state laws.

20.     Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law, including N.C. Gen. Stat. §§ 1D-15, 1D-25.

21.      Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

25.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

27.     Plaintiff's strict liability claims fail because North Carolina does not recognize strict liability as a cause of action.  N.C. Gen. Stat. § 99B-1.1.

28.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

1    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2    plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

3    other relief as the Court deems equitable and just.

4    ## JURY TRIAL DEMAND

5    Monsanto demands a jury trial on all issues so triable.

6

7    DATED:  August 1, 2017                              Respectfully submitted,

8

9                                                        /s/ Joe G. Hollingsworth
                                                         Joe G. Hollingsworth (*pro hac vice*)
10                                                       (jhollingsworth@hollingsworthllp.com)
                                                         Eric G. Lasker (*pro hac vice*)
11                                                       (elasker@hollingsworthllp.com)
                                                         HOLLINGSWORTH LLP
12                                                       1350 I Street, N.W.
                                                         Washington, DC  20005
13                                                       Telephone:  (202) 898-5800
                                                         Facsimile:  (202) 682-1639
14
                                                         *Attorneys for Defendant*
15                                                       *MONSANTO COMPANY*

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-04737-VC