`HOLLINGSWORTH LLP
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Wanda Clarke, et al. v. Monsanto Co.*,<br>Case No. 3:17-cv-04824-VC | |

### <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.      The allegations in paragraph 2 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response

1    is required.

2          5.      The allegations in paragraph 5 set forth conclusions of law for which no response

3    is required.  To the extent that a response is deemed required, Monsanto admits that venue is

4    proper in the Western District of Oklahoma based upon the allegations in plaintiffs' Complaint.

5          6.      Monsanto denies that exposure to Roundup®-branded products did or could have

6    caused plaintiff's alleged diffuse large B-cell lymphoma.  Monsanto lacks information or

7    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 6

8    and therefore denies those allegations.

9          7.      Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 7 and therefore denies those allegations.

11         8.      Monsanto denies that exposure to Roundup®-branded products did or could have

12   caused plaintiff's alleged diffuse large B-Cell non-Hodgkin's Lymphoma.  Monsanto lacks

13   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

14   in paragraph 8 and therefore denies those allegations.

15         9.      In response to the allegations in paragraph 9, Monsanto admits that it is a

16   Delaware corporation with its headquarters and principal place of business in St. Louis,

17   Missouri.  Monsanto also admits that it has sold Roundup®-branded products in the State of

18   Oklahoma.  The remaining allegations in paragraph 9 are vague and conclusory and comprise

19   attorney characterizations and are accordingly denied.

20         10.     The allegations in paragraph 10 comprise attorney characterizations and are

21   accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs

22   have a variety of separate and distinct uses and formulations.

23         11.     Monsanto admits that it has designed, researched, manufactured, tested,

24   advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The

25   remaining allegations in paragraph 11 set forth conclusions of law for which no response is

26   required.

27         12.     Monsanto admits that it is an agricultural biotechnology corporation with a

28   principal place of business in St. Louis, Missouri.  Monsanto admits that it and its affiliated

1    companies have operations and offices in countries around the world.  Monsanto states that the

2    remaining allegations in paragraph 12 are vague and that it accordingly lacks information or

3    knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

4    denies those allegations.

5        13.    Monsanto admits the allegations in paragraph 13.

6        14.    Monsanto admits the allegations in paragraph 14.

7        15.    Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants

8    and weeds.  Monsanto states that the remaining allegations in paragraph 15 are vague and

9    ambiguous and that it lacks information or knowledge sufficient to form a belief as to the truth of

10   the remaining allegations and therefore denies those allegations.

11       16.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

12   The remaining allegations in paragraph 16 comprise attorney characterizations and are

13   accordingly denied.

14       17.    Monsanto admits the allegations in paragraph 17.

15       18.    Monsanto generally admits the allegations in paragraph 18, but denies the

16   allegations in paragraph 18 to the extent that they suggest that glyphosate is present in any plants

17   at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

18   the United States Environmental Protection Agency ("EPA").

19       19.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 19 and therefore denies those allegations.

21       20.    Monsanto admits that it is the leading producer of seeds that contain the Roundup

22   Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

23   farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

24   belief as to the accuracy of the specific numbers and statistics provided in the remaining

25   sentences of paragraph 20 and therefore denies those allegations.  Monsanto denies the

26   remaining allegations in paragraph 20.

27       21.    Monsanto admits the allegations in paragraph 21.

28       22.    Monsanto admits that Roundup®-branded products have been used by farmers for

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04824-VC

1    approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

2    properties and denies the remaining allegations in paragraph 22.

3           23.     The allegations in paragraph 23 set forth conclusions of law for which no

4    response is required.  To the extent that a response is deemed required, Monsanto admits the

5    allegations in paragraph 23.

6           24.     In response to the allegations in paragraph 24, Monsanto admits that EPA requires

7    registrants of herbicides to submit extensive data in support of the human health and

8    environmental safety of their products and further admits that EPA will not register or approve

9    the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

10   Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 24 set forth

11   conclusions of law for which no response is required.

