Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

Attorneys for Defendant,
MONSANTO COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:  ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 16-md-02741-VC<br><br>MDL No. 2741<br><br>**MONSANTO COMPANY'S RESPONSE TO R. BRENT WISNER'S AND BAUM HEDLUND'S POST-HEARING SUPPLEMENTAL BRIEF** |

Mr. R. Brent Wisner and Baum Hedlund's (collectively "Baum Hedlund") Post-Hearing Supplemental Brief (1) re-argues the underlying briefs in response to the Show Cause Order, seeking to re-frame the issue, (2) asks the Court to expunge the public record regarding its misconduct and leaving only plaintiffs' briefing, which is replete with unsubstantiated accusations against Monsanto and its counsel, and (3) offers a "conditional withdrawal" from the Executive Committee only *after* the *Daubert* hearing, which does not satisfy the Court's concern that led to the Show Cause Order in the first place: While acting as the agent of the Executive Committee, Baum Hedlund dealt in bad faith with Monsanto's counsel and disregarded this Court's role in resolving live disputes between the parties.

The Court should reject Baum Hedlund's post-hearing brief, refuse Baum Hedlund's request to strike documents 416, 435, 457, and 442 in this case, reconstitute the

Executive Committee, and order sanctions necessary to deter further misconduct and preserve the Court's ability to manage this litigation, as Monsanto requested in its initial motion and as the Court suggested in its Show Cause Order.

### 1. Baum Hedlund's Brief Re-Argues Its Previous Briefing and Seeks to Re-Frame the Principal Issue that Led to the Show Cause Order.

Baum Hedlund's brief adds nothing to the record that isn't already in its previous filings (ECF Nos. 430, 452) and its arguments at the August 24, 2017 hearing before the Court.[1]  The brief simply and inappropriately seeks to re-frame the underling dispute and to put Baum Hedlund's bad faith and misconduct aside.  This is so despite the Court having framed Baum Hedlund's bad faith three separate times: at the telephonic conference [Hearing Transcript at 4-5 (Aug. 9, 2017) ("8/9/17 Hr'g Tr.")]; in the Show Cause Order [Pretrial Order No. 28: Order to Show Cause; Order re De-Designation at 1 (Aug. 9, 2017), ("PTO 28"), ECF No. 442]; and at the August 24, 2017 hearing [Hearing Transcript at 5, 9, 56, 59 (Aug. 24, 2017) ("8/24/17 Hr'g Tr.")].

The principal issue in this matter was, has been, and is the course of conduct of the Executive Committee, acting through Baum Hedlund and with the Committee's knowledge,[2] in (1) misleading Monsanto's counsel into believing that the dispute between the parties would be presented to and resolved by the Court – as it should have been – or abandoned by plaintiffs; and (2) then unilaterally releasing documents to the press and public despite explicit knowledge that Monsanto did not intend to withdraw its confidentiality positions.  This Court already has found that these actions, at an absolute minimum, constitute misconduct.  *See* 8/24/17 Hr'g Tr. at 38-39 ("[I]t seems to me that at an absolute minimum there was misconduct"; "And at a minimum, that's misconduct . . .

---

[1] Its one addition is its attempted re-direct via *ad hominem* attacks on Monsanto and its counsel.

[2] The briefing and declarations in response to the Show Cause Order was revelatory: Two of the four members of the Executive Committee disclaimed knowledge that Mr. Wisner was going to release the documents, despite what appears to be communication from Mr. Wisner on that very matter; the other member, with an apparent understanding of Mr. Wisner's intention to release the documents, claims only that she did not direct him to do so.

whether you describe it has [sic] bad faith or . . . extreme overzealousness and disregard for . . . - -neglect to properly consider someone's obligations to the Court and to opposing counsel."). Baum Hedlund's latest brief again dodges the only issue.

Instead, Baum Hedlund once again seeks to distract attention away from its misconduct through *ad hominem* attacks on Monsanto and unfounded allegations of "ghostwriting". Unlike plaintiffs, Monsanto looks forward to completing and setting the record straight on this issue, as plaintiffs' claims of "ghostwriting" focus on three review articles (not underlying scientific studies), one of which is identified specifically as having a Monsanto co-author (the second-named author, in fact) and the other of which expressly acknowledge Monsanto's assistance or sponsorship. Such publicly disclosed involvement by Monsanto is inconsistent with "ghostwriting," under any definition of that term. But Plaintiffs' unfounded accusations are irrelevant to the issue before the Court, which is plaintiffs' counsel's clear misconduct by publicly releasing documents that it knew were the subject of a live dispute between the parties that needed to be raised before the Court. Baum Hedlund's continued refusal to acknowledge this fact and continued desperate effort to focus attention elsewhere demonstrates the need for sanctions.

