William E. Lawler, III (admitted *pro hac vice*)
VINSON & ELKINS L.L.P.
2200 Pennsylvania Ave., NW
Suite 500 West
Washington, DC  20037
Telephone:  (202) 639-6676
Facsimile:  (202) 879-8876
wlawler@velaw.com

*Counsel for Non-Party Jesudoss Rowland*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| IN RE:  ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No. 3:16-md-02741-VC<br>MDL No. 2741 |
| This document relates to:<br><br>ALL ACTIONS | **DECLARATION OF WILLIAM E. LAWLER, III IN SUPPORT OF GRANTING IN PART PLAINTIFFS' MOTION TO FILE UNDER SEAL [ECF No. 479]**<br><br>Date:  October 5, 2017<br>Time:  10:00 a.m. (Pacific)<br>Courtroom:  4, 17th Floor<br>Judge:  Honorable Vince Chhabria |

I, William E. Lawler, III, hereby declare as follows based on my personal knowledge:

1. I am an active member in good standing of the bars of the District of Columbia and the State of Maryland. I am admitted *pro hac vice* in this litigation pursuant to the Court's Pretrial Order No. 1 (Oct. 6, 2016), ECF No. 2. I am an attorney with the law firm of Vinson & Elkins LLP, counsel of record for non-party Jesudoss Rowland.

2. I submit this Declaration in support of redacting documents filed under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, filed on August 29, 2017, ECF No. 479 ("Motion to Seal").

3. I respectfully request this Court approve my proposed redactions to: 1) Plaintiffs' Opposition to Non-Party Jesudoss Rowland's Motion for Attorney Fees, ECF No. 479-4 ("Plaintiffs' Opposition"); and 2) an excerpt from Jesudoss Rowland's Deposition Transcript, taken on April 24, 2017, ECF No. 479-6 (April 28, 2017) ("Rowland Transcript Excerpt"), that was filed under seal as Exhibit C to Plaintiffs' Opposition. Along with this Declaration, I am sending chambers copies of these exhibits with my proposed redactions highlighted to the Court.

| **Document** | **Designating Party** | **Redactions Sought (page:line)** [1] | **Rationale** |
|---|---|---|---|
| Plaintiffs' Opposition, ECF No. 479-4 | Monsanto - Confidential | 3:11–14, 16, 18–21, 26–28; 4:1–3, 5, 25–28; 5:4, 7, 12–16; 11:27; 12:1–2, 4–6 | These pages include descriptions, statements, and quotations about Mr. Rowland's personal and professional life after he left the EPA, including the names of the companies he worked for and descriptions of the companies and work he performed. |
| Exhibit C, Rowland Transcript Excerpt, ECF No. 479-6 | Monsanto - Confidential | 247:10-11, 13, 15, 25; 248:9, 12–17; 249:8–9, 14–17, 20, 22; 250:3–5, 7–9, 11, 21; 251:3, 5–8, 23–24; 252:18–19, 21; 253:1, 14–15, 17, 23; 268:9, 20; 269:3, 13, 17–19, 21; 270:1, 5–7, 11–12, 17–18 | These pages include testimony about Mr. Rowland's personal and professional life after he left the EPA, including the names of the companies he worked for, descriptions of the companies and work he performed, and his fee structure. |

---

[1] Citations are to the final deposition transcript.

1
DECLARATION OF WILLIAM E. LAWLER, III IN SUPPORT OF GRANTING IN PART PLS' MOTION TO FILE UNDER SEAL; Case No. 16-md-2741-VC

4. Compelling reasons and good cause exist to redact portions the Plaintiffs' Opposition and the Rowland Transcript Excerpt. Those documents contain testimony of non-party Jesudoss Rowland's personal and professional life after he left the U.S. Environmental Protection Agency ("EPA") and are hardly relevant to this litigation, let alone appropriate for public consumption.

5. Civil Local Rule 79-5(e) states that "the Designating Party must file a declaration . . . establishing that all of the designated material is sealable." Based on my review of the documents listed below, my rationale for redacting certain information is explained below for each relevant document.

6. **Rowland Transcript Excerpt**. Attached as an exhibit to the chamber's copy of this Declaration is a copy of the Rowland Transcript Excerpt with proposed redactions that are narrowly tailored to prevent the release of non-party Jesudoss Rowland's confidential information, information potentially protected under a non-disclosure agreement with a third party, the third party's identifying information, and Mr. Rowland's fee structure. Based on my review of the Rowland Transcript Excerpt, the proposed redactions are necessary to protect this information.

7. First, the Rowland Transcript Excerpt contains non-party Jesudoss Rowland's confidential information, including his personal and professional life after he left the EPA. These details are hardly relevant for this case let alone appropriate for public disclosure. Neither non-party Jesudoss Rowland nor his current employer are parties to this litigation.

8. Throughout the course of this ligation, the Court has attempted to balance the burden of discovery placed on non-party Jesudoss Rowland and the need to protect him, a private citizen, from the cost and public scrutiny associated with litigation to which is not a party. Even during the deposition when the Court permitted plaintiffs to question non-party Jesudoss Rowland regarding the consulting work he performed after leaving the EPA, the Court limited that testimony to "a very general description of the projects he has worked on." Pretrial Order

1  No. 19, ECF No. 260.  Plaintiffs' specific questions about non-party Jesudoss Rowland's clients
2  exceeds the scope of the Court's order.  Until Plaintiffs establish that non-party Jesudoss
3  Rowland's personal and professional life after he left the EPA is material to this case, that
4  information should be sealed.

