

August 31, 2017

Joe G. Hollingsworth
dir 202 898 5842
jhollingsworth@hollingsworthllp.com

**FILED VIA ECF**
Honorable Vince Chhabria
United States District Court, Northern District of California

      Re: *In re Roundup Prod. Liab. Litig.*, No. 3:16-md-02741-VC

To the Honorable Vince Chhabria,

      This letter is submitted by the parties pursuant to paragraph 15 of the Standing Order for Civil Cases Before Judge Vince Chhabria. The parties have conferred regarding proposed amendments to the Court's Protective and Confidentiality Order, ECF No. 64, reached certain agreements, and certain disagreements remain as set forth in the accompanying markup document and discussed further below. Monsanto's proposed changes are found in paragraphs 16 and 18 only, and plaintiffs' proposed changes are in paragraph 16 only.

## Monsanto's Position

**(1) Paragraph 16.2: <u>Monsanto proposes:</u>** "The proper remedy for overdesignation is to correct the discrete instances of overdesignation that require correction given the needs of the litigation, and the use of the challenge process is so limited." Attached Markup of Amended Protective and Confidentiality Order ("Attach."), p.7, lines 14-16. **Explanation:** This sentence is modeled after PTO 20. Although PTO 20 focuses on this litigation phase, the proportionality achieved and avoidance of undue burden, expense, and oppression (Rule 26) by the Court's PTO 20 is appropriate in all phases, consistent with Rules 1, 16, and 26 and the Court's broad and inherent case management authority in managing complex MDL litigation. *See* 8/24/17 Hr'g Tr. at 39 (discussing Court's MDL discretion). It also is consistent with the directions of Chief Justice Roberts in his 2015 Year-End Report on the Federal Judiciary advising courts to conduct "careful and realistic assessment of actual need," "eliminate unnecessary or wasteful discovery," and provide only "efficient access to what is needed. *See id.* at 4-7, 10-11, https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf. Plaintiffs' inapposite authorities (*see* 8/24/17 Hr'g Tr. at 23) do not foreclose this or any other provision Monsanto seeks. Plaintiffs' admitted desire as stated below to bring confidentiality challenges for non-litigation purposes (e.g., regulatory activism) is an improper use of these proceedings. *See, e.g.*, PTO 20; *Grief v. Nassau Cnty.*, No. 15-CV-7240(ADS)(AYS), 2017 WL 1190944, at *6 (E.D.N.Y. Mar. 30, 2017) (affirming denial to create in protective order a method for seeking to de-designate discovery for non-litigation purposes, including to "seek future disclosure of confidential materials . . . to the press, or to unspecified legislative bodies"); *Crossfit, Inc. v. Nat'l Strength & Conditioning Ass'n*, No. 14CV 1191-JLS(KSC), 2015 WL 12466532, at *7 (S.D. Cal. July 16, 2015) (denying plaintiff's request to de-designate documents where challenges were brought for non-litigation purpose); *In re Coordinated Pretrial Proceedings in W. Liquid Asphalt Cases*, 18 Fed. R. Serv. 2d 1251 (N.D. Cal. 1974) (denying modification of a

The Honorable Vince Chhabria
August 31, 2017
Page 2



protective order to permit release of civil discovery to the Federal Trade Commission). Monsanto objects to plaintiffs' incorporation by reference of the Motion to Clarify that the Court already terminated.

**(2) Paragraph 16.3: Monsanto proposes:** "The Court will not entertain any challenge by Parties to a confidentiality designation unless the document is relevant to the current phase of the litigation." Attach. p.9, lines 10-11. **Explanation:** This issue directly reflects the Court's ruling at last week's hearing and is well supported by related authorities and the Court's inherent authority. *See, e.g.*, 8/24/17 Hr'g Tr. at 68 ("I do not want any of the lawyers or the Court or Court staff spending any time pondering whether documents not relevant to Phase One of the litigation should be de-designated."); Fed. R. Civ. P. 1, 16, 26; *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information"); *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) (no public right of access to raw discovery); *In re Oracle Securities Litig.*, No. C-01-0988 MJJ, 2005 WL 6768164, at *11 (N.D. Cal. Aug. 5, 2005) ("A mere exchange of documents during pretrial discovery does not implicate the public right of access.").

