William E. Lawler, III (admitted *pro hac vice*)
VINSON & ELKINS L.L.P.
2200 Pennsylvania Ave., NW
Suite 500 West
Washington, DC 20037
Telephone: (202) 639-6676
Facsimile: (202) 879-8876
wlawler@velaw.com

*Counsel for Nonparty Jesudoss Rowland*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# (SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 3:16-md-02741-VC<br>MDL No. 2741<br><br>**NON-PARTY JESUDOSS ROWLAND'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR ATTORNEYS' FEES**<br><br>Date: Thursday, October 5, 2017<br>Time: 10:00 a.m. (Pacific Time)<br>Courtroom: Courtroom 4, 17th Floor<br>Judge: Honorable Vince Chhabria |

The Miller Law Firm's ("Miller") opposition to Mr. Rowland's motion for fees is remarkable: 1) for what it does not say; and 2) for its continuing and irresponsible misrepresentation of facts.

Miller does not contest that Plaintiffs' counsel: "1) sought additional . . . deposition testimony from Mr. Rowland following Mr. Rowland's deposition that *complied with all prior Court orders*; 2) mischaracterized evidence in the Motion to Compel and at the accompanying status conference hearing; [] 3) attached the entire sealed deposition transcript, a 250+ page document, to the Motion to Compel in an attempt to unseal it" (Rowland Mot. for Fees at 5–6, ECF No. 453 (emphasis added)), or used their motion to compel as "a vehicle to conduct a PR campaign." *Id*. at 3. Miller also does not argue that the award of fees would be unjust.

Instead, Miller rehashes its initial motion to compel, which was denied, and continues to throw mud at Mr. Rowland by making obvious factual misrepresentations that it has to know the Court will see through and which, therefore, can only be seen as part of an ongoing PR campaign.

In its opposition, plaintiffs' counsel seems to concede that the motion to compel was without merit and that this Court should award fees. All three "co-lead" firms signed and submitted the motion to compel and the supporting briefs. Now, Miller asserts that it alone filed the Motion to Compel, essentially signaling that "this one is on us" and that the fees should be awarded against Miller alone.

**1. The Motion to Compel Was Not Substantially Justified.**

Trying to defend the denied motion to compel, Miller relies on two arguments: 1) based on the facts that initially supported the deposition of Mr. Rowland, "there was a reasonable basis to move to compel Mr. Rowland to answer questions related to his post EPA employment with chemical companies" (Opp'n at 1); and 2) it was "reasonable to inquire whether there had been a *quid pro quo* where Mr. Rowland would help Monsanto in exchange for some lucrative consulting job after his requirement from the EPA." *Id*. at 10. Neither is persuasive.

1
MR. ROWLAND'S REPLY BRIEF IN SUPPORT OF
HIS MOTION FOR ATTORNEYS' FEES, Case No. 16-md-2741-VC

First, the so-called reasonableness argument and the documents unnecessarily attached to Miller's opposition are irrelevant to the attorneys' fees motion. Most of these documents were not even mentioned or cited in the motion to compel, and Miller had already questioned Mr. Rowland about the relevant ones. *E.g.*, Rowland Opp'n to Mot. to Compel at 10–11, 17–18, ECF No. 282-1 ("Rowland Opp'n") and ECF No. 282-6 (unredacted copy). Miller does not, and cannot, say that Mr. Rowland did not answer the deposition questions within the scope this Court set. He did. There was no need for a motion to compel, and it was not substantially justified.

Second, the so-called "*quid pro quo*" argument focuses on questions related to Plaintiffs' unsubstantiated theory that Monsanto somehow colluded with Mr. Rowland's clients, encouraging them to hire Mr. Rowland or to pay him inflated fees for allegedly "fixing" the glyphosate studies. *See* Opp'n at 11. There is no good faith basis for that argument. Moreover, even assuming *arguendo* that Monsanto had done this, it is not a *quid pro quo* if Mr. Rowland had/has no knowledge of it. During the deposition, Plaintiffs' counsel did not ask whether Mr. Rowland: 1) had knowledge of any communications that occurred between Monsanto and his clients regarding his employment; or 2) had any reason to suspect that Monsanto played any role in either directing his clients to hire him or pay him an inflated fee. Mr. Rowland would have answered those questions. Neither was asked. In addition, Plaintiffs' counsel could have requested discovery from Monsanto—a purported conspirator—about communications it had with Mr. Rowland's clients about his employment/ salary. Plaintiffs' counsels' failure to pursue either of these obvious steps suggests their own lack of belief in the *quid pro quo* theory.

