**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC |
| This document relates to: <br><br> *Frederick Johnson v. Monsanto Co.*, <br> Case No.  3:17-cv-05160-VC | |

### <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Frederick Johnson's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

- 1 -

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's complaint.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in paragraph 7 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits that venue is proper in the Eastern District of Pennsylvania based upon the allegations in plaintiff's Complaint.

8.      Monsanto denies that exposure to Roundup®-branded products did or could have caused plaintiff's alleged non-Hodgkin's lymphoma.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore denies those allegations.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

10.      Monsanto admits the allegations in paragraph 10.

11.      Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 11 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

12.      In response to the allegations in paragraph 12, Monsanto admits that it sells Roundup®-branded products in Pennsylvania.

13.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-05160-VC

14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     Monsanto admits the allegations in paragraph 16.

17.     Monsanto admits that it is authorized to do business in Pennsylvania.  The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto denies the allegations in paragraph 19.

20.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto admits the allegations in paragraph 21.

22.     Monsanto admits the allegations in paragraph 22.

23.     Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  Monsanto states that the remaining allegations in paragraph 23 are vague and ambiguous and that it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

24.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 24 comprise attorney characterizations and are accordingly denied.

25.     Monsanto admits the allegations in paragraph 25.

26.     Monsanto generally admits the allegations in paragraph 26, but denies the allegations in paragraph 26 to the extent that they suggest that glyphosate is present in any plants

1    at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

2    the United States Environmental Protection Agency ("EPA").

3         27.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 27 and therefore denies those allegations.

5         28.    Monsanto admits that it is the leading producer of seeds that contain the Roundup

6    Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

7    farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

8    belief as to the accuracy of the specific numbers and statistics provided in the remaining

9    sentences of paragraph 28 and therefore denies those allegations.  Monsanto denies the

10   remaining allegations in paragraph 28.

11        29.    Monsanto admits the allegations in paragraph 29.

12        30.    Monsanto admits that Roundup®-branded products have been used by farmers for

13   approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

14   properties and denies the remaining allegations in paragraph 30.

15        31.    The allegations in paragraph 31 set forth conclusions of law for which no

16   response is required.  To the extent that a response is deemed required, Monsanto admits the

17   allegations in paragraph 31.

18        32.    In response to the allegations in paragraph 32, Monsanto admits that EPA requires

19   registrants of herbicides to submit extensive data in support of the human health and

20   environmental safety of their products and further admits that EPA will not register or approve

21   the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

22   Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 32 set forth

23   conclusions of law for which no response is required.

24        33.    The allegations in paragraph 33 set forth conclusions of law for which no

25   response is required.

26        34.    Monsanto admits that Roundup®-branded products are registered by EPA for

27   manufacture, sale and distribution and are registered by the State of Pennsylvania for sale and

28   distribution.

35.     In response to the allegations in paragraph 35, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 35 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 35 set forth conclusions of law for which no answer is required.

36.     Monsanto denies the allegations in paragraph 36 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 36 set forth conclusions of law for which no response is required.

37.     In response to the allegations in paragraph 37, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto lacks information or knowledge sufficient to form a

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*

*(Footnote continued)*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-05160-VC

1    belief as to the truth of the remaining allegations in paragraph 37 and therefore denies those

2    allegations.

3          38.     Monsanto admits that the International Agency for Research on Cancer ("IARC")

4    is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

5    lacks information or knowledge sufficient to form a belief as to the truth of the remaining

6    allegations in paragraph 38 and therefore denies those allegations.

7          39.     In response to the allegations in paragraph 39, Monsanto admits that the IARC

8    working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

9    discussions in certain countries regarding the sale of glyphosate-based herbicides, but denies that

10   there is any scientific basis for the concerns raised by the improper IARC classification.

11   Monsanto denies the remaining allegations in paragraph 39. .

12         40.     Monsanto admits that the EPA posted the CARC report evaluating glyphosate on

13   EPA's website in late April 2016 and took the report off the website in early May 2016.  The

14   remaining allegations in paragraph 40 are vague and conclusory and comprise attorney

15   characterizations, and are accordingly denied.

