# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>ALL ACTIONS | **MONSANTO COMPANY'S NOTICE TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF DR. DENNIS D. WEISENBURGER** |

To: All MDL plaintiffs, by and through, the Court's appointed co-lead counsel, Robin Greenwald of Weitz & Luxenberg, PC, Michael Miller of The Miller Firm, LLC, and Aimee Wagstaff of Andrus Wagstaff, PC

Please take notice that, pursuant to Rule 30 and Rule 45 of the Federal Rules of Civil Procedure, defendant Monsanto Company shall take the videotaped deposition upon oral examination of **Dr. Dennis D. Weisenburger on September 11, 2017** before a person duly authorized to administer oaths. The deposition shall commence at **9:00 a.m. PDT at Courtyard by Marriott, 700 Huntington Drive, Monrovia, CA.** The conduct of the deposition, including its continuation if necessary, shall be governed by Pretrial Order No. 7: Deposition Protocol (ECF No. 103) and Rule 30 of the Federal Rules of Civil Procedure. Dr. Weisenburger shall produce any documents identified in Schedule A attached to his Document Subpoena, at least 10 days prior to the deposition. *See* August 21, 2017 Document Subpoena for Dr. Dennis D. Weisenburger.

| | | |
|---|---|---|
| 1 | DATED: August 21, 2017 | Respectfully submitted, |
| 2 | | /s/ Heather A. Pigman |
| | | Heather A. Pigman (*pro hac vice*) |
| 3 | | hpigman@hollingsworthllp.com |
| 4 | | Joe G. Hollingsworth (*pro hac vice*) |
| | | (jhollingsworth@hollingsworthllp.com) |
| 5 | | HOLLINGSWORTH LLP |
| | | 1350 I Street, N.W. |
| 6 | | Washington, DC  20005 |
| 7 | | Telephone:  (202) 898-5800 |
| | | Facsimile:  (202) 682-1639 |
| 8 | | Attorneys for Defendant |
| 9 | | MONSANTO COMPANY |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| IN RE: ROUNDUP PRODS. LIABILITY LITIG. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 16-md-2741-CV |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Dr. Dennis D. Weisenburger

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
SEE ATTACHED SCHEDULE A

| Place: Hollingsworth LLP, 1350 I Street, N.W., Washington D.C. 20005 | Date and Time: 09/01/2017 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/21/2017

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  16-md-2741-CV

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A
# DEFINITIONS

1. The term "Communication," as used in these Requests, is intended to have the broadest possible meaning and shall include any contact or act by which information or knowledge is transmitted or conveyed between two or more persons and includes, without limitation: (1) written contact, including but not limited to letters, memoranda, PowerPoint presentations, email, text message, telegram, telex, internet-based meetings, or other written or electronic documents or files; (2) oral contact, whether by face-to-face meetings, internet-based meetings, video conferences, telephonic conversations, or otherwise; and (3) nonverbal acts intended to communicate or convey any meaning, understanding or other message.

2. "Concerns," "concerning," "relates," or "relating" shall mean and include contain or containing, constitute or constituting, describe or describing, discuss or discussing, refer or referring, state or stating, assess or assessing, and record or recording.

3. "Documents" shall be construed in the broadest sense and includes, but is not limited to, the original and any non-conforming copies of any and all written, printed, typed, graphic, photographic, visual or otherwise recorded matter of any kind or nature, and all microfilm, or electronic sound recording or transcripts thereof however produced or reproduced, including non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, writings, drawings, records and recordings of every kind and description, whether inscribed by hand or by mechanical, electronic, microfilm, photographic or other means, as well as audio or visual reproduction of all statements, conversations or events including, but not limited to, agreements, bids, bonds, bulletins, calendars and appointment books, checks, circulars, communications, contracts, correspondence, statements, telegrams, receipts, returns, summaries, data books, accounting records, including ledgers, vouchers and books of account, computer printouts, information storage, media diaries and diary entries, drawings and charts, including additions and revisions, estimates, evaluations, financial statements and records, instructions, inter- and intra-office communications, invoices, job site reports, investigative reports, audits, logs, memoranda of any type, minutes of all meetings, notes

of all types, orders, including change, proceed and purchase orders, questionnaires and surveys, photographs, price sheets, records, results of investigations, schedules including additions and revisions, statistical records, reports, analyses and studies of any kind, tape recordings, including any form of any recording of any telephone or other conversation, interview, conference, or meeting, and all contract and working papers as well as drawings, papers and files.  A reference herein to any one or more of these types of documents shall be construed to include all other types of documents without limitations.

4. Words used in the singular shall, where the context permits, include the plural, and words used in the plural shall, where the context permits, include the singular.

5. "You" and "your" refers to the person served with and responding to these Requests.

