**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:  202-898-5800
Facsimile:  202-682-1639
Email:      jhollingsworth@hollingsworthllp.com
            elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Frank Gandolfo v. Monsanto Co.*, Case No. 3:17-cv-05478-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Frank Gandolfo's Complaint ("Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies that exposure to Roundup®-branded products could have caused or did cause plaintiff's alleged non-Hodgkin's lymphoma ("NHL"), low grade lymphoma, and/or other physical injuries.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and therefore denies those allegations.

1    3.    Monsanto admits the allegations in paragraph 3.

2    4.    Monsanto lacks information or knowledge sufficient to form a belief as to the

3    truth of the allegations in paragraph 4 that plaintiff purchased Roundup®-branded products in

4    Florida and therefore denies those allegations.  The remaining allegations in paragraph 4 set forth

5    conclusions of law for which no response is required.

6    5.    In response to the allegations in the first sentence of paragraph 5, Monsanto

7    admits that it sells Roundup®-branded products in Florida.  The final sentence in paragraph 5 sets

8    forth conclusions of law for which no response is required.  The remaining allegations in

9    paragraph 5 are vague and conclusory and comprise attorney characterizations and are

10   accordingly denied.

11   6.    The allegations in paragraph 6 set forth conclusions of law for which no response

12   is required.  To the extent that a response is required, Monsanto admits the allegations in

13   paragraph 6 based upon the allegations in plaintiff's Complaint.

14   7.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations concerning plaintiff's exposure to Roundup®-branded products and

16   therefore denies those allegations.  The remaining allegations in paragraph 7 set forth

17   conclusions of law for which no response is required.  To the extent that a response is deemed

18   required, Monsanto admits that venue is proper in the Middle District of Florida based upon the

19   allegations in plaintiff's Complaint.

20   8.    The allegations in paragraph 8 set forth conclusions of law for which no response

21   is required.

22   9.    Monsanto admits that it has designed, researched, manufactured, tested,

23   advertised, promoted, marketed, sold, and distributed Roundup®-branded products.

24   10.   The allegations in paragraph 10 comprise attorney characterizations and are

25   accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff

26   have a variety of separate and distinct uses and formulations.

27   11.   Monsanto admits that it is an agricultural biotechnology corporation with a

28   principal place of business in St. Louis, Missouri.  Monsanto admits that it and its affiliated

1  companies have operations and offices in countries around the world.  Monsanto states that the

2  remaining allegations in paragraph 11 are vague and that it accordingly lacks information or

3  knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

4  denies those allegations.

5         12.     Monsanto admits that it discovered the herbicidal properties of glyphosate during

6  the 1970's.  The remaining allegations in paragraph 12 are vague and ambiguous and Monsanto

7  lacks information or knowledge sufficient to form a belief as to the truth of those allegations and

8  therefore denies those allegations.

9         13.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

10  The remaining allegations in paragraph 13 comprise attorney characterizations and are

11  accordingly denied.

12         14.     Monsanto admits the allegations in the first sentence of paragraph 14. Monsanto

13  generally admits the allegations in the second sentence of paragraph 14, but denies the

14  allegations in the second sentence of paragraph 14 to the extent that they suggest that glyphosate

15  is present in any plants at anything other than *de minimis* amounts well within regulatory safety

16  levels, as determined by the United States Environmental Protection Agency ("EPA").

17         15.     Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 15 and therefore denies those allegations.

19         16.     Monsanto admits that it is the leading producer of seeds that contain the Roundup

20  Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

21  farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

22  belief as to the accuracy of the specific numbers and statistics provided in the remaining

23  sentences of paragraph 16 and therefore denies those allegations.  Monsanto denies the

24  remaining allegations in paragraph 16.

25         17.     Monsanto admits the allegations in paragraph 17.

26         18.     Monsanto states that the term "In all this time" is vague and ambiguous, and

27  Monsanto therefore denies the same.  Monsanto admits that Roundup®-branded products have

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-05478-VC

1    been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded

2    products have carcinogenic properties and denies the remaining allegations in paragraph 18.

3    19.    The allegations in paragraph 19 set forth conclusions of law for which no

4    response is required.  To the extent that a response is deemed required, Monsanto admits the

5    allegations in paragraph 19.

6    20.    In response to the allegations in paragraph 20, Monsanto admits that EPA requires

7    registrants of herbicides to submit extensive data in support of the human health and

8    environmental safety of their products and further admits that EPA will not register or approve

9    the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

10   Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 20 set forth

11   conclusions of law for which no response is required.

