**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Estate of John Van Steenberg, et al. v. Monsanto Co.*, Case No. 3:17-cv-04351-VC | |

### <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in the Estate of John Van Steenberg and Marilyn Van Steenberg's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

- 1 -

1      4.      The allegations in paragraph 4 set forth conclusions of law for which no response

2 is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

3 paragraph 4 based upon the allegations in plaintiffs' complaint.

4      5.      Monsanto admits the allegations in paragraph 5.

5      6.      The allegations in paragraph 6 set forth conclusions of law for which no response

6 is required.

7      7.      Monsanto denies the allegations in the last sentence of paragraph 7.  The

8 remaining allegations in paragraph 7 set forth conclusions of law for which no response is

9 required.  To the extent that a response is deemed required, Monsanto denies that it is subject to

10 general personal jurisdiction in Colorado and admits that venue is appropriate in the District of

11 Colorado based upon the allegations in plaintiffs' Complaint.

12      8.      Monsanto denies that exposure to Roundup®-branded products did or could have

13 caused plaintiffs' decedent's alleged non-Hodgkin's lymphoma ("NHL").  Monsanto lacks

14 information or knowledge sufficient to form a belief as to the truth of the remaining allegations

15 in paragraph 8 and therefore denies those allegations.

16      9.      The allegations in paragraph 9 comprise attorney characterizations and are

17 accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs

18 have a variety of separate and distinct uses and formulations.

19      10.      Monsanto admits the allegations in paragraph 10.

20      11.      The allegations in paragraph 11 comprise attorney characterizations and are

21 accordingly denied.

22      12.      In response to the allegations in paragraph 12, Monsanto admits that it sells

23 Roundup®-branded products in Colorado.

24      13.      Monsanto lacks information or knowledge sufficient to form a belief as to the

25 truth of the allegations in paragraph 13 and therefore denies those allegations.

26      14.      The allegations in paragraph 14 are vague and conclusory and comprise attorney

27 characterizations and are accordingly denied.

28

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     Monsanto admits the allegations in paragraph 16.

17.     Monsanto admits that it is authorized to do business in Colorado.  The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto denies the allegations in paragraph 19.

20.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

22.     Monsanto admits the allegations in paragraph 22.

23.     Monsanto admits the allegations in paragraph 23.

24.     Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  Monsanto states that the remaining allegations in paragraph 24 are vague and ambiguous and that it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

25.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 25 comprise attorney characterizations and are accordingly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04351-VC

1       26.    Monsanto admits the allegations in paragraph 26.

2       27.    Monsanto generally admits the allegations in paragraph 27, but denies the

3   allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants

4   at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

5   the United States Environmental Protection Agency ("EPA").

6       28.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7   truth of the allegations in paragraph 28 and therefore denies those allegations.

8       29.    Monsanto admits that it is the leading producer of seeds that contain the Roundup

9   Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

10  farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

11  belief as to the accuracy of the specific numbers and statistics provided in the remaining

12  sentences of paragraph 29 and therefore denies those allegations.  Monsanto denies the

13  remaining allegations in paragraph 29.

14      30.    Monsanto admits the allegations in paragraph 30.

15      31.    Monsanto admits that Roundup®-branded products have been used by farmers for

16  approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

17  properties and denies the remaining allegations in paragraph 31.

18      32.    The allegations in paragraph 32 set forth conclusions of law for which no

19  response is required.  To the extent that a response is deemed required, Monsanto admits the

20  allegations in paragraph 32.

21      33.    In response to the allegations in paragraph 33, Monsanto admits that EPA requires

22  registrants of herbicides to submit extensive data in support of the human health and

23  environmental safety of their products and further admits that EPA will not register or approve

24  the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

25  Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 33 set forth

26  conclusions of law for which no response is required.

27      34.    The allegations in paragraph 34 set forth conclusions of law for which no

28  response is required.

35.     Monsanto denies that it has ever manufactured, or that it currently manufactures, Roundup®-branded products in the State of Colorado but admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Colorado for sale and distribution.

36.     In response to the allegations in paragraph 36, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 36 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 36 set forth conclusions of law for which no answer is required.

