**THE MILLER FIRM LLC**
Michael Miller
108 Railroad Avenue
Orange, Virginia 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
mmiller@millerfirmllc.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax: (646) 293-4921
Email: rgreenwald@weitzlux.com

**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
aimee.wagstaff@andruswagstaff.com

*Co-Lead Counsel for Plaintiffs*

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:	202-898-5800
Fax:	202-682-1639
Email: jhollingsworth@hollingsworthllp.com
	elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br>ALL ACTIONS | |

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to the Court's August 24, 2017 Minute Entry, ECF No. 470, the parties submit this Joint Case Management Statement in anticipation of the October 27, 2017 Case Management Conference ("CMC").

## I. THE PARTIES AGREE THAT A COURT-APPOINTED EXPERT IS NOT NECESSARY OR APPROPRIATE IN THIS CASE

**Plaintiffs' Position:**

In response to the Court's inquiry, Minute Entry, ECF No. 470, the Plaintiffs do not believe that a court-appointed expert is necessary or appropriate for several reasons. First, Plaintiffs believe that their experts, all of whom are either currently professors or have extensive teaching/lecturing experience, are in the best position to answer the Court's questions at the *Daubert* hearing. Second, Plaintiffs' counsel believes that Plaintiffs should not bear the costs of an additional expert, especially if the Court were to decide to appoint multiple experts. Finally, given the extent of influence Monsanto has exerted on regulatory agencies, academia and others, Plaintiffs believe it would be difficult to appoint an expert that the parties would consider neutral.

**Monsanto's Position:**

In response to the Court's inquiry at the August 24, 2017 Show Cause Hearing and the Court's August 24, 2017 Minute Entry, ECF No. 470, Monsanto does not believe that court-appointed experts are necessary or appropriate in this case. The expert evidence at issue here covers a number of academic disciplines, and assembling a panel of independent court-appointed experts covering the full range of this evidence in advance of the December *Daubert* hearings would be exceedingly difficult. *See* Laural L. Hooper et al., *Neutral Science Panels: Two Examples of Panels of Court-Appointed Experts in the Breast Implants Product Liability Litigation* at 5, Federal Judicial Center (2001), https://www.fjc.gov/sites/default/files/2012/NeuSciPa.pdf ("*Neutral Science Panels*") (reviewing the use of court-appointed experts in breast implant litigation, including conclusion that "[a]reas of expertise should be sought that will match the evidentiary issues … [which] may prove surprisingly difficult where expertise in a

combination of subjects is required. Considerable effort may be required to find appropriate candidates who are willing to serve.").

As outlined in more detail in Monsanto's October 20, 2016 Case Management Statement, the Court already has access to extensive, independent expert analyses of the scientific evidence at issue here through two evaluations of glyphosate's carcinogenic potential conducted by EPA scientists, as well as analyses by other regulatory and health agencies around the world. *See* Monsanto Company's Case Management Statement at 15-19, ECF No. 9 (citing conclusions of independent regulatory agencies that glyphosate does not pose a risk for cancer in humans). Most importantly for the question of employing court-appointed experts, the EPA analyses discuss all of the different categories of scientific evidence that the court will consider in this phase and provide specific guidance on the proper methodology for assessing this scientific evidence. There also are now thirteen retained experts in a number of scientific disciplines who have submitted reports and given deposition testimony and will be offering further testimony at the *Daubert* hearing, in order to assist the Court in performing its gatekeeping function. The independent expert guidance from EPA, along with the presentations and materials provided by the parties at Science Day, will leave the Court well prepared to consider the expert testimony here and to satisfy its gatekeeping responsibility of ensuring that plaintiffs' general causation expert witnesses meet the "exacting standards of reliability" set forth in *Daubert* and its progeny. *Weisgram v. Marley Co.*, 528 U.S. 440, 455 (2000).

