**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Kevin McNew v. Monsanto Co.*, Case No. 3:17-cv-06858-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Kevin McNew's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1. Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2. Monsanto denies the allegations in paragraph 2.

3. Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's Complaint.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  In response to the allegations in the second sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

8.      Monsanto denies that exposure to Roundup®-branded products did or could have caused plaintiff's alleged non-Hodgkin's lymphoma.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore denies those allegations.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

10.      Monsanto admits the allegations in paragraph 10.

11.      The allegations in paragraph 11 comprise attorney characterizations and are accordingly denied.

12.      In response to the allegations in paragraph 12, Monsanto admits that it sells Roundup®-branded products in Texas.

13.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations paragraph 13 and therefore denies those allegations.

14.      The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.     Monsanto admits the allegations in paragraph 15.

16.     Monsanto denies the allegations in paragraph 16.

17.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 17 set forth conclusions of law for which no response is required.

18.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 18 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

19.     Monsanto admits the allegations in paragraph 19.

20.     Monsanto admits the allegations in paragraph 20.

21.     In response to the allegations in paragraph 21, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 21 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and therefore denies those allegations.

22.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 22 comprise attorney characterizations and are accordingly denied.

23.     Monsanto admits the allegations in paragraph 23.

24.     Monsanto generally admits the allegations in paragraph 24, but denies the allegations in paragraph 24 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-06858-VC

1      25.     Monsanto lacks information or knowledge sufficient to form a belief as to the

2  truth of the allegations in paragraph 25 and therefore denies those allegations.

3      26.     Monsanto admits that it is the leading producer of seeds that contain the Roundup

4  Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

5  farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

6  belief as to the accuracy of the specific numbers and statistics provided in the remaining

7  sentences of paragraph 26 and therefore denies those allegations.  Monsanto denies the

8  remaining allegations in paragraph 26.

9      27.     Monsanto admits the allegations in paragraph 27.

10      28.     Monsanto admits that Roundup®-branded products have been used by farmers for

11  approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

12  properties and denies the remaining allegations in paragraph 28.

13      29.     The allegations in paragraph 29 set forth conclusions of law for which no

14  response is required.  To the extent that a response is deemed required, Monsanto admits the

15  allegations in paragraph 29.

16      30.     In response to the allegations in paragraph 30, Monsanto admits that EPA requires

17  registrants of herbicides to submit extensive data in support of the human health and

18  environmental safety of their products and further admits that EPA will not register or approve

19  the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

20  Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 30 set forth

21  conclusions of law for which no response is required.

22      31.     The allegations in paragraph 31 set forth conclusions of law for which no

23  response is required.

24      32.     Monsanto admits that Roundup®-branded products are registered by EPA for

25  manufacture, sale and distribution and are registered by the State of Texas for sale and

26  distribution.

27      33.     In response to the allegations in paragraph 33, Monsanto admits that EPA requires

28  registrants of herbicides to submit extensive data in support of the human health and

- 4 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-06858-VC

1    environmental safety of their products and further admits that EPA will not register or approve

2    the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

3    states that the term "the product tests" in the final sentence of paragraph 33 is vague and

4    ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 33

5    set forth conclusions of law for which no answer is required.

6         34.    Monsanto denies the allegations in paragraph 34 to the extent that they suggest

7    that EPA only evaluates the safety of pesticide products on the date of their initial registration.

8    Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

9    products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

10   of the allegations in paragraph 34 regarding such pesticide products generally and therefore

11   denies those allegations.  The remaining allegations in paragraph 34 set forth conclusions of law

12   for which no response is required.

13        35.    In response to the allegations in paragraph 35, Monsanto admits that EPA has

14   undertaken a regulatory review of glyphosate and further admits that EPA has not released its

15   findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

16   Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

17   concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

18   humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

19   posted an October 2015 final report by its standing Cancer Assessment Review Committee

20   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

21   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

22   issues a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore denies those allegations.

36.     In response to the allegations in paragraph 36, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 36 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

37.     In response to the allegations in paragraph 37, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 37 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

38.     Monsanto denies the allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 39 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 39.

