1

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:  202-898-5800
Facsimile:  202-682-1639
Email:      jhollingsworth@hollingsworthllp.com
            elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Jeffrey F. Joffe, et al. v. Monsanto Co.,* Case No. 3:18-cv-00430-VC | |

11

12

13

14

15

<u>**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**</u>

16     Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

17 Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

18 all allegations contained in plaintiffs Jeffrey F. and Laurie Rodetsky Joffe's Complaint

19 ("Complaint"), except as set forth below.  As defined in the Complaint and as used in this

20 Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in

21 Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall

22 constitute a denial.  Although many paragraphs in the Complaint refer only to "Plaintiff,"

23 Monsanto nevertheless responds to the allegations in those paragraphs as if brought by any of the

24 plaintiffs.

25     1.     Monsanto admits that plaintiffs purport to bring an action for damages allegedly

26 related to exposure to Roundup®-branded products but denies any liability to plaintiffs.

27 Monsanto denies the remaining allegations in paragraph 1.

28

- 1 -

2.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 that plaintiff purchased Roundup®-branded products in Florida and therefore denies those allegations.  The remaining allegations in paragraph 2 set forth conclusions of law for which no response is required.

3.      In response to the allegations in the first sentence of paragraph 3, Monsanto admits that it sells Roundup®-branded products in Florida.  The final sentence in paragraph 3 sets forth conclusions of law for which no response is required.  The remaining allegations in paragraph 3 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiffs' Complaint.

5.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations concerning plaintiff's exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 5 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits that venue is proper in the Middle District of Florida based upon the allegations in plaintiffs' Complaint.

6.      Monsanto denies that exposure to Roundup®-branded products could have caused or did cause plaintiff's alleged non-Hodgkin's lymphoma ("NHL"), diffuse large B-cell lymphoma, and/or other physical injuries.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies those allegations.

7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies those allegations.

8.      Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

10.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 10 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

11.     Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate.  The remaining allegations in paragraph 11 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore denies those allegations.

12.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.  The remaining allegations in paragraph 12 comprise attorney characterizations and are accordingly denied.

13.     Monsanto admits the allegations in paragraph 13.

14.     Monsanto generally admits the allegations in paragraph 14, but denies the allegations in paragraph 14 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

15.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining

1    sentences of paragraph 16 and therefore denies those allegations.  Monsanto denies the

2    remaining allegations in paragraph 16.

3         17.    In response to the allegations in the first sentence of paragraph 17, Monsanto

4    admits that glyphosate is one of the world's most widely used herbicides today, but notes that

5    Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto

6    admits the allegations in the second sentence of paragraph 17.  Monsanto lacks information or

7    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 17

8    and therefore denies those allegations.

9         18.    Monsanto states that the term "In all this time" is vague and ambiguous, and

10   Monsanto therefore denies the same.  Monsanto admits that Roundup®-branded products have

11   been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded

12   products have carcinogenic properties and denies the remaining allegations in paragraph 18.

13        19.    The allegations in paragraph 19 set forth conclusions of law for which no

14   response is required.  To the extent that a response is deemed required, Monsanto admits the

15   allegations in paragraph 19.

16        20.    In response to the allegations in paragraph 20, Monsanto admits that EPA requires

17   registrants of herbicides to submit extensive data in support of the human health and

18   environmental safety of their products and further admits that EPA will not register or approve

19   the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

20   Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 20 set forth

21   conclusions of law for which no response is required.

22        21.    The allegations in paragraph 21 set forth conclusions of law for which no

23   response is required.

24        22.    Monsanto admits that Roundup®-branded products are registered by EPA for

25   manufacture, sale and distribution and are registered by the State of Florida for sale and

26   distribution.

27        23.    In response to the allegations in paragraph 23, Monsanto admits that EPA requires

28   registrants of herbicides to submit extensive data in support of the human health and

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-00430-VC

1  environmental safety of their products and further admits that EPA will not register or approve

2  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

3  states that the term "the product tests" in the final sentence of paragraph 23 is vague and

4  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 23

5  set forth conclusions of law for which no answer is required.

