

Joe G. Hollingsworth
dir 202 898 5842
jhollingsworth@hollingsworthllp.com

February 27, 2018

**FILED VIA ECF**
Honorable Vince Chhabria
United States District Court, Northern District of California

    Re: *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC

To the Honorable Vince Chhabria,

    In light of new facts and argument not available on February 20, Monsanto submits this supplemental letter brief and reasserts its request that this Court enter an order prohibiting plaintiffs from using a document on direct examination that was not properly disclosed.

    Since serving their expert reports on May 1, 2017,[1] plaintiffs' experts have had ample opportunity to timely supplement their reference lists, including in advance of their August/September 2017 depositions.[2] Nonetheless, on Friday, February 23, just ten days before the start of the *Daubert* hearing, plaintiffs served "updated materials lists" for five of their six experts.[3] Notably, most of the materials on the updated lists were available to plaintiffs' experts *at the time* that they served their original and rebuttal expert reports or sat for deposition. For example, eight of the ten items on Dr. Neugut's updated list are scientific publications or regulatory documents that were published or otherwise made publicly available at least six weeks (and as much as fifteen years) *prior* to August 7, 2017, when Dr. Neugut was first deposed. For Dr. Weisenburger, 31 of the 44 "new" documents added to his materials list were published or otherwise publicly available prior to his September 11, 2017 deposition. The other three experts' lists follow suit.[4]

    Further, the experts' updated lists contain a variety of epidemiology-related scientific publications that could have and should have been disclosed in connection with the supplemental expert reports each expert served on December 21, 2017 regarding data from the Agricultural Health Study ("AHS"). Drs. Neugut and Jameson, for example, added Blair, A., et al.,

---

[1] Five experts served their initial expert reports on May 1. Dr. Jameson's initial expert report was served on May 12, 2017.
[2] Monsanto's experts, for example, served supplemental Materials Considered Lists to plaintiffs' counsel at the time of their initial depositions in September 2017.
[3] *See* Email from Aimee H. Wagstaff, Andrus Wagstaff, PC to Heather A. Pigman, Hollingsworth LLP (Feb. 23, 2018).
[4] Thirty-four of the 51 "new" items on Dr. Ritz's list were available at the time of her September 18, 2017 deposition. For Dr. Jameson, 21 of the 35 "new" items on his list were available at the time of his September 21, 2017 deposition. Finally, eight out of the 10 documents on Dr. Nabhan's list were available at the time of his August 23, 2017 deposition.

Honorable Vince Chhabria
February 27, 2018
Page 2



*Reliability of Reporting on Life-Style and Agricultural Factors by a Sample of Participants in the Agricultural Health Study from Iowa*, a 2002 publication *about* the AHS.

     As noted in the parties' February 20 letter brief, Federal Rule of Civil Procedure 26 makes clear that "[p]arties wishing to rely on expert opinions must disclose those opinions and the facts or data considered in forming them *at the times* and *in the sequence* that the court orders." *Green v. City & Cty. of S.F.*, No. 10-CV-02649-RS (MEJ), 2015 WL 1738025, at *1 (N.D. Cal. Apr. 8, 2015) (citing Fed. R. Civ. P. 26(a)(2)(D)) (internal quotations omitted) (emphasis added). Plaintiffs should not be permitted to subvert this rule through the untimely disclosure of updated reliance materials. Nor can plaintiffs reasonably claim that the updated lists are reflective of "substantive review of *new* publications," s*ee* Joint Disc. Ltr. Br. re: Obj. to Daubert Exhibit Lists, at 5 (Feb. 20, 2018), ECF No. 1138, given that so many of the documents added are blatantly not new.

     Monsanto therefore reasserts its request that this Court enter an order prohibiting plaintiffs from using a document on direct examination that was not properly disclosed in connection with plaintiffs' expert reports or depositions. *See United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 173 F.R.D. 675, 677 (D. Kan. 1997) (court refused to consider exhibits supporting expert testimony at *Daubert* hearing that were identified to opposing party one week prior to the *Daubert* hearing and were not identified in any timely exchanged expert report or timely supplement).

DATED: February 27, 2018

                                              Respectfully submitted,

                                              /s/Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639
Attorneys for Defendant
MONSANTO COMPANY