

Joe G. Hollingsworth
dir 202 898 5842
jhollingsworth@hollingsworthllp.com

February 28, 2018

**FILED VIA ECF**
Honorable Vince Chhabria
United States District Court, Northern District of California

Re: *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC

To the Honorable Vince Chhabria,

After meeting and conferring, the parties have reached an impasse regarding the most efficient way to present the videotaped testimony of Drs. Aaron Blair and Matthew Ross in connection with the upcoming *Daubert* hearing. Specifically, Monsanto contends that the 11 hours allotted to each party is best spent on live testimony, and that video excerpts should be submitted outside of that process. Plaintiffs disagree and maintain that any video testimony should be played during the hearing and count against the offering party's time allotment. Judicial intervention is necessary to resolve this issue.

## MONSANTO'S POSITION

As this Court has noted, one of the main goals of the upcoming *Daubert* hearing is to allow the Court to develop a "very strong understanding" of the scientific issues. *See* Tr. of Proceedings at 30, (Nov. 9, 2017). The Court is correct that on many scientific issues, there is "more value to having a witness on the stand than just having their testimony in on paper. You know, it is more helpful. It's more likely to sink in when … when you've read the witness's stuff, and they come take the stand, you can ask questions about it." *Id.* at 30:25-31:4.

Operating under an earlier assumption that each party would have approximately 15 hours to present its case, both parties proposed bringing retained expert witnesses "live" and playing relevant portions of the testimony of two fact witnesses (Drs. Blair and Ross) through their videotaped depositions. *See* Ltr. Br. Submitted By the Parties re Daubert Hearing, (Feb. 5, 2018), ECF No. 1100. The parties have not yet exchanged video designations.

Given that only 11 hours per side is now available, Monsanto proposes that the video clips from the depositions of Drs. Blair and Ross be presented to the Court on an external drive that the Court can review at its convenience. This process ensures that the valuable time available during the *Daubert* hearing is focused on live testimony, allowing, just as this Court contemplated, a more fulsome examination and cross-examination of each witness plus adequate time for questions.

Honorable Vince Chhabria
February 28, 2018
Page 2



No prejudice results from allowing the submission of video testimony outside of the hearing itself. Obviously, no questioning of witnesses appearing by videotape is possible whether played at the hearing or viewed later, meaning the Court will be provided with the same information either way. Further, the full written transcripts of both witness's depositions are publicly filed and available to anyone interested in reviewing them. *See* Videotaped Deposition of Aaron Earl Blair, Ph.D., (Mar. 20, 2017), ECF No. 650-1; Videotaped Deposition of Dr. Matthew Ross, (May 3, 2017), ECF No. 656-7. Both depositions are also available on the internet. *See, e.g.,* https://usrtk.org/wp-content/uploads/2017/06/Blair-transcript.pdf; https://usrtk.org/wp-content/uploads/2017/10/Deposition-of-Matthew-Ross-and-related-documents.pdf. Monsanto suggests that, if this request is granted, the video clips submitted to the Court also be posted on the same website as the videos of the hearing itself.

In short, allowing testimony of witnesses appearing by videotape to be submitted for review outside of the 11-hour time constraint is an efficient path forward that furthers the goals of maximizing time for live witnesses while providing a complete record.

## PLAINTIFFS' POSITION

Plaintiffs object to Monsanto's eleventh hour request to have additional time for its *Daubert* testimony. Plaintiffs proposed that the *Daubert* timing be allocated per expert. Monsanto objected and, instead, requested a chess clock. Monsanto prevailed, and the Court ordered that the *Daubert* hearing be conducted according to a chess clock, with each side allotted 11 hours to present its testimony. Monsanto should not be allowed to circumvent the rules established by this Court -- and at Monsanto's request -- to obtain additional testimony time by submitting deposition cuts of non-retained experts that do not count against its allotted eleven hours. Plaintiffs do not object to Monsanto providing deposition cuts of the non-retained experts, but respectfully submit it would be prejudicial to the Plaintiff to allow extra time to present testimony at the *Daubert* hearing if the Court were to grant Monsanto's request and allow the deposition cuts to be in addition to its eleven allotted hours.

DATED: February 28, 2018

Respectfully submitted,
/s/Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639
Attorneys for Defendant
MONSANTO COMPANY

Honorable Vince Chhabria
February 28, 2018
Page 3



DATED: February 28, 2018

Respectfully submitted,
/s/ Michael Miller
Michael Miller
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave
Orange VA 22960
Ph 540 672 4224
F 540 672 3055

/s/ Aimee Wagstaff
Aimee Wagstaff
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 West Alaska Drive
Lakewood CO 80226
Ph 303-376-6360
F 303-376-6361

/s/ Robin Greenwald
Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York NY 10003
Ph 212-558-5500
F 212-344-5461

Co-Lead Counsel for Plaintiffs