

Joe G. Hollingsworth<br>
dir 202 898 5842<br>
jhollingsworth@hollingsworthllp.com

March 2, 2018

**FILED VIA ECF**
Honorable Vince Chhabria
United States District Court, Northern District of California

    Re: *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC

To the Honorable Vince Chhabria,

    The parties submit this joint dispute letter in compliance with Pretrial Order 39.

## **Monsanto's Position**

    In Pretrial Order No. 39, the Court ordered plaintiffs to "identify the portions of the Knezevich and Hogan 1983 mouse study they intend to introduce by Wednesday, February 28, 2018 at 5 p.m." Pretrial Order No. 39 (filed Feb. 27, 2018), ECF No. 1154. Instead of selecting discrete excerpts of the Knezevich and Hogan 1983 mouse study ("Knezevich study") that they intend to introduce at the upcoming *Daubert* hearing, plaintiffs have identified over 1,500 pages, largely seven appendices that contain only raw study data from this confidential, proprietary study. Thus, plaintiffs have signaled their apparent intent to place into the *Daubert* record hundreds of pages of raw animal data from a confidential regulatory study.

    Though Monsanto would not oppose the use at the *Daubert* hearing of selected pages of the study (i.e., plaintiffs asking experts questions about certain parts without moving the voluminous and valuable documents themselves into evidence), it cannot agree to the wholesale de-designation of these valuable data. Such a broad-based de-designation not only would publicly bare Monsanto's proprietary information but it also would be of no value to the Court in its analysis of evidence presented at the hearing. Monsanto therefore submits this letter brief pursuant to Pretrial Order No. 39 and requests that the Court enter an order maintaining the confidentiality of the Knezevich study in full.

    The hundreds of pages of raw data that plaintiffs seek to have de-designated are inarguably confidential. Regulatory studies contain proprietary, trade secret information that, if disclosed, would provide Monsanto's competitors with free access to the fruits of Monsanto's labor and know-how. Proprietary product information and studies "have substantial commercial value and are of substantial value to other [similar] manufacturers" and thus should be protected from public disclosure. *In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD, 2013 WL 214672, at *7-8 (S.D. Fla. Jan. 18, 2013); *see also Otoski v. Avidyne Corp.*, No. CV 09-3041-PK, 2010 WL 5158390, at *3 (D. Or. Dec. 13, 2010) (finding good cause to continue protection of



documents that contain "proprietary information … including research, analysis, findings, and communications containing proprietary facts, that if released, could damage Avidyne's competitive position"). The information in regulatory studies is maintained as confidential by both the product manufacturers and the Environmental Protection Agency ("EPA"), as well as by other regulatory authorities worldwide. For example, EPA has not made these data available on its website. Indeed, this Court has recognized the need to maintain the confidentiality of proprietary research. *See* Pretrial Order No. 15 (filed Mar. 13, 2017), ECF No. 186 at 4 (granting Monsanto's request to seal Ex. 24, a proprietary report on a proprietary scientific study (see Buck Decl., ECF No. 166-1 at 12)).

During the *Daubert* briefing process, Monsanto has cooperated with plaintiffs in de-designating nearly every document that plaintiffs have sought to file with the Court. In fact, the only motions to seal filed resulted from plaintiffs' requests to de-designate material too close to the deadline to allow reasonable time for review, and after review, Monsanto agreed to remove the confidentiality designations and the motions to seal were withdrawn.

By contrast, Monsanto cannot agree to de-designate over 1,500 pages of proprietary data. It is unlikely – indeed, virtually impossible – that plaintiffs will use such extensive amounts of raw animal data at the *Daubert* hearing. Nor would hundreds of pages of raw data assist the Court in evaluating the methodologies employed by plaintiffs' experts in reaching their opinions. Yet again, plaintiffs are attempting to have this Court de-designate vastly more information than they need to make their arguments or that the Court needs to rule. *See* Pretrial Order 30 at 10 (filed Sept. 6, 2017), ECF No. 519 ("Where exhibits to court filings are needed, the parties shall file only the pages necessary for its argument unless the Court requests additional material."); Pretrial Order 15 at 4 (requiring plaintiffs to refile unsealed exhibit with only those pages needed); *see also* 5/11/2017 Hr'g at 19-20 (plaintiffs' counsel promising "to do better in the future" adhering to the Court's preference for "narrowly selected" exhibits).

Because plaintiffs have not narrowed their selection of material from the Knezevich study in any reasonable way, Monsanto reiterates its request that the Court maintain the study's confidentiality in full. In the alternative, Monsanto does not oppose an order allowing the plaintiffs to question experts regarding specific data without admitting its proprietary data into the record at the *Daubert* hearing.

### Plaintiffs' Position

Pursuant to PTO No. 39, on February 28, 2018, Plaintiffs identified the confidential portions of the Knezevich and Hogan study that they intend to use during the *Daubert* hearing. Plaintiffs' identification of pages includes only the individual pathology of the male and female mice and the signature page of the study authors. The individual animal pathology sheets purportedly contain the information that is summarized in Tables 17C and 18C and available publicly through the Greim Paper and its supplements. *See,* Greim, et al., *Evaluation of Carcinogneic Potential of the Herbicide Glyphosate, Drawing on Tumor Incidence Data from Fourteen Chronic/Carcinogenicity Rodent Studies*, 45 CRIT. REV. IN TOXICOLOGY 185-208,

Honorable Vince Chhabria
March 2, 2018
Page 3



2015; Data Supplementary Study 10, *available at,* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4819582/#SM2515.  The Greim paper was authored in part by Monsanto employee David Saltmiras.  Because Plaintiffs' experts looked at the entirely of the Knezevich and Hogan Study, not just the interpretations by the Greim authors, the individual animal pathology sheets are relevant, and indeed essential, to certain portions of Plaintiffs' expert witnesses' direct examination.  As such, Plaintiffs will be prejudiced if they are not allowed the opportunity to put forth this relevant, scientific evidence at that *Daubert* hearing.  That said, should the Court desire, Plaintiffs are not opposed to the Knezevich and Hogan pathology sheets remaining confidential (although Plaintiffs contend they are not confidential), provided they can be used during the *Daubert* hearing.

| | |
|---|---|
| DATED: March 2, 2018 | Respectfully submitted,<br><br>/s/Joe G. Hollingsworth<br>Joe G. Hollingsworth (*pro hac vice*)<br>(jhollingsworth@hollingsworthllp.com)<br>Eric G. Lasker (*pro hac vice*)<br>(elasker@hollingsworthllp.com)<br>HOLLINGSWORTH LLP<br>1350 I Street, N.W.<br>Washington, DC 20005<br>Telephone: (202) 898-5800<br>Facsimile: (202) 682-1639<br><br>Attorneys for Defendant<br>MONSANTO COMPANY |
| DATED: March 2, 2018 | Respectfully submitted,<br>/s/ Michael Miller<br>Michael Miller<br>mmiller@millerfirmllc.com<br>The Miller Firm LLC<br>108 Railroad Ave<br>Orange VA 22960<br>Ph 540 672 4224<br>F 540 672 3055<br><br>/s/ Aimee Wagstaff<br>Aimee Wagstaff<br>aimee.wagstaff@andruswagstaff.com<br>Andrus Wagstaff, P.C.<br>7171 West Alaska Drive<br>Lakewood CO 80226<br>Ph 303-376-6360 |

Honorable Vince Chhabria
March 2, 2018
Page 4



F 303-376-6361

/s/ Robin Greenwald
Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York NY 10003
Ph 212-558-5500
F 212-344-5461

Co-Lead Counsel for Plaintiffs