

**W E I T Z**
**&**
**L U X E N B E R G**

A   P R O F E S S I O N A L   C O R P O R A T I O N
• L A W   O F F I C E S •

| 700 BROADWAY • | NEW YORK, NY 10003 |
|---|---|
| TEL. 212-558-5500 | FAX  212-344-5461 |
| | WWW.WEITZLUX.COM |

March 6, 2018

**FILED VIA ECF**
Honorable Vince Chhabria
United States District Court, Northern District of California

      Re:    *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC

Dear Judge Chhabria:

    Plaintiffs ask the Court to allow Plaintiffs additional time in the currently ongoing *Daubert* hearing.

## PLAINTIFFS' POSITION

    While each side had been allocated equal time, because the Plaintiffs bear the burden of proof and have gone first, and had to cover some basic matters that will not have to be covered by Monsanto during its presentation, such allocation, which appears to be fair on its face, disproportionally adversely impacts the Plaintiffs.

    The Plaintiffs certainly appreciate and welcome the Court's questions during their experts' testimony and want the Court to continue to ask questions of our witnesses. The Court's questions, however, necessarily impact Plaintiffs' allocated time because Plaintiffs are presenting the testimony first.

    Plaintiffs have approximately 5 1/2 hours remaining, yet have only completed two of their six expert witness' testimony and also need time to cross Monsanto's experts. Plaintiffs thus respectfully request that the Court grant an additional 90 minutes to the Plaintiffs in the *Daubert* hearing. We understand that such a request might impact the Court's schedule this week. Plaintiffs are willing to work with the Court and Monsanto's counsel to accommodate this request in any way the Court deems necessary.

## MONSANTO'S POSITION

    Monsanto opposes plaintiffs' request for additional time. Plaintiffs made the same appeal they make now during the February 13, 2018 hearing with the Court. The Court rejected that request. *See* Pretrial Order No. 38, ECF No. 1112 (filed Feb. 13, 2018). There is no reason to revisit that ruling now. Plaintiffs' apparent realization that they have mismanaged their time should not result in disruption of this Court's schedule or prejudice to Monsanto, both of which will occur if their request is granted. The ground rules for the hearing have been known to both

parties for some time, and the Court has given the parties a significant amount of guidance regarding how to efficiently move forward under the current schedule. For example, during the November 2017 case management conference, the Court noted that the purpose of direct "is to really summarize and hit the high points" and that "the stuff about qualifications, I don't think we need to do that live. I think that can all be done on paper." Tr. of Nov. 9, 2017 CMC, at 24-25.

The Court provided more details this week, before plaintiffs called their first witness, informing the parties that he had read their expert reports, a variety of other scientific materials, and that the parties should "work with your experts to tailor your presentation accordingly, and presume that amount of knowledge." *See* Transcript of *Daubert* Hearing, at 8 (March 5, 2018).

Nevertheless, plaintiffs have discussed preliminary matters with each expert they have called to date, including the expert's qualifications, educational training and experience. They also have chosen to discuss basic scientific concepts about which the Court already expressed understanding from review of the briefing and expert reports. They apparently plan to continue to do so – this evening, plaintiffs sent Monsanto their proposed rebuttal video designations for Drs. Blair and Ross, many of which are background and qualifications questions, and the designations total approximately 45 minutes of time out of their 11-hour allotment. *See* Pretrial Order No. 40, ECF 1164 (Feb. 28, 2018) (noting that designations will be deducted from the offering party's time). The decision of how to best utilize their time is plaintiffs' counsel's to make. They should not be rewarded for belatedly recognizing that those decisions were made at some time cost.

Plaintiffs' claim that more time is needed because the Court and Judge Petrou have asked questions of their witnesses is equally meritless. This Court has been clear from that outset that questions would be asked and that those questions would count against the time of the party examining the witness at the time the question occurred. Notably, the Court and Judge Petrou have asked multiple questions during Monsanto's cross-examination time as well, and Monsanto is not requesting any enlargement of time as a result because that was the plan all along. Monsanto believes that the Judges' ability to ask questions is a significant benefit in understanding the complicated scientific issues and is therefore fully supportive of that opportunity, even at the cost of some of its time. Further, there is no reason to believe the Court and Judge Petrou will not have a similar number of questions for Monsanto's witnesses.

Prejudice will occur to Monsanto if the rules change now. Monsanto already has and expects to continue to shorten its planned examinations in order to accommodate the Court's questions and still fit within the 11 hour limit. Plaintiffs' inability or unwillingness to do so should not change the procedures or timing for this important hearing midstream.

DATED: March 6, 2018                    Respectfully submitted,

                                        /s/ Robin L. Greenwald

                                        Robin Greenwald
                                        rgreenwald@weitzlux.com
                                        Weitz & Luxenberg
                                        700 Broadway
                                        New York NY 10003
                                        Ph 212-558-5500
                                        F 212-344-5461

/s/ Michael Miller
Michael Miller
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave
Orange VA 22960
Ph 540 672 4224
F 540 672 3055

/s/ Aimee Wagstaff
Aimee Wagstaff
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 West Alaska Drive
Lakewood CO 80226
Ph 303-376-6360
F 303-376-6361

Co-Lead Counsel for Plaintiffs

DATED: March 6, 2018        Respectfully submitted,
/s/Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639
Attorneys for Defendant
MONSANTO COMPANY