**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
E-Mail:       jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No. 3:16-md-02741-VC<br><br>MDL No. 2741 |
| This document relates to:<br><br>*Applegate v. Monsanto Co.*, Case No. 3:18-cv-00663-VC | [No Hearing Noticed] |

**MONSANTO COMPANY'S OPPOSITION**
**TO PLAINTIFF'S "MOTION FOR DIRECTED VERDICT ON PLEADINGS"**

Ralph Applegate (a *pro se* plaintiff) recently filed a "Motion for Directed Verdict on Pleadings" ("Plaintiff's Motion") (ECF No. 12).  The Court should deny (or defer ruling on) Plaintiff's Motion for the reasons set forth below.

*First*, Plaintiff's Motion is premature because it remains unclear at this point whether this lawsuit will be included in these multidistrict litigation ("MDL") proceedings or will proceed in the United States District Court for the Southern District of Ohio.  Monsanto Company ("Monsanto") filed papers with the Judicial Panel on Multidistrict Litigation ("JPML") to have this lawsuit transferred to this Court.  Plaintiff did not file a timely objection to that transfer, so the JPML transferred this lawsuit to this Court by lifting the stay on the

1  previously issued conditional transfer order ("CTO").  However, after the JPML lifted the stay
2  on the CTO, the JPML received (by mail) plaintiff's objection to the transfer.  Accordingly, the
3  JPML tried to rescind the transfer, by reinstating the previously stayed CTO.  As a result of
4  these and other JPML orders, plaintiff's motion to vacate the CTO is currently pending before
5  the JPML, with a briefing schedule that sets a deadline of March 26, 2018 for Monsanto's
6  response to plaintiff's motion.  Until the JPML issues a ruling on that motion, it remains unclear
7  which federal district court has jurisdiction over this lawsuit.

8       ***Second***, even if this Court does have jurisdiction over this lawsuit, Plaintiff's Motion is
9  premature because the Court has issued several orders establishing that these MDL proceedings
10 are bifurcated, with the first phase limited to the issue of general causation (culminating in the
11 *Daubert* hearing that the Court has been conducting this week).  Plaintiff's Motion is specific to
12 this one case and does not focus on the general causation *Daubert* issues that are at issue in the
13 first phase of this litigation, so the motion should not have been filed at this time.  Moreover, if
14 the Court grants Monsanto's pending summary judgment motion based on failure of general
15 causation proof, then Plaintiff's Motion should be denied as moot.

16      ***Third***, if the Court were to reach the merits of Plaintiff's Motion, the motion should be
17 denied because it apparently seeks judgment on the pleadings, *see* Fed. R. Civ. P. 12(c), but
18 fails to satisfy the requirements for such a motion.  "Judgment on the pleadings is proper when
19 the moving party clearly establishes on the face of the pleadings that no material issue of fact
20 remains to be resolved and that [the moving party] is entitled to judgment as a matter of law."
21 *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).  When
22 resolving Plaintiff's Motion, the Court is required to accept Monsanto's allegations "as true"
23 and plaintiff's allegations that "have been denied are assumed to be false."  *Id*.  Monsanto's
24 answer denies almost all of plaintiff's allegations and presents various defenses. For purposes
25 of Plaintiff's Motion, genuine issues of material fact include, but are not limited to, plaintiff's
26 burden of proving general medical causation and specific medical causation (which plaintiff
27 would be required to prove through admissible expert testimony, even if one were to assume for
28

the sake of argument that he could present admissible expert testimony regarding general causation). Thus, there is no basis to conclude that plaintiff is entitled to judgment on the pleadings.

For the foregoing reasons, the Court should deny (or defer ruling on) Plaintiff's Motion.

DATED: March 9, 2018

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 9th day of March 2018 a true and correct copy of the foregoing opposition has been filed, by operation of the Court's Electronic Case Filing System, and has been sent, by First-Class Mail (postage pre-paid), to:

Ralph Applegate
1544 Zettler Road
Columbus, Ohio 43227

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*