**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639
Email: jhollingsworth@hollingsworthllp.com
elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Lynda Jean Wolters v. Monsanto Co.*,<br>Case No. 3:17-cv-04486-VC | |

**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Lynda Jean Wolters's Complaint and Jury Demand ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

In response to the allegations in the paragraph entitled "INTRODUCTION," Monsanto denies that there is any risk of non-Hodgkin's lymphoma ("NHL") or any other serious illnesses associated with the use of and/or exposure to Roundup®-branded products and glyphosate. Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto denies

the remaining allegations in the "INTRODUCTION" paragraph.

1. The allegations in paragraph 1 set forth conclusions of law for which no response is required. To the extent a response is deemed required, Monsanto admits the allegations in paragraph 1 based upon the allegations in plaintiff's Complaint.

2. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 that plaintiff purchased Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 2 set forth conclusions of law for which no response is required.

3. The allegations in paragraph 3 set forth conclusions of law for which no response is required.

4. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 regarding plaintiff's place of residence and/or diagnosis and therefore denies those allegations. The remaining allegations in paragraph 4 set forth conclusions of law for which no response is required.

5. Monsanto admits that the Judicial Panel on Multidistrict Litigation ordered that federal court lawsuits filed by plaintiffs alleging that Roundup®-branded herbicides caused them to develop non-Hodgkin's lymphoma be transferred to this Court for coordinated or consolidated pretrial proceedings. *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 2016 WL 5845994 (J.P.M.L. Oct. 3, 2016). Monsanto denies the remaining allegations in paragraph 5.

6. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7. Monsanto admits the allegations in paragraph 7.

8. In response to the allegations in paragraph 8, Monsanto admits that it discovered the herbicidal properties of glyphosate; that it has manufactured Roundup®-branded herbicides; that certain Roundup®-branded herbicides contain POEA and adjuvants; and that the Environmental Protection Agency ("EPA") has classified surfactants and adjuvants as inert. Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded

herbicides do not pose an unreasonable risk to human health. Monsanto denies the remaining allegations in paragraph 8.

9. In response to the allegations in paragraph 9, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 9 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies those allegations.

10. Monsanto admits the allegations in paragraph 10.

11. In response to the allegations in the first two sentences of paragraph 11, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s. In response to the allegations in the fourth and fifth sentences of paragraph 11, Monsanto admits that certain Roundup®-branded herbicides contain POEA and adjuvants, that EPA has classified surfactants and adjuvants as inert, and that the specific surfactants and adjuvants used in Roundup®-branded herbicides – like those in other manufacturers' herbicide products – are protected by EPA as "trade secrets." Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health. Monsanto denies the remaining allegations in paragraph 11.

12. Monsanto denies the allegations in paragraph 12.

13. Monsanto admits the allegations in paragraph 13.

14. In response to the allegations in paragraph 14, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). The remaining allegations in paragraph 14 set forth conclusions of law for which no response is required.

15. In response to the allegations in paragraph 15, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment."[1]  At the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report , other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 15.

16. In response to the allegations in paragraph 16, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies. To the extent that the allegations in paragraph 16 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

17. In response to the allegations in paragraph 17, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer. The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18. In response to the allegations in paragraph 18, Monsanto admits it entered into an

assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19. Monsanto denies the allegations in paragraph 19.

20. The allegations in paragraph 20 are vague and conclusory. To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

21. In response to the allegations in paragraph 21, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 21 are denied.

22. Monsanto states that the term "toxic" as used in paragraph 22 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph 22.

23. In response to the allegations in paragraph 23, Monsanto states that the terms "several studies," "at all times" and "these studies" are vague and ambiguous, and therefore Monsanto denies those allegations. Monsanto denies the remaining allegations in paragraph 23.

24. Monsanto denies the allegations in paragraph 24.

25. In response to the allegations in paragraph 25, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion. To the extent that paragraph 25 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 25.

26. In response to the allegations in paragraph 26, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto denies that the self-

labeled "consensus statement" represents the view of any consensus of scientific opinion. To the extent that paragraph 26 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 26.

27.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies those allegations.

28.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

29.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies those allegations.

30.  Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human health. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore denies those allegations.

31.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies those allegations.

