**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   202-898-5800
Facsimile:   202-682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Larry Tosi and A. Dana Dunne v. Monsanto Co.*, Case No. 3:18-cv-03181-VC | |

### MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Larry Tosi and A. Dana Dunne's First Amended Complaint ("Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Although many paragraphs in the Complaint allege exposure or use of Monsanto products by "Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to plaintiff Larry Tosi.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

1       2.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 that plaintiff purchased Roundup®-branded products in Massachusetts and therefore denies those allegations.  The remaining allegations in paragraph 2 set forth conclusions of law for which no response is required.

3.      In response to the allegations in the first sentence of paragraph 3, Monsanto admits that it sells Roundup®-branded products in Massachusetts.  The final sentence in paragraph 3 sets forth conclusions of law for which no response is required.  The remaining allegations in paragraph 3 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiffs' Complaint.

5.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations concerning plaintiff's exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 5 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits that venue is proper in the District of Massachusetts based upon the allegations in plaintiffs' Complaint.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 7 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 7.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.      Monsanto admits the allegations in paragraph 9.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-03181-VC

10. The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

11. Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world. Monsanto states that the remaining allegations in paragraph 11 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

12. Monsanto denies the allegations in paragraph 12.

13. Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate. The remaining allegations in paragraph 13 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore denies those allegations.

14. Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 14 comprise attorney characterizations and are accordingly denied.

15. Monsanto admits the allegations in paragraph 15.

16. Monsanto admits the allegations in paragraph 16.

17. Monsanto generally admits the allegations in paragraph 17, but denies the allegations in paragraph 17 to the extent that they suggest that glyphosate is present in any plants at anything other than de minimis amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

18. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies those allegations.

19. Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a

1   belief as to the accuracy of the specific numbers and statistics provided in the remaining

2   sentences of paragraph 19 and therefore denies those allegations.  Monsanto denies the

3   remaining allegations in paragraph 19.

4          20.     In response to the allegations in the first sentence of paragraph 20, Monsanto

5   admits that glyphosate is one of the world's most widely used herbicides today, but notes that

6   Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto

7   admits the allegations in the second sentence of paragraph 20.  Monsanto lacks information or

8   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 20

9   and therefore denies those allegations.

10          21.     Monsanto admits that Roundup®-branded products have been used by farmers for

11   approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

12   properties and denies the remaining allegations in paragraph 21.

13          22.     The allegations in paragraph 22 set forth conclusions of law for which no

14   response is required.  To the extent that a response is deemed required, Monsanto admits the

15   allegations in paragraph 22.

16          23.     In response to the allegations in paragraph 23, Monsanto admits that EPA requires

17   registrants of herbicides to submit extensive data in support of the human health and

18   environmental safety of their products and further admits that EPA will not register or approve

19   the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

20   Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 23 set forth

21   conclusions of law for which no response is required.

22          24.     The allegations in paragraph 24 set forth conclusions of law for which no

23   response is required.

24          25.     Monsanto admits that Roundup®-branded products are registered by EPA for

25   manufacture, sale and distribution and are registered by the State of Massachusetts for sale and

26   distribution.

27          26.     In response to the allegations in paragraph 26, Monsanto admits that EPA requires

28   registrants of herbicides to submit extensive data in support of the human health and

1  environmental safety of their products and further admits that EPA will not register or approve

2  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

3  states that the term "the product tests" in the final sentence of paragraph 26 is vague and

4  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 26

5  set forth conclusions of law for which no answer is required.

6          27.      Monsanto denies the allegations in paragraph 27 to the extent that they suggest

7  that EPA only evaluates the safety of pesticide products on the date of their initial registration.

8  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

9  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

10  of the allegations in paragraph 27 regarding such pesticide products generally and therefore

11  denies those allegations.  The remaining allegations in paragraph 27 set forth conclusions of law

12  for which no response is required.

13          28.      In response to the allegations in paragraph 28, Monsanto admits that EPA has

14  undertaken a regulatory review of glyphosate and further admits that EPA has not released its

15  findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

16  Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

17  concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

18  humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

19  posted an October 2015 final report by its standing Cancer Assessment Review Committee

20  ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

21  to be Carcinogenic to Humans."[2]  Monsanto further states that, in December  2017, EPA's OPP

22

23  ───────────────
[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"),

24  https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on

25  glyphosate's carcinogenic potential.

26  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*

27  *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

1     issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

2     the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

3     humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

4     of the remaining allegations in paragraph 28 and therefore denies those allegations.

5        29.      In response to the allegations in paragraph 29, Monsanto admits that the New

6     York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

7     advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

8     admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

9     General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

10    the subparts purport to quote a document, the document speaks for itself and thus does not

11    require any further answer.  The remaining allegations in paragraph 29 are vague and conclusory

12    and comprise attorney characterizations and are accordingly denied.

13       30.      In response to the allegations in paragraph 30, Monsanto admits it entered into an

14    assurance of discontinuance with the New York Attorney General.  The assurance speaks for

15    itself and thus does not require any further answer.  The remaining allegations in paragraph 30

16    are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17       31.      Monsanto denies the allegations in paragraph 31.

18       32.      In response to the allegations in paragraph 32, Monsanto admits that the French

19    court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

20    that it "left the soil clean," but denies the allegations in paragraph 32 to the extent that they

21    suggest that this ruling was in any way related to plaintiffs' claims here that glyphosate can cause

22    cancer.  Monsanto denies the remaining allegations in paragraph 32.

23       33.      Monsanto denies the allegations in paragraph 33.

24       34.      In response to the allegations in paragraph 34, Monsanto states that the cited

25    document speaks for itself and does not require a response.  To the extent that the allegations in

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-03181-VC

1   paragraph 34 go beyond a restatement of the cited document, Monsanto lacks information or

2   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 34

3   and therefore denies those allegations.

4        35.      Monsanto admits the allegations in paragraph 35.

5        36.      In response to the allegations in paragraph 36, Monsanto states that the cited the

6   document speaks for itself and does not require a response.  To the extent that the allegations in

7   paragraph 36 go beyond a restatement of the cited document, Monsanto lacks information or

8   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 36

9   and therefore denies those allegations.

10       37.      Monsanto states that the term "toxic" as used in paragraph 37 is vague and

11  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

12  denies the allegations in paragraph 37.

13       38.      Monsanto admits the allegations in the first sentence of paragraph 38.  In response

14  to the allegations in the second sentence of paragraph 38, Monsanto states that the document

15  speaks for itself and does not require a response.  To the extent that a response is deemed

16  required, Monsanto denies the remaining allegations in paragraph 38.

17       39.      In response to the allegations in the first sentence of paragraph 39, Monsanto

18  admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle

19  regulation" in 2004.  To the extent that paragraph 39 characterizes the meaning of the cited

20  study, Monsanto denies the allegations in paragraph 39.

21       40.      In response to the allegations in paragraph 40, Monsanto states that the document

22  speaks for itself and does not require a response.  To the extent that a response is deemed

23  required, Monsanto denies the allegations in paragraph 40.

24       41.      In response to the allegations in paragraph 41, Monsanto states that the cited

25  document speaks for itself and does not require a response.  To the extent that paragraph 41

26  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

27  paragraph 41.

28       42.      Monsanto denies the allegations in paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 43 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 43.

44.     In response to the allegations in paragraph 44, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 44 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 44.

45.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 45.

46.     Monsanto denies the allegations in paragraph 46.

47.     Monsanto denies the allegations in paragraph 47.

48.     Monsanto denies the allegations in paragraph 48.

49.     Monsanto denies the allegations in paragraph 49.

50.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 50.

51.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 and therefore denies those allegations.

52.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

53.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

54.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 54 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

55.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 55, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 55 comprise attorney characterizations and are accordingly denied.

56.     In response to the allegations in paragraph 56, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 56 comprise attorney characterizations and are accordingly denied.

57.     In response to the allegations in paragraph 57, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 57 comprise attorney characterizations and are accordingly denied.

58.     Monsanto denies the allegations in paragraph 58.

59.     The allegations in paragraph 59 comprise attorney characterizations and are accordingly denied.

60.     Monsanto admits the allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 61 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 61.

62.     In response to the allegations in paragraph 62, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 62.

63.     The allegations in paragraph 63 are vague and ambiguous and are accordingly denied.

64.     In response to the allegations in paragraph 64, Monsanto states that the cited document speaks for itself and does not require a response.

65.     In response to the allegations in paragraph 65, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 65 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 65.

66.     Monsanto denies the allegations in paragraph 66.

67.     In response to the allegations in paragraph 67, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 67.

68.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic.  Monsanto otherwise denies the allegations in paragraph 68.

69.     Monsanto denies the allegations in paragraph 69.

70.     Monsanto denies the allegations in paragraph 70.

71.     Monsanto denies the allegations in paragraph 71.

72.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 72.

73.     Monsanto denies the allegations in paragraph 73.

74.     Monsanto denies the allegations in paragraph 74.

75.     Monsanto admits the allegations in paragraph 75.

76.     Monsanto denies the allegations in paragraph 76.

77.     Monsanto admits the allegations in paragraph 77.

1   78.     Monsanto denies the allegations in paragraph 78.

2   79.     Monsanto denies the allegations in paragraph 79.

3   80.     Monsanto denies the allegations in paragraph 80.

4   81.     Monsanto denies the allegations in paragraph 81.

5   82.     Monsanto denies the allegations in paragraph 82.

6   83.     Monsanto denies the allegations in paragraph 83.

7   84.     Monsanto denies the allegations in paragraph 84.

8   85.     Monsanto admits that independent experts and regulatory agencies agree that

9   there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

10  products and admits that it has made statements reflecting this fact.  Monsanto denies the

11  remaining allegations in paragraph 85.

12  86.     In response to the allegations in paragraph 86, Monsanto admits that an EPA

13  review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

14  denies the remaining allegations in paragraph 86.

15  87.     In response to the allegations in paragraph 87, Monsanto admits that EPA

16  changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

17  evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

18  denies the remaining allegations in paragraph 87.

19  88.     In response to the allegations in paragraph 88, Monsanto admits that plaintiffs

20  have accurately quoted from one passage in an EPA document in 1991 with respect to the

21  designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

22  does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP

23  reports and the EPA CARC Final Report discussed above, other specific findings of safety

24  include:

25  - "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
     evidence of non-carcinogenicity for humans—based on the lack of convincing
26   evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
     Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
27   http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

28

**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**
**3:16-md-02741-VC & 3:18-cv-03181-VC**

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 88.

89.     In response to the allegations in paragraph 89, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 89 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

90.     In response to the allegations in paragraph 90, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

91.     Monsanto denies the allegations in paragraph 91 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with

1  studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

2  Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

3  connection with services provided to a broad number of private and governmental entities and

4  that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

5  one of several pesticide manufacturers who had used IBT test results.  The audit found some

6  toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

7  Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

8  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

9  based upon any invalid IBT studies.  To the extent that the allegations in paragraph 91 are

10  intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

11  denies those allegations.

12      92.    In response to the allegations in paragraph 92, Monsanto admits that three IBT

13  employees were convicted of the charge of fraud, but Monsanto denies that any of the

14  individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

15  herbicides.

16      93.    In response to the allegations in paragraph 93, Monsanto admits that it – along

17  with numerous other private companies – hired Craven Laboratories as an independent

18  laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

19  denies the remaining allegations in paragraph 93.

20      94.    In response to the allegations in paragraph 94, Monsanto admits that EPA

21  investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

22  paragraph 94 are intended to suggest that Monsanto was anything other than a victim of this

23  fraud, Monsanto denies those allegations.

24      95.    In response to the allegations in paragraph 95, Monsanto admits that it was

25  defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

26  at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 95

27  are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

28  denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-03181-VC

1    96.    In response to the allegations in paragraph 96, Monsanto admits that Roundup®-

2    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

3    the product's EPA approved labeling.

4    97.    In response to the allegations in paragraph 97, Monsanto admits that it has stated

5    and continues to state that Roundup®-branded products are safe when used as labeled and that

6    they are non-carcinogenic and non-genotoxic.

7    98.    In response to the allegations in paragraph 98, Monsanto admits that a 1986 joint

8    report of the World Health Organization and Food and Agriculture Organization of the United

9    Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

10   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

11   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

12   carcinogen.  Monsanto denies the remaining allegations in paragraph 98.

13   99.    Monsanto denies the allegations in paragraph 99.

14   100.   Monsanto denies the allegations in paragraph 100.

15   101.   Monsanto denies the allegations in paragraph 101.

16   102.   Monsanto denies the allegations in paragraph 102.

17   103.   Monsanto denies the allegations in paragraph 103.

18   104.   Monsanto denies the allegations in paragraph 104.

19   105.   Monsanto denies the allegations in paragraph 105.

20   106.   Monsanto denies the allegations in paragraph 106.

21   107.   Monsanto denies the allegations in paragraph 107.

22   108.   Monsanto denies the allegations in paragraph 108.

23   109.   Monsanto denies the allegations in paragraph 109.

24   110.   Monsanto lacks information or knowledge sufficient to form a belief as to the

25   truth of the allegations in paragraph 110 and therefore denies those allegations.

26   111.   Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 111 and therefore denies those allegations.

28

112.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 112 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 112.

113.     Monsanto denies the allegations in paragraph 113.

114.     Monsanto denies that any exposure to Roundup®-branded products can cause chronic lymphocytic leukemia ("CLL") and other serious illnesses and therefore denies those allegations in paragraph 114.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 114 and therefore denies those allegations.

115.     In response to the allegations in paragraph 115, Monsanto denies that any exposure to Roundup®-branded products can cause CLL and other serious illnesses and therefore denies those allegations in paragraph 115.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 115 and therefore denies those allegations.

116.     Monsanto incorporates by reference its responses to paragraphs 1 through 115 in response to paragraph 116 of plaintiffs' Complaint.

117.     In response to the allegations in paragraph 117, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that glyphosate is injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The final sentence of paragraph 117 sets forth a conclusion of law for which no response is required.

118.     In response to the allegations in paragraph 118, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification

1    for glyphosate were all publicly available before March 2015.  The remaining allegations in

2    paragraph 118 set forth conclusions of law for which no response is required.

3    119.    In response to the allegations in paragraph 119, Monsanto denies that there is any

4    risk of CLL or other serious illness associated with the use of and/or exposure to Roundup®-

5    branded products and glyphosate.  Monsanto states, however, that the scientific studies upon

6    which IARC purported to base its cancer classification for glyphosate were all publicly available

7    before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to

8    the truth of the remaining allegations in paragraph 119 and therefore denies those allegations.

9    120.    The allegations in paragraph 120 set forth conclusions of law for which no

10   response is required.

11   121.    In response to the allegations in paragraph 121, Monsanto denies that it concealed

12   any facts related to the human health safety of glyphosate.  The remaining allegations in

13   paragraph 121 set forth conclusions of law for which no response is required.

14   122.    Monsanto denies the allegations in paragraph 122.

15   123.    The allegations in paragraph 123 set forth conclusions of law for which no

16   response is required.

17   124.    Monsanto denies the allegations in paragraph 124.

18   125.    The allegations in paragraph 125 set forth conclusions of law for which no

19   response is required.

20   126.    Monsanto incorporates by reference its responses to paragraphs 1 through 125 in

21   response to paragraph 126 of plaintiffs' Complaint.

22   127.    The allegations in paragraph 127 set forth conclusions of law for which no

23   response is required.

24   128.    Monsanto denies the allegations in paragraph 128.

25   129.    Monsanto denies the allegations in paragraph 129, including each of its subparts.

26   130.    Monsanto denies the allegations in paragraph 130.

27   131.    Monsanto denies the allegations in paragraph 131.

28   132.    Monsanto denies the allegations in paragraph 132, including each of its subparts.

1    133.    Monsanto denies the allegations in paragraph 133.

2    134.    Monsanto denies the allegations in paragraph 134.

3    135.    Monsanto denies the allegations in paragraph 135.

4    136.    Monsanto denies the allegations in paragraph 136.

5    In response to the "WHEREFORE" paragraph following paragraph 136, Monsanto

6  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

7  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

8  fees as allowed by law and such further and additional relief as this Court may deem just and

9  proper.

10    137.    Monsanto incorporates by reference its responses to paragraphs 1 through 136 in

11  response to paragraph 137 of plaintiffs' Complaint.

12    138.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13  truth of the allegations in paragraph 138 and therefore denies those allegations.

14    139.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations in paragraph 139 and therefore denies those allegations.

16    140.    Monsanto denies the allegations in paragraph 140.

17    141.    Monsanto denies the allegations in paragraph 141.

18    142.    Monsanto denies the allegations in paragraph 142.

19    143.    Monsanto denies the allegations in paragraph 143, including each of its subparts.

20    144.    Monsanto denies the allegations in paragraph 144.

21    145.    Monsanto denies that Roundup®-branded products have "dangerous

22  characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the remaining allegations in paragraph 145 and therefore denies those allegations.

24    146.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25  truth of the allegations in paragraph 146 and therefore denies those allegations.

26    147.    Monsanto denies the allegations in paragraph 147.

27    148.    The allegations in paragraph 148 set forth conclusions of law for which no

28  response is required.

1    149.    Monsanto denies the allegations in paragraph 149.

2    150.    Monsanto denies the allegations in paragraph 150.

3    151.    Monsanto denies the allegations in paragraph 151.

4    152.    Monsanto denies the allegations in paragraph 152.

5    153.    Monsanto denies the allegations in paragraph 153.

6    154.    Monsanto denies the allegations in paragraph 154.

7    155.    Monsanto denies the allegations in paragraph 155.

8    156.    Monsanto denies the allegations in paragraph 156.

9    157.    Monsanto denies the allegations in paragraph 157.

10    158.    Monsanto denies the allegations in paragraph 158.

11    In response to the "WHEREFORE" paragraph following paragraph 158, Monsanto

12 demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

13 dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

14 fees as allowed by law and such further and additional relief as this Court may deem just and

15 proper.

16    159.    Monsanto incorporates by reference its responses to paragraphs 1 through 158 in

17 response to paragraph 159 of plaintiffs' Complaint.

18    160.    The allegations in paragraph 160 set forth conclusions of law for which no

19 response is required.

20    161.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21 truth of the allegations in paragraph 161 and therefore denies those allegations.

22    162.    Monsanto denies the allegations in paragraph 162.  All labeling of Roundup®-

23 branded products has been and remains EPA-approved and in compliance with all federal

24 requirements under FIFRA.

25    163.    Monsanto denies the allegations in paragraph 163.

26    164.    Monsanto denies the allegations in paragraph 164.  All labeling of Roundup®-

27 branded products has been and remains EPA-approved and in compliance with all federal

28 requirements under FIFRA.

1    165.    Monsanto denies the allegations in paragraph 165. All labeling of Roundup®-

2    branded products has been and remains EPA-approved and in compliance with all federal

3    requirements under FIFRA and with Massachusetts law.

4    166.    Monsanto denies the allegations in paragraph 166.

5    167.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations regarding plaintiff's use history in paragraph 167 and therefore denies

7    those allegations. Monsanto denies the remaining allegations in paragraph 167.

8    168.    The allegations in paragraph 168 set forth conclusions of law for which no

9    response is required.

10    169.    Monsanto denies the allegations in paragraph 169.

11    170.    Monsanto denies the allegations in paragraph 170.

12    171.    Monsanto denies the allegations in paragraph 171.

13    172.    Monsanto denies the allegations that Roundup®-branded products are defective

14    and accordingly denies the allegations in paragraph 172.

15    173.    The allegations in paragraph 173 set forth conclusions of law for which no

16    response is required.

17    174.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18    truth of the allegations in paragraph 174 and therefore denies those allegations.

19    175.    Monsanto denies the allegations in paragraph 175.

20    176.    Monsanto denies the allegations in paragraph 176.

21    177.    Monsanto denies the allegations in paragraph 177.

22    178.    Monsanto denies the allegations in paragraph 178.

23    179.    Monsanto denies the allegations in paragraph 179.

24    In response to the "WHEREFORE" paragraph following paragraph 179, Monsanto

25    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint

26    be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable

27    attorney's fees as allowed by law and such further and additional relief as this Court may deem

28    just and proper.

1      180.    Monsanto incorporates by reference its responses to paragraphs 1 through 179 in

2 response to paragraph 180 of plaintiffs' Complaint.

3      181.    Monsanto denies the allegations in paragraph 181.

4      182.    In response to the allegations in paragraph 182, Monsanto admits that it has sold

5 Roundup®-branded products in accordance with their EPA-approved labeling.  The allegations in

6 paragraph 182 regarding express warranties set forth conclusions of law for which no response is

7 required.  Monsanto denies the remaining allegations in paragraph 182.

8      183.    Monsanto denies the allegations in the first and second sentence of paragraph 183.

9 All labeling of Roundup®-branded products has been and remains EPA-approved and in

10 compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

11 of paragraph 183 sets forth conclusions of law for which no response is required.

12      184.    The allegations in paragraph 184 set forth conclusions of law for which no

13 response is required.

14      185.    Monsanto denies the allegations in paragraph 185.

15      186.    Monsanto denies the allegations in paragraph 186 and each of its subparts.

16      187.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17 truth of the allegations in paragraph 187 and therefore denies those allegations.

18      188.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19 truth of the allegations in paragraph 188 regarding plaintiff's knowledge and therefore denies

20 those allegations.  Monsanto denies the remaining allegations in paragraph 188.

21      189.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22 truth of the allegations in paragraph 189 regarding plaintiff's knowledge and therefore denies

23 those allegations.  Monsanto denies the remaining allegations in paragraph 189.

24      190.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25 truth of the allegations in paragraph 190 and therefore denies those allegations.

26      191.    Monsanto denies the allegations in paragraph 191.

27      192.    Monsanto denies the allegations in paragraph 192.

28

1     In response to the "WHEREFORE" paragraph following paragraph 192, Monsanto

2 demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

3 dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

4 fees as allowed by law and such further and additional relief as this Court may deem just and

5 proper.

6     193.     Monsanto incorporates by reference its responses to paragraphs 1 through 192 in

7 response to paragraph 193 of plaintiffs' Complaint.

8     194.     Monsanto denies the allegations in paragraph 194.

9     195.     Monsanto lacks information or knowledge sufficient to form a belief as to the

10 truth of the allegations in paragraph 195 concerning plaintiff's claimed use of and exposure to

11 Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

12 paragraph 195 set forth conclusions of law for which no response is required.

13     196.     Monsanto denies the allegations in paragraph 196.  All labeling of Roundup®-

14 branded products has been and remains EPA-approved and in compliance with all federal

15 requirements under FIFRA.

16     197.     Monsanto lacks information or knowledge sufficient to form a belief as to the

17 truth of the allegations in paragraph 197 regarding plaintiff's reliance and therefore denies those

18 allegations.  The remaining allegations in paragraph 197 set forth conclusions of law for which

19 no response is required.

20     198.     Monsanto lacks information or knowledge sufficient to form a belief as to the

21 truth of the allegations in paragraph 198 and accordingly denies those allegations.  In addition,

22 the allegations in paragraph 198 set forth conclusions of law for which no response is required.

23     199.     Monsanto lacks information or knowledge sufficient to form a belief as to the

24 truth of the allegations in paragraph 199 concerning plaintiff's claimed use of or exposure to

25 Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

26 paragraph 199 set forth conclusions of law for which no response is required.

27     200.     Monsanto lacks information or knowledge sufficient to form a belief as to the

28 truth of the allegations in paragraph 200 concerning plaintiff's claimed use of or exposure to

1    Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph

2    200 regarding Monsanto's implied warranties sets forth conclusions of law for which no

3    response is required.  Monsanto denies the remaining allegations in paragraph 200.

4         201.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 201 concerning the condition of any Roundup®-branded

6    product allegedly used by plaintiff's or about plaintiff's alleged use of such product and therefore

7    denies the allegations in paragraph 201.

8         202.    Monsanto denies that there is any risk of serious injury associated with or linked

9    to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

10   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

11   allegations in paragraph 202 concerning plaintiff's knowledge about Roundup®-branded products

12   and therefore denies the remaining allegations in paragraph 202.

13        203.    Monsanto denies the allegations in paragraph 203.

14        204.    Monsanto denies the allegations in paragraph 204.

15        205.    Monsanto denies the allegations in paragraph 205.

16        In response to the "WHEREFORE" paragraph following paragraph 205, Monsanto

17   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

18   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

19   fees as allowed by law and such further and additional relief as this Court may deem just and

20   proper.

21        206.    Monsanto incorporates by reference its responses to paragraphs 1 through 205 in

22   response to paragraph 206 of plaintiffs' Complaint.

23        207.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24   truth of the allegations in paragraph 207 and therefore denies those allegations.

25        208.    Monsanto denies the allegations in paragraph 208.

26        In response to the "WHEREFORE" paragraph following paragraph 208, Monsanto

27   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

28   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

1  fees as allowed by law and such further and additional relief as this Court may deem just and

2  proper.

3      209.    Monsanto incorporates by reference its responses to paragraphs 1 through 208 in

4  response to paragraph 209 of plaintiffs' Complaint.

5      210.    The allegations in paragraph 210 set forth conclusions of law for which no

6  response is required.

7      211.    Monsanto denies the allegations in paragraph 211.

8      212.    Monsanto denies the allegations in paragraph 212.

9      213.    Monsanto denies the allegations in paragraph 213.

10     214.    Monsanto admits that a demand letter was sent to it dated March 28, 2018.

11  Monsanto denies the remaining allegations in paragraph 214.

12     215.    Monsanto admits sending a letter to plaintiffs' counsel on April 26, 2018 that

13  declined his settlement demand and did not make a settlement offer.

14     215.    In response to the allegations in the Complaint's second-numbered paragraph 215,

15  Monsanto admits that over thirty days have elapsed since service of the January 25, 2018 letter.

16  Monsanto denies the remaining allegations in the Complaint's second-numbered paragraph 215.

17     In response to the "WHEREFORE" paragraph following the Complaint's second-

18  numbered paragraph 215, Monsanto demands that judgment be entered in its favor and against

19  plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded

20  costs of suit and reasonable attorney's fees as allowed by law and such further and additional

21  relief as this Court may deem just and proper.

22     Every allegation in the Complaint that is not specifically and expressly admitted in this

23  Answer is hereby specifically and expressly denied.

24                **SEPARATE AND AFFIRMATIVE DEFENSES**

25     1.    The Complaint, in whole or part, fails to state a claim or cause of action against

26  Monsanto upon which relief can be granted.

27     2.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically

28  reliable evidence that the products at issue were defective or unreasonably dangerous.

- 23 -

1      3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted,

2  was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

3  plaintiffs' alleged injuries.

4      4.      Plaintiffs' claims are barred, in whole or in part, because the products at issue

5  were designed, manufactured, marketed and labeled with proper warnings, information, cautions

6  and instructions, in accordance with the state of the art and the state of scientific and

7  technological knowledge.

8      5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue

9  were not defective or unreasonably dangerous in that they complied with, at all relevant times,

10  all applicable government safety standards.

11      6.      Any claims based on allegations that Monsanto misled, defrauded, made

12  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

13  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

14  *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

15      7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law

16  relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

17  processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

18      8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA

19  findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

20  product labeling.

21      9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary

22  jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

23      10.      Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if

24  any, were the result of conduct of plaintiff, independent third parties, and/or events that were

25  extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

26  independent, intervening and superseding causes of the alleged injuries, including but not limited

27  to plaintiff's pre-existing medical conditions.

28

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damage resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiffs' claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims for double and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Massachusetts Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims for double and/or treble damages are barred because plaintiffs have failed to allege conduct warranting imposition of double and/or treble damages under Massachusetts law and/or other applicable state laws.

20.     Plaintiffs' claims for double and/or treble damages are barred and/or limited by operation of state and/or federal law.

1      21.    Plaintiffs' claims are barred in whole or in part by plaintiff's own

2  contributory/comparative negligence.

3      22.    Plaintiffs' claims are barred in whole or in part by plaintiff's own failure to

4  mitigate damages.

5      23.    Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

6      24.    Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs

7  receive from collateral sources.

8      25.    If plaintiffs have been injured or damaged, no injury or damages being admitted,

9  such injuries were not caused by a Monsanto product.

10     26.    Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims

11  that are governed by the laws of a state that does not recognize or limits such claims.

12     27.    Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws

13  of states that do not govern plaintiffs' claims.

14     28.    Plaintiffs' strict liability claims are barred because Massachusetts does not

15  recognize a cause of action for strict liability in tort.

16     29.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

17  may become available or apparent during the course of discovery and thus reserves its right to

18  amend this Answer to assert such defenses.

19     **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

20  plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

21  such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

23     Monsanto demands a jury trial on all issues so triable.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-03181-VC

1    DATED:  June 19, 2018                    Respectfully submitted,

2
                                             /s/ Joe G. Hollingsworth
3                                            Joe G. Hollingsworth (*pro hac vice*)
                                             (jhollingsworth@hollingsworthllp.com)
4                                            Eric G. Lasker (*pro hac vice*)
                                             (elasker@hollingsworthllp.com)
5                                            HOLLINGSWORTH LLP
                                             1350 I Street, N.W.
6                                            Washington, DC  20005
                                             Telephone:    (202) 898-5800
7                                            Facsimile:    (202) 682-1639

8                                            *Attorneys for Defendant*
                                             *MONSANTO COMPANY*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-03181-VC