**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *George D. Smith v. Monsanto Co.*, Case No. 3:18-cv-03757-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff George D. Smith's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits the allegations in the first sentence of paragraph 1.  In response to the allegations in the second sentence of paragraph 1, Monsanto admits that glyphosate, the active ingredient in Roundup®-branded herbicides, is a non-selective herbicide and that certain Roundup®-branded herbicides are used to kill weeds that commonly compete with growing crops.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of

1   the specific numbers and statistics cited in the remaining sentences of paragraph 1 and therefore

2   denies those allegations.

3   2.   Monsanto lacks information or knowledge sufficient to form a belief as to the

4   truth of the allegations in the first sentence of paragraph 2 and therefore denies those allegations.

5   In response to the allegations in second sentence of paragraph 2, Monsanto admits that

6   Roundup®-branded products are safe when used in accordance with the products' labeling; that

7   glyphosate repeatedly has been found to be safe to humans and the environment by regulators in

8   the United States and around the world; and that Monsanto has labeled glyphosate products as

9   approved by regulatory bodies consistent with those findings.  To the extent that the second

10  sentence of paragraph 2 alleges that Monsanto has labeled glyphosate or Roundup®-branded

11  herbicides in any manner different or in addition to such regulatory approval, Monsanto denies

12  such allegations.  Monsanto denies the remaining allegations in paragraph 2.

13  3.   Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in paragraph 3 and therefore denies those allegations.

15  4.   In response to the allegations in paragraph 4, Monsanto admits that the World

16  Health Organization's International Agency for Research on Cancer ("IARC") issued a

17  monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate

18  under Group 2A, but denies that the IARC Monograph is the authoritative standard for cancer

19  hazard assessment around the world or that IARC based its evaluation on a complete or accurate

20  assessment of the scientific research regarding glyphosate.  Monsanto further denies that the

21  members of the panel were "renowned scientists" or that they were free from conflicts of

22  interest.  Monsanto denies the remaining allegations in paragraph 4.

23  5.   In response to the allegations in the first sentence of paragraph 5, Monsanto

24  admits that it has stated, and continues to state, that Roundup®-branded products are safe when

25  used in accordance with the products' labeling.  Monsanto denies that any exposure to

26  glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

27  illnesses.  Monsanto denies the remaining allegations in paragraph 5.

28  6.   Monsanto lacks information or knowledge sufficient to form a belief as to the

1    truth of the allegations in paragraph 6 and therefore denies those allegations.

2         7.    Monsanto admits the allegations in the first and second sentences of paragraph 7.

3    In response to the allegations in the final sentence of paragraph 7, Monsanto admits that it

4    discovered the herbicidal properties of glyphosate.  Monsanto lacks information or knowledge

5    sufficient to form a belief as to the truth of the remaining allegations in the final sentence of

6    paragraph 7 and therefore denies those allegations.

7         8.    The allegations in paragraph 8 set forth conclusions of law for which no response

8    is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

9    paragraph 8 based upon the allegations in plaintiff's Complaint.

10        9.    The allegations in paragraph 9 set forth conclusions of law for which no response

11   is required.

12        10.   Monsanto denies the allegations in paragraph 10.

13        11.   In response to the allegations in paragraph 11, Monsanto denies certain events

14   giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form

15   a belief as to the truth of the allegations regarding where certain other events giving rise to

16   plaintiff's claims occurred and therefore denies those allegations.

17        12.   In response to the allegations in paragraph 12, Monsanto admits that glyphosate is

18   an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

19   paragraph 12 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

20   to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies

21   those allegations.

22        13.   Monsanto admits the allegations in the first sentence of paragraph 13.  Monsanto

23   denies the allegations in the second sentence of paragraph 13 because the impact of glyphosate

24   on treated plants varies depending upon the amount of glyphosate applied and the type of plant.

25   Monsanto denies the allegations in the third sentence of paragraph 13 to the extent that they

26   suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well

27   within regulatory safety levels, as determined by the United States Environmental Protection

28   Agency ("EPA").

14.     Monsanto admits the allegations in paragraph 14.

15.     In response to the allegations in paragraph 15, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 15.

16.     Monsanto denies the allegations in paragraph 16.

17.     The allegations in paragraph 17 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 17.

18.     In response to the allegations in paragraph 18, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     In response to the allegations in paragraph 20, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 20 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto denies the allegations in paragraph 21 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 regarding such pesticide products generally and therefore

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-03757-VC

1  denies those allegations.  The remaining allegations in paragraph 21 set forth conclusions of law

2  for which no response is required.

3      22.    In response to the allegations in paragraph 22, Monsanto admits that EPA has

4  undertaken a review of glyphosate and that EPA has not released its findings.  Monsanto states,

5  however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-

6  page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support

7  is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health

8  risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its

9  standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's

10  existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2] Monsanto

11  further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation

12  of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support

13  is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information

14  or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

15  22 and therefore denies these allegations.

16      23.    In response to the allegations in paragraph 23, Monsanto admits that EPA posted

17  the EPA CARC Final Report on EPA's website in late April 2016 and took the report off the

18  website in early May 2016.  Monsanto further states that, in September 2016, EPA posted the

19  EPA CARC Final Report that endorsed EPA's existing classification of glyphosate as "Not

20  Likely to be Carcinogenic to Humans."  Monsanto lacks information or knowledge sufficient to

21

22  [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The

23  EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

24

25  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"),

26  https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

27  [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017),  https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-03757-VC

1  form a belief as to the truth of the remaining allegations in paragraph 23 and therefore denies

2  those allegations.

3       24.    In response to the allegations in paragraph 24, Monsanto admits that an EPA

4  review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

5  changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

6  evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits

7  that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect

8  to the designation of an agent as Group E, but states that EPA repeatedly has concluded that

9  glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two

10  EPA OPP reports and the EPA CARC final Report, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05–56:20.

28  Monsanto denies the remaining allegations in paragraph 24.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-03757-VC

25.     In response to the allegations in paragraph 25, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 25 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

26.     In response to the allegations in the first two sentences of paragraph 26, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT  studies.  In response to the third sentence of paragraph 26, Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 26 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

27.     In response to the allegations in paragraph 27, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

28.     In response to the allegations in paragraph 28, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-03757-VC

1    laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that

2    it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies

3    conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in

4    paragraph 28 are intended to suggest that Monsanto was anything other than a victim of this

5    fraud, such allegations are denied.

6         29.    In response to the allegations in paragraph 29, Monsanto admits that the New

7    York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

8    advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

9    admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

10   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

11   the subparts purport to quote a document, the document speaks for itself and thus does not

12   require any further answer.  The remaining allegations in paragraph 29 are vague and conclusory

13   and comprise attorney characterizations, and are accordingly denied.

14        30.    In response to the allegations in paragraph 30, Monsanto admits it entered into an

15   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

16   itself and thus does not require any further answer.  The remaining allegations in paragraph 30

17   are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

18        31.    Monsanto denies the allegations in paragraph 31.

19        32.    Monsanto admits that IARC was created in 1965.  The remaining allegations in

20   paragraph 32 are vague and conclusory and comprise attorney characterizations, and are

21   accordingly denied.

22        33.    Monsanto denies the allegations in the first and second sentences of paragraph 33.

23   Monsanto admits the allegations in the final sentence of paragraph 33.

24        34.    In response to the allegations in paragraph 34, Monsanto denies that IARC

25   follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information

26   or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

27   paragraph 34, which are not limited as of any specified date, and accordingly denies the same.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-03757-VC

35.     In response to the allegations in paragraph 35, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations. Monsanto denies the remaining allegations in paragraph 35.

36.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies those allegations.

37.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies those allegations.

38.     Monsanto denies the allegations in paragraph 38 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

39.     In response to the allegations in paragraph 39, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working group are "experts."

40.     In response to the allegations in paragraph 40, Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

42.     The allegations in paragraph 42 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

43.     In response to the allegations in paragraph 43, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 43.

44.     In response to the allegations in paragraph 44, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

45.     In response to the allegations in paragraph 45, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent that

1    the allegations in paragraph 45 purport to characterize statements made in the IARC monograph

2    for glyphosate, the statements in that document speak for themselves.

3        46.    In response to the allegations in paragraph 46, Monsanto admits that the IARC

4    working group identified a number of case control studies of populations with exposures to

5    glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

6    health concern from such exposures.  Monsanto denies the remaining allegations in paragraph

7    46.  The IARC working group concluded that there was only limited evidence of carcinogenicity

8    in epidemiologic studies, which, per IARC's guidelines, means that the working group could not

9    rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

10       47.    In response to the allegations in paragraph 47, Monsanto admits that the IARC

11   working group purported to make these findings, but denies that the animal carcinogenicity

12   studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

13   of the identified tumors.  Monsanto further states that regulatory agencies around the world have

14   reviewed the same animal studies and concluded that they do not provide evidence that

15   glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 47.

16       48.    In response to the allegations in paragraph 48, Monsanto admits that the working

17   group cited to a study that it concluded provided evidence of chromosomal damage in

18   community residents reported to be exposed to glyphosate, but Monsanto denies that the study

19   supports such a conclusion or that the authors of the study reached such a conclusion.

20       49.     In response to the allegations in the first sentence of paragraph 49, Monsanto

21   admits that certain studies have reported that glyphosate and glyphosate-based formulations

22   induced oxidative stress under artificial experimental conditions.  Monsanto denies that these

23   studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce

24   oxidative stress in humans or animals under real-world exposure conditions.  In response to the

25   allegations in the second sentence of paragraph 49, Monsanto states that the cited document

26   speaks for itself and does not require a response.  In response to the allegations in the final

27   sentence of paragraph 49 and in footnote 1, Monsanto denies that any exposure to glyphosate-

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-03757-VC

based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.
Monsanto denies the remaining allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto admits that the IARC
working group purported to make these findings, but denies that the cited studies provide any
reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or
persist in human blood or urine.  Monsanto denies the remaining allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto admits that the working
group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but
denies that the working group characterized that study as supporting an association between
glyphosate and the specified cancers.  The AHS cohort study did not find a positive association
between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph
51.

52.     In response to the allegations in paragraph 52, Monsanto admits that the
referenced studies were published, but denies that the studies show any scientifically reliable
findings.

53.     In response to the allegations in paragraph 53, Monsanto denies that the cited
study provides any reliable basis for a finding that any meaningful levels of glyphosate are
present or persist in human blood or urine.  Monsanto denies the remaining allegations in
paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto denies that any exposure
to Roundup®-branded products can cause cancer and other serious illnesses and therefore denies
the allegations in the first and fourth sentences of paragraph 54.  Monsanto admits that certain
Roundup®-branded herbicides contain adjuvants and that EPA has classified such adjuvants as
inert.  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded
herbicides do not pose an unreasonable risk to human health.  The remaining allegations in
paragraph 54 are vague and conclusory and comprise attorney characterizations, and are
accordingly denied.

55.     In response to the allegations in paragraph 55, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions in certain countries regarding the sale of glyphosate-based herbicides.  Monsanto denies that any final conclusion has been reached in these countries and denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions in certain countries regarding the sale of glyphosate-based herbicides, including the Netherlands.  Monsanto denies that any final conclusion has been reached in these countries and denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto admits that following the IARC working group classification, in France, all non-professional plant protection products, including but not limited to glyphosate-based products, will be sold behind locked counters (no free sales).  Monsanto further admits that the French government has announced that beginning on January 1, 2019, the sale of non-professional lawn and garden products, including but not limited to non-professional use glyphosate-based products, will be prohibited with certain exceptions.  Monsanto denies the remaining allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same.  Monsanto denies the remaining allegations in paragraph 59.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-03757-VC

60.     In response to the allegations in paragraph 60, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto denies the remaining allegations in paragraph 61.

62.     In response to the allegations in paragraph 62, Monsanto admits that 96 individuals signed a letter sent by Dr. Christopher Portier to the EU Health Commissioner (hereinafter "the Portier letter").  Monsanto states that Dr. Portier has subsequently admitted that he is working as a consultant for plaintiffs' counsel in the glyphosate cancer litigation against Monsanto.  Monsanto denies that Dr. Portier or the other signatories to his letter are "prominent experts."  Monsanto admits that certain members of the IARC working group assigned to glyphosate signed on to the Portier letter but states that Monsanto lacks information or knowledge sufficient to form a belief as to whether those individuals or the other signatories were aware at the time that Dr. Portier was working as a consultant for plaintiffs' counsel.  Monsanto admits that, in this letter, Dr. Portier urged the EU Health Commissioner to disregard the conclusion that glyphosate is not carcinogenic found by EFSA and by the BfR.

63.     In response to the allegations in paragraph 63, Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 63 characterizes the scientific evidence regarding the safety of glyphosate-

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-03757-VC

1   based herbicides, Monsanto denies the remaining allegations in paragraph 63.

2        64.    Monsanto admits that, in June 2016, the European Union continued to consider

3   the reregistration of glyphosate.  Monsanto also states that the allegations are out of date and that

4   the European Union has approved glyphosate for another five years.  Monsanto further notes

5   that, in March 2017, the European Chemical Agency ("ECHA") announced that its Committee

6   for Risk Assessment concluded that the available scientific evidence did not meet the criteria to

7   classify glyphosate as a carcinogen.  *See* ECHA, *Glyphosate not classified as a carcinogen by*

8   *ECHA*, https://echa.europa.eu/-/glyphosate-not-classified-as-a-carcinogen-by-echa.  Monsanto

9   denies the remaining allegations in paragraph 64.

10       65.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11  truth of the allegations in paragraph 65 and therefore denies those allegations.

12       66.    In response to the allegations in paragraph 66, Monsanto denies that any exposure

13  to Roundup®-branded products can cause NHL and other serious illnesses.  Monsanto lacks

14  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

15  in paragraph 66 and therefore denies those allegations.

16       67.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17  truth of the allegations in paragraph 67 and therefore denies those allegations.

18       68.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19  truth of the allegations in paragraph 68 and therefore denies those allegations.

20       69.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21  truth of the allegations in paragraph 69 and therefore denies those allegations.

22       70.    Monsanto denies that any exposure to Roundup®-branded products can cause

23  NHL and other serious illnesses and therefore denies the allegations in paragraph 70.  Monsanto

24  states, however, that the scientific studies upon which IARC purported to base its evaluation of

25  glyphosate were all publicly available before March 2015.

26       71.    Monsanto incorporates by reference its responses to paragraphs 1 through 70 in

27  response to paragraph 71 of plaintiff's Complaint.

28       72.    The allegations in paragraph 72 set forth conclusions of law for which no

1    response is required.  To the extent that the allegations in paragraph 72 assert that Monsanto

2    violated state or federal laws, Monsanto denies such allegations.

3           73.    Monsanto denies the allegations in paragraph 73.  All labeling of Roundup®-

4    branded products has been and remains EPA-approved and in compliance with all federal

5    requirements under FIFRA.

6           74.    Monsanto incorporates by reference its responses to paragraphs 1 through 73, in

7    response to paragraph 74 of plaintiff's Complaint.

8           75.    In response to the allegations in paragraph 75, Monsanto admits that plaintiff

9    purports to bring a claim for strict liability design defect but denies any liability as to that claim.

10          76.    Monsanto denies the allegations in the first and second sentences of paragraph 76.

11   In response to the last sentence of paragraph 76, Monsanto lacks information or knowledge

12   sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to

13   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

14   remaining allegations in paragraph 76.

15          77.    Monsanto denies the allegations in paragraph 77.

16          78.    Monsanto denies the allegations in paragraph 78.

17          79.    Monsanto denies the allegations in paragraph 79.

18          80.    Monsanto denies the allegations in paragraph 80.

19          81.    In response to the allegations in paragraph 81, Monsanto lacks information or

20   knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used

21   Roundup®-branded products and therefore denies that allegation.  Monsanto denies the

22   remaining allegations in paragraph 81.

23          82.    Monsanto denies the allegations in paragraph 82.

24          83.    Monsanto denies the allegations in paragraph 83.

25          84.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26   truth of the allegations in paragraph 84 concerning plaintiff's claimed exposure to Roundup®-

27   branded products and therefore denies those allegations.  Monsanto denies the remaining

28

1   allegations in paragraph 84, including that Roundup®-branded products have "dangerous

2   characteristics."

3        85.     Monsanto lacks information or knowledge sufficient to form a belief as to the

4   truth of the allegations in paragraph 85 concerning plaintiff's claimed use of or exposure to

5   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

6   remaining allegations in paragraph 85, including that Roundup®-branded products have

7   "dangerous characteristics."

8        86.     Monsanto denies the allegations in paragraph 86.

9        87.     Monsanto denies the allegations in paragraph 87.

10       88.     Monsanto denies the allegations in paragraph 88.

11       89.     Monsanto denies the allegations in paragraph 89.

12       90.     Monsanto denies the allegations in paragraph 90.

13       91.     In response to the allegations in paragraph 91, Monsanto demands that judgment

14  be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

15  prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

16  by law and such further and additional relief as this Court may deem just and proper.

17       92.     Monsanto incorporates by reference its responses to paragraphs 1 through 91 in

18  response to paragraph 92 of plaintiff's Complaint.

19       93.     In response to the allegations in paragraph 93, Monsanto admits that plaintiff

20  purports to bring a claim for strict liability failure to warn, but denies any liability as to that

21  claim.

22       94.     Monsanto denies the allegations in paragraph 94.

23       95.     Monsanto lacks information or knowledge sufficient to form a belief as to the

24  truth of the allegations in paragraph 95 that plaintiff purchased Roundup®-branded products and

25  therefore denies those allegations.  The allegations in paragraph 95 also set forth conclusions of

26  law for which no response is required.  Monsanto denies the remaining allegations in paragraph

27  95.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-03757-VC

96.     The allegations in paragraph 96 set forth conclusions of law for which no response is required.

97.     Monsanto denies the allegations in paragraph 97.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto denies the allegations in paragraph 99.

100.    Monsanto denies the allegations in paragraph 100.

101.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore denies those allegations.

102.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 102 concerning plaintiff's alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 102, including that Roundup®-branded products have "dangerous characteristics."

103.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 103 concerning plaintiff's alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 103, including that Roundup®-branded products have "dangerous characteristics."

104.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 104 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 104.

105.    Monsanto denies the allegations in paragraph 105.

106.    In response to the allegations in paragraph 106, Monsanto denies that there is any risk of NHL or any other serious illnesses associated with the intended use of and/or exposure to Roundup®-branded products and glyphosate.  The allegations in the second sentence of paragraph 106 set forth conclusions of law for which not response is required.  Monsanto denies

the remaining allegations in paragraph 106.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all applicable laws and regulations.

107.    Monsanto denies the allegations in paragraph 107.

108.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 108 concerning plaintiff's alleged use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 108.

109.    Monsanto denies the allegations in paragraph 109.

110.    Monsanto denies the allegations in paragraph 110.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

111.    Monsanto denies the allegations in paragraph 111.

112.    In response to the allegations in paragraph 112, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

113.    Monsanto incorporates by reference its responses to paragraphs 1 through 112 in response to paragraph 113 of plaintiff's Complaint.

114.    The allegations in paragraph 114 set forth conclusions of law for which no response is required.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto denies the allegations in paragraph 116.

117.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117 regarding plaintiff's reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 117.

118.    The allegations in paragraph 118 set forth conclusions of law for which no response is required.

119. The allegations in paragraph 119 set forth conclusions of law for which no response is required.

120. Monsanto denies the allegations in paragraph 120.

121. Monsanto denies the allegations in paragraph 121.

122. Monsanto incorporates by reference its responses to paragraphs 1 through 121 in response to paragraph 122 of plaintiff's Complaint.

123. Monsanto denies the allegations in paragraph 123.

124. The allegations in the first sentence of paragraph 124 set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 124.

125. Monsanto denies the allegations in paragraph 125.

126. The allegations in paragraph 126 set forth conclusions of law for which no response is required.

127. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 127 regarding plaintiff's purchase of Roundup®-branded products and therefore denies those allegations. Monsanto denies the allegation that Roundup®-branded products contain "defects." Monsanto denies the allegations in the second sentence of paragraph 127.

128. Monsanto denies the allegations in paragraph 128.

129. Monsanto denies the allegations in paragraph 129.

130. Monsanto denies the allegations in paragraph 130 and each of its subparts.

131. In response to the allegations in paragraph 131, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

132. Monsanto incorporates by reference its responses to paragraphs 1 through 131 in response to paragraph 132 of plaintiff's Complaint.

133. In response to the allegations in paragraph 133, Monsanto states that the phrase "directly or indirectly" is vague and ambiguous and that Monsanto lacks information or

1  knowledge sufficient to form a belief as to the truth of those allegations and therefore Monsanto

2  denies those allegations in paragraph 133.

3      134.    The allegations in paragraph 134 set forth conclusions of law for which no

4  response is required.

5      135.    The allegations in paragraph 135 set forth conclusions of law for which no

6  response is required.

7      136.    Monsanto denies the allegations in paragraph 136.

8      137.    Monsanto denies the allegations in paragraph 137.

9      138.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10  truth of the allegations in paragraph 138 regarding users' and consumers' knowledge and

11  therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 138.

12  All labeling of Roundup®-branded products has been and remains EPA-approved and in

13  compliance with all federal requirements under FIFRA.

14      139.    Monsanto denies the allegations in paragraph 139.

15      140.    Monsanto denies the allegations in the first sentence of paragraph 140.  In

16  response to the allegations in the second sentence of paragraph 140, Monsanto denies that

17  Monsanto's promotional activities were not honest.  The remaining allegations in paragraph 140

18  set forth conclusions of law for which no response is required.

19      141.    Monsanto denies the allegations in paragraph 141.

20      142.    Monsanto denies the allegations in paragraph 142, including each of its subparts.

21      143.    Monsanto denies the allegations in paragraph 143.

22      144.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 144 regarding plaintiff's knowledge and therefore denies

24  those allegations.  Monsanto denies the remaining allegations in paragraph 144, including that

25  intended use and/or exposure to Roundup®-branded products causes any injuries.

26      145.    Monsanto denies the allegations in paragraph 145.

27      146.    Monsanto denies the allegations in paragraph 146.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-03757-VC

1    147.    In response to the allegations in  paragraph 147, Monsanto demands that

2  judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed,

3  with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as

4  allowed by law and such further and additional relief as this Court may deem just and proper.

5    148.    Monsanto incorporates by reference its responses to paragraphs 1 through 147 in

6  response to paragraph 148 of plaintiff's Complaint.

7    149.    Monsanto denies the allegations in paragraph 149.

8    150.    Monsanto denies the allegations in paragraph 150. All labeling of Roundup®-

9  branded products has been and remains EPA-approved and in compliance with all federal

10  requirements under FIFRA.

11    151.    Monsanto denies the allegations in paragraph 151.  All labeling of Roundup®-

12  branded products has been and remains EPA-approved and in compliance with all federal

13  requirements under FIFRA.

14    152.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations in paragraph 152 regarding plaintiff's claimed purchase and use of

16  Roundup®-branded products and plaintiff's knowledge or reliance and therefore denies those

17  allegations.  Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-

18  branded products can cause cancer or other serious illnesses.  All labeling of Roundup®-branded

19  products has been and remains EPA-approved and in compliance with all federal requirements

20  under FIFRA.  Monsanto denies the remaining allegations in paragraph 152.

21    153.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22  truth of the allegations in paragraph 153 regarding plaintiff's knowledge or reliance and

23  therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 153.

24    154.    Monsanto denies the allegations in paragraph 154.

25    155.    Monsanto denies the allegations in paragraph 155.

26    156.    Monsanto denies the allegations in paragraph 156.

27    157.    Monsanto denies the allegations in paragraph 157.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-03757-VC

158.    In response to the allegations in paragraph 158, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

159.    Monsanto incorporates by reference its responses to paragraphs 1 through 158 in response to paragraph 159 of plaintiff's Complaint.

160.    Monsanto denies the allegations in paragraph 160.

161.    Monsanto denies the allegations in paragraph 161.

162.    Monsanto denies the allegations in paragraph 162.

163.    Paragraph 163 sets forth a conclusion of law that does not require a response.

164.    In response to the allegations in paragraph 164, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.    Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.　　Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.　　Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.　　Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.　　Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.　　Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.　　Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.　　The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.　　Applicable statutes of limitations, prescriptive periods, and/or statutes of repose bar plaintiff's claims in whole or in part.

13.　　Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.　　If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither

1   liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative

2   degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that

3   are not related or connected with any product sold, distributed, or manufactured by Monsanto.

4   Such acts or omissions on the part of others or diseases or causes constitute an independent,

5   intervening and sole proximate cause of plaintiff's alleged injury or damages.

6        15.    Monsanto had no legal relationship or privity with plaintiff and owed no duty to

7   him by which liability could be attributed to it.

8        16.    Monsanto made no warranties of any kind or any representations of any nature

9   whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies,

10   then plaintiff failed to give notice of any breach thereof.

11        17.    Plaintiff has failed to allege fraud with sufficient particularity.

12        18.    Plaintiff's claims are preempted in whole or part by the Freedom of Speech

13   Clause of the First Amendment of the U.S. Constitution.

14        19.    Plaintiff's claims for exemplary and/or punitive damages are barred because such

15   an award would violate Monsanto's due process, equal protection and other rights under the

16   United States Constitution, the Louisiana Constitution, and/or other applicable state constitutions

17   – and would be improper under the common law and public policies of the United States, the

18   laws of Louisiana and/or other state laws.

19        20.    Plaintiff's claims for exemplary and/ or punitive damages are barred because

20   plaintiff has failed to allege conduct warranting imposition of punitive damages under Louisiana

21   law and/or other applicable state laws.

22        21.    Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited

23   by operation of state and/or federal law, including La. Rev. Stat. 9:2800.52.

24        22.    Plaintiff's claims are barred in whole or in part by plaintiff's own

25   contributory/comparative negligence.

26        23.    Plaintiff's claims are barred in whole or in part by plaintiff's own failure to

27   mitigate damages.

28        24.    Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

25.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

26.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

27.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize or limit such claims.

28.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

29.     Plaintiff's common law claims are barred, in whole or in part, by application of the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. Ann. § 9:2800.51 *et seq.*

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## **JURY TRIAL DEMAND**

Monsanto demands a jury trial on all issues so triable.

DATED:  July 23, 2018                    Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-03757-VC