FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT of CALIFORNIA

AUG 13 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RALPH A. APPLEGATE
    Plaintiff, Appellant

CASE : 16-md-02741-VC
CASE : 18-3551
CASE : 18-CV-00663
CASE : 3:18-CV-00045-JLG-EPD

versus

MONSANTO COMPANY
    Defendant, Appellee

IMPORTANT MESSAGE to HONORABLE JUDGE VINCE CHHABRIA and RIGHT of SELF-REPRESENTATION in CIVIL CASES is a FUNDAMENTAL RIGHT UNDER OUR U.S. CONSTITUTION

    1. Fundamental right of self-representation applies to all matters, civil as well as criminal, and that rationale used by U.S. Supreme Court in deciding Faretta v. California, 422 U.S.806, 95 S.Ct. 2525, 19--, leads us inexorably to that conclusion that " Self-representation applies to all matters ."
On p. 814, that U.S. Supreme Court found that "Right(Of self-representation) must be found in structure and history of constitutional text ." Court found "In that history was a society where lawyers were mistrusted and where self-representation was normal."

    2. Colonists brought with them an appreciation of virtues of

p.1

self-reliance and a traditional distrust of lawyers. When Colonies were first settled, "Lawyers were synonomous with cringing Attorneys-General and Solicitors-General of a British Crown and arbitrary Justices of King's Court, all bent on conviction of those who opted for a King's prerogatives, and twisting law to secure convictions. This prejudice gave strength in our colonies where ' distrust of lawyers became an institution '. Several Colonies prohibited pleading for hire in 17th century. Prejudice persisted into 18th century as 'lower classes' came to identify lawyers with upper class. Years of Revolution and Confederation saw an upsurge of antilawyer sentiment, a ' sudden revival, after War of Revolution, of old dislike and distrust of law as a class '. In heat of these sentiments a constitution was forged." Right of self-representation in all matters was guaranteed, indeed assumed, in many colonial charters and declarations of rights. Right to counsel was that which needed to be granted. And where it was granted, engagement of counsel was sometimes forbidden. Faretta at 827. For example, Massachusetts Body of Liberties, in Article 26, in 1641, provided " Every man that findeth himself unfit to plead his own cause in any Court shall have Libertie to employ any man against whom Court doth not except, to help him, Provided he give him no fee or reward for his pains ... " Right to counsel was supplemental to a primary right of self-representation. Appellant long studied this history in a book about 5 Applegate brothers.

      3. Founders believed that self-representation was a basic right of

a free people . Underlying this belief was not only anti-lawyer sentiment of our populace , but also "natural law " thinking that characterized Revolutionary spokesman . See P Kauper(n), Higher Law and Rights of Man in a Revolutionary Society , a Lecture in American Enterprise Institute for Public Policy Research Series on American Revolution , March , or May (?)7, 1973 , extracted in 18 U. of Michigan Law School Quadrangle Notes , No. 2 , p. 9, (1974) . For example , Thomas Paine on a Bill of Rights , arguing in support of 1776 Pennsylvania Declaration of Rights , said : " Either party ... has a natural right to plead his own cause ; this right is consistent with safety , therefore it is retained ; but parties may not be able ,...therefore civil rights pleading by proxy , that is , by a council , is an appendage to natural right [Of self-representation ]... " Thomas Paine on a Bill of Rights ,1777 , reprinted in 1 Schwartz 316 .

## MESSAGE to JUDGE CHHABRIA

4 . Because plaintiff is now a delayed Appellant in 6th Circuit Court of Appeals concerning "due process " violations , no Court can rule against appellant , as of August 7 , 2018 , 1:16 A. M. , nor should that action happen anyway , because appellant had obviously stated , frequently , cause and effect why Roundup formulant is guilty .

5. Most of following information was not fully understood by appellant until August 6 ,2018 , before 10:47 p.m.

6. Some of this information has been forwarded to law firms

p.3

Hollendorf and Baum , but , not Michael Miller firm , by earlier e-mails .

7.Appellant had known earlier that appellee Monsanto Company had promised that it would remove Polyethoxylated Tallow Amine from Roundup formulant , but , because appellant received no discovery , inter alia , appellant could not have discovered if appellee ,had or had not , removed Polyethoxylated Tallow Amine(Appellant does not countenance abbreviations because------)from Roundup formulant , and that fact is still unknown . Appellant , by e-mail , has asked attorney Brent Wisner to ask appellee witness , tomorrow , in Johnson v. Monsanto whether Monsanto had removed , or not , Polyethoxylated Tallow Amine from Roundup formulant , and when , and to advise Honorable Judge Vince Chhabria of that answer , because it must be known .

8. Appellant had earlier a belief that by Monsanto earlier promise that it would remove Polyethoxylated Tallow Amine from Roundup formulant that that "promise " implied that Monsanto knew that Polyethoxylated Tallow Amine was that " killer " chemical , and that impliedly meant that Monsanto "promise " was a reason why Monsanto promised to remove "it" from Roundup. Appellee knew earlier , and when , that German authorities had "taken their own protective action " to outlaw Polyethoxylated Tallow Amine from sale in Germany . Nearly exact date , before September 12, 2014 . Appellee knew or reasonably should have known that German authority action meant that no German farmers , etc. , could purchase Roundup which contained Polyethoxylated Tallow Amine , after that

German authority action , unless appellee had removed Polyethoxylated Tallow Amine from Roundup, before , or after , German Authority action . .

9. Appellant discovered before 10:47 p.m.. August 6, 2018 that German authorities , before September 12, 2014 stated that " Because of an initial suspicion [III] that surfactant called Polyethoxylated Tallow Amine might be toxic to humans, animals and environment , German authorities have taken their own protective action ." Toxic glyphosate herbicides fly under EU's(EuropeanUnion) regulatory radar . Internet , p. 2 of 8, paragraph 10 , September 12 , 2014 . That report also stated that " A proper , health-oriented regulatory system must look at synergistic effects of chemical mixtures , and on that basis what we have at present falls far short . " This statement agrees with Honorable Judge Vince Chhabria categorization of MDL-02741-VC plaintiff's 3 expert witness testimony as " Shaky ", except that Germans categorize their evidence as "far short ".

10 . Appellant also discovered before 10:47 p.m. , August 6 , 2018 , that journalist's Pete Farrer and Marianne Falck reported in "The Ecologist " that " Germany has 'secretly ' forbidden use of most 'dangerous' surfactant Polyethoxylated Tallow Amine , but , is not warning rest of EU ." The Glyphosate Saga and 'Independent Scientific Advice . ' According . Internet , p. 3, of 5 , paragraph 6 , April 26 , 2015 , reported again , April 27 , 2015 , 2:22 p. m .

Appellant's friend , Deborah , a patriot ,and appellant request now Honorable Judge Vince Chhabria give serious consideration to appellants current statement .

Respectfully submitted

Signed *Ralph A. Applegate*
Ralph A. Applegate
1544 Zettler Road
Columbus ,Ohio 43227
rapplegate48@gmail.com
9144101568
rapplegate48@gmail.com


Defendant attorney
David P. Strup
Shoemaker, Loop &Kendrick, L.L.P.
1000 Jackson Street
Toledo , Ohio 43604
dstrup@slk-law.com

Defendant Co-Counsel
Heather Pigman
Hollingsworth LLP
1350 I. Street NW
Washington ,DC 20005
hpigman@hollingsworthllp.com

Certificate of Service

Appellant certifies that one copy each of IMPORTANT MESSAGE to HONORABLE JUDGE VINCE CHHABRIA and RIGHT of SELF-REPRESENTATION in CIVIL CASES is a FUNDAMENTAL RIGHT UNDER our CONSTITUTION , was regular mailed to Clerk of U.S.

p.6

District Court, Northern District of California , to Clerk , 6th Circuit Court of Appeals , to Defendant Co-Council Pigman , to Clerk , MDL Panel, and possibly to Clerk, U.S. District Court , Southern District of Ohio, Eastern Division , on August 7 , 2018 .

Ralph C. Applegate
15142 Zeller Rd.
Columbus, Ohio 43227

Clerk
U.S. District Court
Northern Dist. of California
450 Golden Gate Ave.
San Francisco, Ca. 94102

7012 2920 0001 0883 8003



U.S. POSTAGE PAID
COLUMBUS, OH
43209
AUG 07, 18
AMOUNT
$6.91
R2304M111268-08



CERTIFIED MAIL

RETURN RECEIPT REQUESTED

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Clerk, U.S. Dist. Court
Northern Dist; of Cal.
450 Golden Gate Ave.,
San Francisco, Ca. 94102

9590 9402 2888 7069 2754 40

2. Article Number (Transfer from service label)
7012 2920 0001 0883 8003

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt