FILED

AUG 20 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT of CALIFORNIA

RALPH A. APPLEGATE
    Plaintiff, Appellant

CASE : 16-md-02741-VC
CASE : 18-3551
versus
CASE : 18-CV-00663
CASE : 3:18-CV-00045-JLG-EPD

MONSANTO COMPANY
    Defendant, Appellee

FURTHER EVIDENCE and DISCUSSION

1. Appellant has no evidence, or not, of Honorable Judge Vince Chhabria's intention. Case was required to have been remanded to Ohio.

2. Appellee has not moved for a Daubert Summary Judgment Motion.

3. Appellant may have fear of what intentions are, even though appellent has made many claims of due process violations and of violations of appellants constitutional rights, and that MDL1470 due process is questionable, appellant is reminded Churchill had said that "There is nothing to fear but fear itself."

4. There is no basis for ruling that appellant needs a single expert because "cause and effect is common knowledge," and appellant is anyway a "Techno Medical Authority", appellant speaks for himself because, so far, no one else will do that, and may not be fit.

p.1

5. Appellant needs copy of a Johnson v. Monsanto jury ruling so that he may discuss important aspects of that ruling. Appellant has been refused a Pacer contract and has not gotten a copy of Johnson ruling as of Sunday, August 12, 2018.

6. Honorable Judge Vince Chhabria reported earlier than July 10, 2018, that MDL-02741-VC plaintiff lawyers expert witnesses were "shaky" in connection with glyphosate testimony, and even so, allowed those witnesses to testify.

7. It does not appear as though jury in Johnson had relied on any MDL-02741-VC plaintiff's and defendant's expert witnesses because Johnson jury made reference to only Roundup and no reference, whatsoever, to Glyphosate.

8. Cause and effect continues to be relevant.

9. Johnson jury likely oversized Johnson's compensatory damages (Medical plus anguish and pain). Plaintiff Johnson lawyers, it has been claimed, argued that $39,000,000. compensatory was necessary even though questionable. Even if Johnson's lawyers claimed that Johnson's medical damages were $1,125,000. per year, for 4 years, or $4,500,000., except for possible excessive drug prices, and Johnson's anguish and pain came to $4,500,000., Johnson's total compensatory damages at $9,000,000. could reach a punitive damage amount of $36,000,000. at $9,000,000. plus 3 times $9,000,000, if 3 times compensatory is acceptable in California.

10. Appellants medical damages for 6 years treatment was about $1,500,000. for 6 years, or about $250,000. per year, except appellant had been in 2 medicine trials, PCI32765, now Imbruvica, and ThRiL, which included Revlimid(Lenolidamide, manufacturer Celgene). This is being verified. Revlimid is a medicine which could still save Johnson's life, and was $500. per day in 2016, or $182,500.per year.

11. Johnson, so far, could not have been on more than( needs verified )about 4 years treatment. Appellant has received 9 years treatment, last three(3) years have been in Ohio since 2015 when appellant's IgM began averaging about 1200 mg./dL, down from 10289 mg.dL, in 2010. Appellant has tried to reach Johnson.

12. Judge Chhabria may now be too late to discover " Those 5000 plaintiff's consecutive days of exposure, appellants was 7 days, Johnson's was 2.5 days, 30 per year / 12 months ", and " Those 5000 plaintiff's diagnostically excessive IgM's, appellant's was 8980 mg./dL, and Johnson's IgM was not known to have been asked and answered " or whether Johnson's complaint stated his diagnosis IgM. This discovery would have buried appellees to an extent that appellees could not have possibly recovered. That evidence would have accumulated. Appellant may not be able to require how many of 5000, or 45 plaintiff's in MDL-02741-VC to appear in Ohio for a trial, as this discovery was required, by MDL1407,

to have been done at pretrial in San Francisco .

13 .Those 5000 plaintiff's addresses , telephones , and e-mail's were secretly withheld by their lawyers from appellant such that appellant could not discover that evidence . Appellant had asked in pleadings that Judge Chhabria conduct this discovery , but to no avail . Judge Chhabria could have been overwhelmed .

                                                 Respectfully submitted

                                                 Signed ----------------------------------
Ralph A. Applegate
1544 Zettler Road
Columbus ,Ohio 43227
rapplegate48@gmail.com
9144101568
rapplegate48@gmail.com

Defendant attorney
David P. Strup
Shoemaker, Loop &Kendrick, L.L.P.
1000 Jackson Street
Toledo , Ohio 43604
dstrup@slk-law.com

Defendant Co-Counsel
Heather Pigman
Hollingsworth LLP
1350 I. Street NW
Washington ,DC 20005
HPigman@hollingsworthllp.com

Certificate of Service

Appellant certifies that one copy each of FURTHER EVIDENCE and DISCUSSION , was certified mailed , return receipt requested , to Clerk of U.S. District Court, Northern District of California ,and regular mailed to Clerk , 6th Circuit Court of Appeals , to Defendant Co-Council Pigman , to Clerk , MDL Panel, and possibly to Clerk, U.S. District Court , Southern District of Ohio, Eastern Division , on August 13 , 2018 .

p.5

U.S. POSTAGE
PAID
COLUMBUS, OH
43209
AUG 15, 18
AMOUNT
**$6.91**
R2304M111268-08

1000    94102

CERTIFIED MAIL

7012 2920 0001 0883 8171

Clerk
U.S. Dist. Court
North. Dist. of Cal.
450 Golden Gate Ave.,
San Francisco, Cal.
94102

9410283432 C004

Ralph A. Copplegate
1544 Zettler Road
Columbus, Ohio 43227

Return

RETURN RECEIPT
REQUESTED