1

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)

2

Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.

3

Washington, DC  20005
Tel:     202-898-5800

4

Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com

5

          elasker@hollingsworthllp.com

6

*Attorneys for Defendant*
*MONSANTO COMPANY*

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

11

| MDL No. 2741
| Case No. 3:16-md-02741-VC

12

This document relates to:

13

*Clint M. Cuevas v. Monsanto Co.*,
Case No. 3:18-cv-04554-VC

14

15

### <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

16

          Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

17

Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

18

all allegations contained in plaintiff Clint M. Cuevas' Complaint and Jury Demand ("the

19

Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer,

20

Monsanto refers to Monsanto Company, a United States based company incorporated in

21

Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall

22

constitute a denial.

23

          1.          Monsanto lacks information or knowledge sufficient to form a belief as to the

24

truth of the allegations in the first and second sentences of paragraph 1 and therefore denies those

25

allegations.  In response to the allegations in the third sentence of paragraph 1, Monsanto admits

26

that Roundup®-branded products are safe when used in accordance with the products' labeling;

27

that glyphosate repeatedly has been found to be safe to humans and the environment by

28

regulators in the United States and around the world; and that Monsanto has labeled glyphosate

1  products as approved by regulatory bodies consistent with those findings.  To the extent that the

2  third sentence of paragraph 1 alleges that Monsanto has labeled glyphosate or Roundup®-

3  branded herbicides in any manner different or in addition to such regulatory approval, Monsanto

4  denies such allegations.  Monsanto denies the remaining allegations in paragraph 1.

5       2.     Monsanto lacks information or knowledge sufficient to form a belief as to the

6  truth of the allegations in paragraph 2 and therefore denies those allegations.

7       3.     In response to the allegations in paragraph 3, Monsanto denies that any exposure

8  to glyphosate-based herbicides or Roundup®-branded products can cause non-Hodgkins

9  lymphoma (NHL) or other serious illnesses.  Monsanto lacks information or knowledge

10  sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and therefore

11  denies those allegations.

12       4.     In response to the allegations in paragraph 4, Monsanto admits that the World

13  Health Organization's International Agency for Research on Cancer ("IARC") issued a

14  monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate

15  under Group 2A, but denies that the IARC Monograph is the authoritative standard for cancer

16  hazard assessment around the world or that IARC based its evaluation on a complete or accurate

17  assessment of the scientific research regarding glyphosate.  Monsanto further denies that the

18  members of the panel were "renowned scientists" or that they were free from conflicts of

19  interest.  In response to the allegations in the final sentence of paragraph 4, Monsanto admits that

20  the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it

21  was required to add glyphosate to California's Proposition 65 list of chemicals in a process that

22  OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the

23  weight or quality of the evidence considered by IARC.  Monsanto further states that this decision

24  was not based upon any independent scientific analysis of glyphosate but instead was in response

25  to a provision of a California ballot proposition triggering such action based solely upon the

26  IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon

27  its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to

28

1  pose a cancer hazard to humans."[1]  Monsanto contends that OEHHA's decision that it was

2  required to list glyphosate violates the United States Constitution and the California Constitution.

3  On February 26, 2018, a federal district court enjoined California from requiring Proposition 65

4  warning labels for glyphosate as unconstitutional.  The remaining allegations in paragraph 4 set

5  forth conclusions of law for which no response is required.  To the extent that a response is

6  deemed required, Monsanto denies the allegations in paragraph 4.

7       5.     Monsanto admits the allegations in the first sentence of paragraph 5.  In response

8  to the allegations in the second sentence of paragraph 5, Monsanto admits that glyphosate, the

9  active ingredient in Roundup®-branded herbicides, is a non-selective herbicide and that certain

10  Roundup®-branded herbicides are used to kill weeds that commonly compete with growing

11  crops.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of

12  the specific numbers and statistics cited in the remaining sentences of paragraph 5 and therefore

13  denies those allegations.

14       6.     In response to the allegations in the first sentence of paragraph 6, Monsanto

15  admits that it has stated, and continues to state, that Roundup®-branded products are safe when

16  used in accordance with the products' labeling.  Monsanto denies that any exposure to

17  glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

18  illnesses.  Monsanto denies the remaining allegations in paragraph 6.

19       7.     Monsanto lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations in the first and second sentences of paragraph 7 and therefore denies those

21  allegations.  In response to the allegations in the third sentence of paragraph 7, Monsanto denies

22  certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge

23  sufficient to form a belief as to the truth of the allegations regarding where certain other events

24  giving rise to plaintiff's claims occurred and therefore denies those allegations.

25       8.     Monsanto admits the allegations in the first and second sentences of paragraph 8.

26

27  [1] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-04554-VC

In response to the allegations in the final sentence of paragraph 8, Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the final sentence of paragraph 8 and therefore denies those allegations.

9. The allegations in paragraph 9 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 9 based upon the allegations in plaintiff's Complaint.

10. The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11. Monsanto denies the allegations in paragraph 11.

12. In response to the allegations in paragraph 12, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations. The remaining allegations in paragraph 12 set forth conclusions of law for which no response is required.

13. In response to the allegations in paragraph 13, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 13 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and therefore denies those allegations.

14. Monsanto admits the allegations in the first sentence of paragraph 14. Monsanto denies the allegations in the second sentence of paragraph 14 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. Monsanto denies the allegations in the third sentence of paragraph 14 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well

1  within regulatory safety levels, as determined by the United States Environmental Protection

2  Agency ("EPA").

3        15.     Monsanto admits the allegations in paragraph 15.

4        16.     In response to the allegations in paragraph 16, Monsanto admits that farmers have

5  safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining

6  allegations in paragraph 16.

7        The allegations in the unnumbered paragraph following paragraph 16 set forth

8  conclusions of law for which no response is required.  To the extent that a response is deemed

9  required, Monsanto admits the allegations.

10        17.     In response to the allegations in paragraph 17, Monsanto admits that EPA requires

11  registrants of herbicides to submit extensive data in support of the human health and

12  environmental safety of their products and further admits that EPA will not register or approve

13  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining

14  allegations in paragraph 17 set forth conclusions of law for which no response is required.

15        18.     The allegations in paragraph 18 set forth conclusions of law for which no

16  response is required.

17        19.     In response to the allegations in paragraph 19, Monsanto admits that EPA requires

18  registrants of herbicides to submit extensive data in support of the human health and

19  environmental safety of their products and further admits that EPA will not register or approve

20  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

21  states that the term "the product tests" in the final sentence of paragraph 19 is vague and

22  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 19

23  set forth conclusions of law for which no response is required.

24        20.     Monsanto denies the allegations in paragraph 20 to the extent that they suggest

25  that EPA only evaluates the safety of pesticide products on the date of their initial registration.

26  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

27  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

28  of the allegations in paragraph 20 regarding such pesticide products generally and therefore

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-04554-VC

1   denies those allegations.  The remaining allegations in paragraph 20 set forth conclusions of law

2   for which no response is required.

3        21.    In response to the allegations in paragraph 21, Monsanto admits that EPA has

4   undertaken a review of glyphosate and that EPA has not released its findings.  Monsanto states,

5   however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-

6   page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support

7   is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health

8   risk assessment"[2]; and (b) at the same time, EPA posted an October 2015 final report by its

9   standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's

10  existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[3] Monsanto

11  further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation

12  of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support

13  is for [the descriptor] 'not likely to be carcinogenic to humans'."[4]  Monsanto lacks information

14  or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

15  21 and therefore denies these allegations.

16       22.    In response to the allegations in paragraph 22, Monsanto admits that EPA posted

17  the EPA CARC Final Report on EPA's website in late April 2016 and took the report off the

18  website in early May 2016.  Monsanto further states that, in September 2016, EPA posted the

19  EPA CARC Final Report that endorsed EPA's existing classification of glyphosate as "Not

20

21  [2] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic
    Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"),

22  https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP
    Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on

23  glyphosate's carcinogenic potential.

24  [3] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
    U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*

25  *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
    Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

26

27  [4] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of
    Carcinogenic Potential* at 143, 144 (Dec. 12, 2017),
    https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-04554-VC

Likely to be Carcinogenic to Humans." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies those allegations.

23.     In response to the allegations in paragraph 23, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies. Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans. In addition to the conclusions in the two EPA OPP reports and the EPA CARC final Report, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05–56:20.

1    Monsanto denies the remaining allegations in paragraph 23.

2           24.     In response to the allegations in paragraph 24, Monsanto admits that it – along

3    with a large number of other companies and governmental agencies – was defrauded by two

4    chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

5    testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

6    toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

7    glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

8    studies.  To the extent that the allegations in paragraph 24 are intended to suggest that Monsanto

9    was anything other than a victim of this fraud, such allegations are denied.

10          25.     In response to the allegations in paragraph 25, Monsanto admits that Industrial

11   Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the

12   registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of

13   such product is based upon any fraudulent or false IBT studies.

14          26.     Monsanto denies the allegations in paragraph 26 to the extent they suggest that

15   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

16   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

17   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

18   connection with services provided to a broad number of private and governmental entities and

19   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

20   one of several pesticide manufacturers who had used IBT test results.  The audit found some

21   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

22   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

23   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

24   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 26 are

25   intended to suggest that Monsanto was anything other than a victim of this fraud, such

26   allegations also are denied.

27          27.     In response to the allegations in paragraph 27, Monsanto admits that three IBT

28   employees were convicted of the charge of fraud, but Monsanto denies that any of the

1  individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

2  herbicides.

3       28.     In response to the allegations in paragraph 28, Monsanto admits that it – along

4  with numerous other private companies – hired Craven Laboratories as an independent

5  laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that

6  it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies

7  conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in

8  paragraph 28 are intended to suggest that Monsanto was anything other than a victim of this

9  fraud, such allegations are denied.

10       29.     In response to the allegations in paragraph 29, Monsanto admits that Roundup®-

11  branded products are highly valued by its customers because of their efficacy and safety.

12  Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The

13  remaining allegations in paragraph 29 are vague and conclusory and comprise attorney

14  characterizations, and are accordingly denied.

15       30.     In response to the allegations in paragraph 30, Monsanto admits that, following

16  the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such

17  seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks

18  information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

19  cited in paragraph 30 and accordingly denies those allegations.  The remaining allegations in

20  paragraph 30 are vague and conclusory and comprise attorney characterizations, and are

21  accordingly denied.

22       31.     In response to the allegations in paragraph 31, Monsanto admits that glyphosate is

23  one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

24  is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks

25  information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

26  cited in paragraph 31 and accordingly denies the same.  The remaining allegations in paragraph

27  31 are vague and conclusory and comprise attorney characterizations, and are accordingly

28  denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-04554-VC

32.     In response to the allegations in paragraph 32, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 32 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

33.     In response to the allegations in paragraph 33, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 33 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

34.     Monsanto denies the allegations in paragraph 34.

35.     In response to the allegations in paragraph 35, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 35.

36.     Monsanto admits that IARC was created in 1965.  The remaining allegations in paragraph 36 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

37.     Monsanto denies the allegations in the first and second sentences of paragraph 37.  Monsanto admits the allegations in the final sentence of paragraph 37.

38.     In response to the allegations in paragraph 38, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 38, which are not limited as of any specified date, and accordingly denies the same.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-04554-VC

1     39.    In response to the allegations in paragraph 39, Monsanto admits that IARC sets

2  forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

3  Monsanto denies the remaining allegations in paragraph 39.

4     40.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

5  research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

6  that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

7  form a belief as to the truth of the remaining allegations in paragraph 40 and therefore denies

8  those allegations.

9     41.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

10  research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

11  that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

12  form a belief as to the truth of the remaining allegations in paragraph 41 and therefore denies

13  those allegations.

14     42.    Monsanto denies the allegations in paragraph 42 to the extent that they suggest

15  that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified

16  glyphosate as a Group 2A agent in March 2015.

17     43.    In response to the allegations in paragraph 43, Monsanto admits that IARC issued

18  its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the

19  monograph was prepared by a "working group" of individuals selected by IARC who met over a

20  one week period in March 2015 to consider glyphosate along with a number of other substances.

21  Monsanto denies the allegation that all members of the working group are "experts."

22     44.    In response to the allegations in paragraph 44, Monsanto denies that the working

23  group or anyone at IARC conducted a one-year review of the scientific evidence related to

24  glyphosate or that the working group's findings reflected a comprehensive review of the latest

25  available scientific evidence.  Monsanto also denies that the working group considered all

26  information available in the scientific literature and all data from government reports that are

27  publicly available.  Monsanto denies the remaining allegations in paragraph 44.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-04554-VC

1    45.    In response to the allegations in paragraph 45, Monsanto denies that the IARC

2    working group considered all of the data in the numerous studies that have been conducted

3    looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

4    that it reliably considered the studies that it purports to have reviewed, which frequently reach

5    conclusions directly contrary to those espoused by the IARC working group.  To the extent the

6    allegations purport to characterize statements made in the IARC monograph for glyphosate, the

7    statements in that document speak for themselves, but Monsanto lacks information or knowledge

8    sufficient to form a belief as to the accuracy of the source of said information and accordingly

9    denies the allegations.

10    46.    The allegations in paragraph 46 are vague and conclusory.  To the extent they

11    purport to characterize statements made in the IARC monograph for glyphosate, the statements

12    in that document speak for themselves, but Monsanto lacks information or knowledge sufficient

13    to form a belief as to the accuracy of the source of said information and accordingly denies the

14    allegations.

15    47.    In response to the allegations in paragraph 47, to the extent the allegations purport

16    to characterize statements made in the IARC monograph for glyphosate, the statements in that

17    document speak for themselves, but to the extent that this paragraph means that more than *de*

18    *minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 47.

19    48.    In response to the allegations in paragraph 48, Monsanto admits that the IARC

20    working group identified a number of case control studies of populations with exposures to

21    glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

22    health concern from such exposures.

23    49.    In response to the allegations in paragraph 49, Monsanto denies that the IARC

24    working group considered all of the data in the numerous studies that have been conducted

25    looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

26    that it reliably considered the studies that it purports to have reviewed, which frequently reach

27    conclusions directly contrary to those espoused by the IARC working group.  To the extent that

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-04554-VC

1  the allegations in paragraph 49 purport to characterize statements made in the IARC monograph

2  for glyphosate, the statements in that document speak for themselves.

3      50.     In response to the allegations in paragraph 50, Monsanto admits that the IARC

4  working group identified a number of case control studies of populations with exposures to

5  glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

6  health concern from such exposures.  Monsanto denies the remaining allegations in paragraph

7  50.  The IARC working group concluded that there was only limited evidence of carcinogenicity

8  in epidemiologic studies, which, per IARC's guidelines, means that the working group could not

9  rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

10     51.     In response to the allegations in paragraph 51, Monsanto admits that the IARC

11  working group purported to make these findings, but denies that the animal carcinogenicity

12  studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

13  of the identified tumors.  Monsanto further states that regulatory agencies around the world have

14  reviewed the same animal studies and concluded that they do not provide evidence that

15  glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 51.

16     52.     In response to the allegations in paragraph 52, Monsanto admits that the working

17  group cited to a study that it concluded provided evidence of chromosomal damage in

18  community residents reported to be exposed to glyphosate, but Monsanto denies that the study

19  supports such a conclusion or that the authors of the study reached such a conclusion.

20     53.     In response to the allegations in the first sentence of paragraph 53, Monsanto

21  admits that certain studies have reported that glyphosate and glyphosate-based formulations

22  induced oxidative stress under artificial experimental conditions.  Monsanto denies that these

23  studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce

24  oxidative stress in humans or animals under real-world exposure conditions.  In response to the

25  allegations in the second sentence of paragraph 53, Monsanto states that the cited document

26  speaks for itself and does not require a response.  In response to the allegations in the final

27  sentence of paragraph 53 and in footnote 1, Monsanto denies that any exposure to glyphosate-

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-04554-VC

1    based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.

2    Monsanto denies the remaining allegations in paragraph 53.

3          54.     In response to the allegations in paragraph 54, Monsanto admits that the IARC

4    working group purported to make these findings, but denies that the cited studies provide any

5    reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or

6    persist in human blood or urine.  Monsanto further admits that the working group reviewed the

7    findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working

8    group characterized that study as supporting an association between glyphosate and the specified

9    cancers.  The AHS cohort study did not find a positive association between glyphosate and any

10   type of cancer.  Monsanto denies all other allegations in paragraph 54.

11         55.     In response to the allegations in paragraph 55, Monsanto admits that the

12   referenced studies were published, but denies that the studies show any scientifically reliable

13   findings.

14         56.     In response to the allegations in paragraph 56, Monsanto denies that the cited

15   study provides any reliable basis for a finding that any meaningful levels of glyphosate are

16   present or persist in human blood or urine.  Monsanto denies the remaining allegations in

17   paragraph 56.

18         57.     In response to the allegations in paragraph 57, Monsanto denies that any exposure

19   to Roundup®-branded products can cause cancer and other serious illnesses and therefore denies

20   the allegations in the first and fourth sentences of paragraph 57.  Monsanto admits that certain

21   Roundup®-branded herbicides contain adjuvants and that EPA has classified such adjuvants as

22   inert.  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded

23   herbicides do not pose an unreasonable risk to human health.  The remaining allegations in

24   paragraph 57 are vague and conclusory and comprise attorney characterizations, and are

25   accordingly denied.

26         58.     In response to the allegations in paragraph 58, Monsanto admits that the IARC

27   working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

28   discussions in certain countries regarding the sale of glyphosate-based herbicides.  Monsanto

1    denies that any final conclusion has been reached in these countries and denies that there is any

2    scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies

3    the remaining allegations in paragraph 58.

4            59.    In response to the allegations in paragraph 59, Monsanto admits that the IARC

5    working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

6    discussions in certain countries regarding the sale of glyphosate-based herbicides, including the

7    Netherlands.  Monsanto denies that any final conclusion has been reached in these countries and

8    denies that there is any scientific basis for the concerns raised by the improper IARC

9    classification.  Monsanto denies the remaining allegations in paragraph 59.

10           60.    In response to the allegations in paragraph 60, Monsanto admits that the IARC

11   working group classification led an individual government attorney in Brazil to write a letter to

12   the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the

13   remaining allegations in paragraph 60.

14           61.    In response to the allegations in paragraph 61, Monsanto admits that following the

15   IARC working group classification, in France, all non-professional plant protection products,

16   including but not limited to glyphosate-based products, will be sold behind locked counters (no

17   free sales).  Monsanto further admits that the French government has announced that beginning

18   on January 1, 2019, the sale of non-professional lawn and garden products, including but not

19   limited to non-professional use glyphosate-based products, will be prohibited with certain

20   exceptions.  Monsanto denies the remaining allegations in paragraph 61.

21           62.    In response to the allegations in paragraph 62, Monsanto admits that some

22   employees of Bermuda's government announced an intention to suspend the importation of

23   glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the

24   truth of the allegations about whether this suspension took effect and accordingly denies the

25   same.  Monsanto denies the remaining allegations in paragraph 62.

26           63.    In response to the allegations in paragraph 63, Monsanto admits that the IARC

27   monograph appears to be the alleged basis for the Sri Lankan government's actions, including

28   the allegation that glyphosate can cause kidney disease.  Monsanto further states that the

1  allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations

2  regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 63.

3        64.  In response to the allegations in paragraph 64, Monsanto denies the alleged basis

4  for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has

5  explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC

6  ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety

7  concerns.  As of April 2016, the government of Colombia has resumed manual application of

8  glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs'

9  expert testimony purporting to link these same aerial eradication operations with cancer as

10  scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto

11  denies the remaining allegations in paragraph 64.

12        65.  In response to the allegations in paragraph 65, Monsanto admits that 96

13  individuals signed a letter sent by Dr. Christopher Portier to the EU Health Commissioner

14  (hereinafter "the Portier letter").  Monsanto states that Dr. Portier has been disclosed as an expert

15  witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto.

16  Monsanto denies that Dr. Portier or the other signatories to his letter are "prominent experts,"

17  and Monsanto lacks information or knowledge sufficient to form a belief as to whether the other

18  signatories were aware, before they signed the Portier letter, that Dr. Portier was working as a

19  retained expert for plaintiffs' counsel.  Monsanto otherwise admits that this letter urged the EU

20  Health Commissioner to disregard the conclusion that glyphosate is not carcinogenic found by

21  EFSA and by the BfR.

22        66.  In response to the allegations in paragraph 66, Monsanto denies that the self-

23  labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

24  extent that paragraph 66 characterizes the scientific evidence regarding the safety of glyphosate-

25  based herbicides, Monsanto denies the remaining allegations in paragraph 66.

26        67.  Monsanto admits that, in June 2016, the European Union continued to consider

27  the reregistration of glyphosate.  Monsanto also states that the allegations are out of date and that

28  the European Union has approved glyphosate for another five years.  Monsanto further notes

that, in March 2017, the European Chemical Agency ("ECHA") announced that its Committee for Risk Assessment concluded that the available scientific evidence did not meet the criteria to classify glyphosate as a carcinogen.  *See* ECHA, *Glyphosate not classified as a carcinogen by ECHA*, https://echa.europa.eu/-/glyphosate-not-classified-as-a-carcinogen-by-echa.  Monsanto denies the remaining allegations in paragraph 67.

68.     In response to the allegations in paragraph 68, Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 68 and therefore denies those allegations.

69.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies those allegations.

70.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL, and other serious illnesses and therefore denies the allegations in paragraph 70.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

71.     In response to the allegations in subpart (a) of paragraph 71, Monsanto admits that Roundup® branded products are safe for use in accordance with the labeling; that the scientific evidence does not support any causal link between Roundup® branded products and "blood born cancers" or NHL; and that Monsanto has made statements to that effect in accordance with EPA regulation under FIFRA.  Monsanto denies the remaining allegations in paragraph 71, including its subparts.

72.     In response to the allegations in paragraph 72, Monsanto admits that it has made statements with respect to the safety of Roundup in accordance with EPA regulation under FIFRA.  Monsanto states that the first sentence in paragraph 72 sets forth conclusions of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 72 and therefore denies the remaining allegations in paragraph 72.

73.     In response to the allegations in the first sentence of paragraph 73, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup® and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification for glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 73 and therefore denies those allegations.  The final sentence of paragraph 73 sets forth conclusions of law for which no response is required.

74.     The first sentence of paragraph 74 sets forth conclusions of law for which no response is required.  Monsanto denies the allegations in the second sentence of paragraph 74.

75.     Monsanto denies the allegations in the first sentence of paragraph 75.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 75 and therefore denies those allegations.

76.     Monsanto incorporates by reference its responses to paragraphs 1 through 75 in response to paragraph 76 of plaintiff's Complaint.

77.     In response to the allegations in paragraph 77, Monsanto denies that it violated the laws of Mississippi or federal law and states that it complied with all applicable law regarding Roundup®-branded products.  The remaining allegations in paragraph 77 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies all such allegations.

78.     The allegations in paragraph 78 set forth conclusions of law for which no response is required.

79.     Monsanto denies the allegations in the first sentence of paragraph 79.  The second sentence of paragraph 79 sets forth a conclusion of law for which no response is required.

80.     Monsanto incorporates by reference its responses to paragraphs 1 through 79, in response to paragraph 80 of plaintiff's Complaint.

81.     In response to the allegations in paragraph 81, Monsanto admits that plaintiff purports to bring a claim for strict liability design defect but denies any liability as to that claim.

1    82.    Monsanto denies the allegations in the first and second sentences of paragraph 76.

2    In response to the last sentence of paragraph 82, Monsanto lacks information or knowledge

3    sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to

4    Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

5    remaining allegations in paragraph 82.

6    83.    Monsanto denies the allegations in paragraph 83.

7    84.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 84 concerning the condition of any Roundup®-branded

9    product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore

10    denies those allegations.  The remaining allegations in paragraph 84 set forth conclusions of law

11    for which no response is required.

12    85.    Monsanto denies the allegations in paragraph 85.

13    86.    Monsanto denies the allegations in paragraph 86.

14    87.    Monsanto denies the allegations in paragraph 87.

15    88.    Monsanto denies the allegations in paragraph 88.

16    89.    Monsanto denies the allegations in paragraph 89.

17    90.    Monsanto denies the allegations in paragraph 90.

18    91.    Monsanto denies the allegations in paragraph 91.

19    92.    Monsanto denies the allegations in paragraph 92.

20    93.    Monsanto denies the allegations in paragraph 93.

21    94.    Monsanto denies the allegations in paragraph 94.

22    95.    Monsanto denies the allegations in paragraph 95.

23    96.    Monsanto denies the allegations in paragraph 96.

24    97.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25    truth of the allegations in paragraph 97 concerning plaintiff's claimed exposure to Roundup®-

26    branded products and therefore denies those allegations.  Monsanto denies the remaining

27    allegations in paragraph 97, including that Roundup® branded products have "dangerous

28    characteristics."

98.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 98 concerning plaintiff's claimed exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 98, including that Roundup®-branded products have "dangerous characteristics."

99.     Monsanto denies the allegations in paragraph 99.

100.     Monsanto denies the allegations in paragraph 100.

101.     Monsanto denies the allegations in paragraph 101.

102.     Monsanto denies the allegations in paragraph 102.

103.     Monsanto denies the allegations in paragraph 103.

104.     Monsanto denies the allegations in paragraph 104.

105.     Monsanto denies the allegations in paragraph 105.

106.     Monsanto denies the allegations in paragraph 106.

107.     Monsanto denies the allegations in paragraph 107.

108.     Monsanto denies the allegations in paragraph 108.

109.     In response to the allegations in paragraph 109, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

110.     Monsanto incorporates by reference its responses to paragraphs 1 through 109 in response to paragraph 110 of plaintiff's Complaint.

111.     In response to the allegations in paragraph 111, Monsanto admits that plaintiff purports to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

112.     Monsanto denies the allegations in paragraph 112.

113.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 113 that plaintiff purchased Roundup®-branded products and therefore denies those allegations.  The allegations in paragraph 113 also set forth conclusions of

1  law for which no response is required.  Monsanto denies the remaining allegations in paragraph

2  113.

3      114.    The allegations in paragraph 114 set forth conclusions of law for which no

4  response is required.

5      115.    Monsanto denies the allegations in paragraph 115.  All labeling of Roundup®-

6  branded products has been and remains EPA-approved and in compliance with all federal

7  requirements under FIFRA.

8      116.    Monsanto denies the allegations in paragraph 116.

9      117.    Monsanto denies the allegations in paragraph 117.

10      118.    Monsanto denies the allegations in paragraph 118.

11      119.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 119 and therefore denies those allegations.

13      120.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in paragraph 120 concerning plaintiff's alleged use and exposure to

15  Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

16  remaining allegations in paragraph 120, including that Roundup®-branded products have

17  "dangerous characteristics."

18      121.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19  truth of the allegations in paragraph 121 concerning plaintiff's alleged use and exposure to

20  Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

21  remaining allegations in paragraph 121, including that Roundup®-branded products have

22  "dangerous characteristics."

23      122.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24  truth of the allegations in the second sentence of paragraph 122 and therefore denies those

25  allegations.  Monsanto denies the remaining allegations in paragraph 122.

26      123.    Monsanto denies the allegations in paragraph 123.

27      124.    Monsanto denies the allegations in paragraph 124.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-04554-VC

125.    In response to the allegations in paragraph 125, Monsanto denies that there is any risk of NHL or any other serious illnesses associated with the intended use of and/or exposure to Roundup®-branded products and glyphosate.  The allegations in the second sentence of paragraph 125 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 125.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all applicable laws and regulations

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 127 concerning plaintiff's alleged use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 127.

128.    Monsanto denies the allegations in paragraph 128.

129.    Monsanto denies the allegations in paragraph 129.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

130.    Monsanto denies the allegations in paragraph 130.

131.    Monsanto denies the allegations in paragraph 131.

132.    In response to the allegations in paragraph 132, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

133.    Monsanto incorporates by reference its responses to paragraphs 1 through 132 in response to paragraph 133 of plaintiff's Complaint.

134.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 134 regarding the specific products allegedly used by plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore denies the allegations in paragraph 134.

135.    The allegations in paragraph 135 set forth conclusions of law for which no response is required.

136.    The allegations in paragraph 136 set forth conclusions of law for which no response is required.

137.    Monsanto denies the allegations in paragraph 137.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto denies the allegations in paragraph 139.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

140.    Monsanto denies the allegations in paragraph 140.

141.    Monsanto denies the allegations in the first sentence of paragraph 141.  In response to the allegations in the second sentence of paragraph 141, Monsanto denies that Monsanto's promotional activities were not honest.  The remaining allegations in paragraph 141 set forth conclusions of law for which no response is required.

142.    Monsanto denies the allegations in paragraph 142.

143.    Monsanto denies the allegations in paragraph 143, including each of its subparts.

144.    Monsanto denies the allegations in paragraph 144.

145.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 145 regarding plaintiff's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 145, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

146.    Monsanto denies the allegations in paragraph 146.

147.    Monsanto denies the allegations in paragraph 147.

148.    Monsanto denies the allegations in paragraph 148.

149.    Monsanto denies the allegations in paragraph 149.

150.    In response to the allegations in  paragraph 150, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed,

1  with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as

2  allowed by law and such further and additional relief as this Court may deem just and proper.

3          151.    Monsanto incorporates by reference its responses to paragraphs 1 through 150 in

4  response to paragraph 151 of plaintiff's Complaint.

5          152.    Monsanto denies the allegations in paragraph 152.  Additionally, the last sentence

6  in paragraph 152 sets forth a conclusion of law for which no response is required.

7          153.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8  truth of the allegations in paragraph 153 regarding plaintiff's claimed use of Roundup®-branded

9  products and therefore denies those allegations. The remaining allegations in paragraph 153 set

10  forth conclusions of law for which no response is required.

11          154.    Monsanto denies the allegations in paragraph 154.  All labeling of Roundup®-

12  branded products has been and remains EPA-approved and in compliance with all federal

13  requirements under FIFRA.

14          155.    The allegations in paragraph 155 set forth conclusions of law for which no

15  response is required.

16          156.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17  truth of the allegations in paragraph 156 and therefore denies those allegations.

18          157.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19  truth of the allegations in paragraph 157 regarding the claimed use of Roundup®-branded

20  products by plaintiff and others and therefore denies those allegations.  The remaining

21  allegations in paragraph 157 set forth conclusions of law for which no response is required.

22          158.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 158 regarding plaintiff's claimed use of or exposure to

24  Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph

25  158 regarding Monsanto's implied warranty sets forth conclusions of law for which no response

26  is required.  Monsanto denies the remaining allegations in paragraph 158.

27          159.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28  truth of the allegations in paragraph 159 regarding plaintiff's claimed use of or exposure to

1   Roundup®-branded products or plaintiff's claimed reliance and therefore denies those

2   allegations.  The allegation in paragraph 159 regarding Monsanto's implied warranty sets forth

3   conclusions of law for which no response is required.

4         160.    Monsanto denies that there is any risk of serious injury associated with or linked

5   to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

6   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

7   allegations in paragraph 160 regarding plaintiff's knowledge about Roundup®-branded products

8   and therefore denies the remaining allegations in paragraph 160.

9         161.    Monsanto denies the allegations in paragraph 161.

10         162.    Monsanto denies the allegations in paragraph 162.

11         163.    Monsanto denies the allegations in paragraph 163.

12         164.    In response to the allegations in paragraph 164, Monsanto demands that judgment

13   be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

14   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

15   by law and such further and additional relief as this Court may deem just and proper.

16         165.    Monsanto incorporates by reference its responses to paragraphs 1 through 164 in

17   response to paragraph 165 of plaintiff's Complaint.  Monsanto denies the allegations in the

18   second sentence of paragraph 165 to the extent it encompasses all herbicides as vague and

19   ambiguous but Monsanto admits the allegations in this sentence to the extent it refers to

20   glyphosate based herbicides.  In response to the final sentence of paragraph 165, Monsanto

21   admits that plaintiff purports to bring a claim for breach of express warranty but denies any

22   liability as to that claim.  Monsanto denies the allegations that Roundup® branded products are

23   defective and unreasonably dangerous to consumers and therefore denies the remaining

24   allegations in paragraph 165.

25         166.    Paragraph 166 and its subparts set forth conclusions of law for which no response

26   is required.

27         167.    In response to the allegations in Paragraph 167, Monsanto admits that it has sold

28   glyphosate based herbicides in accordance with their EPA-approved labeling.  Monsanto further

1   states that paragraph 167 sets forth conclusions of law for which no response is required.

2   Monsanto denies the remaining allegations in paragraph 167.

3       168.   Monsanto denies the allegations in the first and second sentence of paragraph 168.

4   All labeling of Roundup®-branded products has been and remains EPA-approved and in

5   compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

6   of paragraph 168 sets forth conclusions of law for which no response is required.

7       169.   The first sentence of paragraph 169 sets forth conclusions of law for which no

8   response is required.   Monsanto denies the allegations in the final sentence of paragraph 169.

9       170.   Monsanto denies the allegations in paragraph 170 and each of its subparts.

10       171.   Monsanto states that the allegation in paragraph 171 that Monsanto made an

11   express warranty sets forth a legal conclusion for which no response is required.  Monsanto lacks

12   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

13   in paragraph 171 and therefore denies those allegations.

14       172.   Monsanto denies the allegations in paragraph 172 to the extent that they allege

15   that Monsanto made false or incomplete statements and representations concerning Roundup®.

16   All labeling of Roundup® branded products has been and remains EPA-approved and in

17   compliance with all federal requirements under FIFRA.  Monsanto lacks information or

18   knowledge sufficient to form a belief as to the truth of the allegations in paragraph 172 regarding

19   plaintiff's knowledge and therefore denies those allegations.

20       173.   Monsanto denies the allegations in paragraph 173.

21       174.   In response to the allegations in paragraph 174, Monsanto demands that judgment

22   be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

23   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

24   by law and such further and additional relief as this Court may deem just and proper.

25       175.   Monsanto incorporates by reference its responses to paragraphs 1 through 174 in

26   response to paragraph 175 of plaintiff's Complaint.

27       176.   Monsanto denies the allegations in paragraph 176.

28       177.   Monsanto denies the allegations in paragraph 177.

178.    Monsanto denies the allegations in paragraph 178.

179.    Monsanto denies the allegations in paragraph 179.

180.    Paragraph 180 sets forth a conclusion of law for which no response is required.

181.    The allegations in paragraph 181 set forth conclusions of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.    Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.    Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.    Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

1    *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

2    *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

3         7.    Plaintiff's claims are preempted, in whole or in part, by applicable federal law

4    relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

5    processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

6         8.    Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

7    findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

8    product labeling.

9         9.    Plaintiff's claims are barred, in whole or in part, by the doctrine of primary

10   jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11        10.   Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if

12   any, were the result of conduct of plaintiff, independent third parties, and/or events that were

13   extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

14   independent, intervening and superseding causes of the alleged injuries, including but not limited

15   to plaintiff's pre-existing medical conditions.

16        11.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j

17   and k, bar plaintiff's claims against Monsanto in whole or in part.

18        12.   Applicable statutes of limitations and/or repose, or prescriptive periods bar

19   plaintiff's claims in whole or in part.

20        13.   Plaintiff's misuse or abnormal use of the product or failure to follow instructions

21   bar plaintiff's claims in whole or in part.

22        14.   If plaintiff suffered injuries or damages as alleged, which is denied, such injuries

23   or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is

24   neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the

25   relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or

26   causes that are not related or connected with any product sold, distributed, or manufactured by

27   Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an

28   independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

- 28 -

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Louisiana Constitution, the Mississippi Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of punitive damages under Louisiana law, Mississippi law, and/or other applicable state laws.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including La. Rev. Stat. 9:2800.52 and Miss. Code Ann. § 11-1-65.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

25.     If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize or limit such claims.

27.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.     Plaintiff's common law claims are barred, in whole or in part, by application of the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. Ann. § 9:2800.51 *et seq.*, and the Mississippi Product Liability Act, Miss. Code Ann. § 11-1-63 (1993).

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  August 23, 2018                          Respectfully submitted,


                                                 /s/ Joe G. Hollingsworth
                                                 Joe G. Hollingsworth (*pro hac vice*)
                                                 (jhollingsworth@hollingsworthllp.com)
                                                 Eric G. Lasker (*pro hac vice*)
                                                 (elasker@hollingsworthllp.com)
                                                 HOLLINGSWORTH LLP
                                                 1350 I Street, N.W.
                                                 Washington, DC  20005
                                                 Telephone:  (202) 898-5800
                                                 Facsimile:  (202) 682-1639

                                                 *Attorneys for Defendant*
                                                 *MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-04554-VC