**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639
Email:      jhollingsworth@hollingsworthllp.com
            elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Alvin F. Morrison, Sr. v. Monsanto Co.*, Case No. 3:18-cv-05261-VC | |

**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in Alvin F. Morrison's Complaint and Jury Demand ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Although many paragraphs in the Complaint refer to "Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as if brought by plaintiff Alvin F. Morrison. Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's Complaint.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.       The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  In response to the second sentence of paragraph 7, Monsanto admits that it sells Roundup®-branded products in Missouri.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 8 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 8.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

10.      Monsanto admits the allegations in paragraph 10.

11.      The allegations in paragraph 11 comprise attorney characterizations and are accordingly denied.

12.      In response to the allegations in paragraph 12, Monsanto admits that it sells Roundup®-branded products in Missouri.

13.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.      The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15. The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16. Monsanto admits the allegations in paragraph 16.

17. Monsanto admits that it is authorized to do business in Missouri. The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18. The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19. Monsanto denies the allegations in paragraph 19.

20. The allegations in paragraph 20 are directed at a defendant other than Monsanto, and plaintiff has voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

21. The allegations in paragraph 21 are directed at a defendant other than Monsanto, and plaintiff has voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

22. The allegations in paragraph 22 are directed at a defendant other than Monsanto, and plaintiff has voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

23. The allegations in paragraph 23 are directed at a defendant other than Monsanto, and plaintiff has voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

24. The allegations in paragraph 24 are directed at a defendant other than Monsanto, and plaintiff has voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

25. The allegations in paragraph 25 are directed at a defendant other than Monsanto, and plaintiff has voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

26.     The allegations in paragraph 26 are directed at a defendant other than Monsanto, and plaintiff has voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

27.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 27 set forth conclusions of law for which no response is required.

28.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 28 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

29.     Monsanto admits the allegations in paragraph 29.

30.     Monsanto admits the allegations in paragraph 30.

31.     In response to the allegations in paragraph 31, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 31 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations.

32.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 32 comprise attorney characterizations and are accordingly denied.

33.     Monsanto admits the allegations in paragraph 33.

34.     Monsanto generally admits the allegations in paragraph 34, but denies the allegations in paragraph 34 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

35.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies those allegations.

36.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 36 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 36.

37.     Monsanto admits the allegations in the first two sentences of paragraph 37.  In response to the allegations in the third sentence of paragraph 37, Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 37.

38.     The allegations in paragraph 38 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 39 set forth conclusions of law for which no response is required.

40.     The allegations in paragraph 40 set forth conclusions of law for which no response is required.

41.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Missouri for sale and distribution.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-05261-VC

42.     In response to the allegations in paragraph 42, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 42 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 42 set forth conclusions of law for which no answer is required.

43.     Monsanto denies the allegations in paragraph 43 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 43 set forth conclusions of law for which no response is required.

44.     In response to the allegations in paragraph 44, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

_____

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*

*(Footnote continued)*

1   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

2   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

3   humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

4   of the remaining allegations in paragraph 44 and therefore denies those allegations.

5           45.     In response to the allegations in paragraph 45, Monsanto admits that the New

6   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

7   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

8   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

9   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

10  the subparts purport to quote a document, the document speaks for itself and thus does not

11  require any further answer.  The remaining allegations in paragraph 45 are vague and conclusory

12  and comprise attorney characterizations and are accordingly denied.

13          46.     In response to the allegations in paragraph 46, Monsanto admits it entered into an

14  assurance of discontinuance with the New York Attorney General.  The assurance speaks for

15  itself and thus does not require any further answer.  The remaining allegations in paragraph 46

16  are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17          47.     Monsanto denies the allegations in paragraph 47.

18          48.     In response to the allegations in paragraph 48, Monsanto admits that the French

19  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

20  that it "left the soil clean," but denies the allegations in paragraph 48 to the extent that they

21  suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

22  cancer.  Monsanto denies the remaining allegations in paragraph 48.

23          49.     Monsanto denies the allegations in paragraph 49.

24

25  *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final

26  Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

27  [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

28

50.     In response to the allegations in paragraph 50, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 50 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 and therefore denies those allegations.

51.     Monsanto admits the allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 52 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 and therefore denies those allegations.

53.     Monsanto states that the term "toxic" as used in paragraph 53 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 53.

54.     Monsanto admits the allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 58

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 58.

59.     Monsanto denies the allegations in paragraph 59.

60.     In response to the allegations in paragraph 60, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 60 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 61 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 61.

62.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 62.

63.     Monsanto denies the allegations in paragraph 63.

64.     Monsanto denies the allegations in paragraph 64.

65.     Monsanto denies the allegations in paragraph 65.

66.     Monsanto denies the allegations in paragraph 66.

67.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 67.

68.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 68 and therefore denies those allegations.

69.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

70. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

71. Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen. Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative." The remaining allegations in paragraph 71 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

72. Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen. In response to the remaining allegations in paragraph 72, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the remaining allegations in paragraph 72 comprise attorney characterizations and are accordingly denied.

73. In response to the allegations in paragraph 73, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 73 comprise attorney characterizations and are accordingly denied.

74. In response to the allegations in paragraph 74, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 74 comprise attorney characterizations and are accordingly denied.

75. Monsanto denies the allegations in paragraph 75.

76. The allegations in paragraph 76 comprise attorney characterizations and are accordingly denied.

77. Monsanto admits the allegations in paragraph 77.

78. In response to the allegations in paragraph 78, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 78

1    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

2    paragraph 78.

3         79.    In response to the allegations in paragraph 79, Monsanto admits that certain

4    studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

5    under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

6    evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

7    animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

8    paragraph 79.

9         80.    The allegations in paragraph 80 are vague and ambiguous and are accordingly

10   denied.

11        81.    In response to the allegations in paragraph 81, Monsanto states that the cited

12   document speaks for itself and does not require a response.

13        82.    In response to the allegations in paragraph 82, Monsanto states that the cited

14   document speaks for itself and does not require a response.  To the extent that paragraph 82

15   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

16   paragraph 82.

17        83.    Monsanto denies the allegations in paragraph 83.

18        84.    In response to the allegations in paragraph 84, Monsanto states that the cited

19   document speaks for itself and does not require a response.  Monsanto otherwise denies the

20   allegations in paragraph 84.

21        85.    Monsanto admits that there is no reliable evidence that Roundup®-branded

22   products are genotoxic and that regulatory authorities and independent experts agree that

23   Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

24   paragraph 85.

25        86.    Monsanto denies the allegations in paragraph 86.

26        87.    Monsanto denies the allegations in paragraph 87.

27        88.    Monsanto denies the allegations in paragraph 88.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:18-cv-05261-VC

89.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto admits the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto admits the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto denies the allegations in paragraph 99.

100.     Monsanto denies the allegations in paragraph 100.

101.     Monsanto denies the allegations in paragraph 101.

102.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 102.

103.     In response to the allegations in paragraph 103, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 103.

104.     In response to the allegations in paragraph 104, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 104.

105.     In response to the allegations in paragraph 105, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

1    evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

2    denies the remaining allegations in paragraph 105.

3    106.    In response to the allegations in paragraph 106, Monsanto admits that plaintiff has

4    accurately quoted from one passage in an EPA document in 1991 with respect to the designation

5    of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not

6    pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and

7    the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

24   Monsanto denies the remaining allegations in paragraph 106.

25   107.    In response to the allegations in paragraph 107, Monsanto admits that it – along

26   with a large number of other companies and governmental agencies – was defrauded by two

27   chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

28   testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

- 13 -

toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 107 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

108.    In response to the allegations in paragraph 108, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

109.    Monsanto denies the allegations in paragraph 109 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 109 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

110.    In response to the allegations in paragraph 110, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

111.    In response to the allegations in paragraph 111, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent

- 14 -

1  laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

2  denies the remaining allegations in paragraph 111.

3      112.    In response to the allegations in paragraph 112, Monsanto admits that EPA

4  investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

5  paragraph 112 are intended to suggest that Monsanto was anything other than a victim of this

6  fraud, Monsanto denies those allegations.

7      113.    In response to the allegations in paragraph 113, Monsanto admits that it was

8  defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

9  at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 113

10 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

11 denies those allegations.

12     114.    In response to the allegations in paragraph 114, Monsanto admits that it has stated

13 and continues to state that Roundup®-branded products are safe when used as labeled and that

14 they are non-carcinogenic and non-genotoxic.

15     115.    In response to the allegations in paragraph 115, Monsanto admits that a 1986 joint

16 report of the World Health Organization and Food and Agriculture Organization of the United

17 Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

18 Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

19 Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

20 carcinogen.  Monsanto denies the remaining allegations in paragraph 115.

21     116.    Monsanto denies the allegations in paragraph 116.

22     117.    Monsanto denies the allegations in paragraph 117.

23     118.    Monsanto denies the allegations in paragraph 118.

24     119.    Monsanto denies the allegations in paragraph 119.

25     120.    Monsanto denies the allegations in paragraph 120.

26     121.    Monsanto denies the allegations in paragraph 121.

27     122.    Monsanto denies the allegations in paragraph 122.

28     123.    Monsanto denies the allegations in paragraph 123.

1      124.    Monsanto denies the allegations in paragraph 124.

2      125.    Monsanto denies the allegations in paragraph 125.

3      126.    Monsanto denies the allegations in paragraph 126.

4      127.    Monsanto incorporates by reference its responses to paragraphs 1 through 126 in

5 response to paragraph 127 of plaintiff's Complaint.

6      128.    In response to the allegations in paragraph 128, Monsanto denies that it has

7 concealed the alleged "true risks associated with Roundup and glyphosate."  The remaining

8 allegations in paragraph 128 set forth conclusions of law for which no response is required.

9      129.    In response to the allegations in paragraph 129, Monsanto admits that it has stated

10 and continues to state that Roundup®-branded products are safe when used as labeled and that

11 they are non-toxic and non-carcinogenic.

12      130.    In response to the allegations in paragraph 130, Monsanto states that the cited

13 document speaks for itself and does not require a response.

14      131.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

15 exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

16 131.  Monsanto states, however, that the scientific studies upon which IARC purported to base

17 its classification were all publicly available before March 2015.

18      132.    Monsanto denies that it concealed "the true character, quality and nature of

19 Roundup."  The remaining allegations of paragraph 132 set forth conclusions of law for which

20 no response is required.  To the extent that a response is deemed required, Monsanto denies all of

21 plaintiff's allegations in paragraph 132.  Monsanto states, however, that the scientific studies

22 upon which IARC purported to base its classification were all publicly available before March

23 2015.

24      133.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

25 and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

26 branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

27 which IARC purported to base its classification were all publicly available before March 2015.

28 The remaining allegations in paragraph 133 set forth conclusions of law for which no response is

required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

134.     Monsanto incorporates by reference its responses to paragraphs 1 through 133 in response to paragraph 134 of plaintiff's Complaint.

135.     In response to the allegations in paragraph 135, Monsanto admits that plaintiff purports to bring a claim for strict liability design defect, but denies any liability as to that claim.

136.     In response to the allegations in paragraph 136, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used Roundup®-branded products and therefore denies that allegation.  Monsanto denies the remaining allegations in paragraph 136.

137.     Monsanto denies the allegations in paragraph 137.

138.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 138 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies those allegations.  The remaining allegations in paragraph 138 set forth conclusions of law for which no response is required.

139.     Monsanto denies the allegations in paragraph 139.

140.     Monsanto denies the allegations in paragraph 140.

141.     Monsanto denies the allegations in paragraph 141.

142.     Monsanto denies the allegations in paragraph 142 and each of its subparts.

143.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 143 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 143, including that Roundup®-branded products have "dangerous characteristics."

144.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 144 concerning plaintiff's claimed use of Roundup®-branded

products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 144, including that Roundup®-branded products have "dangerous characteristics."

145.    Monsanto denies the allegations in paragraph 145.

146.    Monsanto denies the allegations in paragraph 146.

147.    Monsanto denies the allegations in paragraph 147.

148.    Monsanto denies the allegations in paragraph 148.

149.    Monsanto denies the allegations in paragraph 149.

150.    Monsanto denies the allegations in paragraph 150.

151.    Monsanto denies the allegations in paragraph 151.

152.    Monsanto denies the allegations in paragraph 152.

In response to the "WHEREFORE" paragraph following paragraph 152, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

153.    Monsanto incorporates by reference its responses to paragraphs 1 through 152 in response to paragraph 153 of plaintiff's Complaint.

154.    In response to the allegations in paragraph 154, Monsanto admits that plaintiff purports to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

155.    Monsanto denies the allegations in paragraph 155.

156.    In response to the allegations in paragraph 156, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other entities identified purchased or used Roundup®-branded products and therefore denies that allegation.  The allegations in paragraph 156 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 156.

157.    The allegations in paragraph 157 set forth conclusions of law for which no response is required.

158.    Monsanto denies the allegations in paragraph 158.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

159.    Monsanto denies the allegations in paragraph 159.

160.    Monsanto denies the allegations in paragraph 160.

161.    Monsanto denies the allegations in paragraph 161.

162.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 162 and therefore denies those allegations.

163.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 163 concerning plaintiff's alleged use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 163, including that Roundup®-branded products have "dangerous characteristics."

164.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 164 concerning plaintiff's alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 164, including that Roundup®-branded products have "dangerous characteristics."

165.    Monsanto denies the allegations in the first sentence of paragraph 165. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 165 and therefore denies those allegations.

166.    Monsanto denies the allegations in paragraph 166.

167.    Monsanto denies the allegations in paragraph 167.

168.    Monsanto denies the allegations in paragraph 168.

169.    Monsanto denies the allegations in paragraph 169.

170.    Monsanto denies the allegations in paragraph 170.

171.    Monsanto denies the allegations in paragraph 171.

172.    Monsanto denies the allegations in paragraph 172.

173.    Monsanto denies the allegations in paragraph 173.

In response to the "WHEREFORE" paragraph following paragraph 173, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

174.    Monsanto incorporates by reference its responses to paragraphs 1 through 173 in response to paragraph 174 of plaintiff's Complaint.

175.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 175 regarding the specific products allegedly used by plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore denies the allegations in paragraph 175.

176.    The allegations in paragraph 176 set forth conclusions of law for which no response is required.

177.    The allegations in paragraph 177 set forth conclusions of law for which no response is required.

178.    Monsanto denies the allegations in paragraph 178.

179.    Monsanto denies the allegations in paragraph 179.

180.    Monsanto denies the allegations in paragraph 180.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

181.    Monsanto denies the allegations in paragraph 181.

182.    Monsanto denies the allegations in paragraph 182.

183.    Monsanto denies the allegations in paragraph 183, including each of its subparts.

184.    Monsanto denies the allegations in paragraph 184.

185.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 185 regarding plaintiff's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 185, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

1    186.    Monsanto denies the allegations in paragraph 186.

2    187.    Monsanto denies the allegations in paragraph 187.

3    188.    Monsanto denies the allegations in paragraph 188.  All labeling of Roundup®-

4    branded products has been and remains EPA-approved and in compliance with all federal

5    requirements under FIFRA.

6    In response to the "WHEREFORE" paragraph following paragraph 188, Monsanto

7    demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

8    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

9    fees as allowed by law and such further and additional relief as this Court may deem just and

10   proper.

11   189.    In response to the allegations in paragraph 189, Monsanto denies that plaintiff has

12   alleged fraud, let alone fraud with specificity.  Monsanto incorporates by reference its responses

13   to paragraphs 1 through 188 in response to paragraph 189 of plaintiff's Complaint.

14   190.    Monsanto denies the allegations in paragraph 190.

15   191.    Monsanto denies the allegations in paragraph 191.

16   192.    Monsanto denies the allegations in paragraph 192.

17   193.    Monsanto denies the allegations in paragraph 193.

18   194.    Monsanto denies the allegations in paragraph 194.

19   195.    Monsanto denies the allegations in paragraph 195.

20   196.    Monsanto denies the allegations in paragraph 196.

21   197.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 197 regarding plaintiff's actions, and therefore Monsanto

23   denies those allegations.  Monsanto denies the remaining allegations in paragraph 197.

24   198.    Monsanto denies the allegations in paragraph 198.

25   199.    Monsanto denies the allegations in paragraph 199.

26   In response to the "WHEREFORE" paragraph following paragraph 199, Monsanto

27   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

28   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

fees as allowed by law and such further and additional relief as this Court may deem just and proper.

200.     Monsanto incorporates by reference its responses to paragraphs 1 through 199 in response to paragraph 200 of plaintiff's Complaint.

201.     Monsanto admits that plaintiff purports to bring a cause of action pursuant to California Business and Professions Code § 17500, California Civil Code §§ 1750 et seq., and North Carolina Unfair and Deceptive Trade Practices Act, §§ 75 1 1, et seq., but denies any liability as to that claim.

202.     Monsanto denies the allegations in paragraph 202.

203.     Monsanto denies the allegations in paragraph 203.

204.     Monsanto denies the allegations in paragraph 204.

205.     Monsanto denies the allegations in paragraph 205.

206.     Monsanto denies the allegations in paragraph 206.

207.     Monsanto denies the allegations in paragraph 207.

208.     Monsanto denies the allegations in paragraph 208.

209.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 209 regarding plaintiff's actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 209.

210.     Monsanto denies the allegations in paragraph 210.

211.     Monsanto denies the allegations in paragraph 211.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

212.     Monsanto denies the allegations in paragraph 212.

In response to the "WHEREFORE " paragraphs following paragraph 212 Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.      Venue in the Eastern District of Missouri may be inconvenient.

3.      Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

8.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

- 23 -

9.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

12.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

13.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

14.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

15.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

16.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

17.     Plaintiff's claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive and/or aggravated damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the California Constitution, the Missouri Constitution, the North Carolina Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive and/or aggravated damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under California law, Missouri law, North Carolina law, and/or other applicable state's laws.

20.     Plaintiff's claims for punitive and/or aggravated damages are barred and/or limited by operation of state and/or federal law, including Missouri Revised Statute § 510.265.1 and N.C. Gen. Stat. §§ 1D-15, 1D-25.

21.     Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiff and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiff has failed to clearly establish any entitlement to punitive and/ or aggravated damages based on their allegations.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

23.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

24.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

25.     To the extent that plaintiff recovered payments for plaintiff's alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute § 490.715.

26.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

27.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize or limit such claims.

28.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

29.     Plaintiff has failed to allege fraud with sufficient particularity.

30.     Plaintiffs' strict liability claims are barred in whole or in part, by the N.C. Gen. Stat. § 99B-1.1.

31.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  September 10, 2018                              Respectfully submitted,


                                                       /s/ Joe G. Hollingsworth
                                                       Joe G. Hollingsworth (*pro hac vice*)
                                                       (jhollingsworth@hollingsworthllp.com)
                                                       Eric G. Lasker (*pro hac vice*)
                                                       (elasker@hollingsworthllp.com)
                                                       HOLLINGSWORTH LLP
                                                       1350 I Street, N.W.
                                                       Washington, DC  20005
                                                       Telephone:   (202) 898-5800
                                                       Facsimile:   (202) 682-1639

                                                       *Attorneys for Defendant*
                                                       *MONSANTO COMPANY*