# EXHIBIT B

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

Case No.  16-md-02741-VC

This document relates to:

ALL ACTIONS

## DEFENDANTS' FACT SHEET

Instructions

Please provide the following information for plaintiff (or plaintiff's decedent) (hereinafter "Plaintiff") who was exposed to Roundup or any glyphosate formulation thereof (hereinafter "Roundup") that is the subject of Plaintiff's complaint.  In the above referenced action.  In filling out any section or sub-section of this form, please submit additional sheets as necessary to provide complete information.

In completing this Defendants' Fact Sheet, the following definitions apply to all discovery requests and interrogatories:

"Communication" means any oral, written, spoken, or electronic transmission of information, including but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, postings, instructions, conferences, or seminars, or any other exchange of information between Defendants or between Defendants and any other person or entity.

"Defendants," "You," or "Your" mean Monsanto Company, and their successors and assigns.

 "Distributor" means the distributor of the Roundup or any components thereof at the time Plaintiff was exposed and/or at the time Plaintiff purchased the Roundup.

"Documents" is coextensive with the meaning of the terms "documents,"  "electronically stored information," and "tangible things" as used in Federal Rule of Civil Procedure 34, and shall have the broadest possible meaning and interpretation ascribed to those terms under Rule 34 and the applicable Local Rules for the Northern District of California.

"General Production" refers to Monsanto Company's document production in this MDL.

"Health Care Provider" means all physicians, identified in Plaintiff's Fact Sheet submitted by Plaintiff.

1

"Plaintiff" refers to the named individual or individuals in the Complaint and who bring suit upon Monsanto.  The term includes any entities such as an employer or association that was involved in the purchase or use of Roundup.

"Produce" means to identify where in the General Production the documents requested may be located, either by Bates Number or by some other identifier (e.g., Complaint file number or keywords which may yield the documents).

"Roundup" means all GLYPHOSATE or GLYPHOSATE containing products, meaning any product containing N-(phosphonomethyl) glycine and/or C3H8NO5P.  Such term includes but is not limited to Roundup®-branded products.

"Sales Representative" means the sales representative for the Roundup purchased by Plaintiff.  The term includes all representatives that Plaintiff could have potentially contacted relating to the product including but not limited to agents/employees of the Monsanto national poison control center, the Missouri Regional Poison Control Center, and or any other customer service centers for Roundup products.

In completing this Defendants' Fact Sheet, You are under oath and must provide information that is true and correct to the best of Your knowledge, information, and belief. If the response to any question is that You do not know the information requested, that response should be entered in the appropriate location(s).

In completing this Defendants' Fact Sheet, please respond on the basis of information and/or documents that are reasonably available to each of the Defendants; the Distributor; the Sales Representative; and the Sales Representative's employer or company.

In completing this Defendants' Fact Sheet, the following rules of construction apply to all discovery requests and interrogatories: (1) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; and (2) the use of the singular form of any word includes the plural and vice versa.

### Defendant's Responses

Defendant Monsanto Company hereby submits the following Defendant's Fact Sheet responses and related Documents.

## A. ROUNDUP PRODUCT INFORMATION

1. For the Roundup formulations alleged in Plaintiff's Fact Sheet produce all labeling that was in place during the timeframe of Plaintiff's alleged use.

2. For the Roundup formulations alleged in Plaintiff's Fact Sheet, identify the surfactants used in the formulations.  Please describe the source of the surfactant and its percentage of concentration.

3. For the Roundup formulations alleged in Plaintiff's Fact Sheet,

a. Produce all records relating to reports by Monsanto in relation to the Plaintiff's complaint filed in this case, including medical records, if any, that were obtained or received as part of the complaint process in the ordinary course of business.

b. Please provide the complaint file number(s) relating to (a) above.

4.  For the Roundup formulations purchased and used as alleged in Plaintiff's Fact Sheet, identify all marketing material including but not limited to television commercials, print advertisements, store displays and other forms of advertisement/marketing/promotion.  If such materials were included in the General Production, provide the specific bates numbers identifying such documents.  Also, please identify which marketing material for Roundup formulations was available for viewing by the public in Plaintiff's area of residence during the timeframe of purchase and usage.

## B. PRODUCT/MARKETING/SALES REPRESENTATIVE AND DISTRIBUTOR INFORMATION

1. Provide the name and business address of any regional Sales Representative and his or her employer or company (if they differ) that was responsible for the sale or distribution of Roundup for the locations where plaintiff purchased and used Roundup.

2. Provide the name and address of the Distributor that was responsible for the sale and/or distribution of Roundup for the locations Roundup was purchased by Plaintiff.

3. Produce documents that relate the Sales Representative and/or his or her employer or company identified in question B.1., above.

The Sales Representative Documents should include:

a. Scheduling documents including schedules, scheduling calendars, date books, and/or other documents that record the Sales Representative's schedule as it relates to the Roundup

b. Any notes relating to a communication with Plaintiff, field reports, notes of the Roundup product's health risks (or lack thereof) and recommended manner of application and other documents provided to the Sales Representative, prepared by the Sales Representative, and/or prepared at the request of the Sales Representative identified in B.1.;

c. Communications from the Distributor and/or Defendants to the Sales Representative identified in B.1. concerning the Roundup products, including but not limited to health risks (or lack thereof) and recommended manner of application, marketing materials, incident reports, sales data, budgetary and sales information.

d. Training materials provided to the Sales Representative identified in B.1. concerning his or her position, job requirements, standards (whether Monsanto internal or external) and/or regulations and data concerning Roundup's health risks (or lack thereof) and

recommended manner of application), promotion, distribution, product sales, including reporting requirements and preservation requirements including incident event reporting.

4. Produce documents by and between the Distributor identified in question B.2., above ("Distributor Documents"), limited in time to five years before the plaintiff's use to and through the end of plaintiff's use.

The Distributor Documents should include:

a. Any notes relating to a communication with Plaintiff, field reports, notes of the Roundup product's health risks (or lack thereof) and recommended manner of application and any and all other Documents prepared by the Distributor or at the request of the Distributor identified in B.2.;

b. Communications from the Sales Representative and/or Defendants to the Distributor identified in B.2. concerning the Roundup products, including but not limited to health risks (or lack thereof) and recommended manner of application (or lack thereof), marketing materials, incident  reports, sales data, budgetary information.

c. Training materials provided to the Distributor identified in B.2. concerning their position, job requirements, standards (whether Monsanto Company internal or external), and/or regulations and data concerning Roundup product's the health risks (or lack thereof) and recommended manner of application promotion, distribution, device sale, including reporting requirements and preservation requirements including incident event reporting.

d. Files pertaining to the Distributor identified in B.2. including but not limited to any sales data, complaint data, training data, data concerning the Roundup product's health risks (or lack thereof) and recommended manner of application, and contract and related documentation between and among Monsanto and the Distributor.

## C. COMMUNICATIONS AND RELATIONSHIPS WITH PLAINTIFF AND PLAINTIFF'S HEALTHCARE PROVIDERS

1. Produce Communications between the Defendants, the Sales Representative, the Sales Representative's employer or company, and/or the Distributor identified in section B above, and Plaintiff about Roundup, including but not limited to letters, telephone or email contacts, or meetings.  Also produce any communication that references or mentions Plaintiff.

2. Produce documents that relate in a reasonably direct manner to relationships, if any, between Defendants and any of Plaintiff's Health Care Providers (as identified in the Plaintiff Fact Sheet) to conduct any pre-clinical, clinical, post-marketing surveillance, or other study or trial concerning the safety of pesticides, including but not limited to Roundup.

3. Produce documents that reflect financial compensation, things of value and promotional items provided by Defendants, the Sales Representative, the Sales Representative's employer or company, and/or the Distributor identified in section B above to Plaintiff's Health Care Providers

(as identified in the Plaintiff Fact Sheet). Please include all fees, expenses, honoraria, royalties, grants, gifts, travel (i.e., airfare, hotel etc.), and any other payments or things of value given.

## **VERIFICATION**

I am employed by Monsanto Company, one of the Defendants in this action. I am authorized by Defendants to make this verification on each corporation's behalf. The foregoing answers were prepared with the assistance of a number of individuals, including counsel for Defendants, upon whose advice and information I relied. I declare under penalty of perjury that all of the information as to the foregoing Defendants provided in this Defendants' Fact Sheet is true and correct to the best of my knowledge upon information and belief.


Date: _____

Signature _____

Printed Name:_____