# Exhibit 3

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to:<br>ALL ACTIONS | **[PROPOSED] ORDER REGARDING PFS COMPLETION AND DEFICIENCIES** |

This Order shall govern (l) all cases that have been or will be transferred to this court by the Judicial Panel on Multidistrict Litigation, including those cases identified in the original Transfer Order and those subsequently transferred as tag-along actions; and (2) all cases otherwise transferred or removed to this MDL other than the four plaintiffs identified for initial trial work-up unless otherwise indicated specifically herein.[1]  It is ORDERED as follows:

**Timing and Form of Submission**

1.  The final Plaintiff Fact Sheet ("PFS"), including Authorizations for Release of Records referenced in Exhibits A-E, for use in this litigation is attached to this Order.  The PFS shall be completed in each case currently pending in this MDL and in all cases that become part of this MDL by virtue of being filed in, removed to, or transferred to this court.

2.  Plaintiffs shall each complete and serve upon Monsanto a PFS and Authorizations for Release of Records (Exhibits A-D) in the time and format specified below.

3.  A completed PFS, signed and dated Authorizations, and all responsive documents in Plaintiff's possession shall be submitted to Monsanto on the following schedule: (a) within 60 days from the date of this Order for any plaintiffs currently in the MDL who reside in California;

---

[1] Those four cases are *Hardeman* (3:16-cv-525), *Stevick* (3:16-cv-2341), *Gebeyehou* (3:16-cv-5813), and *Penrod* (3:16-cv-5901).

(b) within 120 days for all other plaintiffs whose cases are currently docketed in this MDL; and (d) within 90 days from the date of transfer for any cases that have not yet been transferred to this MDL.

4. If the Court determines that the use of MDL Centrality is appropriate in this MDL, Plaintiffs and Monsanto shall use the online MDL Centrality System designed and provided by BrownGreer PLC and accessible at www.MDLCentrality.com to implement the provisions of this Order.

5. Each plaintiff required by this Order to submit a PFS shall, by counsel or *pro se*, establish a secure online portal in the MDL Centrality online system and obtain authorized user names and secure login passwords to permit use of MDL Centrality by counsel and/or plaintiff. Except as set forth herein, Counsel for plaintiff or each *pro se* plaintiff shall be permitted to view, search and download on MDL Centrality only those materials submitted by that plaintiff, and not materials submitted by or relating to other plaintiffs.

6. Counsel for Monsanto shall establish a secure online portal with the MDL Centrality online system and obtain authorized user names and secure login passwords to permit use of MDL Centrality.

7. Each plaintiff is required to obtain, complete, and upload data, and serve the appropriate PFS including the upload of all PDFs, documents, other electronic images, photographs and videos and all records authorizations requested therein through the MDL Centrality online portal. The PFS provided must be complete in all respects, answering every question in the PFS, even if a plaintiff can answer the question in good faith only by indicating "not applicable." Each plaintiff shall submit to BrownGreer a PDF of the last page of the PFS in which the plaintiff, not his or her attorney, declares under penalty of perjury that the information in the PFS submitted online is true and correct to the best of the plaintiff's knowledge. If a plaintiff brings suit in a representative or derivative capacity, the PFS shall be completed by the person with the legal authority to represent the estate or person under legal disability. This

certification page must include the plaintiff's original signature, or that of a proper legal representative. Counsel for plaintiffs are not permitted to sign the PFS on a client's behalf. Each plaintiff must sign each of the required Records Authorizations, which will be uploaded and served through MDL Centrality.

8. Service of the completed PFS and records authorizations shall be deemed to occur when the submitting party has performed each of the steps required by the MDL Centrality System to execute the online submission of the materials, and the submitting party has received confirmation on screen that the materials have been successfully submitted.

9. If a party must amend a previously served PFS, all subsequent versions must be named accordingly ("First Amended Fact Sheet", Second Amended Fact Sheet", etc.) and the certification page must include the plaintiff's original signature, or that of a proper legal representative. All iterations of the PFS shall remain accessible through trial, appeal (if any) and other resolution of the litigation.

**Procedure for Deficiencies**

10. Plaintiffs who fail to provide a complete and verified PFS, signed and dated Authorizations, an original signature page, and all responsive documents requested in the PFS within the time periods set forth herein shall be given notice of deficiency by Monsanto within the following timeframes: (a) 45 days from receipt of the partial PFS for plaintiffs whose fact sheets are due in 60 days; (b) 90 days from receipt of the partial PFS for plaintiffs currently in the MDL whose fact sheets are due in 120 days; and (c) 60 days for plaintiffs who are transferred to the MDL and whose fact sheets are due in 90 days after transfer.

11. If a plaintiff submits a partially completed PFS within the time specified in this Order, Monsanto's counsel shall send deficiency correspondence by e-mail through the MDL Centrality System to plaintiffs' Lead Counsel and the plaintiffs' individual representative counsel, identifying the purported deficiencies.

12. Plaintiffs will then be given an opportunity to cure any deficiencies within the following timeframes: (a) 30 days from receipt of the deficiency letter for plaintiffs whose fact sheets are due in 60 days; (b) 45 days from receipt of the deficiency letter for plaintiffs currently in the MDL whose fact sheets are due in 120 days; and (c) 30 days from receipt of the deficiency letter for plaintiffs who are transferred to the MDL and whose fact sheets are due in 90 days.

13. If a plaintiff does not submit a cured PFS within the time specified in Paragraph 13 of this Order, Monsanto may move immediately to dismiss that plaintiff's case with prejudice. This motion can be made through the Court's standing procedures for discovery disputes.

14. If a plaintiff does not submit a PFS at all within the time specified in this Order, Monsanto must notify plaintiff's counsel and Lead Counsel and provide plaintiff 10 days in which to do so. If plaintiff has not submitted a completed PFS within those 10 days, Monsanto may move immediately to dismiss that plaintiff's case with prejudice. This motion can be made through the Court's standing procedures for discovery disputes procedures.

15. If plaintiffs' counsel voluntarily dismiss the complaints of any MDL plaintiffs who allege residency in California, including the first four selected for work-up, Monsanto is entitled to the first and/or next selection of any potential trial cases. This will ensure that plaintiffs do not dismiss voluntarily only their "weakest" cases or refuse to submit PFSs for their weakest cases. This is a mechanism that has been employed in various other MDLs to prevent manipulation of the early trial selection process.[2]

**Miscellaneous**

16. Plaintiffs' responses to the PFS shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26.3.

---

[2] *See In re Fosamax Prods. Liab. Litig.*, No. 1:06-MD-1789, CMO No. 9 (Dkt. 74) at 2-3 (S.D.N.Y. Jan. 31, 2007).

[3] *See*, *e.g.*, *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2100, No. 3:09-md-02100-DRH-PMF, Order No.12, Case Management (PFS) (S.D. Ill. Mar. 3, 2010) ("A completed PFS. . . shall be considered to be interrogatory answers and

17. This section does not prohibit a plaintiff from withholding or redacting information from medical or other records provided with the PFS based upon a recognized privilege. If information is withheld or redacted on the basis of privilege, plaintiff shall provide Monsanto with a privilege log that complies with Fed. R. Civ. P. 26 (b)(5) simultaneously with the submission of the PFS.

18. Monsanto's use of the PFS and Authorizations shall be without prejudice to its right to serve additional discovery in all cases, including the first four cases selected for work-up, as permitted by the Federal Rules of Civil Procedure.

19. Each plaintiff, including the first four plaintiffs who's cases have been selected for work-up, shall immediately preserve and maintain, without deletions or alterations, any content of any personal webpage(s) or social media accounts currently held by them, including but not limited to, photographs, text, links, messages and other postings or profile information that is relevant to the subject matter of this litigation. "Social media" includes, but is not limited to, Facebook, Myspace, Linked In, and/or blogs. The plaintiffs shall preserve this data by downloading it to a suitable storage device, by printing out copies on paper, or by other means consistent with law and court rules applicable to document and data preservation.

IT IS SO ORDERED.

Date: _____, 2018            _____

                                                 HONORABLE VINCE CHHABRIA

                                                 UNITED STATES DISTRICT COURT

---

responses to requests for production under the Federal Rules of Civil Procedure, and will be governed by the standards applicable to written discovery under the Federal Rules of Civil Procedure.").