**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br> Case No. 3:16-md-02741-VC |

This document relates to:

*Timothy Ray Billingsley et al. v. Monsanto Co.*,
Case No. 3:18-cv-05309-VC

## **MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in the plaintiffs' Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      The allegations in paragraph 1 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto admits the allegations in first numbered paragraph 1 based upon the allegations in plaintiffs' Complaint.

2.      The allegations in paragraph 2 set forth conclusions of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

of the allegations that plaintiffs, plaintiffs' decedents, and/or employers purchased Roundup®-branded products and therefore denies those allegations.

3.      The allegations in paragraph 3 set forth conclusions of law for which no response is required.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.

5.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations.

6.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.      Monsanto denies selling glyphosate-based herbicides in this country before 1974. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies those allegations.

10.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies those allegations.

11.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies those allegations.

12.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-05309-VC

1     15.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2  truth of the allegations in paragraph 15 and therefore denies those allegations.

3     16.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4  truth of the allegations in paragraph 16 and therefore denies those allegations.

5     17.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6  truth of the allegations in paragraph 17 and therefore denies those allegations.

7     18.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8  truth of the allegations in paragraph 18 and therefore denies those allegations.

9     19.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10  truth of the allegations in paragraph 19 and therefore denies those allegations.

11     20.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 20 and therefore denies those allegations.

13     21.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in paragraph 21 and therefore denies those allegations.

15     22.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16  truth of the allegations in paragraph 22 and therefore denies those allegations.

17     23.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 23 and therefore denies those allegations.

19     24.    In response to the allegations in the Complaint's paragraph 24, Monsanto admits

20  that it is a Delaware corporation with its headquarters and principal place of business in St.

21  Louis County, Missouri.

22     25.    In response to the allegations in paragraph 25, Monsanto admits that it discovered

23  the herbicidal properties of glyphosate; that it has manufactured Roundup®-branded herbicides;

24  that certain Roundup®-branded herbicides contain POEA and adjuvants; and that the

25  Environmental Protection Agency ("EPA") has classified surfactants and adjuvants as inert.

26  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-05309-VC

herbicides do not pose an unreasonable risk to human health.  Monsanto denies the remaining allegations in paragraph 25.

26.     In response to the allegations in paragraph 26, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 8 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies those allegations.

27.     Monsanto admits the allegations in the first sentence of paragraph 27.  Monsanto denies the allegations in the second sentence of paragraph 27 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. Monsanto denies the allegations of the third sentence of paragraph 27 to the extent that it suggests that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

28.     In response to the allegations in paragraph 28, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 28.

29.     Monsanto admits the allegations in the first two sentences of paragraph 29 and admits that it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). Monsanto otherwise denies the remaining allegations in paragraph 29.

30.     In response to the allegations in paragraph 30, Monsanto admits that certain Roundup®-branded herbicides contain POEA and adjuvants, that EPA has classified surfactants and adjuvants as inert, and that the specific surfactants and adjuvants used in Roundup®-branded herbicides – like those in other manufacturers' herbicide products – are protected by EPA as "trade secrets."  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  Monsanto denies the remaining allegations in paragraph 30.

31.     The allegations in paragraph 31 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 31.

32.     In response to the allegations in paragraph 32, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 32 set forth conclusions of law for which no response is required.

33.     The allegations in paragraph 33 set forth conclusions of law for which no response is required.

34.      Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Mississippi for sale and distribution.

35.     In response to the allegations in paragraph 35, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 35 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 35 set forth conclusions of law for which no answer is required.

36.     Monsanto denies the allegations in paragraph 36 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory reviews of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 regarding such pesticide products generally and

therefore denies those allegations.  The remaining allegations in paragraph 36 set forth conclusions of law for which no response is required.

37.      In response to the allegations in paragraph 37, Monsanto admits that EPA has undertaken a review of glyphosate for purposes of regulatory review and that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies those allegations.

38.      In response to the allegations in paragraph 38, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper:  Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20.

Monsanto denies the remaining allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

- 7 -

glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies. To the extent that the allegations in paragraph 39 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

40. In response to the allegations in paragraph 40, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

41. Monsanto denies the allegations in paragraph 41 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 41 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

42. In response to the allegations in paragraph 42, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

43. In response to the allegations in paragraph 43, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products. Monsanto admits that

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-05309-VC

it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 43 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

44.     Monsanto denies the allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety. Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The remaining allegations in paragraph 45 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

46.     In response to the allegations in paragraph 46, Monsanto admits that following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 46 and accordingly denies those allegations.  The remaining allegations in paragraph 46 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

47.     In response to the allegations in paragraph 47, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 47 and accordingly denies the same.  The remaining allegations in paragraph 47 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

48.     In response to the allegations in paragraph 48, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

1    admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

2    General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

3    the subparts purport to quote a document, the document speaks for itself and thus does not

4    require any further answer.  The remaining allegations in paragraph 48 are vague and conclusory

5    and comprise attorney characterizations and are accordingly denied.

6        49.    In response to the allegations in paragraph 49, Monsanto admits it entered into an

7    assurance of discontinuance with the New York Attorney General.  The assurance speaks for

8    itself and thus does not require any further answer.  The remaining allegations in paragraph 49

9    are vague and conclusory and comprise attorney characterizations and are accordingly denied.

10       50.    Monsanto denies the allegations in paragraph 50.

11       51.    In response to the allegations in paragraph 51, Monsanto admits that the French

12   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

13   that it "left the soil clean," but denies the allegations in paragraph 33 to the extent that they

14   suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

15   cancer.  Monsanto denies the remaining allegations in paragraph 51.

16       52.    In response to the allegations in paragraph 52, Monsanto denies that IARC

17   follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information

18   or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

19   paragraph 52, which are not limited as of any specified date, and accordingly denies the same.

20       53.    In response to the allegations in paragraph 53, Monsanto admits that IARC sets

21   forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

22   Monsanto denies the remaining allegations in paragraph 53.

23       54.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

24   research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

25   that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

26   form a belief as to the truth of the remaining allegations in paragraph 54 and therefore denies

27   those allegations.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-05309-VC

55.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 and therefore denies those allegations.

56.     Monsanto denies the allegations in paragraph 56 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

57.     In response to the allegations in paragraph 57, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015, and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one-week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working groups are "experts."  Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

59.     The allegations in paragraph 59 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

60.     In response to the allegations in paragraph 60, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

62.     Monsanto denies the allegations in paragraph 62.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

63.     In response to the allegations in paragraph 63, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

64.     In response to the allegations in paragraph 64, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration.  Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining allegations in paragraph 66.

67.     In response to the allegations in paragraph 67, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 67.

68.     In response to the allegations in paragraph 68, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 68.

69.     In response to the allegations in paragraph 69, Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

70.     In response to the allegations in paragraph 70, Monsanto admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-05309-VC

Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate.  Monsanto notes that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928 F. Supp. 10, 24 (D.D.C. 2013).

71.     Monsanto states that the term "toxic" as used in paragraph 71 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Monsanto admits that Julie Marc published the cited study in 2002 and states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 72.

73.     In response to the allegations in the first sentence of paragraph 73, Monsanto admits that Julie Marc published a study titled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that the first sentence of paragraph 73 characterizes the meaning of the cited study, Monsanto denies the allegations in the first sentence of paragraph 73. In response to the remaining allegations in paragraph 73, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the remaining allegations in paragraph 73.

74.     In response to the allegations in paragraph 74, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 74 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 74.

75.     In response to the allegations in paragraph 75, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 75 characterizes the meaning of the cited study, Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 75.

76.     Monsanto denies the allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     In response to the allegations in paragraph 78, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions in certain countries regarding the sale of glyphosate-based herbicides, including the Netherlands.  Monsanto denies that any final conclusion has been reached in these countries and denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 78.

79.     In response to the allegations in paragraph 79, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 79.

80.     In response to the allegations in paragraph 80, Monsanto admits that following the IARC working group classification, in France, all non-professional plant protection products, including but not limited to glyphosate-based products, will be sold behind locked counters (no free sales).  Monsanto further admits that the French government has announced that, beginning on January 1, 2019, the sale of non-professional lawn and garden products, including but not limited to non-professional use glyphosate-based products, will be prohibited with certain exceptions.  Monsanto denies the remaining allegations in paragraph 80.

81.     In response to the allegations in paragraph 81, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same.  Monsanto denies the remaining allegations in paragraph 81.

82.     In response to the allegations in paragraph 82, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the

1  allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiffs' allegations

2  regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 82.

3      83.     In response to the allegations in paragraph 83, Monsanto denies the alleged basis

4  for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has

5  explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC

6  ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety

7  concerns.  As of April 2016, the government of Colombia has resumed manual application of

8  glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs'

9  expert testimony purporting to link these same aerial eradication operations with cancer as

10  scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 10 (D.D.C. 2013).  Monsanto

11  denies the remaining allegations in paragraph 83.

12      84.     In response to the allegations in paragraph 84, Monsanto admits that the

13  California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was

14  required to add glyphosate to California's Proposition 65 list of chemicals in a process that

15  OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the

16  weight or quality of the evidence considered by IARC.  Monsanto further states that this decision

17  was not based upon any independent scientific analysis of glyphosate but instead was in response

18  to a provision of a California ballot proposition triggering such action based solely upon the

19  IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon

20  its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to

21  pose a cancer hazard to humans."[4]  Monsanto contends that OEHHA's decision that it was

22  required to list glyphosate violates the United States Constitution and the California Constitution.

23  On February 26, 2018, a federal district court enjoined California from requiring Proposition 65

24  warning labels for glyphosate as unconstitutional.  The remaining allegations in paragraph 84 set

25

26

27  [4] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
   https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-05309-VC

1   forth conclusions of law for which no response is required.  To the extent that a response is

2   deemed required, Monsanto denies the allegations in paragraph 84.

3       85.    The allegations in paragraph 85 set forth conclusions of law for which no

4   response is required.

5       86.    The allegations in paragraph 86 set forth conclusions of law for which no

6   response is required.  Nevertheless, Monsanto notes that, under Proposition 65, the mere

7   presence of a listed substance in a consumer product does not require a warning.  Instead, a

8   warning need only be provided if the exposure to the listed substance, for the average user of the

9   product, exceeds the level at which cancer would be hypothesized to occur, based on

10  extrapolation from animal studies, in one person in 100,000 persons exposed over a 70-year

11  lifetime.

12      87.    In response to the allegations in paragraph 87, Monsanto admits that it has

13  brought a lawsuit challenging OEHHA's notice of intent to include glyphosate on its Proposition

14  65 list.

15      88.    In response to the allegations in paragraph 88, Monsanto admits that plaintiffs

16  accurately quote from Monsanto's complaint in the referenced lawsuit, and states that

17  Monsanto's complaint in that lawsuit speaks for itself.  Monsanto further admits that its lawsuit

18  cites to OEHHA's 2007 determination based upon its own independent evaluation of the

19  scientific evidence that glyphosate is "unlikely to pose a cancer hazard to humans."[5]  The

20  remaining allegations in paragraph 88 comprise attorney characterizations and are accordingly

21  denied.

22      89.    Monsanto denies the allegations in paragraph 89.

23      90.    In response to the allegations in paragraph 90, Monsanto admits that, on

24  November 12, 2015, the European Food Safety Authority ("EFSA") issued its Renewal

25  Assessment Report (RAR) on glyphosate, in which it concluded that "glyphosate is unlikely to

26

27  [5] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
    https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

28

pose a carcinogenic hazard to humans."[6]  Monsanto further admits that this conclusion affirmed a similar finding by the German Federal Institute for Risk Management (BfR).  Monsanto admits that the European scientists who reached these determinations were acting independently of Monsanto and were acting to protect the public.

91.    In response to the allegations in paragraph 91, Monsanto denies that "industry groups" were afforded any ability to review the RAR beyond that afforded to the public generally.  Monsanto otherwise admits the allegations in paragraph 91.

92.    Monsanto admits the allegations in paragraph 92.

93.    In response to the allegations in paragraph 93, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies the allegations in paragraph 93 to the extent that they purport to set forth all of the distinctions identified by EFSA between its evaluation and the evaluation of the IARC working group.  Monsanto states that in the same document cited by plaintiffs, EFSA states that, in contrast to IARC, "the EU peer review concluded that no significant increase in tumor incidence could be observed in any of the treated groups of animals in the nine long term rat studies considered" and explains that "[a]s well as reviewing a larger number of studies [than IARC], EFSA for example considered that carcinogenic effects observed at high doses were unreliable as they could be related to general toxicity."[7]  To the extent that paragraph 93 characterizes the meaning of the cited studies, Monsanto denies the remaining allegations in paragraph 93.

94.    In response to the allegations in paragraph 94, Monsanto states that the cited document speaks for itself and does not require a response.

95.    In response to the allegations in paragraph 95, Monsanto admits that EFSA set acceptable exposure thresholds for glyphosate that are orders of magnitude higher than those

---

[6] *See* EFSA, *Glyphosate:  EFSA updates toxicological profile*, http://www.efsa.europa.eu/en /press/news/151112.

[7] EFSA, *EFSA Explains Risk Assessment Glyphosate*, http://www.efsa.europa.eu/sites/default /files/corporate_publications/files/efsaexplainsglyphosate151112en.pdf.

1  which occur in the ordinary use of glyphosate-based herbicides.  Monsanto denies that these

2  exposure thresholds are based upon any alleged risk of carcinogenicity.

3       96.     In response to the allegations in paragraph 96, Monsanto admits that certain

4  individuals, including Dr. Christopher Portier, sent the letter identified in paragraph 96

5  (hereinafter, "the Portier letter").  Monsanto denies that Dr. Portier or the other signatories to his

6  letter are "independent" and "renowned international experts in the field."  Monsanto states that

7  Dr. Portier has been disclosed as an expert witness retained by plaintiffs' counsel in the

8  glyphosate cancer litigation against Monsanto and that Monsanto lacks information or

9  knowledge sufficient to form a belief as to whether the other signatories were aware, before they

10  signed the Portier letter, that Dr. Portier was working as a retained expert for plaintiffs' counsel.

11  Monsanto otherwise admits that this letter urged the EU Health Commissioner to disregard the

12  scientific findings reached by EFSA and by the BfR.

13       97.     In response to the allegations in paragraph 97, Monsanto admits that Dr. Portier

14  sent the letter identified in paragraph 97.  Monsanto denies that Dr. Portier or the other

15  signatories to his letter are "renowned international experts in the field."  Monsanto admits that

16  certain members of the IARC working group assigned to glyphosate signed on to the Portier

17  letter, but states that Monsanto lacks information or knowledge sufficient to form a belief as to

18  whether those individuals or the other signatories were aware at the time that Dr. Portier was

19  working as a retained expert for plaintiffs' counsel.

20       98.     In response to the allegations in paragraph 98, Monsanto states that the cited

21  Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr.

22  Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the

23  glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

24  conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

25  carcinogenic hazard to humans."[8]  To the extent that paragraph 98 characterizes the meaning of

26

27  _____
   [8] *See* EFSA, *Glyphosate:  EFSA updates toxicological profile*, http://www.efsa.europa.eu/en
   /press/news/151112.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-05309-VC

1   the cited document or of EFSA's evaluation of glyphosate, Monsanto denies the remaining

2   allegations in paragraph 98.

3         99.     In response to the allegations in paragraph 99, Monsanto admits that IARC

4   concluded that the human epidemiologic data provides only "limited evidence of

5   carcinogenicity," which IARC defines as meaning that "chance, bias, or confounding could not

6   be ruled out with reasonable confidence."[9]  Monsanto further admits that Dr. Portier – who has

7   been disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer

8   litigation against Monsanto – seeks in his letter to challenge the scientific conclusions reached by

9   EFSA in support of its finding that "glyphosate is unlikely to pose a carcinogenic hazard to

10  humans."[10]  In response to the remaining allegations in paragraph 99, Monsanto states that the

11  cited Portier letter speaks for itself and does not require a response.  To the extent that paragraph

12  99 characterizes the meaning of the cited document or of EFSA's evaluation of glyphosate,

13  Monsanto denies the remaining allegations in paragraph 99.

14       100.   In response to the allegations in paragraph 100, Monsanto states that the cited

15  Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr.

16  Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the

17  glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

18  conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

19  carcinogenic hazard to humans."[11]  To the extent that paragraph 100 characterizes the meaning

20  of the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the

21  remaining allegations in paragraph 100.

22       101.   In response to the allegations in paragraph 101, Monsanto states that the cited

23  Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr.

24

---

[9] http://monographs.iarc.fr/ENG/Preamble/currentb6evalrationale0706.php.

[10] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu/en/press/news/151112.

[11] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu/en/press/news/151112.

1   Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the

2   glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

3   conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

4   carcinogenic hazard to humans."[12]  To the extent that paragraph 101 characterizes the meaning

5   of the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the

6   remaining allegations in paragraph 101.

7           102.    Monsanto admits the allegations in paragraph 102.

8           103.    In response to the allegations in paragraph 103, Monsanto states that the cited

9   document speaks for itself and does not require a response.  Monsanto denies that the self-

10  labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

11  extent that paragraph 103 characterizes the scientific evidence regarding the safety of

12  glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 103.

13          104.    In response to the allegations in paragraph 104, Monsanto states that the cited

14  document speaks for itself and does not require a response.  Monsanto denies that the self-

15  labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

16  extent that paragraph 104 characterizes the scientific evidence regarding the safety of

17  glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 104.

18          105.    In response to the allegations in paragraph 105, Monsanto states that the cited

19  document speaks for itself and does not require a response.  Monsanto denies that the self-

20  labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

21  extent that paragraph 105 characterizes the scientific evidence regarding the safety of

22  glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 105.

23          106.    In response to the allegations in paragraph 106, Monsanto states that the cited

24  document speaks for itself and does not require a response.  Monsanto denies that the self-

25  labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

26

27  ———————————————
    [12] See EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu
    /en/press/news/151112.

28

1   extent that paragraph 106 characterizes the scientific evidence regarding the safety of

2   glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 106.

3        107.    In response to the allegations in paragraph 107, Monsanto states that the cited

4   document speaks for itself and does not require a response.  Monsanto denies that the self-

5   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

6   extent that paragraph 107 characterizes the scientific evidence regarding the safety of

7   glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 107.

8        108.    In response to the allegations in paragraph 108, Monsanto states that the cited

9   document speaks for itself and does not require a response.  Monsanto denies that the self-

10   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

11   extent that paragraph 108 characterizes the scientific evidence regarding the safety of

12   glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 108.

13        109.    In response to the allegations in paragraph 109, Monsanto states that the cited

14   document speaks for itself and does not require a response.  Monsanto denies that the self-

15   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

16   extent that paragraph 109 characterizes the scientific evidence regarding the safety of

17   glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 109.

18        110.    In response to the allegations in paragraph 110, Monsanto admits that the FDA

19   has authority to enforce pesticide residues and that the FDA announced it would begin testing

20   certain foods for glyphosate residues.  In response to the remaining allegations in paragraph 110,

21   Monsanto states that the cited documents speak for themselves and do not require a response.

22        111.    In response to the allegations in paragraph 111, Monsanto admits that the U.S.

23   Government Accounting Office issued the cited report regarding pesticide residue monitoring

24   programs, but Monsanto denies that the GAO report was limited to glyphosate.  In response to

25   the remaining allegations in paragraph 111, Monsanto states that the cited documents speak for

26   themselves and do not require a response.  To the extent that paragraph 111 characterizes the

27   meaning of the cited documents, Monsanto denies the remaining allegations in paragraph 111.

28

112.     In response to the allegations in paragraph 112, Monsanto admits that the FDA has authority to enforce pesticide residues and that the FDA announced it would begin testing certain foods for glyphosate residues.  In response to the remaining allegations in paragraph 112, Monsanto states that the cited documents speak for themselves and do not require a response.  To the extent that paragraph 112 characterizes the meaning of the cited documents, Monsanto denies the remaining allegations in paragraph 112.

113.     In response to the allegations in paragraph 113, Monsanto admits that the FDA has authority to enforce pesticide residues and that the FDA announced it would begin testing certain foods for glyphosate residues.  In response to the remaining allegations in paragraph 113, Monsanto states that the cited documents speak for themselves and do not require a response.  To the extent that paragraph 113 characterizes the meaning of the cited documents, Monsanto denies the remaining allegations in paragraph 113.

114.     Monsanto admits the allegations in paragraph 114. Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

115.     In response to the allegations in paragraph 115, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

116.     In response to the allegations in paragraph 116, Monsanto lacks information or knowledge sufficient to form a belief as to whether each of the individuals at the referenced meeting were "experts" and therefore denies that allegation.  Monsanto admits the remaining allegations in paragraph 116. Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

117.     In response to the allegations in paragraph 117, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 117

1 characterizes the meaning of the cited document, Monsanto denies the remaining allegations in

2 paragraph 117.

3    118.    In response to the allegations in paragraph 118, Monsanto states that the cited

4 document speaks for itself and does not require a response.  To the extent that paragraph 118

5 characterizes the meaning of the cited document, Monsanto denies the remaining allegations in

6 paragraph 118.  Monsanto also states that the allegations are out of date and that the European

7 Union has approved glyphosate for another five years.

8    119.    Monsanto admits the allegations in paragraph 119.  Monsanto also states that the

9 allegations are out of date and that the European Union has approved glyphosate for another five

10 years.

11    120.    Monsanto admits the allegations in paragraph 120. Monsanto also states that the

12 allegations are out of date and that the European Union has approved glyphosate for another five

13 years.

14    121.    Monsanto admits the allegations in paragraph 121. Monsanto also states that the

15 allegations are out of date and that the European Union has approved glyphosate for another five

16 years.

17    122.    Monsanto denies the allegations in paragraph 122.

18    123.    In response to paragraph 123, Monsanto denies that any injuries alleged in the

19 Complaint, including the injury and death of plaintiffs' decedent, were caused by Roundup$^{®}$-

20 branded products.  Monsanto lacks information or knowledge sufficient to form a belief as to the

21 truth of the remaining allegations in paragraph 123 and therefore denies those allegations.

22    124.    Monsanto denies the allegations in paragraph 124.

23    1256.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24 truth of the allegations in paragraph 1256 and therefore denies those allegations.

25    126.    Monsanto denies that any exposure to Roundup$^{®}$-branded products can cause

26 NHL and other serious illnesses and therefore denies those allegations in paragraph

27 126.  Monsanto states, however, that the scientific studies upon which IARC purported to base

28

its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 126 and therefore denies those allegations.

127.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 127 and therefore denies those allegations.

128.    Monsanto denies the allegations in paragraph 128.

129.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 129 and therefore denies those allegations.

130.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 130.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 130 and therefore denies those allegations.

131.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 and therefore denies those allegations.

132.    Monsanto denies the allegations in paragraph 132.

133.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 133 and therefore denies those allegations.

134.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 134.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 134 and therefore denies those allegations.

135.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore denies those allegations.

136.    Monsanto denies the allegations in paragraph 136.

137.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 137 and therefore denies those allegations.

138.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 138.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 138 and therefore denies those allegations.

139.    In response to paragraph 139, Monsanto denies that any injuries alleged in the Complaint, including the injury and death of plaintiffs' decedent, were caused by Roundup®-branded products.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 139 and therefore denies those allegations.

140.    Monsanto denies the allegations in paragraph 140.

141.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 141 and therefore denies those allegations.

142.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 142.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 142 and therefore denies those allegations.

143.    In response to paragraph 143, Monsanto denies that any injuries alleged in the Complaint, including the injury and death of plaintiffs' decedent, were caused by Roundup®-branded products.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 143 and therefore denies those allegations.

144.    Monsanto denies the allegations in paragraph 144.

145.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 145 and therefore denies those allegations.

146.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 146. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March, 2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 146 and therefore denies those allegations.

147.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 147 and therefore denies those allegations.

148.     Monsanto denies the allegations in paragraph 148.

149.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 149 and therefore denies those allegations.

150.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 150. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March, 2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 150 and therefore denies those allegations.

151.     In response to paragraph 151, Monsanto denies that any injuries alleged in the Complaint, including the injury and death of plaintiffs' decedent, were caused by Roundup®-branded products. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 151 and therefore denies those allegations.

152.     Monsanto denies the allegations in paragraph 152.

153.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 153 and therefore denies those allegations.

154.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 154.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 154 and therefore denies those allegations.

155.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 155 and therefore denies those allegations.

156.    Monsanto denies the allegations in paragraph 156.

157.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 157 and therefore denies those allegations.

158.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 158.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 158 and therefore denies those allegations.

159.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 159 and therefore denies those allegations.

160.    Monsanto denies the allegations in paragraph 160.

161.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 161 and therefore denies those allegations.

162.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 162.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-05309-VC

1  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

2  in paragraph 162 and therefore denies those allegations.

3  163.   Monsanto lacks information or knowledge sufficient to form a belief as to the

4  truth of the allegations in paragraph 163 and therefore denies those allegations.

5  164.   Monsanto denies the allegations in paragraph 164.

6  165.   Monsanto lacks information or knowledge sufficient to form a belief as to the

7  truth of the allegations in paragraph 165 and therefore denies those allegations.

8  166.   Monsanto denies that any exposure to Roundup®-branded products can cause

9  NHL and other serious illnesses and therefore denies those allegations in paragraph

10  166.  Monsanto states, however, that the scientific studies upon which IARC purported to base

11  its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks

12  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

13  in paragraph 166 and therefore denies those allegations.

14  167.   Monsanto lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations in paragraph 167 and therefore denies those allegations.

16  168.   Monsanto denies the allegations in paragraph 168.

17  169.   Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 169 and therefore denies those allegations.

19  170.   Monsanto denies that any exposure to Roundup®-branded products can cause

20  NHL and other serious illnesses and therefore denies those allegations in paragraph

21  170.  Monsanto states, however, that the scientific studies upon which IARC purported to base

22  its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks

23  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

24  in paragraph 170 and therefore denies those allegations.

25  171.   Monsanto lacks information or knowledge sufficient to form a belief as to the

26  truth of the allegations in paragraph 171 and therefore denies those allegations.

27  172.   Monsanto denies the allegations in paragraph 172.

28

1  173.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2  truth of the allegations in paragraph 173 and therefore denies those allegations.

3  174.    Monsanto denies that any exposure to Roundup®-branded products can cause

4  NHL and other serious illnesses and therefore denies those allegations in paragraph

5  174.  Monsanto states, however, that the scientific studies upon which IARC purported to base

6  its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks

7  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

8  in paragraph 174 and therefore denies those allegations.

9  175.    In response to paragraph 175, Monsanto denies that any injuries alleged in the

10  Complaint, including the injury and death of plaintiffs' decedent, were caused by Roundup®-

11  branded products.  Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the remaining allegations in paragraph 175 and therefore denies those allegations.

13  176.    Monsanto denies the allegations in paragraph 176.

14  177.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations in paragraph 177 and therefore denies those allegations.

16  178.    Monsanto denies that any exposure to Roundup®-branded products can cause

17  NHL and other serious illnesses and therefore denies those allegations in paragraph

18  178.  Monsanto states, however, that the scientific studies upon which IARC purported to base

19  its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks

20  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

21  in paragraph 178 and therefore denies those allegations.

22  179.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 179 and therefore denies those allegations.

24  180.    Monsanto denies the allegations in paragraph 180.

25  181.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26  truth of the allegations in paragraph 181 and therefore denies those allegations.

27

28

182.   Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 182.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 182 and therefore denies those allegations.

183.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 183 and therefore denies those allegations.

184.   Monsanto denies the allegations in paragraph 184.

185.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 185 and therefore denies those allegations.

186.   Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 186.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 186 and therefore denies those allegations.

187.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 187 and therefore denies those allegations.

188.   Monsanto denies the allegations in paragraph 188.

189.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 189 and therefore denies those allegations.

190.   Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 190.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks

1   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

2   in paragraph 190 and therefore denies those allegations.

3        191.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4   truth of the allegations in paragraph 191 and therefore denies those allegations.

5        192.    Monsanto denies the allegations in paragraph 192.

6        193.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7   truth of the allegations in paragraph 193 and therefore denies those allegations.

8        194.    Monsanto denies that any exposure to Roundup®-branded products can cause

9   NHL and other serious illnesses and therefore denies those allegations in paragraph

10  194.  Monsanto states, however, that the scientific studies upon which IARC purported to base

11  its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks

12  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

13  in paragraph 194 and therefore denies those allegations.

14       195.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations in paragraph 195 and therefore denies those allegations.

16       196.    Monsanto denies the allegations in paragraph 196.

17       197.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 197 and therefore denies those allegations.

19       198.    Monsanto denies that any exposure to Roundup®-branded products can cause

20  NHL and other serious illnesses and therefore denies those allegations in paragraph

21  198.  Monsanto states, however, that the scientific studies upon which IARC purported to base

22  its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks

23  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

24  in paragraph 198 and therefore denies those allegations.

25       199.    In response to the allegations in paragraph 199, Monsanto denies that there is any

26  risk of serious illness associated with the use of and/or exposure to Roundup®-branded products

27  and glyphosate and denies that glyphosate is injurious to human health.  Monsanto states,

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-05309-VC

however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The final sentence of paragraph 199 sets forth a conclusion of law for which no response is required.

200.    In response to the allegations in paragraph 200, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  The allegations in paragraph 200 set forth conclusions of law for which no response is required.

201.    In response to the allegations in paragraph 201, Monsanto denies that there is any risk of non-Hodgkin's lymphoma ("NHL"), or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 201 and therefore denies those allegations.

202.    The allegations in paragraph 202 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 202.  Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

203.    In response to the allegations in paragraph 203, Monsanto denies that it concealed any facts related to the human health safety of glyphosate.  The remaining allegations in paragraph 203 set forth conclusions of law for which no response is required.

204.    Monsanto denies the allegations in paragraph 204.

205.    The allegations in paragraph 205 set forth conclusions of law for which no response is required.

206.    Monsanto denies the allegations in paragraph 206.

207. The allegations in paragraph 207 set forth conclusions of law for which no response is required. To the extent that a response is required, Monsanto denies the allegations in paragraph 207. Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

208. Monsanto incorporates by reference its responses to paragraphs 1 through 207 in response to paragraph 208 of plaintiffs' Complaint.

209. In response to the allegations in paragraph 209, Monsanto admits that plaintiffs purport to bring claims for strict liability design defect but denies any liability as to that claim.

210. Monsanto denies the allegations in the first and second sentences of paragraph 210. In response to the allegations in the third sentence of paragraph 210, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiffs and/or plaintiffs' decedents used or were exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 210.

211. Monsanto denies the allegations in paragraph 211.

212. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 212 and therefore denies those allegations.

213. Monsanto denies the allegations in paragraph 213.

214. Monsanto denies the allegations in paragraph 214.

215. Monsanto denies the allegations in paragraph 215 and each of its subparts.

216. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 216 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 216, including that Roundup®-branded products have "dangerous characteristics."

217. Monsanto denies the allegations in paragraph 217.

218. Monsanto denies the allegations in paragraph 218.

219. Monsanto denies the allegations in paragraph 219.

220. Monsanto denies the allegations in paragraph 220.

221.    Monsanto denies the allegations in paragraph 221.

222.    Monsanto denies the allegations in paragraph 222.

223.    Monsanto denies the allegations in paragraph 223.

In response to the "WHEREFORE" paragraph following paragraph 223, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

224.    Monsanto incorporates by reference its responses to paragraphs 1 through 223 in response to paragraph 224 of plaintiffs' Complaint.

225.    In response to the allegations in paragraph 225, Monsanto admits that plaintiffs purport to bring claims for strict liability failure to warn, but denies any liability as to that claim.

226.    Monsanto denies the allegations in paragraph 226.

227.    In response to the allegations in paragraph 227, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiffs and/or plaintiffs' decedents purchased Roundup®-branded products and therefore denies those allegations.  The allegations in paragraph 227 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 227.

228.    The allegations in paragraph 228 set forth conclusions of law for which no response is required.

229.    Monsanto denies the allegations in paragraph 229.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

230.    Monsanto denies the allegations in paragraph 230.

231.    Monsanto denies the allegations in paragraph 231.

232.    Monsanto denies the allegations in paragraph 232.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-05309-VC

233.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 233 and therefore denies those allegations.

234.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 234 regarding plaintiffs' and/or plaintiffs' decedents' claimed use of and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 234, including that Roundup®-branded products have "dangerous characteristics."

235.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 235 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 235.

236.     Monsanto denies the allegations in paragraph 236.

237.     Monsanto denies the allegations in paragraph 237.

238.     Monsanto denies the allegations in paragraph 238.

239.     Monsanto denies the allegations in paragraph 239.

240.     Monsanto denies the allegations in paragraph 240.

241.     Monsanto denies the allegations in paragraph 241.

242.     Monsanto denies the allegations in paragraph 242.

243.     Monsanto denies the allegations in paragraph 243.

In response to the "WHEREFORE" paragraph following paragraph 243, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

244.     Monsanto incorporates by reference its responses to paragraphs 1 through 244 in response to paragraph 244 of plaintiffs' Complaint.

245.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 245 regarding the specific products allegedly purchased or

- 36 -

1  used by plaintiffs and/or plaintiffs' decedents, and therefore denies the allegations in paragraph

2  245.

3         246.   The allegations in paragraph 246 set forth conclusions of law for which no

4  response is required.

5         247.   The allegations in paragraph 247 set forth conclusions of law for which no

6  response is required.

7         248.   Monsanto denies the allegations in paragraph 248.

8         249.   Monsanto denies the allegations in paragraph 249.

9         250.   Monsanto denies the allegations in paragraph 250.

10        251.   Monsanto denies the allegations in paragraph 251.

11        252.   Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 252 regarding users' and consumers' knowledge and

13  therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 252.

14  All labeling of Roundup®-branded products has been and remains EPA-approved and in

15  compliance with all federal requirements under FIFRA.

16        253.   Monsanto denies the allegations in paragraph 253.

17        254.   Monsanto denies the allegations in paragraph 254.

18        255.   Monsanto denies the allegations in paragraph 255.

19        256.   Monsanto denies the allegations in paragraph 256, including each of its subparts.

20        257.   Monsanto denies the allegations in paragraph 257.

21        258.   Monsanto lacks information or knowledge sufficient to form a belief as to the

22  truth of the allegations in paragraph 258 regarding plaintiffs' and/or plaintiffs' decedents'

23  knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in

24  paragraph 258, including that intended use of and/or exposure to Roundup®-branded products

25  causes any injuries.

26        259.   Monsanto denies the allegations in paragraph 259.

27        260.   Monsanto denies the allegations in paragraph 260.

28

261.    Monsanto denies the allegations in paragraph 261.

In response to the "WHEREFORE" paragraph following paragraph 261, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

262.    The allegations in paragraph 262 contain conclusions of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.    Plaintiffs' claims are improperly joined and should be severed.

3.    Venue may be inconvenient for some or all of plaintiffs' claims.

4.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' and/or plaintiffs' decedents' alleged injuries.

6.    Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed, and labeled with proper warnings, information, cautions, and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' and/or plaintiffs' decedents' injuries, if any, were the result of conduct of plaintiffs and/or plaintiffs' decedents, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' and/or plaintiffs' decedents' pre-existing medical conditions.

12.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

13.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

14.     Plaintiffs' and/or plaintiffs' decedents' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

15.     If plaintiffs and/or plaintiffs' decedents suffered injury or damages as alleged (no injury or damages being admitted), such injury or damage resulted from acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or

1   manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes

2   constitute an independent, intervening and sole proximate cause of plaintiffs' and/or plaintiffs'

3   decedents' alleged injury or damages.

4        16.    Monsanto had no legal relationship or privity with plaintiffs and/or plaintiffs'

5   decedents and owed no duty to them by which liability could be attributed to it.

6        17.    Plaintiffs' claims are preempted in whole or part by the Freedom of Speech

7   Clause of the First Amendment of the U.S. Constitution.

8        18.    Plaintiffs' claims for punitive and/or exemplary damages are barred because such

9   an award would violate Monsanto's due process, equal protection and other rights under the

10  United States Constitution, the Mississippi Constitution, the Tennessee Constitution and/or other

11  applicable state constitutions.

12       19.    Plaintiffs' claims for punitive and/or exemplary damages are barred because

13  plaintiffs have failed to allege conduct warranting imposition of punitive damages under

14  Mississippi law, Tennessee law, and/or other applicable state laws.

15       20.    Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited

16  by operation of state and/or federal law, including Miss. Code Ann. § 11-1-65 and Tenn. Code

17  Ann. § 29-39-104.

18       21.    Plaintiffs' claims are barred in whole or in part by plaintiffs' and/or plaintiffs'

19  decedents' own contributory/comparative negligence.

20       22.    Plaintiffs' claims are barred in whole or in part by plaintiffs' and/or plaintiffs'

21  decedents' own failure to mitigate damages.

22       23.    Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

23       24.    Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs

24  and/or plaintiffs' decedents have received and/or will receive from collateral sources.

25       25.    If plaintiffs and/or plaintiffs' decedents have been injured or damaged, no injury

26  or damages being admitted, such injuries were not caused by a Monsanto product.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-05309-VC

26.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize or limit such claims.

27.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

28.     Plaintiffs' common law claims are barred, in whole or part, by application of the Mississippi Product Liability Act, Miss. Code Ann. § 11-1-63 (1993) and of Tenn. Code Ann. § 29-28-102(6), *et seq*.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## <u>JURY TRIAL DEMAND</u>

Monsanto demands a jury trial on all issues so triable.

DATED:  September 25, 2018                    Respectfully submitted,


                                             /s/ Joe G. Hollingsworth
                                             Joe G. Hollingsworth (*pro hac vice*)
                                             (jhollingsworth@hollingsworthllp.com)
                                             Eric G. Lasker (*pro hac vice*)
                                             (elasker@hollingsworthllp.com)
                                             HOLLINGSWORTH LLP

                                             1350 I Street, N.W.
                                             Washington, DC  20005
                                             Telephone:  (202) 898-5800
                                             Facsimile:   (202) 682-1639

                                             *Attorneys for Defendant*
                                             *MONSANTO COMPANY*