Aimee Wagstaff, SBN 278480
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, PC
7171 West Alaska Drive
Lakewood, CO 80226
Telephone: (303) 376-6360
Facsimile: (303) 376-6361

Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500
Facsimile: (212) 344-5461

Michael Miller
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Avenue
Orange, VA 22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| THIS DOCUMENT RELATES TO: | **PLAINTIFFS' POSITION REGARDING VENUE** |
| ALL ACTIONS | HON. VINCE CHHABRIA |

Unquestionably, if all parties consent to jurisdiction and venue in the Northern District of California, then this Court could preside over the trial of that case. The issue is whether this Court

possesses the ability to preside over a trial where one party consents and the other does not.  The short answer is probably not and, in any event, it is not worth the risk.

As an initial matter, putting aside the issue of venue, it is unclear if this Court could ever preside over a trial involving an out-of-state, i.e., non-California, plaintiff absent consent from *both* parties due to personal jurisdiction, and thus constitutional, considerations.  *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781, 198 L. Ed. 2d 395 (2017) (holding that non-Californian plaintiffs suing a non-Californian defendant lacked personal jurisdiction in California state court).  This is why, during the prior case management conferences, Plaintiffs' counsel focused on Californian plaintiffs, i.e., what has come to be deemed "Group 2."  This Court clearly possesses personal jurisdiction over those Plaintiffs and, thus, the only remaining issue is venue.

Venue, however, is more complicated.  In *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 39-41 (1998), the Supreme Court held that 28 U.S.C. § 1407—the statute providing for MDL court jurisdiction—requires an MDL court to remand a case back to its original venue before or at the completion of pretrial proceedings.  An MDL court did not have the ability to circumvent that mandate by transferring a case to itself pursuant to 28 U.S.C. § 1404(a).  *Id. Lexecon*, thus, made it clear that an MDL court could not entertain any motion for transfer pursuant to Section 1404(a).  *See Mann v. Lincoln Elec. Co.*, No. 1:06-CV-17288, 2011 WL 3205549, at *3 (N.D. Ohio July 28, 2011) ("[W]hen the district court is an MDL transferee court, a § 1404 transfer is completely unavailable due to the interplay of § 1404 and § 1407… even if this Court wanted to, it cannot use § 1404(a) to transfer Mann's case to South Dakota—or to itself, or anywhere else.").

If, however, a Plaintiff consents to a specific venue and that venue is independently proper under Section 1391(b), i.e., the lawsuit could have been brought there to begin with, it is unclear how *Lexecon* applies.  Indeed, in *Lexecon*, the Court noted that if a plaintiff could have maintained venue in the transferee court in the first place, and "no independent and substantial right was violated" by allowing the trial to proceed in that jurisdiction, it constituted harmless error.  *Id.* And, in *Lexecon*, because 28 U.S.C. § 1407 "categorically limits the authority of courts (and special panels) to override a *plaintiff's* choice" of venue, this did not constitute harmless error.  *Id.* (emphasis added).  The

stress, however, is *plaintiff's* choice of venue—a fundamental right plaintiffs exercise in deciding where to bring a lawsuit.  It is unclear under *Lexecon*, however, if a defendant has a right to object to venue that is proper and chosen by the Plaintiff.  After all, if the lawsuit had been originally filed in that venue, the defendant would have not legitimate objection.

That said, the law is largely undeveloped—Plaintiffs could not locate any case where an MDL court proceeded to trial with a plaintiff's consent and a defendant's objection.  This paucity of caselaw likely stems from the risk averse nature of litigation.  Why would the parties (or the Court) invest the considerable resources required to bring a case to verdict when there is real risk of that verdict being overturned on a procedural venue issue?  The wiser course is to stick to those cases where both parties consent or those cases where the Court possesses original jurisdiction and venue, i.e., those cases filed in the Northern District of California.

As it stands, there are several California plaintiffs, not filed in the Northern District of California, that stand ready to consent to this Court's venue and proceed with all haste to trial.  There are also plaintiffs that do not consent.  Either way, absent consent from Monsanto, Plaintiffs would rather not proceed to trial with any non-Northern District of California case over Monsanto's objection and risk any positive verdict being subject to a collateral venue challenge.

DATE: September 26, 2018

Respectfully submitted,

By: /s/ Aimee Wagstaff
Aimee Wagstaff
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 West Alaska Drive
Lakewood CO 80226
Ph 303-376-6360
F 303-376-6361

*Co-Lead Counsel for Plaintiffs in MDL 2741*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Court and electronically served through the CM-ECF system which will send a notification of such filing to all counsel of record.

DATED: September 26, 2018                    By: */s/ Aimee H. Wagstaff*