1    **HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
2    Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
3    Washington, DC  20005
Tel:     202-898-5800
4    Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
5             elasker@hollingsworthllp.com

6    *Attorneys for Defendant*
*MONSANTO COMPANY*
7

8

9                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA
10

11   IN RE: ROUNDUP PRODUCTS              MDL No. 2741
     LIABILITY LITIGATION
12                                        Case No. 3:16-md-02741-VC

13   This document relates to:

14   ALL ACTIONS

15

16       **MONSANTO'S RESPONSE TO PLAINTIFFS' POSITION REGARDING VENUE**

17       The law is clearly established that an MDL transferee court may not try any cases that

18   were originally transferred to it by the JPML, barring consent of all parties.  Because Monsanto

19   Company ("Monsanto") does not consent to trial of such cases in this MDL, this Court is limited

20   to trying cases that were originally filed in the Northern District of California.

21       In *Lexecon, Inc. v. Milberg Weiss*, a unanimous Supreme Court held that MDL transferee

22   courts lack the authority to try cases that originated outside of the district in which they sit.  523

23   U.S. 26, 40 (1998).  This limitation stems from 28 U.S.C. § 1407(a), which centralizes cases into

24   MDLs for pre-trial purposes only and "obligates the Panel to remand any pending case to its

25   originating court, when, at the latest, those pretrial proceedings have run their course."  *Lexecon*,

26   523 U.S. at 34.  *Lexecon* also makes clear that district courts cannot circumvent this limitation by

27   transferring a case to themselves for trial.  *Id.* at 41 n.4 (holding statutory language of § 1407

28

1   precludes a transferee court from granting "any § 1404(a) motion," including one to transfer the

2   case to itself).  Instead, an MDL court may only try cases filed in transferor courts outside of the

3   federal district in which the MDL resides if (1) the case is remanded to the transferor court,

4   which in turn transfers it back under 1404(a),[1] or (2) if all parties consent to the MDL court's

5   jurisdiction for trial.  *Lexecon*, 523 U.S. at 34-35, 41 (citing 28 U.S.C. § 1407(a)).[2]  Neither

6   factor is met in this MDL at this time.

7           Plaintiffs float the erroneous idea that *Lexecon* waivers apply only to plaintiffs.  Such

8   speculation is both unsupported and directly contradicted by the numerous MDL opinions

9   resolving 1407 transfer requests based upon the defendants' consent to or refusal to provide

10  *Lexecon* waivers.  *See*, *e.g.*, *In re Libor-Based Fin. Instruments Antitrust Litig.*, No. 11 MDL

11  2262 NRB, 2015 WL 4634541, at *33 n.70 (S.D.N.Y. Aug. 4, 2015) ("Here, of course,

12  defendants have not agreed to a *'Lexecon* waiver.'"); *In re Mentor Corp. ObTape Transobturator*

13  *Sling Prods. Liab. Litig.*, Nos. 4:08–MD–2004 et al., 2015 WL 1276585, at *1 (M.D. Ga. Mar.

14  20, 2015) ("Since Mentor has not agreed to waive its right to have these cases remanded back to

15  Minnesota for trial, the Court finds that it does not have the authority to try them here."); *In re*

16  *Zimmer*, 2015 WL 5164772, at *1 ("Defendants waive their respective rights under *Lexecon* . .

17

18  [1] MDL courts may not remand cases themselves but instead must file a suggestion of remand to the JPML to initiate the remand process; it is then within the discretion of the JPML whether to remand a case.  *See* JPML Rule 10.1(b); *see also In re Phenylpropanolamine (PPA) Prods. Liab.*

19  *Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) ("'[T]he Panel looks to the transferee court to suggest when it should order remand, but that court has no independent authority to . . . remand'")

20  (quoting Manual for Complex Litigation (Fourth) § 20.133 at 225); *In re Wilson*, 451 F.3d 161, 165 n.5 (3d Cir. 2006) ("The MDL court has no authority to remand a case on its own; rather, the

21  JPML must order the remand."); *In re Roberts*, 178 F.3d 181, 184 (3d Cir. 1999) ("§ 1407(a) and *Lexecon* indicate that the power to remand a transferred case to the transferor court lies with the

22  Panel, not the transferee district judge.").

23  [2] *See also In re Zimmer Durom Hip Cup Prods. Liab. Litig.*, Civ. A. No. 09–4414, 2015 WL 5164772, at *3 (D.N.J. Sept. 1, 2015) ("[A]n MDL transferee court does not have authority to conduct the trial of an MDL member case not *originally filed in the transferee court* without the

24  consent of the parties.") (emphasis added); *see also In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) (noting that MDL judge may not preside over cases "filed in, or

25  removed to, federal courts across the country and transferred to the MDL court by the Judicial Panel on Multidistrict Litigation" absent consent of the parties) (citing *Lexecon*); *In re Brand-*

26  *Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1377 n.4 (J.P.M.L. 2003) (referring to *Lexecon* holding that the transferee judge may preside over an action that has been

27  transferred under § 1407 only if the parties have "waived their entitlement to remand").

28

1  .").  At its most basic level, plaintiffs' consent alone is insufficient to confer trial jurisdiction on

2  this Court over cases originally filed in other federal districts in California under section 1407.

3  That section, which controls the creation and termination of MDLs, states that MDL courts "shall

4  remand" cases after the conclusion of pre-trial proceedings and are therefore divested of

5  jurisdiction over those claims.  For example, even if a plaintiff who originally filed his/her case

6  in the Southern District of California wishes for that case to be tried by this Court in the Northern

7  District, that request must be denied absent *Lexecon* waivers by all parties or remand

8  proceedings as described above.  *See*, *e.g.*, *In re Zimmer*, 2015 WL 5164772, at *3 (noting that

9  parties may waive *Lexecon* to allow an MDL judge to try their case); *In re Indep. Serv. Orgs.*

10  *Antitrust Litig.*, No. Civ. A. MDL-1021, 1998 WL 919125, at *3 (D. Kan. Dec. 31, 1998)

11  (explaining remand procedure by which the Multidistrict Panel remands a case to the originating

12  district and the case is then transferred back to the MDL court for trial).

13  At this time and based on the near-complete lack of information available to Monsanto to

14  evaluate venue and other issues in the MDL cases, Monsanto is not waiving its *Lexecon* rights in

15  any MDL case.  Without waiving its right to raise any additional venue or jurisdiction challenges

16  as appropriate at a later time, Monsanto agrees with plaintiffs that the MDL initial trial pool

17  should be limited to those cases filed in this district.

19  DATED: September 27, 2018

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY

- 3 -
MONSANTO'S RESPONSE TO PLAINTIFFS' POSITION REGARDING VENUE
3:16-md-02741-VC