

**Michael J. Miller** – VA, MD, DC, PA
**Nancy Guy Miller** – MS
**Bruce D. Burtoff, M.D., J.D.** – VA, DC, FL, MS
**David J. Dickens** – VA, DC
**Jeffrey Travers** – VA
**Tayjes Shah** – PA, NJ
**Curtis G. Hoke** – CA
**Jeff T. Seldomridge** – VA, WV
**Shayne K. Hodge** – NJ, VA
**Brian K. Brake** – VA
**Edward J. Maggio** - NY

**The Sherman Building**
**108 Railroad Avenue**
**Orange, Virginia 22960**

Nancy Leftwich, R.N.
Elisa A Dickson, RN, BSN, MS
Website: Millerfirmllc.com
Telephone:  (540) 672-4224
(866) 529-3323
Facsimile:  (540) 672-3055

October 16, 2018

The Honorable Vince Chhabria
USDC – Northern District of California
450 Golden Gate Avenue
Courtroom 4 – 17th Floor
San Francisco, CA 94102

      RE:    **In Re: Roundup Products Liability Litigation MDL No. 2741**
              **Case No. 16-md-02741-VC**

             **This document relates to: Elaine Stevick et al v. Monsanto Company**
             **Case No.  3:16-cv-02341-VC**

Dear Judge Chhabria:

      This is a joint letter sent to you pursuant to ¶21 of your Honor's standing Order re a discovery dispute.

### PLAINTIFF'S POSITION

      I represent Group 1 Plaintiff Elaine Stevick and her husband Christopher Stevick.  Mr. Stevick has only a loss of consortium claim.

      Pretrial Order no. 51 required executed authorizations for the Group 1 Plaintiffs to be filed on October 4, 2018.  Group 1 Plaintiff's Fact Sheets are due on October 22, 2018.

      Your Honor's Pretrial Order No. 53 invites the parties to file a letter brief regarding any disputes about whether a deficiency exits regarding authorizations or the Plaintiffs Fact Sheet.  The purpose of this letter is to bring to your attention a dispute regarding an alleged deficiency.

      As noted above, my client Christopher Stevick is **not** claiming that he was injured directly by Roundup in any way; his claim is simply one of loss of consortium.  It appears to me that when the Court Orders requiring Plaintiffs Fact Sheets and authorizations were formulated, they were primarily designed to address questions to Plaintiffs who claim to be directly injured by Roundup products, not spouses with only loss of consortium claims.

      In this particular case, a dispute has arisen as to whether my loss of consortium client, Christopher Stevick, should have to provide medical authorizations or a Plaintiff's Fact Sheet.  Given the fact that the questions on the PFS are specifically tailored to Plaintiffs directly injured by Monsanto based products, and given the fact that the medical authorizations are also designed to

Honorable Vince Chhabria
October 16, 2018
Page 2

uncover information relevant to those claims, I respectfully request that the Court clarify this issue and find that neither medical authorizations nor Plaintiff Fact Sheets are due for any Plaintiff with solely a loss of consortium claim.

I should note that in an effort to resolve this dispute without involving the Court that I spoke to Ms. Sandra Kaczmarczyk, Esquire on Friday, October 12, 2018. She informed me that it is her client's position that both a PFS and authorizations should be required even for those plaintiffs that only have a claim for Loss of Consortium.

Thank you for your thoughtful consideration of this mater.

## MONSANTO'S POSITION

Monsanto respectfully requests the Court's assistance in obtaining medical authorizations and a completed plaintiff fact sheet ("PFS") from Christopher Stevick. Christopher and Elaine Stevick are both Group 1 plaintiffs in this MDL. *See* Pretrial Order No. 50 at n.1, *In re Roundup Prods. Liab. Litig.*, No. 16-md-02741-VC (N.D. Cal. Sept. 26, 2018) ("PTO 50") (listing the four Group 1 cases, including *Stevick*). Mr. Stevick has asserted a claim for loss of consortium. *See* Complaint at ¶¶147-150, *Stevick v. Monsanto Co.*, No. 3:16-cv-2341-VC (N.D. Cal. Apr. 29, 2016). As a Group1 plaintiff, he is required by Pretrial Order No. 50 to submit medical authorizations and a PFS to Monsanto. *See* PTO 50. When the Court heard arguments on the PFS to be used in this MDL, counsel for the plaintiffs agreed that loss of consortium plaintiffs would complete a PFS. *See* H'rg Tr. at 21:24-22:1, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Sept. 13, 2018)  (Ms. Greenwald: "So, first of all, if a plaintiff – a spouse has brought a loss of consortium claim, he or she would have to fill out this form. . . .") .

Mr. Stevick did not submit medical authorizations to Monsanto when they were due on October 4, 2018. See Pretrial Order No. 53, *In re Roundup Prods. Liab. Litig.*, No. 16-md-02741-VC (Oct. 3, 2018) ("PTO 53"). Accordingly, Monsanto issued a deficiency letter to Mr. Stevick on October 5, 2018. *See* Email from Kirby T. Griffis to Tayjes Shah (Oct. 5, 2018 9:42pm EST) (on file with author). Plaintiffs' counsel failed to respond to the deficiency letter for days, and Monsanto's counsel then requested a telephone conference to discuss the deficient authorizations for Mr. Stevick. On October 12, 2018, plaintiffs' counsel expressed to Monsanto via telephone conference that they would respond regarding the deficient authorizations by Tuesday, October 16, 2018. On October 15, 2018, plaintiffs' counsel responded that they would be opposing the production of both medical authorizations and a PFS for Mr. Stevick in violation of this Court's orders.

Contrary to what plaintiff asserts, the medical authorization and PFS provide information that is relevant to both Mr. Stevick's claims and Monsanto's defenses to that claim. Under California law, while a cause of action for loss of consortium is triggered by a spouse's injury, "a loss of consortium claim is separate and distinct." *See Leonard v. John Crane, Inc.*, 206 Cal. App. 4th 1274, 1279 (Ct. App. 2012) (quoting *Rosecrans v. Dover Images Ltd.,* 192 Cal. App. 4th 1072, 1089 (Ct. App. 2011). Mr. Stevick alleges that "[a]s a direct and proximate result of one or more of [the] wrongful acts or  omissions of the Defendants . . . Mr. Stevick has been and will be deprived of Mrs. Stevick's comfort, care, affection, companionship, services, society, advice, guidance, counsel and consortium." *See* Complaint at ¶149, *Stevick v. Monsanto Co.*, No. 3:16-cv-02341-VC (N.D. Cal. Apr. 29, 2016). Mr. Stevick seeks

compensatory damages as well as "*treble and punitive* damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper." *Id.* at ¶ 150 (emphasis added).

To prevail on his claim, Mr. Stevick must prove that Monsanto's alleged acts and omission caused his harm. Proof of proximate cause is a required element of a loss of consortium claim, *Vanhooser v. Superior Court*, 206 Cal. App. 4th 921, 927 (Ct. App. 2012), and Monsanto has asserted a lack of proximate cause as a defense to the claim. Answer at ¶¶ 13, 24, *Stevick v. Monsanto Co.*, No. 3:16-cv-02341 (N.D. Cal. June 27, 2016). If Mr. Stevick cannot establish that Monsanto's acts and omissions caused his alleged harm because, for example, his harm can be attributed to another cause, his claim must fail. *See, e.g.*, *Scott v. Coastal Dragline Works, Inc.*, 525 So. 2d 695, 699 (La. Ct. App. 1988) (finding jury verdict against loss of consortium plaintiff was not manifestly erroneous where spouse testified that injuries unrelated to the accident were the greatest impacts on the marriage); *Bailey v. Emilio C. Chu, M.D., Inc.*, 610 N.E.2d 531, 535 (Ohio Ct. App. 1992) (the jury could reasonably conclude that there was no appreciable change in the relationship of the plaintiffs as a direct result of the husband's injuries); *Treglown v. K-Mart Corp.*, 537 S.E.2d 173, 175 (Ga. Ct. App. 2000) (loss of consortium damages not awarded where there was a question as to whether any harm to the relationship was due to a spouse's injury or obsessive compulsive personality and depression); *Tieche v. Panlener*, 504 So. 2d 49, 49 (Fla. Dist. Ct. App. 1987) (finding that the trial court did not err in concluding that the spouse's loss of consortium claim was not supported by competent substantial evidence).

Monsanto is entitled to discovery on Mr. Stevick's claim. The discovery that Monsanto can seek includes discovery on the nexus between the losses that Mr. Stevick alleges arose from its alleged "wrongful acts or omissions." The PFS along with the medical authorizations that accompany the PFS are designed to facilitate and expedite discovery on issues that are critical to matters before the Court.[1] While some of the PFS questions are not directed to Mr. Stevick's alleged injury, for example, whether and when Mr. Stevick was diagnosed with non-Hodgkin's lymphoma, Monsanto is entitled to know if Mr. Stevick has sought any medical assistance in connection with his loss of consortium for physical or emotional harms. In addition, Monsanto is entitled to discovery on other potential causes of the alleged impacts on his marital relationship including causes that might have arisen from Mr. Stevick's own physical and emotional health or his employment.

Finally, Mr. Stevick should not be excused from completing the PFS questions that are directed to his use of Roundup® branded herbicides. The extent to which he assisted his wife in applying the product is relevant to his relationship with his wife. It is also relevant to Mrs. Stevick's claim and Monsanto's defenses to that claim. That is particularly the case given that Mr. Stevick himself has not been diagnosed with non-Hodgkin's lymphoma.

For the foregoing reasons, Monsanto respectfully requests that this Court order plaintiffs (1) to produce immediately the medical authorizations that were due on October 4, 2018, and (2) produce a PFS for Mr. Stevick on October 22, 2018, the date that the other PFSs for Group 1 are due.

---

[1] The submission of a PFS, however, does not waive Monsanto's right to discovery by interrogatories or other appropriate means. A PFS is merely designed to streamline the discovery process, not replace it entirely.

Honorable Vince Chhabria
October 16, 2018
Page 4

                              Respectfully submitted,

                              Brian K. Brake,
                              Counsel for Mr. Stevick

                              Sandra Kaczmarczyk,
                              Counsel for Monsanto

BKB:rmm
cc:     Kristen Melen (via electronic mail)
        Joe G. Hollinsgworth, Esquire (via electronic mail)
        Elyse A. Shimada, Esquire (via electronic mail)
        Eric G. Lasker, Esquire (via electronic mail)
        Richard A. Clark, Esquire (via electronic mail)
        Steven R. Platt, Esquire (via electronic mail)
        Michael J. Miller, Esquire (via electronic mail)
        Aimee Wagstaff, Esquire (via electronic mail)
        Robin Greenwald, Esquire (via electronic mail)