**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Peter Johansing v. Monsanto Co.*,<br>Case No.  3:16-cv-05751-VC | |

**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Peter Johansing's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      In response to the allegations in paragraph 1, Monsanto admits that it discovered the herbicidal properties of glyphosate and that it has manufactured Roundup®-branded herbicides.  Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations concerning plaintiff's use

- 1 -

1    of and/or exposure to Roundup®-branded products and therefore denies those allegations.

2    Monsanto denies the remaining allegations in paragraph 1.

3            2.      In response to the allegations in paragraph 2, Monsanto denies that any exposure

4    to glyphosate-based herbicides or Roundup®-branded products can cause non-Hodgkin's

5    lymphoma (NHL) or other serious illnesses.  Monsanto lacks information or knowledge

6    sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and therefore

7    denies those allegations.

8            3.      In response to the allegations in paragraph 3, Monsanto admits that the World

9    Health Organization's International Agency for Research on Cancer ("IARC") issued a

10   monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate

11   under Group 2A, but denies that the IARC Monograph is the authoritative standard for cancer

12   hazard assessment around the world or that IARC based its evaluation on a complete or accurate

13   assessment of the scientific research regarding glyphosate.  Monsanto further denies that the

14   members of the panel were "renowned scientists" or that they were free from conflicts of

15   interest.  In response to the allegations in the final sentence of paragraph 3, Monsanto admits that

16   the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it

17   was required to add glyphosate to California's Proposition 65 list of chemicals in a process that

18   OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the

19   weight or quality of the evidence considered by IARC.  Monsanto further states that this decision

20   was not based upon any independent scientific analysis of glyphosate but instead was in response

21   to a provision of a California ballot proposition triggering such action based solely upon the

22   IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon

23   its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to

24   pose a cancer hazard to humans."[1]  Monsanto contends that OEHHA's decision that it was

25   required to list glyphosate violates the United States Constitution and the California Constitution.

26   On February 26, 2018, a federal district court enjoined California from requiring Proposition 65

27   ─────────────────────
     [1] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),

28   https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-05751-VC

1   warning labels for glyphosate as unconstitutional. The remaining allegations in the final sentence

2   of paragraph 3 set forth conclusions of law for which no response is required.  To the extent a

3   response is deemed required, Monsanto denies the remaining allegations in paragraph 3.

4        4.     Monsanto admits the allegations in the first sentence of paragraph 4.  In response

5   to the allegations in the second sentence of paragraph 4, Monsanto admits that glyphosate, the

6   active ingredient in Roundup®-branded herbicides, is a non-selective herbicide and that certain

7   Roundup®-branded herbicides are used to kill weeds that commonly compete with growing

8   crops.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of

9   the specific numbers and statistics cited in the remaining sentences of paragraph 4 and therefore

10   denies those allegations.

11        5.     In response to the allegations in the first sentence of paragraph 5, Monsanto

12   admits that it has stated, and continues to state, that Roundup®-branded products are safe when

13   used in accordance with the products' labeling.  Monsanto denies that any exposure to

14   glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

15   illnesses.  Monsanto denies the remaining allegations in paragraph 5.

16        6.     Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 6 and therefore denies those allegations.

18        7.     Monsanto admits the allegations in the first and second sentences of paragraph 7.

19   In response to the allegations in the final sentence of paragraph 7, Monsanto admits that it was

20   the entity that discovered the herbicidal properties of glyphosate and that Monsanto

21   manufactures Roundup®-branded products that have glyphosate as the active ingredient, but

22   notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides..

23   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

24   remaining allegations in the final sentence of paragraph 7 and therefore denies those allegations.

25        8.     The allegations in paragraph 8 set forth conclusions of law for which no response

26   is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

27   paragraph 8 based upon the allegations in plaintiff's Complaint.

28        9.     The allegations in paragraph 9 set forth conclusions of law for which no response

1    is required.

2         10.     Monsanto denies the allegations in paragraph 10.

3         11.     In response to the allegations in paragraph 11, Monsanto denies any "omissions"

4    and certain events giving rise to plaintiff's claim and Monsanto lacks information or knowledge

5    sufficient to form a belief as to the truth of the allegations in paragraph 11 regarding where

6    certain other events giving rise to plaintiff's claim occurred and therefore denies those

7    allegations.  The remaining allegations in paragraph 11 set forth conclusions of law for which no

8    response is required.

9         12.     In response to the allegations in paragraph 12, Monsanto admits that glyphosate is

10   an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

11   paragraph 12 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

12   to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies

13   those allegations.

14        13.     Monsanto admits the allegations in the first sentence of paragraph 13.  Monsanto

15   denies the allegations in the second sentence of paragraph 13 because the impact of glyphosate

16   on treated plants varies depending upon the amount of glyphosate applied and the type of plant.

17   Monsanto denies the allegations in the final sentence of paragraph 13 to the extent that they

18   suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well

19   within regulatory safety levels, as determined by the United States Environmental Protection

20   Agency ("EPA").

21        14.     Monsanto admits the allegations in paragraph 14.

22        15.     In response to the allegations in paragraph 15, Monsanto admits that farmers have

23   safely used Roundup®-branded products since the 1970s. Monsanto denies the remaining

24   allegations in paragraph 15.

25        16.     The allegations in paragraph 16 set forth conclusions of law for which no

26   response is required.  To the extent that a response is deemed required, Monsanto admits the

27   allegations in paragraph 16.

28        17.     In response to the allegations in paragraph 17, Monsanto admits that EPA requires

- 4 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-05751-VC

1   registrants of herbicides to submit extensive data in support of the human health and

2   environmental safety of their products and further admits that EPA will not register or approve

3   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining

4   allegations in paragraph 17 set forth conclusions of law for which no response is required.

5          18.     The allegations in paragraph 18 set forth conclusions of law for which no

6   response is required.

7          19.     In response to the allegations in paragraph 19, Monsanto admits that EPA requires

8   registrants of herbicides to submit extensive data in support of the human health and

9   environmental safety of their products and further admits that EPA will not register or approve

10  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

11  states that the term "the tests" in the final sentence of paragraph 19 is vague and ambiguous, and

12  Monsanto therefore denies the same.  The remaining allegations in paragraph 19 set forth

13  conclusions of law for which no response is required.

14         20.     Monsanto denies the allegations in paragraph 20 to the extent they suggest that

15  EPA only evaluates the safety of pesticide products on the date of their initial registration.

16  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

17  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

18  of the allegations in paragraph 20 regarding such pesticide products generally and therefore

19  denies those allegations.  The remaining allegations in paragraph 20 set forth conclusions of law

20  for which no response is required.

21         21.     In response to the allegations in paragraph 21, Monsanto admits that EPA has

22  undertaken a regulatory review of glyphosate and that EPA has not released its findings.

23  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs

24  ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that

25  "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses

26  relevant to human health risk assessment"[2]; and (b) at the same time, EPA posted an October

27  _____

    [2] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic
28  Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"),

                                                                        *(Footnote continued)*

1   2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which

2   CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic

3   to Humans."[3]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed,

4   lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion

5   that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[4]

6   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

7   remaining allegations in paragraph 21 and therefore denies these allegations.

8          22.     In response to the allegations in paragraph 22, Monsanto admits that EPA posted

9   the EPA CARC Final Report on EPA's website in late April 2016 and took the report off the

10  website in early May 2016.  Monsanto further states that, in September 2016, EPA posted the

11  EPA CARC Final Report that endorsed EPA's existing classification of glyphosate as "Not

12  Likely to be Carcinogenic to Humans."  Monsanto further states that, in December  2017, EPA's

13  OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that

14  reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be

15  carcinogenic to humans'."[5]  Monsanto lacks information or knowledge sufficient to form a belief

16  as to the truth of the remaining allegations in paragraph 22 and therefore denies those allegations.

17         23.     In response to the allegations in paragraph 23, Monsanto admits that an EPA

18  review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

19  changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

20  https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP

21  Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

22  [3] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*

23  *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

24  [4] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of*

25  *Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

26  [5] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of*

27  *Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.epa.gov/sites/production/files/2017-12/documents/revised_glyphosate_issue_paper_evaluation_of_carcinogenic_potential.pdf.

28

evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP Reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen] — one that shows evidence of non-carcinogenicity for humans — based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 23.

24.     In response to the allegations in paragraph 24, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

1 toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

2 glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") studies.  To

3 the extent that the allegations in paragraph 24 are intended to suggest that Monsanto was

4 anything other than a victim of this fraud, such allegations are denied.

5    25. In response to the allegations in paragraph 25, Monsanto admits that IBT

6 Laboratories was hired to conduct toxicity studies in connection with the registration of a

7 Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

8 based upon any fraudulent or false IBT studies.

9    26. Monsanto denies the allegations in paragraph 26 to the extent they suggest that

10 EPA performed an inspection of IBT Laboratories solely or specifically in connection with

11 studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

12 Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

13 connection with services provided to a broad number of private and governmental entities and

14 that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

15 one of several pesticide manufacturers who had used IBT test results.  The audit found some

16 toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

17 Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

18 Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

19 based upon any invalid IBT studies.  To the extent that the allegations in paragraph 26 are

20 intended to suggest that Monsanto was anything other than a victim of this fraud, such

21 allegations also are denied.

22    27. In response to the allegations in paragraph 27, Monsanto admits that three IBT

23 employees were convicted of the charge of fraud, but Monsanto denies that any of the

24 individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

25 herbicides.

26    28. In response to the allegations in paragraph 28, Monsanto admits that it – along

27 with numerous other private companies – hired Craven Laboratories as an independent

28 laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto further

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-05751-VC

1    admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the

2    studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations

3    in paragraph 28 are intended to suggest that Monsanto was anything other than a victim of this

4    fraud, such allegations are denied.

5         29.    In response to the allegations in paragraph 29, Monsanto admits that Roundup®-

6    branded products are highly valued by its customers because of their efficacy and safety.

7    Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The

8    remaining allegations in paragraph 29 are vague and conclusory and comprise attorney

9    characterizations and are accordingly denied.

10        30.    In response to the allegations in paragraph 30, Monsanto admits that following the

11   development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds

12   are now widely used by farmers in the United States and worldwide.  Monsanto lacks

13   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

14   cited in paragraph 30 and accordingly denies those allegations.  The remaining allegations in

15   paragraph 30 are vague and conclusory and comprise attorney characterizations and are

16   accordingly denied.

17        31.    In response to the allegations in paragraph 31, Monsanto admits that glyphosate is

18   one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

19   is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks

20   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

21   cited in paragraph 31 and accordingly denies the same.  The remaining allegations in paragraph

22   31 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

23        32.    In response to the allegations in paragraph 32, Monsanto admits that the New

24   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

25   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

26   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

27   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

28   the subparts of paragraph 32 purport to quote a document, the document speaks for itself and

1    thus does not require any further response.  The remaining allegations in paragraph 32 are vague

2    and conclusory and comprise attorney characterizations, and are accordingly denied.

3        33.    In response to the allegations in paragraph 33, Monsanto admits it entered into an

4    assurance of discontinuance with the New York Attorney General.  The assurance speaks for

5    itself and thus does not require any further answer.  The remaining allegations in paragraph 33

6    are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

7        34.    Monsanto denies the allegations in paragraph 34.

8        35.    In response to the allegations in paragraph 35, Monsanto admits that the French

9    court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

10   that it "left the soil clean," but denies the allegations in paragraph 35 to the extent they suggest

11   that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.

12   Monsanto denies the remaining allegations in paragraph 35.

13       36.    In response to the allegations in paragraph 36, Monsanto admits that IARC was

14   created in 1965.  The remaining allegations in paragraph 36 are vague and conclusory and

15   comprise attorney characterizations, and are accordingly denied.

16       37.    Monsanto denies the allegations in the first and second sentences of paragraph 37.

17   Monsanto admits the allegations in the final sentence of paragraph 37.

18       38.    In response to the allegations in paragraph 38, Monsanto denies that IARC

19   follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information

20   or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

21   paragraph 38, which are not limited as of any specified date, and accordingly denies the same.

22       39.    In response to the allegations in paragraph 39, Monsanto admits that IARC sets

23   forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

24   Monsanto denies the remaining allegations in paragraph 39.

25       40.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

26   research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it

27   cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form

28

a belief as to the truth of the remaining allegations in paragraph 40 and therefore denies those allegations.

41.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 and therefore denies those allegations.

42.     Monsanto denies the allegations in paragraph 42 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

43.     In response to the allegations in paragraph 43, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working group are "experts."

44.     In response to the allegations in paragraph 44, Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge

1    sufficient to form a belief as to the accuracy of the source of said information and accordingly

2    denies the allegations.

3         46.    The allegations in paragraph 46 are vague and conclusory.  To the extent they

4    purport to characterize statements made in the IARC monograph for glyphosate, the statements

5    in that document speak for themselves, but Monsanto lacks information or knowledge sufficient

6    to form a belief as to the accuracy of the source of said information and accordingly denies the

7    allegations.

8         47.    In response to the allegations in paragraph 47, to the extent the allegations purport

9    to characterize statements made in the IARC monograph for glyphosate, the statements in that

10   document speak for themselves, but to the extent that this paragraph means that more than *de*

11   *minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 47.

12        48.    In response to the allegations in paragraph 48, Monsanto admits that the IARC

13   working group identified a number of case control studies of populations with exposures to

14   glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

15   health concern from such exposures.

16        49.    In response to the allegations in paragraph 49, Monsanto denies that the IARC

17   working group considered all of the data in the numerous studies that have been conducted

18   looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

19   that it reliably considered the studies that it purports to have reviewed, which frequently reach

20   conclusions directly contrary to those espoused by the IARC working group.  To the extent that

21   the allegations in paragraph 49 purport to characterize statements made in the IARC monograph

22   for glyphosate, the statements in that document speak for themselves.

23        50.    In response to the allegations in paragraph 50, Monsanto admits that the IARC

24   working group identified a number of case control studies of populations with exposures to

25   glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

26   health concern from such exposures.  Monsanto denies the remaining allegations in paragraph

27   50.  The IARC working group concluded that there was only limited evidence of carcinogenicity

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-05751-VC

in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

51.     In response to the allegations in paragraph 51, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

53.     In response to the allegations in the first sentence of paragraph 53, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  In response to the allegations in the second sentence of paragraph 53, Monsanto states that the cited document speaks for itself and does not require a response.  In response to the allegations in the final sentence of paragraph 53 and in footnote 1, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses. Monsanto denies the remaining allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or persist in human blood or urine.  Monsanto denies the remaining allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but

1    denies that the working group characterized that study as supporting an association between

2    glyphosate and the specified cancers.  The AHS cohort study did not find a positive association

3    between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph

4    55.

5        56.      In response to the allegations in paragraph 56, Monsanto admits that the

6    referenced studies were published, but denies that the studies show any scientifically reliable

7    findings.

8        57.      In response to the allegations in paragraph 57, Monsanto denies that the cited

9    study provides any reliable basis for a finding that any meaningful levels of glyphosate are

10   present or persist in human blood or urine.  Monsanto denies the remaining allegations in

11   paragraph 57.

12       58.      In response to the allegations in paragraph 58, Monsanto denies that any

13   exposure to Roundup®-branded products can cause cancer and other serious illnesses and

14   therefore denies the allegations in the first and fourth sentences of paragraph 58.  Monsanto

15   admits that certain Roundup®-branded herbicides contain adjuvants and that EPA has classified

16   such adjuvants as inert.  Monsanto notes that EPA has determined that the surfactants used in

17   Roundup®-branded herbicides do not pose an unreasonable risk to human health.  The remaining

18   allegations in paragraph 58 are vague and conclusory and comprise attorney characterizations,

19   and are accordingly denied.

20       59.      In response to the allegations in paragraph 59, Monsanto admits that the IARC

21   working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

22   discussions in certain countries regarding the sale of glyphosate-based herbicides.  Monsanto

23   denies that any final conclusion has been reached in these countries and denies that there is any

24   scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies

25   the remaining allegations in paragraph 59.

26       60.      In response to the allegations in paragraph 60, Monsanto admits that the IARC

27   working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

28   discussions in certain countries regarding the sale of glyphosate-based herbicides, including the

1    Netherlands.  Monsanto denies that any final conclusion has been reached in these countries and

2    denies that there is any scientific basis for the concerns raised by the improper IARC

3    classification.  Monsanto denies the remaining allegations in paragraph 60.

4         61.     In response to the allegations in paragraph 61, Monsanto admits that the IARC

5    working group classification led an individual government attorney in Brazil to write a letter to

6    the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the

7    remaining allegations in paragraph 61.

8         62.     In response to the allegations in paragraph 62, Monsanto admits that following the

9    IARC working group classification, in France, all non-professional plant protection products,

10   including but not limited to glyphosate-based products, will be sold behind locked counters (no

11   free sales).  Monsanto further admits that the French government has announced that beginning

12   on January 1, 2019, the sale of non-professional lawn and garden products, including but not

13   limited to non-professional use glyphosate-based products, will be prohibited with certain

14   exceptions.  Monsanto denies the remaining allegations in paragraph 62.

15        63.     In response to the allegations in paragraph 63, Monsanto admits that some

16   employees of Bermuda's government announced an intention to suspend the importation of

17   glyphosate-based herbicides, but lacks information sufficient to form a belief as to the truth of

18   the allegations about whether this suspension took effect and accordingly denies the same.

19   Monsanto denies the remaining allegations in paragraph 63.

20        64.     In response to the allegations in paragraph 64, Monsanto admits that the IARC

21   monograph appears to be the alleged basis for the Sri Lankan government's actions, including

22   the allegation that glyphosate can cause kidney disease.  Monsanto further states that the

23   allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations

24   regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 64.

25        65.     In response to the allegations in paragraph 65, Monsanto denies the alleged basis

26   for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has

27   explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC

28   ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety

1    concerns.  As of April 2016, the government of Colombia has resumed manual application of

2    glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs'

3    expert testimony purporting to link these same aerial eradication operations with cancer as

4    scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto

5    denies the remaining allegations in paragraph 65.

6          66.    In response to the allegations in paragraph 66, Monsanto admits that 96

7    individuals signed a letter sent by Dr. Christopher Portier to the EU Health Commissioner

8    (hereinafter "the Portier letter").  Monsanto states that Dr. Portier has been disclosed as an expert

9    witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto.

10   Monsanto denies that Dr. Portier or the other signatories to his letter are "prominent experts,"

11   and Monsanto lacks information or knowledge sufficient to form a belief as to whether the other

12   signatories were aware, before they signed the Portier letter, that Dr. Portier was working as a

13   retained expert for plaintiffs' counsel.  Monsanto otherwise admits that this letter urged the EU

14   Health Commissioner to disregard the conclusion that glyphosate is not carcinogenic found by

15   the European Food Safety Authority ("EFSA") and by the German Federal Institute for Risk

16   Management ("BfR").

17         67.    In response to the allegations in paragraph 67, Monsanto denies that the self-

18   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

19   extent that paragraph 67 characterizes the scientific evidence regarding the safety of glyphosate-

20   based herbicides, Monsanto denies the remaining allegations in paragraph 67.

21         68.    Monsanto admits that, in June 2016, the European Union continued to consider

22   the reregistration of glyphosate.  Monsanto also states that the allegations are out of date and that

23   the European Union has approved glyphosate for another five years.  Monsanto further notes

24   that, in March 2017, the European Chemical Agency ("ECHA") announced that its Committee

25   for Risk Assessment concluded that the available scientific evidence did not meet the criteria to

26   classify glyphosate as a carcinogen.  *See* ECHA, *Glyphosate not classified as a carcinogen by

27   ECHA*, https://echa.europa.eu/-/glyphosate-not-classified-as-a-carcinogen-by-echa.  Monsanto

28   denies the remaining allegations in paragraph 68.

69.     In response to the allegations paragraph 69, Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 69, and therefore denies those allegations.

70.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 70, and therefore denies those allegations.

71.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL, and other serious illnesses and therefore denies the allegations in paragraph 71.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

72.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL, and other serious illnesses and therefore denies the allegations in paragraph 72.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

73.     Monsanto incorporates by reference its responses to paragraphs 1 through 72 in response to paragraph 73 of plaintiff's Complaint.

74.     In response to the allegations in paragraph 74, Monsanto denies that it violated the laws of California or federal law and states that it complied with all applicable law regarding Roundup®-branded products.  The remaining allegations in paragraph 74 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies all such allegations.

75.     The allegations in paragraph 75 set forth conclusions of law for which no response is required.

76.     Monsanto denies the allegations in the first sentence of paragraph 76.  The second sentence in paragraph 76 sets forth a conclusion of law for which no response is required. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

77.     Monsanto incorporates by reference its responses to paragraphs 1 through 76 in

1    response to paragraph 77 of plaintiff's Complaint.

2        78.     In response to the allegations in paragraph 78, Monsanto admits that plaintiff

3    purports to bring a claim for strict liability defective design, but Monsanto denies any liability to

4    as to that claim.

5        79.     Monsanto denies the allegations in the first and second sentences of paragraph 79.

6    In response to the last sentence of paragraph 79, Monsanto lacks information or knowledge

7    sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to

8    Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

9    remaining allegations in paragraph 79.

10       80.     Monsanto denies the allegations in paragraph 80.

11       81.     Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 81 concerning the condition of any Roundup®-branded

13   product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore

14   denies those allegations.  The remaining allegations in paragraph 81 set forth conclusions of law

15   for which no response is required.

16       82.     Monsanto denies the allegations in paragraph 82.

17       83.     Monsanto denies the allegations in paragraph 83.

18       84.     Monsanto denies the allegations in paragraph 84.

19       85.     Monsanto denies the allegations in paragraph 85 and each of its subparts.

20       86.     Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 86 concerning plaintiff's claimed use of Roundup®-branded

22   products and therefore denies those allegations.  Monsanto denies the remaining allegations in

23   paragraph 86, including that Roundup®-branded products have "dangerous characteristics."

24       87.     Monsanto lacks information or knowledge sufficient to form a belief as to the

25   truth of the allegations in paragraph 87 concerning plaintiff's claimed use of or exposure to

26   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

27   remaining allegations in paragraph 87, including that Roundup®-branded products have

28   "dangerous characteristics."

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     In response to the allegations in paragraph 96, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

97.     Monsanto incorporates by reference its responses to paragraphs 1 through 96 in response to paragraph 97 of plaintiff's Complaint.

98.     In response to the allegations in paragraph 98, Monsanto admits that plaintiff purports to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

99.     Monsanto denies the allegations in paragraph 99.

100.     In response to the allegations in paragraph 100, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff or other persons or entities purchased or used Roundup®-branded products and therefore denies those allegations.  The allegations in paragraph 100 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 100.

101.     The allegations in paragraph 101 set forth conclusions of law for which no response is required.

102.     Monsanto denies the allegations in paragraph 102.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

1    103.    Monsanto denies the allegations in paragraph 103.

2    104.    Monsanto denies the allegations in paragraph 104.

3    105.    Monsanto denies the allegations in paragraph 105.

4    106.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 106 and therefore denies those allegations.

6    107.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 107 concerning plaintiff's alleged use of and exposure to

8    Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

9    remaining allegations in paragraph 107, including that Roundup®-branded products have

10   "dangerous characteristics."

11   108.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 108 concerning plaintiff's alleged use of and exposure to

13   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

14   remaining allegations in paragraph 108, including that Roundup®-branded products have

15   "dangerous characteristics."

16   109.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in the second sentence of paragraph 109 and therefore denies those

18   allegations.  Monsanto denies the remaining allegations in paragraph 109.

19   110.    Monsanto denies the allegations in paragraph 110.

20   111.    Monsanto denies the allegations in paragraph 111.

21   112.    In response to the allegations in paragraph 112, Monsanto denies that there is any

22   risk of NHL or any other serious illnesses associated with the intended use of and/or exposure to

23   Roundup®-branded products and glyphosate.  The allegations in the second sentence of

24   paragraph 112 set forth conclusions of law for which no response is required.  Monsanto denies

25   the remaining allegations in paragraph 112.  All labeling of Roundup®-branded products has

26   been and remains EPA-approved and in compliance with all applicable laws and regulations.

27   113.    Monsanto denies the allegations in paragraph 113.

28

- 20 -

114.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114 concerning plaintiff's alleged use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 114.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto denies the allegations in paragraph 116.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

117.    Monsanto denies the allegations in paragraph 117.

118.    In response to the allegations in paragraph 118, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

119.    Monsanto incorporates by reference its responses to paragraphs 1 through 118 in response to paragraph 119 of plaintiff's Complaint.

120.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 120 regarding the specific products allegedly used by plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore denies the allegations in paragraph 120.

121.    The allegations in paragraph 121 set forth conclusions of law for which no response is required.

122.    The allegations in paragraph 122 set forth conclusions of law for which no response is required.

123.    Monsanto denies the allegations in paragraph 123.

124.    Monsanto denies the allegations in paragraph 124.

125.    Monsanto denies the allegations in paragraph 125.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

1    126.    Monsanto denies the allegations in paragraph 126.

2    127.    Monsanto denies the allegations in the first sentence of paragraph 127.  In response to the allegations in the second sentence of paragraph 127, Monsanto denies that Monsanto's promotional activities were not honest.  The remaining allegations in paragraph 127 set forth conclusions of law for which no response is required.

128.    Monsanto denies the allegations in paragraph 128.

129.    Monsanto denies the allegations in paragraph 129, including each of its subparts.

130.    Monsanto denies the allegations in paragraph 130.

131.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 regarding plaintiff's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 131, including that intended use of and/or exposure to Roundup®-branded products causes any injuries.

132.    Monsanto denies the allegations in paragraph 132.

133.    Monsanto denies the allegations in paragraph 133.

134.    Monsanto denies the allegations in paragraph 134.

135.    In response to the allegations in paragraph 135, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

136.    Monsanto incorporates by reference its responses to paragraphs 1 through 135 in response to paragraph 136 of plaintiff's Complaint.

137.    Monsanto denies the allegations in paragraph 137.

138.    Monsanto denies the allegations in paragraph 138. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

139.    Monsanto denies the allegations in paragraph 139.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

1  140.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2  truth of the allegations in paragraph 143 regarding plaintiff's knowledge or reliance and

3  therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 143.

4  141.    Monsanto denies the allegations in paragraph 141.

5  142.    Monsanto denies the allegations in paragraph 142.

6  143.    Monsanto denies the allegations in paragraph 143.

7  144.    Monsanto denies the allegations in paragraph 144.

8  145.    In response to the allegations in the paragraph 145, Monsanto demands that

9  judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed,

10  with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as

11  allowed by law and such further and additional relief as this Court may deem just and proper.

12  146.    Monsanto incorporates by reference its responses to paragraphs 1 through 145 in

13  response to paragraph 146 of plaintiff's Complaint.

14  147.    Monsanto denies the allegations in paragraph 147.  Additionally, the final

15  sentence of paragraph 147 sets forth conclusions of law for which no response is required.

16  148.    The allegations in paragraph 148 set forth conclusions of law for which no

17  response is required.

18  149.    In response to the allegations in paragraph 149, Monsanto denies that it has failed

19  to properly disclose risks associated with Roundup®-branded products.  The remaining

20  allegations in paragraph 149 are vague and conclusory and comprise attorney characterizations,

21  and are accordingly denied.

22  150.    In response to the allegations in paragraph 150, Monsanto admits that it has sold

23  glyphosate-based herbicides in accordance with their EPA-approved labeling. Monsanto further

24  states that paragraph 150 sets forth conclusions of law for which no response is required.

25  Monsanto denies the remaining allegations in paragraph 150.

26  151.    Monsanto denies the allegations in the first and second sentences of paragraph

27  151.  All labeling of Roundup®-branded products has been and remains EPA-approved and in

28

1  compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

2  of paragraph 151 sets forth conclusions of law for which no response is required.

3         152.    The allegations in paragraph 152 set forth conclusions of law for which no

4  response is required.

5         153.    Monsanto denies the allegation in paragraph 188.

6         154.    Monsanto denies the allegations in paragraph 189 and each of its subparts.

7         155.    Monsanto states that the allegation in paragraph 155 that Monsanto made an

8  express warranty sets forth a legal conclusion for which no response is required.  Monsanto lacks

9  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

10  in paragraph 155 and therefore denies those allegations.

11        156.    Monsanto denies the allegations in paragraph 156.

12        157.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13  truth of the allegations in paragraph 157 regarding plaintiff's knowledge and therefore denies

14  those allegations.  Monsanto denies the remaining allegations in paragraph 157.

15        158.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16  truth of the allegations in paragraph 158 and therefore denies those allegations.

17        159.    Monsanto denies the allegations in paragraph 159.

18        160.    Monsanto denies the allegations in paragraph 160.

19        161.    In response to paragraph 161, Monsanto demands that judgment be entered in its

20  favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

21  Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

22  further and additional relief as this Court may deem just and proper.

23        162.    Monsanto incorporates by reference its responses to paragraphs 1 through 161 in

24  response to paragraph 162 of plaintiff's Complaint.

25        163.     Monsanto denies the allegations in paragraph 163. Additionally, the final

26  sentence of paragraph 163 sets forth conclusions of law for which no response is required.

27        164.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28  truth of the allegations in paragraph 164 regarding plaintiff's claimed use of Roundup®-branded

1    products and therefore denies those allegations.  The remaining allegations in paragraph 164 set

2    forth conclusions of law for which no response is required.

3        165.    Monsanto denies the allegations in paragraph 165.  All labeling of Roundup®-

4    branded products has been and remains EPA-approved and in compliance with all federal

5    requirements under FIFRA.

6        166.    The allegations in paragraph 166 set forth conclusions of law for which no

7    response is required.

8        167.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 167 and therefore denies those allegations.

10       168.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 168 regarding the claimed use of Roundup®-branded

12   products by plaintiff and others and therefore denies those allegations.  The remaining

13   allegations in paragraph 168 set forth conclusions of law for which no response is required.

14       169.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations in paragraph 169 regarding plaintiff's claimed use of or exposure to

16   Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph

17   169 regarding Monsanto's implied warranties sets forth conclusions of law for which no

18   response is required.  Monsanto denies the remaining allegations in paragraph 169.

19       170.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 170 regarding plaintiff's claimed use of Roundup®-branded

21   products or plaintiff's claimed reliance and therefore denies those allegations.  The allegation in

22   paragraph 170 regarding Monsanto's implied warranty sets forth conclusions of law for which no

23   response is required.

24       171.    Monsanto denies that there is any risk of serious injury associated with or linked

25   to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate and

26   therefore denies the allegations in paragraph 171.  Monsanto states, however, that the scientific

27   studies upon which IARC purported to base its evaluation of glyphosate were all publicly

28   available before March 2015.

1    172.    Monsanto denies the allegations in paragraph 172.

2    173.    Monsanto denies the allegations in paragraph 173.

3    174.    Monsanto denies the allegations in paragraph 174.

4    175.    In response to the allegations in paragraph 175, Monsanto demands that judgment

5    be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

6    prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

7    by law and such further and additional relief as this Court may deem just and proper.

8    176.    Monsanto incorporates by reference its responses to paragraphs 1 through 175 in

9    response to paragraph 176 of plaintiff's Complaint.

10    177.    Monsanto denies the allegations in paragraph 177.

11    178.    Monsanto denies the allegations in paragraph 178.

12    179.    Monsanto denies the allegations in paragraph 179.

13    180.    The allegations in paragraph 180 set forth a conclusion of law for which no

14    response is required.

15    181.    In response to the allegations in paragraph 181 and each of its subparts, Monsanto

16    demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

17    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

18    fees as allowed by law and such further and additional relief as this Court may deem just and

19    proper.

20    Every allegation in the Complaint that is not specifically and expressly admitted in this

21    Answer is hereby specifically and expressly denied.

22    **<u>SEPARATE AND AFFIRMATIVE DEFENSES</u>**

23    1.    The Complaint, in whole or part, fails to state a claim or cause of action against

24    Monsanto upon which relief can be granted.

25    2.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

26    reliable evidence that the products at issue were defective or unreasonably dangerous.

27    3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

28    was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

plaintiff's alleged injuries.

4.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

1    12.    Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or

2  in part.

3    13.    Plaintiff's misuse or abnormal use of the product or failure to follow instructions

4  bar plaintiff's claims in whole or in part.

5    14.    If plaintiff suffered injury or damages as alleged, which is denied, such injury or

6  damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither

7  liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative

8  degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that

9  are not related or connected with any product sold, distributed, or manufactured by Monsanto.

10  Such acts or omissions on the part of others or diseases or causes constitute an independent,

11  intervening and sole proximate cause of plaintiff's alleged injury or damages.

12    15.    Monsanto had no legal relationship or privity with plaintiff and owed no duty to

13  him by which liability could be attributed to it.

14    16.    Monsanto made no warranties of any kind or any representations of any nature

15  whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies,

16  then plaintiff failed to give notice of any breach thereof.

17    17.    Plaintiff's claims are preempted in whole or part by the Freedom of Speech

18  Clause of the First Amendment of the U.S. Constitution.

19    18.    Plaintiff's claims for punitive and/or exemplary damages are barred because such

20  an award would violate Monsanto's due process, equal protection and other rights under the

21  United States Constitution, the California Constitution, and/or other applicable state

22  constitutions.

23    19.    Plaintiff's claims for punitive and/or exemplary damages are barred because

24  plaintiff has failed to allege conduct warranting imposition of punitive damages under California

25  law and/or other applicable state laws.

26    20.    Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited

27  by operation of state and/or federal law.

28

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff has received and/or will receive from collateral sources.

25.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize or limit such claims.

27.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## <u>JURY TRIAL DEMAND</u>

Monsanto demands a jury trial on all issues so triable.

1

2
DATED:  October 17, 2018                    Respectfully submitted,

3
                                            /s/ Joe G. Hollingsworth
4
                                            Joe G. Hollingsworth (*pro hac vice*)
                                            (jhollingsworth@hollingsworthllp.com)
5
                                            Eric G. Lasker (*pro hac vice*)
                                            (elasker@hollingsworthllp.com)
6
                                            HOLLINGSWORTH LLP
                                            1350 I Street, N.W.
7
                                            Washington, DC  20005
                                            Telephone:  (202) 898-5800
8
                                            Facsimile:   (202) 682-1639

9
                                            *Attorneys for Defendant*
10
                                            *MONSANTO COMPANY*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-05751-VC