**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *Eric Morris v. Monsanto Co.*, Case No. 3:16-cv-06029-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Eric Morris' Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      In response to the allegations in paragraph 1, Monsanto admits that it discovered the herbicidal properties of glyphosate and that it has manufactured Roundup®-branded herbicides.  Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations concerning plaintiff's use of and/or exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 1.

2.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3.    In response to the allegations in paragraph 3, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause NHL or other serious illnesses.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and therefore denies those allegations.

4.    In response to the allegations in the of paragraph 4, Monsanto admits that the World Health Organization's International Agency for Research on Cancer ("IARC") issued a monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate under Group 2A, but denies that the IARC Monograph is the authoritative standard for cancer hazard assessment around the world or that IARC based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.  Monsanto further denies that the members of the panel were "renowned scientists" or that they were free from conflicts of interest.  In response to the allegations in the final sentence of paragraph 4, Monsanto admits that the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the weight or quality of the evidence considered by IARC.  Monsanto further states that this decision was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to pose a cancer hazard to humans."[1]  Monsanto contends that OEHHA's decision that it was required to list glyphosate violates the United States Constitution and the California Constitution. On February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning labels for glyphosate as unconstitutional. The remaining allegations in the final sentence

---

[1] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007), https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-06029-VC

1    of paragraph 3 set forth conclusions of law for which no response is required.  To the extent a

2    response is deemed required, Monsanto denies the remaining allegations in paragraph 4.

3           5.      Monsanto admits the allegations in the first sentence of paragraph 5.  In response

4    to the allegations in the second sentence of paragraph 5, Monsanto admits that glyphosate, the

5    active ingredient in Roundup®-branded herbicides, is a non-selective herbicide and that certain

6    Roundup®-branded herbicides are used to kill weeds that commonly compete with growing

7    crops.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of

8    the specific numbers and statistics cited in the remaining sentences of paragraph 5 and therefore

9    denies those allegations.

10          6.      In response to the allegations in the first sentence of paragraph 6, Monsanto

11   admits that it has stated, and continues to state, that Roundup®-branded products are safe when

12   used in accordance with the products' labeling.  Monsanto denies that any exposure to

13   glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

14   illnesses.  Monsanto denies the remaining allegations in paragraph 6.

15          7.      Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 7 and therefore denies those allegations.

17          8.      Monsanto admits the allegations in the first and second sentences of paragraph 8.

18   In response to the allegations in the final sentence of paragraph 8, Monsanto admits that it was

19   the entity that discovered the herbicidal properties of glyphosate and that Monsanto

20   manufactures Roundup®-branded products that have glyphosate as the active ingredient, but

21   notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides..

22   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

23   remaining allegations in the final sentence of paragraph 8 and therefore denies those allegations.

24          9.      The allegations in paragraph 9 set forth conclusions of law for which no response

25   is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

26   paragraph 9 based upon the allegations in plaintiff's Complaint.

27          10.     The allegations in paragraph 10 set forth conclusions of law for which no

28   response is required.

1    11.    Monsanto denies the allegations in paragraph 11.

2    12.    In response to the allegations in paragraph 12, Monsanto denies any "omissions"

3    and certain events giving rise to plaintiff's claim and Monsanto lacks information or knowledge

4    sufficient to form a belief as to the truth of the allegations in paragraph 12 regarding where

5    certain other events giving rise to plaintiff's claim occurred and therefore denies those

6    allegations.  The remaining allegations in paragraph 12 set forth conclusions of law for which no

7    response is required.

8    13.    In response to the allegations in paragraph 13, Monsanto admits that glyphosate is

9    an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

10   paragraph 13 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

11   to form a belief as to the truth of the remaining allegations in paragraph 13 and therefore denies

12   those allegations.

13   14.    Monsanto admits the allegations in the first sentence of paragraph 14.  Monsanto

14   denies the allegations in the second sentence of paragraph 14 because the impact of glyphosate

15   on treated plants varies depending upon the amount of glyphosate applied and the type of plant.

16   Monsanto denies the allegations in the final sentence of paragraph 14 to the extent that they

17   suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well

18   within regulatory safety levels, as determined by the United States Environmental Protection

19   Agency ("EPA").

20   15.    Monsanto admits the allegations in paragraph 15.

21   16.    In response to the allegations in paragraph 16, Monsanto admits that farmers have

22   safely used Roundup®-branded products since the 1970s. Monsanto denies the remaining

23   allegations in paragraph 16.

24   17.    The allegations in paragraph 17 set forth conclusions of law for which no

25   response is required.  To the extent that a response is deemed required, Monsanto admits the

26   allegations in paragraph 17.

27   18.    In response to the allegations in paragraph 18, Monsanto admits that EPA requires

28   registrants of herbicides to submit extensive data in support of the human health and

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-06029-VC

1   environmental safety of their products and further admits that EPA will not register or approve

2   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining

3   allegations in paragraph 18 set forth conclusions of law for which no response is required.

4       19.     The allegations in paragraph 19 set forth conclusions of law for which no

5   response is required.

6       20.     In response to the allegations in paragraph 20, Monsanto admits that EPA requires

7   registrants of herbicides to submit extensive data in support of the human health and

8   environmental safety of their products and further admits that EPA will not register or approve

9   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

10  states that the term "the tests" in the final sentence of paragraph 20 is vague and ambiguous, and

11  Monsanto therefore denies the same.  The remaining allegations in paragraph 20 set forth

12  conclusions of law for which no response is required.

13      21.     Monsanto denies the allegations in paragraph 21 to the extent they suggest that

14  EPA only evaluates the safety of pesticide products on the date of their initial registration.

15  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

16  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

17  of the allegations in paragraph 21 regarding such pesticide products generally and therefore

18  denies those allegations.  The remaining allegations in paragraph 21 set forth conclusions of law

19  for which no response is required.

20      22.     In response to the allegations in paragraph 22, Monsanto admits that EPA has

21  undertaken a regulatory review of glyphosate and that EPA has not released its findings.

22  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs

23  ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that

24  "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses

25  relevant to human health risk assessment"[2]; and (b) at the same time, EPA posted an October

26

27  [2] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"),

28  https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP

*(Footnote continued)*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-06029-VC

1    2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which

2    CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic

3    to Humans."[3]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed,

4    lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion

5    that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[4]

6    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

7    remaining allegations in paragraph 22 and therefore denies these allegations.

8        23.    In response to the allegations in paragraph 23, Monsanto admits that EPA posted

9    the EPA CARC Final Report on EPA's website in late April 2016 and took the report off the

10   website in early May 2016.  Monsanto further states that, in September 2016, EPA posted the

11   EPA CARC Final Report that endorsed EPA's existing classification of glyphosate as "Not

12   Likely to be Carcinogenic to Humans."  Monsanto further states that, in December  2017, EPA's

13   OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that

14   reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be

15   carcinogenic to humans'."[5]  Monsanto lacks information or knowledge sufficient to form a belief

16   as to the truth of the remaining allegations in paragraph 23 and therefore denies those allegations.

17       24.    In response to the allegations in paragraph 24, Monsanto admits that an EPA

18   review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

19   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

20   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits

21   that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect

22

23   Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on
     glyphosate's carcinogenic potential.

24   [3] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
     U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*

25   *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
     Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

26   [4] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of
     Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/

27   document?D=EPA-HQ-OPP-2016-0385-0528.

28

1   to the designation of an agent as Group E, but states that EPA repeatedly has concluded

2   that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions

3   in the two EPA OPP Reports and the EPA CARC Final Report discussed above, other

4   specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen] — one that shows evidence of non-carcinogenicity for humans — based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

21   Monsanto denies the remaining allegations in paragraph 24.

22          25.     In response to the allegations in paragraph 25, Monsanto admits that it – along

23   with a large number of other companies and governmental agencies – was defrauded by two

24   chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

25   testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

26   toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

27   glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") studies.  To

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-06029-VC

1   the extent that the allegations in paragraph 25 are intended to suggest that Monsanto was

2   anything other than a victim of this fraud, such allegations are denied.

3        26.     In response to the allegations in paragraph 26, Monsanto admits that IBT

4   Laboratories was hired to conduct toxicity studies in connection with the registration of a

5   Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

6   based upon any fraudulent or false IBT studies.

7        27.     Monsanto denies the allegations in paragraph 27 to the extent they suggest that

8   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

9   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

10  Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

11  connection with services provided to a broad number of private and governmental entities and

12  that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

13  one of several pesticide manufacturers who had used IBT test results.  The audit found some

14  toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

15  Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

16  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

17  based upon any invalid IBT studies.  To the extent that the allegations in paragraph 27 are

18  intended to suggest that Monsanto was anything other than a victim of this fraud, such

19  allegations also are denied.

20       28.     In response to the allegations in paragraph 28, Monsanto admits that three IBT

21  employees were convicted of the charge of fraud, but Monsanto denies that any of the

22  individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

23  herbicides.

24       29.     In response to the allegations in paragraph 29, Monsanto admits that it – along

25  with numerous other private companies – hired Craven Laboratories as an independent

26  laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto further

27  admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the

28  studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations

1  in paragraph 29 are intended to suggest that Monsanto was anything other than a victim of this

2  fraud, such allegations are denied.

3      30.    In response to the allegations in paragraph 30, Monsanto admits that Roundup®-

4  branded products are highly valued by its customers because of their efficacy and safety.

5  Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The

6  remaining allegations in paragraph 30 are vague and conclusory and comprise attorney

7  characterizations and are accordingly denied.

8      31.    In response to the allegations in paragraph 31, Monsanto admits that following the

9  development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds

10 are now widely used by farmers in the United States and worldwide.  Monsanto lacks

11 information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

12 cited in paragraph 31 and accordingly denies those allegations.  The remaining allegations in

13 paragraph 31 are vague and conclusory and comprise attorney characterizations and are

14 accordingly denied.

15     32.    In response to the allegations in paragraph 32, Monsanto admits that glyphosate is

16 one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

17 is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks

18 information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

19 cited in paragraph 32 and accordingly denies the same.  The remaining allegations in paragraph

20 32 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

21     33.    In response to the allegations in paragraph 33, Monsanto admits that the New

22 York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

23 advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

24 admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

25 General's allegations related in any way to a purported or alleged risk of cancer. To the extent

26 the subparts of paragraph 33 purport to quote a document, the document speaks for itself and

27 thus does not require any further response.  The remaining allegations in paragraph 33 are vague

28 and conclusory and comprise attorney characterizations, and are accordingly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-06029-VC

34.      To the extent that paragraph 34 purports to quote a document, the document speaks for itself and thus does not require any further response.

35.      To the extent that paragraph 35 purports to quote a document, the document speaks for itself and thus does not require any further response.

36.      To the extent that paragraph 36 purports to quote a document, the document speaks for itself and thus does not require any further response.

37.      To the extent that paragraph 37 purports to quote a document, the document speaks for itself and thus does not require any further response.

38.      To the extent that paragraph 38 purports to quote a document, the document speaks for itself and thus does not require any further response.

39.      To the extent that paragraph 39 purports to quote a document, the document speaks for itself and thus does not require any further response.

40.      To the extent that paragraph 40 purports to quote a document, the document speaks for itself and thus does not require any further response.

41.      To the extent that paragraph 41 purports to quote a document, the document speaks for itself and thus does not require any further response.

42.      To the extent that paragraph 42 purports to quote a document, the document speaks for itself and thus does not require any further response.

43.      To the extent that paragraph 43 purports to quote a document, the document speaks for itself and thus does not require any further response.

44.      In response to the allegations in paragraph 44, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 44 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

45.      The assurance speaks for itself and thus does not require any further answer.  The allegations in paragraph 45 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

46.     The assurance speaks for itself and thus does not require any further answer.  The allegations in paragraph 46 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

47.     The assurance speaks for itself and thus does not require any further answer.  The allegations in paragraph 47 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

48.     The assurance speaks for itself and thus does not require any further answer.  The allegations in paragraph 48 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

49.     The assurance speaks for itself and thus does not require any further answer.  The allegations in paragraph 49 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

50.     The assurance speaks for itself and thus does not require any further answer.  The allegations in paragraph 50 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

51.     Monsanto denies the allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 52 to the extent they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto admits that IARC was created in 1965.  The remaining allegations in paragraph 53 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

54.     Monsanto denies the allegations in the first and second sentences of paragraph 54. Monsanto admits the allegations in the final sentence of paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information

1    or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

2    paragraph 55, which are not limited as of any specified date, and accordingly denies the same.

3         56.    In response to the allegations in paragraph 56, Monsanto admits that IARC sets

4    forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

5    Monsanto denies the remaining allegations in paragraph 56.

6         57.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

7    research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it

8    cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form

9    a belief as to the truth of the remaining allegations in paragraph 57 and therefore denies those

10   allegations.

11        58.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

12   research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it

13   cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form

14   a belief as to the truth of the remaining allegations in paragraph 58 and therefore denies those

15   allegations.

16        59.    Monsanto denies the allegations in paragraph 59 to the extent that they suggest

17   that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified

18   glyphosate as a Group 2A agent in March 2015.

19        60.    In response to the allegations in paragraph 60, Monsanto admits that IARC issued

20   its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the

21   monograph was prepared by a "working group" of individuals selected by IARC who met over a

22   one week period in March 2015 to consider glyphosate along with a number of other substances.

23   Monsanto denies the allegation that all members of the working group are "experts."

24        61.    In response to the allegations in paragraph 61, Monsanto denies that the working

25   group or anyone at IARC conducted a one-year review of the scientific evidence related to

26   glyphosate or that the working group's findings reflected a comprehensive review of the latest

27   available scientific evidence.  Monsanto also denies that the working group considered all

28   information available in the scientific literature and all data from government reports that are

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-06029-VC

1  publicly available.  Monsanto denies the remaining allegations in paragraph 61.

2      62.      In response to the allegations in paragraph 62, Monsanto denies that the IARC

3  working group considered all of the data in the numerous studies that have been conducted

4  looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

5  that it reliably considered the studies that it purports to have reviewed, which frequently reach

6  conclusions directly contrary to those espoused by the IARC working group.  To the extent the

7  allegations purport to characterize statements made in the IARC monograph for glyphosate, the

8  statements in that document speak for themselves, but Monsanto lacks information or knowledge

9  sufficient to form a belief as to the accuracy of the source of said information and accordingly

10  denies the allegations.

11      63.      The allegations in paragraph 63 are vague and conclusory.  To the extent they

12  purport to characterize statements made in the IARC monograph for glyphosate, the statements

13  in that document speak for themselves, but Monsanto lacks information or knowledge sufficient

14  to form a belief as to the accuracy of the source of said information and accordingly denies the

15  allegations.

16      64.      In response to the allegations in paragraph 64, to the extent the allegations purport

17  to characterize statements made in the IARC monograph for glyphosate, the statements in that

18  document speak for themselves, but to the extent that this paragraph means that more than *de*

19  *minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 64.

20      65.      In response to the allegations in paragraph 65, Monsanto admits that the IARC

21  working group identified a number of case control studies of populations with exposures to

22  glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

23  health concern from such exposures.

24      66.      In response to the allegations in paragraph 66, Monsanto denies that the IARC

25  working group considered all of the data in the numerous studies that have been conducted

26  looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

27  that it reliably considered the studies that it purports to have reviewed, which frequently reach

28  conclusions directly contrary to those espoused by the IARC working group.  To the extent that

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-06029-VC

1   the allegations in paragraph 66 purport to characterize statements made in the IARC monograph

2   for glyphosate, the statements in that document speak for themselves.

3        67.     In response to the allegations in paragraph 67, Monsanto admits that the IARC

4   working group identified a number of case control studies of populations with exposures to

5   glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

6   health concern from such exposures.  Monsanto denies the remaining allegations in paragraph

7   67.  The IARC working group concluded that there was only limited evidence of carcinogenicity

8   in epidemiologic studies, which, per IARC's guidelines, means that the working group could not

9   rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

10       68.     In response to the allegations in paragraph 68, Monsanto admits that the IARC

11  working group purported to make these findings, but denies that the animal carcinogenicity

12  studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

13  of the identified tumors.  Monsanto further states that regulatory agencies around the world have

14  reviewed the same animal studies and concluded that they do not provide evidence that

15  glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 68.

16       69.     In response to the allegations in paragraph 69, Monsanto admits that the working

17  group cited to a study that it concluded provided evidence of chromosomal damage in

18  community residents reported to be exposed to glyphosate, but Monsanto denies that the study

19  supports such a conclusion or that the authors of the study reached such a conclusion.

20       70.     In response to the allegations in the first sentence of paragraph 70, Monsanto

21  admits that certain studies have reported that glyphosate and glyphosate-based formulations

22  induced oxidative stress under artificial experimental conditions.  Monsanto denies that these

23  studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce

24  oxidative stress in humans or animals under real-world exposure conditions.  In response to the

25  allegations in the second sentence of paragraph 70, Monsanto states that the cited document

26  speaks for itself and does not require a response.  In response to the allegations in the final

27  sentence of paragraph 70 and in footnote 1, Monsanto denies that any exposure to glyphosate-

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-06029-VC

1  based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.

2  Monsanto denies the remaining allegations in paragraph 70.

3        71.    In response to the allegations in paragraph 71, Monsanto admits that the IARC

4  working group purported to make these findings, but denies that the cited studies provide any

5  reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or

6  persist in human blood or urine.  Monsanto denies the remaining allegations in paragraph 71.

7        72.    In response to the allegations in paragraph 72, Monsanto admits that the working

8  group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but

9  denies that the working group characterized that study as supporting an association between

10  glyphosate and the specified cancers.  The AHS cohort study did not find a positive association

11  between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph

12  72.

13        73.    In response to the allegations in paragraph 73, Monsanto admits that the

14  referenced studies were published, but denies that the studies show any scientifically reliable

15  findings.

16        74.    In response to the allegations in paragraph 74, Monsanto denies that the cited

17  study provides any reliable basis for a finding that any meaningful levels of glyphosate are

18  present or persist in human blood or urine.  Monsanto denies the remaining allegations in

19  paragraph 74.

20        75.    In response to the allegations in paragraph 75, Monsanto denies that any

21  exposure to Roundup®-branded products can cause cancer and other serious illnesses and

22  therefore denies the allegations in the first and fourth sentences of paragraph 75.  Monsanto

23  admits that certain Roundup®-branded herbicides contain adjuvants and that EPA has classified

24  such adjuvants as inert.  Monsanto notes that EPA has determined that the surfactants used in

25  Roundup®-branded herbicides do not pose an unreasonable risk to human health.  The remaining

26  allegations in paragraph 75 are vague and conclusory and comprise attorney characterizations,

27  and are accordingly denied.

28

76.     In response to the allegations in paragraph 76, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions in certain countries regarding the sale of glyphosate-based herbicides.  Monsanto denies that any final conclusion has been reached in these countries and denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 76.

77.     In response to the allegations in paragraph 77, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions in certain countries regarding the sale of glyphosate-based herbicides, including the Netherlands.  Monsanto denies that any final conclusion has been reached in these countries and denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 77.

78.     In response to the allegations in paragraph 78, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 78.

79.     In response to the allegations in paragraph 79, Monsanto admits that following the IARC working group classification, in France, all non-professional plant protection products, including but not limited to glyphosate-based products, will be sold behind locked counters (no free sales).  Monsanto further admits that the French government has announced that beginning on January 1, 2019, the sale of non-professional lawn and garden products, including but not limited to non-professional use glyphosate-based products, will be prohibited with certain exceptions.  Monsanto denies the remaining allegations in paragraph 79.

80.     In response to the allegations in paragraph 80, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same. Monsanto denies the remaining allegations in paragraph 80.

1    81.    In response to the allegations in paragraph 81, Monsanto admits that the IARC
2   monograph appears to be the alleged basis for the Sri Lankan government's actions, including
3   the allegation that glyphosate can cause kidney disease.  Monsanto further states that the
4   allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations
5   regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 81.

6    82.    In response to the allegations in paragraph 82, Monsanto denies the alleged basis
7   for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has
8   explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC
9   ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety
10  concerns.  As of April 2016, the government of Colombia has resumed manual application of
11  glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs'
12  expert testimony purporting to link these same aerial eradication operations with cancer as
13  scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto
14  denies the remaining allegations in paragraph 82.

15    83.    In response to the allegations in paragraph 83, Monsanto admits that 96
16  individuals signed a letter sent by Dr. Christopher Portier to the EU Health Commissioner
17  (hereinafter "the Portier letter").  Monsanto states that Dr. Portier has been disclosed as an expert
18  witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto.
19  Monsanto denies that Dr. Portier or the other signatories to his letter are "prominent experts,"
20  and Monsanto lacks information or knowledge sufficient to form a belief as to whether the other
21  signatories were aware, before they signed the Portier letter, that Dr. Portier was working as a
22  retained expert for plaintiffs' counsel.  Monsanto otherwise admits that this letter urged the EU
23  Health Commissioner to disregard the conclusion that glyphosate is not carcinogenic found by
24  the European Food Safety Authority ("EFSA") and by the German Federal Institute for Risk
25  Management ("BfR").

26    84.    In response to the allegations in paragraph 84, Monsanto denies that the self-
27  labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the
28  extent that paragraph 84 characterizes the scientific evidence regarding the safety of glyphosate-

1   based herbicides, Monsanto denies the remaining allegations in paragraph 84.

2   85.   Monsanto admits that, in June 2016, the European Union continued to consider

3   the reregistration of glyphosate.  Monsanto also states that the allegations are out of date and that

4   the European Union has approved glyphosate for another five years.  Monsanto further notes

5   that, in March 2017, the European Chemical Agency ("ECHA") announced that its Committee

6   for Risk Assessment concluded that the available scientific evidence did not meet the criteria to

7   classify glyphosate as a carcinogen.  *See* ECHA, *Glyphosate not classified as a carcinogen by*

8   *ECHA*, https://echa.europa.eu/-/glyphosate-not-classified-as-a-carcinogen-by-echa.  Monsanto

9   denies the remaining allegations in paragraph 85.

10   86.   In response to the allegations paragraph 86, Monsanto denies that any exposure to

11   Roundup®-branded products can cause NHL and other serious illnesses.  Monsanto lacks

12   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

13   in paragraph 86, and therefore denies those allegations.

14   87.   Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations in paragraph 87, and therefore denies those allegations.

16   88.   Monsanto incorporates by reference its responses to paragraphs 1 through 87 in

17   response to paragraph 88 of plaintiff's Complaint.

18   89.   In response to the allegations in paragraph 89, Monsanto denies that it violated the

19   laws of Florida or federal law and states that it complied with all applicable law regarding

20   Roundup®-branded products.  The remaining allegations in paragraph 89 set forth conclusions of

21   law for which no response is required.  To the extent that a response is deemed required,

22   Monsanto denies all such allegations.

23   90.   The allegations in paragraph 90 set forth conclusions of law for which no

24   response is required.

25   91.   Monsanto denies the allegations in the first sentence of paragraph 91.  The second

26   sentence in paragraph 91 sets forth a conclusion of law for which no response is required. All

27   labeling of Roundup®-branded products has been and remains EPA-approved and in compliance

28   with all federal requirements under FIFRA.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-06029-VC

92.     Monsanto incorporates by reference its responses to paragraphs 1 through 91 in response to paragraph 92 of plaintiff's Complaint.

93.     In response to the allegations in paragraph 93, Monsanto admits that plaintiff purports to bring a claim for strict liability defective design, but Monsanto denies any liability to that claim.

94.     Monsanto denies the allegations in the first and second sentences of paragraph 94. In response to the last sentence of paragraph 94, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 96 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies those allegations.  The remaining allegations in paragraph 96 set forth conclusions of law for which no response is required.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto denies the allegations in paragraph 99.

100.    Monsanto denies the allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto denies the allegations in paragraph 102.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.

105.    Monsanto denies the allegations in paragraph 105.

106.    Monsanto denies the allegations in paragraph 106.

107.    Monsanto denies the allegations in paragraph 107.

108.    Monsanto denies the allegations in paragraph 108.

109.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 109 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 109, including that Roundup®-branded products have "dangerous characteristics."

110.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 110 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 110, including that Roundup®-branded products have "dangerous characteristics."

111.    Monsanto denies the allegations in paragraph 111.

112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto denies the allegations in paragraph 113.

114.    Monsanto denies the allegations in paragraph 114.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto denies the allegations in paragraph 116.

117.    Monsanto denies the allegations in paragraph 117.

118.    Monsanto denies the allegations in paragraph 118.

119.    Monsanto denies the allegations in paragraph 119.

120.    Monsanto denies the allegations in paragraph 120.

121.    In response to the allegations in paragraph 121, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

122.    Monsanto incorporates by reference its responses to paragraphs 1 through 121 in response to paragraph 122 of plaintiff's Complaint.

123.    In response to the allegations in paragraph 123, Monsanto admits that plaintiff purports to bring a claim for strict liability failure to warn, but denies any liability to as to that claim.

124.    Monsanto denies the allegations in paragraph 124.

125.    In response to the allegations in paragraph 125, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff or other persons or entities purchased or used Roundup®-branded products and therefore denies that allegation.  The allegations in paragraph 125 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 125.

126.    The allegations in paragraph 126 set forth conclusions of law for which no response is required.

127.    Monsanto denies the allegations in paragraph 127.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

128.    Monsanto denies the allegations in paragraph 128.

129.    Monsanto denies the allegations in paragraph 129.

130.    Monsanto denies the allegations in paragraph 130.

131.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 and therefore denies those allegations.

132.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 132 concerning plaintiff's alleged use of and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 132, including that Roundup®-branded products have "dangerous characteristics."

133.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 133 concerning plaintiff's alleged use of and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 133, including that Roundup®-branded products have "dangerous characteristics."

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-06029-VC

134.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 134 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 134.

135.     Monsanto denies the allegations in paragraph 135.

136.     Monsanto denies the allegations in paragraph 136.

137.     In response to the allegations in paragraph 137, Monsanto denies that there is any risk of NHL or any other serious illnesses associated with the intended use of and/or exposure to Roundup®-branded products and glyphosate.  The allegations in the second sentence of paragraph 137 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 137.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all applicable laws and regulations.

138.     Monsanto denies the allegations in paragraph 138.

139.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139 concerning plaintiff's alleged use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 139.

140.     Monsanto denies the allegations in paragraph 140.

141.     Monsanto denies the allegations in paragraph 141.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

142.     Monsanto denies the allegations in paragraph 142.

143.     Monsanto denies the allegations in paragraph 143.

144.     In response to the allegations in paragraph 144, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

145.     Monsanto incorporates by reference its responses to paragraphs 1 through 144 in response to paragraph 145 of plaintiff's Complaint.

1   146.   Monsanto lacks information or knowledge sufficient to form a belief as to the

2   truth of the allegations in paragraph 146 regarding the specific products allegedly used by

3   plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore

4   denies the allegations in paragraph 146.

5   147.   The allegations in paragraph 147 set forth conclusions of law for which no

6   response is required.

7   148.   The allegations in paragraph 148 set forth conclusions of law for which no

8   response is required.

9   149.   Monsanto denies the allegations in paragraph 149.

10   150.   Monsanto denies the allegations in paragraph 150.

11   151.   Monsanto denies the allegations in paragraph 151.  All labeling of Roundup®-

12   branded products has been and remains EPA-approved and in compliance with all federal

13   requirements under FIFRA.

14   152.   Monsanto denies the allegations in paragraph 152.

15   153.   Monsanto denies the allegations in the first sentence of paragraph 153.  In

16   response to the allegations in the second sentence of paragraph 153, Monsanto denies that

17   Monsanto's promotional activities were not honest.  The remaining allegations in paragraph 153

18   set forth conclusions of law for which no response is required.

19   154.   Monsanto denies the allegations in paragraph 154.

20   155.   Monsanto denies the allegations in paragraph 155.

21   156.   Monsanto denies the allegations in paragraph 156.

22   157.   Monsanto denies the allegations in paragraph 157.

23   158.   Monsanto denies the allegations in paragraph 158.

24   159.   Monsanto denies the allegations in paragraph 159.

25   160.   Monsanto denies the allegations in paragraph 160.

26   161.   Monsanto denies the allegations in paragraph 161.

27   162.   Monsanto denies the allegations in paragraph 162.

28   163.   Monsanto denies the allegations in paragraph 163.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-06029-VC

1    164.    Monsanto denies the allegations in paragraph 164.

2    165.    Monsanto denies the allegations in paragraph 165.

3    166.    Monsanto denies the allegations in paragraph 166.

4    167.    Monsanto denies the allegations in paragraph 167.

5    168.    Monsanto denies the allegations in paragraph 168.

6    169.    Monsanto denies the allegations in paragraph 169.

7    170.    Monsanto denies the allegations in paragraph 170.

8    171.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 171 regarding plaintiff's knowledge and therefore Monsanto

10   denies those allegations.  Monsanto denies the remaining allegations in paragraph 171, including

11   that intended use of and/or exposure to Roundup®-branded products causes any injuries.

12   172.    Monsanto denies the allegations in paragraph 172.

13   173.    Monsanto denies the allegations in paragraph 173.

14   174.    Monsanto denies the allegations in paragraph 174.

15   175.    Monsanto denies the allegations in paragraph 175.

16   176.    In response to the allegations in paragraph 176, Monsanto demands that judgment

17   be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

18   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

19   by law and such further and additional relief as this Court may deem just and proper.

20   177.    Monsanto incorporates by reference its responses to paragraphs 1 through 176 in

21   response to paragraph 177 of plaintiff's Complaint.

22   178.    Monsanto denies the allegations in paragraph 178.

23   179.    Monsanto denies the allegations in paragraph 179.

24   180.    Monsanto denies the allegations in paragraph 180.

25   181.    The allegations in paragraph 181 sets forth a conclusion of law for which no

26   response is required.

27   182.    In response to the allegations in paragraph 182 and its subparts, Monsanto

28   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2. Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5. In accordance with Fla. Stat. § 1257, plaintiff's claims are barred, in whole or in part, because the products are issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6. Plaintiff's claims are barred, in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7. Plaintiff's claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

8. Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

1  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

2  *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

3        9.    Plaintiff's claims are preempted, in whole or in part, by applicable federal law

4  relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

5  processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

6        10.   Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

7  findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

8  product labeling.

9        11.   Plaintiff's claims are barred, in whole or in part, by the doctrine of primary

10  jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11        12.   Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if

12  any, were the result of conduct of plaintiff, independent third parties, and/or events that were

13  extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

14  independent, intervening and superseding causes of the alleged injuries, including but not limited

15  to plaintiff's pre-existing medical conditions.

16        13.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j

17  and k, bar plaintiff's claims against Monsanto in whole or in part.

18        14.   Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or

19  in part.

20        15.   Plaintiff's misuse or abnormal use of the product or failure to follow instructions

21  bar plaintiff's claims in whole or in part.

22        16.   If plaintiff suffered injury or damages as alleged, which is denied, such injury or

23  damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither

24  liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative

25  degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that

26  are not related or connected with any product sold, distributed, or manufactured by Monsanto.

27  Such acts or omissions on the part of others or diseases or causes constitute an independent,

28  intervening and sole proximate cause of plaintiff's alleged injury or damages.

17.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

18.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

19.     Plaintiff's claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Florida Constitution, and/or other applicable state constitutions.

21.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of punitive damages under Florida law and/or other applicable state laws.

22.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Fla. Stat. § 768.73.  Monsanto would further show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under Fla. Stat. § 768.73 would be a violation of Monsanto's state and federal constitutional rights.

23.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

24.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

25.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

26.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff has received and/or will receive from collateral sources.  Any recovery of compensatory damages is limited by operation of Fla. Stat. § 768.76.

27.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

1    28.    Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims

2  that are governed by the laws of a state that does not recognize or limit such claims.

3    29.    Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws

4  of states that do not govern plaintiff's claims.

5    30.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

6  may become available or apparent during the course of discovery and thus reserves its right to

7  amend this Answer to assert such defenses.

8    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

9  plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

10  other relief as the Court deems equitable and just.

11    **JURY TRIAL DEMAND**

12    Monsanto demands a jury trial on all issues so triable.

13

14  DATED:  October 17, 2018                Respectfully submitted,

15

16                          /s/ Joe G. Hollingsworth
                          Joe G. Hollingsworth (*pro hac vice*)
17                          (jhollingsworth@hollingsworthllp.com)
                          Eric G. Lasker (*pro hac vice*)
18                          (elasker@hollingsworthllp.com)
                          HOLLINGSWORTH LLP
19                          1350 I Street, N.W.
                          Washington, DC  20005
20                          Telephone:  (202) 898-5800
                          Facsimile:   (202) 682-1639
21
                          *Attorneys for Defendant*
22                          *MONSANTO COMPANY*

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:16-cv-06029-VC