**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
Aimee.wagstaff@andruswagstff.com
David J. Wool (*pro hac vice*)
David.Wool@andruswagstaff.com
7171 W. Alaska Drive
Lakewood, Colorado 80226
Telephone: 303-376-6360

**GOMEZ TRIAL ATTORNEYS**
John H. Gomez (SBN 171485)
*john@gomeztrialattorneys.com*
Ahmed S. Diab (SBN 262319)
*adiab@gomeztrialattorneys.com*
Kristen K. Barton (SBN 303228)
*kbarton@gomeztrialattorneys.com*
655 West Broadway, Suite 1700
San Diego, California 92101
Telephone:  (619) 237-3490
Facsimile:   (619) 237-3496

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMMANUEL RICHARD GIGLIO, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY and JOHN DOES 1-50<br><br>Defendants. | **Case No. 3:16-cv-05658-VC**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR TRIAL PREFERENCE AND/OR REMAND IN THE ALTERNATIVE** |

Plaintiff respectfully submits the following memorandum of points and authorities in support of the Plaintiff's Motion for Trial Preference and/or Remand in the Alternative in this case.

## I. RELIEF REQUESTED

**Mr. Giglio is dying and respectfully requests that his lawsuit against Monsanto be placed into discovery and set for trial as set forth herein. Given the recent and rapid declination of his health, Mr. Giglio now consents to his case being tried in the Northern District of California, or, in the alternative, requests remand for immediate trial to the Southern District of California.**

## II. INTRODUCTION/BRIEF SUMMARY OF ARGUMENT

Plaintiff Richard Giglio is a 66-year old man that received a devastating prognosis for his condition just days prior to filing this motion. Mr. Giglio was told by his treating oncologist that he now has less than six months to live due to the advanced, uncontrolled spread of his cancer – Diffuse Large B-Cell Non-Hodgkin's Lymphoma. Unfortunately, his treatment options are severely limited, and as such, Mr. Giglio respectfully petitions this court for an expedited trial date so that he can have his day in court.

First, while no federal equivalent of California's trial preference statute exists (Cal. Code Civ. Proc. §36), a federal court may consider an expedited or preferential trial setting pursuant to 28 U.S.C. §1657. Section 1657 authorizes a court to manage its civil caseload and expedite the consideration of any action upon a showing of good cause. Here, Plaintiff respectfully submits that this showing of good cause is met based upon Mr. Giglio's health condition as supported by declarations from Mr. Giglio, counsel and Mr. Giglio's oncologist.

Second, and if this court is inclined to grant Mr. Giglio's request for a preferential trial setting, this court has the discretion to remand the case to the United States District Court – Southern District of California if it is unable to try Mr. Giglio's case on an "expedited" basis.

## III. BRIEF FACTUAL BACKGROUND

Richard Giglio moved to San Diego, California over 30 years ago. An entrepreneur, Mr. Giglio started a synthetic turf company called Best Turf in 2007. As part of his job, and virtually on a daily basis, he would remove grass at the customer's home or business and spray Defendant Monsanto Company's Roundup® product around the edge of the turf to prevent grass from growing. He personally sprayed gallons upon gallons of Defendant's product over the course of almost 8 years.

In October 2014, Mr. Giglio was first diagnosed with Stage IV Diffuse Large Cell Non-Hodgkin's Lymphoma following a rapid onset of symptoms including weight loss, left plank pain, and abdominal pain. Declaration of John Gomez ("Gomez Decl.") ¶ 4; Declaration of Emmanuel Giglio ("Giglio Decl.") ¶ 3. On November 12, 2014, Mr. Giglio began a course of treatment of CHOP-Rituxan cycles. Gomez Decl. ¶ 5; Giglio Decl. ¶ 4. After 6 cycles of treatment, in February 2015, Mr. Giglio experienced a "complete radiologic remission." Gomez Decl. ¶ 5; Giglio Decl. ¶ 4. In March of 2018, a regularly scheduled PET-scan revealed a recurrence of the Non-Hodgkin's Lymphoma. Gomez Decl. ¶ 6; Giglio Decl. ¶ 5. Since that time, and after two separate treatments with chemotherapy, Mr. Giglio was told by his oncologists that his body can no longer tolerate any additional chemotherapy treatments. Gomez Decl. ¶ 6; Giglio Decl. ¶ 6.

In late October 2018, Mr. Giglio underwent a PET/CT scan to determine if the disease was slowing enough for stem cell treatment. Giglio Decl. ¶ 8. Unfortunately for Mr. Giglio, the PET/CT scan showed devastating progression of the disease in multiple areas. Giglio Decl. ¶ 9. The progression of the disease means that Mr. Giglio will not be able to undergo stem cell treatment. Giglio Decl. ¶ 9. At his last appointment on October 23, 2018 with his oncologist, Dr. Charles Redfern, Mr. Giglio was informed that he has less than six months left to live. Giglio Decl. ¶ 10.

Based on this recent unfortunate development, Mr. Giglio respectfully requests that this court consider his motion for an expedited trial date.

## IV. PROCEDURAL HISTORY

On October 9, 2015, Mr. Giglio commenced this action in the United States District Court for the Southern District of California. Based on the filing date, Plaintiff is informed and believes this to be the second oldest case in this multidistrict litigation—meaning that there is only one individual who has waited longer than Mr. Giglio for their day in court against Monsanto. The complaint alleged injuries and damages from the sustained and long-term use of the herbicide Roundup®. Compl. ¶1. Plaintiff alleged claims against Defendant Monsanto Company. ¶¶10-11. Plaintiff alleged the following claims: (1) Negligence; (2) Strict products liability – design defect; (3) strict products liability – failure to warn; (4) breach of express warranty; (5) breach of implied warranty; and (6) negligent misrepresentation.

On November 4, 2015 Defendant Monsanto Company filed a motion to dismiss the complaint under Fed. Rule Civ. Proc. 12. (Dkt. No. 10). On April 29, 2016, Judge Moskowitz granted in part, and denied in part Defendant's motion to dismiss. (Dkt. No. 37). The remaining claims following the order on the motion to dismiss include the failure to warn the public and non-warnings design defect claims sounding in strict products liability. On October 5, 2016, Mr. Giglio's case was transferred to MDL No. 2741 In Re: Roundup Products Liability Litigation in the United States District Court, Northern District of California. (Dkt. No. 64).

## V. LEGAL ARGUMENT

### A. Trial "Preference" is Appropriate in the Instant Matter

California Code of Civil Procedure §36 governs motions for trial preference in California state courts. Specifically, C.C.P. §36(d) provides that a trial court may grant a motion for preference "that is accompanied by clear and convincing medical documentation that concludes that one of the parties suffers from an illness or condition **raising substantial medical doubt of survival of that party beyond six months**, and that satisfies the court that the interests of justice will be served by granting the preference" (emphasis added). Plaintiff appreciates that C.C.P. §36 does not apply to

federal actions but respectfully submits that this court should consider Plaintiff's request for a trial preference.  While there is no case law governing the application of C.C.P. §36 in federal court, there has been at least one district court ruling discussing trial preference.

"Though Section 36 does not stretch to protect Plaintiff in this case, its spirit is embodied in 28 U.S.C. §1657, which authorizes a district court to exercise discretion in determining the order in which to hear its civil cases, and to 'expedite the consideration of any action…if good cause is shown.'" *Wakefield v. Global Financial Private Capital, LLC.*, Case No. 15cv0451JM (JMA), 2015 WL 12699870, at *3 (S.D. Cal. Sept. 17, 2015).  "Good cause" in this context of this statute means "if a right under the Constitution of the United States or a federal Statute … would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.* However, Plaintiff submits that a court may also exercise its general discretion to grant trial preference based on the age and health condition of the Plaintiff.

In *Wakefield*, the case was initially filed in state court and, three months later, removed to the Southern District by Defendants.  Plaintiff filed a Motion for Trial Preference in the federal case based on numerous health conditions which she submitted may prevent her from testifying at trial. *Wakefield*, 2015 WL 12699870, at *2 (S.D. Cal. Sept. 17, 2015).  The Plaintiff in *Wakefield* was a 93-year-old woman suffering from the following: (1) loss of vision due to macular degeneration; (2) serious hearing loss; (3) anxiety; (4) insomnia; (5) hypothyroidism; (6) incontinence; (7) osteoporosis; (8) a history of breast cancer; and (9) recovery from a broken hip. *Id.*

The trial court ultimately agreed with Plaintiff that an earlier trial date would be "fair, reasonable, and justified for the following reasons. First, there is no doubt that Plaintiff is sufficiently elderly and her impaired hearing and eyesight may continue to deteriorate. Second, as Plaintiff submits in her reply, her testimony is relevant to the case." *Id.* While the court did not order a trial date set within 90-120 days as requested by Plaintiff, the court did declare "this matter is appropriate for preferential trial setting

and instruct[ed] the parties to schedule a case management conference forthwith." *Id.* Furthermore, the court ordered the parties to schedule a case management conference with their magistrate judge "for the purpose of preparing a scheduling order, taking into account Plaintiff's status."

Additionally, California's survivorship statute codified at Cal. Code Civ. Proc. §377.34 specifically excludes damages for a decedent's pain and suffering. If Mr. Giglio were to pass away during the pendency of this litigation and his heirs were to continue on in his stead, his recoverable damages would be significantly reduced.

Here, Plaintiff suffers from a recurrence of Diffuse Large Cell Non-Hodgkin's Lymphoma. (Dr. Redfern Dec., ¶7; Gomez Dec., ¶6). Two separate rounds of chemotherapy treatments have proven unsuccessful to stop or even slow the progress of the disease. (Dr. Redfern Dec., ¶¶8 & 9; Gomez Dec., ¶6). At this point, Mr. Giglio's disease continues to aggressively progress. He is no longer on any therapy, and his prognosis for survival is "**substantially** less than six months." (Dr. Redfern Dec., ¶¶10 & 11 (emphasis added); Gomez Dec., ¶7).

At the October 29, 2018 Status Conference, the court indicated willingness to consider a May 2019 trial date for this matter. Plaintiff would be more than willing to accept a May 2019 trial date if that is the earliest date the court can accommodate this matter. However, as noted herein and in the supporting declarations, Mr. Giglio's current prognosis, unfortunately, puts his life expectancy at "substantially" less than six months. Accordingly, Plaintiff respectfully requests an earlier trial date if the court is amenable and able to accommodate the request.

### B. Remand May be Considered Because the Instant Case was Transferred under 28 U.S.C. § 1407(a)

On October 12, 2018, Plaintiff filed his PTO 52 – Group 2 Venue Questionnaire and did not consent to his case being tried in the Northern District of California. Now, given his recent and rapid decline in health, Plaintiff will consent to his case being tried in the Northern District. In the alternative, Mr. Giglio's case can be remanded back to

the Southern District of California for immediate trial.  Plaintiff's case was originally filed in the Southern District of California and later transferred to the Northern District of California under 28 U.S.C. §1407(a) for pre-trial purposes.  Section 1407(a) provides that cases transferred for purposes of coordinated or consolidated pre-trial proceedings pursuant to 28 U.S.C. § 1407(a) "shall be remanded by the [Judicial Panel for Multi District Litigation] at or before the conclusion of such pretrial proceedings to the district from which it was transferred." 28 U.S.C. § 1407(a).  Thus, if this court is inclined to grant Mr. Giglio's request for a preferential trial setting but is unable to try the case in May 2019 or earlier, as requested, Plaintiff respectfully submits that remand to the Southern District of California may be considered as an alternative.

## VI.    CONCLUSION

Based on the foregoing, Plaintiff Mr. Giglio respectfully requests that this court grant his request for a preferential trial setting at the court's earliest convenience.

Further, if this court is inclined to grant the request but unable to try the case within this time frame, Mr. Giglio additionally requests that remand of his case to the Southern District of California be considered.

Dated: November 16, 2018

Respectfully submitted,

By: /s/ Aimee H. Wagstaff
Aimee H. Wagstaff, Esq.
David J. Wool, Esq.
**ANDRUS WAGSTAFF, PC**
Aimee.wagstaff@andruswagstaff.com
David.Wool@andruswagstaff.com

By: /s/ John H. Gomez
John H. Gomez, Esq.
Ahmed S. Diab, Esq.
Kristen K. Barton, Esq.
**GOMEZ TRIAL ATTORNEYS**
john@thegomezfirm.com
adiab@thegomezfirm.co
kbarton@thegomezfirm.com