1 | **HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
2 | Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
3 | Washington, DC  20005
Tel:     202-898-5800
4 | Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
5 |          elasker@hollingsworthllp.com

6 | *Attorneys for Defendant*
*MONSANTO COMPANY*

7

8

9 | UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
10

11 | IN RE: ROUNDUP PRODUCTS             MDL No. 2741
LIABILITY LITIGATION
12 |                                     Case No. 3:16-md-02741-VC

13 | This document relates to:

14 | *Giglio v. Monsanto Co., et al*, 3:16-cv-05658-VC

15

16 | **MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR TRIAL
PREFERENCE AND/OR REMAND**
17

18 |         Plaintiff Emmanuel Giglio's Motion for Trial Preference ("the Motion") seeking an

19 | expedited trial date should be denied.  As plaintiff concedes, there is no process for a

20 | "preferential" trial setting in federal court.  And 28 U.S.C. § 1657 is inapplicable to this case and

21 | does not allow Mr. Giglio to seek such extraordinary relief.

22 |         Courts have repeatedly held that a plaintiff's age and health condition do not meet the

23 | "good cause" showing necessary to apply Section 1657.  Instead, the standard approach used in

24 | federal courts and other multidistrict litigation ("MDLs") for the declining health of a plaintiff is

25 | to order a preservation deposition of the plaintiff's testimony.  Monsanto would have no

26 | objection to such a deposition here.

27

28

Moreover, granting the Motion would impede, rather than advance, the purposes of this MDL to "promote the just and efficient conduct of such actions," 28 U.S.C. § 1407, by depriving the Court of the broad authority and discretion granted to all MDL judges to manage many cases efficiently and equitably for the benefit of all parties, including exercising oversight regarding whether cases selected for trial are reasonably representative of the overall universe of cases in this MDL. Plaintiff's counsel's strategic request for an expedited trial would thwart that goal. Monsanto respectfully requests that the Court deny plaintiff's Motion and proceed with pretrial management of the MDL as planned. However, if the Court does grant plaintiff's Motion, Monsanto does not consent to a trial in the Northern District of California and requests that the Court remand the case to the Southern District of California, where jurisdiction is proper.

## ARGUMENT

### I.   CALIFORNIA CODE OF CIVIL PROCEDURE § 36 DOES NOT APPLY.

As plaintiff concedes, California Code of Civil Procedure § 36 does not apply to this case. Therefore, any standard to grant a motion for trial preference set by that provision, including that a plaintiff may seek an expedited trial date based on a "substantial medical doubt of survival . . . beyond six months," is not relevant. Not only has Monsanto found no federal case applying this California state statute in a federal action, in fact, a United States District Court in the Central District of California has explicitly held that C.C.P. § 36 does not apply to federal actions. *See O'Connor v. Boeing North Am., Inc.*, 2004 U.S. Dist. LEXIS 31338, *22 (C.D. Cal. June 7, 2004) ("While the California Code of Civil Procedure allows for expedited trials in state court actions pursuant to the judge's discretion, there is no federal court counterpart which governs this action.").

### II.   TRIAL PREFERENCE SHOULD NOT BE GRANTED UNDER 28 U.S.C. § 1657.

28 U.S.C. § 1657 provides that a court "shall expedite the consideration of any action brought under chapter 153 or section 1826 of this title, any action for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown." 28 U.S.C. § 1657(a).

- 2 -

"Good cause is shown if a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit."  *Id.*  This statute should not be applied to grant an expedited trial for Mr. Giglio for two reasons: first, he does not satisfy "good cause" within the meaning of the statute; and second, granting Mr. Giglio's Motion in this large MDL would impede, rather than advance, the purpose of the MDL and the coordination and case management powers bestowed on MDL judges and unfairly prejudice Monsanto by permitting plaintiffs alone to dictate the order in which cases are tried.

### A.  Mr. Giglio's Case Does Not Satisfy The "Good Cause" Standard For An Expedited Trial.

Mr. Giglio's argument that the Court should grant trial preference based on his age and health condition does not meet the required showing of "good cause" under 28 U.S.C. § 1657. The Central District of California rejected this exact argument in *O'Connor v. Boeing North American, Inc.*  In that class action personal injury case, plaintiffs argued that they were entitled to their "day in Court" and moved to expedite the trial date based on affidavits that plaintiffs suffered illnesses that raised "substantial medical doubt of their survival beyond six months." *O'Connor*, 2004 U.S. Dist. LEXIS 31338 at *19-*20.  Like Mr. Giglio, plaintiffs also claimed that pain and suffering damages would be extinguished upon each plaintiff's death.  *Id.*; Motion at 5.  The Central District of California Court rejected these arguments and plaintiffs' motion for an expedited trial, finding that plaintiffs' arguments and reasoning did not meet the criteria for "good cause" under 28 U.S.C. § 1657.  *Id.* at *23.  Other federal courts have similarly rejected arguments for expedited trials under 28 U.S.C. § 1657 based on the age and poor health of plaintiffs.[1]  *See, e.g.*, *Berenson v. Adm'rs of the Tulane Univ. Educ. Fund*, No. CV 17-329, 2017

---

[1] Plaintiff's Motion mischaracterizes the findings and rationale of the Court in *Wakefield v. Global Financial Private Capital, LLC.*  First, that case was not a member case in an MDL, and thus not subject to the pretrial coordination and scheduling of MDLs such as this one. *See supra* Section IIB.  Second, the parties clearly did not consider that the case was to be tried within 120 days.  The court directed the parties to confer to prepare a scheduling order.  *See Wakefield v. Glob. Fin. Private Capital, LLC*, No. 15CV0451 JM(JMA), 2015 WL 12699870, at *3 (S.D. Cal. Sept. 17, 2015).  In a September 29, 2015 Joint Proposed Discovery Plan filed by both parties,

*(Footnote continued)*

WL 3480794, at *2 (E.D. La. Aug. 14, 2017) (denying plaintiff's motion for an expedited trial based on his advanced age); *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 72 (D.D.C. 2015) (finding that plaintiffs' interest in prompt resolution of the litigation did not constitute good cause to expedite trial, where plaintiffs were all at least 60 years old and some were in poor health).

**B. Mr. Giglio Seeks Relief That Is Contrary To The Purpose Of This MDL – Managing Cases Efficiently And Equitably To Benefit All Parties – And Would Unfairly Prejudice Monsanto.**

Granting Mr. Giglio an expedited trial based on his age and health condition would permit plaintiffs' counsel to subvert the purposes of this MDL to their own ends. If granted, the Motion would materially curtail the substantial authority and broad discretion granted to this Court to coordinate and manage numerous complex cases efficiently and equitably for the benefit of all parties, including by ensuring that representative cases are selected for trial. By their very nature, the cases in this MDL likely involve many plaintiffs who are in their late sixties to seventies and who are ill. Plaintiffs' counsel could easily supply *all* cases that this Court advances for trial from this pool of plaintiffs, choosing the cases that plaintiffs' counsel consider to be particularly advantageous to them. This would defeat many of the case-management and case-selection purposes for which this MDL was formed. If the Court does not fully weigh the important case management responsibilities granted to all MDL judges when the Court exercises its discretion regarding scheduling, plaintiffs' counsel will take control of MDL case selection by attempting to unilaterally set expedited trial after expedited trial.

Such a one-sided approach to managing complex, coordinated cases would be antithetical to the purpose of this MDL. The purpose of multidistrict litigation is to coordinate civil actions that involve one or more common questions of fact for the convenience of parties and witnesses

---

the parties stated that they anticipated discovery in the case could be concluded by February 1, 2016, approximately five months after the cited order. *See* Joint Proposed Discovery Plan Pursuant to Federal Rules of Civil Procedure 26(f), *Wakefield v. Glob. Fin. Private Capital, LLC*, 3:15-cv-00451-JM-JMA (S.D. Cal. Sept. 29, 2015).

and to promote the just and efficient conduct of such actions.  *See* 28 U.S.C.A. § 1407.  In creating the *In Re: Roundup Products Liability Litigation*, the Judicial Panel on Multidistrict Litigation ("JPML") found that "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings . . . and conserve the resources of the parties, their counsel, and the judiciary."  *See In Re: Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016).

The flexibility and broad discretion of an MDL judge would be lost here if the Court were to grant a series of trial preference motions for the plaintiffs whose claims their counsel believe are strongest.  That would prevent the Court from fulfilling its obligation to focus on the overall coordinated litigation to benefit *all* parties and promote the efficient use of judicial resources.

The Court has already put in place procedures to appropriately analyze the cases pending in the MDL and select representative cases for trial.  *See* Pretrial Order No. 50: Plaintiff Fact Sheet Completion and Deficiencies, ECF No. 1883; Pretrial Order No. 52: Group 2 Venue Questions, ECF No. 1893 (requiring Plaintiff Fact Sheets for all cases such as Mr. Giglio's that were originally filed in districts other than the Northern District of California).  If the Court were to grant the present Motion, however, that procedure would be subverted.  Rather than a fair and equitable process through which the parties and the Court select representative cases in an informed and considered manner, plaintiffs would be empowered to cherry-pick and preferentially bring to trial case after case in which the age and health of the plaintiff meet certain threshold criteria.  Rather than "promot[ing] the just and efficient conduct of such actions," the present Motion would serve the strategic interest of plaintiffs and sharply prejudice defendants in their defense of the litigation.

## III.    A PRESERVATION DEPOSITION OF MR. GIGLIO IS THE PROPER REMEDY.

The standard and appropriate approach to address Mr. Giglio's declining health is to schedule a preservation deposition to preserve Mr. Giglio's testimony for trial.  "When a witness is suffering from poor health and will likely be unavailable for trial, it is common for parties to

1    take a 'preservation deposition' to memorialize the witness' trial testimony." *AG Equip. Co. v.*

2    *AIG Life Ins. Co.*, No. 07-CV-0556-CVE-PJC, 2009 WL 414046, at \*3 (N.D. Okla. Feb. 18,

3    2009) (citing *Hanson v. U.S. Airports Air Cargo, LLC,* 2008 WL 4426909 (D. Conn. Sept. 26,

4    2008)); *see also Turnage v. Humility of Mary Health Partners*, No. 4:13CV00493, 2013 WL

5    12139453, at \*2 (N.D. Ohio Apr. 3, 2013) (finding, in case with terminally ill plaintiff, that it

6    was "prudent to take full advantage of the earliest opportunities to depose Plaintiff and to

7    preserve the resultant sworn testimony for future use").  Courts have established procedures for

8    preservation depositions in MDLs in similar circumstances to those present in this case, and

9    Monsanto is amenable to working with plaintiffs' Steering Committee to establish such

10    procedures in this MDL.[2]  *See, e.g.*, Practice and Procedure Order No. 4, *In re: Prempro Prods.*

11    *Liab. Litig.*, 4:03-cv-01507 (E.D. Ark. Jan. 1, 2005), ECF No. 495; *In re Agent Orange Prod.*

12    *Liab. Litig.*, 96 F.R.D. 587, 588-89 (E.D.N.Y. 1983).

13    **IV.    IF THE COURT GRANTS PLAINTIFF'S MOTION FOR TRIAL**

14    **PREFERENCE, THE CASE SHOULD BE REMANDED TO THE SOUTHERN**

15    **DISTRICT OF CALIFORNIA.**

16    If the Court does grant plaintiff's Motion, which Monsanto opposes as detailed above,

17    Monsanto does not consent to a trial in the Northern District of California and the case must be

18    remanded to be tried in the Southern District of California, where it was originally filed.  As set

19    forth in Monsanto's Response to Plaintiffs' Position Regarding Venue ("Monsanto's Venue

20    Response"), ECF No. 1892, MDL transferee courts lack the authority to try cases that originated

21    outside of the district in which they sit, *see Lexecon, Inc. v. Milberg Weiss*, 523 U.S. 26, 40

22    (1998), and plaintiff's consent alone is insufficient to confer trial jurisdiction on this Court over

23    cases originally filed in other federal districts in California under Section 1407.  *See* Monsanto's

24    Venue Response at 2-3 (citing cases).  Because Monsanto does not consent to trial of the *Giglio*

25    ───────────────────────

26    [2] In *Wakefield v. Global Financial Private Capital, LLC*, the main case plaintiff relies on in his Motion, the Court ordered a preservation deposition of plaintiff, ordering the parties to "immediately arrange for an expedited videotaped deposition of Plaintiff in order to preserve her

27    testimony for trial." *Wakefield v. Glob. Fin. Private Capital, LLC*, No. 15CV0451 JM(JMA), 2015 WL 12699870, at \*4 (S.D. Cal. Sept. 17, 2015).

28

1    case in the Northern District of California, the case would therefore have to be remanded to the

2    Southern District of California.

3                                              **CONCLUSION**

4            For the reasons set forth above, the Court should deny the Motion for Trial Preference.[3]

5

6    DATED: November 30, 2018                    Respectfully submitted,

7                                                /s/ Joe G. Hollingsworth
                                                 Joe G. Hollingsworth (*pro hac vice*)
8                                                (jhollingsworth@hollingsworthllp.com)
                                                 Eric G. Lasker (*pro hac vice*)
9                                                (elasker@hollingsworthllp.com)
                                                 HOLLINGSWORTH LLP
10                                               1350 I Street, N.W.
                                                 Washington, DC  20005
11                                               Telephone:  (202) 898-5800
                                                 Facsimile:  (202) 682-1639
12
                                                 Attorneys for Defendant
13                                               MONSANTO COMPANY

14

15

16

17

18

19

20

21

22    _____
      [3] Making that ruling does not mean that *Giglio* cannot be picked later as one of the first phase
23    trials for this MDL if the Court deems that selection appropriate (though defendants do not so
      concede).  At the appropriate time, after defendants have received and evaluated Plaintiff Fact
24    Sheets for the other MDL cases, the issue of whether *Giglio* should be chosen as an initial trial
      case can be revisited by the Court.  That will allow the attorneys who represent various plaintiffs
25    in this MDL and defense counsel to present their views regarding the process for picking trials
      and whether other cases are more representative of the universe of cases in this MDL – and
26    therefore more appropriate for selection – than *Giglio*.  At that point, the Court will be able to
      make informed decisions to achieve the overall purpose of this MDL by managing the cases in a
27    coordinated fashion, efficiently and equitably to benefit all parties.

28