

Kirby T. Griffis
dir 202 898 5828
kgriffis@hollingsworthllp.com

November 30, 2018

FILED VIA ECF

Honorable Vince Chhabria
United States District Court
Northern District of California

    RE:   *In re Roundup Prods. Liab. Litig.*, Case No: 3:16-md-02741-VC

To the Honorable Vince Chhabria:

    Monsanto agrees that we are at an impasse over a discovery dispute that has arisen regarding the deadline to complete expert depositions for the Group 1 case and replies to plaintiffs' letter (ECF No. 2213) filed pursuant to paragraph 15 of the Court's Standing Order for Civil Cases Before Judge Vince Chhabria.

**Group 1 Expert Discovery**

    Contrary to plaintiffs' assertion, Monsanto acknowledges and respects the Court's discovery deadline and does not refuse to comply with it. Unfortunately, the current discovery dispute has resulted from a combination of limited dates available due to a short discovery period during the holiday season and as a result of plaintiffs offering <u>10 of 12 deposition</u> dates the last week of the discovery period, including two on the last day of the discovery period. Specifically, plaintiffs have offered:

- **December 20 - Dr. Sawyer** (General and Plaintiff Stevick)
- **December 18 - Dr. Weisenburger** (Plaintiff Stevick)
- **December 19 - Dr. Weisenburger** (Plaintiff Gebeyehou)
- **December 20 - Dr. Weisenburger** (Plaintiff Hardeman)
- **December 15 - Dr. Shustov** (Plaintiffs Hardeman, Gebeyehou)
- **December 16 - Dr. Shustov** (Plaintiff Stevick)
- **December 14 - Dr. Nabhan** (Plaintiff Hardeman, Gebeyehou)
- **December 15 - Dr. Nabhan** (Plaintiff Stevick)



Honorable Vince Chhabria
November 30, 2018
Page 2

- **December 10 – Mr. Mills** (General)
- **December 4 - Dr. Benbrook** (General)

As was done in CMO 7 for general causation experts, Monsanto believes that plaintiffs' expert depositions in each subject-matter category should be complete before Monsanto's experts in that same area are deposed so that Monsanto's experts can respond to the positions taken by plaintiffs' experts. In fact, PTO 53 seems to take into account this situation by staggering the deadlines for Monsanto and plaintiffs' *Daubert* deadlines to 1/3 and 1/11, respectively. By plaintiffs offering dates so late in the discovery period, plaintiffs make it impossible for their experts to be deposed before Monsanto's experts and impossible for defense experts to be produced before the deadline.

Despite the late dates offered by plaintiffs for their experts and the holidays, Monsanto has offered 10 out of the 18 depositions before the discovery cut off of December 20 and one on December 21st (the day after discovery period). Monsanto has offered the remaining depositions prior to plaintiffs' *Daubert* deadline of 1/11. Consequently, any depositions occurring after the discovery period do not impact the *Daubert* briefing and trial schedule and there is no prejudice to plaintiffs and the Court.

Accordingly, Monsanto respectfully requests that the Court permit a short extension of the discovery period to January 4th to allow Monsanto experts to respond to the positions taken by plaintiffs' experts.

Sincerely,

Kirby T. Griffis