**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
aimee.wagstaff@andruswagstaff.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax: (646) 293-4921
Email: rgreenwald@weitzlux.com

**THE MILLER FIRM LLC**
Michael. Miller
108 Railroad Avenue
Orange, Virginia 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
mmiller@millerfirmllc.com

*Co-Lead Counsel for Plaintiffs*

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
        elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: ALL ACTIONS | |

**JOINT CASE MANAGEMENT STATEMENT**

The parties jointly submit this Joint Case Management Statement in anticipation of the December 5, 2018 Case Management Conference.

## I. **GROUP 1 DISCOVERY.**

### a. ***General Discovery***.

**Plaintiffs' Statement**

On November 2, 2018, the Parties reached an agreement on supplemental document production from Monsanto, which is slated to complete by January 15, 2019. Those productions are being made on a rolling basis. On November 9, 2018, Plaintiffs served Monsanto with 23 interrogatories, 171 requests for admission, a Rule 30(b)(6) deposition notice (containing 26 topics), deposition notices for current Monsanto employees Michael Koch, Sam Murphy, and Todd Rands, and a deposition notice for Monsanto's former Chief Executive Officer, Hugh Grant (left Monsanto after Bayer's acquisition in June 2018). Additionally, Plaintiffs served third-party subpoenas (seeking documents and testimony) on CropLife America, FTI Consulting, Wilbur-Ellis, and Gary Williams (November 15, 2018) and Larry Kier (November 20, 2018). Plaintiffs are also attempting to serve of third-party subpoenas on Wallace Hayes and Roger McClellan and intend to effectuate service soon.

> **i.** ***Monsanto Written Discovery.*** Monsanto's responses to Plaintiffs' written discovery are due by December 10, 2018. The Parties are hopeful that Court intervention will not be required for these discovery responses.
>
> **ii.** ***Monsanto Depositions.*** Monsanto has agreed to produce Messrs. Koch, Murphy, and Rands for deposition. Although the depositions were originally noticed for mid-December, before the discovery cutoff of December 20, 2018, the Parties would like to have these depositions completed in January, provided the Court allows it. Additionally, the Parties are currently negotiating the scope of the Rule 30(b)(6) deposition and request leave that the deposition take place in January as well. Regarding Mr. Grant, today, Monsanto has agreed to accept service of the subpoena. It is also unclear whether Monsanto and/or Mr. Grant will object to his deposition.

1         iii.   ***Third-Party Subpoenas.***  Of the served subpoenas, as of this writing,

2         Plaintiffs have only received responses from CropLife America (objections)

3         and Wilbur-Ellis (granted two-week extension).  FTI Consulting and Gary

4         Williams have not timely responded to the subpoenas.  All third-party

5         depositions are currently noticed to occur in January, but Plaintiffs will work

6         with the third-parties and Monsanto to coordinate the completion of these

7         depositions prior to the first trial.

8    **Monsanto's Statement**

9        No issues have been identified for Court resolution.  Monsanto will provide responses to

10   the written discovery described above by the due date.  The parties have agreed to conduct the

11   noticed depositions of Rands, Koch, Murphy, and the 30(b)(6) in January, subject to objections.

12       **b.**    ***Hardeman Case.***

13       **1.**    ***Discovery Responses, in general.***

14   **Plaintiffs' Statement**

15       On November 16, 2018, Monsanto served "Monsanto Company's Responses and

16   Objections to Plaintiff's Amended Fifth Set of Discovery to Monsanto." Several of the

17   Responses contained inappropriate objections and/or were insufficient. The Parties have met and

18   conferred several times regarding Monsanto's Responses. During a meet and confer on

19   November 28, 2018, Monsanto's lawyer stated that several responses would be amended or

20   supplemented, but then stated that he did not have authority from his client to tell me the changes

21   or when Mr. Hardeman would receive the amendments/supplements.  Given the February 25 trial

22   date, Mr. Hardeman requests judicial assistance for any disputes related to this discovery that

23   remain unresolved as of the December 5 Case Management Conference.  Attached as **Exhibit 1**

24   is a copy of Monsanto's Discovery Responses.

25   **Monsanto's Statement**

26       The parties have had two meet and confers over the written discovery, most recently on

27   November 28, at which Monsanto identified multiple specific responses that would be amended

28

and how they would be amended.  Monsanto informed plaintiffs' counsel that it would serve supplemental responses the week of December 3, and certainly by December 7.

The majority of the written discovery responses either are not in dispute or will be amended.  Based on the meet-and-confers, Monsanto believes the remaining issues are as follows:

**Interrogatories**

IR 1 & 2 – no remaining disputes

IR 3 – Pls has asked for supplementation if anything has changed; Monsanto is investigating and will supplement if warranted.

IR 4 – Pls agreed during meet and confer that Monsanto need not list deponents and document custodians in the litigation, because these are already known to them.

IR 5 – no remaining disputes

IR 6 - Pls agreed during meet and confer that Monsanto need not list deponents and document custodians in the litigation, because these are already known to them.

IR 7 – Monsanto will supplement to indicate that there are no non-privileged/non-work-product statements responsive to the requests; this resolves the dispute.

IR 8 – no remaining disputes

IR 9-14 – These are contention interrogatories regarding various causation issues.  Monsanto will amend to refer plaintiffs to its expert reports, plaintiffs' and treaters' deposition testimony, and the medical records.

IR 15  – This is a contention interrogatories regarding an affirmative defense.  Monsanto will amend its response.

IR 16 – This is a contention interrogatory regarding Mr. Hardeman's level of exposure. Monsanto will amend to refer plaintiffs to its expert reports, plaintiffs' and treaters' deposition testimony, and the medical records..

IR 17 – This is a contention interrogatory regarding a paragraph of Monsanto's Answer, in which Monsanto denied an allegation of the Complaint that Monsanto made no advertising changes

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC

1    following a negotiated resolution of a dispute with the NY Attorney General in 1996.  Monsanto

2    stands by its response to this interrogatory. The NY dispute decades ago is irrelevant to this case.

3    IR 18  – This is a contention interrogatory regarding multiple affirmative defenses.  Monsanto

4    will amend its response.

5    IR 19-23 – These are the subject of the next section of the case management statement.

6    IR 24 – no remaining dispute.

7    IR 25-28 – These are contention interrogatories regarding regulatory decisions by the US EPA.

8    Monsanto will amend its responses.

9    IR 29-32  – These interrogatories relate to matters discussed at the last CMC (formulations,

10   advertising, etc.), for which Monsanto has made responses and produced documents as directed

11   by the Court.

12   IR 33 – no remaining dispute.

13   **Requests for Admission**

14   Monsanto will supplement RFAs 1-6, 12 and 13, as explained at the most recent meet-and-

15   confer.  Monsanto believes that this will resolve all disputes as to the RFAs.

16   **Requests for Production**

17   RFPs – multiple RFPs were withdrawn by agreement:  1, 3, 4, 5, 6, 9.

18   RFP 2 requests documents pertaining to foreign regulatory approvals, and is addressed in the

19   next section of this Case Management Statement.

20   RFPs 7, 10, 12, 13 – documents to be produced by Jan. 15; no remaining dispute.

21   RFP 8, 11 – requests documents relating to matters discussed at the last CMC (formulations,

22   advertising, etc.), for which Monsanto has made responses and produced documents as directed

23   by the Court.

24              2.        ***Worldwide Regulations on Glyphosate and/or Roundup.***

25   **Plaintiffs' Statement**

26          The Parties have reached an impasse with respect to this discovery on this matter.

27   Throughout the course of the litigation, Monsanto has repeatedly asserted the defense that

28   "regulators world wide" have found glyphosate and/or Roundup to be safe and not carcinogenic.

*See* **Exhibit 1,** Interrogatories Nos. 19-23 & 25-28[1].   Specifically, for each governmental regulation that Monsanto claims is evidence that glyphosate or Roundup is (1) safe and/or (2) non-carcinogenic, Plaintiff requests the following information:

      1.   The regulating body or geographic location;

      2.   The date(s) or time period of the regulation;

      3.   Monsanto's characterization of the regulatory body's findings (i.e., whether the regulation was a finding of safety, an equivocal finding, or one demonstrating carcinogenicity, etc.);

      4.   Whether the regulation pertained to glyphosate or glyphosate formulations (i.e., Roundup);

      5.   General description of Monsanto's role in that particular regulation process (*i.e.*, did Monsanto provide information to or studies to the governmental entity? And if so, who provided the information?); and

      6.   The identity of each Monsanto office and/or person that interacted with each regulatory body at issue.

Additionally, for each regulation identified, Mr. Hardeman requests communication between Monsanto and the regulatory body.  In response, Monsanto proffered vague objections with respect to burden and foreign privacy laws.  This Court has already denied such objections, noting "that a blanket declaration that disclosure "implicates European privacy laws" is insufficient. *See, e.g.*, Buck Decl. (Dkt No. 166-1) at 3.  Pretrial Order No. 15, ECF Dkt. No. 186, March 13, 2017. What is more, the protective order in effect, to the extent it is appropriately invoked for such documents, would resolve the issue.

If Monsanto intends to use governmental regulations as a defense in this case, Mr. Hardeman should be able to know—with particularity—which particular regulatory findings Monsanto is relying upon and receive basic discovery on same.  If Monsanto refuses to produce the requested information, the Court should preclude Monsanto from proffering any evidence of

---

[1] In an act of compromise, Mr. Hardeman agreed to withdraw Interrogatory No. 24 without prejudice.

governmental findings or statements that glyphosate/Roundup is safe and/or non-carcinogenic, alternatively,  if Monsanto does not intend to claim governmental regulations as a defense of glyphosate/Roundup's safety and non-carcinogenicity, Mr. Hardeman will withdraw these requests.

**Monsanto's Statement**

Plaintiffs misstate Monsanto's position.  Monsanto has pointed out that national and international regulators have not reached the same conclusions about carcinogenicity as IARC, and has identified particular ones which have conducted comprehensive scientific reviews (including reviews postdating IARC's and taking it into account) *rejecting* the IARC findings. For example, in the *Johnson* case, Monsanto filed a motion for judicial notice to be taken of a number of specific regulatory findings, which were identified, attached, and briefed by both sides.  Monsanto has offered these to demonstrate, among other things, its own good faith in conducting its glyphosate business, with repeated scientific reviews from those scientific bodies confirming its own views about the safety of its products.  Plaintiffs have long known precisely which regulators and regulatory findings are relied upon for this purpose.

Plaintiffs now request something different: a list of all regulators worldwide, identification of their findings with dates, and various characterizations about those findings. Monsanto knows of no national or international regulatory body that has found that glyphosate is carcinogenic in humans, but it would be unduly burdensome to identify all regulatory findings for the more than 100 countries that have approved glyphosate-based herbicides for sale, including reregistrations (which take place periodically in the regulatory regimes identified above) and characterize each of those findings.

Monsanto has undertaken to provide a list of the countries in which its glyphosate-based herbicides have been approved, the names of the regulatory agencies involved in those approvals, and the Monsanto liaisons with those agencies.  Monsanto has also undertaken to produce documents from its email vault to or from those agencies and liaisons that are responsive to various search terms to be identified by negotiation with the parties.  This production would be completed by the January 15 date that has been negotiated between the

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC

1   parties for such productions to take place.  This is an ambitious discovery project, particularly

2   given the time constraints.

3       **c.   _Stevick Case._**

4   **Plaintiffs' Statement**

5       Counsel for Ms. Stevick and Monsanto are working on resolving discovery issues and if

6   not resolved before the CMC, counsel for Ms. Stevick intends to bring these issues before the

7   court at the CMC.

8   **Monsanto's Statement**

9       Counsel for Ms. Stevick initially raised objections to discovery responses on

10  November 28, and Monsanto will respond.  Monsanto notes that many of the objections were

11  virtually identical to objections that had already been raised, discussed, and resolved in a meet-

12  and-confer not attended by counsel for Ms. Stevick.  Monsanto submits that one point of MDL

13  coordination is to avoid re-arguing discovery issues with each lawyer who has served discovery.

14  Ms. Stevick is represented by the Miller Firm, which sits (through Mr. Miller) on the executive

15  committee.

16  **II.  Expert Deposition Dates – Monsanto's Experts.**

17  **Plaintiffs' Statement**

18      Group 1 expert discovery must be completed by December 20, 2018. _See,_ Pretrial Order

19  No. 53 (ECF Docket No. 1926).  Even so, Monsanto refuses to provide deposition availability

20  for almost 50% of its experts prior to the December 20, 2018 deadline. Remarkably, for one

21  expert, Monsanto provided availability only _after_ the commencement of Daubert briefing. In

22  support of its refusal, Monsanto's attorneys cite Pretrial Order No. 7, Para III.C.2.  However, as

23  clearly set forth in the first paragraph of Pretrial Order No. 7, that deposition protocol related

24  only to the general-causation phase, a phase far in our rear view mirror.  What's more, as of

25  today, only fourteen (14) business days remain to conduct eighteen (18) expert depositions of

26  Monsanto's Group 1 case specific experts, plus produce Plaintiffs' Group 1 experts[2].

27  ───────────────────
[2] Group 1 Plaintiffs designated Dr. Benbrook and offered December 4, 2018 for deposition. Later, Plaintiffs also
28  offered December 3, 2018. Monsanto countered, requesting December 21 or 28, 2018.  Of those two days requested

        _(Footnote continued)_

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC

1    Group 1 Plaintiffs respectfully request the Court Order Monsanto to provide availability

2    for their Group 1 experts within the Pretrial Order 53 deadlines, or allow Plaintiffs to unilaterally

3    notice the depositions. Given the extreme press of time to complete expert discovery, Group 1

4    Plaintiffs do not believe this dispute can wait until the December 5, 2018 Case Management

5    Conference and therefore filed a discovery letter on November 30, 2018 regarding discovery of

6    Monsanto's experts.

7    **Monsanto's Statement**

8    Monsanto has been trying to schedule depositions of plaintiffs' and its own expert

9    witnesses so that plaintiffs' expert depositions in each subject-matter category are complete

10   before Monsanto's experts in that same area are deposed, as was done in CMO 7 for general

11   causation experts.  The same rationale—i.e., that Monsanto's experts must in part respond to the

12   positions taken by plaintiffs'—applies.  Plaintiffs have insisted that all discovery be completed

13   by the deadline of December 20 while also offering dates in the end of the discovery period that

14   include the last day of the discovery period, making  it impossible for their experts in each

15   category to be deposed before Monsanto's experts.  Monsanto is willing to extend the expert

16   discovery period, if necessary, to the extent possible to enable its experts to have an opportunity

17   to react and respond to the positions  taken by plaintiffs' experts in the same areas.

18   **III.   GROUP 1 DAUBERT HEARING.**

19   **Plaintiffs' Statement**

20   Pursuant to Pretrial Order No. 53, the Court scheduled a *Daubert* evidentiary hearing

21   (expert testimony) for February 4, 6, and 11, 2019.   At this time, Group 1 Plaintiffs do not

22   anticipate bringing their experts for live *Daubert* testimony during that hearing.  However, if the

23   Court intends to order live testimony from the Group 1 experts, Group 1 Plaintiffs request further

24   guidance on the parameters of the *Daubert* hearing.

25

26

27

28

by Monsanto, Dr. Benbrook was only available on December 28 2018, so Plaintiffs reluctantly agreed to Monsanto's
counter.

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC

**Monsanto's Statement**

Plaintiffs requested Monsanto's consent to an agreement that there be no live witnesses at the February 2019 *Daubert* hearing.  Monsanto declined, saying that it believed live witnesses were valuable and that it wanted to cross-examine plaintiffs' witnesses in front of the Court. This remains Monsanto's position.

**IV. JURY SELECTION BRIEFS.**

**Statement of Plaintiffs and Monsanto**

Pursuant to Pretrial Order No. 54, on November 30, 2018,  the parties filed briefs on: (1) jury selection and whether exposure to news about the litigation against Monsanto should disqualify a prospective juror; and (2) proposed questions for the jury questionnaire. Counsel will be prepared to discuss this topic with the Court during the December 5, 2018 conference.

**V. *EMANUEL GIGLIO V. MONSANTO* – PREFERENTIAL TRIAL DATE.**

**Plaintiff's Statement**

Mr. Giglio is dying. In fact, his treating oncologist submitted sworn testimony that "Mr. Giglio has substantially less than 6 months left to live as a result of the recurrence of his Stage IV Diffuse Large B-Cell Non-Hodgkin's Lymphoma." *See*, Redfern Declaration, Para. 11, ECF Docket No. 2185-4.  For this reason, on November 16, 2018, undersigned counsel filed a Motion for Trial Preference and/or Trial Remand so Mr. Giglio can receive his day in Court before he dies.[3]

Mr. Giglio filed his lawsuit against Monsanto in the United States District Court for the Southern District of California on October 9, 2015.  Upon best information, Mr. Giglio's case is the second oldest case in this multidistrict litigation – meaning that there is only one individual who has waited longer that Mr. Giglio for their day in Court against Monsanto.  Further delay of his trial is extremely prejudicial, as his estate will lose its right to recover damages for Mr. Giglio's considerable pain and suffering should he pass away before trial.  *See* Cal. Civ. Proc. Code § 377.34 (West) ("In an action or proceeding by a decedent's personal representative or

---

[3] Mr. Giglio incorporates that Motion as if fully set forth herein and his counsel will be prepared to discuss this matter with the Court during the December 5, 2018 hearing.

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC

1  successor in interest on the decedent's cause of action, the damages recoverable are limited to the

2  loss or damage that the decedent sustained or incurred before death, including any penalties or

3  punitive or exemplary damages that the decedent would have been entitled to recover had the

4  decedent lived, and do not include damages for pain, suffering, or disfigurement").

5      Mr. Giglio has been doing everything in his power to facilitate a prompt trial. He served his

6  Plaintiff Fact Sheet on November 28, 2018 and also provided Monsanto with HIPPA releases

7  and all medical records in his possession.  Mr. Giglio is available for deposition any day between

8  December 26, 2018 and January 4, 2019. Upon best information, Mr. Giglio's treating doctor is

9  available for deposition January 9,2019.   Mr. Giglio will use the MDL general causation experts

10  and can be ready to tender case specific expert reports in mid-January 2019 at the latest.  Given

11  his 6-month life expectancy, and the length of trial, Mr. Giglio respectfully requests the earliest

12  practicable trial date, realistically early March 2019, either in the Northern or Southern District

13  of California.

14  **Monsanto's Statement**

15      Pursuant to Pretrial Order No. 54, the parties have filed briefs on Mr. Giglio's motion for

16  a preferential trial setting.  *See* ECF Docket No. 2185, 2212.  Counsel will be prepared to discuss

17  this topic with the Court during the December 5, 2018 conference.  As set forth in Monsanto's

18  brief, the appropriate procedure to follow in federal court with regard to a party in Mr. Giglio's

19  situation is a preservation deposition.  The use of preferential settings in a federal MDL like this

20  one would substantially disrupt the Court's ability to manage the litigation as a whole

21  appropriately.

22      Apart from the Giglio preferential setting motion, the parties have briefly discussed

23  establishing a procedure by which preservation depositions could be arranged for cases in the

24  MDL in which a plaintiff's condition warrants it.  Monsanto proposes that, in such cases:

25      (1) Counsel for that plaintiff will notify Monsanto of the situation as soon as possible;

26      (2) A deposition will be scheduled within two months, or sooner, if necessary;

27

28

- 11 -

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC

(3) As soon as possible, and in no event later than four weeks before the scheduled deposition, the plaintiff in question will provide a complete PFS and all medical records to which they have access.

DATED: November 30, 2018                    Respectfully submitted,


                                            /s/ Aimee Wagstaff
                                            Aimee Wagstaff
                                            aimee.wagstaff@andruswagstaff.com
                                            Andrus Wagstaff, P.C.
                                            7171 West Alaska Drive
                                            Lakewood CO 80226
                                            P: 303-376-6360

                                            /s/ Robin Greenwald
                                            Robin Greenwald
                                            rgreenwald@weitzlux.com
                                            Weitz & Luxenberg
                                            700 Broadway
                                            New York NY 10003
                                            P: 212-558-5500

                                            /s/   Mike Miller
                                            Michael Miller
                                            mmiller@millerfirmllc.com
                                            The Miller Firm LLC
                                            108 Railroad Ave
                                            Orange VA 22960
                                            P: 540 672 4224

                                            Co-Lead Counsel for Plaintiffs

DATED: November 30, 2018                    Respectfully submitted,

                                            /s/ Joe G. Hollingsworth
                                            Joe G. Hollingsworth (*pro hac vice*)
                                            (jhollingsworth@hollingsworthllp.com)
                                            Eric G. Lasker (*pro hac vice*)
                                            (elasker@hollingsworthllp.com)
                                            HOLLINGSWORTH LLP
                                            1350 I Street, N.W.
                                            Washington, DC  20005
                                            Telephone:  (202) 898-5800

                                            Attorneys for Defendant
                                            MONSANTO COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that, on this 30th day of November 2018, the foregoing Joint Case Management Statement was served on all parties of record by means of electronic filing via the Electronic Case Filing (ECF) system.

/s/ Aimee Wagstaff
Aimee Wagstaff
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 West Alaska Drive
Lakewood CO 80226
P: 303-376-6360

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC