**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
Kirby T. Griffis (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com
          kgriffis@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Hardeman v. Monsanto Co., et al.*<br>Case No. 3:16-cv-00525-VC | |

## MONSANTO COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S AMENDED FIFTH SET OF DISCOVERY TO MONSANTO

Monsanto Company ("Monsanto") hereby responds pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure to Plaintiff's Fifth Set of Discovery to Monsanto – Amended – October 18, 2018.

## GENERAL OBJECTIONS

1.      Monsanto objects to the definition of "Monsanto" and "You" in paragraph 7 under Defintions (sic), which defines the terms as "Monsanto Company or any of its predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives and any other Person acting or purporting to act on its behalf, and every company affiliated with

1

1   each such company by common ownership or control."  This definition is overbroad and unduly

2   burdensome because a number of affiliated companies have nothing whatsoever to do with the

3   manufacture or sale of the products at issue in plaintiffs' complaint.  It is also overbroad and

4   unduly burdensome because Monsanto is a corporation that has employed many thousands of

5   people in the more than forty years that glyphosate-containing products have been manufactured

6   and sold by the company.  Thousands of such people potentially could have some information

7   responsive to plaintiffs' requests, which also use overbroad phrases such as "any" and "all;" all

8   requests of this sort not directed to particular custodians or sources are thus overbroad, unduly

9   burdensome, unduly cumulative, and not proportional to the needs of the case.  It is impossible

10  for all such people (many of whom are long ago deceased and/or left their employment with

11  Monsanto) to be interviewed to respond to these Requests, and it is an overly burdensome and

12  frivolous suggestion that this should be done or that records should be collected and reviewed for

13  all such people.  Instead, Monsanto will respond to the requests as described more specifically

14  below based on the knowledge and the documents within the possession, custody, or control of a

15  group of key custodians with responsibility in the areas covered by relevant and otherwise

16  unobjectionable Requests for Production and/or through particular non-custodian-based records

17  collections in the possession of defendant Monsanto Company.

18          2.      Monsanto has based these responses and objections on the assumption that

19  plaintiff, in propounding these Requests, does not intend to seek information protected from

20  discovery by the attorney-client privilege, or the attorney work product rule, or information

21  regarding or reflecting the impressions, conclusions, opinions, legal research or theories of

22  Monsanto's attorneys.  Monsanto objects to each request to the extent it seeks documents or

23  information protected by the attorney-client privilege, the work product doctrine, or any other

24  applicable statutory or common law privilege.  Monsanto is not at this time in a position to be

25  able to identify all the privileged documents that may fall within its potential production set and

26  reserves the right to make privilege claims at a later date.

27

28

3.      Monsanto objects to the extent the Requests for Production seek the immediate production of documents because this would be impossible in view of the scope and manner of the requested production, for a company the size of Monsanto, and due to the volume of records that Monsanto has in its possession.  Based on records collected to date, most Monsanto employees who may be designated as a custodian have hundreds of thousands to millions of pages of records.  Before responsive records can be produced, they need to be collected, processed, and reviewed at substantial costs.  To the extent Monsanto agrees to produce documents in accordance with its responses set forth below, the production will be made on a rolling basis.

4.      Monsanto objects to the extent the Requests for Production call for the collection, processing, review, or production of records located outside of the United States; such collection would be unduly burdensome due to the constraints of foreign privacy laws and the burdens associated with identification of the applicable foreign privacy laws for each jurisdiction, as well as the burdens associated with assessing whether there are responsive documents in such other locations.  There are no allegations that plaintiff Edwin Hardeman was exposed to or purchased glyphosate-containing products outside of the United States.  Monsanto is headquartered and has its principal place of business in the United States where it maintains non-custodial scientific and regulatory records collections and employee email databases in addition to certain records libraries (hard copy and electronic).  The probative value of any records located outside the United States of which Monsanto is found to have possession, custody, or control are thus likely to be cumulative, unnecessary, and of limited probative value compared to the records already produced or being produced.

5.      Monsanto objects to the extent the Requests for Production would require the collection, processing, review, production, or disclosure of information in contravention of foreign privacy laws, including European Union privacy law requiring personal anonymity unless necessary to the litigation.

MONSANTO'S RESPONSES TO PLAINTIFFS' AMENDED FIFTH SET OF DISCOVERY REQUESTS
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

6.     Monsanto will make its document productions in accordance with the protocols set forth in the following Orders, issued by the Court: Joint Stipulation and Order Amending Governing Protocol for Discovery of Electronically Stored Information (Dec. 5, 2016) ("ESI Order"); Order Governing Privilege Logs (Dec. 9, 2016); and Pretrial Order No. 30: Amended Protective Order (Sep. 6, 2017).  Monsanto objects to plaintiff's Requests for Production to the extent they are inconsistent with these Orders or call for additional or different procedure or formatting.

7.     Pursuant to Section II(C)(1) of the ESI Order, Monsanto objects to the production of, and currently has not produced, ESI that is not reasonably accessible as identified therein.

8.     Monsanto objects to all of the Requests to the extent they would require Monsanto to produce or search for information not within its possession, custody, or control, including information in the possession of other corporations or individuals not employed by the company.

9.     Monsanto objects all of the Requests to the extent they seek information or documentation that is publicly available and therefore readily available to plaintiffs, as the burden of obtaining such information is the same for plaintiffs as it would be for Monsanto.

10.     Monsanto objects to these Requests as unreasonably cumulative and/or duplicative of discovery already permitted.

11.     Monsanto objects to the Interrogatories to the extent they seek the identification of "all" or "each and every" documents or information in response.  It is a practical and legal impossibility that "all" facts, documents, or information for any specific subject could be found and identified for the more than forty years that glyphosate-containing products have been manufactured and sold by Monsanto.  Instead, Monsanto will make reasonable and proportional searches for documents and information in order to respond to otherwise unobjectionable Interrogatories.

4

MONSANTO'S RESPONSES TO PLAINTIFFS' AMENDED FIFTH SET OF DISCOVERY REQUESTS
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

12.     Monsanto's Responses to plaintiffs' Requests are made without waiving the right, at any time and for any reason, to revise, supplement, correct, add to, or clarify these Responses. These responses also are provided without limiting or waiving Monsanto's right to object to additional discovery that may be sought from Monsanto or from any of the custodians or production sources identified in these responses.

13.     Monsanto objects to these Requests to the extent that they seek to impose a burden or requirements beyond what the Federal Rules of Civil Procedure and/or the local rules for the Northern District of California require.

14.     Monsanto objects to the Requests to the extent they seek information not relevant to any claims or defenses asserted in this case.

15.     These General Objections apply to all of the following Responses to specific Requests and are incorporated by reference therein.

## MONSANTO'S RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify who is responding to this Discovery on behalf of Monsanto.

**RESPONSE TO INTERROGATORY NO. 1:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 1 because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving the foregoing objections, Monsanto responds as follows: Christopher Martin has signed the verification page accompanying Monsanto's objections and responses to these Interrogatory requests.

**INTERROGATORY NO. 2:** Identify by date the first time you sought legal counsel regarding the allegations contained in this lawsuit.

**RESPONSE TO INTERROGATORY NO. 2:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 2

MONSANTO'S RESPONSES TO PLAINTIFFS' AMENDED FIFTH SET OF DISCOVERY REQUESTS
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the date by which Monsanto first sought legal counsel has no bearing on the claims or defenses of this case.  Monsanto objects to Interrogatory No. 2 to the extent it calls for the disclosure of information protected by the attorney-client privilege and/or work product doctrine.

**INTERROGATORY NO. 3:** Identify any and all insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments to satisfy the judgment. FRCP 26(a)(1)(iv).

**RESPONSE TO INTERROGATORY NO.  3:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 3 because it is cumulative and/or duplicative of discovery already permitted.

Subject to, and without waiving the foregoing objections, Monsanto responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Monsanto directs plaintiff to its Initial Disclosures served in this case on May 17, 2016,  where the burden of deriving or ascertaining the answer will be substantially the same plaintiffs as it is for Monsanto.

**INTERROGATORY NO. 4:** Identify the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that you may use to support your allegations and defenses, unless the use would be solely for impeachment.

**RESPONSE TO INTERROGATORY NO. 4:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to the identification of "address" and "telephone number" because the Interrogatory seeks personal and/or confidential information that is neither relevant nor likely to lead to the discovery of admissible evidence. Monsanto will not provide the personal home address or personal phone number of any individuals identified in responding to Interrogatory No. 4.  Monsanto objects to Interrogatory No. 4 because it is oppressive, unduly burdensome, overly broad, and not proportional to the

needs of this case because it seeks the identity of "each individual likely to have discoverable information."  Monsanto is a large company that has undergone multiple changes in structure, organization, and leadership over the last four decades that it would be oppressive and unduly burdensome to require such a large and diverse company to identity every possible person who would be responsive to this Interrogatory.  Monsanto objects to Interrogatory No. 4 because it is cumulative and/or duplicative of the 1.6 million documents (estimated to total more than 15 million pages) already produced or made available to plaintiffs, and because plaintiffs have taken multiple depositions of corporate witnesses and expert witnesses in this case and other related cases, and therefore requiring additional information on this broad topic is unduly burdensome.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Monsanto directs plaintiff to its Initial Disclosures served in this case on May 17, 2016, where the burden of deriving or ascertaining the answer will be substantially the same plaintiffs as it is for Monsanto.

**INTERROGATORY NO. 5:** Identify the name, and if known, the address and telephone number of current and former Monsanto employees who have information in support of Plaintiff's allegations or in contrast to your defenses.

**RESPONSE TO INTERROGATORY NO. 5:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.    Monsanto objects to Interrogatory No. 5 as vague and lacking specificity insofar as Plaintiffs and not Monsanto are in a position to identify what information Plaintiffs believe support their allegations or contrast with Monsanto's defenses.  Monsanto objects to Interrogatory No. 5 as an improper contention interrogatory and as requesting information protected by attorney work product insofar as it purports to require Monsanto to make and disclose assessments about what information supports Plaintiffs' allegations or contrasts with its defenses. .  Monsanto objects to Interrogatory No. 5 because it is oppressive, unduly burdensome, overly broad, and not proportional to the needs of this case because Plaintiffs are already in possession of millions of pages of documents, and have taken or

1  requested numerous depositions, and can make their own assessments about what information

2  they believe supports their case or contrasts with Monsanto's defenses.

3  **INTERROGATORY NO. 6:** Identify all persons who will or may provide testimony in this

4  lawsuit for Monsanto. For each person identified, state the name, address, phone number,

5  occupation, place of employment, relationship to Monsanto, and the general nature of the subject

6  matter upon which each witness will testify.

7     **RESPONSE TO INTERROGATORY NO. 6:** Monsanto incorporates by reference the

8  foregoing General Objections here as if restated in full. Monsanto objects to the identification of

9  "address" and "phone number" because the Interrogatory seeks personal and/or confidential

10 information that is neither relevant nor likely to lead to the discovery of admissible evidence.

11 Monsanto will not provide the personal home address or personal phone number of any

12 individuals identified in responding to Interrogatory No. 6. Monsanto objects to Interrogatory

13 No. 6 because it is premature; pursuant to the October 3, 2018, Pretrial Order No. 53 – Revised

14 Trial Schedule Group 1 Plaintiffs [Dkt. 1926] the parties are not required to exchange trial

15 witness information until at least February 2019 or until otherwise required by the Court.

16    Subject to, and without waiving the foregoing objections Monsanto responds as follows:

17 Monsanto will provide information responsive to Interrogatory No. 6 pursuant to the October 3,

18 2018, Pretrial Order No. 53 – Revised Trial Schedule Group 1 Plaintiffs [Dkt. 1926], or unless

19 otherwise required by the Court to exchange witness information.

20 **INTERROGATORY NO. 7:** Have you received a statement, or otherwise interviewed any

21 person(s) identified in response to Interrogatories 3-6 (above) regarding the allegations in this

22 lawsuit? Have you received a statement, or otherwise interviewed any person(s) not identified in

23 response to Interrogatories 3-6 (above) regarding the allegations in this lawsuit?

24    **RESPONSE TO INTERROGATORY NO. 7:** Monsanto incorporates by reference the

25 foregoing General Objections here as if restated in full. Monsanto objects to Interrogatory No. 7

26 because it is compound and contains multiple inappropriate subparts. Monsanto objects to

27

28 MONSANTO'S RESPONSES TO PLAINTIFFS' AMENDED FIFTH SET OF DISCOVERY
REQUESTS
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

Interrogatory No. 7 because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because whether or not Monsanto has received a statement or otherwise interviewed any individual has no bearing on the claims or defenses of this case.  Monsanto objects to Interrogatory No. 7 because it calls for the disclosure of information protected by the attorney-client privilege and/or work product doctrine.

**INTERROGATORY NO. 8:** Have you reported Mr. Hardeman's allegations to the U.S. EPA or any other regulatory agency? If  so, when.  If not, why not.

**RESPONSE TO INTERROGATORY NO. 8:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 8 because it is compound and contains multiple inappropriate subparts.  Monsanto objects to Interrogatory No. 8 because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because whether or not Monsanto has reported Mr. Hardeman's allegations to the U.S. EPA or "any other regulatory agency" no bearing on the claims or defenses of this case.  Monsanto objects to Interrogatory No. 7 because the phrase "any other regulatory agency" is vague and ambiguous.

Subject to, and without waiving the foregoing objections Monsanto responds that it submitted a report to the U.S. EPA on March 30, 2016, which is scheduled for production to plaintiff on this date.

**INTERROGATORY NO. 9:** Give the basis for your belief that exposure to Glyphosate Products did not cause or substantially contribute to Mr. Hardeman's injuries.

**RESPONSE TO INTERROGATORY NO.  9:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 9 as a premature contention interrogatory that need not be answered if ever until after fact and expert discovery has been completed or until a pretrial conference or other later time.  Monsanto objects that Interrogatory No. 9 is improperly and prematurely seeking the disclosure of expert testimony and/or the materials on which Monsanto's experts will rely in reaching their expert

1   opinions.  Such information will be disclosed at the appropriate time in accordance with Federal

2   Rule of Civil Procedure 26 disclosure requirements for expert testimony and/or pursuant to the

3   October 3, 2018, Pretrial Order No. 53 – Revised Trial Schedule Group 1 Plaintiffs [Dkt. 1926].

4   **INTERROGATORY NO. 10:** Identify all documents that support your belief that exposure to

5   Glyphosate Products did not cause or substantially contribute to Mr. Hardeman's injuries.

6          **RESPONSE TO INTERROGATORY NO.  10:** Monsanto incorporates by reference

7   the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory

8   No. 10 because it seeks the identification of "all" documents or information in response.  It is a

9   practical and legal impossibility that "all" facts, documents, or information for any specific

10  subject could be found and identified for the more than forty years that glyphosate-containing

11  products have been manufactured and sold by Monsanto.  Monsanto objects to Interrogatory No.

12  10 because it is overbroad, unduly burdensome, and seeks information protected by the attorney-

13  client privilege and attorney work product doctrine, and that any selected information would

14  reveal Monsanto's attorneys' theories of the case.  Monsanto objects that Interrogatory No. 10 is

15  improperly and prematurely seeking the disclosure of expert testimony and/or the materials on

16  which Monsanto's experts will rely in reaching their expert opinions.  Such information will be

17  disclosed at the appropriate time in accordance with Federal Rule of Civil Procedure 26

18  disclosure requirements for expert testimony and/or pursuant to the October 3, 2018, Pretrial

19  Order No. 53 – Revised Trial Schedule Group 1 Plaintiffs [Dkt. 1926].

20  **INTERROGATORY NO. 11:** List all potential factors or confounders that you believe are

21  potential contributing causes to the development of Mr. Hardeman's cancer.

22          **RESPONSE TO INTERROGATORY NO. 11:**  Monsanto incorporates by reference

23  the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory

24  No. 11 as a premature contention interrogatory that need not be answered if ever until after fact

25  and expert discovery has been completed or until a pretrial conference or other later time.

26  Monsanto objects that Interrogatory No. 11 is improperly and prematurely seeking the disclosure

27

28

10

of expert testimony and/or the materials on which Monsanto's experts will rely in reaching their expert opinions. Such information will be disclosed at the appropriate time in accordance with Federal Rule of Civil Procedure 26 disclosure requirements for expert testimony and/or pursuant to the October 3, 2018, Pretrial Order No. 53 – Revised Trial Schedule Group 1 Plaintiffs [Dkt. 1926].

**INTERROGATORY NO. 12:** Identify all documents by name or Bates Label that support your list of potential factors or confounders that you believe are potential contributing causes to the development of Mr. Hardeman's cancer.

**RESPONSE TO INTERROGATORY NO. 12:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full. Monsanto objects to Interrogatory No. 12 because it seeks the identification of "all" documents or information in response. It is a practical and legal impossibility that "all" facts, documents, or information for any specific subject could be found and identified for the more than forty years that glyphosate-containing products have been manufactured and sold by Monsanto. Monsanto objects to Interrogatory No. 12 because it is overbroad, unduly burdensome, and seeks information protected by the attorney-client privilege and attorney work product doctrine, and that any selected information would reveal Monsanto's attorneys' theories of the case. Monsanto objects to Interrogatory No. 12 as a premature contention interrogatory that need not be answered if ever until after fact and expert discovery has been completed or until a pretrial conference or other later time. Monsanto objects that Interrogatory No. 12 is improperly and prematurely seeking the disclosure of expert testimony and/or the materials on which Monsanto's experts will rely in reaching their expert opinions. Such information will be disclosed at the appropriate time in accordance with Federal Rule of Civil Procedure 26 disclosure requirements for expert testimony and/or pursuant to the October 3, 2018, Pretrial Order No. 53 – Revised Trial Schedule Group 1 Plaintiffs [Dkt. 1926].

**INTERROGATORY NO. 13:** When do you contend that Mr. Hardeman developed non-Hodgkins lymphoma?

1        **RESPONSE TO INTERROGATORY NO.  13:** Monsanto incorporates by reference

2  the foregoing General Objections here as if restated in full.  Monsanto objects to the term

3  "developed" as vague and ambiguous.  Monsanto objects to Interrogatory No. 13 to the extent it

4  requires Monsanto to speculate as to information not within its possession, custody, or control.

5  Monsanto objects to Interrogatory No. 13 as a premature contention interrogatory that need not

6  be answered if ever until after fact and expert discovery has been completed or until a pretrial

7  conference or other later time.  Monsanto objects that Interrogatory No. 13 is improperly and

8  prematurely seeking the disclosure of expert testimony and/or the materials on which

9  Monsanto's experts will rely in reaching their expert opinions.  Such information will be

10  disclosed at the appropriate time in accordance with Federal Rule of Civil Procedure 26

11  disclosure requirements for expert testimony and/or pursuant to the October 3, 2018, Pretrial

12  Order No. 53 – Revised Trial Schedule Group 1 Plaintiffs [Dkt. 1926].

13  **INTERROGATORY NO. 14:** When do you contend that Mr. Hardeman developed Hepatitis

14  C?

15        **RESPONSE TO INTERROGATORY NO.  14:** Monsanto incorporates by reference

16  the foregoing General Objections here as if restated in full.  Monsanto objects to the term

17  "developed" as vague and ambiguous.  Monsanto objects to Interrogatory No. 14 to the extent it

18  requires Monsanto to speculate as to information not within its possession, custody, or control.

19  Monsanto objects to Interrogatory No. 14 as a premature contention interrogatory that need not

20  be answered if ever until after fact and expert discovery has been completed or until a pretrial

21  conference or other later time.  Monsanto objects that Interrogatory No. 14 is improperly and

22  prematurely seeking the disclosure of expert testimony and/or the materials on which

23  Monsanto's experts will rely in reaching their expert opinions.  Such information will be

24  disclosed at the appropriate time in accordance with Federal Rule of Civil Procedure 26

25  disclosure requirements for expert testimony and/or pursuant to the October 3, 2018, Pretrial

26  Order No. 53 – Revised Trial Schedule Group 1 Plaintiffs [Dkt. 1926].

27

28

**INTERROGATORY NO. 15:**

Do you contend that Mr. Hardeman's injuries, as set forth in the Amended Complaint, were caused in whole or in part by the actions, omissions, and/or negligence of some person or persons other than Monsanto? If your answer is in the affirmative, please identify the following:

      a. Identify all person or persons that you allege caused Mr. Hardeman's injuries in whole or in part;

      b. Describe each act or omission by which you contend such person or persons caused injuries to Mr. Hardeman.

      **RESPONSE TO INTERROGATORY NO. 15:**  Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 15 because it is compound and contains multiple inappropriate subparts.  Monsanto objects to Interrogatory No. 15 to the extent it requires Monsanto to speculate as to information not within its possession, custody, or control.  Monsanto objects to Interrogatory No. 15 as a premature contention interrogatory that need not be answered if ever until after fact and expert discovery has been completed or until a pretrial conference or other later time.  Monsanto objects that Interrogatory No. 15 is improperly and prematurely seeking the disclosure of expert testimony and/or the materials on which Monsanto's experts will rely in reaching their expert opinions.  Such information will be disclosed at the appropriate time in accordance with Federal Rule of Civil Procedure 26 disclosure requirements for expert testimony and/or pursuant to the October 3, 2018, Pretrial Order No. 53 – Revised Trial Schedule Group 1 Plaintiffs [Dkt. 1926].

**INTERROGATORY NO. 16:** Do you contend that Mr. Hardeman was actually exposed to less Roundup than he alleges? If so, please set forth the specific facts in support of this contention.

      **RESPONSE TO INTERROGATORY NO.  16:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 16 to the extent it requires Monsanto to speculate as to information not within its possession, custody, or control.  Monsanto objects to Interrogatory No. 16 as a premature contention

interrogatory that need not be answered if ever until after fact and expert discovery has been completed or until a pretrial conference or other later time.  Monsanto objects that Interrogatory No. 16 is improperly and prematurely seeking the disclosure of expert testimony and/or the materials on which Monsanto's experts will rely in reaching their expert opinions.  Such information will be disclosed at the appropriate time in accordance with Federal Rule of Civil Procedure 26 disclosure requirements for expert testimony and/or pursuant to the October 3, 2018, Pretrial Order No. 53 – Revised Trial Schedule Group 1 Plaintiffs [Dkt. 1926].

**INTERROGATORY NO. 17:** You denied Paragraph 42 of Plaintiff's First Amended Complaint. Please state each reason for that denial and list each state wherein you did in fact alter your advertising as discussed in Paragraphs 42 other than New York, and the date in which it was altered.

**RESPONSE TO INTERROGATORY NO.  17:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 17 because it is compound and contains multiple inappropriate subparts.   Monsanto objects to this Interrogatory because, in combination with Mr. Hardeman's Third Set of Discovery (served on October 12, 2016) and Fourth Set of Discovery (served on October 28, 2016) (some of which contain multiple subparts) this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33.  Monsanto further objects to Interrogatory No. 17 because advertising in the various US states is irrelevant to this lawsuit unless seen by and relied upon by Mr. Hardeman.  Monsanto objects to Interrogatory No. 17 as a premature contention interrogatory that need not be answered if ever until after fact and expert discovery has been completed or until a pretrial conference or other later time.

**INTERROGATORY NO. 18:** Identify all facts and evidence to support your "Separate and Affirmative Defenses," including but not limited to, Nos. 9, 11, 12, 13, 20, 21. Specifically,

MONSANTO'S RESPONSES TO PLAINTIFFS' AMENDED FIFTH SET OF DISCOVERY REQUESTS
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

a. **No. 9:** Identify all facts and evidence regarding your allegations that Mr. Hardeman's non-Hodgkin's lymphoma diagnosis is the result of (1) his conduct; (2) independent third parties' conduct (to include an identification of the independent third parties); (3) extraordinary events, not foreseeable in the normal course of events; (4) independent, intervening and superseding causes of alleged injuries, including but not limited to Mr. Hardeman's pre-existing injuries.

b. **No. 11:** Identify all facts and evidence in support of your allegation that Mr. Hardeman failed to timely file his lawsuit.

c. **No. 12:** Identify all facts and evidence in support of your allegation that Mr. Hardeman misused or engaged in abnormal use of Glyphosate Products or failed to follow Your instructions.

d. **No. 13:** Identify all facts and evidence in support of your allegation that Mr. Hardeman's non-Hodgkin's lymphoma diagnosis resulted from acts or omissions or persons or entities for which you are not liable or responsible or resulted from a disease and/or causes that are not related or connected with any Monsanto product. Please include an identification of the person or entity of which you reference.

e. **No. 20**: Identify all facts and evidence regarding your allegation that Mr. Hardeman contributed to his injuries.

f. **No. 21**: Identify all facts and evidence regarding your allegation that Mr. Hardeman failed to mitigate his damages.

**RESPONSE TO INTERROGATORY NO. 18:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 18 because it is compound and contains multiple inappropriate subparts.  Monsanto objects to this Interrogatory because, in combination with Mr. Hardeman's Third Set of Discovery (served on October 12, 2016) and Fourth Set of Discovery (served on October 28, 2016) this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts, imposed by

Federal Rule of Civil Procedure 33.  Monsanto objects to Interrogatory No. 18 because it seeks the identification of "all" facts and evidence in response.  It is a practical and legal impossibility that "all" facts, documents, or information for any specific subject could be found and identified for the more than forty years that glyphosate-containing products have been manufactured and sold by Monsanto.  Monsanto objects to Interrogatory No. 18 because it is overbroad, unduly burdensome, and seeks information protected by the attorney-client privilege and attorney work product doctrine, and that any selected information would reveal Monsanto's attorneys' theories of the case.  Monsanto objects to Interrogatory No. 18 as a premature contention interrogatory that need not be answered if ever until after fact and expert discovery has been completed or until a pretrial conference or other later time.

**INTERROGATORY NO. 19:** Throughout the course of this litigation, you have asserted the defense that "regulators world wide" have found glyphosate to be safe and not carcinogenic. Please list every worldwide regulator or regulating entity that has regulated glyphosate and/or Roundup since 1970.  In your response, please identify:

      a. The regulating body and geographic location;

      b. The date(s) or time period(s) of the regulation;

      c. The effect of the regulation (i.e., whether the regulation was a finding of safety, carcinogenicity, etc.);

      d. Whether the regulation pertained to glyphosate or Roundup;

      e. Monsanto's belief as to whether the regulatory body made a finding on safety or a finding pertaining to glyphosate and/or Roundup's carcinogenic potential;

      f. Generally describe Monsanto's role in that particular regulation process (i.e., provide the regulatory body with information or studies);

      g. Identify each Monsanto office and person that interacted with each regulatory body at issue.

MONSANTO'S RESPONSES TO PLAINTIFFS' AMENDED FIFTH SET OF DISCOVERY REQUESTS
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

**RESPONSE TO INTERROGATORY NO. 19:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 19 because it is compound and contains multiple inappropriate subparts. Monsanto objects to this Interrogatory because, in combination with Mr. Hardeman's Third Set of Discovery (served on October 12, 2016) and Fourth Set of Discovery (served on October 28, 2016) this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33.  Monsanto objects to Interrogatory No. 19 because it is overly broad in that it seeks the identification of, and detailed information about, "every worldwide regulator or regulating entity" for the more than forty years that glyphosate-containing products have been manufactured and sold by Monsanto.  Monsanto objects to Interrogatory No. 19 because these regulatory actions are public knowledge and equally available to plaintiffs.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Since IARC classified glyphosate, regulatory authorities in the United States, Europe, Canada, Korea, Japan, New Zealand and Australia have publicly reaffirmed that glyphosate does not pose a cancer risk to humans.  Monsanto will supplement its response.

**INTERROGATORY NO. 20:** Do you contend that regulatory activity and/or decisions by any non-US entity, including but not limited to, EFSA, ECHA, Australia, New Zealand, or the German BfR authority, is evidence that glyphosate is safe? If yes, please identify the activity or decision.

**RESPONSE TO INTERROGATORY NO. 20:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 20 because it is compound and contains multiple inappropriate subparts. Monsanto objects to this Interrogatory because, in combination with Mr. Hardeman's Third Set of Discovery (served on October 12, 2016) and Fourth Set of Discovery (served on October 28, 2016) this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts,

imposed by Federal Rule of Civil Procedure 33. Monsanto objects to Interrogatory No. 20 as a premature contention interrogatory that need not be answered if ever until after fact and expert discovery has been completed or until a pretrial conference or other later time.  Monsanto objects to Interrogatory No. 20 because the phrase "activity and/or decisions" and "any non-US entity" is vague and ambiguous.  Monsanto objects to Interrogatory No. 20 because these regulatory actions are public knowledge and equally available to plaintiffs.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Since IARC classified glyphosate, regulatory authorities in Europe, Canada, Korea, Japan, New Zealand and Australia have publicly reaffirmed that glyphosate does not pose a cancer risk to humans.  Monsanto will supplement its response.

**INTERROGATORY NO. 21:** Do you contend that regulatory activity and/or decisions by any non-US entity, including but not limited to, EFSA, ECHA, Australia, New Zealand, or the German BfR authority, is evidence that glyphosate is not a carcinogen to humans? If yes, please identify the activity or decision.

**RESPONSE TO INTERROGATORY NO. 21:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 21 because it is compound and contains multiple inappropriate subparts. Monsanto objects to this Interrogatory because, in combination with Mr. Hardeman's Third Set of Discovery (served on October 12, 2016) and Fourth Set of Discovery (served on October 28, 2016) this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33.   Monsanto objects to Interrogatory No. 21 as a premature contention interrogatory that need not be answered if ever until after fact and expert discovery has been completed or until a pretrial conference or other later time.  Monsanto objects to Interrogatory No. 21 because the phrase "activity and/or decisions" and "any non-US entity" is vague and ambiguous.  Monsanto objects to Interrogatory No. 21 because these regulatory actions are public knowledge and equally available to plaintiffs.

MONSANTO'S RESPONSES TO PLAINTIFFS' AMENDED FIFTH SET OF DISCOVERY REQUESTS
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

1    Subject to, and without waiving the foregoing objections Monsanto responds as follows:

2    Since IARC classified glyphosate, regulatory authorities in Europe, Canada, Korea, Japan, New

3    Zealand and Australia have publicly reaffirmed that glyphosate does not pose a cancer risk to

4    humans.  Monsanto will supplement its response.

5    **INTERROGATORY NO. 22:** Do you contend that regulatory activity and/or decisions by any

6    non-US entity, including but not limited to, EFSA, ECHA, Australia, New Zealand, or the

7    German BfR authority, is evidence that Roundup is safe? If yes, please identify the activity or

8    decision.

9    **RESPONSE TO INTERROGATORY NO. 22:** Monsanto incorporates by

10   reference the foregoing General Objections here as if restated in full.  Monsanto objects to

11   Interrogatory No. 22 because it is compound and contains multiple inappropriate subparts.

12   Monsanto objects to this Interrogatory because, in combination with Mr. Hardeman's Third Set

13   of Discovery (served on October 12, 2016) and Fourth Set of Discovery (served on October 28,

14   2016) this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts,

15   imposed by Federal Rule of Civil Procedure 33.   Monsanto objects to Interrogatory No. 22 as a

16   premature contention interrogatory that need not be answered if ever until after fact and expert

17   discovery has been completed or until a pretrial conference or other later time.  Monsanto objects

18   to Interrogatory No. 22 because the phrase "activity and/or decisions" and "any non-US entity"

19   is vague and ambiguous.  Monsanto objects to Interrogatory No. 22 because these regulatory

20   actions are public knowledge and equally available to plaintiffs.

21   Subject to, and without waiving the foregoing objections Monsanto responds as follows:

22   Since IARC classified glyphosate, regulatory authorities in Europe, Canada, Korea, Japan, New

23   Zealand and Australia have publicly reaffirmed that glyphosate does not pose a cancer risk to

24   humans.  Monsanto will supplement its response.

25   **INTERROGATORY NO. 23:** Do you contend that regulatory activity and/or decisions by any

26   non-US entity, including but not limited to, EFSA, ECHA, Australia, New Zealand, or the

27

28   MONSANTO'S RESPONSES TO PLAINTIFFS' AMENDED FIFTH SET OF DISCOVERY
     REQUESTS
     MDL. NO. 2741 & CASE NO. 16-md-02741-VC

German BfR authority, is evidence that Roundup is not a carcinogen to humans? If yes, please identify the activity or decision.

**RESPONSE TO INTERROGATORY NO. 23:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 23 because it is compound and contains multiple inappropriate subparts. Monsanto objects to this Interrogatory because, in combination with Mr. Hardeman's Third Set of Discovery (served on October 12, 2016) and Fourth Set of Discovery (served on October 28, 2016) this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33.   Monsanto objects to Interrogatory No. 23 as a premature contention interrogatory that need not be answered if ever until after fact and expert discovery has been completed or until a pretrial conference or other later time.  Monsanto objects to Interrogatory No. 23 because the phrase "activity and/or decisions" and "any non-US entity" is vague and ambiguous.  Monsanto objects to Interrogatory No. 23 because these regulatory actions are public knowledge and equally available to plaintiffs.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Since IARC classified glyphosate, regulatory authorities in Europe, Canada, Korea, Japan, New Zealand and Australia have publicly reaffirmed that glyphosate does not pose a cancer risk to humans.  Monsanto will supplement its response.

**INTERROGATORY NO. 24:** Please identify every adverse regulatory action or decision regarding glyphosate and/or Roundup.

**RESPONSE TO INTERROGATORY NO.  24:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to this Interrogatory because, in combination with Mr. Hardeman's Third Set of Discovery (served on October 12, 2016) and Fourth Set of Discovery (served on October 28, 2016) this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33.  Monsanto objects to Interrogatory No. 24 because it wrongly assumes

1   "adverse regulatory action[s] or decision[s]" exist.  Monsanto objects to Interrogatory No. 24

2   because the phrase "adverse regulatory action or decision" is vague and ambiguous.  Monsanto

3   objects to Interrogatory No. 24 as overbroad including because it is not limited to human health

4   related regulatory actions or decisions regarding glyphosate and/or Roundup.

5   **INTERROGATORY NO. 25:** Do you contend that regulatory activity and/or decisions by the

6   U.S. EPA is evidence that glyphosate is safe? If yes, please identify the activity or decision.

7           **RESPONSE TO INTERROGATORY NO. 25:** Monsanto incorporates by reference the

8   foregoing General Objections here as if restated in full. Monsanto objects to this Interrogatory

9   because, in combination with Mr. Hardeman's Third Set of Discovery (served on October 12,

10  2016) and Fourth Set of Discovery (served on October 28, 2016) this Interrogatory exceeds the

11  limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil

12  Procedure 33.  Monsanto objects to Interrogatory No. 25 as a premature contention interrogatory

13  that need not be answered if ever until after fact and expert discovery has been completed or

14  until a pretrial conference or other later time.  Monsanto objects to Interrogatory No. 25 because

15  the phrase "activity and/or decisions" is vague and ambiguous.  Monsanto objects to

16  Interrogatory No. 25 because these regulatory actions are public knowledge and equally

17  available to plaintiffs.

18          Subject to, and without waiving the foregoing objections Monsanto responds as follows:

19  Both prior to and after IARC classified glyphosate, the U.S. EPA has publicly reaffirmed that

20  glyphosate does not pose a cancer risk to humans.  Monsanto will supplement its response.

21  **INTERROGATORY NO. 26:** Do you contend that regulatory activity and/or decisions by the

22  U.S. EPA is evidence that glyphosate is not a carcinogen to humans? If yes, please identify the

23  activity or decision.

24          **RESPONSE TO INTERROGATORY NO. 26:** Monsanto incorporates by reference the

25  foregoing General Objections here as if restated in full.  Monsanto objects to this Interrogatory

26  because, in combination with Mr. Hardeman's Third Set of Discovery (served on October 12,

27                                              21

28

1   2016) and Fourth Set of Discovery (served on October 28, 2016) this Interrogatory exceeds the

2   limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil

3   Procedure 33.  Monsanto objects to Interrogatory No. 26 as a premature contention interrogatory

4   that need not be answered if ever until after fact and expert discovery has been completed or

5   until a pretrial conference or other later time.  Monsanto objects to Interrogatory No. 26 because

6   the phrase "activity and/or decisions" is vague and ambiguous.  Monsanto objects to

7   Interrogatory No. 26 because these regulatory actions are public knowledge and equally

8   available to plaintiffs.

9          Subject to, and without waiving the foregoing objections Monsanto responds as follows:

10  Both prior to and after IARC classified glyphosate, the U.S. EPA has publicly reaffirmed that

11  glyphosate does not pose a cancer risk to humans.  Monsanto will supplement its response.

12  **INTERROGATORY NO. 27:** Do you contend that regulatory activity and/or decisions by the

13  U.S. EPA is evidence that Roundup is safe? If yes, please identify the activity or decision.

14         **RESPONSE TO INTERROGATORY NO. 27:** Monsanto incorporates by reference the

15  foregoing General Objections here as if restated in full.  Monsanto objects to this Interrogatory

16  because, in combination with Mr. Hardeman's Third Set of Discovery (served on October 12,

17  2016) and Fourth Set of Discovery (served on October 28, 2016) this Interrogatory exceeds the

18  limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil

19  Procedure 33.  Monsanto objects to Interrogatory No. 27 as a premature contention interrogatory

20  that need not be answered if ever until after fact and expert discovery has been completed or

21  until a pretrial conference or other later time.  Monsanto objects to Interrogatory No. 27 because

22  the phrase "activity and/or decisions" is vague and ambiguous.  Monsanto objects to

23  Interrogatory No. 27 because these regulatory actions are public knowledge and equally

24  available to plaintiffs.

25

26

27

28  MONSANTO'S RESPONSES TO PLAINTIFFS' AMENDED FIFTH SET OF DISCOVERY
    REQUESTS
    MDL. NO. 2741 & CASE NO. 16-md-02741-VC

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Both prior to and after IARC classified glyphosate, the U.S. EPA has publicly reaffirmed that glyphosate does not pose a cancer risk to humans.  Monsanto will supplement its response.

**INTERROGATORY NO. 28:** Do you contend that regulatory activity and/or decisions by the U.S. EPA is evidence that Roundup is not a carcinogen to humans? If yes, please identify the activity or decision.

**RESPONSE TO INTERROGATORY NO.  28:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full. Monsanto objects to this Interrogatory because, in combination with Mr. Hardeman's Third Set of Discovery (served on October 12, 2016) and Fourth Set of Discovery (served on October 28, 2016) this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33.  Monsanto objects to Interrogatory No. 28 as a premature contention interrogatory that need not be answered if ever until after fact and expert discovery has been completed or until a pretrial conference or other later time.  Monsanto objects to Interrogatory No. 28 because the phrase "activity and/or decisions" is vague and ambiguous.  Monsanto objects to Interrogatory No. 28 because these regulatory actions are public knowledge and equally available to plaintiffs.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Both prior to and after IARC classified glyphosate, the U.S. EPA has publicly reaffirmed that glyphosate does not pose a cancer risk to humans.  Monsanto will supplement its response.

**INTERROGATORY NO. 29:** Mr. Hardeman used Roundup and Roundup Concentrate from 1986-2013, identify the surfactants used in these formulations and please describe the source of the surfactant.

**RESPONSE TO INTERROGATORY NO. 29:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to this Interrogatory because, in combination with Mr. Hardeman's Third Set of Discovery (served on October 12,

23

2016) and Fourth Set of Discovery (served on October 28, 2016) this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33.  Monsanto objects to Interrogatory No. 29 because information about the "source" from which Monsanto acquired its surfactants is not relevant to the issues in this case.  Monsanto objects to Interrogatory No. 29 because it seeks proprietary and/or trade secret information. Monsanto objects to Interrogatory No. 29 as vague as to the word "Roundup" because it does not specify a product manufactured by Monsanto and/or alleged to have been used by plaintiff. Monsanto objects to Interrogatory No. 29 because the phrase "Roundup Concentrate" is vague and ambiguous due to the fact that there are multiple products with the word "Concentrate" in its title, and plaintiff has not provided Monsanto with enough specificity regarding the product(s) he allegedly used to enable it to respond to this Interrogatory.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), on November 9, 2018, Monsanto provided information responsive to this request as a part of its production and disclosure discussed at the MDL Case Management Conference on October 29, 2018, which resolved this and similar outstanding discovery requests.  *See* 11/9/18 Email of Mr. Griffis (attaching formulations information chart and referring plaintiffs to related document production of the same date).

**INTERROGATORY NO. 30:** Mr. Hardeman used Roundup and Roundup Concentrate from 1986-2013. Identify all marketing material including but not limited to television commercials, print advertisements, store displays and other forms of advertisement/marketing/promotion for these products, during this this frame. If such materials were included in the General Production, provide the specific Bates numbers identifying such documents. Also, please identify all marketing material for the Roundup formulations available in Plaintiff's area of residence (Northern District of California) during the timeframe of purchase and usage.

**RESPONSE TO INTERROGATORY NO. 30:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to this Interrogatory

because, in combination with Mr. Hardeman's Third Set of Discovery (served on October 12, 2016) and Fourth Set of Discovery (served on October 28, 2016) this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33.  Monsanto objects to Interrogatory No. 30 as vague as to the word "Roundup" because it does not specify a product manufactured by Monsanto and/or alleged to have been used by plaintiff.  Monsanto objects to Interrogatory No. 30 because the phrase "Roundup Concentrate" is vague and ambiguous due to the fact that there are multiple products with the word "Concentrate" in its title, and plaintiff has not provided Monsanto with enough specificity regarding the product(s) he allegedly used to enable it to respond to this Interrogatory.  Monsanto objects to Interrogatory No. 30 to the extent it seeks materials that were not directed at the residential Lawn & Garden market, and therefore the Request is overbroad, unduly burdensome, and not proportional to the needs of this case.  Monsanto objects that no marketing materials are relevant unless they are tied to specific information that plaintiffs allegedly read, saw, or heard.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Monsanto will provide information in response to this request as a part of its production and disclosure discussed at the MDL Case Management Conference on October 29, 2018, which resolved this and similar outstanding discovery requests.

**INTERROGATORY NO. 31:** Provide the name and business address of any regional Sales Representative and his or her employer or company (if they differ) that was responsible for the sale or distribution of Roundup and Roundup Concentrate in the Northern District of California between 1986-2013.

**RESPONSE TO INTERROGATORY NO. 31:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to this Interrogatory because, in combination with Mr. Hardeman's Third Set of Discovery (served on October 12, 2016) and Fourth Set of Discovery (served on October 28, 2016) this Interrogatory exceeds the

1   limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil

2   Procedure 33.  Monsanto objects to Interrogatory No. 31 as vague as to the word "Roundup"

3   because it does not specify a product manufactured by Monsanto and/or alleged to have been

4   used by plaintiff.  Monsanto objects to Interrogatory No. 31 because the phrase "Roundup

5   Concentrate" is vague and ambiguous, due to the fact that there are multiple products with the

6   word "Concentrate" in its title.  Monsanto objects that Interrogatory No. 31 is vague, overbroad,

7   and unduly burdensome because the request is not tied to the product(s) plaintiff allegedly used

8   or his alleged injuries and therefore the burden and expense of the discovery outweigh its

9   potential benefit to plaintiffs. Monsanto objects to Interrogatory No. 31 to the extent it seeks

10  materials that is not related to the residential Lawn & Garden market, and therefore the Request

11  is overbroad, unduly burdensome, and not proportional to the needs of this case.

12         Subject to, and without waiving the foregoing objections Monsanto responds as follows:

13  Pursuant to Federal Rule of Civil Procedure 33(d), Monsanto will provide information in

14  response to this request as a part of its production and disclosure discussed at the MDL Case

15  Management Conference on October 29, 2018, which resolved this and similar outstanding

16  discovery requests.

17  **INTERROGATORY NO. 32:** Provide the name and address of the Distributor that was

18  responsible for the sale and/or distribution of Roundup and/or Roundup Concrete in the Northern

19  District of California between 1986-2013.

20         **RESPONSE TO INTERROGATORY NO. 32:** Monsanto incorporates by reference the

21  foregoing General Objections here as if restated in full.  Monsanto objects to this Interrogatory

22  because, in combination with Mr. Hardeman's Third Set of Discovery (served on October 12,

23  2016) and Fourth Set of Discovery (served on October 28, 2016) this Interrogatory exceeds the

24  limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil

25  Procedure 33.  Monsanto objects to Interrogatory No. 32 as vague as to the word "Roundup"

26  because it does not specify a product manufactured by Monsanto and/or alleged to have been

27

28  MONSANTO'S RESPONSES TO PLAINTIFFS' AMENDED FIFTH SET OF DISCOVERY
    REQUESTS
    MDL. NO. 2741 & CASE NO. 16-md-02741-VC

used by plaintiff.  Monsanto objects to Interrogatory No. 32 because the phrase "Roundup Concentrate" is vague and ambiguous, due to the fact that there are multiple products with the word "Concentrate" in its title.  Monsanto objects that Interrogatory No. 32 is vague, overbroad, and unduly burdensome because the request is not tied to the product(s) plaintiff allegedly used or his alleged injuries and therefore the burden and expense of the discovery outweigh its potential benefit to plaintiffs. Monsanto objects to Interrogatory No. 32 to the extent it seeks information that is not related to the residential Lawn & Garden market, and therefore the Request is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Monsanto will provide information in response to this request as a part of its production and disclosure discussed at the MDL Case Management Conference on October 29, 2018, which resolved this and similar outstanding discovery requests.

**INTERROGATORY NO. 33:** For every Request for Admission, below, that you do not admit in total, state:

a. The specific part of the Request for Admission that you deny; and

b. The bases for that denial.

**RESPONSE TO INTERROGATORY NO. 33:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 33 because it is compound and contains multiple inappropriate subparts.  Monsanto objects to this Interrogatory because, in combination with Mr. Hardeman's Third Set of Discovery (served on October 12, 2016) and Fourth Set of Discovery (served on October 28, 2016) this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33.

Subject to, and without waiving the foregoing objections Monsanto incorporates by reference its responses to plaintiffs' below Requests for Admissions.

## MONSANTO'S RESPONSES TO REQUEST FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that glyphosate in not synonymous with Roundup.

    **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**  Monsanto incorporates by reference the foregoing General Objections here as if restated in full.   Monsanto objects to Request for Admission No. 1 as vague as to the word "Roundup" because it does not specify a product manufactured by Monsanto and/or alleged to have been used by plaintiff.  Monsanto objects to Request for Admission No. 1 on the grounds that it is vague as to the word "synonymous."

    Subject to and without waiving the foregoing objections, Monsanto **ADMITS** that glyphosate is the active ingredient in most products sold historically under the brand name, Roundup.  Monsanto also **ADMITS** that each individual glyphosate-based formulation of Roundup contained other ingredients in addition to glyphosate that varied from formulation to formulation.  Monsanto otherwise **DENIES** this request.

**REQUEST FOR ADMISSION NO. 2:** Admit that Mr. Hardeman was exposed to glyphosate containing products.

    **RESPONSE TO REQUEST FOR ADMISSION NO. 2:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.   Monsanto objects to Request for Admission No. 2 to the extent it requires Monsanto to speculate as to information not within its possession, custody, or control.

    Subject to, and without waiving the foregoing objections, Monsanto responds as follows: Monsanto **ADMITS** that Mr. Hardeman alleged the fact that he was exposed to glyphosate containing products in his complaint filed in February 2016**.**  Monsanto currently lacks knowledge or information sufficient to form a belief as to the truth of the facts asserted in this request and, therefore, **DENIES** the same.  Monsanto otherwise **DENIES** this request.

1  **REQUEST FOR ADMISSION NO. 3:** Admit that Mr. Hardeman was diagnosed with non-
2  Hodgkin's lymphoma.

3      **RESPONSE TO REQUEST FOR ADMISSION NO. 3:** Monsanto incorporates by
4  reference the foregoing General Objections here as if restated in full.   Monsanto objects to
5  Request for Admission No. 3 to the extent it requires Monsanto to speculate as to information
6  not within its possession, custody, or control.

7      Subject to, and without waiving the foregoing objections, Monsanto responds as follows:
8  Monsanto **ADMITS** that Mr. Hardeman alleged the fact that he was diagnosed with non-
9  Hodgkin's lymphoma in his complaint filed in February 2016**.**  Monsanto further **ADMITS** that
10 medical records from Kaiser Permanente Santa Rosa indicate Mr. Hardeman was diagnosed with
11 diffuse large B-cell NHL.  Monsanto currently lacks knowledge or information sufficient to form
12 a belief as to the truth of the facts asserted in this request and, therefore, **DENIES** the same.
13 Monsanto otherwise **DENIES** this request.

14 **REQUEST FOR ADMISSION NO. 4:** Admit that Mr. Hardeman was diagnosed with non-
15 Hodgkin's lymphoma after he was exposed to glyphosate containing products.

16      **RESPONSE TO REQUEST FOR ADMISSION NO. 4:** Monsanto incorporates by
17 reference the foregoing General Objections here as if restated in full.   Monsanto objects to
18 Request for Admission No. 4 to the extent it requires Monsanto to speculate as to information
19 not within its possession, custody, or control.  Monsanto also objects that Request for Admission
20 No. 4 calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

21      Subject to, and without waiving the foregoing objections, Monsanto responds as follows:
22 Monsanto currently lacks knowledge or information sufficient to form a belief as to the truth of
23 the facts asserted in this request and, therefore, **DENIES** the same.  Monsanto otherwise
24 **DENIES** this request.

25
26
27
28

MONSANTO'S RESPONSES TO PLAINTIFFS' AMENDED FIFTH SET OF DISCOVERY
REQUESTS
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

**REQUEST FOR ADMISSION NO. 5:** Admit that Mr. Hardeman was diagnosed with the NHL subtype, diffuse large B-cell.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.   Monsanto objects to Request for Admission No. 5 to the extent it requires Monsanto to speculate as to information not within its possession, custody, or control.

Subject to, and without waiving the foregoing objections, Monsanto responds as follows: Monsanto **ADMITS** that Mr. Hardeman alleged the fact that he was diagnosed with non-Hodgkin's lymphoma in his complaint filed in February 2016**.**  Monsanto further **ADMITS** that medical records from Kaiser Permanente Santa Rosa indicate Mr. Hardeman was diagnosed with diffuse large B-cell NHL.  Monsanto currently lacks knowledge or information sufficient to form a belief as to the truth of the facts asserted in this request and, therefore, **DENIES** the same. Monsanto otherwise **DENIES** this request.

**REQUEST FOR ADMISSION NO. 6:** Admit that Mr. Hardeman was diagnosed with the NHL subtype, diffuse large B-cell after he was exposed to glyphosate containing products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.   Monsanto objects to Request for Admission No. 6 to the extent it requires Monsanto to speculate as to information not within its possession, custody, or control.  Monsanto also objects that Request for Admission No. 6 calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

Subject to, and without waiving the foregoing objections, Monsanto responds as follows: Monsanto currently lacks knowledge or information sufficient to form a belief as to the truth of the facts asserted in this request and, therefore, **DENIES** the same.  Monsanto otherwise **DENIES** this request.

**REQUEST FOR ADMISSION NO. 7:** Admit that family medical history did not contribute to Mr. Hardeman's non-Hodgkin's lymphoma diagnosis.

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 7:** Monsanto incorporates by

2 reference the foregoing General Objections here as if restated in full.   Monsanto objects to

3 Request for Admission No. 7 to the extent it requires Monsanto to speculate as to information

4 not within its possession, custody, or control.  Monsanto also objects that Request for Admission

5 No. 7 calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

6    Subject to, and without waiving the foregoing objections, Monsanto responds as follows:

7 Monsanto currently lacks knowledge or information sufficient to form a belief as to the truth of

8 the facts asserted in this request and, therefore, **DENIES** the same.  Monsanto otherwise

9 **DENIES** this request.

10 **REQUEST FOR ADMISSION NO. 8:** Admit that Mr. Hardeman does not have a genetic

11 predisposition for developing non-Hodgkin's lymphoma.

12    **RESPONSE TO REQUEST FOR ADMISSION NO. 8:** Monsanto incorporates by

13 reference the foregoing General Objections here as if restated in full.   Monsanto objects to

14 Request for Admission No. 8 to the extent it requires Monsanto to speculate as to information

15 not within its possession, custody, or control.  Monsanto also objects that Request for Admission

16 No. 8 calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

17    Subject to, and without waiving the foregoing objections, Monsanto responds as follows:

18 Monsanto currently lacks knowledge or information sufficient to form a belief as to the truth of

19 the facts asserted in this request and, therefore, **DENIES** the same.  Monsanto otherwise

20 **DENIES** this request.

21 **REQUEST FOR ADMISSION NO. 9:** Admit that Mr. Hardeman does not have a genetic

22 predisposition for developing cancer.

23    **RESPONSE TO REQUEST FOR ADMISSION NO. 9:** Monsanto incorporates by

24 reference the foregoing General Objections here as if restated in full.   Monsanto objects to

25 Request for Admission No. 9 to the extent it requires Monsanto to speculate as to information

26

27

28

MONSANTO'S RESPONSES TO PLAINTIFFS' AMENDED FIFTH SET OF DISCOVERY
REQUESTS
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

1  not within its possession, custody, or control. Monsanto also objects that Request for Admission

2  No. 9 calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

3       Subject to, and without waiving the foregoing objections, Monsanto responds as follows:

4  Monsanto currently lacks knowledge or information sufficient to form a belief as to the truth of

5  the facts asserted in this request and, therefore, **DENIES** the same. Monsanto otherwise

6  **DENIES** this request.

7  **REQUEST FOR ADMISSION NO. 10:** Admit that Mr. Hardeman's basal cell carcinoma

8  diagnosis did not cause or contribute to his non-Hodgkin's lymphoma diagnosis.

9       **RESPONSE TO REQUEST FOR ADMISSION NO. 10:** Monsanto incorporates by

10  reference the foregoing General Objections here as if restated in full. Monsanto objects to

11  Request for Admission No. 10 to the extent it requires Monsanto to speculate as to information

12  not within its possession, custody, or control. Monsanto also objects that Request for Admission

13  No. 10 calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

14       Subject to, and without waiving the foregoing objections, Monsanto responds as follows:

15  Monsanto currently lacks knowledge or information sufficient to form a belief as to the truth of

16  the facts asserted in this request and, therefore, **DENIES** the same. Monsanto otherwise

17  **DENIES** this request.

18  **REQUEST FOR ADMISSION NO. 11:** Admit that Mr. Hardeman's melanoma in situ

19  diagnosis did not cause or contribute to his non-Hodgkin's lymphoma diagnosis.

20       **RESPONSE TO REQUEST FOR ADMISSION NO. 11:** Monsanto incorporates by

21  reference the foregoing General Objections here as if restated in full. Monsanto objects to

22  Request for Admission No. 11 to the extent it requires Monsanto to speculate as to information

23  not within its possession, custody, or control. Monsanto also objects that Request for Admission

24  No. 11 calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

25       Subject to, and without waiving the foregoing objections, Monsanto responds as follows:

26  Monsanto currently lacks knowledge or information sufficient to form a belief as to the truth of

27

28

1   the facts asserted in this request and, therefore, **DENIES** the same.  Monsanto otherwise

2   **DENIES** this request.

3   **REQUEST FOR ADMISSION NO. 12:** Admit that not everyone who is diagnosed with

4   Hepatitis C later contracts cancer.

5       **RESPONSE TO REQUEST FOR ADMISSION NO. 12** Monsanto incorporates by

6   reference the foregoing General Objections here as if restated in full.   Monsanto objects to

7   Request for Admission No. 12 to the extent it requires Monsanto to speculate as to information

8   not within its possession, custody, or control.  Monsanto also objects that Request for Admission

9   No. 12 calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

10  **REQUEST FOR ADMISSION NO. 13:** Admit that not everyone who is diagnosed with

11  Hepatitis C later contracts non-Hodgkin's lymphoma.

12      **RESPONSE TO REQUEST FOR ADMISSION NO. 13:** Monsanto incorporates by

13  reference the foregoing General Objections here as if restated in full.   Monsanto objects to

14  Request for Admission No. 13 to the extent it requires Monsanto to speculate as to information

15  not within its possession, custody, or control.  Monsanto also objects that Request for Admission

16  No. 13 calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO'S RESPONSES TO PLAINTIFFS' AMENDED FIFTH SET OF DISCOVERY
REQUESTS
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

## MONSANTO'S RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**  Mr. Hardeman used Roundup and Roundup Concentrate from 1986-2013. Produce all labeling for Roundup and Roundup Concentrate between 1986-2013, including all drafts.

**MONSANTO'S RESPONSE TO REQUEST NO. 1:**  Per agreement reached by the parties on November 2, 2018, plaintiff has withdrawn this Request.

**REQUEST NO. 2:**  In Response to Interrogatories Nos. 19-23 you identify non-US regulatory activity or decisions that you contend evidence the safety or non-carcinogenicity of glyphosate and/or Roundup. Produce all communication between You and each of those regulatory entities or persons with respect to each activity or decision.

**MONSANTO'S RESPONSE TO REQUEST NO. 2:**  Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto incorporates by reference its objections in response to Interrogatories Nos. 19-23.  Monsanto objects that Request No. 2 is vague as to "communication … with respect to" an "activity or decision."  Monsanto objects that Request No. 2 is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case, including because it is not limited to the facts of this case or to a reasonable timeframe.  Monsanto objects that Request No. 2 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because plaintiff does not allege exposure to a Monsanto glyphosate-based product outside of the United States.  Monsanto objects that Request No. 2 is overbroad and unduly burdensome in that it seeks "all communication" "with respect to" an "activity or decision" about "safety" in general when the only relevant injury is the one alleged by plaintiff, NHL.  Monsanto objects as irrelevant, overbroad, and unduly burdensome to production of documents in response to Request No. 2 that do not discuss the product to which plaintiff allegedly was exposed.  Monsanto objects to the production of documents in response to this Request that post-date plaintiff's alleged last

exposure to Monsanto's glyphosate-based product, in 2013, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.

Subject to the foregoing general and specific objections, Monsanto states that, pursuant to the agreement reached between the parties on November 2, 2018, it will meet and confer with plaintiff on a reasonable scope for producing non-privileged documents responsive to this Request by January 15, 2019.

**REQUEST NO. 3:**  On or about August 23, 2018, Bayer and Monsanto held a "Conference Call to Discuss Glyphosate Litigation." The conference call was open to the public and included a "Q & A Session." Please produce all documents and communication related to that conference call, including preparation documents and communication as well as documents and communication during and after that conference call. Please include a privilege log for responsive documents withheld for privilege.

**MONSANTO'S RESPONSE TO REQUEST NO. 3:**  Per agreement reached by the parties on November 2, 2018, plaintiff has withdrawn this Request.

**REQUEST NO. 4:**  Produce all documents relating to the Sales Representative and/or his or her employer or company identified in Interrogatory No.25, above ("Sales Representative Documents").

a. The Sales Representative Documents should include be limited in temporal scope to 1981-2013 (five years prior to Mr. Hardeman's use through end of his use):

i. Scheduling documents including schedules, scheduling calendars, date books, and/or other documents that record the Sales Representative's schedule as it relates to the Roundup

ii. Any notes relating to a communication with Mr. Hardeman, field reports, notes of the Roundup product's health risks (or lack thereof) and recommended manner of application and other documents provided to the Sales Representative, prepared

by the Sales Representative, and/or prepared at the request of the Sales

Representative identified response to Interrogatory No. 25;

iii. Communications from the Distributor (identified in response to Interrogatory

No. 26) and/or Defendant to the Sales Representative identified in Interrogatory

25, concerning the Roundup products, including but not limited to health risks (or

lack thereof) and recommended manner of application, marketing materials,

incident reports, sales data, budgetary and sales information.

iv. Training materials provided to the Sales Representative identified in

Interrogatory No. 25 concerning his or her position, job requirements, standards

(whether Monsanto internal or external) and/or regulations and data concerning

Roundup's health risks (or lack thereof) and recommended manner of

application), promotion, distribution, product sales, including reporting

requirements and preservation requirements including incident event reporting.

**MONSANTO'S RESPONSE TO REQUEST NO. 4:**  Per agreement reached by the
parties on November 2, 2018, plaintiff has withdrawn this Request.

**REQUEST NO. 5:**  Produce documents by and between the Distributor identified in
Interrogatory No. 26, above ("Distributor Documents"), limited in temporal scope to 1981-2013
(five years prior to Mr. Hardeman's use through end of his use):

a. The Distributor Documents should include:

i. Any notes relating to a communication with Mr. Hardeman, field reports, notes

of the Roundup product's health risks (or lack thereof) and recommended manner

of application and any and all other Documents prepared by the Distributor or at

the request of the Distributor identified in Interrogatory No. 26;

ii. Communications from the Sales Representative and/or Defendant to the

Distributor identified in Interrogatory No. 26. concerning the Roundup products,

including but not limited to health risks (or lack thereof) and recommended

MONSANTO'S RESPONSES TO PLAINTIFFS' AMENDED FIFTH SET OF DISCOVERY
REQUESTS
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

manner of application (or lack thereof), marketing materials, incident reports, sales data, budgetary information.

iii. Training materials provided to the Distributor identified in Interrogatory No. 26 concerning their position, job requirements, standards (whether Monsanto Company internal or external), and/or regulations and data concerning Roundup product's the health risks (or lack thereof) and recommended manner of application promotion, distribution, device sale, including reporting requirements and preservation requirements including incident event reporting.

iv. Files pertaining to the Distributor identified in Interrogatory No. 26, including but not limited to any sales data, complaint data, training data, data concerning the Roundup product's health risks (or lack thereof) and recommended manner of application, and contract and related documentation between and among Monsanto and the Distributor.

**MONSANTO'S RESPONSE TO REQUEST NO. 5:**  Per agreement reached by the parties on November 2, 2018, plaintiff has withdrawn this Request.

**REQUEST NO. 6:**  Produce Communications between the Defendant, the Sales Representative, the Sales Representative's employer or company, and/or the Distributor (as identified in Interrogatories Nos. 25-26 above) about Roundup, including but not limited to letters, telephone or email contacts, or meetings.

**MONSANTO'S RESPONSE TO REQUEST NO. 6:**  Per agreement reached by the parties on November 2, 2018, plaintiff has withdrawn this Request.

**REQUEST NO. 7:**  Produce any communication that references, mentions, or pertains to Mr. Hardeman.

**MONSANTO'S RESPONSE TO REQUEST NO. 7:**  Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects that Request No. 7 is overbroad, unduly burdensome, and not proportional to the needs of this case,

MONSANTO'S RESPONSES TO PLAINTIFFS' AMENDED FIFTH SET OF DISCOVERY REQUESTS
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

1   including because it is not limited to a relevant timeframe or connected in any way to the claims

2   at issue in this case.  Monsanto objects that Request No. 7 is not tied to the products plaintiff

3   allegedly used or his alleged injury and therefore the burden and expense of the discovery

4   outweighs its potential benefit to plaintiffs.  Monsanto objects to the production of any

5   documents in response to this Request that do not concern the glyphosate-based products to

6   which plaintiff alleges exposure.  Monsanto objects to the production of documents in response

7   to this Request that post-date plaintiff's alleged last exposure to Monsanto's glyphosate-based

8   product, in 2013, because such materials cannot have impacted and thus are irrelevant to the

9   claims at issue in this case.

10          Subject to the foregoing general and specific objections, Monsanto states that, pursuant to

11   the agreement reached between the parties on November 2, 2018, it will meet and confer with

12   plaintiff on a reasonable scope for producing non-privileged documents responsive to this

13   Request by January 15, 2019.

14   **REQUEST NO. 8:**  Produce documents that reflect financial compensation, things of value and

15   promotional items provided by Defendant, the Sales Representative, the Sales Representative's

16   employer or company, and/or the Distributor identified in Interrogatories 25-26, above, to

17   Plaintiff's Health Care Providers (as identified in the Plaintiff Fact Sheet[1]). Please include all

18   fees, expenses, honoraria, royalties, grants, gifts, travel (i.e., airfare, hotel etc.), and any other

19   payments or things of value given.

20          **MONSANTO'S RESPONSE TO REQUEST NO. 8:**  Monsanto incorporates by

21   reference the foregoing General Objections here as if restated in full.  Monsanto objects that

22   Request No. 8 is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of

23   the case, including because it is not limited to the claims at issue or to a reasonable timeframe.

24   Monsanto objects that Request No. 8 is overbroad, irrelevant, unduly burdensome, and not

25   proportional to the needs of this case because it is not at all tied to the facts of plaintiff's case or

26

27   [1] Plaintiff is naming Drs. Ye, Turk and Turley in his Plaintiff Fact Sheet due October 22, 2018.

28   MONSANTO'S RESPONSES TO PLAINTIFFS' AMENDED FIFTH SET OF DISCOVERY
     REQUESTS
     MDL. NO. 2741 & CASE NO. 16-md-02741-VC

the inquiry at issue – whether a specific Monsanto glyphosate-based herbicide caused plaintiff to develop NHL and whether Monsanto failed to adequately warn about that alleged risk – and therefore the burden and expense of the discovery clearly outweighs its potential benefit to plaintiff.  Monsanto objects that it is unlikely to have had any contact with any plaintiff's treating physicians, who generally are not toxicologists or epidemiologists or professionals with pertinent expertise concerning pesticides.  Monsanto objects to the production of documents in response to Request No. 8 that do not concern the specific Monsanto glyphosate-based product to which plaintiff claims exposure.  Monsanto objects to the production of documents in response to this Request that post-date plaintiff's alleged last exposure to Monsanto's glyphosate-based product, in 2013, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Monsanto objects to Request No. 8 to the extent it would require collecting materials from third parties.  Searching for records outside of Monsanto's possession would be unduly burdensome, particularly given the sweeping scope of the Request.

Subject to the foregoing general and specific objections, Monsanto states that, pursuant to the agreement reached between the parties on November 2, 2018, it will meet and confer with plaintiff on a reasonable scope for producing non-privileged documents responsive to this Request by January 15, 2019.

**REQUEST NO. 9:**  Produce Communications between the Defendant, the Sales Representative, the Sales Representative's employer or company, and/or the Distributor identified in Interrogatories 25-26, above, and Plaintiff pertaining to Roundup, including but not limited to letters, telephone or email contacts, or meetings.

**MONSANTO'S RESPONSE TO REQUEST NO. 9:**  Per agreement reached by the parties on November 2, 2018, plaintiff has withdrawn this Request.

**REQUEST NO. 10:**  Produce documents that relate in a reasonably direct manner to relationships, if any, between Defendant and any of Plaintiff's Health Care Providers (as identified in the Plaintiff Fact Sheet) to conduct any pre-clinical, clinical, post-marketing

surveillance, or other study or trial concerning the safety of pesticides, including but not limited to Roundup.

**MONSANTO'S RESPONSE TO REQUEST NO. 10:**  Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects that Request No. 10 is vague as to "relationships."  Monsanto objects that Request No. 10 is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case, including because it is not limited to the claims at issue or to a reasonable timeframe.  Monsanto objects that Request No. 10 is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of this case because it is not at all tied to the facts of plaintiff's case or the inquiry at issue – whether a specific Monsanto glyphosate-based herbicide caused plaintiff to develop NHL and whether Monsanto failed to adequately warn about that alleged risk – and therefore the burden and expense of the discovery clearly outweighs its potential benefit to plaintiff. Monsanto objects that it is unlikely to have had any contact with any plaintiff's treating physicians, who generally are not toxicologists or epidemiologists or professionals with pertinent expertise concerning pesticides.  Monsanto objects to the production of documents in response to Request No. 10 that do not concern the specific Monsanto glyphosate-based product to which plaintiff claims exposure.  Monsanto objects to the production of documents in response to this Request that post-date plaintiff's alleged last exposure to Monsanto's glyphosate-based product, in 2013, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.

Subject to the foregoing general and specific objections, Monsanto states that, pursuant to the agreement reached between the parties on November 2, 2018, it will meet and confer with plaintiff on a reasonable scope for producing non-privileged documents responsive to this Request by January 15, 2019.

**REQUEST NO. 11:**  Produce documents that reflect financial compensation, things of value, and/or promotional items provided by Defendant, the Sales Representative, the Sales

1  Representative's employer or company, and/or the Distributor identified in Interrogatories 25-26,

2  above, to Plaintiff's Health Care Providers (as identified in the Plaintiff Fact Sheet). Please

3  include all fees, expenses, honoraria, royalties, grants, gifts, travel (i.e., airfare, hotel etc.), and

4  any other payments or things of value given.

5      **MONSANTO'S RESPONSE TO REQUEST NO. 11:**  Monsanto incorporates by

6  reference the foregoing General Objections here as if restated in full.  Monsanto objects that

7  Request No. 11 is a duplicate of Request No. 8 and incorporates by reference its objections and

8  response to Request No. 8.

9  **REQUEST NO. 12:**  Produce any communication by and between Defendant, the Sales

10  Representative, the Sales Representative's employer or company, and/or the Distributor

11  identified in Interrogatories 25-26, above, and Plaintiff's Health Care Providers as identified in

12  the Plaintiff Fact Sheet.

13      **MONSANTO'S RESPONSE TO REQUEST NO. 12:**  Monsanto incorporates by

14  reference the foregoing General Objections here as if restated in full.  Monsanto objects that

15  Request No. 12 is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of

16  the case, including because it is not limited to the claims at issue or to a reasonable timeframe.

17  Monsanto objects that Request No. 12 is overbroad, irrelevant, unduly burdensome, and not

18  proportional to the needs of this case because it is not at all tied to the facts of plaintiff's case or

19  the inquiry at issue – whether a specific Monsanto glyphosate-based herbicide caused plaintiff to

20  develop NHL and whether Monsanto failed to adequately warn about that alleged risk – and

21  therefore the burden and expense of the discovery clearly outweighs its potential benefit to

22  plaintiff.  Monsanto objects that it is unlikely to have had any contact with any plaintiff's treating

23  physicians, who generally are not toxicologists or epidemiologists or professionals with pertinent

24  expertise concerning pesticides.  Monsanto objects to the production of documents in response to

25  Request No. 12 that do not concern the specific Monsanto glyphosate-based product to which

26  plaintiff claims exposure.  Monsanto objects to the production of documents in response to

27

28

MONSANTO'S RESPONSES TO PLAINTIFFS' AMENDED FIFTH SET OF DISCOVERY REQUESTS
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

1  Request No. 12 that do not concern whether glyphosate or glyphosate-based herbicides can cause

2  cancer.  Monsanto objects to the production of documents in response to this Request that post-

3  date plaintiff's alleged last exposure to Monsanto's glyphosate-based product, in 2013, because

4  such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.

5  Monsanto objects to Request No. 12 to the extent it would require collecting materials from third

6  parties.  Searching for records outside of Monsanto's possession would be unduly burdensome,

7  particularly given the sweeping scope of the Request.

8      Subject to the foregoing general and specific objections, Monsanto states that, pursuant to

9  the agreement reached between the parties on November 2, 2018, it will meet and confer with

10  plaintiff on a reasonable scope for producing non-privileged documents responsive to this

11  Request by January 15, 2019.

12  **REQUEST NO. 13:**  Produce any communication about Plaintiff's Health Care Providers as

13  identified in the Plaintiff Fact Sheet.

14      **MONSANTO'S RESPONSE TO REQUEST NO. 13:**  Monsanto incorporates by

15  reference the foregoing General Objections here as if restated in full.  Monsanto objects that

16  Request No. 13 is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of

17  the case, including because it is not limited to the claims at issue or to a reasonable timeframe.

18  Monsanto objects that Request No. 13 is overbroad, irrelevant, unduly burdensome, and not

19  proportional to the needs of this case because it is not at all tied to the facts of plaintiff's case or

20  the inquiry at issue – whether a specific Monsanto glyphosate-based herbicide caused plaintiff to

21  develop NHL and whether Monsanto failed to adequately warn about that alleged risk – and

22  therefore the burden and expense of the discovery clearly outweighs its potential benefit to

23  plaintiff.  Monsanto objects that it is unlikely to have had any contact with any plaintiff's treating

24  physicians, who generally are not toxicologists or epidemiologists or professionals with pertinent

25  expertise concerning pesticides.  Monsanto objects to the production of documents in response to

26  Request No. 13 that do not concern the specific Monsanto glyphosate-based product to which

27

28

MONSANTO'S RESPONSES TO PLAINTIFFS' AMENDED FIFTH SET OF DISCOVERY
REQUESTS
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

plaintiff claims exposure.  Monsanto objects to the production of documents in response to Request No. 13 that do not concern whether glyphosate or glyphosate-based herbicides can cause cancer.  Monsanto objects to the production of documents in response to this Request that post-date plaintiff's alleged last exposure to Monsanto's glyphosate-based product, in 2013, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.

Subject to the foregoing general and specific objections, Monsanto states that, pursuant to the agreement reached between the parties on November 2, 2018, it will meet and confer with plaintiff on a reasonable scope for producing non-privileged documents responsive to this Request by January 15, 2019.

MONSANTO'S RESPONSES TO PLAINTIFFS' AMENDED FIFTH SET OF DISCOVERY REQUESTS
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

DATED:  November 16, 2018

Respectfully submitted,

Joe G. Hollingsworth (pro hac vice)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (pro hac vice)
(elasker@hollingsworthllp.com)
Kirby T. Griffis (pro hac vice)
(kgriffis@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY

44

MONSANTO'S RESPONSES TO PLAINTIFFS' AMENDED FIFTH SET OF DISCOVERY
REQUESTS
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of **Monsanto Company's**

**Responses and Objections to Plaintiff's Amended Fifth Set of Discovery** was served upon the

parties below via electronic mail and U.S. Mail, postage prepaid, this 16th day of November

2018:

Michael J. Miller, Esq.
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Avenue
Orange, VA  22960

Aimee H. Wagstaff, Esq.
Aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 W. Alaska Drive
Lakewood, CO  80226

Robin L. Greenwald, Esq.
rgreenwald@weitzlux.com
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY  10003

Kirby T. Griffis (admitted *pro hac vice*)
HOLLINGSWORTH LLP

*Attorney for Defendant,*
*MONSANTO COMPANY*

45

1

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

3

4

5

6

7

8

9

| | |
|---|---|
| EDWIN HARDEMAN,<br><br>         Plaintiff,<br><br>    v.<br><br>MONSANTO COMPANY AND JOHN<br>DOES 1-50,<br><br>         Defendants. | Case No.: 3:16-cv-00525-VC<br>**MONSANTO COMPANY'S<br>VERIFICATION OF RESPONSE TO<br>PLAINTIFF'S INTERROGATORIES<br>CONTAINED IN PLAINTIFFS' FIFTH SET<br>OF DISCOVERY TO MONSANTO–<br>AMENDED – OCTOBER 18, 2018**<br><br>Judge:  Hon. Vince Chhabria<br>Courtroom:  4, 17th Floor |

10

11

12

13

14

15

16

17

18

19

    I, Christopher A. Martin, being of lawful age and being duly sworn upon my oath, hereby

state that I am Assistant Secretary for Monsanto Company; that I verify the foregoing

Interrogatory Responses contained within "Defendant Monsanto Company's Objections and

Responses to Plaintiff Fifth Set of Discovery to Monsanto – Amended – October 18, 2018" in

the above-styled cause of action, for and on behalf of Monsanto Company and am duly

authorized to do so; that some or all of the facts and matters set forth therein are not within my

personal knowledge; that the facts and matters set forth therein have been assembled by

authorized employees and counsel of Monsanto Company, using records maintained in the

company's ordinary course of business; and that I am informed that the facts and matters set

forth therein are true.

20

21

_____

Christopher A. Martin

22

23

State of _Missouri_

County/City of _St. Louis_

24

Subscribed and sworn to before me this __16__ day of _November_ 2018.

25

26

27

**LINDA HALEY**
Notary Public - Notary Seal
STATE OF MISSOURI
Comm. Number 12409270
St. Louis County
My Commission Expires: Oct. 24, 2020

_Linda Haley_

Notary Public

My commission expires: _10/24/2020_

28