# The Miller Firm LLC

## T R I A L   L A W Y E R S

Michael J. Miller – VA, MD, DC, PA
Nancy Guy Miller – MS
Bruce D. Burtoff, M.D., J.D. – VA, DC, FL, MS
David J. Dickens – VA, DC
Jeffrey Travers – VA
Tayjes Shah – PA, NJ
Curtis G. Hoke – CA
Jeff T. Seldomridge – VA, WV
Shayne K. Hodge – NJ, VA
Brian K. Brake – VA
Edward J. Maggio - NY

**The Sherman Building
108 Railroad Avenue
Orange, VA 22960**

Nancy Leftwich, R.N.
Elisa A Dickson, RN, BSN, MS
Website: Millerfirmllc.com
Telephone: (540) 672-4224
(866) 529-3323
Facsimile: (540) 672-3055

December 3, 2018

The Honorable Vince Chhabria
USDC – Northern District of California
450 Golden Gate Avenue
Courtroom 4 – 17th Floor
San Francisco, CA 94102

> **RE:    In Re: Roundup Products Liability Litigation MDL No. 2741
> Case No. 16-md-02741-VC**
>
> **This document relates to: Elaine Stevick et al v. Monsanto Company
> Case No.  3:16-cv-02341-VC**

Dear Judge Chhabria:

Pursuant to ¶21 of your Honor's "Standing Order for Civil Cases", I wish to bring to your Honor's attention a discovery dispute between Ms. Stevick and Monsanto for resolution at the 12/5/2018 Case Management Conference.

Attached as **Exhibit A** is my client's position, **Exhibit B** is Monsanto's response, and **Exhibit C** is the referenced discovery.

Respectfully submitted,

THE MILLER FIRM LLC



Brian K. Brake

BKB:rmm
cc:    Kristen Melen (via electronic mail)
Kirby T. Griffis, Esquire (via electronic mail)
Joe G. Hollinsgworth, Esquire (via electronic mail)
Eric G. Lasker, Esquire (via electronic mail)
Michael J. Miller, Esquire (via electronic mail)
Aimee Wagstaff, Esquire (via electronic mail)
Robin Greenwald, Esquire (via electronic mail)

EXHIBIT A



# The Miller Firm LLC
### T R I A L   L A W Y E R S

Michael J. Miller – VA, MD, DC, PA
Nancy Guy Miller – MS
Bruce D. Burtoff, M.D., J.D. – VA, DC, FL, MS
David J. Dickens – VA, DC
Jeffrey Travers – VA
Tayjes Shah – PA, NJ
Curtis G. Hoke – CA
Jeff T. Seldomridge – VA, WV
Shayne K. Hodge – NJ, VA
Brian K. Brake – VA
Edward J. Maggio - NY

**The Sherman Building**
**108 Railroad Avenue**
**Orange, VA 22960**
Nancy Leftwich, R.N.
Elisa A Dickson, RN, BSN, MS
Website: Millerfirmllc.com
Telephone: (540) 672-4224
(866) 529-3323
Facsimile: (540) 672-3055

November 28, 2018

**<u>VIA ELECTRONIC & US MAIL</u>**

Kirby T. Griffis, Esquire
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005

Re:    Monsanto's responses to Plaintiff Stevick's Interrogatories

Dear Kirby:

This is an effort to resolve areas of dispute regarding Monsanto's responses to Elaine Stevick's First Set of Interrogatories.  In the unlikely event that we are unable to resolve these differences before the December 5, 2018 case management conference, I intend to bring these matters up with Judge Chhabria.

**Interrogatory No. 1** requests the facts, documents and witnesses that Monsanto intends to rely upon to support its denial that Glyphosate was a substantial factor in causing Elaine's Non Hodgkin's Lymphoma.

Rather than provide an answer, Monsanto objects stating that this interrogatory is "a premature contention interrogatory that need not be answered until after fact and expert discovery has been completed or until a pretrial conference or other later time."

I respectfully disagree and note that under the Federal Rules, Monsanto has an obligation to timely respond to interrogatory requests to the extent that it has responsive knowledge.

**Interrogatory No. 3** requests all individuals who may provide testimony at trial.  In response to this interrogatory Monsanto states that it will provide this information pursuant to the October 3, 2018 Pretrial Order No. 53 or as otherwise required by the Court to exchange witness information.

As we discussed on our conference call on November 28, 2018, Pretrial Order No. 53 does not specifically provide for the exchange of witness information.  Furthermore, Monsanto has an obligation to provide timely answers to relevant discovery requests.

Kirby T. Griffis, Esquire
November 28, 2018
Page 2

Accordingly, please answer Interrogatory No. 3 as soon as possible. This is very important as my client may choose to depose the witnesses identified in response to Interrogatory No. 3 and if so will need to do so before the December 20, 2018 discovery cut off.

**Interrogatory No. 4.** This interrogatory requires Monsanto to identify persons with knowledge of Plaintiff's claims. Monsanto directs the Plaintiff to the Plaintiffs own complaint, other disclosures and Monsanto's initial disclosures served back on August 12, 2016.

As these interrogatories are specific to Elaine Stevick's case, please provide an answer to interrogatory No. 4 as soon as possible.

**Interrogatory No. 5** requests that Monsanto detail whether Elaine's usage of Glyphosate products was not in compliance with instructions for the products.

Monsanto's answer is not responsive and simply directs the Plaintiff to the expert reports. While I appreciate that experts will be identified, I believe my client is entitled to have an answer to this interrogatory under oath signed by Monsanto.

**Interrogatory No. 6** requires Monsanto to list all potential factors other than Roundup that Monsanto may assert at trial were the potential contributing causes to the development of Elaine Stevick's cancer.

My client is entitled to an answer under oath to this interrogatory, not merely a reference to expert testimony.

The same rationale applies to **Interrogatory No. 7** (When Ms. Stevick developed Non-Hodgkin's Lymphoma), **Interrogatory No. 8** (whether other people are responsible for her Non Hodgkin's Lymphoma) and **Interrogatory No. 9** (inquiring whether Monsanto alleges that Elaine used less Roundup then she states).

**Interrogatory No. 13** requests the net worth of Monsanto the last day before it was acquired. Monsanto says it will provide a response within 14 days, which is tomorrow November 29, 2018. I will look forward to receiving that response under oath.

**Interrogatory No. 14** inquires whether any scientist, physician, government employee or other person ever stated to Monsanto a belief that Glyphosate containing products may increase the risk of Non Hodgkin's Lymphoma and if so to identify the person.

Monsanto states that it is aware of isolated articles and publications by individuals, but fails to answer the question by stating who those individuals are. My client is entitled to a complete response to Interrogatory No. 14.

**Interrogatory No. 15** requests that Monsanto identify any discussions Monsanto had regarding warning the public of the potential risk of Glyphosate causing cancer.

Kirby T. Griffis, Esquire
November 28, 2018
Page 3

Monsanto responds that it has never recommended that a public warning be made, but does not answer the interrogatory by identifying the particular discussions.

Please confirm as soon as possible that Monsanto will provide full and complete responses to the above referenced interrogatories.

I would appreciate a response no later than noon EST this Friday, November 30, 2018.

Very truly yours,

THE MILLER FIRM LLC

Brian K. Brake

BKB:rmm
cc:     Michael J. Miller, Esquire (via electronic mail)
        Aimee H. Wagstaff, Esquire (via electronic mail)
        Robin L. Greenwald, Esquire (via electronic mail)

EXHIBIT B

**Brian Brake**

| | |
|---|---|
| **From:** | Griffis, Kirby T. <KGriffis@Hollingsworthllp.com> |
| **Sent:** | Friday, November 30, 2018 1:14 PM |
| **To:** | Brian Brake |
| **Cc:** | Aimee H. Wagstaff; Greenwald, Robin; Michael Miller; Kathryn Forgie; Rich Mayer; Lisa Jones |
| **Subject:** | RE: Stevick discovery matters |

Brian, in response to your letter of the 28th:

The *Stevick* written discovery is, in terms of the discovery issues raised, highly duplicative of that in *Hardeman*, about which there have been two meet-and-confers, the first of which you missed. A number of these issues were discussed then.

Monsanto believes that this is inappropriate for a discovery letter, and should be presented in the case management statement. We will be before Judge Chhabria next Wednesday for a case management conference, and will be discussing any remaining Hardeman disputes then. Also, we will be amending multiple responses, which may moot some or all of your disputes regarding those items. Your disputes do not warrant Judge Chhabria's separate and particular attention before next week.

**Interrogatory No. 1** requests the facts, documents and witnesses that Monsanto intends to rely upon to support its denial that Glyphosate was a substantial factor in causing Elaine's Non Hodgkin's Lymphoma.

Monsanto will supplement its answer to refer to its expert reports, relevant fact depositions, and medical records. With regard to exhibit and witness lists, Monsanto has not yet made decisions regarding the documents and witnesses upon which it will rely at trial, but will provide these at the appropriate time.

**Interrogatory No. 3** requests all individuals who may provide testimony at trial. In response to this interrogatory Monsanto states that it will provide this information pursuant to the October 3, 2018 Pretrial Order No. 53 or as otherwise required by the Court to exchange witness information.

With regard to witness lists, Monsanto has not yet made decisions regarding the witnesses upon which it will rely at trial, but will provide these at the appropriate time. Monsanto does not currently know of anyone who may provide testimony at trial who is not already known to plaintiffs who may testify, viz., (1) treating physicians; (2) the Stevicks and their friends and family; (3) expert witnesses identified by the parties; (4) fact witnesses who have been deposed in the litigation.

**Interrogatory No. 4.** This interrogatory requires Monsanto to identify persons with knowledge of Plaintiff's claims. Monsanto directs the Plaintiff to the Plaintiffs own complaint, other disclosures and Monsanto's initial disclosures served back on August 12, 2016.

Monsanto does not currently know of anyone with knowledge of Plaintiffs' claims who is not already known to plaintiffs, viz., (1) treating physicians; (2) the Stevicks and their friends and family; (3) fact witnesses who have been deposed in this case.

**Interrogatory No. 5** requests that Monsanto detail whether Elaine's usage of Glyphosate products was not in compliance with instructions for the products.

Monsanto will now supplement its answer to note that it is currently unaware of evidence that Ms. Stevick's usage was not in compliance with the instructions.

**Interrogatory No. 6** requires Monsanto to list all potential factors other than Roundup that Monsanto may assert at trial were the potential contributing causes to the development of Elaine Stevick's cancer.

The same rationale applies to **Interrogatory No. 7** (When Ms. Stevick developed Non-Hodgkin's Lymphoma), **Interrogatory No. 8** (whether other people are responsible for her Non Hodgkin's Lymphoma) and **Interrogatory No. 9** (inquiring whether Monsanto alleges that Elaine used less Roundup then she states).

Monsanto will now supplement its answer to refer to its expert reports, relevant fact depositions, and the medical records regarding 6, 7, and 9.

Monsanto will now supplement its answer to note that it is currently unaware of evidence that other people were responsible for Ms. Stevick's alleged injuries.

**Interrogatory No. 13** requests the net worth of Monsanto the last day before it was acquired.  Monsanto says it will provide a response within 14 days, which is tomorrow November 29, 2018.  I will look forward to receiving that response under oath.

Monsanto will supplement its answer to provide the last net worth figures that were computed prior to the acquisition, $7.8 billion.

**Interrogatory No. 14** inquires whether any scientist, physician, government employee or other person ever stated to Monsanto a belief that Glyphosate containing products may increase the risk of Non Hodgkin's Lymphoma and if so to identify the person.

Monsanto stands by its response.

**Interrogatory No. 15** requests that Monsanto identify any discussions Monsanto had regarding warning the public of the potential risk of Glyphosate causing cancer.

Monsanto stands by its response.



**Kirby T. Griffis**

202.898.5828 · KGriffis@Hollingsworthllp.com
1350 I Street NW · Washington, DC 20005

**From:** Brian Brake [mailto:bbrake@millerfirmllc.com]
**Sent:** Friday, November 30, 2018 11:49 AM
**To:** Griffis, Kirby T.
**Cc:** Aimee H. Wagstaff; Greenwald, Robin; Michael Miller; Kathryn Forgie; Rich Mayer; Lisa Jones
**Subject:** RE: Stevick discovery matters

Kirby:

I plan on following Judge Chhabria's standing order, para 21 with a joint letter on this discovery issue. If you have a response please add it to the letter and email back by 3 today. Thanks.

**From:** Griffis, Kirby T. [mailto:KGriffis@Hollingsworthllp.com]
**Sent:** Friday, November 30, 2018 9:07 AM
**To:** Brian Brake <bbrake@millerfirmllc.com>
**Cc:** Aimee H. Wagstaff <aimee.wagstaff@andruswagstaff.com>; Greenwald, Robin <RGreenwald@weitzlux.com>; Michael Miller <MMiller@millerfirmllc.com>; Kathryn Forgie <kathryn.forgie@andruswagstaff.com>; Rich Mayer <RMayer@millerfirmllc.com>; Lisa Jones <ljones@millerfirmllc.com>
**Subject:** RE: Stevick discovery matters

Our disagreements should be laid out in the CMS.  I'll be responding later today.

Note that you've raised issues identical to some raised and discussed with Aimee previously.  That isn't how discovery teed up by executive committee members is supposed to be handled.

**From:** Brian Brake [mailto:bbrake@millerfirmllc.com]
**Sent:** Friday, November 30, 2018 8:45 AM
**To:** Griffis, Kirby T.
**Cc:** Aimee H. Wagstaff; Greenwald, Robin; Michael Miller; Kathryn Forgie; Rich Mayer; Lisa Jones
**Subject:** Stevick discovery matters

Kirby:

Attached is the discovery letter that I previously sent in Word. In the unlikely event that Monsanto does not agree to respond to all the ints mentioned in the letter, please use the attached word version to add M's position and send it back to me with a proposed order. If you could do this by 3pm EST today I will file it with the Court today.

Thanks.

Brian

This electronic message contains information from the law firm of Hollingsworth LLP, which may be confidential or privileged.  The information is for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited.  If you have received this electronic transmission in error, please notify us immediately at (202) 898-5800.

This electronic message contains information from the law firm of Hollingsworth LLP, which may be confidential or privileged.  The information is for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited.  If you have received this electronic transmission in error, please notify us immediately at (202) 898-5800.

EXHIBIT C

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
Kirby T. Griffis
1350 I Street, N.W.
Washington, DC  20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
         elasker@hollingsworthllp.com
         kgriffis@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Elaine Stevick and Christopher Stevick, v.*<br>*Monsanto Co. 3:16-cv-02341-VC* | |

## MONSANTO COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Monsanto Company ("Monsanto") hereby responds pursuant to Rule 33 of the Federal Rules of Civil procedure to Plaintiffs' First Set of Interrogatories Directed to Defendant Monsanto Company.

## GENERAL OBJECTIONS

1.      Monsanto objects to the definition of "Monsanto," "Defendant," "You" and "Yours" in paragraph a) of the First Set of Interrogatories, which defines the terms as "every corporation or other person or entity upon whom plaintiff serves this set of discovery requests…[including] every predecessor in interest of each such company, its successor(s) in interest, and every company affiliated with each such company by common ownership or control." This definition is overbroad and unduly burdensome because a number of affiliated

1

companies have nothing whatsoever to do with the manufacture or sale of the products at issue in plaintiffs' complaint.   It is also overbroad and unduly burdensome because Monsanto is a corporation that has employed many thousands of people in the more than forty years that glyphosate-containing products have been manufactured and sold by the company.   Thousands of such people potentially could have some information responsive to plaintiffs' Interrogatories, which also use overbroad phrases such as "all", which has been defined in paragraph b) to mean "any and all"; all requests of this sort not directed to particular sources are thus overbroad, unduly burdensome, unduly cumulative, and not proportional to the needs of the case.   It is impossible for all such people (many of whom are long ago deceased and/or left their employment with Monsanto) to be interviewed to respond to these Interrogatories, and it is an overly burdensome, oppressive, and frivolous suggestion that this should be done.

2.      Monsanto objects to the extent these Interrogatories would require Monsanto to produce or search for information not within its possession, custody, or control, including information in the possession of other corporations or individuals not employed by the company.

3.      Monsanto objects to the Interrogatories to the extent they seek information or documentation that is publicly available and therefore readily available to plaintiffs, as the burden of obtaining such information is the same for plaintiffs as it would be for Monsanto.

4.      Monsanto objects to the Interrogatories as unreasonably cumulative and/or duplicative of discovery already permitted.

5.      Monsanto objects to these Interrogatories to the extent that they seek to impose a burden or requirements beyond what the Federal Rules of Civil Procedure and/or the local rules for the Northern District of California require.

6.      Monsanto objects to the Interrogatories to the extent they seek information not relevant to any claims or defenses asserted in this case.

7.      Monsanto has based these responses and objections on the assumption that plaintiffs, in propounding these Interrogatories, do not intend to seek information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or information

2

regarding or reflecting the impressions, conclusions, opinions, legal research or theories of Monsanto's attorneys. Monsanto objects to each Interrogatory to the extent it seeks documents or information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable statutory or common law privilege.

8.    Monsanto objects to the Interrogatories to the extent they seek information or documentation that is publicly available and therefore readily available to plaintiffs, as the burden of obtaining such information is the same for plaintiffs as it would be for Monsanto.

9.    Monsanto objects to the extent the Interrogatories seek immediate responses because this would be impossible in view of the scope and manner of the Interrogatories, including the inappropriate subparts, for Monsanto to collect and process information for many dozens of current and former employees due to the volume of records that Monsanto has in its possession.

10.    Monsanto objects to the Interrogatories to the extent they seek the identification of "all" or "each and every" documents or information in response. It is a practical and legal impossibility that "all" facts, documents, or information for any specific subject could be found and identified for the more than forty years that glyphosate-containing products have been manufactured and sold by Monsanto. Instead, Monsanto will make reasonable and proportional searches for documents and information in order to respond to otherwise unobjectionable Interrogatories.

11.    Monsanto's Responses to the Interrogatories are made without waiving the right, at any time and for any reason, to revise, supplement, correct, add to, or clarify these Responses. These responses also are provided without limiting or waiving Monsanto's right to object to additional discovery that may be sought from Monsanto or from any of the custodians or production sources identified in these responses.

12.    These General Objections apply to all of the following Responses to specific Interrogatories and are incorporated by reference therein.

MONSANTO'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
MDL NO. 2741 & CASE NO. 3:16-cv-02341-VC

**MONSANTO'S RESPONSES TO SPECIFIC INTERROGATORIES**

**INTERROGATORY NO. 1:** If you deny that Glyphosate or Glyphosate Products were a substantial factor in causing Elaine Stevick's Non-Hodgkin's Lymphoma, identify all facts, documents and witnesses that you intend to rely on to support your denial.

**RESPONSE TO INTERROGATORY NO: 1:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 1 because it is overbroad, unduly burdensome, and seeks information protected by the attorney-client privilege and attorney work product doctrine, and that any selected information would reveal Monsanto's attorneys' theories of the case.  Monsanto objects to Interrogatory No. 1 because it is a premature contention interrogatory that need not be answered until after fact and expert discovery has been completed or until a pretrial conference or other later time.

**INTERROGATORY NO. 2:** Has Monsanto ever provided information on any of its Roundup product labels indicating that any of its Glyphosate products, or any component ingredient, may cause or contribute to cause any form of cancer, including but not limited to Non-Hodgkin's Lymphoma? If so produce all such labels.

**RESPONSE TO INTERROGATORY NO. 2:**  Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects that Interrogatory No. 2 is irrelevant, overbroad, unduly burdensome and not proportional to the needs of this case, including because "any of its Roundup product labels" encompasses many different products with distinct formulations.  Monsanto objects to Interrogatory No. 2 to the extent it calls for production of any labels in response to this Interrogatory that contain a warning for an ingredient not found in the only product to which Ms. Stevick alleges exposure, specifically, "Roundup® Grass & Weed Killer."

Subject to the foregoing general and specific objections, Monsanto responds that: Monsanto has never recommended that a written warning be added to the labels of its glyphosate-containing products about possible carcinogenicity because there is no scientific basis for such a warning.

1  **INTERROGATORY NO. 3:** IDENTIFY all person [sic] who will or may provide testimony in

2  this lawsuit. For each person identified, state his or her name, address, phone number,

3  occupation, place of employment, relationship to you, the general nature of the subject matter

4  upon which each witness will testify, and, if such person is an expert, their qualifications.

5      **RESPONSE TO INTERROGATORY NO. 3:**  Monsanto incorporates by reference the

6  foregoing General Objections here as if restated in full.  Monsanto objects to the identification of

7  "address" and "phone number" because the Interrogatory seeks personal and/or confidential

8  information that is neither relevant nor likely to lead to the discovery of admissible evidence.

9  Monsanto will not provide the personal home address or personal phone number of any

10  individuals identified in responding to Interrogatory No. 3.  Monsanto objects to Interrogatory

11  No. 3 because it is premature; pursuant to the October 3, 2018, Pretrial Order No. 53 – Revised

12  Trial Schedule Group 1 Plaintiffs [Dkt. 1926] the parties are not required to exchange trial

13  witness information until at least February 2019 or until otherwise required by the Court.

14      Subject to, and without waiving the foregoing objections Monsanto responds as follows:

15  Monsanto will provide information responsive to Interrogatory No. 3 pursuant to the October 3,

16  2018, Pretrial Order No. 53 – Revised Trial Schedule Group 1 Plaintiffs [Dkt. 1926], or as

17  otherwise required by the Court to exchange witness information.

18  **INTERROGATORY NO. 4:** IDENTIFY any other person(s) with personal knowledge of any

19  of the allegations, claims, and/or alleged injuries asserted in the complaint, and describe the

20  subject matter of the personal knowledge possessed by each such person. For each person

21  identified, state his or her name, address, phone number, occupation, place of employment and

22  relationship to you.

23      **RESPONSE TO INTERROGATORY NO. 4:** Monsanto incorporates by reference the

24  foregoing General Objections here as if restated in full.  Monsanto objects to the identification of

25  "address" and "phone number" because the Interrogatory seeks personal and/or confidential

26  information that is neither relevant nor likely to lead to the discovery of admissible evidence.

27  Monsanto will not provide the personal home address or personal phone number of any

28

1  individuals identified in responding to Interrogatory No. 4.  Monsanto objects to Interrogatory

2  No. 4 because it is oppressive, unduly burdensome, overly broad and not proportional to the

3  needs of this case because it seeks the identify of "any other person(s) with personal knowledge

4  of any of the allegations, claims, and/or alleged injuries."  Monsanto is a large company that has

5  undergone multiple changes in structure, organization, and leadership over the last four decades

6  that it would be oppressive and unduly burdensome to require such a large and diverse company

7  to identity every possible person who would be responsive to this Interrogatory.  Monsanto

8  objects to Interrogatory No. 4 because it is cumulative and/or duplicative of the 1.6 million

9  documents (estimated to total more than 15 million pages) already produced or made available to

10  plaintiffs, and because plaintiffs have taken multiple depositions of corporate witnesses and

11  expert witnesses in this case and other related cases, and therefore requiring additional

12  information on this broad topic is unduly burdensome.

13        Subject to, and without waiving the foregoing objections Monsanto responds as follows:

14  Pursuant to Federal Rule of Civil Procedure 33(d), Monsanto directs plaintiffs to their own

15  Complaint, PFS, and other disclosures, as well as Monsanto's Initial Disclosures served in this

16  case on August 12, 2016, where the burden of deriving or ascertaining the answer will be

17  substantially the same plaintiffs as it is for Monsanto.

18  **INTERROGATORY NO. 5:** With respect to the GLYPHOSATE PRODUCTS used by Mrs.

19  Stevick. Describe in detail any behavior/manner of use by Mrs. Stevick that you allege was not

20  in compliance with the instructions for the product and/or not in compliance with the

21  behavior/manner of use of an ordinary consumer.

22        **RESPONSE TO INTERROGATORY NO. 5:** Monsanto incorporates by reference the

23  foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 5

24  to the extent it requires Monsanto to speculate as to information not within its possession,

25  custody, or control.   Monsanto objects to Interrogatory No. 5 as a premature contention

26  interrogatory that need not be answered until after fact and expert discovery has been completed

27  or until a pretrial conference or other later time.  Monsanto objects that Interrogatory No. 5 is

28

1  vague and ambiguous as to the phrase "behavior/manner of use of an ordinary consumer."

2  Monsanto objects that Interrogatory No. 5 is improperly and prematurely seeking the disclosure

3  of expert testimony and/or the materials on which Monsanto's experts will rely in reaching their

4  expert opinions.  Such information will be disclosed at the appropriate time in accordance with

5  Federal Rule of Civil Procedure 26 disclosure requirements for expert testimony and/or pursuant

6  to the October 3, 2018, Pretrial Order No. 53 – Revised Trial Schedule Group 1 Plaintiffs [Dkt.

7  1926].

8  **INTERROGATORY NO. 6:** List all potential factors, other than Roundup usage, that you

9  will/may assert at trial as potential contributing causes to the development of Mrs. Stevick's

10 cancer.

11      **RESPONSE TO INTERROGATORY NO. 6:** Monsanto incorporates by reference the

12 foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 6

13 as a premature contention interrogatory that need not be answered until after fact and expert

14 discovery has been completed or until a pretrial conference or other later time.  Monsanto objects

15 to Interrogatory No. 6 because it assumes that Roundup is capable of causing Mrs. Stevick's

16 alleged cancer, which it is not.  Monsanto objects that Interrogatory No. 6 is improperly and

17 prematurely seeking the disclosure of expert testimony and/or the materials on which

18 Monsanto's experts will rely in reaching their expert opinions.   Such information will be

19 disclosed at the appropriate time in accordance with Federal Rule of Civil Procedure 26

20 disclosure requirements for expert testimony and/or pursuant to the October 3, 2018, Pretrial

21 Order No. 53 – Revised Trial Schedule Group 1 Plaintiffs [Dkt. 1926].

22 **INTERROGATORY NO. 7:** When do you contend that Mrs. Stevick developed non-Hodgkin's

23 lymphoma?

24      **RESPONSE TO INTERROGATORY NO. 7:** Monsanto incorporates by reference the

25 foregoing General Objections here as if restated in full.   Monsanto objects to the term

26 "developed" as vague and ambiguous.  Monsanto objects to Interrogatory No. 7 to the extent it

27 requires Monsanto to speculate as to information not within its possession, custody, or control.

28

1   Monsanto objects to Interrogatory No. 7 as a premature contention interrogatory that need not be

2   answered until after fact and expert discovery has been completed or until a pretrial conference

3   or other later time.   Monsanto objects that Interrogatory No. 7 is improperly and prematurely

4   seeking the disclosure of expert testimony and/or the materials on which Monsanto's experts will

5   rely in reaching their expert opinions. Such information will be disclosed at the appropriate time

6   in accordance with Federal Rule of Civil Procedure 26 disclosure requirements for expert

7   testimony and/or pursuant to the October 3, 2018, Pretrial Order No. 53 – Revised Trial Schedule

8   Group 1 Plaintiffs [Dkt. 1926].

9   **INTERROGATORY NO. 8:** Do you contend that Mrs. Stevick's injuries, as set forth in the

10   Complaint, were caused in whole or in part by the actions, omissions, and/or negligence of some

11   person or persons other than yourself, whether named as a Defendant in this action or not? If

12   your answer is in the affirmative, please identify the following:

13       a.   Identify all person or persons that you allege caused Mrs. Stevick's injuries in whole

14       or in part;

15       b.   Describe each act or omission by which you contend such person or persons caused

16       injuries to Mrs. Stevick:

17       **RESPONSE TO INTERROGATORY NO. 8:** Monsanto incorporates by reference the

18   foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 8

19   because it contains multiple inappropriate subparts.  Monsanto objects to Interrogatory No. 8 to

20   the extent it requires Monsanto to speculate as to information not within its possession, custody,

21   or control.  Monsanto objects to Interrogatory No. 8 as a premature contention interrogatory that

22   need not be answered until after fact and expert discovery has been completed or until a pretrial

23   conference or other later time.   Monsanto objects that Interrogatory No. 8 is improperly and

24   prematurely seeking the disclosure of expert testimony and/or the materials on which

25   Monsanto's experts will rely in reaching their expert opinions.   Such information will be

26   disclosed at the appropriate time in accordance with Federal Rule of Civil Procedure 26

27

28

1  disclosure requirements for expert testimony and/or pursuant to the October 3, 2018, Pretrial

2  Order No. 53 – Revised Trial Schedule Group 1 Plaintiffs [Dkt. 1926].

3  **INTERROGATORY NO. 9:** Do you contend that Mrs. Stevick's exposure to Roundup is less

4  than she alleges? If so, please set forth the specific facts in support of this contention.

5      **RESPONSE TO INTERROGATORY NO. 9:** Monsanto incorporates by reference the

6  foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 9

7  to the extent it requires Monsanto to speculate as to information not within its possession,

8  custody, or control.   Monsanto objects to Interrogatory No. 9 as a premature contention

9  interrogatory that need not be answered until after fact and expert discovery has been completed

10  or until a pretrial conference or other later time.  Monsanto objects that Interrogatory No. 9 is

11  improperly and prematurely seeking the disclosure of expert testimony and/or the materials on

12  which Monsanto's experts will rely in reaching their expert opinions.  Such information will be

13  disclosed at the appropriate time in accordance with Federal Rule of Civil Procedure 26

14  disclosure requirements for expert testimony and/or pursuant to the October 3, 2018, Pretrial

15  Order No. 53 – Revised Trial Schedule Group 1 Plaintiffs [Dkt. 1926].

16  **INTERROGATORY NO. 10:** For Roundup Ready-to-use weed and grass killer manufactured

17  between 1989 and 2006, identify the surfactants used in the formulations. Please describe the

18  source of the surfactant and its percentage of concentration.

19      **RESPONSE TO INTERROGATORY NO. 10:** Monsanto incorporates by reference the

20  foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No.

21  10 because information about the "source" from which Monsanto acquired its surfactants is not

22  relevant to the issues in this case.  Monsanto objects to Interrogatory No. 10 because it seeks

23  proprietary and/or trade secret information.  Monsanto objects to Interrogatory No. 10 to the

24  extent it seeks information about products other than those used by Plaintiff and for dates when

25  the product identified was not available for purchase.

26      Subject to, and without waiving the foregoing objections Monsanto responds as follows:

27

28

MONSANTO'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
MDL. NO. 2741 & CASE NO. 3:16-cv-02341-VC

1 Pursuant to Federal Rule of Civil Procedure 33(d), on November 9, 2018, Monsanto provided

2 information responsive to this request as a part of its production and disclosure discussed at the

3 MDL Case Management Conference on October 29, 2018, which resolved this and similar

4 outstanding discovery requests.  *See* 11/9/18 Email of Mr. Griffis (attaching formulations

5 information chart and referring plaintiffs to related document production of the same date).

6 **INTERROGATORY NO. 11:** For Roundup Super Concentrate manufactured between 1989

7 and 2006, identify the surfactants used in the formulations. Please describe the source of the

8 surfactant and its percentage of concentration.

9       **RESPONSE TO INTERROGATORY NO. 11:** Monsanto incorporates by reference the

10 foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No.

11 10 because information about the "source" from which Monsanto acquired its surfactants is not

12 relevant to the issues in this case.  Monsanto objects to Interrogatory No. 11 because it seeks

13 proprietary and/or trade secret information.  Monsanto objects to Interrogatory No. 11 to the

14 extent it seeks information about products other than those used by Plaintiff and for dates when

15 the product identified was not available for purchase.

16       Subject to, and without waiving the foregoing objections Monsanto responds as follows:

17       Pursuant to Federal Rule of Civil Procedure 33(d), on November 9, 2018, Monsanto

18 provided information responsive to this request as a part of its production and disclosure

19 discussed at the MDL Case Management Conference on October 29, 2018, which resolved this

20 and similar outstanding discovery requests.  *See* 11/9/18 Email of Mr. Griffis (attaching

21 formulations information chart and referring plaintiffs to related document production of the

22 same date).

23 **INTERROGATORY NO. 12:** For Roundup Concentrate Plus manufactured between 1989 and

24 2006, identify the surfactants used in the formulations. Please describe the source of the

25 surfactant and its percentage of concentration.

26       **RESPONSE TO INTERROGATORY NO. 12:** Monsanto incorporates by reference the

27 foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No.

28

1    12 because information about the "source" from which Monsanto acquired its surfactants is not

2    relevant to the issues in this case.  Monsanto objects to Interrogatory No. 12 because it seeks

3    proprietary and/or trade secret information.  Monsanto objects to Interrogatory No. 12 to the

4    extent it seeks information about products other than those used by Plaintiff and for dates when

5    the product identified was not available for purchase.

6          Subject to, and without waiving the foregoing objections Monsanto responds as follows:

7          Pursuant to Federal Rule of Civil Procedure 33(d), on November 9, 2018, Monsanto

8    provided information responsive to this request as a part of its production and disclosure

9    discussed at the MDL Case Management Conference on October 29, 2018, which resolved this

10   and similar outstanding discovery requests.  See 11/9/18 Email of Mr. Griffis (attaching

11   formulations information chart and referring plaintiffs to related document production of the

12   same date).

13   **INTERROGATORY NO. 13:** State the net worth of Monsanto Company on the last date before

14   it was acquired and the current net worth of Bayer AG.

15          **RESPONSE TO INTERROGATORY NO. 13:**  Monsanto incorporates by reference

16   the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory

17   No. 13 because the phrase "net worth" is vague and ambiguous.  Monsanto objects to

18   Interrogatory No. 13 to the extent it seeks information as to Bayer AG that is not within the

19   possession, custody, or control of Monsanto.  Monsanto objects to Interrogatory No. 13 is

20   irrelevant, overbroad, unduly burdensome and not proportional to the needs of this case,

21   including because the "net worth" of Monsanto Company and Bayer AG is in no way relevant to

22   the claims or defenses in this case.  Monsanto objects to Interrogatory No. 13 because it seeks

23   information that is publicly available and therefore readily available to plaintiffs, as the burden

24   of obtaining such information is the same for plaintiffs as it would be for Monsanto.

25          Subject to, and without waiving the foregoing objections Monsanto responds as follows:

26   Monsanto is preparing figures responsive to this Request concerning its net worth prior to

27   acquisition by Bayer AG, which it intends to provide within 14 days.

28

1  **INTERROGATORY NO. 14:** Has any scientist, physician, government employee, or other

2  person, whether employed, retained, or completely external to Monsanto, ever stated to you a

3  belief, or suggested to you the possibility that glyphosate-containing products may increase the

4  risk of Non-Hodgkin's Lymphoma or other cancers? If so, identify the person by name, address,

5  and employer, state the timeframe and details of such communication, and your responsive

6  communication or action.

7      **RESPONSE TO INTERROGATORY NO. 14:** Monsanto incorporates by reference the

8  foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No.

9  14 because the term "any . . . person," as well as the entire text of the interrogatory, are both

10  overly broad and unduly burdensome.  Monsanto objects to Interrogatory No. 14 because it is

11  impossible to identify, collect, or assess every statement ever made by the tens of thousands or

12  more of individuals who are a "scientist, physician, government employee, or other person,

13  whether employed, retained, or completely external to Monsanto," and it is an overly

14  burdensome and frivolous suggestion that this should be done or that records should be collected

15  and reviewed for all such people.

16      Subject to, and without waiving the foregoing objections Monsanto responds as follows:

17  Monsanto states that it is unaware that any of its employees ever stated a belief that glyphosate-

18  containing products caused or increased the risk of cancer.  And while Monsanto is aware of

19  isolated articles and publications by individuals or groups outside the company who reached

20  contrary conclusions, Monsanto has consistently disagreed with such conclusions.

21  **INTERROGATORY NO. 15:** Identify any discussions, communications or meetings in which

22  any Monsanto agent, employee, officer, contractor or retained expert participated regarding

23  warning the public of a potential risk of carcinogenicity associated with glyphosate- containing

24  products, whether by amendment of the product label or any other avenue. For each instance,

25  identify the individuals and/or entities involved, the detailed substance of the discussion, the

26  ultimate decision or action taken by Monsanto, and the date on which each communication took

27  place.

28

**RESPONSE TO INTERROGATORY NO. 15:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 15 as overly broad and unduly burdensome because it requests information over a forty-year period in which Monsanto sold glyphosate-containing products.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Monsanto has never recommended that a public warning be made or that a written warning be added to the labels of its glyphosate-containing products about possible carcinogenicity because there is no scientific basis for such a warning.  Nor is Monsanto aware of information indicating that any of its officers, employees, or agents ever recommended that carcinogenicity warnings be made or added to glyphosate-containing product labels.

**INTERROGATORY NO. 16:** Identify all glyphosate-containing products manufactured, marketed or sold by Monsanto in California from 1989 to 2014.  For each, give any names that it was sold or marketed under, the relevant years it was sold, and the proportion of both glyphosate and surfactants contained in the overall volume.

**RESPONSE TO INTERROGATORY NO. 16:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 16 as overbroad to the extent it seeks information about products other than those used by Plaintiff.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), on November 9, 2018, Monsanto provided information responsive to this request as a part of its production and disclosure discussed at the MDL Case Management Conference on October 29, 2018, which resolved this and similar outstanding discovery requests.  *See* 11/9/18 Email of Mr. Griffis (attaching formulations information chart and referring plaintiffs to related document production of the same date).

**INTERROGATORY NO. 17:** Have you ever asked the EPA for permission to include a warning for Non- Hodgkin's Lymphoma on the labeling for glyphosate-containing products? If so, identify the nature of the request, the dates of the requests and the response of the EPA.

13

1   **RESPONSE TO INTERROGATORY NO. 17:**   Monsanto incorporates by reference

2   the foregoing General Objections here as if restated in full.   Monsanto objects to Interrogatory

3   No. 17 because the phrase "to include a warning for Non-Hodgkin's Lymphoma" is vague and

4   ambiguous.

5   Subject to, and without waiving the foregoing objections Monsanto responds as follows:

6   The EPA has repeatedly found that glyphosate does not cause cancer.   Monsanto has not

7   requested that EPA approve a warning to the contrary with respect to Non-Hodgkin's lymphoma

8   because there is no scientific basis for such a warning.

9

10

DATED:  November 15, 2018                    Respectfully submitted,

11

12

/s/ Kirby T. Griffis
13   Joe G. Hollingsworth (pro hac vice)
(jhollingsworth@hollingsworthllp.com)
14   Eric G. Lasker (pro hac vice)
(elasker@hollingsworthllp.com)
15   Kirby T. Griffis (pro hac vice)
(kgriffis@hollingsworthllp.com)
16   HOLLINGSWORTH LLP
1350 I Street, N.W.
17   Washington, DC  20005
Telephone:  (202) 898-5800
18   Facsimile:  (202) 682-1639

19   Attorneys for Defendant
MONSANTO COMPANY
20

21

22

23

24

25

26

27

28

MONSANTO'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
MDL. NO. 2741 & CASE NO. 3:16-cv-0234l-VC

1

## CERTIFICATE OF SERVICE

2

The undersigned hereby certifies that a true and accurate copy of **Monsanto Company's**

3 **Objections and Responses to Plaintiffs' First Set of Interrogatories** was served upon the

4 parties below via electronic mail and U.S. Mail, postage prepaid, this 15th day of November

5 2018:

6
    Michael J. Miller, Esq.
7   mmiller@millerfirmllc.com
    The Miller Firm LLC
8   108 Railroad Avenue
    Orange, VA  22960

9
    Aimee H. Wagstaff, Esq.
10  Aimee.wagstaff@andruswagstaff.com
    Andrus Wagstaff, P.C.
11  7171 W. Alaska Drive
    Lakewood, CO  80226

12
    Robin L. Greenwald, Esq.
13  rgreenwald@weitzlux.com
    Weitz & Luxenberg, P.C.
14  700 Broadway
    New York, NY  10003

15

16                                            /s/ Kirby T. Griffis
                                              Kirby T. Griffis (admitted *pro hac vice*)
17                                            HOLLINGSWORTH LLP

18                                            *Attorney for Defendant,*
                                              *MONSANTO COMPANY*
19

20

21

22

23

24

25

26

27

28