UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION                                                         MDL No. 2741


**TRANSFER ORDER**


    **Before the Panel:** Defendant Monsanto Company moves under Panel Rule 7.1 to vacate our order that conditionally transferred the two actions listed on Schedule A to the Northern District of California for inclusion in MDL No. 2741. Plaintiff in the District of Maine *Poulin* action did not respond to the motion and is deemed to acquiesce to it under Panel Rule 6.1(c) ("Failure to respond to a motion shall be treated as that party's acquiescence to it.").[1] Plaintiff in the District of Arizona *Lopez* action opposes the motion.

    In support of its motion to vacate, Monsanto argues that transfer of *Lopez* and *Poulin* is inappropriate because plaintiffs in these actions do not allege that they developed non-Hodgkin's lymphoma (NHL) after using Roundup. Rather, they allegedly suffer from either acute lymphocytic leukemia (also called acute lymphoblastic leukemia, or ALL) or multiple myeloma. NHL, though, is an umbrella term that covers a number of different blood cancers. In its papers, Monsanto concedes that there is a split in the scientific literature as to whether multiple myeloma is a subtype of NHL. And, while ALL seems not to be considered a sub-type of NHL, chronic lymphocytic leukemia has been classified as such. The transferee court recently completed the general causation phase of the pretrial proceedings, which included both a "Science Day" presentation by the parties as well as nearly a week-long evidentiary hearing on Monsanto's motion to exclude plaintiffs' general causation experts. Given this background, the transferee court is far better positioned than we are to determine whether these alleged cancers, which at first glance seem quite similar to NHL, fit within the scope of MDL No. 2741.

    Moreover, even if these two actions were not transferred to the MDL, the transferee court still would have to address the question of which blood cancers, if any, may be caused by exposure to Monsanto's products. Numerous complaints in the MDL allege that the "[International Agency for Research on Cancer] Working Group concluded that the cancers most associated with glyphosate exposure are non-Hodgkin lymphoma and other haematopoietic cancers, including lymphocytic lymphoma/chronic lymphocytic leukemia, B-cell lymphoma, and multiple myeloma." Compl. ¶ 6, *Johnson v. Monsanto Co.*, C.A. No. 3:18-04546 (N.D. Cal. Jun. 29, 2018), ECF No. 1. At least one complaint pending in the MDL alleges that plaintiff developed ALL as a result of using Roundup.

---

[1] We note, though, that plaintiff in *Poulin* requested transfer to MDL No. 2741 in his complaint. *See* Compl. ¶ 182, *Poulin v. Monsanto Co.*, C.A. No. 1:18-00318 (D. Me. Aug. 16, 2018), ECF No. 1.

-2-

*See* Compl. ¶¶ 11 & 111, *Evans v. Monsanto Co.*, C.A. No. 3:17-04894 (N.D. Cal. July 25, 2017), ECF No. 1 (alleging that plaintiff was diagnosed with ALL).  Excluding *Poulin* and *Lopez* thus seems likely to result in duplication of the pretrial proceedings.

After considering the parties' arguments, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2741, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  In our order centralizing this litigation, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes NHL.  *See In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016).  Both the *Lopez* and *Poulin* complaints share numerous factual issues with the cases already in the MDL.  Indeed, substantial portions of these complaints contain allegations regarding glyphosate and its regulatory history that are essentially identical to the complaints pending in the MDL.  Given the transferee court's familiarity with the issues and the substantial discovery that has taken place in the MDL, transfer of these actions likely will result in efficiencies with respect to discovery and other pretrial proceedings.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vince Chhabria for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

**IN RE: ROUNDUP PRODUCTS**
**LIABILITY LITIGATION** MDL No. 2741

**SCHEDULE A**

<u>District of Arizona</u>

LOPEZ v. MONSANTO COMPANY, C.A. No. 4:18−00360

<u>District of Maine</u>

POULIN v. MONSANTO COMPANY, C.A. No. 1:18−00318