

Kirby T. Griffis
dir 202 898 5828
kgriffis@hollingsworthllp.com

December 10, 2018

**FILED VIA ECF**

Honorable Vince Chhabria
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 4 – 17th Floor
San Francisco, CA 94102

      Re:   *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC
             This document relates to: *Stevick v. Monsanto Co., et al.*, No. 3:16-cv -02341-VC

To the Honorable Vince Chhabria:

      The parties are at an impasse regarding the following interrogatories served in the *Stevick* case. For each, the interrogatory and current response is given first, then Plaintiff's position, then Monsanto's. The portions of Monsanto's responses that are amended, which were served on December 3, are italicized.

      Counsel for Mrs. Stevick was in depositions all day Thursday and traveling Friday and did not see the Court order re the due date for this letter until Sunday. Accordingly, counsel for Mrs. Stevick requests that the Court accept this filing.

      **INTERROGATORY NO. 1:** If you deny that Glyphosate or Glyphosate Products were a substantial factor in causing Elaine Stevick's Non-Hodgkin's Lymphoma, identify all facts, documents and witnesses that you intend to rely on to support your denial.

      **AMENDED RESPONSE TO INTERROGATORY NO: 1:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full. Monsanto objects to Interrogatory No. 1 because it is overbroad, unduly burdensome, and seeks information protected by the attorney-client privilege and attorney work product doctrine, and that any selected information would reveal Monsanto's attorneys' theories of the case. Monsanto objects to Interrogatory No. 1 because it is a premature contention interrogatory that need not be answered until after fact and expert discovery has been completed or until a pretrial conference or other

Honorable Vince Chhabria
December 10, 2018
Page 2



later time. *Subject to and without waiver of these objections, Monsanto refers plaintiff to its expert reports, the depositions of the Stevicks and of Ms. Stevick's treating physicians, and the medical records.*

**Plaintiff's Position**

Rather than provide an answer, Monsanto objects stating that this interrogatory is "a premature contention Interrogatory that need not be answered until after fact and expert discovery has been completed or until a pretrial conference or other later time."

I respectfully disagree and note that under the Federal Rules, Monsanto has an obligation to timely respond to interrogatory requests to the extent that it has responsive knowledge. The reference to expert reports, etc. is too general; plaintiff is entitled to a specific answer.

**Monsanto's Position**

Monsanto has supplemented its answer to refer to its expert reports, relevant fact depositions, and medical records. With regard to exhibit and witness lists, Monsanto has not yet made decisions regarding the documents and witnesses upon which it will rely at trial, but will provide these at the appropriate time.

**INTERROGATORY NO. 3:** IDENTIFY all person [sic] who will or may provide testimony in this lawsuit. For each person identified, state his or her name, address, phone number, occupation, place of employment, relationship to you, the general nature of the subject matter upon which each witness will testify, and, if such person is an expert, their qualifications.

**AMENDED RESPONSE TO INTERROGATORY NO. 3:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full. Monsanto objects to the identification of "address" and "phone number" because the Interrogatory seeks personal and/or confidential information that is neither relevant nor likely to lead to the discovery of admissible evidence. Monsanto will not provide the personal home address or personal phone number of any individuals identified in responding to Interrogatory No. 3. Monsanto objects to Interrogatory No. 3 because it is premature; pursuant to the October 3, 2018, Pretrial Order No. 53 – Revised Trial Schedule Group 1 Plaintiffs [Dkt. 1926] the parties are not required to exchange trial witness information until at least February 2019 or until otherwise required by the Court.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Monsanto will provide information responsive to Interrogatory No. 3 pursuant to the October 3, 2018, Pretrial Order No. 53 – Revised Trial Schedule Group 1 Plaintiffs [Dkt. 1926], or as otherwise required by the Court to exchange witness information. *With regard to witness lists,*



*Monsanto has not yet made decisions regarding the witnesses upon which it will rely at trial. Monsanto does not currently know of anyone who may provide testimony at trial who is not already known to plaintiffs who may testify, viz., (1) treating physicians; (2) the Stevicks and their friends and family; (3) expert witnesses identified by the parties; (4) fact witnesses who have been deposed in the litigation.*

### Plaintiff's Position

As we discussed on our conference call on November 28, 2018, Pretrial Order No. 53 does not specifically provide for the exchange of witness information. Furthermore, Monsanto has an obligation to provide timely answers to relevant discovery requests.

Accordingly, please answer Interrogatory No. 3 as soon as possible. This is very important as my client may choose to depose the witnesses identified in response to Interrogatory No. 3 and if so will need to do so before the December 20, 2018 discovery cutoff.

### Monsanto's Position

With regard to witness lists, Monsanto has not yet made decisions regarding the witnesses upon which it will rely at trial, but will provide these at the appropriate time. Monsanto does not currently know of anyone who may provide testimony at trial who is not already known to plaintiffs who may testify, viz., (1) treating physicians; (2) the Stevicks and their friends and family; (3) expert witnesses identified by the parties; (4) fact witnesses who have been deposed in the litigation.

**INTERROGATORY NO. 6:** List all potential factors, other than Roundup usage, that you will/may assert at trial as potential contributing causes to the development of Mrs. Stevick's cancer.

**AMENDED RESPONSE TO INTERROGATORY NO. 6:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full. Monsanto objects to Interrogatory No. 6 as a premature contention interrogatory that need not be answered until after fact and expert discovery has been completed or until a pretrial conference or other later time. Monsanto objects to Interrogatory No. 6 because it assumes that Roundup is capable of causing Mrs. Stevick's alleged cancer, which it is not. Monsanto objects that Interrogatory No. 6 is improperly and prematurely seeking the disclosure of expert testimony and/or the materials on which Monsanto's experts will rely in reaching their expert opinions. Such information will be disclosed at the appropriate time in accordance with Federal Rule of Civil Procedure 26 disclosure requirements for expert testimony and/or pursuant to the October 3, 2018, Pretrial Order No. 53 – Revised Trial Schedule Group 1 Plaintiffs [Dkt. 1926]. *Subject to and without*

Honorable Vince Chhabria
December 10, 2018
Page 4



*waiver of these objections, Monsanto refers plaintiff to its expert reports, the depositions of the Stevicks and of Ms. Stevick's treating physicians, and the medical records.*

**Plaintiff's Position**

My client is entitled to a specific answer under oath to this interrogatory, not merely a vague reference to expert testimony.

**Monsanto's Position**

Monsanto has now supplemented its answer to refer to its expert reports, relevant fact depositions, and the medical records.

**INTERROGATORY NO. 7:** When do you contend that Mrs. Stevick developed non-Hodgkin's lymphoma?

**AMENDED RESPONSE TO INTERROGATORY NO. 7:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full. Monsanto objects to the term "developed" as vague and ambiguous. Monsanto objects to Interrogatory No. 7 to the extent it requires Monsanto to speculate as to information not within its possession, custody, or control. Monsanto objects to Interrogatory No. 7 as a premature contention interrogatory that need not be answered until after fact and expert discovery has been completed or until a pretrial conference or other later time. Monsanto objects that Interrogatory No. 7 is improperly and prematurely seeking the disclosure of expert testimony and/or the materials on which Monsanto's experts will rely in reaching their expert opinions. Such information will be disclosed at the appropriate time in accordance with Federal Rule of Civil Procedure 26 disclosure requirements for expert testimony and/or pursuant to the October 3, 2018, Pretrial Order No. 53 – Revised Trial Schedule Group 1 Plaintiffs [Dkt. 1926]. *Subject to and without waiver of these objections, Monsanto refers plaintiff to its expert reports, the depositions of the Stevicks and of Ms. Stevick's treating physicians, and the medical records.*

**Plaintiff's Position**

The same rationale that applies to my response to Interrogatory 6 applies to Interrogatory No. 7.

**Monsanto's Position**

Monsanto has now supplemented its answer to refer to its expert reports, relevant fact depositions, and the medical records.



**INTERROGATORY NO. 9:** Do you contend that Mrs. Stevick's exposure to Roundup is less than she alleges? If so, please set forth the specific facts in support of this contention.

**AMENDED RESPONSE TO INTERROGATORY NO. 9:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full. Monsanto objects to Interrogatory No. 9 to the extent it requires Monsanto to speculate as to information not within its possession, custody, or control. Monsanto objects to Interrogatory No. 9 as a premature contention interrogatory that need not be answered until after fact and expert discovery has been completed or until a pretrial conference or other later time. Monsanto objects that Interrogatory No. 9 is improperly and prematurely seeking the disclosure of expert testimony and/or the materials on which Monsanto's experts will rely in reaching their expert opinions. Such information will be disclosed at the appropriate time in accordance with Federal Rule of Civil Procedure 26 disclosure requirements for expert testimony and/or pursuant to the October 3, 2018, Pretrial Order No. 53 – Revised Trial Schedule Group 1 Plaintiffs [Dkt. 1926]. *Subject to and without waiver of these objections, Monsanto refers plaintiff to its expert reports, the depositions of the Stevicks and of Ms. Stevick's treating physicians, and the medical records.*

**Plaintiff's Position**

The same rationale that applies to my response to Interrogatory 6 applies to Interrogatory No. 9.

**Monsanto's Position**

Monsanto has now supplemented its answer to refer to its expert reports, relevant fact depositions, and the medical records.

**INTERROGATORY NO. 14:** Has any scientist, physician, government employee, or other person, whether employed, retained, or completely external to Monsanto, ever stated to you a belief, or suggested to you the possibility that glyphosate-containing products may increase the risk of Non-Hodgkin's Lymphoma or other cancers? If so, identify the person by name, address, and employer, state the timeframe and details of such communication, and your responsive communication or action.

**RESPONSE TO INTERROGATORY NO. 14**: Monsanto incorporates by reference the foregoing General Objections here as if restated in full. Monsanto objects to Interrogatory No. 14 because the term "any . . . person," as well as the entire text of the interrogatory, are both overly broad and unduly burdensome. Monsanto objects to Interrogatory No. 14 because it is impossible to identify, collect, or assess every statement ever made by the tens of thousands or more of individuals who are a "scientist, physician, government employee, or other person, whether employed, retained, or completely external to Monsanto," and it is an overly



burdensome and frivolous suggestion that this should be done or that records should be collected and reviewed for all such people.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Monsanto states that it is unaware that any of its employees ever stated a belief that glyphosate-containing products caused or increased the risk of cancer. And while Monsanto is aware of isolated articles and publications by individuals or groups outside the company who reached contrary conclusions, Monsanto has consistently disagreed with such conclusions.

**Plaintiff's Position**

Monsanto states that it is aware of isolated articles and publications by individuals, but fails to answer the question by stating who those individuals are. My client is entitled to a complete response to Interrogatory No. 14.

**Monsanto's Position**

Monsanto stands by its response. The articles and publications referred to are (1) in the public domain and well-known to plaintiffs counsel, and (2) subject to variable interpretations with regard to whether or not they meet the criteria of the interrogatory.

**INTERROGATORY NO. 15:** Identify any discussions, communications or meetings in which any Monsanto agent, employee, officer, contractor or retained expert participated regarding warning the public of a potential risk of carcinogenicity associated with glyphosate-containing products, whether by amendment of the product label or any other avenue. For each instance, identify the individuals and/or entities involved, the detailed substance of the discussion, the ultimate decision or action taken by Monsanto, and the date on which each communication took place.

**RESPONSE TO INTERROGATORY NO. 15:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full. Monsanto objects to Interrogatory No. 15 as overly broad and unduly burdensome because it requests information over a forty-year period in which Monsanto sold glyphosate-containing products.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Monsanto has never recommended that a public warning be made or that a written warning be added to the labels of its glyphosate-containing products about possible carcinogenicity because there is no scientific basis for such a warning. Nor is Monsanto aware of information indicating that any of its officers, employees, or agents ever recommended that carcinogenicity warnings be made or added to glyphosate-containing product labels.

Honorable Vince Chhabria
December 10, 2018
Page 7



**Plaintiff's Position**

    Monsanto responds that it has never recommended that a public warning be made, but does not answer the interrogatory by identifying the particular discussions.

**Monsanto's Position**

    Plaintiff's position assumes that there were internal recommendations, and asks for disclosure of them; the response to the interrogatory is clear that Monsanto is unaware that there were any. Monsanto stands by its response.

                                      Respectfully submitted,

                                      /s/ Kirby Griffis
                                      Kirby T. Griffis (pro hac vice)
                                      (kgriffis@hollingsworthllp.com)
                                      HOLLINGSWORTH LLP
                                      1350 I Street, N.W.
                                      Washington, DC  20005
                                      Telephone:  (202) 898-5800
                                      Facsimile:  (202) 682-1639

                                      Attorney for Defendant
                                      MONSANTO COMPANY

                                      /s/ Brian Brake
                                      Brian K. Brake
                                      The Miller Firm, LLC
                                      The Sherman Building
                                      108 Railroad Avenue
                                      Orange, VA 22960
                                      Phone (540) 672-4224

                                      Attorney for Plaintiff
                                      ELAINE STEVICK

cc:  All Counsel via ECF