# EXHIBIT 3

```
 2      IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
 3            FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
 4                       CIVIL TRIAL DIVISION
 5                              - - -
 6   CONNIE BARTON                      : APRIL TERM 2004
                                        :
 7       VS                             :
                                        :
 8   WYETH PHARMACEUTICALS, INC.,       :
     ET AL.                             : NO. 006301
 9
10                              - - -
11                      PRETREIAL CONFERENCE
12                              - - -
13                       SEPTEMBER 9, 2009
14                              - - -
15                     ROOM 633, CITY HALL
                    PHILADELPHIA, PENNSYLVANIA
16
17                              - - -
18
        BEFORE:  THE HONORABLE NORMAN ACKERMAN, J. and a
19   Jury
20                              - - -
21
22
23
24              Judith Ann Romano, RPR,CM,CRR
                      Official Court Reporter
25
```

```
 1                (Barton v Wyeth, et al.)
 2
 3
     APPEARANCES:
 4                LITTLEPAGE BOOTH
                  BY:  ZOE LITTLEPAGE, ESQUIRE and
 5                RAINEY C. BOOTH, ESQUIRE
                  2043A West Main Street
 6                Houston, TX   77098
                          and
 7                WILLIAMS CUKER BEREZOFSKY
                  BY:  ESTHER BEREZOFSKY, ESQUIRE and
 8                SAMUEL ABLOESER, ESQUIRE and
                  KEVIN HAVERTY, ESQUIRE
 9                1617 JFK Blvd., Suite 800
                  Philadelphia, PA   19103
10                For Plaintiff
11                REED SMITH, LLP
                  BY:  GEORGE E. MCDAVID, ESQUIRE and
12                SHANA E. RUSSO, ESQUIRE
                  136 Main Street, Suite 250
13                Princeton, NJ   08540
                          and
14                PORZIO, BROMBERG & NEWMAN, PC
                  BY:  LAUREN HANDLER, ESQUIRE and
15                SPRING POTOCZAK, ESQUIRE
                  100 Southgate Building
16                Morristown, NJ   07960
                  For the Defendants
17
18
19
20
21
22
23
24
25
```

Page 4

1           (Barton v Wyeth, et al.)
2           MS. HANDLER: Right.
3           THE COURT: Since it appears that there
4   is going to be more than one trial attorney
5   who will participate in the trial of this
6   litigation, pursuant to my pretrial order --
7   who is local counsel?
8           MR. ABLOESER: I am, Your Honor, for
9   plaintiff, Sam Abloeser.
10          THE COURT: Defense?
11          MR. MCDAVID: George McDavid, Your
12  Honor.
13          THE COURT: Do each of you have on your
14  letterhead a statement of the involvement of
15  various counsel in this litigation?
16          MR. MCDAVID: Yes, Your Honor.
17          MR. ABLOESER: Yes, Your Honor.
18          THE COURT: Hand it up to my law clerk.
19          Please note that notwithstanding the
20  number of counsel on each side, there will
21  only be counsel, one attorney cross-examining
22  witnesses. There may be only one attorney who
23  is going to open, and one attorney who will
24  close. You may have different attorneys to
25  question different witnesses, that's fine, but

```
 1              (Barton v Wyeth, et al.)
 2      there will be only one attorney who will open,
 3      one attorney who will close, and one lawyer
 4      who will involve themselves in cross
 5      examination on either side of various
 6      witnesses.  Is that understood.
 7              MS. LITTLEPAGE:  Yes, Your Honor.
 8              MR. MCDAVID:  Yes, Your Honor.
 9              THE COURT:  This case, pursuant to this
10      Court's discretion, will proceed on a reverse
11      bifurcation basis.  We will take in the first
12      phase of this litigation medical causation and
13      damages.  The second phase will be liability.
14      Jury selection will commence tomorrow at 9:30.
15              What's the estimated length of trial of
16      phase one, counsel?
17              MS. LITTLEPAGE:  Probably a week, just
18      on the science issue.
19              THE COURT:  On phase one?
20              MS. LITTLEPAGE:  Yes, sir.
21              THE COURT:  Defense agree?
22              MR. MCDAVID:  I don't know if she is
23      referring to her case or the whole case.
24              THE COURT:  I assume she is referring
25      to the whole case.
```

1          (Barton v Wyeth, et al.)
2          MS. LITTLEPAGE:  I was.  I think five,
3  maybe six days, I was thinking us three and a
4  half, three and a half.  I haven't really
5  thought of it because I just got hit with
6  bifurcation.
7          THE COURT:  Well, it's important that I
8  ask you these questions because the jury is
9  going to want to know how long.
10         MR. MCDAVID:  I am sort of in the same
11 boat that she is.  I haven't thought about it.
12         THE COURT:  Think about it, counsel.
13         MR. MCDAVID:  Right now?
14         THE COURT:  Yes, as I am looking at it.
15         MR. MCDAVID:  As I am looking, too, I
16 would say five to eight trial days.
17         THE COURT:  Let's figure a week and a
18 half for phase one?
19         MR. MCDAVID:  Your Honor, this issue is
20 unanticipated by both of us and I had not
21 planned to call my science witnesses on that
22 sort of notice that quickly, so I have to go
23 and make sure that they are available.  If
24 that raises issues I will raise them with the
25 Court.  I am not saying it does, I am not

1           (Barton v Wyeth, et al.)
2      sure.
3           THE COURT:  Well, your firm should
4      understand because I held reverse bifurcation
5      in the Nelson case, and I also held reverse
6      bifurcation is other Mass Tort programs which
7      I tried.  So your office certainly should have
8      been aware of it.  So let's hope that you have
9      witnesses because I don't wait for witnesses.
10          MR. MCDAVID:  Very well, Your Honor, I
11     understand that, and I am just pointing out
12     that that may be an issue.
13          In those matters, Your Honor, I think
14     there was a motion for reverse bifurcation, so
15     it was somewhat more anticipated, so I
16     understand --
17          THE COURT:  I didn't see any motion for
18     reverse bifurcation.
19          MR. MCDAVID:  In other cases.
20          THE COURT:  Oh, yes, there was.  But
21     that's up to the Court.
22          MR. MCDAVID:  Absolutely.
23          THE COURT:  I don't need a motion, I am
24     doing it sue sponte.  And I am doing it
25     because I feel the jury should make a

```
 1              (Barton v Wyeth, et al.)
 2   determination of medical issues without any
 3   testimony as to conduct.  So that consequently
 4   their determination will be based solely on
 5   medical issues and will not be influenced by
 6   any testimony dealing with conduct of the
 7   defendant.
 8              Now phase two, if we get to that, how
 9   long will phase two take?
10              MS. LITTLEPAGE:  I would anticipate for
11   the plaintiffs, four trial days.
12              MR. MCDAVID:  I would say about three
13   for us, Your Honor.
14              THE COURT:  So we are talking about a
15   week and a half.  So we are talking about a
16   case that could last three to four weeks.  Is
17   that fair?
18              MR. MCDAVID:  Yes, sir.
19              MS. LITTLEPAGE:  Yes.
20              THE COURT:  This will proceed as a jury
21   of eight, is that satisfactory to both sides?
22              MR. MCDAVID:  Yes, Your Honor.
23              MS. LITTLEPAGE:  Yes, sir.
24              MR. MCDAVID:  Your Honor, may I suggest
25   that we obtain two alternates?
```

1        (Barton v Wyeth, et al.)
2        THE COURT:  Well, under our local rules
3   if you proceed with a jury of eight it can be
4   reduced to six for purposes of verdict.  Is
5   that satisfactory?
6        MS. LITTLEPAGE:  Yes, sir.
7        MR. MCDAVID:  Yes, but I would still
8   request two alternates, Your Honor.
9        MS. LITTLEPAGE:  Plaintiffs don't
10  object if the Court is inclined to do that.
11       THE COURT:  What you are asking for,
12  you might as well ask the Court for a jury of
13  ten rather than a jury of eight.  All right,
14  we will proceed with eight.  Frank will get
15  two alternates just in the event that there is
16  a problem.  We did have it in the Nelson One.
17       This means that if we utilize the two
18  alternates during the trial and there is other
19  defections, a jury verdict of six would be
20  appropriate.  Do both sides agree?
21       MR. MCDAVID:  Yes, sir.
22       MS. LITTLEPAGE:  Yes, sir.
23       MR. MCDAVID:  Your Honor, based on past
24  experience, I would also suggest that we, if
25  possible, secure a panel of 60.