**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
aimee.wagstaff@andruswagstaff.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax: (646) 293-4921
Email: rgreenwald@weitzlux.com

**THE MILLER FIRM LLC**
Michael. Miller
108 Railroad Avenue
Orange, Virginia 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
mmiller@millerfirmllc.com

*Co-Lead Counsel for Plaintiffs*

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
           elasker@hollingsworthllp.com

**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
Rakesh Kilaru (*pro hac vice*)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:     202-847-4030
Fax:    202-847-4005
bstekloff@wilkinsonwalsh.com
rkilaru@wilkinsonwalsh.com

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199
Pamela.Yates@arnoldporter.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: ALL ACTIONS | |

**JOINT CASE MANAGEMENT STATEMENT**

The parties jointly submit this Joint Case Management Statement in anticipation of the January 4, 2019 Case Management Conference.

**1.  *DAUBERT* AND SUMMARY JUDGMENT PAGE LIMITS.**

**Plaintiffs' Statement**.

The Parties previously reached agreement on *Daubert* and Summary Judgement brief page limits, and included that agreement in the October 22, 2018 Joint Case Management Statement. *See*, ECF No. 2046.  The Court entered that agreement as an order during the October 29, 2018 conference.  Plaintiffs request the Court require Monsanto to uphold that agreement.

Further, it appears Monsanto does not even plan to include its *Daubert* briefing in a single brief as the parties previously agreed.  Instead, Monsanto now plans to file an additional three *Daubert* motions, each spanning 15 pages each, in addition to the previously agreed upon 35 pages.  That is 80 pages of briefing on *Daubert* alone.  Then, in addition, Monsanto plans to file a separate, previously undisclosed Motion for Summary Judgment dealing with "other" issues, spanning 25 pages.  In total, Monsanto intends to file 105 pages of briefing (not including the numerous separate motions *in limine*, discussed below), for which Plaintiffs are expected to file complete responses within 7 days.  Not only is this unfair and prejudicial to the Plaintiffs, but is a complete disregard of the parties' agreement from only two months ago.  As such, Plaintiffs respectfully request this Court order Monsanto to comply with the recently agreed upon page-limitation agreement of 35 pages for its opening Daubert and Summary Judgment brief and 10 pages for its opposition and reply brief.

**Monsanto's Statement.**

Monsanto respectfully requests that the Court enlarge the page limits for its specific causation *Daubert* and summary judgment briefs to 45 pages for Monsanto's opening brief and 15 pages for its reply brief.

In the parties' October 22, 2018 Joint Case Management Statement (ECF No. 2046), Plaintiffs requested that the Court set page limits only for the specific causation *Daubert* and summary judgment briefs in advance of "the Group 1 trial."  In a section titled "Specific

Causation Daubert Briefing and Summary Judgment Page Limits," Plaintiffs proposed the following requirements:

> Monsanto's specific causation *Daubert* and summary judgment brief: 35 pages
>
> Plaintiffs' opposition and affirmative specific causation *Daubert* and summary judgment brief: 40 pages
>
> Monsanto's opposition and reply brief: 10 pages
>
> Plaintiffs' reply brief: 5 pages

Monsanto did not object at time to the page limitations proposed by Plaintiffs, in part because the proposal addressed only specific causation briefing, and it was unclear whether that briefing would address only the first case the Court elected to set for trial or all of the Group 1 cases.

In the ten weeks that have elapsed since that filing, however, the scope of that briefing has become clearer. The Court made clear in its November 20, 2018 PTO No. 56 (ECF No. 2194) that the parties were to continue preparing all three Group 1 cases for trial and ordered that all three cases be ready for trial by February 25, 2019. Further, it became clear at the December 5, 2018 Case Management Conference that the upcoming *Daubert* hearing would address all three of the Group 1 cases. Accordingly, Monsanto requests 10 additional pages for its opening brief and 5 additional pages for the reply brief on specific causation to account for all three cases, rather than just the *Hardeman* case. Monsanto does not oppose reciprocal page extensions for Plaintiffs' specific causation *Daubert* and summary judgment briefs.

Following the page limits set forth in the Court's rules, Monsanto also anticipates filing *Daubert* briefs of no more than 15 pages each regarding Plaintiffs' experts Dr. William Sawyer (exposure), Dr. Charles Benbrook (regulatory), and Mr. James Mills (punitive damages), as well as summary judgment brief of no more than 25 pages addressing other case-dispositive arguments besides causation. Again, Plaintiffs' proposed page limits were in Monsanto's view focused on the specific causation issues, as opposed to other experts or other bases for summary judgment.

In an effort to avoid this dispute, on the day of filing, Monsanto proposed that the parties agree to extensions of time for Plaintiffs' oppositions to Monsanto's motions—other than the specific causation *Daubert* and related summary judgment motion—and corresponding extensions for Monsanto's replies.  Plaintiffs were not in a position to agree to this proposal, but noted they will consider the proposal between today and the case management conference on January 4.  Monsanto remains amenable to these extensions, whether agreed to by the parties subject to Court approval or ordered by the Court.

**2.   MOTIONS *IN LIMINE*.**

**Plaintiff's Statement.**

It is difficult, if not impossible, for Plaintiffs to determine which *motions in limine* to file until they know whether the case will be bifurcated. Plaintiffs intend to oppose Monsanto's motions regarding the topics set forth below, and request that the Court's standing order on civil trials with respect to allowing only five motions *in limine* be enforced.  Absent some restraint on the number of *in limine* motions allowed, Monsanto will not exercise any discipline and will attempt, as illustrated below, to limit all evidence it does not like, instead of that evidence that Monsanto actually believes warrants the Court's *in limine* exclusion.

**Monsanto's Statement.**

Pursuant to the Court's standing order on civil trials, Monsanto respectfully requests that the Court grant leave to file more than five motions *in limine*.  As background, the parties in the *Johnson* case collectively filed over 40 motions *in limine*.  While Monsanto does not seek leave to file anywhere near that number of motions, the parties are in agreement that there are many important evidentiary issues on which the Court's advance guidance is required.

Monsanto has prepared the below list of topics it seeks to address through motions *in limine* in which Monsanto will argue that the evidence or argument described below should be excluded from the upcoming trial.  Monsanto has attempted to combine related topics where possible to reduce the burden on the parties and the Court.

  1.  IARC's classification of glyphosate.
  2.  Conduct by Monsanto that post-dates the Plaintiff's exposure to Roundup.

3. Irrelevant evidence regarding Bayer and Monsanto, including (but not limited to) all other Roundup litigation besides the particular case set for trial in this Court, as well as other Bayer and Monsanto products that are not at issue in this litigation.

4. Prejudicial attorney arguments from the *Johnson* trial, including (but not limited to) comparisons between Monsanto and the tobacco industry.

5. California's decision to list glyphosate as a carcinogen under Proposition 65 and its calculation of a "No Significant Risk Level" for glyphosate.

6. Monsanto's lobbying efforts.

7. Evidence regarding the parties' interactions with search engines and the media in advance of the *Johnson* trial.

8. Ghostwriting.

9. Sources of glyphosate exposure unsupported by expert testimony.

10. Adverse event reports.

11. Advertisements the Plaintiff did not see.

12. Evidence that Roundup allegedly can cause other medical conditions besides NHL.

13. Label changes proposed by EPA regarding how glyphosate works.

To avoid lengthy evidentiary disputes during trial, Monsanto also requests leave to file a single MIL (MIL 14) of no more than 10 pages addressing multiple pieces of evidence that should be excluded on 403 and/or hearsay grounds, including (but not limited to) (a) a study by Gilles-Eric Seralini titled "*Long Term Toxicity of a Roundup Herbicide and a Roundup-Tolerant Genetically Modified Maize*"; (b) references to an alleged "magic tumor" in the 1983 Bio/dynamics mouse study that was submitted to EPA; (c) evidence regarding Industrial Bio Test and Craven laboratories, and a fraud they perpetrated decades ago on Monsanto; (d) a letter allegedly written by former EPA employee Marion Copley in 2013; (e) a book written by Carey Gilliam titled "*Whitewash: The Story of a Weed Killer, Cancer, and the Corruption of Science*; and (f) other hearsay published in the media regarding Roundup and this litigation. Much of this evidence was precluded from the *Johnson* trial.

Overall, Monsanto currently seeks leave to file an additional nine motions *in limine* beyond the five motions allowed by the Court under its standing order on civil trials. Monsanto reserves the right to seek leave to file additional motions based on further developments in the litigation. For one thing, this Court's decision on reverse bifurcation could alter the scope of certain motions and obviate the need for others. In addition, discovery of Monsanto and third parties remains ongoing in both this Court and other courts, and the need may arise for the parties to file additional motions *in limine* with leave of the Court based on developments in upcoming depositions or document productions.

Monsanto provided the above list of proposed motions to Plaintiffs' counsel on December 26, 2018. Plaintiffs' counsel has indicated that they do not agree to stipulate to the exclusion of any evidence encompassed by Monsanto's proposed motions.

### 3. PRETRIAL AND TRIAL SCHEDULE AND PROTOCOL.

The Parties present the following deadlines for exchange of information in preparation for the filing deadlines set by the Court in PTO 53 and in its Standing Order For Civil Trials Before Judge Chhabria, dated November 17, 2018 ("Standing Order"), and to seek alteration of some of those deadlines. The topics covered include (1) exhibits and exhibit lists; (2) exhibit and witness disclosures at trial; and (3) deposition designations. If the Parties disagree on a date or a deadline, it is so indicated below.

**Exhibits**

A. ***January 21, 2019:*** *Parties exchange exhibit list to include "will use" and "may use" designations.* ***The exchanged list will be in the format and include the information required per paragraph E of this section, leaving blank columns on the "will use" list for (4) objections, (5) responses and (6) for the Court's use.***

B. ***January 25, 2019****: Parties exchange images of "will use" exhibits.*

C. ***January 30, 2019****: Parties exchange objections to the parties' "will use" exhibits.*

D. ***February 5, 2019****: Parties exchange responses to objections to the parties' "will use" exhibits.*

E.     **February 6, 2019:**  Parties file joint exhibit list in tabular form as follows (Standing Order ¶ 18; PTO 53)

    *1.     The filed exhibit lists shall include designations of "will use" exhibits and "may use" exhibits.*

    *2.     Only the "will use" exhibits will include the following columns: (1) exhibit number; (2) name or brief description of the exhibit, including the beginning and ending bates number if applicable; (3) the exhibit's purpose and sponsoring witness; (4) a brief description of any objections to the admissibility of the exhibit or, alternatively, a statement that the parties have stipulated to the exhibit's admissibility; (5) a brief response to any objections; and (6) a blank column for the Court's use.*

    *3.     The "may use" exhibits will only include the following columns: (1) exhibit number; and (2) name or brief description of the exhibit, including the beginning and end bates number if applicable.*

F.     *The parties will only use exhibits marked as "will use" during trial.  The parties may supplement their "will use" list of exhibits during trial in accordance with the provisions for Exhibit and Witness Disclosures At Trial, set forth below. If either party supplements the "will use" list, the party supplementing will provide exhibits images at the time of supplementation.*

G.     *This protocol does not apply to the use of exhibits used during opening statements. Nothing in this sub-paragraph precludes any party from objecting to the use of exhibits in opening statements.  The parties agree to disclose exhibits to be used in opening statements at 7:00 PM PT the evening before opening statements.*  **Plaintiffs additional proposal**: *Plaintiffs propose that the parties also exchange power points to be used during opening statements at 7:00 PM PT the evening before opening statements. Such an exchange is not uncommon and often helps to void unnecessary objections during opening statements.* **Monsanto's position**:  *Monsanto's position is that an exchange of power points is unnecessary in light of the parties' agreement to disclose*

*exhibits to be used in opening statements. To the extent the Court orders an exchange of power points, Monsanto believes they should be exchanged at 7:00 AM PT the morning of opening statements, which will suffice to help avoid objections during opening statements.*

**Witness Lists**

A. ***The parties shall exchange witness lists on January 21, 2019. Witnesses shall be designated as "will call" or "may call". In addition, the parties shall note whether each witness is being called live or by video designation.***

**Exhibit and Witness Disclosures At Trial**

A. Exhibit and witness disclosures will be governed by paragraph 51 of the Standing Order For Civil Trials Before Judge Chhabria.

**Deposition Designations**

A.  Schedule for Deposition Designation Exchanges For Depositions Completed Prior to January 1, 2019:

1.  **January 25, 2019**: *Parties will exchange affirmative deposition designations (identifying any exhibits to be offered through testimony).*

2.  **February 5, 2019**: *Parties will exchange counter designations[1] and objections to affirmative designations (including objections to any exhibits offered through testimony).*

3.  **February 11, 2019**: *Parties will exchange responses to objections to affirmative designations, objections to counter designations and counter-counter designations.*

4.  **February 15, 2019**: *Parties will exchange responses to objections to counter designations and objections to counter-counter objections*

---

[1] The condition triggering any conditional counter designations will be noted on the parties' submission. For example, if Defendant wishes to designate certain testimony only if certain testimony from Plaintiff remains included, it should say so.

      5.      **February 18, 2019**: *Parties will exchange responses to objections to counter-counter designations.*

      6.      **February 18, 2019**: *No later than 7 days before trial begins, the parties shall jointly file all designations of deposition testimony or other discovery they wish to offer, as well as any counter-designations or objections to the deposition testimony or discovery offered by any other party. (Standing Order ¶ 39)*

B.    *Schedule for Deposition Designation Exchanges For Depositions Completed between January 1, 2019 and January 31, 2019:*[2]

      1.      **February 8, 2019**: *Parties will exchange affirmative deposition designations (identifying any exhibits to be offered through testimony).*

      2.      **February 15, 2019**: *Parties will exchange counter designations*[3] *and objections to affirmative designations (including objections to any exhibits offered through testimony).*

      3.      **February 18, 2019**: *Parties will exchange responses to objections to affirmative designations, objections to counter designations and counter-counter designations.*

      4.      **February 21, 2019**: *Parties will exchange responses to objections to counter designations and objections to counter-counter objections*

      5.      **February 22, 2019**: *Parties will exchange and responses to objections to counter-counter designations.*

      6.      **February 22, 2019:** *The parties shall jointly file all designations for depositions completed between January 1, 2019 and January 31, 2019.*

---

[2] The parties will negotiate a separate deposition designation schedule for any depositions that are completed after January 31, 2019.

[3] The condition triggering any conditional counter designations will be noted on the parties' submission. For example, if Defendant wishes to designate certain testimony only if certain testimony from Plaintiff remains included, it should say so.

1     C.    *The designations shall include only the attorney questions and witness answers the party intends to play in Court; objections and attorney colloquy that the designating party does not intend to play at trial will not be included.*

D.    *The party offering the designations shall be responsible for preparing the final spreadsheet submission to the Court for that witness. If both parties are offering affirmative testimony from the same witness, the parties will determine amongst themselves who is responsible for submitting the designations to the court in an equitable manner.*

E.    *To the extent possible, the video deposition designations for each witness will be played once, regardless of which party initially provided the affirmative designations for the witness.* **Plaintiffs additional proposed limitation**: *To the extent Monsanto's affirmative designations of a witness substantially alter Plaintiffs' affirmative designations of the same witness, Plaintiffs reserve the right to object to Monsanto's affirmative designations of that witness being played in their case-in-chief.* **Monsanto's position**: *Monsanto proposes that witnesses appearing by video do so only once regardless of Monsanto's affirmative designations—in other words, the party offering the witness shall play <u>all</u> of the designated portions of the deposition, in the order in which the testimony was given, regardless of which party initially provided the affirmative designations for the witness*

F.    *The party offering the witness shall be responsible for preparing the final, edited video to be played for the jury (including all designations and counters designations) at trial. The party preparing the video shall in good faith use its best efforts to provide the video to the other party for review by 7:00 PM PT the day before the testimony is scheduled to be played. All parties shall be entitled to review any necessary revisions to the cut video to ensure that the video is accurate before it is played in Court. Such review should be completed in good faith, and the review should not be used to cause delay or otherwise prejudice the party seeking to introduce the video. Subject to subsequent order by the Court, if, during the presentation of the deposition designations*

- 10 -
JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC

*and associated exhibits to the jury, any testimony or video strays from the final, agreed-upon play list and screen-shots/images of exhibits, either party may request that the Court immediately stop the presentation.*

G.   *The parties reserve the right to pare down or pull previously disclosed designations. If a party pares down a deposition designation, the non-proposing party shall have a reasonable period of time to make its corresponding revised designations and review the revised video.*

H.   *This protocol does not apply to clips of depositions used during opening statements, closing arguments, or the examination of a witness. Nothing in this sub-paragraph precludes any party from objecting to the use of clips of depositions for such purposes.*

4.  **MISCELLANOUS.**

   A. The parties also request additional information on the following topics in order to prepare for the February *Daubert* hearing and trial:

   1. Attendance of experts at *Daubert* hearing
   2. Daily Trial Transcripts and the Use of Video to Record at Trial
   3. Courtroom Technology and Equipment
   4. Timing to set up audio/visual equipment
   5. Use of Audio/Visual Equipment, Demonstratives, and Exhibits during Opening Statements
   6. Availability of breakout rooms
   7. Access to juror list and questionnaire
   8. Given the complexity and importance of this case, Plaintiffs request permission to provide each juror with a juror notebook of exhibits. Monsanto opposes this request for several reasons, including, but not limited to the inappropriateness of providing notebooks to jurors containing exhibits that have not yet been admitted into evidence and may not be admitted into evidence, distracting jurors by providing them with exhibits that they may read while testimony is ongoing, and

1  prioritizing selected evidence over other evidence.  Monsanto believes the
2  standard procedure of sending admitted exhibits back to the jury during
3  deliberations provides the jury with the necessary ability to review the evidence.
4  Monsanto does not believe that a deviation from paragraph 36 of the Court's
5  Standing Order for Civil Trials is warranted.

DATED: December 28, 2018                         Respectfully submitted,

/s/ Aimee Wagstaff
Aimee Wagstaff
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 West Alaska Drive
Lakewood CO 80226
P: 303-376-6360

/s/ Robin Greenwald
Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York NY 10003
P: 212-558-5500

/s/   Mike Miller
Michael Miller
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave
Orange VA 22960
P: 540 672 4224

Co-Lead Counsel for Plaintiffs

1  DATED: December 28, 2018                    Respectfully submitted,

2                                              /s/ Joe G. Hollingsworth
                                               Joe G. Hollingsworth (*pro hac vice*)
3                                              (jhollingsworth@hollingsworthllp.com)
                                               Eric G. Lasker (*pro hac vice*)
4                                              (elasker@hollingsworthllp.com)
                                               HOLLINGSWORTH LLP
5                                              1350 I Street, N.W.
                                               Washington, DC  20005
6                                              Telephone:  (202) 898-5800

7

8                                              /s/ Brian L. Stekloff
                                               Brian L. Stekloff (*pro hac vice*)
9                                              (bstekloff@wilkinsonwalsh.com)
                                               Rakesh Kilaru (*pro hac vice*)
10                                             (rkilaru@wilkinsonwalsh.com)
                                               WILKINSON WALSH + ESKOVITZ LLP
11                                             2001 M St. NW
                                               10th Floor
12                                             Washington, DC 20036
                                               Tel:    202-847-4030
13                                             Fax:    202-847-4005

14                                             /s/ Pamela Yates
                                               Pamela Yates (CA Bar No. 137440)
15                                             (Pamela.Yates@arnoldporter.com)
                                               ARNOLD & PORTER KAYE SCHOLER
16                                             777 South Figueroa St., 44th Floor
                                               Los Angeles, CA 90017
17                                             Tel: 213-243-4178
                                               Fax: 213-243-4199
18
                                               Attorneys for Defendant
19                                             MONSANTO COMPANY

20

21

22

23

24

25

26

27

28

- 13 -

JOINT CASE MANAGEMENT STATEMENT
3:16-md-02741-VC