# Exhibit A

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
Kirby T. Griffis (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
         elasker@hollingsworthllp.com
         kgriffis@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE:  ROUNDUP PRODUCTS LIABILITY LITIGATION** | MDL No. 2741<br>Case No. 16-md-02741-VC |
| **This document relates**<br><br>**to:  ALL ACTIONS** | **MONSANTO COMPANY'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL REQUESTS FOR ADMISSION**<br><br>Hon. Vance Chhabria |

## MONSANTO COMPANY'S RESPONSES AND OBJECTIONS TO FIRST SET

## OF GENERAL REQUESTS FOR ADMISSION

Monsanto Company ("Monsanto") hereby responds pursuant to Rule 36 of the Federal Rules of Civil Procedure to First Set of General Requests for Admission.

## GENERAL OBJECTIONS

1.     Monsanto objects to plaintiffs' Requests to the extent they call for the disclosure of information protected by the attorney-client privilege and/or attorney work product doctrine. Monsanto will construe all Requests as extending only to information and documentation that are not protected by the attorney-client privilege and/or the work product doctrine.

1

2.      Monsanto's Responses to plaintiffs' Requests are made without waiving the right, at any time and for any reason, to revise, supplement, correct, add to, or clarify these Responses.

3.      Monsanto objects to these Requests to the extent that they seek to impose a burden or requirements beyond what the Federal Rules of Civil Procedure require.

4.      Monsanto objects to these Requests as unreasonably cumulative and/or duplicative of discovery already served.

5.      These General Objections apply to all of the following Responses to specific Requests and are incorporated by reference therein.

## MONSANTO'S SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:** Admit that Monsanto has never submitted the scientific reviews authored  by Dr. James Parry, located at MONGLY01312094-104 and MONGLY01314233-267, to the EPA.

**RESPONSE TO REQUEST NO. 1:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to the phrase "scientific reviews" as vague and ambiguous.  Monsanto objects to this Request as assuming facts that are not correct including because Monsanto had no duty to submit the above-referenced reports to EPA.  Notwithstanding Monsanto's objections, Monsanto **ADMITS** that, after reasonable inquiry into the information that is known or readily obtainable, it has not identified any documentary evidence that the referenced reports were submitted to U.S. EPA, but states further that Monsanto had no duty to submit the above-referenced reports to EPA, and the original studies referenced in these reports were submitted and/or publically available to U.S. EPA in the published literature.  To the extent that this Request references other documents, Monsanto cannot respond.  Monsanto otherwise **DENIES** this Request.

**REQUEST NO. 2:** Admit that Monsanto has never submitted the scientific reviews authored by Dr. James Parry, located at MONGLY01312094-104 and MONGLY01314233- 267, to any  regulatory agency.

**RESPONSE TO REQUEST NO. 2:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because the phrase "scientific reviews" and "regulatory agency" are vague and ambiguous. Notwithstanding Monsanto's objections, Monsanto **ADMITS** that, after reasonable inquiry into the information that is known or readily obtainable, it has not identified any documentary evidence that the referenced reports were submitted to regulators, but states further that the original studies referenced in these reports were submitted and/or publically available in the published literature.  To the extent that this Request references other documents, Monsanto cannot respond.  Monsanto otherwise **DENIES** this Request.

**REQUEST NO. 3:** Admit that Monsanto has not conducted all the recommended actions specified in Dr. James Parry's second scientific review listed at MONGLY01314265-66.

**RESPONSE TO REQUEST NO. 3:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it seeks information that is neither relevant and nor proportional to the needs of the case.  Monsanto objects to this Request because the phrases "conducted all recommended actions" and "scientific review" are vague and ambiguous.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Notwithstanding Monsanto's objections, Monsanto **DENIES** this request as written.  Monsanto states that it did conduct some of the recommended actions specified by Dr. Parry in the identified document. Monsanto states further that it provided Dr. Parry with research that already existed, and it also conducted additional studies.  After reviewing this research and additional studies, Dr. Parry concluded that glyphosate is not genotoxic, and any additional testing he had recommended would be unnecessary.

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

**REQUEST NO. 4:** Admit that Monsanto has not conducted a long-term animal carcinogenicity study on glyphosate since 1991.

**RESPONSE TO REQUEST NO. 4:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served, including because this request was posed to Monsanto in Plaintiffs' Requests for Admission – Revised (Dated 09/03/17) at RFA No. 11.  Notwithstanding Monsanto's objections, Monsanto **ADMITS** that, after reasonable inquiry into the information that is known or readily obtainable, it has not identified any 12 month or longer animal chronic toxicity studies that it has conducted on glyphosate since 1991, but Monsanto notes that a significant number of such studies have been conducted by other registrants of glyphosate and that regulators reviewing these studies have concluded that they do not support a finding that glyphosate causes cancer in humans.  Monsanto otherwise **DENIES** this Request.

**REQUEST NO. 5:** Admit that Monsanto has never conducted a long-term animal carcinogenicity study on any glyphosate formulation.

**RESPONSE TO REQUEST NO. 5:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request because it assumes facts that are not correct, including because there is no methodology or design that allows for a long-term animal carcinogenicity study on any glyphosate formulation. Notwithstanding Monsanto's objections, Monsanto **ADMITS** that it has not conducted a long-term animal carcinogenicity study on any formulated pesticide product.  To the extent plaintiffs suggest that conducting long-term animal carcinogenicity studies on glyphosate formulations is a common industry practice, Monsanto **DENIES** the request and states further that it has not identified any other company or scientific entity who has conducted a long-term animal carcinogenicity study on any formulated pesticide product.  Plaintiffs' regulatory expert similarly

4

is not aware of such studies.  *See* Deposition of Charles Benbrook, Ph.D. (*Peterson & Hall v. Monsanto Co.*) at 211:7-15.  Monsanto otherwise **DENIES** this Request.

**REQUEST NO. 6:** Admit that Monsanto is not precluded by any applicable law, regulation, or ordinance from conducting a long-term animal carcinogenicity study [sic] a glyphosate formulation.

**RESPONSE TO REQUEST NO. 6:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to the phrase "any applicable law, regulation, or ordinance" as vague, ambiguous, and lacking specificity. **ADMITTED.**  To the extent plaintiffs suggest that because Monsanto is not prohibited by law to perform long-term animal carcinogenicity studies on a glyphosate formulation, that Monsanto is therefore required to perform long-term animal carcinogenicity studies on glyphosate formulations or that such a study is feasible, Monsanto **DENIES** this request because there is no methodology or design that allows for a long-term animal carcinogenicity study on any glyphosate formulation that would be deemed acceptable for regulatory purposes.

**REQUEST NO. 7:** Admit that Monsanto has never conducted a long-term animal carcinogenicity study on any surfactant used in a glyphosate formulated product.

**RESPONSE TO REQUEST NO. 7:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Notwithstanding Monsanto's objections, Monsanto **ADMITS** that it has never conducted a 12 month or longer term animal carcinogenicity study on any surfactants used in glyphosate-based products.  To the extent the phrase "long-term animal carcinogenicity study" is intended to apply to studies involving rodents exposed to surfactants for up to four weeks, Monsanto **DENIES** this request.  Studies conducted in rodents orally administered surfactants for four weeks indicate that long-term studies are not feasible.  Monsanto does not manufacture the surfactants used in its glyphosate-based

formulations and is not required to conduct long-term carcinogenicity testing.  Monsanto has generated additional data on safety endpoints for surfactants that it uses in glyphosate-based formulations in the United States as part of its product stewardship efforts.  That data was submitted to the EPA along with the data of other pesticide and surfactant manufactures as part of the Joint Inert Task Force submission.  *See, e.g.,* Petition Proposing An Exemption From The Requirement Of A Tolerance for Residues Of Joint Inerts Task Force Cluster 4 "Alkyl Amines Polyalkoxylates" In or On Raw Agricultural Products And Food Products. Per Fr, Notice, Vol. 71, No. 153, P.45422 § 180.920 [Amended], M,N,O,P., Joint Inert Task Force Support Team Number 4, June 19, 2008 (MONGLY01170026-105).  The EPA has stated that no long-term rodent carcinogenicity studies of surfactants used in glyphosate-based products is necessary and concluded that those surfactants are not carcinogenic.  *See* United States Environmental Protection Agency, Memorandum Re: Alkyl Alcohol Alkoxylates (AAA- JITF CST 1 Inert Ingredient), July 14, 2009; United States Environmental Protection Agency, Memorandum Re: Alkyl Alcohol Alkoxylate Phosphate and Sulfate Derivatives (AAAPDs and AAASDs – JITF CST 2 Inert Ingredients), June 8, 2009; United States Environmental Protection Agency, Memorandum Re: Alkyl Amine Polyalkoxylates (JITF CST 4 Inert Ingredients), April 3, 2009; United States Environmental Protection Agency, Memorandum Re: Methyl Poly(Ocyethylene) $C_8 – C_{18}$ Alkylammonium Chlorides (MPOACs – JITF CST 7 Inert Ingredients), June 2, 2009; United States Environmental Protection Agency, Memorandum Re: Sodium and Ammonium Naphthalenesulfonate Formaldehyde Condensates (SANFCs – JITF CST 11 Inert Ingredients), May 28, 2009.  Additionally, Monsanto has conducted genotoxicity testing on surfactants used in glyphosate-based products, none of which have shown genotoxic endpoints.  *See, e.g,.* Farabaugh, 2009 (MONGLY00603608-45); Flowers, 1982 (MONGLY01318663-83); Murli, 1997 (MONGLY00603709-68).

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

**REQUEST NO. 8:** Admit that Monsanto has never conducted an epidemiology study on glyphosate or any glyphosate-based formulation to determine whether there is an association between exposure and non-Hodgkin lymphoma.

**RESPONSE TO REQUEST NO. 8:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served. **DENIED**. Monsanto has conducted human biomonitoring studies, including the Farm Family Exposure Study, which were considered by investigators for the Agricultural Health Study in calculating the intensity algorithm used to calculate dose in their epidemiologic studies looking at the potential association between exposure to glyphosate based formulations and non-Hodgkin lymphoma. Two published, peer-reviewed studies using the AHS cohort have found no evidence of an association between glyphosate based formulations and non-Hodgkin lymphoma or any of its subtypes. Monsanto also **DENIES** that additional epidemiological studies were needed including because multiple published studies conducted by third party scientists with no affiliation with Monsanto show no association between glyphosate containing formulations and non-Hodgkin's lymphoma.

**REQUEST NO. 9:** Admit that the long-term animal carcinogenicity studies conducted on glyphosate by Industrial Biotest in the 1970s were invalid.

**RESPONSE TO REQUEST NO. 9:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served. Monsanto objects to this Request because it seeks information that is neither relevant nor proportional to the needs of the case. Monsanto objects to the term "invalid" and "studies" as vague, ambiguous, overly broad and lacking specificity. Notwithstanding Monsanto's objections, Monsanto **ADMITS** that following an EPA audit of all studies performed by Industrial Biotest ("IBT"), the EPA deemed some of IBT's studies to be invalid. With respect to the IBT mouse study on glyphosate, EPA's audit

was unable to find information confirming the data collection of IBT was properly managed and, therefore, found the study insufficient.  Monsanto, therefore, repeated that study.  To the extent plaintiffs suggests Monsanto did not repeat the IBT studies called into question by the EPA, Monsanto **DENIES** the request; Monsanto repeated all of the studies deemed invalid by the EPA and which the EPA requested that Monsanto repeat, and no IBT data is currently used to support glyphosate registration.

**REQUEST NO. 10:** Admit that the long-term animal carcinogenicity studies conducted on glyphosate by Industrial Biotest in the 1970s were deemed invalid by the EPA.

**RESPONSE TO REQUEST NO. 10:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of Request No. 9 above.  Monsanto objects to this Request because it seeks information that it is neither relevant nor proportional to the needs of the case. Monsanto objects to the term "invalid" and "studies" as vague, ambiguous, overly broad, and lacking specificity.  Notwithstanding Monsanto's objections, Monsanto **ADMITS** that following an audit of all studies performed by Industrial Biotest, the EPA determined that some of IBT's studies to be invalid.  With respect to the IBT mouse study on glyphosate, EPA's audit was unable to find information confirming the data collection of IBT was properly managed and, therefore, found the study insufficient.  Monsanto, therefore, repeated that study.  To the extent plaintiffs suggests Monsanto did not repeat the IBT studies called into question, Monsanto **DENIES** the request; Monsanto repeated all of the studies deemed invalid by the EPA and which the EPA requested that Monsanto repeat, and no IBT data is currently used to support glyphosate registration.

**REQUEST NO. 11:** Admit that glyphosate have [sic] been patented by Monsanto as a potential antibiotic.

**RESPONSE TO REQUEST NO. 11:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

8

cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request because it seeks information that is neither relevant nor proportional to the needs of the case. Monsanto objects to the word "patented" as vague because it does not specify the location of such patent.  Monsanto objects to this Request because the phrase "as a potential antibiotic" is vague, ambiguous, and lacks specificity.  Notwithstanding Monsanto's objections, Monsanto **ADMITS** that it holds a patent on glyphosate for antibiotic use.  To the extent plaintiffs suggest glyphosate is currently being used or intended for use as an antibiotic, Monsanto **DENIES** any such suggestion, and therefore **DENIES** the request.  Monsanto **DENIES** that glyphosate has ever been marketed by Monsanto or used commercially as an antibiotic.

**REQUEST NO. 12:** Admit that Monsanto has never warned any consumer that exposure to GBFs can cause non-Hodgkin lymphoma.

**RESPONSE TO REQUEST NO. 12:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  **ADMITTED**.  Monsanto **DENIES** that its glyphosate-containing products can cause non-Hodgkin's lymphoma in any consumer, and **DENIES** that there is any basis for such a warning.

**REQUEST NO.  13:** Admit that Monsanto has never warned any consumer that exposure to GBFs is associated with non-Hodgkin lymphoma.

**RESPONSE TO REQUEST NO. 13:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  **ADMITTED**.  Monsanto **DENIES** that its glyphosate-containing products can cause non-Hodgkin's lymphoma in any consumer, and **DENIES** that there is any basis for such a warning.

**REQUEST NO.  14:** Admit that the warning labels for Monsanto's GBFs have never warned consumers that exposure to GBFs can cause non-Hodgkin lymphoma.

**RESPONSE TO REQUEST NO. 14:**  Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to the term "warning labels" as vague, ambiguous, and lacking specificity.  **ADMITTED**.  Monsanto **DENIES** that its

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

glyphosate-containing products can cause non-Hodgkin's lymphoma in any consumer, and **DENIES** that there is any basis for such a warning.

**REQUEST NO. 15:** Admit that the warning labels for Monsanto's GBFs have never warned consumers that exposure to GBFs is associated with non-Hodgkin lymphoma.

   **RESPONSE TO REQUEST NO. 15:**  Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to the term "warning labels" as vague, ambiguous, and lacking specificity.  **ADMITTED**.  Monsanto **DENIES** that its glyphosate-containing products can cause non-Hodgkin's lymphoma in any consumer, and **DENIES** that there is any basis for such a warning.

**REQUEST NO. 16:** Admit that the warning labels for Monsanto's GBFs have never disclosed IARC's classification of glyphosate is a class 2A probable human carcinogen.

   **RESPONSE TO REQUEST NO. 16:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to the term "warning labels" as vague, ambiguous, and lacking specificity.  **ADMITTED.**  Monsanto **DENIES** that IARC's classification requires Monsanto to list IARC's classification on any of its product labels for glyphosate-based formulations.  Monsanto **DENIES** that any glyphosate-containing products can cause cancer in any consumer, and **DENIES** that there is any basis for such a warning.

**REQUEST NO. 17:** Admit that Monsanto has never attempted to include a cancer warning on any GBF warning label or container.

   **RESPONSE TO REQUEST NO. 17:**  Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to the phrase "cancer warning" and "warning label or container" as vague, ambiguous, and lacking specificity. **ADMITTED**.  Monsanto **DENIES** that any GBF can cause cancer in any consumer, and **DENIES** that there is any basis for such a warning.

1   **REQUEST NO.  18:**  Admit that the U.S. Department of Labor's Occupational Safety and

2   Health Administration regulations require Monsanto to include IARC's classification of

3   glyphosate is a class 2A probable human carcinogen on the Material Data Safety Sheet

4   ("MSDS") for GBFs.

5       **RESPONSE TO REQUEST NO. 18:**  Monsanto incorporates by reference General

6   Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

7   cumulative and/or duplicative of discovery already served, including because this information is

8   being sought as a General Interrogatory by plaintiffs in this matter.  Monsanto objects to this

9   Request to the extent it is not limited to materials that plaintiff actually saw, heard, read, or was

10  exposed to before or while deciding to use any Roundup® products they used.  Any material

11  safety data sheets that plaintiffs did not see, hear, or read before or while deciding to use any

12  Roundup® product could have no bearing on their decision to use these products and are not

13  relevant to any issues in this lawsuit.  Notwithstanding Monsanto's objections, Monsanto

14  **DENIES** this Request as written.  Monsanto **ADMITS** that OSHA regulations call for a

15  manufacturer to include on material safety data sheets in section 11, the Toxicological

16  information section "whether the hazardous chemical is listed in the National Toxicology

17  Program (NTP) Report on Carcinogens (latest edition) or has been found to be a potential

18  carcinogen in the International Agency for Research on Cancer (IARC) Monographs (latest

19  edition), or by OSHA."  29 C.F.R. § 1910.1200, App. D.  Monsanto **ADMITS** that OSHA

20  regulations require all chemical manufacturers to make a determination of whether a

21  manufactured chemical is a health hazard, including whether it is carcinogenic, and "identify and

22  consider the full range of available scientific literature and other evidence concerning the

23  potential hazards," 29 C.F.R. § 1910.1200(d)(2), and that such health hazards must be listed in

24  section 2, the Hazard identification section.  Monsanto **DENIES** that IARC's classification

25  requires Monsanto to list glyphosate as a health hazard in section 2.  Monsanto **ADMITS** that

26  based on the above OSHA regulations, Monsanto has placed the following on its safety data

27

28

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

sheets for glyphosate-containing products under section 11: "Not carcinogenic in rats or mice.

Listed as Category 2A by the International Agency for Research on Cancer (IARC) but our

expert opinion is that the classification as a carcinogen is not warranted."  Monsanto **DENIES**

that there is any constitutionally enforceable requirement to include IARC's classification of

glyphosate on material safety data sheets for glyphosate containing products.  Monsanto

otherwise **DENIES** this Request.

**REQUEST NO.  19:** Admit that the current Material Data Safety Sheet for Monsanto's GBFs

discloses IARC's classification of glyphosate is a class 2A probable human carcinogen.

**RESPONSE TO REQUEST NO. 19:** Monsanto incorporates by reference General

Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it is not

limited to materials that plaintiffs actually saw, heard, read, or was exposed to before or while

deciding to use any Roundup® products used.  Any material safety data sheets that plaintiffs did

not see, hear, or read before or while deciding to use any Roundup® product could have no

bearing on their decision to use these products and are not relevant to any issues in this lawsuit.

Notwithstanding Monsanto's objections, Monsanto **ADMITS** that OSHA regulations call for a

manufacturer to include on material safety data sheets in section 11, the Toxicological

information section "whether the hazardous chemical is listed in the National Toxicology

Program (NTP) Report on Carcinogens (latest edition) or has been found to be a potential

carcinogen in the International Agency for Research on Cancer (IARC) Monographs (latest

edition), or by OSHA."  29 C.F.R. § 1910.1200, App. D.  Monsanto **ADMITS** that OSHA

regulations require all chemical manufacturers to make a determination of whether a

manufactured chemical is a health hazard, including whether it is carcinogenic, and "identify and

consider the full range of available scientific literature and other evidence concerning the

potential hazards," 29 C.F.R. § 1910.1200(d)(2), and that such health hazards must be listed in

section 2, the Hazard identification section.  Monsanto **DENIES** that IARC's classification

requires Monsanto to list glyphosate as a health hazard in section 2.  Monsanto **ADMITS** that

1  based on the above OSHA regulations, Monsanto has placed the following on its safety data

2  sheets for glyphosate-containing products under section 11: "Not carcinogenic in rats or mice.

3  Listed as Category 2A by the International Agency for Research on Cancer (IARC) but our

4  expert opinion is that the classification as a carcinogen is not warranted." Monsanto **DENIES**

5  that there is any constitutionally enforceable requirement to include IARC's classification of

6  glyphosate on material safety data sheets for glyphosate containing products. Monsanto

7  otherwise **DENIES** this Request.

8  **REQUEST NO. 20:** Admit that Monsanto's GBFs contain arsenic.

9      **RESPONSE TO REQUEST NO. 20:** Monsanto incorporates by reference General

10  Objections 1-5 here as if restated in full. Monsanto objects to this Request because it assumes

11  every glyphosate-based formulation ever made contains arsenic. **DENIED.**

12  **REQUEST NO. 21:** Admit that Monsanto does not submit toxicity data on surfactants used in

13  the Roundup formulation to the EPA or other regulatory agencies.

14      **RESPONSE TO REQUEST NO. 21:** Monsanto incorporates by reference General

15  Objections 1-5 here as if restated in full. Monsanto objects to the phrase "toxicity data" as

16  vague, ambiguous, and lacking specificity. **DENIED.** *See, e.g.,* Petition Proposing An

17  Exemption From The Requirement Of A Tolerance for Residues Of Joint Inerts Task Force

18  Cluster 4 "Alkyl Amines Polyalkoxylates" In or On Raw Agricultural Products And Food

19  Products. Per Fr, Notice, Vol. 71, No. 153, P.45422 § 180.920 [Amended], M,N,O,P., Joint Inert

20  Task Force Support Team Number 4, June 19, 2008 (MONGLY01170026-105).

21  **REQUEST NO. 22:** Admit the surfactants used in Monsanto's GBFs are not inert ingredients.

22      **RESPONSE TO REQUEST NO. 22:** Monsanto incorporates by reference General

23  Objections 1-5 here as if restated in full. Monsanto objects to the term "inert" as vague,

24  ambiguous, and lacking specificity. Notwithstanding Monsanto's objections, Monsanto

25  **DENIES** this request as written. EPA categorizes the surfactants used in Monsanto's U.S.

26

27

28

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

glyphosate-based formulations as inert ingredients because they are any substance other than an active ingredient that is intentionally included in a pesticide product.

**REQUEST NO. 23:** Admit that Monsanto planned for the Williams et al. (2000) publication to be used "both in the defense of Roundup and Roundup Ready crops worldwide and in our ability to competitively differentiate ourselves from generics." MONGLY01841704.

**RESPONSE TO REQUEST NO. 23:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to the term "planned" as vague, ambiguous, and lacking specificity.  Monsanto objects that the quotation in this Request is incomplete and misrepresents the record.  Monsanto objects to the partial quotation based on the rule of completeness, and states that this quotation must be read in the context of the full cited email chain.  Monsanto objects to this Request because the document speaks for itself. Notwithstanding Monsanto's objections, Monsanto **DENIES** the request as written because the cited document does not contain the language quoted in the Request.

**REQUEST NO. 24:** Admit that the June 25, 2018 Organisation for Economic Co-operation and Development's "Guideline for the Testing of Chemicals: Carcinogenicity Studies" does not describe a 1000 mg/kg/day dose limit for conducting carcinogenicity studies on laboratory animals.

**RESPONSE TO REQUEST NO. 24:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this request because it seeks an admission as to a study drafted by a third party entity.  Monsanto objects to this Request because the document speaks for itself.  Monsanto objects to this Request to the extent it seeks information maintained outside of the United States, because such information is not relevant, not proportional to the needs of this case, unduly cumulative and burdensome; there are no allegations that plaintiffs in this case were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products sold in the United States such that further discovery would be

unduly cumulative and burdensome.  Notwithstanding Monsanto's objections, Monsanto **ADMITS** that the OECD "Guideline Test No. 451: Carcinogenicity Studies" provides no information regarding dose levels.  Monsanto further **ADMITS** that while EPA may in some instances utilize OECD guideline studies in its risk assessment, EPA applies the Office of Prevention, Pesticides, and Toxic Substances ("OPPTS") guidelines that specify EPA-recommended methods to generate data that is submitted to EPA.  The OPPTS guideline on animal carcinogenicity provides that the "highest dose tested need not exceed 1,000 mg/kg/day."  The high dose in a long-term study is generally selected to provide the maximum ability to detect treatment-related carcinogenic effects while not compromising the outcome of the study through excessive toxicity or inducing inappropriate toxicokinetics.  Monsanto otherwise **DENIES** this request.

**REQUEST NO.  25:** Admit that an internal Monsanto memorandum about the EPA's 1985 determination concerning the oncogenicity of glyphosate stated that the EPA's classification "would have serious negative economic repercussions." MONGLY00233281.

**RESPONSE TO REQUEST NO. 25:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects that the quotation in this Request is incomplete and misrepresents the record.  Monsanto objects to the partial quotation based on the rule of completeness, and states that this quotation must be read in the context of the full cited document.  Monsanto objects to this Request because the document speaks for itself.  Notwithstanding Monsanto's objections, Monsanto **DENIES** this Request as written.  Monsanto **ADMITS** that cited document dated March 13, 1985, states, "Monsanto is concerned that even the initiation of formal regulatory action would have serious negative economic repercussions which we believe are not justified by the scientific evidence."  Monsanto **DENIES** EPA determined glyphosate was oncogenic including because EPA has never issued a formal agency determination that glyphosate is oncogenic and EPA has always stated in final agency determinations that glyphosate is not likely to be carcinogenic.  Monsanto **DENIES** that this

document was created after Monsanto received EPA's July 29, 1985 letter (MONGLY04269006-07).  Monsanto otherwise **DENIES** this Request.

**REQUEST NO.  26:** Admit that the 1983 pathology report conducted by Bio/dynamics for Study BDN-7 77-420, did not report a kidney tumor for control animal No. 1028.

**RESPONSE TO REQUEST NO. 26:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Notwithstanding Monsanto's objections, Monsanto **ADMITS** that the 1983 pathology report of the study BDN-77-420 conducted by Bio/dynamics does not report a kidney tumor for control animal No. 1028.  But Monsanto **DENIES** any suggestion by plaintiffs that there was no tumor in control animal No. 1028.  Later review by multiple independent scientists, including EPA SAP members, confirmed the presence of a tumor in control animal No. 1028.

**REQUEST NO.  27:** Admit that EPA's scientists initially classified glyphosate as a Group C oncogenic compound in 1985.

**RESPONSE TO REQUEST NO. 27:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to the phrase "EPA's scientists initially classified" as vague, ambiguous, and lacking specificity, including because classification is a regulatory action or decision, not an EPA scientist action or decision.  **DENIED.**

**REQUEST NO.  28:** Admit that POEA is a surfactant used in Roundup formulations sold in the United States.

**RESPONSE TO REQUEST NO. 28:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to the phrase "Roundup formulations" as vague because there have been and are a significant number of "Roundup formulations" used at different times.  Monsanto further objects to this Request as compound because POEA is not a single surfactant, it is a class of surfactants related to Alkyl Amine Polyalkoxylates.  Notwithstanding Monsanto's objections, Monsanto **ADMITS** that some

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

surfactants within the POEA class are used in certain glyphosate-based formulations that are sold in the United States.

**REQUEST NO. 29:** Admit that POEA use has been restricted in Europe.

**RESPONSE TO REQUEST NO. 29:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto further objects to this Request as compound because POEA is not a single surfactant. Monsanto objects to the term "restricted" as vague, ambiguous, and lacking specificity. Monsanto objects to the term "Europe" as vague because Europe is not a country, but rather a collection of countries that maintain their own sets of laws, rules, or regulations. Notwithstanding Monsanto's objections, Monsanto **ADMITS** that the European Commission recommended that Member States "ban a co-formulant called POEA-tallowamine from glyphosate based products." http://europa.eu/rapid/press-release_MEMO-16-2012_en.htm. The European Commission noted that "it is primarily the responsibility of Member States to decide upon and enforce such measures." *Id.*

**REQUEST NO. 30:** Admit that in 2017, glyphosate was added to the list of chemicals known to the state of California to cause cancer.

**RESPONSE TO REQUEST NO. 30:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it is not limited to the time period relevant to the issues in this lawsuit. Monsanto objects that this Request addresses irrelevant actions under Proposition 65. Monsanto objects because Proposition 65, if it applies at all, relies on unreliable and inadmissible hearsay statements of IARC. Notwithstanding Monsanto's objections, Monsanto **ADMITS** that pursuant to the Safe Drinking Water and Toxic Enforcement Act of 1986 ("Proposition 65"), on July 7, 2017, the California Office of Environmental Health Hazard Assessment added glyphosate to the Proposition 65 list of Chemicals Known to the State to Cause Cancer or Reproductive Toxicity based solely on the unreliable and inadmissible hearsay statements of IARC.

**REQUEST NO. 31:** Admit that ghostwriting is unethical.

17

1   **RESPONSE TO REQUEST NO. 31:** Monsanto incorporates by reference General

2   Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

3   cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request

4   because the term "ghostwriting" and "unethical" are vague, ambiguous, lack specificity, and

5   subject to various interpretations.  Monsanto objects to this Request because the words

6   "ghostwriting" and "unethical," as used here, do not provide the necessary amount of

7   information or transparency for the reader and is therefore insufficient.  Monsanto is unable to

8   respond to the Request at this time.  To the extent plaintiffs suggest Monsanto or any of its

9   employees engaged in "ghostwriting," Monsanto **DENIES** this request.  Monsanto otherwise

10  **DENIES** this request.

11  **REQUEST NO.  32:** Admit that ghostwriting is reprehensible.

12  **RESPONSE TO REQUEST NO. 32:** Monsanto incorporates by reference General

13  Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

14  cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request

15  because the term "ghostwriting" and "reprehensible" are vague, ambiguous, lack specificity, and

16  subject to various interpretations.  Monsanto objects to this Request because the words

17  "ghostwriting" and "unethical," as used here, do not provide the necessary amount of

18  information or transparency for the reader and is therefore insufficient.  Monsanto is unable to

19  respond to the Request at this time.  To the extent plaintiffs suggest Monsanto or any of its

20  employees engaged in "ghostwriting," Monsanto **DENIES** this request.  Monsanto otherwise

21  **DENIES** this request.

22  **REQUEST NO.  33:** Admit that ghostwriting, as used by Dr. William Heydens at

23  MONGLY02078598, is unethical.

24  **RESPONSE TO REQUEST NO. 33:** Monsanto incorporates by reference General

25  Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

26  cumulative and/or duplicative of discovery already served.  Monsanto objects that the reference

27

28

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

to "ghostwriting" in this Request is incomplete and misrepresents the record.  Monsanto objects based on the rule of completeness, and states that this reference to "ghostwriting" must be read in the context of the full cited document.  Monsanto objects to this Request because the document speaks for itself.  Monsanto objects to this Request because the term "ghostwriting" and "unethical" are vague, ambiguous, lack specificity, and subject to various interpretations.  Notwithstanding Monsanto's objections, Monsanto **DENIES** this request as written.

**REQUEST NO.  34:** Admit that ghostwriting, as used by Dr. William Heydens at MONGLY02078598, is reprehensible.

**RESPONSE TO REQUEST NO. 34:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects that the reference to "ghostwriting" in this Request is incomplete and misrepresents the record.  Monsanto objects to this Request because the document speaks for itself.  Monsanto objects based on the rule of completeness, and states that this reference to "ghostwriting" must be read in the context of the full cited document.  Monsanto objects to this Request because the term "ghostwriting" and "reprehensible" are vague, ambiguous, lack specificity, and subject to various interpretations.  Notwithstanding Monsanto's objections, Monsanto **DENIES** this request as written.

**REQUEST NO.  35:** Admit that Monsanto's Michael Koch stated that an anticipated manuscript concerning glyphosate animal data, following the IARC classification, would "be initiated by MON as ghost writers." MONGLY01023968.

**RESPONSE TO REQUEST NO. 35:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects that the quotation in this Request is incomplete and misrepresents the record.  Monsanto objects to the partial quotation based on the rule of completeness, and states that this quotation must be read in the context of the full cited document.  Monsanto objects to this Request because the document speaks for itself.  Monsanto objects to this Request because the phrase "ghost writers" and "anticipated manuscript" are

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

vague, ambiguous, lack specificity, and subject to various interpretations.  **DENIED**.  Plaintiffs have noticed the deposition of Michael Koch and can ask Mr. Koch about this document at his deposition.

**REQUEST NO.  36:** Admit that Monsanto has engaged in ghostwriting as it relates to glyphosate and glyphosate-based formulations.

**RESPONSE TO REQUEST NO. 36:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request because the phrase "has engaged in ghostwriting" and the term "ghostwriting" standing alone are vague, ambiguous, lack specificity, and subject to various interpretations.  **DENIED.**  There have been no publications in which persons who took responsibility for the totality of a paper and provided a substantial intellectual contribution were excluded from authorship, and no Monsanto authors were included as authors on papers for which they did not take responsibility and/or provide substantial intellectual contributions.

**REQUEST NO.  37:** Admit that Monsanto has paid money to steer internet searches to specific news articles.

**RESPONSE TO REQUEST NO. 37:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it seeks information that is neither relevant nor proportional to the needs of the case.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served, including because plaintiffs are seeking this information in Topic No. 26 (Monsanto's promotional efforts on the internet, including but not limited to paid searches designed to steer people to specific news articles. This topic includes any and all efforts by Monsanto to target people living in San Francisco and the Bay Area either directly or through an intermediary law firm / company), in their Rule 30(b)(6) Notice of Deposition served on November 9, 2018.  Monsanto objects to the phrase "steer internet searches to specific news articles" as vague, ambiguous, and lacking

specificity.  Monsanto objects to this Request because it is vague, ambiguous, and lacks specificity, including because Monsanto is unable to determine from the Request, which "internet searches" and/or "specific news articles" may be subject to this Request, and/or when, if any, such actions were made or not made, and therefore Monsanto **DENIES** this request as written.

**REQUEST NO.  38:** Admit that Monsanto representatives have told people that glyphosate is safe enough to drink.

**RESPONSE TO REQUEST NO. 38:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to the term "representatives" and "people" as vague, ambiguous, and lacking specificity.  Monsanto objects to this Request because it is vague, ambiguous, and lacks specificity, including because Monsanto is unable to determine from the Request, which, if any, Monsanto "representatives" may be subject to this Request and/or when any such statements by such unnamed representatives were made, and therefore Monsanto **DENIES** the request as written.

**REQUEST NO.  39:** Admit that glyphosate is not safe to drink.

**RESPONSE TO REQUEST NO. 39:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to the term "safe" and "drink" as vague, ambiguous, and subject to various interpretations, including because it does not draw an appropriate comparison between the dose rates required before it is deemed "safe" or "unsafe."  Notwithstanding Monsanto's objections, Monsanto **ADMITS** that glyphosate is not a beverage intended for human consumption.  Monsanto further **ADMITS** that glyphosate is not marketed as a beverage or drink.  It is marketed and sold as an herbicide.  To the extent plaintiffs suggest that anyone employed by Monsanto stated that glyphosate is safe to drink, Monsanto **DENIE**S the requests.

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

1  **REQUEST NO.  40:** Admit that Monsanto representatives have stated that glyphosate is safer

2  than table salt.

3      **RESPONSE TO REQUEST NO. 40:** Monsanto incorporates by reference General

4  Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

5  cumulative and/or duplicative of discovery already served.  Monsanto objects to the term

6  "representatives" as vague, ambiguous, and lacking specificity.  Monsanto objects to the term

7  "safer" as vague, ambiguous, and subject to various interpretations, including because it does not

8  draw an appropriate comparison between the dose rates required for the two substances before

9  either is deemed "safe" or "unsafe."  Monsanto objects to this Request because it is vague,

10  ambiguous, and lacks specificity, including because Monsanto is unable to determine from the

11  Request, which, if any, Monsanto "representative" may be subject to this Request and/or when

12  any such statements by such unnamed representatives were made, and therefore Monsanto

13  **DENIES** the request as written.  Monsanto further states that in the context of describing the

14  LD50 rat study, glyphosate is less acutely toxic than table salt.

15  **REQUEST NO.  41:** Admit that glyphosate is not safer than table salt.

16      **RESPONSE TO REQUEST NO. 41:** Monsanto incorporates by reference General

17  Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

18  cumulative and/or duplicative of discovery already served.  Monsanto objects to the term "safer"

19  as vague, ambiguous, and subject to various interpretations, including because it does not draw

20  an appropriate comparison between the dose rates required for the two substances before either is

21  deemed "safe" or "unsafe."  **DENIED.**  Monsanto further states that in the context of describing

22  the LD50 rat study, glyphosate is less acutely toxic than table salt.

23  **REQUEST NO.  42:** Admit that a Monsanto employee prepared a peer review for an article

24  submitted to a journal related to glyphosate and glyphosate-based formulation, where the

25  involvement of Monsanto was not disclosed to the journal.

26

27                           22

28

**RESPONSE TO REQUEST NO. 42:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to the phrase "peer reviewed," "article," "journal," "involvement," and "not disclosed" as vague, ambiguous and lacking specificity.  Monsanto objects to this Request because it is vague, ambiguous, and lacks specificity, including because Monsanto is unable to determine from the Request, which, if any, Monsanto employee may be subject to this Request therefore Monsanto **DENIES** the request as written.  To the extent plaintiffs are able to describe with specificity which article they are referring to, Monsanto will endeavor to respond to this Request.

**REQUEST NO.  43:** Admit that Aimee Hood exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 43:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion.  Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  44:** Admit that Andrew Conroy exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 44:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO. 45:** Admit that Brian Adams exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 45:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity. Monsanto objects to this Request because it is vague as to time. **DENIED.**

**REQUEST NO. 46:** Admit that Brian Naber exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 46:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity. Monsanto objects to this Request because it is vague as to time. **DENIED.**

**REQUEST NO. 47:** Admit that Bryan Hurley exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 47:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  48:** Admit that Christophe Gustin exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 48:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion.   Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  49:** Admit that Christophe Gustin exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 49:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects to this Request because it is duplicative of Request No. 48.  Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  50:** Admit that Cole Waggoner exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 50:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls

1   for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial

2   discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

3   to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this

4   Request because it is vague as to time.  **DENIED.**

5   **REQUEST NO.  51:** Admit that Dan Jenkins exercises and/or exercised substantial

6   discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

7   to glyphosate and GBFs.

8       **RESPONSE TO REQUEST NO. 51:** Monsanto incorporates by reference General

9   Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls

10  for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial

11  discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

12  to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this

13  Request because it is vague as to time.  **DENIED.**

14  **REQUEST NO.  52:** Admit that Dan Schulz exercises and/or exercised substantial discretionary

15  authority over decisions that ultimately determined Monsanto's policies as it relates to

16  glyphosate and GBFs.

17      **RESPONSE TO REQUEST NO. 52:** Monsanto incorporates by reference General

18  Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls

19  for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial

20  discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

21  to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this

22  Request because it is vague as to time.  **DENIED.**

23  **REQUEST NO.  53:** Admit that Daniel Goldstein exercises and/or exercised substantial

24  discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

25  to glyphosate and GBFs.

26

27

28

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

**RESPONSE TO REQUEST NO. 53:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity. Monsanto objects to this Request because it is vague as to time. **DENIED.**

**REQUEST NO. 54:** Admit that Dave Tornberg exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 54:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity. Monsanto objects to this Request because it is vague as to time. **DENIED.**

**REQUEST NO. 55:** Admit that David Heering exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 55:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity. Monsanto objects to this Request because it is vague as to time. **DENIED.**

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

**REQUEST NO. 56:** Admit that David Saltmiras exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 56:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO. 57:** Admit that Dawn Fee-White exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 57:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO. 58:** Admit that Donna Farmer exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 58:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  59:** Admit that Elizabeth Brand exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 59:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  60:** Admit that Eric Haupfear exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 60:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  61:** Admit that Eric Sachs exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 61:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

1   discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

2   to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this

3   Request because it is vague as to time.  **DENIED.**

4   **REQUEST NO.  62:** Admit that Erin Ahlers exercises and/or exercised substantial discretionary

5   authority over decisions that ultimately determined Monsanto's policies as it relates to

6   glyphosate and GBFs.

7       **RESPONSE TO REQUEST NO. 62:** Monsanto incorporates by reference General

8   Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls

9   for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial

10  discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

11  to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this

12  Request because it is vague as to time.  **DENIED.**

13  **REQUEST NO.  63:** Admit that George Gough exercises and/or exercised substantial

14  discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

15  to glyphosate and GBFs.

16      **RESPONSE TO REQUEST NO. 63:** Monsanto incorporates by reference General

17  Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls

18  for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial

19  discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

20  to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this

21  Request because it is vague as to time.  **DENIED.**

22  **REQUEST NO.  64:** Admit that Jack Conroy exercises and/or exercised substantial

23  discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

24  to glyphosate and GBFs.

25      **RESPONSE TO REQUEST NO. 64:** Monsanto incorporates by reference General

26  Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls

27

28

30

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

1   for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial

2   discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

3   to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this

4   Request because it is vague as to time.  **DENIED.**

5   **REQUEST NO.  65:** Admit that Jack Hardy exercises and/or exercised substantial discretionary

6   authority over decisions that ultimately determined Monsanto's policies as it relates to

7   glyphosate and GBFs.

8       **RESPONSE TO REQUEST NO. 65:** Monsanto incorporates by reference General

9   Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls

10  for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial

11  discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

12  to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this

13  Request because it is vague as to time.  **DENIED.**

14  **REQUEST NO.  66:** Admit that Jeremy Stump exercises and/or exercised substantial

15  discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

16  to glyphosate and GBFs.

17      **RESPONSE TO REQUEST NO. 66:** Monsanto incorporates by reference General

18  Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls

19  for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial

20  discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

21  to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this

22  Request because it is vague as to time.  **DENIED.**

23  **REQUEST NO.  67:** Admit that Jim Guard exercises and/or exercised substantial discretionary

24  authority over decisions that ultimately determined Monsanto's policies as it relates to

25  glyphosate and GBFs.

26

27

28

**RESPONSE TO REQUEST NO. 67:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity. Monsanto objects to this Request because it is vague as to time. **DENIED.**

**REQUEST NO.  68:** Admit that Jim Tobin exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 68:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity. Monsanto objects to this Request because it is vague as to time. **DENIED.**

**REQUEST NO.  69:** Admit that Jim Zimmer exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 69:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time. **DENIED.**

**REQUEST NO. 70:** Admit that Joel Kronenberg exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 70:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO. 71:** Admit that John Acquavella exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 71:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion.  Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO. 72:** Admit that Julio Negreli exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 72:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  73:** Admit that Katherine Carr exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 73:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  74:** Admit that Kerry Overton exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 74:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  75:** Admit that Kerry Preete exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 75:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial

discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  76:** Admit that Kevin Holloway exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

      **RESPONSE TO REQUEST NO. 76:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  77:** Admit that Maggie Morris exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

      **RESPONSE TO REQUEST NO. 77:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  78:** Admit that Marian Bleeke exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

      **RESPONSE TO REQUEST NO. 78:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls

1  for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial

2  discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

3  to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this

4  Request because it is vague as to time.  **DENIED.**

5  **REQUEST NO.  79:** Admit that Mark Martens exercises and/or exercised substantial

6  discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

7  to glyphosate and GBFs.

8  **RESPONSE TO REQUEST NO. 79:** Monsanto incorporates by reference General

9  Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls

10  for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial

11  discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

12  to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this

13  Request because it is vague as to time.  **DENIED.**

14  **REQUEST NO.  80:** Admit that Matt Helms exercises and/or exercised substantial discretionary

15  authority over decisions that ultimately determined Monsanto's policies as it relates to

16  glyphosate and GBFs.

17  **RESPONSE TO REQUEST NO. 80:** Monsanto incorporates by reference General

18  Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls

19  for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial

20  discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

21  to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this

22  Request because it is vague as to time.  **DENIED.**

23  **REQUEST NO.  81:** Admit that Melissa Duncan exercises and/or exercised substantial

24  discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

25  to glyphosate and GBFs.

26

27

28

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

**RESPONSE TO REQUEST NO. 81:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  82:** Admit that Michael Koch exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 82:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  83:** Admit that Mike Demarco exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 83:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

**REQUEST NO. 84:** Admit that Mike Hilton exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 84:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity. Monsanto objects to this Request because it is vague as to time. **DENIED.**

**REQUEST NO. 85:** Admit that Myron Richardson exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 85:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity. Monsanto objects to this Request because it is vague as to time. **DENIED.**

**REQUEST NO. 86:** Admit that Ona Maun exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 86:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  87:** Admit that Palrick Quinn exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 87:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  88:** Admit that Pam Strifler exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 88:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  89:** Admit that Paul Downs exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 89:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial

discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  90:** Admit that Paul Ratcliff exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 90:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  91:** Admit that Richard Dirks exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 91:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  92:** Admit that Richard Garnett exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 92:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  93:** Admit that Robb Fraley exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 93:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  94:** Admit that Robert McCarroll exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 94:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  95:** Admit that Scott Kuschmider exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

1    **RESPONSE TO REQUEST NO. 95:** Monsanto incorporates by reference General

2    Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls

3    for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial

4    discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

5    to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this

6    Request because it is vague as to time.  **DENIED.**

7    **REQUEST NO.  96:** Admit that Scott Partridge exercises and/or exercised substantial

8    discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

9    to glyphosate and GBFs.

10    **RESPONSE TO REQUEST NO. 96:** Monsanto incorporates by reference General

11    Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls

12    for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial

13    discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

14    to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this

15    Request because it is vague as to time.  **DENIED.**

16    **REQUEST NO.  97:** Admit that Steve Adams exercises and/or exercised substantial

17    discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

18    to glyphosate and GBFs.

19    **RESPONSE TO REQUEST NO. 97:** Monsanto incorporates by reference General

20    Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls

21    for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial

22    discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

23    to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this

24    Request because it is vague as to time.  **DENIED.**

25

26

27

28

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

**REQUEST NO. 98:** Admit that Steven Gould exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 98:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity. Monsanto objects to this Request because it is vague as to time. **DENIED.**

**REQUEST NO. 99:** Admit that Steven Levine exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 99:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity. Monsanto objects to this Request because it is vague as to time. **DENIED.**

**REQUEST NO. 100:** Admit that Susan Martino-Catt exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 100:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates

to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  101:** Admit that Tim Ford exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 101:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  102:** Admit that Timothy Long exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 102:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  103:** Admit that Todd Rands exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 103:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  104:** Admit that Tom Wilson exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

RESPONSE TO REQUEST NO. 104: Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion.  Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  105:** Admit that Tony Leisure exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

RESPONSE TO REQUEST NO. 105: Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request to the extent it calls for a legal conclusion. Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  106:** Admit that Vincent Leopold exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

RESPONSE TO REQUEST NO. 106: Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

for a legal conclusion.  Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  107:** Admit that William Heydens exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs.

**RESPONSE TO REQUEST NO. 107:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request to the extent it calls for a legal conclusion.  Monsanto objects that the phrase "exercises and/or exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" is vague, ambiguous, and lacks specificity.  Monsanto objects to this Request because it is vague as to time.  **DENIED.**

**REQUEST NO.  108:** Admit that Monsanto manufactures or has manufactured dicamba.

**RESPONSE TO REQUEST NO. 108:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because dicamba is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the manufacturing of the herbicide dicamba is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States

1  such that further discovery into non-glyphosate containing herbicides would be unduly

2  cumulative and burdensome.

3  **REQUEST NO. 109:** Admit that Monsanto has sold or manufactured products containing

4  dicamba.

5      **RESPONSE TO REQUEST NO. 109:** Monsanto incorporates by reference General

6  Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

7  cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

8  irrelevant to the issues in this case including because dicamba is a non-glyphosate containing

9  herbicide.  Monsanto objects to this Request because the manufacturing or sale of products

10  containing the herbicide dicamba is irrelevant to the matters before the Court, exceeds the

11  bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also

12  objects to the extent the Request seeks information regarding Monsanto products used or sold

13  outside the United States because such information is not relevant, not proportional to the needs

14  of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were

15  exposed to or purchased glyphosate-containing products outside of the United States, and

16  plaintiffs have already completed extensive discovery regarding Monsanto products (including

17  their ingredients) sold in the United States such that further discovery into non-glyphosate

18  containing herbicides would be unduly cumulative and burdensome.

19  **REQUEST NO. 110:** Admit that dicamba potentiates NHL.

20      **RESPONSE TO REQUEST NO. 110:** Monsanto incorporates by reference General

21  Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

22  cumulative and/or duplicative of discovery already served.  Monsanto incorporates by reference

23  its General Objections here as if restated in full. Monsanto objects to this Request as irrelevant to

24  the issues in this case including because Dicamba is a non-glyphosate containing herbicide.

25  Monsanto objects to this Request because the herbicide Dicamba is irrelevant to the matters

26  before the Court, exceeds the bounds of permissible discovery and is not proportional to the

27

28

needs of the case.  Monsanto objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

**REQUEST NO.  111:** Admit that dicamba does not potentiate NHL.

**RESPONSE TO REQUEST NO. 111:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto incorporates by reference its General Objections here as if restated in full. Monsanto objects to this Request as irrelevant to the issues in this case including because dicamba is a non-glyphosate containing herbicide. Monsanto objects to this Request because the herbicide dicamba is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

1   **REQUEST NO.  112:** Admit that Monsanto manufactures or has manufactured 2,4-D.

2   **RESPONSE TO REQUEST NO. 112:** Monsanto incorporates by reference General

3   Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

4   cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

5   irrelevant to the issues in this case including because 2,4-D is a non-glyphosate containing

6   herbicide.  Monsanto objects to this Request because the manufacturing of the herbicide 2,4-D is

7   irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not

8   proportional to the needs of the case. Monsanto also objects to the extent the Request seeks

9   information regarding Monsanto products used or sold outside the United States because such

10  information is not relevant, not proportional to the needs of this case, and unduly cumulative and

11  burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-

12  containing products outside of the United States, and plaintiffs have already completed extensive

13  discovery regarding Monsanto products (including their ingredients) sold in the United States

14  such that further discovery into non-glyphosate containing herbicides would be unduly

15  cumulative and burdensome.

16  **REQUEST NO.  113:** Admit that Monsanto has sold or manufactured products containing 2,4-

17  D.

18  **RESPONSE TO REQUEST NO. 113:** Monsanto incorporates by reference General

19  Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

20  cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

21  irrelevant to the issues in this case including because 2,4-D is a non-glyphosate containing

22  herbicide.  Monsanto objects to this Request because the manufacturing or sale of products

23  containing the herbicide 2,4-D is irrelevant to the matters before the Court, exceeds the bounds

24  of permissible discovery and is not proportional to the needs of the case. Monsanto also objects

25  to the extent the Request seeks information regarding Monsanto products used or sold outside the

26  United States because such information is not relevant, not proportional to the needs of this case,

27

49

28

and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO. 114:** Admit that 2,4-D potentiates NHL.

**RESPONSE TO REQUEST NO. 114:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto incorporates by reference its General Objections here as if restated in full. Monsanto objects to this Request as irrelevant to the issues in this case including because 2,4-D is a non-glyphosate containing herbicide. Monsanto objects to this Request because the herbicide 2,4-D is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

**REQUEST NO. 115:** Admit that 2,4-D does not potentiate NHL.

**RESPONSE TO REQUEST NO. 115:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.   Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

1  irrelevant to the issues in this case including because 2,4-D is a non-glyphosate containing

2  herbicide.  Monsanto objects to this Request because the herbicide 2,4-D is irrelevant to the

3  matters before the Court, exceeds the bounds of permissible discovery and is not proportional to

4  the needs of the case.  Monsanto objects to the extent the Request seeks information regarding

5  Monsanto products used or sold outside the United States because such information is not

6  relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there

7  are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products

8  outside of the United States, and plaintiffs have already completed extensive discovery regarding

9  Monsanto products (including their ingredients) sold in the United States such that further

10  discovery into non-glyphosate containing herbicides would be unduly cumulative and

11  burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a

12  proper inquiry for a Request for Admission.

13  **REQUEST NO.  116:** Admit that Monsanto manufactures or has manufactured Malathion.

14  **RESPONSE TO REQUEST NO. 116:** Monsanto incorporates by reference General

15  Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

16  cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

17  irrelevant to the issues in this case including because Malathion is a non-glyphosate containing

18  herbicide.  Monsanto objects to this Request because the manufacturing of the herbicide

19  Malathion is irrelevant to the matters before the Court, exceeds the bounds of permissible

20  discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the

21  Request seeks information regarding Monsanto products used or sold outside the United States

22  because such information is not relevant, not proportional to the needs of this case, and unduly

23  cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased

24  glyphosate-containing products outside of the United States, and plaintiffs have already

25  completed extensive discovery regarding Monsanto products (including their ingredients) sold in

26

27

28

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

1  the United States such that further discovery into non-glyphosate containing herbicides would be

2  unduly cumulative and burdensome.

3  **REQUEST NO. 117:** Admit that Monsanto has sold or manufactured products containing

4  Malathion.

5      **RESPONSE TO REQUEST NO. 117:** Monsanto incorporates by reference General

6  Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

7  cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

8  irrelevant to the issues in this case including because Malathion is a non-glyphosate containing

9  herbicide.  Monsanto objects to this Request because the manufacturing or sale of products

10 containing the herbicide Malathion is irrelevant to the matters before the Court, exceeds the

11 bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also

12 objects to the extent the Request seeks information regarding Monsanto products used or sold

13 outside the United States because such information is not relevant, not proportional to the needs

14 of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were

15 exposed to or purchased glyphosate-containing products outside of the United States, and

16 plaintiffs have already completed extensive discovery regarding Monsanto products (including

17 their ingredients) sold in the United States such that further discovery into non-glyphosate

18 containing herbicides would be unduly cumulative and burdensome.

19 **REQUEST NO. 118:** Admit that Malathion potentiates NHL.

20     **RESPONSE TO REQUEST NO. 118:** Monsanto incorporates by reference General

21 Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

22 cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

23 irrelevant to the issues in this case including because Malathion is a non-glyphosate containing

24 herbicide.  Monsanto objects to this Request because the herbicide Malathion is irrelevant to the

25 matters before the Court, exceeds the bounds of permissible discovery and is not proportional to

26 the needs of the case.  Monsanto objects to the extent the Request seeks information regarding

27

28

1  Monsanto products used or sold outside the United States because such information is not

2  relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there

3  are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products

4  outside of the United States, and plaintiffs have already completed extensive discovery regarding

5  Monsanto products (including their ingredients) sold in the United States such that further

6  discovery into non-glyphosate containing herbicides would be unduly cumulative and

7  burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a

8  proper inquiry for a Request for Admission.

9  **REQUEST NO.  119:** Admit that Malathion does not potentiate NHL.

10  **RESPONSE TO REQUEST NO. 119:** Monsanto incorporates by reference General

11  Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

12  cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

13  irrelevant to the issues in this case including because Malathion is a non-glyphosate containing

14  herbicide.  Monsanto objects to this Request because the herbicide Malathion is irrelevant to the

15  matters before the Court, exceeds the bounds of permissible discovery and is not proportional to

16  the needs of the case.  Monsanto objects to the extent the Request seeks information regarding

17  Monsanto products used or sold outside the United States because such information is not

18  relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there

19  are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products

20  outside of the United States, and plaintiffs have already completed extensive discovery regarding

21  Monsanto products (including their ingredients) sold in the United States such that further

22  discovery into non-glyphosate containing herbicides would be unduly cumulative and

23  burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a

24  proper inquiry for a Request for Admission.

25  **REQUEST NO.  120:** Admit that Monsanto manufactures or has manufactured Alachlor.

26

27

28

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

1  **RESPONSE TO REQUEST NO. 120:** Monsanto incorporates by reference General

2  Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

3  cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

4  irrelevant to the issues in this case including because Alachlor is a non-glyphosate containing

5  herbicide.  Monsanto objects to this Request because the manufacturing of the herbicide Alachlor

6  is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is

7  not proportional to the needs of the case. Monsanto also objects to the extent the Request seeks

8  information regarding Monsanto products used or sold outside the United States because such

9  information is not relevant, not proportional to the needs of this case, and unduly cumulative and

10  burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-

11  containing products outside of the United States, and plaintiffs have already completed extensive

12  discovery regarding Monsanto products (including their ingredients) sold in the United States

13  such that further discovery into non-glyphosate containing herbicides would be unduly

14  cumulative and burdensome.

15  **REQUEST NO.  121:** Admit that Monsanto has sold or manufactured products containing

16  Alachlor.

17  **RESPONSE TO REQUEST NO. 121:** Monsanto incorporates by reference General

18  Objections 1-5 here as if restated in full. Monsanto objects to this Request because it is

19  cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

20  irrelevant to the issues in this case including because Alachlor is a non-glyphosate containing

21  herbicide.  Monsanto objects to this Request because the manufacturing or sale of products

22  containing the herbicide Alachlor is irrelevant to the matters before the Court, exceeds the

23  bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also

24  objects to the extent the Request seeks information regarding Monsanto products used or sold

25  outside the United States because such information is not relevant, not proportional to the needs

26  of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were

27

28

54

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO. 122:** Admit that Alachlor potentiates NHL.

**RESPONSE TO REQUEST NO. 122:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Alachlor is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the herbicide Alachlor is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

**REQUEST NO. 123:** Admit that Alachlor does not potentiate NHL.

**RESPONSE TO REQUEST NO. 123:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Alachlor is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the herbicide Alachlor is irrelevant to the

55

matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

**REQUEST NO.  124:** Admit that Monsanto manufactures or has manufactured Atrazine.

**RESPONSE TO REQUEST NO. 124:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Atrazine is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the manufacturing of the herbicide Atrazine is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO.  125:** Admit that Monsanto has sold or manufactured products containing Atrazine.

**RESPONSE TO REQUEST NO. 125:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Atrazine is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the manufacturing or sale of products containing the herbicide Atrazine is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO.  126:** Admit that Atrazine potentiates NHL.

**RESPONSE TO REQUEST NO. 126:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Atrazine is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the herbicide Atrazine is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there

1    are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products

2    outside of the United States, and plaintiffs have already completed extensive discovery regarding

3    Monsanto products (including their ingredients) sold in the United States such that further

4    discovery into non-glyphosate containing herbicides would be unduly cumulative and

5    burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a

6    proper inquiry for a Request for Admission.

7    **REQUEST NO.  127:** Admit that Atrazine does not potentiate NHL.

8         **RESPONSE TO REQUEST NO. 127:** Monsanto incorporates by reference General

9    Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

10   cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

11   irrelevant to the issues in this case including because Atrazine is a non-glyphosate containing

12   herbicide.  Monsanto objects to this Request because the herbicide Atrazine is irrelevant to the

13   matters before the Court, exceeds the bounds of permissible discovery and is not proportional to

14   the needs of the case.  Monsanto objects to the extent the Request seeks information regarding

15   Monsanto products used or sold outside the United States because such information is not

16   relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there

17   are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products

18   outside of the United States, and plaintiffs have already completed extensive discovery regarding

19   Monsanto products (including their ingredients) sold in the United States such that further

20   discovery into non-glyphosate containing herbicides would be unduly cumulative and

21   burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a

22   proper inquiry for a Request for Admission.

23   **REQUEST NO.  128:** Admit that Monsanto manufactures or has manufactured Metolachlor.

24        **RESPONSE TO REQUEST NO. 128:** Monsanto incorporates by reference General

25   Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

26   cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

27

28

1   irrelevant to the issues in this case including because Metolachlor is a non-glyphosate containing

2   herbicide.  Monsanto objects to this Request because the manufacturing of the herbicide

3   Metolachlor is irrelevant to the matters before the Court, exceeds the bounds of permissible

4   discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the

5   Request seeks information regarding Monsanto products used or sold outside the United States

6   because such information is not relevant, not proportional to the needs of this case, and unduly

7   cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased

8   glyphosate-containing products outside of the United States, and plaintiffs have already

9   completed extensive discovery regarding Monsanto products (including their ingredients) sold in

10  the United States such that further discovery into non-glyphosate containing herbicides would be

11  unduly cumulative and burdensome.

12  **REQUEST NO.  129:** Admit that Monsanto has sold or manufactured products containing

13  Metolachlor.

14        **RESPONSE TO REQUEST NO. 129:** Monsanto incorporates by reference General

15  Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

16  cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

17  irrelevant to the issues in this case including because Metoachlor is a non-glyphosate containing

18  herbicide.  Monsanto objects to this Request because the manufacturing or sale of products

19  containing the herbicide Metolachlor is irrelevant to the matters before the Court, exceeds the

20  bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also

21  objects to the extent the Request seeks information regarding Monsanto products used or sold

22  outside the United States because such information is not relevant, not proportional to the needs

23  of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were

24  exposed to or purchased glyphosate-containing products outside of the United States, and

25  plaintiffs have already completed extensive discovery regarding Monsanto products (including

26

27

28

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

their ingredients) sold in the United States such that further discovery into non-glyphosate

containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO.  130:** Admit that Metolachlor potentiates NHL.

**RESPONSE TO REQUEST NO. 130:** Monsanto incorporates by reference General

Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

irrelevant to the issues in this case including because Metolachlor is a non-glyphosate containing

herbicide.  Monsanto objects to this Request because the herbicide Metolachlor is irrelevant to

the matters before the Court, exceeds the bounds of permissible discovery and is not proportional

to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding

Monsanto products used or sold outside the United States because such information is not

relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there

are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products

outside of the United States, and plaintiffs have already completed extensive discovery regarding

Monsanto products (including their ingredients) sold in the United States such that further

discovery into non-glyphosate containing herbicides would be unduly cumulative and

burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a

proper inquiry for a Request for Admission.

**REQUEST NO.  131:** Admit that Metolachlor does not potentiate NHL.

**RESPONSE TO REQUEST NO. 131:** Monsanto incorporates by reference General

Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

irrelevant to the issues in this case including because Metolachlor is a non-glyphosate containing

herbicide.  Monsanto objects to this Request because the herbicide Metolachlor is irrelevant to

the matters before the Court, exceeds the bounds of permissible discovery and is not proportional

to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding

Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

**REQUEST NO.  132:** Admit that Monsanto manufactures or has manufactured Trifluralin.

**RESPONSE TO REQUEST NO. 132:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Trifluralin is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the manufacturing of the herbicide Trifluralin is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO.  133:** Admit that Monsanto has sold or manufactured products containing Trifluralin.

**RESPONSE TO REQUEST NO. 133:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Trifluralin is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the manufacturing or sale of products containing the herbicide Trifluralin is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO.  134:** Admit that Trifluralin potentiates NHL.

**RESPONSE TO REQUEST NO. 134:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Trifluralin is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the herbicide Trifluralin is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding

62

Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

**REQUEST NO.  135:** Admit that Trifluralin does not potentiate NHL.

**RESPONSE TO REQUEST NO. 135:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Trifluralin is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the herbicide Trifluralin is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

**REQUEST NO.  136:** Admit that Monsanto manufactures or has manufactured Carbaryl.

**RESPONSE TO REQUEST NO. 136:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Carbaryl is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the manufacturing of the herbicide Carbaryl

is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO.  137:** Admit that Monsanto has sold or manufactured products containing Carbaryl.

**RESPONSE TO REQUEST NO. 137:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.   Monsanto objects to this Request as irrelevant to the issues in this case including because Carbaryl is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the manufacturing or sale of products containing the herbicide Carbaryl is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO.  138:** Admit that Carbaryl potentiates NHL.

**RESPONSE TO REQUEST NO. 138:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Carbaryl is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the herbicide Carbaryl is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

**REQUEST NO.  139:** Admit that Carbaryl does not potentiate NHL.

**RESPONSE TO REQUEST NO. 139:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Carbaryl is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the herbicide Carbaryl is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products

outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

**REQUEST NO.  140:** Admit that Monsanto manufactures or has manufactured Chlordane.

**RESPONSE TO REQUEST NO. 140:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Chlordane is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the manufacturing of the herbicide Chlordane is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO.  141:** Admit that Monsanto has sold or manufactured products containing Chlordane.

**RESPONSE TO REQUEST NO. 141:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Chlordane is a non-glyphosate containing

66

1  herbicide.  Monsanto objects to this Request because the manufacturing or sale of products

2  containing the herbicide Chlordane is irrelevant to the matters before the Court, exceeds the

3  bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also

4  objects to the extent the Request seeks information regarding Monsanto products used or sold

5  outside the United States because such information is not relevant, not proportional to the needs

6  of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were

7  exposed to or purchased glyphosate-containing products outside of the United States, and

8  plaintiffs have already completed extensive discovery regarding Monsanto products (including

9  their ingredients) sold in the United States such that further discovery into non-glyphosate

10  containing herbicides would be unduly cumulative and burdensome.

11  **REQUEST NO.  142:** Admit that Chlordane potentiates NHL.

12      **RESPONSE TO REQUEST NO. 142:** Monsanto incorporates by reference General

13  Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

14  cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

15  irrelevant to the issues in this case including because Chlordane is a non-glyphosate containing

16  herbicide.  Monsanto objects to this Request because the herbicide Chlordane is irrelevant to the

17  matters before the Court, exceeds the bounds of permissible discovery and is not proportional to

18  the needs of the case.  Monsanto objects to the extent the Request seeks information regarding

19  Monsanto products used or sold outside the United States because such information is not

20  relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there

21  are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products

22  outside of the United States, and plaintiffs have already completed extensive discovery regarding

23  Monsanto products (including their ingredients) sold in the United States such that further

24  discovery into non-glyphosate containing herbicides would be unduly cumulative and

25  burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a

26  proper inquiry for a Request for Admission.

27

28

1   **REQUEST NO.  143:** Admit that Chlordane does not potentiate NHL.

2   **RESPONSE TO REQUEST NO. 143:** Monsanto incorporates by reference General

3   Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

4   cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

5   irrelevant to the issues in this case including because Chlordane is a non-glyphosate containing

6   herbicide.  Monsanto objects to this Request because the herbicide Chlordane is irrelevant to the

7   matters before the Court, exceeds the bounds of permissible discovery and is not proportional to

8   the needs of the case.  Monsanto objects to the extent the Request seeks information regarding

9   Monsanto products used or sold outside the United States because such information is not

10  relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there

11  are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products

12  outside of the United States, and plaintiffs have already completed extensive discovery regarding

13  Monsanto products (including their ingredients) sold in the United States such that further

14  discovery into non-glyphosate containing herbicides would be unduly cumulative and

15  burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a

16  proper inquiry for a Request for Admission.

17  **REQUEST NO.  144:** Admit that Monsanto manufactures or has manufactured Diazinon.

18  **RESPONSE TO REQUEST NO. 144:** Monsanto incorporates by reference General

19  Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

20  cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

21  irrelevant to the issues in this case including because Diazinon is a non-glyphosate containing

22  herbicide.  Monsanto objects to this Request because the manufacturing of the herbicide

23  Diazinon is irrelevant to the matters before the Court, exceeds the bounds of permissible

24  discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the

25  Request seeks information regarding Monsanto products used or sold outside the United States

26  because such information is not relevant, not proportional to the needs of this case, and unduly

27

28

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO. 145:** Admit that Monsanto has sold or manufactured products containing Diazinon.

**RESPONSE TO REQUEST NO. 145:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served. Monsanto objects to this Request as irrelevant to the issues in this case including because Diazinon is a non-glyphosate containing herbicide. Monsanto objects to this Request because the manufacturing or sale of products containing the herbicide Diazinon is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO. 146:** Admit that Diazinon potentiates NHL.

**RESPONSE TO REQUEST NO. 146:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served. Monsanto objects to this Request as irrelevant to the issues in this case including because Diazinon is a non-glyphosate containing

herbicide.  Monsanto objects to this Request because the herbicide Diazinon is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

**REQUEST NO.  147:** Admit that Diazinon does not potentiate NHL.

**RESPONSE TO REQUEST NO. 147:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Diazinon is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the herbicide Diazinon is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and

70

burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

**REQUEST NO.  148:** Admit that Monsanto manufactures or has manufactured DDT.

**RESPONSE TO REQUEST NO. 148:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because DDT is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the manufacturing of the herbicide DDT is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO.  149:** Admit that Monsanto has sold or manufactured products containing DDT.

**RESPONSE TO REQUEST NO. 149:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because DDT is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the manufacturing or sale of products containing the herbicide DDT is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the Request seeks information regarding Monsanto products used or sold outside the

United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO.  150:** Admit that DDT potentiates NHL.

**RESPONSE TO REQUEST NO. 150:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because DDT is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the herbicide DDT is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

**REQUEST NO.  151:** Admit that DDT does not potentiate NHL.

**RESPONSE TO REQUEST NO. 151:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

irrelevant to the issues in this case including because DDT is a non-glyphosate containing

herbicide.  Monsanto objects to this Request because the herbicide DDT is irrelevant to the

matters before the Court, exceeds the bounds of permissible discovery and is not proportional to

the needs of the case.  Monsanto objects to the extent the Request seeks information regarding

Monsanto products used or sold outside the United States because such information is not

relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there

are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products

outside of the United States, and plaintiffs have already completed extensive discovery regarding

Monsanto products (including their ingredients) sold in the United States such that further

discovery into non-glyphosate containing herbicides would be unduly cumulative and

burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a

proper inquiry for a Request for Admission.

**REQUEST NO.  152:** Admit that Monsanto manufactures or has manufactured Dieldrin.

**RESPONSE TO REQUEST NO. 152:** Monsanto incorporates by reference General

Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

irrelevant to the issues in this case including because Dieldrin is a non-glyphosate containing

herbicide.  Monsanto objects to this Request because the manufacturing of the herbicide Dieldrin

is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is

not proportional to the needs of the case. Monsanto also objects to the extent the Request seeks

information regarding Monsanto products used or sold outside the United States because such

information is not relevant, not proportional to the needs of this case, and unduly cumulative and

burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-

containing products outside of the United States, and plaintiffs have already completed extensive

discovery regarding Monsanto products (including their ingredients) sold in the United States

such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO.  153:** Admit that Monsanto has sold or manufactured products containing Dieldrin.

**RESPONSE TO REQUEST NO. 153:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Dieldrin is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the manufacturing or sale of products containing the herbicide Dieldrin is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO.  154:** Admit that Dieldrin potentiates NHL.

**RESPONSE TO REQUEST NO. 154:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Dieldrin is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the herbicide Dieldrin is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding

74

Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

**REQUEST NO.  155:** Admit that Dieldrin does not potentiate NHL.

**RESPONSE TO REQUEST NO. 155:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Dieldrin is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the herbicide Dieldrin is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

**REQUEST NO.  156:** Admit that Monsanto manufactures or has manufactured Dimethoate.

**RESPONSE TO REQUEST NO. 156:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served. Monsanto objects to this Request as irrelevant to the issues in this case including because Dimethoate is a non-glyphosate containing herbicide. Monsanto objects to this Request because the manufacturing of the herbicide Dimethoate is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO. 157:** Admit that Monsanto has sold or manufactured products containing Dimethoate.

**RESPONSE TO REQUEST NO. 157:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served. Monsanto objects to this Request as irrelevant to the issues in this case including because Dimethoate is a non-glyphosate containing herbicide. Monsanto objects to this Request because the manufacturing or sale of products containing the herbicide Dimethoate is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO.  158:** Admit that Dimethoate potentiates NHL.

**RESPONSE TO REQUEST NO. 158:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Dimethoate is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the herbicide Dimethoate is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

**REQUEST NO.  159:** Admit that Dimethoate does not potentiate NHL.

**RESPONSE TO REQUEST NO. 159:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Dimethoate is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the herbicide Dimethoate is irrelevant to

1   the matters before the Court, exceeds the bounds of permissible discovery and is not proportional

2   to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding

3   Monsanto products used or sold outside the United States because such information is not

4   relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there

5   are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products

6   outside of the United States, and plaintiffs have already completed extensive discovery regarding

7   Monsanto products (including their ingredients) sold in the United States such that further

8   discovery into non-glyphosate containing herbicides would be unduly cumulative and

9   burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a

10  proper inquiry for a Request for Admission.

11  **REQUEST NO.  160:** Admit that Monsanto manufactures or has manufactured Pyrethrins.

12  **RESPONSE TO REQUEST NO. 160:** Monsanto incorporates by reference General

13  Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

14  cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

15  irrelevant to the issues in this case including because Pyrethrins is a non-glyphosate containing

16  herbicide.  Monsanto objects to this Request because the manufacturing of the herbicide

17  Pyrethrins is irrelevant to the matters before the Court, exceeds the bounds of permissible

18  discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the

19  Request seeks information regarding Monsanto products used or sold outside the United States

20  because such information is not relevant, not proportional to the needs of this case, and unduly

21  cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased

22  glyphosate-containing products outside of the United States, and plaintiffs have already

23  completed extensive discovery regarding Monsanto products (including their ingredients) sold in

24  the United States such that further discovery into non-glyphosate containing herbicides would be

25  unduly cumulative and burdensome.

26

27

28

**REQUEST NO. 161:** Admit that Monsanto has sold or manufactured products containing Pyrethrins.

**RESPONSE TO REQUEST NO. 161:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served. Monsanto objects to this Request as irrelevant to the issues in this case including because Pyrethrins is a non-glyphosate containing herbicide. Monsanto objects to this Request because the manufacturing or sale of products containing the herbicide Pyrethrins is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO. 162:** Admit that Pyrethrins potentiates NHL.

**RESPONSE TO REQUEST NO. 162:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served. Monsanto objects to this Request as irrelevant to the issues in this case including because Pyrethrins is a non-glyphosate containing herbicide. Monsanto objects to this Request because the herbicide Pyrethrins is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case. Monsanto objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there

are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

**REQUEST NO.  163:** Admit that Pyrethrins does not potentiate NHL.

**RESPONSE TO REQUEST NO. 163:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Pyrethrins is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the herbicide Pyrethrins is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

**REQUEST NO.  164:** Admit that Monsanto manufactures or has manufactured Cyanazine.

**RESPONSE TO REQUEST NO. 164:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

irrelevant to the issues in this case including because Cyanazin is a non-glyphosate containing

herbicide.  Monsanto objects to this Request because the manufacturing of the herbicide

Cyanazine is irrelevant to the matters before the Court, exceeds the bounds of permissible

discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the

Request seeks information regarding Monsanto products used or sold outside the United States

because such information is not relevant, not proportional to the needs of this case, and unduly

cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased

glyphosate-containing products outside of the United States, and plaintiffs have already

completed extensive discovery regarding Monsanto products (including their ingredients) sold in

the United States such that further discovery into non-glyphosate containing herbicides would be

unduly cumulative and burdensome.

**REQUEST NO.  165:** Admit that Monsanto has sold or manufactured products containing

Cyanazine.

   **RESPONSE TO REQUEST NO. 165:** Monsanto incorporates by reference General

Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

irrelevant to the issues in this case including because Cyanazine is a non-glyphosate containing

herbicide.  Monsanto objects to this Request because the manufacturing or sale of products

containing the herbicide Cyanazine is irrelevant to the matters before the Court, exceeds the

bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also

objects to the extent the Request seeks information regarding Monsanto products used or sold

outside the United States because such information is not relevant, not proportional to the needs

of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were

exposed to or purchased glyphosate-containing products outside of the United States, and

plaintiffs have already completed extensive discovery regarding Monsanto products (including

1  their ingredients) sold in the United States such that further discovery into non-glyphosate

2  containing herbicides would be unduly cumulative and burdensome.

3  **REQUEST NO. 166:** Admit that Cyanazine potentiates NHL.

4      **RESPONSE TO REQUEST NO. 166:** Monsanto incorporates by reference General

5  Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

6  cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

7  irrelevant to the issues in this case including because Cyanazine is a non-glyphosate containing

8  herbicide.  Monsanto objects to this Request because the herbicide Cyanazine is irrelevant to the

9  matters before the Court, exceeds the bounds of permissible discovery and is not proportional to

10  the needs of the case.  Monsanto objects to the extent the Request seeks information regarding

11  Monsanto products used or sold outside the United States because such information is not

12  relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there

13  are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products

14  outside of the United States, and plaintiffs have already completed extensive discovery regarding

15  Monsanto products (including their ingredients) sold in the United States such that further

16  discovery into non-glyphosate containing herbicides would be unduly cumulative and

17  burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a

18  proper inquiry for a Request for Admission.

19  **REQUEST NO. 167:** Admit that Cyanazine does not potentiate NHL.

20      **RESPONSE TO REQUEST NO. 167:** Monsanto incorporates by reference General

21  Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is

22  cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as

23  irrelevant to the issues in this case including because Cyanazine is a non-glyphosate containing

24  herbicide.  Monsanto objects to this Request because the herbicide Cyanazine is irrelevant to the

25  matters before the Court, exceeds the bounds of permissible discovery and is not proportional to

26  the needs of the case.  Monsanto objects to the extent the Request seeks information regarding

27

28

Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

**REQUEST NO.  168:** Admit that Monsanto manufactures or has manufactured Thiocarbamate (EPTC).

**RESPONSE TO REQUEST NO. 168:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Thiocarbamate (EPTC) is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the manufacturing of the herbicide Thiocarbamate (EPTC) is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO.  169:** Admit that Monsanto has sold or manufactured products containing Thiocarbamate (EPTC).

**RESPONSE TO REQUEST NO. 169:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Thiocarbamate (EPTC) is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the manufacturing or sale of products containing the herbicide Thiocarbamate (EPTC) is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case. Monsanto also objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.

**REQUEST NO.  170:** Admit that Thiocarbamate (EPTC) potentiates NHL.

**RESPONSE TO REQUEST NO. 170:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full.  Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Thiocarbamate (EPTC) is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the herbicide Thiocarbamate (EPTC) is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased

84

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

**REQUEST NO. 171:** Admit that Thiocarbamate (EPTC) does not potentiate NHL.

**RESPONSE TO REQUEST NO. 171:** Monsanto incorporates by reference General Objections 1-5 here as if restated in full. Monsanto objects to this Request because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to this Request as irrelevant to the issues in this case including because Thiocarbamate (EPTC) is a non-glyphosate containing herbicide.  Monsanto objects to this Request because the herbicide Thiocarbamate (EPTC) is irrelevant to the matters before the Court, exceeds the bounds of permissible discovery and is not proportional to the needs of the case.  Monsanto objects to the extent the Request seeks information regarding Monsanto products used or sold outside the United States because such information is not relevant, not proportional to the needs of this case, and unduly cumulative and burdensome; there are no allegations that plaintiffs were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products (including their ingredients) sold in the United States such that further discovery into non-glyphosate containing herbicides would be unduly cumulative and burdensome.  Monsanto objects that this Request calls for an expert opinion, which is not a proper inquiry for a Request for Admission.

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

DATED:  December 10, 2018          Respectfully submitted,

By:                      
Joe G. Hollingsworth (pro hac vice)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (pro hac vice)
(elasker@hollingsworthllp.com)
Kirby T. Griffis (pro hac vice)
(kgriffis@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY

86

MONSANTO'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
REQUESTS FOR ADMISSION
MDL. NO. 2741 & CASE NO. 16-md-02741-VC

1

## **CERTIFICATE OF SERVICE**

2     The undersigned hereby certifies that a true and accurate copy of **Monsanto Company's**

3 **Responses and Objections to First Set of General Requests for Admission** was served upon

4 the parties below via electronic mail and U.S. Mail, postage prepaid, this 10th day of December

5 2018:

6     R. Brent Wisner, Esq. (SBN: 276023)
    rbwisner@baumhedlundlaw.com
7     BAUM, HEDLUND, ARISTEI, & GOLDMAN, P.C.
    10940 Wilshire Boulevard, 17th Floor
8     Los Angeles, CA 90024
    Telephone: (310) 207-3233
9     Facsimile: (310) 820-7444

10     Aimee H. Wagstaff, Esq.
    Aimee.wagstaff@andruswagstaff.com
11     Andrus Wagstaff, P.C.
    7171 W. Alaska Drive
12     Lakewood, CO 80226
    Telephone: (303) 376-6360
13     Facsimile: (303) 376-6361

14     Michael J. Miller, Esq.
    mmiller@millerfirmllc.com
15     The Miller Firm LLC
    108 Railroad Avenue
16     Orange, VA 22960
    Telephone: (540) 672-4224
17     Facsimile: (540) 672-3055

18     Robin L. Greenwald, Esq.
    rgreenwald@weitzlux.com
19     Weitz & Luxenberg, P.C.
    700 Broadway
20     New York, NY 10003
    Telephone: (212) 558-5500
21     Facsimile: (212) 344-5461

22     *Attorneys for Plaintiffs*

23

24     Kirby T. Griffis
    HOLLINGSWORTH LLP
25
    *Attorney for Defendant,*
26     *MONSANTO COMPANY*

27                  87

28