# Exhibit B

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
Kirby T. Griffis (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com
          kgriffis@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE:  ROUNDUP PRODUCTS LIABILITY LITIGATION** | MDL No. 2741 <br> Case No. 16-md-02741-VC |
| **This document relates** <br><br> **to:  ALL ACTIONS** | **MONSANTO COMPANY'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL INTERROGATORIES** <br><br> Hon. Vance Chhabria |

## MONSANTO COMPANY'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL INTERROGATORIES

Monsanto Company ("Monsanto") hereby responds pursuant to Rule 33 of the Federal Rules of Civil Procedure to Plaintiffs' First Set of General Interrogatories.

## GENERAL OBJECTIONS

1.      Monsanto has based these responses and objections on the assumption that plaintiffs, in propounding these Interrogatories, do not intend to seek information protected from discovery by the attorney-client privilege, or the attorney work product rule, or information regarding or reflecting the impressions, conclusions, opinions, legal research or theories of Monsanto's attorneys.  Monsanto objects to each request to the extent it seeks documents or

1

information protected by the attorney-client privilege, the work product doctrine, or any other applicable statutory or common law privilege.

2.      Monsanto objects to the extent the Interrogatories seek the immediate production of documents because this would be impossible in view of the scope and manner of the requested production, for a company the size of Monsanto, and due to the volume of records that Monsanto has in its possession.  Based on records collected to date, most Monsanto employees who may be designated as a custodian have hundreds of thousands to millions of pages of records.  Before responsive records can be produced, they need to be collected, processed, and reviewed at substantial costs.  To the extent Monsanto agrees to produce documents in accordance with its responses set forth below, the production will be made on a rolling basis.

3.      Monsanto objects to all of the Interrogatories to the extent they would require Monsanto to produce or search for information not within its possession, custody, or control, including information in the possession of other corporations or individuals not employed by the company.

4.      Monsanto objects to the Interrogatories to the extent they seek information or documentation that is publicly available and therefore readily available to plaintiffs, as the burden of obtaining such information is the same for plaintiffs as it would be for Monsanto

5.      Monsanto objects to these Interrogatories as unreasonably cumulative and/or duplicative of discovery already served.

6.      Monsanto objects to the Interrogatories to the extent they seek the identification of "all" or "each and every" documents or information in response.  It is a practical and legal impossibility that "all" facts, documents, or information for any specific subject could be found and identified for the more than forty years that glyphosate-containing products have been manufactured and sold by Monsanto.  Instead, Monsanto will make reasonable and proportional searches for documents and information in order to respond to otherwise unobjectionable Interrogatories.

MONSANTO COMPANY'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL INTERROGATORIES
MDL. NO. 2741 & CASE NO. 16-MD-02741-VC

7.      Monsanto's Responses to plaintiffs' Interrogatories are made without waiving the right, at any time and for any reason, to revise, supplement, correct, add to, or clarify these Responses.  These responses also are provided without limiting or waiving Monsanto's right to object to additional discovery that may be sought from Monsanto or from any of the custodians or production sources identified in these responses.

8.      Monsanto objects to these Interrogatories to the extent that they seek to impose a burden or requirements beyond what the Federal Rules of Civil Procedure and/or the local rules for the Northern District of California require.

9.      Monsanto objects to the Interrogatories to the extent they seek information not relevant to any claims or defenses asserted in this case.

10.      Monsanto objects to the Interrogatories because in combination with all parts and subparts the total number of Interrogatories sought exceeds the limit of 25 Interrogatories imposed by Federal Rule of Civil Procedure 33.

11.      These General Objections apply to all of the following Responses to specific Interrogatories and are incorporated by reference therein.

**MONSANTO'S SPECIFIC RESPONSES AND OBJECTION TO INTERROGATORIES**

**INTERROGATORY NO. 1:** Please describe and define Freedom to Operate (FTO) and how Monsanto uses or implements FTO as it relates to glyphosate and glyphosate-based formulations.

**RESPONSE TO INTERROGATORY NO. 1:**  Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to the phrase "uses or implements" because it is vague and ambiguous.  Monsanto objects that Interrogatory No. 1 is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case, including because it is not limited temporally, geographically, or by subject matter to the claims at issue.  Monsanto objects to Interrogatory No. 1 because it is cumulative and/or duplicative of discovery already served, including because plaintiffs are seeking  this information in Topic No. 17 (Monsanto's knowledge, positions, and conduct related to "Freedom to Operate") of their

MONSANTO COMPANY'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL INTERROGATORIES
MDL. NO. 2741 & CASE NO. 16-MD-02741-VC

Rule 30(b)(6) Notice of Deposition served on November 9, 2018.  Monsanto objects to Interrogatory No. 1 because discovery is on-going.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Monsanto's Rule 30(b)(6) Corporate Deponent will be prepared to address this Interrogatory at the deposition currently scheduled for January 23, 2019.

**INTERROGATORY NO. 2:** Please describe and define Let Nothing Go (LNG) and how Monsanto uses or implements LNG as it relates to glyphosate and glyphosate-based formulations.

**RESPONSE TO INTERROGATORY NO. 2:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to the phrase "uses or implements" because it is vague and ambiguous.  Monsanto objects that Interrogatory No. 2 is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case, including because it is not limited temporally, geographically, or by subject matter to the claims at issue.  Monsanto objects to Interrogatory No. 2 because it is cumulative and/or duplicative of discovery already served, including because plaintiffs are seeking this information in Topic No. 18 (Monsanto's knowledge, positions, and conduct related to the "Let Nothing Go" campaigns) in their Rule 30(b)(6) Notice of Deposition served on November 9, 2018.  Monsanto objects to Interrogatory No. 2 because it seeks information maintained  outside of the United States, and such information is not relevant, not proportional to the needs of this case, and is unduly cumulative and burdensome; there are no allegations that plaintiffs in this case were exposed to or purchased glyphosate-containing products outside of the United States, and plaintiffs have already completed extensive discovery regarding Monsanto products sold in the United States such that further discovery would be unduly cumulative and burdensome.  Monsanto objects to Interrogatory No. 2 because discovery is on-going.

**INTERROGATORY NO. 3:** Please explain why Monsanto has never conducted a long-term animal carcinogenicity study on formulated glyphosate.

**RESPONSE TO INTERROGATORY NO. 3:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 3 because it is cumulative and/or duplicative of discovery already served, including because plaintiffs are seeking this information in Topic No. 1 (Monsanto's knowledge and positions regarding the carcinogenicity of glyphosate-Based-Formulations ("GBFs"), including but not limited to the potential for GBFs to cause non-Hodgkin lymphoma ("NHL")) in their Rule 30(b)(6) Notice of Deposition served on November 9, 2018.  Monsanto objects to Interrogatory No. 3 because discovery is on-going.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Chronic animal carcinogenicity studies on glyphosate formulated products are not scientifically justified.  The EPA has classified glyphosate as non-carcinogenic to humans based in part on long-term carcinogenicity studies in rodents.  EPA concluded that no long-term animal carcinogenicity study of surfactants is required, based on its review of the available mammalian toxicity database as well as mutagenicity data.  *See* EPA, Office of Prevention, Pesticides and Toxic Substances, *Alkyl Amine Polyalkoxylates (JITF CST 4 Inert Ingredients). Human Health Risk Assessment to Support Proposed Exemption from Requirement of a Tolerance When Used as an Inert Ingredient in Pesticide Formulations*, (Apr. 3, 2009).  Further, there is a significant body of mechanistic studies on glyphosate formulated products that likewise do not raise a signal that such products are carcinogenic.  Most importantly, human epidemiologic studies of formulated product, including a 2018 cohort study of over 50,000 licensed pesticide applicators conducted by NCI and NIH investigators through the Agricultural Health Study show no evidence of an association between glyphosate formulated products and cancer in humans.

Furthermore, there is no scientifically acceptable method to conduct such mixture studies and no regulatory guidelines regarding the design, conduct, or interpretation of such studies.  A long term animal carcinogenicity study of a formulated product would face significant scientific hurdles that would preclude any meaningful findings.  Because of their the soap like properties,

MONSANTO COMPANY'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL INTERROGATORIES
MDL. NO. 2741 & CASE NO. 16-MD-02741-VC

surfactants cause gastric irritation, which would cause rodents to either refuse to eat the formulated product at sufficient doses or would cause the rodents to become sick, lose weight, or experience other acute toxicities that would render any study results unreliable.  Moreover, preparing standardized pellets that accurately contain the correct conduit of a formulated product would be difficult if not impossible.

For these reasons, no other company or scientific entity has conducted a long-term animal carcinogenicity study on any formulated pesticide product.  Plaintiffs' regulatory expert similarly is not aware of such studies.  *See* Deposition of Charles Benbrook, Ph.D. (*Peterson & Hall v. Monsanto Co.*) at 211:7-15.  Further, no regulatory agency anywhere in the world, including EPA, requires chronic animal carcinogenicity studies on formulated pesticide products.  *See, e.g.,* 40 C.F.R. 158.500 (EPA Toxicology data requirements table).

Monsanto notes that it has conducted a broad array of other scientific studies that demonstrate the safety of formulated glyphosate products.  For example, Monsanto routinely sponsors or conducts skin sensitization studies of glyphosate-based herbicide formulations as part of its "six-pack" analysis (*e.g.,* MON-18722 (Roundup NM II Herbicide) A Closed-Patch Repeated Insult Dermal Sensitization Study in Guinea Pigs (Buehler Method (MONGLY00143681- MONGLY00143783)).  Monsanto has sponsored or conducted multiple rodent feeding studies, all of which show glyphosate is not a rodent carcinogen (*e.g.,* Knezevich and Hogan).  Monsanto has sponsored or conducted dozens of mechanistic studies on glyphosate, surfactants, and glyphosate-based herbicide formulations (*e.g.,* Xu 2006).  Monsanto has sponsored or carried out many dermal absorption studies in both in vitro and in vivo models, collectively showing dermal absorption of glyphosate is minimal (*e.g.,* Franz 1983).  Monsanto has conducted or sponsored studies of glyphosate ADME characteristics, collectively showing systemically absorbed glyphosate is rapidly excreted (*e.g.,* Ridley 1988).  Further, Monsanto has sponsored or conducted human biomonitoring and passive dosimetry studies to determine real-life human exposures to glyphosate (*e.g.,* Acquavella 2004).  While not all of the studies are

6

1   identified here, all of the studies conducted or sponsored by Monsanto collectively show dermal

2   absorption of glyphosate does not represent a risk to human health.

3        In addition, Monsanto monitors published and unpublished research by outside scientists

4   on any potential risks associated with dermal exposure to glyphosate.  To that end, Monsanto has

5   reviewed epidemiology studies (*e.g.,* Andreotti 2018), human biomonitoring studies (*e.g.,*

6   Connolly 2017), dermal absorption studies (*e.g.,* Nielsen 2009), mechanistic studies (*e.g.,* non-

7   Monsanto studies reported in Kier and Kirkland 2013), and rodent carcinogenicity studies (*e.g.,*

8   non-Monsanto studies reported in Greim 2015).  Monsanto has also reviewed regulatory

9   opinions regarding the potential risk of dermal exposure to glyphosate (*e.g.,* EChA 2017).  All of

10  these materials are remarkably consistent – when used in accordance with label instructions,

11  glyphosate is not a human carcinogen.

12  **INTERROGATORY NO. 4:** Please explain why Monsanto has never conducted an

13  epidemiology study on glyphosate or glyphosate-based formulations.

14       **RESPONSE TO INTERROGATORY NO. 4:** Monsanto incorporates by reference the

15  foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 4

16  because it wrongly assumes that Monsanto has "never conducted" epidemiology studies on

17  glyphosate or glyphosate-based formulations.  Monsanto objects to Interrogatory No. 4 because

18  it is cumulative and/or duplicative of discovery already served, including because plaintiffs are

19  seeking this information in Topic No. 4 (Monsanto's knowledge and positions regarding the

20  epidemiology evaluating exposure to GBFs and cancer) and Topic No. 3 (Monsanto's knowledge

21  and positions regarding the Agricultural Health Study ("AHS") and the studies conducted out of

22  the AHS) in their Rule 30(b)(6) Notice of Deposition served on November 9, 2018.  Monsanto

23  objects to Interrogatory No. 4 because discovery is on-going.

24       Subject to, and without waiving the foregoing objections Monsanto responds as follows:

25  Monsanto has participated in epidemiologic analyses of glyphosate containing formulations

26  through the Farm Family Exposure Study and other human exposure studies that have been used

27

28

7

MONSANTO COMPANY'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
INTERROGATORIES
MDL. NO. 2741 & CASE NO. 16-MD-02741-VC

by NCI and NIH scientists to more accurately calculate dose in epidemiologic studies conducted through the Agricultural Health Study cohort.  Monsanto notes that multiple published studies conducted by third party scientists with no affiliation with Monsanto show no association between glyphosate containing formulations and non-Hodgkin's lymphoma.

**INTERROGATORY NO. 5:** Do you believe that the International Agency for Research on Cancer is a reliable institution, and if not please explain why.

**RESPONSE TO INTERROGATORY NO. 5:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 5 because it is cumulative and/or duplicative of discovery already served, including because plaintiffs are seeking this information in Topic No. 13 (Monsanto's knowledge, policies, positions, and conduct pertaining to IARC carcinogenicity classifications, both preceding and following the 2015 classification of glyphosate as a "2A Probable Human Carcinogen") in their Rule 30(b)(6) Notice of Deposition served on November 9, 2018.  Monsanto objects to Interrogatory No. 5 because the term "reliable" is vague, ambiguous, and subject to various interpretations.   Monsanto objects to Interrogatory No. 5 because it is compound.  Monsanto objects to Interrogatory No. 5 because discovery is on-going.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: The International Agency for Research on Cancer is engaged in a wide variety of activities, which include the coordination of cancer registries worldwide, a global cancer biobank, and the education and training of cancer researchers, as well as its monograph program.  With respect to its monograph program, the European Food Safety Authority has stated that "IARC['s] assessment [is] a possible first step in a full assessment." This statement accurately characterizes IARC's role in identifying potential cancer hazards.  In its preamble, IARC likewise explains the important distinction between hazard and risk: "A cancer 'hazard' is an agent that is capable of causing cancer under some circumstances, while a cancer 'risk' is an estimate of the carcinogenic effects expected from exposure to a cancer hazard. The Monographs are an exercise

8

in evaluating cancer hazards, despite the historical presence of the word 'risks' in the title. The distinction between hazard and risk is important, and the Monographs identify cancer hazards even when risks are very low at current exposure levels, because new uses or unforeseen exposures could engender risks that are significantly higher."  With respect to individual exposures, each IARC monograph is prepared by a different group of scientists invited to participate in meetings lasting roughly a week.  The reliability of each such working group's analysis varies.  Working Group 112's analysis of glyphosate as a Group 2A carcinogen is not reliable for a variety of reasons, including, but not limited to, the working group's failure to review a significant portion of the robust scientific database establishing that glyphosate is not a carcinogen and its improper assessment of the studies it did review, in which it frequently disregarded the conclusions reached by the original study investigators.  The lack of reliability of this working group assessment is evident in the fact that regulators around the world that have addressed the question whether glyphosate poses a cancer risk in human following the IARC classification have disagreed with its assessment, including regulatory authorities in the United States, Europe, Canada, Korea, Japan, New Zealand and Australia.

**INTERROGATORY NO. 6:** Please describe what tests Monsanto has done to test whether glyphosate is carcinogenic.

**RESPONSE TO INTERROGATORY NO. 6:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 6 because it is cumulative and/or duplicative of discovery already served, including because plaintiffs are seeking this information in Topic No. 1 (Monsanto's knowledge and positions regarding the carcinogenicity of glyphosate-Based-Formulations ("GBFs"), including but not limited to the potential for GBFs to cause non-Hodgkin lymphoma ("NHL")), and Topic No. 2 (Monsanto's knowledge and positions regarding the biological mechanism by which GBFs cause or can cause cancer, including but not limited to the potential for GBFs to induce genotoxicity, oxidative stress, and/or DNA damage) in their Rule 30(b)(6) Notice of Deposition served on

9

November 9, 2018.  Monsanto objects to Interrogatory No. 6 because the term "tests" is vague and ambiguous.  Monsanto objects to Interrogatory No. 6 because discovery is on-going.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Monsanto is a responsible manufacturer of pesticides like Roundup branded products.  To that end, Monsanto has complied with all EPA regulations, in addition to the regulations of other countries, in conducting a wide range of studies to ensure that dermal exposure (resulting in a systemic exposure to humans) to glyphosate-based herbicides manufactured or sold by Monsanto are not a risk to human health or the environment.

To that end, Monsanto has sponsored or conducted multiple rodent feeding studies, all of which show glyphosate is not a rodent carcinogen (*e.g.,* Knezevich and Hogan).  Monsanto has sponsored or conducted dozens of mechanistic studies on glyphosate, surfactants, and glyphosate-based herbicide formulations (*e.g.,* Xu 2006).   Monsanto has sponsored or carried out many dermal absorption studies in both in vitro and in vivo models, collectively showing dermal absorption of glyphosate is minimal (*e.g.,* Franz 1983).   Monsanto has conducted or sponsored studies of glyphosate ADME characteristics, collectively showing systemically absorbed glyphosate is rapidly excreted (*e.g.,* Ridley 1988).  Finally, Monsanto has sponsored or conducted human biomonitoring and passive dosimetry studies to determine real-life human exposures to glyphosate (*e.g.,* Acquavella 2004).  All of the studies conducted or sponsored by Monsanto collectively show dermal absorption of glyphosate and glyphosate based formulations is not carcinogenic.

In addition, Monsanto monitors published and unpublished research by outside scientists on any potential risks associated with dermal exposure to glyphosate.  To that end, Monsanto has reviewed epidemiology studies (*e.g.,* Andreotti 2018), human biomonitoring studies (*e.g.,* Connolly 2017), dermal absorption studies (*e.g.,* Nielsen 2009), mechanistic studies (*e.g.,* non-Monsanto studies reported in Kier and Kirkland 2013), and rodent carcinogenicity studies (*e.g.,* non-Monsanto studies reported in Greim 2015).  Monsanto has also reviewed regulatory

MONSANTO COMPANY'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL INTERROGATORIES
MDL. NO. 2741 & CASE NO. 16-MD-02741-VC

opinions regarding the potential risk of dermal exposure to glyphosate (*e.g.,* EChA 2017).  All of these materials are remarkably consistent – when used in accordance with label instructions, glyphosate is not a human carcinogen.

**INTERROGATORY NO. 7:** Please describe what tests Monsanto has done to test whether the surfactants used in glyphosate-based formulations is carcinogenic.

**RESPONSE TO INTERROGATORY NO. 7:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 7 because it is cumulative and/or duplicative of discovery already served, including because plaintiffs are seeking this information in Topic No. 1 (Monsanto's knowledge and positions regarding the carcinogenicity of glyphosate-Based-Formulations ("GBFs"), including but not limited to the potential for GBFs to cause non-Hodgkin lymphoma ("NHL")),  and Topic No. 2 (Monsanto's knowledge and positions regarding the biological mechanism by which GBFs cause or can cause cancer, including but not limited to the potential for GBFs to induce genotoxicity, oxidative stress, and/or DNA damage) in their Rule 30(b)(6) Notice of Deposition served on November 9, 2018.  Monsanto objects to Interrogatory No. 7 because the term "tests" is vague and ambiguous.  Monsanto objects to Interrogatory No. 7 because discovery is on-going.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Monsanto incorporates by reference its Response to Interrogatory No. 6.  Monsanto further notes that the EPA has concluded that the surfactants used in glyphosate-based herbicides are not likely to pose a risk of cancer.  *See* EPA, Office of Prevention, Pesticides and Toxic Substances, *Alkyl Amine Polyalkoxylates (JITF CST 4 Inert Ingredients). Human Health Risk Assessment to Support Proposed Exemption from Requirement of a Tolerance When Used as an Inert Ingredient in Pesticide Formulations*, (Apr. 3, 2009).

**INTERROGATORY NO. 8:** Please describe what tests Monsanto has done to determine whether formulated glyphosate, as opposed to just glyphosate or the surfactants, is carcinogenic.

MONSANTO COMPANY'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL INTERROGATORIES
MDL. NO. 2741 & CASE NO. 16-MD-02741-VC

**RESPONSE TO INTERROGATORY NO. 8:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 8 because it is cumulative and/or duplicative of discovery already served, including because plaintiffs are seeking this information in Topic No. 1 (Monsanto's knowledge and positions regarding the carcinogenicity of glyphosate-Based-Formulations ("GBFs"), including but not limited to the potential for GBFs to cause non-Hodgkin lymphoma ("NHL")),  and Topic No. 2 (Monsanto's knowledge and positions regarding the biological mechanism by which GBFs cause or can cause cancer, including but not limited to the potential for GBFs to induce genotoxicity, oxidative stress, and/or DNA damage) in their Rule 30(b)(6) Notice of Deposition served on November 9, 2018.  Monsanto objects to Interrogatory No. 8 because the term "tests" is vague and ambiguous.  Monsanto objects to Interrogatory No. 8 because discovery is on-going.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Monsanto incorporates by reference its Response to Interrogatory Nos. 6 and 7.

**INTERROGATORY NO. 9:** How much money Monsanto has given, directly or indirectly, to the individuals (and their affiliate institutions) and institutions / companies listed on Exhibit A.

**RESPONSE TO INTERROGATORY NO. 9:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to the term "given" as vague, ambiguous, and lacking specificity.  Monsanto objects to Interrogatory No. 9 because it is compound and contains approximately 109 inappropriate subparts, which is the equivalent of seeking 109 individual interrogatories.  Monsanto objects to Interrogatory No. 9 because in combination with its subparts, this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33.  Monsanto objects to Interrogatory No. 9 because it seeks information that is neither relevant nor proportional to the needs of the case, and is not tied geographically, or by subject matter to the claims at issue in this case, specifically because it is not limited in any way to human health, glyphosate and/or Roundup branded products.  Monsanto objects to Interrogatory No. 9 because it assumes

12

Monsanto has "given money" to "the individuals (and their affiliate institutions) and institutions / companies listed on Exhibit A."  Monsanto objects to Interrogatory No. 9 because discovery is on-going.

**INTERROGATORY NO. 10:** Please identify those individuals within Monsanto, between 1970 and the present, that exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs, including but not limited to those individuals who have been deposed in this MDL and other Roundup-cancer litigation.

**RESPONSE TO INTERROGATORY NO. 10:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to the phrase "exercised substantial discretionary authority over decisions that ultimately determined Monsanto's policies as it relates to glyphosate and GBFs" because it is vague, ambiguous, and lacks specificity.  Monsanto objects to Interrogatory No. 10 because it is compound in that it seeks a response for every year for a more than 40 year period, which is the equivalent of seeking more than 40 interrogatories.  Monsanto objects to Interrogatory No. 10 because in combination with its subparts, this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33.  Monsanto objects to Interrogatory No. 10 to the extent it calls for a legal conclusion.   Monsanto objects to Interrogatory No. 10 because it is cumulative and/or duplicative of discovery already served, including because plaintiffs have posed approximately 65 Requests for Admission seeking substantially the same information.  Monsanto objects to Interrogatory No. 10 because discovery is on-going.

**INTERROGATORY NO. 11:** Please identify which of the following substances / products potentiate NHL and/or are carcinogens, both as chemicals and as formulated products: Dicamba, 2,4-D, Malathion, Alachlor, Atrazine, Metolachlor, Trifluralin, Carbaryl, Chlordane, Diazinon, DDT, Dieldrin, Dimethoate, Pyrethrins, Cyanazine, and Thiocarbamate (EPTC).

**RESPONSE TO INTERROGATORY NO. 11:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 11 as oppressive, unduly burdensome, and irrelevant, unless or until plaintiffs concede exposure, or Monsanto contends that any plaintiffs were exposed to any of the chemicals identified in this interrogatory.  Monsanto objects to Interrogatory No. 11 because it is compound and contains 16 inappropriate subparts, which is the equivalent of seeking 16 interrogatories.  Monsanto objects to Interrogatory No. 11 because in combination with its subparts, this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33.  Monsanto objects to Interrogatory No. 11 because it seeks information that is neither relevant nor proportional to the needs of the case, including because information regarding non-glyphosate containing herbicides have no bearing on the claims or defenses of this case.  Monsanto objects that Interrogatory No. 11 is improperly and prematurely seeking the disclosure of expert testimony and/or the materials on which Monsanto's experts will rely in reaching their expert opinions. Such information will be disclosed at the appropriate time in accordance with Federal Rule of Civil Procedure 26 disclosure requirements for expert testimony and/or pursuant to the October 3, 2018, Pretrial Order No. 53 – Revised Trial Schedule Group 1 Plaintiffs [Dkt. 1926].   Monsanto objects to Interrogatory No. 11 because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to Interrogatory No. 11 because discovery is on-going.

**INTERROGATORY NO. 12:** Please describe what efforts, if any, that Monsanto directly, or through an intermediary, has undertaken to direct internet searches to news articles, including but not limited paid listings on Reddit and Google. Please describe whether this activity has been directed toward residents living in the San Francisco Bay area and, if so, why.

**RESPONSE TO INTERROGATORY NO. 12:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 12 because it seeks information that is neither relevant nor proportional to the needs of the case,

including because it is not limited temporally, geographically, or by subject matter to the claims

at issue in this case.  Monsanto objects to the phrase "direct internet searches to news articles"

and "paid listings on Reddit and Google" as vague, ambiguous, and lacking specificity.

Monsanto objects to Interrogatory No. 12 because this Interrogatory exceeds the limit of 25

interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33.

Monsanto objects to Interrogatory No. 12 because it is cumulative and/or duplicative of

discovery already served, including because plaintiffs are seeking this information in Topic No.

26 (Monsanto's promotional efforts on the internet, including but not limited to paid searches

designed to steer people to specific news articles. This topic includes any and all efforts by

Monsanto to target people living in San Francisco and the Bay Area either directly or through an

intermediary law firm / company), in their Rule 30(b)(6) Notice of Deposition served on

November 9, 2018, and plaintiffs have served a Request for Admission seeking substantially the

same information.  Monsanto objects to Interrogatory No. 12 because discovery is on-going.

**INTERROGATORY NO. 13:** Please describe all efforts Monsanto has taken to add a

carcinogenicity warning to the warning label of any glyphosate-based herbicide.

      **RESPONSE TO INTERROGATORY NO. 13:** Monsanto incorporates by reference the

foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No.

13 because it is cumulative and/or duplicative of discovery already served, including because

plaintiffs are seeking this information in Topic No. 23 (Monsanto's knowledge, positions, and

conduct related to preparation of the label and Material Safety Data Sheet for GBFs in the United

States), and Topic No. 24 (The warning information contained on the label of GBFs

manufactured and/or sold by Monsanto in the United States.) in their Rule 30(b)(6) Notice of

Deposition served on November 9, 2018, and plaintiffs have served at least 8 Requests for

Admission seeking substantially the same information.   Monsanto objects to Interrogatory No.

13 because the term "efforts" is vague and ambiguous.  Monsanto objects to Interrogatory No. 13

because this Interrogatory exceeds the limit of 25 interrogatories, including all parts and

MONSANTO COMPANY'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
INTERROGATORIES
MDL. NO. 2741 & CASE NO. 16-MD-02741-VC

subparts, imposed by Federal Rule of Civil Procedure 33.  Monsanto objects to Interrogatory No. 13 because discovery is on-going.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Monsanto has never recommended that a written warning be added to the labels of its glyphosate-containing products about possible carcinogenicity because there is no scientific basis for such a warning.

**INTERROGATORY NO. 14:** Please describe all efforts Monsanto has taken to add a carcinogenicity warning to the Material Safety Data Sheet for any glyphosate-based herbicide.

**RESPONSE TO INTERROGATORY NO. 14:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 14 because it is cumulative and/or duplicative of discovery already served, including because plaintiffs are seeking this information in Topic No. 23 (Monsanto's knowledge, positions, and conduct related to preparation of the label and Material Safety Data Sheet for GBFs in the United States),  and Topic No. 24 (The warning information contained on the label of GBFs manufactured and/or sold by Monsanto in the United States.) in their Rule 30(b)(6) Notice of Deposition served on November 9, 2018, and plaintiffs have served two Requests for Admission seeking substantially the same information.   Monsanto objects to Interrogatory No. 14 because the term "efforts" is vague and ambiguous.  Monsanto objects to Interrogatory No. 14 because in combination with its subparts, this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33. Monsanto objects to Interrogatory No. 14 because discovery is on-going.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: The United States Department of Labor's Occupational Safety and Health Administration ("OSHA") regulations call for a manufacturer to include on material safety data sheets in section 11, the Toxicological information section "whether the hazardous chemical is listed in the National Toxicology Program (NTP) Report on Carcinogens (latest edition) or has been found to

MONSANTO COMPANY'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL INTERROGATORIES
MDL. NO. 2741 & CASE NO. 16-MD-02741-VC

be a potential carcinogen in the International Agency for Research on Cancer (IARC)
Monographs (latest edition), or by OSHA."  29 C.F.R. § 1910.1200, App. D.   OSHA regulations
require all chemical manufacturers to make a determination of whether a manufactured chemical
is a health hazard, including whether it is carcinogenic, and "identify and consider the full range
of available scientific literature and other evidence concerning the potential hazards," 29 C.F.R.
§ 1910.1200(d)(2), and that such health hazards must be listed in section 2, the Hazard
identification section.  IARC's classification does not require Monsanto to list glyphosate as a
health hazard in section 2.  Based on the above OSHA regulations, Monsanto has placed the
following on its safety data sheets for glyphosate-containing products under section 11: "Not
carcinogenic in rats or mice.  Listed as Category 2A by the International Agency for Research on
Cancer (IARC) but our expert opinion is that the classification as a carcinogen is not warranted."

**INTERROGATORY NO. 15:** Please list Monsanto's net worth for each year since 1974?

**RESPONSE TO INTERROGATORY NO. 15:** Monsanto incorporates by reference the
foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No.
15 because it is compound and contains multiple inappropriate subparts, including because it
seeks Monsanto's net worth for each year for over 40 years, which is the equivalent of seeking
over 40 interrogatories.   Monsanto objects to Interrogatory No. 15 because it is cumulative
and/or duplicative of discovery already served, including because plaintiffs have served a similar
Interrogatory request in the *Stevick* matter.  Monsanto objects to Interrogatory No. 15 because
the phrase "net worth" is vague and ambiguous.  Monsanto objects to Interrogatory No. 15 as
irrelevant, overbroad, unduly burdensome and not proportional to the needs of this case,
including because the "net worth" of Monsanto Company for over a forty-year period is in no
way relevant to the claims or defenses in this case.  Monsanto objects to Interrogatory No. 15
because it seeks information that is publicly available and therefore readily available to plaintiffs,
as the burden of obtaining such information is the same for plaintiffs as it would be for
Monsanto.  Monsanto objects to Interrogatory No. 15 because in combination with its subparts,

this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33. Monsanto objects to Interrogatory No. 15 because discovery is on-going.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Monsanto's net worth at the end of the last quarter when it was computed prior to the merger, the second quarter of 2018, was approximately $7.8 billion. These figures are publicly available.

**INTERROGATORY NO. 16:** Please list Bayer's net worth for each year since its acquisition of Monsanto?

**RESPONSE TO INTERROGATORY NO. 16:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full. Monsanto objects to Interrogatory No. 16 because the phrase "net worth" is vague and ambiguous. Monsanto objects to Interrogatory No. 16 as irrelevant, overbroad, unduly burdensome and not proportional to the needs of this case, including because the "net worth" of Bayer AG is in no way relevant to the claims or defenses in this case. Monsanto objects to Interrogatory No. 16 to the extent it seeks information as to Bayer AG that is not within the possession, custody, or control of Monsanto. Monsanto objects to Interrogatory No. 16 because it seeks information that is publicly available and therefore readily available to plaintiffs, as the burden of obtaining such information is the same for plaintiffs as it would be for Monsanto. Monsanto objects to Interrogatory No. 16 because in combination with its subparts, this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 17:** Please list Monsanto's annual revenue from glyphosate-based herbicide sales for each year since 1974.

**RESPONSE TO INTERROGATORY NO. 17:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full. Monsanto objects to Interrogatory No. 17 because the phrase "annual revenue" is vague and ambiguous. Monsanto objects to Interrogatory No. 17 as irrelevant, overbroad, unduly burdensome and not proportional to the

MONSANTO COMPANY'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL INTERROGATORIES
MDL. NO. 2741 & CASE NO. 16-MD-02741-VC

needs of this case, including because the "annual revenue from glyphosate-based herbicide sales" of Monsanto Company for over a forty-year period is in no way relevant to the claims or defenses in this case.  Monsanto objects to Interrogatory No. 17 because it is compound and contains multiple inappropriate subparts, including because it seeks information for each year for over 40 years, which is the equivalent of seeking over 40 interrogatories.  Monsanto objects to Interrogatory No. 17 to the extent it seeks information that is publicly available and therefore readily available to plaintiffs, as the burden of obtaining such information is the same for plaintiffs as it would be for Monsanto.  Monsanto objects to Interrogatory No. 17 because in combination with its subparts, this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33. Monsanto objects to Interrogatory No. 17 because discovery is on-going.

Subject to, and without waiving the foregoing objections, Monsanto responds as follows: Monsanto directs plaintiffs to publicly available information regarding net sales of Monsanto's Agricultural Productivity Segment contained in, for example, Monsanto's Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal year ended Aug. 31, 2017 at page 26 , and accessible on the Securities and Exchange Commission's ("SEC") publicly accessible and key word searchable website at: https://www.sec.gov/Archives/edgar/data/1110783/000111078317000187/mon-20170831x10k.htm (Accessed Dec. 5, 2018).

Monsanto also directs plaintiffs to Monsanto's other publicly available information filed with the SEC, including, but not limited to, annual reports, quarterly reports, and proxy statements, dating back to 2000, located at the following: https://www.sec.gov/cgi-bin/browse-edgar?action=getcompany&CIK=0001110783&type=&dateb=&owner=exclude& count=100 (Accessed Dec. 5, 2018).

**INTERROGATORY NO. 18:** Please list Monsanto's profit from the sale of glyphosate-based herbicide for each year since 1974.

MONSANTO COMPANY'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL INTERROGATORIES
MDL. NO. 2741 & CASE NO. 16-MD-02741-VC

**RESPONSE TO INTERROGATORY NO. 18:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 18 because it is cumulative and/or duplicative of discovery already served.  Monsanto objects to Interrogatory No. 18 because it is compound and contains multiple inappropriate subparts, including because it seeks information for each year for over 40 years, which is the equivalent of seeking over 40 interrogatories.  Monsanto objects to Interrogatory No. 18 because the phrase "profit from the sale" is vague and ambiguous.  Monsanto objects to Interrogatory No. 18 as irrelevant, overbroad, unduly burdensome and not proportional to the needs of this case, including because the "profit from the sale of glyphosate-based herbicide" of Monsanto Company for over a forty-year period is in no way relevant to the claims or defenses in this case. Monsanto objects to Interrogatory No. 18 to the extent it seeks information that is publicly available and therefore readily available to plaintiffs, as the burden of obtaining such information is the same for plaintiffs as it would be for Monsanto.  Monsanto objects to Interrogatory No. 18 because in combination with its subparts, this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33. Monsanto objects to Interrogatory No. 18 because discovery is on-going.

Subject to, and without waiving the foregoing objections, Monsanto responds as follows: Monsanto incorporates by reference is Response to Interrogatory No. 17

**INTERROGATORY NO. 19:** Please identify all governmental entities in the United States, including states, municipalities, school districts, park districts, etc., that have banned, restricted the use, or required carcinogenicity warnings for glyphosate-based herbicides, and specify the date when that went into effect.

**RESPONSE TO INTERROGATORY NO. 19:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 19 to the extent it requires Monsanto to create a list of information that is not otherwise in existence.  Monsanto objects to Interrogatory No. 19 because it is not limited temporally or

MONSANTO COMPANY'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
INTERROGATORIES
MDL. NO. 2741 & CASE NO. 16-MD-02741-VC

1  geographically to the claims at issue in this case.  Monsanto objects to Interrogatory No. 19

2  because it is cumulative and/or duplicative of discovery already served, including because

3  plaintiffs are seeking this information in Topic No. 8 (Monsanto's knowledge, positions, and

4  conduct pertaining to Proposition 65 and the decision by the California Office of Environmental

5  Health Hazard Assessment ("OEHHA") to list glyphosate as a substance known to the State of

6  California to cause cancer) in their Rule 30(b)(6) Notice of Deposition served on November 9,

7  2018.  Monsanto objects to Interrogatory No. 19 because it seeks information that is publicly

8  available and therefore readily available to plaintiffs, as the burden of obtaining such information

9  is the same for plaintiffs as it would be for Monsanto.  Monsanto objects to Interrogatory No. 19

10  because it is oppressive, unduly burdensome, overly broad, and not proportional to the needs of

11  this case because plaintiffs are already in possession of this information, have millions of pages

12  of documents, have taken or requested numerous depositions, and can make their own

13  assessments about which "governmental entities" have "banned, restricted the use, or required

14  carcinogenicity warnings for glyphosate-based herbicides."  Monsanto objects to Interrogatory

15  No. 19 because in combination with its subparts, this Interrogatory exceeds the limit of 25

16  interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33.

17  Monsanto objects to Interrogatory No. 19 because discovery is on-going.

18  **INTERROGATORY NO. 20:** Please identify which regulatory agencies Monsanto will rely on

19  to defend against claims that glyphosate-based herbicides cause non-Hodgkin lymphoma.

20      **RESPONSE TO INTERROGATORY NO. 20:** Monsanto incorporates by reference the

21  foregoing General Objections here as if restated in full.  Monsanto objects to the phrase

22  "regulatory agencies" as vague and ambiguous.  Monsanto objects to Interrogatory No. 20

23  because it is cumulative and/or duplicative of discovery already served, including because

24  plaintiffs have served similar Interrogatory request in the *Hardeman* matter.   Monsanto objects

25  to Interrogatory No. 20 because this Interrogatory exceeds the limit of 25 interrogatories,

26

27

28

including all parts and subparts, imposed by Federal Rule of Civil Procedure 33. Monsanto objects to Interrogatory No. 20 because discovery is on-going.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Since IARC classified glyphosate, regulatory authorities in the United States, Europe, Canada, Korea, Japan, New Zealand and Australia have publicly reaffirmed that glyphosate does not pose a cancer risk to humans.  Monsanto will supplement its response to provide information identifying the national regulators that regulate glyphosate and their countries.

**INTERROGATORY NO. 21:** Please state how much money Monsanto has paid to Intertek for the manuscripts published in the Critical Reviews in Toxicology related to glyphosate and glyphosate-based formulations in 2016.

**RESPONSE TO INTERROGATORY NO. 21:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 21 because the term "manuscripts" is vague, ambiguous, and lacks specificity.  Monsanto objects to Interrogatory No. 21 to the extent is seeks it seeks confidential, proprietary and/or trade secret information.  Monsanto objects to Interrogatory No. 21 because this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33.  Monsanto objects to Interrogatory No. 21 because discovery is on-going.

Subject to, and without waiving the foregoing objections Monsanto responds as follows: Monsanto entered into a contract with Intertek Health Sciences Inc. to organize and conduct an expert panel to evaluate the science in which IARC concluded that glyphosate belongs in a 2A category.  In phase I of this project Intertek Inc. was tasked with organizing, hosting, and facilitating expert panel meeting(s) and requesting feedback from each of the panelists regarding conclusions on the safety of glyphosate before and after each meeting(s).  The cost of this phase was not to exceed $17,250.00.  *See*, *e.g.,* MONGLY00990716-18.  Monsanto will supplement its response.

MONSANTO COMPANY'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
INTERROGATORIES
MDL. NO. 2741 & CASE NO. 16-MD-02741-VC

**INTERROGATORY NO. 22:** Has Monsanto's approach to responding to scientific research related to glyphosate and glyphosate-based formulations changed since 1998 through the present. If so, how?

      **RESPONSE TO INTERROGATORY NO. 22:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 22 because the term "approach," "responding to," and "scientific research" is vague, ambiguous, and lacks specificity.   Monsanto objects to Interrogatory No. 22 because in combination with its subparts, this Interrogatory exceeds the limit of 25 interrogatories, including all parts and subparts, imposed by Federal Rule of Civil Procedure 33.  Monsanto objects to Interrogatory No. 22 because it is cumulative and/or duplicative of discovery already served, including because plaintiffs are seeking this information in Topic No. 15 (Monsanto's knowledge, positions, and conduct of Monsanto-sponsored analyses, studies, evaluations, and/or testing of GBFs), Topic No. 19 (Monsanto's knowledge, positions, and conduct related to interactions with the media and press related to IARC's classification of GBFs as a probable human carcinogen),  and Topic No. 20 (Monsanto's knowledge and conduct related to the retraction and/or refutation of scientific papers dealing with the safety of GBFs.) in their Rule 30(b)(6) Notice of Deposition served on November 9, 2018.  Monsanto objects to Interrogatory No. 22 because discovery is on-going.

**INTERROGATORY NO. 23:** Please identify all Monsanto-sponsored publications in academic, peer-reviewed journals relating to safety and/or efficacy of glyphosate and/or glyphosate-based formulations.

      **RESPONSE TO INTERROGATORY NO. 23:** Monsanto incorporates by reference the foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No. 23 because it assumes facts not in evidence.  Monsanto objects to the term "sponsored" as vague, ambiguous, and lacking specificity.  Monsanto objects to Interrogatory No. 23 because it is cumulative and/or duplicative of discovery already served, including because plaintiffs are seeking this information in Topic No. 15 (Monsanto's knowledge, positions, and conduct of

Monsanto-sponsored analyses, studies, evaluations, and/or testing of GBFs), in their Rule

30(b)(6) Notice of Deposition served on November 9, 2018.  Monsanto objects to Interrogatory

No. 22 because this Interrogatory exceeds the limit of 25 interrogatories, including all parts and

subparts, imposed by Federal Rule of Civil Procedure 33.  Monsanto objects to Interrogatory No.

13 because it seeks information that is publicly available and therefore readily available to

plaintiffs, as the burden of obtaining such information is the same for plaintiffs as it would be for

Monsanto.  Monsanto objects to Interrogatory No. 23 because discovery is on-going.

MONSANTO COMPANY'S RESPONSES AND OBJECTIONS TO FIRST SET OF GENERAL
INTERROGATORIES
MDL. NO. 2741 & CASE NO. 16-MD-02741-VC

DATED: December 10, 2018

Respectfully submitted,

By:
Joe G. Hollingsworth (pro hac vice)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (pro hac vice)
(elasker@hollingsworthllp.com)
Kirby T. Griffis (pro hac vice)
(kgriffis@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY

25

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of **Monsanto Company's**

**Responses and Objections to First Set of General Interrogatories** was served upon the parties

below via electronic mail and U.S. Mail, postage prepaid, this 10th Day of December 2018:

R. Brent Wisner, Esq. (SBN: 276023)
rbwisner@baumhedlundlaw.com
BAUM, HEDLUND, ARISTEI, & GOLDMAN, P.C.
10940 Wilshire Boulevard, 17th Floor
Los Angeles, CA 90024
Telephone: (310) 207-3233
Facsimile: (310) 820-7444

Aimee H. Wagstaff, Esq.
Aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 W. Alaska Drive
Lakewood, CO 80226
Telephone: (303) 376-6360
Facsimile: (303) 376-6361

Michael J. Miller, Esq.
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Avenue
Orange, VA 22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055

Robin L. Greenwald, Esq.
rgreenwald@weitzlux.com
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500
Facsimile: (212) 344-5461

*Attorneys for Plaintiffs*

Kirby T. Griffis
HOLLINGSWORTH LLP

*Attorney for Defendant,*
*MONSANTO COMPANY*

26