Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
Martin C. Calhoun (*pro hac vice*)
Heather A. Pigman (*pro hac vice*)
**HOLLINGSWORTH LLP**
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639
Email: jhollingsworth@hollingsworthllp.com
         elasker@hollingsworthllp.com
         mcalhoun@hollingsworthllp.com
         hpigman@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No. 16-md-02741-VC |
|---|---|
| | MDL No. 2741 |
| This document relates to:<br><br>ALL ACTIONS | **MONSANTO COMPANY'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Pursuant to Civil Local Rules 79-5 and 7-11 and the Amended Protective and Confidentiality Order entered by the Court on September 6, 2017 ("Amended Protective Order") at ¶ 18, Defendant Monsanto Company ("Monsanto') hereby submits this Administrative Motion to File under Seal ("Motion").

**I.     Monsanto Conditionally Lodges Under Seal the Expert Reports of Drs. Benbrook and Sawyer and Related Deposition Testimony.**

Monsanto hereby notifies the Court that it has conditionally filed under seal certain discrete parts of the reports of plaintiffs' experts Dr. Charles Benbrook and Dr. William Sawyer

("the Reports") and their respective depositions.[1] Monsanto is not seeking to file under seal its own internal documents but rather certain portions of the Reports and the deposition transcripts because they quote from or otherwise summarize documents or parts of documents Monsanto has designated confidential. If left unsealed, the quotes or summaries may be taken out of context and/or used in a misleading manner by third parties not involved in this litigation. This Motion is resolved under the compelling reasons standard. *Dominion Assets LLC v. Masimo Corp.*, 2018 WL 2427790, at *1-2 (N.D. Cal. May 30, 2018) (granting request to seal parts of exhibits to Defendants' *Daubert* motions where Defendants articulated compelling reasons to seal portions of the submitted documents and the proposed redactions are narrowly tailored). This Motion is also based on the Declaration of Robyn D. Buck in Support of Monsanto's Administrative Motion to File Under Seal ("Buck Decl."). (Ex. 1)

**II.     The Court Should Maintain the Confidentiality of Monsanto's Confidential Business Information.**

This Court has "broad latitude" to "prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F. 3d 1206, 1211 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c)(1). As described below and in the Buck Declaration, Monsanto seeks to maintain the confidentiality of discrete business information contained in documents quoted from in both of the Reports. This information includes the names of individuals in European countries whose identities are mandated by EU law not to be disclosed; confidential or proprietary research and formulations; and a confidential consulting contract. Monsanto has identified the discrete information it seeks to maintain as confidential in red redaction boxes on the Reports and deposition transcripts as submitted under

---

[1] The following briefs being filed simultaneously cite to these Reports and depositions: Monsanto Company's Notice of Motion and Motion to Exclude Testimony of Mr. James A. Mills; Monsanto Company's Notice of Motion and Motion to Exclude Testimony of Dr. Charles Benbrook on *Daubert* Grounds; Monsanto Company's Notice of Motion and Motion to Exclude Testimony of Dr. William Sawyer on *Daubert* Grounds; Monsanto Company's Notice of Motion and Motion to Exclude Testimony of Dr. Chadi Nabhan, Dr. Andrei Shustov, and Dr. Dennis Weisenburger on *Daubert* Grounds; and Monsanto Company's Notice of Motion and Motion for Summary Judgment re: Tier 1 Plaintiffs on Non-Causation Grounds.

seal with the Court, and it now asks the Court to order this information redacted from any public version of the document.

### A. Compelling Reasons Exist to Permit Redaction of Personal Information of European Individuals.

The Reports contain personal identifying information of European individuals that must be kept confidential in order for Monsanto to comply with its obligations under European Union and Belgian data privacy law.  *See* Buck Decl. at 5(a); Dehareng Law Decl. (Ex. 1 to Buck Declaration).[2]  Co-lead plaintiffs' counsel previously agreed "that European law provides heightened protection for privacy rights and personal data" and that, "[s]hould a future need arise, European citizens' names and personal information will be subject to redaction, as proposed by Monsanto."  Jt. Ltr. Br., Doc. No. 237 (filed 4/14/2017) at 5.  (Ex. 2)  The "personal data" that is protected by these laws is any information relating to a natural person, including employment information, job titles, mailing addresses, phone numbers, and e-mail addresses. *See St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 104 F. Supp. 3d 1150, 1162 (D. Ore. 2015) ("'Personal data' is defined broadly to include names, job titles, email addresses, and so on").  Monsanto must, therefore, redact direct identifiers of European individuals (name, email address, job title, job position, phone number, etc.) so as not to violate European privacy laws.

### B. Compelling Reasons Exist To Maintain The Confidentiality Of Proprietary Research.

Information about Monsanto's proprietary research should also remain confidential.  *See* Buck Decl. at 5(b).  Public disclosure would harm Monsanto by providing helpful information – that is expensive to develop – to Monsanto's competitors.  *Id.*   This Court previously ordered similar proprietary research to be filed under seal.  *See* Pretrial Order No. 15 at 4.  Other courts also agree that such research should be protected. *See In re Denture Cream Prods. Liab. Litig.*,

---

[2] This information is protected under European Union privacy laws and the implementing laws of member nations. *See, e.g.,* Monsanto Co.'s Consent Mot. for Order re Production of Custodial Files of Richard Garnett and Christophe Gustin (ECF No. 61); Monsanto Company's Response in Support of Plaintiffs' Feb. 20, 2017 Administrative Motion to File Under Seal (ECF No. 166).

2013 WL 214672, at *7-8 (S.D. Fla. Jan. 18, 2013) (finding good cause to protect proprietary product studies from disclosure); *see also* Fed. R. Civ. P. 26(c)(1) (permitting issuance of a protective order to prevent disclosure of "confidential research").

### C. Compelling Reasons Exist To Maintain The Confidentiality Of Proprietary Technical Product Information.

This Court should also seal discrete technical product information contained in the Reports and deposition testimony. *See* Buck Decl. at 5(c). This proprietary product information, which includes, for example, which ingredients are in specific Roundup® -branded product formulations, is quintessential "trade secret" information that courts routinely protect from disclosure. *See, e.g., Microsoft Corp. v. Motorola, Inc.*, 2012 WL 5476846, at *2-3 (W.D. Wash. Nov. 12, 2012) (sealing documents containing proprietary technical product specifications); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (unpublished). Public disclosure of this information would harm Monsanto by providing its competitors with specific proprietary information about its products. This Court previously sealed a report that contains "proprietary, technical information about Monsanto's products." *See* Pretrial Order 15 at 4.

### D. Compelling Reasons Exist To Maintain The Confidentiality Of Confidential Consulting Contracts.

The Court should maintain the confidentiality of confidential business contracts between Monsanto and a third party outside consultant. *See* Buck Decl. at 5(d). Revealing the details of the quoted consulting agreement "would result in an invasion of the third party's privacy" as well as cause "competitive harm" to Monsanto. *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL984121, at *3 (N.D. Cal. Mar. 4, 2015). In particular, "disclosing the terms of these agreements would put [Monsanto] at a disadvantage in future negotiations for similar agreements." *Id.* Disclosure also would harm the non-party consultant who, much like an employee, has a "significant interest" in keeping his consulting agreement "secret." *Aevoe Corp v. AE Tech Co.*, 2013 WL 5923426, at *2 (D. Nev. Nov, 1, 2013) (agreeing that an "employment contract should be kept under seal").

**CONCLUSION**

For all of these reasons, Monsanto respectfully requests that the Court grants its Motion to seal the discrete information discussed above in the public copies of the Reports it must file with its *Daubert* briefing.

DATED: January 3, 2019                                Respectfully submitted,

/s/ Eric G. Lasker
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
Heather A. Pigman (*pro hac vice*)
(hpigman@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

Attorneys for Defendant,
MONSANTO COMPANY