# Exhibit 2



**Hollingsworth**LLP
Litigation Matters.®

April 14, 2017

Joe G. Hollingsworth
dir 202 898 5842
jhollingsworth@hollingsworthllp.com

**FILED VIA ECF**
Honorable Vince Chhabria
United States District Court, Northern District of California

Re: *In re Roundup Prod. Liab. Litig.*, No. 3:16-md-02741-VC

To the Honorable Vince Chhabria,

This letter is submitted by the parties pursuant to paragraph 15 of the Standing Order for Civil Cases Before Judge Vince Chhabria.

## Monsanto's Position

Due to the harassment and invasion of privacy of non-party individuals that followed plaintiffs' filings in response to Pretrial Order No. 15 ("PTO 15"), Monsanto Company ("Monsanto") requests that the Court order that non-party individuals' names, personal identifiers, and contact information will be redacted in any court filings (including exhibits) absent further Order of the Court. Entering this order now promotes judicial economy by avoiding sealing motions directed to a large percentage of court exhibits on this limited issue. While Monsanto's prior requests to seal entire documents based on privacy interests were deemed overbroad, this redaction request is much narrower and consistent with the Court's observation that, "you have to take when you're considering whether something should be filed under seal, you have to take into consideration privacy interests and privacy interests of third parties." 2/27/17 Hr'g Tr. at 39:24-40:2; *see also id.* at 49:2-5.

The recent release of cherry-picked documents attached by plaintiffs to non-merits motions were, as Monsanto feared, taken out-of-context and covered by many media sources. Far more problematic than the potential harm to Monsanto, this led to harassment of non-party individuals. A former Monsanto employee had to change his cell phone number due to multiple harassing calls related to an article posted online that presented plaintiffs' spin on the documents and posted the former employee's contact information from the released records. Excerpts of those calls include one caller saying, "if you're as low down as the story says you are man, I hope you enjoy Bubba in prison," Voicemail 1, another caller saying, "I want to see you go to jail," Voicemail 2, and a third caller saying, "I'm just calling to let you know what a piece of shit I think you are, I'm sure a lot of other people feel the same way, and I'm sure you are getting a lot of phone calls," and "just add me onto that list you cocksucker," Voicemail 3. A former Monsanto consultant mentioned in another document was subject to an investigation by his University, which engaged an external investigator, before ultimately concluding that the

The Honorable Vince Chhabria
April 14, 2017
Page 2



plaintiffs' arguments and the selectively released documents were inaccurate and misleading.[1] The invasion of privacy also included media requests for comments to Monsanto consultants who were then asked to address plaintiffs' false allegations of misconduct outside the courtroom.[2]

### A. Protecting Non-Party Privacy Is Consistent With the Federal Rules of Civil Procedure and U.S. Supreme Court Guidance.

Under Federal Rule of Civil Procedure 26(c), courts can "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden . . . ." Fed. R. Civ. P. 26(c)(1). The U.S. Supreme Court has noted that, "[a]lthough [Rule 26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984).

Courts in this District have recognized "that 'invasion of [a] third party's privacy' constitutes a compelling reason to file an exhibit under seal." *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, Case No. 14-cv-03078-JSC, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) (quoting *Icon-IP Ltd. v. Specialized Bicycle Components, Inc.*, Case No. 12-cv-03844-JST, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015)). In *Music Group*, the court ordered the redaction from every summary judgment exhibit of the identities of two of the plaintiff's former employees that the company suspected of perpetrating the cyber attack at issue in the case because "[d]isclosure of this information would infringe the privacy rights of those two individuals." *Id.* The court noted that public interest in the information "is minimal" because the public would have access to all of the relevant information; "the names of those employees is not important." *Id.* Likewise, an employee's "personal information," such as name, address, and telephone number, "triggers a privacy right that creates a good cause for sealing." *Id.* at *11; *see also In re Rocket Fuel Inc. Sec. Litig.*, Case No. 14-cv-03998-PJH, 2017 WL 344983, at *7 (N.D. Cal. Jan. 24, 2017) (finding good cause to order the redaction of "the names of Rocket Fuel employees who are not officers, directors, or named defendants in" the securities violation case); *Navarro v. Eskanos & Adler*, No. C-06-02231 WHA (EDL), 2007 WL 902550, at *6 (N.D. Cal. Mar. 22, 2007) (finding good cause to maintain the confidentiality of "an internal organizational chart with names and email addresses" because of the "privacy issues at stake").[3]

---

[1] *See* Cecilia Smith-Schoenwalder, *Med school backs professor on glyphosate paper*, E&E News (Mar. 22, 2017), http://www.eenews.net/eenewspm/stories/1060051909/print (immediately accessible after entering a valid email address).

[2] *See, e.g.*, Danny Hakim, *Monsanto Weed Killer Roundup Faces New Doubts on Safety in Unsealed Documents*, The New York Times (Mar. 14, 2017), https://nyti.ms/2nluL6A.

[3] Courts in other circuits also have ordered the redaction of non-party employee names and other identifying information in order to protect their right to privacy and prevent "unnecessary annoyance or embarrassment." *Smith v. City of Chicago*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. Oct. 31, 2005); *see also Burton v. Zwicker & Assocs.*, 10-cv-227-WOB-JGW, 2012 WL 12925759, at *4 (E.D. Ky. Sept. 24, 2012); *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006); *Kelly v. City of New York*, No. 01 Civ. 8906 (AGSDF), 2003 WL 548400, at *6 (S.D.N.Y. Feb. 24, 2003).

The Honorable Vince Chhabria
April 14, 2017
Page 3



Here, as in *Kelly*, "[t]he individuals involved are not parties to this action, and are not being charged with wrongdoing in this case, and the Court should therefore make reasonable efforts to guard against disclosure that has the potential to invade their privacy and impair their personal reputations." *Kelly*, 2003 WL 548400, at *5.

### B. European Law Provides Additional Reason to Protect Non-Party Privacy.

Many of the employees and consultants that take part or are mentioned in internal company documents and correspondence are citizens of European nations where there are strict laws governing the disclosure of personal information. Even revealing the names of European individuals where there is no litigation need to do so may put Monsanto at risk of violating those laws. *See St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 104 F. Supp. 3d 1150, 1162 (D. Or. 2015) (noting that "European Union Directive 95/46/EC, 1995 O.J. (L 281) 31 . . . protects the 'right to privacy [of natural persons] with respect to the processing of personal data'" and that "'Personal data' is defined broadly to include **names**, job titles, email addresses, and so on" (alteration in original) (emphasis added)); The Sedona Conference, *International Litigation Principles on Discovery, Disclosure & Data Protection in Civil Litigation (Transitional Edition)* (Jan. 2017) at 15-16, *available at*, https://thesedonaconference.org/download-pub/4990 ("Where the identity of the individual data [subjects] is not relevant to the cause of action in the litigation, there is no need to provide such information in the first instance" but where it is required by the court, there should be another "'filtering' process" where personal data is provided "in a pseudonymised form with individual identifiers other than the data subject's name" (alterations in original) (quoting Article 29 Data Protection Working Party, *Working Document 1/2009 on Pre-trial Discovery for Cross-border Civil Litigation*, 00339/09/EN, WP 158, 10–11 (adopted Feb. 11, 2009), http://ec.europa.eu/justice/policies/privacy/docs/wpdocs/2009/wp158_en.pdf)). As the U.S. Supreme Court has recognized, international comity compels "due respect" for the laws of other nations and for the "special problem[s] confronted" by parties in U.S. litigation who are subject to those laws. *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 546 (1987). The threat to these very clearly outlined privacy interests under European law is even higher in a case such as this one where every publicly filed internal document may be used to launch personal and false attacks on individuals.[4]

### Plaintiffs' Position

Monsanto has raised the issue of privacy concerns related to Monsanto's current employees, former employees, and consultants within the United States, as well as individual privacy concerns under European law. During a March 30, 2017, meet and confer, Plaintiffs offered to address all such concerns on a case-by-case basis, rather than agreeing to and adopting

---

[4] Monsanto previously submitted a more detailed brief on the privacy laws of the European Union and Belgium in connection with plaintiffs' request for discovery from certain employees of Monsanto's European subsidiary. *See* Monsanto Co.'s Consent Motion for Order re Production of Custodial Files of Dr. Mark Martens, ECF No. 167. While Monsanto believes the foreign law is clear, and amply discussed in cited authorities, if helpful to the Court, Monsanto will procure an expert witness declaration on such foreign privacy laws. However, these concerns are not limited to Europe, and the reasons for sealing and protection apply to U.S. based individuals as well for the reasons discussed above.

The Honorable Vince Chhabria
April 14, 2017
Page 4



a steadfast rule. Monsanto did not agree to a case-by-case analysis. As a result, Plaintiffs disagree with Monsanto's position for the reasons that follow.

### A. Case Law Does Not Support Monsanto's Position

Monsanto seeks relief from this Court in an effort to protect the privacy interests of unidentified individuals who may be referenced or named in *future* unsealed documents. Monsanto has not cited, and Plaintiffs have not been able to identify, controlling legal authority for a blackline rule mandating that third party names and personal information be redacted pro forma in documents once they become unsealed.

Instead, in support of its position, Monsanto cites only to cases that analyze the relevance of the individual's name in relation to the document at issue before determining whether personal information redaction is necessary. In each case, however, the court considered the documents at issue, singularly, before issuing an opinion over the appropriateness of personal information redaction. Thus, a review of Monsanto's cited authority reveals that many courts confronted with the issue of personal information or name redaction engage in the exact type of analysis that Plaintiffs proposed during the parties' meet and confer; that is, personal information redactions are appropriately considered on a case-by-case basis.

Monsanto's argument primarily rests on *Music Grp. v. Foote*, No. 14-cv-03078-JSC, 2015 WL 3993147 (N.D. Cal. June 30, 2015), but this case is dissimilar. Most pertinently, the relief Monsanto seeks is unlike the relief sought in *Music Grp*. The issue presented in *Music Grp.* was whether the defendants' request to seal documents appended to their dispositive motion was proper. Here, Monsanto is preemptively seeking redaction of presently unascertainable non-party names for *future* documents that *may* be unsealed by the Court.[5]

Monsanto further relies on *Kelly v. City of New York*, No. 01 Civ. 8906 (AGSDF), 2003 WL 548400 (S.D.N.Y. Feb. 24, 2003). The factual scenario that Monsanto describes as necessitating the redaction of all non-party names is unlike *Kelly*. In *Kelly*, a news organization filed a motion to intervene seeking to obtain access to the defendant's records and to oppose the defendant's request for a protective order. The court granted the newspaper's motion for intervention and rejected defendant's request for an order providing blanket coverage for all produced documents. Instead, the court struck a compromise and ordered the redaction of all non-party employees' names in the documents. *See id.* at *7. As a practical matter, *Kelly* is not binding authority in this Court, and as an applied matter, the facts of *Kelly* are not analogous. The sensitive documents there did not involve merely email communications, as is the case here, but tax records demonstrating exemptions claimed by current employees and documents concerning the defendant-employer's investigations into whether those tax documents were fraudulent. *See id.* at *4 ("The records concerning the investigation of non-party employees are even more potentially sensitive, as these records may contain a variety of types of personal

---

[5] Like *Music Grp.*, Monsanto's other cited cases arise in the context of motions to seal documents and are therefore equally inapplicable to the precise relief that Monsanto seeks here.

The Honorable Vince Chhabria
April 14, 2017
Page 5



information, as well as allegations that have not been fully investigated, substantiated, or proven.").

A blanket rule applying absolute redactions to all names is unsupportable. Instead, Plaintiffs urge that when and if the situation arises that additional documents are unsealed by the court, the parties shall meet and confer to determine whether personal information redactions are appropriate.

### B. Plaintiffs Agree With Monsanto's Position On European Privacy Laws

Plaintiffs have no dispute that European law provides heightened protection for privacy rights and personal data. Should a future need arise, European citizens' names and personal information will be subject to redaction, as proposed by Monsanto.

Case 3:16-md-02741-VC Document 2413-2 Filed 01/03/19 Page 7 of 7
Case 3:16-md-02741-VC Document 237-3 Filed 04/14/17 Page 6 of 6

The Honorable Vince Chhabria
April 14, 2017
Page 6



Dated: April 14, 2017

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY

/s/ Robin Greenwald, Aimee Wagstaff, Michael Miller,

Robin Greenwald, Esq.
WEITZ & LUXENBURG
700 Broadway
New York, NY 100003
RGreenwald@weitzlux.com

Aimee H. Wagstaff, Esq.
ANDRUS WAGSTAFF, PC
7171 W. Alaska Dr.
Lakewood, CO 80226
aimee.wagstaff@andruswagstaff.com

Michael Miller Esq.
THE MILLER FIRM LLC
108 Railroad Ave
Orange, VA 22960
MMiller@millerfirmllc.com

Co-Lead Counsel for Plaintiffs