# EXHIBIT 4

Pages 1 - 105

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE VINCE CHHABRIA, JUDGE

IN RE ROUNDUP PRODUCTS         )
LIABILITY LITIGATION           ) Case No. 16-md-02741
_____)
                                 San Francisco, California
                                 Monday, October 29, 2018


TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiffs:
                     WEITZ & LUXENBERG, P.C.
                     700 Broadway
                     New York, New York 10003
            BY:  ROBIN L. GREENWALD, ESQ.

                     ANDRUS ANDERSON LLP
                     7171 West Alaska Drive
                     Lakewood, Colorado 80226
            BY:  AIMEE WAGSTAFF, ESQ.

                     BAUM, HEDLUND, ARISTEI, & GOLDMAN, P.C.
                     12100 Wilshire Boulevard, Suite 950
                     Los Angeles, California 90025
            BY:  R. BRENT WISNER, ESQ.
                 MICHAEL L. BAUM, ESQ.

                     THE MILLER FIRM LLC
                     108 Railroad Avenue
                     Orange, Virginia  22960
            BY:  BRIAN BRAKE, ESQ.


 (Appearances continued on next page)


Reported By:   Katherine Powell Sullivan, CSR #5812, RPR, CRR
               Official Reporter - U.S. District Court

```
 1   APPEARANCES (CONTINUED):

 2   For Plaintiffs:
                              LAW OFFICES OF TESFAYE TSADIK
 3                            1736 Franklin Street 10th Floor
                              Oakland, California 94612
 4                       BY:  TESFAYE WOLDE TSADIK, ESQ.

 5                            LUNDY, LUNDY, SOILEAU AND SOUTH, LLP
                              501 Broad Street
 6                            Lake Charles, Louisiana 70601
                         BY:  HUNTER WILLIAM LUNDY, ESQ.
 7                            NADINA ANN BEACH, ESQ.

 8                            BRADY LAW GROUP
                              1015 Irwin Street
 9                            San Rafael, California 94901
                         BY:  STEVEN J. BRADY, ESQ.
10                            STEVEN B. STEIN, ESQ.

11                            AUDET & PARTNERS, LLP
                              711 Van Ness Avenue, Suite 500
12                            San Francisco, California  94102
                         BY:  MARK BURTON, ESQ.
13
                              LOCKRIDGE GRINDAL NAUEN PLLP
14                            100 Washington Avenue S.
                              Minneapolis, Minnesota 55401-2179
15                       BY:  YVONNE M. FLAHERTY, ESQ.

16   For Defendant:
                              HOLLINGSWORTH LLP
17                            1350 I Street, N.W.
                              Washington, DC 20005
18                       BY:  ERIC G. LASKER, ESQ.
                              KIRBY T. GRIFFIS, ESQ.
19
                              ARNOLD & PORTER
20                            777 South Figueroa Street, 44th Floor
                              Los Angeles, California  90017
21                       BY:  PAMELA J. YATES, ESQ.

22                            WILKINSON WALSH ESKOVITZ
                              2001 M Street, NW, 10th Floor
23                            Washington, DC 20036
                         BY:  BRIAN L. STEKLOFF, ESQ.
24

25
```

1  that, they can file something by no later than November 19th,
2  and you'll have your answer before Thanksgiving.  Okay.
3            MS. WAGSTAFF:  Thank you, Your Honor.
4            MR. LASKER:  That's fine, Your Honor.
5            THE COURT:  Not a particularly hard decision.  Okay.
6            MR. TSADIK:  Thank you, Your Honor.
7            THE COURT: All right.  Let's see.  That's that.
8       Okay.  Is it Stevick or --
9            MR. BRAKE:  Stevick, Your Honor.
10           THE COURT:  Stevick, I'm sorry.
11           MR. BRAKE:  Yes, sir.
12           THE COURT:  So in the Stevick case, this issue about
13  filling out a fact sheet for loss of consortium, I don't think
14  we need to discuss this much.  It seems like there are two
15  issues or two types of cases; right?
16       There's a type of case where there are two plaintiffs.
17  One is the person who has NHL, and the other person is the
18  spouse who's asserting a loss of consortium claim.  It seems
19  quite obvious to me that the -- in that type of case -- so
20  that's one type of case.
21       And then the other type of case is the case where the
22  person with NHL has passed away.  And I guess the only -- I
23  mean, even in that case there would still be, presumably, the
24  spouse who would be asserting a claim on behalf of the estate,
25  right, and then might also be asserting a loss of consortium

1   claim.
2           In either scenario there's always going to be a fact sheet
3   filled out by the plaintiff or by a representative of the
4   plaintiff -- by the person with NHL or a representative of the
5   person with NHL, about the person with NHL and their exposure
6   and their employment history and all that stuff; right?
7           So then this is only a question about whether the spouse
8   who's asserting a loss of consortium should also be filling out
9   the fact sleet and should also be signing the authorizations.
10  The answer to that question is no.
11          I think that we may have had a passing assumption that
12  maybe that would happen, but it doesn't make any sense for it
13  to happen.  If there's any specific discovery that needs to be
14  done of a spouse that's asserting a loss of consortium claim,
15  you can do more specific and sensible discovery directed at the
16  spouse asserting the loss of consortium claim.
17          So neither the Stevick spouse -- Chris Stevick?
18              MR. BRAKE:  Yes, sir, that's correct.
19              THE COURT:  -- nor any other spouse who falls in this
20  category needs to fill out a separate Plaintiff's Fact Sheet.
21              MR. BRAKE:  Thank you, Your Honor.  Brian Brake, for
22  the record.
23          There was a proposed order attached to the joint letter we
24  sent to the Court, which is --
25              THE COURT:  Does it capture what I just said?

1          MR. BRAKE:  Not exactly, but it's pretty darn close.
2          THE COURT:  Okay.
3          MR. BRAKE:  So you may want to look at that.  Thank
4  you.
5          THE COURT:  All right.  Somewhere in the case
6  management statement you asked about the briefing -- the length
7  of briefs.  That sounds fine.  That's approved.
8          Adding general causation experts, the answer to that
9  question is basically no.  You cannot add general causation
10 experts.
11         If there is an emergency-type situation, if Loralei Mucci
12 has a medical emergency or, you know, something like that, and
13 you want to seek permission to sub somebody in to provide, you
14 know, substantially the same testimony, I will entertain it.
15 I'm not saying I will grant it, but I will entertain it.
16         But the basic answer is, no, I don't think it's
17 appropriate, given everything we've been through already as a
18 team, to be adding general causation experts.
19         MR. LASKER:  If I may, Your Honor?
20         THE COURT:  Sure.
21         MR. LASKER:  There's a separate issue there, and I'd
22 like to invite either Brian to step up, or Pamela Yates to come
23 up.  They'll be trial counsel for the first case.
24         THE COURT:  Sure.
25         MR. LASKER:  And the issue, just to tee it up, and

Page 42

1    they can continue, is these experts have continued to be
2    working as the litigation has gone forward.  So we have experts
3    who have expanded what they have looked at and, in many cases,
4    been deposed on additional issues.
5         If I could ask one of my colleagues to stand up about
6    that.
7              THE COURT:  Sure.
8              MR. LASKER:  Thank you.
9              MR. STEKLOFF:  Thank you, Your Honor.  Brian Stekloff.
10        I don't think there's much to add beyond what Mr. Lasker
11   said, other than it might come up in the context of
12   supplementing an expert's reliance list.  For example, if
13   there's additional epidemiology or other scientific literature
14   they wanted to rely upon.
15        We would, of course, give the other side notice of that.
16   I think that's different than adding a new general causation
17   expert and having --
18             THE COURT:  Yeah, I was assuming -- I mean, if anybody
19   has any disagreement with this, you can let me know, but I was
20   assuming, just by the nature of this topic, there would have to
21   be additional reliance on new materials, either materials that
22   played a key role in the state court trial, that maybe didn't
23   play a key role in our Daubert hearings, or in something that
24   is newly published, or something like that, and that experts
25   would supplement their disclosures.