**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   202-898-5800
Facsimile:   202-682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Charles Miracle, Individually, and as Administrator of the Estate of Eva L. Miracle v. Monsanto Co.,* Case No 3:18-cv-07308-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Complaint ("Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 that decedent purchased Roundup®-branded products in

Kentucky and therefore denies those allegations.  The remaining allegations in paragraph 2 set forth conclusions of law for which no response is required.

3.      In response to the allegations in the first sentence of paragraph 3, Monsanto admits that it sells Roundup®-branded products in Kentucky.  The final sentence in paragraph 3 sets forth conclusions of law for which no response is required.  The remaining allegations in paragraph 3 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiffs' Complaint.

5.      In response to the allegations in paragraph 5, Monsanto denies any "omissions" and certain events giving rise to plaintiffs' claims.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.  The remaining allegations in paragraph 5 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits that venue is proper in the Eastern District of Kentucky based upon the allegations in plaintiffs' Complaint.

6.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, second, third, and final sentences of paragraph 6.  Monsanto denies the remaining allegations in paragraph 6.

7.      Monsanto admits the allegations in paragraph 7.

8.      Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

10.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its

affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 10 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

11.     Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate.  The remaining allegations in paragraph 11 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore denies those allegations.

12.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.  The remaining allegations in paragraph 12 comprise attorney characterizations and are accordingly denied.

13.     Monsanto admits the allegations in paragraph 13.

14.     Monsanto generally admits the allegations in paragraph 14, but denies the allegations in paragraph 14 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

15.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 16 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 16.

17.     In response to the allegations in the first sentence of paragraph 17, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto admits the allegations in the second sentence of paragraph 17.  Monsanto lacks information or

1    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 17

2    and therefore denies those allegations.

3         18.    Monsanto states that the term "In all this time" is vague and ambiguous, and

4    Monsanto therefore denies the same.  Monsanto admits that Roundup®-branded products have

5    been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded

6    products have carcinogenic properties and denies the remaining allegations in paragraph 18.

7         19.    The allegations in paragraph 19 set forth conclusions of law for which no

8    response is required.  To the extent that a response is deemed required, Monsanto admits the

9    allegations in paragraph 19.

10        20.    In response to the allegations in paragraph 20, Monsanto admits that EPA requires

11   registrants of herbicides to submit extensive data in support of the human health and

12   environmental safety of their products and further admits that EPA will not register or approve

13   the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

14   Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 20 set forth

15   conclusions of law for which no response is required.

16        21.    The allegations in paragraph 21 set forth conclusions of law for which no

17   response is required.

18        22.    Monsanto admits that Roundup®-branded products are registered by EPA for

19   manufacture, sale and distribution and are registered by the State of Kentucky for sale and

20   distribution.

21        23.    In response to the allegations in paragraph 23, Monsanto admits that EPA requires

22   registrants of herbicides to submit extensive data in support of the human health and

23   environmental safety of their products and further admits that EPA will not register or approve

24   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

25   states that the term "the product tests" in the final sentence of paragraph 23 is vague and

26   ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 23

27   set forth conclusions of law for which no answer is required.

28

24.     Monsanto denies the allegations in paragraph 24 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 24 set forth conclusions of law for which no response is required.

25.     In response to the allegations in paragraph 25, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  In addition, other specific findings of safety include:

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-07308-VC

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies those allegations.

26.   In response to the allegations in paragraph 26, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer. To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 26 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

27.   Monsanto denies the allegations in paragraph 27.

- 6 -

1    28.    In response to the allegations in paragraph 28, Monsanto admits that the French

2  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

3  that it "left the soil clean," but denies the allegations in paragraph 28 to the extent that they

4  suggest that this ruling was in any way related to plaintiffs' claims here that glyphosate can cause

5  cancer.  Monsanto denies the remaining allegations in paragraph 28.

6    29.    Monsanto denies the allegations in paragraph 29.

7    30.    In response to the allegations in paragraph 30, Monsanto states that the cited

8  document speaks for itself and does not require a response.  To the extent that the allegations in

9  paragraph 30 go beyond a restatement of the cited document, Monsanto lacks information or

10  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 30

11  and therefore denies those allegations.

12    31.    Monsanto admits the allegations in paragraph 31.

13    32.    In response to the allegations in paragraph 32, Monsanto states that the cited the

14  document speaks for itself and does not require a response.  To the extent that the allegations in

15  paragraph 32 go beyond a restatement of the cited document, Monsanto lacks information or

16  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 32

17  and therefore denies those allegations.

18    33.    Monsanto states that the term "toxic" as used in paragraph 33 is vague and

19  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

20  denies the allegations in paragraph 33.

21    34.    Monsanto admits the allegations in the first sentence of paragraph 34.  In response

22  to the allegations in the second sentence of paragraph 34, Monsanto states that the document

23  speaks for itself and does not require a response.  To the extent that a response is deemed

24  required, Monsanto denies the remaining allegations in paragraph 34.

25    35.    In response to the allegations in the first sentence of paragraph 35, Monsanto

26  admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle

27  regulation" in 2004.  To the extent that paragraph 35 characterizes the meaning of the cited

28  study, Monsanto denies the allegations in paragraph 35.

36.     In response to the allegations in paragraph 36, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 37 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 37.

38.     Monsanto denies the allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 39 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 39.

40.     In response to the allegations in paragraph 40, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 40 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 40.

41.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 41.

42.     Monsanto denies the allegations in paragraph 42.

43.     Monsanto denies the allegations in paragraph 43.

44.     Monsanto denies the allegations in paragraph 44.

45.     Monsanto denies the allegations in paragraph 45.

46.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 46.

47.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

1    lacks information or knowledge sufficient to form a belief as to the truth of the remaining

2    allegations in paragraph 47 and therefore denies those allegations.

3        48.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 48 and therefore denies those allegations.  Monsanto denies

5    that glyphosate met the criteria necessary to be eligible for review.

6        49.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 49 and therefore denies those allegations.  Monsanto denies

8    that glyphosate met the criteria necessary to be eligible for review.

9        50.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

10   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

11   evidence was "cumulative."  The remaining allegations in paragraph 50 are vague and

12   conclusory and comprise attorney characterizations and are accordingly denied.

13       51.    Monsanto admits that the full IARC Monograph regarding glyphosate was

14   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

15   2A carcinogen.  In response to the remaining allegations in paragraph 51, Monsanto states that

16   the document speaks for itself and does not require a response.  To the extent that a response is

17   deemed required, the remaining allegations in paragraph 51 comprise attorney characterizations

18   and are accordingly denied.

19       52.    In response to the allegations in paragraph 52, Monsanto states that the document

20   speaks for itself and does not require a response.  To the extent that a response is deemed

21   required, the allegations in paragraph 52 comprise attorney characterizations and are accordingly

22   denied.

23       53.    In response to the allegations in paragraph 53, Monsanto states that the document

24   speaks for itself and does not require a response.  To the extent that a response is deemed

25   required, the allegations in paragraph 53 comprise attorney characterizations and are accordingly

26   denied.

27       54.    Monsanto denies the allegations in paragraph 54.

28

55.     The allegations in paragraph 55 comprise attorney characterizations and are accordingly denied.

56.     Monsanto admits the allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 58.

59.     The allegations in paragraph 59 are vague and ambiguous and are accordingly denied.

60.     In response to the allegations in paragraph 60, Monsanto states that the cited document speaks for itself and does not require a response.

61.     In response to the allegations in paragraph 61, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 61 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 61.

62.     Monsanto denies the allegations in paragraph 62.

63.     In response to the allegations in paragraph 63, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 63.

64.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic.  Monsanto otherwise denies the allegations in paragraph 64.

65.     Monsanto denies the allegations in paragraph 65.

66.     Monsanto denies the allegations in paragraph 66.

67.     Monsanto denies the allegations in paragraph 67.

68.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 68.

69.     Monsanto denies the allegations in paragraph 69.

70.     Monsanto denies the allegations in paragraph 70.

71.     Monsanto admits the allegations in paragraph 71.

72.     Monsanto denies the allegations in paragraph 72.

73.     Monsanto admits the allegations in paragraph 73.

74.     Monsanto denies the allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     Monsanto denies the allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 81.

82.     In response to the allegations in paragraph 82, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.

83.     In response to the allegations in paragraph 83, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

84.     In response to the allegations in paragraph 84, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United

1    Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

2    Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

3    Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

4    carcinogen.  Monsanto denies the remaining allegations in paragraph 84.

5              85.      Monsanto denies the allegations in paragraph 85.

6              86.      Monsanto denies the allegations in paragraph 86.

7              87.      Monsanto denies the allegations in paragraph 87.

8              88.      Monsanto denies the allegations in paragraph 88.

9              89.      Monsanto denies the allegations in paragraph 89.

10             90.      Monsanto denies the allegations in paragraph 90.

11             91.      Monsanto denies the allegations in paragraph 91.

12             92.      Monsanto denies the allegations in paragraph 92.

13             93.      Monsanto denies the allegations in paragraph 93.

14             94.      Monsanto denies the allegations in paragraph 94.

15             95.      Monsanto lacks sufficient information or knowledge to form a belief as to the

16   truth of the allegations in paragraph 95 and therefore denies those allegations.

17             96.      Monsanto lacks information or knowledge sufficient to form a belief as to the

18   truth of the allegations in paragraph 96 and therefore denies those allegations.

19             97.      Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 97 and therefore denies those allegations.

21             98.      Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 98 and therefore denies those allegations.

23             99.      Monsanto    denies the allegations in paragraph 99.

24             100.     Monsanto denies the allegations in paragraph 100.

25             101.     Monsanto denies that any exposure to Roundup®-branded products can cause

26   NHL and other serious illnesses and therefore denies the allegations in paragraph 101.  Monsanto

27   states, however, that the scientific studies upon which IARC purported to base its evaluation of

28   glyphosate were all publicly available before March 2015.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-07308-VC

102.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies the allegations in paragraph 102.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

103.    In response to the allegations in paragraph 103, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that glyphosate is injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The final sentence of paragraph 103 sets forth a conclusion of law for which no response is required.

104.    In response to the allegations in paragraph 104, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  The remaining allegations in paragraph 104 set forth conclusions of law for which no response is required.

105.    In response to the allegations in paragraph 105, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 105 and therefore denies those allegations.

106.    The allegations in paragraph 106 set forth conclusions of law for which no response is required.

107.    In response to the allegations in paragraph 107, Monsanto denies that it concealed any facts related to the human health safety of glyphosate.  The remaining allegations in paragraph 107 set forth conclusions of law for which no response is required.

108.    Monsanto denies the allegations in paragraph 108.

1    109.    The allegations in paragraph 109 set forth conclusions of law for which no

2    response is required.

3    110.    Monsanto denies the allegations in paragraph 110.

4    111.    The allegations in paragraph 111 set forth conclusions of law for which no

5    response is required.

6    112.    Monsanto incorporates by reference its responses to paragraphs 1 through 111 in

7    response to paragraph 112 of plaintiffs' Complaint.

8    113.    The allegations in paragraph 113 set forth conclusions of law for which no

9    response is required.

10    114.    Monsanto denies the allegations in paragraph 114.

11    115.    Monsanto denies the allegations in paragraph 115, including each of its subparts.

12    116.    Monsanto denies the allegations in paragraph 116.

13    117.    Monsanto denies the allegations in paragraph 117.

14    118.    Monsanto denies the allegations in paragraph 118, including each of its subparts.

15    119.    Monsanto denies the allegations in paragraph 119.

16    120.    Monsanto denies the allegations in paragraph 120.

17    121.    Monsanto denies the allegations in paragraph 121.

18    122.    Monsanto denies the allegations in paragraph 122.

19    In response to the "WHEREFORE" paragraph following paragraph 122, Monsanto

20    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

21    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

22    fees as allowed by law and such further and additional relief as this Court may deem just and

23    proper.

24    123.    Monsanto incorporates by reference its responses to paragraphs 1 through 122 in

25    response to paragraph 123 of plaintiffs' Complaint.

26    124.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27    truth of the allegations in paragraph 124 and therefore denies those allegations.

28

1    125.   Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 125 and therefore denies those allegations.

3    126.   Monsanto denies the allegations in paragraph 126.

4    127.   Monsanto denies the allegations in paragraph 127.

5    128.   Monsanto denies the allegations in paragraph 128.

6    129.   Monsanto denies the allegations in paragraph 129, including each of its subparts.

7    130.   Monsanto denies the allegations in paragraph 130.

8    131.   Monsanto denies that Roundup®-branded products have "dangerous

9    characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the remaining allegations in paragraph 131 and therefore denies those allegations.

11   132.   Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 132 and therefore denies those allegations.

13   133.   Monsanto denies the allegations in paragraph 133.

14   134.   The allegations in paragraph 134 set forth conclusions of law for which no

15   response is required.

16   135.   Monsanto denies the allegations in paragraph 135.

17   136.   Monsanto denies the allegations in paragraph 136.

18   137.   Monsanto denies the allegations in paragraph 137.

19   138.   Monsanto denies the allegations in paragraph 138.

20   139.   Monsanto denies the allegations in paragraph 139.

21   140.   Monsanto denies the allegations in paragraph 140.

22   141.   Monsanto denies the allegations in paragraph 141.

23   142.   Monsanto denies the allegations in paragraph 142.

24   143.   Monsanto denies the allegations in paragraph 143.

25   144.   Monsanto denies the allegations in paragraph 144.

26   145.   Monsanto denies the allegations in paragraph 145.

27   In response to the "WHEREFORE" paragraph following paragraph 145, Monsanto

28   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

1   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

2   fees as allowed by law and such further and additional relief as this Court may deem just and

3   proper.

4        146.    Monsanto incorporates by reference its responses to paragraphs 1 through 145 in

5   response to paragraph 146 of plaintiffs' Complaint.

6        147.    The allegations in paragraph 147 set forth conclusions of law for which no

7   response is required.

8        148.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9   truth of the allegations in paragraph 148 and therefore denies those allegations.

10       149.    Monsanto denies the allegations in paragraph 149.  All labeling of Roundup®-

11  branded products has been and remains EPA-approved and in compliance with all federal

12  requirements under FIFRA.

13       150.    Monsanto denies the allegations in paragraph 150.

14       151.    Monsanto denies the allegations in paragraph 151.  All labeling of Roundup®-

15  branded products has been and remains EPA-approved and in compliance with all federal

16  requirements under FIFRA.

17       152.    Monsanto denies the allegations in paragraph 152.  All labeling of Roundup®-

18  branded products has been and remains EPA-approved and in compliance with all federal

19  requirements under FIFRA and with Kentucky law.

20       153.    Monsanto denies the allegations in paragraph 153.

21       154.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22  truth of the allegations regarding decedent's use history in paragraph 154 and therefore denies

23  those allegations.  Monsanto denies the remaining allegations in paragraph 154.

24       155.    The allegations in paragraph 155 set forth conclusions of law for which no

25  response is required.

26       156.    Monsanto denies the allegations in paragraph 156.

27       157.    Monsanto denies the allegations in paragraph 157.

28       158.    Monsanto denies the allegations in paragraph 158.

1      159.    Monsanto denies the allegations that Roundup®-branded products are defective

2  and accordingly denies the allegations in paragraph 159.

3      160.    The allegations in paragraph 160 set forth conclusions of law for which no

4  response is required.

5      161.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6  truth of the allegations in paragraph 161 and therefore denies those allegations.

7      162.    Monsanto denies the allegations in paragraph 162.

8      163.    Monsanto denies the allegations in paragraph 163.

9      164.    Monsanto denies the allegations in paragraph 164.

10     165.    Monsanto denies the allegations in paragraph 165.

11     166.    Monsanto denies the allegations in paragraph 166.

12     167.    Monsanto denies the allegations in paragraph 167.

13  In response to the "WHEREFORE" paragraph following paragraph 167, Monsanto

14  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint

15  be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable

16  attorney's fees as allowed by law and such further and additional relief as this Court may deem

17  just and proper.

18     168.    Monsanto incorporates by reference its responses to paragraphs 1 through 167 in

19  response to paragraph 168 of plaintiffs' Complaint.

20     169.    Monsanto denies the allegations in paragraph 169.

21     170.    In response to the allegations in paragraph 170, Monsanto admits that it has sold

22  Roundup®-branded products in accordance with their EPA-approved labeling.  The allegations in

23  paragraph 170 regarding express and implied warranties set forth conclusions of law for which

24  no response is required.  Monsanto denies the remaining allegations in paragraph 170.

25     171.    Monsanto denies the allegations in the first and second sentence of paragraph 171.

26  All labeling of Roundup®-branded products has been and remains EPA-approved and in

27  compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

28  of paragraph 171 sets forth conclusions of law for which no response is required.

172.    The allegations in paragraph 172 set forth conclusions of law for which no response is required.

173.    Monsanto denies the allegations in paragraph 173.

174.    Monsanto denies the allegations in paragraph 174 and each of its subparts.

175.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 175 and therefore denies those allegations.

176.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 176 regarding decedent's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 176.

177.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 177 regarding decedent's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 177.

178.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 178 and therefore denies those allegations.

179.    Monsanto denies the allegations in paragraph 179.

180.    Monsanto denies the allegations in paragraph 180.

181.    Monsanto denies the allegations in paragraph 181.

In response to the "WHEREFORE" paragraph following paragraph 181, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

182.    Monsanto incorporates by reference its responses to paragraphs 1 through 181 in response to paragraph 182 of plaintiffs' Complaint.

183.    Monsanto denies the allegations in paragraph 183.

184.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 184 concerning decedent's claimed use of and exposure to

1      Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

2      paragraph 184 set forth conclusions of law for which no response is required.

3             185.    Monsanto denies the allegations in paragraph 185.  All labeling of Roundup®-

4      branded products has been and remains EPA-approved and in compliance with all federal

5      requirements under FIFRA.

6             186.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7      truth of the allegations in paragraph 186 regarding decedent's reliance and therefore denies those

8      allegations.  The remaining allegations in paragraph 186 set forth conclusions of law for which

9      no response is required.

10            187.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11     truth of the allegations in paragraph 187 and accordingly denies those allegations.  In addition,

12     the allegations in paragraph 187 set forth conclusions of law for which no response is required.

13            188.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14     truth of the allegations in paragraph 188 concerning decedent's claimed use of or exposure to

15     Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

16     paragraph 188 set forth conclusions of law for which no response is required.

17            189.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18     truth of the allegations in paragraph 189 concerning decedent's claimed use of or exposure to

19     Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph

20     189 regarding Monsanto's implied warranties sets forth conclusions of law for which no

21     response is required.  Monsanto denies the remaining allegations in paragraph 189.

22            190.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23     truth of the allegations in paragraph 190 concerning the condition of any Roundup®-branded

24     product allegedly used by decedent or about  decedent's alleged use of such product and

25     therefore denies the allegations in paragraph 190.

26            191.    Monsanto denies that there is any risk of serious injury associated with or linked

27     to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

28     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

1    allegations in paragraph 191 concerning decedent's knowledge about Roundup®-branded

2    products and therefore denies the remaining allegations in paragraph 191.

3           192.    Monsanto denies the allegations in paragraph 192.

4           193.    Monsanto denies the allegations in paragraph 193.

5           194.    Monsanto denies the allegations in paragraph 194.

6           195.    Monsanto denies the allegations in paragraph 195.

7    In response to the "WHEREFORE" paragraph following paragraph 195, Monsanto demands that

8    judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed,

9    with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as

10   allowed by law and such further and additional relief as this Court may deem just and proper.

11          196.    Monsanto incorporates by reference its responses to paragraph 1 through 195 in

12   response to paragraph 196 of plaintiffs' Complaint.

13          197.    Monsanto denies the allegation in paragraph 197 that decedent's death was

14   "wrongful" and denies that any injuries alleged in the Complaint, including the injury and death

15   of decedent, were caused by Roundup®-branded products.  Monsanto admits that plaintiffs

16   purport to bring a wrongful death claim but denies any liability on that claim.

17          198.    Monsanto denies the allegations in paragraph 198.

18          199.    Monsanto denies the allegations in the first sentence of paragraph 199.  Monsanto

19   admits that plaintiff purports to bring this claim on behalf of Eva L. Miracle's estate and

20   decedent's wrongful death beneficiaries, but denies any liability as to that claim and denies that

21   decedent's death was wrongful.

22          In response to the "WHEREFORE" paragraph following paragraph 199, Monsanto

23   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

24   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

25   fees as allowed by law and such further and additional relief as this Court may deem just and

26   proper.

27          Every allegation in the Complaint that is not specifically and expressly admitted in this

28   Answer is hereby specifically and expressly denied.

### SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.      Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' and/or decedent's injuries, if any, were the result of conduct of plaintiffs, decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' and/or decedent's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs and/or decedent suffered injury or damages as alleged, which is denied, such injury or damage resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' and/or decedent's alleged injury or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and/or decedent and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs and/or decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs and/or decedent failed to give notice of any breach thereof.

17.     Plaintiffs' claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Kentucky Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims for punitive damages are barred because plaintiffs have failed to allege conduct warranting imposition of punitive damages under Kentucky law and/or other applicable state laws.

20.     Plaintiffs' claims for punitive damages are barred and/or limited by operation of state and/or federal law.

21.     Plaintiffs' claims are barred in whole or in part by plaintiffs' and/or decedent's own contributory/comparative negligence.

22.     Plaintiffs' claims are barred in whole or in part by plaintiffs' and/or decedent's own failure to mitigate damages.

23.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receive from collateral sources.

25.     Plaintiffs' common law claims are barred, in whole or part, by application of the Kentucky Product Liability Act, Ky. Rev. Stat. § 411.300, *et. seq.*

26.     If plaintiffs and/or decedent have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

27.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize or limits such claims.

28.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

1    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2    plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

3    such other relief as the Court deems equitable and just.

4                              <u>**JURY TRIAL DEMAND**</u>

5         Monsanto demands a jury trial on all issues so triable.

6    DATED:  January 9, 2019                    Respectfully submitted,

7

8                                              /s/ Joe G. Hollingsworth
                                               Joe G. Hollingsworth (*pro hac vice*)
9                                              (jhollingsworth@hollingsworthllp.com)
                                               Eric G. Lasker (*pro hac vice*)
10                                             (elasker@hollingsworthllp.com)
                                               HOLLINGSWORTH LLP
11                                             1350 I Street, N.W.
                                               Washington, DC  20005
12                                             Telephone:   (202) 898-5800
                                               Facsimile:   (202) 682-1639

13                                             *Attorneys for Defendant*
                                               *MONSANTO COMPANY*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:18-cv-07308-VC