**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
Aimee.wagstaff@andruswagstff.com
David J. Wool (*pro hac vice*)
David.Wool@andruswagstaff.com
7171 W. Alaska Drive
Lakewood, CO  80226
Telephone: 303-376-6360

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
rgeenwald@weitzlux.com
700 Broadway
New York, NY 10003
Telephone: 212-558-5802

**THE MILLER FIRM LLC**
Michael Miller
mmiller@millerfirmllc.com
108 Railroad Avenue
Orange, VA  22960
Telephone: 540-672-4224

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*HARDEMAN v. MONSANTO COMPANY,*<br>*Case No: 3:16-cv-00525-VC* | ) MDL No. 2741<br>) Case No. 16-md-02741-VV<br>)<br>) **PLAINTIFF'S PROPOSED**<br>) **SUBSTANTIVE JURY INSTRUCTIONS**<br>) **AND VERDICT FORM FOR**<br>) **CAUSATION PHASE**<br>)<br>)<br>)<br>) |

Plaintiff, Edwin Hardeman, reasserts his objection to the bifurcation of this trial as it is improper, inconsistent with applicable California jury instructions for this type of case, and constitutes an abuse of discretion.  Notwithstanding that continued objection, and in an effort to comply with this Court's bifurcation order, Plaintiff submits these proposed substantive jury instructions and verdict form relating to the causation phase.  As the Court will see, these instructions are narrowly focused on the issue of scientific causation, not legal causation.  This distinction is key—under California law, Plaintiff must prove that the Defendant's negligence,

failure to warn, or design defect was a substantial factor in causing Mr. Hardeman's harm. However, under this Court's bifurcation order, a portion of the evidence related to Monsanto's negligence, failure to warn, and design defect will not be permitted during the first phase. This limitation is highly prejudicial to Plaintiff, and Plaintiff reserves all rights to a trial by jury on all elements of his claims.

Plaintiff also reserves the right to submit additional instructions from the Ninth Circuit Model Instructions and the Judicial Council of California Civil Jury Instructions (CACI).

**Instruction No. 1**

Plaintiff, Edwin Hardeman, claims that Defendant, Monsanto Company, designed, manufactured, and distributed its product, Roundup, and that Monsanto's product, Roundup, was a substantial factor in causing him to develop cancer, specifically, non-Hodgkin's lymphoma. We have reserved six weeks for this trial. Midway through the trial, we will call on you to answer some questions. We will conduct this trial in phases, which basically means that we will be calling on you to deliberate on certain questions at various times as we progress through the phases. In the first phase of this trial, you will be asked to determine whether Roundup is capable of causing Non-Hodgkin's Lymphoma and whether Monsanto's Roundup was a substantial factor in causing Mr. Hardeman's Non-Hodgkin's Lymphoma. The initial set of opening statements in Phase One will address these questions, and we will hear from witnesses regarding these questions as we begin the trial.

We will address different issues as the trial progresses, and the lawyers will be able to speak to you on additional issues as we move forward. Phase One will focus on issues of scientific causation and some of Monsanto's conduct in the design, manufacture, sale, and labeling of Roundup. The subject of Phase Two will focus more on Monsanto's conduct in the design, manufacture, sale, and labeling of Roundup. During Phase Two you will also be asked to determine the amount of damages Mr. Hardeman has suffered as a result of Monsanto's product, Roundup, and the amount of damages, if any, to punish Monsanto for its conduct.

**400. Negligence—Essential Factual Elements**

Mr. Hardeman claims that his cancer, non-Hodgkin's lymphoma, was caused by his exposure to Monsanto's pesticide, Roundup.  To establish this claim, Mr. Hardeman must prove:

1. Monsanto's Roundup is capable of causing non-Hodgkin's lymphoma; and
2. That Monsanto's Roundup was a substantial factor in causing Mr. Hardeman's non-Hodgkin's lymphoma.

SOURCE:  Modified because of the Court's bifurcation Order from the Judicial Council of California Civil Jury Instructions (CACI) No. 400.

PROPOSED SUBSTANTIVE JURY INSTRUCTIONS AND VERDICT FORM FOR CAUSATION PHASE
16-md-2741-VV

**430. Causation: Substantial Factor**

A substantial factor in causing non-Hodgkin's lymphoma is a factor that a reasonable person would consider to have contributed to non-Hodgkin's lymphoma. It must be more than a remote or trivial factor. It does not have to be the only cause of non-Hodgkin's lymphoma. There can be more than one substantial factor.

SOURCE: Modified because of the Court's bifurcation Order from the Judicial Council of California Civil Jury Instructions (CACI) No. 430.

**431. Causation: Multiple Causes**

Monsanto's product, Roundup, may combine with another factor to cause Mr. Hardeman's non-Hodgkin's lymphoma. If you find that Monsanto's Roundup was a substantial factor in causing Mr. Hardeman's non-Hodgkin's lymphoma, then Monsanto is responsible for Mr. Hardeman's non-Hodgkin's lymphoma. Monsanto cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Mr. Hardeman's non-Hodgkin's lymphoma.

SOURCE: Modified because of the Court's bifurcation Order from Judicial Council of California Civil Jury Instructions (CACI) No. 431.

**VERDICT FORM**

I.    **PHASE ONE: CAUSATION**

For each question, select one of the two options listed.

1. Is Monsanto's Roundup capable of causing non-Hodgkin's lymphoma:

    Yes. ☐      No. ☐

2. Was Monsanto's Roundup a substantial factor in causing Mr. Hardeman's non-Hodgkin's lymphoma?

    Yes. ☐      No. ☐