**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:   202-847-4030
Fax:   202-847-4005

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| *Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC | **MONSANTO'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM** |

# Introduction

In connection with the Court's January 3, 2019 order bifurcating the three bellwether trials (Docket No. 2406), the Court has asked the parties to exchange and then submit "substantive" instructions that the parties believe would be appropriate in the first phase of the bifurcated trial addressing medical causation.  Defendant Monsanto Company ("Monsanto") understands that the Court is looking for any instruction that would materially vary from or be in addition to the standard Ninth Circuit Model Instructions.  Monsanto believes that the Model Instructions should generally suffice for the majority of the instructions, although some of the instructions might need to be slightly modified based on the Court's substantive rulings as to the shape and content of Phase 1 and the unique circumstances of this case (e.g., trial publicity, role of regulatory agencies, etc.).  For present purposes, Monsanto believes that there should be a general instruction describing the Phase 1 process, as well a specific instruction dealing with medical causation and damages.  Those proposed instructions appear below.  Monsanto also submits its proposed Verdict Form for Phase 1, which includes the medical causation question and, if necessary, an assessment of an amount of compensatory damages.

# JURY INSTRUCTION

## (Opening Guidance/Overview of Phase One)

In this case, the Plaintiff Mr. Hardeman alleges that he developed Non-Hodgkin Lymphoma from his use of Roundup Products manufactured by Monsanto. Monsanto denies that Roundup can cause Non-Hodgkin Lymphoma, and specifically denies that Mr. Hardeman's Non-Hodgkin Lymphoma was caused by his use of Roundup.

We have budgeted about a month for this trial. We will be conducting the trial in phases, which basically means that we will be calling on you to deliberate on certain questions at various times as we progress through the phases. In the first phase of this trial, you will be asked to determine whether Mr. Hardeman can prove that his use of Roundup was the medical cause of his Non-Hodgkin Lymphoma, and if so, what amount of damages Mr. Hardeman has suffered as a result of his illness. So the medical causation question is what the lawyers' opening statements will be addressing at this point, and we will be hearing from witnesses on that subject as we begin the trial.

We will be addressing different issues as the trial progresses, and the lawyers will be able to speak to you on those issues as we move forward. At this point in the trial, however, you are not being asked to judge Monsanto's conduct in the sale and labeling of Roundup, or whether Monsanto has any responsibility for Mr. Hardeman's Non-Hodgkin Lymphoma. We will address that question in a second phase of this trial if it is necessary, and those matters must have no impact on your assessment of the scientific and medical evidence during the first phase of the trial.

Source: Court's guidance to parties.

# JURY INSTRUCTION

## (Medical Causation)

Mr. Hardeman must prove that Roundup was the medical cause of his Non-Hodgkin Lymphoma. Under California law, Mr. Hardeman satisfies his burden to prove medical causation if he proves that Roundup was a substantial factor in causing his Non-Hodgkin Lymphoma. A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm. Exposure to a product is not a substantial factor in causing harm if the same harm would have occurred without exposure to that product. Therefore, Mr. Hardeman must prove that he would not have developed Non-Hodgkin Lymphoma if he had not used Roundup products.

Source: California Civil Jury Instruction (CACI) No. 430. Causation: Substantial Factor (2017) (modified); *Somerset Studios, LLC v. Sch. Specialty, Inc.*, No. C 10-5527 MEJ, 2012 WL 13082018, at *3 (N.D. Cal. Jan. 25, 2012) ("Defendants should not be required to indemnify Plaintiffs for harm they would have suffered regardless."); *Soule v. Gen. Motors Corp.*, 8 Cal. 4th 548, 572 (1994) ("If the external force of a vehicle accident was so severe that it would have caused identical injuries notwithstanding an abstract 'defect' in the vehicle's collision safety, the defect cannot be considered a substantial factor in bringing them about.").

# JURY INSTRUCTION
## (Compensatory Damages)

If you decide that Edwin Hardeman has proved that Roundup caused his Non-Hodgkin Lymphoma, you also must decide how much money will reasonably compensate Mr. Hardeman for the harm arising from his illness. This compensation is called "damages." The amount of damages must include an award for each item of harm that Mr. Hardeman suffered as a result of Roundup causing his Non-Hodgkin Lymphoma, even if the particular harm could not have been anticipated.

Mr. Hardeman does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Mr. Hardeman:

1. Past and future medical expenses. To recover damages for past medical expenses, Mr. Hardeman must prove the reasonable cost of reasonably necessary medical care that he has received. To recover damages for future medical expenses, Mr. Hardeman must prove the reasonable cost of reasonably necessary medical care that he is reasonably certain to need in the future.

2. Past and future lost earnings. To recover damages for past lost earnings, Mr. Hardeman must prove the amount of income that he has lost to date. To recover damages for future lost earnings, Mr. Hardeman must prove the amount of income he will be reasonably certain to lose in the future as a result of the injury.

3. Physical pain and mental suffering. No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense. To recover for future pain and suffering, Mr. Hardeman must prove that he is reasonably certain to suffer that harm.

Source:  CACI 3900 (Introduction to Tort Damages—Liability Contested); 3903A (Medical Expenses—Past and Future); 3903C (Past and Future Lost Earnings); 3905A (Physical Pain, Mental Suffering, and Emotional Distress) (all modified).

# Verdict Form

1.    Did Edwin Hardeman prove by a preponderance of the evidence that his exposure to Roundup was the medical cause of his Non-Hodgkin Lymphoma?

Yes _____   No _____

If you answered Yes to Question 1, please proceed to Question 2.  If you answered No to Question 1, please sign the Verdict Form.

2.    What amount of compensatory damages did Edwin Hardeman suffer as a result of developing Non-Hodgkin Lymphoma?

Amount: _____

_____
Jury Foreperson

MONSANTO'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM
Case No.: 3:16-md-02741

7