**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Ronald Klock v. Monsanto Co.*, Case No. 3:18-cv-07370-VC | |

**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
AND MEMORANDUM OF LAW IN SUPPORT OF MONSANTO'S OPPOSITION**

Plaintiffs do not dispute that complete diversity exists between them and Monsanto

Company ("Monsanto").  They only contend that Monsanto's removal of this case pursuant to

28 U.S.C. § 1441 was improper because Monsanto is a citizen of Missouri, the venue in which this

case was originally filed.  Monsanto, however, removed this case *before it was served*, and Courts

within the Northern District of California have consistently held, based upon the plain meaning of

the removal statute, that the limitation on removal on forum defendants does ***not*** apply to a forum

defendant that was not served at the time of removal.  *See* 28 U.S.C. § 1441(b)(2) ("A civil action

otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may

not be removed if any of the parties in interest properly joined ***and served*** as defendants is a citizen

of the State in which such action is brought.") (emphasis added).  These rulings are only

strengthened by a recent decision by the Third Circuit – the first by any court of appeals to directly

address pre-service removal – which also reached the same conclusion:  Because

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
3:16-md-02741-VC & 3:18-cv-07370-VC

Section 1441(b)(2) is unambiguous, "its plain meaning precludes removal on the basis of in-state citizenship **only** when the defendant has been properly joined **and served**." *Encompass Ins. Co. v. Stone Mansion Rest.*, 902 F.3d 147, 152 (3d Cir. 2018) (emphasis added).

Plaintiffs' assertion that this Court should apply the law of the Eighth Circuit – which has not addressed this issue – and look to decisions from the Eastern District of Missouri – which are divided on it – is legally incorrect.  This Court should deny plaintiffs' Motion to Remand as there was no violation of Section 1441(b)(2).

## ISSUE TO BE DECIDED

Whether the removal of this lawsuit on the basis of diversity jurisdiction by Monsanto Company, a forum defendant in the jurisdiction where the case was originally filed, was permitted by the plain terms of 28 U.S.C. § 1441(b)(2) when Monsanto removed the case prior to being served and therefore was not "properly joined and served" at the time of removal?

## STATEMENT OF FACTS

On November 19, 2018, plaintiffs, none of whom are citizens of Missouri, filed this lawsuit in the Twenty-First Judicial Circuit Court for St. Louis County, Missouri, against Monsanto Company for injuries allegedly caused by Monsanto's Roundup®-branded herbicides.  *See* Pls.' Petition, Ex. A to Monsanto's Notice of Removal, *Klock v. Monsanto Co.*, Case No. 3:18-cv-07370-VC (N.D. Cal.), ECF No. 1-1.  Monsanto is a citizen of Missouri (where it is headquartered) and Delaware (where it is incorporated).  *See* Monsanto's Notice of Removal ¶ 5, ECF No. 1.

On November 21, 2018, before it was served, Monsanto removed this case from Missouri state court to the United States District Court for the Eastern District of Missouri based on diversity jurisdiction.  *See* 28 U.S.C. §§ 1332(a)(1), 1441, 1446; Monsanto's Notice of Removal, *Klock*, Case No. 3:18-cv-07370-VC (N.D. Cal.), ECF No. 1.  On November 26, 2018, Monsanto notified the Judicial Panel on Multidistrict Litigation ("JPML") that this lawsuit should be transferred to the Roundup® MDL before this Court.  Plaintiffs did not file a Notice of Opposition to Monsanto's Notice of Potential Tag-Along Actions, and the JPML's Stay of Conditional Transfer Order was lifted on December 6, 2018.  *See* ECF Nos. 7 & 8.  This case was subsequently transferred to the

1   Northern District of California as part of the Roundup® MDL.  *See* ECF No. 9.  On December 20,

2   2018, plaintiffs filed a Motion to Remand this case back to state court.  *In re: Roundup Prods. Liab.*

3   *Litig.*, No. 3:16-md-02741-VC (N.D. Cal.), ECF No. 2368.[1]

4                                       <u>**ARGUMENT**</u>

5   **I.     NINTH CIRCUIT LAW GOVERNS THE INTERPRETATION OF THE**
        **FEDERAL REMOVAL STATUTE.**
6

7           The law of the transferee court's circuit, not the transferor court's circuit, governs questions

8   of substantive federal law and procedure.  *See In re Live Concert Antitrust Litig.*, 247 F.R.D. 98,

9   104 (C.D. Cal. 2007) (recognizing that federal "circuit and district courts, including the Ninth

10  Circuit, have uniformly applied the law of the transferee circuit in MDL proceedings involving

11  federal law" (citing *Newton v. Thomason*, 22 F.3d 1455, 1460 (9th Cir. 1994)).[2]  Plaintiffs'

12  contention – that this Court should instead apply the law of the transferor's circuit (here, the Eighth

13  Circuit) when deciding substantive federal law issues, *see* Pls.' Mot. to Remand at 1 – has been

14  rejected by every federal court of appeals to consider this issue, including the Ninth Circuit.  *See*

15  *Newton*, 22 F.3d at 1460; *Temporomandibular Joint (TMJ) Implant Recipients v. E.I. Du Pont de*

16  *Nemours & Co.*, 97 F.3d 1050, 1055 (8th Cir. 1996); *Murphy v. F.D.I.C.*, 208 F.3d 959, 964-65

17  (11th Cir. 2000); *Bradley v. United States*, 161 F.3d 777, 782 n.4 (4th Cir. 1998); *Menowitz v.*

18  *Brown*, 991 F.2d 36, 40-41 (2d Cir. 1993).

19  [1] Plaintiffs did not notice their Motion for a hearing as required by Local Civil Rule 7-2(b) or
20  otherwise consult with defense counsel regarding a mutually convenient hearing date as required by
    this Court's Standing Order for Civil Cases.

21  [2] *See also In re EDNY Cathode Ray Tube Antitrust Cases*, No. 17-CV-04504-BMC, 2017 WL
22  4351503, at *2 (E.D.N.Y. Sept. 29, 2017) ("As the transferee court, the . . .  MDL Court properly
    applied Ninth Circuit interpretation of federal issues to its analysis of the motions before it."
23  (citations omitted)); *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543, 2016 WL
    3920353, at *11 (S.D.N.Y. July 15, 2016) (holding that the circuit precedent of the transferee court,
24  not the transferor court is applicable to questions of federal law in cases transferred pursuant to
    28 U.S.C. § 1407); *In re Pan Am. Corp.*, 950 F.2d 839, 847 (2d Cir. 1991) (stating that transferee
25  court should decide federal questions before it "without deferring to the interpretation of the
    transferor circuit" (quotation marks omitted)); *Various Plaintiffs v. Various Defendants* (*OilField*
26  *Cases*), 673 F. Supp. 2d 358, 362 (E.D. Pa. 2009) ("In matters requiring the interpretation of the
    Constitution, a federal law or a federal rule of procedure, a transferee court applies the law of the
27  circuit where it sits.").

28

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
3:16-md-02741-VC & 3:18-cv-07370-VC

1    The single case cited by plaintiffs in support of their argument that Eighth Circuit law

2    should govern, *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 976 (N.D. Cal. 2016),

3    does not even address federal substantive law.  That case involved whether a district court in the

4    Ninth Circuit (the transferee court) should follow the Seventh Circuit's case law (the transferor

5    court) when interpreting ***Indiana state law***.  Consequently, the law of the Ninth Circuit governs this

6    Court's interpretation of the federal removal statute.[3]

7    **II.    FEDERAL LAW, INCLUDING DECISIONS FROM THIS DISTRICT,
         SUPPORT REMOVAL.**

8

9    Normally, a defendant may remove a case from state court if the federal court would have

10    had "original jurisdiction" over the case.  *See* 28 U.S.C. § 1441(a).  The power to remove, however,

11    is subject to an exception known as the "forum defendant rule" which prohibits a defendant from

12    removing a diversity action if any of the defendants "properly joined and served" is a citizen of the

13    state in which the lawsuit was originally filed.  *See id.* § 1441(b)(2).  By its own terms, the forum

14    defendant rule therefore precludes removal only when there is a "properly joined and served" forum

15    defendant.

16    The same arguments raised by plaintiffs in this case – that notwithstanding the clear

17    language of Section 1441(b)(2), a defendant in its home forum may not remove a case to federal

18    court based upon diversity jurisdiction – have already been considered and repeatedly rejected by

19    courts within the Northern District of California.  *See Regal Stone Ltd. v. Longs Drug Stores Cal.,*

20    *L.L.C.*, 881 F. Supp. 2d 1123, 1127 (N.D. Cal. 2012) (denying motion to remand and giving effect

21

22    _____

[3] Although plaintiffs highlight the Eighth Circuit's decision in *Horton v. Conklin*, 431 F.3d 602,
605 (8th Cir. 2005), Pls.' Mot. to Remand at 2, which held that a violation of the forum defendant
rule is "jurisdictional" in nature rather than procedural (and thus cannot be waived), 431 F.3d at
605, that case is irrelevant.  Monsanto is not contending that plaintiffs have waived their argument
for remand.  Instead, Monsanto is arguing that plaintiffs' interpretation of Section 1441(b)(2) is
incorrect.  Moreover, every other circuit, *including the Ninth Circuit*, to address this issue have
reached a different conclusion than the *Horton* court (*i.e.*, these court have concluded that a
violation of the forum defendant rule is procedural in nature and thus ***can*** be waived).  *See, e.g.*,
*Lively v. Wild Oats Mkt.*, 456 F.3d 933, 942 (9th Cir. 2006); *Blackburn v. United Parcel Serv., Inc.*,
179 F.3d 81, 90 n.3 (3d Cir. 1999).

23

24

25

26

27

28

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
3:16-md-02741-VC & 3:18-cv-07370-VC

to the clear language of Section 1441(b)(2) which "only prohibits removal after a properly joined forum defendant has been served"); *Davis v. Hoffman-LaRoche, Inc.*, Case No. 13-5051 JSC, 2014 WL 12647769, at *2 (N.D. Cal. Jan. 14, 2014) (recommending to deny motion to remand and stating that courts in this district "have uniformly held that the language of Section 1441(b)(2) is clear: the local-defendant rule applies only to those defendants which have been properly *joined and served*." (emphasis in original) (citations omitted)), *Report & Recommendation adopted*, 2014 WL 12647768 (N.D. Cal. Jan. 31, 2014); *Saratoga Advantage Trust Tech. & Commc'n Portfolio v. Marvell Tech. Grp., Ltd.*, Case No. 15-CV-04881-RMW, 2015 WL 9269166, at *2 (N.D. Cal. Dec. 21, 2015) (denying motion to remand and stating that because the forum defendant "had not been served at the time of removal, the forum defendant rule does not apply"); *City of Ann Arbor Emp. Ret. Sys. v. Gecht*, No. C-06-7453 EMC, 2007 WL 760568, at *9 (N.D. Cal. Mar. 9, 2007) (denying motion to remand as the court was "constrained by the plain language of § 1441(b)"); *Waldon v. Novartis Pharms. Corp.*, No. C07-01988 MJJ, 2007 WL 1747128, at *3 (N.D. Cal. June 18, 2007) (denying motion to remand and following the "plain text of section 1441(b)"); *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) (denying motion to remand when forum defendant was not served at the time of removal). These decisions have emphasized that the plain meaning of Section 1441(b)(2) should control and, thus, the limitation on removal in Section 1441(b)(2) does ***not*** apply to a forum defendant that was not served at the time of removal.

Just months ago, the Third Circuit became the first (and, to date, only) federal appeals court to address this issue. It agreed that Section 1441(b)(2) is unambiguous and allows a defendant to remove a case pre-service that it otherwise could not. *Encompass Ins.*, 902 F.3d at 152, 154. This decision buttresses the conclusion that Monsanto properly removed this case. *See Foley-Wismer & Becker v. N.L.R.B.*, 682 F.2d 770, 775 (9th Cir. 1982) (stating that "a sister circuit's reasoned decision deserves great weight and precedential value[.]") (citation omitted). And at least one district court outside of the Third Circuit has followed that court's reasoning. *See Tex. Brine Co. v.*

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
3:16-md-02741-VC & 3:18-cv-07370-VC

*Am. Arbitration Assoc. Inc.*, Civil Action No. 18-6610, 2018 WL 4927640, at \*2 (E.D. La. Oct. 11, 2018).[4]

### III.    THE NINTH CIRCUIT AND SUPREME COURT'S DIRECTIVES ON STATUTORY CONSTRUCTION MANDATE THAT PLAINTIFFS' MOTION TO REMAND BE DENIED.

These decisions upholding the propriety of pre-service removal comport with the rules of statutory construction laid down by the Ninth Circuit and the United States Supreme Court.  As the Ninth Circuit has held, statutory interpretation begins with the statutory text, and "[i]f a statute's language is plain and unambiguous, our inquiry ends."  *Christie v. Ga.-Pac. Co.*, 898 F.3d 952, 958 (9th Cir. 2018) (citing *BedRoc Ltd. LLC v. United States*, 541 U.S. 176, 183 (2004)); *see also United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1128 (9th Cir. 2015) (en banc) ("In construing the provisions of a statute, we begin by looking at the language of the statute to determine whether it has a plain meaning."; in a statute, a legislature says "what it means and means in a statute what it says there.").  The Supreme Court has likewise explained that "[w]hen the words of a statute are unambiguous, then, this first canon [of statutory interpretation] is also the last: judicial inquiry is complete."  *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992) (internal quotation omitted).

Plaintiffs do not (and cannot) dispute that the key statutory language in Section 1441(b)(2) – "properly joined and served" – is clear and unambiguous.  As another court within this district has recognized, disregarding that language would override Congress's directive by rendering that language superfluous.  *See Regal Stone Ltd.*, 881 F. Supp. 2d at 1128 (rejecting the same arguments raised by plaintiffs here because it would "improperly discard pivotal parts of the statute as mere surplusage," including the words "and served").  Instead, plaintiffs argue that pre-service removal

---

[4] In addition, the Sixth Circuit has commented that "[w]here there is complete diversity of citizenship, as [plaintiff] concedes there was, the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."  *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001); *see also Reynolds v. Pers. Representative of the Estate of Johnson*, 139 F. Supp. 3d 838, 842 (W.D. Tex. 2015) (relying upon *McCall* to deny plaintiff's remand motion, and holding that "forum defendants who have not been served at the time of removal are not 'properly joined and served as defendants' under the statute, and thus do not bar removal").

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
3:16-md-02741-VC & 3:18-cv-07370-VC

by a forum defendant contradicts the supposed statutory intent or policy behind the federal removal statute.  *See* Pls.' Mot. to Remand at 6-7.

Plaintiffs' argument violates the basic tenets of statutory construction.  First, courts may not even ***consider*** legislative history unless they first determine that the statutory phrase is ambiguous.  *See, e.g., Christie,* 898 F.3d at 958; *see also See Exxon Mobil Corp. v. Star-Kist Foods, Inc.*, 545 U.S., 546, 568 ("legislative history is itself often murky, ambiguous, and contradictory"); *Lamie v. United States Tr.*, 540 U.S. 526, 536 (2004) (Courts should be mindful of "the pitfalls that plague too quick a turn to the more controversial realm of legislative history.").  To be ambiguous, the disputed language must be "reasonably susceptible of different interpretations."  *Nat'l R.R. Passenger Corp. v. Atchison Topeka & Santa Fe Ry. Co.*, 470 U.S. 451, 473 n.27 (1985).  Understandably, plaintiffs do not contend that the "properly joined and served" language of § 1441(b)(2) is ambiguous, and, as such, the Court should not even consider legislative history.

Second, even if the "properly joined and served" language were ambiguous – which it is not – courts have concluded that the legislative history regarding that language, which was first added to the removal statute in 1948, is itself inconclusive.  *See, e.g.*, *Annese v. Diversey, Inc.*, CIVIL ACTION NO. 3:17-CV-00005-GCM, 2017 WL 2378808, at *2 (W.D.N.C. June 1, 2017) (denying motion to remand when "there is no clearly expressed congressional intent to the contrary and the result is not deemed to be 'so gross as to shock the general moral or common sense.'" (quoting *Hillman v. I.R.S.*, 263 F.3d 338, 342 (4th Cir. 2001))).  If anything, the legislative history undermines plaintiffs' argument.  In 2011, Congress enacted the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("FCJVCA"), Pub. L. No. 112-63, 125 Stat. 758 (2011), which amended the federal removal statute.  While making numerous changes to that statute, Congress chose to retain the "properly joined and served" language.  "[N]o mention of the 'properly joined and served' language was made in the available legislative history of the 2011 Act, nor was the substantial disarray [regarding pre-service removal] among the district courts discussed."  *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 320 (D. Mass. 2013).  Thus, "Congress' further silence when amending the statute in 2011, despite its presumed knowledge of the disparate interpretations

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
3:16-md-02741-VC & 3:18-cv-07370-VC

of the district courts, also indicates that it intended no substantive change" regarding the plain meaning of "properly joined and served." *Id.* at 321; *see also Regal Stone Ltd.*, 881 F. Supp. 2d at 1129 (denying remand motion and holding that "it is well-settled that where Congress amends part of a statute and leaves another part unchanged, a court must interpret Congress's inaction as satisfaction with the unamended portion, or at least tolerance of its inadequacies.  The Court is therefore bound to take Congress's preservation of § 1441's 'properly joined and served' language as an endorsement"); *Davis*, 2014 WL 12647769, at *2 (denying motion to remand and recognizing that when Congress enacted the FCJVCA, it "addressed language of Section 1441, among other sections, but did not amend the 'and served' language of Section 1441(b)); *Munchel v. Wyeth LLC*, Civil Action No. 12-906-LPS, 2012 WL 4050072, at *4 (D. Del. Sept. 11, 2012) (denying remand motion and holding that "by retaining the 'properly joined and served language,' the [2011] amendment reinforces the conclusion that Congress intended for the plain language of the statute to be followed" (citing *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 239-40 (2009) ("Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change.")).

Finally, because "the language of § 1441(b) is clear, a court may depart from the plain language of a statute only under 'rare and exceptional circumstances.'" *Gecht*, 2007 WL 760568, at *8 (quoting *Demarest v. Manspeaker*, 498 U.S. 184, 190 (1991)).  Such circumstances would be when the plain meaning of a statute led to "absurd" or "futile" results, but courts within this district have consistently rejected such an argument in this context.  *See, e.g.*, *Gecht*, 2007 WL 760568, at *9 ("[T]he Court cannot conclude that strict adherence to the language of § 1441(b) would be plainly at variance with the policy behind the statute.").  The Third Circuit similarly held that following the plain language of Section 1441(b)(2) does not render the statute "nonsensical or superfluous":  (1) "it abides by the plain meaning of the text; (2) it envisions a broader right of removal only in the narrow circumstances where a defendant is aware of an action prior to service of process with sufficient time to initiate removal"; and (3) "it protects the statute's goal without rendering any of the language unnecessary." *Encompass Ins.*, 902 F.3d at 153.

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
3:16-md-02741-VC & 3:18-cv-07370-VC

Giving effect to the plain meaning of "properly joined and served," as courts in this district have consistently done, leads to only one result:  Monsanto properly removed this case.  Any other result would violate fundamental principles of statutory construction and depart from the established case law within this district.

**CONCLUSION**

For the foregoing reasons, this Court should deny plaintiffs' Motion to Remand.

Dated:  January 16, 2019                    Respectfully submitted,

HOLLINGSWORTH LLP

*/s/ Eric G. Lasker*

Eric G. Lasker (*pro hac vice*)
Joe G. Hollingsworth (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639
Email:      elasker@hollingsworthllp.com
            jhollingsworth@hollingsworthllp.com

*Attorneys for Defendant Monsanto Company*

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
3:16-md-02741-VC & 3:18-cv-07370-VC
