# EXHIBIT 4

**Pages 1 - 96**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, Judge

| | |
|---|---|
| IN RE ROUNDUP PRODUCTS ) <br> LIABILITY LITIGATION. ) <br> ) <br> ) <br> ) <br> ───────────────────────── ) <br> EMANUEL RICHARD GIGLIO, ) <br> ) <br>       Plaintiff, ) <br> ) <br>   VS. ) <br> ) <br> MONSANTO COMPANY, ) <br> ) <br>       Defendant. ) <br> ───────────────────────── ) | **NO. 16-md-02741 VC** <br><br><br><br><br><br><br><br> **NO. C 16-05658 VC** |

San Francisco, California
Wednesday, December 5, 2018

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
        ANDRUS WAGSTAFF PC
        7171 W. Alaska Drive
        Lakewood, Colorado  80226
  **BY: AIMEE H. WAGSTAFF, ATTORNEY AT LAW**
       **DAVID J. WOOL, ATTORNEY AT LAW**

        ANDRUS WAGSTAFF PC
        6315 Ascot Drive
        Oakland, California  94611
  **BY: KATHRYN M. FORGIE, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

REPORTED BY:  Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
          Official Reporter

```
 1   APPEARANCES:   (CONTINUED)

 2   For Plaintiffs:
                         WEITZ & LUXENBERG PC
 3                       700 Broadway
                         New York, New York  10003
 4                 BY:   ROBIN L. GREENWALD, ATTORNEY AT LAW

 5                       THE MILLER FIRM LLC
                         108 Railroad Avenue
 6                       Orange, Virginia  22960
                   BY:   MICHAEL J. MILLER, ATTORNEY AT LAW
 7                       BRIAN BRAKE, ATTORNEY AT LAW
                         NANCY G. MILLER, ATTORNEY AT LAW
 8
                         LAW OFFICES OF TESFAYE W. TSADIK
 9                       The California Building
                         1736 Franklin Street - 10th Floor
10                       Oakland, California  94612
                   BY:   TESFAYE W. TSADIK, ATTORNEY AT LAW
11
                         AUDET & PARTNERS LLP
12                       711 Van Ness Avenue - Suite 500
                         San Francisco, California  94102
13                 BY:   MARK E. BURTON, ATTORNEY AT LAW

14                       LUNDY, LUNDY, SOILEAU & SOUTH LLP
                         501 Broad Street
15                       Lake Charles, Louisiana  70601
                   BY:   RUDIE R. SOILEAU, JR., ATTORNEY AT LAW
16
                         BAUM HEDLUND ARISTEI GOLDMAN PC
17                       12100 Wilshire Blvd. - Suite 950
                         Los Angeles, California  90025
18                 BY:   ROBERT BRENT WISNER, ATTORNEY AT LAW

19   For Plaintiff Emanuel Richard Giglio:
                         GOMEZ TRIAL ATTORNEYS
20                       655 West Broadway - Suite 1700
                         San Diego, California  92101
21                 BY:   JOHN H. GOMEZ, ATTORNEY AT LAW
                         KRISTEN K. BARTON, ATTORNEY AT LAW
22

23

24

25
```

```
 1   APPEARANCES:   (CONTINUED)

 2   For Defendant:
                              HOLLINGSWORTH LLP
 3                            1350 I Street NW
                              Washington, D.C.   20005
 4                  BY:   KIRBY T. GRIFFIS, ATTORNEY AT LAW
                          ERIC G. LASKER, ATTORNEY AT LAW
 5
                              ARNOLD & PORTER KAYE SCHOLER LLP
 6                            777 S. Figueroa Street - 44th Floor
                              Los Angeles, California   90017
 7                  BY:   PAMELA YATES, ATTORNEY AT LAW

 8                            ARNOLD & PORTER KAYE SCHOLER LLP
                              250 West 55th Street
 9                            New York, New York   10019
                    BY:   ANDREW K. SOLOW, ATTORNEY AT LAW
10
                              WILKINSON  WALSH ESKOVITZ LLP
11                            2001 M Street, NW - 10th Floor
                              Washington, D.C.   20036
12                  BY:   BRIAN L. STEKLOFF, ATTORNEY AT LAW

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1  could, but if it's -- as long as it is not using the
2  case-specific experts who were not put to the test at
3  Phase I to get in testimony that is similar to the testimony we
4  considered at Phase I.
5          **MS. YATES:**  I understand, but at the same time the
6  ruling went against us in Phase I and clearly if I call someone
7  at trial, they're not going to abide by your Phase I ruling
8  because they are going to say "no general cause" at trial.
9          **THE COURT:**  I don't understand what you're saying.
10         **MR. LASKER:**  Your Honor, I just want to make one point
11  because I'm a bit confused.
12     With a differential diagnosis, let's posit it this way,
13  there are numerous risk factors.  Okay?  And let's say you're
14  selecting among risk factors and saying which is more likely,
15  and let's say that there is one risk factor that has an arch
16  ratio of five.  A specific causation expert, for example, on
17  the defense would have to discuss what they understand about
18  the Actel study and the epidemiology with respect to glyphosate
19  in order to explain how they make a differential.
20      So to that extent, it's impossible, frankly, to be able to
21  testify to a differential diagnosis without providing that type
22  of testimony, and that's the issue I think that's confusing
23  things.
24         **THE COURT:**  Right.  And I was assuming that it would
25  be impossible to have a strict delineation between the concept

1  of general causation and the concept of specific causation.
2     I suppose you could just call somebody, as they apparently
3  plan to do, to testify only about general causation --
4  right? -- and just not get into Hardeman, but I understand the
5  concept that when you're testifying about specific causation,
6  you know, concepts from general causation are going to bleed
7  into it; right?
8     But if -- and this is not something we're going to resolve
9  now, but it's just important for me that you know the concerns
10 that I have about this discussion.  If you're going to put up a
11 specific causation expert and they're going to testify about
12 the different risk factors and they're going to get to the risk
13 factor of glyphosate and as part of explaining why they don't
14 think glyphosate caused Mr. Hardeman's cancer, they're going to
15 do a repeat of everything that Dr. Mucci said, that's not
16 appropriate.
17         **MR. LASKER:**  Right.
18         **THE COURT:**  Because you should have had that person
19 testify to that at the Phase I proceeding.
20         **MR. LASKER:**  Right.  I don't think -- I think that may
21 be where the confusion is.  I don't think we have --
22         **THE COURT:**  Or even half of what Dr. Mucci said.
23         **MR. LASKER:**  I'm sorry.  I misspoke.
24         **THE COURT:**  If they spent half the time saying what
25 Dr. Mucci said.

```
 1
 2
 3                    **CERTIFICATE OF REPORTER**
 4          I certify that the foregoing is a correct transcript
 5   from the record of proceedings in the above-entitled matter.
 6
 7   DATE:    Saturday, December 8, 2018
 8
 9
10
11   _____
12          Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
                         U.S. Court Reporter
13
14
15
16
17
18
19
20
21
22
23
24
25
```