**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *Jeribeth Subers, Personal Representative of the Estate of Raymond Subers v. Monsanto Co.*, Case No. 3:19-cv-00121-VC | |

### MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Jeribeth Subers' Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 1 and therefore denies those allegations. In response to the allegations in the second sentence of paragraph 1, Monsanto admits that Roundup®-branded products are safe when used in accordance with the products' labeling; that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in

- 1 -

1   the United States and around the world; and that Monsanto has labeled glyphosate products as

2   approved by regulatory bodies consistent with those findings.  To the extent that the second

3   sentence of paragraph 1 alleges that Monsanto has labeled glyphosate or Roundup®-branded

4   herbicides in any manner different or in addition to such regulatory approval, Monsanto denies

5   such allegations.  Monsanto denies the remaining allegations in paragraph 1.

6          2.      Monsanto lacks information or knowledge sufficient to form a belief as to the

7   truth of the allegations in paragraph 2 and therefore denies those allegations.

8          3.      Monsanto lacks information or knowledge sufficient to form a belief as to the

9   truth of the allegations in paragraph 3 and therefore denies those allegations.

10          4.      Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 4 and therefore denies those allegations.

12          5.      In response to the allegations in paragraph 5, Monsanto denies that any exposure

13   to glyphosate-based herbicides or Roundup®-branded products can cause non-Hodgkins

14   lymphoma (NHL) or other serious illnesses.  Monsanto lacks information or knowledge

15   sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore

16   denies those allegations.

17          6.      In response to the allegations in paragraph 6, Monsanto admits that the World

18   Health Organization's International Agency for Research on Cancer ("IARC") issued a

19   monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate

20   under Group 2A, but denies that the IARC Monograph is the authoritative standard for cancer

21   hazard assessment around the world or that IARC based its evaluation on a complete or accurate

22   assessment of the scientific research regarding glyphosate.  Monsanto further denies that the

23   members of the panel were "renowned scientists" or that they were free from conflicts of

24   interest.  In response to the allegations in the final sentence of paragraph 6, Monsanto admits that

25   the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it

26   was required to add glyphosate to California's Proposition 65 list of chemicals in a process that

27   OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the

28   weight or quality of the evidence considered by IARC.  Monsanto further states that this decision

1    was not based upon any independent scientific analysis of glyphosate but instead was in response

2    to a provision of a California ballot proposition triggering such action based solely upon the

3    IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon

4    its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to

5    pose a cancer hazard to humans."[1]  Monsanto contends that OEHHA's decision that it was

6    required to list glyphosate violates the United States Constitution and the California Constitution.

7    On February 26, 2018, a federal district court enjoined California from requiring Proposition 65

8    warning labels for glyphosate as unconstitutional.  The remaining allegations in paragraph 6 set

9    forth conclusions of law for which no response is required.  To the extent that a response is

10    deemed required, Monsanto denies the allegations in paragraph 6.

11         7.    Monsanto admits the allegations in the first sentence of paragraph 7.  In response

12    to the allegations in the second sentence of paragraph 7, Monsanto admits that glyphosate, the

13    active ingredient in Roundup®-branded herbicides, is a non-selective herbicide and that certain

14    Roundup®-branded herbicides are used to kill weeds that commonly compete with growing

15    crops.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of

16    the specific numbers and statistics cited in the remaining sentences of paragraph 7 and therefore

17    denies those allegations.

18         8.    In response to the allegations in the first sentence of paragraph 8, Monsanto

19    admits that it has stated, and continues to state, that Roundup®-branded products are safe when

20    used in accordance with the products' labeling.  Monsanto denies that any exposure to

21    glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

22    illnesses.  Monsanto denies the remaining allegations in paragraph 8.

23         9.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24    truth of the allegations in the first and second sentences of paragraph 9 and therefore denies those

25    allegations.  In response to the allegations in the third sentence of paragraph 9, Monsanto denies

26

27    ---

[1] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-00121-VC

1  certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge

2  sufficient to form a belief as to the truth of the allegations regarding where certain other events

3  giving rise to plaintiff's claims occurred and therefore denies those allegations.

4      10.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5  truth of the allegations in the first sentence of paragraph 10 and therefore denies those

6  allegations.  In response to the allegations in the second sentence of paragraph 10, Monsanto

7  denies certain events giving rise to plaintiff's claims and Monsanto lacks information or

8  knowledge sufficient to form a belief as to the truth of the allegations regarding where certain

9  other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

10      11.    Monsanto admits the allegations in the first and second sentences of paragraph 11.

11  In response to the allegations in the final sentence of paragraph 11, Monsanto admits that it was

12  the entity that discovered the herbicidal properties of glyphosate and that Monsanto

13  manufactures Roundup®-branded products that have glyphosate as the active ingredient, but

14  notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

15  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

16  remaining allegations in the final sentence of paragraph 11 and therefore denies those

17  allegations.

18      12.    The allegations in paragraph 12 set forth conclusions of law for which no

19  response is required.  To the extent that a response is deemed required, Monsanto admits the

20  allegations in paragraph 12 based upon the allegations in plaintiff's Complaint.

21      13.    The allegations in paragraph 13 set forth conclusions of law for which no

22  response is required.

23      14.    Monsanto denies the allegations in paragraph 14.

24      15.    In response to the allegations in paragraph 15, Monsanto denies certain events

25  giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form

26  a belief as to the truth of the allegations regarding where certain other events giving rise to

27  plaintiff's claims occurred and therefore denies those allegations.  The remaining allegations in

28  paragraph 15 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-00121-VC

16.     In response to the allegations in paragraph 16, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 16 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies those allegations.

17.     Monsanto admits the allegations in the first sentence of paragraph 17.  Monsanto denies the allegations in the second sentence of paragraph 17 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  Monsanto denies the allegations in the third sentence of paragraph 17 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

18.     Monsanto admits the allegations in paragraph 18.

19.     In response to the allegations in paragraph 19, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 19.

20.     The allegations in the first and second sentences of paragraph 20 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations.  In response to the remaining allegations in paragraph 20, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     The allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     In response to the allegations in paragraph 22, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-00121-VC

1   environmental safety of their products and further admits that EPA will not register or approve

2   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

3   states that the term "the product tests" in the final sentence of paragraph 22 is vague and

4   ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 22

5   set forth conclusions of law for which no response is required.

6          23.     Monsanto denies the allegations in paragraph 23 to the extent that they suggest

7   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

8   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

9   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

10  of the allegations in paragraph 23 regarding such pesticide products generally and therefore

11  denies those allegations.  The remaining allegations in paragraph 23 set forth conclusions of law

12  for which no response is required.

13         24.     In response to the allegations in paragraph 24, Monsanto admits that EPA has

14  undertaken a review of glyphosate and that EPA has not released its findings.  Monsanto states,

15  however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-

16  page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support

17  is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health

18  risk assessment"[2]; and (b) at the same time, EPA posted an October 2015 final report by its

19  standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's

20  existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[3] Monsanto

21  further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation

22

23  [2] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"),
    https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP
24  Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on
    glyphosate's carcinogenic potential.

25

26  [3] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
    U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
27  *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
    Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-00121-VC

of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[4]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies these allegations.

25.     In response to the allegations in paragraph 25, Monsanto admits that EPA posted the EPA CARC Final Report on EPA's website in late April 2016 and took the report off the website in early May 2016.  Monsanto further states that, in September 2016, EPA posted the EPA CARC Final Report that endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies those allegations.

26.     In response to the allegations in paragraph 26, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC final Report, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

---

[4] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-00121-VC

- • "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- • "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- • "EPA has concluded that glyphosate does not pose a cancer risk to humans."  78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05–56:20.

Monsanto denies the remaining allegations in paragraph 26.

27.     In response to the allegations in paragraph 27, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 27 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

28.     In response to the allegations in paragraph 28, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

29.     Monsanto denies the allegations in paragraph 29 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

- 8 -

1    Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

2    connection with services provided to a broad number of private and governmental entities and

3    that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

4    one of several pesticide manufacturers who had used IBT test results.  The audit found some

5    toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

6    Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

7    Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

8    based upon any invalid IBT studies.  To the extent that the allegations in paragraph 29 are

9    intended to suggest that Monsanto was anything other than a victim of this fraud, such

10   allegations also are denied.

11        30.    In response to the allegations in paragraph 30, Monsanto admits that three IBT

12   employees were convicted of the charge of fraud, but Monsanto denies that any of the

13   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

14   herbicides.

15        31.    In response to the allegations in paragraph 31, Monsanto admits that it – along

16   with numerous other private companies – hired Craven Laboratories as an independent

17   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that

18   it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies

19   conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in

20   paragraph 31 are intended to suggest that Monsanto was anything other than a victim of this

21   fraud, such allegations are denied.

22        32.    In response to the allegations in paragraph 32, Monsanto admits that Roundup®-

23   branded products are highly valued by its customers because of their efficacy and safety.

24   Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The

25   remaining allegations in paragraph 32 are vague and conclusory and comprise attorney

26   characterizations, and are accordingly denied.

27        33.    In response to the allegations in paragraph 33, Monsanto admits that, following

28   the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such

1    seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks

2    information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

3    cited in paragraph 33 and accordingly denies those allegations.  The remaining allegations in

4    paragraph 33 are vague and conclusory and comprise attorney characterizations, and are

5    accordingly denied.

6          34.     In response to the allegations in paragraph 34, Monsanto admits that glyphosate is

7    one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

8    is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks

9    information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

10   cited in paragraph 34 and accordingly denies the same.  The remaining allegations in paragraph

11   34 are vague and conclusory and comprise attorney characterizations, and are accordingly

12   denied.

13         35.     In response to the allegations in paragraph 35, Monsanto admits that the New

14   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

15   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

16   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

17   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

18   the subparts purport to quote a document, the document speaks for itself and thus does not

19   require any further answer.  The remaining allegations in paragraph 35 are vague and conclusory

20   and comprise attorney characterizations, and are accordingly denied.

21         36.     In response to the allegations in paragraph 36, Monsanto admits it entered into an

22   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

23   itself and thus does not require any further answer.  The remaining allegations in paragraph 36

24   are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

25         37.     Monsanto denies the allegations in paragraph 37.

26         38.     In response to the allegations in paragraph 38, Monsanto admits that the French

27   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

28   that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-00121-VC

1  was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto

2  denies the remaining allegations in paragraph 38.

3       39.    Monsanto admits that IARC was created in 1965.  The remaining allegations in

4  paragraph 39 are vague and conclusory and comprise attorney characterizations, and are

5  accordingly denied.

6       40.    Monsanto denies the allegations in the first and second sentences of paragraph 40.

7  Monsanto admits the allegations in the final sentence of paragraph 40.

8       41.    In response to the allegations in paragraph 41, Monsanto denies that IARC

9  follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information

10  or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

11  paragraph 41, which are not limited as of any specified date, and accordingly denies the same.

12       42.    In response to the allegations in paragraph 42, Monsanto admits that IARC sets

13  forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

14  Monsanto denies the remaining allegations in paragraph 42.

15       43.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

16  research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

17  that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

18  form a belief as to the truth of the remaining allegations in paragraph 43 and therefore denies

19  those allegations.

20       44.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

21  research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

22  that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

23  form a belief as to the truth of the remaining allegations in paragraph 44 and therefore denies

24  those allegations.

25       45.    Monsanto denies the allegations in paragraph 45 to the extent that they suggest

26  that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified

27  glyphosate as a Group 2A agent in March 2015.

28       46.    In response to the allegations in paragraph 46, Monsanto admits that IARC issued

1    its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the

2    monograph was prepared by a "working group" of individuals selected by IARC who met over a

3    one week period in March 2015 to consider glyphosate along with a number of other substances.

4    Monsanto denies the allegation that all members of the working group are "experts."

5         47.    In response to the allegations in paragraph 47, Monsanto denies that the working

6    group or anyone at IARC conducted a one-year review of the scientific evidence related to

7    glyphosate or that the working group's findings reflected a comprehensive review of the latest

8    available scientific evidence.  Monsanto also denies that the working group considered all

9    information available in the scientific literature and all data from government reports that are

10   publicly available.  Monsanto denies the remaining allegations in paragraph 47.

11        48.    In response to the allegations in paragraph 48, Monsanto denies that the IARC

12   working group considered all of the data in the numerous studies that have been conducted

13   looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

14   that it reliably considered the studies that it purports to have reviewed, which frequently reach

15   conclusions directly contrary to those espoused by the IARC working group.  To the extent the

16   allegations purport to characterize statements made in the IARC monograph for glyphosate, the

17   statements in that document speak for themselves, but Monsanto lacks information or knowledge

18   sufficient to form a belief as to the accuracy of the source of said information and accordingly

19   denies the allegations.

20        49.    The allegations in paragraph 49 are vague and conclusory.  To the extent they

21   purport to characterize statements made in the IARC monograph for glyphosate, the statements

22   in that document speak for themselves, but Monsanto lacks information or knowledge sufficient

23   to form a belief as to the accuracy of the source of said information and accordingly denies the

24   allegations.

25        50.    In response to the allegations in paragraph 50, to the extent the allegations purport

26   to characterize statements made in the IARC monograph for glyphosate, the statements in that

27   document speak for themselves, but to the extent that this paragraph means that more than *de*

28   *minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

52.     In response to the allegations in paragraph 52, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent that the allegations in paragraph 52 purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves.

53.     In response to the allegations in paragraph 53, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.  Monsanto denies the remaining allegations in paragraph 53.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

54.     In response to the allegations in paragraph 54, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

56.      In response to the allegations in the first sentence of paragraph 56, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  In response to the allegations in the second sentence of paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response.  In response to the allegations in the final sentence of paragraph 56 and in footnote 1, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.  Monsanto denies the remaining allegations in paragraph 56.

57.      In response to the allegations in paragraph 57, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or persist in human blood or urine.  Monsanto further admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 57.

58.      In response to the allegations in paragraph 58, Monsanto admits that the referenced studies were published, but denies that the studies show any scientifically reliable findings.

59.      In response to the allegations in paragraph 59, Monsanto denies that the cited study provides any reliable basis for a finding that any meaningful levels of glyphosate are present or persist in human blood or urine.  Monsanto denies the remaining allegations in paragraph 59.

60.      In response to the allegations in paragraph 60, Monsanto denies that any exposure to Roundup®-branded products can cause cancer and other serious illnesses and therefore denies the allegations in the first and fourth sentences of paragraph 60.  Monsanto admits that certain

1   Roundup®-branded herbicides contain adjuvants and that EPA has classified such adjuvants as

2   inert.  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded

3   herbicides do not pose an unreasonable risk to human health.  The remaining allegations in

4   paragraph 60 are vague and conclusory and comprise attorney characterizations, and are

5   accordingly denied.

6        61.    In response to the allegations in paragraph 61, Monsanto admits that the IARC

7   working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

8   discussions in certain countries regarding the sale of glyphosate-based herbicides.  Monsanto

9   denies that any final conclusion has been reached in these countries and denies that there is any

10  scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies

11  the remaining allegations in paragraph 61.

12       62.    In response to the allegations in paragraph 62, Monsanto admits that the IARC

13  working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

14  discussions in certain countries regarding the sale of glyphosate-based herbicides, including the

15  Netherlands.  Monsanto denies that any final conclusion has been reached in these countries and

16  denies that there is any scientific basis for the concerns raised by the improper IARC

17  classification.  Monsanto denies the remaining allegations in paragraph 62.

18       63.    In response to the allegations in paragraph 63, Monsanto admits that the IARC

19  working group classification led an individual government attorney in Brazil to write a letter to

20  the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the

21  remaining allegations in paragraph 63.

22       64.    Monsanto admits that, in France, the sale to and use by amateurs (i.e., non-

23  professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited

24  as of January 1, 2019, with certain exceptions. Monsanto denies the remaining allegations in

25  paragraph 64.

26       65.    In response to the allegations in paragraph 65, Monsanto admits that some

27  employees of Bermuda's government announced an intention to suspend the importation of

28  glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the

1    truth of the allegations about whether this suspension took effect and accordingly denies the

2    same.  Monsanto denies the remaining allegations in paragraph 65.

3         66.    In response to the allegations in paragraph 66, Monsanto admits that the IARC

4    monograph appears to be the alleged basis for the Sri Lankan government's actions, including

5    the allegation that glyphosate can cause kidney disease.  Monsanto further states that the

6    allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations

7    regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 66.

8         67.    In response to the allegations in paragraph 67, Monsanto denies the alleged basis

9    for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has

10   explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC

11   ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety

12   concerns.  As of April 2016, the government of Colombia has resumed manual application of

13   glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs'

14   expert testimony purporting to link these same aerial eradication operations with cancer as

15   scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto

16   denies the remaining allegations in paragraph 67.

17        68.    In response to the allegations in paragraph 68, Monsanto admits that 96

18   individuals signed a letter sent by Dr. Christopher Portier to the EU Health Commissioner

19   (hereinafter "the Portier letter").  Monsanto states that Dr. Portier has been disclosed as an expert

20   witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto.

21   Monsanto denies that Dr. Portier or the other signatories to his letter are "prominent experts,"

22   and Monsanto lacks information or knowledge sufficient to form a belief as to whether the other

23   signatories were aware, before they signed the Portier letter, that Dr. Portier was working as a

24   retained expert for plaintiffs' counsel.  Monsanto otherwise admits that this letter urged the EU

25   Health Commissioner to disregard the conclusion that glyphosate is not carcinogenic found by

26   EFSA and by the BfR.

27        69.    In response to the allegations in paragraph 69, Monsanto denies that the self-

28   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-00121-VC

1   extent that paragraph 69 characterizes the scientific evidence regarding the safety of glyphosate-

2   based herbicides, Monsanto denies the remaining allegations in paragraph 69.

3       70.     Monsanto admits that, in June 2016, the European Union continued to consider

4   the reregistration of glyphosate.  Monsanto also states that the allegations are out of date and that

5   the European Union has approved glyphosate for another five years.  Monsanto further notes

6   that, in March 2017, the European Chemical Agency ("ECHA") announced that its Committee

7   for Risk Assessment concluded that the available scientific evidence did not meet the criteria to

8   classify glyphosate as a carcinogen.  *See* ECHA, *Glyphosate not classified as a carcinogen by*

9   *ECHA*, https://echa.europa.eu/-/glyphosate-not-classified-as-a-carcinogen-by-echa.  Monsanto

10  denies the remaining allegations in paragraph 70.

11      71.     Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 71 and therefore denies those allegations.

13      72.     In response to the allegations in paragraph 72, Monsanto denies that any exposure

14  to Roundup®-branded products can cause NHL and other serious illnesses.  Monsanto lacks

15  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

16  in paragraph 72 and therefore denies those allegations.

17      73.     Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 73 and therefore denies those allegations.

19      74.     Monsanto denies that any exposure to Roundup®-branded products can cause

20  NHL, and other serious illnesses and therefore denies the allegations in paragraph 74.  Monsanto

21  states, however, that the scientific studies upon which IARC purported to base its evaluation of

22  glyphosate were all publicly available before March 2015.

23      75.     In response to the allegations in subpart (a) of paragraph 75, Monsanto admits that

24  Roundup® branded products are safe for use in accordance with the labeling; that the scientific

25  evidence does not support any causal link between Roundup® branded products and "blood born

26  cancers" or NHL; and that Monsanto has made statements to that effect in accordance with EPA

27  regulation under FIFRA.  Monsanto denies the remaining allegations in paragraph 75, including

28  its subparts.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-00121-VC

76.     In response to the allegations in paragraph 76, Monsanto admits that it has made statements with respect to the safety of Roundup in accordance with EPA regulation under FIFRA.  Monsanto states that the first sentence in paragraph 76 sets forth conclusions of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 76 and therefore denies the remaining allegations in paragraph 76.

77.     In response to the allegations in the first sentence of paragraph 77, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup® and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification for glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 77 and therefore denies those allegations.  The final sentence of paragraph 77 sets forth conclusions of law for which no response is required.

78.     The first sentence of paragraph 78 sets forth conclusions of law for which no response is required.  Monsanto denies the allegations in the second sentence of paragraph 78.

79.     Monsanto denies the allegations in the first sentence of paragraph 79.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 79 and therefore denies those allegations.

80.     Monsanto incorporates by reference its responses to paragraphs 1 through 79 in response to paragraph 80 of plaintiff's Complaint.

81.     In response to the allegations in paragraph 81, Monsanto denies that it violated the laws of Pennsylvania or federal law and states that it complied with all applicable law regarding Roundup®-branded products.  The remaining allegations in paragraph 81 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies all such allegations.

82.     The allegations in paragraph 82 set forth conclusions of law for which no response is required.

1      83.    Monsanto denies the allegations in the first sentence of paragraph 83.  The second

2  sentence of paragraph 83 sets forth a conclusion of law for which no response is required.

3      84.    Monsanto incorporates by reference its responses to paragraphs 1 through 83, in

4  response to paragraph 84 of plaintiff's Complaint.

5      85.    In response to the allegations in paragraph 85, Monsanto admits that plaintiff

6  purports to bring a claim for strict liability design defect but denies any liability as to that claim.

7      86.    Monsanto denies the allegations in the first and second sentences of paragraph 86.

8  In response to the last sentence of paragraph 86, Monsanto lacks information or knowledge

9  sufficient to form a belief as to the truth of the allegations that decedent used or was exposed to

10  Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

11  remaining allegations in paragraph 86.

12      87.    Monsanto denies the allegations in paragraph 87.

13      88.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in paragraph 88 and therefore denies those allegations.

15      89.    Monsanto denies the allegations in paragraph 89.

16      90.    Monsanto denies the allegations in paragraph 90.

17      91.    Monsanto denies the allegations in paragraph 91.

18      92.    Monsanto denies the allegations in paragraph 92.

19      93.    Monsanto denies the allegations in paragraph 93.

20      94.    Monsanto denies the allegations in paragraph 94.

21      95.    Monsanto denies the allegations in paragraph 95.

22      96.    Monsanto denies the allegations in paragraph 96.

23      97.    Monsanto denies the allegations in paragraph 97.

24      98.    Monsanto denies the allegations in paragraph 98.

25      99.    Monsanto denies the allegations in paragraph 99.

26      100.   Monsanto denies the allegations in paragraph 100.

27      101.   Monsanto lacks information or knowledge sufficient to form a belief as to the

28  truth of the allegations in paragraph 101 concerning plaintiff's claimed exposure to Roundup®-

1    branded products and therefore denies those allegations.  Monsanto denies the remaining

2    allegations in paragraph 101, including that Roundup® branded products have "dangerous

3    characteristics."

4        102.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 102 concerning decedent's claimed exposure to Roundup®-

6    branded products and therefore denies those allegations.  Monsanto denies the remaining

7    allegations in paragraph 102, including that Roundup®-branded products have "dangerous

8    characteristics."

9        103.    Monsanto denies the allegations in paragraph 103.

10       104.    Monsanto denies the allegations in paragraph 104.

11       105.    Monsanto denies the allegations in paragraph 105.

12       106.    Monsanto denies the allegations in paragraph 106.

13       107.    Monsanto denies the allegations in paragraph 107.

14       108.    Monsanto denies the allegations in paragraph 108.

15       109.    Monsanto denies the allegations in paragraph 109.

16       110.    Monsanto denies the allegations in paragraph 110.

17       111.    Monsanto denies the allegations in paragraph 111.

18       112.    Monsanto denies the allegations in paragraph 112.

19       113.    In response to the allegations in paragraph 113, Monsanto demands that judgment

20   be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

21   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

22   by law and such further and additional relief as this Court may deem just and proper.

23       114.    Monsanto incorporates by reference its responses to paragraphs 1 through 113 in

24   response to paragraph 114 of plaintiff's Complaint.

25       115.    In response to the allegations in paragraph 115, Monsanto admits that plaintiff

26   purports to bring a claim for strict liability failure to warn, but denies any liability as to that

27   claim.

28       116.    Monsanto denies the allegations in paragraph 116.

117.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117 that decedent purchased Roundup®-branded products and therefore denies those allegations.  The allegations in paragraph 117 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 117.

118.    The allegations in paragraph 118 set forth conclusions of law for which no response is required.

119.    Monsanto denies the allegations in paragraph 119.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

120.    Monsanto denies the allegations in paragraph 120.

121.    Monsanto denies the allegations in paragraph 121.

122.    Monsanto denies the allegations in paragraph 122.

123.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 123 and therefore denies those allegations.

124.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 124 concerning decedent's alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 124, including that Roundup®-branded products have "dangerous characteristics."

125.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 125 concerning decedent's alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 125, including that Roundup®-branded products have "dangerous characteristics."

126.    In response to the allegations in paragraph 126, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses and denies that there are any defects in those products.  Monsanto lacks

1   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

2   in paragraph 126 and therefore denies those allegations.  Monsanto states, however, that the

3   scientific studies upon which IARC purported to base its evaluation of glyphosate were all

4   publicly available before March 2015.

5           127.    Monsanto denies the allegations in paragraph 127.

6           128.    Monsanto denies the allegations in paragraph 128.

7           129.    In response to the allegations in paragraph 129, Monsanto denies that there is any

8   risk of NHL or any other serious illnesses associated with the intended use of and/or exposure to

9   Roundup®-branded products and glyphosate.  The allegations in the second sentence of

10  paragraph 129 set forth conclusions of law for which no response is required.  Monsanto denies

11  the remaining allegations in paragraph 129.  All labeling of Roundup®-branded products has

12  been and remains EPA-approved and in compliance with all applicable laws and regulations.

13          130.    Monsanto denies the allegations in paragraph 130.

14          131.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations in paragraph 131 concerning decedent's alleged use of Roundup®-

16  branded products and therefore denies those allegations.  Monsanto denies the remaining

17  allegations in paragraph 131.

18          132.    Monsanto denies the allegations in paragraph 132.

19          133.    Monsanto denies the allegations in paragraph 133.  All labeling of Roundup®-

20  branded products has been and remains EPA-approved and in compliance with all federal

21  requirements under FIFRA.

22          134.    Monsanto denies the allegations in paragraph 134.

23          135.    Monsanto denies the allegations in paragraph 135.

24          136.    In response to the allegations in paragraph 136, Monsanto demands that judgment

25  be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

26  prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

27  by law and such further and additional relief as this Court may deem just and proper.

28

1    137.    Monsanto incorporates by reference its responses to paragraphs 1 through 136 in

2    response to paragraph 137 of plaintiff's Complaint.

3    138.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 138 regarding the specific products allegedly used by

5    plaintiff and/or decedent or any advertising or marketing allegedly seen or considered by plaintiff

6    and/or decedent and therefore denies the allegations in paragraph 138.

7    139.    The allegations in paragraph 139 set forth conclusions of law for which no

8    response is required.

9    140.    The allegations in paragraph 140 set forth conclusions of law for which no

10   response is required.

11   141.    Monsanto denies the allegations in paragraph 141.

12   142.    Monsanto denies the allegations in paragraph 142.

13   143.    Monsanto denies the allegations in paragraph 143.  All labeling of Roundup®-

14   branded products has been and remains EPA-approved and in compliance with all federal

15   requirements under FIFRA.

16   144.    Monsanto denies the allegations in paragraph 144.

17   145.    Monsanto denies the allegations in the first sentence of paragraph 145.  In

18   response to the allegations in the second sentence of paragraph 145, Monsanto denies that

19   Monsanto's promotional activities were not honest.  The remaining allegations in paragraph 145

20   set forth conclusions of law for which no response is required.

21   146.    Monsanto denies the allegations in paragraph 146.

22   147.    Monsanto denies the allegations in paragraph 147, including each of its subparts.

23   148.    Monsanto denies the allegations in paragraph 148.

24   149.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25   truth of the allegations in paragraph 149 regarding decedent's knowledge and therefore

26   Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 149,

27   including that intended use and/or exposure to Roundup®-branded products causes any injuries.

28   150.    Monsanto denies the allegations in paragraph 150.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-00121-VC

1      151.    Monsanto denies the allegations in paragraph 151.

2      152.    Monsanto denies the allegations in paragraph 152.

3      153.    Monsanto denies the allegations in paragraph 153.

4      154.    In response to the allegations in  paragraph 154, Monsanto demands that

5  judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed,

6  with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as

7  allowed by law and such further and additional relief as this Court may deem just and proper.

8      155.    Monsanto incorporates by reference its responses to paragraphs 1 through 154 in

9  response to paragraph 155 of plaintiff's Complaint.

10     156.    Monsanto denies the allegations in paragraph 156.  Additionally, the last sentence

11 in paragraph 156 sets forth a conclusion of law for which no response is required.

12     157.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13 truth of the allegations in paragraph 157 regarding decedent's claimed exposure to Roundup$^{®}$-

14 branded products and therefore denies those allegations. The remaining allegations in paragraph

15 157 set forth conclusions of law for which no response is required.

16     158.    Monsanto denies the allegations in paragraph 158.  All labeling of Roundup$^{®}$-

17 branded products has been and remains EPA-approved and in compliance with all federal

18 requirements under FIFRA.

19     159.    The allegations in paragraph 159 set forth conclusions of law for which no

20 response is required.

21     160.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22 truth of the allegations in paragraph 160 and therefore denies those allegations.

23     161.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24 truth of the allegations in paragraph 161 regarding the claimed use of Roundup$^{®}$-branded

25 products by decedent and others and therefore denies those allegations.  The remaining

26 allegations in paragraph 161set forth conclusions of law for which no response is required.

27     162.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28 truth of the allegations in paragraph 162 regarding decedent's claimed use of or exposure to

Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 162 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 162.

163.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 163 regarding decedent's claimed use of or exposure to Roundup®-branded products or decedent's claimed reliance and therefore denies those allegations.  The allegation in paragraph 163 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.

164.     Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 164 regarding decedent's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 164.

165.     Monsanto denies the allegations in paragraph 165.

166.     Monsanto denies the allegations in paragraph 166.

167.     Monsanto denies the allegations in paragraph 167.

168.     In response to the allegations in paragraph 168, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

169.     Monsanto incorporates by reference its responses to paragraphs 1 through 168 in response to paragraph 169 of plaintiff's Complaint.  Monsanto denies the allegations in the second sentence of paragraph 169 to the extent it encompasses all herbicides as vague and ambiguous but Monsanto admits the allegations in this sentence to the extent it refers to glyphosate based herbicides.  In response to the final sentence of paragraph 169, Monsanto admits that plaintiff purports to bring a claim for breach of express warranty but denies any liability as to that claim.  Monsanto denies the allegations that Roundup® branded products are

1    defective and unreasonably dangerous to consumers and therefore denies the remaining

2    allegations in paragraph 169.

3        170.    Paragraph 170 and its subparts set forth conclusions of law for which no response

4    is required.

5        171.    In response to the allegations in Paragraph 171, Monsanto admits that it has sold

6    glyphosate based herbicides in accordance with their EPA-approved labeling.  Monsanto further

7    states that paragraph 171 sets forth conclusions of law for which no response is required.

8    Monsanto denies the remaining allegations in paragraph 171.

9        172.    Monsanto denies the allegations in the first and second sentence of paragraph 172.

10   All labeling of Roundup®-branded products has been and remains EPA-approved and in

11   compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

12   of paragraph 172 sets forth conclusions of law for which no response is required.

13       173.    The first sentence of paragraph 173 sets forth conclusions of law for which no

14   response is required.   Monsanto denies the allegations in the final sentence of paragraph 173.

15       174.    Monsanto denies the allegations in paragraph 174 and each of its subparts.

16       175.    Monsanto states that the allegation in paragraph 175 that Monsanto made an

17   express warranty sets forth a legal conclusion for which no response is required.  Monsanto lacks

18   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

19   in paragraph 175 and therefore denies those allegations.

20       176.    Monsanto denies the allegations in paragraph 176 to the extent that they allege

21   that Monsanto made false or incomplete statements and representations concerning Roundup®.

22   All labeling of Roundup® branded products has been and remains EPA-approved and in

23   compliance with all federal requirements under FIFRA.  Monsanto lacks information or

24   knowledge sufficient to form a belief as to the truth of the allegations in paragraph 176 regarding

25   decedent's knowledge and therefore denies those allegations.

26       177.    Monsanto denies the allegations in the Complaint's first-numbered paragraph 177.

27       178.    In response to the allegations in the Complaint's first-numbered paragraph 178,

28   Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's

1    Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

2    reasonable attorney's fees as allowed by law and such further and additional relief as this Court

3    may deem just and proper.

4           179.    Monsanto incorporates by reference its responses to paragraphs 1 through the

5    Complaint's first-numbered paragraph 178 in response to the Complaint's first-numbered

6    paragraph 179 of plaintiff's Complaint.

7           177.    In response to the allegations in the Complaint's second-numbered paragraph 177,

8    Monsanto admits that plaintiff purports to bring a wrongful death action but denies any liability

9    as to that claim.

10          178.    Monsanto denies the allegations in the Complaint's second-numbered paragraph

11   178.

12          179.    Monsanto denies the allegations in the Complaint's second-numbered paragraph

13   179.

14          In response to the "WHEREFORE" paragraph following the Complaint's second-

15   numbered paragraph 179, Monsanto demands that judgment be entered in its favor and against

16   plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

17   costs of suit and reasonable attorney's fees as allowed by law and such further and additional

18   relief as this Court may deem just and proper.

19          180.    Monsanto incorporates its responses to paragraphs 1 through the Complaint's

20   second-numbered paragraph 179 in response to paragraph 180 of plaintiff's Complaint.

21          181.    Monsanto denies the allegations in paragraph 181.

22          182.    Monsanto admits that plaintiff purports to bring a survival action but denies any

23   liability to said plaintiff.  Monsanto denies the remaining allegations in paragraph 182.

24          183.    Monsanto denies the allegations in paragraph 183.

25          184.    Monsanto admits that plaintiff purports to bring a survival action but denies any

26   liability as to that claim.  Monsanto denies the remaining allegations in paragraph 184.

27          In response to the "WHEREFORE" paragraph following paragraph 184, Monsanto

28   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

1   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

2   fees as allowed by law and such further and additional relief as this Court may deem just and

3   proper.

4        185.    Monsanto incorporates by reference its responses to paragraphs 1 through 184 in

5   response to paragraph 185 of plaintiff's Complaint.

6        186.    Monsanto denies the allegations in paragraph 186.

7        187.    Monsanto denies the allegations in paragraph 187.

8        188.    Monsanto denies the allegations in paragraph 188.

9        189.    Monsanto denies the allegations in paragraph 189.

10       190.    Paragraph 190 sets forth a conclusion of law for which no response is required.

11       191.    The allegations in paragraph 191 set forth conclusions of law for which no

12   response is required.

13       192.    In response to the allegations in paragraph 192, Monsanto denies that plaintiff is

14   entitled to the relief sought therein, including any judgment for any damages, interest, costs, or

15   any other relief whatsoever.

16       Every allegation in the Complaint that is not specifically and expressly admitted in this

17   Answer is hereby specifically and expressly denied.

18                      **SEPARATE AND AFFIRMATIVE DEFENSES**

19       1.    The Complaint, in whole or part, fails to state a claim or cause of action against

20   Monsanto upon which relief can be granted.

21       2.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

22   reliable evidence that the products at issue were defective or unreasonably dangerous.

23       3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

24   was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

25   plaintiff's and/or decedent's alleged injuries.

26       4.    Plaintiff's claims are barred, in whole or in part, because the products at issue

27   were designed, manufactured, marketed and labeled with proper warnings, information, cautions

28

1   and instructions, in accordance with the state of the art and the state of scientific and

2   technological knowledge.

3        5.     Plaintiff's claims are barred, in whole or in part, because the products at issue

4   were not defective or unreasonably dangerous in that they complied with, at all relevant times,

5   all applicable government safety standards.

6        6.     Any claims based on allegations that Monsanto misled, defrauded, made

7   misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

8   *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

9   *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

10        7.     Plaintiff's claims are preempted, in whole or in part, by applicable federal law

11   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

12   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

13        8.     Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

14   findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

15   product labeling.

16        9.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary

17   jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

18        10.    Plaintiff's claims are barred, in whole or in part, because plaintiff's and/or

19   decedent's injuries, if any, were the result of conduct of plaintiff, decedent, independent third

20   parties, and/or events that were extraordinary under the circumstances, not foreseeable in the

21   normal course of events, and/or independent, intervening and superseding causes of the alleged

22   injuries, including but not limited to decedent's pre-existing medical conditions.

23        11.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j

24   and k, bar plaintiff's claims against Monsanto in whole or in part.

25        12.    Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or

26   in part.

27        13.    Decedent's misuse or abnormal use of the product or failure to follow instructions

28   bar plaintiff's claims in whole or in part.

14.     If plaintiff and/or decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's and decedent's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and/or decedent and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff and/or decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiff and/or decedent failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Pennsylvania Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Pennsylvania law, and/or other applicable state laws.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

21.     Plaintiff's claims are barred in whole or in part by decedent's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by decedent's own failure to mitigate damages.

1    23.    Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

2    24.    Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff

3    and/or decedent have received and/or will receive from collateral sources.

4    25.    If plaintiff and/or decedent have been injured or damaged, no injuries or damages

5    being admitted, such injuries were not caused by a Monsanto product.

6    26.    Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims

7    that are governed by the laws of a state that does not recognize or limit such claims.

8    27.    Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws

9    of states that do not govern plaintiff's claims.

10    28.    Monsanto hereby preserves any and all defenses under *Tincher v. Omega Flex,*

11    *Inc.*, 104 A.3d 328 (Pa. 2014).

12    29.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

13    may become available or apparent during the course of discovery and thus reserves its right to

14    amend this Answer to assert such defenses.

15    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

16    plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

17    other relief as the Court deems equitable and just.

18                                       **<u>JURY TRIAL DEMAND</u>**

19    Monsanto demands a jury trial on all issues so triable.

20    DATED:  January 25, 2019                    Respectfully submitted,

21

22    /s/ Joe G. Hollingsworth
      Joe G. Hollingsworth (pro hac vice)
      (jhollingsworth@hollingsworthllp.com)

23    Eric G. Lasker (pro hac vice)
      (elasker@hollingsworthllp.com)

24    HOLLINGSWORTH LLP
      1350 I Street, N.W.

25    Washington, DC  20005
      Telephone:  (202) 898-5800

26    Facsimile:  (202) 682-1639

27    Attorneys for Defendant
      MONSANTO COMPANY

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-00121-VC