# EXHIBIT 5

Richard A. Clark (State Bar No. 39558)
(rclark@pmcos.com)
Steven R. Platt (State Bar No. 245510)
(splatt@pmcos.com)
PARKER, MILLIKEN, CLARK, O'HARA
& SAMUELIAN. P.C.
555 S. Flower Street, 30th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6500
Facsimile: (213) 683-6669

Joe G. Hollingsworth (appearance *pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Katharine R. Latimer (appearance *pro hac vice*)
(klatimer@hollingsworthllp.com)
Eric G. Lasker (appearance *pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN HARDEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MONSANTO COMPANY AND JOHN DOES 1-50,<br><br>    Defendant. | Case No.: 3:16-cv-00525-VC<br><br>**MONSANTO COMPANY'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date: April 7, 2016<br>Time: 10:00 a.m.<br>Judge: Hon. Vince Chhabria<br>Courtroom: 4, 17th Floor |

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF MOTION TO DISMISS

**I.      INTRODUCTION**

Plaintiff's opposition brief fails to respond to the key points and dispositive arguments that mandate dismissal of his complaint as a matter of law.  As a result, the arguments presented in Monsanto Company's ("Monsanto") motion to dismiss stand largely uncontested.

- Plaintiff does not dispute that the Environmental Protection Agency ("EPA") has consistently concluded over the past twenty-five years that glyphosate does not pose a risk of cancer and that EPA repeatedly has approved Roundup® labeling without warnings of this purported risk, thereby rejecting any finding that Roundup® is misbranded. *See* 7 U.S.C. § 136(q)(1)(A); 40 C.F.R. § 152.112(f) (1988).

- Plaintiff cannot dispute that the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") expressly preempts any common law claims that, like plaintiff's warnings-based claims, would impose a state law requirement in addition to or different from EPA's labeling determinations.

- Plaintiff makes no response to Monsanto's showing that his claims rest on the allegation that glyphosate and Roundup® are inherently dangerous.  This allegation limits him under comments j and k to Restatement § 402A to claims based upon inadequate warnings, and it precludes a non-warnings based claim under California law.  Plaintiff's argument that EPA approval does not preempt non-warnings claims is correct, but inapposite.  Monsanto has not argued that those claims are preempted.

Accordingly, and for the reasons set forth in Monsanto's opening brief, plaintiff's Complaint should be dismissed.  Plaintiff's factual allegations do not "plausibly suggest an entitlement to relief," and accordingly, it would be "unfair to require [Monsanto] to be subjected to the expense of discovery and continued litigation." *Erickson v. Boston Sci. Corp.*, 846 F. Supp. 2d 1085, 1090, 1091-94 (C.D. Cal. 2011) (internal quotations and citations omitted) (dismissing with prejudice based on preemption and inadequate pleading after taking judicial notice of Food and Drug Administration regulatory documents).

II. ARGUMENT

    A.    **EPA's Repeated Rejection Of Glyphosate's Alleged Cancer Risk And Approval Of Roundup® Labeling Without Cancer Warnings Preempts All Of Plaintiff's Warnings-Based Claims.**

For the past twenty-five years, EPA repeatedly has concluded that glyphosate is not a carcinogen, a regulatory finding EPA reaffirmed as recently as October 2015. *See* Monsanto Company's Notice Mot. Dismiss and Mem. P. & A. Supp. of its Mot. Dismiss ("Mot.") at 8-9, ECF No. 18; Monsanto Company's Req. Judicial Notice Supp. of its Mot. Dismiss, Ex. A – F, ECF No. 19. Plaintiff does not dispute this history. Nor does plaintiff dispute that pursuant to the Supreme Court's holding in *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 444-45 (2005), FIFRA expressly preempts warnings-based state law claims that would impose requirements "in addition to or different from" those imposed by federal law. *See id.* at 445-53; *see also* Pl.'s Mem. P. & A. Opp'n Def's. Mot. Dismiss ("Opp.") at 1-2, ECF No. 27. Instead, plaintiff argues that his warnings-based claims are not preempted because the general elements of California tort law are – in the abstract – "parallel" to FIFRA's misbranding requirements. *See* Opp. at 5-7 (citing 7 U.S.C. § 136(q)(1)(F)-(G)). This argument misconstrues the parallel requirements exception to section 136v(b).

    In articulating the breadth of FIFRA's preemption provision, the Supreme Court explained that "[t]he provision . . . pre-empts any statutory or common-law rule that would impose a labeling requirement that diverges from those set out in FIFRA *and* its implementing regulations. It does not, however, pre-empt any state rules that are *fully consistent* with federal requirements." *Bates*, 544 U.S. at 452 (emphasis added). *Bates* thus made clear that qualifying for the parallel requirements exception from § 136v(b) preemption requires more than a cursory comparison between state tort duties and FIFRA's misbranding definition. The Court not only "emphasize[d] that a state-law labeling requirement must in fact be equivalent to a requirement under FIFRA in order to survive pre-emption," but also that "[s]tate-law requirements must . . . be measured against any relevant EPA regulations *that give content* to FIFRA's misbranding standards." 544 U.S. at 453 (emphasis added); *see also id.* at 454 ("If a case proceeds to trial . . . . a court should

1  instruct the jury on the relevant FIFRA misbranding standards, as well as any regulations that add
2  content to those standards.") (emphasis added).

3  Plaintiff's "parallel" requirements argument ignores the EPA action that gives content to
4  FIFRA's labeling and misbranding requirements for glyphosate and Roundup®: EPA's repeated
5  findings that glyphosate does not cause cancer and its repeated approval of Roundup® labeling
6  without any cancer warnings. In sharp contrast to plaintiff's arguments, a Roundup® label that
7  contravened this long history of EPA determinations and included plaintiff's purported state-law-
8  required cancer warning plainly would be misbranded under FIFRA. *See* 40 C.F.R. § 152.130(a)
9  (1988) (pesticide products may be distributed or sold only with the "labeling currently approved
10 by the Agency"); 40 C.F.R. § 156.70(c) (1988) ("Specific statements pertaining to the hazards of
11 the product and its uses must be approved by the Agency."); 40 C.F.R. § 152.112(f) (EPA will
12 approve a pesticide application only if "[t]he Agency has determined that the product is not
13 misbranded as that term is defined in FIFRA . . . and its labeling and packaging comply with the
14 applicable requirements of the Act . . ."). Accordingly, the warnings plaintiff seeks to impose
15 under state tort law not only are *not equivalent* to the requirements imposed under federal law, but
16 they would require Monsanto *to violate* federal law by adding statements that EPA has directly
17 rejected.[1]

18 Plaintiff argues that EPA's approval of the Roundup® label does not constitute a defense
19 against a subsequent finding of misbranding under federal law, but that argument rests upon the
20 fact that a manufacturer has a continuing obligation to adhere to FIFRA's labeling requirements
21 as new and relevant information surfaces. *See Bates*, 544 U.S. at 438. Plaintiff does not deny
22 that EPA's approval of a herbicide label precludes a finding of misbranding *at the time of* the
23 approval. Federal law makes clear that EPA will approve a pesticide application only if "[t]he

---

[1] *See also Funke v. Sorin Grp. USA, Inc.*, No. SACV 15-01182-CJC(ASx), 2015 WL 7747011, at *4 (C.D. Cal. Nov. 24, 2015) (holding that warnings-based claims involving medical device were preempted based upon judicially noticed premarket approval of the device); *In re Incretin-Based Therapies Prods. Liab. Litig.*, No. 13md2452 AJB(MDD), 2015 WL 6912689, at *9-13 (S.D. Cal. Nov. 9, 2015) (holding that warnings-based claims involving prescription drug were conflict-preempted based upon similar FDA regulatory record rejecting plaintiffs' safety allegations).

Agency has determined that the product is not misbranded as that term is defined in FIFRA . . . and its labeling and packaging comply with the applicable requirements of the Act . . . ." 40 C.F.R. § 152.112(f). Moreover, "[a]s long as no cancellation proceedings are in effect[,] registration of a pesticide shall be prima facie evidence that the pesticide, its labeling and packaging comply with the registration provisions of [FIFRA]." 7 U.S.C. § 136a(f)(2).

Accordingly, to rebut this *prima facie* evidence and avoid preemption here, plaintiff would need to show that EPA only approved the Roundup® label in the past and that subsequent information had surfaced as of the time of plaintiff's alleged exposures that would have caused EPA to impose a new labeling requirement to include a cancer warning. Plaintiff cannot make these showings. As the public record documents establish: (1) EPA has continued to approve new labeling for dozens of different Roundup® products with no cancer warnings, including as recently as this past year[2] and (2) EPA has continued to reject any purported cancer link based upon its own ongoing review of the scientific evidence, well after all of the plaintiff's alleged exposures to Roundup®. EPA's repeated approval of the Roundup® labeling also undermines plaintiff's weak attempt to draw some distinction between EPA's safety findings for glyphosate and its safety findings for Roundup®. *See* Opp. at 10.

Plaintiff cites to *Indian Brand Farms* as support for his parallel requirements argument, but in that case, the plaintiffs pointed to a specific EPA regulatory determination that was parallel to the obligations they sought to impose under state law. *See Indian Brand Farms, Inc. v. Novartis Crop Protection Inc.*, 617 F.3d 207, 224 (3d Cir. 2010) (noting that EPA had required the defendant to change its label to add the specific warning sought by plaintiffs).[3] Plaintiff's

---

[2] *See*, *e.g.*, EPA, *Roundup Weed & Grass Killer Concentrate Plus*, Pesticide Product Label System, http://iaspub.epa.gov/apex/pesticides/f?p=PPLS:8:364151237157::NO::P8_PUID:39270.

[3] To the extent plaintiff relies on *Ansagay v. Dow Agrosciences LLC*, No. 15-00184 SOM / RLP, 2015 WL 9582710, at *11 (D. Haw. Dec. 29, 2015), that case fails for the same reason. *Ansagay* involved safety claims arising from alleged exposure to the pesticide Dursban TC, including its active ingredient chlorpyrifos. *Id.* at *1. In contrast to the regulatory history of EPA's repeated findings of glyphosate safety and non-carcinogenicity, EPA initiated rulemaking in November 2015 to revoke all tolerances for chlorpyrifos due to safety concerns regarding the risk from aggregate exposure to the pesticide. *See* Chlorpyrifos; Tolerance Revocations, 80 Fed. Reg.

1  reliance on *Wuebker v. Wilbur-Ellis Co.* is equally unavailing because that plaintiff's claim turned on defendant's failure to color its product so as to be distinguishable from the dirt on which it was applied, a claim that had nothing to do with the product warnings or labeling. 418 F.3d 883, 886 (8th Cir. 2005) ("[Plaintiffs'] claims center on a design defect in the product . . . ."). In this case, however, plaintiff's state law claims that Monsanto should have warned about a purported risk of cancer are clearly "different from and in addition to" EPA's specific and repeated regulatory decisions for glyphosate labeling, and the *Bates* standard for express preemption is fully met.

Finally, plaintiff's argument that he can avoid preemption as to some of his claims by characterizing them as complaints about "promotional or marketing communications" rather than labeling is without merit. *See* Opp. at 3. Plaintiff's claims turn upon the assertion that Monsanto failed to warn of alleged cancer risks inherent in Roundup® products. As plaintiff concedes, however, EPA specifically requires manufacturers to identify such potential health risks to end users through its regulatory control over the product labeling and through FIFRA's misbranding regulations. *See* Opp. at 5. If plaintiff's narrow reading of "labeling" were correct, pesticide manufacturers would be free under FIFRA to contradict EPA's requirements for safety warnings through the simple expedient of communicating with customers outside the physical label. That is not the law. Rather, FIFRA defines "labeling" to encompass "all labels *and all other written, printed, or graphic matter . . . accompanying the pesticide or device at any time*." 7 U.S.C. § 136(p)(2)(A) (emphasis added). And in *Kordel v. United States*, the Supreme Court explained in interpreting a similar labeling definition that the content of materials, not their physical proximity to a product, controls whether they "accompany" the product so as to be treated as "labeling." 335 U.S. 345, 350 (1948).

*Indian Brand Farms* is not to the contrary. In that case, plaintiff's claims arose from a marketing brochure that asserted that a fungicide was more effective and would cause less crop

---

69,080 (proposed Nov. 6, 2015) (to be codified at 40 C.F.R. pt. 180). The defendant in *Ansagay* accordingly did not even argue for express preemption, but put forth a broader implied preemption argument that would preclude any state tort law claims involving a pesticide, regardless of EPA's pesticide-specific decisions. *See Ansagay*, 2015 WL 9582710, at *6-11. Monsanto makes no such implied preemption argument in its motion.

damage than a prior product, a claim that EPA had neither considered nor addressed as part of its labeling determination. 617 F.3d at 223; *see also id.* at 217-18 (explaining that the definition of labeling extends beyond communications physically attached to the product and covers all communications necessary "to protect the integrity of [a pesticide's] uniform labeling") (internal citations omitted). There was no claim in that case of any alleged failure to warn of a risk to human health.

### B. Plaintiff's Alternative Arguments To Avoid Preemption Are Unavailing.

Plaintiff alternatively argues that his warnings claims are not preempted because: (1) Monsanto violated a California "state tort duty" by failing to "alert the EPA of Roundup's toxic effects", Opp. at 3-4; and (2) EPA's repeated findings of non-carcinogenicity are not sufficient to satisfy the "clear evidence" exception to implied preemption set forth in a prescription drug case, *Wyeth v. Levine*, 555 U.S. 555, 571 (2009). Opp. at 8-10. These arguments are without merit.

Aside from boilerplate allegations, plaintiff does not offer any basis for his purported claim that Monsanto failed to alert EPA of Roundup®'s alleged toxic effects. *See*, *e.g.*, Am. Compl. ¶ 124(f), ECF No. 6 (alleging that Monsanto "faile[d] to adequately and correctly warn . . . EPA of the dangers of Roundup); *see also Funke*, 2015 WL 7747011, at *5 (noting that a complaint asserting a failure to warn an agency must be written with "the necessary factual and legal support to maintain such a claim"). To the contrary, plaintiff's allegations that glyphosate causes cancer cite to EPA's own regulatory documents and to published literature that was equally available to EPA. Am. Compl. ¶¶ 45-57, 72-90. The fact that EPA has not and does not agree with plaintiff's characterization of these materials does not mean that EPA was defrauded. Rather, it highlights the fact that plaintiff is impermissibly asking this Court to second-guess EPA and impose a warning requirement under state law based upon the very same science that EPA has found does not support a warning under FIFRA. *See In re Incretin-Based Therapies Prods. Liab. Litig.*, 2015 WL 6912689, at *10-17 (finding plaintiffs' claims for failure to warn the FDA preempted where FDA had considered whether the drug at issue caused pancreatic cancer and concluded that no labeling change was warranted).

Plaintiff's reliance on the "clear evidence" exception to implied preemption for claims

- 6 -
MONSANTO'S REPLY ISO MOTION TO DISMISS
3:16-cv-00525

1  involving prescription drugs is inapposite. *Wyeth* imposed this higher burden for preemption in
2  prescription drug cases precisely because the federal Food, Drug, and Cosmetic Act – unlike
3  FIFRA – does not contain an express preemption provision. *See* 555 U.S. at 574 ("If Congress
4  thought state-law suits posed an obstacle to its objectives, it surely would have enacted an express
5  pre-emption provision at some point during the FDCA's 70–year history."); *Riegel v. Medtronic,*
6  *Inc.*, 552 U.S. 312, 327 (2008) (noting that Congress chose not to expressly preempt claims
7  regarding pharmaceutical drugs); *c.f.* 7 U.S.C. § 136v(b); *Bates*, 544 U.S. at 452-54. The
8  preemption issue before the Court in this case is governed by *Bates*, not *Wyeth*, and under *Bates*,
9  plaintiff's warnings-based claims cannot stand.

### C. Plaintiff Does Not Deny That He is Alleging That Glyphosate and Roundup® Are Inherently Dangerous, Which Limits His Claims Under Comments J And K To Failure To Warn.

13  Plaintiff's opposition to Monsanto's motion to dismiss his non-warnings claims misses the
14  mark. Plaintiff argues that federal approval of the Roundup® warning does not federally preempt
15  non-warnings based claims. Opp. at 11. But that is not Monsanto's argument. Monsanto agrees
16  that *Bates* preemption is limited to plaintiff's warnings-based claims. Monsanto's motion to
17  dismiss plaintiff's non-warnings-based claims is based upon a separate argument that was not
18  addressed in *Bates* and which would not have been available in any event to the defendant in that
19  case: that by resting his claim on Roundup®'s alleged unavoidable and inherent cancer risk,
20  plaintiff has limited his available state tort law product defect claims to the allegation that the
21  product was defective due to inadequate warnings of the alleged risk. *See* Mot. at 10-13.[4]
22  Plaintiff cannot avoid the fact that his complaint alleges that Roundup® belongs to the "class of

---

[4] The plaintiffs' allegations in *Bates* were based upon claims that the product was ineffective, *not* on claims that it was inherently dangerous to humans. *Bates*, 544 U.S. at 434-37. *Ansagay* and *Henley v. Philip Morris Inc.*, 9 Cal. Rptr. 3d 29 (Cal. Ct. App. 2004) are likewise inapposite. *Ansagay* never mentioned comments j or k, nor did the defendant ever raise this defense in its motion for summary judgment. *See* Mem. Supp. Mot. Summ. J. at 25-26, *Ansagay v. Dow Agrosciences LLC*, 2015 WL 9582710, 1:15-cv-00184-SOM-RLP (D. Haw. Dec. 29, 2015), ECF No. 16-1. Likewise, in *Henley*, the court never discussed comment k, and its cursory mention of comment j was limited to an assumption of the risk argument. 9 Cal. Rptr. 3d at 61.

1. products that carry unavoidable dangers that cannot be designed away without destroying their utility." *See* Mot. at 11; Am. Compl. ¶¶ 32, 44, 81, 124(d), 167, 168 (focusing on glyphosate's and/or Roundup®'s alleged "carcinogenic properties"). His complaint thus falls squarely within the scope of comment j. Plaintiff cites to inapposite California case law involving non-inherently dangerous products as to which comment j does not apply, *see* Opp. at 14, but he has no answer to the fact that California courts have applied comment j to pesticides. *See Oakes v. E.I. Du Pont de Nemours & Co.*, 77 Cal. Rptr. 709, 712-13 (Cal. Ct. App. 1969); Opp. at 15. Plaintiff argues that Monsanto can be liable under comment j for failure to warn of a design defect. *See id.* at 13 (stating that "[c]omment j requires a seller to give *warnings*" when it has knowledge of a possible danger) (citing Restatement (Second) of Torts § 402(A) (emphasis added). But that simply concedes Monsanto's point that, pursuant to comment j, plaintiff is limited to claims that the warnings accompanying Roundup® are deficient (which claims in this case are preempted).

Plaintiff also offers no meaningful response to the separate legal authority cited in Monsanto's opening brief applying comment k outside of the prescription drug context. *See* Mot. at 12-13. Plaintiff argues that "[c]omment k's protections have never been extended to herbicides as a matter of law" and that the reasoning underlying the application of comment k should be limited to the prescription drugs and medical device context. *See* Opp. at 12-13 (citing *Brown v. Superior Court (Abbott Labs.)*, 227 Cal. Rptr. 768, 773 (Cal. Ct. App. 1986), *review granted and opinion superseded,* 723 P.2d 1248 (Cal. 1986), *aff'd sub nom., Brown v. Superior Court*, 751 P.2d 470 (Cal. 1988)). Yet plaintiff ignores the California Supreme Court's holding in *Anderson v. Owens-Corning Fiberglas Corp.* that "*Brown's* logic and common sense are *not* limited to drugs." 810 P.2d 549, 556 (Cal. 1991) (emphasis added); *see* Mot. at 12. And plaintiff's argument that the application of comment k requires an evidentiary determination ignores that its application here is established by the allegations set forth in his complaint. *See* Am. Compl. ¶¶ 31, 136 (alleging that Roundup® is "inherently dangerous", but acknowledging that "[n]o other herbicide active ingredient compares in terms of [the] number of approved uses").

- 8 -
MONSANTO'S REPLY ISO MOTION TO DISMISS
3:16-cv-00525

Therefore, plaintiff fails to establish why his claims should not be governed by comments j and k. Because comments j and k limit plaintiff's claims to failure to warn, his non-warnings based claims should be dismissed.

### III. CONCLUSION

For the foregoing reasons, this Court should grant Monsanto's motion and dismiss plaintiff's complaint in its entirety.

DATED: March 22, 2016

Respectfully submitted,

/s/ Joe G. Hollingsworth

| | |
|---|---|
| Richard A. Clark<br>State Bar No. 39558<br>(rclark@pmcos.com)<br>Steven R. Platt<br>State Bar No. 245510<br>(splatt@pmcos.com)<br>PARKER, MILLIKEN, CLARK, O'HARA<br>& SAMUELIAN. P.C.<br>555 S. Flower Street, 30th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 683-6500<br>Facsimile: (213) 683-6669 | Joe G. Hollingsworth (appearance *pro hac vice*)<br>(jhollingsworth@hollingsworthllp.com)<br>Katharine R. Latimer (appearance *pro hac vice*)<br>(klatimer@hollingsworthllp.com)<br>Eric G. Lasker (appearance *pro hac vice*)<br>(elasker@hollingsworthllp.com)<br>HOLLINGSWORTH LLP<br>1350 I Street, N.W.<br>Washington, DC 20005<br>Telephone: (202) 898-5800<br>Facsimile: (202) 682-1639<br><br>Attorneys for Defendant<br>MONSANTO COMPANY |