# EXHIBIT 19

HOLLINGSWORTH LLP
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
Kirby T. Griffis
1350 I Street, N.W.
Washington, DC 20005
Tel:   202-898-5800
Fax:   202-682-1639
Email: jhollingsworth@hollingsworthllp.com
       elasker@hollingsworthllp.com
       kgriffis@hollingsworthllp.com

*Attorneys for Defendant*
MONSANTO COMPANY

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Elaine Stevick and Christopher Stevick, v. Monsanto Co.* 3:16-cv-02341-VC | |

### MONSANTO COMPANY'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - NO. 15

Monsanto Company ("Monsanto") hereby provides its supplemental response pursuant to the Court's Pre-Trial Order No. 60 and Rule 33 of the Federal Rules of Civil procedure to Interrogatory No. 15 of Plaintiffs' First Set of Interrogatories Directed to Defendant Monsanto Company.

### GENERAL OBJECTIONS

1.   Monsanto objects to the definition of "Monsanto," "Defendant," "You" and "Yours" in paragraph a) of the First Set of Interrogatories, which defines the terms as "every corporation or other person or entity upon whom plaintiff serves this set of discovery requests…[including] every predecessor in interest of each such company, its successor(s) in

1

MONSANTO'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES – NO. 15
MDL. NO. 2741 & CASE NO. 3:16-cv-02341-VC

1 interest, and every company affiliated with each such company by common ownership or
2 control." This definition is overbroad and unduly burdensome because a number of affiliated
3 companies have nothing whatsoever to do with the manufacture or sale of the products at issue in
4 plaintiffs' complaint.  It is also overbroad and unduly burdensome because Monsanto is a
5 corporation that has employed many thousands of people in the more than forty years that
6 glyphosate-containing products have been manufactured and sold by the company.  Thousands
7 of such people potentially could have some information responsive to plaintiffs' Interrogatories,
8 which also use overbroad phrases such as "all", which has been defined in paragraph b) to mean
9 "any and all"; all requests of this sort not directed to particular sources are thus overbroad,
10 unduly burdensome, unduly cumulative, and not proportional to the needs of the case.  It is
11 impossible for all such people (many of whom are long ago deceased and/or left their
12 employment with Monsanto) to be interviewed to respond to these Interrogatories, and it is an
13 overly burdensome, oppressive, and frivolous suggestion that this should be done.

14  2. Monsanto objects to the extent these Interrogatories would require Monsanto to
15 produce or search for information not within its possession, custody, or control, including
16 information in the possession of other corporations or individuals not employed by the company.

17  3. Monsanto objects to the Interrogatories to the extent they seek information or
18 documentation that is publicly available and therefore readily available to plaintiffs, as the
19 burden of obtaining such information is the same for plaintiffs as it would be for Monsanto.

20  4. Monsanto objects to the Interrogatories as unreasonably cumulative and/or
21 duplicative of discovery already served.

22  5. Monsanto objects to these Interrogatories to the extent that they seek to impose a
23 burden or requirements beyond what the Federal Rules of Civil Procedure and/or the local rules
24 for the Northern District of California require.

25  6. Monsanto objects to the Interrogatories to the extent they seek information not
26 relevant to any claims or defenses asserted in this case.

27

2

28 MONSANTO'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES – NO. 15
MDL. NO. 2741 & CASE NO. 3:16-cv-02341-VC

7.      Monsanto has based these responses and objections on the assumption that plaintiffs, in propounding these Interrogatories, do not intend to seek information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or information regarding or reflecting the impressions, conclusions, opinions, legal research or theories of Monsanto's attorneys.  Monsanto objects to each Interrogatory to the extent it seeks documents or information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable statutory or common law privilege.

8.      Monsanto objects to the Interrogatories to the extent they seek the identification of "all" or "each and every" documents or information in response.  It is a practical and legal impossibility that "all" facts, documents, or information for any specific subject could be found and identified for the more than forty years that glyphosate-containing products have been manufactured and sold by Monsanto.  Instead, Monsanto will make reasonable and proportional searches for documents and information in order to respond to otherwise unobjectionable Interrogatories.

9.      Monsanto's Responses to the Interrogatories are made without waiving the right, at any time and for any reason, to revise, supplement, correct, add to, or clarify these Responses. These responses also are provided without limiting or waiving Monsanto's right to object to additional discovery that may be sought from Monsanto or from any of the custodians or production sources identified in these responses.

10.     These General Objections apply to all of the following Responses to specific Interrogatories and are incorporated by reference therein.

**MONSANTO'S RESPONSES TO SPECIFIC INTERROGATORIES**

**INTERROGATORY NO. 15:** Identify any discussions, communications or meetings in which any Monsanto agent, employee, officer, contractor or retained expert participated regarding warning the public of a potential risk of carcinogenicity associated with glyphosate- containing products, whether by amendment of the product label or any other avenue. For each instance,

1 identify the individuals and/or entities involved, the detailed substance of the discussion, the
2 ultimate decision or action taken by Monsanto, and the date on which each communication took
3 place.

4       **RESPONSE TO INTERROGATORY NO. 15:** Monsanto incorporates by reference the
5 foregoing General Objections here as if restated in full.  Monsanto objects to Interrogatory No.
6 15 as overly broad and unduly burdensome because it requests information over a forty-year
7 period in which Monsanto sold glyphosate-containing products.

8       Subject to, and without waiving the foregoing objections Monsanto responds as follows:
9 Monsanto has never recommended that a public warning be made or that a written warning be
10 added to the labels of its glyphosate-containing products about possible carcinogenicity because
11 there is no scientific basis for such a warning.  Nor is Monsanto aware of information indicating
12 that any of its officers, employees, or agents ever recommended that carcinogenicity warnings be
13 made or added to glyphosate-containing product labels.

14       **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:** Monsanto objects
15 to Interrogatory No. 15 to the extent it seeks information that is protected from disclosure by the
16 attorney-client privilege and/or the work product doctrine.  Monsanto objects to the phrase
17 "warning the public" as vague, ambiguous, and subject to various interpretations.  Monsanto
18 therefore construes "warning the public" to mean labeling or press releases warning the public.
19 Monsanto objects to Interrogatory No. 15 to the extent it seeks information regarding Material
20 Safety Data Sheets or Safety Data Sheets as overly broad and unduly burdensome, including
21 because such documents are designed for occupational use and occupational use is not at issue in
22 the Phase 1 trials.  Accordingly, Monsanto's response to Interrogatory No. 15 is limited to
23 meetings regarding labels and press releases.

24       Subject to, and without waiving the foregoing objections, and following a reasonable
25 inquiry into the information that is known or readily available, Monsanto responds as follows:
26 Monsanto is unaware of any meetings regarding placing a warning regarding carcinogenicity
27

28

generally, or NHL specifically, onto the labels of or in press releases about any glyphosate-based product it sold prior to the release of IARC's decision to classify glyphosate as 2A "probably carcinogenic" in March 2015.

After IARC's glyphosate classification announcement, there were multiple meetings convened by Monsanto's in-house legal counsel to discuss Monsanto's legal obligations and labeling options under state and federal regulatory schemes that might arise from IARC's classification decision.  All of these meetings were initiated and attended by in-house legal counsel at Monsanto's offices in St. Louis, Missouri.  Each meeting consisted of oral communications to and from in-house legal counsel for the purposes of obtaining legal advice and the provision of legal advice.  Many of these meetings also included telephonic or in-person participation from Monsanto's outside legal counsel.  One of these meetings was attended by legal counsel representing Scotts pursuant to a joint defense agreement.  There were no minutes or other documents generated during these meetings, although there were documents discussed at some of these meetings as identified below, all of which were prepared by outside or in-house counsel and are wholly protected by the attorney-client privilege and opinion work-product doctrine.  These meetings and discussions are wholly protected by the attorney-client privilege and opinion work-product doctrine. By providing the information below, Monsanto is not waiving any applicable privilege or doctrine, including, but not limited to, attorney-client privilege and opinion work-product doctrine.  The dates of those meetings, participants in those meetings, and documents from those meetings are as follows[1]:

- **May 20, 2015.** John Rebman (in-house counsel), Jennifer Listello, Steve Adams, George Gough, William Heydens, Daniel Goldstein, and Samuel Murphey.
- **September 1, 2015.** John Rebman (in-house counsel), David Heering, Doug Wilner (in-house counsel), Kyle McClain (in-house counsel), Stacey Stater (in-house counsel), and

---

[1] All individuals not identified as in-house or outside counsel were Monsanto employees at the time of the meeting(s) attended.

5

MONSANTO'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – NO. 15
MDL. NO. 2741 & CASE NO. 3:16-cv-02341-VC

Trent Norris (outside counsel). A Power Point prepared by outside counsel was reviewed.

- **September 8, 2015.** John Rebman (in-house counsel), Doug Wilner (in-house counsel), David Heering, and Phil Miller.

- **September 26, 2015.** John Rebman (in-house counsel) and Trent Norris (outside counsel). A draft memorandum prepared by outside counsel was reviewed.

- **November 2, 2015.** John Rebman (in-house counsel), Doug Wilner (in-house counsel), and Trent Norris (outside counsel).

- **January 7, 2016.** John Rebman (in-house counsel), Doug Wilner (in-house counsel), Zack Fayne (outside counsel), David Heering, and Jim Guard.

- **January 11, 2016.** John Rebman (in-house counsel), Zack Fayne (outside counsel), David Heering, Oana Maune, and Tann Schafer.

- **February 26, 2016.** John Rebman (in-house counsel), Doug Wilner (in-house counsel), Zack Fayne (outside counsel), and Trent Norris (outside counsel).

- **April 14, 2016.** John Rebman (in-house counsel), Trent Norris (outside counsel), Randy Mariani (in-house counsel), Stacey Stater (in-house counsel), Doug Wilner (in-house counsel), Joe Hollingsworth (outside counsel), Eric Lasker (outside counsel), and Jennifer Kingston (in-house counsel).

- **January 23, 2017.** John Rebman (in-house counsel), Randy Mariani (in-house counsel), Robyn Buck (in-house counsel), Trent Norris (outside counsel), Zack Fayne (outside counsel), Joe Hollingsworth (outside counsel), and Eric Lasker (outside counsel).

- **February 21, 2017.** John Rebman (in-house counsel), Randy Mariani (in-house counsel), Robyn Buck (in-house counsel), Stacey Stater (in-house counsel), Trent Norris (outside counsel), Zack Fayne (outside counsel), Joe Hollingsworth (outside counsel), and Eric Lasker (outside counsel).

- **May 6, 2017.** John Rebman (in-house counsel) and Trent Norris (outside counsel).

- **May 19, 2017.**  John Rebman (in-house counsel), Robyn Buck (in-house counsel), Trent Norris (outside counsel), and T. Donnelly (outside counsel to Scotts Co. LLC).
- **May 23, 2017.**  John Rebman (in-house counsel), Robyn Buck (in-house counsel), Trent Norris (outside counsel), Joe Hollingsworth (outside counsel), and Eric Lasker (outside counsel).
- **June 23, 2017.**  Robyn Buck (in-house counsel) and Trent Norris (outside counsel).  A draft memorandum prepared by outside counsel was reviewed.
- **June 27, 2017.**  Robyn Buck (in-house counsel) and Trent Norris (outside counsel).  A revised draft memorandum prepared by outside counsel was reviewed.
- **July 17, 2017.**   John Rebman (in-house counsel), Randy Mariani (in-house counsel), Robyn Buck (in-house counsel), Stacey Stater (in-house counsel), Scott Partridge (in-house counsel), Trent Norris (outside counsel), Zack Fayne (outside counsel), Joe Hollingsworth (outside counsel), Eric Lasker (outside counsel), Robert Johnston (outside counsel), Phil Perry (outside counsel), and Steve Adams.
- **July 18, 2017.**   John Rebman (in-house counsel), Randy Mariani (in-house counsel), Robyn Buck (in-house counsel), and Scott Partridge (in-house counsel).
- **August 10, 2017.**  John Rebman (in-house counsel), Randy Mariani (in-house counsel), Robyn Buck (in-house counsel), Scott Partridge (in-house counsel), and Brian Lowry.
- **August 23, 2017.**  John Rebman (in-house counsel) and Trent Norris (outside counsel).
- **September 22, 2017.**  John Rebman (in-house counsel), Robyn Buck (in-house counsel), Randy Mariani (in-house counsel), Scott Partridge (in-house counsel), and Dave Snively (in-house counsel).  Two memoranda prepared by in-house counsel were discussed.
- **September 25, 2017.**   John Rebman (in-house counsel), Randy Mariani (in-house counsel), and Executive Team members Hugh Grant (Chairman and CEO), Pierre Courduroux (Senior Vice President and CFO), Janet Halloway (Senior Vice President, Chief of Staff and Community Relations), Steven Mizell (Executive Vice President,

Human Resources), Kerry Preete (Senior Vice President, Global Strategy), Nicole Ringenberg (Vice President and Controller), David Snively (Executive Vice President, Secretary and General Counsel), and Michael Stern (Vice President, and President and Chief Operating Officer, Climate).

- **September 26, 2017.** John Rebman (in-house counsel) and Trent Norris (outside counsel).

DATED: January 22, 2019

Respectfully submitted,

Joe G. Hollingsworth (pro hac vice)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (pro hac vice)
(elasker@hollingsworthllp.com)
Kirby T. Griffis (pro hac vice)
(kgriffis@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of **Monsanto Company's Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories – Interrogatory No. 15** was served upon the parties below via electronic mail and U.S. Mail, postage prepaid, this 22nd day of January 2019:

> Michael J. Miller, Esq.
> mmiller@millerfirmllc.com
> The Miller Firm LLC
> 108 Railroad Avenue
> Orange, VA  22960
>
> Aimee H. Wagstaff, Esq.
> Aimee.wagstaff@andruswagstaff.com
> Andrus Wagstaff, P.C.
> 7171 W. Alaska Drive
> Lakewood, CO  80226
>
> Robin L. Greenwald, Esq.
> rgreenwald@weitzlux.com
> Weitz & Luxenberg, P.C.
> 700 Broadway
> New York, NY  10003

*(signature)*
_____
Kirby T. Griffis (admitted *pro hac vice*)
HOLLINGSWORTH LLP

*Attorney for Defendant,*
*MONSANTO COMPANY*

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |

| | | |
|---|---|---|
| 3 | ELAINE STEVICK AND CHRISTOPHER STEVICK, | Case No.: 3:16-cv-02341-VC |
| 4 | | **MONSANTO COMPANY'S VERIFICATION OF SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT MONSANTO – INTERROGATORY NO. 15** |
| 5 | Plaintiffs, | |
| 6 | v. | |
| 7 | MONSANTO COMPANY, | |
| 8 | Defendant. | Judge: Hon. Vince Chhabria<br>Courtroom: 4, 17th Floor |

I, Christopher A. Martin, being of lawful age and being duly sworn upon my oath, hereby state that I am Assistant Secretary for Monsanto Company; that I verify the foregoing **"Monsanto Company's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories to Monsanto – Interrogatory No. 15"** in the above-styled cause of action, for and on behalf of Monsanto Company and am duly authorized to do so; that some or all of the facts and matters set forth therein are not within my personal knowledge; that the facts and matters set forth therein have been assembled by authorized employees and counsel of Monsanto Company, using records maintained in the company's ordinary course of business; and that I am informed that the facts and matters set forth therein are true.

_____
Christopher A. Martin

State of Missouri
County/City of St. Louis

Subscribed and sworn to before me this 22nd day of January 2019.

ANNE TROUPIS
My Commission Expires
September 8, 2020
St. Louis County
Commission #12632458

_____
Notary Public

My commission expires: 09/08/2020

MONSANTO'S SUPPLEMENTAL RESPONSE TO PLS.' FIRST SET OF INTERROGATORIES
3:16-CV-02341