**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:    202-847-4030
Fax:    202-847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC |
| *Hardeman v. Monsanto Co., et al.*, <br><br> 3:16-cv-0525-VC | **DEFENDANT'S MEMORANDUM REGARDING THE "SUBSTANTIAL FACTOR" TEST AND "BUT FOR" CAUSATION** <br><br> Hearing date:   January 28, 2019 <br><br> Time:           9:30AM |

**Defendant's Memorandum Regarding the "Substantial Factor" Test and "But For" Causation**

This memorandum summarizes California law on the "substantial factor" causation test, including its general incorporation of the traditional "but for" standard of causation and a narrow exception for concurrent independent causes that does not apply here.  This memorandum also addresses the circumstances in which California's optional jury instruction on "but for" causation is required, and explains why the instruction is warranted in this case.

**I.   The "substantial factor" test incorporates "but for" causation.**

Under California law, the "substantial factor" test incorporates the "but for" causation test and reaches the same results in all cases but one.  The only exception, concurrent independent causes, is narrow and requires at least two concurrent causes both of which are sufficient to bring about the alleged harm.  As set forth below, that situation does not exist here.

   A.   <u>California law requires "but for" causation under the "substantial factor" test with one rare exception.</u>

Under California law, in order to establish "legal cause" it is necessary to show that "but for" the defendant's negligence plaintiff's injury would not have been sustained.  *See, e.g.*, *Akins v. Sonoma Cty.*, 67 Cal. 2d 185, 199, 430 P.2d 57, 65 (1967) ("In order to hold defendants liable it was necessary for plaintiff to show that the negligence of defendants, or either of them, contributed in some way to plaintiff's injury, 'so that 'but for' the defendant's negligence the injury would not have been sustained.'"); *see also* 6 Witkin, Summary of Cal. Law (11th ed. 2018) Torts § 1334 ("If the accident would have happened anyway, whether the defendant was negligent or not, then his or her negligence was not a cause in fact, and of course cannot be the legal or responsible cause.")

California has adopted the "substantial factor" test articulated by the Restatement (Second) of Torts § 431 (1965): "[t]he actor's negligent conduct is a legal cause of harm to another if (a) his conduct is a substantial factor in bringing about the harm."  This test incorporates the traditional "but for" test, and "generally produces the same results as does the 'but for' rule of causation." *Novak v. Cont'l Tire N. Am.*, 22 Cal. App. 5th 189, 195, 231 Cal. Rptr. 3d 324, 328 (Ct. App. 2018),

reh'g denied (Apr. 5, 2018); *see also Mayes v. Bryan*, 139 Cal. App. 4th 1075, 1095, 44 Cal. Rptr. 3d 14, 27 (2006), as modified (June 21, 2006) ("the fact that the 'but for' test is included in the 'substantial factor' definition has been recognized by the Judicial Council in revising CACI No. 430, the new substantial factor instruction"). The Restatement clarifies that "substantial factor" means "but for causation" with one narrow exception:

> (1) *Except as stated in Subsection (2)*, the actor's negligent conduct is not a substantial factor in bringing about harm to another *if the harm would have been sustained even if the actor had not been negligent*.
>
> (2) If *two forces* are actively operating, one because of the actor's negligence, the other not because of any misconduct on his part, and *each of itself is sufficient to bring about harm to another*, the actor's negligence may be found to be a substantial factor in bringing it about.

Restatement (Second) of Torts. § 432 (emphasis added). Subsection two describes a rare circumstance that California courts have termed "concurrent independent causes." *Viner v. Sweet*, 30 Cal. 4th 1232, 1240, 70 P.3d 1046, 1051 (2003). California courts have consistently held that concurrent independent causes are the only exception to "but for" causation under the substantial factor test. *See Id.* ("[t]hus, in Restatement section 432, subsection (1) adopts the 'but for' test of causation, while subsection (2) provides for an exception to that test"); *Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1080 (N.D. Cal. 2011) ("[t]he 'substantial factor' test California adopted from the Second Restatement applies the traditional 'but for' cause in most circumstances, but provides an exception for use if concurrent independent causes are present"); *Orange Cty. Water Dist. v. Alcoa Glob. Fasteners, Inc.*, 12 Cal. App. 5th 252, 342–43, 219 Cal. Rptr. 3d 474, 550–51 (Ct. App. 2017), as modified on denial of reh'g (June 22, 2017), review denied (Sept. 13, 2017) ("'the 'substantial factor' test subsumes the traditional 'but for' test of causation.' Thus, subject to an important exception, the 'but-for' test governs") (citations omitted); *Modisette v. Apple Inc.*, 30 Cal. App. 5th 136, 241 Cal. Rptr. 3d 209, 224 (Ct. App. 2018), reh'g denied (Jan. 9, 2019) ("Because this case does not involve concurrent independent causes, 'the 'but for' test governs questions of factual causation'").

B. <u>The concurrent independent causes exception is rare, and only applies when there are two or more concurrent causes each sufficient to bring about the alleged harm.</u>

Concurrent independent causes are "multiple forces operating at the same time and independently, each of which would have been sufficient by itself to bring about the harm." *Viner*, 30 Cal. 4th at 1240. The classic example of concurrent causation is the following. A railroad company negligently starts a fire in the forest. A second fire is started by a pedestrians who carelessly discards a cigarette. Both fires converge to destroy the plaintiff's house, but either fire alone would have destroyed the house. Both fires are deemed substantial factors even though under the standard "but for" test neither defendant would be liable, because it cannot be said that but for the negligence of either the harm would not have occurred. *See* Restatement (Second) of Torts § 432, illus. 3. Capturing this type of liability has been expressly recognized by California courts as the rationale for the substantial factor test. *See People v. Carino*, 2011 WL 1049463, 6 (Cal.App. 2 Dist., 2011) ("the 'substantial factor' rule for concurrent causes 'was developed primarily for cases in which application of the but-for rule would allow each defendant to escape responsibility because the conduct of one or more others would have been sufficient to produce the same result.'") (internal citations omitted); *Mitchell v. Gonzales*, 54 Cal. 3d 1041, 1052, 819 P.2d 872 (1991); *see also* Joseph Sanders et. al., *The Insubstantiality of the "Substantial Factor" Test for Causation*, 73 Mo. L. Rev. 399, 416 (2008) (stating that the substantial factor test was "designed to provide a solution to what is frequently called the two-fire problem").

Concurrent independent causes are rare, and have only been found in a handful of cases. *See* Restatement (Third) of Torts: Phys. & Emot. Harm § 27 (2010) (stating that "cases invoking the concept are rare"); *Major v. R.J. Reynolds Tobacco Co.*, 14 Cal. App. 5th 1179, 1196, 222 Cal. Rptr. 3d 563, 579 (Ct. App. 2017), review denied (Nov. 15, 2017) (recognizing that multiple independent causes are an "exceptional situation"); *Vecchione v. Carlin*, 111 Cal. App. 3d 351, 359, 168 Cal. Rptr. 571, 576 (Ct. App. 1980) (stating that there are "few situations" where concurrent independent causes have been found). Under California law, courts have declined to apply the exception in cases where there were not concurrent, independent causes of harm identified by the

1  parties.  For example, the court in *Xavier* declined to apply the concurrent independent cause
2  exception in a case involving allegations that defendant's product caused an increased risk of lung
3  cancer because "[a]part from defendants' alleged misconduct, no other independent event or
4  circumstance" was "alleged to be a sufficient cause of this harm."  787 F. Supp. 2d at 1080.
5  Instead, the court applied the "but for" test. *Id.* ("[a]ccordingly, the exception does not apply and the
6  but-for standard governs").  Courts have also declined to apply the exception where multiple
7  concurrent causes were identified, but none were alleged to be sufficient on their own to produce
8  plaintiff's harm.  *See Mayes*, 139 Cal. App. 4th at 1094 (declining to find concurrent independent
9  causes because plaintiff alleged that harm was brought about by a combination of a doctor and
10 surgeon's negligence); *see also Viner*, 30 Cal. 4th at 1240 ("[b]ecause these forces operated in
11 combination, with none being sufficient in the absence of the others to bring about the harm, they
12 are not concurrent independent causes").

13       The concurrent independent causes exception is not implicated when the defendant simply
14 denies they were the cause of plaintiff's harm, or the defendant argues that other forces were the
15 factual cause of harm *instead of* defendant's conduct.  *See* Restatement (Third) of Torts: Phys. &
16 Emot. Harm § 27 (2010); *see also Vecchione,* 111 Cal. App. 3d at 359 (stating that the concurrent
17 independent cause exception does not apply when plaintiff and defendant simply offer competing
18 accounts of causation).  Otherwise, virtually every tort case in which defendant denied factual
19 causation would implicate this exception.  *See In re Hanford Nuclear Reservation Litig.*, 534 F.3d
20 986, 1011 (9th Cir. 2008) (noting, in a case applying Washington law, that applying the multiple
21 concurrent cause exception just because there are potentially multiple contributing causes of
22 plaintiff's injury "would allow the substantial factor test to supplant but-for causation in virtually all
23 toxic tort cases.")

24 **II.   Unless the concurrent independent cause exception applies, plaintiff must show "but
25      for" causation.**

26       Because the concurrent independent cause scenario is the only exception to the "but for"
27 test, plaintiff must satisfy "but for" causation in all other cases—even in cases where plaintiff
28

- 4 -
DEFENDANT'S MEMORANDUM REGARDING THE "SUBSTANTIAL FACTOR" TEST AND "BUT FOR" CAUSATION
Case No. 3:16-md-02741-VC

claims that defendant's negligence was one of many factors that combined to produce the alleged harm. This is because concurrent causes and concurrent independent causes are treated differently under California law. *See Viner*, 30 Cal. 4th at 1240 ("'Concurrent independent causes' should not be confused with 'concurrent causes.'") Most cases involve concurrent causes, which are simply "multiple forces operating at the same time." *Id.* For example, radiation, smoking, and genetics could all be concurrent causes of cancer without any one being sufficient on its own to cause the disease. *See In re Hanford Nuclear Reservation Litig.*, 534 F.3d at 1011. In contrast, concurrent independent causes are "multiple forces operating at the same time and independently, each of which would have been sufficient by itself to bring about the harm." *Viner*, 30 Cal. 4th at 1240. Only concurrent *independent* causes—not simply concurrent causes—are excluded from the "but for" requirement under the substantial factor test. *Id.* ("[b]ecause these forces operated in combination, with none being sufficient in the absence of the others to bring about the harm, they are not concurrent independent causes. Accordingly . . . this case is governed by the 'but for' test") (citations omitted). Indeed, with the exception of concurrent independent cause cases, "no case has been found where the defendant's act could be called a substantial factor when the event would have occurred without it." Witkin, Torts § 1334 (citing *Mitchell*, 54 Cal. 3d at 1052-53).

The "vague" language of the substantial factor test has sometimes resulted in the crucial distinction between concurrent causes and concurrent independent causes being ignored. *See* David W. Robertson, *The Common Sense of Cause in Fact*, 75 Tex. L. Rev. 1765, 1779–80 (1997) ("The real trouble begins when courts go a step further and start treating the relatively vague substantial factor vocabulary as an improvement upon the but-for test with respect to any multiple causation case in which analysis appears difficult"); *see also* Sanders et. al., 73 Mo. L. Rev. at 418 ("[t]he danger to which Professor Robertson adverts is that in fact patterns that are outside the two-fire situation a jury will be encouraged to find causation even when the defendant's conduct is not a but-for cause of the plaintiff's injury"). However, the proper application of the substantial factor test under California law does not relieve the plaintiff of their basic burden to show "but for" causation outside of the unique circumstance where concurrent independent causes have been identified. *See,*

*e.g.*, *Viner*, 30 Cal. 4th at 1240.  Even in cases where plaintiff argues that defendant's negligence combined with other concurrent causes to produce the alleged harm, a concurrent cause is not a substantial factor unless it is also a "but for" cause.  *See, e.g.*, *Vecchione*, 111 Cal. App. 3d at 359.  If the harm would have occurred regardless, defendant's negligence cannot be a substantial factor.  *See* Restatement (Second) of Torts. § 432(1).

Other jurisdictions have correctly rejected attempts by plaintiffs in complex medical causation cases to circumvent the requirement of "but for" causation by relying on the vague language of the substantial factor test.  *See June v. Union Carbide Corp.*, 577 F.3d 1234, 1239 (10th Cir. 2009) ("The legal issues regarding causation that arise when a disease has multiple possible causes are subtle. Plaintiffs' statement of the substantial-factor test reflects the difficulty of the issues; it relies on certain language from the Restatement (Second) of Torts but misstates the law by overlooking other language."); *In re Hanford Nuclear Reservation Litig.*, 534 F.3d at 1011 (rejecting argument by plaintiffs that "but for" causation is not required when radiation caused by defendant allegedly combined with other factors to cause cancer).  In *June*, the Tenth Circuit Court of Appeals upheld summary judgment for defendant where it was alleged that radiation exposure from defendant's mine had caused plaintiffs' cancer.  *June*, 577 F.3d at 1245.  The Court held that plaintiffs had misread the substantial factor test to not require "but for" causation when there are multiple possible causes of plaintiffs injury.  *Id.* at 1241 (Reading the black letter of §§ 430, 431, and 433, one could easily conclude that courts and juries have substantial leeway to depart from but-for causation in imposing liability . . . This is how Plaintiffs appear to understand the doctrine.").  The Court rightly recognized that "this conclusion cannot stand once one reads § 432, which imposes a requirement for liability that is at least as stringent as the factual-cause requirement in the Restatement (Third)."  *Id.*  The Court went on to note that when plaintiff has alleged that a substance caused cancer, the distinction between merely concurrent causes and concurrent independent causes is particularly important:

> In the modern world of many hazardous substances, there may be many possible causes of a particular cancer. Each could be said to be sufficient to cause a specific person's cancer. But one who suffers that cancer does not have a cause of action

> based on each such substance to which he was exposed, regardless of how unlikely it is that the cancer resulted from that exposure.

*Id.* at 1243. The Court then clarified that only concurrent independent causes can satisfy causation without also being "but for" causes. *Id.* ("Only a substance that would have actually (that is, probably) caused the cancer can be a factual cause without being a but-for cause."). Because plaintiffs in *June* failed to present evidence that radiation caused by defendant was either a "but for" cause or an independent concurrent cause of their cancer, summary judgment for defendant was upheld. *Id.* at 1245.

### III. California's optional instruction on "but for" causation is required if supported by substantial evidence.

The current California civil instructions include an optional clause that is almost identical to the language in the Restatement defining substantial factor in terms of "but for" causation:

> Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

CACI 430. This instruction is required when it is supported by substantial evidence, such as when disputing "but for" causation is a key part of defendant's theory of the case. *See Soule v. Gen. Motors Corp.*, 8 Cal. 4th 548, 572, 882 P.2d 298, 311 (1994); *Mayes*, 139 Cal. App. 4th at 1095.

In *Soule v. GMC*, the Supreme Court of California held that failure to give a "but for" instruction when the instruction was supported by substantial evidence was error. 882 P.2d 298 (Cal. 1994). In that case, GM requested a specific instruction that explicitly stated the "but for" test, but the trial court denied this request and instead gave a general "substantial factor" instruction. *Id.* The Supreme Court of California held that "GM was . . . entitled to its special instruction, and the trial court's refusal to give it was error." *Id.* at 312. Under California law "[a] party is entitled upon request to correct, nonargumentative instructions on every theory of the case advanced by him which is supported by substantial evidence. The trial court may not force the litigant to rely on abstract generalities, but must instruct in specific terms that relate the party's theory to the particular case." *Id.* at 311-12. In *Soule*, GM put on substantial evidence that the accident was so severe the injuries would have occurred notwithstanding any defect. The Court held that the trial court's

substantial factor instruction dealt only by "negative implication" with GM's theory that any such defect was not a "'substantial factor' because this particular accident would have broken plaintiff's ankles in any event." *Id.* at 312.

The only case to affirmatively find that the optional instruction was not required did so because no reasonable jury could have failed to find "but for" causation. *See Mayes*, 139 Cal. App. 4th at 1095 ("On this record there is no likelihood that, instructed on 'but for,' the jury could have found Dr. Bryan was not a cause in fact of Mrs. Mayes's death"). However, even the *Mayes* case acknowledged that the optional instruction could be required if "but for" causation was actually at issue in the case. *Id.* Thus, the optional instruction in CACI 430 is required if supported by substantial evidence, such as when disputing "but for" causation is a key issue in the case, or when the jury is likely to be confused about the "but for" causation requirement. In such a circumstance, relying on the "implicit" notion of "but for" causation subsumed in the substantial factor test alone is not sufficient. *See Soule*, 882 P.2d at 312.

DATED: January 28, 2019

Respectfully submitted,

*/s/* Brian L. Stekloff_____

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

Attorneys for Defendant
MONSANTO COMPANY

- 9 -
DEFENDANT'S MEMORANDUM REGARDING THE "SUBSTANTIAL FACTOR" TEST AND "BUT FOR"
CAUSATION
Case No. 3:16-md-02741-VC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28 day of January 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Michael Imbroscio