UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITGATION<br><br>This document relates to:<br>ALL ACTIONS | MDL No. 2741<br>Case No. 16-md-02741-VC<br><br>**PRETRIAL ORDER NO. 67: RULING ON INITIAL EVIDENTIARY SUBMISSIONS** |

These rulings govern the admissibility of certain evidence during the causation phase of the trial. As with every motion in limine, rulings excluding evidence may be revisited if a party opens the door to admission at trial.[1]

Hardeman's Evidentiary Submissions

14. Assuming Monsanto's experts rely on the Agricultural Health Study at trial, Hardeman may impeach those experts using Dr. Acquavella's July 22, 1997, memo criticizing AHS. *See* Dkt. No. 2494-1.

15. Hardeman may not introduce Dr. Parry's second evaluation of the potential genotoxicity of glyphosate as part of his case-in-chief. *See* Dkt. No. 2496-8; Fed. R. Evid. 403. However, if Monsanto presents expert testimony on the genotoxicity of glyphosate, or otherwise opens the door through cross-examination, then the evaluation can be admitted.

16. Hardeman is entitled to present evidence surrounding the re-review of the 1983 Knezevich & Hogan mouse study, including Monsanto's role in pushing for a reevaluation of the tumor slides based on its concern about the regulatory consequences of the study. It appears that Hardeman will be able to convey this information (through evidence, stipulation, or some

---

[1] At trial, these items will be referred to respectively as Hardeman's Motions in Limine 14-16 and Monsanto's Motions in Limine 14-16.

combination of the two) without introducing the February 22, 1985, memo from Lyle Gingerich or other similar internal documents, which are likely to waste time and distract the jury from causation. *See* Dkt. No. 2492-9; Fed. R. Evid. 403. But if Hardeman is unable to convey the relevant information without such documents, the Court will reevaluate whether they may be introduced.

Monsanto's Evidentiary Submissions

14. Monsanto's unopposed motion to exclude the November 29, 2001, email from Dr. Farmer regarding the published abstract for the 2001 McDuffie study is granted. *See* Dkt. No. 2498-1; Fed. R. Evid. 403. The August 24, 2000, email from Dr. Acquavella regarding Monsanto's potential collaboration with Dr. McDuffie is also excluded. *See* Dkt. No. 2498-5.

15. Monsanto's unopposed motion to exclude the February 26, 2015, email from Dr. Goldstein regarding Monsanto's possible work with the American Council on Science and Health is granted. *See* Dkt. No. 2498-2.

16. The August 6, 2015, email from Dr. Heydens addressing whether the Intertek Expert Panel should consider the effects of surfactants in the formulated product is excluded under Rule 403. *See* Dkt. No. 2498-3. Given the ambiguity in Dr. Heydens' statement regarding the 2010 George study and the tangential relevance of his comment to causation, it would waste time and be unfairly prejudicial to allow Hardeman to introduce this evidence.

**IT IS SO ORDERED.**

Date: January 30, 2019

Honorable Vince Chhabria
United States District Court