**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360
Fax: (303) 376-6361
Aimee.wagstaff@andruswagstaff.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax:  (646) 293-4921
rgreenwald@weitzlux.com

**THE MILLER FIRM, LLC**
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
108 Railroad Ave.
Orange, VA  22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055
mmiller@millerfirmllc.com
bbrake@millerfirmllc.com

*Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Hardeman v. Monsanto Co., et al.,*<br>3:16-cv-0525-VC;<br>*Stevick v. Monsanto Co., et al.,*<br>3:16-cv-02341-VC;<br>*Gebeyehou v. Monsanto Co., et al.*<br>3:16-cv-5813-VC | **PLAINTIFFS' NOTICE OF MOTION AND MOTION IN *LIMINE* NO. 2 TO EXCLUDE NEW GENERAL CAUSATION EXPERTS AND OPINIONS** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** beginning on February 13, 2019 in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Plaintiffs will present their Motion in *Limine* to Exclude New General Causation Experts and Opinions. A supporting memorandum is filed herewith.

Dated: 1/30/2019                                            Respectfully submitted,

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360

/s/ Robin Greenwald
Robin L. Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY  10003
Tel: (212) 558-5802

/s/ Michael J. Miller
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
mmiller@millerfirmllc.com
bbreake@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave.
Orange, VA  22960
Telephone: (540) 672-4224

*Plaintiffs' Co-Lead Counsel*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Only Monsanto's General Causation Experts Should be Allowed to Offer General Causation Opinions.

Over Plaintiffs' objection, and at considerable expense, the Parties and this Court spent over two years discovering and testing the testimony, evidence, and opinions of the Parties' general causation experts. After each side presented their general causation experts, the Court issued a 68-page *Daubert* Order setting forth the admissible general causation testimony for this MDL. *See generally* Pretrial Order No. 45.

During the October 29, 2018 hearing, it became clear that Monsanto intended to use its "specific causation" experts to proffer general causation opinions—even suggesting it may not call a single general causation expert from the general causation phase to the February trial. The Court rejected this proposal:

> [T]he answer to that question is basically no.  You cannot add general causation experts.  If there is an emergency-type situation, if Loralei Mucci has a medical emergency or, you know, something like that, and you want to seek permission to sub somebody in to provide, you know, substantially the same testimony, I will entertain it.  I'm not saying I will grant it, but I will entertain it. But the basic answer is, no, I don't think it's appropriate, given everything we've been through already as a team, to be adding general causation experts.

Ex. 1, Tr. of Proceedings at 41:8-18 (Oct. 29, 2018).  Plaintiffs agree with the Court's guidance. If Monsanto wants to mount a challenge to general causation, then it must do so using its general causation experts proffered during the general causation stage of this MDL – as requested by Monsanto. To allow Monsanto to bring new general causation experts, who were not subjected to the *Daubert* phase of this MDL, would prejudice Plaintiffs and render the last two years meaningless.

Notwithstanding the Court's clear direction, Monsanto's new specific-causation experts offer a wide-range of new general causation opinions.  And, as discussed below, these general causation opinions regarding Roundup® form, in their entirety, the basis of their specific causation opinions.  This is improper and violates this Court's express ruling.  It also undermines the last

two years of work in this MDL. All of Monsanto's new "specific causation" experts should be prohibited from offering any general causation opinion. Plaintiffs' request includes, but is not limited to, any general causation opinions proffered in response to Plaintiffs' general causation testimony and also:

1. **Dr. Michael Grossbard, M.D.**
    - *Hardeman Report*: Strike general causation opinions on epidemiological evidence related to glyphosate, generally pages 7-8. *See* Exhibit 2.

    - *Gebeyeou Report*: Strike general causation opinions on epidemiological evidence related to glyphosate, generally pages 6-7. *See* Exhibit 3.

2. **Dr. Alexandra M. Levine, M.D., M.A.C.P**.
    - *Hardeman Report*: Strike general causation opinions on epidemiological evidence related to glyphosate, generally Section IV entitled "Roundup (Glyphosate) and NHL Epidemiology", page 9. *See* Exhibit 4.

3. **Dr. Christian Steidl, M.D.**
    - *Hardeman Report*: Strike general causation opinions on epidemiological evidence, toxicology, and mechanistic data related to glyphosate, generally Section III entitled "Assessment of Roundup as a Potential NHL Carcinogen", page 2-11. *See* Exhibit 5.

4. **Dr. Celeste Bello, M.D.**
    - *Stevick Report*: Strike general causation opinions on epidemiological evidence related to glyphosate, generally Section IV entitled "Glyphosate and NHL Epidemiology", page 9. *See* Exhibit 6.

5. **Dr. Juan Pablo Villablanca, M.D.**
    - *Stevick Report*: Strike general causation opinions on regulatory agencies and epidemiological evidence related to glyphosate, generally page 15. *See* Exhibit 7.

6. **Dr. William H. Fleming, M.D., Ph.D.**
    - *Gebeyeou Report*: Strike "Recent Literature and Supplemental Opinions," *See* Exhibit 8, Page 1. Although Dr. Fleming was proffered for general causation in Phase 1, his general causation testimony in Phase 2 should be limited to his Phase 1 expert report. As the Court recalls, PTO 34 required that "any expert who wishes to testify about the study published on November 9, 2017 in the *Journal of the National Cancer Institute* must submit a supplemental report by December 21 2017, and must submit to a further deposition, not to exceed 2.5 hours, by January 23, 2018." *See* PTO 34, ECF 761. The Study referenced in PTO 34 is *Andreotti* 2018. Dr. Fleming was already a disclosed expert when the Court issued PTO 34, and he chose not to provide a PTO 34 report on the *Andreotti* 2018 paper. Therefore, he was not subject to *Daubert* on that study, a

study Monsanto hailed as dispositive for epidemiology reliability. Plaintiffs agree that supplementing reliance lists is proper as new science develops, however, the *Andreotti 2018* paper is unique because the Court entered a specific Order regarding the supplementation of expert reports for "any expert who wishes to testify about the study."

## II. Monsanto Should Not Be Allowed to Offer Any *New* General Causation Opinions.

Separate and apart from Monsanto proffering new general causation *experts*, it also offers new general causation *opinions* that were not proffered during the general causation phase. These new general opinions should be excluded as well.

During the general causation phase, each of Plaintiffs' general causation experts examined all three pillars of cancer science—epidemiology, animal toxicology, and mechanism—and performed a comprehensive Bradford Hill analysis and conducted a weight of evidence analysis. Monsanto, having seen this approach,[1] took a different one, electing to have its carefully-selected general causation experts focus on only one of the three pillars—epidemiology (Drs. Mucci & Ryder), animal toxicology (Drs. Foster & Rossol), and mechanism (Dr. Goodman). None of Monsanto's general causation experts considered all three areas of science and none performed— or was even willing to perform—a Bradford Hill analysis. Similarly, none performed a weight of the evidence analysis. Monsanto's experts, therefore, did not offer the ultimate conclusion that Roundup® does not cause NHL. Instead, they offered siloed opinions about each discipline—Drs. Mucci and Rider opined that that epidemiology did not support causation; Drs. Foster and Rossol opined that the animal toxicology did not support causation; and Dr. Goodman opined that Roundup® is neither genotoxic nor capable of inducing oxidative stress.

However, one of Monsanto's new "specific causation" experts, Dr. Steidl, seeks to offer opinions on all three of the pillars of science. In his Hardeman Report, Dr. Steidl offers an opinion that the epidemiological, toxicological, and mechanistic evidence considered together does not

---

[1] Plaintiffs served their general causation reports on May 1, 2017. *See* ECF 78, PTO 5. Monsanto's deadline to serve its expert reports was extended through July 31, 2017. *See* ECF 322, PTO 24. Meaning, Monsanto had a 90-day notice that Plaintiffs' experts were considering more than one pillar of science and also conducting Bradford Hill and weight of evidence analyses. Even so, Monsanto chose a different strategy with its experts.

3

PLAINTIFFS' MOTION IN *LIMINE* NO. 2 TO EXCLUDE
NEW GENERAL CAUSATION EXPERTS AND OPINIONS

support a causal relationship between exposure to GBFs and NHL. Ex. 5 Steidl Rpt. at 2, 13. He also attempts to conduct, *albeit* superficially, a Bradford Hill/weight of evidence analysis. *Id.* at 13. This is an entirely new general causation opinion, not just a new general causation expert. It is improper and violates the phased discovery process. To the extent this Court permits Dr. Steidl to offer any general causation opinion, he should not be allowed to testify about any Bradford Hill or weight of evidence opinion because those general causation opinions were not offered during the general causation phase of this MDL. Similarly, and for the same reason, Monsanto's original general causation experts should not be able to consider new pillars of science not previously considered by them or testify about any Bradford Hill or weight of evidence opinion as that would be new general causation opinions.

## III.   CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court enter an Order granting this motion *in limine* and excluding any evidence or testimony regarding general causation from new experts and also excluding any new general causation opinions, from both new and original experts.

Dated: 1/30/2019                                    Respectfully submitted,

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360

/s/ Robin Greenwald
Robin L. Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY 10003
Tel: (212) 558-5802

/s/ Michael J. Miller
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
mmiller@millerfirmllc.com
bbreake@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave.
Orange, VA  22960
Telephone: (540) 672-4224

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I certify that on January 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com