# EXHIBIT 2

Confidential - Edwin Hardeman

```
 1              UNITED STATES DISTRICT COURT
 2            NORTHERN DISTRICT OF CALIFORNIA
 3
 4   IN RE: ROUNDUP PRODUCTS       )
     LIABILITY LITIGATION          )
 5                                 )  MDL No. 2741
                                   )  Case No. 16-md-02741-VC
 6                                 )
                                   )
 7                                 )
     This Document Relates To:     )
 8                                 )
     Hardeman v. Monsanto Co.,     )
 9   et al.                        )
     Case No. 3:16-cv-00525-VC     )
10                                 )
                                   )
11
12                      - - - -
13                   CONFIDENTIAL
14                    VIDEOTAPED
15         DEPOSITION OF EDWIN HARDEMAN
16
17             Held at the Vintners Inn
18      4350 Barnes Road, Santa Rosa, California
19         Thursday, November 8, 2018, 9:16 a.m.
20                      - - - -
21
22
23
24
25   REPORTED BY:  ELAINA BULDA-JONES, CSR NO. 11720
```

```
 1    back and take a shower.  I'd have to say that.
 2         Q.   So you mentioned that you would try to
 3    spray it in -- in warm, sunny weather, correct?
 4         A.   Yeah, I'd like the air temperature, you
 5    know, to be a -- preferably the sun to be out.  I
 6    mean, that was my -- my -- my thinking that it
 7    worked best that way, you know.  Especially when
 8    you're spraying poison oak.
 9         Q.   And so you followed the instructions on
10    the label, then, to apply it during warm, sunny
11    weather?
12         A.   Yeah, operating temperature or applying
13    temperature.  Yes, I -- I did?
14         Q.   And would you, likewise, spray it when the
15    air was calm?
16         A.   Well, yeah, most instances I -- I tried to
17    do that.  But we have these afternoon winds that
18    could come up in Westside, yeah, and a surprise --
19    out of the -- the west or whatever, and I could get
20    a -- you know, a sudden -- it's possible I could get
21    a little blown back on me.  That's happened to me.
22              But in most instances, I'd try to do it
23    when it's calm because I didn't want it to get on --
24    it's most -- I -- I may stop spraying if it -- you
25    know, if it's too windy.  I don't want to get it on
```

1   other plants that contaminates, so -- you could lose
2   them.  Yeah.
3       Q.  And again, you -- you said earlier you
4   wouldn't spray it when it was raining?
5       A.  No.
6       Q.  Okay.  Let's talk first about the property
7   at Gualala.  And you talked a little bit about how
8   you -- well, let me -- let me just strike that.
9       A.  Uh-huh.
10      Q.  Where -- how -- how large was the property
11  at Gualala?
12      A.  Approximately five acres.
13      Q.  And on that five-acre property, where
14  would you spray?
15      A.  I would spray around the -- I'd spray the
16  road area, the gravel road on the side and down the
17  center divider strip, you know, around the -- around
18  the garage, out by -- maybe a little bit out in
19  the -- call it the field area.  I don't know -- I
20  don't know however you want to describe it.  It --
21  but -- but most of my attention to spraying was on
22  the -- the gravel and the driveway to keep that
23  clean.  That's -- that's -- that's why we decided to
24  go the Roundup route.
25      Q.  So --

1  going to come in and testify at trial that it
2  happened X many times, I need to know that now.
3       A.   Yeah.
4       Q.   If you're going to say you don't know,
5  then I want to hear that you don't know when you
6  come to testify at trial too.  Okay?
7            So if you don't remember now, you don't
8  remember when you come and testify at trial.
9            MS. WAGSTAFF:  Well, actually, the judge
10 will decide.  I mean, if he -- if he has a different
11 memory later, you can impeach him, just like every
12 other witness who ever comes to any trial.  I mean,
13 jeez.
14 BY MS. DuPONT:
15      Q.   Do you remember how many times that --
16 that you spilled the -- spilled the -- the Roundup
17 on yourself while mixing it?
18      A.   Specifically, giving you like a number of
19 ten, I can't -- I can't do that.  I would be
20 approximating, you know, I -- I don't know.
21      Q.   To the best of your recollection, how many
22 times did you spill on yourself when you were mixing
23 it?
24      A.   Oh, let's see.  I would have to think
25 about that for a minute here.  Let's see.

1        I got -- I mean, over the years, I -- I
2   mean, it didn't happen all the time, but, you
3   know -- throw a number out.  Ten times.  I -- I
4   don't know.  I mean...
5        Q.  Okay.
6        A.  I'm just thinking, could there be ten
7   incidences of, you know, foam and spray and
8   whatever, yeah, possibly.  I don't know.
9        Q.  So the ten that -- so just so I'm clear,
10  the ten instances includes both when you were mixing
11  it and you spilled the concentrate on yourself and
12  when it foamed up or was the ten times just the
13  concentrate?
14       A.  Oh, I'm talking exposed to it like -- like
15  a spill or an accident, like that, or...
16       Q.  Okay.
17       A.  Not really an accident, it's -- I'd say
18  it's a combination -- I'm talking about both of
19  them, really.
20       Q.  Okay.
21       A.  Not -- not just one.  Both of them.
22       Q.  Okay.  Have you ever attempted to contact
23  or speak with anyone at Monsanto?
24       A.  No.
25       Q.  Has anyone from Monsanto ever told you

1    STATE OF CALIFORNIA  )

2    COUNTY OF YOLO       )

3            I, ELAINA BULDA-JONES, a Certified Shorthand

4    Reporter of the State of California, duly authorized

5    to administer oaths pursuant to Section 2025 of the

6    California Code of Civil Procedure, do hereby

7    certify that

8                       EDWIN HARDEMAN,

9    the witness in the foregoing deposition, was by me

10   duly sworn to testify the truth, the whole truth and

11   nothing but the truth in the within-entitled cause;

12   that said testimony of said witness was reported by

13   me, a disinterested person, and was thereafter

14   transcribed under my direction into typewriting and

15   is a true and correct transcription of said

16   proceedings.

17           I further certify that I am not of counsel or

18   attorney for either or any of the parties in the

19   foregoing deposition and caption named, nor in any

20   way interested in the outcome of the cause named in

21   said deposition dated the  _____ day of

22   _____, 2018.

23

24

25   ELAINA BULDA-JONES, RPR, CSR 11720