**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360
Fax: (303) 376-6361
Aimee.wagstaff@andruswagstaff.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY  10003
Tel: (212) 558-5802
Fax:  (646) 293-4921
rgreenwald@weitzlux.com

**THE MILLER FIRM, LLC**
Michael J. Miller (*pro hac vice*)
108 Railroad Ave.
Orange, VA  22960
Tel: (540) 672-4224
Fax:(540) 672-3055
mmiller@millerfirmllc.com

*Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: | **PLAINTIFFS' NOTICE OF MOTION AND MOTION IN *LIMINE* NO. 4 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING FOREIGN REGULATORY ACTIONS AND DECISIONS BY GOVERNMENTAL AGENCIES IN FOREIGN COUNTRIES** |
| *Hardeman v. Monsanto Co., et al.,* 3:16-cv-0525-VC; *Stevick v. Monsanto Co., et al.,* 3:16-cv-02341-VC; *Gebeyehou v. Monsanto Co., et al.,* 3:16-cv-5813-VC | |

1

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** beginning on February 13, 2019 in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Plaintiffs will present their Motion in *Limine* to Exclude Evidence Testimony and Argument Regarding Foreign Regulatory Actions and Decisions by Governmental Agencies in Foreign Countries. A supporting memorandum is filed herewith.

Dated: 1/30/2019                              Respectfully submitted,

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360

/s/ Robin Greenwald
Robin L. Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY 10003
Tel: (212) 558-5802

/s/ Michael J. Miller
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
mmiller@millerfirmllc.com
bbreake@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave.
Orange, VA  22960
Telephone: (540) 672-4224

*Plaintiffs' Co-Lead Counsel*

2

PLAINTIFFS' MOTION IN *LIMINE* NO. 4 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING FOREIGN REGULATORY ACTIONS AND DECISIONS BY GOVERNMENTAL AGENCIES IN FOREIGN COUNTRIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PRELIMINARY STATEMENT

Monsanto markets and sells glyphosate-containing products not only in the United States, but also in many countries throughout the world.  Each country (or group of countries, like the European Union) maintains a distinct set of regulatory standards and laws governing the approval, marketing, sale, and labeling of pesticides and herbicides.  Plaintiffs' substantive claims are governed by California law and the only regulatory agencies that govern the marketing of glyphosate in California is the Environmental Protection Agency (EPA) and the California Environmental Protection Agency (CalEPA).

Testimony and evidence regarding the standards, proceedings, actions, and decisions of foreign countries is not probative of the underlying issues in this case. Some countries have reviewed glyphosate's safety and allowed glyphosate to be sold without a warning for non-Hodgkin's lymphoma while regulatory bodies in other foreign nations have severely restricted the use of glyphosate as a result of the safety data.  Allowing testimony regarding the complex regulatory decisions in each of these countries would result in "mini-trials" that would confuse the issues, mislead the jury and waste the Court's and the jury's time.

This case involves Plaintiffs' claims under state law, concerning events that occurred entirely in California.  Foreign regulatory requirements and determinations made under different foreign regulatory standards have no bearing on whether Monsanto's actions conformed to the standards established by California law.

## II.   ARGUMENT

Evidence and argument about foreign regulatory actions or decisions related to glyphosate should be excluded because they are irrelevant to the issues in this case, and because any relevance is outweighed by the danger of confusing and misleading the jury and wasting the

1

Court's and the jury's time in unraveling the regulatory schemes of every country that has considered the safety of glyphosate.[1]

### A.   <u>The Evidence About Foreign Regulatory Activity Is Irrelevant To This Case.</u>

Evidence about foreign regulatory findings, actions or decisions about glyphosate is irrelevant to the claims brought by plaintiffs in this case.  As many courts have held in similar circumstances, "any discussion of foreign regulatory actions is irrelevant… and should therefore be excluded." *In re Viagra Prods. Liab. Litig.*, 658 F. Supp. 2d 950, 965 (D. Minn. 2009); *Garamendi v. Mission Ins. Co.* (1993) 15 Cal. App. 4th 1277, 1287 (*holding* that foreign statutes and decisions . . . are not binding on this court" and "foreign authorities are irrelevant to our determination which must be based on California law.");  *In re Seroquel Prods. Liab. Litig.*, 601 F. Supp. 2d 1313 (M.D. Fla. 2009) (*affirming* exclusion of foreign regulatory activities); *Deviner v. Electrolux Motor AB*, 844 F. 2d 769, 771 (11th Cir. 1988) (*holding* "Swedish standards are not relevant in a U.S. product liability case involving [products] sold in the U.S."); *In re Meridia Prods. Liab. Litig. v. Abbott Labs.*, 447 F. 3d 81, 867 (6th Cir. 2006) (*holding* that "American regulators have different priorities and deal with often more diverse populations than their European counterparts.").

Each government makes its own determinations regarding the standards for safety and duty of care based on factors arising from each country's unique political, social, and economic situation.  *Harrison v. Wyeth Labs.*, 510 F. Supp. 1, 4 (E.D. Pa. 1980), *aff'd* 676 F. 2d 685 (3d Cir. 1982).[2]  The actions taken or decisions made by foreign governments and their regulatory

---

[1] As discussed further below, this Motion seeks to exclude only the findings and decisions of the regulatory bodies of foreign governments.  Regulatory findings and decisions relating to the approval, marketing, and labeling of a product under complex regulatory schemes is different than scientific reviews, studies, meta-analysis, and safety analysis undertaken by non-governmental agencies addressing the safety of glyphosate.

[2] As the *Harrison* Court explained:

PLAINTIFFS' MOTION IN *LIMINE* NO. 4 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING FOREIGN REGULATORY ACTIONS AND DECISIONS BY GOVERNMENTAL AGENCIES IN FOREIGN COUNTRIES

authorities have no bearing on whether the standards at issue – established by state law – have been met or not. Accordingly, foreign regulatory actions or decisions are irrelevant to the issues in this case.

### B. Any Marginal Probative Value of Evidence Regarding Foreign Regulatory Findings and Decisions Is Substantially Outweighed By The Danger of Unfair Prejudice and Jury Confusion.

Even if the Court were to conclude that foreign regulatory actions or decisions may be relevant to the issues presented in this case, any probative value of that evidence would be outweighed by the danger of confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time. FRE 403. Permitting the parties to introduce foreign regulatory actions or decisions "without providing context concerning the regulatory schemes and decision-making processes involved would strip the jury of any framework within which to evaluate the meaning of that evidence." *In re Seroquel Prods. Liab. Litig.*, 601 F. Supp. 2d at 1318.

For these reasons, multiple courts have excluded evidence and argument on the basis that the probative value of foreign regulatory actions or decisions is substantially outweighed by undue consumption of time and confusion of the jury. *See In re Baycol Products Liab. Litig.*, 532 F. Supp. 2d 1029, 1054 (D. Minn. 2007) (excluding evidence of regulatory actions in foreign countries as it would likely lead to jury confusion); *Sherry v. Massey-Ferguson, Inc.*, 1997 WL 480893 (W.D. Mich. 1997) (finding that evidence of European legal standards an requirements will unnecessarily confuse the jury); *In re Actos Prod. Liab. Litig.*, JCCP 4946, 2013 WL 2302015 at *9-10 (Cal.

---

This balancing of the overall benefits to be derived from a product's use with the risk of harm associated with that use is peculiarly suited to a forum of the country in which the product is used. Each country has its own legitimate concerns and its own needs which must be factored into its process of weighing the drug's merits, and which will tip the balance for it one way or the other.

510 F. Supp. at 4.

PLAINTIFFS' MOTION IN *LIMINE* NO. 4 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING FOREIGN REGULATORY ACTIONS AND DECISIONS BY GOVERNMENTAL AGENCIES IN FOREIGN COUNTRIES

Super. Ct. Feb. 11, 2013); *Patchen v. A.W. Chesterton Co.*, No. BC 421268, 2012 WL 1062862 (Cal. Super. Ct. Jan. 27, 2012).

In order to make sense of these foreign actions and decisions, the parties would be required to introduce evidence regarding the regulatory framework of the countries in question.  The Court would be required to conduct "mini-trials" with respect to the reasons why and how foreign regulatory agencies may have reached their decisions regarding glyphosate, including an examination of the exact circumstances of the countries at the time of their decision. *In re Seroquel Prods. Liab. Litig.*, 601 F. Supp. 2d at 1318. If Monsanto is allowed to introduce evidence of actions and by regulators in foreign countries at trial, then Plaintiffs would be entitled to respond by introducing evidence of the differences between the social, political, regulatory and medical landscapes of those countries compared to the United States. Further, Plaintiffs would be forced to introduce evidence relating to the various other countries that have restricted, voted against or otherwise voiced concern over the carcinogenicity of the products at issue. Such evidence, focused on each country's regulatory activity would confuse the jury, distract from the core issues, and substantially lengthen the trial of this matter.

The probative value of irrelevant information regarding foreign regulatory findings and decisions would be substantially outweighed by the risk of undue consumption of time at trial and the danger of misleading the jury and confusion the issues.

## C.  The Exclusion of Foreign Regulatory Actions Does Not Preclude The Introduction of All Safety Information Generated Overseas.

Evidence concerning foreign regulatory actions is far different than independent analysis, studies, and safety reviews conducted overseas by scientists, groups, organizations and agencies that have no role in the regulation, approval, and marketing of glyphosate.  The decisions of non-regulatory groups are not dictated by foreign laws, regulations, and standards that are different from what is required under California law. Scientific information and safety reviews that are

known and considered by the EPA or CalEPA is clearly relevant while testimony regarding "what the foreign regulators decided about [a product] or what actions they required [defendant] to take regarding the [product]" and does not risk confusing the issues or misleading the jury. *See In re Seroquel Prods. Liab. Litig.*, 601 F. Supp. 2d at 1318-19.

## III.     CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court enter an Order granting this motion *in limine* and excluding evidence or testimony regarding foreign regulatory actions and decisions by governmental agencies in foreign countries.

Dated:  1/30/2019                                    Respectfully submitted,

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360

/s/ Robin Greenwald
Robin L. Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY 10003
Tel: (212) 558-5802

/s/ Michael J. Miller
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
mmiller@millerfirmllc.com
bbreake@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave.
Orange, VA  22960
Telephone: (540) 672-4224

*Plaintiffs' Co-Lead Counsel*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION IN *LIMINE* NO. 4 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT
REGARDING FOREIGN REGULATORY ACTIONS AND DECISIONS BY GOVERNMENTAL AGENCIES IN
FOREIGN COUNTRIES

## CERTIFICATE OF SERVICE

I certify that on January 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com

PLAINTIFFS' MOTION IN *LIMINE* NO. 4 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING FOREIGN REGULATORY ACTIONS AND DECISIONS BY GOVERNMENTAL AGENCIES IN FOREIGN COUNTRIES