**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360
Fax: (303) 376-6361
aimee.wagstaff@andruswagstaff.com

**THE MILLER FIRM LLC**
Michael Miller (*pro hac vice*)
108 Railroad Avenue
Orange, VA  22960
Tel: (540) 672-4224
Fax: (540) 672-3055
mmiller@millerfirmllc.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY  10003
Tel: (212) 558-5802
Fax: (646) 293-4921
Email: rgreenwald@weitzlux.com

*Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Hardeman v. Monsanto Co.*, 3:16-cv-0525-VC;<br>*Stevick v. Monsanto Co., et al.*, 3:16-cv-02341-VC;<br>*Gebeyehou v. Monsanto Co., et al.*, 3:16-cv-5813-VC | **PLAINTIFFS' NOTICE OF MOTION AND MOTION IN *LIMINE* NO. 5 TO EXCLUDE CERTAIN U.S. EPA DOCUMENTS RELATING TO GLYPHOSATE'S CARCINOGENICITY** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE CERTAIN U.S. EPA DOCUMENTS RELATING TO GLYPHOSATE'S CARCINOGENICITY

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** beginning on February 13, 2019 in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Plaintiffs will present their Motion in *Limine* to Exclude Certain U.S. EPA Documents Relating to Glyphosate's Carcinogenicity. A supporting memorandum is filed herewith.

Dated: 1/30/19                                              Respectfully submitted,

<div style="margin-left: 3em;">

/s/ Aimee H. Wagstaff
**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360
Fax: (303) 376-6361
aimee.wagstaff@andruswagstaff.com

**THE MILLER FIRM LLC**
Michael Miller (*pro hac vice*)
108 Railroad Avenue
Orange, Virginia 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
mmiller@millerfirmllc.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax: (646) 293-4921
Email: rgreenwald@weitzlux.com

*Co-Lead Counsel for Plaintiffs*

</div>

# INTRODUCTION

The court should exclude any efforts by Monsanto to introduce certain reports of the U.S. Environmental Protection Agency ("EPA") about the carcinogenicity of glyphosate, such as the Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential, December 12, 2017 ("2017 Issue Paper"), the Draft Human Health Risk Assessment in Support of Registration for Glyphosate, December 12, 2017, and the Glyphosate Issue Paper: Evaluation of Carcinogenic Potential, September 12, 2016 (collectively referred to as the "Reports").  The Reports are inadmissible hearsay evidence, as they do not qualify under the public records exception to hearsay under Federal Rule of Evidence 803(8), the Reports contain opinions of individuals not designated by Monsanto as non-retained expert witnesses and the time to designate experts has passed. Moreover, the Reports are inadmissible under FRE 403 because any probative value they might have – and Plaintiffs assert they have no probative value – is substantially outweighed by their prejudicial impact.

# ARGUMENT

## I.   The EPA Reports Are Hearsay And Thus Not Admissible.

### A. The Reports are Out of Court Statements Offered for Truth of their Contents.

The only possible reason Monsanto would introduce the Reports is for the opinions contained therein that glyphosate is not a probable human carcinogen.  That is *per se* impermissible hearsay.  In fact, the reports are double hearsay, because they are based on documents that industry, including Monsanto, submitted to the EPA for review.

The Reports are nothing more than reviews of existing literature and data submitted by Monsanto – which are themselves hearsay, rendering the EPA reports double hearsay.  Indeed, the Reports are incomplete interim analyses based on hearsay documents submitted to the EPA for review.  *See, e.g.*, EPA acknowledges that the 2017 Issue Paper is a draft document, https://www.epa.gov/pesticides/epa-releases-draft-risk-assessments-glyphosate.

Courts have rebuffed arguments for admission of government reports under these

1

___
PLAINTIFF'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE CERTAIN U.S. EPA DOCUMENTS RELATING TO GLYPHOSATE'S CARCINOGENICITY

circumstances when the public reports contain information that is *itself* hearsay. *Olender v. U.S.*, 210 F.2d 795, 802 (9th Cir. 1954) (*holding* official documents of investigators of the department of public welfare not admissible when they did not concern matters within personal knowledge or observation, but rather were based on forms and affidavits of firms and individuals). What is more, the EPA's interim opinions set forth in those reports about what that literature and data shows is not subject to cross examination.[1] And, as explained below, Monsanto's failure to designate an EPA employee as a non-retained expert to testify at trial about the Reports, renders them inadmissible as well because the Plaintiffs would have no opportunity to cross-examine EPA about the Reports.[2] Furthermore, the Reports cannot be offered for their effect on the listener either because each was released *after* Mr. Hardeman stopped using Roundup.  Fed. R. Evid. 801(c).

Admission of the Reports would also prejudice Plaintiffs because they have no opportunity to cross-examine the EPA about the Reports. Through these Reports, Monsanto would basically be proffering the EPA as an expert in this case. Yet, Monsanto did not identify as a non-retained expert an EPA employee who would be able to testify about the Reports, and be subject to cross -examination, and the time to do so has run.  Thus, Monsanto has no witness who can provide competent testimony to overcome the hearsay bar for the admission of the Reports.

## II.    The Public Records Exception to Hearsay Is Not Satisfied Here.

The documents do not fall within the hearsay exception for public records either.

---

[1] In contrast, Monsanto has designated expert witnesses who reference the EPA Reports as reliance materials and will be able to testify about their opinions of EPA's assessments without introducing the hearsay Reports themselves into evidence. *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-62 (9th Cir. 1984) (*holding* expert may testify about document that constitutes hearsay for the limited purpose of explaining the basis of his expert opinion, but not to introduce the document as substantive evidence).

[2] To be clear, the EPA reports are distinguishable from the IARC Monograph in several significant ways.  Most importantly, Monsanto cross examined Drs. Blair, Ross, and Jameson- all three were members of IARC Monograth 112 (glyphosate).  It is expected both parties will designate portions of Drs. Blair and Ross video deposition testimony for trial (as played at the original *Daubert* hearing).  Further, Plaintiffs intend to bring Dr. Jameson as an IARC fact witness, allowing Monsanto another opportunity for cross examination.

Federal Rule of Evidence 803(8), which creates an exception for certain public records and reports, requires that the report be routine, factual, based upon personal knowledge of the public officials, and appear reasonably reliable. Fed. R. Evid. 803. The Reports do not meet this standard. The Reports do not contain acts or events directly recorded by public officials. First and foremost, to the extent they contain "facts" from toxicology, genotoxicity and/or epidemiological studies, then the studies themselves are the proper evidence, not the Reports' discussion of them. To the extent the Reports contain the authors' opinions about those studies, the Reports are neither factual nor based upon the public officials *personal* knowledge and, thus, do not fall within the hearsay exception and are inadmissible. Finally, Plaintiffs have voluminous evidence that the contents of the Reports are not reasonably reliable.

### III.     FRE 403 Also Supports Exclusion of the Reports In Evidence.

Finally, regardless of hearsay, the Reports should be excluded under Federal Rule of Evidence 403 as any probative value of the opinions contained therein – and Plaintiffs contend they have none – is substantially outweighed by the unfair prejudice that Plaintiffs would face if they were admitted. Here, evidence regarding the EPA regulations, registrations, and/or communications pose a substantial risk of misleading the jury, confusing the issues, wasting time, and, ultimately prejudicing plaintiffs – particularly in Phase I.[3] Plaintiffs anticipate that Monsanto will attempt to introduce evidence that suggests (improperly) that EPA registration and approval of the label forecloses Plaintiffs' claims – particularly Plaintiffs' failure to warn claims.[4] But it is well established that EPA registration and approval are not a defense for the commission of any offense under federal or state law. *See Hardeman v. Monsanto Company*, 216 F. Supp. 3d 1037, 1038 (N.D. Cal. 2016) (internal citations omitted). Similarly, this Court

---

[3] This is particularly true if the Court were to preclude Plaintiffs' ability to introduce evidence of Monsanto's attempts to improperly influence the EPA and/or regulatory activity in Phase I, thus compounding further the prejudicial nature of such evidence the likelihood that a jury would be misled.
[4] California law requires a manufacturer to warn either of any risk that is known or knowable (in strict liability), or at least those risks that "a reasonably prudent manufacturer would have known and warned about" (in negligence). *Hardeman v. Monsanto Co.*, 216 F. Supp.3d 1037, 1038 (N.D. Cal. 2016) (internal citations omitted).

previously rejected Monsanto's argument that EPA registration has the "force of law." *Id*. Thus, evidence that Monsanto was restricted from warning Plaintiffs of Non-Hodgkin's lymphoma because of EPA registration misstates the applicable law and, importantly, misleads and confuses the jury and prejudices plaintiffs.

Under California law, **Monsanto** (and not EPA) is responsible for adequately warning consumers of the risks associated with its glyphosate-based products. *Webb v. Special Elec. Co*. (2016) 63 Cal.4th 167, 181 ("manufacturers have a duty to warn consumers about the hazards inherent in their products). The jury must determine whether the *manufacturer* knew (or should have known) of the dangerous propensities of its product and whether the manufacturer adequately warned of the known risk. Any argument or testimony implying that EPA's registration relieves Monsanto of its legal duty is contrary to California law.

Finally, admission of the Reports would be unfairly prejudicial because Plaintiffs would not have the opportunity to cross examine the EPA about the events that led up to the Reports, including substantial evidence of Monsanto's undue and improper influence of the science, including ghostwriting articles and studies, its undue influence on government personnel making decisions about glyphosate's carcinogenicity, and its failure to provide the EPA with relevant documents relating to glyphosate's carcinogenicity. As stated above, Monsanto has not designated an EPA employee to testify about the Reports at trial.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiffs' motion *in limine* and exclude the Reports from evidence.

| | |
|---|---|
| Dated: January 30, 2019 | Respectfully submitted,<br>/s/ Aimee H. Wagstaff<br>**ANDRUS WAGSTAFF, PC**<br>Aimee H. Wagstaff (SBN 278480)<br>7171 W. Alaska Drive<br>Lakewood, CO  80226<br>Tel: (303) 376-6360<br>Fax: (303) 376-6361<br>aimee.wagstaff@andruswagstaff.com |

**THE MILLER FIRM LLC**
Michael Miller (*pro hac vice*)
108 Railroad Avenue
Orange, Virginia 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
mmiller@millerfirmllc.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax: (646) 293-4921
Email: rgreenwald@weitzlux.com

*Co-Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on January 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com