**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 )<br>) Case No. 3:16-md-02741-VC ) |
| *Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC<br>*Stevick v. Monsanto Co., et al.*, 3:16-cv-2341-VC<br>*Gebeyehou v. Monsanto Co., et al.*, 3:16-cv-5813-VC | ) **MONSANTO COMPANY'S**<br>) **OPPOSITION TO PLAINTIFFS'**<br>) **MOTION *IN LIMINE* NO. 5 TO**<br>) **EXCLUDE CERTAIN U.S. EPA**<br>) **DOCUMENTS RELATING TO**<br>) **GLYPHOSATE'S CARCINOGENICITY**<br>)<br>) |

## INTRODUCTION

The Court should deny Plaintiffs' motion *in limine* to exclude U.S. EPA documents relating to glyphosate's carcinogenicity and should not exclude such documents in Phase 2 of the trial.[1] These records squarely fall within the official agency record exception to the hearsay rule, Federal Rule of Evidence 803(8)(c). The documents are additionally admissible for non-hearsay purposes, *e.g.*, to demonstrate the generally accepted state of the science concerning glyphosate and the reasonableness of Monsanto's conduct. Nor do they risk injecting unnecessary confusion or undue prejudice. Rather, they help present to the jury the entire scientific and regulatory picture, issues that the jury must invariably assess in Phase 2 of the trial.

Plaintiffs' argument for excluding the EPA documents cannot be squared with the fact that Plaintiffs' own case rests on the findings of an IARC working group—a foreign scientific panel that diverged from the widely accepted scientific consensus to classify glyphosate as a "probable" human carcinogen. Plaintiffs want to admit the IARC classification for its truth, yet claim here that the official EPA findings to the contrary, including those compiled and reviewed *after* the IARC report (and in response to it) that refute IARC's key finding, would be more prejudicial than probative. No conception of fairness would allow Plaintiffs to present to the jury IARC's conclusion but prevent the jury from hearing the mountain of contrary evidence, including the official U.S. government position, that refutes it.[2] Plaintiffs' motion *in limine* to exclude certain EPA reports should be denied.

---

[1] As explained in Monsanto's MIL No. 1, and its opposition to Plaintiffs' MIL No. 4, Monsanto does not believe that findings of any organization should be admitted in Phase 1 of the trial, which focuses exclusively on the issue of causation. However, if the Court admits the IARC classification in Phase 1, it must also admit these EPA documents and foreign regulatory determinations.

[2] The IARC report should be excluded wholesale for independent reasons, which are set forth in Monsanto's Motion *in limine* No. 1.

1

MONSANTO'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE CERTAIN U.S. EPA DOCUMENTS RELATING TO GLYPHOSATE'S CARCINOGENICITY
3:16-md-02741-VC & 3:16-cv-0525-VC, 3:16-cv-2341-VC, 3:16-cv-5813-VC

# ARGUMENT

**A. The EPA Documents Are Official Reports.**

Federal law provides that government regulatory reports and documents are not hearsay. Federal Rule of Evidence 803(8)(c) allows for the admission of official agency records, which means that "EPA reports are generally admissible under Rule 803(8)(c)." *Palmisano v. Olin Corp.*, No. 03-cv-016070-RMW, 2005 WL 6777560, at *3 (N.D. Cal. June 24, 2005) (quoting *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1206 (8th Cir. 1990)). On that basis, federal courts routinely admit EPA position papers and other reports. *See Coates*, 844 F. Supp. at 1134; *U.S. v. Northernaire Planting Co.*, 670 F. Supp. 742, 743 (W.D. Mich. 1987) *aff'd sub nom. United States v. R.W. Meyer, Inc.*, 889 F.2d 1497 (6th Cir. 1989) ("The reports of the EPA and the MDNR clearly fall within the purview of this section.").

The EPA documents at issue satisfy the necessary criterion to be admitted into evidence. They were drafted by EPA employees and memorialized a recent official determination by the Agency. Indeed, many of the documents at issue were drafted by the Office of Pesticide Programs, the "part of EPA" that "administers FIFRA [pesticide regulation]." *Was. Toxics Coal v. E.P.A.*, 357 F. Supp. 2d 1266, 1268 (W.D. Wash. 2004). This government entity is presumptively trustworthy for its legally appointed purposes. *See Coates v. AC&S, Inc.*, 844 F. Supp. 1127, 1134 (E.D. La. 1994).

Plaintiffs claim that they nonetheless should be excluded because the documents themselves contain hearsay material and that their admission would be unduly prejudicial. Both arguments fail. First, these documents are not inadmissible simply because they contain evaluative or normative findings. *See, e.g.*, *In re Aircrash in Bali, Indonesia*, 871 F.2d 812, 816 (9th Cir. 1989) (holding that an FAA report was properly admitted over a challenge that it "evaluative or normative" findings); *see also Jenkins v. Whittaker Corporation*, 785 F.2d 720, 726 (9th Cir. 1986) ("[c]onclusions and opinions do not render reports ipso facto inadmissible"). Moreover, Plaintiffs' claim that these are undisclosed expert opinions likewise is without merit or authority. By Plaintiffs' logic, no scientific literature would ever be admissible unless the author

2

was a retained expert witness and had been cross-examined by the opposing party.  That is not the law.

Second, the admission of these documents is not unduly prejudicial simply because they do not help support Plaintiffs' theory of the case.   To the contrary, the real prejudice would occur to Monsanto if the documents were excluded.  Plaintiffs cannot credibly claim that U.S. EPA findings and reports are unduly prejudicial but IARC findings to the contrary are not.  Plaintiffs have not met their burden of demonstrating that the EPA documents should be excluded.

**B. The Documents Are Additionally Admissible For Other, Non-Hearsay Purposes.**

The EPA's regulatory conclusions represent important evidence that is admissible for a secondary reason: they show the state of generally accepted science and demonstrate the reasonableness of the conduct of Monsanto employees.  For these reasons, which are not arguments about the truth of matter asserted in the documents, the EPA records are not barred by hearsay.

Plaintiffs' strict liability failure-to-warn claim hinges on whether carcinogenetic risks were "known or knowable in light of the scientific knowledge that was generally accepted in the scientific community at the time of" the manufacture or sale of glyphosate.  *See* CACI 1205.  Thus, it is appropriate and necessary for Monsanto to submit evidence of the state of scientific information at the time it is alleged to have violated its duty to warn.  *See Anderson v. Owens-Corning Fiberglas Corp.*, 53 Cal. 3d 987, 1004 (1991) ("a defendant in a strict products liability action based upon an alleged failure to warn of a risk of harm may present evidence of the state of the art, *i.e.*, evidence that the particular risk was neither known nor knowable by the application of scientific knowledge available at the time[.]"); *see also Rosa v. City of Seaside*, 675 F. Supp. 2d 1006, 1012 (N.D. Cal. 2009) (considering "two publications" including "a report prepared for the United States Department of Justice in 1999" to determine whether TASER device was generally known to have a risk).  The EPA reports bear directly on the state of generally accepted scientific knowledge.  When offered for this purpose, these documents are not offered for their truth, and thus do not fall within the hearsay rule.

3

MONSANTO'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE CERTAIN U.S. EPA DOCUMENTS RELATING TO GLYPHOSATE'S CARCINOGENICITY
3:16-md-02741-VC & 3:16-cv-0525-VC, 3:16-cv-2341-VC, 3:16-cv-5813-VC

The EPA documents are also admissible to defend against negligence and punitive damages claims, by showing the effect of the documents on the mental state of Monsanto's scientists and to show that Monsanto acted reasonably in accordance with authoritative regulatory opinion. These claims require establishing whether Monsanto "knew or reasonably should have known" that the products at issue were dangerous and whether "a reasonable manufacturer" under the same circumstances would have warned of the danger. *See* CACI 1222. Regardless of the truth or falsity of the EPA reports, they are relevant to show the reasonableness of Monsanto's behavior. *See Holland v. Union Pacific R. Co.*, 154 Cal. App. 4th 940, 947 (2007) ("[T]hese statements were not offered as proof of the facts that they contained. Rather this is a typical example of the *nonhearsay* use of an extrajudicial statement to prove the hearer obtained certain information by hearing the statement and, believing the information to be true, acted in conformity with such a belief."). The OPP Reports are relevant and admissible to show why Monsanto believed there was an overwhelming scientific consensus to rebut the IARC report and that it behaved in a manner consistent with that belief. Regardless of the truth of the documents, they show that Monsanto acted reasonably and not maliciously, and squarely refute the central contentions of Plaintiffs' claims on negligence and for punitive damages.

## CONCLUSION

For the foregoing reasons, Monsanto respectfully requests that the Court deny the motion to exclude the EPA reports relating to glyphosate's carcinogenicity.

4

MONSANTO'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE CERTAIN U.S. EPA DOCUMENTS RELATING TO GLYPHOSATE'S CARCINOGENICITY
3:16-md-02741-VC & 3:16-cv-0525-VC, 3:16-cv-2341-VC, 3:16-cv-5813-VC

DATED: January 30, 2019

Respectfully submitted,

/s/ Brian L. Stekloff

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

Attorneys for Defendant
MONSANTO COMPANY

5

MONSANTO'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE CERTAIN U.S. EPA
DOCUMENTS RELATING TO GLYPHOSATE'S CARCINOGENICITY
3:16-md-02741-VC & 3:16-cv-0525-VC, 3:16-cv-2341-VC, 3:16-cv-5813-VC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of January 2019, a copy of the foregoing was served via electronic mail to opposing counsel.

/s/ *Brian L. Stekloff*

6

MONSANTO'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE CERTAIN U.S. EPA DOCUMENTS RELATING TO GLYPHOSATE'S CARCINOGENICITY
3:16-md-02741-VC & 3:16-cv-0525-VC, 3:16-cv-2341-VC, 3:16-cv-5813-VC