**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360
Fax: (303) 376-6361
Aimee.wagstaff@andruswagstaff.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY  10003
Tel: (212) 558-5802
Fax: (646) 293-4921
rgreenwald@weitzlux.com

**THE MILLER FIRM, LLC**
Michael J. Miller (*pro hac vice*)
108 Railroad Ave.
Orange, VA  22960
Tel: (540) 672-4224
Fax:(540) 672-3055
mmiller@millerfirmllc.com

*Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION IN *LIMINE* NO. 7 TO EXCLUDE EVIDENCE AND ARGUMET REGARDING UNRELATED MEDICAL HISTORY** |
| This document relates to:<br><br>*Hardeman v. Monsanto Co., et al.,*<br>3:16-cv-0525-VC;<br>*Stevick v. Monsanto Co., et al.,*<br>3:16-cv-02341-VC;<br>*Gebeyehou v. Monsanto Co., et al.,*<br>3:16-cv-5813-VC | |

1

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** beginning on February 13, 2019 in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Plaintiffs will present their Motion in *Limine* to Exclude Evidence and Argument Regarding Unrelated Medical History.  A supporting memorandum is filed herewith.

Dated: 1/30/2019                                        Respectfully submitted,

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360

/s/ Robin Greenwald
Robin L. Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY  10003
Tel: (212) 558-5802

/s/ Michael J. Miller
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
mmiller@millerfirmllc.com
bbreake@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave.
Orange, VA  22960
Telephone: (540) 672-4224

*Plaintiffs' Co-Lead Counsel*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs hereby submit the following memorandum of points and authorities in support of their motion in *limine* to preclude evidence and argument of Plaintiffs' unrelated medical history.

### I.   INTRODUCTION

Defendant has subpoenaed Plaintiff Hardeman's medical records and has deposed Plaintiff with respect to his *lifetime* medical history. Plaintiff anticipates that Defendant will seek to introduce evidence of Plaintiff's unrelated medical history from any point in his entire life including:

Occurrence of basal cell carcinoma in 2001;

Glaucoma in 2004;

Atopic eczema diagnosed in 2006; and

Sciatica and corresponding treatment in 2014.

These areas of inquiry are unrelated to the NHL and inquiry would result into fishing expeditions, wasting the Court's time, and result in prejudice to Mr. Hardeman.

### II.   ARGUMENT

Article I, section 1 of the California Constitution guarantees all individuals a right to privacy. A party's medical information is also within the zone of privacy. *See, e.g., Cutter v. Brownbridge*, 183 Cal.App. 3d 836, 842 (1986); *Board of Medical Quality Assurance v. Gherardini*, 93 Cal. App. 3d 669, 678 (1979). This includes the privilege to refuse to disclose, and to prevent another from disclosing confidential communications between patients and their physicians.

The physician-patient privilege rests on a two-pronged public policy: fundamentally, to preclude the "humiliation" patients might suffer following disclosure of their ailments; and, secondarily, to encourage the patient's complete and uninhibited disclosure of information necessary for effective diagnosis and treatment of the patient's illness, injuries or medical condition. *City & County of San Francisco v. Sup. Ct.,* 37 Cal.2d 227, 231 P.2d 26, 28 (1951); *see also*

*Rudnick v. Sup. Ct. (Atlas Chem. Industries, Inc.),* 11 Cal.3d 924, 933, fn. 13 (1974); *Division of Med. Quality, Bd. of Med. Quality Assur. v. Gherardini*, 93 Cal.App.3d 669, 678-679 (1979) ("patient should be able to rest assured with the knowledge that 'the law recognizes the communications as confidential and guards against the possibility of his feelings being shocked or his reputation tarnished by their subsequent disclosure'").

While the privilege may be waived when the particular medical condition is placed at issue by the privilege holder, the exception applies *only* to communications and information relevant to the very injury or impairment tendered by the patient in the lawsuit. *Slagle v. Sup.Ct.*, (Maryon) 211 Cal.App.3d 1309, 1313 (1989). The privilege may still be asserted to prevent disclosure of the patient's medical history that is not directly relevant to the action. *Britt v. Sup.Ct.* (San Diego Unified Port Dist.) 20 Cal.3d 844, 863-864 (1978). Thus, a plaintiff's personal injury lawsuit does not place in issue the plaintiff's *lifetime* medical history. Likewise, Defendant, in turn, is not automatically entitled to disclosure of the names of all physicians the patient has consulted for examination or treatment of conditions existing prior to the subject incident. *Hallendorf v. Sup. Ct.*, (Pflibsen) (1978) 85 Cal.App.3d 553, 557. Inquiry into information subject to the constitutional right of privacy is improper unless the inquirer can establish a *compelling* need for the information and that it is directly relevant. *Davis v. Sup. Ct.*, 7 Cal.App.4th 1008, 1014 (1992) (emphasis added); *Lantz v. Superior Court*, 28 Cal.App. 4th 1839, 1853 (1994); *Britt, supra*, 20 Cal.3d at 859; *Tylo v. Sup. Ct.*, 55 Cal.App.4th 179, 1387 (1997). Further, even though Plaintiff is seeking emotional stress damages, Defendant is not permitted to engage in a "fishing expedition" seeking all other potential stressors in Plaintiff's life. *Id*. at 1388.

In addition to violating his privacy rights under California law, which controls all claims of privilege under federal law (*See* FRE 501), Plaintiff's medical history that is unrelated to his NHL diagnosis is irrelevant. FRE 401 (Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.) There is no probative value in the introduction of unrelated physical

conditions. *Downing v. Barrett Mobile Home Transport, Inc.,* 38 Cal. App. 3d 519, 525 (1974). The policy basis of this prohibitory rule rests on the fact that the probative force of this kind of evidence is too slight to overbear the dangers of prejudice, distraction by side issues, and unfair surprise. *Id*. Accordingly, because his past medical history that is unrelated to Mr. Hardeman's NHL diagnosis is irrelevant and thus inadmissible, and inquiry therein would constitute a breach of his constitutional right to privacy, it should be excluded.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court exclude the evidence as requested.

Dated: 1/30/2019                                        Respectfully submitted,

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360

/s/ Robin Greenwald
Robin L. Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY 10003
Tel: (212) 558-5802

/s/ Michael J. Miller
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
mmiller@millerfirmllc.com
bbreake@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave.
Orange, VA  22960
Telephone: (540) 672-4224
*Plaintiffs' Co-Lead Counsel*

3

PLAINTIFFS' MOTION IN *LIMINE* NO. 7 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING UNRELATED MEDICAL HISTORY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I certify that on January 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com