**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel:   (202) 847-4030
Fax:   (202) 847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 <br> ) Case No. 3:16-md-02741-VC <br> ) <br> ) **MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS MOTION IN LIMINE NO. 7 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING UNRELATED MEDICAL HISTORY** |
| *Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC <br> *Stevick v. Monsanto Co., et al.*, 3:16-cv-2341-VC <br> *Gebeyehou v. Monsanto Co., et al.*, 3:16-cv-5813-VC | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Edwin Hardeman's argument is based on the misplaced notion that his medical history of basal cell carcinoma is not relevant to this case.[1] However, Plaintiff's experts conclude that Roundup was the substantial contributing factor to Mr. Hardeman's NHL and purport to rule out other possible causes. Monsanto is entitled to cross examine each expert on how, or if, they excluded other known causes of NHL that are part of Mr. Hardeman's medical history, including his prior basal cell carcinoma. Moreover, Plaintiff cannot rely on the physician-patient privilege because he has put his medical history at issue in the case.

All three of Plaintiff's case specific experts rely on McDuffie *et al* (2001)[2] for the proposition that NHL was statistically significantly increased among glyphosate exposed individuals more than two days per year with an OR of 2.12 (95% CI: 1.20-3.73), yet ignore other relevant information reported in the article. *See e.g.,* Ex. 1, Shustov *Hardeman* Rpt. at 8; Ex. 2 Nabhan Rpt. at 6; Ex. 3 Weisenburger Rpt. at 4. For example, this article reports that a personal history of cancer is associated with a statistically significant elevated risk of NHL with an OR of 2.43 (95% CI: 1.71-3.44). If Plaintiff's experts are going to rely on McDuffie *et al* (2001) to argue that Roundup was a substantial contributing factor in causing Mr. Hardeman's NHL, Monsanto should be permitted to properly cross examine those experts on other risk factors detailed in this study, which necessitates referencing Mr. Hardeman's past basal cell carcinoma. *See Rheinfrank v. Abbott Labs., Inc.*, No. 1:13-CV-144, 2015 WL 5258858, at *11 (S.D. Ohio Sept. 10, 2015) (denying motion to preclude evidence where plaintiff argued that no expert has attributed that evidence to the injuries at issue, because "such evidence would be relevant on cross-examination of an expert witness as possible/alternative causes.").

---

[1] Monsanto is not challenging Plaintiff's motion as it pertains to Glaucoma, atopic eczema, and sciatica and corresponding treatment.

[2] McDuffie HH, Pahwa P, McLaughlin JR, Spinelli JJ, Fincham S, et al. Non-Hodgkin's lymphoma and specific pesticide exposures in men: cross-Canada study of pesticides and health. Cancer Epidemiol Biomarkers Prev. 2001 Nov;10(11):1155-63.

Additionally, Plaintiff's reliance on the physician-patient privilege is misplaced. As Plaintiff readily admits, the privilege is waived when the particular medical condition is placed in issue by the privilege holder. *See* Plaintiff's MIL 7 at 2. As noted above, there is little doubt that Plaintiff's medical history of basal cell carcinoma (as with his history of melanoma in situ, which Plaintiff does not argue should be excluded), is relevant to his NHL. Therefore, the physician-patient privilege does not protect disclosure of these facts. *Kubik v. Cent. Michigan Univ. Bd. of Trustees*, No. 15-CV-12055, 2016 WL 9631633, at *2 (E.D. Mich. Mar. 17, 2016) (a patient waives the psychotherapist-patient privilege where they place her emotional state at issue in the case. "This rule ensures that a party cannot use a privilege as both sword and shield, placing into evidence only those portions of privileged materials which are beneficial, and using the privilege to hide away those portions which would benefit the opposing parties.")

## CONCLUSION

For the above stated reasons, the Court should deny Plaintiff's Motion *In Limine* No. 7 with respect to Mr. Hardeman's medical history of basal cell carcinoma.

DATED:  January 30, 2019

                       Respectfully submitted,

                       /s/ *Brian L. Stekloff*

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4030
Fax: (202) 847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000


*Attorneys for Defendant*
MONSANTO COMPANY

-3-

MONSANTO'S OPPOSITION TO PLAINTIFFS MOTION *IN LIMINE* NO. 7 TO EXCLUDE EVIDENCE AND ARGUMENT
REGARDING UNRELATED MEDICAL HISTORY
3:16-md-02741-VC & 3:16-cv-0525-VC, 3:16-cv-2341-VC, 3:16-cv-5813-VC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of January 2019, a copy of the foregoing was served via electronic mail to opposing counsel.

/s/ *Brian L. Stekloff*

-4-

MONSANTO'S OPPOSITION TO PLAINTIFFS MOTION *IN LIMINE* NO. 7 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING UNRELATED MEDICAL HISTORY
3:16-md-02741-VC & 3:16-cv-0525-VC, 3:16-cv-2341-VC, 3:16-cv-5813-VC