**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
Aimee.wagstaff@andruswagstaff.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax: (646) 293-4921
rgreenwald@weitzlux.com

**THE MILLER FIRM, LLC**
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
108 Railroad Ave.
Orange, VA 22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055
mmiller@millerfirmllc.com
bbrake@millerfirmllc.com

*Co-Lead Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: | **PLAINTIFFS' NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION IN *LIMINE* NO. 9 TO EXCLUDE ANY EVIDENCE AND TESTIMONY REGARDING SMOKING** |
| *Hardeman v. Monsanto Co., et al.,* 3:16-cv-0525-VC; *Stevick v. Monsanto Co., et al.,* 3:16-cv-02341-VC; *Gebeyehou v. Monsanto Co., et al.,* 3:16-cv-5813-VC | |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** beginning on February 13, 2019 in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Plaintiffs will present their Unopposed Motion in *Limine* to Exclude any Evidence and Testimony Regarding Smoking. A supporting memorandum is filed herewith.

Dated: 1/30/2019                                                       Respectfully submitted,

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360

/s/ Robin Greenwald
Robin L. Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY  10003
Tel: (212) 558-5802

/s/ Michael J. Miller
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
mmiller@millerfirmllc.com
bbreake@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave.
Orange, VA  22960
Telephone: (540) 672-4224

*Plaintiffs' Co-Lead Counsel*

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs hereby submit the following memorandum of points and authorities in support of their unopposed motion in *limine* to preclude any mention of the fact that Plaintiff smoked cigarettes approximately 35 years ago. Defendant does not oppose this Motion.

### I.      INTRODUCTION

In February 2015, Mr. Edwin Hardeman was diagnosed with Non-Hodgkin's lymphoma ("NHL") specifically, diffuse large b cell lymphoma ("DLBCL") after spraying Defendant Monsanto's glyphosate-based herbicide, Roundup® on his 56-acre property for 24 years, from 1988 through 2012. Mr. Hardeman's frequency of exposure was intense, involving routine monthly sprays from approximately May through November of each year. He also suffered acute exposure due to spills or other instances when the Roundup® he was spraying came into contact with his skin.

During his deposition, Mr. Hardeman testified that he smoked cigarettes from the time he was around eighteen years old, until he quit in 1980, a total of approximately 15 years. (Exhibit 1, Hardeman Dep. 132:25.) Mr. Hardeman stopped smoking 35 years before being diagnosed with NHL. None of Monsanto's experts testify that Mr. Hardeman's former cigarette use was a cause of his diagnosis of NHL. Any testimony regarding same is irrelevant, inflammatory and unfairly prejudicial to Plaintiff's case and should be excluded.

### II.      ARGUMENT

**A. Defendant Did Not and Can Not Proffer Any Evidence To A Reasonable Degree Of Medical Certainty That Smoking Was a Factor That Caused Mr. Hardeman's NHL Diagnosis.**

It is anticipated that Defendant will attempt to introduce evidence of Mr. Hardeman's former cigarette use from 35 years ago, although such arguments have no scientific basis. Indeed, such social history has no connection to the development of DLBCL, the subtype of NHL at issue in this case. Each of Defendant's expert's reports note that the cause of NHL is unknown. *See*

Levine Report, p. 6; Steidl Report, p. 14; Grossbard Report, p. 3. Further, none of Defendant's experts opine that his former smoking was a factor in causing his NHL. Thus, Defendant is unable to proffer any evidence to a reasonable degree of medical certainty that Mr. Hardeman's usage of cigarettes from 35 years ago caused or contributed to his NHL. As such, evidence regarding smoking would serve only to inflame, confuse and mislead jurors, not assist them in determining the ultimate issues in this case.

### B. Evidence Regarding Smoking Is Irrelevant And Prejudicial.

Evidence may be excluded if its probative value is substantially outweighed by the probability that admission will create a substantial danger of unfair prejudice. FRE 403. That is precisely the case here. Evidence of smoking is unrelated to the issues in this case and the unfair prejudice of such evidence substantially outweighs any potential probative value. Moreover, the inflammatory nature of evidence regarding smoking may influence jurors' ability to render decisions based on the merits of the case, and instead focus on the implicit and explicit biases associated with smoking. *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) (evidence should be excluded where it arouses prejudices and promotes incorrect conclusions). Where the evidence is of only slight, if any, probative value, it is an abuse of discretion to admit it if there's *even a modest likelihood* of unfair prejudice or a *small risk of misleading the jury*. *Id.* (emphasis added).

Here, there is no probative value from the admission of evidence concerning cigarette smoking, which Mr. Hardeman ceased 35 years ago. Admission of this evidence will necessarily result in prejudice, potentially creating in jurors' minds the untrue inference that such past behavior resulted, in whole or in part, in Mr. Hardeman's DLBCL diagnosis, for which there is no scientific basis and for which Monsanto has not previously asserted. Accordingly, this evidence would mislead and confuse jurors and should be excluded. *See Cohn v. Papke*, 655 F.2d 191 (9th Cir. 1981) and *Piatt v. Goldsmith*, 1991 U.S. App. LEXIS 17776 (9th Cir. 1991).

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court exclude the evidence as requested.

Dated: 1/30/2019                                         Respectfully submitted,

/s/ Aimee Wagstaff_____
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360

/s/ Robin Greenwald_____
Robin L. Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY  10003
Tel: (212) 558-5802

/s/ Michael J. Miller _____
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
mmiller@millerfirmllc.com
bbreake@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave.
Orange, VA  22960
Telephone: (540) 672-4224

*Plaintiffs' Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

I certify that on January 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com