**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360
Fax: (303) 376-6361
Aimee.wagstaff@andruswagstaff.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY  10003
Tel: (212) 558-5802
Fax:  (646) 293-4921
rgreenwald@weitzlux.com

**THE MILLER FIRM, LLC**
Michael J. Miller (*pro hac vice*)
108 Railroad Ave.
Orange, VA  22960
Tel: (540) 672-4224
Fax:(540) 672-3055
mmiller@millerfirmllc.com

*Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC;<br>*Stevick v. Monsanto Co., et al.*, 3:16-cv-02341-VC;<br>*Gebeyehou v. Monsanto Co., et al.*, 3:16-cv-5813-VC | **PLAINTIFFS' NOTICE OF MOTION AND MOTION IN** *LIMINE* **NO. 10 TO EXCLUDE EVIDENCE OF COLLATERAL SOURCE PAYMENTS INCLUDING HEALTH INSURANCE** |

1

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** beginning on February 13, 2019 in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Plaintiffs will present their Motion in *Limine* to Exclude Evidence Regarding Collateral Source Payments Including Health Insurance. A supporting memorandum is filed herewith.

Dated: 1/30/2019                                    Respectfully submitted,

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360

/s/ Robin Greenwald
Robin L. Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY 10003
Tel: (212) 558-5802

/s/ Michael J. Miller
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
mmiller@millerfirmllc.com
bbreake@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave.
Orange, VA  22960
Telephone: (540) 672-4224

*Plaintiffs' Co-Lead Counsel*

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs hereby submit the following memorandum of points and authorities in support of his motion in *limine* to preclude any mention of collateral source payments including Plaintiffs' available health insurance coverage, public assistance, Social Security payments, disability payments, and unemployment benefits.

**A. The Collateral Source Rule Bars References, Evidence, or Argument Concerning Payments by Health Insurance, Public Assistance, Social Security, and Unemployment.**

The collateral source rule permits an injured person to recover damages from the wrongdoer without reference to any payment the injured person may have received from a source wholly independent of the wrongdoer. *Neumann v. Bishop*, 130 Cal. Rptr. 786 (1976) (*citing De Cruz v. Reid*, 69 Cal.2d 217 (1968)). This includes payments by health insurance carrier, public assistance, Social Security, disability policies, and unemployment benefits. The collateral source rule is not only substantive, but evidentiary and, as such, evidence of payments made by an unconnected source, such as an insurance company, is inadmissible for the purpose of reducing recoverable damages. *Howell v. Hamilton Meats & Provisions, Inc.*, 257 P.3d 1130, 1135 (Cal. 2011). Evidence that the plaintiff was insured wholly or partially against loss arising from liability is "regarded as both irrelevant and prejudicial." *Neumann,* 130 Cal. Rptr. at 799. Accordingly, "any attempt to inject it by question, suggestion, or argument is considered misconduct of counsel, and is often held reversible error.*" Id.*

Further, "compensation for injuries received by an injured party from a source independent of the tortfeasor may not be deducted from the damages the plaintiff collects from the tortfeasor." *Garcia v. County of Sacramento*, 126 Cal. Rptr.2d 465 (2002). The defendant may not present "evidence that the plaintiff's medical expenses have been paid by an independent source." *Id.* This public policy ensures that "plaintiffs will receive the benefits of their decision to carry insurance and thereby encourages them to do so." *Howell,* 257 P.3d at 1135. Thus, evidence of insurance

1

payments should never be introduced to a jury and to allow otherwise would severely prejudice Plaintiff and prevent him from receiving a fair trial. *Hrnjak v. Graymar, Inc.,* 4 Cal.3d 725 (1971). As such, any statement, reference, inference or suggestion regarding Plaintiffs' health insurance should be barred.

**B. Evidence of Plaintiffs' Health Insurance Is Irrelevant And Highly Prejudicial.**

Evidence concerning Plaintiffs' health insurance is highly prejudicial and grossly outweighed by potential, if any, probative value it offers. *See Hrnjak v. Graymar, Inc.*, 4 Cal.3d 725 (1971). It is likewise irrelevant to the central issue of causation in this phase of the trial. Indeed, it is likely that the jury would misuse or misinterpret any reference or suggestion to the existence of a health insurance policy that potentially paid in whole or in part, for Plaintiffs' medical expenses. *Id.* at 733 ("[T]here is additional prejudice likely in permitting [Plaintiff] to be characterized as a grasping person who is building up a lawsuit") (internal citations omitted). Such negative and disparaging reflection on character is unjustified merely because the Plaintiffs had previously taken the precaution and demonstrated the prudence to purchase insurance coverage. *Id.* Accordingly, evidence concerning the existence of any health insurance potentially available to cover any or all of Plaintiffs' medical bills must be excluded.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court exclude the evidence as requested.

Dated:  1/30/2019                                    Respectfully submitted,

                                                     /s/ Aimee Wagstaff
                                                     Aimee H. Wagstaff (SBN 278480)
                                                     aimee.wagstaff@andruswagstaff.com
                                                     Andrus Wagstaff, P.C.
                                                     7171 W. Alaska Drive
                                                     Lakewood, CO  80226
                                                     Tel: (303) 376-6360

/s/ Robin Greenwald
Robin L. Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY 10003
Tel: (212) 558-5802

/s/ Michael J. Miller
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
mmiller@millerfirmllc.com
bbreake@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave.
Orange, VA  22960
Telephone: (540) 672-4224

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I certify that on January 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com

PLAINTIFFS' MOTION IN *LIMINE* NO. 10 TO EXCLUDE EVIDENCE OF COLLATERAL SOURCE PAYMENTS INCLUDING HEALTH INSURANCE