**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:    202-847-4030
Fax:   202-847-4005

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | ) MDL No. 2741<br>)<br>) Case No. 3:16-md-02741-VC<br>)<br>) **MONSANTO COMPANY'S**<br>) **ADMINISTRATIVE MOTION TO FILE**<br>) **UNDER SEAL**<br>)<br>)<br>)<br>)<br>) |

     Pursuant to Civil Local Rules 79-5 and 7-11 and the Amended Protective and Confidentiality Order entered by the Court on September 6, 2017 ("Amended Protective Order") at ¶ 18, Defendant Monsanto Company ("Monsanto') hereby submits this Administrative Motion

to File under Seal ("Motion").

### I. Monsanto Conditionally Lodges Under Seal the Expert Reports of Drs. Benbrook and Sawyer and Related Deposition Testimony.

Monsanto hereby notifies the Court that it has conditionally filed under seal the reports of:

- Dr. Charles Benbrook, Ex. 2 to Monsanto's Motion *in Limine* ("MIL") 6; and
- Dr. William Sawyer, Ex. 4 to Monsanto's MIL 12, ("the Reports").

Monsanto is not seeking to file under seal its own internal documents but rather certain portions of the Reports because they quote from or otherwise summarize documents Monsanto has designated confidential. If left unsealed, the quotes or summaries may be taken out of context and/or used in a misleading manner by third parties not involved in this litigation. This Motion is resolved under the compelling reasons standard. *Dominion Assets LLC v. Masimo Corp.*, 2018 WL 2427790, at *1-2 (N.D. Cal. May 30, 2018) (granting request to seal parts of exhibits to Defendants' *Daubert* motions where Defendants articulated compelling reasons to seal portions of the submitted documents and the proposed redactions are narrowly tailored). This Motion is also based on the Declaration of Robyn D. Buck in Support of Monsanto's Administrative Motion to File Under Seal ("Buck Decl.").

### II. The Court Should Maintain the Confidentiality of Monsanto's Confidential Business Information.

This Court has "broad latitude" to "prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F. 3d 1206, 1211 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c)(1). As described below and in the Buck Declaration, Monsanto seeks to maintain the confidentiality of discrete business information contained in documents quoted from in both of the Reports. This information includes the names of individuals in European countries whose identities are mandated by EU law

2

not to be disclosed; confidential or proprietary research and formulations; and a confidential consulting contract. Monsanto has identified the discrete information it seeks to maintain as confidential in red redaction boxes on the Reports and deposition transcripts as submitted under seal with the Court, and it now asks the Court to order this information redacted from any public version of the document.

### A. Compelling Reasons Exist to Permit Redaction of Personal Information of European Individuals.

The Reports contain personal identifying information of European individuals that must be kept confidential in order for Monsanto to comply with its obligations under European Union and Belgian data privacy law. *See* Buck Decl. at 5(a); Dehareng Law Decl. (Ex. A to Buck Decl.).[1] Co-lead plaintiffs' counsel previously agreed "that European law provides heightened protection for privacy rights and personal data" and that, "[s]hould a future need arise, European citizens' names and personal information will be subject to redaction, as proposed by Monsanto." Jt. Ltr. Br., Doc. No. 237 (filed 4/14/2017) at 5 (Ex. 1). The "personal data" that is protected by these laws is any information relating to a natural person, including employment information, job titles, mailing addresses, phone numbers, and e-mail addresses. *See St. Jude Med. S.C., Inc. v. Janssen-Counotte,* 104 F. Supp. 3d 1150, 1162 (D. Ore. 2015) ("'Personal data' is defined broadly to include names, job titles, email addresses, and so on"). Monsanto must, therefore, redact direct identifiers of European individuals (name, email address, job title, job position, phone number, etc.) so as not to violate European privacy laws.

---

[1] This information is protected under European Union privacy laws and the implementing laws of member nations. *See, e.g.,* Monsanto Co.'s Consent Mot. for Order re Production of Custodial Files of Richard Garnett and Christophe Gustin (ECF No. 61); Monsanto Company's Response in Support of Plaintiffs' Feb. 20, 2017 Administrative Motion to File Under Seal (ECF No. 166).

**B. Compelling Reasons Exist To Maintain The Confidentiality Of Proprietary Research.**

Information about Monsanto's proprietary research should also remain confidential. *See* Buck Decl. at 5(b). Public disclosure would harm Monsanto by providing helpful information – that is expensive to develop – to Monsanto's competitors. *Id.* This Court previously ordered similar proprietary research to be filed under seal. *See* Pretrial Order No. 15 at 4. Other courts also agree that such research should be protected. *See In re Denture Cream Prods. Liab. Litig.*, 2013 WL 214672, at *7-8 (S.D. Fla. Jan. 18, 2013) (finding good cause to protect proprietary product studies from disclosure); *see also* Fed. R. Civ. P. 26(c)(1) (permitting issuance of a protective order to prevent disclosure of "confidential research).

**C. Compelling Reasons Exist To Maintain The Confidentiality Of Proprietary Technical Product Information.**

This Court should also seal discrete technical product information contained in the Reports. *See* Buck Decl. at 5(c). This proprietary product information, which includes, for example, which ingredients are in specific Roundup® -branded product formulations, is quintessential "trade secret" information that courts routinely protect from disclosure. *See, e.g., Microsoft Corp. v. Motorola, Inc.*, 2012 WL 5476846, at *2-3 (W.D. Wash. Nov. 12, 2012) (sealing documents containing proprietary technical product specifications); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (unpublished). Public disclosure of this information would harm Monsanto by providing its competitors with specific proprietary information about its products. This Court previously sealed a report that contains "proprietary, technical information about Monsanto's products." *See* Pretrial Order 15 at 4.

**D. Compelling Reasons Exist To Maintain The Confidentiality Of Confidential Consulting Contracts.**

4

The Court should maintain the confidentiality of confidential business contracts between Monsanto and a third party outside consultant. *See* Buck Decl. at 5(d). Revealing the details of the quoted consulting agreement "would result in an invasion of the third party's privacy" as well as cause "competitive harm" to Monsanto. *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL984121, at *3 (N.D. Cal. Mar. 4, 2015). In particular, "disclosing the terms of these agreements would put [Monsanto] at a disadvantage in future negotiations for similar agreements." *Id.* Disclosure also would harm the non-party consultant who, much like an employee, has a "significant interest" in keeping his consulting agreement "secret." *Aevoe Corp v. AE Tech Co.*, 2013 WL 5923426, at *2 (D. Nev. Nov, 1, 2013) (agreeing that an "employment contract should be kept under seal").

## CONCLUSION

For all of these reasons, Monsanto respectfully requests that the Court grants its Motion to seal the discrete information discussed above in the public copies of the Reports it must file with its motions *in limine*.

DATED: January 30, 2019

Respectfully submitted,

/s/ Eric G. Lasker

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639


Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

Attorneys for Defendant
MONSANTO COMPANY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of January 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Eric G. Lasker