**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel:  (202) 847-4030
Fax:  (202) 847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2 RE: "GHOSTWRITING"** |
| *Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC<br>*Stevick v. Monsanto Co., et al.*, 3:16-cv-2341-VC<br>*Gebeyehou v. Monsanto Co., et al.*, 3:16-cv-5813-VC | |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will and hereby does move the Court to preclude evidence regarding alleged "ghostwriting."

DATED:  January 30, 2019

                        Respectfully submitted,

                        /s/ *Brian L. Stekloff*_____

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4030
Fax: (202) 847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Monsanto Company ("Monsanto") respectfully requests that the Court exclude any evidence, argument, or reference to allegations that Monsanto "ghostwrote" certain scientific articles about glyphosate. Monsanto anticipates that Plaintiffs will attempt to distort the significant scientific literature on glyphosate by falsely claiming that Monsanto "ghostwrote" certain limited articles that provide summaries, or reviews, of primary data on glyphosate.[1] These allegations are false and misleading and reflect improper attempts by Plaintiffs' counsel to distract the jury by presenting irrelevant evidence and disparaging Monsanto in order to evoke an emotional response from the jury. Plaintiffs' "ghostwriting" allegations should be excluded irrelevant and unfairly prejudicial. *See* Fed. R. Evid. 401, 402, 403. Monsanto believes that this motion implicates both Phase 1 and Phase 2 evidence.

These claims should be excluded at Phase 1 because they do not affect the actual scientific data. Much of the primary data discussed in these reviews comes from non-Monsanto studies, meaning that Monsanto had no role in their generation. Therefore, whether Monsanto "ghostwrote" any of the review articles would not have changed any of the primary data, and thus has no bearing on the studies' conclusions and no relevance to the central issue in Phase 1

---

[1] Monsanto expects that Plaintiffs may raise "ghostwriting" allegations about Gary Williams, Robert Kroes, Ian Munro, *Safety Evaluation and Risk Assessment of the Herbicide Roundup and Its Active Ingredient, Glyphosate, for Humans*, Reg. Toxicol. and Pharma. 31, 117-165 (2000) ("Williams 2000"); Amy Williams, Rebecca Watson, John DeSesso, *Developmental and Reproductive Outcomes in Humans and Animals After Glyphosate Exposure: A Critical Analysis*, J. Toxicol. and Enviro. Health, Part B, 15:39-96 (2012) ("Williams 2012"); Helmut Greim, David Saltmiras, Volker Mostert, Christan Strupp, *Evaluation of carcinogenic potential of the herbicide glyphosate, drawing on tumor incidence data from fourteen chronic/carcinogenicity rodent studies*, Crit Rev. Toxicol. 2015 45(3): 185-208 ("Greim 2013"); Larry Kier and David Kirkland, *Review of genotoxicity studies of glyphosate and glyphosate-based formulations*, Crit. Rev. Toxicol. 2013: 43(4):283-315 ("Kier and Kirkland 2013"); and five articles published in Critical Reviews in Toxicology in 2016, including Williams, *et al.*, *A review of the carcinogenic potential of glyphosate by four independent expert panels and comparison to the IARC assessment*, Crit. Rev. Toxicol., 46:sup1, 3-20; Solomon, *Glyphosate in the General Population and in Applicators: A Critical Review of Studies on Exposures*, Crit. Rev. Toxicol., 46:sup1, 21-27; Acquavella, *et al.*, *Glyphosate epidemiology expert panel review: a weight of evidence systematic review of the relationship between glyphosate exposure and non-Hodgkin's lymphoma or multiple myeloma*, Crit. Rev. Toxicol., 46:sup1, 28-43; Williams, *et al.*, *Glyphosate rodent carcinogenicity bioassay expert panel review*, Crit. Rev. Toxicol., 46:sup1, 44-55; Brusick, *et al.*, *Genotoxicity Expert Panel review: weight of evidence evaluation of the genotoxicity of glyphosate, glyphosate-based formulations, and aminomethylphosphonic acid*, Crit. Rev. Toxicol., 46:sup1, 56-74.

of this case: whether Plaintiffs' use of Roundup caused their non-Hodgkin lymphoma ("NHL"). *See* Fed. R. Evid. 401.

More broadly, the review articles at issue transparently reflect the extent of Monsanto's involvement, which means they were not ghostwritten in any relevant sense. Greim (2013) actually lists David Saltmiras of Monsanto as a co-author. Williams (2000) expressly acknowledges "[k]ey personnel at Monsanto who provided scientific support" including William F. Heydens and Donna R. Farmer, and the Williams (2012) publication similarly acknowledges Monsanto "for funding and for providing its unpublished glyphosate and surfactant toxicity study reports." Kier & Kirkland (2013) acknowledges "David Saltmiras (Monsanto Company)," among others, for his "contributions to this work by providing regulatory studies and [his] thoughtful review of the manuscript." In five other publications in *Critical Reviews in Toxicology* in 2016, Monsanto's funding was prominently disclosed in the "Declaration of interest" section, as was certain authors' status as former consultants for or former employees of Monsanto. Furthermore, the minor contributions of William Heydens of Monsanto to these publications amounted to providing the experts with necessary historical data on glyphosate and suggesting non-substantive edits. *See* Dep. of William Heydens at 31:12-32:14, 35:8-23, 130:4-24, 174:24-175:22 (Jan. 23, 2017) (Ex. 1). Relating to these five articles, in September 2018, *Critical Reviews in Toxicology* published an "Expression of Concern," which stated, in part: "We, the Editor-in-Chief and Publisher of the journal, have been informed of concerns over the completeness of acknowledged contributions . . . and in the declarations of interest provided by the named contributors[.]"[2] The journal and the contributing authors subsequently published corrigenda to "provide additional disclosure as to [Monsanto's] contributions to the articles."[3] None of the corrigenda changed the authorship of the five articles in question. Indeed, Heydens's limited contributions did not satisfy the authorship requirements

---

[2] *See* https://www.tandfonline.com/doi/full/10.1080/10408444.2018.1522786 (Sept. 26, 2018).
[3] *See* https://www.tandfonline.com/doi/full/10.1080/10408444.2018.1539570 (Nov. 30, 2018).

set forth by Francis & Taylor, the publishing company that works with *Critical Reviews in Toxicology*.[4]

In the earlier *Johnson* case in San Francisco Superior Court, Plaintiffs' experts raised allegations of ghostwriting but then retreated, largely conceding the weakness of their allegations. In that case, Plaintiffs' expert Dr. Nabhan asserted in his expert report that the Greim 2013 paper had been "ghostwritten" by Monsanto, but he later admitted that ghostwriting did not occur because the Monsanto employee was clearly disclosed as an author. *See* Expert Report of Chadi Nabhan at 16 (May l, 2017) (Ex. 2); Dep. of Chadi Nabhan at 77:24-78:11 (Aug. 23, 2017) (Ex. 3). Similarly, Plaintiffs' expert Dr. Charles Benbrook admitted that for each of the articles on which he was questioned, the alleged ghostwriter was in fact listed as an author. *See* Dep. of Charles Benbrook at 379:13-16 (May 23, 2018) (Ex. 4); *see also id.* at 411:19-22 (admitting Saltmiras's "name does appear as the paper was published"); *see also id.* at 390:13-15 (speculating that "presumably because of Acquavella's objection, Acquavella's name now appears on the paper").

In addition, since Plaintiffs' counsel in this case and other product liability litigation against Monsanto began their unsubstantiated media campaign to brand these papers as ghostwritten, many of the authors have publicly stated that no ghostwriting occurred.[5] Even the European Food Safety Authority ("EFSA") has explained that "even if the allegations regarding

---

[4]   *See* "Defining Authorship," https://authorservices.taylorandfrancis.com/defining-authorship/ (last visited Jan. 15, 2019) (authorship requires, among other things, "a significant contribution to the work reported" and "aware[ness] that you are taking responsibility and accountability for the content of the article").

[5]   *See* D. Hakim, *Monsanto Weed Killer Roundup Faces New Doubts on Safety in Unsealed Documents,* N.Y. Times (Mar. 14, 2017), https://www.nytimes.com/2017/03/14/business/monsanto-roundup-safety-lawsuit.html) (co-author David Kirkland said in an interview, "'I would not publish a document that had been written by someone else.' He added, 'We had no interaction with Monsanto at all during the process of reviewing the data and writing the papers.'") (Ex. 5); D. Hakim, *Monsanto Glyphosate Case: Select Documents Suggest Company Tried To Influence Public Debate over Weed Killer,* Genetic Literacy Project (Aug. 3, 2017), https://geneticliteracyproject.org /2017 /08/03/monsanto-glyphosate-case-selected-documents-suggest-company-tried-influence-public-debate-weedkiller/) (co-author John Acquavella said "there was no ghostwriting") (Ex. 6); W. Cornwall, *Update: After Quick Review, Medical School Says No Evidence Monsanto Ghostwrote Professor's Paper,* Science (Mar. 23, 2017), http://www.sciencemag.org/news/2017/03/update-after-quick-review-medical-school-says-no-evidence-monsanto-ghostwrote) (officials at New York Medical College found "'no evidence' that [Dr. Gary Williams] violated the school's prohibition against authoring a paper ghostwritten by others") (Ex. 7).

ghostwriting proved to be true, there would be no impact on the overall assessment as presented in the EFSA Conclusion on glyphosate" because "[t]he review papers in question represented only two of approximately 700 scientific references in the area of mammalian toxicology considered by EFSA in the glyphosate assessment," and "their provenance was evident from the Declarations of Interest and Acknowledgements in the papers themselves."[6] Just last week, Health Canada reaffirmed its conclusion that allegations of glyphosate's carcinogenicity "could not be scientifically supported when considering the entire body of relevant data."[7] In doing so, Health Canada expressly considered and rejected the "concerns raised publicly about the validity of some of the science around glyphosate in what is being referred to as the Monsanto Papers"— *i.e.*, plaintiffs' allegations of "ghostwriting." *See id.*

To be sure, certain Monsanto emails do use the phrase "ghostwriting," but these emails do not support the nefarious motive that Plaintiffs would like to portray, and allowing Plaintiffs to offer their linguistic spin will only mislead the jury. "Ghostwriting" has no agreed-upon definition within or outside the company and easily may mean different things to different people. Indeed, notwithstanding Plaintiffs' spin on the emails discussing alleged "ghostwriting," the context and facts surrounding the relevant publications described above substantiates that appropriate attribution and acknowledgement occurred, and Monsanto's contributions did not change and could not have changed the underlying scientific facts being reviewed in those publications.

Consequently, Plaintiffs seek to misuse this issue to improperly inflame the jury. Even if Monsanto were to expend time at trial presenting the above evidence to disprove Plaintiffs' "ghostwriting" allegations, the jury would be irreparably prejudiced by its mention. Courts have granted motions in limine to exclude allegations of "ghostwriting" where, as here, they are

---

[6] *See* European Food Safety Authority, *EFSA Statement regarding the EU assessment of glyphosate and the so-called "Monsanto papers"*, http://www.efsa.europa.eu/sites/default/files/topic/20170608_glyphosate_statement.pdf (Ex. 8).
[7] *See* Health Canada, *Statement from Health Canada on Glyphosate* (Jan. 11, 2019), https://www.canada.ca/en/health-canada/news/2019/01/statement-from-health-canada-on-glyphosate.html (Ex. 9).

lacking in factual support. *See Hill v. Novartis Pharm. Corp.*, 944 F. Supp. 2d 943, 952 (E.D. Cal. 2013) (excluding testimony and other evidence relating to allegedly ghostwritten articles where opinion of only expert offering testimony on ghostwriting issue had been excluded as lacking foundation).

## **CONCLUSION**

Plaintiffs' "ghostwriting" allegations are false, irrelevant, and highly prejudicial. *See* Fed. R. Evid. 401, 402, 403. The Court should exclude any reference, evidence, or argument relating to allegations that Monsanto "ghostwrote" certain scientific articles about glyphosate.

DATED:  January 30, 2019

Respectfully submitted,

/s/ *Brian L. Stekloff*_____

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4030
Fax: (202) 847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005

Tel: (202) 898-5843
Fax: (202) 682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of January 2019, a copy of the foregoing was served via electronic mail to opposing counsel.

/s/ *Brian L. Stekloff*