**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel:   (202) 847-4030
Fax:   (202) 847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 )<br>) Case No. 3:16-md-02741-VC )<br>) **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 3 RE: MONSANTO MARKETING MATERIALS** |
| *Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC<br>*Stevick v. Monsanto Co., et al.*, 3:16-cv-2341-VC<br>*Gebeyehou v. Monsanto Co., et al.*, 3:16-cv-5813-VC | ) )<br>) ) |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will and hereby does move the Court to preclude evidence regarding Monsanto's marketing materials.

DATED:  January 30, 2019

Respectfully submitted,

/s/ *Brian L. Stekloff*

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4030
Fax: (202) 847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Monsanto Company ("Monsanto") moves *in limine* to exclude evidence, testimony, or argument regarding marketing materials for Monsanto's products they did not see or rely on. Because Plaintiffs did not rely on any marketing materials to purchase or use Monsanto's products, these materials lack relevance and are inadmissible. Monsanto believes that this motion will relate to evidence in Phase 2, since Phase 1 will be focused solely on the issue of whether Roundup caused Mr. Hardeman's Non-Hodgkin Lymphoma.

## II. ARGUMENT

### A. Monsanto's Marketing Materials Are Irrelevant to Mr. Hardeman's Case.

Monsanto's marketing materials that Plaintiffs did not see or rely on lack relevance because Plaintiffs did not rely on them when they decided to use Roundup. As such, Plaintiffs have no evidence that they made any decision whether to use or not use Roundup based on any marketing or promotional materials from Monsanto that they did not see or rely on.

Mr. Hardeman does not claim he saw any Monsanto marketing materials. Mr. Hardeman did not produce any documents or communications that refer to any advertisements he may have seen, heard, or read regarding Roundup. Pl.'s Response to Def.'s First Reqs. for Prod. of Docs. No. 11 (Ex. 1). Instead, Mr. Hardeman admits he began using Roundup after he witnessed a landscaper using it and concluded he could spray it himself. Hardeman Dep. 171:21–25 (Ex. 2). He went to a store, saw he could buy it, and "that's how [he] got introduced to it." *Id.* at 173:14. Pressed to answer if "any other reason" prompted him to buy Roundup, Mr. Hardeman failed to mention any marketing materials. *Id.* at 174:3–6. In fact, he denied that any reason other than the landscaper's use and his need to kill weeds prompted him to buy Roundup. *Id.* at 173:15–174:6. Likewise, Mr. Gebeyehou also denies having seen any advertisements for Roundup before his diagnosis beyond reading the price online and seeing the product stacked on Home Depot. Gebeyehou Dep. 158:24–160:12 (Ex. 3). On the other hand, Ms. Stevick only

recalls seeing one ad around 2013–14. Therefore, any marketing materials before or after that timeframe she did not see are likewise irrelevant. Stevick Dep. 60:1–16 (Ex. 4).

Monsanto's advertisements showing people using Roundup without protective gear lack relevance even if Mr. Hardeman refused to wear protective equipment or Ms. Stevick saw one of them.  Although Mr. Hardeman testified that he did not wear any protective equipment when he used Roundup, he did not testify that he declined to do so because of what he saw in an advertisement.  Hardeman Dep. 264:10–17 (Ex. 2).  Similarly, even though Ms. Stevick recalls seeing an ad where a man appears without protective gear, she dismissed it at the time as "a silly macho ad."  Stevick Dep. 63:6–8 (Ex. 4).  If Mr. Hardeman did not see any advertisements depicting others using Roundup without protective gear, and Ms. Stevick saw an ad like that but did not rely on it, "there is no conceivable causal connection between the representations or omissions that accompanied the [advertisement] and plaintiff's injury." *See Ramírez v. Plough, Inc.*, 863 P.2d 167, 177 (Cal. 1993) (granting summary judgment to aspirin manufacturer where person administering the drug failed to read or obtain a translation of the Spanish label).

In sum, Monsanto's marketing materials that Plaintiffs did not see or rely on lack any "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 402.  They are irrelevant to Mr. Hardeman's claims in this case and the Court must exclude them.

### B. Admission of Irrelevant Marketing Materials Would Result in Mini-Trials on Collateral Issues, Causing Undue Delay and Misleading the Jury, Among Other Dangers.

Admitting evidence of marketing materials that Plaintiffs did not see or rely on would cause unavoidable delay, mislead the jury, waste the Court's time and unfairly prejudice Monsanto.  The Ninth Circuit has excluded evidence to avoid mini-trials on collateral issues. *See United States v. Waters*, 627 F.3d 345, 353 (9th Cir. 2010) (upholding exclusion of evidence under Rule 403 because it "ran the risk of creating a mini-trial").  Admitting marketing materials into evidence would create mini-trials over these materials, where Monsanto would have to

muster evidence surrounding their creation, use, and irrelevance to Plaintiffs' usage of Roundup. None of that would bear on the cause of Plaintiffs' illness or Monsanto's reasonableness in not providing a cancer warning for the specific produce that Mr. Hardeman used—an issue that will be addressed, if necessary, in Phase 2. Accordingly, Rule 403 requires the Court to exclude such evidence.

### III.   CONCLUSION

For these reasons, Monsanto respectfully requests that the Court exclude evidence, testimony, or argument regarding Monsanto's marketing materials.

1
2  DATED:  January 30, 2019
3                                              Respectfully submitted,
4                                              /s/ *Brian L. Stekloff*_____
5
                                               Brian L. Stekloff (*pro hac vice*)
6                                              (bstekloff@wilkinsonwalsh.com)
                                               Rakesh Kilaru (*pro hac vice*)
7                                              (rkilaru@wilkinsonwalsh.com)
                                               WILKINSON WALSH + ESKOVITZ LLP
8                                              2001 M St. NW, 10th Floor
                                               Washington, DC 20036
9                                              Tel: (202) 847-4030
10                                             Fax: (202) 847-4005

11                                             Pamela Yates (CA Bar No. 137440)
                                               (Pamela.Yates@arnoldporter.com)
12                                             ARNOLD & PORTER KAYE SCHOLER
                                               777 South Figueroa St., 44th Floor
13                                             Los Angeles, CA 90017
                                               Tel: (213) 243-4178
14                                             Fax: (213) 243-4199
15
                                               Eric G. Lasker (*pro hac vice*)
16                                             (elasker@hollingsworthllp.com)
                                               HOLLINGSWORTH LLP
17                                             1350 I St. NW
                                               Washington, DC 20005
18                                             Tel: (202) 898-5843
19                                             Fax: (202) 682-1639

20                                             Michael X. Imbroscio (*pro hac vice*)
                                               (mimbroscio@cov.com)
21                                             COVINGTON & BURLING LLP
                                               One City Center
22                                             850 10th St. NW
                                               Washington, DC 20001
23                                             Tel: (202) 662-6000
24
25
                                               *Attorneys for Defendant*
26                                             *MONSANTO COMPANY*
27
28
                                        - 4 -

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of January 2019, a copy of the foregoing was served via electronic mail to opposing counsel.

/s/ *Brian L. Stekloff*