**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360
Fax: (303) 376-6361
Aimee.wagstaff@andruswagstaff.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY  10003
Tel: (212) 558-5802
Fax:  (646) 293-4921
rgreenwald@weitzlux.com

**THE MILLER FIRM, LLC**
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
108 Railroad Ave.
Orange, VA  22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055
mmiller@millerfirmllc.com
bbrake@millerfirmllc.com

*Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Hardeman v. Monsanto Co., et al.,*<br>3:16-cv-0525-VC<br>*Stevick v. Monsanto Co., et al.,*<br>3:16-cv-02341-VC<br>*Gebeyehou v. Monsanto Co., et al.,*<br>3:16-cv-5813-VC | **PLAINTIFFS' OPPOSITION TO MONSANTO COMPANY'S MOTION *IN LIMINE* NO. 3 RE: MONSANTO MARKETING MATERIALS** |

# PLAINTIFFS' OPPOSITION TO DEFENDANT'S MIL 3

## I.      Introduction

Plaintiffs oppose Defendants' Motion in Limine No. 3 to exclude evidence, testimony or argument related to marketing materials that Plaintiffs did not see or rely on.

Monsanto represented that Roundup was so safe that no precautions need to be taken when using it, and other promotional materials downplaying the toxicity of Roundup, despite knowledge that the content was false. This is directly relevant to Plaintiffs' negligent failure to warn claims. Moreover, Monsanto's advertising materials are not excludable under Fed. R. Evid. 403.

## II.     Argument

### A.     The Evidence Is Relevant.

All relevant evidence is admissible unless the U.S. Constitution, a federal statute, or rule of evidence provides otherwise. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact more or less probable and that fact is of consequence. Fed. R. Evid. 401. Here, evidence of Monsanto's promotional and advertising claims about Roundup is relevant to Plaintiffs' causes of action.

First, Plaintiffs have seen Roundup advertising published by Monsanto. For example, Elaine Stevick testified that she watched a Roundup T.V. ad around 2013 of a man "wearing shorts, that he had no gloves, no protective gear, and short-sleeved shirt." *See* Exhibit 1, Stevick Dep. 62:13-14; 61:24-25; 62:1.

Second, Monsanto has asserted an affirmative defense of misuse or abnormal use of the product or failure to follow instructions in its Answers to all three of Plaintiffs' Complaints. Advertisements serve as rebuttal evidence to Monsanto's anticipated arguments that Plaintiffs did not use proper caution or misused Roundup because Monsanto's advertisements emphasize no such precautions.

In addition to countering Monsanto's anticipated claims that Plaintiffs did not apply Roundup responsibly, these advertisements directly support Plaintiffs' failure to warn claims. Monsanto knew that the advertising claims it made before and after Plaintiffs' exposure were false. In fact, the Environmental Protection Agency ("EPA") specifically warned Monsanto about advertisements that downplayed the need to wear protective clothing while administering Roundup and Monsanto assured the EPA that proper protective gear would be demonstrated in advertisements. *See* Exhibit 2, Declaration of Brian Brake attaching July 26, 1988 letter to Monsanto. Yet, in spite of the EPA warning, Monsanto proceeded to circulate these ads. Further, the ads failed to disclose any of the information concerning the risk of cancer in these communications. To Plaintiffs' knowledge, no Roundup ad has ever disclosed a risk of cancer associated with using Roundup.

Advertisements promoting no risks associated with Roundup are directly relevant to Plaintiffs' failure to warn claim. Under California law, a manufacturer has a continuing duty to warn as long as its product is in use. *Valentine v. Baxter Healthcare Corp.* (1999) 68 Cal.App.4th 1467, 1482. Thus, under California law, these marketing materials are relevant to show that while Defendant knew of the various risks associated with Roundup, it deliberately produced and circulated throughout the community materials intended to cover up those dangers and deceive consumers.

B. **The Evidence Will Not Mislead the Jury, Prejudice Defendants, Nor Waste the Court's Time or Resources.**

The court in its discretion may exclude evidence where the probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. None of those circumstances exist here.

### 1. The Evidence Is Not Unduly Prejudicial.

Unfairly prejudicial evidence is evidence having as undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one. *United States v. Pacific Gas*, 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016).

Here, Defendants' advertising and promotional materials are not the type of evidence that uniquely tends to evoke an emotional bias against a party. The evidence is, therefore, not unduly prejudicial.

### 2. The Evidence is Not Unduly Time-Consuming.

Evidence may be excluded where its probative value is "substantially outweighed" by the amount of time it would take to establish the evidence. Here, admitting relevant evidence of Defendant's marketing material, despite its actual knowledge of information that was contrary to the representations in the advertising, would not be unduly time-consuming and even it was, which it is not, it is directly relevant to Plaintiffs' claims.

### 3. The Evidence Will Neither Confuse Issues Nor Mislead the Jury.

Evidence that may confuse the issues or mislead the jury may be excluded. Here, there is not a risk of either. Defendant's marketing materials intentionally covered up known or knowable dangers associated with Roundup.

### **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully requests that this Court DENY Defendant's Motion *in Limine* No. 3.

Dated: 1/30/2019

Respectfully submitted,

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360

/s/ Robin Greenwald
Robin L. Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY  10003
Tel: (212) 558-5802

/s/ Michael J. Miller
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
mmiller@millerfirmllc.com
bbrake@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave.
Orange, VA  22960
Telephone: (540) 672-4224

*Co-Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on January 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com