**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 )<br>) Case No. 3:16-md-02741-VC ) |
| *Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC<br>*Stevick v. Monsanto Co., et al.*, 3:16-cv-2341-VC<br>*Gebeyehou v. Monsanto Co., et al.*, 3:16-cv-5813-VC | ) **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION *IN LIMINE* No. 4 RE: TOBACCO COMPANY REFERENCES, EVIDENCE OF ECONOMIC DISPARITY, AND OTHER PREJUDICIAL ATTORNEY ARGUMENT** ) |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as

1  ordered by the Court, Defendant Monsanto Company ("Monsanto") will and hereby does move
2  this Court for an order, pursuant to Federal Rule of Evidence 103(a), to exclude certain evidence
3  from trial.

4

5  DATED: January 30, 2019

6                                Respectfully submitted,

7                              /s/ *Brian L. Stekloff*

8                             Brian L. Stekloff (*pro hac vice*)
                           (bstekloff@wilkinsonwalsh.com)
9                             Rakesh Kilaru (*pro hac vice*)
                           (rkilaru@wilkinsonwalsh.com)
10                            WILKINSON WALSH + ESKOVITZ LLP
                           2001 M St. NW
11                            10th Floor
                           Washington, DC 20036
12                            Tel: 202-847-4030
                           Fax: 202-847-4005
13

14                            Pamela Yates (CA Bar No. 137440)
                           (Pamela.Yates@arnoldporter.com)
15                            ARNOLD & PORTER KAYE SCHOLER
                           777 South Figueroa St., 44th Floor
16                            Los Angeles, CA 90017
                           Tel: 213-243-4178
17

18                            Eric G. Lasker (*pro hac vice*)
                           (elasker@hollingsworthllp.com)
19                            HOLLINGSWORTH LLP
                           1350 I St. NW
20                            Washington, DC 20005
                           Tel: 202-898-5843
21

22                            Michael X. Imbroscio (*pro hac vice*)
                           (mimbroscio@cov.com)
23                            COVINGTON & BURLING LLP
                           One City Center
24                            850 10th St. NW
                           Washington, DC 20001
25                            Tel: 202-662-6000

26                            *Attorneys for Defendant*
27                            *MONSANTO COMPANY*

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendant Monsanto respectfully moves this Court *in limine* to exclude any reference, argument, or evidence designed to distract jurors from their sworn duty to determine the discrete facts at issue and instead appeal to juror's self-interest and impulse to protect their community by sending a message. The Court should thus exclude: (1) comparisons to the tobacco industry or tobacco litigation; (2) evidence and arguments of Monsanto's revenue, profits, size, or financial condition, and other arguments designed to inflame economic prejudice; and (3) attorney arguments designed to tell jurors they should send the company a message in order to change its conduct for the broader good of the community. Whether this third category of plainly prejudicial comparisons are labelled prohibited Golden Rule arguments, Reptile Theory arguments, or straightforward attorney misconduct, federal law flatly prohibits them and the Court should exclude them.

Plaintiff's counsel repeatedly made precisely these types of arguments in *Dewayne Johnson v. Monsanto Company*—and was roundly admonished by the State Court for doing so—and this Court should likewise exclude such evidence and comparisons to ensure they are nowhere injected into this trial record.

## LEGAL ARGUMENT

**A. Evidence Related To The Tobacco Industry Should Be Excluded.**

Evidence related to the tobacco industry is irrelevant. This case asks a jury to decide whether the use of Monsanto's Roundup products caused cancer. No claims allege that the use of tobacco caused injury. Thus, evidence and argument about the tobacco industry—including the legal strategy of tobacco companies in litigating unrelated cases—has no bearing on this case. *See* Fed. R. Evid. 401. Plaintiffs should not be permitted to draw comparisons between tobacco companies (or tobacco litigation) and Monsanto (or this litigation) because such comparisons are wholly irrelevant and not based in fact.

1

MONSANTO'S MOTION *IN LIMINE* NO. 4 RE: TOBACCO COMPANY REFERENCES, EVIDENCE OF ECONOMIC DISPARITY, AND OTHER PREJUDICIAL ATTORNEY ARGUMENT

Moreover, even if evidence, argument, or reference to the tobacco industry were somehow relevant—and it is not—this comparison would be extremely prejudicial. References to the tobacco industry, and comparisons between Monsanto and tobacco companies, is prejudicial because it invites the jury to transpose the reputation and litigation tactics of large tobacco companies onto Monsanto's conduct unfairly. *See* Fed. R. Evid. 403 (courts should exclude evidence when the probative value is substantially outweighed by the risk of prejudice or confusion). The Advisory Committee Notes to Rule 403 explain that "unfair prejudice" means "an undue tendency to suggest decision on an improper basis," and that a decision on an "improper basis" is "commonly, though not necessarily, an emotional one." *See also United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) ("Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.") (citation and emphasis omitted).

Courts recognize that comparisons of a defendant to the tobacco industry are prejudicial and have excluded such comparisons on that ground. Indeed, the California trial court in *Johnson v. Monsanto Co.* granted a motion *in limine* precluding precisely this comparison. Other federal courts have likewise gone farther and excluded comparisons to *any* other company, even one within the same industry, due to the unfair risk of prejudice. *See Rowe Entm't, Inc. v. William Morris Agency, Inc.*, No. 98 Civ. 8272(RPP), 2003 WL 22272587, at *7 (S.D.N.Y. Oct. 2, 2003) (introduction, in employment discrimination case, of racist acts by other companies in the same industry "would only serve 'to interject substantial unfair prejudice into the case' and confuse the jury by directing its attention from the issues in this case.") (quoting *Collier v. Bradley Univ.*, 113 F. Supp. 2d 1235, 1242 (C.D. Ill. 2000)).

Reference, argument, or evidence related to tobacco companies and their industry should be excluded.

**B. Evidence Designed To Appeal To Economic Prejudice Should Be Excluded.**

For the same reason, the Court should exclude evidence, argument, or reference designed to elicit an improper comparison between the size and wealth of Monsanto and the Plaintiffs. In the *Johnson* trial, Plaintiff's counsel repeatedly and improperly sought to inflame an economic bias in the jury in order to encourage them to return a verdict—and a large damages award—based on Monsanto's success as a company.[1] The trial court recognized that counsel crossed a line when he made these comments, stating that the comments "were very inflammatory and prejudicial, and I told you that you shouldn't make those comments because, among other things, it might lead to something like this, a mistrial. It could be the very undoing of the verdict that you hope to achieve." *See* Stekloff Decl. Ex. 1, *Johnson v. Monsanto Co.*, CGC-16-550128, Tr. at 5140 (Cal. Super. Ct., Aug. 7, 2018). This Court should make clear from the outset that evidence, argument, or references designed to inflame the jury by appealing to economic prejudice should be excluded from all parts of the trial.

Comments about the relative wealth of the defendant are irrelevant and prejudicial. *See* Fed. R. Evid. 401; 403; *see also United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 239 (1940) ("[A]ppeals to class prejudice are highly improper and cannot be condoned and trial courts should ever be alert to prevent them."). *Socony-Vacuum* has been cited repeatedly by federal appellate courts for the proposition that evidence of a party's wealth should be excluded where it is not relevant to the issues in the case. *See, e.g.*, *United States v. Arledge*, 553 F.3d 881, 895 (5th Cir. 2008); *United States v. Jackson-Randolph*, 282 F.3d 369, 376 (6th Cir. 2002); *United States v. Rothrock*, 806 F.2d 318, 323 (1st Cir. 1986); *Garcia v. Sam Tanksley Trucking, Inc.*, 708 F.2d 519, 522 (10th Cir. 1983); *United States v. Stahl*, 616 F.2d 30, 32-33 (2d Cir. 1980). And, in this

---

[1] Plaintiff's counsel argued in closing that Monsanto executives were "waiting for the phone to ring" in a headquarters conference room, and "in that board room . . . behind them is a bunch of champagne on ice." *See* Stekloff Decl. Ex. 1, Johnson v. Monsanto, Co., CGC-16-550128, Tr. at 5117 (Cal. Super. Ct., Aug. 7, 2018). The jury was specifically invited to "tell[] those people . . . they have to put the phone down, look at each other, and say 'We have to change what we're doing'" because, if the damages number "is not significant enough, champagne corks will pop" and "'Attaboys'" will abound. *Id.*

3

MONSANTO'S MOTION *IN LIMINE* NO. 4 RE: TOBACCO COMPANY REFERENCES, EVIDENCE OF ECONOMIC DISPARITY, AND OTHER PREJUDICIAL ATTORNEY ARGUMENT

Circuit, "the ability of a defendant to pay the necessary damages injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  For that reason, "[t]he financial standing of a defendant is ordinarily inadmissible as evidence in determining the amount of compensatory damages to be awarded."  *Marvin Johnson, P.C. v. Shoen*, 888 F. Supp. 1009, 1013 (D. Ariz. 1995).

Reference, argument, or evidence related to Monsanto's revenue, profits, size, or financial condition, and other arguments designed to inflame economic prejudice, should be excluded.

**C. Evidence And Argument That Tells The Jury To Send A Message Should Be Excluded.**

Comparisons to the tobacco industry and appeals to economic prejudice are just two examples of arguments designed to undercut the role of the jury as factfinder over the particular dispute at hand.  Given plaintiffs' counsel's proven past practice of injecting improper argument into past cases, the Court should also enter an order *in limine* excluding all Reptile Theory and Golden Rule type arguments.

A "Golden Rule" argument "is a jury argument in which a lawyer asks the jurors to reach a verdict by imagining themselves or someone they care about in the place of the injured plaintiff or crime victim."  75A Am. Jur. 2d Trial § 540.  But suggesting that jurors put themselves in the plaintiffs' shoes "is generally impermissible because it encourages the jurors to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence."  *Id.*; *see also Sechrest v. Baker*, 603 F. App'x 548, 551 (9th Cir. 2015) ("[T]he statements in which the prosecutor called on the jurors to imagine the state of mind of the victims were . . . improper.").  In a civil case, plaintiff's counsel may not "ask[] the jurors to award damages in the amount that they would want for their own pain and suffering;" "pos[e] the question to the members of the jury whether they would go through life in the condition of the injured plaintiff;" or whether they "would want members of their family to go through life" with the injuries alleged.  75A Am. Jur. 2d Trial § 540.

4

Reptile Theory arguments are a related subset of Golden Rule arguments. The term "Reptile Theory" arises from the 2009 book by David Ball and plaintiff's attorney Don Keenan entitled *Reptile: The 2009 Manual of the Plaintiff's Revolution*. It is also explained by Ball in *Damages and the Reptilian Brain*, 45-SEP Trial 24 (September 2009). *See* Stekloff Decl. Ex. 2. Ball suggests that jurors—like reptiles—will place "survival" atop all other brain functions (including, e.g., "logic," "emotion," and "other decision-making resources"). *See id.* Thus, a plaintiff's lawyer should "get the reptile on your side" by demonstrating that defendant's conduct is a threat to the survival of jurors, their families, and communities. *See id.* ("In your case, the defendant's misconduct represents a danger that connects to the juror and his or her family. . . . [Y]ou need to show . . . that a full and fair damages verdict will diminish the danger for the juror and his or her family . . . [and] enhance community safety by discouraging that kind of dangerous behavior[.]").

Both Golden Rule and Reptile Theory type arguments are wholly improper and have no place in a federal courtroom. Both are tactics designed to appeal to jurors' concerns about their own safety and the safety of their communities, rather than neutrally adjudicating the evidence presented at trial. Both types of arguments ask that a juror apply the facts and evidence of the case *not* to the parties before the court, but rather to themselves and their families, and to decide legal questions on the basis of that personal interest, and bias, as opposed to evidence. *See* Stekloff Decl. Ex. 3, Frank Costilla, Jr., *Underlying Principles That Motivate Jurors To Give*, Winter 2008 AAJ-CLE 237, 2 (2008) (According to David Ball, "The reptilian brain asks, 'What's in it for me and mine?' It must be shown how a verdict for the plaintiff benefits them, their loved ones or their community."). The Court should prohibit any testimony or argument premised on Golden Rule or Reptile Theory arguments. Such arguments are improper, irrelevant, and prejudicial.

## CONCLUSION

For the foregoing reasons, Monsanto respectfully requests that the Court grant the motion to exclude the evidence—and arguments or references to it—articulated above.

5

MONSANTO'S MOTION *IN LIMINE* NO. 4 RE: TOBACCO COMPANY REFERENCES, EVIDENCE OF ECONOMIC DISPARITY, AND OTHER PREJUDICIAL ATTORNEY ARGUMENT

DATED: January 30, 2019

Respectfully submitted,

/s/ Brian L. Stekloff

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

Attorneys for Defendant
MONSANTO COMPANY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of January 2019, a copy of the foregoing was served via electronic mail to opposing counsel.

<u>/s/ <i>Brian L. Stekloff</i></u>

7

MONSANTO'S MOTION *IN LIMINE* NO. 4 RE: TOBACCO COMPANY REFERENCES, EVIDENCE OF ECONOMIC DISPARITY, AND OTHER PREJUDICIAL ATTORNEY ARGUMENT