**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360
Fax: (303) 376-6361
Aimee.wagstaff@andruswagstaff.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY  10003
Tel: (212) 558-5802
Fax:  (646) 293-4921
rgreenwald@weitzlux.com

**THE MILLER FIRM, LLC**
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
108 Railroad Ave.
Orange, VA  22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055
mmiller@millerfirmllc.com
bbrake@millerfirmllc.com

*Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: | **PLAINTIFFS' OPPOSITION TO MONSANTO'S MOTION *IN LIMINE* NO. 4 RE: TOBACCO COMPANY REFERENCES, EVIDENCE OF ECONOMIC DISPARITY, AND OTHER PREJUDICIAL ATTORNEY ARGUMENT** |
| *Hardeman v. Monsanto Co., et al,* 3:16-cv-0525-VC | |
| *Stevick v. Monsanto Co., et al* 3:16-cv-02341-VC | |
| *Gebeyehou v. Monsanto Co., et al* 3:16-cv-5813-VC | |

## ARGUMENT

**A.  Evidence related to the tobacco industry should not be excluded.**

Monsanto seeks to exclude "any evidence, argument, or reference comparing Monsanto to the tobacco industry." Such a broad exclusion, however, unduly limits Plaintiffs' counsel from arguing the case.  Any references to tobacco companies would likely arise in the context of disputing the complex scientific issues of this case. For example, throughout the *Daubert* general causation stage, Monsanto contended that the epidemiological studies reporting associations between Roundup exposure and NHL are unreliable due to the mere possibility of confounding as a result of exposures to multiple pesticides. Ultimately, under *Daubert*, Monsanto was unable to demonstrate that any *potential* confounding in the studies resulted in *actual* confounding. Indeed, Monsanto's attempt to explain away associations with reference to confounding has been noted by the Reference Manual on Scientific Evidence:

> Often the mere possibility of uncontrolled confounding is used to call into question the results of a study. ***This was certainly the strategy of some seeking, or unwittingly helping, to undermine the implications of the studies persuasively linking cigarette smoking to lung cancer***. The critical question is whether it is plausible that the findings of a given study could indeed be due to unrecognized confounders.

Federal Judicial Center, *Reference Manual on Scientific Evidence* (3d ed. 2011) 593 ("Reference Manual") (emphasis added).

Monsanto will undoubtedly raise the shield of confounding during trial. Plaintiffs should be able to challenge Monsanto's flawed scientific theories with reference to the fact that such arguments have been unsuccessfully attempted before. Any references to the tobacco industry in this context occur in relation to the central scientific disputes of the case, and do not constitute undue prejudicial aspersions at Monsanto.

Another pertinent scientific issue that will be contested at trial is whether studies that Monsanto relies upon for its causation argument should be afforded less weight due to the authors' undisclosed conflicts of interest and Monsanto's involvement with ghostwriting the science on Roundup safety. Indeed, this Court noted that the issue of scientific manipulation goes to the heart of causation:

> [T]he internal e-mails reflect that Monsanto has been ghostwriting reports. And those reports have been portrayed as independent…. [Monsanto's] whole presentation thus far has been about how all the independent science supports a conclusion that glyphosate doesn't cause non-Hodgkin's lymphoma…I don't understand how [Monsanto] could have taken the position that the issue of Monsanto drafting reports for allegedly independent experts on whether glyphosate causes non-Hodgkin's lymphoma could be irrelevant to the question of whether there's evidence that glyphosate causes non-Hodgkin's lymphoma. I just don't understand how [Monsanto] could take that position.

MDL 08/24/2017 Hearing Trns. at 43:4-16.

The important scientific implications of conflicts of interest and undisclosed industry contributions to studies have also been recognized by the Reference Manual: "Some biases go beyond errors in individual studies and affect the overall body of available evidence in a way that skews what appears to be the universe of evidence… *[f]inancial conflicts of interest by researchers and the source of funding of studies have been shown to have an effect on the outcomes of such studies*." At 590 (emphasis added). The Reference Manual's citation for this conclusion states:

> *The major determinant of whether reviews of passive smoking concluded it was harmful was whether the authors had financial ties with tobacco manufacturers*. In the disputed topic of whether third-generation contraceptive pills cause an increase in thromboembolic disease, studies funded by the pharmaceutical industry find that they don't and studies funded by public money find that they do.

*Id*. (quoting Richard Smith, *Making Progress with Competing Interests,* 325 BRIT. MED. J. 1375, 1376 (2002)). (emphasis added)

Again, any references to other industries, such as tobacco, would occur in the context of testimony and argument which is concerned with determining the weight that the jury should afford pieces of scientific evidence.  The jury will then be able to better assess the weight to be given to pieces of relevant evidence if it is presented with examples that will help elucidate complex scientific issues and their import for resolving disputes at trial.

Plaintiffs are thus not comparing Monsanto to the tobacco industry in discussing pertinent scientific issues such as confounding and undisclosed conflicts of interest (which have also been raised in tobacco litigation), but are contesting Monsanto's defense with reference to established principles of science and the real-world examples from which such principles are drawn. The trier of fact will only be able to logically evaluate the facts if it is provided with relevant real-world examples directed at the underlying scientific issues, which is a far cry from volleying gratuitous comparisons between Monsanto and the tobacco industry. *Scott v. C.R. Bard, Inc.* (2014) 231 Cal.App.4th 763 (recognizing that the introduction of evidence which may have confused the jury before trial is not prejudicial when the jury is able to place the evidence in context during trial).

### B.  Monsanto's Wealth is Absolutely Relevant.

1.  **Evidence Of Monsanto's Financial Circumstances and Profits Is Relevant To Rebut Monsanto's Anticipated Argument That Proper Testing Proposed Is Cost Prohibitive.**

In order to prove their failure to warn claim, Plaintiffs are required to show "that the defendant did not adequately warn of a particular risk that was known or knowable in light of the generally recognized and prevailing best scientific and medical knowledge available at the time of manufacture and distribution." *Carlin v. Super. Ct.*, 920 P.2d 1347, 1351 (Cal. 1996). In order to prove this claim, in part, Plaintiffs will seek to introduce evidence at trial that Monsanto did not properly test the glyphosate-based products, and as such breached its duty to test its products before introducing them to the public. *Oxford v. Foster Wheeler LLC*, 99 Cal. Rptr. 3d 418, 435 (Cal.

App. 1st Dist. 2009). It is then likely that Monsanto will seek to introduce evidence of the cost and expense of conducting studies that Plaintiffs put forth as the proper testing that Monsanto should have done before introducing glyphosate-based products to the public. If Monsanto does such, it will open the door to allow Plaintiffs to introduce evidence to the jury of Monsanto's financial circumstances and profits.

A litigant opens the door to prejudicial testimony when he submits evidence that leaves a false or misleading impression if not corrected by the prejudicial testimony he seeks to exclude. *United States v. Maldonado* (5th Cir. 1994) 472 F.3d 388, 398 abrogated on other grounds, *Kentucky v. King*, (2011) 563 U.S. 452, 131 S.Ct. 1849. Monsanto should not be allowed to exclude evidence of its financial circumstances and profits while at the same time claiming that certain studies and tests of glyphosate products is cost prohibitive.

Finally, Monsanto extensively lobbied Congress, EPA officials, and foreign governments to ensure that glyphosate remained on the market with few restrictions. It takes substantial financial resources to have this extensive influence on government officials. Evidence of Monsanto's financial condition will tend to show that it was capable and effective of the lobbying that Plaintiffs allege occurred.

### 2. Punitive Damages.

A defendant's financial condition is a necessary factor for the jury to consider when assessing punitive damages.  CACI NO. 3945 instructs a jury to consider "In view of [Defendant's] financial condition, what amount is necessary to punish [Defendant] and discourage future wrongful conduct."  Thus, evidence of Monsanto's wealth is directly relevant to Plaintiffs' claims given that Plaintiffs seek an award of punitive damages.

**C.  Punitive Damages are by their very nature designed to send a message.**

"The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the Plaintiff and to **discourage similar conduct in the future**."  CACI NO. 3945. (emphasis added).   Punitive damages are by their very nature designed to send a message to Defendant that its conduct was wrong, and send a clear signal, through the punitive award, that it must stop.

## CONCLUSION

For the foregoing reasons, the Court should deny Monsanto's Motion *in limine* No. 4.

Dated:  1/30/2019                                  Respectfully submitted,


                                                   /s/ Aimee Wagstaff
                                                   Aimee H. Wagstaff (SBN 278480)
                                                   aimee.wagstaff@andruswagstaff.com
                                                   Andrus Wagstaff, P.C.
                                                   7171 W. Alaska Drive
                                                   Lakewood, CO  80226
                                                   Tel: (303) 376-6360

                                                   /s/ Robin Greenwald
                                                   Robin L. Greenwald
                                                   rgreenwald@weitzlux.com
                                                   Weitz & Luxenberg
                                                   700 Broadway
                                                   New York, NY  10003
                                                   Tel: (212) 558-5802

                                                   /s/ Michael J. Miller
                                                   Michael J. Miller (*pro hac vice*)
                                                   Brian K. Brake (*pro hac vice*)
                                                   mmiller@millerfirmllc.com
                                                   bbrake@millerfirmllc.com
                                                   The Miller Firm LLC
                                                   108 Railroad Ave.
                                                   Orange, VA  22960
                                                   Telephone: (540) 672-4224

                                                   *Co-Lead Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on January 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com

PLAINTIFFS' OPPOSITION TO MONSANTO'S MOTION *IN LIMINE* NO. 4 RE: TOBACCO COMPANY REFERENCES, EVIDENCE OF ECONOMIC DISPARITY, AND OTHER PREJUDICIAL ATTORNEY ARGUMENT