**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel:   (202) 847-4030
Fax:   (202) 847-4005

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION <br><br> *Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC <br> *Stevick v. Monsanto Co., et al.*, 3:16-cv-2341-VC <br> *Gebeyehou v. Monsanto Co., et al.*, 3:16-cv-5813-VC | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC <br><br> **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 5 RE: OTHER LITIGATION, OTHER PRODUCTS, AND COMPANY HISTORY** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will and hereby does move the Court to preclude evidence regarding other litigation, other products, and company history.

DATED: January 30, 2019

    Respectfully submitted,

    /s/ *Brian L. Stekloff*

    Brian L. Stekloff (*pro hac vice*)
    (bstekloff@wilkinsonwalsh.com)
    Rakesh Kilaru (*pro hac vice*)
    (rkilaru@wilkinsonwalsh.com)
    WILKINSON WALSH + ESKOVITZ LLP
    2001 M St. NW, 10th Floor
    Washington, DC 20036
    Tel: (202) 847-4030
    Fax: (202) 847-4005

    Pamela Yates (CA Bar No. 137440)
    (Pamela.Yates@arnoldporter.com)
    ARNOLD & PORTER KAYE SCHOLER
    777 South Figueroa St., 44th Floor
    Los Angeles, CA 90017
    Tel: (213) 243-4178
    Fax: (213) 243-4199

    Eric G. Lasker (*pro hac vice*)
    (elasker@hollingsworthllp.com)
    HOLLINGSWORTH LLP
    1350 I St. NW
    Washington, DC 20005
    Tel: (202) 898-5843
    Fax: (202) 682-1639

    Michael X. Imbroscio (*pro hac vice*)
    (mimbroscio@cov.com)
    COVINGTON & BURLING LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendant Monsanto Company ("Monsanto") moves *in limine* to exclude irrelevant evidence, testimony, or argument related to (1) all prior or other current litigation involving Monsanto, (2) products other than Roundup, and (3) Bayer's acquisition of Monsanto. Monsanto believes this motion largely relates to Phase 2 of the trial, since the focus of Phase 1 is whether Roundup caused Plaintiffs' Non-Hodgkin Lymphoma, and none of this evidence remotely bears on that question.

## II. ARGUMENT

### A. Evidence of Other Litigation Is Irrelevant and Unduly Prejudicial.

Monsanto faces over 9,300 lawsuits related to Roundup in the United States, including many under the umbrella of this Court's Multidistrict Litigation. The fact of these lawsuits lacks relevance as to Roundup's safety, Monsanto's liability, and whether Roundup caused Mr. Hardeman's, Ms. Stevick's or Mr. Gebeyehou's NHL. Each plaintiff's case involves one person alleging a particular amount of exposure and a specific disease. Other lawsuits involve different types, means, and amounts of exposure, with different alleged consequences.

Also, the mere mention of prior or other current lawsuits would unfairly prejudice Monsanto. The litigation's scale would induce a jury to falsely assume that the cases must have some merit, otherwise lawyers would not have brought them or judges would have dismissed them. Indeed, even in *Johnson*, where the court denied the motion to exclude mention of all other litigation involving Monsanto, the court clarified in a footnote that mentioning the total amount of cases "would plainly create a substantial risk of undue prejudice that outweighs any probative value." *Johnson v. Monsanto, Co.*, CGC-16-550128, Order Den. Monsanto's Mot. for Continuance of Trial Date and Re: Mots. in Lim., at 6 (Cal. Super. Ct., April 3, 2018) (Ex. 1). Allowing evidence of prior lawsuits and other current lawsuits would also cause undue delay, waste time, and mislead the jury. Monsanto would have to contest these lawsuits'

allegations, which would drag the jury through lengthy mini-trials instead of directly addressing Plaintiffs' claims. The complexity involved in each, from the level of exposure to the different types of cancer, would likely confuse the jury when they face the only facts that matter to them: those of each individual plaintiff. Courts commonly hold that evidence of prior litigation is inadmissible, and this Court should do so as well. *See, e.g.*, *Apple iPod iTunes Antitrust Litig.*, No. 05-CV-0037 YGR, 2014 WL 12719192, at *3 (N.D. Cal. Nov. 18, 2014) ("the parties are prohibited from eliciting evidence or referring to other courts' decisions, factual findings, or credibility assessments"); *Calloway v. Hayward*, No. 108CV01896LJOGSAPC, 2017 WL 363000, at *3 (E.D. Cal. Jan. 24, 2017) ("the Court finds that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice to Defendants.").

**B. Evidence of Other Monsanto Products Is Irrelevant and Unduly Prejudicial.**

Evidence of products other than Roundup and litigation concerning them is equally inadmissible because it is irrelevant, would unfairly prejudice Monsanto, and constitutes improper character evidence.

Monsanto anticipates that Plaintiffs might attempt to introduce evidence or argument referencing that Monsanto's predecessor, "old Monsanto," manufactured controversial products unrelated to this case. Such products could include poly-chlorinated biphenyls ("PCBs"), which were used in industrial and commercial applications, and Agent Orange, an herbicide the U.S. Government obtained under direction from Monsanto for use during the Vietnam War. As the judge observed in *Johnson*, Agent Orange was manufactured in the 1960s, which is "too remote in time to be relevant" today. *Johnson*, CGC-16-550128, Proceedings June 20, 2018, at 156:13–14 (Cal. Super. Ct., June 20, 2018) (Ex. 2). It was also manufactured by old Monsanto, a company that no longer exists after a series of spin-offs and acquisitions. *Id.* at 156:15–17. More importantly, none of the three plaintiffs were exposed to PCBs or Agent Orange; each used Roundup. And each bases his or her claims only on Roundup. Therefore other Monsanto products are irrelevant. Referencing them, and litigation surrounding them, lacks "any tendency

to make a fact more or less probable" and is deprived "of consequence in determining the action." Fed. R. Evid. 401.

Moreover, reference to other products would also unfairly prejudice Monsanto because it would attack Monsanto's reputation as some serial purveyor of unsafe products, thereby inflaming the jury's emotion. "Unfair prejudice is an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Haischer*, 780 F.3d 1277, 1281 (9th Cir. 2015) (citing *United States v. Anderson,* 741 F.3d 938, 950 (9th Cir. 2013)) (citations and internal quotation marks omitted). Stigmatized chemicals such as PCBs and Agent Orange, which triggers memories of the Vietnam War and long-ago actions, would suggest a decision on an improper, emotional basis. Indeed, the Roundup cases have already shown the obvious prejudicial effect that drawing connections to Agent Orange would have over Monsanto. Plaintiff Alberta Pilliod listed Agent Orange among the reasons she suspected Roundup caused her cancer. Pilliod Dep. 112:2–10, *Pilliod v. Monsanto Co.*, Case No. RG17862702 (Super. Ct. Cal. Dec. 21, 2018) (Ex. 3). Unsurprisingly, the judge in *Johnson* excluded references to Agent Orange because "all of the subsequent litigation and findings regarding that product, [A]gent [O]range, were so controversial that the prejudice stemming from admitting any evidence regarding agent Monsanto far outweighs any probative value with regard to anything that the current Monsanto is doing in this litigation." *Johnson*, CGC-16-550128, Proceedings June 20, 2018, at 156:19–25 (Ex. 2); s*ee also In re Bendectin Litig.,* 857 F.2d 290, 322 (6th Cir. 1988) (upholding "determination that references to Thalidomide would be extremely prejudicial"); *Am. Home Assurance Co. v. Merck & Co., Inc.,* 462 F. Supp. 2d 435, 446 (S.D.N.Y. 2006) (excluding references to Vioxx litigation because "the only possible purpose for offering such evidence would be to generally prejudice the fact finder against Merck through insinuations that it is a careless corporate citizen.").

Finally, referencing other chemicals could constitute reference to other acts, which Rule 404(b) forbids. Plaintiffs would be using evidence of a prior act to imply that Monsanto acted in conformity with an alleged character trait—that of manufacturing controversial chemicals.

### C. Evidence of Bayer's History and Acquisition of Monsanto Is Irrelevant and Inadmissible.

Evidence surrounding Bayer's acquisition of Monsanto, including Bayer's role in World War II and news articles referencing its decision-making process, is irrelevant and inadmissible.

Despite Bayer's positive contributions to society since its founding in 1863, such as aspirin and antibiotics, Bayer's history was impacted by the global catastrophe that was World War II. References to these historical circumstances bear no consequence over the issues at stake in this case: whether Monsanto is liable for Plaintiffs' NHL. This case involves a product developed by Monsanto, a company acquired by Bayer in the twenty-first century. Bayer's past is irrelevant. *See In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & PMF Prod. Liab. Litig.*, No. 3:09-CV-10012-DRH, 2011 WL 6740391, at *3 (S.D. Ill. Dec. 22, 2011) ("incendiary historical evidence. . . . is likely irrelevant to the substantive issues at bar and the Court has precluded the plaintiff from introducing that evidence in her case in chief except as otherwise provided.").

Even if Bayer's history had any probative value, which it does not, this value would be substantially outweighed by a danger of causing unfair prejudice. Courts have frequently acknowledged so. *See id.* ("because of the incendiary nature of the disputed evidence, the Court strongly cautioned the parties and laid out explicit directives as to how the parties must proceed at trial in relation to introducing this evidence for impeachment purposes"); *Kennedy v. City of New York*, No. 12 Civ. 4166 (KPF), 2016 WL 3460417, at *3 (S.D.N.Y. June 20, 2016) ("line of questioning regarding Nazi Germany is so plainly and egregiously inappropriate that the Court will not address it further."); *Garlick v. Cty. of Kern*, No. 1:13-CV-01051-LJO-JLT, 2016 WL 1461841, at *5 (E.D. Cal. Apr. 14, 2016) (precluding "any and all testimony or evidence involving any analogies, comparisons, or references to Hitler, Nazis, World War II bunker complexes" under Rule 403 of the Federal Rules of Evidence); *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1256–57 (11th Cir. 2003) (noting the real risk of plaintiffs' counsel "subtly if not overtly prey[ing] on juror biases" related to "Nazi-era memories"). The only possible

- 4 -
MONSANTO'S MOTION *IN LIMINE* NO. 5 RE: OTHER LITIGATION, OTHER PRODUCTS, AND COMPANY HISTORY 3:16-md-02741-VC

reason Plaintiffs would try to introduce such evidence would be to "play[] to a pro-American sentiment and an anti-foreign mentality," and to inflame any biases in the jury to return a verdict against Monsanto. *In re Yasmin*, 2011 WL 6740391, at *3.

Indeed, some Roundup plaintiffs have already raised Bayer's role as a German company and its involvement in World War II, which highlights the very real capacity of this evidence to unfairly prejudice Defendant.  *See* Pilliod Dep. 111:18–112:10 (testifying that she first became suspicious of Roundup causing her cancer when finding out about Bayer involvement in WWII: "I got very suspicious of what this Roundup does and what the owners of Roundup do.") (Ex. 3).

Monsanto also anticipates that Plaintiffs might reference news articles surrounding Bayer's acquisition of Monsanto.  Specifically, articles discussing possible legal and reputational dangers associated with Monsanto's acquisition in light of the Roundup litigation. Again, these are irrelevant and inadmissible. Whatever Bayer considered when it acquired Monsanto is irrelevant to prove the cause of Plaintiffs' NHL.  And even if it were relevant, which it is not, its value would be substantially outweighed by the danger of unfair prejudice. The evidence could mislead the jury to think that any concern executives in Bayer may have shown regarding Roundup indicates guilt.  The evidence would also lead to an unnecessary mini-trial regarding the truthfulness of the articles' content, causing undue delay and unfairly prejudicing Monsanto.

### III. CONCLUSION

For these reasons, Monsanto respectfully requests that the Court exclude evidence, testimony, or argument regarding other litigation, other products, and Bayer's company history.

DATED:  January 30, 2019

Respectfully submitted,

/s/ *Brian L. Stekloff*_____

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4030
Fax: (202) 847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000


*Attorneys for Defendant*
*MONSANTO COMPANY*

- 6 -
MONSANTO'S MOTION *IN LIMINE* NO. 5 RE: OTHER LITIGATION, OTHER PRODUCTS, AND COMPANY HISTORY 3:16-md-02741-VC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of January 2019, a copy of the foregoing was served via electronic mail to opposing counsel.

/s/ *Brian L. Stekloff*