EXHIBIT 1



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Apr-03-2018 4:02 pm

Case Number: CGC-16-550128

Filing Date: Apr-03-2018 4:01

Filed by: DANIAL LEMIRE

Image: 06280502

ORDER

DEWAYNE JOHNSON VS. MONSANTO COMPANY ET AL

001C06280502

**Instructions:**
Please place this sheet on top of the document to be scanned.

**FILED**
San Francisco County Superior Court

APR 3 - 2018

CLERK OF THE COURT
BY: _____ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEWAYNE JOHNSON, ET AL.

Plaintiffs,

vs.

MONSANTO COMPANY, ET AL.

Defendants.

Case No. CGC – 16-550128

ORDER DENYING MONSANTO'S MOTION FOR CONTINUANCE OF TRIAL DATE AND RE: MOTIONS IN LIMINE

Plaintiff Dewayne Johnson brought this products liability action against Monsanto alleging that he contracted non-Hodgkin lymphoma as a result of his exposure to glyphosate, which is contained in Monsanto's herbicides. Johnson was diagnosed with non-Hodgkin lymphoma in 2014.

On July 21, 2017, Johnson filed a motion for trial preference pursuant to C.C.P. § 36(d)-(e) on the ground that there was substantial medical doubt that he would live more than six months. Defendants opposed the motion. On August 21, 2017, before the motion was heard, the parties entered a stipulation pursuant to which: (1) Johnson dismissed all of the Defendants except for Monsanto; (2) Johnson withdrew his motion for trial preference; (3) Monsanto agreed not to remove this action to federal court; (4) Johnson and Monsanto agreed that the trial date would be set for June 2018, even if Johnson passes away prior to that date; (5) Johnson and Monsanto agreed to request that trial be set on this Department's calendar; and, if a June 2018

- 1 -

New York agreement would simply be seen as evidence that defendant is a bad actor, all of which suggests that under § 352 this evidence is inadmissible.

But more strongly, the evidence has no apparent relevancy since it appears causally unconnected with plaintiff's injuries. The motion is granted.

**Monsanto's Motion in Limine No. 2**

Monsanto moves to exclude evidence of labeling, warnings, and advertising that Monsanto used after Johnson stopped using its products, as well as any other labeling, warnings, and advertising that Johnson did not see, hear, or rely on. The motion extends to labeling, warnings, and advertising that pertained to products other than those used by Johnson and any labeling, warnings, and advertising used by other companies. Further, the motion extends to any labeling, warnings, and advertising that post-date Johnson's last exposure to glyphosate in January 2016.

Again, plaintiff does not explain how any of the ads or labels at issue in this motion caused his injuries in some way. Following up on a comment by plaintiff's counsel at argument, it is theoretically possible that pervasive advertisements created a general widespread belief such that plaintiff, or people (such an employer or trainer) advising plaintiff, believed something about glyphosate which was untrue and this in turn led plaintiff to do something which increased his risk of injury. But there seems to be no such foundation for this argument.[1] If plaintiff does intend to present such a foundation, and the ads and labels are otherwise admissible, he should seek leave from the trial judge to introduce the ads and labels. For now the motion is granted.

---

[1] For example, while Johnson refers to advertisements depicting people administering Roundup without wearing protective gear, this does appear to relate to this case, because Johnson did wear protective gear.

truth,[3] and then the jury will be asked to infer from that to Monsanto's pre-2016 actions which assertedly caused plaintiff's injuries.

The motion as to ghost-written articles is denied.[4] As to Monsanto's investigation of IARC and the suit against OEHHA, it is granted.

Dated: April 3, 2018

_____
Curtis E.A. Karnow
Judge Of The Superior Court

---

[3] This is particularly fraught when it comes to a lawsuit which has not been adjudicated in bad faith or a malicious prosecution.
[4] Whether the evidence ultimately is admitted depends on events at trial- if Monsanto's experts never in fact rely on them they may not be relevant.

## CERTIFICATE OF ELECTRONIC SERVICE
(CCP 1010.6(6) & CRC 2.260(g))

I, DANIAL LEMIRE, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On APR 3 - 2018, I electronically served THE ATTACHED DOCUMENT via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

Dated: APR 3 - 2018

T. Michael Yuen, Clerk

By: _____
DANIAL LEMIRE, Deputy Clerk