Aimee Wagstaff, SBN 278480
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, PC
7171 West Alaska Drive
Lakewood, CO  80226
Telephone: (303) 376-6360
Facsimile:  (303) 376-6361

Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY  10003
Telephone: (212) 558-5500
Facsimile:  (212) 344-5461

Michael Miller (*pro hac vice*)
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Avenue
Orange, VA  22960
Telephone: (540) 672-4224
Facsimile:  (540) 672-3055

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br><br> Case No. 16-md-02741-VC <br><br> **PLAINTIFFS' OPPOSITION TO MONSANTO'S MOTION *IN LIMINE* NO. 5 ON OTHER PRODUCTS, OTHER LITIGATION AND CORPORATE HISTORY** |
| This document relates to: <br> *Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC <br> *Stevick v. Monsanto Co., et al.*, 3:16-cv-2341-VC <br> *Gebeyehou v. Monsanto Co., et al.*, 3:16-cv-5813-VC | |

**PLAINTIFFS' OPPOSITION TO MONSANTO'S FIFTH *IN LIMINE* MOTION**

The Court should deny Monsanto's fifth *in limine* motion. In each sub-argument, Monsanto seeks a broad, sweeping preclusion of evidence, but only provides a narrow, single example supporting its application. As the Court can better handle these issues individually, should they come up, the Court should deny the instant motion in full.

### A. Monsanto's *in limine* motion is overly broad.

The Court should deny Monsanto's *in limine* motion as overly broad. As Defendant's own case law notes, "Motions in limine that exclude broad categories of evidence are disfavored and such issues are better dealt with during trial as the admissibility of evidence arises." *Calloway v. Hayward*, 1:08-cv-01896, 2017 WL 363000 at *1 (E.D. Calif. Jan. 24, 2017) (*citing In re Homestore.com, Inc.*, No. CV 01-11115, 2011 WL 291176 at *2 (C.D. Calif. Jan. 25, 2011)). Monsanto's authority further confirms that the denial of a general motion *in limine* as overbroad is appropriate when the movant fails to identify specific documents or testimony specific to the motion which the movant seeks to preclude. *See Apple iPod iTunes Antitrust Lit.,* No. 05-cv-0037, 2014 WL 12719192 at *3 (N.D. Calif. 2014).

Monsanto's Motion proposes sweeping preclusion of evidence while offering minimal and insufficient support. Monsanto asks the Court to exclude all "[e]vidence of products other than Roundup …," but merely focuses on Agent Orange and its use in Vietnam in support of its Motion. *See* Monsanto's Memorandum of Points and Authorities [for Motion *in limine* No. 5 re: Other Litigation, Other Products, and Company History], dated Jan. 30 [sic], 2019, at 2 ("Def. MIL"). Monsanto only offers a single reference from a state case to a single product to support its Motion.[1] *See id.* at 3. The portion of Monsanto's Motion concerning Bayer further illustrates its unsupported attempts to restrict evidence. Monsanto seeks to preclude all evidence of "Bayer's acquisition of Monsanto," *id.* at 4, but merely highlights the potential unfair prejudicial impact of Bayer's

---

[1] The cited reference to "Agent Orange" does not appear at the offered citation. Indeed, the entire deposition transcript is devoid of any mention of Agent Orange. *See generally id.,* Exh. 3.

**PLAINTIFF'S OPPOSITION TO MONSANTO'S FIFTH *IN LIMINE* MOTION**

2

operations in Nazi Germany. *See id.* at 4-5.[2] Finally, common sense confirms that Monsanto's attempt to preclude "the mere mention of prior or other current lawsuits" as unduly prejudicial is needlessly broad. This request would prevent any mention of the *Johnson* trial or its result, yet both sides have an interest, at a minimum, in submitting questions about that case for the *voir dire* of prospective jury members. Notably, as Monsanto concedes, it submitted the same motion in *Johnson* and the state court denied the motion and allowed references to certain filed cases. The Court should deny such overly broad applications and reserve the right to address such points on a case-by-case basis to any specific evidence either part might wish to introduce.

**B.   References to Other Litigation is Appropriate and not Unfairly Prejudicial.**

Monsanto's opening statement in the *Johnson* trial illustrates the relevance of 9,300+ cases filed against Monsanto. In that opening, Monsanto's counsel spoke of increased evidence of non-Hodgkin's lymphoma occurring in farmers in a county in Ohio in the 1950s and '60s and used that information to suggest a lack of correlation between Roundup and non-Hodgkin's lymphoma (NHL). Exhibit A at 1467-68 (stating that the information is "significant" "[b]ecause this observation that non-Hodgkin's lymphoma was associated with farming occurred before glyphosate was invented"). The pending litigations provide the counterpoint to Monsanto's argument. For these 9,300+ individuals, living in different parts of the country, performing diverse jobs and using Roundup in varying manners, the common link that joins them is their use of Roundup and diagnosis of NHL. Indeed, as Monsanto extended its argument to discuss how the observation above prompted epidemiological studies, *see id.* at 1466-75, the 9,300 alleged instances of NHL provide potential support for the epidemiological studies and conclusions underlying IARC's determination that glyphosate is a probable carcinogen.

Further, Monsanto's own questioning of expert witnesses permits other testimony referencing the number of pending litigations. Monsanto will, almost certainly, question Plaintiffs'

---

[2] Once again, the single offered reference to deposition testimony, *see id.* at 5, does not appear anywhere within Monsanto's accompanying exhibit. *See generally id.*, Exh. 3.

**PLAINTIFF'S OPPOSITION TO MONSANTO'S FIFTH *IN LIMINE* MOTION**

3

expert witnesses at trial about their fees and how much they have received for these litigations.[3] As Plaintiffs' experts, however, have done substantial work for other Plaintiffs in courthouses around the country, from expert reports to expert depositions and trial testimony, those fees go well beyond the three immediate Plaintiffs. The jury would not understand the fees paid without knowing the context of the other pending cases.

Plaintiffs do not intend and will not conduct a trial within a trial for any of these other cases. With respect to the *Johnson* litigation, as Monsanto fully litigated that case, collateral estoppel may apply to certain issues. To the extent that evidence about other litigation is introduced here, the Court should deny the instant Motion and address such evidence as it arises.

      **C.**      **Evidence of Monsanto's Other Products is Necessary and Admissible.**

Evidence of other Monsanto herbicides is relevant and directly connected to the claims in this litigation. Plaintiffs' complaints include strict liability claim for a defective product. The availability of an alternative design remains a consideration for such claims. *See Papsan v. Domestic Corp.,* No. 16-cv-02117, 2017 WL 4865602 at *18-19 (N.D. Calif. 2017); *Coleman-Anacleto v. Samsung Elec. Am., Inc.,* No. 16-cv-02941, 2016 WL 4729302 at *18-19 (N.D. Calif. 2016); *West v. Johnson & Johnson Prod., Inc.*, 220 Cal. Rptr 437, 456-57 (Calif. Ct. App. 1986). Evidence concerning non-Roundup herbicides which Monsanto manufactured and sold, accordingly, is relevant, *see* Fed. R. Evid. 401*,* and directly goes to certain claims before the Court and jury at trial. Given the relevance of such testimony to the case, the Court should deny the instant Motion to preclude all "[e]vidence of products other than Roundup."[4]

---

[3] This aspect of the Motion is particularly suspect because Monsanto, in cross examining Plaintiffs' experts at their depositions spent considerable time questioning about their billing – billing that is not only for the instant trial but also for many other cases throughout the country.

[4] Notably, Monsanto has failed to substantiate its Motion. Monsanto only includes a discussion of Agent Orange, labeling it as a "stigmatized" chemical which "triggers memories of the Vietnam War. Def. MIL at 3. Monsanto's only connecting testimony is irrelevant to the Motion. A review of the offered transcript confirms that Alberta Pilliod never mentions "Agent Orange," and the cited page involves a discussion of where Ms. Pilliod sprayed Roundup around the yard. *See generally id.*, Exh. 3 (lacking the word "orange" anywhere within the testimony).

**PLAINTIFF'S OPPOSITION TO MONSANTO'S FIFTH *IN LIMINE* MOTION**

4

Monsanto's final point regarding Rule 404(b) is both misleading and inaccurate. *See* Def. MIL at 3 (suggesting that the Rule "forbids" the introduction of this evidence). The Rule, however, continues and confirms that evidence of other acts is admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Evidence of Monsanto's other herbicides goes directly to opportunity, preparation and knowledge, would be relevant and should not be precluded in advance of trial.

### D.  No Reason Exists to Preclude Evidence of Bayer's History.

Monsanto's final point, ultimately, is irrational and merits little consideration. Monsanto's only offered argument for precluding any evidence of Bayer's acquisition of Monsanto is that evidence of non-party Bayer's Nazi past history would be unfairly prejudicial. *See* Def. MIL at 4-5. The argument makes little sense in the immediate context. Plaintiffs had not considered and did not anticipate introducing evidence concerning Bayer's Nazi history. Monsanto has inserted this red herring into its motion presumably to distract the Court, particularly as Monsanto's only support purportedly involves a plaintiff in a different action which is not before this Court.[5]

Certain information concerning Bayer's acquisition of Monsanto is relevant and admissible. The companies conducted negotiations of the purchase for approximately two years before finalizing the sale of the company for $63 billion, including, presumably, an undisclosed reserve for the pending Roundup litigations. Plaintiffs anticipate potentially utilizing the details concerning Bayer's purchase of the Monsanto as evidence going to punitive damages. Such testimony, including testimony about Bayer's due diligence, the value of Monsanto's Roundup product and calculations of the profits which the company receives from Roundup, is relevant to the calculation and assessment of punitive damages.

---

[5]  Again, Monsanto has pointed to deposition testimony that does not support its assertion. *See* Def. MIL, Exh. 3 at 1, 111-12 (providing the case caption which shows the case venued in the Superior Court of the State of California and the pages which defendant cited in its brief).

**PLAINTIFF'S OPPOSITION TO MONSANTO'S FIFTH *IN LIMINE* MOTION**

Finally, Monsanto has not identified any news articles which it anticipates Plaintiffs will seek to introduce at trial or why Bayer's decision to purchase Monsanto for $63 billion is irrelevant. *See* Def. MIL at 5. Monsanto also appears to have manufactured this issue. Plaintiffs have not included such an article on their exhibit list. To the extent that Plaintiffs might seek to introduce a newspaper article into evidence concerning the purchase, the Court should deny the instant Motion and, if such information comes up in court, handle the introduction of such evidence on a case-by-case basis.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion, together with such other relief as the Court may deem just and proper.

Dated: January 30, 2019

Respectfully submitted,

/s/ Robin Greenwald
Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY 10003

/s/ Aimee Wagstaff
Aimee Wagstaff
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 West Alaska Drive
Lakewood, CO  80226

/s/ Mike Miller
Michael Miller
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave
Orange, VA  22960

*Co-Lead Counsel for Plaintiffs
in MDL No. 2741*

**PLAINTIFF'S OPPOSITION TO MONSANTO'S FIFTH *IN LIMINE* MOTION**

**CERTIFICATE OF SERVICE**

I certify that on January 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com

**PLAINTIFF'S OPPOSITION TO MONSANTO'S FIFTH *IN LIMINE* MOTION**

7