**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4030
Fax: (202) 847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 ) ) Case No. 3:16-md-02741-VC ) |
| *Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC<br>*Stevick v. Monsanto Co., et al.*, 3:16-cv-2341-VC<br>*Gebeyehou v. Monsanto Co., et al.*, 3:16-cv-5813-VC | ) **MONSANTO COMPANY'S NOTICE OF** ) **MOTION AND MOTION *IN LIMINE*** ) **NO. 6 RE: EXCLUDING EVIDENCE OF** ) **AND ARGUMENT ABOUT THE** ) **PARTIES' PUBLIC-RELATIONS** ) **ACTIVITIES** ) |

- 1 -

1    **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

2    **PLEASE TAKE NOTICE THAT** in Courtroom 4 of the United States District Court,

3    Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA

4    94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will and

5    hereby does move the Court to preclude evidence and argument regarding the parties' public-

6    relations activities.

7

8    DATED:  January 30, 2019

9                                                            Respectfully submitted,

10                                                          /s/ *Brian L. Stekloff*

11                                                          Brian L. Stekloff (*pro hac vice*)
                                                            (bstekloff@wilkinsonwalsh.com)
12                                                          Rakesh Kilaru (*pro hac vice*)
                                                            (rkilaru@wilkinsonwalsh.com)
13                                                          WILKINSON WALSH + ESKOVITZ LLP
                                                            2001 M St. NW, 10th Floor
14                                                          Washington, DC 20036
                                                            Tel: (202) 847-4030
15                                                          Fax: (202) 847-4005
16

17                                                          Pamela Yates (CA Bar No. 137440)
                                                            (Pamela.Yates@arnoldporter.com)
18                                                          ARNOLD & PORTER KAYE SCHOLER
                                                            777 South Figueroa St., 44th Floor
19                                                          Los Angeles, CA 90017
                                                            Tel: (213) 243-4178
20                                                          Fax: (213) 243-4199
21

22                                                          Michael X. Imbroscio (*pro hac vice*)
                                                            (mimbroscio@cov.com)
23                                                          One City Center
                                                            850 10th St. NW
24                                                          Washington, DC 20001
                                                            Tel: 202-662-6000
25

26                                                          Eric G. Lasker (*pro hac vice*)
                                                            (elasker@hollingsworthllp.com)
27                                                          HOLLINGSWORTH LLP
                                                            1350 I St. NW
28                                                          Washington, DC 20005

- 2 -

MONSANTO'S MOTION *IN LIMINE* NO. 6 RE: EXCLUDING PUBLIC-RELATIONS ACTIVITIES
3:16-md-02741-VC

Tel: (202) 898-5843
Fax: (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 3 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Defendant Monsanto Company ("Monsanto") moves to preclude evidence and argument regarding the parties' public-relations activities, such as statements to news reporters or interactions with media outlets to ensure balanced reporting.  This evidence clearly should be excluded from Phase 1 of trial, which will focus on the scientific evidence regarding causation. *See* 12/5/18 MDL CMC Tr. 87:4-5 (Ex. 1) ("[I]f this case was only about causation, I would probably say 'No further discovery on this stuff.'").  And to the extent that Monsanto's public-relations activities are not constitutionally protected, *see* MIL No: 13 Re: Lobbying, evidence of the activities is inadmissible in Phase 2 because it does not relate to any issue the jury must resolve and would only distract the jury from its proper task.  Phase 2 will focus on whether Monsanto had reason to provide additional warnings about glyphosate or to pursue an alternate design, and the company's public-relations conduct does not bear on either of those issues in any way.  Nor could Monsanto's public-relations activities justify punitive damages, as Plaintiffs have suggested.  Under California law, punitive damages are proper only where a defendant has undertaken "vile, base, contemptible, miserable, wretched or loathsome" conduct that decent, ordinary people would look down upon and despise.  *See Mock v. Mich. Millers Mut. Ins. Co.*, 4 Cal. App. 4th 306, 331 (1992).  There is no basis for arguing that Monsanto's public-relations activities meet this standard:  The company's activities were of the type that corporations throughout the country engage in every day, were motivated by Monsanto's good-faith belief in science-based arguments about the safety of glyphosate, and often were undertaken in direct response to Plaintiffs' own extensive media campaign.

## II.   ARGUMENT

### A.   Evidence of Monsanto's Public-Relations Activity Is Irrelevant and Inadmissible in Phase 2.

If Plaintiffs prove causation in Phase 1, Phase 2 will address Monsanto's liability and the assessment of punitive damages.  Monsanto's public-relations activities do not bear on its liability in any way.  The liability questions at the heart of Plaintiffs' failure-to-warn claims are

- 1 -

1   whether the products to which Plaintiffs were exposed were Monsanto's, whether Monsanto

2   knew that Roundup was dangerous or likely to be dangerous, whether the safety warnings

3   Monsanto gave were adequate and reasonable, and whether there were safety warnings not given

4   that should have been.  *See* Judicial Council of California Civil Jury Instruction ("CACI") No.

5   1222.  Evidence of Monsanto's public-relations activities has nothing to do with any of these

6   questions.  Likewise, to prove their design-defect claims, Plaintiffs will need to show that

7   Roundup did not perform as safely as an ordinary consumer would have expected it to perform

8   when used or misused in an intended or reasonably foreseeable way, and that this failure to

9   perform safely was a substantial factor in causing Plaintiffs' harm.  *See* CACI No. 1203.  Again,

10  evidence of Monsanto's public-relations activities is of no consequence to these questions.

11          Nor could evidence of Monsanto's public-relations activities support Plaintiffs'

12  punitive-damages claims, as Plaintiffs have suggested recently.  *See* CMC Tr. at 53:9-21, 58:1-

13  5, 82:20-84:21, 89:5-93:11 (Ex. 1).  For the reasons set forth in Monsanto's Motion for Summary

14  Judgment on Non-Causation Grounds, Dkt. No. 2419 at 17-21, Plaintiffs have not established

15  any right to seek punitive damages in this case.  But in any event, Monsanto's public-relations

16  activities are not relevant under the law of punitive damages.  To justify a punitive-damages

17  award, Plaintiffs must prove that Monsanto acted with malice in designing, selling, and

18  marketing Roundup.  *See* Cal. Civ. Code § 3294(a).  Malice in turn is "conduct which is intended

19  by the defendant to cause injury to *the plaintiff*," or "despicable conduct which is carried on by

20  the defendant with a willful and conscious disregard of the rights or safety of others."  *Id.*

21  § 3294(c)(1) (emphasis added).  Monsanto's public-relations activities took place on an

22  international scale, and clearly were not intended to cause injury *to the plaintiffs* in this litigation.

23  Nor were Monsanto's public-relations activities despicable—i.e., so "vile, base, contemptible,

24  miserable, wretched or loathsome" that decent, ordinary people would look down upon and

25  despise them.  *See Mock*, 4 Cal. App. 4th at 331.  Monsanto's public statements, media

26  engagements, and advertising were the kind of public-relations activities that large companies

27  undertake every day.  And they reflected the company's longstanding, good-faith belief in

28

science-backed arguments about the safety of its products.  Thus, evidence of Monsanto's public-relations activities cannot be relevant to Plaintiffs' punitive-damages claims unless Plaintiffs mischaracterize or misrepresent the nature of those activities.

Evidence of Monsanto's media-related activities also should be excluded under Rule 403 because introducing it would be unduly burdensome, distracting, and prejudicial.  First, admitting evidence of Monsanto's media-related activities would require the introduction of additional witnesses unlikely to otherwise testify and additional documents unlikely to be otherwise admitted.  Second, admitting *only* evidence of Monsanto's public-relations conduct—as Plaintiff seem to envision—would mislead the jury with an unfairly one-sided picture, given that at least some of Monsanto's conduct was undertaken in response to Plaintiffs' media campaigns.[1]  Third, admitting the evidence could inflame the passions of the jurors—themselves consumers—who, if accepting Plaintiffs' prejudicial characterization of Monsanto's public-

---

[1] For example, Plaintiffs are likely to attempt to introduce evidence that Monsanto's executives have publicly reiterated their faith in Monsanto's case.  *See, e.g.*, CMC Tr. 53:12-14 (Ex. 1).  But Plaintiffs' counsel have made similar public comments, to which Monsanto's often respond.  *Compare* Bob Egelko and Peter Fimrite, Judge slashes award by jury in Monsanto weed-killer cancer case, San Francisco Chronicle, Oct. 22, 2018, *available at* https://www.sfchronicle.com/bayarea/article/Judge-drastically-reduces-punitive-damages-in-13327991.php   (Ex. 3) ("'This jury was intelligent, diligent, and followed the letter of the law,' said Brent Wisner, Johnson's attorney. 'We are happy the jury's voice was acknowledged by the court, even if slightly muted.' . . . 'The evidence presented to this jury was, quite frankly, overwhelming.'"), *with id.* ("'The Court's decision to reduce the punitive damage award by more than $200 million is a step in the right direction,' wrote Christopher Loder, a Bayer spokesman. 'We continue to believe that the liability verdict and damage awards are not supported by the evidence at trial or the law and plan to file an appeal . . . .'").  Similarly, Plaintiffs have alleged that Monsanto improperly provided information to the media in order to "orchestrate outcry against IARC," 30(b)(6) Letter at 3.  Monsanto disagrees with that characterization, but Plaintiffs in any event have done just the opposite, engaging with media outlets in order to buttress IARC's findings and criticize Monsanto.  One of Plaintiffs' own experts, Dr. Christopher Portier, published an open letter to the President of the European Commission calling for reconsideration of the science regarding the safety of glyphosate.  *See* Letter from Christopher J. Portier to Jean Claude Juncker, President, Eur. Comm'n (May 28, 2017), available at https://www.nrdc.org/sites/default/files/open-letter-from-dr-christopher-portier.pdf (Ex. 4).  And while Plaintiffs have alleged that Monsanto helped to publish favorable articles through friendly press connections such as Henry Miller, *see* Benbrook Rep. at 140 (Ex. 2), it is Plaintiffs that have done so, publishing anti-Monsanto press through Plaintiff-friendly connections like Ms. Carey Gillam.  *See, e.g.*, Monsanto Papers: proof of scientific falsification, *available at* https://www.youtube.com/watch?v=1_s18Qetabo at 26:50-52 (confirming Plaintiffs' counsel gave internal Monsanto documents to Gillam for online publication). Plaintiffs also have alleged that, in connection with its anti-IARC efforts, Monsanto paid Google to direct searches related to Roundup and cancer to favorable press containing some information Monsanto provided to the media. *See* 30(b)(6) Letter at 3-4.  But googling "Roundup" and "cancer" in fact leads to an incredible number of advertisements for Plaintiffs' attorneys soliciting Roundup plaintiffs in the sponsored-content sections of Google's search results.

- 3 -

relations efforts, might feel personally wronged and who certainly would be sidetracked from the trial's proper focus—each particular plaintiff at issue.

### B.      Monsanto's Public-Relations Activities Also Should Be Excluded Because They Are In Large Part Protected by the First Amendment.

There is another, independent reason for excluding Monsanto's public-relations activities.  As Monsanto explains in its Motion *in Limine* No. 13 (Lobbying), Monsanto's lobbying activities fall squarely within the protection of the First Amendment's Petition Clause.  A corollary of that clause, the breathing space principle, likewise protects Monsanto's public-relations activities.  *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 934 (9th Cir. 2006) (holding that the breathing space principle extends First Amendment protections beyond "direct communications with legislators" to encompass also a company's "public relations campaign," where "the latter's aim [is] to influence the passage of favorable legislation").  By Plaintiffs' own account, Monsanto's alleged media manipulations were related to the company's petitioning activity.  *See, e.g.*, Benbrook Rep. at 26-29 (Ex. 2) (expressing dismay at degree to which Monsanto allegedly attempted to "shape the information accessible to regulators," amplify its "PR messages targeting . . . political leaders," and "favorably influence current and future possible challenges in the regulatory and public arena"); *id.* at 137, 139-41, 153-54, 162-66; 30(b)(6) Letter at 2 (arguing, among other things, that Monsanto "enlisted a Reuters journalist . . . to write an attack piece on IARC," which Monsanto then used to "exert political pressure on the [National Cancer Institute]" and to "lobby[] Congress to cut U.S. funding for the IARC monograph program").  Thus, holding Monsanto liable for punitive damages on the basis of this conduct would violate the First Amendment.  *See Sosa*, 437 F.3d at 934.  Evidence of Monsanto's public-relations activities must be excluded to avoid this result, and to prevent unconstitutional chilling, *see White v. Lee*, 227 F.3d 1214, 1233 (9th Cir. 2000) (requiring a heightened level of protection to avoid chilling the right to petition).

## III.   CONCLUSION

Monsanto respectfully requests that the Court grant its motion to preclude evidence and argument regarding the parties' public-relations activities.

MONSANTO'S MOTION *IN LIMINE* NO. 6 RE: EXCLUDING PUBLIC-RELATIONS ACTIVITIES
3:16-md-02741-VC

1    DATED: January 30, 2019                Respectfully submitted,

2                                           /s/ Brian L. Stekloff

3                                           Brian L. Stekloff (*pro hac vice*)
                                            (bstekloff@wilkinsonwalsh.com)
4                                           Rakesh Kilaru (*pro hac vice*)
                                            (rkilaru@wilkinsonwalsh.com)
5                                           WILKINSON WALSH + ESKOVITZ LLP
                                            2001 M St. NW, 10th Floor
6                                           Washington, DC 20036
                                            Tel: (202) 847-4030
7                                           Fax: (202) 847-4005

8
                                            Pamela Yates (CA Bar No. 137440)
9                                           (Pamela.Yates@arnoldporter.com)
                                            ARNOLD & PORTER KAYE SCHOLER
10                                          777 South Figueroa St., 44th Floor
                                            Los Angeles, CA 90017
11                                          Tel: (213) 243-4178
                                            Fax: (213) 243-4199
12

13                                          Michael X. Imbroscio (*pro hac vice*)
                                            (mimbroscio@cov.com)
14                                          One City Center
                                            850 10th St. NW
15                                          Washington, DC 20001
                                            Tel: 202-662-6000
16

17                                          Eric G. Lasker (*pro hac vice*)
                                            (elasker@hollingsworthllp.com)
18                                          HOLLINGSWORTH LLP
                                            1350 I St. NW
19                                          Washington, DC 20005
                                            Tel: (202) 898-5843
20                                          Fax: (202) 682-1639

21
                                            Attorneys for Defendant
22                                          MONSANTO COMPANY

23

24

25

26

27

28
                                    - 5 -

1

**CERTIFICATE OF SERVICE**

2

   I HEREBY CERTIFY that on this 30th day of January 2019, a copy of the

3

foregoing was served via electronic mail to opposing counsel.

4

5

              /s/ *Brian L. Stekloff*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

MONSANTO'S MOTION *IN LIMINE* NO. 6 RE: EXCLUDING PUBLIC-RELATIONS ACTIVITIES
3:16-md-02741-VC