# EXHIBIT 3

LOCAL // BAY AREA & STATE

# Judge slashes award by jury in Monsanto weed-killer cancer case

Bob Egelko and Peter Fimrite

Oct. 22, 2018 | Updated: Oct. 22, 2018 8:58 p.m.



Dewayne Johnson (right), former groundskeeper for the Benicia Unified School District, walks with his wife Araceli Johnson (second from left) through Superior Court of California during the Monsanto trial on July 23, 2018, in San Francisco.

Photo: Lea Suzuki / The Chronicle

A San Francisco judge on Monday drastically reduced the damages award that a jury decided Monsanto had to pay a former school groundskeeper who contracted cancer after spraying the popular weed killer Roundup for years.

Superior Court Judge Suzanne Bolanos reduced the award to $78.5 million from $289 million, despite an extraordinary lobbying effort by jurors to persuade the judge to maintain their original ruling.

The judge left intact the jury's compensatory award of $39.25 million, but slashed the punitive award from $250 million to $39.25 million so that it matched the compensatory figure.

### Unlimited Digital Access for 99¢

Read more articles like this by subscribing to the San Francisco Chronicle

SUBSCRIBE

Dewayne "Lee" Johnson, 46, of Vallejo was a groundskeeper and pest-control manager for Benicia Unified School District from 2012 until May 2016. His job included spraying Monsanto's herbicide glyphosate from 50-gallon drums 20 to 30 times a year for two to three hours a day. The herbicide is widely sold as Roundup, but Johnson used a high-concentration brand called Ranger Pro.

Johnson sued Monsanto, the maker of Roundup, after he contracted non-Hodgkin's lymphoma in 2014. After a four-week trial that included testimony by medical experts on both sides, jurors found unanimously in August that Monsanto was responsible for Johnson's illness and should have known of the product's dangers.

They awarded him $2.3 million in compensatory damages for his past and future economic losses and $37 million for pain and emotional distress — $1 million for each year of what would have been his normal life expectancy after 2014. Jurors also awarded $250 million in punitive damages, finding that the company had "acted with malice or oppression" when it supplied the herbicide to Johnson's employer without disclosing its possible life-threatening effects, and when company officials failed to return Johnson's phone calls after he became ill.

"This jury was intelligent, diligent, and followed the letter of the law," said Brent Wisner, Johnson's attorney. "We are happy the jury's voice was acknowledged by the court, even if slightly muted."

Johnson has until Dec. 7 to decide whether to accept the reduced award amount. If he rejects it, the judge will set a new trial in which just the punitive damages will be argued.

"Although we believe a reduction in punitive damages was unwarranted and we are weighing the options, we are pleased the court did not disturb the verdict," Wisner said. "The evidence presented to this jury was, quite frankly, overwhelming."

Eight jurors and two alternates attended a public hearing Oct. 10 at which Bolanos indicated she was likely to overturn the damage award. Several of them also wrote letters imploring her not to overrule them, a move they contended would demean the justice system.

In her ruling Monday, Bolanos said the amount of compensatory damage was also "extremely high for a single plaintiff," but she agreed to leave it alone.

Monsanto, which is now a subsidiary of the German pharmaceutical company Bayer AG, issued a statement expressing dismay that Bolanos didn't overturn the verdict and vowed to continue fighting.

"The Court's decision to reduce the punitive damage award by more than $200 million is a step in the right direction," wrote Christopher Loder, a Bayer spokesman. "We continue to believe that the liability verdict and damage awards are not supported by the evidence at trial or the law and plan to file an appeal with the California Court of Appeal."

Johnson testified during the trial that he was exposed to windblown sprays of the herbicide, despite wearing masks and other protective clothing, and was drenched twice with the liquid when the equipment he was using broke. After the first drenching in 2014, he said, he got rashes on his skin that did not respond to treatment. Welts and lesions, photographed and shown to the jury, appeared on his legs, arms, face and eyelids.

Soon afterward, in October 2014, Johnson was diagnosed with non-Hodgkin's lymphoma. He was diagnosed with a more aggressive form of the cancer in March 2015. One of his doctors testified that Johnson is unlikely to survive until 2020.

His case was the first to go to trial among 4,000 suits nationwide against Monsanto by people who claim they developed cancer or other serious illnesses from exposure to glyphosate.

Bolanos, who presided over the trial, was appointed to the court by Gov. Gray Davis in 2003. She had previously worked for the Mexican American Legal Defense and Educational Fund and served as a federal prosecutor.

Glyphosate, the world's most widely used herbicide, was classified as a probable cause of cancer in humans by the International Agency for Research on Cancer, an arm of the World Health Organization, in 2015. California's Officer of Environmental Health Hazard Assessment lists it as a chemical known to cause cancer. Monsanto held the initial patent and remains its leading distributor.

But the U.S. Environmental Protection Agency and regulatory agencies in other nations have found it to be a safe product. It remains legal in both the United States and Europe.

Monsanto's lawyers cited those findings in denying that the herbicide caused Johnson's illness, and in arguing that it never knowingly sold a dangerous product, the grounds for the punitive damages. But Johnson's attorneys said there was evidence that Monsanto had unduly influenced the EPA's decisions and had "ghost-written" purportedly independent studies that found glyphosate to be safe.

Bolanos voiced doubts about the damages in a tentative ruling this month, saying she had seen no evidence that Monsanto had believed its product was dangerous when Johnson used it, or that any "managing agent" of the company had knowingly approved sale of a hazardous product, another requirement for punitive damages.

Her concerns alarmed jurors, at least three of whom wrote letters saying the jury is supposed to have the last word on disputed facts.

"You may not have been convinced of the evidence, but we were," juror Gary Kitahata said in one of the letters, which legal experts say might have influenced the judge.

*Bob Egelko and Peter Fimrite are San Francisco Chronicle staff writers. Email: begelko@sfchronicle.com, pfimrite@sfchronicle.com*

*Twitter: @egelko, @pfimrite*

HEARST *newspapers*

©2019 Hearst