**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel:   (202) 847-4030
Fax:   (202) 847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>*Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC<br>*Stevick v. Monsanto Co., et al.*, 3:16-cv-2341-VC<br>*Gebeyehou v. Monsanto Co., et al.*, 3:16-cv-5813-VC | MDL No. 2741<br>Case No. 3:16-md-02741-VC<br><br>**MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 7 RE: POST-USE CORPORATE CONDUCT** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will and hereby does move the Court to preclude evidence regarding post-use corporate conduct.

DATED: January 30, 2019

                                              Respectfully submitted,

                                              /s/ *Brian L. Stekloff*

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4030
Fax: (202) 847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Monsanto Company ("Monsanto") respectfully submits this motion *in limine* to preclude Plaintiffs Edwin Hardeman, Elaine Stevick and Sioum Gebeyehou ("Plaintiffs'") from introducing evidence or argument about any alleged conduct or activities undertaken by Monsanto that occurred after each Plaintiff last used Roundup. Monsanto's corporate activities that occurred *after* each Plaintiff last used Monsanto's Roundup have no bearing on whether Roundup caused that plaintiff's cancer, and could not have had any bearing on that Plaintiff's decisions to use Roundup, the adequacy of the Roundup warnings at the time of the Plaintiff's use of Roundup, or the design of Roundup. Accordingly, any mention of this evidence is irrelevant and unduly prejudicial. *See* Fed. R. Evid. 401 and 403. Moreover, because this evidence cannot be the basis for liability, it cannot be a basis for punitive liability under California law or the Due Process clause of the Fourteenth Amendment. Monsanto believes this motion relates solely to Phase 2; science going to causation is relevant even if it post-dates the Plaintiffs' use of Roundup, but the kind of evidence this Motion seeks to preclude would presumably be offered in Phase 2 to establish Monsanto's liability.

## II. BACKGROUND

All three plaintiffs indicate that they stopped using Roundup at different times. Mr. Hardeman testified that the last time he used Roundup was in late 2011 or early 2012. *See* November 8, 2018 Deposition of Edwin Hardeman ("Hardeman Dep.") at 70:7-21: 174:7-12 (Ex. 1).[1] Ms. Stevick testified that she last used Roundup in 2014. *See* November 9, 2018 Deposition

---

[1] Two of Mr. Hardeman's experts testified that during their physical examinations of Mr. Hardeman (that took place after his deposition), Mr. Hardeman told them he continued to us Roundup until he developed cancer in late 2014. *See* December 14, 2018 Deposition of Chadi Nabhan ("Nabhan - Hardeman Dep.") at 12:13 – 23 (Ex. 3); December 15, 2018 Deposition of Andrei Shustov ("Shustov - Hardeman Dep.") at 169:15-170:13 (Ex. 4). While Mr. Hardeman's own deposition testimony should control, if the Court finds that Mr. Hardeman stopped using Roundup® in late 2014 (the date identified by two of his experts), then the Court must at least exclude all evidence regarding the conduct that post-dates late 2014.

-1-

of Elaine Stevick ("Stevick Dep.") at 109:7−13; 310:25−311:20 (Ex. 2.). Mr. Gebeyehou testified that he last used Roundup in 2016. *See* November 13, 2018 Deposition of Sioum Gebeyehou ("Gebeyehou Dep.") at 44:19−23; 50:25−56:25 (Ex. 5).

Monsanto expects that Plaintiffs will seek to paint Monsanto's post-use activities as attempts by Monsanto to silence detractors of glyphosate, influence science and regulators, and as reflecting a cavalier disregard for the citizens of California. These post-use activities and evidence at issue include Monsanto's alleged relationships with EPA employees like Jess Rowland, Monsanto's responses to IARC's classification of glyphosate as a "probable carcinogen" in March 2015, and other evidence that is the subject of other MILs. *See e.g.* MIL 1, IARC Classification During Phase 1 of Trial; MIL 10, Seralini Study and Any Information Therein; MIL 2, "Ghostwriting"; MIL 8, Proposition 65.

## III.     ARGUMENT

### A.     Monsanto's Actions After A Plaintiff Stopped Using Roundup Are Irrelevant

All of the Plaintiffs' claims are premised on the allegation that Roundup caused them to develop subtypes of non-Hodgkin lymphoma, that Monsanto failed to warn of this alleged risk, and the design of Roundup was defective. Evidence unrelated to a Plaintiff's decision to use Roundup or their injuries is irrelevant in these cases. Fed. R. Evid. 401. Monsanto's corporate conduct that post-dates a Plaintiff's last use of Roundup has no bearing on that Plaintiff's decision to use Roundup or any connection to their injuries, and is also therefore irrelevant. Fed. R. Evid. 401; *Espresso Roma Corp. v. Bank of Am.*, 100 Cal. App. 4th 525, 534, (2002) (holding that defendants' conduct "occurring long after" the events at issue "are irrelevant.").

Likewise, California law requires Monsanto to warn only of risks that were actually known or reasonably scientifically knowable at the time Plaintiff used these products. *See Anderson v. Owens-Corning Fiberglas Corp.*, 53 Cal. 3d 987, 999-1000 (1991) (holding that "knowledge or knowability" of risk is a required component of failure to warn claims); *see* Judicial Council of

California Civil Jury Instruction ("CACI") No. 1222.  Monsanto's corporate conduct *after* the Plaintiff stopped using Roundup by definition does not relate to what was scientifically known or knowable to Monsanto as of the time of plaintiff's use.

To prove their design-defect claims under California law, Plaintiffs will need to show that Roundup did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way, and that this failure to perform safely was a substantial factor in causing Plaintiffs' harm.  *See* CACI No. 1203.  Again, Monsanto's corporate conduct after the Plaintiff stopped using Roundup has nothing to do with any of these questions.

As just one example of why this evidence is irrelevant, Plaintiff may argue that Monsanto's conduct in disputing IARC's decisions regarding glyphosate is blameworthy in various ways.  But if the Plaintiff was no longer using Roundup when Monsanto responded to IARC's classification of glyphosate, Monsanto's actions could not have impacted that Plaintiff's alleged injury or their decision to use or not use Roundup.  Evidence about post use conduct should therefore be excluded as irrelevant.

### B. Evidence of Monsanto's Corporate Conduct After A Plaintiff Stopped Using Roundup Would Be Unduly Prejudicial And Must Be Excluded

Evidence of Monsanto's actions after a Plaintiff stopped using Roundup should also be excluded due to the danger of undue prejudice to Monsanto.  *See* Fed. R. Evid. 403.  Because this evidence has no direct bearing on whether a Plaintiff was injured by a Monsanto product or the alleged inadequacy of the Roundup warnings or Roundup design, Monsanto's post use actions would only be proffered to improperly inflame the juries' emotions.  Courts have routinely excluded such evidence because it is unduly prejudicial.  *Diamond X Ranch LLC v. Atl. Richfield Co.*, No. 3:13-CV-00570-MMD-WGC, 2018 WL 2127734, at *14 (D. Nev. May 8, 2018) (in an environmental contamination case, excluding evidence about a company's operations at other contamination sites where the defense argued such evidence would "inflame the jurors' emotions and result in unfair prejudice"); *Georges v. Novartis Pharm. Corp.*, No. CV 06-05207 SJO VBKX, 2013 WL 5217198, at *13-14 (C.D. Cal. Apr. 4, 2013) (excluding evidence of labeling changes and

other measures taken after plaintiffs exposure to product had ended pursuant to Fed. R. Evid. 403 and 407); *Miller v. Pfizer, Inc. (Roerig Div.)*, 196 F. Supp. 2d 1095, 1122 n. 92 (D. Kan. 2002) (excluding marketing materials not relied on by prescriber "because they were irrelevant and unfairly prejudicial"), *aff'd*, 356 F.3d 1326 (10th Cir. 2004).  Therefore, evidence about Monsanto's actions after a Plaintiff stopped using Roundup is unduly prejudicial and should be excluded.

Further, if Plaintiff is permitted to introduce evidence of Monsanto's corporate conduct that occurred after a Plaintiff stopped using Roundup, Monsanto will also need to introduce evidence explaining its actions and putting them into the proper context, wasting valuable trial time and resources on an issue that is not relevant to the Plaintiff's case.  *See Le Baron's Estate v. Rohm & Haas Co.*, 506 F.2d 1261, 1264 (9th Cir. 1974) (affirming the exclusion of evidence where "its probative value is slight and is outweighed by the difficulties its introduction will produce" such as "undue confusion and consumption of time.").  The Court's entire bifurcation plan was driven by the concern that this type of prejudicial evidence could unduly infect the key causation question to be decided in Phase 1, but in the same way, even in Phase 2 irrelevant evidence going to Monsanto's conduct is equally problematic and should be excluded.

### C. Evidence of Monsanto's Corporate Conduct After A Plaintiff Stopped Using Roundup Cannot Be The Bases For Punitive Damages

Plaintiffs have previously argued that evidence of Monsanto's corporate conduct after they stopped using Roundup is relevant to punitive damages.  But conduct that cannot be the basis for liability cannot be a basis for punitive liability. *Cortez v. Skol*, 776 F.3d 1046, 1050, n. 2 (9th Cir. 2015) (noting that punitive damages are not an independent cause of action or issue separate from the balance of plaintiff's case).  California courts have made clear that post-use conduct cannot support punitive damages under California law pursuant to the Due Process Clause of the Fourteenth Amendment.  Due process requires that a punitive damages award must be based on conduct that has a nexus to the specific harm suffered by the plaintiff because "[a] defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or

-4-
MONSANTO MOTION *IN LIMINE* NO. 7 RE: POST-USE CORPORATE CONDUCT
3:16-md-02741-VC

business." *Johnson v. Ford Motor Co.*, 35 Cal. 4th 1191, 1204 (2005) (*quoting State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 422–23 (2003)); *accord BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 580-81 (1996); *Holdgrafer v. Unocal Corp.*, 160 Cal. App. 4th 907, 912-13 (2008) (reversing award of punitive damages after finding evidence of "two massive oil spills" to be too dissimilar "to be considered in assessing defendant's reprehensibility in causing and responding to the underground contamination of plaintiffs' commercial property").  Thus, it would violate due process rights to base an award of punitive damages on Monsanto's conduct that occurred after a Plaintiff stopped using Roundup, because the conduct did not influence Plaintiff or have any nexus to their injury.

## IV.  CONCLUSION

For the foregoing reasons, the Court should exclude evidence or argument about any alleged conduct or activities undertaken by Monsanto that occurred after each plaintiff last used Roundup.

DATED:  January 30, 2019

                                       Respectfully submitted,

                                       */s/ Brian L. Stekloff*_____

                                       Brian L. Stekloff (*pro hac vice*)
                                       (bstekloff@wilkinsonwalsh.com)
                                       Rakesh Kilaru (*pro hac vice*)
                                       (rkilaru@wilkinsonwalsh.com)
                                       WILKINSON WALSH + ESKOVITZ LLP
                                       2001 M St. NW, 10th Floor
                                       Washington, DC 20036
                                       Tel: (202) 847-4030
                                       Fax: (202) 847-4005

                                       Pamela Yates (CA Bar No. 137440)
                                       (Pamela.Yates@arnoldporter.com)
                                       ARNOLD & PORTER KAYE SCHOLER
                                       777 South Figueroa St., 44th Floor
                                       Los Angeles, CA 90017
                                       Tel: (213) 243-4178
                                       Fax: (213) 243-4199

| | |
|---|---|
| 1 | Eric G. Lasker (*pro hac vice*) |
| 2 | (elasker@hollingsworthllp.com) |
|   | HOLLINGSWORTH LLP |
| 3 | 1350 I St. NW |
|   | Washington, DC 20005 |
| 4 | Tel: (202) 898-5843 |
|   | Fax: (202) 682-1639 |

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

-6-

MONSANTO MOTION *IN LIMINE* NO. 7 RE: POST-USE CORPORATE CONDUCT
3:16-md-02741-VC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of January 2019, a copy of the foregoing was served via electronic mail to opposing counsel.

/s/ *Brian L. Stekloff*