**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel:   (202) 847-4030
Fax:   (202) 847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| *Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC<br>*Stevick v. Monsanto Co., et al.*, 3:16-cv-2341-VC<br>*Gebeyehou v. Monsanto Co., et al.*, 3:16-cv-5813-VC | **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 8 RE: PROPOSITION 65** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will and hereby does move the Court to preclude evidence regarding Proposition 65.

DATED: January 30, 2019

                            Respectfully submitted,

                         /s/ *Brian L. Stekloff*

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4030
Fax: (202) 847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

<h1 style="text-align:center">MEMORANDUM OF POINTS AND AUTHORITIES</h1>

## I. INTRODUCTION

Defendant Monsanto Company ("Monsanto") respectfully requests that this Court exclude from any phase of this trial the introduction of any evidence, argument, or reference to California's Safe Drinking Water and Toxic Enforcement Act ("Proposition 65"). Specifically, Monsanto seeks to exclude California's Office of Environmental Health Hazard Assessment's ("OEHHA's") July 7, 2017 listing of glyphosate, OEHHA's No Significant Risk Level ("NSRL") for glyphosate, as well as any reference to Proposition 65 warnings and Proposition 65 litigation ("Proposition 65 Evidence"). Monsanto believes this Motion will principally relate to Phase 2 of the trial because none of this evidence goes to the specific causation inquiry that is the subject of Phase 1.

This evidence is inadmissible for several reasons. *First*, OEHHA's listing of glyphosate pursuant to Proposition 65 was a ministerial task based solely on the International Agency for Research on Cancer's ("IARC's") classification of glyphosate as a "probable carcinogen." Because the IARC classification should be excluded from Phase 1 of trial, (*see* MIL 1, IARC Classification During Phase 1 of Trial), the OEHHA listing must at a minimum be excluded from that phase as well. *Second*, the evidence should be excluded from trial more broadly because it involves events postdating Plaintiffs Edwin Hardeman's, Elaine Stevick's and Sioum Gebeyehou's ("Plaintiffs'") alleged exposure to glyphosate. *See* MIL 7, Post-Use Corporate Conduct. *Third*, introduction of Proposition 65 Evidence is confusing, misleading, and a waste of time given the complexities of the statutory scheme and pending litigation challenging the applicability of Proposition 65 to glyphosate—topics that would distract the jury from the actual issues it must resolve in each phase of trial.

## II. BACKGROUND

Proposition 65 requires businesses to provide a public warning if they knowingly and intentionally expose any individual to a chemical known to the state to cause cancer or reproductive toxicity. *See* Cal. Health & Saf. Code § 25249.5 *et seq*. The triggering mechanism for the warning requirement is OEHHA's inclusion of a chemical on the Proposition 65 list of chemicals known to

the state to cause cancer or reproductive toxicity. *Id.* § 25249.8. As relevant here, OEHHA is *required* to list under Proposition 65 any chemical classified by IARC as a human or animal carcinogen. *See* 27 Cal. Code Regs. § 25904. As OEHHA itself acknowledges, such listings are "ministerial," and OEHHA cannot consider scientific arguments concerning the weight or quality of the evidence in deciding whether to list. *Monsanto Co. v. Office of Envt'l Health Hazard Assessment*, 22 Cal.App.5th 534, 542-43 (2018).[1] As a consequence of IARC's classification of glyphosate as probably carcinogenic to humans in July 2015, OEHHA began the bureaucratic process of placing glyphosate on the Proposition 65 list in accordance with the state regulations.

In February 2018, the Eastern District of California issued a preliminary injunction enjoining the warning requirement of Proposition 65 for glyphosate, and held that "the heavy weight of evidence in the record" shows that "glyphosate is not in fact known to cause cancer[.]" *National Ass'n of Wheat Growers v. Zeise*, CIV. No. 2:17-2401 WBS EFB, 2018 WL 1071168, at *7, 8 (ED. Cal. Feb. 26, 2018) ("Wheat Growers"). Accordingly, the current status of glyphosate under Proposition 65 is that it remains listed on Proposition 65, but there is no requirement to provide a Proposition 65 cancer warning on glyphosate-based products.[2]

## III. ARGUMENT

### A. Proposition 65 Listing Is A Ministerial Task and is Not Evidence of Causation

Plaintiffs cannot rely on the Proposition 65 listing of glyphosate as scientific evidence to support their causation opinions because OEHHA expressly proclaimed that it was *not* performing any scientific evaluation in listing glyphosate under Proposition 65. Indeed, OEHHA and the State Attorney General, in their answer to a lawsuit challenging the Proposition 65 listing of glyphosate and Proposition 65 warning requirements for glyphosate, stated that "OEHHA does not

---

[1] Health and Safety Code Section 25249.8(a) provides that the Proposition 65 "list shall include at a minimum those substances identified by reference in Labor Code Section 6382(b)(1) and those substances identified additionally by reference in Labor Code Section 6382(d)." Section 6382(b)(1) of the Labor Code, in turn, identifies by reference "[s]ubstances listed as human or animal carcinogens by [IARC]."

[2] In a separate lawsuit filed in California Superior Court, Monsanto challenged the Proposition 65 listing of glyphosate as an unconstitutional delegation of rulemaking authority. That lawsuit has been dismissed. *See Monsanto Co.*, 22 Cal. App. 5th 534.

independently review the scientific validity of the IARC determination and that the listing is 'ministerial' as long as the IARC determination meets the requirements of [certain California statutory and regulatory provisions]." *See Wheat Growers*, CIV. NO. 2:17-2401 WBS EFB, Defendants' Answer to First Amended Complaint ¶ 6 (Docket No. 45) (filed Jan. 9, 2018) (emphasis added) (Ex.1).  OEHHA also told the public that it could not consider scientific arguments regarding the listing, as it was a "ministerial" rather than scientific act:

> "Because these are ministerial listings, comments should be limited to whether [IARC] has identified the specific chemical or substance as a known or potential human or animal carcinogen.  Under this listing mechanism, *[OEHHA] cannot consider scientific arguments concerning the weight or quality of the evidence considered by [IARC]* when it identified these chemicals and will not respond to such comments if they are submitted."

*Monsanto Co.*, 22 Cal.App.5th at 542-543 (quoting OEHHA) (emphasis added).  At a hearing on this same *In Limine* motion in the prior *Johnson* trial, Judge Bolanos excluded the evidence, agreeing that "glyphosate is listed under Proposition 65 really as a ministerial matter.  There was no independent evaluation." *See* June 28, 2018 PM Trial Tr. *Johnson v. Monsanto* at 1187:16-1188:9 (Ex.2) (holding that the glyphosate listing under Proposition 65 is "more prejudicial than probative and not relevant to the issues in this case that the jury is going to have to decide").[3]

The fact that OEHHA's ministerial act was triggered by IARC's classification of glyphosate as a probable carcinogen, which itself should also be inadmissible in Phase 1, (*see* MIL 1, IARC Classification During Phase 1 of Trial), further confirms that this evidence should be inadmissible. Plaintiffs should not be able to back-door  IARC's finding into the trial through Proposition 65.  Nor is there any basis for construing California's Proposition 65 listing as part of the regulatory evidence

---

[3]   Plaintiffs have previously asserted that OEHHA made an independent scientific determination in listing glyphosate as a carcinogen. *See* June 21, 2018 *Johnson* Trial Tr. at 308:19 - 309:21(Ex.3). This is incorrect. Plaintiffs conflate OEHHA's ministerial action to *list* glyphosate, which was finalized in June 2017 and triggered automatically by the IARC classification, with OEHHA's *subsequent* action in April 2018 to establish an *NSRL* for glyphosate—*i.e.*, the numerical limit at or below which there is no duty to warn under Proposition 65.  Notably, OEHHA's regulations state explicitly that the NSRL "establishes exposure levels posing no significant risk solely for purposes of Section 25249.10(c) of [Proposition 65]"—addressing "Exemptions From Warning Requirement"— and "shall not be construed to establish exposure or risk levels for other regulatory purposes."  27 Cal. Code Regs. § 25701(d).  In addition, the NSRL established by OEHHA is merely a "safe harbor" for businesses and does not establish that exposures that exceed the threshold set by OEHHA pose a significant risk of cancer.  *Id.* § 25701(a).

that Monsanto has suggested should be admitted if IARC's conclusion is admitted over its objection, because California's listing is a purely ministerial act, as noted above.

Because Proposition 65 evidence is here inextricably tied to IARC, it is also irrelevant and inadmissible because the state's finding is based on a different standard than what must be demonstrated to prove causation under tort law. *See e.g.*, *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 783 n. 3 (10th Cir. 1999) (the methodology employed by a government agencies' "threshold of proof is reasonably lower than that appropriate in tort law") (quoting *Allen v. Pennsylvania Engineering Corp.*, 102 F.3d 194, 198 (5th Cir. 1996)); *accord Wright v. Willamette Industries, Inc.*, 91 F.3d 1105, 1107 (8th Cir. 1996).[4]  As explained in Monsanto's IARC MIL, IARC conducted a hazard assessment, which this Court has already made clear does not relate to the issues of causation. *See* MIL 1, IARC Classification During Phase 1 of Trial.  Moreover, none of Plaintiffs' causation experts use Proposition 65 in forming their causation analysis. Likewise, any attempt by a Plaintiff to use Proposition 65 to bolster the IARC finding, or an expert opinion based on IARC, would improperly mislead the jury.

B. **Proposition 65 Evidence Is Not Relevant to Plaintiff's Claims Because It Post-Dated Their Use Of Roundup**

Because all three Plaintiffs stopped using Roundup® prior to OEHHA's listing of glyphosate in July 2017[5], Proposition 65 Evidence does not have "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid 401.  The earliest effective date of any requirement to provide warnings under Proposition 65 – a warning that is now enjoined – is July 7, 2018, after all three Plaintiffs stopped using any Monsanto glyphosate-based herbicide.  Therefore, evidence regarding OEHHA's listing of glyphosate in July 2017 or other Proposition 65 Evidence is wholly irrelevant to determining whether the alleged inadequacy of Monsanto's warnings or the

---

[4] See also *see also Hendrian v. Safety-Kleen Systems, Inc.*, No. 08-14371, 2014 WL 117315, at *7 (E.D. Mich., Jan. 13, 2014) (granting motion *in limine* to exclude Proposition 65 warnings for the purposes of establishing causation); *Baxter Healthcare Corp. v. Denton*, 120 Ca1.App.4th 333 (2004) (a business with products containing Proposition 65 listed chemicals established that its products posed no significant risk of cancer in humans).

[5] Plaintiffs may endeavor to argue that the first listing by OEHHA occurred in 2015.  However, 2015 is when OEHHA put out a proposed listing for comment, and the actual Proposition 65 listing did not occur until July 7, 2017.

alleged defective design of Roundup was a substantial factor in causing Plaintiffs' particular injuries. *See* MIL 7, Post-Use Corporate Conduct.  Likewise, the ministerial Proposition 65 listing of glyphosate *after* Plaintiffs stopped using Roundup®  certainly cannot serve as retroactive notice that, at the time of a Plaintiff's exposure, glyphosate was carcinogenic.

### C. Proposition 65 Evidence Would Be Time Consuming and Create a Substantial Risk of Misleading the Jury

Proposition 65 Evidence should also be excluded because any probative value it could have would be substantially outweighed by the probability that its admission would require a significant consumption of time and create large risk of misleading and distracting the jury.  *See* Fed. R. Evid 403.  Providing context for California's ministerial listing of glyphosate would require extensive testimony about a complicated statutory scheme.  And the application of that scheme to glyphosate is the subject of pending litigation and a preliminary injunction, which is yet another sideshow.  Finally, any references to Proposition 65 lawsuits filed by Monsanto should be excluded under Rule 403 as ascribing liability based on evidence of protected First Amendment activity (petitioning the government for redress) has been described as "presumptively prejudicial."  *See e.g., U.S. Football League v. Nat'l Football League*, 634 F. Supp. 1155, 1181 (S.D.N.Y. 1986), *aff'd*, 842 F.2d 1335, 1373-75 (2d Cir. 1988) (noting that such evidence was "clearly designed to place defendants in the harshest light" and that the "evidence which by its very nature chills the exercise of First Amendment rights, is properly viewed as presumptively prejudicial") (citation omitted); *see also* MIL13, Lobbying Activity and Generation of Support For Registration of Glyphosate.  There is certainly no basis for introducing this evidence in Phase 1, but even in Phase 2, it would be a needless waste of the jury's time.

### CONCLUSION

For the foregoing reasons, the Court should exclude any evidence, argument, or reference to Proposition 65, including OEHHA's listing of glyphosate, Proposition 65 warning language, and Proposition 65 litigation.

DATED:  January 30, 2019

Respectfully submitted,

/s/ *Brian L. Stekloff*

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4030
Fax: (202) 847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
MONSANTO COMPANY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of January 2019, a copy of the foregoing was served via electronic mail to opposing counsel.

/s/ *Brian L. Stekloff*