# Exhibit 1

1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  SUSAN S. FIERING, State Bar No. 121621
   Supervising Deputy Attorney General
3  DENNIS RAGEN, State Bar No. 106468
   HEATHER C. LESLIE, State Bar No. 305095
4  LAURA J. ZUCKERMAN, State Bar No. 161896
   Deputy Attorneys General
5    1515 Clay Street, 20th Floor
     P.O. Box 70550
6    Oakland, CA  94612-0550
     Telephone:  (510) 879-1299
7    Fax:  (510) 622-2270
     E-mail:  Laura.Zuckerman@doj.ca.gov
8  *Attorneys for Defendants Dr. Lauren Zeise,
   Director, Office of Environmental Health Hazard
9  Assessment, and Xavier Becerra, Attorney General
   of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF WHEAT GROWERS ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> LAUREN ZEISE, IN HER OFFICIAL CAPACITY AS DIRECTOR OF THE OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT; AND XAVIER BECERRA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, <br><br> Defendants. | Civil Action No. 2:17-CV-02041-WBS-EFB <br><br> **ANSWER OF DR. LAUREN ZEISE, DIRECTOR OF THE OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT AND XAVIER BECERRA, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA TO FIRST AMENDED COMPLAINT** <br><br> Courtroom:  5 <br> Judge:  The Honorable William B. Shubb <br> Trial Date:  None set. <br> Action Filed:  November 15, 2017 |

Defendants Dr. Lauren Zeise, Director of Office of Environmental Health Hazard Assessment and Xavier Becerra, Attorney General of the State of California (jointly the "State Parties") hereby respond to the First Amended Complaint filed by Monsanto Company, and the

1

National Association of Wheat Growers et al. (jointly "Plaintiffs").

1. The State Parties deny that any warning under Proposition 65 is false, misleading and highly controversial. The State Parties lack information or belief sufficient to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

2. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph concerning glyphosate and, on that basis, deny them. The remainder of the allegations are Plaintiffs' characterizations of law and require no response. To the extent a response is deemed required, OEHHA denies the allegations.

3. The allegations of this paragraph are Plaintiffs' characterizations of the conclusions of other entities, which speak for themselves and require no response. To the extent that a response is required, the State Parties admit that a program within the Office of Health Hazard Assessment ("OEHHA") that establishes non-regulatory goals for contaminants in drinking water concluded in 1997 and 2007, based on the evidence they reviewed at those times, that glyphosate "is unlikely to pose a cancer hazard to humans," and established a public health goal for the chemical based on non-cancer health effects. OEHHA denies that the discussion in the public health goal document has any relevance to the issues before this Court. Except as expressly admitted herein, the State Parties deny the remainder of the allegations of this paragraph.

4. The State Parties admit that OEHHA listed glyphosate as a carcinogen under Proposition 65 on July 7, 2017 under the Labor Code Listing mechanism of Proposition 65 based on a determination by IARC that there is sufficient evidence from scientific studies in animals of glyphosate's carcinogenicity, strong mechanistic evidence, and limited evidence in scientific studies in humans that glyphosate is "probably carcinogenic to humans." The remainder of the allegations of this paragraph are the Plaintiffs' characterization of the law and require no response. To the extent that a response is deemed required, OEHHA denies the allegations of this paragraph.

5. Denied.

6. The State Parties admit that OEHHA does not independently review the scientific validity of the IARC determination and that the listing is "ministerial" as long as the IARC

2

Answer of Dr. Lauren Zeise, Dir. of OEHHA and Xavier Becerra, CA Atty. Genl. (No. 2:17-CV-02401-WBS-EFB)

determination meets the requirements of California Health and Safety Code section 25249.8(a) and California Code of Regulations, title 27, section 25904. ("27 CCR".) The State Parties admit that private enforcers are entitle to 25% of any penalty assessed under Proposition 65. Except as expressly admitted herein, OEHHA denies the remainder of the allegations of this paragraph.

7. Denied.

8. Denied.

9. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them.

10. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them.

11. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them.

12. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them.

13. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them.

14. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them.

15. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them.

16. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them.

17. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them.

18. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them.

19. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them.

Answer of Dr. Lauren Zeise, Dir. of OEHHA and Xavier Becerra, CA Atty. Genl. (No. 2:17-CV-02401-WBS-EFB)

20. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them.

21. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them.

22. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them.

23. The State Parties admit that Dr. Lauren Zeise, the Director of OEHHA and the highest ranking administrative officer, is sued in her official capacity, and that OEHHA has offices in Sacramento and Oakland. Except as expressly admitted herein, the State Parties deny the remainder of the allegations of this paragraph.

24. Admitted.

25. This paragraph is Plaintiffs' statement of the law and requires no response. To the extent that a response is deemed required, the State Parties deny the allegations of this paragraph.

26. This paragraph is Plaintiffs' statement of the law and requires no response. To the extent that a response is deemed required, the State Parties admit that Defendants are located within this District. Except as expressly admitted herein, the State Parties deny the remaining allegations of this paragraph.

27. This paragraph is Plaintiffs' statement of the law and requires no response. To the extent that a response is deemed required, the State Parties admit that federal law regulates the sale and use of pesticides and the labeling of food products to some extent. Except as expressly admitted herein, the State Parties deny the allegations of this paragraph.

28. This paragraph is Plaintiffs' statement of the law and of the content of particular documents, which speak for themselves, and requires no response. To the extent that a response is deemed required, the State Parties deny the allegations of this paragraph.

29. This paragraph is Plaintiffs' statement of the law and requires no response. To the extent a response is deemed required, the State Parties deny the allegations of this paragraph.

30. This paragraph is Plaintiffs' statement of the law and requires no response. To the extent a response is deemed required, the State Parties deny the allegations of this paragraph.

Answer of Dr. Lauren Zeise, Dir. of OEHHA and Xavier Becerra, CA Atty. Genl. (No. 2:17-CV-02401-WBS-EFB)

31. This paragraph is Plaintiffs' statement of the law and requires no response. To the extent a response is deemed required, the State Parties deny the allegations of this paragraph.

32. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them.

33. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them.

34. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them.

35. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them.

36. The State Parties deny that glyphosate has been recognized as a "safe" herbicide by OEHHA. The State Parties lack information or belief sufficient to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

37. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them. To the extent that this paragraph contains quotations from an EPA document, that document speaks for itself, and requires no response.

38. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them. To the extent that this paragraph contains quotations from an EPA document, that document speaks for itself and requires no response.

39. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them. To the extent that this paragraph contains quotations from a document, that document speaks for itself and requires no response.

40. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them. To the extent that this paragraph contains quotations from a document, that document speaks for itself and requires no response.

41. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them. To the extent that this paragraph contains quotations from a document, that document speaks for itself and requires no response.

5

Answer of Dr. Lauren Zeise, Dir. of OEHHA and Xavier Becerra, CA Atty. Genl. (No. 2:17-CV-02401-WBS-EFB)

42. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them. To the extent that this paragraph contains quotations from a document, that document speaks for itself and requires no response.

43. The State Parties deny that OEHHA has concluded that glyphosate is non-carcinogenic for purposes of Proposition 65. OEHHA admits that one of its programs unrelated to Proposition 65 reviewed the health effects of glyphosate based on the scientific information available at that time, including some of the same studies relied on by IARC, and stated that, for purposes of establishing a non-regulatory public health goal for glyphosate, the program determined there was insufficient evidence of carcinogenicity to use as a basis for the public health goal.

44. The State Parties admit that IARC is an agency of the United Nations World Health Organization and is based in Lyon, France; that it convenes Working Groups of international scientific experts who review the scientific evidence and reach conclusions and prepare Monographs concerning the cancer hazard posed by different substances; and that it is not a regulator. Except as expressly admitted herein, the State Parties deny the remainder of the allegations of this paragraph.

45. Denied.

46. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them. To the extent that this paragraph contains quotations from a document, that document speaks for itself and requires no response.

47. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them. To the extent that this paragraph contains quotations from a document, that document speaks for itself and requires no response.

48. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them. To the extent that this paragraph characterizes the content of another document, that document speaks for itself and requires no response.

1   49.  The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them. To the extent that this paragraph contains quotations from a document, that document speaks for itself and requires no response.

   50.  The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them. To the extent that this paragraph contains quotations from a document and characterizes the content of a document, that document speaks for itself and requires no response.

   51.  Denied.

   52.  This paragraph is Plaintiffs' characterization of media articles concerning glyphosate, which speak for themselves and require no response. To the extent a response is deemed required, the State Parties deny the allegations of this paragraph.

   53.  This paragraph is Plaintiffs' characterization of a media article concerning glyphosate, which speaks for itself and requires no response. To the extent a response is deemed required, the State Parties deny the allegations of this paragraph.

   54.  The State Parties admit that OEHHA personnel wrote the statement quoted in a letter in 2002, but deny that the characterization of that statement by Plaintiffs' is accurate. The State Parties lack information or belief sufficient to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

   55.  This paragraph is Plaintiffs' statement of the law and requires no response. To the extent a response is deemed required, the State Parties deny the allegations of this paragraph.

   56.  This paragraph is Plaintiffs' statement of the law and requires no response. To the extent a response is deemed required, the State Parties deny the allegations of this paragraph.

   57.  This paragraph is Plaintiffs' statement of the law and requires no response. To the extent a response is deemed required, the State Parties deny the allegations of this paragraph.

   58.  This paragraph is Plaintiffs' statement of the law and requires no response. To the extent a response is deemed required, the State Parties deny the allegations of this paragraph.

   59.  The State Parties admit that OEHHA has described its process for listing chemicals pursuant to the Labor Code Listing mechanism (Health & Saf. Code, § 25249.8, subd. (a)), as

7

Answer of Dr. Lauren Zeise, Dir. of OEHHA and Xavier Becerra, CA Atty. Genl. (No. 2:17-CV-02401-WBS-EFB)

"ministerial." The remainder of the allegations of this paragraph are Plaintiffs' statement of the law and require no response. To the extent a response is deemed required, the State Parties deny the allegations of this paragraph.

60. This paragraph is Plaintiffs' statement of the law and requires no response. To the extent a response is deemed required, the State Parties deny the allegations of this paragraph.

61. This paragraph is Plaintiffs' statement of the law and requires no response. To the extent a response is deemed required, the State Parties deny the allegations of this paragraph.

62. This paragraph is Plaintiffs' statement of the law and requires no response. To the extent a response is deemed required, the State Parties deny the allegations of this paragraph.

63. The allegations of this paragraph are Plaintiffs' statement of the law, which require no response. To the extent that a response is deemed required the State Parties admit that the Attorney General of California has a history of enforcing Proposition 65's warning requirement. Except as expressly admitted herein, the State Parties deny the remainder of the allegations of this paragraph.

64. The allegations of this paragraph are Plaintiffs' statements of the law, which require no response. To the extent a response is deemed required the State Parties deny the allegations of this paragraph.

65. The allegations of this paragraph are Plaintiffs' statements of the law, which require no response and Plaintiffs' characterization of a media article, which requires no response. To the extent a response is deemed required, the State Parties deny the allegations of this paragraph.

66. The allegations of this paragraph are Plaintiffs' statements of the law, which requires no response. To the extent a response is deemed required, defendants deny the allegations of this paragraph.

67. The allegations of this paragraph are Plaintiffs' quotations from a dissenting opinion in a court of appeal decision, which requires no response. To the extent a response is deemed required, the State Parties deny the allegations of this paragraph.

8

Answer of Dr. Lauren Zeise, Dir. of OEHHA and Xavier Becerra, CA Atty. Genl. (No. 2:17-CV-02401-WBS-EFB)

68. The allegations of this paragraph are Plaintiffs' characterization of statements made in media articles, which speak for themselves and require no response. To the extent a response is deemed required, defendants deny the allegations of this paragraph.

69. The State Parties admit that a number of Proposition 65 lawsuits have been filed and that parties have sometimes provided sixty-day notices shortly after the warning requirement goes into effect. Except as expressly admitted herein, the State Parties deny the remainder of the allegations of this paragraph.

70. The State Parties admit that on July 7, 2017 glyphosate was listed under Proposition 65 as a chemical known to the state to cause cancer based on IARC's determination that there was sufficient evidence of carcinogenicity in animal studies and limited evidence of carcinogenicity in human studies. Except as expressly admitted herein, the State Parties deny the remainder of the allegations of this paragraph.

71. The State Parties admit the approximately 9,183 comments were filed in response to the NOIL, both for an against listing the chemical, and that the language quoted by Plaintiffs from the NOIL is accurate. To the extent that the allegations characterize the NOIL, that document speaks for itself, and requires no response. Except as expressly admitted herein, the State Parties deny the remainder of the allegations of this paragraph.

72. The State Parties lack information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, deny them.

73. Denied.

74. The State Parties admit that certain foods are permitted to contain glyphosate residues under federal law and that businesses that expose individuals to glyphosate must either provide a warning or be prepared to demonstrate that the exposure does not cause a significant risk of cancer as defined by the regulations. Except as expressly admitted herein, the State Parties deny the remaining allegations of this paragraph.

75. The State Parties lack information or belief to admit or deny the allegations of this paragraph and, on that basis, deny them.

9

Answer of Dr. Lauren Zeise, Dir. of OEHHA and Xavier Becerra, CA Atty. Genl. (No. 2:17-CV-02401-WBS-EFB)

76. The State Parties lack information or belief to admit or deny the allegations of this paragraph and, on that basis, deny them.

77. Denied.

78. The State Parties lack information or belief to admit or deny the allegations of this paragraph and, on that basis, deny them.

79. The State Parties deny that any Proposition 65 warning for exposure to glyphosate that may be provided by a particular business is false and highly controversial. The State Parties lack information or belief to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

80. The State Parties lack information or belief to admit or deny the allegations of this paragraph and, on that basis, deny them.

81. The State Parties lack information or belief to admit or deny the allegations of this paragraph and, on that basis, deny them.

82. The State Parties lack information or belief to admit or deny the allegations of this paragraph and, on that basis, deny them.

83. The State Parties lack information or belief to admit or deny the allegations of this paragraph and, on that basis, deny them.

84. The State Parties lack information or belief to admit or deny the allegations of this paragraph and, on that basis, deny them.

85. The State Parties lack information or belief to admit or deny the allegations of this paragraph and, on that basis, deny them.

86. The State Parties deny that any Proposition 65 warning for exposures to glyphosate that may be provided by a particular business is false and highly controversial or that Plaintiffs will be injured. The State Parties lack information or belief to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

87. The State Parties deny that Proposition 65 creates "unreasonable litigation risk." The State Parties lack information or belief to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

88. Denied

89. Denied.

90. The State Parties deny that a Proposition 65 warning for exposures to glyphosate that may be provided by a particular business would be "false speech" or "false warnings." The State Parties lack information or belief to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

91. Denied.

92. The foregoing paragraphs are incorporated by reference as if set forth in full herein.

93. The allegations of this paragraph are the Plaintiffs' statement of law and require no response. To the extent that a response is deemed required, the State Parties deny the allegations of this paragraph.

94. The allegations of this paragraph are the Plaintiffs' statement of law and require no response. To the extent that a response is deemed required, the State Parties deny the allegations of this paragraph.

95. The allegations of this paragraph are the Plaintiffs' statement of law and require no response. To the extent that a response is deemed required, the State Parties deny the allegations of this paragraph.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. The foregoing paragraphs are incorporated by reference as if set forth in full herein.

Answer of Dr. Lauren Zeise, Dir. of OEHHA and Xavier Becerra, CA Atty. Genl. (No. 2:17-CV-02401-WBS-EFB)

106. The allegations of this paragraph are the Plaintiffs' statement of law and require no response. To the extent that a response is deemed required, the State Parties deny the allegations of this paragraph.

107. Denied

108. Denied.

109. Denied.

110. The allegations of this paragraph are the Plaintiffs' statement of law and require no response. To the extent that a response is deemed required, the State Parties deny the allegations of this paragraph.

111. Denied.

112. The State Parties lack information or belief to respond to the allegations of this paragraph and, on that basis, deny them.

113. Denied.

114. The allegations of this paragraph are the Plaintiffs' statement of law and require no response. To the extent that a response is deemed required, the State Parties deny the allegations of this paragraph.

115. The allegations of this paragraph are the Plaintiffs' statement of law and require no response. To the extent that a response is deemed required, the State Parties deny the allegations of this paragraph.

116. Denied.

117. Denied.

118. The foregoing Paragraphs are incorporated by reference as if set forth in full herein.

119. The allegations of this paragraph are the Plaintiffs' statement of law and require no response. To the extent that a response is deemed required, the State Parties deny the allegations of this paragraph.

120. Denied.

121. The State Parties admit that glyphosate was listed as a carcinogen under Proposition 65 because it met the requirements for listing pursuant to Health and Safety Code, section

12

Answer of Dr. Lauren Zeise, Dir. of OEHHA and Xavier Becerra, CA Atty. Genl. (No. 2:17-CV-02401-WBS-EFB)

25249.8(a) and California Code of Regulations, title 27, section 25904, based on IARC's determination in the March 2015 Monograph that there was sufficient evidence in animals that IARC causes cancer and glyphosate is "probably carcinogenic to humans." The State Parties admit that OEHHA did not conduct an independent assessment of the studies concerning glyphosate for purposes of the listing. Except as expressly admitted herein, the State Parties deny the remainder of the allegations of this paragraph.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

**AFFIRMATIVE DEFENSES**

1. As and for a first affirmative defense, the State Parties state that the claims against some or all of the State Parties are barred by the Eleventh Amendment.

2. As and for a second affirmative defense, the State Parties state that glyphosate was listed by OEHHA on July 7, 2017, and any challenge to the listing is therefore moot.

3. As and for a third affirmative defense, the State Parties allege that OEHHA's listing of glyphosate as a chemical known to the State to cause cancer is in all respects in accordance with law.

4. As and for a fourth affirmative defense, the State Parties allege that the complaint fails to state a cause of action upon which relief can be granted.

5. As and for a fifth affirmative defense, the State Parties allege that the matter is not ripe, that there is therefore no case or controversy as required by Article III of the United States Constitution, and that the Court therefore has no jurisdiction over the matter.

6. As and for a sixth affirmative defense, the State Parties allege that the Plaintiffs cannot meet the standard for a preliminary or permanent injunction.

7. As and for a seventh affirmative defense, the State Parties allege that this Court should exercise its discretion not to take jurisdiction of this matter under the Declaratory Judgment Act.

8. As and for an seventh affirmative defense, the State Parties allege that this Court should abstain, based on considerations of comity and federalism, from deciding this matter until the State Courts have ruled.

9. As and for a ninth affirmative defense, Title 42 United States Code section 1988 does not apply to this matter.

## PRAYER FOR RELIEF

1. That the Court enter judgment in favor of the State Parties, and dismiss Plaintiffs' action with prejudice and that Plaintiffs take nothing by this action;

2. That the Court deny Plaintiffs' request for a preliminary or permanent injunction and decline to issue any provisional or permanent relief of any kind against the State Parties;

3. That the Court deny the declaration sought by the Plaintiffs;

4. That the State Parties be awarded their costs of suit, including reasonable attorney's fees; and

5. For such other and further relief as the Court deems just and proper.

Dated: January 9, 2018                                 Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
LAURA J. ZUCKERMAN
DENNIS A. RAGEN
HEATHER LESLIE
Deputy Attorneys General


/s/ Susan S. Fiering
SUSAN S. FIERING
Supervising Deputy Attorney General
*Attorneys for Dr. Lauren Zeise, Director, Office of Environmental Health Hazard Assessment and Xavier Becerra, Attorney General of the State of California*

OK2017950064

14

Answer of Dr. Lauren Zeise, Dir. of OEHHA and Xavier Becerra, CA Atty. Genl. (No. 2:17-CV-02401-WBS-EFB)