# Exhibit 1

Curtis G. Hoke (State Bar No. 282465)
Timothy Litzenburg (appearance *pro hac vice*)
Michael J. Miller (*Admitted Pro Hac Vice*)
**THE MILLER FIRM, LLC**
108 Railroad Ave.
Orange, VA 22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055
tlitzenburg@millerfirmllc.com
choke@millerfirmllc.com

*Attorneys for Plaintiff*
DEWAYNE JOHNSON

ELECTRONICALLY
F I L E D
Superior Court of California,
County of San Francisco
06/07/2018
Clerk of the Court
BY:SANDRA SCHIRO
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| DEWAYNE JOHNSON, | Case No.  CGC-16-550128 |
| Plaintiff, | |
| v. | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 9 TO EXCLUDE OR LIMIT EVIDENCE, ARGUMENT, OR REFERENCE TO ADVERSE EVENT REPORTS** |
| MONSANTO COMPANY ET. AL, | |
| Defendants. | |
| | Trial Judge: TBD |
| | Trial Date:    June 18, 2018 |
| | Time:             9:30 a.m. |
| | Department:    TBD |

1

PLAINTIFF'S OPPOSITION TO DEFENDANT MONSANTO COMPANY'S MOTION IN
LIMINE NO. 9 TO EXCLUDE OR LIMIT EVIDENCE, ARGUMENT, OR REFERENCE TO
ADVERSE EVENT REPORTS

## I.      INTRODUCTION

In Monsanto's Motion *in Limine* 9, the Defendant attempts to exclude from the Court evidence, argument, or reference to adverse event reports (AERs) and complaints involving its products. Adverse event reporting is an invaluable tool in monitoring the safety of herbicides and the exclusionary request found within the Defendant's Motion seeks to bar highly relevant and probative evidence that goes to the very heart of the knowledge and notice that Monsanto has possessed with regards to their product safety.

Monsanto has a duty to report adverse events and complaints involving its products to the U.S. Environmental Protection Agency.  See 40 C.F.R. § 159.184.  The Defendant alleges that introduction of such evidence would distract and confuse the Jury by focusing on irrelevant and prejudicial evidence and result in an undue consumption of time. Nothing could be further from the truth as Mr. Johnson simply wishes for the Jury to hear the relevant facts when procedurally and legally appropriate.

At trial, Mr. Johnson intends to introduce evidence to illustrate that Monsanto has continued to sell its products despite having notice and knowledge for decades of their potential safety issues. Monsanto's knowledge of these safety concerns and its failure to warn Mr. Johnson of the risks associated with glyphosate exposure is and has always been one of the essential claims in this case.

## II.     ARGUMENT

### A.  Evidence of Monsanto's Adverse Event Reports Products Is Highly Relevant, And

2

**Probative to The Issues in This Case**.

Motions in limine are designed to facilitate management of a case by deciding difficult evidentiary issues in advance of trial. *Amtower v. Photon Dynamics, Inc.* (2008) 158 Cal.App.4th 1582, 1593 [71 Cal.Rptr.3d 361]; see Super. Ct. San Diego County, Local Rules, rule 2.1.18 ["Motions in limine must be limited in scope in accordance with *Clemens v. American Warranty Corp*. (1978) 193 Cal.App.3d 444, 451 [238 Cal.Rptr. 339].

California's standard of relevance is set forth in California Evidence Code section 210. This statute defines "relevant evidence" as "evidence, including evidence relevant to the credibility of a witness or hearsay declarant, having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." See California Evidence Code §210.

Only evidence that is relevant to the issues before the Court is admissible. See California Evidence Code Section § 350.  However, if evidence tends logically, naturally, and by reasonable inference to prove or disprove a material issue, it is admissible. *People v. Jones*, 42 Cal.2d 219, 222, 266 P.2d 38. It is not necessary that evidence should bear directly on the issue. It is admissible if it tends to prove or disprove a fact in issue, or constitutes a link in the chain of proof, or if it affords any reasonable inference as to the principal fact in dispute. *Firlotte v. Jessee*, 76 Cal.App.2d 207, 210, 172 P.2d 710.

The Defendant has alleged that the AERs are hearsay and are not admissible because they are irrelevant. The purpose of recording AERs is to serve as a warning system or signaling system for companies. See *Soldo v. Sandoz Pharms. Corp.*, 244  F.Supp.2d 434, 463–64

3

(W.D.Pa.2003)(quoting Brief Description with Caveats of System, Surveillance and Data

Processing Branch of the Division of Epidemiology and Surveillance, Division of Epidemiology

& Surveillance, Dec. 1988, at p. 1).

      With this in mind, AERs should be admissible to show notice. See *Benedi v. McNeil–*

*P.P.C., Inc.*, 66 F.3d 1378, 1385–86 (4th Cir.1995)("[T]he district court did not abuse its

discretion in admitting the DERs and case summaries, because the plaintiff offered the evidence

solely to prove notice."); *In re Gadolinium–Based Contrast Agents Products Liability*, 956

F.Supp.2d 809, 815 (N.D.Ohio Jul. 25, 2013), *affirmed* by *Decker v. GE Healthcare Inc.*, 770

F.3d 378 (6th Cir.2014)(citations omitted); *In re Fosamax Prods. Liab. Litig.,* No. 06 MD

1789(JFK), 2013 WL 174416, at *4 (S.D.N.Y. Jan. 15, 2013)("Adverse event reports received

by Merck until the time of Plaintiff's injury are admissible if used as evidence that Merck was on

notice of potentially serious jaw injuries."); *Wolfe v. McNeil–PPC, Inc.,* No. 07–348, 2012 WL

38694, at *2 (E.D.Pa. Jan. 9, 2012)("However, reports submitted to the FDA before plaintiff's

alleged injury occurred would not be hearsay if offered on the issue of defendants' notice of

potential safety risks from the use of Children's Motrin."); *Schedin v. Ortho–McNeil–Janssen*

*Pharm., Inc.,* 808 F.Supp.2d 1125, 1139 (D.Minn.2011)("The Court had denied its previously

filed motion in limine regarding AERs, finding that the evidence was admissible to show notice

and could also support a finding of causation."); *See In re Tylenol (Acetaminophen) Mktg., Sales*

*Practices & Prod Liab. Litig.,* 181 F. Supp. 3d 278, 306 (E.D. Pa. 2016)("Even if the AERs are

hearsay, the plaintiff argues they are relevant to showing notice. The defendants argue that these

AERs are not admissible to show "notice" because they are unreliable. This argument misses the

4

---

PLAINTIFF'S OPPOSITION TO DEFENDANT MONSANTO COMPANY'S MOTION IN
LIMINE NO. 9 TO EXCLUDE OR LIMIT EVIDENCE, ARGUMENT, OR REFERENCE TO
ADVERSE EVENT REPORTS

point. An AER is notice of some event or problem. The "reliability" issue is more one of weight than of relevance. Reliable or not, they are notice of some event of significance to this case and that likely takes them out of the hearsay rule.")

Furthermore, the Supreme Court has held that evidence of actual harm to nonparties can help to show that the conduct that harmed the plaintiff also posed a substantial risk of harm to the general public, and so was particularly reprehensible. See *Philip Morris USA v. Williams*, 127 S. Ct. 1057, 1064 (U.S. 2007).

Here, Defendants argue under the premise that AERs are either hearsay or irrelevant on their face because they do not involve the Plaintiff's condition and are therefore inadmissible. As illustrated in the cases above AERs are relevant as to notice to the Defendants of a safety issue with Roundup products and are therefore relevant to failure to warn claims. Therefore, the Court should reject Defendants arguments and allow these reports in as admissible evidence.

**B. The Plaintiff's Use of The Evidence in Contention Will Not Unduly Prejudice the Defendant or Produce A Time-Wasting Confusion of Issues.**

Evidence Code section 352, allows trial courts to exclude otherwise admissible evidence whose "probative value is substantially outweighed" by its potential for unfair prejudice, confusion, or undue consumption of time. *People v. Beagle* (1972) 6 Cal.3d 441, 451–453, 99 Cal.Rptr. 313, 492 P.2d 1; California Evidence Code §352.

Prejudice as contemplated by Evidence Code section 352 is not so sweeping as to include any evidence the opponent finds inconvenient.  Evidence is not prejudicial merely because it

5

undermines the opponent's position or shores up that of the proponent. *People v. Doolin* (2009) 45 Cal.4th 390, 417, 87 Cal.Rptr.3d 209, 198 P.3d 11.

Defendants face no prejudice beyond the culpable evidence the AERs demonstrate. This is that Defendants had prior knowledge of the safety issues with their products.   Thus, since the evidence is both probative and non-prejudicial it should be admitted.

Also depending on the utilization of the specific AER in question, the Court at its discretion may use specifically fashioned limiting instructions to guard against the Jury possibly conflating issues or being unduly influenced. *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 915, 93 Cal.Rptr.2d 364.

## III.   CONCLUSION

For the above stated reasons, the Court should deny Defendant Monsanto Company's Motion *in limine* No. 9.


DATED: June 7, 2018                          By:/s/ Curtis Hoke
                                             Curtis G. Hoke (SBN 282465)
                                             Timothy Litzenburg (appearance *pro hac vice*)
                                             Michael J. Miller (*Admitted Pro Hac Vice*)
                                             **THE MILLER FIRM, LLC**
                                             108 Railroad Ave.
                                             Orange, VA 22960
                                             (540) 672-4224 phone
                                             (540) 672-3055 fax
                                             tlitzenburg@millerfirmllc.com
                                             choke@millerfirmllc.com

                                             Attorneys for Plaintiff,
                                             DEWAYNE JOHNSON

6

PLAINTIFF'S OPPOSITION TO DEFENDANT MONSANTO COMPANY'S MOTION IN LIMINE NO. 9 TO EXCLUDE OR LIMIT EVIDENCE, ARGUMENT, OR REFERENCE TO ADVERSE EVENT REPORTS

1

**PROOF OF SERVICE**

2

I, Curtis G. Hoke, declare as follows:

3

4

5

I am a citizen of the United States and am employed in Orange County, Virginia. I am over the age of eighteen years and not a party to the within action. My business address is 108 Railroad Avenue, Orange, Virginia 22960. On June 7, 2018 _____, I served the following documents by the method indicated below:

6

7

8

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 9 TO EXCLUDE OR LIMIT EVIDENCE, ARGUMENT, OR REFERENCE TO ADVERSE EVENT REPORTS

9

10

11

12

13

14

15

16

☑ **By Electronically Serving** the document(s) described above via LexisNexis File & Serve by 7:00 p.m. Pacific Standard Time on all parties appearing on the LexisNexis File & Serve service list.

17

**SEE ATTACHED SERVICE LIST**

18

19

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

20

21

Executed on this June 7, 2018 _____ at Orange, Virginia.

22

23

24

Curtis G. Hoke,

25

Declarant

26

27

28

PROOF OF SERVICE
- 1

*Johnson v. Monsanto Company, et al.*
**San Francisco Superior Court Case No.: CGC-16-550128**

**SERVICE LIST**

| | |
|---|---|
| George C. Lombardi, Esq.<br>James M. Hilmert, Esq.<br>**WINSTON & STRAWN LLP**<br>35 West Wacker Drive<br>Chicago, IL 60601<br>Tel: (312) 558-5969<br>Fax: (312) 558-5700<br>glombard@winston.com<br>jhilmert@winston.com | Counsel for Defendant<br><br>Served electronically Via Lexis Nexis File&Serve Xpress |
| Joe G. Hollingsworth, Esq.<br>Eric G. Lasker, Esq.<br>Martin C. Calhoun, Esq.<br>Kirby T. Griffis, Esq.<br>William J. Cople III, Esq.<br>**HOLLINGSWORTH LLP**<br>1350 I Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 898-5800<br>Fax: (202) 682-1639<br>jhollingsworth@hollingsworthllp.com<br>elasker@hollingsworthllp.com<br>mcalhoun@hollingsworthllp.com<br>kgriffis@hollingsworthllp.com<br>wcople@hollingsworthllp.com | Counsel for Defendant<br><br>Served electronically via Lexis Nexis File&Serve Xpress |
| Sandra A. Edwards, Esq.<br>Joshua W. Malone, Esq.<br>**Farella Braun + Martel LLP**<br>235 Montgomery Street, 17th Floor<br>San Francisco, California 94104<br>Tel: (415) 95404400<br>Fax: (415) 954-4480<br>sedwards@fbm.com<br>jmalone@fbm.com | Counsel for Defendant<br><br>Served electronically via Lexis Nexis File&Serve Xpress |