**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360
Fax: (303) 376-6361
Aimee.wagstaff@andruswagstaff.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY  10003
Tel: (212) 558-5802
Fax:  (646) 293-4921
rgreenwald@weitzlux.com

**THE MILLER FIRM, LLC**
Michael J. Miller (*pro hac vice*)
108 Railroad Ave.
Orange, VA  22960
Tel: (540) 672-4224
Fax:(540) 672-3055
mmiller@millerfirmllc.com

*Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN *LIMINE* NO. 9 RE: ADVERSE EVENT REPORTS** |
| *Hardeman v. Monsanto Co., et al.,* 3:16-cv-0525-VC; *Stevick v. Monsanto Co., et al.,* 3:16-cv-02341-VC; *Gebeyehou v. Monsanto Co., et al.,* 3:16-cv-5813-VC | |

1

## I.   INTRODUCTION

Monsanto's Motion in *Limine* No. 9 requests the Court exclude evidence, argument or reference to adverse event reports ("AERs") and complaints involving its products. Adverse event reporting is an invaluable tool in monitoring the safety of herbicides and the exclusionary request to prevent the jury from learning of AERs seeks to bar highly relevant and probative evidence that goes to the very heart of the knowledge and notice that Monsanto has possessed with regard to the safety of their products.

Monsanto has a duty to report adverse events and complaints involving its products to the U.S. Environmental Protection Agency ("EPA"). 40 C.F.R. § 159.184. The Defendant alleges that introduction of such evidence is hearsay, would distract and confuse the jury and result in needlessly cumulative evidence. That is simply untrue.

At trial, the Plaintiffs intend to introduce evidence to illustrate that Monsanto has continued to sell its products despite having notice and knowledge for decades of their potential safety issues. Monsanto's knowledge of these safety concerns, failure to fully investigate them, and failure to warn the Plaintiffs of the risks associated with glyphosate exposure is and always has been one of the essential claims in this case.

## II.   ARGUMENT

**A. Evidence Of AERs Is Highly Relevant And Probative To The Issues In This Case.**

Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. FRE 401. If evidence tends logically, naturally, and by reasonable inference to prove or disprove a material issue it is admissible. *People v. Jones*, 42 Cal.2d 219, 222 (1954). Likewise, if the evidence constitutes a link in the chain of proof, or if it affords *any* reasonable inference as to the principal fact in dispute, it is admissible. *Firlotte v. Jessee*, 76 Cal.App.2d 207 (1946).

The purpose of recording AERs is to serve as a warning system or signaling system for companies. *Soldo v. Sandoz Pharms. Corp.*, 244 F. Supp.2d 434, 463-64 (W.D. Pa. 2003) (*quoting* Brief Description with Caveats of System, Surveillance and Data Processing Branch of the Division of Epidemiology and Surveillance, Division of Epidemiology & Surveillance, Dec. 1988, p. 1). As such, courts across the country have held AERs admissible to demonstrate notice. *See, e.g., Benedi v. McNeil- P.P.C., Inc.*, 66 F.3d 1378, 1385-86 (4th Cir. 1995) ("[T]he district court did not abuse its discretion in admitting the DERs and case summaries, because the plaintiff offered the evidence solely to prove notice."); *In re Gadolinium-Based Contrast Agents Prods. Liab. Litig.*, 956 F. Supp.2d 809, 815 (N.D. Ohio Jul. 25, 2013, *aff'd Decker v. GE Healthcare Inc.,* 770 F.3d 378 (6th Cir. 2014); *In re Fosamax Prods. Liab. Litig.,* No. 06-MD-1789(JFK), 2013 WL 174416, at *4 (S.D.N.Y. Jan. 15, 2013) ("Adverse event reports received by Merck until the time of Plaintiff's injury are admissible if used as evidence that Merck was on notice of potentially serious jaw injuries."); *Wolfe v. McNeil-P.P.C., Inc.*, No. 07-348, 2012 WL 38694, at *2 (E.D. Pa. Jan. 9, 2012) ("However, reports submitted to the FDA before plaintiff's alleged injury occurred would **not be hearsay** if offered on the issue of defendants' notice of potential safety risks from the use of Children's Motrin.") (emphasis added); *Schedin v. Ortho-McNeil-Janssen Pharm., Inc.*, 808 F. Supp.2d 1125, 1139 (D. Minn. 2011) ("The Court had denied its previously filed motion in *limine* regarding AERs, finding that the evidence **was admissible to show notice and could also support a finding of causation**.") (emphasis added). Similarly, *In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prod. Liab. Litig.*, 181 F. Supp.3d 278, 306 (E.D. Pa. 2016), the U.S. District Court in Pennsylvania held:

> Even if the AERs are hearsay, the plaintiff argues they are relevant to showing notice. The defendants argue that these AERs are not admissible to show 'notice' because they are unreliable. This argument misses the point. An AER is notice of some event or problem. The 'reliability' issue is more one of weight than of relevance. Reliable or not, they are notice of some event of significance to this case and that likely takes them out of the hearsay rule.

Moreover, the Supreme Court has held that evidence of actual harm to nonparties can help to show that the conduct that harmed the plaintiff also posed a substantial risk of harm to the general public, and so was particularly reprehensible. *Phillip Morris USA v. Williams*, 127 S. Ct. 1057, 1064 (2007).

Contrary to Defendant's argument here, AERs are relevant to Monsanto's notice of a significant safety issue with Roundup® products and are therefore relevant to the issues in this case. Additionally, because the AERs are not offered to prove the truth of the matter asserted, only to prove notice of a significant safety issue, they are not hearsay and are admissible.

### B. Plaintiff's Use Of The Evidence In Contention Will Not Unduly Prejudice The Defendant Nor Produce A Time-Wasting Confusion Of The Issues.

Evidence is not prejudicial merely because it undermines the opponent's position or shores up that of the proponent and prejudice is not so sweeping as to include any evidence the opponent finds inconvenient. *People v. Doolin*, 45 Cal.4th 390, 417 (2009). It is the jury's role to determine the weight of the evidence presented and, if necessary, the Court at its discretion may use specifically fashioned limiting instructions to guard against the jury possibly conflating issues or being unduly influenced. *Shade Foods, Inc. v. Innovative Prods. Sales & Marketing, Inc.*, 78 Cal.App.4th 847, 915 (2000).

Here, Defendant faces no prejudice beyond the evidence that AERs demonstrate: Defendant has some prior knowledge of the safety issues with its products. That notice is directly relevant to Defendant's actions and inactions that subsequently led to Mr. Hardeman's NHL diagnosis. Accordingly, the evidence is both probative and non-prejudicial and should not be excluded.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion in *Limine* No. 9.

Dated: 1/30/2019

Respectfully submitted,

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360

/s/ Robin Greenwald
Robin L. Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY 10003
Tel: (212) 558-5802

/s/ Michael J. Miller
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
mmiller@millerfirmllc.com
bbreake@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave.
Orange, VA 22960
Telephone: (540) 672-4224

*Plaintiffs' Co-Lead Counsel*

# CERTIFICATE OF SERVICE

I certify that on January 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com