**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel:   (202) 847-4030
Fax:   (202) 847-4005

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 <br> ) <br> ) Case No. 3:16-md-02741-VC <br> ) <br> ) **MONSANTO COMPANY'S NOTICE OF** <br> ) **MOTION AND MOTION *IN LIMINE*** <br> ) **NO. 10 RE: INTRODUCTION,** <br> ) **ARGUMENT, OR REFERENCE TO** <br> ) **THE SERALINI STUDY AND ANY** <br> ) **INFORMATION THEREIN** <br> ) |
| *Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC <br> *Stevick v. Monsanto Co., et al.*, 3:16-cv-2341-VC <br> *Gebeyehou v. Monsanto Co., et al.*, 3:16-cv-5813-VC | |

1

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will and hereby does move the Court to preclude the introduction, argument, or reference to the Seralini Study and any information therein.

DATED:  January 30, 2019

                Respectfully submitted,

                /s/ *Brian L. Stekloff*

                Brian L. Stekloff (*pro hac vice*)
                (bstekloff@wilkinsonwalsh.com)
                Rakesh Kilaru (*pro hac vice*)
                (rkilaru@wilkinsonwalsh.com)
                WILKINSON WALSH + ESKOVITZ LLP
                2001 M St. NW, 10th Floor
                Washington, DC 20036
                Tel: (202) 847-4030
                Fax: (202) 847-4005

                Pamela Yates (CA Bar No. 137440)
                (Pamela.Yates@arnoldporter.com)
                ARNOLD & PORTER KAYE SCHOLER
                777 South Figueroa St., 44th Floor
                Los Angeles, CA 90017
                Tel: (213) 243-4178
                Fax: (213) 243-4199

                Eric G. Lasker (*pro hac vice*)
                (elasker@hollingsworthllp.com)
                HOLLINGSWORTH LLP
                1350 I St. NW
                Washington, DC 20005
                Tel: (202) 898-5843
                Fax: (202) 682-1639

                Michael X. Imbroscio (*pro hac vice*)
                (mimbroscio@cov.com)

COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

I.      INTRODUCTION

Defendant Monsanto Company ("Monsanto") respectfully submits this motion *in limine* to exclude at trial any evidence, argument, or reference to the flawed, unreliable, and ultimately retracted study by Gilles-Eric Seralini, "Long Term Toxicity of a Roundup Herbicide and a Roundup-Tolerant Genetically Modified Maize" (the "Study"), the information and images therein, and Dr. Seralini's subsequent book and film documentary. Monsanto believes that this Motion impacts both Phase 1 of the trial dealing with causation, as well as Phase 2 to the extent Plaintiff suggests that the Seralini study impacts Monsanto's potential liability or punitive damages.

Monsanto anticipates that Plaintiffs may attempt to elicit testimony and introduce evidence regarding the Study in an attempt to (1) contend that the Roundup products at issue in these cases can cause cancer in humans and in fact did so in the plaintiffs at issue; and (2) argue that Monsanto improperly sought the retraction of this flawed and unreliable Study in order to skew the scientific debate regarding glyphosate. Putting aside for the moment the lack of merit in such claims, the Study and the images therein are inadmissible because they have no probative value and are unfairly prejudicial. *See* Fed. R. Evid. 403. The Study has been rejected by the international scientific community (including one of plaintiffs' expert witnesses) due to its flawed methodology and unsupported conclusions. Indeed, the Study was not raised in the general causation *Daubert* hearing before this Court because plaintiffs' experts do not rely on it. Furthermore, the Study contains graphic images of dead rats with overgrown tumors that plaintiffs will use in an attempt to shock the conscience and inflame the passions of the jury against Monsanto while offering no insight to the jury. Accordingly, the Study (and the subsequent book and video related to it) must be excluded because its prejudicial effect far outweighs its complete lack of any probative value. The California state court presiding over the *Johnson* case granted the exclusion of the Study and the images therein for the same reasons asserted here. Tr. of Pretrial Hearing at 131:8-141-5, *Johnson v. Monsanto Co.* (June 20, 2018) (No. CGC-16-550128) ("[T]he [Seralini] study itself cannot come in and none of the photographs

may come in.") (Ex. 1).

**II.     ARGUMENT**

   **A.     The Flawed Science of the Study Has Been Universally Rejected and Should Not Be Admitted Into Evidence**

The Study is unreliable and not a proper part of any scientific evaluation of whether glyphosate-based herbicides can cause cancer. Plaintiffs' expert Dr. Christopher Portier acknowledges this fact:

> Q: Okay, and you have stated before, I think yesterday, that Seralini was in your opinion an unreliable study, right?
> A: A study that I couldn't use.
> Q: Because it was unreliable?
> A: That's a legal term. I'm using a scientific term. The study was underpowered, it was poorly presented and poorly analysed [sic].
> Q: Okay. And the IARC working group rejected use of the Seralini study as well?
> A: That is correct.

*See* Dep. of Christopher Portier, Jr., Ph.D. at 591:8-21, *Kane v. Monsanto Co.*, No. 1622-CC10172 (Mo. Cir. Ct. St. Louis City Apr. 17, 2018) (Ex. 2).

For the same reasons, the Study was rejected by the International Agency for Research on Cancer ("IARC"), the very agency plaintiffs and their experts so heavily rely upon in this case. In rejecting the Study, IARC deemed it "inadequate for evaluation because the number of animals per group was small, the histopathological description of tumors was poor, and incidences of tumours [sic] for individual animals were not provided." *See* IARC Monograph on Glyphosate at 35 (Ex. 3). European regulators have also rejected the study for reasons similar to Dr. Portier and IARC.[1] The European Food Safety Authority ("EFSA") found that it was "of insufficient…quality for safety assessments." EFSA Statement on Final Review of Seralini et al. at 9 (2012) (Ex. 4). EFSA's rejection of the Study is in agreement with independent assessments of the Study done by organizations in Belgium, Denmark, France, Italy, Germany, and the Netherlands. *Id.* at p. 7.

---

[1] In a 2013 article, the European Cooperation in Science and Technology ("COST"), proclaimed that the study was "disregarded by the scientific community, based on incorrect experimental designs and statistical analysis." *See* Martinelli, L. et al., *Science, Safety and Trust: The Case of Transgenic Food*, 54 J. Croat. Med. 91, 91 (2013) (Ex. 5).

The rejection of the Study as both unreliable and inconclusive by the scientific community even led to the rejection of the study by Food and Chemical Toxicology, the journal that initially published the study in 2012.[2] Plaintiffs' have a conspiracy theory that Monsanto was behind the journal's retraction, but they have no evidence that the rejection was not on the merits. Regardless, such evidence would be irrelevant because no one thinks that the Study deserves consideration, including plaintiffs' own scientific experts.

This oft-rejected Study is not probative of that for which it purports to stand (scientific causation), and would serve only to distract and inflame the jury with discredited information and misleading images. *See Hill v. Novartis Pharm. Corp.*, 944 F. Supp. 2d 943, 957-59 (E.D. Cal. 2013) (excluding a scientific article because it would be "more prejudicial than probative under Federal Rule of Evidence 403" due to "the lack of any scientific foundation" and vagueness of the opinions).

### B. The Study Would be Significantly Prejudicial and Mislead the Jury

The only purpose that could be served by the introduction of the Study would be to attempt to shock the conscience of the jury, which would be inadmissible under Rule 403. *See United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (describing unfair prejudice as the tendency to suggest the jury make a decision based on improper, often *emotional*, grounds); *Walker v. Werner Enter., Inc.*, No. 8:07-cv-631-T-24EAJ, 2008 WL 2816248, at *7 (M.D. Fla. May 14, 2008) (granting motion to exclude photograph that was intended to appeal to the sympathy or prejudice of the jury). The Study contains graphic images of tumor-prone rats with large tumors that are designed to evoke a visceral reaction from the viewer.[3] There is no scientific evidence, however, that the tumors depicted in the images bear any relation to the rats' exposure to glyphosate. The authors' true intent in displaying the photographs as part of the Study was very

---

[2] The study was re-published in nearly identical form with no additional peer review in another journal, Environmental Sciences Europe. As both versions of the study contain the same flawed and ultimately rejected scientific methodology, this motion seeks to exclude both versions and all related materials.

[3] For the Court's reference, a small excerpt of the graphic images contained in the Study is attached hereto. *See* Seralini, G, et al., *Long Term Toxicity of a Roundup Herbicide and a Roundup-Tolerant Genetically Modified Maize*, Food and Chem. Toxicology (2012) (Ex. 6).

transparent to the scientific community: "[g]iven that the tumors seen on the photos are not specific for treated animals and can be seen in aged rats, they are not informative, their inclusion is highly objectionable, and we can only guess they regretfully serve public relation, but not scientific purposes."  Barale-Thomas, E. *Letter to the Editor*, Food Chem. Toxicol. 53:473 (2013) (Ex. 7).  The COST article, referenced in footnote one, also notes that the inclusion of these graphic images that resonated in the public eye, in part, led to the response from top scientists rejecting the article. *See* Martinelli, L. et al., *Science, Safety and Trust: The Case of Transgenic Food*, 54 J. Croat. Med. 91, 93 (2013) (Ex. 5).

Monsanto will be severely prejudiced if the jury is told about debunked science in the Study and allowed to view the graphic images associated with it.  Jurors could easily conflate the size and graphic nature of the tumors pictured in the Study with what plaintiffs allege happens to human exposure to glyphosate, which would certainly prejudice Monsanto.  *See Francois v. Colonial Freight Sys., Inc.*, No. CIV.A.3:06CV434WHB-L, 2007 WL 4564866, at *7 (S.D. Miss. Dec. 21, 2007) (excluding photographs of vehicle damage where jurors could conflate what the photograph depicted with what actually happened); *King v. Ford Motor Co.*, 597 F.2d 436, 445 (5th Cir. 1979) (upholding exclusion of photographs that could confuse or mislead the jury).  The Study is highly prejudicial to Monsanto, entirely misleading given it is discredited, and would serve solely to confuse and mislead the jury.  Its prejudicial value greatly outweighs any probative value, of which there is none, and for that reason it must be excluded during either phase of trial.

**III.   CONCLUSION**

Monsanto respectfully requests that the Court preclude introduction, argument, or reference to the Study, as well as Dr. Seralini's subsequent book and film documentary, and any information and images contained therein.

DATED: January 30, 2019

                    Respectfully submitted,

                    /s/ *Brian L. Stekloff*

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4030
Fax: (202) 847-4005


Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199


Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639


Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000


*Attorneys for Defendant*
*MONSANTO COMPANY*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of January 2019, a copy of the foregoing was served via electronic mail to opposing counsel.

/s/ *Brian L. Stekloff*