**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel:   (202) 847-4030
Fax:   (202) 847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br> Case No. 3:16-md-02741-VC |
| *Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC <br> *Stevick v. Monsanto Co., et al.*, 3:16-cv-2341-VC <br> *Gebeyehou v. Monsanto Co., et al.*, 3:16-cv-5813-VC | **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 11 RE: ALL OTHER IRRELEVANT AND UNFAIRLY PREJUDICIAL EVIDENCE** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will and hereby does move the Court to preclude all other irrelevant and unfairly prejudicial evidence.

DATED:  January 30, 2019

Respectfully submitted,
/s/ *Brian L. Stekloff*

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4030
Fax: (202) 847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

- 2 -

## I. INTRODUCTION

Defendant Monsanto Company ("Monsanto") respectfully submits this motion *in limine* to exclude other irrelevant and unfairly prejudicial evidence, including inflammatory characterizations such as "magic tumor" in referring to a particular control-group tumor in a 1983 mouse study; references to decades-old fraudulent conduct by Industrial Bio-Test ("IBT") and/or Craven Laboratories ("Craven"); references to an alleged (and probably faked) letter purporting to be from former EPA employee Marion Copley; media reports about this case, other Monsanto litigation, or other issues related to Monsanto (e.g., the book, *Whitewash: The Story of a Weed Killer, Cancer, and the Corruption of Science*, by Casey Gillam); and references to any alleged health effects of glyphosate other than plaintiffs' injuries. These topics are irrelevant to the issues in this case and would serve only to distract the jury and prejudice Monsanto. Monsanto believes this Motion will largely impact Phase 2 of the trial, but there are at least certain aspects that Plaintiffs might suggest relate to the causation inquiry in Phase 1.

## II. ARGUMENT

### A. References to "Magic Tumors" Regarding the 1983 Bio/Dynamics Mouse Study

Although the initial pathologist reviewing a mouse study conducted by Monsanto in the early 1980s missed a renal tumor occurring in the study's control group, later pathology reviews (including by a 1986 Scientific Advisory Panel convened by EPA) confirmed the tumor's presence. That conclusion has been accepted by regulators for over two decades. Notably, with this Court's permission, plaintiffs' expert, Dr. Stephen Francis Badylak, reviewed the slides and failed to provide a report disagreeing with the presence of the tumor. Nevertheless, some of plaintiffs' experts will likely label the tumor by various non-scientific names, such as the "magic" tumor. Such sarcastic and sensational descriptions are meant to prejudice the jury against the integrity of the multiple pathology reviews that prompted the 1986 Science Advisory Panel and, later, EPA itself, to conclude that glyphosate should not be categorized as a possible human carcinogen. Misleading characterizations of this nature are intended to inflame the jury and are unfairly prejudicial. *See* Fed. R. Evid. 403; *United States v. Skillman*, 922 F.2d 1370,

- 1 -

1374 (9th Cir. 1990) (FRE 403 requires exclusion of "evidence which appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case") (internal quotations omitted); *United States v. Bundy*, No. 2:16-cr-46-GMN-PAL, 2017 WL 521775, at *2 (D. Nev., 2017) (descriptive terms must be *accurate representations* under Rule 403).

### B.   References to IBT or Craven

Evidence concerning irregularities in rodent toxicology studies conducted on Roundup® by IBT and/or Craven—two third party laboratories—is irrelevant. *See* Fed. R. Evid. 401-02. There is no evidence that Monsanto was involved in any way in either company's misconduct, and Monsanto repeated the rodent toxicology studies to EPA's satisfaction after the misconduct was identified. The studies play no role in the current registration of Roundup® products and EPA's classification of glyphosate as 'not likely to be carcinogenic' has been consistent throughout the periods of plaintiffs' use. As such, they have absolutely no bearing on whether plaintiffs' use of the products caused their non-Hodgkin Lymphoma ("NHL") and have no bearing on Monsanto's liability in phase two. *See Crews v. Domino's Pizza Corp.*, No. CV-083703-GAF-(VBKX), 2010 WL 11508359, at *6 (C.D. Cal. Mar. 5, 2010) (granting motion *in limine* to exclude evidence of defendant's disputes with non-parties as irrelevant).

Even if these studies have some relevance, they are inadmissible as unfairly prejudicial under Rule 403. *See Martinez v. City of Chicago*, No. 14-cv-369, 2016 WL 3538823, at *10 (N.D. Ill. June 29, 2016) (excluding evidence of misconduct by non-defendants because introduction of it "would create an unnecessary sideshow, and would unduly prejudice Defendants"). Evidence relating to these laboratories would only serve to invite the jury to infer that, because IBT and Craven apparently participated in improper scientific practices, Monsanto did as well. Monsanto would then be forced to expend significant time at trial putting on evidence explaining the details concerning the controversy surrounding the IBT and Craven studies, Monsanto's product registration and its submissions to EPA. Distracting the jury with

this irrelevant evidence would only waste the jury's and this Court's time, and prejudice Monsanto.

### C. References to the Marion Copley Letter

The Copley letter is a letter purporting to be from a now-deceased former EPA employee accusing Jesudoss Rowland, another former EPA employee, of misconduct. *See* Letter from Marion Copley, Former EPA Employee, to Jesudoss Rowland, Former EPA Employee (March 4, 2013) (Ex. 1). However, there is no evidence that it was actually written by Ms. Copley and therefore cannot satisfy the rules of evidence for authenticity or admissibility. Simply put, the letter is inauthentic hearsay.

Moreover, this letter, which may well be a fraud and a forgery, should be excluded because it will not assist the jury in determining whether plaintiffs' use of Roundup® products caused plaintiffs' NHL, and is therefore irrelevant. *See* Fed. R. Evid. 401-02. There is no evidence that plaintiffs' saw or read the Copley letter before deciding whether to use Roundup® products. Therefore, the letter could not have influenced plaintiffs' decision to use the products, and does "not [have] any tendency to make a fact more or less probable than it would be without the evidence." *Id*; *Herrera v. Eli Lilly & Co.*, No. 2:13-CV-02702SVWMAN, 2015 WL 12911753, at *1 (C.D. Cal. Aug. 3, 2015) (excluding materials not seen by plaintiff as irrelevant). Such evidence is also inadmissible because it would confuse the jury by placing before it information immaterial to its decision. *See* Fed. R. Evid. 401; 403.

Further, admission of the letter—even if somehow admissible under the rules of evidence—would be unduly prejudicial because without any context or testimony from the author it insinuates an improper relationship between Monsanto and EPA, wasting the jury's time with evidence designed to evoke an emotional bias against Monsanto. *See* Fed. R. Evid. 403; *see Skillman*, 922 F.2d at 1374.

### D. References to Books, Newspaper Articles, Broadcasts, Documentaries, and Other Publications Related to Monsanto

These materials—much of them produced by third-party activists in support of the plaintiffs' lawsuit—should be excluded as prejudicial, confusing, and a waste of this Court's and

the jury's time.  *See* Fed. R. Evid. 403.  Recognizing the highly prejudicial nature of newspaper articles and other media publications or productions, courts routinely exclude such evidence.  *See Staley v. Bridgestone/Firestone, Inc.*, 106 F.3d 1504, 1512 (10th Cir. 1997) (affirming trial court exclusion of magazine article that negatively described product at issue in products liability action because its probative value was substantially outweighed by its potential for prejudice); *Apple Inc. v. Samsung Elec. Co.*, No. 11-CV-01846-LHK, 2018 WL 2010621, at *1 (N.D. Cal., Apr. 30, 2018) (excluding on grounds of prejudice and confusion references to media reports that Apple purposely slowed down iPhone to preserve battery life, where this feature was not related to the specific Samsung patent allegedly infringed).  Here, this evidence would serve only to attack Monsanto's reputation as a corporation, and introduce sensationalized claims of profits and revenue, claims about other lawsuits or litigation, and unverified accounts regarding glyphosate that would inflame the passions of the jury and distract jurors from their task at hand: a rational, neutral review of the scientific and factual evidence at issue.

### E. Allegations of Glyphosate's Alleged Health Effects other than Those of Which Plaintiffs Complain

Allegations that glyphosate causes endocrine disruption, birth defects, and harmful impacts on gut bacterial enzymes are irrelevant.  *See* Fed. R. Evid. 401–02; *Ochoa-Valenzuela v. Ford Motor Co. Inc.*, 685 F. App'x 551, 555 (9th Cir. 2017) (evidence suggesting that car manufacturer may have designed defective cars in 1960s is not probative of whether manufacturer designed defective cars in 2000).  Plaintiffs complain that glyphosate caused their NHL; they *do not* complain that glyphosate harmed their endocrine systems, caused them birth defects, or disrupted their gut bacteria.  *See* Complaint at ¶ 111, *Gebeyehou v. Monsanto Co.*, No. 3:16-cv-5813-VC (N.D. Cal. Oct. 7, 2016); Complaint at ¶ 67, *Stevick v. Monsanto Co.*, No. 3:16-cv-2341-VC (N.D. Cal. Apr. 26, 2016); First Amended Complaint at ¶ 114, *Hardeman v. Monsanto Co.*, 3:16-cv-525 (N.D. Cal. Feb. 12, 2016).  But even if this evidence had some relevance, it is inadmissible as unduly prejudicial under Rule 403.  Such "evidence"—particularly the insinuations about birth defects—is impermissibly calculated to play on the jury's fears and emotions that *they* or their children are at risk of harm.  *See United States v. Hitt*,

981 F.2d 422, at 424 (9th Cir. 1992) (excluding evidence that could incite "irrational fears" in the jury).

### III. CONCLUSION

Monsanto respectfully requests that the Court preclude these irrelevant and unfairly prejudicial arguments and references.

1  DATED: January 30, 2019

2                          Respectfully submitted,

3                          /s/ *Brian L. Stekloff*

4
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
5 Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
6 WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
7 Washington, DC 20036
Tel: (202) 847-4030
8 Fax: (202) 847-4005

9

10 Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
11 ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
12 Los Angeles, CA 90017
Tel: (213) 243-4178
13 Fax: (213) 243-4199

14 Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
15 HOLLINGSWORTH LLP
1350 I St. NW
16 Washington, DC 20005
Tel: (202) 898-5843
17 Fax: (202) 682-1639

18 Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
19 COVINGTON & BURLING LLP
One City Center
20 850 10th St. NW
Washington, DC 20001
21 Tel: (202) 662-6000

22
*Attorneys for Defendant*
23 *MONSANTO COMPANY*

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of January 2019, a copy of the foregoing was served via electronic mail to opposing counsel.

/s/ *Brian L. Stekloff*