**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
Aimee.wagstaff@andruswagstaff.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax: (646) 293-4921
rgreenwald@weitzlux.com

**THE MILLER FIRM, LLC**
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
108 Railroad Ave.
Orange, VA 22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055
mmiller@millerfirmllc.com
bbrake@millerfirmllc.com

*Co-Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Hardeman v. Monsanto Co., et al.,*<br>3:16-cv-0525-VC<br>*Stevick v. Monsanto Co., et al.,*<br>3:16-cv-02341-VC<br>*Gebeyehou v. Monsanto Co., et al.,*<br>3:16-cv-5813-VC | **PLAINTIFFS' OPPOSITION TO MONSANTO COMPANY'S MOTION *IN LIMINE* NO. 11 RE: OTHER IRRELEVANT AND UNFAIRLY PREJUDICAL EVIDENCE** |

I.      INTRODUCTION

In its Motion in *Limine* No. 11, Monsanto seeks to exclude the following evidence from trial: 1) characterizations such as "magic tumor" in referring to a particular control group tumor in a 1983 mouse study; 2) references to fraudulent conduct by Industrial Bio-Test ("IBT") and/or Craven Laboratories ("Craven"); 3) references to a letter from Marion Copley; 4) media reports about this case; 5) other Monsanto litigation; 6) other issues related to Monsanto, for example the book *Whitewash: The Story of a Weed Killer, Cancer, and the Corruption of Science* by Carey Gillam; 7) references to any alleged health effects of Glyphosate other than plaintiffs injuries.

An understanding was reached on some of these issues during a meet and confer on January 18, 2019 as detailed below.

II.     ARGUMENT

   A.   References to "Magic Tumors" Regarding the 1983 Bio/Dynamics Mouse Study

In a meet and confer regarding Motions in Limine with Monsanto on January 18, 2019, counsel for Monsanto disclosed that its primary concern was the use of the word "Magic" to describe the tumor regarding the 1983 mouse study. Monsanto requested that Plaintiffs not use the word "magic" or any similar adjective when describing the tumor. Notably, as understood by Plaintiffs' counsel, Monsanto does not oppose the admission of the 1983 Bio/Dynamics mouse study itself.

Plaintiffs object to Monsanto's attempt to silence the voices of the Plaintiffs at trial and quell their ability to articulate and argue in the manner they determine is most persuasive to the jury. A wholesale limitation on the vocabulary that may be employed to persuade the jury, simply because Monsanto does not particularly like certain adjectives, is inappropriate, not called for, and is the antithesis of zealous advocacy.

The allegedly offensive word "magic" does not itself connote any particular unwarranted prejudice or bias; it is simply a descriptor which Plaintiffs may use at trial to describe a tumor which was later discovered in the control group by Dr. Marvin Kushner, who was hired by Monsanto to review kidney sections and present his evaluation of them to EPA "in an effort to persuade the agency that the observed tumors are not related to glyphosate." *See* for a further explanation of this issue, Plaintiffs' January 15, 2019 "Plaintiffs' issue no. 1" (ECF 2492). Monsanto has not shown any actual prejudice that would justify prohibiting Plaintiffs from using any adjective to describe this tumor study. No party should be permitted to dictate the use of another parties' choice of words at trial.

**B.  References to IBT or Craven.**

Monsanto argues that evidence concerning irregularities in the rodent toxicology studies conducted on Roundup by IBT and/or Craven are irrelevant. These issues are in fact extraordinarily relevant as explained in "Plaintiffs Issue 1" submitted to the Court on January 15, 2019. (Dkt. 2492.) Because these issues are addressed fully in that letter, they will not be repeated here. Instead, Plaintiffs fully incorporate their arguments set forth in Dkt 2492.

**C.  Reference to the Marion Copley Letter.**

Plaintiffs do not intend to introduce into evidence the Marion Copley letter identified in Defendant's Motion *In Limine*.

**D.  References to Books, Newspaper Articles, Broadcasts, Documentaries, and Other Publications Related to Monsanto.**

Monsanto does not specify what particular newspaper articles, broadcasts, documentaries and other publications related to Monsanto that it seeks to exclude in the section, except for the *Whitewash* book by Carey Gillam. Plaintiffs do not intend to introduce the *Whitewash* book into evidence.

Regarding the other items, however, Plaintiffs cannot agree to such a broad and vague request. In fact, the other items are only described in general terms and without any particular specificity. Accordingly, it is difficult to agree or disagree with Monsanto's position without knowing what exactly it seeks to exclude. Regardless, Plaintiffs do not agree to a blanket ban on any "newspaper articles, broadcasts, documentaries, and other publications related to Monsanto" without knowing the particulars of what Monsanto is seeking to exclude.

### E.  Allegations of Glyphosate's Alleged Health Effects other than Those of Which Plaintiffs Complain.

Monsanto seeks to exclude allegations that Glyphosate causes endocrine disruptions, birth defects and harmful impacts on gut bacteria because they are irrelevant.

However, in discussing the science which supports Plaintiffs experts' opinions, it is likely that other untoward and devastating effects of Glyphosate will come to light as it is part of the medical literature. Accordingly, Plaintiffs oppose Monsanto's Motion *In Limine* in this respect.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' respectfully request that this Court DENY Defendant's Motion *In Limine* No. 11.

Dated: 1/30/2019                                    Respectfully submitted,

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360

/s/ Robin Greenwald
Robin L. Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway

New York, NY  10003
Tel: (212) 558-5802

/s/ Michael J. Miller
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
mmiller@millerfirmllc.com
bbrake@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave.
Orange, VA  22960
Telephone: (540) 672-4224

### CERTIFICATE OF SERVICE

I certify that on January 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com