# EXHIBIT 6

FILED
San Francisco County Superior Court

APR 3 - 2018

CLERK OF THE COURT
BY: _____
                Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| DEWAYNE JOHNSON, ET AL.<br><br>Plaintiffs,<br><br>vs.<br><br>MONSANTO COMPANY, ET AL.<br><br>Defendants. | Case No. CGC – 16-550128<br><br>ORDER DENYING MONSANTO'S MOTION FOR CONTINUANCE OF TRIAL DATE AND RE: MOTIONS IN LIMINE |

Plaintiff Dewayne Johnson brought this products liability action against Monsanto alleging that he contracted non-Hodgkin lymphoma as a result of his exposure to glyphosate, which is contained in Monsanto's herbicides. Johnson was diagnosed with non-Hodgkin lymphoma in 2014.

On July 21, 2017, Johnson filed a motion for trial preference pursuant to C.C.P. § 36(d)-(e) on the ground that there was substantial medical doubt that he would live more than six months. Defendants opposed the motion. On August 21, 2017, before the motion was heard, the parties entered a stipulation pursuant to which: (1) Johnson dismissed all of the Defendants except for Monsanto; (2) Johnson withdrew his motion for trial preference; (3) Monsanto agreed not to remove this action to federal court; (4) Johnson and Monsanto agreed that the trial date would be set for June 2018, even if Johnson passes away prior to that date; (5) Johnson and Monsanto agreed to request that trial be set on this Department's calendar; and, if a June 2018

-1-

**Monsanto's Motion in Limine No. 3**

Monsanto seeks exclusion of mention of all other litigation involving Monsanto. While some 4000 cases have been filed,[2] it appears from argument that there were about 6 or 7 of them filed before Johnson's last exposure to Monsanto's glyphosate which alleged the sort of injury suffered by Johnson. Whether substantiated or not, these complaints could be treated as notice to Monsanto of the alleged connection between glyphosate and the injury at issue in this case. Monsanto at argument said that as a result of other studies (i.e. the IARC study), it was already aware of the allegation, but this shouldn't block plaintiffs from also introducing the facts of the filing of the 6 or 7 cases to show notice. Monsanto may propose to the trial judge a short limiting instruction that makes it clear the fact of the filing of the complaints does not establish the truth of any of the allegations in them.

The motion is denied.

**Monsanto's Motion in Limine No. 4**

Defendant moves for an order excluding any evidence or argument about the presence of glyphosate in breast milk, food, or other sources unrelated to Johnson's alleged route of exposure. Monsanto contends that references to other potential sources of glyphosate exposure will inflame the jury against Monsanto based on their own fear that they may have been exposed.

First, evidence relating to glyphosate exposure through breast milk should be excluded. There is no allegation or argument that Johnson was exposed to glyphosate through breast milk.

Second, evidence relating to exposure through the other means alleged in the complaint should not be excluded. If and to the extent his expert bases his or her opinion on Johnson's total

---

[2] Mentioning the total—4000—would plainly create a substantial risk of undue prejudice that outweighs any probative value. E.C. § 352.

intake of glyphosate including by way of food, Johnson may properly introduce evidence of such intake.

**Monsanto's Motion in Limine No. 5**

Monsanto seeks to exclude evidence about Monsanto's corporate activities after January 2016, when Johnson last used on of Monsanto's glyphosate. This includes Monsanto's investigation of the International Agency for Research on Cancer's (IARC) decision-making process and Monsanto's lawsuit against California's Office of Environmental Health Hazard Assessment (OEHHA).

Johnson responds that evidence of some action taken by Monsanto after January 2016 is relevant, such as the asserted fact that Monsanto ghost-wrote articles relating to the safety of glyphosate from at least 2000 through 2016, including three Intertek CRT Articles published in 2016, one of which is cited by Monsanto's expert in this case. Monsanto has no clear reply to this, and the motion in limine regarding this is denied.

Even after argument, plaintiff's position on Monsanto's IARC investigation and suit against OEHHA is unclear. Plaintiff's counsel assert that Monsanto quietly lobbied politicians and other third parties to attack the IARC study, portraying all this as evidence of Monsanto's continuing efforts to obscure the asserted truth about glyphosate. The same is said of the lawsuit against OEHHA. At argument, plaintiff's counsel may have suggested he had no intention of getting into the details of these events. In any event, responding to these sorts of arguments will be an undue consumption of time; and risk serious prejudice: first the parties will wrangle on whether Monsanto's actions were in fact in bad faith or motivated by a desire to cover up the

truth,[3] and then the jury will be asked to infer from that to Monsanto's pre-2016 actions which assertedly caused plaintiff's injuries.

The motion as to ghost-written articles is denied.[4] As to Monsanto's investigation of IARC and the suit against OEHHA, it is granted.

Dated: April 3, 2018

_____
Curtis E.A. Karnow
Judge Of The Superior Court

---

[3] This is particularly fraught when it comes to a lawsuit which has not been adjudicated in bad faith or a malicious prosecution.
[4] Whether the evidence ultimately is admitted depends on events at trial- if Monsanto's experts never in fact rely on them they may not be relevant.