**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
Aimee.wagstaff@andruswagstaff.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax: (646) 293-4921
rgreenwald@weitzlux.com

**THE MILLER FIRM, LLC**
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
108 Railroad Ave.
Orange, VA 22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055
mmiller@millerfirmllc.com
bbrake@millerfirmllc.com

*Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: | **PLAINTIFFS' OPPOSITION TO MONSANTO'S MOTION *IN LIMINE* NO. 13 RE LOBBYING ACTIVITY AND GENERATION OF SUPPORT FOR REGISTRATION OF GLYPHOSATE** |
| *Hardeman v. Monsanto Co., et al.,* 3:16-cv-0525-VC *Stevick v. Monsanto Co., et al.,* 3:16-cv-02341-VC *Gebeyehou v. Monsanto Co., et al.,* 3:16-cv-5813-VC | |

1

PLAINTIFFS' OPPOSITION TO MONSANTO'S MOTION *IN LIMINE* NO. 13 RE LOBBYING ACTIVITY AND GENERATION OF SUPPORT FOR REGISTRATION OF GLYPHOSATE

## I.      INTRODUCTION

Plaintiffs oppose Monsanto's Motion to exclude any evidence, argument, or reference to Monsanto's lobbying activity and generation of support for the registration of glyphosate. Evidence of Monsanto's lobbying activities is relevant to show: (1) Monsanto's knowledge of the cancer risk associated with exposure to glyphosate-containing herbicides ("GHBs"); (2) Monsanto's efforts to prevent consumers from learning of the risks associated with GHBs; and (3) that Monsanto, in light of such knowledge and conduct, engaged in acts that constitute malice, oppression, or fraud.

## II.     ARGUMENT

Monsanto suggests that the *Noerr-Pennington* doctrine requires the exclusion of all evidence relating to lobbying and all other "protected" First Amendment activity.  In support of its position, Monsanto only mentions in a footnote *Hernandez v. Amcord, Inc.*, 215 Cal.App.4th 659 (2013), the seminal decision from the California Court of Appeals on the application of the *Noerr-Pennington* doctrine to questions of admissibility. In *Hernandez*, the Court noted that the *Noerr-Pennington* is not a rule of evidence and only serves to shield defendants from **liability** based on the right to petition government officials. *Id*. at 679.  Thus, "while a corporation's petitioning of government officials may not itself form the basis of liability, evidence of such petitioning activity may be admissible if otherwise relevant to show the purpose and character of other actions of the corporation." *Id*. at 679 (*citing Pennington*, 381 U.S. 670, fn. 3 (*finding* that evidence of a defendant's efforts to influence officials may be introduced if it shows the purpose and character of the particular transactions under scrutiny")). In other words, the *Noerr-Pennington* doctrine does not "forbid the introduction of evidence of governmental petitioning activity." *Hernandez*, 215 Cal.App.4th at 680.

In this case, Plaintiffs intend to offer evidence about how Monsanto attempted to influence, petition, or communicate with the EPA, scientists and other regulatory bodies to demonstrate Monsanto's knowledge, state of mind, and intent.  This Court has already stated that "A significant

2

portion of the plaintiffs' case involves attacks on Monsanto for attempting to influence regulatory agencies and manipulate public opinion regarding glyphosate.  **These issues are relevant to punitive damages and some liability questions."**  (PTO NO.61 Re: Bifurcation) (emphasis added) 1/3/19.

Despite Monsanto's suggestion to the contrary, the overwhelming majority of courts permit evidence of lobbying activity and petitioning of government officials for these purposes. *See Hernandez,* 215 Cal.App.4th at 679-80*; In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prod. Liab. Litig.*, 181 F. Supp. 3d 278, 2016 (E.D. Pa. 2016); *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 8130449, at *2 (S.D.N.Y. Dec. 3, 2015); *Cipollone v. Liggett Group, Inc.,* 668 F. Supp. 408, 411 (D.N.J. 1987) ("Although one court has suggested that such evidence is presumptively prejudicial… this court deems such a presumption inappropriate in this case, where the lobbying activity, though protected, is alleged to be ethically questionable."). As one federal court recently held in denying a motion *in limine* to exclude evidence under *Noerr-Pennington*:

> [T]he proper remedy for those concerns is care in instructing the jury with respect to what it must find in order to hold New GM liable and, if New GM requests it, perhaps also curative instructions making clear to the jury on what it may *not* base its verdict. *See Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 136 (2d Cir. 2008). The proper remedy is not exclusion of evidence that is otherwise relevant and admissible in connection with Plaintiff's claims.

*In re: Gen. Motors*, 2015 WL 8130449 at *2.

At trial, Monsanto will rely heavily on the registration of glyphosate and the EPA's conclusions regarding its carcinogenicity. Monsanto seeks to exclude critical evidence regarding its submissions, meetings, and involvement in this process and the conclusions reached by the EPA. Taken to its logical conclusion, the granting of Monsanto's Motion would preclude *all* evidence relating to Monsanto's submissions or communications to the EPA, regulators, scientists and consultants.

The evidence in the *Johnson*, the very same evidence that Plaintiffs intend to present to this Court, was sufficient to go to a jury to show that Monsanto has "continuously sought to influence the scientific literature to prevent its internal concerns from reaching the public sphere and to bolster its defenses in product liability actions." Order denying Def's Summ. Judg. (May 17, 2018) ("Order, Summ. Judg.") at 45. (Exhibit 1). All of this evidence is relevant to Monsanto's knowledge of glyphosate's risks and whether Monsanto acted as a reasonable manufacturer in failing to warn of the risks associated with GHB's.

Monsanto relies on *Weit v. Continental Illinois Nat. Bank & Tr. Co. of Chicago*, 641 F. 2d 457 (7th Cir. 1981) and *U.S. Football League v. Nat'l Football. League*, 634 F. Supp. 1155 (S.D.N.Y. 1986), to support its arguments that evidence of lobbying and "generation of support" for glyphosate should be excluded. Neither of these antitrust cases support Monsanto's position. Indeed, both *Weit* and *U.S. Football League* support the principle that lobbying activities should be admitted when any prejudice to defendants is not substantially outweighed by the probative value of the evidence.

In *Weit*, plaintiffs alleged that five banks entered into a price-fixing conspiracy in violation of the Sherman Act. 641 F. 2d at 458. Plaintiffs' argued that evidence of defendant's lobbying activity was relevant to the question of whether the banks conspired to fix interest rates as "the banks would not have worked together in lobbying for passage of a bill in the legislature unless they had implicitly agreed on an interest rate as well." *Id*. at 466. The Seventh Circuit affirmed the exclusion of lobbying activity as it was likely that an unskilled jury would conclude that the passage of a law favorable to the banks was the product of an unlawful conspiracy. *Id*. at 467. As there was no other evidence of a conspiracy, the focus of the jury's attention to lobbying would be unfairly prejudicial as it "**could easily result in a finding of antitrust liability** for engaging in the First Amendment right to petition which *Noerr-Pennington* protects." *Id*. (emphasis added).

Once again, in this case, the jury will not be asked to hold Monsanto *liable* for engaging in lobbying or other activities relating to the registration of glyphosate. In *Weit*, the court found that

PLAINTIFFS' OPPOSITION TO MONSANTO'S MOTION *IN LIMINE* NO. 13 RE LOBBYING ACTIVITY
AND GENERATION OF SUPPORT FOR REGISTRATION OF GLYPHOSATE

evidence of lobbying was prejudicial because the jury would more likely than not base its findings on unsupported conclusions rather than the evidence itself. Here, the prejudice that concerned the court in *Weit* would result from the *exclusion* of lobbying evidence; not the admission. If lobbying and "support garnering" evidence was excluded, the jury would likely afford undue weight to EPA's findings as they would mistakenly believe that the advisory panels and scientists reached their conclusions and opinions regarding GHBs independent of any influence by Monsanto. The Court should not permit such a one-sided presentation of the facts.

Finally, evidence of lobbying activity and generation of support for the registration of glyphosate is relevant to punitive damages. Under California law, any evidence that permits an inference that the defendant was aware of the probable dangerous consequences of its conduct and willfully and deliberately failed to avoid such consequences is relevant to show the defendant acted with conscious disregard of the safety of others. In denying Monsanto's motion for summary judgment on punitive damages, the *Johnson* Court highlighted specific evidence of Monsanto's activities that could support a jury finding of clear and convincing evidence of malice, fraud, or oppression. *See* Order Summ. Judg. at 45-46. (Exhibit 1). Much of this evidence, including Monsanto's securing of experts and ghostwriting, would arguably be subject to Monsanto's Motion to exclude evidence relating to the "generation of support for the registration of glyphosate."

## CONCLUSION

For the foregoing reasons, the Court should deny Monsanto's Motion in *limine* to exclude all evidence, argument or reference to Monsanto's lobbying activity and generation of support for the registration of glyphosate, and any argument that such activities are evidence of allegedly nefarious conduct.

Dated: 1/30/2019                          Respectfully submitted,


                                          /s/ Aimee Wagstaff
                                          Aimee H. Wagstaff (SBN 278480)
                                          aimee.wagstaff@andruswagstaff.com
                                          Andrus Wagstaff, P.C.
                                          7171 W. Alaska Drive
                                          Lakewood, CO  80226
                                          Tel: (303) 376-6360

                                          /s/ Robin Greenwald
                                          Robin L. Greenwald
                                          rgreenwald@weitzlux.com
                                          Weitz & Luxenberg
                                          700 Broadway
                                          New York, NY  10003
                                          Tel: (212) 558-5802

                                          /s/ Michael J. Miller
                                          Michael J. Miller (*pro hac vice*)
                                          Brian K. Brake (*pro hac vice*)
                                          mmiller@millerfirmllc.com
                                          bbrake@millerfirmllc.com
                                          The Miller Firm LLC
                                          108 Railroad Ave.
                                          Orange, VA  22960
                                          Telephone: (540) 672-4204

                                          *Co-Lead Counsel for Plaintiffs*


## CERTIFICATE OF SERVICE

I certify that on January 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.


                                          /s/ Aimee Wagstaff
                                          Aimee H. Wagstaff (SBN 278480)
                                          aimee.wagstaff@andruswagstaff.com