**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
Aimee.wagstaff@andruswagstaff.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax: (646) 293-4921
rgreenwald@weitzlux.com

**THE MILLER FIRM, LLC**
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
108 Railroad Ave.
Orange, VA 22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055
mmiller@millerfirmllc.com
bbrake@millerfirmllc.com

*Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: *Hardeman v. Monsanto Co., et al.,* 3:16-cv-0525-VC; *Stevick v. Monsanto Co., et al.,* 3:16-cv-02341-VC; *Gebeyehou v. Monsanto Co., et al.* 3:16-cv-5813-VC | **PLAINTIFFS' NOTICE OF MOTION AND MOTION IN *LIMINE* NO. 13 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING ATTORNEY RETENTION AND ATTORNEY ADVERTISING** |

1

PLAINTIFFS' MOTION IN *LIMINE* NO. 13 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING ATTORNEY RETENTION AND ATTORNEY ADVERTISING

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** beginning on February 13, 2019 in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Plaintiffs will present their Motion in *Limine* to Exclude Evidence, Testimony, and Argument Regarding Attorney Retention and Attorney Advertising. A supporting memorandum is filed herewith.

Dated: 1/30/2019                                   Respectfully submitted,

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360

/s/ Robin Greenwald
Robin L. Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY 10003
Tel: (212) 558-5802

/s/ Michael J. Miller
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
mmiller@millerfirmllc.com
bbreake@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave.
Orange, VA  22960
Telephone: (540) 672-4224

*Plaintiffs' Co-Lead Counsel*

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs hereby submit the following memorandum of points and authorities in support of their motion in *limine* to preclude any mention of attorney retention and attorney advertising.

## I. INTRODUCTION

This motion in *limine* is based upon FRE 401 and 403 and made upon the grounds that attorney retention and attorney advertising are irrelevant in this case. This Court should exclude any evidence or argument suggesting that this case was generated by attorneys, or any other evidence or argument of attorney involvement or motivation. Such remarks are inflammatory, and constitute an improper attempt to prejudice the jury through the suggestion that Plaintiffs are pursuing their claims only because an attorney advised it.

It is anticipated that Defendant may attempt to introduce evidence or argument that this case is driven solely by attorneys, by attorney advertising, and that Plaintiffs' counsel specializes in litigating pharmaceutical and/or product liability cases, and/or that Plaintiffs' counsel represents plaintiffs in a large volume of Roundup® or other pending lawsuits. Such evidence or argument is irrelevant and highly prejudicial and should be excluded.

## II. ARGUMENT

### A. Evidence of Attorney Advertising Is Irrelevant To The Issues In This Case And Highly Prejudicial.

Any statements or evidence regarding an attorney's involvement in a lawsuit necessarily encroaches on the attorney-client privilege. It likewise has no relevance to the issues in this case and results in unfair prejudice to Plaintiffs. Such evidence or argument has no bearing on whether Defendant's product was defective and was the cause of Plaintiffs' NHL.

Courts are hesitant to allow even limited evidence of attorney advertisements, in order to protect a fair trial for plaintiffs, as well as to protect attorney-client privilege. *See In re Norplant Contraceptive Prods. Liab. Litig.,* MDL 1038, 1997 WL 81087, at *1 (E.D. Tex. Feb. 21, 1997) (*granting* Plaintiffs' motion in *limine* to exclude defendants' experts' opinions regarding negative

1

PLAINTIFFS' MOTION IN *LIMINE* NO. 13 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING ATTORNEY RETENTION AND ATTORNEY ADVERTISING

media stories and attorney advertisements); *In re Prempro Prods. Liab. Litig.,* 4:04CV01169, 2007 WL 3125106, at *1 (E.D. Ark. Oct. 24, 2007). Similarly, whether Plaintiffs' counsel represents a large volume of clients due to injuries caused by Roundup® or any other defective product cases, is irrelevant to the issues in this case and could only prejudice the Plaintiffs if admitted. Accordingly, this evidence is irrelevant and should be excluded.

### B. Evidence of Attorney Retention And Advertising Is Protected By Attorney-Client Privilege.

The attorney-client privilege is carefully safeguarded with only a few specific exceptions. *Rosso, Johnson, Rosso & Ebersold v. Super. Ct.*, 237 Cal Rptr. 242, 244 (1987). The privilege applies during preliminary discussions with counsel, even if employment is declined. *In re Dupont's Est.,* 140 P.2d 866, 872 (1943). Any conversations that Plaintiffs had with their counsel, regarding filing a lawsuit and the decision to pursue this case, fall squarely within the attorney-client privilege. Any information Plaintiffs received from counsel likewise falls squarely within the privilege. As such, any evidence concerning Plaintiffs' decision to proceed with this lawsuit based on any discussions and communications with their attorneys are protected by attorney-client privilege and are inadmissible. Accordingly, Defendant should not be permitted to imply that counsel is driving the lawsuit or that counsel had any effect upon Plaintiffs' decision to pursue this lawsuit.

## III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court enter an Order granting this motion *in limine* and excluding any evidence, testimony, and argument regarding attorney retention and attorney advertising.

Dated: 1/30/2019	Respectfully submitted,

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360

/s/ Robin Greenwald
Robin L. Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY 10003
Tel: (212) 558-5802

/s/ Michael J. Miller
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
mmiller@millerfirmllc.com
bbreake@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave.
Orange, VA  22960
Telephone: (540) 672-4224

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I certify that on January 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com

3
PLAINTIFFS' MOTION IN *LIMINE* NO. 13 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING ATTORNEY RETENTION AND ATTORNEY ADVERTISING