**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
           elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *James Edward Gardner and Cynthia Gardner v. Monsanto Co.*, Case No. 3:19-cv-00443-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs James Edward Gardner and Cynthia Gardner's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.     Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.     Monsanto denies the allegations in paragraph 2.

3.     Monsanto denies the allegations in paragraph 3.

4.     The allegations in paragraph 4 set forth conclusions of law for which no response

- 1 -

1   is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

2   paragraph 4 based upon the allegations in plaintiffs' Complaint.

3          5.          Monsanto admits the allegations in paragraph 5.

4          6.          The allegations in paragraph 6 set forth conclusions of law for which no response

5   is required.

6          7.          The allegations in the first sentence of paragraph 7 set forth conclusions of law for

7   which no response is required.  In response to the second sentence of paragraph 8, Monsanto

8   admits that it sells Roundup®-branded products in Florida.  In response to the allegations in the

9   final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiffs' claims and

10  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

11  allegations regarding where certain other events giving rise to plaintiffs' claims occurred and

12  therefore denies those allegations.

13         8.          Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in the first sentence of paragraph 8 and therefore denies those allegations.

15  Monsanto denies the remaining allegations in paragraph 8.

16         9.          The allegations in paragraph 9 comprise attorney characterizations and are

17  accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs

18  have a variety of separate and distinct uses and formulations.

19         10.         Monsanto admits the allegations in paragraph 10.

20         11.         In response to the allegations in paragraph 11, Monsanto admits that it sells

21  Roundup®-branded products in Florida.

22         12.         Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 12 and therefore denies those allegations.

24         13.         The allegations in paragraph 13 are vague and conclusory and comprise attorney

25  characterizations and are accordingly denied.

26         14.         The allegations in paragraph 14 are vague and conclusory and comprise attorney

27  characterizations and are accordingly denied.

28         15.         Monsanto admits the allegations in paragraph 15.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-00443-VC

16.     Monsanto admits that it is authorized to do business in Florida.  The remaining allegations of paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     The allegations in paragraph 17 set forth conclusions of law for which no response is required.

18.     Monsanto denies the allegations in paragraph 18.

19.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 20 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

21.     Monsanto admits the allegations in paragraph 21.

22.     Monsanto admits the allegations in paragraph 22.

23.     In response to the allegations in paragraph 23, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 23 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

24.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 24 comprise attorney characterizations and are accordingly denied.

25.     Monsanto admits the allegations in paragraph 25.

26.     Monsanto generally admits the allegations in paragraph 26, but denies the allegations in paragraph 26 to the extent that they suggest that glyphosate is present in any plants

1   at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

2   the United States Environmental Protection Agency ("EPA").

3         27.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4   truth of the allegations in paragraph 27 and therefore denies those allegations.

5         28.    Monsanto admits that it is the leading producer of seeds that contain the Roundup

6   Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

7   farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

8   belief as to the accuracy of the specific numbers and statistics provided in the remaining

9   sentences of paragraph 28 and therefore denies those allegations.  Monsanto denies the

10   remaining allegations in paragraph 28.

11         29.    Monsanto admits the allegations in paragraph 29.

12         30.    Monsanto admits that Roundup®-branded products have been used by farmers for

13   approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

14   properties and denies the remaining allegations in paragraph 30.

15         31.    The allegations in paragraph 31 set forth conclusions of law for which no

16   response is required.  To the extent that a response is deemed required, Monsanto admits the

17   allegations in paragraph 31.

18         32.    In response to the allegations in paragraph 32, Monsanto admits that EPA requires

19   registrants of herbicides to submit extensive data in support of the human health and

20   environmental safety of their products and further admits that EPA will not register or approve

21   the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

22   Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 32 set forth

23   conclusions of law for which no response is required.

24         33.    The allegations in paragraph 33 set forth conclusions of law for which no

25   response is required.

26         34.    Monsanto admits that Roundup®-branded products are registered by EPA for

27   manufacture, sale and distribution and are registered by the State of Florida for sale and

28   distribution.

- 4 -

1      35.     In response to the allegations in paragraph 35, Monsanto admits that EPA requires

2   registrants of herbicides to submit extensive data in support of the human health and

3   environmental safety of their products and further admits that EPA will not register or approve

4   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

5   states that the term "the product tests" in the final sentence of paragraph 35 is vague and

6   ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 35

7   set forth conclusions of law for which no answer is required.

8      36.     Monsanto denies the allegations in paragraph 36 to the extent that they suggest

9   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

10   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

11   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

12   of the allegations in paragraph 36 regarding such pesticide products generally and therefore

13   denies those allegations.  The remaining allegations in paragraph 36 set forth conclusions of law

14   for which no response is required.

15      37.     There is no paragraph numbered "37" in the Complaint, and therefore no response

16   is required.

17      38.     In response to the allegations in paragraph 38, Monsanto admits that EPA has

18   undertaken a regulatory review of glyphosate and further admits that EPA has not released its

19   findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

20   Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

21   concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

22   humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

23   posted an October 2015 final report by its standing Cancer Assessment Review Committee

24   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

25   ───────────────────

26   [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic
    Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
    document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in

27   anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
    potential.

28

1    to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

2    issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

3    the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

4    humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

5    of the remaining allegations in paragraph 38 and therefore denies those allegations.

6          39.  In response to the allegations in paragraph 39, Monsanto admits that the New

7    York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

8    advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

9    admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

10   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

11   the subparts purport to quote a document, the document speaks for itself and thus does not

12   require any further answer.  The remaining allegations in paragraph 39 are vague and conclusory

13   and comprise attorney characterizations and are accordingly denied.

14         40.    In response to the allegations in paragraph 40, Monsanto admits it entered into an

15   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

16   itself and thus does not require any further answer.  The remaining allegations in paragraph 40

17   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18         41.    Monsanto denies the allegations in paragraph 41.

19         42.    In response to the allegations in paragraph 42, Monsanto admits that the French

20   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

21   that it "left the soil clean," but denies the allegations in paragraph 42 to the extent that they

22   suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

23

24   ───────────────
     [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
25   U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
     *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
26   Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.
     [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of*
27   *Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/
     document?D=EPA-HQ-OPP-2016-0385-0528.
28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-00443-VC

1    cancer.  Monsanto denies the remaining allegations in paragraph 42.

2        43.    Monsanto denies the allegations in paragraph 43.

3        44.    In response to the allegations in paragraph 44, Monsanto states that the cited

4    document speaks for itself and does not require a response.  To the extent that the allegations in

5    paragraph 44 go beyond a restatement of the cited document, Monsanto lacks information or

6    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44

7    and therefore denies those allegations.

8        45.    Monsanto admits the allegations in paragraph 45.

9        46.    In response to the allegations in paragraph 46, Monsanto states that the cited the

10   document speaks for itself and does not require a response.  To the extent that the allegations in

11   paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or

12   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46

13   and therefore denies those allegations.

14       47.    Monsanto states that the term "toxic" as used in paragraph 47 is vague and

15   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

16   denies the allegations in paragraph 47.

17       48.    Monsanto admits the allegations in paragraph 48.

18       49.    In response to the allegations in paragraph 49, Monsanto states that the document

19   speaks for itself and does not require a response.  To the extent that a response is deemed

20   required, Monsanto denies the allegations in paragraph 49.

21       50.    In response to the allegations in paragraph 50, Monsanto admits that Julie Marc

22   published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

23   the extent that paragraph 50 characterizes the meaning of the cited study, Monsanto denies the

24   remaining allegations in paragraph 50.

25       51.    In response to the allegations in paragraph 51, Monsanto states that these

26   documents speak for themselves and do not require a response.  To the extent that a response is

27   deemed required, Monsanto denies the allegations in paragraph 51.

28       52.    In response to the allegations in paragraph 52, Monsanto states that the cited

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-00443-VC

1  document speaks for itself and does not require a response.  To the extent that paragraph 52

2  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

3  paragraph 52.

4       53.    Monsanto denies the allegations in paragraph 53.

5       54.    In response to the allegations in paragraph 54, Monsanto states that the cited

6  document speaks for itself and does not require a response.  To the extent that paragraph 54

7  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

8  paragraph 54.

9       55.    In response to the allegations in paragraph 55, Monsanto states that the cited

10  document speaks for itself and does not require a response.  To the extent that paragraph 55

11  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

12  paragraph 55.

13       56.    Monsanto denies the allegation that the cited studies support the allegation that

14  glyphosate or Roundup®-branded products pose any risk to human health and denies the

15  remaining allegations in paragraph 56.

16       57.    Monsanto denies the allegations in paragraph 57.

17       58.    Monsanto denies the allegations in paragraph 58.

18       59.    Monsanto denies the allegations in paragraph 59.

19       60.    Monsanto denies the allegations in paragraph 60.

20       61.    Monsanto admits that it has in the past promoted, and continues to promote,

21  Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

22  Monsanto denies the remaining allegations in paragraph 61.

23       62.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

24  is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

25  lacks information or knowledge sufficient to form a belief as to the truth of the remaining

26  allegations in paragraph 62 and therefore denies those allegations.

27       63.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28  truth of the allegations in paragraph 63 and therefore denies those allegations.  Monsanto denies

1  that glyphosate met the criteria necessary to be eligible for review.

2       64.     Monsanto lacks information or knowledge sufficient to form a belief as to the

3  truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies

4  that glyphosate met the criteria necessary to be eligible for review.

5       65.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

6  carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

7  evidence was "cumulative."  The remaining allegations in paragraph 65 are vague and

8  conclusory and comprise attorney characterizations and are accordingly denied.

9       66.     Monsanto admits that the full IARC Monograph regarding glyphosate was

10  published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

11  2A carcinogen.  In response to the remaining allegations in paragraph 66, Monsanto states that

12  the document speaks for itself and does not require a response.  To the extent that a response is

13  deemed required, the remaining allegations in paragraph 66 comprise attorney characterizations

14  and are accordingly denied.

15       67.     Monsanto denies the allegations in paragraph 67.  The IARC working group

16  concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

17  which, per IARC's guidelines, means that the working group could not rule out chance, bias or

18  confounding so as to reach any conclusion of an increased risk.

19       68.     In response to the allegations in paragraph 68, Monsanto states that the document

20  speaks for itself and does not require a response.  To the extent that a response is deemed

21  required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly

22  denied.

23       69.     Monsanto denies the allegations in paragraph 69.

24       70.     The allegations in paragraph 70 comprise attorney characterizations and are

25  accordingly denied.

26       71.     Monsanto admits the allegations in paragraph 71.

27       72.     In response to the allegations in paragraph 72, Monsanto states that the cited

28  document speaks for itself and does not require a response.  To the extent that paragraph 72

- 9 -

1    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

2    paragraph 72.

3         73.    In response to the allegations in paragraph 73, Monsanto admits that certain

4    studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

5    under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

6    evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

7    animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

8    paragraph 73.

9         74.    The allegations in paragraph 74 are vague and ambiguous and are accordingly

10   denied.

11        75.    In response to the allegations in paragraph 75, Monsanto states that the cited

12   document speaks for itself and does not require a response.

13        76.    In response to the allegations in paragraph 76, Monsanto states that the cited

14   document speaks for itself and does not require a response.  To the extent that paragraph 76

15   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

16   paragraph 76.

17        77.    Monsanto denies the allegations in paragraph 77.

18        78.    In response to the allegations in paragraph 78, Monsanto states that the cited

19   document speaks for itself and does not require a response.  Monsanto otherwise denies the

20   allegations in paragraph 78.

21        79.    Monsanto admits that there is no reliable evidence that Roundup®-branded

22   products are genotoxic and that regulatory authorities and independent experts agree that

23   Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

24   paragraph 79.

25        80.    Monsanto denies the allegations in paragraph 80.

26        81.    Monsanto denies the allegations in paragraph 81.

27        82.    Monsanto denies the allegations in paragraph 82.

28        83.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

1    exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 83.

2         84.     Monsanto denies the allegations in paragraph 84.

3         85.     Monsanto denies the allegations in paragraph 85.

4         86.     Monsanto admits the allegations in paragraph 86.

5         87.     Monsanto denies the allegations in paragraph 87.

6         88.     Monsanto admits the allegations in paragraph 88.

7         89.     Monsanto denies the allegations in paragraph 89.

8         90.     Monsanto denies the allegations in paragraph 90.

9         91.     Monsanto denies the allegations in paragraph 91.

10        92.     Monsanto denies the allegations in paragraph 92.

11        93.     Monsanto denies the allegations in paragraph 93.

12        94.     Monsanto denies the allegations in paragraph 94.

13        95.     Monsanto denies the allegations in paragraph 95.

14        96.     Monsanto admits that independent experts and regulatory agencies agree that

15   there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

16   products and admits that it has made statements reflecting this fact.  Monsanto denies the

17   remaining allegations in paragraph 96.

18        97.     In response to the allegations in paragraph 97, Monsanto admits that Roundup®-

19   branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

20   the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

21   97.

22        98.     In response to the allegations in paragraph 98, Monsanto admits that an EPA

23   review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

24   denies the remaining allegations in paragraph 98.

25        99.     In response to the allegations in paragraph 99, Monsanto admits that EPA

26   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

27   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

28   denies the remaining allegations in paragraph 99.

1   100.   In response to the allegations in paragraph 100, Monsanto admits that plaintiffs

2   have accurately quoted from one passage in an EPA document in 1991 with respect to the

3   designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

4   does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP

5   reports and the EPA CARC Final Report discussed above, other specific findings of safety

6   include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

25   Monsanto denies the remaining allegations in paragraph 100.

26   101.   In response to the allegations in paragraph 101, Monsanto admits that it – along

27   with a large number of other companies and governmental agencies – was defrauded by two

28   chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

1   testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

2   toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

3   glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

4   studies.  To the extent that the allegations in paragraph 101 are intended to suggest that

5   Monsanto was anything other than a victim of this fraud, such allegations are denied.

6        102.    In response to the allegations in paragraph 102, Monsanto admits that IBT

7   Laboratories was hired to conduct toxicity studies in connection with the registration of a

8   Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

9   based upon any fraudulent or false IBT studies.

10        103.    Monsanto denies the allegations in paragraph 103 to the extent they suggest that

11   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

12   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

13   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

14   connection with services provided to a broad number of private and governmental entities and

15   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

16   one of several pesticide manufacturers who had used IBT test results.  The audit found some

17   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

18   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

19   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

20   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 103 are

21   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

22   denies those allegations.

23        104.    In response to the allegations in paragraph 104, Monsanto admits that three IBT

24   employees were convicted of the charge of fraud, but Monsanto denies that any of the

25   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

26   herbicides.

27        105.    In response to the allegations in paragraph 105, Monsanto admits that it – along

28   with numerous other private companies – hired Craven Laboratories as an independent

- 13 -

1    laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

2    denies the remaining allegations in paragraph 105.

3            106.    In response to the allegations in paragraph 106, Monsanto admits that EPA

4    investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

5    paragraph 106 are intended to suggest that Monsanto was anything other than a victim of this

6    fraud, Monsanto denies those allegations.

7            107.    In response to the allegations in paragraph 107, Monsanto admits that it was

8    defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

9    at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 107

10   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

11   denies those allegations.

12           108.    In response to the allegations in paragraph 108, Monsanto admits that it has stated

13   and continues to state that Roundup®-branded products are safe when used as labeled and that

14   they are non-carcinogenic and non-genotoxic.

15           109.    In response to the allegations in paragraph 109, Monsanto admits that a 1986 joint

16   report of the World Health Organization and Food and Agriculture Organization of the United

17   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

18   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

19   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

20   carcinogen.  Monsanto denies the remaining allegations in paragraph 109.

21           110.    Monsanto denies the allegations in paragraph 110.

22           111.    Monsanto denies the allegations in paragraph 111.

23           112.    Monsanto denies the allegations in paragraph 112.

24           113.    Monsanto denies the allegations in paragraph 113.

25           114.    Monsanto denies the allegations in paragraph 114.

26           115.    Monsanto denies the allegations in paragraph 115.

27           116.    Monsanto denies the allegations in paragraph 116.

28           117.    Monsanto denies the allegations in paragraph 117.

1    118.    Monsanto denies the allegations in paragraph 118.

2    119.    Monsanto denies the allegations in paragraph 119.

3    120.    Monsanto denies the allegations in paragraph 120.

4    121.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 121 and therefore denies those allegations.

6    122.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 122 and therefore denies those allegations.

8    123.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in the first sentence of paragraph 123 and therefore denies those

10   allegations.  Monsanto denies the remaining allegations in paragraph 123.

11   124.    Monsanto denies the allegations in paragraph 124.

12   125.    In response to the allegations in paragraph 125, Monsanto denies that it has

13   concealed the alleged "true risks associated with Roundup and glyphosate."  The remaining

14   allegations in paragraph 125 set forth conclusions of law for which no response is required.

15   126.    In response to the allegations in paragraph 126, Monsanto admits that it has stated

16   and continues to state that Roundup®-branded products are safe when used as labeled and that

17   they are non-toxic and non-carcinogenic.

18   127.    In response to the allegations in paragraph 127, Monsanto states that the cited

19   document speaks for itself and does not require a response.

20   128.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

21   exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

22   128.  Monsanto states, however, that the scientific studies upon which IARC purported to base

23   its classification were all publicly available before March 2015.

24   129.    Monsanto denies that it concealed "the true character, quality and nature of

25   Roundup."  The remaining allegations of paragraph 129 set forth conclusions of law for which

26   no response is required.  To the extent that a response is deemed required, Monsanto denies all of

27   plaintiffs' allegations in paragraph 129.  Monsanto states, however, that the scientific studies

28   upon which IARC purported to base its classification were all publicly available before March

1  2015.

2  130. Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

3  and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

4  branded products can cause cancer. Monsanto states, however, that the scientific studies upon

5  which IARC purported to base its classification were all publicly available before March 2015.

6  The remaining allegations in paragraph 130 set forth conclusions of law for which no response is

7  required, consist of attorney characterizations and are accordingly denied, or comprise

8  allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

9  the truth of the allegations asserted and therefore denies those allegations.

10  131. Monsanto incorporates by reference its responses to paragraphs 1 through 130 in

11  response to paragraph 131 of plaintiffs' Complaint.

12  132. The allegations in paragraph 132 set forth conclusions of law for which no

13  response is required.

14  133. Monsanto denies the allegations in paragraph 133.

15  134. Monsanto denies the allegations in paragraph 134, including each of its subparts.

16  135. Monsanto denies the allegations in paragraph 135.

17  136. Monsanto denies the allegations in paragraph 136.

18  137. Monsanto denies the allegations in paragraph 137, including each of its subparts.

19  138. Monsanto denies the allegations in paragraph 138.

20  139. Monsanto denies the allegations in paragraph 139.

21  140. Monsanto denies the allegations in paragraph 140.

22  141. Monsanto denies the allegations in paragraph 141.

23  In response to the "WHEREFORE" paragraph following paragraph 141, Monsanto

24  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

25  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

26  fees as allowed by law and such further and additional relief as this Court may deem just and

27  proper.

28  142. Monsanto incorporates by reference its responses to paragraphs 1 through 141 in

1    response to paragraph 142 of plaintiffs' Complaint.

2           143.    In response to the allegations in paragraph 143, Monsanto lacks information or

3    knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

4    exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies

5    the remaining allegations in paragraph 143.

6           144.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 144 and therefore denies those allegations.

8           145.    Monsanto denies the allegations in paragraph 145.

9           146.    Monsanto denies the allegations in paragraph 146.

10          147.    Monsanto denies the allegations in paragraph 147.

11          148.    Monsanto denies the allegations in paragraph 148, including each of its subparts.

12          149.    Monsanto denies the allegations in paragraph 149.

13          150.    Monsanto denies that Roundup®-branded products have "dangerous

14   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the remaining allegations in paragraph 150 and therefore denies those allegations.

16          151.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 151 and therefore denies those allegations.

18          152.    Monsanto denies the allegations in paragraph 152.

19          153.    The allegations in paragraph 153 set forth conclusions of law for which no

20   response is required.

21          154.    Monsanto denies the allegations in paragraph 154.

22          155.    Monsanto denies the allegations in paragraph 155.

23          156.    Monsanto denies the allegations in paragraph 156.

24          157.    Monsanto denies the allegations in paragraph 157.

25          158.    Monsanto denies the allegations in paragraph 158.

26          159.    Monsanto denies the allegations in paragraph 159.

27          160.    Monsanto denies the allegations in paragraph 160.

28          161.    Monsanto denies the allegations in paragraph 161.

1     162.    Monsanto denies the allegations in paragraph 162.

2     In response to the "WHEREFORE" paragraph following paragraph 162, Monsanto

3   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

4   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

5   fees as allowed by law and such further and additional relief as this Court may deem just and

6   proper.

7     163.    Monsanto incorporates by reference its responses to paragraphs 1 through 162 in

8   response to paragraph 163 of plaintiffs' Complaint.

9     164.    Monsanto admits the allegations in paragraph 164.

10     165.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 165 and therefore denies those allegations.

12     166.    Monsanto denies the allegations in paragraph 166. All labeling of Roundup®-

13   branded products has been and remains EPA-approved and in compliance with all federal

14   requirements under FIFRA.

15     167.    Monsanto denies the allegations in paragraph 167.

16     168.    Monsanto denies the allegations in paragraph 168. All labeling of Roundup®-

17   branded products has been and remains EPA-approved and in compliance with all federal

18   requirements under FIFRA.

19     169.    Monsanto denies the allegations in paragraph 169. All labeling of Roundup®-

20   branded products has been and remains EPA-approved and in compliance with all federal

21   requirements under FIFRA and with Florida law.

22     170.    Monsanto denies the allegations in paragraph 170.

23     171.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24   truth of the allegations regarding plaintiff's use history in paragraph 171 and therefore denies

25   those allegations. Monsanto denies the remaining allegations in paragraph 171.

26     172.    The allegations in paragraph 172 set forth conclusions of law for which no

27   response is required.

28     173.    Monsanto denies the allegations in paragraph 173.

1    174.    Monsanto denies the allegations in paragraph 174.

2    175.    Monsanto denies the allegations in paragraph 175.

3    176.    Monsanto denies the allegations that Roundup®-branded products are defective

4    and accordingly denies the allegations in paragraph 176.

5    177.    The allegations in paragraph 177 set forth conclusions of law for which no

6    response is required.

7    178.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 178 and therefore denies those allegations.

9    179.    Monsanto denies the allegations in paragraph 179.

10    180.    Monsanto denies the allegations in paragraph 180.

11    181.    Monsanto denies the allegations in paragraph 181.

12    182.    Monsanto denies the allegations in paragraph 182.

13    183.    Monsanto denies the allegations in paragraph 183.

14    In response to the "WHEREFORE" paragraph following paragraph 183, Monsanto

15    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

16    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

17    fees as allowed by law and such further and additional relief as this Court may deem just and

18    proper.

19    184.    Monsanto incorporates by reference its responses to paragraphs 1 through 183 in

20    response to paragraph 184 of plaintiffs' Complaint.

21    185.    Monsanto denies the allegations in paragraph 185.  Additionally, the allegations

22    in the last sentence in paragraph 185 set forth conclusions of law for which no response is

23    required.

24    186.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25    truth of the allegations in paragraph 186 concerning the plaintiff's claimed use of Roundup®-

26    branded products and therefore denies those allegations.  The remaining allegations in paragraph

27    186 set forth conclusions of law for which no response is required.

28    187.    The allegations in paragraph 187 set forth conclusions of law for which no

1    response is required.

2         188.    Monsanto denies the allegations in paragraph 188.

3         189.    Monsanto denies the allegations in paragraph 189.

4         190.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 190 concerning the condition of any Roundup®-branded

6    product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore

7    denies the allegations in paragraph 190.

8         191.    Monsanto denies the allegations in paragraph 191.

9         192.    Monsanto denies the allegations in paragraph 192.

10        193.    Monsanto denies the allegations in paragraph 193.

11        In response to the "WHEREFORE" paragraph following paragraph 193, Monsanto

12   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

13   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

14   fees as allowed by law and such further and additional relief as this Court may deem just and

15   proper.

16        194.    Monsanto incorporates by reference its responses to paragraphs 1 through 193 in

17   response to paragraph 194 of plaintiffs' Complaint.

18        195.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 195 regarding the marital status of plaintiffs and accordingly

20   denies those allegations.

21        196.    Monsanto denies the allegations in paragraph 196.

22        In response to the "WHEREFORE" paragraph following paragraph 196, Monsanto

23   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

24   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

25   fees as allowed by law and such further and additional relief as this Court may deem just and

26   proper.

27        In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

28   denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

1    damages, interest, costs, or any other relief whatsoever.

2         Every allegation in the Complaint that is not specifically and expressly admitted in this

3    Answer is hereby specifically and expressly denied.

4                    **SEPARATE AND AFFIRMATIVE DEFENSES**

5         1.   The Complaint, in whole or part, fails to state a claim or cause of action against

6    Monsanto upon which relief can be granted.

7         2.   Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically

8    reliable evidence that the products at issue were defective or unreasonably dangerous.

9         3.   Any alleged negligent or culpable conduct of Monsanto, none being admitted, was

10   so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

11   plaintiffs' alleged injuries.

12        4.   Plaintiffs' claims are barred, in whole or in part, because the products at issue were

13   designed, manufactured, marketed and labeled with proper warnings, information, cautions and

14   instructions, in accordance with the state of the art and the state of scientific and technological

15   knowledge.

16        5.   Plaintiffs' claims are barred, in whole or in part, because the products at issue were

17   not defective or unreasonably dangerous in that they complied with, at all relevant times, all

18   applicable government safety standards.

19        6.   Any claims based on allegations that Monsanto misled, defrauded, made

20   misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

21   *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

22   *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

23        7.   Plaintiffs' claims are preempted, in whole or in part, by applicable federal law

24   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

25   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

26        8.   Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings

27   that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product

28   labeling.

9.   Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.   Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.   Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.   Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.   If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.   Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16.   Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.   Plaintiffs' claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.   Plaintiffs' claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

19.   Plaintiffs' claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

20.   Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

21.   If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

22.   Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize or limit such claims.

23.   Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

24.   Plaintiffs' claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

25.   To the extent that plaintiffs or plaintiffs' decedents recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76.

31.      In accordance with Fla. Stat. § 768.1257, plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

32.   Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

1

2                              **JURY TRIAL DEMAND**

3          Monsanto demands a jury trial on all issues so triable.

4

5    DATED:  February 1, 2019                Respectfully submitted,

6
                                             /s/ Joe G. Hollingsworth
7                                            Joe G. Hollingsworth (*pro hac vice*)
                                             (jhollingsworth@hollingsworthllp.com)
8                                            Eric G. Lasker (*pro hac vice*)
                                             (elasker@hollingsworthllp.com)
9                                            HOLLINGSWORTH LLP
                                             1350 I Street, N.W.
10                                           Washington, DC  20005
                                             Telephone:  (202) 898-5800
11                                           Facsimile:   (202) 682-1639

12
                                             *Attorneys for Defendant*
13                                           *MONSANTO COMPANY*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-00443-VC