**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

This document relates to:

*Richard Garrison v. Monsanto Co. et al.*,
Case No. 3:19-cv-00280-VC

MDL No. 2741

Case No. 3:16-md-02741-VC

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Richard Garrison's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Although many paragraphs in the complaint refer to "Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as if brought by plaintiff Richard Garrison.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability as to that claim. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's Complaint.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  Monsanto admits the allegations in the second sentence of paragraph 7.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 8 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 8.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

10.     Monsanto admits the allegations in paragraph 10.

11.     Monsanto admits the allegations in paragraph 11.

12.     The allegations in paragraph 12 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

13.     The allegations in paragraph 13 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

14.     The allegations in paragraph 14 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-00280-VC

15. The allegations in paragraph 15 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

16. The allegations in paragraph 16 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

17. Monsanto admits the allegations in paragraph 17.

18. The allegations in paragraph 18 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

19. In response to the allegations in paragraph 19, Monsanto denies that it engaged in any wrongdoing or wrongful acts or omissions. Monsanto denies – and objects to – allegations by plaintiff that purport to lump Monsanto together with other defendants. Monsanto responds to the allegations in paragraph 19 and other allegations in the Complaint only on behalf of Monsanto and not on behalf of any other defendant. The remaining allegations in paragraph 19 set forth conclusions of law and/or are directed at defendants other than Monsanto, so no response from Monsanto is required for these allegations.

20. In response to the allegations in paragraph 20, Monsanto admits that it sells Roundup®-branded products in Ohio.

21. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies those allegations.

22. The allegations in paragraph 22 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

23. The allegations in paragraph 23 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

24. Monsanto admits the allegations in paragraph 24.

25. Monsanto admits that it is authorized to do business in Ohio. The remaining allegations in paragraph 25 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

26. The allegations in paragraph 26 set forth conclusions of law for which no response is required.

1    27.    Monsanto denies the allegations in paragraph 27.

2    28.    Monsanto admits that it has designed, researched, manufactured, tested,

3    advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The

4    remaining allegations in paragraph 28 set forth conclusions of law for which no response is

5    required.

6    29.    Monsanto admits that it is an agricultural biotechnology corporation with a

7    principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its

8    affiliated companies have operations and offices in countries around the world.  Monsanto states

9    that the remaining allegations in paragraph 29 are vague and that it accordingly lacks information

10   or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

11   denies those allegations.

12   30.    Monsanto admits the allegations in paragraph 30.

13   31.    Monsanto admits the allegations in paragraph 31.

14   32.    In response to the allegations in paragraph 32, Monsanto admits that glyphosate is

15   an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

16   paragraph 32 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

17   to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies

18   those allegations.

19   33.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

20   The remaining allegations in paragraph 33 comprise attorney characterizations and are

21   accordingly denied.

22   34.    Monsanto admits the allegations in paragraph 34.

23   35.    Monsanto generally admits the allegations in paragraph 35, but denies the

24   allegations in paragraph 35 to the extent that they suggest that glyphosate is present in any plants

25   at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

26   the United States Environmental Protection Agency ("EPA").

27   36.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28   truth of the allegations in paragraph 36 and therefore denies those allegations.

- 4 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-00280-VC

37.      Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 37 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 37.

38.      Monsanto admits the allegations in paragraph 38.

39.      Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 39.

40.      The allegations in paragraph 40 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 40.

41.      In response to the allegations in paragraph 41, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 41 set forth conclusions of law for which no response is required.

42.      The allegations in paragraph 42 set forth conclusions of law for which no response is required.

43.      Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Ohio for sale and distribution.

44.      In response to the allegations in paragraph 44, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

1   states that the term "the product tests" in the final sentence of paragraph 44 is vague and

2   ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 44

3   set forth conclusions of law for which no answer is required.

4         45.      Monsanto denies the allegations in paragraph 45 to the extent that they suggest

5   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

6   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

7   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

8   of the allegations in paragraph 45 regarding such pesticide products generally and therefore

9   denies those allegations.  The remaining allegations in paragraph 45 set forth conclusions of law

10  for which no response is required.

11        46.      In response to the allegations in paragraph 46, Monsanto admits that EPA has

12  undertaken a regulatory review of glyphosate and further admits that EPA has not released its

13  findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

14  Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

15  concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

16  humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

17  posted an October 2015 final report by its standing Cancer Assessment Review Committee

18  ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

19  to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

20  issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

21  the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

22

---

23  [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic

24  Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
    document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in

25  anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
    potential.

26  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
    U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*

27  *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
    Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-00280-VC

humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

47.     In response to the allegations in paragraph 47, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 47 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

48.     In response to the allegations in paragraph 48, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 48 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

49.     Monsanto denies the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 50 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 50.

51.     Monsanto denies the allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 52 go beyond a restatement of the cited document, Monsanto lacks information or

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

1   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 52

2   and therefore denies those allegations.

3         53.     Monsanto lacks information or knowledge sufficient to form a belief as to the

4   truth of the allegations in paragraph 53 and therefore denies those allegations.

5         54.     Monsanto admits the allegations in paragraph 54.

6         55.     In response to the allegations in paragraph 55, Monsanto states that the cited

7   document speaks for itself and does not require a response.  To the extent that the allegations in

8   paragraph 55 go beyond a restatement of the cited document, Monsanto lacks information or

9   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 55

10  and therefore denies those allegations.

11        56.     Monsanto states that the term "toxic" as used in paragraph 56 is vague and

12  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

13  denies the allegations in paragraph 56.

14        57.     Monsanto admits the allegations in paragraph 57.

15        58.     In response to the allegations in paragraph 58, Monsanto states that the document

16  speaks for itself and does not require a response.  To the extent that a response is deemed

17  required, Monsanto denies the allegations in paragraph 58.

18        59.     In response to the allegations in paragraph 59, Monsanto admits that Julie Marc

19  published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

20  the extent that paragraph 59 characterizes the meaning of the cited study, Monsanto denies the

21  remaining allegations in paragraph 59.

22        60.     In response to the allegations in paragraph 60, Monsanto states that these

23  documents speak for themselves and do not require a response.  To the extent that a response is

24  deemed required, Monsanto denies the allegations in paragraph 60.

25        61.     In response to the allegations in paragraph 61, Monsanto states that the cited

26  document speaks for itself and does not require a response.  To the extent that paragraph 61

27  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

28  paragraph 61.

1    62.    Monsanto denies the allegations in paragraph 62.

2    63.    In response to the allegations in paragraph 63, Monsanto states that the cited

3  document speaks for itself and does not require a response.  To the extent that paragraph 63

4  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

5  paragraph 63.

6    64.    In response to the allegations in paragraph 64, Monsanto states that the cited

7  document speaks for itself and does not require a response.  To the extent that paragraph 64

8  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

9  paragraph 64.

10    65.    Monsanto denies the allegation that the cited studies support the allegation that

11  glyphosate or Roundup®-branded products pose any risk to human health and denies the

12  remaining allegations in paragraph 65.

13    66.    Monsanto denies the allegations in paragraph 66.

14    67.    Monsanto denies the allegations in paragraph 67.

15    68.    Monsanto denies the allegations in paragraph 68.

16    69.    Monsanto denies the allegations in paragraph 69.

17    70.    Monsanto admits that it has in the past promoted, and continues to promote,

18  Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

19  Monsanto denies the remaining allegations in paragraph 70.

20    71.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

21  is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

22  lacks information or knowledge sufficient to form a belief as to the truth of the remaining

23  allegations in paragraph 71 and therefore denies those allegations.

24    72.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25  truth of the allegations in paragraph 72 and therefore denies those allegations.  Monsanto denies

26  that glyphosate met the criteria necessary to be eligible for review.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-00280-VC

73.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

74.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 74 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

75.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 75, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 75 comprise attorney characterizations and are accordingly denied.

76.     Monsanto denies the allegations in paragraph 76.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

77.     In response to the allegations in paragraph 77, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 77 comprise attorney characterizations and are accordingly denied.

78.     Monsanto denies the allegations in paragraph 78.

79.     The allegations in paragraph 79 comprise attorney characterizations and are accordingly denied.

80.     Monsanto admits the allegations in paragraph 80.

81.     In response to the allegations in paragraph 81, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 81

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 81.

82.     In response to the allegations in paragraph 82, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 82.

83.     The allegations in paragraph 83 are vague and ambiguous and are accordingly denied.

84.     In response to the allegations in paragraph 84, Monsanto states that the cited document speaks for itself and does not require a response.

85.     In response to the allegations in paragraph 85, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 85 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     In response to the allegations in paragraph 87, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 87.

88.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto admits the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto admits the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto denies the allegations in paragraph 99.

100.    Monsanto denies the allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto denies the allegations in paragraph 102.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.

105.    In response to the allegations in paragraph 105, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraphs 105.

106.    In response to the allegations in paragraph 106, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 106.

107.    In response to the allegations in paragraph 107, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 107.

108.    In response to the allegations in paragraph 108, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

denies the remaining allegations in paragraph 108.

109.    In response to the allegations in paragraph 109, Monsanto admits that plaintiff has

accurately quoted from one passage in an EPA document in 1991 with respect to the designation

of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not

pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and

the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 109.

110.    In response to the allegations in paragraph 110, Monsanto admits that it – along

with a large number of other companies and governmental agencies – was defrauded by two

chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 110 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

111.    In response to the allegations in paragraph 111, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

112.    Monsanto denies the allegations in paragraph 112 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 112 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

113.    In response to the allegations in paragraph 113, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

114.    In response to the allegations in paragraph 114, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent

1   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

2   denies the remaining allegations in paragraph 114.

3         115.   In response to the allegations in paragraph 115, Monsanto admits that EPA

4   investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

5   paragraph 115 are intended to suggest that Monsanto was anything other than a victim of this

6   fraud, Monsanto denies those allegations.

7         116.   In response to the allegations in paragraph 116, Monsanto admits that it was

8   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

9   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 116

10   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

11   denies those allegations.

12         117.   In response to the allegations in paragraph 117, Monsanto admits that it has stated

13   and continues to state that Roundup®-branded products are safe when used as labeled and that

14   they are non-carcinogenic and non-genotoxic.

15         118.   In response to the allegations in paragraph 118, Monsanto admits that a 1986 joint

16   report of the World Health Organization and Food and Agriculture Organization of the United

17   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

18   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

19   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

20   carcinogen.  Monsanto denies the remaining allegations in paragraph 118.

21         119.   Monsanto denies the allegations in paragraph 119.

22         120.   Monsanto denies the allegations in paragraph 120.

23         121.   Monsanto denies the allegations in paragraph 121.

24         122.   Monsanto denies the allegations in paragraph 122.

25         123.   Monsanto denies the allegations in paragraph 123.

26         124.   Monsanto denies the allegations in paragraph 124.

27         125.   Monsanto denies the allegations in paragraph 125.

28         126.   Monsanto denies the allegations in paragraph 126.

127.     Monsanto denies the allegations in paragraph 127.

128.     Monsanto denies the allegations in paragraph 128.

129.     Monsanto denies the allegations in paragraph 129.

130.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 130 and therefore denies those allegations.

131.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 and therefore denies those allegations.

132.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 132 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 132.

133.     Monsanto denies the allegations in paragraph 133.

134.     Monsanto incorporates by reference its responses to paragraphs 1 through 133 in response to paragraph 134 of plaintiff's Complaint.

135.     In response to the allegations in paragraph 135, Monsanto denies that it has concealed the alleged "true risks associated with Roundup and glyphosate."  The remaining allegations in paragraph 135 set forth conclusions of law for which no response is required.

136.     In response to the allegations in paragraph 136, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

137.     In response to the allegations in paragraph 137, Monsanto states that the cited document speaks for itself and does not require a response.

138.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 138.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

139.     Monsanto denies that it concealed "the true character, quality and nature of Roundup."  The remaining allegations of paragraph 139 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies all of

1    plaintiff's allegations in paragraph 139.  Monsanto states, however, that the scientific studies

2    upon which IARC purported to base its classification were all publicly available before March

3    2015.

4           140.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

5    and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup[®]-

6    branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

7    which IARC purported to base its classification were all publicly available before March 2015.

8    The remaining allegations in paragraph 140 set forth conclusions of law for which no response is

9    required, consist of attorney characterizations and are accordingly denied, or comprise

10   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

11   the truth of the allegations asserted and therefore denies those allegations.

12          141.    Monsanto incorporates by reference its responses to paragraphs 1 through 140 in

13   response to paragraph 141 of plaintiff's Complaint.

14          142.    In response to the allegations in paragraph 142, Monsanto denies that it engaged

15   in any wrongdoing or wrongful acts or omissions.  Monsanto denies – and objects to –

16   allegations by plaintiff that purport to lump Monsanto together with other defendants.  Monsanto

17   responds to the allegations in paragraph 142 and other allegations in the Complaint only on

18   behalf of Monsanto and not on behalf of any other defendant.  The remaining allegations in

19   paragraph 142 set forth conclusions of law and/or are directed at defendants other than

20   Monsanto, so no response from Monsanto is required for these allegations.

21          143.    The allegations in paragraph 143 set forth conclusions of law for which no

22   response is required.

23          144.    Monsanto denies the allegations in paragraph 144.

24          145.    Monsanto denies the allegations in paragraph 145, including each of its subparts.

25          146.    Monsanto denies the allegations in paragraph 146.

26          147.    Monsanto denies the allegations in paragraph 147.

27          148.    Monsanto denies the allegations in paragraph 148, including each of its subparts.

28          149.    Monsanto denies the allegations in paragraph 149.

150.    Monsanto denies the allegations in paragraph 150.

151.    Monsanto denies the allegations in paragraph 151.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies that it engaged in the negligence alleged in the Complaint.  The remaining allegations in paragraph 153 set forth conclusions of law and/or are directed at defendants other than Monsanto, so no response from Monsanto is required for these allegations.

In response to the "WHEREFORE" paragraph following paragraph 153, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

154.    Monsanto incorporates by reference its responses to paragraphs 1 through 153 in response to paragraph 154 of plaintiff's Complaint.

155.    In response to the allegations in paragraph 155, Monsanto denies that it engaged in any wrongdoing or wrongful acts or omissions.  Monsanto denies – and objects to – allegations by plaintiff that purport to lump Monsanto together with other defendants.  Monsanto responds to the allegations in paragraph 155 and other allegations in the Complaint only on behalf of Monsanto and not on behalf of any other defendant.  The remaining allegations in paragraph 155 set forth conclusions of law and/or are directed at defendants other than Monsanto, so no response from Monsanto is required for these allegations.

156.    In response to the allegations in paragraph 156, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 156.

157.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 157 and therefore denies those allegations.

158.    Monsanto denies the allegations in paragraph 158.

159.    Monsanto denies the allegations in paragraph 159.

1    160.    Monsanto denies the allegations in paragraph 160.

2    161.    Monsanto denies the allegations in paragraph 161, including each of its subparts.

3    162.    Monsanto denies the allegations in paragraph 162.

4    163.    Monsanto denies that Roundup®-branded products have "dangerous

5    characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the remaining allegations in paragraph 163 and therefore denies those allegations.

7    164.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 164 and therefore denies those allegations.

9    165.    Monsanto denies the allegations in paragraph 165.

10   166.    The allegations in paragraph 166 set forth conclusions of law for which no

11   response is required.

12   167.    Monsanto denies the allegations in paragraph 167.

13   168.    Monsanto denies the allegations in paragraph 168.

14   169.    Monsanto denies the allegations in paragraph 169.

15   170.    Monsanto denies the allegations in paragraph 170.

16   171.    Monsanto denies the allegations in paragraph 171.

17   172.    Monsanto denies the allegations in paragraph 172.

18   173.    Monsanto denies the allegations in paragraph 173.

19   174.    Monsanto denies the allegations in paragraph 174.

20   175.    Monsanto denies the allegations in paragraph 175.

21   176.    Monsanto denies the allegations in paragraph 176.

22   In response to the "WHEREFORE" paragraph following paragraph 176, Monsanto

23   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

24   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

25   fees as allowed by law and such further and additional relief as this Court may deem just and

26   proper.

27   177.    Monsanto incorporates by reference its responses to paragraphs 1 through 176 in

28   response to paragraph 177 of plaintiff's Complaint.

1        178.    In response to the allegations in paragraph 178, Monsanto denies that it engaged

2 in any wrongdoing or wrongful acts or omissions.  Monsanto denies – and objects to –

3 allegations by plaintiff that purport to lump Monsanto together with other defendants.  Monsanto

4 responds to the allegations in paragraph 155 and other allegations in the Complaint only on

5 behalf of Monsanto and not on behalf of any other defendant.  The remaining allegations in

6 paragraph 155 set forth conclusions of law and/or are directed at defendants other than

7 Monsanto, so no response from Monsanto is required for these allegations.

8        179.    In response to the allegations in paragraph 179, Monsanto lacks information or

9 knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

10 exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies

11 the remaining allegations in paragraph 179.

12        180.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13 truth of the allegations in paragraph 180 and therefore denies those allegations.

14        181.    Monsanto denies the allegations in paragraph 181.

15        182.    Monsanto denies the allegations in paragraph 182.

16        183.    Monsanto denies the allegations in paragraph 183.

17        184.    Monsanto denies the allegations in paragraph 184, including each of its subparts.

18        185.    Monsanto denies the allegations in paragraph 185.

19        186.    Monsanto denies that Roundup®-branded products have "dangerous

20 characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

21 truth of the remaining allegations in paragraph 186 and therefore denies those allegations.

22        187.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23 truth of the allegations in paragraph 187 and therefore denies those allegations.

24        188.    Monsanto denies the allegations in paragraph 188.

25        189.    The allegations in paragraph 189 set forth conclusions of law for which no

26 response is required.

27        190.    Monsanto denies the allegations in paragraph 190.

28        191.    Monsanto denies the allegations in paragraph 191.

192.    Monsanto denies the allegations in paragraph 192.

193.    Monsanto denies the allegations in paragraph 193.

194.    Monsanto denies the allegations in paragraph 194.

195.    Monsanto denies the allegations in paragraph 195.

196.    Monsanto denies the allegations in paragraph 196.

197.    Monsanto denies the allegations in paragraph 197.

198.    Monsanto denies the allegations in paragraph 198.

199.    Monsanto denies the allegations in paragraph 199.

In response to the "WHEREFORE" paragraph following paragraph 199, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

200.    Monsanto incorporates by reference its responses to paragraphs 1 through 199 in response to paragraph 200 of plaintiff's Complaint.

201.    In response to the allegations in paragraph 201, Monsanto denies that it engaged in any wrongdoing or wrongful acts or omissions.  Monsanto denies – and objects to – allegations by plaintiff that purport to lump Monsanto together with other defendants.  Monsanto responds to the allegations in paragraph 201 and other allegations in the Complaint only on behalf of Monsanto and not on behalf of any other defendant.  The remaining allegations in paragraph 201 set forth conclusions of law and/or are directed at defendants other than Monsanto, so no response from Monsanto is required for these allegations.

202.    The allegations in paragraph 202 set forth conclusions of law for which no response is required.

203.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 203 and therefore denies those allegations.

204.     Monsanto denies the allegations in paragraph 204.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

205.     Monsanto denies the allegations in paragraph 205.

206.     Monsanto denies the allegations in paragraph 206.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

207.     Monsanto denies the allegations in paragraph 207.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

208.     Monsanto denies the allegations in paragraph 208.

209.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 209 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 209.

210.     The allegations in paragraph 210 set forth conclusions of law for which no response is required.

211.     Monsanto denies the allegations in paragraph 211.

212.     Monsanto denies the allegations in paragraph 212.

213.     Monsanto denies the allegations in paragraph 213.

214.     Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 214.

215.     The allegations in paragraph 215 set forth conclusions of law for which no response is required.

216.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 216 and therefore denies those allegations.

217.     Monsanto denies the allegations in paragraph 217.

218.     Monsanto denies the allegations in paragraph 218.

219.     Monsanto denies the allegations in paragraph 219.

220.     Monsanto denies the allegations in paragraph 220.

221.     Monsanto denies the allegations in paragraph 221.

In response to the "WHEREFORE" paragraph following paragraph 221, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

222.     Monsanto incorporates by reference its responses to paragraphs 1 through 221 in response to paragraph 122 of plaintiff's Complaint.

223.     In response to the allegations in paragraph 223, Monsanto denies that it engaged in any wrongdoing or wrongful acts or omissions.  Monsanto denies – and objects to – allegations by plaintiff that purport to lump Monsanto together with other defendants.  Monsanto responds to the allegations in paragraph 223 and other allegations in the Complaint only on behalf of Monsanto and not on behalf of any other defendant.  The remaining allegations in paragraph 223 set forth conclusions of law and/or are directed at defendants other than Monsanto, so no response from Monsanto is required for these allegations.

224.     The allegations in paragraph 224 set forth conclusions of law for which no response is required.

225.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 225 and therefore denies those allegations.

226.     Monsanto denies the allegations in paragraph 226.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

227.     Monsanto denies the allegations in paragraph 227.

228.     Monsanto denies the allegations in paragraph 228.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

229.     Monsanto denies the allegations in paragraph 229.

230.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 230 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 230.

231.     The allegations in paragraph 231 set forth conclusions of law for which no response is required.

232.     Monsanto denies the allegations in paragraph 232.

233.     Monsanto denies the allegations in paragraph 233.

234.     Monsanto denies the allegations in paragraph 234.

235.     Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 235.

236.     The allegations in paragraph 236 set forth conclusions of law for which no response is required.

237.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 237 and therefore denies those allegations.

238.     Monsanto denies the allegations in paragraph 238.

239.     Monsanto denies the allegations in paragraph 239.

240.     Monsanto denies the allegations in paragraph 240.

241.     Monsanto denies the allegations in paragraph 241.

242.     Monsanto denies the allegations in paragraph 242.

243.     Monsanto denies the allegations in paragraph 243.

In response to the "WHEREFORE" paragraph following paragraph 243, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

244.     Monsanto incorporates by reference its responses to paragraphs 1 through 243 in response to paragraph 244 of plaintiff's Complaint.

245.     In response to the allegations in paragraph 245, Monsanto denies that it engaged in any wrongdoing or wrongful acts or omissions.  Monsanto denies – and objects to – allegations by plaintiff that purport to lump Monsanto together with other defendants.  Monsanto responds to the allegations in paragraph 245 and other allegations in the Complaint only on behalf of Monsanto and not on behalf of any other defendant.  The remaining allegations in paragraph 245 set forth conclusions of law and/or are directed at defendants other than Monsanto, so no response from Monsanto is required for these allegations.

246.     Monsanto denies the allegations in paragraph 246.  Additionally, the allegations in the last sentence in paragraph 246 set forth conclusions of law for which no response is required.

247.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 247 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 247 set forth conclusions of law for which no response is required.

248.     The allegations in paragraph 248 set forth conclusions of law for which no response is required.

249.     Monsanto denies the allegations in paragraph 249.

250.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 250 and therefore denies those allegations.

251.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 251 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies the allegations in paragraph 251.

252.     Monsanto denies the allegations in paragraph 252.

253.     Monsanto denies the allegations in paragraph 253.

254.     Monsanto denies the allegations in paragraph 254.

In response to the allegations in the "WHEREFORE" paragraph following paragraph 254, Monsanto demands that judgment be entered in its favor and against plaintiff; that

1    plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

2    and reasonable attorney's fees as allowed by law and such further and additional relief as this

3    Court may deem just and proper.

4          255.    Monsanto incorporates by reference its responses to paragraphs 1 through 254 in

5    response to paragraph 255 of plaintiff's Complaint.

6          256.    In response to the allegations in paragraph 256, Monsanto denies that it engaged

7    in any wrongdoing or wrongful acts or omissions.  Monsanto denies – and objects to –

8    allegations by plaintiff that purport to lump Monsanto together with other defendants.  Monsanto

9    responds to the allegations in paragraph 256 and other allegations in the Complaint only on

10   behalf of Monsanto and not on behalf of any other defendant.  The remaining allegations in

11   paragraph 256 set forth conclusions of law and/or are directed at defendants other than

12   Monsanto, so no response from Monsanto is required for these allegations.

13         257.    In response to the allegations in paragraph 257, Monsanto admits that it has

14   manufactured, distributed, advertised, promoted, and sold Roundup®-branded products.

15         258.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 258 concerning plaintiff's claimed use of Roundup®-branded

17   products and therefore denies those allegations.  Monsanto admits that it has sold glyphosate

18   based herbicides in accordance with their EPA-approved labeling.  The remaining allegations in

19   paragraph 258 set forth conclusions of law for which no response is required.

20         259.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 259 concerning plaintiff's foreseeable use of Roundup®-

22   branded products and therefore denies those allegations.  The remaining allegations in paragraph

23   259 set forth conclusions of law for which no response is required.

24         260.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25   truth of the allegations in paragraph 260 and therefore denies those allegations.

26         261.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the remaining allegations in paragraph 261.

28

262.    The allegations in paragraph 262 set forth conclusions of law for which no response is required.

263.    The allegations in paragraph 263 set forth conclusions of law for which no response is required.

264.    Monsanto denies the allegations in paragraph 264.

265.    Monsanto denies the allegations in paragraph 265.

266.    Monsanto denies the allegations in paragraph 266.

267.    Monsanto denies the allegations in paragraph 267.

268.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 268 regarding plaintiff's reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 268.

269.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 269 regarding reliance by plaintiff and others and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 269.

270.    Monsanto denies the allegations in paragraph 270.

271.    Monsanto denies the allegations in paragraph 271.

272.    Monsanto denies the allegations in paragraph 272.

273.    Monsanto denies the allegations in paragraph 273.

274.    Monsanto denies the allegations in paragraph 274.

In response to the allegations in the "WHEREFORE" paragraph following paragraph 274, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

275.    Monsanto incorporates by reference its responses to paragraphs 1 through 274 in response to paragraph 275 of plaintiff's Complaint.

276.    In response to the allegations in paragraph 276, Monsanto denies that it engaged in any wrongdoing or wrongful acts or omissions.  Monsanto denies – and objects to –

1    allegations by plaintiff that purport to lump Monsanto together with other defendants.  Monsanto

2    responds to the allegations in paragraph 276 and other allegations in the Complaint only on

3    behalf of Monsanto and not on behalf of any other defendant.  The remaining allegations in

4    paragraph 276 set forth conclusions of law and/or are directed at defendants other than

5    Monsanto, so no response from Monsanto is required for these allegations.

6         277.    In response to the allegations in paragraph 277 and its subparts, Monsanto admits

7    that Roundup®-branded products are safe, non-carcinogenic, and non-genotoxic when used in

8    accordance with the products' EPA approved labeling.  Monsanto lacks information or

9    knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff and

10   therefore denies those allegations.  The remaining allegations in paragraph 277 are vague and

11   conclusory and comprise attorney characterizations and are accordingly denied.

12        278.    Monsanto denies the allegations in paragraph 278.

13        279.    Monsanto denies the allegations in paragraph 279.

14        280.    Monsanto denies the allegations in paragraph 280.

15        281.    Monsanto denies the allegations in paragraph 281.

16        282.    Monsanto denies the allegations in paragraph 282.

17        In response to the allegations in the "WHEREFORE" paragraph following paragraph

18   282, Monsanto demands that judgment be entered in its favor and against plaintiff; that

19   plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

20   and reasonable attorney's fees as allowed by law and such further and additional relief as this

21   Court may deem just and proper.

22        283.    Monsanto incorporates by reference its responses to paragraphs 1 through 282 in

23   response to paragraph 283 of plaintiff's Complaint.

24        284.    In response to the allegations in paragraph 284, Monsanto denies that it engaged

25   in any wrongdoing or wrongful acts or omissions.  Monsanto denies – and objects to –

26   allegations by plaintiff that purport to lump Monsanto together with other defendants.  Monsanto

27   responds to the allegations in paragraph 284 and other allegations in the Complaint only on

28   behalf of Monsanto and not on behalf of any other defendant.  The remaining allegations in

1  paragraph 284 set forth conclusions of law and/or are directed at defendants other than

2  Monsanto, so no response from Monsanto is required for these allegations.

3       285.    Monsanto admits that plaintiff purports to bring certain claims alleged in

4  paragraph 285 of the Complaint but denies any liability as to those claims.

5       286.    Monsanto denies the allegations in paragraph 286.

6       287.    Monsanto denies the allegations in paragraph 287.

7       288.    Monsanto denies the allegations in paragraph 288.

8       289.    Monsanto denies the allegations in paragraph 289.

9       290.    Monsanto denies the allegations in paragraph 290.

10      291.    Monsanto denies the allegations in paragraph 291.

11      292.    Monsanto denies the allegations in paragraph 292.

12      293.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13  truth of the allegations in paragraph 293 regarding plaintiff's actions, and therefore Monsanto

14  denies those allegations.  Monsanto denies the remaining allegations in paragraph 293.

15      294.    Monsanto denies the allegations in paragraph 294.

16      295.    Monsanto denies the allegations in paragraph 295.  All labeling of Roundup®-

17  branded products has been and remains EPA-approved and in compliance with all federal

18  requirements under FIFRA.

19      296.    Monsanto denies the allegations in paragraph 296.

20      297.    The allegations in paragraph 297 set forth conclusions of law for which no

21  response is required.

22      298.    The allegations in paragraph 298 set forth conclusions of law for which no

23  response is required.

24      299.    The allegations in paragraph 299 set forth conclusions of law for which no

25  response is required.

26      300.    Monsanto denies the allegations in paragraph 300.

27      301.    Monsanto denies the allegations in paragraph 301.

28      302.    Monsanto denies the allegations in paragraph 302.

1        303.    Monsanto denies the allegations in paragraph 303.

2        304.    Monsanto denies the allegations in paragraph 304.

3        305.    Monsanto denies the allegations in paragraph 305.

4        306.    Monsanto denies the allegations in the first sentence of paragraph 306.  Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability as to that claim.

In response to the allegations in the "WHEREFORE" paragraph following paragraph 306, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.     Plaintiff's claims against Monsanto are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.     Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings,

information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims against Monsanto based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff has failed to allege fraud with sufficient particularity.

8.      Plaintiff's claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.      Plaintiff's claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.     Plaintiff's claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiff's claims against Monsanto are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

12.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

13.     Applicable statutes of limitations and/or repose bar plaintiff's claims against Monsanto in whole or in part.

14.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Monsanto in whole or in part.

15.     If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

16.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

17.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

18.     Plaintiff's claims against Monsanto are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiff's claims against Monsanto for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the California Constitution, the Ohio Constitution, and/or other applicable state constitutions.

20.     Plaintiff's claims against Monsanto for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of punitive and/or exemplary damages under California law, Ohio law, and/or other applicable state laws.

21.     Plaintiff's claims against Monsanto for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Ohio Rev. Code Ann. § 2315.21.

22.     Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's own contributory/comparative negligence.

23.     Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's own failure to mitigate damages.

24.     Plaintiff's claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

25.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims against Monsanto are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

27.     Plaintiff's claims against Monsanto are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize or limit such claims.

28.     Plaintiff's common law claims against Monsanto are barred, in whole or part, by application of the Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2307.80.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

1

## <u>JURY TRIAL DEMAND</u>

2

Monsanto demands a jury trial on all issues so triable.

3

4    DATED:  February 6, 2019                Respectfully submitted,

5

6                                           /s/ Joe G. Hollingsworth
                                            Joe G. Hollingsworth (*pro hac vice*)
7                                           (jhollingsworth@hollingsworthllp.com)
                                            Eric G. Lasker (*pro hac vice*)
8                                           (elasker@hollingsworthllp.com)
                                            HOLLINGSWORTH LLP
9                                           1350 I Street, N.W.
                                            Washington, DC  20005
10                                          Telephone:  (202) 898-5800
                                            Facsimile:   (202) 682-1639
11
                                            *Attorneys for Defendant*
12                                          *MONSANTO COMPANY*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-00280-VC