UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ROUNDUP PRODUCTS LIABILITY
LITIGATION                                                                                            MDL No. 2741


**TRANSFER ORDER**


**Before the Panel:** Plaintiffs in the two actions listed on Schedule A move under Panel Rule 7.1 to vacate our order that conditionally transferred these actions to the Northern District of California for inclusion in MDL No. 2741. Defendant Monsanto Company opposes the motions to vacate.

In support of their motions, plaintiffs argue that federal subject matter jurisdiction is lacking and that plaintiffs' pending remand motions should be decided by the transferor courts. As we have often held, such jurisdictional issues generally do not present an impediment to transfer.[1] *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiffs can present their jurisdictional arguments to the transferee judge.

Therefore, after considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2741, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes non-Hodgkin's lymphoma. *See In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016). Plaintiffs do not dispute that their respective actions share multiple factual issues with the cases already in the MDL. Like plaintiffs in the MDL, plaintiffs in these two actions allege that they or their decedents developed non-Hodgkin's lymphoma after using Roundup.

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vince Chhabria for coordinated or consolidated pretrial proceedings.

                    PANEL ON MULTIDISTRICT LITIGATION


                    _____
                            Sarah S. Vance
                                Chair

Lewis A. Kaplan            Ellen Segal Huvelle
R. David Proctor           Catherine D. Perry
Karen K. Caldwell          Nathaniel M. Gorton

**IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION**

MDL No. 2741

## SCHEDULE A

<u>Eastern District of Missouri</u>

BOUZEANES, ET AL. v. MONSANTO COMPANY, C.A. No. 4:18-01806
HOOKS, ET AL. v. MONSANTO COMPANY, C.A. No. 4:18-01897