**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:    202-847-4030
Fax:    202-847-4005

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 ) ) Case No. 3:16-md-02741-VC ) |
| This document relates to: ALL ACTIONS | ) **MONSANTO COMPANY'S RESPONSE TO PLAINTIFFS' JANUARY 25, 2019 ADMINISTRATIVE MOTION TO FILE UNDER SEAL** ) ) ) ) ) |

Pursuant to Civil Local Rule 79-5 and the Amended Protective and Confidentiality Order entered by the Court on September 6, 2017 ("Amended Protective Order") at ¶ 18, Defendant Monsanto Company ("Monsanto") hereby submits this Response to Plaintiffs' January 25, 2019

Administrative Motion to File Under Seal Portions of Exhibits in Support of Plaintiffs' Opposition to Monsanto's (1) Motion for Summary Judgment re: Group 1 Plaintiffs on Non-Causation Grounds and (2) Motions to Exclude the Expert Testimony of William Sawyer, Charles Benbrook, and James Mills ("Response"). Monsanto seeks to maintain under seal discrete, limited portions of exhibits that contain Monsanto's confidential business information or that are required to be redacted under stringent European data privacy laws. ***This discrete information was not referred to at all in plaintiffs' opposition brief and thus is irrelevant to the issues before the Court.*** Furthermore, plaintiffs have already publicly filed a redacted version of nearly all of the exhibits,[1] identified below, that contain the very limited redactions Monsanto seeks here. For these documents, Monsanto simply requests that the Court allow these redacted versions to remain the publicly filed versions of the documents. For one document, Monsanto requests that plaintiffs re-file a redacted version that was filed in *D. Johnson*.

## ARGUMENT

**I.   Compelling Reasons Exist To Protect The Discrete, Limited Information In Each Exhibit That Monsanto Seeks To Maintain Under Seal.**

This Court has "broad latitude" to "prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F. 3d 1206, 1211 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c)(1). As described below and in the accompanying Declaration of Robyn D. Buck in Support of Monsanto's Response to Plaintiffs' Administrative Motion to File Under Seal ("Buck Decl."), Monsanto seeks to maintain the confidentiality of discrete business and personal identifying information contained in certain documents filed as exhibits to plaintiffs' opposition, including expert reports and a deposition

---

[1] The exhibits filed as redacted versions are: 4, 8, 24, 25, 26, 27, 33, 36, 39, 41, 43, 47, 51, 53, 60, 72, 88, and 90. Only Exhibit 77 was filed entirely under seal.

transcript that relate material designated as confidential by Monsanto. This Response is resolved under the compelling reasons standard. *Dominion Assets LLC v. Masimo Corp.*, 2018 WL 2427790, at *1-2 (N.D. Cal. May 30, 2018) (granting request to seal parts of exhibits to Defendants' *Daubert* motions where Defendants articulated compelling reasons to seal portions of the submitted documents and the proposed redactions are narrowly tailored).

**II.  Redacted Portions Of The Expert Reports Of Drs. Benbrook And Sawyer Dated November 20, 2018 And Related Deposition Testimony Should Remain Under Seal.**

Discrete parts of the November 20, 2018 reports of plaintiffs' experts Dr. Charles Benbrook and Dr. William Sawyer ("the Reports") (Exhibits 88 and 72, respectively) and Dr. Benbrook's February 9, 2018 deposition (Exhibit 90) should remain under seal.

**a.  Compelling Reasons Exist to Redact the Personal Identifying Information of European Individuals.**

The Reports contain personal identifying information of European individuals that must be kept confidential in order for Monsanto to comply with its obligations under European Union and Belgian data privacy law. *See* Buck Decl. at ¶ 7; Dehareng Law Decl. (Ex. A to Buck Declaration).[2] Co-lead plaintiffs' counsel previously agreed "that European law provides heightened protection for privacy rights and personal data" and that, "[s]hould a future need arise, European citizens' names and personal information will be subject to redaction, as proposed by Monsanto." Jt. Ltr. Br., Doc. No. 237 (filed 4/14/2017) at 5. (Ex. 1) The "personal data" that is protected by these laws is any information relating to a natural person, including employment information, job titles, mailing addresses, phone numbers, and e-mail addresses. *See St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 104 F. Supp. 3d 1150, 1162 (D. Ore. 2015) ("'Personal data' is

---

[2] This information is protected under European Union privacy laws and the implementing laws of member nations. *See, e.g.,* Monsanto Company's Response in Support of Plaintiffs' Feb. 20, 2017 Administrative Motion to File Under Seal (ECF No. 166).

defined broadly to include names, job titles, email addresses, and so on"). Monsanto therefore supports plaintiffs' redaction of direct identifiers of European individuals (name, email address, job title, job position, phone number, etc.) so as not to violate European privacy laws.

### b. Compelling Reasons Exist to Maintain the Confidentiality of Proprietary Technical Product Information.

This Court should also seal discrete technical product information contained in the Reports and deposition testimony. *See* Buck Decl. at ¶¶ 6, 8(b). This proprietary product information, which includes, for example, which ingredients are in specific Roundup® -branded product formulations, is quintessential "trade secret" information that courts routinely protect from disclosure. *See, e.g., Microsoft Corp. v. Motorola, Inc.*, 2012 WL 5476846, at *2-3 (W.D. Wash. Nov. 12, 2012) (sealing documents containing proprietary technical product specifications); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (unpublished). Public disclosure of this information would harm Monsanto by providing its competitors with specific proprietary information about its products. This Court previously sealed a report that contains "proprietary, technical information about Monsanto's products." *See* Pretrial Order 15 at 4.

### c. Compelling Reasons Exist to Maintain the Confidentiality of Proprietary Research.

Information about Monsanto's proprietary research should also remain confidential. *See* Buck Decl. at ¶ 8(c). Public disclosure would harm Monsanto by providing helpful information – that is expensive to develop – to Monsanto's competitors. *Id.* This Court previously ordered certain proprietary research to be filed under seal. *See* Pretrial Order No. 15 at 4. Other courts also agree that such research should be protected. *See In re Denture Cream Prods. Liab. Litig.*, 2013 WL 214672, at *7-8 (S.D. Fla. Jan. 18, 2013) (finding good cause to protect proprietary product studies from disclosure); *see also* Fed. R. Civ. P. 26(c)(1) (permitting issuance of a protective order to prevent disclosure of "confidential research").

### d. Compelling Reasons Exist to Maintain the Confidentiality of Confidential Consulting Contracts.

The Court should maintain the confidentiality of confidential business contracts between Monsanto and a third party outside consultant. *See* Buck Decl. at ¶ 8(d). Revealing the details of the consulting agreement "would result in an invasion of the third party's privacy" as well as cause "competitive harm" to Monsanto. *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL984121, at *3 (N.D. Cal. Mar. 4, 2015). In particular, "disclosing the terms of these agreements would put [Monsanto] at a disadvantage in future negotiations for similar agreements." *Id.* Disclosure also would harm the non-party consultant who, much like an employee, has a "significant interest" in keeping his consulting agreement "secret." *Aevoe Corp v. AE Tech Co.*, 2013 WL 5923426, at *2 (D. Nev. Nov, 1, 2013) (agreeing that an "employment contract should be kept under seal").

### III. Narrow Portions Of Dr. Sawyer's December 21, 2017 Report Should Remain Under Seal.

Monsanto also asks the Court maintain the redaction of the names of EU individuals from Dr. Sawyer's December 21, 2017 report (Exhibit 77) for the reasons discussed in Section II(a) above regarding the confidentiality of personal information of EU employees.  A California state court judge already ordered that the portions of Dr. Sawyer's December 21, 2017 remain under seal, which information is the same information that Monsanto is seeking to keep confidential in this Response. *See* Second Order Granting in Part and Denying in Part Monsanto's Mot. to Seal or Strike at 4, *Dewayne Johnson v. Monsanto Co.*, Case No. CGC-16-550128 (Cal. Super. Ct. May 14, 2018) ("Plaintiff shall redact the personal identifying information of people who reside in the European Union from" documents filed with the Court) (Ex. 2).

### IV. Portions Of Other Documents Produced By Monsanto In This Litigation Should Remain Under Seal.

As mentioned above in Section II(b), proprietary product information is quintessential "trade secret" information that courts routinely protect from disclosure. The following document contains confidential proprietary product information: Exhibit 4 - Monsanto's Response to Requests for Admission in *D. Johnson* and the redacted version filed by plaintiffs should therefore remain the publicly-available version.

In addition, several documents produced by Monsanto in this litigation contain European citizens' names that should be redacted based on EU privacy law. Plaintiffs have already publicly filed a version of the exhibits identified below that contain the very limited redactions Monsanto seeks here, namely, names of EU employees. Monsanto therefore requests that the Court grant Plaintiffs' request to keep the redacted versions of those documents as the publicly-available versions of the documents.[3]

### CONCLUSION

For all of these reasons, Monsanto respectfully requests that the Court grant Plaintiffs' motion to seal the discrete information discussed above in the public copies of plaintiffs' exhibits.

DATED: February 8, 2019

Respectfully submitted,

/s/ Eric G. Lasker

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)

---

[3] These documents are: Exhibit 8: MONGLY01314233; Exhibit 24: MONGLY00904009; Exhibit 25: MONGLY01312107; Exhibit 26: MONGLY03734971; Exhibit 27: MONGLY00878876; Exhibit 33: MONGLY02078597; Exhibit 36: MONGLY02145917; Exhibit 39: MONGLY01183933; Exhibit 41: MONGLY01041641; Exhibit 43: MONGLY02359008; Exhibit 47: MONGLY06262795; Exhibit 51: MONGLY02062439; Exhibit 53: MONGLY00989918; and Exhibit 60: MONGLY02682357.

(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

Attorneys for Defendant
MONSANTO COMPANY

MONSANTO COMPANY'S RESPONSE TO PLS.' MOTION TO FILE UNDER SEAL
3:16-md-02741-VC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of February 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Eric G. Lasker