# Exhibit 2

F I L E

San Francisco County Superior

E-SERVICE
62029842
May 14 2018
03:30PM
File & ServeXpress

MAY 1 4 2018

CLERK OF THE COURT

BY: _____

Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| DEWAYNE JOHNSON, ET AL.<br><br>Plaintiffs,<br><br>vs.<br><br>MONSANTO COMPANY, ET AL.<br><br>Defendants. | Case No. CGC – 16-550128<br><br>**SECOND ORDER GRANTING IN PART AND DENYING IN PART MONSANTO'S MOTION TO SEAL OR STRIKE** |

On May 8, 2018, I heard argument on (1) Monsanto's Motion to Seal or Strike Documents Filed by Plaintiff in With *Sargon* and Summary Judgment Oppositions; and (2) Monsanto's Motion to Seal Plaintiff's Unredacted Amended Separate Statement, which was originally noticed for May 22, 2018. I provided the parties with a written tentative on May 7, 2018.

At the hearing the parties also discussed the scope of the unopposed request to seal in the motion noticed for May 22, 2018.  This order resolves the issues presented in both motions. In the conclusion I provide rulings on six issues: those on (1)-(3) and (5) are based on the agreement of the parties.  Those on (4) and (6) are discussed below.

## 1.	Personnel Records

I have previously granted Monsanto's request to seal paragraph 797 to the Benbrook Report.  April 19, 2018 Order at 3-4.

- 1 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

There is an overriding interest in the privacy of personnel records that overcomes the public right of access. *Id.* The documents at issue here[1] and the Buck Declarations in support of the requests show the overriding interest in protecting the privacy of Monsanto's employees April 16, 2018 Buck Decl. ¶¶ 2(b), 13; April 30, 2018 Buck Decl. ¶ 2; April 19, 2018 Order at 3-4. A substantial probability exists that the employees' overriding privacy interests will be prejudiced if the records are not sealed. The proposed sealing requests are narrowly tailored.[2] No less restrictive means exist to achieve the overriding interest.

**2.      Benbrook Report and Sawyer Report**

Monsanto moves to strike all uncited paragraphs of the Benbrook Report and the Sawyer Report as irrelevant. Johnson argues all the reports are relevant to Monsanto's motion to exclude the opinions of those experts. In reply, Monsanto makes four arguments in support of its request to strike the uncited paragraphs as irrelevant:

(1) I previously struck the uncited portions of the Benbrook Report as irrelevant in connection with the motions in limine. This is so, but irrelevant to the present motion.

(2) If I decide to exclude the Benbrook Report and the Sawyer Report, there will be no need for public disclosure of the confidential designated material. This does not follow: my ruling to strike or not strike is based on the full reports. The fact that many portions of exhibits are not is relevant, but not dispositive. Monsanto's motio to strike makes  sweeping references about the content of Dr. Benbrook and Dr. Sawyer's expert reports.  Monsanto's Omnibus Motion to Exclude Testimony of Plaintiff's Experts, 32, 36-37, 40-41.

---

[1] These are: (1) Paragraph 797 of the Benbrook Report; (2) Exhibit 33 to the Hoke Declaration filed in support of Plaintiff's opposition to Monsanto's motion for summary judgment or adjudication; (3) A single sentence discussing Exhibit 33 in Plaintiff's opposition brief; and (4) A single sentence discussing Exhibit 33 in Plaintiff's amended separate statement.

[2] Exhibit 33 is a personnel record. The sealing requests as to the opposition brief and the amended separate statement are both limited to single sentences divulging the contents of Exhibit 33. As to paragraph 797 of the Benbrook Report, I adopt my analysis in the April 19, 2018 Order at 3-4.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

(3) Any argument that Johnson will be prejudiced if he cannot refer to the entirety of the expert reports at the hearing is speculative. This is no more persuasive than argument (2).

(4) Monsanto will be prejudiced if the Benbrook Report is made public before trial because Benbrook's opinion is "based on a selective and highly biased spin." Reply, 1-3.[3] This is not a basis for sealing.

At oral argument, Monsanto argued for the first time that the Benbrook Report and the Sawyer Report should be kept under seal to avoid inflaming the jury venire.

To the extent Monsanto's motion encompasses an alternative request to seal the records, Monsanto failed to carry its burden. Monsanto just argued the expert reports are not within the scope of the sealed records rules because they have not been "submitted as a basis for adjudication." Reply, 1-2. But the reports are submitted as a basis for adjudicating whether Dr. Benbrook or Dr. Sawyer will be permitted to testify at trial. That's within the scope of the sealed records rules. C.R.C. 2.550(a)(3); *Overstock.Com, Inc. v. Goldman Sachs Group, Inc.*, 231 Cal.App.4th 471, 492 (2014).

**Conclusion**

Monsanto's Motion to Seal or Strike Documents Filed by Plaintiff in With *Sargon* and Summary Judgment Oppositions in GRANTED IN PART AND DENIED IN PART; and (2) Monsanto's Motion to Seal Plaintiff's Unredacted Amended Separate Statement is GRANTED, as follows:

(1) Monsanto's request to redact "internal financial information" has been withdrawn.

---

[3] Monsanto also responds to Johnson's assertion (Opposition, 1:19-20) that the underlying exhibits will be presented to the jury. *See* Reply, 2. Whether Johnson will try to present the underlying exhibits to the jury has no bearing on the relevance of the expert reports now.

(2) Plaintiff shall remove the irrelevant pages to Exhibit 1 to the Declaration of Curtis G. Hoke in Support of Plaintiff's Opposition to Monsanto's Motion for Summary Judgment or Summary Adjudication and shall re-file Exhibit 1 in the public file without the irrelevant pages, with the original removed.

(3) Plaintiff shall redact the personal identifying information of people who reside in the European Union from the following:  (1) The Benbrook Report;[4] (2) The Sawyer Report;[5] and (3) Exhibits 10, 14, 15, 16, and 29 to the Declaration of Curtis G. Hoke in Support of Plaintiff's Opposition to Monsanto's Motion for Summary Judgment or Summary Adjudication.  Plaintiff shall re-file the redacted materials in the public record with all redactions permitted by this order.

(4) The personnel records and the references to them shall be filed under seal. Specifically, this refers to:  (1) Exhibit 33 to the Declaration of Curtis G. Hoke in Support of Plaintiff's Opposition to Monsanto's Motion for Summary Judgment or Summary Adjudication; (2) Paragraph 797 of the Benbrook Report; (3) The Discussion of Exhibit 33 in Plaintiff's Opposition to Monsanto's Motion for Summary Judgment or Summary Adjudication; and (4) Plaintiff's Amended Separate Statement in Opposition to Monsanto's Motion for Summary Adjudication, Page 47 ¶ 27, which discloses the contents of Exhibit 33.  Plaintiff shall re-file redacted versions of the documents that contain only the redactions required by this order, including redacting the personnel records.  With respect to the Benbrook Report, Plaintiff shall also file under seal versions of the report that contain all other redactions necessitated by this order but that do not redact the personnel records.  With respect to Exhibit 33, the opposition

---

[4] The Benbrook Report was filed as Exhibit 6 to the Declaration of Curtis G. Hoke in Support of Plaintiff's Opposition to Monsanto's Motion for Summary Judgment or Summary Adjudication and as Exhibit 23 to the Declaration of Curtis G. Hoke in Support of Plaintiff's Opposition to Monsanto's Omnibus Motion to Exclude Plaintiff's Expert Witnesses.  All references to the Benbrook Report here apply to both exhibits.
[5] The Sawyer Report was filed as Exhibit 7 to the Declaration of Curtis G. Hoke in Support of Plaintiff's Opposition to Monsanto's Omnibus Motion to Exclude Plaintiff's Expert Witnesses.

brief, and the amended separate statement, the unredacted versions lodged with the Court shall be placed in the sealed file.

(5) First, Plaintiff shall redact the reference to a Monsanto surfactant at page 4 of Exhibit 16 to the Declaration of Curtis G. Hoke in Support of Plaintiff's Opposition to Monsanto's Motion for Summary Judgment or Summary Adjudication.  Second, Plaintiff shall also redact the contact information from the same exhibit.  Third, Plaintiff shall redact the irrelevant portion of the email chain in the same exhibit.  Plaintiff shall re-file the exhibit with the foregoing redactions and all other redactions required by this order in the public file.

(6) Monsanto's motion to strike the uncited paragraphs of the Benbrook Report and the Sawyer Report as irrelevant is denied.  To the extent Monsanto has sought wholesale sealing of the uncited paragraphs of the Benbrook Report and the Sawyer Report, that request is also denied.

Dated: May 11, 2018

_____
Curtis E.A. Karnow
Judge Of The Superior Court

## CERTIFICATE OF ELECTRONIC SERVICE
(CCP 1010.6(6) & CRC 2.260(g))

I, DANIAL LEMIRE, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On        MAY 1 4 2018        , I electronically served THE ATTACHED DOCUMENT via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

Dated:        MAY 1 4 2018

T. Michael Yuen, Clerk

By: _____
        DANIAL LEMIRE, Deputy Clerk