UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITGATION<br><br>This document relates to:<br>ALL ACTIONS | MDL No. 2741<br>Case No. 16-md-02741-VC<br><br>**PRETRIAL ORDER NO. 77: COURT'S PROPOSED PHASE 1 SUBSTANTIVE JURY INSTRUCTIONS AND VERDICT FORM** |

At tomorrow's pretrial conference, the parties should be prepared to discuss the following proposed Phase 1 substantive jury instructions and verdict form:

**JURY INSTRUCTIONS**

Opening Guidance:

Mr. Hardeman alleges he developed non-Hodgkin's lymphoma from his use of Roundup Products manufactured by Monsanto. Monsanto denies that Roundup can cause non-Hodgkin's lymphoma, and specifically denies that Mr. Hardeman's non-Hodgkin's lymphoma was caused by his use of Roundup.

We have budgeted about a month for this trial. We will be conducting the trial in phases, which means that we will be calling on you to deliberate on certain questions as we progress. In the first phase, you will be asked to determine whether Mr. Hardeman can prove that his use of Roundup caused his non-Hodgkin's lymphoma. The medical causation question is what the lawyers' opening statements will be addressing at this point, and we will be hearing from witnesses on that subject as we begin the trial. We will be addressing different issues as the trial progresses, and the lawyers will be able to speak to you on those issues as we move forward.

Instruction Regarding Regulatory Agencies:

Regulatory agencies and other health organizations have reviewed the science surrounding glyphosate and reached conclusions about it. These evaluations are not a substitute for your own review of the scientific evidence.

In addition, IARC's decision to classify glyphosate as a probable carcinogen, even if you agree with it, is not sufficient on its own to support a conclusion that glyphosate is capable of causing non-Hodgkin's lymphoma at exposure levels similar to what Mr. Hardeman experienced. As IARC explains, its monographs "evaluate[] cancer hazards but not the risks associated with exposure. The distinction between *hazard* and *risk* is important. An agent is considered a cancer *hazard* if it is capable of causing cancer under some circumstances. *Risk* measures the probability that cancer will occur, taking into account the level of exposure to the agent. The Monographs Programme may identify cancer hazards even when risks are very low with known patterns of use or exposure."

Causation Instruction:

Mr. Hardeman must prove that Roundup caused his non-Hodgkin's lymphoma. Under California law, Mr. Hardeman satisfies his burden to prove medical causation if he proves that Roundup was a substantial factor in causing his non-Hodgkin's lymphoma. A substantial factor is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. Exposure to a product is not a substantial factor in causing harm if the same harm would have occurred without exposure to that product.

## VERDICT FORM

1. Did Mr. Hardeman prove by a preponderance of the evidence that his exposure to Roundup was a substantial factor in causing his non-Hodgkin's lymphoma?

    Yes _____     No _____

**IT IS SO ORDERED.**

Date: February 12, 2019

_____
Honorable Vince Chhabria
United States District Court