UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITGATION<br><br>This document relates to:<br>ALL ACTIONS | MDL No. 2741<br>Case No. 16-md-02741-VC<br><br>**PRETRIAL ORDER NO. 78: GUIDANCE FOR THE PARTIES RE MOTIONS IN LIMINE** |
|---|---|

The following should guide the parties' preparation for discussing motions in limine at tomorrow's pretrial conference. Following the hearing, the Court will issue a full order on all motions further explaining its reasoning.

Motions Regarding Decisions of Regulators and IARC

- Plaintiffs' Motion in Limine No. 4 to exclude evidence of decisions by foreign regulators is granted for Phase 1 and denied for Phase 2, although the amount of time spent on this evidence will be restricted per Rule 403 to avoid wasting the jury's time. This ruling is tentative; the Court will hear argument.
- Plaintiffs' Motion in Limine No. 5 to exclude certain EPA documents is granted in part for both phases. The fact of EPA approval is admissible at both phases, but the documents themselves are not. Particularly during Phase 1, discussion of EPA approval will be restricted per Rule 403 to avoid wasting the jury's time, because the primary inquiry is what the actual studies show, not what regulators have concluded upon reviewing those studies. This ruling is tentative; the Court will hear argument.
- Monsanto's Motion in Limine No. 1 to exclude IARC's classification is granted in part for both phases. The fact of the classification is admissible at both phases, but the Monograph itself is not. Particularly during Phase 1, discussion of the IARC classification will be restricted per Rule 403 to avoid wasting the jury's time, because the primary inquiry is what the actual studies show, not what IARC concluded upon reviewing those studies. But the experts can explain why they relied in part on the IARC classification to reach their own conclusions. In addition, the jury will be instructed about

how the IARC inquiry is different from the causation inquiry in a civil trial. This ruling is tentative; the Court will hear argument.

Motions Regarding Monsanto's Conduct

- Monsanto's Motion in Limine No. 2 to exclude reference to and evidence of ghostwriting is granted for Phase 1 and denied for Phase 2. No argument is needed on this motion.
- Monsanto's Motion in Limine No. 3 to exclude marketing materials is granted for both phases. This ruling is tentative; the Court will hear argument.
- Monsanto's Motion in Limine No. 6 to exclude evidence of public-relations activities is granted for Phase 1 and denied as overbroad for Phase 2. No argument is needed on this motion.
- Monsanto's Motion in Limine No. 7 to exclude evidence of post-use corporate conduct is granted for both phases, with the limited exception that, to the extent an expert relies on a paper or study that Monsanto was involved in producing or allegedly attempted to influence, evidence of that conduct is admissible. This ruling is tentative; the Court will hear argument.
- Monsanto's Motion in Limine No. 8 to exclude evidence regarding Proposition 65 is granted for both phases. No argument is needed on this motion.
- Monsanto's Motion in Limine No. 13 to exclude evidence of lobbying activities is granted for Phase 1 and denied for Phase 2, but the amount of time spent on this evidence will be restricted per Rule 403. No argument is needed on this motion.

Motions Regarding General Causation/Monsanto's Scientific Knowledge

- Plaintiff's Motion in Limine No. 1 to exclude ecological studies is denied. No argument is needed on this motion.
- Monsanto's Motion in Limine No. 9 to exclude evidence of adverse event reports is granted for both phases, without prejudice to the plaintiffs' making an offer of proof regarding specific adverse event reports that might be relevant during Phase 2. No argument is needed on this motion.
- Monsanto's Motion in Limine No. 10 to exclude evidence relating to the Seralini study is granted for both phases. No argument is needed on this motion.

Motions Regarding Specific Causation

- Plaintiffs' Motion in Limine No. 2 to exclude new general causation opinions: see the Court's tentative ruling regarding Monsanto's specific causation experts, Pretrial Order No. 74 (Dkt. No. 2682). The Court will hear argument on this motion.
- Plaintiffs' Motion in Limine No. 6 is granted in light of the agreement among the experts regarding the time period when Mr. Hardeman was likely exposed to hepatitis. No argument is needed on this motion.
- Plaintiffs' Motion in Limine No. 7 to exclude evidence of other conditions is denied as to basal cell carcinoma, but granted as to the other conditions. No argument is needed on this motion.
- Plaintiffs' Motion in Limine No. 8 is granted as unopposed.
- Plaintiffs' Motion in Limine No. 9 is granted as unopposed.
- Plaintiffs' Motion in Limine No. 11 is granted in light of the agreement among the experts about the time period when Mr. Hardeman was likely exposed to hepatitis C. No argument is needed on this motion.
- Plaintiffs' Motion in Limine No. 12 is granted in light of the agreement among the experts about the time period when Mr. Hardeman was likely exposed to hepatitis B. No argument is needed on this motion.

Miscellaneous Motions

- Plaintiffs' Motion in Limine No. 3 to exclude evidence and argument about the benefits of glyphosate is granted for both phases, except that the parties may present limited background information as necessary to explain to the jury what glyphosate is and does. This ruling is tentative; the Court will hear argument.
- Plaintiffs' Motion in Limine No. 10 to exclude evidence about collateral source payments is granted for both phases in accordance with the parties' stipulation. *See* Dkt. No. 2613.
- Plaintiffs' Motion in Limine No. 13 to exclude evidence about attorney retention and advertising is granted for both parties. No argument is needed on this motion.
- Monsanto's Motion in Limine No. 4.1 to exclude comparisons to the tobacco industry is granted for both phases. No argument is needed on this motion.
- Monsanto's Motion in Limine No. 4.2 to exclude appeals to the jury relating to Monsanto's wealth is granted except to the extent relevant to punitive damages or to the

extent necessary to rebut the suggestion that certain studies of glyphosate would have been cost-prohibitive. No argument is needed on this motion.

- Monsanto's Motion in Limine No. 4.3 to exclude references to the common good or to sending Monsanto a message is granted for Phase 1 and denied for Phase 2. No argument is needed on this motion.
- Monsanto's Motion in Limine No. 5.1 to exclude references to other pending litigation is granted for both phases, except to the extent necessary for the experts to respond to questions about their compensation. This ruling is tentative; the Court will hear argument.
- Monsanto's Motion in Limine No. 5.2 to exclude evidence of and reference to Monsanto's other products is granted for both phases. No argument is needed on this motion.
- Monsanto's Motion in Limine No. 5.3 to exclude evidence about the Bayer acquisition is granted for both phases, except to the extent necessary, during Phase 2, to explain Monsanto's financial condition. No argument is needed on this motion.
- Monsanto's Motion in Limine No. 11.1 to exclude references to the "magic tumor" is denied for both phases. This ruling is tentative; the Court will hear argument.
- Monsanto's Motion in Limine No. 11.2 to exclude discussion of the IBT/Craven studies is granted for both phases. This ruling is tentative; the Court will hear argument.
- Monsanto's Motion in Limine No. 11.3 to exclude the Copley letter is granted for both phases as unopposed.
- Monsanto's Motion in Limine No. 11.4 to exclude Monsanto-related publications such as *Whitewash* is granted for both phases, without prejudice to the plaintiffs making an offer of proof as to a particular publication. No argument is needed on this motion.
- Monsanto's Motion in Limine No. 11.5 to exclude evidence of Roundup's other alleged health effects is granted for both phases. No argument is needed on this motion.
- Monsanto's Motion in Limine No. 12 to exclude evidence of glyphosate in food or breast milk is granted for both phases as unopposed.

**IT IS SO ORDERED.**

Date: February 12, 2019

Honorable Vince Chhabria
United States District Court