**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
               elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Jerry Keith Haney, et al., v. Monsanto Co.*, Case No. 3:19-cv-00278-VC | |

### MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint and Jury Demand ("the Complaint"), except as set forth below.  Additionally, to the extent plaintiffs' allegations are directed towards both Monsanto and the collective "John Doe" co-defendants, Monsanto only purports to answer plaintiffs' allegations as to Monsanto and not as to the co-defendants.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Although many paragraphs in the Complaint refer only to "Plaintiff," Monsanto nevertheless responds to the allegations in those paragraphs as if brought by any of the plaintiffs.  Silence as to any allegations shall constitute a denial.

1     1.     Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.     Monsanto denies the allegations in paragraph 2.

3.     Monsanto denies the allegations in paragraph 3.

4.     The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiffs' Complaint.

5.     Monsanto admits the allegations in paragraph 5.

6.     The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.     The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.     The allegations in the first sentence of paragraph 8 set forth conclusions of law for which no response is required.  In response to the allegations in the final sentence of paragraph 8, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

9.     Monsanto admits that the Judicial Panel on Multidistrict Litigation ordered that federal court lawsuits filed by plaintiffs alleging that Roundup®-branded products caused them to develop non-Hodgkin's lymphoma be transferred to this Court for coordinated or consolidated pretrial proceedings.  *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 2016 WL 5845994 (J.P.M.L. Oct. 3, 2016).  Monsanto denies the remaining allegations in paragraph 9.

10.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 10 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 10.

11.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 11 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 11.

12.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 12 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 12.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 13 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 13.

14.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 14 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 14.

15.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 15 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 15.

16.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 16 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 16.

17.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 17 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 17.

18.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 18 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 18.

19.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 19 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 19.

20.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 20 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 20.

21.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 21 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 21.

22.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 22 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 22.

23.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 23 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 23.

24.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 24 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 24.

25.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 25 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 25.

26.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 26 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 26.

27.     Monsanto admits the allegations in paragraph 27.

28.     The allegations in paragraph 28 are not directed at Monsanto and therefore no answer is required.  To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 28.

29.     Monsanto denies the allegations in paragraph 29.

30.     Monsanto admits the allegations in paragraph 30.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-00278-VC

1       31.     Monsanto admits the allegations in paragraph 31 but notes that Monsanto was and

2 is not the only manufacturer of glyphosate-based herbicides.

3       32.     The allegations in paragraph 32 comprise attorney characterizations and are

4 accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs

5 have a variety of separate and distinct uses and formulations.

6       33.     In response to the allegations in paragraph 33, Monsanto admits that its

7 headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware.

8 Monsanto admits that it and affiliated companies have operations and offices in countries around

9 the world.  Monsanto admits that it is a producer of glyphosate-based herbicides but lacks

10 sufficient information regarding the business of other glyphosate producers to admit or deny the

11 allegation as written in the second sentence of paragraph 33.  Monsanto admits that it is the

12 leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the

13 Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto

14 lacks information or knowledge sufficient to form a belief as to the accuracy of the specific

15 numbers and statistics provided in the remaining sentences of paragraph 33 and therefore denies

16 those allegations.

17       34.     In response to the allegations in paragraph 34, Monsanto admits that its

18 glyphosate products are registered in at least 130 countries and approved for use on over 100

19 different crops.  Monsanto admits that certain studies have reported that glyphosate is found at *de*

20 *minimis* levels significantly below regulatory safety limits in various locations and media.

21 Monsanto denies the remaining allegations in paragraph 34.

22       35.     Monsanto admits the allegations in the first sentence of paragraph 35.  Monsanto

23 denies the allegations in the second sentence of paragraph 35 to the extent they suggest that the

24 International Agency for Research on Cancer ("IARC") based its evaluation on a complete or

25 accurate assessment of the scientific research regarding glyphosate.

26       36.     Monsanto admits the allegations in the first sentence of paragraph 36.  Monsanto

27 denies the allegations in the second sentence of paragraph 36.

28

37.     In response to the allegations in paragraph 37, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 37.

38.     Monsanto denies the allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that paragraph 39 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

40.     In response to the allegations in paragraph 40, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 40 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 and therefore denies those allegations.

41.     Monsanto generally admits the allegations in the first sentence of paragraph 41, but denies the allegations in the first sentence of paragraph 41 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA"). Monsanto denies the allegations in the second sentence of paragraph 41 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  Monsanto denies the allegations in the third sentence of paragraph 41 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

42.     In response to the allegations in paragraph 42, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 42.

43.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 43.

44.     Monsanto admits the allegations in the first two sentences of paragraph 44 and admits that at all relevant times it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto denies the remaining allegations in paragraph 44.

45.     The allegations in paragraph 45 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 45.

46.     In response to the allegations in paragraph 46, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 46 set forth conclusions of law for which no response is required.

47.     The allegations in paragraph 47 set forth conclusions of law for which no response is required.

48.     In response to the allegations in paragraph 48, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution United States.

49.     In response to the allegations in paragraph 49, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 49 is vague and

ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 49 set forth conclusions of law for which no answer is required.

50.     Monsanto denies the allegations in paragraph 50 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 50 set forth conclusions of law for which no response is required.

51.     In response to the allegations in paragraph 51, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-00278-VC

humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 and therefore denies those allegations.

52.     In response to the allegations in paragraph 52, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 52 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

53.     In response to the allegations in paragraph 53, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 53 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

54.     Monsanto denies the allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 55 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 55.

56.     Monsanto denies the allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

1   that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with

2   respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded

3   that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the

4   two EPA OPP reports and the EPA CARC Final Report discussed above, specific findings of

5   safety include:

6   - "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
       evidence of non-carcinogenicity for humans—based on the lack of convincing
7       evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
       Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
8       http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

9   - "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
       60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
10

11  - "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
       Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

12  - "There is [an] extensive database available on glyphosate, which indicate[s] that
       glyphosate is not mutagenic, not a carcinogen, and not a developmental or
13       reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
       73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).
14

15  - "EPA has concluded that glyphosate does not pose a cancer risk to humans."
       Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be
       codified at 40 C.F.R. pt. 180).
16

17  - "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible
       cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body
18       of research does not provide evidence to show that [g]lyphosate causes cancer and
       does not warrant any change in EPA's cancer classification for [g]lyphosate."
19       *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder
       Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th
20       Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of
       Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-
21       5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk
       Statement").

22  Monsanto denies the remaining allegations in paragraph 57.

23        58.    Monsanto states that the term "toxic" as used in paragraph 58 is vague and

24  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

25  denies the allegations in paragraph 58.

26        59.    Monsanto admits the allegations in paragraph 59.

27

28

60.     In response to the allegations in paragraph 60, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 61 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 61.

62.     In response to the allegations in paragraph 62, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 62.

63.     In response to the allegations in paragraph 63, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 63 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 63.

64.     Monsanto denies the allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 65 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 66 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 66.

67.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 67.

68.     Monsanto denies the allegations in paragraph 68.

69.     Monsanto denies the allegations in paragraph 69.

70.     Monsanto denies the allegations in paragraph 70.

71.     Monsanto denies the allegations in paragraph 71.

72.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 72.

73.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

74.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

75.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 75 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

76.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 76, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 76 comprise attorney characterizations and are accordingly denied.

77.     In response to the allegations in paragraph 77, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 77 comprise attorney characterizations and are accordingly denied.

78.     In response to the allegations in paragraph 78, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed

1   required, the allegations in paragraph 78 comprise attorney characterizations and are accordingly

2   denied.

3        79.     Monsanto denies the allegations in paragraph 79.

4        80.     The allegations in paragraph 80 comprise attorney characterizations and are

5   accordingly denied.

6        81.     Monsanto admits the allegations in paragraph 81.

7        82.     In response to the allegations in paragraph 82, Monsanto states that the cited

8   document speaks for itself and does not require a response.  To the extent that paragraph 82

9   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

10  paragraph 82.

11       83.     In response to the allegations in the first sentence of paragraph 83, Monsanto

12  admits that certain studies have reported that glyphosate and glyphosate-based formulations

13  induced oxidative stress under artificial experimental conditions.  Monsanto denies that these

14  studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce

15  oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies

16  the remaining allegations in the first sentence of paragraph 83. The allegations in the second

17  sentence in paragraph 83 are vague and ambiguous and are accordingly denied. In response to

18  the allegations in the last sentence of paragraph 83, Monsanto states that the cited document

19  speaks for itself and does not require a response.

20       84.     In response to the allegations in paragraph 84, Monsanto states that the cited

21  document speaks for itself and does not require a response.  To the extent that paragraph 84

22  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

23  paragraph 84.

24       85.     Monsanto denies the allegations in paragraph 85.

25       86.     In response to the allegations in paragraph 86, Monsanto states that the cited

26  document speaks for itself and does not require a response.  Monsanto otherwise denies the

27  allegations in paragraph 86.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-00278-VC

87.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto admits the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto admits the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto denies the allegations in paragraph 99.

100.    Monsanto denies the allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto denies the allegations in paragraph 102.

103.    Monsanto denies the allegations in paragraph 103.

104.    In response to the allegations in paragraph 104, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 104.

105.    In response to the allegations in paragraph 105, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

1   the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

2   105.

3      106.    Monsanto denies the allegations in paragraph 106.

4      107.    Monsanto denies the allegations in paragraph 107.

5      108.    Monsanto denies the allegations in paragraph 108.

6      109.    Monsanto denies the allegations in paragraph 109.

7      110.    Monsanto denies the allegations in paragraph 110.

8      111.    Monsanto denies the allegations in paragraph 111.

9      112.    Monsanto denies the allegations in paragraph 112.

10     113.    Monsanto denies the allegations in paragraph 113.

11     114.    Monsanto denies the allegations in paragraph 114.

12     115.    Monsanto denies the allegations in paragraph 115.

13     116.    Monsanto denies the allegations in paragraph 116.

14     117.     Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations in paragraph 117 and therefore denies those allegations.

16     118.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 118 and therefore denies those allegations.

18     119.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 119 and therefore denies those allegations.

20     120.    Monsanto denies the allegations in paragraph 120.

21     121.    Monsanto incorporates by reference its responses to paragraphs 1 through 120 in

22   response to paragraph 121 of plaintiffs' Complaint.

23     122.    Monsanto denies the allegations in paragraph 122 that exposure to Roundup®-

24   branded products and glyphosate exposed plaintiffs and/or plaintiff's decedent to risk of their

25   alleged cancers and denies that exposure to Roundup®-branded products did or could have

26   caused plaintiffs' and/or plaintiff's decedent's alleged cancers.  Monsanto states, however, that

27   the scientific studies upon which IARC purported to base its classification were all publicly

28   available before March 2015.  The remaining allegations in paragraph 122 set forth conclusions

1   of law for which no response is required or consist of attorney characterizations and are

2   accordingly denied.

3       123.    Monsanto denies the allegation in paragraph 123 that exposure to Roundup®-

4   branded products and glyphosate exposed plaintiffs to risk of their alleged cancers.  Monsanto

5   states, however, that the scientific studies upon which IARC purported to base its classification

6   were all publicly available before March 2015.  The remaining allegations in paragraph 123 set

7   forth conclusions of law for which no response is required or consist of attorney

8   characterizations and are accordingly denied.

9       124.    Monsanto denies the allegations in paragraph 124 that exposure to Roundup®-

10   branded products and glyphosate exposed plaintiffs to risk of their alleged cancers and denies

11   that exposure to Roundup®-branded products did or could have caused plaintiffs' and/or

12   plaintiff's decedent's alleged cancers.  Monsanto states, however, that the scientific studies upon

13   which IARC purported to base its classification were all publicly available before March 2015.

14   The remaining allegations in paragraph 124 set forth conclusions of law for which no response is

15   required, consist of attorney characterizations and are accordingly denied, or comprise

16   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

17   the truth of the allegations asserted and therefore denies those allegations.

18       125.    In response to the allegations in paragraph 125, Monsanto denies that it has

19   concealed the alleged "true risks associated with the use of and/or exposure" to Roundup®-

20   branded products and glyphosate and denies that Monsanto has made fraudulent

21   misrepresentations or otherwise engaged in fraudulent conduct.  The remaining allegations in

22   paragraph 125 set forth conclusions of law for which no response is required or consist of

23   attorney characterizations and are accordingly denied.

24       126.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

25   exposed plaintiffs and/or plaintiff's decedent to risk of their alleged cancer and denies the

26   remaining allegations in paragraph 126.  Monsanto states, however, that the scientific studies

27   upon which IARC purported to base its classification were all publicly available before March

28   2015.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-00278-VC

127.     In response to the allegations in paragraph 127, Monsanto denies that it "conceal[ed] the truth regarding the safety" of Roundup®-branded products and denies any failure to disclosure information that was required to be (or otherwise should have been) disclosed.  The remaining allegations in the first sentence of paragraph 127 set forth conclusions of law for which no response is required.  The allegations in the remaining sentences of paragraph 127 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.  Monsanto states that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

128.     In response to the allegations in paragraph 128, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  The remaining allegations in paragraph 128 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.  Monsanto states, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

129.     Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 129 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

130.     Monsanto incorporates by reference its responses to paragraphs 1 through 129 in response to paragraph 130 of plaintiffs' Complaint.

131.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 and therefore denies those allegations.

132.    The allegations in paragraph 132 set forth conclusions of law for which no response is required.

133.    Monsanto denies the allegations in paragraph 133.

134.    Monsanto denies the allegations in paragraph 134, including each of its subparts.

135.    Monsanto denies the allegations in paragraph 135.

136.    Monsanto denies the allegations in paragraph 136.

137.    Monsanto denies the allegations in paragraph 137, including each of its subparts.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto denies the allegations in paragraph 139.

140.    Monsanto denies the allegations in paragraph 140.

141.    Monsanto denies the allegations in paragraph 141.

142.    In response to allegations in paragraph 142, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

143.    Monsanto incorporates by reference its responses to paragraphs 1 through 142 in response to paragraph 143 of plaintiffs' Complaint.

144.    In response to the allegations in paragraph 144, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiffs and/or plaintiff's decedent used or were exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 144.

145.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 145 and therefore denies those allegations.

146.    Monsanto denies the allegations in paragraph 146.

147.    Monsanto denies the allegations in paragraph 147.

148.    Monsanto denies the allegations in paragraph 148.

1    149.    Monsanto denies the allegations in paragraph 149, including each of its subparts.

2    150.    Monsanto denies the allegations in paragraph 150.

3    151.    Monsanto denies that Roundup®-branded products have "dangerous

4  characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

5  truth of the remaining allegations in paragraph 151 and therefore denies those allegations.

6    152.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7  truth of the allegations in paragraph 152 and therefore denies those allegations.

8    153.    Monsanto denies the allegations in paragraph 153.

9    154.    The allegations in paragraph 154 set forth conclusions of law for which no

10  response is required.

11    155.    Monsanto denies the allegations in paragraph 155.

12    156.    Monsanto denies the allegations in paragraph 156.

13    157.    Monsanto denies the allegations in paragraph 157.

14    158.    Monsanto denies the allegations in paragraph 158.

15    159.    Monsanto denies the allegations in paragraph 159.

16    160.    Monsanto denies the allegations in paragraph 160.

17    161.    Monsanto denies the allegations in paragraph 161.

18    162.    Monsanto denies the allegations in paragraph 162.

19    163.    Monsanto denies the allegations in paragraph 163.

20    164.    Monsanto denies the allegations in paragraph 164.

21    165.    In response to allegations in paragraph 165, Monsanto demands that judgment be

22  entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice;

23  and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and

24  such further and additional relief as this Court may deem just and proper.

25    166.    Monsanto incorporates by reference its responses to paragraphs 1 through 165 in

26  response to paragraph 166 of plaintiffs' Complaint.

27    167.    The allegations in paragraph 167 set forth conclusions of law for which no

28  response is required.

1    168.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 168 and therefore denies those allegations.

3    169.    Monsanto denies the allegations in paragraph 169.  All labeling of Roundup®-

4    branded products has been and remains EPA-approved and in compliance with all federal

5    requirements under FIFRA.

6    170.    Monsanto denies the allegations in paragraph 170.

7    171.    Monsanto denies the allegations in paragraph 171.  All labeling of Roundup®-

8    branded products has been and remains EPA-approved and in compliance with all federal

9    requirements under FIFRA.

10    172.    Monsanto denies the allegations in paragraph 172.  All labeling of Roundup®-

11    branded products has been and remains EPA-approved and in compliance with all federal

12    requirements under FIFRA.

13    173.    Monsanto denies the allegations in paragraph 173.

14    174.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15    truth of the allegations regarding plaintiffs' and/or plaintiff's decedent's use history in paragraph

16    174 and therefore denies those allegations.  Monsanto denies the remaining allegations in

17    paragraph 174.

18    175.    The allegations in paragraph 175 set forth conclusions of law for which no

19    response is required.

20    176.    Monsanto denies the allegations in paragraph 176.

21    177.    Monsanto denies the allegations in paragraph 177.

22    178.    Monsanto denies the allegations in paragraph 178.

23    179.    Monsanto denies the allegations that Roundup®-branded products are defective

24    and accordingly denies the allegations in paragraph 179.

25    180.    The allegations in paragraph 180 set forth conclusions of law for which no

26    response is required.

27    181.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28    truth of the allegations in paragraph 181 and therefore denies those allegations.

182.    Monsanto denies the allegations in paragraph 182.

183.    Monsanto denies the allegations in paragraph 183.

184.    Monsanto denies the allegations in paragraph 184.

185.    Monsanto denies the allegations in paragraph 185.

186.    Monsanto denies the allegations in paragraph 186.

187.    In response to allegations in paragraph 187, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

188.    Monsanto incorporates by reference its responses to paragraphs 1 through 187 in response to paragraph 188 of plaintiffs' Complaint.

189.    Monsanto denies the allegations in paragraph 189.

190.    The allegations in paragraph 190 and each of its subparts set forth conclusions of law for which no response is required.

191.    In response to the allegations in paragraph 191, Monsanto denies that it has failed to properly disclose risks associated with Roundup®-branded products.  The remaining allegations in paragraph 191 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

192.    In response to the allegations in paragraph 192, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that paragraph 192 sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 192.

193.    Monsanto denies the allegations in the first and second sentences of paragraph 193.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence of paragraph 193 sets forth conclusions of law for which no response is required.

194.    The allegations in paragraph 194 set forth conclusions of law for which no response is required.

195. Monsanto denies the allegations in paragraph 195.

196. Monsanto denies the allegations in paragraph 196 and each of its subparts.

197. Monsanto states that the allegation in paragraph 197 that Monsanto made an express warranty sets forth a legal conclusion for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 197 and therefore denies those allegations.

198. Monsanto denies the allegations in paragraph 198.

199. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 199 regarding plaintiffs' and/or plaintiff's decedent's knowledge and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 199.

200. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 200 and therefore denies those allegations.

201. Monsanto denies the allegations in paragraph 201.

202. Monsanto denies the allegations in paragraph 202.

203. Monsanto denies the allegations in paragraph 203.

204. Monsanto denies the allegations in paragraph 204.

205. In response to the allegations in paragraph 205, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

206. Monsanto incorporates by reference its responses to paragraphs 1 through 205 in response to paragraph 206 of plaintiffs' Complaint.

207. Monsanto denies the allegations in paragraph 207. Additionally, the allegations in the last sentence in paragraph 207 set forth conclusions of law for which no response is required.

208. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 208 concerning the plaintiffs' and/or plaintiff's decedent's

claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 208 set forth conclusions of law for which no response is required.

209.    The allegations in paragraph 209 set forth conclusions of law for which no response is required.

210.    Monsanto denies the allegations in paragraph 210.

211.    Monsanto denies the allegations in paragraph 211.

212.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 212 concerning the condition of any Roundup®-branded product allegedly used by plaintiffs and/or plaintiff's decedent or about plaintiffs' and/or plaintiff's decedent's alleged uses of such product and therefore denies the allegations in paragraph 212.

213.    Monsanto denies the allegations in paragraph 213.

214.    Monsanto denies the allegations in paragraph 214.

215.    Monsanto denies the allegations in paragraph 215.

216.    In response to the allegations in paragraph 216, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

217.    Monsanto incorporates by reference its responses to paragraphs 1 through 216 in response to paragraph 217 of plaintiffs' Complaint.

218.    Monsanto denies the allegations in paragraph 218.

219.    Monsanto denies the allegations in paragraph 219. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

220.    Monsanto denies the allegations in paragraph 220.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

221.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 221 regarding plaintiffs' and/or plaintiff's decedent's knowledge or reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 221.

222.     Monsanto denies the allegations in paragraph 222.

223.     Monsanto denies the allegations in paragraph 223.

224.     Monsanto denies the allegations in paragraph 224.

225.     Monsanto denies the allegations in paragraph 225.

226.     Monsanto denies the allegations in paragraph 226.

227.     In response to the allegations in paragraph 227, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

228.     Monsanto incorporates by reference its responses to paragraphs 1 through 227 in response to paragraph 228 of plaintiffs' Complaint.

229.     Monsanto denies the allegations in paragraph 229.

230.     Monsanto denies the allegations in paragraph 230.

231.     Monsanto denies the allegations in paragraph 231.

232.     Monsanto denies the allegations in paragraph 232.

233.     Monsanto denies the allegations in paragraph 233.

234.     Monsanto denies the allegations in paragraph 234.

235.     Monsanto denies the allegations in paragraph 235.

236.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 236 regarding plaintiffs' and/or plaintiff's decedent's actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 236.

237.     Monsanto denies the allegations in paragraph 237.

238.     Monsanto denies the allegations in paragraph 238.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

239.     Monsanto denies the allegations in paragraph 239.

240.     In response to the allegations in paragraph 240 Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

241.     The allegations in paragraph 241 set forth conclusions of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.     Venue in the Eastern District of Missouri may be inconvenient.

3.     Plaintiffs' claims are improperly joined and should be severed.

4.     Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' and/or plaintiff's decedent's alleged injuries.

6.     Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and

instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.     Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9.     Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10.   Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.   Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.   Plaintiffs' claims are barred, in whole or in part, because plaintiffs' and/or plaintiff's decedent's injuries, if any, were the result of conduct of plaintiffs, plaintiff's decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' and/or plaintiff's decedent's pre-existing medical conditions.

13.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

14.   Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

15.   Plaintiffs' and/or plaintiff's decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

16.   If plaintiffs and/or plaintiff's decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' and/or plaintiff's decedent's alleged injuries or damages.

17.   Monsanto had no legal relationship or privity with plaintiffs and/or plaintiff's decedent and owed no duty to them by which liability could be attributed to it.

18.   Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs and/or plaintiff's decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs and/or plaintiff's decedent failed to give notice of any breach thereof.

19.   Plaintiffs' claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

20.   Plaintiffs' claims for punitive, exemplary, and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Alabama Constitution, the Florida Constitution, the Georgia Constitution, the Hawaii Constitution, the Indiana Constitution, the Iowa Constitution, the Michigan Constitution, the Missouri Constitution, the North Carolina Constitution, the South Carolina Constitution, the Texas Constitution, the Washington Constitution, and/or other applicable state constitutions.

21.   Plaintiffs' claims for punitive, exemplary, and/or treble damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Alabama law, Florida law, Georgia law, Hawaii law, Indiana law, Iowa law, Michigan law, Missouri law,

North Carolina law, South Carolina law, Texas law, Washington law, and/or other applicable state laws.

22.  Plaintiffs' claims for punitive, exemplary, and/or treble damages are barred and/or limited by operation of state and/or federal law, including Michigan law; Washington law; Ala. Code § 6-11-21; Fla. Stat. § 768.73; O.C.G.A. § 51-12-5.1; Missouri Revised Statute § 510.265.1; N.C. Gen. Stat. §§ 1D-15, 1D-25; S.C. Code Ann. § 15-32-530 and Tex. Civ. Prac. & Rem. Code Ann. §§ 41.004(a), 41.008(b).  Monsanto would further show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under Fla. Stat. § 768.73 would be a violation of Monsanto's state and federal constitutional rights.

23.   Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiffs, plaintiff's decedent, and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiffs' have failed to clearly establish any entitlement to punitive, exemplary, and/or treble damages based on his allegations.

24.  Plaintiffs' claims are barred in whole or in part by plaintiffs' and/or plaintiff's decedent's own contributory/comparative negligence.

25.  Plaintiffs' claims are barred in whole or in part by plaintiffs' and/or plaintiff's decedent's own failure to mitigate damages.

26.  Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

27.  To the extent that plaintiffs' or plaintiff's decedent's recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute § 490.715 and Fla. Stat. § 768.76.

28.  If plaintiffs and/or plaintiff's decedent have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

29.  Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

30.  Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize or limit such claims.

31.  Plaintiffs' strict liability claims are barred in whole or in part, by the Alabama Extended Manufacturer's Liability Doctrine; by the N.C. Gen. Stat. § 99B-1.1 and because Michigan does not recognize a cause of action for strict liability in tort.

32.  Plaintiffs' claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256; Mich. Com. Laws § 600.2946 (4); and Tex. Civ. Prac. & Rem. Code Ann. § 82.008.

33.  In accordance with Fla. Stat. § 768.1257, plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

34.  Plaintiffs' common law claims are barred, in whole or part, by application of Indiana Product Liability Act, Ind. Code Ann. § 34-20-1-1, *et seq.* and Wash. Rev. Code §§ 7.72.010-.060.

35.  Plaintiffs have failed to allege fraud with sufficient particularity.

36.  Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

1

## JURY TRIAL DEMAND

2

Monsanto demands a jury trial on all issues so triable.

3

DATED: February 13, 2019                    Respectfully submitted,

4

5

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)

6

(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)

7

(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP

8

1350 I Street, N.W.
Washington, DC  20005

9

Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639

10

11

*Attorneys for Defendant*
*MONSANTO COMPANY*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-00278-VC