**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:     202-847-4030
Fax:     202-847-4005

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>_____<br><br>This document relates to:<br><br>ALL ACTIONS<br><br>_____ | ) MDL No. 2741<br>)<br>) Case No. 3:16-md-02741-VC<br>)<br>) **MONSANTO COMPANY'S**<br>) **MEMORANDUM IN SUPPORT OF ITS**<br>) **JANUARY 30, 2019 ADMINISTRATIVE**<br>) **MOTION TO FILE UNDER SEAL**<br>)<br>)<br>)<br>) |

     Pursuant to Civil Local Rule 79-5 and the Amended Protective and Confidentiality Order

entered by the Court on September 6, 2017 ("Amended Protective Order") at ¶ 18, Defendant

Monsanto Company ("Monsanto") hereby submits this Memorandum in support of its January 30,

2019 Administrative Motion to File Under Seal exhibits filed in support of Plaintiffs' oppositions to Monsanto's motions *in limine*.  As explained in its Administrative Motion (ECF No. 2609), Monsanto did not receive plaintiffs' exhibits to their oppositions in sufficient time to assess them for sealing before filing Monsanto's motions *in limine* (with plaintiffs' oppositions attached), and therefore Monsanto filed 28 exhibits provisionally under seal.  Monsanto withdraws its request to file 14 of these documents under seal.[1]  For most of the remaining exhibits, Monsanto seeks to maintain under seal only discrete, limited portions of the exhibits that are required to be redacted under stringent European data privacy laws or contain the details of a confidential business contract.  In addition, Monsanto seeks to maintain under seal a private employment file document, except for the sentence that was quoted in plaintiffs' opposition brief.  *The remainder of that document – like the discrete information Monsanto seeks to redact from the other exhibits at issue – was not referred to in plaintiffs' opposition briefs and thus is irrelevant to the issues before the Court.*

## ARGUMENT

I.     **Compelling Reasons Exist To Protect The Discrete, Limited Information In Each Exhibit That Monsanto Seeks To Maintain Under Seal.**

This Court has "broad latitude" to "prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F. 3d 1206, 1211 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c)(1). As described below and in the accompanying Declaration of Robyn D. Buck in Support of Monsanto Company's January 30, 2019 Administrative Motion to File Under Seal ("Buck Decl."), Monsanto seeks to maintain the confidentiality of discrete business and personal identifying information contained in certain documents filed as exhibits to plaintiffs' opposition briefs, including an expert report that contains

---

[1] The exhibits Monsanto is not seeking to file under seal are Exhibits E, F, and G to plaintiffs' Opposition to MIL No. 2; Exhibits 8, 10, 11 to plaintiffs' Opposition to MIL No. 7; Exhibits 2 and 3 to plaintiffs' Opposition to MIL No. 8; and Exhibits 5, 8, 12, 13, 14, and 16 to plaintiffs' Opposition to MIL No. 10.

1   material designated as confidential by Monsanto.  Monsanto's Motion is resolved under the

2   compelling reasons standard.  *Dominion Assets LLC v. Masimo Corp.*, 2018 WL 2427790, at *1-2

3   (N.D. Cal. May 30, 2018) (granting request to seal parts of exhibits to Defendants' *Daubert*

4   motions where Defendants articulated compelling reasons to seal portions of the submitted

5   documents and the proposed redactions are narrowly tailored).

6   **II.      Compelling Reasons Exist To Maintain The Confidentiality Of A Private Personnel File Document.**

7           Exhibit 7 to plaintiffs' opposition to MIL No. 7 (MONGLY01090874) contains the

8   private, internal, and personal employment performance assessment of a non-party Monsanto

9   employee.  *See* Buck Decl. ¶ 6.  The document, which was not disclosed outside of the company

10  nor shared with anyone *within* the company except the employee's supervisors, is part of the

11  employee's personnel file and part of the process by which Monsanto evaluates its employees.  *Id.*

12  Disclosure of the document would harm Monsanto by breaching its employee's privacy.  *See id.*

13  Disclosure also would harm the privacy interests of Monsanto's current and former employees,

14  who are non-parties to this litigation and do not expect to see their annual reviews exposed to the

15  public.  *See id.*

16          Courts are wary of allowing even the discovery of personnel records and recognize that

17  "[s]trong public policy exists against disclosure" of such records, "because disclosure would

18  invade [the] employees' privacy, and 'firms might cease to frankly criticize and rate their own

19  [employees'] performance . . . .'"  *In re Sunrise Secs. Litig.*, 130 F.R.D. 560, 580 (E.D. Pa. 1989)

20  (citation omitted).  Acknowledging "the confidential nature of … employee personnel files,"

21  *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1034 (9th Cir. 1990), courts routinely keep such

22  documents under seal.  *See Contino v. Winn-Dixie Stores, Inc.*, Civil Action No. CV214-146, 2015

23  WL 2226229, at * 3 (S.D. Ga. May 12, 2015) (ordering the protection of personnel files, "based

24  on Defendants' and its employees' interests in maintaining the privacy and confidentiality of any

25  internal disciplinary reports, performance evaluations, and other records that may be disclosed to

26  Plaintiff in the personnel files"); *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN-NJK,

27

28

3

2013 WL 5923426, *2 (D. Nev. Nov. 1, 2013) (granting an application to file documents under seal, noting that "non-party employees 'have a strong interest in maintaining the privacy' of their personnel files"); *Matter of Hawaii Corp.*, 88 F.R.D. 518, 525 (D. Hawaii 1980) (holding, because of "the strong interests of employees' privacy and the need to preserve the free flow of candid communications" in a company, that personnel files and employee evaluations may only be produced subject to a protective order, and "[a]ny document or information contained in the personnel files which is filed in this litigation must be filed under seal").  No less restrictive means exists to achieve the overriding interest in protecting the substantial privacy interests of non-parties in their confidential performance records.  *See McDonnell v. First Unum Life Ins. Co.*, 2012 WL 13933, at *2 (S.D.N.Y. Jan. 4, 2012) (holding that lesser measures, such as redacting any personal identifying information, do "not provide ample protection for the privacy interests of non-parties to the litigation").

Monsanto does not seek to seal the one sentence from Exhibit 7 that plaintiffs quote from in their opposition to MIL No. 7.  The remainder of this confidential designated document, however, was not referred to at all by plaintiffs and thus redacting all parts of the document below the quoted language would not impair plaintiffs' arguments.  Because of Monsanto's significant interests in maintaining the confidentiality of its personnel records, and the non-party employee's privacy interests, the Court should allow the redaction of all parts of Exhibit 7 to which plaintiffs did not refer.

III.    **Redacted Portions Of The Expert Report of Dr. Benbrook Dated November 20, 2018 Should Remain Under Seal.**

Discrete parts of the November 20, 2018 report of plaintiffs' expert Dr. Charles Benbrook (Ex. 1 to Plaintiffs' Opposition to MIL No. 7) should remain under seal.

a.    **Compelling Reasons Exist To Redact The Personal Identifying Information Of European Individuals.**

The Report contains personal identifying information of European individuals that must be kept confidential in order for Monsanto to comply with its obligations under European Union and Belgian data privacy law.  *See* Buck Decl. at ¶¶ 7, 8(a); Dehareng Law Decl. (Ex. A to Buck

4

Declaration).[2]  Co-lead plaintiffs' counsel previously agreed "that European law provides heightened protection for privacy rights and personal data" and that, "[s]hould a future need arise, European citizens' names and personal information will be subject to redaction, as proposed by Monsanto."  Jt. Ltr. Br., Doc. No. 237 (filed 4/14/2017) at 5 (ECF No. 237).  The "personal data" that is protected by these laws is any information relating to a natural person, including employment information, job titles, mailing addresses, phone numbers, and e-mail addresses.  *See St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 104 F. Supp. 3d 1150, 1162 (D. Ore. 2015) ("'Personal data' is defined broadly to include names, job titles, email addresses, and so on").

Because the key principles of Belgian data protection law are proportionality and data minimization, Dehareng Law Decl. ¶ 12, *any* additional disclosure of a European individual's name – even if that person already has been identified in connection with the Roundup® litigation (or with a particular communication) – is an affront to the law and its purpose.  Such exposure would harm the protected privacy interests of non-party individuals, frustrate the purpose of the European Union Data Protection Directive and the Belgian Data Protection Law, and expose Monsanto Company, Monsanto Europe, and other persons or entities to potential sanctions, including substantial fines.  *Id.* ¶¶ 5-7, 28. Monsanto therefore requests that the Court allow the redaction from the Report of direct identifiers of European individuals (name, email address, job title, job position, phone number, etc.) so as not to violate European privacy laws.

b. **Compelling Reasons Exist To Maintain The Confidentiality Of Confidential Consulting Contracts.**

The Court should maintain the confidentiality of confidential business contracts between Monsanto and a third party outside consultant.  *See* Buck Decl. at ¶ 8(b).  Revealing the details of the consulting agreement "would result in an invasion of the third party's privacy" as well as cause "competitive harm" to Monsanto.  *Icon-IP Pty Ltd. v. Specialized Bicycle*

---

[2] This information is protected under European Union privacy laws and the implementing laws of member nations.  *See, e.g.,* Monsanto Company's Response in Support of Plaintiffs' Feb. 20, 2017 Administrative Motion to File Under Seal (ECF No. 166).

5

MONSANTO COMPANY'S MEMO IN SUPPORT OF MOTION TO FILE UNDER SEAL
3:16-md-02741-VC

*Components, Inc.*, 2015 WL984121, at *3 (N.D. Cal. Mar. 4, 2015).  In particular, "disclosing the terms of these agreements would put [Monsanto] at a disadvantage in future negotiations for similar agreements." *Id.*  Disclosure also would harm the non-party consultant who, much like an employee, has a "significant interest" in keeping his consulting agreement "secret." *Aevoe Corp v. AE Tech Co.*, 2013 WL 5923426, at *2 (D. Nev. Nov, 1, 2013) (agreeing that an "employment contract should be kept under seal").

**IV.     Discrete Portions of Other Documents Produced by Monsanto in this Litigation Should Remain Under Seal.**

Several documents produced by Monsanto in this litigation contain European citizens' names that, as discussed above, should be redacted based on EU privacy law.  The documents at issue for this motion are Exhibits C and H to Plaintiffs' Opposition to MIL No. 2 and Exhibits 2, 3, 4, 7, and 15 to Plaintiffs' Opposition to MIL No. 10.  Buck Decl. ¶ 7.   Monsanto does not seek to seal these documents in full; instead, Monsanto asks the Court to allow it to file the documents publicly with only very limited redactions of the identifying information (names) of European employees or consultants.  Plaintiffs did not refer to this information in their opposition briefs and thus it is irrelevant to their arguments.  Monsanto therefore requests that the Court grant Monsanto's request to file redacted versions of these documents as the publicly-available versions of the documents.

**CONCLUSION**

For all of these reasons, Monsanto respectfully requests that the Court grant its motion to seal the discrete information discussed above in the public copies of plaintiffs' exhibits.

DATED: February 13, 2019

Respectfully submitted,

/s/ Eric G. Lasker_____

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor

Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

Attorneys for Defendant
MONSANTO COMPANY

7

MONSANTO COMPANY'S MEMO IN SUPPORT OF MOTION TO FILE UNDER SEAL
3:16-md-02741-VC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of February 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Eric G. Lasker

MONSANTO COMPANY'S MEMO IN SUPPORT OF MOTION TO FILE UNDER SEAL
3:16-md-02741-VC