

**Aimee H. Wagstaff, Esq.**
*Licensed in Colorado and California*
Aimee.Wagstaff@AndrusWagstaff.com

7171 W Alaska Drive
Lakewood, Colorado 80226
Office: (303) 376-6360
Fax: (303) 376-6361
Website: www.AndrusWagstaff.com

February 13, 2019

<u>VIA CM/ECF</u>
Hon. Vince Chhabria
United States District Court,
Northern District of California

RE:   AUTHORITY ON THE QUESTION OF RULING IN ROUNDUP WITH TEN DAYS OF LIFETIME EXPOSURE

To the Honorable Judge Chhabria,

To answer the Court's earlier question regarding "ruling in" Roundup® following ten days of lifetime exposure, Plaintiffs direct the Court to the Ninth Circuit's Opinion in *Clausen v. M/V NEW CARISSA*, 339 F.3d 1049, 1057 (9th Cir. 2003). Although Plaintiffs emphasize that any causation determination is necessarily plaintiff specific and factors such as the duration and severity of exposure must be accounted for, an expert's decision to "rule in" a likely carcinogen like Roundup® is not only reliable, it is required by *Daubert*. As the Ninth Circuit explained:

> "The first step in the diagnostic process is to compile a comprehensive list of hypotheses that might explain the set of salient clinical findings under consideration. See Clinical Reasoning, supra n. 2, at 112. The issue at this point in the process is which of the competing causes are generally capable of causing the patient's symptoms or mortality. Expert testimony that rules in a potential cause that is not so capable is unreliable. *See Hall v. Baxter Healthcare Corp.*, 947 F.Supp. 1387, 1413 (D.Or.1996) ("[I]t is ... important to recognize that a fundamental assumption underlying [differential diagnosis] is that the final, suspected 'cause' ... must actually be capable of causing the injury."). Similarly, expert testimony that neglects to consider a hypothesis that might explain the clinical findings under consideration may also be unreliable. Including even rare entities in the list "ensures that such disorders are not overlooked." Clinical Reasoning, supra n. 2, at 112; see also *Westberry*, 178 F.3d at 265 ("A differential diagnosis that fails to take serious account of other potential causes may be so lacking that it cannot provide a reliable basis for an opinion on causation.")." *Clausen*, 399 F.3d at 1057-1058.

Dated February 13, 2019          Respectfully Submitted,

/s/ Aimee H. Wagstaff
Aimee H. Wagstaff, Esq.
ANDRUS WAGSTAFF, PC



**Aimee H. Wagstaff, Esq.**
*Licensed in Colorado and California*
Aimee.Wagstaff@AndrusWagstaff.com

7171 W Alaska Drive
Lakewood, Colorado 80226
Office: (303) 376-6360
Fax: (303) 376-6361
Website: www.AndrusWagstaff.com

7171 W. Alaska Dr.
Lakewood, CO 80226
Email: Aimee.wagstaff@andruswagstaff.com