UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to:<br>ALL ACTIONS | **PRETRIAL ORDER NO. 89: INITIAL RULING ON DEPOSITION DESIGNATIONS FOR DR. WILLIAM REEVES**<br><br>Dkt. No. 2801 |

The hard copy of the Reeves deposition designations submitted today is a mess, as is the portion of the spreadsheet that discusses the plaintiffs' designations, which does not appear to match the objections. The Court is therefore unable to continue to review the Reeves designations, which means the plaintiffs will not be able to put on Reeves' deposition testimony tomorrow. The parties are ordered to submit a cleaned-up version of the Reeves transcript, with properly-marked designations, objections, and responses, by tomorrow. In addition, if the designation involves testimony about a document, the parties must submit a hard copy of the document along with the deposition testimony.

In case it's helpful, the Court offers the following guidance based on its review of roughly the first 70-80 pages: Next to many of the plaintiff's designations, Monsanto objects on the ground that the testimony is irrelevant to Phase 1, and the plaintiff responds by intoning the following: "Relevant to Phase 2 and to Phase 1 if Monsanto raises such issues during Phase 1." The Court does not understand this response. To the extent the plaintiff means to contend that the testimony could become relevant at Phase 1 based on something Monsanto does to open the

door, that is always theoretically possible, does not need to be stated, and cannot be ruled on by the Court in advance. Therefore, it is a waste of the Court's time to assert that response and ask for a ruling on it. If the plaintiff concedes that the testimony is not admissible in Phase 1 at this time based on the Court's rulings, he should designate the testimony for Phase 2 only, and make clear that that's what he's doing. Then, Monsanto can decide simply whether it wishes to object to the testimony's inclusion in Phase 2.

To the extent the plaintiff's cut-and-paste response is meant to contend that testimony by Reeves about a particular epidemiological study might become relevant merely because Monsanto "raises" the study during Phase 1, that is incorrect. Something more would need to happen for the Reeves testimony to become admissible during Phase 1.

Overall, it appears that the vast majority of the material designated from the first 70-80 pages is not admissible during Phase 1 under either Rule 401 or Rule 403. One possible exception may be the references on pages 31-32 to working with the AHS to define exposures, depending on how the evidence otherwise comes in on the issue of Monsanto's relationship (or lack thereof) to the AHS.

**IT IS SO ORDERED.**

Date:   February 25, 2019

_____
Honorable Vince Chhabria
United States District Court