**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
Aimee.wagstaff@andruswagstaff.com
David J. Wool (SBN 324124)
David.Wool@andruswagstaff.com
7171 W. Alaska Drive
Lakewood, CO  80226
Telephone: 303-376-6360

**MOORE LAW GROUP, PLLC**
Jennifer A. Moore (SBN 206779)
jennifer@moorelawgroup.com
1473 South 4th Street
Louisville, KY 40208
Telephone: 502-717-4080

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741<br>) Case No. 16-md-02741-VC<br>) |
| THIS DOCUMENT RELATES TO: | ) **EDWIN HARDEMAN'S SUPPLEMENTAL**<br>) **BRIEF PURSUANT TO PTO 81**<br>)<br>)<br>) |
| *HARDEMAN v. MONSANTO COMPANY,*<br>*Case No: 3:16-cv-00525-VC* | )<br>)<br>) |

### Introduction

The evidence pertaining to Industrial Bio-Test Labs ("IBT") demonstrates, unequivocally, that despite knowing that Roundup®'s registration was predicated upon invalid and probably fraudulent data, Monsanto continued to market and sell Roundup® in the 1980s during the time when Mr. Hardeman began using Roundup®. In fact, during this period, the only oncogenicity study pertaining to glyphosate was so clouded by the specter of fraud that EPA demanded Monsanto repeat the study. *See* Reeves Deposition Transcript at 193:24-195:4. This evidence goes directly to the heart of several critical issues to be adjudicated during Phase 2 of this trial including negligence and punitive damages. And, because this evidence will only be introduced *after* the jury has decided whether Roundup®

caused Mr. Hardeman's NHL, any prejudice is substantially outweighed by the probative value of the evidence.

### **The Evidence Plaintiff Seeks to Admit**

Mr. Hardeman seeks to introduce the testimony by Dr. William Reeves pertaining to Monsanto's relationship to IBT labs, its knowledge of IBT's conduct as well as the associated exhibits. *See Reeves* 186:04-215:19. Specifically, Plaintiff seeks to introduce evidence and testimony that:

- Roundup® was approved for sale in the 1970's. *Reeves* 186:4-11.

- There was only one animal carcinogenicity conducted on glyphosate at the time of approval, which was conducted by IBT. *Reeves* 186:12-15.

- Toxicologist Paul Wright was employed by Monsanto. *Reeves* 187:21-188:5, 188:20-23, 191:12-17. By, August 1971, toxicologist had left Monsanto and started working for IBT. *Reeves* 192:22-193:7. Then, sometime before October 24, 1973, he returned to Monsanto. *Id.* According to the Seventh Circuit, he departed IBT in October 1972 and when he returned to Monsanto he became "Manager of Toxicology for Monsanto Corporation and served as liaison to IBT." *See United States v. Keplinger*, 776 F.2d 678, 684 (7th Cir. 1985).

- The IBT study, Reyna and Gordon (1973), was completed in 1973. *See Reeves* 489 at 81, 91, 156. Unlike every other mouse study conducted on glyphosate, it showed no tumors in the exposed groups, i.e., was completely negative. *Id.* at 81, 91. The study was an 18-month study in mice. *Id.* at 81.

- IBT also conducted all but one of the genotoxicity studies supporting the registration of glyphosate. *See* Ex. 504 at 19.

- Some time after Roundup was approved by the EPA, and while Dr. Wright was working at Monsanto, he was indicted for fraud and, ultimately, convicted by a jury. *See U.S. v. Keplinger*, 776 F.2d 678 (7th Cir. 1985); *accord Reeves* 187:17-23 ("Related to the IBT scandal, people went to jail; correct? A. My understanding is there were people. Specifically, how many and what the details were -- Q. Well, one of them was named Paul Wright; right? A. That is correct.").

- Following the IBT scandal, the EPA reviewed the IBT mouse study and concluded it was invalid. *See Reeves* 205:18-209:20; Exh.504 at 37.

- EPA also reviewed the IBT genotoxicity[1] studies and concluded all were invalid. Exh. 504 at 19.

- Monsanto did not amend the Roundup® upon discovering IBT's fraud. *Reeves* 212:18-215:8

---

[1] Although termed "mutagenicity studies" by EPA, these studies pertain to genotoxicity as all mutagens are genotoxic, but not all genotoxic substances are mutagenic.

- Monsanto did not withdraw Roundup® from the market upon discovering IBT's fraud. *Id.*

- Monsanto did redo a mouse study, i.e., the Knezevich and Hogan (1983) study, which has, itself, been the subject of considerable debate. See *Reeves* 241:7-268:10

The IBT evidence is directly relevant to whether Monsanto used reasonable care to prevent harm to Mr. Hardeman. *See* Judicial Council Of California Civil Jury Instruction 401, Judicial Council Of California Civil Jury Instruction 401 ("Negligence is the failure to use reasonable care to prevent harm to oneself or to others."). If the jury affirms that Mr. Hardeman's NHL was caused by exposure to Roundup®, evidence that Monsanto continued to sell Roundup® to Mr. Hardeman despite its awareness that it lacked a single valid oncogenicity study to support Roundup®'s safety must be admitted as relevant, not only to Mr. Hardeman's negligence claim, but also in support of his claim for punitive damages. Because the jury will have already decided whether Roundup® exposure was a substantial contributing factor with respect to Mr. Hardeman's NHL, this evidence is not prejudicial. Rather, the evidence that Monsanto's awareness of and indifference to IBT's fraud is directly relevant to the question of whether it acted with reasonable care to prevent harm to Mr. Hardeman.

February 25, 2019

**ANDRUS WAGSTAFF, PC**

By: /s/ Aimee H. Wagstaff
Aimee H. Wagstaff (SBN 278480)
Aimee.wagstaff@andruswagstaff.com
David J. Wool (SBN 324124)
David.Wool@andruswagstaff.com
7171 W. Alaska Drive
Lakewood, CO  80226
Telephone: 303-376-6360

**MOORE LAW GROUP, PLLC**
Jennifer A. Moore (SBN 206779)
jennifer@moorelawgroup.com
1473 South 4th Street
Louisville, KY 40208
Telephone: 502-717-4080

*Co-counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of February 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Aimee H. Wagstaff

PLAINTIFF'S SUPPLEMENTAL BRIEF
PURSUANT TO PTO 81

Case No: 3:16-cv-00525-VC