

2001 M STREET NW
10th Floor
WASHINGTON, DC 20036

WWW.WILKINSONWALSH.COM
___
A LIMITED LIABILITY PARTNERSHIP

February 25, 2019

**VIA ECF**

Hon. Vince Chhabria
San Francisco Courthouse, Courtroom 4
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    ***In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC**

Dear Judge Chhabria:

    Based on Plaintiffs' opening statement and the testimony of Dr. Ritz, Monsanto respectfully requests that the Court issue the following curative instruction, at an appropriate juncture, regarding the use of unadjusted data by the expert witnesses in this case:

> "You've heard evidence about certain epidemiological studies, such as McDuffie and Eriksson, that contain unadjusted data—that is, data that does not make appropriate adjustments for the confounding influence of exposure to other pesticides. You cannot draw any conclusions from the unadjusted data about the degree of potential risk that Roundup may present. Further, you may not draw any conclusions from the unadjusted data about Mr. Hardeman's risk of developing NHL."

    In PTO 85, the Court made clear that experts "may not testify that the McDuffie and Eriksson studies stand for the proposition that if someone uses Roundup more than two days per year or more than ten days in their lifetime, their risk of developing NHL doubles," calling such testimony "inaccurate, misleading, and untethered to any sound scientific method." PTO 85 at 7. The Court likewise precluded testimony "that Mr. Hardeman's risk of developing NHL more than doubled because he used Roundup far more than the threshold of ten lifetime days set by the Eriksson and McDuffie studies," observing that "[e]ven putting aside the problems with unadjusted data, those studies simply do not support Dr. Weisenburger's assertion." *Id.* at 8.

    Notwithstanding those rulings, Plaintiffs' counsel stated during opening that McDuffie "found there was a 212 percent increased risk if you were exposed to Roundup over two days a year," and that Eriksson "found that if you are exposed to Roundup more than ten days, you have a 202 percent chance – I'm sorry – you have a 236 percent chance if you are exposed to more than ten days in your life. 236 percent chance." 2/25/19 Tr. at 336:6-14. The Court convened a sidebar in response.

After the jury was excused for lunch, and with Dr. Ritz present on the stand, the Court noted that dealing with the "numbers that emanate from the McDuffie and Eriksson studies" is "a tricky issue." *Id.* at 431:9-11.  The Court made clear, however, that "the line was crossed during opening statements," *id.* at 430:19-20, and that its specific causation order precluded an "opinion that those numbers stand for this sort of quantitative proposition." *Id.* at 431:16-18.  The Court also stated that the experts "can say what the numbers stand for," but must offer the qualification "that these are unadjusted numbers and also the overall numbers of the subjects in the studies are very low." *Id.* at 431:22-25.

The Court then suggested that it may give "a specific instruction regarding the use of unadjusted numbers," and that "the chances of that happening increase the more the Plaintiffs elicit testimony about the unadjusted numbers, and the more the Plaintiffs attempt to get the jury to draw quantitative conclusions about the unadjusted numbers." *Id.* at 434:8-14.  The Court then asked Dr. Ritz if she was "comfortable with that," and Dr. Ritz said "Yes." *Id.* at 435:2-4.

During her testimony, Dr. Ritz made the following statements about McDuffie and Eriksson:

- McDuffie: "The pattern I see is, yeah, there's no risk increase if you use glyphosate for a day or two; but look at what happens when you're using it regularly, *more than two days a year*.  That's where all of the risk is, and it's *more than twofold* and it's statistically significant but still unadjusted for other pesticides." *Id.* at 484:6-11 (emphasis added).

- Eriksson: "So this is a new study, new cases that arrived later in time.  More of them were exposed, which makes a lot of sense because glyphosate use increased.  Right?  So we now have actually a lot more data to base our opinion on, and we see again a *twofold risk increase* and we would call this statistically significant because it excludes the 1; right?  It's on that side of the 1, 1.1." *Id.* at 492:10-16 (emphasis added).

- Eriksson: "And as you can see, the risk is different if you're using a little bit, maybe 69 percent risk increase but we can't say.  The confidence interval is wide; right?  But definitely the ones *using more than 10 days, they are more than twofold risk increased*." *Id.* at 494:10-14 (emphasis added).

- Eriksson: "Yes.  So, again, it means if you were exposed *10 days or more* in the past, then *your risk is more than twofold*, and in this case statistically significant." *Id.* at 496:17-19 (emphasis added).

In the last exchange, which involved data for cases "with a latency of more than 10 years," *id.* at 496:9, Dr. Ritz did not state, and counsel did not note on her demonstrative, that the data was unadjusted.

As the foregoing demonstrates, Dr. Ritz's testimony involved quantitative conclusions about unadjusted data that are materially indistinguishable from the impermissible arguments made during opening statements, and in at least one circumstance, Dr. Ritz did not offer any

2

qualification that the data she was presenting to the jury were unadjusted. Under these circumstances, Monsanto submits that its proposed curative instruction is warranted to minimize the risk that the jury will reach a verdict in this case that is based on "junk science." PTO 85 at 7; *see also* 2/25/19 Tr. at 430:6-13.

Respectfully submitted.

/s/ Brian L. Stekloff

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

Eric G. Lasker (pro hac vice)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

Attorneys for Defendant
MONSANTO COMPANY