UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITGATION<br><br>This document relates to:<br>*Hardeman v. Monsanto*, 3:16-cv-00525-VC | MDL No. 2741<br>Case No. 16-md-02741-VC<br><br>**PRETRIAL ORDER NO. 93: FURTHER ORDER RE REEVES DEPOSITION DESIGNATIONS** |

    The new transcript of the Reeves testimony submitted by the parties is still not ready for review by the Court. First, in many instances the Court cannot tell whether a particular portion of testimony has been designated, because it contains only partial highlights (with the line number highlighted but not the text). Second, in many instances the same category of testimony comes with an objection in some places but without an objection in other places. Compare, for example, page 67 to pages 38-39 and 82-83. This leaves the Court confused about the theory behind the objections.

    To attempt to assist the parties in moving this along, the Court issues the following general ruling regarding the Reeves deposition: Testimony by Dr. Reeves about Monsanto's views of the science is inadmissible at Phase 1, except to the extent Monsanto documents reflect a position inconsistent with the position it is taking at trial. Therefore, while testimony by Dr. Reeves relating to Dr. Acquavella's July 1997 memorandum criticizing the AHS is admissible at Phase 1 since Monsanto is relying heavily on the AHS at trial, most or all of the remaining testimony by Dr. Reeves about the science is inadmissible at Phase 1. On the other hand, for Phase 2, testimony by Dr. Reeves about the science, or Monsanto's views of the science, will generally be admissible, and

such testimony will only be excluded if there is a special reason to keep particular testimony out. So, for example, the above-referenced testimony on page 67 and pages 38-39 and 82-83 is admissible at Phase 2.

The parties must resubmit a transcript of the Reeves testimony for the Court's review in accordance with this ruling, along with a streamlined spreadsheet. This means that the plaintiffs shall, subject to the exception described above, only designate testimony about the science and Monsanto's view of it for Phase 2. This is with the understanding that the plaintiffs have preserved their objections to the Court's ruling that such testimony cannot be admitted during Phase 1. Similarly, Monsanto shall only object to designations of such testimony for Phase 2 if there is a special reason to exclude it, beyond Monsanto's general objection that Reeves' testimony about the science is irrelevant to Phase 2. This is with the understanding that Monsanto has preserved its objections to the Court's ruling that such testimony generally can be admitted during Phase 2. In addition, the Court notes that Monsanto has included several frivolous hearsay objections (frivolous because the objections are to the admission of statements by Monsanto agents).

**IT IS SO ORDERED.**

Date: February 26, 2019

_____
Honorable Vince Chhabria
United States District Court