**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
Aimee.wagstaff@andruswagstff.com
David J. Wool (SBN 324124)
David.Wool@andruswagstaff.com
7171 W. Alaska Drive
Lakewood, CO 80226
Telephone: 303-376-6360

**MOORE LAW GROUP, PLLC**
Jennifer A. Moore (SBN 206779)
jennifer@moorelawgroup.com
1473 South 4th Street
Louisville, KY 40208
Telephone: 502-717-4080

*Co-Counsel for Plaintiffs*

**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
Rakesh Kilaru (*pro hac vice*)
Tamarra Matthews Johnson (*pro hac vice*)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005
bstekloff@wilkinsonwalsh.com
rkilaru@wilkinsonwalsh.com
tmatthewsjohnson@wilkinsonwalsh.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 ) ) Case No. 3:16-md-02741-VC ) |
| *Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC | ) **DEPOSITION DESIGNATIONS FOR** ) **PHASE 1 WITNESS (DAY 2) –** ) **DR. CHRISTOPHER PORTIER** ) ) |

Monsanto submits Dr. Christopher Portier's deposition designations as below in page:line format, including all objections and responses.

Please note that Monsanto expressly objects to the admission or display of Exhibit 388.

| Testimony | Objection | Response |
|---|---|---|
| **Plaintiff Direct (Continued)** | | |
| 264:1 – 12 | | |
| 265:4 - 21 | | |

| Testimony | Objection | Response |
|---|---|---|
| 271:25 – 272:2 | | |
| 272:6 - 11 | | |
| 273:12 – 15 | | |
| 274:11 - 23 | | |
| 275:13 – 283:20 | | |
| 283:21 – 284:22 | Leading, PTO 85 re "doubling" of risk | The question was open-ended and did not imply an answer. |
| 284:23 – 286:21 (ending at "however")<br><br>286:23 (beginning at "having") - 288:21 | | |
| 288:22 – 289:19 | Leading | The question was open-ended and did not imply an answer. |
| 289:20 – 292:16 | | |
| **Monsanto Cross-Examination** | | |
| 293:3 – 295:1 | | |
| 295:2 - 23 | 401, 403 | The designation is relevant and not unduly prejudicial in light of the Court's comments on Day 1 of trial. |
| 296:15 – 296:19 | | |

| Testimony | Objection | Response |
|---|---|---|
| 296:20 - 24 | 401, 403 (cumulative, waste of time, creates confusion as witness was never proffered to offer testimony about Mr. Hardeman) | This short series of questions is relevant to make clear to the jury that Dr. Portier is not here to offer any opinions specifically as to Mr. Hardeman. Monsanto has attempted to narrowly designate these questions to make that point without belaboring it. |
| 299:13 - 17 | 401, 403 (cumulative, waste of time, creates confusion as witness was never proffered to offer testimony about Mr. Hardeman) | This short series of questions is relevant to make clear to the jury that Dr. Portier is not here to offer any opinions specifically as to Mr. Hardeman. Monsanto has attempted to narrowly designate these questions to make that point without belaboring it. |
| 300:7 – 10 | | |
| 300:24 – 303:5 | | |
| 308:7 - 10 | | |
| 308:13 – 19 | | |
| 308:23 – 309:14 | | |
| 311:5 – 15 | | |
| 311:21 – 312:14 | | |
| 312:15 – 313:11 | This is clearly an attempt to backdoor inadmissible hearsay through use of a leading question.  Dr. Portier does know and was never proffered as an expert about Hep C and its relationship to NHL or any cancer.  This questioning is also inappropriate under 403. | Plaintiff's counsel represents that this objection pertains to the IARC classification of Hepatitis C Virus.  Plaintiff has put forth Dr. Portier as a sort of "expert" on IARC and knowledgeable about IARC's classifications of carcinogenic substances. He stated that he "vaguely recall[ed]" IARC classifying HCV as a Group 1 carcinogen, and it is fair game on cross examination to ask whether he is aware of IARC's classification on HCV. |
| 313:16 – 314:16 | | |

| Testimony | Objection | Response |
|---|---|---|
| 315:9 – 316:3 | | |
| 316:10 – 317:12 | | |
| 317:21 – 318:1 | | |
| 318:10 – 319:8 | | |
| 319:19 – 23 | | |
| 320:7 – 23 | | |
| 321:22 – 322:3 | | |
| 322:7 – 324:15 | | |
| 324:22 – 325:10 | 401, the article referenced has nothing to do with any issue in this case, 403 - defense counsel suggests this study has something to do with glyphosate, even though it does not, and that is misleading and prejudicial.  The reference to McDuffie was limited to a general statement about pesticides.  It is not relevant. | It's his own article and cites one of the 6 key studies Plaintiffs rely on, talking about glyphosate testing specifically in that context. |

| Testimony | Objection | Response |
|---|---|---|
| 325:18 – 326:8 | 401, the article referenced has nothing to do with any issue in this case, 403 - defense counsel suggests this study has something to do with glyphosate, even though it does not, and that is misleading and prejudicial.  The reference to McDuffie was limited to a general statement about pesticides.  It is not relevant. | It's his own article and cites one of the 6 key studies Plaintiffs rely on, talking about glyphosate testing specifically in that context. |
| 326:9 – 328:1 | | |
| 328:2 - 10 | Hearsay and speculation. Also, 401, as he does not know what the report on carcinogens states. Monsanto's counsel is injecting a "fact" as part of a question, i.e., "did you know that Monsanto [insert otherwise inadmissible fact] … No". | This is not speculation; it is asking Dr. Portier whether he knows about a classification or has referenced the classification released by his former employer – this is appropriate given he had responsibility for this document during his career and is still familiar with the document. |
| 328:11 – 330:13 | | |
| 330:22 – 25 | | |
| 331:6 – 9 | | |
| 331:24 – 332:11 | | |
| 333:21 – 334:11 | | |
| 335:7 – 336:13 | | |
| 337:3 – 339:4 | | |

| Testimony | Objection | Response |
|---|---|---|
| 339:5 – 10 | | |
| 339:11 - 12 | | |
| 339:13 - 22 | | |
| 341:2 – 342:16 | | |
| 343:1 - 20 | 403, Plaintiffs' MIL No. 5. Earlier, Monsanto established that EFSA disagreed with Dr. Portier, any further cross on this issue is clearly improper and violates MIL No. 5. Also hearsay because Monsanto's counsel is reading out of court statements made that Dr. Portier did not rely on. | The Court has specifically allowed testimony about Dr. Portier's efforts to convince European regulators of this position and their response demonstrating that his efforts have been unsuccessful in convincing those regulators.  Each of the points regarding EFSA hit on different scientific points, organized by the various areas of science (the "three legs of the stool") identified by plaintiffs during Dr. Portier's direct examination. |
| 344:9 - 21 | 403, Plaintiffs' MIL No. 5. Earlier, Monsanto established that EFSA disagreed with Dr. Portier, any further cross on this issue is clearly improper and violates MIL No. 5. Also hearsay because Monsanto's counsel is reading out of court statements made that Dr. Portier did not rely on. | The Court has specifically allowed testimony about Dr. Portier's efforts to convince European regulators of this position and their response demonstrating that his efforts have been unsuccessful in convincing those regulators.  Each of the points regarding EFSA hit on different scientific points, organized by the various areas of science (the "three legs of the stool") identified by plaintiffs during Dr. Portier's direct examination. |

| Testimony | Objection | Response |
|---|---|---|
| 345:9 - 21 | 403, Plaintiffs' MIL No. 5. Earlier, Monsanto established that EFSA disagreed with Dr. Portier, any further cross on this issue is clearly improper and violates MIL No. 5. Also hearsay because Monsanto's counsel is reading out of court statements made that Dr. Portier did not rely on. | The Court has specifically allowed testimony about Dr. Portier's efforts to convince European regulators of this position and their response demonstrating that his efforts have been unsuccessful in convincing those regulators.  Each of the points regarding EFSA hit on different scientific points, organized by the various areas of science (the "three legs of the stool") identified by plaintiffs during Dr. Portier's direct examination. |
| 345:22 – 346:3 | | |
| 346:4 – 9 | | |
| 346:25 – 347:9 | | |
| 347:21 – 348:22 | | |
| 349:6 – 351:10 | 403, Plaintiffs' MIL No. 5. Earlier, Monsanto established that ECHA disagreed with Dr. Portier, any further cross on this issue is clearly improper and violates MIL No. 5. Also hearsay because Monsanto's counsel is reading out of court statements made that Dr. Portier did not rely on. | The Court has specifically allowed testimony about Dr. Portier's efforts to convince European regulators of this position and their response demonstrating that his efforts have been unsuccessful in convincing those regulators.  Each of the points regarding ECHA hit on different scientific points, organized by the various areas of science (the "three legs of the stool") identified by plaintiffs during Dr. Portier's direct examination. |

| Testimony | Objection | Response |
|---|---|---|
| 351:20 – 353:21 | 403, Plaintiffs' MIL No. 5. Earlier, Monsanto established that ECHA disagreed with Dr. Portier, any further cross on this issue is clearly improper and violates MIL No. 5. Also hearsay because Monsanto's counsel is reading out of court statements made that Dr. Portier did not rely on. | The Court has specifically allowed testimony about Dr. Portier's efforts to convince European regulators of this position and their response demonstrating that his efforts have been unsuccessful in convincing those regulators.  Each of the points regarding ECHA hit on different scientific points, organized by the various areas of science (the "three legs of the stool") identified by plaintiffs during Dr. Portier's direct examination. |
| 356:9 - 19 | 403, Plaintiffs' MIL No. 5. Earlier, Monsanto established that ECHA disagreed with Dr. Portier, any further cross on this issue is clearly improper and violates MIL No. 5. Also hearsay because Monsanto's counsel is reading out of court statements made that Dr. Portier did not rely on. | The Court has specifically allowed testimony about Dr. Portier's efforts to convince European regulators of this position and their response demonstrating that his efforts have been unsuccessful in convincing those regulators.  Each of the points regarding ECHA hit on different scientific points, organized by the various areas of science (the "three legs of the stool") identified by plaintiffs during Dr. Portier's direct examination. |
| 356:20 – 357:18 | | |
| 358:4 - 15 | Reference to Obama is inappropriate in light of Court's comments today, Feb. 25.  No objection if reference to Obama is removed. | The Court overruled Ms. Wagstaff's objection to EPA approving this across administrations and did not take her up on the invitation to discuss the use of "Obama's EPA." |
| 359:2 – 22 | | |
| 360:1 - 9 | | |
| 361:11 – 362:5 | | |
| 366:7 – 17 | | |
| 367:7 – 14 | | |

| Testimony | Objection | Response |
|---|---|---|
| 371:8 – 20 | | |
| 374:1 – 7 | | |
| 374:21 – 377:1 | | |
| 377:19 – 378:1 | | |
| 378:2 - 5 | | |
| 378:6 – 12 | | |
| 379:4 – 13 | | |
| 383:12 – 18 | | |
| 384:25 – 387:3 | | |
| 387:4 - 17 | Non-responsive | Responsive to the line of question being asked. |
| 388:7 – 20 | | |
| 390:3 – 6 | | |
| 391:2 - 7 | | |
| 391:21 – 392:16 | | |
| 392:17 – 393:11 | | |
| 393:12 – 14 | | |
| 393:21 – 395:2 | | |
| 395:3 - 25 | Plaintiff's counter is unconnected to Monsanto's designation | |
| 396:1 – 397:5 | | |

| Testimony | Objection | Response |
|---|---|---|
| 397:6 - 16 | | |
| 397:17 – 398:1 | | |
| 399:16 – 400:1 | | |
| 400:2 – 401:3 | | |
| 407:2 – 408:14 | | |
| 408:15 - 18 | Improper impeachment / hearsay as there is no prior inconsistent statement | Dr. Portier volunteered an answer that was inconsistent with prior testimony.  Monsanto is entitled to impeach Dr. Portier with his prior inconsistent testimony, and these lines are merely setting up that impeachment by asking if he recalled giving prior testimony. |
| 409:10 - 12 | Improper impeachment / hearsay as there is no prior inconsistent statement | Dr. Portier volunteered an answer that was inconsistent with prior testimony.  Monsanto is entitled to impeach Dr. Portier with his prior inconsistent testimony, and these lines are merely setting up that impeachment by asking if he recalled giving prior testimony. |
| 411:2 - 15 | Improper impeachment / hearsay as there is no prior inconsistent statement | Dr. Portier volunteered an answer that was inconsistent with prior testimony.  Monsanto is entitled to impeach Dr. Portier with his prior inconsistent testimony, and these lines are merely setting up that impeachment by asking if he recalled giving prior testimony. |
| 411:21 - 24 | | |
| 412:10 – 413:25 | | |
| 414:24 – 415:5 | | |
| 415:20 – 416:25 | | |
| 417:1 - 21 | | |

| Testimony | Objection | Response |
|---|---|---|
| 417:22 – 419:6 | | |
| 419:7 - 13 | | |
| 419:16 - 20 | | |
| 423:11 – 425:12 | | |
| 425:13 - 24 | | |
| 426:15 – 427:23 | | |
| 429:9 – 430:18 | | |
| 431:11 - 23 | | |
| 431:24 – 432:13 | Non-responsive; not a proper completeness counter | Dr. Portier clearly responded to Monsanto's counsel attempt to mislead the jury. |
| 432:18 – 435:2 | 403, Plaintiffs' MIL No. 5. Earlier, Monsanto established that EFSA disagreed with Dr. Portier, any further cross on this issue is clearly improper and violates MIL No. 5. Also hearsay because Monsanto's counsel is read out of court statements made that Dr. Portier did not rely on or that he does not believe are authoritative.  Also, there is hearsay within hearsay as noted on the record. | The Court has specifically allowed testimony about Dr. Portier's efforts to convince European regulators of his position and their response demonstrating that his efforts have been unsuccessful in convincing those regulators.  Each of the points on this topic are different points, organized by the various areas of science (the "three legs of the stool") identified by Plaintiffs during Dr. Portier's direct examination. |

| Testimony | Objection | Response |
|---|---|---|
| 436:4 – 437:11 | 403, Plaintiffs' MIL No. 5. Earlier, Monsanto established that EFSA disagreed with Dr. Portier, any further cross on this issue is clearly improper and violates MIL No. 5. Also hearsay because Monsanto's counsel is read out of court statements made that Dr. Portier did not rely on or that he does not believe are authoritative. | The Court has specifically allowed testimony about Dr. Portier's efforts to convince European regulators of his position and their response demonstrating that his efforts have been unsuccessful in convincing those regulators.  Each of the points on this topic are different points, organized by the various areas of science (the "three legs of the stool") identified by Plaintiffs during Dr. Portier's direct examination. |
| 439:3 - 8 | 403, Plaintiffs' MIL No. 5. Earlier, Monsanto established that EFSA disagreed with Dr. Portier, any further cross on this issue is clearly improper and violates MIL No. 5. Also hearsay because Monsanto's counsel is read out of court statements made that Dr. Portier did not rely on or that he does not believe are authoritative. | The Court has specifically allowed testimony about Dr. Portier's efforts to convince European regulators of his position and their response demonstrating that his efforts have been unsuccessful in convincing those regulators.  Each of the points on this topic are different points, organized by the various areas of science (the "three legs of the stool") identified by Plaintiffs during Dr. Portier's direct examination. |
| 442:24 – 443:9 | 403, Plaintiffs' MIL No. 5. Earlier, Monsanto established that EFSA disagreed with Dr. Portier, any further cross on this issue is clearly improper and violates MIL No. 5. Also hearsay because Monsanto's counsel is read out of court statements made that Dr. Portier did not rely on or that he does not believe are authoritative. | The Court has specifically allowed testimony about Dr. Portier's efforts to convince European regulators of his position and their response demonstrating that his efforts have been unsuccessful in convincing those regulators.  Each of the points on this topic are different points, organized by the various areas of science (the "three legs of the stool") identified by Plaintiffs during Dr. Portier's direct examination. |
| 445:9 - 18 | | |

| Testimony | Objection | Response |
|---|---|---|
| 446:2 - 15 | | |
| 447:21 – 448:17 | | |
| 449:20 – 451:9 | 401, 403, waste of time | The materials reviewed (and not reviewed) by Dr. Portier in reaching his conclusions are directly relevant to his opinions – especially when he stated on direct he took it upon himself to comment to EPA and then did not bother to read the document regarding their conclusions. |
| 451:15 - 17 | 401, 403, Plaintiffs' MIL No. 5, clear violation of the exclusion of this document, hearsay as the witness stated he never reviewed this.  This type of impeachment with extrinsic hearsay is improper. | The Court specifically allowed testimony regarding Dr. Portier's unsuccessful efforts to convince regulatory authorities of his position. Each of the points on this topic are different points, organized by the various areas of science (the "three legs of the stool") identified by Plaintiffs during Dr. Portier's direct examination. |
| 455:6 - 15 | 403, Plaintiffs' MIL No. 5. Earlier, Monsanto established that EFSA disagreed with Dr. Portier, any further cross on this issue is clearly improper and violates MIL No. 5. Also hearsay because Monsanto's counsel is read out of court statements made that Dr. Portier did not rely on or that he does not believe are authoritative. | The Court specifically allowed testimony regarding Dr. Portier's unsuccessful efforts to convince regulatory authorities of his position. Each of the points on this topic are different points, organized by the various areas of science (the "three legs of the stool") identified by Plaintiffs during Dr. Portier's direct examination. |

| Testimony | Objection | Response |
|---|---|---|
| 456:7 – 457:7 | 403, Plaintiffs' MIL No. 5. Earlier, Monsanto established that EFSA disagreed with Dr. Portier, any further cross on this issue is clearly improper and violates MIL No. 5. Also hearsay because Monsanto's counsel is read out of court statements made that Dr. Portier did not rely on or that he does not believe are authoritative. | The Court specifically allowed testimony regarding Dr. Portier's unsuccessful efforts to convince regulatory authorities of his position. Each of the points on this topic are different points, organized by the various areas of science (the "three legs of the stool") identified by Plaintiffs during Dr. Portier's direct examination. |
| 457:20 – 458:6 | | |
| 458:7 – 459:8 | | |
| 459:9 - 20 | | |
| 459:21 – 460:21 | | |
| 461:3 – 465:9 | | |
| 466:6 – 467:3 | | |
| 467:8 – 17 | | |
| 468:2 – 469:22 | | |
| 469:23 – 470:13 | Beyond the Scope of Direct Examination | Monsanto's witness Dr. Farmer seeks to raise other studies in her testimony, this rebuts that. Plaintiffs would not like to replay this testimony in rebuttal. |
| 471:2 - 11 | | |
| 471:25 – 472:6 | | |

| Testimony | Objection | Response |
|---|---|---|
| 472:22 – 473:14 | | |
| 473:23 – 474:13 | | |
| 474:25 – 476:11 | | |
| 477:21 – 480:16 | | |
| 480:23 – 481:21 | | |
| 482:9 – 483:16 | | |
| 484:11 – 485:14 | | |
| 486:5 – 491:2 | | |
| 491:24 – 25 | | |
| 492:1 – 7 | | |
| 492:8 - 16 | 401, 402, Non-responsive | Dr. Portier correctly raised concern that Monsanto asked different questions and the jury should see that. |
| 492:19 – 494:22 | | |
| 494:24 – 495:11 | | |
| 495:12 – 496:9 | | |
| 496:17 – 497:8 | | |

| Testimony | Objection | Response |
|---|---|---|
| 497:9 - 23 | Non-responsive, Cumulative | Responding to Monsanto's incorrect scientific assertion that results must be SS at the 0.05 level to be of interest.  He is clarifying that point in the face of otherwise misleading questions. |
| 498:23 – 500:4 | | |
| 500:12 – 502:7 | | |
| 510:6 – 513:25 | | |
| 514:4 - 14 | | |
| 514:23 – 518:18 | | |
| 518:19 – 519:5 | | |
| 519:6 - 21 | | |
| 520:6 – 522:9 | | |
| 522:10 -20 | Violates court's ruling on Plaintiff MIL 5 | Monsanto's counsel is suggesting that Chang & Delzell's Bradford Hill analysis is the same as what Dr. Portier did, but that is false.  Chang and Delzell did not look at animal or genotox like Dr. Portier.   He used the EPA's definition of Bradford Hill, which looks at all the data, not just epi. |
| 523:8 – 525:1 | | |
| 527:10 – 528:13 | | |
| 528:16 – 529:5 | | |
| 530:7 – 532:12 | | |
| 533:15 - 21 | | |

| Testimony | Objection | Response |
|---|---|---|
| 534:5 - 24 | | |
| 535:12 - 15 | | |
| 535:18 – 536:21 | | |
| 539:20 - 23 | | |
| 542:10 – 543:21 | Monsanto's counsel simply read portions of the paper to Dr. Portier and did not ask any substantive questions, i.e., waste of time, jury confusion.  Crossing a witness by merely reading hearsay statements, without some other questioning, is a waste of time. | Dr. Portier relies on this learned treatise for his opinions.  It is fair to cross-examine him on the document he relies on. |
| 544:5 – 545:3 | 401, 403, cumulative, asked and answered | This has not been asked and answered – counsel for Monsanto did not ask in depth questions regarding this study on direct. |
| 545:4 - 5 | | |
| **Plaintiff Re-Direct** | | |
| 549:1 - 10 | | |
| 549:13 | | |
| 549:15 – 550:23 | | |
| 551:24 – 552:10 | | |
| 557:24 – 558:2 | | |
| 558:21 – 559:11 | | |

| Testimony | Objection | Response |
|---|---|---|
| 559:14 | | |
| 559:16 - 21 | | |
| 559:24 – 560:14 | Cumulative, Leading | This portion of the testimony is required to put the next question into context.  Without it, it would mislead the jury into thinking I was trying to misread the article, when I was not. |
| 569:7 – 14 | | |
| 569:15 - 23 | | |
| 569:24 – 573:6 | | |
| 573:15 - 19 | Cumulative | This is not cumulative, as it was not raised previously in the context of his overall considerations. |
| 582:20 – 584:11 | | |
| 584:16 – 585:21 | | |
| 585:25 – 586:5 | Foundation, Assumes Facts not in Evidence | Monsanto specifically raised the letter he sent to the EPA which specifically challenged their compliance with the guidelines.  If Monsanto is allowed to impeach him about writing to the EPA, surely he should be allowed to explain his sincerity in taking that action. |
| 586:9 - 11 | 401-403, Leading, Argumentative | Monsanto specifically raised the letter he sent to the EPA which specifically challenged their compliance with the guidelines.  If Monsanto is allowed to impeach him about writing to the EPA, surely he should be allowed to explain his sincerity in taking that action. |
| 586:12 – 16 | Leading, Argumentative | Monsanto specifically raised the letter he sent to the EPA which specifically challenged their compliance with the guidelines.  If Monsanto is allowed to impeach him about writing to the EPA, surely he should be allowed to explain his sincerity in taking that action. |

| Testimony | Objection | Response |
|---|---|---|
| 586:18 – 587:17 | Lawyer commentary (only as to 587:4 – 10) | Simply orienting the Court, the jury, and the witness to why we talking about a specific passage raised on cross.  This is the purpose of re-direct. |
| 587:21 – 588:16 | | |
| 588:19 – 590:22 | Cumulative, 401-403 (as to 590:13 – 22 only) | Again, Dr. Portier is specifically explaining the words he wrote that Monsanto's counsel specifically raised on cross.  See Pg. 513:10 where Monsanto's counsel asks about this passage.  On re-direct, allowing the expert to explain what he meant is only fair.  The "devil's advocate" is clearly relevant to responding to Monsanto's attempt to impugn his credibility. |
| 590:25 – 591:18 | Cumulative, 401-403 | Again, Dr. Portier is specifically explaining the words he wrote that Monsanto's counsel specifically raised on cross.  See Pg. 513:10 where Monsanto's counsel asks about this passage.  On re-direct, allowing the expert to explain what he meant is only fair.  The "devil's advocate" is clearly relevant to responding to Monsanto's attempt to impugn his credibility. |
| 599:23 – 600:11 | Argumentative, outside the scope of cross | This is valid re-direct because it points out that Monsanto was incapable of challenging his actual findings directly. |
| 600:14 - 15 | Argumentative, outside the scope of cross | This is valid re-direct because it points out that Monsanto was incapable of challenging his actual findings directly. |
| 600:17 - 22 | Argumentative, outside the scope of cross | This is valid re-direct because it points out that Monsanto was incapable of challenging his actual findings directly. |
| 600:25 | Argumentative, outside the scope of cross | This is valid re-direct because it points out that Monsanto was incapable of challenging his actual findings directly. |
| 601:2 - 5 | Argumentative, outside the scope of cross | This is valid re-direct because it points out that Monsanto was incapable of challenging his actual findings directly. |

| Testimony | Objection | Response |
|---|---|---|
| 601:8 | Argumentative, outside the scope of cross | This is valid re-direct because it points out that Monsanto was incapable of challenging his actual findings directly. |
| 601:10 - 15 | | |
| 601:25 – 602:4 | Argumentative | Also valid re-direct.  Specifically responds to one of Monsanto's attacks on cross. |
| 602:8 – 606:3 | Argumentative (602:8 – 603:6), Colloquy (603:8 – 9) | 602:8-603:6: Same as above, 603:8-9, setting up next question and the question is open-ended, it does not imply an answer. |
| 606:12 – 607:9 | | |
| 607:10 – 14 | | |
| 607:20 - 24 | | |
| 607:25 – 608:6 | | |
| 609:5 - 21 | Colloquy (609:14 – 18) | Foundational to the question being asked. |
| 609:24 – 610:8 | | |
| 613:2 - 7 | | |
| **Monsanto Re-Cross** | | |
| 613:19 – 615:10 | | |
| 615:20 – 616:5 | | |
| 625:22 – 626:9 | | |
| 626:10 - 16 | | |
| 628:14 – 629:15 | | |

| Testimony | Objection | Response |
|---|---|---|
| 629:18 – 630:3 | | |
| 632:11 – 633:5 | | |
| 633:11 – 634:7 | | |
| 634:8 - 18 | | |
| 634:19 – 635:7 | | |
| **Plaintiff's Re-Re-Direct (Monsanto objects globally to any re-re-direct as it is impermissible)** | | |
| 638:14 - 21 | Improper re-re-direct | Re-re-direct is permitted in depositions, especially when the parties have agreed to use the designation process.  There is no prejudice to allowing these questions, which all directly relate to the AHS study at the heart of Monsanto's defense. |
| 639:7 - 8 | Improper re-re-direct | See above. |
| 639:19 – 640:10 | Improper re-re-direct. 401-402 | Same as above.  Also, these questions are laying the foundation for showing that the AHS publication, on its face, is factually incoherent and wrong.  See 641:13-18 |
| 640:18 – 19 | Improper re-re-direct. 401-402 | See above. |
| 640:21 – 641:1 | Improper re-re-direct. 401-402 | See above. |
| 641:6-7 | Improper re-re-direct. 401-402 | See above. |
| 641:9 | Improper re-re-direct. 401-402 | See above. |
| 641:11 – 15 | Improper re-re-direct. 401-402 | See above. |

| Testimony | Objection | Response |
|-----------|-----------|----------|
| 641:18 | Improper re-re-direct. 401-402 | See above. |
| 641:20 | Improper re-re-direct. 401-402 | See above. |
| 641:23 | Improper re-re-direct. 401-402 | See above. |
| **Monsanto Re-Re-Cross** | | |
| 642:8 - 24 | | |

The parties reserve the right to supplement, revise, correct, clarify, withdraw, or otherwise amend these designations.  Without waiving any objections, the parties also reserve the right to introduce into evidence any deposition testimony designated by the other party.  In addition, the parties reserve the right to use any deposition testimony at trial as necessary for impeachment and/or rebuttal.

Dated:  February 26, 2019                    **MOORE LAW GROUP, PLLC**


By:      /s/ Jennifer A. Moore
         Jennifer A. Moore (SBN 206779)
         Jennifer@moorelawgroup.com
         1473 South 4th Street
         Louisville, KY  40208
         Telephone: 502-717-4080

         **ANDRUS WAGSTAFF, PC**
         Aimee H. Wagstaff (SBN 278480)
         Aimee.wagstaff@anduswagstff.com
         David J. Wool (SBN 324124)
         David.Wool@andruswagstaff.com
         7171 W. Alaska Drive
         Lakewood, CO  80226
         Telephone: 303-376-6360

         *Co-counsel for Plaintiff*


         **WILKINSON WALSH + ESKOVITZ LLP**

         /s/ Brian L. Stekloff
         Brian L. Stekloff (*pro hac vice*)
         Rakesh Kilaru (*pro hac vice*)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Tamarra Matthews Johnson (*pro hac vice*)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005
bstekloff@wilkinsonwalsh.com
rkilaru@wilkinsonwalsh.com
tmatthewsjohnson@wilkinsonwalsh.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of February 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Brian L. Stekloff__