| | | |
|---|---|---|
| **ANDRUS WAGSTAFF, PC**<br>Aimee H. Wagstaff (SBN 278480)<br>Aimee.wagstaff@andruswagstff.com<br>David J. Wool (SBN 324124)<br>David.Wool@andruswagstaff.com<br>7171 W. Alaska Drive<br>Lakewood, CO 80226<br>Telephone: 303-376-6360<br><br>**MOORE LAW GROUP, PLLC**<br>Jennifer A. Moore (SBN 206779)<br>jennifer@moorelawgroup.com<br>1473 South 4th Street<br>Louisville, KY 40208<br>Telephone: 502-717-4080<br><br>*Co-Counsel for Plaintiffs* | | **WILKINSON WALSH + ESKOVITZ LLP**<br>Brian L. Stekloff (*pro hac vice*)<br>Rakesh Kilaru (*pro hac vice*)<br>Tamarra Matthews Johnson (*pro hac vice*)<br>2001 M St. NW, 10th Floor<br>Washington, DC 20036<br>Tel: 202-847-4030<br>Fax: 202-847-4005<br>bstekloff@wilkinsonwalsh.com<br>rkilaru@wilkinsonwalsh.com<br>tmatthewsjohnson@wilkinsonwalsh.com<br><br>*Attorneys for Defendant*<br>*MONSANTO COMPANY* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>*Hardeman v. Monsanto Co., et al.*,<br>3:16-cv-0525-VC | ) MDL No. 2741<br>)<br>) Case No. 3:16-md-02741-VC<br>)<br>) **DEPOSITION DESIGNATIONS FOR**<br>) **PHASE 1 WITNESS - DAY 2**<br>) **REDIRECT DR. CHRISTOPHER**<br>) **PORTIER**<br>) |

The parties submit Dr. Christopher Portier's re-direct and re-cross deposition designations as below in page:line format, including all objections and responses.

Please note that Monsanto expressly objects to the admission or display of Exhibit 388.

| Testimony | Objection | Response |
|---|---|---|
| **Plaintiff's Re-Direct** | | |
| 549:1 - 10 | | |
| 549:13 | | |

| Testimony | Objection | Response |
|---|---|---|
| 549:15 – 550:23 | | |
| 551:24 – 552:10 | | |
| 557:24 – 558:2 | | |
| 558:21 – 559:11 | | |
| 559:14 | | |
| 559:16 - 21 | | |
| 559:24 – 560:14 | Cumulative, Leading | This portion of the testimony is required to put the next question into context.  Without it, it would mislead the jury into thinking I was trying to misread the article, when I was not. |
| 569:7 – 14 | | |
| 569:15 - 23 | | |
| 569:24 – 573:6 | | |
| 573:15 - 19 | Cumulative | This is not cumulative, as it was not raised previously in the context of his overall considerations. |
| 582:20 – 584:11 | Excluded pursuant to PTO 96 (583:8 – 584:11 only) | |

| Testimony | Objection | Response |
|---|---|---|
| 585:25 – 586:5 | Foundation, Assumes Facts not in Evidence, Excluded pursuant to PTO 96. Dr. Portier previously explained to jury why he wrote letter in Day 1 testimony. | Monsanto specifically raised the letter he sent to the EPA which specifically challenged their compliance with the guidelines. If Monsanto is allowed to impeach him about writing to the EPA, surely, he should be allowed to explain his sincerity in taking that action. Without this testimony, the jury will have no understanding as to why Dr. Portier wrote the letters in the first place and, more importantly, why those regulatory agencies' disagreement is, in Dr. Portier's view, invalid. Monsanto has opened the door to this testimony. If Monsanto agrees to withdraw their questioning about this language at 512:22-513:25, then Plaintiffs will gladly withdraw this testimony. |
| 586:18 – 587:17 | Lawyer commentary (only as to 587:4 – 10) | Simply orienting the Court, the jury, and the witness to why we are talking about a specific passage raised on cross. This is the purpose of re-direct. See 512:22-513:25. |
| 587:21 – 588:16 | Excluded pursuant to PTO 96 | |
| 588:19 – 590:22 | Cumulative, Excluded pursuant to PTO 96 (as to 588:19 – 589:11, 590:13 - 22), 401-403 (as to 590:13 – 22 only). In the passage cited by plaintiff, Dr. Portier stated he still stands behind the statements made in the letter. | Again, Dr. Portier is specifically explaining the words he wrote that Monsanto's counsel specifically raised on cross. See 513:10 where Monsanto's counsel asks about this passage. On re-direct, allowing the expert to explain what he meant is only fair. This portion of the letter was simply read to the jury, without Dr. Portier's explanation at 513. |

| Testimony | Objection | Response |
|---|---|---|
| 590:25 – 591:18 | Cumulative, 401-403, Excluded pursuant to PTO 96. Dr. Portier explained his experience to the jury on Day 1 and Monsanto disagrees with the characterization of the admitted testimony, which was essentially limited to the regulatory conclusions (see sustained objections at 349-51, 431-32). Despite the sustained objections in Monsanto's cross and the Court's direction in PTO 96, plaintiff's re-direct remains largely the same. | Monsanto attempts to impeach Dr. Portier by showing that regulatory bodies disagree with him. Their designations go far beyond the limited scope envisioned in the MILs, i.e., to make him seem like an advocate. For example, this Court allowed into testimony 343:12-20 (excluded his response), and then admitted 344:11-21. That testimony goes farther than "they disagreed with you" and allows actual regulatory opinions about science into evidence. If the Court is allowing that, then Dr. Portier must be allowed to explain why he is qualified to refute their opinions without going into detail. For example, in rebuttal / Phase 2, we go through page by page why the EPA is wrong and did not apply the guidelines. Here, he offers his general testimony about why he disagrees. This short answer walks the 403 line in accordance with what the Court is permitting. To sustain this objection would leave the jury wondering, "why did they disagree?" And, that would prejudice Plaintiff. |
| 599:23-601:8 | Argumentative, outside the scope of cross | This is valid re-direct because it points out that Monsanto was incapable of challenging his actual findings directly. |
| 601:10 - 15 | | |
| 601:25 – 602:4 | Argumentative | Also valid re-direct. Specifically responds to one of Monsanto's attacks on cross. |
| 602:8 – 606:3 | Argumentative (602:8 – 603:6), Colloquy (603:8 – 9) | 602:8-603:6: Same as above, 603:8-9, setting up next question and the question is open-ended, it does not imply an answer. |
| 606:12 – 607:9 | | |
| 607:10 – 14 | | |
| 607:20 - 24 | | |
| 607:25 – 608:6 | | |
| 609:5 - 13 | | |
| 609:19 - 23 | | |

| Testimony | Objection | Response |
|---|---|---|
| 609:24 – 610:8 | | |
| 613:2 - 7 | | |
| **Monsanto's Re-Cross** | | |
| 613:19 – 615:10 | Cumulative (this was already covered on cross, this is nearly the same question), going beyond what this Court envisioned about the EPA on Portier's cross, as this is not about being an advocate, but about science. If the Court sustains Monsanto's objections to Plaintiff's clarification on this passage during re-direct above, then this question would be beyond the scope and improper. | If testimony in re-direct regarding this document is excluded, Monsanto will withdraw the designation. Otherwise, this is proper re-cross. |
| 615:20 – 616:5 | | |
| 625:22 – 626:9 | | |
| 626:10 - 16 | | |
| 628:14 – 629:15 | | |
| 629:18 – 630:3 | | |
| 632:11 – 633:5 | | |
| 633:11 – 634:7 | | |
| 634:8 - 18 | | |
| 634:19 – 635:7 | | |

DEP. DESIGNATIONS FOR PHASE 1 (DAY 2)  
WITNESS – DR. CHRISTOPHER PORTIER

Case No: 16-md-02741-VC

| Testimony | Objection | Response |
|---|---|---|
| **Plaintiff's Re-Re-Direct** | Monsanto objects globally to any re-re-direct as it is improper and impermissible. Any testimony elicited in re-re-direct could have been elicited in re-direct given the extensive discussion of Andreotti in Monsanto's cross-examination. | Re-re-direct is permitted in depositions, especially when the parties have agreed to use the designation process. Pulling portions of testimony from all over a deposition to play to a jury is routinely done—this is not the same as live trial testimony. In this context, editing the video with portions used by both parties is not unusual or improper. There is no prejudice to allowing these questions, which all directly relate to the AHS study at the heart of Monsanto's defense. Indeed, the AHS was raised at length in Monsanto's re-cross, hence the need for this re-re-direct. Also, Plaintiff offered to play this "re-re-direct" portion as part of Plaintiff's "re-direct" so that it would only go back twice in the video, but Monsanto rejected that offer. |
| 638:14 - 21 | Improper re-re-direct | See global objection response above. |
| 639:7 - 8 | Improper re-re-direct | See global objection response above. |
| 639:19 – 640:10 | Improper re-re-direct. 401-402 | Same as above. Also, these questions are laying the foundation for showing that the AHS publication, on its face, is factually wrong. *See* 641:13-18. This is not about T-Cell lymphoma or some other tangential issue--it is about how the AHS claims that there are no statistically significant findings in any subtype when, in fact, there are. It goes to the credibility of the study, which Monsanto has made the heart of their defense. |
| 640:18-641:23 | Improper re-re-direct. 401-402 | See global objection response above. |
| **Monsanto's Re-Re-Cross** | | |
| 642:8 - 24 | Monsanto would withdraw this designation if plaintiff's re-re-direct is stricken. | |

The parties reserve the right to supplement, revise, correct, clarify, withdraw, or otherwise amend these designations.  Without waiving any objections, the parties also reserve the right to introduce into evidence any deposition testimony designated by the other party.  In addition, the parties reserve the right to use any deposition testimony at trial as necessary for impeachment and/or rebuttal.

| | |
|---|---|
| Dated:  February 28, 2019 | **MOORE LAW GROUP, PLLC** |
| | By:    /s/ Jennifer A. Moore<br>Jennifer A. Moore (SBN 206779)<br>Jennifer@moorelawgroup.com<br>1473 South 4th Street<br>Louisville, KY  40208<br>Telephone: 502-717-4080 |
| | **ANDRUS WAGSTAFF, PC**<br>Aimee H. Wagstaff (SBN 278480)<br>Aimee.wagstaff@andruswagstff.com<br>David J. Wool (SBN 324124)<br>David.Wool@andruswagstaff.com<br>7171 W. Alaska Drive<br>Lakewood, CO  80226<br>Telephone: 303-376-6360 |
| | *Co-counsel for Plaintiff* |
| | **WILKINSON WALSH + ESKOVITZ LLP**<br>/s/ Brian L. Stekloff<br>Brian L. Stekloff (*pro hac vice*)<br>Rakesh Kilaru (*pro hac vice*)<br>Tamarra Matthews Johnson (*pro hac vice*)<br>2001 M St. NW, 10th Floor<br>Washington, DC 20036<br>Tel: 202-847-4030<br>Fax: 202-847-4005<br>bstekloff@wilkinsonwalsh.com<br>rkilaru@wilkinsonwalsh.com<br>tmatthewsjohnson@wilkinsonwalsh.com |
| | *Attorneys for Defendant*<br>*MONSANTO COMPANY* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of February 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Brian L. Stekloff_____

DEP. DESIGNATIONS FOR PHASE 1 (DAY 2)  
WITNESS – DR. CHRISTOPHER PORTIER

Case No: 16-md-02741-VC