

**Aimee H. Wagstaff, Esq.**
*Licensed in Colorado and California*
Aimee.Wagstaff@AndrusWagstaff.com

7171 W. Alaska Drive
Lakewood, CO 80226
Office: (303) 376-6360
Fax: (303) 376-63614
Website: www.AndrusWagstaff.com

March 3, 2019

**FILED VIA ECF**
Honorable Vince Chhabria
United States District Court,
Northern District of California

      RE: Case No: 3:16-md-02741-VC, In re Roundup Products Liability Litigation

To the Honorable Vince Chhabria:

      The evaluation of the toxicological data is central to general causation and is a question for the jury. In the context of the 1983 Knezevich and Hogan study ("Knezevich"), the evaluation centers on whether or not there was a tumor in the control group and heated debate remains. While the toxicology itself is the province of expert testimony, the question of the tumor turns entirely on a limited amount of circumstantial evidence that does not necessitate expert testimony at all. The jury is more than capable of weighing the evidence and deciding, for example, if Dr. Kuschner's conclusions were pre-determined, or if the voice of an independent EPA pathologist is more credible than Kuschner's and the Monsanto-hired pathology working group ("PWG") that it commissioned to lobby the EPA. Accordingly, Monsanto's proposed stipulation, which would effectively preclude the jury from viewing any of the evidence necessary to reach an informed conclusion, is unacceptable.

      As the Court noted in PTO 81 (page 7, p. 16), evidence surrounding the Knezevich story, "including Monsanto's role in pushing for a reevaluation of the tumor slides based on its concern about the regulatory consequences of the study…" is relevant and allowed in Phase 1. During Opening Statement and through treating doctor designations, Monsanto placed considerable emphasis on the fact that Mr. Hardeman's doctors did not warn about Roundup®. *See* Exh. 1. Monsanto's "Roundup must be safe because the doctors didn't warn" defense should not be allowed in Phase 1; however, this defense, which was already introduced, provides a secondary bases for the Knezevich story. Here, the evidence suggests that Dr. Ye was cognizant of the link between certain pesticides and non-Hodgkin's lymphoma ("NHL") as evidenced by Mr. Hardeman's deposition testimony that Dr. Ye inquired about possible agent orange exposure as a potential cause of Mr. Hardeman's cancer. *See* Hardeman Trans. 269:24-270:7[1].

> "Q: Have any of your doctors ever told you the cause of your non-Hodgkins lymphoma?
>
> A: I asked Dr. Ye would – you know, in the beginning, you know, what caused non-Hodgkin's lymphoma, and he asked me if I had ever been exposed to Agent

---

[1] Through its defense of the case thus far, Monsanto has opened the door to this testimony from Mr. Hardeman.

>Orange. I thought that was odd, and I said no. But most of the time he said he didn't -- you know, so they don't know." *See* Hardeman Trans. 269:24-270:7

Accordingly, the jury could reasonably infer that Monsanto's conduct surrounding the Knezevich study changed the course of glyphosate's regulatory history, impacting Dr. Ye's warnings and causation analysis, which Monsanto has made a central theme of its case.

Next, Monsanto opened the door to this evidence by placing deceptive emphasis on EPA's study and approval of Roundup®. Exh. 2. During opening statement, Monsanto alleged that:

> "So the EPA first approved Roundup in 1975. It determined that it wasn't carcinogenic, that it didn't cause cancer. It has reaffirmed that before IARC; and then since IARC, the IARC decision came out in 2015, the EPA has reaffirmed its view that the evidence is not sufficient to show that glyphosate is carcinogenic multiple times." 2/25/19 Trial Tr. at 400:22-401:3.

This statement is a misleading half-truth and Plaintiff must be able to introduce evidence to rebut this assertion. To the extent EPA determined Roundup® was not carcinogenic in 1975, it did so based upon a study so mired in fraud that it had to be redone. And, although EPA has made several determinations about glyphosate, Monsanto's statement suggests that EPA has *always* determined that Roundup® is not carcinogenic which is simply not true. These statements require the admission of the Knezevich-EPA story and should open the door to at least some IBT evidence as well. This is particularly important to Mr. Hardeman, who began spraying Roundup in 1986.[2]

Dated: March 3, 2019          Respectfully submitted,

>/s/ Aimee H. Wagstaff
>Aimee H. Wagstaff, Esq.
>ANDRUS WAGSTAFF, PC
>7171 W. Alaska Dr.
>Lakewood, CO 80226
>Email: aimee.wagstaff@andruswagstaff.com

---

[2] Considerable dispute surrounds this study. Mr. Hardeman does not believe it is an appropriate topic for a stipulation. Further, the proposal by Monsanto is woefully inadequate.