**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
         elasker@hollingsworthllp.com

*Attorneys for Defendants*
*WILBUR-ELLIS COMPANY LLC*
*and WILBUR-ELLIS FEED, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *Jeffrey D. Baum, et al.*, *v. Monsanto Co.*, *et al.*, Case No. 3:19-cv-01018-VC | |

## ANSWER TO PLAINTIFFS' COMPLAINT BY DEFENDANTS WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Wilbur-Ellis Company LLC ("Wilbur-Ellis Company") and Wilbur-Ellis Feed, LLC, now known as Wilbur-Ellis Nutrition, LLC ("Wilbur-Ellis Feed") (collectively, the "Wilbur-Ellis Defendants"), by and through their counsel, respectfully respond by generally denying all allegations contained in plaintiffs' Complaint, except as set forth below.  Silence as to any allegations shall constitute a denial.

1.      The allegations in the first sentence of paragraph 1 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to defendant Monsanto Company ("Monsanto"), not the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants admit the allegations in the second sentence of paragraph 1.  The Wilbur-Ellis Defendants also admit that

glyphosate was one of the world's most widely used herbicides in 2013, but note that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 1 and therefore deny those allegations.

2. In response to the allegations in paragraph 2, the Wilbur-Ellis Defendants admit that the stated advantage of the use of crops with the Roundup Ready® trait is to substantially improve a farmer's ability to control weeds.  The remaining allegations in paragraph 2 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and therefore deny those allegations.

3. The allegations in the first sentence of paragraph 3 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 3 and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 3.

4. The Wilbur-Ellis Defendants admit the allegations in the first sentence of paragraph 4.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 4 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

5.      The Wilbur-Ellis Defendants admit the allegations in the first sentence of paragraph 5.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 5.

6.       In response to the allegations in paragraph 6, The Wilbur-Ellis Defendants admit that the IARC working group classified glyphosate under Group 2A.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 6.

7.      The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 7.  The remaining allegations in paragraph 7 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants admit that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world.  The Wilbur-Ellis Defendants also admit that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.

8.      The Wilbur-Ellis Defendants deny the allegations in paragraph 8.

9.      The allegations in paragraph 9 set forth conclusions of law for which no response is required.

10.      The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.      The allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.      The allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.      The allegations in paragraph 13 set forth conclusions of law for which no response is required.

14.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations paragraph 14 and therefore deny those allegations.

15.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore deny those allegations.

16.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore deny those allegations.

17.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore deny those allegations.

18.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore deny those allegations.

19.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore deny those allegations.

20.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore deny those allegations.

21.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore deny those allegations.

22.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore deny those allegations.

23.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore deny those allegations.

24.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore deny those allegations.

25.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore deny those allegations.

26.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore deny those allegations.

27.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore deny those allegations.

28.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore deny those allegations.

29.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore deny those allegations.

30.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore deny those allegations.

31.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore deny those allegations.

32.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore deny those allegations.

33.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore deny those allegations.

34.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore deny those allegations.

35.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore deny those allegations.

36.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore deny those allegations.

37.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore deny those allegations.

38.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore deny those allegations.

39.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore deny those allegations.

40.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore deny those allegations.

41.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore deny those allegations.

42.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore deny those allegations.

43.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore deny those allegations.

44.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore deny those allegations.

45.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore deny those allegations.

46.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore deny those allegations.

47.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore deny those allegations.

48.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore deny those allegations.

49.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore deny those allegations.

50.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore deny those allegations.

51.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore deny those allegations.

52.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore deny those allegations.

53.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore deny those allegations.

54.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore deny those allegations.

55.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore deny those allegations.

56.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore deny those allegations.

57.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore deny those allegations.

58.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore deny those allegations.

59.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore deny those allegations.

60.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore deny those allegations.

61.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore deny those allegations.

62.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore deny those allegations.

63.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore deny those allegations.

64.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore deny those allegations.

65.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore deny those allegations.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

66.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore deny those allegations.

67.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore deny those allegations.

68.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore deny those allegations.

69.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore deny those allegations.

70.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore deny those allegations.

71.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 71 and therefore deny those allegations.

72.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore deny those allegations.

73.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore deny those allegations.

74.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore deny those allegations.

75.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore deny those allegations.

76.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore deny those allegations.

77.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore deny those allegations.

78.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 78 and therefore deny those allegations.

79.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 79 and therefore deny those allegations.

80.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 80 and therefore deny those allegations.

81.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 81 and therefore deny those allegations.

82.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 82 and therefore deny those allegations.

83.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore deny those allegations.

84.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore deny those allegations.

85.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 85 and therefore deny those allegations.

86.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 86 and therefore deny those allegations.

87.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 87 and therefore deny those allegations.

88.     The allegations in paragraph 88 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

89.     Wilbur-Ellis Company admits that it is a California limited liability company with its headquarters and principal place of business in San Francisco, California.  Wilbur-Ellis Company further admits that it has sold and distributed certain Monsanto glyphosate-based herbicide products in California, but denies that it has sold or distributed Monsanto's residential-lawn-and-garden glyphosate-based-herbicides in California.  Wilbur-Ellis Company notes that it has never been the only seller or distributor of Monsanto glyphosate-based herbicide products in California.

90.     Wilbur-Ellis Feed admits that it is a California limited liability company with its headquarters and principal place of business in San Francisco, California.  In response to the allegations in the second sentence of paragraph 90, the Wilbur-Ellis Defendants deny that Wilbur-Ellis Feed has ever distributed or sold any Monsanto glyphosate-based herbicide products in California (or anywhere else).  In response to the allegations in the last sentence of paragraph 90, the Wilbur-Ellis Defendants: (a) deny that either of the Wilbur-Ellis Defendants distributed any Monsanto residential-lawn-and-garden glyphosate-based-herbicides allegedly used by any plaintiff; (b) lack information or knowledge sufficient to form a belief as to the truth of any allegations regarding whether Wilbur-Ellis Company distributed any other kinds of Monsanto glyphosate-based-herbicides allegedly used by any plaintiff and therefore deny those allegations; and (c) deny that Wilbur-Ellis Feed distributed any Monsanto glyphosate-based herbicide products allegedly used by any plaintiff.

91.     The allegations in paragraph 91 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore deny those allegations.

92.     The allegations in paragraph 92 set forth conclusions of law for which no response is required.

93.     The allegations in paragraph 93 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to the DOE defendants, not the Wilbur-Ellis Defendants.

94.     The allegations in paragraph 94 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 94 and therefore deny those allegations.

95.     The allegations in paragraph 95 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis

1    Defendants lack information or knowledge sufficient to form a belief as to the truth of the

2    allegations in paragraph 95 and therefore deny those allegations.

3          96.    In response to the allegations in paragraph 96, the Wilbur-Ellis Defendants admit

4    that they are limited liability companies organized and existing under the laws of the State of

5    California, with their headquarters and principal place of business in San Francisco, California.

6    The remaining allegations in paragraph 96 are vague and conclusory and comprise attorney

7    characterizations and are accordingly denied or set forth conclusions of law for which no

8    response is required.  To the extent that the allegations in paragraph 96 relate to defendants other

9    than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-

10   Ellis Defendants.

11         97.    The allegations in paragraph 97 are vague and conclusory and comprise attorney

12   characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 97

13   relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a

14   response from the Wilbur-Ellis Defendants.

15         98.     The allegations in paragraph 98 are vague and conclusory and comprise attorney

16   characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 108

17   relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a

18   response from the Wilbur-Ellis Defendants.

19         99.    The allegations in paragraph 99 are vague and conclusory and comprise attorney

20   characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 99

21   relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a

22   response from the Wilbur-Ellis Defendants.

23         100.   The Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products

24   and glyphosate exposed plaintiffs to risk of their alleged cancers and deny that exposure to

25   Roundup®-branded products did or could have caused plaintiffs' alleged cancers.  The Wilbur-

26   Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the

27   allegations in the first sentence of paragraph 100 and therefore deny those allegations.  The

28

remaining allegations in paragraph 100 set forth conclusions of law for which no response is required.

101.     In response to the allegations in paragraph 101, the Wilbur-Ellis Defendants deny that there is any risk of cancer or other serious illness associated with or linked to exposure to Roundup®-branded products or glyphosate.  The remaining allegations in paragraph 101 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.

102.     In response to the allegations in paragraph 102, the Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to risk of, or caused, their alleged cancers and deny that there is any risk of serious illnesses associated with or linked to exposure to Roundup®-branded products or glyphosate.  The remaining allegations in paragraph 102 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore deny those allegations.

103.     In response to the allegations in paragraph 103, the Wilbur-Ellis Defendants deny that they have misrepresented or concealed the alleged "true risks associated with the use of and/or exposure to" Roundup®-branded products and glyphosate or otherwise engaged in fraudulent conduct.  To the extent that the allegations in paragraph 103 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.  The remaining allegations in paragraph 103 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.

104.     The Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to risk of, or caused, their alleged cancers and deny that there is any risk of serious illnesses associated with or linked to Roundup®-branded products.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 104.

105.     In response to the allegations in paragraph 105, the Wilbur-Ellis Defendants deny that they concealed "the truth regarding the safety of" Roundup®-branded products.  The remaining allegations in paragraph 105 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants deny all of plaintiffs' allegations in paragraph 105.

106.     In response to the allegations in paragraph 106, the Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to risk of their alleged cancers, deny that there is any risk of serious illness associated with or linked to Roundup®-branded products, and deny the remaining allegations in paragraph 106.

107.     In response to the allegations in paragraph 107, the Wilbur-Ellis Defendants admit that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 107 are vague and ambiguous and the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 107 and therefore deny those allegations.

108.     The Wilbur-Ellis Defendants admit the first sentence of paragraph 108.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 108 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  The Wilbur-Ellis Defendants deny the allegations in the third sentence of paragraph 108 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

109.     In response to the allegations in paragraph 109, the Wilbur-Ellis Defendants admit that farmers have safely used Roundup®-branded products since the 1970s.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 109.

110.     To the extent that the allegations in paragraph 110 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 110.

111.     The allegations in paragraph 111 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto and other entities, not the Wilbur-Ellis Defendants.

112.     The Wilbur-Ellis Defendants admit the allegations in paragraph 112.

113.     In response to the allegations in paragraph 113, the Wilbur-Ellis Defendants admit that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admit that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 113 set forth conclusions of law for which no response is required.

114.     The allegations in paragraph 114 set forth conclusions of law for which no response is required.

115.     In response to the allegations in the first sentence of paragraph 115, the Wilbur-Ellis Defendants admit that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States, including in California.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 115.

116.     In response to the allegations in paragraph 116, the Wilbur-Ellis Defendants admit that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admit that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The Wilbur-Ellis Defendants state that the term "the product tests" in the final sentence of paragraph 116 is vague and ambiguous, and the Wilbur-Ellis Defendants therefore deny the same.  The remaining allegations in paragraph 116 set forth conclusions of law for which no response is required.

117.     The Wilbur-Ellis Defendants deny the allegations in paragraph 117 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.  The Wilbur-Ellis Defendants admit that EPA is in the process of conducting regulatory review of various pesticide products, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117 regarding such pesticide products generally.  The remaining allegations in paragraph 117 set forth conclusions of law for which no response is required.

118.     In response to the allegations in paragraph 118, the Wilbur-Ellis Defendants admit that EPA has undertaken a regulatory review of glyphosate and that EPA has not released its final findings.  The Wilbur-Ellis Defendants state, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  The Wilbur-Ellis Defendants further state that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  The Wilbur-Ellis Defendants lack

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 118 and therefore deny those allegations.  In response to the last two sentences of paragraph 118, the Wilbur-Ellis Defendants state that the cited report speaks for itself and does not require a response.  To the extent that a response is deemed required, allegations in the last two sentences of paragraph 118 are vague, incomplete, and conclusory and/or comprise attorney characterizations and are accordingly denied.

119.    In response to the allegations in paragraph 119, the Wilbur-Ellis Defendants admit that a Scientific Advisory Panel ("SAP") issued a report and states that the cited document speaks for itself and thus does not require any further response.  To the extent that a response is deemed required, allegations in paragraph 119 are vague, incomplete, and conclusory and/or comprise attorney characterizations and are accordingly denied.

120.    Certain allegations in paragraph 120 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 120 and therefore deny those allegations

121.    The allegations in paragraph 121 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

122.    The allegations in paragraph 122 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

123.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 123 and therefore deny those allegations.

124.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 124 and therefore deny those allegations.

125.    The allegations in the first sentence of paragraph 125 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 125 and therefore

deny those allegations.

126.    The allegations in paragraph 126 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

127.    The allegations in paragraph 127 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

128.    The allegations in paragraph 128 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

129.    To the extent that the allegations in the second, fourth, and last sentences of paragraph 129 are directed at the Wilbur-Ellis Defendants, the Wilbur-Ellis Defendants deny those allegations.  To the extent that those allegations are directed at defendants other than the Wilbur-Ellis Defendants, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 129 and therefore deny those allegations.

130.    The allegations in paragraph 130 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

131.    The allegations in paragraph 131 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

132.    The allegations in paragraph 132 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent a response is deemed required, the Wilbur-Ellis Defendants admit that glyphosate is one of the world's largest herbicides by sales volume, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 132 and accordingly deny those allegations.

133.    The allegations in paragraph 133 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

134.    The allegations in paragraph 134 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

135.    The allegations in paragraph 135 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

136.    The allegations in paragraph 136 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

137.    In response to the allegations in paragraph 137, the Wilbur-Ellis Defendants deny that IARC follows stringent procedures for the evaluation of a chemical agent.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 137, which are not limited as of any specified date, and accordingly deny the same.

138.    In response to the allegations in paragraph 138, the Wilbur-Ellis Defendants admit that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 138.

139.    The Wilbur-Ellis Defendants deny any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 139 and therefore deny those allegations.

140.    The Wilbur-Ellis Defendants deny any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 140 and therefore deny those allegations.

141.    The Wilbur-Ellis Defendants deny the allegations in paragraph 141 to the extent that they suggest that IARC had previously assessed glyphosate.  The Wilbur-Ellis Defendants admit that IARC classified glyphosate as a Group 2A agent in March 2015.

142.     In response to the allegations in paragraph 142, the Wilbur-Ellis Defendants admit that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances.  The Wilbur-Ellis Defendants deny the allegation that all members of the working group are "experts."  The Wilbur-Ellis Defendants deny that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  The Wilbur-Ellis Defendants also deny that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 142.

143.     In response to the allegations in paragraph 143, the Wilbur-Ellis Defendants deny that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group. To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly deny the allegations.

144.     The allegations in paragraph 144 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly deny the allegations.

145.     In response to the allegations in paragraph 145, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 145 are denied.

146.     In response to the allegations in paragraph 146, the Wilbur-Ellis Defendants admit that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but the Wilbur-Ellis Defendants deny that any of these studies provide any evidence of a human health concern from such exposures.

147.     The Wilbur-Ellis Defendants deny the allegations in paragraph 147.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

148.     In response to the allegations in paragraph 148, the Wilbur-Ellis Defendants admit that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but the Wilbur-Ellis Defendants deny that the study supports such a conclusion or that the authors of the study reached such a conclusion.

149.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 149 and therefore deny those allegations.

150.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 150 and therefore deny those allegations.

151.     In response to the allegations in paragraph 151, the Wilbur-Ellis Defendants admit that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but the Wilbur-Ellis Defendants deny that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and deny that the working group reliably interpreted the studies that it selected for consideration.

Regulators around the world repeatedly have concluded that glyphosate is not genotoxic. The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 151.

152. In response to the allegations in the first and second sentences of paragraph 152, the Wilbur-Ellis Defendants admit that certain scientists and certain studies have made these claims, but deny the allegations to the extent they imply that those scientists' views and studies are valid or accurate. The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 152.

153. In response to the allegations in the first sentence of paragraph 153, the Wilbur-Ellis Defendants refer to the labels for Roundup®-branded products, which are the best evidence of their contents, and deny any allegation inconsistent with their terms. The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 153.

154. The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 154. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 154 and therefore deny those allegations.

155. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 155 and therefore deny those allegations.

156. In response to the allegations in paragraph 156, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

157. In response to the allegations in paragraph 157, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

158. In response to the allegations in paragraph 158, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in

1   context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate

2   does not pose any cancer risk to humans.

3       159.   In response to the allegations in paragraph 159, the Wilbur-Ellis Defendants admit

4   that the Complaint accurately quotes from the identified document, which should be read in

5   context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate

6   does not pose any cancer risk to humans.

7       160.   In response to the allegations in paragraph 160, the Wilbur-Ellis Defendants admit

8   that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but deny

9   that the Coalition provides any reliable basis for any conclusions regarding potential health risks

10  from glyphosate.  The Wilbur-Ellis Defendants note that a federal district court has characterized

11  this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See*

12  *Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

13      161.   The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

14  belief as to the truth of the allegations in paragraph 161 and therefore deny those allegations.

15      162.   The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

16  belief as to the truth of the allegations in paragraph 162 and therefore deny those allegations.

17      163.   The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

18  belief as to the truth of the allegations in paragraph 163 and therefore deny those allegations.

19      164.   The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

20  belief as to the truth of the allegations in paragraph 164 and therefore deny those allegations.

21      165.   The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

22  belief as to the truth of the allegations in paragraph 165 and therefore deny those allegations.

23      166.   The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

24  belief as to the truth of the allegations in paragraph 166 and therefore deny those allegations.

25      167.   The Wilbur-Ellis Defendants admit that Wilbur-Ellis Company has distributed

26  certain Monsanto glyphosate-based herbicide products in California, but deny that Wilbur-Ellis

27  Company has distributed Monsanto's residential-lawn-and-garden glyphosate-based-herbicides

28

in California.  The Wilbur-Ellis Defendants deny that Wilbur-Ellis Feed has distributed any

Monsanto glyphosate-based herbicide products in California (or anywhere else).

168.     In response to the allegations in the first sentence of paragraph 168, the Wilbur-

Ellis Defendants deny that Roundup®-branded herbicides have "carcinogenic properties" or

create "grave danger" and state that all labeling of Roundup®-branded products has been and

remains EPA-approved and in compliance with all federal requirements under FIFRA.  In

response to the allegations in the second sentence of paragraph 168, the Wilbur-Ellis Defendants:

(a) deny that either Wilbur-Ellis Defendant distributed any Monsanto residential-lawn-and-

garden glyphosate-based-herbicides allegedly used by any plaintiff; (b) lack information or

knowledge sufficient to form a belief as to the truth of any allegations regarding whether Wilbur-

Ellis Company distributed any other kinds of Monsanto glyphosate-based-herbicides allegedly

used by any plaintiff and therefore deny those allegations; and (c) deny that Wilbur-Ellis Feed

distributed any Monsanto glyphosate-based herbicide products allegedly used by any plaintiff.

169.     The Wilbur-Ellis Defendants incorporate by reference their responses to

paragraphs 1 through 168 in response to paragraph 169 of plaintiffs' Complaint.

170.     In response to the allegations in paragraph 170, the Wilbur-Ellis Defendants deny

that they violated California law or federal law and state that they complied with all applicable

law regarding Roundup®-branded products.  The remaining allegations in paragraph 170 set forth

conclusions of law for which no response is required.  To the extent that a response is deemed

required, the Wilbur-Ellis Defendants deny all such allegations.

171.     The allegations in paragraph 171 set forth conclusions of law for which no

response is required.

172.     The Wilbur-Ellis Defendants deny the allegations in the first sentence of

paragraph 172.  The second sentence in paragraph 172 sets forth a conclusion of law for which

no response is required.

173.     The Wilbur-Ellis Defendants admit the allegations in the first sentence of

paragraph 173.  In response to the allegations in the second sentence of paragraph 173, the

1   Wilbur-Ellis Defendants state that the order speaks for itself and thus does not require any

2   further answer.  To the extent that a further response is deemed required, the Wilbur-Ellis

3   Defendants deny the allegations in the second sentence of paragraph 173.

4            174.     In response to the allegations in paragraph 174 and each of its subparts, the

5   Wilbur-Ellis Defendants state as follows:  Many of the allegations do not require a response from

6   the Wilbur-Ellis Defendants because the allegations relate to Monsanto, not the Wilbur-Ellis

7   Defendants.  To the extent a response is deemed required, the Wilbur-Ellis Defendants lack

8   information or knowledge sufficient to form a belief as to the truth of those allegations and

9   therefore deny those allegations.  The Wilbur-Ellis Defendants deny that intended use of and/or

10  exposure to Roundup®-branded products causes cancer or other injuries and state that all labeling

11  of Roundup®-branded products has been and remains EPA-approved and in compliance with all

12  federal requirements under FIFRA.  The Wilbur-Ellis Defendants lack information or knowledge

13  sufficient to form a belief as to the truth of the allegations concerning what plaintiffs believed or

14  perceived and therefore deny those allegations.  The Wilbur-Ellis Defendants state that the

15  allegation that Roundup® would be required to bear a label informing consumers that the

16  chemical is known as a carcinogen to the State of California is a legal conclusion not requiring a

17  response.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants state

18  that, on February 26, 2018, a federal district court enjoined California from requiring Proposition

19  65 warning labels for glyphosate as unconstitutional.  The Wilbur-Ellis Defendants state that the

20  allegations that plaintiffs are properly joined or that plaintiffs' claims are based on transactions,

21  occurrences, or series of transactions or occurrences that give rise to questions of law and fact

22  common to the claims of all plaintiffs are conclusions of law not requiring a response.  To the

23  extent that a response is deemed required, the Wilbur-Ellis Defendants deny those allegations.

24  The Wilbur-Ellis Defendants deny the allegations in subpart j. of paragraph 174.  To the extent

25  not otherwise addressed above, the Wilbur-Ellis Defendants deny the remaining allegations in

26  paragraph 174, including each of its subparts.

27

28

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01018-VC

175.     The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 174 in response to paragraph 175 of plaintiffs' Complaint.

176.     In response to the allegations in paragraph 176, the Wilbur-Ellis Defendants admit that plaintiffs purport to bring a claim for strict liability design defect, but deny any liability as to that claim.

177.     In response to the allegations in paragraph 177, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs used Roundup®-branded products and therefore deny that allegation.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 177.

178.     The Wilbur-Ellis Defendants deny the allegations in paragraph 178.

179.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 179 and therefore deny those allegations.

180.     The Wilbur-Ellis Defendants deny the allegations in paragraph 180.

181.     The Wilbur-Ellis Defendants deny the allegations in paragraph 181.

182.     The Wilbur-Ellis Defendants deny the allegations in paragraph 182.

183.     The Wilbur-Ellis Defendants deny the allegations in paragraph 183 and each of its subparts.

184.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 184 concerning plaintiffs' claimed use of or exposure to Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 184, including that Roundup® branded products have "dangerous characteristics."

185.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 185 concerning plaintiffs' claimed use of or exposure to Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 185, including that Roundup®-branded products have "dangerous characteristics."

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01018-VC

1    186.    The Wilbur-Ellis Defendants deny the allegations in paragraph 186.

2    187.    The Wilbur-Ellis Defendants deny the allegations in paragraph 187.

3    188.    The Wilbur-Ellis Defendants deny the allegations in paragraph 188.

4    189.    The Wilbur-Ellis Defendants deny the allegations in paragraph 189.

5    190.    The Wilbur-Ellis Defendants deny the allegations in paragraph 190.

6    191.    The Wilbur-Ellis Defendants deny the allegations in paragraph 191.

7    192.    The Wilbur-Ellis Defendants deny the allegations in paragraph 192.

8    193.    The Wilbur-Ellis Defendants deny the allegations in paragraph 193.

9    194.    The Wilbur-Ellis Defendants deny the allegations in paragraph 194.

10   195.    The Wilbur-Ellis Defendants deny the allegations in paragraph 195.

11   196.    In response to the allegations in paragraph 196, the Wilbur-Ellis Defendants

12   demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint

13   be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and

14   reasonable attorney's fees as allowed by law and such further and additional relief as this Court

15   may deem just and proper.

16   197.    The Wilbur-Ellis Defendants incorporate by reference its responses to paragraphs

17   1 through 196 in response to paragraph 197 of plaintiffs' Complaint.

18   198.    In response to the allegations in paragraph 198, the Wilbur-Ellis Defendants admit

19   that plaintiffs purport to bring a claim for strict liability failure to warn, but deny any liability as

20   to that claim.

21   199.    The Wilbur-Ellis Defendants deny the allegations in paragraph 199.

22   200.    In response to the allegations in paragraph 200, the Wilbur-Ellis Defendants lack

23   information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs

24   or other entities identified purchased or used Roundup®-branded products and therefore deny that

25   allegation.  The allegations in paragraph 200 also set forth conclusions of law for which no

26   response is required.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph

27   200.

28

- 26 -

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01018-VC

201.    The allegations in paragraph 201 set forth conclusions of law for which no response is required.

202.    The Wilbur-Ellis Defendants deny the allegations in paragraph 202.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

203.    The Wilbur-Ellis Defendants deny the allegations in paragraph 203.

204.    The Wilbur-Ellis Defendants deny the allegations in paragraph 204.

205.    The Wilbur-Ellis Defendants deny the allegations in paragraph 205.

206.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 206 and therefore deny those allegations.

207.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 207 concerning plaintiffs' alleged use of Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 207, including that Roundup®-branded products have "dangerous characteristics."

208.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 208 concerning plaintiffs' alleged use and exposure to Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 208, including that Roundup®-branded products have "dangerous characteristics."

209.    In response to the allegations in paragraph 209, The Wilbur-Ellis Defendants deny that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses and deny that there are any defects in those products.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 209 and therefore deny those allegations.

210.    The Wilbur-Ellis Defendants deny the allegations in paragraph 210.

211.    The Wilbur-Ellis Defendants deny the allegations in paragraph 211.

1    212.    The allegations in the second sentence of paragraph 212 set forth conclusions of

2    law for which no response is required.  To the extent that a response is deemed required, The

3    Wilbur-Ellis Defendants deny all such allegations.  The Wilbur-Ellis Defendants deny the

4    remaining allegations in paragraph 212.

5    213.    The Wilbur-Ellis Defendants deny the allegations in paragraph 213.

6    214.    The Wilbur-Ellis Defendants deny the allegations in paragraph 214.

7    215.    The Wilbur-Ellis Defendants deny the allegations in paragraph 215.

8    216.    The Wilbur-Ellis Defendants deny the allegations in paragraph 216.

9    217.    The Wilbur-Ellis Defendants deny the allegations in paragraph 217.

10   218.    The Wilbur-Ellis Defendants deny the allegations in paragraph 218.

11   219.    The Wilbur-Ellis Defendants deny the allegations in paragraph 219.

12   220.    In response to the allegations in paragraph 220, the Wilbur-Ellis Defendants

13   demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint

14   be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and

15   reasonable attorney's fees as allowed by law and such further and additional relief as this Court

16   may deem just and proper.

17   221.    The Wilbur-Ellis Defendants incorporate by reference their responses to

18   paragraphs 1 through 220 in response to paragraph 221 of plaintiffs' Complaint.

19   222.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

20   belief as to the truth of the allegations in paragraph 222 regarding the specific products allegedly

21   used by plaintiffs or any advertising or marketing allegedly seen or considered by plaintiffs and

22   therefore deny the allegations in paragraph 222.

23   223.    The allegations in paragraph 223 set forth conclusions of law for which no

24   response is required.

25   224.    The allegations in paragraph 224 set forth conclusions of law for which no

26   response is required.

27   225.    The Wilbur-Ellis Defendants deny the allegations in paragraph 225.

28

226.    The Wilbur-Ellis Defendants deny the allegations in paragraph 226.

227.    The Wilbur-Ellis Defendants deny the allegations in paragraph 227.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

228.    The Wilbur-Ellis Defendants deny the allegations in paragraph 228.

229.    The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 229.  The allegations in the second sentence of paragraph 229 comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required.

230.    The Wilbur-Ellis Defendants deny the allegations in paragraph 230.

231.    The Wilbur-Ellis Defendants deny the allegations in paragraph 231, including each of its subparts.

232.    The Wilbur-Ellis Defendants deny the allegations in paragraph 232.

233.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 233 regarding plaintiffs' knowledge and therefore the Wilbur-Ellis Defendants deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 233, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

234.    The Wilbur-Ellis Defendants deny the allegations in paragraph 234.

235.    The Wilbur-Ellis Defendants deny the allegations in paragraph 235.

236.    The Wilbur-Ellis Defendants deny the allegations in paragraph 236.

237.    The Wilbur-Ellis Defendants deny the allegations in paragraph 237.

238.    The Wilbur-Ellis Defendants deny the allegations in paragraph 238.

239.    In response to the allegations in paragraph 239, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that The Wilbur-Ellis Defendants be awarded costs of suit and

1  reasonable attorney's fees as allowed by law and such further and additional relief as this Court

2  may deem just and proper.

3        240. – 284.      The allegations in paragraphs 240-284 do not require responses from the

4  Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis

5  Defendants, and these counts of plaintiffs' Complaint are brought only against Monsanto, not the

6  Wilbur-Ellis Defendants.

7        285.    The Wilbur-Ellis Defendants incorporate by reference their responses to

8  paragraphs 1 through 284 in response to paragraph 285 of plaintiffs' Complaint.

9        286.    The Wilbur-Ellis Defendants deny the allegations in paragraph 286.

10        287.    The Wilbur-Ellis Defendants deny the allegations in paragraph 287.

11        288.    The Wilbur-Ellis Defendants deny the allegations in paragraph 288.

12        289.    The allegations in paragraph 289 set forth conclusions of law for which no

13  response is required.

14        290.    In response to the allegations in paragraph 290, the Wilbur-Ellis Defendants deny

15  that plaintiffs are entitled to the relief sought therein, including any judgment for any damages,

16  interest, costs, or any other relief whatsoever.

17        Every allegation in the Complaint that is not specifically and expressly admitted in this

18  Answer is hereby specifically and expressly denied.

19                    **SEPARATE AND AFFIRMATIVE DEFENSES**

20        1.    The Complaint, in whole or part, fails to state a claim or cause of action against

21  the Wilbur-Ellis Defendants upon which relief can be granted.

22        2.    Venue is or may be inconvenient for some or all of plaintiffs' claims.

23        3.    Plaintiffs' claims against the Wilbur-Ellis Defendants are improperly joined and

24  should be severed.

25        4.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred because

26  plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were

27  defective or unreasonably dangerous.

28

5.       Any alleged negligent or culpable conduct of the Wilbur-Ellis Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

6.       Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.       Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.       Any claims based on allegations that the Wilbur-Ellis Defendants misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9.       Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10.       Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.       Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.       Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the

normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

14.     Applicable statutes of limitations and/or repose bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

15.     Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

16.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which the Wilbur-Ellis Defendants are neither liable nor responsible or, in the alternative, the Wilbur-Ellis Defendants are entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by the Wilbur-Ellis Defendants.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

17.     The Wilbur-Ellis Defendants had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to the Wilbur-Ellis Defendants.

18.     Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive and/or exemplary damages are barred because such an award would violate the Wilbur-Ellis Defendants' due process, equal protection and other rights under the United States Constitution, the California Constitution, the Colorado Constitution, the Florida Constitution, the Georgia Constitution, the Missouri Constitution, the Tennessee Constitution, and/or other applicable state constitutions.

20.     Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under California, Colorado, Florida, Georgia, Missouri, Tennessee, and/or other applicable state laws.

21.     Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Colo. Rev. Stat. § 13-21-102; Fla. Stat. § 768.73; O.C.G.A. § 51-12-5.1; Missouri Revised Statute § 510.265.1; and Tenn. Code. Ann. § 29-28-102(6), *et seq*.  The Wilbur-Ellis Defendants would further show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under Fla. Stat. § 768.73 would be a violation of the Wilbur-Ellis Defendants' state and federal constitutional rights.

22.     The Wilbur-Ellis Defendants' conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiffs and/or the safety of the public.  Nor do any of the Wilbur-Ellis Defendants' conduct and/or acts demonstrate that the Wilbur-Ellis Defendants acted with a high degree of moral culpability.  In fact, the Wilbur-Ellis Defendants exercised reasonable care at all times alleged in the Complaint, and plaintiffs have failed to clearly establish any entitlement to punitive and/or exemplary damages based on their allegations.

23.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

24.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in part by plaintiffs' own failure to mitigate damages.

25.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in part by the sophisticated user doctrine.

26.     Plaintiffs' common law claims against the Wilbur-Ellis Defendants are barred, in whole or part, by application of Tenn. Code Ann. § 29-28-102(b), *et seq*.

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01018-VC

27.     To the extent that plaintiffs recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery from the Wilbur-Ellis Defendants in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76 and Missouri Revised Statute § 490.715.

28.     Pursuant to Colo. Rev. Stat. § 13-21-406, the Wilbur-Ellis Defendants cannot be liable for damages that exceed its pro rata share of causal fault, no fault being admitted.

29.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

30.     Plaintiffs' claims and damages against the Wilbur-Ellis Defendants, no injury or damages being admitted, are barred or must be reduced, in whole or part, by Colo. Rev. Stat. § 13-21-403 (state of the art presumption, presumption of non-defectiveness for compliance with government codes, and ten-year presumption) and Colo. Rev. Stat. § 13-21-102.5 (limits on non-economic damages).

31.     In accordance with Fla. Stat. § 768.1257, plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because the products at issue were designed, manufactured, marketed, and labeled with proper warnings, information, cautions, and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

32.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a product of the Wilbur-Ellis Defendants.

33.     Plaintiffs' claims against Wilbur-Ellis Feed are barred because Wilbur-Ellis Feed has never designed, manufactured, distributed, or sold Roundup®-branded herbicides (or any other herbicides).

34.     Wilbur-Ellis Feed did not come into existence as a company until September 2015, so any plaintiff whose alleged exposure to Roundup®-branded herbicides ended before September 2015 does not have viable claims against Wilbur-Ellis Feed.

1    35.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred or limited to the

2  extent that plaintiffs assert claims that are governed by the laws of a state that does not

3  recognize, or limits, such claims.

4    36.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred to the extent that

5  plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

6    37.    The Wilbur-Ellis Defendants hereby give notice that they intend to rely upon such

7  other defenses as may become available or apparent during the course of discovery and thus

8  reserve their right to amend this Answer to assert such defenses.

9    **WHEREFORE**, the Wilbur-Ellis Defendants demand judgment in their favor and

10  against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit

11  and such other relief as the Court deems equitable and just.

12                          <u>**JURY TRIAL DEMAND**</u>

13    The Wilbur-Ellis Defendants demand a jury trial on all issues so triable.

14

15  DATED:  March 4, 2019                    Respectfully submitted,

16                                           /s/ Joe G. Hollingsworth
                                             Joe G. Hollingsworth (*pro hac vice*)
17                                           (jhollingsworth@hollingsworthllp.com)
                                             Eric G. Lasker (*pro hac vice*)
18                                           (elasker@hollingsworthllp.com)
                                             HOLLINGSWORTH LLP
19                                           1350 I Street, N.W.
                                             Washington, DC  20005
20                                           Telephone:  (202) 898-5800
                                             Facsimile:  (202) 682-1639
21
22                                           *Attorneys for Defendants*
                                             WILBUR-ELLIS COMPANY LLC and
23                                           WILBUR-ELLIS FEED, LLC

24

25

26

27

28

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01018-VC