**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendants*
*WILBUR-ELLIS COMPANY LLC*
*and WILBUR-ELLIS FEED, LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Reynaldo Rivas, et al., v. Monsanto Co., et al.,* Case No. 3:19-cv-01024-VC | |

## ANSWER TO PLAINTIFFS' COMPLAINT BY DEFENDANTS WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Wilbur-Ellis Company LLC ("Wilbur-Ellis Company") and Wilbur-Ellis Feed, LLC, now known as Wilbur-Ellis Nutrition, LLC ("Wilbur-Ellis Feed") (collectively, the "Wilbur-Ellis Defendants"), by and through their counsel, respectfully respond by generally denying all allegations contained in plaintiffs' Complaint, except as set forth below.  Although many paragraphs in the Complaint refer only to "Plaintiff," Monsanto nevertheless responds to the allegations in those paragraphs as if brought by any of the plaintiffs.  All claims of Jo Ann Carter, individually and as successor in interest to the Estate of Tony Carter, have been voluntarily dismissed, so Monsanto does not respond to these claims in this Answer.  Silence as to any allegations shall constitute a denial.

- 1 -

1.      The allegations in the first sentence of paragraph 1 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to defendant Monsanto Company ("Monsanto"), not the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants admit the allegations in the second sentence of paragraph 1.  The Wilbur-Ellis Defendants also admit that glyphosate was one of the world's most widely used herbicides in 2013, but note that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 1 and therefore deny those allegations.

2.      In response to the allegations in paragraph 2, the Wilbur-Ellis Defendants admit that the stated advantage of the use of crops with the Roundup Ready® trait is to substantially improve a farmer's ability to control weeds.  The remaining allegations in paragraph 2 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and therefore deny those allegations.

3.      The allegations in the first sentence of paragraph 3 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 3 and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 3.

4.      The Wilbur-Ellis Defendants admit the allegations in the first sentence of paragraph 4.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 4 to the extent they suggest that the International Agency for Research on Cancer

("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

5.    The Wilbur-Ellis Defendants admit the allegations in the first sentence of paragraph 5.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 5.

6.     In response to the allegations in paragraph 6, The Wilbur-Ellis Defendants admit that the IARC working group classified glyphosate under Group 2A.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 6.

7.    The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 7.  The remaining allegations in paragraph 7 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants admit that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world.  The Wilbur-Ellis Defendants also admit that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.

8.    The Wilbur-Ellis Defendants deny the allegations in paragraph 8.

9.    The allegations in paragraph 9 set forth conclusions of law for which no response is required.

10.    The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.    The allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.    The allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.     The allegations in paragraph 13 set forth conclusions of law for which no response is required.

14.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 14 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 14 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 14.

15.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 15 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 15 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 15.

16.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 16 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 16 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 16.

17.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 17 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 17 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 17.

18.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 18 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 18 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 18.

19.     This plaintiff's claims have been dismissed, so no response is required to the allegations in paragraph 19.

20.     This plaintiff's claims have been dismissed, so no response is required to the allegations in paragraph 20.

21.     The allegations regarding venue and jurisdiction in the second sentence of paragraph 21 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants deny the allegations in paragraph 21 that decedent's death was "wrongful" and deny that any injuries alleged in the Complaint, including the injury and death of decedent, were caused by Roundup®-branded products.  The Wilbur-Ellis Defendants admit that plaintiff purports to seek damages for a wrongful death and survival claim but deny any liability on those claims.  The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and therefore deny those allegations.

22.     The Wilbur-Ellis Defendants deny the allegations in paragraph 22.

23.     The Wilbur-Ellis Defendants deny the allegations in paragraph 23 that decedent's death was "wrongful" and deny that any injuries alleged in the Complaint, including the injury and death of decedent, were caused by Roundup®-branded products.  The Wilbur-Ellis Defendants admit that plaintiff purports to seek damages for a wrongful death and survival claim but deny any liability on those claims.  The allegations regarding venue and jurisdiction in the second sentence of paragraph 23 set forth conclusions of law for which no response is required. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 23 and therefore deny those allegations.  The remaining allegations in paragraph 23 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore deny those allegations.

24.     The Wilbur-Ellis Defendants deny the allegations in paragraph 24.

25.     The Wilbur-Ellis Defendants deny the allegations in paragraph 25 that decedent's death was "wrongful" and deny that any injuries alleged in the Complaint, including the injury and death of decedent, were caused by Roundup®-branded products.  The Wilbur-Ellis Defendants admit that plaintiff purports to seek damages for a wrongful death and survival claim but deny any liability on those claims.  The remaining allegations in paragraph 25 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore deny those allegations.

26.     The Wilbur-Ellis Defendants deny the allegations in paragraph 26.

27.     The Wilbur-Ellis Defendants deny the allegations in paragraph 27.

28.     The Wilbur-Ellis Defendants deny the allegations in paragraph 28.

29.     The Wilbur-Ellis Defendants deny the allegations in paragraph 29.

30.     The Wilbur-Ellis Defendants dent the allegations in paragraph 30.

31.     The Wilbur-Ellis Defendants deny the allegations in paragraph 31.  All labeling of Roundup®-branded products has been and remains approved by the EPA and in compliance with all federal requirements under FIFRA.

32.     The Wilbur-Ellis Defendants deny the allegations in paragraph 32.

33.     The Wilbur-Ellis Defendants deny that Roundup®-branded products have "potential life threatening side-effects."  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and therefore deny those allegations.

34.     The Wilbur-Ellis Defendants deny the allegations in paragraph 34.

35.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 35 and therefore deny those allegations.  The remaining allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     The allegations in paragraph 36 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

37.     Wilbur-Ellis Company admits that it is a California limited liability company with its headquarters and principal place of business in San Francisco, California.  Wilbur-Ellis Company further admits that it has sold and distributed certain Monsanto glyphosate-based herbicide products in California, but denies that it has sold or distributed Monsanto's residential-lawn-and-garden glyphosate-based-herbicides in California.  Wilbur-Ellis Company notes that it has never been the only seller or distributor of Monsanto glyphosate-based herbicide products in California.

38.     Wilbur-Ellis Feed admits that it is a California limited liability company with its headquarters and principal place of business in San Francisco, California.  In response to the allegations in the second sentence of paragraph 38, the Wilbur-Ellis Defendants deny that Wilbur-Ellis Feed has ever distributed or sold any Monsanto glyphosate-based herbicide products in California (or anywhere else).  In response to the allegations in the last sentence of paragraph 38, the Wilbur-Ellis Defendants: (a) deny that either of the Wilbur-Ellis Defendants distributed any Monsanto residential-lawn-and-garden glyphosate-based-herbicides allegedly used by any plaintiff and/or decedent; (b) lack information or knowledge sufficient to form a belief as to the truth of any allegations regarding whether Wilbur-Ellis Company distributed any other kinds of Monsanto glyphosate-based-herbicides allegedly used by any plaintiff and/or decedent and therefore deny those allegations; and (c) deny that Wilbur-Ellis Feed distributed any Monsanto glyphosate-based herbicide products allegedly used by any plaintiff and/or decedent.

39.     The allegations in paragraph 39 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore deny those allegations.

40.     The allegations in paragraph 40 set forth conclusions of law for which no response is required.

41.     The allegations in paragraph 41 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to the DOE defendants, not the Wilbur-Ellis Defendants.

42.     The allegations in paragraph 42 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore deny those allegations.

43.     The allegations in paragraph 43 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore deny those allegations.

44.     In response to the allegations in paragraph 44, the Wilbur-Ellis Defendants admit that they are limited liability companies organized and existing under the laws of the State of California, with their headquarters and principal place of business in San Francisco, California. The remaining allegations in paragraph 44 are vague and conclusory and comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required.  To the extent that the allegations in paragraph 44 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

45.     The allegations in paragraph 45 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 45 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

46.      The allegations in paragraph 46 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 46

relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

47.     The allegations in paragraph 47 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 47 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

48.     The Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs and/or decedents to risk of their alleged cancers and deny that exposure to Roundup®-branded products did or could have caused plaintiffs' and/or decedents' alleged cancers.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 48 and therefore deny those allegations.  The remaining allegations in paragraph 48 set forth conclusions of law for which no response is required.

49.     In response to the allegations in paragraph 49, the Wilbur-Ellis Defendants deny that there is any risk of cancer or other serious illness associated with or linked to exposure to Roundup®-branded products or glyphosate.  The remaining allegations in paragraph 49 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.

50.     In response to the allegations in paragraph 50, the Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs and/or decedents to risk of, or caused, their alleged cancers and deny that there is any risk of serious illnesses associated with or linked to exposure to Roundup®-branded products or glyphosate.  The remaining allegations in paragraph 50 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore deny those allegations.

51.     In response to the allegations in paragraph 51, the Wilbur-Ellis Defendants deny that they have misrepresented or concealed the alleged "true risks associated with the use of and/or exposure to" Roundup®-branded products and glyphosate or otherwise engaged in fraudulent conduct.  To the extent that the allegations in paragraph 51 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.  The remaining allegations in paragraph 51 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.

52.     The Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs and/or decedents to risk of, or caused, their alleged cancers and deny that there is any risk of serious illnesses associated with or linked to Roundup®-branded products.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, the Wilbur-Ellis Defendants deny that they concealed "the truth regarding the safety of" Roundup®-branded products.  The remaining allegations in paragraph 53 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants deny all of plaintiffs' allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, the Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs and/or decedents to risk of their alleged cancers, deny that there is any risk of serious illness associated with or linked to Roundup®-branded products, and deny the remaining allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, the Wilbur-Ellis Defendants admit that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 55 are vague and ambiguous and the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 and therefore deny those allegations.

56.     The Wilbur-Ellis Defendants admit the first sentence of paragraph 56.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 56 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  The Wilbur-Ellis Defendants deny the allegations in the third sentence of paragraph 56 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

57.     In response to the allegations in paragraph 57, the Wilbur-Ellis Defendants admit that farmers have safely used Roundup®-branded products since the 1970s.    To the extent that the allegations in paragraph 57 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 57.

58.     The allegations in paragraph 58 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto and other entities, not the Wilbur-Ellis Defendants.

59.     The Wilbur-Ellis Defendants admit the allegations in paragraph 59.

60.     In response to the allegations in paragraph 60, the Wilbur-Ellis Defendants admit that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admit that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 60 set forth conclusions of law for which no response is required.

61.     The allegations in paragraph 61 set forth conclusions of law for which no response is required.

62.     In response to the allegations in paragraph 62, the Wilbur-Ellis Defendants admit that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States, including in California.

63.     In response to the allegations in paragraph 63, the Wilbur-Ellis Defendants admit that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admit that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The Wilbur-Ellis Defendants state that the term "the product tests" in the final sentence of paragraph 63 is vague and ambiguous, and the Wilbur-Ellis Defendants therefore deny the same.  The remaining allegations in paragraph 63 set forth conclusions of law for which no response is required.

64.     The Wilbur-Ellis Defendants deny the allegations in paragraph 64 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.  The Wilbur-Ellis Defendants admit that EPA is in the process of conducting regulatory review of various pesticide products, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 64 regarding such pesticide products generally.  The remaining allegations in paragraph 64 set forth conclusions of law for which no response is required.

65.     In response to the allegations in paragraph 65, the Wilbur-Ellis Defendants admit that EPA has undertaken a regulatory review of glyphosate and that EPA has not released its final findings.  The Wilbur-Ellis Defendants state, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01024-VC

"Not Likely to be Carcinogenic to Humans."[2]  The Wilbur-Ellis Defendants further state that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 65 and therefore deny those allegations.

66.     Certain allegations in paragraph 66 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 66 and therefore deny those allegations

67.     The allegations in paragraph 67 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

68.     The allegations in paragraph 68 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

69.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore deny those allegations.

70.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore deny those allegations.

71.     The allegations in the first sentence of paragraph 71 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form

---

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

a belief as to the truth of the allegations in the second sentence of paragraph 71 and therefore deny those allegations.

72.     The allegations in paragraph 72 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

73.     The allegations in paragraph 73 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

74.     The allegations in paragraph 74 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

75.     The allegations in paragraph 75 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

76.     To the extent that the allegations in the second and fourth sentences of paragraph 76 are directed at the Wilbur-Ellis Defendants, the Wilbur-Ellis Defendants deny those allegations.  To the extent that those allegations are directed at defendants other than the Wilbur-Ellis Defendants, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 76 and therefore deny those allegations.

77.     To the extent that the allegations in the last sentence of paragraph 77 are directed at the Wilbur-Ellis Defendants, the Wilbur-Ellis Defendants deny those allegations.  To the extent that those allegations are directed at defendants other than the Wilbur-Ellis Defendants, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 77 and therefore deny those allegations.

78.     The allegations in paragraph 78 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

79.     The allegations in paragraph 79 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

80.     The allegations in paragraph 80 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent a response is deemed required, the Wilbur-Ellis Defendants admit that glyphosate is one of the world's largest herbicides by sales volume, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 80 and accordingly deny those allegations.

81.     The allegations in paragraph 81 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

82.     The allegations in paragraph 82 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

83.     The allegations in paragraph 83 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

84.     The allegations in paragraph 84 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

85.     In response to the allegations in paragraph 85, the Wilbur-Ellis Defendants deny that IARC follows stringent procedures for the evaluation of a chemical agent.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 85, which are not limited as of any specified date, and accordingly deny the same.

86.     In response to the allegations in paragraph 86, the Wilbur-Ellis Defendants admit that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 86.

87.     The Wilbur-Ellis Defendants deny any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  The Wilbur-Ellis Defendants lack

1  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

2  in paragraph 87 and therefore deny those allegations.

3       88.    The Wilbur-Ellis Defendants deny any suggestion that IARC reviewed the full

4  body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed

5  the studies that it cited in its glyphosate monograph.  The Wilbur-Ellis Defendants lack

6  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

7  in paragraph 88 and therefore deny those allegations.

8       89.    The Wilbur-Ellis Defendants deny the allegations in paragraph 89 to the extent

9  that they suggest that IARC had previously assessed glyphosate.  The Wilbur-Ellis Defendants

10  admit that IARC classified glyphosate as a Group 2A agent in March 2015.

11       90.    In response to the allegations in paragraph 90, the Wilbur-Ellis Defendants admit

12  that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a

13  draft of the monograph was prepared by a "working group" of individuals selected by IARC who

14  met over a one week period in March 2015 to consider glyphosate along with a number of other

15  substances.  The Wilbur-Ellis Defendants deny the allegation that all members of the working

16  group are "experts."  The Wilbur-Ellis Defendants deny that the working group or anyone at

17  IARC conducted a one-year review of the scientific evidence related to glyphosate or that the

18  working group's findings reflected a comprehensive review of the latest available scientific

19  evidence.  The Wilbur-Ellis Defendants also deny that the working group considered all

20  information available in the scientific literature and all data from government reports that are

21  publicly available.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 90.

22       91.    In response to the allegations in paragraph 91, the Wilbur-Ellis Defendants deny

23  that the IARC working group considered all of the data in the numerous studies that have been

24  conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human

25  populations or that it reliably considered the studies that it purports to have reviewed, which

26  frequently reach conclusions directly contrary to those espoused by the IARC working group.

27  To the extent the allegations purport to characterize statements made in the IARC monograph for

28

glyphosate, the statements in that document stand for themselves, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly deny the allegations.

92.     The allegations in paragraph 92 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly deny the allegations.

93.     In response to the allegations in paragraph 93, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 93 are denied.

94.     In response to the allegations in paragraph 94, the Wilbur-Ellis Defendants admit that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but the Wilbur-Ellis Defendants deny that any of these studies provide any evidence of a human health concern from such exposures.

95.     The Wilbur-Ellis Defendants deny the allegations in paragraph 95.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

96.     In response to the allegations in paragraph 96, the Wilbur-Ellis Defendants admit that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but the Wilbur-Ellis Defendants deny that the study supports such a conclusion or that the authors of the study reached such a conclusion.

97.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 97 and therefore deny those allegations.

- 17 -

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01024-VC

1        98.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

2   belief as to the truth of the allegations in paragraph 98 and therefore deny those allegations.

3        99.     In response to the allegations in paragraph 99, the Wilbur-Ellis Defendants admit

4   that the IARC working group interpreted a selected number of experimental studies as evidence

5   that glyphosate can cause genotoxicity, but the Wilbur-Ellis Defendants deny that the working

6   group reliably considered the full body of scientific data on such alleged genotoxic endpoints and

7   deny that the working group reliably interpreted the studies that it selected for consideration.

8   Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  The

9   Wilbur-Ellis Defendants deny the remaining allegations in paragraph 99.

10        100.     In response to the allegations in paragraph 100, the Wilbur-Ellis Defendants admit

11   that the IARC working group purported to find such effects, but deny that there is any reliable

12   scientific basis for such conclusion.  The Wilbur-Ellis Defendants deny the remaining allegations

13   in paragraph 100.

14        101.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

15   belief as to the truth of the allegations in paragraph 101 and therefore deny those allegations.

16        102.     In response to the allegations in paragraph 102, the Wilbur-Ellis Defendants admit

17   that the Complaint accurately quotes from the identified document, which should be read in

18   context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate

19   does not pose any cancer risk to humans.

20        103.     In response to the allegations in paragraph 103, the Wilbur-Ellis Defendants admit

21   that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but deny

22   that the Coalition provides any reliable basis for any conclusions regarding potential health risks

23   from glyphosate.  The Wilbur-Ellis Defendants note that a federal district court has characterized

24   this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See*

25   *Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

26        104.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

27   belief as to the truth of the allegations in paragraph 104 and therefore deny those allegations.

28

105.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 105 and therefore deny those allegations.

106.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 106 and therefore deny those allegations.

107.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore deny those allegations.

108.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore deny those allegations.

109.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 109 and therefore deny those allegations.

110.     The Wilbur-Ellis Defendants admit that Wilbur-Ellis Company has distributed certain Monsanto glyphosate-based herbicide products in California, but deny that Wilbur-Ellis Company has distributed Monsanto's residential-lawn-and-garden glyphosate-based-herbicides in California.  The Wilbur-Ellis Defendants deny that Wilbur-Ellis Feed has distributed any Monsanto glyphosate-based herbicide products in California (or anywhere else).

111.     In response to the allegations in the first sentence of paragraph 111, the Wilbur-Ellis Defendants deny that Roundup®-branded herbicides have "carcinogenic properties" or create "grave danger" and state that all labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  In response to the allegations in the second sentence of paragraph 111, the Wilbur-Ellis Defendants: (a) deny that either Wilbur-Ellis Defendant distributed any Monsanto residential-lawn-and-garden glyphosate-based-herbicides allegedly used by any plaintiffs and/or decedents; (b) lack information or knowledge sufficient to form a belief as to the truth of any allegations regarding whether Wilbur-Ellis Company distributed any other kinds of Monsanto glyphosate-based-herbicides allegedly used by any plaintiffs and/or decedents and therefore deny those allegations; and (c) deny that Wilbur-Ellis Feed distributed any Monsanto glyphosate-based herbicide products allegedly used by any plaintiffs and/or decedents.

112.    The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 111 in response to paragraph 112 of plaintiffs' Complaint.

113.    In response to the allegations in paragraph 113, the Wilbur-Ellis Defendants deny that they violated California law or federal law and state that they complied with all applicable law regarding Roundup®-branded products.  The remaining allegations in paragraph 113 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants deny all such allegations.

114.    The allegations in paragraph 114 set forth conclusions of law for which no response is required.

115.    The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 115.  The second sentence in paragraph 115 sets forth a conclusion of law for which no response is required.

116.    The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 115 in response to paragraph 116 of plaintiffs' Complaint.

117.    In response to the allegations in paragraph 117, the Wilbur-Ellis Defendants admit that plaintiffs purport to bring a claim for strict liability design defect, but deny any liability as to that claim.

118.    In response to the allegations in paragraph 118, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs and/or decedents used Roundup®-branded products and therefore deny that allegation.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 118.

119.    The Wilbur-Ellis Defendants deny the allegations in paragraph 119.

120.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 120 and therefore deny those allegations.

121.    The Wilbur-Ellis Defendants deny the allegations in paragraph 121.

122.    The Wilbur-Ellis Defendants deny the allegations in paragraph 122.

123.    The Wilbur-Ellis Defendants deny the allegations in paragraph 123.

1    124.    The Wilbur-Ellis Defendants deny the allegations in paragraph 124 and each of its

2    subparts.

3    125.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

4    belief as to the truth of the allegations in paragraph 125 concerning plaintiffs' and/or decedents

5    claimed use of or exposure to Roundup®-branded products and therefore deny those allegations.

6    The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 125, including that

7    Roundup® branded products have "dangerous characteristics."

8    126.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

9    belief as to the truth of the allegations in paragraph 126 concerning plaintiffs' and/or decedents

10    claimed use of or exposure to Roundup®-branded products and therefore deny those allegations.

11    The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 126, including that

12    Roundup®-branded products have "dangerous characteristics."

13    127.    The Wilbur-Ellis Defendants deny the allegations in paragraph 127.

14    128.    The Wilbur-Ellis Defendants deny the allegations in paragraph 128.

15    129.    The Wilbur-Ellis Defendants deny the allegations in paragraph 129.

16    130.    The Wilbur-Ellis Defendants deny the allegations in paragraph 130.

17    131.    The Wilbur-Ellis Defendants deny the allegations in paragraph 131.

18    132.    The Wilbur-Ellis Defendants deny the allegations in paragraph 132.

19    133.    The Wilbur-Ellis Defendants deny the allegations in paragraph 133.

20    134.    The Wilbur-Ellis Defendants deny the allegations in paragraph 134.

21    135.    The Wilbur-Ellis Defendants deny the allegations in paragraph 135.

22    136.    The Wilbur-Ellis Defendants deny the allegations in paragraph 136.

23    137.    In response to the allegations in paragraph 137, the Wilbur-Ellis Defendants

24    demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint

25    be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and

26    reasonable attorney's fees as allowed by law and such further and additional relief as this Court

27    may deem just and proper.

28

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01024-VC

138.    The Wilbur-Ellis Defendants incorporate by reference its responses to paragraphs 1 through 137 in response to paragraph 138 of plaintiffs' Complaint.

139.    In response to the allegations in paragraph 139, the Wilbur-Ellis Defendants admit that plaintiffs purport to bring a claim for strict liability failure to warn, but deny any liability as to that claim.

140.    The Wilbur-Ellis Defendants deny the allegations in paragraph 140.

141.    In response to the allegations in paragraph 141, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs and/or decedents or other entities identified purchased or used Roundup®-branded products and therefore deny that allegation.  The allegations in paragraph 141 also set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 141.

142.    The allegations in paragraph 142 set forth conclusions of law for which no response is required.

143.    The Wilbur-Ellis Defendants deny the allegations in paragraph 143.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

144.    The Wilbur-Ellis Defendants deny the allegations in paragraph 144.

145.    The Wilbur-Ellis Defendants deny the allegations in paragraph 145.

146.    The Wilbur-Ellis Defendants deny the allegations in paragraph 146.

147.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 147 and therefore deny those allegations.

148.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 148 concerning plaintiffs' and/or decedents alleged use of Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 148, including that Roundup®-branded products have "dangerous characteristics."

149.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 149 concerning plaintiffs' and/or decedents alleged use and exposure to Roundup®-branded products and therefore deny those allegations. The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 149, including that Roundup®-branded products have "dangerous characteristics."

150.     In response to the allegations in paragraph 150, The Wilbur-Ellis Defendants deny that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses and deny that there are any defects in those products.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 150 and therefore deny those allegations.

151.     The Wilbur-Ellis Defendants deny the allegations in paragraph 151.

152.     The Wilbur-Ellis Defendants deny the allegations in paragraph 152.

153.     The allegations in the second sentence of paragraph 153 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, The Wilbur-Ellis Defendants deny all such allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 153.

154.     The Wilbur-Ellis Defendants deny the allegations in paragraph 154.

155.     The Wilbur-Ellis Defendants deny the allegations in paragraph 155.

156.     The Wilbur-Ellis Defendants deny the allegations in paragraph 156.

157.     The Wilbur-Ellis Defendants deny the allegations in paragraph 157.

158.     The Wilbur-Ellis Defendants deny the allegations in paragraph 158.

159.     The Wilbur-Ellis Defendants deny the allegations in paragraph 159.

160.     The Wilbur-Ellis Defendants deny the allegations in paragraph 160.

161.     In response to the allegations in paragraph 161, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and

1    reasonable attorney's fees as allowed by law and such further and additional relief as this Court

2    may deem just and proper.

3        162.    The Wilbur-Ellis Defendants incorporate by reference their responses to

4    paragraphs 1 through 162 in response to paragraph 162 of plaintiffs' Complaint.

5        163.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

6    belief as to the truth of the allegations in paragraph 163 regarding the specific products allegedly

7    used by plaintiffs and/or decedents or any advertising or marketing allegedly seen or considered

8    by plaintiffs and/or decedents and therefore deny the allegations in paragraph 163.

9        164.    The allegations in paragraph 164 set forth conclusions of law for which no

10   response is required.

11       165.    The allegations in paragraph 165 set forth conclusions of law for which no

12   response is required.

13       166.    The Wilbur-Ellis Defendants deny the allegations in paragraph 166.

14       167.    The Wilbur-Ellis Defendants deny the allegations in paragraph 167.

15       168.    The Wilbur-Ellis Defendants deny the allegations in paragraph 168.  All labeling

16   of Roundup®-branded products has been and remains EPA-approved and in compliance with all

17   federal requirements under FIFRA.

18       169.    The Wilbur-Ellis Defendants deny the allegations in paragraph 169.

19       170.    The Wilbur-Ellis Defendants deny the allegations in the first sentence of

20   paragraph 170.  The allegations in the second sentence of paragraph 170 comprise attorney

21   characterizations and are accordingly denied or set forth conclusions of law for which no

22   response is required.

23       171.    The Wilbur-Ellis Defendants deny the allegations in paragraph 171.

24       172.    The Wilbur-Ellis Defendants deny the allegations in paragraph 172, including

25   each of its subparts.

26       173.    The Wilbur-Ellis Defendants deny the allegations in paragraph 173.

27

28

174.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 174 regarding plaintiffs' and/or decedents' knowledge and therefore the Wilbur-Ellis Defendants deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 174, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

175.    The Wilbur-Ellis Defendants deny the allegations in paragraph 175.

176.    The Wilbur-Ellis Defendants deny the allegations in paragraph 176.

177.    The Wilbur-Ellis Defendants deny the allegations in paragraph 177.

178.    The Wilbur-Ellis Defendants deny the allegations in paragraph 178.

179.    The Wilbur-Ellis Defendants deny the allegations in paragraph 179.

180.    In response to the allegations in paragraph 180, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that The Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

181. – 225.    The allegations in paragraphs 181-225 do not require responses from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants, and these counts of plaintiffs' Complaint are brought only against Monsanto, not the Wilbur-Ellis Defendants.

226.    The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 225 in response to paragraph 226 of plaintiffs' Complaint.

227.    The Wilbur-Ellis Defendants deny the allegations in paragraph 227.

228.    The Wilbur-Ellis Defendants deny the allegations in paragraph 228.

229.    The Wilbur-Ellis Defendants deny the allegations in paragraph 229.

230.    The allegations in paragraph 230 set forth conclusions of law for which no response is required.

231.    In response to the allegations in paragraph 231, the Wilbur-Ellis Defendants deny that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

### SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against the Wilbur-Ellis Defendants upon which relief can be granted.

2.    Venue is or may be inconvenient for some or all of plaintiffs' claims.

3.    Plaintiffs' claims against the Wilbur-Ellis Defendants are improperly joined and should be severed.

4.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5.    Any alleged negligent or culpable conduct of the Wilbur-Ellis Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' and/or decedents' alleged injuries.

6.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.    Any claims based on allegations that the Wilbur-Ellis Defendants misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted

by federal law.  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9.     Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10.     Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because plaintiffs' and/or decedents' injuries, if any, were the result of conduct of plaintiffs and/or decedents, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' and/or decedents' pre-existing medical conditions.

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

14.     Applicable statutes of limitations and/or repose bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

15.     Plaintiffs' and/or decedents' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

16.     If plaintiffs and/or decedents suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which the Wilbur-Ellis Defendants are neither liable nor responsible or, in the alternative, the

1    Wilbur-Ellis Defendants are entitled to an assessment of the relative degree of fault of all such

2    persons and entities; or (b) resulted from diseases and/or causes that are not related or connected

3    with any product sold, distributed, or manufactured by the Wilbur-Ellis Defendants.  Such acts or

4    omissions on the part of others or diseases or causes constitute an independent, intervening and

5    sole proximate cause of plaintiffs' and/or decedents' alleged injuries or damages.

6           17.    The Wilbur-Ellis Defendants had no legal relationship or privity with plaintiffs

7    and/or decedents and owed no duty to them by which liability could be attributed to the Wilbur-

8    Ellis Defendants.

9           18.    Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted in whole or

10   part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

11          19.    Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive and/or

12   exemplary damages are barred because such an award would violate the Wilbur-Ellis

13   Defendants' due process, equal protection and other rights under the United States Constitution,

14   the Arizona Constitution, the California Constitution, and/or other applicable state constitutions.

15          20.    Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive and/or

16   exemplary damages are barred because plaintiffs have failed to allege conduct warranting

17   imposition of such damages under Arizona, California, and/or other applicable state laws.

18          21.    Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive and/or

19   exemplary damages are barred and/or limited by operation of state and/or federal law, including

20   Ariz. Rev. Stat. § 12-689.

21          22.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in

22   part by plaintiffs' and/or decedents' own contributory/comparative negligence.

23          23.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in

24   part by plaintiffs' and/or decedents' own failure to mitigate damages.

25          24.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in

26   part by the sophisticated user doctrine.

27

28

25.     To the extent that plaintiffs and/or decedents recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery from the Wilbur-Ellis Defendants in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

26.     If plaintiffs and/or decedents have been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a product of the Wilbur-Ellis Defendants.

27.     Plaintiffs' claims against Wilbur-Ellis Feed are barred because Wilbur-Ellis Feed has never designed, manufactured, distributed, or sold Roundup®-branded herbicides (or any other herbicides).

28.     Wilbur-Ellis Feed did not come into existence as a company until September 2015, so any plaintiff or decedent whose alleged exposure to Roundup®-branded herbicides ended before September 2015 does not have viable claims against Wilbur-Ellis Feed.

29.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

30.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

31.     The Wilbur-Ellis Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

**WHEREFORE**, the Wilbur-Ellis Defendants demand judgment in their favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## <u>JURY TRIAL DEMAND</u>

The Wilbur-Ellis Defendants demand a jury trial on all issues so triable.

1  DATED:  March 4, 2019                          Respectfully submitted,

2

3                                                 /s/ Joe G. Hollingsworth
                                                  Joe G. Hollingsworth (*pro hac vice*)
                                                  (jhollingsworth@hollingsworthllp.com)
4                                                 Eric G. Lasker (*pro hac vice*)
                                                  (elasker@hollingsworthllp.com)
5                                                 HOLLINGSWORTH LLP
                                                  1350 I Street, N.W.
6                                                 Washington, DC  20005
                                                  Telephone:  (202) 898-5800
7                                                 Facsimile:   (202) 682-1639

8                                                 Attorneys for Defendants WILBUR-ELLIS
                                                  COMPANY LLC and WILBUR-ELLIS FEED,
9                                                 LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 30 -