**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendants*
*WILBUR-ELLIS COMPANY LLC*
*and WILBUR-ELLIS FEED, LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Jaime Andrade, et al, v. Monsanto Co., et al.,* Case No. 3:19-cv-01019-VC | |

### ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Wilbur-Ellis Company LLC ("Wilbur-Ellis Company") and Wilbur-Ellis Feed LLC, now known as Wilbur-Ellis Nutrition, LLC ("Wilbur-Ellis Feed") (collectively, the "Wilbur-Ellis Defendants"), by and through their counsel, respectfully respond by generally denying all allegations contained in plaintiffs' First Amended Complaint for Damages ("the Complaint"), except as set forth below. Silence as to any allegations shall constitute a denial.

1.       The allegations in the first sentence of paragraph 1 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to defendant Monsanto Company ("Monsanto"), not the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants admit the allegations in the second sentence of paragraph 1.  The Wilbur-Ellis Defendants also admit that glyphosate was one of the world's most widely used herbicides in 2013, but note that Monsanto

- 1 -

was and is not the only manufacturer of glyphosate-based herbicides.  The Wilbur-Ellis

Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the

specific numbers and statistics cited in the remaining sentences of paragraph 1 and therefore

deny those allegations.

2.      In response to the allegations in paragraph 2, the Wilbur-Ellis Defendants admit

that the stated advantage of the use of crops with the Roundup Ready® trait is to substantially

improve a farmer's ability to control weeds.  The remaining allegations in paragraph 2 do not

require a response from the Wilbur-Ellis Defendants because these allegations relate to

Monsanto, not the Wilbur-Ellis Defendants.  To the extent that a response is deemed required,

the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the

truth of the remaining allegations in paragraph 2 and therefore deny those allegations.

3.      The allegations in the first sentence of paragraph 3 do not require a response from

the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis

Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack

information or knowledge sufficient to form a belief as to the truth of the allegations in the first

sentence of paragraph 3 and therefore deny those allegations.  The Wilbur-Ellis Defendants

admit that certain studies have reported that glyphosate is found at *de minimis* levels

significantly below regulatory safety limits in various locations and media.  The Wilbur-Ellis

Defendants deny the remaining allegations in paragraph 3.

4.      The Wilbur-Ellis Defendants admit the allegations in the first sentence of

paragraph 4.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of

paragraph 4 to the extent they suggest that the International Agency for Research on Cancer

("IARC") based its evaluation on a complete or accurate assessment of the scientific research

regarding glyphosate.

5.      The Wilbur-Ellis Defendants admit the allegations in the first sentence of

paragraph 5.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of

paragraph 5.

6.      In response to the allegations in paragraph 6, the Wilbur-Ellis Defendants admit that the IARC working group classified glyphosate under Group 2A.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 6.

7.      The Wilbur-Ellis Defendants deny the allegations in paragraph 7.

8.      The allegations in paragraph 8 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants admit that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world.  The Wilbur-Ellis Defendants also admit that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.

9.      The allegations in paragraph 9 set forth conclusions of law for which no response is required.

10.     The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.     The allegations in paragraph 11 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants deny the allegations in paragraph 11.

12.     The allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.     The allegations in paragraph 13 set forth conclusions of law for which no response is required.

14.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore deny those allegations.

15.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore deny those allegations.

16.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore deny those allegations.

17.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore deny those allegations.

18.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore deny those allegations.

19.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore deny those allegations.

20.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore deny those allegations.

21.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore deny those allegations.

22.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore deny those allegations.

23.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore deny those allegations.

24.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore deny those allegations.

25.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore deny those allegations.

26.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore deny those allegations.

27.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore deny those allegations.

28.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore deny those allegations.

29.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore deny those allegations.

30.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore deny those allegations.

31.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore deny those allegations.

32.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore deny those allegations.

33.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore deny those allegations.

34.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore deny those allegations.

35.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore deny those allegations.

36.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore deny those allegations.

37.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore deny those allegations.

38.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore deny those allegations.

39.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore deny those allegations.

40.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore deny those allegations.

41.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore deny those allegations.

42.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore deny those allegations.

43.     The allegations in paragraph 43 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

44.     Wilbur-Ellis Company admits that it is a California limited liability company with its headquarters and principal place of business in San Francisco, California.  Wilbur-Ellis Company further admits that it has sold and distributed certain Monsanto glyphosate-based herbicide products in California, but denies that it has sold or distributed Monsanto's residential-lawn-and-garden glyphosate-based-herbicides in California.  Wilbur-Ellis Company notes that it has never been the only seller or distributor of Monsanto glyphosate-based herbicide products in California.

45.     Wilbur-Ellis Feed admits that it is a California limited liability company with its headquarters and principal place of business in San Francisco, California.  In response to the allegations in the second sentence of paragraph 45, the Wilbur-Ellis Defendants deny that Wilbur-Ellis Feed has ever distributed or sold any Monsanto glyphosate-based herbicide products in California (or anywhere else).

46.     The allegations in paragraph 46 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore deny those allegations.

47.     In response to the allegations in paragraph 47, the Wilbur-Ellis Defendants admit that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 47 are vague and ambiguous and the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and therefore deny those allegations.

48. The Wilbur-Ellis Defendants admit the first sentence of paragraph 48. The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 48 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. The Wilbur-Ellis Defendants deny the allegations in the third sentence of paragraph 48 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

49. In response to the allegations in paragraph 49, the Wilbur-Ellis Defendants admit that farmers have safely used Roundup®-branded products since the 1970s. To the extent that the allegations in paragraph 49 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants. The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 49.

50. The allegations in paragraph 50 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto and other entities, not the Wilbur-Ellis Defendants.

51. The Wilbur-Ellis Defendants admit the allegations in paragraph 51.

52. In response to the allegations in paragraph 52, the Wilbur-Ellis Defendants admit that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admit that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. The remaining allegations in paragraph 52 set forth conclusions of law for which no response is required.

53. The allegations in paragraph 53 set forth conclusions of law for which no response is required.

54. In response to the allegations in paragraph 54, the Wilbur-Ellis Defendants admit that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution and are registered by the State of California for sale and distribution.

55.     In response to the allegations in paragraph 55, the Wilbur-Ellis Defendants admit that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admit that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The Wilbur-Ellis Defendants state that the term "the product tests" in the final sentence of paragraph 55 is vague and ambiguous, and the Wilbur-Ellis Defendants therefore deny the same.  The remaining allegations in paragraph 55 set forth conclusions of law for which no response is required.

56.     The Wilbur-Ellis Defendants deny the allegations in paragraph 56 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.  The Wilbur-Ellis Defendants admit that EPA is in the process of conducting regulatory review of various pesticide products, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56 regarding such pesticide products generally.  The remaining allegations in paragraph 56 set forth conclusions of law for which no response is required.

57.     In response to the allegations in paragraph 57, the Wilbur-Ellis Defendants admit that EPA has undertaken a regulatory review of glyphosate and that EPA has not released its final findings.  The Wilbur-Ellis Defendants state, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

1   "Not Likely to be Carcinogenic to Humans."[2]  The Wilbur-Ellis Defendants further state that, in

2   December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's

3   carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the

4   descriptor] 'not likely to be carcinogenic to humans'."[3]  The Wilbur-Ellis Defendants lack

5   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

6   in paragraph 57 and therefore deny those allegations.

7          58.    Certain allegations in paragraph 58 do not require a response from the Wilbur-

8   Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

9   The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the

10  truth of the remaining allegations in paragraph 58 and therefore deny those allegations.

11         59.    The allegations in paragraph 59 do not require a response from the Wilbur-Ellis

12  Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

13         60.    The allegations in paragraph 60 do not require a response from the Wilbur-Ellis

14  Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

15         61.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

16  belief as to the truth of the allegations in paragraph 61 and therefore deny those allegations.

17         62.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

18  belief as to the truth of the allegations in paragraph 62 and therefore deny those allegations.

19         63.    The allegations in the first sentence of paragraph 63 do not require a response

20  from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-

21  Ellis Defendants.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form

22

23  _____

24  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final

25  Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

26  [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/

27  document?D=EPA-HQ-OPP-2016-0385-0528.

28

a belief as to the truth of the allegations in the second sentence of paragraph 63 and therefore deny those allegations.

64.     The allegations in paragraph 64 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

65.     The allegations in paragraph 65 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

66.     The allegations in paragraph 66 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

67.     The allegations in paragraph 67 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent a response is deemed required, the Wilbur-Ellis Defendants admit that glyphosate is one of the world's largest herbicides by sales volume, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 67 and accordingly deny those allegations.

68.     The allegations in paragraph 68 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

69.     The allegations in paragraph 69 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

70.     The allegations in paragraph 70 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

71.     The allegations in paragraph 71 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

72.     In response to the allegations in paragraph 72, the Wilbur-Ellis Defendants deny that IARC follows stringent procedures for the evaluation of a chemical agent.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 72, which are not limited as of any specified date, and accordingly deny the same.

- 10 -

73.     In response to the allegations in paragraph 73, the Wilbur-Ellis Defendants admit that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 73.

74.     The Wilbur-Ellis Defendants deny any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 74 and therefore deny those allegations.

75.     The Wilbur-Ellis Defendants deny any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 75 and therefore deny those allegations.

76.     The Wilbur-Ellis Defendants deny the allegations in paragraph 76 to the extent that they suggest that IARC had previously assessed glyphosate.  The Wilbur-Ellis Defendants admit that IARC classified glyphosate as a Group 2A agent in March 2015.

77.     In response to the allegations in paragraph 77, the Wilbur-Ellis Defendants admit that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances.  The Wilbur-Ellis Defendants deny the allegation that all members of the working group are "experts."  The Wilbur-Ellis Defendants deny that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  The Wilbur-Ellis Defendants also deny that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 77.

78.     In response to the allegations in paragraph 78, the Wilbur-Ellis Defendants deny that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group. To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly deny the allegations.

79.     The allegations in paragraph 79 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly deny the allegations.

80.     In response to the allegations in paragraph 80, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 80 are denied.

81.     In response to the allegations in paragraph 81, the Wilbur-Ellis Defendants admit that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but the Wilbur-Ellis Defendants deny that any of these studies provide any evidence of a human health concern from such exposures.

82.     The Wilbur-Ellis Defendants deny the allegations in paragraph 82.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

83.     In response to the allegations in paragraph 83, the Wilbur-Ellis Defendants admit

that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but the Wilbur-Ellis Defendants deny that the study supports such a conclusion or that the authors of the study reached such a conclusion.

84.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore deny those allegations.

85.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 85 and therefore deny those allegations.

86.     In response to the allegations in paragraph 86, the Wilbur-Ellis Defendants admit that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but the Wilbur-Ellis Defendants deny that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and deny that the working group reliably interpreted the studies that it selected for consideration. Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 86.

87.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 87 and therefore deny those allegations.

88.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 88 and therefore deny those allegations.

89.     In response to the allegations in paragraph 89, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

90.     In response to the allegations in paragraph 90, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

91.     In response to the allegations in paragraph 91, the Wilbur-Ellis Defendants admit that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but deny that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate.  The Wilbur-Ellis Defendants note that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

92.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 92 and therefore deny those allegations.

93.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 93 and therefore deny those allegations.

94.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 94 and therefore deny those allegations.

95.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 95 and therefore deny those allegations.

96.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 96 and therefore deny those allegations.

97.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 97 and therefore deny those allegations.

98.     The Wilbur-Ellis Defendants admit that Wilbur-Ellis Company has distributed certain Monsanto glyphosate-based herbicide products in California, but deny that Wilbur-Ellis Company has distributed Monsanto's residential-lawn-and-garden glyphosate-based-herbicides in California.  The Wilbur-Ellis Defendants deny that Wilbur-Ellis Feed has distributed any Monsanto glyphosate-based herbicide products in California (or anywhere else).

99.     In response to the allegations in the first sentence of paragraph 99, the Wilbur-Ellis Defendants deny that Roundup®-branded herbicides have "carcinogenic properties" or create "grave danger" and state that all labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  In

1   response to the allegations in the second sentence of paragraph 99, the Wilbur-Ellis Defendants:

2   (a) deny that either Wilbur-Ellis Defendant distributed any Monsanto residential-lawn-and-

3   garden glyphosate-based-herbicides allegedly used by any plaintiff; (b) lack information or

4   knowledge sufficient to form a belief as to the truth of any allegations regarding whether Wilbur-

5   Ellis Company distributed any other kinds of Monsanto glyphosate-based-herbicides allegedly

6   used by any plaintiff and therefore deny those allegations; and (c) deny that Wilbur-Ellis Feed

7   distributed any Monsanto glyphosate-based herbicide products allegedly used by any plaintiff.

8       100.    Although it is not clear from the Complaint whether the allegations in the

9   Equitable Tolling of Applicable Statute of Limitations section are directed at the Wilbur-Ellis

10   Defendants, these defendants respond to these allegations out of an abundance of caution, but

11   without conceding that the Equitable Tolling of Applicable Statute of Limitations section is

12   directed at the Wilbur-Ellis Defendants, if it was not intended to be directed at these defendants.

13   The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 99

14   in response to paragraph 100 of plaintiffs' Complaint.

15       101.    The Wilbur-Ellis Defendants deny the allegations in paragraph 101.

16       102.    In response to the allegations in paragraph 102, the Wilbur-Ellis Defendants admit

17   that they have stated and continue to state that Roundup®-branded products are safe when used

18   as labeled and that they are non-toxic and non-carcinogenic.

19       103.    The allegations in paragraph 103 do not require a response from the Wilbur-Ellis

20   Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

21       104.    The allegations in paragraph 104 do not require a response from the Wilbur-Ellis

22   Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To

23   the extent that a response from the Wilbur-Ellis Defendants is deemed required, the Wilbur-Ellis

24   Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs

25   to risk of their alleged cancers and deny the remaining allegations in paragraph 104.

26       105.    The allegations in paragraph 105 do not require a response from the Wilbur-Ellis

27   Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To

28

ANSWER TO FIRST AMENDED COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01019-VC

1    the extent that a response from the Wilbur-Ellis Defendants is deemed required, the Wilbur-Ellis

2    Defendants deny that they concealed "the true character, quality and nature of Roundup."  The

3    remaining allegations of paragraph 105 set forth conclusions of law for which no response is

4    required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants deny all

5    of plaintiffs' allegations in paragraph 105.

6         106.    The allegations in paragraph 106 do not require a response from the Wilbur-Ellis

7    Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To

8    the extent that a response from the Wilbur-Ellis Defendants is deemed required, the Wilbur-Ellis

9    Defendants deny that they engaged in the "wrongdoing" alleged in the Complaint and deny that

10   there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded

11   products can cause cancer.  The remaining allegations in paragraph 106 set forth conclusions of

12   law for which no response is required, consist of attorney characterizations and are accordingly

13   denied, or comprise allegations for which the Wilbur-Ellis Defendants lack information or

14   knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore deny

15   those allegations.

16        107. – 161.    The allegations in paragraphs 107-161 do not require responses from the

17   Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis

18   Defendants, and these counts of plaintiffs' Complaint are brought only against Monsanto, not the

19   Wilbur-Ellis Defendants.

20        162.    Although it is not clear from the Complaint whether Count IV is directed at the

21   Wilbur-Ellis Defendants, these defendants respond to the allegations in Count IV out of an

22   abundance of caution, but without conceding that Count IV is directed at the Wilbur-Ellis

23   Defendants, if it was not intended to be directed at these defendants.  The Wilbur-Ellis

24   Defendants incorporate by reference their responses to paragraphs 1 through 161 in response to

25   paragraph 162 of plaintiffs' Complaint.

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01019-VC

163.   The Wilbur-Ellis Defendants deny the allegations in paragraph 163.  Additionally, the allegations in the last sentence in paragraph 163 set forth conclusions of law for which no response is required.

164.   Wilbur-Ellis Feed denies the allegations in paragraph 164.  Wilbur-Ellis Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 164 concerning the plaintiffs' claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 164 set forth conclusions of law for which no response is required.

165.   The allegations in paragraph 165 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants deny the allegations in Paragraph 165.

166.   The Wilbur-Ellis Defendants deny the allegations in paragraph 166.

167.   The Wilbur-Ellis Defendants deny the allegations in paragraph 167.

168.   The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 168 and therefore deny those allegations.

169.   The Wilbur-Ellis Defendants deny the allegations in paragraph 169.

170.   The Wilbur-Ellis Defendants deny the allegations in paragraph 170.

171.   The Wilbur-Ellis Defendants deny the allegations in paragraph 171.

In response to the allegations in the "WHEREFORE" paragraph following paragraph 171, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

172.   Although it is not clear from the Complaint whether Count V is directed at the Wilbur-Ellis Defendants, these defendants respond to the allegations in Count V out of an abundance of caution, but without conceding that Count V is directed at the Wilbur-Ellis Defendants, if it was not intended to be directed at these defendants.  The Wilbur-Ellis

Defendants incorporate by reference their responses to paragraphs 1 through 171 in response to paragraph 172 of plaintiffs' Complaint.

173.     The Wilbur-Ellis Defendants deny the allegations in paragraph 173.

174.     Wilbur-Ellis Feed denies the allegations in paragraph 174.  Wilbur-Ellis Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 174 concerning plaintiffs' claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 174 set forth conclusions of law for which no response is required from Wilbur-Ellis Company.

175.     Wilbur-Ellis Feed denies the allegations in paragraph 175.  Wilbur-Ellis Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 175 concerning plaintiffs' foreseeable use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 175 set forth conclusions of law for which no response is required from Wilbur-Ellis Company.

176.     The Wilbur-Ellis Defendants deny the allegations in paragraph 176.

177.     Wilbur-Ellis Feed denies the allegations in paragraph 177.  Wilbur-Ellis Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 177 and therefore denies those allegations.

178.     Wilbur-Ellis Feed denies the allegations in paragraph 178.  The allegations in paragraph 178 set forth conclusions of law for which no response is required from Wilbur-Ellis Company.

179.     Wilbur-Ellis Feed denies the allegations in paragraph 179.  The allegations in paragraph 179 set forth conclusions of law for which no response is required from Wilbur-Ellis Company.

180.     The allegations in paragraph 180 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent that a response from the Wilbur-Ellis Defendants is deemed required, the Wilbur-Ellis Defendants deny the allegations in paragraph 180.

1    181.    The Wilbur-Ellis Defendants deny the allegations in paragraph 181.

2    182.    The Wilbur-Ellis Defendants deny the allegations in paragraph 182.

3    183.    The Wilbur-Ellis Defendants deny the allegations in paragraph 183.

4    184.    Wilbur-Ellis Feed denies the allegations in paragraph 184.  Wilbur-Ellis Company

5   lacks information or knowledge sufficient to form a belief as to the truth of the allegations in

6   paragraph 184 regarding plaintiffs' reliance and therefore denies those allegations.  Wilbur-Ellis

7   Company denies the remaining allegations in paragraph 184.

8    185.    Wilbur-Ellis Feed denies the allegations in paragraph 185.  Wilbur-Ellis Company

9   lacks information or knowledge sufficient to form a belief as to the truth of the allegations in

10   paragraph 185 regarding reliance by plaintiffs and others and therefore denies those allegations.

11   Wilbur-Ellis Company denies the remaining allegations in paragraph 185.

12    186.    The Wilbur-Ellis Defendants deny the allegations in paragraph 186.

13    187.    The Wilbur-Ellis Defendants deny the allegations in paragraph 187.

14    188.    The Wilbur-Ellis Defendants deny the allegations in paragraph 188.

15    189.    The Wilbur-Ellis Defendants deny the allegations in paragraph 189.

16    190.    The Wilbur-Ellis Defendants deny the allegations in paragraph 190.

17    In response to the allegations in the "WHEREFORE" paragraph following paragraph

18   190, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against

19   plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that the Wilbur-Ellis

20   Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such

21   further and additional relief as this Court may deem just and proper.

22    191.    The Wilbur-Ellis Defendants incorporate by reference their responses to

23   paragraphs 1 through 190 in response to paragraph 191 of plaintiffs' Complaint.

24    192.    The Wilbur-Ellis Defendants deny the allegations in paragraph 192.

25    193.    The Wilbur-Ellis Defendants deny the allegations in paragraph 193.

26    194.    The Wilbur-Ellis Defendants deny the allegations in paragraph 194.

27    195.    The Wilbur-Ellis Defendants deny the allegations in paragraph 195.

28

196.    The Wilbur-Ellis Defendants deny the allegations in paragraph 196.

197.    The Wilbur-Ellis Defendants deny the allegations in paragraph 197.

198.    The Wilbur-Ellis Defendants deny the allegations in paragraph 198.

199.    The Wilbur-Ellis Defendants deny the allegations in paragraph 199.

200.    The Wilbur-Ellis Defendants deny the allegations in paragraph 200.

201.    The Wilbur-Ellis Defendants deny the allegations in paragraph 201.

In response to the "WHEREFORE" paragraph following paragraph 201, the Wilbur-Ellis Defendants demands that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," the Wilbur-Ellis Defendants deny that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against the Wilbur-Ellis Defendants upon which relief can be granted.

2.    Venue is or may be inconvenient for some or all of plaintiffs' claims.

3.    Plaintiffs' claims against the Wilbur-Ellis Defendants are improperly joined and should be severed.

4.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5.      Any alleged negligent or culpable conduct of the Wilbur-Ellis Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

6.      Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.      Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.      Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.      Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.      Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.      Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

12.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

13.     Applicable statutes of limitations and/or repose bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

14.     Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

15.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which the Wilbur-Ellis Defendants are neither liable nor responsible or, in the alternative, the Wilbur-Ellis Defendants are entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by the Wilbur-Ellis Defendants.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

16.     The Wilbur-Ellis Defendants had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to the Wilbur-Ellis Defendants.

17.     The Wilbur-Ellis Defendants made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which the Wilbur-Ellis Defendants specifically deny, then plaintiffs failed to give notice of any breach thereof.

18.     Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive, aggravated, and/or treble damages are barred because such an award would violate the Wilbur-Ellis Defendants' due process, equal protection and other rights under the United States Constitution, the California Constitution, the Missouri Constitution, and/or other applicable state constitutions.

20.     Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive, aggravated, and/or treble damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under California, Missouri, and/or other applicable state laws.

21.     Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive, aggravated, and/or treble damages are barred and/or limited by operation of state and/or federal law, including Missouri Revised Statute § 510.265.1.

22.     The Wilbur-Ellis Defendants' conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiffs and/or the safety of the public.  Nor do any of the Wilbur-Ellis Defendants' conduct and/or acts demonstrate that the Wilbur-Ellis Defendants acted with a high degree of moral culpability.  In fact, the Wilbur-Ellis Defendants exercised reasonable care at all times alleged in the Complaint, and plaintiffs have failed to clearly establish any entitlement to punitive, aggravated, and/or treble damages based on their allegations.

23.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

24.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in part by plaintiffs' own failure to mitigate damages.

25.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in part by the sophisticated user doctrine.

26.     To the extent that plaintiffs recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute § 490.715.

27.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a product distributed or sold by the Wilbur-Ellis Defendants.

28.     Plaintiffs' claims against Wilbur-Ellis Feed are barred because Wilbur-Ellis Feed has never designed, manufactured, distributed, or sold Roundup®-branded herbicides (or any other herbicides).

1

29.     Wilbur-Ellis Feed did not come into existence as a company until September

2

2015, so any plaintiff whose alleged exposure to Roundup®-branded herbicides ended before

3

September 2015 does not have viable claims against Wilbur-Ellis Feed.

4

30.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred or limited to the

5

extent that plaintiffs assert claims that are governed by the laws of a state that does not

6

recognize, or limits, such claims.

7

31.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred to the extent that

8

plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

9

32.     The Wilbur-Ellis Defendants hereby give notice that they intend to rely upon such

10

other defenses as may become available or apparent during the course of discovery and thus

11

reserve their right to amend this Answer to assert such defenses.

12

**WHEREFORE**, the Wilbur-Ellis Defendants demands judgment in their favor and

13

against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit

14

and such other relief as the Court deems equitable and just.

15

## <u>JURY TRIAL DEMAND</u>

16

The Wilbur-Ellis Defendants demand a jury trial on all issues so triable.

17

DATED:  March 4, 2019                                    Respectfully submitted,

18

19

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)

20

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)

21

HOLLINGSWORTH LLP
1350 I Street, N.W.

22

Washington, DC  20005
Telephone:  (202) 898-5800

23

Facsimile:   (202) 682-1639

24

Attorneys for Defendants WILBUR-ELLIS
COMPANY LLC and WILBUR-ELLIS FEED,

25

LLC

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01019-VC