

**Aimee H. Wagstaff, Esq.**
*Licensed in Colorado and California*
Aimee.Wagstaff@AndrusWagstaff.com

7171 W. Alaska Drive
Lakewood, CO 80226
Office: (303) 376-6360
Fax: (303) 376-63614
Website: www.AndrusWagstaff.com

March 7, 2019

**FILED VIA ECF**
Honorable Vince Chhabria
United States District Court,
Northern District of California

      RE: Case No: 3:16-md-02741-VC, In re Roundup Products Liability Litigation

To the Honorable Vince Chhabria:

      On Monday, March 4, 2019, this Court correctly held that Dr. Arber should be precluded from offering opinions that are contrary to those expressed in his original report and supplemental report. Specifically, the Court held that Dr. Arber could not "offer an opinion that the pathology results hinted at Hepatitis C" as that is directly contrary to what he stated in both of his reports. [Tr. 3/4/19, 922:5:16.] Despite this ruling, Monsanto is once again attempting to elicit such testimony from Dr. Arber, erroneously claiming that Dr. Weisenburger opened the door. Such is not the case. Dr. Weisenburger's testimony provides no basis to revisit this Court's ruling from three days ago.

      Monsanto is now asking the Court to allow Dr. Arber to suggest, by implication, that Mr. Hardeman's lymphoma was *caused* by the Hepatitis C virus ("HCV") based upon the pathology. This opinion is directly contrary to the opinions Dr. Arber offers in both of his reports. In fact, the opinion Dr. Arber offers in his reports is unequivocal: "there are ***no pathological features to suggest a cause*** of [Mr. Hardeman's] lymphoma." (Arber Rep. at 5; emphasis added.) Dr. Arber confirmed this opinion in his supplemental report; "[Mr. Hardeman's] lymphoma shows ***no unusual features that would distinguish it from any other diffuse large B-Cell lymphoma***, and there are ***no features that would suggest a specific cause for his lymphoma***." (Arber Sup. Rep. at 1; emphasis added.) Accordingly, Monsanto's attempt to backdoor in a new opinion must be denied because (1) Dr. Arber may not offer a new opinion that is directly contrary to the opinions he previously offered in both reports; and (2) nothing about Dr. Weisenburger's testimony opened the door to the opinions Monsanto seeks to elicit from Dr. Arber.

      To be clear, Plaintiff does not dispute that Dr. Arber may testify that HCV may have caused abnormal cells and that some of those abnormal cells may have remained in Mr. Hardeman's body after antiviral therapy. But Monsanto's letter brief suggests that Dr. Arber will go far beyond this rebuttal and will testify that the pathology proves this, implying that HCV is the likely cause of Mr. Hardeman's NHL because of the presence of BLC6 translocations. To allow such testimony would directly conflict with Dr. Arber's stated opinions in his reports where he specifically stated that the pathology does not identify a specific cause. (*See* Arber

Rep. at 5 ¶ 25; Arber Sup. Rep at 1.) In fact, Dr. Arber states in his supplemental report that "FISH studies (which includes the BCL6 translocation) are diagnostic of diffuse large B-Cell lymphoma, *not otherwise specified*." *Id.* In other words, Dr. Arber's opinion is that the mBCL6 translocations demonstrates that Mr. Hardeman had DLBCL but otherwise is a non-specific finding and does not provide any other basis for determining a cause of Mr. Hardeman's NHL. He goes on to write that that the pathology shows "no features that would suggest a specific cause for this lymphoma." *Id.* And, because Dr. Arber's disclosed opinion is unambiguously contrary to the one Monsanto now seeks to offer, the Court should not disturb its previous ruling and should deny Monsanto's request accordingly.

Here, there is no dispute that Mr. Hardeman was diagnosed with NHL and that Mr. Hardeman's pathology report was positive for BCL6. In fact, Dr. Weisenburger testified at his *Daubert* hearing that the BCL6 rearrangement was present in Mr. Hardeman's pathology but that BCL6 is not associated with *any* cause of NHL—an opinion plainly consistent with his opinion at trial and Dr. Arber's opinions. (*See* Exh. A, Excerpt of Weisenburger Daubert Trans at 403:5-7 ("There is no characteristic, genetic abnormality that has been attributed to Roundup. BCL6 mutation or rearrangement is a very common finding in diffuse B-cell lymphomas.").)

Moreover, Dr. Weisenburger did not testify about the BCL6 translocation on direct or cross. In fact, BCL6 translocation never appears in any of the testimony. Like Dr. Arber, Dr. Weisenburger clearly testified that there is no marker (or feature) in the pathology to identify a cause of Mr. Hardeman's NHL. Nevertheless, Monsanto argues that Dr. Weisenburger's testimony about a different translocation—the 14;18 translocation (*see* Tr. at 1206:12-18)—somehow opens the door to a new opinion by Dr. Arber. It does not.

Finally, the three articles cited by Monsanto in support of Dr. Arber being allowed to offer this new opinion were not identified as articles Dr. Arber relied upon in forming his opinions in this case. (*See* Dkt. 2934, Exhibits B, C, and D.) Instead, Exhibits B and C were added to his reliance list on Friday, March 1, 2019. This is further proof that the testimony Monsanto is attempting to elicit is nothing more than a backdoor attempt to have Dr. Arber offer new opinions that are contrary to his disclosed ones and should not be allowed.

Dated: March 7, 2019                Respectfully submitted,

                                    /s/ Aimee H. Wagstaff
                                    Aimee H. Wagstaff, Esq.
                                    ANDRUS WAGSTAFF, PC
                                    7171 W. Alaska Dr.
                                    Lakewood, CO 80226
                                    Email: aimee.wagstaff@andruswagstaff.com

                                    and

                                    Jennifer A. Moore, Esq. (SBN 206779)
                                    MOORE LAW GROUP, PLLC

1473 South 4th Street
Louisville, KY  40208
Email:  jennifer@moorelawgroup.com

3