**THE MILLER FIRM, LLC**
**Michael J. Miller, Esq. (VSB# 19171)**
**The Miller Firm LLC**
**108 Railroad Avenue**
**Orange, VA 22960**
**Phone:  540-672-4224**
**Fax:  540-672-3055**
**mmiller@millerfirmllc.com**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to :<br><br>Tracy Magee, Cause No. 3:17-cv-05547-VC (N.D. Cal)<br><br>John Otts, Cause No. 3:17-cv-02142-VC<br><br>Deanna Gelder, Cause No. 3:18-cv-00815-VC<br><br>Mark Hanson, Cause No. 3:18-cv-00815-VC | |

**RESPONSE IN OPPOSITION TO MONSANTO'S MOTION TO DISMISS WITH PREJUDICE & REQUEST FOR ADDITIONAL TIME TO FILE PLAINTIFF'S FACT SHEETS**

Counsel for above referenced Plaintiffs file this Response to Defendant Monsanto's Motion to Dismiss with Prejudice for failure to submit Plaintiff Fact Sheets ("PFS").

Monsanto is in effect filing a motion to dismiss for lack of prosecution. A dismissal for failure to prosecute under Fed. R. Civ. P. 41(b) is a "'sanction of last resort, applicable only in extreme circumstances.'" *Navarro v. Cohan*, 109 F.R.D. 86, 88 (S.D. Fla. 1985) (quoting *State*

*Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Before granting a Rule 41(b) motion, the Court must find that there has been a "'clear record of delay or willful contempt'" by the Plaintiff. *Id*. (quoting *Hildebrand v. Honeywell, Inc*., 622 F.2d 179, 181 (5th Cir. 1980)). Courts have recognized that the delay or misconduct must be severe to warrant dismissal under Rule 41(b) and that the "[m]ere lapse of time does not warrant dismissal when the plaintiff has been diligent throughout; speed simply for the sake of speed is not the purpose to be served." *Cherry v. Brown-Frazier-Whitney*, 548 F.2d 965, 969 (D.C. Cir. 1976).

Here, Plaintiff's counsel have gone above and beyond diligence throughout the PFS process. Plaintiff's counsel have worked diligently to obtain the information necessary to serve the above referenced Plaintiff's PFSs on Monsanto. However, due to reasons outside of the control of Plaintiff's counsel, they have not been able to obtain this information yet or serve a completed PFS on Monsanto at this time. In Plaintiff counsel's experience, some Plaintiffs do not fully understand the necessity of working with counsel to complete a PFS for many months. Here, additional time would likely result in the completion of the PFSs for the four referenced Plaintiffs.

Furthermore, Monsanto will not be prejudiced by granting additional time to Plaintiffs to complete their PFSs. From Plaintiff's counsel alone, Monsanto has been served with over two-hundred and forty PFSs and granting an extension for the four listed Plaintiffs above would not cause any delay with this MDL's momentum. On the flip side, dismissal with prejudice would severely prejudice Plaintiffs.

In light of the fact that Monsanto would not be prejudiced by extending the time to serve PFSs for the above referenced Plaintiffs and that dismissal would greatly prejudice Plaintiffs, this Court should deny Monsanto's Motion to Dismiss and grant Plaintiffs additional time to serve a PFS on Monsanto.

Dated: Friday, March 08, 2019

                THE MILLER FIRM, LLC

                /s/ Michael J. Miller
                Michael J. Miller, Esq.
                (VSB# 19171)
                The Miller Firm LLC
                108 Railroad Avenue
                Orange, VA 22960
                Phone:  540-672-4224
                Fax:  540-672-3055
                mmiller@millerfirmllc.com

                *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on Friday, 08 March 2019, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

                /s/Michael J. Miller