# EXHIBIT 10

| Plaintiffs' Affirmative Designations | | | | |
|---|---|---|---|---|
| Cite | Exhibits | Monsanto's Objections | Monsanto's Counters | Plaintiffs' Responses to Objections |
| Gould 01/13/2018 | | | | |
| 14:06-23 | | | | relevant background info |
| 16:16-22 | | | 15:9-18; 17:13-18:18; 19:15-23. | relevant background info |
| 23:10-15 | | 403; vague, lacks foundation (23:10-15). | | relevant background, personal knowledge |
| 23:18-20 | | 403 | | relevant, personal knowledge |
| 23:22-23 | | 403 | | relevant, party admission,personal knowledge |
| 24:1 | | 403 | | 801, 803 exceptions apply, 403 probative value not outweighed |
| 57:14-25 | | 403; object to use of Exhibit 5 as it is related to Proposition 65 litigation and references to Proposition 65 are excluded pursuant to Monsanto's MIL 8 and PTO 81; lacks foundation (57:14-25); Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | relevant to punitives and deterriing future wrongful conduct, Plaintiff will not show exhibit |
| 58:04-09 | | 403; object to use of Exhibit 6 as it is a document regarding Proposition 65 and references to Proposition 65 are excluded pursuant to Monsanto's MIL 8 and PTO 81,  lacks foundation, prejudicial, argumentative; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct.  The portions of Exhibit 6 written by Mr. Fernald are hearsay. | | relevant to punitives and deterriing future wrongful conduct, Plaintiff will not show exhibit |
| 58:20-59:06 | 6 | 403; object to use of Exhibit 6 as it is a document regarding Proposition 65 and references to Proposition 65 are excluded pursuant to Monsanto's MIL 8 and PTO 81; hearsay; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | relevant to punitives and deterriing future wrongful conduct, Plaintiff will not show exhibit |
| 59:22-60:02 | | 403; object to use of Exhibit 6 as it is a document regarding Proposition 65 and references to Proposition 65 are excluded pursuant to Monsanto's MIL 8 and PTO 81; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. The portions of Exhibit 6 written by Mr. Fernald are hearsay. | | relevant to punitives and deterriing future wrongful conduct, Plaintiff will not show exhibit |
| 60:07-14 | | 403; vague | | 403 probative value not outweighed |

| | | | | |
|---|---|---|---|---|
| 60:24-62:16 | | 403; object to use of Exhibit 6 as it is a document regarding Proposition 65 and references to Proposition 65 are excluded pursuant to Monsanto's MIL 8 and PTO 81; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. The portions of Exhibit 6 written by Mr. Fernald are hearsay. | | 403 probative value not outweighed; relevant to punitives, deterring future wrongful conduct |
| 63:02-16 | | 403; object to use of Exhibit 6 as it is a document regarding Proposition 65 and references to Proposition 65 are excluded pursuant to Monsanto's MIL 8 and PTO 81; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. The portions of Exhibit 6 written by Mr. Fernald are hearsay. | | 403 probative value not outweighed; relevant to punitives, deterring future wrongful conduct |
| 63:18-64:04 | | 403; object to use of Exhibit 6 as it is a document regarding Proposition 65 and references to Proposition 65 are excluded pursuant to Monsanto's MIL 8 and PTO 81; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | 403 probative value not outweighed; relevant to punitives, deterring future wrongful conduct |
| 86:01-05 | | | | |
| 86:06-10 | | | | |
| 86:11-12 | 12 | 403; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | 403 probative value not outweighed; relevant to punitives, deterring future wrongful conduct |
| 86:15-86:20 | | 403; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | 403 probative value not outweighed; relevant to punitives, deterring future wrongful conduct |
| 87:01-12 | | 403; Exhibit/ testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | 403 probative value not outweighed; relevant to punitives, deterring future wrongful conduct |
| 87:15-17 | | 403; Exhibit/ testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | 403 probative value not outweighed; relevant to punitives, deterring future wrongful conduct |
| 87:19-88:03 | | 403; Exhibit/ testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct | | 403 probative value not outweighed; relevant to punitives, deterring future wrongful conduct |
| 88:05-17 | | 403; Exhibit/ testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct | | 403 probative value not outweighed; relevant to punitives, deterring future wrongful conduct |

| | | | |
|---|---|---|---|
| 88:18-89:02 | | 403; Exhibit/ testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; Per PTO 81, the "Court will revisit how the evidence surrounding IARC's classification may be used during Phase 2 of the trial." See PTO 81 at 1. Monsanto objects to any testimony about IARC because the IARC decision post-dates Mr. Hardeman's Roundup use. Moreover, to the extent that the Court allows evidence of IARC to be admitted, then post-2012 evidence of foreign regulatory decisions must also be admitted to demonstrate the reasonableness of Monsanto's actions with respect to the Roundup warning in light of the existing science. In sum, the same standard should be applied to the IARC classification and all regulatory decisions, including EPA and foreign ones. | | 403 probative value not outweighed; relevant to punitives, deterring future wrongful conduct; non-hearsay and/or offered under hearsay exception |
| 89:03-11 | | 403; Exhibit/ testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; argumentative | | 403 probative value not outweighed; relevant to punitives, deterring future wrongful conduct |
| 89:13-16 | | 403; Exhibit/ testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct | | 403 probative value not outweighed; relevant to punitives, deterring future wrongful conduct |
| 89:17-24 | | 403; Exhibit/ testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct | | 403 probative value not outweighed; relevant to punitives, deterring future wrongful conduct |
| 90:02-08 | | 403; Exhibit/ testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; Per PTO 81, the "Court will revisit how the evidence surrounding IARC's classification may be used during Phase 2 of the trial." See PTO 81 at 1. Monsanto objects to any testimony about IARC because the IARC decision post-dates Mr. Hardeman's Roundup use. Moreover, to the extent that the Court allows evidence of IARC to be admitted, then post-2012 evidence of foreign regulatory decisions must also be admitted to demonstrate the reasonableness of Monsanto's actions with respect to the Roundup warning in light of the existing science. In sum, the same standard should be applied to the IARC classification and all regulatory decisions, including EPA and foreign ones. | | 403 probative value not outweighed; relevant to punitives, deterring future wrongful conduct; non-hearsay/offered for effect on witness |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |