# EXHIBIT 13

| Plaintiffs' Affirmative Designations | | | | | | |
|---|---|---|---|---|---|---|
| Cite | Exhibits | Monsanto's Objections | Monsanto's Counters | Plaintiffs' Responses to Objections | Plaintiffs' Objections to Counters | Monsanto's Responses to Objections |
| Grant 02/04/2019 | | | | | | |
| 7:12-15 | | | | Standard deposition introductory questions | | |
| 8:7-16 | | | | Standard depostion background, employment questions | | |
| 9:5-12 | | | | | | |
| 10:1-5 | | | | | | |
| 13:20-14:12 | | 403; hypothetical; Calls for speculation (13:20-24); Vague (13:20-24); Lacks foundation (13:20-24) | | not irrelevant, prejudicial, speculative or vague for Phase 2--relates to duty to warn per former Monsanto CEO | | |
| 17:17-20 | | lacks foundation | 18:3-17 | Agree to withdraw in Phase 1, not irrelevant, prejudicial, speculative or vague for Phase 2--relates to duty to warn per former Monsanto CEO | Irrelevant to Phase 1; not needed as counter plaintiffs don't introduce it in Phase 1. As for Phase 2, it is irrelevant and addresses foreign regulatory conclusions | If affirmative designation is admitted in phase 2, then counter is relevant to affirmative designation to provide context to Mr. Grant's answer, and does not violate PTO 81 regarding foreign regulatory decisions since it discusses foreign regulatory positions that were in effect at the time plaintiff used Roundup |
| 17:24-18:1 | | 403 | | any prejudice outweighed by probative value | | |
| 19:16-20:1 | | 403; testimony regarding "doubling the risk" should be excluded in accordance with PTO 85 as inaccurate and misleading; hypothetical; calls for expert opinion; calls for speculation; lacks foundation | | relevant to Phase 2 as it relates to the former CEO view of Monsanto's duty to warn.  It is not prejudicial or speculative to ask the former CEO questions related to Monato's duty to warn; foundaton was laid by prior questioning and is not beyond the former CEO's personal experience and is permissible per Rule 702 | | |
| 20:4-20:13 | | 403; calls for speculation | | relevant to Phase 2 as it relates to the former CEO view of Monsanto's duty to warn.  It is not prejudicial or speculative to ask the former CEO questions related to Monato's duty to warn; foundaton was laid by prior questioning and is not beyond the former CEO's personal experience and is permissible per Rule 702 | | |
| 26:20-27:6 | | 403; Calls for speculation; Excluded pursuant to MIL 4.2 | 28:1-7 | relevant to Phase 2 punitive damages; it is not prejudicial and calls for the Monsanto's CEO understanding and recollection of Monsanto's approximate income under his watch | No objection to counter assuming the preceding plaintiff designations are presented to the jury. | |
| 28:24-29:21 | | 403; Excluded pursuant to MIL 5.2 and misstates the testimony (29:6);  calls for expert opinion, cumulative of issues presented in phase 1 | |  relevant to Phase 2, and if Monsanto opens the  door or the MIL 5.2 ruling is changed, it would relate to Monsanto's ability and capacity to undertake roundup induced NHL epidemiology studies; its probative value outweighs any conceived prejudice and it is not speculative or argumentative--it simply asks for Monsanto's former CEO's awareness of the epi studies Monsanto conducted; questions pertaining to finance do not call for expert opinion | | |
| 30:1-4 | 3 | 403; calls for expert opinion, cumulative of issues presented in phase 1 | |  relevant to Phase 2, and if Monsanto opens the  door or the MIL 5.2 ruling is changed, it would relate to Monsanto's ability and capacity to undertake roundup induced NHL epidemiology studies; its probative value outweighs any conceived prejudice and it is not speculative or argumentative--it simply asks for Monsanto's former CEO's awareness of the epi studies Monsanto conducted; questions pertaining to finance do not call for expert opinion | | |
| 40:16-23 | | 403; assumes facts not in evidence; vague; argumentative; misstates the record | 243:20-244:21 |  relevant to Phase 2 as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage | No objection if the plaintiff's corresponding designations are presented. | |
| 41:5-8 | | 403 | |  relevant to Phase 2 as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage | | |
| 43:1-44:4 | | 403; calls for speculation (43:1-16); misstates the record (43:17-20); hearsay (exhibit 4); Exhibit 4/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | 41:5-8; 243:20-244:21 |  relevant to Phase 2 as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA ; concerns actions taken during relevant time period; non-hearsay; Monsanto's stance on scientific evidence is relevant | No objection if the plaintiff's corresponding designations are presented. | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 44:10-19 | 4 | 403; hearsay; Exhibit 4/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | 243:20-244:21 | relevant to Phase 2 as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage; non-hearsay; Monsanto's stance on scientific evidence is relevant | No objection if the plaintiff's corresponding designations are presented. | |
| 45:6-20 | 4 | 403; hearsay; Exhibit 4/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | 243:20-244:21 | relevant to Phase 2 as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage; Monsanto's stance on scientific evidence is relevant | No objection if the plaintiff's corresponding designations are presented. | |
| 46:7-11 | 4 | 403; assumes facts not in evidence; vague; argumentative; misstates the record | | relevant to Phase 2 as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage | | |
| 46:14-47:15 | 5 | 403; hearsay (47:1-15 and Exhibit 5) | | relevant to Phase 2 as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage; Non-hearsay, offered for effect | | |