EXHIBIT 14

**Plaintiffs' Affirmative Designations**

| Cite | Monsanto's Objections | Monsanto's Counters | Plaintiffs' Responses to Objections | Plaintiffs' Objections to Counters | Plaintiffs' Counter-Counters | Monsanto's Responses to Objections | Monsanto's Objections to Counter-Counters |
|---|---|---|---|---|---|---|---|
| **Kier 02/05/2019** | | | | | | | |
| 7:24-8:1 | | | | | | | |
| 7:24-8:2 | | | | | | | |
| 12:21-22 | Irrelevant 403 | | Relevant to bias | | | | |
| 27:14-28:6 | Irrelevant to issues to be tried in Phase 2. | | Relevant to both phases. Relevant to establishing (1) that different formulations have different toxicological profiles and (2) that glyphosate and Roundup are not one in the same | | | | |
| 29:22-23 | Irrelevant to issues to be tried in Phase 2; CV is hearsay | | Relevant to foundation. Establishes Kier's history with Monanto, background at company, and expertise in field of genotoxicology. | | | | |
| 30:1-4 | Irrelevant to issues to be tried in Phase 2; CV is hearsay | | Relevant to establishing Kier's qualifications as an expert and person most knowledgable at Monsanto compay regarding gentotoxicity of glyophsate during period when Hardeman used roundup | | | | |
| 35:5-36:12 | Irrelevant to issues to be tried in Phase 2. | | Relevant to establishing Kier's qualifications as an expert and person most knowledgable at Monsanto compay regarding gentotoxicity of glyophsate during period when Hardeman used roundup | | | | |
| 43:23-44:10 | Irrelevant to issues to be tried in Phase 2; improper expert testimony. | | Relevant to establishing Kier's background  qualifications. FRE 701, Kier  most knowledgable at Monsanto compay regarding gentotoxicity of glyophsate during period when Hardeman used roundup | | | | |
| 47:3-9 | Irrelevant to issues to be tried in Phase 2; Prejudice/403 | 248:10-19 | relevant to background/foundation | Irrelevant, waste of time, prejudicial | | Relevant and provides context to plaintiffs' affirmative designation, factors in FRE 403 do not outweigh probative value of testimony | |
| 51:9-21 | Irrelevant to issues to be tried in Phase 2. | | Relevant to establishing Kier's qualifications as an expert and person most knowledgable at Monsanto compay regarding gentotoxicity of glyophsate during period when Hardeman used roundup | | | | |
| 56:2-3 | Irrelevant to issues to be tried in Phase 2; 403 | | relevant both phases (discussing scientific publication) | | | | |
| 56:8-16 | Vague; 403 | | relevant to both phases (genotoxicity), relevant to liability, | | | | |
| 57:4-58:5 | Vague; 403 | | relevant to both phases, relevant to ghostwriting | | | | |
| 60:7-10 | 403 | 59:21-60:7 | relevant both phases (discussing scientific publication), relevant ghostwriting | | | | |
| 63:8-10 | Lacks foundation 403 | 63:11-13 | Any prejudice outweighed by probative value; Witness prevously testified to years of scientific work and author of many scientific publications | | | | |
| 64:1-12 | Lacks foundation 403 | | Any prejudice outweighed by probative value; Witness prevously testified to years of scientific work and author of many scientific publications | | | | |
| 72:3-8 | Irrelevant to issues to be tried in Phase 2 403 Vague | 73:8-11 | Relevant to establishing bias with respect to genotoxicity publications & opinions; any prejudice outweighed by probative value. | | | | |
| 77:1-5 | Calls for speculation; improper opinion testimony; vague; lacks foundation; 403 | | Witness has first hand knowledge; Witness previoulsy laid foundation that he was (1) involved in designing testing protocols; (2) person most knowledgeable about genotoxicity of glyophsate and GBFs at Monsanto; Any prejudice outweighed by probative value | | | | |
| 77:8-77:21 | Calls for speculation; vague; 403 | | Witness has first hand knowledge; Witness previoulsy laid foundation that he was (1) involved in designing testing protocols; (2) person most knowledgeable about genotoxicity of glyophsate and GBFs at Monsanto; Any prejudice outweighed by probative value | | | | |
| 79:3-15 | Misstates the record (79:3-6); vague (79:3-6); 403 (79:3-6) | | nothing misrepresented | | | | |
| 79:22-24 | Irrelevant to issues to be tried in Phase 2 Assumes facts not in evidence 403 Vague | | probative value outweighs prejudice, relevant to impeachment (documents establish witness did participate genotoxicity defense) | | | | |
| 80:2-10 | Irrelevant to issues to be tried in Phase 2 Assumes facts not in evidence 403 Vague | | relevant to both phases (genotoxicity), relevant as impeachment), probative value outweighs any prejudice | | | | |
| 80:13-81:13 | | | relevant both phases (genotoxicity), witness was at meeting, has personal knowledge, non-hearsay and/or offered under hearsay exception | | | | |
| 82:9-16 | Vague | | relevance is obvious for both phases (establishing genotoxicity credentials) | | | | |
| 83:10-24 | Lacks foundation; calls for speculation | | witness has knowledge; foundation proper | | | | |
| 84:7-15 | Lacks foundation; calls for speculation | | witness has knowledge; foundation proper | | | | |
| 87:4-13 | Calls for expert testimony Calls for speculation Lacks personal knowledge | | FRE 701; Witness was at meeting and would therefore have personal knowledge; question concerns what phrase means to witness at present time | | | | |
| 93:6-21 | Vague; 403; calls for expert testimony | | FRE 701; | | | | |
| 94:5-14 | Vague; 403; calls for expert testimony; calls for speculation | | FRE 701; any prejudice outweighed by probative value; witness has personal knowledge | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 94:23-95:10 | Vague; 403; calls for expert testimony; calls for speculation | | FRE 701; any prejudice outweighed by probative value; witness has personal knowledge | | | | |
| 97:11-98:10 | Vague; 403; calls for expert testimony; calls for speculation. Mistakes the testimony and the evidence (98:4-10) | 98:11-15; 135:9-15 | relevant to both phases (genotoxicity), probative value outweighs any prejudice, witness was person most knowledge at Monsanto company about genotoxicity | 135:9-15; confusing, waste of time, witness' testimony makes clear that "typical formulations" are only those formulations Monsanto has tested | | Relevant and provides context to plaintiffs' affirmative designations, factors in FRE 403 do not outweigh probative value of testimony | |
| 99:21-100:5 | Calls for speculation. Lacks personal knowledge | | relevant to both phases (genotoxicity), probative value outweighs any prejudice, non-hearsay and/or offered for non-hearsay purpose, witenss has personal knowledge and was at meeting | | | | |
| 107:17-108:7 | Vague; Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | 107:4-11 | Parry relevant to phase 2, documents establish that Kier directly involved in Parry story; question of fact for the jury about Kier's inluence on and contact with Parry; any prejudice outweighed by probative value | | | | |
| 108:17-20 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | | Parry relevant to phase 2, documents establish that Kier directly involved in Parry story; question of fact for the jury about Kier's inluence on and contact with Parry; any prejudice outweighed by probative value | | | | |
| 109:16-110:3 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | | Parry relevant to phase 2, documents establish that Kier directly involved in Parry story; question of fact for the jury about Kier's inluence on and contact with Parry; any prejudice outweighed by probative value | | | | |
| 110:20-111:1 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | | Parry relevant to phase 2, documents establish that Kier directly involved in Parry story; question of fact for the jury about Kier's inluence on and contact with Parry; any prejudice outweighed by probative value | | | | |
| 111:16-24 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | 114:10-17; 115:10-116:15 | Parry relevant to phase 2, documents establish that Kier directly involved in Parry story; question of fact for the jury about Kier's inluence on and contact with Parry; any prejudice outweighed by probative value | waste of time | | | |
| 116:20-118:15 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. Assumes facts not in evidence (118:14-15) | | relevant to genotoxicity, liability, prejudice outweighed by probative value, non-hearsay or offered under hearsay exception | | | | |
| 118:17-119:6 | Vague; 403 Lacks foundation (119:3-6) Assumes facts not in evidence (119:3-6) | | relevant to genotoxicity, liability, prejudice outweighed by probative value, | | | | |
| 119:9 | Vague; 403 | | relevant to genotoxicity and liability, any prejudice outweighed by probative value | | | | |
| 135:9-15 | Calls for an expert opinion. Irrelevant to issues to be tried in Phase 2 | | FRE 701, person most knowledgeable at monsanto on genotoxicity | | | | |
| 136:4-136:21 | 403; Exhibit is hearsay | | exhibit offered as non-hearsay and or falls under hearsay exception | | | | |
| 137:7-137:22 | 403; Hearsay | 64:17-22; 135:9-15; 244: 21-246:16 | record not misstated | 135:9-15  403 - Prejudicail and confusing | 252:4-17 | Not prejudicial or confusing - counter-designation responds to same point being made by affirmative designation and provides context and Dr. Kier's opinion regarding affirmative designation; factors in FRE 403 do not outweigh probative value of testimony | Confusing and prejudicial; cumulative to already designated affirmative testimony |
| 138:8-12 | 403; Hearsay | 64:17-22; 135:9-15; 244: 21-246:16 | record not misstated; offered as non-hearsay and/or falls under hearsay exception | 135:9-15  403 - Prejudicail and confusing | 252:4-17 | Not prejudicial or confusing - counter-designation responds to same point being made by affirmative designation and provides context and Dr. Kier's opinion regarding affirmative designation; factors in FRE 403 do not outweigh probative value of testimony | Confusing and prejudicial; cumulative to already designated affirmative testimony |
| 139:16-140:3 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | | Parry relevant to phase 2, documents establish that Kier directly involved in Parry story; question of fact for the jury about Kier's inluence on and contact with Parry; any prejudice outweighed by probative value | | | | |
| 141:1-6 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | | Parry relevant to phase 2, documents establish that Kier directly involved in Parry story; question of fact for the jury about Kier's inluence on and contact with Parry; any prejudice outweighed by probative value | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 141:9-11 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | 141:12-14 | Parry relevant to phase 2, documents establish that Kier directly involved in Parry story; question of fact for the jury about Kier's inluence on and contact with Parry; any prejudice outweighed by probative value | | | | |
| 142:15-22 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | | Parry relevant to phase 2, documents establish that Kier directly involved in Parry story; question of fact for the jury about Kier's inluence on and contact with Parry; any prejudice outweighed by probative value | | | | |
| 143:4-143:21 | Calls for speculation; lacks foundation; calls for expert testimony | 241:20-244:1 | witness has personal knowledge, FRE 701 | 403/confusion | 251:17-253:3 | Not prejudicial or confusing - counter-designation responds to same point being made by affirmative designation and provides context and Dr. Kier's opinion regarding affirmative designation; factors in FRE 403 do not outweigh probative value of testimony | Confusing and prejudicial; cumulative to already designated affirmative testimony |
| 145:10-146:19 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier.  The Kier & Kirkland article is hearsay. | 241:20-244:1 | Parry relevant to phase 2, documents establish that Kier directly involved in Parry story; question of fact for the jury about Kier's inluence on and contact with Parry; any prejudice outweighed by probative value | 403/confusion | 251:17-253:3 | Not prejudicial or confusing - counter-designation responds to same point being made by affirmative designation and provides context and Dr. Kier's opinion regarding affirmative designation; factors in FRE 403 do not outweigh probative value of testimony | Confusing and prejudicial; cumulative to already designated affirmative testimony |
| 150:16-22 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | | Parry relevant to phase 2, documents establish that Kier directly involved in Parry story; question of fact for the jury about Kier's inluence on and contact with Parry; any prejudice outweighed by probative value | | | | |
| 150:24-151:2 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | | Parry relevant to phase 2, documents establish that Kier directly involved in Parry story; question of fact for the jury about Kier's inluence on and contact with Parry; any prejudice outweighed by probative value | | | | |
| 151:11-24 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier.  This portion also calls for speculation and lacks foundation since Dr. Kier is being asked about an email he did not write or receive. | | Parry relevant to phase 2, documents establish that Kier directly involved in Parry story; question of fact for the jury about Kier's inluence on and contact with Parry; any prejudice outweighed by probative value | | | | |
| 152:3-14 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | | Parry relevant to phase 2, documents establish that Kier directly involved in Parry story; question of fact for the jury about Kier's inluence on and contact with Parry; any prejudice outweighed by probative value | | | | |
| 152:16-153:5 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | | Parry relevant to phase 2, documents establish that Kier directly involved in Parry story; question of fact for the jury about Kier's inluence on and contact with Parry; any prejudice outweighed by probative value | | | | |
| 161:16-162:16 | | 237:10-238:17; 249:6-19 | | | 89:5-17 | | Irrelevant to affirmative designation and counter designation as counter-counter refers to different topic and exhibit; prejudicial - witness does not recall meeting and did not author document, lacks personal knowledge and calls for speculation |
| 163:2-164:11 | Vague (163:24-164:11) | 237:10-238:17; 249:6-19 | | | 89:5-17 | | Irrelevant to affirmative designation and counter designation as counter-counter refers to different topic and exhibit; prejudicial - witness does not recall meeting and did not author document, lacks personal knowledge and calls for speculation |
| 164:13-166:2 | 403 Calls for speculation (165:23-24) | 166:3-10; 237:10-238:17; 240:12-241:19; 249:6-19 | relevant to genotoxicity, any prejudice outweighed by probative value, non-hearsay and/or offered under hearsay exception, witness has personal knowledge | Attorney testimony, hearsay, mischaracterizes the evidence (not written by Kirkland), prejudicial, waste of time | 89:5-17 | Non-hearsay, falls within exception in FRE 803 and/or admissible for non-hearsay purposes; Not prejudicial or confusing - counter-designation responds to same point being made by affirmative designation and provides context to affirmative designation; factors in FRE 403 do not outweigh probative value of testimony | Irrelevant to affirmative designation and counter designation as counter-counter refers to different topic and exhibit; prejudicial - witness does not recall meeting and did not author document, lacks personal knowledge and calls for speculation |
| 166:10-168:9 | 403 Calls for speculation (166:10-167:1) | | | | | | |
| 170:3-6 | Vague | | question clear | | | | |
| 170:8-11 | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 171:13-172:16 | 403<br>Calls for speculation (172:11-12, 172:16) | | obviously relevant to liability & ghostwriting story, relevant to genotoxicity, non-hearsay and/or offered under hearsay exception | | | | |
| 172:19-173:2 | Vague, calls for speculation (173:1-2) | | obviously relevant to liability & ghostwriting story, relevant to genotoxicity, non-hearsay and/or offered under hearsay , witness has personal knowledge | | | | |
| 173:5-14 | 403 | | obviously relevant to liability & ghostwriting story, relevant to genotoxicity, non-hearsay and/or offered under hearsay exception | | | | |
| 174:17-20 | 403; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | 174:1-7 | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | | |
| 175:4-14 | Lacks foundation; calls for speculation; 403. Exhibit/testimony is inadmissible based on PTO 81's relevant ruling on Monsanto's MIL 7 on post-use corporate conduct. | | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | | |
| 175:18-176:23 | Lacks foundation; calls for speculation; 403. Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | | |
| 177:2-5 | Lacks foundation; calls for speculation; 403. Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | | |
| 177:10-23 | Lacks foundation; calls for speculation; 403. Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | | |
| 178:22-24 | Lacks foundation; calls for speculation; 403. Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | | |
| 179:3-181:1 | Lacks foundation; calls for speculation; 403. Exhibit is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | 178:5-13 | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | | |
| 182:1-183:15 | 403. Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | | |
| 184:20-185:2 | 403. Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | | |
| 185:9-11 | Irrelevant to issues to be tried in Phase 2 | | relevant to liability | | | | |
| 185:22-24 | Irrelevant to issues to be tried in Phase 2<br>Calls for speculation | | | | | | |
| 186:3 | Irrelevant to issues to be tried in Phase 2<br>Calls for speculation | 187:22-188:6; 187:7-187:17 | relevant to liability, witness has submitted articles to journals<br>witness has personal knowledge has submitted articles<br>journals | | | | |
| 186:17-188:1 | 403<br>Exhibit is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | 187:22-188:6<br>187:7-187:17 | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | | |
| 188:5-189:2 | 403<br>Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct.<br>Misstates the testimony and record (188:20-22) | | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | | |
| 189:22-191:3 | 403 | | relevant to genotoxicity and liability, non-hearsay and/or offered under hearsay exception | | | | |
| 191:13-194:23 | 403<br>Exhibits/testimony are inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | 191:6-12; 237:10-238:17; 249:6-19 | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | confusing, waste of time | | Not waste of time or confusing - counter-designation responds to same point being made by affirmative designation and provides context to affirmative designation; factors in FRE 403 do not outweigh probative value of testimony | |
| 195:7-10 | 403<br>Lacks foundation; calls for speculation<br>Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct.<br>Misstates the testimony | | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 195:12-197:5 | 403<br>Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct.<br>Calls for speculation (196:4-6) | | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | | |
| 197:16-198:4 | Irrelevant<br>Prejudicial<br>Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | | |
| 197:16-200:4 | Irrelevant<br>Prejudicial<br>Calls for speculation (197:10-12) (199:19-20)<br>Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | 200:5-10; 237:10-238:17; 249:6-19 | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | Attorney testimony, hearsay, mischaracterizes the evidence (not written by Kirkland), prejudicial, waste of time | | Non-hearsay, falls within exception in FRE 803 and/or admissible for non-hearsay purposes; Not prejudicial or confusing - counter-designation responds to same point being made by affirmative designation and provides context to affirmative designation; factors in FRE 403 do not outweigh probative value of testimony | |
| 209:3-13 | Testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | Kier 2015 is a review of glyphosate biomonitoring studies (Bolognesi & Paz-y-Mino) which are directly at issue and therefore outside scope of PTO 81 | | | | |
| 219:16-220:5 | 403; Exhibit/testimony are inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | Concerns studies releid upon by experts during phase 1 and outside scope of PTO 81 | | | | |
| 220:9-20 | 403; Exhibit/testimony are inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | Concerns studies releid upon by experts during phase 1 and outside scope of PTO 81 | | | | |
| 223:1-225:1 | 403<br>Calls for improper opinion testimony; calls for legal conclusion (223:1-4).<br>Exhibit/testimony are inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | Concerns studies releid upon by experts during phase 1 so outside scope of PTO 81; Question does not ask for legal conclusion but rather witnesses' concern over potential liability; Studies are either at issue or conduct began during relevant time period | | | | |
| 252:24-254:24 | 403<br>Improper opinion testimony<br>Vague (253:9-11)(254:7-9) (245:11-13)(245:19-21)<br>Calls for speculation (254:7-9) (245:11-13) | 64:17-22; 255:9-19 | relevant to genotoxicity and liability; witness has personal knowledge | | | | |