# EXHIBIT 15

| Plaintiffs' Affirmative Designations | | | | | |
|---|---|---|---|---|---|
| **Cite** | **Exhibits** | **Monsanto's Objections** | | **Monsanto's Counters** | **Plaintiffs' Responses to Objections** |
| **Rands 02/12/2019** | | | | | |
| 17:8-18:1 | | 403; references to Bayer are inadmissible per PTO 81. | | | Relevant to phase 2. Relevant to evaluation of testimony, background, credibilty and/or bias. Factors in FRE 403 do not outweigh probative value of testimony; any prejudice outweighed by probative value. Information is within the Courts exception set forth in PTO 81 paragraph 5.3. |
| 20:13-20 | | | | | |
| 22:7-22 | | 403; testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; in addition, per PTO 81, the "Court will revisit how the evidence surrounding IARC's classification may be used during Phase 2 of the trial." See PTO 81 at 1. Monsanto objects to any testimony about IARC because the IARC decision post-dates Mr. Hardeman's Roundup use. Moreover, to the extent that the Court allows evidence of IARC to be admitted, then post-2012 evidence of foreign regulatory decisions must also be admitted to demonstrate the reasonableness of Monsanto's actions with respect to the Roundup warning in light of the existing science. In sum, the same standard should be applied to the IARC classification and all regulatory decisions, including EPA and foreign ones. | | | Relevant to phase 2. Outside of the scope of PTO 81 IARC to be revisited phase 2. Relevant to background, credibilty and/or bias. |
| 25:20-28:15 | | 403; testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; in addition, per PTO 81, the "Court will revisit how the evidence surrounding IARC's classification may be used during Phase 2 of the trial." See PTO 81 at 1. Monsanto objects to any testimony about IARC because the IARC decision post-dates Mr. Hardeman's Roundup use. Moreover, to the extent that the Court allows evidence of IARC to be admitted, then post-2012 evidence of foreign regulatory decisions must also be admitted to demonstrate the reasonableness of Monsanto's actions with respect to the Roundup warning in light of the existing science. In sum, the same standard should be applied to the IARC classification and all regulatory decisions, including EPA and foreign ones. Argumentative and lacks foundation (26:8-12) | | | Relevant to phase 2. Outside of the scope of PTO 81 and relevant to background, credibility and/or bias. Not argumentative. Proper foundation has been provided. Factors in FRE 403 do not outweigh probative value of testimony; any prejudice outweighed by probative value; IARC to be revisited Phase 2 |

| | | | | |
|---|---|---|---|---|
| 266:16-267:7 | | 403; testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; lacks foundation; in addition, per PTO 81, the "Court will revisit how the evidence surrounding IARC's classification may be used during Phase 2 of the trial."  See PTO 81 at 1.  Monsanto objects to any testimony about IARC because the IARC decision post-dates Mr. Hardeman's Roundup use.  Moreover, to the extent that the Court allows evidence of IARC to be admitted, then post-2012 evidence of foreign regulatory decisions must also be admitted to demonstrate the reasonableness of Monsanto's actions with respect to the Roundup warning in light of the existing science.  In sum, the same standard should be applied to the IARC classification and all regulatory decisions, including EPA and foreign ones. | | Relevant to phase 2. Outside of the scope of PTO 81 and relevant to background, credibility and/or bias. Not argumentative.  Proper foundation has been provided. Factors in FRE 403 do not outweigh probative value of testimony; any prejudice outweighed by probative value; IARC to be revisited Phase 2 |
| | 24 | | | |
| 278:16-280:9 | | 403; exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; lacks foundation; in addition, per PTO 81, the "Court will revisit how the evidence surrounding IARC's classification may be used during Phase 2 of the trial."  See PTO 81 at 1.  Monsanto objects to any testimony about IARC because the IARC decision post-dates Mr. Hardeman's Roundup use.  Moreover, to the extent that the Court allows evidence of IARC to be admitted, then post-2012 evidence of foreign regulatory decisions must also be admitted to demonstrate the reasonableness of Monsanto's actions with respect to the Roundup warning in light of the existing science.  In sum, the same standard should be applied to the IARC classification and all regulatory decisions, including EPA and foreign ones. | | Relevant to phase 2. Outside of the scope of PTO 81 and relevant to background, credibility and/or bias. Not argumentative.  Proper foundation has been provided. Factors in FRE 403 do not outweigh probative value of testimony; any prejudice outweighed by probative value; IARC to be revisited Phase 2 |
| | 24 | | | |
| 280:24-25 | | 403; testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; lacks foundation | | relevant to punitive damages |
| 281:2-281:4 | | 403; testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; lacks foundation | | relevant to punitive damages |
| 364:12-366:3 | | 403; exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; hearsay | | Relevant to phase 2. Non-hearsay as falls within exception in FRE 803 and/or admissible for non-hearsay purposes. Factors in FRE 403 do not outweigh probative value of testimony/any prejudice outweighed by probative value.  Beyond the scope of PTO 81. |
| | 33 | | | |
| 366:17-368:17 | | 403; testimony/exhibit is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; hearsay; testimony regarding Bayer's acquisition of Monsanto are excluded pursuant to MIL 5.3 and PTO 81 and are overly prejudicial in this testimony | | relevant to punitive damages |
| 370:6-371:22 | | 403; testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; hearsay; lacks foundation (370:20-371:4) | | Relevant to phase 2. Relevant to background, credibility and/or bias, notice, liability, and damages. Non-hearsay as falls within exception in FRE 803 and/or admissible for non-hearsay purposes. Factors in FRE 403 do not outweigh probative value of testimony/any prejudice outweighed by probative value. Beyond the scope of PTO 81; relevant to punitive damages |
| | 33 | | | |

| | | | | |
|---|---|---|---|---|
| 386:18-394:4 | | 403; testimony/exhibits are inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; irrelevant<br>Hearsay (386:18-387:18)(389:25-390:18)(391:8-391:11)(391:24-392:18)(392:24-393:5) | | |
| | 33, 34, 35, 36, 37 | | | relevant to punitive damages |
| 394:23-409:5 | | 403; testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; irrelevant; hearsay (exhibit 37 and testimony) | | relevant to punitive damages |
| 412:1-417:19 | 39 | 403; testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; irrelevant; in addition, per PTO 81, the "Court will revisit how the evidence surrounding IARC's classification may be used during Phase 2 of the trial." See PTO 81 at 1. Monsanto objects to any testimony about IARC because the IARC decision post-dates Mr. Hardeman's Roundup use. Moreover, to the extent that the Court allows evidence of IARC to be admitted, then post-2012 evidence of foreign regulatory decisions must also be admitted to demonstrate the reasonableness of Monsanto's actions with respect to the Roundup warning in light of the existing science. In sum, the same standard should be applied to the IARC classification and all regulatory decisions, including EPA and foreign ones.<br>Lacks foundation as to the portions of document he didn't author<br>Hearsay as to portions of the document he didn't author<br>Misstates the record (415:24-416:2, 416:13-15, 417:12-23)<br>Argumentative (415:24-416:2, 416:13-15, 416:25-417:1) | 447:24-448:16; 448:18-449:1; 449:3-17; 450:2-11; 450:13-17 | 412:1 withdrawn. Relevant to phase 2. Relevant to background, credibility and/or bias, notice, liability, and damages. Beyond the scope of PTO 81. Proper foundation has been provided. Deponent has personal knowledge of substance of document and prior testimony establishes foundation. Factors in FRE 403 do not outweigh probative value of testimony/any prejudice outweighed by probative value. Non-hearsay as falls within exception in FRE 803 and/or admissible for non-hearsay purposes. Does not misstate the record. Not argumentative. |
| 418:1-427:23 | 40, 41, and 42 | 403; testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; irrelevant; exhibits contain hearsay<br>Misstates the record (418:1-6, 424:17-19)<br>Hearsay (419:17-423:1)<br>Argumentative (424:4-5, 426:12-16) | | Relevant to phase 2. Factors in FRE 403 do not outweigh probative value of testimony/any prejudice outweighed by probative value. Does not misstate the record. Non-hearsay as falls within exception in FRE 803 and/or admissible for non-hearsay purposes. Not argumentative. |
| 429:19-432:11 | | 403; testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; irrelevant; hearsay; argumentative (430:24-432:11) | | |
| 433:1-436:13 | 41 | 403; testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; irrelevant<br>Lacks foundation (434:23-435:13) | 436:14-25 | Relevant to phase 2. Relevant to background, credibility and/or bias, notice, liability, and damages. Factors in FRE 403 do not outweigh probative value of testimony/any prejudice outweighed by probative value. Non-hearsay as falls within exception in FRE 803 and/or admissible for non-hearsay purposes. Beyond the scope of PTO 81. Proper foundation has been provided. Deponent has personal knowledge of substance of document and prior testimony establishes foundation. |

| | | | | |
|---|---|---|---|---|
| 437:2-439:17 | | 403; testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct;<br>Lacks foundation (438:4-7)<br>Argumentative (438:4-7); vague (438:14-24) | 443:12-444:7; 444:21-22; 445:1-20; 445:22-446:6 | Relevant to phase 2. Relevant to background, credibility and/or bias, notice, liability, and damages. Factors in FRE 403 do not outweigh probative value of testimony/any prejudice outweighed by probative value. Beyond the scope of PTO 81. Proper foundation has been provided. Deponent has personal knowledge of substance of document and prior testimony establishes foundation. Not argumentative. |