# EXHIBIT 3

**Plaintiffs' Affirmative Designations**

| Cite | Exhibits | Monsanto's Objections | Objection Cite | Monsanto's Counters | Plaintiffs' Responses to Objections | Plaintiffs' Objections to Counters | Plaintiffs' Counter-Counters | Monsanto's Responses to Objections |
|---|---|---|---|---|---|---|---|---|
| **Grant 02/04/2019** | | | | | | | | |
| 7:12-15 | | | | | Standard deposition introductory questions | | | |
| 8:7-16 | | | | | Standard deposition background, employment questions | | | |
| 9:5-12 | | | | | | | | |
| 10:1-5 | | | | | | | | |
| 13:20-14:1 | | 403; hypothetical; Calls for speculation (13:20-24); Vague (13:20-24); Lacks foundation (13:20-24) | | | Agree to withdraw in Phase 1, not irrelevant, prejudicial, speculative or vague for Phase 2--relates to duty to warn per former Monsanto CEO | | | |
| 14:4-12 | | | | | | | | |
| 17:17-20 | | lacks foundation | | 18:3-17 | Agree to withdraw in Phase 1, not irrelevant, prejudicial, speculative or vague for Phase 2--relates to duty to warn per former Monsanto CEO | Irrelevant to Phase 1; not needed as counter plaintiffs don't introduce it in Phase 1. As for Phase 2, it is irrelevant and addresses foreign regulatory conclusions | | If affirmative designation is admitted in phase 2, then counter is relevant to affirmative designation to provide context to Mr. Grant's answer, and does not violate PTO 81 regarding foreign regulatory decisions since it discusses foreign regulatory positions that were in effect at the time plaintiff used Roundup |
| 17:24-18:1 | | 403 | | | | | | |
| 19:16-20:1 | | 403; testimony regarding "doubling the risk" should be excluded in accordance with PTO 85 as inaccurate and misleading; hypothetical; calls for expert opinion; calls for speculation; lacks foundation | | | Agree to withdraw for Phase 1, but it is relevant to Phase 2 as it relates to the former CEO view of Monsanto's duty to warn. It is not prejudicial or speculative to ask the former CEO questions related to Monsanto's duty to warn; foundaton was laid by prior questioning and is not beyond the former CEO's personal experience and is permissible per Rule 702 | | | |
| 20:4-20:13 | | 403; calls for speculation | | | Agree to withdraw for Phase 1, but it is relevant to Phase 2 as it relates to the former CEO view of Monsanto's duty to warn. It is not prejudicial or speculative to ask the former CEO questions related to Monsanto's duty to warn; foundaton was laid by prior questioning and is not beyond the former CEO's personal experience and is permissible per Rule 702 | | | |
| 26:20-27:6 | | 403; Calls for speculation; Excluded pursuant to MIL 4.2 | | 28:1-7 | Agree to withdraw for Phase 1, but it is relevant to Phase 2 punitive damages; it is not prejudicial and calls for the Monsanto's CEO understanding and recollection of Monsanto's approximate income under his watch | No objection to counter assuming the preceding plaintiff designations are presented to the jury. | | |
| 28:24-29:21 | | 403; Excluded pursuant to MIL 5.2 and misstates the testimony (29:6);  calls for expert opinion, cumulative of issues presented in phase 1 | | | Agree to withdraw for Phase 1, but it is relevant to Phase 2, and if Monsanto opens the door or the MIL 5.2 ruling is changed, it would relate to Monsanto's ability and capacity to undertake roundup induced NHL epidemiology studies; its probative value outweighs any conceived prejudice and it is not speculative or argumentative--it simply asks for Monsanto's former CEO's awareness of the epi studies Monsanto conducted | | | |
| 30:1-4 | 3 | 403; calls for expert opinion, cumulative of issues presented in phase 1 | | | Agree to withdraw for Phase 1, but it is relevant to Phase 2, and if Monsanto opens the door or the MIL 5.2 ruling is changed, it would relate to Monsanto's ability and capacity to undertake roundup induced NHL epidemiology studies; its probative value outweighs any conceived prejudice and it is not speculative or argumentative--it simply asks for Monsanto's former CEO's awareness of the epi studies Monsanto conducted | | | |
| 40:16-23 | | 403; assumes facts not in evidence; vague; argumentative; misstates the record | | 243:20-244:21 | Agree to withdraw for Phase 1; it is relevant to Phase 2 as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage | No objection if the plaintiff's corresponding designations are presented. | | |
| 41:5-8 | | 403 | | | Agree to withdraw for Phase 1; it is relevant to Phase 2 as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage | | | |
| 43:1-44:4 | | 403; calls for speculation (43:1-16); misstates the record (43:17-20); hearsay (exhibit 4); Exhibit 4/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | 41:5-8; 243:20-244:21 | Agree to withdraw for Phase 1; it is relevant to Phase 2 as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage | No objection if the plaintiff's corresponding designations are presented. | | |
| 44:10-19 | 4 | 403; hearsay; Exhibit 4/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | 243:20-244:21 | Agree to withdraw for Phase 1; it is relevant to Phase 2 as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage | No objection if the plaintiff's corresponding designations are presented. | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 45:6-20 | 4 | 403; hearsay; Exhibit 4/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | 243:20-244:21 | Agree to withdraw for Phase 1; it is relevant to Phase 2 as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage | No objection if the plaintiff's corresponding designations are presented. | |
| 46:7-11 | 4 | 403; assumes facts not in evidence; vague; argumentative; misstates the record | | | Agree to withdraw for Phase 1; it is relevant to Phase 2 as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage | | |
| 46:14-47:15 | 5 | 403; hearsay (47:1-15 and Exhibit 5) | | | Agree to withdraw for Phase 1; it is relevant to Phase 2 as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage | | |
| 47:23-48:4 | 5 | 403; hearsay | | | Agree to withdraw for Phase 1; it is relevant to Phase 2 as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage | | |
| 49:1-51:11 | 5 | 403; hearsay | | | Agree to withdraw for Phase 1; it is relevant to Phase 2 as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage | | |
| 89:23-90:19 | | 403; rule of completeness (should include 89:18-20 for context), cumulative of Phase 1 (90:16-19) | | | Agree to withdraw for Phase 1, but it is relevant to Phase 2 punitive damages related to the amount of money it would take to deter Monsanto and its CEO from engaging in similar conscious disregard for the rights and safety of plaintiffs and others; admissible should Monsanto open the door or a modification of the MIL 4.2 ruling | | |
| 90:22-92:17 | | 403; lacks foundation (91:5-18); references to IBT may be excluded pursuant to Monsanto's MIL 11.2 (91:24-92:17); cumulative of Phase 1 | | | Agree to withdraw for Phase 1, but it is relevant to Phase 2 punitive damages related to awareness that Roundup's initial approval was based on a fraudulent carcinogenicity study, without notifying the public or Roundup users, evidence of Monsanto's engaging conscious disregard for the rights and safety of plaintiffs and others; admissible should Monsanto open the door or a modification of the MIL 11.2 ruling | | |
| 92:20-22 | | 403; lacks personal knowledge; reference to IBT may be excluded pursuant to Monsanto's MIL 11.2 | | | | | |
| 98:3-100:24 | 4, 10 | 403; lacks foundation, hearsay (exhibit 4), Exhibit 4/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct (98:3-100:24); attorney testifying (100:19-23); lacks personal knowledge (exhibit 10; 98:15-100:24) | | | Agree to withdraw for Phase 1, but it is relevant to Phase 2 punitive damages related to Monsanto's public denial of Roundup's carcinogenicity despite Monsanto's toxicologist Donna Farmer saying they should not publicly say Roundup is not a carcinogen because Monsanto has not tested Roundkup's carcinogenicity in a long term rodent carcinogenicity, IARC's glyphosate conclusions, prior published epi, tox and mech studies, and purposely not studying Roundup in long term rodent carcinogenicity studies, evidence of conscious disregard for the rights and safety of plaintiffs and others;  admissible should Monsanto open the door or a modification of the MIL 7  ruling; not hearsay, party admission or falls within an exception to hearsay | | |
| 101:2-102:16 | 10, 11 | 403, lacks foundation, hearsay (exhibit 4), Exhibit 4/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; attorney testifying (101:23-102:6); calls for expert opinion; lacks personal knowledge | | | Agree to  withdraw for Phase 1, but it is relevant to Phase 2 punitive damages related to Monsanto's public denial of Roundup's carcinogenicity despite Monsanto's toxicologist Donna Farmer saying they should not publicly say Roundup is not a carcinogen because Monsanto has not tested Roundkup's carcinogenicity in a long term rodent carcinogenicity, IARC's glyphosate conclusions, prior published epi, tox and mech studies, and purposely not studying Roundup in long term rodent carcinogenicity studies, evidence of conscious disregard for the rights and safety of plaintiffs and others;  admissible should Monsanto open the door or a modification of the MIL 7  ruling; not hearsay, party admission or falls within an exception to hearsay | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 103:3-23 | | 403; lacks personal knowledge | | | Agree to withdraw for Phase 1, but it is relevant to Phase 2 punitive damages related to Monsanto's public denial of Roundup's carcinogenicity despite Monsanto's toxicologist Donna Farmer saying they should not publicly say Roundup is not a carcinogen because Monsanto has not tested Roundkup's carcinogenticity in a long term rodent carcinogenicity, IARC's glyphosate conclusions, prior published epi, tox and mech studies, and purposely not studying Roundup in long term rodent carcinogenicity studies, evidence of conscious disregard for the rights and safety of plaintiffs and others; not hearsay, party admission or falls within an exception to hearsay | | | |
| 104:22-105:19 | | 403; attorney testifying (105:12-18); References to other pending litigation are excluded pursuant to Monsanto's MIL 5.1 and PTO 81 (105:16-18) | | | Agree to withdraw for Phase 1, but it is relevant to Phase 2 punitive damages related to Monsanto's public denial of Roundup's carcinogenicity despite Monsanto's toxicologist Donna Farmer saying they should not publicly say Roundup is not a carcinogen because Monsanto has not tested Roundkup's carcinogenticity in a long term rodent carcinogenicity, IARC's glyphosate conclusions, prior published epi, tox and mech studies, and purposely not studying Roundup in long term rodent carcinogenicity studies, evidence of conscious disregard for the rights and safety of plaintiffs and others; not hearsay, party admission or falls within an exception to hearsay | | | |
| 108:8-13 | | 403; testimony regarding Bayer's acquisition of Monsanto are excluded pursuant to MIL 5.3 and PTO 81; discussions regarding Monsanto's wealth are excluded pursuant to Monsanto's MIL 4.2 and PTO 81 | | | Agree to withdraw for Phase 1, but it is relevant to Phase 2 punitive damages related to the financial incentive to suppress or invalidate IARC's glyphosate conclusions, prevent McDuffie findings being in the abstract, and purposely not studying Roundup in long term rodent carcinogenicity studies, evidence of conscious disregard for the rights and safety of plaintiffs and others | | | |
| 127:6-8 | | 403; vague | | | Agree to withdraw for Phase 1, but it is relevant to Phase 2 as it is probative of ratification of Monsanto's wrongful treatment of Roundup's carcinogenicity | | | |
| 127:10-11 | | 403 | | | Agree to withdraw for Phase 1, but it is relevant to Phase 2 as it is probative of ratification of Monsanto's wrongful treatment of Roundup's carcinogenicity | | | |
| 128:1-13 | | 403; vague | | | Agree to withdraw for Phase 1, but it is relevant to Phase 2 as it is probative of ratification of Monsanto's wrongful treatment of Roundup's carcinogenicity by Donna Farmer and William Heydens | | | |
| 129:2-16 | | 403; vague (129:15-16); call for speculation (129:15-16) | | | | | | |
| 129:19-21 | | 403 | | | Agree to withdraw for Phase 1, but it is relevant to Phase 2 as it is probative of ratification of Monsanto's wrongful treatment of Roundup's carcinogenicity by Donna Farmer and William Heydens | | | |
| 135:24-136:10 | | 403; cumulative of evidence and testimony from Phase 1 | | | Agree to withdraw for Phase 1, but it is relevant to Phase 2 as it is probative of ratification of Monsanto's wrongful treatment of James Parry's and Dr. Gilles Seralini's analyses of Roundup's carcinogenicity by Mark Martens, Donna Farmer and William Heydens | | | |
| 141:18-143:4 | | 403; vague and calls for speculation (141:24-143:4); attorney testifying (142:18-23) | | | Agree to withdraw for Phase 1, but it is relevant and permitted per PTO 81 in Phase 2 as it is probative of ratification of Monsanto's wrongful ghostwriting by or under the direction of William Heydens | | | |
| 144:9-149:11 | | 403; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; hearsay as to portions of document not authored by Monsanto employees; lacks personal knowledge; references to other alleged health effects is excluded pursuant to Monsanto's MIL 11.5 and PTO 81 (148:9-18) | | | Agree to withdraw for Phase 1, but it is relevant to Phase 2 punitive damages related to Monsanto's advertising plans to expand Monsanto's Freedom to Operate with Roundup via discomforting Roundup's opponents, Let Nothing Go and public denial of Roundup's carcinogenicity despite Monsanto's awareness of IARC's glyphosate conclusions, prior published epi, tox and mech studies, and purposely not studying Roundup in long term rodent carcinogenicity studies, evidence of conscious disregard for the rights and safety of plaintiffs and others; not hearsay, party admission or falls within an exception to hearsay | | | |
| 150:11-18 | | 403; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct | | | | | | |
| 150:23-151:16 | | 403; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 152:20-155:1 | | 403; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; hearsay as to portions of document not authored by Monsanto employees | | | Agree to withdraw for Phase 1, but it is permitted under PTO 81 and relevant to Phase 2 punitive damages related to Monsanto's advertising plans to expand Monsanto's Freedom to Operate with Roundup via discomforting Roundup's opponents, Let Nothing Go and public denial of Roundup's carcinogenicity despite Monsanto's awareness of IARC's glyphosate conclusions, prior published epi, tox and mech studies, and purposely not studying Roundup in long term rodent carcinogenicity studies, evidence of conscious disregard for the rights and safety of plaintiffs and others; not hearsay, party admission or falls within an exception to hearsay | | |
| 171:14-175:10 | | 403; vague (171:14-19); Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; references to other alleged health effects is excluded purusant to Monsanto's MIL 11.5 and PTO 81; calls for speculation (175:8-10); Per PTO 81, the "Court will revisit how the evidence surrounding IARC's classification may be used during Phase 2 of the trial." See PTO 81 at 1. Monsanto objects to any testimony about IARC because the IARC decision post-dates Mr. Hardeman's Roundup use. Moreover, to the extent that the Court allows evidence of IARC to be admitted, then post-2012 evidence of foreign regulatory decisions must also be admitted to demonstrate the reasonableness of Monsanto's actions with respect to the Roundup warning in light of the existing science. In sum, the same standard should be applied to the IARC classification and all regulatory decisions, including EPA and foreign ones. | | | Agree to withdraw for Phase 1, but it is permitted under PTO 81 and relevant to Phase 2 punitive damages related to the financial incentive to suppress or invalidate IARC's glyphosate conclusions | | |
| 175:13-21 | | 403; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; references to other alleged health effects is excluded purusant to Monsanto's MIL 11.5 and PTO 81; lacks personal knowledge; Per PTO 81, the "Court will revisit how the evidence surrounding IARC's classification may be used during Phase 2 of the trial." See PTO 81 at 1. Monsanto objects to any testimony about IARC because the IARC decision post-dates Mr. Hardeman's Roundup use. Moreover, to the extent that the Court allows evidence of IARC to be admitted, then post-2012 evidence of foreign regulatory decisions must also be admitted to demonstrate the reasonableness of Monsanto's actions with respect to the Roundup warning in light of the existing science. In sum, the same standard should be applied to the IARC classification and all regulatory decisions, including EPA and foreign ones. | | | Agree to withdraw for Phase 1, but it is permitted under PTO 81 and relevant to Phase 2 punitive damages related to the financial incentive to suppress or invalidate IARC's glyphosate conclusions | | |
| 178:2-9 | | 403; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; Per PTO 81, the "Court will revisit how the evidence surrounding IARC's classification may be used during Phase 2 of the trial." See PTO 81 at 1. Monsanto objects to any testimony about IARC because the IARC decision post-dates Mr. Hardeman's Roundup use. Moreover, to the extent that the Court allows evidence of IARC to be admitted, then post-2012 evidence of foreign regulatory decisions must also be admitted to demonstrate the reasonableness of Monsanto's actions with respect to the Roundup warning in light of the existing science. In sum, the same standard should be applied to the IARC classification and all regulatory decisions, including EPA and foreign ones. | | | Agree to withdraw for Phase 1, but it is permitted under PTO 81 and is relevant in Phase 2 punitive damages related to Monsanto's marketing/advertising plans to expand Monsanto's Freedom to Operate with Roundup via discomforting Roundup's opponents, Let Nothing Go and public denial of Roundup's carcinogenicity despite Monsanto's awareness of IARC's glyphosate conclusions, prior published epi, tox and mech studies, and purposely not studying Roundup in long term rodent carcinogenicity studies, evidence of conscious disregard for the rights and safety of plaintiffs and others; not hearsay, party admission or falls within an exception to hearsay | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 178:13-182:3 | | 403; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; Per PTO 81, the "Court will revisit how the evidence surrounding IARC's classification may be used during Phase 2 of the trial." See PTO 81 at 1. Monsanto objects to any testimony about IARC because the IARC decision post-dates Mr. Hardeman's Roundup use. Moreover, to the extent that the Court allows evidence of IARC to be admitted, then post-2012 evidence of foreign regulatory decisions must also be admitted to demonstrate the reasonableness of Monsanto's actions with respect to the Roundup warning in light of the existing science. In sum, the same standard should be applied to the IARC classification and all regulatory decisions, including EPA and foreign ones. | | | Agree to withdraw for Phase 1, but it is permitted under PTO 81 and is relevant in Phase 2 punitive damages related to Monsanto's marketing/advertising plans to expand Monsanto's Freedom to Operate with Roundup via discomforting Roundup's opponents, Let Nothing Go and public denial of Roundup's carcinogenicity despite Monsanto's awareness of IARC's glyphosate conclusions, prior published epi, tox and mech studies, and purposely not studying Roundup in long term rodent carcinogenicity studies, evidence of conscious disregard for the rights and safety of plaintiffs and others; not hearsay, party admission or falls within an exception to hearsay | | |
| 185:14-187:7 | | 403; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; Per PTO 81, the "Court will revisit how the evidence surrounding IARC's classification may be used during Phase 2 of the trial." See PTO 81 at 1. Monsanto objects to any testimony about IARC because the IARC decision post-dates Mr. Hardeman's Roundup use. Moreover, to the extent that the Court allows evidence of IARC to be admitted, then post-2012 evidence of foreign regulatory decisions must also be admitted to demonstrate the reasonableness of Monsanto's actions with respect to the Roundup warning in light of the existing science. In sum, the same standard should be applied to the IARC classification and all regulatory decisions, including EPA and foreign ones. | | | Agree to withdraw for Phase 1, but it is permitted under PTO 81 and is relevant in Phase 2 punitive damages related to Monsanto's marketing/advertising plans to expand Monsanto's Freedom to Operate with Roundup via discomforting Roundup's opponents, Let Nothing Go and public denial of Roundup's carcinogenicity despite Monsanto's awareness of IARC's glyphosate conclusions, prior published epi, tox and mech studies, and purposely not studying Roundup in long term rodent carcinogenicity studies, evidence of conscious disregard for the rights and safety of plaintiffs and others; not hearsay, party admission or falls within an exception to hearsay | | |
| 187:11-18 | | 403; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; Per PTO 81, the "Court will revisit how the evidence surrounding IARC's classification may be used during Phase 2 of the trial." See PTO 81 at 1. Monsanto objects to any testimony about IARC because the IARC decision post-dates Mr. Hardeman's Roundup use. Moreover, to the extent that the Court allows evidence of IARC to be admitted, then post-2012 evidence of foreign regulatory decisions must also be admitted to demonstrate the reasonableness of Monsanto's actions with respect to the Roundup warning in light of the existing science. In sum, the same standard should be applied to the IARC classification and all regulatory decisions, including EPA and foreign ones. | | | Agree to withdraw for Phase 1, but it is permitted under PTO 81 and is relevant in Phase 2 punitive damages related to Monsanto's marketing/advertising plans to expand Monsanto's Freedom to Operate with Roundup via discomforting Roundup's opponents, Let Nothing Go and public denial of Roundup's carcinogenicity despite Monsanto's awareness of IARC's glyphosate conclusions, prior published epi, tox and mech studies, and purposely not studying Roundup in long term rodent carcinogenicity studies, evidence of conscious disregard for the rights and safety of plaintiffs and others; not hearsay, party admission or falls within an exception to hearsay | | |
| 190:15-191:13 | | 403; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; Per PTO 81, the "Court will revisit how the evidence surrounding IARC's classification may be used during Phase 2 of the trial." See PTO 81 at 1. Monsanto objects to any testimony about IARC because the IARC decision post-dates Mr. Hardeman's Roundup use. Moreover, to the extent that the Court allows evidence of IARC to be admitted, then post-2012 evidence of foreign regulatory decisions must also be admitted to demonstrate the reasonableness of Monsanto's actions with respect to the Roundup warning in light of the existing science. In sum, the same standard should be applied to the IARC classification and all regulatory decisions, including EPA and foreign ones. | | | Agree to withdraw for Phase 1, but it is permitted under PTO 81 and is relevant in Phase 2 punitive damages related to Monsanto's marketing/advertising plans to expand Monsanto's Freedom to Operate with Roundup via discomforting Roundup's opponents, Let Nothing Go and public denial of Roundup's carcinogenicity despite Monsanto's awareness of IARC's glyphosate conclusions, prior published epi, tox and mech studies, and purposely not studying Roundup in long term rodent carcinogenicity studies, evidence of conscious disregard for the rights and safety of plaintiffs and others; not hearsay, party admission or falls within an exception to hearsay | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 191:16-192:7 | | 403; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; Per PTO 81, the "Court will revisit how the evidence surrounding IARC's classification may be used during Phase 2 of the trial." See PTO 81 at 1. Monsanto objects to any testimony about IARC because the IARC decision post-dates Mr. Hardeman's Roundup use. Moreover, to the extent that the Court allows evidence of IARC to be admitted, then post-2012 evidence of foreign regulatory decisions must also be admitted to demonstrate the reasonableness of Monsanto's actions with respect to the Roundup warning in light of the existing science. In sum, the same standard should be applied to the IARC classification and all regulatory decisions, including EPA and foreign ones. | | | Agree to withdraw for Phase 1, but it is permitted under PTO 81 and is relevant in Phase 2 punitive damages related to Monsanto's marketing/advertising plans to expand Monsanto's Freedom to Operate with Roundup via discomforting Roundup's opponents, Let Nothing Go and public denial of Roundup's carcinogenicity despite Monsanto's awareness of IARC's glyphosate conclusions, prior published epi, tox and mech studies, and purposely not studying Roundup in long term rodent carcinogenicity studies, evidence of conscious disregard for the rights and safety of plaintiffs and others; not hearsay, party admission or falls within an exception to hearsay | | |