1
2
3
4
5

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

6
7

*Attorneys for Defendant*
*MONSANTO COMPANY*

8
9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

Case No. 3:16-md-02741-VC

This document relates to:

*Robert Barnes and Marcia Barnes*
*v. Monsanto Co.,*
Case No. 3:19-cv-01185-VC

15

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

16          Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

17    Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

18    all allegations contained in plaintiffs Robert Barnes and Marcia Barnes' Complaint and Jury

19    Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used

20    in this Answer, Monsanto refers to Monsanto Company, a United States based company

21    incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any

22    allegations shall constitute a denial.

23          1.          Monsanto admits that plaintiffs purport to bring an action for damages allegedly

24    related to exposure to Roundup®-branded products but denies any liability as to that claim.

25    Monsanto denies the remaining allegations in paragraph 1.

26          2.          Monsanto denies the allegations in paragraph 2.

27          3.          Monsanto denies the allegations in paragraph 3.

28

4.       The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiffs' Complaint.

5.       Monsanto admits the allegations in paragraph 5.

6.       The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.       The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  In response to the second sentence of paragraph 7, Monsanto admits it sells Roundup®-branded products in Kentucky.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

8.       Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 8 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 8.

9.       The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

10.       Monsanto admits the allegations in paragraph 10.

11.       Monsanto admits the allegations in paragraph 11.

12.       The allegations in paragraph 12 are directed at a defendant other than Monsanto, and plaintiffs have voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

13.       The allegations in paragraph 13 are directed at a defendant other than Monsanto, and plaintiffs have voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-01185-VC

14.     The allegations in paragraph 14 are directed at a defendant other than Monsanto, and plaintiffs have voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

15.     The allegations in paragraph 15 are directed at a defendant other than Monsanto, and plaintiffs have voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

16.     The allegations in paragraph 16 are directed at a defendant other than Monsanto, and plaintiffs have voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

17.     Monsanto admits the allegations in paragraph 17.

18.     The allegations in paragraph 18 are directed at a defendant other than Monsanto, and plaintiffs have voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

19.     In response to the allegations in paragraph 19, Monsanto denies that it engaged in any wrongdoing or wrongful acts or omissions.  Monsanto denies – and objects to – allegations by plaintiffs that purport to lump Monsanto together with other defendants.  Monsanto responds to the allegations in paragraph 19 and other allegations in the Complaint only on behalf of Monsanto and not on behalf of any other defendant.  The remaining allegations in paragraph 19 set forth conclusions of law and/or are directed at defendants other than Monsanto, so no response from Monsanto is required for these allegations.

20.     In response to the allegations in paragraph 20, Monsanto admits that it sells Roundup®-branded products in Kentucky.

21.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies those allegations.

22.     The allegations in paragraph 22 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

23.     The allegations in paragraph 23 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

24.     Monsanto admits the allegations in paragraph 24.

25.     Monsanto admits that it is authorized to do business in Kentucky.  The remaining allegations in paragraph 25 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

26.     The allegations in paragraph 26 set forth conclusions of law for which no response is required.

27.     Monsanto denies the allegations in paragraph 27.

28.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 28 set forth conclusions of law for which no response is required.

29.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 29 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

30.     Monsanto admits the allegations in paragraph 30.

31.     Monsanto admits the allegations in paragraph 31.

32.     In response to the allegations in paragraph 32, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 32 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies those allegations.

33.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 33 comprise attorney characterizations and are accordingly denied.

34.     Monsanto admits the allegations in paragraph 34.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-01185-VC

35.     Monsanto generally admits the allegations in paragraph 35, but denies the allegations in paragraph 35 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

36.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies those allegations.

37.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 37 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 37.

38.     Monsanto admits the allegations in paragraph 38.

39.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 39.

40.     The allegations in paragraph 40 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 41 set forth conclusions of law for which no response is required.

42.     The allegations in paragraph 42 set forth conclusions of law for which no response is required.

43.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Kentucky for sale and distribution.

44.     In response to the allegations in paragraph 44, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 44 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 44 set forth conclusions of law for which no answer is required.

45.     Monsanto denies the allegations in paragraph 45 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 45 set forth conclusions of law for which no response is required.

46.     In response to the allegations in paragraph 46, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

47.     In response to the allegations in paragraph 47, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 47 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

48.     In response to the allegations in paragraph 48, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 48 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

49.     Monsanto denies the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 50 to the extent that they

---

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

1    suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

2    cancer.  Monsanto denies the remaining allegations in paragraph 50.

3          51.    Monsanto denies the allegations in paragraph 51.

4          52.    In response to the allegations in paragraph 52, Monsanto states that the cited

5    document speaks for itself and does not require a response.  To the extent that the allegations in

6    paragraph 52 go beyond a restatement of the cited document, Monsanto lacks information or

7    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 52

8    and therefore denies those allegations.

9          53.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 53 and therefore denies those allegations.

11         54.    Monsanto admits the allegations in paragraph 54.

12         55.    In response to the allegations in paragraph 55, Monsanto states that the cited

13   document speaks for itself and does not require a response.  To the extent that the allegations in

14   paragraph 55 go beyond a restatement of the cited document, Monsanto lacks information or

15   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 55

16   and therefore denies those allegations.

17         56.    Monsanto states that the term "toxic" as used in paragraph 56 is vague and

18   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

19   denies the allegations in paragraph 56.

20         57.    Monsanto admits the allegations in paragraph 57.

21         58.    In response to the allegations in paragraph 58, Monsanto states that the document

22   speaks for itself and does not require a response.  To the extent that a response is deemed

23   required, Monsanto denies the allegations in paragraph 58.

24         59.    In response to the allegations in paragraph 59, Monsanto admits that Julie Marc

25   published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

26   the extent that paragraph 59 characterizes the meaning of the cited study, Monsanto denies the

27   remaining allegations in paragraph 59.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-01185-VC

60.     In response to the allegations in paragraph 60, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 61 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 61.

62.     Monsanto denies the allegations in paragraph 62.

63.     In response to the allegations in paragraph 63, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 63 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 64 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 64.

65.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 65.

66.     Monsanto denies the allegations in paragraph 66.

67.     Monsanto denies the allegations in paragraph 67.

68.     Monsanto denies the allegations in paragraph 68.

69.     Monsanto denies the allegations in paragraph 69.

70.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 70.

71.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

1    lacks information or knowledge sufficient to form a belief as to the truth of the remaining

2    allegations in paragraph 71 and therefore denies those allegations.

3           72.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 72 and therefore denies those allegations.  Monsanto denies

5    that glyphosate met the criteria necessary to be eligible for review.

6           73.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 73 and therefore denies those allegations.  Monsanto denies

8    that glyphosate met the criteria necessary to be eligible for review.

9           74.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

10   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

11   evidence was "cumulative."  The remaining allegations in paragraph 74 are vague and

12   conclusory and comprise attorney characterizations and are accordingly denied.

13          75.    Monsanto admits that the full IARC Monograph regarding glyphosate was

14   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

15   2A carcinogen.  In response to the remaining allegations in paragraph 75, Monsanto states that

16   the document speaks for itself and does not require a response.  To the extent that a response is

17   deemed required, the remaining allegations in paragraph 75 comprise attorney characterizations

18   and are accordingly denied.

19          76.    Monsanto denies the allegations in paragraph 76.  The IARC working group

20   concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

21   which, per IARC's guidelines, means that the working group could not rule out chance, bias or

22   confounding so as to reach any conclusion of an increased risk.

23          77.    In response to the allegations in paragraph 77, Monsanto states that the document

24   speaks for itself and does not require a response.  To the extent that a response is deemed

25   required, the allegations in paragraph 77 comprise attorney characterizations and are accordingly

26   denied.

27          78.    Monsanto denies the allegations in paragraph 78.

28

79.     The allegations in paragraph 79 comprise attorney characterizations and are accordingly denied.

80.     Monsanto admits the allegations in paragraph 80.

81.     In response to the allegations in paragraph 81, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 81 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 81.

82.     In response to the allegations in paragraph 82, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 82.

83.     The allegations in paragraph 83 are vague and ambiguous and are accordingly denied.

84.     In response to the allegations in paragraph 84, Monsanto states that the cited document speaks for itself and does not require a response.

85.     In response to the allegations in paragraph 85, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 85 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     In response to the allegations in paragraph 87, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 87.

88.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that

Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 88.

89.    Monsanto denies the allegations in paragraph 89.

90.    Monsanto denies the allegations in paragraph 90.

91.    Monsanto denies the allegations in paragraph 91.

92.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 92.

93.    Monsanto denies the allegations in paragraph 93.

94.    Monsanto denies the allegations in paragraph 94.

95.    Monsanto admits the allegations in paragraph 95.

96.    Monsanto denies the allegations in paragraph 96.

97.    Monsanto admits the allegations in paragraph 97.

98.    Monsanto denies the allegations in paragraph 98.

99.    Monsanto denies the allegations in paragraph 99.

100.    Monsanto denies the allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto denies the allegations in paragraph 102.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.

105.    In response to the allegations in paragraph 105, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraphs 105.

106.    In response to the allegations in paragraph 106, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 106.

107.     In response to the allegations in paragraph 107, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 107.

108.     In response to the allegations in paragraph 108, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 108.

109.     In response to the allegations in paragraph 109, Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-01185-VC

5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 109.

110.    In response to the allegations in paragraph 110, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 110 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

111.    In response to the allegations in paragraph 111, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

112.    Monsanto denies the allegations in paragraph 112 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 112 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

113.     In response to the allegations in paragraph 113, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

114.     In response to the allegations in paragraph 114, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 114.

115.     In response to the allegations in paragraph 115, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 115 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

116.     In response to the allegations in paragraph 116, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 116 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

117.     In response to the allegations in paragraph 117, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

118.     In response to the allegations in paragraph 118, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products.  Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 118.

119.     Monsanto denies the allegations in paragraph 119.

120.     Monsanto denies the allegations in paragraph 120.

1       121.    Monsanto denies the allegations in paragraph 121.

2       122.    Monsanto denies the allegations in paragraph 122.

3       123.    Monsanto denies the allegations in paragraph 123.

4       124.    Monsanto denies the allegations in paragraph 124.

5       125.    Monsanto denies the allegations in paragraph 125.

6       126.    Monsanto denies the allegations in paragraph 126.

7       127.    Monsanto denies the allegations in paragraph 127.

8       128.    Monsanto denies the allegations in paragraph 128.

9       129.    Monsanto denies the allegations in paragraph 129.

130.    Monsanto denies selling glyphosate-based herbicides in this country before 1974. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 130 and therefore denies those allegations.

131.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 and therefore denies those allegations.

132.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 132 and therefore denies those allegations.

133.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 133 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 133.

134.    Monsanto denies the allegations in paragraph 134.

135.    Monsanto incorporates by reference its responses to paragraphs 1 through 134 in response to paragraph 135 of plaintiffs' Complaint.

136.    In response to the allegations in paragraph 136, Monsanto denies that it has concealed the alleged "true risks associated with Roundup and glyphosate."  The remaining allegations in paragraph 136 set forth conclusions of law for which no response is required.

137.    In response to the allegations in paragraph 137, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

1    138.    In response to the allegations in paragraph 138, Monsanto states that the cited

2    document speaks for itself and does not require a response.

3    139.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

4    exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

5    139.  Monsanto states, however, that the scientific studies upon which IARC purported to base

6    its classification were all publicly available before March 2015.

7    140.    Monsanto denies that it concealed "the true character, quality and nature of

8    Roundup."  The remaining allegations of paragraph 140 set forth conclusions of law for which

9    no response is required.  To the extent that a response is deemed required, Monsanto denies all of

10   plaintiffs' allegations in paragraph 140.  Monsanto states, however, that the scientific studies

11   upon which IARC purported to base its classification were all publicly available before March

12   2015.

13   141.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

14   and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

15   branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

16   which IARC purported to base its classification were all publicly available before March 2015.

17   The remaining allegations in paragraph 141 set forth conclusions of law for which no response is

18   required, consist of attorney characterizations and are accordingly denied, or comprise

19   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

20   the truth of the allegations asserted and therefore denies those allegations.

21   142.    Monsanto incorporates by reference its responses to paragraphs 1 through 141 in

22   response to paragraph 142 of plaintiffs' Complaint.

23   143.    In response to the allegations in paragraph 143, Monsanto denies that it engaged

24   in any wrongdoing or wrongful acts or omissions.  Monsanto denies – and objects to –

25   allegations by plaintiffs that purport to lump Monsanto together with other defendants.

26   Monsanto responds to the allegations in paragraph 143 and other allegations in the Complaint

27   only on behalf of Monsanto and not on behalf of any other defendant.  The remaining allegations

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-01185-VC

in paragraph 143 set forth conclusions of law and/or are directed at defendants other than Monsanto, so no response from Monsanto is required for these allegations.

144.    The allegations in paragraph 144 set forth conclusions of law for which no response is required.

145.    Monsanto denies the allegations in paragraph 145.

146.    Monsanto denies the allegations in paragraph 146, including each of its subparts.

147.    Monsanto denies the allegations in paragraph 147.

148.    Monsanto denies the allegations in paragraph 148.

149.    Monsanto denies the allegations in paragraph 149, including each of its subparts.

150.    Monsanto denies the allegations in paragraph 150.

151.    Monsanto denies the allegations in paragraph 151.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies that it engaged in the negligence alleged in the Complaint.  The remaining allegations in paragraph 154 set forth conclusions of law and/or are directed at defendants other than Monsanto, so no response from Monsanto is required for these allegations.

In response to the "WHEREFORE" paragraph following paragraph 154, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

155.    Monsanto incorporates by reference its responses to paragraphs 1 through 154 in response to paragraph 155 of plaintiffs' Complaint.

156.    In response to the allegations in paragraph 156, Monsanto denies that it engaged in any wrongdoing or wrongful acts or omissions.  Monsanto denies – and objects to – allegations by plaintiffs that purport to lump Monsanto together with other defendants. Monsanto responds to the allegations in paragraph 156 and other allegations in the Complaint only on behalf of Monsanto and not on behalf of any other defendant.  The remaining allegations

in paragraph 156 set forth conclusions of law and/or are directed at defendants other than Monsanto, so no response from Monsanto is required for these allegations.

157.   In response to the allegations in paragraph 157, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 157.

158.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 158 and therefore denies those allegations.

159.   Monsanto denies the allegations in paragraph 159.

160.   Monsanto denies the allegations in paragraph 160.

161.   Monsanto denies the allegations in paragraph 161.

162.   Monsanto denies the allegations in paragraph 162, including each of its subparts.

163.   Monsanto denies the allegations in paragraph 163.

164.   Monsanto denies that Roundup®-branded products have "dangerous characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 164 and therefore denies those allegations.

165.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 165 and therefore denies those allegations.

166.   Monsanto denies the allegations in paragraph 166.

167.   The allegations in paragraph 167 set forth conclusions of law for which no response is required.

168.   Monsanto denies the allegations in paragraph 168.

169.   Monsanto denies the allegations in paragraph 169.

170.   Monsanto denies the allegations in paragraph 170.

171.   Monsanto denies the allegations in paragraph 171.

172.   Monsanto denies the allegations in paragraph 172.

173.   Monsanto denies the allegations in paragraph 173.

174.   Monsanto denies the allegations in paragraph 174.

1        175.    Monsanto denies the allegations in paragraph 175.

2        176.    Monsanto denies the allegations in paragraph 176.

3        177.    Monsanto denies the allegations in paragraph 177.

4        178.    The allegations in paragraph 178 set forth conclusions of law for which no

5    response is required.  To the extent that a response is deemed required, Monsanto denies any

6    liability as to plaintiffs' claims.

7        In response to the "WHEREFORE" paragraph following paragraph 178, Monsanto

8    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

9    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

10   fees as allowed by law and such further and additional relief as this Court may deem just and

11   proper.

12       179.    Monsanto incorporates by reference its responses to paragraphs 1 through 178 in

13   response to paragraph 179 of plaintiffs' Complaint.

14       180.    In response to the allegations in paragraph 180, Monsanto denies that it engaged

15   in any wrongdoing or wrongful acts or omissions.  Monsanto denies – and objects to –

16   allegations by plaintiffs that purport to lump Monsanto together with other defendants.

17   Monsanto responds to the allegations in paragraph 180 and other allegations in the Complaint

18   only on behalf of Monsanto and not on behalf of any other defendant.  The remaining allegations

19   in paragraph 180 set forth conclusions of law and/or are directed at defendants other than

20   Monsanto, so no response from Monsanto is required for these allegations.

21       181.    The allegations in paragraph 181 set forth conclusions of law for which no

22   response is required.

23       182.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24   truth of the allegations in paragraph 182 and therefore denies those allegations.

25       183.    Monsanto denies the allegations in paragraph 183.  All labeling of Roundup®-

26   branded products has been and remains EPA-approved and in compliance with all federal

27   requirements under FIFRA.

28       184.    Monsanto denies the allegations in paragraph 184.

185.    Monsanto denies the allegations in paragraph 185.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

186.    Monsanto denies the allegations in paragraph 186.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

187.    Monsanto denies the allegations in paragraph 187.

188.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 188 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 188.

189.    The allegations in paragraph 189 set forth conclusions of law for which no response is required.

190.    Monsanto denies the allegations in paragraph 190.

191.    Monsanto denies the allegations in paragraph 191.

192.    Monsanto denies the allegations in paragraph 192.

193.    Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 193.

194.    The allegations in paragraph 194 set forth conclusions of law for which no response is required.

195.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 195 and therefore denies those allegations.

196.    Monsanto denies the allegations in paragraph 196.

197.    Monsanto denies the allegations in paragraph 197.

198.    Monsanto denies the allegations in paragraph 198.

199.    Monsanto denies the allegations in paragraph 199.

200.    Monsanto denies the allegations in paragraph 200.

In response to the "WHEREFORE" paragraph following paragraph 200, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

201.    Monsanto incorporates by reference its responses to paragraphs 1 through 200 in response to paragraph 201 of plaintiffs' Complaint.

202.    In response to the allegations in paragraph 202, Monsanto denies that it engaged in any wrongdoing or wrongful acts or omissions.  Monsanto denies – and objects to – allegations by plaintiffs that purport to lump Monsanto together with other defendants.  Monsanto responds to the allegations in paragraph 202 and other allegations in the Complaint only on behalf of Monsanto and not on behalf of any other defendant.  The remaining allegations in paragraph 202 set forth conclusions of law and/or are directed at defendants other than Monsanto, so no response from Monsanto is required for these allegations.

203.    Monsanto denies the allegations in paragraph 203.  Additionally, the allegations in the last sentence in paragraph 203 set forth conclusions of law for which no response is required.

204.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 204 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 204 set forth conclusions of law for which no response is required.

205.    The allegations in paragraph 205 set forth conclusions of law for which no response is required.

206.    Monsanto denies the allegations in paragraph 206.

207.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 207 and therefore denies those allegations.

208.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 208 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies the allegations in paragraph 208.

1   209.   Monsanto denies the allegations in paragraph 209.

2   210.   Monsanto denies the allegations in paragraph 210.

3   211.   Monsanto denies the allegations in paragraph 211.

4   In response to the allegations in the "WHEREFORE" paragraph following paragraph

5   211, Monsanto demands that judgment be entered in its favor and against plaintiffs; that

6   plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

7   and reasonable attorney's fees as allowed by law and such further and additional relief as this

8   Court may deem just and proper.

9   212.   Monsanto incorporates by reference its responses to paragraphs 1 through 211 in

10   response to paragraph 212 of plaintiffs' Complaint.

11   213.   In response to the allegations in paragraph 213, Monsanto denies that it engaged

12   in any wrongdoing or wrongful acts or omissions.  Monsanto denies – and objects to –

13   allegations by plaintiffs that purport to lump Monsanto together with other defendants.

14   Monsanto responds to the allegations in paragraph 213 and other allegations in the Complaint

15   only on behalf of Monsanto and not on behalf of any other defendant.  The remaining allegations

16   in paragraph 213 set forth conclusions of law and/or are directed at defendants other than

17   Monsanto, so no response from Monsanto is required for these allegations.

18   214.   In response to the allegations in paragraph 214, Monsanto admits that it has

19   manufactured, distributed, advertised, promoted, and sold Roundup®-branded products.

20   215.   Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 215 concerning plaintiff's claimed use of Roundup®-branded

22   products and therefore denies those allegations.  Monsanto admits that it has sold glyphosate

23   based herbicides in accordance with their EPA-approved labeling.  The remaining allegations in

24   paragraph 215 set forth conclusions of law for which no response is required.

25   216.   Monsanto lacks information or knowledge sufficient to form a belief as to the

26   truth of the allegations in paragraph 216 concerning plaintiff's foreseeable use of Roundup®-

27   branded products and therefore denies those allegations.  The remaining allegations in paragraph

28   216 set forth conclusions of law for which no response is required.

217.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 217 and therefore denies those allegations.

218.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 218 and therefore denies those allegations.

219.     The allegations in paragraph 219 set forth conclusions of law for which no response is required.

220.     The allegations in paragraph 220 set forth conclusions of law for which no response is required.

221.     Monsanto denies the allegations in paragraph 221.

222.     Monsanto denies the allegations in paragraph 222.

223.     Monsanto denies the allegations in paragraph 223.

224.     Monsanto denies the allegations in paragraph 224.

225.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 225 regarding plaintiff's reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 225.

226.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 226 regarding reliance by plaintiff and others and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 226.

227.     Monsanto denies the allegations in paragraph 227.

228.     Monsanto denies the allegations in paragraph 228.

229.     Monsanto denies the allegations in paragraph 229.

230.     Monsanto denies the allegations in paragraph 230.

231.     Monsanto denies the allegations in paragraph 231.

In response to the allegations in the "WHEREFORE" paragraph following paragraph 231, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

232.    Monsanto incorporates by reference its responses to paragraphs 1 through 231 in response to paragraph 232 of plaintiffs' Complaint.

233.    In response to the allegations in paragraph 233, Monsanto denies that it engaged in any wrongdoing or wrongful acts or omissions.  Monsanto denies – and objects to – allegations by plaintiffs that purport to lump Monsanto together with other defendants. Monsanto responds to the allegations in paragraph 233 and other allegations in the Complaint only on behalf of Monsanto and not on behalf of any other defendant.  The remaining allegations in paragraph 233 set forth conclusions of law and/or are directed at defendants other than Monsanto, so no response from Monsanto is required for these allegations.

234.    In response to the allegations in paragraph 234 and its subparts, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic, and non-genotoxic when used in accordance with the products' EPA approved labeling.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiffs and therefore denies those allegations.  The remaining allegations in paragraph 234 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

235.    Monsanto denies the allegations in paragraph 235.

236.    Monsanto denies the allegations in paragraph 236.

237.    Monsanto denies the allegations in paragraph 237.

238.    Monsanto denies the allegations in paragraph 238.

239.    Monsanto denies the allegations in paragraph 239.

In response to the allegations in the "WHEREFORE" paragraph following paragraph 239, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

240.    Monsanto incorporates by reference its responses to paragraphs 1 through 239 in response to paragraph 240 of plaintiffs' Complaint.

241.     In response to the allegations in paragraph 241, Monsanto denies that it engaged in any wrongdoing or wrongful acts or omissions.  Monsanto denies – and objects to – allegations by plaintiffs that purport to lump Monsanto together with other defendants. Monsanto responds to the allegations in paragraph 241 and other allegations in the Complaint only on behalf of Monsanto and not on behalf of any other defendant.  The remaining allegations in paragraph 241 set forth conclusions of law and/or are directed at defendants other than Monsanto, so no response from Monsanto is required for these allegations.

242.     Monsanto admits that plaintiffs purport to bring certain claims alleged in paragraph 242 of the Complaint but denies any liability as to those claims.

243.     Monsanto denies the allegations in paragraph 243.

244.     Monsanto denies the allegations in paragraph 244.

245.     Monsanto denies the allegations in paragraph 245.

246.     Monsanto denies the allegations in paragraph 246.

247.     Monsanto denies the allegations in paragraph 247.

248.     Monsanto denies the allegations in paragraph 248.

249.     Monsanto denies the allegations in paragraph 249.

250.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 250 regarding plaintiff's actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 250.

251.     Monsanto denies the allegations in paragraph 251.

252.     Monsanto denies the allegations in paragraph 252.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

253.     Monsanto denies the allegations in paragraph 253.

254.     Monsanto denies the allegations in paragraph 254.

255.     Monsanto denies the allegations in paragraph 255.

256.     Monsanto denies the allegations in paragraph 256.

257.     Monsanto denies the allegations in paragraph 257.

In response to the allegations in the "WHEREFORE" paragraph following paragraph 257 Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

258.    Monsanto incorporates by reference its responses to paragraphs 1 through 257 in response to paragraph 258 of the plaintiffs' Complaint.

259.    The allegations of paragraph 259 set forth conclusions of law for which no response is required.

260.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 260 and therefore denies those allegations.

In response to the allegations in the "WHEREFORE" paragraph following paragraph 260, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.    Plaintiffs' claims against Monsanto are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.      Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims against Monsanto based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiffs have failed to allege fraud with sufficient particularity.

8.      Plaintiffs' claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.      Plaintiffs' claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.     Plaintiffs' claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiffs' claims against Monsanto are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of

events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

12.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

13.     Applicable statutes of limitations and/or repose bar plaintiffs' claims against Monsanto in whole or in part.

14.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against Monsanto in whole or in part.

15.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

16.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

17.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

18.     Plaintiffs' claims against Monsanto are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiffs' claims against Monsanto for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the California Constitution, the Kentucky Constitution, and/or other applicable state constitutions.

20.     Plaintiffs' claims against Monsanto for punitive damages are barred because plaintiffs have failed to allege conduct warranting imposition of punitive damages under California law, Kentucky law, and/or other applicable state laws.

21.     Plaintiffs' claims against Monsanto for punitive damages are barred and/or limited by operation of state and/or federal law.

22.     Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiff's own contributory/comparative negligence.

23.     Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiff's own failure to mitigate damages.

24.     Plaintiffs' claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

25.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiffs' claims against Monsanto are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

27.     Plaintiffs' claims against Monsanto are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs received from collateral sources.

29.     Plaintiffs' common law claims against Monsanto are barred, in whole or part, by application of the Kentucky Product Liability Act, Ky. Rev. Stat. § 411.300, *et seq*.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  March 11, 2019                            Respectfully submitted,

                                        /s/ Joe G. Hollingsworth
                                        Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

- 31 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-01185-VC