

March 11, 2019

Hon. Vince Chhabria
United States District Court
450 Golden Gate Avenue, 17th floor, Courtroom 4
San Francisco, CA  94102

    Re:   *In re Roundup Prods. Lab. Litig., No. 3:16-md-02741-VC*

Dear Judge Chhabria:

    Plaintiff submits this letter to object to the wording of the Court's proposed Causation Instruction as reflected in Pretrial Order ("PTO") No. 106.

    Specifically, Plaintiff objects to the following language:

> "Subject to the additional instruction below, conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.
>
> The following additional instructions apply if you believe that two or more NHL-causing factors operated independently on Mr. Hardeman:
> If you conclude that Mr. Hardeman has proven that his exposure to Roundup was sufficient on its own to cause his NHL, then you must find for Mr. Hardeman even if you believe that other factors were also sufficient on their own to cause his NHL.  On the other hand, if you conclude that Mr. Hardeman has not proven that his exposure to Roundup was sufficient on its own to cause his NHL, then you must find for Monsanto."

    This language makes a finding for Plaintiff *impossible* unless the jury finds that Roundup is the ***sole factor*** that caused Mr. Hardeman's NHL, instead of the term set forth in CACI 430, a ***substantial factor***.  In other words, the language vitiates the "substantial factor" standard altogether and is inconsistent with California law.  *See Logacz v. Limansky*, 71 Cal. App. 4th 1149 (1999); *see State Dept. of State Hospitals v. Superior Court,* 61 Cal.4th 339, 352, fn. 12 (2015) (California law is clear that the "but for" test has been repudiated in products cases like this one.  "In cases where concurrent independent causes contribute to an injury, we apply the 'substantial factor' test of the Restatement Second of Torts, section 423, which subsumes traditional 'but for' causation.").

Moreover, the term "sufficient" is neither contained nor defined in CACI 430 and 431 and, thus, creates a legal standard found nowhere in the law. Injecting a new legal term, without any definition, is tantamount to rewriting tried-and-true jury instructions handed down by the California Supreme Court, which Plaintiff has explicitly requested. The instructions in PTO 106, as written, will not withstand appellate scrutiny should Plaintiff not prevail during Phase One.

Furthermore, as discussed in this afternoon's colloquy, the alternative language will likely confuse the jury, is internally inconsistent as well, and will seriously prejudice Plaintiff Hardeman. Plaintiff incorporates his objections made today in Court, as well as those made previously to the jury instructions at the pre-trial conference.

Plaintiff thus objects to the wording of the Causation Instruction contained in PTO 106.

Should the Court overrule Plaintiff's objection, then Plaintiff suggests, at a minimum, substituting "a substantial factor" in each instance where the Court uses the term "sufficient on its own." The language would then read as follows:

> If you conclude that Mr. Hardeman has proven that his exposure to Roundup was **a substantial factor in causing** his NHL, then you must find for Mr. Hardeman even if you believe that other factors were also **substantial factors causing** his NHL. On the other hand, if you conclude that Mr. Hardeman has not proven that his exposure to Roundup was a **substantial factor** to cause his NHL, then you must find for Monsanto.

Additionally, the Plaintiff respectfully requests the Court include the last sentence of the first paragraph of CACI 430 to : "It does not have to be the only cause of the harm." This sentence should be inserted following the sentence in the first paragraph of the Court's Instruction No. 9, "It must be more than a remote or trivial factor."

Plaintiff implores the Court to stick to the standard CACI instructions and use the law that has been used repeatedly in product liability cases for decades. There is no valid reason for departing from these standard instructions beyond tempting reversing error.

                              Sincerely,
                              /s/ Jennifer A. Moore

                              Jennifer A. Moore, Esq.