**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
aimee.wagstaff@andruswagstaff.com

**MOORE LAW GROUP, PLLC**
Jennifer A. Moore (SBN 206779)
1473 S. 4th Street
Louisville, KY 40208
Tel: (502) 717-4080
jennifer@moorelawgroup.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Hardeman vs. Monsanto Co., et al.*, 3:16-cv-0525-VC | MDL No. 2741<br>Case Number: 3:16-MD-02741-VC<br><br>**PLAINTIFF HARDEMAN'S MOTION FOR CURATIVE INSTRUCTION REGARDING PERSONAL PROTECTIVE EQUIPMENT** |

During trial on Friday, March 8, 2019, Dr. Lorelei Mucci testified about the use of personal protective equipment ("PPE") in the context of the Agricultural Health Study. *See* Trial Transcript ("Transcript"), March 8, 2019, pp. 1441-1443.

To ensure that members of the jury remain focused on the narrow scope of Phase I, and because there is no dispute that Plaintiff Hardeman used Roundup according to the label (which does not require PPE), Plaintiff respectfully requests a curative instruction to the effect of:

"The Parties agree that Mr. Hardeman used Roundup as set forth in the label."

### I. ARGUMENT

#### A. The Legal Standard

A curative instruction is appropriate when a jury hears inappropriate testimony. *See Hatfield-Bermudez v. Aldanondo-Rivera*, 496 F.3d 51, 64 (1st Cir. 2007) (noting a trial court's usual remedy for an impropriety will be to give a curative instruction), citing *Rodriguez–Torres v. Caribbean Forms Mfr., Inc.*, 399 F.3d 52, 63 (1st Cir. 2005)). "Absent extraordinary circumstances, a jury is presumed to follow an instruction to disregard irrelevant or improper evidence inadvertently presented to it. *Jones v. McEwen*, Case No. ED CV 12-506-DMG RZ, 2013 WL 1970241, at *1 (C.D. Cal. May 13, 2013) (citing *Greer v. Miller*, 483 U.S. 756, 766 n. 8 (1987)).

#### B. Dr. Mucci's Testimony

During direct examination, Dr. Mucci testified about the questions included in the Agricultural Health Study about the use of PPE.

> Q: And did they also ask about protective equipment?
> A: Yes, they did. So, again, each person in the study could fill out all the ways they might use protective gear. So, for example, using goggles or wearing gloves or just reporting that they didn't use any type of protective gear. Again, with the idea the more protective gear, the less exposure there would be inside the body.

*See* Transcript, 1441:22-1442:2.

Although the parties do not dispute that Mr. Hardeman used Roundup according to its label – which does not require PPE – without a curative instruction, Dr. Mucci's testimony could prejudicially suggest to the jury that Mr. Hardeman should have been wearing PPE while using Roundup.

### C. Monsanto's Opening Statement

In addition to Dr. Mucci's testimony, Monsanto's opening statement and accompanying slides serve as a basis for the requested curative instruction.

During opening statement, Counsel for Monsanto, while explaining the Agricultural Health Study, included a bullet point which read: "protective gear?" *See* Monsanto's Opening Deck, Slide 37 (Docket No. 2862, Exh. 3). Counsel for Monsanto also raised a question about whether "Cancer Doctors…Warn About Roundup?" *Id.*, Slide 47.

These statements, taken together with Dr. Mucci's testimony, raise the very real possibility that the jury will stray into areas of inquiry that are not before them: whether Mr. Hardeman should have been wearing protective gear and, if he had, whether PPE would have had a relevant impact on his exposure.

## II. CONCLUSION

For the foregoing reasons, the following curative instruction is warranted:

"The Parties agree that Mr. Hardeman used Roundup as set forth in the label."

Dated: March 11, 2019

Respectfully submitted,

ANDRUS WAGSTAFF, PC

By: */s/ Aimee Wagstaff*

*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of March 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Aimee H. Wagstaff