

**Aimee H. Wagstaff, Esq.**
*Licensed in Colorado and California*
Aimee.Wagstaff@AndrusWagstaff.com

7171 W. Alaska Drive
Lakewood, CO 80226
Office: (303) 376-6360
Fax: (303) 376-63614
Website: www.AndrusWagstaff.com

March 14th, 2019

**FILED VIA ECF**
Honorable Vince Chhabria
United States District Court,
Northern District of California

      RE: Case No: 3:16-md-02741-VC, In re Roundup Products Liability Litigation

To the Honorable Vince Chhabria:

      Mr. Hardeman's design defect claim is cognizable regardless of whether it proceeds under a consumer expectations or risk benefit theory. Mr. Hardeman's claim is that Roundup®, not glyphosate, is defectively designed. And although any discussion of Roundup® is conspicuously absent from Monsanto's letter brief, the distinction between formulated product and active ingredient is not insignificant—indeed, this distinction has *always* been central to Mr. Hardeman's theory of the case. *See* Hardeman Am. Compl. at ¶ 48; 62.[1]

      In order to prove design defect pursuant to a consumer expectations theory, Mr. Hardeman must prove that: (1) Roundup is a product about which an ordinary consumer can form reasonable minimum safety requirements; (2) That Monsanto manufactured, distributed and sold Roundup®; (3) that the Roundup® used by Mr. Hardeman did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way; (4) that Mr. Hardeman was harmed; and (5) That Roundup®'s failure to perform safely was a substantial factor in causing Mr. Hardeman's harm. *See* CACI No. 1203.

      Under a risk-benefit theory in California, "a product may be found defective in design, *even if it satisfies ordinary consumer expectations*, if through hindsight the jury determines that the product's design embodies 'excessive preventable danger,' or, in other words, if the jury finds that the risk of danger inherent in the challenged design outweighs the benefits of such design." *Barker v. Lull Engr. Co.*, 573 P.2d 443, 454 (Cal. 1978) (emphasis added) (citations omitted). Thus, even if the Court applies the risk-benefit test, Mr. Hardeman can prevail on this theory by showing that the risk of NHL outweighs the utility of killing poison oak.

---

[1] Indeed, internal Monsanto emails virtually concede this point as evidenced by the attached exhibit in which Monsanto employee Richard Garnett notes that "how can you just ban glyphosate products – easy, glyphosate is safe so they have to regulate based on the most toxic part of the formulation." Exh. 1 at 2. The email also provides strong evidence that tallow amine surfactants, and particularly POEA, are more dangerous that other formulations containing safer surfactants.

For the reasons discussed in his memorandum pertaining to the consumer expectations vs. risk-benefit tests, Mr. Hardeman contends that the consumer expectations theory should apply, and it is unnecessary to re-litigate those issues here. *See Hardeman v. Monsanto Co.*, No. 3:16-cv-005250VC (N.D. Cal. Mar. 7, 2019), ECF No. 2939. And, although Mr. Hardeman is not required to prove reasonable alternative design[2] should the Court determine the risk-benefit test applies, there is sufficient evidence for a jury to conclude that Roundup® without a -tallow amine surfactant would constitute a safer alternative design. See Exh. 1.

### Mr. Hardeman's Defect Claim Does Not Present A Preemption Issue

Monsanto hangs its hat on *Poosh v. Philip Morris USA, Inc.,* to contend—for the first time—that categorical design defect liability for carcinogenic formulations is improper. 904 F. Supp 2d 1009, 1025-26 (N.D. Ca. 2012). However, the *Poosh* decision is easily distinguishable from any pesticide claim because, in the context of cigarettes, "Congress ... foreclosed the removal of tobacco products from the market." 904 F. Supp. 2d at 1025-1026 citing *Food & Drug Admin. v. Brown & Williamson Tobacco Corp.,* 529 U.S. 120 (2000). But this is not the case with FIFRA, which expressly reserves to the states the ability to ban or restrict the uses of pesticides. *See* 7 U.S.C. § 136v(a). The Court acknowledged this principle in denying Monsanto's motion for summary judgment, holding that "if California can stop Monsanto from selling Roundup entirely, surely it can impose state-law duties that might require Monsanto to seek EPA approval before selling an altered version of Roundup in California." *See* PTO 101.

Plaintiff's design defect claim does not go so far as to imply a categorical ban on the sale of Roundup®. A design defect verdict in favor Mr. Hardeman, even viewed in the light most favorable to Monsanto, is analogous to a state law requirement restricting the sale of Roundup® to commercial users—a power Congress overtly afforded to California in FIFRA § 136v(a). Accordingly, Mr. Hardeman's design defect claim should proceed, regardless of whether the Court applies the consumer expectations or risk-benefit test.

---

[2] Upon making a *prima facie* showing that his NHL was caused by Monsanto's formulated Roundup products, the burden then shifts to Monsanto to demonstrate that the benefits Roundup® containing tallow amine surfactants then shifts back to Monsanto. *See Barker v. Lull Engr. Co.,* 573 P.2d 443 (Cal. 1978) ("Because most of the evidentiary matters which may be relevant to the determination of the adequacy of a product's design under the "risk-benefit" standard, e. g., the feasibility and cost of alternative designs, are similar to issues typically presented in a negligent design case and involve technical matters peculiarly within the knowledge of the manufacturer, once the plaintiff makes a prima facie showing that the injury was proximately caused by the product's design, the burden should appropriately shift to the defendant to prove, in light of the relevant factors, that the product is not defective; further, the defendant's burden is one affecting the burden of proof, rather than simply the burden of producing evidence.")

3

Dated: March 14, 2019  Respectfully submitted,

/s/ Aimee H. Wagstaff
Aimee H. Wagstaff, Esq.
ANDRUS WAGSTAFF, PC
7171 W. Alaska Dr.
Lakewood, CO 80226
Email: aimee.wagstaff@andruswagstaff.com