**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
Aimee.wagstaff@andruswagstff.com
David J. Wool (SBN 324124)
David.Wool@andruswagstaff.com
7171 W. Alaska Drive
Lakewood, CO  80226
Telephone: 303-376-6360

**MOORE LAW GROUP, PLLC**
Jennifer A. Moore (SBN 206779)
jennifer@moorelawgroup.com
1473 South 4th Street
Louisville, KY  40208
Telephone: 502-717-4080

*Co-counsel for Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC<br><br>Hon. Vince Chhabria |
| This document relates to:<br><br>*Hardeman v. Monsanto Co., et al.,*<br>3:16-cv-00525-VC | **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS FOR PHASE 2** |

Pursuant to this Court's Standing Order, Plaintiff, Edwin Hardeman, hereby submits his proposed jury instructions for Phase 2. Plaintiff reserves the right to submit any additional jury instructions as needed based on the evidence or the conduct of the trial, or to modify or withdraw any requested instruction. Because the Court has left open the question of what, if any, test for design will The submission of these instructions is without prejudice to Plaintiff moving for the exclusion of any evidence.

Plaintiff respectfully requests that the Court include the following instructions from the Ninth Circuit Model Jury Instructions: 1.2; 1.3; 1.4; 1.5; 1.6; 1.7; 1.9; 1.10; 1.11; 1.12; 1.13; 1.14; 1.15; 1.16; 1.17; 1.18; 1.19; 1.20; 1.21; 2.1 (if applicable); 2.2; 2.3; 2.4; 2.9; 2.11; 2.12; 2.13; 2.14; 2.15; 2.16; 3.1; 3.2; 3.3; 3.4; 3.5; 3.6; 3.7; and 3.8.

**INSTRUCTION NO. 1**

**(Strict Liability)**

Edwin Hardeman claims that he was harmed by Roundup®, a product distributed, manufactured, and sold by Monsanto that:

1. was defectively designed; and
2. did not include sufficient warning of potential safety hazards during the time Mr. Hardeman used the product.

SOURCE: Modified from Judicial Council of California Civil Jury Instructions (CACI) No. 1200.

**INSTRUCTION NO. 2**

**(Strict Liability – Design Defect - Consumer Expectations Test)**

It is established that Monsanto manufactured, distributed, and sold Roundup®. In Phase 1, you found that Mr. Hardeman was harmed by Roundup®. In Phase 2, Mr. Hardeman claims that the design of Roundup® was defective because Roundup® did not perform as safely as an ordinary consumer would have expected it to perform. To establish that claim, Mr. Hardeman must prove all of the following:

1. That the product is one about which an ordinary consumer can form reasonable minimum safety expectations;

2. That the Roundup® used by Mr. Hardeman did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way;

3. That Roundup®'s failure to perform safely was a substantial factor in causing Mr. Hardeman's harm.

SOURCE: Modified from Judicial Council of California Civil Jury Instructions (CACI) No. 1203.

## INSTRUCTION NO. 3

**(Strict Liability – Failure to Warn)**

It is established that Monsanto manufactured, distributed, and sold Roundup®. In Phase 1, you found that Mr. Hardeman was harmed by Roundup®. In Phase 2, Mr. Hardeman claims that Roundup® lacked sufficient warnings of potential risks. Monsanto admits that it failed to warn about Roundup®'s risk of cancer. To establish this claim, Mr. Hardeman must prove all of the following:

1. That Roundup® had the potential risk of causing cancer and that risk was known or knowable in light of the scientific and medical knowledge that was generally accepted in the scientific community at the time of the manufacture, distribution, and sale of Roundup®;

2. That the potential risk of cancer presented a substantial danger when Roundup® is used or misused in an intended or reasonably foreseeable way;

3. That ordinary consumers would not have recognized the potential risk of cancer;

4. That the lack of sufficient warnings was a substantial factor in causing Mr. Hardeman's harm.

SOURCE: Modified from Judicial Council of California Civil Jury Instructions (CACI) No. 1205.

**INSTRUCTION NO. 4**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A corporation can be negligent by acting or by failing to act. A corporation is negligent if it does something that a reasonably careful corporation would not do in the same situation or fails to do something that a reasonably careful corporation would do in the same situation.

You must decide how a reasonably careful corporation would have acted in Monsanto's situation.

SOURCE: Modified from Judicial Council of California Civil Jury Instructions (CACI) No. 401.

**INSTRUCTION NO. 5**

**(Negligence)**

It is established that Monsanto manufactured, distributed, and sold Roundup®. In Phase 1, you found that Mr. Hardeman was harmed by Roundup®. In Phase 2, Mr. Hardeman claims that he was harmed by Monsanto's negligence and that Monsanto should be held responsible for that harm. To establish this claim, Mr. Hardeman must prove all of the following:

1. That Monsanto was negligent in designing, manufacturing, or supplying Roundup® or failed to provide adequate warnings of the risks of Roundup®;

2. That Monsanto's negligence was a substantial factor in causing Mr. Hardeman's harm.

SOURCE: Judicial Council of California Civil Jury Instructions (CACI) No. 1220.

## INSTRUCTION NO. 6

### (NEGLIGENCE – FAILURE TO WARN)

It is established that Monsanto manufactured, distributed, and sold Roundup®. In Phase 1, you found that Mr. Hardeman was harmed by Roundup®. In Phase 2, Mr. Hardeman claims that Monsanto was negligent by not using reasonable care to warn or instruct about Roundup®'s dangerous condition or about facts that made Roundup® likely to be dangerous. Monsanto admits that it failed to warn about Roundup®'s risk of cancer.

To establish this claim, Mr. Hardeman must prove all of the following:

1. That Monsanto knew or reasonably should have known that Roundup® was dangerous or was likely to be dangerous when used or misused in a reasonably foreseeable manner;

2. That Monsanto knew or reasonably should have known that users would not realize the danger;

3. That Monsanto failed to adequately warn of the danger of Roundup®;

4. That a reasonable manufacturer, distributor, or seller under the same or similar circumstances would have warned of the danger or instructed on the safe use of the Roundup® product;

5. That Monsanto's failure to warn or instruct was a substantial factor in causing Mr. Hardeman's harm.

SOURCE: Modified from Judicial Council of California Civil Jury Instructions (CACI) No. 1222.

## INSTRUCTION NO. 7
## (DAMAGES)

If you decide that Mr. Hardeman has proved his claim against Monsanto, you also must decide how much money will reasonably compensate Mr. Hardeman for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Monsanto's wrongful conduct, even if the particular harm could not have been anticipated.

Mr. Hardeman does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The damages claimed by Mr. Hardeman for the harm caused by Monsanto fall into two categories called economic damages and noneconomic damages. The parties have stipulated to the amount of economic damages. The stipulated amount has already been included on the verdict form. You will, however, be asked to state the amount of non-economic damages.

### **Non-Economic Damages**

The non-economic damages claimed by Mr. Hardeman are for past and future: Physical Pain; Mental Suffering; Loss of Enjoyment of Life; Physical Impairment; Inconvenience; Grief; Anxiety; Humiliation; and Emotional Distress and any other similar damages.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress, Mr. Hardeman must prove that he is reasonably certain to suffer that harm.

For future non-economic damages, determine the amount in current dollars paid at the time of judgment that will compensate Mr. Hardeman for future non-economic damages.

SOURCE: Judicial Council of California Civil Jury Instructions (CACI) No. 3900.

**INSTRUCTION NO. 8**

If you decide Mr. Hardeman has suffered damages that will continue for the rest of his life, you must determine how long he will probably live. According to National Vital Statistics Report published by the National Center for Health Statistics, a 70-year-old male is expected to live another 14.30 years. This is the average life expectancy. Some people live longer and others die sooner.

This published information is evidence of how long a person is likely to live but is not conclusive. In deciding a person's life expectancy, you should also consider, among other factors, that person's health, habits, activities, lifestyle, and occupation.

SOURCE: Judicial Council of California Civil Jury Instructions (CACI) No. 3932.

**INSTRUCTION NO. 9**

Mr. Hardeman seeks damages from Monsanto under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

SOURCE: Modified from Judicial Council of California Civil Jury Instructions (CACI) No. 3934.

# INSTRUCTION NO. 10

If you decide that Monsanto's conduct caused Mr. Hardeman's harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future. You must not include in an award of punitive damages any amount intended as compensation for loss, harm, or damage that Mr. Hardeman has incurred or may incur.

You may award punitive damages against Monsanto only if Mr. Hardeman proves that Monsanto engaged in conduct with malice, oppression, or fraud. To do this, Mr. Hardeman must prove one of the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Monsanto, who acted on behalf of Monsanto; or

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Monsanto; or

3. That one or more officers, directors, or managing agents of Monsanto knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Monsanto acted with intent to cause injury or that Monsanto's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Monsanto's conduct was despicable and subjected Mr. Hardeman to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Monsanto intentionally misrepresented or concealed a materal fact and did so intending to harm Plaintiff.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

    A.    How reprehensible was Monsanto's conduct? In deciding how reprehensible Monsanto's conduct was, you may consider, among other factors:

        1.    Whether the conduct caused physical harm;

        2.    Whether Monsanto disregarded the health or safety of others;

        3.    Whether Mr. Hardeman was financially weak or vulnerable and Monsanto knew Mr. Hardeman was financially weak or vulnerable and took advantage of him;

        4.    Whether Monsanto's conduct involved a pattern or practice; and

        5.    Whether Monsanto acted with trickery or deceit.

    B.    Is there a reasonable relationship between the amount of punitive damages and Mr. Hardeman's harm or between the amount of punitive damages and potential harm to Mr. Hardeman that Monsanto knew was likely to occur because of its conduct?

    C.    In view of Monsanto's financial condition, what amount is necessary to punish Monsanto and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Monsanto has substantial financial resources. Any award you impose may not exceed Monsanto's ability to pay.

Punitive damages may not be used to punish Monsanto for the impact of its alleged misconduct on persons other than Mr. Hardeman.

SOURCE: Modified from Judicial Council of California Civil Jury Instructions (CACI) No. 3940.

1

2

3   DATED: March 14, 2019           Respectfully submitted,

4                                   /s/ Aimee Wagstaff
                                    **ANDRUS WAGSTAFF, PC**
                                    Aimee H. Wagstaff (SBN 278480)
5                                   Aimee.wagstaff@andruswagstff.com
                                    David J. Wool (SBN 324124)
6                                   David.Wool@andruswagstaff.com
                                    7171 W. Alaska Drive
7                                   Lakewood, CO  80226
                                    Telephone: 303-376-6360
8
                                    **MOORE LAW GROUP, PLLC**
9                                   Jennifer A. Moore (SBN 206779)
                                    jennifer@moorelawgroup.com
10                                  1473 South 4th Street
                                    Louisville, KY  40208
11                                  Telephone: 502-717-4080

12                                  *Co-counsel for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I certify that on March 14, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Aimee Wagstaff