Kirk J. Goza
Goza & Honnold, LLC
9500 Nall Ave. Suite 400
Overland Park, KS 66207
Telephone: (913) 451-3433
*Attorney for Plaintiff Allan Mehrens*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to :<br><br>Allan Mehrens, Cause No. 3:17-cv-01151-CCV (N.D. Cal.) | |

## **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S THIRD AMENDED MOTION TO DISMISS WITH PREJUDICE**

Plaintiff, by and through his counsel in the above-captioned matter, and in in opposition to Defendant Monsanto's Third Amended Motion to Dismiss with Prejudice, respectfully requests the court to deny the motion and instead dismiss the above-captioned case <u>without</u> prejudice. In the present case, any delay in providing the Plaintiff Fact Sheet to defendant Monsanto was unintentional and the result of Plaintiff's mistake and misunderstanding as set forth in detail below. A dismissal prejudice would be a severe and unwarranted sanction in these circumstances where there is no showing of intentional or willful neglect. Further, a dismissal without prejudice would be a just remedy in the Federal Court action and allow the first filed state court action to proceed

on the merits. Thus, Plaintiff respectfully requests the court deny the "extreme sanction" of dismissal with prejudice.

**Facts:**

1. Plaintiff mistakenly contracted with two separate law firms to represent him in his lawsuit against Monsanto. The two firms were Goza & Honnold, LLC and the Andrus Wagstaff firm.

2. Andrus Wagstaff filed Plaintiff's Missouri State Court claim on 1/23/18, which is pending in the Circuit Court of St. Louis County, Missouri, case no. 18SL-CC00380, captioned Robert Alderman et al v. Monsanto Co. See Exhibit 2, Case Summary for MO State Action and Petition.

3. Plaintiff's Missouri claim is based on the same set of facts and circumstances as the present claim.

4. Goza & Honnold filed Plaintiff's present claim in Federal Court in the Northern District of California on 2/2/18.

5. Plaintiff was unaware or confused about his dual representation and the fact that two separate law firms were filing separate claims on his behalf.

6. Goza & Honnold and Andrus Wagstaff were also unaware of Plaintiff's dual representation and two identical claims until March 11, 2019.

7. Throughout the course of the present case, Goza & Honnold made numerous attempts by telephone and mail to reach Plaintiff regarding his federal court case. See Exhibit 3, Communications sent to Plaintiff by Goza & Honnold.

8. Goza & Honnold sent an update letter to Plaintiff on August 16, 2018, but this letter was returned to sender. See Exhibit 3.

9. Goza & Honnold attempted to reach plaintiff and plaintiff's emergency contact by telephone but were unsuccessful.

10. Goza & Honnold ran a Tracer's search in an attempt to locate a new address for plaintiff. See Exhibit 3.

11. Goza & Honnold attempted to reach Plaintiff again by mail on January 16, 2019 at addresses located through Tracer's search. See Exhibit 3.

12. Goza and Honnold also sent a copy of the Plaintiff Fact Sheet and a form cover letter to plaintiff on 10/12/2018. See Exhibit 3.

13. Plaintiff moved into a new address during the pendency of this litigation, but did not inform Goza & Honnold of his new address.

14. Plaintiff obtained a new telephone number during the pendency of this litigation, but did not inform Goza & Honnold of his new telephone number.

15. Plaintiff did not update Goza & Honnold on his change in contact information believing that he was only being represented by attorneys at Andrus Wagstaff. See Exhibit 1.

16. Plaintiff updated Andrus Wagstaff of his change in contact information under the belief that Andrus Wagstaff was handling his Roundup lawsuit and would contact him with any necessary information. See Exhibit 1.

17. As a result of Plaintiff's confusion with regard to his dual representation and two lawsuits, and despite the efforts by Goza & Honnold, Plaintiff did not receive any of the communications directed to him by Goza & Honnold regarding his federal claim and Plaintiff Fact Sheet.

18. Plaintiff's attorneys at Andrus Wagstaff became aware of the dual representation and the fact that two lawsuits had been filed when the Andrus Wagstaff firm as part of their

leadership role was monitoring the dismissal docket and noted Plaintiff's name. They notified Goza & Honnold by telephone on March 11, 2019.

19. The Circuit Court of St. Louis County in Missouri state court has not instituted shortened discovery through a plaintiff fact sheet, but instead allows the defense to serve a full set of interrogatories, requests for production and requests for admission ensuring that the defense will get all the information necessary to defend the claim.

20. Plaintiff's attorneys at Goza & Honnold have agreed to dismiss Plaintiff's federal claim without prejudice to allow Plaintiff to pursue his state court claim with Andrus Wagstaff in the Circuit Court of St. Louis County.

21. Plaintiff does now and has always intended to comply with any court orders regarding his case, and only failed to file a Plaintiff Fact Sheet in the present case because of confusion created by the two separate cases and law firms.

## Law and Argument

"[T]he severe sanction of dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with court orders." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). "Dismissal with prejudice is an extreme sanction which should be used only where a clear record of delay or contumacious conduct by the plaintiff exists." *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980). Additionally, courts look to see whether a delay was caused by intentional conduct of the plaintiff and whether there is any actual prejudice to the defendant. *See Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986); *Berry v. CIGNA/RIS-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). As the foregoing facts clearly demonstrate, the delay in providing the Plaintiff's Fact Sheet is not the result of intentional or contumacious conduct by the plaintiff. It is merely the result of mistake and misunderstanding.

The remedy of dismissal with prejudice is drastic and could potentially serve as a bar to plaintiff's right to proceed in his legitimate and first filed case in State Court in Missouri. The Defendant Monsanto has not been and will not be actually prejudiced by any the delay. Monsanto is defending numerous similar claims already in Missouri State Court where Plaintiff Fact Sheets have not been required. Any and all the information that would have been contained in the plaintiff fact sheet is available to defendant Monsanto through the process of written discovery in the Missouri state court proceeding.

## Conclusion

Dismissal with prejudice is a drastic and inappropriate remedy in these circumstances especially when there are less severe sanctions, including dismissal without prejudice, which would "ensure compliance with court orders." *Malautea v. Suzuki Motor Co., Ltd*., 987 F.2d at 1542.

For all the reasons stated above, plaintiff prays this Court deny the Defendant's Motion to Dismiss with Prejudice and instead enter an order dismissing plaintiff's claim without prejudice.

Dated: March 18, 2019

Respectfully submitted:

/s/ Kirk J. Goza
Kirk J. Goza
GOZA & HONNOLD, LLC
9500 Nall Ave. Suite 400
Overland Park, KS 66207
Telephone: 913.451.3433
*Attorney for Plaintiff Allen Mehrens*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2019, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification to of such filing to all registered attorneys of record.

/s/ Kirk J. Goza
Kirk J. Goza

00562660-1
713925 v1