**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
         elasker@hollingsworthllp.com

*Attorneys for Defendants*
*WILBUR-ELLIS COMPANY LLC*
*and WILBUR-ELLIS FEED, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Craig Ataide, et al.*, *v. Monsanto Co.*, *et al.*, Case No. 3:19-cv-01289-VC | |

## ANSWER TO PLAINTIFFS' COMPLAINT BY DEFENDANTS WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Wilbur-Ellis Company LLC ("Wilbur-Ellis Company") and Wilbur-Ellis Feed, LLC, now known as Wilbur-Ellis Nutrition, LLC ("Wilbur-Ellis Feed") (collectively, the "Wilbur-Ellis Defendants"), by and through their counsel, respectfully respond by generally denying all allegations contained in plaintiffs' Complaint, except as set forth below.  Silence as to any allegations shall constitute a denial.

1.      The allegations in the first sentence of paragraph 1 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to defendant Monsanto Company ("Monsanto"), not the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants admit the allegations in the second sentence of paragraph 1.  The Wilbur-Ellis Defendants also admit that

- 1 -

glyphosate was one of the world's most widely used herbicides in 2013, but note that Monsanto was and is not the only manufacturer of glyphosate-based herbicides. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 1 and therefore deny those allegations.

2.      In response to the allegations in paragraph 2, the Wilbur-Ellis Defendants admit that the stated advantage of the use of crops with the Roundup Ready® trait is to substantially improve a farmer's ability to control weeds. The remaining allegations in paragraph 2 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants. To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and therefore deny those allegations.

3.      The allegations in the first sentence of paragraph 3 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants. To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 3 and therefore deny those allegations. The Wilbur-Ellis Defendants admit that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media. The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 3.

4.      The Wilbur-Ellis Defendants admit the allegations in the first sentence of paragraph 4. The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 4 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

5.      The Wilbur-Ellis Defendants admit the allegations in the first sentence of paragraph 5. The Wilbur-Ellis Defendants deny the allegations in the second sentence of

paragraph 5.

6.      In response to the allegations in paragraph 6, The Wilbur-Ellis Defendants admit that the IARC working group classified glyphosate under Group 2A.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 6.

7.      The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 7.  The remaining allegations in paragraph 7 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants admit that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world.  The Wilbur-Ellis Defendants also admit that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.

8.      The Wilbur-Ellis Defendants deny the allegations in paragraph 8.

9.      The allegations in paragraph 9 set forth conclusions of law for which no response is required.

10.     The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.     The allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.     The allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 13 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 13 and therefore deny those allegations.  The

Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 13.  In response to the allegations in the last sentence of paragraph 13, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiffs and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that plaintiff Lauri Ataide purports to bring a claim for loss of consortium but deny any liability as to that claim.  The Wilbur-Ellis Defendants deny the remaining allegations in the last sentence of paragraph 13.

14.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 14 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 14 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 14.  In response to the allegations in the last sentence of paragraph 14, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiffs and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that plaintiff Tim Gross purports to bring a claim for loss of consortium but deny any liability as to that claim.  The Wilbur-Ellis Defendants deny the remaining allegations in the last sentence of paragraph 14.

15.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 15 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 15 and therefore deny those allegations.  In response to the allegations in the second sentence of paragraph 15, the Wilbur-Ellis Defendants deny selling glyphosate-based herbicides in this country before 1974.  The Wilbur-Ellis Defendants deny the remaining allegations in the second sentence of paragraph 15 and deny the allegations in the third sentence of paragraph 15.  In response to the allegations in the last sentence of paragraph 15, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiff and plaintiff's status as a successor-in-interest to the Estate of Janice Brace and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that plaintiff James Brace

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01289-VC

purports to bring certain claims in this lawsuit but deny any liability as to those claims.

16.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 16 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 16 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 16.  In response to the allegations in the last sentence of paragraph 16, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiffs and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that plaintiff Randolph Martin purports to bring a claim for loss of consortium but deny any liability as to that claim.  The Wilbur-Ellis Defendants deny the remaining allegations in the last sentence of paragraph 16.

17.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 17 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 17 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 17.

18.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 18 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 18 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second and third sentences of paragraph 18. In response to the allegations in the last sentence of paragraph 18, the Wilbur-Ellis Defendants admit that plaintiff Jamie Donato purports to bring certain claims in this lawsuit but deny any liability as to those claims.  The Wilbur-Ellis Defendants lack information or knowledge as to the truth of the remaining allegations in the last sentence of paragraph 18 and therefore deny those allegations.

19.     The allegations regarding venue and jurisdiction in the first sentence of paragraph

19 set forth conclusions of law for which no response is required. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 19 and therefore deny those allegations. The Wilbur-Ellis Defendants deny the allegations in the second and third sentences of paragraph 19. In response to the allegations in the last sentence of paragraph 19, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiff and therefore deny those allegations. The Wilbur-Ellis Defendants admit that plaintiff Donna Hoyt purports to bring certain claims in this lawsuit but deny any liability as to those claims.

20.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 20 set forth conclusions of law for which no response is required. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 20 and therefore deny those allegations. The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 20. In response to the allegations in the last sentence of paragraph 20, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiffs and therefore deny those allegations. The Wilbur-Ellis Defendants admit that plaintiff Nellie Ban Dan purports to bring a claim for loss of consortium but deny any liability as to that claim. The Wilbur-Ellis Defendants deny the remaining allegations in the last sentence of paragraph 20.

21.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 21 set forth conclusions of law for which no response is required. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 21 and therefore deny those allegations. The Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 21.

22.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 22 set forth conclusions of law for which no response is required. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 22 and therefore deny those allegations. The

Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 22.  In response to the allegations in the last sentence of paragraph 22, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiffs and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that plaintiff Maria Martell purports to bring a claim for loss of consortium but deny any liability as to that claim.  The Wilbur-Ellis Defendants deny the remaining allegations in the last sentence of paragraph 22.

23.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 23 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 23 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 23.

24.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 24 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 24 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 24.  In response to the allegations in the last sentence of paragraph 24, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiffs and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that plaintiff Juliana Nielsen purports to bring a claim for loss of consortium but deny any liability as to that claim.  The Wilbur-Ellis Defendants deny the remaining allegations in the last sentence of paragraph 24.

25.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 25 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 25 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 25.

26.     The allegations regarding venue and jurisdiction in the first sentence of paragraph

26 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 26 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 26.

27.  The allegations regarding venue and jurisdiction in the first sentence of paragraph 27 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 27 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 27.

28.  The allegations regarding venue and jurisdiction in the first sentence of paragraph 28 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 28 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 28.

29.  The allegations regarding venue and jurisdiction in the first sentence of paragraph 29 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 29 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 29.  In response to the allegations in the last sentence of paragraph 29, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiffs and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that plaintiff Marie Valli purports to bring a claim for loss of consortium but deny any liability as to that claim.  The Wilbur-Ellis Defendants deny the remaining allegations in the last sentence of paragraph 29.

30.  The allegations regarding venue and jurisdiction in the first sentence of paragraph 30 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining

allegations in the first sentence of paragraph 30 and therefore deny those allegations. The Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 30.

31.    The allegations regarding venue and jurisdiction in the first sentence of paragraph 31 set forth conclusions of law for which no response is required. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 31 and therefore deny those allegations. The Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 31.

32.    The allegations regarding venue and jurisdiction in the first sentence of paragraph 32 set forth conclusions of law for which no response is required. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 32 and therefore deny those allegations. The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 32. In response to the allegations in the last sentence of paragraph 32, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiffs and therefore deny those allegations. The Wilbur-Ellis Defendants admit that plaintiff Barbara Jones purports to bring a claim for loss of consortium but deny any liability as to that claim. The Wilbur-Ellis Defendants deny the remaining allegations in the last sentence of paragraph 32.

33.    The allegations regarding venue and jurisdiction in the first sentence of paragraph 33 set forth conclusions of law for which no response is required. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 33 and therefore deny those allegations. The Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 33.

34.    The allegations regarding venue and jurisdiction in the first sentence of paragraph 34 set forth conclusions of law for which no response is required. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 34 and therefore deny those allegations. The Wilbur-Ellis Defendants deny the allegations in the second and third sentences of paragraph 34.

In response to the allegations in the last sentence of paragraph 34, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiff and plaintiff's status as successor-in-interest to the Estate of Thomas Williams and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that plaintiff Shirley Williams purports to bring certain claims in this lawsuit but deny any liability as to those claims.

35.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 35 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 35 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 35.

36.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 36 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 36 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 36.  In response to the allegations in the last sentence of paragraph 36, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiffs and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that plaintiff Doreen Frost purports to bring a claim for loss of consortium but deny any liability as to that claim.  The Wilbur-Ellis Defendants deny the remaining allegations in the last sentence of paragraph 36.

37.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 37 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 37 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 37.

38.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 38 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants

1   lack information or knowledge sufficient to form a belief as to the truth of the remaining

2   allegations in the first sentence of paragraph 38 and therefore deny those allegations.  The

3   Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 38.  In

4   response to the allegations in the last sentence of paragraph 38, the Wilbur-Ellis Defendants lack

5   information or knowledge regarding the marital status of plaintiffs and therefore deny those

6   allegations.  The Wilbur-Ellis Defendants admit that plaintiff Edith Winchester purports to bring

7   a claim for loss of consortium but deny any liability as to that claim.  The Wilbur-Ellis

8   Defendants deny the remaining allegations in the last sentence of paragraph 38.

9          39.     The allegations regarding venue and jurisdiction in the first sentence of paragraph

10   39 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants

11   lack information or knowledge sufficient to form a belief as to the truth of the remaining

12   allegations in the first sentence of paragraph 39 and therefore deny those allegations.  The

13   Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 39.

14          40.     The Wilbur-Ellis Defendants deny the allegations in paragraph 40.

15          41.     The Wilbur-Ellis Defendants deny the allegations in paragraph 41.

16          42.     The Wilbur-Ellis Defendants deny the allegations in paragraph 42.

17          43.     The Wilbur-Ellis Defendants deny the allegations in paragraph 43.

18          44.     The Wilbur-Ellis Defendants dent the allegations in paragraph 44.

19          45.     The Wilbur-Ellis Defendants deny the allegations in paragraph 45.  All labeling of

20   Roundup®-branded products has been and remains approved by the EPA and in compliance with

21   all federal requirements under FIFRA.

22          46.     The Wilbur-Ellis Defendants deny the allegations in paragraph 46.

23          47.     The Wilbur-Ellis Defendants deny that Roundup®-branded products have

24   "potential life threatening side-effects."  The Wilbur-Ellis Defendants lack information or

25   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47

26   and therefore deny those allegations.

27          48.     The Wilbur-Ellis Defendants deny the allegations in paragraph 48.

28

49.      The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 49 and therefore deny those allegations.  The remaining allegations in paragraph 49 set forth conclusions of law for which no response is required.

50.      The allegations in paragraph 50 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

51.      Wilbur-Ellis Company admits that it is a California limited liability company with its headquarters and principal place of business in San Francisco, California.  Wilbur-Ellis Company further admits that it has sold and distributed certain Monsanto glyphosate-based herbicide products in California, but denies that it has sold or distributed Monsanto's residential-lawn-and-garden glyphosate-based-herbicides in California.  Wilbur-Ellis Company notes that it has never been the only seller or distributor of Monsanto glyphosate-based herbicide products in California.

52.      Wilbur-Ellis Feed admits that it is a California limited liability company with its headquarters and principal place of business in San Francisco, California.  In response to the allegations in the second sentence of paragraph 52, the Wilbur-Ellis Defendants deny that Wilbur-Ellis Feed has ever distributed or sold any Monsanto glyphosate-based herbicide products in California (or anywhere else).  In response to the allegations in the last sentence of paragraph 52, the Wilbur-Ellis Defendants: (a) deny that either of the Wilbur-Ellis Defendants distributed any Monsanto residential-lawn-and-garden glyphosate-based-herbicides allegedly used by any plaintiff and/or plaintiff's decedent; (b) lack information or knowledge sufficient to form a belief as to the truth of any allegations regarding whether Wilbur-Ellis Company distributed any other kinds of Monsanto glyphosate-based-herbicides allegedly used by any plaintiff and/or plaintiff's decedent and therefore deny those allegations; and (c) deny that Wilbur-Ellis Feed distributed any Monsanto glyphosate-based herbicide products allegedly used by any plaintiff and/or plaintiff's decedent.

53.      The allegations in paragraph 53 set forth conclusions of law for which no

response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore deny those allegations.

54.     The allegations in paragraph 54 set forth conclusions of law for which no response is required.

55.     The allegations in paragraph 55 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to the DOE defendants, not the Wilbur-Ellis Defendants.

56.     The allegations in paragraph 56 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore deny those allegations.

57.     The allegations in paragraph 57 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore deny those allegations.

58.     In response to the allegations in paragraph 58, the Wilbur-Ellis Defendants admit that they are limited liability companies organized and existing under the laws of the State of California, with their headquarters and principal place of business in San Francisco, California. The remaining allegations in paragraph 58 are vague and conclusory and comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required.  To the extent that the allegations in paragraph 58 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

59.     The allegations in paragraph 59 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 59 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a

response from the Wilbur-Ellis Defendants.

60.      The allegations in paragraph 60 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 60 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

61.      The allegations in paragraph 61 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 61 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

62.      The Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs and/or plaintiffs' decedents to risk of their alleged cancers and deny that exposure to Roundup®-branded products did or could have caused plaintiffs' and/or plaintiffs' decedents' alleged cancers.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 62 and therefore deny those allegations.  The remaining allegations in paragraph 62 set forth conclusions of law for which no response is required.

63.      In response to the allegations in paragraph 63, the Wilbur-Ellis Defendants deny that there is any risk of cancer or other serious illness associated with or linked to exposure to Roundup®-branded products or glyphosate.  The remaining allegations in paragraph 63 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.

64.      In response to the allegations in paragraph 64, the Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs and/or plaintiffs' decedents to risk of, or caused, their alleged cancers and deny that there is any risk of serious illnesses associated with or linked to exposure to Roundup®-branded products or glyphosate. The remaining allegations in paragraph 64 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise

- 14 -

1    allegations for which the Wilbur-Ellis Defendants lack information or knowledge sufficient to

2    form a belief as to the truth of the allegations asserted and therefore deny those allegations.

3        65.    In response to the allegations in paragraph 65, the Wilbur-Ellis Defendants deny

4    that they have misrepresented or concealed the alleged "true risks associated with the use of

5    and/or exposure to" Roundup®-branded products and glyphosate or otherwise engaged in

6    fraudulent conduct.  To the extent that the allegations in paragraph 65 relate to defendants other

7    than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-

8    Ellis Defendants.  The remaining allegations in paragraph 65 set forth conclusions of law for

9    which no response is required or consist of attorney characterizations and are accordingly denied.

10       66.    The Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products

11   and glyphosate exposed plaintiffs and/or plaintiffs' decedents to risk of, or caused, their alleged

12   cancers and deny that there is any risk of serious illnesses associated with or linked to

13   Roundup®-branded products.  The Wilbur-Ellis Defendants deny the remaining allegations in

14   paragraph 66.

15       67.    In response to the allegations in paragraph 67, the Wilbur-Ellis Defendants deny

16   that they concealed "the truth regarding the safety of" Roundup®-branded products.  The

17   remaining allegations in paragraph 67 set forth conclusions of law for which no response is

18   required or consist of attorney characterizations and are accordingly denied.  To the extent that a

19   response is deemed required, the Wilbur-Ellis Defendants deny all of plaintiffs' allegations in

20   paragraph 67.

21       68.    In response to the allegations in paragraph 68, the Wilbur-Ellis Defendants deny

22   that exposure to Roundup®-branded products and glyphosate exposed plaintiffs and/or plaintiffs'

23   decedents to risk of their alleged cancers, deny that there is any risk of serious illness associated

24   with or linked to Roundup®-branded products, and deny the remaining allegations in paragraph

25   68.

26       69.    In response to the allegations in paragraph 69, the Wilbur-Ellis Defendants admit

27   that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining

28

allegations in paragraph 69 are vague and ambiguous and the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 69 and therefore deny those allegations.

70.     The Wilbur-Ellis Defendants admit the first sentence of paragraph 70.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 70 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  The Wilbur-Ellis Defendants deny the allegations in the third sentence of paragraph 70 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

71.     In response to the allegations in paragraph 71, the Wilbur-Ellis Defendants admit that farmers have safely used Roundup®-branded products since the 1970s.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 71.

72.     To the extent that the allegations in paragraph 72 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 72.

73.     The allegations in paragraph 73 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto and other entities, not the Wilbur-Ellis Defendants.

74.     The Wilbur-Ellis Defendants admit the allegations in paragraph 74.

75.     In response to the allegations in paragraph 75, the Wilbur-Ellis Defendants admit that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admit that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 75 set forth conclusions of law for which no response is required.

76.     The allegations in paragraph 76 set forth conclusions of law for which no response is required.

77.     In response to the allegations in paragraph 77, the Wilbur-Ellis Defendants admit that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States, including in California.

78.     In response to the allegations in paragraph 78, the Wilbur-Ellis Defendants admit that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admit that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The Wilbur-Ellis Defendants state that the term "the product tests" in the final sentence of paragraph 78 is vague and ambiguous, and the Wilbur-Ellis Defendants therefore deny the same.  The remaining allegations in paragraph 78 set forth conclusions of law for which no response is required.

79.     The Wilbur-Ellis Defendants deny the allegations in paragraph 79 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.  The Wilbur-Ellis Defendants admit that EPA is in the process of conducting regulatory review of various pesticide products, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 79 regarding such pesticide products generally.  The remaining allegations in paragraph 79 set forth conclusions of law for which no response is required.

80.     In response to the allegations in paragraph 80, the Wilbur-Ellis Defendants admit that EPA has undertaken a regulatory review of glyphosate and that EPA has not released its final findings.  The Wilbur-Ellis Defendants state, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

time, EPA posted an October 2015 final report by its standing Cancer Assessment Review

Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as

"Not Likely to be Carcinogenic to Humans."[2]  The Wilbur-Ellis Defendants further state that, in

December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's

carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the

descriptor] 'not likely to be carcinogenic to humans'."[3]  The Wilbur-Ellis Defendants lack

information or knowledge sufficient to form a belief as to the truth of the remaining allegations

in paragraph 80 and therefore deny those allegations.

81.     Certain allegations in paragraph 81 do not require a response from the Wilbur-

Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the

truth of the remaining allegations in paragraph 81 and therefore deny those allegations

82.     The allegations in paragraph 82 do not require a response from the Wilbur-Ellis

Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

83.     The allegations in paragraph 83 do not require a response from the Wilbur-Ellis

Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

84.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

belief as to the truth of the allegations in paragraph 84 and therefore deny those allegations.

85.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

belief as to the truth of the allegations in paragraph 85 and therefore deny those allegations.

86.     The allegations in the first sentence of paragraph 86 do not require a response

from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-

---

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01289-VC

Ellis Defendants.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 86 and therefore deny those allegations.

87.     The allegations in paragraph 87 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

88.     The allegations in paragraph 88 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

89.     The allegations in paragraph 89 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

90.     To the extent that the allegations in the second, fourth, and last sentences of paragraph 90 are directed at the Wilbur-Ellis Defendants, the Wilbur-Ellis Defendants deny those allegations.  To the extent that those allegations are directed at defendants other than the Wilbur-Ellis Defendants, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 90 and therefore deny those allegations.

91.     The allegations in paragraph 91 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

92.     The allegations in paragraph 92 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

93.     The allegations in paragraph 93 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent a response is deemed required, the Wilbur-Ellis Defendants admit that glyphosate is one of the world's largest herbicides by sales volume, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 93 and accordingly deny those allegations.

94.     The allegations in paragraph 94 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

95.     The allegations in paragraph 95 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

96.     The allegations in paragraph 96 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

97.     The allegations in paragraph 97 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

98.     In response to the allegations in paragraph 98, the Wilbur-Ellis Defendants deny that IARC follows stringent procedures for the evaluation of a chemical agent.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 98, which are not limited as of any specified date, and accordingly deny the same.

99.     In response to the allegations in paragraph 99, the Wilbur-Ellis Defendants admit that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 99.

100.     The Wilbur-Ellis Defendants deny any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 100 and therefore deny those allegations.

101.     The Wilbur-Ellis Defendants deny any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 101 and therefore deny those allegations.

102.     The Wilbur-Ellis Defendants deny the allegations in paragraph 102 to the extent

1    that they suggest that IARC had previously assessed glyphosate.  The Wilbur-Ellis Defendants

2    admit that IARC classified glyphosate as a Group 2A agent in March 2015.

3          103.    In response to the allegations in paragraph 103, the Wilbur-Ellis Defendants admit

4    that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a

5    draft of the monograph was prepared by a "working group" of individuals selected by IARC who

6    met over a one week period in March 2015 to consider glyphosate along with a number of other

7    substances.  The Wilbur-Ellis Defendants deny the allegation that all members of the working

8    group are "experts."  The Wilbur-Ellis Defendants deny that the working group or anyone at

9    IARC conducted a one-year review of the scientific evidence related to glyphosate or that the

10   working group's findings reflected a comprehensive review of the latest available scientific

11   evidence.  The Wilbur-Ellis Defendants also deny that the working group considered all

12   information available in the scientific literature and all data from government reports that are

13   publicly available.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph

14   103.

15         104.    In response to the allegations in paragraph 104, the Wilbur-Ellis Defendants deny

16   that the IARC working group considered all of the data in the numerous studies that have been

17   conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human

18   populations or that it reliably considered the studies that it purports to have reviewed, which

19   frequently reach conclusions directly contrary to those espoused by the IARC working group.

20   To the extent the allegations purport to characterize statements made in the IARC monograph for

21   glyphosate, the statements in that document stand for themselves, but the Wilbur-Ellis

22   Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the

23   source of said information and accordingly deny the allegations.

24         105.    The allegations in paragraph 105 are vague and conclusory.  To the extent they

25   purport to characterize statements made in the IARC monograph for glyphosate, the statements

26   in that document stand for themselves, but the Wilbur-Ellis Defendants lack information or

27   knowledge sufficient to form a belief as to the accuracy of the source of said information and

28

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01289-VC

1    accordingly deny the allegations.

2        106.    In response to the allegations in paragraph 106, to the extent the allegations

3    purport to characterize statements made in the IARC monograph for glyphosate, the statements

4    in that document stand for themselves, but to the extent that this paragraph means that more than

5    *de minimis* amounts of exposure are present, the allegations in paragraph 106 are denied.

6        107.    In response to the allegations in paragraph 107, the Wilbur-Ellis Defendants admit

7    that the IARC working group identified a number of case control studies of populations with

8    exposures to glyphosate, but the Wilbur-Ellis Defendants deny that any of these studies provide

9    any evidence of a human health concern from such exposures.

10       108.    The Wilbur-Ellis Defendants deny the allegations in paragraph 108.  The IARC

11   working group concluded that there was only limited evidence of carcinogenicity in

12   epidemiologic studies, which, per IARC's guidelines, means that the working group could not

13   rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

14       109.    In response to the allegations in paragraph 109, the Wilbur-Ellis Defendants admit

15   that the working group cited to a study that it concluded provided evidence of chromosomal

16   damage in community residents reported to be exposed to glyphosate, but the Wilbur-Ellis

17   Defendants deny that the study supports such a conclusion or that the authors of the study

18   reached such a conclusion.

19       110.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

20   belief as to the truth of the allegations in paragraph 110 and therefore deny those allegations.

21       111.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

22   belief as to the truth of the allegations in paragraph 111 and therefore deny those allegations.

23       112.    In response to the allegations in paragraph 112, the Wilbur-Ellis Defendants admit

24   that the IARC working group interpreted a selected number of experimental studies as evidence

25   that glyphosate can cause genotoxicity, but the Wilbur-Ellis Defendants deny that the working

26   group reliably considered the full body of scientific data on such alleged genotoxic endpoints and

27   deny that the working group reliably interpreted the studies that it selected for consideration.

28

Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 112.

113.    In response to the allegations in the first and second sentences of paragraph 113, the Wilbur-Ellis Defendants admit that certain scientists and certain studies have made these claims, but deny the allegations to the extent they imply that those scientists' views and studies are valid or accurate.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 113.

114.    In response to the allegations in the first sentence of paragraph 114, the Wilbur-Ellis Defendants refer to the labels for Roundup®-branded products, which are the best evidence of their contents, and deny any allegation inconsistent with their terms.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 114.

115.    The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 115.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 115 and therefore deny those allegations.

116.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 116 and therefore deny those allegations.

117.    In response to the allegations in paragraph 117, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

118.    In response to the allegations in paragraph 118, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

119.    In response to the allegations in paragraph 119, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in

1  context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate

2  does not pose any cancer risk to humans.

3      120.    In response to the allegations in paragraph 120, the Wilbur-Ellis Defendants admit

4  that the Complaint accurately quotes from the identified document, which should be read in

5  context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate

6  does not pose any cancer risk to humans.

7      121.    In response to the allegations in paragraph 121, the Wilbur-Ellis Defendants admit

8  that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but deny

9  that the Coalition provides any reliable basis for any conclusions regarding potential health risks

10 from glyphosate.  The Wilbur-Ellis Defendants note that a federal district court has characterized

11 this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See*

12 *Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

13     122.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

14 belief as to the truth of the allegations in paragraph 122 and therefore deny those allegations.

15     123.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

16 belief as to the truth of the allegations in paragraph 123 and therefore deny those allegations.

17     124.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

18 belief as to the truth of the allegations in paragraph 124 and therefore deny those allegations.

19     125.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

20 belief as to the truth of the allegations in paragraph 125 and therefore deny those allegations.

21     126.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

22 belief as to the truth of the allegations in paragraph 126 and therefore deny those allegations.

23     127.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

24 belief as to the truth of the allegations in paragraph 127 and therefore deny those allegations.

25     128.    The Wilbur-Ellis Defendants admit that Wilbur-Ellis Company has distributed

26 certain Monsanto glyphosate-based herbicide products in California, but deny that Wilbur-Ellis

27 Company has distributed Monsanto's residential-lawn-and-garden glyphosate-based-herbicides

28

in California.  The Wilbur-Ellis Defendants deny that Wilbur-Ellis Feed has distributed any

Monsanto glyphosate-based herbicide products in California (or anywhere else).

129.     In response to the allegations in the first sentence of paragraph 129, the Wilbur-

Ellis Defendants deny that Roundup®-branded herbicides have "carcinogenic properties" or

create "grave danger" and state that all labeling of Roundup®-branded products has been and

remains EPA-approved and in compliance with all federal requirements under FIFRA.  In

response to the allegations in the second sentence of paragraph 129, the Wilbur-Ellis Defendants:

(a) deny that either Wilbur-Ellis Defendant distributed any Monsanto residential-lawn-and-

garden glyphosate-based-herbicides allegedly used by any plaintiff and/or plaintiff's decedent;

(b) lack information or knowledge sufficient to form a belief as to the truth of any allegations

regarding whether Wilbur-Ellis Company distributed any other kinds of Monsanto glyphosate-

based-herbicides allegedly used by any plaintiff and/or plaintiff's decedent and therefore deny

those allegations; and (c) deny that Wilbur-Ellis Feed distributed any Monsanto glyphosate-

based herbicide products allegedly used by any plaintiff and/or plaintiff's decedent.

130.     The Wilbur-Ellis Defendants incorporate by reference their responses to

paragraphs 1 through 129 in response to paragraph 130 of plaintiffs' Complaint.

131.     In response to the allegations in paragraph 131, the Wilbur-Ellis Defendants deny

that they violated California law or federal law and state that they complied with all applicable

law regarding Roundup®-branded products.  The remaining allegations in paragraph 131 set forth

conclusions of law for which no response is required.  To the extent that a response is deemed

required, the Wilbur-Ellis Defendants deny all such allegations.

132.     The allegations in paragraph 132 set forth conclusions of law for which no

response is required.

133.     The Wilbur-Ellis Defendants deny the allegations in the first sentence of

paragraph 133.  The second sentence in paragraph 133 sets forth a conclusion of law for which

no response is required.

134.     The Wilbur-Ellis Defendants admit the allegations in the first sentence of

paragraph 134.  In response to the allegations in the second sentence of paragraph 134, the

Wilbur-Ellis Defendants state that the order speaks for itself and thus does not require any

further answer.  To the extent that a further response is deemed required, the Wilbur-Ellis

Defendants deny the allegations in the second sentence of paragraph 134.

135.     In response to the allegations in paragraph 135 and each of its subparts, the

Wilbur-Ellis Defendants state as follows:  Many of the allegations do not require a response from

the Wilbur-Ellis Defendants because the allegations relate to Monsanto, not the Wilbur-Ellis

Defendants.  To the extent a response is deemed required, the Wilbur-Ellis Defendants lack

information or knowledge sufficient to form a belief as to the truth of those allegations and

therefore deny those allegations.  The Wilbur-Ellis Defendants deny that intended use of and/or

exposure to Roundup®-branded products causes cancer or other injuries and state that all labeling

of Roundup®-branded products has been and remains EPA-approved and in compliance with all

federal requirements under FIFRA.  The Wilbur-Ellis Defendants lack information or knowledge

sufficient to form a belief as to the truth of the allegations concerning what plaintiffs and/or

plaintiffs' decedents believed or perceived and therefore deny those allegations.  The Wilbur-

Ellis Defendants state that the allegation that Roundup® would be required to bear a label

informing consumers that the chemical is known as a carcinogen to the State of California is a

legal conclusion not requiring a response.  To the extent that a response is deemed required, the

Wilbur-Ellis Defendants state that, on February 26, 2018, a federal district court enjoined

California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.  The

Wilbur-Ellis Defendants state that the allegations that plaintiffs are properly joined or that

plaintiffs' claims are based on transactions, occurrences, or series of transactions or occurrences

that give rise to questions of law and fact common to the claims of all plaintiffs are conclusions

of law not requiring a response.  To the extent that a response is deemed required, the Wilbur-

Ellis Defendants deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in

subpart j. of paragraph 135.  To the extent not otherwise addressed above, the Wilbur-Ellis

Defendants deny the remaining allegations in paragraph 135, including each of its subparts.

136.     The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 135 in response to paragraph 136 of plaintiffs' Complaint.

137.     In response to the allegations in paragraph 137, the Wilbur-Ellis Defendants admit that plaintiffs purport to bring a claim for strict liability design defect, but deny any liability as to that claim.

138.     In response to the allegations in paragraph 138, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs and/or plaintiffs' decedents used Roundup®-branded products and therefore deny that allegation. The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 138.

139.     The Wilbur-Ellis Defendants deny the allegations in paragraph 139.

140.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 140 and therefore deny those allegations.

141.     The Wilbur-Ellis Defendants deny the allegations in paragraph 141.

142.     The Wilbur-Ellis Defendants deny the allegations in paragraph 142.

143.     The Wilbur-Ellis Defendants deny the allegations in paragraph 143.

144.     The Wilbur-Ellis Defendants deny the allegations in paragraph 144 and each of its subparts.

145.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 145 concerning plaintiffs' and/or plaintiffs' decedents' claimed use of or exposure to Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 145, including that Roundup® branded products have "dangerous characteristics."

146.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 146 concerning plaintiffs' and/or plaintiffs' decedents' claimed use of or exposure to Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 146, including that Roundup®-branded products have "dangerous characteristics."

147.   The Wilbur-Ellis Defendants deny the allegations in paragraph 147.

148.   The Wilbur-Ellis Defendants deny the allegations in paragraph 148.

149.   The Wilbur-Ellis Defendants deny the allegations in paragraph 149.

150.   The Wilbur-Ellis Defendants deny the allegations in paragraph 150.

151.   The Wilbur-Ellis Defendants deny the allegations in paragraph 151.

152.   The Wilbur-Ellis Defendants deny the allegations in paragraph 152.

153.   The Wilbur-Ellis Defendants deny the allegations in paragraph 153.

154.   The Wilbur-Ellis Defendants deny the allegations in paragraph 154.

155.   The Wilbur-Ellis Defendants deny the allegations in paragraph 155.

156.   The Wilbur-Ellis Defendants deny the allegations in paragraph 156.

157.   In response to the allegations in paragraph 157, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

158.   The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 157 in response to paragraph 158 of plaintiffs' Complaint.

159.   In response to the allegations in paragraph 159, the Wilbur-Ellis Defendants admit that plaintiffs purport to bring a claim for strict liability failure to warn, but deny any liability as to that claim.

160.   The Wilbur-Ellis Defendants deny the allegations in paragraph 160.

161.   In response to the allegations in paragraph 161, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs and/or plaintiffs' decedents or other entities identified purchased or used Roundup®-branded products and therefore deny that allegation.  The allegations in paragraph 161 also set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 161.

162.   The allegations in paragraph 162 set forth conclusions of law for which no response is required.

163.   The Wilbur-Ellis Defendants deny the allegations in paragraph 163.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

164.   The Wilbur-Ellis Defendants deny the allegations in paragraph 164.

165.   The Wilbur-Ellis Defendants deny the allegations in paragraph 165.

166.   The Wilbur-Ellis Defendants deny the allegations in paragraph 166.

167.   The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 167 and therefore deny those allegations.

168.   The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 168 concerning plaintiffs' and/or plaintiffs' decedents' alleged use of Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 168, including that Roundup®-branded products have "dangerous characteristics."

169.   The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 169 concerning plaintiffs' and/or plaintiffs' decedents' alleged use and exposure to Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 169, including that Roundup®-branded products have "dangerous characteristics."

170.   In response to the allegations in paragraph 170, The Wilbur-Ellis Defendants deny that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses and deny that there are any defects in those products.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 170 and therefore deny those allegations.

171.   The Wilbur-Ellis Defendants deny the allegations in paragraph 171.

172.   The Wilbur-Ellis Defendants deny the allegations in paragraph 172.

173.    The allegations in the second sentence of paragraph 173 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, The Wilbur-Ellis Defendants deny all such allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 173.

174.    The Wilbur-Ellis Defendants deny the allegations in paragraph 174.

175.    The Wilbur-Ellis Defendants deny the allegations in paragraph 175.

176.    The Wilbur-Ellis Defendants deny the allegations in paragraph 176.

177.    The Wilbur-Ellis Defendants deny the allegations in paragraph 177.

178.    The Wilbur-Ellis Defendants deny the allegations in paragraph 178.

179.    The Wilbur-Ellis Defendants deny the allegations in paragraph 179.

180.    The Wilbur-Ellis Defendants deny the allegations in paragraph 180.

181.    In response to the allegations in paragraph 181, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

182.    The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 181 in response to paragraph 182 of plaintiffs' Complaint.

183.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 183 regarding the specific products allegedly used by plaintiffs and/or plaintiffs' decedents or any advertising or marketing allegedly seen or considered by plaintiffs and/or plaintiffs' decedents and therefore deny the allegations in paragraph 183.

184.    The allegations in paragraph 184 set forth conclusions of law for which no response is required.

185.    The allegations in paragraph 185 set forth conclusions of law for which no response is required.

1   186.   The Wilbur-Ellis Defendants deny the allegations in paragraph 186.

2   187.   The Wilbur-Ellis Defendants deny the allegations in paragraph 187.

3   188.   The Wilbur-Ellis Defendants deny the allegations in paragraph 188.  All labeling

4   of Roundup®-branded products has been and remains EPA-approved and in compliance with all

5   federal requirements under FIFRA.

6   189.   The Wilbur-Ellis Defendants deny the allegations in paragraph 189.

7   190.   The Wilbur-Ellis Defendants deny the allegations in the first sentence of

8   paragraph 190.  The allegations in the second sentence of paragraph 190 comprise attorney

9   characterizations and are accordingly denied or set forth conclusions of law for which no

10   response is required.

11   191.   The Wilbur-Ellis Defendants deny the allegations in paragraph 191.

12   192.   The Wilbur-Ellis Defendants deny the allegations in paragraph 192, including

13   each of its subparts.

14   193.   The Wilbur-Ellis Defendants deny the allegations in paragraph 193.

15   194.   The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

16   belief as to the truth of the allegations in paragraph 194 regarding plaintiffs' and/or plaintiffs'

17   decedents' knowledge and therefore the Wilbur-Ellis Defendants deny those allegations.  The

18   Wilbur-Ellis Defendants deny the remaining allegations in paragraph 194, including that

19   intended use and/or exposure to Roundup®-branded products causes any injuries.

20   195.   The Wilbur-Ellis Defendants deny the allegations in paragraph 195.

21   196.   The Wilbur-Ellis Defendants deny the allegations in paragraph 196.

22   197.   The Wilbur-Ellis Defendants deny the allegations in paragraph 197.

23   198.   The Wilbur-Ellis Defendants deny the allegations in paragraph 198.

24   199.   The Wilbur-Ellis Defendants deny the allegations in paragraph 199.

25   200.   In response to the allegations in paragraph 200, the Wilbur-Ellis Defendants

26   demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint

27   be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and

28

1   reasonable attorney's fees as allowed by law and such further and additional relief as this Court

2   may deem just and proper.

3        201.– 245.        The allegations in paragraphs 201-245 do not require responses from the

4   Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis

5   Defendants, and these counts of plaintiffs' Complaint are brought only against Monsanto, not the

6   Wilbur-Ellis Defendants.

7        246.    The Wilbur-Ellis Defendants incorporate by reference their responses to

8   paragraphs 1 through 245 in response to paragraph 246 of plaintiffs' Complaint.

9        247.    The Wilbur-Ellis Defendants deny the allegations in paragraph 247 that any

10  plaintiff's decedent's death was "wrongful" and deny that any injuries alleged in the Complaint,

11  including the injury and death of any plaintiff's decedent, were caused by Roundup®-branded

12  products.  The Wilbur-Ellis Defendants admit that plaintiffs purport to bring wrongful death

13  claims but deny any liability on those claims.  The remaining allegations in paragraph 247 set

14  forth conclusions of law for which no response is required.  To the extent that a response is

15  deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form

16  a belief as to the truth of the remaining allegations in paragraph 247 and therefore deny those

17  allegations.

18       248.    The Wilbur-Ellis Defendants deny the allegations in paragraph 248.

19       249.    The Wilbur-Ellis Defendants deny the allegations in paragraph 249.

20       250.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

21  belief as to the truth of the allegations in paragraph 250 and therefore deny those allegations.

22       251.    The Wilbur-Ellis Defendants deny the allegations in paragraph 251.

23       252.    In response to the allegations in paragraph 252, the Wilbur-Ellis Defendants

24  demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint

25  be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and

26  reasonable attorney's fees as allowed by law and such further and additional relief as this Court

27  may deem just and proper.

28

253.     The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 252 in response to paragraph 253 of plaintiffs' Complaint.

254.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 254 and therefore deny those allegations.  The last sentence of paragraph 254 sets forth conclusions of law for which no response is required.

255.     The Wilbur-Ellis Defendants deny the allegations in paragraph 255.

256.     In response to the allegations in paragraph 256, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

257.     The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 256 in response to paragraph 257 of plaintiffs' Complaint.

258.     The Wilbur-Ellis Defendants deny the allegations in paragraph 258.

259.     The Wilbur-Ellis Defendants deny the allegations in paragraph 259.

260.     The Wilbur-Ellis Defendants deny the allegations in paragraph 260.

261.     In response to the allegations in paragraph 261, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

262.     The Wilbur-Ellis Defendants incorporate by references their responses to paragraphs 1 through 261 in response to paragraph 262 of plaintiffs' Complaint.

263.     The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 263.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 263 and therefore deny

those allegations.

264.   The Wilbur-Ellis Defendants deny the allegations in paragraph 264.

265.   The Wilbur-Ellis Defendants deny the allegations in paragraph 265.

266.   The Wilbur-Ellis Defendants deny the allegations in paragraph 266.

267.   In response to the allegations in paragraph 267, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

268.   The allegations in paragraph 268 set forth conclusions of law for which no response is required.

269.   In response to the allegations in paragraph 269, the Wilbur-Ellis Defendants deny that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.   The Complaint, in whole or part, fails to state a claim or cause of action against the Wilbur-Ellis Defendants upon which relief can be granted.

2.   Venue is or may be inconvenient for some or all of plaintiffs' claims.

3.   Plaintiffs' claims against the Wilbur-Ellis Defendants are improperly joined and should be severed.

4.   Plaintiffs' claims against the Wilbur-Ellis Defendants are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5.   Any alleged negligent or culpable conduct of the Wilbur-Ellis Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial

1    contributing cause of plaintiffs' and/or plaintiffs' decedents' alleged injuries.

2        6.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in

3    part, because the products at issue were designed, manufactured, marketed and labeled with

4    proper warnings, information, cautions and instructions, in accordance with the state of the art

5    and the state of scientific and technological knowledge.

6        7.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in

7    part, because the products at issue were not defective or unreasonably dangerous in that they

8    complied with, at all relevant times, all applicable government safety standards.

9        8.    Any claims based on allegations that the Wilbur-Ellis Defendants misled,

10   defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted

11   by federal law.  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan*

12   *Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

13       9.    Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted, in whole or

14   in part, by applicable federal law relating to the design, testing, producing, manufacturing,

15   labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or

16   glyphosate-containing products.

17       10.   Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted, in whole or

18   in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or

19   because of U.S. EPA-approved product labeling.

20       11.   Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in

21   part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to

22   the U.S. EPA.

23       12.   Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in

24   part, because plaintiffs' and/or plaintiffs' decedents' injuries, if any, were the result of conduct of

25   plaintiffs, independent third parties, and/or events that were extraordinary under the

26   circumstances, not foreseeable in the normal course of events, and/or independent, intervening

27   and superseding causes of the alleged injuries, including but not limited to plaintiffs' and/or

28

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01289-VC

plaintiffs' decedents' pre-existing medical conditions.

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

14.     Applicable statutes of limitations and/or repose bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

15.     Plaintiffs' and/or plaintiffs' decedents' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

16.     If plaintiffs and/or plaintiffs' decedents suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which the Wilbur-Ellis Defendants are neither liable nor responsible or, in the alternative, the Wilbur-Ellis Defendants are entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by the Wilbur-Ellis Defendants.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' and/or plaintiffs' decedents' alleged injuries or damages.

17.     The Wilbur-Ellis Defendants had no legal relationship or privity with plaintiffs and/or plaintiffs' decedents and owed no duty to them by which liability could be attributed to the Wilbur-Ellis Defendants.

18.     Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive, treble, and/or exemplary damages are barred because such an award would violate the Wilbur-Ellis' due process, equal protection and other rights under the United States Constitution, the Arkansas Constitution, the California Constitution, the Nevada Constitution, the Oregon Constitution, the Utah Constitution, and/or other applicable state constitutions.

20.     Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive, treble, and/or exemplary damages are barred because plaintiffs and/or plaintiffs' decedents have failed to allege conduct warranting imposition of such damages under Arkansas, California, Nevada, Oregon, Utah and/or other applicable state laws.

21.     Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive, treble, and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

22.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in part by plaintiffs' and/or plaintiffs' decedents' own contributory/comparative negligence.

23.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in part by plaintiffs' and/or plaintiffs' decedents' own failure to mitigate damages.

24.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in part by the sophisticated user doctrine.

25.     To the extent that plaintiffs or plaintiffs' decedents recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery from the Wilbur-Ellis Defendants in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

26.     If plaintiffs and/or plaintiffs' decedents have been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a product of the Wilbur-Ellis Defendants.

27.     Plaintiffs' claims against Wilbur-Ellis Feed are barred because Wilbur-Ellis Feed has never designed, manufactured, distributed, or sold Roundup®-branded herbicides (or any other herbicides).

28.     Wilbur-Ellis Feed did not come into existence as a company until September 2015, so any plaintiff and/or plaintiffs' decedent whose alleged exposure to Roundup®-branded herbicides ended before September 2015 does not have viable claims against Wilbur-Ellis Feed.

29.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not

recognize, or limits, such claims.

30.   Plaintiffs' claims against the Wilbur-Ellis Defendants are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

31.   Plaintiffs' causes of action are barred, in whole or in part, by plaintiffs' and/or plaintiffs' decedents' contributory negligence; alternatively, plaintiffs' right to recover, no fault being admitted, is diminished in an amount based upon plaintiffs' and/or plaintiffs' decedents' individual relative degree of fault.  Or. Rev. Stat. § 31.600.

32.   The Wilbur-Ellis Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

**WHEREFORE**, the Wilbur-Ellis Defendants demand judgment in their favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

### <u>JURY TRIAL DEMAND</u>

The Wilbur-Ellis Defendants demand a jury trial on all issues so triable.


DATED:  March 18, 2019                    Respectfully submitted,


                                          /s/ Joe G. Hollingsworth
                                          Joe G. Hollingsworth (*pro hac vice*)
                                          (jhollingsworth@hollingsworthllp.com)
                                          Eric G. Lasker (*pro hac vice*)
                                          (elasker@hollingsworthllp.com)
                                          HOLLINGSWORTH LLP
                                          1350 I Street, N.W.
                                          Washington, DC  20005
                                          Telephone:  (202) 898-5800
                                          Facsimile:  (202) 682-1639

                                          Attorneys for Defendants WILBUR-ELLIS
                                          COMPANY LLC and WILBUR-ELLIS FEED,
                                          LLC