**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:      jhollingsworth@hollingsworthllp.com
            elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |

This document relates to:

*Natala Poroz, as Personal Representative of the Estate of William P. Beckwith, deceased, v. Monsanto Co. and John Does 1-50,*
Case No. 3:19-cv-01243-VC

### <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint and Jury Demand ("the Complaint"), except as set forth below.  Additionally, to the extent plaintiff's allegations are directed towards both Monsanto and the collective "John Doe" co-defendants, Monsanto only purports to answer plaintiff's allegations as to Monsanto and not as to the co-defendants.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.       Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

1    2.       Monsanto denies the allegations in paragraph 2.

2    3.       Monsanto denies the allegations in paragraph 3.

3    4.       The allegations in paragraph 4 set forth conclusions of law for which no response

4    is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

5    paragraph 4 based upon the allegations in plaintiff's Complaint.

6    5.       Monsanto admits the allegations in paragraph 5.

7    6.       The allegations in paragraph 6 set forth conclusions of law for which no response

8    is required.

9    7.       The allegations in paragraph 7 set forth conclusions of law for which no response

10   is required.

11   8.       Monsanto denies the allegations in paragraph 8.

12   9.       Monsanto lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations paragraph 9 and therefore denies those allegations.

14   10.      Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations paragraph 10 and therefore denies those allegations.

16   11.      Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in the first sentence of paragraph 11 and therefore denies those

18   allegations.  Monsanto denies the remaining allegations in paragraph 11.

19   12.      The allegations in paragraph 12 comprise attorney characterizations and are

20   accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff

21   have a variety of separate and distinct uses and formulations.

22   13.      Monsanto admits the allegations in the first and second sentences of paragraph 13.

23   In response to the allegations in the final sentence of paragraph 13, Monsanto admits that it was

24   the entity that discovered the herbicidal properties of glyphosate and that Monsanto

25   manufactures Roundup®-branded products that have glyphosate as the active ingredient, but

26   notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

27   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

28   remaining allegations in the final sentence of paragraph 13 and therefore denies those

allegations.

14.     The allegations in paragraph 14 are not directed at Monsanto and therefore no answer is required.  To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 14.

15.     The allegations in paragraph 15 comprise attorney characterizations and are accordingly denied.  Monsanto states that it is only answering on behalf of Monsanto and not on behalf of un-named co-defendants, including allegations that are directed at "Defendants."

16.     In response to the allegations in paragraph 16, Monsanto admits that it sells Roundup®-branded products in Maine.

17.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations

18.     The allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19.     The allegations in paragraph 19 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20.     Monsanto admits the allegations in paragraph 20.

21.     The allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     Monsanto denies the allegations in paragraph 22.

23.     Monsanto incorporates by reference its responses to paragraphs 1 through 22 in response to paragraph 23 of plaintiff's Complaint.

24.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies those allegations.

25.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 25 set forth conclusions of law for which no response is required.

26.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 26 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

27.     Monsanto admits the allegations in paragraph 27.

28.     Monsanto admits the allegations in paragraph 28

29.     In response to the allegations in paragraph 29, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 29 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore denies those allegations.

30.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 30 comprise attorney characterizations and are accordingly denied.

31.     In response to the allegations in the first sentence of paragraph 31, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto admits the allegations in the second sentence of paragraph 31.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations.

32.     Monsanto generally admits the allegations in paragraph 32, but denies the allegations in paragraph 32 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

33.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies those allegations.

34.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 34 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 34.

35.     Monsanto admits the allegations in paragraph 35.

36.     In response to the allegations in paragraph 36, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 36.

37.     The allegations in paragraph 37 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 37.

38.     In response to the allegations in paragraph 38, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 38 set forth conclusions of law for which no response is required.

39.     The allegations in paragraph 39 set forth conclusions of law for which no response is required.

40.     In response to the allegations in paragraph 40, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 40 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 40 set forth conclusions of law for which no answer is required.

1    41.    Monsanto denies the allegations in paragraph 41 to the extent that they suggest

2    that EPA only evaluates the safety of pesticide products on the date of their initial registration.

3    Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

4    products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

5    of the allegations in paragraph 41 regarding such pesticide products generally and therefore

6    denies those allegations.  The remaining allegations in paragraph 41 set forth conclusions of law

7    for which no response is required.

8    42.    In response to the allegations in paragraph 42, Monsanto admits that EPA has

9    undertaken a regulatory review of glyphosate and further admits that EPA has not released its

10    findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

11    Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

12    concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

13    humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

14    posted an October 2015 final report by its standing Cancer Assessment Review Committee

15    ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

16    to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

17    issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

18    the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

19

20

21

22

---

23    [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

25

26    [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 and therefore denies those allegations.

43.    In response to the allegations in paragraph 43, Monsanto admits that EPA posted the EPA CARC Final Report on EPA's website in late April 2016 and took the report off the website in early May 2016.  Monsanto further states that, in September 2016, EPA posted the EPA CARC Final Report that endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 and therefore denies those allegations.

44.    In response to the allegations in paragraph 44, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC final Report, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-01243-VC

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05–56:20.

Monsanto denies the remaining allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 45 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

46.     In response to the allegations in paragraph 46, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

47.     Monsanto denies the allegations in paragraph 47 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

1   connection with services provided to a broad number of private and governmental entities and

2   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

3   one of several pesticide manufacturers who had used IBT test results.  The audit found some

4   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

5   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

6   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

7   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 47 are

8   intended to suggest that Monsanto was anything other than a victim of this fraud, such

9   allegations also are denied.

10        48.     In response to the allegations in paragraph 48, Monsanto admits that three IBT

11   employees were convicted of the charge of fraud, but Monsanto denies that any of the

12   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

13   herbicides.

14        49.     In response to the allegations in paragraph 49, Monsanto admits that it – along

15   with numerous other private companies – hired Craven Laboratories as an independent

16   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that

17   it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies

18   conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in

19   paragraph 49 are intended to suggest that Monsanto was anything other than a victim of this

20   fraud, such allegations are denied.

21        50.     In response to the allegations in paragraph 50, Monsanto admits that Roundup®-

22   branded products are highly valued by its customers because of their efficacy and safety.

23   Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The

24   remaining allegations in paragraph 50 are vague and conclusory and comprise attorney

25   characterizations, and are accordingly denied.

26        51.     In response to the allegations in paragraph 51, Monsanto admits that, following

27   the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such

28   seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks

information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 51 and accordingly denies those allegations.  The remaining allegations in paragraph 51 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

52.     In response to the allegations in paragraph 52, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 52 and accordingly denies the same.  The remaining allegations in paragraph 52 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

53.     In response to the allegations in paragraph 53, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 53 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

54.     In response to the allegations in paragraph 54, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 4 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

55.     Monsanto denies the allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto

1   denies the remaining allegations in paragraph 56.

2        57.    Monsanto denies the allegations in paragraph 57.

3        58.    In response to the allegations in paragraph 58, Monsanto states that the cited

4   document speaks for itself and does not require a response.  To the extent that the allegations in

5   paragraph 58 go beyond a restatement of the cited document, Monsanto lacks information or

6   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 58

7   and therefore denies those allegations.

8        59.    Monsanto admits the allegations in paragraph 59.

9        60.    In response to the allegations in paragraph 60, Monsanto states that the cited

10  document speaks for itself and does not require a response.  To the extent that the allegations in

11  paragraph 60 go beyond a restatement of the cited document, Monsanto lacks information or

12  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 60

13  and therefore denies those allegations.

14       61.    Monsanto states that the term "toxic" as used in paragraph 61 is vague and

15  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

16  denies the allegations in paragraph 61.

17       62.    Monsanto admits the allegations in paragraph 62.

18       63.    In response to the allegations in paragraph 63, Monsanto states that the document

19  speaks for itself and does not require a response.  To the extent that a response is deemed

20  required, Monsanto denies the allegations in paragraph 63.

21       64.    In response to the allegations in paragraph 64, Monsanto admits that Julie Marc

22  published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

23  the extent that paragraph 64 characterizes the meaning of the cited study, Monsanto denies the

24  remaining allegations in paragraph 64.

25       65.    In response to the allegations in paragraph 65, Monsanto states that these

26  documents speak for themselves and do not require a response.  To the extent that a response is

27  deemed required, Monsanto denies the allegations in paragraph 65.

28

- 11 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-01243-VC

66. In response to the allegations in paragraph 66, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 66 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 66.

67. Monsanto denies the allegations in paragraph 67.

68. In response to the allegations in paragraph 68, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 68 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 68.

69. In response to the allegations in paragraph 69, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 69 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 69.

70. Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 70.

71. Monsanto denies the allegations in paragraph 71.

72. Monsanto denies the allegations in paragraph 72.

73. Monsanto denies the allegations in paragraph 73.

74. Monsanto denies the allegations in paragraph 74.

75. Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 75.

76. Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 76 and therefore denies those allegations.

77.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

78.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 78 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

79.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 79 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

80.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 80, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 80 comprise attorney characterizations and are accordingly denied.

81.     In response to the allegations in paragraph 81, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 81 comprise attorney characterizations and are accordingly denied.

82.     In response to the allegations in paragraph 82, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 82 comprise attorney characterizations and are accordingly denied.

83.     Monsanto denies the allegations in paragraph 83.

84.     The allegations in paragraph 84 comprise attorney characterizations and are accordingly denied.

85.     Monsanto admits the allegations in paragraph 85.

86.     In response to the allegations in paragraph 86, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 86 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 86.

87.     In response to the allegations in paragraph 87, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 87.

88.     The allegations in paragraph 88 are vague and ambiguous and are accordingly denied.

89.     In response to the allegations in paragraph 89, Monsanto states that the cited document speaks for itself and does not require a response.

90.     In response to the allegations in paragraph 90, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 90 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     In response to the allegations in paragraph 92, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 92.

93.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

1    96.    Monsanto denies the allegations in paragraph 96.

2    97.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

3    exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 97.

4    98.    Monsanto denies the allegations in paragraph 98.

5    99.    Monsanto denies the allegations in paragraph 99.

6    100.   Monsanto admits the allegations in paragraph 100.

7    101.   Monsanto denies the allegations in paragraph 101.

8    102.   Monsanto admits the allegations in paragraph 102.

9    103.   Monsanto denies the allegations in paragraph 103.

10   104.   Monsanto denies the allegations in paragraph 104.

11   105.   Monsanto denies the allegations in paragraph 105.

12   106.   Monsanto denies the allegations in paragraph 106.

13   107.   Monsanto denies the allegations in paragraph 107.

14   108.   Monsanto denies the allegations in paragraph 108.

15   109.   Monsanto denies the allegations in paragraph 109.

16   110.   Monsanto admits that independent experts and regulatory agencies agree that

17   there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

18   products and admits that it has made statements reflecting this fact.  Monsanto denies the

19   remaining allegations in paragraph 110.

20   111.   In response to the allegations in paragraph 111, Monsanto admits that Roundup®-

21   branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

22   the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

23   111.

24   112.   In response to the allegations in paragraph 112, Monsanto admits that it has stated

25   and continues to state that Roundup®-branded products are safe when used as labeled and that

26   they are non-carcinogenic and non-genotoxic.

27   113.   In response to the allegations in paragraph 113, Monsanto admits that a 1986 joint

28   report of the World Health Organization and Food and Agriculture Organization of the United

- 15 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-01243-VC

1    Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

2    Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

3    Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

4    carcinogen.  Monsanto denies the remaining allegations in paragraph 113.

5           114.    Monsanto denies the allegations in paragraph 114.

6           115.    Monsanto denies the allegations in paragraph 115.

7           116.    Monsanto denies the allegations in paragraph 116.

8           117.    Monsanto denies the allegations in paragraph 117.

9           118.    Monsanto denies the allegations in paragraph 118.

10          119.    Monsanto denies the allegations in paragraph 119.

11          120.    Monsanto denies the allegations in paragraph 120.

12          121.    Monsanto denies the allegations in paragraph 121.

13          122.    Monsanto denies the allegations in paragraph 122.

14          123.    Monsanto denies the allegations in paragraph 123.

15          124.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 124 and therefore denies those allegations.

17          125.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18   truth of the allegations in paragraph 125 and therefore denies those allegations.

19          126.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 126 and therefore denies those allegations.

21          127.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 127 and therefore denies those allegations.

23          128.    Monsanto incorporates by reference its responses to paragraphs 1 through 127 in

24   response to paragraph 128 of plaintiff's Complaint.

25          129.    In response to the allegations in paragraph 129, Monsanto admits that it has made

26   statements with respect to the safety of Roundup in accordance with EPA regulation under

27   FIFRA.  Monsanto states that the first sentence in paragraph 129 sets forth conclusions of law for

28   which no response is required.  Monsanto lacks information or knowledge sufficient to form a

1   belief as to the truth of the remaining allegations in paragraph 129 and therefore denies the

2   remaining allegations in paragraph 129.

3       130.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

4   exposed plaintiffs' decedent to risk of his alleged cancers and denies the remaining allegations in

5   paragraph 130.  Monsanto states, however, that the scientific studies upon which IARC

6   purported to base its classification were all publicly available before March 2015.

7       131.    Monsanto denies that it concealed "the true character, quality and nature of

8   Roundup."  The remaining allegations of paragraph 131 set forth conclusions of law for which

9   no response is required.  To the extent that a response is deemed required, Monsanto denies all of

10  plaintiff's allegations in paragraph 131.  Monsanto states, however, that the scientific studies

11  upon which IARC purported to base its classification were all publicly available before March

12  2015.

13      132.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

14  and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

15  branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

16  which IARC purported to base its classification were all publicly available before March 2015.

17  The remaining allegations in paragraph 132 set forth conclusions of law for which no response is

18  required, consist of attorney characterizations and are accordingly denied, or comprise

19  allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

20  the truth of the allegations asserted and therefore denies those allegations.

21      133.    Monsanto incorporates by reference its responses to paragraphs 1 through 132 in

22  response to paragraph 133 of plaintiff's Complaint.

23      134.    In response to the allegations in paragraph 134, Monsanto denies that it violated

24  the laws of Maine or federal law and states that it complied with all applicable law regarding

25  Roundup®-branded products.  The remaining allegations in paragraph 134 set forth conclusions

26  of law for which no response is required.  To the extent that a response is deemed required,

27  Monsanto denies all such allegations.

28      135.    The allegations in paragraph 135 set forth conclusions of law for which no

response is required.

136.    Monsanto denies the allegations in the first sentence of paragraph 136.  The second sentence of paragraph 136 sets forth a conclusion of law for which no response is required.

137.    Monsanto incorporates by reference its responses to paragraphs 1 through 136 in response to paragraph 137 of plaintiff's Complaint.

138.    The allegations in paragraph 138 set forth conclusions of law for which no response is required.

139.    Monsanto denies the allegations in paragraph 139.

140.    Monsanto denies the allegations in paragraph 140, including each of its subparts.

141.    Monsanto denies the allegations in paragraph 141.

142.    Monsanto denies the allegations in paragraph 142.

143.    Monsanto denies the allegations in paragraph 143, including each of its subparts.

144.    Monsanto denies the allegations in paragraph 144.

145.    Monsanto denies the allegations in paragraph 145.

146.    Monsanto denies the allegations in paragraph 146.

147.    Monsanto denies the allegations in paragraph 147.

148.    In response to allegations in paragraph 148, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

149.    Monsanto incorporates by reference its responses to paragraphs 1 through 148 in response to paragraph 149 of plaintiff's Complaint.

150.    In response to the allegations in paragraph 150, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff's decedent used or was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 150.

151.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 151 and therefore denies those allegations.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies the allegations in paragraph 154.

155.    Monsanto denies the allegations in paragraph 155, including each of its subparts.

156.    Monsanto denies the allegations in paragraph 156.

157.    Monsanto denies that Roundup®-branded products have "dangerous characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 157 and therefore denies those allegations.

158.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 158 and therefore denies those allegations.

159.    Monsanto denies the allegations in paragraph 159.

160.    The allegations in paragraph 160 set forth conclusions of law for which no response is required.

161.    Monsanto denies the allegations in paragraph 161.

162.    Monsanto denies the allegations in paragraph 162.

163.    Monsanto denies the allegations in paragraph 163.

164.    Monsanto denies the allegations in paragraph 164.

165.    Monsanto denies the allegations in paragraph 165.

166.    Monsanto denies the allegations in paragraph 166.

167.    Monsanto denies the allegations in paragraph 167.

168.    Monsanto denies the allegations in paragraph 168.

169.    Monsanto denies the allegations in paragraph 169.

170.    Monsanto denies the allegations in paragraph 170.

171.    In response to allegations in paragraph 171, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice;

1    and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and

2    such further and additional relief as this Court may deem just and proper.

3         172.    Monsanto incorporates by reference its responses to paragraphs 1 through 171 in

4    response to paragraph 172 of plaintiff's Complaint.

5         173.    The allegations in paragraph 173 set forth conclusions of law for which no

6    response is required.

7         174.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 174 and therefore denies those allegations.

9         175.    Monsanto denies the allegations in paragraph 175.  All labeling of Roundup®-

10   branded products has been and remains EPA-approved and in compliance with all federal

11   requirements under FIFRA.

12        176.    Monsanto denies the allegations in paragraph 176.

13        177.    Monsanto denies the allegations in paragraph 177.  All labeling of Roundup®-

14   branded products has been and remains EPA-approved and in compliance with all federal

15   requirements under FIFRA.

16        178.    Monsanto denies the allegations in paragraph 178.  All labeling of Roundup®-

17   branded products has been and remains EPA-approved and in compliance with all federal

18   requirements under FIFRA.

19        179.    Monsanto denies the allegations in paragraph 179.

20        180.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations regarding plaintiff's decedent's use history in paragraph 180 and

22   therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 180.

23        181.    The allegations in paragraph 181 set forth conclusions of law for which no

24   response is required.

25        182.    Monsanto denies the allegations in paragraph 182.

26        183.    Monsanto denies the allegations in paragraph 183.

27        184.    Monsanto denies the allegations in paragraph 184.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-01243-VC

185.     Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 185.

186.     The allegations in paragraph 186 set forth conclusions of law for which no response is required.

187.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 187 and therefore denies those allegations.

188.     Monsanto denies the allegations in paragraph 188.

189.     Monsanto denies the allegations in paragraph 189.

190.     In response to the allegations in paragraph 190, Monsanto denies that there is any risk of NHL or any other serious illnesses associated with the intended use of and/or exposure to Roundup®-branded products and glyphosate.  The allegations in the second sentence of paragraph 190 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 190.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all applicable laws and regulations.

191.     Monsanto denies the allegations in paragraph 191.

192.     Monsanto denies the allegations in paragraph 192.

193.     Monsanto denies the allegations in paragraph 193.

194.     In response to allegations in paragraph 194, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

195.     Monsanto incorporates by reference its responses to paragraphs 1 through 194 in response to paragraph 195 of plaintiff's Complaint.

196.     Monsanto denies the allegations in paragraph 196.  Additionally, the allegations in the last sentence in paragraph 196 set forth conclusions of law for which no response is required.

197.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 197 concerning the plaintiff's decedent's claimed use of

1   Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

2   paragraph 197 set forth conclusions of law for which no response is required.

3        198.    The allegations in paragraph 198 set forth conclusions of law for which no

4   response is required.

5        199.    Monsanto denies the allegations in paragraph 199.

6        200.    Monsanto denies the allegations in paragraph 200.

7        201.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8   truth of the allegations in paragraph 201 concerning the condition of any Roundup®-branded

9   product allegedly used by plaintiff's decedent or about plaintiff's decedent's alleged uses of such

10  product and therefore denies the allegations in paragraph 201.

11       202.    Monsanto denies the allegations in paragraph 202.

12       203.    Monsanto denies the allegations in paragraph 203.

13       204.    Monsanto denies the allegations in paragraph 204.

14       205.    In response to the allegations in paragraph 205, Monsanto demands that judgment

15  be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

16  prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

17  by law and such further and additional relief as this Court may deem just and proper.

18       206.    Monsanto incorporates by reference its responses to paragraphs 1 through 205 in

19  response to paragraph 206 of plaintiff's Complaint.

20       207.    Monsanto denies the allegations in the first sentence of paragraph 207 to the

21  extent it encompasses all herbicides as vague and ambiguous but Monsanto admits the

22  allegations in this sentence to the extent it refers to glyphosate-based herbicides.  In response to

23  the final sentence of paragraph 207, Monsanto admits that plaintiff purports to bring a claim for

24  breach of express warranty but denies any liability as to that claim.  Monsanto denies the

25  allegations that Roundup®-branded products are defective and unreasonably dangerous to

26  consumers and therefore denies the remaining allegations in paragraph 207.

27       208.    The allegations in paragraph 208 and each of its subparts set forth conclusions of

28  law for which no response is required.

- 22 -

1   209.   In response to the allegations in paragraph 209, Monsanto admits that it has sold

2   glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further

3   states that the allegations in paragraph 209 set forth conclusions of law for which no response is

4   required. Monsanto denies the remaining allegations in paragraph 209.

5   210.   Monsanto denies the allegations in the first and second sentences of paragraph

6   210.  All labeling of Roundup®-branded products has been and remains EPA-approved and in

7   compliance with all federal requirements under FIFRA.  Monsanto states that the allegations in

8   the final sentence of paragraph 210 set forth conclusions of law for which no response is

9   required.

10   211.   The allegations in paragraph 211 set forth conclusions of law for which no

11   response is required.

12   212.   Monsanto denies the allegations in paragraph 212 and each of its subparts.

13   213.   Monsanto states that the allegation in paragraph 213 that Monsanto made an

14   express warranty sets forth a legal conclusion for which no response is required.  Monsanto lacks

15   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

16   in paragraph 213 and therefore denies those allegations.

17   214.   Monsanto lacks information or knowledge sufficient to form a belief as to the

18   truth of the allegations in paragraph 214 regarding plaintiff's decedent's knowledge and

19   therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 214.

20   215.   Monsanto denies the allegations in paragraph 215.

21   216.   In response to the allegations in paragraph 216, Monsanto demands that judgment

22   be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

23   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

24   by law and such further and additional relief as this Court may deem just and proper.

25   217.   Monsanto incorporates by reference its responses to paragraphs 1 through 216 in

26   response to paragraph 217 of plaintiff's Complaint.

27   218.   Monsanto denies the allegations in paragraph 218.

28   219.   Monsanto denies the allegations in paragraph 219.

220.   Monsanto denies the allegations in paragraph 220.

221.   Monsanto denies the allegations in paragraph 221.

222.   The allegations in paragraph 222 set forth a conclusion of law for which no response is required.

223.   The allegations in paragraph 223 set forth conclusions of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.   The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.   Venue in the District of Maine may be inconvenient.

3.   Plaintiff's claims against Monsanto are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.   Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's decedent's alleged injuries.

5.   Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.   Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

8.     Plaintiff's claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.     Plaintiff's claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.   Plaintiff's claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.   Plaintiff's claims against Monsanto are barred, in whole or in part, because plaintiff's decedent's injuries, if any, were the result of conduct of plaintiff's decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's decedent's pre-existing medical conditions.

12.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

13.   Applicable statutes of limitations and/or repose bar plaintiff's claims against Monsanto in whole or in part.

14.   Plaintiff's decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Monsanto in whole or in part.

15.   If plaintiff's decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an

assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's decedent's alleged injuries or damages.

16.   Monsanto had no legal relationship or privity with plaintiff's decedent and owed no duty to him by which liability could be attributed to it.

17.   Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff's decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiff's decedent failed to give notice of any breach thereof.

18.   Plaintiff's claims against Monsanto are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.   Plaintiff's claims against Monsanto for punitive and/or exemplary are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Maine Constitution, the New Mexico Constitution, and/or other applicable state constitutions.

20.   Plaintiff's claims against Monsanto for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Maine law, New Mexico law, and/or other applicable state laws.

21.   Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

22.   Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's decedent's own contributory/comparative negligence.

23.   Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's decedent's own failure to mitigate damages.

24.   Plaintiff's claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

25.  To the extent that plaintiff's or plaintiff's decedent's recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

26.  If plaintiff's decedent has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

27.  Plaintiff's claims against Monsanto are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.  Plaintiff's claims against Monsanto are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

29.  Plaintiff's recovery may be barred or limited by 14 Me. Rev. Stat. Ann. § 156.

30.  Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED: March 20, 2019                    Respectfully submitted,


                                         /s/ Joe G. Hollingsworth
                                         Joe G. Hollingsworth (*pro hac vice*)
                                         (jhollingsworth@hollingsworthllp.com)
                                         Eric G. Lasker (*pro hac vice*)
                                         (elasker@hollingsworthllp.com)
                                         HOLLINGSWORTH LLP
                                         1350 I Street, N.W.
                                         Washington, DC  20005
                                         Telephone:   (202) 898-5800
                                         Facsimile:   (202) 682-1639

                                         *Attorneys for Defendant*
                                         *MONSANTO COMPANY*