| Plaintiffs' Affirmative Designations | | | | | | | |
|---|---|---|---|---|---|---|---|
| Cite | Exhibits | Monsanto's Objections | Monsanto's Counters | Plaintiffs' Responses to Objections | Plaintiffs' Objections to Counters | Monsanto's Responses to Objections | |
| Grant 02/04/2019 | | | | | | | |
| 7:12-15 | | | | | | | |
| 8:7-16 | | | 216:8-219:9, 223:19-21, 224:9-18, 224:23-225:22, 226:1, 226:3-19 | No objection to 216:8-16 & 217:16-219:9; object to 216:17-217:15 & 223:19-21 & 224:9-18 & 224:23-225:7 on grounds of 401, 403 (personal use not relevant, confusion, waste of time); | | Relevant to witness background and credibility/experience as to topics in Plaintiff's designations. The witness's personal use of Roundup is relevant to Plaintiff's failure to warn claim as it establishes that a risk of cancer was not and is not known to the company. Testimony is not confusing and is short so is not a waste of time. | |
| 9:5-12 | | | | | | | |
| 10:1-5 | | | | | | | |
| 13:20-14:1 | | | | | | | |
| 14:4-12 | | | 232:21-233:13, 233:15-17 | | 403 - calls for speculation, lacks foundation | Does not call for speculation or lack foundation as the witness is testifying based on his knowledge and experience from his time at Monsanto. | |
| 17:17-20 | | | 18:3-17 | | it is irrelevant and includes foreign regulatory conclusions for 40 years including post-2012 | If affirmative designation is admitted in phase 2, then counter is relevant to affirmative designation to provide context to Mr. Grant's answer, and does not violate PTO 81 regarding foreign regulatory decisions since it discusses foreign regulatory positions that were in effect at the time plaintiff used Roundup | |
| 17:24-18:1 | | | | | | | |
| 19:16-20:1 | | 403 with respect to question about "doubling the risk" | | relevant as it relates to the former CEO view of Monsanto's duty to warn. It is not prejudicial or speculative to ask the former CEO questions related to Monanto's duty to warn; foundaton was laid by prior questioning and is not beyond the former CEO's personal experience and is permissible per Rule 702 | | | |
| 20:4-20:13 | | | 232:21-233:13, 233:15-17 | | 403 - calls for speculation, lacks foundation | Does not call for speculation or lack foundation as the witness is testifying based on his knowledge and experience from his time at Monsanto. | |
| 28:24-29:21 | | Objection to reference to "billions of dollars of sales" in line 28:6 which is not a question but simply testimony by counsel". Obection to question at 29:17-21 as incomplete and therefore a mischaracterization of the RFA response. | | relevant to Monsanto's ability, capacity, & feasibility to undertake epidemiology studies; its probative value outweighs any conceived prejudice and it is not speculative or argumentative--it simply asks for Monsanto's former CEO's awareness of the epi studies Monsanto conducted; questions pertaining to finance and feasibility are within personal knowledge of company's former CEO | | | |
| 30:1-4 | | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 40:16-23 | | | 243:20-244:21, 232:21-233:13, 233:15-17 | | 403 - calls for speculation; lacks personal knowledge, lacks foundation | Does not call for speculation or lack foundation as the witness is testifying based on his knowledge and experience from his time at Monsanto. |
| 41:5-8 | | | | | | |
| 43:1-44:4 | | | Hearsay (exhibit 4); Exhibit 4/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | 243:20-244:21 | Not offered to show post use conduct but rather to impeach Monsanto's assertion that it did not warn because it never had a reason to. Covers CEO giving media statements over 15 years; relevant as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage; Time frame is undisputed because Roundup came on market in mid 1970s and has been on the market for 40 years; directly relevant to show what Monsanto did; any prejudice outweighed by probative value; non-hearsay; Monsanto's stance on scientific evidence is relevant; | No objection if the plaintiff's corresponding designations are presented. |
| 44:15-19 | | 4 | 403; hearsay; Exhibit 4/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | 243:20-244:21 | Not about conduct - this is Monsanto's position/defense; this is a statement made by the CEO ratifying Monsanto's defense there is no evidence; relevant as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage; Time frame is undisputed because Roundup came on market in mid 1970s and has been on the market for 40 years; directly relevant to show what Monsanto did; any prejudice outweighed by probative value; non-hearsay; Monsanto's stance on scientific evidence is relevant; | No objection if the plaintiff's corresponding designations are presented. |
| 45:6-20 | | 4 | 403; hearsay; Exhibit 4/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | 243:20-244:21 | Not about conduct - this is Monsanto's position/defense; this is a statement made by the CEO ratifying Monsanto's defense there is no evidence; relevant as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage; Time frame is undisputed because Roundup came on market in mid 1970s and has been on the market for 40 years; directly relevant to show what Monsanto did; any prejudice outweighed by probative value; non-hearsay; Monsanto's stance on scientific evidence is relevant; | No objection if the plaintiff's corresponding designations are presented. |
| 46:7-11 | | 4 | | | | |

| Designation | | Objection | | Counter-designation | Plaintiff Response | Objection to Counter | Response to Objection |
|---|---|---|---|---|---|---|---|
| 46:14-47:15 | 5 | 403; hearsay (47:1-15 and Exhibit 5) | | | relevant as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage; Notice; Non-hearsay, offered for effect; this is Monsanto's position/defense | | |
| 47:23-48:4 | 5 | 403; hearsay | | | relevant as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage; Notice; Non-hearsay, offered for effect; this is Monsanto's position/defense | | |
| 49:1-50:5; 50:11 (starting with "And") to 50:13 | 5 | 403; hearsay | | | relevant as probative to Monsanto's lack of concern for rights and safety of others by providing warnings or conducting epidemiology studies in light of published epi and mechanistic studies showing a significant association between Roundup and NHL or DNA damage; Notice; Non-hearsay, offered for effect; this is Monsanto's position/defense | | |
| 89:23-90:19 | | | | | | | |
| 90:22-92:17 | | | | 232:21-233:13, 233:15-17 | | 403 - calls for speculation, lacks foundation | Does not call for speculation or lack foundation as the witness is testifying based on his knowledge and experience from his time at Monsanto. |
| 92:20-22 | | | | | | | |
| 98:3-100:24 | 4, 10 | 403; lacks foundation, hearsay (exhibit 4), Exhibit 4/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct (98:3-100:24); attorney testifying (100:19-23); lacks personal knowledge (exhibit 10; 98:15-100:24) | | | testimony does not concern post use "conduct" but rather veracity of statement; this is Monsanto's position/defense - can be used to impeach; relevant to punitive damages related to Monsanto's public denial of Roundup's carcinogenicity despite Monsanto's toxicologist Donna Farmer saying they should not publicly say Roundup is not a carcinogen because Monsanto has not tested Roundup's carcinogenticity in a long term rodent carcinogenicity, IARC's glyphosate conclusions, prior published epi, tox and mech studies, and purposely not studying Roundup in long term rodent carcinogenicity studies, evidence of conscious disregard for the rights and safety of plaintiffs and others; not hearsay, party admission or falls within an exception to hearsay | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 101:2-102:16 | | 10, 11 | 403, lacks foundation, hearsay (exhibit 4), Exhibit 4/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; attorney testifying (101:23-102:6); calls for expert opinion; lacks personal knowledge | | testimony does not concern post use "conduct" but rather veracity of statement; this is Monsanto's position/defense - can be used to impeach; relevant to punitive damages related to Monsanto's public denial of Roundup's carcinogenicity despite Monsanto's toxicologist Donna Farmer saying they should not publicly say Roundup is not a carcinogen because Monsanto has not tested Roundkup's carcinogenticity in a long term rodent carcinogenicity, IARC's glyphosate conclusions, prior published epi, tox and mech studies, and purposely not studying Roundup in long term rodent carcinogenicity studies, evidence of conscious disregard for the rights and safety of plaintiffs and others;  admissible should Monsanto open the door or a modification of the MIL 7 ruling; not hearsay, party admission or falls within an exception to hearsay | | |
| 103:3-23 | | | 403; lacks foundation; lacks personal knowledge | | relevant to punitive damages related to Monsanto's public denial of Roundup's carcinogenicity despite Monsanto's toxicologist Donna Farmer saying they should not publicly say Roundup is not a carcinogen because Monsanto has not tested Roundkup's carcinogenticity in a long term rodent carcinogenicity, IARC's glyphosate conclusions, prior published epi, tox and mech studies, and purposely not studying Roundup in long term rodent carcinogenicity studies, evidence of conscious disregard for the rights and safety of plaintiffs and others;  not hearsay, party admission or falls within an exception to hearsay; this is Monsanto's position/defense - can be used to impeach; | | |
| 104:22-105:19 | | | 403; attorney testifying (105:12-18); References to other litigation are excluded pursuant to Monsanto's MIL 5.1 and PTO 81 (105:16-18) | | relevant to punitive damages related to Monsanto's public denial of Roundup's carcinogenicity despite Monsanto's toxicologist Donna Farmer saying they should not publicly say Roundup is not a carcinogen because Monsanto has not tested Roundkup's carcinogenticity in a long term rodent carcinogenicity, IARC's glyphosate conclusions, prior published epi, tox and mech studies, and purposely not studying Roundup in long term rodent carcinogenicity studies, evidence of conscious disregard for the rights and safety of plaintiffs and others;  not hearsay, party admission or falls within an exception to hearsay; this is Monsanto's position/defense - can be used to impeach; | | |
| 127:6-8 | | | | | | | |
| 127:10-11 | | | | 232:21-233:13, 233:15-17 | | 403 - calls for speculation, lacks foundation | Does not call for speculation or lack foundation as the witness is testifying based on his knowledge and experience from his time at Monsanto. |

| | | | | | | |
|---|---|---|---|---|---|---|
| 128:1-13 | | 403 and vague as to "guide the science" | | relevant as it is probative of ratification of Monsanto's wrongful treatment of Roundup's carcinogenicity by Donna Farmer | | |
| 129:2-16 | | | | | | |
| 129:19-21 | | | | | | |
| 135:24-136:10 | | | | | | |
| 141:18-143:4 | | 403; vague and calls for speculation (141:24-143:4); attorney testifying (142:18-23) | | relevant and permitted per PTO 81 in Phase 2 as it is probative of ratification of Monsanto's wrongful ghostwriting by or under the direction of William Heydens | | |
| 171:14-175:10 | | 403; vague (171:14-19); Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; references to other alleged health effects is excluded pursuant to Monsanto's MIL 11.5 and PTO 81; calls for speculation (175:8-10); exhibit/testimony excluded by PTO 114's ruling with respect to evidence of Monsanto's conduct surrounding the IARC classification | | Not offered as post use "conduct." jury already heard about IARC conclusion in Phase 1 and despite this in Phase 2 opening statement Monsanto continues to state that foreign organizations never said Roundup is carcinogen, which is false; testimony needed to show how Monsanto viewed IARC conclusion to show pattern and conscious disregard for public safety; prejudicial to plaintiff to exclude; relevant to punitive damages related to the financial incentive to suppress or invalidate IARC's glyphosate conclusions; testimony re: "billion dollar question" directly relevant to punitve damages and jury assessment of amount of money necessary to punish monsanto and deter future wrongful conduct; testimony re: "billion dollar question" does not concern "conduct;" | | |
| 175:13-21 | | 403; Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct; references to other alleged health effects is excluded pursuant to Monsanto's MIL 11.5 and PTO 81; lacks personal knowledge; exhibit/testimony excluded by PTO 114's ruling with respect to evidence of Monsanto's conduct surrounding the IARC classification. | | not offered as post use "conduct." jury already heard about IARC conclusion in Phase 1 and despite this in Phase 2 opening statement Monsanto continues to state that foreign organizations never said Roundup is carcinogen, which is false; testimony needed to show how Monsanto viewed IARC conclusion to show pattern and conscious disregard for public safety; prejudicial to plaintiff to exclude; relevant to punitive damages related to the financial incentive to suppress or invalidate IARC's glyphosate conclusions; testimony re: "billion dollar question" directly relevant to punitve damages and jury assessment of amount of money necessary to punish monsanto and deter future wrongful conduct; testimony re: "billion dollar question" does not concern "conduct;" | | |