| Plaintiffs' Affirmative Designations | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Cite | Exhibits | Monsanto's Objections | Monsanto's Counters | Plaintiffs' Responses to Objections | Plaintiffs' Objections to Counters | Plaintiffs' Counter-Counters | Monsanto's Responses to Objections | Monsanto's Objections to Counter-Counters |
| **Guard 09/13/2018** | | | | | | | | |
| 6:6 | | | | | | | | |
| 6:24-7:4 | | | | | | | | |
| 07:21-8:3; 8:13-08:18 | | Testimony surrounding Bayer's acquisition of Monsanto are excluded pursuant to MIL 5.3 and PTO 81 | | Relevant to background and foundation for testimony. | | | | |
| 41:23-43:7 | | | | | | | | |
| 75:13-14 | | | | | | | | |
| 75:17-21 | | | | | | | | |
| 75:24-76:6 | | | | | | | | |
| 76:9-15 | | | | | | | | |
| 76:19-20 | | | | | | | | |
| 76:23-77:3 | | | | | | | | |
| 77:6-7 | | | | | | | | |
| 88:5-88:23 | | Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct and excluded by PTO 114's ruling with respect to evidence of Monsanto's conduct surrounding the IARC classification; irrelevant because Mr. Hardeman used a concentrate product not a ready-to-use product | | Relevant to failure to warn claim and to show feasible for Monsanto to change its label | | | | |
| 92:8-92:10 | | Testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct and excluded by PTO 114's ruling with respect to evidence of Monsanto's conduct surrounding the IARC classification; misstates the evidence | | Relevant to failure to warn claim and to show feasible for Monsanto to change its label | | | | |
| 92:14-19 | | Testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct and excluded by PTO 114's ruling with respect to evidence of Monsanto's conduct surrounding the IARC classification | | Relevant to failure to warn claim and to show feasible for Monsanto to change its label | | | | |
| 92:22 | | Testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct and excluded by PTO 114's ruling with respect to evidence of Monsanto's conduct surrounding the IARC classification | | Relevant to failure to warn claim and to show feasible for Monsanto to change its label | | | | |
| 93:4-7 | | | | | | | | |
| 96:12-15 | | | | | | | | |
| 96:19-20 | | | | | | | | |
| 96:21-100:2 | | Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct and excluded by PTO 114's ruling with respect to evidence of Monsanto's conduct surrounding the IARC classification.  Not only is exhibit 2 dated in 2015, but it refers to a product Mr. Hardeman did not use and we therefore know he did not see the label on such products. | 677:19-678:15 | Relevant to failure to warn claim and to show feasible for Monsanto to change its label; probative value outweighs any potential prejudice | (677:22-678:1 - excluded per MIL; opens door for Prop 65); (678:2-3 - 403; cumulative); (678:4-15 - excluded per MIL 7, post-use) | | | |
| 101:23-102:4 102:8-9 | | Calls for speculation (101:23-102:4), argumentative (101:23-102:4) | 100:3-5, 100:8-12, 100:16-18, 669:1-670:3; 670:8-672:19; 675:16-676:2 | Relevant to failure to warn claim and to show feasible for Monsanto to change its label; probative value outweighs any potential prejudice | Overly broad counter; FRE 401 & 403, not relevant, waste of time, post-use | | Counter is relevant and provides context to affirmative designation | |
| 104:19-104:23 | | | 154:7-8, 154:11-13 | | Personal use of product; - FRE 401 - not relevant; 403 -  misleading, lacks foundation, not responsive to affirmative designation | | The witness's personal use of Roundup is relevant to Plaintiff's failure to warn claim as it establishes that a risk of cancer was not and is not known to the company. Testimony is not confusing and is short so is not a waste of time. | |

| Designation | Objection | Counter | Response to Objection | Counter-Counter | Response to Counter | Reply |
|---|---|---|---|---|---|---|
| 106:2-3<br>106:4-8<br>106:12-18 | Argumentative; lacks foundation; calls for speculation | 154:7-8, 154:11-13 | Relevant to failure to warn claim; probative value as to company's position regarding warning of cancer outweighs any potential prejudice | Personal use of product; - FRE 401 - not relevant; 403 - misleading, lacks foundation, not responsive to affirmative designation | The witness's personal use of Roundup is relevant to Plaintiff's failure to warn claim as it establishes that a risk of cancer was not and is not known to the company. Testimony is not confusing and is short so is not a waste of time. | |
| 106:21 | | 669:1-670:3; 670:8-672:19; 675:16-676:2 | | Overly broad counter; affirmative is only one line | Counter is relevant and provides context to affirmative designations | |
| 116:20-116:23 | | 116:13-19 | | | | |
| 124:20-24 | | | | | | |
| 125:3-4 | | | | | | |
| 138:15-19 | Irrelevant because Mr. Hardeman did not use Super Concentrate or Roundup Weed and Grass Killer Number Three | | Relevant to failure to warn claim; probative value as to company's position regarding warning of cancer outweighs any potential prejudice | | | |
| 138:22 | Irrelevant because Mr. Hardeman did not use Super Concentrate or Roundup Weed and Grass Killer Number Three | | Relevant to failure to warn claim; probative value as to company's position regarding warning of cancer outweighs any potential prejudice | | | |
| 139:22-140:3 | 403; cumulative; argumentative | | Relevant to failure to warn claim; probative value as to company's position regarding warning of cancer outweighs any potential prejudice | | | |
| 140:6 | | | | | | |
| 146:20-24 | Irrelevant and unduly prejudicial, as there is no evidence that Mr. Hardeman ever "saturated his clothing" | | Relevant to failure to warn claim; probative value as to company's position regarding warning of cancer outweighs any potential prejudice | | | |
| 147:3 | | | | | | |
| 193:7-14 | | | | | | |
| 197:24-198:5 | | | | | | |
| 198:8 | | | | | | |
| 208:5-8 | | | Relevant to failure to warn & defective design claims; probative value as to company's position regarding warning of cancer outweighs any potential prejudice | | | |
| 208:11 | Calls for speculation | | | | | |
| 221:16-222:2 | | | | | | |
| 222:5-6 | | | | | | |
| 222:7-19 | References to Seralini study are excluded pursuant to PTO 81 and this should be removed. | | Relevant to failure to warn & defective design claims; probative value as to company's position regarding warning of cancer outweighs any potential prejudice; shows notice | | | |
| 222:22-223:1 | | | | | | |
| 223:4 | | | | | | |
| 223:5-8 | 403; lacks foundation; calls for speculation; misstates the exhibit | | Relevant to failure to warn & defective design claims; probative value as to company's position regarding warning of cancer outweighs any potential prejudice; shows notice | | | |
| 223:11-13 | | | | | | |
| 223:14-15 | Argumentative | | Relevant to failure to warn & defective design claims; probative value as to company's position regarding warning of cancer outweighs any potential prejudice; shows notice | | | |
| 223:18 | | | | | | |
| 259:24-260:2 | | | | | | |
| 260:5-6 | | | | | | |
| 260:7-10 | | | | | | |
| 313:21-314:3 | | | | | | |
| 314:21-24 | | | | | | |
| 315:11-12 | | | | | | |
| 315:15-19 | | | | | | |
| 316:14-17 | | | | | | |
| 316:20-21 | | | | | | |
| 336:14-18 | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 401:17-20 | | | | Relevant to failure to warn & defective design claims; probative value as to company's position regarding warning of cancer outweighs any potential prejudice; shows notice | incomplete; not relevant; speculation | | |
| | Lacks foundation; lacks knowledge | | 400:11-18 | | | | |
| 402:11-16 | | | | | | | |
| 402:19-21 | | | | | | | |
| 420:7-10 | Argumentative; irrelevant and unduly prejudicial because Mr. Hardeman never had a soaked shirt from Roundup use | | | Relevant to failure to warn & defective design claims; probative value as to company's position regarding warning of cancer outweighs any potential prejudice; | | | |
| 420:13-19 | Argumentative; irrelevant and unduly prejudicial because Mr. Hardeman never had a soaked shirt from Roundup use | | | Relevant to failure to warn & defective design claims; probative value as to company's position regarding warning of cancer outweighs any potential prejudice; | | | |
| 448:18-449:12 | 403; testimony/exhibit is excluded by Court's ruling with respect to post-use conduct | | | Relevant to failure to warn & defective design claims; probative value as to company's position regarding warning of cancer outweighs any potential prejudice; | | | |
| 471:10-472:1 | 403; testimony/exhibit is excluded by Court's ruling with respect to post-use conduct | | | Relevant to failure to warn & defective design claims; probative value as to company's position regarding warning of cancer outweighs any potential prejudice; | | | |
| 472:8 | 403; testimony/exhibit is excluded by Court's ruling with respect to post-use conduct | | | Relevant to failure to warn & defective design claims; probative value as to company's position regarding warning of cancer outweighs any potential prejudice; | | | |