### Plaintiffs' Affirmative Designations

| Cite | Monsanto's Objections | Monsanto's Counters | Plaintiffs' Responses to Objections | Plaintiffs' Objections to Counters | Plaintiffs' Counter-Counters | Monsanto's Responses to Objections | Monsanto's Objections to Counter-Counters |
|---|---|---|---|---|---|---|---|
| **Kier 02/05/2019** | | | | | | | |
| 7:24-8:2 | | | | | | | |
| 29:22-23 | Irrelevant to issues to be tried in Phase 2; CV is hearsay | | Relevant to foundation. Establishes Kier's history with Monanto, background at company, and expertise in field of genotoxicology. | | | | |
| 30:1-4 | Irrelevant to issues to be tried in Phase 2; CV is hearsay | | Relevant to establishing Kier's qualifications as an expert and person most knowledgable at Monsanto compay regarding gentotoxicity of glypohsate during period when Hardeman used roundup | | | | |
| 35:5-15 | | 35:19-36:3; 249:20- | | | | | |
| 47:3-9 | | 248:10-19 | | Irrelevant, waste of time, prejudicial | | Relevant and provides context to plaintiffs' affirmative designation, factors in FRE 403 do not outweigh probative value of testimony | |
| 57:4-57:13 | | 57:14-19 | | | | | |
| 57:20-58:5 | | | | | | | |
| 60:7-10 | | 59:21-60:7 | | | | | |
| 63:8-10 | | 63:11-13 | | | | | |
| 77:1-5 | Calls for speculation; improper opinion testimony; | 249:20-250:6 | Witness has first hand knowledge; Witness previoulsy laid foundation that he was (1) involved in designing testing protocols; (2) person most knowledgeable about genotoxicity of glyphosate and GBFs at Monsanto; Any prejudice outweighed by probative value | | | | |
| 77:-8 | | 77:9-21 | | | | | |
| 79:22-24 | Assumes facts not in evidence Vague | | probative value outweighs prejudice, relevant to impeachment (documents establish witness did participate genotoxicity defense) | | | | |
| 80:2-3 | | | | | | | |
| 80:9-10 | Object to the introduction of this exhibit, with state of designations, exhibit is introducted but then never discussed | | discussed at 116:20 | | | | |
| 107:17-21 | Vague; Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation.  Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | 108:3-7 | Parry relevant to phase 2, documents establish that Kier directly involved in Parry story; question of fact for the jury about Kier's inluence on and contact with Parry; any prejudice outweighed by probative value | | | | |
| 108:17-20 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation.  Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | | Parry relevant to phase 2, documents establish that Kier directly involved in Parry story; question of fact for the jury about Kier's inluence on and contact with Parry; any prejudice outweighed by probative value | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 109:16-19 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | | Parry relevant to phase 2, documents establish that Kier directly involved in Parry story; question of fact for the jury about Kier's inluence on and contact with Parry; any prejudice outweighed by probative value | | | |
| 116:20-117:14 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | 114:10-17; 115:10-116:15; 117:15-18 | relevant to genotoxicity, liability, prejudice outweighed by probative value, non-hearsay or offered under hearsay exception | waste of time | Not a waste of time - counter-designation provides context to plaintiffs' affirmative designations | |
| 117:19-118:15 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. Assumes facts not in evidence (118:14-15) | | | | | |
| 118:17-118:22 | Assumes facts not in evidence | | relevant to genotoxicity, liability, prejudice outweighed by probative value, | | | |
| 136:4-136:17 | 403; Exhibit is hearsay | 136:18-21 | exhibit offered as non-hearsay and or falls under hearsay exception | | | |
| 156:3-8 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | | Testimony concerns Monsanto's reaction to Kier reccomendations, Kier was foremost authority at Monsanto on genotox and integral to designing studies and study protocol. Question concerns monsanto's reaction to Parry reccomendation to test formulations. Evidence is quite obviously relevant. | | | |
| 156:23-157:4 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation. Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | | Testimony concerns Monsanto's reaction to Kier reccomendations, Kier was foremost authority at Monsanto on genotox and integral to designing studies and study protocol. Question concerns monsanto's reaction to Parry reccomendation to test formulations. Evidence is quite obviously relevant. | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 158:2-159:15 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation.  Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | | | Testimony concerns Monsanto's reaction to Kier reccomendations, Kier was foremost authority at Monsanto on genotox and integral to designing studies and study protocol. Question concerns monsanto's reaction to Parry reccomendation to test formulations. Evidence is quite obviously relevant. | | | |
| 159:18-160:4 | Testimony about Dr. Parry by Dr. Kier should be excluded under Rule 403 in light of the fact that Dr. Kier does not have a recollection of being involved with Dr. Parry and all such testimony is therefore speculative and lacking foundation.  Even if the Court finds the Parry story relevant to Phase 2, such evidence should not be admitted through Dr. Kier. | 160:10-12; 160:15-161:3 | | Testimony concerns Monsanto's reaction to Kier reccomendations, Kier was foremost authority at Monsanto on genotox and integral to designing studies and study protocol. Question concerns monsanto's reaction to Parry reccomendation to test formulations. Evidence is quite obviously relevant. | | | |
| 161:16-162:16 | | 237:10-238:17; 249:6-19 | | | | 89:5-17 | Irrelevant to affirmative designation and counter designation as counter-counter refers to different topic and exhibit; prejudicial - witness does not recall meeting and did not author document, lacks personal knowledge and calls for speculation |
| 163:5-11 | | 163:12-17; 237:10-238:17; 249:6-19 | | | | 89:5-17 | Irrelevant to affirmative designation and counter designation as counter-counter refers to different topic and exhibit; prejudicial - witness does not recall meeting and did not author document, lacks personal knowledge and calls for speculation |
| 163:18-23 | | | | | | | |
| 164:17-166:2 | | 166:3-10; 237:10-238:17; 240:12-241:19; 249:6-19 | | relevant to genotoxicity, any prejudice outweighed by probative value, witness has personal knowledge | Attorney testimony, hearsay, mischaracterizes the evidence (not written by Kirkland), prejudicial, waste of time | 89:5-17 | Non-hearsay, falls within exception in FRE 803 and/or admissible for non-hearsay purposes; Not prejudicial or confusing - counter-designation responds to same point being made by affirmative designation and provides context to affirmative designation; factors in FRE 403 do not outweigh probative value of testimony | Irrelevant to affirmative designation and counter designation as counter-counter refers to different topic and exhibit; prejudicial - witness does not recall meeting and did not author document, lacks personal knowledge and calls for speculation |
| 166:10-168:6 | Calls for speculation (166:10-167:1) | 168:7-21 | | any prejudice outweighed by probative value | | | |
| 171:13-172:16 | Calls for speculation (172:11-12, 172:16) | | | obviously relevant to liabilty & ghostwriting story, relevant to genotoxicity, any prejudice outweighed by proabtive value, witness has personal knowledge | | | |
| 172:19-173:2 | Calls for speculation (173:1-2) | | | obviously relevant to liabilty & ghostwriting story, relevant to genotoxicity, non-hearsay and/or offered under hearsay , witness has personal knowlege | | | |
| 173:5-14 | | | | | | | |
| 174:17-20 | | 174:1-7 | | | | | |
| 175:4-6 | | 175:18-176:23 | | | | | |
| 178:22-24 | Lacks foundation; calls for speculation; 403. Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | | Genotoxicity is at issue so outside scope of PTO 81;  conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | |
| 179:3-20 | Lacks foundation; calls for speculation | 178:5-13 | | Genotoxicity is at issue so outside scope of PTO 81;  conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | |
| 180:13-181:1 | | 180:5-10 | | | | | |
| 182:1-12 | Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | | Genotoxicity is at issue so outside scope of PTO 81;  conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | |

| Designation | Objection | Counter-designation | Response to Objection | Objection to Counter | Reply | Response/Notes |
|---|---|---|---|---|---|---|
| 183:10-15 | Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | Email is during relevant time period; testimony and conduct concerns a genotoxicity review article and genotoxicity was at issue during phase 1, | | | |
| 184:20-185:2 | Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | |
| 185:9-11 | Irrelevant to issues to be tried in Phase 2 | | relevant to liabilty | | | |
| 185:22-24 | Irrelevant to issues to be tried in Phase 2  Calls for speculation | 187:22-188:6; 187:7-187:17 | relevant to liability, witness has submitted articles to journals | | | |
| 186:3 | Irrelevant to issues to be tried in Phase 2  Calls for speculation | 187:22-188:6 | witness has personal knowledge has submitted articles journals | | | |
| 186:17-188:1 | Exhibit is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | 187:7-187:17 | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | |
| 188:5-189:2 | Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct.  Misstates the testimony and record (188:20-22) | | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | |
| 189:22-190:12 | Exhibit/testimony are inadmissible based on PTO 81's ruling on Monsanto's MIL 7 | | releavnt to genotoxicity and liabiltiy, non-hearsay and or offered under hearsay exception | | | |
| 191:13-23 | Exhibits/testimony are inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | 191:6-12; 237:10-238:17; 249:6-19 | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | confusing, waste of time | Not waste of time or confusing - counter-designation responds to same point being made by affirmative designation and provides context to affirmative designation; factors in FRE 403 do not outweigh probative value of testimony | |
| 192:9-194:23 | Exhibits/testimony are inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | genotoxicity is directly at issue and testimony concerns a review article evaluating genotoxicy from relevant time period; conduct began during relevant time period; Monsanto put genotoxicity at issue through Reeves testimony and attack on Protier via EFSA | | | |
| 195:7-10 | Lacks foundation; calls for speculation  Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct.  Misstates the testimony | | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | |
| 195:12-15 | Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct.  Calls for speculation (196:4-6) | | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | |
| 196:20-197:5 | Exhibits/testimony are inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | 196:4-19 | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | |
| 197:16-198:4 | 403  Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier artice | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 197:16-200:4 | 403<br>Calls for speculation (197:10-12) (199:19-20)<br>Exhibit/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | 200:5-10; 237:10-238:17; 249:6-19 | Genotoxicity is at issue so outside scope of PTO 81; conduct occurred and/or began during relevant time period; Monsanto put genotox at issue through introduction of EFSA during Portier cross and EFSA genotoxicity determination was predicated in part on Kier articLe | Attorney testimony, hearsay, mischaracterizes the evidence (not written by Kirkland), prejudicial, waste of time | Non-hearsay, falls within exception in FRE 803 and/or admissible for non-hearsay purposes; Not prejudicial or confusing - counter-designation responds to same points being made by affirmative designation and provides context to affirmative designations; factors in FRE 403 do not outweigh probative value of testimony | |
| 209:3-13 | Testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | 244:21-246:16 | Kier 2015 is a review of glypohsate biomonitoring studies (Bolognesi & Paz-y-Mino) which are directly at issue and therefore outside scope of PTO 81 | | | |
| 219:16-220:5 | 403; Exhibit/testimony are inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | 220:9-20 | Concerns studies releid upon by experts during phase 1 and outside scope of PTO 81; bolognesi and paz y mino studies were directly at issue during phasae 1 and review article concerns those studies | 403: waste of time, confusion | Not waste of time or confusing - counter-designation responds to same point being made by affirmative designation and provides context to and clarifies affirmative designation; factors in FRE 403 do not outweigh probative value of testimony | |
| 223:1-225:1 | 403<br>Calls for improper opinion testimony; calls for legal conclusion (223:1-4).<br>Exhibit/testimony are inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | | Concerns studies releid upon by experts during phase 1 so outside scope of PTO 81; Question does not ask for legal conclusion but rather witnesses' concern over potential liability; Studies are either at issue or conduct began during relevant time period | | | |
| 254:19-24 | 403<br>Improper opinion testimony | 64:17-22; 135:9-15; 255:9-19 | relevant to genotoxicity and liability; witness has personal knowledge | | | |