**Plaintiffs' Affirmative Designations**

| Cite | Phase | Exhibits | Monsanto's Objections | Plaintiff's Response to Objections | Monsanto's Counters | Plaintiffs' Objections to Counters | Monsanto's Responses to Objections |
|---|---|---|---|---|---|---|---|
| **Koch 01/11/2019** | | | | | | | |
| 16:7-17:7 | | | | | 357:11-21, 357:23-360:20 | Dr. Koch's personal use of Roundup is not appropirate testimony and orrelevant and misleading , especially with respect to Dr. Koch's PPEs. (357:19-358:8); inappropriate expert testimony; improper scope of counter | The witness's personal use of Roundup is relevant to Plaintiff's failure to warn claim as it establishes that a risk of cancer was not and is not known to the company; witness is not testifying as an expert but based on personal knowledge pursuant to FRE 701. |
| 43:10-44:10 | | | | | | | |
| 57:7-10 | | | | | | | |
| 57:12-17 | | | 403; Misstates the testimony | Probative value outweighs any prejudice; relevant to liability and punitive damages in that Monsanto's priority is defending RU above all else. | | | |
| 57:20-21 | | | | | | | |
| 71:18-23 | | | Incomplete | Probative value outweighs any prejudice; relevant to liability and punitive damages; Based on opening statement, monsanto is now claiming it tested the product | 372:17-375:23 | Misstates prior testimony; irrelevant; lacks foundation; 403; improper scope of counter | Relevant and provides context to designated testimony; witness testifying pursuant to FRE 701 and personal knowledge |
| 72:1 | | | | | | | |
| 163:15-16 | | | | | 370:23-371:13 | Misstates prior testimony; irrelevant; lacks foundation; 403; improper scope of counter | Relevant and provides context to designated testimony; witness testifying pursuant to FRE 701 and personal knowledge |
| 163:20-164:11 | | | | | | | |
| 164:16-18 | | | | | 370:23-371:13 | Misstates prior testimony; irrelevant; lacks foundation; improper scope of counter | Relevant and provides context to designated testimony; witness testifying pursuant to FRE 701 and personal knowledge |
| 205:18-19 | | | | | | | |
| 205:21-23 | | | 403; vague/hypothetical | Probative value outweighs any prejudice; relevant to liability and punitive damages | | | |
| 206:1-5 | | | 403; vague/hypothetical (206:3-5) | Probative value outweighs any prejudice; relevant to liability and punitive damages | | | |
| 206:7-14 | | | 403; vague/hypothetical; asked and answered | Probative value outweighs any prejudice; relevant to liability and punitive damages | | | |
| 206:17-20 | | | 403 | Probative value outweighs any prejudice; relevant to liability and punitive damages | | | |
| 207:1-18 | | | 403; vague/hypothetical | Probative value outweighs any prejudice; relevant to liability and punitive damages | | | |
| 212:1-5 | | | | | | | |
| 212:7-10 | | | 403; misstates the record | Probative value outweighs any prejudice; relevant to liability and punitive damages; not post-use | | | |
| 212:13-24 | | 14 | 403; misstates the record; exhibit 14 references to Seralini are excluded pursuant to Monsanto's MIL 10 and PTO 81 | Probative value outweighs any prejudice; relevant to liability and punitive damages; did not designate portion about Seralini and e-mail not post use | | | |
| 213:5-20, ending at "study" | | | 403; misstates the record; exhibit 14 references to Seralini are excluded pursuant to Monsanto's MIL 10 and PTO 81 | Probative value outweighs any prejudice; relevant to liability and punitive damages; did not designate portion about Seralini and e-mail not post use | | | |
| 213:21 (beginnning at "there is")-214:15 | | | 403; misstates the record; exhibit 14 references to Seralini are excluded pursuant to Monsanto's MIL 10 and PTO 81; incomplete | Probative value outweighs any prejudice; relevant to liability and punitive damages; did not designate portion about Seralini and e-mail not post use | | | |
| 216:7-15 | | | | | | | |
| 216:18-20 | | | | | | | |
| 216:22-217:10 | | | Argumentative/attorney testifying (217:4-10) | Probative value outweighs any prejudice; relevant to liability and punitive damages; did not designate portion about Seralini and e-mail not post use | | | |
| 217:12-218:7 | | | Argumentative | Probative value outweighs any prejudice; relevant to liability and punitive damages; did not designate portion about Seralini and e-mail not post use | | | |
| 218:9-219:8 | | | | | | | |
| 219:10-22 | | | Argumentative | Probative value outweighs any prejudice; relevant to liability and punitive damages; did not designate portion about Seralini and e-mail not post use | 389:15-23 | Speculaton - he begins this counter by saying he doesn't know and then he provides hearsay and speculation. | This testimony is not speculation. The witness does not say he "doesn't know"; rather, he says he is not intimately familiar, but he provides an answer based on what he does know. |
| 219:24-220:1 | | | | | 389:15-23 | Speculaton - he begins this counter by saying he doesn't know and then he provides hearsay and speculation. | This testimony is not speculation. The witness does not say he "doesn't know"; rather, he says he is not intimately familiar, but he provides an answer based on what he does know. |
| 221:22-222:6 | | | | | 389:15-23 | Speculaton - he begins this counter by saying he doesn't know and then he provides hearsay and speculation. | This testimony is not speculation. The witness does not say he "doesn't know"; rather, he says he is not intimately familiar, but he provides an answer based on what he does know. |
| 222:9-14 | | | Lacks personal knowledge | Probative value outweighs any prejudice; relevant to liability and punitive damages | 389:15-23 | Speculaton - he begins this counter by saying he doesn't know and then he provides hearsay and speculation. | This testimony is not speculation. The witness does not say he "doesn't know"; rather, he says he is not intimately familiar, but he provides an answer based on what he does know. |
| 222:19-223:4 | | | | | 389:15-23 | Speculaton - he begins this counter by saying he doesn't know and then he provides hearsay and speculation. | This testimony is not speculation. The witness does not say he "doesn't know"; rather, he says he is not intimately familiar, but he provides an answer based on what he does know. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 223:7-8 | | | | | 389:15-23 | Speculaton - he begins this counter by saying he doesn't know and then he provides hearsay and speculation. | This testimony is not speculation. The witness does not say he "doesn't know"; rather, he says he is not intimately familiar, but he provides an answer based on what he does know. |
| 283:21-284:7 | | 18 | Exhibit 18/testimony is inadmissible based on PTO 81's ruling on Monsanto's MIL 7 on post-use corporate conduct. | Not offered as post use "conduct." jury already heard about IARC conclusion in Phase 1 and despite this in Phase 2 opening statement Monsanto continues to state that foreign organizations never said Roundup is carcinogen, which is false; testimony needed to show how Monsanto viewed IARC conclusion to show pattern and conscious disregard for public safety; prejudicial to plaintiff to exclude; relevant to punitive damages related to the financial incentive to suppress or invalidate IARC's glyphosate conclusions; testimony re: "billion dollar question" directly relevant to punitive damages and jury assessment of amount of money necessary to punish Monsanto and deter future wrongful conduct; testimony re: "billion dollar question" does not concern "conduct;" | | | |
| 284:8-18 | | | Incomplete, as this starts with an answer and no context before is provided. Argumentative and improper hypothetical. Simply attorney testimony. Ends in the middle of a question. | Not offered as post use "conduct." jury already heard about IARC conclusion in Phase 1 and despite this in Phase 2 opening statement Monsanto continues to state that foreign organizations never said Roundup is carcinogen, which is false; testimony needed to show how Monsanto viewed IARC conclusion to show pattern and conscious disregard for public safety; prejudicial to plaintiff to exclude; relevant to punitive damages related to the financial incentive to suppress or invalidate IARC's glyphosate conclusions; testimony re: "billion dollar question" directly relevant to punitive damages and jury assessment of amount of money necessary to punish Monsanto and deter future wrongful conduct; testimony re: "billion dollar question" does not concern "conduct;" | | | |
| 286:6 - 288:19 | | | Exhibit 18/testimony is inadmissible based on PTO 81 and PTO 114's rulings on post-use corporate conduct and the company's response to IARC. | Not offered as post use "conduct." jury already heard about IARC conclusion in Phase 1 and despite this in Phase 2 opening statement Monsanto continues to state that foreign organizations never said Roundup is carcinogen, which is false; testimony needed to show how Monsanto viewed IARC conclusion to show pattern and conscious disregard for public safety; prejudicial to plaintiff to exclude; relevant to punitive damages related to the financial incentive to suppress or invalidate IARC's glyphosate conclusions; testimony re: "billion dollar question" directly relevant to punitive damages and jury assessment of amount of money necessary to punish Monsanto and deter future wrongful conduct; testimony re: "billion dollar question" does not concern "conduct;" | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 289:3-12 | | | Exhibit 18/testimony is inadmissible based on PTO 81 and PTO 114's rulings on post-use corporate conduct and the company's response to IARC. | Not offered as post use "conduct." jury already heard about IARC conclusion in Phase 1 and despite this in Phase 2 opening statement Monsanto continues to state that foreign organizations never said Roundup is carcinogen, which is false; testimony needed to show how Monsanto viewed IARC conclusion to show pattern and conscious disregard for public safety; prejudicial to plaintiff to exclude; relevant to punitive damages related to the financial incentive to suppress or invalidate IARC's glyphosate conclusions; testimony re: "billion dollar question" directly relevant to punitive damages and jury assessment of amount of money necessary to punish Monsanto and deter future wrongful conduct; testimony re: "billion dollar question" does not concern "conduct;" | | | |
| 289:17:24 | | | Exhibit 18/testimony is inadmissible based on PTO 81 and PTO 114's rulings on post-use corporate conduct and the company's response to IARC | Not offered as post use "conduct." jury already heard about IARC conclusion in Phase 1 and despite this in Phase 2 opening statement Monsanto continues to state that foreign organizations never said Roundup is carcinogen, which is false; testimony needed to show how Monsanto viewed IARC conclusion to show pattern and conscious disregard for public safety; prejudicial to plaintiff to exclude; relevant to punitive damages related to the financial incentive to suppress or invalidate IARC's glyphosate conclusions; testimony re: "billion dollar question" directly relevant to punitive damages and jury assessment of amount of money necessary to punish Monsanto and deter future wrongful conduct; testimony re: "billion dollar question" does not concern "conduct;" | | | |
| 290:2-7 | | | Exhibit 18/testimony is inadmissible based on PTO 81 and PTO 114's rulings on post-use corporate conduct and the company's response to IARC; argumentative since Plaintiff's counsel interrogates the witness about an email from years ago and then mocks his memory of the surrounding events. | Not offered as post use "conduct." jury already heard about IARC conclusion in Phase 1 and despite this in Phase 2 opening statement Monsanto continues to state that foreign organizations never said Roundup is carcinogen, which is false; testimony needed to show how Monsanto viewed IARC conclusion to show pattern and conscious disregard for public safety; prejudicial to plaintiff to exclude; relevant to punitive damages related to the financial incentive to suppress or invalidate IARC's glyphosate conclusions; testimony re: "billion dollar question" directly relevant to punitive damages and jury assessment of amount of money necessary to punish Monsanto and deter future wrongful conduct; testimony re: "billion dollar question" does not concern "conduct;" | | | |