**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Tamara Matthews Johnson (*pro hac vice*)
(tmatthewsjohnson@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:    202-847-4030
Fax:    202-847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| *Hardeman v. Monsanto Co., et al.,* 3:16-cv-0525-VC | **MONSANTO'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM REGARDING THE CONSUMER EXPECTATION TEST** |

## Introduction

Defendant Monsanto Company ("Monsanto") respectfully submits the following proposed instruction regarding the consumer expectation test.  However, as indicated in the prior filings and colloquy with the Court, Monsanto does not believe that such a claim is viable as a matter of law.

**JURY INSTRUCTION NO. _**

**(Strict Liability—Design Defect)**

In order to prevail on his design defect claim, Mr. Hardeman must prove that Monsanto is legally responsible for the harm that Roundup caused him. Therefore, Mr. Hardeman must prove all of the following:

1. That Roundup, in the context of the facts and circumstances of this particular case, is a product about which an ordinary consumer can form reasonable minimum safety expectations;

2. That Roundup had a design defect that did not allow it to perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way;

3. That Roundup's design defect was a substantial factor in causing Mr. Hardeman's harm.

Determining if Roundup's design defect was a substantial factor in causing Mr. Hardeman's harm is a different question than determining that merely using Roundup was a substantial factor in causing Mr. Hardeman's NHL.  In Phase 1 you had to decide if Roundup caused Mr. Hardeman's NHL.  Here you must decide if Roundup was defectively designed, and, if so, whether that defective design was a substantial factor in causing Mr. Hardeman's NHL.

Source: CACI 1203 (Modified);  *Pooshs v. Philip Morris USA, Inc.*, 904 F. Supp. 2d 1009, 1025 (N.D. Cal. 2012) (finding "no evidence that the design of defendants' cigarettes—as opposed to plaintiff's smoking of cigarettes—was a substantial factor in causing her lung cancer."); *Soule v. Gen. Motors Corp.*, 882 P.2d 298, 308 (1994) (explaining that the consumer expectation test only allows a finding of defect "*if* the

failure *resulted* from the product's design.") (emphasis added); *Browne v. McDonnell Douglas Corp.*, 698 F.2d 370, 371 (9th Cir. 1982) (affirming summary judgment in favor of defendants because "a reasonable jury could not find by a preponderance of the evidence that the [airplane's] design was a substantial factor in preventing the crew from seeing the [other airplane] in time to avoid the collision").

**Verdict Form**

**Design Defect**

We answer the questions submitted to us as follows:

1. In the context of the facts and circumstances of this particular case, can an ordinary consumer form reasonable minimum safety expectations about Roundup?

   _____ Yes      _____ No

   If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Did Mr. Hardeman prove that Roundup had a design defect that did not allow it to perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way?

   _____ Yes      _____ No

   If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. Did Mr. Hardeman prove that Roundup's design defect, rather than his mere use of Roundup, was a substantial factor in causing Mr. Hardeman's harm?

   _____ Yes      _____ No

   If your answer to question 3 is yes, then answer question 4.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

DATED: March 23, 2019

Respectfully submitted,

/s/ _Brian L. Stekloff_____

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Tamarra Matthews Johnson (*pro hac vice*)
(tmatthewsjohnson@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER, LLP
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

Attorneys for Defendant
MONSANTO COMPANY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of March 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Brian L. Stekloff