

2001 M STREET NW
10th Floor
WASHINGTON, DC 20036

WWW.WILKINSONWALSH.COM
—
A LIMITED LIABILITY PARTNERSHIP

March 24, 2019

**VIA ECF**

Hon. Vince Chhabria
San Francisco Courthouse, Courtroom 4
450 Golden Gate Avenue
San Francisco, CA 94102

  Re: *In re Roundup Prods. Liab. Litig.*, **No. 3:16-md-02741-VC**

Dear Judge Chhabria:

  As previewed for the Court on Friday afternoon, Monsanto respectfully submits a proposal for limited additional testimony from Plaintiff's expert Dr. Christopher Portier addressing regulatory approvals of glyphosate post-dating Mr. Hardeman's Roundup use. The additional testimony from Dr. Portier concerns (1) the scope of the 2017 EPA OPP review of glyphosate and the consistency between that review and the reviews of other worldwide regulators, and (2) the 2017 and 2019 Health Canada reviews of glyphosate. The approximate run-time for this additional testimony is 10 minutes. While Monsanto could have designated testimony from several witnesses—including Drs. Farmer and Reeves—on these topics, Monsanto has endeavored to be as efficient as possible in designating testimony on post-2012 regulatory actions. The proposed designations and Plaintiff's objections and counter-designations are attached hereto as Exhibit 1. A run report with the new designations will be submitted to chambers via e-mail.

  Monsanto submits that Plaintiff has opened the door to testimony on this topic by arguing that Monsanto has never "to this day" undertaken certain tests Plaintiff alleges should have been done or put a cancer warning on its Roundup products. *See, e.g.*, Tr. 2218 6-7 (Ms. Wagstaff's opening statement: "***To this day*** Monsanto has never done an epidemiology study." (emphasis added)); *id.* at 2218:11-13 ("And they have admitted that they have never, ***to this day***, conducted any long-term rodent carcinogenicity test on the formulated product Roundup." (emphasis added)); *id.* at 2220:12-13 ("***To this day***, it has never warned any customer that Roundup could cause cancer." (emphasis added)); *id.* at 2222:17-19 ("Monsanto admits it has never conducted a long-term animal carcinogenicity study on Roundup, the formulated product, ***never to this day***." (emphasis added)); *id.* at 2233:1-2 ("You will see that Monsanto has never conducted an epidemiology study ***to this day***." (emphasis added)); *id.* at 2233:3-6 ("Monsanto has admitted, ***as we stand here in 2019***, it has never conducted an epidemiology study to study the association between Roundup and NHL." (emphasis added)). Plaintiff emphasized this point by reading to the jury portions of Monsanto's RFA responses that capture the company's conduct up to the present. *See, e.g.*, Tr. 2343 (Ms. Moore: "Admit that Monsanto has never conducted an

epidemiological study to study the association between glyphosate-containing formulations and non-Hodgkin's lymphoma. Defendant's response: Admitted. Plaintiff's Request Number 4: Admit that Monsanto has not conducted a long-term animal carcinogenicity study on glyphosate since 1991. Monsanto's response: Monsanto admits that it has not identified any 12-month or longer animal chronic toxicity studies that it has conducted on glyphosate since 1991. Plaintiff's Request Number 5: Admit that Monsanto has never conducted a long-term animal carcinogenicity study on any glyphosate formulation. Monsanto's response: Monsanto admits that it has not conducted a long-term animal carcinogenicity study on any formulated pesticide product.").

The undue prejudice to Monsanto from such arguments is obvious: Plaintiff has freely argued that Monsanto has acted improperly "to this day" when evidence of Monsanto's conduct has otherwise been cut off at 2012. As the Court has already acknowledged, Plaintiff's arguments opened the door to evidence of post-2012 testing. *See* Tr. 2333:11-14 ("THE COURT: Well, the problem is you argued at opening. Monsanto has never to this day conducted X study, Monsanto has never to this day conducted Y study. So I think those are admissible."). Monsanto respectfully submits that Plaintiff has also opened the door to evidence of regulatory approvals after 2012, which support the company's position that neither additional testing nor a cancer warning are necessary or appropriate. Such testimony also mitigates the risk—presented by Plaintiff's argument—that the jury would be left with the misimpression that any regulatory agency has either banned glyphosate-containing products or required that such products bear a cancer warning.

Finally, while there is some evidence of post-2012 regulatory actions in the record from Phase 1, that evidence was quite limited both in geographic scope and otherwise. Indeed, in Phase 1, Monsanto was limited to presenting evidence that certain regulators—EFSA, ECHA and EPA—disagreed with Dr. Portier's efforts to persuade them that glyphosate is carcinogenic. And with respect to EPA, no documents were displayed or even read to the jury during Dr. Portier's testimony. Monsanto could not and did not present evidence of regulators' decisions beyond EFSA, ECHA and EPA and also did not present evidence of determinations by EFSA, ECHA and EPA that were unrelated to Dr. Portier's criticisms. The testimony Monsanto seeks to play here demonstrates that EPA and other regulators have consistently determined that there is not sufficient evidence of carcinogenicity of glyphosate, regardless of the context in which the decision was made. Such evidence is necessary in order to counter the potential misperception by the jury that regulators changed their decision(s) regarding glyphosate after 2012. Accordingly, Monsanto proposes to play for the jury a brief additional portion of Dr. Portier's testimony addressing post-2012 regulatory approvals.

Respectfully submitted,

/s/ Brian L. Stekloff_____

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Tamarra Matthews Johnson (*pro hac vice*)
(tmatthewsjohnson@wilkinsonwalsh.com)

                        Rakesh Kilaru (*pro hac vice*)
                        (rkilaru@wilkinsonwalsh.com)
                        WILKINSON WALSH + ESKOVITZ LLP
                        2001 M St. NW, 10th Floor
                        Washington, DC 20036
                        Tel: 202-847-4030
                        Fax: 202-847-4005

Cc: Counsel of Record (via ECF)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of March 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Brian L. Stekloff_____