

**Aimee H. Wagstaff, Esq.**
*Licensed in Colorado and California*
Aimee.Wagstaff@AndrusWagstaff.com

7171 W. Alaska Drive
Lakewood, CO 80226
Office: (303) 376-6360
Fax: (303) 376-63614
Website: www.AndrusWagstaff.com

March 25, 2019

**FILED VIA ECF**
Honorable Vince Chhabria
United States District Court,
Northern District of California

      RE: Case No: 3:16-md-02741-VC, In re Roundup Products Liability Litigation

To the Honorable Vince Chhabria:

      Limited evidence pertaining to the Seralini studies should be admitted for two reasons. ***First***, Monsanto introduced evidence through Dr. Donna Farmer and Dr. William Reeves suggesting that long-term carcinogenicity bioassays on formulated Roundup® are not feasible. *See, e.g.,* Exh. 1 Farmer at 600:16-601:1; 602:10-604:9; Exh. 2 Reeves at 797:20-799:13; 800:5-802:6. This proposition simply is not true as evidenced by Dr. Seralini's studies, which involved long-term rodent feeding studies with formulated Roundup®. Evidence that long term studies on the feasibility of formulated product studies is critical to refuting Monsanto's suggestion that its failure to perform a long term study owed to the inherent difficulties rather than Monsanto's concerns about the implications to its bottom line. Plaintiff would introduce evidence from Michael Koch showing the jury that Monsanto was concerned, not with the feasibility of the study but rather with the cost and precedent such a study would create with regulators. *See* Exh. 3 Deposition of Michael Koch at 212:1-214:15. This evidence should be admitted to rebut the false narrative introduced by the testimony of Dr. Farmer and Dr. Reeves.

      ***Second***, Plaintiff seeks to introduce evidence from prior to 2012 demonstrating Monsanto's efforts to intimidate and undermine individuals, like Dr. Seralini, who raise legitimate concerns about the dangers of Roundup®. The evidence Plaintiff intends to offer will show that as early as 2009 Monsanto set out to undermine the conclusions of Dr. Seralini's work prior to knowing what those conclusions were. *See* Exh. 4 Trial Exhibit 788 at 30. Admitting this testimony is consistent with the Court's guidance that pre-2012 "evidence of Monsanto gearing up to attack somebody who was in the process of conducting a study" does not contradict the Court's order precluding post use corporate malfeasance. *See* Exh. 5 Tr. 2128:4-8. Moreover, the Seralini study started in 2009 and lasted two years. The results were published in September 2012. The evidence shows, however, that Monsanto began a plan to discredit and undermine Dr. Seralini's study as early as 2009, during the time Plaintiff used Roundup. This evidence shows that Monsanto had a pattern and practice of discrediting anyone willing to take an inquisitive view of glyphosate based formulations as early as 2009.

Accordingly, the Court should allow Plaintiff to introduce evidence pertaining to Dr. Seralini through the depositions of Michael Koch and James Guard.

Dated: March 25, 2019

Respectfully submitted,

/s/ Aimee H. Wagstaff
Aimee H. Wagstaff, Esq.
ANDRUS WAGSTAFF, PC
7171 W. Alaska Dr.
Lakewood, CO 80226
Email: aimee.wagstaff@andruswagstaff.com

and

Jennifer A. Moore (SBN 206779)
MOORE LAW GROUP, PLLC
1473 South 4th Street
Louisville, KY  40208
Email:  jennifer@moorelawgroup.com