# Exhibit 4



**FILED**
**ALAMEDA COUNTY**

JAN 2 5 2019

CLERK OF THE SUPERIOR COURT
By _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| IN RE ROUNDUP PRODUCTS CASES | No. JCCP 4953<br><br>*Pilliod v. Monsanto*, RG17-862702<br><br>ORDER (1) DENYING MOTION OF PLAINTIFFS FOR CONSOLIDATION OF CASE FOR TRIAL AND (2) ON CASE MANAGEMENT<br><br>DATE  1/25/19<br>TIME  10:00 AM<br>DEPT  21 |

The motion of plaintiffs for court setting bellwether selection process came on for hearing on Friday 1/25/19, in Department 21 of this Court, the Honorable Winifred Y. Smith presiding. Having reviewed the papers and having heard the arguments of counsel, and good cause appearing, IT IS HEREBY ORDERED: The motion of plaintiffs for court setting bellwether selection process is DENIED WITHOUT PREJUDICE.

///

///

1

MOTION OF PLAINTIFFS FOR COURT SETTING BELLWETHER SELECTION PROCESS

The motion of plaintiffs for court setting bellwether selection process is DENIED WITHOUT PREJUDICE.

Plaintiffs seek an order that the bellwether trials will each be a multi-plaintiff trial with up to 10 plaintiffs in each trial. The motion is therefore a motion for consolidation under CCP 1048(a).

CCP 1048(a) states: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay." In considering a motion to consolidate under CCP 1048(a), the court evaluates whether the cases have common issues and whether undue confusion or prejudice will likely to result from the proposed consolidation. (*Todd-Stenberg v. Dalkon Shield Claimants Trust* (1996) 48 Cal.App.4th 976, 979.)

All the cases included in the JCCP cases share common issues of fact or law. As a matter of law, however, the "common questions of fact or law" required for creation of a JCCP and inclusion in a JCCP for pre-trial case management purposes (CCP 404, CRC 3.541) is a different standard than the "common question of law or fact" required for consolidation for trial (CCP 1048(a)). Although the words are the same, coordination for pre-trial case management purposes is distinctly different from consolidation for trial.

The court cannot determine on the present record whether the claims of unidentified plaintiffs have common issues. The court also cannot determine whether the consolidation of the claims of various plaintiffs for trial might have case management and judicial efficiency benefits or whether undue confusion or prejudice would likely to result from consolidation. The court has

2

not yet identified which plaintiffs will be in the bellwether trials, set a schedule for the bellwether trials, or determined where the bellwether cases will be set for trial. (CRC 3.543.)

The court is likely to follow the court's currently planned procedure in the *Essure Cases*, JCCP 4887, of (1) identifying bellwether plaintiffs; (3) setting dates for bellwether trials without identifying specific plaintiffs; (3) working up all the bellwether cases for trial; and only then (4) determining which plaintiffs will go to trial in which jurisdiction. Only at or after the final step can the court evaluate the issue of consolidation for trial, and that might be a decision made by a judge in a different county after a case or a few cases are remanded or transferred for trial. (CRC 3.542 and 3.543.)

When the time comes, the court will exercise its discretion in determining whether to consolidate cases for trial by looking at variables such as common issues of law and fact, the possibility of undue confusion or prejudice, and considerations of judicial efficiency. Although the Roundup JCCP and the Essure JCCP share certain case management similarities, each JCCP has its own case management, legal, and factual issues. An order in one JCCP has effect only in that JCCP. Similarly, decisions made by other trial courts in the exercise of their discretion are useful guideposts, but do not compel the court to reach the same conclusions. (*In re Large* (2007) 41 Cal.4th 538, 553; *Rush v. White* (2017) 13 CalApp.5th 1086, 1098-1099; *Miyamoto v. Department of Motor Vehicles* (2009) 176 Cal.App.4th 1210, 1222-1224 [concurring].)

CASE MANAGEMENT ORDERS

The court ORDERS as follows:

1. The court ORDERS that effective as of the date of this order each plaintiff must file their own individual complaint except where the facts of the plaintiffs are closely intertwined,

3

as with Alva Pilliod and Alberta Pilliod in *Pilliod v. Monsanto*, RG17-862702. (*Billings v. Monsanto*, RG17-852375, order of 7/14/17; *Woodbury v. Monsanto*, RG17-855094, order of 7/26/17.)

2. The court ORDERS that for previously filed complaints with more than one plaintiff, that by the earlier of (1) 6/30/19 or (2) 30 days after the date the case is assigned for trial, that all plaintiffs except one per case must be dismissed and the other plaintiffs must file their own individual complaint as in paragraph 1. Any new complaints filed pursuant to this order will relate back to the filing of the initial complaint. This is consistent with the stipulated order of 8/4/17 in *Pilliod v. Monsanto*, RG17-862702.

3. The court ORDERS that counsel for plaintiffs are to prepare a proposed master complaint and a proposed short form complaint. The short form complaint will incorporate the allegations in the master complaint and set forth the essential facts for each plaintiff. The short form complaint can be fairly cursory given that each plaintiff will be required to provide a Plaintiff's Fact Sheet. (CMO 11 filed 8/28/18.) After the filing of the proposed master complaint, then any plaintiffs filing new complaints are to file the short form complaint.

4. It is unclear to the court what cases are included in the JCCP and the names of the plaintiffs in each case. The court ORDERS that the parties collectively prepare and maintain a joint spreadsheet of all the cases individual plaintiffs in the JCCP and for each plaintiff: (1) the plaintiff's name, (2) the case name, (3) case jurisdiction and case number, (4) the date of case filing; (5) the geographic focus of the facts in the case for the individual plaintiffs; and (6) whether the case is pending, set for trial, or dismissed. The parties may include additional information in the joint spreadsheet, as it will be an asset

for common use. The court anticipates that a spreadsheet will be useful in keeping track of the cases.

5. The court ORDERS that each CMC statement include as an appendix the spreadsheet identified above, or a summary of critical information. The court anticipates that a spreadsheet will be useful in identifying which cases are oldest and should be set for trial first, for alerting other courts that they might have cases sent to them for trial, and for other matters.

6. Roundup cases can be added to the JCCP using the add-on procedure. (CRC 3.544.)

7. Roundup cases that are added to the JCCP will be stayed in their home jurisdictions. (CRC 3.529(b), 3.544(d).)

8. Roundup cases that are added to the JCCP do not need to be transferred from their home jurisdictions. (CRC 3.543.) The court will not enter transfer orders in the future absent a showing of good cause.

9. The court understands that certain cases have been transferred to Alameda County. The court will process those transfers and create Alameda case files, but then the plaintiffs will need to comply with paragraph 2 above so that each individual plaintiff has his or her own individual complaint by 6/30/19.

10. The coordination trial judge in the JCCP will manage the common issues. (CRC 3.541.)

11. The court ORDERS that all motions concerning common issues must be filed in the JCCP. For example, the anticipated *Sargon* motion that concerns the JCCP should be filed in JCCP 4953.

12. After a case has been added to the JCCP, then all filings must be made in the JCCP case.

13. When cases are ready for trial, the coordination trial judge in the JCCP can remand the case out of the JCCP for trial in the home jurisdiction (CRC 3.542) or transfer the case to another jurisdiction for trial (CRC 3.543). That way the specific record at trial will then be developed in a separate case file.

14. The case of *Pilliod v. Monsanto*, RG17-862702, is sufficiently close to trial that motions related to that case should be filed in RG17-862702. For example, the *Sargon* motion concerning *Pilliod* specifically should be filed in the RG17-862702.

15. The court encourages the parties to review the schedule in the JCCP and in *Pilliod* for the next 6-12 months and to propose general case schedules. The court will be interested in setting hearing at 9:00 am on the first Wednesday or Thursday of each month in the JCCP for regular CMCs and for hearing any motions in the JCCP.

16. The court informs counsel that in addition to being coordination trial judge in *In re Roundup Cases*, JCCP 4953, the court has also been appointed coordination trial judge in *In re Essure Cases*, JCCP 4887. Each case has its own case management, legal, and factual issues and an order in one JCCP has effect only in that JCCP. That said, the court encourages counsel in this JCCP to review the court's orders in the other JCCP because they might provide guidance on the court's thinking and help avoid or narrow contested motion practice. For example, counsel may refer to *Essure* CMO 13 filed 12/21/18 regarding case schedule.

Dated: January 25, 2019

Winifred Y. Smith
Judge of the Superior Court

6