Tara Tabatabaie, Esq.
ttabatabaie@fulmersill.com
Matthew J. Sill, Esq.
msill@fulmersill.com
**SILL LAW GROUP, PLLC**
1101 N. Broadway, Suite 102
Oklahoma City, OK  73103
Telephone:  (405) 509-6300
Facsimile:  (405) 509-6268

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-2741-VC |
| This document relates to:<br><br>*Samantha Taylor, et al., vs. Monsanto Company, et al.*, Case No. 3:19-cv-01030-VC | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND** |

# **<u>TABLE OF CONTENTS</u>**

Introduction ............................................................................................................1

Factual Background and Procedural History .................................................................1

Argument ..............................................................................................................3

I.      The Removal Statute is to be Interpreted Strictly Against Removal. ...................................3

II.     Monsanto's Arguments in Support of Removal Fail. ...........................................................4

       A.      Plaintiffs' Claims Are Not Fraudulently Misjoined. ...................................4

       B.      Monsanto's Removal Violates the Voluntary-Involuntary Rule
            And Is Predicated Upon an Inoperative Interlocutory Order....................7

       C.      Complete Diversity of Citizenship Is Lacking in This Case
            And Remand Is Required. .................................................................9

       D.      Plaintiffs' Complaint, As Originally Filed and At Removal,
            Confirms That Federal Jurisdiction Does Not Exist in This Case.........................10

       E.      Plaintiffs' Complaint Properly Named Deo Defendants
            Which Defeat Diversity .......................................................................11

       F.      Monsanto's Removal is Untimely and Unwarranted.............................................13

Conclusion .........................................................................................................15

i

# **TABLE OF AUTHORITIES**

**Cases**

*Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006)..................................................3

*Anderson v. Owens-Corning Fiberglass Corp.*, 810 P.2d 549 (1991)..............................................9

*Blasco v. Atrium Med. Corp.*, 2014 WL 12691051 (N.D. Cal. Oct. 30, 2014) ...............................5

*Bostick v. Flex Equip. Co.*, Inc., 54 Cal. Rptr. 3d 28 (2007) ..........................................................9

*Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163 (N.D. Cal. 2003) ..............................6

*Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)..........................................................................3

*Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)...................................................................4

*Dent v. Lopez,* 2014 WL 3057456 (E.D. Cal. July 7, 2014) .............................................................5

*Early v. Northrop Grumman Corp.*, 2013 WL 3872218 (C.D. Cal. July 24, 2013)..........................4

*Fisher v. Direct TV, Inc.,* 2013 WL 2152668 (D. Mont. May 16, 2013)........................................12

*Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407 (7th Cir. 2000)......................................................3

*Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 2015 WL 5646648 (E.D. Cal. Sept. 24, 2015) ........................................................................................................................................11

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ...........................................................................3

*Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769 (9th Cir. 1986).........................................8

*Great Northern Ry. v. Alexander,* 246 U.S. 276 (1918)).................................................................8

*Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689 (9th Cir. 2005).................................................3

*Hill v. Takeda Pharm. N. Am., Inc.*, 2012 WL 174815 (N.D. Cal. Jan. 20, 2012) ........................13

*Holcomb v. Bingham Toyota,* 871 F.2d 109 (9th Cir. 1989) ............................................................3

*HVAC Sales, Inc., v. Zurich Am. Ins. Group*, 2005 WL 2216950 (N.D. Cal. July 25, 2005)..........5, 6

*In re: Bard Ivc Filters Prod. Liab. Litig.,* 2641, 2016 WL 2956557 (D. Ariz. May 23, 2016)..........4

*In re Prempro Prod. Liab. Litig.*, 591 F.3d 613 (8th Cir. 2010)........................................................6

*Incopero v. Farmers Ins. Exchange*, 113 F.R.D. 28 (N.D. Cal. Sept. 8, 1986)...............................12

*J.T. Assocs., LLC v. Fairfield Dev., L.P.*, 2016 WL 1252612 (N.D. Cal. Mar. 31, 2016)................5

*Jurin v. Transamerica Life Ins. Co.,* 2014 WL 4364901 (N.D. Cal. Sept. 3, 2014).........................5

*Lopez v. Pfeffer,* 2013 WL 5367723 (N.D. Cal. Sept. 25, 2013).....................................................5

*Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089 (9th Cir. 2003)................................. 3, 11

*Miller v. Grgurich,* 763 F.2d 372, 373 (9th Cir.1985)................................................................. 10, 14

*Mohansingh v. Crop Prod. Services, Inc.,* 2017 WL 4778579 (E.D. Cal. Oct. 23, 2017)................... 5

*Mullin v. Gen. Motor LLC*, 2016 WL 94235 (C.D. Cal. Jan. 7, 2016) ............................................. 8, 9

*People of State of Cal. By & Through Lungren v. Keating*, 986 F.2d 346 (9th Cir. 1993) .............. 8, 9

*Robinson v. Lowe's Home Centers,* LLC, 2015 WL 13236883 (E.D. Cal. Nov. 13, 2015) ......... 11, 12

*Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1426–27 (9th Cir. 1984)............................. 10

*Self v. Gen. Motors Corp.,* 588 F.2d 655, 657–60 (9th Cir. 1978) ............................................ 7, 8, 14

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)................................................. 3

*Sutton v. Davol*, 251 F.R.D. 500 (E.D. Cal. 2008) ........................................................................... 5

*Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) ................................. 4, 5, 6

*The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913)..................................................... 10

*Thee Sombrero, Inc. v. Murphy*, 2015 WL 4399631 (C.D. Cal. July 7, 2015)................................... 5

*Unterleitner v. Basf Catalysts LLC*, 2016 WL 805167 (N.D. Cal. Mar. 2, 2016) .............................. 8

*Vandermark v. Ford Motor Co.* (1964) 61 Cal. 2d 256,........................................................................ 9

**Statutes**

28 U.S.C. § 1332................................................................................................................................ 3

28 U.S.C. § 1446(b)(3) .................................................................................................................... 14

28 U.S.C. § 1446(c), ........................................................................................................................ 14

California Code of Civil Procedure § 378 ..................................................................................... 1, 7

California Code of Civil Procedure § 378(a)(1) ............................................................................. 6, 7

California Code of Civil Procedure § 474 ........................................................................................ 11

**Other Authorities**

14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723 (2d ed. 1985)........................................................................................................................................ 14

C. Wright, *Law of Federal Courts* § 38 (3d ed. 1976)....................................................................... 14

**Rules**

Fed. R. Civ. P. 41 ............................................................................................................... 13

Fed. R. Civ. P. 41(a). ......................................................................................................... 13

Fed. R. Civ. P. 20 ............................................................................................................. 6, 7

Fed. R. Civ. P. 21 ............................................................................................................ 7, 11

**INTRODUCTION**

Monsanto's notice of removal is substantively and procedurally improper and this action must be remanded to state court. The case at bar involves the suit brought in California state court against Monsanto by nine properly-joined California residents for injuries suffered as the result of exposure to Monsanto's Roundup products. Federal jurisdiction does not exist in the case as complete diversity of citizenship is lacking in the case.  Almost one year after the initial filing of the case in March 2018, Monsanto used an interlocutory order by the state court judge, directing future dismissal of certain plaintiffs' cases, dismissals which have not occurred, as basis to improperly remove the action.

Faced with the reality that its removal is improper, and even if proper, premature, Monsanto is forced to advance untenable theories in an attempt to maintain this action in federal court. Monsanto argues that Plaintiffs are *fraudulently misjoined* and asks the Court to sever their cases so they can remain in federal court.  That doctrine of "fraudulent misjoinder" is an improper extension of federal jurisdiction rejected by most courts considering it, including courts in the Ninth Circuit. Plaintiffs' joinder is proper, and severance is not supported by facts or legal precedent.

Moreover, the event giving rise to the purported removability of the case as claimed by Monsanto, *i.e.*, the Case Management Order of January 25, 2019 by the state court judge, is an involuntary event. Ninth Circuit law is clear that an involuntary act may not be used as the basis for removal. What is more, in their action Plaintiffs have named California resident Doe Defendants, further excluding complete diversity. Finally, even if severance of Plaintiffs' cases created a proper basis for removal, that event has not yet taken place. So, the cases, as they currently stand, are not removable and Monsanto's removal is unwarranted. Accordingly, each of Monsanto's arguments should be rejected in favor of immediate remand.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On March 19, 2018, ten California Plaintiffs who were exposed to Monsanto's herbicide, Roundup, and were subsequently diagnosed with non-Hodgkin's lymphoma ("NHL"), joined together under California Code of Civil Procedure, section 378 to file a suit. *See* Declaration of Tara

1

Tabatabaie Decl.; Ex. 1 (Plaintiffs' Original Complaint).  As set forth in the Complaint, each of these Plaintiffs was exposed to Roundup, the herbicide designed, manufactured, tested, and marketed by Monsanto. *Id.* Each of these Plaintiffs brought claims for the same kind of injury, namely, NHL. The liability facts underlying these Plaintiffs' claims, *i.e.*, Monsanto's failure to adequately design, test, label, and warn about the dangers of Roundup, are nearly identical.

Plaintiffs' cases were originally filed in the Superior Court of the State of California for the County of San Francisco. They were subsequently transferred to the Judicial Counsel Coordinated Proceeding (JCCP No. 4953, In Re Roundup Products Cases), in the Superior Court of the State of California for the County of Alameda, on April 16, 2018, per an order by the Trial Coordination Judge, the Honorable Ioana Petrou. *See* Tabatabaie Decl.; Ex. 2 (Case Management Order No. 6). On January 16, 2019, JCCP Plaintiffs' Counsel leadership filed a Motion asking the court for setting a bellwether selection process. *See* Tabatabaie Decl.; Ex. 3 (Plaintiffs' Notice of Motion and Motion for Court Order Setting Bellwether Selection Process).  In their Motion, Plaintiffs proposed a bellwether process involving ten-plaintiff trials, with each side selecting five plaintiffs. As Monsanto wished to proceed with single-plaintiff trials, Plaintiffs moved the court to resolve the dispute. *Id.*  At no point during the entire proceedings did any of the parties request a severance of the Plaintiffs.

However, on January 25, 2019, the Honorable Winifred Smith[1] presiding over the JCCP, issued a Case Management Order, denying, *without prejudice*, Plaintiffs' motion for a "consolidated trial" and setting forth a bellwether selection process.  *See* Tabatabaie Decl.; Ex. 4 (Order (1) Denying Motion of Plaintiffs for Consolidation of Case for Trial and (2) on Case Management). According to this order, the court and the parties would (1) identify bellwether plaintiffs; (3) set dates for bellwether trials without identifying specific plaintiffs; (3) work up all the bellwether cases for trial; and then (4) determine which plaintiffs will go to trial. According to Judge Smith's Order, "[o]nly at or after the final step can the court evaluate the issue of consolidation for trial." *Id*. at 3.

---

[1] Judge Smith replaced Judge Petrou as the Trial Coordination Judge, pursuant to Judge Petrou's appointment to appellate court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to that game plan, the JCCP court ordered, *sua sponte*, that "each Plaintiff must file their own individual complaint (except where the facts of the plaintiffs are closely intertwined)." *Id*. at 3-4. Judge Smith ordered that previously filed complaints with more than one plaintiff, "that all plaintiffs except one per case must be dismissed and the other plaintiffs must file their own individual complaint by the earlier of (1) 6/30/19 or (2) 30 days after the date the case is assigned for trial." *Id*. at 4 (emphasis added).  The court further ordered the counsel for plaintiffs to prepare and file a master complaint and a short form complaint. *Id*.  On February 25, 2019, citing Judge Smith's order as its basis, Monsanto removed this action.

## ARGUMENT

## I.  THE REMOVAL STATUTE IS TO BE INTERPRETED STRICTLY AGAINST REMOVAL.

To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). There is a "strong presumption against removal jurisdiction." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). The party seeking removal has the burden of establishing federal jurisdiction. *Holcomb v. Bingham Toyota, 871 F.2d 109, 110* (9th Cir. 1989). There must be **no doubt** that jurisdiction exists. If doubt exists, remand is required. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is *any doubt* as to the right of removal.") (emphasis added). "Doubts as to removability must be resolved in favor of remanding the case to state court." *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003).

Furthermore, "plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum." *Garbie v. DaimlerChrysler Corp*., 211 F.3d 407, 410 (7th Cir. 2000) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  "Neither § 1332 nor any case of which we are aware provides that defendants may discard plaintiffs in order to make controversies removable. It is enough that the claims be real, that the parties not be nominal." *Id.*  This is true even if the plaintiffs are joined "to prevent removal, that is their privilege." *Id.*

3

## II.   MONSANTO'S ARGUMENTS IN SUPPORT OF REMOVAL FAIL.

### A.   Plaintiffs' Cases Are Not Fraudulently Misjoined.

Faced with an obvious lack of diversity in this case, Monsanto seeks to employ the fraudulent misjoinder doctrine to ask the Court to sever Plaintiffs' cases prior to performing the jurisdictional analysis. To support this position, Monsanto urges this Court to adopt the reasoning laid out by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds; Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000). However, the fraudulent misjoinder doctrine has not been adopted by the Ninth Circuit or courts in this District, and is inapplicable.

In *Tapscott,* the plaintiffs filed a class action complaint in state court, later amending the complaint to name two classes of defendants, both diverse and non-diverse from plaintiffs. *Id.* at 1335. The originally named defendant class sold service contracts in connection with the sale of *automobiles,* whereas the later named class sold extended service contracts in connection with the sale of *retail products*. *Id.*  One of the diverse defendants—Lowe's— removed the case to federal court on the basis of diversity jurisdiction and filed a motion to sever the claims against the other defendants. *Id.* The Eleventh Circuit noted that, "the alleged transactions involved in the 'automobile' class are wholly distinct from the alleged transactions involved in the 'merchant' class." *Id.* at 1360. It observed that it did not consider mere misjoinder as fraudulent joinder, but found the attempt to join the unrelated parties "so egregious as to constitute fraudulent joinder." *Id.*

The majority of courts addressing the issue have rejected the doctrine of fraudulent misjoinder, finding it an improper expansion of the scope of federal diversity jurisdiction by the federal courts.[2] *See, e.g., Early v. Northrop Grumman Corp.*, 2013 WL 3872218, at *2 (C.D. Cal. July 24, 2013) ("[T]he doctrine of procedural or fraudulent misjoinder is a recent and unwarranted expansion of jurisdiction, one which the Court is not inclined to adopt.").  The Ninth Circuit does

---

[2] The only other Circuit that has cited the doctrine of fraudulent misjoinder with approval is the Fifth Circuit. "The Fifth Circuit has cited *Tapscott* with approval, while stopping short of fully adopting fraudulent misjoinder." *In re: Bard Ivc Filters Prod. Liab. Litig.*, 2641, 2016 WL 2956557, at *3 (D. Ariz. May 23, 2016).

not recognize this doctrine. *See, e.g., Jurin v. Transamerica Life Ins. Co.,* 2014 WL 4364901, at *3 (N.D. Cal. Sept. 3, 2014) ("The Ninth Circuit has not adopted, approved, nor applied, the theory of fraudulent misjoinder.") (Internal quotation and citation omitted)); *Dent v. Lopez,* 2014 WL 3057456, at *6 (E.D. Cal. July 7, 2014) (recognizing that the doctrine of fraudulent misjoinder "is simply inoperative in this Circuit.").

Similarly, district courts throughout the Ninth Circuit have refused to adopt the doctrine of fraudulent misjoinder. *See, e.g., Jurin,* 2014 WL 4364901 at *3 ("Indeed, district courts throughout the circuit have repeatedly and consistently declined to adopt the doctrine."); *Thee Sombrero, Inc. v. Murphy*, 2015 WL 4399631, at *4 (C.D. Cal. July 7, 2015) ("Not only has the Ninth Circuit declined to adopt the doctrine of fraudulent misjoinder, . . . district courts throughout the circuit have repeatedly and consistently declined to adopt the doctrine.") (Internal quotations and citations omitted); *J.T. Assocs., LLC v. Fairfield Dev., L.P.*, 2016 WL 1252612, at *8–9 (N.D. Cal. Mar. 31, 2016); *HVAC Sales, Inc., v. Zurich Am. Ins. Group*, 2005 WL 2216950, at *4 (N.D. Cal. July 25, 2005); *Mohansingh v. Crop Prod. Services, Inc.,* 2017 WL 4778579, at *3–4 (E.D. Cal. Oct. 23, 2017); *Blasco v. Atrium Med. Corp.*, 2014 WL 12691051, at *4–5 (N.D. Cal. Oct. 30, 2014).[3]

Moreover, as far as Plaintiffs are aware, no court in the Northern District of California has adopted this doctrine. *Lopez v. Pfeffer,* 2013 WL 5367723, at *2 (N.D. Cal. Sept. 25, 2013) ("Ninth Circuit has not adopted the *Tapscott* rationale, nor has any other court in our district adopted the fraudulent misjoinder theory.")

However, even assuming, *arguendo*, that *Tapscott* should guide the Court in its analysis of Monsanto's fraudulent misjoinder claim, the analysis, as set out by the Eleventh Circuit, does not lead to the conclusion urged by Monsanto. Nothing in the facts of this case supports a finding of misjoinder, let alone a joinder "so egregious" to constitute fraudulent misjoinder per *Tapscott*'s analysis. *Tapscott,* 77 F.3d at 1360; *also see e.g., HVAC*, 2005 WL 2216950, at *6 (declining to

---

[3] Interestingly, only one of the cases cited by Monsanto, *Sutton v. Davol*, 251 F.R.D. 500 (E.D. Cal. 2008), is from a district court within the Ninth Circuit. Tellingly, the facts in that case are entirely distinguishable from those presented here. In *Sutton*, the court applied the doctrine of fraudulent misjoinder and found severance of the defendants proper because in *Sutton* the plaintiffs' claims against the resident defendants were based on a completely different theory of liability and involved unique factual and legal issues. *Id.*

apply *Tapscott* where plaintiff had "at least a colorable claim" against the non-diverse defendants and reading "*Tapscott* to apply in the rare circumstance where the egregiousness of plaintiffs' misjoinder is readily apparent" because "plaintiffs did not even attempt to justify their conglomeration of various unrelated defendants."); *Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1172 (N.D. Cal. 2003) ("Even if this court were to extend *Tapscott* to [the action at bar], there is no evidence that the claims are so unrelated as to constitute 'egregious' misjoinder.").

In a multi-plaintiff mass tort case involving dozens of plaintiffs from several states joined in one complaint against several different defendants, the Eighth Circuit declined to apply *Tapscott* absent evidence that plaintiffs' misjoinder borders on a "sham." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 623–24 (8th Cir. 2010). The court clarified that it was not its role to rule on "whether the plaintiffs' claims are properly joined under Rule 20." *Id.* at 623. The appropriate question was whether "the misjoinder reflects an egregious or bad faith intent on the part of the plaintiffs to thwart removal." *Id.* In deciding that plaintiffs' joinder was not so egregious to constitute a sham or bad faith, the court relied on the following common issues among the plaintiffs:

> Plaintiffs' claims arise from a series of transactions between HRT [hormone-replacement therapy] pharmaceutical manufacturers and individuals that have used HRT drugs. Plaintiffs allege the manufacturers conducted a national sales and marketing campaign to falsely promote the safety and benefits of HRT drugs and understated the risks of HRT drugs. Plaintiffs contend their claims are logically related because they each developed breast cancer as a result of the manufacturers' negligence in designing, manufacturing, testing, advertising, warning, marketing, and selling HRT drugs. Some of the plaintiffs allege to have taken several HRT drugs made by different manufacturers.

*Id.*

The case at bar involves California residents[4] diagnosed with the same type of cancer, non-Hodgkin's lymphoma, suffered as the result of their exposure to one type of product, Roundup. All Roundup products at issue contain the same carcinogenic ingredient, glyphosate. There are manufacturing and distributing relationships between the Defendants Monsanto and Wilbur Ellis that did not exist in *Tapscott*. There is little, if any, doubt that these ten Plaintiffs have asserted a right to relief arising out of the same transaction, occurrence, or series of occurrences and which present questions of law or fact common to all of them. *See* California Code of Civil Procedure §

---

[4] Some Plaintiffs resided in California when exposed to Roundup and currently reside elsewhere.

378(a)(1). Given the significant legal and factual issues common to each Plaintiffs' claims, their joinder is proper under both Federal Rule of Civil Procedure 20 and California Code of Civil Procedure § 378. The fact that these cases have been consolidated in a multidistrict forum in this Court, and in a coordinated forum in the JCCP, is the strongest indication of the common elements that are predominant among Plaintiffs' cases. These Plaintiffs are not misjoined and nothing in the case warrants their severance by this Court as requested by Monsanto.

What is more, in no event could it be said that the Plaintiffs' cases are egregiously misjoined or their joinder borders on a "sham." This is particularly true where the Missouri state courts have uniformly denied Monsanto's motions to sever multi-party complaints; and where the Defendants had not even moved to sever this Complaint prior to removal even though it had been pending for almost a year.

Finally, realizing the futility of its arguments regarding fraudulent misjoinder of Plaintiffs in this case, Monsanto, disingenuously states that "this Court need not make a fraudulent misjoinder ruling." Notice of Removal, ¶ 13. However, in the very next paragraph, it asks the Court to do just that: "This Court has the authority to implement the JCCP Severance Order under Rule 21 and *the case law cited above* [regarding fraudulent misjoinder] . . . ." *Id*. at ¶ 14 (emphasis added). Plaintiffs' cases are properly joined, Monsanto's improper proposition should be rejected by this Court. Rule 21 and policies embodied by it do not provide a valid basis for severance of Plaintiffs' cases.

### B. Monsanto's Removal Violates the Voluntary-Involuntary Rule and Is Predicated Upon an Inoperative Interlocutory Order.

The law has been well-settled in the Ninth Circuit for the past forty years: an action that is not removable as originally filed must remain in state court unless the plaintiff does something *voluntarily* to change the nature of the case that renders it removable. *Self v. Gen. Motors Corp.,* 588 F.2d 655, 657–60 (9th Cir. 1978). "[O]nly a voluntary act of the plaintiff [can] bring about removal to federal court." *Id*. at 658.

> [W]hen an event occurring after the filing of a complaint gives rise to federal jurisdiction, the ability of a defendant to remove is not automatic; instead, removability is governed by the "voluntary/involuntary rule." The rule provides that **a suit which, at the time of filing, could not have been brought in federal court must "remain**

7

1  **in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable**."

2

3  *People of State of Cal. By & Through Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993)

4  (quoting   *Self,*   588   F.2d   at   657)   (internal   citations   omitted)   (emphasis   added).

5  "In *Self v. General Motors,* we discussed the rule that only a voluntary act by a plaintiff could create

6  diversity removal jurisdiction where none existed from the complaint." *Gould v. Mut. Life Ins. Co.*

7  *of New York*, 790 F.2d 769, 773 (9th Cir. 1986). In *People of State of Cal. By & Through Lungren*

8  *v. Keating*, the Ninth Circuit observed:

9  As the Supreme Court has stated: "The obvious principle of [the decisions
   developing  the  voluntary/involuntary  rule]  is  that,  in  the  absence  of  a  fraudulent
10  purpose to defeat removal, **the plaintiff may by the allegations of his complaint**
   **determine the status with respect to removability of a case . . . and that this power**
11  **to determine the removability of his case continues with the plaintiff throughout**
   **the litigation, so that whether such a case nonremovable when commenced shall**
12  **afterwards** become removable depends not upon what the defendant may allege or
   prove or what the court may, after hearing upon the merits, *in invitum,* order, but solely
13  upon the form which the plaintiff by his voluntary action shall give to the pleadings in
   the case as it progresses towards a conclusion."

14
15  986 F.2d 346, 348 (9th Cir. 1993) (Quoting *Great Northern Ry. v. Alexander,* 246 U.S. 276, 282

16  (1918)) (emphasis added). "Voluntary action exists where the plaintiff voluntarily amends his

17  pleadings  or  where  the  plaintiff  agrees  to  voluntarily  dismissal  or  nonsuit  of  the  nondiverse

18  defendants." *Unterleitner v. Basf Catalysts LLC*, 2016 WL 805167, at *2 (N.D. Cal. Mar. 2, 2016)

19  (citing *Self*, 588 F.2d at 659). Even entry of summary judgement (or final judgment) as to non-

20  diverse parties does not trigger a basis to remove. *Self*, 588 F.2d at 659-60. Simply put, when a case

21  is not removable as filed, a court order cannot create a basis for removal. *Id*.

22  The voluntary-involuntary rule applies to multi-plaintiff cases where the dismissal of a

23  plaintiff creates diversity. *Mullin v. Gen. Motor LLC*, 2016 WL 94235, at *3 (C.D. Cal. Jan. 7,

24  2016). In *Mullin*, Plaintiffs' filed a multi-plaintiff complaint in a mass tort litigation wherein only

25  some of the plaintiffs shared citizenship with the Defendant. *Id.* These diversity-destroying plaintiffs

26  were dismissed on *forum non-conveniens* grounds "by an order of the Superior Court, not by

27  Plaintiffs' voluntary action," leaving only one plaintiff on the complaint and thus creating complete

28  diversity. *Id.* Subsequently defendant removed the action. The district court remanded, holding

that, "[u]nder the voluntary-involuntary rule, this did not render the case removable, and removal to the district court was improper." *Id.*   Likewise, here, where diversity is being created by the involuntary dismissal of Plaintiffs, removal is improper.

This action is not removable, as there is not complete diversity among Plaintiffs and Defendants as originally filed. That is why Monsanto did not try to remove it when the action was first filed in March 2018.  According to Monsanto's Removal Notice, its exclusive basis for removal is the Case Management Order issued by the JCCP court requiring the severance of Plaintiffs' cases, and not any voluntary action of the Plaintiffs.  At no point during this litigation have Plaintiffs sought the severance of their cases. The Order resorted to by Monsanto, an order that Plaintiffs have until June 30, 2019 to comply with, was *sua sponte* and issued in response to Plaintiffs' request for a multi-plaintiff bellwether trial setting.  Nothing in this sequence of events can be read to involve a voluntary action by Plaintiffs, rendering their case removable.  "Since a voluntary act by the plaintiff has not rendered the case removable, **it must remain in state court**." *Lungren*, 986 F.2d at 348 (emphasis added). The same result is warranted here. The Court should remand this case to state court where it belongs.

### C.    Complete Diversity of Citizenship Is Lacking in this Case and Remand Is Required.

There is not complete diversity of citizenship among Plaintiffs and Defendants in this case. Defendant, Wilbur Ellis Company, LLC, a California corporation, distributes Roundup products in California. *See* Plaintiffs' Complaint, ¶¶ 35-38, 112, 113 (Tabatabaie Decl., Ex. 1). California precedent makes it clear that distributors may be held liable for injuries caused by the defective products they distribute and market. *Anderson v. Owens-Corning Fiberglass Corp.*, 810 P.2d 549 (1991) ("In *Vandermark v. Ford Motor Co.* (1964) 61 Cal. 2d 256, we extended the [strict liability] doctrine to distributors of defective products."); *Bostick v. Flex Equip. Co.*, Inc., 54 Cal. Rptr. 3d 28 (2007) (holding that the doctrine of products liability imposes liability in tort on all of the participants in the chain of distribution of a defective product). Thus, Wilbur Ellis is properly joined as a Defendant in this case.

Monsanto claims that Wilbur Ellis does not distribute Roundup to outlets which sell Roundup to general public. Subsequently it claims that Wilbur Ellis has been fraudulently joined by

9

Plaintiffs who bought Roundup from such stores. This argument is a red herring. Even if some of the Plaintiffs did not buy or use Roundup products distributed by Wilbur Ellis, Wilbur Ellis distributed the Roundup products used by Plaintiffs Jose Aguilera, as attorney-in-fact for Michael Aguilera, Denise Berger, and David Mobley as Monsanto admits. Notice of Removal, ¶ 25.  Even Monsanto does not challenge the adequacy of the claims brought by Plaintiffs who admittedly used Roundup products distributed by Wilbur Ellis. This leads to two conclusions: (1) Wilbur Ellis is a properly joined Defendant in the case; and (2) complete diversity is lacking in this case and remand is warranted.  As Plaintiffs are properly joined, Monsanto's claim of fraudulent joinder of Wilbur Ellis by Plaintiffs who bought Roundup products for residential use, is inapplicable.

Monsanto's argument regarding the business activities by Wilbur Ellis Feed LLC, and its lack of participation in Roundup distribution does not alter the jurisdictional analysis.  Monsanto does not contest the fact that the other named Defendant, Wilbur-Ellis Company LLC, distributed Roundup products within the State of California. Thus, even if Wilbur-Ellis Feed LLC has been named erroneously in this action, presence of Wilbur-Ellis Company LLC in the case defies complete diversity of citizenship in the case, requiring remand of the case.

### D.  Plaintiffs' Complaint, as Originally Filed and at Removal, Confirms that Federal Jurisdiction Does Not Exist in this Case.

As the Ninth Circuit has recognized, "the existence of federal jurisdiction on removal must be determined from the face of the plaintiffs' complaint." *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1426–27 (9th Cir. 1984). The Ninth Circuit has explained the rationale for this holding: "Underlying these principles is the rationale that *a plaintiff should be free to frame and pursue his theory of pleading*, especially if the claim could be either or both state and federal." *Id*. (quoting *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913) (emphasis added).  When an action is removed based on diversity, complete diversity must exist at removal. *Miller v. Grgurich,* 763 F.2d 372, 373 (9th Cir.1985).

Complete diversity of citizenship is lacking in Plaintiffs' Complaint **as originally filed, at removal, and as it stands at present.**  Monsanto has based its improper removal on an order by the JCCP court that calls for the severance of Plaintiffs cases at some point in future. At present,

10

these cases stand joined, and properly so.  And thus, in spite of Monsanto's misleading arguments, there is no diversity jurisdiction in this case in its current posture in front of this Court.

Monsanto urges this Court to follow in Judge Smith's footsteps with regard to the severance of this. This is a disingenuous request as Monsanto never challenged the properness of the joinder of Plaintiffs in that court and Judge Smith's Case Management Order did not bear on the issue.[5] Her Case Management Order of January 25, 2019 is simply an administrative step taken by the court to, in its judgment, streamline the bellwether plaintiff selections.  Judge Smith proceeded with ordering Plaintiffs' cases severed to allow for either single plaintiff trial and/or a possible future re-grouping of plaintiffs for trial on the basis of the specifics of their cases.  Contrary to Monsanto's contention, this administrative step does not provide any basis for this Court to sever Plaintiffs' cases just to create the otherwise lacking federal jurisdiction. Nothing in Federal Rule of Civil Procedure 21 and policies embodied by it supports a severance in this case.  Finally, refusing to treat the JCCP case Management Order as a valid basis for removability is supported by well-settled rule that any ambiguities in the propriety of a removal must be construed *against* removal and in favor of remand. *Matheson*, 319 F.3d at 1090.

**E.  Plaintiffs' Complaint Properly Named Doe Defendants Which Defeat Diversity.**

Monsanto ignores the fact that Plaintiffs' Complaint named Doe Defendants, which are citizens of California, with sufficient specificity.  Under California law, Plaintiffs are entitled to name Doe Defendants and to amend the Complaint accordingly upon discovery of the new defendants. California Code of Civil Procedure § 474.  "If . . . Plaintiff's allegations that concern the Doe Defendants provide a reasonable indication of their identity, the relationship to the action, and their diversity-destroying citizenship, then the Court lacks diversity jurisdiction." *Robinson v. Lowe's Home Centers,* LLC, 2015 WL 13236883, at *3 (E.D. Cal. Nov. 13, 2015) (citing *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 2015 WL 5646648 (E.D. Cal. Sept. 24, 2015)).

An allegation against a Doe Defendant is sufficient where "[p]laintiff had alleged that the Doe Defendants were California citizens, or provided some information about their involvement in

---

[5] Monsanto, disingenuously refers to Judge Smith's Case Management Order as "the JCCP Misjoinder/Severance Order." Removal Notice ¶ 41. Nothing in that Order touches on properness of Plaintiffs' joinder in the case.

the case." *Robinson*, 2015 WL at *4  (citing *Fisher v. Direct TV, Inc.,* 2013 WL 2152668, at *5 (D. Mont. May 16, 2013) (finding the "Doe defendants are reasonably identifiable as [the named Defendant's] employees who are citizens of Montana," which defeated diversity jurisdiction); *Incopero v. Farmers Ins. Exchange*, 113 F.R.D. 28, 31 (N.D. Cal. Sept. 8, 1986) (allegations about Doe defendants' conduct as "agents and employees" of the named defendant and that they were of same citizenship as the plaintiff provided a reasonable indication that complete diversity did not exist).

Here, Plaintiffs reasonably identify the Doe Defendants and identify the fact that they "were and are corporations organized and existing under the laws of the State of California."  Complaint ¶ 42.  Plaintiffs identified each of the Doe Defendants as, "the agent, servant, employee and/or joint venturer of the other co-Defendants," and "engaged in the business of researching, developing, designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing [Roundup] into interstate commerce and into the State of California."   Complaint ¶¶ 39-45.  Therefore, there is sufficient information to allow the Court to determine that the Doe Defendants are citizens of California and that their conduct makes them liable towards Plaintiffs.

In fact, these Doe Defendants are not hypothetical.  The Master Complaint currently pending in the JCCP per Judge Smith's Case Management Order of January 25, 2019, will be naming at least one of the Doe Defendants as Chevron Corporation, a California resident. *See* Tabatabaie Decl.; Ex.5 (Current draft of Master Long Form Complaint and Jury Demand[6]) at ¶¶ 28-37.

Chevron was instrumental in working with Monsanto to establish the home user market for Roundup in California (and other states).  Specifically, Plaintiffs allege:

> Chevron, through its Ortho Consumer Products Division, investigated and prepared storage stability data, and conducted other testing, research and analyses, to support the EPA registration of Roundup® and other glyphosate-based formulations intended for the residential consumer market. The research was then submitted to the EPA by Monsanto in furtherance of continued registration of Roundup® products and other glyphosate-based formulations. Under the entity name "Monsanto Chevron," Chevron directly contributed to the continued registration of the carcinogenic Roundup® products and other glyphosate-based formulations that were tested, researched,

---

[6] Plaintiffs are still in the process of finalizing the Master Long Form Complaint, which per Judge Smith's order is to be filed by June 30, 2019. The copy attached as Exhibit 5 is an unfinished draft and not finalized.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

analyzed, manufactured, registered, distributed, marketed and sold in California, aimed at a California consumer market, and purchased and used by Plaintiffs.

*Id.* at ¶ 28.

Plaintiffs allege that Chevron was a co-venturer of Monsanto and its actions constituted a joint effort with Monsanto. *Id.* at ¶ 32. This joint enterprise theory is cognizable under California law, and makes Chevron liable to the home-users of Roundup. *See e.g. Hill v. Takeda Pharm. N. Am., Inc.*, 2012 WL 174815, at *3 (N.D. Cal. Jan. 20, 2012) (Remanding case where defendant did not manufacture product plaintiff consumed but "may have been party to a joint enterprise with other Takeda entities to research and manufacture [product at issue]," because they "shared and relied on each other's clinical data to make decisions about safety testing and manufacturing."). Accordingly, complete diversity between Plaintiffs and Defendants is lacking in this action even if Wilbur Ellis' citizenship is disregarded in jurisdictional analysis by this Court.

**F. Monsanto's Removal Is Untimely and Unwarranted.**

In addition to suffering from internal inconsistency in its factual and legal contentions, Monsanto's Removal Notice suffers from untimeliness. Monsanto's sole argument that its removal is timely relies upon the argument that Paragraph 2 of Judge Smith's Case Management Order of Jan 25, 2019 opened a 30-day window to remove. It did not. That paragraph simply directed that cases of many plaintiffs "must be dismissed by the earlier of (1) 6/30/19, or (2) 30 days after the case is assigned for trial." Ex. 4. at 4. No such dismissals had occurred at the time of removal, and, to the best of Plaintiffs' knowledge, have any such dismissals occurred since removal. The order of January 25, 2019 was by definition an interlocutory order, subject to reconsideration and withdrawal at any time until it became operative by the occurrence of dismissals. Indeed, the removal prevents the order from becoming operative.

Judge Smith's order contemplated future *ex parte* dismissals by the affected Plaintiffs. After removal, and until remand of this case to the state court, *ex parte* dismissal by Plaintiffs is impossible, as the Federal Rules of Civil Procedure are markedly different from the California rules which the JCCP Judge expected to effectuate her order becoming operative in the future. Rule 41 prevents dismissals as contemplated in the future by Judge Smith, allowing dismissals only upon stipulation of all parties or court order. Fed. R. Civ. P. 41(a).

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Moreover, Monsanto has removed the Plaintiffs' properly-joined action based on the JCCP's Case Management Order which provides for the severance of Plaintiffs' cases at a point in future, namely, June 30, 2019.  None of the Plaintiffs whose cases have been subject to removal have yet filed individual cases, and thus, and for all intents and purposes, Plaintiffs' cases stand joined, and *properly* so.  However, faced with the reality that its removal is premature, Monsanto is asking this Court to save it from confronting the unfavorable factual scenario of the case by improperly severing the cases now that they are improperly in federal court.

As a threshold matter, and as noted earlier, the Ninth Circuit precedent does not allow for an *involuntary* severance of Plaintiffs' cases to serve as basis for removal. *Self*, 588 F.2d at 658. However, even if assuming *arguendo* that Monsanto may properly use the involuntary severance of Plaintiffs' cases as the basis of removability of this action, it *must* wait until Plaintiffs' cases are *actually severed*.  Interestingly, Monsanto tries to justify its premature removal by admitting that if it were to wait on removal until this step, *i.e.*, **the basis it cites for removability**, took place, its removal would be prohibited by the one-year-limitation-on-removal provision in 28 U.S.C. § 1446(c), as well as being past the thirty-day removal deadline provision in 28 U.S.C. § 1446(b)(3). Removal Notice ¶ 14.

That is an ironic argument. Monsanto is in effect asking this Court to disregard factual issues and legal standards and sanction Monsanto's gamesmanship and abuse of the removal statutes. "When an action is removed on the basis of diversity, **the requisite diversity must exist at the time the action is removed to federal court**." *Miller*, 763 F.2d at 373 (citing C. Wright, *Law of Federal Courts* § 38, at 153 (3d ed. 1976); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723, at 311 (2d ed. 1985)) (emphasis added). There is no question that "requisite diversity" did not exist in this case when Monsanto removed it. The fact that by the time Plaintiffs' case may be in a posture that would be more helpful to Monsanto's removal arguments the window for removal would be closed, does not allow Monsanto to remove a case prematurely, before it has become *purportedly* removable even based on its own improperly laid basis. Monsanto's meritless argument should be rejected by the Court.

14

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request this Court to grant Plaintiffs' Motion to Remand.

Dated:  March 27, 2019             **SILL LAW GROUP, PLLC**

                              By:  */s/ Tara Tabatabaie*
                              Tara Tabatabaie, Esq.
                              ttabatabaie@fulmersill.com
                              Matthew J. Sill, Esq.
                              msill@fulmersill.com
                              1101 N. Broadway, Suite 102
                              Oklahoma City, OK  73103
                              Telephone:  (405) 509-6300
                              Facsimile:  (405) 509-6268

                              *Attorneys for Plaintiffs*

1

## **CERTIFICATE OF SERVICE**

2

    I hereby certify that on this 27th day of March, 2019, the foregoing was electronically filed

3

with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

4

5

                        /s/Tara Tabatabaie

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28