**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *Melvin Johnson and Kathy Johnson v. Monsanto Co.*, Case No. 3:19-cv-01244-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Melvin Johnson and Kathy Johnson's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Although many paragraphs in the Complaint allege exposure or use of Monsanto products by "Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to plaintiff Melvin Johnson.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability as to that claim. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiffs' Complaint.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in the first sentence of paragraph 7.  In response to the second sentence of paragraph 7, Monsanto admits that it sells, markets, and/or distributes Roundup®-branded products in Pennsylvania.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 8 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 8.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

10.     Monsanto admits the allegations in paragraph 10.

11.     In response to the allegations in paragraph 11, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. Monsanto admits that it and affiliated companies have operations and offices in countries around the world.  Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 11.

12.     In response to the allegations in paragraph 12, Monsanto admits that it advertises and sells Roundup®-branded products in Pennsylvania.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     Monsanto admits the allegations in paragraph 16.

17.     Monsanto admits that it is authorized and registered to do business in Pennsylvania.  The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto denies the allegations in paragraph 19.

20.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto admits the allegations in paragraph 21.

22.     Monsanto admits the allegations in paragraph 22.

23.     In response to the allegations in paragraph 23, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 23 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore denies those allegations.

24.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 24 comprise attorney characterizations and are accordingly denied.

25.     Monsanto admits the allegations in paragraph 25.

26. Monsanto generally admits the allegations in paragraph 26, but denies the allegations in paragraph 26 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

27. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies those allegations.

28. Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 28 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 28.

29. Monsanto admits the allegations in paragraph 29.

30. Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years. Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 30.

31. The allegations in paragraph 31 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 31.

32. In response to the allegations in paragraph 32, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). The remaining allegations in paragraph 32 set forth conclusions of law for which no response is required.

33. The allegations in paragraph 33 set forth conclusions of law for which no response is required.

1      34.     Monsanto admits that Roundup®-branded products are registered by EPA for

2  manufacture, sale and distribution and are registered by the Commonwealth of Pennsylvania for

3  sale and distribution.

4      35.     In response to the allegations in paragraph 35, Monsanto admits that EPA requires

5  registrants of herbicides to submit extensive data in support of the human health and

6  environmental safety of their products and further admits that EPA will not register or approve

7  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

8  states that the term "the product tests" in the final sentence of paragraph 35 is vague and

9  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 35

10  set forth conclusions of law for which no answer is required.

11      36.     Monsanto denies the allegations in paragraph 36 to the extent that they suggest

12  that EPA only evaluates the safety of pesticide products on the date of their initial registration.

13  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

14  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

15  of the allegations in paragraph 36 regarding such pesticide products generally and therefore

16  denies those allegations.  The remaining allegations in paragraph 36 set forth conclusions of law

17  for which no response is required.

18      37.     In response to the allegations in paragraph 37, Monsanto admits that EPA has

19  undertaken a regulatory review of glyphosate and further admits that EPA has not released its

20  findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

21  Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

22  concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

23  humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

24  posted an October 2015 final report by its standing Cancer Assessment Review Committee

25  _____

26  [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in
27  anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
potential.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-01244-VC

1   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

2   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

3   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

4   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

5   humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

6   of the remaining allegations in paragraph 37 and therefore denies those allegations.

7        38.      Monsanto admits that the International Agency for Research on Cancer ("IARC")

8   is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

9   lacks information or knowledge sufficient to form a belief as to the truth of the remaining

10  allegations in paragraph 38 and therefore denies those allegations.

11       39.      In response to the allegations in paragraph 39, Monsanto admits that the IARC

12  working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

13  discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

14  based herbicides, but denies that there is any scientific basis for the concerns raised by the

15  improper IARC classification.  Monsanto denies the remaining allegations in paragraph 39.

16       40.      Monsanto admits that the EPA posted the CARC report evaluating glyphosate on

17  EPA's website in late April 2016 and took the report off the website in early May 2016.  The

18  remaining allegations in paragraph 40 are vague and conclusory and comprise attorney

19  characterizations, and are accordingly denied.

20       41.      In response to the allegations in paragraph 41, Monsanto admits that the New

21  York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

22  advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

23  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

---

24  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
25  U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the
    Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
26  Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

27  [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of
    Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/
    document?D=EPA-HQ-OPP-2016-0385-0528.

28

1   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

2   the allegations in paragraph 41 purport to quote a document, the document speaks for itself and

3   thus does not require any further answer.  The remaining allegations in paragraph 41 are vague

4   and conclusory and comprise attorney characterizations and are accordingly denied.

5           42.     In response to the allegations in paragraph 42, Monsanto notes that none of the

6   New York Attorney General allegations related in any way to a purported or alleged risk of

7   cancer.  To the extent the subparts purport to quote a document, the document speaks for itself

8   and thus does not require any further answer.  The remaining allegations in paragraph 42 are

9   vague and conclusory and comprise attorney characterizations and are accordingly denied.

10          43.     In response to the allegations in paragraph 43, Monsanto admits it entered into an

11  assurance of discontinuance with the New York Attorney General.  The assurance speaks for

12  itself and thus does not require any further answer.  The remaining allegations in paragraph 43

13  are vague and conclusory and comprise attorney characterizations and are accordingly denied.

14          44.     Monsanto denies the allegations in paragraph 44.

15          45.     In response to the allegations in paragraph 45, Monsanto admits that the French

16  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

17  that it "left the soil clean," but denies the allegations in paragraph 45 to the extent that they

18  suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

19  cancer.  Monsanto denies the remaining allegations in paragraph 45.

20          46.     Monsanto denies the allegations in paragraph 46.

21          47.     In response to the allegations in paragraph 47, Monsanto states that the cited

22  document speaks for itself and does not require a response.  To the extent that the allegations in

23  paragraph 47 go beyond a restatement of the cited document, Monsanto lacks information or

24  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47

25  and therefore denies those allegations.

26          48.     Monsanto admits the allegations in paragraph 48.

27          49.     In response to the allegations in paragraph 49, Monsanto states that the cited

28  document speaks for itself and does not require a response.  To the extent that the allegations in

paragraph 49 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 and therefore denies those allegations.

50.     In response to the allegations in paragraph 50, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.

51.     In response to the allegations in paragraph 51, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 51 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 and therefore denies those allegations.

52.     Monsanto states that the term "toxic" as used in paragraph 52 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 52.

53.     Monsanto admits the allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 57

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58.     Monsanto denies the allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 59 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 59.

60.     In response to the allegations in paragraph 60, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 60 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 60.

61.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 61.

62.     Monsanto denies the allegations in paragraph 62.

63.     Monsanto denies the allegations in paragraph 63.

64.     Monsanto denies the allegations in paragraph 64.

65.     Monsanto denies the allegations in paragraph 65.

66.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 66.

67.     Monsanto admits that IARC is a subgroup of the WHO of the United Nations. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 67 and therefore denies those allegations.

68.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

69.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

70.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 70 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

71.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 71, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 71 comprise attorney characterizations and are accordingly denied.

72.     Monsanto denies the allegations in paragraph 72.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

73.     In response to the allegations in paragraph 73, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 73 comprise attorney characterizations and are accordingly denied.

74.     In response to the allegations in paragraph 74, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     The allegations in paragraph 76 comprise attorney characterizations and are accordingly denied.

77.     Monsanto admits the allegations in paragraph 77.

78.     In response to the allegations in paragraph 78, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 78 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 78.

79.     In response to the allegations in paragraph 79, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 79.

80.     The allegations in paragraph 80 are vague and ambiguous and are accordingly denied.

81.     In response to the allegations in paragraph 81, Monsanto states that the cited document speaks for itself and does not require a response.

82.     In response to the allegations in paragraph 82, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 82 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     In response to the allegations in paragraph 84, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 84.

85.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that

- 11 -

1   Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

2   paragraph 85.

3        86.     Monsanto denies the allegations in paragraph 86.

4        87.     Monsanto denies the allegations in paragraph 87.

5        88.     Monsanto denies the allegations in paragraph 88.

6        89.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

7   exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 89.

8        90.     Monsanto denies the allegations in paragraph 90.

9        91.     Monsanto denies the allegations in paragraph 91.

10       92.     Monsanto denies the allegations in paragraph 92.

11       93.     Monsanto denies the allegations in paragraph 93.

12       94.     Monsanto denies the allegations in paragraph 94.

13       95.     Monsanto denies the allegations in paragraph 95.

14       96.     In response to the allegations in paragraph 96, Monsanto admits that independent

15  experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity

16  in glyphosate and Roundup®-branded products and admits that it has made statements reflecting

17  this fact.  Monsanto denies the remaining allegations in paragraphs 96.

18       97.     In response to the allegations in paragraph 97, Monsanto admits that Roundup®-

19  branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

20  the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

21  97.

22       98.     In response to the allegations in paragraph 98, Monsanto admits that an EPA

23  review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

24  denies the remaining allegations in paragraph 98.

25       99.     In response to the allegations in paragraph 99, Monsanto admits that EPA

26  changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

27  evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

28  denies the remaining allegations in paragraph 99.

1      100.    In response to the allegations in paragraph 100, Monsanto admits that plaintiffs

2   have accurately quoted from one passage in an EPA document in 1991 with respect to the

3   designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

4   does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP

5   reports and the EPA CARC Final Report discussed above, other specific findings of safety

6   include:

7         • "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
             evidence of non-carcinogenicity for humans—based on the lack of convincing
8             evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
             Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
9             http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

10        • "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
             60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
11
          • "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
12            Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

13        • "There is [an] extensive database available on glyphosate, which indicate[s] that
             glyphosate is not mutagenic, not a carcinogen, and not a developmental or
14            reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
             73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).
15
          • "EPA has concluded that glyphosate does not pose a cancer risk to humans."
16            Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be
             codified at 40 C.F.R. pt. 180).
17
          • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible
18            cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body
             of research does not provide evidence to show that [g]lyphosate causes cancer and
19            does not warrant any change in EPA's cancer classification for [g]lyphosate."
             *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder
20            Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th
             Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of
21            Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-
             5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk
22            Statement").

23   Monsanto denies the remaining allegations in paragraph 100.

24      101.    In response to the allegations in paragraph 101, Monsanto admits that it – along

25   with a large number of other companies and governmental agencies – was defrauded by two

26   chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

27   testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

28   toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

- 13 -

1    glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

2    studies.  To the extent that the allegations in paragraph 101 are intended to suggest that

3    Monsanto was anything other than a victim of this fraud, such allegations are denied.

4         102.    In response to the allegations in paragraph 102, Monsanto admits that IBT

5    Laboratories was hired to conduct toxicity studies in connection with the registration of a

6    Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

7    based upon any fraudulent or false IBT studies.

8         103.    Monsanto denies the allegations in paragraph 103 to the extent they suggest that

9    EPA performed an inspection of IBT Laboratories solely or specifically in connection with

10   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

11   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

12   connection with services provided to a broad number of private and governmental entities and

13   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

14   one of several pesticide manufacturers who had used IBT test results.  The audit found some

15   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

16   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

17   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

18   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 103 are

19   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

20   denies those allegations.

21        104.    In response to the allegations in paragraph 104, Monsanto admits that three IBT

22   employees were convicted of the charge of fraud, but Monsanto denies that any of the

23   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

24   herbicides.

25        105.    In response to the allegations in paragraph 105, Monsanto admits that it – along

26   with numerous other private companies – hired Craven Laboratories as an independent

27   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

28   denies the remaining allegations in paragraph 105.

106.     In response to the allegations in paragraph 106, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 106 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

107.     In response to the allegations in paragraph 107, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 107 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

108.     In response to the allegations in paragraph 108, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

109.     In response to the allegations in paragraph 109, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 109.

110.     Monsanto denies the allegations in paragraph 110.

111.     Monsanto denies the allegations in paragraph 111.

112.     Monsanto denies the allegations in paragraph 112.

113.     Monsanto denies the allegations in paragraph 113.

114.     Monsanto denies the allegations in paragraph 114.

115.     Monsanto denies the allegations in paragraph 115.

116.     Monsanto denies the allegations in paragraph 116.

117.     Monsanto denies the allegations in paragraph 117.

118.     Monsanto denies the allegations in paragraph 118.

119.     Monsanto denies the allegations in paragraph 119.

120.    Monsanto denies the allegations in paragraph 120.

121.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 121 and therefore denies those allegations.

122.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 122 and therefore denies those allegations.

123.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 123 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 123.

124.    Monsanto denies the allegations in paragraph 124.

125.    Monsanto incorporates by reference its responses to paragraphs 1 through 124 in response to paragraph 125 of plaintiffs' Complaint.

126.    Monsanto denies the allegations in paragraph 126.

127.    In response to the allegations in paragraph 127, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

128.    In response to the allegations in paragraph 128, Monsanto states that the cited document speaks for itself and does not require a response.

129.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 129.

130.    Monsanto denies the allegations in the first and last sentences in paragraph 130.  The remaining allegations in paragraph 130 set forth conclusions of law for which no response is required.

131.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  The remaining allegations in paragraph 131 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or

1    knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore

2    denies those allegations.

3         132.    Monsanto incorporates by reference its responses to paragraphs 1 through 131 in

4    response to paragraph 132 of plaintiffs' Complaint.

5         133.    The allegations in paragraph 133 set forth conclusions of law for which no

6    response is required.

7         134.    Monsanto denies the allegations in paragraph 134.

8         135.    Monsanto denies the allegations in paragraph 135, including each of its subparts.

9         136.    Monsanto denies the allegations in paragraph 136.

10        137.    Monsanto denies the allegations in paragraph 137.

11        138.    Monsanto denies the allegations in paragraph 138, including each of its subparts.

12        139.    Monsanto denies the allegations in paragraph 139.

13        140.    Monsanto denies the allegations in paragraph 140.

14        141.    Monsanto denies the allegations in paragraph 141.

15        142.    Monsanto denies the allegations in paragraph 142.

16        In response to the "WHEREFORE" paragraph following paragraph 142, Monsanto

17   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

18   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

19   fees as allowed by law and such further and additional relief as this Court may deem just and

20   proper.

21        143.    Monsanto incorporates by reference its responses to paragraphs 1 through 142 in

22   response to paragraph 143 of plaintiffs' Complaint.

23        144.    In response to the allegations in paragraph 144, Monsanto lacks information or

24   knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

25   exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies

26   the remaining allegations in paragraph 144.

27        145.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28   truth of the allegations in paragraph 145 and therefore denies those allegations.

1     146.   Monsanto denies the allegations in paragraph 146.

2     147.   Monsanto denies the allegations in paragraph 147.

3     148.   Monsanto denies the allegations in paragraph 148.

4     149.   Monsanto denies the allegations in paragraph 149, including each of its subparts.

5     150.   Monsanto denies the allegations in paragraph 150.

6     151.   Monsanto denies that Roundup®-branded products have "dangerous

7  characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the

8  truth of the remaining allegations in paragraph 151 and therefore denies those allegations.

9     152.   Monsanto lacks information or knowledge sufficient to form a belief as to the

10  truth of the allegations in paragraph 152 and therefore denies those allegations.

11     153.   Monsanto denies the allegations in paragraph 153.

12     154.   The allegations in paragraph 154 set forth conclusions of law for which no

13  response is required.

14     155.   Monsanto denies the allegations in paragraph 155.

15     156.   Monsanto denies the allegations in paragraph 156.

16     157.   Monsanto denies the allegations in paragraph 157.

17     158.   Monsanto denies the allegations in paragraph 158.

18     159.   Monsanto denies the allegations in paragraph 159.

19     160.   Monsanto denies the allegations in paragraph 160.

20     161.   Monsanto denies the allegations in paragraph 161.

21     162.   Monsanto denies the allegations in paragraph 162.

22     163.   Monsanto denies the allegations in paragraph 163.

23     164.   Monsanto denies the allegations in paragraph 164.

24     In response to the "WHEREFORE" paragraph following paragraph 164, Monsanto

25  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

26  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

27  fees as allowed by law and such further and additional relief as this Court may deem just and

28  proper.

165.     Monsanto incorporates by reference its responses to paragraphs 1 through 164 in response to paragraph 165 of plaintiffs' Complaint.

166.     The allegations in paragraph 166 set forth conclusions of law for which no response is required.

167.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 167 and therefore denies those allegations.

168.     Monsanto denies the allegations in paragraph 168.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

169.     Monsanto denies the allegations in paragraph 169.

170.     Monsanto denies the allegations in paragraph 170.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

171.     Monsanto denies the allegations in paragraph 171.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

172.     Monsanto denies the allegations in paragraph 172.

173.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 173 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 173.

174.     The allegations in paragraph 174 set forth conclusions of law for which no response is required.

175.     Monsanto denies the allegations in paragraph 175.

176.     Monsanto denies the allegations in paragraph 176.

177.     Monsanto denies the allegations in paragraph 177.

178.     Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 178.

1     179.    The allegations in paragraph 179 set forth conclusions of law for which no

2    response is required.

3     180.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 180 and therefore denies those allegations.

5     181.    Monsanto denies the allegations in paragraph 181.

6     182.    Monsanto denies the allegations in paragraph 182.

7     183.    Monsanto denies the allegations in paragraph 183.

8     184.    Monsanto denies the allegations in paragraph 184.

9     185.    Monsanto denies the allegations in paragraph 185.

10     186.    The allegations in paragraph 186 set forth conclusions of law for which no

11    response is required.

12    In response to the "WHEREFORE" paragraph following paragraph 186, Monsanto

13    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

14    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

15    fees as allowed by law and such further and additional relief as this Court may deem just and

16    proper.

17     187.    Monsanto incorporates by reference its responses to paragraphs 1 through 186 in

18    response to paragraph 187 of the plaintiffs' Complaint.

19     188.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20    truth of the allegations in paragraph 188 and therefore denies those allegations.

21     189.    Monsanto denies the allegations in paragraph 189.

22     190.    Monsanto denies the allegations in paragraph 190.

23    In response to the allegations in the "WHEREFORE" paragraph following paragraph

24    190, Monsanto demands that judgment be entered in its favor and against plaintiffs; that

25    plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

26    and reasonable attorney's fees as allowed by law and such further and additional relief as this

27    Court may deem just and proper.

28

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.      This Court and the United States District Court for the Eastern District of Pennsylvania where this lawsuit was filed do not have personal jurisdiction over Monsanto for the plaintiffs' claims.

3.      Venue in the Eastern District of Pennsylvania is improper and may be inconvenient.

4.      Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

6.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

- 21 -

1   *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

2   *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

3       9.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law

4   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

5   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

6       10.     Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA

7   findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

8   product labeling.

9       11.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary

10  jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11      12.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if

12  any, were the result of conduct of plaintiff, independent third parties, and/or events that were

13  extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

14  independent, intervening and superseding causes of the alleged injuries, including but not limited

15  to plaintiff's pre-existing medical conditions.

16      13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j

17  and k, bar plaintiffs' claims against Monsanto in whole or in part.

18      14.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or

19  in part.

20      15.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions

21  bar plaintiffs' claims in whole or in part.

22      16.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries

23  or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is

24  neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the

25  relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or

26  causes that are not related or connected with any product sold, distributed, or manufactured by

27  Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an

28  independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

- 22 -

17.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

18.     Plaintiffs' claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the New Jersey Constitution, the Pennsylvania Constitution, and/or other applicable state constitutions.

20.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of punitive and/or exemplary damages under New Jersey law, Pennsylvania law, and/or other applicable state laws.

21.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

22.     Plaintiffs' claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

23.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

24.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

25.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

27.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs received from collateral sources.

29.     Plaintiffs' common law claims are barred, in whole or part, by application of the New Jersey Products Liability Act, N.J. Stat. Ann. § 2A:58C-1 through 58C-11.

1    30.    Monsanto hereby preserves any and all defenses under *Tincher v. Omega Flex,*

2  *Inc.*, 104 A.3d 328 (Pa. 2014).

3    31.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

4  may become available or apparent during the course of discovery and thus reserves its right to

5  amend this Answer to assert such defenses.

6    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

7  plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

8  such other relief as the Court deems equitable and just.

9                    **JURY TRIAL DEMAND**

10    Monsanto demands a jury trial on all issues so triable.

11  DATED:  March 29, 2019                    Respectfully submitted,

12

13                            /s/ Joe G. Hollingsworth
                              Joe G. Hollingsworth (*pro hac vice*)
                              (jhollingsworth@hollingsworthllp.com)
14                            Eric G. Lasker (*pro hac vice*)
                              (elasker@hollingsworthllp.com)
15                            HOLLINGSWORTH LLP
                              1350 I Street, N.W.
16                            Washington, DC  20005
                              Telephone:  (202) 898-5800
17                            Facsimile:   (202) 682-1639

18                            *Attorneys for Defendant*
                              *MONSANTO COMPANY*
19

20

21

22

23

24

25

26

27

28