**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendants*
*WILBUR-ELLIS COMPANY LLC*
*and WILBUR-ELLIS FEED, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Rob O. Abreu, et al.*, *v. Monsanto Co.*, *et al.*,<br>Case No. 3:19-cv-01587-VC | |

## ANSWER TO PLAINTIFFS' COMPLAINT BY DEFENDANTS WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Wilbur-Ellis Company LLC ("Wilbur-Ellis Company") and Wilbur-Ellis Feed, LLC, now known as Wilbur-Ellis Nutrition, LLC ("Wilbur-Ellis Feed") (collectively, the "Wilbur-Ellis Defendants"), by and through their counsel, respectfully respond by generally denying all allegations contained in plaintiffs' Complaint, except as set forth below.  Silence as to any allegations shall constitute a denial.

1.     The allegations in the first sentence of paragraph 1 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to defendant Monsanto Company ("Monsanto"), not the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants admit the allegations in the second sentence of paragraph 1.  The Wilbur-Ellis Defendants also admit that

- 1 -

glyphosate was one of the world's most widely used herbicides in 2013, but note that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 1 and therefore deny those allegations.

2.      In response to the allegations in paragraph 2, the Wilbur-Ellis Defendants admit that the stated advantage of the use of crops with the Roundup Ready® trait is to substantially improve a farmer's ability to control weeds.  The remaining allegations in paragraph 2 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and therefore deny those allegations.

3.      The allegations in the first sentence of paragraph 3 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 3 and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 3.

4.      The Wilbur-Ellis Defendants admit the allegations in the first sentence of paragraph 4.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 4 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

5. The Wilbur-Ellis Defendants admit the allegations in the first sentence of paragraph 5. The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 5.

6. In response to the allegations in paragraph 6, The Wilbur-Ellis Defendants admit that the IARC working group classified glyphosate under Group 2A. The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 6.

7. The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 7. The remaining allegations in paragraph 7 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants. To the extent that a response is deemed required, the Wilbur-Ellis Defendants admit that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world. The Wilbur-Ellis Defendants also admit that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.

8. The Wilbur-Ellis Defendants deny the allegations in paragraph 8.

9. The allegations in paragraph 9 set forth conclusions of law for which no response is required.

10. The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11. The allegations in paragraph 11 set forth conclusions of law for which no response is required.

12. The allegations in paragraph 12 set forth conclusions of law for which no response is required.

13. The allegations in paragraph 13 set forth conclusions of law for which no response is required.

14. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore deny those allegations.

15. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore deny those allegations.

16. The Wilbur-Ellis Defendants deny the allegations in paragraph 16.

17. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore deny those allegations.

18. The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 18. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore deny those allegations.

19. In response to the allegations in paragraph 19, the Wilbur-Ellis Defendants deny that any injuries alleged in the Complaint, including the injury and death of plaintiff's decedent, were caused by Roundup®-branded products. In response to the allegations in the first and second sentences of paragraph 19, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of those allegations and therefore deny those allegations. The remaining allegations in paragraph 19 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of remaining allegations in paragraph 19 and therefore deny those allegations.

20. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore deny those allegations.

21. The Wilbur-Ellis Defendants deny the allegations in paragraph 21.

22. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore deny those allegations.

23.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 23.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore deny those allegations.

24.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore deny those allegations.

25.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore deny those allegations.

26.     The Wilbur-Ellis Defendants deny the allegations in paragraph 26.

27.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore deny those allegations.

28.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 28.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore deny those allegations.

29.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore deny those allegations.

30.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore deny those allegations.

31.     The Wilbur-Ellis Defendants deny the allegations in paragraph 31.

32.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore deny those allegations.

33.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 33.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

belief as to the truth of the remaining allegations in paragraph 33 and therefore deny those allegations.

34.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore deny those allegations.

35.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore deny those allegations.

36.     The Wilbur-Ellis Defendants deny the allegations in paragraph 36.

37.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore deny those allegations.

38.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 38.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore deny those allegations.

39.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore deny those allegations.

40.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore deny those allegations.

41.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore deny those allegations.

42.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore deny those allegations.

43.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore deny those allegations.

44.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore deny those allegations.

45.     The Wilbur-Ellis Defendants deny the allegations in paragraph 45.

46.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore deny those allegations.

47.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 47.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and therefore deny those allegations.

48.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore deny those allegations.

49.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore deny those allegations.

50.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore deny those allegations.

51.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore deny those allegations.

52.     The Wilbur-Ellis Defendants deny the allegations in paragraph 52.

53.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore deny those allegations.

54.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 54.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 and therefore deny those allegations.

55.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore deny those allegations.

56.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore deny those allegations.

1    57.    The Wilbur-Ellis Defendants deny the allegations in paragraph 57.

2    58.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

3    belief as to the truth of the allegations in paragraph 58 and therefore deny those allegations.

4    59.    The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded

5    products can cause NHL and other serious illnesses and therefore deny those allegations in

6    paragraph 59.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

7    belief as to the truth of the remaining allegations in paragraph 59 and therefore deny those

8    allegations.

9    60.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

10   belief as to the truth of the allegations in paragraph 60 and therefore deny those allegations.

11   61.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

12   belief as to the truth of the allegations in paragraph 61 and therefore deny those allegations.

13   62.    The Wilbur-Ellis Defendants deny the allegations in paragraph 62.

14   63.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

15   belief as to the truth of the allegations in paragraph 63 and therefore deny those allegations.

16   64.    The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded

17   products can cause NHL and other serious illnesses and therefore deny those allegations in

18   paragraph 64.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

19   belief as to the truth of the remaining allegations in paragraph 64 and therefore deny those

20   allegations.

21   65.    The allegations in paragraph 65 do not require a response from the Wilbur-Ellis

22   Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

23   66.    Wilbur-Ellis Company admits that it is a California limited liability company with

24   its headquarters and principal place of business in San Francisco, California.  Wilbur-Ellis

25   Company further admits that it has sold and distributed certain Monsanto glyphosate-based

26   herbicide products in California, but denies that it has sold or distributed Monsanto's residential-

27   lawn-and-garden glyphosate-based-herbicides in California.  Wilbur-Ellis Company notes that it

28

has never been the only seller or distributor of Monsanto glyphosate-based herbicide products in California.

67.    Wilbur-Ellis Feed admits that it is a California limited liability company with its headquarters and principal place of business in San Francisco, California.  In response to the allegations in the second sentence of paragraph 67, the Wilbur-Ellis Defendants deny that Wilbur-Ellis Feed has ever distributed or sold any Monsanto glyphosate-based herbicide products in California (or anywhere else).  In response to the allegations in the last sentence of paragraph 67, the Wilbur-Ellis Defendants: (a) deny that either of the Wilbur-Ellis Defendants distributed any Monsanto residential-lawn-and-garden glyphosate-based-herbicides allegedly used by any plaintiff and/or plaintiff's decedent; (b) lack information or knowledge sufficient to form a belief as to the truth of any allegations regarding whether Wilbur-Ellis Company distributed any other kinds of Monsanto glyphosate-based-herbicides allegedly used by any plaintiff and/or plaintiff's decedent and therefore deny those allegations; and (c) deny that Wilbur-Ellis Feed distributed any Monsanto glyphosate-based herbicide products allegedly used by any plaintiff and/or plaintiff's decedent.

68.    The allegations in paragraph 68 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore deny those allegations.

69.    The allegations in paragraph 69 set forth conclusions of law for which no response is required.

70.    The allegations in paragraph 70 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to the DOE defendants, not the Wilbur-Ellis Defendants.

71.    The allegations in paragraph 71 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis

1   Defendants lack information or knowledge sufficient to form a belief as to the truth of the

2   allegations in paragraph 71 and therefore deny those allegations.

3       72.     The allegations in the first sentence of paragraph 72 set forth conclusions of law

4   for which no response is required.  To the extent that a response is deemed required, the Wilbur-

5   Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the

6   allegations in the first sentence of paragraph 72 and therefore deny those allegations.  The

7   Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 72.

8       73.     In response to the allegations in paragraph 73, the Wilbur-Ellis Defendants admit

9   that they are limited liability companies organized and existing under the laws of the State of

10  California, with their headquarters and principal place of business in San Francisco, California.

11  The remaining allegations in paragraph 73 are vague and conclusory and comprise attorney

12  characterizations and are accordingly denied or set forth conclusions of law for which no

13  response is required.  To the extent that the allegations in paragraph 73 relate to defendants other

14  than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-

15  Ellis Defendants.

16      74.     The allegations in paragraph 74 are vague and conclusory and comprise attorney

17  characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 74

18  relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a

19  response from the Wilbur-Ellis Defendants.

20      75.      The allegations in paragraph 75 are vague and conclusory and comprise attorney

21  characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 75

22  relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a

23  response from the Wilbur-Ellis Defendants.

24      76.     The allegations in paragraph 76 are vague and conclusory and comprise attorney

25  characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 76

26  relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a

27  response from the Wilbur-Ellis Defendants.

28

77.     The Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs and/or plaintiff's decedent to risk of their alleged cancers and deny that exposure to Roundup®-branded products did or could have caused plaintiffs' and/or plaintiff's decedent's alleged cancers.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 77 and therefore deny those allegations.  The remaining allegations in paragraph 77 set forth conclusions of law for which no response is required.

78.     In response to the allegations in paragraph 78, the Wilbur-Ellis Defendants deny that there is any risk of cancer or other serious illness associated with or linked to exposure to Roundup®-branded products or glyphosate.  The remaining allegations in paragraph 78 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.

79.     In response to the allegations in paragraph 79, the Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs and/or plaintiff's decedent to risk of, or caused, their alleged cancers and deny that there is any risk of serious illnesses associated with or linked to exposure to Roundup®-branded products or glyphosate. The remaining allegations in paragraph 79 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore deny those allegations.

80.     In response to the allegations in paragraph 80, the Wilbur-Ellis Defendants deny that they have misrepresented or concealed the alleged "true risks associated with the use of and/or exposure to" Roundup®-branded products and glyphosate or otherwise engaged in fraudulent conduct.  To the extent that the allegations in paragraph 80 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.  The remaining allegations in paragraph 80 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.

81.     The Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs and/or plaintiff's decedent to risk of, or caused, their alleged cancers and deny that there is any risk of serious illnesses associated with or linked to Roundup®-branded products.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 81.

82.     In response to the allegations in paragraph 82, the Wilbur-Ellis Defendants deny that they concealed "the truth regarding the safety of" Roundup®-branded products.  The remaining allegations in paragraph 82 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants deny all of plaintiffs' allegations in paragraph 82.

83.     In response to the allegations in paragraph 83, the Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs and/or plaintiff's decedent to risk of their alleged cancers, deny that there is any risk of serious illness associated with or linked to Roundup®-branded products, and deny the remaining allegations in paragraph 83.

84.     In response to the allegations in paragraph 84, the Wilbur-Ellis Defendants admit that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 84 are vague and ambiguous and the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 84 and therefore deny those allegations.

85.     The Wilbur-Ellis Defendants admit the first sentence of paragraph 85.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 85 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  The Wilbur-Ellis Defendants deny the allegations in the third sentence of paragraph 85 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

86.     In response to the allegations in paragraph 86, the Wilbur-Ellis Defendants admit that farmers have safely used Roundup®-branded products since the 1970s.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 86.

87.     To the extent that the allegations in paragraph 87 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 87.

88.     The allegations in paragraph 88 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto and other entities, not the Wilbur-Ellis Defendants.

89.     The Wilbur-Ellis Defendants admit the allegations in paragraph 89.

90.     In response to the allegations in paragraph 90, the Wilbur-Ellis Defendants admit that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admit that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 90 set forth conclusions of law for which no response is required.

91.     The allegations in paragraph 91 set forth conclusions of law for which no response is required.

92.     In response to the allegations in the first sentence of paragraph 92, the Wilbur-Ellis Defendants admit that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States, including in California.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 92.

93.     In response to the allegations in paragraph 93, the Wilbur-Ellis Defendants admit that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admit that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The Wilbur-Ellis Defendants state that the term "the product tests" in the final sentence of paragraph

1  93 is vague and ambiguous, and the Wilbur-Ellis Defendants therefore deny the same.  The

2  remaining allegations in paragraph 93 set forth conclusions of law for which no response is

3  required.

4        94.     The Wilbur-Ellis Defendants deny the allegations in paragraph 94 to the extent

5  they suggest that EPA only evaluates the safety of pesticide products on the date of their initial

6  registration.  The Wilbur-Ellis Defendants admit that EPA is in the process of conducting

7  regulatory review of various pesticide products, but the Wilbur-Ellis Defendants lack

8  information or knowledge sufficient to form a belief as to the truth of the allegations in

9  paragraph 94 regarding such pesticide products generally.  The remaining allegations in

10 paragraph 94 set forth conclusions of law for which no response is required.

11       95.     In response to the allegations in paragraph 95, The Wilbur-Ellis Defendants admit

12 that EPA has undertaken a regulatory review of glyphosate and that EPA has not released its

13 final findings.  The Wilbur-Ellis Defendants state, however, that: (a) in September 2016, EPA's

14 Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic

15 potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be

16 carcinogenic to humans' at doses relevant to human health risk assessment" [1]; and (b) at the same

17 time, EPA posted an October 2015 final report by its standing Cancer Assessment Review

18 Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as

19 "Not Likely to be Carcinogenic to Humans." [2]  The Wilbur-Ellis Defendants further state that, in

20 December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's

21 carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the

---

22  [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic*
23  *Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"),
    https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP
24  Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on
    glyphosate's carcinogenic potential.

25  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
26  U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
    *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
27  Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

descriptor] 'not likely to be carcinogenic to humans'."[3]  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 95 and therefore deny those allegations.  In response to the last two sentences of paragraph 95, The Wilbur-Ellis Defendants state that the cited report speaks for itself and does not require a response.  To the extent that a response is deemed required, allegations in the last two sentences of paragraph 95 are vague, incomplete, and conclusory and/or comprise attorney characterizations and are accordingly denied.

96.     In response to the allegations in paragraph 96, the Wilbur-Ellis Defendants admit that a Scientific Advisory Panel ("SAP") issued a report and state that the cited document speaks for itself and thus does not require any further response.  To the extent that a response is deemed required, allegations in paragraph 96 are vague, incomplete, and conclusory and/or comprise attorney characterizations and are accordingly denied.

97.     Certain allegations in paragraph 97 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 97 and therefore deny those allegations

98.     The allegations in paragraph 98 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

99.     The allegations in paragraph 99 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

100.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 100 and therefore deny those allegations.

101.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore deny those allegations.

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.epa.gov/sites/production/files/2017-12/documents/revised_glyphosate_issue_paper_evaluation_of_carcinogenic_potential.pdf.

102.     The allegations in the first sentence of paragraph 102 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 102 and therefore deny those allegations.

103.     The allegations in paragraph 103 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

104.     The allegations in paragraph 104 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

105.     The allegations in paragraph 105 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

106.     To the extent that the allegations in the second, fourth, and fifth sentences of paragraph 106 are directed at the Wilbur-Ellis Defendants, the Wilbur-Ellis Defendants deny those allegations.  To the extent that those allegations and the allegations in the last sentence of paragraph 106 are directed at defendants other than the Wilbur-Ellis Defendants, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 106 and therefore deny those allegations.

107.     The allegations in paragraph 107 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

108.     The allegations in paragraph 108 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

109.     The allegations in paragraph 109 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent a response is deemed required, the Wilbur-Ellis Defendants admit that glyphosate is one of the world's largest herbicides by sales volume, but the Wilbur-Ellis Defendants lack

1   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

2   in paragraph 109 and accordingly deny those allegations.

3         110.    The allegations in paragraph 110 do not require a response from the Wilbur-Ellis

4   Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

5         111.    The allegations in paragraph 111 do not require a response from the Wilbur-Ellis

6   Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

7         112.    The allegations in paragraph 112 do not require a response from the Wilbur-Ellis

8   Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

9         113.    The allegations in paragraph 113 do not require a response from the Wilbur-Ellis

10   Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

11         114.    In response to the allegations in paragraph 114, the Wilbur-Ellis Defendants deny

12   that IARC follows stringent procedures for the evaluation of a chemical agent.  The Wilbur-Ellis

13   Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the

14   specific numbers cited in paragraph 114, which are not limited as of any specified date, and

15   accordingly deny the same.

16         115.    In response to the allegations in paragraph 115, the Wilbur-Ellis Defendants admit

17   that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity

18   evaluations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 115.

19         116.    The Wilbur-Ellis Defendants deny any suggestion that IARC reviewed the full

20   body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed

21   the studies that it cited in its glyphosate monograph.  The Wilbur-Ellis Defendants lack

22   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

23   in paragraph 116 and therefore deny those allegations.

24         117.    The Wilbur-Ellis Defendants deny any suggestion that IARC reviewed the full

25   body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed

26   the studies that it cited in its glyphosate monograph.  The Wilbur-Ellis Defendants lack

27

28

1  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

2  in paragraph 117 and therefore deny those allegations.

3       118.    The Wilbur-Ellis Defendants deny the allegations in paragraph 118 to the extent

4  that they suggest that IARC had previously assessed glyphosate.  The Wilbur-Ellis Defendants

5  admit that IARC classified glyphosate as a Group 2A agent in March 2015.

6       119.    In response to the allegations in paragraph 119, the Wilbur-Ellis Defendants admit

7  that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a

8  draft of the monograph was prepared by a "working group" of individuals selected by IARC who

9  met over a one week period in March 2015 to consider glyphosate along with a number of other

10  substances.  The Wilbur-Ellis Defendants deny the allegation that all members of the working

11  group are "experts."  The Wilbur-Ellis Defendants deny that the working group or anyone at

12  IARC conducted a one-year review of the scientific evidence related to glyphosate or that the

13  working group's findings reflected a comprehensive review of the latest available scientific

14  evidence.  The Wilbur-Ellis Defendants also deny that the working group considered all

15  information available in the scientific literature and all data from government reports that are

16  publicly available.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph

17  119.

18       120.    In response to the allegations in paragraph 120, the Wilbur-Ellis Defendants deny

19  that the IARC working group considered all of the data in the numerous studies that have been

20  conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human

21  populations or that it reliably considered the studies that it purports to have reviewed, which

22  frequently reach conclusions directly contrary to those espoused by the IARC working group.

23  To the extent the allegations purport to characterize statements made in the IARC monograph for

24  glyphosate, the statements in that document stand for themselves, but the Wilbur-Ellis

25  Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the

26  source of said information and accordingly deny the allegations.

27

28

121.    The allegations in paragraph 121 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly deny the allegations.

122.    In response to the allegations in paragraph 122, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 122 are denied.

123.    In response to the allegations in paragraph 123, the Wilbur-Ellis Defendants admit that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but the Wilbur-Ellis Defendants deny that any of these studies provide any evidence of a human health concern from such exposures.

124.    The Wilbur-Ellis Defendants deny the allegations in paragraph 124.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

125.    In response to the allegations in paragraph 125, the Wilbur-Ellis Defendants admit that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but the Wilbur-Ellis Defendants deny that the study supports such a conclusion or that the authors of the study reached such a conclusion.

126.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 126 and therefore deny those allegations.

127.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 127 and therefore deny those allegations.

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01587-VC

128.     In response to the allegations in paragraph 128, the Wilbur-Ellis Defendants admit that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but the Wilbur-Ellis Defendants deny that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and deny that the working group reliably interpreted the studies that it selected for consideration. Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 128.

129.     In response to the allegations in the first and second sentences of paragraph 129, the Wilbur-Ellis Defendants admit that certain scientists and certain studies have made these claims, but deny the allegations to the extent they imply that those scientists' views and studies are valid or accurate.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 129.

130.     In response to the allegations in the first sentence of paragraph 130, the Wilbur-Ellis Defendants refer to the labels for Roundup®-branded products, which are the best evidence of their contents, and deny any allegation inconsistent with their terms.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 130.

131.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 and therefore deny those allegations.

132.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 132 and therefore deny those allegations.

133.     In response to the allegations in paragraph 133, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

134.     In response to the allegations in paragraph 134, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in

context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

135.     In response to the allegations in paragraph 135, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

136.     In response to the allegations in paragraph 136, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

137.     In response to the allegations in paragraph 137, the Wilbur-Ellis Defendants admit that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but deny that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate.  The Wilbur-Ellis Defendants note that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

138.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 138 and therefore deny those allegations.

139.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139 and therefore deny those allegations.

140.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 140 and therefore deny those allegations.

141.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 141 and therefore deny those allegations.

142.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 142 and therefore deny those allegations.

143.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 143 and therefore deny those allegations.

144.    The Wilbur-Ellis Defendants admit that Wilbur-Ellis Company has distributed certain Monsanto glyphosate-based herbicide products in California, but deny that Wilbur-Ellis Company has distributed Monsanto's residential-lawn-and-garden glyphosate-based-herbicides in California.  The Wilbur-Ellis Defendants deny that Wilbur-Ellis Feed has distributed any Monsanto glyphosate-based herbicide products in California (or anywhere else).

145.    In response to the allegations in the first sentence of paragraph 145, the Wilbur-Ellis Defendants deny that Roundup®-branded herbicides have "carcinogenic properties" or create "grave danger" and state that all labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  In response to the allegations in the second sentence of paragraph 145, the Wilbur-Ellis Defendants: (a) deny that either Wilbur-Ellis Defendant distributed any Monsanto residential-lawn-and-garden glyphosate-based-herbicides allegedly used by any plaintiffs and/or plaintiff's decedent; (b) lack information or knowledge sufficient to form a belief as to the truth of any allegations regarding whether Wilbur-Ellis Company distributed any other kinds of Monsanto glyphosate-based-herbicides allegedly used by any plaintiffs and/or plaintiff's decedent and therefore deny those allegations; and (c) deny that Wilbur-Ellis Feed distributed any Monsanto glyphosate-based herbicide products allegedly used by any plaintiffs and/or plaintiff's decedent.

146.    The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 145 in response to paragraph 146 of plaintiffs' Complaint.

147.    In response to the allegations in paragraph 147, the Wilbur-Ellis Defendants deny that they violated California law or federal law and state that they complied with all applicable law regarding Roundup®-branded products.  The remaining allegations in paragraph 147 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants deny all such allegations.

148.    The allegations in paragraph 148 set forth conclusions of law for which no response is required.

149.    The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 149.  The second sentence in paragraph 149 sets forth a conclusion of law for which no response is required.

150.    The Wilbur-Ellis Defendants admit the allegations in the first sentence of paragraph 150.  In response to the allegations in the second sentence of paragraph 150, the Wilbur-Ellis Defendants state that the order speaks for itself and thus does not require any further answer.  To the extent that a further response is deemed required, the Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 150.

151.    In response to the allegations in paragraph 151 and each of its subparts, the Wilbur-Ellis Defendants state as follows:  Many of the allegations do not require a response from the Wilbur-Ellis Defendants because the allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.  The Wilbur-Ellis Defendants deny that intended use of and/or exposure to Roundup®-branded products causes cancer or other injuries and state that all labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations concerning what plaintiffs believed or perceived and therefore deny those allegations.  The Wilbur-Ellis Defendants state that the allegation that Roundup® would be required to bear a label informing consumers that the chemical is known as a carcinogen to the State of California is a legal conclusion not requiring a response.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants state that, on February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.  The Wilbur-Ellis Defendants state that the allegations that plaintiffs are properly joined or that plaintiffs' claims are based on transactions,

- 23 -

occurrences, or series of transactions or occurrences that give rise to questions of law and fact common to the claims of all plaintiffs are conclusions of law not requiring a response.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants deny those allegations. The Wilbur-Ellis Defendants deny the allegations in subpart j. of paragraph 151.  To the extent not otherwise addressed above, the Wilbur-Ellis Defendants deny the remaining allegations in paragraph 151, including each of its subparts.

152.    The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 151 in response to paragraph 152 of plaintiffs' Complaint.

153.    In response to the allegations in paragraph 153, the Wilbur-Ellis Defendants admit that plaintiffs purport to bring a claim for strict liability design defect, but deny any liability as to that claim.

154.    In response to the allegations in paragraph 154, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs and/or plaintiff's decedent used Roundup®-branded products and therefore deny that allegation. The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 154.

155.    The Wilbur-Ellis Defendants deny the allegations in paragraph 155.

156.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 156and therefore deny those allegations.

157.    The Wilbur-Ellis Defendants deny the allegations in paragraph 157.

158.    The Wilbur-Ellis Defendants deny the allegations in paragraph 158.

159.    The Wilbur-Ellis Defendants deny the allegations in paragraph 159.

160.    The Wilbur-Ellis Defendants deny the allegations in paragraph 160 and each of its subparts.

161.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 161 concerning plaintiffs' and/or plaintiff's decedent's claimed use of or exposure to Roundup®-branded products and therefore deny those

1    allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 161,

2    including that Roundup® branded products have "dangerous characteristics."

3        162.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

4    belief as to the truth of the allegations in paragraph 162 concerning plaintiffs' and/or plaintiff's

5    decedent's claimed use of or exposure to Roundup®-branded products and therefore deny those

6    allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 162,

7    including that Roundup®-branded products have "dangerous characteristics."

8        163.    The Wilbur-Ellis Defendants deny the allegations in paragraph 163.

9        164.    The Wilbur-Ellis Defendants deny the allegations in paragraph 164.

10       165.    The Wilbur-Ellis Defendants deny the allegations in paragraph 165.

11       166.    The Wilbur-Ellis Defendants deny the allegations in paragraph 166.

12       167.    The Wilbur-Ellis Defendants deny the allegations in paragraph 167.

13       168.    The Wilbur-Ellis Defendants deny the allegations in paragraph 168.

14       169.    The Wilbur-Ellis Defendants deny the allegations in paragraph 169.

15       170.    The Wilbur-Ellis Defendants deny the allegations in paragraph 170.

16       171.    The Wilbur-Ellis Defendants deny the allegations in paragraph 171.

17       172.    The Wilbur-Ellis Defendants deny the allegations in paragraph 172.

18       173.    In response to the allegations in paragraph 173, the Wilbur-Ellis Defendants

19   demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint

20   be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and

21   reasonable attorney's fees as allowed by law and such further and additional relief as this Court

22   may deem just and proper.

23       174.    The Wilbur-Ellis Defendants incorporate by reference its responses to paragraphs

24   1 through 173 in response to paragraph 174 of plaintiffs' Complaint.

25       175.    In response to the allegations in paragraph 175, the Wilbur-Ellis Defendants admit

26   that plaintiffs purport to bring a claim for strict liability failure to warn, but deny any liability as

27   to that claim.

28

1    176.    The Wilbur-Ellis Defendants deny the allegations in paragraph 176.

2    177.    In response to the allegations in paragraph 177, the Wilbur-Ellis Defendants lack

3    information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs

4    or other entities identified purchased or used Roundup®-branded products and therefore deny that

5    allegation.  The allegations in paragraph 177 also set forth conclusions of law for which no

6    response is required.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph

7    177.

8    178.    The allegations in paragraph 178 set forth conclusions of law for which no

9    response is required.

10   179.    The Wilbur-Ellis Defendants deny the allegations in paragraph 179.  All labeling

11   of Roundup®-branded products has been and remains EPA-approved and in compliance with all

12   federal requirements under FIFRA.

13   180.    The Wilbur-Ellis Defendants deny the allegations in paragraph 180.

14   181.    The Wilbur-Ellis Defendants deny the allegations in paragraph 181.

15   182.    The Wilbur-Ellis Defendants deny the allegations in paragraph 182.

16   183.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

17   belief as to the truth of the allegations in paragraph 183 and therefore deny those allegations.

18   184.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

19   belief as to the truth of the allegations in paragraph 184 concerning plaintiffs' and/or plaintiff's

20   decedent's alleged use of Roundup®-branded products and therefore deny those allegations.  The

21   Wilbur-Ellis Defendants deny the remaining allegations in paragraph 184, including that

22   Roundup®-branded products have "dangerous characteristics."

23   185.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

24   belief as to the truth of the allegations in paragraph 185 concerning plaintiffs' and/or plaintiff's

25   decedent's alleged use and exposure to Roundup®-branded products and therefore deny those

26   allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 185,

27   including that Roundup®-branded products have "dangerous characteristics."

28

186.     In response to the allegations in paragraph 186, The Wilbur-Ellis Defendants deny that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses and deny that there are any defects in those products.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 186 and therefore deny those allegations.

187.     The Wilbur-Ellis Defendants deny the allegations in paragraph 187.

188.     The Wilbur-Ellis Defendants deny the allegations in paragraph 188.

189.     The allegations in the second sentence of paragraph 189 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, The Wilbur-Ellis Defendants deny all such allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 189.

190.     The Wilbur-Ellis Defendants deny the allegations in paragraph 190.

191.     The Wilbur-Ellis Defendants deny the allegations in paragraph 191.

192.     The Wilbur-Ellis Defendants deny the allegations in paragraph 192.

193.     The Wilbur-Ellis Defendants deny the allegations in paragraph 193.

194.     The Wilbur-Ellis Defendants deny the allegations in paragraph 194.

195.     The Wilbur-Ellis Defendants deny the allegations in paragraph 195.

196.     The Wilbur-Ellis Defendants deny the allegations in paragraph 196.

197.     In response to the allegations in paragraph 197, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

198.     The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 197 in response to paragraph 198 of plaintiffs' Complaint.

199.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 199 regarding the specific products allegedly

used by plaintiffs and/or plaintiff's decedent or any advertising or marketing allegedly seen or considered by plaintiffs and/or plaintiff's decedent and therefore deny the allegations in paragraph 199.

200. The allegations in paragraph 200 set forth conclusions of law for which no response is required.

201. The allegations in paragraph 201 set forth conclusions of law for which no response is required.

202. The Wilbur-Ellis Defendants deny the allegations in paragraph 202.

203. The Wilbur-Ellis Defendants deny the allegations in paragraph 203.

204. The Wilbur-Ellis Defendants deny the allegations in paragraph 204. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

205. The Wilbur-Ellis Defendants deny the allegations in paragraph 205.

206. The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 206. The allegations in the second sentence of paragraph 206 comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required.

207. The Wilbur-Ellis Defendants deny the allegations in paragraph 207.

208. The Wilbur-Ellis Defendants deny the allegations in paragraph 208, including each of its subparts.

209. The Wilbur-Ellis Defendants deny the allegations in paragraph 209.

210. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 210 regarding plaintiffs' and/or plaintiff's decedent's knowledge and therefore the Wilbur-Ellis Defendants deny those allegations. The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 210, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

211. The Wilbur-Ellis Defendants deny the allegations in paragraph 211.

212. The Wilbur-Ellis Defendants deny the allegations in paragraph 212.

213. The Wilbur-Ellis Defendants deny the allegations in paragraph 213.

214. The Wilbur-Ellis Defendants deny the allegations in paragraph 214.

215. The Wilbur-Ellis Defendants deny the allegations in paragraph 215.

216. In response to the allegations in paragraph 216, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that The Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

217. – 261. The allegations in paragraphs 217-261 do not require responses from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants, and these counts of plaintiffs' Complaint are brought only against Monsanto, not the Wilbur-Ellis Defendants.

262. The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 261 in response to paragraph 262 of plaintiffs' Complaint.

263. The Wilbur-Ellis Defendants deny the allegations in paragraph 263.

264. The Wilbur-Ellis Defendants deny the allegations in paragraph 264.

265. The Wilbur-Ellis Defendants deny the allegations in paragraph 265.

266. The allegations in paragraph 266 set forth conclusions of law for which no response is required.

267. In response to the allegations in paragraph 267, the Wilbur-Ellis Defendants deny that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

1

**SEPARATE AND AFFIRMATIVE DEFENSES**

2      1.      The Complaint, in whole or part, fails to state a claim or cause of action against

3  the Wilbur-Ellis Defendants upon which relief can be granted.

4      2.      Venue is or may be inconvenient for some or all of plaintiffs' claims.

5      3.      Plaintiffs' claims against the Wilbur-Ellis Defendants are improperly joined and

6  should be severed.

7      4.      Plaintiffs' claims against the Wilbur-Ellis Defendants are barred because

8  plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were

9  defective or unreasonably dangerous.

10      5.      Any alleged negligent or culpable conduct of the Wilbur-Ellis Defendants, none

11  being admitted, was so insubstantial as to be insufficient to be a proximate or substantial

12  contributing cause of plaintiffs' and/or plaintiff's decedent's alleged injuries.

13      6.      Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in

14  part, because the products at issue were designed, manufactured, marketed and labeled with

15  proper warnings, information, cautions and instructions, in accordance with the state of the art

16  and the state of scientific and technological knowledge.

17      7.      Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in

18  part, because the products at issue were not defective or unreasonably dangerous in that they

19  complied with, at all relevant times, all applicable government safety standards.

20      8.      Any claims based on allegations that the Wilbur-Ellis Defendants misled,

21  defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted

22  by federal law.  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan*

23  *Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

24      9.      Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted, in whole or

25  in part, by applicable federal law relating to the design, testing, producing, manufacturing,

26  labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or

27  glyphosate-containing products.

28

10.     Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because plaintiffs' and/or plaintiff's decedent's injuries, if any, were the result of conduct of plaintiffs, and/or plaintiff's decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' and/or plaintiff's decedent's pre-existing medical conditions.

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

14.     Applicable statutes of limitations and/or repose bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

15.     Plaintiffs' and/or plaintiff's decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

16.     If plaintiffs and/or plaintiff's decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which the Wilbur-Ellis Defendants are neither liable nor responsible or, in the alternative, the Wilbur-Ellis Defendants are entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by the Wilbur-Ellis Defendants.  Such acts or omissions on the part of others or diseases or causes constitute an

1    independent, intervening and sole proximate cause of plaintiffs' and/or plaintiff's decedent's

2    alleged injuries or damages.

3         17.    The Wilbur-Ellis Defendants had no legal relationship or privity with plaintiffs

4    and/or plaintiff's decedent and owed no duty to them by which liability could be attributed to the

5    Wilbur-Ellis Defendants.

6         18.    Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted in whole or

7    part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

8         19.    Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive and/or

9    exemplary damages are barred because such an award would violate the Wilbur-Ellis

10   Defendants' due process, equal protection and other rights under the United States Constitution,

11   the California Constitution, the Hawaii Constitution, the Wisconsin Constitution, and/or other

12   applicable state constitutions.

13        20.    Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive and/or

14   exemplary damages are barred because plaintiffs have failed to allege conduct warranting

15   imposition of such damages under California, Hawaii, Wisconsin, and/or other applicable state

16   laws.

17        21.    Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive and/or

18   exemplary damages are barred and/or limited by operation of state and/or federal law.

19        22.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in

20   part by plaintiffs' and/or plaintiff's decedent's own contributory/comparative negligence.

21        23.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in

22   part by plaintiffs' and/or plaintiff's decedent's own failure to mitigate damages.

23        24.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in

24   part by the sophisticated user doctrine.

25        25.    To the extent that plaintiffs and/or plaintiff's decedent recovered payments for

26   their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery from

27

28

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01587-VC

the Wilbur-Ellis Defendants in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

26.     If plaintiffs and/or plaintiff's decedent have been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a product of the Wilbur-Ellis Defendants.

27.     Plaintiffs' claims are barred, in whole or part, by application of Wis. Stat. § 895.047(3)(b).

28.     Plaintiffs' claims against Wilbur-Ellis Feed are barred because Wilbur-Ellis Feed has never designed, manufactured, distributed, or sold Roundup®-branded herbicides (or any other herbicides).

29.     Wilbur-Ellis Feed did not come into existence as a company until September 2015, so any plaintiffs and/or plaintiff's decedent whose alleged exposure to Roundup®-branded herbicides ended before September 2015 does not have viable claims against Wilbur-Ellis Feed.

30.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

31.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

32.     The Wilbur-Ellis Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

**WHEREFORE**, the Wilbur-Ellis Defendants demand judgment in their favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

### JURY TRIAL DEMAND

The Wilbur-Ellis Defendants demand a jury trial on all issues so triable.

1

DATED:  April 3, 2019

Respectfully submitted,

2

3

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)

4

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)

5

HOLLINGSWORTH LLP
1350 I Street, N.W.

6

Washington, DC  20005
Telephone:  (202) 898-5800

7

Facsimile:   (202) 682-1639

8

Attorneys for Defendants WILBUR-ELLIS
COMPANY LLC and WILBUR-ELLIS FEED,

9

LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01587-VC