**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendants*
*WILBUR-ELLIS COMPANY LLC*
*and WILBUR-ELLIS FEED, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *George Chupa, et al.*, *v. Monsanto Co.*, *et al.*, Case No. 3:19-cv-01589-VC | |

## ANSWER TO PLAINTIFFS' COMPLAINT BY DEFENDANTS WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Wilbur-Ellis

Company LLC ("Wilbur-Ellis Company") and Wilbur-Ellis Feed, LLC, now known as Wilbur-

Ellis Nutrition, LLC ("Wilbur-Ellis Feed") (collectively, the "Wilbur-Ellis Defendants"), by and

through their counsel, respectfully respond by generally denying all allegations contained in

plaintiffs' Complaint, except as set forth below.  Silence as to any allegations shall constitute a

denial.

1.      The allegations in the first sentence of paragraph 1 do not require a response from

the Wilbur-Ellis Defendants because these allegations relate to defendant Monsanto Company

("Monsanto"), not the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants admit the

allegations in the second sentence of paragraph 1.  The Wilbur-Ellis Defendants also admit that

- 1 -

glyphosate was one of the world's most widely used herbicides in 2013, but note that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 1 and therefore deny those allegations.

2.      In response to the allegations in paragraph 2, the Wilbur-Ellis Defendants admit that the stated advantage of the use of crops with the Roundup Ready® trait is to substantially improve a farmer's ability to control weeds.  The remaining allegations in paragraph 2 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and therefore deny those allegations.

3.      The allegations in the first sentence of paragraph 3 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 3 and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 3.

4.      The Wilbur-Ellis Defendants admit the allegations in the first sentence of paragraph 4.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 4 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

5.      The Wilbur-Ellis Defendants admit the allegations in the first sentence of paragraph 5.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of

1  paragraph 5.

2       6.      In response to the allegations in paragraph 6, The Wilbur-Ellis Defendants admit

3  that the IARC working group classified glyphosate under Group 2A.  The Wilbur-Ellis

4  Defendants deny the remaining allegations in paragraph 6.

5       7.      The Wilbur-Ellis Defendants deny the allegations in the first sentence of

6  paragraph 7.  The remaining allegations in paragraph 7 do not require a response from the

7  Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis

8  Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants admit

9  that glyphosate repeatedly has been found to be safe to humans and the environment by

10  regulators in the United States and around the world.  The Wilbur-Ellis Defendants also admit

11  that the United States Environmental Protection Agency ("EPA") repeatedly has concluded

12  pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-

13  based herbicides create no unreasonable risk to human health or to the environment when used in

14  accordance with the label.

15       8.      The Wilbur-Ellis Defendants deny the allegations in paragraph 8.

16       9.      The allegations in paragraph 9 set forth conclusions of law for which no response

17  is required.

18       10.     The allegations in paragraph 10 set forth conclusions of law for which no

19  response is required.

20       11.     The allegations in paragraph 11 set forth conclusions of law for which no

21  response is required.

22       12.     The allegations in paragraph 12 set forth conclusions of law for which no

23  response is required.

24       13.     The allegations regarding venue and jurisdiction in the first sentence of paragraph

25  13 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants

26  lack information or knowledge sufficient to form a belief as to the truth of the remaining

27  allegations in the first sentence of paragraph 13 and therefore deny those allegations.  The

28

Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 13.

14.    The allegations regarding venue and jurisdiction in the first sentence of paragraph 14 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 14 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 14.  In response to the allegations in the last sentence of paragraph 14, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiffs and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that plaintiff Rosalie Anita Colton purports to bring a claim for loss of consortium but deny any liability as to that claim.  The Wilbur-Ellis Defendants deny the remaining allegations in the last sentence of paragraph 14.

15.    The allegations regarding venue and jurisdiction in the first sentence of paragraph 15 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 15 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 15.  In response to the allegations in the last sentence of paragraph 15, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiffs and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that plaintiff Shirley A. Gayle purports to bring a claim for loss of consortium but deny any liability as to that claim.  The Wilbur-Ellis Defendants deny the remaining allegations in the last sentence of paragraph 15.

16.    The allegations regarding venue and jurisdiction in the first sentence of paragraph 16 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 16 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 16.

17.    The allegations regarding venue and jurisdiction in the first sentence of paragraph

17 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 17 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 17.

18.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 18 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 18 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 18.  In response to the allegations in the last sentence of paragraph 18, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiffs and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that plaintiff Dolores Ramirez purports to bring a claim for loss of consortium but deny any liability as to that claim.  The Wilbur-Ellis Defendants deny the remaining allegations in the last sentence of paragraph 18.

19.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 19 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 19 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 19.  In response to the allegations in the last sentence of paragraph 19, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiffs and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that plaintiff Linda Root purports to bring a claim for loss of consortium but deny any liability as to that claim.  The Wilbur-Ellis Defendants deny the remaining allegations in the last sentence of paragraph 19.

20.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 20 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining

allegations in the first sentence of paragraph 20 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 20.  In response to the allegations in the last sentence of paragraph 20, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiffs and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that plaintiff Araceli Ruiz purports to bring a claim for loss of consortium but deny any liability as to that claim.  The Wilbur-Ellis Defendants deny the remaining allegations in the last sentence of paragraph 20.

21.    The allegations regarding venue and jurisdiction in the first sentence of paragraph 21 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 21 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 21.  In response to the allegations in the last sentence of paragraph 21, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiffs and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that plaintiff Debra Donald purports to bring a claim for loss of consortium but deny any liability as to that claim.  The Wilbur-Ellis Defendants deny the remaining allegations in the last sentence of paragraph 21.

22.    The allegations regarding venue and jurisdiction in the first sentence of paragraph 22 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 22 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 22.

23.    The allegations regarding venue and jurisdiction in the first sentence of paragraph 23 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 23 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 23.

24.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 24 set forth conclusions of law for which no response is required. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 24 and therefore deny those allegations. The Wilbur-Ellis Defendants deny the allegations in the second and third sentences of paragraph 24. In response to the allegations in the last sentence of paragraph 24, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiff and plaintiff's status as successor-in-interest to the Estate of Jeanne Weinberg and therefore deny those allegations. The Wilbur-Ellis Defendants admit that plaintiff Leonard Weinberg purports to bring certain claims in this lawsuit but deny any liability as to those claims.

25.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 25 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 25 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 25.  In response to the allegations in the last sentence of paragraph 25, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiffs and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that plaintiff Debra Woychak purports to bring a claim for loss of consortium but deny any liability as to that claim.  The Wilbur-Ellis Defendants deny the remaining allegations in the last sentence of paragraph 25.

26.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 26 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 26 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 26.

27.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 27 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants

1   lack information or knowledge sufficient to form a belief as to the truth of the remaining

2   allegations in the first sentence of paragraph 27 and therefore deny those allegations.  The

3   Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 27.

4         28.     The allegations regarding venue and jurisdiction in the first sentence of paragraph

5   28 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants

6   lack information or knowledge sufficient to form a belief as to the truth of the remaining

7   allegations in the first sentence of paragraph 28 and therefore deny those allegations.  The

8   Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 28.  In

9   response to the allegations in the last sentence of paragraph 28, the Wilbur-Ellis Defendants lack

10   information or knowledge regarding the marital status of plaintiffs and therefore deny those

11   allegations.  The Wilbur-Ellis Defendants admit that plaintiff Doug DiRuscio purports to bring a

12   claim for loss of consortium but deny any liability as to that claim.  The Wilbur-Ellis Defendants

13   deny the remaining allegations in the last sentence of paragraph 28.

14         29.     The allegations regarding venue and jurisdiction in the first sentence of paragraph

15   29 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants

16   lack information or knowledge sufficient to form a belief as to the truth of the remaining

17   allegations in the first sentence of paragraph 29 and therefore deny those allegations.  The

18   Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 29.

19         30.     The allegations regarding venue and jurisdiction in the first sentence of paragraph

20   30 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants

21   lack information or knowledge sufficient to form a belief as to the truth of the remaining

22   allegations in the first sentence of paragraph 30 and therefore deny those allegations.  The

23   Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 30.

24         31.     The allegations regarding venue and jurisdiction in the first sentence of paragraph

25   31 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants

26   lack information or knowledge sufficient to form a belief as to the truth of the remaining

27   allegations in the first sentence of paragraph 31 and therefore deny those allegations.  The

28

Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 31.  In response to the allegations in the last sentence of paragraph 31, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiffs and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that plaintiff Sue Nienhuis purports to bring a claim for loss of consortium but deny any liability as to that claim.  The Wilbur-Ellis Defendants deny the remaining allegations in the last sentence of paragraph 31.

32.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 32 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 32 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 32.  In response to the allegations in the last sentence of paragraph 32, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiffs and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that plaintiff Cindi Raymond purports to bring a claim for loss of consortium but deny any liability as to that claim.  The Wilbur-Ellis Defendants deny the remaining allegations in the last sentence of paragraph 32.

33.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 33 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 33 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 33.

34.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 34 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 34 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 34.

35.     The allegations regarding venue and jurisdiction in the first sentence of paragraph

1    35 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants

2    lack information or knowledge sufficient to form a belief as to the truth of the remaining

3    allegations in the first sentence of paragraph 35 and therefore deny those allegations.  The

4    Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 35.

5         36.    The allegations regarding venue and jurisdiction in the first sentence of paragraph

6    36 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants

7    lack information or knowledge sufficient to form a belief as to the truth of the remaining

8    allegations in the first sentence of paragraph 36 and therefore deny those allegations.  The

9    Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 36.  In

10   response to the allegations in the last sentence of paragraph 36, the Wilbur-Ellis Defendants lack

11   information or knowledge regarding the marital status of plaintiffs and therefore deny those

12   allegations.  The Wilbur-Ellis Defendants admit that plaintiff Sandra Hyatt purports to bring a

13   claim for loss of consortium but deny any liability as to that claim.  The Wilbur-Ellis Defendants

14   deny the remaining allegations in the last sentence of paragraph 36.

15        37.    The allegations regarding venue and jurisdiction in the first sentence of paragraph

16   37 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants

17   lack information or knowledge sufficient to form a belief as to the truth of the remaining

18   allegations in the first sentence of paragraph 37 and therefore deny those allegations.  The

19   Wilbur-Ellis Defendants deny the allegations in the last sentence of paragraph 37.

20        38.    The Wilbur-Ellis Defendants deny the allegations in paragraph 38.

21        39.    The Wilbur-Ellis Defendants deny the allegations in paragraph 39.

22        40.    The Wilbur-Ellis Defendants deny the allegations in paragraph 40.

23        41.    The Wilbur-Ellis Defendants deny the allegations in paragraph 41.

24        42.    The Wilbur-Ellis Defendants dent the allegations in paragraph 42.

25        43.    The Wilbur-Ellis Defendants deny the allegations in paragraph 43.  All labeling of

26   Roundup®-branded products has been and remains approved by the EPA and in compliance with

27   all federal requirements under FIFRA.

28

44.     The Wilbur-Ellis Defendants deny the allegations in paragraph 44.

45.     The Wilbur-Ellis Defendants deny that Roundup®-branded products have "potential life threatening side-effects."  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore deny those allegations.

46.     The Wilbur-Ellis Defendants deny the allegations in paragraph 46.

47.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 47 and therefore deny those allegations.  The remaining allegations in paragraph 47 set forth conclusions of law for which no response is required.

48.     The allegations in paragraph 48 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

49.     Wilbur-Ellis Company admits that it is a California limited liability company with its headquarters and principal place of business in San Francisco, California.  Wilbur-Ellis Company further admits that it has sold and distributed certain Monsanto glyphosate-based herbicide products in California, but denies that it has sold or distributed Monsanto's residential-lawn-and-garden glyphosate-based-herbicides in California.  Wilbur-Ellis Company notes that it has never been the only seller or distributor of Monsanto glyphosate-based herbicide products in California.

50.     Wilbur-Ellis Feed admits that it is a California limited liability company with its headquarters and principal place of business in San Francisco, California.  In response to the allegations in the second sentence of paragraph 50, the Wilbur-Ellis Defendants deny that Wilbur-Ellis Feed has ever distributed or sold any Monsanto glyphosate-based herbicide products in California (or anywhere else).  In response to the allegations in the last sentence of paragraph 50, the Wilbur-Ellis Defendants: (a) deny that either of the Wilbur-Ellis Defendants distributed any Monsanto residential-lawn-and-garden glyphosate-based-herbicides allegedly used by any plaintiff and/or plaintiff's decedent; (b) lack information or knowledge sufficient to

form a belief as to the truth of any allegations regarding whether Wilbur-Ellis Company distributed any other kinds of Monsanto glyphosate-based-herbicides allegedly used by any plaintiff and/or plaintiff's decedent and therefore deny those allegations; and (c) deny that Wilbur-Ellis Feed distributed any Monsanto glyphosate-based herbicide products allegedly used by any plaintiff and/or plaintiff's decedent.

51.     The allegations in paragraph 51 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore deny those allegations.

52.     The allegations in paragraph 52 set forth conclusions of law for which no response is required.

53.     The allegations in paragraph 53 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to the DOE defendants, not the Wilbur-Ellis Defendants.

54.     The allegations in paragraph 54 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore deny those allegations.

55.     The allegations in the first sentence of paragraph 55 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 55 and therefore denies those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 55.

56.     In response to the allegations in paragraph 56, the Wilbur-Ellis Defendants admit that they are limited liability companies organized and existing under the laws of the State of California, with their headquarters and principal place of business in San Francisco, California. The remaining allegations in paragraph 56 are vague and conclusory and comprise attorney

characterizations and are accordingly denied or set forth conclusions of law for which no response is required.  To the extent that the allegations in paragraph 56 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

57.     The allegations in paragraph 57 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 57 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

58.      The allegations in paragraph 58 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 58 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

59.     The allegations in paragraph 59 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 59 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

60.     The Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs and/or plaintiff's decedent to risk of their alleged cancers and deny that exposure to Roundup®-branded products did or could have caused plaintiffs' and/or plaintiff's decedent's alleged cancers.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 60 and therefore deny those allegations.  The remaining allegations in paragraph 60 set forth conclusions of law for which no response is required.

61.     In response to the allegations in paragraph 61, the Wilbur-Ellis Defendants deny that there is any risk of cancer or other serious illness associated with or linked to exposure to Roundup®-branded products or glyphosate.  The remaining allegations in paragraph 61 set forth

conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.

62.     In response to the allegations in paragraph 62, the Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs and/or plaintiff's decedent to risk of, or caused, their alleged cancers and deny that there is any risk of serious illnesses associated with or linked to exposure to Roundup®-branded products or glyphosate. The remaining allegations in paragraph 62 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore deny those allegations.

63.     In response to the allegations in paragraph 63, the Wilbur-Ellis Defendants deny that they have misrepresented or concealed the alleged "true risks associated with the use of and/or exposure to" Roundup®-branded products and glyphosate or otherwise engaged in fraudulent conduct.  To the extent that the allegations in paragraph 63 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.  The remaining allegations in paragraph 63 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.

64.     The Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs and/or plaintiff's decedent to risk of, or caused, their alleged cancers and deny that there is any risk of serious illnesses associated with or linked to Roundup®-branded products.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, the Wilbur-Ellis Defendants deny that they concealed "the truth regarding the safety of" Roundup®-branded products.  The remaining allegations in paragraph 65 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.  To the extent that a

response is deemed required, the Wilbur-Ellis Defendants deny all of plaintiffs' allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, the Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs and/or plaintiff's decedent to risk of their alleged cancers, deny that there is any risk of serious illness associated with or linked to Roundup®-branded products, and deny the remaining allegations in paragraph 66.

67.     In response to the allegations in paragraph 67, the Wilbur-Ellis Defendants admit that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 67 are vague and ambiguous and the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 67 and therefore deny those allegations.

68.     The Wilbur-Ellis Defendants admit the first sentence of paragraph 68.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 68 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  The Wilbur-Ellis Defendants deny the allegations in the third sentence of paragraph 68 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

69.     In response to the allegations in paragraph 69, the Wilbur-Ellis Defendants admit that farmers have safely used Roundup®-branded products since the 1970s.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 69.

70.     To the extent that the allegations in paragraph 70 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 70.

71.     The allegations in paragraph 71 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto and other entities, not the Wilbur-Ellis Defendants.

72.     The Wilbur-Ellis Defendants admit the allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, the Wilbur-Ellis Defendants admit that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admit that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. The remaining allegations in paragraph 73 set forth conclusions of law for which no response is required.

74.     The allegations in paragraph 74 set forth conclusions of law for which no response is required.

75.     In response to the allegations in paragraph 75, the Wilbur-Ellis Defendants admit that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States, including in California.

76.     In response to the allegations in paragraph 76, the Wilbur-Ellis Defendants admit that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admit that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. The Wilbur-Ellis Defendants state that the term "the product tests" in the final sentence of paragraph 76 is vague and ambiguous, and the Wilbur-Ellis Defendants therefore deny the same. The remaining allegations in paragraph 76 set forth conclusions of law for which no response is required.

77.     The Wilbur-Ellis Defendants deny the allegations in paragraph 77 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. The Wilbur-Ellis Defendants admit that EPA is in the process of conducting regulatory review of various pesticide products, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 77 regarding such pesticide products generally. The remaining allegations in paragraph 77 set forth conclusions of law for which no response is required.

1      78.      In response to the allegations in paragraph 78, the Wilbur-Ellis Defendants admit

2  that EPA has undertaken a regulatory review of glyphosate and that EPA has not released its

3  final findings.  The Wilbur-Ellis Defendants state, however, that: (a) in September 2016, EPA's

4  Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic

5  potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be

6  carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same

7  time, EPA posted an October 2015 final report by its standing Cancer Assessment Review

8  Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as

9  "Not Likely to be Carcinogenic to Humans."[2]  The Wilbur-Ellis Defendants further state that, in

10  December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's

11  carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the

12  descriptor] 'not likely to be carcinogenic to humans'."[3]  The Wilbur-Ellis Defendants lack

13  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

14  in paragraph 78 and therefore deny those allegations.

15      79.      Certain allegations in paragraph 79 do not require a response from the Wilbur-

16  Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

17  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the

18  truth of the remaining allegations in paragraph 79 and therefore deny those allegations

19

20

_____

21  [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/

22  document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic

23  potential.

24  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final

25  Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

26  [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/

27  document?D=EPA-HQ-OPP-2016-0385-0528.

28

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01589-VC

80.     The allegations in paragraph 80 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

81.     The allegations in paragraph 81 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

82.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 82 and therefore deny those allegations.

83.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore deny those allegations.

84.     The allegations in the first sentence of paragraph 84 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 84 and therefore deny those allegations.

85.     The allegations in paragraph 85 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

86.     The allegations in paragraph 86 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

87.     The allegations in paragraph 87 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

88.     To the extent that the allegations in the second, fourth, and fifth sentences of paragraph 88 are directed at the Wilbur-Ellis Defendants, the Wilbur-Ellis Defendants deny those allegations.  To the extent that those allegations and the allegations in the last sentence of paragraph 88 are directed at defendants other than the Wilbur-Ellis Defendants, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 88 and therefore deny those allegations.

89.     The allegations in paragraph 89 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

90.     The allegations in paragraph 90 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

91.     The allegations in paragraph 91 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent a response is deemed required, the Wilbur-Ellis Defendants admit that glyphosate is one of the world's largest herbicides by sales volume, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 91 and accordingly deny those allegations.

92.     The allegations in paragraph 92 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

93.     The allegations in paragraph 93 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

94.     The allegations in paragraph 94 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

95.     The allegations in paragraph 95 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

96.     In response to the allegations in paragraph 96, the Wilbur-Ellis Defendants deny that IARC follows stringent procedures for the evaluation of a chemical agent.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 96, which are not limited as of any specified date, and accordingly deny the same.

97.     In response to the allegations in paragraph 97, the Wilbur-Ellis Defendants admit that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 97.

98.     The Wilbur-Ellis Defendants deny any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 98 and therefore deny those allegations.

99.     The Wilbur-Ellis Defendants deny any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 99 and therefore deny those allegations.

100.    The Wilbur-Ellis Defendants deny the allegations in paragraph 100 to the extent that they suggest that IARC had previously assessed glyphosate.  The Wilbur-Ellis Defendants admit that IARC classified glyphosate as a Group 2A agent in March 2015.

101.    In response to the allegations in paragraph 101, the Wilbur-Ellis Defendants admit that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances.  The Wilbur-Ellis Defendants deny the allegation that all members of the working group are "experts."  The Wilbur-Ellis Defendants deny that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  The Wilbur-Ellis Defendants also deny that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 101.

102.    In response to the allegations in paragraph 102, the Wilbur-Ellis Defendants deny that the IARC working group considered all of the data in the numerous studies that have been

1   conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human

2   populations or that it reliably considered the studies that it purports to have reviewed, which

3   frequently reach conclusions directly contrary to those espoused by the IARC working group.

4   To the extent the allegations purport to characterize statements made in the IARC monograph for

5   glyphosate, the statements in that document stand for themselves, but the Wilbur-Ellis

6   Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the

7   source of said information and accordingly deny the allegations.

8       103.    The allegations in paragraph 103 are vague and conclusory.  To the extent they

9   purport to characterize statements made in the IARC monograph for glyphosate, the statements

10   in that document stand for themselves, but the Wilbur-Ellis Defendants lack information or

11   knowledge sufficient to form a belief as to the accuracy of the source of said information and

12   accordingly deny the allegations.

13       104.    In response to the allegations in paragraph 104, to the extent the allegations

14   purport to characterize statements made in the IARC monograph for glyphosate, the statements

15   in that document stand for themselves, but to the extent that this paragraph means that more than

16   *de minimis* amounts of exposure are present, the allegations in paragraph 106 are denied.

17       105.    In response to the allegations in paragraph 105, the Wilbur-Ellis Defendants admit

18   that the IARC working group identified a number of case control studies of populations with

19   exposures to glyphosate, but the Wilbur-Ellis Defendants deny that any of these studies provide

20   any evidence of a human health concern from such exposures.

21       106.    The Wilbur-Ellis Defendants deny the allegations in paragraph 106.  The IARC

22   working group concluded that there was only limited evidence of carcinogenicity in

23   epidemiologic studies, which, per IARC's guidelines, means that the working group could not

24   rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

25       107.    In response to the allegations in paragraph 107, the Wilbur-Ellis Defendants admit

26   that the working group cited to a study that it concluded provided evidence of chromosomal

27   damage in community residents reported to be exposed to glyphosate, but the Wilbur-Ellis

28

- 21 -

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01589-VC

1    Defendants deny that the study supports such a conclusion or that the authors of the study

2    reached such a conclusion.

3         108.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

4    belief as to the truth of the allegations in paragraph 108 and therefore deny those allegations.

5         109.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

6    belief as to the truth of the allegations in paragraph 109 and therefore deny those allegations.

7         110.    In response to the allegations in paragraph 110, the Wilbur-Ellis Defendants admit

8    that the IARC working group interpreted a selected number of experimental studies as evidence

9    that glyphosate can cause genotoxicity, but the Wilbur-Ellis Defendants deny that the working

10   group reliably considered the full body of scientific data on such alleged genotoxic endpoints and

11   deny that the working group reliably interpreted the studies that it selected for consideration.

12   Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  The

13   Wilbur-Ellis Defendants deny the remaining allegations in paragraph 110.

14        111.    In response to the allegations in the first and second sentences of paragraph 111,

15   the Wilbur-Ellis Defendants admit that certain scientists and certain studies have made these

16   claims, but deny the allegations to the extent they imply that those scientists' views and studies

17   are valid or accurate.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph

18   111.

19        112.    In response to the allegations in the first sentence of paragraph 112, the Wilbur-

20   Ellis Defendants refer to the labels for Roundup®-branded products, which are the best evidence

21   of their contents, and deny any allegation inconsistent with their terms.  The Wilbur-Ellis

22   Defendants deny the remaining allegations in paragraph 112.

23        113.    The Wilbur-Ellis Defendants deny the allegations in the first sentence of

24   paragraph 113.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

25   belief as to the truth of the remaining allegations in paragraph 113 and therefore deny those

26   allegations.

27

28

114.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore deny those allegations.

115.     In response to the allegations in paragraph 115, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

116.     In response to the allegations in paragraph 116, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

117.     In response to the allegations in paragraph 117, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

118.     In response to the allegations in paragraph 118, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

119.     In response to the allegations in paragraph 119, the Wilbur-Ellis Defendants admit that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but deny that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate.  The Wilbur-Ellis Defendants note that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal." *See Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

120.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 120 and therefore deny those allegations.

121.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 121 and therefore deny those allegations.

122.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 122 and therefore deny those allegations.

123.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 123 and therefore deny those allegations.

124.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 124 and therefore deny those allegations.

125.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 125 and therefore deny those allegations.

126.    In response to the allegations in paragraph 126, the Wilbur-Ellis Defendants admit that Wilbur-Ellis Company has distributed certain Monsanto glyphosate-based herbicide products in California, but deny that Wilbur-Ellis Company has distributed Monsanto's residential-lawn-and-garden glyphosate-based-herbicides in California.  The Wilbur-Ellis Defendants deny that Wilbur-Ellis Feed has distributed any Monsanto glyphosate-based herbicide products in California (or anywhere else).

127.    In response to the allegations in the first sentence of paragraph 127, the Wilbur-Ellis Defendants deny that Roundup®-branded herbicides have "carcinogenic properties" or create "grave danger" and state that all labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  In response to the allegations in the second sentence of paragraph 127, the Wilbur-Ellis Defendants: (a) deny that either Wilbur-Ellis Defendant distributed any Monsanto residential-lawn-and-garden glyphosate-based-herbicides allegedly used by any plaintiff and/or plaintiff's decedent; (b) lack information or knowledge sufficient to form a belief as to the truth of any allegations regarding whether Wilbur-Ellis Company distributed any other kinds of Monsanto glyphosate-based-herbicides allegedly used by any plaintiff and/or plaintiff's decedent and therefore deny

those allegations; and (c) deny that Wilbur-Ellis Feed distributed any Monsanto glyphosate-based herbicide products allegedly used by any plaintiff and/or plaintiff's decedent.

128.    The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 127 in response to paragraph 128 of plaintiffs' Complaint.

129.    In response to the allegations in paragraph 129, the Wilbur-Ellis Defendants deny that they violated California law or federal law and state that they complied with all applicable law regarding Roundup®-branded products.  The remaining allegations in paragraph 129 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants deny all such allegations.

130.    The allegations in paragraph 130 set forth conclusions of law for which no response is required.

131.    The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 131.  The second sentence in paragraph 131 sets forth a conclusion of law for which no response is required.

132.    The Wilbur-Ellis Defendants admit the allegations in the first sentence of paragraph 132.  In response to the allegations in the second sentence of paragraph 132, the Wilbur-Ellis Defendants state that the order speaks for itself and thus does not require any further answer.  To the extent that a further response is deemed required, the Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 132.

133.    In response to the allegations in paragraph 133 and each of its subparts, the Wilbur-Ellis Defendants state as follows:  Many of the allegations do not require a response from the Wilbur-Ellis Defendants because the allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.  The Wilbur-Ellis Defendants deny that intended use of and/or exposure to Roundup®-branded products causes cancer or other injuries and state that all labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all

federal requirements under FIFRA.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations concerning what plaintiffs and/or plaintiff's decedent believed or perceived and therefore deny those allegations.  The Wilbur-Ellis Defendants state that the allegation that Roundup® would be required to bear a label informing consumers that the chemical is known as a carcinogen to the State of California is a legal conclusion not requiring a response.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants state that, on February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.  The Wilbur-Ellis Defendants state that the allegations that plaintiffs are properly joined or that plaintiffs' claims are based on transactions, occurrences, or series of transactions or occurrences that give rise to questions of law and fact common to the claims of all plaintiffs are conclusions of law not requiring a response.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in subpart j. of paragraph 133.  To the extent not otherwise addressed above, the Wilbur-Ellis Defendants deny the remaining allegations in paragraph 133, including each of its subparts.

134.    The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 133 in response to paragraph 134 of plaintiffs' Complaint.

135.    In response to the allegations in paragraph 135, the Wilbur-Ellis Defendants admit that plaintiffs purport to bring a claim for strict liability design defect, but deny any liability as to that claim.

136.    In response to the allegations in paragraph 136, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs and/or plaintiff's decedent used Roundup®-branded products and therefore deny that allegation. The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 136.

137.    The Wilbur-Ellis Defendants deny the allegations in paragraph 137.

138.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 138 and therefore deny those allegations.

139.    The Wilbur-Ellis Defendants deny the allegations in paragraph 139.

140.    The Wilbur-Ellis Defendants deny the allegations in paragraph 140.

141.    The Wilbur-Ellis Defendants deny the allegations in paragraph 141.

142.    The Wilbur-Ellis Defendants deny the allegations in paragraph 142 and each of its subparts.

143.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 143 concerning plaintiffs' and/or plaintiff's decedent's claimed use of or exposure to Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 143, including that Roundup® branded products have "dangerous characteristics."

144.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 144 concerning plaintiffs' and/or plaintiff's decedent's claimed use of or exposure to Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 144, including that Roundup®-branded products have "dangerous characteristics."

145.    The Wilbur-Ellis Defendants deny the allegations in paragraph 145.

146.    The Wilbur-Ellis Defendants deny the allegations in paragraph 146.

147.    The Wilbur-Ellis Defendants deny the allegations in paragraph 147.

148.    The Wilbur-Ellis Defendants deny the allegations in paragraph 148.

149.    The Wilbur-Ellis Defendants deny the allegations in paragraph 149.

150.    The Wilbur-Ellis Defendants deny the allegations in paragraph 150.

151.    The Wilbur-Ellis Defendants deny the allegations in paragraph 151.

152.    The Wilbur-Ellis Defendants deny the allegations in paragraph 152.

153.    The Wilbur-Ellis Defendants deny the allegations in paragraph 153.

154.    The Wilbur-Ellis Defendants deny the allegations in paragraph 154.

155.    In response to the allegations in paragraph 155, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint

be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

156.    The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 155 in response to paragraph 156 of plaintiffs' Complaint.

157.    In response to the allegations in paragraph 157, the Wilbur-Ellis Defendants admit that plaintiffs purport to bring a claim for strict liability failure to warn, but deny any liability as to that claim.

158.    The Wilbur-Ellis Defendants deny the allegations in paragraph 158.

159.    In response to the allegations in paragraph 159, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs and/or plaintiff's decedent or other entities identified purchased or used Roundup®-branded products and therefore deny that allegation.  The allegations in paragraph 159 also set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 159.

160.    The allegations in paragraph 160 set forth conclusions of law for which no response is required.

161.    The Wilbur-Ellis Defendants deny the allegations in paragraph 161.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

162.    The Wilbur-Ellis Defendants deny the allegations in paragraph 162.

163.    The Wilbur-Ellis Defendants deny the allegations in paragraph 163.

164.    The Wilbur-Ellis Defendants deny the allegations in paragraph 164.

165.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 165 and therefore deny those allegations.

166.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 166 concerning plaintiffs' and/or plaintiff's

decedent's alleged use of Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 166, including that Roundup®-branded products have "dangerous characteristics."

167.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 167 concerning plaintiffs' and/or plaintiff's decedent's alleged use and exposure to Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 167, including that Roundup®-branded products have "dangerous characteristics."

168.    In response to the allegations in paragraph 168, The Wilbur-Ellis Defendants deny that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses and deny that there are any defects in those products.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 168 and therefore deny those allegations.

169.    The Wilbur-Ellis Defendants deny the allegations in paragraph 169.

170.    The Wilbur-Ellis Defendants deny the allegations in paragraph 170.

171.    The allegations in the second sentence of paragraph 171 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants deny all such allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 171.

172.    The Wilbur-Ellis Defendants deny the allegations in paragraph 172.

173.    The Wilbur-Ellis Defendants deny the allegations in paragraph 173.

174.    The Wilbur-Ellis Defendants deny the allegations in paragraph 174.

175.    The Wilbur-Ellis Defendants deny the allegations in paragraph 175.

176.    The Wilbur-Ellis Defendants deny the allegations in paragraph 176.

177.    The Wilbur-Ellis Defendants deny the allegations in paragraph 177.

178.    The Wilbur-Ellis Defendants deny the allegations in paragraph 178.

179. In response to the allegations in paragraph 179, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

180. The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 179 in response to paragraph 180 of plaintiffs' Complaint.

181. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 181 regarding the specific products allegedly used by plaintiffs and/or plaintiff's decedent or any advertising or marketing allegedly seen or considered by plaintiffs and/or plaintiff's decedent and therefore deny the allegations in paragraph 181.

182. The allegations in paragraph 182 set forth conclusions of law for which no response is required.

183. The allegations in paragraph 183 set forth conclusions of law for which no response is required.

184. The Wilbur-Ellis Defendants deny the allegations in paragraph 184.

185. The Wilbur-Ellis Defendants deny the allegations in paragraph 185.

186. The Wilbur-Ellis Defendants deny the allegations in paragraph 186.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

187. The Wilbur-Ellis Defendants deny the allegations in paragraph 187.

188. The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 188.  The allegations in the second sentence of paragraph 188 comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required.

189. The Wilbur-Ellis Defendants deny the allegations in paragraph 189.

190.    The Wilbur-Ellis Defendants deny the allegations in paragraph 190, including each of its subparts.

191.    The Wilbur-Ellis Defendants deny the allegations in paragraph 191.

192.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 192 regarding plaintiffs' and/or plaintiff's decedent's knowledge and therefore the Wilbur-Ellis Defendants deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 192, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

193.    The Wilbur-Ellis Defendants deny the allegations in paragraph 193.

194.    The Wilbur-Ellis Defendants deny the allegations in paragraph 194.

195.    The Wilbur-Ellis Defendants deny the allegations in paragraph 195.

196.    The Wilbur-Ellis Defendants deny the allegations in paragraph 196.

197.    The Wilbur-Ellis Defendants deny the allegations in paragraph 197.

198.    In response to the allegations in paragraph 198, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

199.– 243.     The allegations in paragraphs 199-243 do not require responses from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants, and these counts of plaintiffs' Complaint are brought only against Monsanto, not the Wilbur-Ellis Defendants.

244.    The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 243 in response to paragraph 244 of plaintiffs' Complaint.

245.    The Wilbur-Ellis Defendants deny the allegations in paragraph 245 that any plaintiff's decedent's death was "wrongful" and deny that any injuries alleged in the Complaint, including the injury and death of any plaintiff's decedent, were caused by Roundup®-branded

products.  The Wilbur-Ellis Defendants admit that plaintiffs purport to bring wrongful death claims but deny any liability on those claims.  The remaining allegations in paragraph 245 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 245 and therefore deny those allegations.

246.   The Wilbur-Ellis Defendants deny the allegations in paragraph 246.

247.   The Wilbur-Ellis Defendants deny the allegations in paragraph 247.

248.   The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 248 and therefore deny those allegations.

249.   The Wilbur-Ellis Defendants deny the allegations in paragraph 249.

250.   In response to the allegations in paragraph 250, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

251.   The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 250 in response to paragraph 251 of plaintiffs' Complaint.

252.   The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 252 and therefore deny those allegations.  The last sentence of paragraph 252 sets forth conclusions of law for which no response is required.

253.   The Wilbur-Ellis Defendants deny the allegations in paragraph 253.

254.   In response to the allegations in paragraph 254, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and

1    reasonable attorney's fees as allowed by law and such further and additional relief as this Court

2    may deem just and proper.

3         255.    The Wilbur-Ellis Defendants incorporate by reference their responses to

4    paragraphs 1 through 254 in response to paragraph 255 of plaintiffs' Complaint.

5         256.    The Wilbur-Ellis Defendants deny the allegations in paragraph 256.

6         257.    The Wilbur-Ellis Defendants deny the allegations in paragraph 257.

7         258.    The Wilbur-Ellis Defendants deny the allegations in paragraph 258.

8         259.    In response to the allegations in paragraph 259, the Wilbur-Ellis Defendants

9    demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint

10   be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and

11   reasonable attorney's fees as allowed by law and such further and additional relief as this Court

12   may deem just and proper.

13        260.    The Wilbur-Ellis Defendants incorporate by references their responses to

14   paragraphs 1 through 259 in response to paragraph 260 of plaintiffs' Complaint.

15        261.    The Wilbur-Ellis Defendants deny the allegations in the first sentence of

16   paragraph 261.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

17   belief as to the truth of the allegations in the last sentence of paragraph 261 and therefore deny

18   those allegations.

19        262.    The Wilbur-Ellis Defendants deny the allegations in paragraph 262.

20        263.    The Wilbur-Ellis Defendants deny the allegations in paragraph 263.

21        264.    The Wilbur-Ellis Defendants deny the allegations in paragraph 264.

22        265.    In response to the allegations in paragraph 265, the Wilbur-Ellis Defendants

23   demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint

24   be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and

25   reasonable attorney's fees as allowed by law and such further and additional relief as this Court

26   may deem just and proper.

27

28

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01589-VC

266.    The allegations in paragraph 266 set forth conclusions of law for which no response is required.

267.    In response to the allegations in paragraph 267, the Wilbur-Ellis Defendants deny that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against the Wilbur-Ellis Defendants upon which relief can be granted.

2.    Venue is or may be inconvenient for some or all of plaintiffs' claims.

3.    Plaintiffs' claims against the Wilbur-Ellis Defendants are improperly joined and should be severed.

4.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5.    Any alleged negligent or culpable conduct of the Wilbur-Ellis Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' and/or plaintiff's decedent's alleged injuries.

6.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.      Any claims based on allegations that the Wilbur-Ellis Defendants misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9.      Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10.     Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because plaintiffs' and/or plaintiff's decedent's injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' and/or plaintiff's decedent's pre-existing medical conditions.

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

14.     Applicable statutes of limitations and/or repose bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

15.     Plaintiffs' and/or plaintiff's decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

16.     If plaintiffs and/or plaintiff's decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which the Wilbur-Ellis Defendants are neither liable nor responsible or, in the alternative, the Wilbur-Ellis Defendants are entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by the Wilbur-Ellis Defendants.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' and/or plaintiff's decedent's alleged injuries or damages.

17.     The Wilbur-Ellis Defendants had no legal relationship or privity with plaintiffs and/or plaintiff's decedent and owed no duty to them by which liability could be attributed to the Wilbur-Ellis Defendants.

18.     Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive, treble, and/or exemplary damages are barred because such an award would violate the Wilbur-Ellis' due process, equal protection and other rights under the United States Constitution, the California Constitution, the Florida Constitution, the Hawaii Constitution, the Washington Constitution, and/or other applicable state constitutions.

20.     Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive, treble, and/or exemplary damages are barred because plaintiffs and/or plaintiff's decedent have failed to allege conduct warranting imposition of such damages under California, Florida, Hawaii, Washington, and/or other applicable state laws.

21.     Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive, treble, and/or exemplary damages are barred and/or limited by operation of state and/or federal law including Washington law and Fla. Stat. § 768.73.  The Wilbur-Ellis Defendants would further show that under the facts of this case, however, an award of punitive damages consistent with the

1    maximum awards permitted under Fla. Stat. § 768.73 would be a violation of the Wilbur-Ellis

2    Defendants' state and federal constitutional rights.

3         22.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in

4    part by plaintiffs' and/or plaintiff's decedent's own contributory/comparative negligence.

5         23.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in

6    part by plaintiffs' and/or plaintiff's decedent's own failure to mitigate damages.

7         24.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in

8    part by the sophisticated user doctrine.

9         25.    To the extent that plaintiffs or plaintiff's decedent recovered payments for their

10   alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery from the

11   Wilbur-Ellis Defendants in this lawsuit, if any, shall be reduced to the extent allowed by

12   applicable law, including as allowed for under Fla. Stat. § 768.76

13        26.    If plaintiffs and/or plaintiff's decedent have been injured or damaged, no injury or

14   damages being admitted, such injuries or damages were not caused by a product of the Wilbur-

15   Ellis Defendants.

16        27.    Plaintiffs' claims against Wilbur-Ellis Feed are barred because Wilbur-Ellis Feed

17   has never designed, manufactured, distributed, or sold Roundup®-branded herbicides (or any

18   other herbicides).

19        28.    Wilbur-Ellis Feed did not come into existence as a company until September

20   2015, so any plaintiff and/or plaintiffs' decedent whose alleged exposure to Roundup®-branded

21   herbicides ended before September 2015 does not have viable claims against Wilbur-Ellis Feed.

22        29.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred or limited to the

23   extent that plaintiffs assert claims that are governed by the laws of a state that does not

24   recognize, or limits, such claims.

25        30.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred to the extent that

26   plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

27

28

31.     Plaintiffs' common law claims against the Wilbur-Ellis Defendants are barred and/or preempted, in whole or in part, by application of Wash. Rev. Code §§ 7.72.010-.060.

32.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

33.     In accordance with Fla. Stat. § 768.1257, plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

34.     The Wilbur-Ellis Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

**WHEREFORE**, the Wilbur-Ellis Defendants demand judgment in their favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

The Wilbur-Ellis Defendants demand a jury trial on all issues so triable.

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01589-VC

1    DATED:  April 3, 2019                         Respectfully submitted,

2
                                                   /s/ Joe G. Hollingsworth
3                                                  Joe G. Hollingsworth (*pro hac vice*)
                                                   (jhollingsworth@hollingsworthllp.com)
4                                                  Eric G. Lasker (*pro hac vice*)
                                                   (elasker@hollingsworthllp.com)
5                                                  HOLLINGSWORTH LLP
                                                   1350 I Street, N.W.
6                                                  Washington, DC  20005
                                                   Telephone:  (202) 898-5800
7                                                  Facsimile:   (202) 682-1639

8                                                  Attorneys for Defendants WILBUR-ELLIS
                                                   COMPANY LLC and WILBUR-ELLIS FEED,
9                                                  LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01589-VC