Kirk J. Goza
Goza & Honnold, LLC
9500 Nall Ave. Suite 400
Overland Park, KS 66207
Telephone: (913) 451-3433
*Attorney for Plaintiff Allan Mehrens*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC |
| This document relates to : <br><br> Allan Mehrens, Cause No. 3:17-cv-01151-CCV (N.D. Cal.) | |

**PLAINTIFF'S SURRESPONSE IN OPPOSITION TO DEFENDANT'S THIRD AMENDED MOTION TO DISMISS WITH PREJUDICE**

Plaintiff, by and through his counsel in the above-captioned matter, and in opposition to Defendant Monsanto's Third Amended Motion to Dismiss with Prejudice, respectfully requests the court deny the motion and instead dismiss the above-captioned case <u>without</u> prejudice. In response to Defendant Monsanto's Reply to Plaintiff's Response in Opposition to Monsanto's Third Motion to Dismiss, Plaintiff states the following:

Plaintiff hereby incorporates the discussion from Plaintiff's Response In Opposition To Defendant's Third Amended Motion to Dismiss with Prejudice.

### I.    **Plaintiff has filed the PFS making this Motion Moot**

On March 18, 2019, Counsel for Monsanto granted Plaintiff a 30 day extension to provide the PFS in the present case. See Exhibit C to Monsanto's Reply to Plaintiff's Response in Opposition to Monsanto's Third Motion to Dismiss With Prejudice For Failure to Submit a Plaintiff Fact Sheet. On April 5, 2019, within that 30 day extension, Plaintiff filed his PFS. Thus, per the extension granted by Monsanto, Plaintiff has filed the requisite plaintiff's fact sheet making Defendant's motion to dismiss moot.

## II.     Defendant's Allegations Do Not Meet The Standard For Dismissal With Prejudice

Defendant's unsupported allegations in no way refute that any delay was the result of mistake and does not justify dismissal with prejudice. Plaintiff's failure to adhere to any court procedures, cured now by filing a PFS, was the result of *mistake*. In its reply, Defendant Monsanto does not cite any law discussing mistake or factors supporting dismissals with prejudice. Defendant Monsanto does not discuss the factors courts look to in deciding whether to dismiss a claim with prejudice. See *Malautea v. Suzuki Motor Co., Ltd*., 987 F.2d 1536, 1542 (11th Cir. 1993); *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980); *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986); *Berry v. CIGNA/RIS-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Defendant Monsanto does not even try to assert that Plaintiff's failure to submit a PFS was contumacious conduct, intentional conduct, or resulted in any actual prejudice to Defendant Monsanto.

Defendant Monsanto asserts that Plaintiff's claim should be dismissed with prejudice because it has caused "delay" and "additional work." However, Defendant Monsanto made no attempt to identify what aspect of the case has been delayed, and it appears the only additional work created

is the result of Defendant Monsanto's reply. Defendant Monsanto does not assert that less drastic sanctions would fail in ensuring Plaintiff's compliance with Court orders.

### III.   Conclusion

The extreme remedy of dismissal with prejudice is only utilized as a last resort to ensure compliance with court orders. "Additional work" and "delay" are not sufficient reasons to exercise the extraordinary power of a dismissal with prejudice. Plaintiff has complied with the court order by filing a PFS within the 30 day extension granted by Defendant Monsanto on March 18, there is no basis at all for dismissal with prejudice. Further, any alleged delay was the result of mistake and Defendant Monsanto has not even attempted to assert otherwise. Rather than deny Defendant's Third Amended Motion to Dismiss with Prejudice only for Plaintiff to file its own motion to dismiss without prejudice, Plaintiff respectfully requests that the Court enter an order dismissing Plaintiff's cause of action without prejudice.

Respectfully submitted:

/s/ Kirk J. Goza
Kirk J. Goza
GOZA & HONNOLD, LLC
9500 Nall Ave. Suite 400
Overland Park, KS 66207
Telephone: 913.451.3433
*Attorney for Plaintiff Allen Mehrens*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2019, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification to of such filing to all registered attorneys of record.

/s/ Kirk J. Goza
Kirk J. Goza

00564378-1
713925 v1