**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendants*
*WILBUR-ELLIS COMPANY LLC*
*and WILBUR-ELLIS FEED, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |

This document relates to:

*Gary P. Archambault, et al.,*
*v. Monsanto Co., et al.,*
Case No. 3:19-cv-01717-VC

## ANSWER TO PLAINTIFFS' COMPLAINT BY DEFENDANTS WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Wilbur-Ellis Company LLC ("Wilbur-Ellis Company") and Wilbur-Ellis Feed, LLC, now known as Wilbur-Ellis Nutrition, LLC ("Wilbur-Ellis Feed") (collectively, the "Wilbur-Ellis Defendants"), by and through their counsel, respectfully respond by generally denying all allegations contained in plaintiffs' Complaint, except as set forth below.  Silence as to any allegations shall constitute a denial.

1.    The allegations in the first sentence of paragraph 1 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to defendant Monsanto Company ("Monsanto"), not the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants admit the allegations in the second sentence of paragraph 1.  The Wilbur-Ellis Defendants also admit that

glyphosate was one of the world's most widely used herbicides in 2013, but note that Monsanto was and is not the only manufacturer of glyphosate-based herbicides. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 1 and therefore deny those allegations.

2.      In response to the allegations in paragraph 2, the Wilbur-Ellis Defendants admit that the stated advantage of the use of crops with the Roundup Ready® trait is to substantially improve a farmer's ability to control weeds. The remaining allegations in paragraph 2 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants. To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and therefore deny those allegations.

3.      The allegations in the first sentence of paragraph 3 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants. To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 3 and therefore deny those allegations. The Wilbur-Ellis Defendants admit that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media. The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 3.

4.      The Wilbur-Ellis Defendants admit the allegations in the first sentence of paragraph 4. The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 4 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

5.      The Wilbur-Ellis Defendants admit the allegations in the first sentence of paragraph 5.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 5.

6.      In response to the allegations in paragraph 6, The Wilbur-Ellis Defendants admit that the IARC working group classified glyphosate under Group 2A.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 6.

7.      The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 7.  The remaining allegations in paragraph 7 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants admit that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world.  The Wilbur-Ellis Defendants also admit that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.

8.      The Wilbur-Ellis Defendants deny the allegations in paragraph 8.

9.      The allegations in paragraph 9 set forth conclusions of law for which no response is required.

10.      The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.      The allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.      The allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.      The allegations in paragraph 13 set forth conclusions of law for which no response is required.

14.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore deny those allegations.

15.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore deny those allegations.

16.     The Wilbur-Ellis Defendants deny the allegations in paragraph 16.

17.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore deny those allegations.

18.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 18.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore deny those allegations.

19.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore deny those allegations.

20.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore deny those allegations.

21.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore deny those allegations.

22.     The Wilbur-Ellis Defendants deny the allegations in paragraph 22.

23.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore deny those allegations.

24.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 24.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore deny those allegations.

25.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore deny those allegations.

26.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore deny those allegations.

27.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore deny those allegations.

28.     The Wilbur-Ellis Defendants deny the allegations in paragraph 28.

29.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore deny those allegations.

30.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 30.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore deny those allegations.

31.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore deny those allegations.

32.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore deny those allegations.

33.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore deny those allegations.

34.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore deny those allegations.

35.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore deny those allegations.

36.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore deny those allegations.

37.     The Wilbur-Ellis Defendants deny the allegations in paragraph 37.

38.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore deny those allegations.

39.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 39.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore deny those allegations.

40.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore deny those allegations.

41.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore deny those allegations.

42.     The Wilbur-Ellis Defendants deny the allegations in paragraph 42.

43.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore deny those allegations.

44.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 44.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 and therefore deny those allegations.

45.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore deny those allegations.

46.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore deny those allegations.

47.     The Wilbur-Ellis Defendants deny the allegations in paragraph 47.

48.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore deny those allegations.

49.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 49.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 and therefore deny those allegations.

50.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore deny those allegations.

51.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore deny those allegations.

52.     The Wilbur-Ellis Defendants deny the allegations in paragraph 52.

53.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore deny those allegations.

54.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 54.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 and therefore deny those allegations.

55.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore deny those allegations.

56.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore deny those allegations.

57.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore deny those allegations.

58.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore deny those allegations.

59.     The Wilbur-Ellis Defendants deny the allegations in paragraph 59.

60.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore deny those allegations.

61.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 61.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 and therefore deny those allegations.

62.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore deny those allegations.

63.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore deny those allegations.

64.     The Wilbur-Ellis Defendants deny the allegations in paragraph 64.

65.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore deny those allegations.

66.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 66.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 66 and therefore deny those allegations.

67.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore deny those allegations.

68.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore deny those allegations.

69.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore deny those allegations.

70.     The Wilbur-Ellis Defendants deny the allegations in paragraph 70.

71.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 71 and therefore deny those allegations.

72.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 72.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 72 and therefore deny those allegations.

73.     The allegations in paragraph 73 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

74.     Wilbur-Ellis Company admits that it is a California limited liability company with its headquarters and principal place of business in San Francisco, California.  Wilbur-Ellis Company further admits that it has sold and distributed certain Monsanto glyphosate-based herbicide products in California, but denies that it has sold or distributed Monsanto's residential-lawn-and-garden glyphosate-based-herbicides in California.  Wilbur-Ellis Company notes that it has never been the only seller or distributor of Monsanto glyphosate-based herbicide products in California.

75.     Wilbur-Ellis Feed admits that it is a California limited liability company with its headquarters and principal place of business in San Francisco, California.  In response to the allegations in the second sentence of paragraph 75, the Wilbur-Ellis Defendants deny that Wilbur-Ellis Feed has ever distributed or sold any Monsanto glyphosate-based herbicide products in California (or anywhere else).  In response to the allegations in the last sentence of paragraph 75, the Wilbur-Ellis Defendants: (a) deny that either of the Wilbur-Ellis Defendants distributed any Monsanto residential-lawn-and-garden glyphosate-based-herbicides allegedly used by any plaintiff; (b) lack information or knowledge sufficient to form a belief as to the truth of any allegations regarding whether Wilbur-Ellis Company distributed any other kinds of Monsanto glyphosate-based-herbicides allegedly used by any plaintiff and therefore deny those

allegations; and (c) deny that Wilbur-Ellis Feed distributed any Monsanto glyphosate-based herbicide products allegedly used by any plaintiff.

76.     The allegations in paragraph 76 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore deny those allegations.

77.     The allegations in paragraph 77 set forth conclusions of law for which no response is required.

78.     The allegations in paragraph 78 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to the DOE defendants, not the Wilbur-Ellis Defendants.

79.     The allegations in paragraph 79 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 79 and therefore deny those allegations.

80.     The allegations in the first sentence of paragraph 80 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 80 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 80.

81.     In response to the allegations in paragraph 81, the Wilbur-Ellis Defendants admit that they are limited liability companies organized and existing under the laws of the State of California, with their headquarters and principal place of business in San Francisco, California. The remaining allegations in paragraph 81 are vague and conclusory and comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required.  To the extent that the allegations in paragraph 81 relate to defendants other

than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

82.    The allegations in paragraph 82 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 82 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

83.    The allegations in paragraph 83 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 83 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

84.    The allegations in paragraph 84 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 84 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

85.    The Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to risk of their alleged cancers and deny that exposure to Roundup®-branded products did or could have caused plaintiffs' alleged cancers.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 85 and therefore deny those allegations.  The remaining allegations in paragraph 85 set forth conclusions of law for which no response is required.

86.    In response to the allegations in paragraph 86, the Wilbur-Ellis Defendants deny that there is any risk of cancer or other serious illness associated with or linked to exposure to Roundup®-branded products or glyphosate.  The remaining allegations in paragraph 86 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.

87.     In response to the allegations in paragraph 87, the Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to risk of, or caused, their alleged cancers and deny that there is any risk of serious illnesses associated with or linked to exposure to Roundup®-branded products or glyphosate.  The remaining allegations in paragraph 87 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore deny those allegations.

88.     In response to the allegations in paragraph 88, the Wilbur-Ellis Defendants deny that they have misrepresented or concealed the alleged "true risks associated with the use of and/or exposure to" Roundup®-branded products and glyphosate or otherwise engaged in fraudulent conduct.  To the extent that the allegations in paragraph 88 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.  The remaining allegations in paragraph 88 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.

89.     The Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to risk of, or caused, their alleged cancers and deny that there is any risk of serious illnesses associated with or linked to Roundup®-branded products.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 89.

90.     In response to the allegations in paragraph 90, the Wilbur-Ellis Defendants deny that they concealed "the truth regarding the safety of" Roundup®-branded products.  The remaining allegations in paragraph 90 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants deny all of plaintiffs' allegations in paragraph 90.

91.     In response to the allegations in paragraph 91, the Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to risk of their

alleged cancers, deny that there is any risk of serious illness associated with or linked to Roundup®-branded products, and deny the remaining allegations in paragraph 91.

92.     In response to the allegations in paragraph 92, the Wilbur-Ellis Defendants admit that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 92 are vague and ambiguous and the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 92 and therefore deny those allegations.

93.     The Wilbur-Ellis Defendants admit the first sentence of paragraph 93.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 93 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  The Wilbur-Ellis Defendants deny the allegations in the third sentence of paragraph 93 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

94.     In response to the allegations in paragraph 94, the Wilbur-Ellis Defendants admit that farmers have safely used Roundup®-branded products since the 1970s.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 94.

95.     To the extent that the allegations in paragraph 95 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 95.

96.     The allegations in paragraph 96 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto and other entities, not the Wilbur-Ellis Defendants.

97.     The Wilbur-Ellis Defendants admit the allegations in paragraph 97.

98.     In response to the allegations in paragraph 98, the Wilbur-Ellis Defendants admit that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admit that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The

1  remaining allegations in paragraph 98 set forth conclusions of law for which no response is

2  required.

3       99.     The allegations in paragraph 99 set forth conclusions of law for which no

4  response is required.

5       100.    In response to the allegations in the first sentence of paragraph 100, the Wilbur-

6  Ellis Defendants admit that Roundup®-branded products are registered by EPA for manufacture,

7  sale, and distribution in the United States, including in California.  The Wilbur-Ellis Defendants

8  deny the remaining allegations in paragraph 100.

9       101.    In response to the allegations in paragraph 101, the Wilbur-Ellis Defendants admit

10 that EPA requires registrants of herbicides to submit extensive data in support of the human

11 health and environmental safety of their products and further admit that EPA will not register or

12 approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The

13 Wilbur-Ellis Defendants state that the term "the product tests" in the final sentence of paragraph

14 101 is vague and ambiguous, and the Wilbur-Ellis Defendants therefore deny the same.  The

15 remaining allegations in paragraph 101 set forth conclusions of law for which no response is

16 required.

17      102.    The Wilbur-Ellis Defendants deny the allegations in paragraph 102 to the extent

18 they suggest that EPA only evaluates the safety of pesticide products on the date of their initial

19 registration.  The Wilbur-Ellis Defendants admit that EPA is in the process of conducting

20 regulatory review of various pesticide products, but the Wilbur-Ellis Defendants lack

21 information or knowledge sufficient to form a belief as to the truth of the allegations in

22 paragraph 102 regarding such pesticide products generally.  The remaining allegations in

23 paragraph 102 set forth conclusions of law for which no response is required.

24      103.    In response to the allegations in paragraph 103, The Wilbur-Ellis Defendants

25 admit that EPA has undertaken a regulatory review of glyphosate and that EPA has not released

26 its final findings.  The Wilbur-Ellis Defendants state, however, that: (a) in September 2016,

27 EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's

28

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01717-VC

carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  The Wilbur-Ellis Defendants further state that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 103 and therefore deny those allegations.  In response to the last two sentences of paragraph 103, The Wilbur-Ellis Defendants state that the cited report speaks for itself and does not require a response.  To the extent that a response is deemed required, allegations in the last two sentences of paragraph 103 are vague, incomplete, and conclusory and/or comprise attorney characterizations and are accordingly denied.

104.     In response to the allegations in paragraph 104, the Wilbur-Ellis Defendants admit that a Scientific Advisory Panel ("SAP") issued a report and state that the cited document speaks for itself and thus does not require any further response.  To the extent that a response is deemed required, allegations in paragraph 104 are vague, incomplete, and conclusory and/or comprise attorney characterizations and are accordingly denied.

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.epa.gov/sites/production/files/2017-12/documents/revised_glyphosate_issue_paper_evaluation_of_carcinogenic_potential.pdf.

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01717-VC

105.     Certain allegations in paragraph 105 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 105 and therefore deny those allegations

106.     The allegations in paragraph 106 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

107.     The allegations in paragraph 107 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

108.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore deny those allegations.

109.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 109 and therefore deny those allegations.

110.     The allegations in the first sentence of paragraph 110 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 110 and therefore deny those allegations.

111.     The allegations in paragraph 111 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

112.     The allegations in paragraph 112 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

113.     The allegations in paragraph 113 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

114.     To the extent that the allegations in the second, fourth, and fifth sentences of paragraph 114 are directed at the Wilbur-Ellis Defendants, the Wilbur-Ellis Defendants deny those allegations.  To the extent that those allegations and the allegations in the last sentence of paragraph 114 are directed at defendants other than the Wilbur-Ellis Defendants, the Wilbur-

- 16 -

Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 114 and therefore deny those allegations.

115.    The allegations in paragraph 115 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

116.    The allegations in paragraph 116 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

117.    The allegations in paragraph 117 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent a response is deemed required, the Wilbur-Ellis Defendants admit that glyphosate is one of the world's largest herbicides by sales volume, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 117 and accordingly deny those allegations.

118.    The allegations in paragraph 118 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

119.    The allegations in paragraph 119 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

120.    The allegations in paragraph 120 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

121.    The allegations in paragraph 121 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

122.    In response to the allegations in paragraph 122, the Wilbur-Ellis Defendants deny that IARC follows stringent procedures for the evaluation of a chemical agent.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 122, which are not limited as of any specified date, and accordingly deny the same.

123.    In response to the allegations in paragraph 123, the Wilbur-Ellis Defendants admit that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 123.

124.    The Wilbur-Ellis Defendants deny any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 124 and therefore deny those allegations.

125.    The Wilbur-Ellis Defendants deny any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 125 and therefore deny those allegations.

126.    The Wilbur-Ellis Defendants deny the allegations in paragraph 126 to the extent that they suggest that IARC had previously assessed glyphosate.  The Wilbur-Ellis Defendants admit that IARC classified glyphosate as a Group 2A agent in March 2015.

127.    In response to the allegations in paragraph 127, the Wilbur-Ellis Defendants admit that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances.  The Wilbur-Ellis Defendants deny the allegation that all members of the working group are "experts."  The Wilbur-Ellis Defendants deny that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  The Wilbur-Ellis Defendants also deny that the working group considered all information available in the scientific literature and all data from government reports that are

publicly available.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 127.

128.     In response to the allegations in paragraph 128, the Wilbur-Ellis Defendants deny that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group. To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly deny the allegations.

129.     The allegations in paragraph 129 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly deny the allegations.

130.     In response to the allegations in paragraph 130, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 130 are denied.

131.     In response to the allegations in paragraph 131, the Wilbur-Ellis Defendants admit that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but the Wilbur-Ellis Defendants deny that any of these studies provide any evidence of a human health concern from such exposures.

132.     The Wilbur-Ellis Defendants deny the allegations in paragraph 132.  The IARC working group concluded that there was only limited evidence of carcinogenicity in

epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

133.    In response to the allegations in paragraph 133, the Wilbur-Ellis Defendants admit that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but the Wilbur-Ellis Defendants deny that the study supports such a conclusion or that the authors of the study reached such a conclusion.

134.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 134 and therefore deny those allegations.

135.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore deny those allegations.

136.    In response to the allegations in paragraph 136, the Wilbur-Ellis Defendants admit that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but the Wilbur-Ellis Defendants deny that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and deny that the working group reliably interpreted the studies that it selected for consideration. Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 136.

137.    In response to the allegations in the first and second sentences of paragraph 137, the Wilbur-Ellis Defendants admit that certain scientists and certain studies have made these claims, but deny the allegations to the extent they imply that those scientists' views and studies are valid or accurate.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 137.

138.    In response to the allegations in the first sentence of paragraph 138, the Wilbur-Ellis Defendants refer to the labels for Roundup®-branded products, which are the best evidence of their contents, and deny any allegation inconsistent with their terms.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 138.

139.    The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 139.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 139 and therefore deny those allegations.

140.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 140 and therefore deny those allegations.

141.    In response to the allegations in paragraph 141, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

142.    In response to the allegations in paragraph 142, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

143.    In response to the allegations in paragraph 143, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

144.    In response to the allegations in paragraph 144, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

145.    In response to the allegations in paragraph 145, the Wilbur-Ellis Defendants admit that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but deny that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate.  The Wilbur-Ellis Defendants note that a federal district court has characterized

1   this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal." *See*

2   *Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

3        146.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

4   belief as to the truth of the allegations in paragraph 146 and therefore deny those allegations.

5        147.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

6   belief as to the truth of the allegations in paragraph 147 and therefore deny those allegations.

7        148.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

8   belief as to the truth of the allegations in paragraph 148 and therefore deny those allegations.

9        149.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

10  belief as to the truth of the allegations in paragraph 149 and therefore deny those allegations.

11       150.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

12  belief as to the truth of the allegations in paragraph 150 and therefore deny those allegations.

13       151.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

14  belief as to the truth of the allegations in paragraph 151 and therefore deny those allegations.

15       152.    The Wilbur-Ellis Defendants admit that Wilbur-Ellis Company has distributed

16  certain Monsanto glyphosate-based herbicide products in California, but deny that Wilbur-Ellis

17  Company has distributed Monsanto's residential-lawn-and-garden glyphosate-based-herbicides

18  in California.  The Wilbur-Ellis Defendants deny that Wilbur-Ellis Feed has distributed any

19  Monsanto glyphosate-based herbicide products in California (or anywhere else).

20       153.    In response to the allegations in the first sentence of paragraph 153, the Wilbur-

21  Ellis Defendants deny that Roundup®-branded herbicides have "carcinogenic properties" or

22  create "grave danger" and state that all labeling of Roundup®-branded products has been and

23  remains EPA-approved and in compliance with all federal requirements under FIFRA.  In

24  response to the allegations in the second sentence of paragraph 153, the Wilbur-Ellis Defendants:

25  (a) deny that either Wilbur-Ellis Defendant distributed any Monsanto residential-lawn-and-

26  garden glyphosate-based-herbicides allegedly used by any plaintiffs; (b) lack information or

27  knowledge sufficient to form a belief as to the truth of any allegations regarding whether Wilbur-

28

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01717-VC

Ellis Company distributed any other kinds of Monsanto glyphosate-based-herbicides allegedly used by any and therefore deny those allegations; and (c) deny that Wilbur-Ellis Feed distributed any Monsanto glyphosate-based herbicide products allegedly used by any plaintiffs.

154.    The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 153 in response to paragraph 154 of plaintiffs' Complaint.

155.    In response to the allegations in paragraph 155, the Wilbur-Ellis Defendants deny that they violated California law or federal law and state that they complied with all applicable law regarding Roundup®-branded products.  The remaining allegations in paragraph 155 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants deny all such allegations.

156.    The allegations in paragraph 156 set forth conclusions of law for which no response is required.

157.    The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 157.  The second sentence in paragraph 157 sets forth a conclusion of law for which no response is required.

158.    The Wilbur-Ellis Defendants admit the allegations in the first sentence of paragraph 158.  In response to the allegations in the second sentence of paragraph 158, the Wilbur-Ellis Defendants state that the order speaks for itself and thus does not require any further answer.  To the extent that a further response is deemed required, the Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 158.

159.    In response to the allegations in paragraph 159 and each of its subparts, the Wilbur-Ellis Defendants state as follows:  Many of the allegations do not require a response from the Wilbur-Ellis Defendants because the allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.  The Wilbur-Ellis Defendants deny that intended use of and/or exposure to Roundup®-branded products causes cancer or other injuries and state that all labeling

1   of Roundup®-branded products has been and remains EPA-approved and in compliance with all

2   federal requirements under FIFRA.  The Wilbur-Ellis Defendants lack information or knowledge

3   sufficient to form a belief as to the truth of the allegations concerning what plaintiffs believed or

4   perceived and therefore deny those allegations.  The Wilbur-Ellis Defendants state that the

5   allegation that Roundup® would be required to bear a label informing consumers that the

6   chemical is known as a carcinogen to the State of California is a legal conclusion not requiring a

7   response.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants state

8   that, on February 26, 2018, a federal district court enjoined California from requiring Proposition

9   65 warning labels for glyphosate as unconstitutional.  The Wilbur-Ellis Defendants state that the

10  allegations that plaintiffs are properly joined or that plaintiffs' claims are based on transactions,

11  occurrences, or series of transactions or occurrences that give rise to questions of law and fact

12  common to the claims of all plaintiffs are conclusions of law not requiring a response.  To the

13  extent that a response is deemed required, the Wilbur-Ellis Defendants deny those allegations.

14  The Wilbur-Ellis Defendants deny the allegations in subpart j. of paragraph 159.  To the extent

15  not otherwise addressed above, the Wilbur-Ellis Defendants deny the remaining allegations in

16  paragraph 159, including each of its subparts.

17          160.    The Wilbur-Ellis Defendants incorporate by reference their responses to

18  paragraphs 1 through 159 in response to paragraph 160 of plaintiffs' Complaint.

19          161.    In response to the allegations in paragraph 161, the Wilbur-Ellis Defendants admit

20  that plaintiffs purport to bring a claim for strict liability design defect, but deny any liability as to

21  that claim.

22          162.    In response to the allegations in paragraph 162, the Wilbur-Ellis Defendants lack

23  information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs

24  used Roundup®-branded products and therefore deny that allegation.  The Wilbur-Ellis

25  Defendants deny the remaining allegations in paragraph 162.

26          163.    The Wilbur-Ellis Defendants deny the allegations in paragraph 163.

27

28

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-01717-VC

164.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 164 and therefore deny those allegations.

165.    The Wilbur-Ellis Defendants deny the allegations in paragraph 165.

166.    The Wilbur-Ellis Defendants deny the allegations in paragraph 166.

167.    The Wilbur-Ellis Defendants deny the allegations in paragraph 167.

168.    The Wilbur-Ellis Defendants deny the allegations in paragraph 168 and each of its subparts.

169.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 169 concerning plaintiffs' claimed use of or exposure to Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 169, including that Roundup® branded products have "dangerous characteristics."

170.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 170 concerning plaintiffs' claimed use of or exposure to Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 170, including that Roundup®-branded products have "dangerous characteristics."

171.    The Wilbur-Ellis Defendants deny the allegations in paragraph 171.

172.    The Wilbur-Ellis Defendants deny the allegations in paragraph 172.

173.    The Wilbur-Ellis Defendants deny the allegations in paragraph 173.

174.    The Wilbur-Ellis Defendants deny the allegations in paragraph 174.

175.    The Wilbur-Ellis Defendants deny the allegations in paragraph 175.

176.    The Wilbur-Ellis Defendants deny the allegations in paragraph 176.

177.    The Wilbur-Ellis Defendants deny the allegations in paragraph 177.

178.    The Wilbur-Ellis Defendants deny the allegations in paragraph 178.

179.    The Wilbur-Ellis Defendants deny the allegations in paragraph 179.

180.    The Wilbur-Ellis Defendants deny the allegations in paragraph 180.

181.     In response to the allegations in paragraph 181, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

182.     The Wilbur-Ellis Defendants incorporate by reference its responses to paragraphs 1 through 181 in response to paragraph 182 of plaintiffs' Complaint.

183.     In response to the allegations in paragraph 183, the Wilbur-Ellis Defendants admit that plaintiffs purport to bring a claim for strict liability failure to warn, but deny any liability as to that claim.

184.     The Wilbur-Ellis Defendants deny the allegations in paragraph 184.

185.     In response to the allegations in paragraph 185, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs or other entities identified purchased or used Roundup®-branded products and therefore deny that allegation.  The allegations in paragraph 185 also set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 185.

186.     The allegations in paragraph 186 set forth conclusions of law for which no response is required.

187.     The Wilbur-Ellis Defendants deny the allegations in paragraph 187.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

188.     The Wilbur-Ellis Defendants deny the allegations in paragraph 188.

189.     The Wilbur-Ellis Defendants deny the allegations in paragraph 189.

190.     The Wilbur-Ellis Defendants deny the allegations in paragraph 190.

191.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191 and therefore deny those allegations.

192.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 192 concerning plaintiffs' alleged use of Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 192, including that Roundup®-branded products have "dangerous characteristics."

193.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 193 concerning plaintiffs' alleged use and exposure to Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 193, including that Roundup®-branded products have "dangerous characteristics."

194.     In response to the allegations in paragraph 194, The The Wilbur-Ellis Defendants deny that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses and deny that there are any defects in those products.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 194 and therefore deny those allegations.

195.     The Wilbur-Ellis Defendants deny the allegations in paragraph 195.

196.     The Wilbur-Ellis Defendants deny the allegations in paragraph 196.

197.     The allegations in the second sentence of paragraph 197 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, The Wilbur-Ellis Defendants deny all such allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 197.

198.     The Wilbur-Ellis Defendants deny the allegations in paragraph 198.

199.     The Wilbur-Ellis Defendants deny the allegations in paragraph 199.

200.     The Wilbur-Ellis Defendants deny the allegations in paragraph 200.

201.     The Wilbur-Ellis Defendants deny the allegations in paragraph 201.

202.     The Wilbur-Ellis Defendants deny the allegations in paragraph 202.

203.     The Wilbur-Ellis Defendants deny the allegations in paragraph 203.

204.     The Wilbur-Ellis Defendants deny the allegations in paragraph 204.

205.     In response to the allegations in paragraph 205, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

206.     The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 205 in response to paragraph 206 of plaintiffs' Complaint.

207.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 207 regarding the specific products allegedly used by plaintiffs or any advertising or marketing allegedly seen or considered by plaintiffs and therefore deny the allegations in paragraph 207.

208.     The allegations in paragraph 208 set forth conclusions of law for which no response is required.

209.     The allegations in paragraph 209 set forth conclusions of law for which no response is required.

210.     The Wilbur-Ellis Defendants deny the allegations in paragraph 210.

211.     The Wilbur-Ellis Defendants deny the allegations in paragraph 211.

212.     The Wilbur-Ellis Defendants deny the allegations in paragraph 212.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

213.     The Wilbur-Ellis Defendants deny the allegations in paragraph 213.

214.     The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 214.  The allegations in the second sentence of paragraph 214 comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required.

215.     The Wilbur-Ellis Defendants deny the allegations in paragraph 215.

216.   The Wilbur-Ellis Defendants deny the allegations in paragraph 216, including each of its subparts.

217.   The Wilbur-Ellis Defendants deny the allegations in paragraph 217.

218.   The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 218 regarding plaintiffs' knowledge and therefore the Wilbur-Ellis Defendants deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 218, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

219.   The Wilbur-Ellis Defendants deny the allegations in paragraph 219.

220.   The Wilbur-Ellis Defendants deny the allegations in paragraph 220.

221.   The Wilbur-Ellis Defendants deny the allegations in paragraph 221.

222.   The Wilbur-Ellis Defendants deny the allegations in paragraph 222.

223.   The Wilbur-Ellis Defendants deny the allegations in paragraph 223.

224.   In response to the allegations in paragraph 224, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that The Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

225. – 269.   The allegations in paragraphs 225-269 do not require responses from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants, and these counts of plaintiffs' Complaint are brought only against Monsanto, not the Wilbur-Ellis Defendants.

270.   The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 269 in response to paragraph 270 of plaintiffs' Complaint.

271.   The Wilbur-Ellis Defendants deny the allegations in paragraph 271.

272.   The Wilbur-Ellis Defendants deny the allegations in paragraph 272.

273.   The Wilbur-Ellis Defendants deny the allegations in paragraph 273.

274. The allegations in paragraph 274 set forth conclusions of law for which no response is required.

275. In response to the allegations in paragraph 275, the Wilbur-Ellis Defendants deny that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against the Wilbur-Ellis Defendants upon which relief can be granted.

2. Venue is or may be inconvenient for some or all of plaintiffs' claims.

3. Plaintiffs' claims against the Wilbur-Ellis Defendants are improperly joined and should be severed.

4. Plaintiffs' claims against the Wilbur-Ellis Defendants are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5. Any alleged negligent or culpable conduct of the Wilbur-Ellis Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

6. Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7. Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.      Any claims based on allegations that the Wilbur-Ellis Defendants misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9.      Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10.     Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

14.     Applicable statutes of limitations and/or repose bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

15.     Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

16.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which the Wilbur-Ellis

1    Defendants are neither liable nor responsible or, in the alternative, the Wilbur-Ellis Defendants

2    are entitled to an assessment of the relative degree of fault of all such persons and entities; or (b)

3    resulted from diseases and/or causes that are not related or connected with any product sold,

4    distributed, or manufactured by the Wilbur-Ellis Defendants.  Such acts or omissions on the part

5    of others or diseases or causes constitute an independent, intervening and sole proximate cause

6    of plaintiffs' alleged injuries or damages.

7        17.    The Wilbur-Ellis Defendants had no legal relationship or privity with plaintiffs

8    and owed no duty to them by which liability could be attributed to the Wilbur-Ellis Defendants.

9        18.    Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted in whole or

10   part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

11       19.    Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive and/or

12   exemplary damages are barred because such an award would violate the Wilbur-Ellis

13   Defendants' due process, equal protection and other rights under the United States Constitution,

14   the Arizona Constitution, California Constitution, the Florida Constitution, the Nevada

15   Constitution, the Oregon Constitution and/or other applicable state constitutions.

16       20.    Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive and/or

17   exemplary damages are barred because plaintiffs have failed to allege conduct warranting

18   imposition of such damages under Arizona, California, Florida, Nevada, Oregon and/or other

19   applicable state laws.

20       21.    Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive and/or

21   exemplary damages are barred and/or limited by operation of state and/or federal law, including

22   Ariz. Rev. Stat. § 12-689 and Fla. Stat. § 768.73. Monsanto would further show that under the

23   facts of this case, however, an award of punitive damages consistent with the maximum awards

24   permitted under Fla. Stat. § 768.73 would be a violation of Monsanto's state and federal

25   constitutional rights..

26       22.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in

27   part by plaintiffs' own contributory/comparative negligence.

28

23.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in part by plaintiffs' own failure to mitigate damages.

24.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in part by the sophisticated user doctrine.

25.     To the extent that plaintiffs recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery from the Wilbur-Ellis Defendants in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76.

26.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a product of the Wilbur-Ellis Defendants.

27.     Plaintiffs' claims are barred, in whole or part, by application of Fla. Stat. § 768.1256.

28.     Plaintiffs' causes of action are barred, in whole or in part, by plaintiffs' contributory negligence; alternatively, plaintiffs' right to recover, no fault being admitted, is diminished in an amount based upon plaintiffs' individual relative degree of fault.  Or. Rev. Stat. § 31.600.

29.     In accordance with Fla. Stat. § 768.1257, plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

30.     Plaintiffs' claims against Wilbur-Ellis Feed are barred because Wilbur-Ellis Feed has never designed, manufactured, distributed, or sold Roundup®-branded herbicides (or any other herbicides).

31.     Wilbur-Ellis Feed did not come into existence as a company until September 2015, so any plaintiffs whose alleged exposure to Roundup®-branded herbicides ended before September 2015 does not have viable claims against Wilbur-Ellis Feed.

1    32.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred or limited to the

2   extent that plaintiffs assert claims that are governed by the laws of a state that does not

3   recognize, or limits, such claims.

4    33.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred to the extent that

5   plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

6    34.    The Wilbur-Ellis Defendants hereby give notice that they intend to rely upon such

7   other defenses as may become available or apparent during the course of discovery and thus

8   reserve their right to amend this Answer to assert such defenses.

9    **WHEREFORE**, the Wilbur-Ellis Defendants demand judgment in their favor and

10   against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit

11   and such other relief as the Court deems equitable and just.

12   ## JURY TRIAL DEMAND

13   The Wilbur-Ellis Defendants demand a jury trial on all issues so triable.

14   DATED:  April 10, 2019                                Respectfully submitted,

15                                                        /s/ Joe G. Hollingsworth
                                                         Joe G. Hollingsworth (*pro hac vice*)
16                                                        (jhollingsworth@hollingsworthllp.com)
                                                         Eric G. Lasker (*pro hac vice*)
17                                                        (elasker@hollingsworthllp.com)
                                                         HOLLINGSWORTH LLP
18                                                        1350 I Street, N.W.
                                                         Washington, DC  20005
19                                                        Telephone:  (202) 898-5800
                                                         Facsimile:   (202) 682-1639
20
                                                         Attorneys for Defendants WILBUR-ELLIS
21                                                        COMPANY LLC and WILBUR-ELLIS FEED,
                                                         LLC
22

23

24

25

26

27

28