**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
Aimee.wagstaff@andruswagstff.com
7171 W. Alaska Drive
Lakewood, CO  80226
Telephone: 303-376-6360

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| This document relates to: | ) **MDL No. 2741** |
| | ) |
| EDWIN HARDEMAN, an Individual, | ) **Case No. 16-md-02741-VC** |
| | ) |
| Plaintiff, | ) **DECLARATION IN RESPONSE TO** |
| v. | ) **PRETRIAL ORDER NO. 91** |
| | ) |
| MONSANTO COMPANY | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| **Case No. 3:16-cv-000525-VC** | ) |
| | ) |

I, Aimee H. Wagstaff, declare and state as follows:

1.  I am an attorney duly admitted to practice before this Court, California Bar No.
    278480. I am a partner with Andrus Wagstaff, PC and counsel of record for Plaintiff
    Edwin Hardeman ("Plaintiff"). I submit this Declaration in response to Pretrial Order
    No. 91, ECF 2828.

2.  I was lead trial counsel in the *Hardeman v. Monsanto Company* trial, which
    concluded on March 27, 2019 with a verdict in favor of Mr. Hardeman and against
    Monsanto Company for $80,267,634.10. As such, I had the ultimate decision making
    responsibility with respect to trial strategy and the opening statement.

3.  On February 26, 2019, this Court entered PTO 91, which ordered me to pay a
    $500.00 sanction for alleged violations made during opening statements. To be clear,

my conduct during the Phase 1 opening statement in the Hardeman trial was not in bad faith and any alleged violation was not premeditated nor intentional.

- As evidence of my intent, during the pretrial phase of the Hardeman trial, I proposed exchanging PowerPoint presentations by 7:00 p.m. pacific time the night before opening statements, but Monsanto refused and stated it would be "unnecessary in light of the parties' agreement to disclose exhibits to be used in opening statements." (Dkt. 2386, pp. 8-9.) The Court agreed with Monsanto. Had that ruling come out the other way, as I requested, any confusion over what was allowed during opening statement in this type of bifurcated trial would have been cleared up in advance of the first day of trial. The parties did exchange all exhibits to be used during opening statements and met and conferred regarding each side's objections. As a result of that meet and confer, I removed one slide completely before my opening statement began. Likewise, Monsanto's counsel removed two exhibits from its presentation based upon Plaintiff's objection. Even so, during opening statement, Monsanto improperly published a PowerPoint slide to the jury that contained a reference to evidence that the Court specifically excluded pursuant to the Court's Pretrial Order No. 81 granting Plaintiff's Motions in *Limine* Nos. 6, 11, and 12. (*See* Dkt. 2775 at 6-7; Transcript, 2/25/19 at 380:18-23.) The Court sustained my objection and ordered defense counsel to take down the slide. Importantly, Plaintiff's counsel had specifically asked defense counsel about its inclusion of Mr. Hardeman's medical records on the list of exhibits for opening statements and was assured that all redactions had been made. As it turns out, this was not the case and Court-ordered excluded and prejudicial evidence was published to the jury.

4. PTO 91 also ordered me to "identify[] every attorney who participated, even in a minimal way, in the preparation of [my] opening statement. All such attorneys must be identified, even if they have not appeared at trial." The Court further ordered that,

DECLARATION IN RESPONSE TO PRETRIAL ORDER NO. 91

"each of those attorneys [identified] is ordered to show cause why they too should not be sanctioned under the Court's inherent authority for this misconduct. Written responses from these attorneys are due within 21 days of the end of trial." *See* PTO 91.

5.  With respect to the phase 1 opening slides, while suggestions were given to me by members of my team, no one had the authority to edit, delete, or add phase 1 slides without my permission. As such, no member of my team should be sanctioned for what was included in the phase 1 opening slide deck and the responsibility should fall squarely on me. A handful of slides were borrowed from the *Johnson v. Monsanto Company* trial (those slides were created by other people for a different trial) and the decision to include them was mine.

6.  As the Court is aware, opening statements set forth the trial strategy and lays out the order of proof for trial.  Preparation of opening statement is sensitive attorney work product as it provides insight into the most intimate trial strategy. Thus, I assert the attorney work product privilege regarding the preparation of my opening statement and this Declaration should not be construed in any way as a waiver of that privilege; instead, by submitting this Declaration I am complying with this Court's Order.

7.  Here, the Roundup litigation is nationwide in scope and fiercely litigated. Only a handful of Plaintiffs' lawyers are doing the heavy lifting against both Monsanto and Bayer. Currently, there are 5 state court trials set for this calendar year: June 2019 (*Hall*); August 2019 (*Gordon*); September 2019 (*Lamb*); October 2019 (*Cazier*); and October 2019 (*Winston*). Our teams are busy on trial strategy and opening statements for each of those trials. Forcing Plaintiffs' counsel to disclose their trial strategy work product to Monsanto under these circumstances is unfairly prejudicial and unnecessary.

8.  In light of the foregoing, in response to PTO 91, and without waiving my claim of attorney work product, I identify the following attorneys in alphabetical order: Michael Baum, Mark Burton, Kathryn Forgie, Jennifer Moore, Brent Wisner, and

1  David Wool. My compliance herein with PTO 91 is not a waiver of any right to

2  appeal the sanction order.

3  9.  PTO 91 requires the attorneys listed above to file a response by Wednesday, April 17,

4  2019. Given the on-going nature of this litigation, the multiple trial settings, and to

5  preserve the attorney work product trial strategy associated with the information

6  ordered in PTO 91, I respectfully request the Court allowed the attorneys identified

7  above to serve their written response *ex parte* and in camera via e-mail to the Court's

8  chambers. Limiting Monsanto's access to any other attorney response is necessary

9  and appropriate under the circumstances because the attorneys identified above may

10  not be able to adequately explain their role and/or provide the Court documentation

11  without exposing attorney trial work product, thus risking severe prejudice to the

12  thousands of Plaintiffs with Roundup® cases pending before this Court and others. A

13  proposed order is attached hereto as **Exhibit A**.

14  I declare under penalty of perjury that the foregoing is true and correct.

15

16  Dated: April 10, 2019                    Respectfully submitted,

17

18                                           By: /s/ Aimee H. Wagstaff
                                             Aimee H. Wagstaff (SBN 278480)
19                                           Aimee.wagstaff@andruswagstff.com
                                             7171 W. Alaska Drive
20                                           Lakewood, CO  80226
                                             Telephone: 303-376-6360

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 10, 2019, a true and correct copy of **DECLARATION IN RESPONSE TO PRETRIAL ORDER NO. 91** was filed electronically and served on all known parties pursuant to Civil Local Rule 3-12(b), either by ECF, if indicated on the electronic filing receipt, or by email otherwise.

<u>/s/ Aimee Wagstaff</u>