**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   202-898-5800
Facsimile:   202-682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Manuel and Andrea Tsakrios v. Monsanto Co., et al.,* Case No. 3:19-cv-01617-VC | |

<u>**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**</u>

        Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Manuel and Andrea Tsakrios's Complaint and Jury Demand ("the Complaint"), except as set forth below.  Additionally, to the extent plaintiffs' allegations are directed towards both Monsanto and the collective "John Doe" co-defendants, Monsanto only purports to answer plaintiffs' allegations as to Monsanto and not as to the co-defendants.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1      1.      Monsanto admits that plaintiffs purport to bring an action for damages

2  allegedly related to exposure to Roundup®-branded products but denies any liability to

3  plaintiffs.  Monsanto denies the remaining allegations in paragraph 1.

4      2.      Monsanto denies the allegations in paragraph 2.

5      3.      Monsanto denies the allegations in paragraph 3.

6      4.      The allegations in the first sentence of paragraph 4 set forth conclusions of law

7  for which no response is required.  To the extent that a response is deemed required,

8  Monsanto admits the allegations in the first sentence of paragraph 4 based upon the

9  allegations in plaintiffs' complaint.  Monsanto lacks information or knowledge sufficient to

10  form a belief as to the remaining allegations in paragraph 4 and therefore denies those

11  allegations.

12      5.      Monsanto admits the allegations in paragraph 5.

13      6.      The allegations in paragraph 6 set forth conclusions of law for which no

14  response is required.

15      7.      The allegations in the first sentence of paragraph 7 set forth conclusions of law

16  for which no response is required.  In response to the second sentence of paragraph 7,

17  Monsanto admits that it sells Roundup®-branded products in Florida.

18      8.      Monsanto lacks information or knowledge sufficient to form a belief as to the

19  truth of the allegations in the first sentence of paragraph 8 and therefore denies those

20  allegations.  Monsanto denies the remaining allegations in paragraph 8.

21      9.      Monsanto lacks information or knowledge sufficient to form a belief as to the

22  truth of the allegations in the first sentence of paragraph 9 and therefore denies those

23  allegations.  Monsanto denies the remaining allegations in paragraph 9.

24      10.     The allegations in paragraph 10 comprise attorney characterizations and are

25  accordingly denied.  Monsanto states that the Roundup®-branded products identified by

26  plaintiffs have a variety of separate and distinct uses and formulations.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-01617-VC

11.     In response to the allegations in paragraph 11, Monsanto states that it is a foreign corporation registered in the State of Missouri with a principal place of business in St. Louis County, Missouri and admits the remaining allegations in paragraph 11.

12.     The allegations in paragraph 12 are not directed at Monsanto and therefore no answer is required.  To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 12.

13.     The allegations in paragraph 13 comprise attorney characterizations and are accordingly denied.  Monsanto states that it is only answering on behalf of Monsanto and not on behalf of un-named co-defendants.

14.     In response to the allegations in paragraph 14, Monsanto admits that it sells Roundup®-branded products in Florida.

15.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16.     The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     The allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     Monsanto admits the allegations in paragraph 18.

19.     Monsanto admits that it is authorized to do business in Florida.  The remaining allegations of paragraph 19 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20.     The allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto denies the allegations in paragraph 21.

22.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The

1   remaining allegations in paragraph 22 set forth conclusions of law for which no response is

2   required.

3          23.     Monsanto admits that it is an agricultural biotechnology corporation with a

4   principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its

5   affiliated companies have operations and offices in countries around the world.  Monsanto

6   states that the remaining allegations in paragraph 23 are vague and that it accordingly lacks

7   information or knowledge sufficient to form a belief as to the truth of the remaining

8   allegations and therefore denies those allegations.

9          24.     Monsanto admits the allegations in paragraph 24.

10         25.     Monsanto admits the allegations in paragraph 25.

11         26.     In response to the allegations in paragraph 26, Monsanto admits that

12   glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining

13   allegations in paragraph 26 are vague and ambiguous and Monsanto lacks information or

14   knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

15   denies those allegations.

16         27.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

17   The remaining allegations in paragraph 27 comprise attorney characterizations and are

18   accordingly denied.

19         28.     Monsanto admits the allegations in paragraph 28.

20         29.     Monsanto generally admits the allegations in paragraph 29, but denies the

21   allegations in paragraph 29 to the extent that they suggest that glyphosate is present in any

22   plants at anything other than *de minimis* amounts well within regulatory safety levels, as

23   determined by the United States Environmental Protection Agency ("EPA").

24         30.     Monsanto lacks information or knowledge sufficient to form a belief as to the

25   truth of the allegations in paragraph 30 and therefore denies those allegations.

26         31.     Monsanto admits that it is the leading producer of seeds that contain the

27   Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially

28

- 4 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-01617-VC

improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 31 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 31.

32.    Monsanto admits the allegations in paragraph 32.

33.    Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 33.

34.    The allegations in paragraph 34 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 34.

35.    In response to the allegations in paragraph 35, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.    The allegations in paragraph 36 set forth conclusions of law for which no response is required.

37.    Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Florida for sale and distribution.

38.    In response to the allegations in paragraph 38, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. Monsanto states that the term "the product tests" in the final sentence of paragraph 38 is

1  vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in

2  paragraph 38 set forth conclusions of law for which no answer is required.

3      39.     Monsanto denies the allegations in paragraph 39 to the extent that they suggest

4  that EPA only evaluates the safety of pesticide products on the date of their initial registration.

5  Monsanto admits that EPA is in the process of conducting regulatory review of various

6  pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as

7  to the truth of the allegations in paragraph 39 regarding such pesticide products generally and

8  therefore denies those allegations.  The remaining allegations in paragraph 39 set forth

9  conclusions of law for which no response is required.

10      40.     In response to the allegations in paragraph 40, Monsanto admits that EPA has

11  undertaken a regulatory review of glyphosate and further admits that EPA has not released its

12  findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

13  Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

14  concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

15  humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

16  posted an October 2015 final report by its standing Cancer Assessment Review Committee

17  ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not

18  Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December  2017,

19  EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic

20  potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not

21

22  ――――――――――――――

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic*
23  *Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in
24  anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
potential.

25  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide
Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document –*
26  *Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015)
("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-
27  2016-0385-0014.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-01617-VC

likely to be carcinogenic to humans.'"[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 and therefore denies those allegations.

41.     In response to the allegations in paragraph 41, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-01617-VC

1   the extent the subparts purport to quote a document, the document speaks for itself and thus

2   does not require any further answer.  The remaining allegations in paragraph 41 are vague and

3   conclusory and comprise attorney characterizations and are accordingly denied.

4          42.     In response to the allegations in paragraph 42, Monsanto admits it entered into

5   an assurance of discontinuance with the New York Attorney General.  The assurance speaks

6   for itself and thus does not require any further answer.  The remaining allegations in

7   paragraph 42 are vague and conclusory and comprise attorney characterizations and are

8   accordingly denied.

9          43.     Monsanto denies the allegations in paragraph 43.

10         44.     In response to the allegations in paragraph 44, Monsanto admits that the French

11   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable"

12   and that it "left the soil clean," but denies the allegations in paragraph 44 to the extent that

13   they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate

14   can cause cancer.  Monsanto denies the remaining allegations in paragraph 44.

15         45.     Monsanto denies the allegations in paragraph 45.

16         46.     In response to the allegations in paragraph 46, Monsanto states that the cited

17   document speaks for itself and does not require a response.  To the extent that the allegations

18   in paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information

19   or knowledge sufficient to form a belief as to the truth of the remaining allegations in

20   paragraph 46 and therefore denies those allegations.

21         47.     Monsanto admits the allegations in paragraph 47.

22         48.     In response to the allegations in paragraph 48, Monsanto states that the cited

23   document speaks for itself and does not require a response.  To the extent that the allegations

24   in paragraph 48 go beyond a restatement of the cited document, Monsanto lacks information

25   or knowledge sufficient to form a belief as to the truth of the remaining allegations in

26   paragraph 48 and therefore denies those allegations.

27

28

49.     Monsanto states that the term "toxic" as used in paragraph 49 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 49.

50.     Monsanto admits the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004. To the extent that paragraph 52 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 54 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 54.

55.     Monsanto denies the allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

1   58.   Monsanto denies the allegation that the cited studies support the allegation that

2   glyphosate or Roundup®-branded products pose any risk to human health and denies the

3   remaining allegations in paragraph 58.

4   59.   Monsanto denies the allegations in paragraph 59.

5   60.   Monsanto denies the allegations in paragraph 60.

6   61.   Monsanto denies the allegations in paragraph 61.

7   62.   Monsanto denies the allegations in paragraph 62.

8   63.   Monsanto admits that it has in the past promoted, and continues to promote,

9   Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

10   Monsanto denies the remaining allegations in paragraph 63.

11   64.   Monsanto admits that the International Agency for Research on Cancer

12   ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.

13   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

14   remaining allegations in paragraph 64 and therefore denies those allegations.

15   65.   Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 65 and therefore denies those allegations.  Monsanto

17   denies that glyphosate met the criteria necessary to be eligible for review.

18   66.   Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 66 and therefore denies those allegations.  Monsanto

20   denies that glyphosate met the criteria necessary to be eligible for review.

21   67.   Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

22   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or

23   genotoxic evidence was "cumulative."  The remaining allegations in paragraph 67 are vague

24   and conclusory and comprise attorney characterizations and are accordingly denied.

25   68.   Monsanto admits that the full IARC Monograph regarding glyphosate was

26   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

27   2A carcinogen.  In response to the remaining allegations in paragraph 68, Monsanto states that

28

the document speaks for itself and does not require a response.  To the extent that a response
is deemed required, the remaining allegations in paragraph 68 comprise attorney
characterizations and are accordingly denied.

69.     In response to the allegations in paragraph 69, Monsanto states that the
document speaks for itself and does not require a response.  To the extent that a response is
deemed required, the allegations in paragraph 69 comprise attorney characterizations and are
accordingly denied.

70.     In response to the allegations in paragraph 70, Monsanto states that the
document speaks for itself and does not require a response.  To the extent that a response is
deemed required, the allegations in paragraph 70 comprise attorney characterizations and are
accordingly denied.

71.     Monsanto denies the allegations in paragraph 71.

72.     The allegations in paragraph 72 comprise attorney characterizations and are
accordingly denied.

73.     Monsanto admits the allegations in paragraph 73.

74.     In response to the allegations in paragraph 74, Monsanto states that the cited
document speaks for itself and does not require a response.  To the extent that paragraph 74
characterizes the meaning of the cited study, Monsanto denies the remaining allegations in
paragraph 74.

75.     In response to the allegations in paragraph 75, Monsanto admits that certain
studies have reported that glyphosate and glyphosate-based formulations induced oxidative
stress under artificial experimental conditions.  Monsanto denies that these studies provide
any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress
in humans or animals under real-world exposure conditions.  Monsanto denies the remaining
allegations in paragraph 75.

76.     The allegations in paragraph 76 are vague and ambiguous and are accordingly
denied.

77.     In response to the allegations in paragraph 77, Monsanto states that the cited document speaks for itself and does not require a response.

78.     In response to the allegations in paragraph 78, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 78 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     In response to the allegations in paragraph 80, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 80.

81.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto admits the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto admits the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

1    94.    Monsanto denies the allegations in paragraph 94.

2    95.    Monsanto denies the allegations in paragraph 95.

3    96.    Monsanto denies the allegations in paragraph 96.

4    97.    Monsanto denies the allegations in paragraph 97.

5    98.    Monsanto admits that independent experts and regulatory agencies agree that

6 there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

7 products and admits that it has made statements reflecting this fact.  Monsanto denies the

8 remaining allegations in paragraph 98.

9    99.    In response to the allegations in paragraph 99, Monsanto admits that

10 Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in

11 accordance with the products' EPA-approved labeling.  Monsanto otherwise denies the

12 allegations in paragraph 99.

13    100.    In response to the allegations in paragraph 100, Monsanto admits that it has

14 stated and continues to state that Roundup®-branded products are safe when used as labeled

15 and that they are non-carcinogenic and non-genotoxic.

16    101.    In response to the allegations in paragraph 101, Monsanto admits that a 1986

17 joint report of the World Health Organization and Food and Agriculture Organization of the

18 United Nations is cited in support of the safety of glyphosate and Roundup®-branded

19 products.  Monsanto denies that this report is the "primary" cite in support of the safety of

20 glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be

21 a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 101.

22    102.    Monsanto denies the allegations in paragraph 102.

23    103.    Monsanto denies the allegations in paragraph 103.

24    104.    Monsanto denies the allegations in paragraph 104.

25    105.    Monsanto denies the allegations in paragraph 105.

26    106.    Monsanto denies the allegations in paragraph 106.

27    107.    Monsanto denies the allegations in paragraph 107.

28

108.    Monsanto denies the allegations in paragraph 108.

109.    Monsanto denies the allegations in paragraph 109.

110.    Monsanto admits that plaintiffs purport to bring an action for compensatory damages but denies any liability to plaintiffs.  Monsanto denies the remaining allegations in paragraph 110.

111.    Monsanto denies the allegations in paragraph 111.

112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 113 and therefore denies those allegations.

114.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore denies those allegations.

115.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 115 and therefore denies those allegations.

116.    Monsanto denies the allegations in paragraph 116.

117.    Monsanto incorporates by reference its responses to paragraphs 1 through 116 in response to paragraph 117 of plaintiffs' Complaint.

118.    Monsanto denies the first and second sentences of paragraph 118.  In response to the allegations in the third sentence of paragraph 118, Monsanto states that the cited document speaks for itself and does not require a response.

119.    In response to the allegations in paragraph 119, Monsanto states that the cited document speaks for itself and does not require a response.

120.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies those allegations in paragraph 120. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 120 and therefore denies those allegations.

121.     Monsanto denies the allegations in the first and last sentences of paragraph 121. The remaining allegations in paragraph 121 set forth conclusions of law for which no response is required. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

122.     Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 122 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

123.     Monsanto incorporates by reference its responses to paragraphs 1 through 122 in response to paragraph 123 of plaintiffs' Complaint.

124.     The allegations in paragraph 124 set forth conclusions of law for which no response is required.

125.     Monsanto denies the allegations in paragraph 125.

126.     Monsanto denies the allegations in paragraph 126, including each of its subparts.

127.     Monsanto denies the allegations in paragraph 127.

128.     Monsanto denies the allegations in paragraph 128.

129.     Monsanto denies the allegations in paragraph 129, including each of its subparts.

130.     Monsanto denies the allegations in paragraph 130.

131.     Monsanto denies the allegations in paragraph 131.

132.     Monsanto denies the allegations in paragraph 132.

- 15 -

1    133.    Monsanto denies the allegations in paragraph 133.

2    134.    In response to paragraph 134, Monsanto demands that judgment be entered in

3    its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and

4    that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and

5    such further and additional relief as this Court may deem just and proper.

6    135.    Monsanto incorporates by reference its responses to paragraphs 1 through 134

7    in response to paragraph 135 of plaintiffs' Complaint.

8    136.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 136 and therefore denies those allegations.

10   137.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 137 and therefore denies those allegations.

12   138.    Monsanto denies the allegations in paragraph 138.

13   139.    Monsanto denies the allegations in paragraph 139.

14   140.    Monsanto denies the allegations in paragraph 140.

15   141.    Monsanto denies the allegations in paragraph 141, including each of its

16   subparts.

17   142.    Monsanto denies the allegations in paragraph 142.

18   143.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 143 concerning plaintiff's claimed use of or exposure to

20   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

21   remaining allegations in paragraph 143, including that Roundup®-branded products have

22   "dangerous characteristics."

23   144.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24   truth of the allegations in paragraph 144 and therefore denies those allegations.

25   145.    Monsanto denies the allegations in paragraph 145.

26   146.    The allegations in paragraph 146 set forth conclusions of law for which no

27   response is required.

28

1   147.   Monsanto denies the allegations in paragraph 147.

2   148.   Monsanto denies the allegations in paragraph 148.

3   149.   Monsanto denies the allegations in paragraph 149.

4   150.   Monsanto denies the allegations in paragraph 150.

5   151.   Monsanto denies the allegations in paragraph 151.

6   152.   Monsanto denies the allegations in paragraph 152.

7   153.   Monsanto denies the allegations in paragraph 153.

8   154.   Monsanto denies the allegations in paragraph 154.

9   155.   Monsanto denies the allegations in paragraph 155.

10   156.   Monsanto denies the allegations in paragraph 156.

11   157.   In response to paragraph 157, Monsanto demands that judgment be entered in
12 its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and
13 that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and
14 such further and additional relief as this Court may deem just and proper.

15   158.   Monsanto incorporates by reference its responses to paragraphs 1 through 157
16 in response to paragraph 158 of plaintiffs' Complaint.

17   159.   The allegations in paragraph 159 set forth conclusions of law for which no
18 response is required.

19   160.   Monsanto lacks information or knowledge sufficient to form a belief as to the
20 truth of the allegations in paragraph 160 and therefore denies those allegations.

21   161.   Monsanto denies the allegations in paragraph 161.  All labeling of Roundup®-
22 branded products has been and remains EPA-approved and in compliance with all federal
23 requirements under FIFRA.

24   162.   Monsanto denies the allegations in paragraph 162.

25   163.   Monsanto denies the allegations in paragraph 163.  All labeling of Roundup®-
26 branded products has been and remains EPA-approved and in compliance with all federal
27 requirements under FIFRA.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-01617-VC

164.     Monsanto denies the allegations in paragraph 164.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

165.     Monsanto denies the allegations in paragraph 165.

166.     Monsanto denies the allegations in paragraph 166.

167.     The allegations in paragraph 167 set forth conclusions of law for which no response is required.

168.     Monsanto denies the allegations in paragraph 168.

169.     Monsanto denies the allegations in paragraph 169.

170.     Monsanto denies the allegations in paragraph 170.

171.     Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 171.

172.     The allegations in paragraph 172 set forth conclusions of law for which no response is required.

173.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 173 and therefore denies those allegations.

174.     Monsanto denies the allegations in paragraph 174.

175.     Monsanto denies the allegations in paragraph 175.

176.     Monsanto denies the allegations in paragraph 176.

177.     Monsanto denies the allegations in paragraph 177.

178.     Monsanto denies the allegations in paragraph 178.

179.     In response to paragraph 179, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

180.     Monsanto incorporates by reference its responses to paragraphs 1 through 179 in response to paragraph 180 of plaintiffs' Complaint.

181.     Monsanto denies the allegations in paragraph 181.  Additionally, the allegations in the last sentence in paragraph 181 set forth conclusions of law for which no response is required.

182.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 182 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 182 set forth conclusions of law for which no response is required.

183.     The allegations in paragraph 183 set forth conclusions of law for which no response is required.

184.     Monsanto denies the allegations in paragraph 184.

185.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 185 and therefore denies those allegations.

186.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 186 concerning the condition of any Roundup®-branded product allegedly used by plaintiff and/or plaintiff's employer or about plaintiff's and/or plaintiff's employer's alleged uses of such product and therefore denies the allegations in paragraph 186.

187.     Monsanto denies the allegations in paragraph 187.

188.     Monsanto denies the allegations in paragraph 188.

189.     Monsanto denies the allegations in paragraph 189.

190.     In response to paragraph 190, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

191.     Monsanto incorporates by reference its responses to paragraphs 1 through 190 in response to paragraph 191 of plaintiffs' Complaint.

192.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 192 regarding the marital status of plaintiffs and accordingly denies those allegations.  The remaining allegations in paragraph 192 set forth conclusions of law for which no response is required.

193.     Monsanto denies the allegations in paragraph 193.

194.     Monsanto denies the allegations in paragraph 194.

195.     In response to paragraph 195, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

196.     The allegations in paragraph 196 set forth conclusions of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.     Venue may be inconvenient for plaintiffs' claims.

3.     Plaintiffs' claims against Monsanto are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

5.      Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.      Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.      Plaintiffs' claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

10.     Plaintiffs' claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiffs' claims against Monsanto are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

12.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

13.     Applicable statutes of limitations and/or repose bar plaintiffs' claims against Monsanto in whole or in part.

14.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against Monsanto in whole or in part.

15.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible, or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

16.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

17.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

18.     Plaintiffs' claims against Monsanto are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Florida Constitution, and/or other applicable state constitutions.

20.     Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of punitive and/or exemplary damages under Florida law and/or other applicable state laws.

21.     Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Fla. Stat. § 768.73. Monsanto would further show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under Fla. Stat. § 768.73 would be a violation of Monsanto's state and federal constitutional rights.

22.     Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiff's own contributory/comparative negligence.

23.     Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiff's own failure to mitigate damages.

24.     Plaintiffs' claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

25.     To the extent that plaintiffs recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76.

26.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

27.     Plaintiffs' claims against Monsanto are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

28.     Plaintiffs' claims against Monsanto are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

29.     Plaintiffs' claims against Monsanto are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

30.   In accordance with Fla. Stat. § 768.1257, plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

31.   Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  April 12, 2019                    Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639

*Attorneys for Defendant*
MONSANTO COMPANY