**ARNOLD & PORTER KAYE SCHOLER LLP**
S. Zachary Fayne (CA Bar No. 307288)
(zachary.fayne@arnoldporter.com)
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: 415-471-3100
Fax: 415-471-3400

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice anticipated*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice anticipated*)
(mcalhoun@hollingsworthllp.com)
1350 I St., N.W.
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mimia W. Conyers; Jimmie Fulcher; Kathy K. Lee; Richard Logemann; Richard A. Pena; Jesus Rodriguez Morillo; Chandra Ruano; Lisa M. Vale-Lang; Eugene Weslow; and Sidney Whitehouse, <br><br> Plaintiffs, <br><br> v. <br><br> Monsanto Company, Wilbur-Ellis Company LLC, and Wilbur-Ellis Feed, LLC, <br><br> Defendants. | Case No. 3:19-cv-02001-VC <br><br> **MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint, except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1.     Monsanto admits the allegations in the first and second sentences of paragraph 1. Monsanto also admits that glyphosate was one of the world's most widely used herbicides in 2013, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 1 and therefore denies those allegations.

2.     In response to the allegations in paragraph 2, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. Monsanto admits that it and affiliated companies have operations and offices in countries around the world.  Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 2.  Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 2 and therefore denies those allegations.

3.     In response to the allegations in paragraph 3, Monsanto admits that its glyphosate products are registered in at least 130 countries and approved for use on over 100 different crops. Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels

significantly below regulatory safety limits in various locations and media.  Monsanto denies the remaining allegations in paragraph 3.

4.      Monsanto admits the allegations in the first sentence of paragraph 4.  Monsanto denies the allegations in the second sentence of paragraph 4 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

5.      Monsanto admits the allegations in the first sentence of paragraph 5.  Monsanto denies the allegations in the second sentence of paragraph 5.

6.      In response to the allegations in paragraph 6, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 6.

7.      Monsanto denies the allegations in the first two sentences of paragraph 7.  In response to the remaining allegations in paragraph 7, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that paragraph 7 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

8.      Monsanto denies the allegations in paragraph 8.

9.      The allegations in paragraph 9 set forth conclusions of law for which no response is required.

10.     The allegations in paragraph 10 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-2741-VC & 3:19-cv-02001-VC

11.     The allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.     The allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.     The allegations in paragraph 13 set forth conclusions of law for which no response is required.

14.     For purposes of this answer, Monsanto accepts the allegations regarding Alabama citizenship in paragraph 14. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore denies those allegations.

15.     For purposes of this answer, Monsanto accepts the allegations regarding plaintiff's residential use of one or more glyphosate-based herbicide products in the first sentence of paragraph 15. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies those allegations.

16.     Monsanto denies the allegations in paragraph 16.

17.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

18.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 18. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies those allegations.

19.     For purposes of this answer, Monsanto accepts the allegations regarding California citizenship in paragraph 19. Monsanto lacks information or knowledge sufficient to

form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies those allegations.

20.     For purposes of this answer, Monsanto accepts the allegations regarding plaintiff's residential use of one or more glyphosate-based herbicide products in the first sentence of paragraph 20.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 and therefore denies those allegations.

21.     Monsanto denies the allegations in paragraph 21.

22.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies those allegations.

23.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 23. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore denies those allegations.

24.     For purposes of this answer, Monsanto accepts the allegations regarding California citizenship in paragraph 24.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies those allegations.

25.     For purposes of this answer, Monsanto accepts the allegations regarding plaintiff's residential use of one or more glyphosate-based herbicide products in the first sentence of paragraph 25.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies those allegations.

26.     For purposes of this answer, Monsanto accepts the allegations regarding plaintiff's residential use of one or more glyphosate-based herbicide products in the first sentence of paragraph 26.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies those allegations.

27.     Monsanto denies the allegations in paragraph 27.

28.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

29.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 29. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore denies those allegations.

30.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies those allegations.

31.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies those allegations.

32.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies those allegations.

33.     Monsanto denies the allegations in paragraph 33.

34.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies those allegations.

35.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 35. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore denies those allegations.

36.     For purposes of this answer, Monsanto accepts the allegations regarding California citizenship in paragraph 36.  Monsanto lacks information or knowledge sufficient to

form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies those allegations.

37.     For purposes of this answer, Monsanto accepts the allegations regarding plaintiff's residential use of one or more glyphosate-based herbicide products in the first sentence of paragraph 37.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies those allegations.

38.     For purposes of this answer, Monsanto accepts the allegations regarding plaintiff's residential use of one or more glyphosate-based herbicide products in the first sentence of paragraph 38.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies those allegations.

39.     Monsanto denies the allegations in paragraph 39.

40.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies those allegations.

41.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 41. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 and therefore denies those allegations.

42.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies those allegations.

43.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies those allegations.

44.     Monsanto denies the allegations in paragraph 44.

45.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies those allegations.

46.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 46. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

47.     For purposes of this answer, Monsanto accepts the allegations regarding California citizenship in paragraph 47.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and therefore denies those allegations.

48.     For purposes of this answer, Monsanto accepts the allegations regarding plaintiff's residential use of one or more glyphosate-based herbicide products in the first sentence of paragraph 48.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 and therefore denies those allegations.

49.     For purposes of this answer, Monsanto accepts the allegations regarding plaintiff's residential use of one or more glyphosate-based herbicide products in the first sentence of paragraph 49.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 and therefore denies those allegations.

50.     Monsanto denies the allegations in paragraph 50.

51.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies those allegations.

52.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 52. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 and therefore denies those allegations.

53.     For purposes of this answer, Monsanto accepts the allegations regarding California citizenship in paragraph 53.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 and therefore denies those allegations.

54.     For purposes of this answer, Monsanto accepts the allegations regarding plaintiff's residential use of one or more glyphosate-based herbicide products in the first sentence of paragraph 54.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 and therefore denies those allegations.

55.     Monsanto denies the allegations in paragraph 55.

56.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies those allegations.

57.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 57. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 and therefore denies those allegations.

58.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies those allegations.

59.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore denies those allegations.

60.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore denies those allegations.

61.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore denies those allegations.

62.     Monsanto denies the allegations in paragraph 62.

63.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies those allegations.

64.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 64. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 and therefore denies those allegations.

65.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore denies those allegations.

66.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies those allegations.

67.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies those allegations.

68.     Monsanto denies the allegations in paragraph 68.

69.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies those allegations.

70.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 70. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 70 and therefore denies those allegations.

71.     Monsanto admits that it is a Delaware corporation with its headquarters and principal place of business in St. Louis County, Missouri.  Monsanto further admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures Roundup®-branded products that have glyphosate as the active ingredient, but

notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  The remaining allegations in paragraph 71 set forth conclusions of law for which no response is required.

72.     The allegations in the first sentence of paragraph 72 do not require a response from Monsanto because these allegations relate to defendant Wilbur-Ellis Company LLC, not Monsanto.  In response to the allegations in the second sentence of paragraph 72, Monsanto admits that Wilbur-Ellis Company LLC has sold and distributed certain Monsanto glyphosate-based herbicide products in California, but denies that Wilbur-Ellis Company LLC has sold or distributed Monsanto's residential-lawn-and-garden glyphosate-based-herbicides in California.

73.     The allegations in the first sentence of paragraph 73 do not require a response from Monsanto because these allegations relate to defendant Wilbur-Ellis Feed, LLC, not Monsanto.  Monsanto denies the allegations in the second sentence of paragraph 73.  In response to the allegations in the last sentence of paragraph 73, Monsanto: (a) denies that either Wilbur-Ellis defendant distributed any Monsanto residential-lawn-and-garden glyphosate-based-herbicides allegedly used by any plaintiff; (b) lacks information or knowledge sufficient to form a belief as to the truth of any allegations regarding whether Wilbur-Ellis Company LLC distributed any other kinds of Monsanto glyphosate-based-herbicides allegedly used by any plaintiff and therefore denies those allegations; and (c) denies that Wilbur-Ellis Feed, LLC distributed any Monsanto glyphosate-based herbicide products allegedly used by any plaintiff.

74.     The allegations in paragraph 74 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies those allegations.

75.     The allegations in paragraph 75 set forth conclusions of law for which no response is required.

76.     The allegations in paragraph 76 do not require a response from Monsanto because these allegations relate to the DOE defendants, not Monsanto.

77.     The allegations in paragraph 77 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore denies those allegations.

78.     The allegations in the first sentence of paragraph 78 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 78 and therefore denies those allegations.  Monsanto denies allegations in the second sentence of paragraph 78.

79.     In response to the allegations in paragraph 79, Monsanto admits that it is a Delaware corporation with its headquarters and principal place of business in St. Louis County, Missouri.  The remaining allegations in paragraph 79 are vague and conclusory and comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required.  To the extent that the allegations in paragraph 79 relate to defendants other than Monsanto, these allegations do not require a response from Monsanto.

80.     The allegations in paragraph 80 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 80 relate to defendants other than Monsanto, these allegations do not require a response from Monsanto.

81.      The allegations in paragraph 81 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 81 relate to defendants other than Monsanto, these allegations do not require a response from Monsanto.

82.     The allegations in paragraph 82 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 82 relate to defendants other than Monsanto, these allegations do not require a response from Monsanto.

83.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to risk of their alleged cancers and denies that exposure to Roundup®-branded products did or could have caused plaintiffs' alleged cancers.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 83 and therefore denies those allegations. The remaining allegations in paragraph 83 set forth conclusions of law for which no response is required.

84.     In response to the allegations in paragraph 84, Monsanto denies that there is any risk of cancer or other serious illness associated with or linked to exposure to Roundup®-branded products or glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The remaining allegations in paragraph 84 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.

85.     In response to the allegations in paragraph 85, Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to risk of, or caused, their alleged cancers and denies that there is any risk of serious illnesses associated with or linked to exposure to Roundup®-branded products or glyphosate.  Monsanto further states that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The remaining allegations in paragraph 85 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to risk of, or caused, their alleged cancers and denies that there is any risk of serious illnesses associated with or linked to Roundup®-branded products.  Monsanto denies the

remaining allegations in paragraph 87.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

88.     Monsanto denies the allegations in the first and last sentences of paragraph 90.  The remaining allegations in paragraph 88 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

89.     In response to the allegations in paragraph 89, Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to risk of their alleged cancers, denies that there is any risk of serious illness associated with or linked to Roundup®-branded products, and denies the remaining allegations in paragraph 89.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

90.     In response to the allegations in paragraph 90, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 90 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 90 and therefore denies those allegations.

91.     Monsanto admits the first sentence of paragraph 91.  Monsanto denies the allegations in the second sentence of paragraph 91 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  Monsanto denies the allegations in the third sentence of paragraph 91 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

92.     In response to the allegations in paragraph 92, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto admits the allegations in the first two sentences of paragraph 94 and admits that at all relevant times it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto denies the remaining allegations in paragraph 94.

95.     Monsanto admits the allegations in paragraph 95.

96.     In response to the allegations in paragraph 96, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 96 set forth conclusions of law for which no response is required.

97.     The allegations in paragraph 97 set forth conclusions of law for which no response is required.

98.     In response to the allegations in the first sentence of paragraph 98, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States, including in California.  Monsanto denies the remaining allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 99 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 99 set forth conclusions of law for which no response is required.

100.    Monsanto denies the allegations in paragraph 100 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

1   of the allegations in paragraph 100 regarding such pesticide products generally.  The remaining

2   allegations in paragraph 100 set forth conclusions of law for which no response is required.

3         101.    In response to the allegations in paragraph 101, Monsanto admits that EPA has

4   undertaken a regulatory review of glyphosate and that EPA has not released its final findings.

5   Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs

6   ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that

7   "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses

8   relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October

9   2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which

10   CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic

11   to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed,

12   lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion

13   that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]

14   In response to the last two sentences of paragraph 101, Monsanto states that the cited report

15   speaks for itself and does not require a response.  To the extent that a response is deemed

16   required, allegations in the last two sentences of paragraph 101 are vague, incomplete, and

17   conclusory and/or comprise attorney characterizations and are accordingly denied.

18         102.    In response to the allegations in paragraph 102, Monsanto admits that a Scientific

19   Advisory Panel ("SAP") issued a report and states that the cited document speaks for itself and

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.epa.gov/sites/production/files/2017-12/documents/revised_glyphosate_issue_paper_evaluation_of_carcinogenic_potential.pdf.

1   thus does not require any further response.  To the extent that a response is deemed required,

2   allegations in paragraph 102 are vague, incomplete, and conclusory and/or comprise attorney

3   characterizations and are accordingly denied.

4           103.    In response to the allegations in paragraph 103, Monsanto admits that an EPA

5   review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

6   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

7   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits

8   that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with

9   respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded

10   that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the

11   two EPA OPP reports and the EPA CARC Final Report discussed above, specific findings of

12   safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."   EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." *Glyphosate; Pesticide Tolerances*, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 103.

104.    In response to the allegations in paragraph 104, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 104 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

105.    In response to the allegations in paragraph 105, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

106.     Monsanto denies the allegations in paragraph 106 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 106 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

107.     In response to the allegations in paragraph 107, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

108.     In response to the allegations in paragraph 108, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto further admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 108 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

109.     Monsanto denies the allegations in paragraph 109.

110.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 110 regarding alleged reliance by the

public and EPA and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 110.

111.    In response to the allegations in paragraph 111, Monsanto admits that in March 2015, the Joint Glyphosate Task Force issued a press release, which speaks for itself.  Monsanto denies the remaining allegations in paragraph 111.

112.    Monsanto admits the allegations in the first sentence of paragraph 112.  Monsanto denies the allegations in the second, third, fourth, and fifth sentences of paragraph 112.  In response to the last sentence of paragraph 112, Monsanto admits that it brought a lawsuit in California challenging the notice of intent by the California Office of Environmental Health Hazard Assessment ("OEHHA") to include glyphosate on its Proposition 65 list.  Monsanto denies the remaining allegations in Paragraph 112.  Monsanto states that OEHHA decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the weight or quality of the evidence considered by IARC.  Monsanto further states that this decision was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to pose a cancer hazard to humans."   Monsanto contends that OEHHA's decision that it was required to list glyphosate violates the United States Constitution and the California Constitution.  On February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.

113.    In response to the allegations in paragraph 113, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety.  Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The remaining allegations in paragraph 113 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

114.    In response to the allegations in paragraph 114, Monsanto admits that, following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 114 and accordingly denies those allegations.  The remaining allegations in paragraph 114 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

115.    In response to the allegations in paragraph 115, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 115 and accordingly denies the same.  Monsanto denies the allegations in the last two sentences of paragraph 115.  The remaining allegations in paragraph 115 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

116.    In response to the allegations in paragraph 116, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 116 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

117.    In response to the allegations in paragraph 117, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 117 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

118.    Monsanto denies the allegations in paragraph 118.

119.     In response to the allegations in paragraph 119, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 119.

120.     In response to the allegations in paragraph 120, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 120, which are not limited as of any specified date, and accordingly denies the same.

121.     In response to the allegations in paragraph 121, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.  Monsanto denies the remaining allegations in paragraph 121.

122.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 122 and therefore denies those allegations.

123.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 123 and therefore denies those allegations.

124.     Monsanto denies the allegations in paragraph 124 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

125.     In response to the allegations in paragraph 125, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the

1    monograph was prepared by a "working group" of individuals selected by IARC who met over a

2    one week period in March 2015 to consider glyphosate along with a number of other substances.

3    Monsanto denies the allegation that all members of the working group are "experts."  Monsanto

4    denies that the working group or anyone at IARC conducted a one-year review of the scientific

5    evidence related to glyphosate or that the working group's findings reflected a comprehensive

6    review of the latest available scientific evidence.  Monsanto also denies that the working group

7    considered all information available in the scientific literature and all data from government

8    reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 125.

9         126.    In response to the allegations in paragraph 126, Monsanto denies that the IARC

10   working group considered all of the data in the numerous studies that have been conducted

11   looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

12   that it reliably considered the studies that it purports to have reviewed, which frequently reach

13   conclusions directly contrary to those espoused by the IARC working group.  To the extent the

14   allegations purport to characterize statements made in the IARC monograph for glyphosate, the

15   statements in that document stand for themselves, but Monsanto lacks information or knowledge

16   sufficient to form a belief as to the accuracy of the source of said information and accordingly

17   denies the allegations.

18        127.    The allegations in paragraph 127 are vague and conclusory.  To the extent they

19   purport to characterize statements made in the IARC monograph for glyphosate, the statements

20   in that document stand for themselves, but Monsanto lacks information or knowledge sufficient

21   to form a belief as to the accuracy of the source of said information and accordingly denies the

22   allegations.

23        128.    In response to the allegations in paragraph 128, to the extent the allegations

24   purport to characterize statements made in the IARC monograph for glyphosate, the statements

25   in that document stand for themselves, but to the extent that this paragraph means that more than

26   *de minimis* amounts of exposure are present, the allegations in paragraph 128 are denied.

27

28

129.    In response to the allegations in paragraph 129, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

130.    Monsanto denies the allegations in paragraph 130.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

131.    In response to the allegations in paragraph 131, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

132.    In response to the allegations in paragraph 132, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 132.

133.    In response to the allegations in paragraph 133, Monsanto admits that the IARC working group purported to make these findings but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA is present or persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 133.

134.    In response to the allegations in paragraph 134, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration.  Regulators around the world

repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining allegations in paragraph 134.

135.     In response to the allegations in the first and second sentences of paragraph 135, Monsanto admits that certain scientists and certain studies have made these claims, but denies the allegations to the extent they imply that those scientists' views and studies are valid or accurate.  Monsanto denies the remaining allegations in paragraph 135.

136.     In response to the allegations in the first sentence of paragraph 136, Monsanto refers to the labels for its Roundup®-branded products, which are the best evidence of their contents, and denies any allegation inconsistent with their terms.  Monsanto denies the remaining allegations in paragraph 136.

137.     In response to the allegations in the second sentence of paragraph 137, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 137.

138.     In response to the allegations in paragraph 138, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 138.

139.     In response to the allegations in paragraph 139, Monsanto admits that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

140.     In response to the allegations in paragraph 140, Monsanto admits that the Complaint accurately quotes from the identified document, which should be read in context of

EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

141.     In response to the allegations in paragraph 141, Monsanto admits that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

142.     In response to the allegations in paragraph 142, Monsanto admits that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

143.     In response to the allegations in paragraph 143, Monsanto admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate.  Monsanto notes that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

144.     In response to the allegations in paragraph 144, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 144.

145.     In response to the allegations in paragraph 145, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 145.

146.     Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions.  Monsanto denies the remaining allegations in paragraph 146.

147.     In response to the allegations in paragraph 147, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same. Monsanto denies the remaining allegations in paragraph 147.

148.     In response to the allegations in paragraph 148, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiffs' allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 148.

149.     In response to the allegations in paragraph 149, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto denies the remaining allegations in paragraph 149.

150.     Monsanto admits that Wilbur-Ellis Company LLC has distributed certain Monsanto glyphosate-based herbicide products in California, but denies that Wilbur-Ellis Company LLC has distributed Monsanto's residential-lawn-and-garden glyphosate-based-

herbicides in California.  Monsanto denies that Wilbur-Ellis Feed, LLC has distributed any Monsanto glyphosate-based herbicide products in California (or anywhere else).

151.    In response to the allegations in the first sentence of paragraph 151, Monsanto denies that Roundup®-branded herbicides have "carcinogenic properties" or create "grave danger."  The remaining allegations in the first sentence of paragraph 151 do not require a response from Monsanto because these allegations relate to the Wilbur-Ellis defendants, not Monsanto.  In response to the allegations in the second sentence of paragraph 151, Monsanto: (a) denies that either Wilbur-Ellis defendant distributed any Monsanto residential-lawn-and-garden glyphosate-based-herbicides allegedly used by any plaintiff; (b) lacks information or knowledge sufficient to form a belief as to the truth of any allegations regarding whether Wilbur-Ellis Company LLC distributed any other kinds of Monsanto glyphosate-based-herbicides allegedly used by any plaintiff and therefore denies those allegations; and (c) denies that Wilbur-Ellis Feed, LLC distributed any Monsanto glyphosate-based herbicide products allegedly used by any plaintiff.

152.    Monsanto incorporates by reference its responses to paragraphs 1 through 151 in response to paragraph 152 of plaintiffs' Complaint.

153.    In response to the allegations in paragraph 153, Monsanto denies that it violated California law or federal law and states that it complied with all applicable law regarding Roundup®-branded products.  The remaining allegations in paragraph 153 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies all such allegations.

154.    The allegations in paragraph 154 set forth conclusions of law for which no response is required.

155.    Monsanto denies the allegations in the first sentence of paragraph 155.  The second sentence in paragraph 155 sets forth a conclusion of law for which no response is required.

156.    Monsanto admits the allegations in the first sentence of paragraph 156.  In response to the allegations in the second sentence of paragraph 156, the order speaks for itself and thus does not require any further answer.  To the extent that a further response is deemed required, Monsanto denies the allegations in the second sentence of paragraph 156.

157.    In response to the allegations in paragraph 157 and each of its subparts, Monsanto states as follows:  Monsanto denies that intended use of and/or exposure to Roundup®-branded products causes cancer or other injuries and states that all labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies, and admits that the EPA CARC Final Report concluded that glyphosate is "Not Likely to be Carcinogenic to Humans."  Monsanto further admits that the journal Food and Chemical Toxicology retracted the Seralini study and states that that the retracted publication speaks for itself and thus does not require any further answer.  To the extent that a response is deemed required, Monsanto denies that the retracted Seralini publication provides any scientifically reliable evidence of adverse health effects associated with Roundup®-branded herbicides and Roundup Ready® crops.  Monsanto states that California's Proposition 65, OEHHA's notice regarding its Proposition 65 listing of glyphosate, complaints from two lawsuits that Monsanto has filed in connection with Proposition 65, and any Roundup® labels speak for themselves and thus do not require any further answer.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations concerning what plaintiffs believed or perceived and therefore denies those allegations.  Monsanto states that the allegation that Roundup® would be required to bear a label informing consumers that the chemical is known as a carcinogen to the State of California is a legal conclusion not requiring a response.  To the extent that a response is deemed required, Monsanto states that, on February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning

labels for glyphosate as unconstitutional.  Monsanto states that the allegations that plaintiffs are properly joined or that plaintiffs' claims are based on transactions, occurrences, or series of transactions or occurrences that give rise to questions of law and fact common to the claims of all plaintiffs are conclusions of law not requiring a response.  To the extent a response is deemed required, Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 157, including each of its subparts.

158.    Monsanto incorporates by reference its responses to paragraphs 1 through 157 in response to paragraph 158 of plaintiffs' Complaint.

159.    In response to the allegations in paragraph 159, Monsanto admits that plaintiffs purport to bring a claim for strict liability design defect, but denies any liability as to that claim.

160.    In response to the allegations in paragraph 160, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs used Roundup®-branded products and therefore denies that allegation.  Monsanto denies the remaining allegations in paragraph 160.

161.    Monsanto denies the allegations in paragraph 161.

162.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 162 and therefore denies those allegations.

163.    Monsanto denies the allegations in paragraph 163.

164.    Monsanto denies the allegations in paragraph 164.

165.    Monsanto denies the allegations in paragraph 165.

166.    Monsanto denies the allegations in paragraph 166 and each of its subparts.

167.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 167 concerning plaintiffs' claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 167, including that Roundup®-branded products have "dangerous characteristics."

1     168.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2  truth of the allegations in paragraph 168 concerning plaintiffs' claimed use of or exposure to

3  Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

4  remaining allegations in paragraph 168, including that Roundup®-branded products have

5  "dangerous characteristics."

6     169.    Monsanto denies the allegations in paragraph 169.

7     170.    Monsanto denies the allegations in paragraph 170.

8     171.    Monsanto denies the allegations in paragraph 171.

9     172.    Monsanto denies the allegations in paragraph 172.

10     173.    Monsanto denies the allegations in paragraph 173.

11     174.    Monsanto denies the allegations in paragraph 174.

12     175.    Monsanto denies the allegations in paragraph 175.

13     176.    Monsanto denies the allegations in paragraph 176.

14     177.    Monsanto denies the allegations in paragraph 177.

15     178.    Monsanto denies the allegations in paragraph 178.

16     179.    In response to the allegations in paragraph 179, Monsanto demands that judgment

17  be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with

18  prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

19  by law and such further and additional relief as this Court may deem just and proper.

20     180.    Monsanto incorporates by reference its responses to paragraphs 1 through 179 in

21  response to paragraph 180 of plaintiffs' Complaint.

22     181.    In response to the allegations in paragraph 181, Monsanto admits that plaintiffs

23  purport to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

24     182.    Monsanto denies the allegations in paragraph 182.

25     183.    In response to the allegations in paragraph 183, Monsanto lacks information or

26  knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs or other

27  entities identified purchased or used Roundup®-branded products and therefore denies that

28

allegation.  The allegations in paragraph 183 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 183.

184.    The allegations in paragraph 184 set forth conclusions of law for which no response is required.

185.    Monsanto denies the allegations in paragraph 185.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

186.    Monsanto denies the allegations in paragraph 186.

187.    Monsanto denies the allegations in paragraph 187.

188.    Monsanto denies the allegations in paragraph 188.

189.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 189 and therefore denies those allegations.

190.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 190 concerning plaintiffs' alleged use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 190, including that Roundup®-branded products have "dangerous characteristics."

191.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191 concerning plaintiffs' alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 191, including that Roundup®-branded products have "dangerous characteristics."

192.    In response to the allegations in paragraph 192, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses and denies that there are any defects in those products.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 192 and therefore denies those allegations.  Monsanto states, however, that the

1   scientific studies upon which IARC purported to base its evaluation of glyphosate were all

2   publicly available before March 2015.

3        193.   Monsanto denies the allegations in paragraph 193.

4        194.   Monsanto denies the allegations in paragraph 194.

5        195.   The allegations in the second sentence of paragraph 195 set forth conclusions of

6   law for which no response is required.  To the extent that a response is deemed required,

7   Monsanto denies all such allegations.  Monsanto denies the remaining allegations in paragraph

8   195.

9        196.   Monsanto denies the allegations in paragraph 196.

10       197.   Monsanto denies the allegations in paragraph 197.

11       198.   Monsanto denies the allegations in paragraph 198.

12       199.   Monsanto denies the allegations in paragraph 199.

13       200.   Monsanto denies the allegations in paragraph 200.

14       201.   Monsanto denies the allegations in paragraph 201.

15       202.   Monsanto denies the allegations in paragraph 202.

16       203.   In response to the allegations in paragraph 203, Monsanto demands that judgment

17  be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with

18  prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

19  by law and such further and additional relief as this Court may deem just and proper.

20       204.   Monsanto incorporates by reference its responses to paragraphs 1 through 203 in

21  response to paragraph 204 of plaintiffs' Complaint.

22       205.   Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 205 regarding the specific products allegedly used by

24  plaintiffs or any advertising or marketing allegedly seen or considered by plaintiffs and therefore

25  denies the allegations in paragraph 205.

26       206.   The allegations in paragraph 206 set forth conclusions of law for which no

27  response is required.

28

207.    The allegations in paragraph 207 set forth conclusions of law for which no response is required.

208.    Monsanto denies the allegations in paragraph 208.

209.    Monsanto denies the allegations in paragraph 209.

210.    Monsanto denies the allegations in paragraph 210.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

211.    Monsanto denies the allegations in paragraph 211.

212.    Monsanto denies the allegations in the first sentence of paragraph 212.  The allegations in the second sentence of paragraph 212 comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required.

213.    Monsanto denies the allegations in paragraph 213.

214.    Monsanto denies the allegations in paragraph 214, including each of its subparts.

215.    Monsanto denies the allegations in paragraph 215.

216.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 216 regarding plaintiffs' knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 216, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

217.    Monsanto denies the allegations in paragraph 217.

218.    Monsanto denies the allegations in paragraph 218.

219.    Monsanto denies the allegations in paragraph 219.

220.    Monsanto denies the allegations in paragraph 220.

221.    Monsanto denies the allegations in paragraph 221.

222.    In response to the allegations in paragraph 222, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

223.    Monsanto incorporates by reference its responses to paragraphs 1 through 222 in response to paragraph 223 of plaintiffs' Complaint.

224.    Monsanto denies the allegations in paragraph 224.

225.    Monsanto denies the allegations in paragraph 225.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

226.    Monsanto denies the allegations in paragraph 226.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

227.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 227 regarding plaintiffs' knowledge or reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 227.

228.    Monsanto denies the allegations in paragraph 228.

229.    Monsanto denies the allegations in paragraph 229.

230.    Monsanto denies the allegations in paragraph 230.

231.    Monsanto denies the allegations in paragraph 231.

232.    Monsanto denies the allegations in paragraph 232.

233.    In response to the allegations in paragraph 233, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

234.    Monsanto incorporates by reference its responses to paragraphs 1 through 233 in response to paragraph 234 of plaintiffs' Complaint.

235.    Monsanto denies the allegations in paragraph 235.  Monsanto states that the final sentence of paragraph 235 sets forth conclusions of law for which no response is required.

236.    The allegations in paragraph 236 and its subparts set forth conclusions of law for which no response is required.

237.    The allegations in paragraph 237 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 237 are intended to suggest that Monsanto has failed "to property disclose those risks associated with Roundup®," such allegations are also denied.

238.    In response to the allegations in paragraph 238, Monsanto admits that it has sold glyphosate based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that the allegations in paragraph 238 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 238.

239.    Monsanto denies the allegations in the first and second sentence of paragraph 239. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence of paragraph 239 sets forth conclusions of law for which no response is required.

240.    The allegations in paragraph 240 set forth conclusions of law for which no response is required.

241.    Monsanto denies the allegations in paragraph 241.

242.    Monsanto denies the allegations in paragraph 242 and each of its subparts.

243.    Monsanto states that the allegation in paragraph 243 that Monsanto made an express warranty sets forth a conclusion of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 243 and therefore denies those allegations.

244.    Monsanto denies the allegations in paragraph 244.

245.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 245 regarding plaintiffs' knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 245.

246.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 246 and therefore denies those allegations.

247.    Monsanto denies the allegations in paragraph 247.

1    248.    Monsanto denies the allegations in paragraph 248.

2    249.    Monsanto denies the allegations in paragraph 249.

3    250.    Monsanto denies the allegations in paragraph 250.

4    251.    In response to the allegations in paragraph 251, Monsanto demands that judgment

5    be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with

6    prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

7    by law and such further and additional relief as this Court may deem just and proper.

8    252.    Monsanto incorporates by reference its responses to paragraphs 1 through 251 in

9    response to paragraph 252 of plaintiffs' Complaint.

10   253.    Monsanto denies the allegations in paragraph 253.

11   254.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 254 regarding plaintiffs' alleged use and exposure to

13   Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

14   paragraph 254 set forth conclusions of law for which no response is required.

15   255.    Monsanto denies the allegations in paragraph 255.  All labeling of Roundup®-

16   branded products has been and remains EPA-approved and in compliance with all federal

17   requirements under FIFRA.

18   256.    The allegations in paragraph 256 set forth conclusions of law for which no

19   response is required.

20   257.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 257 and therefore denies those allegations.

22   258.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23   truth of the allegations in paragraph 258 concerning plaintiffs' claimed use of or exposure to

24   Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

25   paragraph 258 set forth conclusions of law for which no response is required.

26   259.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 259 concerning plaintiffs' claimed use of or exposure to

28

Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 259.

260.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 260 concerning the condition of any Roundup®-branded product allegedly used by plaintiffs or about plaintiffs' alleged use of such product and therefore denies the allegations in paragraph 260.

261.    Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 261 concerning plaintiffs' knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 261.

262.    Monsanto denies the allegations in paragraph 262.

263.    Monsanto denies the allegations in paragraph 263.

264.    Monsanto denies the allegations in paragraph 264.

265.    Monsanto denies the allegations in paragraph 265.

266.    Monsanto denies the allegations in paragraph 266.

267.    In response to the allegations in paragraph 267, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

268.    Monsanto incorporates by reference its responses to paragraphs 1 through 267 in response to paragraph 268 of plaintiffs' Complaint.

269.    Monsanto denies the allegations in paragraph 269.

270.    Monsanto denies the allegations in paragraph 270.

271.    Monsanto denies the allegations in paragraph 271.

272.    The allegations in paragraph 272 set forth conclusions of law for which no response is required.

273.     In response to the allegations in paragraph 273, Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

### SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.     Venue is or may be inconvenient for some or all of plaintiffs' claims.

3.     Plaintiffs' claims against Monsanto are improperly joined and should be severed.

4.     Plaintiffs' claims against Monsanto are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

6.     Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.     Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9.     Plaintiffs' claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10.     Plaintiffs' claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.     Plaintiffs' claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.     Plaintiffs' claims against Monsanto are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

14.     Applicable statutes of limitations and/or repose bar plaintiffs' claims against Monsanto in whole or in part.

15.     Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against Monsanto in whole or in part.

16.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

17.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

18.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

19.     Plaintiffs' claims against Monsanto are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

20.     Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Alabama Constitution, the California Constitution, the Colorado Constitution, the Idaho Constitution, and/or other applicable state constitutions.

21.     Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under the laws of Alabama, California, Colorado, Idaho, and/or other applicable state laws.

22.     Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Ala. Code § 6-11-21, Colo. Rev. Stat. § 13-21-102 and Idaho Code § 6-1604.

23.     Plaintiffs' common law claims are barred, in whole or part, by application of Idaho Code Ann. § 6-1401, *et seq.*

24.     Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

25.     Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiffs' own failure to mitigate damages.

26.     Plaintiffs' claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

27.     To the extent that plaintiffs recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery from Monsanto in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

28.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a Monsanto product.

29.     Plaintiffs have failed to allege fraud with sufficient particularity.

30.     Plaintiffs' claims against Monsanto are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

31.     Plaintiffs' claims against Monsanto are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

32.     Pursuant to Colo. Rev. Stat. § 13-21-406, Monsanto cannot be liable for damages that exceed its pro rata share of causal fault, no fault being admitted.

33.     Plaintiffs' strict liability claims are barred in whole or in part, by the Alabama Extended Manufacturer's Liability Doctrine.

34.     Plaintiffs' claims and damages, no injury or damages being admitted, are barred or must be reduced, in whole or part, by Colo. Rev. Stat. § 13-21-403 (state of the art presumption, presumption of non-defectiveness for compliance with government codes, and ten-year presumption) and Colo. Rev. Stat. § 13-21-102.5 (limits on non-economic damages).

35.     If plaintiffs have been injured or damaged, no injury or damages being admitted, plaintiffs' claims for damages are limited by Idaho Code § 6-1603.

36.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

1

## JURY TRIAL DEMAND

2

Monsanto demands a jury trial on all issues so triable.

3

4       DATED:  April 15, 2019                    Respectfully submitted,

5
                                                  /s/ S. Zachary Fayne
6                                                 S. Zachary Fayne (CA Bar No. 307288)
                                                  (zachary.fayne@arnoldporter.com)
7                                                 ARNOLD & PORTER KAYE SCHOLER LLP
                                                  Three Embarcadero Center, 10th Floor
8                                                 San Francisco, CA 94111-4024
                                                  Tel: 415-471-3100
9                                                 Fax: 415-471-3400

10
                                                  Eric G. Lasker (*pro hac vice anticipated*)
11                                                (elasker@hollingsworthllp.com)
                                                  Martin C. Calhoun (*pro hac vice anticipated*)
12                                                (mcalhoun@hollingsworthllp.com)
                                                  HOLLINGSWORTH LLP
13                                                1350 I St., N.W.
                                                  Washington, DC 20005
14                                                Tel: 202-898-5800
                                                  Fax: 202-682-1639
15
                                                  Attorneys for Defendant MONSANTO
16                                                COMPANY

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-2741-VC & 3:19-cv-02001-VC