

2001 M STREET NW
10th Floor
WASHINGTON, DC 20036

WWW.WILKINSONWALSH.COM
—
A LIMITED LIABILITY PARTNERSHIP

April 15, 2019

**VIA ECF**

Hon. Vince Chhabria
San Francisco Courthouse, Courtroom 4
450 Golden Gate Avenue
San Francisco, CA 94102

   Re: *In re Roundup Prods. Liab. Litig.*, **No. 3:16-md-02741-VC (No. 16-cv-00525)**

Dear Judge Chhabria:

  Pursuant to PTO No. 140, Monsanto hereby submits the following objections to Plaintiff's proposed judgment, filed at ECF No. 3272. Monsanto has met and conferred with Plaintiff regarding these objections and Plaintiff does not agree with Monsanto.

  First, Monsanto believes that the phrase "and appealable" should be removed from the final sentence of the proposed judgment. As the Court is aware, Monsanto intends to file motions for post-trial relief, and the time for any appeal would not begin to run until "the entry of the order disposing of the last . . . remaining motion" for such relief. Fed. R. App. P. 4(a)(4)(A). Accordingly, Monsanto believes that it is both confusing and unnecessary to state that the judgment is appealable now.

  Second, Monsanto objects to the judgment being executable 30 days after entry. While Monsanto is entitled to a 30-day stay of execution as a matter of course, *see* Fed. R. Civ. P. 62(a), Monsanto respectfully submits that the Court should enter a discretionary stay of enforcement pending appeal. The Court has the authority to waive or reduce the typical security requirements of Fed. R. Civ. P. 62(b). *See United States v. Moyer*, No. C 07–00510 SBA, 2008 WL 3478063, at *12 (N.D. Cal. Aug. 12, 2008). When determining whether to waive or reduce the bond requirement, courts in the Ninth Circuit typically consider the following factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Id.* (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988)).  There is no reason to doubt that any collection process involving Monsanto would be straightforward and efficient.  And in light of Monsanto's financial position—which Plaintiff highlighted during the second phase of trial—Monsanto's ability to pay the judgment is "plain."  *Id.*  Under these circumstances, a bond would be "a waste of money."  *Id.*  Monsanto therefore submits that the Court should exercise its discretion to grant a stay pending appeal absent the posting of a security.

    Respectfully submitted,

    /s/ Brian L. Stekloff_____

    Brian L. Stekloff (*pro hac vice*)
    (bstekloff@wilkinsonwalsh.com)
    Tamarra Matthews Johnson (*pro hac vice*)
    (tmatthewsjohnson@wilkinsonwalsh.com)
    Rakesh Kilaru (*pro hac vice*)
    (rkilaru@wilkinsonwalsh.com)
    WILKINSON WALSH + ESKOVITZ LLP
    2001 M St. NW, 10th Floor
    Washington, DC 20036
    Tel: 202-847-4030
    Fax: 202-847-4005

Cc: Counsel of Record (via ECF)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of April 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Brian L. Stekloff_____