# EXHIBIT 3

| | |
|---|---|
| Miller Legal LLP<br>Attn: Shafer, Jeremy C<br>543 Encinitas Blvdf.<br>#111<br>Encinitas, CA   92024 | Parker, Milliken, Clark O'Hara &<br>Samuelian, P.C.<br>Attn: Clark, Richard A.<br>555 S. Flower Street, 30th Floor<br>Los Angeles, CA   90071 |

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Woodbury<br>                                    Plaintiff/Petitioner(s)<br>VS.<br>Monsato Company<br>                                    Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG17855094<br><br>Order<br><br>Demurrer to Complaint<br>Sustained |

The Demurrer to Complaint filed for Monsanto Company was set for hearing on 07/19/2017 at 02:30 PM in Department 17 before the Honorable George C. Hernandez, Jr.. The Tentative Ruling was published and was contested.

The matter was argued and submitted, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows:  The Demurrer of defendant Monsanto Company ("Monsanto") To Complaint For Misjoinder Of Plaintiffs ("Demurrer") and the Motion of Monsanto To Transfer The Claims Of Certain Plaintiffs ("Transfer Motion") are ruled on as follows:

BACKGROUND:

Plaintiffs Michael Woodbury, Veronica Thompson, and Thomas Barba ("Plaintiffs") allege that they each contracted non-Hodgkin lymphoma as a result of exposure to the chemical glyphosate, the active ingredient in Roundup herbicide spray and Roundup Ready agricultural crop seeds. Their operative complaint, filed on March 30, 2017 ("Complaint") names Monsanto, the producer of Roundup and Roundup Ready seeds, and Wilbur-Ellis Company, LLC and Wilbur-Ellis Feed, LLC, distributors of those products, as defendants ("Distributor Defendants"). The Complaint includes causes of action for (1) Strict Liability - Design Defect, (2) Strict Liability - Failure to Warn, (3) Negligence, (4) Fraud, and (5) Breach of Implied Warranty, as well as a prayer for punitive damages set forth as a separate "Count 6." The Distributor Defendants answered the Complaint on May 19, 2017.

DEMURRER:

Monsanto now demurs to each cause of action against it in the Complaint on the basis that the claims of the five individual plaintiffs are improper joined (Code of Civil Procedure section ["CCP"] 430.10(d)). Monsanto argues that joinder under CCP 378(a)(1) is only permitted if their claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and the claims of these Plaintiffs do not meet this requirement. Severance is therefore appropriate. (Citing, inter alia, David v. Medtronic, Inc. (2015) 237 Cal.App.4th 734, 740-741.)

In support of its Demurrer, Monsanto cites a host of federal district and circuit court cases in which multi-plaintiff lawsuits were severed, including a case involving Roundup. (Rubio v. Monsanto Co., 181 F.Supp.3d 746 (C.D. Cal. 2016) ["Rubio"].)

Alternatively, Monsanto argues that even if the court were to find that the requirements of CCP 378(a)(1) were met, severance would still be appropriate under CCP 379.5 to avoid an unfair trial that would prejudice Monsanto.

TRANSFER MOTION:

Because the claims of plaintiffs Veronica Thompson and Thomas Barba have no connection with Alameda County, Monsanto requests that they each be transferred to their respective counties where they were exposed, injured and diagnosed. This argument is based on the assertion that "it is undisputed that none of the defendants have their principle place of business in Alameda County ... [t]hus, the only way that venue can be proper in this Court is if Alameda County is 'where the injury occurred.'"

OPPOSITION:

Plaintiffs argue in opposition that requirements of CCP 378(a)(1) are met, relying primarily on Anaya v. Sup.Ct. (1984) 160 Cal.App.3d 228, 232.

Plaintiffs also rely on an order from In Re: Roundup Products Liability Litigation, MDL No. 2741, Doc. 57 (10/31/16) ("MDL Order"), arguing that general causation issues are more than sufficient to show both a common series of occurrences and several common questions of fact.

Plaintiffs' cursory opposition to the Transfer Motion offers no decisional authority whatsoever, arguing only that because the Plaintiffs are properly joined, and Mr. Woodbury's injury occurred in Alameda County, venue is proper per CCP 395.

DISCUSSION and RULINGS:

David v. Medtronic, a medical device case, resulted in severance because the only common factor was the implantation of the same medical device, with different surgeries, performed by different surgeons, with different knowledge and exposure to different representations by the device manufacturer defendant. (David v. Medtronic, supra, 237 Cal.App.4th at 741.) The only potential support for Plaintiffs' position comes from the statement "[p]laintiffs in other proceedings have been found to be within the 'series of transactions' language when they alleged a single scheme, depending on the same basis misrepresentations and leading to a series of transactions exactly similar in kind and manner of operation ... for example ... when plaintiffs were all exposed to the same harmful chemicals ..." (ibid, citing Anaya v. Sup.Ct., supra, 160 Cal.App.3d at 232). As Monsanto correctly points out, however, the plaintiffs in Anaya alleged expose to the same harmful chemical "at the same location." Plaintiffs in this case do not allege a common location of exposure.

Plaintiffs' reliance on the MDL Order is misplaced. The analysis of whether an MDL proceeding is appropriate is different from the analysis of whether the standards for permissive joinder under CCP 378(a)(1) have been met.

In sum, Plaintiffs have failed to counter the substantial persuasive authorities cited by Monsanto that support the conclusion that the claims of the five different Plaintiffs do not belong together because they do not arise from the same transaction or occurrence or series of transactions or occurrences. Accordingly, Monsanto's Demurrer for misjoinder (CCP 430.10(d)) is SUSTAINED. This ruling only applies to Plaintiffs' claims against Monsanto and not their claims against the Distributor Defendants, which claims are already at issue.

Plaintiffs Veronica Thompson and Thomas Barba are HEREBY ORDERED to each file a separate complaint against Monsanto, after which their claims against Monsanto in this case will be dismissed. These plaintiffs may, at their election, include their claims against the Distributor Defendants in their new complaints, in which case those claims in the instant case will also be dismissed.

As noted, Plaintiffs' opposition to the Transfer Motion with respect to Veronica Thompson and Thomas Barba is based entirely on the argument that their claims are properly joined with those of Michael Woodbury, and Michael Woodbury sustained injury in Alameda County. Accordingly, in light of the court's ruling that the claims are not properly joined, the Transfer Motion is GRANTED. Once filed, the complaint of Veronica Thompson will be transferred to San Diego County, and the complaint of

Thomas Barba will be transferred to Tulare County. Each plaintiff shall pay any and all fees associated with such transfers.

In closing, the court reminds the parties that California has a procedural corollary to MDLs, i.e. Coordination pursuant to CCP 404, et seq. and California Rules of Court ("CRC") 3.501, et seq. While these Plaintiffs are not properly joined under CCP 378(a)(1), their separate cases may well be good candidates for Coordination.

Dated: 07/26/2017

*George Hernandez* (facsimile)

Judge George C. Hernandez, Jr.

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG17855094
Order After Hearing Re: of 07/26/2017

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at
1225 Fallon Street, Oakland, California.

Executed on 07/26/2017.
Chad Finke  Executive Officer / Clerk of the Superior Court

By _____
                                     Deputy Clerk