

**Aimee H. Wagstaff, Esq.**
*Licensed in Colorado and California*
Aimee.Wagstaff@AndrusWagstaff.com

7171 W. Alaska Drive
Lakewood, CO 80226
Office: (303) 376-6360
Fax: (303) 376-63614
Website: www.AndrusWagstaff.com

April 18, 2019

**<u>VIA ECF</u>**
Hon. Vince Chhabria
San Francisco Courthouse, Courtroom 4
450 Golden Gate Avenue
San Francisco, CA 94102

**RE:** *Hardeman v. Monsanto Company*, Case No. 3:16 – cv – 00525

Dear Judge Chhabria,

Monsanto lodged two objections to Plaintiff's proposed judgement, filed at ECF 3350. For the following reasons, both objections should be rejected and the Court should enter the judgement as proposed by Mr. Hardeman at ECF 3272.

1. Monsanto requests that the Court delete the phrase "and appealable" from the proposed judgement because Monsanto "intends" to file post-trial motions for post-trial relief. However, despite Monsanto's "intention," the law dictates that when judgment is entered, the judgment is at that moment, "appealable." Fed. R. App. P. 4(a)(1)(A). Mr. Hardeman agrees that Fed. R. App. P. 4(a)(4)(A) could stay the appeal deadline, but that stay is not triggered unless and until Monsanto files a post-trial motion. Of course, that has not yet happened. Further, no confusion exists as Monsanto clearly understands the process. There is no reason to remove this language simply because Monsanto "intends" to file post-trial motions.

2. The Ninth Circuit approves an $80,267,634.10 bond against Monsanto plus interest/costs, and it is Monsanto's burden to show reasons to depart from that bond amount[1]. Because

---

[1] *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) (the Ninth Circuit has approved imposing a bond that represents the full amount of the judgment); *Antoninetti v. Chipotle Mexican Grill, Inc.*, 2009 U.S. Dist. LEXIS 41476 (S.D. Cal. 2009) (where a party wishes to post a bond in an amount less than the full judgment, the burden is on the moving party to show reasons for the departure from the normal practice) (internal citations omitted); *Livingston v. Toyota Motor Sales USA, Inc.*, 1997 U.S. Dist. LEXIS 24087 (N.D. Cal. 1997) ("The purpose of a supersedeas bond is to ensure that the appellee will be able to collect a judgment plus interest upon affirmance of the judgment."). *Hardisty v. Moore*, 2018 U.S. Dist. LEXIS 12432 (S.D. Cal. Jan. 25, 2018) ("However the standard practice of district courts is to require that the supersedeas bond be a surety bond, and that it be for the full amount of the judgment plus interest, costs, and an estimate of any damages attributed to the delay.") (internal citations omitted); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, 2017 U.S. Dist.

Monsanto did not meet its burden, the Court should not enter a discretionary stay of enforcement pending appeal. Despite Monsanto's assurance that the collection process would be "straightforward and efficient," the facts suggest otherwise. Indeed, there have been two Roundup trials and both juries have found causation and returned verdicts of $289,253,209.00 (Johnson trial) and $80,267,634.10 (Hardeman trial). The Johnson verdict was later reduced to $78,506,418.70. Several financial sources report that Bayer AG shares dropped tens of billions of dollars following the Johnson and Hardeman verdicts. Further, there are at least 5 more trial settings in 2019 and (approx.) 11,000 more cases on file nationwide, with thousands more not yet filed. Given this, Monsanto's ability to pay the judgment is not "plain." Moreover, in the *Johnson* matter, Monsanto's $119,015,498.81 surety bond was satisfied through an insurance policy with Liberty Mutual Insurance Company – for which the premium was only a fraction of the bond, $255,883.00, which is typical practice. *See* **Ex. A.** The Court should not waive or reduce Monsanto's security requirements.

        Sincerely,

        /s/ Aimee H. Wagstaff
        Aimee H. Wagstaff

        /s/ Jennifer A. Moore
        Jennifer A. Moore

        *Counsel for Mr. Hardeman*

---

LEXIS 81468 (N.D. Cal. 2017) (*holding* that without commitment to satisfy the judgment, "and given the absence of information as to Fairchild's own financial status, waiver of the supersedeas bond would not be appropriate."); *Carson Indus. v. Am. Tech. Network, Corp.*, 2016 U.S. Dist. LEXIS 68119 (N.D. Cal. 2016) (*explaining* the purpose of a bond is "to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required."); *Trs. of the Bricklayers Local No. 3 Pension Trust v. Huddleston*, 2013 U.S. Dist. LEXIS 71346 (N.D. Cal. 2013) ("The purpose of the surety bond is to guarantee payment of contributions and liquidated damages going forward."); *Cotton v. City of Eureka*, 860 F. Supp.2d 999 (N.D. Cal. 2012) (the purpose of a supersedeas bond is to secure an appellee from a loss that may result from the stay. The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment.).