1
2
3
4
5

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

6
7

*Attorneys for Defendants*
*WILBUR-ELLIS COMPANY LLC*
*and WILBUR-ELLIS FEED, LLC*

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

11
12

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

13

This document relates to:

14
15

*Mimia W. Conyers, et al. v. Monsanto Co., et al.,*
Case No. 3:19-cv-02001-VC

MDL No. 2741

Case No. 3:16-md-02741-VC

16
17

**ANSWER TO PLAINTIFFS' COMPLAINT BY DEFENDANTS WILBUR-ELLIS
COMPANY LLC AND WILBUR-ELLIS FEED, LLC**

18

19

20

21

22

23

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Wilbur-Ellis

Company LLC ("Wilbur-Ellis Company") and Wilbur-Ellis Feed, LLC, now known as Wilbur-

Ellis Nutrition, LLC ("Wilbur-Ellis Feed") (collectively, the "Wilbur-Ellis Defendants"), by and

through their counsel, respectfully respond by generally denying all allegations contained in

plaintiffs' Complaint, except as set forth below.  Silence as to any allegations shall constitute a

denial.

24

25

26

27

1.      The allegations in the first sentence of paragraph 1 do not require a response from

the Wilbur-Ellis Defendants because these allegations relate to defendant Monsanto Company

("Monsanto"), not the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants admit the

allegations in the second sentence of paragraph 1.  The Wilbur-Ellis Defendants also admit that

28

glyphosate was one of the world's most widely used herbicides in 2013, but note that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 1 and therefore deny those allegations.

2.      In response to the allegations in paragraph 2, the Wilbur-Ellis Defendants admit that the stated advantage of the use of crops with the Roundup Ready® trait is to substantially improve a farmer's ability to control weeds.  The remaining allegations in paragraph 2 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and therefore deny those allegations.

3.      The allegations in the first sentence of paragraph 3 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 3 and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 3.

4.      The Wilbur-Ellis Defendants admit the allegations in the first sentence of paragraph 4.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 4 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

5.      The Wilbur-Ellis Defendants admit the allegations in the first sentence of paragraph 5.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of

1   paragraph 5.

2       6.      In response to the allegations in paragraph 6, The Wilbur-Ellis Defendants admit

3   that the IARC working group classified glyphosate under Group 2A.  The Wilbur-Ellis

4   Defendants deny the remaining allegations in paragraph 6.

5       7.      The Wilbur-Ellis Defendants deny the allegations in the first sentence of

6   paragraph 7.  The remaining allegations in paragraph 7 do not require a response from the

7   Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis

8   Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants admit

9   that glyphosate repeatedly has been found to be safe to humans and the environment by

10  regulators in the United States and around the world.  The Wilbur-Ellis Defendants also admit

11  that the United States Environmental Protection Agency ("EPA") repeatedly has concluded

12  pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-

13  based herbicides create no unreasonable risk to human health or to the environment when used in

14  accordance with the label.

15      8.      The Wilbur-Ellis Defendants deny the allegations in paragraph 8.

16      9.      The allegations in paragraph 9 set forth conclusions of law for which no response

17  is required.

18      10.     The allegations in paragraph 10 set forth conclusions of law for which no

19  response is required.

20      11.     The allegations in paragraph 11 set forth conclusions of law for which no

21  response is required.

22      12.     The allegations in paragraph 12 set forth conclusions of law for which no

23  response is required.

24      13.     The allegations in paragraph 13 set forth conclusions of law for which no

25  response is required.

26      14.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

27  belief as to the truth of the allegations in paragraph 14 and therefore deny those allegations.

28

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-02001-VC

15.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore deny those allegations.

16.     The Wilbur-Ellis Defendants deny the allegations in paragraph 16.

17.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore deny those allegations.

18.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 18.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore deny those allegations.

19.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore deny those allegations.

20.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore deny those allegations.

21.     The Wilbur-Ellis Defendants deny the allegations in paragraph 21.

22.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore deny those allegations.

23.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 23.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore deny those allegations.

24.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore deny those allegations.

25.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore deny those allegations.

26.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore deny those allegations.

27.     The Wilbur-Ellis Defendants deny the allegations in paragraph 27.

28.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore deny those allegations.

29.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 29.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore deny those allegations.

30.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore deny those allegations.

31.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore deny those allegations.

32.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore deny those allegations.

33.     The Wilbur-Ellis Defendants deny the allegations in paragraph 33.

34.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore deny those allegations.

35.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 35.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore deny those allegations.

36.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore deny those allegations.

37.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore deny those allegations.

38.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore deny those allegations.

39.     The Wilbur-Ellis Defendants deny the allegations in paragraph 39.

40.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore deny those allegations.

41.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 41.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 and therefore deny those allegations.

42.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore deny those allegations.

43.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore deny those allegations.

44.     The Wilbur-Ellis Defendants deny the allegations in paragraph 44.

45.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore deny those allegations.

46.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 46.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore deny those allegations.

47.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore deny those allegations.

48.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore deny those allegations.

49.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore deny those allegations.

50.     The Wilbur-Ellis Defendants deny the allegations in paragraph 50.

51.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore deny those allegations.

52.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 52.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 and therefore deny those allegations.

53.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore deny those allegations.

54.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore deny those allegations.

55.     The Wilbur-Ellis Defendants deny the allegations in paragraph 55.

56.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore deny those allegations.

57.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 57.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 and therefore deny those allegations.

58.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore deny those allegations.

59.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore deny those allegations.

60.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore deny those allegations.

61.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore deny those allegations.

62.     The Wilbur-Ellis Defendants deny the allegations in paragraph 62.

63.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore deny those allegations.

64.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 64.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 and therefore deny those allegations.

65.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore deny those allegations.

66.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore deny those allegations.

67.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore deny those allegations.

68.     The Wilbur-Ellis Defendants deny the allegations in paragraph 68.

69.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore deny those allegations.

70.     The Wilbur-Ellis Defendants deny that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore deny those allegations in paragraph 70.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

belief as to the truth of the remaining allegations in paragraph 70 and therefore deny those allegations.

71.     The allegations in paragraph 71 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

72.     Wilbur-Ellis Company admits that it is a California limited liability company with its headquarters and principal place of business in San Francisco, California.  Wilbur-Ellis Company further admits that it has sold and distributed certain Monsanto glyphosate-based herbicide products in California, but denies that it has sold or distributed Monsanto's residential-lawn-and-garden glyphosate-based-herbicides in California.  Wilbur-Ellis Company notes that it has never been the only seller or distributor of Monsanto glyphosate-based herbicide products in California.

73.     Wilbur-Ellis Feed admits that it is a California limited liability company with its headquarters and principal place of business in San Francisco, California.  In response to the allegations in the second sentence of paragraph 73, the Wilbur-Ellis Defendants deny that Wilbur-Ellis Feed has ever distributed or sold any Monsanto glyphosate-based herbicide products in California (or anywhere else).  In response to the allegations in the last sentence of paragraph 73, the Wilbur-Ellis Defendants: (a) deny that either of the Wilbur-Ellis Defendants distributed any Monsanto residential-lawn-and-garden glyphosate-based-herbicides allegedly used by any plaintiff; (b) lack information or knowledge sufficient to form a belief as to the truth of any allegations regarding whether Wilbur-Ellis Company distributed any other kinds of Monsanto glyphosate-based-herbicides allegedly used by any plaintiff and therefore deny those allegations; and (c) deny that Wilbur-Ellis Feed distributed any Monsanto glyphosate-based herbicide products allegedly used by any plaintiff.

74.     The allegations in paragraph 74 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore deny those allegations.

75.     The allegations in paragraph 75 set forth conclusions of law for which no response is required.

76.     The allegations in paragraph 76 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to the DOE defendants, not the Wilbur-Ellis Defendants.

77.     The allegations in paragraph 77 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore deny those allegations.

78.     The allegations in the first sentence of paragraph 78 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 78 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 78.

79.     In response to the allegations in paragraph 79, the Wilbur-Ellis Defendants admit that they are limited liability companies organized and existing under the laws of the State of California, with their headquarters and principal place of business in San Francisco, California. The remaining allegations in paragraph 79 are vague and conclusory and comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required.  To the extent that the allegations in paragraph 79 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

80.     The allegations in paragraph 80 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 80 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

81.     The allegations in paragraph 81 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 81 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

82.     The allegations in paragraph 82 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 82 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

83.     The Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to risk of their alleged cancers and deny that exposure to Roundup®-branded products did or could have caused plaintiffs' alleged cancers.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 83 and therefore deny those allegations.  The remaining allegations in paragraph 83 set forth conclusions of law for which no response is required.

84.     In response to the allegations in paragraph 84, the Wilbur-Ellis Defendants deny that there is any risk of cancer or other serious illness associated with or linked to exposure to Roundup®-branded products or glyphosate.  The remaining allegations in paragraph 84 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.

85.     In response to the allegations in paragraph 85, the Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to risk of, or caused, their alleged cancers and deny that there is any risk of serious illnesses associated with or linked to exposure to Roundup®-branded products or glyphosate.  The remaining allegations in paragraph 85 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which the Wilbur-Ellis

1   Defendants lack information or knowledge sufficient to form a belief as to the truth of the

2   allegations asserted and therefore deny those allegations.

3       86.     In response to the allegations in paragraph 86, the Wilbur-Ellis Defendants deny

4   that they have misrepresented or concealed the alleged "true risks associated with the use of

5   and/or exposure to" Roundup®-branded products and glyphosate or otherwise engaged in

6   fraudulent conduct.  To the extent that the allegations in paragraph 86 relate to defendants other

7   than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-

8   Ellis Defendants.  The remaining allegations in paragraph 86 set forth conclusions of law for

9   which no response is required or consist of attorney characterizations and are accordingly denied.

10      87.     The Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products

11  and glyphosate exposed plaintiffs to risk of, or caused, their alleged cancers and deny that there

12  is any risk of serious illnesses associated with or linked to Roundup®-branded products.  The

13  Wilbur-Ellis Defendants deny the remaining allegations in paragraph 87.

14      88.     In response to the allegations in paragraph 88, the Wilbur-Ellis Defendants deny

15  that they concealed "the truth regarding the safety of" Roundup®-branded products.  The

16  remaining allegations in paragraph 88 set forth conclusions of law for which no response is

17  required or consist of attorney characterizations and are accordingly denied.  To the extent that a

18  response is deemed required, the Wilbur-Ellis Defendants deny all of plaintiffs' allegations in

19  paragraph 88.

20      89.     In response to the allegations in paragraph 89, the Wilbur-Ellis Defendants deny

21  that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to risk of their

22  alleged cancers, deny that there is any risk of serious illness associated with or linked to

23  Roundup®-branded products, and deny the remaining allegations in paragraph 89.

24      90.     In response to the allegations in paragraph 90, the Wilbur-Ellis Defendants admit

25  that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining

26  allegations in paragraph 90 are vague and ambiguous and the Wilbur-Ellis Defendants lack

27

28

information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 90 and therefore deny those allegations.

91.     The Wilbur-Ellis Defendants admit the first sentence of paragraph 91.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 91 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  The Wilbur-Ellis Defendants deny the allegations in the third sentence of paragraph 91 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

92.     In response to the allegations in paragraph 92, the Wilbur-Ellis Defendants admit that farmers have safely used Roundup®-branded products since the 1970s.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 92.

93.     To the extent that the allegations in paragraph 93 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 93.

94.     The allegations in paragraph 94 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto and other entities, not the Wilbur-Ellis Defendants.

95.     The Wilbur-Ellis Defendants admit the allegations in paragraph 95.

96.     In response to the allegations in paragraph 96, the Wilbur-Ellis Defendants admit that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admit that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 96 set forth conclusions of law for which no response is required.

97.     The allegations in paragraph 97 set forth conclusions of law for which no response is required.

98.     In response to the allegations in the first sentence of paragraph 98, the Wilbur-Ellis Defendants admit that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States, including in California.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, the Wilbur-Ellis Defendants admit that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admit that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The Wilbur-Ellis Defendants state that the term "the product tests" in the final sentence of paragraph 99 is vague and ambiguous, and the Wilbur-Ellis Defendants therefore deny the same.  The remaining allegations in paragraph 99 set forth conclusions of law for which no response is required.

100.     The Wilbur-Ellis Defendants deny the allegations in paragraph 100 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.  The Wilbur-Ellis Defendants admit that EPA is in the process of conducting regulatory review of various pesticide products, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 100 regarding such pesticide products generally.  The remaining allegations in paragraph 100 set forth conclusions of law for which no response is required.

101.     In response to the allegations in paragraph 101, The Wilbur-Ellis Defendants admit that EPA has undertaken a regulatory review of glyphosate and that EPA has not released its final findings.  The Wilbur-Ellis Defendants state, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP

*(Footnote continued)*

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-02001-VC

same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]   The Wilbur-Ellis Defendants further state that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]   The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 101 and therefore deny those allegations.   In response to the last two sentences of paragraph 101, The Wilbur-Ellis Defendants state that the cited report speaks for itself and does not require a response.   To the extent that a response is deemed required, allegations in the last two sentences of paragraph 101 are vague, incomplete, and conclusory and/or comprise attorney characterizations and are accordingly denied.

102.   In response to the allegations in paragraph 102, the Wilbur-Ellis Defendants admit that a Scientific Advisory Panel ("SAP") issued a report and state that the cited document speaks for itself and thus does not require any further response.   To the extent that a response is deemed required, allegations in paragraph 102 are vague, incomplete, and conclusory and/or comprise attorney characterizations and are accordingly denied.

103.   Certain allegations in paragraph 103 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

---

Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.epa.gov/sites/production /files/2017-12/documents/revised_glyphosate_issue_paper_evaluation_of_carcinogenic_ potential.pdf.

The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 103 and therefore deny those allegations

104.    The allegations in paragraph 104 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

105.    The allegations in paragraph 105 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

106.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 106 and therefore deny those allegations.

107.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore deny those allegations.

108.    The allegations in the first sentence of paragraph 108 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 108 and therefore deny those allegations.

109.    The allegations in paragraph 109 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

110.    The allegations in paragraph 110 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

111.    The allegations in paragraph 111 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

112.    To the extent that the allegations in the second, fourth, and fifth sentences of paragraph 112 are directed at the Wilbur-Ellis Defendants, the Wilbur-Ellis Defendants deny those allegations.  To the extent that those allegations and the allegations in the last sentence of paragraph 112 are directed at defendants other than the Wilbur-Ellis Defendants, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.  The Wilbur-Ellis Defendants lack information

or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 112 and therefore deny those allegations.

113.    The allegations in paragraph 113 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

114.    The allegations in paragraph 114 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

115.    The allegations in paragraph 115 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent a response is deemed required, the Wilbur-Ellis Defendants admit that glyphosate is one of the world's largest herbicides by sales volume, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 115 and accordingly deny those allegations.

116.    The allegations in paragraph 116 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

117.    The allegations in paragraph 117 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

118.    The allegations in paragraph 118 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

119.    The allegations in paragraph 119 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

120.    In response to the allegations in paragraph 120, the Wilbur-Ellis Defendants deny that IARC follows stringent procedures for the evaluation of a chemical agent.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 120, which are not limited as of any specified date, and accordingly deny the same.

121.    In response to the allegations in paragraph 121, the Wilbur-Ellis Defendants admit that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity

evaluations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 121.

122.    The Wilbur-Ellis Defendants deny any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 122 and therefore deny those allegations.

123.    The Wilbur-Ellis Defendants deny any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 123 and therefore deny those allegations.

124.    The Wilbur-Ellis Defendants deny the allegations in paragraph 124 to the extent that they suggest that IARC had previously assessed glyphosate.  The Wilbur-Ellis Defendants admit that IARC classified glyphosate as a Group 2A agent in March 2015.

125.    In response to the allegations in paragraph 125, the Wilbur-Ellis Defendants admit that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances.  The Wilbur-Ellis Defendants deny the allegation that all members of the working group are "experts."  The Wilbur-Ellis Defendants deny that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  The Wilbur-Ellis Defendants also deny that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 125.

126.    In response to the allegations in paragraph 126, the Wilbur-Ellis Defendants deny that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group. To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly deny the allegations.

127.    The allegations in paragraph 127 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly deny the allegations.

128.    In response to the allegations in paragraph 128, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 128 are denied.

129.    In response to the allegations in paragraph 129, the Wilbur-Ellis Defendants admit that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but the Wilbur-Ellis Defendants deny that any of these studies provide any evidence of a human health concern from such exposures.

130.    The Wilbur-Ellis Defendants deny the allegations in paragraph 130.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

131.     In response to the allegations in paragraph 131, the Wilbur-Ellis Defendants admit that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but the Wilbur-Ellis Defendants deny that the study supports such a conclusion or that the authors of the study reached such a conclusion.

132.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 132 and therefore deny those allegations.

133.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 133 and therefore deny those allegations.

134.     In response to the allegations in paragraph 134, the Wilbur-Ellis Defendants admit that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but the Wilbur-Ellis Defendants deny that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and deny that the working group reliably interpreted the studies that it selected for consideration. Regulators around the world repeatedly have concluded that glyphosate is not genotoxic. The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 134.

135.     In response to the allegations in the first and second sentences of paragraph 135, the Wilbur-Ellis Defendants admit that certain scientists and certain studies have made these claims, but deny the allegations to the extent they imply that those scientists' views and studies are valid or accurate. The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 135.

136.     In response to the allegations in the first sentence of paragraph 136, the Wilbur-Ellis Defendants refer to the labels for Roundup®-branded products, which are the best evidence of their contents, and deny any allegation inconsistent with their terms. The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 136.

137.     The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 137. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

belief as to the truth of the remaining allegations in paragraph 137 and therefore deny those allegations.

138.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 138 and therefore deny those allegations.

139.    In response to the allegations in paragraph 139, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

140.    In response to the allegations in paragraph 140, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

141.    In response to the allegations in paragraph 141, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

142.    In response to the allegations in paragraph 142, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

143.    In response to the allegations in paragraph 143, the Wilbur-Ellis Defendants admit that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but deny that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate.  The Wilbur-Ellis Defendants note that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal." *See Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

1    144.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

2  belief as to the truth of the allegations in paragraph 144 and therefore deny those allegations.

3    145.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

4  belief as to the truth of the allegations in paragraph 145 and therefore deny those allegations.

5    146.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

6  belief as to the truth of the allegations in paragraph 146 and therefore deny those allegations.

7    147.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

8  belief as to the truth of the allegations in paragraph 147 and therefore deny those allegations.

9    148.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

10  belief as to the truth of the allegations in paragraph 148 and therefore deny those allegations.

11    149.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

12  belief as to the truth of the allegations in paragraph 149 and therefore deny those allegations.

13    150.    The Wilbur-Ellis Defendants admit that Wilbur-Ellis Company has distributed

14  certain Monsanto glyphosate-based herbicide products in California, but deny that Wilbur-Ellis

15  Company has distributed Monsanto's residential-lawn-and-garden glyphosate-based-herbicides

16  in California.  The Wilbur-Ellis Defendants deny that Wilbur-Ellis Feed has distributed any

17  Monsanto glyphosate-based herbicide products in California (or anywhere else).

18    151.    In response to the allegations in the first sentence of paragraph 151, the Wilbur-

19  Ellis Defendants deny that Roundup®-branded herbicides have "carcinogenic properties" or

20  create "grave danger" and state that all labeling of Roundup®-branded products has been and

21  remains EPA-approved and in compliance with all federal requirements under FIFRA.  In

22  response to the allegations in the second sentence of paragraph 151, the Wilbur-Ellis Defendants:

23  (a) deny that either Wilbur-Ellis Defendant distributed any Monsanto residential-lawn-and-

24  garden glyphosate-based-herbicides allegedly used by any plaintiffs; (b) lack information or

25  knowledge sufficient to form a belief as to the truth of any allegations regarding whether Wilbur-

26  Ellis Company distributed any other kinds of Monsanto glyphosate-based-herbicides allegedly

27

28

- 22 -

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-02001-VC

1   used by any and therefore deny those allegations; and (c) deny that Wilbur-Ellis Feed distributed

2   any Monsanto glyphosate-based herbicide products allegedly used by any plaintiffs.

3       152.    The Wilbur-Ellis Defendants incorporate by reference their responses to

4   paragraphs 1 through 151 in response to paragraph 152 of plaintiffs' Complaint.

5       153.    In response to the allegations in paragraph 153, the Wilbur-Ellis Defendants deny

6   that they violated California law or federal law and state that they complied with all applicable

7   law regarding Roundup®-branded products.  The remaining allegations in paragraph 153 set forth

8   conclusions of law for which no response is required.  To the extent that a response is deemed

9   required, the Wilbur-Ellis Defendants deny all such allegations.

10      154.    The allegations in paragraph 154 set forth conclusions of law for which no

11  response is required.

12      155.    The Wilbur-Ellis Defendants deny the allegations in the first sentence of

13  paragraph 155.  The second sentence in paragraph 155 sets forth a conclusion of law for which

14  no response is required.

15      156.    The Wilbur-Ellis Defendants admit the allegations in the first sentence of

16  paragraph 156.  In response to the allegations in the second sentence of paragraph 156, the

17  Wilbur-Ellis Defendants state that the order speaks for itself and thus does not require any

18  further answer.  To the extent that a further response is deemed required, the Wilbur-Ellis

19  Defendants deny the allegations in the second sentence of paragraph 156.

20      157.    In response to the allegations in paragraph 157 and each of its subparts, the

21  Wilbur-Ellis Defendants state as follows:  Many of the allegations do not require a response from

22  the Wilbur-Ellis Defendants because the allegations relate to Monsanto, not the Wilbur-Ellis

23  Defendants.  To the extent a response is deemed required, the Wilbur-Ellis Defendants lack

24  information or knowledge sufficient to form a belief as to the truth of those allegations and

25  therefore deny those allegations.  The Wilbur-Ellis Defendants deny that intended use of and/or

26  exposure to Roundup®-branded products causes cancer or other injuries and state that all labeling

27  of Roundup®-branded products has been and remains EPA-approved and in compliance with all

28

federal requirements under FIFRA.  The Wilbur-Ellis Defendants lack information or knowledge

sufficient to form a belief as to the truth of the allegations concerning what plaintiffs believed or

perceived and therefore deny those allegations.  The Wilbur-Ellis Defendants state that the

allegation that Roundup® would be required to bear a label informing consumers that the

chemical is known as a carcinogen to the State of California is a legal conclusion not requiring a

response.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants state

that, on February 26, 2018, a federal district court enjoined California from requiring Proposition

65 warning labels for glyphosate as unconstitutional.  The Wilbur-Ellis Defendants state that the

allegations that plaintiffs are properly joined or that plaintiffs' claims are based on transactions,

occurrences, or series of transactions or occurrences that give rise to questions of law and fact

common to the claims of all plaintiffs are conclusions of law not requiring a response.  To the

extent that a response is deemed required, the Wilbur-Ellis Defendants deny those allegations.

The Wilbur-Ellis Defendants deny the allegations in subpart j. of paragraph 157.  To the extent

not otherwise addressed above, the Wilbur-Ellis Defendants deny the remaining allegations in

paragraph 157, including each of its subparts.

158.    The Wilbur-Ellis Defendants incorporate by reference their responses to

paragraphs 1 through 157 in response to paragraph 158 of plaintiffs' Complaint.

159.    In response to the allegations in paragraph 159, the Wilbur-Ellis Defendants admit

that plaintiffs purport to bring a claim for strict liability design defect, but deny any liability as to

that claim.

160.    In response to the allegations in paragraph 160, the Wilbur-Ellis Defendants lack

information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs

used Roundup®-branded products and therefore deny that allegation.  The Wilbur-Ellis

Defendants deny the remaining allegations in paragraph 160.

161.    The Wilbur-Ellis Defendants deny the allegations in paragraph 161.

162.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

belief as to the truth of the allegations in paragraph 162 and therefore deny those allegations.

1  163.   The Wilbur-Ellis Defendants deny the allegations in paragraph 163.

2  164.   The Wilbur-Ellis Defendants deny the allegations in paragraph 164.

3  165.   The Wilbur-Ellis Defendants deny the allegations in paragraph 165.

4  166.   The Wilbur-Ellis Defendants deny the allegations in paragraph 166 and each of its

5  subparts.

6  167.   The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

7  belief as to the truth of the allegations in paragraph 167 concerning plaintiffs' claimed use of or

8  exposure to Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis

9  Defendants deny the remaining allegations in paragraph 167, including that Roundup® branded

10  products have "dangerous characteristics."

11  168.   The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

12  belief as to the truth of the allegations in paragraph 168 concerning plaintiffs' claimed use of or

13  exposure to Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis

14  Defendants deny the remaining allegations in paragraph 168, including that Roundup®-branded

15  products have "dangerous characteristics."

16  169.   The Wilbur-Ellis Defendants deny the allegations in paragraph 169.

17  170.   The Wilbur-Ellis Defendants deny the allegations in paragraph 170.

18  171.   The Wilbur-Ellis Defendants deny the allegations in paragraph 171.

19  172.   The Wilbur-Ellis Defendants deny the allegations in paragraph 172.

20  173.   The Wilbur-Ellis Defendants deny the allegations in paragraph 173.

21  174.   The Wilbur-Ellis Defendants deny the allegations in paragraph 174.

22  175.   The Wilbur-Ellis Defendants deny the allegations in paragraph 175.

23  176.   The Wilbur-Ellis Defendants deny the allegations in paragraph 176.

24  177.   The Wilbur-Ellis Defendants deny the allegations in paragraph 177.

25  178.   The Wilbur-Ellis Defendants deny the allegations in paragraph 178.

26  179.   In response to the allegations in paragraph 179, the Wilbur-Ellis Defendants

27  demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint

28

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-02001-VC

be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

180.    The Wilbur-Ellis Defendants incorporate by reference its responses to paragraphs 1 through 179 in response to paragraph 180 of plaintiffs' Complaint.

181.    In response to the allegations in paragraph 181, the Wilbur-Ellis Defendants admit that plaintiffs purport to bring a claim for strict liability failure to warn, but deny any liability as to that claim.

182.    The Wilbur-Ellis Defendants deny the allegations in paragraph 182.

183.    In response to the allegations in paragraph 183, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs or other entities identified purchased or used Roundup®-branded products and therefore deny that allegation.  The allegations in paragraph 183 also set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 183.

184.    The allegations in paragraph 184 set forth conclusions of law for which no response is required.

185.    The Wilbur-Ellis Defendants deny the allegations in paragraph 185.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

186.    The Wilbur-Ellis Defendants deny the allegations in paragraph 186.

187.    The Wilbur-Ellis Defendants deny the allegations in paragraph 187.

188.    The Wilbur-Ellis Defendants deny the allegations in paragraph 188.

189.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 189 and therefore deny those allegations.

190.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 190 concerning plaintiffs' alleged use of

1   Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants

2   deny the remaining allegations in paragraph 190, including that Roundup®-branded products

3   have "dangerous characteristics."

4        191.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

5   belief as to the truth of the allegations in paragraph 191 concerning plaintiffs' alleged use and

6   exposure to Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis

7   Defendants deny the remaining allegations in paragraph 191, including that Roundup®-branded

8   products have "dangerous characteristics."

9        192.    In response to the allegations in paragraph 192, The Wilbur-Ellis Defendants deny

10  that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause

11  cancer or other serious illnesses and deny that there are any defects in those products.  The

12  Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth

13  of the remaining allegations in paragraph 192 and therefore deny those allegations.

14       193.    The Wilbur-Ellis Defendants deny the allegations in paragraph 193.

15       194.    The Wilbur-Ellis Defendants deny the allegations in paragraph 194.

16       195.    The allegations in the second sentence of paragraph 195 set forth conclusions of

17  law for which no response is required.  To the extent that a response is deemed required, The

18  Wilbur-Ellis Defendants deny all such allegations.  The Wilbur-Ellis Defendants deny the

19  remaining allegations in paragraph 195.

20       196.    The Wilbur-Ellis Defendants deny the allegations in paragraph 196.

21       197.    The Wilbur-Ellis Defendants deny the allegations in paragraph 197.

22       198.    The Wilbur-Ellis Defendants deny the allegations in paragraph 198.

23       199.    The Wilbur-Ellis Defendants deny the allegations in paragraph 199.

24       200.    The Wilbur-Ellis Defendants deny the allegations in paragraph 200.

25       201.    The Wilbur-Ellis Defendants deny the allegations in paragraph 201.

26       202.    The Wilbur-Ellis Defendants deny the allegations in paragraph 202.

27

28

203.     In response to the allegations in paragraph 203, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

204.     The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 203 in response to paragraph 204 of plaintiffs' Complaint.

205.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 205 regarding the specific products allegedly used by plaintiffs or any advertising or marketing allegedly seen or considered by plaintiffs and therefore deny the allegations in paragraph 205.

206.     The allegations in paragraph 206 set forth conclusions of law for which no response is required.

207.     The allegations in paragraph 207 set forth conclusions of law for which no response is required.

208.     The Wilbur-Ellis Defendants deny the allegations in paragraph 208.

209.     The Wilbur-Ellis Defendants deny the allegations in paragraph 209.

210.     The Wilbur-Ellis Defendants deny the allegations in paragraph 210.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

211.     The Wilbur-Ellis Defendants deny the allegations in paragraph 211.

212.     The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 212.  The allegations in the second sentence of paragraph 212 comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required.

213.     The Wilbur-Ellis Defendants deny the allegations in paragraph 213.

214.     The Wilbur-Ellis Defendants deny the allegations in paragraph 214, including each of its subparts.

215.     The Wilbur-Ellis Defendants deny the allegations in paragraph 215.

216.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 216 regarding plaintiffs' knowledge and therefore the Wilbur-Ellis Defendants deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 216, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

217.     The Wilbur-Ellis Defendants deny the allegations in paragraph 217.

218.     The Wilbur-Ellis Defendants deny the allegations in paragraph 218.

219.     The Wilbur-Ellis Defendants deny the allegations in paragraph 219.

220.     The Wilbur-Ellis Defendants deny the allegations in paragraph 220.

221.     The Wilbur-Ellis Defendants deny the allegations in paragraph 221.

222.     In response to the allegations in paragraph 222, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that The Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

223. – 267.     The allegations in paragraphs 223-267 do not require responses from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants, and these counts of plaintiffs' Complaint are brought only against Monsanto, not the Wilbur-Ellis Defendants.

268.     The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 267 in response to paragraph 268 of plaintiffs' Complaint.

269.     The Wilbur-Ellis Defendants deny the allegations in paragraph 269.

270.     The Wilbur-Ellis Defendants deny the allegations in paragraph 270.

271.     The Wilbur-Ellis Defendants deny the allegations in paragraph 271.

272.     The allegations in paragraph 272 set forth conclusions of law for which no response is required.

273.     In response to the allegations in paragraph 273, the Wilbur-Ellis Defendants deny that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action against the Wilbur-Ellis Defendants upon which relief can be granted.

2.     Venue is or may be inconvenient for some or all of plaintiffs' claims.

3.     Plaintiffs' claims against the Wilbur-Ellis Defendants are improperly joined and should be severed.

4.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5.     Any alleged negligent or culpable conduct of the Wilbur-Ellis Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

6.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.      Any claims based on allegations that the Wilbur-Ellis Defendants misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9.      Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10.     Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

14.     Applicable statutes of limitations and/or repose bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

15.     Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

16.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which the Wilbur-Ellis

1    Defendants are neither liable nor responsible or, in the alternative, the Wilbur-Ellis Defendants

2    are entitled to an assessment of the relative degree of fault of all such persons and entities; or (b)

3    resulted from diseases and/or causes that are not related or connected with any product sold,

4    distributed, or manufactured by the Wilbur-Ellis Defendants.  Such acts or omissions on the part

5    of others or diseases or causes constitute an independent, intervening and sole proximate cause

6    of plaintiffs' alleged injuries or damages.

7        17.    The Wilbur-Ellis Defendants had no legal relationship or privity with plaintiffs

8    and owed no duty to them by which liability could be attributed to the Wilbur-Ellis Defendants.

9        18.    Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted in whole or

10   part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

11       19.    Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive and/or

12   exemplary damages are barred because such an award would violate the Wilbur-Ellis

13   Defendants' due process, equal protection and other rights under the United States Constitution,

14   the Alabama Constitution, California Constitution, the Colorado Constitution, the Idaho

15   Constitution, and/or other applicable state constitutions.

16       20.    Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive and/or

17   exemplary damages are barred because plaintiffs have failed to allege conduct warranting

18   imposition of such damages under Alabama, California, Colorado, Idaho, and/or other applicable

19   state laws.

20       21.    Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive and/or

21   exemplary damages are barred and/or limited by operation of state and/or federal law, including

22   Ala. Code § 6-11-21, Colo. Rev. Stat. § 13-21-102 and Idaho Code § 6-1604.

23       22.    Plaintiffs' common law claims are barred, in whole or part, by application of

24   Idaho Code Ann. § 6-1401, *et seq.*

25       23.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in

26   part by plaintiffs' own contributory/comparative negligence.

27

28

- 32 -

ANSWER TO PLAINTIFFS' COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS FEED, LLC
3:16-md-02741-VC & 3:19-cv-02001-VC

24.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in part by plaintiffs' own failure to mitigate damages.

25.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in part by the sophisticated user doctrine.

26.     To the extent that plaintiffs recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery from the Wilbur-Ellis Defendants in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

27.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a product of the Wilbur-Ellis Defendants.

28.     Plaintiffs' claims against Wilbur-Ellis Feed are barred because Wilbur-Ellis Feed has never designed, manufactured, distributed, or sold Roundup®-branded herbicides (or any other herbicides).

29.     Plaintiffs' strict liability claims are barred in whole or in part, by the Alabama Extended Manufacturer's Liability Doctrine.

30.     Pursuant to Colo. Rev. Stat. § 13-21-406, Monsanto cannot be liable for damages that exceed its pro rata share of causal fault, no fault being admitted.

31.     Plaintiffs' claims and damages, no injury or damages being admitted, are barred or must be reduced, in whole or part, by Colo. Rev. Stat. § 13-21-403 (state of the art presumption, presumption of non-defectiveness for compliance with government codes, and ten-year presumption) and Colo. Rev. Stat. § 13-21-102.5 (limits on non-economic damages).

32.     If plaintiffs have been injured or damaged, no injury or damages being admitted, plaintiffs' claims for damages are limited by Idaho Code § 6-1603.

33.     Wilbur-Ellis Feed did not come into existence as a company until September 2015, so any plaintiffs whose alleged exposure to Roundup®-branded herbicides ended before September 2015 does not have viable claims against Wilbur-Ellis Feed.

34.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

35.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

36.     The Wilbur-Ellis Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

**WHEREFORE**, the Wilbur-Ellis Defendants demand judgment in their favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## <u>JURY TRIAL DEMAND</u>

The Wilbur-Ellis Defendants demand a jury trial on all issues so triable.

DATED:  April 22, 2019                    Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

Attorneys for Defendants WILBUR-ELLIS COMPANY LLC and WILBUR-ELLIS FEED, LLC