UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION                                                                                MDL No. 2741


ORDER ON DEFENDANT'S MOTION FOR CLARIFICATION


**Before the Panel:** Defendant Monsanto Company moves for an order clarifying the effectiveness of the Panel's order transferring the Central District of California action listed on Schedule A (*Graef*) to MDL No. 2741. Plaintiffs did not respond to the motion, which we entertain under 28 U.S.C. § 1407 for the purpose of determining and deciding the efficacy of our own order.

The time line in *Graef* is straightforward. Monsanto noticed *Graef* as a potential tag-along action, and the Panel Clerk issued Conditional Transfer Order No. 127 on March 29, 2019. *See* ECF No. 933. That order transferred *Graef* to MDL No. 2741, which is pending in the Northern District of California. Pursuant to Panel Rule 7.1, transmittal of the transfer order to the clerk of transferee court was stayed for seven days to allow the parties to file a notice of opposition to transfer. No opposition was filed with respect to *Graef*. On April 8, 2019, the stay was lifted and the transfer order was transmitted to the transferee district. The order was filed in the transferee district at 9:13 a.m. Later that day, at 1:07 p.m, the Central District of California court entered an order remanding *Graef* to state court.[1] Monsanto asks the Panel to clarify the effect of the transfer order in relation to the remand order.

Under the Panel's governing statute, "[o]rders of transfer and such other orders as the panel may make thereafter shall be filed in the office of the clerk of the transferee district court and shall be effective when thus filed." 28 U.S.C. § 1407(c); *see also* Panel Rule 2.1(d) ("An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court."). Here, the Panel's transfer order with respect to *Graef* was filed in the transferee district before (albeit mere hours before) the Central District of California court entered the remand order on its docket. Accordingly, the remand order was moot when entered. *See In re Baycol Prods. Liab. Litig.*, 269 F. Supp. 2d 1376, 1377 (J.P.M.L. 2003) (where the filing, in the transferee district, of a Panel order transferring a Southern District of Mississippi action to MDL No. 1431 preceded, by a day, the filing, in the transferor district, of an order remanding the action to state court, the remand order was "moot when entered," even though it had been signed the previous day). *See also* Order on Def.'s Mot. for Clarification at 1, *In re Asbestos Prods. Liab. Litig. (No. VI)*, MDL

---

[1] The transferor court appears to have signed this remand order on April 5, 2019, but did not file it until April 8. The times of filing of the various pleadings at issue are documented in the corresponding Notices of Electronic Filing, which Monsanto attached as exhibits to its motion for clarification. *See* ECF No. 948.

-2-

No. 875 (J.P.M.L. Jun. 17, 2011), ECF No. 7388 (same).

While this result is regrettable in light of the time and resources that the transferor court has invested in this matter, it is required by Section 1407 and our precedent.  Plaintiffs are free to seek remand in the transferee court, and to argue that the Central District of California court's disposition of *Graef* should control.  Indeed, these somewhat unusual circumstances may constitute grounds for the transferee court to address the remand motion on an expedited basis.  Such a determination, of course, is to be made at the discretion of the transferee court.

IT IS THEREFORE ORDERED that the Panel's order transferring *Graef* remains in effect. The clerks of the respective courts should effect transmittal of the record in accordance with Panel Rule 9.1(a).

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION                                                                 MDL No. 2741

## SCHEDULE A

<u>Central District of California</u>

GRAEF, ET AL. v. MONSANTO COMPANY, ET AL., C.A. No. 2:19-02290