Robin L. Greenwald, Esq.
**WEITZ & LUXENBERG PC**
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax:  (212) 344-5461
rgreenwald@weitzlux.com


Devin Bolton, Esq.
**WEITZ & LUXENBERG PC**
700 Broadway
New York, NY 10003
Tel: (212) 558-5552
Fax:  (212) 344-5461
dbolton@weitzlux.com

*Attorneys  for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-2741-VC |
| This document relates to: | |
| *Abreu, et al., v. Monsanto Co., et al.*, Case No. 3:19-cv-01587-VC | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND** |

1

# **TABLE OF CONTENTS**

Introduction ......................................................................................................................1

Factual Background and Procedural History ...................................................................2

Argument .........................................................................................................................3

I.      The Removal Statute is to be Interpreted Strictly Against Removal. ..................................3

II.    Monsanto's Arguments in Support of Removal Fail. ..........................................................4

        A.      The Fraudulent Misjoinder Doctrine is Inapplicable ..............................................4

        B.      Monsanto's Removal Violates the Voluntary-Involuntary Rule
               And Is Predicated Upon an Inoperative Interlocutory Order.................................8

        C.      Complete Diversity of Citizenship Is Lacking in This Case
               And Remand Is Required. ......................................................................................9

        D.      Plaintiffs' Complaint, As Originally Filed and At Removal,
               Confirms That Federal Jurisdiction Does Not Exist in This Case. ......................11

        E.      Plaintiffs' Complaint Properly Named Doe Defendants
               That Defeat Diversity..........................................................................................12

        F.      Monsanto's Removal is Untimely and Unwarranted...........................................13

Conclusion .....................................................................................................................16

1

**TABLE OF AUTHORITIES**

2
**Cases**

3
*Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006)....................................................... 3

4
*Anderson v. Owens-Corning Fiberglass Corp.*, 810 P.2d 549 (1991)................................................ 10

5
*Blasco v. Atrium Med. Corp.*, 2014 WL 12691051 (N.D. Cal. Oct. 30, 2014) ................................ 5

6
*Bostick v. Flex Equip. Co.*, Inc., 54 Cal. Rptr. 3d 28 (2007) ........................................................ 10

7
*Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163 (N.D. Cal. 2003) ................................ 6

8
*Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)........................................................................ 4

9
*Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)................................................................. 4

10
*Dent v. Lopez,* 2014 WL 3057456 (E.D. Cal. July 7, 2014) ........................................................... 5

11
*Early v. Northrop Grumman Corp.*, 2013 WL 3872218 (C.D. Cal. July 24, 2013) ........................... 5

12
*Fisher v. Direct TV, Inc.,* 2013 WL 2152668 (D. Mont. May 16, 2013).......................................... 12

13
*Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407 (7th Cir. 2000)..................................................... 4

14
*Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 2015 WL 5646648 (E.D. Cal. Sept. 24, 2015) .......................................................................................................................... 12

15

16
*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ........................................................................ 3

*Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769 (9th Cir. 1986).......................................... 8

17
*Great Northern Ry. v. Alexander,* 246 U.S. 276 (1918)) ............................................................... 8

18
*Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689 (9th Cir. 2005)................................................ 3

19
*Hill v. Takeda Pharm. N. Am., Inc.*, 2012 WL 174815 (N.D. Cal. Jan. 20, 2012) ........................... 13

20
*Holcomb v. Bingham Toyota,* 871 F.2d 109 (9th Cir. 1989) ........................................................... 3

21
*HVAC Sales, Inc., v. Zurich Am. Ins. Group*, 2005 WL 2216950 (N.D. Cal. July 25, 2005)........... 5, 6

22
*In re: Bard Ivc Filters Prod. Liab. Litig.,* 2641, 2016 WL 2956557 (D. Ariz. May 23, 2016)........... 5

23
*In re Prempro Prod. Liab. Litig.*, 591 F.3d 613 (8th Cir. 2010)....................................................... 6

24
*Incopero v. Farmers Ins. Exchange*, 113 F.R.D. 28 (N.D. Cal. Sept. 8, 1986) ................................ 12

25
*J.T. Assocs., LLC v. Fairfield Dev., L.P.*, 2016 WL 1252612 (N.D. Cal. Mar. 31, 2016).................. 5

26
*Jurin v. Transamerica Life Ins. Co.,* 2014 WL 4364901 (N.D. Cal. Sept. 3, 2014).......................... 5

27
*Lopez v. Pfeffer,* 2013 WL 5367723 (N.D. Cal. Sept. 25, 2013) .................................................... 6

28

ii

*Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089 (9th Cir. 2003)................................. 4, 12

*Miller v. Grgurich,* 763 F.2d 372, 373 (9th Cir.1985)................................................. 11, 15

*Mohansingh v. Crop Prod. Services, Inc.,* 2017 WL 4778579 (E.D. Cal. Oct. 23, 2017)................... 5

*Mullin v. Gen. Motor LLC*, 2016 WL 94235 (C.D. Cal. Jan. 7, 2016) ................................. 9

*People of State of Cal. By & Through Lungren v. Keating*, 986 F.2d 346 (9th Cir. 1993) ............. 8, 9

*Robinson v. Lowe's Home Centers,* LLC, 2015 WL 13236883 (E.D. Cal. Nov. 13, 2015) .............. 12

*Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1426–27 (9th Cir. 1984)............................. 11

*Self v. Gen. Motors Corp.,* 588 F.2d 655, 657–60 (9th Cir. 1978) ............................................ 8, 9, 14

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941) .................................... 3

*Sutton v. Davol*, 251 F.R.D. 500 (E.D. Cal. 2008) ....................................................... 5

*Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) .............................. 4, 5, 6, 7

*The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913)........................................ 11

*Thee Sombrero, Inc. v. Murphy*, 2015 WL 4399631 (C.D. Cal. July 7, 2015)............................ 5

*Unterleitner v. Basf Catalysts LLC*, 2016 WL 805167 (N.D. Cal. Mar. 2, 2016) ............................ 8

*Vandermark v. Ford Motor Co*. (1964) 61 Cal. 2d 256,.................................................. 10

**Statutes**

28 U.S.C. § 1332 ...................................................................................... 4

28 U.S.C. § 1446(b)(3) ............................................................................... 14

28 U.S.C. § 1446(c) .................................................................................. 14, 15

California Code of Civil Procedure § 378 ............................................................. 2, 7

California Code of Civil Procedure § 378(a)(1) ...................................................... 7

California Code of Civil Procedure § 474 ............................................................ 12

**Other Authorities**

14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723 (2d ed. 1985) ................................................................................................ 15

C. Wright, *Law of Federal Courts* § 38 (3d ed. 1976)................................................ 15

**Rules**

Fed. R. Civ. P. 41. ........................................................................................................ 14

Fed. R. Civ. P. 41(a). ................................................................................................... 14

Fed. R. Civ. P. 20 ..................................................................................................... 6, 7

Fed. R. Civ. P. 21 ..................................................................................................... 7, 11

# INTRODUCTION

Monsanto's notice of removal is substantively and procedurally improper and, therefore, this action must be remanded to state court. The case at bar involves a California state court lawsuit by 10 properly-joined California residents against Monsanto for injuries suffered as the result of exposure to Monsanto's Roundup® products. Plaintiffs' case is one of several cases currently consolidated in JCCP No. 4953, *In Re Roundup Products Cases*, in the Superior Court of the State of California for the County of Alameda.  As there is no complete diversity of citizenship in this case, federal jurisdiction does not exist.  Nonetheless, Monsanto attempts to create diversity where none exists by relying on a recent interlocutory order by the state court—an order that directs all JCCP plaintiffs in multi-plaintiff complaints to dismiss and re-file their cases as individual actions (which dismissals and re-filings have not yet occurred)—as a basis for its improper removal of this action.

Notwithstanding the fact that its removal is improper, and even if proper, entirely premature, Monsanto advances untenable theories in an attempt to maintain this action in federal court. Monsanto argues that Plaintiffs are *fraudulently misjoined* and asks the Court to sever their cases so they can remain in federal court.  The doctrine of "fraudulent misjoinder" is an improper extension of federal jurisdiction that has been rejected by most courts that have considered it, including courts in the Ninth Circuit.  Plaintiffs' joinder is proper, and severance is not supported by facts or legal precedent.

Moreover, the event giving rise to the purported removability of the case, according to Monsanto, *i.e.*, the January 25, 2019 Case Management Order in the state court, is an involuntary event. In the Ninth Circuit, an involuntary act may not serve as a basis for removal. Moreover, in their action, Plaintiffs have named California resident Doe Defendants, further excluding complete diversity. Finally, even if severance of Plaintiffs' cases could create a proper basis for removal, that event has not yet taken place. The cases, as they currently stand, are not removable; Monsanto's removal is unwarranted. Accordingly, each of Monsanto's arguments is insupportable and this Court should reject them in favor of immediate remand.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On November 30, 2018, ten California Plaintiffs who were exposed to Monsanto's herbicide, Roundup®, and were subsequently diagnosed with non-Hodgkin's lymphoma ("NHL"), joined together under California Code of Civil Procedure, section 378 to file a lawsuit. *See* Declaration of Robin L. Greenwald, Esq.; Ex. 1 (Plaintiffs' Original Complaint).  As set forth in the Complaint, all Plaintiffs allege the same injury (development of NHL) from the same conduct (design, development, manufacture, promotion, distribution, and sale of Roundup® Products) of the same defendant (Monsanto), and their claims arise out of the same series of transactions or occurrences (promotion, marketing, sale, and exposure to unsafe Roundup® Products). All Plaintiffs' claims, furthermore, involve common legal and medical issues. All Plaintiffs developed and were diagnosed with NHL as a direct and proximate result of their use of Monsanto's Roundup® Products and Monsanto's wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of their Roundup® Products. Plaintiffs originally filed their case in the Superior Court of the State of California for the County of San Francisco. The parties entered into a stipulation and filed a proposed order that the *Abreu* case should be transferred to the Judicial Counsel Coordinated Proceeding (JCCP No. 4953, *In Re Roundup Products Cases*), in the Superior Court of the State of California for the County of Alameda. *See* Greenwald Decl.; Ex. 2 (Proposed Order/Stipulation). On January 16, 2019, JCCP Plaintiffs' Counsel leadership filed a Motion asking the court for an order setting a bellwether selection process. *See* Greenwald Decl.; Ex. 3 (Plaintiffs' Notice of Motion and Motion for Court Order Setting Bellwether Selection Process).  In their Motion, Plaintiffs proposed a bellwether process involving ten-plaintiff trials, with each side selecting five plaintiffs. As Monsanto wished to proceed with single-plaintiff trials, Plaintiffs moved the court to resolve the dispute. *Id.*  At no point during the entire proceedings did any of the parties request a severance of the Plaintiffs.

2

However, on January 25, 2019, the Honorable Winifred Smith[1] presiding over the JCCP, issued a Case Management Order, denying, *without prejudice*, Plaintiffs' motion for a "consolidated trial" and setting forth a bellwether selection process.  *See* Greenwald Decl.; Ex. 4 (Order (1) Denying Motion of Plaintiffs for Consolidation of Case for Trial and (2) on Case Management). According to this order, the court and the parties would (1) identify bellwether plaintiffs; (3) set dates for bellwether trials without identifying specific plaintiffs; (3) work up all the bellwether cases for trial; and then (4) determine which plaintiffs will go to trial. According to Judge Smith's Order, "[o]nly at or after the final step can the court evaluate the issue of consolidation for trial." *Id*. at 3.

Pursuant to that plan, the JCCP court ordered, *sua sponte*, that "each Plaintiff must file their own individual complaint (except where the facts of the plaintiffs are closely intertwined)."  *Id*. at 3-4. Judge Smith ordered that for previously filed complaints with more than one plaintiff, "all plaintiffs except one per case must be dismissed and the other plaintiffs must file their own individual complaint ***by the earlier of (1) 6/30/19 or (2) 30 days after the date the case is assigned for trial***." *Id*. at 4 (emphasis added).  The court further ordered the counsel for plaintiffs to prepare and file a master complaint and a short form complaint. *Id*.  On March 27, 2019, citing Judge Smith's order as its basis, Monsanto removed this action.

## ARGUMENT

## I.   THE REMOVAL STATUTE IS TO BE INTERPRETED STRICTLY AGAINST REMOVAL.

To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). There is a "strong presumption against removal jurisdiction." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). The party seeking removal has the burden of establishing federal jurisdiction. *Holcomb v. Bingham Toyota, 871 F.2d 109, 110* (9th Cir. 1989). There must be ***no doubt*** that jurisdiction exists. If doubt exists, remand is required. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal

---

[1] Judge Smith replaced Judge Petrou as the Trial Coordination Judge, pursuant to Judge Petrou's appointment to appellate court.

3

jurisdiction must be rejected if there is *any doubt* as to the right of removal.") (emphasis added). "Doubts as to removability must be resolved in favor of remanding the case to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Furthermore, "plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum." *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  "Neither § 1332 nor any case of which we are aware provides that defendants may discard plaintiffs in order to make controversies removable. It is enough that the claims be real, that the parties not be nominal."  *Id.*  This is true even if the plaintiffs are joined "to prevent removal, that is their privilege."  *Id.*

## II.    MONSANTO'S ARGUMENTS IN SUPPORT OF REMOVAL FAIL.

### A.    The Fraudulent Misjoinder Doctrine is Inapplicable.

Faced with a lack of diversity in this case, Monsanto seeks to employ the fraudulent misjoinder doctrine to ask the Court to sever Plaintiffs' cases prior to performing the jurisdictional analysis. To support this position, Monsanto urges this Court to adopt the reasoning laid out by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds; Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000). However, the fraudulent misjoinder doctrine has not been adopted by the Ninth Circuit or courts in this District, and is inapplicable.

In *Tapscott,* the plaintiffs filed a class action complaint in state court, later amending the complaint to name two classes of defendants, both diverse and non-diverse from plaintiffs. *Id.* at 1335. The originally named defendant class sold service contracts in connection with the sale of *automobiles,* whereas the later-named class sold extended service contracts in connection with the sale of *retail products*. *Id.*  One of the diverse defendants—Lowe's—removed the case to federal court on the basis of diversity jurisdiction and filed a motion to sever the claims against the other defendants. *Id.* The Eleventh Circuit noted that, "the alleged transactions involved in the 'automobile' class are wholly distinct from the alleged transactions involved in the 'merchant'

class." *Id.* at 1360. It observed that it did not consider mere misjoinder as fraudulent joinder, but found the attempt to join the unrelated parties "so egregious as to constitute fraudulent joinder." *Id.*

The majority of courts addressing the issue have rejected the doctrine of fraudulent misjoinder, finding it an improper expansion of the scope of federal diversity jurisdiction by the federal courts.[2] *See, e.g., Early v. Northrop Grumman Corp.*, 2013 WL 3872218, at *2 (C.D. Cal. July 24, 2013) ("[T]he doctrine of procedural or fraudulent misjoinder is a recent and unwarranted expansion of jurisdiction, one which the Court is not inclined to adopt."). The Ninth Circuit does not recognize this doctrine. *See, e.g., Jurin v. Transamerica Life Ins. Co.,* 2014 WL 4364901, at *3 (N.D. Cal. Sept. 3, 2014) ("The Ninth Circuit has not adopted, approved, nor applied, the theory of fraudulent misjoinder.") (internal quotation and citation omitted)); *Dent v. Lopez,* 2014 WL 3057456, at *6 (E.D. Cal. July 7, 2014) (recognizing that the doctrine of fraudulent misjoinder "is simply inoperative in this Circuit.").

Similarly, district courts throughout the Ninth Circuit have refused to adopt the doctrine of fraudulent misjoinder. *See, e.g., Jurin,* 2014 WL 4364901, at *3 ("Indeed, district courts throughout the circuit have repeatedly and consistently declined to adopt the doctrine."); *Thee Sombrero, Inc. v. Murphy*, 2015 WL 4399631, at *4 (C.D. Cal. July 7, 2015) ("Not only has the Ninth Circuit declined to adopt the doctrine of fraudulent misjoinder, . . . district courts throughout the circuit have repeatedly and consistently declined to adopt the doctrine.") (Internal quotations and citations omitted); *J.T. Assocs., LLC v. Fairfield Dev., L.P.*, 2016 WL 1252612, at *8–9 (N.D. Cal. Mar. 31, 2016); *HVAC Sales, Inc., v. Zurich Am. Ins. Group*, 2005 WL 2216950, at *4 (N.D. Cal. July 25, 2005); *Mohansingh v. Crop Prod. Services, Inc.,* 2017 WL 4778579, at *3–4 (E.D. Cal. Oct. 23, 2017); *Blasco v. Atrium Med. Corp.*, 2014 WL 12691051, at *4–5 (N.D. Cal. Oct. 30, 2014).[3]

---

[2] The only other Circuit that has cited the doctrine of fraudulent misjoinder with approval is the Fifth Circuit. "The Fifth Circuit has cited *Tapscott* with approval, while stopping short of fully adopting fraudulent misjoinder." *In re: Bard Ivc Filters Prod. Liab. Litig.,* 2641, 2016 WL 2956557, at *3 (D. Ariz. May 23, 2016).

[3] Interestingly, only one of the cases cited by Monsanto, *Sutton v. Davol*, 251 F.R.D. 500 (E.D. Cal. 2008), is from a district court within the Ninth Circuit. The facts in that case are entirely distinguishable from those presented here. In *Sutton*, the court applied the doctrine of fraudulent misjoinder and found severance of the defendants proper because the plaintiffs' claims

5

Moreover, as far as Plaintiffs are aware, no court in the Northern District of California has adopted this doctrine.  *See Lopez v. Pfeffer,* 2013 WL 5367723, at *2 (N.D. Cal. Sept. 25, 2013) ("The Ninth Circuit has not adopted the *Tapscott* rationale, nor has any other court in our district adopted the fraudulent misjoinder theory.").   In any event, there is no fraudulent misjoinder here.

However, even assuming, *arguendo*, that *Tapscott* should guide the Court in its analysis of Monsanto's fraudulent misjoinder claim, the analysis, as set out by the Eleventh Circuit, does not lead to the conclusion that Monsanto urges.  Nothing in the facts of this case supports a finding of misjoinder, let alone a joinder "so egregious" to constitute fraudulent misjoinder per *Tapscott*'s analysis. *Tapscott,* 77 F.3d at 1360; *see also e.g., HVAC*, 2005 WL 2216950, at *6 (declining to apply *Tapscott* where plaintiff had "at least a colorable claim" against the non-diverse defendants and reading "*Tapscott* to apply in the rare circumstance where the egregiousness of plaintiffs' misjoinder is readily apparent" because "plaintiffs did not even attempt to justify their conglomeration of various unrelated defendants."); *Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1172 (N.D. Cal. 2003) ("Even if this court were to extend *Tapscott* to [the action at bar], there is no evidence that the claims are so unrelated as to constitute 'egregious' misjoinder.").

In a multi-plaintiff mass tort case involving dozens of plaintiffs from several states joined in one complaint against several different defendants, the Eighth Circuit declined to apply *Tapscott* absent evidence that plaintiffs' misjoinder borders on a "sham."  *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 623–24 (8th Cir. 2010).  The court clarified that it was not its role to rule on "whether the plaintiffs' claims are properly joined under Rule 20."  *Id.* at 623.  The appropriate question was whether "the misjoinder reflects an egregious or bad faith intent on the part of the plaintiffs to thwart removal." *Id.*  In deciding that plaintiffs' joinder was not so egregious to constitute a sham or bad faith, the court relied on the following common issues among the plaintiffs:

> Plaintiffs' claims arise from a series of transactions between HRT [hormone-replacement therapy] pharmaceutical manufacturers and individuals that have used HRT drugs. Plaintiffs allege the manufacturers conducted a national sales and marketing campaign to falsely promote the safety and benefits of HRT drugs and understated the risks of HRT drugs. Plaintiffs contend their claims are logically related

against the resident defendants were based on a completely different theory of liability and involved unique factual and legal issues. *Id.*

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> because they each developed breast cancer as a result of the manufacturers' negligence in designing, manufacturing, testing, advertising, warning, marketing, and selling HRT drugs. Some of the plaintiffs allege to have taken several HRT drugs made by different manufacturers.

*Id.*

The case at bar involves California residents diagnosed with the same type of cancer, non-Hodgkin's lymphoma, which they developed as the result of their exposure to one type of product, Roundup®. All Roundup® products at issue contain the same carcinogenic ingredient, glyphosate. There are manufacturing and distributing relationships between Monsanto and the Wilbur-Ellis Defendants that did not exist in *Tapscott*. There is little, if any, doubt that these ten Plaintiffs have asserted a right to relief arising out of the same transaction, occurrence, or series of occurrences and which present questions of law or fact common to all of them. *See* California Code of Civil Procedure § 378(a)(1). Given the significant legal and factual issues common to each Plaintiffs' claims, their joinder is proper under both Federal Rule of Civil Procedure 20 and California Code of Civil Procedure § 378. The fact that these cases have been consolidated in a multidistrict forum in this Court, and in a coordinated forum in the JCCP, is the strongest indication of the common elements that are predominant among Plaintiffs' cases. These Plaintiffs are not misjoined and nothing in the case warrants their severance by this Court as Monsanto requests.

Further, in no event could it be said that the Plaintiffs' cases are egregiously misjoined or that their joinder borders on a "sham." This is particularly true where the Missouri state courts have uniformly denied Monsanto's motions to sever multi-party complaints.

Finally, Monsanto disingenuously claims that "this Court need not make a fraudulent misjoinder ruling." Notice of Removal, ¶ 14. However, in the very next paragraph, it asks the Court to do just that: "This Court has the authority to implement the JCCP Severance Order under Rule 21 and *the case law cited above* [regarding fraudulent misjoinder] . . . ." *Id.* at ¶ 15 (emphasis added). Plaintiffs' cases are properly joined, and the Court should reject Monsanto's improper proposition. Rule 21 and policies embodied by it do not provide a valid basis for severance of Plaintiffs' cases.

7

**B.      Monsanto's Removal Violates the Voluntary-Involuntary Rule and Is Predicated Upon an Inoperative Interlocutory Order.**

The law has been well-settled in the Ninth Circuit for the past forty years:  an action that is not removable as originally filed must remain in state court unless the ***plaintiff*** does something ***voluntarily*** to change the nature of the case that renders it removable. *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657–60 (9th Cir. 1978). "[O]nly a voluntary act of the plaintiff [can] bring about removal to federal court." *Id.* at 658.

> [W]hen an event occurring after the filing of a complaint gives rise to federal jurisdiction, the ability of a defendant to remove is not automatic; instead, removability is governed by the "voluntary/involuntary rule."  The rule provides that **a suit which, at the time of filing, could not have been brought in federal court must "remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable**."

*People of State of Cal. By & Through Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993) (quoting *Self,* 588 F.2d at 657) (internal citations omitted) (emphasis added). "In *Self v. General Motors,* we discussed the rule that only a voluntary act by a plaintiff could create diversity removal jurisdiction where none existed from the complaint." *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986). In *People of State of Cal. By & Through Lungren v. Keating*, the Ninth Circuit observed:

> As the Supreme Court has stated: "The obvious principle of [the decisions developing the voluntary/involuntary rule] is that, in the absence of a fraudulent purpose to defeat removal, **the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case . . . and that this power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case nonremovable when commenced shall afterwards** become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, *in invitum,* order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion."

986 F.2d 346, 348 (9th Cir. 1993) (Quoting *Great Northern Ry. v. Alexander,* 246 U.S. 276, 282 (1918)) (emphasis added). "Voluntary action exists where the plaintiff voluntarily amends his pleadings or where the plaintiff agrees to voluntarily dismissal or nonsuit of the nondiverse defendants." *Unterleitner v. Basf Catalysts LLC*, 2016 WL 805167, at *2 (N.D. Cal. Mar. 2, 2016) (citing *Self*, 588 F.2d at 659). Even entry of summary judgement (or final judgment) as to non-

8

diverse parties does not trigger a basis for removal.  *Self*, 588 F.2d at 659-60. Simply put, when a case is not removable as filed, a court order cannot create a basis for removal. *Id.*

The voluntary-involuntary rule applies to multi-plaintiff cases where the dismissal of a plaintiff creates diversity.  *See Mullin v. Gen. Motor LLC*, 2016 WL 94235, at *3 (C.D. Cal. Jan. 7, 2016). In *Mullin*, the plaintiffs filed a multi-plaintiff complaint in a mass tort litigation wherein only some of the plaintiffs shared citizenship with the defendant. *Id.* These diversity-destroying plaintiffs were dismissed on *forum non-conveniens* grounds "by an order of the Superior Court, not by Plaintiffs' voluntary action," leaving only one plaintiff on the complaint and thus creating complete diversity.  *Id.*  Subsequently defendant removed the action. The district court remanded, holding that, "[u]nder the voluntary-involuntary rule, this did not render the case removable, and removal to the district court was improper." *Id.*   Likewise, here, where diversity is being created by the involuntary dismissal of Plaintiffs, removal is improper.

This action is not removable as there is not complete diversity among Plaintiffs and Defendants as originally filed. According to Monsanto's Removal Notice, its exclusive basis for removal is the Case Management Order issued by the JCCP court requiring the severance of Plaintiffs' cases and not any voluntary action of the Plaintiffs.  At no point during this litigation have Plaintiffs sought the severance of their cases. The Order on which Monsanto relies, (an order that gives Plaintiffs until June 30, 2019 to comply), was *sua sponte* and issued in response to Plaintiffs' request for a multi-plaintiff bellwether trial setting.  Nothing in this sequence of events can be read to involve a voluntary action by Plaintiffs that would render their case removable. "Since a voluntary act by the plaintiff has not rendered the case removable, **it must remain in state court**." *Lungren*, 986 F.2d at 348 (emphasis added). The same result is warranted here. The Court should remand this case to state court where it belongs.

### C.      Complete Diversity of Citizenship Is Lacking in this Case and Remand Is Required.

There is not complete diversity of citizenship among Plaintiffs and Defendants in this case. Defendant, Wilbur-Ellis Company, LLC, a California corporation, distributes Roundup® products in California. *See* Plaintiffs' Complaint, ¶¶ 66, 144-45 (Greenwald Decl., Ex. 1). California precedent makes it clear that distributors may be held liable for injuries caused by the defective

9

products they distribute and market. *Anderson v. Owens-Corning Fiberglass Corp*., 810 P.2d 549 (1991) ("In *Vandermark v. Ford Motor Co*. (1964) 61 Cal. 2d 256, we extended the [strict liability] doctrine to distributors of defective products."); *Bostick v. Flex Equip. Co*., Inc., 54 Cal. Rptr. 3d 28 (2007) (holding that the doctrine of products liability imposes liability in tort on all of the participants in the chain of distribution of a defective product). Thus, Wilbur-Ellis Company is properly joined as a Defendant in this case.

Monsanto claims that Wilbur-Ellis Company does not distribute Roundup® to outlets that sell Roundup® to the general public. Subsequently, it claims that Wilbur-Ellis Company has been fraudulently joined by Plaintiffs who bought Roundup® from such stores. This argument is a red herring. Even if some of the Plaintiffs did not buy products distributed by Wilbur-Ellis Company, Wilbur-Ellis Company distributed the Roundup® products used by decedent Frank M. Cima and Plaintiff Kenneth Gill,[4] as Monsanto admits. Notice of Removal, ¶ 25.  Even Monsanto does not challenge the adequacy of the claims brought by Plaintiffs who admittedly used Roundup® products distributed by Wilbur-Ellis Company. This leads to two conclusions: (1) Wilbur-Ellis Company is a properly joined Defendant in the case; and (2) complete diversity is lacking in this case and remand is warranted.  As Plaintiffs are properly joined, Monsanto's claim of fraudulent joinder of Wilbur-Ellis Company by Plaintiffs who bought Roundup® products for residential use, is inapplicable.

Monsanto's argument regarding the business activities by Wilbur-Ellis Feed LLC, and its lack of participation in Roundup® distribution does not alter the jurisdictional analysis.  Monsanto does not contest the fact that the other named Defendant, Wilbur-Ellis Company LLC, distributed Roundup® products within the State of California. Notice of Removal, ¶¶ 29-32.  Thus, even if Wilbur-Ellis Feed LLC has been named erroneously in this action, the presence of Wilbur-Ellis Company LLC in the case defies complete diversity of citizenship in the case, requiring remand of the case.

---

[4] Mr. Kenneth Gill was inadvertently omitted from the caption of Abreu Complaint, but his allegations appear in the b body of the Complaint.

10

### D. Plaintiffs' Complaint, as Originally Filed and at Removal, Confirms that Federal Jurisdiction Does Not Exist in this Case.

As the Ninth Circuit has recognized, "the existence of federal jurisdiction on removal must be determined from the face of the plaintiffs' complaint." *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1426–27 (9th Cir. 1984). The Ninth Circuit has explained the rationale for this holding: "Underlying these principles is the rationale that *a plaintiff should be free to frame and pursue his theory of pleading*, especially if the claim could be either or both state and federal." *Id.* (quoting *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913) (emphasis added).  When an action is removed based on diversity, complete diversity must exist at removal. *Miller v. Grgurich,* 763 F.2d 372, 373 (9th Cir.1985).

Complete diversity of citizenship is lacking in Plaintiffs' Complaint **as originally filed, at removal, and as it stands at present.**  Monsanto has based its improper removal on an order by the JCCP court that calls for the severance of Plaintiffs' cases at some point in future. At present, these cases stand joined and properly so.  And thus, in spite of Monsanto's misleading arguments, there is no diversity jurisdiction in this case in its current posture in front of this Court.

Monsanto urges this Court to follow in Judge Smith's footsteps with regard to the severance of this action. This is a disingenuous request as Monsanto never challenged the propriety of the joinder of Plaintiffs in that court and Judge Smith's Case Management Order did not bear on the issue.[5] The January 25, 2019 Case Management Order is simply an administrative step taken by the court to, in its judgment, streamline the bellwether plaintiff selections.  Judge Smith proceeded with ordering Plaintiffs' cases severed to allow for either single-plaintiff trial and/or a possible future re-grouping of plaintiffs for trial on the basis of the specifics of their cases.  Contrary to Monsanto's contention, this administrative step does not provide any basis for this Court to sever Plaintiffs' cases in order to create the otherwise lacking federal jurisdiction. Nothing in Federal Rule of Civil Procedure 21 and policies embodied by it supports a severance in this case.  Finally, that the JCCP case Management Order is not a valid basis for removability is supported by the well-settled rule

---

[5] Monsanto, disingenuously refers to Judge Smith's Case Management Order as "the JCCP Misjoinder/Severance Order." Removal Notice ¶ 42. Nothing in that Order touches on properness of Plaintiffs' joinder in the case.

that any ambiguities in the propriety of a removal must be construed *against* removal and in favor of remand. *Matheson*, 319 F.3d at 1090.

### E.  Plaintiffs' Complaint Properly Named Doe Defendants That Defeat Diversity.

Monsanto ignores the fact that Plaintiffs' Complaint also named Doe Defendants, which are citizens of California, with sufficient specificity.  Under California law, Plaintiffs are entitled to name Doe Defendants and to amend the Complaint accordingly upon discovery of the new defendants. California Code of Civil Procedure § 474.  "If . . . Plaintiff's allegations that concern the Doe Defendants provide a reasonable indication of their identity, the relationship to the action, and their diversity-destroying citizenship, then the Court lacks diversity jurisdiction." *Robinson v. Lowe's Home Centers,* LLC, 2015 WL 13236883, at *3 (E.D. Cal. Nov. 13, 2015) (citing *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp*., 2015 WL 5646648 (E.D. Cal. Sept. 24, 2015)).

An allegation against a Doe Defendant is sufficient where "[p]laintiff had alleged that the Doe Defendants were California citizens, or provided some information about their involvement in the case." *Robinson*, 2015 WL 13236883, at *4  (citing *Fisher v. Direct TV, Inc.,* 2013 WL 2152668, at *5 (D. Mont. May 16, 2013) (finding the "Doe defendants are reasonably identifiable as [the named Defendant's] employees who are citizens of Montana," which defeated diversity jurisdiction); *Incopero v. Farmers Ins. Exchange*, 113 F.R.D. 28, 31 (N.D. Cal. Sept. 8, 1986) (allegations about Doe defendants' conduct as "agents and employees" of the named defendant and that they were of same citizenship as the plaintiff provided a reasonable indication that complete diversity did not exist).

Here, Plaintiffs reasonably identify the Doe Defendants and identify the fact that they "were and are corporations organized and existing under the laws of the State of California."  Complaint ¶ 73.  Plaintiffs identified each of the Doe Defendants as, "the agent, servant, employee and/or joint venturer of the other co-Defendants," and "engaged in the business of researching, developing, designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing [Roundup] into interstate commerce and into the State of California."   Complaint ¶¶ 71, 74.  Therefore, there is sufficient information to allow the Court to determine that the Doe Defendants are citizens of California and that their conduct makes them liable towards Plaintiffs.

12

In fact, these Doe Defendants are not hypothetical.  The Master Complaint currently pending in the JCCP per Judge Smith's Case Management Order of January 25, 2019, names at least one of the Doe Defendants as Chevron Corporation, a California resident.  *See* Greenwald Decl.; Ex.5 (Current draft of Master Long Form Complaint and Jury Demand[6]) at ¶¶ 28-37.

Chevron was instrumental in working with Monsanto to establish the home user market for Roundup® in California (and other states).  Specifically, Plaintiffs allege:

> Chevron, through its Ortho Consumer Products Division, investigated and prepared storage stability data, and conducted other testing, research and analyses, to support the EPA registration of Roundup® and other glyphosate-based formulations intended for the residential consumer market. The research was then submitted to the EPA by Monsanto in furtherance of continued registration of Roundup® products and other glyphosate-based formulations. Under the entity name "Monsanto Chevron," Chevron directly contributed to the continued registration of the carcinogenic Roundup® products and other glyphosate-based formulations that were tested, researched, analyzed, manufactured, registered, distributed, marketed and sold in California, aimed at a California consumer market, and purchased and used by Plaintiffs.

*Id*. at ¶ 28.

Plaintiffs allege that Chevron was a co-venturer of Monsanto and its actions constituted a joint effort with Monsanto.  *Id.* at ¶ 32.  This joint enterprise theory is cognizable under California law, and makes Chevron liable to the home-users of Roundup®.  *See, e.g., Hill v. Takeda Pharm. N. Am., Inc*., 2012 WL 174815, at *3 (N.D. Cal. Jan. 20, 2012) (remanding case where the defendant did not manufacture product plaintiff consumed but "may have been party to a joint enterprise with other Takeda entities to research and manufacture [product at issue]," because they "shared and relied on each other's clinical data to make decisions about safety testing and manufacturing."). Accordingly, complete diversity between Plaintiffs and Defendants is lacking in this action even if the Wilbur-Ellis Defendants citizenship is disregarded in jurisdictional analysis by this Court.

**F. Monsanto's Removal Is Untimely and Unwarranted.**

In addition to suffering from internal inconsistency in its factual and legal contentions, Monsanto's Removal Notice is untimely.  Monsanto's sole argument that its removal is timely relies upon the argument that Paragraph 2 of Judge Smith's Case Management Order of Jan 25, 2019

---

[6] Plaintiffs are still in the process of finalizing the Master Long Form Complaint, which per Judge Smith's order is to be filed by June 30, 2019. The copy attached as Exhibit 5 is an unfinished draft and not finalized.

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

opened a 30-day window to remove.  It did not.  That paragraph simply directed that cases of many plaintiffs "must be dismissed by the earlier of (1) 6/30/19, or (2) 30 days after the case is assigned for trial."  Ex. 4. at 4. No such dismissals had occurred at the time of removal, and, to the best of Plaintiffs' knowledge, no such dismissals have occurred since removal.  The January 25, 2019 order was by definition an interlocutory order, subject to reconsideration and withdrawal at any time until it became operative by the occurrence of dismissals.   Indeed, the removal prevents the order from becoming operative.

Judge Smith's order contemplates future *ex parte* dismissals by the affected Plaintiffs.  After removal, and until remand of this case to the state court, *ex parte* dismissal by Plaintiffs is impossible, as the Federal Rules of Civil Procedure are markedly different from the California rules which the JCCP Judge expected to effectuate.   Rule 41 prevents dismissals as contemplated in the future by Judge Smith, allowing dismissals only upon stipulation of all parties or court order.  Fed. R. Civ. P. 41(a).

Moreover, Monsanto has removed the Plaintiffs' properly-joined action based on the JCCP's Case Management Order, which provides for the severance of Plaintiffs' cases at a future point, namely, June 30, 2019.  None of the Plaintiffs whose cases have been subject to removal have yet filed individual cases, and thus, and for all intents and purposes, Plaintiffs' cases stand joined, and *properly* so.  However, faced with the reality that its removal is premature, Monsanto is asking this Court to sever the cases now that they are improperly in federal court.

As a threshold matter, and as noted earlier, Ninth Circuit precedent does not allow for an *involuntary* severance of Plaintiffs' cases to serve as basis for removal. *Self*, 588 F.2d at 658. However, even assuming that Monsanto may properly use the involuntary severance of Plaintiffs' cases as a basis of removability of this action, it *must* wait until Plaintiffs' cases are *actually severed*.

Interestingly, Monsanto tries to justify its premature removal by admitting that if it were to wait on removal until this step—*i.e*., **the basis it cites for removability**—took place, its removal would be prohibited by the one-year-limitation-on-removal provision in 28 U.S.C. § 1446(c), as well as for being past the thirty-day removal deadline provision in 28 U.S.C. § 1446(b)(3). Removal Notice ¶ 15.  To begin, Monsanto's argument is nonsensical.  Plaintiffs filed their complaint on

14

November 30, 2018. Thus, even if Monsanto had waited until June 30, 2019 for Plaintiffs to dismiss and refile their cases, it would be in no danger of approaching the one-year limitation on removal in 28 U.S.C. § 1446(c).  This argument simply does not apply to the *Abreu* Plaintiffs.

Moreover, it is an ironic argument. Monsanto is, in effect, asking this Court to disregard factual issues and legal standards and sanction Monsanto's gamesmanship and abuse of the removal statutes. "When an action is removed on the basis of diversity, **the requisite diversity must exist at the time the action is removed to federal court**." *Miller*, 763 F.2d at 373 (citing C. Wright, *Law of Federal Courts* § 38, at 153 (3d ed. 1976); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723, at 311 (2d ed. 1985)) (emphasis added). There is no question that "requisite diversity" did not exist in this case when Monsanto removed it. The fact that the limited window for removal would be closed by the time Plaintiffs' cases may be in a posture that would be more helpful to Monsanto's removal arguments does not allow Monsanto to remove a case prematurely before it has become *purportedly* removable. The Court should reject Monsanto's meritless argument.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request this Court to grant Plaintiffs' Motion to Remand.

Dated:  April 23, 2019

**WEITZ & LUXENBERG PC**

By:  */s/ Robin L. Greenwald*
Robin L. Greenwald, Esq.
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax:  (212) 344-5461
rgreenwald@weitzlux.com

Devin Bolton, Esq.
700 Broadway
New York, NY 10003
Tel: (212) 558-5552
Fax:  (212) 344-5461
dbolton@weitzlux.com

*Attorneys  for Plaintiffs*

16

1

## CERTIFICATE OF SERVICE

2

I, Robin Greenwald, hereby certify that, on April 23, 2019, I electronically filed the foregoing with the Clerk for the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

3

4

*/s/ Robin L. Greenwald*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Memorandum of Points & Authorities ISO Plaintiffs' Motion to Remand          3:19-cv-01587-VC