# Exhibit 3

Michael L. Baum, Esq. (SBN: 119511)
mbaum@baumhedlundlaw.com
R. Brent Wisner, Esq. (SBN: 276023)
rbwisner@baumhedlundlaw.com
Pedram Esfandiary (SBN: 312569)
pesfandiary@baumhedlund.com
**BAUM HEDLUND, ARISTEI, &
GOLDMAN, P.C.**
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
Telephone: (310) 207-3233
Facsimile: (310) 820-7444

Michael Miller (*pro hac vice*)
mmiller@millerfirmllc.com
**THE MILLER FIRM, LLC**
108 Railroad Ave
Orange, VA 22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055

*Attorneys for JCCP Plaintiffs*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE (Rule 3.550)<br><br>**ROUNDUP PRODUCTS CASES** | JCCP NO. 4953<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR COURT ORDER SETTING BELLWETHER SELECTION PROCESS** |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Hon. Winifred Smith<br>Hearing Date: Friday, January 25, 2019<br>Time: 10:00 a.m.<br>Department: 21<br>**Reservation No.: R-2039474** |

## TABLE OF CONTENTS

TABLE OF CONTENTS .............................................................................................................. i

TABLE OF AUTHORITIES ....................................................................................................... ii

TO ALL PARTIES AND THEIR COUNSELS OF RECORDS: .............................................1

INTRODUCTION ........................................................................................................................2

LEGAL STANDARD ..................................................................................................................3

PLAINTIFFS' PROPOSAL ........................................................................................................3

ARGUMENT ................................................................................................................................7

    I.      Courts in Mass Tort Actions Regularly Conduct Consolidated Bellwether Trials.........7

    II.     Consolidating Bellwether Trials in this JCCP will Promote Efficiency Without
         Prejudice ...............................................................................................................8

        A.    Efficiency is Best Served by Consolidating Trials ...........................................8

        B.    There Will Be No Prejudice to Monsanto.........................................................9

CONCLUSION ...........................................................................................................................10

1

## TABLE OF AUTHORITIES

2

Page(s)

3

Cases

4

*Allen v. Woodford*,

5

(E.D. Cal., Dec. 26, 2006, No. 1:05CV01104 OWWLJO) 2006 WL 3825008 ................................9

6

*Aluya v. Management & Training Corporation*,

7

(E.D. Cal., Aug. 7, 2017, No. 1:13-CV-1209-AWI-JLT) 2017 WL 3383103 .................................9

8

*Cantrell v. GAF Corp.*,

9

999 F.2d 1007 (6th Cir. 1993) ......................................................................................................8

10

*Carpenter v. GAF Corp.*, Nos. 90-3460, 90-3461,

1994 U.S. App. LEXIS 2694 (6th Cir. Feb. 15, 1994) ...................................................................8

11

*Cimino v. Raymark Indus., Inc.*,

12

151 F.3d 297 (5th Cir. 1998) .......................................................................................................8

13

*Dusky v. Bellasaire Investments*,

14

(C.D. Cal., Dec. 4, 2007, No. SACV07-874DOC) 2007 WL 4403985 .........................................10

15

*Estate of Baker*,

16

(1982) 131 Cal.App.3d 471 .........................................................................................................3

17

*Fellner v. Steinbaum*,

18

(1955) 132 Cal.App.2d 509 .........................................................................................................3

19

*Hendrix v. Raybestos-Manhattan, Inc.*,

20

(11th Cir. 1985) 776 F.2d 1492 ...................................................................................................9

21

*Hydroxycut Mkg. and Sales Prac. Litig.*,

(S.D. Cal., June 29, 2012, No. 3:09-MD-2087-BTM KSC) 2012 WL 2522859 ..............................8

22

*In re Brooklyn Navy Yard Asbestos Litig.*,

23

971 F.2d 831 (2d Cir. 1992) ........................................................................................................8

24

*In re Chevron U.S.A., Inc.*,

25

(5th Cir.1997) 109 F.3d 1016 ......................................................................................................8

26

*In re Hanford Nuclear Reservation Litigation*,

27

(9th Cir. 2008) 534 F.3d 986 .......................................................................................................8

28

*Jenkins v. Raymark Indus., Inc.*,

782 F.2d 468 (5th Cir. 1986) .......................................................................................................8

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR COURT ORDER SETTING BELLWETHER SELECTION PROCESS

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990)........................................................................8

*McGhan Medical Corp. v. Superior Court*,
   (1992) 11 Cal.App.4th 804...........................................................................3

*Mercury Ins. Group v. Superior Court*,
   (1998) 19 Cal.4th 332..................................................................................7

*Paxonet Communications, Inc. v. TranSwitch Corp.*,
   (N.D. Cal. 2003) 303 F.Supp.2d 1027............................................................3

*Rodriguez v. Bethlehem Steel Corp.*,
   (1974) 12 Cal.3d 382....................................................................................3

*Todd-Stenberg v. Dalkon Shield Claimants Trust*,
   (1996) 48 Cal.App.4th 976...........................................................................9

*Wouldridge v. Burns*,
   (1968) 265 Cal.App.2d 82.........................................................................7, 9

Other Authorities

9A Fed. Prac. & Proc. Civ. § 2384 ....................................................................8

CACI 103 ..........................................................................................................9

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR COURT ORDER SETTING BELLWETHER SELECTION PROCESS

**TO ALL PARTIES AND THEIR COUNSELS OF RECORDS:**

**PLEASE TAKE NOTICE** that on January 25, 2019 at 10:00 a.m., or soon thereafter as the matter can be heard in Department 21 of this Court, The Honorable Judge Winifred Y. Smith presiding, located at 1221 Oak Street, Oakland, CA, 94612, the Plaintiffs will move and hereby do respectfully move this court for an order Setting Bellwether Selection Process.

Dated:  January 16, 2019

**BAUM HEDLUND ARISTEI & GOLDMAN, P.C.**

R. Brent Wisner (SBN: 276023)
rbwisner@baumhedlundlaw.com
Pedram Esfandiary (SBN: 312569)
pesfandiary@baumhedlundlaw.com
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
Tel: (310) 207-3233 // Fax:  (310) 820-7444

**THE MILLER FIRM, LLC**
Michael Miller *(pro hac vice)*
mmiller@millerfirmllc.com
108 Railroad Ave
Orange, VA 22960
Tel: (540) 672-4224 // Fax: (540) 672-3055

**MILLER DELLAFERA PLC**
Peter Miller *(pro hac vice)*
pmiller@millerdellafera.com
3420 Pump Road | PMB 404
Henrico, VA 23233-1111
Tel: (800) 401-6670 // Fax: (888) 830-1488
*Plaintiffs JCCP Liaison Counsel*

1

**<u>INTRODUCTION</u>**

This JCCP is fast approaching the stage of selecting bellwether trials.  However, there is a threshold dispute—set forth in the November 29, 2018 joint case management statement—of whether bellwether trials should be consolidated.  The Parties specifically stipulated to having the Court address this issue as soon as possible, following the transfer from the Hon. Ioana Petrou to the Hon. Winifred Smith.

The disputed issue is straight-forward:  Plaintiffs propose a bellwether process involving ten-plaintiff trials, with each side selecting five plaintiffs, whereas Monsanto wishes to proceed with single-plaintiff trials.  Thus, Plaintiffs hereby move the Court to resolve this dispute and enter a Case Management Order setting ten-plaintiff bellwether trials for August 12, 2019, January 12, 2020, and April 12, 2020, respectively, in accordance with the below schedule.  As explained in the following sections, considering the posture of this JCCP, consolidated trials make sense.

First, consolidated trials avoid conflicting verdicts on common issues of law and fact.  A single jury can adjudicate common issues across multiple cases without the parties incurring the risk (and additional expense) of another jury reaching a conflicting result regarding the same issues.

Second, consolidation will expend the least amount of judicial resources to identify a range of representative cases.  Indeed, the verdict of one jury after the first ten-plaintiff trial will give the parties an immediate, clear sense of the types of cases pending in this JCCP without the need to try consecutive one-plaintiff cases over a substantially longer period of time.  Indeed, a single-plaintiff trial has already been tried, resulting in a unanimous jury verdict of $289 million against Monsanto.  *Johnson v. Monsanto Company* (Super Ct. County of San Francisco, No. CGC-16-550128, August 10, 2018).[1]

Third, any risk of undue prejudice or confusion can be mitigated with jury instructions tailored for trials involving multiple parties.  *See* Judicial Council of California Civil Jury Instruction ("CACI") 103 ("There are [number] plaintiffs in this trial. You should decide the case of each plaintiff separately as if it were a separate lawsuit.").  Additional instructions by the Court and the

---

[1] Plaintiffs Liaison Counsel in this JCCP were lead trial counsel in *Johnson*.

proper structure of argument and evidence also serve to ameliorate potential undue prejudice or confusion.

Lastly, a consolidated preference trial is slated to commence in this JCCP on March 18, 2019. *Pilliod, et al. v. Monsanto Company, et al.*, (Super Ct. County of Alameda, No. RG17862702). The Parties will thus be guided by the conduct of the *Pilliod* trial in trying the proposed three ten-plaintiff trials. As observed by this Court in recommending multi-plaintiff bellwether trials in a separate personal injury JCCP, "[t]he Court expects the trials to become progressively easier to present to juries as the coordination trial judge, the trial judges, and counsel develop common and predictable procedures." Ex. 1 to Decl., *Essure Product Cases*, JCCP No. 4887 ("*Essure* JCCP"), Court Concept for Trial Setting and Case Management Orders (Nov. 19, 2018) ("*Essure* Bellwether Concept") at 4.

## LEGAL STANDARD

A coordination court enjoys "great breadth of discretion" to facilitate the efficient transition of a large number of coordinated cases. *McGhan Medical Corp. v. Superior Court* (1992) 11 Cal.App.4th 804, 812. Code of Civil Procedure section 1048, based on the federal counterpart Rule 42, provides in relevant part:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Code Civ. Proc., § 1048(a); *Rodriguez v. Bethlehem Steel Corp.* (1974) 12 Cal.3d 382, 407, n. 28 ("Consolidation: Code of Civil Procedure section 1048, based on federal rule 42."); *Paxonet Communications, Inc. v. TranSwitch Corp.* (N.D. Cal. 2003) 303 F.Supp.2d 1027, 1028 ("To determine whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation."). The decision of a trial court to consolidate multiple actions for purposes of trial is afforded great deference, and "will not be disturbed on appeal absent a clear showing of abuse of discretion." *Estate of Baker* (1982) 131 Cal.App.3d 471, 485 (citing *Fellner v. Steinbaum* (1955) 132 Cal.App.2d 509, 511.).

## PLAINTIFFS' PROPOSAL

Plaintiffs' proposal is guided by the Court's observations in the *Essure* JCCP. However,

given that this JCCP does not contain the same number of cases currently pending in the *Essure* JCCP, Plaintiffs propose proceeding with three rounds of ten-plaintiff trials—each side selecting five cases for each trial—set for August 12, 2019, January 12, 2020, and April 12, 2020, respectively. The cases will be tried in Alameda County.  This schedule / protocol may be revisited following completion of the third trial and, if necessary, revised to increase the number of cases set for trial depending on the size of the JCCP at the time.  Moreover, San Francisco County, where the majority of the actions pending in this JCCP were originally filed, may be considered as an additional venue for trying future cases following completion of the third trial.

To ensure that the parties can select and work up cases with ample time in anticipation of the second and third trials, Plaintiffs propose that by April 11, 2019 Monsanto answer 50% of complaints outstanding as of the date the Court enters Plaintiffs' proposed Order.  Plaintiff fact sheets for complaints answered by April 11, 2019 will be due by June 10, 2019.  *See* CMO No. 9 at 4 (plaintiffs shall serve PFSs on Defendants within sixty (60) days after Defendants file answers to the complaint.").  By July 11, 2019, Monsanto will answer the remaining 50% of cases outstanding as of the date the Court enters Plaintiffs' proposed Order.  Plaintiff fact sheets for complaints answered by July 11, 2019 will be due by September 10, 2019.

**Proposed Schedule for First Bellwether Trial**

| Date | Event |
|---|---|
| Feb 11, 2019 | Deadline for Parties to select 5 bellwethers |
| May 3, 2019 | Completion of bellwether fact discovery |
| May 10, 2019 | Designation of case-specific & liability experts (no reports needed) |
| June 7, 2019 | Completion of expert discovery |
| June 7, 2019 | Affirmative deposition designations |
|  |  |

4

| June 21, 2019 | Responsive deposition designations & objections |
|---|---|
| June 28, 2019 | Rebuttal designations & objections |
| July 1, 2018 | Rebuttal designation objections |
| July 1, 2019 | Case-specific bellwether *Sargon* motions |
| July 29, 2019 | Opposition to case-specific bellwether *Sargon* motions (no replies) |
| July 30, 2019 | Exhibit list filed, MILs filed, disputed depo designations submitted to Court, witness lists filed, statement of the case submitted, proposed jury instructions submitted, proposed verdict forms submitted, jury selection questionnaires submitted, glossary submitted |
| August 5, 2019 | Final Pretrial Conference |
| August 12, 2019 | Trial (jury selection) |

| **Proposed Schedule for Second Bellwether Trial** | |
|---|---|
| **Date** | **Event** |
| July 11, 2019 | Deadline for parties to select 5 cases for trial in January, 2020 |
| October 4, 2019 | Completion of fact discovery |
| October 11, 2019 | Designation of case-specific & liability experts (no reports needed) |
| November 8, 2019 | Completion of expert discovery |
| November 8, 2019 | Affirmative deposition designations |

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR COURT ORDER SETTING BELLWETHER SELECTION PROCESS

| November 22, 2019 | Responsive deposition designations & objections |
| November 29, 2019 | Rebuttal designations & objections |
| December 2, 2019 | Rebuttal designation objections |
| December 2, 2019 | Case-specific *Sargon* motions |
| December 30, 2019 | Opposition to case-specific *Sargon* motions (no replies) |
| December 30, 2019 | Exhibit list filed, MILs filed, disputed depo designations submitted to Court, witness lists filed, statement of the case submitted, proposed jury instructions submitted, proposed verdict forms submitted, jury selection questionnaires submitted, glossary submitted |
| January 6, 2019 | Final Pretrial Conference |
| January 13, 2019 | Trial (jury selection) |

**Proposed Schedule for Third Bellwether Trial**

| Date | Event |
| --- | --- |
| October 11, 2019 | Deadline for parties to select 5 cases for trial in April, 2020 |
| January 3, 2020 | Completion of fact discovery |
| January 10, 2020 | Designation of case-specific & liability experts (no reports needed) |
| February 7, 2020 | Completion of expert discovery |
| February 7, 2020 | Affirmative deposition designations |

6

| | |
|---|---|
| February 21, 2020 | Responsive deposition designations & objections |
| February 28, 2020 | Rebuttal designations & objections |
| March 2, 2020 | Rebuttal designation objections |
| March 2, 2020 | Case-specific *Sargon* motions |
| March 30, 2020 | Opposition to case-specific *Sargon* motions (no replies) |
| March 30, 2020 | Exhibit list filed, MILs filed, disputed depo designations submitted to Court, witness lists filed, statement of the case submitted, proposed jury instructions submitted, proposed verdict forms submitted, jury selection questionnaires submitted, glossary submitted |
| April 6, 2020 | Final Pretrial Conference |
| April 13, 2020 | Trial (jury selection) |

## <u>ARGUMENT</u>

### I.   Courts in Mass Tort Actions Regularly Conduct Consolidated Bellwether Trials

It has historically been recognized in California that "consolidation of actions does not affect the rights of the parties. The purpose of consolidation is merely to promote trial convenience and economy by avoiding duplication of procedure, particularly in the proof of issues common to both actions." *Wouldridge v. Burns* (1968) 265 Cal.App.2d 82, 86.  Importantly, consolidation "avoid[s] conflicting rulings on a common issue of law or fact. *Mercury Ins. Group v. Superior Court* (1998) 19 Cal.4th 332, 350.

Such principles make consolidation a particularly effective tool in the mass tort context, where bellwether trials reveal important information about the strengths and weaknesses of respective

7

cases to inform collective resolution.  *See, e.g.*, *In re Hydroxycut Mkg. and Sales Prac. Litig.* (S.D. Cal., June 29, 2012, No. 3:09-MD-2087-BTM KSC) 2012 WL 2522859, at *2 ("'The notion that the trial of some members of a large group of claimants may provide a basis for enhancing prospects of settlement or for resolving common issues or claims is a sound one that has achieved general acceptance by both bench and bar.'") (quoting *In re Chevron U.S.A., Inc.,* (5th Cir.1997) 109 F.3d 1016, 1019); *see also* § 2384 Consolidation—Particular Cases, 9A Fed. Prac. & Proc. Civ. § 2384 (3d ed.) ("Actions by different plaintiffs arising out of…the use of a common product that is alleged to be defective in some respect, frequently are ordered consolidated under Rule 42(a).").

Accordingly, courts across the nation have allowed the use of consolidated trials when multiple plaintiffs assert identical claims arising out of exposure to the same defective product, such as in the matter at bar.  *See, e.g.*, *Cimino v. Raymark Indus., Inc.*, 151 F.3d 297 (5th Cir. 1998); *Carpenter v. GAF Corp.*, Nos. 90-3460, 90-3461, 1994 U.S. App. LEXIS 2694 (6th Cir. Feb. 15, 1994); *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993); *In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831 (2d Cir. 1992); *Johnson v. Celotex Corp.*, 899 F.2d 1281 (2d Cir. 1990); *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468 (5th Cir. 1986); *In re Hanford Nuclear Reservation Litigation* (9th Cir. 2008) 534 F.3d 986, 997.

## II.   Consolidating Bellwether Trials in this JCCP will Promote Efficiency Without Prejudice

### A.  Efficiency is Best Served by Consolidating Trials

It is undisputed that the hundreds of actions in this coordinated proceeding share common issues of law and fact, and consolidated bellwether trials will avoid conflicting verdicts on such identical issues.  Furthermore, consolidation ensures that fewer trials—over a shorter period of time—are ultimately required to identify a large enough range of representative cases from which the Parties can learn important information to inform collective resolution.  As noted by the Court's recent recommendations for multiple-plaintiff trials in the *Essure* JCCP, "the frequency of settlement will increase as the trials, settlements, and dismissals establish valuations for the cases."  Ex. 1 to Decl., *Essure* Bellwether Concept at 4.  Given five plaintiffs each to pick for a trial, both Parties can reliably test their theories and claims whilst avoiding the needless expenditure of resources with piecemeal one-plaintiff trials.  And, a single-plaintiff trial was already conducted in the *Johnson* case.

Although *Johnson* was exempted from participation in the JCCP due to Mr. Johnson's terminal health, the case was an effective single bellwether.  Pursuant to Plaintiffs' schedule, the first ten-plaintiff trial in August will occur following completion of the two-plaintiff *Pilliod* trial in March. This natural progression will allow the parties to become familiar with the procedures of conducting multi-plaintiff trials several months prior to the first ten-plaintiff trial.

### B.  There Will Be No Prejudice to Monsanto

Plaintiffs anticipate that, despite the efficiency inherent to consolidated bellwether trials, Monsanto will argue that such a process will result in undue prejudice for Monsanto.  However, "consolidation of actions does not affect the rights of the parties."  *Wouldridge*, 265 Cal.App.2d at 86.  And, any potential prejudice or confusion can be fairly mitigated with the use of proper jury instructions, such as provided by CACI 103: "There are [number] plaintiffs in this trial. You should decide the case of each plaintiff separately as if it were a separate lawsuit."  Judicial Council Of California Civil Jury Instruction 103; *see also Aluya v. Management & Training Corporation* (E.D. Cal., Aug. 7, 2017, No. 1:13-CV-1209-AWI-JLT) 2017 WL 3383103, at *3 ("The Court can…provide cautionary instructions to the jury to reduce the risk of confusion or prejudice."); *Allen v. Woodford* (E.D. Cal., Dec. 26, 2006, No. 1:05CV01104 OWWLJO) 2006 WL 3825008, at *14 ("The extent to which the risk of prejudice and confusion might attend a consolidated trial may be alleviated by utilizing cautionary instructions to the jury during the trial and controlling the manner in which Plaintiffs' claims and defenses are submitted to the jury for consolidation.") (citing *Hendrix v. Raybestos-Manhattan, Inc.* (11th Cir. 1985) 776 F.2d 1492, 1495).

Moreover, the First District has recognized that counsel and court are able to conduct a consolidated trial in such a manner as to reduce the likelihood of confusion and prejudice.  *See. e.g.*, *Todd-Stenberg v. Dalkon Shield Claimants Trust* (1996) 48 Cal.App.4th 976, 980 ("The jury was given a separate binder of evidence and separate chronologies prepared on each plaintiff. It is highly unlikely that the jury would have confused the cases. That unlikelihood is borne out by the fact that the jury returned three very different awards of damages, consistent with the evidence, demonstrating their ability to distinguish between the plaintiffs.").  Thus, the efficient use of a consolidated bellwether trial can be achieved by "properly structuring argument" and tailoring the presentation of

9

evidence in a fashion bound to reduce confusion. *Dusky v. Bellasaire Investments* (C.D. Cal., Dec. 4, 2007, No. SACV07-874DOC) 2007 WL 4403985, at *5. Importantly, the Parties can develop—and put to the test—such measures even prior to the commencement of the first ten-plaintiff trial given that the two-plaintiff *Pilliod* trial is slated for March 18, 2019. *Pilliod* will be an important stepping stone to guide the parties' conduct of future consolidated trials. There is no reason to suspect that the benefits of consolidated bellwether trials will be outweighed by undue prejudice or confusion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the attached Order setting ten-plaintiff bellwether trials on August 12, 2019, January 12, 2020, and April 12, 2020, respectively.

Dated: January 16, 2019          **BAUM HEDLUND ARISTEI & GOLDMAN, P.C.**


_____
R. Brent Wisner (SBN: 276023)
rbwisner@baumhedlundlaw.com
Pedram Esfandiary (SBN: 312569)
pesfandiary@baumhedlundlaw.com
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
Tel: (310) 207-3233 // Fax: (310) 820-7444

**THE MILLER FIRM, LLC**
Michael Miller *(pro hac vice)*
mmiller@millerfirmllc.com
108 Railroad Ave
Orange, VA 22960
Tel: (540) 672-4224 // Fax: (540) 672-3055

**MILLER DELLAFERA PLC**
Peter Miller *(pro hac vice)*
pmiller@millerdellafera.com
3420 Pump Road | PMB 404
Henrico, VA 23233-1111
Tel: (800) 401-6670 // Fax: (888) 830-1488
*Plaintiffs JCCP Liaison Counsel*

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES,

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 10940 Wilshire Blvd., 17th Floor, Los Angeles, CA 90024.

On January 16, 2019, I served the foregoing document described as: PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR COURT ORDER SETTING BELLWETHER SELECTION PROCESS on the interested parties and/or through their attorneys of record by depositing the original or true copy thereof as designated below, at Los Angeles, California, addressed to the following:

**(X)** **E-MAIL OR ELECTRONIC TRANSMISSION:** In accordance with the Court's Order (CMO No. 2) governing Case No. JCCP 4953 authorizing all documents to be served electronically upon interested parties via Case Anywhere and its litigation system.

(X)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 16, 2019 at Los Angeles, California.

Sheila Beam

---

11

Michael L. Baum, Esq. (SBN: 119511)
mbaum@baumhedlundlaw.com
R. Brent Wisner, Esq. (SBN: 276023)
rbwisner@baumhedlundlaw.com
Pedram Esfandiary (SBN: 312569)
pesfandiary@baumhedlund.com
**BAUM HEDLUND, ARISTEI, &
GOLDMAN, P.C.**
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
Telephone:  (310) 207-3233
Facsimile:  (310) 820-7444

*Attorneys for JCCP Plaintiffs*

Michael Miller (*pro hac vice*)
mmiller@millerfirmllc.com
**THE MILLER FIRM, LLC**
108 Railroad Ave
Orange, VA 22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE (Rule 3.550)<br><br>**ROUNDUP PRODUCTS CASES**<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | JCCP NO. 4953<br><br>**DECLARATION OF R. BRENT WISNER IN SUPPORT OF PLAINTIFFS' MOTION FOR COURT ORDER SETTING BELLWETHER SELECTION PROCESS**<br><br>Hon. Winifred Smith<br>Hearing Date: Friday, January 25, 2019<br>Time: 10:00 a.m.<br>Department: 21 |

1.      I am an attorney licensed to practice in the State of California and admitted to practice before this Court.  I am a shareholder with the law firm of Baum, Hedlund, Aristei & Goldman, P.C. ("Baum Hedlund").  I make this declaration based on my personal knowledge and, if called as a witness, I would testify competently to these matters.

2.      Pursuant to Case Management Order No. 1: Liaison Counsel, issued March 15, 2018, I am currently one of plaintiffs' liaison counsel in JCCP 4953 (Roundup Product Cases).

3.      Attached as Exhibit 1 is fair and accurate copy of the Court Concept for Trial Setting and Proposed Case Management Order, created in JCCO 4887 (Essure Product Cases), and signed by

the Hon. Winifred Smith on November 19, 2018.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this January 16, 2019 in Los Angeles, California.

R. Brent Wisner (SBN: 276023)
rbwisner@baumhedlundlaw.com
*Plaintiffs JCCP Liaison Counsel*

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES,

  I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 10940 Wilshire Blvd., 17th Floor, Los Angeles, CA 90024.

  On January 16, 2019, I served the foregoing document described as: DECLARATION OF R. BRENT WISNER IN SUPPORT OF PLAINTIFFS' MOTION FOR COURT ORDER SETTING BELLWETHER SELECTION PROCESS on the interested parties and/or through their attorneys of record by depositing the original or true copy thereof as designated below, at Los Angeles, California, addressed to the following:

**(X)**  **E-MAIL OR ELECTRONIC TRANSMISSION:** In accordance with the Court's Order (CMO No. 2) governing Case No. JCCP 4953 authorizing all documents to be served electronically upon interested parties via Case Anywhere and its litigation system.

(X)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  Executed on January 16, 2019 at Los Angeles, California.

_____
Sheila Beam

# EXHIBIT 1

20666393

FILED
ALAMEDA COUNTY

NOV 19 2018

SUPERIOR COURT

By _____
                        Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| COORDINATION PROCEEDING<br><br>SPECIAL TITLE [Rule 1550(b)]<br><br><br>ESSURE PRODUCT CASES | No. JCCP 4887<br><br>(1) COURT CONCEPT FOR TRIAL SETTING AND (2) PROPOSED CASE MANAGMENT ORDERS. |

COURT CONCEPT FOR TRIAL SETTINGS

On 10/17/18, the court held a CMC at which the parties discussed identifying bellwether cases to be prepared for trial and setting trial dates for those cases. On 11/6/18, the court entered CMO 11(A) regarding the random selection of "court cases" for the the bellwether discovery pool process. Although the bellwether cases are significant because they will be the first cases set for trial, they will not be the only cases prepared and set for trial.

The volume of cases and the press of time will require a continuous, and increasing, pipeline of cases prepared and set for the trial. One of the earliest cases included in this JCCP is *Medali v. Bayer*, Alameda Case No. RG15771555, and it was filed on 5/20/15. The Order assigning coordination motion judge is dated 8/31/16 and includes many cases filed in 2016.

1

Even with the complexities of the common discovery and common issues, these cases should ideally be set for trial and resolved within three years of filing.  The court is committed to ensuring that the cases in the JCCP are set for trial within five years of filing.  (CCP 583.310.) The court understands that there are currently over 14,000 individual plaintiffs, so if the trials were all set in a three year (36 month) period that there would be 388 trials set each month.

The Court has the authority under C.R.C. 3.541(b)(2) to schedule trials at any appropriate time and location.  (*McGhan Medical Corp. v. Superior Court* (1992) 11 Cal.App.4[th] 804, 805 [coordination trial judge has "great breadth of discretion"].)  The court anticipates that cases will be set for trial in the California County that is the geographic focus of the case (where plaintiff lives, where the relevant medical services were provided, etc.).  The court's general concept has the trials in two phases.

For the bellwether cases, on or before 12/21/19, the parties and the court will identify a total of 48 cases.  Plaintiffs and defendant can select 12 each. The court will select 24 at random "from among all the plaintiffs in this JCCP 4887 who have submitted a Plaintiff Fact Sheet ("PFS") as of October 25, 2018."  (CMO 11(A), para 1 filed 11/6/18.)  The parties may commence working up those 48 cases for trial.  In April 2019, the court, after input from the parties, will select 9 bellwether cases for trial to start on 11/18/19.  In May 2019, the court will select 9 additional bellwether cases for trial to start in early January 2019.  In June 2019, the court will select 18 additional cases for trial to start in early February 2019.

For the remainder of the cases, starting in May or June 2019 and continuing thereafter until the JCCP is complete, the court, with input from the parties, will identify and set gradually increasing numbers of cases for trial set to start approximately six to eight months after the selection of the cases. The overall plan is to establish a constant and growing pipeline of cases

that are prepared for trial so that the court can set and the parties can try, settle, or dismiss the ever growing number of cases in the pipeline.

The court reasons that eight months is sufficient for the parties to work up the individual aspects of the cases given that the common JCCP discovery will be complete.  The court expects the time to compress to six months after counsel are up to speed and have established formal or informal protocols.

The court will expect the parties to produce case specific documents and make their witnesses available for deposition promptly after a case is set for trial.  The court will be inclined to award monetary, issue, evidentiary, or terminating sanctions if in the case specific phase of discovery any party seeks discovery or fails to provide discovery without substantial justification. (CCP 2023.030.)

The court anticipates a schedule to the effect of:

| Date | Event |
| --- | --- |
| 12/21/18 | The parties (12 each) and the court (24) will identify a total of 48 cases to be the initial (bellwether) cases. Parties commence case specific discovery on those cases. |
| April 2019 | The court sets 9 of the bellwether cases for trials to start on 11/18/19. |
| May 2019 | The court set 9 of the bellwether cases for trials to start in early January 2020. |
| June 2019 | The court sets the balance of the bellwether cases for trials to start in early February 2020. |
| June 2019 | The court identifies 27 additional cases for trial to start in February or March 2020.  The additional cases may be set in February or March, depending on how many of the bellwether cases were settled or dismissed and were resolved by trial. |
| July 2019 | The court identifies 36 additional cases for trial to start in March or April 2020. |
| August 2019 | The court identifies 45 additional cases for trial to start in April or May 2020. |
| September 2019 | The court identifies 60 additional cases for trial to start in May or June |

| | 2020.  (This pattern continues, with the number of cases set for trial each month accelerating steadily each month 60 to 90 to 135 to 200, etc.) |
|---|---|
| September/October 2019 | The court hears JCCP-wide general motions.  The court can also hear JCCP-wide general motions at any time, as a party might identify general issues as the trials progress. |
| November 2019 | Trial in the first set of bellwether cases. |
| January 2020 | Trial in the second set of bellwether cases. |
| February 2020 | Trial in the balance of the bellwether cases (and perhaps trial of some of the cases identified in June 2019). |
| March 2020 | Trial in 27 of the cases identified in June/July 2019. |
| April 2020 | Trial in 36 of the cases identified in July/August 2019. |
| May 2020 | Trial in 45 of the cases identified in July/August 2019. |
| June 2020 | Trial in 60 of the cases identified in August/September 2019. |
| July 2020 | Trial in 90 of the cases identified in September/October 2019. |

The parties can use the statutory pre-trial procedures or may establish a standard modified procedure by stipulation or through a contested motion.  The court understands that the parties may have agreed to require and exchange expert witness reports consistent with the FRCP.

The Court is aware that the general outline will impose scheduling burdens on counsel, particularly starting in early 2020 when the number of cases being tried per month will start increasing.  A JCCP can manage common discovery and resolve common issues, but each of the 14,000 plaintiffs potentially could go to trial.  Even if 98% of the cases settle before trial, that still means that counsel will try 280 cases.

The Court expects the trials to become progressively easier to present to juries as the coordination trial judge, the trial judges, and counsel develop common and predictable procedures.  The Court also expects that the frequency of settlement will increase as the trials, settlements, and dismissals establish valuations for the cases.  By setting out its thoughts on the case selection procedure and trial schedule now, the Court is providing the parties and counsel

sufficient time to evaluate their staffing needs and, if necessary, to retain or associate additional counsel who will be available to take these cases to trial.

This is not an order.  This is the court's general concept and should guide the parties as they discuss management of the JCCP and planning for the specific trials.

PROPOSED CASE MANAGMENT ORDERS.

The court is inclined to enter the following CMOs following the CMC on 12/5/18:

1.  The court ORDERS that the parties collectively prepare and maintain a joint spreadsheet of all the individual plaintiffs (not cases) in the JCCP and for each plaintiff (or plaintiff couple) include: (1) the plaintiff's name, (2) a unique identifying number for the plaintiff, (3) the date of case filing; (4) the case name, (5) the California county (if any) that is the geographic focus of the case (where plaintiff lives, where the relevant medical services were provided, etc.); and (6) whether the case is pending, set for trial, or dismissed.  The court requires a unique identifying number for each plaintiff because many of the cases in the JCCP have joined many plaintiffs in a single case, which might make assignment to trial by case number problematic.  The parties may suggest that the joint spreadsheet include additional information.

2.  The court ORDERS that each CMC statement include as an appendix summary spreadsheets of (1) the  number of individual plaintiffs (or plaintiff couple) who filed cases in any given month and (2) the number of individual plaintiffs in each California county based on geographic focus of the case.  The court anticipates that a summary spreadsheet will be useful in identifying which cases are oldest and should be set for trial

first, for alerting other courts that they might have cases sent to them for trial, and for other matters.

3. The court ORDERS that plaintiffs filing cases that they can reasonably anticipate will be added to this JCCP may file their cases in the Superior Court of the State of California, Alameda Superior, regardless of venue issues. This should expedite and simplify the add-on procedure. The county of filing will not determine the county of trial. The Coordination Trial Judge has the authority to schedule trials in appropriate locations and will be inclined to send case for trial based on the geographic focus of the case. (C.R.C. 3.541(b)(2).)

4. The court ORDERS that each plaintiff (or plaintiff couple) who is added to this JCCP in the future must file a separate case. The joinder of multiple plaintiffs in a single case is arguably misjoinder. (*David v. Medtronic, Inc.* (2015) 237 Cal.App.4th 734, 740-741.) Each case may use the short form complaint approved in CMO 10 filed 8/28/18. Each case could then be set for trial using a case number.

In their CMC statements, the parties may suggest changes to, or object to, these proposed case management orders.

Dated: November *19*, 2018

Winifred Smith
Coordination Trial Judge

6

Superior Court of California, County of Alameda
Department 21, Administration Building

Case Number: JCCP004887
Case Name: Essure Product Cases

RE: (1) COURT CONCEPT FOR TRIAL SETING AND (2) PROPOSED CASE
MANAGEMENT ORDERS

## DECLARATION OF ELECTRONIC SERVICE

I certify that I am not a party to these cases and that a true and correct copy of the
foregoing document was served electronically pursuant to Case Management Order No.
2, entered in these coordinated proceedings on January 23, 2017, via the CASE
ANYWHERE system. Execution of this certificate occurred at 1221 Oak Street, Oakland,
California.

Executed on November 19, 2018

Executive Officer/Clerk of the Superior Court

By *Christopher Wright*
Deputy Clerk

Kershaw, Cook & Talley
William A. Kershaw
401 Watt Ave.
Sacramento, CA 95846

SIDLEY AUSTIN LLP
Alycia A. Degen
555 West Fifth St., Suite 4000
Los Angeles, CA 90013

Grant & Eisenhofer P.A.
M. Elizabeth Graham
101 California Street, Suite 2710
San Francisco, CA 94111