**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:   202-847-4030
Fax:   202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:   202-898-5843
Fax:   202-682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:   202-942-5000
Fax:   202-942-5999

S. Zachary Fayne (CA Bar No. 307288)
(zachary.fayne@arnoldporter.com)
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel:   415-471-3100
Fax:   415-471-3400

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741<br>)<br>) Case No. 3:16-md-02741-VC<br>) |
| THIS DOCUMENT RELATES TO:<br><br>*Craig Ataide, et al. v. Monsanto Co., et al.,*<br>Case No. 3:19-cv-01289-VC | ) **DECLARATION OF MARTIN CALHOUN**<br>) **IN SUPPORT OF DEFENDANT**<br>) **MONSANTO COMPANY'S OPPOSITION**<br>) **TO PLAINTIFFS' MOTION TO REMAND**<br>)<br>) Date:  May 22, 2019<br>) Time: 10:00 a.m.<br>Courtroom:  4 |

I, Martin Calhoun, declare:

1.    I am over the age of eighteen.  I make the statements set forth herein based on my personal knowledge.  If I were called to testify, I could and would be competent to testify under oath.

2.    I am a partner at Hollingsworth LLP.  I am one of the attorneys representing

1  defendant Monsanto Company ("Monsanto") in the above-captioned lawsuit, and have represented

2  Monsanto in *Roundup Products Cases*, JCCP No. 4953 (Cal. Super. Ct. Alameda Cty.).  I submit

3  this declaration in support of Monsanto's Opposition to Plaintiffs' Motion to Remand filed in the

4  above-captioned lawsuit.

5           3.       Attached hereto as Exhibit 1 is a true and correct copy of excerpts from a Reporter's

6  Transcript of Proceedings for a hearing on January 25, 2019 concerning Roundup® cases filed in

7  California state court that have been coordinated in the Superior Court of the State of California for

8  Alameda County as part of Judicial Council Coordinated Proceeding, JCCP No. 4953.  *Roundup*

9  *Prods. Cases*, JCCP No. 4953 (Cal. Super. Ct. Alameda Cty.).  Those cases which are part of JCCP

10 No. 4953 – as presided over by the Honorable Winifred Smith – involve allegations of personal

11 injuries caused by Roundup®-branded herbicides.

12

13          I declare under penalty of perjury that the foregoing is true and correct.

14

15          Executed in Washington, D.C., on April 23, 2019.

16

17

18                                                              Martin C. Calhoun

19                                                              *Attorney for Defendant Monsanto Company*

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1                    SUPERIOR COURT OF CALIFORNIA

2                       COUNTY OF ALAMEDA

3          BEFORE THE HONORABLE WINIFRED SMITH, JUDGE PRESIDING

4                      DEPARTMENT NUMBER 21

5                          ---oOo---

6    COORDINATION PROCEEDING          )
     SPECIAL TITLE (RULE 3.550)       )
7                                     )
     ROUNDUP PRODUCTS CASE            )   **JCCP No. 4953**
8                                     )
                                      )
9    _____ )
     THIS TRANSCRIPT ALSO RELATES     )
10   TO:                              )
                                      )
11   Pilliod, et al.                  )   **Case No.  RG17862702**
             vs.                      )
12   Monsanto Company, et al.         )   **Pages 1 - 34**
     _____ )

13

14

15               <u>**Reporter's Transcript of Proceedings**</u>

16                   Friday, January 25, 2019

17

18
     Reported by: Kelly L. Shainline, CSR No. 13476, RPR, CRR
19               Court Reporter

20

21

22

23

24

25

                                                              1

1    **<u>APPEARANCES OF COUNSEL</u>:**

2    For Plaintiffs:

3        THE MILLER FIRM, LLC
           108 Railroad Avenue

4        Orange, Virgina  22960
           (540)672-4224

5        **BY:  MICHAEL J. MILLER, ATTORNEY AT LAW**
           mmiller@millerfirmllc.com

6

7        MILLER DELLAFERA PLC
           3420 Pump Road, PMB 404

8        Henrico, VA 23233-1111
           (800) 401-6670

9        **BY:  PETER MILLER, ATTORNEY AT LAW**

10

11       BAUM HEDLUND ARISTEI & GOLDMAN PC
          12100 Wilshire Boulevard, Suite 950

12      Los Angeles, California 90025
         (310) 207-3233

13      **BY:  R. BRENT WISNER, ATTORNEY AT LAW**
         rbwisner@baumhedlundlaw.com

14

15     **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

16

17

18

19

20

21

22

23

24

25

                                                  2

1    **APPEARANCES**:   (CONTINUED)

2

3    For Defendants:

4        HOLLINGSWORTH LLP
         1350 I Street, N.W.
5        Washington, DC 20005
         (202)898-5800
6        **BY:  ERIC LASKER, ATTORNEY AT LAW**
             elasker@hollingsworthllp.com
7            **MARTIN C. CALHOUN, ATTORNEY AT LAW**
             mcalhoun@hollingsworthllp.com

8

9        HINSHAW
         One California Street, 18th Floor
         San Francisco, California  94111
10       (415) 362-6000
         **BY:  AMEE A. MIKACICH, ATTORNEY AT LAW**
11           amikacich@hinshawlaw.com
             **EUGENE BROWN JR., ATTORNEY AT LAW**
12           EBrown@hinshawlaw.com

13       EVANS FEARS & SCHUTTERT LLP
         2300 W. Sahara Ave, Suite 950
14       Las Vegas, Nevada  89102
         (702) 805-0290
15       **BY:  KELLY A. EVANS, ATTORNEY AT LAW**
             kevans@efstriallaw.com

16

17   ((Multiple other counsel also present, both in person
     and via telephone through CourtConnect, as reflected in
18   the minutes.)

19

20

21

22

23

24

25

                                                              3

| | |
|---|---|
| 1 | Friday, January 25, 2019                    11:07 a.m. |

2          THE COURT:  Good morning, counsel.  Sorry for

3     the delay.

4               One of the things we'll be talking about today

5     is I'm going to set you on a special day other than

6     Friday because I have law and motion -- three law and

7     motion calendars on Friday.  So I will pick a day, the

8     third Thursday, the fourth Wednesday, something, monthly

9     for our case management conferences so that we will not

10    have to compete with anything else.  So this will be a

11    one-time occurrence, and I thank you for your patience.

12              So let's just get to it.

13              Calling the Roundup cases, and I will take

14    appearances from counsel at the table only unless you

15    participate in the conversation.  Please state your

16    appearance, if you do so, starting with the plaintiff's

17    counsel.

18          MR. PETE MILLER:  Good morning, Your Honor.

19    Pete Miller from Miller DellaFera.

20          MR. MIKE MILLER:  And good morning.  Michael

21    Miller from the Miller firm, Your Honor.

22          MR. WISNER:  Good morning, Your Honor.  Brent

23    Wisner from Baum Hedlund.  And I apologize for the noise

24    we were making outside.

25          THE COURT:  It's okay.

4

1    give Your Honor some background because I think this is

2    what you're sort of needing the information about, and

3    we've been compiling this information all week and it's

4    not finalized so this might be off by a little bit.

5            **THE COURT:**  Okay.

6            **MR. WISNER:**  But what I know is there's

7    478 plaintiffs in the JCCP.  And with -- oh, in the JCCP

8    or on their way to the JCCP, but there's 478 plaintiffs

9    that will be in it eventually.  And that, you know, as

10   of right now, and that might obviously grow as more

11   cases get filed.

12           They are contained within 56 complaints.  So

13   that means the average is about eight to ten plaintiffs

14   per complaint.  There are some that have more and

15   there's some that are individually filed, but that's

16   sort of the average.  Okay.

17           With the Court's order, if we were to go into

18   effect tomorrow, let's say, and we have trial in MDL in

19   February and another one, obviously the Pilliods in

20   March, I'd -- my firm actually -- Baum Hedlund, we

21   represent a significant portion of those cases in the

22   California case.  We'd have to find a way to get all

23   those complaints filed right now essentially,

24   individual.  And that would be a pretty large investment

25   of human resources as well as financial resources, for

10

1    example, filing fees, expert fees, and all the filing

2    add-on statements that we'd have to do.  It is a large

3    administrative task.

4              And I'm not saying that that's why the Court

5    shouldn't do it.  I'm just saying it is a large project

6    that would fall squarely in the middle of -- I mean, I

7    haven't slept more than three days this week.  I've been

8    taking depositions all week in Missouri of Monsanto

9    employees.  We're traveling all over the state doing

10   treater depositions.  We're running around with our

11   heads cut off, and this would just be -- this might

12   break my back, is what I'm saying, at this point.

13             The other issue is what we were doing with

14   Judge Petrou is -- and we kind of reached a detente on

15   this issue -- was that we were sort of saying, well,

16   we'll let whoever ends up trying that specific case when

17   it gets remanded decide what to do with the bundles.

18   All right.  So basically punting the issue to when it

19   gets remanded.

20             Because most of these cases are actually filed

21   in San Francisco, the vast majority.  And they're filed

22   in mostly 10-plaintiff bundles is what they are.  That's

23   the majority.  Not all of them.  Obviously there's some

24   people who've done things differently, but that's

25   generally the framework.

1          And the reason why they're filed in

2   San Francisco is because the co-defendant, Wilbur Ellis,

3   is based there.  So that's why there's venue and

4   jurisdiction in San Francisco Superior Court.  And I'm

5   just giving you all this background just to sort of

6   understand where we're coming from.

7          And so obviously moving forward, we are a

8   thousand percent onboard with individual plaintiff

9   complaints.  You know what I mean?  I understand that's

10  how the Court prefers it.  No problem.  But going back

11  retroactively and addressing all that right now would be

12  a quite expensive and daunting task.  And we would ask

13  one of two options.

14         The first option is that the Court not order

15  that they're dismissed and we have to refile them, that

16  they just sort of stay the way they are.  We have a

17  spreadsheet that we're putting together that will allow

18  the Court to properly manage all the -- the actual named

19  plaintiffs within the bundled complaints.  And I have a

20  preliminary draft in my e-mail.  I haven't had a chance

21  to really digest it and make sure it's good to go and

22  make sure the defendants agree, but we're in the

23  process, we're very close to there.

24         So you'd still be able to manage the case

25  without having to do this procedure.

1          Alternatively, if the Court really does want

2     this done right away no matter what, we'd ask that the

3     Court to give us at least six months to do it.

4          And the reason for that is we have these

5     trials and also it is a significant financial

6     investment.

7          In addition to all of that as well, we have to

8     have conversations with our clients.  And, you know,

9     300 conversations.  And obviously I can't do all of

10    those conversations.  I have people at my firm who will

11    help.  But there's conversation about where we file and

12    the risks and benefits that are different from when we

13    pitched the idea of filing them in 10-plaintiff

14    complaints.  So the circumstances have slightly changed.

15         So that just requires some time.  And we don't

16    want to be in a position where they're dismissed with a

17    gun to our head and have to get filed because we don't

18    want to worry about tolling issues or whatever as we

19    move forward.  And we also want to make sure they're

20    available for the bellwether process.

21         So with all those considerations, that's sort

22    of what we're asking the Court is to hold off on that

23    aspect of it and allow us to either deal with it if

24    and/or when they get remanded.

25         I would -- the one last point, Your Honor, is

                                                      13

```
1    State of California              )
                                      )
2    County of Alameda               )

3

4        I, Kelly L. Shainline, Court Reporter at the

5    Superior Court of California, County of Alameda, do

6    hereby certify:

7        That I was present at the time of the above

8    proceedings;

9        That I took down in machine shorthand notes all

10   proceedings had and testimony given;

11       That I thereafter transcribed said shorthand notes

12   with the aid of a computer;

13       That the above and foregoing is a full, true, and

14   correct transcription of said shorthand notes, and a

15   full, true and correct transcript of all proceedings had

16   and testimony taken;

17       That I am not a party to the action or related to a

18   party or counsel;

19       That I have no financial or other interest in the

20   outcome of the action.

21   Dated:  January 25, 2019

22

23       _____

24       Kelly L. Shainline, CSR No. 13476

25
```

34