Victoria L. Ersoff (State Bar No. 161795)
versoff@wshblaw.com
Emil A. Macasinag (State Bar No. 256953)
emacasinag@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310-481-7600 ♦ Fax: 310-481-7650

Attorneys for Defendant AZUSA PACIFIC UNIVERSITY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY ACTION<br><br>THIS DOCUMENT RELATES TO:<br>*Shaun Graef and Janelle Pitchford v. Monsanto Co. and Azusa Pacific University,*<br>No. 2:19-cv-02290-DMG-SK (C.D. Cal.),<br>No. 3:16-md-02741-VC (N.D. Cal.) | MDL 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT AZUSA PACIFIC UNIVERSITY'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6)**<br><br>Filed Concurrently with Motion and Supporting Memorandum; [Proposed] Order<br><br>Date:         June 6, 2019<br>Time:        10:00 a.m.<br>Courtroom: 4 (17th Floor)<br><br>The Hon. Vince Chhabria |

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendant AZUSA PACIFIC UNIVERSITY ("APU") hereby requests that the Court take judicial notice of a document and certain facts set forth therein, pursuant to Rule 201 of the Federal Rules of Evidence.

On a motion to dismiss, a court may take judicial notice of matters of public record in accordance with Federal Rule of Evidence 201, without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles,* 250 F.3d 668, 688-689 (9th Cir. 2001). The Court may take judicial notice of any matter "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Wietschner v. Monterey Pasta Co.,* 294 F.Supp.2d 1102, 1109 (N.D. Cal. 2003) (concluding document filed with Securities and Exchange Commission may be judicially noticed). The court must take judicial notice if a party requests it and is supplied with the necessary information. Fed. R. Evid. 201(c)(2). Courts may take judicial notice of publicly available documents that contain readily ascertainable facts. *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.,* 499 F.3d 1048, 1052 (9th Cir. 2007). A court may take judicial notice of information displayed on a government website. *Daniels-Hall v. Nat'l. Educ. Ass'n.,* 629 F.3d 992, 998-999 (9th Cir. 2010); *see also Cota v. Maxwell-Jolly,* 688 F.Supp.2d 980, 998 (N.D. Cal. Feb. 24, 2010) ("[t]he Court may properly take judicial notice of the documents appearing on a governmental website").

Based on the foregoing authorities, APU respectfully requests that the Court take judicial notice of the document titled "Restated Articles Of Incorporation Of Azusa Pacific University, A California Religious Corporation" ("Articles of Incorporation") which was executed on September 30, 2005 and filed in the office of the Secretary of State of the State of California on October 18, 2005. Attached to this Request is a true and correct copy of the Articles of Incorporation, as downloaded from the Secretary of State website at:

https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=00194591-6303540 on May 3, 2019. APU specifically requests that the Court take judicial notice of the following facts set forth therein:

1. that the name of the corporation is AZUSA PACIFIC UNIVERSITY, a California religious corporation (Article I);
2. that the corporation elects to be governed by all of the provisions of the Nonprofit Corporation Law of 1980 not otherwise applicable to it under Part 5 (Article II);
3. that it is organized under the Nonprofit Religious Corporation Law of the State of California primarily for religious purposes (Article III);
4. that the specific and primary purpose for which the corporation is formed is to establish, operate, and maintain a College, Seminary or University with all of the powers permitted by the laws of the State of California to a non-profit corporation (Article III);
5. that such purposes for which the corporation is formed are exclusively religious and educational within the meaning of Section 501(c)(3) of the Internal Revenue Code of 1986 (Article III).

As explained in the Motion, Plaintiffs are not entitled to punitive damages, in part by operation of section 425.14 of the *California Code of Civil Procedure*. The Articles of Incorporation, and the above-described facts in particular, are matters not subject to reasonable dispute, and they are displayed on a government website. Therefore, APU respectfully requests that the Court take judicial notice of the above-described matters pursuant to Rule 201.

DATED:  May 3, 2019                WOOD, SMITH, HENNING & BERMAN LLP

By:   /s/ Emil A. Macasinag
      VICTORIA L. ERSOFF
      EMIL A. MACASINAG
Attorneys for Defendant AZUSA PACIFIC UNIVERSITY

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On May 3, 2019, I served the following document(s) described as **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT AZUSA PACIFIC UNIVERSITY'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6)** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 3, 2019, at Los Angeles, California.

/s/ Adriana C. Moreno
Adriana C. Moreno

# SERVICE LIST

## UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA

## IN RE: ROUNDUP PRODUCTS LIABILITY ACTION
## THIS DOCUMENT RELATES TO:

*Shaun Graef and Janelle Pitchford v. Monsanto Co. and Azusa Pacific University,*

**No. 2:19-cv-02290-DMG-SK (C.D. Cal.),**
**No. 3:16-md-02741-VC (N.D. Cal.)**

Thomas V. Girardi, Esq.
Christopher T. Aumais, Esq.
Ashkahn Mohamadi, Esq.
GIRARDI KEESE
1126 Wilshire Blvd.
Los Angeles, CA 90017
Tel: (213) 977-0211 / Fax: (213) 481-1554
E-mail: amohamadi@girardikeese.com
         caumais@girardikeese.com

**Attorneys for Plaintiffs, SHAUN GRAEF; and JANELLE PITCHFORD**

E. Alex Beroukhim, Esq.
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017-5844
Tel: (213) 243-4000/ Fax: (213) 243-4199
E-mail: alex.beroukhim@arnoldporter.com

**Attorneys for Defendant, MONSANTO COMPANY**

Richard A. Clark, Esq.
Steven R. Platt, Esq.
PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN, P.C.
555 S. Flower St., 30th Floor
Los Angeles, CA 90071-2440
Tel: (213) 683-6500/ Fax: (213) 683-6669
E-mail: rclark@pmcos.com
         splatt@pmcos.com

**Attorneys for Defendant, MONSANTO COMPANY**

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650