# EXHIBIT 7

| | |
|---|---|
| 1 Richard A. Clark, Esq. (SBN 39558)<br>Steven R. Platt, Esq. (SBN 245510)<br>2 PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN, P.C.<br>555 S. Flower St., 30th Floor<br>3 Los Angeles, California 90071-2440<br>(213) 683-6500 phone<br>4 (213) 683-6669 fax<br>rclark@pmcos.com<br>5 splatt@pmcos.com<br><br>6 Joe G. Hollingsworth, Esq. (appearance *pro hac vice*)<br>Martin C. Calhoun, Esq. (appearance *pro hac vice*)<br>7 Gregory S. Chernack, Esq. (appearance *pro hac vice*)<br>HOLLINGSWORTH LLP<br>8 1350 I Street, N.W.<br>Washington, DC 20005<br>9 (202) 898-5800 phone<br>(202) 682-1639 fax<br>10 jhollingsworth@hollingsworthllp.com<br>mcalhoun@hollingsworthllp.com<br>11 gchernack@hollingsworthllp.com<br><br>12 Attorneys for Defendants MONSANTO COMPANY,<br>WILBUR-ELLIS COMPANY LLC, and WILBUR ELLIS FEED, LLC | **FILED BY E-DELIVERY**<br>ALAMEDA COUNTY<br>October 26, 2017<br>CLERK OF<br>THE SUPERIOR COURT<br>By Keisha Ghee, Deputy<br>CASE NUMBER:<br>**RG17853420** |

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

<u>**ADDITIONAL CASE CAPTIONS SET FORTH ON FOLLOWING PAGES**</u>

| | |
|---|---|
| LORETTA PENNIE, *et al.*,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>MONSANTO COMPANY, WILBUR-ELLIS COMPANY LLC, WILBUR-ELLIS FEED, LLC, and DOES 1 through 100 inclusive,<br><br>　　　　Defendants. | Case No. RG17 853420<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE IOANA PETROU, DEPARTMENT 15<br><br>DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date:　　November 2, 2017<br>Time:　　9:15 a.m. |

---

DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT

| | |
|---|---|
| MILLARD BILLINGS, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MONSANTO COMPANY, WILBUR-ELLIS COMPANY LLC, and WILBUR-ELLIS FEED, LLC,<br><br>　　　　Defendants. | Case No. RG17 852375 |
| GINO ROTH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MONSANTO COMPANY, WILBUR-ELLIS COMPANY LLC, and WILBUR-ELLIS FEED, LLC,<br><br>　　　　Defendants. | Case No. RG17 854000 |
| MICHAEL WOODBURY, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MONSANTO COMPANY, WILBUR-ELLIS COMPANY LLC, and WILBUR-ELLIS FEED, LLC, and Does 1-100, inclusive,<br><br>　　　　Defendants. | Case No. RG17 855094 |
| ALVA PILLIOD, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MONSANTO COMPANY, WILBUR-ELLIS COMPANY LLC, and WILBUR-ELLIS FEED, LLC,<br><br>　　　　Defendants. | Case No. RG17 862702 |

| | | |
|---|---|---|
| 1 | GAYLE MICHEL, | Case No. RG17 872413 |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | MONSANTO COMPANY, WILBUR-ELLIS COMPANY LLC, and WILBUR-ELLIS FEED, LLC, | |
| 5 | | |
| 6 | Defendants. | |
| 7 | WILLIAM CLEVENGER, | Case No. RG17 872423 |
| 8 | Plaintiff, | |
| 9 | v. | |
| 10 | MONSANTO COMPANY, WILBUR-ELLIS COMPANY LLC, and WILBUR-ELLIS FEED, LLC, | |
| 11 | | |
| 12 | Defendants. | |
| 13 | | |
| 14 | KELLY BEZZERIDES, | Case No. RG17 873193 |
| 15 | Plaintiff, | |
| 16 | v. | |
| 17 | MONSANTO COMPANY, WILBUR-ELLIS COMPANY LLC, and WILBUR-ELLIS FEED, LLC, | |
| 18 | | |
| 19 | Defendants. | |
| 20 | | |
| 21 | JOHN NOVAK, | Case No. RG17 876078 |
| 22 | Plaintiff, | |
| 23 | v. | |
| 24 | MONSANTO COMPANY, WILBUR-ELLIS COMPANY LLC, and WILBUR-ELLIS FEED, LLC, | |
| 25 | | |
| 26 | Defendants. | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | CHARLES BAKER, | Case No. RG17 876143 |
| 2 | Plaintiff | |
| 3 | v. | |
| 4 | MONSANTO COMPANY, WILBUR-ELLIS COMPANY LLC, and WILBUR-ELLIS FEED, LLC, | |
| 5 | | |
| 6 | Defendants. | |
| 7 | | |
| 8 | SHARON MCCLURG, | Case No. RG17 876148 |
| 9 | Plaintiff, | |
| 10 | v. | |
| 11 | MONSANTO COMPANY, WILBUR-ELLIS COMPANY LLC, and WILBUR-ELLIS FEED, LLC, | |
| 12 | | |
| 13 | Defendants. | |
| 14 | | |
| 15 | MARJORIE GRUBKA, | Case No. RG17 876229 |
| 16 | Plaintiff, | |
| 17 | v. | |
| 18 | MONSANTO COMPANY, WILBUR-ELLIS COMPANY LLC, and WILBUR-ELLIS FEED, LLC, | |
| 19 | | |
| 20 | Defendants. | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Defendants Monsanto Company, Wilbur-Ellis Company LLC, and Wilbur-Ellis Feed, LLC hereby submit this Case Management Conference Statement for the above-captioned Roundup® products liability lawsuits.

***First***, the above-captioned lawsuits (and other California state court Roundup® lawsuits) are at issue in a Petition for Coordination ("JCCP Petition") that was filed with the Judicial Council of California on October 17, 2017 by the Baum Hedlund law firm, counsel for the *Pennie* plaintiffs. In light of the filing of that JCCP Petition and the resulting uncertainty regarding which court will preside over the above-captioned lawsuits after a ruling is issued on the JCCP Petition, defendants' counsel recently contacted plaintiffs' attorneys to request that the parties jointly ask this Court to cancel the case management conference that had been set (before the JCCP Petition was filed) for November 2, 2017. Plaintiffs' attorneys declined that request.

***Second***, almost all of the above-captioned lawsuits are subject to severance and transfer to plaintiffs' home venues, following this Court's earlier rulings rejecting plaintiffs' counsel's attempts at forum shopping.

*Billings*

The *Billings* complaint includes one Alameda County plaintiff (Millard Billings) and four other plaintiffs who are not residents of Alameda County and do not allege that they were exposed to Roundup®-branded products in Alameda County or that they were injured in Alameda County. In July 2017, Judge Hernandez sustained demurrers for misjoinder of plaintiffs; granted a venue transfer motion; ordered the non-Alameda-County plaintiffs to each file a separate complaint; ordered that, thereafter, their claims will be dismissed from the *Billings* case; and ordered that the individual complaints will be transferred to various counties. After some period of delay, those non-Alameda-County plaintiffs (Kelly Bezzerides, William Clevenger, Rick Cole, and Gayle Michel) filed separate complaints in this Court. Accordingly, the Court should dismiss the claims of those four plaintiffs from the *Billings* case and should issue orders directing the Clerk of Court to complete the venue transfers promptly for those four lawsuits.

*Woodbury*

Likewise, the *Woodbury* case involved attempted forum-shopping. Two non-Alameda-

County plaintiffs (Thomas Barba and Veronica Thompson) joined their claims with the claims of an Alameda County plaintiff. Mr. Barba's and Ms. Thompson's claims have no connection to Alameda County. Those plaintiffs are not Alameda County residents; they do not allege exposure to Roundup®-branded products in Alameda County or injury in Alameda County. In July 2017, Judge Hernandez sustained demurrers based on the argument that plaintiffs were misjoined; granted a motion for venue transfer; ordered Mr. Barba and Ms. Thompson to file separate complaints; ordered that, thereafter, their claims will be dismissed from the *Woodbury* case; and ordered that those two complaints will be transferred to other counties. After approximately two months elapsed, Ms. Barba and Mr. Thompson filed separate complaints in this Court near the end of September 2017. Thus, it is now time for the Court to dismiss their claims from the *Woodbury* case and issue orders directing the Clerk of Court to complete the venue transfers promptly for those two cases.

*Pilliod*

When the multi-plaintiff *Pilliod* complaint was filed, it consisted mostly of plaintiffs who had no connection to Alameda County. Five non-Alameda-County plaintiffs (Charles Baker, Marjorie Grubka, Sharon McClurg, John Novak, and Sharon Rowland) joined their claims with claims of two Alameda County plaintiffs (Alva and Alberta Pilliod). Once again, the non-Alameda-County are not residents of this county – nor do they allege exposure to Roundup®-branded products or injury in this county. In August and September 2017, Judge Hernandez issued orders that sustained demurrers for misjoinder of plaintiffs; granted a venue transfer motion; ordered the five non-Alameda-County plaintiffs to each file separate complaints; dismissed their claims from the *Pilliod* case; and ordered that those plaintiffs' complaints will be transferred to other counties. The five non-Alameda-County plaintiffs have filed separate complaints in this Court. Accordingly, the Court should issue orders directing the Clerk of Court to complete the venue transfers promptly for those five cases.

*Pennie*

*Pennie* is a mass action, involving a complaint that lumps together claims of 41 plaintiffs, but only one plaintiff (Loretta Pennie) alleges that she is an Alameda County resident. The other

plaintiffs are not residents of this county; do not allege that they were exposed to Roundup®-branded products in this county; and do not allege that they were injured in this county. On August 15, 2017, Judge Hernandez ordered all plaintiffs (except Ms. Pennie) to file separate, single-plaintiff complaints in this Court and ordered that, after those complaints are filed, they will be transferred to the courts where venue is proper – namely, the county where each plaintiff's injury allegedly occurred. Although that order was issued more than two months ago, none of the *Pennie* plaintiffs have filed separate complaints in this Court (nor, to defendants' knowledge, have they filed complaints in any other court). The Court should put an end to these delaying tactics by: (a) ordering plaintiffs to file those separate, single-plaintiff complaints, within ten days of the Court's order, and (b) directing the Clerk of Court to transfer those lawsuits promptly to the proper counties.

DATED: October 26, 2017

Steven R. Platt, Esq.
Richard A. Clark, Esq.
PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN, P.C.

Joe G. Hollingsworth (appearance *pro hac vice*)[1]
Martin C. Calhoun (appearance *pro hac vice*)[2]
Gregory S. Chernack (appearance *pro hac vice*)[3]
HOLLINGSWORTH LLP

Attorneys for Defendants
MONSANTO COMPANY, WILBUR-ELLIS COMPANY LLC, and WILBUR-ELLIS FEED, LLC

---

[1] Admitted *pro hac vice* in *Pennie* and *Billings*.
[2] Admitted *pro hac vice* in *Pennie* and *Billings*.
[3] Admitted *pro hac vice* in *Pilliod*.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 555 South Flower Street, 30th Floor, Los Angeles, California 90071.

On October 26, 2017 I served the documents described as **DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT** as follows:

Michael L. Baum, Esq.
R. Brent Wisner, Esq.
Pedram Esfandiary, Esq.
BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025

Curtis G. Hoke
THE MILLER FIRM LLC
The Sherman Building
108 Railroad Avenue
Orange, VA 22960

Jeremy C. Shafer, Esq.
MILLER LEGAL, LLP
543 Encinitas Blvd., Suite 111
Encinitas, CA 92024

Aimee H. Wagstaff, Esq.
ANDRUS WAGSTAFF, P.C.
7171 W. Alaska Drive
Lakewood, CO 80226

☒ (BY OVERNIGHT DELIVERY) By placing a true copy in envelope(s) addressed as listed above. The envelopes were then sealed and deposited for collection and delivery in accordance with my employer's normal procedures. I am readily familiar with the firm's practice for collection and processing correspondence for overnight delivery. Under that practice it would be placed in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents.

☒ (STATE): I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 26, 2017 at Los Angeles, California.

*Marianne Hendrix*
Marianne Hendrix