**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:   202-847-4030
Fax:   202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: 202-942-5000
Fax: 202-942-5999

S. Zachary Fayne (CA Bar No. 307288)
(zachary.fayne@arnoldporter.com)
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: 415-471-3100
Fax: 415-471-3400

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*George Chupa, et al. v. Monsanto Co., et al.*, Case No. 3:19-cv-01589-VC | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**DECLARATION OF MARTIN CALHOUN IN SUPPORT OF DEFENDANT MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>Date:  May 22, 2019<br>Time: 10:00 a.m.<br>Courtroom:  4 |

I, Martin Calhoun, declare:

    1.    I am over the age of eighteen.  I make the statements set forth herein based on my personal knowledge.  If I were called to testify, I could and would be competent to testify under oath.

    2.    I am a partner at Hollingsworth LLP.  I am one of the attorneys representing

1 | defendant Monsanto Company ("Monsanto") in the above-captioned lawsuit, and have represented
2 | Monsanto in *Roundup Products Cases*, JCCP No. 4953 (Cal. Super. Ct. Alameda Cty.). I submit
3 | this declaration in support of Monsanto's Opposition to Plaintiffs' Motion to Remand filed in the
4 | above-captioned lawsuit.

5 |     3.    Attached hereto as Exhibit 1 is a true and correct copy of excerpts from a Reporter's
6 | Transcript of Proceedings for a hearing on January 25, 2019 concerning Roundup® cases filed in
7 | California state court that have been coordinated in the Superior Court of the State of California for
8 | Alameda County as part of Judicial Council Coordinated Proceeding, JCCP No. 4953. *Roundup*
9 | *Prods. Cases*, JCCP No. 4953 (Cal. Super. Ct. Alameda Cty.). Those cases which are part of JCCP
10 | No. 4953 – as presided over by the Honorable Winifred Smith – involve allegations of personal
11 | injuries caused by Roundup®-branded herbicides.

13 | I declare under penalty of perjury that the foregoing is true and correct.
14 | Executed in Washington, D.C., on May 8, 2019.

Martin C. Calhoun

*Attorney for Defendant Monsanto Company*

# EXHIBIT 1

```
 1                SUPERIOR COURT OF CALIFORNIA

 2                     COUNTY OF ALAMEDA

 3     BEFORE THE HONORABLE WINIFRED SMITH, JUDGE PRESIDING

 4                    DEPARTMENT NUMBER 21

 5                         ---oOo---

 6   COORDINATION PROCEEDING        )
     SPECIAL TITLE (RULE 3.550)     )
 7                                  )
     ROUNDUP PRODUCTS CASE          )  JCCP No. 4953
 8                                  )
     _____)
 9                                  )
     THIS TRANSCRIPT ALSO RELATES   )
10   TO:                            )
                                    )
11   Pilliod, et al.                )  Case No.  RG17862702
             vs.                    )
12   Monsanto Company, et al.       )  Pages 1 - 34
                                    )
13   _____)

14

15            Reporter's Transcript of Proceedings

16                 Friday, January 25, 2019

17

18
     Reported by: Kelly L. Shainline, CSR No. 13476, RPR, CRR
19               Court Reporter

20

21

22                          BARS

23
                      BAY AREA REPORTING
24                       S O L U T I O N S

25            925.407.4705 · BayAreaReportingSolutions.com

                                                              1
```

```
 1      APPEARANCES OF COUNSEL:

 2      For Plaintiffs:

 3          THE MILLER FIRM, LLC
            108 Railroad Avenue
 4          Orange, Virginia  22960
            (540)672-4224
 5          BY:  MICHAEL J. MILLER, ATTORNEY AT LAW
                 mmiller@millerfirmllc.com
 6

 7          MILLER DELLAFERA PLC
            3420 Pump Road, PMB 404
 8          Henrico, VA 23233-1111
            (800) 401-6670
 9          BY:  PETER MILLER, ATTORNEY AT LAW

10
            BAUM HEDLUND ARISTEI & GOLDMAN PC
11          12100 Wilshire Boulevard, Suite 950
            Los Angeles, California 90025
12          (310) 207-3233
            BY:  R. BRENT WISNER, ATTORNEY AT LAW
13               rbwisner@baumhedlundlaw.com

14

15            (APPEARANCES CONTINUED ON FOLLOWING PAGE)

16

17

18

19

20

21

22

23

24

25
```

2

```
 1     APPEARANCES:  (CONTINUED)
 2
       For Defendants:
 3
            HOLLINGSWORTH LLP
 4          1350 I Street, N.W.
            Washington, DC 20005
 5          (202)898-5800
            BY:  ERIC LASKER, ATTORNEY AT LAW
 6               elasker@hollingsworthllp.com
                 MARTIN C. CALHOUN, ATTORNEY AT LAW
 7               mcalhoun@hollingsworthllp.com

 8
            HINSHAW
 9          One California Street, 18th Floor
            San Francisco, California  94111
10          (415) 362-6000
            BY:  AMEE A. MIKACICH, ATTORNEY AT LAW
11               amikacich@hinshawlaw.com
                 EUGENE BROWN JR., ATTORNEY AT LAW
12               EBrown@hinshawlaw.com

13          EVANS FEARS & SCHUTTERT LLP
            2300 W. Sahara Ave, Suite 950
14          Las Vegas, Nevada  89102
            (702) 805-0290
15          BY:  KELLY A. EVANS, ATTORNEY AT LAW
                 kevans@efstriallaw.com
16
       ((Multiple other counsel also present, both in person
17     and via telephone through CourtConnect, as reflected in
       the minutes.)
18
19
20
21
22
23
24
25
```

| | |
|---|---|
| 1 | <u>Friday, January 25, 2019</u>                                              <u>11:07 a.m.</u> |
| 2 | **THE COURT:** Good morning, counsel.  Sorry for |
| 3 | the delay. |
| 4 | One of the things we'll be talking about today |
| 5 | is I'm going to set you on a special day other than |
| 6 | Friday because I have law and motion -- three law and |
| 7 | motion calendars on Friday.  So I will pick a day, the |
| 8 | third Thursday, the fourth Wednesday, something, monthly |
| 9 | for our case management conferences so that we will not |
| 10 | have to compete with anything else.  So this will be a |
| 11 | one-time occurrence, and I thank you for your patience. |
| 12 | So let's just get to it. |
| 13 | Calling the Roundup cases, and I will take |
| 14 | appearances from counsel at the table only unless you |
| 15 | participate in the conversation.  Please state your |
| 16 | appearance, if you do so, starting with the plaintiff's |
| 17 | counsel. |
| 18 | **MR. PETE MILLER:**  Good morning, Your Honor. |
| 19 | Pete Miller from Miller DellaFera. |
| 20 | **MR. MIKE MILLER:**  And good morning.  Michael |
| 21 | Miller from the Miller firm, Your Honor. |
| 22 | **MR. WISNER:**  Good morning, Your Honor.  Brent |
| 23 | Wisner from Baum Hedlund.  And I apologize for the noise |
| 24 | we were making outside. |
| 25 | **THE COURT:**  It's okay. |

4

1  give Your Honor some background because I think this is
2  what you're sort of needing the information about, and
3  we've been compiling this information all week and it's
4  not finalized so this might be off by a little bit.
5           **THE COURT:**  Okay.
6           **MR. WISNER:**  But what I know is there's
7  478 plaintiffs in the JCCP.  And with -- oh, in the JCCP
8  or on their way to the JCCP, but there's 478 plaintiffs
9  that will be in it eventually.  And that, you know, as
10 of right now, and that might obviously grow as more
11 cases get filed.
12          They are contained within 56 complaints.  So
13 that means the average is about eight to ten plaintiffs
14 per complaint.  There are some that have more and
15 there's some that are individually filed, but that's
16 sort of the average.  Okay.
17          With the Court's order, if we were to go into
18 effect tomorrow, let's say, and we have trial in MDL in
19 February and another one, obviously the Pilliods in
20 March, I'd -- my firm actually -- Baum Hedlund, we
21 represent a significant portion of those cases in the
22 California case.  We'd have to find a way to get all
23 those complaints filed right now essentially,
24 individual.  And that would be a pretty large investment
25 of human resources as well as financial resources, for

1    example, filing fees, expert fees, and all the filing
2    add-on statements that we'd have to do.  It is a large
3    administrative task.
4            And I'm not saying that that's why the Court
5    shouldn't do it.  I'm just saying it is a large project
6    that would fall squarely in the middle of -- I mean, I
7    haven't slept more than three days this week.  I've been
8    taking depositions all week in Missouri of Monsanto
9    employees.  We're traveling all over the state doing
10   treater depositions.  We're running around with our
11   heads cut off, and this would just be -- this might
12   break my back, is what I'm saying, at this point.
13           The other issue is what we were doing with
14   Judge Petrou is -- and we kind of reached a detente on
15   this issue -- was that we were sort of saying, well,
16   we'll let whoever ends up trying that specific case when
17   it gets remanded decide what to do with the bundles.
18   All right.  So basically punting the issue to when it
19   gets remanded.
20           Because most of these cases are actually filed
21   in San Francisco, the vast majority.  And they're filed
22   in mostly 10-plaintiff bundles is what they are.  That's
23   the majority.  Not all of them.  Obviously there's some
24   people who've done things differently, but that's
25   generally the framework.

1               And the reason why they're filed in
2     San Francisco is because the co-defendant, Wilbur Ellis,
3     is based there.  So that's why there's venue and
4     jurisdiction in San Francisco Superior Court.  And I'm
5     just giving you all this background just to sort of
6     understand where we're coming from.
7               And so obviously moving forward, we are a
8     thousand percent onboard with individual plaintiff
9     complaints.  You know what I mean?  I understand that's
10    how the Court prefers it.  No problem.  But going back
11    retroactively and addressing all that right now would be
12    a quite expensive and daunting task.  And we would ask
13    one of two options.
14              The first option is that the Court not order
15    that they're dismissed and we have to refile them, that
16    they just sort of stay the way they are.  We have a
17    spreadsheet that we're putting together that will allow
18    the Court to properly manage all the -- the actual named
19    plaintiffs within the bundled complaints.  And I have a
20    preliminary draft in my e-mail.  I haven't had a chance
21    to really digest it and make sure it's good to go and
22    make sure the defendants agree, but we're in the
23    process, we're very close to there.
24              So you'd still be able to manage the case
25    without having to do this procedure.

1            Alternatively, if the Court really does want
2    this done right away no matter what, we'd ask that the
3    Court to give us at least six months to do it.
4            And the reason for that is we have these
5    trials and also it is a significant financial
6    investment.
7            In addition to all of that as well, we have to
8    have conversations with our clients.  And, you know,
9    300 conversations.  And obviously I can't do all of
10   those conversations.  I have people at my firm who will
11   help.  But there's conversation about where we file and
12   the risks and benefits that are different from when we
13   pitched the idea of filing them in 10-plaintiff
14   complaints.  So the circumstances have slightly changed.
15           So that just requires some time.  And we don't
16   want to be in a position where they're dismissed with a
17   gun to our head and have to get filed because we don't
18   want to worry about tolling issues or whatever as we
19   move forward.  And we also want to make sure they're
20   available for the bellwether process.
21           So with all those considerations, that's sort
22   of what we're asking the Court is to hold off on that
23   aspect of it and allow us to either deal with it if
24   and/or when they get remanded.
25           I would -- the one last point, Your Honor, is

```
 1    State of California                )
                                         )
 2    County of Alameda                  )

 3

 4         I, Kelly L. Shainline, Court Reporter at the
 5    Superior Court of California, County of Alameda, do
 6    hereby certify:
 7         That I was present at the time of the above
 8    proceedings;
 9         That I took down in machine shorthand notes all
10    proceedings had and testimony given;
11         That I thereafter transcribed said shorthand notes
12    with the aid of a computer;
13         That the above and foregoing is a full, true, and
14    correct transcription of said shorthand notes, and a
15    full, true and correct transcript of all proceedings had
16    and testimony taken;
17         That I am not a party to the action or related to a
18    party or counsel;
19         That I have no financial or other interest in the
20    outcome of the action.
21    Dated:  January 25, 2019
22
23                                _____Kelly Shainline_____
24                                Kelly L. Shainline, CSR No. 13476
25
```

34