# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

IN RE:   BOSTON SCIENTIFIC CORPORATION
PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION

MDL NO. 2326

---

THIS DOCUMENT RELATES TO THE FOLLOWING CASES:

Civil Action Nos.   *Canterbury v. Boston Scientific Corporation*, 2:12-cv-08633;
*Billings v. Boston Scientific Corporation*, 2:13-cv-00935;
*Sexton, et al. v. Boston Scientific Corp.*, 2:13-cv-03126;
*Hendricks, et al. v. Boston Scientific Corporation*, 2:13-cv-03633;
*Moore v. Boston Scientific Corporation*, 2:13-cv-08802;
*Tyree, et al. v. Boston Scientific Corporation*, 2:13-cv-14397;
*Campbell v. Boston Scientific Corporation*, 2:13-cv-18786;
*Blankenship v. Boston Scientific Corporation*, 2:13-cv-22906;
*Pugh, et al. v. Boston Scientific Corporation*, 2:14-cv-01565;
*Workman v. Boston Scientific Corporation*, 2:14-cv-02554;
*Wilson v. Boston Scientific Corporation*, 2:14-cv-05475.

### Pretrial Order # 78
### (Order Consolidating above Cases for Trial on All Issues)

Pursuant to Federal Rule of Civil Procedure 42, the above-styled actions are consolidated for trial on all issues. It is **ORDERED** that Civil Action No. 2:12-cv-08633 is designated as the lead case, and all further filings shall be captioned and docketed therein.

**I.   Background**

These cases are eleven of over 50,000 in this and the six other MDLs assigned to me by the Judicial Panel on Multidistrict Litigation. In this MDL, there are over 10,000 cases filed against Boston Scientific Corporation. Generally, this MDL arises from the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the above style-actions, all of the plaintiffs allege they were implanted with the Obtryx

Transobturator Mid-Urethral Sling System ("Obtryx"), a mesh product used to treat SUI. Although different physicians implanted the Obtryx, all of the surgeries were performed in West Virginia. In addition, all of the plaintiffs claim West Virginia as their state of residence. All of the plaintiffs allege negligence, design defect, manufacturing defect, failure to warn, breach of express warranty, breach of implied warranty, and punitive damages. Four of the plaintiffs, in addition to the above counts, allege loss of consortium.[1] According to the plaintiffs, the Obtryx has high malfunction and complication rates, fails to perform as intended, and causes severe injuries, including infection, scarring, nerve damage, and organ perforation.

## II.     Legal Standard

"Rule 42(a) permits consolidation and a single trial of several cases on the court's docket, or of issues within those cases . . . ." 9A Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 2381 (3d. ed. 2008). Rule 42(a) provides the following:

> **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Rule 42(a) gives district courts broad discretion to consolidate cases. *See Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 192 (4th Cir. 1982) ("The decision whether to sever or to consolidate whole actions or sub-units for trial is necessarily committed to trial court discretion."); *Henderson v. United States*, No. 6:07-cv-00009, 2008 WL 1711404, at *5 (W.D. Va. Apr. 11, 2008) ("The decision to consolidate is committed to Court's discretion and consolidation may be initiated *sua sponte*."). However, the court's discretion to consolidate under Rule 42(a) is not without limits. When considering whether to consolidate several actions for trial, the district

---

[1] *See Pugh, et al. v. Boston Scientific Corp.*, 2:14-cv-01565; *Hendricks, et al. v. Boston Scientific Corp.*, 2:13-cv-03633; *Tyree, et al. v. Boston Scientific Corp.*, 2:13-cv-14397; *Sexton, et al. v. Boston Scientific Corp.*, 2:13-cv-03126.

2

court must consider the following factors from *Arnold v. Eastern Airlines, Inc.*:

> [1] whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues,
>
> [2] burden on the parties,
>
> [3] witnesses and available judicial resources posed by multiple lawsuits,
>
> [4] the length of time required to conclude multiple suits as against a single one, and
>
> [5] the relative expense to all concerned of the single-trial, multiple-trial alternatives.

681 F.2d at 193.

Generally, under Rule 42(a), when two causes of action involve common witnesses, identical evidence, and similar issues, judicial economy will generally favor consolidation. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). Consolidation of actions involving common questions of law and fact also avoids the risk of inconsistent judgments. *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 248 (E.D. Va. 1999). Nevertheless, "even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." *Michael v. Wyeth, LLC*, No. 2:04-cv-0435, 2011 WL 1527581, at *2 (S.D. W. Va. Apr. 20, 2011) (Copenhaver, J.) (internal quotations omitted).

### III. Discussion

#### A. Common Issues of Law and Fact Predominate

As an initial matter, I **FIND** that common issues of law and fact presented by these cases favor consolidation. These cases implicate only West Virginia law. Additionally, these cases involve the same product, Obtryx, which was manufactured by the same defendant. All of the plaintiffs are West Virginia residents and were implanted with the device in West Virginia. Dr.

3

Subhash Bhanot, M.D., implanted six of the plaintiffs with the Obtryx; Dr. Michael Lassere, M.D., implanted two; Dr. Bernard Luby, M.D., implanted two; and Dr. Bruce Lasker, M.D., implanted one. In addition, the implantation of the plaintiffs occurred in a relatively short time span – between 2008 and 2012.

According to the Master Complaint, following the implantation of the Obtryx, the plaintiffs suffered similar injuries – "erosion, mesh contraction, infection, fistula, inflammation, scar tissue, organ perforation, dyspareunia (pain during sexual intercourse), blood loss, neuropathic and other acute and chronic nerve damage and pain, pudendal nerve damage, pelvic floor damage, and chronic pelvic pain." (Master Compl., ¶ 45).

A significant common issue in this case is whether the Obtryx was defectively designed. In West Virginia, the design defect inquiry will be focused on the same date: the date when the product was made. *See* Syl. Pt. 4, *Morningstar v. Black & Decker Mfg. Co.*, 253 S.E.2d 666, 667 (1979) ("The standard of reasonable safeness is determined not by the particular manufacturer, but by what a reasonably prudent manufacturer's standards should have been at the time the product was made."). The plaintiffs' implants were manufactured within a relatively short time; therefore, the variance in state of the art testimony will be minimal. While there will be separate evidence relating to failure to warn and individual damages, the similarities in these cases far outweigh any differences. In addition, carefully crafted jury instructions and special interrogatories can avoid the confusion that may arise due to these differences. *See generally Neal v. Carey Canadians Mines, Ltd.*, 548 F. Supp. 357 (E.D. Pa. 1982), *aff'd*, 760 F.2d 481(3d Cir. 1985).

### B. The *Arnold* Factors Favor Consolidation

I also **FIND** the *Arnold* factors weigh in favor of consolidation. First, the risk of juror

confusion can be avoided if the evidence is presented in an organized manner and with jury instructions.² It will also save the court's time and resources to hear one consolidated trial rather than eleven separate trials. Second, as other courts have observed,

> [I]t has been found that conducting "bellwether trials" is often an effective way to manage multidistrict litigation to a successful conclusion. For the bellwether trial concept to be an effective gauge for evaluation of other cases, it would appear that the more bellwether trials conducted, the more reliable the gauge. Since a court has limited time and resources to try large numbers of bellwether trials, it would appear that consolidation of multiple cases for trial in the MDL setting would provide the parties with an opportunity to obtain results for multiple claims without burdening the court or the parties with the substantial cost of multiple separate trials.

*In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, MDL 2004, 2010 WL 797273, at *3 (M.D. Ga. Mar. 3, 2010). Third, if eleven of these Obtryx cases are disposed of in one trial, the disposition of these cases may facilitate settlement amongst the parties. Last, consolidation will decrease the parties' costs such as payments to expert witnesses.

I note in its Transfer Order dated February 7, 2012, the Judicial Panel on Multidistrict Litigation found that the actions contained in this MDL and MDL 2325 and 2327 involved common questions of fact and that centralization would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." (Transfer Order [Docket 1], at 3); *see also In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, 2010 WL 797273, at *3 ("It has already been determined that cases referred to a district court by the Judicial Panel on Multidistrict Litigation involve common questions of law and fact such that it is deemed appropriate, and preferable, that the pretrial aspect of the cases be handled in a

---

² Moreover, the potential for jury confusion is further decreased where a court consolidates only a few actions for trial. *See, e.g.*, *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492 (11th Cir. 1985) (consolidating four claims); *Oman v. Johns-Manville Corp.*, 764 F.2d 224 (4th Cir. 1985) (consolidating four claims); *Neal v. Carey Canadian Mines, Ltd.*, 548 F. Supp. 357 (E.D. Pa. 1982), *aff'd*, 760 F.2d 481 (3rd Cir. 1985) (consolidating fifteen claims). Here, I am only consolidating eleven actions for trial.

5

consolidated manner."). These observations, combined with my above determinations, logically compel the liberal use of Rule 42(a) for the purposes of this multidistrict litigation. *See In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, 2010 WL 797273, at *3 ("Consolidation appears to be a particularly appropriate tool that should be seriously considered in modern-day multidistrict litigation."). Accordingly, I will consolidate these actions under Rule 42.

IV. **Conclusion**

Pursuant to Federal Rule of Civil Procedure 42, the above-styled actions are consolidated for a trial on all issues. The trial is **SCHEDULED** for **October 14, 2014 at 8:30 a.m.** It is **ORDERED** that Civil Action No. 2:12-cv-08633 is designated as the lead case, and all further filings shall be captioned and docketed therein. It is further **ORDERED** that the parties submit a proposed Docket Control Order for entry in 2:12-cv-08633 on or before **February 28, 2014.**

The court **DIRECTS** the Clerk to file a copy of this order in **2:12-md-2326 and the above-referenced cases** and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:14-cv-10674. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review

6

and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: February 19, 2014

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

7