UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: ALL ACTIONS | **PRETRIAL ORDER NO. 147: TENTATIVE REMAND PLAN** |

At tomorrow's case management conference, the parties should be prepared to discuss the following tentative plan for preparing the cases in the MDL for transfer back to their home districts for trial:

- The Court will decide all case-specific summary judgment motions. In addition, because *Daubert* motions relating to causation are so intertwined with summary judgment, the Court will decide those as well. Ninth Circuit law will govern the *Daubert* motions regardless of where the case originated.[1] The courts that will eventually try the cases will be left with any other pretrial motions, including motions in limine, motions to bifurcate, and *Daubert* motions unrelated to summary judgment.

- The Court will then group the cases by their governing state law. The first group will likely be cases governed by California law. For this group, the Court's prior summary judgment rulings will govern, at least absent intervening authority. Therefore, to obtain summary judgment in a particular case, Monsanto will need to identify a material difference between that case and the cases for which summary judgment has already been denied. Assuming

---

[1] Issues of federal law are governed by the law of the MDL transferee circuit. *See, e.g.*, *In re Gen. Am. Life Ins. Co. Sales Practices Litig.*, 391 F.3d 907, 911 (8th Cir. 2004); *In re Anthem, Inc. Data Breach Litig.*, 129 F. Supp. 3d 887, 892 (N.D. Cal. 2015); *Paguirigan v. DirecTV, Inc.*, No. CV 10-1401 AG (ANx), 2010 WL 11595781, at *9-10 (C.D. Cal. Sept. 9, 2010).

summary judgment and *Daubert* motions are denied for a particular case, that case will be remanded to the multi-district litigation panel for transfer back to its original district in California.

- A similar process will take place for subsequent groups of cases, but with the parties also setting forth their positions on whether the law of the state relating to causation is materially different from California law.

- Individual states may be grouped together if it is determined that the relevant law is the same.

- Absent extraordinary circumstances, all multi-plaintiff cases must be severed into separate, individual cases, both because it is not proper for those plaintiffs to be joined under Federal Rule of Civil Procedure 20 and because severance will facilitate implementation of the above-described plan.

**IT IS SO ORDERED.**

Date:   May 21, 2019

_____
VINCE CHHABRIA
United States District Judge