**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, Colorado 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
aimee.wagstaff@andruswagstaff.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, New York 10003
Tel: (212) 558-5802
Fax: (646) 293-4921
Email: rgreenwald@weitzlux.com

**THE MILLER FIRM LLC**
Michael J. Miller
108 Railroad Avenue
Orange, Virginia 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
mmiller@millerfirmllc.com

*Co-Lead Counsel for Plaintiffs*

**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:     202-847-4030
Fax:     202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**ARNOLD & PORTER KAYE SCHOLER**
Daniel Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, N.W.
Washington DC  20001-3743
Tel: (202) 942-6216

*Attorneys for Defendant*
*MONSANTO COMPANY*
(Additional Counsel Listed Below)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 ) ) Case No. 3:16-md-02741-VC ) |
| This document relates to:<br>ALL ACTIONS | ) ) ) ) ) ) ) |

**JOINT CASE MANAGEMENT STATEMENT**

The parties submit this joint case management statement based on the discussions with the Court during the May 22, 2019 Case Management Conference.

I.     REMAND PLAN

    A.     PLAINTIFFS' PROPOSAL

Plaintiffs respectfully submit that the Court's Tentative Remand Plan (PTO 147), with slight modifications to the grouping of cases, would result in the most efficient process for the remand of cases to their home districts for trial.  The Court already ruled on the general outline of the remand plan.  Plaintiffs' plan is based on the Court's directive; Monsanto's proposal improperly disregards the Court's remand protocol.

The Court should first remand cases that will be governed by California law. The Court has already expended substantial time and resources applying California law to case-specific issues in this litigation.  The Court's prior rulings on summary judgment and case-specific *Daubert* in the California trial cases will allow the parties to avoid duplicative motions practice on matters that have already been decided by the Court.  If there are no material differences between a particular California case and the cases for which summary judgment has already been denied, the Court could recommend that the JPML remand those actions back to the transferor court without delay.  If there are material differences, the Court's decisions in those cases would generate additional authority on issues likely to affect other plaintiffs in the MDL.

In complex MDL proceedings, "[m]otion practice can be a source of substantial cost and delay." *Manual for Complex Litigation (Fourth)* § 11.32 (2004).  The Court should therefore take measures to "avoid the filing of unproductive motions." *Id*. at § 11.34. Resolving the California cases first would substantially reduce the necessary motions practice in subsequent cases resulting in a more-efficient process.

Monsanto's proposal for the Court to adopt the "first-in, first-out" approach, or alternatively to focus on cases applying Nebraska or North Carolina law, fails to comply with this Court's directive.  Monsanto has made no effort to demonstrate that the laws of Nebraska and North Carolina are the same or substantially the same. S*ee In re Roundup Prod. Liab. Litig.*,

16-md-2741-VC; Tr. (5-22-19) 111:6-112:5 (requiring "one law per wave."). Indeed, Monsanto did not even address how the law of these states would materially differ from California for the purposes of case-specific summary judgment motions.  Thus, Monsanto has failed to make the necessary showing that Nebraska and North Carolina cases should be included in the same wave of remand.  Proceeding under Monsanto's proposal would result in the fragmentary treatment of randomly-selected cases without any showing of how those cases would materially advance the goal of remand.

Monsanto further argues that the California cases do not provide a representative sample that would allow the parties to value and evaluate the litigation.  However, the need to select "representative cases" applies to MDL bellwether selections *for trial* not remand. In refusing to waive *Lexecon* for any and all cases, Monsanto assured that the "representative" bellwether cases from this MDL would each apply California law.  [See Dkt. 1892; Monsanto Resp. to P's Position: Venue].  In any event, Monsanto overstates the necessity of remand to other jurisdictions in order to evaluate the nature and strength of the claims.  As the Court noted at the May 22, 2019 hearing, California is "a very diverse state" and there are upcoming trials in Missouri that would provide relevant information to evaluate these claims.  There are also claims currently pending in the state courts of Montana, Florida, Hawaii, and Alabama.  The Court's focus should be the most efficient manner to remand the cases from this MDL and not the selection of a particular venue.

### 1. Remand of California Cases in Separate Waves

Plaintiffs propose that cases governed by California law should be remanded in two waves.  The first wave would include the fourteen (14) cases filed directly in the Southern District of California, Central District of California, or Eastern District of California.[1]  The second wave would include all cases governed by California law that were filed in jurisdictions outside the State of California.[2]

---

[1] *Giglio* is not included in this wave and would operate under a separate CMO.
[2] These include cases filed in the Eastern District of Missouri and the District of Hawaii.

1    The Manual for Complex Litigation (Fourth) advises that, at the time of remand, the

2    complete pretrial record should be sent to the transferor court. *Manual for Complex Litigation*

3    *(Fourth)* § 20.133 (2004).  Additionally, the transferee court should include a pretrial order that

4    fully chronicles the proceedings, summarizes the rulings, and outlines the issues remaining for

5    discovery and trial. *Id.*  For the reasons described above, it would be more efficient for the

6    Court's initial pretrial order on remand to be limited to California law and then later amended, as

7    necessary, for other states.

8    Plaintiffs respectfully submit that two phases of remand for the California cases are

9    necessary as it is likely that the Court will be required to make different recommendations to the

10   transferor courts based on the circumstances of these cases.  In the pretrial order transmitted to

11   the transferor courts, the transferee court may also include a recommendation that the transferor

12   courts transfer non-resident cases to their home district.[3] *Kalama v. Matson Navigation Co. Inc.*,

13   875 F.3d 297, 309 (J. Stranch, concurring); *Musselman v. Amphenol Corp.*, No. 10-cv-69486,

14   2011 WL 6415165 (E.D. Pa. Nov. 28, 2011).  Plaintiffs submit that the transfer of the California

15   cases to the Eastern District of Missouri, and other federal districts, should include a

16   recommendation that the transferor court send the cases to the venue of Plaintiffs' residence.

17   Allowing the cases filed outside of California to proceed on a separate track would

18   promote efficiency at the time of remand.  These cases would benefit from the Court's rulings in

19   the "Wave 1" cases and specifically include any recommendations from this Court on how the

20   transferor courts should handle the venue of non-resident plaintiffs.

21   **2.     Plaintiffs' Proposed CMO**

22        **a.     REMAND:** *Giglio v. Monsanto*, **Case No. 3:16-cv-05658-VC**

23   Pursuant to the May 22, 2019 Case Management Conference, the following CMO is

24   proposed for Plaintiff Emanuel Giglio:

25

26

27   [3] This Court is required to remand the cases back to the district from which it was transferred. *In re Biomet M2A Magnum Hip Implant Prod. Liab. Litig.*, 357 F. Supp. 3d 1389, 1390 (JPML

28   2018).

| Event | Date |
|---|---|
| Identification by Monsanto of the products Plaintiff was potentially exposed to; applicable product labeling; chemical composition of the formulation; advertisements associated with the products; and Monsanto sales representatives | 30 days from entry of order identifying cases for work-up |
| Close of fact discovery | October 14, 2019 |
| Plaintiffs' expert reports due | October 18, 2019 |
| Monsanto's expert reports due | November 25, 2019 |
| Close of expert discovery | December 20, 2019 |
| Monsanto's *Daubert* and summary judgment briefs due | January 3, 2020 |
| Plaintiffs' oppositions and cross-motions due | January 11, 2020 |
| Monsanto's oppositions/replies re: *Daubert* and summary judgment due | January 18, 2020 |
| Plaintiffs' replies re: *Daubert* and summary judgment due | January 22, 2020 |
| *Daubert* hearing/argument (if any) | February 6, 2020 (subject to the Court's availability) |

### b.      REMAND WAVE 1 (14 cases filed in California federal court)

| Event | Date |
|---|---|
| PFSs due for any Plaintiffs who have not yet provided them, including all relevant authorizations | 45 days from entry of order identifying cases for work-up |
| Plaintiff to provide any medical records in his/her possession and/or his/her counsel's possession to defense counsel | 45 days from entry of order identifying cases for work-up |
| Deficiency letter(s) sent | 4 business days from receipt of PFS |
| Deadline to cure PFS deficiencies. The parties may file letter briefs regarding any disputes about whether a deficiency exists. | 14 days from receipt of deficiency letter |
| Identification by Monsanto of the products Plaintiff was potentially exposed to; applicable product labeling; chemical composition of the formulation; advertisements associated with the products; and Monsanto sales representatives | 60 days from entry of order identifying cases for work-up |
| Close of fact discovery | October 14, 2019 |
| Plaintiffs' expert reports due | October 31, 2019 |
| Monsanto's expert reports due | November 29, 2019 |

| Close of expert discovery | January 24, 2020 |
| Monsanto's *Daubert* and summary judgment briefs due | January 31, 2020 |
| Plaintiffs' oppositions and cross-motions due | February 21, 2020 |
| Monsanto's oppositions/replies re: *Daubert* and summary judgment due | February 28, 2020 |
| Plaintiffs' replies re: *Daubert* and summary judgment due | March 6, 2020 |
| *Daubert* hearing/argument (if any) | March 20, 2020 (subject to the Court's availability) |

     c.     **REMAND WAVE 2 (California cases filed in a federal district outside of California)**

| Event | Date |
| --- | --- |
| PFSs due for any Plaintiffs who have not yet provided them, including all relevant authorizations | 90 days from entry of order identifying cases for work-up |
| Plaintiff to provide any medical records in his/her possession and/or his/her counsel's possession to defense counsel | 90 days from entry of order identifying cases for work-up |
| Deficiency letter(s) sent | 7 business days from receipt of PFS |
| Deadline to cure PFS deficiencies. The parties may file letter briefs regarding any disputes about whether a deficiency exists. | 14 days from receipt of deficiency letter |
| Identification by Monsanto of the products Plaintiff was potentially exposed to; applicable product labeling; chemical composition of the formulation; advertisements associated with the products; and Monsanto sales representatives60 days from entry of order identifying cases for work-up | 120 days from entry of order identifying cases for work-up |
| Close of fact discovery | April 15, 2020 |
| Plaintiffs' expert reports due | May 1, 2020 |
| Monsanto's expert reports due | June 1, 2020 |
| Close of expert discovery | August 3, 2020 |
| Monsanto's *Daubert* and summary judgment briefs due | August 10, 2020 |
| Plaintiffs' oppositions and cross-motions due | August 31, 2020 |
| Monsanto's oppositions/replies re: *Daubert* and summary judgment due | September 7, 2020 |

| Plaintiffs' replies re: *Daubert* and summary judgment due | September 14, 2020 |
| *Daubert* hearing/argument (if any) | September 28, 2020 (subject to the Court's availability) |

### 3. Subsequent Remands

PTO 147 contemplates that subsequent groups of cases would be remanded based on the state law that would be applied to the plaintiffs' claims. If the Court adopts a state-by-state approach, the Court suggested that Monsanto would be permitted to select the first state. Plaintiffs do not object to "Wave 3" being limited to cases governed by either Nebraska or North Carolina law. Consistent with the Court's recommendation, however, Plaintiff submits that Monsanto should only be entitled to the selection of one of these states; not both. Plaintiff would then be entitled to select the state for "Wave 4" and the parties would then alternate until all cases have been remanded.

### B. MONSANTO'S PROPOSAL

Consistent with the colloquy with the Court, Monsanto has selected two states—Nebraska and North Carolina—for inclusion in the next two phases of this litigation. *See infra* at II. But after consideration of the large number of California-law plaintiffs and cases that would be worked up and tried as part of the planned first remand wave (or first two waves, under Plaintiffs' proposal),[4] Monsanto respectfully submits that the Court should adopt a different approach to the next two phases of this MDL. The purposes of an MDL are to effectuate the efficient resolution of mass tort cases, including by giving the parties valuable information about the strengths of their positions and the overall value of the litigation. While Monsanto appreciates the opportunity to select jurisdictions as part of the next two phases, the Court's plan continues to give one state—California—disproportionate weight and thereby has significant potential to impede the overall resolution of this MDL.

---

[4] Based on Monsanto's calculations, there appear to be almost 100 California plaintiffs spread across 51 cases. *See infra* at II.

- 7 -

This litigation, taken as a whole, already is providing an overwhelming amount of information about how plaintiffs' claims fare in California. By the very nature of the location of this MDL and the parallel, consolidated proceeding in California state court, the thrust of this otherwise-national litigation has been almost exclusively to this point centered in California. And with *Stevick* and *Giglio* destined for trial in federal court, and many hundreds of cases already pending in the state court proceeding (not counting the hundred or so plaintiffs subject to remand motions in this Court), this California focus is set to continue. Indeed, Judge Smith is modeling the workup of the cases in the coordinated proceedings after the aggressive schedule she adopted in a separate coordinated proceeding involving Essure. Moreover, Plaintiffs have suggested that they intend to bring more trial-preference motions in state court in an effort to further speed up certain cases and increase the number of California verdicts. Under these circumstances, placing California front and center in this MDL as well—including by setting potentially dozens more cases governed by California law beyond *Stevick* and *Giglio* on a path to trial—is counterproductive. Focusing so heavily on California plaintiffs in this otherwise-national litigation will not provide a representative sample from which the parties can value and evaluate the litigation.[5]

To be sure, the Court's remand proposal does expand the list of trial jurisdictions to parts of California outside the San Francisco Bay Area. But notwithstanding its apparent diversity,

---

[5] *See* Manual for Complex Litigation § 22.315 (explaining that bellwether cases must "be representative of the range of cases" if they are to "produce a sufficient number of representative verdicts and settlements to enable the parties and the court to determine the nature and strength of the claims, whether they can be fairly developed and litigated on a group basis and what range of values the cases may have if resolution is attempted on a group basis"); *see also In re General Motors LLC Ignition Switch Litig.*, MDL No. 2543, 2016 WL 1441804, at *9 (S.D.N.Y. Apr. 12, 2016) (noting that the "primary purpose" of initial trials "is to provide data points for settlement discussions with respect to the universe of cases," so the process should not allow selection of cases "likely to result in victory for one side or the other"); *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09- md-2087 BTM (KSC), 2012 WL 3637278, at *3 (S.D. Cal. Aug. 21, 2012) (early trial cases must be "representative" of the larger group of cases pending in MDL); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practice & Prods. Liab. Litig.*, MDL No. 2100, 2010 U.S. Dist. LEXIS 108107, at *4, *6-7 (S.D. Ill. Oct. 8, 2010) (noting it is "critical" to a successful early trial case plan "that an honest representative sampling of cases be achieved").

there are several unique features that make California a poor candidate to be the sole source of preliminary information about this litigation.  For example:

- California has adopted The Safe Drinking Water and Toxic Enforcement Act of 1986, Cal. Health and Safety Code section 25249.5 *et seq.* (Proposition 65), which requires that cancer warnings be placed on an abundance of items that do not require warnings in other jurisdictions, distorting jurors' views of when and why cancer warnings are warranted;

- California has a distinctive "substantial factor" test for causation that arguably reduces the burden on plaintiffs to establish causation compared to the tests used in many other jurisdictions, which can make an enormous difference in cases involving an idiopathic disease with multiple known and unknown risk factors;[6]

- California imposes no caps on noneconomic damages,[7] while many other states provide for reasonable limits on noneconomic damages;[8]

---

[6] *Compare Novak v. Cont'l Tire N. Am.*, 231 Cal. Rptr. 3d 324, 328 (Ct. App. 2018) (affirming California's definitive adoption of the substantial factor test from the Restatement Second of Torts for cause-in-fact determinations), *with Reigel v. SavaSeniorCare L.L.C.*, 292 P.3d 977, 987 (Colo. App. 2011) ("To establish causation under Colorado law, a plaintiff must show either that (1) but for the defendant's alleged negligence, the claimed injury would not have occurred, or (2) the defendant's alleged negligence was a necessary component of a causal set that would have caused the injury."), *Culver v. Bennett*, 588 A.2d 1094, 1099 (Del. 1991) (holding that inclusion of "substantial factor" test in jury instructions was reversible error because proper inquiry under Delaware law was whether negligence was a "but for" cause of injury), *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 863 (Mo. 1993) ("All of this discussion concerning the semantics of causation is less important in Missouri than in most jurisdictions because under MAI we do not use the terms 1) 'proximate cause,' 2) 'but for causation,' or 3) 'substantial factor' when instructing the jury.  We merely instruct the jury that the defendant's conduct must 'directly cause' or 'directly contribute to cause' plaintiff's injury."), *Joshi v. Providence Health Sys. of Or. Corp.*, 149 P.3d 1164, 1169 (Or. 2006) ("[T]he 'substantial factor' standard has not supplanted the 'but-for' or 'reasonable probability' standard of causation. . . . The 'but-for' test for causation, in which a plaintiff must demonstrate that the defendant's negligence more likely than not caused the plaintiff's harm, applies to the majority of cases."), *and Ford Motor Co. v. Boomer*, 285 Va. 141, 154, 736 S.E.2d 724, 730 (Va. 2013) (rejecting the substantial factor test, in part because "[t]he term substantial contributing factor could be construed to mean any cause that is more than a merely de minimis factor").

[7] California makes exceptions to this general rule in circumstances not relevant here, such as in medical malpractice actions.  *See, e.g.*, Cal. Civil Code 3333.2(b) ("In no [action for injury against a health care provider based on professional negligence] shall the amount of damages for noneconomic losses exceed two hundred fifty thousand dollars ($250,000).").

[8] *Compare Plotnik v. Meihaus*, 146 Cal. Rptr. 3d 585 (Cal. Ct. App. 2012) ("[T]here is no fixed or absolute standard by which to compute the monetary value of emotional distress,' and a 'jury is entrusted with vast discretion in determining the amount of damages to be awarded.'" (quoting *Hope v. Cal. Youth Auth.*, 36 Cal. Rptr. 3d 154 (2005))), *with* Colo. Rev. Stat. Ann. § 13-21-102.5(3)(a) ("In any civil action other than medical malpractice actions in which damages for noneconomic loss or injury may be awarded, the total of such damages shall not exceed the sum

- 9 -

- California permits punitive damages awards and imposes no dollar cap on their size, while many other states bar the award of any punitive damages altogether or set reasonable limit on such awards;[9]

- California's pool of prospective jurors is tainted by the extensive, and highly prejudicial coverage in local, state, and national news media of the prior three California verdicts;[10]

- California has a trial-preference system that allows plaintiffs in state court to unilaterally push certain cases to the front of the line, without any consideration of what might be best for the overall litigation and irrespective of the prejudice caused to defendants;[11]

- This Court has observed that the Ninth Circuit's interpretation of *Daubert*—which the Court has proposed to apply to every specific causation motion in the litigation—is distinctive and requires greater "deference to experts in close cases than might be

---

of two hundred fifty thousand dollars, unless the court finds justification by clear and convincing evidence therefor.  In no case shall the amount of noneconomic loss or injury damages exceed five hundred thousand dollars."); Kan. Stat. Ann. § 60-19a02(b) ("In any personal injury action, the total amount recoverable by each party from all defendants for all claims for noneconomic loss shall not exceed a sum total of: (1) $250,000 for causes of action accruing on or after July 1, 1988, and before July 1, 2014; (2) $300,000 for causes of action accruing on or after July 1, 2014, and before July 1, 2018; (3) $325,000 for causes of action accruing on or after July 1, 2018, and before July 1, 2022 . . . ."); Md. Code Ann., Cts. & Jud. Proc. § 11-108(b)(1) ("In any action for damages for personal injury in which the cause of action arises on or after July 1, 1986, an award for noneconomic damages may not exceed $350,000.").

[9] *Compare* Cal. Civ. Code § 3294, *and Adgate v. Robinson Ford Sales, Inc.*, 208 F.3d 220 (9th Cir. 2000) ("California law sets no specific limit on the ratio of punitive damages to compensatory damages . . . ."), *with Brown v. Reg'l W. Med. Ctr.*, 916 N.W.2d 590, 940 (Neb. 2018) (holding punitive damages claim was barred by Nebraska constitution), *Dailey v. N. Coast Life Ins. Co.*, 919 P.2d 589, 590 (Wash. 1996) (affirming longstanding view that punitive damages are contrary to Washington public policy, and available only with express legislative authorization), N.C. Gen. Stat. Ann. § 1D-25 ("Punitive damages awarded against a defendant shall not exceed three times the amount of compensatory damages or two hundred fifty thousand dollars ($250,000), whichever is greater."), Va. Code Ann. § 8.01-38.1 ("In no event shall the total amount awarded for punitive damages exceed $350,000.").

[10] *See* Dkt. No. 2219, Monsanto's Letter Brief Regarding Jury Selection (describing Monsanto's serious concerns regarding the impact of pretrial publicity on prospective jurors after just *one* California verdict, never mind the subsequent *two*—including the *Pilliod* verdict awarding damages in the billions).

[11] *See* Cal. Code Civ. P. § 36(a) (requiring that a Court must grant a preference motion made by a plaintiff over 70 years of age, with "a substantial interest in the action as a whole," whose health condition requires a preference to prevent prejudicing that interest); *Fox v. Superior Court*, 230 Cal. Rptr. 3d 493, 497 (Ct. App. 2018) ("Where a party meets the requisite standard for calendar preference under subdivision (a), preference *must* be granted.  No weighing of interests is involved." (emphasis added)).

MONSANTO'S CASE MANAGEMENT STATEMENT FOR MAY 22, 2019 MDL HEARING
3:16-cv-02741-VC

appropriate in some other Circuits," which "could matter in close cases" like those in this MDL;[12]

The Court's proposal, coupled with the developments in the trials to date, accordingly would allow the often-unique legal aspects and perspective of one state (and the federal circuit within which it sits) to distort unfairly a national litigation that spans 66 jurisdictions.

Accordingly, Monsanto submits that the better course is either to adopt the commonly used "first-in, first-out" approach that it suggested in the parties' Joint Case Management Statement, Dkt. No. 3782 at 9-20,[13] or at least to focus MDL resources on other states for the next wave of cases.  The Court has set the *Stevick* case for trial in February 2020 and has indicated a willingness to remand the *Giglio* case for trial in the Southern District of California, providing still more data from California through the MDL.  Otherwise prioritizing cases from other states for the next two phases would allow trials in other jurisdictions more promptly and preserve the California cases to be worked up quickly in the future for later trials, after more cross-cutting information is gathered from trials in other jurisdictions.  Further, and contrary to Plaintiffs' suggestion, Monsanto does not expect that handling two states, such as Nebraska and North Carolina, in the first remand wave would increase the burden on the Court.  Under this approach, as with the Court's proposal to handle California and one other state of Monsanto's choosing, the Court would have to apply the law of only two different states in the next remand wave.  And the number of cases from Nebraska and North Carolina combined is far smaller than the number of cases from California.

---

[12]  *See* PTO 45 at 8-9 (comparing *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1233-38 (9th Cir. 2017), and *City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1043-49 (9th Cir. 2014), with *In re Zoloft (Sertraline Hydrochloride) Products Liability Litigation*, 858 F.3d 787, 800 (3d Cir. 2017), and *McClain v. Metabolife International, Inc.*, 401 F.3d 1233, 1244-45 (11th Cir. 2005)).

[13]  *See* Manual for Complex Litigation § 22.315 ("To obtain the most representative cases from the available pool, a judge should direct the parties to select test cases randomly . . . .") (citing *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997) ("A bellwether trial designed to achieve its value ascertainment function for settlement purposes or to answer troubling causation or liability issues common to a universe of claimants has as a core element representativeness—that is, the sample must be a randomly selected one of sufficient size so as to achieve statistical significance to the desired level of confidence . . . .")).

Additionally, if the Court is to decide specific causation *Daubert* and summary judgment motions arising from states outside the Ninth Circuit,[14] the Court should at least apply other circuits' *Daubert* law to motions arising from jurisdictions within those Circuits, as the *Daubert*-decision appeals will occur in those circuits. Moreover, deciding *Daubert* motions "intertwined with summary judgment" inevitably will require the Court to apply causation standards from states outside the Ninth Circuit. It is more sensible for the Court to apply the *Daubert* standards with which those disparate state standards are interconnected in deciding, for example, whether certain expert testimony is relevant to causation.

Finally, and for all of the foregoing reasons, Monsanto submits that the Court should reject Plaintiffs' proposal to further exacerbate the California focus of this MDL by having the next two remand phases—spanning well over a year—consist solely of California cases. Monsanto also opposes Plaintiffs' remarkable suggestion that the Court recommend that all of the potential-California-law cases Plaintiffs chose to file in the Eastern District of Missouri and other federal districts be transferred to the state of Plaintiffs' residence—which, *for every one of those plaintiffs*, is California. *See infra* at II. Even setting aside that the decision whether to transfer a case is for the transferor court to make,[15] the Court should not sanction Plaintiffs' attempt at another round of forum shopping. These plaintiffs chose to file their lawsuits in Missouri—many as part of multi-plaintiff cases that the Court has correctly indicated should be severed. Recommending that all of these cases return to California would improperly turn this MDL into a single-state litigation for the foreseeable future.

---

[14] Monsanto continues to object to the Court's doing so, *see* 5/22/19 CMC Tr. at 106:22-107:4, and requests that the Court remand member cases before resolution of case-specific *Daubert* and other motions, for all of the reasons articulated in the Joint Case Management Statement, Dkt. No. 3782 at 13-16.

[15] *See In re Biomet M2A Magnum Hip Implant Prod. Liab. Litig.*, 357 F. Supp. 3d 1389, 1390 (U.S. Jud. Pan. Mult. Lit. 2018) ("As the transferee judge noted in his suggestion of remand, the Panel is without authority to 'redirect the remand' to a different, non-originating court. Instead, any motion for change of venue must be made to the original transferor court following Section 1407 remand. While the parties may view this process as cumbersome, since they agree that venue is proper in the proposed, non-originating districts, the clear terms of the statute afford the Panel no discretion as to where a transferred case must be remanded: the only destination allowed by Section 1407(a) is the 'district from which it was transferred.'")

1.     Monsanto's Proposed CMO

a.     **Remand Wave 1**[16]

| Event | Date |
|---|---|
| PFSs due for any Plaintiffs who have not yet provided them, including all relevant authorizations | 5 days from entry of order identifying cases for work-up |
| Plaintiff to provide any medical records in his/her possession and/or his/her counsel's possession to defense counsel | 5 days from entry of order identifying cases for work-up |
| Deficiency letter(s) sent | 4 business days from receipt of PFS |
| Deadline to cure PFS deficiencies.  The parties may file letter briefs regarding any disputes about whether a deficiency exists. | 7 days from receipt of deficiency letter |
| Close of fact discovery | August 16, 2019 |
| Plaintiffs' expert reports due | August 20, 2019 |
| Monsanto's expert reports due | September 3, 2019 |
| Close of expert discovery | October 1, 2019 |
| Monsanto's *Daubert* and summary judgment briefs due | October 7, 2019 |
| Plaintiffs' oppositions and cross-motions due | October 18, 2019 |
| Monsanto's oppositions/replies re: *Daubert* and summary judgment due | November 1, 2019 |
| Plaintiffs' replies re: *Daubert* and summary judgment due | November 8, 2019 |
| *Daubert* hearing/argument (if any) | November 25, 2019 (subject to the Court's availability) |

b.     **Remand Wave 2**

| Event | Date |
|---|---|
| PFSs due for any Plaintiffs who have not yet provided them | 21 days from entry of order identifying cases for work-up |
| Plaintiff to provide any medical records in his/her possession and/or his/her counsel's possession to defense counsel | 21 days from entry of order identifying cases for work-up |
| Deficiency letter(s) sent | 4 business days from receipt of PFS |

---

[16] Monsanto is amenable to a less-compressed schedule, as Plaintiffs have proposed, but submitted the following CMO in light of the Court's instruction to propose a schedule that had the cases through *Daubert* briefing in November.

| | |
|---|---|
| Deadline to cure PFS deficiencies.  The parties may file letter briefs regarding any disputes about whether a deficiency exists. | 7 days from receipt of deficiency letter |
| Close of fact discovery | February 10, 2020 |
| Plaintiffs' expert reports due | February 17, 2020 |
| Monsanto's expert reports due | March 2, 2020 |
| Close of expert discovery | March 26, 2020 |
| Monsanto's *Daubert* and summary judgment briefs due | April 17, 2020 |
| Plaintiffs' oppositions and cross-motions due | May 8, 2020 |
| Monsanto's oppositions/replies re: *Daubert* and summary judgment due | May 18, 2020 |
| Plaintiffs' replies re: *Daubert* and summary judgment due | May 25, 2020 |
| *Daubert* hearing/argument (if any) | June 22, 2020 (subject to the Court's availability) |

## II.   PHASE 1 AND 2 CASES

As noted above, Plaintiff submits that the Court should remand cases applying California law before considering cases applying the law of other states.  Monsanto objects to the remand of any additional California cases beyond *Giglio*, but to the extent the Court decides that the first remand phase should consist of cases from California and one other state, Monsanto requests that Nebraska be included in the first remand wave, and that the second remand wave consist of cases from North Carolina.  Notwithstanding the parties' objections, the parties have listed below the cases in the MDL that are filed in federal courts in California, Nebraska, and North Carolina, as well as the other plaintiffs in the litigation that currently reside in those states (many of whom are parties to large multi-plaintiff cases in other jurisdictions).

Based on the information currently available (which at most consists of PFSs), Monsanto cannot currently determine whether California, Nebraska, or North Carolina law actually apply to these cases, and reserves all rights to address choice-of-law issues after fact discovery concludes.  The charts below also do not include the cases in which motions to remand are currently pending before the Court; if those cases remain in federal court the numbers below would increase, particularly in California.

A.    **California**

Cases filed in California district courts

| Plaintiff Name | Plaintiff State of Residence | Case Name | Current Cause | Transferor Court |
|---|---|---|---|---|
| Carriere, Jerald | CA | Carriere, Jerald | 3:18-cv-05778 | CA - C.D. |
| Chavez, Armando Vargas | CA | Chavez, Armando Vargas | 3:18-cv-04855 | CA - C.D. |
| Graef, Shaun | CA | Graef, Shaun | 3:19-cv-02316 | CA - C.D. |
| Hernandez, Ines | CA | Hernandez, Ines | 3:16-cv-05750 | CA - C.D. |
| Johansing, Peter | CA | Johansing, Peter | 3:16-cv-05751 | CA - C.D. |
| McCall, Teri (individually and as successor in interest for the estate of Anthony McCall); David McCall; Paul McCall; Maggie McCall; Alicia Suarez | CA | McCall, Anthony | 3:16-cv-05749 | CA - C.D. |
| Russo, Matteo Anthony | CA | Russo, Matteo Anthony | 3:16-cv-06024 | CA - C.D. |
| Sanders, John D. | CA | Sanders, John D., et al. | 3:16-cv-05752 | CA - C.D. |
| Tanner, Frank | CA | Sanders, John D., et al. | 3:16-cv-05752 | CA - C.D. |
| Wooten, Karen, Harley Wooten III, Timothy Wooten, individually and on behalf of the Estate of Harley Wooten | CA | Wooten, Harley | 3:17-cv-01735 | CA - C.D. |
| Galvan, Paul | CA | Galvan, Paul | 3:17-cv-00781 | CA - E.D. |
| Mendoza, Yolanda | CA | Mendoza, Yolanda | 3:16-cv-06046 | CA - E.D. |
| Calderon, Jamie Alvarez | CA | Calderon, Jaime | 3:19-cv-01630 | CA - N.D. |
| Gebeyehou, Sioum | CA | Gebeyehou, | 3:16-cv- | CA - N.D. |

| | | Sioum | 05813 | |
|---|---|---|---|---|
| Ramirez, Robert | CA | Ramirez, Robert | 3:19-cv-02224 | CA - N.D. |
| Stevick, Elaine | CA | Stevick, Elaine | 3:16-cv-02341 | CA - N.D. |
| Giglio, Emanuel | CA | Giglio, Emanuel | 3:16-cv-05658 | CA - S.D. |
| Harris, Anthony | CA | Harris, Anthony | 3:17-cv-03199 | CA - S.D. |
| Hernandez, Ruben | CA | Hernandez, Ruben | 3:17-cv-07364 | CA - S.D. |

Other plaintiffs currently residing in California

| Plaintiff Name | Plaintiff State of Residence | Case Name | Current Cause | Transferor Court |
|---|---|---|---|---|
| Sheppard, Christine | CA | Sheppard, Christine | 3:16-cv-05650 | HI - District of Hawaii |
| Anderson, Brian | CA | Acosta, Brenda, et al. | 3:18-cv-01960 | MO - E.D. |
| Arriola, Richard | CA | Arriola, Richard | 3:19-cv-01758 | MO - E.D. |
| Ashton, Brenda | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Balcom, Nancy (next of kin of Robert Balcom) | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Bare, Howard | CA | Angel, Albert, et al. | 3:17-cv-05547 | MO - E.D. |
| Barker, Kenneth | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Buckingham, Loretta (individually and as Administrate of the Estate of Kendle Barnett) | CA | Mitchell, Dorothy, et al. | 3:18-cv-04786 | MO - E.D. |
| Beaudet, David | CA | Beaudet, David, et al. | 3:17-cv-06902 | MO - E.D. |

| | | | | |
|---|---|---|---|---|
| Belsey, Robert | CA | Marniella, Laurie, et al. | 3:17-cv-05546 | MO - E.D. |
| Bolden, Earnest | CA | Bolden, Earnest | 3:18-cv-04785 | MO - E.D. |
| Bordeaux, William | CA | Bordeaux, William | 3:19-cv-00960 | MO - E.D. |
| Brewster, John | CA | Brewster, John | 3:19-cv-02382 | MO - E.D. |
| Brooks, Dean | CA | Beaudet, David, et al. | 3:17-cv-06902 | MO - E.D. |
| Brown, Eric | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Campau, James | CA | Campau, James C. | 3:19-cv-01358 | MO - E.D. |
| Capo, Arthur | CA | Capo, Arthur | 3:18-cv-07633 | MO - E.D. |
| Castillo Torres, Ramro | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Castro, Rafael | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Cisneros, Jimmie | CA | Payes, Eugenio et al. | 3:19-cv-02585 | MO - E.D. |
| Cohn, Richard | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Doty, Bruce | CA | Doty, Bruce | 3:19-cv-01566 | MO - E.D. |
| Driscoll, Colleen | CA | Driscoll, Colleen | 3:19-cv-01729 | MO - E.D. |
| Emeterio, Roy | CA | Emeterio, Roy | 3:19-cv-01738 | MO - E.D. |
| Fink, Daniel | CA | Edwards, Myrlon, et al. | 3:17-cv-07365 | MO - E.D. |
| Follett, Tina | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Furnas, David | CA | Furnas, David | 3:19-cv-01577 | MO - E.D. |
| Furnice, Michael | CA | Beaudet, David, et al. | 3:17-cv-06902 | MO - E.D. |
| Garnier, Warren | CA | Bouzeanes, George et, al. | 3:19-cv-00713 | MO - E.D. |
| Gattuccio, Kathleen | CA | Gattuccio, Kathleen | 3:19-cv-01760 | MO - E.D. |

MONSANTO'S CASE MANAGEMENT STATEMENT FOR MAY 22, 2019 MDL HEARING
3:16-cv-02741-VC

| | | | | | |
|---|---|---|---|---|---|
| Gehring, Dina | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Geisinger, Mason | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Goskowicz, Randall | CA | Angel, Albert, et al. | 3:17-cv-05547 | MO - E.D. |
| Hayes, Derril | CA | Beaudet, David, et al. | 3:17-cv-06902 | MO - E.D. |
| Hodges, Terry | CA | Hodges, Terry | 3:18-cv-01699 | MO - E.D. |
| Kay, Tiffany (next of kin of Madelyne Kay-Moore) | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Kles, Pamela | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Kofler, Kathleen | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Lawrence, Tina (next of kin of John Lawrence) | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Lee, Shirley | CA | Lee, Shirley | 3:18-cv-02939 | MO - E.D. |
| Litter, Patrick | CA | Litter, Patrick | 3:18-cv-02418 | MO - E.D. |
| Luff, Randy | CA | Beaudet, David, et al. | 3:17-cv-06902 | MO - E.D. |
| Magee, Tracy | CA | Angel, Albert, et al. | 3:17-cv-05547 | MO - E.D. |
| Malandrinos, Alexander P. | CA | Malandrinos, Alexander P. | 3:19-cv-02217 | MO - E.D. |
| Mallard-Agbo, Margaret (next of kin of Dora Mallard) | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Manning, Martin | CA | Manning, Martin | 3:19-cv-00380 | MO - E.D. |
| Martinez, Jamie | CA | Berlin, Anthony, et al. | 3:18-cv-00815 | MO - E.D. |
| Mendoza, | CA | Ashton, | 3:18-cv- | MO - E.D. |

| | | | | |
|---|---|---|---|---|
| Samuel | | Brenda, et al. | 03959 | |
| Miller, Joanne | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Moul, Robert | CA | Moul, Robert | 3:19-cv-01731 | MO - E.D. |
| Nahale, Douglas | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| O'Brien, Aida | CA | O'Brien, Aida | 3:18-cv-03951 | MO - E.D. |
| Payes, Eugenio | CA | Payes, Eugenio et al. | 3:19-cv-02585 | MO - E.D. |
| Polanco, David | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Pruett, Christopher | CA | Angel, Albert, et al. | 3:17-cv-05547 | MO - E.D. |
| Rabbitt, Robert | CA | Berlin, Anthony, et al. | 3:18-cv-00815 | MO - E.D. |
| Ramierz, Daniel | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Randall, Michael | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Rauh, Robert | CA | Bouzeanes, George et, al. | 3:19-cv-00713 | MO - E.D. |
| Raygoza, Arturo | CA | Raygoza, Arturo | 3:19-cv-00929 | MO - E.D. |
| Ricker, Brenda | CA | Angel, Albert, et al. | 3:17-cv-05547 | MO - E.D. |
| Robinson, Fred | CA | Angel, Albert, et al. | 3:17-cv-05547 | MO - E.D. |
| Rustan, Susan | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Scully, Timothy | CA | Beaudet, David, et al. | 3:17-cv-06902 | MO - E.D. |
| Simmons, Laurence | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Smith, Kenneth | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Smith, Joseph | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Jennings, Amy (next of kin of Jim Voffee | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |

- 19 -

| Plaintiff Name | Plaintiff State of Residence | Case Name | Current Cause | Transferor Court |
|---|---|---|---|---|
| Smoot) | | | | |
| Spansauer, Janelle | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Swartz, Jane | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Tanner, John | CA | Acosta, Brenda, et al. | 3:18-cv-01960 | MO - E.D. |
| Terry, Michael | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Trujillo, Benita | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Veloz, Frank | CA | Ashton, Brenda, et al. | 3:18-cv-03959 | MO - E.D. |
| Verdugo, Arthur | CA | Verdugo, Arthur | 3:19-cv-02066 | MO - E.D. |
| Walker, Frances | CA | Walker, Frances | 3:19-cv-01724 | MO - E.D. |
| Walker, Wayne | CA | Walker, Wayne | 3:19-cv-00120 | MO - E.D. |

**B.     Nebraska**

Cases filed in the District of Nebraska

| Plaintiff Name | Plaintiff State of Residence | Case Name | Current Cause | Transferor Court |
|---|---|---|---|---|
| Dickey, Robert L. | NE | Domina, Larry E., et al. | 3:16-cv-05887 | NE - District of NE |
| Domina, Larry E. | NE | Domina, Larry E., et al. | 3:16-cv-05887 | NE - District of NE |
| Janzen, Royce D. | NE | Domina, Larry E., et al. | 3:16-cv-05887 | NE - District of NE |
| Pollard, Frank | NE | Domina, Larry E., et al. | 3:16-cv-05887 | NE - District of NE |
| Sanchez, Sabas | NE | Sanchez, Sabas | 3:17-cv-03377 | NE - District of NE |

Other plaintiffs currently residing in Nebraska

| Plaintiff Name | Plaintiff State of Residence | Case Name | Current Cause | Transferor Court |
|---|---|---|---|---|

MONSANTO'S CASE MANAGEMENT STATEMENT FOR MAY 22, 2019 MDL HEARING
3:16-cv-02741-VC

| Garvel, Linda (surviving spouse of Lawrence Garvel) | NE | Garvel, Linda | 3:17-cv-03217 | DE - District of DE |
|---|---|---|---|---|
| Bernt, Thomas C. | NE | Bernt, Thomas C. | 3:19-cv-02704 | MO - E.D. |
| Bickford, Curt | NE | Bickford, Curt | 3:19-cv-01559 | MO - E.D. |
| Damkroger, Douglas | NE | Hooks, Robert et, al. | 3:19-cv-00714 | MO - E.D. |
| Dugger, Theresa (individually and on behalf of Ulice Dugger, deceased) | NE | Dugger, Ulice | 3:19-cv-00006 | MO - E.D. |
| Foster, Estate of Carl Foster (by and through surviving spouse Dorine Foster, on behalf of all legal heirs of Carl Foster) | NE | Foster, Carl | 3:18-cv-03548 | MO - E.D. |
| Magwire, Gene | NE | Brooks, John, et al. | 3:18-cv-03188 | MO - E.D. |

## C.    North Carolina

Cases filed in North Carolina district courts

| Plaintiff Name | Plaintiff State of Residence | Case Name | Current Cause | Transferor Court |
|---|---|---|---|---|
| Green, Tracy | NC | Green, Tracy | 3:18-cv-05238 | NC - E.D. |
| Prince, William | NC | Prince, William | 3:17-cv-04737 | NC - E.D. |
| Strickland, Johnny | NC | Strickland, Johnny | 3:17-cv-03201 | NC - E.D. |
| Gatson, | NC | Gatson, | 3:18-cv- | NC - M.D. |

| Darryl | | Darryl | 05317 | |
|---|---|---|---|---|
| Frady, Geneva | NC | Frady, Geneva | 3:19-cv-2076 | NC - W.D. |
| Logan, Jerry | NC | Logan, Jerry | 3:18-cv-05239 | NC - W.D. |
| Seidl, Randall Dean | NC | Seidl, Randall Dean | 3:17-cv-00519 | NC - W.D. |

Other plaintiffs currently residing in North Carolina

| Plaintiff Name | Plaintiff State of Residence | Case Name | Current Cause | Transferor Court |
|---|---|---|---|---|
| Hartman, Wayne | NC | Hartman, Wayne, et al. | 3:17-cv-03219 | DE - District of DE |
| Lawson, Johnny | NC | Hartman, Wayne, et al. | 3:17-cv-03219 | DE - District of DE |
| Banks, Cynthia | NC | Haney, Jerry, et al. | 3:19-cv-00278 | MO - E.D. |
| Beddington, Kenny | NC | Acosta, Brenda, et al. | 3:18-cv-01960 | MO - E.D. |
| Bouzeanes, George | NC | Bouzeanes, George et, al. | 3:19-cv-00713 | MO - E.D. |
| Ham, Richard | NC | Bouzeanes, George et, al. | 3:19-cv-00713 | MO - E.D. |
| Holden, Walter | NC | Haney, Jerry, et al. | 3:19-cv-00278 | MO - E.D. |
| Kennedy, Marvin | NC | Kennedy, Marvin | 3:18-cv-06552 | MO - E.D. |
| Lenna, Gary | NC | Acosta, Brenda, et al. | 3:18-cv-01960 | MO - E.D. |
| Marson, Robert | NC | Acosta, Brenda, et al. | 3:18-cv-01960 | MO - E.D. |
| Mason, Michael | NC | Acosta, Brenda, et al. | 3:18-cv-01960 | MO - E.D. |
| McRorie, Bertha | NC | McRorie, Bertha | 3:18-cv-01110 | MO - E.D. |
| Medlin, Roger | NC | Medlin, Roger | 3:18-cv-05262 | MO - E.D. |
| Morrison, Alvin F. | NC | Morrison, Alvin | 3:18-cv-05261 | MO - E.D. |
| Nicholson, Earnestine | NC | Acosta, Brenda, et al. | 3:18-cv-01960 | MO - E.D. |

| Peay, Betty | NC | Acosta, Brenda, et al. | 3:18-cv-01960 | MO - E.D. |
|---|---|---|---|---|
| Raynor, Arlie | NC | Acosta, Brenda, et al. | 3:18-cv-01960 | MO - E.D. |
| Sellers, Peggy | NC | Acosta, Brenda, et al. | 3:18-cv-01960 | MO - E.D. |
| Smith, Larry A. | NC | Smith, Larry A. | 3:18-cv-05312 | MO - E.D. |
| Spain, Winfred | NC | Acosta, Brenda, et al. | 3:18-cv-01960 | MO - E.D. |
| Stringer, John | NC | Hartman, Charles, et al. | 3:18-cv-01089 | MO - E.D. |
| Sumner, George | NC | Sumner, George | 3:18-cv-05490 | MO - E.D. |
| Thompson, Kimberly B. (individually and on behalf of Joyce C. Thompson, deceased) | NC | Thompson, Kimberly | 3:18-cv-06026 | MO - E.D. |
| Whitley, Lucinda | NC | Acosta, Brenda, et al. | 3:18-cv-01960 | MO - E.D. |
| Wiseman, Patricia | NC | Wiseman, Patricia | 3:18-cv-05495 | MO - E.D. |
| Grunwald, Gary | NC | Wiley, Lisa, et al. | 3:18-cv-06560 | MO - W.D. |

Executed this 29th day of May 2019.


/s Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
**ANDRUS WAGSTAFF, PC**
7171 W. Alaska Drive
Lakewood, Colorado 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
aimee.wagstaff@andruswagstaff.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, New York 10003
Tel: (212) 558-5802
Fax: (646) 293-4921

/s Brian Stekloff
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
**WILKINSON WALSH + ESKOVITZ LLP**
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:     202-847-4030
Fax:    202-847-4005

- 23 -

Email: rgreenwald@weitzlux.com

**THE MILLER FIRM LLC**
Michael J. Miller
108 Railroad Avenue
Orange, Virginia 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
mmiller@millerfirmllc.com

*Co-Lead Counsel for Plaintiffs*

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**ARNOLD & PORTER KAYE SCHOLER**
Daniel Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, N.W.
Washington DC  20001-3743
Tel: (202) 942-6216

*Attorneys for Defendant*
*MONSANTO COMPANY*
(Additional Counsel Listed Below)


/s/_____

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:     202-847-4030
Fax:     202-847-4005

Daniel Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
601 Massachusetts Avenue, N.W.
Washington DC  20001-3743
Tel:  (202) 942-6216

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

Michael X. Imbroscio (*pro hac vice*)

- 24 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO'S CASE MANAGEMENT STATEMENT FOR MAY 22, 2019 MDL HEARING
3:16-cv-02741-VC