**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
7171 W. Alaska Drive
Lakewood, CO  80226
Tel:  (303) 376-6360
Fax: (303) 376-6361

**MOORE LAW GROUP, PLLC**
Jennifer A. Moore (SBN 206779)
jennifer@moorelawgroup.com
1473 South 4th Street
Louisville, KY  40208
Tel:  (502) 717-4080
Fax: (502) 717-4086

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document relates to:<br>*Hardeman v. Monsanto Co., et al.,*<br>3:16-cv-0525-VC; | **PLAINTIFF'S MOTION TO AMEND THE JUDGMENT TO CLARIFY PRE AND POST-JUDGMENT INTEREST RATES** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** beginning on July 2, 2019 at 1:00 p.m. in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Plaintiff will move to amend the judgment in Pretrial Order No. 145 [Dkt. 3604] to clarify the applicable prejudgment and post-judgment interest rates. A supporting memorandum is filed herewith.

Dated: 5/31/2019

Respectfully submitted,

/s/ Jennifer A. Moore
Jennifer A. Moore (SBN 206779)
jennifer@moorelawgroup.com
MOORE LAW GROUP, PLLC
1473 South 4th Street
Louisville, KY  40208
Tel: (502) 717-4080

Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
ANDRUS WAGSTAFF, P.C.
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360

*Counsel for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Introduction

Plaintiff respectfully moves the Court to amend Pretrial Order No. 145: Judgment [Dkt. 3604] to clarify the applicable rate of pre and post-judgment interest.[1] As the Court explained in Pretrial Order No. 144 [Dkt. No. 3603], "[i]n diversity actions, state law determines the rate of prejudgment interest, and postjudgment interest is governed by federal law." AT&T Co. v. United Comp. Sys., Inc., 98 F.3d 1206, 1209 (9th Cir. 1996); see also 28 U.S.C. § 1961. The judgment entered on May 3, 2019 [Dkt. 3604] specifies the post-judgment interest rate, stating that Defendant Monsanto Company shall pay interest upon this judgment at the federal interest rate governed by 28 U.S.C. § 1961. The judgment is silent as to prejudgment interest and, therefore, Plaintiff asks the Court to amend the judgment to clarify the rate of prejudgment interest that applies in addition to the post-judgment interest rate.[2]

## II.  Discussion

### A. Applicable State Law Controls Awards Of Prejudgment Interest And California Law Provides Prejudgment Interest As A Matter Of Right.

Plaintiff's First Amended Complaint [Dkt. 2617-12] contains a prayer for relief that includes prejudgment interest. See Adler v. Pasadena, 229 Cal. App.2d 518 (1964) (interest may be awarded even where "there is no specific prayer."). In diversity cases, such as this, state law controls the availability and amount of prejudgment interest. Attebury Grain, LLC v. VAC Props., LLC, 2017 U.S. Dist. LEXIS 211173, *18 (C.D. Cal. 2017) (citing James B. Lansing Sound, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 801 F.2d 1560, 1569 (9th Cir. 1986)). California

---

[1] 02 Micro Int'l Ltd. v. Monolithic Power Sys., 420 F. Supp.2d 1070 (N.D. Cal. 2006) ("District courts in this circuit have amended judgments to specify the amount of prejudgment interest pursuant to Rule 59(e)."); see also Jenkins v. Whittaker Corp., 785 F.2d 720, 737 (9th Cir. 1986) ("Rule 59(e) was intended to deal with the correction of error, not the initial granting of relief. Such a prejudgment interest motion does not ask the court to reconsider or correct its own mistakes, because the court has not previously considered or decided the issue. The motion addresses an issue collateral to the main cause of action, requiring an inquiry unrelated to the merits that cannot be made until the moving plaintiff has "prevailed" on the merits.").

[2] Plaintiff met and conferred with Defendant to determine if Defendant would stipulate to the amount of prejudgment interest.  Defendant would not agree to the amount.

Civil Code 3287 provides that prejudgment interest shall be awarded as a matter of right on damages certain or capable of being made certain by calculation from the day upon which the right to recover vested. Id. "In order to recover prejudgment interest under California law, damages must have been calculable at the time. In cases where interest is awarded on non-contractual claims, the rate is 7% per annum from the date the claim arose." Attebury Grain, 2017 U.S. Dist. LEXIS 211173 at *18.

Here, California state law governs the availability of prejudgment interest and provides Mr. Hardeman with the right of prejudgment interest as to all ascertainable damages. See Cataphora Inc. v. Parker, 848 F. Supp.2d 1064, 1072 (N.D. Cal. 2012) ("If the amount owing can be calculated and determined from statements rendered by the plaintiff to the defendant and those statements are found to be true and correct, it is a matter of mere calculation and prejudgment interest can be awarded.") (internal citations omitted). Inherently nonpecuniary and unliquidated damages claims, such as those for emotional injury, are not subject to prejudgment interest under California law; however, losses subject to precise calculation, such as medical expenses, allow for prejudgment interest. *In re Pago Pago Aircrash*, 525 F. Supp. 1007 (C.D. Cal. 1981) ("[I]n addition to prejudgment interest on those portions of the verdicts that constitute recovery for paid medical expenses, paid funeral expenses, and lost property, prejudgment interest will be awarded in those cases decided under California law on those amounts of the verdicts constituting recovery for loss of earnings, services or support which would have accrued between the date of the accident and the date of the verdict in each case.").

It is undisputed that the verdict for Mr. Hardeman's past economic loss, which represents his past medical expenses, meets the statutory requirement of certainty; particularly as here, the parties stipulated to the total of medical expenses [Dkt. 113]. Levy-Zenter Co. v. Southern Pac. Transportation Co., 74 Cal. App. 3d 762, 799 (1977) ("The question presented is whether the damages meet the statutory requirement of certainty or capable of being made certain for fixing prejudgment interest as to exact time and amount, where damages are entered into by stipulation

or admission, or where the answers to interrogatories provide the defendant with an amount certain that remains undisputed.").

Accordingly, Plaintiff respectfully requests the Court amend the judgment to clarify that Defendant, Monsanto Company, shall pay prejudgment interest at the rate of 7% on the amount of compensatory damages awarded for past economic loss ($200,967.10) and post-judgment interest at the federal interest rate governed by 28 U.S.C. § 1961 as to the total judgment of $80,267,634.10, plus costs and prejudgment interest. See Air Separation v. Underwriters at Lloyd's of London, 45 F.3d 288, 290-291 (9th Cir. 1994) (*holding* post-judgment interest also applies to the prejudgment interest component of a district court's money judgment). Prejudgment interest should begin from the date of filing the complaint, February 1, 2016. See Bullock v. Philip Morris USA, Inc., 198 Cal. App. 4th 543 (2011); Levy-Zenter Co. v. Southern Pac. Transportation Co., 74 Cal. App. 3d 762 (1977); Coulter v. Howard, 113 Cal. App. 208 (1931).  Accordingly, Plaintiff is entitled to prejudgment interest in the amount of $45,748.92 and respectfully requests the Court amend the judgment to reflect such.[3]  A proposed Amended Judgment is tendered herewith.

Dated: 5/31/2019

Respectfully submitted,

/s/ Jennifer A. Moore
Jennifer A. Moore (SBN 206779)
jennifer@moorelawgroup.com
MOORE LAW GROUP, PLLC
1473 South 4th Street
Louisville, KY  40208
Tel: (502) 717-4080

and

---

[3] Plaintiff calculated the prejudgment interest on the amount of past economic damages of $200,967.10 at the rate of 7% beginning on February 1, 2016 to the date of judgment, May 3, 2019.  For the years 2016, 2017, and 2018, interest equals $14,067.70 per year and $3,545.83 from February 1, 2019 to May 3, 2019 for a total of $45,748.92.

Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
ANDRUS WAGSTAFF, P.C.
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on May 31, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Jennifer A. Moore
Jennifer A. Moore (SBN 206779)
jennifer@moorelawgroup.com

PLAINTIFF'S MOTION TO AMEND THE JUDGMENT TO CLARIFY PRE AND POST-JUDGMENT INTEREST RATES