Victoria L. Ersoff (State Bar No. 161795)
versoff@wshblaw.com
Emil A. Macasinag (State Bar No. 256953)
emacasinag@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310-481-7600 ♦ Fax: 310-481-7650

Attorneys for Defendant AZUSA PACIFIC UNIVERSITY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY ACTION | MDL 2741 |
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | **DEFENDANT AZUSA PACIFIC UNIVERSITY'S MOTION AND MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6)** |
| *Shaun Graef and Janelle Pitchford v. Monsanto Co. and Azusa Pacific University,* No. 2:19-cv-02290-DMG-SK (C.D. Cal.), No. 3:16-md-02741-VC (N.D. Cal.) | Filed Concurrently with Request for Judicial Notice; [Proposed] Order |
| | Date: July 11, 2019<br>Time: 10:00 a.m.<br>Courtroom: 4 (17th Floor) |
| | The Hon. Vince Chhabria |

## NOTICE OF MOTION

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

1. **PLEASE TAKE NOTICE** that on July 11, 2019 at 10:00 a.m. in Courtroom 4 of the above-titled Court located at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant AZUSA PACIFIC UNIVERSITY ("APU") will and hereby does move for an Order dismissing APU from the above-titled action filed by Plaintiffs SHAUN GRAEF and JANELLE PITCHFORD ("Plaintiffs").

2. Plaintiffs' Complaint, and each and every allegation and claim for relief therein, fails to state facts sufficient to plausibly support any cognizable legal theory. *Caltex Plastics, Inc. v. Lockheed Martin Corp.,* 824 F.3d 1156, 1159 (9th Cir. 2016). Therefore, APU respectfully requests that this Court dismiss APU from Plaintiffs' action, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and other authorities in the following Memorandum of Points and Authorities ("Memorandum").

3. APU's Motion is based on this Notice; the Memorandum; the concurrently filed Request for Judicial Notice and exhibit thereto; the concurrently lodged [Proposed] Order; the records and files of the Court, as specified in the Memorandum; and such other evidence and oral argument that may properly be presented to this Court.

DATED:  June 4, 2019                WOOD, SMITH, HENNING & BERMAN LLP


By:     /s/ Emil A. Macasinag
        VICTORIA L. ERSOFF
        EMIL A. MACASINAG
Attorneys for Defendant AZUSA PACIFIC UNIVERSITY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF ISSUES TO BE DECIDED

Defendant AZUSA PACIFIC UNIVERSITY ("APU") asks this Court to decide whether Plaintiffs SHAUN GRAEF and JANELLE PITCHFORD ("Plaintiffs") have stated any plausible claim for relief against APU in their Complaint; and whether Plaintiffs should be granted leave to amend their Complaint.

Plaintiffs allege that Mr. Graef's non-Hodgkin's lymphoma was caused by exposure to Defendant MONSANTO COMPANY'S ("Monsanto") Roundup-branded herbicides while playing baseball at various fields for over 30 years, including one located at APU. Plaintiffs improperly pleaded this sole material fact against APU "upon information and belief." For the following reasons, APU should be dismissed, and Plaintiffs should not be granted leave to amend their Complaint.

## II. STATEMENT OF RELEVANT FACTS

Plaintiffs' Complaint sets forth five causes of action against Monsanto and APU: (1) Negligence, (2) Strict Products Liability: Design Defect, (3) Strict Products Liability: Failure to Warn, (4) Breach of Warranty, and (5) Breach of Implied Warranty of Merchantability. *See Graef v. Monsanto,* Case 2:19-cv-02290 DMG-SK, Doc. 1-1 (Attachment 1 to Defendant Monsanto's Notice of Removal) (hereinafter "Complaint").

There are 211 enumerated paragraphs in Plaintiffs' Complaint. Only three (3) of those paragraphs contain allegations mentioning APU by name.

- APU "is and at all relevant times herein was an unknown California entity, with substantial contacts in the County of Los Angeles, State of California." *Id.* at ¶ 5.
- APU, "an unknown California Entity, and (sic) is a business entity doing business in the County of Los Angeles, State of California." *Id.* at ¶ 13.
- "Upon information and belief, Plaintiff, who was exposed to Roundup extensively, by and through playing baseball for decades on Roundup-treated fields, included, but us (sic) not limited to, the filed (sic) located at [APU]." *Id.* at ¶ 106.

Paragraph 105 of the Complaint is nearly duplicative of paragraph 106: "Upon

LEGAL:10468-0086/11810099.1                    -3-                    Case No. 3:16-md-02741-VC

DEFENDANT AZUSA PACIFIC UNIVERSITY'S MOTION TO DISMISS PURSUANT TO
FED.R.CIV.P. 12(B)(6); SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

information and belief, Plaintiff SHAUN GRAEF is a baseball player who was regularly exposed to Roundup for more than 30 years while playing baseball at various fields in Los Angeles County." *Id.* at ¶ 105. Plaintiffs go on to allege: "At the time of Plaintiffs' use of and exposure to Roundup, Roundup was being used for the purposes and in a manner normally intended, as a broad-spectrum herbicide." *Id.* at ¶ 144. APU is a corporation organized under the Nonprofit Religious Corporation Law of the State of California for religious purposes. *See* Request for Judicial Notice ("RJN").

## III.  LEGAL STANDARD

Rule 8(a) requires, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed.R.Civ.P. 8(a). Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. *Caltex Plastics, Inc. v. Lockheed Martin Corp.,* 824 F.3d 1156, 1159 (9th Cir. 2016). A motion to dismiss for failure to state a claim should be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

"[P]leading on information and belief is not an appropriate form of pleading if the matter is within the personal knowledge of the pleader or 'presumptively' within his knowledge, unless he rebuts that presumption."  5 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1224 (3d. Ed. 2019); *see also Arista Records, LLC v. Doe 3,* 604 F.3d 110, 120 (2d. Cir. 2010) (holding the plausibility standard does not prevent a plaintiff from pleading facts alleged upon information and belief "where the facts are peculiarly within the possession and control of the defendant").

*Twombly* illustrated the Supreme Court's "two-pronged approach" to deciding motions to dismiss brought under Rule 12(b)(6): first, the court must discount conclusory statements, which are not presumed to be true; and then, assuming any factual allegations are true, the court shall determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S.Ct. 1937, 173

L.Ed.2d 868 (2009); *see also Resnick v. Hyundai Motor America, Inc.,* 2017 WL 1531192, *7 (C.D. Cal. Apr. 13, 2017) (reciting the prongs and quoting *Iqbal*). As to the first prong, allegations that are not entitled to the presumption of truth include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *See Iqbal,* 556 U.S. at 678. Regarding the second prong, a plaintiff's complaint "must be dismissed" if it fails to state claims that are plausible; not just conceivable. *See Twombly,* 550 U.S. at 570. A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. *See Franklin v. Murphy,* 745 F.2d 1221, 1228-1229 (9th Cir. 1984); *see also Weisbuch v. County of Los Angeles,* 119 F.3d. 778, 783, fn. 1 (9th Cir. 1997) ("If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts").

Where it is apparent that amendment of a complaint would be futile, it is proper to deny leave to amend. *See Lockman Found. v. Evangelical Alliance Mission,* 930 F.2d 764, 772 (9th Cir. 1991) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

## IV.  ARGUMENT

### A.  Plaintiffs' Complaint Does Not Contain Well-Pleaded Material Facts To State A Plausible Negligence Claim Against APU

Plaintiffs have utterly failed to state a plausible claim for relief against APU. Plaintiffs devote 199 of the 211 enumerated paragraphs in their Complaint to Monsanto's acts, omissions, and facts regarding its products; and Plaintiffs' resulting lack of knowledge, exposure to Monsanto's products, and injuries. *See id.* at ¶¶ 1, 4, 6, 7, 12, 16-105, 108-211. As for the other twelve (12) paragraphs, nine (9) identify Plaintiffs or address jurisdictional issues; leaving only three (3) that mention APU by name. *See id.* at ¶¶ 2, 3, 8-11, 14, 15, 107 (Plaintiffs or jurisdictional issues); 5, 13, 106 (mentioning APU). Of the three (3) Complaint paragraphs expressly referencing APU,

two (2) are essentially immaterial, because they merely state that APU is an entity which does and has done business in Los Angeles County. *See id.* at ¶¶ 5, 13. This means out of Plaintiffs' 211-paragraph Complaint, only <u>one (1)</u> paragraph (number 106) contains an alleged material fact mentioning APU by name. There, Plaintiffs allege "[u]pon information and belief" that Plaintiff Mr. Graef played baseball for decades on Roundup-treated fields, including but not limited to a field located at APU. *See id.* at ¶ 106. However, said allegations in paragraph 106 are <u>not</u> entitled to be assumed true.

Whether and when Plaintiff Mr. Graef played baseball at APU's field are matters clearly within his personal knowledge. Plaintiffs cannot rebut the presumption that these material, purported facts are necessarily in his possession. *Wright, supra,* § 1224. Further, they are not "peculiarly within the possession and control of" APU. *See Arista Records,* 604 F.3d at 120. Pleading on information and belief is appropriate when the pleader needs more information to confirm what he believes is true. Here, there is no need for Plaintiffs to conduct discovery in order to confirm whether Plaintiff Mr. Graef ever played baseball at APU's field. He either knows or he does not, and he should have known by the time Plaintiffs filed their Complaint. Plaintiffs have merely <u>*speculated*</u> that Mr. Graef played baseball at APU's field at some point. Their one and only alleged material fact against APU has been improperly pleaded.

In *Iqbal,* the pleader alleged, on personal knowledge, that Defendants "'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" *Iqbal,* 556 U.S. at 680 (quoting Iqbal's Complaint). The Supreme Court reasoned that those allegations were "bare assertions" which "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim." *Iqbal,* 556 U.S. at 681 (quoting *Twombly,* 550 U.S. at 555). The Supreme Court explained that it "[did] not reject these bald allegations on the ground that they are unrealistic or nonsensical;" "[i]t is the conclusory nature of [his] allegations, rather than their extravagantly fanciful nature,

that disentitles them to the presumption of truth." *Id.* Here, Plaintiffs' sole, alleged material fact mentioning APU is a bare (and ambiguously worded) assertion that APU owns a Roundup-treated baseball field where Plaintiff Shaun Graef used to play baseball. It amounts to nothing more than a formulaic recitation of the elements of a negligence claim, *i.e.,* the assertion only merely suggests that APU breached a duty it purportedly owed to Plaintiff Mr. Graef at some point in the last few decades. Based on the reasoning of the Supreme Court in *Twombly* and *Iqbal,* Plaintiffs' only alleged material fact against APU is conclusory, and is not entitled to be assumed true.

This means after undertaking half of the two-pronged approach developed by the Supreme Court for deciding Rule 12(b)(6) motions, Plaintiffs' Complaint is <u>*devoid*</u> of well-pleaded material facts relating to APU that are entitled to the assumption of truth. *See Iqbal,* 556 U.S. at 679; *see also Caltex Plastics,* 824 F.3d at 1159 (noting that only "well-pleaded material facts" must be accepted as true). Even if the aforementioned sole material allegation concerning APU should be assumed true, Plaintiffs do not sufficiently state facts that plausibly suggest an entitlement to relief; whether under negligence or any other theory. The Supreme Court has explained that

> [t]he plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief."

*Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557). The allegations in the Complaint at paragraph 106 only <u>*merely create the possibility*</u> that APU owed a duty to one of the Plaintiffs at some point in the last 30 years. Plaintiffs fail to plead any facts that "nudge their claims across the line from conceivable to plausible," which means their Complaint must be dismissed. *See Twombly,* 550 U.S. at 570.

**B.    Plaintiffs' Complaint Is Devoid Of Facts Supporting Their Strict Products Liability Or Breach of Warranty Claims Against APU**

1. <u>Strict Products Liability</u>

"A bedrock principle in strict liability law requires that 'the plaintiff's injury must

have been caused by a defect in the [defendant's] product.'" *O'Neil v. Crane Co.,* 53 Cal.4th 335, 347, 135 Cal.Rptr.3d 288, 266 P.3d 987 (Cal. 2012) (quoting *Daly v. General Motors Corp.,* 20 Cal.3d 725, 733, 575 P.2d 1162, 144 Cal.Rptr. 380 (Cal. 1978) (brackets in original). With one important exception discussed *infra* (IV.D.), all of Plaintiffs' allegations concerning their Second and Third Causes of Action (for Strict Products Liability: Design Defect; and Strict Products Liability: Failure to Warn) are directed at Monsanto's wrongful acts and Plaintiffs' damages arising therefrom. *See* Complaint at ¶¶ 135-181. The Complaint is devoid of an allegation that APU was involved in designing, manufacturing, labeling, marketing, distributing, or selling Roundup-branded herbicides. *See id.*

### 2. Breach Of Warranty

In California,

> [t]he law governing express warranties is clear. A warranty is a contractual promise from the seller that the goods conform to the promise. If they do not, the buyer is entitled to recover the difference between the value of the goods accepted by the buyer and the value of the goods had they been as warranted.

*Daugherty v. Am. Honda Motor Co.,* 144 Cal.App.4th 824, 830, 51 Cal.Rptr. 3d 119 (Cal. Ct. App. 2006). In this case, Plaintiffs do not allege (nor could they reasonably allege) that APU manufactured or sold Roundup-branded herbicides, or that Plaintiffs purchased said products from APU. In fact, Plaintiffs' allegations relating to their Fourth and Fifth Causes of Action (for Breach of Warranty; and Breach of Implied Warranty of Merchantability) only concern the allegedly express or implied representations and breaches of Monsanto, and the allegedly resulting damage to Plaintiffs. *See* Complaint at ¶¶ 182-211.

### C. Plaintiffs' Punitive Damages Claim Against APU Necessarily Fails

The purpose of punitive damages is to punish the defendant and to deter future misconduct by making an example of the defendant. *See* Cal. Civ. Code § 3294; *see also PPG Industries, Inc. v. Transamerica Ins. Co.,* 20 Cal.4th 310, 317, 975 P.2d 652, 84 Cal.Rptr. 2d 455 (Cal. 1999) (concluding "the purposes of punitive damages […] are

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

to punish and deter the wrongdoer"). To support a claim for punitive damages, the complaint must allege ultimate facts of a defendant's conduct, so that a defendant has adequate notice of the kind of conduct charged against him. *Cyrus v. Haveson,* 65 Cal.App.3d 306, 316-317, 135 Cal.Rptr. 3d 246 (Cal. Ct. App. 1976).

In this case, Plaintiffs' Complaint is devoid of any allegations concerning APU's conduct. Plaintiffs' punitive damages claim against APU fails as a matter of law. Additionally, Section 425.14 of the *California Code of Civil Procedure* provides:

> No claim for punitive or exemplary damages against a religious corporation or religious corporation sole shall be included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive or exemplary damages to be filed. The court may allow the filing of an amended pleading claiming punitive or exemplary damages on a motion by the party seeking the amended pleading and upon a finding, on the basis of the supporting and opposing affidavits presented, that the plaintiff has established evidence which substantiates that plaintiff will meet the clear and convincing standard of proof under Section 3294 of the Civil Code.

Cal. Civ. Proc. Code § 425.14. Here, APU is a corporation organized under the Nonprofit Religious Corporation Law of the State of California primarily for religious purposes. *See* RJN. Plaintiffs did not obtain a Court Order allowing them to assert a punitive damages claim against APU. Furthermore, the Court should not grant Plaintiffs leave to amend their punitive damages claim against APU, for the unfounded possibility Plaintiffs will later have "established evidence which substantiates that [they] will meet the clear and convincing standard of proof under Section 3294 of the Civil Code." *See* Cal. Civ. Proc. Code § 425.14.

**D.   APU Should Be Dismissed From Plaintiffs' Action With Prejudice**

Paragraph 144 of the Complaint states: "At the time of Plaintiffs' use of and exposure to Roundup, Roundup was being used for the purposes and in a manner normally intended, as a broad-spectrum herbicide." *See* Complaint at ¶ 144. Plaintiffs' theories of APU's liability make APU's purported "use of" Roundup an essential allegation. However, Plaintiffs *admit* that such use was "for the purposes and in a manner normally intended, as a broad-spectrum herbicide." *See id.* This admission is

entitled to the assumption of truth, and it defeats their claims against APU. It "establish[es] facts compelling a decision one way," which is "as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." *See Weisbuch,* 119 F.3d at 783, fn. 1. This is another reason APU should be dismissed from Plaintiffs' action. *See Franklin,* 745 F.2d at 1228-1229.

Plaintiffs' Complaint includes voluminous, detailed allegations against Monsanto based on personal knowledge. They could not do so to support their one and only material purported fact against APU. No amount of discovery will cure Plaintiffs' present lack of knowledge of whether Plaintiff Mr. Graef played baseball at APU's field. For all of the above reasons, Plaintiffs' amendment of their Complaint would be futile. Therefore, it would be proper for this Court to deny Plaintiffs leave to amend their Complaint, and to grant this Motion with prejudice. *See Lockman Found.,* 930 F.2d at 772.

## V. CONCLUSION

Plaintiffs' Complaint, and each and every allegation and claim for relief therein, fails to state any claim upon which relief can be granted as against APU. For the foregoing reasons, this Court should dismiss APU from the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. APU respectfully requests that the Court grant this Motion and enter the [Proposed] Order dismissing APU with prejudice.

DATED: June 4, 2019         WOOD, SMITH, HENNING & BERMAN LLP

By:   /s/ Emil A. Macasinag
      VICTORIA L. ERSOFF
      EMIL A. MACASINAG
Attorneys for Defendant AZUSA PACIFIC UNIVERSITY

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On June 4, 2019, I served the following document(s) described as **DEFENDANT AZUSA PACIFIC UNIVERSITY'S MOTION AND MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6)** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 4, 2019, at Los Angeles, California.

/s/ Adriana C. Moreno
Adriana C. Moreno

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

LEGAL:10468-0086/11810099.1   -1-   Case No. 3:16-md-02741-VC
DEFENDANT AZUSA PACIFIC UNIVERSITY'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6); SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

# SERVICE LIST

## UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA

## IN RE: ROUNDUP PRODUCTS LIABILITY ACTION
## THIS DOCUMENT RELATES TO:

*Shaun Graef and Janelle Pitchford v. Monsanto Co. and Azusa Pacific University,*

**No. 2:19-cv-02290-DMG-SK (C.D. Cal.),**
**No. 3:16-md-02741-VC (N.D. Cal.)**

Thomas V. Girardi, Esq.
Christopher T. Aumais, Esq.
Ashkahn Mohamadi, Esq.
GIRARDI KEESE
1126 Wilshire Blvd.
Los Angeles, CA 90017
Tel: (213) 977-0211 / Fax: (213) 481-1554
E-mail: amohamadi@girardikeese.com
caumais@girardikeese.com

**Attorneys for Plaintiffs, SHAUN GRAEF; and JANELLE PITCHFORD**

E. Alex Beroukhim, Esq.
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017-5844
Tel: (213) 243-4000/ Fax: (213) 243-4199
E-mail: alex.beroukhim@arnoldporter.com

**Attorneys for Defendant, MONSANTO COMPANY**

Richard A. Clark, Esq.
Steven R. Platt, Esq.
PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN, P.C.
555 S. Flower St., 30th Floor
Los Angeles, CA 90071-2440
Tel: (213) 683-6500/ Fax: (213) 683-6669
E-mail: rclark@pmcos.com
splatt@pmcos.com

**Attorneys for Defendant, MONSANTO COMPANY**

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

LEGAL:10468-0086/11810099.1 -2- Case No. 3:16-md-02741-VC
DEFENDANT AZUSA PACIFIC UNIVERSITY'S MOTION TO DISMISS PURSUANT TO
FED.R.CIV.P. 12(B)(6); SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES