UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to:<br>ALL ACTIONS | **[PROPOSED]**<br>**PRETRIAL ORDER NO. 150:**<br>**DIRECT FILING ORDER** |

Currently within this MDL, there are complaints in which multiple plaintiffs allege that they developed cancer after exposure to glyphosate-based herbicides ("GBHs") manufactured by Monsanto Company ("Monsanto"). This Court has ordered that such cases be severed into individual complaints for pre-trial case work-up purposes. *See* Pretrial Order No. 149, ECF 4009 (June 3, 2019). To promote efficiency and eliminate the delays associated with the need to dismiss multi-plaintiff cases within this MDL and the filing of additional complaints in their original filing jurisdictions, this Court will allow plaintiffs who are currently part of cases in multi-plaintiff complaints currently in this Court to file individual complaints directly on this Court's docket. The procedures governing this process are ordered as follows:

1.  Any complaint filed directly in this MDL shall identify: (i) the residence of plaintiff (city and state) at the time of filing; (ii) the residence of the plaintiff (city and state), or of the product user if the plaintiff is acting in a representative capacity, at the time of the diagnosis of the alleged injury; (iii) the place(s) of plaintiff's exposure to GBHs, or, if the plaintiff is acting in a representative capacity, the place(s) of the product user's exposure to GBHs; (iv) the dates of the plaintiff's exposure to GBHs, or, if the plaintiff is acting in a representative capacity, the product user's dates of exposure to GBHs; (v) the states in which the plaintiff, or product user if the plaintiff is acting in a representative capacity, received medical

treatment related to his/her cancer; and (vi) the federal district court in which the action was originally filed.

2. This Court shall not be deemed to be the "transferor court" simply by virtue of the action having been directly filed in this District in this MDL. The direct filing of actions in MDL No. 2741 in the Northern District of California is solely for the purposes of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. § 1407; the parties submit to this Court's personal jurisdiction and venue in the Northern District of California for those purposes only. Upon completion of all pretrial proceedings applicable to a case directly filed in the Northern District of California, the defendants do not intend to waive, and by agreement to this direct filing procedure are not waiving, their rights to seek to transfer any case in this MDL to a court of proper venue under 28 U.S.C. § 1406(a), *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), or other applicable law.

3. The inclusion of any action in MDL No. 2741, whether such action was or will be filed originally or directly in the Northern District of California, shall not, standing alone, constitute a determination by this Court that jurisdiction or venue is proper in this District, the original filing district, or in an alternative district in which the action otherwise would have been filed absent the direct filing procedures adopted by this Court.

4. The fact that a case was filed directly in MDL No. 2741 pursuant to this Order will have no impact on choice of law, including the statute of limitations, that would otherwise apply to an individual case had it been filed in another district court and transferred to this Court pursuant to 28 U.S.C. §1407.

5. When appropriate and prior to remand, the parties will be directed to meet and confer to attempt to reach agreement on the proper venue.

6. At the conclusion of all pretrial proceedings, the Court, pursuant to the rules of the Judicial Panel on Multidistrict Litigation ("JPML") and 28 U.S.C. § 1404(a), will transfer each case filed directly in this MDL to the court in which the original complaint including that plaintiff was filed.

7.      For those cases transferred to MDL No. 2741 from another federal district court by the JPML prior to the entry of this Order, plaintiffs subject to this order shall file a Short Form Complaint within 60 days of the entry of this Order.  For those cases transferred after the entry of this Order, any plaintiff to which this Order applies shall file a Short Form Complaint within 90 days of receipt of the member case number in MDL No. 2741.  Short Form Complaints may not add additional parties beyond those identified in the original complaint.

8.      Plaintiffs must file the Short Form Complaint in their member case and in the main MDL case.

9.      The defendants named in the initial complaint (or the operative complaint as amended, if applicable) are not required to file answers to Short Form or Amended Short Form Complaints.  An Entry of Appearance (including an appearance entered prior to the filing of the Short Form Complaint) by an attorney representing such defendants shall constitute a denial of all allegations in the Short Form Complaint filed against any of the defendants named in the Master Complaint and an assertion of all defenses that are included in the existing Answers.  In addition, the original answer, affirmative defenses, and any jury demand filed by that defendant in the multi-plaintiff action is deemed to be filed in the applicable severed cases.

**IT IS SO ORDERED.**

Date:  June ___, 2019                                        _____
                                                             VINCE CHHABRIA
                                                             United States District Judge