1

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)

2

Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.

3

Washington, DC  20005
Telephone:     202-898-5800

4

Facsimile:     202-682-1639
Email:    jhollingsworth@hollingsworthllp.com

5

elasker@hollingsworthllp.com

6

*Attorneys for Defendant*
*MONSANTO COMPANY*

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

11

Case No. 3:16-md-02741-VC

12

This document relates to:

13

*Alois Lednicky v. Monsanto Co.*,
Case No. 3:19-cv-02760-VC

14

15

**<u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>**

16

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

17

Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

18

all allegations contained in plaintiff Alois Lednicky's Complaint and Jury Demand ("the

19

Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer,

20

Monsanto refers to Monsanto Company, a United States based company incorporated in

21

Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall

22

constitute a denial.

23

1.     Monsanto admits the allegations in the first and second sentences of the

24

Complaint's first-numbered paragraph 1. In response to the allegations in the third sentence of

25

the Complaint's first-numbered paragraph 1, Monsanto admits that certain of its Roundup®-

26

branded products contain POEA and adjuvants, and that the United States Environmental

27

Protection Agency ("EPA") has classified surfactants and adjuvants as inert. Monsanto notes that

28

- 1 -

the EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  In response to the allegations in the final sentence of the Complaint's first-numbered paragraph 1, Monsanto admits that glyphosate was one of the world's most widely used herbicides in 2013, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of the Complaint's first-numbered paragraph 1 and therefore denies those allegations.

2.      In response to the allegations in the Complaint's first-numbered paragraph 2, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware.  Monsanto admits that it and affiliated companies have operations and offices in countries around the world.  Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of the Complaint's first-numbered paragraph 2.  Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of the Complaint's first-numbered paragraph 2 and therefore denies those allegations.

3.      In response to the allegations in the Complaint's first-numbered paragraph 3, Monsanto admits that its glyphosate products are registered in at least 130 countries and approved for use on over 100 different crops.  Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media.  Monsanto denies the remaining allegations in the Complaint's first-numbered paragraph 3.

4.      Monsanto admits the allegations in the first sentence of the Complaint's first-numbered paragraph 4.  Monsanto denies the allegations in the second sentence of the Complaint's first-numbered paragraph 4 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

5.      Monsanto admits the allegations in the first sentence of the Complaint's first-numbered paragraph 5.  Monsanto denies the allegations in the second sentence of the Complaint's first-numbered paragraph 5.

6.      In response to the allegations in paragraph 6, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 6.

7.      Monsanto denies the allegations in paragraph 7.

8.      In response to the allegations in paragraph 8, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the EPA repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that paragraph 8 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

9.      The allegations in paragraph 9 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the remaining allegations in paragraph 9 based upon the allegations in plaintiff's Complaint.

10.     Monsanto admits the allegations in paragraph 10.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-02760-VC

11.     The allegations in paragraph 11 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 11.

12.     In response to the allegations in the first sentence of paragraph 12, Monsanto denies any "omissions" and certain events giving rise to plaintiff's claim.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 12 regarding where certain other events giving rise to plaintiff's claim occurred and therefore denies those allegations.  The remaining allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.     Monsanto denies the allegations in paragraph 13.

14.     Monsanto admits the allegations in the first sentence of paragraph 14.  The remaining allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.     In response to the allegations in paragraph 15, Monsanto admits that it discovered the herbicidal properties of glyphosate; that it has manufactured Roundup®-branded herbicides; that certain Roundup®-branded herbicides contain POEA and adjuvants; and that EPA has classified surfactants and adjuvants as inert.  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  Monsanto denies the remaining allegations in paragraph 15.

16.     In response to the allegations in paragraph 16, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  Monsanto states that the remaining allegations in paragraph 16 are vague and ambiguous and that it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies those allegations.

17.     Monsanto admits the allegations in the first sentence of paragraph 17.  Monsanto denies the allegations in the second sentence of paragraph 17 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.

Monsanto denies the allegations in the third sentence of paragraph 17 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

18.    In response to the allegations in paragraph 18, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 18.

19.    Monsanto admits the allegations in the first two sentences of paragraph 19 and admits that it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto otherwise denies the remaining allegations in paragraph 19.

20.    In response to the allegations in paragraph 20, Monsanto admits that certain Roundup®-branded herbicides contain POEA and adjuvants, that EPA has classified surfactants and adjuvants as inert, and that the specific surfactants and adjuvants used in Roundup®-branded herbicides – like those in other manufacturers' herbicide products – are protected by EPA as "trade secrets."  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  Monsanto denies the remaining allegations in paragraph 20.

21.    The allegations in paragraph 21 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 21.

22.    In response to the allegations in paragraph 22, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 22 set forth conclusions of law for which no response is required.

23.    The allegations in paragraph 23 set forth conclusions of law for which no response is required.

1    24.    Monsanto admits that Roundup®-branded products are registered by EPA for

2  manufacture, sale and distribution and are registered by the State of Texas for sale and

3  distribution.

4    25.    In response to the allegations in paragraph 25, Monsanto admits that EPA requires

5  registrants of herbicides to submit extensive data in support of the human health and

6  environmental safety of their products and further admits that EPA will not register or approve

7  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

8  states that the term "the product tests" in the final sentence of paragraph 25 is vague and

9  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 25

10  set forth conclusions of law for which no answer is required.

11    26.    Monsanto denies the allegations in paragraph 26 to the extent that they suggest

12  that EPA only evaluates the safety of pesticide products on the date of their initial registration.

13  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

14  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

15  of the allegations in paragraph 26 regarding such pesticide products generally and therefore

16  denies those allegations.  The remaining allegations in paragraph 26 set forth conclusions of law

17  for which no response is required.

18    27.    In response to the allegations in paragraph 27, Monsanto admits that EPA has

19  undertaken a review of glyphosate and that EPA has not released its findings.  Monsanto states,

20  however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-

21  page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support

22  is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health

23  risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its

24  standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-02760-VC

existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and therefore denies those allegations.

28.     In response to the allegations in paragraph 28, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."   EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or

---

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017) https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

1  reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

2  • "EPA has concluded that glyphosate does not pose a cancer risk to humans." 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

3

4  • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20.

5

6

7

8

9  Monsanto denies the remaining allegations in paragraph 28.

10      29.    In response to the allegations in paragraph 29, Monsanto admits that it – along

11  with a large number of other companies and governmental agencies – was defrauded by two

12  chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

13  testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

14  toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

15  glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

16  studies.  To the extent that the allegations in paragraph 29 are intended to suggest that Monsanto

17  was anything other than a victim of this fraud, such allegations are denied.

18      30.    In response to the allegations in paragraph 30, Monsanto admits that IBT

19  Laboratories was hired to conduct toxicity studies in connection with the registration of a

20  Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

21  based upon any fraudulent or false IBT studies.

22      31.    Monsanto denies the allegations in paragraph 31 to the extent they suggest that

23  EPA performed an inspection of IBT Laboratories solely or specifically in connection with

24  studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

25  Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

26  connection with services provided to a broad number of private and governmental entities and

27  that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

28

- 8 -

one of several pesticide manufacturers who had used IBT test results.  The audit found some

toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

based upon any invalid IBT studies.  To the extent that the allegations in paragraph 31 are

intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

denies those allegations.

32.     In response to the allegations in paragraph 32, Monsanto admits that three IBT

employees were convicted of the charge of fraud, but Monsanto denies that any of the

individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

herbicides.

33.     In response to the allegations in paragraph 33, Monsanto admits that it – along

with numerous other private companies – hired Craven Laboratories as an independent

laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that

it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies

conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in

paragraph 33 are intended to suggest that Monsanto was anything other than a victim of this

fraud, such allegations are denied.

34.     Monsanto denies the allegations in paragraph 34.

35.     In response to the allegations in paragraph 35, Monsanto admits that Roundup®-

branded products are highly valued by its customers because of their efficacy and safety.

Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The

remaining allegations in paragraph 35 are vague and conclusory and comprise attorney

characterizations and are accordingly denied.

36.     In response to the allegations in paragraph 36, Monsanto admits that following the

development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds

are now widely used by farmers in the United States and worldwide.  Monsanto lacks

1    information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

2    cited in paragraph 36 and accordingly denies those allegations.  The remaining allegations in

3    paragraph 36 are vague and conclusory and comprise attorney characterizations and are

4    accordingly denied.

5          37.    In response to the allegations in paragraph 37, Monsanto admits that glyphosate is

6    one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

7    is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks

8    information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

9    cited in paragraph 37 and accordingly denies the same.  The remaining allegations in paragraph

10    37 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

11          38.    In response to the allegations in paragraph 38, Monsanto admits that the New

12    York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

13    advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

14    admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

15    General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

16    the subparts purport to quote a document, the document speaks for itself and thus does not

17    require any further answer.  The remaining allegations in paragraph 38 are vague and conclusory

18    and comprise attorney characterizations and are accordingly denied.

19          39.    In response to the allegations in paragraph 39, Monsanto admits it entered into an

20    assurance of discontinuance with the New York Attorney General.  The assurance speaks for

21    itself and thus does not require any further answer.  The remaining allegations in paragraph 39

22    are vague and conclusory and comprise attorney characterizations and are accordingly denied.

23          40.    Monsanto denies the allegations in paragraph 40.

24          41.    In response to the allegations in paragraph 41, Monsanto admits that the French

25    court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

26    that it "left the soil clean," but denies the allegations in paragraph 41 to the extent that they

27

28

1   suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

2   cancer.  Monsanto denies the remaining allegations in paragraph 41.

3         42.        In response to the allegations in paragraph 42, Monsanto denies that IARC

4   follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information

5   or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

6   paragraph 42, which are not limited as of any specified date, and accordingly denies the same.

7         43.        In response to the allegations in paragraph 43, Monsanto admits that IARC sets

8   forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

9   Monsanto denies the remaining allegations in paragraph 43.

10         44.        Monsanto denies any suggestion that IARC reviewed the full body of scientific

11   research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

12   that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

13   form a belief as to the truth of the remaining allegations in paragraph 44 and therefore denies

14   those allegations.

15         45.        Monsanto denies any suggestion that IARC reviewed the full body of scientific

16   research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

17   that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

18   form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies

19   those allegations.

20         46.        Monsanto denies the allegations in paragraph 46 to the extent that they suggest

21   that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified

22   glyphosate as a Group 2A agent in March 2015.

23         47.        In response to the allegations in paragraph 47, Monsanto admits that IARC issued

24   its monograph for glyphosate, Monograph 112, on July 29, 2015, and that a draft of the

25   monograph was prepared by a "working group" of individuals selected by IARC who met over a

26   one-week period in March 2015 to consider glyphosate along with a number of other substances.

27   Monsanto denies the allegation that all members of the working groups are "experts."  Monsanto

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-02760-VC

denies that the working group or anyone at IARC conducted a one-year review of the scientific

evidence related to glyphosate or that the working group's findings reflected a comprehensive

review of the latest available scientific evidence.  Monsanto also denies that the working group

considered all information available in the scientific literature and all data from government

reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto denies that the IARC

working group considered all of the data in the numerous studies that have been conducted

looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

that it reliably considered the studies that it purports to have reviewed, which frequently reach

conclusions directly contrary to those espoused by the IARC working group.  To the extent the

allegations purport to characterize statements made in the IARC monograph for glyphosate, the

statements in that document speak for themselves, but Monsanto lacks information or knowledge

sufficient to form a belief as to the accuracy of the source of said information and accordingly

denies the allegations.

49.     The allegations in paragraph 49 are vague and conclusory.  To the extent they

purport to characterize statements made in the IARC monograph for glyphosate, the statements

in that document speak for themselves, but Monsanto lacks information or knowledge sufficient

to form a belief as to the accuracy of the source of said information and accordingly denies the

allegations.

50.     In response to the allegations in paragraph 50, to the extent the allegations purport

to characterize statements made in the IARC monograph for glyphosate, the statements in that

document speak for themselves, but to the extent that this paragraph means that more than *de

minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto admits that the IARC

working group identified a number of case control studies of populations with exposures to

glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

health concern from such exposures.

52.     Monsanto denies the allegations in paragraph 52.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

53.     In response to the allegations in paragraph 53, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

54.     In response to the allegations in paragraph 54, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration.  Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining allegations in paragraph 56.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-02760-VC

57.     In response to the allegations in paragraph 57, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

60.     In response to the allegations in paragraph 60, Monsanto admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate.  Monsanto notes that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928 F. Supp. 10, 24 (D.D.C. 2013).

61.     Monsanto states that the term "toxic" as used in paragraph 61 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 61.

62.     In response to the allegations in paragraph 62, Monsanto admits that Julie Marc published the cited study in 2002 and states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 62.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-02760-VC

1        63.     In response to the allegations in the first sentence of paragraph 63, Monsanto

2   admits that Julie Marc published a study titled "Glyphosate-based pesticides affect cell cycle

3   regulation" in 2004.  To the extent that the first sentence of paragraph 63 characterizes the

4   meaning of the cited study, Monsanto denies the allegations in the first sentence of paragraph 63.

5   In response to the remaining allegations in paragraph 63, Monsanto states that the document

6   speaks for itself and does not require a response.  To the extent that a response is deemed

7   required, Monsanto denies the remaining allegations in paragraph 63.

8        64.     In response to the allegations in paragraph 64, Monsanto states that the cited

9   document speaks for itself and does not require a response.  To the extent that paragraph 64

10  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

11  paragraph 64.

12       65.     In response to the allegations in paragraph 65, Monsanto states that the cited

13  document speaks for itself and does not require a response.  To the extent that paragraph 65

14  characterizes the meaning of the cited study, Monsanto denies the allegation that the cited studies

15  support the allegation that glyphosate or Roundup®-branded products pose any risk to human

16  health and denies the remaining allegations in paragraph 65.

17       66.     In response to the allegations in paragraph 66, Monsanto states that the terms "at

18  all times" and "these studies" are vague and ambiguous, and therefore Monsanto denies those

19  allegations.  Monsanto denies the remaining allegations in paragraph 66.

20       67.     Monsanto denies the allegations in paragraph 67.

21       68.     In response to the allegations in paragraph 68, Monsanto states that the cited

22  report speaks for itself and does not require a response. The remaining allegations in paragraph

23  68 are vague, incomplete, and conclusory and/or comprise attorney characterizations – and are

24  accordingly denied.

25       69.     In response to the allegations in paragraph 69, Monsanto states that the cited

26  report speaks for itself and does not require a response. The remaining allegations in paragraph

27

28

1   69 are vague, incomplete, and conclusory and/or comprise attorney characterizations – and are

2   accordingly denied.

3         70.     In response to the allegations in the first sentence of paragraph 70, Monsanto

4   admits that EPA held a FIFRA Scientific Advisory Panel ("SAP") from December 13-16, 2016.

5   In response to the allegations in the sentence of paragraph 70, Monsanto states that the cited

6   report speaks for itself and does not require a response. The remaining allegations in paragraph

7   70 are vague, incomplete, and conclusory and/or comprise attorney characterizations – and are

8   accordingly denied.

9         71.     In response to the allegations in paragraph 71, Monsanto denies that the OPP

10  Report is a "draft assessment." The allegations in paragraph 71 are vague and conclusory and

11  comprise attorney characterizations and are accordingly denied.

12        72.     In response to the allegations in paragraph 72, Monsanto admits that the final SAP

13  meeting minutes and report were released and states that the cited documents speak for

14  themselves and thus do not require any further response. The remaining allegations in paragraph

15  72 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16        73.     In response to the allegations in paragraph 73, Monsanto admits that the IARC

17  working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

18  discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

19  based herbicides, including the Netherlands, but denies that there is any scientific basis for the

20  concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations

21  in paragraph 73.

22        74.     In response to the allegations in paragraph 74, Monsanto admits that the IARC

23  working group classification led an individual government attorney in Brazil to write a letter to

24  the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the

25  remaining allegations in paragraph 74.

26        75.     In response to the allegations in paragraph 75, Monsanto admits that, in France,

27  the sale to and use by amateurs (*i.e.*, non-professionals) of all pesticides (with certain exceptions

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-02760-VC

1  for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions. Monsanto

2  denies the remaining allegations in paragraph 75.

3      76.      In response to the allegations in paragraph 76, Monsanto admits that some

4  employees of Bermuda's government announced an intention to suspend the importation of

5  glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the

6  truth of the allegations about whether this suspension took effect and accordingly denies the

7  same.  Monsanto denies the remaining allegations in paragraph 76.

8      77.      In response to the allegations in paragraph 77, Monsanto admits that the IARC

9  monograph appears to be the alleged basis for the Sri Lankan government's actions, including

10  the allegation that glyphosate can cause kidney disease.  Monsanto further states that the

11  allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations

12  regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 77.

13      78.      In response to the allegations in paragraph 78, Monsanto denies the alleged basis

14  for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has

15  explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC

16  ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety

17  concerns.  As of April 2016, the government of Colombia has resumed manual application of

18  glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs'

19  expert testimony purporting to link these same aerial eradication operations with cancer as

20  scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 10 (D.D.C. 2013).  Monsanto

21  denies the remaining allegations in paragraph 78.

22      79.      In response to the allegations in paragraph 79, Monsanto admits that, on

23  November 12, 2015, the European Food Safety Authority ("EFSA") issued its Renewal

24  Assessment Report (RAR) on glyphosate, in which it concluded that "glyphosate is unlikely to

25  pose a carcinogenic hazard to humans."[4]  Monsanto further admits that this conclusion affirmed

26

27  [4] *See* EFSA, *Glyphosate:  EFSA updates toxicological profile*, http://www.efsa.europa.eu/en
    /press/news/151112.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-02760-VC

1   a similar finding by the German Federal Institute for Risk Management (BfR).  Monsanto admits

2   that the European scientists who reached these determinations were acting independently of

3   Monsanto and were acting to protect the public.

4         80.     In response to the allegations in paragraph 80, Monsanto denies that "industry

5   groups" were afforded any ability to review the RAR beyond that afforded to the public

6   generally.  Monsanto otherwise admits the allegations in paragraph 80.

7         81.     Monsanto admits the allegations in paragraph 81.

8         82.     In response to the allegations in paragraph 82, Monsanto states that the cited

9   document speaks for itself and does not require a response.  Monsanto denies the allegations in

10   paragraph 82 to the extent that they purport to set forth all of the distinctions identified by EFSA

11   between its evaluation and the evaluation of the IARC working group.  Monsanto states that in

12   the same document cited by plaintiff, EFSA states that, in contrast to IARC, "the EU peer review

13   concluded that no significant increase in tumour incidence could be observed in any of the

14   treated groups of animals in the nine long term rat studies considered" and explains that "[a]s

15   well as reviewing a larger number of studies [than IARC], EFSA for example considered that

16   carcinogenic effects observed at high doses were unreliable as they could be related to general

17   toxicity."[5]  To the extent that paragraph 82 characterizes the meaning of the cited studies,

18   Monsanto denies the remaining allegations in paragraph 82.

19         83.     In response to the allegations in paragraph 83, Monsanto states that the cited

20   document speaks for itself and does not require a response.

21         84.     In response to the allegations in paragraph 84, Monsanto admits that EFSA set

22   acceptable exposure thresholds for glyphosate that are orders of magnitude higher than those

23   which occur in the ordinary use of glyphosate-based herbicides.  Monsanto denies that these

24   exposure thresholds are based upon any alleged risk of carcinogenicity.

25

26

27   ―――――――――――――
[5] EFSA, *EFSA Explains Risk Assessment Glyphosate*, http://www.efsa.europa.eu/sites/default
/files/corporate_publications/files/efsaexplainsglyphosate151112en.pdf.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-02760-VC

85.     In response to the allegations in paragraph 85, Monsanto admits that certain individuals, including Dr. Christopher Portier, sent the letter identified in paragraph 85 (hereinafter, "the Portier letter").  Monsanto denies that Dr. Portier or the other signatories to his letter are "independent" and "renowned international experts in the field."  Monsanto states that Dr. Portier has been disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto and that Monsanto lacks information or knowledge sufficient to form a belief as to whether the other signatories were aware, before they signed the Portier letter, that Dr. Portier was working as a retained expert for plaintiffs' counsel.  Monsanto otherwise admits that this letter urged the EU Health Commissioner to disregard the scientific findings reached by EFSA and by the BfR.

86.     In response to the allegations in paragraph 86, Monsanto admits that Dr. Portier sent the letter identified in paragraph 86.  Monsanto denies that Dr. Portier or the other signatories to his letter are "renowned international experts in the field."  Monsanto admits that certain members of the IARC working group assigned to glyphosate signed on to the Portier letter, but states that Monsanto lacks information or knowledge sufficient to form a belief as to whether those individuals or the other signatories were aware at the time that Dr. Portier was working as a retained expert for plaintiffs' counsel.

87.     In response to the allegations in paragraph 87, Monsanto states that the cited Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr. Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a carcinogenic hazard to humans."[6]  To the extent that paragraph 87 characterizes the meaning of the cited document or of EFSA's evaluation of glyphosate, Monsanto denies the remaining allegations in paragraph 87.

---

[6] See EFSA, *Glyphosate:  EFSA updates toxicological profile*, http://www.efsa.europa.eu/en/press/news/151112.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-02760-VC

1    88.    In response to the allegations in paragraph 88, Monsanto admits that IARC

2  concluded that the human epidemiologic data provides only "limited evidence of

3  carcinogenicity," which IARC defines as meaning that "chance, bias, or confounding could not

4  be ruled out with reasonable confidence."[7]   Monsanto further admits that Dr. Portier – who has

5  been disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer

6  litigation against Monsanto – seeks in his letter to challenge the scientific conclusions reached by

7  EFSA in support of its finding that "glyphosate is unlikely to pose a carcinogenic hazard to

8  humans."[8]  In response to the remaining allegations in paragraph 88, Monsanto states that the

9  cited Portier letter speaks for itself and does not require a response.  To the extent that paragraph

10  86 characterizes the meaning of the cited document or of EFSA's evaluation of glyphosate,

11  Monsanto denies the remaining allegations in paragraph 88.

12    89.    In response to the allegations in paragraph 89, Monsanto states that the cited

13  Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr.

14  Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the

15  glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

16  conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

17  carcinogenic hazard to humans."[9]  To the extent that paragraph 89 characterizes the meaning of

18  the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the

19  remaining allegations in paragraph 89.

20    90.    In response to the allegations in paragraph 90, Monsanto states that the cited

21  Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr.

22  Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the

23  glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

24  _____

25  [7] http://monographs.iarc.fr/ENG/Preamble/currentb6evalrationale0706.php.

26  [8] See EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu /en/press/news/151112.

27  [9] See EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu /en/press/news/151112.

28

1  conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

2  carcinogenic hazard to humans."[10]  To the extent that paragraph 90 characterizes the meaning of

3  the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the

4  remaining allegations in paragraph 90.

5       91.    Monsanto admits the allegations in paragraph 91.

6       92.    In response to the allegations in paragraph 92, Monsanto states that the cited

7  document speaks for itself and does not require a response.  Monsanto denies that the self-

8  labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

9  extent that paragraph 92 characterizes the scientific evidence regarding the safety of glyphosate-

10  based herbicides, Monsanto denies the remaining allegations in paragraph 92.

11       93.    In response to the allegations in paragraph 93, Monsanto states that the cited

12  document speaks for itself and does not require a response.  Monsanto denies that the self-

13  labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

14  extent that paragraph 93 characterizes the scientific evidence regarding the safety of glyphosate-

15  based herbicides, Monsanto denies the remaining allegations in paragraph 93.

16       94.    In response to the allegations in paragraph 94, Monsanto states that the cited

17  document speaks for itself and does not require a response.  Monsanto denies that the self-

18  labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

19  extent that paragraph 94 characterizes the scientific evidence regarding the safety of glyphosate-

20  based herbicides, Monsanto denies the remaining allegations in paragraph 94.

21       95.    In response to the allegations in paragraph 95, Monsanto states that the cited

22  document speaks for itself and does not require a response.  Monsanto denies that the self-

23  labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

24  extent that paragraph 95 characterizes the scientific evidence regarding the safety of glyphosate-

25  based herbicides, Monsanto denies the remaining allegations in paragraph 95.

[10] See EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu/en/press/news/151112.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-02760-VC

96.      In response to the allegations in paragraph 96, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 96 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 96.

97.      In response to the allegations in paragraph 97, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 97 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 97.

98.      In response to the allegations in paragraph 98, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 98 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 98.

99.      Monsanto admits the allegations in paragraph 99.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

100.      In response to the allegations in paragraph 100, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

101.      In response to the allegations in paragraph 101, Monsanto lacks information or knowledge sufficient to form a belief as to whether each of the individuals at the referenced meeting were "experts" and therefore denies that allegation.  Monsanto admits the remaining allegations in paragraph 101.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

102.     In response to the allegations in paragraph 102, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 102 characterizes the meaning of the cited document, Monsanto denies the remaining allegations in paragraph 102.

103.     In response to the allegations in paragraph 103, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 103 characterizes the meaning of the cited document, Monsanto denies the remaining allegations in paragraph 103.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

104.     Monsanto admits the allegations in paragraph 104.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

105.     Monsanto admits the allegations in the first sentence of paragraph 105.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 105 and therefore denies those allegations.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

106.     Monsanto admits the allegations in paragraph 106.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

107.     Monsanto denies the allegations in paragraph 107.

108.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore denies those allegations.

109.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 109 and therefore denies those allegations.

110.     Monsanto denies allegations in paragraph 110.

111.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 111. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 111 and therefore denies those allegations

112.     Monsanto incorporates by reference its responses to the Complaint's first-numbered paragraph 1 through paragraph 111 in response to paragraph 112 of plaintiff's Complaint.

113.     Monsanto denies the allegations in paragraph 113.

114.     Monsanto denies the allegations in the first sentence of paragraph 114.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used Roundup®-branded products and therefore denies that allegation.  The remaining allegations in paragraph 114 are vague and conclusory and are accordingly denied.

115.     Monsanto denies the allegations in paragraph 115.

116.     Monsanto denies the allegations in paragraph 116.

117.     Monsanto denies the allegations in paragraph 117.

118.     Monsanto denies the allegations in paragraph 118.

119.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 119 and therefore denies those allegations.

120.     Monsanto denies the allegations in paragraph 120.

121.     Monsanto denies the allegations in paragraph 121.

122.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 122 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 122, including that Roundup®-branded products have "dangerous characteristics."

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-02760-VC

123.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 123 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 123, including that Roundup®-branded products have "dangerous characteristics."  In addition, Monsanto states that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

124.    Monsanto denies the allegations in paragraph 124.

125.    Monsanto denies the allegations in paragraph 125.

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto denies the allegations in paragraph 127.

128.    Monsanto denies the allegations in paragraph 128.

129.    In response to the allegations in paragraph 129, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

130.    Monsanto incorporates by reference its responses to the Complaint's first-numbered paragraph 1 through paragraph 129 in response to paragraph 130 of plaintiff's Complaint.

131.    Monsanto denies the allegations in paragraph 131.

132.    Monsanto denies the allegations in paragraph 132.

133.    In response to the allegations in paragraph 133, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other individuals purchased or used Roundup®-branded products and therefore denies that allegation. The allegations in paragraph 133 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 133.

134.    The allegations in paragraph 134 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-02760-VC

135.    Monsanto denies the allegations in paragraph 135.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

136.    Monsanto denies the allegations in paragraph 136.

137.    Monsanto denies the allegations in paragraph 137.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139 and therefore denies those allegations.

140.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 140 concerning plaintiff's  alleged use of and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 140, including that Roundup®-branded products have "dangerous characteristics."

141.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 141 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 141, including that Roundup®-branded products have "dangerous characteristics."

142.    In response to the allegations in paragraph 142, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses and denies that there are any defects in those products.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 142 and therefore denies those allegations.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

143.    Monsanto denies the allegations in paragraph 143.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-02760-VC

144.    In response to the allegations in paragraph 144, Monsanto denies that there is any risk of NHL or any other serious illnesses associated with the intended use of and/or exposure to Roundup®-branded products and glyphosate.  The allegations in the second sentence of paragraph 144 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 144.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all applicable laws and regulations.

145.    Monsanto denies the allegations in paragraph 145.

146.    Monsanto denies the allegations in paragraph 146.

147.    Monsanto denies the allegations in paragraph 147.

148.    Monsanto denies the allegations in paragraph 148. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

149.    Monsanto denies the allegations in paragraph 149.

150.    In response to the allegations in paragraph 150, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

151.    Monsanto incorporates by reference its responses to the Complaint's first-numbered paragraph 1 through paragraph 150 in response to paragraph 151 of plaintiff's Complaint.

152.    The allegations in paragraph 152 set forth conclusions of law for which no response is required.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 154 regarding plaintiff's reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 154.

155.     The allegations in paragraph 155 set forth conclusions of law for which no response is required.

156.     The allegations in paragraph 156 set forth conclusions of law for which no response is required.

157.     Monsanto denies the allegations in paragraph 157.

158.     Monsanto denies the allegations in paragraph 158.

159.     Monsanto incorporates by reference its responses to the Complaint's first-numbered paragraph 1 through paragraph 158 in response to paragraph 159 of plaintiff's Complaint.

160.     Monsanto denies the allegations in paragraph 160.

161.     The allegations in the first sentence of paragraph 161 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 161.

162.     Monsanto denies the allegations in paragraph 162.

163.     The allegations in paragraph 163 set forth conclusions of law for which no response is required.

164.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 164 regarding plaintiff's purchase of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the allegation that Roundup®-branded products contain "defects."  Monsanto denies the allegations in the second sentence of paragraph 164.

165.     Monsanto denies the allegations in paragraph 165.

166.     Monsanto denies the allegations in paragraph 166.

167.     Monsanto incorporates by reference its responses to the Complaint's first-numbered paragraph 1 through paragraph 166 in response to paragraph 167 of plaintiff's Complaint.

168.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 168 regarding the specific products allegedly used by

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-02760-VC

1    plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore

2    denies the allegations in paragraph 168.

3          169.    The allegations in paragraph 169 set forth conclusions of law for which no

4    response is required.

5          170.    The allegations in paragraph 170 set forth conclusions of law for which no

6    response is required.

7          171.    Monsanto denies the allegations in paragraph 171.

8          172.    Monsanto denies the allegations in paragraph 172.

9          173.    Monsanto denies the allegations in paragraph 173.  All labeling of Roundup®-

10   branded products has been and remains EPA-approved and in compliance with all federal

11   requirements under FIFRA.

12         174.    Monsanto denies the allegations in paragraph 174.

13         175.    Monsanto denies the allegations in the first sentence of paragraph 175.  In

14   response to the allegations in the second sentence of paragraph 175, Monsanto denies that

15   Monsanto's promotional activities were not honest.  The remaining allegations in the second

16   sentence of paragraph 175 set forth conclusions of law for which no response is required.

17         176.    Monsanto denies the allegations in paragraph 176.

18         177.    Monsanto denies the allegations in paragraph 177, including each of its subparts.

19         178.    Monsanto denies the allegations in paragraph 178.

20         179.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 179 regarding plaintiff's knowledge and therefore Monsanto

22   denies those allegations.  Monsanto denies the remaining allegations in paragraph 179.

23         180.    Monsanto denies the allegations in paragraph 180.

24         181.    In response to the allegations in paragraph 181, Monsanto demands that judgment

25   be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

26   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

27   by law and such further and additional relief as this Court may deem just and proper.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-02760-VC

182.   Monsanto incorporates by reference its responses to the Complaint's first-numbered paragraph 1 through paragraph 181 in response to paragraph 182 of plaintiff's Complaint.

183.   Monsanto denies the allegations in paragraph 183.

184.   Monsanto denies the allegations in paragraph 184. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

185.   Monsanto denies the allegations in paragraph 185.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

186.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 186 regarding plaintiff's claimed use of Roundup®-branded products and plaintiff's knowledge or reliance and therefore denies those allegations.  Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto denies the remaining allegations in paragraph 186.

187.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 187 regarding plaintiff's knowledge or reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 184. In addition, Monsanto states that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

188.   Monsanto denies the allegations in paragraph 188.

189.   Monsanto denies the allegations in paragraph 189.

190.   Monsanto denies the allegations in paragraph 190.

191.    Monsanto denies the allegations in paragraph 191.

192.    In response to the allegations in paragraph 192, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

193.    Monsanto incorporates by reference its responses to the Complaint's first-numbered paragraph 1 through paragraph 192 in response to paragraph 193 of plaintiff's Complaint.

194.    Monsanto denies the allegations in paragraph 194.

195.    Monsanto denies the allegations in paragraph 195.

196.    Monsanto denies the allegations in paragraph 196.

197.    Monsanto denies the allegations in paragraph 197.

1.    Monsanto incorporates by reference its responses to the Complaint's first-numbered paragraph 1 through paragraph 197 in response to the Complaint's second-numbered paragraph 1 of plaintiff's Complaint.

2.    The allegations in the Complaint's second-numbered paragraph 2 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies those allegations.

3.    The allegations in the Complaint's second-numbered paragraph 3 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint, denies that its conduct or Roundup®-branded products caused plaintiff's injury, and denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-02760-VC

1    the truth of the remaining allegations in the Complaint's second-numbered paragraph 3 and

2    therefore denies those allegations.

3         4.     Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in the first sentence of the Complaint's second-numbered paragraph 4 and

5    therefore denies those allegations.  Monsanto denies that there is any risk of NHL or other

6    serious illness associated with or linked to the use of and/or exposure to Roundup®-branded

7    products and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC

8    purported to base its cancer classification for glyphosate were all publicly available before

9    March 2015.  The remaining allegations in the Complaint's second-numbered paragraph 4 set

10   forth conclusions of law for which no response is required.

11        5.     In response to the allegations in the Complaint's second-numbered paragraph 5,

12   Monsanto denies that it has concealed the alleged "true risks associated with use of or exposure

13   to Roundup®"; engaged in fraudulent concealment; or made misrepresentations or omissions.

14   The remaining allegations in the Complaint's second-numbered paragraph 5 set forth

15   conclusions of law for which no response is required.  To the extent that a response is deemed

16   required, Monsanto denies those allegations.

17        198.   The allegations in paragraph 198 set forth a conclusion of law that does not

18   require a response.

19        In response to the "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to

20   the relief sought therein, including any judgment for any damages, interest, costs, or any other

21   relief whatsoever.

22        Every allegation in the Complaint that is not specifically and expressly admitted in this

23   Answer is hereby specifically and expressly denied.

24                     **SEPARATE AND AFFIRMATIVE DEFENSES**

25        1.     The Complaint, in whole or part, fails to state a claim or cause of action against

26   Monsanto upon which relief can be granted.

27        2.     Venue may be inconvenient for plaintiff's claims.

28

3.      Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

*See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

12.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

13.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

14.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

15.     If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

16.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

17.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

18.     Plaintiff's claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Texas Constitution, and/or other applicable state constitutions.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Texas law and/or other applicable state laws.

21.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, Tex. Civ. Prac. & Rem. Code Ann. §§ 41.004(a), 41.008(b).

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

23.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

24.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

25.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff has received and/or will receive from collateral sources.

26.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

27.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

29.     Plaintiff's claims are barred, in whole or in part, by application of Tex. Civ. Prac. & Rem. Code Ann. § 82.008.

30.     Plaintiff has failed to allege fraud with sufficient particularity.

31.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

1    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2    plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

3    other relief as the Court deems equitable and just.

4                              <u>**JURY TRIAL DEMAND**</u>

5         Monsanto demands a jury trial on all issues so triable.

6

7    DATED:  June 10, 2019                    Respectfully submitted,

8

9                                            <u>/s/ Joe G. Hollingsworth</u>
                                             Joe G. Hollingsworth (*pro hac vice*)
                                             (jhollingsworth@hollingsworthllp.com)
10                                           Eric G. Lasker (*pro hac vice*)
                                             (elasker@hollingsworthllp.com)
11                                           HOLLINGSWORTH LLP
                                             1350 I Street, N.W.
12                                           Washington, DC  20005
                                             Telephone:  (202) 898-5800
13                                           Facsimile:  (202) 682-1639

14                                           *Attorneys for Defendant*
                                             *MONSANTO COMPANY*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-02760-VC