**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   202-898-5800
Facsimile:    202-682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC |
| This document relates to: <br><br> *Janet B. Hudson, Individually and as Anticipated Representative of the Estate of Benjamin E. Hudson v. Monsanto Co. and John Does 1-50,* Case No. 3:19-cv-02818-VC | |

### MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in the Complaint and Jury Demand ("the Complaint") of plaintiff Janet B. Hudson, Individually and as Anticipated Representative of the Estate of Benjamin E. Hudson, except as set forth below.  Additionally, to the extent plaintiffs' allegations are directed towards both Monsanto and the collective "John Doe" co-defendants, Monsanto only purports to answer plaintiffs' allegations as to Monsanto and not as to the co-defendants.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in the first sentence of paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in the first sentence of paragraph 4 based upon the allegations in plaintiffs' complaint.  Monsanto lacks information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 4 and therefore denies those allegations.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      In response to the allegations in paragraph 7, Monsanto denies that plaintiffs' injuries arise out of Monsanto's activities.  The remaining allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.      The allegations in paragraph 8 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 8.

9.      Monsanto denies that exposure to Roundup®-branded products could have caused or did cause decedent's alleged non-Hodgkin's lymphoma ("NHL").  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies those allegations.

10.      The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

11.     In response to the allegations in paragraph 11, Monsanto states that it is a foreign corporation registered in the State of Missouri with a principal place of business in St. Louis County, Missouri and admits the remaining allegations in paragraph 11.

12.     The allegations in paragraph 12 are not directed at Monsanto and therefore no answer is required.  To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 12.

13.     The allegations in paragraph 13 comprise attorney characterizations and are accordingly denied.  Monsanto states that it is only answering on behalf of Monsanto and not on behalf of un-named co-defendants.

14.     Monsanto admits the allegations in paragraph 14.

15.     Monsanto denies the allegations in paragraph 15.

16.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.

17.     In response to the allegations in paragraph 17, Monsanto admits that it sells Roundup®-branded products in Massachusetts.

18.     The allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19.     The allegations in paragraph 19 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20.     The allegations in paragraph 20 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

21.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its

affiliated companies have operations and offices in countries around the world.  Monsanto states

that the remaining allegations in paragraph 22 are vague and that it accordingly lacks information

or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

denies those allegations.

23.    Monsanto admits the allegations in paragraph 23.

24.    Monsanto admits the allegations in paragraph 24.

25.    In response to the allegations in paragraph 25, Monsanto admits that glyphosate is

an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

paragraph 25 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

26.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

The remaining allegations in paragraph 26 comprise attorney characterizations and are

accordingly denied.

27.    Monsanto admits the allegations in paragraph 27.

28.    Monsanto generally admits the allegations in paragraph 28, but denies the

allegations in paragraph 28 to the extent that they suggest that glyphosate is present in any plants

at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

the United States Environmental Protection Agency ("EPA").

29.    Monsanto lacks information or knowledge sufficient to form a belief as to the

truth of the allegations in paragraph 29 and therefore denies those allegations.

30.    Monsanto admits that it is the leading producer of seeds that contain the Roundup

Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a

farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

belief as to the accuracy of the specific numbers and statistics provided in the remaining

sentences of paragraph 30 and therefore denies those allegations.  Monsanto denies the

remaining allegations in paragraph 30.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-02818-VC

1      31.     In response to the allegations in the first and second sentences of paragraph 31,

2  Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but

3  notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

4  Monsanto admits the allegations in the third sentence of paragraph 31.  Monsanto lacks

5  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

6  in paragraph 31 and therefore denies those allegations.

7      32.     Monsanto admits that Roundup®-branded products have been used by farmers for

8  approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

9  properties and denies the remaining allegations in paragraph 32.

10      33.     The allegations in paragraph 33 set forth conclusions of law for which no

11  response is required.  To the extent that a response is deemed required, Monsanto admits the

12  allegations in paragraph 33.

13      34.     In response to the allegations in paragraph 34, Monsanto admits that EPA requires

14  registrants of herbicides to submit extensive data in support of the human health and

15  environmental safety of their products and further admits that EPA will not register or approve

16  the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

17  Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 34 set forth

18  conclusions of law for which no response is required.

19      35.     The allegations in paragraph 35 set forth conclusions of law for which no

20  response is required.

21      36.     Monsanto admits that Roundup®-branded products are registered by EPA for

22  manufacture, sale and distribution and are registered by the State of Massachusetts for sale and

23  distribution.

24      37.     In response to the allegations in paragraph 37, Monsanto admits that EPA requires

25  registrants of herbicides to submit extensive data in support of the human health and

26  environmental safety of their products and further admits that EPA will not register or approve

27  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

28

- 5 -

states that the term "the product tests" in the final sentence of paragraph 37 is vague and
ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 37
set forth conclusions of law for which no answer is required.

38.     Monsanto denies the allegations in paragraph 38 to the extent that they suggest
that EPA only evaluates the safety of pesticide products on the date of their initial registration.
Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide
products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth
of the allegations in paragraph 38 regarding such pesticide products generally and therefore
denies those allegations.  The remaining allegations in paragraph 38 set forth conclusions of law
for which no response is required.

39.     In response to the allegations in paragraph 39, Monsanto admits that EPA has
undertaken a regulatory review of glyphosate and further admits that EPA has not released its
findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide
Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,
concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to
humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA
posted an October 2015 final report by its standing Cancer Assessment Review Committee
("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely
to be Carcinogenic to Humans."[2]  Monsanto further states that, in December  2017, EPA's OPP
issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated
the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic
Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in
anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the
Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-02818-VC

humans.'"[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final

Report, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

remaining allegations in paragraph 39 and therefore denies those allegations.

40.     In response to the allegations in paragraph 40, Monsanto admits that the New

York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-02818-VC

the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 40 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

41.     In response to the allegations in paragraph 41, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

42.     Monsanto denies the allegations in paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 43 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 43.

44.     Monsanto denies the allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 45 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies those allegations.

46.     Monsanto admits the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 47 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-02818-VC

48.     Monsanto states that the term "toxic" as used in paragraph 48 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 48.

49.     Monsanto admits the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 51 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 53 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 53.

54.     Monsanto denies the allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 56.

57.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 57.

58.     Monsanto denies the allegations in paragraph 58.

59.     Monsanto denies the allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

61.     Monsanto denies the allegations in paragraph 61.

62.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 62.

63.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 63 and therefore denies those allegations.

64.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

65.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

66.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 66 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

67.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 67, Monsanto states that

- 10 -

the document speaks for itself and does not require a response.  To the extent that a response is

deemed required, the remaining allegations in paragraph 67 comprise attorney characterizations

and are accordingly denied.

68.     In response to the allegations in paragraph 68, Monsanto states that the document

speaks for itself and does not require a response.  To the extent that a response is deemed

required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly

denied.

69.     In response to the allegations in paragraph 69, Monsanto states that the document

speaks for itself and does not require a response.  To the extent that a response is deemed

required, the allegations in paragraph 69 comprise attorney characterizations and are accordingly

denied.

70.     Monsanto denies the allegations in paragraph 70.

71.     The allegations in paragraph 71 comprise attorney characterizations and are

accordingly denied.

72.     Monsanto admits the allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, Monsanto states that the cited

document speaks for itself and does not require a response.  To the extent that paragraph 73

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

paragraph 73.

74.     In response to the allegations in paragraph 74, Monsanto admits that certain

studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

paragraph 74.

75.     The allegations in paragraph 75 are vague and ambiguous and are accordingly

denied.

76.     In response to the allegations in paragraph 76, Monsanto states that the cited document speaks for itself and does not require a response.

77.     In response to the allegations in paragraph 77, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 77 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     In response to the allegations in paragraph 79, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 79.

80.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto admits the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto admits the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

- 12 -

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 97.

98.     In response to the allegations in paragraph 98, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the products' EPA-approved labeling.  Monsanto otherwise denies the allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

100.    In response to the allegations in paragraph 100, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products.  Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto denies the allegations in paragraph 102.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.

105.    Monsanto denies the allegations in paragraph 105.

106.    Monsanto denies the allegations in paragraph 106.

1   107.   Monsanto denies the allegations in paragraph 107.

2   108.   Monsanto denies the allegations in paragraph 108.

3   109.   Monsanto admits that plaintiffs purport to bring an action for compensatory

4   damages but denies any liability to plaintiffs.  Monsanto denies the remaining allegations in

5   paragraph 109.

6   110.   Monsanto denies the allegations in paragraph 110.

7   111.   Monsanto denies the allegations in paragraph 111.

8   112.   Monsanto lacks information or knowledge sufficient to form a belief as to the

9   truth of the allegations in paragraph 112 and therefore denies those allegations.

10   113.   Monsanto denies selling glyphosate-based herbicides in this country before 1974.

11   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

12   allegations in paragraph 113 and therefore denies those allegations.

13   114.   Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in paragraph 114 and therefore denies those allegations.

15   115.   Monsanto denies the allegations in paragraph 115.

16   116.   Monsanto incorporates by reference its responses to paragraphs 1 through 115 in

17   response to paragraph 116 of plaintiffs' Complaint.

18   117.   Monsanto denies the first and second sentences of paragraph 117.  In response to

19   the third sentence of paragraph 117, Monsanto states that the cited document speaks for itself and

20   does not require a response.

21   118.   In response to the allegations in paragraph 118, Monsanto states that the cited

22   document speaks for itself and does not require a response.

23   119.   Monsanto denies that exposure to Roundup®-branded products and glyphosate

24   exposed decedent to risk of his alleged cancer and denies those allegations in paragraph 119.

25   Monsanto states, however, that the scientific studies upon which IARC purported to base its

26   classification were all publicly available before March 2015.  Monsanto lacks information or

27

28

- 14 -

knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 119 and therefore denies those allegations.

120.     Monsanto denies the allegations in the first and last sentences of paragraph 120. The remaining allegations in paragraph 120 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

121.     Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 121 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

122.     Monsanto incorporates by reference its responses to paragraphs 1 through 121 in response to paragraph 122 of plaintiffs' Complaint.

123.     The allegations in paragraph 123 set forth conclusions of law for which no response is required.

124.     Monsanto denies the allegations in paragraph 124.

125.     Monsanto denies the allegations in paragraph 125, including each of its subparts.

126.     Monsanto denies the allegations in paragraph 126.

127.     Monsanto denies the allegations in paragraph 127.

128.     Monsanto denies the allegations in paragraph 128, including each of its subparts.

129.     Monsanto denies the allegations in paragraph 129.

130.     Monsanto denies the allegations in paragraph 130.

131.     Monsanto denies the allegations in paragraph 131.

132.     Monsanto denies the allegations in paragraph 132.

1    133.    In response to paragraph 133, Monsanto demands that judgment be entered in its

2  favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that

3  Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

4  further and additional relief as this Court may deem just and proper.

5    134.    Monsanto incorporates by reference its responses to paragraphs 1 through 133 in

6  response to paragraph 134 of plaintiffs' Complaint.

7    135.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8  truth of the allegations in paragraph 135 and therefore denies those allegations.

9    136.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10  truth of the allegations in paragraph 136 and therefore denies those allegations.

11    137.    Monsanto denies the allegations in paragraph 137.

12    138.    Monsanto denies the allegations in paragraph 138.

13    139.    Monsanto denies the allegations in paragraph 139.

14    140.    Monsanto denies the allegations in paragraph 140, including each of its subparts.

15    141.    Monsanto denies the allegations in paragraph 141.

16    142.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17  truth of the allegations in paragraph 142 concerning decedent's claimed use of or exposure to

18  Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

19  remaining allegations in paragraph 142, including that Roundup®-branded products have

20  "dangerous characteristics."

21    143.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22  truth of the allegations in paragraph 143 and therefore denies those allegations.

23    144.    Monsanto denies the allegations in paragraph 144.

24    145.    The allegations in paragraph 145 set forth conclusions of law for which no

25  response is required.

26    146.    Monsanto denies the allegations in paragraph 146.

27    147.    Monsanto denies the allegations in paragraph 147.

28

- 16 -

1      148.    Monsanto denies the allegations in paragraph 148.

2      149.    Monsanto denies the allegations in paragraph 149.

3      150.    Monsanto denies the allegations in paragraph 150.

4      151.    Monsanto denies the allegations in paragraph 151.

5      152.    Monsanto denies the allegations in paragraph 152.

6      153.    Monsanto denies the allegations in paragraph 153.

7      154.    Monsanto denies the allegations in paragraph 154.

8      155.    Monsanto denies the allegations in paragraph 155.

9      156.    In response to paragraph 156, Monsanto demands that judgment be entered in its

10 favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that

11 Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

12 further and additional relief as this Court may deem just and proper.

13     157.    Monsanto incorporates by reference its responses to paragraphs 1 through 156 in

14 response to paragraph 157 of plaintiffs' Complaint.

15     158.    The allegations in paragraph 158 set forth conclusions of law for which no

16 response is required.

17     159.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18 truth of the allegations in paragraph 159 and therefore denies those allegations.

19     160.    Monsanto denies the allegations in paragraph 160.  All labeling of Roundup®-

20 branded products has been and remains EPA-approved and in compliance with all federal

21 requirements under FIFRA.

22     161.    Monsanto denies the allegations in paragraph 161.

23     162.    Monsanto denies the allegations in paragraph 162.  All labeling of Roundup®-

24 branded products has been and remains EPA-approved and in compliance with all federal

25 requirements under FIFRA.

26

27

28

163.     Monsanto denies the allegations in paragraph 163.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

164.     Monsanto denies the allegations in paragraph 164.

165.     Monsanto denies the allegations in paragraph 165.

166.     The allegations in paragraph 166 set forth conclusions of law for which no response is required.

167.     Monsanto denies the allegations in paragraph 167.

168.     Monsanto denies the allegations in paragraph 168.

169.     Monsanto denies the allegations in paragraph 169.

170.     Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 170.

171.     The allegations in paragraph 171 set forth conclusions of law for which no response is required.

172.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 172 and therefore denies those allegations.

173.     Monsanto denies the allegations in paragraph 173.

174.     Monsanto denies the allegations in paragraph 174.

175.     Monsanto denies the allegations in paragraph 175.

176.     Monsanto denies the allegations in paragraph 176.

177.     Monsanto denies the allegations in paragraph 177.

178.     In response to paragraph 178, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

179.     Monsanto incorporates by reference its responses to paragraphs 1 through 178 in response to paragraph 179 of plaintiffs' Complaint.

180.     Monsanto denies the allegations in paragraph 180.  Additionally, the allegations in the last sentence in paragraph 180 set forth conclusions of law for which no response is required.

181.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 181 concerning the decedent's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 181 set forth conclusions of law for which no response is required.

182.     The allegations in paragraph 182 set forth conclusions of law for which no response is required.

183.     Monsanto denies the allegations in paragraph 183.

184.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 184 and therefore denies those allegations.

185.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 185 concerning the condition of any Roundup®-branded product allegedly used by decedent and/or decedent's employer or about decedent's and/or decedent's employer's alleged uses of such product and therefore denies the allegations in paragraph 185.

186.     Monsanto denies the allegations in paragraph 186.

187.     Monsanto denies the allegations in paragraph 187.

188.     Monsanto denies the allegations in paragraph 188.

189.     In response to paragraph 189, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

190.     Monsanto incorporates by reference its responses to paragraphs 1 through 189 in response to paragraph 190 of plaintiffs' Complaint.

191.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191 and therefore denies those allegations.

192.    Monsanto denies the allegations in paragraph 192.

193.    Monsanto denies the allegations in paragraph 193.

194.    In response to the allegations in paragraph 194, Monsanto admits that plaintiffs purport to bring a wrongful death claim but denies any liability on that claim.  Monsanto denies the remaining allegations in paragraph 194.

195.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 195 and therefore denies those allegations.

196.    Monsanto denies the allegations in paragraph 196.

197.    Monsanto incorporates by reference its responses to paragraphs 1 through 196 in response to paragraph 197 of plaintiffs' Complaint.

198.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 198 regarding the marital status of plaintiffs and accordingly denies those allegations.  The remaining allegations in paragraph 198 set forth conclusions of law for which no response is required.

199.    Monsanto denies the allegations in paragraph 199.

200.    Monsanto denies the allegations in paragraph 200.

201.    In response to paragraph 201, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

202.    The allegations in paragraph 202 set forth conclusions of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2. Venue may be inconvenient for plaintiffs' claims.

3. Plaintiffs' claims against Monsanto are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

5. Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6. Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7. Plaintiffs' claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8. Plaintiffs' claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

10.     Plaintiffs' claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiffs' claims against Monsanto are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

12.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

13.     Applicable statutes of limitations and/or repose bar plaintiffs' claims against Monsanto in whole or in part.

14.     Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against Monsanto in whole or in part.

15.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible, or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

16.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

17.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

18.     Plaintiffs' claims against Monsanto are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Massachusetts Constitution, the Missouri Constitution, and/or other applicable state constitutions.

20.     Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Massachusetts law, Missouri law, and/or other applicable state laws.

21.     Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Missouri Revised Statute § 510.265.1.

22.     Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiffs and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiffs have failed to clearly establish any entitlement to punitive and/or exemplary damages based on their allegations.

23.     Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

24.     Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiffs' own failure to mitigate damages.

25.     Plaintiffs' claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

26.     To the extent that plaintiffs recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute § 490.715.

27.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

28.     Plaintiffs' claims against Monsanto are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

29.     Plaintiffs' claims against Monsanto are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

30.     Plaintiffs' strict liability claims are barred because Massachusetts does not recognize a cause of action for strict liability in tort.

31.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## <u>JURY TRIAL DEMAND</u>

Monsanto demands a jury trial on all issues so triable.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-02818-VC

1    DATED:  June 12, 2019                         Respectfully submitted,

2

3                                                  /s/ Joe G. Hollingsworth
                                                   Joe G. Hollingsworth (*pro hac vice*)
4                                                  (jhollingsworth@hollingsworthllp.com)
                                                   Eric G. Lasker (*pro hac vice*)
5                                                  (elasker@hollingsworthllp.com)
                                                   HOLLINGSWORTH LLP
6                                                  1350 I Street, N.W.
                                                   Washington, DC  20005
7                                                  Telephone:   (202) 898-5800
                                                   Facsimile:    (202) 682-1639

8                                                  *Attorneys for Defendant*
                                                   MONSANTO COMPANY
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-02818-VC