**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Tamarra Matthews Johnson (*pro hac vice*)
(tmatthewsjohnson@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel:   (202) 847-4030
Fax:   (202) 847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Hardeman v. Monsanto Co., et al.*,<br>3:16-cv-0525-VC | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE JUDGMENT** |

Defendant Monsanto Company ("Monsanto") opposes Plaintiff's motion to amend the judgment (MDL ECF No. 3979) because it seeks prejudgment interest on his economic damages that is not collectible under California law.

As Plaintiff acknowledges, prejudgment interest is available in California only for damages "subject to precise calculation, such as medical expenses." Plf.'s Mot. Am. J. at 4 (MDL ECF No. 3979) (citing *In re Pago Pago Aircrash*, 525 F. Supp. 1007 (C.D. Cal. 1981)). Further, interest can be recovered only from the time that such damages were "certain, or capable of being made certain by calculation." Cal. Civ. Code § 3287(a); *Bullock v. Philip Morris USA, Inc.*, 198 Cal. App. 4th 543, 573 (Cal. Ct. App. 2011). To qualify as "certain" under Section 3287, the defendant must "actually know[] the amount of damages or could compute that amount from readily available information." *Bullock*, 198 Cal. App. 4th at 573-74; *Chesapeake Indus., Inc. v. Togova Enterprises, Inc.*, 149 Cal. App. 3d 901, 907 (Cal. Ct. App. 1983). "If the defendant does not know or cannot readily compute the damages, the plaintiff must supply him with a statement and supporting data so that defendant can ascertain the damages." *KGM Harvesting Co. v. Fresh Network*, 36 Cal. App. 4th 376, 391 (Cal. Ct. App. 1995). The bottom line for certainty is that there must be "essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable." *Cataphora Inc. v. Parker*, 848 F. Supp. 2d 1064, 1072 (N.D. Cal. 2012) (quoting *Esgro Central, Inc. v. General Ins. Co.*, 20 Cal. App. 3d 1054, 1060 (Cal. Ct. App. 1971)).

Plaintiff seeks prejudgment interest going back to the filing of the complaint, but he cannot establish that his damages were "certain" at that time. Plaintiff's first amended complaint contains only a vague prayer for relief for such damages: It asks for an award of "economic damages in the form of medical expenses, out of pocket expenses, lost earnings and other economic damages in *an amount to be determine* [sic] *at trial*." Plf.'s First Am. Compl. at 29, (*Hardeman* ECF No. 6) (emphasis added). Plaintiff provided nothing more to substantiate his claims. It was not until February 24, 2019, when the parties stipulated to Mr. Hardman's medical expenses, after Plaintiff provided Monsanto with his bills, that the amount of economic damages

1   ($200,967.10) became "certain" under the law.  Joint Stipulation, (*Hardeman* ECF No. 113).
Accordingly, Plaintiffs' motion should be denied.

None of the cases Plaintiff cites in his motion support his request for interest dating back to the filing of the complaint.  In *Bullock*, the trial court awarded prejudgment interest as of the date of the verdict because the damages had not become certain until the jury determined them based on conflicting evidence.  198 Cal. App. 4th at 573-74.  In *Levy-Zenter*, the court analyzed more than a half dozen plaintiffs, many with distinct factual circumstances regarding damages, and determined that the damages became certain at different times—for some plaintiffs, when the parties stipulated to damages; for others, when plaintiffs provided damages figures in response to interrogatories; and for the remainder, when plaintiffs submitted expert reports on damages.  *Levy-Zenter Co. v. S. Pac. Transportation Co.*, 74 Cal. App. 3d 762, 800-05 (Cal. Ct. App. 1977).  The common thread, however, was that damages were not deemed to be certain before a concrete number had been communicated to the defendant.  *See id.*  And although the court in *Coulter* ordered prejudgment interest from the filing of the complaint, that case is materially different.  There, the complaint specifically sought 5% of the purchase price of a piece of real property that had already been sold.  *Coulter v. Howard*, 113 Cal. App. 208, 218 (Cal. Ct. App. 1931).  In other words, the amount of economic damages was fixed as of the date of the complaint.  Not so here.

Because the amount of economic damages was not certain as of the filing of the complaint, the Court should deny Mr. Hardeman's motion.  To the extent the Court is inclined to amend the judgment, it should at most award prejudgment interest dating back to the time the economic damages became certain in this case – the parties' February 24, 2019 stipulation.  For these reasons, Monsanto respectfully requests that the Court deny Mr. Hardeman's motion.

DATED:  June 14, 2019

Respectfully submitted,

/s/ *Brian L. Stekloff*

MONSANTO'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE JUDGMENT

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Tamarra Matthews Johnson (*pro hac vice*)
(tmatthewsjohnson@wilkinsonwalsh.com
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4030
Fax: (202) 847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000


*Attorneys for Defendant*
MONSANTO COMPANY

- 4 -
MONSANTO'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE JUDGMENT

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of June 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ *Brian L. Stekloff*