1  **ANDRUS WAGSTAFF, PC**
2  Aimee H. Wagstaff (SBN 278480)
   aimee.wagstaff@andruswagstaff.com
3  7171 W. Alaska Drive
   Lakewood, CO  80226
4  Tel:  (303) 376-6360
   Fax: (303) 376-6361
5
6  **MOORE LAW GROUP, PLLC**
   Jennifer A. Moore (SBN 206779)
7  jennifer@moorelawgroup.com
   1473 South 4th Street
8  Louisville, KY  40208
   Tel:  (502) 717-4080
9  Fax: (502) 717-4086

10 *Counsel for Plaintiff*

11                      **UNITED STATES DISTRICT COURT**
12                     **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to:<br>*Hardeman v. Monsanto Co., et al.,*<br>3:16-cv-0525-VC; | **PLAINTIFF'S REPLY TO MOTION TO AMEND THE JUDGMENT TO CLARIFY PRE AND POST- JUDGMENT INTEREST RATES** |

1

Defendant does not dispute that California law governs and provides prejudgment interest as a matter of right for damages subject to precise calculation, "such as medical expenses." See Monsanto Company's Opposition To Plaintiff's Motion To Amend The Judgment, p. 2 [Dkt. 4133]. Defendant likewise does not dispute that the verdict for Mr. Hardeman's past economic loss represents his past medical expenses and that the amount of medical expenses meets the statutory requirement of certainty. Id. Even though Defendant acknowledges that Mr. Hardeman is entitled to prejudgment interest, Defendant objects and claims that the timeframe for calculation should be shortened drastically to cover approximately only one month. The evidence shows, however, that Plaintiff's damages were certain as early as the time of the filing of the Complaint on February 1, 2016.

First, California law merely requires that the damages be "**capable of being made certain by calculation**." See California Civil Code 3287 (emphasis added).[1] Mr. Hardeman finished medical treatment for non-Hodgkin lymphoma ("NHL") in June 2015, prior to filing his Complaint, and the amount of his damages was easily calculable at that time. See *In re Pago Pago Aircrash*, 525 F. Supp. 1007, 1018 (C.D. Cal. 1981) ("Such interest should run *from the date the expenses were paid* or the property lost to the date of the verdict in each case.") (emphasis added); see also Overholser v. Glynn, 267 Cal. App. 2d 800, 810 (1968) ("[A] liquidated sum, that is an amount certain or capable of being made certain by calculation, is entitled to recover interest from the day upon which the right to recovery vests in him."). Further, the *only* exceptions provided by the statute are when "the debtor is prevented by law, or by the act of the creditor from paying the debt." Id. No law or act of Mr. Hardeman prevented Defendant from paying Mr. Hardeman's medical expenses prior to trial, or for that matter, prior to stipulating to the amount of his medical expenses on February 24, 2019 [Dkt. 113].

---

[1] "A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day, except when the debtor is prevented by law, or by the act of the creditor from paying the debt."

Second, it is immaterial *when* Monsanto *agreed to stipulate* to Mr. Hardeman's past medical expenses because they were certain within the meaning of the statute long before that date and because Monsanto was on notice that Mr. Hardeman was claiming medical and hospital expenses as part of his damages from the date of the filing of the complaint. Mr. Hardeman's complaint, filed on February 1, 2016, includes five (5) separate references to medical and hospital expenses incurred and being claimed as part of Plaintiff's lawsuit [Dkt. 1].[2] See Pizer v. Brown, 133 Cal. App. 2d 367 (1955) *cert. denied,* 351 U.S. 982 (1956) ("Although exact amounts of indebtedness were not known at the time complaint was filed, such fact does not render claims unliquidated so as to preclude allowance of interest, **where claims are capable of being made certain by calculations** within the meaning of this section.") (emphasis added). Likewise, both Plaintiff's Complaint and First Amended Complaint include a prayer specifically for prejudgment interest [Dkt. 1] and [Dkt. 6]. Defendant claims that this should be disregarded as "vague." Such is not the case under California law. Under California law interest may be awarded even where "there is no specific prayer" for it. See Adler v. Pasadena, 229 Cal. App. 2d 518, 527 (1964). Accordingly, Defendant's contention that Plaintiff submitted only a "vague prayer for relief for such damages," is inconsequential under California law and should be disregarded.

There can be no dispute that Plaintiff's medical expenses were certain at the time he concluded treatment, over six (6) months prior to filing his complaint. He did not have to specify the total amount of medical expenses in his Complaint in order to preserve his claim to recover prejudgment interest. See Petersen v. Lyders, 139 Cal. App. 307, 310 (1934) ("It is true that plaintiffs did not know at the time they filed their original complaints the exact amount for which defendant was indebted to them. However, this fact alone does not render a claim unliquidated in the sense that no interest can be allowed."). To argue that Plaintiff should be denied prejudgment interest, provided under California law as a matter of right, until Defendant finally decides to

---

[2] The same is true of his First Amended Complaint filed on February 12, 2016 [Dkt. 6].

calculate Plaintiff's medical expenses, or until Defendant will agree to stipulate the amount of medical expenses despite the fact that they have been "certain" and calculable for years, would unfairly deprive Plaintiff of his rights under California law, and only incentivizes Defendant to needlessly (but to its own benefit) dispute expenses despite their certainty and the Defendant's ability to calculate them. See *In re Pago Pago Aircrash*, 525 F. Supp. at 1019 ("[I]n addition to prejudgment interest on those portions of the verdicts that constitute recovery for paid medical expenses, paid funeral expenses, and lost property, prejudgment interest will be awarded in those cases decided under California law on those amounts of the verdicts constituting recovery for loss of earnings, services or support which would have accrued **between the date of the accident and the date of the verdict in each case**.") (emphasis added).

Third, not only have Mr. Hardeman's medical expenses been readily calculable since the filing of the Complaint on February 1, 2016, Defendant has had multiple ways to calculate such damages.  At the *very latest*, there is no doubt Defendant could have calculated Mr. Hardmen's medical expenses in October 2018, when it received signed authorizations which allowed Defendant to obtain any and all medical records and bills. Additionally, Defense counsel questioned Mr. Hardeman about his treatment during his deposition on November 08, 2018, and same was reflected in discovery, including Mr. Hardeman's Plaintiff Fact Sheet, which was served on October 22, 2018. Thus, it is disingenuous to assert, as Defendant has, that Mr. Hardeman's medical expenses were not knowable until February 24, 2019, the date Defendant finally signed the stipulation. Notably, Defendant agreed to stipulate to the amount of Mr. Hardeman's medical expenses in January 2019 and a proposed stipulation was emailed to defense on January 25, 2019.[3]  Drafts of the stipulation were then exchanged between the parties before the final version was filed with the Court on February 24, 2019. [Dkt. 113].

---

[3] See Exhibit 1, a true and accurate copy of the email sent by Plaintiff to defense counsel on January 25, 2019 attaching a proposed Stipulation regarding Medical Expenses.

4
PLAINTIFF'S REPLY TO MOTION TO AMEND THE JUDGMENT TO CLARIFY PRE AND POST-JUDGMENT INTEREST RATES

Further, Defendant's reliance on Cataphora is misplaced. Cataphora stands for the proposition that a "defendant's **denial of liability** does not make damages uncertain for purposes of Civil Code section 3287." Cataphora Inc. v. Parker, 848 F. Supp. 2d 1064, 1073 (N.D. Cal. 2012). Thus, merely because Defendant disputed liability and damages, until it finally stipulated to Mr. Hardeman's medical expenses on February 24, 2019, and thereafter only disputed liability, is not a basis to limit or reduce the prejudgment interest to which Plaintiff is entitled. Id. at 1072 ("Thus, it is clear that Civil Code section 3287 looks to the *certainty of the damages suffered by the plaintiff*, rather than a defendant's ultimate liability, in determining whether prejudgment interest is mandated.") (emphasis added). When the defendant *chose* to stipulate to that amount is irrelevant to the analysis.

Accordingly, Plaintiff respectfully requests the Court amend the judgment to clarify that Defendant, Monsanto Company, shall pay prejudgment interest at the rate of 7% on the amount of compensatory damages awarded for past economic loss ($200,967.10) and post-judgment interest at the federal interest rate governed by 28 U.S.C. § 1961 as to the total judgment of $80,267,634.10, plus costs and prejudgment interest. See Air Separation v. Underwriters at Lloyd's of London, 45 F.3d 288, 290-291 (9th Cir. 1994) (*holding* post-judgment interest also applies to the prejudgment interest component of a district court's money judgment). Prejudgment interest should begin from the date of filing the complaint, February 1, 2016. See Bullock v. Philip Morris USA, Inc., 198 Cal. App. 4th 543 (2011); Levy-Zenter Co. v. Southern Pac. Transportation Co., 74 Cal. App. 3d 762 (1977); Coulter v. Howard, 113 Cal. App. 208 (1931). Accordingly, Plaintiff is entitled to prejudgment interest in the amount of $45,748.92 and respectfully requests the Court amend the judgment to reflect such.[4]

---

[4] Plaintiff calculated the prejudgment interest on the amount of past economic damages of $200,967.10 at the rate of 7% beginning on February 1, 2016 to the date of judgment, May 3, 2019. For the years 2016, 2017, and 2018, interest equals $14,067.70 per year and $3,545.83 from February 1, 2019 to May 3, 2019 for a total of $45,748.92.

Dated: 6/21/2019

Respectfully submitted,

/s/ Jennifer A. Moore
Jennifer A. Moore (SBN 206779)
jennifer@moorelawgroup.com
MOORE LAW GROUP, PLLC
1473 South 4th Street
Louisville, KY  40208
Tel: (502) 717-4080

and

Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
ANDRUS WAGSTAFF, P.C.
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on June 21, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Jennifer A. Moore
Jennifer A. Moore (SBN 206779)
jennifer@moorelawgroup.com