**ARNOLD & PORTER KAYE SCHOLER LLP**
Daniel S. Pariser (*pro hac vice*)
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone:   (202) 942-5000
Facsimile:    (202) 942-5999
Email:        daniel.pariser@arnoldporter.com

**ARNOLD & PORTER KAYE SCHOLER LLP**
S. Zachary Fayne (CA Bar No. 307288)
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:  (415) 471-3100
Facsimile:   (415) 471-3400
Email:       zachary.fayne@arnoldporter.com

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Robert Ramirez, et al. v. Monsanto Co.* Case No. 3:19-cv-02224-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO CLASS ACTION COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

all allegations contained in the Class Action Complaint ("the Complaint"), except as set forth

below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      In response to the allegations in the first sentence of paragraph 1, Monsanto admits that plaintiff brings certain claims and seeks certain relief for himself and on behalf of certain putative class members, but Monsanto denies any liability to plaintiff or putative class members.  Monsanto also denies that the putative class is certifiable under Federal Rule of Civil Procedure 23.  Monsanto denies the remaining allegations in the first sentence of paragraph 1. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 1 and therefore denies those allegations. Monsanto denies the allegations in the third and fourth sentences of paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.  In particular, Monsanto denies that the putative class action is certifiable under Federal Rules of Civil Procedure 23(c)(4) and 23(b)(2).

3.      In response to the allegations in paragraph 3, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.  The remaining allegations in paragraph 3 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies that a class should be certified in this lawsuit.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.

5.      In response to the allegations in the first sentence of paragraph 5, Monsanto denies any "improper conduct" giving rise to plaintiff's claim.  The remaining allegations in the first sentence of paragraph 5 set forth conclusions of law for which no response is required.  In response to the allegations in the second sentence of paragraph 5, Monsanto admits that is a corporation, that its principal place of business is in Missouri, and that it has sold Roundup®-branded products throughout this country.  In response to the allegations in the last sentence of

paragraph 5, Monsanto admits that the Judicial Panel on Multidistrict Litigation ordered that certain federal court lawsuits involving Roundup®-branded products be transferred to this Court for coordinated or consolidated pretrial proceedings. Monsanto denies that the complaints in those lawsuits are similar to the Complaint in this lawsuit.  Monsanto specifically denies that the conduct alleged in the complaint "occurred in, was directed from, and/or emanated from this judicial district."

6.      In response to the allegations in the last sentence of paragraph 6, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.  Monsanto states, however, that the scientific studies upon which the International Agency for Research on Cancer ("IARC") purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies those allegations.

7.      Monsanto admits that it is a Delaware corporation with its headquarters and principal place of business in St. Louis County, Missouri.  Monsanto further admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  The remaining allegations in paragraph 7 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies that this Court has personal jurisdiction over Monsanto in this case.

8.      In response to the allegations in the first sentence of paragraph 8, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in the first sentence of paragraph 8 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 8 and therefore denies those allegations. Monsanto admits the second sentence of paragraph 8.  Monsanto denies the allegations in the

- 3 -

third sentence of paragraph 8 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  Monsanto denies the allegations in the fourth sentence of paragraph 8 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

9.      Monsanto admits the allegations in the first two sentences of paragraph 9 and admits that at all relevant times it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto denies the remaining allegations in paragraph 9.

10.      In response to the allegations in paragraph 10, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety.  Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The remaining allegations in paragraph 10 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

11.      In response to the allegations in paragraph 11, Monsanto admits that, following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 11 and accordingly denies those allegations.  The remaining allegations in paragraph 11 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

12.      Monsanto admits the allegations in paragraph 12.

13.      In response to the allegations in paragraph 13, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The

1    remaining allegations in paragraph 13 set forth conclusions of law for which no response is

2    required.

3        14.    The allegations in paragraph 14 set forth conclusions of law for which no

4    response is required.

5        15.    In response to the allegations in paragraph 15, Monsanto admits that EPA requires

6    registrants of herbicides to submit extensive data in support of the human health and

7    environmental safety of their products and further admits that EPA will not register or approve

8    the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

9    states that the term "the product tests" in the final sentence of paragraph 15 is vague and

10   ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 15

11   set forth conclusions of law for which no response is required.

12       16.    In response to the allegations in paragraph 16, Monsanto admits that an EPA

13   review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

14   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

15   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto denies the

16   remaining allegations in paragraph 16.

17       17.    Monsanto admits that plaintiff and the putative class members have accurately

18   quoted from one passage in an EPA document in 1991 with respect to the designation of an agent

19   as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any

20   cancer risk to humans.  Monsanto denies the remaining allegations in paragraph 17.

21       18.    In response to the allegations in paragraph 18, Monsanto admits that it – along

22   with a large number of other companies and governmental agencies – was defrauded by two

23   chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

24   testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

25   toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

26   glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the

27

28

MONSANTO COMPANY'S ANSWER TO CLASS ACTION COMPLAINT
Case No.  3:16-md-02741-VC & 3:19-cv-02224-VC

allegations in paragraph 18 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

19.     In response to the allegations in paragraph 19, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

20.     Monsanto denies the allegations in paragraph 20 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 20 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

21.     In response to the allegations in paragraph 21, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto further admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 21 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

22.     Monsanto denies the allegations in paragraph 22 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 regarding such pesticide products generally.  The remaining allegations in paragraph 22 set forth conclusions of law for which no response is required.

23.     In response to the allegations in paragraph 23, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, specific findings of safety include:

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."   EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

1   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

2   remaining allegations in paragraph 23 and therefore denies those allegations.

3         24.    In response to the allegations in paragraph 24, Monsanto admits that the New

4   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

5   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

6   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

7   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

8   the subparts purport to quote a document, the document speaks for itself and thus does not

9   require any further answer.  The remaining allegations in paragraph 24 are vague and conclusory

10   and comprise attorney characterizations, and are accordingly denied.

11         25.    In response to the allegations in paragraph 25, Monsanto admits it entered into an

12   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

13   itself and thus does not require any further answer.  The remaining allegations in paragraph 25

14   are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

15         26.    In response to the allegations in paragraph 26, Monsanto admits that the IARC

16   working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

17   discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

18   based herbicides, but denies that there is any scientific basis for the concerns raised by the

19   improper IARC classification.  Monsanto denies the remaining allegations in paragraph 26.

20         27.    In response to the allegations in paragraph 27, Monsanto admits that the IARC

21   working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

22   discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

23   based herbicides, including the Netherlands, but denies that there is any scientific basis for the

24   concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations

25   in paragraph 27.

26         28.    In response to the allegations in the first sentence of paragraph 28, Monsanto

27   admits that the IARC working group classification led an individual government attorney in

28

MONSANTO COMPANY'S ANSWER TO CLASS ACTION COMPLAINT
Case No.  3:16-md-02741-VC & 3:19-cv-02224-VC

1    Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of

2    glyphosate.  Monsanto denies the remaining allegations in the first sentence of paragraph 28.  In

3    response to the allegations in the second sentence of paragraph 28, Monsanto admits that, in

4    France, the sale to and use by amateurs (*i.e.*, non-professionals) of all pesticides (with certain

5    exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain

6    exceptions.  Monsanto denies the remaining allegations in the second sentence of paragraph 28.

7    In response to the allegations in third and fourth sentences of paragraph 28, Monsanto admits

8    that some employees of Bermuda's government announced an intention to suspend the

9    importation of glyphosate-based herbicides, but lacks information sufficient to form a belief as to

10   the truth of the allegations about whether this suspension took effect and accordingly denies the

11   same.  Monsanto denies the remaining allegations in the third and fourth sentences of paragraph

12   28.  In response to the allegations in the fifth sentence of paragraph 28, Monsanto admits that the

13   IARC monograph appears to be the alleged basis for the Sri Lankan government's actions,

14   including the allegation that glyphosate can cause kidney disease.  Monsanto further states that

15   the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's and the

16   putative class members' allegations regarding claimed carcinogenicity.  Monsanto denies the

17   remaining allegations in the fifth sentence of paragraph 28.  In response to the allegations in the

18   last sentence of paragraph 28, Monsanto denies the alleged basis for Colombia's suspension of

19   aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial

20   spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas

21   Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April

22   2016, the government of Colombia has resumed manual application of glyphosate on illicit coca

23   crops.  A federal district court in the United States excluded plaintiffs' expert testimony

24   purporting to link these same aerial eradication operations with cancer as scientifically

25   unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto denies the

26   remaining allegations in the last sentence of paragraph 28.

27

28

1    29.    In response to the allegations in paragraph 29, Monsanto denies that IARC

2  follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information

3  or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

4  paragraph 29, which are not limited as of any specified date, and accordingly denies the same.

5  Monsanto further admits that IARC sets forth in its Preamble the procedures that it claims to

6  follow in its carcinogenicity evaluations.  Monsanto denies the remaining allegations in

7  paragraph 29.

8    30.    In response to the allegations in the first and second sentences of paragraph 30,

9  Monsanto denies any suggestion that IARC reviewed the full body of scientific research in

10 conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its

11 glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as

12 to the truth of the remaining allegations in the first and second sentences of paragraph 30 and

13 therefore denies those allegations.  In response to the allegations in the third and fourth sentences

14 of paragraph 30, Monsanto denies those allegations to the extent that they suggest that IARC had

15 previously assessed glyphosate and admits that IARC classified glyphosate as a Group 2A agent

16 in March 2015.

17   31.    In response to the allegations in paragraph 31, Monsanto admits that IARC issued

18 its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the

19 monograph was prepared by a "working group" of individuals selected by IARC who met over a

20 one week period in March 2015 to consider glyphosate along with a number of other substances.

21 Monsanto denies the allegation that all members of the working group are "experts."  Monsanto

22 denies that the working group or anyone at IARC conducted a one-year review of the scientific

23 evidence related to glyphosate or that the working group's findings reflected a comprehensive

24 review of the latest available scientific evidence.  Monsanto also denies that the working group

25 considered all information available in the scientific literature and all data from government

26 reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 31.

27

28

32.     In response to the allegations in paragraph 32, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

33.     The allegations in the first sentence of paragraph 33 are vague and conclusory. To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.  In response to the allegations in the second sentence of paragraph 33, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 33 are denied.

34.     In response to the allegations in paragraph 34, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

35.     Monsanto denies the allegations in the first sentence of paragraph 35.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.  In response to the allegations in second and third sentences of paragraph 35, Monsanto admits that

1   the working group cited to a study that it concluded provided evidence of chromosomal damage

2   in community residents reported to be exposed to glyphosate, but Monsanto denies that the study

3   supports such a conclusion or that the authors of the study reached such a conclusion.

4          36.     In response to the allegations in paragraph 36, Monsanto admits that the IARC

5   working group purported to make these findings, but denies that the animal carcinogenicity

6   studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

7   of the identified tumors.  Monsanto further states that regulatory agencies around the world have

8   reviewed the same animal studies and concluded that they do not provide evidence that

9   glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 36.

10         37.     In response to the allegations in the first, second, and third sentences of paragraph

11   37, Monsanto admits that the IARC working group purported to make these findings but denies

12   that the cited studies provide any reliable basis for a finding that any meaningful levels of

13   glyphosate or AMPA is present or persists in human blood or urine.  Monsanto denies the

14   remaining allegations in the first, second, and third sentences of paragraph 37.  In response to the

15   allegations in the fourth sentence of paragraph 37, Monsanto admits that the IARC working

16   group interpreted a selected number of experimental studies as evidence that glyphosate can

17   cause genotoxicity, but Monsanto denies that the working group reliably considered the full body

18   of scientific data on such alleged genotoxic endpoints and denies that the working group reliably

19   interpreted the studies that it selected for consideration.  Regulators around the world repeatedly

20   have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining allegations in

21   the fourth sentence of paragraph 37.  In response to the allegations in the fifth sentence of

22   paragraph 37, Monsanto admits that the IARC working group purported to find such effects, but

23   denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the

24   remaining allegations in paragraph 37.

25         38.     In response to the allegations in paragraph 38, Monsanto admits that the working

26   group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but

27   denies that the working group characterized that study as supporting an association between

28

1  glyphosate and the specified cancers.  The AHS cohort study did not find a positive association

2  between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph

3  38.

4       39.    The allegations in the first sentence of paragraph 39 set forth conclusions of law

5  for which no response is required.  Monsanto denies the remaining allegations in paragraph 39.

6       40.    The allegations in paragraph 40 set forth conclusions of law for which no

7  response is required.  To the extent that a response is deemed required, Monsanto denies any

8  liability to the named plaintiff or putative class members and further denies that a class should be

9  certified in this lawsuit.

10       41.    In response to the allegations in paragraph 41, Monsanto denies that any exposure

11  to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

12  illnesses.  The remaining allegations in paragraph 41 set forth conclusions of law for which no

13  response is required.  To the extent that a response is deemed required, Monsanto denies any

14  liability to the named plaintiff or putative class members and further denies that a class should be

15  certified in this lawsuit.

16       42.    The allegations in paragraph 42 set forth conclusions of law for which no

17  response is required.  To the extent that a response is deemed required, Monsanto denies any

18  liability to the named plaintiff or putative class members and further denies that a class should be

19  certified in this lawsuit.

20       43.    In response to the allegations in paragraph 43, Monsanto denies that any exposure

21  to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

22  illnesses.  The remaining allegations in paragraph 43 set forth conclusions of law for which no

23  response is required.  To the extent that a response is deemed required, Monsanto denies any

24  liability to the named plaintiff or putative class members and further denies that a class should be

25  certified in this lawsuit.

26       44.    In response to the allegations in paragraph 44, Monsanto denies that any exposure

27  to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

28

1    illnesses.  The remaining allegations in paragraph 44 set forth conclusions of law for which no

2    response is required.  To the extent that a response is deemed required, Monsanto denies any

3    liability to the named plaintiff or putative class members and further denies that a class should be

4    certified in this lawsuit.

5            45.     The allegations in paragraph 45 set forth conclusions of law for which no

6    response is required.  To the extent that a response is deemed required, Monsanto denies any

7    liability to the named plaintiff or putative class members and further denies that a class should be

8    certified in this lawsuit.

9            46.     The allegations in paragraph 46 set forth conclusions of law for which no

10   response is required.  To the extent that a response is deemed required, Monsanto denies any

11   liability to the named plaintiff or putative class members and further denies that a class should be

12   certified in this lawsuit.

13           47.     The allegations in paragraph 47 set forth conclusions of law for which no

14   response is required.  To the extent that a response is deemed required, Monsanto denies any

15   liability to the named plaintiff or putative class members and further denies that a class should be

16   certified in this lawsuit.

17           48.     The allegations in paragraph 48 set forth conclusions of law for which no

18   response is required.  To the extent that a response is deemed required, Monsanto denies any

19   liability to the named plaintiff or putative class members and further denies that a class should be

20   certified in this lawsuit.

21           49.     The allegations in paragraph 49 set forth conclusions of law for which no

22   response is required.  To the extent that a response is deemed required, Monsanto denies any

23   liability to the named plaintiff or putative class members and further denies that a class should be

24   certified in this lawsuit.

25           50.     The allegations in paragraph 50 set forth conclusions of law for which no

26   response is required.  To the extent that a response is deemed required, Monsanto denies any

27

28

MONSANTO COMPANY'S ANSWER TO CLASS ACTION COMPLAINT
Case No.  3:16-md-02741-VC & 3:19-cv-02224-VC

liability to the named plaintiff or putative class members and further denies that a class should be certified in this lawsuit.

51.    The allegations in paragraph 51 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies any liability to the named plaintiff or putative class members and further denies that a class should be certified in this lawsuit.

52.    The allegations in paragraph 52 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies any liability to the named plaintiff or putative class members and further denies that a class should be certified in this lawsuit.

53.    The allegations in the first sentence of paragraph 53 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies any liability to the named plaintiff or putative class members and further denies that a class should be certified in this lawsuit.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 53 concerning plaintiff's and putative class members' claimed exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in the last sentence of paragraph 53, including that that intended use and/or exposure to Roundup®-branded products causes any injuries.

54.    Monsanto denies the allegations in paragraph 54.

55.    The allegations paragraph 55 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies any liability to the named plaintiff or putative class members and further denies that a class should be certified in this lawsuit.

56.    The allegations in paragraph 56 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies any

1   liability to the named plaintiff or putative class members and further denies that a class should be

2   certified in this lawsuit.

3          57.     The allegations in paragraph 57 set forth conclusions of law for which no

4   response is required.  To the extent that a response is deemed required, Monsanto denies any

5   liability to the named plaintiff or putative class members and further denies that a class should be

6   certified in this lawsuit.

7          58.     Monsanto incorporates by reference its responses to paragraphs 1 through 57 in

8   response to paragraph 58 of the Complaint.

9          59.     The allegations in paragraph 59 set forth conclusions of law for which no

10   response is required.  To the extent that a response is deemed required, Monsanto denies any

11   liability to the named plaintiff or putative class members and further denies that a class should be

12   certified in this lawsuit.

13          60.     The allegations in paragraph 60 set forth conclusions of law for which no

14   response is required.  To the extent that a response is deemed required, Monsanto denies any

15   liability to the named plaintiff or putative class members and further denies that a class should be

16   certified in this lawsuit.  Monsanto also denies that declaratory relief on the issues identified by

17   plaintiff is appropriate.

18          61.     The allegations in paragraph 61 set forth conclusions of law for which no

19   response is required.  To the extent that a response is deemed required, Monsanto denies any

20   liability to the named plaintiff or putative class members, further denies that a class should be

21   certified in this lawsuit, and denies that the plaintiff or class is entitled to any declaratory relief

22   set forth in paragraph 62 of the complaint.

23          62.     The allegations in paragraph 62 set forth conclusions of law for which no

24   response is required.  To the extent that a response is deemed required, Monsanto denies any

25   liability to the named plaintiff or putative class members and further denies that a class should be

26   certified in this lawsuit.

27

28

63.     Monsanto incorporates by reference its responses to paragraphs 1 through 62 in response to paragraph 63 of the Complaint.

64.     In response to the allegations in paragraph 64, Monsanto admits that plaintiff and the putative class members purport to bring a claim for strict liability design defect, but denies any liability as to that claim.

65.     In response to the allegations in paragraph 65, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff was exposed to Roundup®-branded products and therefore denies that allegation.  Monsanto denies the remaining allegations in paragraph 65.

66.     Monsanto denies the allegations in paragraph 66.

67.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies those allegations.

68.     Monsanto denies the allegations in paragraph 68.

69.     Monsanto denies the allegations in paragraph 69.

70.     Monsanto denies the allegations in paragraph 70.

71.     Monsanto denies the allegations in paragraph 71 and each of its subparts.

72.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 72 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 72, including that Roundup® branded products have "dangerous characteristics."

73.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 73 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 73, including that Roundup®-branded products have "dangerous characteristics."

74.     Monsanto denies the allegations in paragraph 74.

1    75.    Monsanto denies the allegations in paragraph 75.

2    76.    Monsanto denies the allegations in paragraph 76.

3    77.    Monsanto denies the allegations in paragraph 77.

4    78.    Monsanto denies the allegations in paragraph 78.

5    79.    Monsanto denies the allegations in paragraph 79.

6    80.    Monsanto denies the allegations in paragraph 80.

7    81.    Monsanto denies the allegations in paragraph 81.

8    82.    In response to the allegations in paragraph 82, Monsanto demands that judgment

9    be entered in its favor and against plaintiff and the putative class members; that the Complaint be

10   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

11   fees as allowed by law and such further and additional relief as this Court may deem just and

12   proper.

13   83.    Monsanto incorporates by reference its responses to paragraphs 1 through 82 in

14   response to paragraph 83 of the Complaint.

15   84.    In response to the allegations in paragraph 84, Monsanto admits that plaintiff and

16   the putative class members purport to bring a claim for strict liability failure to warn, but denies

17   any liability as to that claim.  Monsanto also denies that the putative class can be certified on this

18   question under Federal Rule of Civil Procedure 23.

19   85.    Monsanto denies the allegations in paragraph 85.

20   86.    In response to the allegations in paragraph 86, Monsanto lacks information or

21   knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other

22   entities identified purchased or used Roundup®-branded products and therefore denies that

23   allegation.  The allegations in paragraph 86 also set forth conclusions of law for which no

24   response is required.  Monsanto denies the remaining allegations in paragraph 86.

25   87.    The allegations in paragraph 87 set forth conclusions of law for which no

26   response is required.

27

28

MONSANTO COMPANY'S ANSWER TO CLASS ACTION COMPLAINT
Case No.  3:16-md-02741-VC & 3:19-cv-02224-VC

1     88.     Monsanto denies the allegations in paragraph 88.  All labeling of Roundup®-

2     branded products has been and remains EPA-approved and in compliance with all federal

3     requirements under FIFRA.

4     89.     Monsanto denies the allegations in paragraph 89.

5     90.     Monsanto denies the allegations in paragraph 90.

6     91.     Monsanto denies the allegations in paragraph 91.

7     92.     Monsanto lacks information or knowledge sufficient to form a belief as to the

8     truth of the allegations in paragraph 92 and therefore denies those allegations.

9     93.     Monsanto lacks information or knowledge sufficient to form a belief as to the

10     truth of the allegations in paragraph 93 concerning plaintiff's and the putative class members'

11     alleged use of Roundup®-branded products and therefore denies those allegations.  Monsanto

12     denies the remaining allegations in paragraph 93, including that Roundup®-branded products

13     have "dangerous characteristics."

14     94.     Monsanto lacks information or knowledge sufficient to form a belief as to the

15     truth of the allegations in paragraph 94 concerning plaintiff's and the putative class members'

16     alleged use and exposure to Roundup®-branded products and therefore denies those allegations.

17     Monsanto denies the remaining allegations in paragraph 94, including that Roundup®-branded

18     products have "dangerous characteristics."

19     95.     In response to the allegations in paragraph 95, Monsanto denies that any exposure

20     to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

21     illnesses and denies that there are any defects in those products.  Monsanto lacks information or

22     knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 95

23     and therefore denies those allegations.  Monsanto states, however, that the scientific studies upon

24     which IARC purported to base its evaluation of glyphosate were all publicly available before

25     March 2015.

26     96.     Monsanto denies the allegations in paragraph 96.

27     97.     Monsanto denies the allegations in paragraph 97.

28

1    98.    Monsanto denies the allegations in paragraph 98.

2    99.    Monsanto denies the allegations in paragraph 99.

3    100.    Monsanto denies the allegations in paragraph 100.

4    101.    Monsanto denies the allegations in paragraph 101.

5    102.    Monsanto denies the allegations in paragraph 102.

6    103.    Monsanto denies the allegations in paragraph 103.

7    104.    Monsanto incorporates by reference its responses to paragraphs 1 through 103 in

8    response to paragraph 104 of the Complaint.

9    105.    In response to the allegations in paragraph 105, Monsanto admits that it has

10    manufactured, marketed, advertised, and sold Roundup®-branded herbicides as products that

11    control and kill weeds.

12    106.    Monsanto denies the allegations in paragraph 106.

13    107.    Monsanto denies the allegations in paragraph 107.

14    108.    Monsanto denies the allegations in paragraph 108.

15    109.    Monsanto denies the allegations in paragraph 109.

16    110.    Monsanto incorporates by reference its responses to paragraphs 1 through 110 in

17    response to paragraph 110 of the Complaint.

18    111.    The allegations in paragraph 111 set forth conclusions of law for which no

19    response is required.

20    112.    The allegations in paragraph 112 set forth conclusions of law for which no

21    response is required.

22    113.    Monsanto denies the allegations in paragraph 113.

23    114.    Monsanto denies the allegations in paragraph 114.

24    115.    Monsanto denies the allegations in paragraph 115.

25    116.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26    truth of the allegations in paragraph 116 and therefore denies those allegations.

27    117.    Monsanto denies the allegations in paragraph 117.

28

118.    Monsanto incorporates by reference its responses to paragraphs 1 through 117 in response to paragraph 118 of the Complaint.

119.    In response the allegations in the first sentence in paragraph 119, Monsanto admits that it has manufactured, designed, supplied, marketed, advertised, and sold Roundup®-branded products.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 119 regarding plaintiff's and the putative class members' alleged use and exposure to Roundup®-branded products and whether any warranties were made to such persons and therefore denies those allegations.  The remaining allegations in paragraph 119 set forth conclusions of law for which no response is required.

120.    Monsanto denies the allegations in paragraph 120.

121.    Monsanto denies the allegations in paragraph 121.

122.    Monsanto denies the allegations in paragraph 122.

123.    Monsanto denies the allegations in paragraph 123.

124.    Monsanto denies the allegations in paragraph 124.

125.    Monsanto denies the allegations in paragraph 125.

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto denies the allegations in paragraph 127.

128.    Monsanto incorporates by reference its responses to paragraphs 1 through 127 in response to paragraph 128 of the Complaint.

129.    In response the allegations in the first sentence in paragraph 129, Monsanto admits that it has manufactured, designed, supplied, marketed, advertised, and sold Roundup®-branded products.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 129 regarding plaintiff's and the putative class members' alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 129 set forth conclusions of law for which no response is required.  Monsanto denies the allegations in paragraph 129.

130.    Monsanto denies the allegations in paragraph 130.

1    131.    Monsanto denies the allegations in paragraph 131.

2    132.    Monsanto denies the allegations in paragraph 132.

3    133.    In response to the allegations in paragraph 133, Monsanto lacks information or

4  knowledge sufficient to form a belief as to the truth of the allegations concerning plaintiff's and

5  the putative class members' claimed purchase of Roundup®-branded products and therefore

6  denies those allegations.  The remaining allegations in paragraph 133 set forth conclusions of

7  law for which no response is required.  To the extent that a response is deemed required,

8  Monsanto denies the remaining allegations in paragraph 133.

9    134.    Monsanto denies the allegations in paragraph 134.

10    135.    Monsanto denies the allegations in paragraph 135.

11    136.    Monsanto denies the allegations in paragraph 136.

12    137.    Monsanto denies the allegations in paragraph 137.

13    138.    Monsanto incorporates by reference its responses to paragraphs 1 through 137 in

14  response to paragraph 138 of the Complaint.

15    139.    Monsanto admits that it has marketed and sold certain Roundup®-branded

16  products in each of the 50 states since such products were approved for sale by EPA in 1974.  In

17  response to the remaining allegations in the first sentence of paragraph 139, Monsanto lacks

18  information or knowledge sufficient to form a belief as to the truth of the allegations concerning

19  plaintiff's and the putative class members' claimed purchase of Roundup®-branded products and

20  therefore denies those allegations.  Monsanto denies the allegations in the last sentence of

21  paragraph 139.

22    140.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 140 and therefore denies those allegations.

24    141.    Monsanto denies the allegations in paragraph 141.

25    142.    Monsanto denies the allegations in paragraph 142.

26    143.    Monsanto denies the allegations in paragraph 143.

27    144.    Monsanto denies the allegations in paragraph 144.

28

1      145.    In response to the allegations in paragraph 145, Monsanto admits that plaintiff and the putative class members purport to bring a claim pursuant to state consumer laws, but denies any liability under such state laws.  Monsanto denies the remaining allegations in paragraph 145.

146.    Monsanto denies the allegations in paragraph 146.

147.    Monsanto incorporates by reference its responses to paragraphs 1 through 146 in response to the first sentence of paragraph 147 of the Complaint.  The allegation in the last sentence of paragraph 147 sets forth a conclusion of law for which no response is required.

148.    In response to the allegations in paragraph 148, Monsanto admits that plaintiff and the putative class members purport to bring a claim pursuant to false advertising laws, but denies any liability as to that claim.

149.    Monsanto denies the allegations in paragraph 149.

150.    Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.  Monsanto denies the remaining allegations in paragraph 150.

151.    Monsanto denies the allegations in paragraph 151.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies the allegations in paragraph 154.

155.    Monsanto incorporates by reference its responses to paragraphs 1 through 154 in response to paragraph 155 of the Complaint.

156.    Monsanto denies the allegations in paragraph 156.

157.    Monsanto denies the allegations in paragraph 157.

158.    Monsanto denies the allegations in paragraph 158.

159.    Monsanto denies the allegations in paragraph 159.

160.    Monsanto denies the allegations in paragraph 160.

1    In response to the allegations in the WHEREFORE paragraph following paragraph 160,

2  Monsanto denies that plaintiff and the putative class members are entitled to the relief sought

3  therein, including any judgment for any damages, interest, costs, or any other relief whatsoever,

4  and denies that a class should be certified in this lawsuit.

5    Every allegation in the Complaint that is not specifically and expressly admitted in this

6  Answer is hereby specifically and expressly denied.

7  **SEPARATE AND AFFIRMATIVE DEFENSES**

8    1.    The Complaint, in whole or part, fails to state a claim or cause of action upon

9  which relief can be granted.

10    2.    Venue is or may be inconvenient for some or all of the claims alleged in the

11  Complaint.

12    3.    This Court lacks personal jurisdiction over Monsanto, including but not limited to

13  personal jurisdiction with respect to the claims of the purported absent class members who lack

14  sufficient connection to California.

15    4.    Plaintiff's and the putative class members' claims are barred because plaintiff and

16  the putative class members cannot proffer any scientifically reliable evidence that the products at

17  issue were defective or unreasonably dangerous.

18    5.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

19  was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

20  plaintiff's and the putative class members' alleged injuries.

21    6.    Plaintiff's and the putative class members' claims are barred, in whole or in part,

22  because the products at issue were designed, manufactured, marketed and labeled with proper

23  warnings, information, cautions and instructions, in accordance with the state of the art and the

24  state of scientific and technological knowledge.

25    7.    Plaintiff's and the putative class members' claims are barred, in whole or in part,

26  because the products at issue were not defective or unreasonably dangerous in that they complied

27  with, at all relevant times, all applicable government safety standards.

28

8.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9.      Plaintiff's and the putative class members' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10.     Plaintiff's and the putative class members' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.     Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.     Plaintiff's and the putative class members' claims are barred, in whole or in part, because plaintiff's and the putative class members' injuries, if any, were the result of conduct of plaintiff and the putative class members, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's and the putative class members' pre-existing medical conditions.

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's and the putative class members' claims in whole or in part.

14.     Applicable statutes of limitations and/or repose bar plaintiff's and the putative class members' claims in whole or in part.

15.     Plaintiff's and the putative class members' misuse or abnormal use of the product or failure to follow instructions bar plaintiff's and the putative class members' claims in whole or in part.

16.     If plaintiff and the putative class members suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's and the putative class members' alleged injuries or damages.

17.     Monsanto had no legal relationship or privity with plaintiff and the putative class members and owed no duty to them by which liability could be attributed to it.

18.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff and the putative class members.  If any such warranties were made, which Monsanto specifically denies, then plaintiff and the putative class members failed to give notice of any breach thereof.

19.     Plaintiff's and the putative class members' claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

20.     Plaintiff's and the putative class members' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the California Constitution, and/or other applicable state constitutions.

21.     Plaintiff's and the putative class members' claims for punitive and/or exemplary damages are barred because plaintiff and the putative class members have failed to allege conduct warranting imposition of such damages under the laws of California and/or other applicable state laws.

22.     Plaintiff's and the putative class members' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

23.     Plaintiff's and the putative class members' claims are barred in whole or in part by plaintiff's and the putative class members' own contributory/comparative negligence.

24.     Plaintiff's and the putative class members' claims are barred in whole or in part by plaintiff's and the putative class members' own failure to mitigate damages.

25.     Plaintiff's and the putative class members' claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

26.     Plaintiff's and the putative class members' recovery, if any, shall be reduced by those payments that they receive from collateral sources.

27.     If plaintiff and the putative class members have been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a Monsanto product.

28.     Plaintiff and the putative class members have failed to allege fraud with sufficient particularity.

29.     Plaintiff's and the putative class members' claims are barred or limited to the extent that plaintiff and the putative class members assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

30.     Plaintiff's and the putative class members' claims are barred to the extent that plaintiff and the putative class members seek relief under the laws of states that do not govern plaintiff's and the putative class members' claims.

31.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff and the putative class members, dismissing plaintiff's and the putative class members' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

1    Monsanto demands a jury trial on all issues so triable.

2

3    DATED:  June 24, 2019                     Respectfully submitted,

4                                              /s/ Joe G. Hollingsworth
                                               Joe G. Hollingsworth (*pro hac vice*)
5                                              (jhollingsworth@hollingsworthllp.com)
                                               Eric G. Lasker (*pro hac vice*)
6                                              (elasker@hollingsworthllp.com)
                                               HOLLINGSWORTH LLP
7                                              1350 I Street, NW
                                               Washington, DC  20005
8                                              Telephone:   (202) 898-5800
                                               Facsimile:   (202) 682-1639
9
                                               Daniel S. Pariser (*pro hac vice*)
10                                             (daniel.pariser@arnoldporter.com)
                                               ARNOLD & PORTER KAYE SCHOLER LLP
11                                             601 Massachusetts Avenue, NW
                                               Washington, DC 20001
12                                             Tel: 202-942-5000
                                               Fax:  202-942-5999
13
                                               S. Zachary Fayne (CA Bar No. 307288)
14                                             (zachary.fayne@arnoldporter.com)
                                               ARNOLD & PORTER KAYE SCHOLER LLP
15                                             Three Embarcadero Center, 10th Floor
                                               San Francisco, CA 94111-4024
16                                             Tel: 415-471-3100
                                               Fax: 415-471-3400
17
                                               *Attorneys for Defendant*
18                                             MONSANTO COMPANY

19

20

21

22

23

24

25

26

27

28