**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639
E-Mail:        jhollingsworth@hollingsworthllp.com
                   elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Harley R. Bradley, et al. v. Monsanto Co.,* Case No. 3:19-cv-03523-VC | |

**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs.  The allegations in second sentence of paragraph 1 comprise attorney characterizations and are accordingly denied.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto admits the allegations in the first and second sentences of paragraph 2. Monsanto also admits that glyphosate was one of the world's most widely used herbicides in

2013, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 2 and therefore denies those allegations.

3.      In response to the allegations in paragraph 3, Monsanto admits that the World Health Organization's International Agency for Research on Cancer ("IARC") issued a monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate under Group 2A, but denies that the IARC Monograph is the authoritative standard for cancer hazard assessment around the world or that IARC based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.  In response to the allegations in the final sentence of paragraph 3, Monsanto admits that the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the weight or quality of the evidence considered by IARC.  Monsanto further states that this decision was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to pose a cancer hazard to humans."  Monsanto contends that OEHHA's decision that it was required to list glyphosate violates the United States Constitution and the California Constitution; Monsanto is involved in litigation (at the trial court level and on appeal) to block OEHHA's action.  The remaining allegations in paragraph 3 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the remaining allegations in paragraph 3.

4.      In response to the allegations in the first sentence of paragraph 4, Monsanto admits that it has stated, and continues to state, that Roundup®-branded products are safe when

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03523-VC

used in accordance with the products' labeling.  Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®- branded products can cause cancer or other serious illnesses.  Monsanto denies the remaining allegations in paragraph 4.

5.    The allegations in paragraph 5 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 5 based upon the allegations in plaintiffs' Complaint.

6.    Monsanto admits the allegations in paragraph 6.

7.    The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.    The allegations in the first sentence of paragraph 8 set forth conclusions of law for which no response is required.  In response to the second sentence of paragraph 8, Monsanto admits that it sells Roundup®-branded products in Missouri.  In response to the allegations in the final sentence of paragraph 8, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

9.    In response to the allegations in the first and second sentences of paragraph 9, Monsanto admits that it is a Delaware corporation with its headquarters and principal place of business in St. Louis, Missouri and that it conducts business throughout the United States.  In response to the allegations in the last sentence of paragraph 9, Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

10.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies those allegations.

11.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03523-VC

12.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations..

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 14 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 14.

15.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 15.

16.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 16.

17.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 17.

18.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 18.

19.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 19.

20.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 20.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03523-VC

21.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 21.

22.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 22.

23.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 23.

24.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 24.

25.     In response to the allegations in paragraph 25, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 25.

26.     In response to the allegations in the first sentence of paragraph 26, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in the first sentence of paragraph 26 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to their truth and therefore denies them.  In response to the allegations in the second and third sentences of paragraph 26, Monsanto admits that plants treated with glyphosate translocate the systemic herbicide to their roots, shoot regions and fruit, where it interferes with the plants' ability to form aromatic amino acids necessary for protein synthesis.   Monsanto denies the allegations in the fourth sentence of paragraph 26 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  Monsanto denies the allegations in the fifth sentence of paragraph 26 to the extent that they suggest that glyphosate is

present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

27.     Monsanto admits the allegations in the first sentence of paragraph 27 and admits that at all relevant times it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  Monsanto denies the remaining allegations in paragraph 27.

28.     Monsanto admits the allegations in paragraph 28.

29.     In response to the allegations in paragraph 29, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 29 set forth conclusions of law for which no response is required.

30.     The allegations in paragraph 30 set forth conclusions of law for which no response is required.

31.     In response to the allegations in paragraph 31, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the tests" in the final sentence of paragraph 31 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 31 set forth conclusions of law for which no response is required.

32.     Monsanto denies the allegations in paragraph 32 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 regarding such pesticide products generally.  The remaining allegations in paragraph 32 set forth conclusions of law for which no response is required.

33.     In response to the allegations in paragraph 33, Monsanto admits that EPA has undertaken a review of glyphosate for purposes of regulatory review and that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report, specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03523-VC

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20.

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and therefore denies those allegations.

34.     In response to the allegations in paragraph 34, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety. Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The remaining allegations in paragraph 34 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

35.     In response to the allegations in paragraph 35, Monsanto admits that, following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 35 and accordingly denies those allegations.  The remaining allegations in paragraph 35 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

36.     In response to the allegations in paragraph 36, Monsanto admits that glyphosate-containing products are one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03523-VC

accuracy of the specific numbers cited in paragraph 36 and accordingly denies the same.  The remaining allegations in paragraph 36 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

37.     In response to the allegations in paragraph 37, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 37, which are not limited as of any specified date, and accordingly denies the same.

38.     In response to the allegations in paragraph 38, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.  Monsanto denies the remaining allegations in paragraph 38.

39.     Monsanto denies any suggestion that IARC reviewed the full body of all scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore denies those allegations.

40.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 and therefore denies those allegations.

41.     Monsanto denies the allegations in paragraph 41 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

42.     In response to the allegations in paragraph 42, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances.

Monsanto denies the allegation that all members of the working group are "experts."  Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

44.     The allegations in paragraph 44 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

45.     In response to the allegations in paragraph 45, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 45 are denied.

46.     In response to the allegations in paragraph 46, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03523-VC

glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

health concern from such exposures.

47.     In response to the allegations in paragraph 47, Monsanto denies that the IARC

working group considered all of the data in the numerous studies that have been conducted

looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

that it reliably considered the studies that it purports to have reviewed, which frequently reach

conclusions directly contrary to those espoused by the IARC working group.  To the extent that

the allegations in paragraph 47 purport to characterize statements made in the IARC monograph

for glyphosate, the statements in that document speak for themselves.

48.     In response to the allegations in paragraph 48, Monsanto admits that the IARC

working group purported to make these findings, but denies that the animal carcinogenicity

studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

of the identified tumors.  Monsanto further states that regulatory agencies around the world have

reviewed the same animal studies and concluded that they do not provide evidence that

glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto admits that the working

group cited to a study that it concluded provided evidence of chromosomal damage in

community residents reported to be exposed to glyphosate, but Monsanto denies that the study

supports such a conclusion or that the authors of the study reached such a conclusion.

50.     In response to the allegations in the first sentence of paragraph 50, Monsanto

admits that certain studies have reported that glyphosate and glyphosate-based formulations

induced oxidative stress under artificial experimental conditions.  Monsanto denies that these

studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce

oxidative stress in humans or animals under real-world exposure conditions.  In response to the

allegations in the second sentence of paragraph 50, Monsanto states that the cited document

speaks for itself and does not require a response.  In response to the allegations in the final

sentence of paragraph 50, Monsanto denies that any exposure to glyphosate based herbicides or

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03523-VC

Roundup®-branded products can cause cancer or other serious illnesses.  Monsanto denies the remaining allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any reliable basis for finding that any meaningful levels of glyphosate or AMPA are present or persist in human blood or urine.  Monsanto denies the remaining allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto admits that the referenced studies were published, but denies that the studies show any scientifically reliable findings.

54.     In response to the allegations in paragraph 54, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer. The remaining allegations in paragraph 54 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

55.     In response to the allegations in paragraph 55, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 55 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

56.     Monsanto denies the allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto admits that the California OEHHA decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role or consideration of the weight or quality of the evidence considered by IARC. Monsanto further states that this decision was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to pose a cancer hazard to humans."  Monsanto contends that OEHHA's decision that it was required to list glyphosate violates the United States Constitution and the California Constitution; Monsanto is involved in litigation (at the trial court level and on appeal) to block OEHHA's action.  The remaining allegations in paragraph 58 set forth conclusions of law for which no response is required.

59.     In response to the allegations in paragraph 59, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, France, Bermuda, and Columbia, but denies that there is any scientific basis for the concerns raised by the improper IARC classification. Monsanto denies the remaining allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

61.     Monsanto denies the allegations in paragraph 61.

62.     Monsanto denies the allegations in paragraph 62.

- 13 -

63.     Monsanto denies the allegations in paragraph 63.

64.     Monsanto denies the allegations in paragraph 64.

65.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 65.

66.     Monsanto denies the allegations in paragraph 66.

67.     In response to the allegations in paragraph 67, Monsanto admits that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

68.     Monsanto denies the allegations in paragraph 68.

69.     Monsanto denies the allegations in paragraph 69.

70.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies those allegations.

71.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 71 and therefore denies those allegations.

72.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore denies those allegations.

73.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 73. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 73 and therefore denies those allegations.

74.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 74.

Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 74 and therefore denies those allegations.

75.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 75. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences of paragraph 75 and therefore denies those allegations.  The remaining allegations in paragraph 75 set forth conclusions of law for which no response is required.

76.     The allegations in the first sentence of paragraph 76 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 76.

77.     Monsanto denies the allegations in the first and second sentences of paragraph 77. The remaining allegations in paragraph 77 set forth conclusions of law for which no response is required.

78.     Monsanto denies the allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 80 and therefore denies those allegations.

81.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 81 and therefore denies those allegations.

82.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 82 and therefore denies those allegations.

83.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 83. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03523-VC

information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 83 and therefore denies those allegations.

84.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 84. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences of paragraph 84 and therefore denies those allegations.  The remaining allegations in paragraph 84 set forth conclusions of law for which no response is required.

85.     The allegations in the first sentence of paragraph 85 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 85.

86.     Monsanto denies the allegations in the first and second sentences of paragraph 86. The remaining allegations in paragraph 86 set forth conclusions of law for which no response is required.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 89 and therefore denies those allegations.

90.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 90 and therefore denies those allegations.

91.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore denies those allegations.

92.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 92. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 92 and therefore denies those allegations.

93.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 93. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences of paragraph 93 and therefore denies those allegations.  The remaining allegations in paragraph 93 set forth conclusions of law for which no response is required.

94.     The allegations in the first sentence of paragraph 94 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 94.

95.     Monsanto denies the allegations in the first and second sentences of paragraph 95. The remaining allegations in paragraph 95 set forth conclusions of law for which no response is required.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 98 and therefore denies those allegations.

99.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore denies those allegations.

100.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 100 and therefore denies those allegations.

101.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 101. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 101 and therefore denies those allegations.

102.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 102.

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences of paragraph 102 and therefore denies those allegations.  The remaining allegations in paragraph 102 set forth conclusions of law for which no response is required.

103.    The allegations in the first sentence of paragraph 103 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 103.

104.    Monsanto denies the allegations in the first and second sentences of paragraph 104.  The remaining allegations in paragraph 104 set forth conclusions of law for which no response is required.

105.    Monsanto denies the allegations in paragraph 105.

106.    Monsanto denies the allegations in paragraph 106.

107.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore denies those allegations.

108.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore denies those allegations.

109.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 109 and therefore denies those allegations.

110.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 110.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 110 and therefore denies those allegations.

111.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 111.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences of paragraph 111 and therefore denies

those allegations.  The remaining allegations in paragraph 111 set forth conclusions of law for which no response is required.

112.    The allegations in the first sentence of paragraph 112 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 112.

113.    Monsanto denies the allegations in the first and second sentences of paragraph 113.  The remaining allegations in paragraph 113 set forth conclusions of law for which no response is required.

114.    Monsanto denies the allegations in paragraph 114.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 116 and therefore denies those allegations.

117.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117 and therefore denies those allegations.

118.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 118 and therefore denies those allegations.

119.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 119. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 119 and therefore denies those allegations.

120.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 120. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences of paragraph 120 and therefore denies those allegations.  The remaining allegations in paragraph 120 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03523-VC

121.    The allegations in the first sentence of paragraph 121 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 121.

122.    Monsanto denies the allegations in the first and second sentences of paragraph 122.  The remaining allegations in paragraph 122 set forth conclusions of law for which no response is required.

123.    Monsanto denies the allegations in paragraph 123.

124.    Monsanto denies the allegations in paragraph 124.

125.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 125 and therefore denies those allegations.

126.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 126 and therefore denies those allegations.

127.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 127 and therefore denies those allegations.

128.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 128. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 128 and therefore denies those allegations.

129.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 129. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences of paragraph 129 and therefore denies those allegations.  The remaining allegations in paragraph 129 set forth conclusions of law for which no response is required.

130.    The allegations in the first sentence of paragraph 130 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 130.

1     131.    Monsanto denies the allegations in the first and second sentences of paragraph

2    131.  The remaining allegations in paragraph 131 set forth conclusions of law for which no

3    response is required.

4     132.    Monsanto denies the allegations in paragraph 132.

5     133.    Monsanto denies the allegations in paragraph 133.

6     134.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 134 and therefore denies those allegations.

8     135.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 135 and therefore denies those allegations.

10    136.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 136 and therefore denies those allegations.

12    137.    Monsanto denies that any exposure to Roundup®-branded products can cause

13   NHL and other serious illnesses and therefore denies those allegations in paragraph 137.

14   Monsanto states, however, that the scientific studies upon which IARC purported to base its

15   evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks

16   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

17   in paragraph 137 and therefore denies those allegations.

18    138.    Monsanto denies that any exposure to Roundup®-branded products can cause

19   NHL and other serious illnesses and therefore denies those allegations in paragraph 138.

20   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

21   remaining allegations in the first and second sentences of paragraph 138 and therefore denies

22   those allegations.  The remaining allegations in paragraph 138 set forth conclusions of law for

23   which no response is required.

23    139.    The allegations in the first sentence of paragraph 139 set forth conclusions of law

24   for which no response is required.  Monsanto denies the remaining allegations in paragraph 139.

25

26

27

140.    Monsanto denies the allegations in the first and second sentences of paragraph 140.  The remaining allegations in paragraph 140 set forth conclusions of law for which no response is required.

141.    Monsanto denies the allegations in paragraph 141.

142.    Monsanto denies the allegations in paragraph 142.

143.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 143 and therefore denies those allegations.

144.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 144 and therefore denies those allegations.

145.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 145 and therefore denies those allegations.

146.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 146. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 146 and therefore denies those allegations.

147.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 147. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences of paragraph 147 and therefore denies those allegations.  The remaining allegations in paragraph 147 set forth conclusions of law for which no response is required.

148.    The allegations in the first sentence of paragraph 148 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 148.

149.    Monsanto denies the allegations in the first and second sentences of paragraph 149.  The remaining allegations in paragraph 149 set forth conclusions of law for which no response is required.

150.    Monsanto denies the allegations in paragraph 150.

151.    Monsanto denies the allegations in paragraph 151.

152.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 152 and therefore denies those allegations.

153.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 153 and therefore denies those allegations.

154.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 154 and therefore denies those allegations.

155.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 155.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 155 and therefore denies those allegations.

156.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 156.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences of paragraph 156 and therefore denies those allegations.  The remaining allegations in paragraph 156 set forth conclusions of law for which no response is required.

157.    The allegations in the first sentence of paragraph 157 set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 157.

158.    Monsanto denies the allegations in the first and second sentences of paragraph 158.  The remaining allegations in paragraph 158 set forth conclusions of law for which no response is required.

159.    Monsanto denies the allegations in paragraph 159.

160.    Monsanto denies the allegations in paragraph 160.

161.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 161 and therefore denies those allegations.

162.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 162 and therefore denies those allegations.

163.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 163 and therefore denies those allegations.

164.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 164.

165.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 165. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 165 and therefore denies those allegations.

166.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 166. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences of paragraph 166 and therefore denies those allegations.  The remaining allegations in paragraph 166 set forth conclusions of law for which no response is required.

167.    The allegations in the first sentence of paragraph 167 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 167.

1        168.    Monsanto denies the allegations in the first and second sentences of paragraph

2   168.  The remaining allegations in paragraph 168 set forth conclusions of law for which no

3   response is required.

4        169.    Monsanto denies the allegations in paragraph 169.

5        170.    Monsanto denies the allegations in paragraph 170.

6        171.    Monsanto denies selling glyphosate-based herbicides in this country prior to

7   1974.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

8   remaining allegations in paragraph 171 and therefore denies those allegations.

9        172.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10  truth of the allegations in paragraph 172 and therefore denies those allegations.

11       173.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 173 and therefore denies those allegations.

13       174.    Monsanto denies that any exposure to Roundup®-branded products can cause

14  NHL and other serious illnesses and therefore denies those allegations in paragraph 174.

15  Monsanto states, however, that the scientific studies upon which IARC purported to base its

16  evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks

17  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

18  in paragraph 174 and therefore denies those allegations.

19       175.    Monsanto denies that any exposure to Roundup®-branded products can cause

20  NHL and other serious illnesses and therefore denies those allegations in paragraph 175.

21  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

22  remaining allegations in the first and second sentences of paragraph 175 and therefore denies

23  those allegations.  The remaining allegations in paragraph 175 set forth conclusions of law for

23  which no response is required.

24       176.    The allegations in the first sentence of paragraph 176 set forth conclusions of law

25  for which no response is required.  Monsanto denies the remaining allegations in paragraph 176.

26

27

1      177.    Monsanto denies the allegations in the first and second sentences of paragraph
177.  The remaining allegations in paragraph 177 set forth conclusions of law for which no
response is required.

178.    Monsanto denies the allegations in paragraph 178.

179.    Monsanto denies the allegations in paragraph 179.

180.    Monsanto lacks information or knowledge sufficient to form a belief as to the
truth of the allegations in paragraph 180 and therefore denies those allegations.

181.    Monsanto lacks information or knowledge sufficient to form a belief as to the
truth of the allegations in paragraph 181 and therefore denies those allegations.

182.    Monsanto lacks information or knowledge sufficient to form a belief as to the
truth of the allegations in paragraph 182 and therefore denies those allegations.

183.    Monsanto denies that any exposure to Roundup®-branded products can cause
NHL and other serious illnesses and therefore denies those allegations in paragraph 183.
Monsanto states, however, that the scientific studies upon which IARC purported to base its
evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks
information or knowledge sufficient to form a belief as to the truth of the remaining allegations
in paragraph 183 and therefore denies those allegations.

184.    Monsanto denies that any exposure to Roundup®-branded products can cause
NHL and other serious illnesses and therefore denies those allegations in paragraph 184.
Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the
remaining allegations in the first and second sentences of paragraph 184 and therefore denies
those allegations.  The remaining allegations in paragraph 184 set forth conclusions of law for
which no response is required.

185.    The allegations in the first sentence of paragraph 185 set forth conclusions of law
for which no response is required.  Monsanto denies the remaining allegations in paragraph 185.

186.     Monsanto denies the allegations in the first and second sentences of paragraph 186.  The remaining allegations in paragraph 186 set forth conclusions of law for which no response is required.

187.     Monsanto denies the allegations in paragraph 187.

188.     Monsanto denies the allegations in paragraph 188.

189.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 189 and therefore denies those allegations.

190.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 190 and therefore denies those allegations.

191.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191 and therefore denies those allegations.

192.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 192. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 192 and therefore denies those allegations.

193.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 193. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences of paragraph 193 and therefore denies those allegations.  The remaining allegations in paragraph 193 set forth conclusions of law for which no response is required.

194.     The allegations in the first sentence of paragraph 194 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 194.

195.    Monsanto denies the allegations in the first and second sentences of paragraph 195.  The remaining allegations in paragraph 195 set forth conclusions of law for which no response is required.

196.    Monsanto denies the allegations in paragraph 196.

197.    Monsanto denies the allegations in paragraph 197.

198.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 198 and therefore denies those allegations.

199.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 199 and therefore denies those allegations.

200.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 200 and therefore denies those allegations.

201.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 201.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 201 and therefore denies those allegations.

202.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 202.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences of paragraph 202 and therefore denies those allegations.  The remaining allegations in paragraph 202 set forth conclusions of law for which no response is required.

203.    The allegations in the first sentence of paragraph 203 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 203.

204.    Monsanto denies the allegations in the first and second sentences of paragraph 204.  The remaining allegations in paragraph 204 set forth conclusions of law for which no response is required.

205.    Monsanto denies the allegations in paragraph 205.

206.    Monsanto denies the allegations in paragraph 206.

207.    Monsanto incorporates by reference its responses to paragraphs 1 through 206 in response to paragraph 207 of plaintiffs' Complaint.

208.    The allegations in paragraph 208 set forth conclusions of law for which no response is required.

209.    Monsanto denies the allegations in paragraph 209.

210.    Monsanto denies the allegations in paragraph 210, including each of its subparts.

211.    Monsanto denies the allegations in paragraph 211.

212.    Monsanto denies the allegations in paragraph 212.

213.    Monsanto denies the allegations in paragraph 213, including each of its subparts.

214.    Monsanto denies the allegations in paragraph 214.

215.    Monsanto denies the allegations in paragraph 215.

216.    Monsanto denies the allegations in paragraph 216.

217.    Monsanto denies the allegations in paragraph 217.

In response to the "WHEREFORE" paragraph following paragraph 217, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

218.    Monsanto incorporates by reference its responses to paragraphs 1 through 217 in response to paragraph 218 of plaintiffs' Complaint.

219.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 219 and therefore denies those allegations.

220.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 220 and therefore denies those allegations.

221.    Monsanto denies the allegations in paragraph 221.

222.    Monsanto denies the allegations in paragraph 222.

223.    Monsanto denies the allegations in paragraph 223.

224.    Monsanto denies the allegations in paragraph 224, including each of its subparts.

225.    Monsanto denies the allegations in paragraph 225.

226.    Monsanto denies that Roundup®-branded products have "dangerous characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 226 and therefore denies those allegations.

227.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 227 and therefore denies those allegations.

228.    Monsanto denies the allegations in paragraph 228.

229.    The allegations in paragraph 229 set forth conclusions of law for which no response is required.

230.    Monsanto denies the allegations in paragraph 230.

231.    Monsanto denies the allegations in paragraph 231.

232.    Monsanto denies the allegations in paragraph 232.

233.    Monsanto denies the allegations in paragraph 233.

234.    Monsanto denies the allegations in paragraph 234.

235.    Monsanto denies the allegations in paragraph 235.

236.    Monsanto denies the allegations in paragraph 236.

237.    Monsanto denies the allegations in paragraph 237.

238.    Monsanto denies the allegations in paragraph 238.

In response to the "WHEREFORE" paragraph following paragraph 238, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03523-VC

1   fees as allowed by law and such further and additional relief as this Court may deem just and

2   proper.

3       239.    Monsanto incorporates by reference its responses to paragraphs 1 through 238 in

4   response to paragraph 239 of plaintiffs' Complaint.

5       240.    The allegations in paragraph 240 set forth conclusions of law for which no

6   response is required.

7       241.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8   truth of the allegations in paragraph 241 and therefore denies those allegations.

9       242.    Monsanto denies the allegations in paragraph 242.  All labeling of Roundup®-

10  branded products has been and remains EPA-approved and in compliance with all federal

11  requirements under FIFRA.

12      243.    Monsanto denies the allegations in paragraph 243.

13      244.    Monsanto denies the allegations in paragraph 244.  All labeling of Roundup®-

14  branded products has been and remains EPA-approved and in compliance with all federal

15  requirements under FIFRA.

16      245.    Monsanto denies the allegations in paragraph 245.  All labeling of Roundup®-

17  branded products has been and remains EPA-approved and in compliance with all federal

18  requirements under FIFRA and with Arkansas law.

19      246.    Monsanto denies the allegations in paragraph 246.

20      247.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21  truth of the allegations regarding plaintiffs' and/or decedent's use history in paragraph 247 and

22  therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 247.

23      248.    The allegations in paragraph 248 set forth conclusions of law for which no

23  response is required.

24      249.    Monsanto denies the allegations in paragraph 249.

25      250.    Monsanto denies the allegations in paragraph 250.

26      251.    Monsanto denies the allegations in paragraph 251.

27

252.    Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 252.

253.    The allegations in paragraph 253 set forth conclusions of law for which no response is required.

254.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 254 and therefore denies those allegations.

255.    Monsanto denies the allegations in paragraph 255.

256.    Monsanto denies the allegations in paragraph 256.

257.    Monsanto denies the allegations in paragraph 257.

258.    Monsanto denies the allegations in paragraph 258.

259.    Monsanto denies the allegations in paragraph 259.

In response to the "WHEREFORE" paragraph following paragraph 259, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

260.    Monsanto incorporates by reference its responses to paragraphs 1 through 259 in response to paragraph 260 of plaintiffs' Complaint.

261.    Monsanto denies the allegations in paragraph 261.

262.    In response to the allegations in paragraph 262, Monsanto admits that it has sold Roundup®-branded products in accordance with their EPA-approved labeling.  The allegations in paragraph 262 regarding express and implied warranties set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 262.

263.    Monsanto denies the allegations in the first and second sentences of paragraph 263.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto states that the allegations in

the final sentence of paragraph 263 set forth conclusions of law for which no response is required.

264.    The allegations in paragraph 264 set forth conclusions of law for which no response is required.

265.    Monsanto denies the allegations in paragraph 265.

266.    Monsanto denies the allegations in paragraph 266 and each of its subparts.

267.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 267 and therefore denies those allegations.

268.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 268 regarding plaintiffs' and/or decedent's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 268.

269.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 269 regarding plaintiffs' and/or decedent's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 269.

270.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 270 and therefore denies those allegations.

271.    Monsanto denies the allegations in paragraph 271.

272.    Monsanto denies the allegations in paragraph 272.

In response to the "WHEREFORE" paragraph following paragraph 272, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

273.    Monsanto incorporates by reference its responses to paragraphs 1 through 272 in response to paragraph 273 of plaintiffs' Complaint.

274.    Monsanto denies the allegations in paragraph 274.

275.    Monsanto denies the allegations in paragraph 275.

1    276.    Monsanto denies the allegations in paragraph 276.

2    277.    Monsanto denies the allegations in paragraph 277.

3    278.    Monsanto denies the allegations in paragraph 278.

4    279.    Monsanto denies the allegations in paragraph 279.

5    280.    Monsanto denies the allegations in paragraph 280.

6    281.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 281 regarding plaintiffs' and/or decedent's actions, and

8    therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in

9    paragraph 281.

10    282.    Monsanto denies the allegations in paragraph 282.

11    283.    Monsanto denies the allegations in paragraph 283.

12    In response to the "WHEREFORE" paragraph following paragraph 283 Monsanto

13    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

14    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

15    fees as allowed by law and such further and additional relief as this Court may deem just and

16    proper.

17    284.    Monsanto incorporates by reference its responses to paragraphs 1 through 283 in

18    response to paragraph 284 of plaintiffs' Complaint.

19    285.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20    truth of the allegations in paragraph 285 and therefore denies those allegations.

21    286.    Monsanto denies the allegations in paragraph 286.

22    287.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23    truth of the allegations in paragraph 287 and therefore denies those allegations.

23    288.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24    truth of the allegations in paragraph 288 and therefore denies those allegations.

25    289.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26    truth of the allegations in paragraph 289 and therefore denies those allegations.

27

1    290.    Monsanto denies the allegations in paragraph 290.

2         In response to the "WHEREFORE" paragraph following paragraph 290, Monsanto

3    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

4    dismissed with prejudice; and that Monsanto be awarded costs of suit and  reasonable attorney's

5    fees as allowed by law and such further and additional relief as this Court may deem just and

6    proper.

7         291.    Monsanto incorporates by reference its responses to paragraphs 1 through 290 in

8    response to paragraph 291 of plaintiffs' Complaint.

9         292.    In response to the allegations in paragraph 292, Monsanto admits that plaintiffs

10   purport to bring a wrongful death action but denies any liability as to that claim.

11        293.    Monsanto denies the allegations in paragraph 293.

12        294.    Monsanto denies the allegations in paragraph 294.

13        In response to the WHEREFORE paragraph following paragraph 294, Monsanto

14   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

15   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

16   fees as allowed by law and such further and additional relief as this Court may deem just and

17   proper.

18        295.    Monsanto incorporates its responses to paragraphs 1 through 294 in response to

19   paragraph 295 of plaintiffs' Complaint.

20        296.    Monsanto denies the allegations in paragraph 296.

21        297.    Monsanto admits that plaintiffs purport to bring a survival action but denies any

22   liability as to that claim.  Monsanto denies the remaining allegations in paragraph 297.

23        298.    Monsanto denies the allegations in paragraph 298.

23        299.    Monsanto admits that plaintiffs purport to bring a survival action but denies any

24   liability as to that claim.  Monsanto denies the remaining allegations in paragraph 299.

25        In response to the "WHEREFORE" paragraph following paragraph 299, Monsanto

26   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

27

dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.      Plaintiffs' claims are improperly joined and should be severed.

3.      Venue may be inconvenient for plaintiffs' claims.

4.      Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' and/or decedent's alleged injuries.

6.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

10.     Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' and/or decedent's injuries, if any, were the result of conduct of plaintiffs and/or decedent's, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' and/or decedent's pre-existing medical conditions.

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

14.     Applicable statutes of limitations and/or repose bar plaintiffs' and/or decedent's claims in whole or in part.

15.     Plaintiffs' and/or decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

16.     If plaintiffs and/or decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or

manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' and/or decedent's alleged injury or damages.

17.     Monsanto had no legal relationship or privity with plaintiffs and/or decedent and owed no duty to them by which liability could be attributed to it.

18.     Plaintiffs' claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiffs' claims for punitive, treble, and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Arizona Constitution, the Colorado Constitution, the Delaware Constitution, the Florida Constitution, the Illinois Constitution, the Indiana Constitution, the Minnesota Constitution, the Missouri Constitution, the Montana Constitution, the Nevada Constitution, the Ohio Constitution, the Oklahoma Constitution, the Oregon Constitution, the Pennsylvania Constitution, the Washington Constitution, and/or other applicable state constitutions.

20.     Plaintiffs' claims for punitive, treble, and/or exemplary damages are barred because plaintiffs and/or decedent have failed to allege conduct warranting imposition of such damages under Arizona law, Colorado law, Delaware law, Florida law, Illinois law, Indiana law, Minnesota law, Missouri law, Montana law, Nevada law, Ohio law, Oklahoma law, Oregon law, Pennsylvania law, Washington law, and/or other applicable state laws.

21.     Plaintiffs' claims for punitive, treble, and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Washington law, Ariz. Rev. Stat. § 12-689; Colo. Rev. Stat. § 13-21-102; Fla. Stat. § 768.73; Missouri Revised Statute § 510.265.1; and Ohio Rev. Code Ann. § 2315.21.  Monsanto would further show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under Fla. Stat. § 768.73 would be a violation of Monsanto's state and federal constitutional rights.

22.     Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless,

fraudulent or done with a conscious disregard for the rights of plaintiffs, decedents, and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Petition, and plaintiffs have failed to clearly establish any entitlement to punitive, treble and/or exemplary damages based on their allegations.

23.     Plaintiffs' claims are barred in whole or in part by plaintiffs' and/or decedent's own contributory/comparative negligence.

24.     Pursuant to Colo. Rev. Stat. § 13-21-406, Monsanto cannot be liable for damages that exceed its pro rata share of causal fault, no fault being admitted.  Plaintiffs' recovery may be barred or limited by Minn. Stat. § 604.01.  Plaintiffs' recovery must be diminished in proportion to the percentage of negligence attributed to plaintiffs and/or decedent.  Mont. Code Ann. § 27-1-702.  Plaintiffs' causes of action are barred, in whole or in part, by plaintiffs' contributory negligence; alternatively, plaintiffs' and/or decedent right to recover, no fault being admitted, is diminished in an amount based upon plaintiffs' and/or decedent's individual relative degree of fault.  Or. Rev. Stat. § 31.600.

25.     Plaintiffs' claims are barred in whole or in part by plaintiffs' and/or decedent's own failure to mitigate damages.

26.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

27.     Any recovery of compensatory damages is limited by operation of Fla. Stat. § 768.76.  To the extent that plaintiffs or decedents recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute § 490.715.

28.     If plaintiffs and/or decedent have been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a Monsanto product.

29.     Plaintiffs' claims are barred to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

30.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

31.     Plaintiffs have failed to allege fraud with sufficient particularity.

32.     Monsanto made no warranties to plaintiffs and/or decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs and/or decedent failed to give notice of any breach thereof.

33.     Plaintiffs' common law claims are barred, in whole or part, by application of Indiana Product Liability Act, Ind. Code Ann. § 34-20-1-1, *et seq.*; Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2307.80; and Wash. Rev. Code §§ 7.72.010-.060.

34.     Plaintiffs' claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

35.     Plaintiffs' strict liability claims are barred because Delaware does not recognize a cause of action for strict liability in tort.

36.     Plaintiffs' claim for breach of implied warranties is barred because Arizona does not recognize a separate cause of action for breach of implied warranty in the product liability context.

37.     Plaintiffs' claims and damages, no injury or damages being admitted, are barred or must be reduced, in whole or part, by Colo. Rev. Stat. § 13-21-403 (state of the art presumption, presumption of non-defectiveness for compliance with government codes, and ten-year presumption) and Colo. Rev. Stat. § 13-21-102.5 (limits on non-economic damages).

38.     In accordance with Fla. Stat. § 768.1257, plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

39.     Monsanto hereby preserves any and all defenses under *Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (Pa. 2014).

40.     Monsanto hereby gives notice that it intends to rely upon such other defenses as

may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

<u>**JURY TRIAL DEMAND**</u>

Monsanto demands a jury trial on all issues so triable.

DATED:  June 24, 2019                              Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:    (202) 898-5800
Facsimile:    (202) 682-1639

*Attorneys for Defendant*
MONSANTO COMPANY

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03523-VC