UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITGATION<br><br>This document relates to:<br><br>*Hardeman v. Monsanto*, 3:16-cv-00525-VC | MDL No. 2741<br><br>Case No. 16-md-02741-VC<br><br>**PRETRIAL ORDER NO. 152: GUIDANCE FOR HEARING ON POST-TRIAL MOTIONS** |

The July 2, 2019, hearing is rescheduled from 1:00 p.m. to 2:30 p.m. At that hearing, the parties should be prepared to focus exclusively on the following issues:

Compensatory Damages

1. It appears that California law provides the standard for district court review of the excessiveness of a compensatory damages award in a diversity action. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 431 (1996). It further appears that California law might require the trial court to take a more active role in reviewing the excessiveness of a damages award. *See* Cal. Civ. Proc. Code §§ 657, 662.5(a)(2); *see also Seffert v. Los Angeles Transit Lines*, 56 Cal. 2d 498, 507 (1961); *Pearl v. City of Los Angeles*, No. B285235, 2019 WL 2511941, at *6 (Cal. Ct. App. June 18, 2019). The parties should be prepared to discuss whether they agree and, if so, whether California law might require a different outcome than federal law on this issue.

2. The plaintiffs should be prepared to identify all evidence supporting the award of noneconomic compensatory damages.

3. Recognizing that compensatory and punitive damages serve different purposes, the

parties should be prepared to address the difficulties inherent in quantifying an award of noneconomic damages. What does it mean for an award of noneconomic damages to be "grossly excessive"?

4. With respect to life expectancy, Monsanto should be prepared to explain why its argument is not foreclosed by *Loth v. Truck-A-Way Corp.*, 60 Cal. App. 4th 757, 765 n.8 (1998) ("Attorneys may, however, ask the jury to measure the plaintiff's pain and suffering on a 'per diem' basis.").

### Punitive Damages

5. Both parties should be prepared to address the appropriate ratio of compensatory to punitive damages in this case.

6. Monsanto should be prepared to address how the maximum award that is constitutionally permissible differs from an award that is excessive, but not constitutionally suspect. *See Henderson v. Young*, No. C05-0234 VRW/WAF, 2008 WL 11454792, at *8 (N.D. Cal. July 17, 2008). Is Monsanto arguing that the punitive damages award should be reduced on both bases?

### Jury Instructions

7. Monsanto should be prepared to explain why it would have been appropriate to include the "widespread and commonly recognized practice" language from FIFRA's registration provision in the failure-to-warn instruction. *See* Pretrial Order No. (Dkt. No. 2937).

**IT IS SO ORDERED.**

Date:   June 28, 2019

                                                  Honorable Vince Chhabria
                                                United States District Court