**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *Robert Payne v. Monsanto Co.*, Case No. 3:19-cv-03567-VC | |

### MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Robert Payne's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits the allegations in the first and second sentences of paragraph 1. In response to the allegations in the final sentence of paragraph 1, Monsanto admits that glyphosate was one of the world's most widely used herbicides in 2013, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

- 1 -

1   and statistics cited in the remaining sentences of paragraph 1 and therefore denies those

2   allegations.

3         2.      In response to the allegations in the first sentence of paragraph 2, Monsanto

4   admits that its headquarters are in St. Louis County, Missouri and that it and affiliated companies

5   have operations and offices in countries around the world.  Monsanto admits that it is a producer

6   of glyphosate-based herbicides but lacks sufficient information regarding the business of other

7   glyphosate producers to admit or deny the allegation as written in the second sentence of

8   paragraph 2.  In response to the allegations in the third sentence of paragraph 2, Monsanto admits

9   that it is an indirect, wholly-owned subsidiary of Bayer AG and denies the remaining allegations

10  in the third sentence of paragraph 2.  In response to the allegations in the fourth sentence of

11  paragraph 2, Monsanto admits that it is the leading producer of seeds that contain the Roundup

12  Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a

13  farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

14  belief as to the accuracy of the specific numbers and statistics provided in the remaining

15  sentences of paragraph 2 and therefore denies those allegations.

16        3.      In response to the allegations in paragraph 3, Monsanto admits that its glyphosate

17  products are registered in at least 130 countries and approved for use on over 100 different crops.

18  Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels

19  significantly below regulatory safety limits in various locations and media.  Monsanto denies the

20  remaining allegations in paragraph 3.

21        4.      Monsanto admits the allegations in the first sentence of paragraph 4.  Monsanto

22  denies the allegations in the second sentence of paragraph 4 to the extent they suggest that the

23  International Agency for Research on Cancer ("IARC") based its evaluation on a complete or

24  accurate assessment of the scientific research regarding glyphosate.

25        5.      Monsanto admits the allegations in the first sentence of paragraph 5.  Monsanto

26  denies the allegations in the second sentence of paragraph 5.

27

28

6.      In response to the allegations in paragraph 6, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 6.

7.      Monsanto denies the allegations in paragraph 7.

8.      In response to the allegations in paragraph 8, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the EPA repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that paragraph 8 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

9.      The allegations in paragraph 9 set forth conclusions of law for which no response is required.

10.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 that plaintiff purchased Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.     The allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.     In response to the allegations in paragraph 12, Monsanto denies any "omissions" and certain events giving rise to plaintiff's claim.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 regarding where certain other events giving rise to plaintiff's claim occurred and therefore denies those allegations.  The remaining allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.     In response to the allegations in paragraph 14, Monsanto admits that it is a Delaware corporation with its headquarters and principal place of business in St. Louis County, Missouri.

15.     The allegations in paragraph 15 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

16.     In response to the allegations in paragraph 16, Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

17.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL or other serious illnesses and therefore denies those allegations in paragraph 17.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 and therefore denies those allegations.

18.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies those allegations.

19.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies those allegations.

20.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies those allegations.

21.     In response to the allegations in paragraph 21, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 21 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-03567-VC

to form a belief as to the truth of the remaining allegations in paragraph 21 and therefore denies those allegations.

22.     Monsanto admits the allegations in the first sentence of paragraph 22.  Monsanto denies the allegations in the second sentence of paragraph 22 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. Monsanto denies the allegations in the third sentence of paragraph 22 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

23.     In response to the allegations in paragraph 23, Monsanto admits that homeowners have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 23.

24.     Monsanto admits the allegations in the first two sentences of paragraph 24 and admits that it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto otherwise denies the remaining allegations in paragraph 24.

25.     The allegations in paragraph 25 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 25.

26.     In response to the allegations in paragraph 26, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 26 set forth conclusions of law for which no response is required.

27.     The allegations in paragraph 27 set forth conclusions of law for which no response is required.

28.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Texas for sale and distribution.

29.     In response to the allegations in paragraph 29, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 29 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 29 set forth conclusions of law for which no answer is required.

30.     Monsanto denies the allegations in paragraph 30 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 30 set forth conclusions of law for which no response is required.

31.     In response to the allegations in paragraph 31, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-03567-VC

("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations.

32.     In response to the allegations in paragraph 32, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen] – one that shows evidence of non-carcinogenicity for humans – based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or

---

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

1  reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

2
3  • "EPA has concluded that glyphosate does not pose a cancer risk to humans." 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

4  • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded
5  that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification
6  for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, &*
7  *Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs),
8  http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20.

9  Monsanto denies the remaining allegations in paragraph 32.

10      33.     In response to the allegations in paragraph 33, Monsanto admits that it – along

11  with a large number of other companies and governmental agencies – was defrauded by two

12  chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

13  testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct

14  toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any

15  glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

16  studies. To the extent that the allegations in paragraph 33 are intended to suggest that Monsanto

17  was anything other than a victim of this fraud, such allegations are denied.

18      34.     In response to the allegations in paragraph 34, Monsanto admits that IBT

19  Laboratories was hired to conduct toxicity studies in connection with the registration of a

20  Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is

21  based upon any fraudulent or false IBT studies.

22      35.     Monsanto denies the allegations in paragraph 35 to the extent they suggest that

23  EPA performed an inspection of IBT Laboratories solely or specifically in connection with

24  studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT

25  Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

26  connection with services provided to a broad number of private and governmental entities and

27  that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was

28

- 8 -

one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 35 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

36.     In response to the allegations in paragraph 36, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

37.     In response to the allegations in paragraph 37, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 37 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

38.     Monsanto denies the allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety. Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The remaining allegations in paragraph 39 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

40.     In response to the allegations in paragraph 40, Monsanto admits that following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks

1    information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

2    cited in paragraph 40 and accordingly denies those allegations.  The remaining allegations in

3    paragraph 40 are vague and conclusory and comprise attorney characterizations and are

4    accordingly denied.

5         41.    In response to the allegations in paragraph 41, Monsanto admits that glyphosate is

6    one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

7    is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks

8    information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

9    cited in paragraph 41 and accordingly denies the same.  The remaining allegations in paragraph

10   41 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

11        42.    In response to the allegations in paragraph 42, Monsanto admits that the New

12   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

13   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

14   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

15   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

16   the subparts purport to quote a document, the document speaks for itself and thus does not

17   require any further answer.  The remaining allegations in paragraph 42 are vague and conclusory

18   and comprise attorney characterizations and are accordingly denied.

19        43.    In response to the allegations in paragraph 43, Monsanto admits it entered into an

20   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

21   itself and thus does not require any further answer.  The remaining allegations in paragraph 43

22   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

23        44.    Monsanto denies the allegations in paragraph 44.

24        45.    In response to the allegations in paragraph 45, Monsanto admits that the French

25   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

26   that it "left the soil clean," but denies the allegations in paragraph 45 to the extent that they

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-03567-VC

1   suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

2   cancer.  Monsanto denies the remaining allegations in paragraph 45.

3       46.     In response to the allegations in paragraph 46, Monsanto denies that IARC

4   follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information

5   or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

6   paragraph 46, which are not limited as of any specified date, and accordingly denies the same.

7       47.     In response to the allegations in paragraph 47, Monsanto admits that IARC sets

8   forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

9   Monsanto denies the remaining allegations in paragraph 47.

10      48.     Monsanto denies any suggestion that IARC reviewed the full body of scientific

11  research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

12  that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

13  form a belief as to the truth of the remaining allegations in paragraph 48 and therefore denies

14  those allegations.

15      49.     Monsanto denies any suggestion that IARC reviewed the full body of scientific

16  research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

17  that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

18  form a belief as to the truth of the remaining allegations in paragraph 49 and therefore denies

19  those allegations.

20      50.     Monsanto denies the allegations in paragraph 50 to the extent that they suggest

21  that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified

22  glyphosate as a Group 2A agent in March 2015.

23      51.     In response to the allegations in paragraph 51, Monsanto admits that IARC issued

24  its monograph for glyphosate, Monograph 112, on July 29, 2015, and that a draft of the

25  monograph was prepared by a "working group" of individuals selected by IARC who met over a

26  one-week period in March 2015 to consider glyphosate along with a number of other substances.

27  Monsanto denies the allegation that all members of the working groups are "experts."  Monsanto

28

- 11 -

denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

53.     The allegations in paragraph 53 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

54.     In response to the allegations in paragraph 54, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

56.     Monsanto denies the allegations in paragraph 56.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

57.     In response to the allegations in paragraph 57, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

58.     In response to the allegations in paragraph 58, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 59.

60.     In response to the allegations in paragraph 60, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration.  Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis

1    for such conclusion.  Monsanto denies the remaining allegations in paragraph 61.

2           62.     In response to the allegations in paragraph 62, Monsanto admits that the working

3    group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but

4    denies that the working group characterized that study as supporting an association between

5    glyphosate and the specified cancers.  The AHS cohort study did not find a positive association

6    between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph

7    62.

8           63.     In response to the allegations in paragraph 63, Monsanto admits that EPA has a

9    technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water

10   regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, which

11   should be read in context of EPA's precautionary regulatory mandate and EPA's consistent

12   finding that glyphosate does not pose any cancer risk to humans.

13          64.     In response to the allegations in paragraph 64, Monsanto admits that the

14   Complaint accurately quotes from the identified document, which should be read in context of

15   EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not

16   pose any cancer risk to humans.

17          65.     In response to the allegations in paragraph 65, Monsanto admits that the

18   Complaint accurately quotes from the identified document, which should be read in context of

19   EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not

20   pose any cancer risk to humans.

21          66.     In response to the allegations in paragraph 66, Monsanto admits that the

22   Complaint accurately quotes from the identified document, which should be read in context of

23   EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not

24   pose any cancer risk to humans.

25          67.     In response to the allegations in paragraph 67, Monsanto admits that the

26   Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the

27   Coalition provides any reliable basis for any conclusions regarding potential health risks from

28

glyphosate.  Monsanto notes that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928 F. Supp. 10, 24 (D.D.C. 2013).

68.    In response to the allegations in paragraph 68, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 68.

69.    In response to the allegations in paragraph 69, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 69.

70.    Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions.  Monsanto denies the remaining allegations in paragraph 70.

71.    In response to the allegations in paragraph 71, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same.  Monsanto denies the remaining allegations in paragraph 71.

72.    In response to the allegations in paragraph 72, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 10 (D.D.C. 2013).  Monsanto denies the remaining allegations in paragraph 73.

74.     In response to the allegations in paragraph 74, Monsanto admits that it brought a lawsuit in California challenging the notice of intent by the California Office of Environmental Health Hazard Assessment ("OEHHA") to include glyphosate on its Proposition 65 list. Monsanto admits that Superior Court of California and the Fifth Appellate District issued rulings adverse to Monsanto in Monsanto's lawsuit against OEHHA.  Monsanto states that OEHHA decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the weight or quality of the evidence considered by IARC.  Monsanto further states that this decision was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to pose a cancer hazard to humans."  Monsanto contends that OEHHA's decision that it was required to list glyphosate violates the United States Constitution and the California Constitution.  On February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.

75.     In response to the allegations in paragraph 75, Monsanto admits that a San Francisco jury returned a verdict for plaintiff of approximately $290 million in the *Johnson v.*

- 16 -

*Monsanto Company* lawsuit and that the trial court reduced the award to $78.5 million, but Monsanto states that it is seeking to have the judgment vacated on appeal.

76.     Monsanto incorporates by reference its responses to paragraphs 1 through 75 in response to paragraph 76 of plaintiff's Complaint.  To the extent that the allegations in plaintiff's Claim One are directed at a defendant other than Monsanto, those allegations do not require a response from Monsanto.

77.     In response to the allegations in paragraph 77, Monsanto admits that plaintiff purports to bring claims for strict liability design defect but denies any liability as to that claim.

78.     In response to the allegations in paragraph 78, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 80 and therefore denies those allegations.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in the first sentence of paragraph 82.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 82 and therefore denies those allegations.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84 and each of its subparts.

85.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 85 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 85, including that Roundup®-branded products have "dangerous characteristics."

86.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 86 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 86, including that Roundup®-branded products have "dangerous characteristics."

87.     Monsanto denies the allegations in paragraph 87 regarding defects and risk associated with Roundup®-branded products.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 87 and therefore denies those allegations.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     In response to paragraph 95, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

96.     Monsanto incorporates by reference its responses to paragraphs 1 through 95 in response to paragraph 96 of plaintiff's Complaint.  To the extent that the allegations in plaintiff's Claim Two are directed at a defendant other than Monsanto, those allegations do not require a response from Monsanto.

97.     In response to the allegations in paragraph 97, Monsanto admits that plaintiff purports to bring claims for strict liability failure to warn, but denies any liability as to that claim.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 99 that plaintiff purchased Roundup®-branded products and therefore denies those allegations.  The allegations in paragraph 99 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 99.

100.     The allegations in paragraph 100 set forth conclusions of law for which no response is required.

101.     Monsanto denies the allegations in paragraph 101.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

102.     Monsanto denies the allegations in paragraph 102.

103.     Monsanto denies the allegations in paragraph 103.

104.     Monsanto denies the allegations in paragraph 104.

105.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 105 and therefore denies those allegations.

106.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 106 concerning plaintiff's alleged use of or exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 106, including that Roundup®-branded products have "dangerous characteristics."

107.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 107, including that Roundup®-branded products have "dangerous characteristics."

108.     Monsanto denies the allegations in paragraph 108 regarding defects and risks associated with Roundup®-branded products.  Monsanto lacks information or knowledge

1    sufficient to form a belief as to the truth of the remaining allegations in paragraph 108 and

2    therefore denies those allegations.

3         109.    Monsanto denies the allegations in paragraph 109.

4         110.    Monsanto denies the allegations in paragraph 110.

5         111.    Monsanto denies the allegations in paragraph 111.

6         112.    Monsanto denies the allegations in paragraph 112.

7         113.    Monsanto denies the allegations in paragraph 113.

8         114.    Monsanto denies the allegations in paragraph 114.

9         115.    Monsanto denies the allegations in paragraph 115.

10        116.    Monsanto denies the allegations in paragraph 116.

11        117.    In response to paragraph 117, Monsanto demands that judgment be entered in its

12   favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

13   Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

14   further and additional relief as this Court may deem just and proper.

15        118.    Monsanto incorporates by reference its responses to paragraphs 1 through 117 in

16   response to paragraph 118 of plaintiff's Complaint.  To the extent that the allegations in

17   plaintiff's Claim Three are directed at a defendant other than Monsanto, those allegations do not

18   require a response from Monsanto.

19        119.    In response to the allegations in paragraph 119 Monsanto states that the phrase

20   "directly or indirectly" is vague and ambiguous.  Monsanto lacks information or knowledge

21   sufficient to form a belief as to the truth of the remaining allegations in paragraph 119 and

22   therefore denies those allegations.

23        120.    The allegations in paragraph 120 set forth conclusions of law for which no

24   response is required.

25        121.    The allegations in paragraph 121 set forth conclusions of law for which no

26   response is required.

27        122.    Monsanto denies the allegations in paragraph 122.

28

- 20 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-03567-VC

123.    Monsanto denies the allegations in paragraph 123.

124.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 124 regarding users' and consumers' knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 124. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

125.    Monsanto denies the allegations in paragraph 125.

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto denies the allegations in paragraph 127, including each of its subparts.

128.    Monsanto denies the allegations in paragraph 128.

129.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 129 regarding plaintiff's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 129, including that intended use of and/or exposure to Roundup®-branded products causes any injuries.

130.    Monsanto denies the allegations in paragraph 130.

131.    Monsanto denies the allegations in paragraph 131.

132.    Monsanto denies the allegations in paragraph 132.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

133.    In response to paragraph 133, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

134.    Monsanto incorporates by references its responses to paragraphs 1 through 133 in response to paragraph 134 of plaintiff's Complaint.  To the extent that the allegations in plaintiff's Claim Four are directed at a defendant other than Monsanto, those allegations do not require a response from Monsanto.

135.    Monsanto denies the allegations in paragraph 135.  Additionally, the last sentence in paragraph 135 sets forth a conclusion of law for which no response is required.

136.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 136 regarding plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 136 set forth conclusions of law for which no response is required.

137.    Monsanto denies the allegations in paragraph 137.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

138.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 138 regarding the claimed use of and exposure to Roundup®-branded products by plaintiff and therefore denies those allegations.  The remaining allegations in paragraph 138 set forth conclusions of law for which no response is required.

139.    The allegations in paragraph 139 set forth conclusions of law for which no response is required.

140.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 140 and therefore those allegations.

141.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 141 regarding the claimed use of Roundup®-branded products by plaintiff and others and therefore denies those allegations.  The remaining allegations in paragraph 141 set forth conclusions of law for which no response is required.

142.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 142 regarding plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 142 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 142.

143.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 143 regarding plaintiff's claimed use of Roundup®-branded products or plaintiff's claimed reliance and therefore denies those allegations.  The allegation in paragraph 143 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.

144.     Monsanto denies that there is any risk of serious injury associated with the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 144 regarding plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 144.

145.     Monsanto denies the allegations in paragraph 145.

146.     Monsanto denies the allegations in paragraph 146.

147.     Monsanto denies the allegations in paragraph 147.

148.     In response to paragraph 148, Monsanto demands that judgment be entered in its favor and against plaintiff and that plaintiff's Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

149.     In response to the allegations in paragraph 149, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

150.     The allegations in paragraph 150 set forth conclusions of law for which no response is required.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

1

**SEPARATE AND AFFIRMATIVE DEFENSES**

2      1.      The Complaint, in whole or part, fails to state a claim or cause of action against

3 Monsanto upon which relief can be granted.

4      2.      Plaintiff's claims against Monsanto are barred because plaintiff cannot proffer any

5 scientifically reliable evidence that the products at issue were defective or unreasonably

6 dangerous.

7      3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted,

8 was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

9 plaintiff's alleged injuries.

10      4.      Plaintiff's claims against Monsanto are barred, in whole or in part, because the

11 products at issue were designed, manufactured, marketed and labeled with proper warnings,

12 information, cautions and instructions, in accordance with the state of the art and the state of

13 scientific and technological knowledge.

14      5.      Plaintiff's claims against Monsanto are barred, in whole or in part, because the

15 products at issue were not defective or unreasonably dangerous in that they complied with, at all

16 relevant times, all applicable government safety standards.

17      6.      Plaintiff's claims against Monsanto are preempted, in whole or in part, by

18 applicable federal law relating to the design, testing, producing, manufacturing, labeling,

19 distributing, modeling, processing, and supply of Roundup®-branded products and/or

20 glyphosate-containing products.

21      7.      Any claims based on allegations that Monsanto misled, defrauded, made

22 misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See,*

23 *e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

24 *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

25      8.      Plaintiff's claims against Monsanto are preempted, in whole or in part, because of

26 U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-

27 approved product labeling.

28

9.      Plaintiff's claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims against Monsanto are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims against Monsanto in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Monsanto in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims against Monsanto are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims against Monsanto for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Texas Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims against Monsanto for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Texas law and/or other applicable state laws.

20.     Plaintiff's claims against Monsanto for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Tex. Civ. Prac. & Rem. Code Ann. §§ 41.004(a), 41.008(b).

21.     Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's contributory/comparative negligence.

22.     Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's failure to mitigate damages.

23.     Plaintiff's claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff has received and/or will receive from collateral sources.

25.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims against Monsanto are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiff's claims against Monsanto are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.     Plaintiff's claims against Monsanto are barred, in whole or in part, by application of Tex. Civ. Prac. & Rem. Code Ann. § 82.008.

1    29.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

2    may become available or apparent during the course of discovery and thus reserves its right to

3    amend this Answer to assert such defenses.

4    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

5    plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

6    other relief as the Court deems equitable and just.

7    <u>**JURY TRIAL DEMAND**</u>

8    Monsanto demands a jury trial on all issues so triable.

9

10   DATED:  July 3, 2019                              Respectfully submitted,

11

12                                                    /s/ Joe G. Hollingsworth
                                                      Joe G. Hollingsworth (*pro hac vice*)
                                                      (jhollingsworth@hollingsworthllp.com)
13                                                    Eric G. Lasker (*pro hac vice*)
                                                      (elasker@hollingsworthllp.com)
14                                                    HOLLINGSWORTH LLP
                                                      1350 I Street, N.W.
15                                                    Washington, DC  20005
                                                      Telephone:  (202) 898-5800
16                                                    Facsimile:   (202) 682-1639

17                                                    *Attorneys for Defendant*
                                                      *MONSANTO COMPANY*

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-03567-VC