UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to:<br>ALL ACTIONS | **JOINT REQUEST FOR EXTENSION OF TIME OF DEADLINES IN PRETRIAL ORDER NO. 150: SCHEDULING ORDER FOR REMAND WAVES 1 AND 2** |

Undersigned counsel for Monsanto and counsel for Plaintiffs agree that a 30-day extension of time is necessary for the Wave I and Wave II timelines, except for Plaintiff Giglio (3:16-cv-05658) as discussed below. The parties agree that an extension is necessary to complete fact and expert discovery given the number of plaintiffs in each Wave and Plaintiffs also believe that more time is needed between the close of fact discovery and the deadline for their expert reports in order to incorporate testimony from the Plaintiffs' treating physicians. Specifically, for Plaintiffs, the current Wave 1 expert disclosure deadline of August 20, 2019 presents a particular challenge in scheduling doctor depositions such that their experts can review and rely on the doctor transcripts in forming their opinions. Plaintiffs' counsel believes an additional 30 days will help solve this scheduling problem while not causing prejudice to Monsanto or the Court.

Plaintiffs request that Wave I plaintiff Emmanuel Richard Giglio stay under the current PTO 150 deadlines set for the Wave I plaintiffs. For the reasons set forth in his previous requests for a preferential trial date, Mr. Giglio does not request an extension of the Wave 150 deadlines. Additionally, in Mr. Giglio's case, the case specific discovery is

1

already substantially complete such that an extension is not necessary. Indeed, Mr. Giglio has been deposed and the parties have deposed Dr. Kenneth Warm (PCP) and Dr. Charles Redfern (oncologist). Dr. Caitlin Costello's (oncologist) deposition is scheduled for July 11, 2019. Monsanto opposes this request because it is inefficient and unnecessary to exclude certain plaintiffs from the proposed extension given that the proposed extension is only 30-days. This will only add confusion to the Wave I process and create multiple deadlines for different plaintiffs in Wave I.

Further, Monsanto requests that the Court require all plaintiffs to produce medical records 7 days before any treating physician's scheduled deposition. Plaintiffs have easier access to their own medical records and have the ability to obtain those records faster than Monsanto can through any authorizations provided by plaintiffs. On average, it could take up to 4-6 weeks to obtain medical records through authorizations. This is not adequate given the compressed deadlines set forth below. Plaintiffs will comply with the current orders requiring them to produce records in their possession. Entering a court Order requiring each Plaintiff to collect their own records prior to a deposition, when sometimes the Plaintiffs are very sick, is not a fair solution. In reality, Plaintiffs' lawyers will end up requesting the medical records in the same manner as available to Monsanto. Both parties have equal desire for a complete set of medical records and both parties are operating under the same deadlines. Plaintiffs will continue to work in good faith to accomplish the mutual goal of a retrieving a complete set of medical records.

Other than the issues outlined above, the parties agree to the below extensions of time. Further, the parties agree that Plaintiff Robert Ramirez, Case No. 3:19-cv-02224,

should be removed from Wave I and Plaintiff Goldie Perkins, Case No. 3:16-cv-06025,

should be included in Wave I.

1. <u>Wave 1 Timeline:</u>

| Event | Date |
|---|---|
| Plaintiff Fact Sheets (including all relevant authorizations) due for any plaintiffs who have not yet provided them. | No change from previous order |
| Each plaintiff will provide any medical records in his/her possession and/or his/her counsel's possession to defense counsel. | No change from previous order |
| Deficiency letter(s) sent. | No change from previous order |
| Deadline to cure Plaintiff Fact Sheet deficiencies; the parties may file a consolidated letter brief regarding any disputes about whether a deficiency exists. | No change from previous order |
| Close of fact discovery. | August 30, 2019 |
| Plaintiffs' expert reports due. | September 20, 2019 |
| The parties should file a letter brief identifying any disputes over the applicable state law for the wave 1 cases. For cases where that is undisputed, the parties should file a stipulation identifying the governing state law. | August 30, 2019 |
| Monsanto's expert reports due. | October 3, 2019 |
| Close of expert discovery. | November 1, 2019 |
| Monsanto's *Daubert* and summary judgment briefs due. | November 7, 2019 |
| Plaintiffs' opposition and cross-motions re: *Daubert* and summary judgment due. | November 21, 2019 |
| Monsanto's oppositions and replies re: *Daubert* and summary judgment due. | December 5, 2019 |
| Plaintiffs' replies re: *Daubert* and summary judgment due. | December 19, 2019 |
| *Daubert* hearing (if necessary). | January 8, 2020 |

2. <u>Wave 2 Timeline:</u>

| Event | Date |
|---|---|
| Plaintiff Fact Sheets (including all relevant authorizations) due for any plaintiffs who have not yet provided them. | No change from previous order |
| Each plaintiff will provide any medical records in his/her possession and/or his/her counsel's possession to defense counsel. | No change from previous order |
| Deficiency letter(s) sent. | No change from previous order |

| | |
|---|---|
| Deadline to cure Plaintiff Fact Sheet deficiencies. The parties may file a consolidated letter brief regarding any disputes about whether a deficiency exists. | No change from previous order |
| Close of fact discovery. | February 24, 2020 |
| Plaintiffs' expert reports due. | March 17, 2020 |
| The parties should file a letter brief identifying any disputes over the applicable state law for the wave 2 cases. For cases where that is undisputed, the parties should file a stipulation identifying the governing state law. | March 24, 2020 |
| Monsanto's expert reports due. | April 2, 2020 |
| Close of expert discovery. | May 1 2020 |
| Monsanto's *Daubert* and summary judgment briefs due. | May 18, 2020 |
| Plaintiffs' opposition and cross-motions re: *Daubert* and summary judgment due. | June 8, 2020 |
| Monsanto's oppositions and replies re: *Daubert* and summary judgment due. | June 22, 2020 |
| Plaintiffs' replies re: *Daubert* and summary judgment due. | July 7, 2020 |
| *Daubert* hearing (if necessary). | July 24, 2020 |

Dated: July 3, 2019

Respectfully Submitted,

/s/ Brian L. Stekloff
Brian L. Stekloff
Wilkinson Walsh + Eskovitz LLP
2001 M Street, NW
Washington, DC 20036

Attorney for Defendant Monsanto Company

/s/ Aimee H. Wagstaff
Aimee H. Wagstaff
Andrus Wagstaff
7171 W. Alaska Drive
Lakewood, CO 80226

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of July 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Brian L. Stekloff_____