

2001 M STREET NW
10th Floor
WASHINGTON, DC 20036

WWW.WILKINSONWALSH.COM
—
A LIMITED LIABILITY PARTNERSHIP

WASHINGTON, D.C.  |  LOS ANGELES

July 3, 2019

**VIA ECF**

Hon. Vince Chhabria
San Francisco Courthouse, Courtroom 4
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *In re Roundup Prods. Liab. Litig.*, **No. 16-cv-00525-VC**

Dear Judge Chhabria:

    Monsanto submits this letter brief in response to the Court's inquiry at yesterday's hearing regarding a hypothetical retrial on damages if Plaintiff rejects a remittitur.

    As a threshold matter, the Seventh Amendment prohibits one jury from reconsidering the factual determinations of a prior jury. *See Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318, 328 (5th Cir. 1978). Moreover, both the Seventh Amendment and the Fifth Amendment's Due Process Clause prohibit courts from having separate juries resolve issues in the same case unless the issue for the second jury is "so distinct and separable from the others that a trial of it alone may be had without injustice." *Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931). For these reasons, if a limited retrial on the amount of future non-economic damages and punitive damages is at all permissible, it would need to be carefully structured to avoid violating the Seventh Amendment. For instance, the second jury should not be allowed to exceed the amount of future non-economic damages ($2 million) or punitive damages ($75 million) that the first jury awarded.

    To the extent a retrial is allowable, it would be a futile event because it could not result in a damages award higher than whatever award remains after remittitur by the Court. As to punitive damages, a second jury could not exceed the constitutional maximum amount identified by the Court. The question of the "constitutional excessiveness" of a punitive damages award is not a "question of fact plaintiff has a right to have decided by a jury," but instead is a purely legal determination. *Simon v. San Paolo U.S. Holding Co., Inc.*, 35 Cal. 4th 1159, 1187–88 (2005). As a result, the Court's determination of the proper amount of punitive damages is not subject to change after a retrial.

    That is why courts routinely reduce punitive damages awards rather than ordering a conditional new trial. The Eleventh Circuit has expressly recognized this point, observing that "[g]iving a plaintiff the option of a new trial rather than accepting the constitutional maximum for this case would be of no value. If, on a new trial, the plaintiff was awarded punitive

damages *less* than the constitutional maximum, he would have lost. If the plaintiff obtained *more* than the constitutional maximum, the award could not be sustained. Thus, a new trial provides only a 'heads the defendant wins; tails the plaintiff loses' option." *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1332 n.19 (11th Cir. 1999). The Ninth Circuit and the California Supreme Court have agreed with the Eleventh Circuit's analysis. *See Leatherman Tool Grp., Inc. v. Cooper Indus., Inc.*, 285 F.3d 1146, 1151 (9th Cir. 2002), as amended (May 3, 2002) ("Absent clear authority or even argument from the parties to the contrary, we see no reason to disagree with the Eleventh Circuit's opinion in *Johansen* . . . that an appellate court need not remand for a new trial in every case in which it finds that a punitive damages award exceeds the constitutional maximum. That conclusion usually follows from the fact that a plaintiff would not be entitled to any greater award on remand and therefore cannot be aggrieved."); *Simon*, 35 Cal. 4th at 1188 (similar; quoting *Johansen*); *see also Am. Color Graphics, Inc. v. Travelers Prop. Cas. Co. of Am.,* No. C 04-3518 SBA, 2007 WL 9728853, at *23 n.13 (N.D. Cal. Jan. 22, 2007) ("[I]f the Court finds that the punitive damage award was constitutionally excessive, the appropriate disposition is an absolute reduction, not a conditional reduction with the alternative of a new trial."); *Gober v. Ralphs Grocery Co.*, 137 Cal. App. 4th 204, 214 (2006) (remanding case and directing trial court to strike portion of punitive damages that is constitutionally excessive after multiple trials resulted in excessive awards); *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 720 (2009) (citing *Simon* and directing an award of the constitutional maximum instead of ordering a retrial).

As the foregoing cases envision, there is also no legal basis for permitting Plaintiff to introduce different or additional evidence in the retrial to seek an amount of punitive damages above the constitutional maximum. *See, e.g.*, *Leatherman*, 285 F.3d at 1151 n.2 ("[Plaintiff] indicates in its briefing that it could present additional evidence of the circumstances surrounding [Defendant's] conduct. It does not explain, however, why such evidence was not or could not have been presented to the district court originally, particularly in view of the fact that the district court addressed and made findings as to the propriety of the punitive damages award."). At the very least, Plaintiff should be prohibited from doing so absent "manifest injustice"—which does not exist where the Plaintiff made a strategic decision not to present certain evidence that they may now seek to rely on. *See Cleveland v. Piper Aircraft Corp.*, 985 F.2d 1438, 1450 (10th Cir. 1993), *abrogated on other grounds*, 627 F.3d 1318 (10th Cir. 2010); *accord id.* at 1149 ("Our remand for a new trial was not an invitation to reopen discovery for newly retained expert witnesses and to enlarge trial time unnecessarily through the addition of totally new exhibits and testimony. It is always easy in hindsight for counsel to realize there may be a better way to try a case the second time around."). Accordingly, any retrial would be limited to the same evidence the first jury considered and could serve only to further reduce the amount of punitive damages below the constitutional maximum set by the Court.

A retrial on non-economic damages would be equally futile. Plaintiff has identified no new evidence that could justify an amount higher than any remitted award by the Court. Nor have they identified any reason why it would be a manifest injustice to preclude them from introducing additional evidence they could have presented to the first jury, but chose not to present. *See Cleveland*, 985 F. 2d at 1450. In all events, a second jury's determination of future non-economic harm must be commensurate with the first jury's award of economic damages. *Buell-Wilson v. Ford Motor Co.*, 46 Cal. Rptr. 3d 147, 172 (Ct. App. 2006) (reducing noneconomic award to

amount "proportionate to the economic damages award" from fourteen to four times the economic damages), *vacated on other grounds*, 550 U.S. 931 (2007).

In short, there is no legal or factual basis for Plaintiff to obtain *more* future non-economic or punitive damages than the amounts set by the Court. And if, in a retrial limited to the same evidence considered by the first jury, Plaintiff is awarded *less* damages, he will have lost further. Accordingly, if a retrial is even permitted under the Seventh Amendment, it would be, for all practical purposes, futile.

Monsanto therefore respectfully submits that no retrial on the limited damages issues discussed at the hearing is necessary or appropriate. If, however, the Court orders such a trial, the jury on retrial should not be permitted to award compensatory or punitive damages exceeding the amounts awarded by the first jury as remitted by the Court.

Respectfully submitted,

/s/ Brian L. Stekloff_____

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Tamarra Matthews Johnson (*pro hac vice*)
(tmatthewsjohnson@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

Cc: Counsel of Record (via ECF)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of July 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Brian L. Stekloff_____