

**Aimee H. Wagstaff, Esq.**
*Licensed in Colorado and California*
Aimee.Wagstaff@AndrusWagstaff.com

7171 W. Alaska Drive
Lakewood, CO 80226
Office: (303) 376-6360
Fax: (303) 376-63614
Website: www.AndrusWagstaff.com

July 3, 2019

**FILED VIA ECF**
Honorable Vince Chhabria
United States District Court,
Northern District of California

RE: Case No: 3:16-cv-0525-VC, In re Roundup Products Liability Litigation

To the Honorable Vince Chhabria:

As a threshold matter, there is no basis to disturb the Jury's award for future non-economic damages and punitive damages. Six members of the community spent approximately a month of their lives listening carefully to the evidence, taking extensive notes, and thoughtfully deliberating before reaching a verdict. However, if the Court reduces the jury's decision pertaining to future non-economic damages, Plaintiff's constitutional right under the Seventh Amendment requires a trial on all contested damages including past noneconomic damages, future noneconomic damages, and punitive damages. The damages cannot and should not be piecemealed in a new trial, nor should they be capped based upon a jury's decision at the prior trial that the Court vacates.

### I.     Future Non-Economic Damages and Relation to Punitive Damages

"A new trial shall not be granted upon the ground of…excessive…damages, unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the … jury **clearly** should have reached a different verdict or decision."[1] *See* Cal. Civ.

---

[1] "Judge is not permitted to substitute his judgment for that of the jury on the question of damages unless it appears from the record that the jury verdict was improper." *Bigboy v. County of San Diego*, 154 Cal.App.3d 397, 406 (1984). "A judge should not substitute his or her evaluation of the evidence for that of the jury, even if the judge would have reached a different conclusion based on an independent evaluation of the evidence. As long as the verdict is based on a reasonable interpretation of the evidence and it appears that the jury understood and properly applied the law, the verdict should be upheld." Cal. Judges Benchbook Civ. Proc. After Trial Chapter 2, § 2.45.

Proc. Code § 657(7) (emphasis added).  Here, the jury rightly determined that Mr. Hardeman suffered tremendously from the time he was diagnosed with cancer and will continue to experience mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, and emotional distress for the rest of his life. Accordingly, Mr. Hardeman's award of future non-economic damages, spread across the remainder of his natural life, is fair and reasonable, especially when considered on an annual basis. The future non-economic damages award is clearly not wrong and a difference of opinion does not warrant a reduction of the award.

Should the Court decline to disturb the Jury's thoughtful verdict on future noneconomic damages, any reduction in punitive damages based upon constitutional grounds would not necessarily result in a new trial. *See, e.g.*, *S. Union Co. v. Irvin*, 563 F.3d 788, 792 n.4 (9th Cir. 2009) (whether to order a remittitur or remand for a new trial is decided on a case by case basis); *Leatherman Tool Grp., Inc. v. Cooper Indus., Inc.*, 285 F.3d 1146, 1151 (9th Cir. 2002); *Gober v. Ralphs Grocery Co.*, 40 Cal. Rptr. 3d 92 (Cal. App. 4th Dist. 2006).

If the Court does reduce the future noneconomic damages and the punitive damages, the punitive ratio will have to be reconsidered following a new trial.  However, in this case, the 15:1 ratio of punitive damages is constitutional as it does not exceed a single-digit ratio "to a significant degree." *See State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 424 (2003). Courts assessing similarly situated defendants whose products have caused cancer have affirmed ratios much higher than 15:1 suggesting that Monsanto would be on notice, not only of the conduct which subjected it to a punitive damages award but also the amount. *See BMW of N.A., Inc. v. Gore,* 517 U.S. 559, 560 (1996) ("Elementary notions of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose."). In *In re Actos (Pioglitazone) Products Liab. Litig.,* a case involving a product causing bladder cancer, a somewhat analogous disease to non-Hodgkin's lymphoma, the court determined that a 25:1 ratio was appropriate under the Due Process Clause while maintaining a deterrent effect. *See* 6:11-MD-2299, 2014 WL 5461859, at *55 (W.D. La. Oct. 27, 2014). Accordingly, a sophisticated entity like Monsanto should have foreseen the 15:1 ratio imposed by the jury.

If this Court reduces the future noneconomic damages and punitive damages, at a new trial, the damages shall not be capped at any amount rendered at the original trial.  Instead, the new jury must consider the evidence presented to it and render a verdict accordingly.  Caps are not warranted

2

and would be unconstitutional.  Each case is unique based upon the facts and circumstances presented.

## II.     If the Court reduces future noneconomic damages, any order for a <u>new trial must include all non-economic damages and punitive damages.</u>

If the Court reduces the future noneconomic damages and orders a new trial, the new trial should be limited to a trial on noneconomic damages and punitive damages only. *See* Cal. Civ. Proc. Code § 662.5. First, the parties stipulated to Mr. Hardeman's economic damages and there is no basis to revisit the parties' stipulation.

Regarding noneconomic damages, at a new trial Plaintiff should be permitted to present evidence of Mr. Hardeman's harms and losses that warrant an award of future noneconomic damages for the remainder of his life as well as his past non-economic damages.  Clearly, the jury's verdict should <u>not</u> be capped at amounts decided at a prior trial—otherwise there would be little purpose in any new trial. Further, Plaintiff has not found any case law that requires a future noneconomic award to be less, or tied in any relationship to the amount of past economic damages.  Instead, the decision is for the jury to reach based on the evidence presented.  Rather, in a personal injury case such as this one, there is "no authority establishing limits upon a general damage award based upon a small amount of special damages." *Westphal v. Wal-Mart Stores, Inc*., 81 Cal. Rptr. 2d 46 (Cal. App. 3d Dist. 1998).

Putting punitive damages before the jury at a new trial is also appropriate because "it is not possible to draw a mathematical bright line" between constitutionally acceptable and unacceptable punitive damages, the appropriate ratio should be determined based upon the evidence at trial and facts of the case. *BMW of N.A., Inc. v. Gore*, 517 U.S. 559, 560 (1996); *see also Planned Parenthood of Columbia/Willamette Inc. v. Am. Coalition of Life Activists,* 422 F.3d 949, 967 (9th Cir. 2005) (ordering new trial unless remittitur accepted as to all damages including reduced punitive damages). Although determining the "degree of reprehensibility" ultimately involves a legal conclusion, it is one based upon the underlying facts as found by the jury and the district court. *See Leatherman Tool Group, Inc. v. Cooper Industries, Inc.,* 285 F.3d 1146, 1150 (9th Cir. 2002).

Here, putting both punitive damages and non-economic damages before the jury will help assuage any conflict with the Seventh Amendment and ensure that the ratio between punitive and compensatory damages is based upon the evidence presented at the new trial. *See Morgan v. Woessner,* 997 F.2d 1244, 1258–59 (9th Cir.1993) ("[t]o avoid any conflict with the Seventh Amendment, the preferable course is to afford the party awarded the grossly excessive punitive

3

damages ... the option of either accepting the remittitur of the punitive damage award or a new trial on that issue."). This option is the most helpful to the Court in determining the highest appropriate level of punitive damages. *See Simon v. San Paolo U.S. Holding Co., Inc.,* 113 P.3d 63, 81 (Cal. 2005) (the Court's constitutional mission "is only to find a level higher than which any award *may not* go: it is not to find the 'right' level in the court's own view."). Because the ratio of punitive damages to compensatory damages is inexorably tied to the facts presented in any given case, it is both rational and economical to try these two issues together. A ratio determined at a prior trial cannot be used to limit a jury's verdict at a different trial where evidence is presented. Instead, a new trial must allow Plaintiff to present evidence of all noneconomic damages and punitive damages without any caps.

Dated: July 3, 2019                                        Respectfully submitted,

                                                           /s/ Aimee H. Wagstaff
                                                           Aimee H. Wagstaff, Esq.
                                                           ANDRUS WAGSTAFF, PC
                                                           7171 W. Alaska Dr.
                                                           Lakewood, CO 80226
                                                           Email: aimee.wagstaff@andruswagstaff.com