**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
7171 W. Alaska Drive
Lakewood, CO  80226
Tel:  (303) 376-6360
Fax: (303) 376-6361

**MOORE LAW GROUP, PLLC**
Jennifer A. Moore (SBN 206779)
jennifer@moorelawgroup.com
1473 South 4th Street
Louisville, KY  40208
Tel:  (502) 717-4080
Fax: (502) 717-4086

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document relates to:<br>*Hardeman v. Monsanto Co., et al.,*<br>3:16-cv-0525-VC | **PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE JUDGMENT TO CLARIFY PRE AND POST- JUDGMENT INTEREST RATES** |

Plaintiff respectfully requests supplementation of the record in support of Plaintiff's Motion to Amend the Judgment To Clarify Pre And Post-Judgment Interest Rates [Dkt. 312] ("Plaintiff's Motion to Amend") and Plaintiff's Reply [Dkt. 336]. See *In re Google Inc. Gmail Litig.*, 2014 U.S. Dist. LEXIS 36957, *40 (N.D. Cal. 2014) (*granting* motions to supplement the record where additional material is relevant to the issue pending before the court). See United States v. Becker, 929 F.2d 442, 445 (9th Cir. 1991) (the court has discretion in granting or denying motions to supplement the record). Specifically, Plaintiff requests the Court take notice of Defendant's admission on the record that Plaintiff's economic damages were certain as of late 2018 because Defendant was aware of Plaintiff's medical expenses as of October 2018 when Defendant received signed authorizations from Plaintiff which allowed Defendant to obtain any and all medical bills. Plaintiff further requests, in light of this admission on the record, that the Court disregard Defendant's contention that Mr. Hardeman's economic damages were not "certain" until the parties' stipulation was filed on February 24, 2019.

Defendant's Opposition To Plaintiff's Motion To Amend The Judgment [Dkt. 4133] ("Opposition") contends Mr. Hardeman's economic damages were not certain such that prejudgment interest should be awarded until the parties' February 24, 2019 stipulation [Dkt. 113]. See Defendant's Opposition, p. 3 [Dkt. 4133]. While this contention is legally incorrect pursuant to the statute, which only requires that the damages be "capable of being made certain by calculation,"[1] the Court should also take notice that Defendant acknowledged on the record during closing argument that Plaintiff's damages were certain as of "late 2018" because Defendant was aware of the amount of Plaintiff's medical expenses and in possession of same at that time: "We agreed that his medical costs up through, I think, **late 2018 when we had the**

---

[1] See California Civil Code 3287: "A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day, except when the debtor is prevented by law, or by the act of the creditor from paying the debt."

**records**, were approximately $200,000." See Exhibit 1, Trial Tr. vol. 20, 2786:15-18, March 26, 2019 (emphasis added).

Thus, Mr. Hardeman's medical expenses have been certain within the meaning of the statute and readily calculable by Defendant since the filing of the Complaint on February 1, 2016, but *at the very latest* Defendant was able to calculate such damages in October 2018, when it received signed authorizations which allowed Defendant to obtain any and all medical records and bills. Indeed, Defendant specifically stated that it "agreed" to the amount of the medical expenses "when we had the records" – and it is undisputed that Plaintiff provided authorizations allowing Defendant to obtain said records in October 2018. See Exhibit 1. As such, Defendant's contention in its Opposition, that the damages were not knowable, nor certain, until February 24, 2019 should be disregarded by the Court as it directly contradicts Defendant's representation during trial, and frankly, is false. Simply put, by Defendant's own admission, the *latest date* from which interest could accrue under the statute is October 2018.

Accordingly, Plaintiff respectfully requests that the record be supplemented and the Court take notice of Defendant's admission on the record related to Plaintiff's medical expenses. The admission is directly relevant to Plaintiff's right to prejudgment interest and the timeframe for calculation of prejudgment interest.

Dated: 07/08/2019                               Respectfully submitted,

/s/ Jennifer A. Moore
Jennifer A. Moore (SBN 206779)
jennifer@moorelawgroup.com
MOORE LAW GROUP, PLLC
1473 South 4th Street
Louisville, KY  40208
Tel: (502) 717-4080

and

Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
ANDRUS WAGSTAFF, P.C.
7171 W. Alaska Drive

Lakewood, CO  80226
Tel: (303) 376-6360

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on July 8, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Jennifer A. Moore
Jennifer A. Moore (SBN 206779)
jennifer@moorelawgroup.com

PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE JUDGMENT TO CLARIFY PRE AND POST-JUDGMENT INTEREST RATES