UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITGATION<br><br>This document relates to:<br><br>*Abreu v. Monsanto*, 19-cv-01587-VC<br>*Archambault v. Monsanto*, 19-cv-01717-VC<br>*Ataide v. Monsanto*, 19-cv-01289-VC<br>*Baum v. Monsanto*, 19-cv-01018-VC<br>*Chupa v. Monsanto*, 19-cv-01589-VC<br>*Conyers v. Monsanto*, 19-cv-02001-VC<br>*Gonzalez v. Monsanto*, 19-cv-01020-VC<br>*Kast v. Monsanto*, 19-cv-01031-VC<br>*Rabbers v. Monsanto*, 19-cv-01023-VC<br>*Rivas v. Monsanto*, 19-cv-01024-VC<br>*Taylor v. Monsanto*, 19-cv-01030-VC | MDL No. 2741<br><br>Case No. 16-md-02741-VC<br><br><br>**PRETRIAL ORDER NO. 157: GRANTING MOTIONS TO REMAND TO ALAMEDA COUNTY SUPERIOR COURT** |

These remand motions involve a set of multi-plaintiff cases originally filed in state court against Monsanto and other defendants in which the plaintiffs allege that Roundup caused their cancer. The state court judge ordered the plaintiffs severed, but before the severance actually occurred (that is, before the multi-plaintiff cases were broken into separate complaints by single plaintiffs), Monsanto removed the cases to federal court. This was procedurally and jurisdictionally improper, so the cases are remanded. Under the removal statute, Monsanto will have thirty days after separate complaints are filed to remove any individual cases, provided the removal takes place within a year of when that case's original multi-plaintiff complaint was filed. *See* 28 U.S.C. § 1446(b)(3), (c)(1).

1

I.

Each of the eleven multi-plaintiff cases subject to this remand motion was filed in state court between March 2018 and January 2019. Most of the plaintiffs in each case are California residents. The complaints name as defendants Monsanto, Wilbur-Ellis Company, and Wilbur-Ellis Feed. Wilbur-Ellis Company distributes Roundup; Wilbur-Ellis Feed merely sells animal feed. All three defendants are incorporated in Delaware, but both Wilbur-Ellis Company and Wilbur Ellis Feed have their principal place of business in California. Monsanto's principal place of business is in Missouri.

The Roundup cases pending in California state court are consolidated before Judge Winifred Smith in Alameda County Superior Court. On January 25, 2019, Judge Smith ordered the severance of all multi-plaintiff cases by June 30, 2019. To accomplish this severance, she directed that "all plaintiffs except one per case must be dismissed, and the other plaintiffs must file their own individual complaints." As a result, these plaintiffs were under an obligation to file individual complaints by the end of June. But before that could happen, Monsanto removed the cases to federal court on the theory that diversity jurisdiction exists over a subset of the plaintiffs.

II.

Monsanto does not dispute that these cases are not removable on the face of the complaints. A lack of complete diversity precludes subject matter jurisdiction, and there are California residents on both sides of the dispute. 28 U.S.C. § 1332(a). Each case has numerous California plaintiffs, and defendants Wilbur-Ellis Company and Wilbur-Ellis Feed are both headquartered here. To avoid remand, Monsanto relies on a combination of two different exceptions to the complete diversity requirement: "fraudulent joinder" (which occurs when a non-diverse defendant is named in the lawsuit to defeat diversity jurisdiction, even though there is no claim against that non-diverse defendant)  and "fraudulent misjoinder" of plaintiffs (which occurs when the plaintiffs,

including some non-diverse plaintiffs, each have a claim but are improperly joined in the same lawsuit).

The doctrine of fraudulent joinder applies when a non-diverse defendant has "no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). If it is "obvious" that a plaintiff has no cause of action against a defendant, the citizenship of that defendant can be ignored when assessing diversity jurisdiction. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Although a high bar, fraudulent joinder does not require a showing of actual fraud. *See Perry v. Luu*, No. 1:13-CV-00729-AWI-JLT, 2013 WL 3354446, at *4 (E.D. Cal. July 3, 2013) ("'Fraudulent joinder is a term of art,' and does not require an ill motive by a plaintiff." (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987))). Rather, fraudulent joinder exists "if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Jurin v. Transamerica Life Ins. Co.*, No. C 14-02882 LB, 2014 WL 4364901, at *3 (N.D. Cal. Sept. 3, 2014).

Monsanto contends that Wilbur-Ellis Feed was fraudulently joined by all of the plaintiffs, and Wilbur-Ellis Company was fraudulently joined by some of the plaintiffs. First, Monsanto argues that these plaintiffs do not have a claim against a company that sells only animal feed, meaning that Wilbur Ellis Feed's citizenship can be ignored when assessing diversity jurisdiction. By contrast, Wilbur-Ellis Company does sell Roundup, but only in the agricultural and industrial markets, not in the residential market. Thus, Monsanto contends that the company was improperly joined by any plaintiffs who attested (in their complaints or plaintiff fact sheets) that they were residential users. Monsanto therefore proposes that, for each multi-plaintiff case that has been removed, the plaintiffs who are residential users should remain in federal court, while the

remaining plaintiffs can be remanded to state court.[1]

However, the statute that governs remand speaks in terms of "remanding a case" – not remanding individual claims or parties. Therefore, Monsanto cannot carve a subset of plaintiffs out of each case. 28 U.S.C. § 1447; *see also Salazar v. San Juan Cty. Det. Ctr.*, 301 F. Supp. 3d 992, 1006 (D.N.M. 2017) ("The word 'case' refers to the entire case, whereas the word 'claim' refers to individual claims within the case."). For Monsanto's plan to work, the cases would first need to be severed.

Monsanto thus seeks to combine the concept of fraudulent joinder with the related concept of fraudulent *mis*joinder. Fraudulent misjoinder exists where "plausible claims have been asserted," but one set of parties (here, the plaintiffs) should not have been joined "due to a lack of some real connection" among them. *Jurin*, 2014 WL 4364901, at *3. Thus, while fraudulent joinder involves a party who should not have been sued at all, fraudulent misjoinder involves parties who should be proceeding in separate actions. *See Early v. Northrop Grumman Corp.*, No. 2:13-CV-3130-ODW MRW, 2013 WL 3872218, at *2 (C.D. Cal. Jul. 24, 2013). Monsanto argues that these plaintiffs should never have been on the same complaint, and so this Court should sever the plaintiffs now and assess jurisdiction on a plaintiff-by-plaintiff basis.

But Monsanto has not demonstrated that this is a case of fraudulent misjoinder. Fraudulent misjoinder requires not just "mere misjoinder," but joinder "so egregious" that it is akin to fraud. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other*

---

[1] Monsanto does not request that the few non-California plaintiffs remain in federal court. Rather, Monsanto classifies these plaintiffs – along with the California plaintiffs – based on their category of Roundup usage. But because Wilbur-Ellis is a citizen of California and Delaware, its citizenship only overlaps with the California plaintiffs (there are no Delaware plaintiffs in these cases). Thus, under Monsanto's theory, it would appear that the non-California plaintiffs would remain in federal court regardless of how they used Roundup (the exception being the one Missouri plaintiff, who shares his state of residence with Monsanto).

4

*grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072-73 (11th Cir. 2000). Thus, although this Court certainly agrees with Judge Smith's severance ruling, that ruling does not particularly help Monsanto in this context. Monsanto needs instead to show that the joinder of the plaintiffs was in obvious violation of California's joinder rules (which, incidentally, are more permissive than the federal rule). *See Osborn v. Metro Life Ins. Co.*, 341 F. Supp. 2d 1123, 1128-29 (E.D. Cal. 2014). Monsanto has not done this. After all, as evidenced by the proceedings in this MDL, there are at least some questions of fact and law common to all of the plaintiffs. *Compare Tapscott*, 77 F.3d at 1360 (addressing claims involving "wholly distinct" facts where the "only similarity" was the statute at issue), *with Jurin*, 2014 WL 4364901, at *4 (declining to apply the doctrine where there was a nexus between the allegedly misjoined parties).

It bears noting that Monsanto is actually fortunate that its theory of removal is incorrect. If the theory were correct, then the removals would almost certainly be untimely. A defendant only has thirty days to remove a case from the time federal jurisdiction becomes apparent, and the facts underlying both concepts Monsanto invokes – fraudulent joinder and fraudulent misjoinder – were almost certainly apparent to Monsanto at or near the time the complaints were filed. 28 U.S.C. § 1446(b)(1), (3). For fraudulent joinder, Monsanto presumably knew at the outset that Wilbur Ellis Feed was not a proper defendant for any of the plaintiffs, and it presumably knew at or near the outset that Wilbur Ellis Company was not a proper defendant for some plaintiffs. And with respect to fraudulent misjoinder, if joining these plaintiffs in one state court lawsuit truly was an obvious violation of California's joinder rules, then Monsanto presumably knew this at the outset as well. In other words, all the arguments Monsanto now makes in support of removal could have been made at or near the outset of these cases. The only new development is Judge Smith's severance order, but, as already noted, her order does not itself stand for the proposition that any defendant or plaintiff was fraudulently joined or misjoined.

Monsanto also seems to suggest that, irrespective of any arguments relating to fraudulent joinder or misjoinder, this Court should simply implement Judge Smith's order and sever the cases. But a federal court can only sever a case over which it has jurisdiction, and federal jurisdiction is assessed at the time of removal. *See Allen v. F.D.I.C.*, 710 F.3d 978, 984 (9th Cir. 2013). The Court can't exercise jurisdiction it doesn't have for the purpose of creating federal jurisdiction. *See Perry*, 2013 WL 3354446, at *5 ("[T]he authority to sever misjoined claims or defendants under Rule 20 presumes the Court has jurisdiction to act.") (alterations omitted). Thus, absent a situation like fraudulent misjoinder where a federal court could at least conceivably separate certain plaintiffs in this way, there is no mechanism for separating the plaintiffs here.[2]

Finally, even if the Court had authority in this context to sever the cases and decide which should be remanded and which should remain, it would not be appropriate or advisable to do so. Monsanto is assuming that diversity jurisdiction will exist in certain cases and not others. But the separate complaints have not been filed yet, so we can't be sure. Perhaps an individual plaintiff will add a non-diverse defendant that Monsanto doesn't anticipate. Or perhaps a plaintiff will refrain from including a non-diverse defendant that Monsanto anticipates. Indeed, perhaps some of these plaintiffs won't file separate cases at all. It therefore makes no sense for this Court to help

---

[2] The Ninth Circuit has never endorsed fraudulent misjoinder, and it has had a notably chilly reception from district courts in this circuit. *See Dent v. Lopez*, No. 1:14-CV-00442-LJO-SM, 2014 WL 3057456, at *6 (E.D. Cal. July 7, 2014) (collecting cases and noting that fraudulent misjoinder "is simply inoperative in this circuit"); *Early v. Northrop Grumman Corp.*, No. 2:13-CV-3130-ODW(MRWx), 2013 WL 3872218, at *2 (C.D. Cal. July 24, 2013) (rejecting fraudulent misjoinder as "a considerably broader and more nebulous exception to the complete-diversity rule" when compared with fraudulent joinder). That chilly reception may in part be precisely because of the concern discussed here – that it would be inappropriate, even in the context of fraudulent misjoinder, for a federal court to separate out plaintiffs, remanding some and retaining others. Arguably, misjoinder issues should always first be sorted out in state court, before removal. But because the doctrine does not apply here, there's no need to consider whether it should be adopted, or whether this distinction between fraudulent joinder and fraudulent misjoinder is warranted.

Monsanto remedy the lack of complete diversity in the existing multi-plaintiff cases by severing and sifting through them, rather than waiting for the process to occur naturally in state court as envisioned by Judge Smith. And after that process occurs, the Court will be in a better position to evaluate arguments regarding jurisdiction in any newly-removed cases, including arguments relating to fraudulent joinder of a defendant.

III.

Because these cases were not initially removable, sections 1446(b)(3) and 1446(c)(1) control. Under these provisions, a defendant has thirty days to remove a case once it becomes removable, but in no event more than one year to remove a case following the "commencement" of the action. Here, an individual case will only be removable post-severance, but it first "commenced" with the filing of the original, multi-plaintiff complaint. Monsanto will therefore have thirty days to remove a case once an individual complaint is filed, with an outer one-year limit from the date the multi-plaintiff case was first filed. Monsanto fears that once individual cases are filed, the one-year deadline will have passed for some of them, providing another reason why it removed the cases before severance was completed. But the one-year removal deadline sometimes creates awkward results, and avoiding such results is not a basis for bending the jurisdictional rules as Monsanto is urging.

Where a case is not removable based on the "initial pleading," a defendant has thirty days to file a notice of removal after its receipt "of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Here, the filing of a plaintiff's individual, post-severance complaint starts that thirty-day window. While Judge Smith's severance order revealed that some of the cases would likely be removable in the future, the clock only begins running once a document reveals that a case is presently removable. *See Dube v. Wyeth LLC*, 943 F. Supp. 2d 998,

1003 (E.D. Mo. 2013) (concluding that while a severance order put the defendants "on notice that at least some of the individual cases might be removable," the thirty-day timeline did not start until the filing of the individual complaints); *cf. Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (noting that courts "don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove"). Thus, for individual cases that satisfy the requirements for diversity jurisdiction, Monsanto will have thirty days to remove once the post-severance complaint is filed.

Even within that thirty-day window, a case may not be removed under section 1446(b)(3) on the basis of diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Here, five of the eleven multi-plaintiff cases were filed over a year before now.[3] As a result, the individual cases that were originally part of those five actions will only be removable if the filing of a new complaint post-severance qualifies as the "commencement" of an action under section 1446(c)(1). Otherwise, Monsanto's removal will be untimely.

Courts have come to different conclusions on this question. *See In re Bos. Sci. Corp.*, No. CV 15-06764, 2015 WL 6456528, at *4 (C.D. Cal. Oct. 26, 2015) (cataloguing cases); *compare Farmer v. St. Paul Fire & Marine Ins. Co.*, No. 2:05CV161-D-B, 2006 WL 1134238, at *2 (N.D. Miss. Apr. 24, 2006) (concluding that severance restarts the one-year time limit), *with Wejrowski v. Wyeth*, No. 4:06CV292 CDP, 2012 WL 2367388, at *3 (E.D. Mo. June 21, 2012) (limiting the time to remove "to one year from [the] original commencement date"). But considering the statute's text

---

[3] Those cases are *Gonzalez v. Monsanto Co.*, No. 19-cv-01020; *Kast v. Monsanto Co.*, No. 19-cv-01031; *Rabbers v. Monsanto Co.*, No. 19-cv-01023; *Rivas v. Monsanto Co.*, No. 19-cv-01024; and *Taylor v. Monsanto Co.*, No. 19-cv-01030. All five were filed on March 19, 2018.

8

and underlying purpose, the better reading is that a case does not recommence once it is severed, meaning the one-year period begins when a case is first filed in state court.

The filing of a multi-plaintiff case clearly commences an action. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Thus, for the clock to start anew, the filing of a severed complaint must effectively commence a new action. But any individual plaintiff's case has already started, and it is unclear why a change in form should be understood to create an entirely new action. The defendant is on notice of the claims, the statute of limitations has been tolled, and the case may have taken any number of steps toward resolution. Even if a plaintiff first proceeds as part of a group before being required to proceed separately, the challenge to the defendant's conduct has already begun. *See Wejrowski*, 2012 WL 2367388, at *3 (explaining that "[e]ven though the plaintiffs' second amended complaint will proceed as an independent claim from the point it was severed, it was still part of the original case").

Moreover, section 1446(b)(3) looks to "the case stated by the initial pleading." If the filing of a post-severance complaint were to commence a new action, then the filing of the "initial pleading" in section 1446(b)(3) and the "commencement of the action" in section 1446(c)(1) would refer to different stages in the case. In other words, an action would again commence at some point after the initial pleading – the original, multi-plaintiff complaint – had been filed. But just as there can be only one initial pleading, presumably a case can only commence once. As a result, the most natural reading of the statute is that a case commences with the filing of the first complaint. *See Norman v. Sundance Spas, Inc.*, 844 F. Supp. 355, 357 (W.D. Ky. 1994) ("Congress intended the initial pleading to trigger the one-year cap on removal.").

The purpose of the statute also weighs against restarting the clock. Congress clearly intended that, after a point, cases should remain in state court. *See* H.R. Rep. 100-889, at 72 ("[T]here is no reason why either State or Federal courts, or the parties, should be subject to the

9

burdens of shuttling a case between two courts that each have subject matter jurisdiction."); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998). If the one-year clock began anew following severance, it would allow for significant disruption long after the case was underway. And although the one-year limitation is formally non-jurisdictional, it should still be strictly construed to avoid impinging on the purview of the state courts. *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (classifying the limitation as non-jurisdictional); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) (noting that "comity and federalism" require any ambiguities about the scope of removal to "be resolved in favor of remand").

Monsanto complains that this interpretation leaves it with no way to remove some of the disputes that it wishes to litigate in federal court: remove them when it did and it's too early; wait to remove them and it will be too late. That's not inaccurate. Due to the interaction of the filing date and the severance deadline, Monsanto will be unable to remove a subset of cases that will eventually satisfy the requirements for diversity jurisdiction.[4] But that's not a reason to contort the meaning of the removal statute by treating a severed case as the commencement of a new action. Nor is it a reason to bend the jurisdictional rules to allow district courts to sift through removed multi-party cases to decide which disputes should remain in federal court and which should go back to state court. In a variety of contexts, the removal statute can lead to inconsistent results depending on how things play out in state court. But section 1446(c)(1), with its one-year cutoff, clearly contemplates that some cases that become removable must nevertheless stay in state court. If Congress wished to provide for removal of every case for which there is federal jurisdiction, it

---

[4] Where a plaintiff has acted in bad faith to prevent removal, the statute provides courts with the discretion to excuse the one-year limitation. 28 U.S.C. § 1446(c)(3). Here, however, there is no suggestion that the plaintiffs acted in bad faith.

would not have imposed the one-year limitation. The best solution for defendants in Monsanto's position is to quickly file severance motions in state court when they believe plaintiffs have been improperly joined. This can at least reduce the risk of running into the one-year cutoff, although admittedly such risk can never be eliminated, and admittedly no solution is perfect when it comes to the removal statute.

IV.

The upshot of this discussion is that these eleven multi-plaintiff cases must be remanded. The plaintiffs in those cases will then need to file individual complaints to comply with Judge Smith's severance order. At that point, barring any timing barriers imposed by 28 U.S.C. § 1446, Monsanto can remove the individual cases that satisfy complete diversity.[5] Remand "will be short-lived" for some plaintiffs, but returning these multi-plaintiff cases to state court will allow for identification of the individual cases that are properly removable. *See Stamm v. AT&T Co.*, 129 F. Supp. 719, 721 (W.D. Mo. 1955). The Clerk of the Court is therefore directed to remand the cases to Alameda County Superior Court.

**IT IS SO ORDERED.**

Date: July 9, 2019

Honorable Vince Chhabria
United States District Court

---

[5] Incidentally, the Court agrees with and will adhere to those decisions concluding that the voluntary-involuntary rule does not defeat removal of a diverse plaintiff following a state court's severance order. *See, e.g.*, *In re Bos. Sci. Corp.*, No. CV 15-06764, 2015 WL 6456528, at *3 (C.D. Cal. Oct. 26, 2015); *In re Johnson & Johnson* Cases, No. CV 15-5311-JGB-SPX, 2015 WL 5050530, at *6 (C.D. Cal. Aug. 24, 2015).