UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITGATION<br><br>This document relates to:<br>ALL ACTIONS | MDL No. 2741<br>Case No. 16-md-02741-VC<br><br>**PRETRIAL ORDER NO. 158:** ***DAUBERT* CHOICE OF LAW**<br><br>Dkt. No. 4134 |

As previously explained, to prepare the cases in the MDL for transfer back to their home districts, the Court will decide all case-specific summary judgment motions, including any intertwined *Daubert* motions. For purposes of these motions, each member case retains the choice-of-law rules of the state in which it was filed, meaning the applicable state law (for example, the law of causation) will remain the same despite a case's transfer to the MDL. *See Larsen v. Citibank FSB*, 871 F.3d 1295, 1303 (11th Cir. 2017); *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993). But for questions of federal law, such as the admissibility of expert testimony under *Daubert*, Ninth Circuit law will govern regardless of where a case originated. *See In re. Gen. Am. Life Ins. Co. Sales Practices Litig.*, 391 F.3d 907, 911 (8th Cir. 2004); *In re Anthem, Inc. Data Breach Litig.*, Case No. 15-MD-02617-LHK, 2016 WL 324386, at *2 (N.D. Cal. Jan. 27, 2016).

In a case involving a typical transfer under 28 U.S.C. § 1404(a), a transferee court in this circuit is bound by Ninth Circuit precedent on issues of federal law. *Newton v. Thomason*, 22 F.3d 1455, 1460 (9th Cir. 1994). The Ninth Circuit has not definitively addressed this issue in the

context of an MDL, but it noted that it was "persuaded by the approach taken by the D.C. Circuit" when "resolving an identical question under 28 U.S.C. § 1407," the MDL transfer statute. *Id.* (citing *In re Korean Air Lines Disaster*, 829 F.2d 1171 (D.C. Cir. 1987), *aff'd on other grounds sub nom. Chan v. Korean Air Lines, Ltd.*, 490 U.S. 122 (1989)). As a baseline principle, the law of a transferor circuit "does not have stare decisis effect" on a transferee court in a different circuit. *In re Korean Air Lines Disaster*, 829 F.2d at 1176.

Monsanto doesn't argue that this general rule should never apply in the MDL context. Rather, it contends that there is an exception to this rule any time federal law is "geographically non-uniform." See *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1046 (9th Cir. 2012). But the cases Monsanto cites use "geographically non-uniform" to describe federal laws that are "necessarily non-uniform" because they have "embedded state law issues." *See id.* at 1044-46 (addressing the limitations period for the False Claims Act, which "borrows the most closely analogous state statute of limitations"); *see also Eckstein v. Balcor Film Inv'rs*, 8 F.3d 1121, 1127 (7th Cir. 1993). In fact, those courts were not applying the *federal* law of the transferor circuit; they were applying the *state* law dictated by the transferor state's choice-of-law rules – just as would be the case in a typical transfer. Thus, that exception is cabined to scenarios where federal law is intended to vary geographically. *See Hooper*, 688 F.3d at 1046 (explaining that "[f]ederal law is not supposed to be unitary when it is borrowing limitations periods from the states") (internal quotations and alterations omitted); *Eckstein*, 8 F.3d 1121 at 1127 (limiting its decision to scenarios where "different federal courts *properly* use different rules") (emphasis added). Adopting it here would swallow the general rule that a transferee court must follow its own circuit's interpretation

of federal law.[1]

To the extent Monsanto takes issue with the general rule that Ninth Circuit decisions on federal issues govern cases transferred to courts within the circuit, this Court is not in a position to discard it. Moreover, while Monsanto repeatedly intones that transfer should result only in a "change of courtrooms," that principle springs from *Erie*'s command that the "accident" of diversity jurisdiction should not affect the outcome of a case by allowing a transfer to work a change in the governing state law. *See Van Dusen v. Barrack*, 376 U.S. 612, 638-39 (1964); *see also Ferens v. John Deere Co.*, 494 U.S. 516, 524-26 (1990). The Ninth Circuit rule leaves open a small possibility that a transfer could result in a shift in federal law, but that shift does not create the same problem under *Erie*. And while there are perhaps reasons this outcome might be less tolerable in an MDL (most notably, because the cases are being returned to their transferor districts at the close of pretrial proceedings), those reasons do not outweigh the justifications for the general rule.

That is particularly true in this specific context. As a practical matter it is not clear how the Court would meaningfully apply the law of different circuits to *Daubert* motions. While there are differences in how the circuits frame the *Daubert* analysis – and the Ninth Circuit has a relatively higher tolerance for questionable expert testimony – these differences can't be defined or applied with any degree of precision. Moreover, even if it were possible to apply slightly differing interpretations of federal law, doing so "would surely reduce the efficiencies achievable through

---

[1] *In re Ford Motor Co.*, 591 F.3d 406 (5th Cir. 2009), is not particularly helpful to Monsanto. There, the Fifth Circuit applied the law of its own circuit after a case had been remanded from an MDL in the Seventh Circuit. *Id.* at 409, 413 n.15. While the court noted that the law of the transferor forum should control where there are variations in federal law (specifically, whether to dismiss on forum non conveniens grounds), it appears that the MDL court simply failed to consider an earlier relevant Fifth Circuit decision. *Id.* at 413-14. Nothing in the opinion suggests that the MDL court intended to apply Seventh Circuit law rather than Fifth Circuit law, or that it gave any thought to choice of law.

consolidated preparatory proceedings." *In re Korean Air Lines Disaster*, 829 F.2d at 1175. Thus, the Court will follow the Ninth Circuit's *Daubert* caselaw, and more generally "its own best judgment about the meaning of federal law," for all of the cases in the MDL. *See Eckstein*, 8 F.3d at 1126. In future *Daubert* briefs, both sides are ordered to discuss all relevant Ninth Circuit precedent, whether helpful or harmful to their positions (although they are of course free to rely on relevant out-of-circuit precedent as well).

**IT IS SO ORDERED.**

Date:   July 10, 2019

Honorable Vince Chhabria
United States District Court