**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
         elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |

This document relates to:

*Judith B. Rogers, as the Personal*
*Representative of the Estate of Joseph N.*
*Rogers, Sr., v. Monsanto Co.,*
Case No. 3:19-cv-03836-VC

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in the Amended Complaint and Jury Demand ("the Complaint") of Judith B. Rogers, as the Personal Representative of the Estate of Joseph N. Rogers, Sr., except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.     Monsanto denies the allegations in paragraph 1 that decedent's death was "wrongful" and denies that any injuries alleged in the Complaint, including the injury and death of decedent, were caused by Roundup®-branded products.  Monsanto admits that plaintiff purports to seek damages for a wrongful death claim but denies any liability on that claim.   Monsanto denies the remaining allegations in

paragraph 1.

2.       Monsanto denies the allegations in paragraph 2.

3.       Monsanto denies the allegations in paragraph 3.

4.       The allegations in the first sentence of paragraph 4 set forth conclusions of law for which no response is required.  Monsanto admits the allegations in the second sentence of paragraph 4.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 4 and therefore denies those allegations. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's Complaint.

5.       Monsanto admits the allegations in paragraph 5.

6.       The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.       The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  In response to the second sentence of paragraph 8, Monsanto admits that it sells Roundup®-branded products in Florida.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

8.       Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.       Monsanto denies the allegations in paragraph 9 that decedent's death was "wrongful" and denies that any injuries alleged in the Complaint, including the injury and death of decedent, were caused by Roundup®-branded products.  Monsanto admits that plaintiff purports to seek damages for a wrongful death claim but denies any liability on that claim. Monsanto denies the remaining allegations in paragraph 9.

10.      The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
3:16-md-02741-VC & 3:19-cv-03836-VC

1   have a variety of separate and distinct uses and formulations.

2        11.     Monsanto admits the allegations in paragraph 11.

3        12.     In response to the allegations in paragraph 12, Monsanto admits that it sells

4   Roundup®-branded products in Florida.

5        13.     Monsanto lacks information or knowledge sufficient to form a belief as to the

6   truth of the allegations in paragraph 13 and therefore denies those allegations.

7        14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney

8   characterizations and are accordingly denied.

9        15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney

10  characterizations and are accordingly denied.

11       16.     Monsanto admits the allegations in paragraph 16.

12       17.     Monsanto admits that it is authorized to do business in Florida.  The remaining

13  allegations of paragraph 17 are vague and conclusory and comprise attorney characterizations

14  and are accordingly denied.

15       18.     The allegations in paragraph 18 set forth conclusions of law for which no

16  response is required.

17       19.     Monsanto denies the allegations in paragraph 19.

18       20.     Monsanto admits that it has designed, researched, manufactured, tested,

19  advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The

20  remaining allegations in paragraph 20 set forth conclusions of law for which no response is

21  required.

22       21.     Monsanto admits that it is an agricultural biotechnology corporation with a

23  principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its

24  affiliated companies have operations and offices in countries around the world.  Monsanto states

25  that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information

26  or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

27  denies those allegations.

28       22.     Monsanto admits the allegations in paragraph 22.

- 3 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
3:16-md-02741-VC & 3:19-cv-03836-VC

1    23.    Monsanto admits the allegations in paragraph 23.

2    24.    In response to the allegations in paragraph 24, Monsanto admits that glyphosate is

3  an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

4  paragraph 24 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

5  to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

6    25.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

7  The remaining allegations in paragraph 25 comprise attorney characterizations and are

8  accordingly denied.

9    26.    Monsanto admits the allegations in paragraph 26.

10    27.    Monsanto generally admits the allegations in paragraph 27, but denies the

11  allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants

12  at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

13  the United States Environmental Protection Agency ("EPA").

14    28.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations in paragraph 28 and therefore denies those allegations.

16    29.    Monsanto admits that it is the leading producer of seeds that contain the Roundup

17  Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

18  farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

19  belief as to the accuracy of the specific numbers and statistics provided in the remaining

20  sentences of paragraph 29 and therefore denies those allegations.  Monsanto denies the

21  remaining allegations in paragraph 29.

22    30.    In response to the allegations in paragraph 30, Monsanto admits that glyphosate is

23  one of the world's most widely used herbicides today, but notes that Monsanto was and is not the

24  only manufacturer of glyphosate-based herbicides.

25    31.    Monsanto admits that Roundup®-branded products have been used by farmers for

26  approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

27  properties and denies the remaining allegations in paragraph 31.

28    32.    The allegations in paragraph 32 set forth conclusions of law for which no

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
3:16-md-02741-VC & 3:19-cv-03836-VC

1    response is required.  To the extent that a response is deemed required, Monsanto admits the

2    allegations in paragraph 32.

3          33.      In response to the allegations in paragraph 33, Monsanto admits that EPA requires

4    registrants of herbicides to submit extensive data in support of the human health and

5    environmental safety of their products and further admits that EPA will not register or approve

6    the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

7    Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 33 set forth

8    conclusions of law for which no response is required.

9          34.      The allegations in paragraph 34 set forth conclusions of law for which no

10   response is required.

11         35.      Monsanto admits that Roundup®-branded products are registered by EPA for

12   manufacture, sale and distribution and are registered by the State of Florida for sale and

13   distribution.

14         36.      In response to the allegations in paragraph 36, Monsanto admits that EPA requires

15   registrants of herbicides to submit extensive data in support of the human health and

16   environmental safety of their products and further admits that EPA will not register or approve

17   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

18   states that the term "the product tests" in the final sentence of paragraph 36 is vague and

19   ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 36

20   set forth conclusions of law for which no answer is required.

21         37.      Monsanto denies the allegations in paragraph 37 to the extent that they suggest

22   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

23   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

24   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

25   of the allegations in paragraph 37 regarding such pesticide products generally and therefore

26   denies those allegations.  The remaining allegations in paragraph 37 set forth conclusions of law

27   for which no response is required.

28         38.      In response to the allegations in paragraph 38, Monsanto admits that EPA has

1  undertaken a regulatory review of glyphosate and further admits that EPA has not released its

2  findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

3  Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

4  concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

5  humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

6  posted an October 2015 final report by its standing Cancer Assessment Review Committee

7  ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

8  to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

9  issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

10  the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

11  humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

12  of the remaining allegations in paragraph 38 and therefore denies those allegations.

13         39.   In response to the allegations in paragraph 39, Monsanto admits that the New

14  York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

15  advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

16  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

17  General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

18  the subparts purport to quote a document, the document speaks for itself and thus does not

19  require any further answer.  The remaining allegations in paragraph 39 are vague and conclusory

20

21  _____

   [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic
22  Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
   document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in
23  anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
   potential.

24  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
   U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the
25  Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
   Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

26  [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of
27  Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/
   document?D=EPA-HQ-OPP-2016-0385-0528.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
3:16-md-02741-VC & 3:19-cv-03836-VC

1  and comprise attorney characterizations and are accordingly denied.

2      40.    In response to the allegations in paragraph 40, Monsanto admits it entered into an

3  assurance of discontinuance with the New York Attorney General.  The assurance speaks for

4  itself and thus does not require any further answer.  The remaining allegations in paragraph 40

5  are vague and conclusory and comprise attorney characterizations and are accordingly denied.

6      41.    Monsanto denies the allegations in paragraph 41.

7      42.    In response to the allegations in paragraph 42, Monsanto admits that the French

8  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

9  that it "left the soil clean," but denies the allegations in paragraph 42 to the extent that they

10  suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

11  cancer.  Monsanto denies the remaining allegations in paragraph 42.

12      43.    Monsanto denies the allegations in paragraph 43.

13      44.    In response to the allegations in paragraph 44, Monsanto states that the cited

14  document speaks for itself and does not require a response.  To the extent that the allegations in

15  paragraph 44 go beyond a restatement of the cited document, Monsanto lacks information or

16  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44

17  and therefore denies those allegations.

18      45.    Monsanto admits the allegations in paragraph 45.

19      46.    In response to the allegations in paragraph 46, Monsanto states that the cited the

20  document speaks for itself and does not require a response.  To the extent that the allegations in

21  paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or

22  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46

23  and therefore denies those allegations.

24      47.    Monsanto states that the term "toxic" as used in paragraph 47 is vague and

25  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

26  denies the allegations in paragraph 47.

27      48.    Monsanto admits the allegations in paragraph 48.

28      49.    In response to the allegations in paragraph 49, Monsanto states that the document

1   speaks for itself and does not require a response.  To the extent that a response is deemed

2   required, Monsanto denies the allegations in paragraph 49.

3        50.     In response to the allegations in paragraph 50, Monsanto admits that Julie Marc

4   published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

5   the extent that paragraph 50 characterizes the meaning of the cited study, Monsanto denies the

6   remaining allegations in paragraph 50.

7        51.     In response to the allegations in paragraph 51, Monsanto states that these

8   documents speak for themselves and do not require a response.  To the extent that a response is

9   deemed required, Monsanto denies the allegations in paragraph 51.

10       52.     In response to the allegations in paragraph 52, Monsanto states that the cited

11   document speaks for itself and does not require a response.  To the extent that paragraph 52

12   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

13   paragraph 52.

14       53.     Monsanto denies the allegations in paragraph 53.

15       54.     In response to the allegations in paragraph 54, Monsanto states that the cited

16   document speaks for itself and does not require a response.  To the extent that paragraph 54

17   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

18   paragraph 54.

19       55.     In response to the allegations in paragraph 55, Monsanto states that the cited

20   document speaks for itself and does not require a response.  To the extent that paragraph 55

21   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

22   paragraph 55.

23       56.     Monsanto denies the allegation that the cited studies support the allegation that

24   glyphosate or Roundup®-branded products pose any risk to human health and denies the

25   remaining allegations in paragraph 56.

26       57.     Monsanto denies the allegations in paragraph 57.

27       58.     Monsanto denies the allegations in paragraph 58.

28       59.     Monsanto denies the allegations in paragraph 59.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
3:16-md-02741-VC & 3:19-cv-03836-VC

1    60.    Monsanto denies the allegations in paragraph 60.

2    61.    Monsanto admits that it has in the past promoted, and continues to promote,

3    Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

4    Monsanto denies the remaining allegations in paragraph 61.

5    62.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

6    is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

7    lacks information or knowledge sufficient to form a belief as to the truth of the remaining

8    allegations in paragraph 62 and therefore denies those allegations.

9    63.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10    truth of the allegations in paragraph 63 and therefore denies those allegations.  Monsanto denies

11    that glyphosate met the criteria necessary to be eligible for review.

12    64.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13    truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies

14    that glyphosate met the criteria necessary to be eligible for review.

15    65.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

16    carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

17    evidence was "cumulative."  The remaining allegations in paragraph 65 are vague and

18    conclusory and comprise attorney characterizations and are accordingly denied.

19    66.    Monsanto admits that the full IARC Monograph regarding glyphosate was

20    published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

21    2A carcinogen.  In response to the remaining allegations in paragraph 66, Monsanto states that

22    the document speaks for itself and does not require a response.  To the extent that a response is

23    deemed required, the remaining allegations in paragraph 66 comprise attorney characterizations

24    and are accordingly denied.

25    67.    Monsanto denies the allegations in paragraph 67.  The IARC working group

26    concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

27    which, per IARC's guidelines, means that the working group could not rule out chance, bias or

28    confounding so as to reach any conclusion of an increased risk.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
3:16-md-02741-VC & 3:19-cv-03836-VC

1      68.     In response to the allegations in paragraph 68, Monsanto states that the document

2 speaks for itself and does not require a response.  To the extent that a response is deemed

3 required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly

4 denied.

5      69.     Monsanto denies the allegations in paragraph 69.

6      70.     The allegations in paragraph 70 comprise attorney characterizations and are

7 accordingly denied.

8      71.     Monsanto admits the allegations in paragraph 71.

9      72.     In response to the allegations in paragraph 72, Monsanto states that the cited

10 document speaks for itself and does not require a response.  To the extent that paragraph 72

11 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

12 paragraph 72.

13      73.     In response to the allegations in paragraph 73, Monsanto admits that certain

14 studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

15 under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

16 evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

17 animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

18 paragraph 73.

19      74.     The allegations in paragraph 74 are vague and ambiguous and are accordingly

20 denied.

21      75.     In response to the allegations in paragraph 75, Monsanto states that the cited

22 document speaks for itself and does not require a response.

23      76.     In response to the allegations in paragraph 76, Monsanto states that the cited

24 document speaks for itself and does not require a response.  To the extent that paragraph 76

25 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

26 paragraph 76.

27      77.     Monsanto denies the allegations in paragraph 77.

28      78.     In response to the allegations in paragraph 78, Monsanto states that the cited

1    document speaks for itself and does not require a response.  Monsanto otherwise denies the

2    allegations in paragraph 78.

3        79.     Monsanto admits that there is no reliable evidence that Roundup®-branded

4    products are genotoxic and that regulatory authorities and independent experts agree that

5    Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

6    paragraph 79.

7        80.     Monsanto denies the allegations in paragraph 80.

8        81.     Monsanto denies the allegations in paragraph 81.

9        82.     Monsanto denies the allegations in paragraph 82.

10       83.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

11    exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 83.

12       84.     Monsanto denies the allegations in paragraph 84.

13       85.     Monsanto denies the allegations in paragraph 85.

14       86.     Monsanto admits the allegations in paragraph 86.

15       87.     Monsanto denies the allegations in paragraph 87.

16       88.     Monsanto admits the allegations in paragraph 88.

17       89.     Monsanto denies the allegations in paragraph 89.

18       90.     Monsanto denies the allegations in paragraph 90.

19       91.     Monsanto denies the allegations in paragraph 91.

20       92.     Monsanto denies the allegations in paragraph 92.

21       93.     Monsanto denies the allegations in paragraph 93.

22       94.     Monsanto denies the allegations in paragraph 94.

23       95.     Monsanto denies the allegations in paragraph 95.

24       96.     Monsanto admits that independent experts and regulatory agencies agree that

25    there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

26    products and admits that it has made statements reflecting this fact.  Monsanto denies the

27    remaining allegations in paragraph 96.

28       97.     In response to the allegations in paragraph 97, Monsanto admits that Roundup®-

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
3:16-md-02741-VC & 3:19-cv-03836-VC

1    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

2    the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

3    97.

4        98.    In response to the allegations in paragraph 98, Monsanto admits that an EPA

5    review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

6    denies the remaining allegations in paragraph 98.

7        99.    In response to the allegations in paragraph 99, Monsanto admits that EPA

8    changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

9    evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

10   denies the remaining allegations in paragraph 99.

11       100.   In response to the allegations in paragraph 100, Monsanto admits that plaintiff has

12   accurately quoted from one passage in an EPA document in 1991 with respect to the designation

13   of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not

14   pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and

15   the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
3:16-md-02741-VC & 3:19-cv-03836-VC

*Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives:  Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 100.

101.    In response to the allegations in paragraph 101, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 101 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

102.    In response to the allegations in paragraph 102, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

103.    Monsanto denies the allegations in paragraph 103 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 103 are

- 13 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
3:16-md-02741-VC & 3:19-cv-03836-VC

1   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

2   denies those allegations.

3         104.    In response to the allegations in paragraph 104, Monsanto admits that three IBT

4   employees were convicted of the charge of fraud, but Monsanto denies that any of the

5   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

6   herbicides.

7         105.    In response to the allegations in paragraph 105, Monsanto admits that it – along

8   with numerous other private companies – hired Craven Laboratories as an independent

9   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

10   denies the remaining allegations in paragraph 105.

11         106.    In response to the allegations in paragraph 106, Monsanto admits that EPA

12   investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

13   paragraph 106 are intended to suggest that Monsanto was anything other than a victim of this

14   fraud, Monsanto denies those allegations.

15         107.    In response to the allegations in paragraph 107, Monsanto admits that it was

16   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

17   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 107

18   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

19   denies those allegations.

20         108.    In response to the allegations in paragraph 108, Monsanto admits that it has stated

21   and continues to state that Roundup®-branded products are safe when used as labeled and that

22   they are non-carcinogenic and non-genotoxic.

23         109.    In response to the allegations in paragraph 109, Monsanto admits that a 1986 joint

24   report of the World Health Organization and Food and Agriculture Organization of the United

25   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

26   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

27   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

28   carcinogen.  Monsanto denies the remaining allegations in paragraph 109.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
3:16-md-02741-VC & 3:19-cv-03836-VC

110.    Monsanto denies the allegations in paragraph 110.

111.    Monsanto denies the allegations in paragraph 111.

112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto denies the allegations in paragraph 113.

114.    Monsanto denies the allegations in paragraph 114.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto denies the allegations in paragraph 116.

117.    Monsanto denies the allegations in paragraph 117.

118.    Monsanto denies the allegations in paragraph 118.

119.    Monsanto denies the allegations in paragraph 119.

120.    Monsanto denies the allegations in paragraph 120.

121.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 121 and therefore denies those allegations.

122.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 122 and therefore denies those allegations.

123.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 123 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 123.

124.    Monsanto denies the allegations in paragraph 124.

125.    Monsanto denies the allegations in paragraph 125.

126.    In response to the allegations in paragraph 126, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

127.    In response to the allegations in paragraph 127, Monsanto states that the cited document speaks for itself and does not require a response.

128.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed decedent to risk of his alleged cancer and denies the remaining allegations in paragraph 128.  Monsanto states, however, that the scientific studies upon which IARC purported to base

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
3:16-md-02741-VC & 3:19-cv-03836-VC

1   its classification were all publicly available before March 2015.

2      129.   Monsanto denies the allegations in the first and last sentences of paragraph 129.

3   The remaining allegations in paragraph 129 set forth conclusions of law for which no response is

4   required.  Monsanto states, however, that the scientific studies upon which IARC purported to

5   base its classification were all publicly available before March 2015.

6      130.   Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

7   and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

8   branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

9   which IARC purported to base its classification were all publicly available before March 2015.

10  The remaining allegations in paragraph 130 set forth conclusions of law for which no response is

11  required, consist of attorney characterizations and are accordingly denied, or comprise

12  allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

13  the truth of the allegations asserted and therefore denies those allegations.

14     131.   Monsanto incorporates by reference its responses to paragraphs 1 through 130 in

15  response to paragraph 131 of plaintiff's Complaint.

16     132.   The allegations in paragraph 132 set forth conclusions of law for which no

17  response is required.

18     133.   Monsanto denies the allegations in paragraph 133.

19     134.   Monsanto denies the allegations in paragraph 134, including each of its subparts.

20     135.   Monsanto denies the allegations in paragraph 135.

21     136.   Monsanto denies the allegations in paragraph 136.

22     137.   Monsanto denies the allegations in paragraph 137, including each of its subparts.

23     138.   Monsanto denies the allegations in paragraph 138.

24     139.   Monsanto denies the allegations in paragraph 139.

25     140.   Monsanto denies the allegations in paragraph 140.

26     141.   Monsanto denies the allegations in paragraph 141.

27     In response to the "WHEREFORE" paragraph following paragraph 141, Monsanto

28  demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

1   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

2   fees as allowed by law and such further and additional relief as this Court may deem just and

3   proper.

4       142.    Monsanto incorporates by reference its responses to paragraphs 1 through 141 in

5   response to paragraph 142 of plaintiff's Complaint.

6       143.    In response to the allegations in paragraph 143, Monsanto lacks information or

7   knowledge sufficient to form a belief as to the truth of the allegations that decedent used or was

8   exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies

9   the remaining allegations in paragraph 143.

10      144.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11  truth of the allegations in paragraph 144 and therefore denies those allegations.

12      145.    Monsanto denies the allegations in paragraph 145.

13      146.    Monsanto denies the allegations in paragraph 146.

14      147.    Monsanto denies the allegations in paragraph 147.

15      148.    Monsanto denies the allegations in paragraph 148, including each of its subparts.

16      149.    Monsanto denies the allegations in paragraph 149.

17      150.    Monsanto denies that Roundup®-branded products have "dangerous

18  characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

19  truth of the remaining allegations in paragraph 150 and therefore denies those allegations.

20      151.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21  truth of the allegations in paragraph 151 and therefore denies those allegations.

22      152.    Monsanto denies the allegations in paragraph 152.

23      153.    The allegations in paragraph 153 set forth conclusions of law for which no

24  response is required.

25      154.    Monsanto denies the allegations in paragraph 154.

26      155.    Monsanto denies the allegations in paragraph 155.

27      156.    Monsanto denies the allegations in paragraph 156.

28      157.    Monsanto denies the allegations in paragraph 157.

1    158.    Monsanto denies the allegations in paragraph 158.

2    159.    Monsanto denies the allegations in paragraph 159.

3    160.    Monsanto denies the allegations in paragraph 160.

4    161.    Monsanto denies the allegations in paragraph 161.

5    162.    Monsanto denies the allegations in paragraph 162.

6    163.    Monsanto denies the allegations in paragraph 163.

7    In response to the "WHEREFORE" paragraph following paragraph 163, Monsanto

8 demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

9 dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

10 fees as allowed by law and such further and additional relief as this Court may deem just and

11 proper.

12    164.    Monsanto incorporates by reference its responses to paragraphs 1 through 163 in

13 response to paragraph 164 of plaintiff's Complaint.

14    165.    Monsanto admits the allegations in paragraph 165.

15    166.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16 truth of the allegations in paragraph 166 and therefore denies those allegations.

17    167.    Monsanto denies the allegations in paragraph 167.  All labeling of Roundup®-

18 branded products has been and remains EPA-approved and in compliance with all federal

19 requirements under FIFRA.

20    168.    Monsanto denies the allegations in paragraph 168.

21    169.    Monsanto denies the allegations in paragraph 169.  All labeling of Roundup®-

22 branded products has been and remains EPA-approved and in compliance with all federal

23 requirements under FIFRA.

24    170.    Monsanto denies the allegations in paragraph 170.  All labeling of Roundup®-

25 branded products has been and remains EPA-approved and in compliance with all federal

26 requirements under FIFRA and with Florida law.

27    171.    Monsanto denies the allegations in paragraph 171.

28    172.    Monsanto lacks information or knowledge sufficient to form a belief as to the

1   truth of the allegations regarding decedent's use history in paragraph 172 and therefore denies

2   those allegations.  Monsanto denies the remaining allegations in paragraph 172.

3        173.   The allegations in paragraph 173 set forth conclusions of law for which no

4   response is required.

5        174.   Monsanto denies the allegations in paragraph 174.

6        175.   Monsanto denies the allegations in paragraph 175.

7        176.   Monsanto denies the allegations in paragraph 176.

8        177.   Monsanto denies the allegations that Roundup®-branded products are defective

9   and accordingly denies the allegations in paragraph 177.

10       178.   The allegations in paragraph 178 set forth conclusions of law for which no

11   response is required.

12       179.   Monsanto lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations in paragraph 179 and therefore denies those allegations.

14       180.   Monsanto denies the allegations in paragraph 180.

15       181.   Monsanto denies the allegations in paragraph 181.

16       182.   Monsanto denies the allegations in paragraph 182.

17       183.   Monsanto denies the allegations in paragraph 183.

18       184.   Monsanto denies the allegations in paragraph 184.

19       In response to the "WHEREFORE" paragraph following paragraph 184, Monsanto

20   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

21   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

22   fees as allowed by law and such further and additional relief as this Court may deem just and

23   proper.

24       185.   Monsanto incorporates by reference its responses to paragraphs 1 through 184 in

25   response to paragraph 185 of plaintiff's Complaint.

26       186.   Monsanto denies the allegations in paragraph 186.  Additionally, the allegations

27   in the last sentence in paragraph 186 set forth conclusions of law for which no response is

28   required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
3:16-md-02741-VC & 3:19-cv-03836-VC

1    187.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 187 concerning the decedent's claimed use of Roundup®-

3    branded products and therefore denies those allegations.  The remaining allegations in paragraph

4    187 set forth conclusions of law for which no response is required.

5    188.    The allegations in paragraph 188 set forth conclusions of law for which no

6    response is required.

7    189.    Monsanto denies the allegations in paragraph 189.

8    190.    Monsanto denies the allegations in paragraph 190.

9    191.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10    truth of the allegations in paragraph 191 concerning the condition of any Roundup®-branded

11    product allegedly used by decedent or about decedent's alleged uses of such product and

12    therefore denies the allegations in paragraph 191.

13    192.    Monsanto denies the allegations in paragraph 192.

14    193.    Monsanto denies the allegations in paragraph 193.

15    194.    Monsanto denies the allegations in paragraph 194.

16    195.    Monsanto denies the allegations in paragraph 195.

17    In response to the "WHEREFORE" paragraph following paragraph 195, Monsanto

18    demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

19    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

20    fees as allowed by law and such further and additional relief as this Court may deem just and

21    proper.

22    In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

23    denies that plaintiff is entitled to the relief sought therein, including any judgment for any

24    damages, interest, costs, or any other relief whatsoever.

25    Every allegation in the Complaint that is not specifically and expressly admitted in this

26    Answer is hereby specifically and expressly denied.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
3:16-md-02741-VC & 3:19-cv-03836-VC

## SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.      Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's and/or decedent's alleged injuries.

4.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

1      10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's and/or

2  decedent's injuries, if any, were the result of conduct of decedent, independent third parties,

3  and/or events that were extraordinary under the circumstances, not foreseeable in the normal

4  course of events, and/or independent, intervening and superseding causes of the alleged injuries,

5  including but not limited to decedent's pre-existing medical conditions.

6      11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j

7  and k, bar plaintiff's claims against Monsanto in whole or in part.

8      12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or

9  in part.

10     13.     Decedent's misuse or abnormal use of the product or failure to follow instructions

11  bar plaintiff's claims in whole or in part.

12     14.     If plaintiff or decedent suffered injuries or damages as alleged, which is denied,

13  such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which

14  Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an

15  assessment of the relative degree of fault of all such persons and entities; or (b) resulted from

16  diseases and/or causes that are not related or connected with any product sold, distributed, or

17  manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes

18  constitute an independent, intervening and sole proximate cause of plaintiff's and/or decedent's

19  alleged injuries or damages.

20     15.     Monsanto had no legal relationship or privity with plaintiff or decedent and owed

21  no duty to them by which liability could be attributed to it.

22     16.     Monsanto made no warranties of any kind or any representations of any nature

23  whatsoever to plaintiff or decedent.  If any such warranties were made, which Monsanto

24  specifically denies, then plaintiff failed to give notice of any breach thereof.

25     17.     Plaintiff's claims are preempted in whole or part by the Freedom of Speech

26  Clause of the First Amendment of the U.S. Constitution.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
3:16-md-02741-VC & 3:19-cv-03836-VC

18.     Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Florida Constitution and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Florida law and/or other applicable state laws.

20.     Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law, including Fla. Stat. § 768.73.  Monsanto would further show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under Fla. Stat. § 768.73 would be a violation of Monsanto's state and federal constitutional rights.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's and/or decedent's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's and/or decedent's own failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     If plaintiff and/or decedent have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

25.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize or limit such claims.

26.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

27.     Plaintiff's claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

28.     To the extent that plaintiff or decedent recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76.

29.     In accordance with Fla. Stat. § 768.1257, plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.


DATED:  July 15, 2019                              Respectfully submitted,


                                                   /s/ Joe G. Hollingsworth
                                                   Joe G. Hollingsworth (*pro hac vice*)
                                                   (jhollingsworth@hollingsworthllp.com)
                                                   Eric G. Lasker (*pro hac vice*)
                                                   (elasker@hollingsworthllp.com)
                                                   HOLLINGSWORTH LLP
                                                   1350 I Street, N.W.
                                                   Washington, DC  20005
                                                   Telephone:  (202) 898-5800
                                                   Facsimile:   (202) 682-1639

                                                   *Attorneys for Defendant*
                                                   *MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
3:16-md-02741-VC & 3:19-cv-03836-VC