**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Ian M. Bodin v. Monsanto Co.*,<br>Case No. 3:19-cv-04010-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Although many paragraphs in the Complaint refer to "Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as if brought by plaintiff Ian M. Bodin.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3.      Monsanto admits the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's Complaint.

5.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 that plaintiff purchased Roundup®-branded products in Louisiana and therefore denies those allegations.  The remaining allegations in paragraph 5 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies those allegations.

6.      In response to the allegations in the first sentence of paragraph 6, Monsanto admits that it sells Roundup®-branded products in Louisiana.  The final sentence in paragraph 6 sets forth conclusions of law for which no response is required.  The remaining allegations in paragraph 6 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 regarding whether plaintiff was exposed to Roundup®-branded products and, if so, where that exposure occurred and therefore denies those allegations. The remaining allegations in paragraph 7 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits that venue is proper in the Eastern District of Louisiana based upon the allegations in plaintiff's Complaint.

- 2 -

8.      In response to the allegations in paragraph 8, Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

10.      Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 10 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

11.      Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate.  The remaining allegations in paragraph 11 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore denies those allegations.

12.      Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 12 comprise attorney characterizations and are accordingly denied.

13.      Monsanto admits the allegations in paragraph 13.

14.      Monsanto generally admits the allegations in paragraph 14, but denies the allegations in paragraph 14 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

15.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

- 3 -

16.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 16 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 16.

17.     In response to the allegations in the first sentence of paragraph 17, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto admits the allegations in the second sentence of paragraph 17.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 and therefore denies those allegations.

18.     Monsanto states that the term "In all this time" is vague and ambiguous, and Monsanto therefore denies the same.  Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 18.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 19.

20.     In response to the allegations in paragraph 20, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     The allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Louisiana for sale and distribution.

23.     In response to the allegations in paragraph 23, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 23 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 23 set forth conclusions of law for which no answer is required.

24.     Monsanto denies the allegations in paragraph 24 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 24 set forth conclusions of law for which no response is required.

25.     In response to the allegations in paragraph 25, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04010-VC

humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  In addition, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04010-VC

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies those allegations.

26.      In response to the allegations in paragraph 26, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 26 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

27.      In response to the allegations in paragraph 27, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 27 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

28.      Monsanto denies the allegations in paragraph 28.

29.      In response to the allegations in paragraph 29, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 29 to the extent that they

suggest that this ruling was in any way related to plaintiff's claims here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 29.

30.     Monsanto denies the allegations in paragraph 30.

31.     In response to the allegations in paragraph 31, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 31 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations.

32.     Monsanto admits the allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 33 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and therefore denies those allegations.

34.     Monsanto states that the term "toxic" as used in paragraph 34 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 34.

35.     Monsanto admits the allegations in the first sentence of paragraph 35.  In response to the allegations in the second sentence of paragraph 35, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the remaining allegations in paragraph 35.

36.     In response to the allegations in the first sentence of paragraph 36, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 36 characterizes the meaning of the cited study, Monsanto denies the allegations in paragraph 36.

- 8 -

37.     In response to the allegations in paragraph 37, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 37.

38.     In response to the allegations in paragraph 38, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 38 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 38.

39.     Monsanto denies the allegations in paragraph 39.

40.     In response to the allegations in paragraph 40, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 40 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 41 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 41.

42.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 42.

43.     Monsanto denies the allegations in paragraph 43.

44.     Monsanto denies the allegations in paragraph 44.

45.     Monsanto denies the allegations in paragraph 45.

46.     Monsanto denies the allegations in paragraph 46.

47.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 47.

48.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 and therefore denies those allegations.

49.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

50.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

51.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 51 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

52.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 52, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 52 comprise attorney characterizations and are accordingly denied.

53.     Monsanto denies the allegations in paragraph 53.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

54.     In response to the allegations in paragraph 54, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04010-VC

required, the allegations in paragraph 54 comprise attorney characterizations and are accordingly denied.

55.     Monsanto denies the allegations in paragraph 55.

56.     The allegations in paragraph 56 comprise attorney characterizations and are accordingly denied.

57.     Monsanto admits the allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 58 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 59.

60.     The allegations in paragraph 60 are vague and ambiguous and are accordingly denied.

61.     In response to the allegations in paragraph 61, Monsanto states that the cited document speaks for itself and does not require a response.

62.     In response to the allegations in paragraph 62, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 62 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 62.

63.     Monsanto denies the allegations in paragraph 63.

1   64.   In response to the allegations in paragraph 64, Monsanto states that the cited

2   document speaks for itself and does not require a response.  Monsanto otherwise denies the

3   allegations in paragraph 64

4   65.   Monsanto admits that there is no reliable evidence that Roundup®-branded

5   products are genotoxic.  Monsanto otherwise denies the allegations in paragraph 65.

6   66.   Monsanto denies the allegations in paragraph 66.

7   67.   Monsanto denies the allegations in paragraph 67.

8   68.   Monsanto denies the allegations in paragraph 68.

9   69.   Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

10   exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 69.

11   70.   Monsanto denies the allegations in paragraph 70.

12   71.   Monsanto denies the allegations in paragraph 71.

13   72.   Monsanto admits the allegations in paragraph 72.

14   73.   Monsanto denies the allegations in paragraph 73.

15   74.   Monsanto admits the allegations in paragraph 74.

16   75.   Monsanto denies the allegations in paragraph 75.

17   76.   Monsanto denies the allegations in paragraph 76.

18   77.   Monsanto denies the allegations in paragraph 77.

19   78.   Monsanto denies the allegations in paragraph 78.

20   79.   Monsanto denies the allegations in paragraph 79.

21   80.   Monsanto denies the allegations in paragraph 80.

22   81.   Monsanto denies the allegations in paragraph 81.

23   82.   Monsanto admits that independent experts and regulatory agencies agree that

24   there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

25   products and admits that it has made statements reflecting this fact.  Monsanto denies the

26   remaining allegations in paragraph 82.

27

28

83.     In response to the allegations in paragraph 83, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 83.

84.     In response to the allegations in paragraph 84, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

85.     In response to the allegations in paragraph 85, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto lacks sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 97 and therefore denies those allegations.

98.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 98 and therefore denies those allegations.

99.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore denies those allegations.

100.     Monsanto denies the allegations in paragraph 100.

101.     Monsanto denies that any exposure to Roundup®-branded products can cause non-Hodgkin's lymphoma ("NHL") and other serious illnesses and therefore denies the allegations in paragraph 101. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 101 and therefore denies those allegations.

102.     Monsanto denies that any exposure to Roundup®-branded products can cause cancer and other serious illnesses and therefore denies those allegations in paragraph 102. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 102 regarding plaintiff's knowledge and therefore denies those allegations.

103.     In response to the allegations in paragraph 103, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that glyphosate is injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

104.     In response to the allegations in paragraph 104, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health.  The remaining allegations in paragraph 104 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04010-VC

105.    In response to the allegations in paragraph 105, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 105 and therefore denies those allegations.

106.    The allegations in paragraph 106 set forth conclusions of law for which no response is required.

107.    Monsanto denies the allegations in paragraph 107.

108.    Monsanto denies the allegations in the first sentence of paragraph 108.  In response to the allegations in the second sentence of paragraph 108, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic, and non-genotoxic when used in accordance with the product's EPA approved labeling.

109.    The allegations in paragraph 109 set forth conclusions of law for which no response is required.

110.    Monsanto denies the allegations in paragraph 110.

111.    The allegations in paragraph 111 set forth conclusions of law for which no response is required.

112.    Monsanto incorporates by reference its responses to paragraphs 1 through 111 in response to paragraph 112 of plaintiff's Complaint.

113.    The allegations in paragraph 113 set forth conclusions of law for which no response is required.

114.    Monsanto denies the allegations in paragraph 114.

115.    Monsanto denies the allegations in paragraph 115, including each of its subparts.

116.    Monsanto denies the allegations in paragraph 116.

117.    Monsanto denies the allegations in paragraph 117.

118.    Monsanto denies the allegations in paragraph 118, including each of its subparts.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04010-VC

1   119.   Monsanto denies the allegations in paragraph 119.

2   120.   Monsanto denies the allegations in paragraph 120.

3   121.   Monsanto denies the allegations in paragraph 121.

4   122.   Monsanto denies the allegations in paragraph 122.

5   123.   Monsanto incorporates by reference its responses to paragraphs 1 through 122 in

6   response to paragraph 123 of plaintiff's Complaint.

7   124.   Monsanto lacks information or knowledge sufficient to form a belief as to the

8   truth of the allegations in paragraph 124 and therefore denies those allegations.

9   125.   Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 125 and therefore denies those allegations.

11   126.   Monsanto denies the allegations in paragraph 126.

12   127.   Monsanto denies the allegations in paragraph 127.

13   128.   Monsanto denies the allegations in paragraph 128.

14   129.   Monsanto denies the allegations in paragraph 129, including each of its subparts.

15   130.   Monsanto denies the allegations in paragraph 130.

16   131.   Monsanto denies that Roundup®-branded products have "dangerous

17   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

18   truth of the remaining allegations in paragraph 131 and therefore denies those allegations.

19   132.   Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 132 and therefore denies those allegations.

21   133.   Monsanto denies the allegations in paragraph 133.

22   134.   The allegations in paragraph 134 set forth conclusions of law for which no

23   response is required.

24   135.   Monsanto denies the allegations in paragraph 135.

25   136.   Monsanto denies the allegations in paragraph 136.

26   137.   Monsanto denies the allegations in paragraph 137.

27

- 16 -

28

1   138.   Monsanto denies the allegations in paragraph 138.

2   139.   Monsanto denies the allegations in paragraph 139.

3   140.   Monsanto denies the allegations in paragraph 140.

4   141.   Monsanto denies the allegations in paragraph 141.

5   142.   Monsanto denies the allegations in paragraph 142.

6   143.   Monsanto denies the allegations in paragraph 143.

7   144.   Monsanto denies the allegations in paragraph 144.

8   145.   Monsanto denies the allegations in paragraph 145.

9   146.   Monsanto incorporates by reference its responses to paragraphs 1 through 145 in

10   response to paragraph 146 of plaintiff's Complaint.

11   147.   The allegations in paragraph 147 set forth conclusions of law for which no

12   response is required.

13   148.   Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in paragraph 148 and therefore denies those allegations.

15   149.   Monsanto denies the allegations in paragraph 149.  All labeling of Roundup®-

16   branded products has been and remains EPA-approved and in compliance with all federal

17   requirements under FIFRA.

18   150.   Monsanto denies the allegations in paragraph 150.

19   151.   Monsanto denies the allegations in paragraph 151.  All labeling of Roundup®-

20   branded products has been and remains EPA-approved and in compliance with all federal

21   requirements under FIFRA.

22   152.   Monsanto denies the allegations in paragraph 152.  All labeling of Roundup®-

23   branded products has been and remains EPA-approved and in compliance with all federal

24   requirements under FIFRA and with Louisiana law.

25   153.   Monsanto denies the allegations in paragraph 153.

- 17 -

154.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 154 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 154.

155.    The allegations in paragraph 155 set forth conclusions of law for which no response is required.

156.    Monsanto denies the allegations in paragraph 156.

157.    Monsanto denies the allegations in paragraph 157.

158.    Monsanto denies the allegations in paragraph 158.

159.    Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 159.

160.    The allegations in paragraph 160 set forth conclusions of law for which no response is required.

161.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 161 and therefore denies those allegations.

162.    Monsanto denies the allegations in paragraph 162.

163.    Monsanto denies the allegations in paragraph 163.

164.    Monsanto denies the allegations in paragraph 164.

165.    Monsanto denies the allegations in paragraph 165.

166.    Monsanto denies the allegations in paragraph 166.

167.    Monsanto incorporates by reference its responses to paragraphs 1 through 166 in response to paragraph 167 of plaintiff's Complaint.

168.    Monsanto denies the allegations in paragraph 168.

169.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 169 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 169 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04010-VC

1    170.    Monsanto denies the allegations in paragraph 170.  All labeling of Roundup®-

2    branded products has been and remains EPA-approved and in compliance with all federal

3    requirements under FIFRA.

4    171.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 171 regarding plaintiff's reliance and therefore denies those

6    allegations.  The remaining allegations in paragraph 171 set forth conclusions of law for which

7    no response is required.

8    172.    Monsanto denies the allegations in the second and third sentences of paragraph

9    172.  The remaining allegations in paragraph 172 set forth conclusions of law for which no

10   response is required.

11   173.    Monsanto denies the allegations in paragraph 173.

12   174.    Monsanto denies the allegations in paragraph 174.

13   175.    Monsanto denies the allegations in paragraph 175.

14   176.    Monsanto denies the allegations in paragraph 176.  All labeling of Roundup®-

15   branded products has been and remains EPA-approved and in compliance with all federal

16   requirements under FIFRA.

17   177.    Monsanto denies the allegations in paragraph 177.

18   178.    The allegations in paragraph 178 set forth conclusions of law for which no

19   response is required.

20   In response to the "WHEREFORE" paragraph following paragraph 178, Monsanto

21   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

22   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

23   fees as allowed by law and such further and additional relief as this Court may deem just and

24   proper.

25   Every allegation in the Complaint that is not specifically and expressly admitted in this

26   Answer is hereby specifically and expressly denied.

27

- 19 -

28

1

## SEPARATE AND AFFIRMATIVE DEFENSES

2      1.     This case is governed by the exclusive provisions of the Louisiana Products

3 Liability Act (La. R.S. 9:2800.51, *et seq.*) ("LPLA").  Any theories of recovery that fall outside

4 of the LPLA's provisions are therefore subject to dismissal.

5      2.     Monsanto affirmatively pleads the applicability of the LPLA and specifically

6 avers that plaintiff is not entitled to recovery under any of the exclusive theories of liability set

7 forth in the Act.

8      3.     The Complaint, in whole or part, fails to state a claim or cause of action upon

9 which relief can be granted.

10      4.     Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

11 reliable evidence that the products at issue were defective or unreasonably dangerous.

12      5.     Any alleged negligent or culpable conduct of Monsanto, none being admitted,

13 was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

14 plaintiff's alleged injuries.

15      6.     Plaintiff's claims are barred, in whole or in part, because the products at issue

16 were designed, manufactured, marketed and labeled with proper warnings, information, cautions

17 and instructions, in accordance with the state of the art and the state of scientific and

18 technological knowledge.

19      7.     Plaintiff's claims are barred, in whole or in part, because the products at issue

20 were not defective or unreasonably dangerous in that they complied with, at all relevant times,

21 all applicable government safety standards.

22      8.     Plaintiff's claims are preempted, in whole or in part, by applicable federal law

23 relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

24 processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

25      9.     Any claims based on allegations that Monsanto misled, defrauded, made

26 misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

27

28

- 20 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04010-VC

*See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

10.     Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims in whole or in part.

14.     Applicable statutes of limitations and/or repose, or prescriptive periods, bar plaintiff's claims in whole or in part.

15.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

16.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

17.     Monsanto has no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

- 21 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04010-VC

18.     Monsanto did not make any warranties to plaintiff nor did it breach any express or implied warranties and/or breach any warranties created by law.  To the extent that plaintiff relies on any theory of breach of warranty, such claims are barred by applicable law, and for lack of privity with Monsanto and/or failure of plaintiff, or his representatives, to give timely notice to Monsanto of any alleged breach of warranty.  Monsanto further specifically pleads as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code existing and which may arise in the future.

19.     Monsanto specifically avers that the product possessed no characteristic that rendered it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA (La. R.S. 9:2800.54).

20.     Monsanto asserts all allowable defenses under the LPLA, La. R.S. 9:2800.51, *et seq.*, including but not limited to the applicability of La. R.S. 9:2800.59(A)(1), (2), (3), and (B).

21.     Should plaintiff recover under any claims under the LPLA, a recovery of attorney's fees for plaintiff is barred under the provisions of that statute.

22.     Plaintiff's claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

23.     Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Louisiana Constitution, and/or other applicable state constitutions.

24.     Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of punitive damages under Louisiana law, and/or other applicable state laws.

25.     Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law, including La. Rev. Stat. § 9:2800.52, *et seq.*

26.     Plaintiff's claims for punitive damages are barred under Louisiana Civil Code Article 3546.

27.      Plaintiff's causes of action are barred because of plaintiff's contributory/comparative negligence.

28.      To the extent plaintiff's claims are based on conduct that pre-dates 1996, Louisiana's comparative negligence regime may not apply, and plaintiff's claims may be barred by contributory negligence.

29.      To the extent plaintiff's claims are based on conduct that pre-dates 1989, plaintiff's claims under the LPLA may be barred.

30.      Plaintiff's causes of action are barred in whole or in part by plaintiff's failure to mitigate damages.

31.      Plaintiff's causes of action are barred in whole or in part by the sophisticated user doctrine.

32.      Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

33.      If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

34.      Plaintiff's common law claims are barred, in whole or part, by application of the LPLA, La. Rev. Stat. Ann. § 9:2800.51 *et seq.*

35.      Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits such claims.

36.      Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

37.      Monsanto has no liability to plaintiff under any theory of redhibition to the extent that plaintiff failed to tender any product allegedly sold by Monsanto that allegedly contained a redhibitory defect and has not made an amicable demand upon Monsanto.

38.      Monsanto has no liability to plaintiff under any theory of redhibition to the extent that plaintiff has waived plaintiff's redhibition rights.

39.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

<u>**JURY TRIAL DEMAND**</u>

Monsanto demands a jury trial on all issues so triable.

DATED:  July 22, 2019                          Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04010-VC