Richard M. Paul III
Ashlea Schwarz
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Phone: 816-984-8100
Fax: 816-984-8101
rick@paulllp.com
ashlea@paulllp.com

Christopher M. Ellis
**BOLEN ROBINSON & ELLIS, LLP**
202 S. Franklin, 2nd Floor
Decatur, Illinois 62523
Phone: 217-429-4296
Fax: 217-329-0034
cellis@brewlaw.com

**Counsel for Plaintiff
Mary Ellen Goodbred**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION**<br><br>This document relates to:<br><br>MARY ELLEN GOODBRED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MONSANTO COMPANY,<br><br>　　　　Defendant. | MDL No. 2741<br><br>Case No.<br><br>**SHORT FORM COMPLAINT** |

### **SHORT FORM COMPLAINT**

Pursuant to Pretrial Order (PTO) 149, in which the Court ordered multi-plaintiff complaints in this MDL be severed, and PTO 155, in which the parties were ordered to sever the plaintiffs in the

case captioned *Goodbred, et al. v. Monsanto*, No. 16-cv-06010, Plaintiff Mary Ellen Goodbred provides the following allegations:

1. This case is brought on behalf of Plaintiff Mary Ellen Goodbred ("Plaintiff").

2. Plaintiff first filed her case against Defendant Monsanto Company on May 2, 2017, in the Northern District of California.

3. Plaintiff incorporates by reference, as if fully set forth and alleged herein, the allegations contained in the Amended Complaint in *Larry Goodbred and Mary Ellen Goodbred, Husband and Wife v. Monsanto Company*, United States District Court for the Northern District of California, Case No. 3:16-cv-06010-VC.[1]

4. At the time the matter was originally filed on or about May 2, 2017, Plaintiff was a resident of Tonica, Illinois.

5. Plaintiff is a current resident of Tonica, Illinois.

6. Plaintiff was diagnosed with Non-Hodgkin's Follicular Lymphoma in approximately January 2017.

7. Plaintiff resided in Illinois at the time she was diagnosed with Non-Hodgkin's Lymphoma (NHL).

8. Plaintiff received medical treatment related to her diagnosis of NHL in Illinois and in Minnesota.

9. This case properly lies in the United States District Court for the Northern District of Illinois under 735 Ill. Comp. Stat. 5/2-209(a)(1) and (b)(4) because Monsanto transacts business in Illinois and is a corporation doing business within Illinois. Monsanto knows that its Roundup products are and were sold throughout Illinois, and, more specifically, caused Roundup to be sold to Plaintiff in

---

[1] Consistent with PTO 155, Plaintiff Larry Goodbred is the lead plaintiff and thus is not filing a new individual Short Form Complaint.

Illinois. In addition, Monsanto maintains sufficient contacts with the State of Illinois such that the Court's exercise of personal jurisdiction over it does not offend traditional notions of fair play and substantial justice.

10. Monsanto advertises and sells goods, specifically Roundup, throughout Illinois. It derived substantial revenue from goods and products used in Illinois. It expected its acts to have consequences within Illinois and derived substantial revenue from interstate commerce. Specific to this case, Monsanto engaged in the business of developing, manufacturing, testing, packaging, marketing, distributing, labeling, and selling Roundup. Monsanto purposefully availed itself of the privilege of conducting activities within Illinois, thus invoking the benefits and protections of its laws.

11. Jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant. Monsanto is a citizen of Delaware (where it is incorporated) and Missouri (where it has its principal place of business). Plaintiff is a citizen of Illinois, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(2) because Plaintiff was exposed to Roundup in Northern District of Illinois.

13. Plaintiff is an Illinois farmer who regularly used and was exposed to Roundup for more than 30 years from approximately 1980 until 2014.

14. During that time, Plaintiff regularly used Roundup to help control various weeds in her personal yard and garden.

15. Also, during that time, Plaintiff regularly used Roundup and was exposed to Roundup while she and her husband used it to control insects and weeds on their farm.

16. Plaintiff was exposed to Roundup in and around Tonica, Illinois.

17. Plaintiff brings claims against Monsanto under the following theories of liability: Negligence, Strict Products Liability (Design Defect), Strict Products Liability (Failure to Warn), Breach of Warranties, and Breach of Implied Warranty of Merchantability (810 Ill. Comp. Stat. 5/2-314).

Dated:  July 29, 2019

Respectfully Submitted,

/s/ Richard M. Paul III
Richard M. Paul III
Ashlea Schwarz
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Phone: 816-984-8100
Fax: 816-984-8101
rick@paulllp.com
ashlea@paulllp.com

Christopher M. Ellis
**BOLEN ROBINSON & ELLIS, LLP**
202 S. Franklin, 2nd Floor
Decatur, Illinois 62523
Phone: 217-429-4296
Fax: 217-329-0034
cellis@brewlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the July 29, 2019, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties of record.

/s/ Richard M. Paul III