**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |

This document relates to:

*Dea Anna Schumacher, et al.,*
*v. Monsanto Co. and John Does 1-100,*
Case No. 3:19-cv-04165-VC

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint ("the Complaint"), except as set forth below. Additionally, to the extent plaintiffs' allegations are directed towards both Monsanto and the collective "John Doe" co-defendants, Monsanto only purports to answer plaintiffs' allegations as to Monsanto and not as to the co-defendants.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.    Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiffs' Complaint.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.      The allegations in the first sentence of paragraph 8 set forth conclusions of law for which no response is required.  In response to the allegations in the final sentence of paragraph 8, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

9.      Monsanto admits that the Judicial Panel on Multidistrict Litigation ordered that federal court lawsuits filed by plaintiffs alleging that Roundup®-branded products caused them to develop non-Hodgkin's lymphoma be transferred to this Court for coordinated or consolidated pretrial proceedings.  *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 2016 WL 5845994 (J.P.M.L. Oct. 3, 2016).  Monsanto denies the remaining allegations in paragraph 9.

10.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 10 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 10.

11.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 11 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 11.

12.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 12 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 12.

13.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 13 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 13.

14.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 14 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 14.

15.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 15 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 15.

16.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 16 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 16.

17.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 17 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 17.

18.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 18 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 18.

19.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 19 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 19.

20.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 20 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 20.

21.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 21 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 21.

22.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 22 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 22.

23.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 23 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 23.

24.     Monsanto admits the allegations in paragraph 24.

25.     The allegations in paragraph 25 are not directed at Monsanto and therefore no answer is required.  To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 25.

26.     Monsanto denies the allegations in paragraph 26.

27.     Monsanto admits the allegations in paragraph 27.

28.     Monsanto admits the allegations in paragraph 28 but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

29.     The allegations in paragraph 29 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

30.     In response to the allegations in paragraph 30, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. Monsanto admits that it and affiliated companies have operations and offices in countries around the world.  Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 30.  Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto

1    lacks information or knowledge sufficient to form a belief as to the accuracy of the specific

2    numbers and statistics provided in the remaining sentences of paragraph 30 and therefore denies

3    those allegations.

4         31.    In response to the allegations in paragraph 31, Monsanto admits that its

5    glyphosate products are registered in at least 130 countries and approved for use on over 100

6    different crops.  Monsanto admits that certain studies have reported that glyphosate is found at *de*

7    *minimis* levels significantly below regulatory safety limits in various locations and media.

8    Monsanto denies the remaining allegations in paragraph 31.

9         32.    Monsanto admits the allegations in the first sentence of paragraph 32.  Monsanto

10   denies the allegations in the second sentence of paragraph 32 to the extent they suggest that the

11   International Agency for Research on Cancer ("IARC") based its evaluation on a complete or

12   accurate assessment of the scientific research regarding glyphosate.

13        33.    Monsanto admits the allegations in the first sentence of paragraph 33.  Monsanto

14   denies the allegations in the second sentence of paragraph 33.

15        34.    In response to the allegations in paragraph 34, Monsanto admits that the IARC

16   working group classified glyphosate under Group 2A.  Monsanto denies the remaining

17   allegations in paragraph 34.

18        35.    Monsanto denies the allegations in paragraph 35.

19        36.    In response to the allegations in paragraph 36, Monsanto admits that glyphosate

20   repeatedly has been found to be safe to humans and the environment by regulators in the United

21   States and around the world and further admits that it has labeled glyphosate products as

22   approved by regulatory bodies consistent with those findings.  Monsanto also admits that the

23   United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to

24   the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based

25   herbicides create no unreasonable risk to human health or to the environment when used in

26   accordance with the label.  To the extent that paragraph 36 alleges that Monsanto has labeled

27   glyphosate or Roundup®-branded herbicides in any manner different or in addition to such

28   regulatory approval, Monsanto denies such allegations.

37.     In response to the allegations in paragraph 37, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 37 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies those allegations.

38.     Monsanto generally admits the allegations in the first sentence of paragraph 38, but denies the allegations in the first sentence of paragraph 38 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA. Monsanto denies the allegations in the second sentence of paragraph 38 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  Monsanto denies the allegations in the third sentence of paragraph 38 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

39.     In response to the allegations in paragraph 39, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 39.

40.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 40.

41.     Monsanto admits the allegations in the first two sentences of paragraph 41 and admits that at all relevant times it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto denies the remaining allegations in paragraph 41.

42.     The allegations in paragraph 42 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 43 set forth conclusions of law for which no response is required.

44.     The allegations in paragraph 44 set forth conclusions of law for which no response is required.

45.     In response to the allegations in paragraph 45, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution United States.

46.     In response to the allegations in paragraph 46, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 46 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 46 set forth conclusions of law for which no answer is required.

47.     Monsanto denies the allegations in paragraph 47 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 47 set forth conclusions of law for which no response is required.

48.     In response to the allegations in paragraph 48, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

1   concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

2   humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

3   posted an October 2015 final report by its standing Cancer Assessment Review Committee

4   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

5   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

6   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

7   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

8   humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

9   of the remaining allegations in paragraph 48 and therefore denies those allegations.

10          49.     In response to the allegations in paragraph 49, Monsanto admits that the New

11  York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

12  advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

13  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

14  General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

15  the subparts purport to quote a document, the document speaks for itself and thus does not

16  require any further answer.  The remaining allegations in paragraph 49 are vague and conclusory

17  and comprise attorney characterizations and are accordingly denied.

18          50.     In response to the allegations in paragraph 50, Monsanto admits it entered into an

19  assurance of discontinuance with the New York Attorney General.  The assurance speaks for

20  _____

21  [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
22  document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
23  potential.

24  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the
25  Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

26  [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/
27  document?D=EPA-HQ-OPP-2016-0385-0528.

28

itself and thus does not require any further answer.  The remaining allegations in paragraph 50 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

51.     Monsanto denies the allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 52 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 52.

53.     Monsanto denies the allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 54.

54. Monsanto states that the term "toxic" as used in paragraph 55 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 55.

56. Monsanto admits the allegations in paragraph 56.

57. In response to the allegations in paragraph 57, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 57.

58. In response to the allegations in paragraph 58, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 58 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 58.

59. In response to the allegations in paragraph 59, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 59.

60. In response to the allegations in paragraph 60, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 60 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 60.

61. Monsanto denies the allegations in paragraph 61.

- 10 -

62.     In response to the allegations in paragraph 62, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 62 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 62.

63.     In response to the allegations in paragraph 63, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 63 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 63.

64.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 64.

65.     Monsanto denies the allegations in paragraph 65.

66.     Monsanto denies the allegations in paragraph 66.

67.     Monsanto denies the allegations in paragraph 67.

68.     Monsanto denies the allegations in paragraph 68.

69.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 69.

70.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

71.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 71 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

72.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 72 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

73.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 73, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 73 comprise attorney characterizations and are accordingly denied.

74.     In response to the allegations in paragraph 74, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 74 comprise attorney characterizations and are accordingly denied.

75.     In response to the allegations in paragraph 75, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 75 comprise attorney characterizations and are accordingly denied.

76.     Monsanto denies the allegations in paragraph 76.

77.     The allegations in paragraph 77 comprise attorney characterizations and are accordingly denied.

78.     Monsanto admits the allegations in paragraph 78.

79.     In response to the allegations in paragraph 79, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 79 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 79.

80.     In response to the allegations in the first sentence of paragraph 80, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in the first sentence of paragraph 80. The allegations in the second

1   sentence in paragraph 80 are vague and ambiguous and are accordingly denied. In response to

2   the allegations in the last sentence of paragraph 80, Monsanto states that the cited document

3   speaks for itself and does not require a response.

4       81.     In response to the allegations in paragraph 81, Monsanto states that the cited

5   document speaks for itself and does not require a response.  To the extent that paragraph 81

6   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

7   paragraph 81.

8       82.     Monsanto denies the allegations in paragraph 82.

9       83.     In response to the allegations in paragraph 83, Monsanto states that the cited

10  document speaks for itself and does not require a response.  Monsanto otherwise denies the

11  allegations in paragraph 83.

12      84.     Monsanto admits that there is no reliable evidence that Roundup®-branded

13  products are genotoxic, and that regulatory authorities and independent experts agree that

14  Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

15  paragraph 84.

16      85.     Monsanto denies the allegations in paragraph 85.

17      86.     Monsanto denies the allegations in paragraph 86.

18      87.     Monsanto denies the allegations in paragraph 87.

19      88.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

20  exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 88.

21      89.     Monsanto denies the allegations in paragraph 89.

22      90.     Monsanto denies the allegations in paragraph 90.

23      91.     Monsanto admits the allegations in paragraph 91.

24      92.     Monsanto denies the allegations in paragraph 92.

25      93.     Monsanto admits the allegations in paragraph 93.

26      94.     Monsanto denies the allegations in paragraph 94.

27      95.     Monsanto denies the allegations in paragraph 95.

28      96.     Monsanto denies the allegations in paragraph 96.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-04165-VC

1    97.    Monsanto denies the allegations in paragraph 97.

2    98.    Monsanto denies the allegations in paragraph 98.

3    99.    Monsanto denies the allegations in paragraph 99.

4    100.    Monsanto denies the allegations in paragraph 100.

5    101.    In response to the allegations in paragraph 101, Monsanto admits that independent

6    experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity

7    in glyphosate and Roundup®-branded products and admits that it has made statements reflecting

8    this fact.  Monsanto denies the remaining allegations in paragraph 101.

9    102.    In response to the allegations in paragraph 102, Monsanto admits that Roundup®-

10   branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

11   the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

12   102.

13   103.    Monsanto denies the allegations in paragraph 103.

14   104.    Monsanto denies the allegations in paragraph 104.

15   105.    Monsanto denies the allegations in paragraph 105.

16   106.    Monsanto denies the allegations in paragraph 106.

17   107.    Monsanto denies the allegations in paragraph 107.

18   108.    Monsanto denies the allegations in paragraph 108.

19   109.    Monsanto denies the allegations in paragraph 109.

20   110.    Monsanto denies the allegations in paragraph 110.

21   111.    Monsanto denies the allegations in paragraph 111.

22   112.    Monsanto denies the allegations in paragraph 112.

23   113.    Monsanto denies the allegations in paragraph 113.

24   114.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25   truth of the allegations in paragraph 114 and therefore denies those allegations.

26   115.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 115 and therefore denies those allegations.

28

- 14 -

1    116.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 116 and therefore denies those allegations.

3    117.    Monsanto denies the allegations in paragraph 117.

4    118.    Monsanto incorporates by reference its responses to paragraphs 1 through 117 in

5    response to paragraph 118 of plaintiffs' Complaint.

6    119.    Monsanto denies the allegations in paragraph 119 that exposure to Roundup®-

7    branded products and glyphosate exposed plaintiffs and/or plaintiffs' decedents to risk of their

8    alleged cancers and denies that exposure to Roundup®-branded products did or could have

9    caused plaintiffs' and/or plaintiffs' decedents' alleged cancers.  Monsanto states, however, that

10   the scientific studies upon which IARC purported to base its classification were all publicly

11   available before March 2015.  The remaining allegations in paragraph 119 set forth conclusions

12   of law for which no response is required or consist of attorney characterizations and are

13   accordingly denied.

14   120.    Monsanto denies the allegation in paragraph 120 that exposure to Roundup®-

15   branded products and glyphosate exposed plaintiffs to risk of their alleged cancers.  Monsanto

16   states, however, that the scientific studies upon which IARC purported to base its classification

17   were all publicly available before March 2015.  The remaining allegations in paragraph 120 set

18   forth conclusions of law for which no response is required or consist of attorney

19   characterizations and are accordingly denied.

20   121.    Monsanto denies the allegations in paragraph 121 that exposure to Roundup®-

21   branded products and glyphosate exposed plaintiffs to risk of their alleged cancers and denies

22   that exposure to Roundup®-branded products did or could have caused plaintiffs' and/or

23   plaintiffs' decedents' alleged cancers.  Monsanto states, however, that the scientific studies upon

24   which IARC purported to base its classification were all publicly available before March 2015.

25   The remaining allegations in paragraph 121 set forth conclusions of law for which no response is

26   required, consist of attorney characterizations and are accordingly denied, or comprise

27   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

28   the truth of the allegations asserted and therefore denies those allegations.

1      122.    Monsanto denies the allegations in paragraph 122.

2      123.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

3  exposed plaintiffs and/or plaintiffs' decedents' to risk of their alleged cancer and denies the

4  remaining allegations in paragraph 123.  Monsanto states, however, that the scientific studies

5  upon which IARC purported to base its classification were all publicly available before March

6  2015.

7      124.    Monsanto denies the allegations in the first and last sentences of paragraph 124.

8  The remaining allegations in paragraph 124 set forth conclusions of law for which no response is

9  required.  Monsanto states, however, that the scientific studies upon which IARC purported to

10  base its classification were all publicly available before March 2015.

11     125.    In response to the allegations in paragraph 125, Monsanto denies that there is any

12  risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-

13  branded products and glyphosate.  The remaining allegations in paragraph 125 set forth

14  conclusions of law for which no response is required, consist of attorney characterizations and

15  are accordingly denied, or comprise allegations for which Monsanto lacks information or

16  knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore

17  denies those allegations.  Monsanto states, that the scientific studies upon which IARC purported

18  to base its classification were all publicly available before March 2015.

19     126.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

20  and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

21  branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

22  which IARC purported to base its classification were all publicly available before March 2015.

23  The remaining allegations in paragraph 126 set forth conclusions of law for which no response is

24  required, consist of attorney characterizations and are accordingly denied, or comprise

25  allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

26  the truth of the allegations asserted and therefore denies those allegations.

27     127.    Monsanto incorporates by reference its responses to paragraphs 1 through 126 in

28  response to paragraph 127 of plaintiffs' Complaint.

1    128.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 128 and therefore denies those allegations.

3    129.    The allegations in paragraph 129 set forth conclusions of law for which no

4    response is required.

5    130.    Monsanto denies the allegations in paragraph 130.

6    131.    Monsanto denies the allegations in paragraph 131, including each of its subparts.

7    132.    Monsanto denies the allegations in paragraph 132.

8    133.    Monsanto denies the allegations in paragraph 133.

9    134.    Monsanto denies the allegations in paragraph 134, including each of its subparts.

10    135.    Monsanto denies the allegations in paragraph 135.

11    136.    Monsanto denies the allegations in paragraph 136.

12    137.    Monsanto denies the allegations in paragraph 137.

13    138.    Monsanto denies the allegations in paragraph 138.

14    139.    In response to allegations in paragraph 139, Monsanto demands that judgment be

15    entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice;

16    and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and

17    such further and additional relief as this Court may deem just and proper.

18    140.    Monsanto incorporates by reference its responses to paragraphs 1 through 139 in

19    response to paragraph 140 of plaintiffs' Complaint.

20    141.    In response to the allegations in paragraph 141, Monsanto lacks information or

21    knowledge sufficient to form a belief as to the truth of the allegations that plaintiffs and/or

22    plaintiffs' decedents' used or were exposed to Roundup®-branded products and therefore denies

23    those allegations.  Monsanto denies the remaining allegations in paragraph 141.

24    142.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25    truth of the allegations in paragraph 142 and therefore denies those allegations.

26    143.    Monsanto denies the allegations in paragraph 143.

27    144.    Monsanto denies the allegations in paragraph 144.

28    145.    Monsanto denies the allegations in paragraph 145.

1    146.    Monsanto denies the allegations in paragraph 146, including each of its subparts.

2    147.    Monsanto denies the allegations in paragraph 147.

3    148.    Monsanto denies that Roundup®-branded products have "dangerous

4  characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

5  truth of the remaining allegations in paragraph 148 and therefore denies those allegations.

6    149.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7  truth of the allegations in paragraph 149 and therefore denies those allegations.

8    150.    Monsanto denies the allegations in paragraph 150.

9    151.    The allegations in paragraph 151 set forth conclusions of law for which no

10 response is required.

11    152.    Monsanto denies the allegations in paragraph 152.

12    153.    Monsanto denies the allegations in paragraph 153.

13    154.    Monsanto denies the allegations in paragraph 154.

14    155.    Monsanto denies the allegations in paragraph 155.

15    156.    Monsanto denies the allegations in paragraph 156.

16    157.    Monsanto denies the allegations in paragraph 157.

17    158.    Monsanto denies the allegations in paragraph 158.

18    159.    Monsanto denies the allegations in paragraph 159.

19    160.    Monsanto denies the allegations in paragraph 160.

20    161.    Monsanto denies the allegations in paragraph 161.

21    162.    In response to allegations in paragraph 162, Monsanto demands that judgment be

22 entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice;

23 and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and

24 such further and additional relief as this Court may deem just and proper.

25    163.    Monsanto incorporates by reference its responses to paragraphs 1 through 162 in

26 response to paragraph 163 of plaintiffs' Complaint.

27    164.    The allegations in paragraph 164 set forth conclusions of law for which no

28 response is required.

1      165.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2   truth of the allegations in paragraph 165 and therefore denies those allegations.

3      166.    Monsanto denies the allegations in paragraph 166.  All labeling of Roundup®-

4   branded products has been and remains EPA-approved and in compliance with all federal

5   requirements under FIFRA.

6      167.    Monsanto denies the allegations in paragraph 167.

7      168.    Monsanto denies the allegations in paragraph 168.  All labeling of Roundup®-

8   branded products has been and remains EPA-approved and in compliance with all federal

9   requirements under FIFRA.

10      169.    Monsanto denies the allegations in paragraph 169.  All labeling of Roundup®-

11   branded products has been and remains EPA-approved and in compliance with all federal

12   requirements under FIFRA.

13      170.    Monsanto denies the allegations in paragraph 170.

14      171.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations regarding plaintiffs' and/or plaintiffs' decedents' use history in paragraph

16   171 and therefore denies those allegations.  Monsanto denies the remaining allegations in

17   paragraph 171.

18      172.    The allegations in paragraph 172 set forth conclusions of law for which no

19   response is required.

20      173.    Monsanto denies the allegations in paragraph 173.

21      174.    Monsanto denies the allegations in paragraph 174.

22      175.    Monsanto denies the allegations in paragraph 175.

23      176.    Monsanto denies the allegations that Roundup®-branded products are defective

24   and accordingly denies the allegations in paragraph 176.

25      177.    The allegations in paragraph 177 set forth conclusions of law for which no

26   response is required.

27      178.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28   truth of the allegations in paragraph 178 and therefore denies those allegations.

179.    Monsanto denies the allegations in paragraph 179.

180.    Monsanto denies the allegations in paragraph 180.

181.    Monsanto denies the allegations in paragraph 181.

182.    Monsanto denies the allegations in paragraph 182.

183.    Monsanto denies the allegations in paragraph 183.

184.    In response to allegations in paragraph 184, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

185.    Monsanto incorporates by reference its responses to paragraphs 1 through 184 in response to paragraph 185 of plaintiffs' Complaint.

186.    Monsanto denies the allegations in paragraph 186.

187.    The allegations in paragraph 187 and each of its subparts set forth conclusions of law for which no response is required.

188.    In response to the allegations in paragraph 188, Monsanto denies that it has failed to properly disclose risks associated with Roundup®-branded products.  The remaining allegations in paragraph 188 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

189.    In response to the allegations in paragraph 189, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that paragraph 189 sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 189.

190.    Monsanto denies the allegations in the first and second sentences of paragraph 190.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence of paragraph 190 sets forth conclusions of law for which no response is required.

191.    The allegations in paragraph 191 set forth conclusions of law for which no response is required.

1   192.   Monsanto denies the allegations in paragraph 192.

2   193.   Monsanto denies the allegations in paragraph 193 and each of its subparts.

3   194.   Monsanto states that the allegation in paragraph 194 that Monsanto made an

4   express warranty sets forth a legal conclusion for which no response is required.  Monsanto lacks

5   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

6   in paragraph 194 and therefore denies those allegations.

7   195.   Monsanto denies the allegations in paragraph 195.

8   196.   Monsanto lacks information or knowledge sufficient to form a belief as to the

9   truth of the allegations in paragraph 196 regarding plaintiffs' and/or plaintiffs' decedents'

10  knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in

11  paragraph 196.

12  197.   Monsanto lacks information or knowledge sufficient to form a belief as to the

13  truth of the allegations in paragraph 197 and therefore denies those allegations.

14  198.   Monsanto denies the allegations in paragraph 198.

15  199.   Monsanto denies the allegations in paragraph 199.

16  200.   Monsanto denies the allegations in paragraph 200.

17  201.   Monsanto denies the allegations in paragraph 201.

18  202.   In response to the allegations in paragraph 202, Monsanto demands that judgment

19  be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with

20  prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

21  by law and such further and additional relief as this Court may deem just and proper.

22  203.   Monsanto incorporates by reference its responses to paragraphs 1 through 202 in

23  response to paragraph 203 of plaintiffs' Complaint.

24  204.   Monsanto denies the allegations in paragraph 204.  Additionally, the allegations

25  in the last sentence in paragraph 204 set forth conclusions of law for which no response is

26  required.

27  205.   Monsanto lacks information or knowledge sufficient to form a belief as to the

28  truth of the allegations in paragraph 205 concerning the plaintiffs' and/or plaintiffs' decedents'

1   claimed use of Roundup®-branded products and therefore denies those allegations.  The

2   remaining allegations in paragraph 205 set forth conclusions of law for which no response is

3   required.

4           206.    The allegations in paragraph 206 set forth conclusions of law for which no

5   response is required.

6           207.    Monsanto denies the allegations in paragraph 207.

7           208.    The allegation in paragraph 208 regarding a purported implied warranty sets forth

8   a conclusion of law for which no response is required.  Monsanto lacks information or

9   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

10  208 and therefore denies those allegations.

11          209.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 209 concerning the condition of any Roundup®-branded

13  product allegedly used by plaintiffs and/or plaintiffs' decedents' or about plaintiffs' and/or

14  plaintiffs' decedents' alleged uses of such product and therefore denies the allegations in

15  paragraph 209.

16          210.    Monsanto denies the allegations in paragraph 210.

17          211.    Monsanto denies the allegations in paragraph 211.

18          212.    Monsanto denies the allegations in paragraph 212.

19          213.    In response to the allegations in paragraph 213, Monsanto demands that judgment

20  be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with

21  prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

22  by law and such further and additional relief as this Court may deem just and proper.

23          214.    Monsanto incorporates by reference its responses to paragraphs 1 through 213 in

24  response to paragraph 214 of plaintiffs' Complaint.

25          215.    Monsanto denies the allegations in paragraph 215.

26          216.    Monsanto denies the allegations in paragraph 216. All labeling of Roundup®-

27  branded products has been and remains EPA-approved and in compliance with all federal

28  requirements under FIFRA.

217.    Monsanto denies the allegations in paragraph 217.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

218.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 218 regarding plaintiffs' and/or plaintiffs' decedents' knowledge or reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 218.

219.    Monsanto denies the allegations in paragraph 219.

220.    Monsanto denies the allegations in paragraph 220.

221.    Monsanto denies the allegations in paragraph 221.

222.    Monsanto denies the allegations in paragraph 222.

223.    Monsanto denies the allegations in paragraph 223.

224.    In response to the allegations in paragraph 224, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

225.    Monsanto incorporates by reference its responses to paragraphs 1 through 224 in response to paragraph 225 of plaintiffs' Complaint.

226.    Monsanto denies the allegations in paragraph 226.

227.    Monsanto denies the allegations in paragraph 227.

228.    Monsanto denies the allegations in paragraph 228.

229.    Monsanto denies the allegations in paragraph 229.

230.    Monsanto denies the allegations in paragraph 230.

231.    Monsanto denies the allegations in paragraph 231.

232.    Monsanto denies the allegations in paragraph 232.

233.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 233 regarding plaintiffs' and/or plaintiffs' decedents'

1   actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining

2   allegations in paragraph 233.

3          234.    Monsanto denies the allegations in paragraph 234.

4          235.    Monsanto denies the allegations in paragraph 235.  All labeling of Roundup®-

5   branded products has been and remains EPA-approved and in compliance with all federal

6   requirements under FIFRA.

7          236.    Monsanto denies the allegations in paragraph 236.

8          237.    In response to the allegations in paragraph 237 Monsanto demands that judgment

9   be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with

10  prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

11  by law and such further and additional relief as this Court may deem just and proper.

12         238.    The allegations in paragraph 238 set forth conclusions of law for which no

13  response is required.

14         In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

15  denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

16  damages, interest, costs, or any other relief whatsoever.

17         Every allegation in the Complaint that is not specifically and expressly admitted in this

18  Answer is hereby specifically and expressly denied.

19                        **SEPARATE AND AFFIRMATIVE DEFENSES**

20         1.    The Complaint, in whole or part, fails to state a claim or cause of action against

21  Monsanto upon which relief can be granted.

22         2.    Venue in the Eastern District of Missouri may be inconvenient.

23         3.    Plaintiffs' claims are improperly joined and should be severed.

24         4.    Plaintiffs' claims against Monsanto are barred because plaintiffs cannot proffer any

25  scientifically reliable evidence that the products at issue were defective or unreasonably

26  dangerous.

27

28

5.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' and/or plaintiffs' decedents' alleged injuries.

6.      Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.      Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9.      Plaintiffs' claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10.   Plaintiffs' claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.   Plaintiffs' claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.   Plaintiffs' claims against Monsanto are barred, in whole or in part, because plaintiffs' and/or plaintiffs' decedents' injuries, if any, were the result of conduct of plaintiffs, plaintiffs' decedents', independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening

1    and superseding causes of the alleged injuries, including but not limited to plaintiffs' and/or

2    plaintiffs' decedents' pre-existing medical conditions.

3        13.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j and

4    k, bar plaintiffs' claims against Monsanto in whole or in part.

5        14.   Applicable statutes of limitations and/or repose bar plaintiffs' claims against

6    Monsanto in whole or in part.

7        15.   Plaintiffs' and/or plaintiffs' decedents' misuse or abnormal use of the product or

8    failure to follow instructions bar plaintiffs' claims against Monsanto in whole or in part.

9        16.   If plaintiffs and/or plaintiffs' decedents suffered injuries or damages as alleged,

10   which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or

11   entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is

12   entitled to an assessment of the relative degree of fault of all such persons and entities; or (b)

13   resulted from diseases and/or causes that are not related or connected with any product sold,

14   distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or

15   diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs'

16   and/or plaintiffs' decedents' alleged injuries or damages.

17       17.   Monsanto had no legal relationship or privity with plaintiffs and/or plaintiffs'

18   decedents and owed no duty to them by which liability could be attributed to it.

19       18.   Monsanto made no warranties of any kind or any representations of any nature

20   whatsoever to plaintiffs and/or plaintiffs' decedents.  If any such warranties were made, which

21   Monsanto specifically denies, then plaintiffs and/or plaintiffs' decedents failed to give notice of

22   any breach thereof.

23       19.   Plaintiffs' claims against Monsanto are preempted in whole or part by the Freedom

24   of Speech Clause of the First Amendment of the U.S. Constitution.

25       20.   Plaintiffs' claims against Monsanto for punitive, exemplary, and/or treble damages

26   are barred because such an award would violate Monsanto's due process, equal protection and

27   other rights under the United States Constitution, the California Constitution, the Florida

28   Constitution, the Illinois Constitution, the Indiana Consitution, the Kansas Constitution, the

Michigan Constitution,  the New Jersey Constitution, the New York Constitution, the Ohio

Constitution; the Pennsylvania Constitution; the Washington Constitution and/or other applicable

state constitutions.

21.   Plaintiffs' claims against Monsanto for punitive, exemplary, and/or treble damages

are barred because plaintiffs have failed to allege conduct warranting imposition of such

damages under California law, Florida law, Illinois law, Indiana law, Kansas law, Michigan law,

New Jersey law, New York law, Ohio law, Pennsylvania law, Washington law, and/or other

applicable state laws.

22.   Plaintiffs' claims against Monsanto for punitive, exemplary, and/or treble damages

are barred and/or limited by operation of state and/or federal law, including Michigan law;

Washington law; Fla. Stat. § 768.73; Kan. Stat. § 60-3701; Missouri Revised Statute §

510.265.1; and Ohio Rev. Code Ann. § 2315.21.  Monsanto would further show that under the

facts of this case, however, an award of punitive damages consistent with the maximum awards

permitted under Fla. Stat. § 768.73 would be a violation of Monsanto's state and federal

constitutional rights.

23.   Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless,

fraudulent or done with a conscious disregard for the rights of plaintiffs, plaintiffs' decedents,

and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that

Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable

care at all times alleged in the Complaint, and plaintiffs' have failed to clearly establish any

entitlement to punitive, exemplary, and/or treble damages based on his allegations.

24.   Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiffs'

and/or plaintiffs' decedents' contributory/comparative negligence.

25.   Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiffs'

and/or plaintiffs' decedents' failure to mitigate damages.

26.   Plaintiffs' claims against Monsanto are barred in whole or in part by the

sophisticated user doctrine.

27.   To the extent that plaintiffs' or plaintiffs' decedents' recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute § 490.715, Fla. Stat. § 768.76, and NY CPLR § 4545.

28.   If plaintiffs and/or plaintiffs' decedents have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

29.   Plaintiffs' claims against Monsanto are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

30.   Plaintiffs' claims against Monsanto are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

31.   Plaintiffs' strict liability claims against Monsanto are barred in whole or in part, because Michigan does not recognize a cause of action for strict liability in tort.

32.   Plaintiffs' claims against Monsanto are barred, in whole or in part, by application of Fla. Stat. § 768.1256; Kan. Stat. Ann. § 60-3304(a); and Mich. Com. Laws § 600.2946 (4).

33.   In accordance with Fla. Stat. § 768.1257, plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

34.   Plaintiffs' common law claims against Monsanto are barred, in whole or part, by application of the Indiana Product Liability Act, Ind. Code Ann. § 34-20-1-1, *et seq.*; Kan. Stat. Ann. § 60-3302(c), *et seq.*; New Jersey Products Liability Act, N.J. Stat. Ann. § 2A:58C-1 through 58C-11; Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2307.80; and Wash. Rev. Code §§ 7.72.010-.060.

35.   Plaintiffs have failed to allege fraud with sufficient particularity.

36.   Monsanto hereby preserves any and all defenses under *Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (Pa. 2014).

37.  If plaintiffs or plaintiffs' decedents have been injured or damaged, no injury or damages being admitted, plaintiffs' claims against Monsanto for damages are limited by Kan. Stat. Ann. § 16-19a02(b)(1)-(2).

38.  Plaintiffs' recovery should be reduced in proportion to plaintiffs' or plaintiffs' decedents' fault and any recovery by plaintiffs should be barred if the plaintiffs' or plaintiffs' decedents' fault is equal to or greater than the total fault of all persons against whom a claim is made.  Kan. Stat. Ann. § 60-258a.

39.  Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

### JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED: August 5, 2019                    Respectfully submitted,


                                         /s/ Joe G. Hollingsworth
                                         Joe G. Hollingsworth (*pro hac vice*)
                                         (jhollingsworth@hollingsworthllp.com)
                                         Eric G. Lasker (*pro hac vice*)
                                         (elasker@hollingsworthllp.com)
                                         HOLLINGSWORTH LLP
                                         1350 I Street, N.W.
                                         Washington, DC  20005
                                         Telephone:   (202) 898-5800
                                         Facsimile:   (202) 682-1639

                                         *Attorneys for Defendant*
                                         *MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-04165-VC