**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Tamarra Matthews Johnson (*pro hac vice*)
(tmatthewsjohnson@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW 10th Floor
Washington, DC 20036
Tel:   202-847-4030
Fax:   202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**ARNOLD & PORTER KAYE SCHOLER LLP**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>All Cases | **MONSANTO COMPANY'S RESPONSE TO PRETRIAL ORDER NO. 168: PENDING MOTIONS TO SEAL** |

Monsanto submits this Response to the Court's tentative plan to unseal "all items on the docket for which a motion to seal is pending." Pretrial Order No. 168 ("PTO 168"). Certain of the motions to seal listed in PTO 168 pertain to documents that Monsanto subsequently re-filed on the Court's docket either unredacted or with very minimal redactions in accordance with the Court's oral orders, as explained below. For each document re-filed with limited redactions, Monsanto asks the Court to either return or destroy the originally lodged unredacted version or to maintain it under seal so that the re-filed, redacted version remains as the public exhibit to the underlying briefing.

### I.  Monsanto's Re-Filing Of Certain Documents At Issue Complied With The Court's Oral Orders And Redacted Only Limited, Irrelevant Information.

At hearings before the start of the *Hardeman* trial, the Court ordered the parties to "fix all the over-redactions" to exhibits filed with various briefing by both parties, 2/13/2019 Hr'g Tr. at 192:19-193:5, and ensure that "everything [was] refiled properly" by the following Thursday (February 21, 2019), 2/15/2019 Hr'g Tr. at 3:2-10. Although the Court indicated that it would not seal certain types of information, it agreed that at least two categories of information could continue to be redacted: "personal identifying information" and the names of European individuals, as required by European privacy laws. *See* 2/15/2019 Tr. at 93:21-98:21. Pursuant to the Court's direction, on Thursday, February 21, 2019, Monsanto re-filed numerous exhibits at issue either unredacted or with only minimal redactions. These exhibits can be found attached to Monsanto Company's Notice of Filing of Replacement Exhibits To Those Previously Filed Under Seal, Doc. No. 2791. Monsanto subsequently filed one additional document to correct its omission. *See* Monsanto Company's Notice of Supplemental Filing of Replacement Exhibit to Exhibit Previously Filed Under Seal, Doc. No. 2793. These two filings are referred to collectively below as "Monsanto's Notice."[1]

---

[1] Monsanto's Notice listed each underlying motion and detailed which exhibits were being re-filed so that they could be matched with the proper briefing.

For the Court's convenience, Monsanto has attached as Exhibit 1 to this Response a chart that matches the exhibits at issue in the administrative motions to seal listed in Pretrial Order No. 168 with the minimally redacted (or unredacted) versions filed publicly on the Court's docket along with Monsanto's Notice.  Monsanto's Exhibit 1 chart only lists those documents that Monsanto re-filed with either limited or no redactions.[2]  Monsanto does not seek to maintain redactions to any other documents at issue and does not seek to keep any document under seal in full.

As described in Monsanto's Notice, none of the redacted information from the re-filed documents is relevant to the determination of the substantive motions to which the redacted exhibits relate.  Neither party relied upon the redacted information in briefing those motions.  In addition, the discrete redactions are restricted to three categories, two explicitly endorsed by the Court:

*First*, Monsanto redacted certain names to protect the identities of individuals from the European Union based on European privacy law.  The Court has indicated that the names of these individuals are "so peripheral to the case" that the Court would allow Monsanto to keep them under seal.  2/15/ 2019 Hr'g Tr. at 97:21-23, 98:6-8 ("[G]iven the relative lack of importance, I think, you know, it's probably not worth putting you-all through the trouble and heartache of dealing with that.").  Monsanto has also previously filed with its administrative motions a declaration from Elisabeth Dehareng, an attorney knowledgeable in European Union data privacy law, explaining the various reasons under European law to redact these individuals' names in court filings.  *See*, *e.g.*, Doc. No. 2413-1, Ex. 1.  Furthermore, none of these European individuals' names were cited or relied upon in any of the parties' filings, and the names

---

[2] The one exception is the August 23, 2018 deposition transcript of William Sawyer in the *Peterson*/*Hall* case, which was inadvertently filed as part of Doc. No. 2413-12.  As explained in Monsanto's Notice, that document was neither cited in nor attached as an exhibit to the underlying substantive briefing, and Monsanto asks the Court to remove this document from its docket.  *See* Doc. No. 2791 at 8-9.

- 3 -

MONSANTO COMPANY'S RESPONSE TO PRETRIAL ORDER NO. 168

mentioned in the exhibits supporting the parties' pleadings are therefore not relevant to the motions themselves.[3]

*Second*, Monsanto redacted individuals' contact information (*e.g.,* phone numbers). The parties agree that personal identifying information may be redacted. This information is likewise not relevant to or cited in any pleadings. The Court also mentioned at both hearings that personal identifying information may be kept under seal. 2/13/ 2019 Hr'g Tr. at 221:24; 2/15/2019 Hr'g Tr. at 95:3-6.

*Third*, Monsanto redacted confidential information regarding plaintiffs in lawsuits not pending before this Court in light of protective orders issued in the other jurisdictions.[4] Monsanto has redacted solely personal information of third-party plaintiffs from the *Hall* (Case No. 1622-CC0107 in the City of St. Louis) and *Adams* (Case No. 17SL-CC02721 in the County of St. Louis) cases. Monsanto made those redactions in light of protective orders in those cases that limit disclosure beyond those cases. This information about plaintiffs from lawsuits in other jurisdictions also was not cited in or relevant to the underlying motions.

## II. The Redacted Documents Filed With Monsanto's Notice Should Be The Only Public Version Of Those Exhibits On The Court's Docket.

Because all of the redacted information from the re-filed documents is discrete, limited, and irrelevant to the motions to which each redacted exhibit relates, there is no need for the Court to make a sealing decision as to those re-filed documents or to keep an unredacted copy of them under seal. The publicly-filed redacted documents contain all necessary and relevant information for the motions to which they are exhibits. Any lodged, unredacted copies of these documents may be returned or destroyed just as the Court would not need to receive an

---

[3] Monsanto's position here is consistent with the Court's position at the *Hardeman* trial: "It is not regarding any specific document or any specific name, but my order is that if it is not particularly consequential who the person is, then I'm allowing you to redact it. If it is consequential who the person is, it may not be redacted. That is my order." 3/18/19 Trial Tr. at 2159:1-10. Monsanto was very reasonable in its response to that order including with respect to limiting redactions for the deposition testimony of Dr. Martens introduced at trial. *See id.* at 2159:11-12.

[4] Certain depositions taken in lawsuits pending in other jurisdictions were submitted to this Court in connection with motions; however, the redacted personal information of those other plaintiffs is not relevant to the determination of the motions before this Court.

- 4 -
MONSANTO COMPANY'S RESPONSE TO PRETRIAL ORDER NO. 168

unredacted copy of a document revealing an irrelevant Social Security number where a party redacts a Social Security number. The subsequent filing with Monsanto's Notice therefore essentially rendered the pending motions to seal moot as to these documents. In the alternative, Monsanto asks that the Court maintain under seal the unredacted versions of all documents subsequently filed with limited redactions with Monsanto's Notice, for the reasons discussed above and in Monsanto's briefing as to each pending motion to seal.[5] Accordingly, Monsanto asks that the redacted version of each document filed with Monsanto's Notice be the version of each exhibit connected to the underlying briefing on the public docket.

DATED: August 5, 2019                    Respectfully submitted,

                                         /s/ *Eric G. Lasker*

                                         Brian L. Stekloff (*pro hac vice*)
                                         (bstekloff@wilkinsonwalsh.com)
                                         Tamarra Matthews Johnson (*pro hac vice*)
                                         (tnatthewsjohnson@wilkinsonwalsh.com)
                                         Rakesh Kilaru (*pro hac vice*)
                                         (rkilaru@wilkinsonwalsh.com)
                                         WILKINSON WALSH + ESKOVITZ LLP
                                         2001 M St. NW
                                         10th Floor
                                         Washington, DC 20036
                                         Tel:    202-847-4030
                                         Fax:    202-847-4005

                                         Pamela Yates (CA Bar No. 137440)
                                         (Pamela.Yates@arnoldporter.com)
                                         ARNOLD & PORTER KAYE SCHOLER
                                         777 South Figueroa St., 44th Floor
                                         Los Angeles, CA 90017
                                         Tel: 213-243-4178
                                         Fax: 213-243-4199

                                         Eric G. Lasker (*pro hac vice*)
                                         (elasker@hollingsworthllp.com)
                                         HOLLINGSWORTH LLP
                                         1350 I St. NW

---

[5] Should the Court require additional argument as to why each category of information should be redacted under the compelling reasons standard, Monsanto requests the opportunity to further brief that issue.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

        Washington, DC 20005
        Tel: 202-898-5843
        Fax: 202-682-1639

        Michael X. Imbroscio (*pro hac vice*)
        (mimbroscio@cov.com)
        COVINGTON & BURLING LLP
        One City Center
        850 10th St. NW
        Washington, DC 20001
        Tel: 202-662-6000

        *Attorneys for Defendant*
        *MONSANTO COMPANY*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of August 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Eric G. Lasker_____