**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
        elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Danielle Tini and Nino Tini*<br>*v. Monsanto Co.*,<br>Case No. 3:19-cv-04013-VC | |

### MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Danielle and Nino Tini's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 1 and therefore denies those allegations.  In response to the allegations in the third sentence of paragraph 1, Monsanto admits that Roundup®-branded products are safe when used in accordance with the products' labeling; that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world; and that Monsanto has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  To the extent that the

third sentence of paragraph 1 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3.      In response to the allegations in paragraph 3, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause non-Hodgkin's lymphoma (NHL) or other serious illnesses.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and therefore denies those allegations.

4.      In response to the allegations in paragraph 4, Monsanto admits that the World Health Organization's International Agency for Research on Cancer ("IARC") issued a monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate under Group 2A, but denies that the IARC Monograph is the authoritative standard for cancer hazard assessment around the world or that IARC based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.  Monsanto further denies that the members of the panel were "renowned scientists" or that they were free from conflicts of interest.  In response to the allegations in the final sentence of paragraph 4, Monsanto admits that the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the weight or quality of the evidence considered by IARC.  Monsanto further states that this decision was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to

1    pose a cancer hazard to humans."[1]  Monsanto contends that OEHHA's decision that it was

2    required to list glyphosate violates the United States Constitution and the California Constitution.

3    On February 26, 2018, a federal district court enjoined California from requiring Proposition 65

4    warning labels for glyphosate as unconstitutional.  The remaining allegations in paragraph 4 set

5    forth conclusions of law for which no response is required.  To the extent that a response is

6    deemed required, Monsanto denies the allegations in paragraph 4.

7        5.    Monsanto admits the allegations in the first sentence of paragraph 5.  In response

8    to the allegations in the second sentence of paragraph 5, Monsanto admits that glyphosate, the

9    active ingredient in Roundup®-branded herbicides, is a non-selective herbicide and that certain

10   Roundup®-branded herbicides are used to kill weeds that commonly compete with growing

11   crops.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of

12   the specific numbers and statistics cited in the remaining sentences of paragraph 5 and therefore

13   denies those allegations.

14       6.    In response to the allegations in the first sentence of paragraph 6, Monsanto

15   admits that it has stated, and continues to state, that Roundup®-branded products are safe when

16   used in accordance with the products' labeling.  Monsanto denies that any exposure to

17   glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

18   illnesses.  Monsanto denies the remaining allegations in paragraph 6.

19       7.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in the first and second sentences of paragraph 7 and therefore denies those

21   allegations.  In response to the allegations in the third sentence of paragraph 7, Monsanto denies

22   certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge

23   sufficient to form a belief as to the truth of the allegations regarding where certain other events

24   giving rise to plaintiffs' claims occurred and therefore denies those allegations.

25

26

27   [1] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
     https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-04013-VC

8. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 regarding plaintiff's marital status and residency and therefore denies those allegations. In response to the remaining allegations in paragraph 8, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

9. Monsanto admits the allegations in the first and second sentences of paragraph 9. In response to the allegations in the final sentence of paragraph 9, Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the final sentence of paragraph 9 and therefore denies those allegations.

10. The allegations in paragraph 10 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 10 based upon the allegations in plaintiffs' Complaint.

11. The allegations in paragraph 11 set forth conclusions of law for which no response is required.

12. The allegations in paragraph 12 set forth conclusions of law for which no response is required.

13. Monsanto denies the allegations in paragraph 13.

14. In response to the allegations in paragraph 14, Monsanto denies any "omissions" and certain events giving rise to plaintiffs' claims. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations. The remaining allegations in paragraph 14 set forth conclusions of law for which no response is required.

15. In response to the allegations in paragraph 15, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in

1  paragraph 15 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

2  to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies

3  those allegations.

4       16.    Monsanto admits the allegations in the first sentence of paragraph 16.  Monsanto

5  denies the allegations in the second sentence of paragraph 16 because the impact of glyphosate

6  on treated plants varies depending upon the amount of glyphosate applied and the type of plant.

7  Monsanto denies the allegations in the third sentence of paragraph 16 to the extent that they

8  suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well

9  within regulatory safety levels, as determined by the United States Environmental Protection

10  Agency ("EPA").

11       17.    Monsanto admits the allegations in paragraph 17.

12       18.    In response to the allegations in paragraph 18, Monsanto admits that farmers have

13  safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining

14  allegations in paragraph 18.

15       19.    The allegations in the first and second sentences of paragraph 19 set forth

16  conclusions of law for which no response is required.  To the extent that a response is deemed

17  required, Monsanto admits those allegations.  In response to the remaining allegations in

18  paragraph 19, Monsanto admits that EPA requires registrants of herbicides to submit extensive

19  data in support of the human health and environmental safety of their products and further admits

20  that EPA will not register or approve the labeling of herbicides that do not satisfy the

21  requirements set forth in FIFRA.  The remaining allegations in paragraph 19 set forth

22  conclusions of law for which no response is required.

23       20.    The allegations in paragraph 20 set forth conclusions of law for which no

24  response is required.

25       21.    In response to the allegations in paragraph 21, Monsanto admits that EPA requires

26  registrants of herbicides to submit extensive data in support of the human health and

27  environmental safety of their products and further admits that EPA will not register or approve

28  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

1  states that the term "the product tests" in the final sentence of paragraph 21 is vague and

2  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 21

3  set forth conclusions of law for which no response is required.

4          22.      Monsanto denies the allegations in paragraph 22 to the extent that they suggest

5  that EPA only evaluates the safety of pesticide products on the date of their initial registration.

6  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

7  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

8  of the allegations in paragraph 22 regarding such pesticide products generally and therefore

9  denies those allegations.  The remaining allegations in paragraph 22 set forth conclusions of law

10  for which no response is required.

11          23.      In response to the allegations in paragraph 23, Monsanto admits that EPA has

12  undertaken a review of glyphosate and that EPA has not released its findings.  Monsanto states,

13  however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a

14  227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest

15  support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to

16  human health risk assessment"[2]; and (b) at the same time, EPA posted an October 2015 final

17  report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC

18  endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to

19  Humans."[3]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed,

20  lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion

21

22

23  [2] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"),
24  https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on
25  glyphosate's carcinogenic potential.

26  [3] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
27  *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-04013-VC

that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[4] Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore denies these allegations.

24.     In response to the allegations in paragraph 24, Monsanto admits that EPA posted the EPA CARC Final Report on EPA's website in late April 2016 and took the report off the website in early May 2016. Monsanto further states that, in September 2016, EPA posted the EPA CARC Final Report that endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies those allegations.

25.     In response to the allegations in paragraph 25, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies. Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans. In addition to the conclusions in the two EPA OPP reports and the EPA CARC final Report, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

---

[4] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05–56:20.

Monsanto denies the remaining allegations in paragraph 25.

26.     In response to the allegations in paragraph 26, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 26 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

27.     In response to the allegations in paragraph 27, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

28.     Monsanto denies the allegations in paragraph 28 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 28 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

29.     In response to the allegations in paragraph 29, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

30.     In response to the allegations in paragraph 30, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 30 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

31.     In response to the allegations in paragraph 31, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety.  Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The remaining allegations in paragraph 31 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

32.     In response to the allegations in paragraph 32, Monsanto admits that, following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 32 and accordingly denies those allegations.  The remaining allegations in

paragraph 32 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

33.    In response to the allegations in paragraph 33, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 33 and accordingly denies the same.  The remaining allegations in paragraph 33 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

34.    In response to the allegations in paragraph 34, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 34 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

35.    In response to the allegations in paragraph 35, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 35 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

36.    Monsanto denies the allegations in paragraph 36.

37.    In response to the allegations in paragraph 37, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 37.

38.     Monsanto admits that IARC was created in 1965.  The remaining allegations in paragraph 38 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

39.     Monsanto denies the allegations in the first and second sentences of paragraph 39. Monsanto admits the allegations in the final sentence of paragraph 39.

40.     In response to the allegations in paragraph 40, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 40, which are not limited as of any specified date, and accordingly denies the same.

41.     In response to the allegations in paragraph 41, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations. Monsanto denies the remaining allegations in paragraph 41.

42.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 and therefore denies those allegations.

43.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 and therefore denies those allegations.

44.     Monsanto denies the allegations in paragraph 44 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

45.     In response to the allegations in paragraph 45, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a

one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working group are "experts."

46.     In response to the allegations in paragraph 46, Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

48.     The allegations in paragraph 48 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

49.     In response to the allegations in paragraph 49, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to

1    glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

2    health concern from such exposures.

3        51.    In response to the allegations in paragraph 51, Monsanto denies that the IARC

4    working group considered all of the data in the numerous studies that have been conducted

5    looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

6    that it reliably considered the studies that it purports to have reviewed, which frequently reach

7    conclusions directly contrary to those espoused by the IARC working group.  To the extent that

8    the allegations in paragraph 51 purport to characterize statements made in the IARC monograph

9    for glyphosate, the statements in that document speak for themselves.

10       52.    In response to the allegations in paragraph 52, Monsanto admits that the IARC

11   working group identified a number of case control studies of populations with exposures to

12   glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

13   health concern from such exposures.  Monsanto denies the remaining allegations in paragraph

14   52.  The IARC working group concluded that there was only limited evidence of carcinogenicity

15   in epidemiologic studies, which, per IARC's guidelines, means that the working group could not

16   rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

17       53.    In response to the allegations in paragraph 53, Monsanto admits that the IARC

18   working group purported to make these findings, but denies that the animal carcinogenicity

19   studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

20   of the identified tumors.  Monsanto further states that regulatory agencies around the world have

21   reviewed the same animal studies and concluded that they do not provide evidence that

22   glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 53.

23       54.    In response to the allegations in paragraph 54, Monsanto admits that the working

24   group cited to a study that it concluded provided evidence of chromosomal damage in

25   community residents reported to be exposed to glyphosate, but Monsanto denies that the study

26   supports such a conclusion or that the authors of the study reached such a conclusion.

27       55.    In response to the allegations in the first sentence of paragraph 55, Monsanto

28   admits that certain studies have reported that glyphosate and glyphosate-based formulations

induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  In response to the allegations in the second sentence of paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response.  In response to the allegations in the final sentence of paragraph 55 and in footnote 1, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.  Monsanto denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or persist in human blood or urine.

In response to the allegations in the unnumbered paragraph following paragraph 56, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in the unnumbered paragraph following paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto admits that the referenced studies were published, but denies that the studies show any scientifically reliable findings.

58.     In response to the allegations in paragraph 58, Monsanto denies that the cited study provides any reliable basis for a finding that any meaningful levels of glyphosate are present or persist in human blood or urine.  Monsanto denies the remaining allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto denies that any exposure to Roundup®-branded products can cause cancer and other serious illnesses and therefore denies the allegations in the first and fourth sentences of paragraph 59.  Monsanto admits that certain

Roundup®-branded herbicides contain adjuvants and that EPA has classified such adjuvants as inert.  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  The remaining allegations in paragraph 59 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

60.     In response to the allegations in paragraph 60, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 61.

62.     In response to the allegations in paragraph 62, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 62.

63.     Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions.  Monsanto denies the remaining allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the

1   truth of the allegations about whether this suspension took effect and accordingly denies the

2   same.  Monsanto denies the remaining allegations in paragraph 64.

3          65.     In response to the allegations in paragraph 65, Monsanto admits that the IARC

4   monograph appears to be the alleged basis for the Sri Lankan government's actions, including

5   the allegation that glyphosate can cause kidney disease.  Monsanto further states that the

6   allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiffs' allegations

7   regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 65.

8          66.     In response to the allegations in paragraph 66, Monsanto denies the alleged basis

9   for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has

10  explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC

11  ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety

12  concerns.  As of April 2016, the government of Colombia has resumed manual application of

13  glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs'

14  expert testimony purporting to link these same aerial eradication operations with cancer as

15  scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto

16  denies the remaining allegations in paragraph 66.

17         67.     In response to the allegations in paragraph 67, Monsanto admits that 96

18  individuals signed a letter sent by Dr. Christopher Portier to the EU Health Commissioner

19  (hereinafter "the Portier letter").  Monsanto states that Dr. Portier has been disclosed as an expert

20  witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto.

21  Monsanto denies that Dr. Portier or the other signatories to his letter are "prominent experts,"

22  and Monsanto lacks information or knowledge sufficient to form a belief as to whether the other

23  signatories were aware, before they signed the Portier letter, that Dr. Portier was working as a

24  retained expert for plaintiffs' counsel.  Monsanto otherwise admits that this letter urged the EU

25  Health Commissioner to disregard the conclusion that glyphosate is not carcinogenic found by

26  EFSA and by the BfR.

27         68.     In response to the allegations in paragraph 68, Monsanto denies that the self-

28  labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

1   extent that paragraph 68 characterizes the scientific evidence regarding the safety of glyphosate-

2   based herbicides, Monsanto denies the remaining allegations in paragraph 68.

3        69.     Monsanto admits that, in June 2016, the European Union continued to consider

4   the reregistration of glyphosate.  Monsanto also states that the allegations are out of date and that

5   the European Union has approved glyphosate for another five years.  Monsanto further notes

6   that, in March 2017, the European Chemical Agency ("ECHA") announced that its Committee

7   for Risk Assessment concluded that the available scientific evidence did not meet the criteria to

8   classify glyphosate as a carcinogen.  *See* ECHA, *Glyphosate not classified as a carcinogen by*

9   *ECHA*, https://echa.europa.eu/-/glyphosate-not-classified-as-a-carcinogen-by-echa.  Monsanto

10  denies the remaining allegations in paragraph 69.

11       70.     In response to the allegations in paragraph 70, Monsanto denies that any exposure

12  to Roundup®-branded products can cause NHL and other serious illnesses.  Monsanto lacks

13  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

14  in paragraph 70 and therefore denies those allegations.

15       71.     Monsanto lacks information or knowledge sufficient to form a belief as to the

16  truth of the allegations in paragraph 71 and therefore denies those allegations.

17       72.     In response to the allegations in paragraph 72, Monsanto denies that any exposure

18  to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies

19  the allegations in paragraph 72.  Monsanto states, however, that the scientific studies upon which

20  IARC purported to base its evaluation of glyphosate were all publicly available before March

21  2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

22  remaining allegations in paragraph 72 and therefore denies those allegations.

23       73.     In response to the allegations in subpart (a) of paragraph 73, Monsanto admits that

24  Roundup® branded products are safe for use in accordance with the labeling; that the scientific

25  evidence does not support any causal link between Roundup® branded products and "blood born

26  cancers" or NHL; and that Monsanto has made statements to that effect in accordance with EPA

27  regulation under FIFRA.  Monsanto denies the remaining allegations in paragraph 73, including

28  its subparts.

74.     In response to the allegations in paragraph 74, Monsanto admits that it has made statements with respect to the safety of Roundup in accordance with EPA regulation under FIFRA.  Monsanto states that the first sentence in paragraph 74 sets forth conclusions of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 74 and therefore denies the remaining allegations in paragraph 74.

75.     In response to the allegations in the first sentence of paragraph 75, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup® and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification for glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 75 and therefore denies those allegations.  The final sentence of paragraph 75 sets forth conclusions of law for which no response is required.

76.     The first sentence of paragraph 76 sets forth conclusions of law for which no response is required.  Monsanto denies the allegations in the second sentence of paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     Monsanto incorporates by reference its responses to paragraphs 1 through 77 in response to paragraph 78 of plaintiffs' Complaint.

79.     In response to the allegations in paragraph 79, Monsanto denies that it violated the laws of New Jersey or federal law and states that it complied with all applicable law regarding Roundup®-branded products.  The remaining allegations in paragraph 79 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies all such allegations.

80.     The allegations in paragraph 80 set forth conclusions of law for which no response is required.

81.     Monsanto denies the allegations in the first sentence of paragraph 81.  The second sentence of paragraph 81 sets forth a conclusion of law for which no response is required.

82.     Monsanto incorporates by reference its responses to paragraphs 1 through 81 in response to paragraph 82 of plaintiffs' Complaint.

83.     In response to the allegations in paragraph 83, Monsanto admits that plaintiffs purport to bring a claim for strict liability design defect but denies any liability as to that claim.

84.     Monsanto denies the allegations in the first and second sentences of paragraph 84. In response to the last sentence of paragraph 84, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 86 and therefore denies those allegations.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 99 concerning plaintiff's claimed exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 99, including that Roundup® branded products have "dangerous

1    characteristics."

2        100.    Monsanto lacks information or knowledge sufficient to form a belief as to the

3    truth of the allegations in paragraph 100 concerning plaintiff's claimed exposure to Roundup®-

4    branded products and therefore denies those allegations.  Monsanto denies the remaining

5    allegations in paragraph 100, including that Roundup®-branded products have "dangerous

6    characteristics."

7        101.    Monsanto denies the allegations in paragraph 101.

8        102.    Monsanto denies the allegations in paragraph 102.

9        103.    Monsanto denies the allegations in paragraph 103.

10       104.    Monsanto denies the allegations in paragraph 104.

11       105.    Monsanto denies the allegations in paragraph 105.

12       106.    Monsanto denies the allegations in paragraph 106.

13       107.    Monsanto denies the allegations in paragraph 107.

14       108.    Monsanto denies the allegations in paragraph 108.

15       109.    Monsanto denies the allegations in paragraph 109.

16       110.    Monsanto denies the allegations in paragraph 110.

17       111.    In response to the allegations in paragraph 111, Monsanto demands that judgment

18   be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with

19   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

20   by law and such further and additional relief as this Court may deem just and proper.

21       112.    Monsanto incorporates by reference its responses to paragraphs 1 through 111 in

22   response to paragraph 112 of plaintiffs' Complaint.

23       113.    In response to the allegations in paragraph 113, Monsanto admits that plaintiffs

24   purport to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

25       114.    Monsanto denies the allegations in paragraph 114.

26       115.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 115 that plaintiff purchased Roundup®-branded products and

28   therefore denies those allegations.  The allegations in paragraph 115 also set forth conclusions of

1   law for which no response is required.  Monsanto denies the remaining allegations in paragraph

2   115.

3       116.    The allegations in paragraph 116 set forth conclusions of law for which no

4   response is required.

5       117.    Monsanto denies the allegations in paragraph 117.  All labeling of Roundup®-

6   branded products has been and remains EPA-approved and in compliance with all federal

7   requirements under FIFRA.

8       118.    Monsanto denies the allegations in paragraph 118.

9       119.    Monsanto denies the allegations in paragraph 119.

10      120.    Monsanto denies the allegations in paragraph 120.

11      121.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 121 and therefore denies those allegations.

13      122.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in paragraph 122 concerning plaintiff's alleged use and exposure to

15  Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

16  remaining allegations in paragraph 122, including that Roundup®-branded products have

17  "dangerous characteristics."

18      123.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19  truth of the allegations in paragraph 123 concerning plaintiff's alleged use and exposure to

20  Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

21  remaining allegations in paragraph 123, including that Roundup®-branded products have

22  "dangerous characteristics."

23      124.    In response to the allegation in paragraph 124, Monsanto denies that any exposure

24  to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

25  illnesses and denies that there are any defects in those products.  Monsanto lacks information or

26  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

27  124 and therefore denies those allegations.  Monsanto states, however, that the scientific studies

28

1    upon which IARC purported to base its evaluation of glyphosate were all publicly available

2    before March 2015.

3           125.    Monsanto denies the allegations in paragraph 125.

4           126.    Monsanto denies the allegations in paragraph 126.

5           127.    In response to the allegations in paragraph 127, Monsanto denies that there is any

6    risk of NHL or any other serious illnesses associated with the intended use of and/or exposure to

7    Roundup®-branded products and glyphosate.  The allegations in the second sentence of

8    paragraph 127 set forth conclusions of law for which no response is required.  Monsanto denies

9    the remaining allegations in paragraph 127.  All labeling of Roundup®-branded products has

10   been and remains EPA-approved and in compliance with all applicable laws and regulations

11          128.    Monsanto denies the allegations in paragraph 128.

12          129.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations in paragraph 129 concerning plaintiff's alleged use of Roundup®-branded

14   products and therefore denies those allegations.  Monsanto denies the remaining allegations in

15   paragraph 129.

16          130.    Monsanto denies the allegations in paragraph 130.

17          131.    Monsanto denies the allegations in paragraph 131.  All labeling of Roundup®-

18   branded products has been and remains EPA-approved and in compliance with all federal

19   requirements under FIFRA.

20          132.    Monsanto denies the allegations in paragraph 132.

21          133.    Monsanto denies the allegations in paragraph 133.

22          134.    In response to the allegations in paragraph 134, Monsanto demands that judgment

23   be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with

24   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

25   by law and such further and additional relief as this Court may deem just and proper.

26          135.    Monsanto incorporates by reference its responses to paragraphs 1 through 134 in

27   response to paragraph 135 of plaintiffs' Complaint.

28

136.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 136 regarding the specific products allegedly used by plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore denies the allegations in paragraph 136.

137.     The allegations in paragraph 137 set forth conclusions of law for which no response is required.

138.     The allegations in paragraph 138 set forth conclusions of law for which no response is required.

139.     Monsanto denies the allegations in paragraph 139.

140.     Monsanto denies the allegations in paragraph 140.

141.     Monsanto denies the allegations in paragraph 141.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

142.     Monsanto denies the allegations in paragraph 142.

143.     Monsanto denies the allegations in the first sentence of paragraph 143.  In response to the allegations in the second sentence of paragraph 143, Monsanto denies that Monsanto's promotional activities were not honest.  The remaining allegations in paragraph 143 set forth conclusions of law for which no response is required.

144.     Monsanto denies the allegations in paragraph 144.

145.     Monsanto denies the allegations in paragraph 145, including each of its subparts.

146.     Monsanto denies the allegations in paragraph 146.

147.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 147 regarding plaintiff's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 147, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

148.     Monsanto denies the allegations in paragraph 148.

149.     Monsanto denies the allegations in paragraph 149.

150.     Monsanto denies the allegations in paragraph 150.

1   151.   Monsanto denies the allegations in paragraph 151.

2   152.   In response to the allegations in  paragraph 152, Monsanto demands that

3   judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed,

4   with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as

5   allowed by law and such further and additional relief as this Court may deem just and proper.

6   153.   Monsanto incorporates by reference its responses to paragraphs 1 through 152 in

7   response to paragraph 153 of plaintiffs' Complaint.

8   154.   Monsanto denies the allegations in paragraph 154.  Additionally, the last sentence

9   in paragraph 154 sets forth a conclusion of law for which no response is required.

10   155.   Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 155 regarding plaintiff's claimed use of Roundup®-branded

12   products and therefore denies those allegations.  The remaining allegations in paragraph 155 set

13   forth conclusions of law for which no response is required.

14   156.   Monsanto denies the allegations in paragraph 156.  All labeling of Roundup®-

15   branded products has been and remains EPA-approved and in compliance with all federal

16   requirements under FIFRA.

17   157.   The allegations in paragraph 157 set forth conclusions of law for which no

18   response is required.

19   158.   Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 158 and therefore denies those allegations.

21   159.   Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 159 regarding the claimed use of Roundup®-branded

23   products by plaintiffs and others and therefore denies those allegations.  The remaining

24   allegations in paragraph 159 set forth conclusions of law for which no response is required.

25   160.   Monsanto lacks information or knowledge sufficient to form a belief as to the

26   truth of the allegations in paragraph 160 regarding plaintiff's claimed use of or exposure to

27   Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph

28

160 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 160.

161.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 161 regarding plaintiff's claimed use of or exposure to Roundup®-branded products or plaintiff's claimed reliance and therefore denies those allegations. The allegation in paragraph 161 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.

162.    Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 162 regarding plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 162.

163.    Monsanto denies the allegations in paragraph 163.

164.    Monsanto denies the allegations in paragraph 164.

165.    Monsanto denies the allegations in paragraph 165.

166.    In response to the allegations in paragraph 166, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

167.    Monsanto incorporates by reference its responses to paragraphs 1 through 166 in response to paragraph 167 of plaintiffs' Complaint. Monsanto denies the allegations in the second sentence of paragraph 167 to the extent it encompasses all herbicides as vague and ambiguous but Monsanto admits the allegations in this sentence to the extent it refers to glyphosate based herbicides. In response to the final sentence of paragraph 167, Monsanto admits that plaintiffs purport to bring a claim for breach of express warranty but denies any liability as to that claim. Monsanto denies the allegations that Roundup® branded products are defective and unreasonably dangerous to consumers and therefore denies the remaining allegations in paragraph 167.

168.     Paragraph 168 and its subparts set forth conclusions of law for which no response is required.

169.     In response to the allegations in Paragraph 169, Monsanto admits that it has sold glyphosate based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that paragraph 169 sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 169.

170.     Monsanto denies the allegations in the first and second sentence of paragraph 170. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence of paragraph 170 sets forth conclusions of law for which no response is required.

171.     The first sentence of paragraph 171 sets forth conclusions of law for which no response is required.   Monsanto denies the allegations in the final sentence of paragraph 171.

172.     Monsanto denies the allegations in paragraph 172 and each of its subparts.

173.     Monsanto states that the allegation in paragraph 173 that Monsanto made an express warranty sets forth a legal conclusion for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 173 and therefore denies those allegations.

174.     Monsanto denies the allegations in paragraph 174 to the extent that they allege that Monsanto made false or incomplete statements and representations concerning Roundup®. All labeling of Roundup® branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 174 regarding plaintiff's knowledge and therefore denies those allegations.

175.     Monsanto denies the allegations in paragraph 175.

176.     In response to the allegations in paragraph 176, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

177.   Monsanto incorporates by reference its responses to paragraphs 1 through 176 in response to paragraph 177 of plaintiffs' Complaint.

178.   Monsanto denies the allegations in the first sentence of paragraph 178.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 178 and each of its subparts and therefore denies those allegations.

179.   Monsanto denies the allegations in paragraph 179.

180.   Monsanto denies the allegations in paragraph 180.

181.   Monsanto denies the allegations in paragraph 181.

In response to the "WHEREFORE" paragraph following paragraph 181, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

182.   Monsanto incorporates by reference its responses to paragraphs 1 through 181 in response to paragraph 182 of plaintiffs' Complaint.

183.   Monsanto denies the allegations in paragraph 183.

184.   Monsanto denies the allegations in paragraph 184.

185.   Monsanto denies the allegations in paragraph 185.

186.   Monsanto denies the allegations in paragraph 186.

187.   The allegations in paragraph 187 set forth conclusions of law for which no response is required.

188.   The allegations in paragraph 188 set forth conclusions of law for which no response is required.

189.   In response to the allegations in paragraph 189, Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.      Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-04013-VC

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiffs' claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the

United States Constitution, the New Jersey Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under New Jersey law, and/or other applicable state laws.

20.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

21.     Plaintiffs' claims are barred in whole or in part by plaintiff's contributory/comparative negligence.

22.     Plaintiffs' claims are barred in whole or in part by plaintiffs' failure to mitigate damages.

23.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receive from collateral sources.

25.     If plaintiffs have been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

28.     Plaintiffs' common law claims are barred, in whole or part, by application of the New Jersey Products Liability Act, N.J. Stat. Ann. § 2A:58C-1 through 58C-11.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

1

## JURY TRIAL DEMAND

2

Monsanto demands a jury trial on all issues so triable.

3

DATED:  August 7, 2019

Respectfully submitted,

4

5

/s/ Joe G. Hollingsworth

Joe G. Hollingsworth (*pro hac vice*)

6

(jhollingsworth@hollingsworthllp.com)

Eric G. Lasker (*pro hac vice*)

7

(elasker@hollingsworthllp.com)

HOLLINGSWORTH LLP

8

1350 I Street, N.W.

9

Washington, DC  20005

Telephone:  (202) 898-5800

10

Facsimile:  (202) 682-1639

11

*Attorneys for Defendant*

12

*MONSANTO COMPANY*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

3:16-md-02741-VC & 3:19-cv-04013-VC