**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |

This document relates to:

*Matthew Stewart v. Monsanto Co., et al.*,
Case No. 3:19-cv-04115-VC

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Matthew Stewart's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      The allegations in paragraph 1 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto admits the allegations in paragraph 1 based upon the allegations in plaintiff's Complaint.

2.      The allegations in the first and second sentences of paragraph 2 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 2.

3.      In response to the allegations in paragraph 3, Monsanto denies any "omissions" and certain events giving rise to plaintiff's claims.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 regarding where certain other events giving rise to this action occurred and therefore denies those allegations.  The remaining allegations in paragraph 3 set forth conclusions of law for which no response is required.

4.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5.      In response to the allegations in the first sentence of paragraph 5, Monsanto admits that its principal place of business is in St. Louis County, Missouri and that it is incorporated under the laws of the State of Delaware.  Monsanto admits that it and affiliated companies have operations and offices in countries around the world.  Monsanto denies the remaining allegations in the first sentence of paragraph 5.  Monsanto admits the allegations in the second and third sentences of paragraph 5.

6.      The allegations in paragraph 6 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies those allegations.

10.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies those allegations.

11.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies those allegations.

12.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations.

15.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.

17.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

18.     In response to the allegations in paragraph 18, Monsanto denies that there were any serious health risks associated with Roundup®-branded products.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies those allegations.

19.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies those allegations.

20.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies those allegations.

21.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies those allegations.

22.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies those allegations.

23.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies those allegations.

24.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies those allegations.

25.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies those allegations.

26.     Monsanto admits the allegations in the Complaint's first-numbered paragraph 26.

26.     Monsanto admits the allegations in the Complaint's second-numbered paragraph 26.

27.     Monsanto admits the allegations in paragraph 27.

28.     In response to the allegations in paragraph 28, Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in paragraph 28 and therefore denies those allegations.

29.     In response to the allegations in paragraph 29, Monsanto admits that glyphosate was one of the world's most widely used herbicides in 2013, but notes that Monsanto was and is not the only manufacturer of glyphosate based herbicides.

30.     Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in paragraph 30.

31.     In response to the allegations in paragraph 31, Monsanto admits that the use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.

32.     Monsanto admits the allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media.  Monsanto denies the remaining allegations in paragraph 33.

34.     Monsanto admits the allegations in paragraph 34.

35.     Monsanto denies the allegations in paragraph 35 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

36.     Monsanto admits that on July 29, 2015, IARC issued a formal monograph relating to glyphosate.  Monsanto denies the remaining allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 37.

38.     Monsanto denies the allegations in paragraph 38.

39.     Monsanto denies the allegations in paragraph 39.

40.     In response to the allegations in paragraph 40, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that paragraph 40 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

41.     In response to the allegations in paragraph 41, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the EPA repeatedly has concluded pursuant to FIFRA that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that paragraph 41 alleges that Monsanto has labeled glyphosate or Roundup®-

branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

42.     Monsanto denies the allegations in paragraph 42.

43.     Monsanto denies the allegations in paragraph 43.

44.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies those allegations.

45.     In response to paragraph 45, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 45 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies those allegations.

46.     Monsanto admits the allegations in the first sentence of paragraph 46.  Monsanto denies the allegations in the second sentence of paragraph 46 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. Monsanto denies the allegations in the third sentence of paragraph 46 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

47.     Monsanto denies the allegations in paragraph 47.

48.     Monsanto denies the allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the EPA repeatedly has concluded pursuant to FIFRA that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that paragraph 49 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different than or in addition to such regulatory approval, Monsanto denies such allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04115-VC

1    50.    Monsanto denies the allegations in paragraph 50.

2    51.    Monsanto denies the allegations in paragraph 51.

3    52.    Monsanto denies the allegations in paragraph 52.

4    53.    Monsanto admits the allegations in paragraph 53.

5    54.    Monsanto admits the allegations in paragraph 54.

6    55.    Monsanto admits that it has marketed Roundup®-branded products in accord with

7    EPA's regulatory determinations under FIFRA.  Monsanto otherwise denies the remaining

8    allegations in paragraph 55.

9    56.    The allegations in paragraph 56 set forth conclusions of law for which no

10   response is required.  To the extent that a response is deemed required, Monsanto admits the

11   allegations in paragraph 56.

12   57.    In response to the allegations in paragraph 57, Monsanto admits that EPA requires

13   registrants of herbicides to submit extensive data in support of the human health and

14   environmental safety of their products and further admits that EPA will not register or approve

15   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining

16   allegations in paragraph 57 set forth conclusions of law for which no response is required.

17   58.    In response to the allegations in paragraph 58, Monsanto admits that EPA requires

18   registrants of herbicides to submit extensive data in support of the human health and

19   environmental safety of their products and further admits that EPA will not register or approve

20   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining

21   allegations in paragraph 58 set forth conclusions of law for which no response is required.

22   59.    In response to the allegations in paragraph 58, Monsanto admits that EPA requires

23   registrants of herbicides to submit extensive data in support of the human health and

24   environmental safety of their products and further admits that EPA will not register or approve

25   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining

26   allegations in paragraph 59 set forth conclusions of law for which no response is required.

27

28

60.     The allegations in paragraph 60 set forth conclusions of law for which no response is required.

61.     The allegations in paragraph 61 set forth conclusions of law for which no response is required.

62.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Georgia for sale and distribution.

63.     In response to the allegations in paragraph 63, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 63 set forth conclusions of law for which no answer is required.

64.     In response to the allegations in paragraph 64, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 64 set forth conclusions of law for which no answer is required.

65.     In response to the allegations in paragraph 65, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 65 set forth conclusions of law for which no answer is required.

66.     In response to the allegations in paragraph 66, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in paragraph 66 is vague and ambiguous, and Monsanto

therefore denies the same.  The remaining allegations in paragraph 66 set forth conclusions of law for which no answer is required.

67.     In response to the allegations in paragraph 67, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 67.

68.     Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto denies the remaining allegations in paragraph 68.

69.     Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  In

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report

discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen] – one that shows evidence of non-carcinogenicity for humans – based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20.

Monsanto denies the remaining allegations in paragraph 69.

70.    In response to the allegations in paragraph 70, Monsanto admits that it – along

with a large number of other companies and governmental agencies – was defrauded by two

chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

studies.  To the extent that the allegations in paragraph 70 are intended to suggest that Monsanto

was anything other than a victim of this fraud, such allegations are denied.

71.     In response to the allegations in paragraph 71, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.

72.     In response to the allegations in paragraph 72, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.

73.     Monsanto denies the allegations in paragraph 73 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 73 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

74.     Monsanto denies the allegations in paragraph 74 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04115-VC

Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 74 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

75.     Monsanto denies the allegations in paragraph 75 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 75 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

76.     In response to the allegations in paragraph 76, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

77.     In response to the allegations in paragraph 77, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.

78.     In response to the allegations in paragraph 78, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent

- 12 -

laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 78 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

79.     Monsanto denies the allegations in paragraph 79.

80.     In response to the allegations in paragraph 80, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety.  The remaining allegations in paragraph 80 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

81.     Monsanto admits that the patent for glyphosate expired in the United States in 2000.  The remaining allegations in paragraph 81 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

82.     In response to the allegations in paragraph 82, Monsanto admits that following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 82 and accordingly denies those allegations.  The remaining allegations in paragraph 82 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

83.     In response to the allegations in paragraph 83, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides.  The remaining allegations in paragraph 83 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

84.     In response to the allegations in paragraph 84, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks

information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

cited in paragraph 84 and accordingly denies the same.  The remaining allegations in paragraph

84 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

85.     In response to the allegations in paragraph 85, Monsanto admits that glyphosate is

one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

is the only company that sells glyphosate or glyphosate-based herbicides

86.     In response to the allegations in paragraph 86, Monsanto admits that the New

York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

General's allegations related in any way to a purported or alleged risk of cancer.  The remaining

allegations in paragraph 86 are vague and conclusory and comprise attorney characterizations

and are accordingly denied.

87.     In response to the allegations in paragraph 87, Monsanto admits that the New

York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

General's allegations related in any way to a purported or alleged risk of cancer.  The remaining

allegations in paragraph 87 are vague and conclusory and comprise attorney characterizations

and are accordingly denied.

88.     In response to the allegations in paragraph 88, Monsanto admits that the New

York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

the subparts purport to quote a document, the document speaks for itself and thus does not

1  require any further answer.  The remaining allegations in paragraph 88 are vague and conclusory
2  and comprise attorney characterizations and are accordingly denied.

3       89.    In response to the allegations in paragraph 89, Monsanto admits it entered into an
4  assurance of discontinuance with the New York Attorney General.  The assurance speaks for
5  itself and thus does not require any further answer.  The remaining allegations in paragraph 89
6  are vague and conclusory and comprise attorney characterizations and are accordingly denied.

7       90.    Monsanto denies the allegations in paragraph 90.

8       91.    In response to the allegations in paragraph 91, Monsanto admits that the French
9  court issued a ruling regarding Roundup® herbicide, but denies the allegations in paragraph 91 to
10  the extent that they suggest that this ruling was in any way related to plaintiff's claim here that
11  glyphosate can cause cancer.

12       92.    In response to the allegations in paragraph 92, Monsanto admits that the French
13  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and
14  that it "left the soil clean," but denies the allegations in paragraph 92 to the extent that they
15  suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause
16  cancer.

17       93.    In response to the allegations in paragraph 93, Monsanto denies that IARC
18  follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information
19  or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in
20  paragraph 93, which are not limited as of any specified date, and accordingly denies the same.

21       94.    Monsanto lacks information or knowledge sufficient to form a belief as to the
22  accuracy of the specific numbers cited in paragraph 94, which are not limited as of any specified
23  date, and accordingly denies the same.

24       95.    In response to the allegations in paragraph 95, Monsanto admits that IARC sets
25  forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

26       96.    Monsanto denies the allegations in paragraph 96.

27
28

97.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 97 and therefore denies those allegations.

98.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 98 and therefore denies those allegations.

99.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 99 and therefore denies those allegations.

100.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 100 and therefore denies those allegations.

101.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 101 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04115-VC

102.   Monsanto denies the allegations in paragraph 102 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

103.   Monsanto denies the allegations in paragraph 103 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

104.   Monsanto admits the allegations in paragraph 104.

105.   In response to the allegations in paragraph 105, Monsanto admits that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one-week period in March 2015 to consider glyphosate along with a number of other substances.  Monsanto denies the allegation that all members of the working groups are "experts."  Monsanto denies the remaining allegations in paragraph 105.

106.   In response to the allegations in paragraph 106, Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto denies the remaining allegations in paragraph 106.

107.   In response to the allegations in paragraph 107, Monsanto denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 107.

108.   In response to the allegations in paragraph 108, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge

1  sufficient to form a belief as to the accuracy of the source of said information and accordingly

2  denies the allegations.

3    109.    The allegations in paragraph 109 are vague and conclusory.  To the extent they

4  purport to characterize statements made in the IARC monograph for glyphosate, the statements

5  in that document speak for themselves, but Monsanto lacks information or knowledge sufficient

6  to form a belief as to the accuracy of the source of said information and accordingly denies the

7  allegations.

8    110.    In response to the allegations in paragraph 110, to the extent the allegations

9  purport to characterize statements made in the IARC monograph for glyphosate, the statements

10  in that document speak for themselves, but to the extent that this paragraph means that more than

11  *de minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 110.

12    111.    In response to the allegations in paragraph 111, Monsanto admits that the IARC

13  working group identified a number of case control studies of populations with exposures to

14  glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

15  health concern from such exposures.

16    112.    Monsanto denies the allegations in paragraph 112.  The IARC working group

17  concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

18  which, per IARC's guidelines, means that the working group could not rule out chance, bias or

19  confounding so as to reach any conclusion of an increased risk.

20    113.    In response to the allegations in paragraph 113, Monsanto admits that the working

21  group cited to a study that it concluded provided evidence of chromosomal damage in

22  community residents reported to be exposed to glyphosate, but Monsanto denies that the study

23  supports such a conclusion or that the authors of the study reached such a conclusion.

24    114.    In response to the allegations in paragraph 114, Monsanto admits that the working

25  group cited to a study that it concluded provided evidence of chromosomal damage in

26  community residents reported to be exposed to glyphosate, but Monsanto denies that the study

27  supports such a conclusion or that the authors of the study reached such a conclusion.

28

- 18 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04115-VC

115.     In response to the allegations in paragraph 115, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 115.

116.     In response to the allegations in paragraph 116, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 116.

117.     In response to the allegations in paragraph 117, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 117.

118.     In response to the allegations in paragraph 118, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 118.

119.     In response to the allegations in paragraph 119, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04115-VC

reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 119.

120.    In response to the allegations in paragraph 119, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 120.

121.    In response to the allegations in paragraph 121, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration.  Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining allegations in paragraph 121.

122.    In response to the allegations in paragraph 122, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 122.

123.    In response to the allegations in paragraph 123, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 123.

124.    In response to the allegations in paragraph 124, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies all other allegations in paragraph 124.

125.    In response to the allegations in paragraph 125, Monsanto denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 125.

126.     In response to the allegations in paragraph 126, Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

127.     In response to the allegations in paragraph 127, Monsanto admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate.  Monsanto notes that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928 F. Supp. 10, 24 (D.D.C. 2013).

128.     In response to the allegations in paragraph 128, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.

129.     In response to the allegations in paragraph 129, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.

130.     In response to the allegations in paragraph 130, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 130.

131.     In response to the allegations in paragraph 131, Monsanto admits that, in France, the sale to and use by amateurs (i.e., non-professionals) of all pesticides (with certain exceptions

1   for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions. Monsanto

2   denies the remaining allegations in paragraph 131.

3           132.    In response to the allegations in paragraph 132, Monsanto admits that some

4   employees of Bermuda's government announced an intention to suspend the importation of

5   glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the

6   truth of the allegations about whether this suspension took effect and accordingly denies the

7   same.  Monsanto denies the remaining allegations in paragraph 132.

8           133.    In response to the allegations in paragraph 133, Monsanto admits that some

9   employees of Bermuda's government announced an intention to suspend the importation of

10  glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the

11  truth of the allegations about whether this suspension took effect and accordingly denies the

12  same.  Monsanto denies the remaining allegations in paragraph 133.

13          134.    In response to the allegations in paragraph 134, Monsanto admits that the IARC

14  monograph appears to be the alleged basis for the Sri Lankan government's actions, including

15  the allegation that glyphosate can cause kidney disease.  Monsanto further states that the

16  allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations

17  regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 134.

18          135.    In response to the allegations in paragraph 135, Monsanto denies the alleged basis

19  for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has

20  explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC

21  ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety

22  concerns.  As of April 2016, the government of Colombia has resumed manual application of

23  glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs'

24  expert testimony purporting to link these same aerial eradication operations with cancer as

25  scientifically unreliable. *See Arias v. DynCorp*, 928 F. Supp. 10 (D.D.C. 2013).  Monsanto

26  denies the remaining allegations in paragraph 135.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04115-VC

1       136.     Monsanto incorporates by reference its responses to paragraphs 1 through 135 in

2   response to paragraph 136 of plaintiff's Complaint.

3       137.     In response to the allegations in paragraph 137, Monsanto admits that plaintiff

4   purports to bring claims for strict liability design defect but denies any liability as to that claim.

5       138.     Monsanto denies the allegations in paragraph 138.

6       139.     In response to the allegations in paragraph 139, Monsanto lacks information or

7   knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

8   exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies

9   the remaining allegations in paragraph 139.

10      140.     Monsanto denies the allegations in paragraph 140.

11      141.     Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 141 and therefore denies those allegations.

13      142.     Monsanto denies the allegations in paragraph 142.

14      143.     Monsanto denies the allegations in paragraph 143.

15      144.     Monsanto denies the allegations in paragraph 144.

16      145.     Monsanto denies the allegations in paragraph 145 and each of its subparts.

17      146.     Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph and therefore denies those allegations.  Monsanto denies the

19  remaining allegations in paragraph 146, including that Roundup®-branded products have

20  "dangerous characteristics."

21      147.     Monsanto lacks information or knowledge sufficient to form a belief as to the

22  truth of the allegations in paragraph and therefore denies those allegations.  Monsanto denies the

23  remaining allegations in paragraph 147, including that Roundup®-branded products have

24  "dangerous characteristics."

25      148.     Monsanto denies the allegations in paragraph 148.

26      149.     Monsanto denies the allegations in paragraph 149.

27      150.     Monsanto denies the allegations in paragraph 150.

28

151.    Monsanto denies the allegations in paragraph 151.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies the allegations in paragraph 154.

155.    Monsanto denies the allegations in paragraph 155.

156.    Monsanto denies the allegations in paragraph 156.

157.    Monsanto denies the allegations in paragraph 157.

158.    Monsanto denies the allegations in paragraph 158.

159.    Monsanto denies the allegations in paragraph 159.

160.    Monsanto denies the allegations in paragraph 160.

161.    Monsanto denies the allegations in paragraph 161.

162.    Monsanto denies the allegations in paragraph 162.

163.    Monsanto denies the allegations in paragraph 163.

In response to the "WHEREFORE" paragraph following paragraph 163, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

164.    Monsanto incorporates by reference its responses to paragraphs 1 through 163 in response to paragraph 164 of plaintiff's Complaint.

165.    In response to the allegations in paragraph 165, Monsanto admits that plaintiff purports to bring claims for strict liability failure to warn, but denies any liability as to that claim.

166.    Monsanto denies the allegations in paragraph 166.

167.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 167 that plaintiff, or other persons or entities purchased Roundup®-branded products and therefore denies those allegations.  The allegations in paragraph

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04115-VC

167 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 167.

168.    The allegations in paragraph 168 set forth conclusions of law for which no response is required.

169.    In response to the allegations in paragraph 169, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  The remaining allegations in paragraph 169 set forth conclusions of law for which no response is required.

170.    Monsanto denies the allegations in paragraph 170.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

171.    Monsanto denies the allegations in paragraph 171.

172.    Monsanto denies the allegations in paragraph 172.

173.    Monsanto denies the allegations in paragraph 173.

174.    Monsanto denies the allegations in paragraph 174.

175.    Monsanto denies the allegations in paragraph 175.

176.    Monsanto denies the allegations in paragraph 176.

177.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 177 and therefore denies those allegations.

178.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 178 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 178, including that Roundup®-branded products have "dangerous characteristics."

179.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 179 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

1   remaining allegations in paragraph 179, including that Roundup®-branded products have

2   "dangerous characteristics."

3       180.    In response to the allegations in paragraph 180, Monsanto denies that Roundup®-

4   branded products are associated with risks of NHL or other serious illness or that Roundup®-

5   branded products have "defects."  Monsanto lacks information or knowledge sufficient to form a

6   belief as to the truth of the remaining allegations in paragraph 180 and therefore denies those

7   allegations.

8       181.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9   truth of the allegations in paragraph 181 regarding plaintiff's reliance and therefore denies those

10  allegations.  Monsanto denies the remaining allegations in paragraph 181.

11      182.    Monsanto denies the allegations in paragraph 182.

12      183.    Monsanto denies the allegations in paragraph 183.

13      184.    Monsanto denies the allegations in paragraph 184.

14      185.    Monsanto denies the allegations in paragraph 185.

15      186.    Monsanto denies the allegations in paragraph 186.

16      187.    Monsanto denies the allegations in paragraph 187.

17      188.    Monsanto denies the allegations in paragraph 188.

18      189.    Monsanto denies the allegations in paragraph 189.

19      190.    Monsanto denies the allegations in paragraph 190.

20      191.    Monsanto denies the allegations in paragraph 191.

21      192.    Monsanto denies the allegations in paragraph 192.

22      193.    Monsanto denies the allegations in paragraph 193.

23      In response to the "WHEREFORE" paragraph following paragraph 193, Monsanto

24  demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

25  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

26  fees as allowed by law and such further and additional relief as this Court may deem just and

27  proper.

28

194.    Monsanto incorporates by reference its responses to paragraphs 1 through 193 in response to paragraph 194 of plaintiff's Complaint.

195.    In response to the allegations in paragraph 195, Monsanto states that the phrase "directly or indirectly" is vague and ambiguous and that Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore Monsanto denies those allegations in paragraph 195.

196.    The allegations in paragraph 196 set forth conclusions of law for which no response is required.

197.    The allegations in paragraph 197 set forth conclusions of law for which no response is required.

198.    Monsanto denies the allegations in paragraph 198.

199.    Monsanto denies the allegations in paragraph 199.

200.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 200 regarding users' and consumers' knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 200. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

201.    Monsanto denies the allegations in paragraph 201.

202.    Monsanto denies the allegations in paragraph 202.

203.    Monsanto denies the allegations in paragraph 203.

204.    Monsanto denies the allegations in paragraph 204, including each of its subparts.

205.    Monsanto denies the allegations in paragraph 205.

206.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 206 regarding plaintiff's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 206, including that intended use of and/or exposure to Roundup®-branded products causes any injuries.

207.    Monsanto denies the allegations in paragraph 207.

208. Monsanto denies the allegations in paragraph 208.

209. Monsanto denies the allegations in paragraph 209.

210. Monsanto denies the allegations in paragraph 210. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

211. Monsanto denies the allegations in paragraph 211.

In response to the "WHEREFORE" paragraph following paragraph 211, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

212. Monsanto incorporates by reference its responses to paragraphs 1 through 211 in response to paragraph 212 of plaintiff's Complaint.

213. Monsanto denies the allegations in paragraph 213.

214. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 214 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 214 set forth conclusions of law for which no response is required.

215. Monsanto denies the allegations in paragraph 215. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

216. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 216 regarding plaintiff's reliance and therefore denies those allegations. The remaining allegations in paragraph 216 set forth conclusions of law for which no response is required.

217. The allegations in paragraph 217 set forth conclusions of law for which no response is required.

218.   The allegations in paragraph 218 set forth conclusions of law for which no response is required.

219.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 219 and therefore denies those allegations.

220.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 220 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 220 set forth conclusions of law for which no response is required.

221.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 221 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 221 regarding Monsanto's implied warranties sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 221.

222.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 222 concerning plaintiff's reliance or plaintiff's claimed use of any Roundup®-branded product and therefore denies those allegations.  The remaining allegations in paragraph 222 set forth conclusions of law for which no response is required.

223.   Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 223 concerning plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 223.

224.   Monsanto denies the allegations in paragraph 224.

225.   Monsanto denies the allegations in paragraph 225.

226.   Monsanto denies the allegations in paragraph 226.

227.   Monsanto denies the allegations in paragraph 227.

1    In response to the "WHEREFORE" paragraph following paragraph 227, Monsanto

2  demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

3  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

4  fees as allowed by law and such further and additional relief as this Court may deem just and

5  proper.

6    228.    Monsanto incorporates by reference its responses to paragraphs 1 through 227 in

7  response to paragraph 228 of plaintiff's Complaint.

8    229.    The allegations in paragraph 229 set forth conclusions of law for which no

9  response is required.

10    230.    Monsanto denies the allegations in paragraph 230.

11    231.    Monsanto denies the allegation in paragraph 231 that Roundup®-branded products

12  are "dangerous."  The remaining allegations in paragraph 231 set forth conclusions of law for

13  which no response is required.

14    232.    Monsanto denies the allegations in paragraph 232.

15    In response to the "WHEREFORE" paragraph following paragraph 232, Monsanto

16  demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

17  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

18  fees as allowed by law and such further and additional relief as this Court may deem just and

19  proper.

20    233.    Monsanto incorporates by reference its responses to paragraphs 1 through 232 in

21  response to paragraph 233 of plaintiff's Complaint.

22    234.    Monsanto denies the allegations in paragraph 234.

23    235.    Monsanto denies the allegations in paragraph 235.

24    236.    Monsanto denies the allegations in paragraph 236.

25    237.    Monsanto denies the allegations in paragraph 237.

26    238.    Monsanto denies the allegations in paragraph 238.

27    239.    Monsanto denies the allegations in paragraph 239.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04115-VC

1  240. Monsanto denies the allegations in paragraph 240.

2  241. Monsanto denies the allegations in paragraph 241.

3  242. Monsanto denies the allegations in paragraph 242.

4  243. Monsanto denies the allegations in paragraph 243.

5  244. Monsanto denies the allegations in paragraph 244.

6  In response to the "WHEREFORE" paragraph following paragraph 244, Monsanto

7 demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

8 dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

9 fees as allowed by law and such further and additional relief as this Court may deem just and

10 proper.

11  245. The allegations in paragraph 245 set forth conclusions of law for which no

12 response is required.

13  Every allegation in the Complaint that is not specifically and expressly admitted in this

14 Answer is hereby specifically and expressly denied.

15   **<u>SEPARATE AND AFFIRMATIVE DEFENSES</u>**

16  1. The Complaint, in whole or part, fails to state a claim or cause of action against

17 Monsanto upon which relief can be granted.

18  2. Venue may be inconvenient for plaintiff's claims.

19  3. Plaintiff's claims against Monsanto are barred because plaintiff cannot proffer any

20 scientifically reliable evidence that the products at issue were defective or unreasonably

21 dangerous.

22  4. Any alleged negligent or culpable conduct of Monsanto, none being admitted,

23 was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

24 plaintiff's alleged injuries.

25  5. Plaintiff's claims against Monsanto are barred, in whole or in part, because the

26 products at issue were designed, manufactured, marketed and labeled with proper warnings,

27

28

information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.      Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.      Plaintiff's claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.      Plaintiff's claims against Monsanto are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.      Applicable statutes of limitations and/or repose bar plaintiff's claims against Monsanto in whole or in part.

13.      Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Monsanto in whole or in part.

14.      If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is

1   neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the

2   relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or

3   causes that are not related or connected with any product sold, distributed, or manufactured by

4   Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an

5   independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

6       15.    Monsanto had no legal relationship or privity with plaintiff and owed no duty to

7   him by which liability could be attributed to it.

8       16.    Monsanto made no warranties of any kind or any representations of any nature

9   whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies,

10  then plaintiff failed to give notice of any breach thereof.

11      17.    Plaintiff's claims against Monsanto are preempted in whole or part by the

12  Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

13      18.    Plaintiff's claims against Monsanto for punitive damages are barred because such

14  an award would violate Monsanto's due process, equal protection and other rights under the

15  United States Constitution, the Alabama Constitution, the Georgia Constitution, and/or other

16  applicable state constitutions.

17      19.    Plaintiff's claims against Monsanto for punitive damages are barred because

18  plaintiff has failed to allege conduct warranting imposition of such damages under Alabama law,

19  Georgia law, and/or other applicable state laws.

20      20.    Plaintiff's claims against Monsanto for punitive damages are barred and/or

21  limited by operation of state and/or federal law, including Ala. Code § 6-11-21 and O.C.G.A. §

22  51-12-5.1.

23      21.    Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's

24  own contributory/comparative negligence.

25      22.    Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's

26  own failure to mitigate damages.

27

28

23.     Plaintiff's claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

25.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims against Monsanto are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiff's claims against Monsanto are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.     Plaintiff's strict liability claims are barred in whole or in part, by the Alabama Extended Manufacturer's Liability Doctrine.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

1

## **JURY TRIAL DEMAND**

2

Monsanto demands a jury trial on all issues so triable.

3

4   DATED:  August 9, 2019                                    Respectfully submitted,

5

6                                                            /s/ Joe G. Hollingsworth_____
                                                            Joe G. Hollingsworth (*pro hac vice*)

7                                                            (jhollingsworth@hollingsworthllp.com)
                                                            Eric G. Lasker (*pro hac vice*)

8                                                            (elasker@hollingsworthllp.com)
                                                            HOLLINGSWORTH LLP

9                                                            1350 I Street, N.W.
                                                            Washington, DC  20005

10                                                           Telephone:  (202) 898-5800
                                                            Facsimile:   (202) 682-1639

11
                                                            *Attorneys for Defendant*

12                                                           *MONSANTO COMPANY*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04115-VC