Daniel C. Burke (*Pro Hac Vice*)
**BERNSTEIN LIEBHARD LLP**
10 E. 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email: dburke@bernlieb.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION** | MDL No. 2741 |
| | Case No. |
| **THIS DOCUMENT RELATES TO:** | **SHORT FORM COMPLAINT** |
| MIRJANA DJURDJEVIC as proposed administrator of the estate of GORAN MILOSEVIC (deceased), | |
| Plaintiff, | |
| v. | |
| MONSANTO COMPANY, | |
| Defendant. | |

## SHORT FORM COMPLAINT

Pursuant to Pretrial Order (PTO) 149, in which the Court ordered multi-plaintiff complaints in this MDL be severed, and PTO 155, in which the parties were ordered to sever the plaintiffs in the case captioned *Cesilio Jimenez, et al. v. Monsanto Company*, No. 3:19-cv-03438, Plaintiff Mirjana Djurdjevic provides the following allegations:

1.  This case is brought on behalf of Mirjana Djurdjevic as proposed administrator of the estate of Goran Milosevic (deceased) ("Plaintiff").

00544564;V1

**SHORT FORM COMPLAINT**

2. Plaintiff first filed her case against Defendant Monsanto Company on June 17, 2019, in the Northern District of California.

3. Plaintiff incorporates by reference, as if fully set forth and alleged herein, the allegations contained in the Complaint in Cesilio Jimenez, et al. v. Monsanto Company, United States District Court for the Northern District of California, Case No. 3:19-cv-03438.

4. At the time the matter was originally filed on or about June 17, 2019, Plaintiff was a resident of Hoffman Estates, Illinois.

5. Plaintiff is a current resident of Hoffman Estates, Illinois.

6. Goran Milosevic was diagnosed with Non-Hodgkin's Lymphoma in approximately July 2017.

7. Plaintiff resided in Illinois at the time he was diagnosed with Non-Hodgkin's Lymphoma (NHL).

8. Plaintiff received medical treatment related to his diagnosis of NHL in Illinois.

9. This case properly lies in the United States District Court for the Northern District of Illinois under 735 Ill. Comp. Stat. 5/2-209(a)(1) and (b)(4) because Monsanto transacts business in Illinois and is a corporation doing business within Illinois. Monsanto knows that its Roundup products are and were sold throughout Illinois, and, more specifically, caused Roundup to be sold to Plaintiff in Illinois. In addition, Monsanto maintains sufficient contacts with the State of Illinois such that the Court's exercise of personal jurisdiction over it does not offend traditional notions of fair play and substantial justice.

10. Monsanto advertises and sells goods, specifically Roundup, throughout Illinois. It derived substantial revenue from goods and products used in Illinois. It expected its acts to have consequences within Illinois and derived substantial revenue from interstate commerce. Specific to this case, Monsanto engaged in the business of

**SHORT FORM COMPLAINT**

developing, manufacturing, testing, packaging, marketing, distributing, labeling, and selling Roundup. Monsanto purposefully availed itself of the privilege of conducting activities within Illinois, thus invoking the benefits and protections of its laws.

11. Jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant. Monsanto is a citizen of Delaware (where it is incorporated) and Missouri (where it has its principal place of business). Plaintiff is a citizen of Illinois, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(2) because Plaintiff was exposed to Roundup in Northern District of Illinois.

13. Plaintiff regularly used and was exposed to Roundup for more than 25 years from approximately 1991 until 2017.

14. During that time, Plaintiff regularly used Roundup to help control various weeds in his place of work in Darien Illinois.

15. Plaintiff was exposed to Roundup in and around Darien, Illinois.

16. Plaintiff brings claims against Monsanto under the following theories of liability: Negligence, Strict Products Liability (Design Defect), Strict Products Liability (Failure to Warn), Breach of Warranties, and Breach of Implied Warranty of Merchantability.

17. Submitted herewith is a proposed order.

Dated: August 14, 2019                            Respectfully Submitted,

By: ___/s/ Daniel C. Burke_____
        Daniel C. Burke (Pro Hac Vice)
        BERNSTEIN LIEBHARD LLP
        10 E. 40th Street
        New York, NY 10016
        Tel: (212) 779-1414

Fax: (212) 779-3218
Email: dburke@bernlieb.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on the August 14, 2019, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties of record.

<u>/s/ Morris Dweck</u>