Daniel C. Burke (*Pro Hac Vice*)
**BERNSTEIN LIEBHARD LLP**
10 E. 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email: dburke@bernlieb.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:19-cv-4774 |
| THIS DOCUMENT RELATES TO: MARK WASILESKI, Plaintiff, v. MONSANTO COMPANY, Defendant. | **SHORT FORM COMPLAINT** |

## SHORT FORM COMPLAINT

Pursuant to Pretrial Order (PTO) 149, in which the Court ordered multi-plaintiff complaints in this MDL be severed, and PTO 155, in which the parties were ordered to sever the plaintiffs in the case captioned *Cesilio Jimenez, et al. v. Monsanto Company*, No. 3:19-cv-03438, Plaintiff Mark Wasileski provides the following allegations:

1. This case is brought on behalf of Mark Wasileski ("Plaintiff").

2. Plaintiff first filed his case against Defendant Monsanto Company on June 17, 2019, in the Northern District of California.

00545187;V1

3. Plaintiff incorporates by reference, as if fully set forth and alleged herein, the allegations contained in the Complaint in Cesilio Jimenez, et al. v. Monsanto Company, United States District Court for the Northern District of California, Case No. 3:19-cv-03438.

4. At the time the matter was originally filed on or about June 17, 2019, Plaintiff was a resident of Coal Township, Pennsylvania.

5. Plaintiff is a current resident of Coal Township, Pennsylvania.

6. Mark Wasileski was diagnosed with Non-Hodgkin's Lymphoma in summer of 2017.

7. Plaintiff resided in Pennsylvania at the time he was diagnosed with Non-Hodgkin's Lymphoma (NHL).

8. Plaintiff received medical treatment related to his diagnosis of NHL in Pennsylvania.

9. This case properly lies in the United States District Court for the Middle District of Pennsylvania because Monsanto transacts business in Pennsylvania and is a corporation doing business within Pennsylvania. Monsanto knows that its Roundup products are and were sold throughout Pennsylvania, and, more specifically, caused Roundup to be sold to Plaintiff in Pennsylvania. In addition, Monsanto maintains sufficient contacts with the State of Pennsylvania such that the Court's exercise of personal jurisdiction over it does not offend traditional notions of fair play and substantial justice.

10. Monsanto advertises and sells goods, specifically Roundup, throughout Pennsylvania. It derived substantial revenue from goods and products used in Pennsylvania. It expected its acts to have consequences within Pennsylvania and derived substantial revenue from interstate commerce. Specific to this case, Monsanto engaged in the business of developing, manufacturing, testing, packaging, marketing, distributing, labeling, and selling Roundup. Monsanto purposefully availed itself of the privilege of conducting activities within Pennsylvania, thus invoking the benefits and protections of its laws.

11. Jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant. Monsanto is a citizen of Delaware (where it is incorporated) and Missouri (where it has its principal place of business). Plaintiff is a citizen of Pennsylvania, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b)(2) because Plaintiff was exposed to Roundup in the Middle District of Pennsylvania.

13. Plaintiff regularly used and was exposed to Roundup for more than 25 years from the spring of 2009 until the summer of 2017.

14. During that time, Plaintiff regularly used Roundup to help control various weeds at his home in Coal Township, Pennsylvania.

15. Plaintiff was exposed to Roundup in and around Coal Township, Pennsylvania.

16. Plaintiff brings claims against Monsanto under the following theories of liability: Negligence, Strict Products Liability (Design Defect), Strict Products Liability (Failure to Warn), Breach of Warranties, and Breach of Implied Warranty of Merchantability.

17. Submitted herewith is a proposed order.

Dated: August 14, 2019                          Respectfully Submitted,

By: __/s/ *Daniel C. Burke*_____
Daniel C. Burke (Pro Hac Vice)
BERNSTEIN LIEBHARD LLP
10 E. 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email: dburke@bernlieb.com

00545187;V1                                          2
**SHORT FORM COMPLAINT**

## CERTIFICATE OF SERVICE

I hereby certify that on the August 14, 2019, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties of record.

/s/ Morris Dweck

00545187;V1                                3
**SHORT FORM COMPLAINT**