Daniel C. Burke (*Pro Hac Vice*)
**BERNSTEIN LIEBHARD LLP**
10 E. 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email: dburke@bernlieb.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:19-cv-4782 |
| THIS DOCUMENT RELATES TO: DIANE MONTGOMERY as proposed administrator of the estate of STEPHEN SCHARFE (deceased), Plaintiff, v. MONSANTO COMPANY, Defendant. | **SHORT FORM COMPLAINT** |

## SHORT FORM COMPLAINT

Pursuant to Pretrial Order (PTO) 149, in which the Court ordered multi-plaintiff complaints in this MDL be severed, and PTO 155, in which the parties were ordered to sever the plaintiffs in the case captioned *Cesilio Jimenez, et al. v. Monsanto Company*, No. 3:19-cv-03438, Plaintiff Diane Montgomery provides the following allegations:

1. This case is brought on behalf of Diane Montgomery as proposed administrator of the estate of Stephen Scharfe (deceased) ("Plaintiff").

00545194;V1

**SHORT FORM COMPLAINT**

2. Plaintiff first filed her case against Defendant Monsanto Company on June 17, 2019, in the Northern District of California.

3. Plaintiff incorporates by reference, as if fully set forth and alleged herein, the allegations contained in the Complaint in Cesilio Jimenez, et al. v. Monsanto Company, United States District Court for the Northern District of California, Case No. 3:19-cv-03438.

4. At the time the matter was originally filed on or about June 17, 2019, Plaintiff was a resident of Carson City, Nevada.

5. Plaintiff is a current resident of Carson City, Nevada.

6. Stephen Scharfe was diagnosed with Non-Hodgkin's Lymphoma in approximately July 2017.

7. Plaintiff resided in Nevada at the time he was diagnosed with Non-Hodgkin's Lymphoma (NHL).

8. Plaintiff received medical treatment related to his diagnosis of NHL in Nevada.

9. This case properly lies in the United States District Court for the District of Nevada because Monsanto transacts business in Nevada and is a corporation doing business within Nevada. Monsanto knows that its Roundup products are and were sold throughout Nevada, and, more specifically, caused Roundup to be sold to Plaintiff in Nevada. In addition, Monsanto maintains sufficient contacts with the State of Nevada such that the Court's exercise of personal jurisdiction over it does not offend traditional notions of fair play and substantial justice.

10. Monsanto advertises and sells goods, specifically Roundup, throughout Nevada. It derived substantial revenue from goods and products used in Nevada. It expected its acts to have consequences within Nevada and derived substantial revenue from interstate commerce. Specific to this case, Monsanto engaged in the business of

developing, manufacturing, testing, packaging, marketing, distributing, labeling, and selling Roundup. Monsanto purposefully availed itself of the privilege of conducting activities within Nevada, thus invoking the benefits and protections of its laws.

11. Jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant. Monsanto is a citizen of Delaware (where it is incorporated) and Missouri (where it has its principal place of business). Plaintiff is a citizen of Nevada, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in the Northern District of Nevada under 28 U.S.C. § 1391(b)(2) because Plaintiff was exposed to Roundup in Northern District of Nevada.

13. Plaintiff regularly used and was exposed to Roundup for more than 40 years from approximately 1974 through July 2017.

14. During that time, Plaintiff regularly used Roundup to help control various weeds his 2.5 acre home in Carson City, Nevada.

15. Plaintiff was exposed to Roundup in and around Carson City, Nevada.

16. Plaintiff brings claims against Monsanto under the following theories of liability: Negligence, Strict Products Liability (Design Defect), Strict Products Liability (Failure to Warn), Breach of Warranties, and Breach of Implied Warranty of Merchantability.

17. Submitted herewith is a proposed order.

Dated: August 14, 2019                               Respectfully Submitted,

                                                     By: __/s/ *Daniel C. Burke*_____
                                                          Daniel C. Burke (Pro Hac Vice)
                                                          BERNSTEIN LIEBHARD LLP
                                                          10 E. 40th Street
                                                          New York, NY 10016
                                                          Tel: (212) 779-1414

00545194;V1                                    2
**SHORT FORM COMPLAINT**

1
2

Fax: (212) 779-3218
Email: dburke@bernlieb.com

3
4
5

**CERTIFICATE OF SERVICE**

6
7

    I hereby certify that on the August 14, 2019, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties of record.

8
9

<u>/s/ Morris Dweck</u>

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00545194;V1

3

**SHORT FORM COMPLAINT**