UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741<br>Case No. 3:16-md-02741-VC |
| **This document relates to:** | |
| **KRISTIN LEIGH HEATH,** | |
| **Plaintiff,** | |
| v. | Case No. _____ |
| **Monsanto Company,** | |
| **Defendant.** | |

### PLAINTIFF KRISTIN LEIGH HEATH SHORT FORM COMPLAINT

Pursuant to Pretrial Order (PTO) No. 149, in which the parties were ordered to sever the plaintiffs in the case captioned Billingsley, *et al*. v. Monsanto Corporation, originally filed in the United States District Court for the District of Mississippi, into individual short form complaint for pre-trial work up purposes, Plaintiff Kristin Leigh Heath provides the following allegations required by the Court in PTO No. 155:

1. This case is brought on behalf of the Plaintiff Kristin Leigh Heath.

2. This case is brought against Defendant Monsanto Company (Monsanto).

3. Plaintiff first filed her case against Monsanto in the United States District Court of the District Mississippi.

4. Plaintiff incorporates by reference, as if fully alleged herein, the allegations contained in Billingsley, *et al*. v. Monsanto Corporation, United States District Court of the District Mississippi, Case No. 1:18-cv-00135-SA-RP other than the paragraphs pertaining to the

other Plaintiffs listed in the original complaint.

5. Plaintiff resided in Olive Branch, Desoto County, Mississippi at the time of filing the original complaint against Monsanto.

6. Plaintiff currently resides in Olive Branch, Desoto County, Mississippi.

7. Plaintiff resided in Olive Branch, Desoto County, Mississippi at the time of her diagnosis of Non-Hodgkin Lymphoma (NHL).

8. Plaintiff received medical treatment for her NHL in Tennessee.

9. Venue over this case properly lies in the United States District Court of the District of Mississippi.

10. Jurisdiction is proper based on diversity under 28 U.S.C. § 1332 because Plaintiff is a citizen of Mississippi, a different state than the Defendant's states of citizenship, and the aggregate amount in controversy exceeds $75,000 exclusive of interest and costs.

11. Plaintiff alleges injury from her exposure to Defendant's Roundup® products, included but not limited to Roundup® concentrate herbicide sold under several marketing names by Monsanto from about 1976 until 2016 and received, handled, and applied Roundup® in large bulk quantities of thousands of gallons per year (estimated as at least 15,000 gallons of concentrate per year) and in small 2-3 gallon jugs for home and non-agricultural use.

12. Plaintiff was exposed to Monsanto's Roundup® products from in or around May 2003 through sometime in 2016.  She used Monsanto's Roundup® to control weeds on personal property.

13. Plaintiff used Monsanto's Roundup products at each of the following locations: Olive Branch, Mississippi.

14. Plaintiff was diagnosed with NHL in December 2016 with follicular lymphoma,

low-grade (1-2), monoclonal CD10 positive B-cell NHL.

15. Plaintiff brings claims against Monsanto under the following theories of liability: Strict Liability (Design Defect), Strict Liability (Failure to Warn), and Negligence.

Respectfully submitted this the 14th day of August, 2019.

/s/ *John Arthur Eaves, Jr.*
John Arthur Eaves, Jr. (MS Bar #8843)
Eaves Law Firm, LLC
101 North State Street
Jackson, MS  39201
(601) 355-7961 – Telephone
(601) 355-0530 – Facsimile
johnjr@eaveslawmail.com
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I, hereby certify that on the 14th day of August, 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ *John Arthur Eaves, Jr.*
John Arthur Eaves, Jr. (MS Bar #8843)