UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>TOMMY JONES, DECEASED,<br>BY AND THROUGH HIS DAUGHTER,<br>DIANNE JONES MORRIS<br><br>    Plaintiff,<br><br>v.<br><br>Monsanto Company,<br><br>    Defendant. | Case No. _____ |

### PLAINTIFF TOMMY JONES, DECEASED, BY AND THROUGH HIS DAUGHTER, DIANNE JONES MORRIS SHORT FORM COMPLAINT

Pursuant to Pretrial Order (PTO) No. 149, in which the parties were ordered to sever the plaintiffs in the case captioned Billingsley, *et al.* v. Monsanto Corporation, originally filed in the United States District Court for the District of Mississippi, into individual short form complaint for pre-trial work up purposes, Plaintiff Tommy Jones, Deceased, by and through his daughter, Dianne Jones Morris provides the following allegations required by the Court in PTO No. 155:

1. This case is brought on behalf of the Plaintiff Tommy Jones, Deceased, by and through his daughter, Dianne Jones Morris.

2. This case is brought against Defendant Monsanto Company (Monsanto).

3. This case was first filed against Monsanto in the United States District Court of the District Mississippi.

4. The allegations contained in Billingsley, *et al.* v. Monsanto Corporation, United States District Court of the District Mississippi, Case No. 1:18-cv-00135-SA-RP are incorporated herein by reference, other than the paragraphs pertaining to the other Plaintiffs listed in the original complaint.

5. Daughter, Dianne Jones Morris resided in Greenville, Washington County, Mississippi at the time of filing the original complaint against Monsanto.

6. Decedent resided in Lula, Coahoma County, Mississippi at the time of his death.

7. Decedent resided in Lula, Coahoma County, Mississippi at the time of his diagnosis of Non-Hodgkin Lymphoma (NHL).

8. Decedent received medical treatment for his NHL in Tennessee.

9. Venue over this case properly lies in the United States District Court of the District of Mississippi.

10. Jurisdiction is proper based on diversity under 28 U.S.C. § 1332 because Ms. Morris is a citizen of Mississippi, a different state than the Defendant's states of citizenship, and the aggregate amount in controversy exceeds $75,000 exclusive of interest and costs.

11. Allegedly, Decedent was injured from his exposure to Defendant's Roundup® products, included but not limited to Roundup® concentrate herbicide sold under several marketing names by Monsanto from about 1976 until 2016 and received, handled, and applied Roundup® in large bulk quantities of thousands of gallons per year (estimated as at least 15,000 gallons of concentrate per year) and in small 2-3 gallon jugs for home and non-agricultural use.

12. Decedent was exposed to Monsanto's Roundup® products from in or around 1977 through sometime in 1991. He used Monsanto's Roundup® for agricultural use on a farm.

13. Decedent used Monsanto's Roundup® products at each of the following

locations:  Lula, Mississippi.

14.     Decedent was diagnosed with NHL in sometime in 1991 with an unknown form of NHL.

15.     Claims against Monsanto are brought under the following theories of liability: Strict Liability (Design Defect), Strict Liability (Failure to Warn), and Negligence.

Respectfully submitted this the 14th day of August, 2019.

> /s/ *John Arthur Eaves, Jr.*
> John Arthur Eaves, Jr. (MS Bar #8843)
> Eaves Law Firm, LLC
> 101 North State Street
> Jackson, MS  39201
> (601) 355-7961 – Telephone
> (601) 355-0530 – Facsimile
> johnjr@eaveslawmail.com
> Attorney for Plaintiffs

### CERTIFICATE OF SERVICE

I, hereby certify that on the 14th day of August, 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

> /s/ *John Arthur Eaves, Jr.*
> John Arthur Eaves, Jr. (MS Bar #8843)