Daniel C. Burke (*Pro Hac Vice*)
**BERNSTEIN LIEBHARD LLP**
10 E. 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email: dburke@bernlieb.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION** | MDL No. 2741 |
| | Case No. 3:19-cv-4796 |
| **THIS DOCUMENT RELATES TO:** | |
| KENNETH LOVING, | **SHORT FORM COMPLAINT** |
| Plaintiff, | |
| v. | |
| MONSANTO COMPANY, | |
| Defendant. | |

## SHORT FORM COMPLAINT

Pursuant to Pretrial Order (PTO) 149, in which the Court ordered multi-plaintiff complaints in this MDL be severed, and PTO 155, in which the parties were ordered to sever the plaintiffs in the case captioned *Cesilio Jimenez, et al. v. Monsanto Company*, No. 3:19-cv-03438, Plaintiff Kenneth Loving provides the following allegations:

1. This case is brought on behalf of Kenneth Loving ("Plaintiff").

2. Plaintiff first filed he case against Defendant Monsanto Company on June 17, 2019, in the Northern District of California.

00545784;V1

SHORT FORM COMPLAINT

3.  Plaintiff incorporates by reference, as if fully set forth and alleged herein, the allegations contained in the Complaint in Cesilio Jimenez, et al. v. Monsanto Company, United States District Court for the Northern District of California, Case No. 3:19-cv-03438.

4.  At the time the matter was originally filed on or about June 17, 2019, Plaintiff was a resident of Cleveland, Tennessee.

5.  Plaintiff is a current resident of Cleveland, Tennessee.

6.  Kenneth Loving was diagnosed with Non-Hodgkin's Lymphoma in approximately November 2009.

7.  Plaintiff resided in Oregon at the time he was diagnosed with Non-Hodgkin's Lymphoma (NHL).

8.  Plaintiff received medical treatment related to his diagnosis of NHL in Oregon, Washington, California and Tennessee.

9.  This case properly lies in the United States District Court for the District of Oregon, Portland Division because Monsanto transacts business in Oregon and is a corporation doing business within Oregon. Monsanto knows that its Roundup products are and were sold throughout Oregon, and, more specifically, caused Roundup to be sold to Plaintiff in Oregon. In addition, Monsanto maintains sufficient contacts with the State of Oregon such that the Court's exercise of personal jurisdiction over it does not offend traditional notions of fair play and substantial justice.

10. Monsanto advertises and sells goods, specifically Roundup, throughout Oregon. It derived substantial revenue from goods and products used in Oregon. It expected its acts to have consequences within Oregon and derived substantial revenue from interstate commerce. Specific to this case, Monsanto engaged in the business of developing, manufacturing, testing, packaging, marketing, distributing, labeling, and

**SHORT FORM COMPLAINT**

selling Roundup. Monsanto purposefully availed itself of the privilege of conducting activities within Oregon, thus invoking the benefits and protections of its laws.

11. Jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant. Monsanto is a citizen of Delaware (where it is incorporated) and Missouri (where it has its principal place of business). Plaintiff was a citizen of Oregon, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in the District of Oregon, Portland Division under 28 U.S.C. § 1391(b)(2) because Plaintiff previously resided and was exposed to Roundup in the District of Oregon, Portland Division.

13. Plaintiff regularly used and was exposed to Roundup for more than 30 years from approximately 1978 until 2012.

14. During that time, Plaintiff regularly used Roundup to help control various weeds in Oregon and Washington, at his home and while at work as a forester for the US Land Management Bureau.

15. Plaintiff was exposed to Roundup in and around Oregon and Washington.

16. Plaintiff brings claims against Monsanto under the following theories of liability: Negligence, Strict Products Liability (Design Defect), Strict Products Liability (Failure to Warn), Breach of Warranties, and Breach of Implied Warranty of Merchantability.

17. Submitted herewith is a proposed order.

Dated: August 14, 2019                                  Respectfully Submitted,

                                                By: __/s/ Daniel C. Burke_____
                                                    Daniel C. Burke (Pro Hac Vice)
                                                    BERNSTEIN LIEBHARD LLP
                                                    10 E. 40th Street

**SHORT FORM COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email: dburke@bernlieb.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the August 14, 2019, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties of record.

/s/ Morris Dweck

00545784;V1

3

**SHORT FORM COMPLAINT**