1   Daniel C. Burke (*Pro Hac Vice*)
    **BERNSTEIN LIEBHARD LLP**
2   10 E. 40th Street
    New York, NY 10016
3   Tel: (212) 779-1414
    Fax: (212) 779-3218
4   Email: dburke@bernlieb.com

5   *Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:19-cv-4799 |
| THIS DOCUMENT RELATES TO:<br>LARRY POPLIN, SR.,<br>       Plaintiff,<br>   v.<br>MONSANTO COMPANY,<br>       Defendant. | **SHORT FORM COMPLAINT** |

## SHORT FORM COMPLAINT

Pursuant to Pretrial Order (PTO) 149, in which the Court ordered multi-plaintiff complaints in this MDL be severed, and PTO 155, in which the parties were ordered to sever the plaintiffs in the case captioned *Cesilio Jimenez, et al. v. Monsanto Company*, No. 3:19-cv-03438, Plaintiff Larry Poplin, Sr. provides the following allegations:

1. This case is brought on behalf of Larry Poplin, Sr. ("Plaintiff").

2. Plaintiff first filed his case against Defendant Monsanto Company on June 17, 2019, in the Northern District of California.

00545785;V1

3. Plaintiff incorporates by reference, as if fully set forth and alleged herein, the allegations contained in the Complaint in Cesilio Jimenez, et al. v. Monsanto Company, United States District Court for the Northern District of California, Case No. 3:19-cv-03438.

4. At the time the matter was originally filed on or about June 17, 2019, Plaintiff was a resident of Gainesville, Virginia.

5. Plaintiff is a current resident of Gainesville, Virginia.

6. Larry Poplin, Sr. was diagnosed with Non-Hodgkin's Lymphoma in approximately August 2017.

7. Plaintiff resided in Virginia at the time he was diagnosed with Non-Hodgkin's Lymphoma (NHL).

8. Plaintiff received medical treatment related to his diagnosis of NHL in Virginia.

9. This case properly lies in the United States District Court for the Eastern District of Virginia, Alexandria Division because Monsanto transacts business in Virginia and is a corporation doing business within Virginia. Monsanto knows that its Roundup products are and were sold throughout Virginia, and, more specifically, caused Roundup to be sold to Plaintiff in Virginia. In addition, Monsanto maintains sufficient contacts with the State of Virginia such that the Court's exercise of personal jurisdiction over it does not offend traditional notions of fair play and substantial justice.

10. Monsanto advertises and sells goods, specifically Roundup, throughout Virginia. It derived substantial revenue from goods and products used in Virginia. It expected its acts to have consequences within Virginia and derived substantial revenue from interstate commerce. Specific to this case, Monsanto engaged in the business of developing, manufacturing, testing, packaging, marketing, distributing, labeling, and selling Roundup. Monsanto purposefully availed itself of the privilege of conducting activities within Virginia, thus invoking the benefits and protections of its laws.

11. Jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant. Monsanto is a citizen of Delaware (where it is incorporated) and Missouri (where it has its principal place of business). Plaintiff is a citizen of Virginia, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in the Eastern District of Virginia, Alexandria Division under 28 U.S.C. § 1391(b)(2) because Plaintiff was exposed to Roundup in the Eastern District of Virginia, Alexandria Division.

13. Plaintiff regularly used and was exposed to Roundup the 1980's until 2018.

14. During that time, Plaintiff regularly used Roundup to help control various weeds at his home in Virginia.

15. Plaintiff was exposed to Roundup at his home in Gainesville, Virginia.

16. Plaintiff brings claims against Monsanto under the following theories of liability: Negligence, Strict Products Liability (Design Defect), Strict Products Liability (Failure to Warn), Breach of Warranties, and Breach of Implied Warranty of Merchantability.

17. Submitted herewith is a proposed order.

Dated: August 14, 2019                             Respectfully Submitted,

                                        By: __/s/ *Daniel C. Burke*_____
                                             Daniel C. Burke (Pro Hac Vice)
                                             BERNSTEIN LIEBHARD LLP
                                             10 E. 40th Street
                                             New York, NY 10016
                                             Tel: (212) 779-1414
                                             Fax: (212) 779-3218
                                             Email: dburke@bernlieb.com

## CERTIFICATE OF SERVICE

I hereby certify that on the August 14, 2019, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties of record.

/s/ Morris Dweck

00545785;V1

3

**SHORT FORM COMPLAINT**