UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: | |
| MARGARET H. RICKS, | |
| Plaintiff, | |
| v. | Case No. _____ |
| Monsanto Company, | |
| Defendant. | |

**PLAINTIFF MARGARET H. RICKS SHORT FORM COMPLAINT**

Pursuant to Pretrial Order (PTO) No. 149, in which the parties were ordered to sever the plaintiffs in the case captioned Billingsley, *et al.* v. Monsanto Corporation, originally filed in the United States District Court for the District of Mississippi, into individual short form complaint for pre-trial work up purposes, Plaintiff Margaret H. Ricks provides the following allegations required by the Court in PTO No. 155:

1.      This case is brought on behalf of the Plaintiff Margaret H. Ricks.

2.      This case is brought against Defendant Monsanto Company (Monsanto).

3.      Plaintiff first filed her case against Monsanto in the United States District Court of the District Mississippi.

4.      Plaintiff incorporates by reference, as if fully alleged herein, the allegations contained in Billingsley, *et al.* v. Monsanto Corporation, United States District Court of the District Mississippi, Case No. 1:18-cv-00135-SA-RP other than the paragraphs pertaining to the

other Plaintiffs listed in the original complaint.

5.      Plaintiff resided in Coldwater, Tate County, Mississippi at the time of filing the original complaint against Monsanto.

6.      Plaintiff currently resides in Coldwater, Tate County, Mississippi.

7.      Plaintiff resided in Coldwater, Tate County, Mississippi at the time of her diagnosis of Non-Hodgkin Lymphoma (NHL).

8.      Plaintiff received medical treatment for her NHL in Tennessee.

9.      Venue over this case properly lies in the United States District Court of the District of Mississippi.

10.     Jurisdiction is proper based on diversity under 28 U.S.C. § 1332 because Plaintiff is a citizen of Mississippi, a different state than the Defendant's states of citizenship, and the aggregate amount in controversy exceeds $75,000 exclusive of interest and costs.

11.     Plaintiff alleges injury from her exposure to Defendant's Roundup® products, included but not limited to Roundup® concentrate herbicide sold under several marketing names by Monsanto from about 1976 until 2016 and received, handled, and applied Roundup® in large bulk quantities of thousands of gallons per year (estimated as at least 15,000 gallons of concentrate per year) and in small 2-3 gallon jugs for home and non-agricultural use.

12.     Plaintiff was exposed to Monsanto's Roundup® products from in or around May 2004 through sometime in 2015.  She used Monsanto's Roundup® to control weeds on her personal property.

13.     Plaintiff used Monsanto's Roundup® products at each of the following locations: Coldwater, Mississippi.

14.     Plaintiff was diagnosed with NHL in June 2016 with high-grade CD10 positive

large B-cell Lymphoma NHL.

     15.    Plaintiff brings claims against Monsanto under the following theories of liability:

Strict Liability (Design Defect), Strict Liability (Failure to Warn), and Negligence.

     Respectfully submitted this the 14th day of August, 2019.

/s/ *John Arthur Eaves, Jr.*

John Arthur Eaves, Jr. (MS Bar #8843)
Eaves Law Firm, LLC
101 North State Street
Jackson, MS  39201
(601) 355-7961 – Telephone
(601) 355-0530 – Facsimile
johnjr@eaveslawmail.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

     I, hereby certify that on the 14th day of August, 2019, a copy of the foregoing was filed

with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all

appearing parties of record.

/s/ *John Arthur Eaves, Jr.*

John Arthur Eaves, Jr. (MS Bar #8843)
