1  Daniel C. Burke (*Pro Hac Vice*)
   **BERNSTEIN LIEBHARD LLP**
2  10 E. 40th Street
   New York, NY 10016
3  Tel: (212) 779-1414
   Fax: (212) 779-3218
4  Email: dburke@bernlieb.com

5  *Counsel for Plaintiffs*

7  UNITED STATES DISTRICT COURT

8  NORTHERN DISTRICT OF CALIFORNIA

9  SAN FRANCISCO DIVISION

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 3:19-cv-04852 |
| **THIS DOCUMENT RELATES TO:** MARY CLINE as proposed administrator of the estate of GARRY CLINE (deceased), Plaintiff, v. MONSANTO COMPANY, Defendant. | **SHORT FORM COMPLAINT** |

### SHORT FORM COMPLAINT

Pursuant to Pretrial Order (PTO) 149, in which the Court ordered multi-plaintiff complaints in this MDL be severed, and PTO 155, in which the parties were ordered to sever the plaintiffs in the case captioned *Cesilio Jimenez, et al. v. Monsanto Company*, No. 3:19-cv-03438, Plaintiff Mary Cline provides the following allegations:

1. This case is brought on behalf of Mary Cline as proposed administrator of the estate of Garry Cline (deceased) ("Plaintiff").

00545786;V1

2. Plaintiff first filed her case against Defendant Monsanto Company on June 17, 2019, in the Northern District of California.

3. Plaintiff incorporates by reference, as if fully set forth and alleged herein, the allegations contained in the Complaint in Cesilio Jimenez, et al. v. Monsanto Company, United States District Court for the Northern District of California, Case No. 3:19-cv-03438.

4. At the time the matter was originally filed on or about June 17, 2019, Plaintiff was a resident of Englewood, Tennessee.

5. Plaintiff is a current resident of Englewood, Tennessee.

6. Garry Cline was diagnosed with Non-Hodgkin's Lymphoma in approximately May 2007.

7. Plaintiff resided in Tennessee at the time he was diagnosed with Non-Hodgkin's Lymphoma (NHL).

8. Plaintiff received medical treatment related to his diagnosis of NHL in Tennessee.

9. This case properly lies in the United States District Court for the Northern District of Illinois because Monsanto transacts business in Illinois and is a corporation doing business within Illinois. Monsanto knows that its Roundup products are and were sold throughout Illinois, and, more specifically, caused Roundup to be sold to Plaintiff in Illinois. In addition, Monsanto maintains sufficient contacts with the State of Illinois such that the Court's exercise of personal jurisdiction over it does not offend traditional notions of fair play and substantial justice.

10. Monsanto advertises and sells goods, specifically Roundup, throughout Illinois. It derived substantial revenue from goods and products used in Illinois. It expected its acts to have consequences within Illinois and derived substantial revenue from interstate commerce. Specific to this case, Monsanto engaged in the business of developing, manufacturing, testing, packaging, marketing, distributing, labeling, and

1  selling Roundup. Monsanto purposefully availed itself of the privilege of conducting

2  activities within Illinois, thus invoking the benefits and protections of its laws.

11. Jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant. Monsanto is a citizen of Delaware (where it is incorporated) and Missouri (where it has its principal place of business). Plaintiff was an employee in the State of Illinois, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(2) because Plaintiff was exposed to Roundup in Northern District of Illinois.

13. Plaintiff regularly used and was exposed to Roundup from the summer of 2004 through 2016.

14. During that time, Plaintiff regularly used Roundup to help control various weeds in his place of work in Darien, Illinois.

15. Plaintiff was exposed to Roundup in and around Darien, Illinois.

16. Plaintiff brings claims against Monsanto under the following theories of liability: Negligence, Strict Products Liability (Design Defect), Strict Products Liability (Failure to Warn), Breach of Warranties, and Breach of Implied Warranty of Merchantability.

17. Submitted herewith is a proposed order.

Dated: August 15, 2019                    Respectfully Submitted,

                                          By:  /s/ *Daniel C. Burke*
                                               Daniel C. Burke (Pro Hac Vice)
                                               BERNSTEIN LIEBHARD LLP
                                               10 E. 40th Street
                                               New York, NY 10016
                                               Tel: (212) 779-1414
                                               Fax: (212) 779-3218
                                               Email: dburke@bernlieb.com

00545786;V1                               2
**SHORT FORM COMPLAINT**

1
2
3
4 **CERTIFICATE OF SERVICE**
5
    I hereby certify that on the August 15, 2019, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties of record.
6
7
/s/ Morris Dweck
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00545786;V1         3

**SHORT FORM COMPLAINT**