1  Daniel C. Burke (*Pro Hac Vice*)
   **BERNSTEIN LIEBHARD LLP**
2  10 E. 40th Street
   New York, NY 10016
3  Tel: (212) 779-1414
   Fax: (212) 779-3218
4  Email: dburke@bernlieb.com

5  *Counsel for Plaintiffs*

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                        SAN FRANCISCO DIVISION

10

11 | IN RE: ROUNDUP PRODUCTS       | MDL No. 2741 |
   | LIABILITY LITIGATION          |              |
12 |                               |              |
   |                               | Case No. 3:19-cv-4880 |
13 |                               |              |
   | THIS DOCUMENT RELATES TO:     |              |
14 | WILLIAM RINAMAN,              | **SHORT FORM COMPLAINT** |
15 |     Plaintiff,                |              |
16 |     v.                        |              |
   | MONSANTO COMPANY,             |              |
17 |     Defendant.                |              |

18

19                    **SHORT FORM COMPLAINT**

20         Pursuant to Pretrial Order (PTO) 149, in which the Court ordered multi-plaintiff

21 complaints in this MDL be severed, and PTO 155, in which the parties were ordered to sever the

22 plaintiffs in the case captioned *Cesilio Jimenez, et al. v. Monsanto Company*, No. 3:19-cv-03438,

23 Plaintiff William Rinaman provides the following allegations:

24
   1. This case is brought on behalf of William Rinaman ("Plaintiff").
25

26 2. Plaintiff first filed his case against Defendant Monsanto Company on June 17, 2019,
27    in the Northern District of California.

28

   00545787;V1
                              **SHORT FORM COMPLAINT**

3. Plaintiff incorporates by reference, as if fully set forth and alleged herein, the allegations contained in the Complaint in Cesilio Jimenez, et al. v. Monsanto Company, United States District Court for the Northern District of California, Case No. 3:19-cv-03438.

4. At the time the matter was originally filed on or about June 17, 2019, Plaintiff was a resident of Pinehurst, North Carolina.

5. Plaintiff is a current resident of Pinehurst, North Carolina.

6. William Rinaman was diagnosed with Non-Hodgkin's Lymphoma in approximately 2009.

7. Plaintiff resided in New York at the time he was diagnosed with Non-Hodgkin's Lymphoma (NHL).

8. Plaintiff received medical treatment related to his diagnosis of NHL in Syracuse, New York and Pinehurst, North Carolina.

9. This case properly lies in the United States District Court for the Northern District of New York because Monsanto transacts business in New York and is a corporation doing business within New York. Monsanto knows that its Roundup products are and were sold throughout New York, and, more specifically, caused Roundup to be sold to Plaintiff in New York. In addition, Monsanto maintains sufficient contacts with the State of New York such that the Court's exercise of personal jurisdiction over it does not offend traditional notions of fair play and substantial justice.

10. Monsanto advertises and sells goods, specifically Roundup, throughout New York. It derived substantial revenue from goods and products used in New York. It expected its acts to have consequences within New York and derived substantial revenue from interstate commerce. Specific to this case, Monsanto engaged in the business of developing, manufacturing, testing, packaging, marketing, distributing, labeling, and selling Roundup. Monsanto purposefully availed itself of the privilege

of conducting activities within New York, thus invoking the benefits and protections of its laws.

11. Jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant. Monsanto is a citizen of Delaware (where it is incorporated) and Missouri (where it has its principal place of business). Plaintiff was a citizen of New York, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in the Northern District of New York under 28 U.S.C. § 1391(b)(2) because Plaintiff was exposed to Roundup in Northern District of New York.

13. Plaintiff regularly used and was exposed to Roundup from the 1970's until 2009.

14. During that time, Plaintiff regularly used Roundup to help control various weeds at his home in New York.

15. Plaintiff was exposed to Roundup in and around Clay, New York.

16. Plaintiff brings claims against Monsanto under the following theories of liability: Negligence, Strict Products Liability (Design Defect), Strict Products Liability (Failure to Warn), Breach of Warranties, and Breach of Implied Warranty of Merchantability.

17. Submitted herewith is a proposed order.

Dated: August 15, 2019                                  Respectfully Submitted,

                                                        By: __/s/ *Daniel C. Burke*_____
                                                            Daniel C. Burke (Pro Hac Vice)
                                                            BERNSTEIN LIEBHARD LLP
                                                            10 E. 40th Street
                                                            New York, NY 10016
                                                            Tel: (212) 779-1414
                                                            Fax: (212) 779-3218
                                                            Email: dburke@bernlieb.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the August 15, 2019, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties of record.

<u>/s/ Morris Dweck</u>

00545787;V1                                    3
**SHORT FORM COMPLAINT**