```
 1   Daniel C. Burke (Pro Hac Vice)
     BERNSTEIN LIEBHARD LLP
 2   10 E. 40th Street
     New York, NY 10016
 3   Tel: (212) 779-1414
     Fax: (212) 779-3218
 4   Email: dburke@bernlieb.com

 5   Counsel for Plaintiffs
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 3:19-cv-4883 |
| THIS DOCUMENT RELATES TO:<br>DARWIN TYLER,<br>    Plaintiff,<br>  v.<br>MONSANTO COMPANY,<br>    Defendant. | **SHORT FORM COMPLAINT** |

## **SHORT FORM COMPLAINT**

Pursuant to Pretrial Order (PTO) 149, in which the Court ordered multi-plaintiff complaints in this MDL be severed, and PTO 155, in which the parties were ordered to sever the plaintiffs in the case captioned *Cesilio Jimenez, et al. v. Monsanto Company*, No. 3:19-cv-03438, Plaintiff Darwin Tyler provides the following allegations:

1. This case is brought on behalf of Darwin Tyler ("Plaintiff").

2. Plaintiff first filed his case against Defendant Monsanto Company on June 17, 2019, in the Northern District of California.

00545788;V1

3. Mt Plaintiff incorporates by reference, as if fully set forth and alleged herein, the allegations contained in the Complaint in Cesilio Jimenez, et al. v. Monsanto Company, United States District Court for the Northern District of California, Case No. 3:19-cv-03438.

4. At the time the matter was originally filed on or about June 17, 2019, Plaintiff was a resident of Mt. Juliet, Tennessee.

5. Plaintiff is a current resident of Mt. Juliet, Tennessee.

6. Darwin Tyler was diagnosed with Non-Hodgkin's Lymphoma in approximately January 2017.

7. Plaintiff resided in Tennessee at the time he was diagnosed with Non-Hodgkin's Lymphoma (NHL).

8. Plaintiff received medical treatment related to his diagnosis of NHL in Tennessee.

9. This case properly lies in United States District Court for the Middle District of Tennessee because Monsanto transacts business in Tennessee and is a corporation doing business within Tennessee. Monsanto knows that its Roundup products are and were sold throughout Tennessee, and, more specifically, caused Roundup to be sold to Plaintiff in Tennessee. In addition, Monsanto maintains sufficient contacts with the State of Tennessee such that the Court's exercise of personal jurisdiction over it does not offend traditional notions of fair play and substantial justice.

10. Monsanto advertises and sells goods, specifically Roundup, throughout Tennessee. It derived substantial revenue from goods and products used in Tennessee. It expected its acts to have consequences within Tennessee and derived substantial revenue from interstate commerce. Specific to this case, Monsanto engaged in the business of developing, manufacturing, testing, packaging, marketing, distributing, labeling, and selling Roundup. Monsanto purposefully availed itself of the privilege

of conducting activities within Tennessee, thus invoking the benefits and protections of its laws.

11. Jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant. Monsanto is a citizen of Delaware (where it is incorporated) and Missouri (where it has its principal place of business). Plaintiff is a citizen of Tennessee, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in the Middle District of Tennessee under 28 U.S.C. § 1391(b)(2) because Plaintiff was exposed to Roundup in the Middle District of Tennessee

13. Plaintiff regularly used and was exposed to Roundup from the 1970's until 2015.

14. During that time, Plaintiff regularly used Roundup to help control various weeds in at his home in Mt. Juliet, Tennessee.

15. Plaintiff was exposed to Roundup in and around Tennessee.

16. Plaintiff brings claims against Monsanto under the following theories of liability: Negligence, Strict Products Liability (Design Defect), Strict Products Liability (Failure to Warn), Breach of Warranties, and Breach of Implied Warranty of Merchantability.

17. Submitted herewith is a proposed order.

Dated: August 15, 2019                          Respectfully Submitted,

                                                By:  /s/ *Daniel C. Burke*
                                                     Daniel C. Burke (Pro Hac Vice)
                                                     BERNSTEIN LIEBHARD LLP
                                                     10 E. 40th Street
                                                     New York, NY 10016
                                                     Tel: (212) 779-1414
                                                     Fax: (212) 779-3218
                                                     Email: dburke@bernlieb.com

00545788;V1                                     2
**SHORT FORM COMPLAINT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the August 15, 2019, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties of record.

<u>/s/ Morris Dweck</u>