1  Daniel C. Burke (*Pro Hac Vice*)
   **BERNSTEIN LIEBHARD LLP**
2  10 E. 40th Street
   New York, NY 10016
3  Tel: (212) 779-1414
   Fax: (212) 779-3218
4  Email: dburke@bernlieb.com

5  *Counsel for Plaintiffs*

6

7  UNITED STATES DISTRICT COURT

8  NORTHERN DISTRICT OF CALIFORNIA

9  SAN FRANCISCO DIVISION

10

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:19-cv-4886 |
| THIS DOCUMENT RELATES TO: TERESA WADE, Plaintiff, v. MONSANTO COMPANY, Defendant. | **SHORT FORM COMPLAINT** |

**SHORT FORM COMPLAINT**

Pursuant to Pretrial Order (PTO) 149, in which the Court ordered multi-plaintiff complaints in this MDL be severed, and PTO 155, in which the parties were ordered to sever the plaintiffs in the case captioned *Cesilio Jimenez, et al. v. Monsanto Company*, No. 3:19-cv-03438, Plaintiff Teresa Wade provides the following allegations:

1. This case is brought on behalf of Teresa Wade ("Plaintiff").

2. Plaintiff first filed her case against Defendant Monsanto Company on June 17, 2019, in the Northern District of California.

00545789;V1

**SHORT FORM COMPLAINT**

3. Plaintiff incorporates by reference, as if fully set forth and alleged herein, the allegations contained in the Complaint in Cesilio Jimenez, et al. v. Monsanto Company, United States District Court for the Northern District of California, Case No. 3:19-cv-03438.

4. At the time the matter was originally filed on or about June 17, 2019, Plaintiff was a resident of Griffithsville, West Virginia.

5. Plaintiff is a current resident of Griffithsville, West Virginia.

6. Teresa Wade was diagnosed with Non-Hodgkin's Lymphoma in approximately October 2017.

7. Plaintiff resided in West Virginia at the time she was diagnosed with Non-Hodgkin's Lymphoma (NHL).

8. Plaintiff received medical treatment related to her diagnosis of NHL in West Virginia.

9. This case properly lies in the United States District Court for the Southern District of West Virginia because Monsanto transacts business in West Virginia and is a corporation doing business within West Virginia. Monsanto knows that its Roundup products are and were sold throughout West Virginia, and, more specifically, caused Roundup to be sold to Plaintiff in West Virginia. In addition, Monsanto maintains sufficient contacts with the State of West Virginia such that the Court's exercise of personal jurisdiction over it does not offend traditional notions of fair play and substantial justice.

10. Monsanto advertises and sells goods, specifically Roundup, throughout West Virginia. It derived substantial revenue from goods and products used in West Virginia. It expected its acts to have consequences within West Virginia and derived substantial revenue from interstate commerce. Specific to this case, Monsanto engaged in the business of developing, manufacturing, testing, packaging, marketing, distributing, labeling, and selling Roundup. Monsanto purposefully

availed itself of the privilege of conducting activities within West Virginia, thus invoking the benefits and protections of its laws.

11. Jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant. Monsanto is a citizen of Delaware (where it is incorporated) and Missouri (where it has its principal place of business). Plaintiff is a citizen of West Virginia, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in the Southern District of West Virginia under 28 U.S.C. § 1391(b)(2) because Plaintiff was exposed to Roundup in the Southern District of West Virginia.

13. Plaintiff regularly used and was exposed to Roundup from approximately 1983 until 2017.

14. During that time, Plaintiff regularly used Roundup to help control various weeds at her home in Griffithsville, West Virginia.

15. Plaintiff was exposed to Roundup in and around West Virginia.

16. Plaintiff brings claims against Monsanto under the following theories of liability: Negligence, Strict Products Liability (Design Defect), Strict Products Liability (Failure to Warn), Breach of Warranties, and Breach of Implied Warranty of Merchantability.

17. Submitted herewith is a proposed order.

Dated: August 15, 2019                    Respectfully Submitted,

                                          By: __/s/ *Daniel C. Burke*_____
                                              Daniel C. Burke (Pro Hac Vice)
                                              BERNSTEIN LIEBHARD LLP
                                              10 E. 40th Street
                                              New York, NY 10016
                                              Tel: (212) 779-1414

00545789;V1                               2
                                **SHORT FORM COMPLAINT**

Fax: (212) 779-3218
Email: dburke@bernlieb.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the August 15, 2019, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties of record.

<u>/s/ Morris Dweck</u>

00545789;V1                                3
**SHORT FORM COMPLAINT**