UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This Document relates to:<br>*Keith Cichy v. Bayer Corporation, et al.*<br>Case No.  3:19-cv-04575-VC | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

### INTRODUCTION

In order for this case to be subject to transfer to MDL 2741, there must be a valid basis for subject-matter jurisdiction and a determination that such jurisdiction exists. The Plaintiff's Complaint sets forth personal injury claims founded on long established principals of Illinois tort law related to the defective product known as Roundup®, a glyphosate based herbicide, manufactured sold and distributed by MONSANTO COMPANY ("Monsanto"). Plaintiff has alleged claims of strict product liability, failure to warn, and negligence against BAYER CORPORATION ("Bayer") and Monsanto (*See* Pl's Compl., attached as **Exhibit A** at ¶ 1-6.). The Plaintiff's Complaint also sets forth personal injury claims sounding in professional negligence related to the care administered to the Plaintiff Keith Cichy by Co-Defendants Northwestern Memorial Hospital ("NMH"), Northwestern Medical Faculty Foundation ("NMFF"), and Olga Frankfurt, M.D. ("Frankfurt").  (*See* Exhibit A at ¶ 7-9.).

Defendant Monsanto has removed this action to federal court, asserting that original federal jurisdiction is established under 28 U.S.C. §1114(b), which requires complete diversity between the adverse parties. Recognizing that the Plaintiff and NMH,

1

NMFF, and Frankfurt are citizens of Illinois, Defendant Monsanto urges that the Healthcare Defendants were fraudulently mis-joined, and argue that they be severed from this case pursuant to Rule 21 to preserve diversity. As of the date of filing, none of the Healthcare Defendants have joined in the motion to remove, moved to dismiss, or otherwise challenged the legal sufficiency of the Plaintiff's Complaint.

## PROCEDURAL BACKGROUND

On March 05, 2019, the Plaintiff, Keith Cichy, a citizen of Illinois, filed his Complaint in the Circuit Court of Cook County, Illinois, against Bayer Corporation, Monsanto Company, Northwestern Memorial Hospital ("NMH"), a citizen of Illinois, Northwestern Medical Faculty Foundation ("NMFF"), a citizen of Illinois, and Olga Frankfurt, M.D. ("Frankfurt"), a citizen of Illinois, regarding severe and permanent injuries sustained by Keith Cichy as a result of his contracting acute myeloid leukemia ("AML") from use of Roundup® and for professional negligence in the treatment of his AML related conditions. (*See* Pls' Compl., attached as Exhibit A.).

On April 15, 2019, Defendant Monsanto filed its Notice of Removal alleging that this controversy is subject to original federal court jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.  On April 19, 2019, the United States Judicial Panel on Multidistrict Litigation ("JPML") filed a Conditional Transfer Order ("CTO") of this action. Plaintiffs filed an opposition to the CTO on April 25, 2019.  On May 1, 2019, Plaintiff also filed a motion to remand this matter to state court in the Circuit Court of Cook County because although the amount in controversy exceeds $75,000, the Plaintiff and Defendants NMH, NMFF, and Frankfurt are citizens of Illinois, and therefore, original federal court diversity jurisdiction does not exist under 28 U.S.C. § 1332.

On July 31, 2019, the Judicial Panel on Multidistrict Litigation denied Plaintiff's motion to vacate Conditional Transfer Order ("CTO-130), issued in *Cichy v. Bayer Corporation et al.,* 1:19-cv-02548, pending in the Northern District of Illinois, which conditionally transferred this action to MDL 2741 – In Re: Roundup Products Liability Litigation. (See Transfer Order, attached as **Exhibit B**). In the Order transferring this cause of action, the Judicial Panel recognized the jurisdictional issues but noted that they generally do not present an impediment to transfer, and that "Plaintiff can present his remand arguments to the transferee judge." Ex. B.

Accordingly, Plaintiff files the instant motion for remand under Illinois law. *See Phelps v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi. (In re Nucorp Energy Sec. Litig.),* 772 F.2d 1486, 1492 (9th Cir.1985) ("affirming the Judicial Panel holding that it must apply the choice of law rules of Illinois because the claims were originally filed in district court in Illinois before they were transferred to California by the Judicial Panel on Multidistrict Litigation.").

## ARGUMENT

**A.   Defendant Monsanto Has Not Met Its Burden to Show That Plaintiff Has Fraudulently Mis-joined NMH, NMFF, and Frankfurt.**

Defendant Monsanto, as the party seeking removal, has the burden of establishing federal jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). As articulated by the U.S. Supreme Court in *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908), removability of a case is determined by examining the face of the complaint, without consideration of any defenses raised by the defendant.

This standard of review closely resembles the standard of review for Federal Rules of Civil Procedure 12(b) motions, in which all well pled allegation of a complaint, as well as all reasonable inferences to be drawn there from, are taken as true. *See Indeck Power Equip. Co. v. Jefferson Smurfit Corp.*, 881 F. Supp. 338, 341 (N.D. Ill. 1995).

Defendant Monsanto based its removal of this action to federal court on a theory that Defendants NMH, NMFF, and Frankfurt have been fraudulently mis-joined as Defendants pursuant to *Tapscott vs. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996), and should be severed and sent back to State Court pursuant to Rule 21.

The issue of fraudulent mis-joinder has been addressed by the Northern District of Illinois in the matters of *Alegre v. Aguayo,* 2007 WL 141891 (N.D. Ill.), and *Evans v. Bristol-Myers Squibb Co.*, No. 12 C 5005, 2012 U.S. Dist. LEXIS 148754 (N.D. Ill. Oct. 16, 2012).

The Seventh Circuit has held that "[a]ny doubt regarding jurisdiction should be resolved in favor of the states. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).

Three of the Defendants in the instant matter are not diverse from the Plaintiff, and the presence of these three non-diverse defendants defeats the complete diversity necessary to remove this case to this court. 28 U.S.C.A. §1332 (2012); *see Caterpillar Inc. v. Lewis,* 519 U.S. 61 (1996).

The Seventh Circuit has held that "plaintiffs as master of their complaint may include (or omit) claims or parties in order to determine the forum." *Garbie v. DaimlerChrysler Corp.* 211 F.3d 407 (7th Cir. 2000).

4

For the reasons stated by the Northern District in *Alegre v. Aguayo,* 2007 WL 141891 (N.D. Ill.), and *Evens v. Bristol-Myers Squibb Company*, 2012 WL 5505 (N.D. Ill.), this matter should be remanded to the Circuit Court of Cook County, Illinois.

**B.   It Would be Unjust to Sever NMH, NMFF, and Frankfurt Solely to Maintain Diversity.**

The issue of Rule 21 discretionary severance was addressed by the Northern District in *Livingston v. Hoffmann-La Roche, Inc.*, No. 09 C 2611, 2009 U.S. Dist. LEXIS 70242 (N.D. Ill. Aug. 6, 2009).

Generally, "the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder of necessary parties." *Lincoln Property Co. v. Roche,* 546 U.S. 81, 91, 126 S. Ct. 606, 614 (2005) (quotations omitted); *see also Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 718 (7th Cir. 2002).

Rule 21 provides that: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, *on just terms,* add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21 (emphasis added).

However, the Court may only drop claims against dispensable parties. *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 832, 109 S. Ct. 2218, 2223 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time, even after judgment has been rendered.").

Before deciding whether or not the Healthcare Defendants are dispensable parties, however, the Court must consider whether they were mis-joined. *See, e.g., Elmore v. Henderson,* 227 F.3d 1009, 1012 (7th Cir. 2000) (observing that the district court's

5

dismissal was erroneous because there was no misjoinder and, even if there were misjoinder, the remedy was not made on just terms as required by Rule 21).

A party is mis-joined if it is not a proper party under Rule 20(a). *See Ramos v. Playtex Prods., Inc.,* No. 08 C 2703, 2008 WL 4066250, at *2 (N.D. Ill. Aug. 27, 2008); *Schwartz v. Graebel Van Lines, Inc.,* No. 05 C 4682, 2006 WL 1343533, at *1 (N.D. Ill. May 15, 2006) ("Because Rule 21 does not include a standard for proper joinder, courts use the permissive joinder standards contained in Federal Rule of Civil Procedure 20(a)."); *Stark v. Ind. School Dist. No. 640,* 163 F.R.D. 556, 563-64 (D. Minn. 1995).

Rule 20(a) permits joinder of defendants if (1) the plaintiff asserts any "right to relief . . . against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences; and" (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

As the Seventh Circuit has repeatedly held, "[f]raudulent joinder is difficult to establish—a defendant must demonstrate that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant. Framed a different way, the district court must ask whether there is any reasonable possibility that the plaintiff could prevail against the non-diverse defendant." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009) (internal quotations and citations omitted); *see also Chesapeake & Ohio R.R. Co. v. Cockrell*, 232 U.S. 146, 152, 34 S.Ct. 278, 280 (1914).

As held by the Supreme Court in *Chesapeake*, the nonresident defendant must present a statement of proof that compels the court to find that the joinder was intended solely to defeat federal jurisdiction:

> So, when in such a case a resident defendant is joined with the nonresident, the joinder, even although fair upon its face, may be shown by a petition for removal to be only a fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly engendering that conclusion. Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith… *Id.* 232 U.S. at 152.

Stated differently, a defendant is fraudulently joined only when "there is **no possibility** that a plaintiff can state a cause of action against [the] non-diverse defendant in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993) (emphasis added). A defendant seeking removal based on an alleged fraudulent joinder has the "heavy" burden of proving that, after the court resolves all issues of law and fact in the plaintiff's favor, there is no reasonable possibility the plaintiff can establish a cause of action against a diversity-defeating defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

There can be no dispute that Illinois law provides for the liability of a negligent health care professional. *See* 735 ILCS 5/2-622. In fact, the Illinois Pattern Jury Instructions define "professional negligence" by a health care professional as the failure to do something that a reasonably careful health care professional practicing in the same or similar localities would do, or the doing of something that a reasonably careful health care professional would not do, under circumstances similar to those shown by the

evidence. IPI Civil (2011) 105.01. Plaintiff has sufficiently alleged a cause of action for professional negligence as to Defendants NMH, NMFF, and Frankfurt.

As detailed in the Complaint, Defendant Frankfurt is an Illinois resident and was a physician licensed to practice medicine in the State of Illinois, specializing in internal medicine and rehabilitation.[1] On July 24, 2008, Plaintiff, Keith Cichy, was diagnosed with AML.[2] On December 24, 2008 Keith Cichy underwent allogeneic 9/10 MUD transplant.[3] On July 12, 2009, Keith Cichy was discharged from NMH on Voriconazole.[4] Dr. Frankfurt kept Keith Cichy on Voriconazole from January 12, 2009 to July 17, 2018.[5] As a result of prolonged exposure to Voriconazole Keith Cichy suffered bodily harm.[6]

Defendant Frankfurt was professionally negligent in her failure to do what a reasonably careful physician would do under similar circumstances. Specifically, Defendant Frankfurt failed to advise Keith Cichy of the risks associated with prolonged exposure to Voriconazole and prescribed Voriconazole for longer than was reasonably necessary.[7] As support for the claims that a reasonably careful physician would have acted different, Plaintiff attached an affidavit and medical report to his Complaint, pursuant to 735 ILCS 5/2-622.[8] In the medical report the reviewing healthcare professional it states that it is likely Mr. Cichy's AML was caused due to prolonged exposure to Roundup.[9]

---

[1] Complaint, Count V11 ¶ 188.
[2] Complaint, Count VII ¶ 191.
[3] Complaint, Count VII ¶ 192.
[4] Complaint, Count VII ¶ 193.
[5] Complaint, Count VII ¶ 200.
[6] Complaint, Count VII ¶ 212.
[7] Complaint, Count IX ¶ 277.
[8] Complaint, Pg. 52-60.
[9] Complaint, Pg. 56.

Count VII-IX of Plaintiff's Complaint sufficiently alleges all of the necessary elements of a cause of action for professional negligence against Defendant Frankfurt and her principals. Monsanto cannot credibly claim that it is impossible for the Plaintiff to establish a cause of action against these diversity-defeating defendants, particularly in light of the fact that this Court must resolve all facts and issues in favor of the Plaintiff.

As a final point, Plaintiff has not, as Defendant Monsanto suggests, improperly combined two unrelated lawsuits. Monsanto, in its notice of removal asserts that Plaintiff's allegations against the Healthcare Defendants "are legally and factually distinct" from the claims against it. (Doc. 1 at ¶ 2.). In Illinois, plaintiffs are encouraged to join any causes of action, against any defendants. 735 ILCS 5/2-614(a) (2012); *see Boyd v. Travelers Ins. Co.*, 166 Ill. 2d 188, 199, 652 N.E.2d 267, 272 (1995). The joinder of defendants is governed by section 2-405 of the Code of Civil Procedure. 735 ILCS 5/2-405 (2012). The statute reads as follows:

> (a) Any person may be made a defendant who, either jointly, severally or in the alternative, is alleged to have or claim an interest in the controversy, or in any part thereof, or in the transaction or series of transactions out of which the controversy arose, or whom it is necessary to make a party for the complete determination or settlement of any question involved therein, or against whom a liability is asserted either jointly, severally or in the alternative arising out of the same transaction or series of transactions, regardless of the number of causes of action joined.
> (b) It is not necessary that each defendant be interested as to all the relief prayed for, or as to every cause of action included in any proceeding against him or her; but the court may make any order that may be just to prevent any defendant from being embarrassed or put to expense by being required to attend any proceedings in which such defendant may have no interest.
> (c) If the plaintiff is in doubt as to the person from whom he or she is entitled to redress, he or she may join two or more defendants, and state his or her claim against them in the alternative in the same count or plead separate counts in the alternative against different defendants, to the intent that the question which, if any, of the defendants is liable, and to what extent, may be determined as between the parties. 735 ILCS 5/2-405.

The objective of joinder is the economy of actions and trial convenience. The determining factors are that the claims arise out of closely related "transactions" and that there is in the case a significant question of law or fact that is common to the parties. *Boyd*, 166 Ill. 2d at 199 (quoting *City of Nokomis v. Sullivan*, 14 Ill.2d 417, 420, 153 N.E.2d 48 (1958)).

These requirements have been met here. The claims against Defendants Monsanto and the Healthcare Defendants arise out of two closely related transactions: AML caused by the prolonged exposure to Roundup® and the subsequent medical negligence in the treatment of the AML. The care rendered to the Plaintiff by the Healthcare Defendants was necessary to treat the AML he contracted as a result of his prolonged exposure to Roundup®, and as such they are part of the same series of transactions or occurrences. *See Alegre,* 2007 WL 141891, at *6 (concluding that plaintiff's allegations that the pharmaceutical defendants inadequately disclosed the risks of Vioxx and that her physician prescribed an excessive amount of the drug were part of the same series of transactions or occurrences).

In Illinois, and generally, a person injured through another's negligence can recover from the original tortfeasor not only for the original injury but for any aggravation of the injury caused by a physician's malpractice, assuming that there was no want of ordinary care by the injured in the selection of the physician. *Gertz v. Campbell*, 55 Ill.2d 84, 88, 302 N.E.2d 40 (1973); see also Illinois Pattern Jury Instructions 30.23 (2011). Joinder and concurrent trials would promote fairness and consistency, while conserving valuable judicial resources.

Cases applying Rule 21 where there is no misjoinder do so because "'there are sufficient other reasons for ordering a severance.'" *Acevedo-Garcia v. Monroig,* 351 F.3d 547, 560 n.5 (1st Cir. 2003) (quoting *Wyndham Assoc. v. Bintliff,* 398 F.3d 614, 618 (2d Cir. 1968)).

This case is not like others applying Rule 21 to removal actions, which generally involve a plaintiff who waits until after the case is removed to federal court to add a non-diverse defendant, in an attempt to avoid removal. *See, e.g., Smado,* 111 F.R.D. at 416.

Here, Plaintiff initially chose to sue the Healthcare Defendants and Monsanto in state court. Because all of the non-diverse defendants were parties to the original complaint and Plaintiff has not attempted to defeat removal by adding non-diverse defendants, there is no reason to use Rule 21 to retain jurisdiction. It would be unjust to sever the Healthcare Defendants for the sole purpose of maintaining diversity.

**C.     Plaintiff is Entitled to Reimbursement of His Attorney Fees and Costs Incurred as a Result of Defendant Monsanto's Wrongful Removal of This Matter From State Court.**

Plaintiff has incurred attorney fees in conjunction with the remand of this case back to its proper forum. "[A]n order remanding the case may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). The intent of the statute is to reimburse a party, like the Plaintiff, who has incurred expenses in attacking an insufficient and ill-advised removal. A district court should award attorney fees to a plaintiff if, at the time a defendant filed the notice of removal, clearly established law demonstrated that defendant had no basis for removal. *Ortiz v. Menu Foods, Inc.*, 525 F. Supp. 2d 1220 (D. Hawai'i 2007); *see also Gibbs v. I-Flow*, 2009 WL 482285 (S.D. Ind. 2009) (district court ordered remand and

11

retained jurisdiction solely to award plaintiff attorney fees and costs.) As a result of Defendant Monsanto's frivolous removal, Plaintiff has had to conduct extensive research and review of the law as well as draft and submit several carefully authored arguments in response. This required extra time and effort on the part of Plaintiff's attorney, all of which should have been unnecessary given the unambiguous and firmly established pleading standard for a professional negligence claim, the clear and concise allegations set forth in Counts VII-IX of the Complaint, and the supporting affidavit and medical report attesting to the meritorious nature of the claim. For these reasons, an award of attorney fees and costs is appropriate in this instance.

## CONCLUSION

A heavy burden rests upon the party seeking to prove fraudulent mis-joinder and thereby establish diversity of citizenship for federal jurisdictional purposes. Not only has Defendant Monsanto failed to meet this heavy burden, its proffered reason for claiming the Healthcare Defendants were fraudulently mis-joined lacks any basis in precedent and constitutes an abuse of the removal process. Accordingly, Plaintiff respectfully request that Defendant Monsanto's attempt to interpose federal jurisdiction be rejected and this case remanded with an appropriate award of attorney fees and costs to the Plaintiff.

Dated: August 19, 2019

                                                                       Respectfully submitted,

                                                                       /s/ *David J. Gallagher*

DAVID J. GALLAGHER
MOTHERWAY & NAPLETON, LLP
140 S. Dearborn, Suite 1500
Chicago, IL  60603
(312) 726-2699
ARDC No. 6294250
dgallagher@mnlawoffice.com