


CC

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION** MDL No. 2741

**TRANSFER ORDER**

**Before the Panel:** Plaintiff in the *Cichy* action listed on Schedule A moves under Panel Rule 7.1 to vacate our order that conditionally transferred *Cichy* to the Northern District of California for inclusion in MDL No. 2741. Defendant Monsanto Company opposes the motion.

In support of his motion, plaintiff argues that federal subject matter jurisdiction over *Cichy* is lacking, and that his motion for remand to state court should be decided prior to transfer. The Panel has held that such jurisdictional issues generally do not present an impediment to transfer.[1] *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiff also argues that transfer will cause him inconvenience and delay the resolution of his remand motion. But transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See, e.g.*, *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001). Plaintiff can present his remand arguments to the transferee judge.

In addition, plaintiff argues that transfer of *Cichy* is not appropriate because he asserts medical malpractice claims relating to the prescription of an anti-fungal medication against various medical providers. This argument is not persuasive. Transfer under Section 1407 does not require a complete identity of factual issues or parties when the actions arise from a common factual core. *See In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 201 F. Supp. 3d 1375, 1378 (J.P.M.L. 2016). Plaintiff's claims, like those of plaintiffs in the MDL, arise from a common factual core—that plaintiff allegedly developed non-Hodgkin's lymphoma or an hematopoietic cancer similar to those previously transferred to the MDL (in plaintiff's case, acute myeloid leukemia) following exposure to Monsanto's Roundup herbicide. That plaintiff asserts additional claims against additional defendants does not weigh against transfer.

Therefore, after considering the parties' arguments, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2741, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

**EXHIBIT B**

the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes non-Hodgkin's lymphoma. *See In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016). *Cichy* shares multiple factual issues with the cases already in the MDL.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vince Chhabria for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

Lewis A. Kaplan
R. David Proctor
Karen K. Caldwell

Ellen Segal Huvelle
Catherine D. Perry
Nathaniel M. Gorton

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.

ATTEST:
SUSAN Y. SOONG
Clerk, U.S. District Court
Northern District of California

by: ____
Deputy Clerk

Date: 1 August 2019

**IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION** MDL No. 2741

**SCHEDULE A**

Northern District of Illinois

CICHY v. BAYER CORPORATION, ET AL., C.A. No. 1:19‐02548