**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Saul Cohen v. Monsanto Co.*,<br>Case No. 3:19-cv-03632-VC | |

<u>**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Saul Cohen's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.     Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.     Monsanto denies the allegations in paragraph 2.

3.     Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's Complaint.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  Monsanto admits the allegations in the second sentence of paragraph 7.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.      Monsanto denies the allegations in paragraph 9.

10.      The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

11.      Monsanto admits the allegations in paragraph 11.

12.      In response to the allegations in paragraph 12, Monsanto admits that it sells Roundup®-branded products in California.

13.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.      The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.      The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.      Monsanto admits the allegations in paragraph 16.

17.     Monsanto admits that it is authorized to do business in California.  The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto denies the allegations in paragraph 19.

20.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

22.     Monsanto admits the allegations in paragraph 22.

23.     Monsanto admits the allegations in paragraph 23.

24.     In response to the allegations in paragraph 24, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 24 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies those allegations.

25.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 25 comprise attorney characterizations and are accordingly denied.

26.     Monsanto admits the allegations in paragraph 26.

27.     Monsanto generally admits the allegations in paragraph 27, but denies the allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

28.     Monsanto admits the allegations in paragraph 28.

29.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 29 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 29.

30.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies those allegations.

31.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 31.

32.     The allegations in paragraph 32 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 33 set forth conclusions of law for which no response is required.

34.     The allegations in paragraph 34 set forth conclusions of law for which no response is required.

35.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of California for sale and distribution.

36.     In response to the allegations in paragraph 36, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 36 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 36 set forth conclusions of law for which no answer is required.

37.     Monsanto denies the allegations in paragraph 37 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 37 set forth conclusions of law for which no response is required.

38.     In response to the allegations in paragraph 38 Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-03632-VC

("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives:  Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

---

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017) https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-03632-VC

1   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

2   remaining allegations in paragraph 38 and therefore denies those allegations.

3        39.     In response to the allegations in paragraph 39, Monsanto admits that the New

4   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

5   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

6   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

7   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

8   the subparts purport to quote a document, the document speaks for itself and thus does not

9   require any further answer.  The remaining allegations in paragraph 39 are vague and conclusory

10  and comprise attorney characterizations and are accordingly denied.

11       40.     In response to the allegations in paragraph 40, Monsanto admits it entered into an

12  assurance of discontinuance with the New York Attorney General.  The assurance speaks for

13  itself and thus does not require any further answer.  The remaining allegations in paragraph 40

14  are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15       41.     Monsanto denies the allegations in paragraph 41.

16       42.     In response to the allegations in paragraph 42, Monsanto admits that the French

17  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

18  that it "left the soil clean," but denies the allegations in paragraph 42 to the extent that they

19  suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

20  cancer.  Monsanto denies the remaining allegations in paragraph 42.

21       43.     Monsanto denies the allegations in paragraph 43.

22       44.     In response to the allegations in paragraph 44, Monsanto states that the cited

23  document speaks for itself and does not require a response.  To the extent that the allegations in

24  paragraph 44 go beyond a restatement of the cited document, Monsanto lacks information or

25  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44

26  and therefore denies those allegations.

27       45.     Monsanto admits the allegations in paragraph 45.

28

46.     In response to the allegations in paragraph 46, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

47.     Monsanto states that the term "toxic" as used in paragraph 47 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 47.

48.     Monsanto admits the allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 50 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 52 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 52.

53.     Monsanto denies the allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 54 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 56.

57.     Monsanto denies the allegations in paragraph 57.

58.     Monsanto denies the allegations in paragraph 58.

59.     Monsanto denies the allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

61.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 61.

62.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 62 and therefore denies those allegations.

63.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

64.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

65.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 65 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

66.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 66, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 66 comprise attorney characterizations and are accordingly denied.

67.     In response to the allegations in paragraph 67, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 67 comprise attorney characterizations and are accordingly denied.

68.     In response to the allegations in paragraph 68, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly denied.

69.     Monsanto denies the allegations in paragraph 69.

70.     The allegations in paragraph 70 comprise attorney characterizations and are accordingly denied.

71.     Monsanto admits the allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 72 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 73.

74.     The allegations in paragraph 74 are vague and ambiguous and are accordingly denied.

75.     In response to the allegations in paragraph 75, Monsanto states that the cited document speaks for itself and does not require a response.

76.     In response to the allegations in paragraph 76, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 76 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     In response to the allegations in paragraph 78, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 78.

79.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto admits the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto admits the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.   Monsanto denies the allegations in paragraph 91.

92.   Monsanto denies the allegations in paragraph 92.

93.   Monsanto denies the allegations in paragraph 93.

94.   Monsanto denies the allegations in paragraph 94.

95.   Monsanto denies the allegations in paragraph 95.

96.   Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 96.

97.   In response to the allegations in paragraph 97, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the products' EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 97.

98.   Monsanto denies the allegations in paragraph 98.

99.   Monsanto denies the allegations in paragraph 99.

100.   Monsanto denies the allegations in paragraph 100.

101.   Monsanto denies the allegations in paragraph 101.

102.   Monsanto denies the allegations in paragraph 102.

103.   Monsanto denies the allegations in paragraph 103.

104.   Monsanto denies the allegations in paragraph 104.

105.   Monsanto denies the allegations in paragraph 105.

106.   Monsanto denies the allegations in paragraph 106.

107.   Monsanto denies the allegations in paragraph 107.

108.   Monsanto denies the allegations in paragraph 108.

109.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 109 and therefore denies those allegations.

110.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore denies those allegations.

1    111.    Monsanto denies the allegations in paragraph 111.

2    112.    Monsanto incorporates by reference its responses to paragraphs 1 through 111 in

3    response to paragraph 112 of plaintiff's Complaint.

4    113.    Monsanto denies the allegations in paragraph 113.

5    114.    In response to the allegations in paragraph 114, Monsanto admits that Roundup®-

6    branded products are safe, non-carcinogenic, and non-genotoxic when used in accordance with

7    the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

8    114.

9    115.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

10   exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in

11   paragraph 115.  Monsanto states, however, that the scientific studies upon which IARC

12   purported to base its classification were all publicly available before March 2015.

13   116.    Monsanto denies the allegations in the first and last sentences of paragraph 116.

14   The remaining allegations in paragraph 116 set forth conclusions of law for which no response is

15   required.  Monsanto states, however, that the scientific studies upon which IARC purported to

16   base its classification were all publicly available before March 2015.

17   117.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

18   and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

19   branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

20   which IARC purported to base its classification were all publicly available before March 2015.

21   The remaining allegations in paragraph 117 set forth conclusions of law for which no response is

22   required, consist of attorney characterizations and are accordingly denied, or comprise

23   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

24   the truth of the allegations asserted and therefore denies those allegations.

25   118.    Monsanto incorporates by reference its responses to paragraphs 1 through 117 in

26   response to paragraph 118 of plaintiff's Complaint.

27   119.    The allegations in paragraph 119 set forth conclusions of law for which no

28   response is required.

120. Monsanto denies the allegations in paragraph 120.

121. Monsanto denies the allegations in paragraph 121, including each of its subparts.

122. Monsanto denies the allegations in paragraph 122.

123. Monsanto denies the allegations in paragraph 123.

124. Monsanto denies the allegations in paragraph 124, including each of its subparts.

125. Monsanto denies the allegations in paragraph 125.

126. Monsanto denies the allegations in paragraph 126.

127. Monsanto denies the allegations in paragraph 127.

128. Monsanto denies the allegations in paragraph 128.

129. In response to the allegations in paragraph 129, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

130. Monsanto incorporates by reference its responses to paragraphs 1 through 129 in response to paragraph 130 of plaintiff's Complaint.

131. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 and therefore denies those allegations.

132. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 132 and therefore denies those allegations.

133. Monsanto denies the allegations in paragraph 133.

134. Monsanto denies the allegations in paragraph 134.

135. Monsanto denies the allegations in paragraph 135.

136. Monsanto denies the allegations in paragraph 136, including each of its subparts.

137. Monsanto denies the allegations in paragraph 137.

138. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 138 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

1    remaining allegations in paragraph 138, including that Roundup®-branded products have

2    "dangerous characteristics."

3           139.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 139 and therefore denies those allegations.

5           140.    Monsanto denies the allegations in paragraph 140.

6           141.    The allegations in paragraph 141 set forth conclusions of law for which no

7    response is required.

8           142.    Monsanto denies the allegations in paragraph 142.

9           143.    Monsanto denies the allegations in paragraph 143.

10          144.    Monsanto denies the allegations in paragraph 144.

11          145.    Monsanto denies the allegations in paragraph 145.

12          146.    Monsanto denies the allegations in paragraph 146.

13          147.    Monsanto denies the allegations in paragraph 147.

14          148.    Monsanto denies the allegations in paragraph 148.

15          149.    Monsanto denies the allegations in paragraph 149.

16          150.    Monsanto denies the allegations in paragraph 150.

17          151.    Monsanto denies the allegations in paragraph 151.

18          152.    In response to the allegations in paragraph 152, Monsanto demands that judgment

19   be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

20   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

21   by law and such further and additional relief as this Court may deem just and proper.

22          153.    Monsanto incorporates by reference its responses to paragraphs 1 through 152 in

23   response to paragraph 153 of plaintiff's Complaint.

24          154.    The allegations in paragraph 154 set forth conclusions of law for which no

25   response is required.

26          155.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 155 and therefore denies those allegations.

28

156.     Monsanto denies the allegations in paragraph 156.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

157.     Monsanto denies the allegations in paragraph 157.

158.     Monsanto denies the allegations in paragraph 158.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

159.     Monsanto denies the allegations in paragraph 159.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

160.     Monsanto denies the allegations in paragraph 160.

161.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 161 regarding plaintiff's use history and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 161.

162.     The allegations in paragraph 162 set forth conclusions of law for which no response is required.

163.     Monsanto denies the allegations in paragraph 163.

164.     Monsanto denies the allegations in paragraph 164.

165.     Monsanto denies the allegations in paragraph 165.

166.     Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 166.

167.     The allegations in paragraph 167 set forth conclusions of law for which no response is required.

168.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 168 and therefore denies those allegations.

169.     Monsanto denies the allegations in paragraph 169.

170.     Monsanto denies the allegations in paragraph 170.

171.     Monsanto denies the allegations in paragraph 171.

1    172.    Monsanto denies the allegations in paragraph 172.

2    173.    Monsanto denies the allegations in paragraph 173.

3    174.    In response to the allegations in paragraph 174, Monsanto demands that judgment

4    be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

5    prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

6    by law and such further and additional relief as this Court may deem just and proper.

7    175.    Monsanto incorporates by reference its responses to paragraphs 1 through 174 in

8    response to paragraph 175 of plaintiff's Complaint.

9    176.    Monsanto denies the allegations in paragraph 176.  Additionally, the allegations

10   in the last sentence in paragraph 176 set forth conclusions of law for which no response is

11   required.

12   177.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations in paragraph 177 concerning the plaintiff's claimed use of Roundup®-

14   branded products and therefore denies those allegations.  The remaining allegations in paragraph

15   177 set forth conclusions of law for which no response is required.

16   178.    The allegations in paragraph 178 set forth conclusions of law for which no

17   response is required.

18   179.    Monsanto denies the allegations in paragraph 179.

19   180.    The allegation in paragraph 180 regarding a purported implied warranty sets forth

20   a conclusion of law for which no response is required.  Monsanto lacks information or

21   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

22   180 and therefore denies those allegations.

23   181.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24   truth of the allegations in paragraph 181 and therefore denies the allegations in paragraph 181.

25   182.    Monsanto denies the allegations in paragraph 182.

26   183.    Monsanto denies the allegations in paragraph 183.

27   184.    Monsanto denies the allegations in paragraph 184.

28

1    185.    In response to the allegations in paragraph 185, Monsanto demands that judgment

2    be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

3    prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

4    by law and such further and additional relief as this Court may deem just and proper.

5        In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

6    denies that plaintiff is entitled to the relief sought therein, including any judgment for any

7    damages, interest, costs, or any other relief whatsoever.

8        Every allegation in the Complaint that is not specifically and expressly admitted in this

9    Answer is hereby specifically and expressly denied.

10                    **SEPARATE AND AFFIRMATIVE DEFENSES**

11        1.    The Complaint, in whole or part, fails to state a claim or cause of action upon

12    which relief can be granted.

13        2.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

14    reliable evidence that the products at issue were defective or unreasonably dangerous.

15        3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

16    was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

17    plaintiff's alleged injuries.

18        4.    Plaintiff's claims are barred, in whole or in part, because the products at issue

19    were designed, manufactured, marketed and labeled with proper warnings, information, cautions

20    and instructions, in accordance with the state of the art and the state of scientific and

21    technological knowledge.

22        5.    Plaintiff's claims are barred, in whole or in part, because the products at issue

23    were not defective or unreasonably dangerous in that they complied with, at all relevant times,

24    all applicable government safety standards.

25        6.    Any claims based on allegations that Monsanto misled, defrauded, made

26    misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

27    *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

28    *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-03632-VC

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.      Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.      Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.      Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.      If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

15.      Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the California Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under California law and/or other applicable state laws.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

25.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.


DATED:  August 22, 2019                          Respectfully submitted,


                                                 /s/ Joe G. Hollingsworth
                                                 Joe G. Hollingsworth (*pro hac vice*)
                                                 (jhollingsworth@hollingsworthllp.com)
                                                 Eric G. Lasker (*pro hac vice*)
                                                 (elasker@hollingsworthllp.com)
                                                 HOLLINGSWORTH LLP
                                                 1350 I Street, N.W.
                                                 Washington, DC  20005
                                                 Telephone:  (202) 898-5800
                                                 Facsimile:   (202) 682-1639

                                                 *Attorneys for Defendant*
                                                 *MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-03632-VC