**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br> Case No. 3:16-md-02741-VC |
| This document relates to: <br><br> *Patricia H. Davis, Shannon Davis, and Ryan Davis, individually, and on behalf of the Estate of William G. Davis v. Monsanto Co.*, Case No. 3:19-cv-04109-VC | |

**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

1    4.    The allegations in paragraph 4 comprise attorney characterizations and are

2    accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs

3    have a variety of separate and distinct uses and formulations.

4    5.    The allegations in paragraph 5 set forth conclusions of law for which no response

5    is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

6    paragraph 5 based upon the allegations in plaintiffs' Complaint.

7    6.    Monsanto admits the allegations in paragraph 6.

8    7.    The allegations in paragraph 7 set forth conclusions of law for which no response

9    is required.

10    8.    The allegations in the first sentence of paragraph 8 set forth conclusions of law for

11    which no response is required.  In response to the second sentence of paragraph 8, Monsanto

12    admits that it sells Roundup®-branded products in California.  In response to the allegations in

13    the final sentence of paragraph 8, Monsanto denies certain events giving rise to plaintiffs' claims

14    and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

15    allegations regarding where certain other events giving rise to plaintiffs' claims occurred and

16    therefore denies those allegations.

17    9.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18    truth of the allegations in paragraph 9 and therefore denies those allegations.

19    10.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20    truth of the allegations in paragraph 10 and therefore denies those allegations.

21    11.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22    truth of the allegations in paragraph 11 and therefore denies those allegations.

23    12.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24    truth of the allegations in paragraph 12 and therefore denies those allegations.

25    13.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26    truth of the allegations in paragraph 13 and therefore denies those allegations.

27    14.    Monsanto denies the allegations in paragraph 14.

28    15.    Monsanto admits the allegations in the first sentence of paragraph 15.  The

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-04109-VC

remaining allegations in paragraph 15 set forth conclusions of law for which no response is required.

16.     In response to the allegations in paragraph 16, Monsanto admits that it sells Roundup®-branded products in California.

17.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

18.     The allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19.     The allegations in paragraph 19 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20.     Monsanto admits the allegations in paragraph 20.

21.     Monsanto admits that it is authorized to do business in California.  The remaining allegations of paragraph 21 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

22.     The allegations in paragraph 22 set forth conclusions of law for which no response is required.

23.     Monsanto denies the allegations in paragraph 23.

24.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 24 set forth conclusions of law for which no response is required.

25.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 25 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

26.     Monsanto admits the allegations in paragraph 26.

1    27.    Monsanto admits the allegations in paragraph 27.

2    28.    In response to the allegations in paragraph 28, Monsanto admits that glyphosate is

3    an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

4    paragraph 28 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

5    to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

6    29.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

7    The remaining allegations in paragraph 29 comprise attorney characterizations and are

8    accordingly denied.

9    30.    Monsanto admits the allegations in paragraph 30.

10    31.    Monsanto generally admits the allegations in paragraph 31, but denies the

11    allegations in paragraph 31 to the extent that they suggest that glyphosate is present in any plants

12    at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

13    the United States Environmental Protection Agency ("EPA").

14    32.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15    truth of the allegations in paragraph 32 and therefore denies those allegations.

16    33.    Monsanto admits that it is the leading producer of seeds that contain the Roundup

17    Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

18    farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

19    belief as to the accuracy of the specific numbers and statistics provided in the remaining

20    sentences of paragraph 33 and therefore denies those allegations.  Monsanto denies the

21    remaining allegations in paragraph 33.

22    34.    Monsanto admits the allegations in paragraph 34.

23    35.    Monsanto admits that Roundup®-branded products have been used by farmers for

24    approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

25    properties and denies the remaining allegations in paragraph 35.

26    36.    The allegations in paragraph 36 set forth conclusions of law for which no

27    response is required.  To the extent that a response is deemed required, Monsanto admits the

28    allegations in paragraph 36.

1    37.    In response to the allegations in paragraph 37, Monsanto admits that EPA requires

2  registrants of herbicides to submit extensive data in support of the human health and

3  environmental safety of their products and further admits that EPA will not register or approve

4  the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

5  Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 37 set forth

6  conclusions of law for which no response is required.

7    38.    The allegations in paragraph 38 set forth conclusions of law for which no

8  response is required.

9    39.    Monsanto admits that Roundup®-branded products are registered by EPA for

10  manufacture, sale and distribution and are registered by the State of California for sale and

11  distribution.

12    40.    In response to the allegations in paragraph 40, Monsanto admits that EPA requires

13  registrants of herbicides to submit extensive data in support of the human health and

14  environmental safety of their products and further admits that EPA will not register or approve

15  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

16  states that the term "the product tests" in the final sentence of paragraph 40 is vague and

17  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 40

18  set forth conclusions of law for which no answer is required.

19    41.    Monsanto denies the allegations in paragraph 41 to the extent that they suggest

20  that EPA only evaluates the safety of pesticide products on the date of their initial registration.

21  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

22  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

23  of the allegations in paragraph 41 regarding such pesticide products generally and therefore

24  denies those allegations.  The remaining allegations in paragraph 41 set forth conclusions of law

25  for which no response is required.

26    42.    In response to the allegations in paragraph 42, Monsanto admits that EPA has

27  undertaken a regulatory review of glyphosate and further admits that EPA has not released its

28  findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 and therefore denies those allegations.

43.   In response to the allegations in paragraph 43, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 43 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

44.   In response to the allegations in paragraph 44, Monsanto admits it entered into an

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-04109-VC

1  assurance of discontinuance with the New York Attorney General.  The assurance speaks for

2  itself and thus does not require any further answer.  The remaining allegations in paragraph 44

3  are vague and conclusory and comprise attorney characterizations and are accordingly denied.

4          45.     Monsanto denies the allegations in paragraph 45.

5          46.     In response to the allegations in paragraph 46, Monsanto admits that the French

6  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

7  that it "left the soil clean," but denies the allegations in paragraph 46 to the extent that they

8  suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

9  cancer.  Monsanto denies the remaining allegations in paragraph 46.

10         47.     Monsanto denies the allegations in paragraph 47.

11         48.     In response to the allegations in paragraph 48, Monsanto states that the cited

12  document speaks for itself and does not require a response.  To the extent that the allegations in

13  paragraph 48 go beyond a restatement of the cited document, Monsanto lacks information or

14  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 48

15  and therefore denies those allegations.

16         49.     Monsanto admits the allegations in paragraph 49.

17         50.     In response to the allegations in paragraph 50, Monsanto states that the cited the

18  document speaks for itself and does not require a response.  To the extent that the allegations in

19  paragraph 50 go beyond a restatement of the cited document, Monsanto lacks information or

20  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 50

21  and therefore denies those allegations.

22         51.     Monsanto states that the term "toxic" as used in paragraph 51 is vague and

23  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

24  denies the allegations in paragraph 51.

25         52.     Monsanto admits the allegations in paragraph 52.

26         53.     In response to the allegations in paragraph 53, Monsanto states that the document

27  speaks for itself and does not require a response.  To the extent that a response is deemed

28  required, Monsanto denies the allegations in paragraph 53

1   54. In response to the allegations in paragraph 54, Monsanto admits that Julie Marc

2 published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

3 the extent that paragraph 54 characterizes the meaning of the cited study, Monsanto denies the

4 remaining allegations in paragraph 54.

5   55. In response to the allegations in paragraph 55, Monsanto states that these

6 documents speak for themselves and do not require a response.  To the extent that a response is

7 deemed required, Monsanto denies the allegations in paragraph 55.

8   56. In response to the allegations in paragraph 56, Monsanto states that the cited

9 document speaks for itself and does not require a response.  To the extent that paragraph 56

10 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

11 paragraph 56.

12   57. Monsanto denies the allegations in paragraph 57.

13   58. In response to the allegations in paragraph 58, Monsanto states that the cited

14 document speaks for itself and does not require a response.  To the extent that paragraph 58

15 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

16 paragraph 58.

17   59. In response to the allegations in paragraph 59, Monsanto states that the cited

18 document speaks for itself and does not require a response.  To the extent that paragraph 59

19 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

20 paragraph 59.

21   60. Monsanto denies the allegation that the cited studies support the allegation that

22 glyphosate or Roundup®-branded products pose any risk to human health and denies the

23 remaining allegations in paragraph 60.

24   61. Monsanto denies the allegations in paragraph 61.

25   62. Monsanto denies the allegations in paragraph 62.

26   63. Monsanto denies the allegations in paragraph 63.

27   64. Monsanto denies the allegations in paragraph 64.

28   65. Monsanto admits that it has in the past promoted, and continues to promote,

1  Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

2  Monsanto denies the remaining allegations in paragraph 65.

3       66.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

4  is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

5  lacks information or knowledge sufficient to form a belief as to the truth of the remaining

6  allegations in paragraph 66 and therefore denies those allegations.

7       67.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8  truth of the allegations in paragraph 67 and therefore denies those allegations.  Monsanto denies

9  that glyphosate met the criteria necessary to be eligible for review.

10       68.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11  truth of the allegations in paragraph 68 and therefore denies those allegations.  Monsanto denies

12  that glyphosate met the criteria necessary to be eligible for review.

13       69.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

14  carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

15  evidence was "cumulative."  The remaining allegations in paragraph 69 are vague and

16  conclusory and comprise attorney characterizations and are accordingly denied.

17       70.    Monsanto admits that the full IARC Monograph regarding glyphosate was

18  published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

19  2A carcinogen.  In response to the remaining allegations in paragraph 70, Monsanto states that

20  the document speaks for itself and does not require a response.  To the extent that a response is

21  deemed required, the remaining allegations in paragraph 70 comprise attorney characterizations

22  and are accordingly denied.

23       71.    Monsanto denies the allegations in paragraph 71.  The IARC working group

24  concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

25  which, per IARC's guidelines, means that the working group could not rule out chance, bias or

26  confounding so as to reach any conclusion of an increased risk.

27       72.    In response to the allegations in paragraph 72, Monsanto states that the document

28  speaks for itself and does not require a response.  To the extent that a response is deemed

1   required, the allegations in paragraph 72 comprise attorney characterizations and are accordingly

2   denied.

3       73.    Monsanto denies the allegations in paragraph 73.

4       74.    The allegations in paragraph 74 comprise attorney characterizations and are

5   accordingly denied.

6       75.    Monsanto admits the allegations in paragraph 75.

7       76.    In response to the allegations in paragraph 76, Monsanto states that the cited

8   document speaks for itself and does not require a response.  To the extent that paragraph 76

9   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

10  paragraph 76.

11      77.    In response to the allegations in paragraph 77, Monsanto admits that certain

12  studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

13  under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

14  evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

15  animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

16  paragraph 77.

17      78.    The allegations in paragraph 78 are vague and ambiguous and are accordingly

18  denied.

19      79.    In response to the allegations in paragraph 79, Monsanto states that the cited

20  document speaks for itself and does not require a response.

21      80.    In response to the allegations in paragraph 80, Monsanto states that the cited

22  document speaks for itself and does not require a response.  To the extent that paragraph 80

23  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

24  paragraph 80.

25      81.    Monsanto denies the allegations in paragraph 81.

26      82.    In response to the allegations in paragraph 82, Monsanto states that the cited

27  document speaks for itself and does not require a response.  Monsanto otherwise denies the

28  allegations in paragraph 82.

83.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto admits the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto admits the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto denies the allegations in paragraph 99.

100.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 100.

101.     In response to the allegations in paragraph 101, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

101.

102.     In response to the allegations in paragraph 102, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 102.

103.     In response to the allegations in paragraph 103, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 103.

104.     In response to the allegations in paragraph 104, Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-04109-VC

1
2
3
4

*Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

5   Monsanto denies the remaining allegations in paragraph 104.

6          105.    In response to the allegations in paragraph 105, Monsanto admits that it – along

7   with a large number of other companies and governmental agencies – was defrauded by two

8   chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

9   testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

10  toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

11  glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

12  studies.  To the extent that the allegations in paragraph 105 are intended to suggest that

13  Monsanto was anything other than a victim of this fraud, such allegations are denied.

14         106.    In response to the allegations in paragraph 106, Monsanto admits that IBT

15  Laboratories was hired to conduct toxicity studies in connection with the registration of a

16  Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

17  based upon any fraudulent or false IBT studies.

18         107.    Monsanto denies the allegations in paragraph 107 to the extent they suggest that

19  EPA performed an inspection of IBT Laboratories solely or specifically in connection with

20  studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

21  Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

22  connection with services provided to a broad number of private and governmental entities and

23  that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

24  one of several pesticide manufacturers who had used IBT test results.  The audit found some

25  toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

26  Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

27  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

28  based upon any invalid IBT studies.  To the extent that the allegations in paragraph 107 are

1   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

2   denies those allegations.

3        108.   In response to the allegations in paragraph 108, Monsanto admits that three IBT

4   employees were convicted of the charge of fraud, but Monsanto denies that any of the

5   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

6   herbicides.

7        109.   In response to the allegations in paragraph 109, Monsanto admits that it – along

8   with numerous other private companies – hired Craven Laboratories as an independent

9   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

10   denies the remaining allegations in paragraph 109.

11        110.   In response to the allegations in paragraph 110, Monsanto admits that EPA

12   investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

13   paragraph 110 are intended to suggest that Monsanto was anything other than a victim of this

14   fraud, Monsanto denies those allegations.

15        111.   In response to the allegations in paragraph 111, Monsanto admits that it was

16   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

17   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 111

18   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

19   denies those allegations.

20        112.   In response to the allegations in paragraph 112, Monsanto admits that it has stated

21   and continues to state that Roundup®-branded products are safe when used as labeled and that

22   they are non-carcinogenic and non-genotoxic.

23        113.   In response to the allegations in paragraph 113, Monsanto admits that a 1986 joint

24   report of the World Health Organization and Food and Agriculture Organization of the United

25   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

26   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

27   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

28   carcinogen.  Monsanto denies the remaining allegations in paragraph 113.

1    114.    Monsanto denies the allegations in paragraph 114.

2    115.    Monsanto denies the allegations in paragraph 115.

3    116.    Monsanto denies the allegations in paragraph 116.

4    117.    Monsanto denies the allegations in paragraph 117.

5    118.    Monsanto denies the allegations in paragraph 118.

6    119.    Monsanto denies the allegations in paragraph 119.

7    120.    Monsanto denies the allegations in paragraph 120.

8    121.    Monsanto denies the allegations in paragraph 121.

9    122.    Monsanto denies the allegations in paragraph 122.

10    123.    Monsanto denies the allegations in paragraph 123.

11    124.    Monsanto denies the allegations in paragraph 124.

12    125.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13    truth of the allegations in paragraph 125 and therefore denies those allegations.

14    126.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15    truth of the allegations in the first sentence of paragraph 126 and therefore denies those

16    allegations.  Monsanto denies the remaining allegations in paragraph 126.

17    127.    Monsanto denies the allegations in paragraph 127.

18    128.    Monsanto incorporates by reference its responses to paragraphs 1 through 127 in

19    response to paragraph 128 of plaintiffs' Complaint.

20    129.    Monsanto denies the allegations in paragraph 129.

21    130.    In response to the allegations in paragraph 130, Monsanto admits that it has stated

22    and continues to state that Roundup®-branded products are safe when used as labeled and that

23    they are non-toxic and non-carcinogenic.

24    131.    In response to the allegations in paragraph 131, Monsanto states that the cited

25    document speaks for itself and does not require a response.

26    132.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

27    exposed plaintiffs' decedent to risk of his alleged cancer and denies the remaining allegations in

28    paragraph 132.  Monsanto states, however, that the scientific studies upon which IARC

1    purported to base its classification were all publicly available before March 2015.

2        133.    Monsanto denies the allegations in the first and last sentences of paragraph 133.

3    The remaining allegations in paragraph 133 set forth conclusions of law for which no response is

4    required.  Monsanto states, however, that the scientific studies upon which IARC purported to

5    base its classification were all publicly available before March 2015.

6        134.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

7    and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

8    branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

9    which IARC purported to base its classification were all publicly available before March 2015.

10   The remaining allegations in paragraph 134 set forth conclusions of law for which no response is

11   required, consist of attorney characterizations and are accordingly denied, or comprise

12   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

13   the truth of the allegations asserted and therefore denies those allegations.

14       135.    Monsanto incorporates by reference its responses to paragraphs 1 through 134 in

15   response to paragraph 135 of plaintiffs' Complaint.

16       136.    The allegations in paragraph 136 set forth conclusions of law for which no

17   response is required.

18       137.    Monsanto denies the allegations in paragraph 137.

19       138.    Monsanto denies the allegations in paragraph 138, including each of its subparts.

20       139.    Monsanto denies the allegations in paragraph 139.

21       140.    Monsanto denies the allegations in paragraph 140.

22       141.    Monsanto denies the allegations in paragraph 141.

23       142.    Monsanto denies the allegations in paragraph 142, including each of its subparts.

24       143.    Monsanto denies the allegations in paragraph 143.

25       144.    Monsanto denies the allegations in paragraph 144.

26       145.    Monsanto denies the allegations in paragraph 145.

27       146.    Monsanto denies the allegations in paragraph 146.

28       In response to the "WHEREFORE" paragraph following paragraph 146, Monsanto

1   demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

2   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

3   fees as allowed by law and such further and additional relief as this Court may deem just and

4   proper.

5   147.   Monsanto incorporates by reference its responses to paragraphs 1 through 146 in

6   response to paragraph 147 of plaintiffs' Complaint.

7   148.   In response to the allegations in paragraph 148, Monsanto lacks information or

8   knowledge sufficient to form a belief as to the truth of the allegations that plaintiffs' decedent

9   used or was exposed to Roundup®-branded products and therefore denies those allegations.

10   Monsanto denies the remaining allegations in paragraph 148.

11   149.   Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 149 and therefore denies those allegations.

13   150.   Monsanto denies the allegations in paragraph 150.

14   151.   Monsanto denies the allegations in paragraph 151.

15   152.   Monsanto denies the allegations in paragraph 152.

16   153.   Monsanto denies the allegations in paragraph 153, including each of its subparts.

17   154.   Monsanto denies the allegations in paragraph 154.

18   155.   Monsanto denies that Roundup®-branded products have "dangerous

19   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the remaining allegations in paragraph 155 and therefore denies those allegations.

21   156.   Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 156 and therefore denies those allegations.

23   157.   Monsanto denies the allegations in paragraph 157.

24   158.   The allegations in paragraph 158 set forth conclusions of law for which no

25   response is required.

26   159.   Monsanto denies the allegations in paragraph 159.

27   160.   Monsanto denies the allegations in paragraph 160.

28   161.   Monsanto denies the allegations in paragraph 161.

1    162.    Monsanto denies the allegations in paragraph 162.

2    163.    Monsanto denies the allegations in paragraph 163.

3    164.    Monsanto denies the allegations in paragraph 164.

4    165.    Monsanto denies the allegations in paragraph 165.

5    166.    Monsanto denies the allegations in paragraph 166.

6    167.    Monsanto denies the allegations in paragraph 167.

7    168.    Monsanto denies the allegations in paragraph 168.

8    In response to the "WHEREFORE" paragraph following paragraph 168, Monsanto

9    demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

10   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

11   fees as allowed by law and such further and additional relief as this Court may deem just and

12   proper.

13   169.    Monsanto incorporates by reference its responses to paragraphs 1 through 168 in

14   response to paragraph 169 of plaintiffs' Complaint.

15   170.    Monsanto denies the allegations in paragraph 170.

16   171.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 171 and therefore denies those allegations.

18   172.    Monsanto denies the allegations in paragraph 172.  All labeling of Roundup®-

19   branded products has been and remains EPA-approved and in compliance with all federal

20   requirements under FIFRA.

21   173.    Monsanto denies the allegations in paragraph 173.

22   174.    Monsanto denies the allegations in paragraph 174.  All labeling of Roundup®-

23   branded products has been and remains EPA-approved and in compliance with all federal

24   requirements under FIFRA.

25   175.    Monsanto denies the allegations in paragraph 175.  All labeling of Roundup®-

26   branded products has been and remains EPA-approved and in compliance with all federal

27   requirements under FIFRA and with California law.

28   176.    Monsanto denies the allegations in paragraph 176.

177. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiffs' decedent's use history in paragraph 177 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 177.

178. The allegations in paragraph 178 set forth conclusions of law for which no response is required.

179. Monsanto denies the allegations in paragraph 179.

180. Monsanto denies the allegations in paragraph 180.

181. Monsanto denies the allegations in paragraph 181.

182. Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 182.

183. The allegations in paragraph 183 set forth conclusions of law for which no response is required.

184. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 184 and therefore denies those allegations.

185. Monsanto denies the allegations in paragraph 185.

186. Monsanto denies the allegations in paragraph 186.

187. Monsanto denies the allegations in paragraph 187.

188. Monsanto denies the allegations in paragraph 188.

189. Monsanto denies the allegations in paragraph 189.

In response to the "WHEREFORE" paragraph following paragraph 189, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

190. Monsanto incorporates by reference its responses to paragraphs 1 through 189 in response to paragraph 190 of plaintiffs' Complaint.

191. Monsanto denies the allegations in paragraph 191. Additionally, the allegations in the last sentence in paragraph 191 set forth conclusions of law for which no response is

1   required.

2       192.    Monsanto lacks information or knowledge sufficient to form a belief as to the

3   truth of the allegations in paragraph 192 concerning the plaintiffs' decedent's claimed use of

4   Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

5   paragraph 192 set forth conclusions of law for which no response is required.

6       193.    The allegations in paragraph 193 set forth conclusions of law for which no

7   response is required.

8       194.    Monsanto denies the allegations in paragraph 194.

9       195.    The allegation in paragraph 195 regarding a purported implied warranty sets forth

10  a conclusion of law for which no response is required.  Monsanto lacks information or

11  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

12  195 and therefore denies those allegations.

13      196.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in paragraph 196 concerning the condition of any Roundup®-branded

15  product allegedly used by plaintiffs' decedent or about plaintiffs' decedent's alleged uses of such

16  product and therefore denies the allegations in paragraph 196.

17      197.    Monsanto denies the allegations in paragraph 197.

18      198.    Monsanto denies the allegations in paragraph 198.

19      199.    Monsanto denies the allegations in paragraph 199.

20      In response to the "WHEREFORE" paragraph following paragraph 199, Monsanto

21  demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

22  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

23  fees as allowed by law and such further and additional relief as this Court may deem just and

24  proper.

25      200.    Monsanto incorporates by reference its responses to paragraphs 1 through 199  in

26  response to paragraph 200 of plaintiffs' Complaint.

27      201.    Monsanto admits that plaintiffs purport to bring a claim under the California

28  Consumer Protection Act but denies any liability as to that claim.  Monsanto denies the

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-04109-VC

1   remaining allegations in paragraph 201

2          202.    Monsanto denies the allegations in paragraph 202.

3          203.    The allegations in paragraph 203 set forth conclusions of law for which no

4   response is required

5          204.    Monsanto denies the allegations in paragraph 204.

6          205.    Monsanto denies the allegations in paragraph 205.

7          In response to the "WHEREFORE" paragraph following paragraph 205, Monsanto

8   demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

9   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

10  fees as allowed by law and such further and additional relief as this Court may deem just and

11  proper.

12         206.    Monsanto incorporates by reference its responses to paragraphs 1 through 205 in

13  response to paragraph 206 of plaintiffs' Complaint.

14         207.    Monsanto denies the allegation in paragraph 207 that decedent's death was

15  "wrongful" and denies that any injuries alleged in the Complaint, including the injury and death

16  of decedent, were caused by Roundup®-branded products.  Monsanto admits that plaintiffs

17  purport to bring a wrongful death claim but denies any liability on that claim.

18         208.    Monsanto denies the allegations in paragraph 208

19         209.    Monsanto denies the allegations in paragraph 209.

20         210.    Monsanto denies the allegations in paragraph 212.

21         211.    Monsanto denies the allegations in paragraph 211

22         212.    In response to the allegations in paragraph 212, Monsanto demands that judgment

23  be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with

24  prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

25  by law and such further and additional relief as this Court may deem just and proper.

26         In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

27  denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

28  damages, interest, costs, or any other relief whatsoever.

1    Every allegation in the Complaint that is not specifically and expressly admitted in this

2    Answer is hereby specifically and expressly denied.

3                            **SEPARATE AND AFFIRMATIVE DEFENSES**

4    1.    The Complaint, in whole or part, fails to state a claim or cause of action against

5    Monsanto upon which relief can be granted.

6    2.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically

7    reliable evidence that the products at issue were defective or unreasonably dangerous.

8    3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

9    was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

10   plaintiffs' decedent's alleged injuries.

11   4.    Plaintiffs' claims are barred, in whole or in part, because the products at issue

12   were designed, manufactured, marketed and labeled with proper warnings, information, cautions

13   and instructions, in accordance with the state of the art and the state of scientific and

14   technological knowledge.

15   5.    Plaintiffs' claims are barred, in whole or in part, because the products at issue

16   were not defective or unreasonably dangerous in that they complied with, at all relevant times,

17   all applicable government safety standards.

18   6.    Any claims based on allegations that Monsanto misled, defrauded, made

19   misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

20   *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

21   *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

22   7.    Plaintiffs' claims are preempted, in whole or in part, by applicable federal law

23   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

24   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

25   8.    Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA

26   findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

27   product labeling.

28

9.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs' decedent's injuries, if any, were the result of conduct of plaintiffs' decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' decedent's pre-existing medical conditions.

11.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.    Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.    Plaintiffs' decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.    If plaintiffs' decedent's suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' decedent's alleged injuries or damages.

15.    Monsanto had no legal relationship or privity with plaintiffs and/or plaintiffs' decedent and owed no duty to them by which liability could be attributed to it.

16.    Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs and/or plaintiffs' decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs and/or plaintiffs' decedent failed to give notice of any breach thereof.

17.     Plaintiffs' claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the California Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under California law, and/or other applicable state laws.

20.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

21.      Plaintiffs' claims are barred in whole or in part by plaintiffs' and/or plaintiffs' decedent's own contributory/comparative negligence.

22.     Plaintiffs' claims are barred in whole or in part by plaintiffs' and/or plaintiffs' decedent's own failure to mitigate damages.

23.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs received from collateral sources.

25.     If plaintiffs' decedent had been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

28.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

1    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2  plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

3  other relief as the Court deems equitable and just.

4  **JURY TRIAL DEMAND**

5    Monsanto demands a jury trial on all issues so triable.

6

7  DATED:  August 23, 2019                    Respectfully submitted,

8

9                                             /s/ Joe G. Hollingsworth
                                             Joe G. Hollingsworth (*pro hac vice*)
10                                            (jhollingsworth@hollingsworthllp.com)
                                             Eric G. Lasker (*pro hac vice*)
11                                            (elasker@hollingsworthllp.com)
                                             HOLLINGSWORTH LLP
12                                            1350 I Street, N.W.
                                             Washington, DC  20005
13                                            Telephone:  (202) 898-5800
                                             Facsimile:   (202) 682-1639
14
                                             *Attorneys for Defendant*
15                                            *MONSANTO COMPANY*

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-04109-VC