**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Dale Bjorklund v. Monsanto Co.*, Case No. 3:19-cv-04123-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.    Silence as to any allegations shall constitute a denial.

1.      Monsanto admits the allegations in the first and second sentences of paragraph 1. In response to the allegations in the third sentence of paragraph 1, Monsanto admits that certain of its Roundup®-branded products contain POEA and adjuvants, and that the United States Environmental Protection Agency ("EPA") has classified surfactants and adjuvants as inert. Monsanto notes that the EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  In response to the allegations in

- 1 -

the final sentence of paragraph 1, Monsanto admits that glyphosate was one of the world's most widely used herbicides in 2013, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 1 and therefore denies those allegations.

2.      In response to the allegations in paragraph 2, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. Monsanto admits that it and affiliated companies have operations and offices in countries around the world.  Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 2.  Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 2 and therefore denies those allegations.

3.      In response to the allegations in paragraph 3, Monsanto admits that its glyphosate products are registered in at least 130 countries and approved for use on over 100 different crops. Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media.  Monsanto denies the remaining allegations in paragraph 3.

4.      Monsanto admits the allegations in the first sentence of paragraph 4.  Monsanto denies the allegations in the second sentence of paragraph 4 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

5.      Monsanto admits the allegations in the first sentence of paragraph 5.  Monsanto denies the allegations in the second sentence of paragraph 5.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04123-VC

6.      In response to the allegations in paragraph 6, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 6.

7.      Monsanto denies the allegations in paragraph 7.

8.      In response to the allegations in paragraph 8, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the EPA repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that paragraph 8 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

9.      The allegations in paragraph 9 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto admits the allegations in paragraph 9 based upon the allegations in plaintiff's Complaint.

10.      The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.      The allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 regarding where the alleged events giving rise to this complaint occurred and therefore denies those allegations.  The remaining allegations in paragraph 12 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits that venue is proper in the District of Minnesota based on the allegations in the plaintiff's Complaint.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.     Monsanto admits the allegations in paragraph 14.

15.     In response to the allegations in the first sentence of paragraph 15, Monsanto admits that it discovered the herbicidal properties of glyphosate; that it has manufactured Roundup®-branded herbicides; that certain Roundup®-branded herbicides contain POEA and adjuvants; and that EPA has classified surfactants and adjuvants as inert.  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  Monsanto denies the remaining allegations in the first sentence of paragraph 15.  In response to the allegations in the second sentence of paragraph 15, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in the second sentence of paragraph 15 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies those allegations.

16.     Monsanto admits the allegations in the first sentence of paragraph 16.  Monsanto denies the allegations in the second sentence of paragraph 16 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. Monsanto denies the allegations in the third sentence of paragraph 16 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

17.     In response to the allegations in paragraph 17, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 17.

18.     Monsanto admits the allegations in the first two sentences of paragraph 18 and admits that it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto otherwise denies the remaining allegations in paragraph 18.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04123-VC

19.     In response to the allegations in paragraph 19, Monsanto admits that certain Roundup®-branded herbicides contain POEA and adjuvants, that EPA has classified surfactants and adjuvants as inert, and that the specific surfactants and adjuvants used in Roundup®-branded herbicides – like those in other manufacturers' herbicide products – are protected by EPA as "trade secrets."  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  Monsanto denies the remaining allegations in paragraph 19.

20.     The allegations in paragraph 20 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 20.

21.     In response to the allegations in paragraph 21, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     The allegations in paragraph 22 set forth conclusions of law for which no response is required.

23.     In response to the allegations in paragraph 23, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 23 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 23 set forth conclusions of law for which no answer is required.

24.     Monsanto denies the allegations in paragraph 24 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 24 set forth conclusions of law for which no response is required.

25.   In response to the allegations in paragraph 25, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies those allegations.

26.   In response to the allegations in paragraph 26, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04123-VC

evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits

that plaintiff have accurately quoted from one passage in an EPA document in 1991 with respect

to the designation of an agent as Group E, but states that EPA repeatedly has concluded that

glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two

EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of

safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen] – one that shows evidence of non-carcinogenicity for humans – based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives:  Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20.

Monsanto denies the remaining allegations in paragraph 26.

27.     In response to the allegations in paragraph 27, Monsanto admits that it – along

with a large number of other companies and governmental agencies – was defrauded by two

chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

- 7 -

toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 27 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

28.     In response to the allegations in paragraph 28, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

29.     Monsanto denies the allegations in paragraph 29 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 29 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

30.     In response to the allegations in paragraph 30, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

31.     In response to the allegations in paragraph 31, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent

laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 31 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

32.     Monsanto denies the allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety.  Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The remaining allegations in paragraph 33 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

34.     In response to the allegations in paragraph 34, Monsanto admits that following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 34 and accordingly denies those allegations.  The remaining allegations in paragraph 34 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

35.     In response to the allegations in paragraph 35, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 35 and accordingly denies the same.  The remaining allegations in paragraph 35 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

36.     In response to the allegations in paragraph 36, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

- 9 -

1    admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

2    General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

3    the subparts purport to quote a document, the document speaks for itself and thus does not

4    require any further answer.  The remaining allegations in paragraph 36 are vague and conclusory

5    and comprise attorney characterizations and are accordingly denied.

6         37.    In response to the allegations in paragraph 37, Monsanto admits it entered into an

7    assurance of discontinuance with the New York Attorney General.  The assurance speaks for

8    itself and thus does not require any further answer.  The remaining allegations in paragraph 37

9    are vague and conclusory and comprise attorney characterizations and are accordingly denied.

10        38.    Monsanto denies the allegations in paragraph 38.

11        39.    In response to the allegations in paragraph 39, Monsanto admits that the French

12   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

13   that it "left the soil clean," but denies the allegations in paragraph 39 to the extent that they

14   suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

15   cancer.  Monsanto denies the remaining allegations in paragraph 39.

16        40.    In response to the allegations in paragraph 40, Monsanto denies that IARC

17   follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information

18   or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

19   paragraph 40, which are not limited as of any specified date, and accordingly denies the same.

20        41.    In response to the allegations in paragraph 41, Monsanto admits that IARC sets

21   forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

22   Monsanto denies the remaining allegations in paragraph 41.

23        42.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

24   research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

25   that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

26   form a belief as to the truth of the remaining allegations in paragraph 42 and therefore denies

27   those allegations.

28

43.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 and therefore denies those allegations.

44.     Monsanto denies the allegations in paragraph 44 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

45.     In response to the allegations in paragraph 45, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015, and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one-week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working groups are "experts."  Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 45.

46.     In response to the allegations in paragraph 46, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

47.     The allegations in paragraph 47 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

48.     In response to the allegations in paragraph 48, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

50.     Monsanto denies the allegations in paragraph 50.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

51.     In response to the allegations in paragraph 51, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

52.     In response to the allegations in paragraph 52, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 52.

53.      In response to the allegations in paragraph 53, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 53.

54.      In response to the allegations in paragraph 54, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration.  Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining allegations in paragraph 54.

55.      In response to the allegations in paragraph 55, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 55.

56.      In response to the allegations in paragraph 56, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 56.

57.      In response to the allegations in paragraph 57, Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

58.      In response to the allegations in paragraph 58, Monsanto admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the

- 13 -

1   Coalition provides any reliable basis for any conclusions regarding potential health risks from

2   glyphosate.  Monsanto notes that a federal district court has characterized this same publication

3   as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928

4   F. Supp. 2d 10, 24 (D.D.C. 2013).

5          59.     Monsanto states that the term "toxic" as used in paragraph 59 is vague and

6   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

7   denies the allegations in paragraph 59.

8          60.     In response to the allegations in paragraph 60, Monsanto admits that Julie Marc

9   published the cited study in 2002 and states that the document speaks for itself and does not

10  require a response.  To the extent that a response is deemed required, Monsanto denies the

11  allegations in paragraph 60.

12         61.     In response to the allegations in the first sentence of paragraph 61 Monsanto

13  admits that Julie Marc published a study titled "Glyphosate-based pesticides affect cell cycle

14  regulation" in 2004.  To the extent that the first sentence of paragraph 61 characterizes the

15  meaning of the cited study, Monsanto denies the allegations in the first sentence of paragraph 61.

16  In response to the remaining allegations in paragraph 61, Monsanto states that the document

17  speaks for itself and does not require a response.  To the extent that a response is deemed

18  required, Monsanto denies the remaining allegations in paragraph 61.

19         62.     In response to the allegations in paragraph 62, Monsanto states that the cited

20  document speaks for itself and does not require a response.  To the extent that paragraph 62

21  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

22  paragraph 62.

23         63.     In response to the allegations in paragraph 63, Monsanto states that the cited

24  document speaks for itself and does not require a response.  To the extent that paragraph 63

25  characterizes the meaning of the cited study, Monsanto denies the allegation that the cited studies

26  support the allegation that glyphosate or Roundup®-branded products pose any risk to human

27  health and denies the remaining allegations in paragraph 63.

28

64.     In response to the allegations in paragraph 64, Monsanto states that the terms "at all times" and "these studies" are vague and ambiguous, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 64.

65.     Monsanto denies the allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 66.

67.     In response to the allegations in paragraph 67, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 67.

68.     Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions.  Monsanto denies the remaining allegations in paragraph 68.

69.     In response to the allegations in paragraph 69, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same.  Monsanto denies the remaining allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04123-VC

1    allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations

2    regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 70.

3         71.    In response to the allegations in paragraph 71, Monsanto denies the alleged basis

4    for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has

5    explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC

6    ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety

7    concerns.  As of April 2016, the government of Colombia has resumed manual application of

8    glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs'

9    expert testimony purporting to link these same aerial eradication operations with cancer as

10   scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto

11   denies the remaining allegations in paragraph 71.

12        72.    In response to the allegations in paragraph 72, Monsanto admits that the

13   California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was

14   required to add glyphosate to California's Proposition 65 list of chemicals in a process that

15   OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the

16   weight or quality of the evidence considered by IARC.  Monsanto further states that this decision

17   was not based upon any independent scientific analysis of glyphosate but instead was in response

18   to a provision of a California ballot proposition triggering such action based solely upon the

19   IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon

20   its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to

21   pose a cancer hazard to humans."[4]  Monsanto contends that OEHHA's decision that it was

22   required to list glyphosate violates the United States Constitution and the California Constitution.

23   On February 26, 2018, a federal district court enjoined California from requiring Proposition 65

24   warning labels for glyphosate as unconstitutional.  The remaining allegations in paragraph 72 set

---

[4] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04123-VC

1   forth conclusions of law for which no response is required.  To the extent that a response is

2   deemed required, Monsanto denies the allegations in paragraph 72.

3   73.   The allegations in paragraph 73 set forth conclusions of law for which no

4   response is required.

5   74.   The allegations in paragraph 74 set forth conclusions of law for which no

6   response is required.  Nevertheless, Monsanto notes that, under Proposition 65, the mere

7   presence of a listed substance in a consumer product does not require a warning.  Instead, a

8   warning need only be provided if the exposure to the listed substance, for the average user of the

9   product, exceeds the level at which cancer would be hypothesized to occur, based on

10  extrapolation from animal studies, in one person in 100,000 persons exposed over a 70-year

11  lifetime.

12  75.   In response to the allegations in paragraph 75, Monsanto admits that it has

13  brought a lawsuit challenging OEHHA's notice of intent to include glyphosate on its Proposition

14  65 list.

15  76.   In response to the allegations in paragraph 76, Monsanto admits that plaintiff

16  accurately quotes from Monsanto's Complaint in the referenced lawsuit, and states that

17  Monsanto's Complaint in that lawsuit speaks for itself.  Monsanto further admits that its lawsuit

18  cites to OEHHA's 2007 determination based upon its own independent evaluation of the

19  scientific evidence that glyphosate is "unlikely to pose a cancer hazard to humans."[5]  The

20  remaining allegations in paragraph 76 comprise attorney characterizations and are accordingly

21  denied.

22  77.   In response to the allegations in paragraph 77, Monsanto admits that, on

23  November 12, 2015, the European Food Safety Authority ("EFSA") issued its Renewal

24  Assessment Report (RAR) on glyphosate, in which it concluded that "glyphosate is unlikely to

25

26

27  _____

    [5] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
    https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04123-VC

1   pose a carcinogenic hazard to humans."[6]  Monsanto further admits that this conclusion affirmed

2   a similar finding by the German Federal Institute for Risk Management (BfR).  Monsanto admits

3   that the European scientists who reached these determinations were acting independently of

4   Monsanto and were acting to protect the public.

5          78.    In response to the allegations in paragraph 78, Monsanto denies that "industry

6   groups" were afforded any ability to review the RAR beyond that afforded to the public

7   generally.  Monsanto otherwise admits the allegations in paragraph 78.

8          79.    Monsanto admits the allegations in paragraph 79.

9          80.    In response to the allegations in paragraph 80, Monsanto states that the cited

10  document speaks for itself and does not require a response.  Monsanto denies the allegations in

11  paragraph 80 to the extent that they purport to set forth all of the distinctions identified by EFSA

12  between its evaluation and the evaluation of the IARC working group.  Monsanto states that in

13  the same document cited by plaintiff, EFSA states that, in contrast to IARC, "the EU peer review

14  concluded that no significant increase in tumor incidence could be observed in any of the treated

15  groups of animals in the nine long term rat studies considered" and explains that "[a]s well as

16  reviewing a larger number of studies [than IARC], EFSA for example considered that

17  carcinogenic effects observed at high doses were unreliable as they could be related to general

18  toxicity."[7]  To the extent that paragraph 80 characterizes the meaning of the cited studies,

19  Monsanto denies the remaining allegations in paragraph 80.

20         81.    In response to the allegations in paragraph 81, Monsanto states that the cited

21  document speaks for itself and does not require a response.

22         82.    In response to the allegations in paragraph 82, Monsanto admits that EFSA set

23  acceptable exposure thresholds for glyphosate that are orders of magnitude higher than those

24

25  _____

26  [6] *See* EFSA, *Glyphosate:  EFSA updates toxicological profile*, http://www.efsa.europa.eu/en
    /press/news/151112.

27  [7] EFSA, *EFSA Explains Risk Assessment Glyphosate*, http://www.efsa.europa.eu/sites/default
    /files/corporate_publications/files/efsaexplainsglyphosate151112en.pdf.

28

**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**
**3:16-md-02741-VC & 3:19-cv-04123-VC**

1    which occur in the ordinary use of glyphosate-based herbicides.  Monsanto denies that these

2    exposure thresholds are based upon any alleged risk of carcinogenicity.

3         83.    In response to the allegations in paragraph 83, Monsanto admits that certain

4    individuals, including Dr. Christopher Portier, sent the letter identified in paragraph 83

5    (hereinafter, "the Portier letter").  Monsanto denies that Dr. Portier or the other signatories to his

6    letter are "independent" and "renowned international experts in the field."  Monsanto states that

7    Dr. Portier has been disclosed as an expert witness retained by plaintiffs' counsel in the

8    glyphosate cancer litigation against Monsanto and that Monsanto lacks information or

9    knowledge sufficient to form a belief as to whether the other signatories were aware, before they

10   signed the Portier letter, that Dr. Portier was working as a retained expert for plaintiffs' counsel.

11   Monsanto otherwise admits that this letter urged the EU Health Commissioner to disregard the

12   scientific findings reached by EFSA and by the BfR.

13        84.    In response to the allegations in paragraph 84, Monsanto admits that Dr. Portier

14   sent the letter identified in paragraph 84.  Monsanto denies that Dr. Portier or the other

15   signatories to his letter are "renowned international experts in the field."  Monsanto admits that

16   certain members of the IARC working group assigned to glyphosate signed on to the Portier

17   letter, but states that Monsanto lacks information or knowledge sufficient to form a belief as to

18   whether those individuals or the other signatories were aware at the time that Dr. Portier was

19   working as a retained expert for plaintiffs' counsel.

20        85.    In response to the allegations in paragraph 85, Monsanto states that the cited

21   Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr.

22   Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the

23   glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

24   conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

25   carcinogenic hazard to humans."[8]  To the extent that paragraph 85 characterizes the meaning of

26

27   [8] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu/en
     /press/news/151112.

28

the cited document or of EFSA's evaluation of glyphosate, Monsanto denies the remaining

allegations in paragraph 85.

86.     In response to the allegations in paragraph 86, Monsanto admits that IARC

concluded that the human epidemiologic data provides only "limited evidence of

carcinogenicity," which IARC defines as meaning that "chance, bias, or confounding could not

be ruled out with reasonable confidence."[9]   Monsanto further admits that Dr. Portier – who has

been disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer

litigation against Monsanto – seeks in his letter to challenge the scientific conclusions reached by

EFSA in support of its finding that "glyphosate is unlikely to pose a carcinogenic hazard to

humans."[10]   In response to the remaining allegations in paragraph 86, Monsanto states that the

cited Portier letter speaks for itself and does not require a response.  To the extent that paragraph

86 characterizes the meaning of the cited document or of EFSA's evaluation of glyphosate,

Monsanto denies the remaining allegations in paragraph 86.

87.     In response to the allegations in paragraph 87, Monsanto states that the cited

Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr.

Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the

glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

carcinogenic hazard to humans."[11]   To the extent that paragraph 87 characterizes the meaning of

the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the

remaining allegations in paragraph 87.

88.     In response to the allegations in paragraph 88, Monsanto states that the cited

Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr.

---

[9] http://monographs.iarc.fr/ENG/Preamble/currentb6evalrationale0706.php.

[10] See EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu /en/press/news/151112.

[11] See EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu /en/press/news/151112.

Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a carcinogenic hazard to humans."[12]  To the extent that paragraph 88 characterizes the meaning of the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the remaining allegations in paragraph 88.

89.     Monsanto admits the allegations in paragraph 89.

90.     In response to the allegations in paragraph 90, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 90 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 90.

91.     In response to the allegations in paragraph 91, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 91 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 91.

92.     In response to the allegations in paragraph 92, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 92 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 92.

93.     In response to the allegations in paragraph 93, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

---

[12] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu/en/press/news/151112.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04123-VC

1    extent that paragraph 93 characterizes the scientific evidence regarding the safety of glyphosate-

2    based herbicides, Monsanto denies the remaining allegations in paragraph 93.

3          94.      In response to the allegations in paragraph 94, Monsanto states that the cited

4    document speaks for itself and does not require a response.  Monsanto denies that the self-

5    labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

6    extent that paragraph 94 characterizes the scientific evidence regarding the safety of glyphosate-

7    based herbicides, Monsanto denies the remaining allegations in paragraph 94.

8          95.      In response to the allegations in paragraph 95, Monsanto states that the cited

9    document speaks for itself and does not require a response.  Monsanto denies that the self-

10   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

11   extent that paragraph 95 characterizes the scientific evidence regarding the safety of glyphosate-

12   based herbicides, Monsanto denies the remaining allegations in paragraph 95.

13         96.      In response to the allegations in paragraph 96, Monsanto states that the cited

14   document speaks for itself and does not require a response.  Monsanto denies that the self-

15   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

16   extent that paragraph 96 characterizes the scientific evidence regarding the safety of glyphosate-

17   based herbicides, Monsanto denies the remaining allegations in paragraph 96.

18         97.      In response to the allegations in paragraph 97, Monsanto admits that the United

19   States Food and Drug Administration ("FDA") has authority to enforce pesticide residues and

20   that the FDA announced it would begin testing certain foods for glyphosate residues.  In

21   response to the remaining allegations paragraph 97, Monsanto states that the cited documents

22   speak for themselves and do not require a response.

23         98.      In response to the allegations in paragraph 98, Monsanto admits that the U.S.

24   Government Accountability Office ("GAO") issued the cited report regarding pesticide residue

25   monitoring programs, but Monsanto denies that the GAO report was limited to glyphosate.  In

26   response to the remaining allegations in paragraph 98, Monsanto states that the cited documents

27   speak for themselves and do not require a response.  To the extent that paragraph 98

28

1  characterizes the meaning of the cited documents, Monsanto denies the remaining allegations in

2  paragraph 98.

3      99.      In response to the allegations in paragraph 99, Monsanto admits that the FDA has

4  authority to enforce pesticide residues and that the FDA announced it would begin testing certain

5  foods for glyphosate residues.  In response to the remaining allegations in paragraph 99,

6  Monsanto states that the cited documents speak for themselves and do not require a response.  To

7  the extent that paragraph 99 characterizes the meaning of the cited documents, Monsanto denies

8  the remaining allegations in paragraph 99.

9      100.     In response to the allegations in paragraph 100, Monsanto admits that the FDA

10  has authority to enforce pesticide residues and that the FDA announced it would begin testing

11  certain foods for glyphosate residues.  In response to the remaining allegations in paragraph 100,

12  Monsanto states that the cited documents speak for themselves and do not require a response.  To

13  the extent that paragraph 100 characterizes the meaning of the cited documents, Monsanto denies

14  the remaining allegations in paragraph 100.

15     101.      Monsanto admits the allegations in paragraph 101.  Monsanto also states that the

16  allegations are out of date and that the European Union has approved glyphosate for another five

17  years.

18     102.      In response to the allegations in paragraph 102, Monsanto states that the cited

19  document speaks for itself and does not require a response.

20     103.      In response to the allegations in paragraph 103, Monsanto lacks information or

21  knowledge sufficient to form a belief as to whether each of the individuals at the referenced

22  meeting were "experts" and therefore denies that allegation.  Monsanto admits the remaining

23  allegations in paragraph 103.  Monsanto also states that the allegations in paragraph 105 are out

24  of date and that the European Union has approved glyphosate for another five years.

25     104.      In response to the allegations in paragraph 104, Monsanto states that the cited

26  document speaks for itself and does not require a response.  To the extent that paragraph 104

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04123-VC

characterizes the meaning of the cited document, Monsanto denies the remaining allegations in paragraph 104.

105.    In response to the allegations in paragraph 105, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 105 characterizes the meaning of the cited document, Monsanto denies the remaining allegations in paragraph 105.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

106.    Monsanto admits the allegations in paragraph 106.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

107.    Monsanto admits the allegations in paragraph 107.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

108.    Monsanto admits the allegations in paragraph 108.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

109.    In response to the allegations in paragraph 109, Monsanto admits that the European Union voted to extend the glyphosate license for five more years.  The remaining allegations in paragraph 109 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

110.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore denies those allegations.

111.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore denies those allegations.

112.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 112.

113.     In response to the allegations paragraph 113, Monsanto denies that any exposure to Roundup®-branded products can cause non-Hodgkin's lymphoma ("NHL") and other serious illnesses and therefore denies those allegations in paragraph 113.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 113 and therefore denies those allegations.

114.     Monsanto denies the allegations in paragraph 114.

115.     In response to the allegations in paragraph 115, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

116.     In response to the allegations in paragraph 116, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  The remaining allegations in paragraph 116 set forth conclusions of law for which no response is required.

117.     In response to the allegations in paragraph 117, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 117 and therefore denies those allegations.

118.     The allegations in paragraph 118 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 118.  Monsanto states that the scientific studies upon which IARC

1   purported to base its cancer classification for glyphosate were all publicly available before

2   March 2015.

3       119.   Monsanto denies the allegations in paragraph 119.

4       120.   Monsanto denies the allegations in paragraph 120.

5       121.   The allegations in paragraph 121 set forth conclusions of law for which no

6   response is required.

7       122.   Monsanto denies the allegations in paragraph 122.

8       123.   The allegations in paragraph 123 set forth conclusions of law for which no

9   response is required.  To the extent that a response is required, Monsanto denies the allegations

10  in paragraph 123.  Monsanto states that the scientific studies upon which IARC purported to base

11  its cancer classification for glyphosate were all publicly available before March 2015.

12      124.   Monsanto incorporates by reference its responses to paragraphs 1 through 123 in

13  response to paragraph 124 of plaintiff's Complaint.

14      125.   In response to the allegations in the first sentence of paragraph 125, Monsanto

15  admits that plaintiff purports to bring claims for strict liability design defect but denies any

16  liability as to that claim.

17      126.   Monsanto denies the allegations in paragraph 126.

18      127.   In response to the allegations in paragraph 127, Monsanto lacks information or

19  knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

20  exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies

21  the remaining allegations in paragraph 127.

22      128.   Monsanto denies the allegations in paragraph 128.

23      129.   Monsanto lacks information or knowledge sufficient to form a belief as to the

24  truth of the allegations in paragraph 129 and therefore denies those allegations.

25      130.   Monsanto denies the allegations in paragraph 130.

26      131.   Monsanto denies the allegations in paragraph 131.

27      132.   Monsanto denies the allegations in paragraph 132 and each of its subparts.

28

1    133.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2  truth of the allegations in paragraph 133 and therefore denies those allegations.  Monsanto denies

3  the remaining allegations in paragraph 133, including that Roundup®-branded products have

4  "dangerous characteristics."

5    134.    Monsanto denies the allegations in paragraph 134.

6    135.    Monsanto denies the allegations in paragraph 135.

7    136.    Monsanto denies the allegations in paragraph 136.

8    137.    Monsanto denies the allegations in paragraph 137.

9    138.    Monsanto denies the allegations in paragraph 138.

10    139.    Monsanto denies the allegations in paragraph 139.

11    140.    Monsanto denies the allegations in paragraph 140.

12    141.    Monsanto incorporates by reference its responses to paragraphs 1 through 140 in

13  response to paragraph 141 of plaintiff's Complaint.

14    142.    In response to the allegations in paragraph 142, Monsanto admits that plaintiff

15  purports to bring claims for strict liability failure to warn, but denies any liability as to that claim.

16    143.    Monsanto denies the allegations in paragraph 143.

17    144.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 144 that plaintiff or other persons or entities purchased

19  Roundup®-branded products and therefore denies those allegations.  The allegations in paragraph

20  144 also set forth conclusions of law for which no response is required.  Monsanto denies the

21  remaining allegations in paragraph 144.

22    145.    The allegations in paragraph 145 set forth conclusions of law for which no

23  response is required.

24    146.    Monsanto denies the allegations in paragraph 146.  All labeling of Roundup®-

25  branded products has been and remains EPA-approved and in compliance with all federal

26  requirements under FIFRA.

27    147.    Monsanto denies the allegations in paragraph 147.

28

1     148.    Monsanto denies the allegations in paragraph 148.

2     149.    Monsanto denies the allegations in paragraph 149.

3     150.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4   truth of the allegations in paragraph 150 and therefore denies those allegations.

5     151.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6   truth of the allegations in paragraph 151 concerning plaintiff's claimed use of and exposure to

7   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

8   remaining allegations in paragraph 151, including that Roundup®-branded products have

9   "dangerous characteristics."

10    152.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11  truth of the allegations in the second sentence of paragraph 152 and therefore denies those

12  allegations.  Monsanto denies the remaining allegations in paragraph 152.

13    153.    The allegations in paragraph 153 set forth conclusions of law for which no

14  response is required.

15    154.    Monsanto denies the allegations in paragraph 154.

16    155.    Monsanto denies the allegations in paragraph 155.

17    156.    Monsanto denies the allegations in paragraph 156.

18    157.    Monsanto denies the allegations in paragraph 157.

19    158.    Monsanto denies the allegations in paragraph 158.

20    159.    Monsanto denies the allegations in paragraph 159.

21    160.    Monsanto denies the allegations in paragraph 160.

22    161.    Monsanto denies the allegations in paragraph 161.

23    162.    Monsanto incorporates by reference its responses to paragraphs 1 through 161 in

24  response to paragraph 162 of plaintiff's Complaint.

25    163.    In response to the allegations in paragraph 163, Monsanto states that the phrase

26  "directly or indirectly" is vague and ambiguous and that Monsanto lacks information or

27

28

1  knowledge sufficient to form a belief as to the truth of those allegations and therefore Monsanto

2  denies those allegations in paragraph 163.

3       164.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4  truth of the allegations in paragraph 164 regarding the specific products allegedly purchased or

5  used by plaintiff and therefore denies the allegations in paragraph 164.

6       165.    The allegations in paragraph 165 set forth conclusions of law for which no

7  response is required.

8       166.    The allegations in paragraph 166 set forth conclusions of law for which no

9  response is required.

10      167.    Monsanto denies the allegations in paragraph 167.

11      168.    Monsanto denies the allegations in paragraph 168.

12      169.    Monsanto denies the allegations in paragraph 169.

13      170.    Monsanto denies the allegations in paragraph 170.

14      171.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15 truth of the allegations in paragraph 171 regarding users' and consumers' knowledge and

16 therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 171.

17 All labeling of Roundup®-branded products has been and remains EPA-approved and in

18 compliance with all federal requirements under FIFRA.

19      172.    Monsanto denies the allegations in paragraph 172.

20      173.    Monsanto denies the allegations in paragraph 173.

21      174.    Monsanto denies the allegations in paragraph 174.

22      175.    Monsanto denies the allegations in paragraph 175, including each of its subparts.

23      176.    Monsanto denies the allegations in paragraph 176.

24      177.    Monsanto denies the allegations in paragraph 177.

25      178.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26 truth of the allegations in paragraph 178 regarding plaintiff's knowledge and therefore denies

27

28

those allegations.  Monsanto denies the remaining allegations in paragraph 178, including that

intended use of and/or exposure to Roundup®-branded products causes any injuries.

179.    Monsanto denies the allegations in paragraph 179.

180.    Monsanto denies the allegations in paragraph 180.

181.    Monsanto denies the allegations in paragraph 181.  All labeling of Roundup®-

branded products has been and remains EPA-approved and in compliance with all federal

requirements under FIFRA.

182.    Monsanto incorporates by reference its responses to paragraphs 1 through 183 in

response to paragraph 182 of plaintiff's Complaint.

183.    Monsanto denies the allegations in paragraph 183.

184.    In response to the allegations in paragraph 184, Monsanto admits that it has sold

glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further

states that paragraph 184 sets forth conclusions of law for which no response is required.

Monsanto denies the remaining allegations in paragraph 184.

185.    Monsanto denies the allegations in the first and second sentences of paragraph

185.  All labeling of Roundup®-branded products has been and remains EPA-approved and in

compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

of paragraph 185 sets forth conclusions of law for which no response is required.

186.    The allegations in paragraph 186 set forth conclusions of law for which no

response is required.

187.    Monsanto denies the allegations in paragraph 187.

188.    Monsanto denies the allegations in paragraph 188 and each of its subparts.

189.    Monsanto denies the allegations in paragraph 189.

190.    Monsanto lacks information or knowledge sufficient to form a belief as to the

truth of the allegations in paragraph 190 regarding plaintiff's knowledge and therefore denies

those allegations.  Monsanto denies the remaining allegations in paragraph 190.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04123-VC

191.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191 and therefore denies those allegations.

192.     Monsanto denies the allegations in paragraph 192.

193.     Monsanto denies the allegations in paragraph 193.

194.     Monsanto incorporates by reference its responses to paragraphs 1 through 193 in response to paragraph 194 of plaintiff's Complaint.

195.     Monsanto denies the allegations in paragraph 195.

196.     Monsanto denies the allegations in paragraph 196.

197.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 197 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 197 set forth conclusions of law for which no response is required.

198.     Monsanto denies the allegations in paragraph 198.

199.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 199 regarding plaintiff's reliance and therefore denies those allegations.  The remaining allegations in paragraph 199 set forth conclusions of law for which no response is required.

200.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 200 and therefore denies those allegations.

201.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 201 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 201 set forth conclusions of law for which no response is required.

202.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 202 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph

202 regarding Monsanto's implied warranties sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 202.

203.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 203 concerning plaintiff's reliance or plaintiff's claimed use of any Roundup®-branded product and therefore denies those allegations.  The remaining allegations in paragraph 203 set forth conclusions of law for which no response is required.

204.    Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 204 concerning plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 204.

205.    Monsanto denies the allegations in paragraph 205.

206.    Monsanto denies the allegations in paragraph 206.

207.    Monsanto denies the allegations in paragraph 207.

208.    Monsanto incorporates by reference its responses to paragraphs 1 through 207 in response to paragraph 208 of plaintiff's Complaint.

209.     Monsanto lacks information or knowledge sufficient to form a belief regarding plaintiff's claimed selection or use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 209 set forth conclusions of law for which no response is required.

210.    The allegations in the first sentence of paragraph 210 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 210, including that Roundup®-branded products are "dangerous products."

211.    Monsanto denies the allegations in paragraph 211.

212.    Monsanto denies the allegations in paragraph 212.

213.    Monsanto denies the allegations in paragraph 213.

214.    Monsanto denies the allegations in paragraph 214.

215.   Monsanto denies the allegations in paragraph 215.

216.   Monsanto denies the allegations in paragraph 215.

217.   Monsanto denies the allegations in paragraph 217.

218.   Monsanto denies the allegations in paragraph 218.

219.   Monsanto incorporates by reference its responses to paragraphs 1 through 218 in response to paragraph 219 of plaintiff's Complaint.

220.   The allegations in paragraph 220 set forth conclusions of law for which no response is required.

221.   Monsanto denies the allegations in paragraph 221.

222.   Monsanto denies the allegations in paragraph 222.

223.   Monsanto denies the allegations in paragraph 223.

224.   Monsanto denies the allegations in the first sentence of paragraph 224.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 224 regarding the specific products allegedly purchased or used by plaintiff and therefore denies those allegations.  The remaining allegations in the second sentence of paragraph 224 set forth conclusions of law for which no response is required.

225.   Monsanto denies the allegations in paragraph 225.

226.   Monsanto denies the allegations in paragraph 226.

227.   Monsanto denies the allegations in paragraph 227.

228.   Monsanto denies the allegations in paragraph 228.

229.   Monsanto denies the allegation in paragraph 229.

230.   Monsanto denies the allegations in paragraph 230.

231.   Monsanto denies the allegations in paragraph 231.

232.   Monsanto incorporates by reference its responses to paragraphs 1 through 231 in response to paragraph 232 of plaintiff's Complaint.

233.   Monsanto denies the allegations in paragraph 233.

234.   Monsanto denies the allegations in paragraph 234.

1    235.    Monsanto denies the allegations in paragraph 235.

2    236.    Monsanto denies the allegations in paragraph 236.

3    237.    Monsanto denies the allegations in paragraph 237.

4    238.    Monsanto denies the allegations in paragraph 238.

5    239.    Monsanto denies the allegations in paragraph 239.

6    240.    Monsanto incorporates by reference its responses to paragraphs 1 through 239 in

7  response to paragraph 240 of plaintiff's Complaint.

8    241.    Monsanto denies the allegations in paragraph 241.

9    242.    Monsanto denies the allegations in paragraph 242.

10    243.    Monsanto denies the allegations in paragraph 243.

11    244.    Monsanto denies the allegations in paragraph 244.

12    245.    Monsanto denies the allegations in paragraph 245.

13    246.    Monsanto denies the allegations in paragraph 246.

14    247.    247.    Monsanto denies the allegations in paragraph 247.

15    In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

16  denies that plaintiff is entitled to the relief sought therein, including any judgment for any

17  damages, interest, costs, or any other relief whatsoever.

18    Every allegation in the Complaint that is not specifically and expressly admitted in this

19  Answer is hereby specifically and expressly denied.

20                          **SEPARATE AND AFFIRMATIVE DEFENSES**

21    1.    The Complaint, in whole or part, fails to state a claim or cause of action upon

22  which relief can be granted.

23    2.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

24  reliable evidence that the products at issue were defective or unreasonably dangerous.

25    3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

26  was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

27  plaintiff's alleged injuries.

28

4.    Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.    Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.    Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

7.    Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

8.    Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

9.    Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

10.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

11.    Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

12.    Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

13.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

14.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

15.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

16.     Plaintiff's claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.     Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Minnesota Constitution, and/or other applicable state constitutions.

18.     Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Minnesota law and/or other applicable state laws.

19.     Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law.

20.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

21.     Plaintiff's recovery may be barred or limited by Minn. Stat. § 604.01.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

1    23.    Plaintiff's claims are barred in whole or in part by plaintiff's own failure to

2  mitigate damages.

3    24.    Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

4    25.    Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff has

5  received and/or will receive from collateral sources.

6    26.    Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws

7  of states that do not govern plaintiff's claims.

8    27.    Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims

9  that are governed by the laws of a state that does not recognize, or limits, such claims.

10    28.    Plaintiff has failed to allege fraud with sufficient particularity.

11    29.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

12  may become available or apparent during the course of discovery and thus reserves its right to

13  amend this Answer to assert such defenses.

14    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

15  plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

16  other relief as the Court deems equitable and just.

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04123-VC

1

## JURY TRIAL DEMAND

2

      Monsanto demands a jury trial on all issues so triable.

3

4 DATED:  August 26, 2019               Respectfully submitted,

5

6                                /s/ Joe G. Hollingsworth
                               Joe G. Hollingsworth (*pro hac vice*)

7                                (jhollingsworth@hollingsworthllp.com)
                               Eric G. Lasker (*pro hac vice*)

8                                (elasker@hollingsworthllp.com)
                               HOLLINGSWORTH LLP

9                                1350 I Street, N.W.
                               Washington, DC  20005

10                                Telephone:  (202) 898-5800
                               Facsimile:   (202) 682-1639

11                                *Attorneys for Defendant*

12                                *MONSANTO COMPANY*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04123-VC