**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Robert T. King et al. v. Monsanto Co.*, Case No. 3:19-cv-04531-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Robert King's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.     Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.     Monsanto denies the allegations in paragraph 2.

3.     Monsanto denies the allegations in paragraph 3.

4. The allegations in paragraph 4 set forth conclusions of law for which no response is required. To the extent a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's Complaint.

5. Monsanto admits the allegations in paragraph 5.

6. The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7. The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required. In response to the second sentence of paragraph 7, Monsanto admits that it sells Roundup®-branded products in California. In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

8. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9. Monsanto denies the allegations in paragraph 9.

10. The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

11. Monsanto admits the allegations in paragraph 11.

12. The allegations in paragraph 12 are not directed at Monsanto and therefore no answer is required. To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 12.

13. The allegations in paragraph 13 comprise attorney characterizations and are accordingly denied. Monsanto states that it is only answering on behalf of Monsanto and not on behalf of un-named co-defendants.

14. In response to the allegations in paragraph 14, Monsanto admits that it sells Roundup®-branded products in California.

15.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16.     The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     The allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     Monsanto admits the allegations in paragraph 18.

19.     Monsanto admits that it is authorized to do business in California.  The remaining allegations in paragraph 19 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20.     The allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto denies the allegations in paragraph 21.

22.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 22 set forth conclusions of law for which no response is required.

23.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 23 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

24.     Monsanto admits the allegations in paragraph 24.

25.     Monsanto admits the allegations in paragraph 25.

26.     In response to the allegations in paragraph 26, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 26 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies those allegations.

27.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 27 comprise attorney characterizations and are accordingly denied.

28.     Monsanto admits the allegations in paragraph 28.

29.     Monsanto generally admits the allegations in paragraph 29, but denies the allegations in paragraph 29 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

30.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies those allegations..

31.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 31 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 31.

32.     In response to the allegations in the first and second sentences of paragraph 32, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides. Monsanto admits the allegations in the third sentence of paragraph 32.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies those allegations.

33.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 33.

34.     The allegations in the first-numbered paragraph 34 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in the first-numbered paragraph 34.

34.     In response to the allegations in the second-numbered paragraph 34, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in the second-numbered paragraph 34 set forth conclusions of law for which no response is required.

35.     The allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of California for sale and distribution.

37.     In response to the allegations in paragraph 37, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 37 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 37 set forth conclusions of law for which no answer is required.

38.     Monsanto denies the allegations in paragraph 38 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 regarding such pesticide products generally and therefore

denies those allegations.  The remaining allegations in paragraph 38 set forth conclusions of law for which no response is required.

39.     In response to the allegations in paragraph 39 Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017) https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives:  Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore denies those allegations.

40.    In response to the allegations in paragraph 40, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 40 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

41.    In response to the allegations in paragraph 41, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

42.    Monsanto denies the allegations in paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 43 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 43.

44.     Monsanto denies the allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 45 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies those allegations.

46.     Monsanto admits the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 47 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and therefore denies those allegations.

48.     Monsanto states that the term "toxic" as used in paragraph 48 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 48.

49.     Monsanto admits the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 51 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 51.

52.    In response to the allegations in paragraph 52, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 52.

53.    In response to the allegations in paragraph 53, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 53 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 53.

54.    Monsanto denies the allegations in paragraph 54.

55.    In response to the allegations in paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.    In response to the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 56.

57.    Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 57.

58.    Monsanto denies the allegations in paragraph 58.

59.    Monsanto denies the allegations in paragraph 59.

60.    Monsanto denies the allegations in paragraph 60.

61.    Monsanto denies the allegations in paragraph 61.

62.    Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 62.

63.    Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

1  lacks information or knowledge sufficient to form a belief as to the truth of the remaining

2  allegations in paragraph 63 and therefore denies those allegations.

3      64.   Monsanto lacks information or knowledge sufficient to form a belief as to the

4  truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies

5  that glyphosate met the criteria necessary to be eligible for review.

6      65.   Monsanto lacks information or knowledge sufficient to form a belief as to the

7  truth of the allegations in paragraph 65 and therefore denies those allegations.  Monsanto denies

8  that glyphosate met the criteria necessary to be eligible for review.

9      66.   Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

10  carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

11  evidence was "cumulative."  The remaining allegations in paragraph 66 are vague and

12  conclusory and comprise attorney characterizations and are accordingly denied.

13     67.   Monsanto admits that the full IARC Monograph regarding glyphosate was

14  published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

15  2A carcinogen.  In response to the remaining allegations in paragraph 67, Monsanto states that

16  the document speaks for itself and does not require a response.  To the extent that a response is

17  deemed required, the remaining allegations in paragraph 67 comprise attorney characterizations

18  and are accordingly denied.

19     68.   In response to the allegations in paragraph 68, Monsanto states that the document

20  speaks for itself and does not require a response.  To the extent that a response is deemed

21  required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly

22  denied.

23     69.   In response to the allegations in paragraph 69, Monsanto states that the document

24  speaks for itself and does not require a response.  To the extent that a response is deemed

25  required, the allegations in paragraph 69 comprise attorney characterizations and are accordingly

26  denied.

27     70.   Monsanto denies the allegations in paragraph 70.

28

71.     The allegations in paragraph 71 comprise attorney characterizations and are accordingly denied.

72.     Monsanto admits the allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 73 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 73.

74.     In response to the allegations in paragraph 74, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 74.

75.     The allegations in paragraph 75 are vague and ambiguous and are accordingly denied.

76.     In response to the allegations in paragraph 76, Monsanto states that the cited document speaks for itself and does not require a response.

77.     In response to the allegations in paragraph 77, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 77 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     In response to the allegations in paragraph 79, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 79.

80.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04531-VC

1    Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

2    paragraph 80.

3         81.    Monsanto denies the allegations in paragraph 81.

4         82.    Monsanto denies the allegations in paragraph 82.

5         83.    Monsanto denies the allegations in paragraph 83.

6         84.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

7    exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 84.

8         85.    Monsanto denies the allegations in paragraph 85.

9         86.    Monsanto denies the allegations in paragraph 86.

10        87.    Monsanto admits the allegations in paragraph 87.

11        88.    Monsanto denies the allegations in paragraph 88.

12        89.    Monsanto admits the allegations in paragraph 89.

13        90.    Monsanto denies the allegations in paragraph 90.

14        91.    Monsanto denies the allegations in paragraph 91.

15        92.    Monsanto denies the allegations in paragraph 92.

16        93.    Monsanto denies the allegations in paragraph 93.

17        94.    Monsanto denies the allegations in paragraph 94.

18        95.    Monsanto denies the allegations in paragraph 95.

19        96.    Monsanto denies the allegations in paragraph 96.

20        97.    Monsanto admits that independent experts and regulatory agencies agree that

21    there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

22    products and admits that it has made statements reflecting this fact.  Monsanto denies the

23    remaining allegations in paragraph 97.

24        98.    In response to the allegations in paragraph 98, Monsanto admits that Roundup®-

25    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

26    the products' EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

27    98.

28

99.     In response to the allegations in paragraph 99, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

100.     In response to the allegations in paragraph 100, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 100.

101.     Monsanto denies the allegations in paragraph 101.

102.     Monsanto denies the allegations in paragraph 102.

103.     Monsanto denies the allegations in paragraph 103.

104.     Monsanto denies the allegations in paragraph 104.

105.     Monsanto denies the allegations in paragraph 105.

106.     Monsanto denies the allegations in paragraph 106.

107.     Monsanto denies the allegations in paragraph 107.

108.     Monsanto denies the allegations in paragraph 108.

109.     Monsanto denies the allegations in paragraph 109.

110.     Monsanto denies the allegations in paragraph 110.

111.     Monsanto denies the allegations in paragraph 111.

112.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 112 and therefore denies those allegations.

113.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 113 and therefore denies those allegations.

114.      Monsanto denies the allegations in paragraph 114.

115.     Monsanto lacks information of knowledge sufficient to form a belief as to the truth of the allegations in paragraph 115 and therefore denies those allegations.

116.     Monsanto incorporates by reference its responses to paragraphs 1 through 115 in

1    response to paragraph 116 of plaintiff's Complaint.

2        117.    In response to the allegations in paragraph 117, Monsanto admits that plaintiff

3    purports to bring a claim for strict liability design defect but denies any liability as to that claim.

4        118.    Monsanto denies the allegations in the first and second sentences of paragraph

5    118.  In response to the last sentence of paragraph 118, Monsanto lacks information or

6    knowledge sufficient to form a belief as to the truth of the allegations that decedent used or was

7    exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies

8    the remaining allegations in paragraph 118.

9        119.    Monsanto denies the allegations in paragraph 119.

10        120.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11    truth of the allegations in paragraph 120 and therefore denies those allegations.

12        121.    Monsanto denies the allegations in paragraph 121.

13        122.    Monsanto denies the allegations in paragraph 122.

14        123.    Monsanto denies the allegations in paragraph 123.

15        124.    Monsanto denies the allegations in paragraph 124.

16        125.    Monsanto denies the allegations in paragraph 125.

17        126.    Monsanto denies the allegations in paragraph 126.

18        127.    Monsanto denies the allegations in paragraph 127.

19        128.    Monsanto denies the allegations in paragraph 128.

20        129.    Monsanto denies the allegations in paragraph 129.

21        130.    Monsanto denies the allegations in paragraph 130.

22        131.    Monsanto denies the allegations in paragraph 131.

23        132.    Monsanto denies the allegations in paragraph 132.

24        133.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25    truth of the allegations in paragraph 133 concerning decedent's claimed exposure to Roundup®-

26    branded products and therefore denies those allegations.  Monsanto denies the remaining

27    allegations in paragraph 133, including that Roundup® branded products have "dangerous

28    characteristics."

134.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 134 concerning decedent's claimed exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 134, including that Roundup®-branded products have "dangerous characteristics."

135.    Monsanto denies the allegations in paragraph 135.

136.    Monsanto denies the allegations in paragraph 136.

137.    Monsanto denies the allegations in paragraph 137.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto denies the allegations in paragraph 139.

140.    Monsanto denies the allegations in paragraph 140.

141.    Monsanto denies the allegations in paragraph 141.

142.    Monsanto denies the allegations in paragraph 142.

143.    Monsanto denies the allegations in paragraph 143.

144.    Monsanto denies the allegations in paragraph 144.

145.    In response to the allegations in paragraph 145, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

146.    Monsanto incorporates by reference its responses to paragraphs 1 through 145 in response to paragraph 146 of plaintiff's Complaint.

147.    In response to the allegations in paragraph 147, Monsanto admits that plaintiff purports to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

148.    Monsanto denies the allegations in paragraph 148.

149.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 149 that decedent purchased Roundup®-branded products and therefore denies those allegations.  The allegations in paragraph 149 also set forth

conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 149.

150.    The allegations in paragraph 150 set forth conclusions of law for which no response is required.

151.    Monsanto denies the allegations in paragraph 151.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies the allegations in paragraph 154.

155.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 155 and therefore denies those allegations.

156.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 156 concerning decedent's alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 156, including that Roundup®-branded products have "dangerous characteristics."

157.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 157 concerning decedent's alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 157, including that Roundup®-branded products have "dangerous characteristics."

158.    In response to the allegations in paragraph 158, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses and denies that there are any defects in those products.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 158 and therefore denies those allegations.  Monsanto states, however, that the

1    scientific studies upon which IARC purported to base its evaluation of glyphosate were all

2    publicly available before March 2015.

3           159.    Monsanto denies the allegations in paragraph 159.

4           160.    Monsanto denies the allegations in paragraph 160.

5           161.    In response to the allegations in paragraph 161, Monsanto denies that there is any

6    risk of NHL or any other serious illnesses associated with the intended use of and/or exposure to

7    Roundup®-branded products and glyphosate.  The allegations in the second sentence of

8    paragraph 161 set forth conclusions of law for which no response is required.  Monsanto denies

9    the remaining allegations in paragraph 161.  All labeling of Roundup®-branded products has

10   been and remains EPA-approved and in compliance with all applicable laws and regulations.

11          162.    Monsanto denies the allegations in paragraph 162.

12          163.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations in paragraph 163 concerning decedent's alleged use of Roundup®-

14   branded products and therefore denies those allegations.  Monsanto denies the remaining

15   allegations in paragraph 163.

16          164.    Monsanto denies the allegations in paragraph 164.

17          165.    Monsanto denies the allegations in paragraph 165.  All labeling of Roundup®-

18   branded products has been and remains EPA-approved and in compliance with all federal

19   requirements under FIFRA.

20          166.    Monsanto denies the allegations in paragraph 166.

21          167.    Monsanto denies the allegations in paragraph 167.

22          168.    In response to the allegations in paragraph 168, Monsanto demands that judgment

23   be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

24   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

25   by law and such further and additional relief as this Court may deem just and proper.

26          169.    Monsanto incorporates by reference its responses to paragraphs 1 through 168 in

27   response to paragraph 169 of plaintiff's Complaint.

28

170.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 170 regarding the specific products allegedly used by plaintiff and/or decedent or any advertising or marketing allegedly seen or considered by plaintiff and/or decedent and therefore denies the allegations in paragraph 170.

171.     The allegations in paragraph 171 set forth conclusions of law for which no response is required.

172.     The allegations in paragraph 172 set forth conclusions of law for which no response is required.

173.     Monsanto denies the allegations in paragraph 173.

174.     Monsanto denies the allegations in paragraph 174.

175.     Monsanto denies the allegations in paragraph 175.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

176.     Monsanto denies the allegations in paragraph 176.

177.     Monsanto denies the allegations in the first sentence of paragraph 177.  In response to the allegations in the second sentence of paragraph 177, Monsanto denies that Monsanto's promotional activities were not honest.  The remaining allegations in paragraph 177 set forth conclusions of law for which no response is required.

178.     Monsanto denies the allegations in paragraph 178.

179.     Monsanto denies the allegations in paragraph 179, including each of its subparts.

180.     Monsanto denies the allegations in paragraph 180.

181.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 181 regarding decedent's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 181, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

182.     Monsanto denies the allegations in paragraph 182.

183.     Monsanto denies the allegations in paragraph 183.

184.     Monsanto denies the allegations in paragraph 184.

1      185.    Monsanto denies the allegations in paragraph 185.

2      186.    In response to the allegations in  paragraph 186, Monsanto demands that

3   judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed,

4   with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as

5   allowed by law and such further and additional relief as this Court may deem just and proper.

6      187.    Monsanto incorporates by reference its responses to paragraphs 1 through 186 in

7   response to paragraph 187 of plaintiff's Complaint.

8      188.    Monsanto denies the allegations in paragraph 188.  Additionally, the last sentence

9   in paragraph 188 sets forth a conclusion of law for which no response is required.

10      189.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 189 regarding decedent's claimed exposure to Roundup®-

12   branded products and therefore denies those allegations. The remaining allegations in paragraph

13   189 set forth conclusions of law for which no response is required.

14      190.    Monsanto denies the allegations in paragraph 190.  All labeling of Roundup®-

15   branded products has been and remains EPA-approved and in compliance with all federal

16   requirements under FIFRA.

17      191.    The allegations in paragraph 191 set forth conclusions of law for which no

18   response is required.

19      192.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 192 and therefore denies those allegations.

21      193.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 193 regarding the claimed use of Roundup®-branded

23   products by decedent and others and therefore denies those allegations.  The remaining

24   allegations in paragraph 193 set forth conclusions of law for which no response is required.

25      194.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26   truth of the allegations in paragraph 194 regarding decedent's claimed use of or exposure to

27   Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph

28

1   194 regarding Monsanto's implied warranty sets forth conclusions of law for which no response

2   is required.  Monsanto denies the remaining allegations in paragraph 194.

3        195.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4   truth of the allegations in paragraph 195 regarding decedent's claimed use of or exposure to

5   Roundup®-branded products or decedent's claimed reliance and therefore denies those

6   allegations.  The allegation in paragraph 195 regarding Monsanto's implied warranty sets forth

7   conclusions of law for which no response is required.

8        196.    Monsanto denies that there is any risk of serious injury associated with or linked

9   to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

10   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

11   allegations in paragraph 196 regarding decedent's knowledge about Roundup®-branded products

12   and therefore denies the remaining allegations in paragraph 196.

13        197.    Monsanto denies the allegations in paragraph 197.

14        198.    Monsanto denies the allegations in paragraph 198.

15        199.    Monsanto denies the allegations in paragraph 199.

16        200.    In response to the allegations in paragraph 200, Monsanto demands that judgment

17   be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

18   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

19   by law and such further and additional relief as this Court may deem just and proper.

20        201.    Monsanto incorporates by reference its responses to paragraphs 1 through

21   paragraph 200 in response to paragraph 201 of plaintiff's Complaint.

22        202.    In response to the allegations in paragraph 202, Monsanto admits that plaintiff

23   purports to bring a wrongful death action but denies any liability as to that claim.

24        203.    Monsanto denies the allegations in paragraph 203.

25        204.    Monsanto denies the allegations in the Complaint's second-numbered paragraph

26   204.

27        205.    In response to paragraph 205, Monsanto demands that judgment be entered in its

28   favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

1    Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

2    further and additional relief as this Court may deem just and proper.

3        206.    Monsanto incorporates its responses to paragraphs 1 through 205 in response to

4    paragraph 206 of plaintiff's Complaint.

5        207.    Monsanto denies the allegations in paragraph 207.

6        208.    Monsanto admits that plaintiff purports to bring a survival action but denies any

7    liability to said plaintiff.  Monsanto denies the remaining allegations in paragraph 208.

8        209.    Monsanto denies the allegations in paragraph 209.

9        210.    Monsanto admits that plaintiff purports to bring a survival action but denies any

10   liability as to that claim.  Monsanto denies the remaining allegations in paragraph 210.

11       211.     In response to paragraph 211, Monsanto demands that judgment be entered in its

12   favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

13   Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

14   further and additional relief as this Court may deem just and proper.

15       In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

16   denies that plaintiff is entitled to the relief sought therein, including any judgment for any

17   damages, interest, costs, or any other relief whatsoever.

18       Every allegation in the Complaint that is not specifically and expressly admitted in this

19   Answer is hereby specifically and expressly denied.

20                          **SEPARATE AND AFFIRMATIVE DEFENSES**

21       1.    The Complaint, in whole or part, fails to state a claim or cause of action against

22   Monsanto upon which relief can be granted.

23       2.    Venue may be improper and/or inconvenient.

24       3.    Plaintiff's claims against Monsanto are barred because plaintiff cannot proffer any

25   scientifically reliable evidence that the products at issue were defective or unreasonably

26   dangerous.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04531-VC

1    4.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

2    was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

3    plaintiff's alleged injuries.

4    5.    Plaintiff's claims against Monsanto are barred, in whole or in part, because the

5    products at issue were designed, manufactured, marketed and labeled with proper warnings,

6    information, cautions and instructions, in accordance with the state of the art and the state of

7    scientific and technological knowledge.

8    6.    Plaintiff's claims against Monsanto are barred, in whole or in part, because the

9    products at issue were not defective or unreasonably dangerous in that they complied with, at all

10   relevant times, all applicable government safety standards.

11   7.    Any claims based on allegations that Monsanto misled, defrauded, made

12   misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

13   *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

14   *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

15   8.    Plaintiff's claims against Monsanto are preempted, in whole or in part, by

16   applicable federal law relating to the design, testing, producing, manufacturing, labeling,

17   distributing, modeling, processing, and supply of Roundup®-branded products and/or

18   glyphosate-containing products.

19   9.    Plaintiff's claims against Monsanto are preempted, in whole or in part, because of

20   U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-

21   approved product labeling.

22   10.    Plaintiff's claims against Monsanto are barred, in whole or in part, by the doctrine

23   of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

24   11.    Plaintiff's claims against Monsanto are barred, in whole or in part, because

25   plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or

26   events that were extraordinary under the circumstances, not foreseeable in the normal course of

27   events, and/or independent, intervening and superseding causes of the alleged injuries, including

28   but not limited to plaintiff's pre-existing medical conditions.

12.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

13.     Applicable statutes of limitations and/or repose bar plaintiff's claims against Monsanto in whole or in part.

14.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Monsanto in whole or in part.

15.     If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

16.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

17.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

18.     Plaintiff's claims against Monsanto are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiff's claims against Monsanto for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the California Constitution, and/or other applicable state constitutions.

20.     Plaintiff's claims against Monsanto for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under California law and/or other applicable state laws.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04531-VC

1     21.    Plaintiff's claims against Monsanto for punitive and/or exemplary damages are

2 barred and/or limited by operation of state and/or federal law.

3     22.    Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's

4 own contributory/comparative negligence.

5     23.    Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's

6 own failure to mitigate damages.

7     24.    Plaintiff's claims against Monsanto are barred in whole or in part by the

8 sophisticated user doctrine.

9     25.    Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff

10 received from collateral sources.

11     26.    If plaintiff has been injured or damaged, no injury or damages being admitted,

12 such injuries were not caused by a Monsanto product.

13     27.    Plaintiff's claims against Monsanto are barred or limited to the extent that

14 plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits,

15 such claims.

16     28.    Plaintiff's claims against Monsanto are barred to the extent that plaintiff seeks

17 relief under the laws of states that do not govern plaintiff's claims.

18     29.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

19 may become available or apparent during the course of discovery and thus reserves its right to

20 amend this Answer to assert such defenses.

21     **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

22 plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

23 other relief as the Court deems equitable and just.

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04531-VC

1

## JURY TRIAL DEMAND

2

Monsanto demands a jury trial on all issues so triable.

3

4

DATED:  August 29, 2019                              Respectfully submitted,

5

/s/ Joe G. Hollingsworth
6                                                                    Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
7                                                                    Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
8                                                                    HOLLINGSWORTH LLP
1350 I Street, N.W.
9                                                                    Washington, DC  20005
Telephone:  (202) 898-5800
10                                                                   Facsimile:   (202) 682-1639

11                                                                   *Attorneys for Defendant*
*MONSANTO COMPANY*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04531-VC