**13HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *David Holmen, et al. v. Monsanto Co.*, Case No. 3:19-cv-05040-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1.      Monsanto admits the allegations in the first and second sentences of paragraph 1. Monsanto also admits that glyphosate was one of the world's most widely used herbicides in 2013, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 1 and therefore denies those allegations.

2.      In response to the allegations in paragraph 2, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. Monsanto admits that it and affiliated companies have operations and offices in countries around the world.  Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 2.  Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 2 and therefore denies those allegations.

3.      In response to the allegations in paragraph 3, Monsanto admits that its glyphosate products are registered in at least 130 countries and approved for use on over 100 different crops. Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media.  Monsanto denies the remaining allegations in paragraph 3.

4.      Monsanto admits the allegations in the first sentence of paragraph 4.  Monsanto denies the allegations in the second sentence of paragraph 4 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

5.      Monsanto admits the allegations in the first sentence of paragraph 5.  Monsanto denies the allegations in the second sentence of paragraph 5.

6.      In response to the allegations in paragraph 6, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 6.

7.      Monsanto denies the allegations in paragraph 7.

8.      In response to the allegations in paragraph 8, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-05040-VC

States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that paragraph 8 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

9.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies those allegations.

10.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies those allegations.

11.      Monsanto admits the allegations in paragraph 11.

12.      Monsanto admits the allegations in paragraph 12.

13.      In response to the allegations in paragraph 13, Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

14.      The allegations in paragraph 14 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto admits the allegations in paragraph 14 based upon the allegations in plaintiffs' Complaint.

15.      The allegations in paragraph 15 set forth conclusions of law for which no response is required.

16.      The allegations in paragraph 16 set forth conclusions of law for which no response is required.

17.      In response to the allegations in paragraph 17, Monsanto denies any "omissions" and certain events giving rise to plaintiffs' claims.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 regarding where

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-05040-VC

certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations. The remaining allegations in paragraph 17 set forth conclusions of law for which no response is required.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies those allegations.

19.     In response to the allegations in paragraph 19, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 19 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies those allegations.

20.     Monsanto admits the allegations in paragraph 20.

21.     Monsanto denies the allegations in the first sentence of paragraph 21 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. Monsanto denies the allegations in the second sentence of paragraph 21 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

22.     In response to the allegations in paragraph 22, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s. Monsanto denies the remaining allegations in paragraph 22.

23.     Monsanto denies the allegations in paragraph 23.

24.     Monsanto admits the allegations in the first two sentences of paragraph 24 and admits that at all relevant times it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA. Monsanto denies the remaining allegations in paragraph 24.

25.     Monsanto admits the allegations in paragraph 25.

26.     In response to the allegations in paragraph 26, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 26 set forth conclusions of law for which no response is required.

27.     The allegations in paragraph 27 set forth conclusions of law for which no response is required.

28.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Pennsylvania for sale and distribution.

29.     In response to the allegations in paragraph 29, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 29 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 29 set forth conclusions of law for which no response is required.

30.     Monsanto denies the allegations in paragraph 30 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 regarding such pesticide products generally.  The remaining allegations in paragraph 30 set forth conclusions of law for which no response is required.

31.     In response to the allegations in paragraph 31, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its final findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

1    humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

2    posted an October 2015 final report by its standing Cancer Assessment Review Committee

3    ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

4    to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

5    issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

6    the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

7    humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

8    of the remaining allegations in paragraph 31 and therefore denies those allegations.

9           32.     In response to the allegations in paragraph 32, Monsanto admits that an EPA

10   review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

11   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

12   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits

13   that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with

14   respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded

15   that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the

16   two EPA OPP reports and the EPA CARC Final Report discussed above, specific findings of

17   safety include:

18        • "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
19          evidence of non-carcinogenicity for humans—based on the lack of convincing
             evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
20          Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
             http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

21

22   _____

23   [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept.
     12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
     document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA
24   Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.
     [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S.
25   Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of
     Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"),
26   https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.
     [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of
27   Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/
     document?D=EPA-HQ-OPP-2016-0385-0528.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-05040-VC

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 33 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

34.     In response to the allegations in paragraph 34, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

35.     Monsanto denies the allegations in paragraph 35 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 35 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

36.     In response to the allegations in paragraph 36, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

37.     In response to the allegations in paragraph 37, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto further admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 37 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

38.     Monsanto denies the allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety. Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The

1  remaining allegations in paragraph 39 are vague and conclusory and comprise attorney

2  characterizations, and are accordingly denied.

3       40.     In response to the allegations in paragraph 40, Monsanto admits that, following

4  the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such

5  seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks

6  information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

7  cited in paragraph 40 and accordingly denies those allegations.  The remaining allegations in

8  paragraph 40 are vague and conclusory and comprise attorney characterizations, and are

9  accordingly denied.

10      41.     In response to the allegations in paragraph 41, Monsanto admits that glyphosate is

11 one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

12 is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks

13 information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

14 cited in paragraph 41 and accordingly denies the same.  Monsanto denies the allegations in the

15 last two sentences of paragraph 41.  The remaining allegations in paragraph 41 are vague and

16 conclusory and comprise attorney characterizations, and are accordingly denied.

17      42.     In response to the allegations in paragraph 42, Monsanto admits that the New

18 York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

19 advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

20 admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

21 General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

22 the subparts purport to quote a document, the document speaks for itself and thus does not

23 require any further answer.  The remaining allegations in paragraph 42 are vague and conclusory

24 and comprise attorney characterizations, and are accordingly denied.

25      43.     In response to the allegations in paragraph 43, Monsanto admits it entered into an

26 assurance of discontinuance with the New York Attorney General.  The assurance speaks for

27 itself and thus does not require any further answer.  The remaining allegations in paragraph 43

28 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

1    44.    Monsanto denies the allegations in paragraph 44.

2    45.    In response to the allegations in paragraph 45, Monsanto admits that the French

3    court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

4    that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling

5    was in any way related to plaintiffs' and/or plaintiffs' decedent's claim here that glyphosate can

6    cause cancer.  Monsanto denies the remaining allegations in paragraph 45.

7    46.    In response to the allegations in paragraph 46, Monsanto denies that IARC

8    follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information

9    or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

10   paragraph 46 which are not limited as of any specified date, and accordingly denies the same.

11   47.    In response to the allegations in paragraph 47, Monsanto admits that IARC sets

12   forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

13   Monsanto denies the remaining allegations in paragraph 47.

14   48.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

15   research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it

16   cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form

17   a belief as to the truth of the remaining allegations in paragraph 48 and therefore denies those

18   allegations.

19   49.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

20   research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it

21   cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form

22   a belief as to the truth of the remaining allegations in paragraph 49 and therefore denies those

23   allegations.

24   50.    Monsanto denies the allegations in paragraph 50 to the extent that they suggest

25   that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified

26   glyphosate as a Group 2A agent in March 2015.

27   51.    In response to the allegations in paragraph 51, Monsanto admits that IARC issued

28   its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the

1  monograph was prepared by a "working group" of individuals selected by IARC who met over a

2  one week period in March 2015 to consider glyphosate along with a number of other substances.

3  Monsanto denies the allegation that all members of the working group are "experts."  Monsanto

4  denies that the working group or anyone at IARC conducted a one-year review of the scientific

5  evidence related to glyphosate or that the working group's findings reflected a comprehensive

6  review of the latest available scientific evidence.  Monsanto also denies that the working group

7  considered all information available in the scientific literature and all data from government

8  reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 51.

9         52.     In response to the allegations in paragraph 52, Monsanto denies that the IARC

10 working group considered all of the data in the numerous studies that have been conducted

11 looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

12 that it reliably considered the studies that it purports to have reviewed, which frequently reach

13 conclusions directly contrary to those espoused by the IARC working group.  To the extent the

14 allegations purport to characterize statements made in the IARC monograph for glyphosate, the

15 statements in that document stand for themselves, but Monsanto lacks information or knowledge

16 sufficient to form a belief as to the accuracy of the source of said information and accordingly

17 denies the allegations.

18        53.     The allegations in paragraph 53 are vague and conclusory.  To the extent they

19 purport to characterize statements made in the IARC monograph for glyphosate, the statements

20 in that document stand for themselves, but Monsanto lacks information or knowledge sufficient

21 to form a belief as to the accuracy of the source of said information and accordingly denies the

22 allegations.

23        54.     In response to the allegations in paragraph 54, to the extent the allegations purport

24 to characterize statements made in the IARC monograph for glyphosate, the statements in that

25 document stand for themselves, but to the extent that this paragraph means that more than *de*

26 *minimis* amounts of exposure are present, the allegations in paragraph 54 are denied.

27        55.     In response to the allegations in paragraph 55, Monsanto admits that the IARC

28 working group identified a number of case control studies of populations with exposures to

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-05040-VC

1    glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

2    health concern from such exposures.

3        56.    Monsanto denies the allegations in paragraph 56.  The IARC working group

4    concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

5    which, per IARC's guidelines, means that the working group could not rule out chance, bias or

6    confounding so as to reach any conclusion of an increased risk.

7        57.    In response to the allegations in paragraph 57, Monsanto admits that the working

8    group cited to a study that it concluded provided evidence of chromosomal damage in

9    community residents reported to be exposed to glyphosate, but Monsanto denies that the study

10   supports such a conclusion or that the authors of the study reached such a conclusion.

11       58.    In response to the allegations in paragraph 58, Monsanto admits that the IARC

12   working group purported to make these findings, but denies that the animal carcinogenicity

13   studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

14   of the identified tumors.  Monsanto further states that regulatory agencies around the world have

15   reviewed the same animal studies and concluded that they do not provide evidence that

16   glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 58.

17       59.    In response to the allegations in paragraph 59, Monsanto admits that the IARC

18   working group purported to make these findings but denies that the cited studies provide any

19   reliable basis for a finding that any meaningful levels of glyphosate or AMPA is present or

20   persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 59.

21       60.    In response to the allegations in paragraph 60, Monsanto admits that the IARC

22   working group interpreted a selected number of experimental studies as evidence that glyphosate

23   can cause genotoxicity, but Monsanto denies that the working group reliably considered the full

24   body of scientific data on such alleged genotoxic endpoints and denies that the working group

25   reliably interpreted the studies that it selected for consideration.  Regulators around the world

26   repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining

27   allegations in paragraph 60.

28

61.     In response to the allegations in paragraph 61, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 61.

62.     In response to the allegations in paragraph 62, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 62.

63.     In response to the allegations in paragraph 63 Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water Regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, and that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and the EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

64.     In response to the allegations in paragraph 64, Monsanto admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate.  Monsanto notes that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

65.     The allegations in paragraph 65 set forth conclusions of law for which no response is required.

66.     In response to the allegations in paragraph 66, Monsanto admits that the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the weight or quality of the evidence considered by IARC.  Monsanto further states that this decision

was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to pose a cancer hazard to humans."[4]  Monsanto contends that OEHHA's decision that it was required to list glyphosate violates the United States Constitution and the California Constitution On February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.

67.     In response to the allegations in paragraph 67, Monsanto admits that OEHHA added glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the weight or quality of the evidence considered by IARC.  Monsanto further states that this decision was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to pose a cancer hazard to humans."[5]  Monsanto contends that OEHHA's action in listing glyphosate violates the United States Constitution and the California Constitution.  On February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.

68.     In response to the allegations in paragraph 68, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the

---

[4] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007), https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf

[5] *Id.*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-05040-VC

concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 68.

69.     In response to the allegations in paragraph 69, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 69.

70.     Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions. Monsanto denies the remaining allegations in paragraph 70.

71.     In response to the allegations in paragraph 71, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same. Monsanto denies the remaining allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiffs' and/or plaintiffs' decedent's allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-05040-VC

1    scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto

2    denies the remaining allegations in paragraph 73.

3         74.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 74 and therefore denies those allegations.

5         75.    Monsanto denies that any exposure to Roundup®-branded products can cause

6    Non-Hodgkin's Lymphoma ("NHL") and other serious illnesses and therefore denies those

7    allegations in paragraph 75.  Monsanto states, however, that the scientific studies upon which

8    IARC purported to base its evaluation of glyphosate were all publicly available before March,

9    2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

10   remaining allegations in paragraph 75 and therefore denies those allegations.

11        76.    Monsanto denies the allegations in paragraph 76.

12        77.    Monsanto denies the allegations in paragraph 77.

13        78.    Monsanto denies the allegations in paragraph 78.

14        79.    Monsanto denies the allegations in paragraph 79.

15        80.    Monsanto incorporates by reference its responses to paragraphs 1 through 79 in

16   response to paragraph 80 of plaintiffs' Complaint.

17        81.    Monsanto denies the allegations in paragraph 81.

18        82.    In response to the allegations in paragraph 82, Monsanto admits that it has stated

19   and continues to state that Roundup®-branded products are safe when used as labeled and that

20   they are non-toxic and non-carcinogenic.

21        83.    In response to the allegations in paragraph 83, Monsanto admits that it has stated

22   and continues to state that Roundup®-branded products are safe when used as labeled and that

23   they are non-carcinogenic and non-genotoxic.

24        84.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

25   exposed plaintiffs' decedent to risk of his alleged cancers and denies the remaining allegations in

26   paragraph 84.

27        85.    Monsanto denies the allegations in paragraph 85.

28

1    86.    The allegations in paragraph 86 set forth conclusions of law for which no

2  response is required.

3    87.    Monsanto denies the allegations in paragraph 87.

4    88.    Monsanto denies the allegations in paragraph 88.

5    89.    Monsanto denies the allegations in paragraph 89.

6    90.    Monsanto denies the allegations in the Complaint's first-numbered paragraph 90.

7  Monsanto states, however, that the scientific studies upon which IARC purported to base its

8  classification were all publicly available before March 2015.

9    91.    Monsanto denies the allegations in the Complaint's first-numbered paragraph 91.

10    92.    Monsanto incorporates by reference its responses to paragraphs 1 through the

11  Complaint's first-numbered paragraph 91 in response to the Complaint's first-numbered

12  paragraph 92 of plaintiffs' Complaint.

13    93.    In response to the allegations in the Complaint's first-numbered paragraph 93,

14  Monsanto admits that plaintiffs purport to bring a claim for strict liability design defect, but

15  denies any liability as to that claim.

16    94.    In response to the allegations in the Complaint's first-numbered paragraph 94,

17  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

18  allegation that plaintiffs' decedent used Roundup®-branded products and therefore denies that

19  allegation.  Monsanto denies the remaining allegations in the Complaint's first-numbered

20  paragraph 94.

21    95.    Monsanto denies the allegations in the Complaint's first-numbered paragraph 95.

22    96.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in the Complaint's first-numbered paragraph 96 and therefore denies

24  those allegations.

25    97.    Monsanto denies the allegations in the Complaint's first-numbered paragraph 97.

26    98.    Monsanto denies the allegations in the Complaint's first-numbered paragraph 98.

27    99.    Monsanto denies the allegations in the Complaint's first-numbered paragraph 99.

28

1       100.    Monsanto denies the allegations in the Complaint's first-numbered paragraph 100

2   and each of its subparts.

3       90.     Monsanto lacks information or knowledge sufficient to form a belief as to the

4   truth of the allegations in the Complaint's second-numbered paragraph 90 concerning plaintiffs'

5   decedent's claimed use of Roundup®-branded products and therefore denies those allegations.

6   Monsanto denies the remaining allegations in the Complaint's second numbered paragraph 90,

7   including that Roundup®-branded products have "dangerous characteristics."

8       91.     Monsanto lacks information or knowledge sufficient to form a belief as to the

9   truth of the allegations in the Complaint's second-numbered paragraph 91 concerning plaintiffs'

10  decedent's claimed use of Roundup®-branded products and therefore denies those allegations.

11  Monsanto denies the remaining allegations in the Complaint's second numbered paragraph 91,

12  including that Roundup®-branded products have "dangerous characteristics."

13      90.     Monsanto denies the allegations in the Complaint's third-numbered paragraph 90.

14      91.     Monsanto denies the allegations in the Complaint's third-numbered paragraph 91.

15      92.     Monsanto denies the allegations in the Complaint's second-numbered paragraph

16  92.

17      93.     Monsanto denies the allegations in the Complaint's second-numbered paragraph

18  93.

19      94.     Monsanto denies the allegations in the Complaint's second-numbered paragraph

20  94.

21      95.     Monsanto denies the allegations in the Complaint's second-numbered paragraph

22  95.

23      96.     Monsanto denies the allegations in the Complaint's second-numbered paragraph

24  96.

25      97.     Monsanto denies the allegations in the Complaint's second-numbered paragraph

26  97.

27      In response to the "WHEREFORE" paragraph following the Complaint's second-

28  numbered paragraph 97, Monsanto demands that judgment be entered in its favor and against

1   plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded

2   costs of suit and reasonable attorney's fees as allowed by law and such further and additional

3   relief as this Court may deem just and proper.

4         98.     Monsanto incorporates by reference its responses to paragraphs 1 through the

5   Complaint's second-numbered paragraph 97 in response to paragraph the Complaint's second-

6   numbered paragraph 98 of plaintiffs' Complaint.

7         99.     In response to the allegations in the Complaint's second-numbered paragraph 99,

8   Monsanto admits that plaintiffs purport to bring a claim for strict liability failure to warn, but

9   denies any liability as to that claim.

10        100.    Monsanto denies the allegations in the Complaint's second-numbered paragraph

11  100.

12        101.    In response to the allegations in paragraph 101, Monsanto lacks information or

13  knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs, plaintiffs'

14  decedent, or other entities identified purchased or used Roundup®-branded products and

15  therefore denies that allegation.  The allegations in paragraph 101 also set forth conclusions of

16  law for which no response is required.  Monsanto denies the remaining allegations in paragraph

17  101.

18        102.    The allegations in paragraph 102 set forth conclusions of law for which no

19  response is required.

20        103.    Monsanto denies the allegations in paragraph 103.  All labeling of Roundup®-

21  branded products has been and remains EPA-approved and in compliance with all federal

22  requirements under FIFRA.

23        104.    Monsanto denies the allegations in paragraph 104.

24        105.    Monsanto denies the allegations in paragraph 105.

25        106.    Monsanto denies the allegations in paragraph 106.

26        107.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27  truth of the allegations in paragraph 107 and therefore denies those allegations.

28

- 19 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-05040-VC

1    108.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 108 concerning plaintiffs' decedent's alleged use of

3    Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

4    remaining allegations in paragraph 108, including that Roundup®-branded products have

5    "dangerous characteristics."

6    109.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 109 concerning plaintiffs' decedent's alleged use of and

8    exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto

9    denies the remaining allegations in paragraph 109, including that Roundup®-branded products

10   have "dangerous characteristics."

11   110.    Monsanto denies the allegations in paragraph 110.

12   111.    Monsanto denies the allegations in paragraph 111.

13   112.    Monsanto denies the allegations in paragraph 112.

14   113.    Monsanto denies the allegations in paragraph 113.

15   114.    Monsanto denies the allegations in paragraph 114.

16   115.    Monsanto denies the allegations in paragraph 115.

17   116.    Monsanto denies the allegations in paragraph 116.

18   117.    Monsanto denies the allegations in paragraph 117.

19   118.    Monsanto denies the allegations in paragraph 118.

20   In response to the "WHEREFORE" paragraph following paragraph 118, Monsanto

21   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

22   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

23   fees as allowed by law and such further and additional relief as this Court may deem just and

24   proper.

25   119.    Monsanto incorporates by reference its responses to paragraphs 1 through 118 in

26   response to paragraph 119 of plaintiffs' Complaint.

27   120.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28   truth of the allegations in paragraph 120 regarding the specific products allegedly used by

1    plaintiffs' decedent or any advertising or marketing allegedly seen or considered by plaintiffs'

2    decedent and therefore denies the allegations in paragraph 120.

3         121.    The allegations in paragraph 121 set forth conclusions of law for which no

4    response is required.

5         122.    The allegations in paragraph 122 set forth conclusions of law for which no

6    response is required.

7         123.    Monsanto denies the allegations in paragraph 123.

8         124.    Monsanto denies the allegations in paragraph 124.

9         125.    Monsanto denies the allegations in paragraph 125.  All labeling of Roundup®-

10   branded products has been and remains EPA-approved and in compliance with all federal

11   requirements under FIFRA.

12        126.    Monsanto denies the allegations in paragraph 126.

13        127.    Monsanto denies the allegations in paragraph 127.

14        128.    Monsanto denies the allegations in paragraph 128, including each of its subparts.

15        129.    Monsanto denies the allegations in paragraph 129.

16        130.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 130 regarding plaintiffs' decedent's knowledge and

18   therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in

19   paragraph 130, including that intended use and/or exposure to Roundup®-branded products

20   causes any injuries.

21        131.    Monsanto denies the allegations in paragraph 131.

22        132.    Monsanto denies the allegations in paragraph 132.

23        133.    Monsanto denies the allegations in paragraph 133.  All labeling of Roundup®-

24   branded products has been and remains EPA-approved and in compliance with all federal

25   requirements under FIFRA.

26        In response to the "WHEREFORE" paragraph following paragraph 133, Monsanto

27   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

28   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

1   fees as allowed by law and such further and additional relief as this Court may deem just and

2   proper.

3          134.    Monsanto incorporates by reference its responses to paragraphs 1 through 133 in

4   response to paragraph 134 of plaintiffs' Complaint.

5          135.    Monsanto denies the allegations in paragraph 135.  Additionally, the last sentence

6   in paragraph 135 sets forth a conclusion of law for which no response is required.

7          136.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8   truth of the allegations in paragraph 136 regarding plaintiffs' decedent's claimed use of

9   Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

10  paragraph 136 set forth conclusions of law for which no response is required.

11         137.    Monsanto denies the allegations in paragraph 137.  All labeling of Roundup®-

12  branded products has been and remains EPA-approved and in compliance with all federal

13  requirements under FIFRA.

14         138.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations in paragraph 138 regarding the claimed use of and exposure to

16  Roundup®-branded products by plaintiffs' decedent's and therefore denies those allegations.  The

17  remaining allegations in paragraph 138 set forth conclusions of law for which no response is

18  required.

19         139.    The allegations in paragraph 139 set forth conclusions of law for which no

20  response is required.

21         140.    The allegations in paragraph 140 set forth conclusions of law for which no

22  response is required.

23         141.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24  truth of the allegations in paragraph 141 and therefore denies those allegations.

25         142.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26  truth of the allegations in paragraph 142 regarding the claimed use of Roundup®-branded

27  products by plaintiffs' decedent and others and therefore denies those allegations.  The remaining

28  allegations in paragraph 142 set forth conclusions of law for which no response is required.

143.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 143 regarding plaintiffs' decedent's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 143 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 143.

144.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 144 regarding plaintiffs' decedent's claimed use of or exposure to Roundup®-branded products or plaintiffs' decedent's claimed reliance and therefore denies those allegations.  The allegation in paragraph 144 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.

145.    Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 145 regarding plaintiffs' decedent's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 145.

146.    Monsanto denies the allegations in paragraph 146.

147.    Monsanto denies the allegations in paragraph 147.

148.    Monsanto denies the allegations in paragraph 148.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

In response to the "WHEREFORE" paragraph following paragraph 148, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

149.    Monsanto incorporates by reference its responses to paragraphs 1 through 148 in response to paragraph 149 of plaintiffs' Complaint.

150.     In response to the allegations in paragraph 150, Monsanto admits that plaintiff purports to bring a claim for loss of consortium but denies any liability as to that claim.

151.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 151.  Monsanto denies the remaining allegations in paragraph 151.

In response to the "WHEREFORE" paragraph following paragraph 151, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

152.     Monsanto incorporates by reference its responses to paragraphs 1 through 151 in response to paragraph 152 of plaintiffs' Complaint.

153.     In response to the allegations in paragraph 153, Monsanto admits that plaintiffs purport to bring a wrongful death claim but denies any liability as to that claim.

154.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 154 and therefore denies those allegations.

155.     Monsanto denies the allegations in paragraph 155.

156.     Monsanto denies the allegations in paragraph 156.

157.     Monsanto denies the allegations in paragraph 157.

158.     Monsanto denies the allegations in paragraph 158.

159.     Monsanto denies the allegations in paragraph 159.

160.     Monsanto denies the allegations in paragraph 160.

161.     Monsanto denies the allegations in paragraph 161.

In response to the "WHEREFORE" paragraph following paragraph 161, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

162.    Monsanto incorporates by reference its responses to paragraphs 1 through 161 in response to paragraph 162 of plaintiffs' Complaint.

163.    In response to the allegations in paragraph 163, Monsanto admits that plaintiffs purport to bring a survival action claim but denies any liability as to that claim.

164.    Monsanto denies the allegations in paragraph 164.

165.    Monsanto denies the allegations in paragraph 165.

166.    Monsanto denies the allegations in paragraph 166.

167.    Monsanto denies the allegations in paragraph 167.

168.    Monsanto denies the allegations in paragraph 168.

In response to the "WHEREFORE" paragraph following paragraph 168, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.    Venue may be inconvenient.

3.    Plaintiffs' claims against Monsanto are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' and/or plaintiffs' decedent's alleged injuries.

5.      Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.      Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.      Plaintiffs' claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.      Plaintiffs' claims against Monsanto are barred, in whole or in part, because plaintiffs' and/or plaintiffs' decedent's injuries, if any, were the result of conduct of plaintiffs and/or plaintiffs' decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' and/or plaintiffs' decedent's pre-existing medical conditions.

11.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

1  12. Applicable statutes of limitations and/or repose bar plaintiffs' claims against

2 Monsanto in whole or in part.

3  13. Plaintiffs' and/or plaintiffs' decedent's misuse or abnormal use of the product or

4 failure to follow instructions bar plaintiffs' claims against Monsanto in whole or in part.

5  14. If plaintiffs and/or plaintiffs' decedent suffered injuries or damages as alleged,

6 which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or

7 entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is

8 entitled to an assessment of the relative degree of fault of all such persons and entities; or (b)

9 resulted from diseases and/or causes that are not related or connected with any product sold,

10 distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or

11 diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs'

12 and/or plaintiffs' decedent's alleged injuries or damages.

13  15. Monsanto had no legal relationship or privity with plaintiffs and/or plaintiffs'

14 decedent and owed no duty to them by which liability could be attributed to it.

15  16. Plaintiffs' claims against Monsanto are preempted in whole or part by the

16 Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17  17. Plaintiffs' claims against Monsanto for punitive damages are barred because such

18 an award would violate Monsanto's due process, equal protection and other rights under the

19 United States Constitution, the Pennsylvania Constitution, and/or other applicable state laws.

20  18. Plaintiffs' claims against Monsanto for punitive damages are barred because

21 plaintiffs have failed to allege conduct warranting imposition of such damages under the laws of

22 Pennsylvania and/or other applicable state laws.

23  19. Plaintiffs' claims against Monsanto for punitive, exemplary, aggravated, and/or

24 treble damages are barred and/or limited by operation of state and/or federal law.

25  20. Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiffs'

26 decedent's contributory/comparative negligence.

27  21. Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiffs'

28 decedent's failure to mitigate damages.

22.     Plaintiffs' claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

23.     If plaintiffs and/or plaintiffs' decedent have been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a Monsanto product.

24.     Plaintiffs' claims against Monsanto are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

25.     Plaintiffs' claims against Monsanto are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

26.     Plaintiffs' recovery against Monsanto, if any, shall be reduced by those payments that plaintiffs and/or plaintiffs' decedent have received and/or will receive from collateral sources.

27.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs and/or plaintiffs' decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs and/or plaintiffs' decedent failed to give notice of any breach thereof.

28.     Monsanto hereby preserves any and all defenses under *Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (Pa. 2014).

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

1    DATED:  September 3, 2019                Respectfully submitted,

2

3                                            /s/ Joe G. Hollingsworth
                                             Joe G. Hollingsworth (*pro hac vice*)
                                             (jhollingsworth@hollingsworthllp.com)
4                                            Eric G. Lasker (*pro hac vice*)
                                             (elasker@hollingsworthllp.com)
5                                            HOLLINGSWORTH LLP
                                             1350 I Street, N.W.
6                                            Washington, DC  20005
                                             Telephone:    (202) 898-5800
7                                            Facsimile:    (202) 682-1639

8                                            *Attorneys for Defendant*
                                             *MONSANTO COMPANY*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-05040-VC