1

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)

2
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.

3
Washington, DC  20005
Telephone:   (202) 898-5800

4
Facsimile:   (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com

5
                  elasker@hollingsworthllp.com

6
*Attorneys for Defendant*
*MONSANTO COMPANY*

7

8
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9

10
IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

Case No. 3:16-md-02741-VC

11

12
This document relates to:

13
*Ann Marie Howard, Individually, and as the*
*Executor of the Estate of Patricia A. Shanklin*
*v. Monsanto Co.*,

14
Case No. 3:19-cv-04644-VC

15

16
## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

17
        Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

18
Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

19
all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below.

20
As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company,

21
a United States based company incorporated in Delaware, and not to other Monsanto-affiliated

22
companies.  Silence as to any allegations shall constitute a denial.

23
        1.        Monsanto admits that plaintiff purports to bring an action for damages and loss of

24
consortium allegedly related to exposure to Roundup®-branded products but denies any liability

25
to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.  The allegations in

26
footnote 1 of paragraph 1 comprise attorney characterizations and are accordingly denied.

27
Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of

28
separate and distinct uses and formulations.

2.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 2 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 2.

3.    Monsanto denies the allegations in paragraph 3.

4.    Monsanto denies the allegations in paragraph 4.

5.    The allegations in paragraph 5 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto admits the allegations in paragraph 5 based upon the allegations in plaintiff's Complaint.

6.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 that plaintiff's decedent purchased Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.    The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.    Monsanto denies that its Roundup®-branded products are "dangerous" and denies that plaintiff's alleged harms, losses, or damages were caused by Roundup®-branded products. Monsanto lacks information or knowledge sufficient to form a belief as to the allegations in paragraph 8 regarding plaintiff's residency and therefore denies those allegations.  The remaining allegations in paragraph 8 set forth conclusions of law for which no response is required.

9.    Monsanto admits that it is authorized to do business in Ohio.  The remaining allegations in paragraph 9 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

10.    The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04644-VC

12.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.     Monsanto admits the allegations in paragraph 14.

15.     In response to the allegations in paragraph 15, Monsanto admits that it sells Roundup®-branded products in Ohio.

16.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.

17.     The allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19.     Monsanto admits the allegations in the first sentence of paragraph 19.  Monsanto admits that it is authorized to do business in Illinois.  The remaining allegations in paragraph 19 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20.     The allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto denies the allegations in paragraph 21.

22.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 22 set forth conclusions of law for which no response is required.

23.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 23 are vague and that it accordingly lacks information

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04644-VC

1   or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

2   denies those allegations.

3        24.    Monsanto admits that it is the leading producer of seeds that contain the Roundup

4   Ready® trait.  Monsanto lacks information or knowledge sufficient to form a belief as to the

5   accuracy of the specific numbers and statistics in paragraph 24 and therefore denies those

6   allegations.

7        25.    Monsanto admits the allegations in paragraph 25.

8        26.    Monsanto admits the allegations in paragraph 26.

9        27.    In response to the allegations in paragraph 27, Monsanto admits that glyphosate is

10  an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

11  paragraph 27 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

12  to form a belief as to the truth of the remaining allegations in paragraph 27 and therefore denies

13  those allegations.

14       28.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

15  The remaining allegations in paragraph 28 comprise attorney characterizations and are

16  accordingly denied.

17       29.    Monsanto admits the allegations in paragraph 29.

18       30.    Monsanto generally admits the allegations in paragraph 30, but denies the

19  allegations in paragraph 30 to the extent that they suggest that glyphosate is present in any plants

20  at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

21  the United States Environmental Protection Agency ("EPA").

22       31.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 31 and therefore denies those allegations.

24       32.    Monsanto admits that it is the leading producer of seeds that contain the Roundup

25  Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

26  farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

27  belief as to the accuracy of the specific numbers and statistics provided in the remaining

28

1   sentences of paragraph 32 and therefore denies those allegations.  Monsanto denies the

2   remaining allegations in paragraph 32.

3          33.     Monsanto admits the allegations in paragraph 33.

4          34.     Monsanto admits the allegations in paragraph 34.

5          35.     Monsanto admits that certain studies have reported that glyphosate is found at *de*

6   *minimis* levels significantly below regulatory safety limits in various locations and media.

7   Monsanto denies the remaining allegations in paragraph 35.

8          36.     Monsanto admits that Roundup®-branded products have been used by farmers for

9   approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

10  properties and denies the remaining allegations in paragraph 36.

11         37.     The allegations in paragraph 37 set forth conclusions of law for which no

12  response is required.  To the extent that a response is deemed required, Monsanto admits the

13  allegations in paragraph 37.

14         38.     In response to the allegations in paragraph 38, Monsanto admits that EPA requires

15  registrants of herbicides to submit extensive data in support of the human health and

16  environmental safety of their products and further admits that EPA will not register or approve

17  the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

18  Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 38 set forth

19  conclusions of law for which no response is required.

20         39.     The allegations in paragraph 39 set forth conclusions of law for which no

21  response is required.

22         40.     Monsanto admits that Roundup®-branded products are registered by EPA for

23  manufacture, sale and distribution and are registered by the State of Missouri for sale and

24  distribution.

25         41.     In response to the allegations in paragraph 41, Monsanto admits that EPA requires

26  registrants of herbicides to submit extensive data in support of the human health and

27  environmental safety of their products and further admits that EPA will not register or approve

28  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04644-VC

states that the term "the product tests" in the final sentence of paragraph 41 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 41 set forth conclusions of law for which no answer is required.

42.      Monsanto denies the allegations in paragraph 42 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 42 set forth conclusions of law for which no response is required.

43.      In response to the allegations in paragraph 43, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04644-VC

humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 and therefore denies those allegations.

44.     In response to the allegations in paragraph 44, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 44 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

45.     In response to the allegations in paragraph 45, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 45 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

46.     Monsanto denies the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 47 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 47.

48.     Monsanto denies the allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 49 go beyond a restatement of the cited document, Monsanto lacks information or

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/ document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04644-VC

knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 and therefore denies those allegations.

50.     Monsanto admits the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 51 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 and therefore denies those allegations.

52.     Monsanto states that the term "toxic" as used in paragraph 52 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 52.

53.     Monsanto admits the allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58.     Monsanto denies the allegations in paragraph 58.

- 8 -

1    59.    In response to the allegations in paragraph 59, Monsanto states that the cited

2    document speaks for itself and does not require a response.  To the extent that paragraph 59

3    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

4    paragraph 59.

5    60.    In response to the allegations in paragraph 60, Monsanto states that the cited

6    document speaks for itself and does not require a response.  To the extent that paragraph 60

7    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

8    paragraph 60.

9    61.    Monsanto denies the allegation that the cited studies support the allegation that

10   glyphosate or Roundup®-branded products pose any risk to human health and denies the

11   remaining allegations in paragraph 61.

12   62.    Monsanto denies the allegations in paragraph 62.

13   63.    Monsanto denies the allegations in paragraph 63.

14   64.    Monsanto denies the allegations in paragraph 64.

15   65.    Monsanto denies the allegations in paragraph 65.

16   66.    Monsanto admits that it has in the past promoted, and continues to promote,

17   Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

18   Monsanto denies the remaining allegations in paragraph 66.

19   67.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

20   is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

21   lacks information or knowledge sufficient to form a belief as to the truth of the remaining

22   allegations in paragraph 67 and therefore denies those allegations.

23   68.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24   truth of the allegations in paragraph 68 and therefore denies those allegations.  Monsanto denies

25   that glyphosate met the criteria necessary to be eligible for review.

26   69.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 69 and therefore denies those allegations.  Monsanto denies

28   that glyphosate met the criteria necessary to be eligible for review.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04644-VC

70.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 70 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

71.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 71, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 71 comprise attorney characterizations and are accordingly denied.

72.     In response to the allegations in paragraph 72, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 72 comprise attorney characterizations and are accordingly denied.

73.     In response to the allegations in paragraph 73, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 73 comprise attorney characterizations and are accordingly denied.

74.     Monsanto denies the allegations in paragraph 74.

75.     The allegations in paragraph 75 comprise attorney characterizations and are accordingly denied.

76.     Monsanto admits the allegations in paragraph 76.

77.     In response to the allegations in paragraph 77, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 77 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 77.

78.     In response to the allegations in paragraph 78, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

1  under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

2  evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

3  animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

4  paragraph 78.

5       79.     The allegations in paragraph 79 are vague and ambiguous and are accordingly

6  denied.

7       80.     In response to the allegations in paragraph 80, Monsanto states that the cited

8  document speaks for itself and does not require a response.

9       81.     In response to the allegations in paragraph 81, Monsanto states that the cited

10  document speaks for itself and does not require a response.  To the extent that paragraph 81

11  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

12  paragraph 81.

13       82.     Monsanto denies the allegations in paragraph 82.

14       83.     In response to the allegations in paragraph 83, Monsanto states that the cited

15  document speaks for itself and does not require a response.  Monsanto otherwise denies the

16  allegations in paragraph 83.

17       84.     Monsanto admits that there is no reliable evidence that Roundup®-branded

18  products are genotoxic, and that regulatory authorities and independent experts agree that

19  Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

20  paragraph 84.

21       85.     Monsanto denies the allegations in paragraph 85.

22       86.     Monsanto denies the allegations in paragraph 86.

23       87.     Monsanto denies the allegations in paragraph 87.

24       88.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

25  exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 88.

26       89.     Monsanto denies the allegations in paragraph 89.

27       90.     Monsanto denies the allegations in paragraph 90.

28       91.     Monsanto admits the allegations in paragraph 91.

1    92.    Monsanto denies the allegations in paragraph 92.

2    93.    Monsanto admits the allegations in paragraph 93.

3    94.    Monsanto denies the allegations in paragraph 94.

4    95.    Monsanto denies the allegations in paragraph 95.

5    96.    Monsanto denies the allegations in paragraph 96.

6    97.    Monsanto denies the allegations in paragraph 97.

7    98.    Monsanto denies the allegations in paragraph 98.

8    99.    Monsanto denies the allegations in paragraph 99.

9    100.   Monsanto denies the allegations in paragraph 100.

10   101.   In response to the allegations in paragraph 101, Monsanto admits that independent

11 experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity

12 in glyphosate and Roundup®-branded products and admits that it has made statements reflecting

13 this fact.  Monsanto denies the remaining allegations in paragraph 101.

14   102.   In response to the allegations in paragraph 102, Monsanto admits that Roundup®-

15 branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

16 the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

17 102.

18   103.   In response to the allegations in paragraph 103, Monsanto admits that an EPA

19 review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

20 denies the remaining allegations in paragraph 103.

21   104.   In response to the allegations in paragraph 104, Monsanto admits that EPA

22 changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

23 evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

24 denies the remaining allegations in paragraph 104.

25   105.   In response to the allegations in paragraph 105, Monsanto admits that plaintiff has

26 accurately quoted from one passage in an EPA document in 1991 with respect to the designation

27 of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not

28

1    pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and

2    the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

19    Monsanto denies the remaining allegations in paragraph 105.

20          106.     In response to the allegations in paragraph 106, Monsanto admits that it – along

21    with a large number of other companies and governmental agencies – was defrauded by two

22    chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

23    testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

24    toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

25    glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

26    studies.  To the extent that the allegations in paragraph 106 are intended to suggest that

27    Monsanto was anything other than a victim of this fraud, such allegations are denied.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04644-VC

107.     In response to the allegations in paragraph 107, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

108.     Monsanto denies the allegations in paragraph 108 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 108 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

109.     In response to the allegations in paragraph 109, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

110.     In response to the allegations in paragraph 110, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 110.

111.     In response to the allegations in paragraph 111, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

paragraph 111 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

112.    In response to the allegations in paragraph 112, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 112 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

113.    In response to the allegations in paragraph 113, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 113.

114.    In response to the allegations in paragraph 114, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 114.

115.    Monsanto admits that, in France, the sale to and use by amateurs (i.e., non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions. Monsanto denies the remaining allegations in paragraph 115.

116.    In response to the allegations in paragraph 116, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same.  Monsanto denies the remaining allegations in paragraph 116.

117.    In response to the allegations in paragraph 117, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including

1    the allegation that glyphosate can cause kidney disease.  Monsanto further states that the

2    allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations

3    regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 117.

4            118.    In response to the allegations in paragraph 118, Monsanto denies the alleged basis

5    for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has

6    explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC

7    ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety

8    concerns.  As of April 2016, the government of Colombia has resumed manual application of

9    glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs'

10   expert testimony purporting to link these same aerial eradication operations with cancer as

11   scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto

12   denies the remaining allegations in paragraph 118.

13           119.    In response to the allegations in paragraph 119, Monsanto admits that the

14   California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was

15   required to add glyphosate to California's Proposition 65 list of chemicals in a process that

16   OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the

17   weight or quality of the evidence considered by IARC.  Monsanto further states that this decision

18   was not based upon any independent scientific analysis of glyphosate but instead was in response

19   to a provision of a California ballot proposition triggering such action based solely upon the

20   IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon

21   its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to

22   pose a cancer hazard to humans."[4]  Monsanto contends that OEHHA's decision that it was

23   required to list glyphosate violates the United States Constitution and the California Constitution.

24   On February 26, 2018, a federal district court enjoined California from requiring Proposition 65

25   warning labels for glyphosate as unconstitutional.  The remaining allegations in paragraph 119

26

27   [4] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
     https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04644-VC

1    set forth conclusions of law for which no response is required.  To the extent that a response is

2    deemed required, Monsanto denies the allegations in paragraph 119.

3        120.    The allegations in paragraph 120 set forth conclusions of law for which no

4    response is required.

5        121.    The allegations in paragraph 121 set forth conclusions of law for which no

6    response is required.  Nevertheless, Monsanto notes that, under Proposition 65, the mere

7    presence of a listed substance in a consumer product does not require a warning.  Instead, a

8    warning need only be provided if the exposure to the listed substance, for the average user of the

9    product, exceeds the level at which cancer would be hypothesized to occur, based on

10   extrapolation from animal studies, in one person in 100,000 persons exposed over a 70-year

11   lifetime.

12       122.    In response to the allegations in paragraph 122, Monsanto admits that it has

13   brought a lawsuit challenging OEHHA's notice of intent to include glyphosate on its Proposition

14   65 list.

15       123.    In response to the allegations in paragraph 123, Monsanto admits that plaintiff

16   accurately quotes from Monsanto's Complaint in the referenced lawsuit, and states that

17   Monsanto's Complaint in that lawsuit speaks for itself.  Monsanto further admits that its lawsuit

18   cites to OEHHA's 2007 determination based upon its own independent evaluation of the

19   scientific evidence that glyphosate is "unlikely to pose a cancer hazard to humans."[5]  The

20   remaining allegations in paragraph 123 comprise attorney characterizations and are accordingly

21   denied.

22       124.    Monsanto denies the allegations in paragraph 124.

23       125.    In response to the allegations in paragraph 125, Monsanto admits that, on

24   November 12, 2015, the European Food Safety Authority ("EFSA") issued its Renewal

25   Assessment Report (RAR) on glyphosate, in which it concluded that "glyphosate is unlikely to

26

27   ───────────────
     [5] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
     https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04644-VC

pose a carcinogenic hazard to humans."[6]  Monsanto further admits that this conclusion affirmed a similar finding by the German Federal Institute for Risk Management (BfR).  Monsanto admits that the European scientists who reached these determinations were acting independently of Monsanto and were acting to protect the public.

126.    In response to the allegations in paragraph 126, Monsanto denies that "industry groups" were afforded any ability to review the RAR beyond that afforded to the public generally.  Monsanto otherwise admits the allegations in paragraph 126.

127.    Monsanto admits the allegations in paragraph 127.

128.    In response to the allegations in paragraph 128, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies the allegations in paragraph 128 to the extent that they purport to set forth all of the distinctions identified by EFSA between its evaluation and the evaluation of the IARC working group.  Monsanto states that in the same document cited by plaintiff, EFSA states that, in contrast to IARC, "the EU peer review concluded that no significant increase in tumor incidence could be observed in any of the treated groups of animals in the nine long term rat studies considered" and explains that "[a]s well as reviewing a larger number of studies [than IARC], EFSA for example considered that carcinogenic effects observed at high doses were unreliable as they could be related to general toxicity."[7]  To the extent that paragraph 128 characterizes the meaning of the cited studies, Monsanto denies the remaining allegations in paragraph 128.

129.    Monsanto admits the allegations in paragraph 129.

130.    In response to the allegations in paragraph 130, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies the allegations in paragraph 130 to the extent that they purport to set forth all of the distinctions identified by EFSA between its evaluation and the evaluation of the IARC working group.  Monsanto states

---

[6] See EFSA, *Glyphosate:  EFSA updates toxicological profile*, http://www.efsa.europa.eu/en/press/news/151112.

[7] EFSA, *EFSA Explains Risk Assessment Glyphosate*, http://www.efsa.europa.eu/sites/default/files/corporate_publications/files/efsaexplainsglyphosate151112en.pdf.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04644-VC

that in the same document cited by plaintiff, EFSA states that, in contrast to IARC, "the EU peer review concluded that no significant increase in tumor incidence could be observed in any of the treated groups of animals in the nine long term rat studies considered" and explains that "[a]s well as reviewing a larger number of studies [than IARC], EFSA for example considered that carcinogenic effects observed at high doses were unreliable as they could be related to general toxicity."[8]  To the extent that paragraph 130 characterizes the meaning of the cited studies, Monsanto denies the remaining allegations in paragraph 130.

131.    In response to the allegations in paragraph 131, Monsanto states that the cited document speaks for itself and does not require a response.

132.    In response to the allegations in paragraph 132, Monsanto admits that EFSA set acceptable exposure thresholds for glyphosate that are orders of magnitude higher than those which occur in the ordinary use of glyphosate-based herbicides.  Monsanto denies that these exposure thresholds are based upon any alleged risk of carcinogenicity.

133.    In response to the allegations in paragraph 133, Monsanto admits that certain individuals, including Dr. Christopher Portier, sent the letter identified in paragraph 133 (hereinafter, "the Portier letter").  Monsanto denies that Dr. Portier or the other signatories to his letter are "independent" and "renowned international experts in the field."  Monsanto states that Dr. Portier has been disclosed as an expert witness retained by plaintiff's counsel in the glyphosate cancer litigation against Monsanto and that Monsanto lacks information or knowledge sufficient to form a belief as to whether the other signatories were aware, before they signed the Portier letter, that Dr. Portier was working as a retained expert for plaintiff's counsel.  Monsanto otherwise admits that this letter urged the EU Health Commissioner to disregard the scientific findings reached by EFSA and by the BfR.

134.    In response to the allegations in paragraph 134, Monsanto admits that Dr. Portier sent the letter identified in paragraph 134.  Monsanto denies that Dr. Portier or the other

---

[8] EFSA, *EFSA Explains Risk Assessment Glyphosate*, http://www.efsa.europa.eu/sites/default/files/corporate_publications/files/efsaexplainsglyphosate151112en.pdf.

1   signatories to his letter are "renowned international experts in the field."  Monsanto admits that

2   certain members of the IARC working group assigned to glyphosate signed on to the Portier

3   letter, but states that Monsanto lacks information or knowledge sufficient to form a belief as to

4   whether those individuals or the other signatories were aware at the time that Dr. Portier was

5   working as a retained expert for plaintiff's counsel.

6        135.    In response to the allegations in paragraph 135, Monsanto states that the cited

7   Portier letter speaks for itself and does not require a response.  Monsanto further admits that

8   Dr. Portier – who has been disclosed as an expert witness retained by plaintiff's counsel in the

9   glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

10  conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

11  carcinogenic hazard to humans."[9]  To the extent that paragraph 135 characterizes the meaning of

12  the cited document or of EFSA's evaluation of glyphosate, Monsanto denies the remaining

13  allegations in paragraph 135.

14       136.    In response to the allegations in paragraph 136, Monsanto admits that IARC

15  concluded that the human epidemiologic data provides only "limited evidence of

16  carcinogenicity," which IARC defines as meaning that "chance, bias, or confounding could not

17  be ruled out with reasonable confidence."[10]  Monsanto further admits that Dr. Portier – who has

18  been disclosed as an expert witness retained by plaintiff's counsel in the glyphosate cancer

19  litigation against Monsanto – seeks in his letter to challenge the scientific conclusions reached by

20  EFSA in support of its finding that "glyphosate is unlikely to pose a carcinogenic hazard to

21  humans."[11]  In response to the remaining allegations in paragraph 136, Monsanto states that the

22  cited Portier letter speaks for itself and does not require a response.  To the extent that paragraph

23  136 characterizes the meaning of the cited document or of EFSA's evaluation of glyphosate,

24  Monsanto denies the remaining allegations in paragraph 136.

25  [9] See EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu/en
    /press/news/151112.

26  [10] http://monographs.iarc.fr/ENG/Preamble/currentb6evalrationale0706.php.

27  [11] See EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu
    /en/press/news/151112.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04644-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

137.     In response to the allegations in paragraph 137, Monsanto states that the cited Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr. Portier – who has been disclosed as an expert witness retained by plaintiff's counsel in the glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a carcinogenic hazard to humans."[12]  To the extent that paragraph 137 characterizes the meaning of the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the remaining allegations in paragraph 137.

138.     In response to the allegations in paragraph 138, Monsanto states that the cited Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr. Portier – who has been disclosed as an expert witness retained by plaintiff's counsel in the glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a carcinogenic hazard to humans."[13]  To the extent that paragraph 138 characterizes the meaning of the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the remaining allegations in paragraph 138.

139.     Monsanto admits the allegations in paragraph 139.

140.     In response to the allegations in paragraph 140, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 140 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 140.

141.     In response to the allegations in paragraph 141, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-

---

[12] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu/en/press/news/151112.

[13] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu/en/press/news/151112.

1    labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

2    extent that paragraph 141 characterizes the scientific evidence regarding the safety of

3    glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 141.

4         142.    In response to the allegations in paragraph 142, Monsanto states that the cited

5    document speaks for itself and does not require a response.  Monsanto denies that the self-

6    labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

7    extent that paragraph 142 characterizes the scientific evidence regarding the safety of

8    glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 142.

9         143.    In response to the allegations in paragraph 143, Monsanto states that the cited

10   document speaks for itself and does not require a response.  Monsanto denies that the self-

11   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

12   extent that paragraph 143 characterizes the scientific evidence regarding the safety of

13   glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 143.

14        144.    In response to the allegations in paragraph 144, Monsanto states that the cited

15   document speaks for itself and does not require a response.  Monsanto denies that the self-

16   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

17   extent that paragraph 144 characterizes the scientific evidence regarding the safety of

18   glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 144.

19        145.    In response to the allegations in paragraph 145, Monsanto states that the cited

20   document speaks for itself and does not require a response.  Monsanto denies that the self-

21   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

22   extent that paragraph 145 characterizes the scientific evidence regarding the safety of

23   glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 145.

24        146.    In response to the allegations in paragraph 146, Monsanto states that the cited

25   document speaks for itself and does not require a response.  Monsanto denies that the self-

26   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

27   extent that paragraph 146 characterizes the scientific evidence regarding the safety of

28   glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 146.

147.     In response to the allegations in paragraph 147, Monsanto admits that the United States Food and Drug Administration ("FDA") has authority to enforce pesticide residues and that the FDA announced it would begin testing certain foods for glyphosate residues.  In response to the remaining allegations in paragraph 147, Monsanto states that the cited documents speak for themselves and do not require a response.

148.     In response to the allegations in paragraph 148, Monsanto admits that the U.S. Government Accountability Office ("GAO") issued the cited report regarding pesticide residue monitoring programs, but Monsanto denies that the GAO report was limited to glyphosate.  In response to the remaining allegations in paragraph 148, Monsanto states that the cited documents speak for themselves and do not require a response.  To the extent that paragraph 148 characterizes the meaning of the cited documents, Monsanto denies the remaining allegations in paragraph 148.

149.     In response to the allegations in paragraph 149, Monsanto admits that the FDA has authority to enforce pesticide residues and that the FDA announced it would begin testing certain foods for glyphosate residues.  In response to the remaining allegations in paragraph 149, Monsanto states that the cited documents speak for themselves and do not require a response.  To the extent that paragraph 149 characterizes the meaning of the cited documents, Monsanto denies the remaining allegations in paragraph 149.

150.     In response to the allegations in paragraph 150, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

151.     In response to the allegations in paragraph 151, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products.  Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 151.

152.     Monsanto denies the allegations in paragraph 152.

1    153.    Monsanto denies the allegations in paragraph 153.

2    154.    Monsanto denies the allegations in paragraph 154.

3    155.    Monsanto denies the allegations in paragraph 155.

4    156.    Monsanto denies the allegations in paragraph 156.

5    157.    Monsanto denies the allegations in paragraph 157.

6    158.    Monsanto denies the allegations in paragraph 158.

7    159.    Monsanto denies the allegations in paragraph 159.

8    160.    Monsanto denies the allegations in paragraph 160.

9    161.    Monsanto denies the allegations in paragraph 161.

10    162.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 162 and therefore denies those allegations.

12    163.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations in paragraph 163 and therefore denies those allegations.

14    164.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations in paragraph 164 and therefore denies those allegations.  .

16    165.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 165 and therefore denies those allegations.

18    166.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 166 and therefore denies those allegations.

20    167.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 167 and therefore denies those allegations.

22    168.    Monsanto denies that any exposure to Roundup®-branded products can cause

23   NHL and other serious illnesses and therefore denies those allegations in paragraph 168.

24   Monsanto states, however, that the scientific studies upon which IARC purported to base its

25   evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks

26   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

27   in paragraph 168 and therefore denies those allegations.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04644-VC

169.    Monsanto incorporates by reference its responses to paragraphs 1 through 168 in response to paragraph 169 of plaintiff's Complaint.

170.    In response to the allegations in paragraph 170, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that glyphosate is injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

171.    In response to the allegations in paragraph 171, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health.  The remaining allegations in paragraph 171 set forth conclusions of law for which no response is required.

172.    In response to the allegations in paragraph 172, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 172 and therefore denies those allegations.

173.    The allegations in paragraph 173 set forth conclusions of law for which no response is required.

174.    In response to the allegations in paragraph 174, Monsanto denies that it concealed any facts related to the human health safety of glyphosate.  The remaining allegations in paragraph 174 set forth conclusions of law for which no response is required.

175.    Monsanto denies the allegations in paragraph 175.

176.    In response to the allegations in paragraph 176, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

177.    In response to the allegations in paragraph 177, Monsanto states that the cited document speaks for itself and does not require a response.

178.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed decedent to risk of her alleged cancer and denies the remaining allegations in paragraph

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04644-VC

178.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

179.    The allegations in paragraph 179 set forth conclusions of law for which no response is required.

180.    Monsanto denies the allegations in paragraph 180.

181.    The allegations in paragraph 181 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

182.    The allegations in paragraph 182 set forth conclusions of law for which no response is required.  To the extent that a response is required, Monsanto denies the allegations in paragraph 182.  Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

183.    Monsanto incorporates by reference its responses to paragraphs 1 through 182 in response to paragraph 183 of plaintiff's Complaint.

184.    The allegations in paragraph 184 set forth conclusions of law for which no response is required.

185.    Monsanto denies the allegations in paragraph 185.

186.    Monsanto denies the allegations in paragraph 186, including each of its subparts.

187.    Monsanto denies the allegations in paragraph 187.

188.    Monsanto denies the allegations in paragraph 188.

189.    Monsanto denies the allegations in paragraph 189.

190.    Monsanto denies the allegations in paragraph 190, including each of its subparts.

191.    Monsanto denies the allegations in paragraph 191.

192.    Monsanto denies the allegations in paragraph 192.

193.    Monsanto denies the allegations in paragraph 193.

194.    Monsanto denies the allegations in paragraph 194.

195.    Monsanto denies the allegations in paragraph 195.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04644-VC

196.     In response to the allegations in paragraph 196, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

197.     Monsanto incorporates by reference its responses to paragraphs 1 through 196 in response to paragraph 197 of plaintiff's Complaint.

198.     The allegations in paragraph 198 set forth conclusions of law for which no response is required.

199.     Monsanto denies the allegations in paragraph 199.

200.     Monsanto denies the allegations in paragraph 200.

201.     Monsanto denies the allegations in paragraph 201.

202.     Monsanto denies the allegations in paragraph 202.

203.     Monsanto denies the allegations in paragraph 203.

204.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 204 and therefore denies those allegations.

205.     Monsanto denies the allegations in paragraph 205, including each of its subparts.

206.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 206 concerning plaintiff's decedent's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 206, including that Roundup®-branded products have "dangerous characteristics."

207.     Monsanto denies the allegations in paragraph 207.

208.     Monsanto denies the allegation in paragraph 208.

209.     Monsanto denies the allegations in paragraph 209.

210.     Monsanto denies the allegation in paragraph 210.

211.     Monsanto denies the allegations in the first sentence of paragraph 211.  The allegations in the last sentence of paragraph 211 set forth conclusions of law for which no response is required.

212. Monsanto denies the allegations in paragraph 212.

213. Monsanto denies the allegations in paragraph 213.

214. In response to the allegations in paragraph 214, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

215. Monsanto incorporates by reference its responses to paragraphs 1 through 214 in response to paragraph 215 of plaintiff's Complaint.

216. The allegations in paragraph 216 set forth conclusions of law for which no response is required.

217. Monsanto denies the allegations in paragraph 217.

218. Monsanto denies the allegations in paragraph 218.

219. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 219 regarding users' and consumers' knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 219. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

220. Monsanto denies the allegations in paragraph 220.

221. Monsanto denies the allegations in paragraph 221, including each of its subparts.

222. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 222 regarding plaintiff's decedent's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in the first sentence of paragraph 222, including that intended use of and/or exposure to Roundup®-branded products causes any injuries.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 222 and therefore denies those allegations.

223. Monsanto denies the allegations in paragraph 223.

224.    Monsanto denies the allegations in the first sentence of paragraph 224.  The allegations in the last sentence of paragraph 224 set forth conclusions of law for which no response is required.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

225.    Monsanto denies the allegations in paragraph 225.

226.    Monsanto denies the allegations in paragraph 226.

227.    In response to the allegations in paragraph 227, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

228.    Monsanto incorporates by reference its responses to paragraphs 1 through 227 in response to paragraph 228 of plaintiff's Complaint.

229.    The allegations in paragraph 229 set forth conclusions of law for which no response is required.

230.    Monsanto denies the allegations in paragraph 230.

231.    In response to the allegations in paragraph 231, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that paragraph 231 sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 231.

232.    Monsanto denies the allegations in paragraph 232.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

233.    Monsanto denies the allegations in paragraph 233.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

234.    The allegations in paragraph 234 set forth conclusions of law for which no response is required.

235.    Monsanto denies the allegations in paragraph 235.

1    236.    Monsanto denies the allegations in paragraph 236.

2    237.    Monsanto denies the allegations in paragraph 237.

3    238.    Monsanto denies the allegation in paragraph 238.

4    239.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 239 regarding plaintiff's decedent's knowledge and

6    therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 239.

7    240.    Monsanto denies the allegation in paragraph 240.

8    241.    Monsanto denies the allegations in the first sentence of paragraph 241.  The

9    allegations in the last sentence of paragraph 241 set forth conclusions of law for which no

10   response is required.  All labeling of Roundup®-branded products has been and remains EPA-

11   approved and in compliance with all federal requirements under FIFRA.

12   242.    Monsanto denies the allegations in paragraph 242.

13   243.    Monsanto denies the allegations in paragraph 243.

14   244.    In response to the allegations in paragraph 244, Monsanto demands that judgment

15   be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

16   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

17   by law and such further and additional relief as this Court may deem just and proper.

18   245.    Monsanto incorporates by reference its responses to paragraphs 1 through 244 in

19   response to paragraph 245 of plaintiff's Complaint.

20   246.    Monsanto denies the allegations in paragraph 246.

21   247.    In response to the allegations in paragraph 247, Monsanto admits that it has sold

22   glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further

23   states that paragraph 247 sets forth conclusions of law for which no response is required.

24   Monsanto denies the remaining allegations in paragraph 247.

25   248.    Monsanto denies the allegations in the first and second sentences of paragraph

26   248.  All labeling of Roundup®-branded products has been and remains EPA-approved and in

27   compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

28   of paragraph 248 sets forth conclusions of law for which no response is required.

249.    The allegations in paragraph 249 set forth conclusions of law for which no response is required.

250.    Monsanto denies the allegations in paragraph 250.

251.    Monsanto denies the allegations in paragraph 251 and its subpart.

252.    Monsanto denies the allegations in paragraph 252.

253.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 253 regarding plaintiff's decedent's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 253.

254.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 254 and therefore denies those allegations.

255.    Monsanto denies the allegation in paragraph 255.

256.    Monsanto denies the allegations in the first sentence of paragraph 256.  The allegations in the last sentence of paragraph 256 set forth conclusions of law for which no response is required.

257.    Monsanto denies the allegations in paragraph 257.

258.    Monsanto denies the allegations in paragraph 258.

259.    In response to the allegations in paragraph 259, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

260.    Monsanto incorporates by reference its responses to paragraphs 1 through 259 in response to paragraph 260 of plaintiff's Complaint.

261.    Monsanto denies the allegations in paragraph 261.  Additionally, the allegations in the last sentence in paragraph 261 set forth conclusions of law for which no response is required.

262.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 262 concerning the plaintiff's decedent's claimed use of

1   Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

2   paragraph 262 set forth conclusions of law for which no response is required.

3        263.    The allegations in paragraph 263 set forth conclusions of law for which no

4   response is required.

5        264.    Monsanto denies the allegations in paragraph 264.

6        265.    The allegation in paragraph 265 regarding a purported implied warranty sets forth

7   a conclusion of law for which no response is required.  Monsanto lacks information or

8   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

9   265 and therefore denies those allegations.

10       266.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11  truth of the allegations in paragraph 266 concerning the condition of any Roundup®-branded

12  product allegedly used by plaintiff's decedent or about plaintiff's decedent's alleged uses of such

13  product and therefore denies the allegations in paragraph 266.

14       267.    Monsanto denies the allegations in paragraph 267.

15       268.    Monsanto denies the allegations in paragraph 268.

16       269.    Monsanto denies the allegations in the first sentence of paragraph 269.  The

17  allegations in the last sentence of paragraph 269 set forth conclusions of law for which no

18  response is required.

19       270.    Monsanto denies the allegations in paragraph 270.

20       271.    Monsanto denies the allegations in paragraph 271.

21       272.    In response to the allegations in paragraph 272, Monsanto demands that judgment

22  be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

23  prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

24  by law and such further and additional relief as this Court may deem just and proper.

25       273.    Monsanto incorporates by reference its responses to paragraphs 1 through 272 in

26  response to paragraph 273 of plaintiff's Complaint.

27       274.    In response to the allegations in paragraph 274, Monsanto admits that plaintiff

28  purports to bring a wrongful death action but denies any liability as to that claim.

275.    Monsanto denies the allegations in paragraph 275.

276.    In response to the allegations in paragraph 276, Monsanto admits that plaintiff purports to seek damages for wrongful death and survival action claims but denies any liability as to those claims.  The remaining allegations in paragraph 276 set forth conclusions of law for which no response is required.

277.    In response to the allegations in paragraph 277, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's and/or plaintiff's decedent's alleged injuries.

4.    Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.     Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.     Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.     Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's and/or plaintiff's decedent's injuries, if any, were the result of conduct of plaintiff's decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's decedent's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's and/or plaintiff's decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff and/or plaintiff's decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's and/or plaintiff's decedent's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and/or plaintiff's decedent and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff and/or plaintiff's decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Ohio Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Ohio law and/or other applicable state laws.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Ohio Rev. Code Ann. § 2315.21.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's decedent's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's decedent's own failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     To the extent that plaintiff and/or plaintiff's decedent recovered payments for his alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

25.     If plaintiff and/or plaintiff's decedent have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

27.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     Plaintiff's common law claims are barred, in whole or part, by application of the Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2307.80.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

1

## JURY TRIAL DEMAND

2          Monsanto demands a jury trial on all issues so triable.

3

4    DATED:  September 3, 2019                    Respectfully submitted,

5

6                                                /s/ Joe G. Hollingsworth
                                                 Joe G. Hollingsworth (*pro hac vice*)
7                                                (jhollingsworth@hollingsworthllp.com)
                                                 Eric G. Lasker (*pro hac vice*)
8                                                (elasker@hollingsworthllp.com)
                                                 HOLLINGSWORTH LLP
9                                                1350 I Street, N.W.
                                                 Washington, DC  20005
10                                               Telephone:  (202) 898-5800
                                                 Facsimile:   (202) 682-1639
11
                                                 *Attorneys for Defendant*
12                                               *MONSANTO COMPANY*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04644-VC