**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax: 202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

**SHOOK, HARDY & BACON L.L.P.**
Thomas J. Dammrich II (*pro hac vice*)
(tdammrich@shb.com)
111 S. Wacker Drive, Suite 4700
Chicago, IL 60606-4314
Tel: 312-704-7700
Fax: 312-558-1195

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741<br>)<br>) Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | )<br>) **DEFENDANT MONSANTO COMPANY'S** |
| *Keith Cichy v. Bayer Corporation, et al.*<br>Case No. 3:19-cv-04575-VC | ) **OPPOSITION TO PLAINTIFF'S MOTION**<br>) **TO REMAND**<br>)<br>) Date:  October 17, 2019<br>) Time: 10:00 a.m.<br>) Courtroom:  4 |

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ................................................................................................................i

TABLE OF AUTHORITIES .........................................................................................................ii

ISSUES TO BE DECIDED ..........................................................................................................1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ...................................................1

ARGUMENT ................................................................................................................................3

I.      Legal Standard. .................................................................................................................3

II.     Plaintiff Fraudulently Joined The Healthcare Defendants. ................................................4

III.    Plaintiff Fraudulently Misjoined The Healthcare Defendants. ..........................................6

    A.      The Allegations Against Monsanto And The Healthcare Defendants Do Not
    Arise Out Of The Same Transaction Or Occurrence. ............................................10

    B.      Plaintiff Fails To Allege A Question Of Law Or Fact Common To Monsanto
    And The Healthcare Defendants. ..........................................................................12

    C.      Joining Plaintiff's Claims Against Monsanto With His Claims Against The
    Healthcare Defendants Will Result In Prejudice, Expense, And Delay. .................13

IV.     Alternatively, The Court Should Use Federal Rule Of Civil Procedure 21 To Sever
    And Drop The Healthcare Defendants. .............................................................................14

V.      Plaintiff Is Not Entitled To Attorney's Fees Or Costs. ....................................................16

CONCLUSION ...........................................................................................................................16

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
3:16-md-02741-VC & 3:19-cv-04575-VC

## <u>TABLE OF AUTHORITIES</u>

**Page**

**CASES**

*Acevedo v. Allsup's Convenience Stores, Inc.*,
    600 F.3d 516 (5th Cir. 2010)........................................................................ 7

*Alegre v. Aguayo*,
    No. 06-C-5744, 2007 WL 141891 (N.D. Ill. 2007) ................................... 11, 16

*Bailey v. N. Tr. Co.*,
    196 F.R.D. 513 (N.D. Ill. 2000) ..................................................................... 11

*Bias v. Wells Fargo & Co.*,
    No. 12-CV-664 YGR, 2012 WL 2906664 (N.D. Cal. 2002)............................ 7

*Calif. Dump Truck Owners Ass'n v. Cummins Engine Co.*,
    24 F. App'x 727 (9th Cir. 2001) ..................................................................... 8

*Coughlin v. Rogers*,
    130 F.3d 1348 (9th Cir. 1997)........................................................................ 10

*Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*,
    276 F.3d 1150 (9th Cir. 2002)........................................................................ 15

*Dexia Credit Local v. Rogan*,
    604 F. Supp. 2d 1180 (N.D. Ill. 2009) ............................................................ 14

*Early v. Northrop Grumman Corp.*,
    No. 2:13-CV-3130-ODW-MRW, 2013 WL 3872218 (C.D. Cal. 2013) ............................ 6

*Equal Rights Ctr. v. Kohl's Corp.*,
    No. 14 C 8259, 2017 WL 3453374 (N.D. Ill. 2017)........................................ 15

*Evans v. Bristol-Myers Squibb Co.*,
    No. 12-CV-5005, 2012 WL 4956460 (N.D. Ill. 2012) ................................... 11

*Ewing v. Empire Capital Funding Grp., Inc.*,
    No. 17-CV-2507-LAB-MDD, 2019 WL 1746575 (S.D. Cal. 2019) ............................... 11

*Gomez v. Acharya*,

    No. 2:17-CV-2407-MCECKDP, 2019 WL 3034842 (E.D. Cal. 2019) ............................ 7

*Graff v. Leslie Hindman Auctioneers, Inc.*,

    299 F. Supp. 3d 928 (N.D. Ill. 2017) ............................................................... 3

*Grancare, LLC v. Thrower by & through Mills*,

    899 F.3d 543 (9th Cir. 2018) .......................................................................... 5

*Greene v. Wyeth*,

    344 F. Supp. 2d 674 (D. Nev. 2004) ............................................................... 7

*Hamilton Materials, Inc. v. Dow Chem. Corp.*,

    494 F.3d 1203 (9th Cir. 2007) ........................................................................ 5

*Harmon v. OKI Sys.*,

    115 F.3d 477 (7th Cir. 1997) .......................................................................... 3

*Hawkins v. Groot Indus., Inc.*,

    210 F.R.D. 226 (N.D. Ill. 2002) ................................................................. 7, 14

*Hill v. C.R. Bard, Inc.*,

    582 F. Supp. 2d 1041 (C.D. Ill. 2008) ......................................................... 5, 6

*In re Anthem, Inc. Data Breach Litig.*,

    No. 15-MD-02617-LHK, 2016 WL 324386 (N.D. Cal. 2016) ........................... 3

*In re Benjamin Moore & Co.*,

    318 F.3d 626 (5th Cir. 2002) .......................................................................... 7

*In re Depakote Alexander v. Abbott Labs., Inc.*,

    No. 12-CV-52-NJR-SCW, 2016 WL 6563483 (S.D. Ill. 2016) ................... 14, 15

*In re Gen. Am. Life Ins. Co. Sales Practices Litig.*,

    391 F.3d 907 (8th Cir. 2004) .......................................................................... 3

*In re Guidant Corp. Implantable Defibrillator Prods. Liability Litig.*,

    No. 07-cv-01487, 2007 WL 2572048 (D. Minn. 2007) ............................... 8, 12

*In re Rezulin Prods. Liab. Litig.*,
  No. 00-cv-02843, 2003 WL 21276425 (S.D.N.Y. 2003)......................................... 8

*In re Zyprexa Prods. Liab. Litig.*,
  No. 04-cv-01615, 2004 WL 2812095 (E.D.N.Y. 2004) ....................................... 9

*Johnson v. Pamplin*,
  No. 17-CV-0560-BAS-BLM, 2018 WL 316974 (S.D. Cal. 2018)................................. 13

*Jones v. CertifiedSafety, Inc.*,
  No. 17-CV-02229-EMC, 2019 WL 758308 (N.D. Cal. 2019) ........................................ 13

*Jurin v. Transamerica Life Ins. Co.*,
  No. C-14-02882-LB, 2014 WL 4364901 (N.D. Cal. 2014).................................... 4, 6, 12

*Keith Cichy v. Bayer Corporation, et al.*,
  No. 1:19-CV-02548 (N.D. Ill.) ........................................................... 1, 2, 4, 5, 6

*Kelly v. Amylin Pharm., LLC*,
  No. 14-CV-1086-AJB-MDD, 2014 WL 12496549 (S.D. Cal. 2014).............................. 14

*Lee v. Mann*,
  No. LE-424-1, 2000 WL 724046 (Va. Cir. Ct. 2000)......................................... 9

*Legal Helpers Debt Resolution, LLC v. Glob. Client Sols.*,
  No. 12-CV-03055, 2012 WL 3017886 (N.D. Ill. 2012) ...................................... 3

*Lim v. Am. Gen. Life Ins. Co.*,
  380 F. Supp. 3d 955 (N.D. Cal. 2018) ................................................. 5

*Martin v. Franklin Capital Corp.*,
  546 U.S. 132 (2005)........................................................... 16

*Matter of Asbestos II Consol. Pretrial*,
  No. 86-C-1739, 1989 WL 56181 (N.D. Ill. 1989) ......................................... 10

*Mendoza v. United States*,
  No. 15-CV-1528-JAH-BGS, 2018 WL 1907949 (S.D. Cal. 2018) ........................... 10, 15

*Morris v. Princess Cruises, Inc.*,
    236 F.3d 1061 (9th Cir. 2001) ................................................................... 3, 4, 6

*Myers v. Basto*,
    No. 18-CV-2239-DMS-BLM, 2019 WL 2209396 (S.D. Cal. 2019) ............................. 10

*Oda v. United States*,
    No. CV-11-04514-PSG, 2012 WL 692409 (N.D. Cal. 2012) .................................. 12

*On The Cheap, LLC v. Does 1-5011*,
    280 F.R.D. 500 (N.D. Cal. 2011) ................................................................. 13

*Ortiz v. Menu Foods, Inc.*,
    525 F. Supp. 2d 1220 (D. Hawaii 2007) ......................................................... 16

*Osborn v. Metro Life Ins. Co.*,
    341 F. Supp. 2d 1123 (E.D. Cal. 2014) ....................................................... 9, 11

*Palma v. Prudential Ins. Co.*,
    791 F. Supp. 2d 790 (N.D. Cal. 2011) ........................................................... 16

*Pampillonia v. RJR Nabisco, Inc.*,
    138 F.3d 459 (2d Cir. 1998) ........................................................................ 4

*Poulos v. Naas Foods, Inc.*,
    959 F.2d 69 (7th Cir. 1992) ..................................................................... 4, 5

*Ritchey v. Upjohn Drug Co.*,
    139 F.3d 1313 (9th Cir. 1998) ................................................................ 3, 4, 5, 6

*Robinson v. Avanquest N. Am. Inc.*,
    No. 14-C-8015, 2015 WL 196343 (N.D. Ill. 2015) ............................................. 6

*Rodriguez v. Hall Ambulance.*,
    No. 1:006-CV01580OOWWTAG, 2007 WL 470624 (E.D. Cal. 2007) ....................... 3

*Salazar v. San Juan Cty. Det. Ctr.*,
    301 F. Supp. 3d 922 (D.N.M. 2017) .............................................................. 5

*Schwartz v. Graebel Van Lines, Inc.*,

     No. 05-C-4682, 2006 WL 1343533 (N.D. Ill. 2006) ......................................... 7

*Sires v. Eli Lilly & Co.*,

     No. 5:05-117-JMH, 2005 WL 1239636 (E.D. Ky. 2005) .................................... 9

*Stone v. Zimmer, Inc.*,

     No. 09-80252-CIV, 2009 WL 1809990 (S.D. Fla. 2009) .................................... 9

*Sutton v. Davol, Inc.*,

     251 F.R.D. 500 (E.D. Cal. 2008) ........................................................... 7, 8, 14

*Tapscott v. MS Dealer Serv. Corp.*,

     77 F.3d 1353 (11th Cir. 1996) ....................................................................... 6, 7

*UWM Student Ass'n v. Lovell*,

     888 F.3d 854 (7th Cir. 2018) ............................................................................ 13

*Visendi v. Bank of Am., N.A.*,

     733 F.3d 863 (9th Cir. 2013) ............................................................................ 10

*White v. Connell*,

     No. C-17-03177-WHA, 2017 WL 3535033 (N.D. Cal. 2017) ......................... 15

*Wynn v. Nat'l Broad Co., Inc.*,

     234 F. Supp. 2d 1067 (C.D. Cal. 2002) ........................................................... 13

**STATUTES**

735 ILCS 5/13-212(a) ................................................................................................... 5

28 U.S.C. § 1332(a) ...................................................................................................... 3

28 U.S.C. § 1441 ........................................................................................................... 3

28 U.S.C. § 1446(a) ...................................................................................................... 6

28 U.S.C. § 1447 ...................................................................................................... 5, 16

**RULES**

Federal Rule of Civil Procedure 20(a)(2) ............................................. 7, 10, 11, 12, 13

Federal Rule of Civil Procedure 21 ............................................................ 1, 7, 14, 16

## ISSUES TO BE DECIDED

Defendant Monsanto Company ("Monsanto") submits the following Opposition to Plaintiff's Motion to Remand.  Plaintiff has combined two unrelated lawsuits in an attempt to deprive Monsanto of its right to a federal forum.  The claims against the non-diverse defendants (health care providers), which are time-barred, are based on the prescription of an antifungal medication which has no connection to Monsanto or the product on which Plaintiff's product liability claims against Monsanto are based.  The Court should deny Plaintiff's Motion to Remand, and dismiss, sever, or drop Plaintiff's claims against the non-diverse defendants, while retaining jurisdiction over Plaintiff's claims against Monsanto.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 5, 2019, Plaintiff filed this action in the Circuit Court of Cook County, Illinois asserting claims against Monsanto under theories of strict products liability, failure to warn, and negligence associated with the promotion and sale of Roundup®-branded herbicides, which have glyphosate as their active ingredient.  ECF No. 5228-2 (Counts I-VI).  Plaintiff's Complaint also asserts claims against non-diverse defendants Northwestern Memorial Hospital, Northwestern Medical Faculty Foundation, and Olga Frankfurt, M.D. (collectively, "Healthcare Defendants") under theories of medical negligence associated with the prescription of Voriconazole, an antifungal medication with no connection to Monsanto.  ECF No. 5228-2 (Counts VII-IX).

Monsanto filed its Notice of Removal to the United States District Court for the Northern District of Illinois.  *See Keith Cichy v. Bayer Corporation, et al.*, Case No. 1:19-cv-02548, at ECF No. 1 (N.D. Ill. Apr. 15, 2019).  In its Notice of Removal, Monsanto argued that removal was proper because "[t]he in-state Healthcare Defendants were fraudulently misjoined and should be severed under Rule 21" because Plaintiff's medical negligence claims against them "are legally and factually distinct from the allegations for strict liability and negligence against Monsanto . . . ."  *Id.* at ¶ 2.  On May 1, 2019, Plaintiff filed a Motion to Remand from the Northern District of Illinois back to the Circuit Court of Cook County, Illinois.  *Id.* at ECF Nos. 14, 15.  In his Motion, Plaintiff argued that the doctrines of fraudulent joinder and fraudulent misjoinder were inapplicable to his claims against

the Healthcare Defendants. *See id.* at ECF No. 15.  Then on May 20, 2019, the Healthcare Defendants filed a Motion to Dismiss Plaintiff's claims against them pursuant to Rule 12(b)(6) "because it is clear from the face of the complaint that plaintiff's claims against [the Healthcare Defendants] are barred by the applicable statute of limitations." *Id.* at ECF No. 23, ¶ 1.  On May 25, 2019, Monsanto filed its opposition to Plaintiff's Motion to Remand, responding to each of Plaintiff's arguments and demonstrating that the distinct doctrines of fraudulent joinder, fraudulent misjoinder, and Federal Rule of Civil Procedure 21 each support a finding that the Court should dismiss, sever, or drop Plaintiff's claims against the Healthcare Defendants, and retain jurisdiction over Plaintiff's claims against Monsanto. *Id.* at ECF No. 26.  By June 5, 2019, Plaintiff's Motion to Remand and the Healthcare Defendants' Motion to Dismiss were fully briefed and under advisement in the Northern District of Illinois. *Id.* at ECF No. 28. [1]

Meanwhile, on April 19, 2019, the Judicial Panel on Multidistrict Litigation ("JPML") entered a Conditional Transfer Order transferring the case to these MDL proceedings (*id.* at ECF No. 18-2) and on July 31, 2019, the JPML denied Plaintiff's Motion to Vacate the Conditional Transfer Order. ECF No. 5228-3 at 2.  In its Order denying Plaintiff's Motion to Vacate, the JMPL held that "*Cichy* shares multiple factual issues with the cases already in the MDL." *Id.*

Plaintiff's claims against Monsanto belong in this multidistrict litigation, where common issues of law and fact will be determined alongside other products liability lawsuits involving Monsanto's Roundup®-branded herbicides.  The distinct doctrines of fraudulent joinder and fraudulent misjoinder, as well as Federal Rule of Civil Procedure 21, give this Court the power to dismiss, sever, or drop Plaintiff's claims against the Healthcare Defendants.  As set forth in Monsanto's Notice of Removal, there is complete diversity of citizenship between Plaintiff (Illinois) and Defendants Monsanto (Delaware and Missouri) and Bayer Corporation (Indiana and New Jersey). *Cichy*, Case No. 1:19-cv-02548 at ECF No. 1, ¶¶ 8-10 (N.D. Ill. Apr. 15, 2019).  Because removal

---

[1]    In the instant Motion to Remand, Plaintiff erroneously claims that "[a]s of the date of this filing, none of the Healthcare Defendants have . . . moved to dismiss, or otherwise challenged the legal sufficiency of the Plaintiff's Complaint." *See* ECF No. 5228-1 at 2. The Healthcare Defendants' Motion to Dismiss was fully briefed while this matter was pending before the Northern District of Illinois. *See Cichy*, Case No. 1:19-cv-02548 at ECF Nos. 23, 29, 30 (N.D. Ill.).

1  was proper, Plaintiff's request for reimbursement should also be denied.

2       This Court's July 9, 2019 remand order (ECF No. 4533) does not compel a different

3  outcome.  Unlike in those actions, the fraudulent joinder of the in-state defendants here is based on

4  expiration of the statute of limitation and the fraudulent misjoinder argument is based on the

5  misjoinder of *defendants, health care providers* (not plaintiffs).  Moreover, the Court's prior order

6  found that a then-pending California state court severance order rendered the fraudulent joinder

7  analysis premature, an issue which is not present in this action transferred from Illinois.

8  <u>**ARGUMENT**</u>

9  **I.**    **Legal Standard.**

10       Removal of Plaintiff's civil suit pursuant to 28 U.S.C. § 1441 based on diversity of citizenship

11  under § 1332(a) was appropriate because the non-diverse Healthcare Defendants were not properly

12  joined by Plaintiff.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Graff v.*

13  *Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 932 (N.D. Ill. 2017).[2]

14       While the allegations in the Complaint alone satisfy Monsanto's burden of establishing federal

15  jurisdiction, the court may consider the record as a whole when ruling on a remand motion.  *Ritchey*

16  *v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("The defendant seeking removal to the

17  federal court is entitled to present the facts showing the joinder to be fraudulent.") (citing cases); *see*

18  *also Rodriguez v. Hall Ambulance*, No. 1:06-CV01580OWWTAG, 2007 WL 470624, at *3 (E.D.

19  Cal. Feb. 9, 2007) (the court may consider "any affidavits or other evidence presented regarding

20  fraudulent joinder" when ruling on a remand motion); *Legal Helpers Debt Resolution, LLC v. Glob.*

21  *Client Sols.*, No. 12-CV-03055, 2012 WL 3017886, at *1 (N.D. Ill. July 23, 2012) ("[T]he

22  removability of a case is determined from the record as a whole."); *Harmon v. OKI Sys.*, 115 F.3d

23  _____

24  [2]    In his Motion to Remand, Plaintiff sets forth arguments pursuant to Illinois law.  ECF No. 5228 at 2 ("Plaintiff files the instant motion for remand under Illinois law.").  As noted by this Court

25  in its July 10, 2019 Pretrial Order, "Ninth Circuit decisions on federal issues govern cases transferred to courts within the circuit . . . ."  *See* ECF No. 4549 at 3; *Id.* at 1 ("[F]or questions of federal law, . .

26  . Ninth Circuit law will govern regardless of where a case originated.") (citing *In re Gen. Am. Life Ins. Co. Sales Practices Litig.*, 391 F.3d 907, 911 (8th Cir. 2004) and *In re Anthem, Inc. Data Breach*

27  *Litig.*, Case No. 15-MD-02617-LHK, 2016 WL 324386, at *2 (N.D. Cal. Jan. 27, 2016)).  As a result, Monsanto has included an analysis under both Ninth Circuit/California and Seventh Circuit/Illinois

28  law.  Under either analysis, Plaintiff's Motion should be denied.

477, 479–80 (7th Cir. 1997) (the court may consider any "evidence [that] sheds light on the situation which existed when the case was removed" when ruling on a remand motion).  Thus, the Court should consider the Complaint, the parties' briefing submitted to the Northern District of Illinois on the issue of remand, the United States Judicial Panel on Multidistrict Litigation's Transfer Order, and the Healthcare Defendants' Motion to Dismiss, and deny the instant Motion.[3]

## II.   Plaintiff Fraudulently Joined The Healthcare Defendants.

Fraudulent joinder cannot destroy diversity jurisdiction.  *Ritchey*, 139 F.3d at 1318 ("It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds."); *see also Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72-74 (7th Cir. 1992).  As recognized by this Court in its July 9, 2019 Pretrial Order, "[t]he doctrine of fraudulent joinder applies when a non-diverse defendant has 'no real connection with the controversy.'"  ECF No. 4533 at 3 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).  "If it is 'obvious' that a plaintiff has no cause of action against a defendant, the citizenship of that defendant can be ignored when assessing diversity jurisdiction." *Id.* (quoting *Morris*, 236 F.3d at 1067).  Fraudulent joinder exists where, "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the parties whose joinder is questioned."  *Id.* (quoting *Jurin v. Transamerica Life Ins. Co.*, No. C-14-02882-LB, 2014 WL 4364901, at *3 (N.D. Cal. Sept. 3, 2014)); *see also Poulos*, 959 F.2d at 73 (joinder is fraudulent where "the plaintiff cannot establish a cause of action against the in-state defendant").  Otherwise, as the Seventh Circuit has recognized, a plaintiff "could defeat diversity jurisdiction by joining his grandmother as a defendant - surely *some* set of facts might make her liable." *Poulos*, 959 F.2d at 74.

Both the Ninth and Seventh Circuits have upheld rulings of fraudulent joinder where "a plaintiff is barred by the statute of limitations from brining claims against [the in-state] defendant."

---

[3]   As noted above, the issues of fraudulent joinder and fraudulent misjoinder were both raised by Monsanto in opposition to Plaintiff's Motion to Remand filed before the Northern District of Illinois.  *See Cichy*, Case No. 1:19-cv-02548 at ECF No. 26 (N.D. Ill.).  Plaintiff's cursory discussion of fraudulent joinder and complete omission of the Healthcare Defendants' Motion to Dismiss does not remove these issues from this Court's consideration in ruling on the instant Motion.

- 4 -

*Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Ritchey*, 139 F.3d at 1320); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007); *Hill v. C.R. Bard, Inc.*, 582 F. Supp. 2d 1041, 1048 (C.D. Ill. 2008) (fraudulent joinder "can be found when the statute of limitations for a cause of action against a joined party had run and thus there is no possibility that a plaintiff could state a cause of action against nondiverse defendants in state court") (citing *LeBlang Motors, Ltd. v. Subaru of America, Inc.*, 148 F.3d 680, 690 (7th Cir. 1998) ("We must determine whether the statute of limitations had run against Wright and Knight . . . . If the time to bring the cause of action had expired, then the district court was correct in dismissing Wright and Knight as fraudulently joined.")).

As noted in the Healthcare Defendants' Motion to Dismiss, Plaintiff's claims against the Healthcare Defendants accrued no later than April 8, 2015, and are therefore barred under the 2-year statute of limitations applicable to medical negligence claims under 735 ILCS 5/13-212(a). *See Cichy*, Case No. 1:19-cv-02548 at ECF No. 23, ¶ 1 (N.D. Ill. May 20, 2019). Plaintiff filed this action on March 5, 2019, approximately twenty-three (23) months *after* the statute of limitations expired on April 8, 2017. *Id.* at ¶ 23. Thus, there is "no possibility" that Plaintiff can state a cause of action against the non-diverse Healthcare Defendants, who were joined solely for the purpose of defeating diversity jurisdiction with Monsanto. *Lim v. Am. Gen. Life Ins. Co.*, 380 F. Supp. 3d 955, 957 (N.D. Cal. 2018); *see also Poulos*, 959 F. 2d at 74.

The scenario here is unlike that addressed by this Court in its July 9, 2019 Pretrial Order remanding eleven multi-plaintiff cases (*Abreu, et al.*). *See* ECF No. 4533. There, this Court found that addressing the doctrine of fraudulent joinder (under Monsanto's proposed differentiation of plaintiffs "based on their category of Roundup usage") was premature in light of Alameda County Superior Court Judge Winifred Smith's then-pending January 25, 2019 order severing the multi-plaintiff cases at issue into single-plaintiff matters. *Id.* at 4 ("[T]he statute that governs remand speaks in terms of 'remanding a case' – not remanding individual claims or parties. Therefore, Monsanto cannot carve a subset of plaintiff's out of each case. . . . For Monsanto's plan to work, the cases would first need to be severed.") (citing 28 U.S.C. § 1447 and *Salazar v. San Juan Cty. Det. Ctr.*, 301 F.

- 5 -

Supp. 3d 922, 1006 (D.N.M. 2017)).   Unlike *Abreu, et al.*, no severance order is pending here. Moreover, this case involves a single plaintiff who has asserted time-barred claims against in-state Healthcare Defendants.  Since Plaintiff "could not possibly recover" against them, the Healthcare Defendants have been fraudulently joined in this action.  *Jurin*, 2014 WL 4364901, at *3; *see also* ECF No. 4533 at 2 (fraudulent joinder "occurs when a non-diverse defendant is named in the lawsuit to defeat diversity jurisdiction, even though there is no claim against that non-diverse defendant").

Because the statute of limitations has run on Plaintiff's claims against the Healthcare Defendants, it is evident that Plaintiff joined them in this action solely for the purpose of defeating diversity jurisdiction.  Plaintiff's Motion should be denied, and the Healthcare Defendants should be dismissed pursuant to the doctrine of fraudulent joinder.  *See Ritchey*, 139 F.3d at 1320 (parties against whom the statute of limitations has already run are "sham defendants for purposes of removal"); *see also Morris*, 236 F.3d at 1066 (affirming dismissal of action against in-state defendants who were fraudulently joined); *Hill*, 582 F. Supp. 2d at 1049 ("Plaintiff would have no possibility of success against the doctors in state court, they have been fraudulently joined in federal court for the purpose of defeating diversity jurisdiction, and the Motion for Remand must be DENIED.").[4]

### III.   Plaintiff Fraudulently Misjoined The Healthcare Defendants.

Plaintiff also fraudulently misjoined the Healthcare Defendants to try to prevent removal.  In the July 9, 2019 Pretrial Order (discussing fraudulent joinder in the context of misjoined *plaintiffs*), this Court recognized that "fraudulent misjoinder involves parties who should be proceeding in separate actions."  ECF No. 4533 at 4 (citing *Early v. Northrop Grumman Corp.*, No. 2:13-CV-3130-ODW-MRW, 2013 WL 3872218, at *2 (C.D. Cal. Jul. 24, 2013)).  The Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.* first recognized that misjoinder of a resident *defendant* "may be just as

---

[4]     Although the statute of limitations basis for fraudulent joinder was not addressed in the Notice of Removal and was first raised in the Healthcare Defendants' motion to dismiss, a Notice of Removal need only contain "a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a). This Court is permitted to consider the record as a whole in determining removability.  *Ritchey*, 139 F.3d at 1318; *see also Robinson v. Avanquest N. Am. Inc.*, No. 14-C-8015, 2015 WL 196343, at *3 (N.D. Ill. Jan. 13, 2015) (the court "has the option of treating the Notice of Removal as if it had been amended to include relevant . . . later-filed" information).  Moreover, the statute of limitations basis for fraudulent joinder was previously raised in Monsanto's opposition to remand filed before the Northern District of Illinois.  *See Cichy*, No. 1:19-cv-02548 at ECF No. 26 (N.D. Ill. May 28, 2019).

fraudulent as the joinder of a resident against whom a plaintiff has no possibility of a cause of action."
77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204
F.3d 1069, 1072-73 (11th Cir. 2000).   "A defendant's 'right of removal cannot be defeated by a
fraudulent joinder of a resident defendant *having no real connection with the controversy.*'"  *Id.*
(quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (emphasis added)).   "Fraudulent
misjoinder requires not just 'mere misjoinder,' but joinder 'so egregious' that it is akin to fraud."
ECF No. 4533 at 4 (quoting *Tapscott*, 77 F.3d at 1360).   As discussed below, Plaintiff's misjoinder
of wholly unrelated claims, against unrelated parties, in an attempt to defeat removal warrants
application of the doctrine of fraudulent misjoinder.

"[S]ince Rule 21 does not provide any standards by which district courts can determine if
parties are misjoined, courts have looked to Rule 20 for guidance."  *Bias v. Wells Fargo & Co.*, No.
12-CV-664 YGR, 2012 WL 2906664, at *2 (N.D. Cal. July 13, 2012) (citing *Acevedo v. Allsup's
Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010)).   Under Rule 20(a), joinder of defendants
in one action is permitted if: (1) the plaintiff asserts against all defendants "any right to relief . . .
arising out of the same transaction . . . or occurrences;"  **and** (2) "any question of law or fact common
to all defendants will arise in the action."  *Gomez v. Acharya*, No. 2:17-CV-2407MCECKDP, 2019
WL 3034842, at *2 (E.D. Cal. July 11, 2019) (quoting Fed. R. Civ. P. 20(a) (emphasis added)); *see
also Schwartz v. Graebel Van Lines, Inc.*, No. 05-C-4682, 2006 WL 1343533, at *2 (N.D. Ill. May
15, 2006).   "Misjoinder occurs when parties fail to satisfy either of the two requirements set forth in
Rule 20(a)."  *Hawkins v. Groot Indus., Inc.*, 210 F.R.D. 226, 229-230 (N.D. Ill. 2002).   Misjoinder is
fraudulent where unrelated claims are joined in a single action "in order to defeat diversity jurisdiction
in federal court."  *Greene v. Wyeth*, 344 F. Supp. 2d 674, 685 (D. Nev. 2004); *see also Sutton v.
Davol, Inc.*, 251 F.R.D. 505, 504 (E.D. Cal. 2008).

While the Seventh Circuit has neither adopted nor rejected the doctrine of fraudulent
misjoinder, the Fifth and Ninth Circuits have both recognized it since *Tapscott*.  *See In re Benjamin
Moore & Co.*, 318 F.3d 626, 630-31 (5th Cir. 2002) (recognizing the "force of the *Tapscott* principle
that fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of

- 7 -

defendants to circumvent diversity jurisdiction"); *Calif. Dump Truck Owners Ass'n v. Cummins Engine Co.*, 24 F. App'x 727, 729 (9th Cir. 2001) (assuming that the Ninth Circuit would accept the fraudulent misjoinder doctrine).

The facts of this case merit application of the doctrine of fraudulent misjoinder. Plaintiff's claims against the Healthcare Defendants are based on their prescription of Voriconazole, a product with no connection to Monsanto or Roundup®-branded herbicides and are both legally and factually distinct from the allegations for strict liability and negligence alleged against Monsanto for selling and promoting those herbicides. Plaintiff's Complaint alone shows he has misjoined two unrelated cases. Paragraphs 1-185 focus exclusively on Roundup®-branded herbicides (except for brief references to the Healthcare Defendants for purposes of jurisdiction and venue). Then, starting with Count VII at Paragraphs 186-213, Plaintiff separately discusses purported facts concerning the Healthcare Defendants. *Compare* ECF No. 5228-2 at ¶¶ 1-185 *with* ¶¶ 186-213. Notably, in each of the subsequent Counts against the Healthcare Defendants, Plaintiff incorporates by reference *only* those factual allegations applicable to and pleaded against the Healthcare Defendants. *See* ECF No. 5228-2 at ¶¶ 217-244 (incorporating paragraphs 186-213 by reference into Count VIII); ¶¶ 248-275 (incorporating paragraphs 217-244 by reference into Count IX). Plaintiff *does not* incorporate by reference Paragraphs 1-185 (relating to Monsanto and Roundup®-branded herbicides) into allegations against the Healthcare Defendants.

Faced with similar factual scenarios, numerous federal courts have severed and remanded claims against non-diverse healthcare providers fraudulently misjoined with product liability claims asserted against out-of-state manufacturers. *See e.g., Sutton*, 251 F.R.D. at 505 ("claims based on strict products liability against the removing Defendants are separate from Plaintiff['s] claims of medical malpractice [which] are not based on the allegedly negligent testing and manufacture" of a product); *In re Guidant Corp. Implantable Defibrillator Prods. Liability Litig.*, No. 07-cv-01487, 2007 WL 2572048 (D. Minn. Aug. 30, 2007) (medical malpractice claim lodged against physician who explanted defibrillator were fraudulently misjoined with products liability case against manufacturer of defibrillator); *In re Rezulin Prods. Liab. Litig.*, No. 00-cv-02843,

2003 WL 21276425, at *1 (S.D.N.Y. June 2, 2003) ("the joinder of the malpractice claim[s] with the others" was improper; denying remand and severing and remanding only claims against physicians); *Sires v. Eli Lilly & Co.*, No. 5:05-117-JMH, 2005 WL 1239636 at 7 (E.D. Ky. May 24, 2005) (claims against the manufacturer "do not arise out of the same transaction or occurrence as the claims against" the health care provider defendants; denying remand); *Stone v. Zimmer, Inc.*, No. 09-80252-CIV, 2009 WL 1809990, at *4 (S.D. Fla. June 25, 2009) ("[J]oinder of the malpractice claim . . . with the product liability claim [is] inappropriate because these claims do not both involve common questions of law or fact and do not assert joint, several or alternative liability arising out of the same transaction, occurrence or series of transactions or occurrences.") (citations omitted); *see also In re Zyprexa Prods. Liab. Litig.*, No. 04-cv-01615, 2004 WL 2812095 (E.D.N.Y. Dec. 3, 2004) (severing claims against physicians); *Lee v. Mann*, No. LE-424-1, 2000 WL 724046, at *2 (Va. Cir. Ct. April 5, 2000) (claims against pharmaceutical manufacturer and physician "do not arise out of the 'same transaction or occurrence'"; granting motion for severance).

Furthermore, the scenario in this case is again different from that addressed by the Court in its in July 9, 2019 Pretrial Order.  ECF No. 4533.  There, this Court rejected Monsanto's fraudulent misjoinder argument, holding that Monsanto failed to demonstrate that "the joinder of the *plaintiffs* was in obvious violation of California's joinder rules (which, incidentally, are more permissive than the federal rule)." *Id.* at 5 (citing *Osborn v. Metro Life Ins. Co.*, 341 F. Supp. 2d 1123, 1128-29 (E.D. Cal. 2014)); *see also Osborn*, 341 F. Supp. 2d at 1129 ("[I]n federal practice, all claims joined must arise out of the same transaction or series of transactions, but under California law, a common question of liability satisfies the party-joinder rules.").  In this case, it is Plaintiff's misjoinder of *defendants*, not plaintiffs, that is improper.[5]  Moreover, in the July 9, 2019 Pretrial Order, this Court noted that "there are at least some questions of fact and law common to all of the plaintiffs" in *Abreu,*

---

[5]     Because this matter involves the fraudulent misjoinder of defendants, rather than plaintiffs, this circuit's district courts' "chilly reception" to the doctrine of fraudulent misjoinder is mitigated. ECF No. 4533 at 6 (nothing that the "chilly reception may be precisely because of the concern discussed here – that it would be inappropriate, even in the context of fraudulent misjoinder, for a federal court to separate out *plaintiffs*, remanding some and retaining others") (emphasis added). Plaintiff's joinder of wholly unrelated claims *against* unrelated parties, if allowed to proceed, will result in juror confusion, prejudice to defendants, and serve only to undermine any economies in litigation that may otherwise come from allowing joinder.

1 *et al.* ECF No. 4533 at 5.  In this case, no common question of liability, fact or law exists between

2 Plaintiff's claims against the Healthcare Defendants and Plaintiff's claims against Monsanto.  As

3 explained below, Plaintiff cannot satisfy either prong of Rule 20(a)(2), and remand will result in

4 prejudice, expense and delay.

5         **A.**       **The Allegations Against Monsanto And The Healthcare Defendants Do Not**
                **Arise Out Of The Same Transaction Or Occurrence.**

6

7       No "transaction, occurrence, or series of transactions or occurrences" connects Plaintiff's

8 claims against Monsanto with Plaintiff's separate claims against the Healthcare Defendants.  Fed. R.

9 Civ. P. 20(a)(2)(A).  Plaintiff attempts to overcome this deficiency by summarily arguing that "[t]he

10 claims against Defendants Monsanto and the Healthcare Defendants arise out of two closely related

11 transactions: AML caused by the prolonged exposure to Roundup® and the subsequent medical

12 negligence in the treatment of the AML."  ECF No. 5228-1 at 10.  This position ignores key criteria

13 considered under the Rule 20 analysis, including the time, place, duration, and extent of the injuries

14 alleged.  *See Myers v. Basto*, No. 18-CV-2239-DMS-BLM, 2019 WL 2209396, at *3 (S.D. Cal. May

15 22, 2019) ("Plaintiff's experience with Arias and Plaintiff's experience with Basto are differentiated

16 by the actors, the time, the place, and the surrounding facts, which establishes that the occurrences

17 with Arias and Basto do not relate to, nor arise from, the same transaction or occurrence."); *see also*

18 *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (Rule 20 "requires factual similarity

19 in the allegations supporting Plaintiffs' claims . . . ."); *Mendoza v. United States*, No. 15-CV-1528-

20 JAH-BGS, 2018 WL 1907949, at *2 (S.D. Cal. Apr. 20, 2018) ("[C]laims that are discrete, and

21 involve different legal issues, standards, and procedures require individualized attention, and

22 therefore do not involve common questions of law or fact.") (citing *Coughlin v. Rogers*, 130 F.3d

23 1348, 1351 (9th Cir. 1997)); *Matter of Asbestos II Consol. Pretrial*, No. 86-C-1739, 1989 WL 56181,

24 at *1 (N.D. Ill. May 10, 1989) (the "transaction or occurrence test" is not satisfied where "[n]o

25 allegation is made that the individual plaintiffs and decedents suffered exposure to products of any

26 defendant at the same time nor at the same place" and where "all plaintiff's exposure differs as to

27 duration and magnitude").

28

1    In this case, the injuries allegedly caused by the Healthcare Defendants occurred at a different

2    time and place, and were of a different duration and magnitude, as compared to those allegedly caused

3    by Monsanto.  Plaintiff has not alleged, and cannot legitimately claim, that Monsanto engaged in any

4    negligent conduct in connection with Voriconazole or that the Healthcare Defendants engaged in any

5    negligent conduct in connection with Roundup®-branded herbicides.  Without a "common transaction

6    or occurrence that links the defendants [to] one another . . . their joinder in the same suit is improper."

7    *Ewing v. Empire Capital Funding Grp., Inc.*, No. 17-CV-2507-LAB-MDD, 2019 WL 1746575, at *2

8    (S.D. Cal. Apr. 17, 2019); *see also Bailey v. N. Tr. Co.*, 196 F.R.D. 513, 516 (N.D. Ill. 2000) (Rule

9    20's "common transaction or occurrence requirement" necessitates a "causal link between a common

10   and identifiable wrongful act on part of" all defendants).  Even if the "more permissive" joinder rules

11   under California law were applied, Plaintiff remains unable to demonstrate that a common question

12   of liability exists between the Healthcare Defendants and Monsanto.  *Osborn*, 341 F. Supp. 2d at

13   1129.

14   The cases that Plaintiff relies on involve claims asserted against defendants whose conduct

15   was linked through a common product – *i.e.*, where the claims against the in-state defendants are

16   based on the prescription of the same product on which the plaintiff's product liability claim is based,

17   and therefore, arose out of the same transaction or occurrence.  In *Alegre v. Aguayo*, No. 06-C-5744,

18   2007 WL 141891 (N.D. Ill. Jan. 17, 2007), the Court noted that the conduct of the defendants, a

19   pharmaceutical manufacturer and doctor, was "closely related" because the allegations against both

20   defendants centered on the pharmaceutical drug Vioxx.  2007 WL 141891, at *6.  One of the

21   defendants in that case was the manufacturer of Vioxx, the other defendant prescribed Vioxx to the

22   plaintiff.  *Id.  Evans v. Bristol-Myers Squibb Co.* involved 81 plaintiffs (including four citizens of the

23   same two states as defendants) joined in a suit against pharmaceutical-manufacturers related to

24   overpromotion of the same drug.  No. 12-CV-5005, 2012 WL 4956460 (N.D. Ill. Oct. 16, 2012).  The

25   defendants each had some association with "the drug known by the brand name Plavix."  *Id.* at *1.

26   Here, there is no common product, transaction or occurrence linking Plaintiff's claims against the

27   Healthcare Defendants with Monsanto.  There are two completely different products at issue: a

28

- 11 -

1  prescription antifungal medication, Voriconazole BID, and a Roundup®-branded herbicide.

2  Plaintiff's joinder of these claims fails the "transaction or occurrence" requirement of Rule 20(a).[6]

3  **B.     Plaintiff Fails To Allege A Question Of Law Or Fact Common To Monsanto
           And The Healthcare Defendants.**

4

5          The allegations in the Complaint against the Healthcare Defendants also are legally and

6  factually distinct from the allegations against Monsanto.  The claims against Monsanto involve

7  product-liability-related legal theories. The claims against the Healthcare Defendants involve medical

8  negligence.  No question of law or fact common to all Defendants exists.  A finding of liability against

9  the Healthcare Defendants "will have no bearing whatsoever on a finding of liability" against

10  Monsanto as "the evidence required in determining liability in either case will be completely

11  separate." *Oda v. United States*, No. CV-11-04514-PSG, 2012 WL 692409, at *2 (N.D. Cal. Mar. 2,

12  2012) ("[J]oinder of the products liability defendant and the medical malpractice defendant" was

13  improper "because '[a]ny liability that may be found against either [defendant] would not be a basis

14  for liability as to the other,' and thus the separate claims do not involve common questions of law or

15  fact.") (quoting *Guidant Corp.*, 2007 WL 2572048 at *2).

16          It is undeniable that different evidence will be required to determine the liability of the

17  Healthcare Defendants versus Monsanto.  Plaintiff's claims against the Healthcare Defendants

18  concern the prescription of Voriconazole, an antifungal medication. ECF No. 5228-2, at ¶¶ 186-278.

19  Plaintiff claims he was treated for graft-versus-host disease with Voriconazole, and was also

20  prescribed Voriconazole for hypopigment lesions linked to Bowen's disease, and for his Mohs

21  procedure.  *Id.* at ¶¶ 193-98, 201-02.  After using Voriconazole for years, Plaintiff was allegedly

22  diagnosed with photosensitivity/phototoxicity and Bowen's disease due to prolonged exposure.  *Id.*

23  at  ¶¶ 209,  212.  Plaintiff  claims  that  he  was  not  warned  of  the  possibility  of

24  photosensitivity/phototoxicity by any of the Healthcare Defendants.  *Id.* at ¶ 215.  None of these

25  allegations raise legal or factual issues common with Plaintiff's claims against Monsanto, which

26
27  [6]     The scenario here is also distinguishable from the *Jurin* matter cited by the Court in the July
    9, 2019 Pretrial Order.  ECF No. 4533 at 5.  In *Jurin*, this Court noted that a "nexus" existed between
28  the defendants in that one defendant (Transamerica) hired the other (Dr. Nijjar) to perform a medical
    examination of the plaintiff, which formed the basis for his claims.  *Jurin*, 2014 WL 4364901, at *1.

- 12 -

1 concern Plaintiff's alleged exposure to Roundup®-branded herbicides and subsequent diagnosis of

2 acute myeloid leukemia.  *Id.* at ¶ 74.

3 **C.      Joining Plaintiff's Claims Against Monsanto With His Claims Against The Healthcare Defendants Will Result In Prejudice, Expense, And Delay.**

4

5            Plaintiff's overbroad interpretation of Rule 20 ignores the purpose and limitations of the rule.

6 "A determination on the questions of joinder of parties lies within the discretion of the district court."

7 *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002).  "Since joinder is

8 permissive in character, there is 'no requirement that the parties must be joined,' particularly where

9 joinder would 'confuse and complicate the issues for all parties involved' rather than make the

10 resolution of the case more efficient."  *On The Cheap, LLC v. Does 1-5011*, 280 F.R.D. 500, 503

11 (N.D. Cal. 2011) (citing *Wynn*, 234 F. Supp. 2d at 1078, 1088)); *see also UWM Student Ass'n v.*

12 *Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (while Rule 20 grants courts "considerable flexibility in

13 managing and structuring civil litigation for fair and efficient resolution of complex disputes ... [s]till,

14 there are limits").  "Unrelated claims against different defendants belong in different suits."  *Johnson*

15 *v. Pamplin*, No. 17-CV-0560-BAS-BLM, 2018 WL 316974, at *3 (S.D. Cal. Jan. 8, 2018); *see also*

16 *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (same).  Joinder is improper where "the addition

17 of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense

18 or delay." *Jones v. CertifiedSafety, Inc.*, No. 17-CV-02229-EMC, 2019 WL 758308, at *3 (N.D. Cal.

19 Feb. 20, 2019) (citing 7 Wright & Miller, Federal Practice and Procedure § 1652 (3d ed.)); *see also*

20 *UWM*, 888 F.3d at 863 (same).

21            Leaving Plaintiff's claims against all Defendants joined will undoubtedly result in confusion,

22 prejudice, and additional litigation expense.  Joining unrelated parties in a single suit exacerbates

23 mass tort litigation issues, leading to congestion of state court dockets, delay, excess costs, and

24 increases the risk of inconsistent judicial rulings.  Rather than serving judicial economy, leaving

25 Plaintiff's claims joined and/or transferring them back to Illinois state or federal court will serve only

26 to hamper the very purpose for which these MDL proceeding were established: avoiding duplication

27 of discovery, preventing inconsistent or repetitive rulings, and conserving the financial resources of

28

- 13 -

the parties, their counsel, and the judiciary. *Sutton*, 251 F.R.D. at 505 (severing and remanding medical malpractice claims against non-diverse defendants pursuant to Rule 21 "to preserve the interests of judicial expediency and justice so that all pre-trial discovery on the products liability case can be coordinated in a single forum").   Plaintiff's fraudulently misjoined claims against the Healthcare Defendants should be severed and remanded, and this Court should retain jurisdiction over Plaintiff's claims concerning his alleged use of Roundup®-branded herbicides.

### IV.   Alternatively, The Court Should Use Federal Rule Of Civil Procedure 21 To Sever And Drop The Healthcare Defendants.

Rule 21 of the Federal Rules of Civil Procedure governs misjoinder and nonjoinder of parties and provides that "the court may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." Fed. R. Civ. P. 21.   "Courts frequently employ Rule 21 to preserve diversity jurisdiction over a case by dropping a nondiverse party if the party's presence in the action is not required . . . ."   *Kelly v. Amylin Pharm., LLC.*, No. 14-CV-1086-AJB-MDD, 2014 WL 12496549, at *2 (S.D. Cal. Aug. 8, 2014) (citing 7 Wright & Miller, Federal Practice and Procedure § 1652 (3d ed.)); *see also Dexia Credit Local v. Rogan*, 604 F. Supp. 2d 1180, 1184–85 (N.D. Ill. 2009), *aff'd*, 602 F.3d 879 (7th Cir. 2010) ("The Supreme Court has squarely held that a court may use Rule 21 to dismiss a dispensable, non-diverse party in order to save diversity jurisdiction.") (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832-833 (1989);  *see also In re Depakote Alexander v. Abbott Labs., Inc.*, No. 12-CV-52-NJR-SCW, 2016 WL 6563483, at *1 (S.D. Ill. Nov. 4, 2016) ("Rule 21 allows this Court to drop a nondiverse dispensable party to secure subject matter jurisdiction in the remaining action. . . . When a district court exercises this power to drop a party to preserve subject matter jurisdiction, the dismissal under Rule 21 is retroactive.") (citing *Newman-Green, Inc. v. Alfonzo-Larrain*. 490 U.S. 826, 832 (1989)).   Rule 21 authorizes the Court "to add or drop parties to a suit 'at any stage of the action an on such terms as are just.'"   *Kelly*, 2014 WL 12496549, at *5 (quoting Fed. R. Civ. P. 21); *see also Hawkins*, 210 F.R.D. at 229 ("Rule 21 authorizes the court to dismiss any misjoined party or claim at any stage of a lawsuit.").

- 14 -

1    "Whether a party is dispensable turns on whether complete relief can be accorded in that

2    party's absence."  *White v. Connell*, No. C-17-03177-WHA, 2017 WL 3535033, at *2 (N.D. Cal.

3    Aug. 17, 2017) (citing *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150,

4    1155 (9th Cir. 2002)); *see also Depakote*, 2016 WL 6563483 at *2 (a party is "dispensable" when the

5    Court can "accord complete relief among the existing parties in his absence, and there are no practical

6    problems that would be created by his dismissal").  In its order dismissing dispensable defendants in

7    *Mendoza*, the Southern District of California recognized that "the quantum of evidence relating to the

8    liability and damages resulting from the alleged actions committed by [the non-severed defendant's]

9    negligence is wholly unrelated to the allegedly liability and damages resulting from the alleged

10   actions committed by the [severed defendants]."  *Mendoza*, 2018 WL 1907949 at *3.  Similarly, in

11   its order dismissing dispensable plaintiffs in *Depakote*, the Southern District of Illinois recognized

12   that each dismissed plaintiff had "an individual and distinct claim against [the] Defendants", and

13   further, that "[c]ombining multiple claims into a single complaint does not make each individual

14   claim indispensable from the others."  2016 WL 6563483 at *2.  The same rationale holds true here.

15   Plaintiff's claims against the Healthcare Defendants are distinct from Plaintiff's claims against

16   Monsanto, will require different evidence, do not arise out of a common transaction or occurrence,

17   and do not involve questions of law or fact common to all Defendants.

18       Finally, because Plaintiff's claims against the Healthcare Defendants and Monsanto do not

19   involve a common transaction, occurrence, or question of law or fact, severance will prevent prejudice

20   and juror confusion that will necessarily arise if unrelated issues and standards are presented in a

21   single trial of Plaintiff's misjoined claims.  *See Mendoza*, 2018 WL 1907949 at *3 (severing claims

22   and noting that the "likelihood of juror distraction will be significant and of such a nature that curative

23   or limiting instructions may be insufficient under these circumstances"); *see also Equal Rights Ctr.*

24   *v. Kohl's Corp.*, No. 14 C 8259, 2017 WL 3453374, *3-4 (N.D. Ill. Aug. 11, 2017) (severing claims

25   due to the "varying nature and factual bases of Plaintiffs' claims" and recognizing "the prejudice that

26   could result from the jury confusing evidence as to one [party] and applying it to another") (citing

27   *Martinez v. Haleas*, No. 07 C 6112, 2010 WL 1337555, *3 (N.D. Ill. Mar. 30, 2010) ("Without

28

- 15 -

severance . . . a jury would be required to hear evidence and make factual determinations concerning thirteen separate events in one trial.  This would likely be confusing to the jury, prejudicial to defendants, and undermine any other economies in litigation that may come from allowing joinder . . . .")).  For these reasons, Plaintiff's claims against the Healthcare Defendants should be severed or dropped pursuant to Rule 21 of the Federal Rules of Civil Procedure.

## V.     Plaintiff Is Not Entitled To Attorney's Fees Or Costs.

Plaintiff's request for attorney's fees and costs should be denied because Plaintiff has not demonstrated that "clearly established law demonstrated that defendant had no basis for removal." ECF No. 5228-1 at 11 (quoting *Ortiz v. Menu Foods, Inc.*, 525 F. Supp. 2d 1220 (D. Hawaii 2007)). To the contrary, the removal is supported by the case law.  As discussed herein, as well as in Monsanto's Notice of Removal, removal of this action was and is warranted in light of Plaintiff's fraudulent joinder and misjoinder of the Healthcare Defendants in an attempt to deprive Monsanto of its right to a federal forum.  As recognized by the Supreme Court of the United States, where, as here, "an objectively reasonable basis [for removal] exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing cases).[7]

As explained above, Monsanto properly removed this case and this Court has and should retain jurisdiction.  But even if the Court remands the case, Plaintiff is not entitled to fees and costs.

## <u>CONCLUSION</u>

For the foregoing reasons, Monsanto requests that the Court deny Plaintiff's Motion to Remand, and dismiss, sever and remand, or drop Plaintiff's claims against the Healthcare Defendants, while retaining jurisdiction over Plaintiff's claims against Monsanto.

---

[7]     Moreover, this Court, the Northern District of Illinois, and the Supreme Court have each recognized that even an adverse ruling resulting in remand to state court is insufficient grounds for awarding attorney's fees and costs.  *Martin*, 546 U.S. at 137 ("[H]ad Congress intended to award fees as a matter of course to a party that successfully obtains a remand, [it] would have surely drawn more explicit statutory language and legislative comment.") (internal quotations omitted); *see also Palma v. Prudential Ins. Co.*, 791 F. Supp. 2d 790, 801 (N.D. Cal. 2011) ("Although the Court was not persuaded by Prudential's arguments, it had an objectively reasonable basis for removal. Therefore, the Court declines to award Plaintiff's attorneys' fees and costs under § 1447(c)."); *Alegre*, 2007 WL 141891 at *7 ("[T]he mere fact that the defendant fails to carry his burden does not of itself require an award of costs to the plaintiff.") (citing *Kuperstein v. Hoffman–Laroche, Inc.*, 457 F. Supp. 2d 467, 474 (S.D.N.Y. 2006)).

1  DATED:  September 3, 2019

2

3  William Hoffman (*pro hac vice*)
   (william.hoffman@arnoldporter.com)
4  Daniel S. Pariser (*pro hac vice*)
   (daniel.pariser@arnoldporter.com)
5  ARNOLD & PORTER KAYE SCHOLER LLP
   601 Massachusetts Avenue, NW
6  Washington, DC 20001
   Tel:  202-942-5000
7  Fax: 202-942-5999

8  Thomas J. Dammrich II (*pro hac vice*)
   (tdammrich@shb.com)
9  SHOOK, HARDY & BACON L.L.P.
   111 S. Wacker Drive, Suite 4700
10  Chicago, IL 60606-4314
   Tel: 312-704-7700
11  Fax: 312-558-1195

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

/s/ Eric G. Lasker
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

Attorneys for Defendant MONSANTO COMPANY

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
3:16-md-02741-VC & 3:19-cv-04575-VC