**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   202-898-5800
Facsimile:   202-682-1639
Email:         jhollingsworth@hollingsworthllp.com
                    elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *John F. Swaney and Debera K. Swaney*<br>*v. Monsanto Co.,*<br>Case No. 3:19-cv-04680-VC | |

### MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs John F. Swaney and Debera K. Swaney's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.     Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.     Monsanto denies the allegations in paragraph 2.

3.     Monsanto denies the allegations in paragraph 3.

4.     The allegations in paragraph 4 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

5.     The allegations in paragraph 5 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto admits the allegations in paragraph 5 based upon the allegations in plaintiffs' Complaint.

6.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 that plaintiffs and/or plaintiff's employer purchased Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.     The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 regarding where the events giving rise to this action occurred and therefore denies those allegations.  The remaining allegations in paragraph 8 set forth conclusions of law for which no response is required.

9.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies those allegations.

10.     Monsanto admits the allegations in paragraph 10.

11.     In response to the allegations in 11, Monsanto admits that it discovered the herbicidal properties of glyphosate; that it has manufactured Roundup®-branded herbicides; that certain Roundup®-branded herbicides contain POEA and adjuvants; and that EPA has classified surfactants and adjuvants as inert.  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  Monsanto denies the remaining allegations in paragraph 11.

12.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 13 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

14.     Monsanto admits the allegations in paragraph 14.

15.     Monsanto admits the allegations in paragraph 15.

16.     In response to the allegations in paragraph 16, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 16 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

17.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 17 comprise attorney characterizations and are accordingly denied.

18.     Monsanto admits the allegations in paragraph 18.

19.     Monsanto generally admits the allegations in paragraph 19, but denies the allegations in paragraph 19 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

20.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies those allegations.

21.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 21 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 21.

22.     Monsanto admits the allegations in the first and second sentences of paragraph 22.  In response to the remaining allegations in paragraph 22, Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 22.

23.     The allegations in paragraph 23 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 23.

24.     In response to the allegations in paragraph 24, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 24 set forth conclusions of law for which no response is required.

25.     The allegations in paragraph 25 set forth conclusions of law for which no response is required.

26.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Minnesota for sale and distribution.

27.     In response to the allegations in paragraph 27, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and

- 4 -

environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. Monsanto states that the term "the product tests" in the final sentence of paragraph 27 is vague and ambiguous, and Monsanto therefore denies the same. The remaining allegations in paragraph 27 set forth conclusions of law for which no answer is required.

28.     Monsanto denies the allegations in paragraph 28 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph28 regarding such pesticide products generally and therefore denies those allegations. The remaining allegations in paragraph 28 set forth conclusions of law for which no response is required.

29.     In response to the allegations in paragraph 29, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings. Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper:  Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans.'"[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore denies those allegations.

30.    In response to the allegations in paragraph 30, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 30 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

31.    In response to the allegations in paragraph 31, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 31 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

32.    Monsanto denies the allegations in paragraph 32.

33.    In response to the allegations in paragraph 33, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 33 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 33.

34.    Monsanto denies the allegations in paragraph 34.

35.    In response to the allegations in paragraph 35, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-04680-VC

paragraph 35 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore denies those allegations.

36. Monsanto admits the allegations in paragraph 36.

37. In response to the allegations in paragraph 37, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 37 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies those allegations.

38. Monsanto states that the term "toxic" as used in paragraph 38 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph 38.

39. Monsanto admits the allegations in paragraph 39.

40. In response to the allegations in paragraph 40, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 40.

41. In response to the allegations in paragraph 41, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004. To the extent that paragraph 41 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 41.

42. In response to the allegations in paragraph 42, Monsanto states that these documents speak for themselves and do not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 42.

43. In response to the allegations in paragraph 43, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 43 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 43.

44. Monsanto denies the allegations in paragraph 44.

45. In response to the allegations in paragraph 45, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 45 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 45.

46. In response to the allegations in paragraph 46, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 46 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 46.

47. Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 47.

48. Monsanto denies the allegations in paragraph 48.

49. Monsanto denies the allegations in paragraph 49.

50. Monsanto denies the allegations in paragraph 50.

51. Monsanto denies the allegations in paragraph 51.

52. Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 52.

53. Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 and therefore denies those allegations.

54. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-04680-VC

55.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

56.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 56 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

57.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 57, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 57 comprise attorney characterizations and are accordingly denied.

58.     Monsanto denies the allegations in paragraph 58.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

59.     In response to the allegations in paragraph 59, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 59 comprise attorney characterizations and are accordingly denied.

60.     Monsanto denies the allegations in paragraph 60.

61.     The allegations in paragraph 61 comprise attorney characterizations and are accordingly denied.

62.     Monsanto admits the allegations in paragraph 62.

63.     In response to the allegations in paragraph 63, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 63

1    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in
2    paragraph 63.

3          64.      In response to the allegations in paragraph 64, Monsanto admits that certain
4    studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress
5    under artificial experimental conditions.  Monsanto denies that these studies provide any reliable
6    evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or
7    animals under real-world exposure conditions.  Monsanto denies the remaining allegations in
8    paragraph 64.

9          65.      The allegations in paragraph 65 are vague and ambiguous and are accordingly
10   denied.

11         66.      In response to the allegations in paragraph 66, Monsanto states that the cited
12   document speaks for itself and does not require a response.

13         67.      In response to the allegations in paragraph 67, Monsanto states that the cited
14   document speaks for itself and does not require a response.  To the extent that paragraph 67
15   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in
16   paragraph 67.

17         68.      Monsanto denies the allegations in paragraph 68.

18         69.      In response to the allegations in paragraph 69, Monsanto states that the cited
19   document speaks for itself and does not require a response.  Monsanto otherwise denies the
20   allegations in paragraph 69.

21         70.      Monsanto admits that there is no reliable evidence that Roundup®-branded
22   products are genotoxic and that regulatory authorities and independent experts agree that
23   Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in
24   paragraph 70.

25         71.      Monsanto denies the allegations in paragraph 71.

26         72.      Monsanto denies the allegations in paragraph 72.

27         73.      Monsanto denies the allegations in paragraph 73.

28

74.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     Monsanto denies the allegations in paragraph 76.

77.     Monsanto admits the allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     Monsanto admits the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 87.

88.     In response to the allegations in paragraph 88, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the products' EPA-approved labeling.  Monsanto otherwise denies the allegations in paragraph 88.

89.     In response to the allegations in paragraph 89, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 89.

90.     In response to the allegations in paragraph 90, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

1    evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

2    denies the remaining allegations in paragraph 90.

3        91.    In response to the allegations in paragraph 91, Monsanto admits that plaintiffs

4    have accurately quoted from one passage in an EPA document in 1991 with respect to the

5    designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

6    does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP

7    reports and the EPA CARC Final Report discussed above, other specific findings of safety

8    include:

9    - "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that
        shows evidence of non-carcinogenicity for humans—based on the lack of convincing
10       evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
        Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
11       http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

12   - "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
        60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
13
     - "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
14       Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

15   - "There is [an] extensive database available on glyphosate, which indicate[s] that
        glyphosate is not mutagenic, not a carcinogen, and not a developmental or
16       reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
        73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).
17
     - "EPA has concluded that glyphosate does not pose a cancer risk to humans."
18       Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be
        codified at 40 C.F.R. pt. 180).
19
     - "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible
20       cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body
        of research does not provide evidence to show that [g]lyphosate causes cancer and
21       does not warrant any change in EPA's cancer classification for [g]lyphosate."
        *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder
22       Perspectives:  Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th
        Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of
23       Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-
        5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk
24       Statement").

25   Monsanto denies the remaining allegations in paragraph 91.

26       92.    In response to the allegations in paragraph 92, Monsanto admits that it – along

27   with a large number of other companies and governmental agencies – was defrauded by two

28

chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies. To the extent that the allegations in paragraph 92 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

93.     In response to the allegations in paragraph 93, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

94.     Monsanto denies the allegations in paragraph 94 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 94 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

95.     In response to the allegations in paragraph 95, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

96.     In response to the allegations in paragraph 96, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 96.

97.     In response to the allegations in paragraph 97, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 97 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

98.     In response to the allegations in paragraph 98, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 98 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

99.     In response to the allegations in paragraph 99, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

100.    In response to the allegations in paragraph 100, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

1    102.    Monsanto denies the allegations in paragraph 102.

2    103.    Monsanto denies the allegations in paragraph 103.

3    104.    Monsanto denies the allegations in paragraph 104.

4    105.    Monsanto denies the allegations in paragraph 105.

5    106.    Monsanto denies the allegations in paragraph 106.

6    107.    Monsanto denies the allegations in paragraph 107.

7    108.    Monsanto denies the allegations in paragraph 108.

8    109.    Monsanto denies the allegations in paragraph 109.

9    110.    Monsanto denies the allegations in paragraph 110.

10   111.    Monsanto denies the allegations in paragraph 111.

11   112.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 112 and therefore denies those allegations.

13   113.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in paragraph 113 and therefore denies those allegations.

15   114.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 114 and therefore denies those allegations.

17   115.    Monsanto denies that any exposure to Roundup®-branded products can cause

18   NHL and other serious illnesses and therefore denies those allegations in paragraph

19   115.  Monsanto states, however, that the scientific studies upon which IARC purported to base

20   its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks

21   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

22   in paragraph 115 and therefore denies those allegations.

23   116.    Monsanto denies that any exposure to Roundup®-branded products can cause

24   NHL and other serious illnesses and therefore denies those allegations in paragraph

25   116.  Monsanto states, however, that the scientific studies upon which IARC purported to base

26   its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-04680-VC

1   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

2   in paragraph 116 and therefore denies those allegations.

3        117.    Monsanto denies the allegations in paragraph 117.

4        118.    In response to the allegations in paragraph 118, Monsanto admits that it has stated

5   and continues to state that Roundup®-branded products are safe when used as labeled and that

6   they are non-toxic and non-carcinogenic.

7        119.    In response to the allegations in paragraph 119, Monsanto states that the cited

8   document speaks for itself and does not require a response.

9        120.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

10  exposed plaintiff to risk of his alleged cancer and denies those allegations in paragraph 120.

11  Monsanto states, however, that the scientific studies upon which IARC purported to base its

12  classification were all publicly available before March 2015.  Monsanto lacks information or

13  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

14  120 and therefore denies those allegations.

15       121.    Monsanto denies the allegations in the first and last sentences of paragraph

16  121.  The remaining allegations in paragraph 121 set forth conclusions of law for which no

17  response is required.  Monsanto states, however, that the scientific studies upon which IARC

18  purported to base its classification were all publicly available before March 2015.

19       122.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

20  and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

21  branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

22  which IARC purported to base its classification were all publicly available before March 2015.

23  The remaining allegations in paragraph 122 set forth conclusions of law for which no response is

24  required, consist of attorney characterizations and are accordingly denied, or comprise

25  allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

26  the truth of the allegations and therefore denies those allegations.

27

28

123.    Monsanto incorporates by reference its responses to paragraphs 1 through 122 in response to paragraph 123 of plaintiffs' Complaint.

124.    In response to the allegations in paragraph 124, Monsanto admits that plaintiffs purport to bring a claim for strict liability design defect, but denies any liability as to that claim.

125.    In response to the allegations in paragraph 125, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used Roundup®-branded products and therefore denies that allegation.  Monsanto denies the remaining allegations in paragraph 125.

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 127 and therefore denies those allegations.

128.    Monsanto denies the allegations in paragraph 128.

129.    Monsanto denies the allegations in paragraph 129.

130.    Monsanto denies the allegations in paragraph 130.

131.    Monsanto denies the allegations in paragraph 131 and each of its subparts.

132.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 132 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 132, including that Roundup®-branded products have "dangerous characteristics."

133.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 133 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 133, including that Roundup®-branded products have "dangerous characteristics."

134.    Monsanto denies the allegations in paragraph 134.

135.     Monsanto denies the allegations in paragraph 135.

136.     Monsanto denies the allegations in paragraph 136.

137.     Monsanto denies the allegations in paragraph 137.

138.     Monsanto denies the allegations in paragraph 138.

139.     Monsanto denies the allegations in paragraph 139.

140.     Monsanto denies the allegations in paragraph 140.

141.     Monsanto incorporates by reference its responses to paragraphs 1 through 140 in response to paragraph 141 of plaintiffs' Complaint.

142.     In response to the allegations in paragraph 142, Monsanto admits that plaintiffs purport to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

143.     Monsanto denies the allegations in paragraph 143.

144.     In response to the allegations in paragraph 144, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other entities identified purchased or used Roundup®-branded products and therefore denies that allegation.  The allegations in paragraph 144 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 144.

145.     The allegations in paragraph 145 set forth conclusions of law for which no response is required.

146.     Monsanto denies the allegations in paragraph 146.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

147.     Monsanto denies the allegations in paragraph 147.

148.     Monsanto denies the allegations in paragraph 148.

149.     Monsanto denies the allegations in paragraph 149.

150.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 150 and therefore denies those allegations.

151.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 151 concerning plaintiff's alleged use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 151, including that Roundup®-branded products have "dangerous characteristics."

152.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 152 concerning plaintiff's alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 152, including that Roundup®-branded products have "dangerous characteristics."

153.     Monsanto denies the allegations in paragraph 153.

154.     Monsanto denies the allegations in paragraph 154.

155.     Monsanto denies the allegations in paragraph 155.

156.     Monsanto denies the allegations in paragraph 156.

157.     Monsanto denies the allegations in paragraph 157.

158.     Monsanto denies the allegations in paragraph 158.

159.     Monsanto denies the allegations in paragraph 159.

160.     Monsanto denies the allegations in paragraph 160.

161.     Monsanto denies the allegations in paragraph 161.

162.     Monsanto incorporates by reference its responses to paragraphs 1 through 161 in response to paragraph 162 of plaintiffs' Complaint.

163.     In response to the allegations in paragraph 163, Monsanto states that the phrase "directly or indirectly" is vague and ambiguous and that Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore Monsanto denies those allegations in paragraph 163.

164.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 164 regarding the specific products allegedly purchased or used by plaintiff and therefore denies the allegations in paragraph 164.

165.    The allegations in paragraph 165 set forth conclusions of law for which no response is required.

166.    The allegations in paragraph 166 set forth conclusions of law for which no response is required.

167.    Monsanto denies the allegations in paragraph 167.

168.    Monsanto denies the allegations in paragraph 168.

169.    Monsanto denies the allegations in paragraph 169.

170.    Monsanto denies the allegations in paragraph 170.

171.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 171 regarding users' and consumers' knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 171.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

172.    Monsanto denies the allegations in paragraph 172.

173.    Monsanto denies the allegations in paragraph 173.

174.    Monsanto denies the allegations in paragraph 174.

175.    Monsanto denies the allegations in paragraph 175, including each of its subparts.

176.    Monsanto denies the allegations in paragraph 176.

177.    Monsanto denies the allegations in paragraph 177.

178.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 178 regarding plaintiff's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 178, including that intended use of and/or exposure to Roundup®-branded products causes any injuries.

1        179.    Monsanto denies the allegations in paragraph 179.

2        180.    Monsanto denies the allegations in paragraph 180.

3        181.    Monsanto incorporates by reference its responses to paragraphs 1 through 180

4   in response to paragraph 181 of plaintiffs' Complaint.

5        182.    Monsanto denies the allegations in paragraph 182.

6        183.    In response to the allegations in paragraph 183, Monsanto admits that it has sold

7   glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto

8   further states that paragraph 183 sets forth conclusions of law for which no response is

9   required. Monsanto denies the remaining allegations in paragraph 183.

10       184.    Monsanto denies the allegations in the first and second sentences of paragraph

11  184.  All labeling of Roundup®-branded products has been and remains EPA-approved and in

12  compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

13  of paragraph 184 sets forth conclusions of law for which no response is required.

14       185.    The allegations in paragraph 185 set forth conclusions of law for which no

15  response is required.

16       186.    Monsanto denies the allegations in paragraph 186.

17       187.    Monsanto denies the allegations in paragraph 187 and each of its subparts.

18       188.    Monsanto denies the allegations in paragraph 188.

19       189.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations in paragraph 189 regarding plaintiff's knowledge and therefore denies

21  those allegations.  Monsanto denies the remaining allegations in paragraph 189.

22       190.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 190 and therefore denies those allegations.

24       191.    Monsanto denies the allegations in paragraph 191.

25       192.    Monsanto denies the allegations in paragraph 192.

26       193.    Monsanto incorporates by reference its responses to paragraphs 1 through 192

27  in response to paragraph 193 of plaintiffs' Complaint.

28

1    194.    Monsanto denies the allegations in paragraph 194.

2    195.    Monsanto denies the allegations in paragraph 195

3    196.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 196 concerning plaintiff's claimed use of and exposure to

5    Roundup®-branded products and therefore denies those allegations.  The remaining allegations

6    in paragraph 196 set forth conclusions of law for which no response is required.

7    197.    Monsanto denies the allegations in paragraph 197.  All labeling of Roundup®-

8    branded products has been and remains EPA-approved and in compliance with all federal

9    requirements under FIFRA.

10    198.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11    truth of the allegations in paragraph 198 regarding plaintiff's reliance and therefore denies

12    those allegations.  The remaining allegations in paragraph 198 set forth conclusions of law for

13    which no response is required.

14    199.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15    truth of the allegations in paragraph 199 and therefore denies those allegations.

16    200.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17    truth of the allegations in paragraph 200 concerning plaintiff's claimed use of or exposure to

18    Roundup®-branded products and therefore denies those allegations.  The remaining allegations

19    in paragraph 200 set forth conclusions of law for which no response is required.

20    201.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21    truth of the allegations in paragraph 201 concerning plaintiff's claimed use of or exposure to

22    Roundup®-branded products and therefore denies those allegations.  The allegation in

23    paragraph 201 regarding Monsanto's implied warranties sets forth conclusions of law for

24    which no response is required.  Monsanto denies the remaining allegations in paragraph 201.

25    202.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26    truth of the allegations in paragraph 202 concerning plaintiff's reliance or plaintiff's claimed

27

28

1    use of any Roundup®-branded product and therefore denies those allegations.  The remaining

2    allegations in paragraph 202 set forth conclusions of law for which no response is required.

3        203.    Monsanto denies that there is any risk of serious injury associated with or linked

4    to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

5    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

6    allegations in paragraph 203 concerning plaintiff's knowledge about Roundup®-branded

7    products and therefore denies the remaining allegations in paragraph 203.

8        204.    Monsanto denies the allegations in paragraph 204.

9        205.    Monsanto denies the allegations in paragraph 205.

10       206.    Monsanto denies the allegations in paragraph 206.

11       207.    Monsanto incorporates by reference its responses to paragraphs 1 through 206

12    in response to paragraph 207 of plaintiffs' Complaint.

13       208.     Monsanto lacks information or knowledge sufficient to form a belief regarding

14    plaintiff's claimed selection or use of Roundup®-branded products and therefore denies those

15    allegations.  The remaining allegations in paragraph 208 set forth conclusions of law for which

16    no response is required.

17       209.    The allegations in the first sentence of paragraph 209 set forth conclusions of

18    law for which no response is required.  Monsanto denies the remaining allegations in paragraph

19    209, including that Roundup®-branded products are "dangerous products."

20       210.    Monsanto denies the allegations in paragraph 210.

21       211.    Monsanto denies the allegations in paragraph 211.

22       212.    Monsanto denies the allegations in paragraph 212.

23       213.    Monsanto denies the allegations in paragraph 213.

24       214.    Monsanto denies the allegations in paragraph 214.

25       215.    Monsanto denies the allegations in paragraph 215.

26       216.    Monsanto denies the allegations in paragraph 216.

27       217.    Monsanto denies the allegations in paragraph 217.

28

1    218.    Monsanto incorporates by reference its responses to paragraphs 1 through 217

2    in response to paragraph 218 of plaintiffs' Complaint.

3    219.    The allegations in paragraph 219 set forth conclusions of law for which no

4    response is required.

5    220.    Monsanto denies the allegations in paragraph 220.

6    221.    Monsanto denies the allegations in paragraph 221.

7    222.    Monsanto denies the allegations in paragraph 222.

8    223.    Monsanto denies the allegations in the first sentence of paragraph 223.

9    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

10   allegations in the second sentence of paragraph 223 regarding the specific products allegedly

11   purchased or used by plaintiff and therefore denies those allegations.  The remaining

12   allegations in the second sentence of paragraph 223 set forth conclusions of law for which no

13   response is required.

14   224.    Monsanto denies the allegations in paragraph 224.

15   225.    Monsanto denies the allegations in paragraph 225.

16   226.    Monsanto denies the allegations in paragraph 226.

17   227.    Monsanto denies the allegations in paragraph 227.

18   228.    Monsanto denies the allegations in paragraph 228.

19   229.    Monsanto denies the allegations in paragraph 229.

20   230.    Monsanto denies the allegations in paragraph 230.

21   231.    Monsanto incorporates by reference its responses to paragraphs 1 through 230

22   in response to paragraph 231 of plaintiffs' Complaint.

23   232.    Monsanto denies the allegations in paragraph 232.

24   233.    Monsanto denies the allegations in paragraph 233.

25   234.    Monsanto denies the allegations in paragraph 234.

26   235.    Monsanto denies the allegations in paragraph 235.

27   236.    Monsanto denies the allegations in paragraph 236.

28

237.    Monsanto denies the allegations in paragraph 237.

238.    Monsanto denies the allegations in paragraph 238.

239.    Monsanto incorporates by reference its responses to paragraphs 1 through 238 in response to paragraph 239 of plaintiffs' Complaint.

240.    Monsanto denies the allegations in paragraph 240.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.    Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.    Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-04680-VC

6.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

7.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

8.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible, or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or

- 26 -

causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.    Monsanto had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

16.    Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.    Plaintiffs' claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.    Plaintiffs' claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Minnesota Constitution, and/or other applicable state constitutions.

19.    Plaintiffs' claims for punitive damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Minnesota law and/or other applicable state laws.

20.    Plaintiffs' claims for punitive damages are barred and/or limited by operation of state and/or federal law.

21.    Plaintiffs have failed to allege fraud with sufficient particularity.

22.    Plaintiffs' claims are barred in whole or in part by plaintiffs' contributory/comparative negligence.

23.    Plaintiffs' claims are barred in whole or in part by plaintiffs' failure to mitigate damages.

24.    Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

25.    If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-04680-VC

26.    Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

27.    Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.    Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receive from collateral sources.

29.    Plaintiffs' recovery may be barred or limited by Minn. Stat. § 604.01.

30.    Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  September 6, 2019                    Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639

*Attorneys for Defendant*
MONSANTO COMPANY

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-04680-VC