**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:   jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Joseph L. Washington v. Monsanto Co., et al.,* Case No. 3:19-cv-04721-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Monsanto denies – and objects to – allegations by plaintiff that purport to lump Monsanto together with other defendants.  Monsanto responds to this Complaint only on behalf of Monsanto and not on behalf of any other defendant.  Silence as to any allegations shall constitute a denial.

1.      In response to the allegations in paragraph 1, Monsanto admits that plaintiff purports to bring a civil action but denies any liability as to that claim.

2.     The allegations in paragraph 2 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto admits the allegations in paragraph 2 based upon the allegations in plaintiff's Complaint.

3.     The allegations in paragraph 3 set forth conclusions of law for which no response is required.

4.     The allegations in paragraph 4 set forth conclusions of law for which no response is required.

5.     The allegations in paragraph 5 set forth conclusions of law for which no response is required.

6.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7.     The allegations in paragraph 7 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

8.     Monsanto admits the allegations in the first sentence of paragraph 8.  The allegations in the second sentence of paragraph 8 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

9.     The allegations in paragraph 9 are directed at a defendant other than Monsanto, and plaintiff has voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

10.     The allegations in paragraph 10 are directed at a defendant other than Monsanto, and plaintiff has voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

11.     The allegations in paragraph 11 are directed at a defendant other than Monsanto, and plaintiff has voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04721-VC

12.     The allegations in paragraph 12 are directed at a defendant other than Monsanto, and plaintiff has voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

13.     The allegations in paragraph 13 are directed at a defendant other than Monsanto, and plaintiff has voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

14.     Monsanto admits the allegations in paragraph 14.

15.     The allegations in paragraph 14 are directed at a defendant other than Monsanto, and plaintiff has voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

16.     In response to the allegations in paragraph 16, Monsanto denies that it engaged in any wrongdoing or wrongful acts or omissions.  Monsanto denies – and objects to – allegations by plaintiff that purport to lump Monsanto together with other defendants.  Monsanto responds to the allegations in paragraph 16 and other allegations in the Complaint only on behalf of Monsanto and not on behalf of any other defendant.  The remaining allegations in paragraph 16 set forth conclusions of law and/or are directed at defendants other than Monsanto, so no response from Monsanto is required for these allegations.

17.     In response to the allegations in paragraph 17, Monsanto admits that it sells Roundup®-branded products in Pennsylvania.

18.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies those allegations.

19.     The allegations in paragraph 19 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20.     The allegations in paragraph 20 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

21.     Monsanto admits the allegations in paragraph 21.

22.     The allegations in paragraph 22 set forth conclusions of law for which no response is required.

1      23.      Monsanto denies the allegations in paragraph 23.

2      24.      Monsanto admits that it has designed, researched, manufactured, tested,

3   advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The

4   remaining allegations in paragraph 24 set forth conclusions of law for which no response is

5   required.

6      25.      Monsanto admits that it is an agricultural biotechnology corporation with a

7   principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its

8   affiliated companies have operations and offices in countries around the world.  Monsanto states

9   that the remaining allegations in paragraph 25 are vague and that it accordingly lacks information

10  or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

11  denies those allegations.

12     26.      In response to the allegations in paragraph 26, Monsanto admits that glyphosate is

13  an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

14  paragraph 26 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

15  to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies

16  those allegations.

17     27.      Monsanto admits the allegations in the first sentence of paragraph 27.  Monsanto

18  denies the allegations in the second sentence of paragraph 27 because the impact of glyphosate

19  on treated plants varies depending upon the amount of glyphosate applied and the type of plant.

20  Monsanto denies the allegations in the third sentence of paragraph 27 to the extent that they

21  suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well

22  within regulatory safety levels, as determined by EPA.

23     28.      Monsanto lacks information or knowledge sufficient to form a belief as to the

24  truth of the allegations in paragraph 28 and therefore denies those allegations.

25     29.      Monsanto admits that it is the leading producer of seeds that contain the Roundup

26  Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

27  farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

28  belief as to the accuracy of the specific numbers and statistics provided in the remaining

1   sentences of paragraph 29 and therefore denies those allegations.  Monsanto denies the

2   remaining allegations in paragraph 29.

3         30.     In response to the allegations in paragraph 30, Monsanto admits that farmers have

4   safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining

5   allegations in paragraph 30.

6         31.     Monsanto denies the allegations in paragraph 31.

7         32.     Monsanto denies the allegations in paragraph 32.

8         33.     Monsanto admits the allegations in the first two sentences of paragraph 33 and

9   admits that at all relevant times it has marketed Roundup®-branded products in accord with

10  EPA's regulatory determinations under FIFRA.  Monsanto denies the remaining allegations in

11  paragraph 33.

12        34.     In response to the allegations in paragraph 34, Monsanto admits that at all

13  relevant times it has marketed Roundup®-branded products in accord with EPA's regulatory

14  determinations under FIFRA.  Monsanto denies the remaining allegations in paragraph 34.

15        35.     The allegations in paragraph 35 set forth conclusions of law for which no

16  response is required.  To the extent that a response is deemed required, Monsanto admits the

17  allegations in paragraph 35.

18        36.     In response to the allegations in paragraph 36, Monsanto admits that EPA requires

19  registrants of herbicides to submit extensive data in support of the human health and

20  environmental safety of their products and further admits that EPA will not register or approve

21  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining

22  allegations in paragraph 36 set forth conclusions of law for which no response is required.

23        37.     The allegations in paragraph 37 set forth conclusions of law for which no

24  response is required.

25        38.     Monsanto admits that Roundup®-branded products are registered by EPA for

26  manufacture, sale and distribution and are registered by the State of Pennsylvania for sale and

27  distribution.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04721-VC

39.     In response to the allegations in paragraph 39, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 39 is vague and ambiguous, and Monsanto therefore denies same.  The remaining allegations in paragraph 39 set forth conclusions of law for which no response is required.

40.     Monsanto denies the allegations in paragraph 40 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 40 set forth conclusions of law for which no response is required.

41.     In response to the allegations in paragraph 41, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*

*(Footnote continued)*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04721-VC

1   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

2   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

3   humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

4   of the remaining allegations in paragraph 41 and therefore denies those allegations.

5          42.      In response to the allegations in paragraph 42, Monsanto admits that an EPA

6   review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

7   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

8   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits

9   that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to

10  the designation of an agent as Group E, but states that EPA repeatedly has concluded that

11  glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two

12  EPA OPP reports and the EPA CARC Final Report discussed above, specific findings of safety

13  include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen] – one that shows evidence of non-carcinogenicity for humans – based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

---

*Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 43 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

44.     In response to the allegations in paragraph 44, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

45.     Monsanto denies the allegations in paragraph 45 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04721-VC

one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 45 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

46.     In response to the allegations in paragraph 46, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

47.     In response to the allegations in paragraph 47, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto further admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 47 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

48.     Monsanto denies the allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety.  Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The remaining allegations in paragraph 49 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

50.     In response to the allegations in paragraph 50, Monsanto admits that, following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

1   cited in paragraph 50 and accordingly denies those allegations.  The remaining allegations in

2   paragraph 50 are vague and conclusory and comprise attorney characterizations, and are

3   accordingly denied.

4           51.     In response to the allegations in paragraph 51, Monsanto admits that glyphosate is

5   one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

6   is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks

7   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

8   cited in paragraph 51 and accordingly denies the same.  The remaining allegations in paragraph

9   51 are vague and conclusory and comprise attorney characterizations, and are accordingly

10   denied.

11           52.     In response to the allegations in paragraph 52, Monsanto admits that the New

12   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

13   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

14   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

15   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

16   the subparts purport to quote a document, the document speaks for itself and thus does not

17   require any further answer.  The remaining allegations in paragraph 52 are vague and conclusory

18   and comprise attorney characterizations and are accordingly denied.

19           53.     In response to the allegations in paragraph 53, Monsanto admits it entered into an

20   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

21   itself and thus does not require any further answer.  The remaining allegations in paragraph 53

22   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

23           54.     Monsanto denies the allegations in paragraph 54.

24           55.     In response to the allegations in paragraph 55, Monsanto admits that the French

25   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

26   that it "left the soil clean," but denies the allegations in paragraph 55 to the extent that they

27   suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

28   cancer.  Monsanto denies the remaining allegations in paragraph 55.

1      56.      Monsanto denies the allegations in paragraph 56.

2      57.      In response to the allegations in paragraph 57, Monsanto states that the cited

3    document speaks for itself and does not require a response.  To the extent that the allegations in

4    paragraph 57 go beyond a restatement of the cited document, Monsanto lacks information or

5    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 57

6    and therefore denies those allegations.

7      58.      In response to the allegations in paragraph 58, Monsanto states that the cited

8    document speaks for itself and does not require a response.  To the extent that the allegations in

9    paragraph 58 go beyond a restatement of the cited document, Monsanto lacks information or

10   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 58

11   and therefore denies those allegations.

12     59.      Monsanto admits the allegations in paragraph 59.

13     60.      In response to the allegations in paragraph 60, Monsanto states that the cited

14   document speaks for itself and does not require a response.  To the extent that the allegations in

15   paragraph 60 go beyond a restatement of the cited document, Monsanto lacks information or

16   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 60

17   and therefore denies those allegations.

18     61.      Monsanto states that the term "toxic" as used in paragraph 61 is vague and

19   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

20   denies the allegations in paragraph 61.

21     62.      Monsanto admits the allegations in paragraph 62.

22     63.      In response to the allegations in paragraph 63, Monsanto states that the document

23   speaks for itself and does not require a response.  To the extent that a response is deemed

24   required, Monsanto denies the allegations in paragraph 63.

25     64.      In response to the allegations in paragraph 64, Monsanto admits that Julie Marc

26   published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

27   the extent that paragraph 64 characterizes the meaning of the cited study, Monsanto denies the

28   remaining allegations in paragraph 64.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04721-VC

65.     In response to the allegations in paragraph 65, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 66 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 66.

67.     Monsanto denies the allegations in paragraph 67.

68.     In response to the allegations in paragraph 68, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 68 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 68.

69.     In response to the allegations in paragraph 69, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 69 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 69.

70.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 70.

71.     Monsanto denies the allegations in paragraph 71.

72.     Monsanto denies the allegations in paragraph 72.

73.     Monsanto denies the allegations in paragraph 73.

74.     Monsanto denies the allegations in paragraph 74.

75.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 75.

76.     In response to the allegations in paragraph 76, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information

1  or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

2  paragraph 76, which are not limited as of any specified date, and accordingly denies the same.

3        77.     In response to the allegations in paragraph 77, Monsanto admits that IARC sets

4  forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

5  Monsanto denies the remaining allegations in paragraph 77.

6        78.     Monsanto denies any suggestion that IARC reviewed the full body of scientific

7  research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it

8  cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form

9  a belief as to the truth of the remaining allegations in paragraph 78 and therefore denies those

10  allegations.

11        79.     Monsanto denies any suggestion that IARC reviewed the full body of scientific

12  research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it

13  cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form

14  a belief as to the truth of the remaining allegations in paragraph 79 and therefore denies those

15  allegations.

16        80.     Monsanto denies the allegations in paragraph 80 to the extent that they suggest

17  that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified

18  glyphosate as a Group 2A agent in March 2015.

19        81.     In response to the allegations in paragraph 81, Monsanto admits that IARC issued

20  its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the

21  monograph was prepared by a "working group" of individuals selected by IARC who met over a

22  one week period in March 2015 to consider glyphosate along with a number of other substances.

23  Monsanto denies the allegation that all members of the working group are "experts."  Monsanto

24  denies that the working group or anyone at IARC conducted a one-year review of the scientific

25  evidence related to glyphosate or that the working group's findings reflected a comprehensive

26  review of the latest available scientific evidence.  Monsanto also denies that the working group

27  considered all information available in the scientific literature and all data from government

28  reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 81.

1     82.     In response to the allegations in paragraph 82, Monsanto denies that the IARC

2 working group considered all of the data in the numerous studies that have been conducted

3 looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

4 that it reliably considered the studies that it purports to have reviewed, which frequently reach

5 conclusions directly contrary to those espoused by the IARC working group.  To the extent the

6 allegations purport to characterize statements made in the IARC monograph for glyphosate, the

7 statements in that document stand for themselves, but Monsanto lacks information or knowledge

8 sufficient to form a belief as to the accuracy of the source of said information and accordingly

9 denies the allegations.

10     83.     The allegations in paragraph 83 are vague and conclusory.  To the extent they

11 purport to characterize statements made in the IARC monograph for glyphosate, the statements

12 in that document stand for themselves, but Monsanto lacks information or knowledge sufficient

13 to form a belief as to the accuracy of the source of said information and accordingly denies the

14 allegations.

15     84.     In response to the allegations in paragraph 84, to the extent the allegations purport

16 to characterize statements made in the IARC monograph for glyphosate, the statements in that

17 document stand for themselves, but to the extent that this paragraph means that more than *de*

18 *minimis* amounts of exposure are present, the allegations in paragraph 84 are denied.

19     85.     Monsanto denies the allegations in paragraph 85.  The IARC working group

20 concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

21 which, per IARC's guidelines, means that the working group could not rule out chance, bias or

22 confounding so as to reach any conclusion of an increased risk.

23     86.     In response to the allegations in paragraph 86, Monsanto admits that the working

24 group cited to a study that it concluded provided evidence of chromosomal damage in

25 community residents reported to be exposed to glyphosate, but Monsanto denies that the study

26 supports such a conclusion or that the authors of the study reached such a conclusion.

27     87.     In response to the allegations in paragraph 87, Monsanto admits that the IARC

28 working group purported to make these findings, but denies that the animal carcinogenicity

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04721-VC

studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 87.

88.     In response to the allegations in paragraph 88, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration.  Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining allegations in paragraph 88.

89.     In response to the allegations in paragraph 89, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 89.

90.     In response to the allegations in paragraph 90, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 90.

91.     In response to the allegations in paragraph 91, Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water Regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

92.     Monsanto admits the allegations in paragraph 92.

93.     In response to the allegations in paragraph 93, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 93

- 15 -

1   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

2   paragraph 93.

3   　　　94.　　In response to the allegations in paragraph 94, Monsanto admits that certain

4   studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

5   under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

6   evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

7   animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

8   paragraph 94.

9   　　　95.　　The allegations in paragraph 95 are vague and ambiguous and are accordingly

10   denied.

11   　　　96.　　In response to the allegations in paragraph 96, Monsanto states that the cited

12   document speaks for itself and does not require a response.

13   　　　97.　　In response to the allegations in paragraph 97, Monsanto states that the cited

14   document speaks for itself and does not require a response.  To the extent that paragraph 97

15   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

16   paragraph 97.

17   　　　98.　　Monsanto denies the allegations in paragraph 98.

18   　　　99.　　In response to the allegations in paragraph 99, Monsanto states that the cited

19   document speaks for itself and does not require a response.  Monsanto otherwise denies the

20   allegations in paragraph 99.

21   　　　100.　　Monsanto admits that there is no reliable evidence that Roundup®-branded

22   products are genotoxic and that regulatory authorities and independent experts agree that

23   Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

24   paragraph 100.

25   　　　101.　　Monsanto denies the allegations in paragraph 101.

26   　　　102.　　Monsanto denies the allegations in paragraph 102.

27   　　　103.　　Monsanto denies the allegations in paragraph 103.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04721-VC

104.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 104.

105.    Monsanto denies the allegations in paragraph 105.

106.    Monsanto admits the allegations in paragraph 106.

107.    Monsanto denies the allegations in paragraph 107.

108.    Monsanto admits the allegations in paragraph 108.

109.    Monsanto denies the allegations in paragraph 109.

110.    Monsanto denies the allegations in paragraph 110.

111.    Monsanto denies the allegations in paragraph 111.

112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto denies the allegations in paragraph 113.

114.    Monsanto denies the allegations in paragraph 114.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 116.

117.    In response to the allegations in paragraph 117, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 117.

118.    In response to the allegations in paragraph 118, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 118.

119.     In response to the allegations in paragraph 119, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 119.

120.     Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions.  Monsanto denies the remaining allegations in paragraph 120.

121.     In response to the allegations in paragraph 121, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same.  Monsanto denies the remaining allegations in paragraph 121.

122.     In response to the allegations in paragraph 122, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 122.

123.     In response to the allegations in paragraph 123, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto denies the remaining allegations in paragraph 123.

124.     In response to the allegations in paragraph 124, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

125.     In response to the allegations in paragraph 125, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 125.

126.     Monsanto denies the allegations in paragraph 126.

127.     Monsanto denies the allegations in paragraph 127.

128.     Monsanto denies the allegations in paragraph 128.

129.     Monsanto denies the allegations in paragraph 129.

130.     Monsanto denies the allegations in paragraph 130.

131.     Monsanto denies the allegations in paragraph 131.

132.     Monsanto denies the allegations in paragraph 132.

133.     Monsanto denies the allegations in paragraph 133.

134.     Monsanto denies the allegations in paragraph 134.

135.     Monsanto denies the allegations in paragraph 135.

136.     Monsanto denies the allegations in paragraph 136.

137.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 137 and therefore denies those allegations.

138.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 138 and therefore denies those allegations.

139.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139 and therefore denies those allegations.

140.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 140 and therefore denies those allegations.

141.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 141 and therefore denies those allegations.

142.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 142 and therefore denies those allegations.

143.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 143 and therefore denies those allegations.

144.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 144 and therefore denies those allegations.

145.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 145 and therefore denies those allegations.

146.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 146 and therefore denies those allegations.

147.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 147 and therefore denies those allegations.

148.    Monsanto denies the allegations in paragraph 148.

149.    Monsanto incorporates by reference its responses to paragraphs 1 through 148 in response to paragraph 149 of plaintiff's Complaint.

150.    In response to the allegations in paragraph 150, Monsanto admits that plaintiff purports to bring a claim for strict liability design defect, but denies any liability as to that claim.

151.    In response to the allegations in paragraph 151, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used Roundup®-branded products and therefore denies that allegation.  Monsanto denies the remaining allegations in paragraph 151.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 153 and therefore denies those allegations.

154.    Monsanto denies the allegations in paragraph 154.

155.    Monsanto denies the allegations in paragraph 155.

1    156.    Monsanto denies the allegations in paragraph 156.

2    157.    Monsanto denies the allegations in paragraph 157 and each of its subparts.

3    158.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 158 concerning plaintiff's claimed use of Roundup®-branded

5    products and therefore denies those allegations.  Monsanto denies the remaining allegations in

6    paragraph 158, including that Roundup®-branded products have "dangerous characteristics."

7    159.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 159 concerning plaintiff's claimed use of Roundup®-branded

9    products and therefore denies those allegations.  Monsanto denies the remaining allegations in

10   paragraph 159, including that Roundup®-branded products have "dangerous characteristics."

11   160.    Monsanto denies the allegations in paragraph 160.

12   161.    Monsanto denies the allegations in paragraph 161.

13   162.    Monsanto denies the allegations in paragraph 162.

14   163.    Monsanto denies the allegations in paragraph 163.

15   164.    Monsanto denies the allegations in paragraph 164.

16   165.    Monsanto denies the allegations in paragraph 165.

17   166.    Monsanto denies the allegations in paragraph 166.

18   167.    Monsanto denies the allegations in paragraph 167.

19   In response to the "WHEREFORE" paragraph following paragraph 167, Monsanto

20   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

21   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

22   fees as allowed by law and such further and additional relief as this Court may deem just and

23   proper.

24   168.    Monsanto incorporates by reference its responses to paragraphs 1 through 167 in

25   response to paragraph 168 of plaintiff's Complaint.

26   169.    In response to the allegations in paragraph 169, Monsanto admits that plaintiff

27   purports to bring a claim for strict liability failure to warn, but denies any liability as to that

28   claim.

1      170.    Monsanto denies the allegations in paragraph 170.

2      171.    In response to the allegations in paragraph 171, Monsanto lacks information or

3  knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other

4  entities identified purchased or used Roundup®-branded products and therefore denies that

5  allegation.  The allegations in paragraph 171 also set forth conclusions of law for which no

6  response is required.  Monsanto denies the remaining allegations in paragraph 171.

7      172.    The allegations in paragraph 172 set forth conclusions of law for which no

8  response is required.

9      173.    Monsanto denies the allegations in paragraph 173.  All labeling of Roundup®-

10  branded products has been and remains EPA-approved and in compliance with all federal

11  requirements under FIFRA.

12      174.    Monsanto denies the allegations in paragraph 174.

13      175.    Monsanto denies the allegations in paragraph 175.

14      176.    Monsanto denies the allegations in paragraph 176.

15      177.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16  truth of the allegations in paragraph 177 and therefore denies those allegations.

17      178.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 178 concerning plaintiff's alleged use of Roundup®-branded

19  products and therefore denies those allegations.  Monsanto denies the remaining allegations in

20  paragraph 178, including that Roundup®-branded products have "dangerous characteristics."

21      179.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22  truth of the allegations in paragraph 179 concerning plaintiff's alleged use and exposure to

23  Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

24  remaining allegations in paragraph 179, including that Roundup®-branded products have

25  "dangerous characteristics."

26      180.    Monsanto denies the allegations in the first sentence of paragraph 180.  Monsanto

27  lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the

28  second sentence of paragraph 180 and therefore denies those allegations.

181.   Monsanto denies the allegations in paragraph 181.

182.   Monsanto denies the allegations in paragraph 182.

183.   Monsanto denies the allegations in paragraph 183.

184.   Monsanto denies the allegations in paragraph 184.

185.   Monsanto denies the allegations in paragraph 185.

186.   Monsanto denies the allegations in paragraph 186.

187.   Monsanto denies the allegations in paragraph 187.

188.   Monsanto denies the allegations in paragraph 188.

In response to the "WHEREFORE" paragraph following paragraph 188, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

189.   Monsanto incorporates by reference its responses to paragraphs 1 through 188 in response to paragraph 189 of plaintiff's Complaint.

190.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 190 regarding the specific products allegedly used by plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore denies the allegations in paragraph 190.

191.   The allegations in paragraph 191 set forth conclusions of law for which no response is required.

192.   The allegations in paragraph 192 set forth conclusions of law for which no response is required.

193.   Monsanto denies the allegations in paragraph 193.

194.   Monsanto denies the allegations in paragraph 194.

195.   Monsanto denies the allegations in paragraph 195.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

196.    Monsanto denies the allegations in paragraph 196.

197.    Monsanto denies the allegations in paragraph 197.

198.    Monsanto denies the allegations in paragraph 198, including each of its subparts.

199.    Monsanto denies the allegations in paragraph 199.

200.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 200 regarding plaintiff's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 200, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

201.    Monsanto denies the allegations in paragraph 201.

202.    Monsanto denies the allegations in paragraph 202.

203.    Monsanto denies the allegations in paragraph 203.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

In response to the "WHEREFORE" paragraph following paragraph 203, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

204.    Monsanto incorporates by references its responses to paragraphs 1 through 203 in response to paragraph 204 of plaintiff's Complaint.

205.    Monsanto denies the allegations in paragraph 205.  Additionally, the last sentence in paragraph 205 sets forth a conclusion of law for which no response is required.

206.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 206 regarding plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 206 set forth conclusions of law for which no response is required.

207.    Monsanto denies the allegations in paragraph 207.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

208.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 208 regarding the claimed use of and exposure to Roundup®-branded products by plaintiff and therefore denies those allegations.  The remaining allegations in paragraph 208 set forth conclusions of law for which no response is required.

209.    The allegations in paragraph 209 set forth conclusions of law for which no response is required.

210.    The allegations in paragraph 210 set forth conclusions of law for which no response is required.

211.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 211 and therefore those allegations.

212.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 212 regarding the claimed use of Roundup®-branded products by plaintiff and others and therefore denies those allegations.  The remaining allegations in paragraph 212 set forth conclusions of law for which no response is required.

213.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 213 regarding plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 213 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 213.

214.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 214 regarding plaintiff's claimed use of Roundup®-branded products or plaintiff's claimed reliance and therefore denies those allegations.  The allegation in paragraph 214 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.

215.    Monsanto denies that there is any risk of serious injury associated with the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 215 regarding plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 215.

216.    Monsanto denies the allegations in paragraph 216.

217.    Monsanto denies the allegations in paragraph 217.

218.    Monsanto denies the allegations in paragraph 218.

In response to the "WHEREFORE" paragraph following paragraph 218, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

219.    Monsanto incorporates by reference its responses to paragraphs 1 through 218 in response to paragraph 219 of plaintiff's Complaint.

220.    The allegations in paragraph 220 set forth conclusions of law for which no response is required.

221.    Monsanto denies the allegations in paragraph 221.

222.    Monsanto denies the allegation in paragraph 222 that Roundup®-branded products are "dangerous."  The remaining allegations in paragraph 222 set forth conclusions of law for which no response is required.

223.    In response to the allegations in paragraph 223, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that paragraph 223 sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 223.

224.    The allegations in paragraph 224 set forth conclusions of law for which no response is required.

225.     In response to the allegations in paragraph 225, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto denies the remaining allegations in paragraph 225.

226.     Monsanto denies the allegations in paragraph 226.

227.     Monsanto denies the allegations in paragraph 227.

In response to the "WHEREFORE" paragraph following paragraph 227, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

228.     Monsanto incorporates by reference its responses to paragraphs 1 through 227 in response to paragraph 228 of plaintiff's Complaint.

229.     Monsanto denies the allegations in paragraph 229.

230.     Monsanto denies the allegations in paragraph 230.

231.     Monsanto denies the allegations in paragraph 231.

232.     Monsanto denies the allegations in paragraph 232.

233.     Monsanto denies the allegations in paragraph 233.

234.     Monsanto denies the allegations in paragraph 234.

235.     Monsanto denies the allegations in paragraph 235.

236.     Monsanto denies the allegations in paragraph 236.

237.     The allegations in paragraph 237, including each of its subparts, are confusing, incomplete, and unintelligible and therefore no response is required.  To the extent a response is deemed required, Monsanto denies the allegations paragraph 237, including each of its subparts.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

1      2.      Venue in the Western District of Pennsylvania may be improper and/or

2  inconvenient.

3      3.      Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

4  reliable evidence that the products at issue were defective or unreasonably dangerous.

5      4.      Any alleged negligent or culpable conduct of Monsanto, none being admitted,

6  was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

7  plaintiff's alleged injuries.

8      5.      Plaintiff's claims are barred, in whole or in part, because the products at issue

9  were designed, manufactured, marketed and labeled with proper warnings, information, cautions

10  and instructions, in accordance with the state of the art and the state of scientific and

11  technological knowledge.

12      6.      Plaintiff's claims are barred, in whole or in part, because the products at issue

13  were not defective or unreasonably dangerous in that they complied with, at all relevant times,

14  all applicable government safety standards.

15      7.      Any claims based on allegations that Monsanto misled, defrauded, made

16  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

17  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

18  *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

19      8.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law

20  relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

21  processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

22      9.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

23  findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

24  product labeling.

25      10.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary

26  jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

27      11.      Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if

28  any, were the result of conduct of plaintiff, independent third parties, and/or events that were

- 28 -

1   extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

2   independent, intervening and superseding causes of the alleged injuries, including but not limited

3   to plaintiff's pre-existing medical conditions.

4        12.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j

5   and k, bar plaintiff's claims against Monsanto in whole or in part.

6        13.    Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or

7   in part.

8        14.    Plaintiff's misuse or abnormal use of the product or failure to follow instructions

9   bar plaintiff's claims in whole or in part.

10       15.    If plaintiff suffered injuries or damages as alleged, which is denied, such injuries

11  or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is

12  neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the

13  relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or

14  causes that are not related or connected with any product sold, distributed, or manufactured by

15  Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an

16  independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

17       16.    Monsanto had no legal relationship or privity with plaintiff and owed no duty to

18  him by which liability could be attributed to it.

19       17.    Plaintiff's claims are preempted in whole or part by the Freedom of Speech

20  Clause of the First Amendment of the U.S. Constitution.

21       18.    Plaintiff's claims for punitive and/or exemplary damages are barred because such

22  an award would violate Monsanto's due process, equal protection and other rights under the

23  United States Constitution, the Kentucky Constitution, the Ohio Constitution, Pennsylvania

24  Constitution, and/or other applicable state constitutions.

25       19.    Plaintiff's claims for punitive and/or exemplary damages are barred because

26  plaintiff has failed to allege conduct warranting imposition of such damages under Kentucky

27  law, Ohio law, Pennsylvania law, and/or other applicable state laws.

28

20.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Ohio Rev. Code Ann. § 2315.21.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     To the extent that plaintiff recovered payments for plaintiff's alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

25.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

29.     Plaintiff's common law claims are barred, in whole or part, by application of the Kentucky Product Liability Act, Ky. Rev. Stat. § 411.300, *et seq.*, and the Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2307.80.

30.     Monsanto hereby preserves any and all defenses under *Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (Pa. 2014).

31.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

1    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2    plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

3    other relief as the Court deems equitable and just.

4    ## JURY TRIAL DEMAND

5    Monsanto demands a jury trial on all issues so triable.

6

7    DATED:  September 9, 2019                      Respectfully submitted,

8
                                                   /s/ Joe G. Hollingsworth
9                                                  Joe G. Hollingsworth (*pro hac vice*)
                                                   (jhollingsworth@hollingsworthllp.com)
10                                                 Eric G. Lasker (*pro hac vice*)
                                                   (elasker@hollingsworthllp.com)
11                                                 HOLLINGSWORTH LLP
                                                   1350 I Street, N.W.
12                                                 Washington, DC  20005
                                                   Telephone:   (202) 898-5800
13                                                 Facsimile:    (202) 682-1639

14                                                 *Attorneys for Defendant*
                                                   *MONSANTO COMPANY*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-04721-VC