**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   202-898-5800
Facsimile:   202-682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Reed Nelson Spaulding III v. Monsanto Co.*, Case No 3:19-cv-05283-VC | |

### <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint and Demand for Jury Trial ("Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 that plaintiff purchased Roundup®-branded products in Kentucky and therefore denies those allegations.  The remaining allegations in paragraph 2 set forth conclusions of law for which no response is required.

3.      In response to the allegations in the first sentence of paragraph 3, Monsanto admits that it sells Roundup®-branded products in Kentucky.  The final sentence in paragraph 3 sets forth conclusions of law for which no response is required.  The remaining allegations in paragraph 3 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's Complaint.

5.      In response to the allegations in paragraph 5, Monsanto denies any "omissions" and certain events giving rise to plaintiff's claims.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.  The remaining allegations in paragraph 5 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits that venue is proper in the Eastern District of Kentucky based upon the allegations in plaintiff's Complaint.

6.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 6 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 6.

7.      Monsanto admits the allegations in paragraph 7.

8.      Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

10.      Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 10 are vague and that it accordingly lacks information

or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

11.     Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate.  The remaining allegations in paragraph 11 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore denies those allegations.

12.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 12 comprise attorney characterizations and are accordingly denied.

13.     Monsanto admits the allegations in paragraph 13.

14.     Monsanto generally admits the allegations in paragraph 14, but denies the allegations in paragraph 14 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

15.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 16 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 16.

17.     In response to the allegations in the first sentence of paragraph 17, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto admits the allegations in the second sentence of paragraph 17.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 and therefore denies those allegations.

18.     Monsanto states that the term "In all this time" is vague and ambiguous, and Monsanto therefore denies the same.  Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 18.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 19.

20.     In response to the allegations in paragraph 20, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     The allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Kentucky for sale and distribution.

23.     In response to the allegations in paragraph 23, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 23 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 23 set forth conclusions of law for which no answer is required.

24.     Monsanto denies the allegations in paragraph 24 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

1    products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

2    of the allegations in paragraph 24 regarding such pesticide products generally and therefore

3    denies those allegations.  The remaining allegations in paragraph 24 set forth conclusions of law

4    for which no response is required.

5         25.    In response to the allegations in paragraph 25, Monsanto admits that EPA has

6    undertaken a regulatory review of glyphosate and further admits that EPA has not released its

7    findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

8    Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

9    concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

10   humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

11   posted an October 2015 final report by its standing Cancer Assessment Review Committee

12   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

13   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

14   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

15   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

16   humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC final

17   Report, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that
  shows evidence of non-carcinogenicity for humans—based on the lack of
  convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate:*

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/ document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-05283-VC

1

2

> *Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
> http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

3

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

4

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

5

6

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

7

8

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

9

10

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

11

12

13

14

15

16

17

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

18

remaining allegations in paragraph 25 and therefore denies those allegations.

19

     26.     In response to the allegations in paragraph 26, Monsanto admits that the New

20

York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

21

advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

22

admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

23

General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

24

the subparts purport to quote a document, the document speaks for itself and thus does not

25

require any further answer.  The remaining allegations in paragraph 26 are vague and conclusory

26

and comprise attorney characterizations and are accordingly denied.

27

     27.     Monsanto denies the allegations in paragraph 27.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-05283-VC

28.     In response to the allegations in paragraph 28, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 28 to the extent that they suggest that this ruling was in any way related to plaintiff's claims here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 28.

29.     Monsanto denies the allegations in paragraph 29.

30.     In response to the allegations in paragraph 30, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 30 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore denies those allegations.

31.     Monsanto admits the allegations in paragraph 31.

32.     In response to the allegations in paragraph 32, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 32 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies those allegations.

33.     Monsanto states that the term "toxic" as used in paragraph 33 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 33.

34.     Monsanto admits the allegations in the first sentence of paragraph 34.  In response to the allegations in the second sentence of paragraph 34, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the remaining allegations in paragraph 34.

35.     In response to the allegations in the first sentence of paragraph 35, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 35 characterizes the meaning of the cited study, Monsanto denies the allegations in paragraph 35.

36.     In response to the allegations in paragraph 36, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 37 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 37.

38.     Monsanto denies the allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 39 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 39.

40.     In response to the allegations in paragraph 40, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 40 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 40.

41.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 41.

42.     Monsanto denies the allegations in paragraph 42.

43.     Monsanto denies the allegations in paragraph 43.

44.     Monsanto denies the allegations in paragraph 44.

45.     Monsanto denies the allegations in paragraph 45.

46.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 46.

47.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

1   lacks information or knowledge sufficient to form a belief as to the truth of the remaining

2   allegations in paragraph 47 and therefore denies those allegations.

3        48.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4   truth of the allegations in paragraph 48 and therefore denies those allegations.  Monsanto denies

5   that glyphosate met the criteria necessary to be eligible for review.

6        49.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7   truth of the allegations in paragraph 49 and therefore denies those allegations.  Monsanto denies

8   that glyphosate met the criteria necessary to be eligible for review.

9        50.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

10   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

11   evidence was "cumulative."  The remaining allegations in paragraph 50 are vague and

12   conclusory and comprise attorney characterizations and are accordingly denied.

13        51.    Monsanto admits that the full IARC Monograph regarding glyphosate was

14   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

15   2A carcinogen.  In response to the remaining allegations in paragraph 51, Monsanto states that

16   the document speaks for itself and does not require a response.  To the extent that a response is

17   deemed required, the remaining allegations in paragraph 51 comprise attorney characterizations

18   and are accordingly denied.

19        52.    In response to the allegations in paragraph 52, Monsanto states that the document

20   speaks for itself and does not require a response.  To the extent that a response is deemed

21   required, the allegations in paragraph 52 comprise attorney characterizations and are accordingly

22   denied.

23        53.    In response to the allegations in paragraph 53, Monsanto states that the document

24   speaks for itself and does not require a response.  To the extent that a response is deemed

25   required, the allegations in paragraph 53 comprise attorney characterizations and are accordingly

26   denied.

27        54.    Monsanto denies the allegations in paragraph 54.

28

55.     The allegations in paragraph 55 comprise attorney characterizations and are accordingly denied.

56.     Monsanto admits the allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 58.

59.     The allegations in paragraph 59 are vague and ambiguous and are accordingly denied.

60.     In response to the allegations in paragraph 60, Monsanto states that the cited document speaks for itself and does not require a response.

61.     In response to the allegations in paragraph 61, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 61 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 61.

62.     Monsanto denies the allegations in paragraph 62.

63.     In response to the allegations in paragraph 63, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 63.

64.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic.  Monsanto otherwise denies the allegations in paragraph 64.

65.     Monsanto denies the allegations in paragraph 65.

1    66.    Monsanto denies the allegations in paragraph 66.

2    67.    Monsanto denies the allegations in paragraph 67.

3    68.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

4 exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 68.

5    69.    Monsanto denies the allegations in paragraph 69.

6    70.    Monsanto denies the allegations in paragraph 70.

7    71.    Monsanto admits the allegations in paragraph 71.

8    72.    Monsanto denies the allegations in paragraph 72.

9    73.    Monsanto admits the allegations in paragraph 73.

10    74.    Monsanto denies the allegations in paragraph 74.

11    75.    Monsanto denies the allegations in paragraph 75.

12    76.    Monsanto denies the allegations in paragraph 76.

13    77.    Monsanto denies the allegations in paragraph 77.

14    78.    Monsanto denies the allegations in paragraph 78.

15    79.    Monsanto denies the allegations in paragraph 79.

16    80.    Monsanto denies the allegations in paragraph 80.

17    81.    Monsanto admits that independent experts and regulatory agencies agree that

18 there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

19 products and admits that it has made statements reflecting this fact.  Monsanto denies the

20 remaining allegations in paragraph 81.

21    82.    In response to the allegations in paragraph 82, Monsanto admits that Roundup®-

22 branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

23 the product's EPA approved labeling.

24    83.    In response to the allegations in paragraph 83, Monsanto admits that it has stated

25 and continues to state that Roundup®-branded products are safe when used as labeled and that

26 they are non-carcinogenic and non-genotoxic.

27    84.    In response to the allegations in paragraph 84, Monsanto admits that a 1986 joint

28 report of the World Health Organization and Food and Agriculture Organization of the United

1   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

2   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

3   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

4   carcinogen.  Monsanto denies the remaining allegations in paragraph 84.

5          85.     In response to the allegations in paragraph 85, Monsanto admits that the IARC

6   working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

7   discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

8   based herbicides, but denies that there is any scientific basis for the concerns raised by the

9   improper IARC classification.  Monsanto denies the remaining allegations in paragraph 85.

10          86.     Monsanto denies the allegations in paragraph 86.

11          87.     Monsanto denies the allegations in paragraph 87.

12          88.     Monsanto denies the allegations in paragraph 88.

13          89.     Monsanto denies the allegations in paragraph 89.

14          90.     Monsanto denies the allegations in paragraph 90.

15          91.     Monsanto denies the allegations in paragraph 91.

16          92.     Monsanto denies the allegations in paragraph 92.

17          93.     Monsanto denies the allegations in paragraph 93.

18          94.     Monsanto denies the allegations in paragraph 94.

19          95.     Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 95 and therefore denies those allegations.

21          96.     Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 96 and therefore denies those allegations.

23          97.     Monsanto lacks information or knowledge sufficient to form a belief as to the

24   truth of the allegations in paragraph 97 and therefore denies those allegations.

25          98.     Monsanto lacks information or knowledge sufficient to form a belief as to the

26   truth of the allegations in paragraph 98 and therefore denies those allegations.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-05283-VC

99.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore denies those allegations.  Monsanto denies the allegations in the last sentence of paragraph 99.

100.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 100. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 100 and therefore denies those allegations.

101.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies the allegations in paragraph 101.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

102.     In response to the allegations in paragraph 102, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that glyphosate is injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The final sentence of paragraph 102 sets forth a conclusion of law for which no response is required.

103.     In response to the allegations in paragraph 103, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  The remaining allegations in paragraph 103 set forth conclusions of law for which no response is required.

104.     In response to the allegations in paragraph 104, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available

1    before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to

2    the truth of the remaining allegations in paragraph 104 and therefore denies those allegations.

3         105.    The allegations in paragraph 105 set forth conclusions of law for which no

4    response is required.

5         106.    Monsanto denies the allegations in paragraph 106.

6         107.    Monsanto denies the allegations in paragraph 107.

7         108.    The allegations in paragraph 108 set forth conclusions of law for which no

8    response is required.

9         109.    Monsanto denies the allegations in paragraph 109.

10        110.    The allegations in paragraph 110 set forth conclusions of law for which no

11   response is required.

12        111.    Monsanto incorporates by reference its responses to paragraphs 1 through 110 in

13   response to paragraph 111 of plaintiff's Complaint.

14        112.    The allegations in paragraph 112 set forth conclusions of law for which no

15   response is required.

16        113.    Monsanto denies the allegations in paragraph 113.

17        114.    Monsanto denies the allegations in paragraph 114, including each of its subparts.

18        115.    Monsanto denies the allegations in paragraph 115.

19        116.    Monsanto denies the allegations in paragraph 116.

20        117.    Monsanto denies the allegations in paragraph 117, including each of its subparts.

21        118.    Monsanto denies the allegations in paragraph 118.

22        119.    Monsanto denies the allegations in paragraph 119.

23        120.    Monsanto denies the allegations in paragraph 120.

24        121.    Monsanto denies the allegations in paragraph 121.

25        In response to the "WHEREFORE" paragraph following paragraph 121, Monsanto

26   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

27   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

28

1  fees as allowed by law and such further and additional relief as this Court may deem just and

2  proper.

3       122.   Monsanto incorporates by reference its responses to paragraphs 1 through 121 in

4  response to paragraph 122 of plaintiff's Complaint.

5       123.   Monsanto lacks information or knowledge sufficient to form a belief as to the

6  truth of the allegations in paragraph 123 and therefore denies those allegations.

7       124.   Monsanto lacks information or knowledge sufficient to form a belief as to the

8  truth of the allegations in paragraph 124 and therefore denies those allegations.

9       125.   Monsanto denies the allegations in paragraph 125.

10      126.   Monsanto denies the allegations in paragraph 126.

11      127.   Monsanto denies the allegations in paragraph 127.

12      128.   Monsanto denies the allegations in paragraph 128, including each of its subparts.

13      129.   Monsanto denies the allegations in paragraph 129.

14      130.   Monsanto denies that Roundup®-branded products have "dangerous

15  characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

16  truth of the remaining allegations in paragraph 130 and therefore denies those allegations.

17      131.   Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 131 and therefore denies those allegations.

19      132.   Monsanto denies the allegations in paragraph 132.

20      133.   The allegations in paragraph 133 set forth conclusions of law for which no

21  response is required.

22      134.   Monsanto denies the allegations in paragraph 134.

23      135.   Monsanto denies the allegations in paragraph 135.

24      136.   Monsanto denies the allegations in paragraph 136.

25      137.   Monsanto denies the allegations in paragraph 137.

26      138.   Monsanto denies the allegations in paragraph 138.

27      139.   Monsanto denies the allegations in paragraph 139.

28      140.   Monsanto denies the allegations in paragraph 140.

141.   Monsanto denies the allegations in paragraph 141.

142.   Monsanto denies the allegations in paragraph 142.

143.   Monsanto denies the allegations in paragraph 143.

144.   Monsanto denies the allegations in paragraph 144.

In response to the "WHEREFORE" paragraph following paragraph 144, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

145.   Monsanto incorporates by reference its responses to paragraphs 1 through 144 in response to paragraph 145 of plaintiff's Complaint.

146.   The allegations in paragraph 146 set forth conclusions of law for which no response is required.

147.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 147 and therefore denies those allegations.

148.   Monsanto denies the allegations in paragraph 148. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

149.   Monsanto denies the allegations in paragraph 149.

150.   Monsanto denies the allegations in paragraph 150. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

151.   Monsanto denies the allegations in paragraph 151. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA and with Kentucky law.

152.   Monsanto denies the allegations in paragraph 152.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-05283-VC

153.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 153 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 153.

154.     The allegations in paragraph 154 set forth conclusions of law for which no response is required.

155.     Monsanto denies the allegations in paragraph 155.

156.     Monsanto denies the allegations in paragraph 156.

157.     Monsanto denies the allegations in paragraph 157.

158.     Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 158.

159.     The allegations in paragraph 159 set forth conclusions of law for which no response is required.

160.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 160 and therefore denies those allegations.

161.     Monsanto denies the allegations in paragraph 161.

162.     Monsanto denies the allegations in paragraph 162.

163.     Monsanto denies the allegations in paragraph 163.

164.     Monsanto denies the allegations in paragraph 164.

165.     Monsanto denies the allegations in paragraph 165.

166.     Monsanto denies the allegations in paragraph 166.

In response to the "WHEREFORE" paragraph following paragraph 166, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

167.     Monsanto incorporates by reference its responses to paragraphs 1 through 167 in response to paragraph 167 of plaintiff's Complaint.

168.     Monsanto denies the allegations in paragraph 168.

1    169.    In response to the allegations in paragraph 169, Monsanto admits that it has sold

2    Roundup®-branded products in accordance with their EPA-approved labeling.  The allegations in

3    paragraph 169 regarding express and implied warranties set forth conclusions of law for which

4    no response is required.  Monsanto denies the remaining allegations in paragraph 169.

5    170.    Monsanto denies the allegations in the first and second sentence of paragraph 170.

6    All labeling of Roundup®-branded products has been and remains EPA-approved and in

7    compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

8    of paragraph 170 sets forth conclusions of law for which no response is required.

9    171.    The allegations in paragraph 171 set forth conclusions of law for which no

10   response is required.

11   172.    Monsanto denies the allegations in paragraph 172.

12   173.    Monsanto denies the allegations in paragraph 173 and each of its subparts.

13   174.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in paragraph 174 and therefore denies those allegations.

15   175.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 175 regarding plaintiff's knowledge and therefore denies

17   those allegations.  Monsanto denies the remaining allegations in paragraph 175.

18   176.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 176 regarding plaintiff's knowledge and therefore denies

20   those allegations.  Monsanto denies the remaining allegations in paragraph 176.

21   177.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 177 and therefore denies those allegations.

23   178.    Monsanto denies the allegations in paragraph 178.

24   179.    Monsanto denies the allegations in paragraph 179.

25   180.    Monsanto denies the allegations in paragraph 180.

26   In response to the "WHEREFORE" paragraph following paragraph 180, Monsanto

27   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

28   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

- 18 -

1  fees as allowed by law and such further and additional relief as this Court may deem just and

2  proper.

3       181.    Monsanto incorporates by reference its responses to paragraphs 1 through 180 in

4  response to paragraph 181 of plaintiff's Complaint.

5       182.    Monsanto denies the allegations in paragraph 182.

6       183.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7  truth of the allegations in paragraph 183 concerning plaintiff's claimed use of and exposure to

8  Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

9  paragraph 183 set forth conclusions of law for which no response is required.

10      184.    Monsanto denies the allegations in paragraph 184.  All labeling of Roundup®-

11  branded products has been and remains EPA-approved and in compliance with all federal

12  requirements under FIFRA.

13      185.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in paragraph 185 regarding plaintiff's reliance and therefore denies those

15  allegations.  The remaining allegations in paragraph 185 set forth conclusions of law for which

16  no response is required.

17      186.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 186 and accordingly denies those allegations.  In addition,

19  the allegations in paragraph 186 set forth conclusions of law for which no response is required.

20      187.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21  truth of the allegations in paragraph 187 concerning plaintiff's claimed use of or exposure to

22  Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

23  paragraph 187 set forth conclusions of law for which no response is required.

24      188.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25  truth of the allegations in paragraph 188 concerning plaintiff's claimed use of or exposure to

26  Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph

27  188 regarding Monsanto's implied warranties sets forth conclusions of law for which no

28  response is required.  Monsanto denies the remaining allegations in paragraph 188.

189.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 189 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged use of such product and therefore denies the allegations in paragraph 189.

190.   Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 190 concerning plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 190.

191.   Monsanto denies the allegations in paragraph 191.

192.   Monsanto denies the allegations in paragraph 192.

193.   Monsanto denies the allegations in paragraph 193.

194.   Monsanto denies the allegations in paragraph 194.

In response to the "WHEREFORE" paragraph following paragraph 194, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.   The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.   Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.   Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.      Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.      Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

1    13.    Plaintiff's misuse or abnormal use of the product or failure to follow instructions

2    bar plaintiff's claims in whole or in part.

3    14.    If plaintiff suffered injury or damages as alleged, which is denied, such injury or

4    damage resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither

5    liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative

6    degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that

7    are not related or connected with any product sold, distributed, or manufactured by Monsanto.

8    Such acts or omissions on the part of others or diseases or causes constitute an independent,

9    intervening and sole proximate cause of plaintiff's alleged injury or damages.

10    15.    Monsanto had no legal relationship or privity with plaintiff and owed no duty to

11    him by which liability could be attributed to it.

12    16.    Monsanto made no warranties of any kind or any representations of any nature

13    whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies,

14    then plaintiff failed to give notice of any breach thereof.

15    17.    Plaintiff's claims are preempted in whole or part by the Freedom of Speech

16    Clause of the First Amendment of the U.S. Constitution.

17    18.    Plaintiff's claims for punitive damages are barred because such an award would

18    violate Monsanto's due process, equal protection and other rights under the United States

19    Constitution, the Kentucky Constitution, and/or other applicable state constitutions.

20    19.    Plaintiff's claims for punitive damages are barred because plaintiff has failed to

21    allege conduct warranting imposition of punitive damages under Kentucky law and/or other

22    applicable state laws.

23    20.    Plaintiff's claims for punitive damages are barred and/or limited by operation of

24    state and/or federal law.

25    21.    Plaintiff's claims are barred in whole or in part by plaintiff's own

26    contributory/comparative negligence.

27    22.    Plaintiff's claims are barred in whole or in part by plaintiff's own failure to

28    mitigate damages.

1    23.    Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

2    24.    Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff

3    receives from collateral sources.

4    25.    Plaintiff's common law claims are barred, in whole or part, by application of the

5    Kentucky Product Liability Act, Ky. Rev. Stat. § 411.300, *et. seq.*

6    26.    If plaintiff has been injured or damaged, no injury or damages being admitted,

7    such injuries were not caused by a Monsanto product.

8    27.    Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims

9    that are governed by the laws of a state that does not recognize, or limits, such claims.

10    28.    Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws

11    of states that do not govern plaintiff's claims.

12    29.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

13    may become available or apparent during the course of discovery and thus reserves its right to

14    amend this Answer to assert such defenses.

15    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

16    plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

17    other relief as the Court deems equitable and just.

18    ## JURY TRIAL DEMAND

19    Monsanto demands a jury trial on all issues so triable.

20    DATED:  September 9, 2019                Respectfully submitted,

21

22    /s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)

23    Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)

24    HOLLINGSWORTH LLP
1350 I Street, N.W.

25    Washington, DC  20005
Telephone:   (202) 898-5800

26    Facsimile:   (202) 682-1639

27    *Attorneys for Defendant*
*MONSANTO COMPANY*

28