# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| MIKE BRONZINI; HOWARD BULMER; JERRY BURKE; FRED BURMEISTER; MELINDA CLOUD; CHARLES CRUTCHER; MICHAEL DEROBBIO; JEFFREY DISCOLL; PENNY BAKER, individually and on behalf of decedent, CHRISTINE EICHENAUER; TIM ESCHBACH; ANTHONY EVANS; CAROLL FOWLER; GREGORY GORDON; MATTHEW JACOBSON; KENNETH LEMLER; DIANE NIEMI; JARRETT PAPUNEAU; RONALD OTIS PERRY; DIANE B. PESCE; MARY RANK; ROBERT RUDOLPH; DAVID SIMMONS; JERRY SKEEM; and ROBERT THACKWRAY,<br><br>Plaintiffs,<br><br>vs.<br><br>MONSANTO COMPANY,<br><br>Defendant. | Case No.: 3:19-cv-04676-VC<br>MDL No. 2741<br>The Honorable Vince Chhabria<br><br>**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: September 26, 2019<br>Time: 10:00 a.m.<br>Courtroom: 4<br><br>Trial Date: None Set |

TO DEFENDANTS AND THEIR COUNSEL RECORD:

PLEASE TAKE NOTICE that on September 26, 2019, at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 4 of the United States District Court for the Northern District of California, located at 1301 Clay Street, 4th Floor, Oakland, CA 94612, the Honorable Vince Chhabria presiding, Plaintiffs will, and hereby do, move this Court for an order remanding this case to the Circuit Court for the Twenty-First Judicial Circuit, St. Louis County, Missouri.

Plaintiffs bring this motion pursuant to the provisions of title 28 U.S.C. section 1447(c) on the ground that no "federal question" jurisdiction exits, and thus Defendant's removal of the instant case to this Court was improper. Plaintiffs respectfully request that the Court hear this motion

1

before deciding the pending Motion to Sever filed by the Defendant (Dkt. 7), as the decision on the jurisdictional issue will determine which court should properly hear Defendant's Motion to Sever.

This Motion is based upon this notice, the accompanying memorandum of points and authorities, the papers, records and files herein, and upon such oral and documentary evidence that may be presented at or before the hearing on this matter.

Dated: August 16, 2019            Respectfully Submitted,

/s/ Thomas M. Sims
Thomas M. Sims (CA SBN 264174)
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
Email: tsims@baronbudd.com

Eric D. Holland (Mo. Bar # 39935)
R.Seth Crompton (Mo. Bar #57448)
Patrick R. Dowd (Mo. Bar #64820)
HOLLAND LAW FIRM, LLC
300 N. Tucker, Suite 801
St. Louis, MO 63101
Tel: (315) 241-8111
Fax: (314) 241-5554
Email: eholland@allfela.com
Email: scrompton@allfela.com
Email: pdowd@allfela.com

*Attorneys for the Plaintiffs*

## STATEMENT OF ISSUE TO BE DECIDED

1. Does the Court have "federal question" jurisdiction to hear Plaintiffs' claims under 28 U.S.C. §1331 based upon Plaintiff Robert Thackwray's use of Defendant's Roundup®, in part, on a federal enclave?

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to 28 U.S.C. §1447(c) and for the reasons that follow, this action should be remanded to the Twenty-First Judicial Circuit Court, St. Louis County, Missouri.

### INTRODUCTION AND BACKGROUND

Plaintiffs are individuals and estate representatives claiming injuries suffered as a result of their use of Defendant Monsanto's (hereinafter "Monsanto") Roundup® products. *See, generally,* Petition. Plaintiffs jointly allege state law claims against Monsanto for injuries and death suffered by those who were exposed to the Roundup® products. *Id*.

In its Notice of Removal ("Notice"), Monsanto asserts that removal is proper because one of the plaintiffs, Robert Thackwray (hereinafter "Plaintiff Thackwray"), was exposed to Roundup® products at various military bases through the course of his employment, thereby granting this Court federal question jurisdiction over his claims. *See* Notice at pp. 2-4 ¶¶ 2, 5, 8. Monsanto further argues that this Court should exercise supplemental jurisdiction over Plaintiff Thackwray's non-federal claims. *Id.* at p. 4 ¶ 9. However, as all the Plaintiffs' claims in the underlying action are substantively state law claims, this Court should remand the case to the Circuit Court of St. Louis County, in the State of Missouri, where the case was appropriately originally brought.

### ARGUMENT

**A. Although Plaintiff Thackwray's exposure to Roundup® occurred on federal enclaves, remand is appropriate because his claims are grounded in state law.**

A state law claim may be removed to federal court "only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir.2010); *see also* 28 U.S.C. § 1441. "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction, [and] all doubts about federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir.2009) (internal citations omitted). When removal is based on federal question jurisdiction, the well-pleaded complaint rule governs and "jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Pet Quarters, Inc. v.*

4

*Depository Trust & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir.2009). As such, a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Cent. Iowa Power*, 561 F.3d at 912 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Defendants may not "inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law." *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir.2000). Moreover, "[i]t is firmly established that a federal defense … does not provide a basis for removal, 'even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue in the case.'" *Cent. Iowa Power*, 561 F.3d at 912 (*quoting Caterpillar*, 482 U.S. at 393).

The United States Supreme Court has recognized, however, that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). "There is no 'single, precise, all-embracing test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties.'" *Cent. Iowa Power*, 561 F.3d at 912 (quoting *Grable & Sons*, 545 U.S. at 314). Rather, the question remains "does a state-law claim necessarily raise a stated federal issue, *actually disputed and substantial*, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons*, 545 U.S. at 314 (emphasis added).

Plaintiff Thackwray was exposed to Roundup® in Fort Campbell, Kentucky; Fort Jackson, South Carolina; Fort Hood, Texas; Cooper's Cove, Texas; and Guantanamo Bay, Cuba. Petition pp. 23-24 ¶¶ 127-31. Plaintiffs do not dispute that Fort Campbell, Fort Hood, and Guantanamo Bay are federal enclaves.[1] However, Plaintiffs assert that the mere exposure of Plaintiff Thackwray

---

[1] "A federal enclave is an area over which the federal government has assumed exclusive legislative jurisdiction through the application of Art. I, Section 8 of the U.S. Constitution." *Jones v. John Crane-Houdallle. Inc.*, CCB-11-2374, 2012 WL 1197391, at *1 (D. Md. Apr. 6, 2012). Article I, Section 8 grants Congress the power

> [t]o exercise exclusive Legislation in all Cases whatsoever ... over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, Dock–Yards, and other needful Buildings[.]

U.S. Const. art I, § 8, cl.17.[2] *Id.*

5

to Roundup® on a federal enclave is insufficient to establish federal question jurisdiction in this case. While considering theories regarding when federal enclave status could result in federal jurisdiction, the court in *Jones v. John Crane-Houdaille, Inc.*, CCB-11-2374, 2012 WL 1197391, at *1 (D. Md. Apr. 6, 2012) aptly explained:

> Following the logic of the Fourth Circuit in *Stokes*, *neither of these theories suggest a claim arising in a federal enclave may only be tried in federal court. See Stokes* [*v. Adair*, 265 F.2d 662, 666 (4th Cir.1959)]. *That the federal government's exclusive legislative jurisdiction federalizes state law in a federal enclave does not necessarily lead to exclusive judicial jurisdiction for the federal courts*. Applying either of defendants' legal theories, *the federal government's exclusive legislative jurisdiction over a federal enclave in effect federalizes state law for the purpose of creating federal question jurisdiction in federal courts. State courts, however, are courts of general subject matter jurisdiction and may hear claims brought under either state or federal law*. Thus, under the defendants' theories, if the defendants had not chosen to remove this case to federal court, the case could still have been properly tried in … state court.

*Jones*, 2012 WL 1197391, at *2 (emphasis added).

Applying the logic of *Jones*[2], although Plaintiff Thackwray was exposed to Roundup® on, among other places, federal enclaves, the mere presence of said federal enclave does not necessitate that a federal court hear the claims, especially when the claims are based on state law. Identically to all other Plaintiffs in the underlying case, Plaintiff Thackwray alleges state law claims of Strict Liability for Defective Manufacture and Design, Strict Liability for Failure to Warn, Violation of Missouri Merchandizing Practice Act, § 407.020 et seq., Negligence, Breach of Express Warranties, Breach of Implied Warranties, and Punitive Damages. *See, generally,* Petition. These state law claims do not contain "actually disputed and substantial" federal issues requiring a federal court's adjudication because the claims are wholly state issues and the single federal connection—that Monsanto's product was used on federal land—is immaterial. *See Grable*, 545 U.S. at 314. In determining the validity of the claims, a court need not inquire into or consider *where* Plaintiff Thackwray's exposure occurred; rather, the issues to be decided are whether Plaintiff Thackwray was exposed to Roundup®, whether that exposure caused him to

---

[2] *Id.*

develop Non Hodgkin's Lymphoma, and Monsanto's culpability in the matter. Importantly, these are the same issues for all of the other Plaintiffs' claims, regardless of place of exposure. Because the substance of these claims are grounded in state law, that a plaintiff used the product on federal land does not transform the claim into one of federal question, and thus, does not provide a basis for removal. *Gore*, 210 F.3d at 948; *Cent. Iowa Power*, 561 F.3d at 912. These state law claims were appropriately brought before the state court, and should be properly tried in the state court. *See Jones,* 2012 WL 1197391. Accordingly, this Court should remand the matter to the state court.

### B. This Court should choose to decline supplemental jurisdiction over Plaintiff Thackwray's undisputedly non-federal claims.

Indeed, federal courts exercising federal enclave jurisdiction may exercise supplemental jurisdiction over non-federal elements of the case. *Sherin v. John Crane-Houdaille, Inc.*, No. CIV. WDQ-11-3698, 2015 WL 1401853, at *2 (D. Md. Mar. 24, 2015) (citing to 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy ....")). However, under 28 U.S.C. § 1367(c),

> the Court may decline to exercise its supplemental jurisdiction over those claims if (1) they raise[ ] a novel or complex issue of State law, (2) they substantially predominate[ ] over the federal claims, (3) the Court has dismissed all claims over which it ha[d] original jurisdiction, or (4) there are other compelling reasons for declining jurisdiction. A state claim substantially predominates over the claim that forms the basis of jurisdiction, if that claim is only an incident or adjunct of the state claim and ... the state claim is the crux of the action.

*Sherin*, 2015 WL 1401853, at *2 (citations omitted).

As established *supra*, all of Plaintiff Thackwray's claims and the claims of other Plaintiffs in the instant case are state law claims which should be decided in the state court. Certainly, Plaintiff Thackwray's claims concerning exposures to Roundup® at locations that are not federal enclaves are non-federal claims, as acknowledged by Monsanto. *See* Notice at p. 4 ¶ 9. Under 28 U.S.C. § 1367(c)(2), a Court may decline to exercise its supplemental jurisdiction over non-federal

7

claims if they substantially predominate over the federal claims. In this instance, not only do the state law claims substantially predominate over the so-called federal claims, arguably, there are no federal claims at all; there is only exposure on federal land which has given rise to state law claims, with the crux of the action clearly grounded in state law. *Sherin*, 2015 WL 1401853, at *2.

Further, given that the remaining Plaintiffs' claims will be adjudicated in the state court in which they were originally filed because there is no arguable federal question[3], it would be judicially efficient and logical for the state court to decide Plaintiff Thackwray's claims in the same action. All of the Plaintiffs' claims, including those of Plaintiff Thackwray's, arise out of the same transactions and occurrences, and thus, common questions of law or fact are likely to arise in the litigation. *See, generally,* Plaintiff's Response in Opposition to Defendant's Motion to Sever. Specifically, every one of the Plaintiffs allege state law claims of Strict Liability for Defective Manufacture and Design, Strict Liability for Failure to Warn, Violation of Missouri Merchandizing Practice Act, § 407.020 et seq., Negligence, Breach of Express Warranties, Breach of Implied Warranties, and Punitive Damages, arising out of their exposure to Roundup® and causing their subsequent non-Hodgkin's Lymphoma diagnoses. *See, generally*, Petition. Given the similarities of the claims, the court would have to perform nearly identical inquiries and analyses for each of the Plaintiffs' claims. Thus, this Court should decline supplemental jurisdiction and permit the state court to decide all claims.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion should be granted and this action should be

---

[3] In its Notice, Monsanto urges the Court to sever and remand to state court the remaining Plaintiffs' claims, as those claims do not fall under this Court's original federal question jurisdiction. *See* Notice at p. 5 ¶ 10. Monsanto also filed a concurrent Motion to Sever. Plaintiffs agree that all remaining claims do not arise under federal question jurisdiction and should be remanded to state court. Furthermore, Plaintiffs have responded to Monsanto's Motion to Sever, and, in order to save the Court's time, will refrain from reasserting the same arguments in this brief. *See, generally*, Plaintiff's Response in Opposition to Defendant's Motion to Sever.

8

remanded to the Circuit Court for the Twenty-First Judicial Circuit, St. Louis County, Missouri.

Dated: August 16, 2019  Respectfully Submitted,

/s/ Thomas M. Sims
Thomas M. Sims (CA SBN 264174)
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
Email: tsims@baronbudd.com

Eric D. Holland (Mo. Bar # 39935)
R.Seth Crompton (Mo. Bar #57448)
Patrick R. Dowd (Mo. Bar #64820)
HOLLAND LAW FIRM, LLC
300 N. Tucker, Suite 801
St. Louis, MO 63101
Tel: (315) 241-8111
Fax: (314) 241-5554
Email: eholland@allfela.com
Email: scrompton@allfela.com
Email: pdowd@allfela.com

*Attorneys for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 16, 2019, a copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

                                          /s/ Thomas M. Sims
                                          Thomas M. Sims