UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This Document relates to:<br>*Keith Cichy v. Bayer Corporation, et al.*<br>Case No. 3:19-cv-04575-VC | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**<br><br>Hearing: October 17, 2019, at 10:00 a.m.<br>Courtroom: 04, 17th Floor, San Francisco |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**

Plaintiff, KEITH CICHY, by and through his attorneys, MOTHERWAY & NAPLETON, LLP states the following in reply to Defendant MONSANTO COMPANY's, Response to Plaintiff's Motion to Remand.

**I.      INTRODUCTION**

Monsanto Company's ("Monsanto") initial negligence, design defects, and failure to warn caused Plaintiff's injuries requiring the medical treatment that was rendered ineffectively and negligently, and which exacerbated Plaintiff's injuries. Monsanto is simply the initial tortfeasor, and should answer for its conduct in the only appropriate jurisdiction and venue, the Circuit Court of Cook County in the State of Illinois. As an initial matter, Plaintiff argues that Illinois law applies to the issue of remand; however, in the event California law controls, the result is still the same.

Monsanto is operating under the assumption that Co-Defendants, Northwestern Memorial Hospital, Northwestern Medical Faculty Foundation, and Olga Frankfurt, M.D. (hereinafter "Co-Defendants") have been improperly joined because the Plaintiff combined two unrelated lawsuits. Additionally, Monsanto claims that Plaintiff's causes of action against the Co-Defendants are time-barred. These assertions are incorrect.

1

In its response brief, Monsanto makes multiple references to fraudulent joinder and misjoinder. Monsanto has put forth a considerable amount of effort researching cases from around the United States in order to find something to latch onto so the above entitled cause remains in federal court; but Defendant, Monsanto, has not found any binding precedent from the Seventh Circuit Court of Appeals that supports its position.[1] The Plaintiff has on the other hand, been able to find support for not only the initial motion to remand, but also is able to refute the arguments that Monsanto has proffered. In the ensuing sections it will become evident that the Circuit Court of Cook County, Law Division is the proper forum for this case. The following facts and corresponding case law demonstrate why Co-Defendants were not fraudulently joined.

## II.     SUMMARY OF THE FACTS AND PROCEDURAL HISTORY

Plaintiff, KEITH CICHY, filed this lawsuit in the Circuit Court of Cook County, Illinois, on March 5, 2019, alleging these causes of action: 1) Strict Liability/Design Defect against Monsanto; 2) Strict Liability/Failure to Warn against Monsanto; 3) Negligence against Monsanto; and 4) Medical Negligence against the Co-Defendants.

On April 15, 2019, Monsanto removed this action from the Circuit Court of Cook County, Law Division to the US District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1441 and 1446 because they claimed it had original jurisdiction under 28 U.S.C. § 1332(a)(1), complete diversity. Monsanto relies on the theories of fraudulent joinder and/or fraudulent misjoinder for the inaccurate assertion that complete diversity exists.

On May 1, 2019, Plaintiff moved to remand the case to state court pursuant to 28 U.S.C. § 1447(c) based on the fact that Co-Defendants and the Plaintiff are all citizens of the State of

---

[1] Plaintiff strongly believes Illinois law controls but in the event the Court finds California law controlling, the case should still be remanded. Plaintiff includes several California cases and precedence establishing the same.

Illinois and therefore original federal court diversity jurisdiction does not exist under 28 U.S.C. § 1332.  All defendants were properly joined under Illinois state law.

On May 7, 2019, Plaintiff's remand petition was taken under advisement by the U.S. District Court for the Northern District of Illinois.

On July 31, 2019, the Judicial Panel on Multidistrict Litigation conditionally transferred this action to MDL 2741 – In Re: Roundup Products Liability Litigation.

On August 20, 2019, Plaintiff re-filed his Motion for Remand and on September 3, 2019, Defendant, Monsanto, filed its opposition.

Co-Defendants have neither consented to nor joined the removal.

### III.  ARGUMENT

Co-Defendants, were not **mis-joined** nor **fraudulently joined** in this action because the claims against them and the other defendants all arise from the same transaction or occurrence.  But for the actions of Monsanto, Keith Cichy would never have been under the care of Co-Defendants and therefore, would have never suffered any further injuries.  All five defendants have been properly joined according to both the Illinois and Federal Rules of Civil Procedure and for this reason there is not complete diversity and this case should be remanded. See 28 U.S.C. § 1332 (Westlaw).

### IV.  DEFENDANT'S ARGUMENT RELYING UPON FRAUDULENT MISJOINDER IS UNSUPPORTED

Monsanto, relies on *Tapscott v. MS Dealer Serv. Corp.*, for the basis of its fraudulent misjoinder accusations, but this theory is without merit.  *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir. 1996).  Fraudulent **misjoinder** has not been recognized in any circuit other than the Eleventh and therefore is nothing more than a persuasive idea brought to the attention of this Court by a defendant that is desperately in search of an angle. *Id*; *see also Brazina v. Paul*

3

*Revere Life Ins. Co.,* 271 F. Supp. 2d 1163, 1172 (N.D. Cal. 2003) (stating that "*Tapscott* concerned two groups of plaintiffs that sued separate groups of defendants on almost entirely separate legal grounds. . . [t]he Ninth Circuit has not found occasion to address *Tapscott*, and no other circuit has adopted its rationale."). Monsanto even goes on to point out that other courts, such as the Fifth and Ninth Circuits embrace the fraudulent misjoinder doctrine but haven't actually *accepted* the doctrine. Additionally, Monsanto points to numerous cases where claims joined against healthcare entities and drug manufacturers were severed and remanded by federal courts (outside the Seventh Circuit).

The District Courts in the Seventh Circuit have described the doctrine of fraudulent misjoinder as an additional form of fraudulent joinder; "namely, 'egregious' misjoinder of claims that is a tantamount to fraudulent joinder." *Rutherford v. Merck & Co., Inc.,* 428 F. Supp. 2d 842, 851 (S.D. Ill. 2006). In other words, *Rutherford* looked at fraudulent **misjoinder** as being the equivalent to fraudulent joinder when there is an *egregious* misjoinder. Blacks Law Dictionary defines egregious as, "[e]xtremely or remarkably bad; flagrant." Bryan A. Garner, *Blacks Law Dictionary* 595 (9th ed. 2010). Even if this Court did recognize the doctrine of fraudulent misjoinder (which it does not), it could not possibly determine that the Plaintiff's good faith effort to join all of the appropriate parties in this suit could be construed as a fraudulent misjoinder, let alone egregious misjoinder, which is what the court in *Tapscott* concluded was necessary for fraudulent misjoinder. *See Tapscott,* 77 F.3d at 1360.

Furthermore, the *Rutherford* court went on to say, that "[t]he United States Court of Appeals for the Seventh Circuit has not had occasion to pass on the validity of the doctrine of 'fraudulent misjoinder' crafted in *Tapscott*. The Ninth Circuit, similar to the Seventh, declines to follow *Tapscott* and whether viable state-law claims have been misjoined – even 'egregiously'

4

misjoined – is a matter to be resolved by a state court." *Rutherford,* 428 F. Supp. 2d at 851; *see also*, *Thee Sombrero, Inc. v. Murphy*, 2015 WL 4399631 (C.D. Cal. July 17, 2015) ("this Court declines to expand its jurisdiction by adopting the doctrine of fraudulent misjoinder without intervention by Congress, or guidance from the Supreme Court or the Ninth Circuit."). The court in *Rutherford* declined to adopt the doctrine of fraudulent misjoinder and made it clear that it had no place in the Seventh Circuit.

V.  **THE REMOVAL OF THE ACTION WAS UNWARRANTED**

Monsanto claims that there is diversity in our case because all of the parties in the case have complete diversity and the matter in controversy is more than the sum of $75,000. 28 U.S.C. § 1332 (Westlaw); *Johns v. Johns Mitchell,* No. 06-924-GPM, 2007 WL 496391 (S.D.Ill. Feb. 13, 2007). Monsanto's argument overlooks the fact that the Co-Defendants are also parties to this lawsuit. For domicile purposes, all three of the Co-Defendants are residents of Illinois and therefore, destroy complete diversity. Complete diversity is required for removal. *Id.* An action is removable only if the federal court would have had original jurisdiction, had the action been filed in federal court originally. 28 U.S.C. § 1441 (a) (Westlaw). Removal is not permitted where one of the defendants "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441 (b) (Westlaw).

The removal statute "is strictly construed against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). Thus, the defendant who removes a case from state court has the burden to establish that removal is proper. *See Gaus,* 980 F.2d at 566; *see also Yount v. Shashek,* 472 F.Supp.2d 1055, (S.D.Ill.2006). There must be *no doubt* that jurisdiction exist. If any doubt exists, then remand

is required. *Gaus,* 980 F.2d at 566.  Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.  Put another way, there is a strong presumption in favor of remand. *LaRoe v. Cassens & Sons, Inc.,* 472 F.Supp.2d 1041, (S.D.Ill.2006).  The Court is required to apply the removal statutes strictly, with a presumption in favor of remand and the Court has not been empowered by Congress to fashion equitable removal solutions to procedural complexities. *Nishimoto*, 903 F.2d at 712 n. 3; *see also Dudley v. Putnam Inv. Funds,* 472 F.Supp.2d 1102, (S.D.Ill.2007). This Honorable Court should remand this case to state court based on the strict application of the removal statutes.

Monsanto argues indirectly through its use of fraudulent misjoinder that there has been fraudulent joinder by the Plaintiff, but this allegation is without merit.  In the Seventh Circuit, a defendant is fraudulently **joined** when there is no possibility that a plaintiff can state a cause of action against the nondiverse defendant in state court or where there has been outright fraud in plaintiff's pleading of jurisdictional facts. *Bankcroft v. Bayer Corp.,* CIV. 09-787-GPM, 2009 WL 3156706 (S.D. Ill. 2009). Thus, complete diversity does not exist in this case unless Monsanto proves that Co-Defendants have been fraudulently **joined** (emphasis added).

Fraudulent joinder is an exception to the complete-diversity requirement.  Fraudulent joinder, of non-diverse defendants, occurs in any one of three situations:

(1) When there is no possibility that the plaintiff can prove a cause of action against the resident, non-diverse defendant;

(2) When there is outright fraud in the plaintiff's pleading of jurisdictional facts; and

(3) Where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. 28 U.S.C. § 1447 (Westlaw); *Bechtelheimer v. Continental Airlines, Inc.*, 776 F. Supp. 2d 1319 (M.D. Fla. 2011).

In the case at bar, the Plaintiff has a well-pled complaint against the Co-Defendants based on Illinois state law. Secondly, there is no dispute as to the facts or citizenship of the Plaintiff or the Co-Defendants.

Additionally, Monsanto claims that Plaintiff's claims against the Co-Defendants are barred under the statute of limitations applicable to medical negligence claims under Illinois law. However, due to the continuous negligent medical treatment Plaintiff's claims against the Co-Defendants are not time barred. When the cumulative results of continued negligence is the cause of injury, the statute of limitations and statute of repose cannot start to run until the last date of negligent treatment. *Cunningham v. Huffman,* 609 N.E.2d 321, 325 (1993). To prevail under this cause of action, a plaintiff must demonstrate: (1) that there was a continuous and unbroken course of *negligent* treatment, and (2) that the treatment was so related as to constitute one continuing wrong. *Id.* The Northern District of Illinois furthered the *Cunningham* analysis by stating that the entire course of negligent treatment, notwithstanding one non-negligent act, tolled the statute of repose. *Fordham v. Choi*, 2009 WL 377885 (N.D. Ill. Feb. 12, 2009). Keith Cichy, like the plaintiffs in *Cunningham* and *Fordham*, experienced a series of continuous and unbroken *negligent* treatment from Co-Defendants. While every single act of the Co-Defendants may not have been negligent, their non-negligence did nothing to alleviate any prior negligence. This continuous negligent treatment occurred for over ten years and the statute of limitations and statute of repose cannot start to run until July of 2018. On June 18, 2018, Keith Cichy reported to a subsequent treater, who is not a defendant, that he sustained blistering during summer months while on Voriconazole, which was the time when Defendant, Olga Frankfurt, M.D., instructed Plaintiff to take the Voriconazole. Complaint, Count VII ¶ 209, Attached as **Exhibit A.** The subsequent treater informed Plaintiff in June of 2018 that the blistering was consistent

with prolonged exposure to Voriconazole. *Id.* It was not until a follow up visit with Olga Frankfurt, M.D. on July 17, 2018 that she discontinued Plaintiff's Voriconazole prescription. Complaint, Count VII ¶ 210. Thus, this continuation of negligence by Olga Frankfurt, M.D. fell within two years of Plaintiff's filing of his complaint on March 5, 2019.

If it had not been for Plaintiff, Keith Cichy's prolonged exposure to Roundup, then Keith Cichy would not have been exposed to the negligent care of the Co-Defendants. While under the care of Co-Defendants, Plaintiff suffered injuries in furtherance of those initially caused by Monsanto; all of which derived from the same action.

Fraudulent joinder exists only if there is no "reasonable basis" to expect that the plaintiff's claims against the non-diverse defendants could succeed under state law. *Coyne ex rel. Ohio v. Am. Tobacco Co.,* 183 F.3d 488 (6th Cir. 1999). For diversity purposes, the Co-Defendants here are undeniably citizens of Illinois. Monsanto's response relies almost exclusively on its misguided notion that the Co-Defendants were misjoined. No reasonable person could come to this conclusion based upon the facts.

## VI. REMOVAL IS IMPROPER BECAUSE IN ILLINOIS A PHYSICIAN CAN BE HELD ACCOUNTABLE FOR HIS OR HER PROFESSIONAL NEGLIGENCE

In determining whether a defendant was joined fraudulently, "the courts must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the [Plaintiffs, the] non-moving party [in this case]." *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992); *See also Kyle v. Envoy Mortg., LLC*, No. 18-CV-2396-BAS-WVG, 2018 WL 6600105, at *2 (S.D. Cal. Dec. 17, 2018) (rejecting Defendant's argument of fraudulent joinder and stating that the "court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party."; *see also Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) ("[i]n determining whether a

8

defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'").

There is no dispute that Illinois law provides for the liability of a negligent health care professional. *See* 735 ILCS 5/2-622. As required under Illinois law, a medical professional reviewed Plaintiff's medical records and history then provided a medical report attesting to the merit behind filing medical negligence claims against the Illinois defendants. *See* 735 ILCS 5/2-622. A medical professional affiant attesting to the merit behind the claims further supports the reality that the Illinois defendants are not fraudulently misjoined.

In fact, the Illinois Pattern Jury Instructions define "professional negligence" by a health care professional as the failure to do something that a reasonably careful health care professional practicing in the same or similar localities would do; or the doing of something that a reasonably careful health care professional would not do, under circumstances similar to those shown by the evidence. IPI Civil (2011) 105.01. Plaintiff has sufficiently alleged a cause of action for professional negligence as to the Co-Defendants.

Monsanto argues that the Illinois Co-Defendants' citizenship should be ignored because "it is obvious that a plaintiff has no cause of action against" those defendants. Def. Br. 4. This argument is entirely without merit. As detailed in Plaintiff's Complaint, Co-Defendants were at the time of the incident, and still are Illinois residents and are licensed to provide medical care and services to patients. **Exhibit A**, Count VII ¶ 186-88**.** For over ten years, Plaintiff was treated by Co-Defendants. **Exhibit A**, Count VII ¶ 191-211.  In July of 2018, it was discovered that the Plaintiff suffered serious and permanent injuries as a result of the care administered by Co-Defendants, **Exhibit A,** Complaint, Count VII ¶ 211-13.

Co-Defendants were professionally negligent in their failure to render medical care and treatment in accordance with the accepted standards of prevailing medical practice and opinion existing in the community at that time. Specifically, Co-Defendants, failed to advise the Plaintiff of the risks of prolonged exposure to Voriconazole; prescribed Voriconazole for longer than was reasonably necessary; failed to consider less harmful antifungal medications; failed to properly manage the Plaintiff's GVHD; and failed to have proper procedures in place to ensure that harmful medications were not prescribed for longer periods of time than necessary. **Exhibit A**, Count VII ¶ 215. As support for the claims that reasonably careful physicians and facilities would have acted different, Plaintiff has attached and incorporated an affidavit and medical report to the Complaint, pursuant to 735 ILCS 5/2-622. Attached as **Exhibit B**.

Counts VII through IX of Plaintiff's Complaint sufficiently allege all the necessary elements of a cause of action for professional negligence against the Co-Defendants. Monsanto cannot credibly claim that it is impossible for Plaintiff to establish causes of action against diversity-defeating defendants, particularly in light of the fact that this Court must resolve all facts and issues in favor of Plaintiff. Although Monsanto is free to dispute the merits of the Complaint as this action progresses, this Court should not entertain Defendant's denial of the Plaintiff's well-pled allegation as a basis for considering the fraudulent joinder of a defendant. *See Poulos*, 959 F.2d at 72.

As a final point, Plaintiff has not, as Monsanto suggests, improperly combined two unrelated lawsuits. In Illinois, plaintiffs are encouraged to join any causes of action, against any defendants. 735 ILCS 5/2-614(a) (2012); *see Boyd v. Travelers Ins. Co.*, 166 Ill. 2d 188, 199, 652 N.E.2d 267, 272 (1995). The joinder of defendants is governed by section 2-405 of the Code of Civil Procedure. 735 ILCS 5/2-405 (2012). The statute reads as follows:

    (a)    Any person may be made a defendant who, either jointly, severally or in the alternative, is alleged to have or claim an interest in the controversy, or in any part thereof, or in the transaction or series of transactions out of which the controversy arose, or whom it is necessary to make a party for the complete determination or settlement of any question involved therein, or against whom a liability is asserted either jointly, severally or in the alternative arising out of the same transaction or series of transactions, regardless of the number of causes of action joined.

    (b)    It is not necessary that each defendant be interested as to all the relief prayed for, or as to every cause of action included in any proceeding against him or her; but the court may make any order that may be just to prevent any defendant from being embarrassed or put to expense by being required to attend any proceedings in which such defendant may have no interest.

    (c)    If the plaintiff is in doubt as to the person from whom he or she is entitled to redress, he or she may join two or more defendants, and state his or her claim against them in the alternative in the same count or plead separate counts in the alternative against different defendants, to the intent that the question which, if any, of the defendants is liable, and to what extent, may be determined as between the parties. 735 ILCS 5/2-405.

The objective of joinder is the economy of actions and trial convenience. The determining factors are that the claims arise out of closely related "transactions" and that there is a significant question of law or fact that is common to the parties. *Boyd*, 166 Ill. 2d at 199 (quoting *City of Nokomis v. Sullivan*, 14 Ill.2d 417, 420, 153 N.E.2d 48 (1958)). These requirements have been met here. The claims against Monsanto Company, and Co-Defendants, arise out of two closely related transactions: AML caused by the prolonged exposure to Roundup and the subsequent medical negligence in the treatment of the AML.

    There is also a significant question of law or fact that is common to all parties, namely the chain of events set in motion by Monsanto's conduct in connection with exposure to Roundup resulting in the Plaintiff contracting AML. In Illinois, and generally, a person injured through another's negligence can recover from the original tortfeasor not only for the original injury but for any aggravation of the injury caused by a physician's malpractice, assuming that

11

there was no want of ordinary care by the injured in the selection of the physician. *Gertz v. Campbell*, 55 Ill.2d 84, 88, 302 N.E.2d 40 (1973); see also Illinois Pattern Jury Instructions 30.23 (2011). Joinder and concurrent trials would promote fairness and consistency, while conserving valuable judicial resources.

Furthermore, to establish fraudulent joinder of non-diverse defendants and avoid remand of the case to state court, the removing party must establish that there is no colorable basis for predicting that plaintiff will be able to recover against non-diverse defendants; if plaintiff's state law claim against non-diverse defendants has even a "glimmer of hope", there is no fraudulent joinder. *Murriel-Don Coal Co., Inc. v. Aspen Ins. UK Ltd*., 790 F. Supp. 2d 590 (E.D. Ky. 2011). Because Plaintiff has a very real and sustainable claim against non-diverse Co-Defendants, this case was improperly removed and should be remanded back to Illinois state court. Monsanto's motion cannot unequivocally establish that the Plaintiff does not have a "glimmer of hope".  The fraudulent joinder allegation is without merit and the federal courts have no jurisdiction over the issue. *Bancohio Corp. v. Fox,* 516 F.2d 29 (6th Cir. 1975).

## VII. DEFENDANT MONSANTO'S NOTICE OF REMOVAL VIOLATES THE "UNANIMITY RULE" AND IS PROCEDURALLY DEFECTIVE

Monsanto has failed to comply with statutory requirements of removal and therefore, its removal of this case is procedurally defective.  If any one of the statutory requirements is not complied with, removal is defective and should be rejected. *Leuzzi v. Dollar Tree Stores, INC.,* 2005 WL 2972982 (E.D. Pa. Nov. 4, 2005). Under the traditional "Unanimity Rule" governing removal, all defendants properly joined and served when a case is removed must consent to the removal. *Chicago, R. I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 251 (1900); *Springman v. AIG Mktg., Inc.,* CIV. 07-737-GPM, 2007 WL 3406927 (S.D. Ill. 2007) aff'd, 523 F.3d 685 (7th Cir. 2008); *see also*, *Atlantic Nat. Trust LLC v. Mt. Hawley Ins. Co.*, 621 F. 3d 931, 933 (9th Cir.

2010). The Seventh Circuit has adopted the "Unanimity Rule." Co-Defendants, as of the date of this filing are still yet to join the removal. Therefore, Monsanto, has failed to comply with the statutory requirements. Because removal requires the consent of *all* defendants and a defect in the removal process alone is enough to justify a remand, Monsanto's removal was defective, should not be honored, and this case should be remanded to the Circuit Court of Cook County, Law Division. *See Doe v. GTE Corp.,* 347 F.3d 655 (7th Cir. 2003); *See also Hanrick v. Hanrick,* 153 U.S. 192, 198 (1984).

### VIII. PLAINTIFF IS ENTITLED TO REIMBURSEMENT OF ATTORNEY FEES AND COSTS INCURRED AS A RESULT OF DEFENDANT MONSANTO'S WRONGFUL REMOVAL OF THIS MATTER FROM STATE COURT.

The intent of 28 U.S.C. §1447(c) is to reimburse a party, like Plaintiff, who has incurred expenses in attacking an insufficient and ill-advised removal. A district court should award attorney fees to a plaintiff if, at the time a defendant filed the notice of removal, clearly established law demonstrated that defendant had no basis for removal. *See Ortiz v. Menu Foods, Inc.*, 525 F. Supp. 2d 1220 (D. Hawai'i 2007); *see also Gibbs v. I-Flow*, 2009 WL 482285 (S.D. Ind. 2009) (district court ordered remand and retained jurisdiction solely to award plaintiff attorney fees and costs.); *see also Hanrick v. Hanrick*, 153 U.S. 192, 198 (1894). Defendant, Monsanto's groundless motion for removal, was based primarily upon the theory of fraudulent misjoinder, which as noted above has never been applied in the Seventh Circuit Court of Appeals. Defendant, Monsanto, knew or should have known that neither of these arguments would hold weight and should not have wasted the time of this Court or the Plaintiff's. Plaintiff was required to conduct extensive research and review of the law as well as draft and submit several carefully authored arguments in response. This required extra time and effort on the part of Plaintiff's attorneys, all of which should have been unnecessary given the clear and concise

allegations set forth in the Plaintiff's Complaint.  For these reasons, an award of attorney fees and costs is appropriate in this instance.

## IX.     CONCLUSION

A heavy burden rests upon the party seeking to prove fraudulent joinder and thereby establish diversity of citizenship for federal jurisdictional purposes.  Monsanto has not only failed to meet this heavy burden, but its proffered reason for claiming that Co-Defendants, Northwestern Memorial Hospital, Northwestern Medical Faculty Foundation, and Olga Frankfurt, M.D., were fraudulently joined or misjoined lacks any basis in precedent and constitutes an abuse of the removal process.  Accordingly, Plaintiff respectfully requests that this case be remanded to its appropriate venue, the Circuit Court of Cook County, Law Division; and that the Plaintiff's attorneys be properly compensated for the time that has been wasted because of the baseless accusations by Monsanto.

Dated: September 10, 2019

                                                   Respectfully submitted

                                                   /s/ David J. Gallagher
                                                 Attorney for Plaintiff

DAVID J. GALLAGHER
**MOTHERWAY & NAPLETON, LLP**
140 S. Dearborn St., Suite 1500
Chicago, IL 60603
(312) 726-2699
dgallagher@mnlawoffice.com
ARDC#: 6294250