IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| KEITH CICHY,<br><br>    Plaintiff,<br><br>-vs-<br><br>BAYER CORPORATION, a foreign corporation, MONSANTO COMPANY, a foreign corporation, NORTHWESTERN MEMORIAL HOSPITAL, a domestic not-for-profit corporation, NORTHWESTERN MEDICAL FACULTY FOUNDATION, a domestic not-for-profit corporation, and OLGA FRANKFURT, M.D.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## 735 ILCS 5/2-622 AFFIDAVIT CONCERNING NORTHWESTERN MEMORIAL HOSPTIAL AND NORTHWESTERN MEDICAL FACULTY FOUNDATION

This affidavit is prepared pursuant to 735 ILCS 5/2-622.

Affiant has consulted with a Board Certified Physician Board Certified in Internal Medicine and Fellowship trained in Hematology Oncology whom affiant reasonably believes is knowledgeable in the relevant issues involved in this case and who has practiced in this area of health care within the last six years, and is qualified by experience and has demonstrated competence in the subject of the case.

The reviewing board certified physician has concluded in a written report attached hereto and made a part hereof, after reviewing the medical records and other relevant materials involved in this case, that a reasonable health care professional would have informed Mr. Cichy of the consequences of prolonged use of Voriconazole.

**EXHIBIT B**

FILED DATE: 3/5/2019 1:32 PM   2019L002422

FILED DATE: 3/5/2019 1:32 PM   2019L002422

The reviewing board certified physician has determined in a written report attached hereto and made a part hereof, after a review of the medical record and relevant facts of this case, that there is a reasonable and meritorious cause for the filing of this action.

Affiant concludes, on the basis of the reviewing board certified physician's review and consultation, that there is a reasonable and meritorious cause for filing this action against Northwestern Memorial Hospital and Northwestern Medical Faculty Foundation.

Further Affiant Sayeth Not.

I, David J. Gallagher, attorney for Plaintiff, Keith Cichy, state and certify under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Illinois Code of Civil Procedure, that the statements set forth in the foregoing Affidavit are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that I verily believe the same to be true.

By: _____
David J. Gallagher

**MOTHERWAY & NAPLETON, LLP.**
Attorneys for Plaintiff
140 S. Dearborn, Suite 1500
Chicago, IL 60603
(312) 726-2699 - PHONE
(312) 726-6851 - FAX
Atty. No. 56421
dgallagher@mnlawoffice.com

Subscribed and Sworn to before me on this 5th day of March 2019

_____
Notary Public

OFFICIAL SEAL
MEGAN L SHORE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/28/22

FILED DATE: 3/5/2019 1:32 PM   2019L002422

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| KEITH CICHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No.: |
| ) | |
| BAYER CORPORATION, a foreign ) | |
| corporation, MONSANTO COMPANY, a ) | |
| foreign corporation, NORTHWESTERN ) | |
| MEMORIAL HOSPITAL, a domestic not- ) | |
| for-profit corporation, NORTHWESTERN ) | |
| MEDICAL FACULTY FOUNDATION, ) | |
| a domestic not-for-profit corporation, and ) | |
| OLGA FRANKFURT, M.D., ) | |
| ) | |
| Defendants. ) | |

## 735 ILCS 5/2-622 AFFIDAVIT CONCERNING OLGA FRANKFURT, M.D.

This affidavit is prepared pursuant to 735 ILCS 5/2-622.

Affiant has consulted with a Board Certified Physician Board Certified in Internal Medicine and Fellowship trained in Hematology Oncology whom affiant reasonably believes is knowledgeable in the relevant issues involved in this case and who has practiced in this area of health care within the last six years, and is qualified by experience and has demonstrated competence in the subject of the case.

The reviewing board certified physician has concluded in a written report attached hereto and made a part hereof, after reviewing the medical records and other relevant materials involved in this case, that a reasonable health care professional would have informed Mr. Cichy of the consequences of prolonged use of Voriconazole.

FILED DATE: 3/5/2019 1:32 PM 2019L002422

The reviewing board certified physician has determined in a written report attached hereto and made a part hereof, after a review of the medical record and relevant facts of this case, that there is a reasonable and meritorious cause for the filing of this action.

Affiant concludes, on the basis of the reviewing board certified physician's review and consultation, that there is a reasonable and meritorious cause for filing this action against Olga Frankfurt, M.D.

Further Affiant Sayeth Not.

I, David J. Gallagher, attorney for Plaintiff, Keith Cichy, state and certify under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Illinois Code of Civil Procedure, that the statements set forth in the foregoing Affidavit are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that I verily believe the same to be true.

By: _____
David J. Gallagher

**MOTHERWAY & NAPLETON, LLP.**
Attorneys for Plaintiff
140 S. Dearborn, Suite 1500
Chicago, IL 60603
(312) 726-2699 - PHONE
(312) 726-6851 - FAX
Atty. No. 56421
dgallagher@mnlawoffice.com

Subscribed and Sworn to before me on this 5th day of March 2019

_____
Notary Public

[OFFICIAL SEAL
MEGAN L SHORE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES]

## REPORT OF REVIEWING HEALTH CARE PROFESSIONAL CONCERNING OLGA FRANKFURT M.D., NORTHWESTERN MEMORIAL HOSPITAL, AND NORTHWESTERN MEDICAL FACULTY FOUNDATION

I am a physician Board Certified in Internal Medicine and Medical Oncology, fellowship trained in Hematology-Oncology. I have practiced in this area within the last 6 years. I have reviewed the following medical records of Keith Cichy:

| | |
|---|---|
| Northwest Community Hospital | 7-22-08 to 7-29-15 |
| Lutheran General Hospital | 7-25-08 to 9-25-08 |
| Northwestern Memorial Hospital | 09-15-08 to 1-12-19 |
| Children's Memorial Hospital | 09-26-08 to 12-04-08 |
| University of Illinois Hospital | 12-15-08 to 1-30-15 |
| Lake Shore Medical Associates | 12-15-09 |
| University of Chicago Hospital | 02-15-10 to 4-25-16 |
| Northwestern Lake Forest Hospital | 04-16-10 to 1-26-17 |

I have the expertise to evaluate the reliability of these records. These records are the type usually relied upon by reviewers such as myself. The records appear, in fact to be reliable. I have specifically reviewed these records to determine whether within a reasonable degree of medical certainty the standard of care was met.

The reviewed records have led me to the following conclusions:

On or about July 22, 2008, Keith Cichy then 33 years old was seen at Northwest Community Hospital for labs done by Dr. Richard Gallup which showed abnormal lymphocytes with nucleoli present. On July 22, 2008 Mr. Cichy was diagnosed with acute myeloid leukemia (6,9 chromosome translocation). It is likely that Mr. Cichy's AML was caused to due prolonged exposure to Roundup during his career as a landscaper. Mr. Cichy received two rounds of chemotherapy that put his AML into remission.

On December 24, 2008, Mr. Cichy underwent an allogeneic 9/10 Matched Unrelated Donor (MUD) transplant. He was discharged from Northwestern Memorial Hospital on

1

prophylactic antibiotics including Voriconazole on January 12, 2009. In his early post-transplant follow ups there was no evidence of graft-versus-host disease.

On June 03, 2009 Mr. Cichy presented to Northwestern Memorial Hospital complaining of right shoulder pain and neck pain that began 2 weeks prior. He had noted increased outside activity with increased redness on his hands and face since discontinuing his immunosuppressants. Mr. Cichy was noted to be receiving 200 mg of Voriconazole PO BID. The concern at that time was for GVHD. On June 17, 2009 Mr. Cichy had a punch biopsy performed. The result of the punch biopsy came back on June 22, 2009 as being consistent with grade 2 GVHD showing Lichenoid GVHD and skin cutaneous GVHD.

Mr. Cichy was followed by Dr. Olga Frankfurt for management of the complications of his MUD, including GVHD. She kept Mr. Cichy on his dosage of Voriconazole on September 16, 2010, and April 04, 2011. On October 10, 2011 she noted that Mr. Cichy should continue his antifungal coverage due to his being a landscaper. The Voriconazole was continued by Dr. Frankfurt on January 06, 2012, July 24, 2012, July 25, 2012, September 17, 2012, January 07, 2013, and July 30, 2013. On May 15, 2014, Dr. Frankfurt allowed for the discontinuation of the Voriconazole during the winter months but prescribed that it be resumed when Mr. Cichy returned to working in the fields.

On April 08, 2015 Mr. Cichy was diagnosed with Bowen's disease from the site of persistent lesions on his right check and abdomen. On June 05, 2015 Mr. Cichy was noted to have several hypopigment lesions on his face demonstrating Bowen's disease. He was again to resume his Voriconazole BID when working in the field. On November 11, 2015 Mr. Cichy was started on ECP for his Bowen's disease. He was to be off the Voriconazole for the winter and return to taking it during the summer months. On March 09, 2016, June 01, 2016, July 07, 2016,

2

and February 03, 2017 Mr. Cichy was instructed to be off the Voriconazole during the winter months and to take it BID during the summer months.

On August 30, 2017 Mr. Cichy underwent his first Mohs procedure. On September 11, 2017 Dr. Frankfurt instructed Mr. Cichy to continue the Voriconazole BID during the summer months. On September 14, 2017 Mr. Cichy had a biopsy done of the persistent lesion on his right check. The biopsy was positive for Squamous Cell Carcinoma. On February 28, 2018 Mr. Cichy had his second Mohs procedure.

During an office visit with Dr. Jennifer Choi on June 18, 2018 Mr. Cichy reported blistering on his fact that occurred only during the summer months. Dr. Choi indicated that Mr. Cichy's complaints were consistent with photosensitivity/phototoxicity due to the prolonged exposure to Voriconazole, and noted that she planned to discuss this with Dr. Frankfurt to see if Mr. Cichy could be switched to Fluconazole.

On July 17, 2018 Mr. Cichy was seen be Dr. Frankfurt who noted that when Mr. Cichy was taking Voriconazole he would develop significant erythema and blistering of the skin, which was attributed to Voriconazole sun sensitivity. Dr. Frankfurt discontinued Voriconazole. Dr. Frankfurt noted that Mr. Cichy's GVHD was stable and that the skin flairs were more likely Voriconazole photosensitivity than worsening GVHD. It is my professional opinion, to a reasonable degree of medical certainty that Dr. Olga Frankfurt breached the standard of care in her treatment of Mr. Cichy. Standard of care in the initial post-transplant period requires anti-fungal prophylaxis because the risk of fungal infection is high, and Voriconazole was preferred because it was the only one effective against aspergillus infection at the time. Voriconazole is generally given in the first 1 - 2 years after transplant. Beyond 2 - 3 years the risk of infection is lower, and current standards do not recommend Voriconazole be routinely continued beyond this

time because of the high risk of serious side effects from prolonged Voriconazole. Voriconazole is recommended to be continued beyond that time if the GVHD is considered high grade, that is, with 3 or more organ systems involved. Other risk factors include low neutrophil count, high immunosuppression medications, or prednisone. None of these applied to Mr. Cichy by 2012, at which time GVHD was mild, his blood counts were normal, and he was off all immunosuppressive medications. The only relative risk factor for aspergillus was seasonal exposure to soil, though aspergillus exposure is present in indoor environments as well. Thus, voriconazole was neither required nor recommended for Mr. Cichy at this time, and the minimal benefit of long-term use had to be balanced against the risks.

Squamous cell carcinoma of the skin is a known but rare side effect from long-term use Voriconazole. Prolonged exposure to this drug is known to increase the risk of Squamous cell carcinoma. Mr. Cichy did, in fact, develop this serious side effect. There is no documentation in the record indicating that Mr. Cichy was advised of the risk associated with the prolonged use of Voriconazole. There is no documentation in the record indicating that Mr. Cichy was counseled to consider another line of work, or taking a role in his landscaping business that did not involve him being in close contact with soil to avoid exposure to aspergillus. It is my opinion that a reasonable hematologist oncologist would have informed Mr. Cichy of the risks of the prolonged use of Voriconazole. It is my opinion that a reasonable hematologist oncologist would have discontinued the continual use of Voriconazole on October 10, 2011. If the need arose for specific antifungal coverage at a later date and time those concerns could have been addressed on an as needed basis.

Voriconazole was recognized to be the major factor in the development of Mr. Cichy's actinic keratoses (pre-cancerous lesions) and squamous cell carcinoma. Only after Dr. Choi

brought the prolonged exposure to Voriconazole to Dr. Frankfurt's attention was the Voriconazole discontinued.

It is my opinion that just and reasonable cause exists to file a complaint against Dr. Olga Frankfurt and her employers Northwestern Memorial Hospital and Northwestern Medical Faculty Foundation for the reasons stated herein. I specifically reserve the right to add too, amend or subtract from this report as new evidence is reviewed or as new opinions are formulated.