DAVID G. OTT (Mo. Bar No. 30449MO)
JOHN F. COWLING (Mo. Bar No. 30929MO)
SCOTT T. JANSEN (Mo. Bar No. 57393MO)
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:     314.621.5070
Facsimile:     314.621.5065
dott@armstrongteasdale.com
jcowling@armstrongteasdale.com
sjansen@armstrongteasdale.com

Attorneys for Defendants
OSBORN & BARR COMMUNICATIONS, INC. and
OSBORN & BARR HOLDINGS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Bobby Jones v. Monsanto Co., et al.*, Case No. 3:19-cv-05256 | Case No. 3:16-md-02741-VC<br>MDL No. 2741<br><br>**OSBORN & BARR DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>**JURY TRIAL DEMANDED**<br><br>**HEARING DATE:  October 17, 2019**<br><br>**10:00 A.M.** |

COME NOW Defendants Osborn & Barr Communications, Inc. and Osborn & Barr

Holdings, Inc. (collectively, the "Osborn & Barr Defendants"), by and through counsel, and

pursuant to Civil L.R. 7-4 provide their Memorandum in Support of their Motion to Dismiss for

Failure to State a Claim.

-1-

1    **I.      Statement of the Issues to Be Decided.**

2        Whether Plaintiff's Complaint states cognizable claims against the Osborn & Barr

3    Defendants, when the Osborn & Barr Defendants were previously dismissed with prejudice

4    pursuant to Fed. R. Civ. P. 41(a)(1) from the relevant member case in this Multi-District

5    Litigation.

6    **II.     Statement of the Relevant Facts.**

7        This is one of the Monsanto glyphosate herbicide cases within the Multi-District

8    Litigation.  It was originally filed in the Circuit Court of the City of St. Louis, Missouri, then was

9    removed by Monsanto to the U.S. District Court for the Eastern District of Missouri.  Monsanto

10   tagged this case for transfer to the MDL, and the Joint Panel issued a Conditional Transfer Order

11   which was not contested by Plaintiffs, resulting in transfer to this Court.  This is the first and

12   only of the Roundup cases in the MDL to include the Osborn & Barr Defendants as parties.

13       In July 2017, only a few months after this multi-plaintiff member case was transferred to

14   the MDL, the plaintiffs voluntarily dismissed the Osborn & Barr Defendants **<u>with prejudice</u>**

15   from *Smith, et al. v. Monsanto Co., et al.*, Member Case No. 3:17-cv-02142-VC.  *See* Exhibit 1

16   (Notice of Dismissal); *see also* MDL No. 2741 at ECF No. 444.  Since then, the Osborn & Barr

17   Defendants have not been litigating the MDL or member case (nor were they required to as a

18   result of their dismissal with prejudice).

19       Now, more than two years later, Plaintiff Bobby Jones named the Osborn & Barr

20   Defendants when filing his individual short form complaint pursuant to Pretrial Order Nos. 155

21   and 156.  *See* MDL No. 2741 at ECF No. 5246.  Although not formally served with the

22   Complaint, counsel for the Osborn & Barr Defendants still receive the MDL ECF email notices

23   and discovered that the Osborn & Barr Defendants have been once again named as defendants in

24   the proceeding.

25       Out of an abundance of caution, the Osborn & Barr Defendants respectfully move to

26   dismiss to ensure they are not forced to defend themselves in a case where they were previously

27   dismissed with prejudice.

28

Case No. 3:19-cv-05256
(MDL No. 2741, from the E.D. Mo.                          Memorandum in Support of Motion to Dismiss for
In Re:  Roundup Product Liability Litigation)                      Failure to State a Claim

**III.    Argument.**

"For a pleading to state a claim for relief it must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015).  "The complaint must contain facts sufficient to state a claim that is plausible on its face." *Id*.  Here, Plaintiff cannot state a plausible claim because Plaintiff's claims are barred by res judicata.

Since the Osborn & Barr Defendants were dismissed with prejudice in the MDL, *see* Exhibit 1 (Notice of Dismissal), Ninth Circuit res judicata law applies.  *Laase v. Cty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011) ("The law of the forum that rendered the first judgment controls the res judicata analysis.").[1]

In the Ninth Circuit, "[r]es judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised…[and] is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (internal cite and quotes omitted).  Here, there is no question that all three elements are met.

*First*, the Court in fact <u>required</u> an identity of claims and parties between those alleged in the original multi-plaintiff member case and the individual short form complaint recently filed by Plaintiff.  *See* Pretrial Order No. 155 at ¶1 ("The Short Form Complaint may not add additional parties or claims beyond those identified in the original complaint").  In other words, elements one and three must be present or the short form complaint would not comply with the Court's Order.

---

[1] Since the transferor court is the Eastern District of Missouri, and to the extent Eighth Circuit rather than Ninth Circuit law may be found to apply, the analysis is similar and the conclusion is the same.  To successfully assert a claim preclusion defense, the Eighth Circuit requires a party to show: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Midwest Disability Initiative v. JANS Enterprises, Inc.*, 929 F.3d 603, 607 (8th Cir. 2019).  Here, the additional element in the Eighth Circuit does not change the applicability of res judicata because there were no disputes that the member case or the MDL were not based on proper jurisdiction.

-3-

1      *Second*, the dismissal with prejudice of the Osborn & Barr Defendants constituted a final

2   judgment on the merits under both Eighth and Ninth Circuit law.  *See Rodgers v. Univ. of*

3   *Missouri Bd. of Curators*, 56 F. Supp. 3d 1037, 1044 (E.D. Mo. 2014), *aff'd as modified sub*

4   *nom. Rodgers v. Curators of Univ. of Missouri Sys.*, 634 F. App'x 598 (8th Cir. 2015) ("It is clear

5   that a stipulation of dismissal with prejudice…normally constitutes a final judgment on the

6   merits which bars a later suit on the same cause of action."); *P.Y.M.T. by & through Ontiveros v.*

7   *City of Fresno*, No. 1:16-CV-0817 AWI MJS, 2017 WL 2868443, at *3 (E.D. Cal. July 5, 2017)

8   ("Voluntary dismissals with prejudice under Rule 41(a)(1)…are adjudications 'on the merits' for

9   purposes of claim preclusion. Therefore, there is a final judgment on the merits.") (internal cites

10  omitted and citing *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995)).

11      **IV.    Conclusion.**

12      Shortly after the member case *Smith, et al. v. Monsanto Co., et al.* was transferred to the

13  MDL, the Osborn & Barr Defendants were dismissed with prejudice from that case.  Therefore,

14  Plaintiff's recently-filed short form complaint, which is merely an individually-filed case

15  stemming from the multi-plaintiff member case, fails to state a claim against the Osborn & Barr

16  Defendants upon which relief may be granted due to res judicata.  As a result, the Osborn & Barr

17  Defendants should be dismissed from Plaintiff's individually filed case.

18

19      WHEREFORE Defendants Osborn & Barr Communications, Inc. and Osborn & Barr

20  Holdings, Inc. request an Order of the Court dismissing them from this case; and for such other

21  relief as the Court deems just in the premises.

22

23

24

25

26

27

28

Case No. 3:19-cv-05256
(MDL No. 2741, from the E.D. Mo.          Memorandum in Support of Motion to Dismiss for
In Re:  Roundup Product Liability Litigation)          Failure to State a Claim

1

Respectfully submitted,

2

3
Dated:  September 12, 2019                          ARMSTRONG TEASDALE LLP

4
/S/ SCOTT T. JANSEN
By:    DAVID G. OTT
5
(Mo. Bar No. 30449MO)
JOHN F. COWLING
6
(Mo. Bar No. 30920MO)
SCOTT T. JANSEN
7
(Mo. Bar No. 57393MO)
7700 Forsythe Blvd., Ste. 1800
8
St. Louis, Missouri 63105
Telephone: (314) 621-5070
9
Facsimile:  (314) 621-5065

10

11
Attorneys for Defendants

OSBORN & BARR COMMUNICATIONS,
12
INC. and OSBORN & BARR HOLDINGS,
INC.
13

14

15
## CERTIFICATE OF SERVICE

16
The undersigned hereby certifies that the foregoing was filed using the ECF system on

17
this 12th day of September, 2019.

18

19
/s/ Scott T. Jansen

20

21

22

23

24

25

26

27

28
-5-

Case No. 3:19-cv-05256
(MDL No. 2741, from the E.D. Mo.                    Memorandum in Support of Motion to Dismiss for
In Re:  Roundup Product Liability Litigation)                    Failure to State a Claim