Daniel C. Burke (*Pro Hac Vice*)
**BERNSTEIN LIEBHARD LLP**
10 E. 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email: dburke@bernlieb.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>SHARON FULTZ, as proposed administrator of the estate of MURIEL JANET WYATT GUY (deceased),<br>　　　　Plaintiff,<br>　　v.<br>MONSANTO COMPANY,<br>　　　　Defendant. | MDL No. 2741<br><br>Case No. 3:19-cv-5765<br><br>**SHORT FORM COMPLAINT** |

## SHORT FORM COMPLAINT

Pursuant to Pretrial Order (PTO) 149, in which the Court ordered multi-plaintiff complaints in this MDL be severed, and PTO 155, in which the parties were ordered to sever the plaintiffs in the case captioned *Michael Doyle, et al. v. Monsanto Company*, No. 3:19-cv-04371, Plaintiff Sharon Fultz provides the following allegations:

1. This case is brought on behalf of Sharon Fultz, as proposed administrator of the estate of Muriel Janet Wyatt Guy (deceased), ("Plaintiff").

00549895;V1

2. Plaintiff first filed her case against Defendant Monsanto Company on July 31, 2019, in the Northern District of California.

3. Plaintiff incorporates by reference, as if fully set forth and alleged herein, the allegations contained in the Complaint in Michael Doyle, et al. v. Monsanto Company, United States District Court for the Northern District of California, Case No. 3:19-cv-04371.

4. At the time the matter was originally filed on or about July 31, 2019, Plaintiff was a resident of Tazewell, Tennessee.

5. Plaintiff is a current resident of Tazewell, Tennessee.

6. Muriel Guy was diagnosed with Non-Hodgkin's Lymphoma in approximately the summer of 2010.

7. Muriel Guy resided in Kentucky at the time she was diagnosed with Non-Hodgkin's Lymphoma (NHL).

8. Plaintiff received medical treatment related to her diagnosis of NHL in Kentucky and Tennessee until her death in July 2013.

9. This case properly lies in the United States District Court for the Eastern District of Kentucky because Monsanto transacts business in Kentucky and is a corporation doing business within Kentucky. Monsanto knows that its Roundup products are and were sold throughout Kentucky, and, more specifically, caused Roundup to be sold to Plaintiff in Kentucky. In addition, Monsanto maintains sufficient contacts with the State of Kentucky such that the Court's exercise of personal jurisdiction over it does not offend traditional notions of fair play and substantial justice.

10. Monsanto advertises and sells goods, specifically Roundup, throughout Kentucky. It derived substantial revenue from goods and products used in Kentucky. It expected its acts to have consequences within Kentucky and derived substantial revenue from

interstate commerce. Specific to this case, Monsanto engaged in the business of developing, manufacturing, testing, packaging, marketing, distributing, labeling, and selling Roundup. Monsanto purposefully availed itself of the privilege of conducting activities within Kentucky, thus invoking the benefits and protections of its laws.

11. Jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant. Monsanto is a citizen of Delaware (where it is incorporated) and Missouri (where it has its principal place of business). Plaintiff was a citizen of Kentucky, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in the Eastern District of Kentucky under 28 U.S.C. § 1391(b)(2) because Plaintiff was exposed to Roundup in the Eastern District of Kentucky.

13. Plaintiff regularly used and was exposed to Roundup from the 1990's until 2007.

14. During that time, Plaintiff regularly used Roundup to help control various weeds around her home in Kentucky.

15. Plaintiff was exposed to Roundup in and around Kentucky.

16. Plaintiff brings claims against Monsanto under the following theories of liability: Negligence, Strict Products Liability (Design Defect), Strict Products Liability (Failure to Warn), Breach of Warranties, and Breach of Implied Warranty of Merchantability.

17. Submitted herewith is a proposed order.

Dated: September 13, 2019                       Respectfully Submitted,

                                                By: __/s/ *Daniel C. Burke*_____
                                                    Daniel C. Burke (Pro Hac Vice)
                                                    BERNSTEIN LIEBHARD LLP
                                                    10 E. 40th Street
                                                    New York, NY 10016
                                                    Tel: (212) 779-1414

00549895;V1                                     2
**SHORT FORM COMPLAINT**

Fax: (212) 779-3218
Email: dburke@bernlieb.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the September 13, 2019, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties of record.

/s/ Morris Dweck

00549895;V1                         3
**SHORT FORM COMPLAINT**