Daniel C. Burke (*Pro Hac Vice*)
**BERNSTEIN LIEBHARD LLP**
10 E. 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email: dburke@bernlieb.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:19-cv-05767 |
| THIS DOCUMENT RELATES TO: JOHN BALDWIN, Plaintiff, v. MONSANTO COMPANY, Defendant. | **SHORT FORM COMPLAINT** |

## SHORT FORM COMPLAINT

Pursuant to Pretrial Order (PTO) 149, in which the Court ordered multi-plaintiff complaints in this MDL be severed, and PTO 155, in which the parties were ordered to sever the plaintiffs in the case captioned *Michael Doyle, et al. v. Monsanto Company*, No. 3:19-cv-04371, Plaintiff John Baldwin provides the following allegations:

1. This case is brought on behalf of John Baldwin ("Plaintiff").

2. Plaintiff first filed his case against Defendant Monsanto Company on July 31, 2019, in the Northern District of California.

00549929;V1

**SHORT FORM COMPLAINT**

3. Plaintiff incorporates by reference, as if fully set forth and alleged herein, the allegations contained in the Complaint in Michael Doyle, et al. v. Monsanto Company, United States District Court for the Northern District of California, Case No. 3:19-cv-04371.

4. At the time the matter was originally filed on or about July 31, 2019, Plaintiff was a resident of Waymart, Pennsylvania.

5. Plaintiff is a current resident of Waymart, Pennsylvania.

6. Plaintiff was diagnosed with Non-Hodgkin's Lymphoma in approximately November 2012.

7. Plaintiff resided in Pennsylvania at the time he was diagnosed with Non-Hodgkin's Lymphoma (NHL).

8. Plaintiff received medical treatment related to his diagnosis of NHL in Pennsylvania.

9. This case properly lies in the United States District Court for the Middle District of Pennsylvania because Monsanto transacts business Pennsylvania and is a corporation doing business within Pennsylvania. Monsanto knows that its Roundup products are and were sold throughout Pennsylvania, and, more specifically, caused Roundup to be sold to Plaintiff in Pennsylvania. In addition, Monsanto maintains sufficient contacts with the State of Pennsylvania such that the Court's exercise of personal jurisdiction over it does not offend traditional notions of fair play and substantial justice.

10. Monsanto advertises and sells goods, specifically Roundup, throughout Pennsylvania. It derived substantial revenue from goods and products used in Pennsylvania. It expected its acts to have consequences within Pennsylvania and derived substantial revenue from interstate commerce. Specific to this case, Monsanto engaged in the business of developing, manufacturing, testing, packaging, marketing, distributing, labeling, and selling Roundup. Monsanto purposefully

00549929;V1                                1
**SHORT FORM COMPLAINT**

1  availed itself of the privilege of conducting activities within Pennsylvania, thus
2  invoking the benefits and protections of its laws.

11. Jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant. Monsanto is a citizen of Delaware (where it is incorporated) and Missouri (where it has its principal place of business). Plaintiff is a citizen of Pennsylvania, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b)(2) because Plaintiff was exposed to Roundup in the Middle District of Pennsylvania.

13. Plaintiff regularly used and was exposed to Roundup from the 2005 until 2018.

14. During that time, Plaintiff regularly used Roundup to help control various weeds around his home and farm in Pennsylvania.

15. Plaintiff was exposed to Roundup in and around Pennsylvania.

16. Plaintiff brings claims against Monsanto under the following theories of liability: Negligence, Strict Products Liability (Design Defect), Strict Products Liability (Failure to Warn), Breach of Warranties, and Breach of Implied Warranty of Merchantability.

17. Submitted herewith is a proposed order.

Dated: September 13, 2019                    Respectfully Submitted,

                                             By:   /s/ *Daniel C. Burke*
                                                   Daniel C. Burke (Pro Hac Vice)
                                                   BERNSTEIN LIEBHARD LLP
                                                   10 E. 40th Street
                                                   New York, NY 10016
                                                   Tel: (212) 779-1414
                                                   Fax: (212) 779-3218
                                                   Email: dburke@bernlieb.com

00549929;V1                                  2
**SHORT FORM COMPLAINT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the September 13, 2019, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties of record.

/s/ Morris Dweck