1  Daniel C. Burke (*Pro Hac Vice*)
   **BERNSTEIN LIEBHARD LLP**
2  10 E. 40th Street
   New York, NY 10016
3  Tel: (212) 779-1414
   Fax: (212) 779-3218
4  Email: dburke@bernlieb.com

5  *Counsel for Plaintiffs*

6

7  UNITED STATES DISTRICT COURT

8  NORTHERN DISTRICT OF CALIFORNIA

9  SAN FRANCISCO DIVISION

10

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:19-cv-5768 |
| THIS DOCUMENT RELATES TO: THOMAS SLICK, Plaintiff, v. MONSANTO COMPANY, Defendant. | **SHORT FORM COMPLAINT** |

**SHORT FORM COMPLAINT**

Pursuant to Pretrial Order (PTO) 149, in which the Court ordered multi-plaintiff complaints in this MDL be severed, and PTO 155, in which the parties were ordered to sever the plaintiffs in the case captioned *Michael Doyle, et al. v. Monsanto Company*, No. 3:19-cv-04371, Plaintiff Thomas Slick provides the following allegations:

1. This case is brought on behalf of Thomas Slick ("Plaintiff").

2. Plaintiff first filed his case against Defendant Monsanto Company on July 31, 2019, in the Northern District of California.

00549919;V1

3. Plaintiff incorporates by reference, as if fully set forth and alleged herein, the allegations contained in the Complaint in Michael Doyle, et al. v. Monsanto Company, United States District Court for the Northern District of California, Case No. 3:19-cv-04371.

4. At the time the matter was originally filed on or about July 31, 2019, Plaintiff was a resident of Henderson, Nevada.

5. Plaintiff is a current resident of Henderson, Nevada.

6. Plaintiff was diagnosed with Non-Hodgkin's Lymphoma in approximately 2013.

7. Plaintiff resided in Florida and Nevada at the time he was diagnosed with Non-Hodgkin's Lymphoma (NHL).

8. Plaintiff received medical treatment related to his diagnosis of NHL in Florida and Nevada.

9. This case properly lies in the United States District Court for the Middle District of Florida because Monsanto transacts business in Florida and is a corporation doing business within Florida. Jurisdiction is also proper in the United States District Court for the Eastern District of Pennsylvania because Monsanto transacts business in Pennsylvania and is a corporation doing business within Pennsylvania. Monsanto knows that its Roundup products are and were sold throughout Florida and Pennsylvania, and, more specifically, caused Roundup to be sold to Plaintiff in Florida and Pennsylvania. In addition, Monsanto maintains sufficient contacts with the State of Florida and the State of Pennsylvania such that the Court's exercise of personal jurisdiction over it does not offend traditional notions of fair play and substantial justice.

10. Monsanto advertises and sells goods, specifically Roundup, throughout Florida and Pennsylvania. It derived substantial revenue from goods and products used in Florida and Pennsylvania. It expected its acts to have consequences within Florida and Pennsylvania and derived substantial revenue from interstate commerce. Specific to this case, Monsanto engaged in the business of developing,

manufacturing, testing, packaging, marketing, distributing, labeling, and selling Roundup. Monsanto purposefully availed itself of the privilege of conducting activities within Florida and Pennsylvania, thus invoking the benefits and protections of its laws.

11. Jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant. Monsanto is a citizen of Delaware (where it is incorporated) and Missouri (where it has its principal place of business). Plaintiff was a citizen of Florida and Pennsylvania, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in the Middle District of Florida and Eastern District of Pennsylvania under 28 U.S.C. § 1391(b)(2) because Plaintiff was exposed to Roundup in the Middle District of Florida and in the Eastern District of Pennsylvania.

13. Plaintiff regularly used and was exposed to Roundup from the 1985 until 2014.

14. During that time, Plaintiff regularly used Roundup to help control various weeds around his homes in Florida and Pennsylvania.

15. Plaintiff was exposed to Roundup in and around Florida and Pennsylvania.

16. Plaintiff brings claims against Monsanto under the following theories of liability: Negligence, Strict Products Liability (Design Defect), Strict Products Liability (Failure to Warn), Breach of Warranties, and Breach of Implied Warranty of Merchantability.

17. Submitted herewith is a proposed order.

Dated: September 13, 2019                              Respectfully Submitted,

By: __/s/ *Daniel C. Burke*_____
     Daniel C. Burke (Pro Hac Vice)
     BERNSTEIN LIEBHARD LLP

00549919;V1                                   2
**SHORT FORM COMPLAINT**

| | |
|---|---|
| 1 | |
| 2 | 10 E. 40th Street<br>New York, NY 10016<br>Tel: (212) 779-1414<br>Fax: (212) 779-3218<br>Email: dburke@bernlieb.com |
| 3 | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the September 13, 2019, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties of record.

/s/ Morris Dweck

00549919;V1                              3
**SHORT FORM COMPLAINT**