1  Daniel C. Burke (*Pro Hac Vice*)
   **BERNSTEIN LIEBHARD LLP**
2  10 E. 40th Street
   New York, NY 10016
3  Tel: (212) 779-1414
   Fax: (212) 779-3218
4  Email: dburke@bernlieb.com

5  *Counsel for Plaintiffs*

6

7  UNITED STATES DISTRICT COURT

8  NORTHERN DISTRICT OF CALIFORNIA

9  SAN FRANCISCO DIVISION

10

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 3:19-cv-5769 |
| THIS DOCUMENT RELATES TO:<br>CAROL LEFORT,<br>   Plaintiff,<br>   v.<br>MONSANTO COMPANY,<br>   Defendant. | **SHORT FORM COMPLAINT** |

### SHORT FORM COMPLAINT

Pursuant to Pretrial Order (PTO) 149, in which the Court ordered multi-plaintiff complaints in this MDL be severed, and PTO 155, in which the parties were ordered to sever the plaintiffs in the case captioned *Michael Doyle, et al. v. Monsanto Company*, No. 3:19-cv-04371, Plaintiff Carol LeFort provides the following allegations:

1. This case is brought on behalf of Carol LeFort ("Plaintiff").

2. Plaintiff first filed her case against Defendant Monsanto Company on July 31, 2019, in the Northern District of California.

00549879;V1

**SHORT FORM COMPLAINT**

3. Plaintiff incorporates by reference, as if fully set forth and alleged herein, the allegations contained in the Complaint in Michael Doyle, et al. v. Monsanto Company, United States District Court for the Northern District of California, Case No. 3:19-cv-04371.

4. At the time the matter was originally filed on or about July 31, 2019, Plaintiff was a resident of Pomfret Center, Connecticut.

5. Plaintiff is a current resident of Pomfret Center, Connecticut.

6. Plaintiff was diagnosed with Non-Hodgkin's Lymphoma in approximately August 2016.

7. Plaintiff resided in Connecticut at the time she was diagnosed with Non-Hodgkin's Lymphoma (NHL).

8. Plaintiff received medical treatment related to her diagnosis of NHL in Connecticut.

9. This case properly lies in the United States District Court for the District of Connecticut because Monsanto transacts business in Connecticut and is a corporation doing business within Connecticut. Monsanto knows that its Roundup products are and were sold throughout Connecticut, and, more specifically, caused Roundup to be sold to Plaintiff in Connecticut. In addition, Monsanto maintains sufficient contacts with the State of Connecticut such that the Court's exercise of personal jurisdiction over it does not offend traditional notions of fair play and substantial justice.

10. Monsanto advertises and sells goods, specifically Roundup, throughout Connecticut. It derived substantial revenue from goods and products used in Connecticut. It expected its acts to have consequences within Connecticut and derived substantial revenue from interstate commerce. Specific to this case, Monsanto engaged in the business of developing, manufacturing, testing, packaging, marketing, distributing, labeling, and selling Roundup. Monsanto purposefully availed itself of the privilege of conducting activities within Connecticut, thus invoking the benefits and protections of its laws.

11. Jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant. Monsanto is a citizen of Delaware (where it is incorporated) and Missouri (where it has its principal place of business). Plaintiff is a citizen of Connecticut, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in the District of Connecticut under 28 U.S.C. § 1391(b)(2) because Plaintiff was exposed to Roundup in the District of Connecticut.

13. Plaintiff regularly used and was exposed to Roundup from the 1970's until the 2016.

14. During that time, Plaintiff regularly used Roundup to help control various weeds around her home in Connecticut.

15. Plaintiff was exposed to Roundup in and around Connecticut.

16. Plaintiff brings claims against Monsanto under the following theories of liability: Negligence, Strict Products Liability (Design Defect), Strict Products Liability (Failure to Warn), Breach of Warranties, and Breach of Implied Warranty of Merchantability.

17. Submitted herewith is a proposed order.

Dated: September 13, 2019                                   Respectfully Submitted,

                                                By: __/s/ *Daniel C. Burke*_____
                                                    Daniel C. Burke (Pro Hac Vice)
                                                    BERNSTEIN LIEBHARD LLP
                                                    10 E. 40th Street
                                                    New York, NY 10016
                                                    Tel: (212) 779-1414
                                                    Fax: (212) 779-3218
                                                    Email: dburke@bernlieb.com

00549879;V1                                      2
**SHORT FORM COMPLAINT**

1 | **CERTIFICATE OF SERVICE**

2  I hereby certify that on the September 13, 2019, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties of record.

/s/ Morris Dweck

00549879;V1                                    3
**SHORT FORM COMPLAINT**