Daniel C. Burke (*Pro Hac Vice*)
**BERNSTEIN LIEBHARD LLP**
10 E. 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email: dburke@bernlieb.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:19-cv-5771 |
| THIS DOCUMENT RELATES TO: ELIZABETH HOUSER, Plaintiff, v. MONSANTO COMPANY, Defendant. | **SHORT FORM COMPLAINT** |

## SHORT FORM COMPLAINT

Pursuant to Pretrial Order (PTO) 149, in which the Court ordered multi-plaintiff complaints in this MDL be severed, and PTO 155, in which the parties were ordered to sever the plaintiffs in the case captioned *Michael Doyle, et al. v. Monsanto Company*, No. 3:19-cv-04371, Plaintiff of Elizabeth Houser provides the following allegations:

1. This case is brought on behalf of Elizabeth Houser ("Plaintiff").

2. Plaintiff first filed her case against Defendant Monsanto Company on July 31, 2019, in the Northern District of California.

00549925;V1

**SHORT FORM COMPLAINT**

3. Plaintiff incorporates by reference, as if fully set forth and alleged herein, the allegations contained in the Complaint in Michael Doyle, et al. v. Monsanto Company, United States District Court for the Northern District of California, Case No. 3:19-cv-04371.

4. At the time the matter was originally filed on or about July 31, 2019, Plaintiff was a resident of Lincolnton, North Carolina.

5. Plaintiff is a current resident of Lincolnton, North Carolina.

6. Plaintiff was diagnosed with Non-Hodgkin's Lymphoma in approximately May 2013.

7. Plaintiff resided in North Carolina at the time she was diagnosed with Non-Hodgkin's Lymphoma (NHL).

8. Plaintiff received medical treatment related to her diagnosis of NHL in North Carolina.

9. This case properly lies in the United States District Court for the Western District of North Carolina because Monsanto transacts business in North Carolina and is a corporation doing business within North Carolina. Monsanto knows that its Roundup products are and were sold throughout North Carolina, and, more specifically, caused Roundup to be sold to Plaintiff in North Carolina. In addition, Monsanto maintains sufficient contacts with the State of North Carolina such that the Court's exercise of personal jurisdiction over it does not offend traditional notions of fair play and substantial justice.

10. Monsanto advertises and sells goods, specifically Roundup, throughout North Carolina. It derived substantial revenue from goods and products used in North Carolina. It expected its acts to have consequences within North Carolina and derived substantial revenue from interstate commerce. Specific to this case, Monsanto engaged in the business of developing, manufacturing, testing, packaging, marketing, distributing, labeling, and selling Roundup. Monsanto purposefully availed itself of the privilege of conducting activities within North Carolina, thus invoking the benefits and protections of its laws.

1   11. Jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant. Monsanto is a citizen of Delaware (where it is incorporated) and Missouri (where it has its principal place of business). Plaintiff is a citizen of North Carolina, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in the Western District of North Carolina under 28 U.S.C. § 1391(b)(2) because Plaintiff was exposed to Roundup in the Western District of North Carolina.

13. Plaintiff regularly used and was exposed to Roundup from the 1975 until 2012.

14. During that time, Plaintiff regularly used Roundup to help control various weeds around her home in North Carolina.

15. Plaintiff was exposed to Roundup in and around North Carolina.

16. Plaintiff brings claims against Monsanto under the following theories of liability: Negligence, Strict Products Liability (Design Defect), Strict Products Liability (Failure to Warn), Breach of Warranties, and Breach of Implied Warranty of Merchantability.

17. Submitted herewith is a proposed order.

Dated: September 13, 2019                    Respectfully Submitted,

                                             By: __/s/ *Daniel C. Burke*_____
                                                 Daniel C. Burke (Pro Hac Vice)
                                                 BERNSTEIN LIEBHARD LLP
                                                 10 E. 40th Street
                                                 New York, NY 10016
                                                 Tel: (212) 779-1414
                                                 Fax: (212) 779-3218
                                                 Email: dburke@bernlieb.com

1
2 **CERTIFICATE OF SERVICE**
3
    I hereby certify that on the September 13, 2019, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties of record.
4
5
                                                  /s/ Morris Dweck
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00549925;V1                                  3
**SHORT FORM COMPLAINT**