**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Teresa Kelly v. Monsanto Co., et al.*, Case No. 3:19-cv-05339-VC | |

### MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. Additionally, to the extent plaintiff's allegations are directed towards both Monsanto and the collective "John Doe" co-defendants, Monsanto only purports to answer plaintiff's allegations as to Monsanto and not as to the co-defendants.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.       Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto denies the remaining allegations in paragraph 1.  The allegations in footnote 1 of paragraph 1 comprise attorney characterizations and are accordingly denied.  Monsanto states that the

1   Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses

2   and formulations.

3          2.      Monsanto admits the allegations in the first sentence of paragraph 2.  Monsanto

4   also admits that glyphosate is one of the world's most widely used herbicides today, but notes

5   that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  In response

6   to the third sentence of paragraph 2, Monsanto admits that certain Roundup®-branded herbicides

7   contain POEA and adjuvants and that EPA has classified surfactants and adjuvants as inert.

8          3.      Monsanto admits that it is a producer of glyphosate-based herbicides but lacks

9   sufficient information regarding the business of other glyphosate producers to admit or deny the

10  allegation as written in the first sentence of paragraph 3.  Monsanto admits that it is the leading

11  producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup

12  Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks

13  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

14  in paragraph 3 and therefore denies those allegations.

15         4.      In response to the allegations in paragraph 4, Monsanto admits that certain studies

16  have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety

17  limits in various locations and media.  Monsanto otherwise states that the cited document speaks

18  for itself and does not require a response.  The remaining allegations in paragraph 4 are vague

19  and conclusory and comprise attorney characterizations and are accordingly denied.

20         5.      Monsanto lacks information or knowledge sufficient to form a belief as to the

21  truth of the allegations in the first and last sentences of paragraph 5 and therefore denies those

22  allegations.  The allegations in the second sentence of paragraph 5 are vague and conclusory and

23  comprise attorney characterizations, and are accordingly denied.  All labeling of Roundup®-

24  branded products has been and remains EPA-approved and in compliance with all federal

25  requirements under FIFRA.

26         6.      In response to the allegations in the first sentence of paragraph 6, Monsanto

27  admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when

28  used in accordance with the product's EPA approved labeling.  Monsanto lacks information or

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05339-VC

knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies those allegations.

7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 7 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 7.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.      The allegations in the second sentence of paragraph 9 are vague and conclusory and comprise attorney characterizations, and are accordingly denied. Monsanto admits the remaining allegations in paragraph 9.

10.     The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.     The allegations in the Complaint's first-numbered paragraph 11 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in the Complaint's first-numbered paragraph 11 based upon the allegations in plaintiff's Complaint.

12.     In response to the allegations in the Complaint's first-numbered paragraph 12, Monsanto denies any "omissions" and certain events and/or acts giving rise to plaintiff's claim. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's first-numbered paragraph 12 regarding where certain other events giving rise to plaintiff's claim occurred and therefore denies those allegations.  The remaining allegations in the Complaint's first-numbered paragraph 12 set forth conclusions of law for which no response is required.

13.     Monsanto denies the allegations in the first and second sentences of the Complaint's first-numbered paragraph 13.  The allegations in the last sentence of the Complaint's first-numbered paragraph 13 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05339-VC

14.     In response to the allegations in the Complaint's first-numbered paragraph 14, Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.

15.     In response to the Complaint's first-numbered paragraph 15, Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in the Complaint's first-numbered paragraph 15 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

11.     The allegations in the Complaint's second-numbered paragraph 11 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in the Complaint's second-numbered paragraph 11 based upon the allegations in plaintiff's Complaint.

12.     In response to the allegations in the Complaint's second-numbered paragraph 12, Monsanto denies any "omissions" and certain events and/or acts giving rise to plaintiff's claim. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's second-numbered paragraph 12 regarding where certain other events giving rise to plaintiff's claim occurred and therefore denies those allegations.  The remaining allegations in the Complaint's second-numbered paragraph 12 set forth conclusions of law for which no response is required.

13.     Monsanto denies the allegations in the first and second sentences of the Complaint's second-numbered paragraph 13.  The allegations in the last sentence of the Complaint's second-numbered paragraph 13 set forth conclusions of law for which no response is required.

14.     In response to the allegations in the Complaint's second-numbered paragraph 14, Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.

15.     In response to the Complaint's second-numbered paragraph 15, Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in the Complaint's second-numbered paragraph 15 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

16.     Monsanto admits the allegations in paragraph 16.

17.     Monsanto admits the allegations in paragraph 17.

18.     In response to the allegations in paragraph 18, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 18 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies those allegations.

19.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 19 comprise attorney characterizations and are accordingly denied.

20.     Monsanto admits the allegations in paragraph 20.

21.     Monsanto generally admits the allegations in paragraph 21, but denies the allegations in paragraph 21 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

22.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies those allegations.

23.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05339-VC

1    sentences of paragraph 23 and therefore denies those allegations.  Monsanto denies the

2    remaining allegations in paragraph 23.

3         24.    In response to the allegations in paragraph 24, Monsanto admits that glyphosate is

4    one of the world's most widely used herbicides today, but notes that Monsanto was and is not the

5    only manufacturer of glyphosate-based herbicides.

6         25.    In response to the allegations in paragraph 25, Monsanto admits that Roundup®-

7    branded products have been used by farmers for approximately 40 years.  Monsanto denies that

8    Roundup®-branded products have carcinogenic properties and denies the remaining allegations

9    in paragraph 25.

10        26.    In response to the allegations in paragraph 26, Monsanto admits that the New

11   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

12   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

13   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

14   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

15   the subparts purport to quote a document, the document speaks for itself and thus does not

16   require any further answer.  The remaining allegations in paragraph 26 are vague and conclusory

17   and comprise attorney characterizations and are accordingly denied.

18        27.    In response to the allegations in paragraph 27, Monsanto admits it entered into an

19   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

20   itself and thus does not require any further answer.  The remaining allegations in paragraph 27

21   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

22        28.    Monsanto denies the allegations in paragraph 28.

23        29.    In response to the allegations in paragraph 29, Monsanto admits that the French

24   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

25   that it "left the soil clean," but denies the allegations in paragraph 29 to the extent that they

26   suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

27   cancer.  Monsanto denies the remaining allegations in paragraph 29.

28        30.    Monsanto denies the allegations in paragraph 30.

31.     In response to the allegations in paragraph 31, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 31 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations.

32.     Monsanto admits the allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 33 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and therefore denies those allegations.

34.     Monsanto states that the term "toxic" as used in paragraph 34 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 34.

35.     Monsanto admits the allegations in paragraph 35.

36.     In response to the allegations in paragraph 36, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 37 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 37.

38.     In response to the allegations in paragraph 38, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 39

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 39.

40.     Monsanto denies the allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 41 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 41.

42.     In response to the allegations in paragraph 42, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 42 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 42.

43.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 43.

44.     Monsanto denies the allegations in paragraph 44.

45.     Monsanto denies the allegations in paragraph 45.

46.     Monsanto denies the allegations in paragraph 46.

47.     Monsanto denies the allegations in paragraph 47.

48.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 48.

49.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 and therefore denies those allegations.

50.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05339-VC

51.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

52.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 52 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

53.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 53, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 53 comprise attorney characterizations and are accordingly denied.

54.     In response to the allegations in paragraph 54, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 54 comprise attorney characterizations and are accordingly denied.

55.     In response to the allegations in paragraph 55, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 55 comprise attorney characterizations and are accordingly denied.

56.     In response to the allegations in paragraph 56, Monsanto admits that the cited study was released on March 18, 2019 in the International Journal of Epidemiology.  Monsanto denies that the study establishes a clear link between Roundup and B-cell non-Hodgkin lymphoma.  Monsanto denies the remaining allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto admits that the study analyzes data from more than 300,000 farmers and agricultural workers in France, Norway, and the United States.  Monsanto denies that the study found "elevation in risks" of non-Hodgkin's

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05339-VC

lymphoma associated with glyphosate herbicides.  To the contrary, the study found no association with glyphosate exposure overall and NHL.  Monsanto denies the remaining allegations in paragraph 57.

58.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's alleged cancer in paragraph 58 and therefore denies those allegations.  Monsanto denies that the cited study found a clear link between glyphosate exposure and large B-cell lymphoma.  Monsanto denies the remaining allegations in paragraph 58.

59.     Monsanto denies the allegations in paragraph 59.

60.     The allegations in paragraph 60 comprise attorney characterizations and are accordingly denied.

61.     Monsanto admits the allegations in paragraph 61.

62.     In response to the allegations in paragraph 62, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 62 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 62.

63.     In response to the allegations in paragraph 63, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 63.

64.     The allegations in paragraph 64 are vague and ambiguous and are accordingly denied.

65.     In response to the allegations in paragraph 65, Monsanto states that the cited document speaks for itself and does not require a response.

66.     In response to the allegations in paragraph 66, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 66

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 66.

67.    Monsanto denies the allegations in paragraph 67.

68.    In response to the allegations in paragraph 68, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 68.

69.    Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 69.

70.    Monsanto denies the allegations in paragraph 70.

71.    Monsanto denies the allegations in paragraph 71.

72.    Monsanto denies the allegations in paragraph 72.

73.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 73.

74.    Monsanto denies the allegations in paragraph 74.

75.    Monsanto denies the allegations in paragraph 75.

76.    Monsanto admits the allegations in paragraph 76.

77.    Monsanto denies the allegations in paragraph 77.

78.    Monsanto admits the allegations in paragraph 78.

79.    Monsanto denies the allegations in paragraph 79.

80.    Monsanto denies the allegations in paragraph 80.

81.    Monsanto denies the allegations in paragraph 81.

82.    Monsanto denies the allegations in paragraph 82.

83.    Monsanto denies the allegations in paragraph 83.

84.    Monsanto denies the allegations in paragraph 84.

85.    Monsanto denies the allegations in paragraph 85.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05339-VC

86.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 86.

87.     In response to the allegations in paragraph 87, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 87.

88.     Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto also admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto denies the remaining allegations in paragraph 88.

89.     In response to the allegations in paragraph 89, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017,

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*

*(Footnote continued)*

EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 89.

90.    In response to the allegations in the first sentence of paragraph 90, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these

---

*Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

1  laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories
2  was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of
3  glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test
4  ("IBT") Laboratories studies.  In response to the allegations in the second and third sentences of
5  paragraph 90, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in
6  connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's
7  regulatory approval of such product is based upon any fraudulent or false IBT studies.  Monsanto
8  denies the allegations in the fourth, fifth, and sixth sentences of paragraph 90 to the extent they
9  suggest that EPA performed an inspection of IBT Laboratories solely or specifically in
10  connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an
11  audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing
12  procedures in connection with services provided to a broad number of private and governmental
13  entities and that this inspection included a review of studies IBT conducted on glyphosate.
14  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit
15  found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As
16  a result, Monsanto repeated all required studies in accordance with applicable EPA testing
17  guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based
18  herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph
19  90 are intended to suggest that Monsanto was anything other than a victim of this fraud,
20  Monsanto denies those allegations.
21        91.    In response to the allegations in paragraph 91, Monsanto admits that three IBT
22  employees were convicted of the charge of fraud, but Monsanto denies that any of the
23  individuals were convicted based upon studies conducted on glyphosate or glyphosate-based
24  herbicides.
25        92.    In response to the allegations in paragraph 92, Monsanto admits that it – along
26  with numerous other private companies – hired Craven Laboratories as an independent
27  laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise
28  denies the remaining allegations in paragraph 92.

1   93.     In response to the allegations in paragraph 93, Monsanto admits that EPA

2   investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

3   paragraph 93 are intended to suggest that Monsanto was anything other than a victim of this

4   fraud, Monsanto denies those allegations.

5   94.     In response to the allegations in paragraph 94, Monsanto admits that it was

6   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

7   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 94

8   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

9   denies those allegations.

10   95.     In response to the allegations in paragraph 95, Monsanto admits that it has stated

11   and continues to state that Roundup®-branded products are safe when used as labeled and that

12   they are non-carcinogenic and non-genotoxic.

13   96.     In response to the allegations in paragraph 96, Monsanto admits that a 1986 joint

14   report of the World Health Organization and Food and Agriculture Organization of the United

15   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

16   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

17   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

18   carcinogen.  Monsanto denies the remaining allegations in paragraph 96.

19   97.     Monsanto denies the allegations in paragraph 97.

20   98.     Monsanto denies the allegations in paragraph 98.

21   99.     Monsanto denies the allegations in paragraph 99.

22   100.    Monsanto denies the allegations in paragraph 100.

23   101.    Monsanto denies the allegations in paragraph 101.

24   102.    Monsanto denies the allegations in paragraph 102.

25   103.    Monsanto denies the allegations in paragraph 103.

26   104.    Monsanto denies the allegations in paragraph 104.

27   105.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28   truth of the allegations in paragraph 105 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05339-VC

106.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 106 and therefore denies those allegations.

107.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore denies those allegations.

108.     In response to the allegations in paragraph 108, Monsanto admits that Roundup®-branded products are safe when used in accordance with the product's EPA approved labeling. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 108 and therefore denies those allegations.

109.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 109 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 109.

* * *

There are no paragraphs numbered "110" through "112" in the Complaint, and therefore no response is required.

* * *

113.     Monsanto denies the allegations in paragraph 113.

114.     Monsanto incorporates by reference its responses to paragraphs 1 through 113 in response to paragraph 114 of plaintiff's Complaint.

115.     Monsanto admits that plaintiff purports to bring certain claims addressed in paragraph 115 but denies any liability as to those claims.  To the extent that the allegations in paragraph 115 are directed at a defendant other than Monsanto, those allegations do not require a response from Monsanto.

116.     Monsanto denies the allegations in paragraph 116.

117.     Monsanto denies the allegations in paragraph 117.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

118.     Monsanto denies the allegations in paragraph 118.

119.     Monsanto denies the allegations in paragraph 119.

1    120.    Monsanto denies the allegations in paragraph 120.

2    121.    Monsanto denies the allegations in paragraph 121.

3    122.    In response to the allegations in paragraph 122, Monsanto lacks information or
4    knowledge sufficient to form a belief as to the truth of the allegations that plaintiff received
5    Roundup®-branded products and therefore denies those allegations. Monsanto denies the
6    remaining allegations in paragraph 122.

7    123.    Monsanto denies the allegations in paragraph 123.

8    124.    Monsanto denies the allegations in paragraph 124.

9    125.    The allegations in paragraph 125 and each of its subparts set forth conclusions of
10   law for which no response is required.

11   126.    Monsanto denies the allegations in paragraph 126, including each of its subparts.
12   To the extent that the allegations in paragraph 126 are directed at a defendant other than
13   Monsanto, those allegations do not require a response from Monsanto.

14   127.    Monsanto denies the allegations in paragraph 127.

15   128.    Monsanto denies the allegations in paragraph 128.

16   129.    Monsanto denies the allegations in paragraph 129.

17   130.    Monsanto denies the allegations in paragraph 130, including each of its subparts.

18   131.    Monsanto denies the allegations in the first sentence of paragraph 131.  In
19   response to the allegations in the second sentence of paragraph 131, Monsanto admits that
20   Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in
21   accordance with the product's EPA approved labeling.  Monsanto lacks information or
22   knowledge sufficient to form a belief as to the truth of the allegations in the last sentence of
23   paragraph 131 regarding plaintiff's reliance and therefore denies those allegations.  The
24   remaining allegations in the second, third, and last sentences of paragraph 131 set forth
25   conclusions of law for which no response is required.

26   132.    Monsanto denies the allegations in paragraph 132.

27   133.    Monsanto denies the allegations in paragraph 133.

28   134.    Monsanto denies the allegations in paragraph 134.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05339-VC

135.    Monsanto denies the allegations in paragraph 135.

136.    Monsanto denies the allegations in paragraph 136.

137.    The allegations in the first and fourth sentences of paragraph 137 set forth conclusions of law for which no response is required.  Monsanto denies the allegations in the second and third sentences of paragraph 137.  The remaining allegations in paragraph 137 comprise attorney characterizations and are accordingly denied.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto denies the allegations in paragraph 139.

140.    Monsanto incorporates by reference its responses to paragraphs 1 through 139 in response to paragraph 140 of plaintiff's Complaint.

141.    Monsanto lacks information or knowledge sufficient to form a belief regarding plaintiff's claimed selection or use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 141 set forth conclusions of law for which no response is required.

142.    The allegations in the first sentence of paragraph 142 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 142, including that Roundup®-branded products are "dangerous products."

143.    Monsanto denies the allegations in paragraph 143.

144.    Monsanto denies the allegations in paragraph 144.

145.    Monsanto denies the allegations in paragraph 145.

146.    Monsanto denies the allegations in paragraph 146.

147.    Monsanto denies the allegations in paragraph 147.

148.    Monsanto denies the allegations in paragraph 148.

149.    Monsanto denies the allegations in paragraph 149.

150.    Monsanto denies the allegations in paragraph 150.

151.    Monsanto incorporates by reference its responses to paragraphs 1 through 150 in response to paragraph 151 of plaintiff's Complaint.

152.    Monsanto denies the allegations in paragraph 152.

153.    In response to the allegations in paragraph 153, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic, and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 153.

154.    In response to the allegations in paragraph 154, Monsanto states that the cited document speaks for itself and does not require a response.

155.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in paragraph 155.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

156.    Monsanto denies the allegations in the first and last sentences of paragraph 156. The remaining allegations in paragraph 156 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

157.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 157 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

158.    Monsanto denies the allegations in the first, second, and eighth sentences of paragraph 158.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 158 and therefore denies those allegations.

159.    Monsanto denies the allegations in paragraph 159, including each of its subparts.

160.    Monsanto denies that it is liable for plaintiff's claims.  The remaining allegations in paragraph 160 set forth conclusions of law for which no response is required.

161.    Monsanto denies the allegations in paragraph 161.

162.    Monsanto denies the allegations in paragraph 162.

163.    Monsanto denies the allegations in paragraph 163.

In response to the allegations in the "WHEREFORE" paragraph following paragraph 163, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.    Plaintiff's claims against Monsanto are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.    Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.    Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.    Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

1    *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

2    *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

3          7.     Monsanto made no warranties of any kind or any representations of any nature

4    whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies,

5    then plaintiff failed to give notice of any breach thereof.

6          8.     Plaintiff's claims against Monsanto are preempted, in whole or in part, by

7    applicable federal law relating to the design, testing, producing, manufacturing, labeling,

8    distributing, modeling, processing, and supply of Roundup®-branded products and/or

9    glyphosate-containing products.

10          9.     Plaintiff's claims against Monsanto are preempted, in whole or in part, because of

11    U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-

12    approved product labeling.

13          10.    Plaintiff's claims against Monsanto are barred, in whole or in part, by the doctrine

14    of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

15          11.    Plaintiff's claims against Monsanto are barred, in whole or in part, because

16    plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or

17    events that were extraordinary under the circumstances, not foreseeable in the normal course of

18    events, and/or independent, intervening and superseding causes of the alleged injuries, including

19    but not limited to plaintiff's pre-existing medical conditions.

20          12.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j

21    and k, bar plaintiff's claims against Monsanto in whole or in part.

22          13.    Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or

23    in part.

24          14.    Plaintiff's misuse or abnormal use of the product or failure to follow instructions

25    bar plaintiff's claims in whole or in part.

26          15.    If plaintiff suffered injuries or damages as alleged, which is denied, such injuries

27    or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is

28    neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the

1    relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or

2    causes that are not related or connected with any product sold, distributed, or manufactured by

3    Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an

4    independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

5          16.    Monsanto had no legal relationship or privity with plaintiff and owed no duty to

6    her by which liability could be attributed to it.

7          17.    Plaintiff's claims against Monsanto are preempted in whole or part by the

8    Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

9          18.    Plaintiff's claims against Monsanto for punitive and/or exemplary damages are

10   barred because such an award would violate Monsanto's due process, equal protection and other

11   rights under the United States Constitution, the Mississippi Constitution, and/or other applicable

12   state constitutions.

13         19.    Plaintiff's claims against Monsanto for punitive and/or exemplary damages are

14   barred because plaintiff has failed to allege conduct warranting imposition of such damages

15   under Mississippi law, and/or other applicable state laws.

16         20.    Plaintiff's claims against Monsanto for punitive and/or exemplary damages are

17   barred and/or limited by operation of state and/or federal law, including Miss. Code Ann. § 11-1-

18   65.

19         21.    Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's

20   own contributory/comparative negligence.

21         22.    Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's

22   own failure to mitigate damages.

23         23.    Plaintiff's claims against Monsanto are barred in whole or in part by the

24   sophisticated user doctrine.

25         24.    To the extent that plaintiff recovered payments for plaintiff's alleged injuries from

26   any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be

27   reduced to the extent allowed by applicable law.

28

1     25.    If plaintiff has been injured or damaged, no injury or damages being admitted,

2 such injuries were not caused by a Monsanto product.

3     26.    Plaintiff's claims against Monsanto are barred or limited to the extent that

4 plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits,

5 such claims.

6     27.    Plaintiff's claims against Monsanto are barred to the extent that plaintiff seeks

7 relief under the laws of states that do not govern plaintiff's claims.

8     28.    Plaintiff has failed to allege fraud with sufficient particularity.

9     29.    Plaintiff's common law claims are barred, in whole or part, by application of the

10 Mississippi Product Liability Act, Miss. Code Ann. § 11-1-63 (1993).

11     30.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

12 may become available or apparent during the course of discovery and thus reserves its right to

13 amend this Answer to assert such defenses.

14     **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

15 plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

16 other relief as the Court deems equitable and just.

17 **JURY TRIAL DEMAND**

18     Monsanto demands a jury trial on all issues so triable.

20 DATED:  September 16, 2019        Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:    (202) 898-5800
Facsimile:    (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*