**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC |
| This document relates to: <br><br> *Michael Sterner v. Monsanto Co.*, <br> Case No. 3:19-cv-05307-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Michael Sterner's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response

1    is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

2    paragraph 4 based upon the allegations in plaintiff's Complaint.

3        5.        The allegations in paragraph 5 set forth conclusions of law for which no response

4    is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

5    paragraph 5 based upon the allegations in plaintiff's Complaint.

6        6.        Monsanto admits the allegations in paragraph 6.

7        7.        The allegations in paragraph 7 set forth conclusions of law for which no response

8    is required.

9        8.        The allegations in the first sentence of paragraph 8 set forth conclusions of law for

10   which no response is required.  In response to the second sentence of paragraph 8, Monsanto

11   admits that it sells Roundup®-branded products in Missouri.  In response to the allegations in the

12   final sentence of paragraph 8, Monsanto denies certain events giving rise to plaintiff's claims and

13   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

14   allegations regarding where certain other events giving rise to plaintiff's claims occurred and

15   therefore denies those allegations.

16       9.        The allegations in paragraph 9 set forth conclusions of law for which no response

17   is required.  To the extent that a response is deemed required, Monsanto denies the allegations in

18   paragraph 8.

19       10.       Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 10 and therefore denies those allegations.

21       11.       Monsanto admits that its principal place of business in St. Louis County, Missouri

22   and that it is incorporated in Delaware.  The remaining allegations in paragraph 11 set forth

23   conclusions of law for which no response is required.

24       12.       In response to the allegations in paragraph 12, Monsanto admits that it discovered

25   the herbicidal properties of glyphosate and that it has manufactured Roundup®-branded

26   herbicides.  Monsanto denies the remaining allegations in paragraph 12.

27       13.       Monsanto admits that plaintiff purports to bring an action for damages allegedly

28   related to exposure to Roundup®-branded products but denies any liability to plaintiff.

1    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

2    remaining allegations in paragraph 13 and therefore denies those allegations.

3         14.    Monsanto denies the allegations in paragraph 14.

4         15.    The allegations in paragraph 15 comprise attorney characterizations and are

5    accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff

6    have a variety of separate and distinct uses and formulations.

7         16.    Monsanto admits the allegations in paragraph 16.

8         17.    Monsanto admits that it has designed, researched, manufactured, tested,

9    advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The

10   remaining allegations in paragraph 17 set forth conclusions of law for which no response is

11   required.

12        18.    Monsanto admits that it is an agricultural biotechnology corporation with a

13   principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its

14   affiliated companies have operations and offices in countries around the world.  Monsanto states

15   that the remaining allegations in paragraph 18 are vague and that it accordingly lacks information

16   or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

17   denies those allegations.

18        19.    Monsanto admits the allegations in paragraph 19.

19        20.    Monsanto admits the allegations in paragraph 20.

20        21.    In response to the allegations in paragraph 21, Monsanto admits that glyphosate is

21   an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

22   paragraph 21 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

23   to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

24        22.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

25   The remaining allegations in paragraph 22 comprise attorney characterizations and are

26   accordingly denied.

27        23.    Monsanto admits the allegations in paragraph 23.

28        24.    Monsanto generally admits the allegations in paragraph 24, but denies the

1   allegations in paragraph 24 to the extent that they suggest that glyphosate is present in any plants

2   at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

3   the United States Environmental Protection Agency ("EPA").

4       25.     Monsanto lacks information or knowledge sufficient to form a belief as to the

5   truth of the allegations in paragraph 25 and therefore denies those allegations.

6       26.     Monsanto admits that it is the leading producer of seeds that contain the Roundup

7   Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

8   farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

9   belief as to the accuracy of the specific numbers and statistics provided in the remaining

10  sentences of paragraph 26 and therefore denies those allegations.  Monsanto denies the

11  remaining allegations in paragraph 26.

12      27.     Monsanto admits the allegations in paragraph 27.

13      28.     Monsanto admits that Roundup®-branded products have been used by farmers for

14  approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

15  properties and denies the remaining allegations in paragraph 28.

16      29.     The allegations in paragraph 29 set forth conclusions of law for which no

17  response is required.  To the extent that a response is deemed required, Monsanto admits the

18  allegations in paragraph 29.

19      30.     In response to the allegations in paragraph 30, Monsanto admits that EPA requires

20  registrants of herbicides to submit extensive data in support of the human health and

21  environmental safety of their products and further admits that EPA will not register or approve

22  the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

23  Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 30 set forth

24  conclusions of law for which no response is required.

25      31.     The allegations in paragraph 31 set forth conclusions of law for which no

26  response is required.

27      32.     Monsanto admits that Roundup®-branded products are registered by EPA for

28  manufacture, sale and distribution and are registered by the State of Illinois for sale and

1 distribution.

2      33.     In response to the allegations in paragraph 33, Monsanto admits that EPA requires

3 registrants of herbicides to submit extensive data in support of the human health and

4 environmental safety of their products and further admits that EPA will not register or approve

5 the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

6 states that the term "the product tests" in the final sentence of paragraph 33 is vague and

7 ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 33

8 set forth conclusions of law for which no answer is required.

9      34.     Monsanto denies the allegations in paragraph 34 to the extent that they suggest

10 that EPA only evaluates the safety of pesticide products on the date of their initial registration.

11 Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

12 products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

13 of the allegations in paragraph 34 regarding such pesticide products generally and therefore

14 denies those allegations.  The remaining allegations in paragraph 34 set forth conclusions of law

15 for which no response is required.

16      35.     In response to the allegations in paragraph 35, Monsanto admits that EPA has

17 undertaken a regulatory review of glyphosate and further admits that EPA has not released its

18 findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

19 Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

20 concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

21 humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

22 posted an October 2015 final report by its standing Cancer Assessment Review Committee

23 ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

24

25   [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic*

26 *Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in

27 anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
potential.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05307-VC

to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore denies those allegations.

36.   In response to the allegations in paragraph 36, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 36 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

37.   In response to the allegations in paragraph 37, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 37 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

38.   Monsanto denies the allegations in paragraph 38.

39.   In response to the allegations in paragraph 39, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 39 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

---

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05307-VC

1    cancer.  Monsanto denies the remaining allegations in paragraph 39.

2          40.     Monsanto denies the allegations in paragraph 40.

3          41.     In response to the allegations in paragraph 41, Monsanto states that the cited

4    document speaks for itself and does not require a response.  To the extent that the allegations in

5    paragraph 41 go beyond a restatement of the cited document, Monsanto lacks information or

6    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 41

7    and therefore denies those allegations.

8          42.     Monsanto admits the allegations in paragraph 42.

9          43.     In response to the allegations in paragraph 43, Monsanto states that the cited the

10   document speaks for itself and does not require a response.  To the extent that the allegations in

11   paragraph 43 go beyond a restatement of the cited document, Monsanto lacks information or

12   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 43

13   and therefore denies those allegations.

14         44.     Monsanto states that the term "toxic" as used in paragraph 44 is vague and

15   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

16   denies the allegations in paragraph 44.

17         45.     Monsanto admits the allegations in paragraph 45.

18         46.     In response to the allegations in paragraph 46, Monsanto states that the document

19   speaks for itself and does not require a response.  To the extent that a response is deemed

20   required, Monsanto denies the allegations in paragraph 46.

21         47.     In response to the allegations in paragraph 47, Monsanto admits that Julie Marc

22   published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

23   the extent that paragraph 47 characterizes the meaning of the cited study, Monsanto denies the

24   remaining allegations in paragraph 47.

25         48.     In response to the allegations in paragraph 48, Monsanto states that these

26   documents speak for themselves and do not require a response.  To the extent that a response is

27   deemed required, Monsanto denies the allegations in paragraph 48.

28         49.     In response to the allegations in paragraph 49, Monsanto states that the cited

1   document speaks for itself and does not require a response.  To the extent that paragraph 49

2   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

3   paragraph 49.

4           50.     Monsanto denies the allegations in paragraph 50.

5           51.     In response to the allegations in paragraph 51, Monsanto states that the cited

6   document speaks for itself and does not require a response.  To the extent that paragraph 51

7   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

8   paragraph 51.

9           52.     In response to the allegations in paragraph 52, Monsanto states that the cited

10  document speaks for itself and does not require a response.  To the extent that paragraph 52

11  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

12  paragraph 52.

13          53.     Monsanto denies the allegation that the cited studies support the allegation that

14  glyphosate or Roundup®-branded products pose any risk to human health and denies the

15  remaining allegations in paragraph 53.

16          54.     Monsanto denies the allegations in paragraph 54.

17          55.     Monsanto denies the allegations in paragraph 55.

18          56.     Monsanto denies the allegations in paragraph 56.

19          57.     Monsanto denies the allegations in paragraph 57.

20          58.     Monsanto admits that it has in the past promoted, and continues to promote,

21  Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

22  Monsanto denies the remaining allegations in paragraph 58.

23          59.     Monsanto admits that the International Agency for Research on Cancer ("IARC")

24  is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

25  lacks information or knowledge sufficient to form a belief as to the truth of the remaining

26  allegations in paragraph 59 and therefore denies those allegations.

27          60.     Monsanto lacks information or knowledge sufficient to form a belief as to the

28  truth of the allegations in paragraph 60 and therefore denies those allegations.  Monsanto denies

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05307-VC

1   that glyphosate met the criteria necessary to be eligible for review.

2       61.     Monsanto lacks information or knowledge sufficient to form a belief as to the

3   truth of the allegations in paragraph 61 and therefore denies those allegations.  Monsanto denies

4   that glyphosate met the criteria necessary to be eligible for review.

5       62.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

6   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

7   evidence was "cumulative."  The remaining allegations in paragraph 62 are vague and

8   conclusory and comprise attorney characterizations and are accordingly denied.

9       63.     Monsanto admits that the full IARC Monograph regarding glyphosate was

10  published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

11  2A carcinogen.  In response to the remaining allegations in paragraph 63, Monsanto states that

12  the document speaks for itself and does not require a response.  To the extent that a response is

13  deemed required, the remaining allegations in paragraph 63 comprise attorney characterizations

14  and are accordingly denied.

15      64.     Monsanto denies the allegations in paragraph 64.  The IARC working group

16  concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

17  which, per IARC's guidelines, means that the working group could not rule out chance, bias or

18  confounding so as to reach any conclusion of an increased risk.

19      65.     In response to the allegations in paragraph 65, Monsanto states that the document

20  speaks for itself and does not require a response.  To the extent that a response is deemed

21  required, the allegations in paragraph 65 comprise attorney characterizations and are accordingly

22  denied.

23      66.     Monsanto denies the allegations in paragraph 66.

24      67.     The allegations in paragraph 67 comprise attorney characterizations and are

25  accordingly denied.

26      68.     Monsanto admits the allegations in paragraph 68.

27      69.     In response to the allegations in paragraph 69, Monsanto states that the cited

28  document speaks for itself and does not require a response.  To the extent that paragraph 69

1    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

2    paragraph 69.

3          70.    In response to the allegations in paragraph 70, Monsanto admits that certain

4    studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

5    under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

6    evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

7    animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

8    paragraph 70.

9          71.    The allegations in paragraph 71 are vague and ambiguous and are accordingly

10   denied.

11         72.    In response to the allegations in paragraph 72, Monsanto states that the cited

12   document speaks for itself and does not require a response.

13         73.    In response to the allegations in paragraph 73, Monsanto states that the cited

14   document speaks for itself and does not require a response.  To the extent that paragraph 73

15   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

16   paragraph 73.

17         74.    Monsanto denies the allegations in paragraph 74.

18         75.    In response to the allegations in paragraph 75, Monsanto states that the cited

19   document speaks for itself and does not require a response.  Monsanto otherwise denies the

20   allegations in paragraph 75.

21         76.    Monsanto admits that there is no reliable evidence that Roundup®-branded

22   products are genotoxic and that regulatory authorities and independent experts agree that

23   Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

24   paragraph 76.

25         77.    Monsanto denies the allegations in paragraph 77.

26         78.    Monsanto denies the allegations in paragraph 78.

27         79.    Monsanto denies the allegations in paragraph 79.

28         80.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

1    exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 80.

2        81.    Monsanto denies the allegations in paragraph 81.

3        82.    Monsanto denies the allegations in paragraph 82.

4        83.    Monsanto admits the allegations in paragraph 83.

5        84.    Monsanto denies the allegations in paragraph 84.

6        85.    Monsanto admits the allegations in paragraph 85.

7        86.    Monsanto denies the allegations in paragraph 86.

8        87.    Monsanto denies the allegations in paragraph 87.

9        88.    Monsanto denies the allegations in paragraph 88.

10        89.    Monsanto denies the allegations in paragraph 89.

11        90.    Monsanto denies the allegations in paragraph 90.

12        91.    Monsanto denies the allegations in paragraph 91.

13        92.    Monsanto denies the allegations in paragraph 92.

14        93.    Monsanto admits that independent experts and regulatory agencies agree that

15    there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

16    products and admits that it has made statements reflecting this fact.  Monsanto denies the

17    remaining allegations in paragraph 93.

18        94.    In response to the allegations in paragraph 94, Monsanto admits that Roundup®-

19    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

20    the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

21    94.

22        95.    In response to the allegations in paragraph 95, Monsanto admits that an EPA

23    review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

24    denies the remaining allegations in paragraph 95.

25        96.    In response to the allegations in paragraph 96, Monsanto admits that EPA

26    changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

27    evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

28    denies the remaining allegations in paragraph 96.

97.     In response to the allegations in paragraph 97, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.
- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).
- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).
- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).
- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 97.

98.     In response to the allegations in paragraph 98, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 98 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

99.     In response to the allegations in paragraph 99, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

100.     Monsanto denies the allegations in paragraph 100 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 100 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

101.     In response to the allegations in paragraph 101, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

102.     In response to the allegations in paragraph 102, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

1    denies the remaining allegations in paragraph 102.

2        103.    In response to the allegations in paragraph 103, Monsanto admits that EPA

3    investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

4    paragraph 103 are intended to suggest that Monsanto was anything other than a victim of this

5    fraud, Monsanto denies those allegations.

6        104.    In response to the allegations in paragraph 104, Monsanto admits that it was

7    defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

8    at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 104

9    are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

10   denies those allegations.

11       105.    In response to the allegations in paragraph 105, Monsanto admits that it has stated

12   and continues to state that Roundup®-branded products are safe when used as labeled and that

13   they are non-carcinogenic and non-genotoxic.

14       106.    In response to the allegations in paragraph 106, Monsanto admits that a 1986 joint

15   report of the World Health Organization and Food and Agriculture Organization of the United

16   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

17   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

18   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

19   carcinogen.  Monsanto denies the remaining allegations in paragraph 106.

20       107.    Monsanto denies the allegations in paragraph 107.

21       108.    Monsanto denies the allegations in paragraph 108.

22       109.    Monsanto denies the allegations in paragraph 109.

23       110.    Monsanto denies the allegations in paragraph 110.

24       111.    Monsanto denies the allegations in paragraph 111.

25       112.    Monsanto denies the allegations in paragraph 112.

26       113.    Monsanto denies the allegations in paragraph 113.

27       114.    Monsanto denies the allegations in paragraph 114.

28       115.    Monsanto denies the allegations in paragraph 115.

1    116.    Monsanto denies the allegations in paragraph 116.

2    117.    Monsanto denies the allegations in paragraph 117.

3    118.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 118 and therefore denies those allegations.

5    119.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 119 and therefore denies those allegations.

7    120.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 120 and therefore denies those allegations.

9    121.    Monsanto denies the allegations in paragraph 121.

10    122.    Monsanto denies the allegations in paragraph 122.

11    123.    Monsanto incorporates by reference its responses to paragraphs 1 through 122 in

12    response to paragraph 123 of plaintiff's Complaint.

13    124.    Monsanto denies the allegation in paragraph 124.

14    125.    In response to the allegations in paragraph 125, Monsanto admits that it has stated

15    and continues to state that Roundup®-branded products are safe when used as labeled and that

16    they are non-toxic and non-carcinogenic.

17    126.    Monsanto denies the allegations in paragraph 126.

18    127.    In response to the allegations in paragraph 127, Monsanto states that the cited

19    document speaks for itself and does not require a response.

20    128.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

21    exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

22    128.  Monsanto states, however, that the scientific studies upon which IARC purported to base

23    its classification were all publicly available before March 2015.

24    129.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

25    caused plaintiff's alleged injury.  Monsanto lacks information or knowledge sufficient to form a

26    belief as to the truth of the remaining allegations in paragraph 129 and therefore denies those

27    allegations.  Monsanto states, however, that the scientific studies upon which IARC purported to

28    base its classification were all publicly available before March 2015.

130.    Monsanto denies the allegations in the first and last sentences of paragraph 130. The remaining allegations in paragraph 130 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

131.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 131 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

132.    The allegations in paragraph 130 set forth conclusions of law for which no response is required.

133.    Monsanto incorporates by reference its responses to paragraphs 1 through 132 in response to paragraph 133 of plaintiff's Complaint.

134.    The allegations in paragraph 134 set forth conclusions of law for which no response is required.

135.    Monsanto denies the allegations in paragraph 135.

136.    Monsanto denies the allegations in paragraph 136, including each of its subparts.

137.    Monsanto denies the allegations in paragraph 137.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto denies the allegations in paragraph 139, including each of its subparts.

140.    Monsanto denies the allegations in paragraph 140.

141.    Monsanto denies the allegations in paragraph 141.

142.    Monsanto denies the allegations in paragraph 142.

143.    Monsanto denies the allegations in paragraph 143.

144.    Monsanto incorporates by reference its responses to paragraphs 1 through 143 in

1    response to paragraph 144 of plaintiff's Complaint.

2        145.    In response to the allegations in paragraph 145, Monsanto lacks information or

3    knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

4    exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies

5    the remaining allegations in paragraph 145.

6        146.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 146 and therefore denies those allegations.

8        147.    Monsanto denies the allegations in paragraph 147.

9        148.    Monsanto denies the allegations in paragraph 148.

10       149.    Monsanto denies the allegations in paragraph 149.

11       150.    Monsanto denies the allegations in paragraph 150, including each of its subparts.

12       151.    Monsanto denies the allegations in paragraph 151.

13       152.    Monsanto denies that Roundup®-branded products have "dangerous

14   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the remaining allegations in paragraph 152 and therefore denies those allegations.

16       153.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 153 and therefore denies those allegations.

18       154.    Monsanto denies the allegations in paragraph 154.

19       155.    The allegations in paragraph 155 set forth conclusions of law for which no

20   response is required.

21       156.    Monsanto denies the allegations in paragraph 156.

22       157.    Monsanto denies the allegations in paragraph 157.

23       158.    Monsanto denies the allegations in paragraph 158.

24       159.    Monsanto denies the allegations in paragraph 159.

25       160.    Monsanto denies the allegations in paragraph 160.

26       161.    Monsanto denies the allegations in paragraph 161.

27       162.    Monsanto denies the allegations in paragraph 162.

28       163.    Monsanto denies the allegations in paragraph 163.

1    164.   Monsanto denies the allegations in paragraph 164.

2    165.   Monsanto denies the allegations in paragraph 165.

3    166.   Monsanto incorporates by reference its responses to paragraphs 1 through 165 in
4    response to paragraph 166 of plaintiff's Complaint.

5    167.   Monsanto admits the allegations in paragraph 167.

6    168.   Monsanto lacks information or knowledge sufficient to form a belief as to the
7    truth of the allegations in paragraph 168 and therefore denies those allegations.

8    169.   Monsanto denies the allegations in paragraph 169.  All labeling of Roundup®-
9    branded products has been and remains EPA-approved and in compliance with all federal
10   requirements under FIFRA.

11   170.   Monsanto denies the allegations in paragraph 170.

12   171.   Monsanto denies the allegations in paragraph 171.  All labeling of Roundup®-
13   branded products has been and remains EPA-approved and in compliance with all federal
14   requirements under FIFRA.

15   172.   Monsanto denies the allegations in paragraph 172.  All labeling of Roundup®-
16   branded products has been and remains EPA-approved and in compliance with all federal
17   requirements under FIFRA and with Illinois and Missouri law.

18   173.   Monsanto denies the allegations in paragraph 173.

19   174.   Monsanto lacks information or knowledge sufficient to form a belief as to the
20   truth of the allegations regarding plaintiff's use history in paragraph 174 and therefore denies
21   those allegations.  Monsanto denies the remaining allegations in paragraph 174.

22   175.   The allegations in paragraph 175 set forth conclusions of law for which no
23   response is required.

24   176.   Monsanto denies the allegations in paragraph 176.

25   177.   Monsanto denies the allegations in paragraph 177.

26   178.   Monsanto denies the allegations in paragraph 178.

27   179.   Monsanto denies the allegations that Roundup®-branded products are defective
28   and accordingly denies the allegations in paragraph 179.

180.    The allegations in paragraph 180 set forth conclusions of law for which no response is required.

181.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 181 and therefore denies those allegations.

182.    Monsanto denies the allegations in paragraph 182.

183.    Monsanto denies the allegations in paragraph 183.

184.    Monsanto denies the allegations in paragraph 184.

185.    Monsanto denies the allegations in paragraph 185.

186.    Monsanto denies the allegations in paragraph 186.

187.    Monsanto incorporates by reference its responses to paragraphs 1 through 186 in response to paragraph 187 of plaintiff's Complaint.

188.    Monsanto denies the allegations in paragraph 188.  Additionally, the allegations in the last sentence in paragraph 188 set forth conclusions of law for which no response is required.

189.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 189 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 189 set forth conclusions of law for which no response is required.

190.    The allegations in paragraph 190 set forth conclusions of law for which no response is required.

191.    Monsanto denies the allegations in paragraph 191.

192.    The allegation in paragraph 192 regarding a purported implied warranty sets forth a conclusion of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 192 and therefore denies those allegations.

193.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 193 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore

- 19 -

1    denies the allegations in paragraph 193.

2         194.    Monsanto denies the allegations in paragraph 194.

3         195.    Monsanto denies the allegations in paragraph 195.

4         196.    Monsanto denies the allegations in paragraph 196.

5         In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

6    denies that plaintiff is entitled to the relief sought therein, including any judgment for any

7    damages, interest, costs, or any other relief whatsoever.

8         Every allegation in the Complaint that is not specifically and expressly admitted in this

9    Answer is hereby specifically and expressly denied.

10                    **SEPARATE AND AFFIRMATIVE DEFENSES**

11        1.    The Complaint, in whole or part, fails to state a claim or cause of action against

12   Monsanto upon which relief can be granted.

13        2.    Venue may be improper or inconvenient for plaintiff's claims.

14        3.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

15   reliable evidence that the products at issue were defective or unreasonably dangerous.

16        4.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

17   was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

18   plaintiff's alleged injuries.

19        5.    Plaintiff's claims are barred, in whole or in part, because the products at issue

20   were designed, manufactured, marketed and labeled with proper warnings, information, cautions

21   and instructions, in accordance with the state of the art and the state of scientific and

22   technological knowledge.

23        6.    Plaintiff's claims are barred, in whole or in part, because the products at issue

24   were not defective or unreasonably dangerous in that they complied with, at all relevant times,

25   all applicable government safety standards.

26        7.    Any claims based on allegations that Monsanto misled, defrauded, made

27   misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

28   *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05307-VC

*Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

8.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

12.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

13.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

14.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

15.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

16.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

17.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

18.     Plaintiff's claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Arizona Constitution, the Illinois Constitution, the Missouri Constitution, and/or other applicable state constitutions.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Arizona law, Illinois law, Missouri law, and/or other applicable state laws.

21.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

22.     Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiff and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiffs have failed to clearly establish any entitlement to punitive and/or exemplary damages based on their allegations.

23.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Ariz. Rev. Stat. § 12-689 and Missouri Revised Statute § 510.265.1.

24.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

25.      Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

26.      Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

27.      Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

28.      If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

29.      Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

30.      Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

31.      To the extent that plaintiff recovered payments for his alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute § 490.715.

32.      Plaintiff's claim for breach of implied warranties is barred because Arizona does not recognize a separate cause of action for breach of implied warranty in the product liability context.

33.      Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

1

DATED:  September 23, 2019

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*