# EXHIBIT I

```
                                                              Page 1
                                  Pages 1 - 105

                     UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

             BEFORE THE HONORABLE VINCE CHHABRIA, JUDGE

IN RE ROUNDUP PRODUCTS         )
LIABILITY LITIGATION           )  Case No. 16-md-02741
_____)
                                  San Francisco, California
                                  Monday, October 29, 2018


                      TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiffs:
                       WEITZ & LUXENBERG, P.C.
                       700 Broadway
                       New York, New York 10003
                 BY:   ROBIN L. GREENWALD, ESQ.

                       ANDRUS ANDERSON LLP
                       7171 West Alaska Drive
                       Lakewood, Colorado 80226
                 BY:   AIMEE WAGSTAFF, ESQ.

                       BAUM, HEDLUND, ARISTEI, & GOLDMAN, P.C.
                       12100 Wilshire Boulevard, Suite 950
                       Los Angeles, California 90025
                 BY:   R. BRENT WISNER, ESQ.
                       MICHAEL L. BAUM, ESQ.

                       THE MILLER FIRM LLC
                       108 Railroad Avenue
                       Orange, Virginia  22960
                 BY:   BRIAN BRAKE, ESQ.


    (Appearances continued on next page)



Reported By:    Katherine Powell Sullivan, CSR #5812, RPR, CRR
                Official Reporter - U.S. District Court
```

```
 1   APPEARANCES (CONTINUED):

 2   For Plaintiffs:
                              LAW OFFICES OF TESFAYE TSADIK
 3                            1736 Franklin Street 10th Floor
                              Oakland, California 94612
 4                       BY:  TESFAYE WOLDE TSADIK, ESQ.

 5                            LUNDY, LUNDY, SOILEAU AND SOUTH, LLP
                              501 Broad Street
 6                            Lake Charles, Louisiana 70601
                         BY:  HUNTER WILLIAM LUNDY, ESQ.
 7                            NADINA ANN BEACH, ESQ.

 8                            BRADY LAW GROUP
                              1015 Irwin Street
 9                            San Rafael, California 94901
                         BY:  STEVEN J. BRADY, ESQ.
10                            STEVEN B. STEIN, ESQ.

11                            AUDET & PARTNERS, LLP
                              711 Van Ness Avenue, Suite 500
12                            San Francisco, California  94102
                         BY:  MARK BURTON, ESQ.
13
                              LOCKRIDGE GRINDAL NAUEN PLLP
14                            100 Washington Avenue S.
                              Minneapolis, Minnesota 55401-2179
15                       BY:  YVONNE M. FLAHERTY, ESQ.

16   For Defendant:
                              HOLLINGSWORTH LLP
17                            1350 I Street, N.W.
                              Washington, DC 20005
18                       BY:  ERIC G. LASKER, ESQ.
                              KIRBY T. GRIFFIS, ESQ.
19
                              ARNOLD & PORTER
20                            777 South Figueroa Street, 44th Floor
                              Los Angeles, California  90017
21                       BY:  PAMELA J. YATES, ESQ.

22                            WILKINSON WALSH ESKOVITZ
                              2001 M Street, NW, 10th Floor
23                            Washington, DC 20036
                         BY:  BRIAN L. STEKLOFF, ESQ.
24

25
```

```
                                                                Page 3
 1   Monday, October 29, 2018                        2:11 p.m.
 2                       P-R-O-C-E-E-D-I-N-G-S
 3                             ---oOo---
 4            THE CLERK:  Calling case number 16-md-2741, In re
 5   Roundup Products Liability Litigation.
 6       Counsel, please state your appearances for the record.
 7            MS. GREENWALD:  Robin Greenwald for the plaintiff.
 8            MS. WAGSTAFF:  Good afternoon, Your Honor.  Aimee
 9   Wagstaff for the plaintiffs.  And if I may, I'd like to
10   introduce you to my clients, Mr. and Mrs. Hardeman, who
11   traveled down here from Santa Rosa.
12            MR. HARDEMAN:  Nice to meet you.
13            MS. WAGSTAFF:  They've read all your orders.  And I
14   thought I'd come introduce you to them.
15            THE COURT:  Welcome.
16            MR. BRAKE:  Good afternoon, Your Honor.  My nine is
17   Brian Brake.  I'm here with the Miller Firm.  Pleasure to meet
18   you.  Thank you.
19            MS. FLAHERTY:  Good afternoon, Your Honor.  Yvonne
20   Flaherty, from Lockridge.
21            MR. LUNDY:  Good afternoon, Your Honor.  Hunter Lundy,
22   from Lundy, Lundy, Soileau and South for Plaintiffs.
23            MR. BURTON:  Good afternoon, Your Honor.  Mark Burton
24   for Audet Partners.
25            THE COURT:  Anybody else on the plaintiffs side want
```

Page 41

1           MR. BRAKE:  Not exactly, but it's pretty darn close.
2           THE COURT:  Okay.
3           MR. BRAKE:  So you may want to look at that.  Thank
4    you.
5           THE COURT:  All right.  Somewhere in the case
6    management statement you asked about the briefing -- the length
7    of briefs.  That sounds fine.  That's approved.
8        Adding general causation experts, the answer to that
9    question is basically no.  You cannot add general causation
10   experts.
11       If there is an emergency-type situation, if Loralei Mucci
12   has a medical emergency or, you know, something like that, and
13   you want to seek permission to sub somebody in to provide, you
14   know, substantially the same testimony, I will entertain it.
15   I'm not saying I will grant it, but I will entertain it.
16       But the basic answer is, no, I don't think it's
17   appropriate, given everything we've been through already as a
18   team, to be adding general causation experts.
19          MR. LASKER:  If I may, Your Honor?
20          THE COURT:  Sure.
21          MR. LASKER:  There's a separate issue there, and I'd
22   like to invite either Brian to step up, or Pamela Yates to come
23   up.  They'll be trial counsel for the first case.
24          THE COURT:  Sure.
25          MR. LASKER:  And the issue, just to tee it up, and

1  they can continue, is these experts have continued to be
2  working as the litigation has gone forward.  So we have experts
3  who have expanded what they have looked at and, in many cases,
4  been deposed on additional issues.
5       If I could ask one of my colleagues to stand up about
6  that.
7            THE COURT:  Sure.
8            MR. LASKER:  Thank you.
9            MR. STEKLOFF:  Thank you, Your Honor.  Brian Stekloff.
10      I don't think there's much to add beyond what Mr. Lasker
11 said, other than it might come up in the context of
12 supplementing an expert's reliance list.  For example, if
13 there's additional epidemiology or other scientific literature
14 they wanted to rely upon.
15      We would, of course, give the other side notice of that.
16 I think that's different than adding a new general causation
17 expert and having --
18           THE COURT:  Yeah, I was assuming -- I mean, if anybody
19 has any disagreement with this, you can let me know, but I was
20 assuming, just by the nature of this topic, there would have to
21 be additional reliance on new materials, either materials that
22 played a key role in the state court trial, that maybe didn't
23 play a key role in our Daubert hearings, or in something that
24 is newly published, or something like that, and that experts
25 would supplement their disclosures.

1    You know, sort of mildly hopeful that not everybody's
2    deposition is going to be taken again and that most people's
3    depositions will not be taken again.  But if there's a --
4    hopefully, you can all work it out if there's a good reason to
5    take -- you know, do a further deposition, you know, that's
6    potentially permissible.
7        MR. STEKLOFF:  Thank you, Your Honor.
8        THE COURT:  Okay.  Any disagreement from the
9    plaintiffs?
10       MS. GREENWALD:  Not at all.  Not at all, Your Honor.
11       THE COURT:  Okay.  Jury selection.  There was some
12   discussion in the case management statement about jury
13   selection.
14       I see that Mr. Wisner has gotten up for that part of the
15   discussion.
16       (Laughter).
17       THE COURT:  I also saw Mr. Wisner in the back of the
18   courtroom today watching closing arguments.
19       MR. WISNER:  Yes, Your Honor.
20       THE COURT:  Please don't try anything remotely like
21   what the EEOC lawyer did in closing argument, because --
22       MR. WISNER:  Yeah.
23       THE COURT:  -- I will come down on you if you do.
24       MR. WISNER:  Well, I mean, I think you telling the
25   jury that she misrepresented it twice was well done, Your