**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |

This document relates to:

*Sidney L. Thibodeaux and Heather Thibodeaux v. Monsanto Co.*,
Case No. 3:19-cv-05337-VC

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in the Complaint and Jury Demand ("the Complaint"), filed by Sidney L. Thibodeaux and Heather Thibodeaux, except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Although many paragraphs in the Complaint allege exposure or use of Monsanto products by "Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to plaintiff Sidney L. Thibodeaux.  Silence as to any allegations shall constitute a denial.

1.        Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiffs' Complaint.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.      Monsanto denies the allegations in paragraph 9.

10.     The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

11.     Monsanto admits the allegations in paragraph 11.

12.     The allegations in paragraph 12 comprise attorney characterizations and are accordingly denied.

13.     In response to the allegations in paragraph 13, Monsanto admits that it sells Roundup®-branded products in Louisiana.

14.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations paragraph 14 and therefore denies those allegations.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     Monsanto admits the allegations in paragraph 16 that it engaged in the business of designing, developing, manufacturing, testing, packaging, marketing, distributing, labeling, and/or selling Roundup®.  The remaining allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     Monsanto denies the allegations in paragraph 17.

18.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 19 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

20.     Monsanto admits the allegations in paragraph 20.

21.     Monsanto admits the allegations in paragraph 21.

22.     In response to the allegations in paragraph 22, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 22 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

23.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 23 comprise attorney characterizations and are accordingly denied.

24.     Monsanto admits the allegations in paragraph 24.

25.     Monsanto generally admits the allegations in paragraph 25, but denies the allegations in paragraph 25 to the extent that they suggest that glyphosate is present in any plants

1  at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

2  the United States Environmental Protection Agency ("EPA").

3         26.     Monsanto lacks information or knowledge sufficient to form a belief as to the

4  truth of the allegations in paragraph 26 and therefore denies those allegations.

5         27.     Monsanto admits that it is the leading producer of seeds that contain the Roundup

6  Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

7  farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

8  belief as to the accuracy of the specific numbers and statistics provided in the remaining

9  sentences of paragraph 27 and therefore denies those allegations.  Monsanto denies the

10  remaining allegations in paragraph 27.

11         28.     Monsanto admits the allegations in paragraph 28.

12         29.     Monsanto admits that Roundup®-branded products have been used by farmers for

13  approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

14  properties and denies the remaining allegations in paragraph 29.

15         30.     The allegations in paragraph 30 set forth conclusions of law for which no

16  response is required.  To the extent that a response is deemed required, Monsanto admits the

17  allegations in paragraph 30.

18         31.     In response to the allegations in paragraph 31, Monsanto admits that EPA requires

19  registrants of herbicides to submit extensive data in support of the human health and

20  environmental safety of their products and further admits that EPA will not register or approve

21  the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

22  Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 31 set forth

23  conclusions of law for which no response is required.

24         32.     The allegations in paragraph 32 set forth conclusions of law for which no

25  response is required.

26         33.     Monsanto admits that Roundup®-branded products are registered by EPA for

27  manufacture, sale and distribution and are registered by the State of Louisiana for sale and

28  distribution.

34.     In response to the allegations in paragraph 34, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 34 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 34 set forth conclusions of law for which no answer is required.

35.     Monsanto denies the allegations in paragraph 35 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     In response to the allegations in paragraph 36, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*

*(Footnote continued)*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-05337-VC

1   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

2   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

3   humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

4   of the remaining allegations in paragraph 36 and therefore denies those allegations.

5         37.    In response to the allegations in paragraph 37, Monsanto admits that the New

6   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

7   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

8   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

9   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

10   the subparts purport to quote a document, the document speaks for itself and thus does not

11   require any further answer.  The remaining allegations in paragraph 37 are vague and conclusory

12   and comprise attorney characterizations and are accordingly denied.

13         38.    In response to the allegations in paragraph 38, Monsanto admits it entered into an

14   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

15   itself and thus does not require any further answer.  The remaining allegations in paragraph 38

16   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17         39.    Monsanto denies the allegations in paragraph 39.

18         40.    In response to the allegations in paragraph 40, Monsanto admits that the French

19   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

20   that it "left the soil clean," but denies the allegations in paragraph 40 to the extent that they

21   suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

22   cancer.  Monsanto denies the remaining allegations in paragraph 40.

23         41.    Monsanto denies the allegations in paragraph 41.

24

25

26   *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

27   [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/

28   document?D=EPA-HQ-OPP-2016-0385-0528.

42.     In response to the allegations in paragraph 42, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 42 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 and therefore denies those allegations.

43.     Monsanto admits the allegations in paragraph 43.

44.     In response to the allegations in paragraph 44, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 44 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 and therefore denies those allegations.

45.     Monsanto states that the term "toxic" as used in paragraph 45 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 45.

46.     Monsanto admits the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 48 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 50

1    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

2    paragraph 50.

3        51.    Monsanto denies the allegations in paragraph 51.

4        52.    In response to the allegations in paragraph 52, Monsanto states that the cited

5    document speaks for itself and does not require a response.  To the extent that paragraph 52

6    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

7    paragraph 52.

8        53.    In response to the allegations in paragraph 53, Monsanto states that the cited

9    document speaks for itself and does not require a response.  To the extent that paragraph 53

10   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

11   paragraph 53.

12       54.    Monsanto denies the allegation that the cited studies support the allegation that

13   glyphosate or Roundup®-branded products pose any risk to human health and denies the

14   remaining allegations in paragraph 54.

15       55.    Monsanto denies the allegations in paragraph 55.

16       56.    Monsanto denies the allegations in paragraph 56.

17       57.    Monsanto denies the allegations in paragraph 57.

18       58.    Monsanto denies the allegations in paragraph 58.

19       59.    Monsanto admits that it has in the past promoted, and continues to promote,

20   Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

21   Monsanto denies the remaining allegations in paragraph 59.

22       60.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

23   is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

24   lacks information or knowledge sufficient to form a belief as to the truth of the remaining

25   allegations in paragraph 60 and therefore denies those allegations.

26       61.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 61 and therefore denies those allegations.  Monsanto denies

28   that glyphosate met the criteria necessary to be eligible for review.

62.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

63.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 63 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

64.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 64, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 64 comprise attorney characterizations and are accordingly denied.

65.     In response to the allegations in paragraph 65, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 65 comprise attorney characterizations and are accordingly denied.

66.     In response to the allegations in paragraph 66, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 66 comprise attorney characterizations and are accordingly denied.

67.     Monsanto denies the allegations in paragraph 67.

68.     The allegations in paragraph 68 comprise attorney characterizations and are accordingly denied.

69.     Monsanto admits the allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 70

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 70.

71.     In response to the allegations in paragraph 71, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 71.

72.     The allegations in paragraph 72 are vague and ambiguous and are accordingly denied.

73.     In response to the allegations in paragraph 73, Monsanto states that the cited document speaks for itself and does not require a response.

74.     In response to the allegations in paragraph 74, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 74 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     In response to the allegations in paragraph 76, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 76.

77.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-05337-VC

81.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto admits the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto admits the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 94.

95.     In response to the allegations in paragraph 95, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling, Monsanto otherwise denies the allegations in paragraph 95.

96.     In response to the allegations in paragraph 96, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 96.

97.     In response to the allegations in paragraph 97, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

1    evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

2    denies the remaining allegations in paragraph 97.

3            98.      In response to the allegations in paragraph 98, Monsanto admits that plaintiffs

4    have accurately quoted from one passage in an EPA document in 1991 with respect to the

5    designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

6    does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP

7    reports and the EPA CARC Final Report discussed above, other specific findings of safety

8    include:

9        • "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
           evidence of non-carcinogenicity for humans—based on the lack of convincing
10          evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
           Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
11          http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

12       •  "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
           60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

13
         • "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
14          Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

15       • "There is [an] extensive database available on glyphosate, which indicate[s] that
           glyphosate is not mutagenic, not a carcinogen, and not a developmental or
16          reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
           73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

17
         • "EPA has concluded that glyphosate does not pose a cancer risk to humans."
18          Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be
           codified at 40 C.F.R. pt. 180).

19
         • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible
20          cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body
           of research does not provide evidence to show that [g]lyphosate causes cancer and
21          does not warrant any change in EPA's cancer classification for [g]lyphosate."
           *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder
22          Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th
           Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of
23          Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-
           5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk
24          Statement").

25   Monsanto denies the remaining allegations in paragraph 98.

26           99.      In response to the allegations in paragraph 99, Monsanto admits that it – along

27   with a large number of other companies and governmental agencies – was defrauded by two

28

- 12 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-05337-VC

1    chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

2    testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

3    toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

4    glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

5    studies.  To the extent that the allegations in paragraph 99 are intended to suggest that Monsanto

6    was anything other than a victim of this fraud, such allegations are denied.

7        100.    In response to the allegations in paragraph 100, Monsanto admits that IBT

8    Laboratories was hired to conduct toxicity studies in connection with the registration of a

9    Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

10   based upon any fraudulent or false IBT studies.

11       101.    Monsanto denies the allegations in paragraph 101 to the extent they suggest that

12   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

13   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

14   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

15   connection with services provided to a broad number of private and governmental entities and

16   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

17   one of several pesticide manufacturers who had used IBT test results.  The audit found some

18   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

19   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

20   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

21   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 101 are

22   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

23   denies those allegations.

24       102.    In response to the allegations in paragraph 102, Monsanto admits that three IBT

25   employees were convicted of the charge of fraud, but Monsanto denies that any of the

26   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

27   herbicides.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-05337-VC

103.     In response to the allegations in paragraph 103, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 103.

104.     In response to the allegations in paragraph 104, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 104 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

105.     In response to the allegations in paragraph 105, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 105 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

106.     In response to the allegations in paragraph 106, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

107.     In response to the allegations in paragraph 107, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 107.

108.     Monsanto denies the allegations in paragraph 108.

109.     Monsanto denies the allegations in paragraph 109.

110.     Monsanto denies the allegations in paragraph 110.

111.     Monsanto denies the allegations in paragraph 111.

112.     Monsanto denies the allegations in paragraph 112.

113.     Monsanto denies the allegations in paragraph 113.

1    114.    Monsanto denies the allegations in paragraph 114.

2    115.    Monsanto denies the allegations in paragraph 115.

3    116.    Monsanto admits that plaintiffs purport to bring an action for compensatory

4    damages but denies any liability to plaintiffs.  Monsanto denies the remaining allegations in

5    paragraph 116.

6    117.    Monsanto denies the allegations in paragraph 117.

7    118.    Monsanto denies the allegations in paragraph 118.

8    119.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 119 and therefore denies those allegations.

10    120.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11    truth of the allegations in paragraph 120 and therefore denies those allegations.

12    121.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13    truth of the allegations in the first sentence of paragraph 121 and therefore denies those

14    allegations.  Monsanto denies the remaining allegations in paragraph 121.

15    122.    Monsanto denies the allegations in paragraph 122.

16    123.    Monsanto incorporates by reference its responses to paragraphs 1 through 122 in

17    response to paragraph 123 of plaintiffs' Complaint.

18    124.    Monsanto denies the allegations in paragraph 124.

19    125.    In response to the allegations in paragraph 125, Monsanto admits that it has stated

20    and continues to state that Roundup®-branded products are safe when used as labeled and that

21    they are non-toxic and non-carcinogenic.

22    126.    In response to the allegations in paragraph 126, Monsanto states that the cited

23    document speaks for itself and does not require a response.

24    127.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

25    exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

26    127.  Monsanto states, however, that the scientific studies upon which IARC purported to base

27    its classification were all publicly available before March 2015.

28

1    128.    Monsanto denies the allegations in the first and last sentences of paragraph 128.

2 The remaining allegations in paragraph 128 set forth conclusions of law for which no response is

3 required.  Monsanto states, however, that the scientific studies upon which IARC purported to

4 base its classification were all publicly available before March 2015.

5    129.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

6 and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

7 branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

8 which IARC purported to base its classification were all publicly available before March 2015.

9 The remaining allegations in paragraph 129 set forth conclusions of law for which no response is

10 required, consist of attorney characterizations and are accordingly denied, or comprise

11 allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

12 the truth of the allegations asserted and therefore denies those allegations.

13    130.    Monsanto incorporates by reference its responses to paragraphs 1 through 129 in

14 response to paragraph 130 of plaintiffs' Complaint.

15    131.    The allegations in paragraph 131 set forth conclusions of law for which no

16 response is required.

17    132.    Monsanto denies the allegations in paragraph 132.

18    133.    Monsanto denies the allegations in paragraph 133, including each of its subparts.

19    134.    Monsanto denies the allegations in paragraph 134.

20    135.    Monsanto denies the allegations in paragraph 135.

21    136.    Monsanto denies the allegations in paragraph 136, including each of its subparts.

22    137.    Monsanto denies the allegations in paragraph 137.

23    138.    Monsanto denies the allegations in paragraph 138.

24    139.    Monsanto denies the allegations in paragraph 139.

25    140.    Monsanto denies the allegations in paragraph 140.

26    In response to the "WHEREFORE" paragraph following paragraph 140, Monsanto

27 demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

28 dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

1   fees as allowed by law and such further and additional relief as this Court may deem just and

2   proper.

3          141.    Monsanto incorporates by reference its responses to paragraphs 1 through 140 in

4   response to paragraph 141 of plaintiffs' Complaint.

5          142.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6   truth of the allegations in paragraph 142 and therefore denies those allegations.

7          143.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8   truth of the allegations in paragraph 143 and therefore denies those allegations.

9          144.    Monsanto denies the allegations in paragraph 144.

10          145.    Monsanto denies the allegations in paragraph 145.

11          146.    Monsanto denies the allegations in paragraph 146.

12          147.    Monsanto denies the allegations in paragraph 147, including each of its subparts.

13          148.    Monsanto denies the allegations in paragraph 148.

14          149.    Monsanto denies that Roundup®-branded products have "dangerous

15   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the remaining allegations in paragraph 149 and therefore denies those allegations.

17          150.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18   truth of the allegations in paragraph 150 and therefore denies those allegations.

19          151.    Monsanto denies the allegations in paragraph 151.

20          152.    The allegations in paragraph 152 set forth conclusions of law for which no

21   response is required.

22          153.    Monsanto denies the allegations in paragraph 153.

23          154.    Monsanto denies the allegations in paragraph 154.

24          155.    Monsanto denies the allegations in paragraph 155.

25          156.    Monsanto denies the allegations in paragraph 156.

26          157.    Monsanto denies the allegations in paragraph 157.

27          158.    Monsanto denies the allegations in paragraph 158.

28          159.    Monsanto denies the allegations in paragraph 159.

1    160.    Monsanto denies the allegations in paragraph 160.

2    161.    Monsanto denies the allegations in paragraph 161.

3    162.    Monsanto denies the allegations in paragraph 162.

4    In response to the "WHEREFORE" paragraph following paragraph 162, Monsanto

5    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

6    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

7    fees as allowed by law and such further and additional relief as this Court may deem just and

8    proper.

9    163.    Monsanto incorporates by reference its responses to paragraphs 1 through 162 in

10    response to paragraph 163 of plaintiffs' Complaint.

11    164.    The allegations in paragraph 164 set forth conclusions of law for which no

12    response is required.

13    165.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14    truth of the allegations in paragraph 165 and therefore denies those allegations.

15    166.    Monsanto denies the allegations in paragraph 166.  All labeling of Roundup®-

16    branded products has been and remains EPA-approved and in compliance with all federal

17    requirements under FIFRA.

18    167.    Monsanto denies the allegations in paragraph 167.

19    168.    Monsanto denies the allegations in paragraph 168.  All labeling of Roundup®-

20    branded products has been and remains EPA-approved and in compliance with all federal

21    requirements under FIFRA.

22    169.    Monsanto denies the allegations in paragraph 169.  All labeling of Roundup®-

23    branded products has been and remains EPA-approved and in compliance with all federal

24    requirements under FIFRA.

25    170.    Monsanto denies the allegations in paragraph 170.

26    171.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27    truth of the allegations regarding plaintiff's use history in paragraph 171 and therefore denies

28    those allegations.  Monsanto denies the remaining allegations in paragraph 171.

172.    The allegations in paragraph 172 set forth conclusions of law for which no response is required.

173.    Monsanto denies the allegations in paragraph 173.

174.    Monsanto denies the allegations in paragraph 174.

175.    Monsanto denies the allegations in paragraph 175.

176.    Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 176.

177.    The allegations in paragraph 177 set forth conclusions of law for which no response is required.

178.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations paragraph 178 and therefore denies those allegations.

179.    Monsanto denies the allegations in paragraph 179.

180.    Monsanto denies the allegations in paragraph 180.

181.    Monsanto denies the allegations in paragraph 181.

182.    Monsanto denies the allegations in paragraph 182.

183.    Monsanto denies the allegations in paragraph 183.

In response to the "WHEREFORE" paragraph following paragraph 183, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

184.    Monsanto incorporates by reference its responses to paragraphs 1 through 183 in response to paragraph 184 of plaintiffs' Complaint.

185.    Monsanto denies the allegations in paragraph 185.  Additionally, the allegations in the last sentence in paragraph 185 set forth conclusions of law for which no response is required.

186.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 186 concerning the plaintiff's claimed use of Roundup®-

1   branded products and therefore denies those allegations.  The remaining allegations in paragraph
2   186 set forth conclusions of law for which no response is required.

3        187.    The allegations in paragraph 187 set forth conclusions of law for which no
4   response is required.

5        188.    Monsanto denies the allegations in paragraph 188.

6        189.    The allegation in paragraph 189 regarding a purported implied warranty sets forth
7   a conclusion of law for which no response is required.  Monsanto lacks information or
8   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph
9   189 and therefore denies those allegations.

10        190.    Monsanto lacks information or knowledge sufficient to form a belief as to the
11   truth of the allegations in paragraph 190 concerning the condition of any Roundup®-branded
12   product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore
13   denies the allegations in paragraph 190.

14        191.    Monsanto denies the allegations in paragraph 191.

15        192.    Monsanto denies the allegations in paragraph 192.

16        193.    Monsanto denies the allegations in paragraph 193.

17        In response to the "WHEREFORE" paragraph following paragraph 193, Monsanto
18   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be
19   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's
20   fees as allowed by law and such further and additional relief as this Court may deem just and
21   proper.

22        194.    Monsanto incorporates by reference its responses to paragraphs 1 through 193 in
23   response to paragraph 194 of plaintiffs' Complaint.

24        195.    In response to the allegations in paragraph 195, Monsanto admits that it has
25   manufactured, distributed, advertised, promoted, and sold Roundup®-branded products.

26        196.    Monsanto lacks information or knowledge sufficient to form a belief as to the
27   truth of the allegations in paragraph 196 concerning plaintiff's claimed use of Roundup®-branded
28   products and therefore denies those allegations.  Monsanto admits that it has sold glyphosate

1  based herbicides in accordance with their EPA-approved labeling.  The remaining allegations in

2  paragraph 196 set forth conclusions of law for which no response is required.

3  197.   Monsanto lacks information or knowledge sufficient to form a belief as to the

4  truth of the allegations in paragraph 197 concerning plaintiff's foreseeable use of Roundup®-

5  branded products and therefore denies those allegations.  The remaining allegations in paragraph

6  197 set forth conclusions of law for which no response is required.

7  198.   Monsanto lacks information or knowledge sufficient to form a belief as to the

8  truth of the allegations in paragraph 198 and therefore denies those allegations.

9  199.   Monsanto lacks information or knowledge sufficient to form a belief as to the

10  truth of the allegations in paragraph 199 and therefore denies those allegations.

11  200.   The allegations in paragraph 200 set forth conclusions of law for which no

12  response is required.

13  201.   The allegations in paragraph 201 set forth conclusions of law for which no

14  response is required.

15  202.   Monsanto denies the allegations in paragraph 202.

16  203.   Monsanto denies the allegations in paragraph 203.

17  204.   Monsanto denies the allegations in paragraph 204.

18  205.   Monsanto denies the allegations in paragraph 205.

19  206.   Monsanto lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations in paragraph 206 regarding plaintiffs' reliance and therefore denies those

21  allegations.  Monsanto denies the remaining allegations in paragraph 206.

22  207.   Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 207 regarding reliance by plaintiffs and others and therefore

24  denies those allegations.  Monsanto denies the remaining allegations in paragraph 207.

25  208.   Monsanto denies the allegations in paragraph 208.

26  209.   Monsanto denies the allegations in paragraph 209.

27  210.   Monsanto denies the allegations in paragraph 210.

28  211.   Monsanto denies the allegations in paragraph 211.

212.    Monsanto denies the allegations in paragraph 212.

In response to the allegations in the "WHEREFORE" paragraph following paragraph 212, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

213.    Monsanto incorporates by reference its responses to paragraphs 1 through 212 in response to paragraph 213 of plaintiffs' Complaint.

214.    Monsanto admits that plaintiff purports to bring a claim for loss of consortium but denies any liability as to that claim.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 214 and therefore denies those allegations.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.    Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions

1    and instructions, in accordance with the state of the art and the state of scientific and

2    technological knowledge.

3         5.    Plaintiffs' claims are barred, in whole or in part, because the products at issue

4    were not defective or unreasonably dangerous in that they complied with, at all relevant times,

5    all applicable government safety standards.

6         6.    Any claims based on allegations that Monsanto misled, defrauded, made

7    misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See,*

8    *e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

9    *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

10        7.    Plaintiffs' claims are preempted, in whole or in part, by applicable federal law

11   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

12   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

13        8.    Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA

14   findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

15   product labeling.

16        9.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary

17   jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

18        10.   Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if

19   any, were the result of conduct of plaintiffs,  independent third parties, and/or events that were

20   extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

21   independent, intervening and superseding causes of the alleged injuries, including but not limited

22   to plaintiff's pre-existing medical conditions.

23        11.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j

24   and k, bar plaintiffs' claims against Monsanto in whole or in part.

25        12.   Applicable statutes of limitations and/or repose,  or prescriptive periods bar

26   plaintiffs' claims in whole or in part.

27        13.   Plaintiff's misuse or abnormal use of the product or failure to follow instructions

28   bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiffs' claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, Louisiana Constitution and/or other applicable state constitutions.

19.     Plaintiffs' claims for punitive damages are barred because plaintiffs have failed to allege conduct warranting imposition of punitive damages under Louisiana law, and/or other applicable state laws.

20.     Plaintiffs' claims for punitive damages are barred and/or limited by operation of state and/or federal law, including La. Rev. Stat. § 9:2800.52, *et seq.*

21.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

22.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

23.     Plaintiffs' common law claims are barred, in whole or part, by application of La. Rev. Stat. Ann. § 9:2800.51 *et seq.*

24.     This case is governed by the exclusive provisions of the Louisiana Products Liability Act (La. R.S. 9:2800.51, et seq.) ("LPLA").  Any theories of recovery that fall outside of the LPLA's provisions are therefore subject to dismissal.

25.     Monsanto affirmatively pleads the applicability of the LPLA and specifically avers that plaintiffs are not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

26.     Monsanto specifically avers that the product possessed no characteristic that rendered it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA (La. R.S. 9:2800.54).

27.     Monsanto asserts all allowable defenses under the LPLA, La. R.S. 9:2800.51, et seq., including but not limited to the applicability of La. R.S. 9:2800.59(A)(1), (2), (3), and (B).

28.     Should plaintiff recover under any claims under the LPLA, a recovery of attorney's fees for plaintiff is barred under the provisions of that statute.

29.     Monsanto has no liability to plaintiff under any theory of redhibition to the extent that plaintiff failed to tender any product allegedly sold by Monsanto that allegedly contained a redhibitory defect and has not made an amicable demand upon Monsanto.

30.     Monsanto has no liability to plaintiff under any theory of redhibition to the extent that plaintiff has waived plaintiff's redhibition rights.

31.     To the extent plaintiffs' claims are based on conduct that pre-dates 1996, Louisiana's comparative negligence regime may not apply, and plaintiffs' claims may be barred by contributory negligence.

32.     Plaintiff's claims for punitive damages are barred under Louisiana Civil Code Article 3546.

33.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

### JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  September 30, 2019                    Respectfully submitted,


/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-05337-VC