

2001 M STREET, NW
10th Floor
WASHINGTON, DC 20036

WWW.WILKINSONWALSH.COM
—
A LIMITED LIABILITY PARTNERSHIP

October 1, 2019

**VIA ECF**

Hon. Vince Chhabria
San Francisco Courthouse, Courtroom 4
450 Golden Gate Avenue
San Francisco, CA 94102

>  Re:   *In re Roundup Prods. Liab. Litig.*, No. 16-md-02741-VC; *Giglio v. Monsanto*, No. 16-cv-5658

Dear Judge Chhabria:

Pursuant to PTO 150 and the Court's instructions at the July 18, 2019 teleconference (*see* Docket Entry 4604), Monsanto hereby provides notice of its intent to file the following motions in the *Giglio* case:

- Monsanto intends to renew and preserve the general summary judgment motions it made in the *Hardeman* case, including by supplementing the record with scientific and regulatory developments that have occurred since the Court denied Monsanto's motions. Given this Court's prior statements that it will not revisit prior rulings and its warnings to Monsanto not to seek to relitigate prior rulings, Monsanto understands that the Court's prior decisions will control this Court's disposition with respect to Monsanto's renewed motions.

- Monsanto intends to renew and preserve its general and specific causation *Daubert* motions. Given this Court's prior statements that it will not revisit prior rulings and its warnings to Monsanto not to seek to relitigate prior rulings, Monsanto understands that the Court's prior decisions will control this Court's disposition with respect to Monsanto's renewed motions.

- However, Monsanto also intends to file updated motions with respect to three of plaintiff's experts: Dr. Charles Benbrook, Dr. Charles Jameson, and Dr. William Sawyer. Monsanto's prior motions with respect to Drs. Benbrook and Sawyer were never fully adjudicated, although the Court significantly limited the scope of Dr. Benbrook's testimony based on Plaintiff's proffer regarding the opinions he would have provided if called. And although Dr. Jameson was part of the general causation *Daubert* phase, the scope of his purported testimony continues to change as Plaintiff seeks to call him both as a disclosed expert (although without an expert report) and a fact witness regarding

IARC. Monsanto notes that the filing of these three motions provides further support for its request that the *Giglio* matter be moved to the Wave 1 track (*see* Docket Entry 6126) because all three experts will be disclosed in most, if not all, of the Wave 1 cases and these motions will therefore impact those cases equally. Monsanto maintains that such issues should be addressed at one time on the Wave 1 track.

While Monsanto does not intend to file expert-specific *Daubert* motions with respect to Plaintiff's other experts, including Drs. Nabhan, Portier, Ritz and Weisenburger, Plaintiff's Rule 26 disclosures and the experts' reports are broad and vague with respect to the proposed, overall scope of their testimony. For example, in Plaintiff's Rule 26 disclosures, they incorporate by reference each of the expert's prior expert reports and testimony. Monsanto's understanding is that Plaintiff must abide by the Court's prior rulings regarding the scope of testimony that can be offered by Plaintiff's experts and its decision not to file individual motions is based on such understanding.

Finally, in order to ensure that Monsanto is meeting the Court's instructions, but also preserving its appellate rights in each case, Monsanto requests a short telephonic conference to discuss with the Court how best to preserve prior arguments that have previously been made by Monsanto in the summary judgment and *Daubert* contexts in the upcoming cases. Should the Court require Monsanto to file its briefs in *Giglio* by the current deadline of October 7, Monsanto requests that the conference be held this week in advance of the deadline. Should the Court grant Monsanto's request to move *Giglio* to the Wave 1 track, Monsanto requests that the conference be held sufficiently in advance of the briefing deadline for Wave 1 briefs, which is November 26, 2019.

Respectfully submitted,

/s/ Brian L. Stekloff_____

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Tamarra Matthews Johnson (*pro hac vice*)
(tmatthewsjohnson@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

Cc: Counsel of Record (via ECF)

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 1st day of October 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

                    /s/ Brian L. Stekloff_____