UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This Document Relates To: *Dalby v. Monsanto Co.*, 19-cv-05925<br>*Lockwood v. Monsanto Co.*, 19-cv-05931<br>*Wise v. Monsanto Co.*, 19-cv-05942<br>*Franco v. Monsanto Co.*, 19-cv-05940 | **PLAINTIFFS' RESPONSE TO PRETRIAL ORDER NO. 179: ORDER TO SHOW CAUSE** |

**DANIEL. C. BURKE**, attorney for Plaintiffs in the above-captioned matters, respectfully responds to this Honorable Court's Pretrial Order 179: Order to Show Cause, entered on October 1, 2019, as follows:

1.  I am a partner in the law firm of Bernstein Liebhard LLP, and an attorney duly admitted to practice law before the Courts of the State of New York as well as the United States District Courts, in and for the Eastern, Southern and Northern District of New York. I appear before this Court pursuant to Pretrial Order No. 1 [Doc. No. 2], admitting attorneys admitted to any United States District Court in good standing *pro hac vice* in this MDL. *Id.* at ¶6.

2.  As the Court will recall, similar to the above-captioned cases subject to the instant Order to Show Cause, Bernstein Liebhard LLP filed a multi-plaintiff Complaint, including one plaintiff from California and well several other plaintiffs from different states, on or about June 17, 2019 in *Jimenez v. Monsanto Co.*, No. 2:19-cv-3438-VC [Doc. No. 1].

3.  Thereafter, on or about July 3, 2019, the Court entered Pretrial Order No. 155: Severance Order for Multi-Plaintiff Complaints [hereinafter "PTO 155"] [Doc. No. 4454], which directed, *inter alia*, that complaints in the MDL filed on behalf of multiple plaintiffs (including

the *Jimenez* Complaint, *supra*.), be severed into individual complaints for pretrial purposes. It further detailed a process whereby the parties would "file a joint stipulation dismissing those plaintiffs [other than the lead plaintiff] from the original case" and directed that plaintiffs "e-file a new individual case with a Short Form Complaint with [PTO 155] attached as an exhibit." PTO 155 at ¶6.

4. Thereafter, on or about July 31, 2019 similar to the above-captioned cases subject to the instant Order to Show Cause, Bernstein Liebhard LLP filed another multi-plaintiff Complaint, including one plaintiff from California and several other plaintiffs from different states in *Doyle v. Monsanto Co.*, No. 3:19-cv-4371-VC [Doc. No. 1].

5. On or about September 13, 2019, pursuant to PTO 155, the parties filed a joint stipulation of dismissal for the plaintiffs other than the lead plaintiff in *Jimenez* [Doc. No. 5] and previously, on or about August 14 and 15, 2019, plaintiffs re-filed the matters by e-filing Short Form Complaints for each of the dismissed plaintiffs in compliance with the strictures of PTO 155.

6. Importantly, although the *Doyle* matter was filed **after** entry of PTO 155, this Honorable Court did **not** issue an Order to Show Cause as it did herein. Following the filing of the *Doyle* matter, and on or about September 13, 2019 the parties followed the same procedures they did in *Jimenez*. The parties filed a joint stipulation of dismissal for the plaintiffs other than the lead plaintiff in *Doyle* [Doc. No. 6] and thereafter, on the same day, on or about September 13, 2019, plaintiffs re-filed the matters by e-filing Short Form Complaints for each of the dismissed plaintiffs in compliance with the strictures of PTO 155.

7. Thereafter, on or about September 23 and 24, 2019, Bernstein Liebhard LLP filed the four (4) additional multi-plaintiff complaints (*Dalby v. Monsanto Co.*, 19-cv-5925; *Lockwood*

*Fleischer v. Monsanto Co.*, 19-cv-5931; *Franco v. Monsanto Co.*, 19-cv-5940; and *Wise v. Monsanto Co.*, 19-cv-5942) that are the subject of the instant Order to Show Cause.

8. It is respectfully submitted that the undersigned counsel did not intentionally run afoul of either this Honorable Court's Orders or the Federal Rules of Civil Procedure.[1] Plaintiffs herein proceeded as they did with the understanding that the Court would deal with the Plaintiffs in the newly filed matters in the same manner as the plaintiffs in *Jimenez* and *Doyle, supra*. Undersigned counsel expected that the Court would order that the parties follow the process outlined in PTO 155, *i.e.*, directing that the parties stipulate to dismiss without prejudice all claims other than those of the lead plaintiffs, and re-file the remaining matters by filing Short Form Complaints for each of the dismissed plaintiffs, and of course paying the requisite filing fee. Plaintiffs' conduct herein, following the entry of PTO 155, was guided by how the *Doyle* plaintiffs were permitted to proceed.

9. The course pursued by Plaintiffs herein was further directed by the language of PTO 155 noting that beginning in August 2019 for all multi-plaintiff cases transferred to the MDL in the preceding month, the parties would follow the dismissal and refiling processes set forth in PTO 155, ¶6. *Id.* at ¶8. Plaintiffs herein are mindful that this provision of PTO 155 dealt with transferred cases versus cases originally filed in the Northern District of California, however, further guided by how the multi-plaintiff issues were dealt with in *Jimenez* and *Doyle*, elected to proceed as they did here.

10. Plaintiffs' intention was to streamline the proceedings per the procedures set forth in PTO 155, not multiply them. Because neither the Defendants nor the Court objected to our filing of a similar multi-plaintiff complaint in the *Doyle* matter subsequent to the entry of PTO

---

[1] Plaintiffs' statement that venue was proper pursuant to 28 U.S.C. § 1391(b)(2) and belief that there existed personal jurisdiction was contemplated to apply to the lead plaintiff in the Complaint who the undersigned understood would be the only Plaintiff remaining after severance and dismissal.

155, Plaintiffs herein assumed they had the Court's tacit approval to do so here as well. The undersigned apologizes profusely to the Court for proceeding in a manner not acceptable to it, and for the foregoing reasons, respectfully requests that the Court not impose sanctions.

11.   Plaintiffs will promptly comply with the strictures of PTO 155 as they did in *Jimenez* and *Doyle*, or proceed to cure in any other fashion as may be directed by the Court.

**WHEREFORE**, for the foregoing reasons it is respectfully requested that this Honorable Court decline to impose sanctions on Plaintiffs or their counsel, and enter an Order directing that Plaintiffs herein comply with PTO 155 along with such other, further and different relief the Court may deem just and proper.

Dated: New York, New York
       October 8, 2019

_____
Daniel C. Burke

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2019 the foregoing document was electronically filed with the Clerk of the U.S. District Court, Northern District of California through the CM/ECF system, which will send notification of such filing to all parties.

/s/ Daniel C. Burke
**Bernstein Liebhard LLP**
10 East 40th Street
New York, New York 10016
dburke@bernlieb.com
Phone: (212) 779-1414
Fax: (212) 779-3218
*Attorney for Plaintiffs*
