**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Charlotte Cobb v. Monsanto Co.*,<br>Case No. 3:19-cv-05659-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Charlotte Cobb's First Amended Complaint For Damages ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.1     Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.1.

1.2     Monsanto denies the allegations in paragraph 1.2.

1.3     Monsanto denies the allegations in paragraph 1.3.

2.1     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2.1 that plaintiff purchased Roundup®-branded products in Florida and therefore denies those allegations.  The remaining allegations in paragraph 2.1 set forth conclusions of law for which no response is required.

2.2     In response to the allegations in the first sentence of paragraph 2.2, Monsanto admits that it sells Roundup®-branded products in Florida.  The final sentence in paragraph 2.2 sets forth conclusions of law for which no response is required.  The remaining allegations in paragraph 2.2 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

2.3     The allegations in paragraph 2.3 set forth conclusions of law for which no response is required.  To the extent that a response is required, Monsanto admits the allegations in paragraph 2.3 based upon the allegations in plaintiff's Complaint.

2.4     The allegations in paragraph 2.4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits that venue is proper in the Middle District of Florida based upon the allegations in plaintiff's Complaint.

3.1     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 3.1 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 3.1.

3.2     Monsanto admits the allegations in paragraph 3.2.

4.1     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 4.1 set forth conclusions of law for which no response is required.

4.2     Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in paragraph 4.2.

4.3     The allegations in paragraph 4.3 comprise attorney characterizations and are

1 accordingly denied.

2      4.4    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

3 The remaining allegations in paragraph 4.4 comprise attorney characterizations and are

4 accordingly denied.

5      4.5    Monsanto lacks information or knowledge sufficient to form a belief as to the

6 truth of the allegations regarding plaintiff use of Roundup. The remaining allegations in

7 paragraph 4.5 are denied.

8      5.1    The allegations in paragraph 5.1 set forth conclusions of law for which no

9 response is required.

10      5.2    Monsanto admits that Roundup®-branded products are registered by EPA for

11 manufacture, sale and distribution and are registered by the State of Florida for sale and

12 distribution.

13      6.1    In response to the allegations in paragraph 6.11, Monsanto admits it entered into

14 an assurance of discontinuance with the New York Attorney General.  The assurance speaks for

15 itself and thus does not require any further answer.  The remaining allegations in paragraph 6.1

16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17      6.1.1    Monsanto denies the allegations in paragraph 6.1.1.

18      6.1.2    Monsanto denies the allegations in paragraph 6.1.2.

19      6.1.3    Monsanto denies the allegations in paragraph 6.1.3.

20      6.1.4    Monsanto denies the allegations in paragraph 6.1.4.

21      6.1.5    Monsanto denies the allegations in paragraph 6.1.5.

22      6.1.6    Monsanto denies the allegations in paragraph 6.1.6.

23      6.2    Monsanto denies the allegations in paragraph 6.2.

24      6.3    In response to the allegations in paragraph 6.3, Monsanto admits that the French

25 court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

26 that it "left the soil clean," but denies the allegations in paragraph 6.3 to the extent that they

27 suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

28 cancer.  Monsanto denies the remaining allegations in paragraph 6.3.

7.1     Monsanto denies the allegations in paragraph 7.1.

7.2     In response to the allegations in paragraph 7.2, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 7.2 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.2 and therefore denies those allegations.

7.3     Monsanto admits the allegations in paragraph 7.3.

7.4     In response to the allegations in paragraph 7.4, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 7.4 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.4 and therefore denies those allegations.

7.5     Monsanto states that the term "toxic" as used in paragraph 7.5 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 7.5.

7.6     Monsanto admits the allegations in the first sentence of paragraph paragraph 7.6. In response to the remaining allegations in paragraph 7.6, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, Monsanto denies the remaining allegations in paragraph 7.6

7.7     In response to the allegations in paragraph 7.7, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 7.7 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 7.7.

7.8     In response to the allegations in paragraph 7.8, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 7.8.

7.9     In response to the allegations in paragraph 7.9, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 7.9

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05659-VC

1  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

2  paragraph 7.9.

3     7.10    Monsanto denies the allegations in paragraph 7.10.

4     7.11    In response to the allegations in paragraph 7.11, Monsanto states that the cited

5  document speaks for itself and does not require a response.  To the extent that paragraph 7.11

6  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

7  paragraph 7.11.

8     7.12    In response to the allegations in paragraph 7.12, Monsanto states that the cited

9  document speaks for itself and does not require a response.  To the extent that paragraph 7.12

10  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

11  paragraph 7.12.

12     7.13    In response to the allegations in paragraph 7.13, Monsanto states that the cited the

13  document speaks for itself and does not require a response.  To the extent that the allegations in

14  paragraph 7.13 go beyond a restatement of the cited document, Monsanto lacks information or

15  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

16  7.13 and therefore denies those allegations.

17     7.14    Monsanto denies the allegation that the cited studies support the allegation that

18  glyphosate or Roundup®-branded products pose any risk to human health and denies the

19  remaining allegations in paragraph 7.14.

20     7.15    Monsanto denies the allegations in paragraph 7.15.

21     7.16    Monsanto denies the allegations in paragraph 7.16.

22     7.17    Monsanto denies the allegations in paragraph 7.17.

23     7.18    Monsanto denies the allegations in paragraph 7.18.

24     7.19    Monsanto admits that it has in the past promoted, and continues to promote,

25  Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

26  Monsanto denies the remaining allegations in paragraph 7.19.

27     8.1    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

28  carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

1   evidence was "cumulative."  The remaining allegations in paragraph 8.1 are vague and

2   conclusory and comprise attorney characterizations and are accordingly denied.

3         8.2   In response to the allegations in paragraph 8.2, Monsanto states that the document

4   speaks for itself and does not require a response.  To the extent that a response is deemed

5   required, the allegations in paragraph 8.2 comprise attorney characterizations and are

6   accordingly denied.

7         8.3   Monsanto denies the allegations in paragraph 8.3.  The IARC working group

8   concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

9   which, per IARC's guidelines, means that the working group could not rule out chance, bias or

10   confounding so as to reach any conclusion of an increased risk.

11         9.1   Monsanto denies the allegations in paragraph 9.1.

12         9.2   Monsanto admits the allegations in paragraph 9.2.

13         9.3   In response to the allegations in paragraph 9.3, Monsanto states that the cited

14   document speaks for itself and does not require a response.  To the extent that paragraph 9.3

15   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

16   paragraph 9.3.

17         9.4   In response to the allegations in paragraph 9.4, Monsanto admits that certain

18   studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

19   under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

20   evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

21   animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

22   paragraph 9.4.

23         9.5   The allegations in paragraph 9.5 are vague and ambiguous and are accordingly

24   denied.

25         9.6   In response to the allegations in paragraph 9.6, Monsanto states that the cited

26   document speaks for itself and does not require a response.

27         9.7   In response to the allegations in paragraph 9.7, Monsanto states that the cited

28   document speaks for itself and does not require a response.  To the extent that paragraph 9.7

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 9.7.

9.8    Monsanto denies the allegations in paragraph 9.8.

9.9    In response to the allegations in paragraph 9.9, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 9.9.

9.10    Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 9.10.

9.11    Monsanto denies the allegations in paragraph 9.11.

9.12    Monsanto denies the allegations in paragraph 9.12.

9.13    Monsanto denies the allegations in paragraph 9.13.

9.14    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 9.14.

9.15    Monsanto denies the allegations in paragraph 9.15.

9.16    Monsanto denies the allegations in paragraph 9.16.

9.17    Monsanto admits the allegations in paragraph 9.17.

9.18    Monsanto denies the allegations in paragraph 9.18.

9.19    Monsanto admits the allegations in paragraph 9.19.

9.20    Monsanto denies the allegations in paragraph 9.20.

9.21    Monsanto denies the allegations in paragraph 9.21.

9.22    Monsanto denies the allegations in paragraph 9.22.

9.23    Monsanto denies the allegations in paragraph 9.23.

9.24    Monsanto denies the allegations in paragraph 9.24.

9.25    Monsanto denies the allegations in paragraph 9.25.

9.26    Monsanto denies the allegations in paragraph 9.26.

9.27    Monsanto admits that independent experts and regulatory agencies agree that

1  there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

2  products and admits that it has made statements reflecting this fact.  Monsanto denies the

3  remaining allegations in paragraph 9.27.

4       9.28     In response to the allegations in paragraph 9.28, Monsanto admits that Roundup®-

5  branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

6  the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

7  9.28.

8       10.1     In response to the allegations in paragraph 10.1, Monsanto admits that an EPA

9  review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

10  denies the remaining allegations in paragraph 10.1.

11       10.2     In response to the allegations in paragraph 10.2, Monsanto admits that EPA

12  changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

13  evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

14  denies the remaining allegations in paragraph 10.2.

15       10.3     In response to the allegations in paragraph 10.3, Monsanto admits that plaintiff

16  has accurately quoted from one passage in an EPA document in 1991 with respect to the

17  designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

18  does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP

19  reports and the EPA CARC Final Report discussed above, other specific findings of safety

20  include:

21  - "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that

22     shows evidence of non-carcinogenicity for humans—based on the lack of convincing

23     evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

24  - "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.

25     60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

26  - "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

27

28  - "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or

- 8 -

reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 10.3.

10.4     In response to the allegations in paragraph 10.4, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies. To the extent that the allegations in paragraph 10.4 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

10.5     In response to the allegations in paragraph 10.5, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

10.6     Monsanto denies the allegations in paragraph 10.6 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 10.6 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

10.7     In response to the allegations in paragraph 10.7, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

10.8     In response to the allegations in paragraph 10.8, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 10.8.

10.9     In response to the allegations in paragraph 10.9, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 10.9 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

10.10   In response to the allegations in paragraph 10.10, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 10.10 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

11.1     In response to the allegations in paragraph 11.1, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and

1    that they are non-carcinogenic and non-genotoxic.

2          11.2    In response to the allegations in paragraph 11.2, Monsanto admits that a 1986

3    joint report of the World Health Organization and Food and Agriculture Organization of the

4    United Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

5    Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

6    Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

7    carcinogen.  Monsanto denies the remaining allegations in paragraph 11.2.

8          11.3    Monsanto denies the allegations in paragraph 11.3.

9          11.4    Monsanto denies the allegations in paragraph 11.4.

10         11.5    Monsanto denies the allegations in paragraph 11.5.

11         11.6    Monsanto denies the allegations in paragraph 11.6.

12         11.7    Monsanto denies the allegations in paragraph 11.7.

13         11.8    Monsanto denies the allegations in paragraph 11.8.

14         11.9    Monsanto denies the allegations in paragraph 11.9.

15         11.10   Monsanto denies the allegations in paragraph 11.10.

16         11.11   Monsanto denies the allegations in paragraph 11.11.

17         11.12   Monsanto denies the allegations in paragraph 11.12.

18         11.13   Monsanto denies the allegations in paragraph 11.13.

19         12.1    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 12.1 and therefore denies those allegations.

21         12.2    Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 12.2 and therefore denies those allegations.

23         12.3    Monsanto lacks information or knowledge sufficient to form a belief as to the

24   truth of the allegations in paragraph 12.3 and therefore denies those allegations.

25         12.4    Monsanto denies the allegations in paragraph 12.4.

26         12.5    Monsanto denies that any exposure to Roundup®-branded products can cause

27   NHL and other serious illnesses and therefore denies those allegations in paragraph 12.5.

28   Monsanto states, however, that the scientific studies upon which IARC purported to base its

1    evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks

2    information or knowledge sufficient to form a belief as to the truth of the remaining allegations

3    in paragraph 12.5 and therefore denies those allegations.

4         12.6     Monsanto denies that any exposure to Roundup®-branded products can cause

5    NHL and other serious illnesses and therefore denies the allegations in paragraph 12.6.

6    Monsanto states, however, that the scientific studies upon which IARC purported to base its

7    evaluation of glyphosate were all publicly available before March 2015.

8         13.1.1  In response to the allegations in paragraph 13.1.1, Monsanto denies that there is

9    any risk of serious illness associated with the use of and/or exposure to Roundup®-branded

10   products and glyphosate and denies that glyphosate is injurious to human health.  Monsanto

11   states, however, that the scientific studies upon which IARC purported to base its classification

12   were all publicly available before March 2015.  The final sentence of paragraph 13.1.1 sets forth

13   a conclusion of law for which no response is required.

14        13.1.2  In response to the allegations in paragraph 13.1.2, Monsanto denies that exposure

15   to Roundup®-branded products and glyphosate is injurious to human health.  Monsanto states,

16   however, that the scientific studies upon which IARC purported to base its cancer classification

17   for glyphosate were all publicly available before March 2015.  The remaining allegations in

18   paragraph 13.1.2 set forth conclusions of law for which no response is required.

19        13.1.3  In response to the allegations in paragraph 13.1.3, Monsanto denies that there is

20   any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-

21   branded products and glyphosate.  Monsanto states, however, that the scientific studies upon

22   which IARC purported to base its cancer classification for glyphosate were all publicly available

23   before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to

24   the truth of the remaining allegations in paragraph 13.1.3 and therefore denies those allegations.

25        13.1.4  The allegations in paragraph 13.1.4 set forth conclusions of law for which no

26   response is required.

27        13.2.1  Monsanto denies the allegations in paragraph 13.2.1.

28        13.2.2  Monsanto denies the allegations in paragraph 13.2.2.

1      13.3.1  The allegations in paragraph 13.3.1 set forth conclusions of law for which no

2   response is required.

3      13.3.2  Monsanto denies the allegations in paragraph 13.3.2.

4      13.3.3  The allegations in paragraph 13.3.3 set forth conclusions of law for which no

5   response is required.

6      14.1     The allegations in paragraph 14.1 set forth conclusions of law for which no

7   response is required.

8      14.2     Monsanto denies the allegations in paragraph 14.2.

9      14.3     Monsanto denies the allegations in paragraph 14.3, including each of its subparts.

10      14.3.1  Monsanto denies the allegations in paragraph 14.3.1.

11      14.3.2  Monsanto denies the allegations in paragraph 14.3.2.

12      14.3.3  Monsanto denies the allegations in paragraph 14.3.3.

13      14.3.4  Monsanto denies the allegations in paragraph 14.3.4.

14      14.3.5  Monsanto denies the allegations in paragraph 14.3.5.

15      14.3.6  Monsanto denies the allegations in paragraph 14.3.6.

16      14.3.7  Monsanto denies the allegations in paragraph 14.3.7.

17      14.3.8  Monsanto denies the allegations in 14.3.8.

18      14.3.9  Monsanto denies the allegations in 14.3.9.

19      14.3.10          Monsanto denies the allegations in paragraph 14.3.10

20      14.3.11          Monsanto denies the allegations in paragraph 14.3.11.

21      14.3.12          Monsanto denies the allegations in paragraph 14.3.12.

22      14.3.13          Monsanto denies the allegations in paragraph 14.3.13.

23      14.3.14          Monsanto denies the allegations in paragraph 14.3.14.

24      14.3.15          Monsanto denies the allegations in paragraph 14.3.15.

25      14.3.16          Monsanto denies the allegations in paragraph 14.3.16.

26      14.3.17          Monsanto denies the allegations in paragraph 14.3.17.

27      14.3.18          Monsanto denies the allegations in paragraph 14.3.18.

28      14.4     Monsanto denies the allegations in paragraph 14.4.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05659-VC

14.5     Monsanto denies the allegations in paragraph 14.5.

14.6     Monsanto denies the allegations in paragraph 14.6, including each of its subparts.

14.6.1  Monsanto denies the allegations in paragraph 14.6.1.

14.6.2  Monsanto denies the allegations in paragraph 14.6.2.

14.6.3  Monsanto denies the allegations in paragraph 14.6.3.

14.6.4  Monsanto denies the allegations in paragraph 14.6.4.

14.6.5  Monsanto denies the allegations in paragraph 14.6.5.

14.6.6  Monsanto denies the allegations in paragraph 14.6.6.

14.6.7  Monsanto denies the allegations in paragraph 14.6.7.

14.6.8  Monsanto denies the allegations in paragraph 14.6.8.

14.6.9  Monsanto denies the allegations in paragraph 14.6.9.

14.7     Monsanto denies the allegations in paragraph 14.7.

14.8     Monsanto denies the allegations in paragraph 14.8.

14.9     Monsanto denies the allegations in paragraph 14.9.

14.10   Monsanto denies the allegations in paragraph 14.10.

In response to the "WHEREFORE" paragraph following paragraph 14.10, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

15.1     In response to the allegations in paragraph 15.1, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 15.1.

15.2     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15.1 and therefore denies those allegations.

15.3     Monsanto denies the allegations in paragraph 15.3.

15.4     Monsanto denies the allegations in paragraph 15.4.

- 14 -

1    15.5    Monsanto denies the allegations in paragraph 15.5.

2    15.6    Monsanto denies the allegations in paragraph 15.6, including each of its subparts.

3    15.6.1  Monsanto denies the allegations in paragraph 15.6.1.

4    15.6.2  Monsanto denies the allegations in paragraph 15.6.2.

5    15.6.3  Monsanto denies the allegations in paragraph 15.6.3.

6    15.6.4  Monsanto denies the allegations in paragraph 15.6.4.

7    15.6.5  Monsanto denies the allegations in paragraph 15.5.5.

8    15.6.6  Monsanto denies the allegations in paragraph 15.6.6.

9    15.6.7  Monsanto denies the allegations in paragraph 15.6.7.

10   15.7    Monsanto denies the allegations in paragraph 15.7.

11   15.8    Monsanto denies that Roundup®-branded products have "dangerous

12   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

13   truth of the remaining allegations in paragraph 15.8 and therefore denies those allegations.

14   15.9    Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations in paragraph 15.9 and therefore denies those allegations.

16   15.10   Monsanto denies the allegations in paragraph 15.10.

17   15.11   The allegations in paragraph 15.11 set forth conclusions of law for which no

18   response is required.

19   15.12   Monsanto denies the allegations in paragraph 15.12.

20   15.13   Monsanto denies the allegations in paragraph 15.13.

21   15.14   Monsanto denies the allegations in paragraph 15.14.

22   15.15   Monsanto denies the allegations in paragraph 15.15.

23   15.16   Monsanto denies the allegations in paragraph 15.16.

24   15.17   Monsanto denies the allegations in paragraph 15.17.

25   15.18   Monsanto denies the allegations in paragraph 15.18.

26   15.19   Monsanto denies the allegations in paragraph 15.19.

27   15.20   Monsanto denies the allegations in paragraph 15.20.

28   15.21   Monsanto denies the allegations in paragraph 15.21.

In response to the "WHEREFORE" paragraph following paragraph 15.21, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

16.1    The allegations in paragraph 16.1 set forth conclusions of law for which no response is required.

16.2    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16.2 and therefore denies those allegations.

16.3    Monsanto denies the allegations in paragraph 16.3.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

16.4    Monsanto denies the allegations in paragraph 16.4.

16.5    Monsanto denies the allegations in paragraph 16.5.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

16.6    Monsanto denies the allegations in paragraph 16.6.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA and with Florida law.

16.7    Monsanto denies the allegations in paragraph 16.7.

16.8    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 16.8 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 16.8.

16.9    The allegations in paragraph 16.9 set forth conclusions of law for which no response is required.

16.10   Monsanto denies the allegations in paragraph 16.10.

16.11   Monsanto denies the allegations in paragraph 16.11.

16.12   Monsanto denies the allegations in paragraph 16.12.

16.13   Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 16.13.

16.14   The allegations in paragraph 16.14 set forth conclusions of law for which no response is required.

16.15   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16.15 and therefore denies those allegations.

16.16   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16.16 regarding plaintiff's actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 16.16.

16.17   Monsanto denies the allegations in paragraph 16.17.

16.18   Monsanto denies the allegations in paragraph 16.18.

16.19   Monsanto denies the allegations in paragraph 16.19.

16.20   Monsanto denies the allegations in paragraph 16.20.

In response to the "WHEREFORE" paragraph following paragraph 16.20, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

17.1    Monsanto denies the allegations in paragraph 17.1.

17.2    In response to the allegations in paragraph 17.2, Monsanto admits that it has sold Roundup®-branded products in accordance with their EPA-approved labeling.  The allegations in paragraph 17.2 regarding express and implied warranties set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 17.2.

17.3    Monsanto denies the allegations in the first and second sentence of paragraph 17.3.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence of paragraph 17.3 sets forth conclusions of law for which no response is required.

17.4    The allegations in paragraph 17.4 set forth conclusions of law for which no

1 | response is required.

2 |    17.5    Monsanto denies the allegations in paragraph 17.5.

3 |    17.6    Monsanto denies the allegations in paragraph 17.6 and each of its subparts.

4 |    17.6.1  Monsanto denies the allegations in paragraph 17.6.1.

5 |    17.6.2  Monsanto denies the allegations in paragraph 17.6.2.

6 |    17.7    Monsanto lacks information or knowledge sufficient to form a belief as to the

7 | truth of the allegations in paragraph 17.7 and therefore denies those allegations.

8 |    17.8    Monsanto lacks information or knowledge sufficient to form a belief as to the

9 | truth of the allegations in paragraph 17.8 regarding plaintiff's knowledge and therefore denies

10 | those allegations.  Monsanto denies the remaining allegations in paragraph 17.8.

11 |    17.9    Monsanto lacks information or knowledge sufficient to form a belief as to the

12 | truth of the allegations in paragraph 17.9 regarding plaintiff's knowledge and therefore denies

13 | those allegations.  Monsanto denies the remaining allegations in paragraph 17.9.

14 |    17.10   Monsanto lacks information or knowledge sufficient to form a belief as to the

15 | truth of the allegations in paragraph 17.10 and therefore denies those allegations.

16 |    17.11   Monsanto denies the allegations in paragraph 17.11.

17 |    17.12   Monsanto denies the allegations in paragraph 17.12.

18 |    In response to the "WHEREFORE" paragraph following paragraph 17.12, Monsanto

19 | demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

20 | dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

21 | fees as allowed by law and such further and additional relief as this Court may deem just and

22 | proper.

23 |    18.1    Monsanto denies the allegations in paragraph 18.1.

24 |    18.2    Monsanto lacks information or knowledge sufficient to form a belief as to the

25 | truth of the allegations in paragraph 18.2 concerning plaintiff's claimed use of and exposure to

26 | Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

27 | paragraph 18.2 set forth conclusions of law for which no response is required.

28 |    18.3    Monsanto denies the allegations in paragraph 18.3.  All labeling of Roundup®-

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05659-VC

1   branded products has been and remains EPA-approved and in compliance with all federal

2   requirements under FIFRA.

3        18.4    Monsanto lacks information or knowledge sufficient to form a belief as to the

4   truth of the allegations in paragraph 18.4 regarding plaintiff's reliance and therefore denies those

5   allegations.  The remaining allegations in paragraph 18.4 set forth conclusions of law for which

6   no response is required.

7        18.5    Monsanto lacks information or knowledge sufficient to form a belief as to the

8   truth of the allegations in paragraph 18.5 and accordingly denies those allegations.  In addition,

9   the allegations in paragraph 18.5 set forth conclusions of law for which no response is required.

10        18.6    Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 18.6 concerning plaintiff's claimed use of or exposure to

12   Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

13   paragraph 18.6 set forth conclusions of law for which no response is required.

14        18.7    Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations in paragraph 18.7 concerning plaintiff's claimed use of or exposure to

16   Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph

17   18.7 regarding Monsanto's implied warranties sets forth conclusions of law for which no

18   response is required.  Monsanto denies the remaining allegations in paragraph 18.7.

19        18.8    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 18.8 concerning the condition of any Roundup®-branded

21   product allegedly used by plaintiff or about  plaintiff's alleged use of such product and therefore

22   denies the allegations in paragraph 18.8.

23        18.9    Monsanto denies that there is any risk of serious injury associated with or linked

24   to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

25   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

26   allegations in paragraph 18.9 concerning plaintiff's knowledge about Roundup®-branded

27   products and therefore denies the remaining allegations in paragraph 18.9.

28        18.10   Monsanto denies the allegations in paragraph 18.10.

18.11   Monsanto denies the allegations in paragraph 18.11.

18.12   Monsanto denies the allegations in paragraph 18.12.

In response to the "WHEREFORE" paragraph following paragraph 18.12, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

19.1   The allegations in paragraph 19.1 set forth conclusions of law for which no response is required.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.   The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.   Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.   Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.   Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.   Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.   Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

*See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.   Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.   Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.   Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.   Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.   Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.   Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.   If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.  Monsanto had no legal relationship or privity with plaintiff and owed no duty to her by which liability could be attributed to it.

16.  Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.  Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.  Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Florida Constitution, and/or other states.

19.  Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under the laws of Florida and/or other applicable state laws.

20.  Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law, including Fla. Stat. § 768.73.  Monsanto would further show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under Fla. Stat. § 768.73 would be a violation of Monsanto's state and federal constitutional rights.

21.  Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.  Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.  Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.  If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

25.  Plaintiff's claims are barred or limited to the extent that plaintiff assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

1     26.  Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of

2   states that do not govern plaintiff's claims.

3     27.  Plaintiff's claims are barred, in whole or in part, by application of Fla. Stat. §

4   768.1256.

5     28.  To the extent that plaintiff recovered payments for her alleged injuries from any

6   collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced

7   to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76.

8     31.    In accordance with Fla. Stat. § 768.1257, plaintiff's claims are barred, in whole or

9   in part, because the products at issue were designed, manufactured, marketed and labeled with

10   proper warnings, information, cautions and instructions, in accordance with the state of the art

11   and the state of scientific and technological knowledge.

12     32.  Monsanto hereby gives notice that it intends to rely upon such other defenses as may

13   become available or apparent during the course of discovery and thus reserves its right to amend

14   this Answer to assert such defenses.

15     **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

16   plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

17   other relief as the Court deems equitable and just.

18                   **JURY TRIAL DEMAND**

19     Monsanto demands a jury trial on all issues so triable.

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05659-VC

1

2   DATED:  October 15, 2019                 Respectfully submitted,

3                                           /s/ Joe G. Hollingsworth
                                            Joe G. Hollingsworth (*pro hac vice*)
4                                           (jhollingsworth@hollingsworthllp.com)
                                            Eric G. Lasker (*pro hac vice*)
5                                           (elasker@hollingsworthllp.com)
                                            HOLLINGSWORTH LLP
6                                           1350 I Street, N.W.
                                            Washington, DC  20005
7                                           Telephone:  (202) 898-5800
                                            Facsimile:   (202) 682-1639
8

9                                           *Attorneys for Defendant*
                                            *MONSANTO COMPANY*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05659-VC