**LUNDY, LUNDY, SOILEAU & SOUTH, LLP**
Hunter W. Lundy, LA SBN 8938
Email: hlundy@lundylawllp.com
Matthew E. Lundy, LA SBN 18988
Email: mlundy@lundylawllp.com
Rudie R. Soileau, LA SBN 2119
Email: rudiesoileau@gmail.com
Jackey W. South, LA SBN
Email: jsouth@lundylawllp.com
Kristie M. Hightower, LA SBN 31782
Email: khightower@lundylawllp.com
501 Broad Street
Lake Charles, Louisiana 70601
Telephone: (337) 439-0707
Facsimile:  (337) 439-1029

**MORRIS BART, LLC**
Morris Bart III, LA SBN 2788
Email: morrisbart@morrisbart.com
Betsy J. Barnes, LA SBN 19473
Email: bbarnes@morrisbart.com
John C. Enochs, LA SBN 22774
Email: jenochs@morrisbart.com
Richard L. Root, LA SBN 19988
Email: rroot@morrisbart.com
601 Poydras Street, 24th Floor
New Orleans, LA 70130
Telephone: (504) 599-3308
Facsimile:   (833) 277-4214

*Attorneys for Plaintiff, Roland Trosclair Jr.*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION** | MDL No. 02741<br><br>Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO:<br><br>*Roland Joseph Trosclair Jr. v. Monsanto Co., et al.*<br>Case No. 2:97-CV-10689 | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND THE CASE** |

Plaintiff Roland Trosclair ("Trosclair") respectfully submits this Motion to Remand. This matter is before this Court only because defendant Monsanto Company ("Monsanto") improperly removed this matter by asserting that Monsanto's non-diverse co-defendants were improperly joined for the purpose of destroying diversity. Monsanto is incorrect and has failed to meet its burden as the removing party. Further, this case presents numerous unique questions of fact that,

at this period in the MDL litigation, outweigh any common questions and which give good cause for remand. This Court has already begun remanding cases to their original district courts for trial. It serves only Monsanto's interest by placing this case in the MDL remand queue and delaying the critical case specific discovery that can only be conducted following remand.

## I.     BACKGROUND

Trosclair was exposed to Roundup® and/or undiluted concentrated Roundup® ("UCR")[1] from 2012 through 2018, while spraying herbicide on a farm owned by defendant 3M Cattle LLC ("3M") in St. Charles Parish, Louisiana, to control weeds. *See* Petition [ECF No. 1.2] at ¶ 22. The backpack sprayer provided by 3M to Trosclair leaked. Further, 3M failed to provide Trosclair with training regarding the safe application of herbicides or with any personal protective equipment ("PPE"). *Id*. at ¶ 200. 3M provided Trosclair with both Roundup® and/or UCR. The UCR was provided to 3M in repurposed jugs by Luling Plant employee, defendant Randy Jacobs ("Jacobs"). *Id*. at ¶¶ 189-198. Trosclair used both Roundup® and the UCR provided by Jacobs to kill weeds on 3M's farm. *Id*.  Trosclair was diagnosed with non-Hodgkin's lymphoma ("NHL") on June 24, 2015. *Id*. at ¶ 23. Trosclair continued to be exposed to Roundup® and/or UCR until he became aware of Roundup® and/or UCR's carcinogenicity and its association with NHL. *Id*. at ¶ 22.

---

[1] As outlined below, defendant 3M Cattle received chemicals from defendant Randy Jacobs, an employee of Monsanto's glyphosate plant in Luling, Louisiana. Trosclair understood these chemicals to have come directly from the plant. Arthur Kelm declares he also received chemicals directly from an employee at the plant, which Kelm understood to be product taken from the plant's production line prior to dilution, and which was referred to as "the good stuff" and "real deal" Roundup®. *See* Declaration of Arthur O. Kelm, attached hereto as Exhibit 1.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND   CASE NO. 13:6-MD-02741-VC

Both 3M and Jacobs deny the allegations against them. 3M, through the declaration of Courtney Mongrue, denies directing Trosclair to use Roundup® and/or UCR. 3M alleges that Trosclair was directed to spray a different herbicide, 2,4-D. *See* Declaration of Courtney Mongrue ("3M Decl.") [ECF No. 1.8]. Finally, 3M denies receiving Roundup® and/or UCR from Jacobs, but 3M does admit to providing the sprayer used by Trosclair. *Id.* Jacobs, through declaration, denies providing Roundup® and/or UCR to 3M and Trosclair. *See* Declaration of Randy Jacobs ("Jacobs Decl.") [ECF No. 1.7]. Jacobs denies knowing Trosclair, but does not deny knowing 3M or the Mongrue brothers who own 3M. *Id.* Jacobs also denies ever removing Roundup® and/or UCR from the Luling Plant. *Id.*

The factual allegations made by Trosclair - that he applied product taken from the Luling Plant by an employee without Monsanto's authorization - are distinct from the cases currently being litigated within the MDL. In particular, the fact that defendant Jacobs, an employee at Luling Plant, removed UCR from the plant without authorization and distributed it from his garage to 3M and/or Trosclair in repurposed and mislabeled jugs is a unique fact which distinguishes this matter from the common questions of fact required for inclusion in the MDL. *See* Petition [ECF No. 1.2] at ¶¶ 29-30.

While the case specific discovery has not yet begun, competing declarations set forth disputed facts relevant to liability issues. Monsanto alleges Trosclair "has used his 'bag of tricks' by improperly joining Louisiana defendants… [and] by asserting allegations contrary to the facts in a failed attempt to defeat diversity" and asks this Court to disregard all non-diverse defendants. *See* Notice of Removal [ECF No. 1] at ¶ 3. To support these assertions, Monsanto skipped the Rule 12(b)(6) type proceedings and engaged in a battle of declarations, attaching two (2) separate declarations from Jacobs and a declaration from Courtney Mongrue of 3M, each denying the

-3-

allegations of Trosclair. Monsanto alleges the denials of Courtney Mongrue of 3M and Jacobs establish that neither owed a duty to Trosclair because each denied providing Trosclair with Roundup® and/or UCR. *See* Notice of Removal [ECF No. 1] at ¶¶ 20, 27.

Trosclair responded with two (2) separate declarations of his own, declaring Wade Mongrue and Courtney Mongrue of 3M provided Trosclair with herbicide in Roundup®PRO jugs. *See* Trosclair Decl. [ECF No. 7.2]. Trosclair further declares that 3M received highly concentrated Roundup® (UCR) from Luling plant employee, Jacobs. *See* Supp. Trosclair Decl. [ECF No. 28.1]. At least once Trosclair even accompanied Wade Mongrue to retrieve the herbicide from Jacobs' garage. *Id*. Trosclair attached a photograph taken at the 3M farm in February 2019 of a jug with a Potassium Phosphate label which he declares is representative of the jugs received from Jacobs. *Id.* Visible on the jug is a black ink stamp which states "Received by: P. Neese." *Id.* "P. Neese" is believed to be Paul Neese, identified by the social media website LinkedIn as a twenty-three-year employee at Luling Plant who maintains the job title of "Lab Specialist and Inventory Manager." *Id.* at Exhibit C [ECF No. 28.2]. Trosclair understood the jugs received from Jacobs to contain "highly concentrated Roundup® herbicide." *See* Trosclair Decl. [ECF No. 7.2].

In further support of his claims, Trosclair attached a photograph of a jug of Roundup®PRO, which he declared to be representative of the labeled Roundup® jugs provided to him by 3M. [ECF No. 28.1].

Trosclair also submitted the declaration of Arthur O. Kelm, who declares he also received undiluted Roundup® product from a neighbor, who was a Luling Plant employee, in repurposed Ocean Spray juice bottles. *See* Kelm Decl., Exhibit 1. Kelm further declares that he understood the product received from his neighbor to be product taken from the production line prior to dilution, and that it was referred to as "the good stuff" or "real deal Roundup®." Kelm also declares

-4-

the product from his neighbor "worked really well. It worked better than the Roundup® [he purchased previously]." *Id.*

Trosclair's photographic evidence and the declaration of Kelm highlight the following heavily disputed facts: (1) 3M denies directing Trosclair to spray Roundup® herbicides, but a jug of Roundup®PRO was photographed at the 3M farm; (2) Jacobs denies providing Roundup® and/or UCR to 3M and/or Trosclair, but the jug with Potassium Phosphate labeling received by Luling Plant was photographed at the 3M farm; and (3) Kelm's declaration supports Trosclair's claim that UCR was distributed by Luling Plant employees. This evidence raises questions as to the credibility of Courtney Mongrue/3M and/or Jacobs. Curiously, Monsanto offered no affidavit from Wade Mongrue, with whom Trosclair declares he accompanied to collect UCR from Jacobs' home. *See* Supp. Trosclair Decl. [ECF No. 28.1].

Case specific discovery unique to this case as to the non-diverse defendants will be required to ferret out the liability of 3M and Jacobs. If the instant matter is not remanded, discovery will continue to be delayed and evidence of these distinctive issues may be forever lost as memories fade and employment turnover at the plant results in lost witnesses. For these reasons, and the reasons below, Trosclair has met the burden of "a showing of good cause" that this matter should be remanded.

## II.    PROCEDURAL HISTORY

Trosclair properly brought his state law claims against defendants in the 29th Judicial District Court, St. Charles Parish, State of Louisiana. Trosclair's petition pleads only state law causes of action, and raises no federal questions. Trosclair and defendants 3M and Jacobs are also domiciled within the jurisdiction of the 29th Judicial District Court. With the possible exception of XL Bermuda, all defendants have been properly served.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND   CASE NO. 13:6-MD-02741-VC

On May 24, 2019, defendant Monsanto removed this action to the U.S. District Court for the Eastern District of Louisiana, alleging improper joinder regarding the non-diverse defendants. [ECF No. 1 at ¶¶ 7-9]. On May 28, 2019, plaintiff filed a Notice of Opposition to Removal and motion to remand the case to state court. [ECF No. 7]. However, on July 18, 2019, the day before oral arguments on the remand issue were to be heard in the Eastern District of Louisiana [ECF No. 8 and 8.1], the United States Judicial Panel on Multidistrict Litigation's ("JPML") Conditional Transfer Order was issued[2] and arguments were canceled. [ECF No. 25].[3]   This matter was transferred to MDL No. 02741 on October 2, 2019. [ECF No.52]. Trosclair now brings this Motion to Remand.

### III.   LAW ON REMAND

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute... It is presumed that a cause lies outside [federal courts'] limited jurisdiction, ... and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokonen v. Guardian Life Ins. Co. of America*, 511 U.S 375, 377 (1994) (internal cites omitted).

In the absence of jurisdiction, a court may not "proceed at all in any case," which requires that

---

[2] Conditional Transfer Order No. 138.
[3] In defendant's prior Opposition to Plaintiff's Motion to Vacate the Conditional Transfer Order, defendant failed to advise the Court of this matter's prior procedural history on the issues of venue and jurisdiction. The following timeline may be instructive to the Court:
6/18/19 – Oral Arguments on Plaintiff's Motion to Remand is cancelled by Judge Barbier
6/19/19 – Original date set for Oral Argument on Motion to Remand
6/19/19 – Judge Greg Guidry confirmed by Senate
6/21/19 – Judge Guidry received commission
6/24/19 – Oral Argument on Defendant's Motion to Dismiss cancelled (originally set for 7/17/19)
6/28/19 – Trosclair case assigned to Judge Guidry

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND   CASE NO. 13:6-MD-02741-VC

jurisdiction be "the first and fundamental question." *Steel Co. v. Citizens for a Better Env't*, 523

U.S. 83, 94 (1998).

> The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. All doubts about federal jurisdiction should be resolved in favor of remand to state court.

*In re Prempro Prods. Liab. Litig.*, 591 F. 3d 613, 620 (8th Cir. 2010), citing *Altimore v. Mount*

*Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005) and *Wilkinson v. Shackelford*, 478 F.3d 957, 963

(8th Cir. App).

> An in-state plaintiff may invoke diversity jurisdiction, but § 1441(b) bars removal on the basis of diversity if any "part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought."

*Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (U.S. 2005).

> If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C.S. § 1447(c).

Courts are "cautioned against 'pretrying' a case to determine removal jurisdiction." *Hart v.*

*Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. App., 2000) (internal citations removed).

## IV.   ARGUMENT

The burden is upon Monsanto, as the removing party, to prove this matter falls within this

Court's limited jurisdiction. *Kokonen* at 377. In the evaluation of Trosclair's factual allegations,

the Court must consider the allegations in the light most favorable to Trosclair, the remanding

party. *Tovar v. Kaplan Higher Educ. Corp.*, 481 F. Supp. 2d 751, 757 (W.D. Tex., 2007). Because

Louisiana defendants are properly joined, the "forum defendant rule" dictates this action may not

be removed to federal court. *Hurley v. Motor Coach Industries, Inc.*, 222 F.2d 377, 378 (7th Cir.

2000).

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND   CASE NO. 13:6-MD-02741-VC

Pursuant to 28 U.S.C.S. § 1407(a) "[e]ach [MDL] action… shall be remanded… at or before the conclusion of such pretrial proceedings."

> The exercise of that discretion [to remand] generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL.

*McKinney v. Bridgestone/Firestone, Inc. (In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.)*, 128 F. Supp. 2d 1196, 1997 (S.D. Ind. 2001). That discretion is clearly permitted "to remand a case where everything that remains to be done is case-specific." *In re Patenaude*, 210 F.3d 135, 145 (3rd Cir. 2000).

## A. Trosclair Has Causes of Action Against Non-Diverse Defendants

As outlined above, Trosclair has properly pled causes of action against non-diverse defendants 3M and Jacobs, and 3M and Jacobs have each been properly served in this matter. The Court must consider Trosclair's factual allegations against 3M and Jacobs in the light most favorable to Trosclair. *Tovar* at 757. Monsanto's previous arguments for removal and against remand in this matter would be more appropriate for a Motion for Summary Judgment at the completion of discovery and are not appropriate to prove a claim of improper joinder. Instead, a Fed. R. Civ. P. 12(b)(6) type analysis would be more appropriate, considering Monsanto's allegations of improper joinder in seeking removal. Under such an analysis, Monsanto has failed to demonstrate Trosclair has "no reasonable basis for predicting recovery" from the non-diverse defendants. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F. 3d 568, 576 (5th Cir. 2004). Furthermore, Louisiana's pure comparative fault regime (*see Watson v. State Farm Fire & Cas. Ins. Co.*, 469 So.2d 967 (La. 1985)) will allow Monsanto to include Jacobs and 3M on the verdict sheet when it inevitably argues Monsanto is not at fault if Jacobs stole its product and gave or sold it to 3M and/or Trosclair.

-8-

Because Monsanto cannot meet its burden of proof that it is impossible for Trosclair to successfully recover from either 3M or Jacobs, this matter must be remanded.

**B.  MDL Common Issue Discovery is Complete**

At the date of this filing, this Court has begun remanding cases back to the district courts from whence they came. *See In Re: Roundup Products Liability Litigation*, MDL No. 2741, Pretrial Order No. 150: Scheduling Order for Remand Waves 1 and 2 (June 14, 2019), [ECF 4132]. As such, the majority of discovery in MDL cases has already been completed and, in fact, a trial has been conducted by this Court, demonstrating the conclusion of pre-trial proceedings. 28 U.S.C.S. § 1407(a). There is no benefit to be had for further coordinating this matter with the MDL as Trosclair's matter requires case-specific discovery and the common discovery of the MDL is complete. Efficiency is not served by this case languishing in the MDL Court, only for it to be remanded at some indeterminate point in time, months or years away, while the evidence needed to prove this case against the non-diverse defendants becomes stale. It is judicially efficient to remand the case now so that case-specific discovery can commence.

Furthermore, this matter shares few questions of common fact with other MDL cases, rendering any argument about judicial efficiency moot. Significantly, the discovery in the MDL is completed as to any common issues that may exist. There are no other cases pending in this MDL that involve the removal of unfinished product from the plant production line nor other cases that involve a defendant's distributing unfinished product to the public in incorrectly labeled containers. In fact, this case requires discovery on such numerous unique issues that it distinguishes it from any other case in the MDL and negates any argument that this case should be part of the MDL as a matter of judicial efficiency. These issues include, but are not limited to:

a)   The actual composition of the unfinished product taken by defendant Jacobs;

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND   CASE NO. 13:6-MD-02741-VC

b) Where and how defendant Jacobs acquired the unfinished product;

c) Questions surrounding defendant Jacobs' knowledge of the unfinished product;

d) Questions regarding what defendant Jacobs told defendant 3M about the unfinished product;

e) What defendant 3M knew about the unfinished product;

f) What instructions or lack thereof were given to Trosclair about the product; and

g) What type of personal protective equipment or lack thereof was provided to Trosclair.

Due to the unique facts and issues in the instant matter and further as this Court has already begun to remand matters since MDL discovery is substantially complete, this matter should be remanded now.

## V.   CONCLUSION

As cautioned by the court in *Hart*, a removal/remand issue should not result in "pretrying" a case; however, Trosclair has demonstrated good cause for remand. As shown here, the proper joinder of nondiverse defendants Jacobs and 3M and the facts relating to the allegations against these defendants demonstrates the unique and discrete questions of fact which are not common to this MDL.  Because Monsanto cannot show improper joinder exists here and because it would not be convenient to the parties or witnesses, Trosclair's matter should be remanded. When the factual allegations of Trosclair's pleadings are considered in the light most favorable to Trosclair, it is clearly reasonable Trosclair could recover from each of the nondiverse defendants, 3M and Jacobs. Because all doubts regarding removal should be resolved in favor of remand and because Monsanto cannot demonstrate the lack of any possibility that Trosclair could be successful, this matter must be remanded.

Dated: October 15, 2019                    Respectfully submitted,

**LUNDY LUNDY SOILEAU & SOUTH, LLP**

　 s/ Hunter W. Lundy
HUNTER W. LUNDY (LA #8938)
MATTHEW E. LUNDY (LA#18988)
RUDIE R. SOILEAU, JR. (LA#2119)
JACKEY W. SOUTH (LA#21125)
KRISTIE M. HIGHTOWER (LA#31782)
501 Broad Street
Lake Charles, Louisiana 70601
Telephone: (337) 439-0707
Facsimile:  (337) 439-1029
E-Mail: hlundy@lundylawllp.com

**MORRIS BART, LLC**
MORRIS BART III, (LA #2788)
BETSY J. BARNES (LA #19473)
JOHN C. ENOCHS (LA #22774)
RICHARD L. ROOT (#19988)
601 Poydras Street, 24th Floor
New Orleans, LA 70130
Telephone: (504) 599-3308
Facsimile:   (833) 277-4214
E-Mail: morrisbart@morrisbart.com

*Attorneys for Plaintiff, Roland Trosclair, Jr.*

-11-

## <u>CERTFICIATE OF SERVICE</u>

I, Hunter W. Lundy, hereby certify that, on October 15, 2019, I electronically filed the foregoing with the Clerk for the United States District Court of the Northern District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

  s/ Hunter W. Lundy_____
  HUNTER W. LUNDY

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND   CASE NO. 13:6-MD-02741-VC

# EXHIBIT

# 1

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re: Roundup Products Liability Litigation  )
)
)   MDL Docket No. 2741
*Trosclair v. Monsanto Company, et al.*  )
2:19-cv-10689-CBJ-MBN  )
_____  )

## <u>DECLARATION OF ARTHUR O. KELM</u>

I, Arthur Kelm, declare as follows:

1.     I reside at 109 Davis Drive in Luling, Louisiana, which is approximately one-half mile from the Monsanto Luling Plant.

2.     The statements set forth in this declaration are based on my personal knowledge.

3.     In or about 1995, a neighbor and a previous employee of Monsanto Luling Plant noticed me working in my yard and applying herbicide.

4.     A neighbor offered to provide herbicide that would be more effective, a concentrated Roundup® product, which he referred to as "the good stuff" and "real deal" Roundup®.

5.     A neighbor provided concentrated Roundup® product to me obtained from the Monsanto Luling Plant from approximately 1995 until in or about 2004.

6.     It is my understanding that the "good stuff" provided to me by my neighbor came from the production line before dilution occurred.

7.     The concentrated Roundup® product was provided to me in repurposed Ocean Spray juice bottles.

8.      I applied the concentrated Roundup® product at my residence in Luling, Louisiana and around the property at my business located in Boutte, Louisiana.

9.      The concentrated Roundup® product worked really well.  It worked better than the Roundup®  I used previously which was purchased at Hardman's, Wal-Mart, Home Depot, and other retailers.


I declare under penalty of perjury that the foregoing is true and correct. Executed in Luling, Louisiana, on July 5, 2019.

_____
Arthur O. Kelm

2