**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
           elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *Timothy Ellis and Johanna Ellis v. Monsanto Co.*, Case No. 3:19-cv-06091-VC | |

### <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Timothy Ellis and Johanna Ellis' Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      The allegations in paragraph 3 set forth conclusions of law for which no response

is required.  To the extent that a response is required, Monsanto admits the allegations in paragraph 3 based upon the allegations in plaintiffs' complaint.

4.      Monsanto admits the allegations in paragraph 4.

5.      The allegations in paragraph 5 set forth conclusions of law for which no response is required.

6.      The allegations in the first sentence of paragraph 6 set forth conclusions of law for which no response is required.  Monsanto admits the allegations in the second sentence of paragraph 6.  In response to the allegations in the final sentence of paragraph 6, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies those allegations.

9.      Monsanto denies the allegations in paragraph 9.

10.     The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations

11.     Monsanto admits the allegations in paragraph 11.

12.     In response to the allegations in paragraph 12, Monsanto admits that it sells Roundup®-branded products in Florida.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     Monsanto admits the first sentence of paragraph 16.  Monsanto admits that it is authorized to do business in Florida.  The remaining allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     The allegations in paragraph 17 set forth conclusions of law for which no response is required.

18.     Monsanto denies the allegations in paragraph 18.

19.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 20 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

21.     Monsanto admits the allegations in paragraph 21.

22.     Monsanto admits the allegations in paragraph 22.

23.     In response to the allegations in paragraph 23, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 23 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

24.     The allegations in paragraph 24 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 24.

25.     In response to the allegations in paragraph 25, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve

the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 25 set forth conclusions of law for which no response is required.

26.     The allegations in paragraph 26 set forth conclusions of law for which no response is required.

27.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Florida for sale and distribution.

28.     In response to the allegations in paragraph 28, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 28 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 28 set forth conclusions of law for which no answer is required.

29.     Monsanto denies the allegations in paragraph 29 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 29 set forth conclusions of law for which no response is required.

30.     In response to the allegations in paragraph 30, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore denies those allegations.

31.   In response to the allegations in paragraph 31, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.

32.   To the extent the allegations in paragraph 32, including each of its subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 32 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

33.   In response to the allegations in paragraph 33, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

itself and thus does not require any further answer.  The remaining allegations in paragraph 33 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

34.     Monsanto denies the allegations in paragraph 34.

35.     In response to the allegations in paragraph 35, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 35 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 35.

36.     Monsanto denies the allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 37 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies those allegations.

38.     Monsanto admits the allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 39 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore denies those allegations.

40.     Monsanto states that the term "toxic" as used in paragraph 40 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 40.

41.     Monsanto admits the allegations in paragraph 41.

42.     In response to the allegations in paragraph 42, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto admits that Julie Marc

1    published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

2    the extent that paragraph 43 characterizes the meaning of the cited study, Monsanto denies the

3    remaining allegations in paragraph 43.

4          44.     In response to the allegations in paragraph 44, Monsanto states that these

5    documents speak for themselves and do not require a response.  To the extent that a response is

6    deemed required, Monsanto denies the allegations in paragraph 44.

7          45.     In response to the allegations in paragraph 45, Monsanto states that the cited

8    document speaks for itself and does not require a response.  To the extent that paragraph 45

9    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

10    paragraph 45.

11          46.     Monsanto denies the allegations in paragraph 46.

12          47.     In response to the allegations in paragraph 47, Monsanto states that the cited

13    document speaks for itself and does not require a response.  To the extent that paragraph 47

14    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

15    paragraph 47.

16          48.     In response to the allegations in paragraph 48, Monsanto states that the cited

17    document speaks for itself and does not require a response.  To the extent that paragraph 48

18    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

19    paragraph 48.

20          49.     Monsanto denies the allegation that the cited studies support the allegation that

21    glyphosate or Roundup®-branded products pose any risk to human health and denies the

22    remaining allegations in paragraph 49.

23          50.     Monsanto denies the allegations in paragraph 50.

24          51.     Monsanto denies the allegations in paragraph 51.

25          52.     Monsanto denies the allegations in paragraph 52.

26          53.     Monsanto denies the allegations in paragraph 53.

27          54.     Monsanto admits that it has in the past promoted, and continues to promote,

28    Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

1    Monsanto denies the remaining allegations in paragraph 54.

2         55.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

3    is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

4    lacks information or knowledge sufficient to form a belief as to the truth of the remaining

5    allegations in paragraph 55 and therefore denies those allegations.

6         56.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 56 and therefore denies those allegations.  Monsanto denies

8    that glyphosate met the criteria necessary to be eligible for review.

9         57.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 57 and therefore denies those allegations.  Monsanto denies

11   that glyphosate met the criteria necessary to be eligible for review.

12        58.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

13   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

14   evidence was "cumulative."  The remaining allegations in paragraph 58 are vague and

15   conclusory and comprise attorney characterizations and are accordingly denied.

16        59.    Monsanto admits that the full IARC Monograph regarding glyphosate was

17   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

18   2A carcinogen.  In response to the remaining allegations in paragraph 59, Monsanto states that

19   the document speaks for itself and does not require a response.  To the extent that a response is

20   deemed required, the remaining allegations in paragraph 59 comprise attorney characterizations

21   and are accordingly denied.

22        60.    Monsanto denies the allegations in paragraph 60.  The IARC working group

23   concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

24   which, per IARC's guidelines, means that the working group could not rule out chance, bias or

25   confounding so as to reach any conclusion of an increased risk.

26        61.    In response to the allegations in paragraph 61, Monsanto states that the document

27   speaks for itself and does not require a response.  To the extent that a response is deemed

28   required, the allegations in paragraph 61 comprise attorney characterizations and are accordingly

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-06091-VC

denied.

62.    Monsanto denies the allegations in paragraph 62.

63.    The allegations in paragraph 63 comprise attorney characterizations and are accordingly denied.

64.    Monsanto admits the allegations in paragraph 64.

65.    In response to the allegations in paragraph 65, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 65 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 65.

66.    In response to the allegations in paragraph 66, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 66.

67.    The allegations in paragraph 67 are vague and ambiguous and are accordingly denied.

68.    In response to the allegations in paragraph 68, Monsanto states that the cited document speaks for itself and does not require a response.

69.    In response to the allegations in paragraph 69, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 69 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 69.

70.    Monsanto denies the allegations in paragraph 70.

71.    In response to the allegations in paragraph 71, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 71.

72.    Monsanto admits that there is no reliable evidence that Roundup®-branded

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-06091-VC

1  products are genotoxic and that regulatory authorities and independent experts agree that

2  Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

3  paragraph 72.

4       73.    Monsanto denies the allegations in paragraph 73.

5       74.    Monsanto denies the allegations in paragraph 74.

6       75.    Monsanto denies the allegations in paragraph 75.

7       76.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

8  exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 76.

9       77.    Monsanto denies the allegations in paragraph 77.

10       78.    Monsanto denies the allegations in paragraph 78.

11       79.    Monsanto admits the allegations in paragraph 79.

12       80.    Monsanto denies the allegations in paragraph 80

13       81.    Monsanto admits the allegations in paragraph 81.

14       82.    Monsanto denies the allegations in paragraph 82.

15       83.    Monsanto denies the allegations in paragraph 83.

16       84.    Monsanto denies the allegations in paragraph 84.

17       85.    Monsanto denies the allegations in paragraph 85.

18       86.    Monsanto denies the allegations in paragraph 86.

19       87.    Monsanto denies the allegations in paragraph 87.

20       88.    Monsanto denies the allegations in paragraph 88.

21       89.    Monsanto admits that independent experts and regulatory agencies agree that

22  there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

23  products and admits that it has made statements reflecting this fact.  Monsanto denies the

24  remaining allegations in paragraph 89.

25       90.    In response to the allegations in paragraph 90, Monsanto admits that Roundup®-

26  branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

27  the products' EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

28  90.

91.     In response to the allegations in paragraph 91, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 91.

92.     In response to the allegations in paragraph 92, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 92.

93.     In response to the allegations in paragraph 93, Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.
- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).
- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).
- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).
- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-06091-VC

*Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 93.

94.     In response to the allegations in paragraph 94, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 94 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

95.     In response to the allegations in paragraph 95, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

96.     Monsanto denies the allegations in paragraph 96 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 96 are

1    intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

2    denies those allegations.

3           97.     In response to the allegations in paragraph 97, Monsanto admits that three IBT

4    employees were convicted of the charge of fraud, but Monsanto denies that any of the

5    individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

6    herbicides.

7           98.     In response to the allegations in paragraph 98, Monsanto admits that it – along

8    with numerous other private companies – hired Craven Laboratories as an independent

9    laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

10   denies the remaining allegations in paragraph 98.

11          99.     In response to the allegations in the first sentence of paragraph 99, Monsanto

12   admits that EPA investigated Craven Laboratories in March 1991 for fraud. In response to the

13   allegations in the second sentence of paragraph 99, Monsanto admits that it was defrauded by

14   Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven

15   Laboratories at a substantial cost.  To the extent that the allegations in paragraph 99 are intended

16   to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those

17   allegations.

18          100.    In response to the allegations in paragraph 100, Monsanto admits that it has stated

19   and continues to state that Roundup®-branded products are safe when used as labeled and that

20   they are non-carcinogenic and non-genotoxic.

21          101.    In response to the allegations in paragraph 101, Monsanto admits that a 1986 joint

22   report of the World Health Organization and Food and Agriculture Organization of the United

23   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

24   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

25   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

26   carcinogen.  Monsanto denies the remaining allegations in paragraph 101.

27          102.    Monsanto denies the allegations in paragraph 102.

28          103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.

105.    Monsanto denies the allegations in paragraph 105.

106.    Monsanto denies the allegations in paragraph 106.

107.    Monsanto denies the allegations in paragraph 107.

108.    Monsanto denies the allegations in paragraph 108.

109.    Monsanto denies the allegations in paragraph 109.

110.    Monsanto denies the allegations in paragraph 110.

111.    Monsanto denies the allegations in paragraph 111.

112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto incorporates by reference its responses to paragraphs 1 through 112 in response to paragraph 113 of plaintiffs' Complaint.

114.    Monsanto denies the allegations in paragraph 114.

115.    In response to the allegations in paragraph 115, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

116.    In response to the allegations in paragraph 116, Monsanto states that the cited document speaks for itself and does not require a response.

117.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies those allegations in paragraph 117. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 117 and therefore denies those allegations.

118.    Monsanto denies the allegations in the first and last sentences of paragraph 118.  The remaining allegations in paragraph 118 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

119.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

- 14 -

1   and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

2   branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

3   which IARC purported to base its classification were all publicly available before March 2015.

4   The remaining allegations in paragraph 119 set forth conclusions of law for which no response is

5   required, consist of attorney characterizations and are accordingly denied, or comprise

6   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

7   the truth of the allegations and therefore denies those allegations.

8       120.   Monsanto incorporates by reference its responses to paragraphs 1 through 119 in

9   response to paragraph 120 of plaintiffs' Complaint.

10      121.   The allegations in paragraph 121 set forth conclusions of law for which no

11  response is required.

12      122.   Monsanto denies the allegations in paragraph 122.

13      123.   Monsanto denies the allegations in paragraph 123.

14      124.   Monsanto denies the allegations in paragraph 124.

15      125.   Monsanto denies the allegations in paragraph 125.

16      126.   Monsanto denies the allegations in paragraph 126.

17      127.   Monsanto denies the allegations in paragraph 127.

18      128.   Monsanto denies the allegations in paragraph 128.

19      129.   Monsanto denies the allegations in paragraph 129.

20      130.   Monsanto denies the allegations in paragraph 130.

21      131.   Monsanto denies the allegations in paragraph 131.

22      132.   Monsanto denies the allegations in paragraph 132.

23      133.   Monsanto denies the allegations in paragraph 133.

24      134.   Monsanto denies the allegations in paragraph 134.

25      135.   Monsanto denies the allegations in paragraph 135.

26      136.   Monsanto denies the allegations in paragraph 136.

27      137.   Monsanto denies the allegations in paragraph 137.

28      138.   Monsanto denies the allegations in paragraph 138.

1    139.    Monsanto denies the allegations in paragraph 139.

2    140.    Monsanto denies the allegations in paragraph 140.

3    141.    Monsanto denies the allegations in paragraph 141.

4    142.    Monsanto denies the allegations in paragraph 142.

5    143.    Monsanto denies the allegations in paragraph 143, including each of its subparts.

6    144.    Monsanto denies the allegations in paragraph 144.

7    145.    Monsanto denies the allegations in paragraph 145.

8    146.    Monsanto denies the allegations in paragraph 146.

9    147.    Monsanto denies the allegations in paragraph 147.

10    148.    In response to paragraph 148, Monsanto demands that judgment be entered in its

11    favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that

12    Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

13    further and additional relief as this Court may deem just and proper.

14    149.    Monsanto incorporates by reference its responses to paragraphs 1 through 148 in

15    response to paragraph 149 of plaintiffs' Complaint.

16    150.    In response to the allegations in paragraph 150, Monsanto lacks information or

17    knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

18    exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies

19    the remaining allegations in paragraph 150.

20    151.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21    truth of the allegations in paragraph 151 and therefore denies those allegations.

22    152.    Monsanto denies the allegations in paragraph 152.

23    153.    Monsanto denies the allegations in paragraph 153.

24    154.    Monsanto denies the allegations in paragraph 154.

25    155.    Monsanto denies the allegations in paragraph 155, including each of its subparts.

26    156.    Monsanto denies the allegations in paragraph 156.

27    157.    Monsanto denies that Roundup®-branded products have "dangerous

28    characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

1   truth of the remaining allegations in paragraph 157 and therefore denies those allegations.

2   158.   Monsanto lacks information or knowledge sufficient to form a belief as to the

3   truth of the allegations in paragraph 158 and therefore denies those allegations.

4   159.   Monsanto denies the allegations in paragraph 159.

5   160.   The allegations in paragraph 160 set forth conclusions of law for which no

6   response is required.

7   161.   Monsanto denies the allegations in paragraph 161.

8   162.   Monsanto denies the allegations in paragraph 162.

9   163.   Monsanto denies the allegations in paragraph 163.

10   164.   Monsanto denies the allegations in paragraph 164.

11   165.   Monsanto denies the allegations in paragraph 165.

12   166.   Monsanto denies the allegations in paragraph 166.

13   167.   Monsanto denies the allegations in paragraph 167.

14   168.   Monsanto denies the allegations in paragraph 168.

15   169.   Monsanto denies the allegations in paragraph 169.

16   170.   Monsanto denies the allegations in paragraph 170.

17   171.   In response to paragraph 171, Monsanto demands that judgment be entered in its

18   favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that

19   Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

20   further and additional relief as this Court may deem just and proper.

21   172.   Monsanto incorporates by reference its responses to paragraphs 1 through 171 in

22   response to paragraph 172 of plaintiffs' Complaint.

23   173.   The allegations in paragraph 173 set forth conclusions of law for which no

24   response is required.

25   174.   Monsanto lacks information or knowledge sufficient to form a belief as to the

26   truth of the allegations in paragraph 174 and therefore denies those allegations.

27   175.   Monsanto denies the allegations in paragraph 175.  All labeling of Roundup®-

28   branded products has been and remains EPA-approved and in compliance with all federal

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-06091-VC

1    requirements under FIFRA.

2          176.    Monsanto denies the allegations in paragraph 176.

3          177.    Monsanto denies the allegations in paragraph 177.  All labeling of Roundup®-

4    branded products has been and remains EPA-approved and in compliance with all federal

5    requirements under FIFRA.

6          178.    Monsanto denies the allegations in paragraph 178.  All labeling of Roundup®-

7    branded products has been and remains EPA-approved and in compliance with all federal

8    requirements under FIFRA and with Florida law.

9          179.    Monsanto denies the allegations in paragraph 179.

10         180.    Monsanto denies the allegations in paragraph 180.

11         181.    The allegations in paragraph 181 set forth conclusions of law for which no

12   response is required.

13         182.    Monsanto denies the allegations in paragraph 182.

14         183.    Monsanto denies the allegations in paragraph 183.

15         184.    Monsanto denies the allegations in paragraph 184.

16         185.    Monsanto denies the allegations that Roundup®-branded products are defective

17   and accordingly denies the allegations in paragraph 185.

18         186.    The allegations in paragraph 186 set forth conclusions of law for which no

19   response is required.

20         187.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 187 and therefore denies those allegations.

22         188.    Monsanto denies the allegations in paragraph 188.

23         189.    Monsanto denies the allegations in paragraph 189.

24         190.    Monsanto denies the allegations in paragraph 190.

25         191.    Monsanto denies the allegations in paragraph 191.

26         192.    Monsanto denies the allegations in paragraph 192.

27         193.    In response to paragraph 193, Monsanto demands that judgment be entered in its

28   favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that

1    Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

2    further and additional relief as this Court may deem just and proper.

3          194.    Monsanto incorporates by reference its responses to paragraphs 1 through 193 in

4    response to paragraph 194 of plaintiffs' Complaint.

5          195.    Monsanto denies the allegations in paragraph 195.  Additionally, the allegations

6    in the last sentence in paragraph 195 set forth conclusions of law for which no response is

7    required.

8          196.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 196 concerning the plaintiff's claimed use of Roundup®-

10   branded products and therefore denies those allegations.  The remaining allegations in paragraph

11   196 set forth conclusions of law for which no response is required.

12         197.    The allegations in paragraph 197 set forth conclusions of law for which no

13   response is required.

14         198.    Monsanto denies the allegations in paragraph 198.

15         199.    The allegation in paragraph 199 regarding a purported implied warranty sets forth

16   a conclusion of law for which no response is required.  Monsanto lacks information or

17   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

18   199 and therefore denies those allegations.

19         200.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 200 concerning the condition of any Roundup®-branded

21   product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore

22   denies the allegations in paragraph 200.

23         201.    Monsanto denies the allegations in paragraph 201.

24         202.    Monsanto denies the allegations in paragraph 202.

25         203.    Monsanto denies the allegations in paragraph 203.

26         204.    In response to paragraph 204, Monsanto demands that judgment be entered in its

27   favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that

28   Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

1    further and additional relief as this Court may deem just and proper.

2       205.    Monsanto incorporates by reference its responses to paragraphs 1 through 204 in

3    response to paragraph 205 of plaintiffs' Complaint.

4       206.    Monsanto admits that plaintiffs purport to bring certain claims alleged in

5    paragraph 206 of the Complaint but denies any liability as to those claims.

6       207.    Monsanto denies the allegations in paragraph 207

7       208.    Monsanto denies the allegations in paragraph 208.

8       209.    Monsanto denies the allegations in paragraph 209.

9       210.    Monsanto denies the allegations in paragraph 210.

10       211.    Monsanto denies the allegations in paragraph 211.

11       212.    Monsanto denies the allegations in paragraph 212.

12       213.    Monsanto denies the allegations in paragraph 213.

13       214.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14    truth of the allegations in paragraph 214 regarding plaintiffs' actions, and therefore Monsanto

15    denies those allegations.  Monsanto denies the remaining allegations in paragraph 214.

16       215.    Monsanto denies the allegations in paragraph 215.

17       216.    Monsanto denies the allegations in paragraph 216.  All labeling of Roundup®-

18    branded products has been and remains EPA-approved and in compliance with all federal

19    requirements under FIFRA.

20       217.    Monsanto denies the allegations in paragraph 217.

21       218.    In response to paragraph 218, Monsanto demands that judgment be entered in its

22    favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that

23    Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

24    further and additional relief as this Court may deem just and proper.

25       219.    Monsanto incorporates by reference its responses to paragraphs 1 through

26    218 in response to the first sentence of paragraph 219 of the plaintiffs' Complaint.

27       220.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28    truth of the allegations in paragraph 220 and therefore denies those allegations.

221.   Monsanto denies the allegations in paragraph 221.

222.   In response to paragraph 222, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.   The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.   Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.   Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.   Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.   Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.   Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

*Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8. Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9. Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10. Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

11. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12. Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13. Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14. If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiffs have failed to allege fraud with sufficient particularity.

18.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Florida Constitution, and/or other applicable state constitutions.

20.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Florida law and/or other applicable state laws.

21.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Fla. Stat. § 768.73.  Monsanto would further show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under Fla. Stat. § 768.73 would be a violation of Monsanto's state and federal constitutional rights.

22.      Plaintiffs' claims are barred in whole or in part by plaintiffs' contributory/comparative negligence.

23.     Plaintiffs' claims are barred in whole or in part by plaintiffs' failure to mitigate damages.

24.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

25.     To the extent that plaintiffs recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-06091-VC

26.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

27.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

29.     Plaintiffs' claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

30.     In accordance with Fla. Stat. § 768.1257, plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

31.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## <u>JURY TRIAL DEMAND</u>

Monsanto demands a jury trial on all issues so triable.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-06091-VC

DATED:  October 15, 2019

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-06091-VC