**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Dorothy Anderson-Cahill, as Personal Representative of the Estate of Thomas J. Cahill v. Monsanto Co.*,<br>Case No. 3:19-cv-05888-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint and Jury Demand ("the Complaint").  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Monsanto denies – and objects to – allegations by plaintiff that purport to lump Monsanto together with other defendants.  Monsanto responds to this Complaint only on behalf of Monsanto and not on behalf of any other defendant.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages exceeding seventy-five thousand dollars allegedly related to decedent's exposure to Roundup®-branded products but denies any liability as to that claim.

2.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3.      The allegations in paragraph 3 are directed at a defendant other than Monsanto, and plaintiff has voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

4.      The allegations in paragraph 3 are directed at a defendant other than Monsanto, and plaintiff has voluntarily dismissed that defendant from this lawsuit, so no response from Monsanto is required for these allegations.

5.      Monsanto admits the allegations in the first sentence of paragraph 5.  Monsanto denies the remaining allegations in paragraph 5.

6.      Monsanto denies the allegations in the first sentence of paragraph 6.  The allegations in the second sentence of paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in paragraph 7 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto admits the allegations in paragraph 7 based upon the allegations in plaintiff's Complaint.

8.      Monsanto denies committing any tortious acts alleged in paragraph 8.  The remaining allegations in paragraph 8 set forth conclusions of law for which no response is required.

9.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 regarding where the events giving rise to this action occurred and therefore denies those allegations.  The remaining allegations in paragraph 9 set forth conclusions of law for which no response is required.

10.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies those allegations.

11.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies those allegations.

1    12.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2  truth of the allegations in paragraph 12 and therefore denies those allegations.

3    13.    Monsanto denies distributing misinformation alleged in paragraph 13.  Monsanto

4  states that glyphosate repeatedly has been found to be safe to humans and the environment by

5  regulators in the United States and around the world and that it has labeled glyphosate products

6  as approved by regulatory bodies consistent with those findings.  Monsanto lacks information or

7  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 13

8  and therefore denies those allegations.

9    14.    Monsanto denies distributing misinformation alleged in paragraph 14.  Monsanto

10  states that glyphosate repeatedly has been found to be safe to humans and the environment by

11  regulators in the United States and around the world and that it has labeled glyphosate products

12  as approved by regulatory bodies consistent with those findings.  Monsanto lacks information or

13  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 14

14  and therefore denies those allegations.

15    15.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16  truth of the allegations in paragraph 15 and therefore denies those allegations.

17    16.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 16 and therefore denies those allegations.

19    17.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations in paragraph 17 and therefore denies those allegations.

21    18.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22  truth of the allegations in paragraph 18 and therefore denies those allegations.

23    19.    Monsanto denies the allegations in paragraph 19.

24    20.    Monsanto denies the allegations in paragraph 20.

25    21.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26  truth of the allegations in paragraph 21 and therefore denies those allegations.

27    22.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28  truth of the allegations in paragraph 22 and therefore denies those allegations.

23.     Monsanto admits the allegations in paragraph 23.

24.     Monsanto admits the allegations in paragraph 24.

25.     Monsanto admits the allegations in paragraph 25.

26.     Monsanto admits that its U.S. patent expired in 2000.

27.     Monsanto admits the allegations in paragraph 27.

28.     Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in paragraph 28 and therefore denies those allegations.

29.     In response to the allegations in paragraph 29, Monsanto admits that glyphosate is one of the world's most widely used herbicides, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  The remaining allegations in paragraph 29 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore Monsanto denies those allegations.

30.     Monsanto admits the allegations in paragraph 30.

31.     In response to the allegations in paragraph 31, Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media.  Monsanto denies the remaining allegations in paragraph 31.

32.     Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in paragraph 32.

33.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 33 set forth conclusions of law for which no response is required.

34.     The allegations in paragraph 34 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 34.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05888-VC

35.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 35.

36.     The allegations in paragraph 36 are vague and ambiguous and therefore Monsanto denies those allegations.

37.     In response to the allegations in paragraph 37, to the extent the allegations purport to characterize statements made in the International Agency for Research on Cancer ("IARC") monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 37.

38.     Monsanto denies the allegations in paragraph 38.

39.     Monsanto denies the allegations in paragraph 39.

40.     In response to the allegations in paragraph 40, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 40.

41.     Monsanto admits the allegations in the first sentence of paragraph 41.  Monsanto denies the allegations in the second sentence of paragraph 41.

42.     In response to the allegations in paragraph 42, Monsanto denies those allegations to the extent they suggest that IARC based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

43.     In response to the allegations in paragraph 43, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 43.

44.     Monsanto denies the allegations in paragraph 44.

45.     Monsanto denies the allegations in paragraph 45.

46.     Monsanto denies the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto states that the cited document speaks for itself and does not require a response.

48.     In response to the allegations in paragraph 48, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 48 characterizes the meaning of the cited study, Monsanto denies the allegation that the cited study supports the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 50.

51.     Monsanto denies the allegations in paragraph 51.

52.     Monsanto denies the allegations in paragraph 52.

53.     Monsanto denies the allegations in paragraph 53.

54.     Monsanto denies the allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of any allegations concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies any suggestion that the labeling language excerpted in paragraph 55 is the same as the labeling language for Roundup®-branded products allegedly used by plaintiff.

56.     In response to the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto states that all labeling of Roundup®-branded products has been and remains approved by the United States Environmental Protection Agency ("EPA") and in

- 6 -

1  compliance with all federal requirements under the Federal Insecticide, Fungicide, and

2  Rodenticide Act ("FIFRA").

3       57.     In response to the allegations in paragraph 57, Monsanto states that the cited

4  document speaks for itself and does not require a response.  To the extent that a response is

5  deemed required, Monsanto states that all labeling of Roundup®-branded products has been and

6  remains EPA-approved and in compliance with all federal requirements under FIFRA.

7       58.     In response to the allegations in paragraph 58, Monsanto states that the cited

8  document speaks for itself and does not require a response.  To the extent that a response is

9  deemed required, Monsanto states that all labeling of Roundup®-branded products has been and

10 remains EPA-approved and in compliance with all federal requirements under FIFRA.

11      59.     In response to the allegations in paragraph 59, Monsanto states that the cited

12 document speaks for itself and does not require a response.  To the extent that a response is

13 deemed required, Monsanto states that all labeling of Roundup®-branded products has been and

14 remains EPA-approved and in compliance with all federal requirements under FIFRA.

15      60.     Monsanto denies the allegations in paragraph 60.

16      61.     Monsanto denies the allegations in paragraph 61.

17      62.     Monsanto admits that it has not removed Roundup®-branded products from the

18 marketplace and states that these products have been and remain EPA-approved and in

19 compliance with all federal requirements under FIFRA.  Monsanto denies the remaining

20 allegations in paragraph 62.

21      63.     Monsanto denies the allegations in paragraph 63.

22      64.     In response to the allegations in paragraph 64, Monsanto admits that glyphosate

23 repeatedly has been found to be safe to humans and the environment by regulators in the United

24 States and around the world and further admits that it has labeled glyphosate products as

25 approved by regulatory bodies consistent with those findings.  Monsanto also admits that the

26 EPA repeatedly has concluded pursuant to FIFRA that glyphosate-based herbicides create no

27 unreasonable risk to human health or to the environment when used in accordance with the label.

28 To the extent that paragraph 64 alleges that Monsanto has labeled glyphosate or Roundup®-

branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

65.     Monsanto denies the allegations in paragraph 65.

66.     Monsanto denies the allegations in paragraph 66.

67.     Monsanto denies the allegations in paragraph 67.

68.     Monsanto denies the allegations in paragraph 68.

69.     The allegations in paragraph 69 set forth conclusions of law for which no response is required.

70.     The allegations in paragraph 70 set forth conclusions of law for which no response is required.

71.     In response to the allegations in paragraph 71, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 71 set forth conclusions of law for which no response is required.

72.     The allegations in paragraph 72 set forth conclusions of law for which no response is required.

73.     The allegations in paragraph 73 set forth conclusions of law for which no response is required.

74.     Monsanto admits the allegations in paragraph 74.

75.     In response to the allegations in paragraph 75, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 75 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 75 set forth conclusions of law for which no answer is required.

76.     Monsanto denies the allegations in paragraph 76 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 76 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 76 set forth conclusions of law for which no response is required.

77.     In response to the allegations in paragraph 77, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 77 and therefore denies those allegations.

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

78.     In response to the allegations in paragraph 78, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 78.

79.     In response to the allegations in paragraph 79, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto denies the remaining allegations in paragraph 79.

80.     In response to the allegations in paragraph 80, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen] – one that shows evidence of non-carcinogenicity for humans – based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05888-VC

Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20.

Monsanto denies the remaining allegations in paragraph 80.

81.     In response to the allegations in paragraph 81, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 81 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

82.     In response to the allegations in paragraph 82, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

83.     Monsanto denies the allegations in paragraph 83 to the extent they suggest that the United States Food and Drug Administration performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  To the extent that the allegations in paragraph 83 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

84.     In response to the allegations in paragraph 84, Monsanto admits that EPA's audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in

paragraph 84 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

85.     In response to the allegations in paragraph 85, Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 85 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

86.     In response to the allegations in paragraph 86, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

87.     In response to the allegations in paragraph 87, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 87 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     In response to the allegations in paragraph 90,  Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety.  The

remaining allegations in paragraph 90 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

91.     Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety.  The remaining allegations in paragraph 91 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

92.     Monsanto admits that the patent for glyphosate expired in the United States in 2000.  The remaining allegations in paragraph 92 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

93.     In response to the allegations in paragraph 93, Monsanto admits that following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  The remaining allegations in paragraph 93 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

94.     In response to the allegations in paragraph 94, Monsanto admits that following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 94 and accordingly denies those allegations.

95.     In response to the allegations in paragraph 95, Monsanto admits that following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  The remaining allegations in paragraph 95 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

96.     The allegations in paragraph 96 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

97.     Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 97 and accordingly denies the same.

1   98.     In response to the allegations in paragraph 98, Monsanto admits that glyphosate is

2   one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

3   is the only company that sells glyphosate or glyphosate-based herbicides.

4   99.     Monsanto denies the allegations in paragraph 99.

5   100.     In response to the allegations in paragraph 100, Monsanto admits that the New

6   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

7   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

8   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

9   General's allegations related in any way to a purported or alleged risk of cancer.

10   101.     In response to the allegations in paragraph 101, Monsanto admits that the New

11   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

12   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

13   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

14   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

15   the subparts purport to quote a document, the document speaks for itself and thus does not

16   require any further answer.  The remaining allegations in paragraph 101 are vague and

17   conclusory and comprise attorney characterizations and are accordingly denied.

18   102.     In response to the allegations in paragraph 102, Monsanto admits it entered into

19   an assurance of discontinuance with the New York Attorney General.  The assurance speaks for

20   itself and thus does not require any further answer.  The remaining allegations in paragraph 102

21   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

22   103.     Monsanto denies the allegations in paragraph 103.

23   104.     In response to the allegations in paragraph 104, Monsanto admits that the French

24   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

25   that it "left the soil clean," but denies the allegations in paragraph 104 to the extent that they

26   suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

27   cancer.  Monsanto denies the remaining allegations in paragraph 104.

28   105.     Monsanto denies the allegations in paragraph 105.

- 14 -

1    106.    Monsanto denies the allegations in paragraph 106.

2    107.    In response to the allegations in paragraph 107, Monsanto lacks information or

3    knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

4    paragraph 107, which are not limited as of any specified date, and accordingly denies the same.

5    108.    Monsanto denies the allegations in paragraph 108.  The IARC working group

6    concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

7    which, per IARC's guidelines, means that the working group could not rule out chance, bias or

8    confounding so as to reach any conclusion of an increased risk.

9    109.    In response to the allegations in paragraph 109, Monsanto admits that the working

10   group cited to a study that it concluded provided evidence of chromosomal damage in

11   community residents reported to be exposed to glyphosate, but Monsanto denies that the study

12   supports such a conclusion or that the authors of the study reached such a conclusion.

13   110.    In response to the allegations in paragraph 110, Monsanto admits that the IARC

14   working group purported to make these findings, but denies that the animal carcinogenicity

15   studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

16   of the identified tumors.  Monsanto further states that regulatory agencies around the world have

17   reviewed the same animal studies and concluded that they do not provide evidence that

18   glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 110.

19   111.    In response to the allegations in paragraph 111, Monsanto admits that the IARC

20   working group purported to make these findings, but denies that the cited studies provide any

21   reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or

22   persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 111.

23   112.    In response to the allegations in paragraph 112, Monsanto admits that the IARC

24   working group interpreted a selected number of experimental studies as evidence that glyphosate

25   can cause genotoxicity, but Monsanto denies that the working group reliably considered the full

26   body of scientific data on such alleged genotoxic endpoints and denies that the working group

27   reliably interpreted the studies that it selected for consideration.  Regulators around the world

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05888-VC

1   repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining

2   allegations in paragraph 112.

3           113.    In response to the allegations in paragraph 113, Monsanto admits that the IARC

4   working group purported to find such effects, but denies that there is any reliable scientific basis

5   for such conclusion.

6           114.    Monsanto denies the allegations in paragraph 114.

7           115.    In response to the allegations in paragraph 115, Monsanto admits that the working

8   group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005.

9           116.    In response to the allegations in paragraph 116, Monsanto states that the cited

10  document speaks for itself and does not require a response.  To the extent that the allegations in

11  paragraph 116 go beyond a restatement of the cited document, Monsanto lacks information or

12  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

13  116 and therefore denies those allegations.

14          117.    Monsanto admits the allegations in paragraph 117.

15          118.    In response to the allegations in paragraph 118, Monsanto states that the cited the

16  document speaks for itself and does not require a response.  To the extent that the allegations in

17  paragraph 118 go beyond a restatement of the cited document, Monsanto lacks information or

18  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

19  118 and therefore denies those allegations.

20          119.    Monsanto states that the term "toxic" as used in paragraph 119 is vague and

21  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

22  denies the allegations in paragraph 119.

23          120.    Monsanto admits the allegations in paragraph 120.

24          121.    In response to the allegations in paragraph 121, Monsanto states that the

25  document speaks for itself and does not require a response.  To the extent that a response is

26  deemed required, Monsanto denies the allegations in paragraph 121.

27          122.    In response to the allegations in the first sentence of paragraph 122 Monsanto

28  admits that Julie Marc published a study titled "Glyphosate-based pesticides affect cell cycle

1    regulation" in 2004.  To the extent that paragraph 122 characterizes the meaning of the cited

2    study, Monsanto denies the allegations in paragraph 122.

3          123.    In response to the allegations in paragraph 123, Monsanto states that the

4    document speaks for itself and does not require a response.  To the extent that a response is

5    deemed required, Monsanto denies the allegations in paragraph 123.

6          124.    The allegations in paragraph 124 are vague and conclusory and comprise attorney

7    characterizations and are accordingly denied.

8          125.    The allegations in paragraph 125 are vague and conclusory and comprise attorney

9    characterizations and are accordingly denied.

10          126.    The allegations in paragraph 1 are vague and conclusory and comprise attorney

11    characterizations and are accordingly denied.

12          127.    In response to the allegations in paragraph 127, Monsanto admits that the

13    Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the

14    Coalition provides any reliable basis for any conclusions regarding potential health risks from

15    glyphosate.  Monsanto notes that a federal district court has characterized this same publication

16    as an "advocacy piece[] published in [a] non-peer-reviewed journal." *See Arias v. DynCorp*, 928

17    F. Supp. 2d 10, 24 (D.D.C. 2013).

18          128.    In response to the allegations in paragraph 128, Monsanto admits that the IARC

19    working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

20    discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

21    based herbicides, but denies that there is any scientific basis for the concerns raised by the

22    improper IARC classification.  Monsanto denies the remaining allegations in paragraph 128.

23          129.    In response to the allegations in paragraph 129, Monsanto admits that the IARC

24    working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

25    discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

26    based herbicides, including the Netherlands, but denies that there is any scientific basis for the

27    concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations

28    in paragraph 129.

1      130.    In response to the allegations in paragraph 130, Monsanto admits that the IARC

2   working group classification led an individual government attorney in Brazil to write a letter to

3   the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the

4   remaining allegations in paragraph 130.

5      131.    In response to the allegations in paragraph 131, Monsanto admits that some

6   employees of Bermuda's government announced an intention to suspend the importation of

7   glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the

8   truth of the allegations about whether this suspension took effect and accordingly denies the

9   same.  Monsanto denies the remaining allegations in paragraph 131.

10      132.    In response to the allegations in paragraph 132, Monsanto admits that the IARC

11   monograph appears to be the alleged basis for the Sri Lankan government's actions, including

12   the allegation that glyphosate can cause kidney disease.  Monsanto further states that the

13   allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations

14   regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 132.

15      133.    In response to the allegations in paragraph 133, Monsanto states that any cited

16   press releases or other cited documents speak for themselves and do not require a response.

17   Monsanto denies the remaining allegations in paragraph 133.

18      134.    In response to the allegations in paragraph 134, Monsanto states that any

19   documents posted on its website speak for themselves and do not require a response.  Monsanto

20   denies the remaining allegations in paragraph 134.

21      135.    In response to the allegations in paragraph 135, Monsanto denies that WHO

22   considers glyphosate to be a probable carcinogen.  Monsanto admits that the IARC working

23   group classified glyphosate as a Class 2A carcinogen.

24      136.    In response to the allegations in paragraph 136, Monsanto states that the cited

25   document speaks for itself and does not require a response.  To the extent that paragraph 136

26   characterizes the meaning of the cited document, Monsanto denies the remaining allegations in

27   paragraph 136.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05888-VC

137.    In response to the allegations in paragraph 137, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 137 characterizes the meaning of the cited document, Monsanto denies the remaining allegations in paragraph 137.

138.    In response to the allegations in paragraph 138, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 138 characterizes the meaning of the cited document, Monsanto denies the remaining allegations in paragraph 138.

139.    Monsanto denies that any exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of her alleged cancer or exposes anybody else to risk of cancer.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 139 and therefore denies those allegations.

140.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 140 and therefore denies those allegations.

141.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 141 and therefore denies those allegations.

142.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 142 and therefore denies those allegations.

143.    Monsanto denies the allegations in paragraph 143.

144.    Monsanto denies the allegations in paragraph 144.

145.    Monsanto denies the allegations in paragraph 145.

146.    Monsanto denies the allegations in paragraph 146.

147.    Monsanto denies the allegations in paragraph 147.

148.    Monsanto denies the allegations in paragraph 148.

149.    Monsanto denies the allegations in paragraph 149.

150.    Monsanto denies the allegations in paragraph 150.

151.    Monsanto denies the allegations in paragraph 151.

152.    Monsanto denies the allegations in paragraph 152.

1   153.   Monsanto denies the allegations in paragraph 153.

2   154.   In response to the allegations in paragraph 154, Monsanto admits that Roundup®-

3   branded products are safe, non-carcinogenic, and non-genotoxic when used in accordance with

4   the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

5   154.

6   155.   In response to the allegations in paragraph 155, Monsanto states that the cited

7   document speaks for itself and does not require a response.

8   156.   Monsanto denies that exposure to Roundup®-branded products and glyphosate

9   exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in

10  paragraph 156.  Monsanto states, however, that the scientific studies upon which IARC

11  purported to base its classification were all publicly available before March 2015.

12  157.   Monsanto denies the allegations in paragraph 157.

13  158.   The allegations in paragraph 158 set forth conclusions of law for which no

14  response is required.

15  159.   Monsanto denies the allegations in paragraph 159.  Monsanto states, however,

16  that the scientific studies upon which IARC purported to base its classification were all publicly

17  available before March 2015.

18  160.   Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint.

19  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

20  allegations concerning plaintiff's knowledge in paragraph 160 and therefore denies those

21  allegations.

22  161.   Monsanto denies the allegations in paragraph 161 and denies that there is any

23  reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can

24  cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported

25  to base its classification were all publicly available before March 2015.

26  162.   Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

27  and denies that there is any reliable scientific evidence that exposure to glyphosate or

28  Roundup®-branded products can cause cancer.  The remaining allegations in paragraph 162

consist of attorney characterizations and are accordingly denied or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

163.    The allegations in paragraph 163 set forth conclusions of law for which no response is required.

164.    The allegations in paragraph 164 set forth conclusions of law for which no response is required.

165.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 165 and therefore denies those allegations.  The allegations in the second sentence of paragraph 165 set forth conclusions of law for which no response is required.

166.    The allegations in the first sentence of paragraph 166 set forth conclusions of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the allegations in the second sentence of paragraph 166 and therefore denies those allegations.

167.    Monsanto denies the allegations in paragraph 167.

168.    The allegations in paragraph 168 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 168.

In response to the unnumbered paragraph following paragraph 168, Monsanto incorporates by reference its responses to paragraphs 1 through 168.

169.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 169 and therefore denies those allegations.

170.    The allegations in paragraph 170 set forth conclusions of law for which no response is required.

171.    Monsanto denies the allegations in paragraph 171.

172.    Monsanto denies the allegations in paragraph 172, including each of its subparts.

173.    Monsanto denies the allegations in paragraph 173.

174.   Monsanto denies the allegations in paragraph 174, including each of its subparts.

175.   Monsanto denies the allegations in paragraph 175.

176.   Monsanto denies the allegations in paragraph 176.

177.   Monsanto denies the allegations in paragraph 177.

178.   Monsanto denies the allegations in paragraph 178.

179.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 179 and therefore denies those allegations.

In response to the "WHEREFORE" paragraph following paragraph 179, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper

In response to the unnumbered paragraph following the "WHEREFORE" paragraph, Monsanto incorporates by reference its responses to paragraphs 1 through 179.

180.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 180 and therefore denies those allegations.

181.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 181 and therefore denies those allegations.

182.   Monsanto denies the allegations in paragraph 182.

183.   Monsanto denies the allegations in paragraph 183.

184.   Monsanto denies the allegations in paragraph 184.

185.   Monsanto denies the allegations in paragraph 185, including each of its subparts.

186.   Monsanto denies the allegations in paragraph 186.

187.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 187 concerning  decedent's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 187, including that Roundup®-branded products have "dangerous characteristics."

1   188.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2   truth of the allegations in paragraph 188 and therefore denies those allegations.

3   189.    Monsanto denies the allegations in paragraph 189.

4   190.    The allegations in paragraph 190 set forth conclusions of law for which no

5   response is required.

6   191.    Monsanto denies the allegations in paragraph 191.

7   192.    Monsanto denies the allegations in paragraph 192.

8   193.    Monsanto denies the allegations in paragraph 193.

9   194.    Monsanto denies the allegations in paragraph 194.

10   195.    Monsanto denies the allegations in paragraph 195.

11   196.    Monsanto denies the allegations in paragraph 196.

12   197.    Monsanto denies the allegations in paragraph 197.

13   198.    Monsanto denies the allegations in paragraph 198.

14   In response to the "WHEREFORE" paragraph following paragraph 198, Monsanto

15   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

16   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

17   fees as allowed by law and such further and additional relief as this Court may deem just and

18   proper.

19   In response to the unnumbered paragraph following the "WHEREFORE" paragraph,

20   Monsanto incorporates by reference its responses to paragraphs 1 through 198.

21   199.    The allegations in paragraph 199 set forth conclusions of law for which no

22   response is required.

23   200.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24   truth of the allegations in paragraph 200 and therefore denies those allegations.

25   201.    Monsanto denies the allegations in paragraph 201.  All labeling of Roundup®-

26   branded products has been and remains EPA-approved and in compliance with all federal

27   requirements under FIFRA.

28   202.    Monsanto denies the allegations in paragraph 202.

1    203.    Monsanto denies the allegations in paragraph 203.

2    204.    Monsanto denies the allegations in paragraph 204.  All labeling of Roundup®-

3  branded products has been and remains EPA-approved and in compliance with all federal

4  requirements under FIFRA.

5    205.    Monsanto denies the allegations in paragraph 205.

6    206.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7  truth of the allegations in paragraph 206 regarding decedent's use history and therefore denies

8  those allegations.  Monsanto denies the remaining allegations in paragraph 206.

9    207.    The allegations in paragraph 207 set forth conclusions of law for which no

10  response is required.

11    208.    Monsanto denies the allegations in paragraph 208.

12    209.    Monsanto denies the allegations in paragraph 209.

13    210.    Monsanto denies the allegations in paragraphs 210.

14    211.    Monsanto denies the allegations in paragraph 211.

15    212.    Monsanto denies the allegations that Roundup®-branded products are defective

16  and accordingly denies the allegations in paragraph 212.

17    213.    The allegations in paragraph 213 set forth conclusions of law for which no

18  response is required.

19    214.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations in paragraph 214 and therefore denies those allegations.

21    215.    Monsanto denies the allegations in paragraph 215.

22    216.    Monsanto denies the allegations in paragraph 216.

23    217.    Monsanto denies the allegations in paragraph 217.

24    218.    Monsanto denies the allegations in paragraph 218.

25    219.    Monsanto denies the allegations in paragraph 219.

26    220.    Monsanto denies the allegations in paragraph 220..

27    In response to the "WHEREFORE" paragraph following paragraph 220, Monsanto

28  demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the unnumbered paragraph following the "WHEREFORE" paragraph Monsanto incorporates by reference its responses to paragraphs 1 through 220.  To the extent that the allegations in plaintiff's Fourth Cause of Action are directed at a defendant other than Monsanto, those allegations do not require a response from Monsanto.

221.    Monsanto denies the allegations in paragraph 221.

222.    The allegations in paragraph 222 set forth conclusions of law for which no response is required.

223.    The allegations in paragraph 223 set forth conclusions of law for which no response is required.

224.    Monsanto denies the allegations in paragraph 224.

225.    The allegation in paragraph 225 regarding a purported implied warranty sets forth a conclusion of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 225 and therefore denies those allegations.

226.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 226 and therefore denies those allegations.

227.    Monsanto denies the allegations in paragraph 227.

228.    Monsanto denies the allegations in paragraph 228.

229.    Monsanto denies the allegations in paragraph 229.

In response to the "WHEREFORE" paragraph following paragraph 229, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

**SEPARATE AND AFFIRMATIVE DEFENSES**

1.      The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.      Venue may be inconvenient.

3.      Plaintiff's claims against Monsanto are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of decedent's alleged injuries.

5.      Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.      Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

8.      Plaintiff's claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.      Plaintiff's claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10. Plaintiff's claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11. Plaintiff's claims against Monsanto are barred, in whole or in part, because decedent's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

12. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

13. Applicable statutes of limitations and/or repose bar plaintiff's claims against Monsanto in whole or in part.

14. Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Monsanto in whole or in part.

15. If plaintiff and/or decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's and/or decedent's alleged injuries or damages.

16. Monsanto had no legal relationship or privity with plaintiff and/or decedent and owed no duty to them by which liability could be attributed to it.

17. Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff and/or decedent. If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

18. Plaintiff's claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05888-VC

19.     Plaintiff's claims against Monsanto for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Florida Constitution, and/or other applicable state constitutions.

20.     Plaintiff's claims against Monsanto for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Florida law and/or other applicable state laws.

21.     Plaintiff's claims against Monsanto for punitive damages are barred and/or limited by operation of state and/or federal law, including Fla. Stat. § 768.73.  Monsanto would further show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under Fla. Stat. § 768.73 would be a violation of Monsanto's state and federal constitutional rights.

22.     Plaintiff's claims against Monsanto are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

23.     To the extent that plaintiff recovered payments for plaintiff's and/or decedent's alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76.

24.     In accordance with Fla. Stat. § 768.1257, plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

25.     Plaintiff's and/or decedent's medical condition was caused directly, solely, and proximately by medical conditions, sensitivities, and idiosyncrasies peculiar to them, and which were unknown, unknowable, or not reasonably foreseeable to Monsanto.

26.     Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's and/or decedent's contributory/comparative negligence.

27.     Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's failure to mitigate damages.

28.     Plaintiff's claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

29.     If plaintiff and/or decedent have been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a Monsanto product.

30.     Plaintiff's and/or decedent's injuries, if any, were caused, in whole or in part, by the acts or omissions of persons other than Monsanto, whether individual, corporate, associate, or otherwise, whether named or unnamed in the Complaint, and for whose conduct Monsanto is not liable.  Monsanto is not liable for damages proximately caused by non-parties, pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), including any and all employers of decedent and any other product used by decedent that was not manufactured, sold or distributed by Monsanto.

31.     The number of different agents to which plaintiff was exposed in and out of the workplace and the lack of definitive evidence as to the amount of actual exposure to each agent makes it impossible to determine, to a requisite degree of legal certainty, the alleged causal connection, if any, between decedent's injuries and said agents.

32.     Plaintiff's claims against Monsanto are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

33.     Plaintiff's claims against Monsanto are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

34.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

1

## JURY TRIAL DEMAND

2
     Monsanto demands a jury trial on all issues so triable.

3

4
DATED:  October 16, 2019                Respectfully submitted,

5

6
                           /s/ Joe G. Hollingsworth
                           Joe G. Hollingsworth (*pro hac vice*)

7
                           (jhollingsworth@hollingsworthllp.com)
                           Eric G. Lasker (*pro hac vice*)

8
                           (elasker@hollingsworthllp.com)
                           HOLLINGSWORTH LLP

9
                           1350 I Street, N.W.
                           Washington, DC  20005

10
                           Telephone:  (202) 898-5800
                           Facsimile:   (202) 682-1639

11

12
                           *Attorneys for Defendant*
                           *MONSANTO COMPANY*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-05888-VC