Deborah S. Kerr (SBN 175845)
dkerr@1800theeagle.com
**GOLDBERG & OSBORNE LLP**
915 W. Camelback Road
Phoenix, Arizona 85013
Telephone: (602) 808-6750
Facsimile: (602) 808-6940

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Master Docket Case No. 3:16-md-2741 |
| | Honorable Vince Chhabria |
| **THIS DOCUMENT RELATES TO:** | |
| Ruben Hernandez and Martha Hernandez | Case No. 3:17-cv-07364 |
| v. | |
| Monsanto Company | |

UNOPPOSED SECOND MOTION FOR EXTENSION OF TIME

Plaintiffs Ruben and Martha Hernandez respectfully move for a second brief seven-day extension of time to file their specific causation reports from October 18, 2019 to October 25, 2019 because essential medical testing required for the opinions did not occur as scheduled due to complications understandably beyond Plaintiffs' control and through no fault of Plaintiffs. A second brief extension will not prejudice Defendant and defense counsel has stated that they will not oppose a further extension assuming they receive the same extension. Mr. Hernandez is a Wave I Plaintiff whose case is to be remanded for trial in the United States District Court for the Southern District of California.

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(a) and L.R. 6-1(b), Plaintiffs initially (in their first Motion for Extension of Time) requested an extension through November 2, 2019 in order to secure sufficient time to take account for complications that might arise in the testing process. The Court determined on October 1, 2019 to reduce the additional time actually approved so as to extend the deadline only through the present October 18 deadline.

But the reality is that two out of the three additional tests could not be performed until Tuesday, October 15, 2019, leaving insufficient time for the results to be issued.

Plaintiffs' counsel has worked diligently to pursue necessary discovery and prepare the factual predicate for a specific causation expert's opinions. On June 14, 2019, in PTO 150, the Court first announced which cases would be included in Wave I and Wave II cases that would be transferred back to their home districts for trial. PTO 150 also provided the timeline, including discovery deadlines, for Wave I and Wave II cases.

## I. EFFORTS TO TIMELY COMPLETE DISCOVERY AND EXPERT REPORTS.

Efforts immediately began towards discovery within the Court's deadlines. The depositions of Mr. and Mrs. Hernandez took place on July 9 and 10, 2019. The deposition of Mr. Hernandez' primary care physician and gastroenterologist were scheduled for August 6, 2019. His primary care physician had to reschedule her deposition due to her daughter being in the hospital. The deposition with the gastroenterologist went on as scheduled. The deposition of Mr. Hernandez' oncologist took place on August 13, 2019. The inspection of the Hernandez' home and the rescheduled deposition of Mr. Hernandez' primary care physician took place on August 19, 2019.

Plaintiffs identified and selected a specific causation expert and supplied all the above information to permit the expert to form opinions, and only learned on September 17, 2019 that

the expert requests the additional testing, which forms the basis of the initial Motion for Extension of Time and this current Motion.

Undersigned counsel immediately began working with Mr. Hernandez and his medical providers to have the requested testing performed. On September 25, 2019, Mr. Hernandez obtained from Dr. Mervat Kelada the order for the necessary testing. Dr. Kelada's office was to fax the test results to undersigned counsel when received. Unfortunately, in the following days, Mr. Hernandez was not feeling well which was followed by transportation issues which delayed his going for the additional testing until September 30, 2019. After a week with no test results, undersigned counsel began calling the office of Dr. Kelada every day to ask about the status of the test results, only to be told they were not yet received. Finally, on October 10, 2019, Dr. Kelada's office received results of one of the three required tests and the results were received by the undersigned counsel on October 11, 2019. Those results were provided to Mr. Hernandez' specific causation expert that day, and he advised that he cannot render a final opinion until he has the results of the other two tests.

In following up on the results of the remaining two tests, the lab/medical records department at El Centro Regional Medical Center informed counsel that the Medical Center simply failed to perform the tests Dr. Kelada ordered. The excuse provided by the Medical Center was that their staff did not know what one of the tests was, and prerequisites for the other test (about which the Medical Center informed no one in advance) had not been met.

The Medical Center advised counsel that Dr. Kelada would need to re-write the order for the first test and Mr. Hernandez would need to meet the prerequisites for the second test.

Presented with these unanticipated and unusual impediments, counsel undertook significant efforts to obtain the re-write of the testing order from Dr. Kelada. Mr. Hernandez

picked up the testing order on October 14, 2019. He then went to have the testing done but the lab was closed.

The last two tests were then performed the very next business day, on October 15, 2019. Results of one of the tests were received and forwarded to Plaintiff's specific causation expert on October 17, 2019, but the results of the third test have not yet been received and may not be received until October 18. This does not provide sufficient time for Plaintiffs' expert to review the tests and prepare his report to meet the current October 18, 2019 deadline.

## II.   EFFORTS TO REACH A STIPULATION WITH DEFENSE COUNSEL.

On September 18, 2019, in response to Plaintiffs' counsels' request for a meeting with to discuss an extension of the October 4, 2019 deadline to submit Mr. Hernandez' expert reports, defense counsel Grant Law responded that he confirmed with Anthony Martinez that counsel cannot agree to extensions. On October 17, 2019, Anthony Martinez told Plaintiffs' counsel that they will not oppose a Second Motion for Extension of Time assuming they are also given an additional seven days.

## III.   OTHER DEPENDENT DEADLINES POTENTIALLY AFFECTED.

Plaintiffs do not believe the short additional seven day extension will adversely affect Defendants. The next discovery deadlines are for Monsanto's expert reports on October 25, 2019, which Plaintiffs agree to extend to November 1, 2019 with the Court's approval, and close of expert discovery on November 20, 2019. Undersigned counsel is fully willing to push back the close of expert discovery should it be requested and the Court be amenable. No other deadlines would be affected should this extension be granted.

## IV.   CONCLUSION.

Due to the additional workup requested by Plaintiffs' expert only being completed three days before the current deadline and results not being available until October 17, 2019 or October

4

18, 2019, and for the reasons discussed above, Plaintiff Ruben Hernandez respectfully requests that Mr. Hernandez' expert reports in his case only be extended seven days to Friday, October 25, 2019.

  Dated this 17th day of October, 2019.

          Respectfully Submitted,

          */s/ Deborah S. Kerr*
          Deborah S. Kerr (175845)
          GOLDBERG & OSBORNE LLP
          915 W. Camelback Road
          Phoenix, AZ 85013
          Tel: (602) 808-6784
          dkerr@1800theeagle.com

          *Attorney for Plaintiffs Ruben Hernandez and Martha Hernandez*

## **CERTIFICATE OF SERVICE**

  I, Deborah S. Kerr, hereby certify that on October 17, 2019, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

          */s/ Deborah S. Kerr*
          Deborah S. Kerr