1

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
2
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
3
Washington, DC  20005
Telephone:   (202) 898-5800
4
Facsimile:   (202) 682-1639
Email:      jhollingsworth@hollingsworthllp.com
5
            elasker@hollingsworthllp.com

6
*Attorneys for Defendant*
*MONSANTO COMPANY*

7

8
UNITED STATES DISTRICT COURT

9
NORTHERN DISTRICT OF CALIFORNIA

10
| IN RE: ROUNDUP PRODUCTS | MDL No. 2741 |
| LIABILITY LITIGATION | |
11
| | Case No. 3:16-md-02741-VC |

12
This document relates to:

13
*Susan and Terry Moore v. Monsanto Co.*,
Case No. 3:19-cv-06188-VC
14

15
### MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

16
        Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

17
Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

18
all allegations contained in plaintiffs Susan and Terry Moores' Complaint ("the Complaint"),

19
except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto

20
refers to Monsanto Company, a United States based company incorporated in Delaware, and not

21
to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

22
        1.       Monsanto admits that plaintiffs purport to bring an action for damages allegedly

23
related to exposure to Roundup®-branded products but denies any liability to plaintiffs.

24
Monsanto denies the remaining allegations in paragraph 1.

25
        2.       Monsanto denies the allegations in paragraph 2.

26
        3.       Monsanto denies the allegations in paragraph 3.

27

28

4.     The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiffs' Complaint.

5.     Monsanto admits the allegations in paragraph 5.

6.     The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.     The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  In response to the second sentence of paragraph 7, Monsanto admits that it sells Roundup®-branded products in Ohio.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

8.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.     Monsanto denies the allegations in paragraph 9.

10.    The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

11.    Monsanto admits the allegations in paragraph 11.

12.    In response to the allegations in paragraph 12, Monsanto admits that it sells Roundup®-branded products in Ohio.

13.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.    The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.    The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     Monsanto admits the allegations in paragraph 16.

17.     Monsanto admits that it is authorized to do business in Ohio.  The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto denies the allegations in paragraph 19.

20.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

22.     Monsanto admits the allegations in paragraph 22.

23.     Monsanto admits the allegations in paragraph 23.

24.     In response to the allegations in paragraph 24, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 24 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies those allegations.

25.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 25 comprise attorney characterizations and are accordingly denied.

26.     Monsanto admits the allegations in paragraph 26.

27.     Monsanto generally admits the allegations in paragraph 27, but denies the allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

28.     Monsanto admits the allegations in paragraph 28.

29.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 29 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 29.

30.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies those allegations.

31.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 31.

32.     The allegations in paragraph 32 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 33 set forth conclusions of law for which no response is required.

34.     The allegations in paragraph 34 set forth conclusions of law for which no response is required.

35.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Ohio for sale and distribution.

36.     In response to the allegations in paragraph 36, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 36 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 36 set forth conclusions of law for which no answer is required.

37.     Monsanto denies the allegations in paragraph 37 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 37 set forth conclusions of law for which no response is required.

38.     In response to the allegations in paragraph 38, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its final findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-06188-VC

to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies those allegations.

39.     In response to the allegations in paragraph 39, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 39 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

40.     In response to the allegations in paragraph 40, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 40 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

41.     Monsanto denies the allegations in paragraph 41.

42.     In response to the allegations in paragraph 42, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 42 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 42.

---

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

1      43.     Monsanto denies the allegations in paragraph 43.

2      44.     In response to the allegations in paragraph 44, Monsanto states that the cited

3  document speaks for itself and does not require a response.  To the extent that the allegations in

4  paragraph 44 go beyond a restatement of the cited document, Monsanto lacks information or

5  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44

6  and therefore denies those allegations.

7      45.     Monsanto admits the allegations in paragraph 45.

8      46.     In response to the allegations in paragraph 46, Monsanto states that the cited the

9  document speaks for itself and does not require a response.  To the extent that the allegations in

10 paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or

11 knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46

12 and therefore denies those allegations.

13     47.     Monsanto states that the term "toxic" as used in paragraph 47 is vague and

14 ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

15 denies the allegations in paragraph 47.

16     48.     Monsanto admits the allegations in paragraph 48.

17     49.     In response to the allegations in paragraph 49, Monsanto states that the document

18 speaks for itself and does not require a response.  To the extent that a response is deemed

19 required, Monsanto denies the allegations in paragraph 49.

20     50.     In response to the allegations in paragraph 50, Monsanto admits that Julie Marc

21 published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

22 the extent that paragraph 50 characterizes the meaning of the cited study, Monsanto denies the

23 remaining allegations in paragraph 50.

24     51.     In response to the allegations in paragraph 51, Monsanto states that these

25 documents speak for themselves and do not require a response.  To the extent that a response is

26 deemed required, Monsanto denies the allegations in paragraph 51.

27     52.     In response to the allegations in paragraph 52, Monsanto states that the cited

28 document speaks for itself and does not require a response.  To the extent that paragraph 52

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-06188-VC

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 52.

53.     Monsanto denies the allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 54 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 56.

57.     Monsanto denies the allegations in paragraph 57.

58.     Monsanto denies the allegations in paragraph 58.

59.     Monsanto denies the allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

61.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 61.

62.     In response to the allegations in paragraph 62, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the

two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20.

Monsanto denies the remaining allegations in paragraph 62.

63.     In response to the allegations in paragraph 63, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") studies.  To

1    the extent that the allegations in paragraph 63 are intended to suggest that Monsanto was

2    anything other than a victim of this fraud, such allegations are denied.

3          64.     In response to the allegations in paragraph 64, Monsanto admits that IBT

4    Laboratories was hired to conduct toxicity studies in connection with the registration of a

5    Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

6    based upon any fraudulent or false IBT studies.

7          65.     Monsanto denies the allegations in paragraph 65 to the extent they suggest that

8    EPA performed an inspection of IBT Laboratories solely or specifically in connection with

9    studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

10   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

11   connection with services provided to a broad number of private and governmental entities and

12   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

13   one of several pesticide manufacturers who had used IBT test results.  The audit found some

14   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

15   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

16   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

17   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 65 are

18   intended to suggest that Monsanto was anything other than a victim of this fraud, such

19   allegations also are denied.

20         66.     In response to the allegations in paragraph 66, Monsanto admits that three IBT

21   employees were convicted of the charge of fraud, but Monsanto denies that any of the

22   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

23   herbicides.

24         67.     In response to the allegations in paragraph 67, Monsanto admits that it – along

25   with numerous other private companies – hired Craven Laboratories as an independent

26   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto further

27   admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the

28   studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations

1   in paragraph 67 are intended to suggest that Monsanto was anything other than a victim of this

2   fraud, Monsanto denies those allegations.

3            68.      Monsanto denies the allegations in paragraph 68.

4            69.      Monsanto lacks information or knowledge sufficient to form a belief as to the

5   truth of the allegations in the third sentence of paragraph 69 regarding alleged reliance by the

6   public and EPA and therefore denies those allegations.  Monsanto denies the remaining

7   allegations in paragraph 69.

8            70.      Monsanto denies the allegations in paragraph 70.

9            71.      Monsanto admits that the International Agency for Research on Cancer ("IARC")

10  is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

11  lacks information or knowledge sufficient to form a belief as to the truth of the remaining

12  allegations in paragraph 71 and therefore denies those allegations.

13           72.      Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in paragraph 72 and therefore denies those allegations.  Monsanto denies

15  that glyphosate met the criteria necessary to be eligible for review.

16           73.      Monsanto lacks information or knowledge sufficient to form a belief as to the

17  truth of the allegations in paragraph 73 and therefore denies those allegations.  Monsanto denies

18  that glyphosate met the criteria necessary to be eligible for review.

19           74.      Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

20  carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

21  evidence was "cumulative."  The remaining allegations in paragraph 74 are vague and

22  conclusory and comprise attorney characterizations and are accordingly denied.

23           75.      Monsanto admits that the full IARC Monograph regarding glyphosate was

24  published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

25  2A carcinogen.  In response to the remaining allegations in paragraph 75, Monsanto states that

26  the document speaks for itself and does not require a response.  To the extent that a response is

27  deemed required, the remaining allegations in paragraph 75 comprise attorney characterizations

28  and are accordingly denied.

76.     In response to the allegations in paragraph 76, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 76 comprise attorney characterizations and are accordingly denied.

77.     In response to the allegations in paragraph 77, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 77 comprise attorney characterizations and are accordingly denied.

78.     Monsanto denies the allegations in paragraph 78.

79.     The allegations in paragraph 79 comprise attorney characterizations and are accordingly denied.

80.     Monsanto admits the allegations in paragraph 80.

81.     In response to the allegations in paragraph 81, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 81 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 81.

82.     In response to the allegations in paragraph 82, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 82.

83.     The allegations in paragraph 83 are vague and ambiguous and are accordingly denied.

84.     In response to the allegations in paragraph 84, Monsanto states that the cited document speaks for itself and does not require a response.

85.     In response to the allegations in paragraph 85, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 85

1    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

2    paragraph 85.

3           86.    Monsanto denies the allegations in paragraph 86.

4           87.    In response to the allegations in paragraph 87, Monsanto states that the cited

5    document speaks for itself and does not require a response.  Monsanto otherwise denies the

6    allegations in paragraph 87.

7           88.    Monsanto admits that there is no reliable evidence that Roundup®-branded

8    products are genotoxic, and that regulatory authorities and independent experts agree that

9    Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

10   paragraph 88.

11          89.    Monsanto denies the allegations in paragraph 89.

12          90.    Monsanto denies the allegations in paragraph 90.

13          91.    Monsanto denies the allegations in paragraph 91.

14          92.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

15   exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 92.

16          93.    Monsanto denies the allegations in paragraph 93.

17          94.    Monsanto denies the allegations in paragraph 94.

18          95.    Monsanto admits the allegations in paragraph 95.

19          96.    Monsanto denies the allegations in paragraph 96.

20          97.    Monsanto admits the allegations in paragraph 97.

21          98.    Monsanto denies the allegations in paragraph 98.

22          99.    Monsanto denies the allegations in paragraph 99.

23          100.   Monsanto denies the allegations in paragraph 100.

24          101.   Monsanto denies the allegations in paragraph 101.

25          102.   Monsanto denies the allegations in paragraph 102.

26          103.   Monsanto denies the allegations in paragraph 103.

27          104.   Monsanto denies the allegations in paragraph 104.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-06188-VC

1    105.    Monsanto admits that independent experts and regulatory agencies agree that

2    there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

3    products and admits that it has made statements reflecting this fact.  Monsanto denies the

4    remaining allegations in paragraph 105.

5    106.    In response to the allegations in paragraph 106, Monsanto admits that Roundup®-

6    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

7    the products' EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

8    106.

9    107.    Monsanto denies the allegations in paragraph 107.

10    108.    Monsanto denies the allegations in paragraph 108.

11    109.    Monsanto denies the allegations in paragraph 109.

12    110.    Monsanto denies the allegations in paragraph 110.

13    111.    Monsanto denies the allegations in paragraph 111.

14    112.    Monsanto denies the allegations in paragraph 112.

15    113.    Monsanto denies the allegations in paragraph 113.

16    114.    Monsanto denies the allegations in paragraph 114.

17    115.    Monsanto denies the allegations in paragraph 115.

18    116.    Monsanto denies the allegations in paragraph 116.

19    117.    Monsanto denies the allegations in paragraph 117.

20    118.    In response to the allegations in paragraph 118, Monsanto admits that Roundup®-

21    branded products are highly valued by its customers because of their efficacy and safety.

22    Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The

23    remaining allegations in paragraph 118 are vague and conclusory and comprise attorney

24    characterizations and are accordingly denied.

25    119.    In response to the allegations in paragraph 119, Monsanto admits that following

26    the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such

27    seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks

28    information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

1   cited in paragraph 119 and accordingly denies those allegations.  The remaining allegations in

2   paragraph 119 are vague and conclusory and comprise attorney characterizations and are

3   accordingly denied.

4          120.    In response to the allegations in paragraph 120, Monsanto admits that glyphosate

5   is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that

6   it is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks

7   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

8   cited in paragraph 120 and accordingly denies the same.  The remaining allegations in paragraph

9   120 are vague and conclusory and comprise attorney characterizations and are accordingly

10  denied.

11         121.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 121 and therefore denies those allegations.

13         122.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in paragraph 122 and therefore denies those allegations.

15         123.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16  truth of the allegations in paragraph 123 and therefore denies those allegations.

17         124.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 124 and therefore denies those allegations.

19         125.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations in paragraph 125 and therefore denies those allegations.

21         126.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22  truth of the allegations in paragraph 126 and therefore denies those allegations.

23         127.    Monsanto denies the allegations in paragraph 127.

24         128.    Monsanto incorporates by reference its responses to paragraphs 1 through 127 in

25  response to paragraph 128 of plaintiffs' Complaint.

26         129.    Monsanto denies the allegations in paragraph 129.

27         130.    In response to the allegations in paragraph 130, Monsanto admits that Roundup®-

28  branded products are safe, non-carcinogenic, and non-genotoxic when used in accordance with

- 15 -
MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-06188-VC

1   the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph
2   130.

3          131.    Monsanto denies that exposure to Roundup®-branded products and glyphosate
4   exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in
5   paragraph 131.  Monsanto states, however, that the scientific studies upon which IARC
6   purported to base its classification were all publicly available before March 2015.

7          132.    Monsanto denies the allegations in the first and last sentences of paragraph 116.
8   The remaining allegations in paragraph 132 set forth conclusions of law for which no response is
9   required.  Monsanto states, however, that the scientific studies upon which IARC purported to
10  base its classification were all publicly available before March 2015.

11         133.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint
12  and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-
13  branded products can cause cancer.  Monsanto states, however, that the scientific studies upon
14  which IARC purported to base its classification were all publicly available before March 2015.
15  The remaining allegations in paragraph 133 set forth conclusions of law for which no response is
16  required, consist of attorney characterizations and are accordingly denied, or comprise
17  allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to
18  the truth of the allegations asserted and therefore denies those allegations.

19         134.    The allegations in paragraph 134 set forth conclusions of law for which no
20  response is required.  To the extent that a response is deemed required, Monsanto denies the
21  allegations in paragraph 134.  Monsanto states that the scientific studies upon which IARC
22  purported to base its cancer classification for glyphosate were all publicly available before
23  March 2015.

24         135.    Monsanto incorporates by reference its responses to paragraphs 1 through 134 in
25  response to paragraph 135 of plaintiffs' Complaint.

26         136.    The allegations in paragraph 136 set forth conclusions of law for which no
27  response is required.

28         137.    Monsanto denies the allegations in paragraph 137.

138.    Monsanto denies the allegations in paragraph 138, including each of its subparts.

139.    Monsanto denies the allegations in paragraph 139.

140.    Monsanto denies the allegations in paragraph 140.

141.    Monsanto denies the allegations in paragraph 141, including each of its subparts.

142.    Monsanto denies the allegations in paragraph 142.

143.    Monsanto denies the allegations in paragraph 143.

144.    Monsanto denies the allegations in paragraph 144.

145.    Monsanto denies the allegations in paragraph 145.

146.    Monsanto denies the allegations in paragraph 146.

147.    Monsanto denies the allegations in paragraph 147..

148.    Monsanto incorporates by reference its responses to paragraphs 1 through 147 in response to paragraph 148 of plaintiffs' Complaint.

149.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 149 and therefore denies those allegations.

150.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 150 and therefore denies those allegations.

151.    Monsanto denies the allegations in paragraph 151.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies the allegations in paragraph 154, including each of its subparts.

155.    Monsanto denies the allegations in paragraph 155.

156.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 156 concerning plaintiffs' claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 156, including that Roundup®-branded products have "dangerous characteristics."

157.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 157 and therefore denies those allegations.

1         158.    Monsanto denies the allegations in paragraph 158.

2         159.    The allegations in paragraph 159 set forth conclusions of law for which no

3 response is required.

4         160.    Monsanto denies the allegations in paragraph 160.

5         161.    Monsanto denies the allegations in paragraph 161.

6         162.    Monsanto denies the allegations in paragraph 162.

7         163.    Monsanto denies the allegations in paragraph 163.

8         164.    Monsanto denies the allegations in paragraph 164.

9         165.    Monsanto denies the allegations in paragraph 165.

10         166.    Monsanto denies the allegations in paragraph 166.

11         167.    Monsanto denies the allegations in paragraph 167.

12         168.    Monsanto denies the allegations in paragraph 168.

13         169.    Monsanto denies the allegations in paragraph 169.

14         170.    Monsanto incorporates by reference its responses to paragraphs 1 through 169 in

15 response to paragraph 170 of plaintiffs' Complaint.

16         171.    The allegations in paragraph 171 set forth conclusions of law for which no

17 response is required.

18         172.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19 truth of the allegations in paragraph 172 and therefore denies those allegations.

20         173.    Monsanto denies the allegations in paragraph 173.  All labeling of Roundup®-

21 branded products has been and remains EPA-approved and in compliance with all federal

22 requirements under FIFRA.

23         174.    Monsanto denies the allegations in paragraph 174.

24         175.    Monsanto denies the allegations in paragraph 175.  All labeling of Roundup®-

25 branded products has been and remains EPA-approved and in compliance with all federal

26 requirements under FIFRA.

27

28

176.    Monsanto denies the allegations in paragraph 176.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

177.    Monsanto denies the allegations in paragraph 177.

178.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 178 regarding plaintiff's use history and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 178.

179.    The allegations in paragraph 178 set forth conclusions of law for which no response is required.

180.    Monsanto denies the allegations in paragraph 180.

181.    Monsanto denies the allegations in paragraph 181.

182.    Monsanto denies the allegations in paragraph 182.

183.    Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 183.

184.    The allegations in paragraph 184 set forth conclusions of law for which no response is required.

185.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 185 and therefore denies those allegations.

186.    Monsanto denies the allegations in paragraph 186.

187.    Monsanto denies the allegations in paragraph 187.

188.    Monsanto denies the allegations in paragraph 188.

189.    Monsanto denies the allegations in paragraph 189.

190.    Monsanto denies the allegations in paragraph 190.

191.    Monsanto denies the allegations in paragraph 191.

192.    Monsanto incorporates by reference its responses to paragraphs 1 through 191 in response to paragraph 192 of plaintiffs' Complaint.

193.    Monsanto denies the allegations in paragraph 193.

1    194.    Monsanto denies that Roundup®-branded products have carcinogenic properties

2  and health risks associated with Roundup®-branded products.  The remaining allegations in

3  paragraph 194 set forth conclusions of law for which no response is required.  To the extent that

4  a response is deemed required, Monsanto denies the allegations in paragraph 194, including each

5  of its subparts.  All labeling of Roundup®-branded products has been and remains EPA-approved

6  and in compliance with all federal requirements under FIFRA.

7    195.    Monsanto denies the allegations in paragraph 195.

8    196.    Monsanto denies the allegations in paragraph 196.

9    197.    Monsanto denies the allegations in paragraph 197.

10    198.    Monsanto denies the allegations in paragraph 198.

11    199.    Monsanto denies the allegations in paragraph 199.

12    200.    Monsanto denies the allegations in paragraph 200.

13    201.    The allegations in the first sentence of paragraph 201 set forth conclusions of law

14  for which no response is required.  Monsanto denies the remaining allegations in paragraph 201.

15    202.    Monsanto denies the allegations in paragraph 202.

16    203.    Monsanto denies the allegations in paragraph 203.

17    204.    Monsanto denies the allegations in paragraph 204.

18    205.    Monsanto denies the allegations in paragraph 205.

19    206.    Monsanto incorporates by reference its responses to paragraphs 1 through 205 in

20  response to paragraph 206 of plaintiffs' Complaint.

21    207.    Monsanto denies the allegations in paragraph 207.

22    208.    Monsanto denies the allegations in paragraph 208.

23    209.    Monsanto denies the allegations in paragraph 209.

24    210.    Monsanto denies the allegations in paragraph 210.

25    211.    Monsanto denies the allegations in paragraph 211.

26    212.    Monsanto denies the allegations in paragraph 212.

27    213.    Monsanto denies the allegations in paragraph 213.

28    214.    Monsanto denies the allegations in paragraph 214.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-06188-VC

1        215.     Monsanto denies the allegations in paragraph 215.

2        216.     Monsanto denies the allegations in paragraph 216.

3        217.     Monsanto incorporates by reference its responses to paragraphs 1 through 216 in

4 response to paragraph 217 of plaintiffs' Complaint.

5        218.     Monsanto denies the allegations in paragraph 218.

6        219.     Monsanto denies the allegations in paragraph 219.

7        220.     Monsanto denies the allegations in paragraph 220.

8        221.     Monsanto incorporates by reference its responses to paragraphs 1 through 220 in

9 response to paragraph 221 of plaintiffs' Complaint.

10       222.     Monsanto lacks information or knowledge sufficient to form a belief as to the

11 truth of the remaining allegations in paragraph 222 and therefore denies those allegations.

12       223.     Monsanto denies the allegations in paragraph 223.

13       224.     In response to the allegations in paragraph 224, Monsanto admits that plaintiff

14 purports to bring a claim for loss of consortium but denies any liability as to that claim.

15       225.     Monsanto denies the allegations in paragraph 225.

16       In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

17 denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

18 damages, interest, costs, or any other relief whatsoever.

19       Every allegation in the Complaint that is not specifically and expressly admitted in this

20 Answer is hereby specifically and expressly denied.

21       **<u>SEPARATE AND AFFIRMATIVE DEFENSES</u>**

22       1.     The Complaint, in whole or part, fails to state a claim or cause of action against

23 Monsanto upon which relief can be granted.

24       2.     Plaintiffs' claims are barred because plaintiff cannot proffer any scientifically

25 reliable evidence that the products at issue were defective or unreasonably dangerous.

26       3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted,

27 was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

28 plaintiffs' alleged injuries.

4.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.      Plaintiffs' claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.      Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

16.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Ohio Constitution, and/or other applicable state constitutions.

18.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Ohio law and/or other applicable state laws.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Ohio Rev. Code Ann. § 2315.21.

20.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

21.     Plaintiffs' claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiffs' claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

24. Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

25. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26. Plaintiffs' claims are barred or limited to the extent that plaintiffs asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27. Plaintiffs' claims are barred to the extent that plaintiffs seeks relief under the laws of states that do not govern plaintiffs' claims.

28. Plaintiffs have failed to allege fraud with sufficient particularity.

29. Plaintiffs' common law claims are barred, in whole or part, by application of the Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2307.80.

30. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-06188-VC

1

<h1 style="text-align:center">JURY TRIAL DEMAND</h1>

2
Monsanto demands a jury trial on all issues so triable.

3

4  DATED:  October 21, 2019                      Respectfully submitted,

5

6                                               /s/ Joe G. Hollingsworth
                                                Joe G. Hollingsworth (*pro hac vice*)
7                                               (jhollingsworth@hollingsworthllp.com)
                                                Eric G. Lasker (*pro hac vice*)
8                                               (elasker@hollingsworthllp.com)
                                                HOLLINGSWORTH LLP
9                                               1350 I Street, N.W.
                                                Washington, DC  20005
10                                              Telephone:  (202) 898-5800
                                                Facsimile:   (202) 682-1639
11
                                                *Attorneys for Defendant*
12                                              *MONSANTO COMPANY*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 25 -