**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
           elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Vonta Mae Palframan and David Palframan v. Monsanto Co.* | |

**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Vonta Mae Palframan and David Palframan's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Although many paragraphs in the Complaint allege exposure or use of Monsanto products by "Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to plaintiff Vonta Mae Palframan.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiffs' Complaint.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  Monsanto admits the allegations in the second sentence of paragraph 7.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 8 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 8.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

10.      Monsanto admits the allegations in paragraph 10.

11.      The allegations in paragraph 11 comprise attorney characterizations and are accordingly denied.

12.      In response to the allegations in paragraph 12, Monsanto admits that it sells Roundup®-branded products in Michigan.

13.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.      The allegations in paragraph 14 are vague and conclusory and comprise attorney

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC

characterizations and are accordingly denied.

15. The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16. Monsanto admits the allegations in paragraph 16.

17. Monsanto admits that it is authorized to do business in Michigan. The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18. Monsanto denies the allegations in paragraph 18.

19. Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products. The remaining allegations in paragraph 19 set forth conclusions of law for which no response is required.

20. Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world. Monsanto states that the remaining allegations in paragraph 20 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

21. Monsanto admits the allegations in paragraph 21.

22. In response to the allegations in paragraph 22, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 22 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

23. Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 23 comprise attorney characterizations and are accordingly denied.

24. Monsanto admits the allegations in paragraph 24.

25. Monsanto generally admits the allegations in paragraph 25, but denies the

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC

allegations in paragraph 25 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

26.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies those allegations.

27.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 27.

28.     Monsanto admits the allegations in paragraph 28.

29.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 29.

30.     The allegations in paragraph 30 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 30.

31.     In response to the allegations in paragraph 31, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 31 set forth conclusions of law for which no response is required.

32.     The allegations in paragraph 32 set forth conclusions of law for which no response is required.

33.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Michigan for sale and distribution.

34.     In response to the allegations in paragraph 34, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC

environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 34 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 34 set forth conclusions of law for which no answer is required.

35.     In response to the allegations in paragraph 35, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore denies those allegations.

36.   In response to the allegations in paragraph 36, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC

advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  The remaining allegations in paragraph 36 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

37.     In response to the allegations in paragraph 37, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 37 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

38.     Monsanto denies the allegations in paragraph 38.

39.     Monsanto denies the allegations in paragraph 39.

40.     In response to the allegations in paragraph 40, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 40 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 and therefore denies those allegations.

41.     Monsanto admits the allegations in paragraph 41.

42.     In response to the allegations in paragraph 42, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 42 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 and therefore denies those allegations.

43.     Monsanto states that the term "toxic" as used in paragraph 43 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 43.

44.     Monsanto admits the allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC

1  required, Monsanto denies the allegations in paragraph 45.

2  46.      In response to the first and second sentences in paragraph 46, Monsanto admits

3  that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle

4  regulation" in 2004.  To the extent that paragraph 46 characterizes the meaning of the cited study,

5  Monsanto denies the remaining allegations in the first and second sentences of paragraph 46.  In

6  response to the remaining allegations in paragraph 46, Monsanto states that these documents

7  speak for themselves and do not require a response. To the extent that a response is deemed

8  required, Monsanto denies the remaining allegations in paragraph 46.

9  47.      In response to the allegations in the first sentence of paragraph 47, Monsanto states

10  that the cited document speaks for itself and does not require a response.  To the extent that the

11  first sentence of paragraph 47 characterizes the meaning of the cited study, Monsanto denies the

12  remaining allegations in paragraph 47.  Monsanto denies the remaining allegations in paragraph

13  47.

14  48.      In response to the allegations in paragraph 48, Monsanto states that the cited

15  document speaks for itself and does not require a response.  To the extent that paragraph 48

16  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

17  paragraph 48.

18  49.      Monsanto denies the allegation that the cited studies support the allegation that

19  glyphosate or Roundup®-branded products pose any risk to human health and denies the

20  remaining allegations in paragraph 49.

21  50.      Monsanto denies the allegations in paragraph 50.

22  51.      Monsanto denies the allegations in paragraph 51.

23  52.      Monsanto admits that the International Agency for Research on Cancer ("IARC")

24  is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks

25  information or knowledge sufficient to form a belief as to the truth of the remaining allegations in

26  paragraph 52 and therefore denies those allegations.

27  53.      In response to the allegations in paragraph 53, Monsanto denies that IARC follows

28  stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC

1  knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph

2  53, which are not limited as of any specified date, and accordingly denies the same.

3       54.     In response to the allegations in paragraph 54, Monsanto admits that IARC sets

4  forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

5  Monsanto denies the remaining allegations in paragraph 54.

6       55.     Monsanto denies any suggestion that IARC reviewed the full body of scientific

7  research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it

8  cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a

9  belief as to the truth of the remaining allegations in paragraph 55 and therefore denies those

10 allegations.

11      56.     Monsanto denies any suggestion that IARC reviewed the full body of scientific

12 research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it

13 cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a

14 belief as to the truth of the remaining allegations in paragraph 56 and therefore denies those

15 allegations.

16      57.     Monsanto denies the allegations in paragraph 57 to the extent that they suggest that

17 IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a

18 Group 2A agent in March 2015.

19      58.     In response to the allegations in paragraph 58, Monsanto admits that IARC issued

20 its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the

21 monograph was prepared by a "working group" of individuals selected by IARC who met over a

22 one week period in March 2015 to consider glyphosate along with a number of other substances.

23 Monsanto denies the allegation that all members of the working group are "experts."  Monsanto

24 denies that the working group or anyone at IARC conducted a one-year review of the scientific

25 evidence related to glyphosate or that the working group's findings reflected a comprehensive

26 review of the latest available scientific evidence.  Monsanto also denies that the working group

27 considered all information available in the scientific literature and all data from government

28 reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

60.     The allegations in paragraph 60 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

61.     In response to the allegations in paragraph 61, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 61 are denied.

62.     In response to the allegations in paragraph 62, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

63.     Monsanto denies the allegations in paragraph 63.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

64.     In response to the allegations in paragraph 64, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community

1    residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such

2    a conclusion or that the authors of the study reached such a conclusion.

3         65.    In response to the allegations in paragraph 65, Monsanto admits that the IARC

4    working group purported to make these findings, but denies that the animal carcinogenicity

5    studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

6    of the identified tumors.  Monsanto further states that regulatory agencies around the world have

7    reviewed the same animal studies and concluded that they do not provide evidence that

8    glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 65.

9         66.    In response to the allegations in paragraph 66, Monsanto admits that the IARC

10   working group purported to make these findings but denies that the cited studies provide any

11   reliable basis for a finding that any meaningful levels of glyphosate or AMPA is present or

12   persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 66.

13        67.    In response to the allegations in paragraph 67, Monsanto admits that the IARC

14   working group interpreted a selected number of experimental studies as evidence that glyphosate

15   can cause genotoxicity, but Monsanto denies that the working group reliably considered the full

16   body of scientific data on such alleged genotoxic endpoints and denies that the working group

17   reliably interpreted the studies that it selected for consideration.  Regulators around the world

18   repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining

19   allegations in paragraph 67.

20        68.    In response to the allegations in paragraph 68, Monsanto admits that the IARC

21   working group purported to find such effects, but denies that there is any reliable scientific basis

22   for such conclusion.  Monsanto denies the remaining allegations in paragraph 68.

23        69.    In response to the allegations in paragraph 69, Monsanto admits that the working

24   group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but

25   denies that the working group characterized that study as supporting an association between

26   glyphosate and the specified cancers.  The AHS cohort study did not find a positive association

27   between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph

28   69.

70.     In response to the allegations in paragraph 70, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 70.

71.     In response to the allegations in the first sentence of paragraph 71, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in the first sentence of paragraph 71.   In response to the allegations in the second sentence of paragraph 71, Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder*

*Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

In response to the allegations in the third sentence of paragraph 71, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 71 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.  Monsanto denies the remaining allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

73.     Monsanto denies the allegations in paragraph 73 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 73 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations. In response to the final sentence in paragraph 73, Monsanto admits that

- 12 -

1    three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the

2    individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

3    herbicides.

4        74.    In response to the allegations in paragraph 74, Monsanto admits that it – along

5    with numerous other private companies – hired Craven Laboratories as an independent laboratory

6    to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the

7    remaining allegations in paragraph 74.

8        75.    In response to the allegations in the first sentence of paragraph 75, Monsanto

9    admits that EPA investigated Craven Laboratories in March 1991 for fraud.  In response to the

10   allegations in the second sentence of paragraph 75, Monsanto admits that it was defrauded by

11   Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven

12   Laboratories at a substantial cost.  To the extent that the allegations in paragraph 75 are intended

13   to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those

14   allegations.

15       76.    In response to the allegations in the first two sentences of paragraph 76, Monsanto

16   admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National

17   Primary Drinking Water Regulations, relating to glyphosate that predates the IARC March 20,

18   2015 evaluation, and that the Complaint accurately quotes from the identified document, which

19   should be read in context of EPA's precautionary regulatory mandate and the EPA's consistent

20   finding that glyphosate does not pose any cancer risk to humans.  In response to the allegations in

21   the third sentence of paragraph 76, Monsanto admits that the Northwest Coalition for Alternatives

22   to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis

23   for any conclusions regarding potential health risks from glyphosate.  Monsanto notes that a

24   federal district court has characterized this same publication as an "advocacy piece[] published in

25   [a] non-peer-reviewed journal."  See *Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

26       77.    In response to the allegations in paragraph 77, Monsanto admits that the IARC

27   working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

28   discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

1  based herbicides, but denies that there is any scientific basis for the concerns raised by the

2  improper IARC classification.  Monsanto denies the remaining allegations in paragraph 77.

3      78.     In response to the allegations in paragraph 78, Monsanto admits that the IARC

4  working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

5  discussions and/or restrictions regarding the sale and/or use of glyphosate-based herbicides,

6  including the Netherlands, but denies that there is any scientific basis for the concerns raised by

7  the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 78.

8      79.     In response to the allegations in paragraph 79, Monsanto admits that the IARC

9  working group classification led an individual government attorney in Brazil to write a letter to

10  the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the

11  remaining allegations in paragraph 79.

12      80.     Monsanto admits that, in France, the sale to and use by amateurs (i.e., non-

13  professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as

14  of January 1, 2019, with certain exceptions. Monsanto denies the remaining allegations in

15  paragraph 80.

16      81.     In response to the allegations in paragraph 81, Monsanto admits that some

17  employees of Bermuda's government announced an intention to suspend the importation of

18  glyphosate-based herbicides, but lacks information sufficient to form a belief as to the truth of the

19  allegations about whether this suspension took effect and accordingly denies the same.  Monsanto

20  denies the remaining allegations in paragraph 81.

21      82.     In response to the allegations in paragraph 82, Monsanto admits that the IARC

22  monograph appears to be the alleged basis for the Sri Lankan government's actions, including the

23  allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations

24  regarding kidney disease found in Sri Lanka are unrelated to plaintiffs' and/or plaintiffs'

25  decedent's allegations regarding claimed carcinogenicity.  Monsanto denies the remaining

26  allegations in paragraph 82.

27      83.     In response to the allegations in the first sentence of paragraph 83, Monsanto

28  admits that, in September 2019, the German government announced certain restrictions on

1   glyphosate use, with the ultimate goal of banning all uses of glyphosate by the end of 2023, but

2   Monsanto states that it is not currently clear whether that ban will go into effect.  Monsanto

3   denies the allegations in the second sentence of paragraph 83.

4       84.    In response to the allegations in paragraph 84, Monsanto admits that it has stated

5   and continues to state that Roundup®-branded products are safe when used as labeled and that

6   they are non-carcinogenic and non-genotoxic.

7       85.    In response to the allegations in the first sentence of paragraph 85, Monsanto

8   admits that a 1986 joint report of the World Health Organization and Food and Agriculture

9   Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-

10  branded products.  Monsanto denies that this report is the "primary" cite in support of the safety

11  of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be

12  a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 85.

13      86.    Monsanto denies the allegations in paragraph 86.

14      87.    Monsanto denies the allegations in paragraph 87.

15      88.    Monsanto denies the allegations in paragraph 88.

16      89.    Monsanto denies the allegations in paragraph 89.

17      90.    Monsanto denies the allegations in paragraph 90.

18      91.    Monsanto denies the allegations in paragraph 91.

19      92.    Monsanto denies the allegations in paragraph 92.

20      93.    Monsanto denies the allegations in paragraph 93.

21      94.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

22  of the allegations in paragraph 94 and therefore denies those allegations.

23      95.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

24  of the allegations in the first sentence of paragraph 95 and therefore denies those allegations.

25  Monsanto denies the remaining allegations in paragraph 95.

26      96.    Monsanto denies the allegations in paragraph 96.

27      97.    Monsanto incorporates by reference its responses to paragraphs 1 through 96 in

28  response to paragraph 97 of plaintiffs' Complaint.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC

98.     Monsanto denies the allegation in paragraph 98.

99.     In response to the allegations in paragraph 99, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

100.    In response to the allegations in paragraph 100, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that paragraph 100 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

101.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 101.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

102.    Monsanto denies the allegations in the first sentence of paragraph 102.  The remaining allegations in paragraph 102 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

103.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 103 and therefore denies those allegations.

- 16 -

104.    Monsanto incorporates by reference its responses to paragraphs 1 through 103 in response to paragraph 104 of plaintiffs' Complaint.

105.    The allegations in paragraph 105 set forth conclusions of law for which no response is required.

106.    Monsanto denies the allegations in paragraph 106.

107.    Monsanto denies the allegations in paragraph 107, including each of its subparts.

108.    Monsanto denies the allegations in paragraph 108.

109.    Monsanto denies the allegations in paragraph 109, including each of its subparts.

110.    Monsanto denies the allegations in paragraph 110.

111.    Monsanto denies the allegations in paragraph 111.

112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto denies the allegations in paragraph 113.

In response to the "WHEREFORE" paragraph following paragraph 113, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

114.    Monsanto incorporates by reference its responses to paragraphs 1 through 113 in response to paragraph 114 of plaintiff's Complaint.

115.    In response to the allegations in paragraph 115, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 115.

116.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 116 and therefore denies those allegations.

117.    Monsanto denies the allegations in paragraph 117.

118.    Monsanto denies the allegations in paragraph 118.

119.    Monsanto denies the allegations in paragraph 119.

1    120.    Monsanto denies the allegations in paragraph 120.

2    121.    Monsanto denies the allegations in paragraph 121.

3    122.    Monsanto denies the allegations in paragraph 122.

4    123.    Monsanto denies that Roundup®-branded products have "dangerous

5    characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the remaining allegations in paragraph 123 and therefore denies those allegations.

7    124.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

8    of the allegations in paragraph 124 and therefore denies those allegations.

9    125.    Monsanto denies the allegations in paragraph 125.

10   126.    The allegations in the first sentence of paragraph 126 set forth conclusions of law

11   for which no response is required. Monsanto denies the allegations in the second sentence of

12   paragraph 126.

13   127.    Monsanto denies the allegations in paragraph 127.

14   128.    Monsanto denies the allegations in paragraph 128.

15   129.    Monsanto denies the allegations in paragraph 129.

16   130.    Monsanto denies the allegations in paragraph 130.

17   131.    Monsanto denies the allegations in paragraph 131.

18   132.    Monsanto denies the allegations in paragraph 132.

19   133.    Monsanto denies the allegations in paragraph 133.

20   In response to the "WHEREFORE" paragraph following paragraph 133, Monsanto

21   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

22   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

23   fees as allowed by law and such further and additional relief as this Court may deem just and

24   proper.

25   134.    Monsanto incorporates by reference its responses to paragraphs 1 through 133 in

26   response to paragraph 134 of plaintiff's Complaint.

27   135.    The allegations in paragraph 135 set forth conclusions of law for which no

28   response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC

136.     Monsanto denies the allegations in paragraph 136.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

137.     Monsanto denies the allegations in paragraph 137.

138.     Monsanto denies the allegations in paragraph 138.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

139.     Monsanto denies the allegations in paragraph 139.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

140.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 140 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 140.

141.     The allegations in paragraph 141 set forth conclusions of law for which no response is required.

142.     Monsanto denies the allegations in paragraph 142.

143.     Monsanto denies the allegations in paragraph 143.

144.     Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 144.

145.     The allegations in the first sentence of paragraph 145 set forth conclusions of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 145 and therefore denies those allegations.

146.     Monsanto denies the allegations in paragraph 146.

147.     Monsanto denies the allegations in paragraph 147.

In response to the unnumbered paragraph immediately following paragraph 147, Monsanto denies the allegations in said paragraph.

In response to the "WHEREFORE" paragraph following paragraph 147, Monsanto

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC

1  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

2  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

3  fees as allowed by law and such further and additional relief as this Court may deem just and

4  proper.

5      148.    Monsanto incorporates by reference its responses to paragraphs 1 through 147 in

6  response to paragraph 148 of plaintiff's Complaint.

7      149.    Monsanto denies the allegations in paragraph 149.  Additionally, the allegations in

8  the last sentence in paragraph 149 set forth conclusions of law for which no response is required.

9      150.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

10 of the allegations in paragraph 150 concerning the plaintiff's claimed use of Roundup®-branded

11 products and therefore denies those allegations.  The remaining allegations in paragraph 150 set

12 forth conclusions of law for which no response is required.

13     151.    The allegations in the first sentence of paragraph 151 set forth conclusions of law

14 for which no response is required. Monsanto denies the allegations in the second sentence of

15 paragraph 151.

16     152.    The allegation in paragraph 152 regarding a purported implied warranty sets forth

17 a conclusion of law for which no response is required.  Monsanto lacks information or knowledge

18 sufficient to form a belief as to the truth of the remaining allegations in paragraph 152 and

19 therefore denies those allegations.

20     153.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

21 of the allegations in paragraph 153 concerning the condition of any Roundup®-branded product

22 allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies

23 the allegations in paragraph 153.

24     154.    Monsanto denies the allegations in paragraph 154.

25     155.    Monsanto denies the allegations in paragraph 155.

26     156.    Monsanto denies the allegations in paragraph 156.

27     In response to the "WHEREFORE" paragraph following paragraph 156, Monsanto

28 demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

1   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

2   fees as allowed by law and such further and additional relief as this Court may deem just and

3   proper.

4         157.     Monsanto incorporates by reference its responses to paragraphs 1 through 156 in

5   response to paragraph 157 of plaintiffs' Complaint.

6         158.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth

7   of the allegations in paragraph 158 regarding the marital status of plaintiffs and accordingly

8   denies those allegations.

9         159.     Monsanto denies the allegations in paragraph 159.

10         In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

11   denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

12   damages, interest, costs, or any other relief whatsoever.

13         Every allegation in the Complaint that is not specifically and expressly admitted in this

14   Answer is hereby specifically and expressly denied.

15                 **SEPARATE AND AFFIRMATIVE DEFENSES**

16         1.     The Complaint, in whole or part, fails to state a claim or cause of action against

17   Monsanto upon which relief can be granted.

18         2.     Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically

19   reliable evidence that the products at issue were defective or unreasonably dangerous.

20         3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was

21   so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

22   plaintiffs' alleged injuries.

23         4.     Plaintiffs' claims are barred, in whole or in part, because the products at issue were

24   designed, manufactured, marketed and labeled with proper warnings, information, cautions and

25   instructions, in accordance with the state of the art and the state of scientific and technological

26   knowledge.

27         5.     Plaintiffs' claims are barred, in whole or in part, because the products at issue were

28   not defective or unreasonably dangerous in that they complied with, at all relevant times, all

1    applicable government safety standards.

2          6.      Any claims based on allegations that Monsanto misled, defrauded, made

3    misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See,*

4    *e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

5    *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

6          7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law

7    relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

8    processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9          8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings

10   that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product

11   labeling.

12         9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary

13   jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

14         10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any,

15   were the result of conduct of plaintiff, independent third parties, and/or events that were

16   extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

17   independent, intervening and superseding causes of the alleged injuries, including but not limited

18   to plaintiff's pre-existing medical conditions.

19         11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and

20   k, bar plaintiffs' claims against Monsanto in whole or in part.

21         12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or

22   in part.

23         13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions

24   bar plaintiffs' claims in whole or in part.

25         14.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries

26   or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is

27   neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the

28   relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes

- 22 -

that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Michigan Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Michigan law and/or other applicable state laws.

20.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Michigan law.

21.      Plaintiffs' claims are barred in whole or in part by plaintiff's contributory/comparative negligence.

22.     Plaintiffs' claims are barred in whole or in part by plaintiff's failure to mitigate damages.

23.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receive from collateral sources.

25.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

28.     Plaintiffs' strict liability claims are barred because Michigan does not recognize a cause of action for strict liability in tort.

29.     Plaintiffs have failed to allege fraud with sufficient particularity.

30.     Plaintiffs' claims are barred, in whole or in part, by application of Mich. Com. Laws §§ 600.2946(4)

31.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  October 22, 2019                         Respectfully submitted,


/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC