Kelly Elswick-Hall
West Virginia State Bar No. 6578
Marvin W. Masters
West Virginia State Bar No. 2359
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia 25301
304-342-3106
304-342-3189 FAX
keh@themasterslawfirm.com
mwm@themasterslawfirm.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-2741-VC |
| This document relates to: | **PLAINTIFFS' MOTION TO REMAND** |
| *Roger Bryant et al., vs. Monsanto Company, et al.,* Case No. 3:19-cv-06395-VC | **Hearing date November 21, 2019 at 10:00 am** |

The plaintiffs, by and through the undersigned counsel, hereby respectfully submit the following Motion to Remand. Plaintiffs have properly pleaded causes of action against non-diverse defendants. While defendant Monsanto Company disputes the underlying substantive allegations against the non-diverse defendants, its factual denials are not sufficient to create diversity jurisdiction under long-standing applicable law. Additionally, even resolving all of the facts in favor of Monsanto, which would be improper, the Court has not been provided with sufficient, undisputed information from which it can determine the citizenship of the entities Monsanto claims owned and operated the Nitro plant at issue in this case. As it is Monsanto's burden to show complete diversity, and it has not conclusively done so, the case must be remanded. At a minimum, plaintiffs are entitled to conduct discovery on the jurisdictional issues rather than relying upon cursory, self-serving affidavits provided by a defendant.

Monsanto submits self-serving affidavits consisting of denials made by Monsanto- related entities and management. To deny plaintiffs' motion to remand, the Court will need to believe all the disputed facts claimed by Monsanto, and disregard all of plaintiffs' claims and pleadings. Plaintiffs cannot possibly be expected to prove their causes of action against the defendants, diverse or non-diverse, without having any opportunity to conduct discovery. Plaintiffs cannot even cross examine the proponents of the affidavits. Often times, defendants in civil suits claim that they were not involved or that they are "not the right guy," as Monsanto does here, when thorough discovery reveals that is not true. For the Court to rely conclusively and exclusively on defendant's evidence, when plaintiffs have no opportunity for discovery, gives it an advantage that effectively eliminates plaintiffs' due process.[1] As further grounds for this motion, plaintiffs state as follows:

1.      Roger and Judy Bryant are residents of Mason County, West Virginia. Plaintiff Roger Bryant used glyphosate products beginning in the late 1970's to control weeds on his property and on his father's farm property. (Plaintiffs' Complaint, Ex. 1, ¶. 4) He purchased those products in and around Mason County. (Compl. ¶. 5) He developed Non-Hodgkin's Lymphoma ("NHL") as a result of exposure to glyphosate, including

---

[1] Plaintiffs timely filed a Motion to Remand while the case was in the Southern District of W.Va. (Motion and Memorandum w/o exhibits, Ex. 2) The Court did not rule upon the motion prior to transfer. As such, plaintiffs file again here, with the addition of 9th Circuit law.

1

1. Roundup®, which was directly and proximately caused by the unreasonably dangerous and defective nature of Roundup®, and its active ingredient, glyphosate, and the wrongful conduct of the defendants. (Compl. Ex. 1, ¶ 2)

2. According the to the West Virginia Secretary of State, Defendant Flexsys America Limited, is a West Virginia General Partnership, with the address of its partner listed as Flexsys America, LP, with an address of 5509 Big Tyler Road, Suite 1, Cross Lanes, West Virginia, which Plaintiffs are informed and believe, at relevant times, operated a plant and premises in Nitro, West Virginia (hereinafter "Nitro plant"). (See W.Va. Secretary of State Business and Licensing – On Line Data Services for Flexsys America Limited, Ex. 3,[2] and Comp., Ex. 1, ¶ 17)

3. According the to the West Virginia Secretary of State, at relevant times, defendant Monsanto Management Club - Nitro Plant was a West Virginia Corporation, which Plaintiffs are informed and believe, during relevant times, managed a plant in Nitro, West Virginia. (See W.Va. Secretary of State Business and Licensing – On Line Data Services for Monsanto Management Club-Nitro Plant, Ex. 4, and Comp., Ex. 1, ¶ 15)

4. As pleaded in the Complaint, plaintiffs are informed and believe that, at relevant times, the Nitro Plant contained an herbicide division that participated in the design, research, development, production, manufacture, testing, packaging, promoting, marketing, advertising, distribution, labeling, and/or sale of herbicides. (Compl., Ex.1, ¶. 20) Further, plaintiffs are informed and believe that, at relevant times, the Nitro Plant contained a lab, which participated in the design, research, development, and testing of herbicides. (Compl., Ex. 1, ¶. 21)

5. In their complaint for personal injuries, plaintiffs have asserted West Virginia common-law claims of negligence, strict product liability for defective manufacturing, defective design, and failure to warn, violations of the West Virginia Consumer Protection Act, breach of implied warranties, fraud and civil conspiracy, recklessness and tort of outrage and other wrongful conduct against all defendants. No federal common-law or statutory claims have been asserted in this civil action.  (See Comp., Ex. 1, generally) As such, complete diversity does not exist in this case because the plaintiffs and defendants Flexsys America Limited and Monsanto Management Club are citizens of the State of West Virginia.  (See Comp., Ex. 1, generally)

---

[2] West Virginia Secretary of State Online Data Services
https://apps.sos.wv.gov/business/corporations/organization.aspx?org=449522

6.      Complete diversity does not exist in this case because the plaintiffs and defendants Flexsys America Limited and Monsanto Management Club are citizens of the State of West Virginia. (See Comp. generally) The Ninth Circuit holds that all doubts must be resolved against accepting removal jurisdiction: "To protect the jurisdiction of state courts, removal jurisdiction [under 28 U.S.C. § 1441(a)] should be strictly construed in favor of remand." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). There is a "strong presumption against removal jurisdiction." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). The party seeking removal has the burden of establishing federal jurisdiction. *Holcomb v. Bingham Toyota, 871 F.2d 109, 110 (9th Cir. 1989).* There must be **no doubt** that jurisdiction exists. If doubt exists, remand is required. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal.") (emphasis added). "Doubts as to removability must be resolved in favor of remanding the case to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The Fourth Circuit holds the same. See *Marshall v. Manville Sales Corporation*, 6 F.3d 229, 232 (4th Cir. 1993); *Hartley v. CSX Transportation, Inc.*, 187 F.3d 422, 425 (4th Cir. 1999); *Wyatt v. Charleston Area Medical Center, Inc.*, 651 F. Supp.2d 492, 495 (S.D.W.Va. 2009); *Wise v. Travelers Indemnity Co.*, 192 F. Supp.2d 506, 511 (N.D.W.Va. 2002).

7.      "Under the `complete diversity rule,' no party may share common citizenship with any opposing party." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018), *Wise v. Travelers Indemnity Co.*, 192 F. Supp.2d at 510-11. An exception to the above prohibition of removal exists where the non-diverse defendant has been fraudulently joined for the sole purpose of destroying defendants' right of removal. *Grancare,* 889 F.3d at 548.

8.      There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Fraudulent joinder is established the second way if a defendant shows that an "individual[ ] joined in the action cannot be liable on any theory."  But "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand

3

the case to the state court." A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" since there is a "general presumption against [finding] fraudulent joinder." *Grancare*, 889 F.3d at 548-9 (internal citations omitted).

9. The defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. ... A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted. 14A Charles A. Wright *et al.*, *Federal Practice & Procedure* § 3723, at 353-54 (1985).

10. "The motive of the plaintiff, taken by itself, does not affect the right to remove. If there is a joint liability, he has an absolute right to enforce it, whatever the reason that makes him wish to assert the right." *Chicago, Rock Island, & Pacific Railway Co. v. Schwyhart*, 277 U.S. 184, 193, 33 S.Ct. 250, 57 L.Ed. 473 (1913).

11. While the Court may consider matters outside of the pleadings, **a claim of fraudulent joinder cannot be made based upon a disputed assertion that plaintiffs' non-jurisdictional, substantive allegations are false which thereby requires the weighing of evidence or the credibility of witnesses**. *Morris v. E. I. Du Pont De Nemours & Co.*, 68 F.2d 788, 792 (8th Cir. 1934) (emphasis added); *Leonard v. St. Joseph Lead Co.*, 75 F.2d 390, 394-95 (8th Cir. 1935); *Parks v. New York Times Co.*, 308 F.2d 474, 477-78 (5th Cir. 1962); *Chumley v. Great Atlantic & Pacific Tea Co.*, 191 F. Supp. 254, 256 (M.D.N.C. 1961); *Jones v. Capers*, 166 F. Supp. 617, 620 (W.D.Ark. 1958); *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 Fed. Appx. 888, 891-92, 2011 WL 2150183, at 3 (11th Cir. 2011); *Riverdale Baptist Church v. Certainteed Corp.*, 349 F. Supp.2d 943, 948 (D.MD. 2004); *Collins v. Marten Transport, Ltd.*, No. 4:14-CV-0257-VEH, 2014 WL 972245, at *6 (N.D.Ala. March 12, 2014) (Hopkins, J.). *Accord Trout v. John Newcomb Enterprises, Inc.,* No. 5:14-CV-13501, 2014 WL 3362850, at *5 (S.D.W. Va. July 9, 2014).

12. A corporation is a citizen of the state of its incorporation and where its principal place of business is. A corporation's principal place of business is where its "nerve center" is located. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010). For purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374

F.3d 1020, 1022 (11th Cir. 2004).  A partnership is a citizen of any state of which any partner is a citizen.  *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015, 194 L. Ed. 2d 71 (2016).

13.     Defendants have not met their heavy burden of establishing fraudulent joinder.  Complete diversity does not exist in this case because the plaintiffs and defendants Flexsys America Limited and Monsanto Management Club are citizens of the State of West Virginia.

14.     Plaintiffs asserted claims in their complaint that Flexsys America Limited operated the Nitro, West Virginia plant where herbicides were produced. According to the West Virginia Secretary of State, Flexsys America Limited is a West Virginia General Partnership, effective May 15, 1995, with its principal business address of 5509 Big Tyler Road, Cross Lanes, West Virginia 25313-1347. (See Secretary of State Business and Licensing – On Line Data Services for Flexsys America Limited, Ex. 3) The partner for this domestic partnership is Flexsys America LP, with the address listed of 5509 Big Tyler Road, Suite 1, Cross Lanes, West Virginia, 25313-1347. (Ex. 3) The same was alleged against defendant Monsanto Management Club-Nitro Plant, which is a West Virginia corporation. (Ex. 4)

15.     Monsanto claims that the defendant Flexsys America Limited was incorrectly named in this case and that the owner and operator of the Nitro plant is Flexsys America, L.P. with what it summarily claims are out of state partners.  In its notice of removal, nowhere does Monsanto claim that the named defendant, Flexsys America Limited, is a diverse party or that it does not exist as an entity. Even if it did claim this, the West Virginia Secretary of State information would dispute that claim.  (See Ex. 3)

16.     Monsanto makes a disputed factual claim that the Nitro plant at issue in this lawsuit was solely owned and operated by a company called Flexsys America, L.P. However, which company or companies owned or operated the Nitro plant (they can be different and there can be more than one) is a disputed question of fact, and is not the proper subject of determination by this Court.  This is particularly true where there has been no opportunity for discovery.

17.     At most, Monsanto's allegations compared to the Secretary of State documentation create an ambiguity about the status and location of these entities and does not resolve the issue of all of the entities that owned, operated or controlled the Nitro plant.  This ambiguity must be resolved against the defendants.  *See Agee v.*

*Monsanto Co.*, No. 3:09-CV-1336, 2010 WL 3835647, at *5 (S.D.W. Va. Sept. 29, 2010)(" At most, they have demonstrated that there is ambiguity surrounding [Non-diverse defendant's] principal place of business— ambiguity that must be resolved against the defendants. …If the allegations in the plaintiff's Complaint are true, the plaintiff will certainly be able to establish a cause of action against [non-diverse defendant] in state court".)

18. Litigation over who had responsibility for oversight, training, policies and procedures, including shared responsibilities and through shared services, can and often does include multiple companies. Plaintiffs have pleaded that Flexsys America Limited owned and operated the Nitro plant, and, to the extent Monsanto denies that, it will be a determination to be made by the jury or, at best, by the Court upon a properly supported summary judgment.

19. If Monsanto is claiming that Flexsys America Limited is not a separate legal entity as represented by the West Virginia Secretary of State , i.e., that it does not exist, this creates a disputed fact and an ambiguity that must be resolved against the defendant.

20. At the very least, the plaintiffs should be permitted discovery to determine whether Flexsys America Limited is a separate legal entity as represented by the West Virginia Secretary of State, and to determine the citizenship of its members rather than rely upon Monsanto's factual assertions.

21. Plaintiffs are at a distinct disadvantage and do not have access to material information prior to filing a claim. Without discovery, defendants could gain jurisdiction with self- serving or even false affidavits, without the opportunity for a plaintiff or the Court to determine whether whatever they claim is true, and plaintiffs would be without the ability to gather admissible evidence through discovery to rebut it.

22. Monsanto disputes the other factual merits of the plaintiffs' claims in order to try to obtain diversity jurisdiction, which is improper. Defendant Monsanto says that, assuming Flexsys is deemed to be a West Virginia citizen for purposes of diversity, the plaintiff's substantive allegations are false. Monsanto makes the disputed factual claim that Flexsys America L.P., the entity it claims owned and operated the Nitro plant, has never been involved in any way with glyphosate herbicides or any other kind of herbicides. Monsanto further claims another company, Flexsys America, LLC, who is also not a defendant, has not been involved with herbicides. These are precisely the disputed factual denials of the substance of plaintiffs' claims that cannot be the basis for removal.

23. It is well known that a claim of fraudulent joinder cannot be sustained based upon a disputed assertion that plaintiffs' non-jurisdictional, substantive allegations are false which thereby requires the weighing of evidence or the credibility of witnesses. *See*, *e.g.*, *Morris v. E. I. Du Pont De Nemours & Co.*, 68 F.2d 788, 792 (8th Cir. 1934); *Leonard v. St. Joseph Lead Co.*, 75 F.2d 390, 394-95 (8th Cir. 1935); *Parks v. New York Times Co.*, 308 F.2d 474, 477-78 (5th Cir. 1962); *Chumley v. Great Atlantic & Pacific Tea Co.*, 191 F. Supp. 254, 256 (M.D.N.C. 1961); *Jones v. Capers*, 166 F. Supp. 617, 620 (W.D.Ark. 1958); *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 Fed. Appx. 888, 891-92, 2011 WL 2150183, at 3 (11th Cir. 2011); *Riverdale Baptist Church v. Certainteed Corp.*, 349 F. Supp.2d 943, 948 (D.MD. 2004); *Wells' Dairy, Inc. v. American Industrial Refrigeration, Inc.*, 157 F. Supp.2d 1018, 1034-41 (N.D.Iowa 2001); *Grobe v. Vantage Credit Union*, 679 F. Supp.2d 1020, 1026 (E.D.Mo. 2010); *Collins v. Marten Transport, Ltd.*, No. 4:14-CV-0257-VEH, 2014 WL 972245, at *6 (N.D.Ala. March 12, 2014) (Hopkins, J.); *Hampton v. Georgia-Pacific L.L.C.*, Civil Action No. 11-0363-KD-N, 2011 WL 5037587, at **6-8 (S.D.Ala. Sept. 26, 2011) (Nelson, M.J.). Therefore, Monsanto's removal is improper and this case should be remanded.

24. In support of their disputed assertions, the defendants have submitted self–serving affidavits from current and former management of its associated companies restating their factual position that the plaintiffs' claims are false. Self-serving affidavits disputing plaintiffs' facts do not change the impermissible basis for Monsanto's removal. Defendants nearly always deny the factual allegations made against them in a complaint. Plaintiffs are entitled to discovery on these factual issues, Monsanto's disputed contentions require a weighing of the evidence and credibility of the witnesses and, therefore, are not proper grounds upon which to raise a claim of fraudulent joinder. These arguments apply equally to the other West Virginia Corporation, Monsanto Management Club – Nitro Plant.

25. Monsanto's claim that the defendants only made rubber products at the Nitro plant and never made herbicides is false. The Court can take judicial notice that the Nitro plant manufactured and produced pesticides. The Agent Orange multi-plaintiff litigation, which at one point was pending in the Southern District of West Virginia, resulted in a multi-million dollar settlement for exposure of residents surrounding the Nitro plant. *Agee*

*v. Monsanto Co.,* No. 3:09-CV-1336, 2010 WL 3835647, (S.D.W. Va. Sept. 29, 2010) (remanding case to state court).  Agent Orange is a pesticide.

26.  Even assuming as true that the Nitro plant did not manufacture glyphosate, which cannot be assumed for purposes of removal jurisdiction, the Nitro plant had a lab where they tested Monsanto products. Plaintiffs have pleaded that defendants researched, designed and tested their products at the Nitro plant, which very well would have included their pesticides and could have involved testing and research regarding glyphosate and its precursors. These facts must be presumed true in a diversity analysis.

27.  With regard to Monsanto Management Club – Nitro Plant, the affidavit and, to a limited extent, the charter, say it was a corporation consisting of all of Monsanto management and professional staff and Monsanto claims that only arranged social gatherings, but why would the Monsanto management of the Nitro Plant, which is not a large group, create a corporation just to go to dinner parties together? At a minimum, plaintiffs are entitled to discovery to determine the scope of what defendant Monsanto Management did.

28.   If Monsanto Management Club provided training or education, provided information about Monsanto's other products and activities, or sponsored seminars, any of those activities could lead to knowledge of the dangers of glyphosate, a foreseeable risk of injury, and a concurrent duty to disclose and warn. This is true even if it is what Monsanto claims.

29.  Plaintiffs have stated claims against non-diverse defendants upon which relief may be granted if eventually proved true.  Monsanto cannot obtain removal jurisdiction by complaining that certain of the plaintiffs' allegations are made upon information and belief.  Monsanto argues that plaintiffs' information and belief is not sufficient and, instead, plaintiffs must be able to prove their allegations and causes of action against the non-diverse defendants at the time of filing the complaint.   Roger and Judy Bryant have to file a complaint upon information and belief because they do not have access to that kind of conclusive evidence prior to conducting discovery, nor are they required to have this evidence.

30.  Plaintiffs pleaded that the defendants were participants in a joint venture or enterprise involving glyphosate products. Taken as true, then the non-diverse defendants would be jointly responsible for Monsanto's glyphosate activities that occurred elsewhere.

31. Even assuming that Flexsys America Limited is not a separate entity, and was misnamed, which it was not, and assuming the Monsanto Management Club-Nitro Plant was not a West Virginia defendant, which it is, Monsanto has failed to provide sufficient undisputed information from which this court can determine the citizenship of what they claim are the proper parties.

32. Monsanto claims that Flexsys America, L.P. solely owned and operated the Nitro plant (which as discussed above, plaintiff disputes). Monsanto then claims that the only partners of Flexsys America, L.P., were Flexsys America, LLC, and Solutia, Inc. If proved true, the Court must determine the citizenship of all of the members of Flexsys America, LLC. as citizenship of the members dictates diversity for an limited liability corporation.

33. Monsanto did not state or supply documentation of the members of Flexsys America, LLC. Monsanto simply claims that it is a wholly owned subsidiary of Solutia, Inc. That does not mean that Flexsys America, LLC has no members and does not relieve Monsanto from naming and proving the citizenship of all of its members. Therefore, even resolving disputed facts in favor of Monsanto, the motion is without proper support and must be denied.

34. Additionally assuming, because it is not stated in the motion or shown convincingly in the record, that the only member of Flexsys America, LLC is Solutia, Inc., the Court must then determine the citizenship of Solutia, Inc. under the "nerve center" test enumerated in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The nerve center is where the actual center of direction, control, and coordination occurs and "not simply an office where the corporation holds its board meetings. *Id.*

35. According to publicly available data, which is all the plaintiffs can rely upon without proper opportunity for discovery, Flexsys and Solutia, Inc. were created, in part, or otherwise in a joint venture for purposes of the Nitro plant. (See Excerpt from Monsanto 2012 From 10-K, p. 128, Ex. 5.) Monsanto claims Solutia's principal place of business was in Missouri, but the nerve center test requires more than that, including determining where was the actual center of direction, control, and coordination of the Nitro plant.

36.     The nerve center issues are not addressed in Monsanto's notice of removal, as required by *Hertz*. Therefore, removal is not properly supported and must be denied. At the very least, discovery is required in order for the Court to make a proper determination.

37.     The nerve center analysis may also need to be done with respect to the time period when Monsanto owned and operated the Nitro plant. The actual center of direction, control, and coordination of the Nitro plant during the time Monsanto owed it from 1953 through the time it turned the plant over to others, likely was Nitro, West Virginia. Monsanto does not address this in its notice and discovery would be necessary for the Court to make a proper determination, should the Court disregard the other West Virginia defendants.

WHEREFORE, for the foregoing reasons and those listed in the plaintiffs' supporting memorandum, plaintiffs respectfully request that their Motion to Remand be granted.  Plaintiffs also respectfully request that they be awarded the reasonable costs and expenses, including attorney fees, incurred in bringing their Motion to Remand.

                ROGER BRYANT and
                JUDY BRYANT

Dated:  October 23, 2019

                By:  */s/ Kelly Elswick-Hall*
                Kelly Elswick, Esq.
                keh@themasterslawfirm.com
                Marvin W. Masters, Esq.
                mwm@the masterslawfirm.com
                181 Summers Street
                Charleston, West Virginia 25301
                Telephone:  (304) 342-3106
                Facsimile:  (304) 342-3189
                Counsel for Plaintiffs

                And

                            Aimee H. Wagstaff
                            Andrus Wagstaff, PC
                            7171 West Alaska Drive
                            Lakewood, Colorado 80226
                            Co-counsel for Plaintiffs

F:\2\624\m002.docx

## CERTIFICATE OF SERVICE

I, Kelly Elswick-Hall, hereby certify that on October 23, 2019, I electronically filed "PLAINTIFFS' MOTION TO REMAND" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

>   Charles M. Love III (WV Bar No. 2254)
>   Floyd E. Boone Jr. (WV Bar No. 8784)
>   William M. Lorenson (WV Bar No. 13223)
>   Bowles Rice LLP
>   600 Quarrier Street
>   Post Office Box 1386
>   Charleston, West Virginia 25325-1386
>   Counsel for Defendant Monsanto Company and
>   Flexsys America Limited

And by first class U.S. Mail on the following non-ECF participants:

>   Monsanto Management Club - Nitro Plant
>   c/o Otto J. Dresher
>   2023 Lincoln Avenue
>   St. Albans, West Virginia 25177

/s/ Kelly Elswick-Hall
West Virginia State Bar No. 6578
Marvin W. Masters
West Virginia State Bar No. 2359
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia 25301
304-342-3106
keh@themasterslawfirm.com
mwm@themasterslawfirm.com