12          25.     The allegations in paragraph 25 set forth conclusions of law for which no

13   response is required.

14          26.     Monsanto admits that Roundup®-branded products are registered by EPA for

15   manufacture, sale and distribution and are registered by the State of Oklahoma for sale and

16   distribution.

17          27.     In response to the allegations in paragraph 27, Monsanto admits that EPA requires

18   registrants of herbicides to submit extensive data in support of the human health and

19   environmental safety of their products and further admits that EPA will not register or approve

20   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

21   states that the term "the product tests" in the final sentence of paragraph 27 is vague and

22   ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 27

23   set forth conclusions of law for which no answer is required.

24          28.     Monsanto denies the allegations in paragraph 28 to the extent that they suggest

25   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

26   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

27   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

28   of the allegations in paragraph 28 regarding such pesticide products generally and therefore

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04824-VC

1  denies those allegations.  The remaining allegations in paragraph 28 set forth conclusions of law

2  for which no response is required.

3       29.  In response to the allegations in paragraph 29, Monsanto admits that EPA has

4  undertaken a regulatory review of glyphosate and further admits that EPA has not released its

5  findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

6  Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

7  concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

8  humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

9  posted an October 2015 final report by its standing Cancer Assessment Review Committee

10  ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

11  to be Carcinogenic to Humans."[2]  In addition to the conclusions in the EPA OPP Report and the

12  EPA CARC Final Report, other specific findings of safety include:

13  - "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that

14      shows evidence of non-carcinogenicity for humans—based on the lack of convincing

15      evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration*

16      *Eligibility Decision (RED) Facts*, 2 (Sept. 1993),

17      http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

18  - "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.

19      60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

20  - "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69

21      Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

22  - "There is [an] extensive database available on glyphosate, which indicate[s] that

23
24  [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in
25  anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

26  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
27  *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

1    glyphosate is not mutagenic, not a carcinogen, and not a developmental or

2    reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,

3    73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

4    • "EPA has concluded that glyphosate does not pose a cancer risk to humans."

5    Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be

6    codified at 40 C.F.R. pt. 180).

7    • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible

8    cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body

9    of research does not provide evidence to show that [g]lyphosate causes cancer and

10    does not warrant any change in EPA's cancer classification for [g]lyphosate."

11    *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder*

12    *Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th

13    Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of

14    Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-

15    5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk

16    Statement").

17    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

18    remaining allegations in paragraph 29 and therefore denies those allegations.

19        30.    In response to the allegations in paragraph 30, Monsanto admits that the New

20    York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

21    advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

22    admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

23    General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

24    the subparts purport to quote a document, the document speaks for itself and thus does not

25    require any further answer.  The remaining allegations in paragraph 30 are vague and conclusory

26    and comprise attorney characterizations and are accordingly denied.

27        31.    In response to the allegations in paragraph 31, Monsanto admits it entered into an

28    assurance of discontinuance with the New York Attorney General.  The assurance speaks for

- 6 -

itself and thus does not require any further answer.  The remaining allegations in paragraph 31 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

32.     Monsanto denies the allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 33 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 33.

34.     Monsanto denies the allegations in paragraph 34.

35.     In response to the allegations in paragraph 35, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 35 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore denies those allegations.

36.     Monsanto admits the allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 37 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies those allegations.

38.     Monsanto states that the term "toxic" as used in paragraph 38 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 38.

39.     Monsanto admits the allegations in paragraph 39.

40.     In response to the allegations in paragraph 40, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto admits that Julie Marc

1    published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

2    the extent that paragraph 41 characterizes the meaning of the cited study, Monsanto denies the

3    remaining allegations in paragraph 41.

4        42.    In response to the allegations in paragraph 42, Monsanto states that these

5    documents speak for themselves and do not require a response.  To the extent that a response is

6    deemed required, Monsanto denies the allegations in paragraph 42.

7        43.    In response to the allegations in paragraph 43, Monsanto states that the cited

8    document speaks for itself and does not require a response.  To the extent that paragraph 43

9    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

10   paragraph 43.

11       44.    Monsanto denies the allegations in paragraph 44.

12       45.    In response to the allegations in paragraph 45, Monsanto states that the cited

13   document speaks for itself and does not require a response.  To the extent that paragraph 45

14   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

15   paragraph 45.

16       46.    In response to the allegations in paragraph 46, Monsanto states that the cited

17   document speaks for itself and does not require a response.  To the extent that paragraph 46

18   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

19   paragraph 46.

20       47.    In response to the allegations in paragraph 47, Monsanto states that the cited

21   document speaks for itself and does not require a response.  To the extent that paragraph 47

22   characterizes the meaning of the cited study, Monsanto denies the allegations in paragraph 47.

23       48.    Monsanto denies the allegation that the cited studies support the allegation that

24   glyphosate or Roundup®-branded products pose any risk to human health and denies the

25   remaining allegations in paragraph 48.

26       49.    Monsanto denies the allegations in paragraph 49.

27       50.    Monsanto denies the allegations in paragraph 50.

28       51.    Monsanto denies the allegations in paragraph 51.

52.     Monsanto denies the allegations in paragraph 52.

53.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 53.

54.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 and therefore denies those allegations.

55.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

56.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

57.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 57 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

58.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 58, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 58 comprise attorney characterizations and are accordingly denied.

59.     In response to the allegations in paragraph 59, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 59 comprise attorney characterizations and are accordingly denied.

- 9 -

60.     In response to the allegations in paragraph 60, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 60 comprise attorney characterizations and are accordingly denied.

61.     Monsanto denies the allegations in paragraph 61.

62.     The allegations in paragraph 62 comprise attorney characterizations and are accordingly denied.

63.     Monsanto admits the allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 64 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 65.

66.     The allegations in paragraph 66 are vague and ambiguous and are accordingly denied.

67.     In response to the allegations in paragraph 67, Monsanto states that the cited document speaks for itself and does not require a response.

68.     In response to the allegations in paragraph 68, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 68 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 68.

69.     Monsanto denies the allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto states that the cited

- 10 -

1    document speaks for itself and does not require a response.  Monsanto otherwise denies the

2    allegations in paragraph 70.

3         71.    Monsanto admits that there is no reliable evidence that Roundup®-branded

4    products are genotoxic and that regulatory authorities and independent experts agree that

5    Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

6    paragraph 71.

7         72.    Monsanto denies the allegations in paragraph 72.

8         73.    Monsanto denies the allegations in paragraph 73.

9         74.    Monsanto denies the allegations in paragraph 74.

10        75.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

11   exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 75.

12        76.    Monsanto denies the allegations in paragraph 77.

13        77.    Monsanto denies the allegations in paragraph 77.

14        78.    Monsanto admits the allegations in paragraph 78.

15        79.    Monsanto denies the allegations in paragraph 79.

16        80.    Monsanto admits the allegations in paragraph 80.

17        81.    Monsanto denies the allegations in paragraph 81.

18        82.    Monsanto denies the allegations in paragraph 82.

19        83.    Monsanto denies the allegations in paragraph 83.

20        84.    Monsanto denies the allegations in paragraph 84.

21        85.    Monsanto denies the allegations in paragraph 85.

22        86.    Monsanto denies the allegations in paragraph 86.

23        87.    Monsanto denies the allegations in paragraph 87.

24        88.    Monsanto admits that independent experts and regulatory agencies agree that

25   there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

26   products and admits that it has made statements reflecting this fact.  Monsanto denies the

27   remaining allegations in paragraph 88.

28        89.    In response to the allegations in paragraph 89, Monsanto admits that it has stated

1   and continues to state that Roundup®-branded products are safe when used as labeled and that

2   they are non-carcinogenic and non-genotoxic.

3       90.     In response to the allegations in paragraph 90, Monsanto admits that an EPA

4   review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

5   denies the remaining allegations in paragraph 90.

6       91.     In response to the allegations in paragraph 91, Monsanto admits that EPA

7   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

8   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto denies the

9   remaining allegations in paragraph 91.

10      92.     In response to the allegations in paragraph 92, Monsanto admits that plaintiffs

11  have accurately quoted from one passage in an EPA document in 1991 with respect to the

12  designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

13  does not pose any cancer risk to humans.  Monsanto denies the remaining allegations in

14  paragraph 92.

15      93.     In response to the allegations in paragraph 93, Monsanto admits that it — along

16  with a large number of other companies and governmental agencies — was defrauded by two

17  chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

18  testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

19  toxicity tests on glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

20  glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

21  studies.  To the extent that the allegations in paragraph 93 are intended to suggest that Monsanto

22  was anything other than a victim of this fraud, such allegations are denied.

23      94.     In response to the allegations in paragraph 94, Monsanto admits that IBT

24  Laboratories was hired to conduct toxicity studies in connection with the registration of a

25  Roundup® -branded product.  Monsanto denies that EPA's regulatory approval of such product is

26  based upon any fraudulent or false IBT studies.

27      95.     Monsanto denies the allegations in paragraph 95 to the extent they suggest that

28  EPA performed an inspection of IBT Laboratories solely or specifically in connection with

- 12 -

1    studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

2    Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

3    connection with services provided to a broad number of private and governmental entities and

4    that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

5    one of several pesticide manufacturers who had used IBT test results.  The audit found some

6    toxicology studies conducted with the original Roundup® -branded herbicide to be invalid.  As a

7    result, Monsanto repeated all required studies in accordance with applicable EPA testing

8    guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based

9    herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph

10   95 are intended to suggest that Monsanto was anything other than a victim of this fraud,

11   Monsanto denies those allegations.

12         96.     In response to the allegations in paragraph 96, Monsanto admits that three IBT

13   employees were convicted of the charge of fraud, but Monsanto denies that any of the

14   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

15   herbicides.

16         97.     In response to the allegations in paragraph 97, Monsanto admits that it — along

17   with numerous other private companies — hired Craven Laboratories as an independent

18   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

19   denies the remaining allegations in paragraph 97.

20         98.     In response to the allegations in paragraph 98, Monsanto admits that EPA

21   investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

22   paragraph 98 are intended to suggest that Monsanto was anything other than a victim of this

23   fraud, Monsanto denies those allegations.

24         99.     In response to the allegations in paragraph 99, Monsanto admits that it was

25   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

26   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 99

27   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

28   denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04824-VC

1     100.    In response to the allegations in paragraph 100, Monsanto admits that it has stated

2 and continues to state that Roundup® -branded products are safe when used as labeled and that

3 they are non-carcinogenic and non-genotoxic.

4     101.    In response to the allegations in paragraph 101, Monsanto admits that a 1986 joint

5 report of the World Health Organization and Food and Agriculture Organization of the United

6 Nations is cited in support of the safety of glyphosate and Roundup® -branded products, and

7 denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the

8 remaining allegations in paragraph 101.

9     102.    Monsanto denies the allegations in paragraph 102.

10     103.    Monsanto denies the allegations in paragraph 103.

11     104.    Monsanto denies the allegations in paragraph 104.

12     105.    Monsanto denies the allegations in paragraph 105.

13     106.    Monsanto denies the allegations in paragraph 106.

14     107.    Monsanto denies the allegations in paragraph 107.

15     108.    Monsanto denies the allegations in paragraph 108.

16     109.    Monsanto denies the allegations in paragraph 109.

17     110.    Monsanto admits that plaintiffs purport to bring an action for compensatory

18 damages but denies any liability to plaintiffs.  Monsanto denies the remaining allegations in

19 paragraph 110.

20     111.    Monsanto denies the allegations in paragraph 111.

21     112.    Monsanto denies the allegations in paragraph 112.

22     113.    Monsanto incorporates by reference its responses to paragraphs 1 through 112 in

23 response to paragraph 113 of plaintiffs' Complaint.

24     114.    In response to the allegations in paragraph 114, Monsanto denies that it has

25 concealed the alleged "true risks associated with Roundup and glyphosate."  The remaining

26 allegations in paragraph 114 set forth conclusions of law for which no response is required.

27     115.    In response to the allegations in paragraph 115, Monsanto admits that it has stated

28 and continues to state that Roundup® -branded products are safe when used as labeled and that

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04824-VC

1    they are non-toxic and non-carcinogenic.

2         116.    In response to the allegations in paragraph 116, Monsanto states that no document

3    is cited but that the citation speaks for itself and does not require a response.

4         117.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

5    exposed plaintiffs to risk of their alleged cancer and denies the remaining allegations in

6    paragraph 117.  Monsanto states, however, that the scientific studies upon which IARC

7    purported to base its classification were all publicly available before March 2015.

8         118.    Monsanto denies that it concealed "the true character, quality and nature of

9    Roundup."  The remaining allegations of paragraph 118 set forth conclusions of law for which

10   no response is required.  To the extent that a response is deemed required, Monsanto denies all of

11   plaintiffs' allegations in paragraph 118.  Monsanto states, however, that the scientific studies

12   upon which IARC purported to base its classification were all publicly available before March

13   2015.

14        119.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

15   and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

16   branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

17   which IARC purported to base its classification were all publicly available before March 2015.

18   The remaining allegations in paragraph 119 set forth conclusions of law for which no response is

19   required, consist of attorney characterizations and are accordingly denied, or comprise

20   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

21   the truth of the allegations asserted and therefore denies those allegations.

22        120.    Monsanto incorporates by reference its responses to paragraphs 1 through 119 in

23   response to paragraph 120 of plaintiffs' Complaint.

24        121.    Paragraph 121 sets forth conclusions of law for which no response is required.

25        122.    Monsanto denies the allegations in paragraph 122.

26        123.    Monsanto denies the allegations in paragraph 123, including each of its subparts.

27        124.    Monsanto denies the allegations in paragraph 124.

28        125.    Monsanto denies the allegations in paragraph 125.

1    126.    Monsanto denies the allegations in paragraph 126, including each of its subparts.

2    127.    Monsanto denies the allegations in paragraph 127.

3    128.    Monsanto denies the allegations in paragraph 128.

4    129.    Monsanto denies the allegations in paragraph 129.

5    130.    Monsanto denies the allegations in paragraph 130.

6    In response to the "WHEREFORE" paragraph following paragraph 130, Monsanto demands that

7    judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed,

8    with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as

9    allowed by law and such further and additional relief as this Court may deem just and proper.

10    131.    Monsanto incorporates by reference its responses to paragraphs 1 through 130 in

11    response to paragraph 131 of plaintiffs' Complaint.

12    132.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13    truth of the allegations in paragraph 132 and therefore denies those allegations.

14    133.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15    truth of the allegations in paragraph 133 and therefore denies those allegations.

16    134.    Monsanto denies the allegations in paragraph 134.

17    135.    Monsanto denies the allegations in paragraph 135.

18    136.    Monsanto denies the allegations in paragraph 136.

19    137.    Monsanto denies the allegations in paragraph 137, including each of its subparts.

20    138.    Monsanto denies the allegations in paragraph 138.

21    139.    Monsanto denies that Roundup® -branded products have "dangerous

22    characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

23    truth of the remaining allegations in paragraph 139 and therefore denies those allegations.

24    140.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25    truth of the allegations in paragraph 140 and therefore denies those allegations.

26    141.    Monsanto denies the allegations in paragraph 141.

27    142.    Paragraph 142 sets forth conclusions of law for which no response is required.

28    143.    Monsanto denies the allegations in paragraph 143.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04824-VC

144. Monsanto denies the allegations in paragraph 144.

145. Monsanto denies the allegations in paragraph 145.

146. Monsanto denies the allegations in paragraph 146.

147. Monsanto denies the allegations in paragraph 147.

148. Monsanto denies the allegations in paragraph 148.

149. Monsanto denies the allegations in paragraph 149.

150. Monsanto denies the allegations in paragraph 150.

151. Monsanto denies the allegations in paragraph 151.

152. Monsanto denies the allegations in paragraph 152.

In response to the "WHEREFORE" paragraph following paragraph 152, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

153. Monsanto incorporates by reference its responses to paragraphs 1 through 152 in response to paragraph 153 of plaintiffs' Complaint.

154. Monsanto admits the allegations in paragraph 152.

155. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 155 and therefore denies those allegations.

156. Monsanto denies the allegations in paragraph 156. All labeling of Roundup® branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

157. Monsanto denies the allegations in paragraph 157.

158. Monsanto denies the allegations in paragraph 158. All labeling of Roundup® -branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

159. Monsanto denies the allegations in paragraph 159. All labeling of Roundup® -branded products has been and remains EPA-approved and in compliance with all federal

1    requirements under FIFRA and with Oklahoma law.

2         160.    Monsanto denies the allegations in paragraph 160.

3         161.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations regarding plaintiffs' use history in paragraph 161 and therefore denies

5    those allegations.  Monsanto denies the remaining allegations in paragraph 161.

6         162.    Paragraph 162 sets forth conclusions of law for which no response is required.

7         163.    Monsanto denies the allegations in paragraph 163.

8         164.    Monsanto denies the allegations in paragraph 164.

9         165.    Monsanto denies the allegations in paragraph 165.

10        166.    Monsanto denies the allegations that Roundup$^{®}$ -branded products are defective

11   and accordingly denies the allegations in paragraph 166.

12        167.    Paragraph 167 sets forth conclusions of law for which no response is required.

13        168.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in paragraph 168 and therefore denies those allegations.

15        169.    Monsanto denies the allegations in paragraph 169.

16        170.    Monsanto denies the allegations in paragraph 170.

17        171.    Monsanto denies the allegations in paragraph 171.

18        172.    Monsanto denies the allegations in paragraph 172.

19        173.    Monsanto denies the allegations in paragraph 173.

20        In response to the "WHEREFORE" paragraph following paragraph 173, Monsanto

21   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

22   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

23   fees as allowed by law and such further and additional relief as this Court may deem just and

24   proper.

25        174.    Monsanto incorporates by reference its responses to paragraphs 1 through 173 in

26   response to paragraph 174 of the Complaint.

27        175.    Monsanto denies the allegations in paragraph 175.  Additionally, the allegations

28   in the last sentence set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04824-VC

1    176.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2   truth of the allegations in paragraph 176 concerning the plaintiffs' claimed use of Roundup®-

3   branded products and therefore denies those allegations.  The remaining allegations in paragraph

4   176 set forth legal conclusions for which no response is required.

5    177.    The allegations in paragraph 177 set forth conclusions of law for which no

6   response is required.

7    178.    Monsanto denies the allegations in paragraph 178.

8    179.    Monsanto denies the allegations in paragraph 179.

9    180.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10  truth of the allegations in paragraph 180 concerning the condition of any Roundup® -branded

11  product allegedly used by plaintiffs or about plaintiffs' alleged uses of such product and

12  therefore denies the allegations in paragraph 180.

13    181.    Monsanto denies the allegations in paragraph 181.

14    182.    Monsanto denies the allegations in paragraph 182.

15    183.    Monsanto denies the allegations in paragraph 183.

16    In response to the "WHEREFORE" paragraph following paragraph 183, Monsanto

17  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

18  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

19  fees as allowed by law and such further and additional relief as this Court may deem just and

20  proper.

21    184.    Monsanto incorporates by reference its responses to paragraphs 1 through 183 in

22  response to paragraph 184 of the Complaint.  .

23    185.    Monsanto denies the allegations in paragraph 185.

24    186.    Monsanto denies the allegations in paragraph 186.

25    187.    Monsanto denies the allegations in paragraph 187.

26    188.    Monsanto denies the allegations in paragraph 188.

27    189.    Monsanto denies the allegations in paragraph 189.

28    190.    Monsanto denies the allegations in paragraph 190.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04824-VC

1    191.    Monsanto denies the allegations in paragraph 191.

2    192.    Monsanto denies the allegations in paragraph 192.

3    193.    Monsanto denies the allegations in paragraph 193.

4    194.    Monsanto denies the allegations in paragraph 194.

5    In response to the "WHEREFORE" paragraph following paragraph 194, Monsanto

6  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

7  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

8  fees as allowed by law and such further and additional relief as this Court may deem just and

9  proper.

10    195.    Monsanto incorporates by reference its responses to paragraphs 1 through 194 in

11  response to paragraph 195 of the Complaint.

12    196.    Paragraph 196 sets forth conclusions of law for which no response is required.  In

13  addition, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

14  the allegations in paragraph 196 regarding the martial status of plaintiffs and accordingly denies

15  those allegations. .

16    197.    Monsanto denies the allegations in paragraph 197.

17    In response to the "WHEREFORE" paragraph following paragraph 197, Monsanto

18  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

19  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

20  fees as allowed by law and such further and additional relief as this Court may deem just and

21  proper.

22    In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

23  denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

24  damages, interest, costs, or any other relief whatsoever.

25    Every allegation in the Complaint that is not specifically and expressly admitted in this

26  Answer is hereby specifically and expressly denied.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04824-VC

## SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.      Plaintiffs' claims are barred in whole because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

7.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

8.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

9.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injury or damages as alleged (no injury or damages being admitted), such injury or damage resulted from acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiffs' claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Oklahoma Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims for punitive damages are barred because plaintiffs have failed to

1   allege conduct warranting imposition of punitive damages under Oklahoma law and/or other

2   applicable state laws.

3        20.    Plaintiffs' claims for punitive damages are barred and/or limited by operation of

4   state and/or federal law.

5        21.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own

6   contributory/comparative negligence.

7        22.    Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to

8   mitigate damages.

9        23.    Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

10       24.    Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs

11   receive from collateral sources.

12       25.    If plaintiffs have been injured or damaged, no injury or damages being admitted,

13   such injuries were not caused by a Monsanto product.

14       26.    Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws

15   of states that do not govern plaintiff's claims.

16       27.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

17   may become available or apparent during the course of discovery and thus reserves its right to

18   amend this Answer to assert such defenses.

19       **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

20   plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

21   such other relief as the Court deems equitable and just.

22                        **JURY TRIAL DEMAND**

23        Monsanto demands a jury trial on all issues so triable.

24

25

26

27

28

DATED:  August 29, 2017                                    Respectfully submitted,


                                                           /s/ Joe G. Hollingsworth
                                                           Joe G. Hollingsworth (*pro hac vice*)
                                                           (jhollingsworth@hollingsworthllp.com)
                                                           Eric G. Lasker (*pro hac vice*)
                                                           (elasker@hollingsworthllp.com)
                                                           HOLLINGSWORTH LLP
                                                           1350 I Street, N.W.
                                                           Washington, DC  20005
                                                           Telephone:  (202) 898-5800
                                                           Facsimile:  (202) 682-1639

                                                           *Attorneys for Defendant*
                                                           *MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04824-VC