### 2. Baum Hedlund's "Conditional Withdrawal Offer" Should Be Rejected.

The Court should reject Baum Hedlund's "offer" to withdraw only after the close of the General Causation Phase because the phases of the case have nothing to do with the central issue that led to the Show Cause Order in the first place. As the Court explained at the August 24 hearing, Mr. Wisner acted on behalf of the Executive Committee not as a litigator but as a PR man: "[i]t was [Mr. Wisner's] obligation to get the dispute resolved before going ahead and releasing the documents; but the problem is that he was not focused on being a lawyer" and he was instead "focused on being a PR man."[3] A partial withdrawal from the Executive Committee made on Baum Hedlund's terms,[4] which

---

[3] 8/24/17 Hr'g Tr. at 13.

[4] Contrary to the Supplemental Brief, removal of Baum Hedlund does not preclude Mr. Wisner or other members of his Firm from preparing drafts of briefs or continuing to assist whatever

allows the Firm to continue to participate in the plaintiffs' management of the litigation through the centrally important *Daubert* proceedings, will not accomplish what the Court properly requires: an Executive Committee with members the Court can expect will fulfill their obligations fully and fairly.

### 3. Baum Hedlund Improperly Seeks to Expunge the Public Record, Except for Its Briefs.

So determined to re-frame the issue away from its bad faith and misconduct in dealing with the Court and Monsanto's counsel, Baum Hedlund asks the Court to strike the prior filings relating to its misconduct, leaving only its own spin and unfettered accusations against Monsanto. R. Brent Wisner's & Baum Hedlund's Post-Hearing Supplemental Brief at 5 (Aug. 28, 2017), ECF No. 474.[5]  Baum Hedlund's proposal would concoct a record that reflects its contorted position only – indeed it seeks to strike the Court's Show Cause Order, but not its current brief, and none of its own earlier related papers. The request, absurd on its face, should be denied.

### 4. The Court Has Complete Discretion in Its Management of this MDL to Award Sanctions and Reconstitute the Executive Committee.

As the Court noted at the August 24, 2017 hearing, it has complete discretion to manage the MDL. 8/24/17 Hr'g Tr. at 39. Indeed, this is the exact issue now before the Court, i.e., how will the MDL operate going forward. The prior briefings collectively – both plaintiffs' and Monsanto's – and two conferences with the Court (one telephonic and one in-person) lead to but one conclusion: sanctions are appropriate. Baum Hedlund's

---

plaintiffs' leadership remains after the Court's Orders. *See* Pretrial Order No. 4: Plaintiffs' Leadership Structure at 1-2 (Dec. 7, 2016), ECF No. 62 (Plaintiffs' "co-lead counsel have the authority and the duty to . . . [r]etain the services of any attorney not part of the Executive Committee to perform any common benefit work, provided the attorney so consents and is bound by the compensation structure established in this MDL").

[5] Baum Hedlund seeks to strike Monsanto's filings and this Court's Show Cause Order, but none of their filings: Monsanto Co.'s Application for Emergency Relief (Aug. 2, 2017), ECF No. 416; Monsanto Co.'s Reply in Support of Application for Emergency Relief (Aug. 7, 2017), ECF No. 435; PTO 28, ECF No. 442; Monsanto Co.'s Response to Plaintiffs' Counsel's Responses to Order to Show Cause (Aug. 17, 2017), EFC No. 457.

latest attempt to re-direct and re-frame the issue and its attempt to re-write the history of this matter should be rejected.  Monsanto's initial motion should be granted in full.

## Conclusion

For all the above reasons, Baum Hedlund's conditional proposal should be rejected and the Court should instead issue an order granting the relief requested in Monsanto's original motion, its Application for Emergency Relief (ECF No. 416).

DATED: August 29, 2017

                Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant,*
*MONSANTO COMPANY*