5         9.     Second, the Rowland Transcript Excerpt contains information potentially subject
6  to non-disclosure agreements to which non-party Jesudoss Rowland is a party.  On a rare
7  occasion when non-party Jesudoss Rowland would be required to share a client's business
8  information with third parties, he would only allow third parties to view this information under
9  very restrictive non-disclosure agreements or protective orders.  Non-party Jesudoss Rowland
10 takes his non-disclosure obligations seriously and this Declaration seeks to redact portions of
11 Rowland Transcript Excerpt potentially subject to a non-disclosure agreement.  *See Aevoe Corp.*
12 *v. AE Tech. Co.*, No. 2:12-CV-00053-GMN, 2014 WL 551563, at *2 (D. Nev. Feb. 7, 2014)
13 (granting motion to seal portions of a deposition subject to a non-disclosure agreement).

14       10.    As a consultant, non-party Jesudoss Rowland's reputation is important for his
15 business.  "One factor that weighs in favor of sealing documents is when the release of the
16 documents will cause competitive harm to a business."  *Apple Inc. v. Samsung Electronics Co.*,
17 727 F.3d 1214, 1221 (Fed. Cir. 2013); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598
18 (1978) (Courts have refused "to permit their files to serve . . . as sources of business information
19 that might harm a litigant's competitive standing."); *In re McClatchy Newspapers, Inc.*, 288 F.3d
20 369, 374 (9th Cir. 2002) (quoting *Nixon*, 435 U.S. at 374) (same).  Revealing client information
21 potentially subject to a non-disclosure agreement will place him at a competitive disadvantage
22 relative to other consultants in the same field.  At a minimum, non-party Jesudoss Rowland may
23 face the risk of civil litigation related to the non-disclosure agreement even if a fact finder later
24 determines it was not in fact breached.

25       11.    Third, non-party Jesudoss Rowland seeks to prevent the public release of client
26 identifying information—related to third parties not present in this litigation—by redacting their

27
3
28 DECLARATION OF WILLIAM E. LAWLER, III IN SUPPORT OF GRANTING IN PART
PLS' MOTION TO FILE UNDER SEAL; Case No. 16-md-2741-VC

names and other information that may identify them in the Rowland Transcript Excerpt.  *See PNY Techs., Inc. v. Sandisk Corp.*, No. 11-CV-04689-WHO, 2014 WL 661620, at *2 (N.D. Cal. Feb. 20, 2014)  ("The only information that may be redacted [is] . . . the names and other discrete identifying information of third parties . . . ").

12. **Plaintiffs' Opposition**.  Attached as an exhibit to the Courtesy Chamber's Copy of this Declaration is a copy of the Plaintiffs' Opposition with proposed redactions which are narrowly tailored to prevent the release of non-party Jesudoss Rowland's confidential information, information potentially protected under a non-disclosure agreement with a third party, and the third party's identifying information.  Based on my review of the Opposition Brief, the proposed redactions are necessary to protect this information.

13. The Opposition Brief discusses, quotes, and provides citations to testimony in the Rowland Transcript Excerpt that, for the reasons described above, I believe should also be redacted.  I have approved the redactions to the Opposition Brief as the minimum amount of redactions necessary to avoid unnecessary harm to non-party Jesudoss Rowland and third parties.  The redactions cover only events that occurred after non-party Jesudoss Rowland left the EPA.  Client identifying information was also redacted to protect third parties who are not parties to this litigation

14. In this case, the public's interest in understanding the judicial process is greatly outweighed by the need to protect a private citizen—not a party to this case—from the unnecessary expense, public attention, and detriment to his business that may result from the disclosure of the above-discussed information.  While the public may have an interest in understanding the inner-workings of the EPA, it does not have an interest in the personal and professional life of a former government employee who, again, is not a party to this litigation.

15. To avoid unnecessary harm to non-party Jesudoss Rowland and third parties, I respectfully request that the Court <u>Grant in Part</u> Plaintiffs' Motion to File Under Seal.  This ruling would require Plaintiffs to file a complying copy of the Opposition Brief and Rowland

4
DECLARATION OF WILLIAM E. LAWLER, III IN SUPPORT OF GRANTING IN PART
PLS' MOTION TO FILE UNDER SEAL; Case No. 16-md-2741-VC

Transcript Excerpt containing the redactions that I propose. Civil L.R. 79-5(f)(3). I view the redacted versions of the Opposition Brief and the Rowland Transcript Excerpt, attached to the chambers copy of this Declaration as necessary and sufficient to protect those interests.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 31, 2017.

Washington, D.C.

_/s/ William E. Lawler, III_____

William E. Lawler, III

5

DECLARATION OF WILLIAM E. LAWLER, III IN SUPPORT OF GRANTING IN PART PLS' MOTION TO FILE UNDER SEAL; Case No. 16-md-2741-VC