**(3) Paragraph 16.3: Monsanto proposes:** *See* Attach., p.9, lines 12-15 (adding requirement that the Notice explain relevancy and litigation need when those objections are asserted). **Explanation:** Plaintiffs know best their position as to why a document is relevant and what litigation purpose the challenge is intended to serve. The federal rules (Rule 26(b)(1)) and cases are clear that it is "[t]he party seeking production [that] has the burden of showing relevancy." *E.g.*, *Applied Med. Distribution Corp. v. Ah Sung Int'l, Inc.*, No. SACV1401900JVSDFMX, 2016 WL 7626473, at *1 (C.D. Cal. Jan. 19, 2016); *Melendez v. Gulf Vessel Mgmt., Inc.*, No. C09-1100 MJP, 2010 WL 2650572, at *2 (W.D. Wash. July 1, 2010) (same). Therefore, plaintiffs are mistaken that Monsanto's proposal improperly shifts the burden of persuasion on relevancy to the party seeking to release the document.

**(4) Paragraph 16.3: Monsanto proposes:** "The Designating Party shall file a 'Motion to Maintain Confidentiality' within fourteen (14) calendar days of the Notice, explaining why the documents should or should not be de-designated and, if applicable, why the documents are not relevant or why there is no litigation need for the challenges to which those objections apply." Attach., p.9, lines 17-21. **Monsanto objects to plaintiffs' counter-proposal located at Attach., p.9, line 22 – p.10, line 4. Explanation:** Plaintiffs' proposal introduces unwarranted and unnecessary declarations to the process. The Court is already empowered to enforce any abuses of the process and the parties' submissions would already be signed by officers of the court as required by Rule 11. Because the documents are often voluminous, and depending on the number of documents challenged and other litigation needs, multiple attorneys may need to undertake the review making it impossible or impracticable for the filing attorney to "personally" review each document during the 14 day window. Listing each participating attorney with each filing including law firm associates also seems inappropriate prior to any finding of misconduct. However, if the Court requires a Rule 11 declaration of Monsanto, then Monsanto requests that plaintiffs' Notice be accompanied by a Rule 11 certification of relevancy and litigation need. Plaintiffs' proposal also includes an automatic waiver provision, which is unnecessary given the briefing procedure the Court outlined. The parties should resolve any live disputes through the Court after the meet and confer and may request entry of an order if one party does not timely



file, which could prevent release after any unavoidable missed deadlines (e.g., a server crash).

**(5) Paragraph 16.3: <u>Monsanto proposes:</u>** "Either party may attach the challenged documents to their Court filings during this stage of the meet and confer by filing a provisional Administrative Motion to Seal. No response to the Administrative Motion to Seal is required until the Court has ruled on the Motion to Maintain Confidentiality. The documents at issue will automatically remain under seal except to the extent the Court denies the Motion to Maintain Confidentiality." Attach., p.10, lines 11-16. <u>Explanation:</u> Plaintiffs instead rely on the Court's Civil Local Rule 79-5 practice, which would introduce additional, potentially conflicting timelines, declarations, and burdens regarding sealing. Attach., p.10, lines 17-20. Litigating whether documents qualify as confidential for purposes of sealing also would (if Monsanto's objection is to lack of relevancy to the current phase) impose the burdens on the parties and Court that the Court concluded are inappropriate. *See* 8/24/17 Hr'g Tr. at 68 ("I do not want any of the lawyers or the Court or Court staff spending any time pondering whether documents not relevant to Phase One of the litigation should be de-designated."). Further, "the question regarding the proprietary of sealing [documents] does not arise" when the documents were not "attached to any Court filing requesting substantive relief, apart from the instant motion challenging [] designation of them as confidential." *Dow Chem. Co. v. Reinhard*, No. 07-12012-BC, 2008 WL 1931910, at *7-8 (E.D. Mich. May 2, 2008).

**(6) Paragraph 16.3: <u>Monsanto proposes:</u>** "The burden of persuasion as to whether the document is relevant to the current phase of the litigation and whether there is a litigation need for the challenge shall be on the Challenging Party." Attach., p.10, lines 24-27.
<u>Explanation:</u> This is appropriate for the reasons discussed above in numbered paragraph 3.

**(7) Paragraph 16.3: <u>Plaintiffs propose to add (with Monsanto objecting to the first clause):</u>**
"Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge." Attach., p.10, line 27 – p.11, line 4.

**(8) Paragraph 18: <u>Monsanto proposes:</u>** "This paragraph does not apply to a Notice of Improper Confidential Designation or a related Motion to Maintain Confidentiality, which confidentiality challenges shall be governed by paragraph 16." Attach., p.12, lines 13-15.
<u>Explanation:</u> This is added for clarification and consistency with Monsanto's suggestion that sealing for confidentiality challenges be resolved based on the outcome of those challenges.

### Plaintiffs' Position

Monsanto is requesting changes beyond that discussed at the August 24, 2017 Conference. Plaintiffs respond to Monsanto's eight changes, as follows:

**(1) <u>Imposing An Undefined Litigation Need Requirement</u>, Paragraph 16.2, p.7, lines 14-16; Paragraph 16.3, p. 9, lines 11-14 and 19-21; p. 10, line 8; Paragraph 16.3, p.10, lines 24-26:** This addition is Monsanto's attempt to prevent Plaintiffs from providing any documents to any regulatory body or scientist, by arguing that if the document is not attached to a pleading or



relied upon by an expert – there is no "litigation need." This addition ignores the fact that Monsanto is relying on the (in)action of regulatory bodies in its defense of glyphosate and ignores that Monsanto itself is providing MDL discovery to regulatory bodies.

Specifically, the "litigation need" adds nothing to the protective order and creates an ambiguous and vague requirement that will certainly lead to future disputes. This sentence is a blatant attempt by Monsanto to prevent any document challenges unless the documents are specifically attached to a filing, an argument made by Monsanto's attorneys during previous meet and confers. Practically, this sentence adds nothing to the Protective Order because "litigation need" is subsumed in the relevance inquiry discussed below in paragraph 2. If a document is relevant to this phase of the litigation, then it serves a litigation need. At this point in the case, the Parties need more clarity, not more ambiguity. This proposed addition only creates the latter.

**(2) Imposing a Relevancy Requirement, Paragraph 16.3, p. 9, lines 9-15 and 17-21; p. 10, line 8 and 24-27:** Monsanto fails to acknowledge that most of the documents relied upon and challenged in this MDL were *not produced* as a result of this MDL Court's aggressive production schedule. Instead, almost half of the documents in the national ESI kiosk were produced *prior* to the formation of this MDL, in a Missouri state court matter. Further, the documents produced since the creation of this MDL are also being produced for all state Court matters, several of which are not bifurcated. In fact, sometimes, the document are produced pursuant to state court discovery, rather than MDL discovery. Monsanto has not – and cannot – argue that any of the challenged documents are in Plaintiffs' possession because of an aggressive MDL production schedule. For that reason, Plaintiffs continue to oppose a "relevancy" requirement to challenging improper confidential designations as such a requirement in not consistent with California law. In support of their position, Plaintiffs hereby incorporate as if fully set forth herein their "Notice of Motion and Motion to Clarify Rulings related to Confidentiality of Documents." August 1, 2017, ECF No. 415.

**(3) & (6) Shifting Burden to Plaintiffs, Paragraph 16.3, p.9, lines 11-15; p. 10, lines 24-27:** As an initial matter, this Court specifically stated that any notice by the Plaintiffs would simply need to list the Bates number of the challenged document. *See* Tr. Hearing at 66:12-19 ("…it would say something very simple, such as, Plaintiffs believe that the documents with the following Bates numbers should be de-designated, and then just list the Bates numbers."). Monsanto is attempting to change the Court's proposal—a proposal Monsanto's counsel raised no objection to at the time, despite given an opportunity. Indeed, as a practical matter, requiring Plaintiffs to put more information into the initial notice will result in having to file the notice under seal.

Moreover, Monsanto's attempt to put a "burden" on Plaintiffs to establish relevancy is directly contrary to this Court's repeated instructions and runs afoul of the basic legal principles guiding confidentiality disputes. On August 24, 2017, this Court repeatedly explained:

> [T]he ***burden would remain on Monsanto*** to show why the documents should remain designated confidential . . . if the plaintiffs believe that a document designated confidential should have that designation removed, they must make a filing with the Court. ***It's not putting the burden on the plaintiffs to justify*** . . .

The Honorable Vince Chhabria
August 31, 2017
Page 5



> And then Monsanto has 14 days to respond . . . explaining why the documents are or are not confidential; why the documents should or should not be de-designated . . . And ***the burden, again, remains on Monsanto***[.]

Tr. Hearing at 65:15-67:4 (emphasis added).  This repeated explanation by the Court is a reflection of the law in this Circuit.  The *only* way a Court may deem pretrial discovery "confidential" is pursuant to Rule 26, which permits the Court "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 433 (9th Cir. 2011) (quoting Fed. R. Civ. P. 26).  The burden is on *the designating party*, i.e., the party seeking protection of the document, to make an actual showing of good cause.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003); *Humboldt Baykeeper v. Union Pac. R. Co.*, 244 F.R.D. 560, 562 (N.D. Cal. 2007) (Rule 26(c) requires "that trial courts not issue protective orders unless the proponent of the order first makes a showing of good cause.  Without such a showing, no such order can issue.").  Thus, in the context of Rule 26(c), Monsanto cannot legally shift the burden on Plaintiffs. That said, as part of the meet and confer process, Plaintiffs fully intend to list and explain why each document is relevant to the litigation.  This exercise puts Monsanto on sufficient notice of Plaintiffs' intentions and arguments.  Then, if Monsanto decides to file a motion seeking this Court's protection under Rule 26(c), it must explain how the documents are not relevant and warrant confidential treatment. Monsanto, the Designating Party, bears the burden.

**(4) & (7) <u>Declaration, Accountability, and Automatic Dispute Resolution</u>, Paragraph 16.3, p.9, line 21 through p. 10, line 4:**  The most recent document challenge dispute made one thing very clear—the Protective Order needs to have accountability.  Any party seeking to protect a document as confidential should be required to stand by that assertion, under penalty of perjury as required by the Federal Rules.  Putting this express requirement in the order emphasizes the importance of only making reasonable confidentiality assertions.  Requiring the Challenging Party to also file a declaration makes little sense, since the Challenging Party is not asking for any particular relief or making assertions of fact.  The burden is on the Designating Party to invoke Rule 26(c)'s protection.  Furthermore, a waiver provision is definitely warranted.  If Monsanto cannot offer a non-sanctionable response to Plaintiffs' "Notice", then there must a mechanism to automatically resolve the dispute.  This is a mechanism and procedure used by the Northern District of California's Model Protective Order, and is the way most unopposed motions are resolved.  Further, the "Notice" requirement added by the Court at the August 24, 2017 hearing and included in the proposed amended language will give Monsanto clear and unquestionable notice that is on the clock to file a motion to maintain confidentiality.

**(5) & (8) <u>The Sealing Process</u>, Paragraph 16.3, p.10, lines 11-20 and Paragraph 18, p. 12, lines 13-15:**  Monsanto requests that the Court eliminate the sealing process. Plaintiffs do not agree and request the sealing process remain in place pursuant to Civil Local Rules. That said, the Court previously granted Monsanto's request for an extension of time to file a response, and this extension of 10 court days is reflected in the amended language as a stipulated amendment.

The Honorable Vince Chhabria
August 31, 2017
Page 6



Dated: August 31, 2017

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Robert E. Johnston (*pro hac vice*)
(rjohnston@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY

/s/ Robin Greenwald, Aimee Wagstaff, Michael Miller

Robin Greenwald, Esq.
WEITZ & LUXENBURG
700 Broadway
New York, NY 100003
RGreenwald@weitzlux.com

Aimee H. Wagstaff, Esq.
ANDRUS WAGSTAFF, PC
7171 W. Alaska Dr.
Lakewood, CO 80226
aimee.wagstaff@andruswagstaff.com

Michael Miller Esq.
THE MILLER FIRM LLC
108 Railroad Ave
Orange, VA 22960
MMiller@millerfirmllc.com

Co-Lead Counsel for Plaintiffs