**2. Miller Mischaracterizes Evidence Again.**

Despite the Court's repeated admonitions that Plaintiffs' counsel should stop mischaracterizing evidence, Miller continues to do so. Some of these misrepresentations are obvious:

- Miller cites the "Copley Letter," as though it was a genuine, credible, and authenticated document (Opp'n at 6) when they know it is not. Continued reference to this unauthenticated document, which has no bearing on the motion for fees, is irresponsible.

- Miller writes "There is now an Office of Inspector General Investigation into that very issue," namely that "Jess Rowland had an inappropriate relationship with Monsanto and that his current post-retirement consulting with the chemical industry is a reward for his services to Monsanto." *Id*. at 6. ***Yet, the cited letter does not even mention Mr. Rowland's post-employment consulting work.*** *Id*. Ex. A.

- Despite being admonished by the Court for repeatedly mischaracterizing an internal Monsanto email that states "If I can kill this I should get a medal" (Opp'n at 9), Miller continues to do so under the heading "Jess Rowland Attempts to Kill Another Agency's Review of Glyphosate." *Id*. at 8. That reference states that Mr. Rowland tried to kill an agency review, a statement likely derived from the internal Monsanto email. Yet, Mr. Rowland expressly testified that he did not tell Mr. Jenkins that he was going to "kill" this review. Rowland Opp'n at 18. At the May 11, 2017 status conference hearing, Mr. Miller similarly misrepresented this statement to the Court. May 11, 2017 Tr. at 11. The Court then admonished Mr. Miller because he "completely misstated it, and inserted into it [his] very slanted characterization of what [Mr. Jenkins] said." *Id*. at 12.

- Miller repeatedly refers to the EPA's CARC report as "Jess Rowland's" (Opp'n at 7–8) even though the it has been established that the CARC report was the collective work of thirteen CARC members, seven of whom have Ph.D.'s, and that all thirteen members signed the final report. Mr. Rowland testified at length in his deposition that he was responsible for moving things along administratively, but the evidence shows each CARC member made his/her own scientific evaluations and conclusions. Rowland Opp'n at 18–19.

None of these statements has anything to do with the motion for fees. Yet Miller continues to make them to unfairly and gratuitously try to discredit Mr. Rowland. *E.g.,* Opp'n at

3
MR. ROWLAND'S REPLY BRIEF IN SUPPORT OF
HIS MOTION FOR ATTORNEYS' FEES, Case No. 16-md-2741-VC

7–8 (full paragraph discussing the initial release of the CARC report despite Mr. Rowland's testimony that he had nothing to do with that release and stating "Mr. Rowland's conclusion was not shared by other scientists in the EPA," while ignoring the undisputed fact that the twelve other members also signed the CARC report).

### 3. Miller Concedes the Reasonableness of the Hourly Rates and Does Not Seriously Contest the Overall Fees Sought.

Miller does "not dispute that Mr. Rowland's attorneys are seeking a reasonable rate." Opp'n at 13 n.9. Instead, Miller only picks at a few individual time entries and makes broad assertions about duplication of effort. The Court is experienced in evaluating claims for attorneys' fees and has sufficient information to do so based on the briefs and supporting documents.

\* \* \* \* \*

Plaintiffs' counsel filed an unnecessary, meritless motion to compel causing not only a waste of this Court's time and resources, but also requiring Mr. Rowland to incur additional attorneys' fees. The Court should award Mr. Rowland the requested fees.

Dated: September 5, 2017　　　　　　　　Respectfully submitted,

VINSON & ELKINS L.L.P.

By:  */s/ William E. Lawler, III*

William E. Lawler, III (admitted *pro hac vice*)
VINSON & ELKINS L.L.P.
2200 Pennsylvania Ave., NW
Suite 500 West
Washington, DC 20037
Telephone:  (202) 639-6676
Facsimile:  (202) 879-8876
wlawler@velaw.com

*Counsel for Non-party Jesudoss Rowland*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2017, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system, which will send notification of such filing to the email addresses on the Electronic Mail Notice List.

*/s/ William E. Lawler*
William E. Lawler, III

*Counsel for Nonparty Jesudoss Rowland*