16         41.     In response to the allegations in paragraph 41, Monsanto admits that the New

17   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

18   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

19   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

20   General's allegations related in any way to a purported or alleged risk of cancer.   The remaining

21   allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations

22   and are accordingly denied.

23         42.     In response to the allegations in paragraph 42, Monsanto states that none of the

24   New York Attorney General's allegations related in any way to a purported or alleged risk of

25   cancer.  To the extent the subparts of paragraph 42 purport to quote a document, the document

26   speaks for itself and thus does not require any further answer.  The remaining allegations in

27   *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
     Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-05160-VC

1   paragraph 42 are vague and conclusory and comprise attorney characterizations and are

2   accordingly denied.

3       43.     In response to the allegations in paragraph 43, Monsanto admits it entered into an

4   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

5   itself and thus does not require any further answer.  The remaining allegations in paragraph 43

6   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

7       44.     Monsanto denies the allegations in paragraph 44.

8       45.     In response to the allegations in paragraph 45, Monsanto admits that the French

9   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

10  that it "left the soil clean," but denies the allegations in paragraph 45 to the extent that they

11  suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

12  cancer.  Monsanto denies the remaining allegations in paragraph 45.

13      46.     Monsanto denies the allegations in paragraph 46.

14      47.     In response to the allegations in paragraph 47, Monsanto states that the cited

15  document speaks for itself and does not require a response.  To the extent that the allegations in

16  paragraph 47 go beyond a restatement of the cited document, Monsanto lacks information or

17  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47

18  and therefore denies those allegations.

19      48.     Monsanto admits the allegations in paragraph 48.

20      49.     In response to the allegations in paragraph 49, Monsanto states that the cited

21  document speaks for itself and does not require a response.

22      50.     In response to the allegations in paragraph 50, Monsanto states that the cited

23  document speaks for itself and does not require a response.

24      51.     In response to the allegations in paragraph 51, Monsanto states that the cited

25  document speaks for itself and does not require a response.  To the extent that the allegations in

26  paragraph 51 go beyond a restatement of the cited document, Monsanto lacks information or

27  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 51

28  and therefore denies those allegations.

1   52.     Monsanto states that the term "toxic" as used in paragraph 52 is vague and

2   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

3   denies the allegations in paragraph 52.

4   53.     Monsanto admits the allegations in paragraph 53.

5   54.     In response to the allegations in paragraph 54, Monsanto states that the document

6   speaks for itself and does not require a response.  To the extent that a response is deemed

7   required, Monsanto denies the allegations in paragraph 54.

8   55.     In response to the allegations in paragraph 55, Monsanto admits that Julie Marc

9   published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

10   the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the

11   remaining allegations in paragraph 55.

12   56.     In response to the allegations in paragraph 56, Monsanto states that these

13   documents speak for themselves and do not require a response.  To the extent that a response is

14   deemed required, Monsanto denies the allegations in paragraph 56.

15   57.     In response to the allegations in paragraph 57, Monsanto states that the cited

16   document speaks for itself and does not require a response.  To the extent that paragraph 57

17   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

18   paragraph 57.

19   58.     Monsanto denies the allegations in paragraph 58.

20   59.     In response to the allegations in paragraph 59, Monsanto states that the cited

21   document speaks for itself and does not require a response.  To the extent that paragraph 59

22   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

23   paragraph 59.

24   60.     In response to the allegations in paragraph 60, Monsanto states that the cited

25   document speaks for itself and does not require a response.  To the extent that paragraph 60

26   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

27   paragraph 60.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-05160-VC

61.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 61.

62.     Monsanto denies the allegations in paragraph 62.

63.     Monsanto denies the allegations in paragraph 63.

64.     Monsanto denies the allegations in paragraph 64.

65.     Monsanto denies the allegations in paragraph 65.

66.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 66.

67.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 67 and therefore denies those allegations.

68.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

69.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

70.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 70 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

71.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 71, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is

1   deemed required, the remaining allegations in paragraph 71 comprise attorney characterizations

2   and are accordingly denied.

3        72.    In response to the allegations in paragraph 72, Monsanto states that the document

4   speaks for itself and does not require a response. To the extent that a response is deemed

5   required, the allegations in paragraph 72 comprise attorney characterizations and are accordingly

6   denied.

7        73.    In response to the allegations in paragraph 73, Monsanto states that the document

8   speaks for itself and does not require a response. To the extent that a response is deemed

9   required, the allegations in paragraph 73 comprise attorney characterizations and are accordingly

10   denied.

11        74.    Monsanto denies the allegations in paragraph 74.

12        75.    The allegations in paragraph 75 comprise attorney characterizations and are

13   accordingly denied.

14        76.    Monsanto admits the allegations in paragraph 76.

15        77.    In response to the allegations in paragraph 77, Monsanto states that the cited

16   document speaks for itself and does not require a response. To the extent that paragraph 77

17   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

18   paragraph 77.

19        78.    In response to the allegations in paragraph 78, Monsanto admits that certain

20   studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

21   under artificial experimental conditions. Monsanto denies that these studies provide any reliable

22   evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

23   animals under real-world exposure conditions. Monsanto denies the remaining allegations in

24   paragraph 78.

25        79.    The allegations in paragraph 79 are vague and ambiguous and are accordingly

26   denied.

27        80.    In response to the allegations in paragraph 80, Monsanto states that the cited

28   document speaks for itself and does not require a response.

1    81.    In response to the allegations in paragraph 81, Monsanto states that the cited

2  document speaks for itself and does not require a response.  To the extent that paragraph 81

3  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

4  paragraph 81.

5    82.    Monsanto denies the allegations in paragraph 82.

6    83.    In response to the allegations in paragraph 83, Monsanto states that the cited

7  document speaks for itself and does not require a response.  Monsanto otherwise denies the

8  allegations in paragraph 83.

9    84.    Monsanto admits that there is no reliable evidence that Roundup®-branded

10  products are genotoxic and that regulatory authorities and independent experts agree that

11  Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

12  paragraph 84.

13    85.    Monsanto denies the allegations in paragraph 85.

14    86.    Monsanto denies the allegations in paragraph 86.

15    87.    Monsanto denies the allegations in paragraph 87.

16    88.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

17  exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 88.

18    89.    Monsanto denies the allegations in paragraph 89.

19    90.    Monsanto denies the allegations in paragraph 90.

20    91.    In response to the allegations in paragraph 91, Monsanto states that the cited

21  document speaks for itself and does not require a response.  To the extent that paragraph 91

22  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

23  paragraph 91.

24    92.    Monsanto admits the allegations in paragraph 92.

25    93.    Monsanto denies the allegations in paragraph 93.

26    94.    Monsanto admits the allegations in paragraph 94.

27    95.    Monsanto denies the allegations in paragraph 95.

28    96.    Monsanto denies the allegations in paragraph 96.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-05160-VC

1     97.     Monsanto denies the allegations in paragraph 97.

2     98.     Monsanto denies the allegations in paragraph 98.

3     99.     Monsanto denies the allegations in paragraph 99.

4     100.     Monsanto denies the allegations in paragraph 100.

5     101.     Monsanto denies the allegations in paragraph 101.

6     102.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 102.

103.     In response to the allegations in paragraph 103, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 103.

104.     In response to the allegations in paragraph 104, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 104.

105.     In response to the allegations in paragraph 105, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 105.

106.     In response to the allegations in paragraph 106, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the EPA OPP Report and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-05160-VC

1

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

2

3

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

4

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

5

6

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

7

8

9

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

10

11

12

13

14   Monsanto denies the remaining allegations in paragraph 106.

15        107.    In response to the allegations in paragraph 107, Monsanto admits that it – along

16   with a large number of other companies and governmental agencies – was defrauded by two

17   chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

18   testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct

19   toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any

20   glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

21   studies. To the extent that the allegations in paragraph 107 are intended to suggest that

22   Monsanto was anything other than a victim of this fraud, such allegations are denied.

23        108.    In response to the allegations in paragraph 108, Monsanto admits that IBT

24   Laboratories was hired to conduct toxicity studies in connection with the registration of a

25   Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is

26   based upon any fraudulent or false IBT studies.

27        109.    Monsanto denies the allegations in paragraph 109 to the extent they suggest that

28   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

1   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

2   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

3   connection with services provided to a broad number of private and governmental entities and

4   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

5   one of several pesticide manufacturers who had used IBT test results.  The audit found some

6   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

7   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

8   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

9   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 109 are

10  intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

11  denies those allegations.

12         110.    In response to the allegations in paragraph 110, Monsanto admits that three IBT

13  employees were convicted of the charge of fraud, but Monsanto denies that any of the

14  individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

15  herbicides.

16         111.    In response to the allegations in paragraph 111, Monsanto admits that it – along

17  with numerous other private companies – hired Craven Laboratories as an independent

18  laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

19  denies the remaining allegations in paragraph 111.

20         112.    In response to the allegations in paragraph 112, Monsanto admits that EPA

21  investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

22  paragraph 112 are intended to suggest that Monsanto was anything other than a victim of this

23  fraud, Monsanto denies those allegations.

24         113.    In response to the allegations in paragraph 113, Monsanto admits that it was

25  defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

26  at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 113

27  are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

28  denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-05160-VC

114.     In response to the allegations in paragraph 114, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

115.     In response to the allegations in paragraph 115, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 115.

116.     Monsanto denies the allegations in paragraph 116.

117.     Monsanto denies the allegations in paragraph 117.

118.     Monsanto denies the allegations in paragraph 118.

119.     Monsanto denies the allegations in paragraph 119.

120.     Monsanto denies the allegations in paragraph 120.

121.     Monsanto denies the allegations in paragraph 121.

122.     Monsanto denies the allegations in paragraph 122.

123.     Monsanto denies the allegations in paragraph 123.

124.     Monsanto admits that plaintiff purports to bring an action for compensatory damages but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 124.

125.     Monsanto denies the allegations in paragraph 125.

126.     Monsanto denies the allegations in paragraph 126.

127.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 127 and therefore denies those allegations.

128.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 128 and therefore denies those allegations.

1   129.   Monsanto lacks information or knowledge sufficient to form a belief as to the

2   truth of the allegations in the first sentence of paragraph 129 and therefore denies those

3   allegations.  Monsanto denies the remaining allegations in paragraph 129.

4   130.   Monsanto lacks information or knowledge sufficient to form a belief as to the

5   truth of the allegations in paragraph 130 and therefore denies those allegations.

6   131.   Monsanto incorporates by reference its responses to paragraphs 1 through 130 in

7   response to paragraph 131 of plaintiff's Complaint.

8   132.   In response to the allegations in paragraph 132, Monsanto denies that it has

9   concealed the alleged "true risks associated with Roundup and glyphosate."  The remaining

10   allegations in paragraph 132 set forth conclusions of law for which no response is required.

11   133.   In response to the allegations in paragraph 133, Monsanto admits that it has stated

12   and continues to state that Roundup®-branded products are safe when used as labeled and that

13   they are non-toxic and non-carcinogenic.

14   134.   In response to the allegations in paragraph 134, Monsanto states that the cited

15   document speaks for itself and does not require a response.

16   135.   Monsanto denies that exposure to Roundup®-branded products and glyphosate

17   exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

18   135.  Monsanto states, however, that the scientific studies upon which IARC purported to base

19   its classification were all publicly available before March 2015.

20   136.   Monsanto denies that it concealed "the true character, quality and nature of

21   Roundup."  The remaining allegations of paragraph 136 set forth conclusions of law for which

22   no response is required.  To the extent that a response is deemed required, Monsanto denies all of

23   plaintiff's allegations in paragraph 136.  Monsanto states, however, that the scientific studies

24   upon which IARC purported to base its classification were all publicly available before March

25   2015.

26   137.   Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

27   and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

28   branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 137 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

138.    Monsanto incorporates by reference its responses to paragraphs 1 through 137 in response to paragraph 138 of plaintiff's Complaint.

139.    Paragraph 139 sets forth conclusions of law for which no response is required.

140.    Monsanto denies the allegations in paragraph 140.

141.    Monsanto denies the allegations in paragraph 141, including each of its subparts.

142.    Monsanto denies the allegations in paragraph 142.

143.    Monsanto denies the allegations in paragraph 143.

144.    Monsanto denies the allegations in paragraph 144, including each of its subparts.

145.    Monsanto denies the allegations in paragraph 145.

146.    Monsanto denies the allegations in paragraph 146.

147.    Monsanto denies the allegations in paragraph 147.

148.    Monsanto denies the allegations in paragraph 148.

In response to the "WHEREFORE" paragraph following paragraph 148, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint by dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

149.    Monsanto incorporates by reference its responses to paragraphs 1 through 148 in response to paragraph 149 of plaintiff's Complaint.

150.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 150 and therefore denies those allegations.

151.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 151 and therefore denies those allegations.

1   152. Monsanto denies the allegations in paragraph 152.

2   153. Monsanto denies the allegations in paragraph 153.

3   154. Monsanto denies the allegations in paragraph 154.

4   155. Monsanto denies the allegations in paragraph 155, including each of its subparts.

5   156. Monsanto denies the allegations in paragraph 156.

6   157. Monsanto denies that Roundup®-branded products have "dangerous

7 characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

8 truth of the remaining allegations in paragraph 157 and therefore denies those allegations.

9   158. Monsanto lacks information or knowledge sufficient to form a belief as to the

10 truth of the allegations in paragraph 158 and therefore denies those allegations.

11   159. Monsanto denies the allegations in paragraph 159.

12   160. Paragraph 160 sets forth conclusions of law for which no response is required.

13   161. Monsanto denies the allegations in paragraph 161.

14   162. Monsanto denies the allegations in paragraph 162.

15   163. Monsanto denies the allegations in paragraph 163.

16   164. Monsanto denies the allegations in paragraph 164.

17   165. Monsanto denies the allegations in paragraph 165.

18   166. Monsanto denies the allegations in paragraph 166.

19   167. Monsanto denies the allegations in paragraph 167.

20   168. Monsanto denies the allegations in paragraph 168.

21   169. Monsanto denies the allegations in paragraph 169.

22   170. Monsanto denies the allegations in paragraph 170.

23  In response to the "WHEREFORE" paragraph following paragraph 170, Monsanto

24 demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint by

25 dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

26 fees as allowed by law and such further and additional relief as this Court may deem just and

27 proper.

28   171. Monsanto incorporates by reference its responses to paragraphs 1 through 170 in

1    response to paragraph 171 of plaintiff's Complaint.

2         172.    Monsanto admits the allegations in paragraph 172.

3         173.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 173 and therefore denies those allegations.

5         174.    Monsanto denies the allegations in paragraph 174.  All labeling of Roundup®-

6    branded products has been and remains EPA-approved and in compliance with all federal

7    requirements under FIFRA.

8         175.    Monsanto denies the allegations in paragraph 175.

9         176.    Monsanto denies the allegations in paragraph 176.  All labeling of Roundup®-

10   branded products has been and remains EPA-approved and in compliance with all federal

11   requirements under FIFRA.

12        177.    Monsanto denies the allegations in paragraph 177.  All labeling of Roundup®-

13   branded products has been and remains EPA-approved and in compliance with all federal

14   requirements under FIFRA and with Pennsylvania law.

15        178.    Monsanto denies the allegations in paragraph 178.

16        179.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations regarding plaintiff's use history in paragraph 179 and therefore denies

18   those allegations.  Monsanto denies the remaining allegations in paragraph 179.

19        180.    Paragraph 180 sets forth conclusions of law for which no response is required.

20        181.    Monsanto denies the allegations in paragraph 181.

21        182.    Monsanto denies the allegations in paragraph 182.

22        183.    Monsanto denies the allegations in paragraph 183.

23        184.    Monsanto denies the allegations that Roundup®-branded products are defective

24   and accordingly denies the allegations in paragraph 184.

25        185.    Paragraph 185 sets forth conclusions of law for which no response is required.

26        186.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 186 and therefore denies those allegations.

28        187.    Monsanto denies the allegations in paragraph 187.

1       188.    Monsanto denies the allegations in paragraph 188.

2       189.    Monsanto denies the allegations in paragraph 189.

3       190.    Monsanto denies the allegations in paragraph 190.

4       191.    Monsanto denies the allegations in paragraph 191.

5       In response to the "WHEREFORE" paragraph following paragraph 191, Monsanto

6   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint by

7   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

8   fees as allowed by law and such further and additional relief as this Court may deem just and

9   proper.

10      In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

11  denies that plaintiff is entitled to the relief sought therein, including any judgment for any

12  damages, interest, costs, or any other relief whatsoever.

13      Every allegation in the Complaint that is not specifically and expressly admitted in this

14  Answer is hereby specifically and expressly denied.

15  **SEPARATE AND AFFIRMATIVE DEFENSES**

16      1.      The Complaint, in whole or part, fails to state a claim or cause of action against

17  Monsanto upon which relief can be granted.

18      2.      Plaintiff's claims are barred in whole because plaintiff cannot proffer any

19  scientifically reliable evidence that the products at issue were defective or unreasonably

20  dangerous.

21      3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted,

22  was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

23  plaintiff's alleged injuries.

24      4.      Plaintiff's claims are barred, in whole or in part, because the products at issue

25  were designed, manufactured, marketed and labeled with proper warnings, information, cautions

26  and instructions, in accordance with the state of the art and the state of scientific and

27  technological knowledge.

28      5.      Plaintiff's claims are barred, in whole or in part, because the products at issue

were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.      Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.      Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.      Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.      If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative

1   degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that

2   are not related or connected with any product sold, distributed, or manufactured by Monsanto.

3   Such acts or omissions on the part of others or diseases or causes constitute an independent,

4   intervening and sole proximate cause of plaintiff's alleged injury or damages.

5       15.    Monsanto had no legal relationship or privity with plaintiff and owed no duty to

6   him by which liability could be attributed to it.

7       16.    Plaintiff's claims are preempted in whole or part by the Freedom of Speech

8   Clause of the First Amendment of the U.S. Constitution.

9       17.    Plaintiff's claims for punitive damages are barred because such an award would

10   violate Monsanto's due process, equal protection and other rights under the United States

11   Constitution, the Pennsylvania Constitution and/or other applicable state constitutions.

12       18.    Plaintiff's claims for punitive damages are barred because plaintiff has failed to

13   allege conduct warranting imposition of punitive damages under Pennsylvania law and/or other

14   applicable state laws.

15       19.    Plaintiff's claims for punitive damages are barred and/or limited by operation of

16   state and/or federal law.

17       20.    Plaintiff's claims are barred in whole or in part by plaintiff's own

18   contributory/comparative negligence.

19       21.    Plaintiff's claims are barred in whole or in part by plaintiff's own failure to

20   mitigate damages.

21       22.    Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

22       23.    Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff

23   receives from collateral sources.

24       24.    If plaintiff has been injured or damaged, no injury or damages being admitted,

25   such injuries were not caused by a Monsanto product.

26       24.    Monsanto hereby preserves any and all defenses under *Tincher v. Omega Flex,*

27   *Inc.*, 104 A.3d 328 (Pa. 2014).

28

- 22 -

1      25.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims

2  that are governed by the laws of a state that does not recognize or limit such claims.

3      26.     Monsanto hereby gives notice that it intends to rely upon such other defenses as

4  may become available or apparent during the course of discovery and thus reserves its right to

5  amend this Answer to assert such defenses.

6      **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

7  plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

8  other relief as the Court deems equitable and just.

9                          <u>**JURY TRIAL DEMAND**</u>

10      Monsanto demands a jury trial on all issues so triable.

11

12  DATED:  September 26, 2017                    Respectfully submitted,

13

14                                              /s/ Joe G. Hollingsworth
                                                Joe G. Hollingsworth (*pro hac vice*)
15                                              (jhollingsworth@hollingsworthllp.com)
                                                Eric G. Lasker (*pro hac vice*)
16                                              (elasker@hollingsworthllp.com)
                                                HOLLINGSWORTH LLP
17                                                 1350 I Street, N.W.
                                                   Washington, DC  20005
18                                                 Telephone:   (202) 898-5800
                                                   Facsimile:    (202) 682-1639
19
20                                              *Attorneys for Defendant*
                                                *MONSANTO COMPANY*
21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-05160-VC