6. "Roundup®/ glyphosate litigation" refers to any lawsuit, litigation, or other matter, including, but is not limited to, the multidistrict litigation captioned, *In re Roundup Products Liability Litigation*, Case No. 3:16-md-02741-CV (N.D. Cal.), in which an individual has asserted or will assert, a claim against Monsanto Company ("Monsanto") asserting that the use of Monsanto's Roundup®-branded products has caused their hematopoietic malignancies, including non-Hodgkin's lymphoma ("NHL") or other cancers that have been or will be alleged.

**REQUESTS FOR PRODUCTION**

As stated in the foregoing Subpoena, you are required to produce the following documents:

1. All documents provided to you, or that you have, related to the Roundup®/ glyphosate litigation that are not publicly or otherwise available.

2. All studies, literature, materials, research files, or any other documents that are not publicly or otherwise available that you have reviewed and upon which you rely and/or intend to rely upon as a basis for the opinions that you intend to offer in the Roundup®/ glyphosate litigation.

3. All publications, literature, treatises, or other documents reviewed by you in working on, or rendering opinions in, the Roundup®/ glyphosate litigation that are not publicly or otherwise available. This request includes all documents not cited in your expert reports that contain data or other information considered by you in the course of formulating your opinions.

4. Your most recent curriculum vitae.

5. All billing records, invoices, or other documents reflecting time spent and/or fees charged by you (either directly or through your employer or other entity) in connection with the Roundup®/ glyphosate litigation.

6. Any retainer letter, contract, agreement, or other document setting forth the retention of you to work in the Roundup®/ glyphosate litigation.

7. A copy of all abstracts, articles, books or book excerpts of which you are an author, co-author or editor, and any correspondence you have written to or exchanged with members of any regulatory or legislative body, which has as all or part of its subject matter any hematopoietic malignancies, glyphosate, and/ or Roundup®, that are not publicly or otherwise available.

8. A copy of all handouts, power points or other documents used by you at any lecture you have given in the past five (5) years relating to hematopoietic malignancies, including NHL, that are not publicly or otherwise available.

9. A copy of all handouts, power points or other documents used by you at any lecture you have given on pesticides, including glyphosate and/ or Roundup®, that are not publicly or otherwise available.

10. A copy of all handouts, power points or other documents used by you at any lecture you have given relating to the United States Environmental Protection Agency (EPA), the International Agency for Research on Cancer (IARC), The European Food Safety Authority (EFSA), or other risk-assessment bodies that include discussion on policies and practices surrounding risk assessment. This request is limited to documents that are not publicly or otherwise available.

3
SCHEDULE A TO WEISENBURGER SUBPOENA (3:16-md-02741-VC)

11. Any communications and documents relating to communications between you and any or all of the following individuals regarding glyphosate and/ or Roundup®, which are not publicly or otherwise available: Beate Ritz; Christopher Portier; Alfred Neugut; Charles Jameson; Chadi Nabhan; Aaron Blair; Matthew Ross.

12. A copy of all handouts, power points or other documents used by you at any lecture you have given in the past five (5) years relating to case control studies, cohort studies, pooled studies, meta-analysis, or Bradford Hill analysis that are not publicly or otherwise available.

13. All communications and documents relating to the North American Pooled Project ("NAPP"), including, but not limited to, all communications and documents with Shelley A. Harris, Laura Beane-Freeman, John Spinelli, Aaron Blair, Manisha Pahwa, Linda Kachuri, Paul Demers, Stella Koutros, Lidija Latifovic, Shelia Hoar Zahm, Kenneth P. Cantor, John McLaughlin, Punam Pahwa, and James A. Dosman regarding glyphosate and/or Roundup®, which are not publicly or otherwise available.

14. All communications and documents with individual plaintiffs in the Roundup®/ glyphosate litigation at City of Hope regarding recruitment of plaintiffs for the Roundup®/ glyphosate litigation, which are not publicly or otherwise available.

15. All communications and documents with plaintiffs' counsel relating to any drafts of publications concerning glyphosate and/or Roundup® that you have authored or co-authored after being retained by plaintiffs' counsel for the Roundup®/ glyphosate litigation, which are not publicly or otherwise available.

16. All communications and documents you have with Aaron Blair, Laura Beane-Freeman, Jonathan Hofmann, Jane Hoppin, Dale Sandler, Michael Alavanja, Stella Koutros, Charles F. Lynch, Kathryn Hughes Barry, Cynthia J. Hines, Kent Thomas, Joe Barker, Gabriella Andreotti, and Anneclaire J. DeRoos regarding the Agricultural Health Study and glyphosate from the last five (5) years, which are not publicly or otherwise available.

| | | |
|---|---|---|
| 1 | DATED: August 21, 2017 | Respectfully submitted, |

/s/ Heather A. Pigman
Heather A. Pigman (*pro hac vice*)
Joe G. Hollingsworth (*pro hac vice*)
**HOLLINGSWORTH LLP**
1350 I Street, N.W.
Washington, DC 20005
Tel:   202-898-5800
Fax:   202-682-1639
Email: jhollingsworth@hollingsworthllp.com
           hpigman@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*