12   21.    The allegations in paragraph 21 set forth conclusions of law for which no

13   response is required.

14   22.    Monsanto admits that Roundup®-branded products are registered by EPA for

15   manufacture, sale and distribution and are registered by the State of Florida for sale and

16   distribution.

17   23.    In response to the allegations in paragraph 23, Monsanto admits that EPA requires

18   registrants of herbicides to submit extensive data in support of the human health and

19   environmental safety of their products and further admits that EPA will not register or approve

20   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

21   states that the term "the product tests" in the final sentence of paragraph 23 is vague and

22   ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 23

23   set forth conclusions of law for which no answer is required.

24   24.    Monsanto denies the allegations in paragraph 24 to the extent that they suggest

25   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

26   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

27   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

28   of the allegations in paragraph 24 regarding such pesticide products generally and therefore

1    denies those allegations.  The remaining allegations in paragraph 24 set forth conclusions of law

2    for which no response is required.

3         25.     In response to the allegations in paragraph 25, Monsanto admits that EPA has

4    undertaken a regulatory review of glyphosate and further admits that EPA has not released its

5    findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

6    Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

7    concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

8    humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

9    posted an October 2015 final report by its standing Cancer Assessment Review Committee

10   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

11   to be Carcinogenic to Humans."[2]  In addition to the conclusions in the EPA OPP Report and the

12   EPA CARC Final Report, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen] — one that shows evidence of non-carcinogenicity for humans — based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies those allegations.

26. In response to the allegations in paragraph 26, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.

27. The allegations in paragraph 27 are vague and conclusory and comprise attorney characterizations and are accordingly denied. To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.

28. In response to the allegations in paragraph 28, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 28 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

29. Monsanto denies the allegations in paragraph 29.

30. In response to the allegations in paragraph 30, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 30 to the extent that they suggest that this ruling was in any way related to plaintiff's claims here that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 30.

1    31.    Monsanto denies the allegations in paragraph 31.

2    32.    In response to the allegations in paragraph 32, Monsanto states that the cited

3  document speaks for itself and does not require a response.  To the extent that the allegations in

4  paragraph 32 go beyond a restatement of the cited document, Monsanto lacks information or

5  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 32

6  and therefore denies those allegations.

7    33.    Monsanto admits the allegations in paragraph 33.

8    34.    In response to the allegations in paragraph 34, Monsanto states that the cited the

9  document speaks for itself and does not require a response.  To the extent that the allegations in

10  paragraph 34 go beyond a restatement of the cited document, Monsanto lacks information or

11  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 34

12  and therefore denies those allegations.

13    35.    Monsanto states that the term "toxic" as used in paragraph 35 is vague and

14  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

15  denies the allegations in paragraph 35.

16    36.    Monsanto admits the allegations in the first sentence of paragraph 36.  In response

17  to the allegations in the second sentence of paragraph 36, Monsanto states that the document

18  speaks for itself and does not require a response.  To the extent that a response is deemed

19  required, Monsanto denies the remaining allegations in paragraph 36.

20    37.    In response to the allegations in the first sentence of paragraph 37, Monsanto

21  admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle

22  regulation" in 2004.  To the extent that the second sentence of paragraph 37 characterizes the

23  meaning of the cited study, Monsanto denies the allegations in the second sentence of paragraph

24  37.  In response to the remaining allegations in paragraph 37, Monsanto states that the document

25  speaks for itself and does not require a response.  To the extent that a response is deemed

26  required, Monsanto denies the remaining allegations in paragraph 37.

27    38.    In response to the allegations in paragraph 38, Monsanto states that the cited

28  document speaks for itself and does not require a response.  To the extent that paragraph 38

1  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

2  paragraph 38.

3       39.      Monsanto denies the allegations in paragraph 39.

4       40.      In response to the allegations in paragraph 40, Monsanto states that the cited

5  document speaks for itself and does not require a response.  To the extent that paragraph 40

6  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

7  paragraph 40.

8       41.      In response to the allegations in paragraph 41, Monsanto states that the cited

9  document speaks for itself and does not require a response.  To the extent that paragraph 41

10 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

11 paragraph 41.

12      42.      Monsanto denies the allegation that the cited studies support the allegation that

13 glyphosate or Roundup®-branded products pose any risk to human health and denies the

14 remaining allegations in paragraph 42.

15      43.      Monsanto denies the allegations in paragraph 43.

16      44.      Monsanto denies the allegations in paragraph 44.

17      45.      Monsanto denies the allegations in paragraph 45.

18      46.      Monsanto denies the allegations in paragraph 46.

19      47.      Monsanto admits that it has in the past promoted, and continues to promote,

20 Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

21 Monsanto denies the remaining allegations in paragraph 47.

22      48.      Monsanto admits that the International Agency for Research on Cancer ("IARC")

23 is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

24 lacks information or knowledge sufficient to form a belief as to the truth of the remaining

25 allegations in paragraph 48 and therefore denies those allegations.

26      49.      Monsanto lacks information or knowledge sufficient to form a belief as to the

27 truth of the allegations in paragraph 49 and therefore denies those allegations.  Monsanto denies

28 that glyphosate met the criteria necessary to be eligible for review.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-05478-VC

50.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

51.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 51 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

52.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 52, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 52 comprise attorney characterizations and are accordingly denied.

53.     In response to the allegations in paragraph 53, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 53 comprise attorney characterizations and are accordingly denied.

54.     In response to the allegations in paragraph 54, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 54 comprise attorney characterizations and are accordingly denied.

55.     Monsanto denies the allegations in paragraph 55.

56.     The allegations in paragraph 56 comprise attorney characterizations and are accordingly denied.

57.     Monsanto admits the allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 58

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 59.

60.     The allegations in paragraph 60 are vague and ambiguous and are accordingly denied.

61.     In response to the allegations in paragraph 61, Monsanto states that the cited document speaks for itself and does not require a response.

62.     In response to the allegations in paragraph 62, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 62 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 62.

63.     Monsanto denies the allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 64

65.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic.  Monsanto otherwise denies the allegations in paragraph 65.

66.     Monsanto denies the allegations in paragraph 66.

67.     Monsanto denies the allegations in paragraph 67.

68.     Monsanto denies the allegations in paragraph 68.

69.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 69.

70.     Monsanto denies the allegations in paragraph 70.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-05478-VC

71.     Monsanto denies the allegations in paragraph 71.

72.     Monsanto admits the allegations in paragraph 72.

73.     Monsanto denies the allegations in paragraph 73.

74.     Monsanto admits the allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     Monsanto denies the allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 82.

83.     In response to the allegations in paragraph 83, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.

84.     In response to the allegations in paragraph 84, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

85.     In response to the allegations in paragraph 85, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-05478-VC

1    87.    Monsanto denies the allegations in paragraph 87.

2    88.    Monsanto denies the allegations in paragraph 88.

3    89.    Monsanto denies the allegations in paragraph 89.

4    90.    Monsanto denies the allegations in paragraph 90.

5    91.    Monsanto denies the allegations in paragraph 91.

6    92.    Monsanto denies the allegations in paragraph 92.

7    93.    Monsanto denies the allegations in paragraph 93.

8    94.    Monsanto admits that plaintiff purports to bring an action for compensatory

9    damages but denies any liability to plaintiff.  Monsanto denies the remaining allegations in

10   paragraph 94.

11   95.    Monsanto denies the allegations in paragraph 95.

12   96.    Monsanto denies the allegations in paragraph 96.

13   97.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in paragraph 97 and therefore denies those allegations.

15   98.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 98 and therefore denies those allegations.

17   99.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18   truth of the allegations in paragraph 99 and therefore denies those allegations.

19   100.    Monsanto denies that it is liable to plaintiff for his alleged damages.

20   101.    Monsanto denies that any exposure to Roundup®-branded products can cause

21   NHL and other serious illnesses and therefore denies the allegations in paragraph 101.  Monsanto

22   states, however, that the scientific studies upon which IARC purported to base its evaluation of

23   glyphosate were all publicly available before March 2015.

24   102.    Monsanto denies that any exposure to Roundup®-branded products can cause

25   NHL and other serious illnesses and therefore denies the allegations in paragraph 102.  Monsanto

26   states, however, that the scientific studies upon which IARC purported to base its evaluation of

27   glyphosate were all publicly available before March 2015.

28

103.     In response to the allegations in paragraph 103, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The final sentence of paragraph 103 sets forth a conclusion of law for which no response is required.

104.     In response to the allegations in paragraph 104, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health and therefore denies the allegations in paragraph 104.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  The allegations in paragraph 104 set forth conclusions of law for which no response is required.

105.     In response to the allegations in paragraph 105, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 105 and therefore denies those allegations.

106.     The allegations in paragraph 106 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 106.  Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

107.     In response to the allegations in paragraph 107, Monsanto denies that it concealed any facts related to the human health safety of glyphosate.  The remaining allegations in paragraph 107 set forth conclusions of law for which no response is required.

108.     Monsanto denies the allegations in paragraph 108.

109.    The allegations in paragraph 109 set forth conclusions of law for which no response is required.

110.    Monsanto denies the allegations in paragraph 110.

111.    The allegations in paragraph 111 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 111.  Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

112.    Monsanto incorporates by reference its responses to paragraphs 1 through 111 in response to paragraph 112 of plaintiff's Complaint.

113.    Paragraph 113 sets forth conclusions of law for which no response is required.

114.    Monsanto denies the allegations in paragraph 114.

115.    Monsanto denies the allegations in paragraph 115, including each of its subparts.

116.    Monsanto denies the allegations in paragraph 116.

117.    Monsanto denies the allegations in paragraph 117.

118.    Monsanto denies the allegations in paragraph 118, including each of its subparts.

119.    Monsanto denies the allegations in paragraph 119.

120.    Monsanto denies the allegations in paragraph 120.

121.    Monsanto denies the allegations in paragraph 121.

122.    Monsanto denies the allegations in paragraph 122.

In response to the "WHEREFORE" paragraph following paragraph 122, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

123.    Monsanto incorporates by reference its responses to paragraphs 1 through 122 in response to paragraph 123 of plaintiff's Complaint.

124.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 124 and therefore denies those allegations.

125.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 125 and therefore denies those allegations.

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto denies the allegations in paragraph 127.

128.    Monsanto denies the allegations in paragraph 128.

129.    Monsanto denies the allegations in paragraph 129, including each of its subparts.

130.    Monsanto denies the allegations in paragraph 130.

131.    Monsanto denies that Roundup®-branded products have "dangerous characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 131 and therefore denies those allegations.

132.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 132 and therefore denies those allegations.

133.    Monsanto denies the allegations in paragraph 133.

134.    Paragraph 134 sets forth conclusions of law for which no response is required.

135.    Monsanto denies the allegations in paragraph 135.

136.    Monsanto denies the allegations in paragraph 136.

137.    Monsanto denies the allegations in paragraph 137.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto denies the allegations in paragraph 139.

140.    Monsanto denies the allegations in paragraph 140.

141.    Monsanto denies the allegations in paragraph 141.

142.    Monsanto denies the allegations in paragraph 142.

143.    Monsanto denies the allegations in paragraph 143.

In response to the "WHEREFORE" paragraph following paragraph 143, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

1   fees as allowed by law and such further and additional relief as this Court may deem just and

2   proper.

3       144.    Monsanto incorporates by reference its responses to paragraphs 1 through 143 in

4   response to paragraph 144 of plaintiff's Complaint.

5       145.    Monsanto admits the allegations in paragraph 145.

6       146.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7   truth of the allegations in paragraph 146 and therefore denies those allegations.

8       147.    Monsanto denies the allegations in paragraph 147.  All labeling of Roundup®-

9   branded products has been and remains EPA-approved and in compliance with all federal

10  requirements under FIFRA.

11      148.    Monsanto denies the allegations in paragraph 148.

12      149.    Monsanto denies the allegations in paragraph 149.  All labeling of Roundup®-

13  branded products has been and remains EPA-approved and in compliance with all federal

14  requirements under FIFRA.

15      150.    Monsanto denies the allegations in paragraph 150.  All labeling of Roundup®-

16  branded products has been and remains EPA-approved and in compliance with all federal

17  requirements under FIFRA and with Florida law.

18      151.    Monsanto denies the allegations in paragraph 151.

19      152.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations regarding plaintiff's use history in paragraph 152 and therefore denies

21  those allegations.  Monsanto denies the remaining allegations in paragraph 152.

22      153.    Paragraph 153 sets forth conclusions of law for which no response is required.

23      154.    Monsanto denies the allegations in paragraph 154.

24      155.    Monsanto denies the allegations in paragraph 155.

25      156.    Monsanto denies the allegations in paragraph 156.

26      157.    Monsanto denies the allegations that Roundup®-branded products are defective

27  and accordingly denies the allegations in paragraph 157.

28      158.    Paragraph 158 sets forth conclusions of law for which no response is required.

1    159.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2   truth of the allegations in paragraph 159 and therefore denies those allegations.

3    160.    Monsanto denies the allegations in paragraph 160.

4    161.    Monsanto denies the allegations in paragraph 161.

5    162.    Monsanto denies the allegations in paragraph 162.

6    163.    Monsanto denies the allegations in paragraph 163.

7    164.    Monsanto denies the allegations in paragraph 164.

8    In response to the "WHEREFORE" paragraph following paragraph 164, Monsanto

9   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

10   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

11   fees as allowed by law and such further and additional relief as this Court may deem just and

12   proper.

13    165.    Monsanto incorporates by reference its responses to paragraphs 1 through 164 in

14   response to paragraph 165 of plaintiff's Complaint.

15    166.    Monsanto denies the allegations in paragraph 166.

16    167.    In response to the allegations in paragraph 167, Monsanto admits that it has sold

17   Roundup®-branded products in accordance with their EPA-approved labeling.  Monsanto further

18   states that paragraph 167 sets forth conclusions of law for which no response is required.

19   Monsanto denies the remaining allegations in paragraph 167.

20    168.    In response to the allegations in paragraph 168, Monsanto admits that it has sold

21   Roundup®-branded products in accordance with their EPA-approved labeling.  Monsanto further

22   states that paragraph 168 sets forth conclusions of law for which no response is required.

23   Monsanto denies the remaining allegations in paragraph 168.

24    169.    Monsanto denies the allegations in the first and second sentence of paragraph 169.

25   All labeling of Roundup®-branded products has been and remains EPA-approved and in

26   compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

27   of paragraph 169 sets forth conclusions of law for which no response is required.

28    170.    Paragraph 170 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-05478-VC

171. Monsanto denies the allegations in paragraph 171.

172. Monsanto denies the allegations in paragraph 172 and each of its subparts.

173. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 173 and therefore denies those allegations.

174. Monsanto denies the allegations in paragraph 174.

175. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 175 regarding plaintiff's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 175.

176. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 176 and therefore denies those allegations.

177. Monsanto denies the allegations in paragraph 177.

178. Monsanto denies the allegations in paragraph 178.

In response to the "WHEREFORE" paragraph following paragraph 178, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

179. Monsanto incorporates by reference its responses to paragraphs 1 through 178 in response to paragraph 179 of plaintiff's Complaint.

180. Monsanto denies the allegations in paragraph 180.

181. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 181 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 181 set forth conclusions of law for which no response is required.

182. Monsanto denies the allegations in paragraph 182.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

183.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 183 regarding plaintiff's reliance and therefore denies those allegations.  The remaining allegations in paragraph 183 set forth conclusions of law for which no response is required.

184.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 184 and therefore denies those allegations.

185.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 185 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 185 set forth conclusions of law for which no response is required.

186.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 186 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 186.

187.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 187 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged use of such product and therefore denies the allegations in paragraph 187.

188.    Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 188 concerning plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 188.

189.    Monsanto denies the allegations in paragraph 189.

190.    Monsanto denies the allegations in paragraph 190.

191.    Monsanto denies the allegations in paragraph 191.

In response to the "WHEREFORE" paragraph following paragraph 191, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

- 19 -

dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.      Plaintiff's claims are barred in whole because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.     Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.    Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.    Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.    Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.    If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

15.    Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

16.    Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17. Plaintiff's claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18. Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Florida Constitution, and/or other applicable state constitutions.

19. Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of punitive damages under Florida law and/or other applicable state laws.

20. Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Fla. Stat. § 768.73. However, Monsanto would further show that under the facts of this case, an award of punitive damages consistent with the maximum awards permitted under § 768.73 would be a violation of Monsanto's state and federal constitutional rights.

21. Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22. Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23. Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24. To the extent that plaintiff recovered payments for his alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76.

25. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26. Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize or limits such claims.

27. Plaintiff's claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

28.     In accordance with Fla. Stat. § 768.1257, plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed, and labeled with proper warnings, information, cautions, and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

29.     Any recovery of compensatory damages is limited by operation of Fla. Stat. § 768.76.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## <u>JURY TRIAL DEMAND</u>

Monsanto demands a jury trial on all issues so triable.

DATED:  October 4, 2017                    Respectfully submitted,


/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*