37.     Monsanto denies the allegations in paragraph 37 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 37 set forth conclusions of law for which no response is required.

38.     In response to the allegations in paragraph 38, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

1  posted an October 2015 final report by its standing Cancer Assessment Review Committee

2  ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

3  to be Carcinogenic to Humans."[2]  Monsanto lacks information or knowledge sufficient to form a

4  belief as to the truth of the remaining allegations in paragraph 38 and therefore denies those

5  allegations.

6          39.     In response to the allegations in paragraph 39, Monsanto admits that the New

7  York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

8  advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

9  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

10 General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

11 the subparts purport to quote a document, the document speaks for itself and thus does not

12 require any further answer.  The remaining allegations in paragraph 39 are vague and conclusory

13 and comprise attorney characterizations and are accordingly denied.

14         40.     In response to the allegations in paragraph 40, Monsanto admits it entered into an

15 assurance of discontinuance with the New York Attorney General.  The assurance speaks for

16 itself and thus does not require any further answer.  The remaining allegations in paragraph 40

17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18         41.     Monsanto denies the allegations in paragraph 41.

19         42.     In response to the allegations in paragraph 42, Monsanto admits that the French

20 court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

21 that it "left the soil clean," but denies the allegations in paragraph 42 to the extent that they

22 suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

23 cancer.  Monsanto denies the remaining allegations in paragraph 42.

24         43.     Monsanto denies the allegations in paragraph 43.

25

26 _____
[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
27 *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.
28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04351-VC

44.     In response to the allegations in paragraph 44, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 44 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 and therefore denies those allegations.

45.     Monsanto admits the allegations in paragraph 45.

46.     In response to the allegations in paragraph 46, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

47.     Monsanto states that the term "toxic" as used in paragraph 47 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 47.

48.     Monsanto admits the allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 50 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 52

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04351-VC

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 52.

53.     Monsanto denies the allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 54 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 56.

57.     Monsanto denies the allegations in paragraph 57.

58.     Monsanto denies the allegations in paragraph 58.

59.     Monsanto denies the allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

61.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 61.

62.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 62 and therefore denies those allegations.

63.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

1    64.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2  truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies

3  that glyphosate met the criteria necessary to be eligible for review.

4    65.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

5  carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

6  evidence was "cumulative."  The remaining allegations in paragraph 65 are vague and

7  conclusory and comprise attorney characterizations and are accordingly denied.

8    66.    Monsanto admits that the full IARC Monograph regarding glyphosate was

9  published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

10  2A carcinogen.  In response to the remaining allegations in paragraph 66, Monsanto states that

11  the document speaks for itself and does not require a response.  To the extent that a response is

12  deemed required, the remaining allegations in paragraph 66 comprise attorney characterizations

13  and are accordingly denied.

14    67.    In response to the allegations in paragraph 67, Monsanto states that the document

15  speaks for itself and does not require a response.  To the extent that a response is deemed

16  required, the allegations in paragraph 67 comprise attorney characterizations and are accordingly

17  denied.

18    68.    In response to the allegations in paragraph 68, Monsanto states that the document

19  speaks for itself and does not require a response.  To the extent that a response is deemed

20  required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly

21  denied.

22    69.    Monsanto denies the allegations in paragraph 69.

23    70.    The allegations in paragraph 70 comprise attorney characterizations and are

24  accordingly denied.

25    71.    Monsanto admits the allegations in paragraph 71.

26    72.    In response to the allegations in paragraph 72, Monsanto states that the cited

27  document speaks for itself and does not require a response.  To the extent that paragraph 72

28

1    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

2    paragraph 72.

3            73.     In response to the allegations in paragraph 73, Monsanto admits that certain

4    studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

5    under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

6    evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

7    animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

8    paragraph 73.

9            74.     The allegations in paragraph 74 are vague and ambiguous and are accordingly

10   denied.

11           75.     In response to the allegations in paragraph 75, Monsanto states that the cited

12   document speaks for itself and does not require a response.

13           76.     In response to the allegations in paragraph 76, Monsanto states that the cited

14   document speaks for itself and does not require a response.  To the extent that paragraph 76

15   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

16   paragraph 76.

17           77.     Monsanto denies the allegations in paragraph 77.

18           78.     In response to the allegations in paragraph 78, Monsanto states that the cited

19   document speaks for itself and does not require a response.  Monsanto otherwise denies the

20   allegations in paragraph 78.

21           79.     Monsanto admits that there is no reliable evidence that Roundup®-branded

22   products are genotoxic, and that regulatory authorities and independent experts agree that

23   Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

24   paragraph 79.

25           80.     Monsanto denies the allegations in paragraph 80.

26           81.     Monsanto denies the allegations in paragraph 81.

27           82.     Monsanto denies the allegations in paragraph 82.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04351-VC

83.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto admits the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto admits the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 96.

97.     In response to the allegations in paragraph 97, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.  Monsanto otherwise denies the allegations in paragraph 97.

98.     In response to the allegations in paragraph 98, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

1    evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

2    denies the remaining allegations in paragraph 99.

3            100.    In response to the allegations in paragraph 100, Monsanto admits that plaintiffs

4    have accurately quoted from one passage in an EPA document in 1991 with respect to the

5    designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

6    does not pose any cancer risk to humans.  In addition to the conclusions in the EPA OPP Report

7    and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

24    Monsanto denies the remaining allegations in paragraph 100.

25            101.    In response to the allegations in paragraph 101, Monsanto admits that it – along

26    with a large number of other companies and governmental agencies – was defrauded by two

27    chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

28    testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 101 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

102.    In response to the allegations in paragraph 102, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

103.    Monsanto denies the allegations in paragraph 103 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 103 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

104.    In response to the allegations in paragraph 104, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

105.    In response to the allegations in paragraph 105, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent

laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 105.

106.     In response to the allegations in paragraph 106, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 106 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

107.     In response to the allegations in paragraph 107, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 107 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

108.     In response to the allegations in paragraph 108, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

109.     In response to the allegations in paragraph 109, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 109.

110.     Monsanto denies the allegations in paragraph 110.

111.     Monsanto denies the allegations in paragraph 111.

112.     Monsanto denies the allegations in paragraph 112.

113.     Monsanto denies the allegations in paragraph 113.

114.     Monsanto denies the allegations in paragraph 114.

115.     Monsanto denies the allegations in paragraph 115.

116.     Monsanto denies the allegations in paragraph 116.

117.     Monsanto denies the allegations in paragraph 117.

118.     Monsanto admits that plaintiffs purport to bring an action for compensatory damages but denies any liability to plaintiffs.  Monsanto denies the remaining allegations in paragraph 118.

119.     Monsanto denies the allegations in paragraph 119.

120.     Monsanto denies the allegations in paragraph 120.

121.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 121 and therefore denies those allegations.

122.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 122 and therefore denies those allegations.

123.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies the allegations in the second sentence of paragraph 123.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 123 and therefore denies those allegations.

124.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 124 regarding plaintiffs' damages or plaintiffs' decedent's alleged injury and therefore denies those allegations.  Monsanto denies that it is liable to plaintiffs for their alleged damages.

125.     Monsanto incorporates by reference its responses to paragraphs 1 through 124 in response to paragraph 125 of plaintiffs' Complaint.

126.     In response to the allegations in paragraph 126, Monsanto denies that it has made any affirmative misrepresentations or omissions or concealed the alleged "true risks associated with Roundup and glyphosate."  The remaining allegations in paragraph 125 set forth conclusions of law for which no response is required.

127.     In response to the allegations in paragraph 127, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

1    128.    In response to the allegations in paragraph 128, Monsanto states that the cited

2    document speaks for itself and does not require a response.

3    129.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

4    exposed plaintiffs' decedent to risk of his alleged cancer and denies the remaining allegations in

5    paragraph 129.  Monsanto states, however, that the scientific studies upon which IARC

6    purported to base its classification were all publicly available before March 2015.

7    130.    Monsanto denies that it concealed "the true character, quality and nature of

8    Roundup."  The remaining allegations of paragraph 130 set forth conclusions of law for which

9    no response is required.  To the extent that a response is deemed required, Monsanto denies all of

10   plaintiffs' allegations in paragraph 130.  Monsanto states, however, that the scientific studies

11   upon which IARC purported to base its classification were all publicly available before March

12   2015.

13   131.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

14   and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

15   branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

16   which IARC purported to base its classification were all publicly available before March 2015.

17   The remaining allegations in paragraph 131 set forth conclusions of law for which no response is

18   required, consist of attorney characterizations and are accordingly denied, or comprise

19   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

20   the truth of the allegations asserted and therefore denies those allegations.

21   132.    Monsanto incorporates by reference its responses to paragraphs 1 through 131 in

22   response to paragraph 132 of plaintiffs' Complaint.

23   133.    The allegations in paragraph 133 set forth conclusions of law for which no

24   response is required.

25   134.    Monsanto denies the allegations in paragraph 134.

26   135.    Monsanto denies the allegations in paragraph 135, including each of its subparts.

27   136.    Monsanto denies the allegations in paragraph 136.

28   137.    Monsanto denies the allegations in paragraph 137.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04351-VC

138.     Monsanto denies the allegations in paragraph 138, including each of its subparts.

139.     Monsanto denies the allegations in paragraph 139.

140.     Monsanto denies the allegations in paragraph 140.

141.     Monsanto denies the allegations in paragraph 141.

142.     Monsanto denies the allegations in paragraph 142.

In response to the "WHEREFORE" paragraph following paragraph 142, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

143.     Monsanto incorporates by reference its responses to paragraphs 1 through 142 in response to paragraph 143 of plaintiffs' Complaint.

144.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 144 and therefore denies those allegations.

145.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 145 and therefore denies those allegations.

146.     Monsanto denies the allegations in paragraph 146.

147.     Monsanto denies the allegations in paragraph 147.

148.     Monsanto denies the allegations in paragraph 148.

149.     Monsanto denies the allegations in paragraph 149, including each of its subparts.

150.     Monsanto denies the allegations in paragraph 150.

151.     Monsanto denies that Roundup®-branded products have "dangerous characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 151 and therefore denies those allegations.

152.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 152 and therefore denies those allegations.

153.     Monsanto denies the allegations in paragraph 153.

1       154.    The allegations in paragraph 154 set forth conclusions of law for which no

2  response is required.

3       155.    Monsanto denies the allegations in paragraph 155.

4       156.    Monsanto denies the allegations in paragraph 156.

5       157.    Monsanto denies the allegations in paragraph 157.

6       158.    Monsanto denies the allegations in paragraph 158.

7       159.    Monsanto denies the allegations in paragraph 159.

8       160.    Monsanto denies the allegations in paragraph 160.

9       161.    Monsanto denies the allegations in paragraph 161.

10      162.    Monsanto denies the allegations in paragraph 162.

11      163.    Monsanto denies the allegations in paragraph 163.

12      164.    Monsanto denies the allegations in paragraph 164.

13      In response to the "WHEREFORE" paragraph following paragraph 164, Monsanto

14 demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

15 dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

16 fees as allowed by law and such further and additional relief as this Court may deem just and

17 proper.

18      165.    Monsanto incorporates by reference its responses to paragraphs 1 through 164 in

19 response to paragraph 165 of plaintiffs' Complaint.

20      166.    Monsanto admits the allegations in paragraph 166.

21      167.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22 truth of the allegations in paragraph 167 and therefore denies those allegations.

23      168.    Monsanto denies the allegations in paragraph 168.  All labeling of Roundup®-

24 branded products has been and remains EPA-approved and in compliance with all federal

25 requirements under FIFRA.

26      169.    Monsanto denies the allegations in paragraph 169.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04351-VC

170. Monsanto denies the allegations in paragraph 170. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

171. Monsanto denies the allegations in paragraph 171. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA and with Colorado law.

172. Monsanto denies the allegations in paragraph 172.

173. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiffs' decedent's use history in paragraph 173 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 173.

174. The allegations in paragraph 174 set forth conclusions of law for which no response is required.

175. Monsanto denies the allegations in paragraph 175.

176. Monsanto denies the allegations in paragraph 176.

177. Monsanto denies the allegations in paragraph 177.

178. Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 178.

179. The allegations in paragraph 179 set forth conclusions of law for which no response is required.

180. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 180 and therefore denies those allegations.

181. Monsanto denies the allegations in paragraph 181.

182. Monsanto denies the allegations in paragraph 182.

183. Monsanto denies the allegations in paragraph 183.

184. Monsanto denies the allegations in paragraph 184.

185. Monsanto denies the allegations in paragraph 185.

In response to the "WHEREFORE" paragraph following paragraph 185, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

1  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

2  fees as allowed by law and such further and additional relief as this Court may deem just and

3  proper.

4       186.    Monsanto incorporates by reference its responses to paragraphs 1 through 185 in

5  response to paragraph 186 of plaintiffs' Complaint.

6       187.    Monsanto denies the allegations in paragraph 187.  Additionally, the allegations

7  in the last sentence in paragraph 187 set forth conclusions of law for which no response is

8  required.

9       188.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10  truth of the allegations in paragraph 188 concerning the plaintiffs' decedent's claimed use of

11  Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

12  paragraph 188 set forth conclusions of law for which no response is required.

13       189.    The allegations in paragraph 189 set forth conclusions of law for which no

14  response is required.

15       190.    Monsanto denies the allegations in paragraph 190.

16       191.    Monsanto denies the allegations in paragraph 191.

17       192.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 192 concerning the condition of any Roundup®-branded

19  product allegedly used by plaintiffs' decedent or about plaintiffs' decedent's alleged uses of such

20  product and therefore denies the allegations in paragraph 192.

21       193.    Monsanto denies the allegations in paragraph 193.

22       194.    Monsanto denies the allegations in paragraph 194.

23       195.    Monsanto denies the allegations in paragraph 195.

24       In response to the allegations in the "WHEREFORE" paragraph following paragraph

25  195, Monsanto demands that judgment be entered in its favor and against plaintiffs; that

26  plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

27  and reasonable attorney's fees as allowed by law and such further and additional relief as this

28  Court may deem just and proper.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04351-VC

196.   Monsanto incorporates by reference its responses to paragraphs 1 through 195 in response to paragraph 196 of plaintiffs' Complaint.

197.   Monsanto denies that exposure to Roundup®-branded products did or could have caused plaintiff John Van Steenberg's spouse's alleged injuries and losses.  Monsanto denies the remaining allegations in paragraph 197.

198.   Monsanto denies the allegations in paragraph 198.

199.   Monsanto denies the allegations in paragraph 199.

200.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 200 and accordingly denies those allegations.

201.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 201 and accordingly denies those allegations.

202.   Monsanto denies the allegations in paragraph 202.

In response to the "WHEREFORE" paragraph following paragraph 202, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

203.   Monsanto incorporates by reference its responses to paragraphs 1 through 202 in response to paragraph 203 of plaintiffs' Complaint.

204.   Monsanto denies the allegation in paragraph 204 that plaintiffs' decedent's death was "wrongful" and denies that any injuries alleged in the Complaint, including the injury and death of plaintiffs' decedent, were caused by Roundup®-branded products.  Monsanto admits that plaintiffs purport to bring a wrongful death action but denies any liability on that claim.  The remaining allegations in paragraph 204 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 204 and therefore denies those allegations.

205.   Monsanto denies the allegations in paragraph 205.

206.     Monsanto denies the allegations in paragraph 206.

In response to the "WHEREFORE" paragraph following paragraph 206, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

207.     Monsanto incorporates its responses to paragraphs 1 through 199 in response to paragraph 207 of plaintiffs' Complaint.

208.     Monsanto admits that plaintiff Marilyn Van Steenberg purports to bring a survival action but denies any liability to said plaintiff.  Monsanto denies the remaining allegations in paragraph 208.

209.     Monsanto denies the allegations in paragraph 209.

210.     Monsanto admits that John Van Steenberg's spouse purports to bring a survival action but denies any liability for that claim.  Monsanto denies the remaining allegations in paragraph 210.

In response to the "WHEREFORE" paragraph following paragraph 210, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.      Plaintiffs' claims are barred in whole because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' and/or plaintiffs' decedent's alleged injuries.

4.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' and/or plaintiffs' decedent's injuries, if any, were the result of conduct of plaintiffs' decedent, independent third parties, and/or events that were extraordinary under the circumstances, not

- 23 -

1    foreseeable in the normal course of events, and/or independent, intervening and superseding

2    causes of the alleged injuries, including but not limited to plaintiffs' decedent's pre-existing

3    medical conditions.

4           11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j

5    and k, bar plaintiffs' claims against Monsanto in whole or in part.

6           12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or

7    in part.

8           13.     Plaintiffs' decedent's misuse or abnormal use of the product or failure to follow

9    instructions bar plaintiffs' claims in whole or in part.

10          14.     If plaintiffs' and/or plaintiffs' decedent suffered injury or damages as alleged,

11   which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities

12   for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to

13   an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from

14   diseases and/or causes that are not related or connected with any product sold, distributed, or

15   manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes

16   constitute an independent, intervening and sole proximate cause of plaintiffs' and/or plaintiffs'

17   decedent's alleged injury or damages.

18          15.     Monsanto had no legal relationship or privity with plaintiffs or plaintiffs'

19   decedent and owed no duty to them by which liability could be attributed to it.

20          16.     Monsanto made no warranties of any kind or any representations of any nature

21   whatsoever to plaintiffs or plaintiffs' decedent.  If any such warranties were made, which

22   Monsanto specifically denies, then plaintiffs and/or plaintiffs' decedent failed to give notice of

23   any breach thereof.

24          17.     Plaintiffs' claims are preempted in whole or part by the Freedom of Speech

25   Clause of the First Amendment of the U.S. Constitution.

26          18.     Plaintiffs' claims for punitive damages are barred because such an award would

27   violate Monsanto's due process, equal protection and other rights under the United States

28   Constitution, the Colorado Constitution, and/or other applicable state constitutions.

1    19.    Plaintiffs' claims for punitive damages are barred because plaintiffs have failed to

2    allege conduct warranting imposition of punitive damages under Colorado law and/or other

3    applicable state laws.

4    20.    Plaintiffs' claims for punitive damages are barred and/or limited by operation of

5    state and/or federal law, including, but not limited to, Colo. Rev. Stat. § 13-21-102, which

6    precludes asserting a punitive damages claim in the initial Complaint.

7    21.    Plaintiffs' claims and damages, no injury or damages being admitted, are barred

8    or must be reduced, in whole or part, by Colo. Rev. Stat. § 13-21-403 (state of the art

9    presumption, presumption of non-defectiveness for compliance with government codes, and ten-

10   year presumption) and Colo. Rev. Stat. § 13-21-102.5 (limits on non-economic damages).

11   22.    If plaintiffs and/or plaintiffs' decedent have been injured or damaged, no injury or

12   damages being admitted, such injuries were not caused by a Monsanto product.  Additionally,

13   pursuant to Colo. Rev. Stat. § 13-21-406, Monsanto cannot be liable for damages that exceed its

14   pro rata share of causal fault, no fault being admitted.

15   23.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

16   may become available or apparent during the course of discovery and thus reserves its right to

17   amend this Answer to assert such defenses.

18   **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

19   plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

20   such other relief as the Court deems equitable and just.

21   ## JURY TRIAL DEMAND

22   Monsanto demands a jury trial on all issues so triable.

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04351-VC

1   DATED:  October 16, 2017                    Respectfully submitted,

2                                               /s/ Joe G. Hollingsworth
                                                Joe G. Hollingsworth (*pro hac vice*)
3                                               (jhollingsworth@hollingsworthllp.com)
                                                Eric G. Lasker (*pro hac vice*)
4                                               (elasker@hollingsworthllp.com)
                                                HOLLINGSWORTH LLP
5                                               1350 I Street, N.W.
                                                Washington, DC  20005
6                                               Telephone:  (202) 898-5800
                                                Facsimile:   (202) 682-1639
7
                                                *Attorneys for Defendant*
8                                               *MONSANTO COMPANY*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:17-cv-04351-VC