Moreover, a number of commentaries have noted that the use of court-appointed experts is rare and has proven difficult to implement, particularly where, as here, the expert testimony at issue covers a number of scientific disciplines. A review conducted on behalf of the Federal Judicial Center concluded that such experts should be used "only in extraordinary cases," because "[t]he cost, time, and difficulty of finding appropriate candidates who are willing to serve, and the problems of administering the work of the panel, limit the role of such panels to only those cases with an exceptional need." *Neutral Science Panels* at 5. This review further concluded that courts should "develop the information necessary for thoughtful consideration of complex evidence without taking the extraordinary step of appointing one or more experts,"

because "[e]ven in the best of circumstances, such appointments of expert panels are costly and time consuming, present difficult issues of administration,[1] and raise concerns about the independence of judicial consideration." *Neutral Science Panels* at 93-94; *see also Manual for Complex Lit.* at § 11.51 ("Truly neutral experts are difficult to find."); Barbara J. Rothstein & Catherine R. Borden, *Managing Multidistrict Litigation in Products Liability Cases: A Pocket Guide for Transferee Judges* at 39-40, Federal Judicial Center, Judicial Panel on Multidistrict Litigation (2011), https://www.fjc.gov/sites/default/files/2012/MDLGdePL.pdf (discussing use of party-provided science tutorials as an alternative to court-appointed experts in product liability MDLs). Indeed, none of the prior MDLs to which Monsanto referred in advocating for bifurcation appear to have employed court-appointed experts in their resolution of the general causation inquiry. *See* Monsanto Company's Case Management Statement at 8-9, ECF No. 9 (referring to *In re Viagra Prod. Liab. Litig.*, MDL No. 1724 (D. Minn.); *In re Zoloft (Sertralinehydrochloride) Prod. Liab. Litig.*, MDL No. 2342 (E.D. Pa.); *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, MDL No. 1699 (N.D. Cal.); and *In re Human Tissue Prod. Liab. Litig.*, MDL No. 1763 (D. N.J.)).

Under these circumstances, the use of court-appointed experts would be redundant, difficult to implement, and unnecessary.

## II. SCHEDULING AND PROCEDURES FOR SCIENCE WEEK

The parties' positions regarding the schedule for Science Week are set forth in their joint filing of October 13, 2017 regarding witness lists, objections to witness lists, and proposed schedules, ECF No. 610, and the parties will be prepared to present further argument on this issue at the CMC. The Parties will also be prepared to discuss the Court's preferred procedures regarding the exhibits and other materials to be used at Science Week.

---

[1] For example, the use of court-appointed experts as technical advisors often involves ex parte communications between judge and expert on substantive matters, requiring procedural safeguards because such "[e]x parte communications are always suspect and should be allowed only in exceptional circumstances." *See Manual for Complex Litigation, Fourth* at § 11.51, Federal Judicial Center (2004), https://www.fjc.gov/sites/default/files/2012/mcl4.pdf ("*Manual for Complex Lit.*").

**III.     INTENT TO BRING AND UTILIZE DEMONSTRATIVES AND AUDIO-VISUAL EQUIPMENT FOR SCIENCE WEEK**

The parties anticipate bringing demonstratives and electronic equipment to Science Week and will contact the Courtroom Deputy regarding the required order authorizing the parties to bring this equipment into the courthouse at the appropriate time, consistent with paragraph 43 of the Standing Order for Civil Trials Before Judge Chhabria.  The Parties also anticipate that they will utilize the courtroom's audio-visual equipment during Science Week and will contact the Courtroom Deputy regarding the availability of this equipment at the appropriate time, consistent with paragraphs 41 and 42 of the Standing Order for Civil Trials Before Judge Chhabria.

DATED: October 20, 2017                    Respectfully submitted,

/s/ Michael Miller
Michael Miller
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave
Orange VA 22960
Ph 540 672 4224
F 540 672 3055

/s/ Aimee Wagstaff
Aimee Wagstaff
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 West Alaska Drive
Lakewood CO 80226
Ph 303-376-6360
F 303-376-6361

/s/ Robin Greenwald
Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York NY 10003
Ph 212-558-5500
F 212-344-5461

Co-Lead Counsel for Plaintiffs

| | |
|---|---|
| DATED: October 20, 2017 | Respectfully submitted,<br><br>/s/ Joe G. Hollingsworth<br>Joe G. Hollingsworth (*pro hac vice*)<br>(jhollingsworth@hollingsworthllp.com)<br>Eric G. Lasker (*pro hac vice*)<br>(elasker@hollingsworthllp.com)<br>HOLLINGSWORTH LLP<br>1350 I Street, N.W.<br>Washington, DC  20005<br>Telephone:  (202) 898-5800<br>Facsimile:  (202) 682-1639<br><br>Attorneys for Defendant<br>MONSANTO COMPANY |