40.     Monsanto denies the allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 41 go beyond a restatement of the cited document, Monsanto lacks information or

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.epa.gov/sites/production /files/2017-12/documents/revised_glyphosate_issue_paper_evaluation_of_carcinogenic_ potential.pdf.

1    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 41

2    and therefore denies those allegations.

3          42.      Monsanto admits the allegations in paragraph 42.

4          43.      In response to the allegations in paragraph 43, Monsanto states that the cited the

5    document speaks for itself and does not require a response.  To the extent that the allegations in

6    paragraph 43 go beyond a restatement of the cited document, Monsanto lacks information or

7    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 43

8    and therefore denies those allegations.

9          44.      Monsanto states that the term "toxic" as used in paragraph 44 is vague and

10   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

11   denies the allegations in paragraph 44.

12         45.      Monsanto admits the allegations in paragraph 45.

13         46.      In response to the allegations in paragraph 46, Monsanto states that the document

14   speaks for itself and does not require a response.  To the extent that a response is deemed

15   required, Monsanto denies the allegations in paragraph 46.

16         47.      In response to the allegations in paragraph 47, Monsanto admits that Julie Marc

17   published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

18   the extent that paragraph 47 characterizes the meaning of the cited study, Monsanto denies the

19   remaining allegations in paragraph 47.

20         48.      In response to the allegations in paragraph 48, Monsanto states that these

21   documents speak for themselves and do not require a response.  To the extent that a response is

22   deemed required, Monsanto denies the allegations in paragraph 48.

23         49.      In response to the allegations in paragraph 49, Monsanto states that the cited

24   document speaks for itself and does not require a response.  To the extent that paragraph 49

25   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

26   paragraph 49.

27         50.      Monsanto denies the allegations in paragraph 50.

28

1    51.    In response to the allegations in paragraph 51, Monsanto states that the cited

2    document speaks for itself and does not require a response.  To the extent that paragraph 51

3    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

4    paragraph 51.

5    52.    In response to the allegations in paragraph 52, Monsanto states that the cited

6    document speaks for itself and does not require a response.  To the extent that paragraph 52

7    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

8    paragraph 52.

9    53.    Monsanto denies the allegation that the cited studies support the allegation that

10   glyphosate or Roundup®-branded products pose any risk to human health and denies the

11   remaining allegations in paragraph 53.

12   54.    Monsanto denies the allegations in paragraph 54.

13   55.    Monsanto denies the allegations in paragraph 55.

14   56.    Monsanto denies the allegations in paragraph 56.

15   57.    Monsanto denies the allegations in paragraph 57.

16   58.    Monsanto admits that it has in the past promoted, and continues to promote,

17   Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

18   Monsanto denies the remaining allegations in paragraph 58.

19   59.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

20   is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

21   lacks information or knowledge sufficient to form a belief as to the truth of the remaining

22   allegations in paragraph 59 and therefore denies those allegations.

23   60.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24   truth of the allegations in paragraph 60 and therefore denies those allegations.  Monsanto denies

25   that glyphosate met the criteria necessary to be eligible for review.

26   61.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 61 and therefore denies those allegations.  Monsanto denies

28   that glyphosate met the criteria necessary to be eligible for review.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-06858-VC

62.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 62 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

63.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 63, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 63 comprise attorney characterizations and are accordingly denied.

64.     In response to the allegations in paragraph 64, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 64 comprise attorney characterizations and are accordingly denied.

65.     In response to the allegations in paragraph 65, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 65 comprise attorney characterizations and are accordingly denied.

66.     Monsanto denies the allegations in paragraph 66.

67.     The allegations in paragraph 67 comprise attorney characterizations and are accordingly denied.

68.     Monsanto admits the allegations in paragraph 68.

69.     In response to the allegations in paragraph 69, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 69 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

1   under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

2   evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

3   animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

4   paragraph 70.

5         71.     The allegations in paragraph 71 are vague and ambiguous and are accordingly

6   denied.

7         72.     In response to the allegations in paragraph 72, Monsanto states that the cited

8   document speaks for itself and does not require a response.

9         73.     In response to the allegations in paragraph 73, Monsanto states that the cited

10   document speaks for itself and does not require a response.  To the extent that paragraph 73

11   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

12   paragraph 73.

13         74.     Monsanto denies the allegations in paragraph 74.

14         75.     In response to the allegations in paragraph 75, Monsanto states that the cited

15   document speaks for itself and does not require a response.  Monsanto otherwise denies the

16   allegations in paragraph 75.

17         76.     Monsanto admits that there is no reliable evidence that Roundup®-branded

18   products are genotoxic and that regulatory authorities and independent experts agree that

19   Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

20   paragraph 76.

21         77.     Monsanto denies the allegations in paragraph 77.

22         78.     Monsanto denies the allegations in paragraph 78.

23         79.     Monsanto denies the allegations in paragraph 79.

24         80.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

25   exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 80.

26         81.     Monsanto denies the allegations in paragraph 81.

27         82.     Monsanto denies the allegations in paragraph 82.

28         83.     Monsanto admits the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto admits the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 93.

94.     In response to the allegations in paragraph 94, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling, Monsanto otherwise denies the allegations in paragraph 94.

95.     In response to the allegations in paragraph 95, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 95.

96.     In response to the allegations in paragraph 96, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 96.

97.     In response to the allegations in paragraph 97, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not

1   pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and

2   the EPA CARC Final Report discussed above, other specific findings of safety include:

3   - "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

6   - "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

7
8   - "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

9   - "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

11
12   - "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

13
14   - "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

19   Monsanto denies the remaining allegations in paragraph 97.

20       98.    In response to the allegations in paragraph 98, Monsanto admits that it – along

21   with a large number of other companies and governmental agencies – was defrauded by two

22   chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

23   testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

24   toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

25   glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

26   studies.  To the extent that the allegations in paragraph 98 are intended to suggest that Monsanto

27   was anything other than a victim of this fraud, such allegations are denied.

28

99.     In response to the allegations in paragraph 99, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

100.     Monsanto denies the allegations in paragraph 100 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 100 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

101.     In response to the allegations in paragraph 101, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

102.     In response to the allegations in paragraph 102, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 102.

103.     In response to the allegations in paragraph 103, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

1    paragraph 103 are intended to suggest that Monsanto was anything other than a victim of this

2    fraud, Monsanto denies those allegations.

3         104.    In response to the allegations in paragraph 104, Monsanto admits that it was

4    defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

5    at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 104

6    are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

7    denies those allegations.

8         105.    In response to the allegations in paragraph 105, Monsanto admits that it has stated

9    and continues to state that Roundup®-branded products are safe when used as labeled and that

10   they are non-carcinogenic and non-genotoxic.

11        106.    In response to the allegations in paragraph 106, Monsanto admits that a 1986 joint

12   report of the World Health Organization and Food and Agriculture Organization of the United

13   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

14   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

15   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

16   carcinogen.  Monsanto denies the remaining allegations in paragraph 106.

17        107.    Monsanto denies the allegations in paragraph 107.

18        108.    Monsanto denies the allegations in paragraph 108.

19        109.    Monsanto denies the allegations in paragraph 109.

20        110.    Monsanto denies the allegations in paragraph 110.

21        111.    Monsanto denies the allegations in paragraph 111.

22        112.    Monsanto denies the allegations in paragraph 112.

23        113.    Monsanto denies the allegations in paragraph 113.

24        114.    Monsanto denies the allegations in paragraph 114.

25        115.    Monsanto admits that plaintiff purports to bring an action for compensatory

26   damages but denies any liability to plaintiff.  Monsanto denies the remaining allegations in

27   paragraph 115.

28        116.    Monsanto denies the allegations in paragraph 116.

1      117.    Monsanto denies the allegations in paragraph 117.

2      118.    Monsanto lacks information or knowledge sufficient to form a belief as to the

3      truth of the allegations in paragraph 118 and therefore denies those allegations.

4      119.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5      truth of the allegations in paragraph 119 and therefore denies those allegations.

6      120.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7      truth of the allegations in the first sentence of paragraph 120 and therefore denies those

8      allegations.  Monsanto denies the remaining allegations in paragraph 120.

9      121.    Monsanto denies the allegations in paragraph 121.

10      122.    Monsanto incorporates by reference its responses to paragraphs 1 through 121 in

11      response to paragraph 122 of plaintiff's Complaint.

12      123.    In response to the allegations in paragraph 123, Monsanto denies that it has

13      concealed the alleged "true risks associated with Roundup and glyphosate."  The remaining

14      allegations in paragraph 123 set forth conclusions of law for which no response is required.

15      124.    In response to the allegations in paragraph 124, Monsanto admits that it has stated

16      and continues to state that Roundup®-branded products are safe when used as labeled and that

17      they are non-toxic and non-carcinogenic.

18      125.    In response to the allegations in paragraph 125, Monsanto states that the cited

19      document speaks for itself and does not require a response.

20      126.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

21      exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

22      126.  Monsanto states, however, that the scientific studies upon which IARC purported to base

23      its classification were all publicly available before March 2015.

24      127.    Monsanto denies that it concealed "the true character, quality and nature of

25      Roundup."  The remaining allegations of paragraph 127 set forth conclusions of law for which

26      no response is required.  To the extent that a response is deemed required, Monsanto denies all of

27      plaintiff's allegations in paragraph 127.  Monsanto states, however, that the scientific studies

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-06858-VC

upon which IARC purported to base its classification were all publicly available before March 2015.

128.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 128 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

129.    Monsanto incorporates by reference its responses to paragraphs 1 through 128 in response to paragraph 129 of plaintiff's Complaint.

130.    The allegations in paragraph 130 set forth conclusions of law for which no response is required.

131.    Monsanto denies the allegations in paragraph 131.

132.    Monsanto denies the allegations in paragraph 132, including each of its subparts.

133.    Monsanto denies the allegations in paragraph 133.

134.    Monsanto denies the allegations in paragraph 134.

135.    Monsanto denies the allegations in paragraph 135, including each of its subparts.

136.    Monsanto denies the allegations in paragraph 136.

137.    Monsanto denies the allegations in paragraph 137.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto denies the allegations in paragraph 139.

In response to the "WHEREFORE" paragraph following paragraph 139, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

1    140.    Monsanto incorporates by reference its responses to paragraphs 1 through 139 in

2    response to paragraph 140 of plaintiff's Complaint.

3    141.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 141 and therefore denies those allegations.

5    142.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 142 and therefore denies those allegations.

7    143.    Monsanto denies the allegations in paragraph 143.

8    144.    Monsanto denies the allegations in paragraph 144.

9    145.    Monsanto denies the allegations in paragraph 145.

10    146.    Monsanto denies the allegations in paragraph 146, including each of its subparts.

11    147.    Monsanto denies the allegations in paragraph 147.

12    148.    Monsanto denies that Roundup®-branded products have "dangerous

13    characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

14    truth of the remaining allegations in paragraph 148 and therefore denies those allegations.

15    149.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16    truth of the allegations in paragraph 149 and therefore denies those allegations.

17    150.    Monsanto denies the allegations in paragraph 150.

18    151.    The allegations in paragraph 151 set forth conclusions of law for which no

19    response is required.

20    152.    Monsanto denies the allegations in paragraph 152.

21    153.    Monsanto denies the allegations in paragraph 153.

22    154.    Monsanto denies the allegations in paragraph 154.

23    155.    Monsanto denies the allegations in paragraph 155.

24    156.    Monsanto denies the allegations in paragraph 156.

25    157.    Monsanto denies the allegations in paragraph 157.

26    158.    Monsanto denies the allegations in paragraph 158.

27    159.    Monsanto denies the allegations in paragraph 159.

28    160.    Monsanto denies the allegations in paragraph 160.

161. Monsanto denies the allegations in paragraph 161.

In response to the "WHEREFORE" paragraph following paragraph 161, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

162. Monsanto incorporates by reference its responses to paragraphs 1 through 161 in response to paragraph 162 of plaintiff's Complaint.

163. The allegations in paragraph 163 set forth conclusions of law for which no response is required.

164. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 164 and therefore denies those allegations.

165. Monsanto denies the allegations in paragraph 165. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

166. Monsanto denies the allegations in paragraph 166.

167. Monsanto denies the allegations in paragraph 167. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

168. Monsanto denies the allegations in paragraph 168. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

169. Monsanto denies the allegations in paragraph 169.

170. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 170 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 170.

171. The allegations in paragraph 171 set forth conclusions of law for which no response is required.

1      172.    Monsanto denies the allegations in paragraph 172.

2      173.    Monsanto denies the allegations in paragraph 173.

3      174.    Monsanto denies the allegations in paragraph 174.

4      175.    Monsanto denies the allegations that Roundup®-branded products are defective

5   and accordingly denies the allegations in paragraph 175.

6      176.    The allegations in paragraph 176 set forth conclusions of law for which no

7   response is required.

8      177.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9   truth of the allegations paragraph 177 and therefore denies those allegations.

10     178.    Monsanto denies the allegations in paragraph 178.

11     179.    Monsanto denies the allegations in paragraph 179.

12     180.    Monsanto denies the allegations in paragraph 180.

13     181.    Monsanto denies the allegations in paragraph 181.

14     182.    Monsanto denies the allegations in paragraph 182.

15         In response to the "WHEREFORE" paragraph following paragraph 182, Monsanto

16   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

17   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

18   fees as allowed by law and such further and additional relief as this Court may deem just and

19   proper.

20     183.    Monsanto incorporates by reference its responses to paragraphs 1 through 182 in

21   response to paragraph 183 of plaintiff's Complaint.

22     184.    Monsanto denies the allegations in paragraph 184.  Additionally, the allegations

23   in the last sentence in paragraph 184 set forth conclusions of law for which no response is

24   required.

25     185.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26   truth of the allegations in paragraph 185 concerning the plaintiff's claimed use of Roundup®-

27   branded products and therefore denies those allegations.  The remaining allegations in paragraph

28   185 set forth conclusions of law for which no response is required.

1      186.    The allegations in paragraph 186 set forth conclusions of law for which no

2  response is required.

3      187.    Monsanto denies the allegations in paragraph 187.

4      188.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5  truth of the allegations in paragraph 188 and therefore denies those allegations.

6      189.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7  truth of the allegations in paragraph 189 concerning the condition of any Roundup®-branded

8  product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore

9  denies the allegations in paragraph 189.

10     190.    Monsanto denies the allegations in paragraph 190.

11     191.    Monsanto denies the allegations in paragraph 191.

12     192.    Monsanto denies the allegations in paragraph 192.

13         In response to the "WHEREFORE" paragraph following paragraph 192, Monsanto

14  demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

15  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

16  fees as allowed by law and such further and additional relief as this Court may deem just and

17  proper.

18     193.    Monsanto incorporates by reference its responses to paragraphs 1 through 192 in

19  response to paragraph 193 of plaintiff's Complaint.

20     194.    In response to the allegations in paragraph 194, Monsanto admits that it has

21  manufactured, distributed, advertised, promoted, and sold Roundup®-branded products.

22     195.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 195 concerning plaintiff's claimed use of Roundup®-branded

24  products and therefore denies those allegations.  Monsanto admits that it has sold glyphosate

25  based herbicides in accordance with their EPA-approved labeling.  The remaining allegations in

26  paragraph 195 set forth conclusions of law for which no response is required.

27     196.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28  truth of the allegations in paragraph 196 concerning plaintiff's foreseeable use of Roundup®-

1    branded products and therefore denies those allegations.  The remaining allegations in paragraph

2    196 set forth conclusions of law for which no response is required.

3        197.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 197 and therefore denies those allegations.

5        198.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 198 and therefore denies those allegations.

7        199.    The allegations in paragraph 199 set forth conclusions of law for which no

8    response is required.

9        200.    The allegations in paragraph 200 set forth conclusions of law for which no

10   response is required.

11       201.    Monsanto denies the allegations in paragraph 201.

12       202.    Monsanto denies the allegations in paragraph 202.

13       203.    Monsanto denies the allegations in paragraph 203.

14       204.    Monsanto denies the allegations in paragraph 204.

15       205.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 205 regarding plaintiff's reliance and therefore denies those

17   allegations.  Monsanto denies the remaining allegations in paragraph 205.

18       206.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 206 regarding reliance by plaintiff and others and therefore

20   denies those allegations.  Monsanto denies the remaining allegations in paragraph 206.

21       207.    Monsanto denies the allegations in paragraph 207.

22       208.    Monsanto denies the allegations in paragraph 208.

23       209.    Monsanto denies the allegations in paragraph 209.

24       210.    Monsanto denies the allegations in paragraph 210.

25       211.    Monsanto denies the allegations in paragraph 211.

26       In response to the "WHEREFORE" paragraph following paragraph 211, Monsanto

27   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

28   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

1  fees as allowed by law and such further and additional relief as this Court may deem just and

2  proper.

3        In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

4  denies that plaintiff is entitled to the relief sought therein, including any judgment for any

5  damages, interest, costs, or any other relief whatsoever.

6        Every allegation in the Complaint that is not specifically and expressly admitted in this

7  Answer is hereby specifically and expressly denied.

8                      **SEPARATE AND AFFIRMATIVE DEFENSES**

9        1.     The Complaint, in whole or part, fails to state a claim or cause of action against

10  Monsanto upon which relief can be granted.

11        2.     Venue is inconvenient for plaintiff's claims.

12        3.     Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

13  reliable evidence that the products at issue were defective or unreasonably dangerous.

14        4.     Any alleged negligent or culpable conduct of Monsanto, none being admitted,

15  was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

16  plaintiff's alleged injuries.

17        5.     Plaintiff's claims are barred, in whole or in part, because the products at issue

18  were designed, manufactured, marketed and labeled with proper warnings, information, cautions

19  and instructions, in accordance with the state of the art and the state of scientific and

20  technological knowledge.

21        6.     Plaintiff's claims are barred, in whole or in part, because the products at issue

22  were not defective or unreasonably dangerous in that they complied with, at all relevant times,

23  all applicable government safety standards.

24        7.     Plaintiff's claims are barred, in whole or in part, by application of Tex. Civ. Prac.

25  & Rem. Code Ann. § 82.008.

26        8.     Any claims based on allegations that Monsanto misled, defrauded, made

27  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See,*

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-06858-VC

1   *e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

2   *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

3       9.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law

4   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

5   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

6       10.     Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

7   findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

8   product labeling.

9       11.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary

10  jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11      12.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if

12  any, were the result of conduct of plaintiff, independent third parties, and/or events that were

13  extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

14  independent, intervening and superseding causes of the alleged injuries, including but not limited

15  to plaintiff's pre-existing medical conditions.

16      13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j

17  and k, bar plaintiff's claims against Monsanto in whole or in part.

18      14.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or

19  in part.

20      15.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions

21  bar plaintiff's claims in whole or in part.

22      16.     If plaintiff suffered injury or damages as alleged, which is denied, such injury or

23  damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither

24  liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative

25  degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that

26  are not related or connected with any product sold, distributed, or manufactured by Monsanto.

27  Such acts or omissions on the part of others or diseases or causes constitute an independent,

28  intervening and sole proximate cause of plaintiff's alleged injury or damages.

17.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

18.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

19.     Plaintiff's claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Missouri Constitution, the Texas Constitution, and/or other applicable state constitutions.

21.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Missouri law, Texas law, and/or other applicable state laws.

22.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Missouri Revised Statute § 510.265.1, and including Tex. Civ. Prac. & Rem. Code Ann. §§41.004(a), 41.008(b) .

23.     Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiff and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Petition, and plaintiff has failed to clearly establish any entitlement to punitive, exemplary, and/or aggravated damages based on their allegations.

24.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

25.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

26.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

27.     To the extent that plaintiff recovered payments for his alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute § 490.715.

28.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

29.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.


DATED:  January 16, 2018                    Respectfully submitted,


/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*