6          24.     Monsanto denies the allegations in paragraph 24 to the extent that they suggest

7  that EPA only evaluates the safety of pesticide products on the date of their initial registration.

8  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

9  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

10  of the allegations in paragraph 24 regarding such pesticide products generally and therefore

11  denies those allegations.  The remaining allegations in paragraph 24 set forth conclusions of law

12  for which no response is required.

13          25.     In response to the allegations in paragraph 25, Monsanto admits that EPA has

14  undertaken a regulatory review of glyphosate and further admits that EPA has not released its

15  findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

16  Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

17  concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

18  humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

19  posted an October 2015 final report by its standing Cancer Assessment Review Committee

20  ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

21  to be Carcinogenic to Humans."[2]  Monsanto further states that, in December  2017, EPA's OPP

22

23  [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"),

24  https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on

25  glyphosate's carcinogenic potential.

26  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final

27  Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-00430-VC

1    issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

2    the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

3    humans'."[3]   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

4    of the remaining allegations in paragraph 25 and therefore denies those allegations.

5            26.     In response to the allegations in paragraph 26, Monsanto admits that the New

6    York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

7    advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

8    admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

9    General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

10   the subparts purport to quote a document, the document speaks for itself and thus does not

11   require any further answer.  The remaining allegations in paragraph 26 are vague and conclusory

12   and comprise attorney characterizations and are accordingly denied.

13           27.     In response to the allegations in paragraph 27, Monsanto admits it entered into an

14   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

15   itself and thus does not require any further answer.  The remaining allegations in paragraph 27

16   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17           28.     Monsanto denies the allegations in paragraph 28.

18           29.     In response to the allegations in paragraph 29, Monsanto admits that the French

19   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

20   that it "left the soil clean," but denies the allegations in paragraph 29 to the extent that they

21   suggest that this ruling was in any way related to plaintiffs' claims here that glyphosate can cause

22   cancer.  Monsanto denies the remaining allegations in paragraph 29.

23           30.     Monsanto denies the allegations in paragraph 30.

24

25

26   [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of
     Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.epa.gov/sites/production
27   /files/2017-12/documents/revised_glyphosate_issue_paper_evaluation_of_carcinogenic_
     potential.pdf.
28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-00430-VC

31.     In response to the allegations in paragraph 31, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 31 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations.

32.     Monsanto admits the allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 33 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and therefore denies those allegations.

34.     Monsanto states that the term "toxic" as used in paragraph 34 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 34.

35.     Monsanto admits the allegations in the first sentence of paragraph 35.  In response to the allegations in the second sentence of paragraph 35, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the remaining allegations in paragraph 35.

36.     In response to the allegations in the first sentence of paragraph 36, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 36 characterizes the meaning of the cited study, Monsanto denies the allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 37.

38.     In response to the allegations in paragraph 38, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 38

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-00430-VC

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 38.

39.     Monsanto denies the allegations in paragraph 39.

40.     In response to the allegations in paragraph 40, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 40 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 41 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 41.

42.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 42.

43.     Monsanto denies the allegations in paragraph 43.

44.     Monsanto denies the allegations in paragraph 44.

45.     Monsanto denies the allegations in paragraph 45.

46.     Monsanto denies the allegations in paragraph 46.

47.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 47.

48.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 and therefore denies those allegations.

49.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

50.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

51.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 51 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

52.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 52, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 52 comprise attorney characterizations and are accordingly denied.

53.     In response to the allegations in paragraph 53, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 53 comprise attorney characterizations and are accordingly denied.

54.     In response to the allegations in paragraph 54, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 54 comprise attorney characterizations and are accordingly denied.

55.     Monsanto denies the allegations in paragraph 55.

56.     The allegations in paragraph 56 comprise attorney characterizations and are accordingly denied.

57.     Monsanto admits the allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 58

1  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

2  paragraph 58.

3      59.    In response to the allegations in paragraph 59, Monsanto admits that certain

4  studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

5  under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

6  evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

7  animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

8  paragraph 59.

9      60.    The allegations in paragraph 60 are vague and ambiguous and are accordingly

10  denied.

11      61.    In response to the allegations in paragraph 61, Monsanto states that the cited

12  document speaks for itself and does not require a response.

13      62.    In response to the allegations in paragraph 62, Monsanto states that the cited

14  document speaks for itself and does not require a response.  To the extent that paragraph 62

15  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

16  paragraph 62.

17      63.    Monsanto denies the allegations in paragraph 63.

18      64.    In response to the allegations in paragraph 64, Monsanto states that the cited

19  document speaks for itself and does not require a response.  Monsanto otherwise denies the

20  allegations in paragraph 64

21      65.    Monsanto admits that there is no reliable evidence that Roundup®-branded

22  products are genotoxic.  Monsanto otherwise denies the allegations in paragraph 65.

23      66.    Monsanto denies the allegations in paragraph 66.

24      67.    Monsanto denies the allegations in paragraph 67.

25      68.    Monsanto denies the allegations in paragraph 68.

26      69.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

27  exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 69.

28      70.    Monsanto denies the allegations in paragraph 70.

71.     Monsanto denies the allegations in paragraph 71.

72.     Monsanto admits the allegations in paragraph 72.

73.     Monsanto denies the allegations in paragraph 73.

74.     Monsanto admits the allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     Monsanto denies the allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 82.

83.     In response to the allegations in paragraph 83, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 83.

84.     In response to the allegations in paragraph 84, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 84.

85.     In response to the allegations in paragraph 85, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 85.

86.     In response to the allegations in paragraph 86, Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the

designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 86.

87.     In response to the allegations in paragraph 87, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

1    studies.  To the extent that the allegations in paragraph 87 are intended to suggest that Monsanto

2    was anything other than a victim of this fraud, such allegations are denied.

3         88.    In response to the allegations in paragraph 88, Monsanto admits that IBT

4    Laboratories was hired to conduct toxicity studies in connection with the registration of a

5    Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

6    based upon any fraudulent or false IBT studies.

7         89.    Monsanto denies the allegations in paragraph 89 to the extent they suggest that

8    EPA performed an inspection of IBT Laboratories solely or specifically in connection with

9    studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

10   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

11   connection with services provided to a broad number of private and governmental entities and

12   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

13   one of several pesticide manufacturers who had used IBT test results.  The audit found some

14   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

15   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

16   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

17   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 89 are

18   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

19   denies those allegations.

20        90.    In response to the allegations in paragraph 90, Monsanto admits that three IBT

21   employees were convicted of the charge of fraud, but Monsanto denies that any of the

22   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

23   herbicides.

24        91.    In response to the allegations in paragraph 91, Monsanto admits that it – along

25   with numerous other private companies – hired Craven Laboratories as an independent

26   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

27   denies the remaining allegations in paragraph 91.

28

92.     In response to the allegations in paragraph 92, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 92 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

93.     In response to the allegations in paragraph 93, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 93 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

94.     In response to the allegations in paragraph 94 Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

95.     In response to the allegations in paragraph 95, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto denies the allegations in paragraph 99.

100.    Monsanto denies the allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto denies the allegations in paragraph 102.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.

105.    Monsanto denies the allegations in paragraph 105.

1          106.    Monsanto denies the allegations in paragraph 106.

2          107.    Monsanto lacks sufficient information or knowledge to form a belief as to the

3     truth of the allegations in paragraph 107 and therefore denies those allegations.

4          108.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5     truth of the allegations in paragraph 108 and therefore denies those allegations.

6          109.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7     truth of the allegations in paragraph 109 and therefore denies those allegations.

8          110.    Monsanto denies the allegations in paragraph 110.

9          111.    Monsanto denies that any exposure to Roundup®-branded products can cause

10    NHL and other serious illnesses and therefore denies the allegations in paragraph 111.  Monsanto

11    states, however, that the scientific studies upon which IARC purported to base its evaluation of

12    glyphosate were all publicly available before March 2015.

13         112.    In response to the allegations in paragraph 112, Monsanto denies that it has

14    concealed the alleged "true risks associated with Roundup and glyphosate."  The remaining

15    allegations in paragraph 112 set forth conclusions of law for which no response is required.

16         113.    In response to the allegations in paragraph 113, Monsanto admits that it has stated

17    and continues to state that Roundup®-branded products are safe when used as labeled and that

18    they are non-toxic and non-carcinogenic.

19         114.    In response to the allegations in paragraph 114, Monsanto states that the cited

20    document speaks for itself and does not require a response.

21         115.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

22    exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

23    115.  Monsanto states, however, that the scientific studies upon which IARC purported to base

24    its classification were all publicly available before March 2015.

25         116.    Monsanto denies that it concealed "the true character, quality and nature of

26    Roundup."  The remaining allegations of paragraph 116 set forth conclusions of law for which

27    no response is required.  To the extent that a response is deemed required, Monsanto denies all of

28    plaintiffs' allegations in paragraph 116.  Monsanto states, however, that the scientific studies

1    upon which IARC purported to base its classification were all publicly available before March

2    2015.

3         117.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

4    and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

5    branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

6    which IARC purported to base its classification were all publicly available before March 2015.

7    The remaining allegations in paragraph 117 set forth conclusions of law for which no response is

8    required, consist of attorney characterizations and are accordingly denied, or comprise

9    allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

10   the truth of the allegations asserted and therefore denies those allegations.

11        118.    Monsanto incorporates by reference its responses to paragraphs 1 through 117 in

12   response to paragraph 118 of plaintiffs' Complaint.

13        119.    The allegations in paragraph 119 set forth conclusions of law for which no

14   response is required.

15        120.    Monsanto denies the allegations in paragraph 120.

16        121.    Monsanto denies the allegations in paragraph 121, including each of its subparts.

17        122.    Monsanto denies the allegations in paragraph 122.

18        123.    Monsanto denies the allegations in paragraph 123.

19        124.    Monsanto denies the allegations in paragraph 124, including each of its subparts.

20        125.    Monsanto denies the allegations in paragraph 125.

21        126.    Monsanto denies the allegations in paragraph 126.

22        127.    Monsanto denies the allegations in paragraph 127.

23        128.    Monsanto denies the allegations in paragraph 128.

24        In response to the "WHEREFORE" paragraph following paragraph 128, Monsanto

25   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

26   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

27   fees as allowed by law and such further and additional relief as this Court may deem just and

28   proper.

1    129.    Monsanto incorporates by reference its responses to paragraphs 1 through 128 in

2    response to paragraph 129 of plaintiffs' Complaint.

3    130.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 130 and therefore denies those allegations.

5    131.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 131 and therefore denies those allegations.

7    132.    Monsanto denies the allegations in paragraph 132.

8    133.    Monsanto denies the allegations in paragraph 133.

9    134.    Monsanto denies the allegations in paragraph 134.

10    135.    Monsanto denies the allegations in paragraph 135, including each of its subparts.

11    136.    Monsanto denies the allegations in paragraph 136.

12    137.    Monsanto denies that Roundup®-branded products have "dangerous

13    characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

14    truth of the remaining allegations in paragraph 137 and therefore denies those allegations.

15    138.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16    truth of the allegations in paragraph 138 and therefore denies those allegations.

17    139.    Monsanto denies the allegations in paragraph 139.

18    140.    The allegations in paragraph 140 set forth conclusions of law for which no

19    response is required.

20    141.    Monsanto denies the allegations in paragraph 141.

21    142.    Monsanto denies the allegations in paragraph 142.

22    143.    Monsanto denies the allegations in paragraph 143.

23    144.    Monsanto denies the allegations in paragraph 144.

24    145.    Monsanto denies the allegations in paragraph 145.

25    146.    Monsanto denies the allegations in paragraph 146.

26    147.    Monsanto denies the allegations in paragraph 147.

27    148.    Monsanto denies the allegations in paragraph 148.

28    149.    Monsanto denies the allegations in paragraph 149.

1      150.    Monsanto denies the allegations in paragraph 150.

2      In response to the "WHEREFORE" paragraph following paragraph 150, Monsanto

3   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

4   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

5   fees as allowed by law and such further and additional relief as this Court may deem just and

6   proper.

7      151.    Monsanto incorporates by reference its responses to paragraphs 1 through 150 in

8   response to paragraph 151 of plaintiffs' Complaint.

9      152.    The allegations in paragraph 152 set forth conclusions of law for which no

10   response is required.

11      153.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 153 and therefore denies those allegations.

13      154.    Monsanto denies the allegations in paragraph 154.  All labeling of Roundup®-

14   branded products has been and remains EPA-approved and in compliance with all federal

15   requirements under FIFRA.

16      155.    Monsanto denies the allegations in paragraph 155.

17      156.    Monsanto denies the allegations in paragraph 156.  All labeling of Roundup®-

18   branded products has been and remains EPA-approved and in compliance with all federal

19   requirements under FIFRA.

20      157.    Monsanto denies the allegations in paragraph 157.  All labeling of Roundup®-

21   branded products has been and remains EPA-approved and in compliance with all federal

22   requirements under FIFRA and with Florida law.

23      158.    Monsanto denies the allegations in paragraph 158.

24      159.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25   truth of the allegations regarding plaintiff's use history in paragraph 159 and therefore denies

26   those allegations.  Monsanto denies the remaining allegations in paragraph 159.

27      160.    The allegations in paragraph 160 set forth conclusions of law for which no

28   response is required.

1    161.    Monsanto denies the allegations in paragraph 161.

2    162.    Monsanto denies the allegations in paragraph 162.

3    163.    Monsanto denies the allegations in paragraph 163.

4    164.    Monsanto denies the allegations that Roundup®-branded products are defective

5    and accordingly denies the allegations in paragraph 164.

6    165.    The allegations in paragraph 165 set forth conclusions of law for which no

7    response is required.

8    166.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 166 and therefore denies those allegations.

10   167.    Monsanto denies the allegations in paragraph 167.

11   168.    Monsanto denies the allegations in paragraph 168.

12   169.    Monsanto denies the allegations in paragraph 169.

13   170.    Monsanto denies the allegations in paragraph 170.

14   171.    Monsanto denies the allegations in paragraph 171.

15   In response to the "WHEREFORE" paragraph following paragraph 171, Monsanto

16   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint

17   be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable

18   attorney's fees as allowed by law and such further and additional relief as this Court may deem

19   just and proper.

20   172.    Monsanto incorporates by reference its responses to paragraphs 1 through 171 in

21   response to paragraph 172 of plaintiffs' Complaint.

22   173.    Monsanto denies the allegations in paragraph 173.

23   174.    In response to the allegations in paragraph 174, Monsanto admits that it has sold

24   Roundup®-branded products in accordance with their EPA-approved labeling.  Monsanto further

25   states that paragraph 174 sets forth conclusions of law for which no response is required.

26   Monsanto denies the remaining allegations in paragraph 174.

27   175.    Monsanto denies the allegations in the first and second sentence of paragraph 175.

28   All labeling of Roundup®-branded products has been and remains EPA-approved and in

1   compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

2   of paragraph 175 sets forth conclusions of law for which no response is required.

3        176.    Paragraph 176 set forth conclusions of law for which no response is required.

4        177.    Monsanto denies the allegations in paragraph 177.

5        178.    Monsanto denies the allegations in paragraph 178 and each of its subparts.

6        179.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7   truth of the allegations in paragraph 179 and therefore denies those allegations.

8        180.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9   truth of the allegations in paragraph 180 regarding plaintiff's knowledge and therefore denies

10  those allegations.  Monsanto denies the remaining allegations in paragraph 180.

11       181.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 181 and therefore denies those allegations.

13       182.    Monsanto denies the allegations in paragraph 182.

14       183.    Monsanto denies the allegations in paragraph 183.

15       In response to the "WHEREFORE" paragraph following paragraph 183, Monsanto

16  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

17  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

18  fees as allowed by law and such further and additional relief as this Court may deem just and

19  proper.

20       184.    Monsanto incorporates by reference its responses to paragraphs 1 through 183 in

21  response to paragraph 184 of plaintiffs' Complaint.

22       185.    Monsanto denies the allegations in paragraph 185.

23       186.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24  truth of the allegations in paragraph 186 concerning plaintiff's claimed use of and exposure to

25  Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

26  paragraph 186 set forth conclusions of law for which no response is required.

27

28

187.     Monsanto denies the allegations in paragraph 187.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

188.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 188 regarding plaintiff's reliance and therefore denies those allegations.  The remaining allegations in paragraph 188 set forth conclusions of law for which no response is required.

189.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 189 and accordingly denies those allegations.  In addition, the allegations in paragraph 189 set forth conclusions of law for which no response is required.

190.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 190 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 190 set forth conclusions of law for which no response is required.

191.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 191 regarding Monsanto's implied warranties sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 191.

192.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 192 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged use of such product and therefore denies the allegations in paragraph 192.

193.     Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 193 concerning plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 193.

1    194.    Monsanto denies the allegations in paragraph 194.

2    195.    Monsanto denies the allegations in paragraph 195.

3    196.    Monsanto denies the allegations in paragraph 196.

4    In response to the "WHEREFORE" paragraph following paragraph 196, Monsanto

5  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

6  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

7  fees as allowed by law and such further and additional relief as this Court may deem just and

8  proper.

9    197.    Monsanto incorporates by reference its responses to paragraph 1 through 196 in

10  response to paragraph 197 of plaintiffs' Complaint.

11    198.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 198 regarding the marital status of plaintiffs and accordingly

13  denies those allegations.  The remaining allegations in paragraph 198 set forth conclusions of

14  law for which no response is required.

15    199.    Monsanto denies the allegations in paragraph 199.

16    200.    Monsanto denies the allegations in paragraph 200.

17    In response to the "WHEREFORE" paragraph following paragraph 200, Monsanto

18  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

19  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

20  fees as allowed by law and such further and additional relief as this Court may deem just and

21  proper.

22    In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

23  denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

24  damages, interest, costs, or any other relief whatsoever.

25    Every allegation in the Complaint that is not specifically and expressly admitted in this

26  Answer is hereby specifically and expressly denied.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-00430-VC

**SEPARATE AND AFFIRMATIVE DEFENSES**

1.      The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.      Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiffs' claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Florida Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of punitive damages under Florida law and/or other applicable state laws.

20.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Fla. Stat. § 768.73.  Monsanto would further show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under § 768.73 would be a violation of Monsanto's state and federal constitutional rights.

21.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

22.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

23.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

24.     To the extent that plaintiffs recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76.

25.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize or limits such claims.

27.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

28.     Plaintiffs' claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

29.     In accordance with Fla. Stat. § 768.1257, plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed, and labeled with proper warnings, information, cautions, and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

30. Any recovery of compensatory damages is limited by operation of Fla. Stat. § 768.76.

31. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

Monsanto demands a jury trial on all issues so triable.

DATED:  February 26, 2018                Respectfully submitted,


/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*