32.  Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies the allegations in paragraph 32. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

33.  In response to the allegations in paragraph 33, Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies the allegations in paragraph 33. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and therefore denies those allegations.

34. In response to the allegations in paragraph 34, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and therefore denies the allegations in paragraph 34. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. Monsanto denies the remaining allegations in paragraph 34.

35. In response to the allegations in paragraph 35, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health. Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. The allegations in paragraph 35 set forth conclusions of law for which no response is required.

36. In response to the allegations in paragraph 36, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate. Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies those allegations.

37. The allegations in paragraph 37 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 37. Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

38. In response to the allegations in paragraph 38, Monsanto denies that it concealed any facts related to the human health safety of glyphosate. The remaining allegations in paragraph 38 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies those allegations.

39. Monsanto denies the allegations in paragraph 39.

40. The allegations in paragraph 40 set forth conclusions of law for which no response is required.

41. Monsanto denies the allegations in paragraph 41.

42. The allegations in paragraph 42 set forth conclusions of law for which no response is required. To the extent that a response is required, Monsanto denies the allegations in paragraph 42. Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

43. Monsanto incorporates by reference its responses to paragraphs 1 through 42 in response to paragraph 43 of plaintiff's Complaint.

44. In response to the allegations in paragraph 44, Monsanto admits that plaintiff purports to bring a claim for product liability design defect but denies any liability as to that claim.

45. In response to the allegations in paragraph 45, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used or was exposed to Roundup®-branded products and therefore denies that allegation. Monsanto denies the remaining allegations in paragraph 45.

46. Monsanto denies the allegations in paragraph 46.

47. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged use of any such product and therefore denies those allegations. The remaining allegations in paragraph 47 set forth conclusions of law for which no response is required.

48. Monsanto denies the allegations in paragraph 48.

49. Monsanto denies the allegations in paragraph 49.

50. Monsanto denies the allegations in paragraph 50 and each of its subparts.

51. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51 concerning plaintiff's claimed use of or exposure to

Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 51, including that Roundup®-branded products have "dangerous characteristics."

52. Monsanto denies the allegations in paragraph 52.

53. Monsanto denies the allegations in paragraph 53.

54. Monsanto denies the allegations in paragraph 54.

55. Monsanto denies the allegations in paragraph 55.

56. Monsanto denies the allegations in paragraph 56.

57. Monsanto denies the allegations in paragraph 57.

58. Monsanto denies the allegations in paragraph 58.

59. Monsanto incorporates by reference its responses to paragraphs 1 through 58 in response to paragraph 59 of plaintiff's Complaint.

60. In response to the allegations in paragraph 60, Monsanto admits that plaintiff purports to bring a claim for product liability failure to warn, but denies any liability as to that claim.

61. Monsanto denies the allegations in paragraph 61.

62. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 62 that plaintiff or other persons or entities purchased Roundup®-branded products and therefore denies those allegations. The allegations in paragraph 62 also set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 62.

63. In response to the allegations in paragraph 63, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate. The remaining allegations in paragraph 63 set forth conclusions of law for which no response is required.

64. Monsanto denies the allegations in paragraph 64. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

65. Monsanto denies the allegations in paragraph 65.

66. Monsanto denies the allegations in paragraph 66.

67. Monsanto denies the allegations in paragraph 67.

68. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies those allegations.

69. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 69, including that Roundup®-branded products have "dangerous characteristics."

70. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 70 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 70.

71. Monsanto denies the allegations in paragraph 71.

72. Monsanto denies the allegations in paragraph 72.

73. Monsanto denies the allegations in paragraph 73.

74. Monsanto denies the allegations in paragraph 74.

75. Monsanto denies the allegations in paragraph 75.

76. Monsanto denies the allegations in paragraph 76.

77. Monsanto denies the allegations in paragraph 77.

78. Monsanto denies the allegations in paragraph 78.

79. Monsanto incorporates by reference its responses to paragraphs 1 through 78 in response to paragraph 79 of plaintiff's Complaint.

80. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 80 regarding the specific products allegedly used by plaintiff or any advertising or marketing allegedly seen or considered by plaintiff, and therefore denies the allegations in paragraph 80.

81. The allegations in paragraph 81 set forth conclusions of law for which no response is required.

82. The allegations in paragraph 82 set forth conclusions of law for which no response is required.

83. Monsanto denies the allegations in paragraph 83.

84. Monsanto denies the allegations in paragraph 84.

85. Monsanto denies the allegations in paragraph 85.

86. Monsanto denies the allegations in paragraph 86.

87. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 87 regarding users' and consumers' knowledge and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 87. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

88. Monsanto denies the allegations in paragraph 88.

89. Monsanto denies the allegations in paragraph 89.

90. Monsanto denies the allegations in paragraph 90.

91. Monsanto denies the allegations in paragraph 91, including each of its subparts.

92. Monsanto denies the allegations in paragraph 92.

93. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 93 regarding plaintiff's knowledge and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 93, including that intended use of and/or exposure to Roundup®-branded products causes any injuries.

94. Monsanto denies the allegations in paragraph 94.

95. Monsanto denies the allegations in paragraph 95.

96. Monsanto denies the allegations in paragraph 96.

97. Monsanto incorporates by reference its responses to paragraphs 1 through 96 in response to paragraph 97 of plaintiff's Complaint.

98. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 98 and therefore denies those allegations.

99. In response to the allegations in paragraph 99, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling. Monsanto further states that paragraph 99 sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 99.

100. Monsanto denies the allegations in paragraph 100.

101. The allegation in paragraph 101 that Monsanto made an express warranty sets forth a conclusion of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 101 and therefore denies those allegations.

102. Monsanto denies the allegations in paragraph 102.

103. Monsanto incorporates by reference its responses to paragraphs 1 through 102 in response to paragraph 103 of plaintiff's Complaint.

104. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 104 and therefore denies those allegations.

105. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 105 regarding plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 105 set forth conclusions of law for which no response is required.

106. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 106 regarding plaintiff's reliance and therefore denies those

allegations. The remaining allegations in paragraph 106 set forth conclusions of law for which no response is required.

107. Monsanto denies the allegations in paragraph 107.

108. Monsanto denies the allegations in paragraph 108.

109. Monsanto incorporates by reference its responses to paragraphs 1 through 108 in response to paragraph 109 of plaintiff's Complaint.

110. Monsanto lacks information or knowledge sufficient to form a belief regarding plaintiff's claimed selection or use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 110 set forth conclusions of law for which no response is required.

111. The allegations in the first sentence of paragraph 111 set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 111, including that Roundup®-branded products are "dangerous products."

112. Monsanto denies the allegations in paragraph 112.

113. Monsanto denies the allegations in paragraph 113.

114. Monsanto denies the allegations in paragraph 114.

115. Monsanto denies the allegations in paragraph 115.

116. Monsanto denies the allegations in paragraph 116.

117. Monsanto denies the allegations in paragraph 117.

118. Monsanto denies the allegations in paragraph 118.

119. Monsanto denies the allegations in paragraph 119.

120. Monsanto incorporates by reference its responses to paragraphs 1 through 119 in response to paragraph 120 of plaintiff's Complaint.

121. Monsanto denies the allegations in paragraph 121.

122. Monsanto denies the allegations in paragraph 122 and each of its subparts.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any

damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

**SEPARATE AND AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2. Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6. Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8. Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

product labeling.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12. Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13. Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14. If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

15. Monsanto had no legal relationship or privity with plaintiff and owed no duty to her by which liability could be attributed to it.

16. Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs. If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17. Plaintiff's claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18. Plaintiff's claims for punitive and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Idaho Constitution, and/or other applicable state constitutions.

19. Plaintiff's claims for punitive and/or treble damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Idaho law, and/or other applicable state laws.

20. Plaintiff's claims for punitive and/or treble damages are barred and/or limited by operation of state and/or federal law, including Idaho Code § 6-1604.

21. Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22. Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23. Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

25. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26. Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize or limit such claims.

27. Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28. Plaintiff's common law claims are barred, in whole or part, by application of Idaho Code Ann. § 6-1401, *et seq*.

29. If plaintiff has been injured or damaged, no injury or damages being admitted, plaintiff's claims for damages are limited by Idaho Code §6-1603.

30. Plaintiffs have failed to allege fraud with sufficient particularity.

31. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

Monsanto demands a jury trial on all issues so triable.

DATED: March 28, 2018

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY