**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
           elasker@hollingsworthllp.com

*Attorneys for Defendants*
*WILBUR-ELLIS COMPANY LLC*
*and WILBUR-ELLIS NUTRITION, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Abel Valli Jr. and Marie Valli*<br> *v. Monsanto Co.*, *et al.*,<br>Case No. 3:19-cv-06146-VC | |

## <u>ANSWER TO PLAINTIFFS' COMPLAINT BY DEFENDANTS WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS NUTRITION, LLC</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Wilbur-Ellis Company LLC ("Wilbur-Ellis Company") and Wilbur-Ellis Nutrition, LLC, formerly known as Wilbur-Ellis Feed, LLC ("Wilbur-Ellis Nutrition") (collectively, the "Wilbur-Ellis Defendants"), by and through their counsel, respectfully respond by generally denying all allegations contained in plaintiffs' Complaint, except as set forth below.  Silence as to any allegations shall constitute a denial.

1.      The allegations in the first sentence of paragraph 1 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to defendant Monsanto Company ("Monsanto"), not the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants admit the

- 1 -

allegations in the second sentence of paragraph 1.  The Wilbur-Ellis Defendants also admit that glyphosate was one of the world's most widely used herbicides in 2013, but note that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 1 and therefore deny those allegations.

2.      In response to the allegations in paragraph 2, the Wilbur-Ellis Defendants admit that the stated advantage of the use of crops with the Roundup Ready® trait is to substantially improve a farmer's ability to control weeds.  The remaining allegations in paragraph 2 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and therefore deny those allegations.

3.      The allegations in the first sentence of paragraph 3 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 3 and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 3.

4.      The Wilbur-Ellis Defendants admit the allegations in the first sentence of paragraph 4.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 4 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

5.      The Wilbur-Ellis Defendants admit the allegations in the first sentence of

paragraph 5.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 5.

6.      In response to the allegations in paragraph 6, The Wilbur-Ellis Defendants admit that the IARC working group classified glyphosate under Group 2A.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 6.

7.      The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 7.  The remaining allegations in paragraph 7 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants admit that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world.  The Wilbur-Ellis Defendants also admit that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.

8.      The Wilbur-Ellis Defendants deny the allegations in paragraph 8.

9.      The allegations in paragraph 9 set forth conclusions of law for which no response is required.

10.     The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.     The allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.     The allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 13 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining

allegations in the first sentence of paragraph 13 and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 13.  In response to the allegations in the last sentence of paragraph 13, the Wilbur-Ellis Defendants lack information or knowledge regarding the marital status of plaintiffs and therefore deny those allegations.  The Wilbur-Ellis Defendants admit that plaintiff Marie Valli purports to bring a claim for loss of consortium but deny any liability as to that claim.  The Wilbur-Ellis Defendants deny the remaining allegations in the last sentence of paragraph 13.

14.     The Wilbur-Ellis Defendants deny the allegations in paragraph 14.

15.     The Wilbur-Ellis Defendants deny the allegations in paragraph 15.

16.     The Wilbur-Ellis Defendants deny the allegations in paragraph 16.

17.     The Wilbur-Ellis Defendants deny the allegations in paragraph 17.

18.     The Wilbur-Ellis Defendants dent the allegations in paragraph 18.

19.     The Wilbur-Ellis Defendants deny the allegations in paragraph 19.  All labeling of Roundup®-branded products has been and remains approved by the EPA and in compliance with all federal requirements under FIFRA.

20.     The Wilbur-Ellis Defendants deny the allegations in paragraph 20.

21.     The Wilbur-Ellis Defendants deny that Roundup®-branded products have "potential life threatening side-effects."  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and therefore deny those allegations.

22.     The Wilbur-Ellis Defendants deny the allegations in paragraph 22.

23.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 23 and therefore deny those allegations.  The remaining allegations in paragraph 23 set forth conclusions of law for which no response is required.

24.     The allegations in paragraph 24 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

- 4 -

25.      Wilbur-Ellis Company admits that it is a California limited liability company with its headquarters and principal place of business in San Francisco, California.  Wilbur-Ellis Company further admits that it has sold and distributed certain Monsanto glyphosate-based herbicide products in California, but denies that it has sold or distributed Monsanto's residential-lawn-and-garden glyphosate-based-herbicides in California.  Wilbur-Ellis Company notes that it has never been the only seller or distributor of Monsanto glyphosate-based herbicide products in California.

26.      Wilbur-Ellis Nutrition admits that it is a California limited liability company with its headquarters and principal place of business in San Francisco, California.  In response to the allegations in the second sentence of paragraph 26, the Wilbur-Ellis Defendants deny that Wilbur-Ellis Nutrition has ever distributed or sold any Monsanto glyphosate-based herbicide products in California (or anywhere else).  In response to the allegations in the last sentence of paragraph 26, the Wilbur-Ellis Defendants: (a) deny that either of the Wilbur-Ellis Defendants distributed any Monsanto residential-lawn-and-garden glyphosate-based-herbicides allegedly used by plaintiff; (b) lack information or knowledge sufficient to form a belief as to the truth of any allegations regarding whether Wilbur-Ellis Company distributed any other kinds of Monsanto glyphosate-based-herbicides allegedly used by plaintiff and therefore deny those allegations; and (c) deny that Wilbur-Ellis Nutrition distributed any Monsanto glyphosate-based herbicide products allegedly used by plaintiff.

27.      The allegations in paragraph 27 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore deny those allegations.

28.      The allegations in paragraph 28 set forth conclusions of law for which no response is required.

29.     The allegations in paragraph 29 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to the DOE defendants, not the Wilbur-Ellis Defendants.

30.     The allegations in paragraph 30 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore deny those allegations.

31.     The allegations in paragraph 31 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore deny those allegations.

32.     In response to the allegations in paragraph 32, the Wilbur-Ellis Defendants admit that they are limited liability companies organized and existing under the laws of the State of California, with their headquarters and principal place of business in San Francisco, California. The remaining allegations in paragraph 32 are vague and conclusory and comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required.  To the extent that the allegations in paragraph 32 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

33.     The allegations in paragraph 33 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 33 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

34.      The allegations in paragraph 34 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 34 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

35.     The allegations in paragraph 35 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 35 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.

36.     The Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and deny that exposure to Roundup®-branded products did or could have caused plaintiff's alleged cancer.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 36 and therefore deny those allegations.  The remaining allegations in paragraph 36 set forth conclusions of law for which no response is required.

37.     In response to the allegations in paragraph 37, the Wilbur-Ellis Defendants deny that there is any risk of cancer or other serious illness associated with or linked to exposure to Roundup®-branded products or glyphosate.  The Wilbur-Ellis Defendants state, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  The remaining allegations in paragraph 37 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.

38.     In response to the allegations in paragraph 38, the Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of, or caused, his alleged cancer and deny that there is any risk of serious illnesses associated with or linked to exposure to Roundup®-branded products or glyphosate.  The remaining allegations in paragraph 38 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore deny those allegations.

39.     The Wilbur-Ellis Defendants deny the allegations in paragraph 39.

40.     The Wilbur-Ellis Defendants deny the allegations in the first and last sentences of paragraph 40.  The remaining allegations in paragraph 40 set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants state, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

41.     In response to the allegations in paragraph 41, the Wilbur-Ellis Defendants deny that they concealed "the truth regarding the safety of" Roundup®-branded products.  The remaining allegations in paragraph 41 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants deny all of plaintiffs' allegations in paragraph 41.

42.     In response to the allegations in paragraph 42, the Wilbur-Ellis Defendants deny that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancers, deny that there is any risk of serious illness associated with or linked to Roundup®-branded products, and deny the remaining allegations in paragraph 42.

43.     In response to the allegations in paragraph 43, the Wilbur-Ellis Defendants admit that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 43 are vague and ambiguous and the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 and therefore deny those allegations.

44.     The Wilbur-Ellis Defendants admit the first sentence of paragraph 44.  The Wilbur-Ellis Defendants deny the allegations in the second sentence of paragraph 44 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  The Wilbur-Ellis Defendants deny the allegations in the third sentence of paragraph 44 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

45.     In response to the allegations in paragraph 45, the Wilbur-Ellis Defendants admit that farmers have safely used Roundup®-branded products since the 1970s.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 45.

46.     To the extent that the allegations in paragraph 46 relate to defendants other than the Wilbur-Ellis Defendants, these allegations do not require a response from the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 46.

47.     The allegations in paragraph 47 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto and other entities, not the Wilbur-Ellis Defendants.

48.     The Wilbur-Ellis Defendants admit the allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, the Wilbur-Ellis Defendants admit that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admit that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 49 set forth conclusions of law for which no response is required.

50.     The allegations in paragraph 50 set forth conclusions of law for which no response is required.

51.     In response to the allegations in paragraph 51, the Wilbur-Ellis Defendants admit that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States, including in California.

52.     In response to the allegations in paragraph 52, the Wilbur-Ellis Defendants admit that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admit that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The Wilbur-Ellis Defendants state that the term "the product tests" in the final sentence of paragraph 52 is vague and ambiguous, and the Wilbur-Ellis Defendants therefore deny the same.  The

remaining allegations in paragraph 52 set forth conclusions of law for which no response is required.

53.     The Wilbur-Ellis Defendants deny the allegations in paragraph 53 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.  The Wilbur-Ellis Defendants admit that EPA is in the process of conducting regulatory review of various pesticide products, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 regarding such pesticide products generally.  The remaining allegations in paragraph 53 set forth conclusions of law for which no response is required.

54.     In response to the allegations in paragraph 54, the Wilbur-Ellis Defendants admit that EPA has undertaken a regulatory review of glyphosate and that EPA has not released its final findings.  The Wilbur-Ellis Defendants state, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  The Wilbur-Ellis Defendants further state that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

descriptor] 'not likely to be carcinogenic to humans'."[3]  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 and therefore deny those allegations.

55.    Certain allegations in paragraph 55 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants. The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 and therefore deny those allegations

56.    The allegations in paragraph 56 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

57.    The allegations in paragraph 57 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

58.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore deny those allegations.

59.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore deny those allegations.

60.    The allegations in the first sentence of paragraph 60 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 60 and therefore deny those allegations.

61.    The allegations in paragraph 61 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

62.    The allegations in paragraph 62 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

63.     The allegations in paragraph 63 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

64.     To the extent that the allegations in the second, fourth, and last sentences of paragraph 64 are directed at the Wilbur-Ellis Defendants, the Wilbur-Ellis Defendants deny those allegations.  To the extent that those allegations are directed at defendants other than the Wilbur-Ellis Defendants, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 and therefore deny those allegations.

65.     The allegations in paragraph 65 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

66.     The allegations in paragraph 66 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

67.     The allegations in paragraph 67 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.  To the extent a response is deemed required, the Wilbur-Ellis Defendants admit that glyphosate is one of the world's largest herbicides by sales volume, but the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 67 and accordingly deny those allegations.

68.     The allegations in paragraph 68 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

69.     The allegations in paragraph 69 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

70.     The allegations in paragraph 70 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

71.     The allegations in paragraph 71 do not require a response from the Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis Defendants.

72.     In response to the allegations in paragraph 72, the Wilbur-Ellis Defendants deny that IARC follows stringent procedures for the evaluation of a chemical agent.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 72, which are not limited as of any specified date, and accordingly deny the same.

73.     In response to the allegations in paragraph 73, the Wilbur-Ellis Defendants admit that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 73.

74.     The Wilbur-Ellis Defendants deny any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 74 and therefore deny those allegations.

75.     The Wilbur-Ellis Defendants deny any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 75 and therefore deny those allegations.

76.     The Wilbur-Ellis Defendants deny the allegations in paragraph 76 to the extent that they suggest that IARC had previously assessed glyphosate.  The Wilbur-Ellis Defendants admit that IARC classified glyphosate as a Group 2A agent in March 2015.

77.     In response to the allegations in paragraph 77, the Wilbur-Ellis Defendants admit that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances.  The Wilbur-Ellis Defendants deny the allegation that all members of the working group are "experts."  The Wilbur-Ellis Defendants deny that the working group or anyone at

ANSWER TO COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS NUTRITION, LLC
3:16-md-02741-VC & 3:19-cv-06146-VC

1    IARC conducted a one-year review of the scientific evidence related to glyphosate or that the

2    working group's findings reflected a comprehensive review of the latest available scientific

3    evidence.  The Wilbur-Ellis Defendants also deny that the working group considered all

4    information available in the scientific literature and all data from government reports that are

5    publicly available.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 77.

6        78.      In response to the allegations in paragraph 78, the Wilbur-Ellis Defendants deny

7    that the IARC working group considered all of the data in the numerous studies that have been

8    conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human

9    populations or that it reliably considered the studies that it purports to have reviewed, which

10   frequently reach conclusions directly contrary to those espoused by the IARC working group.

11   To the extent the allegations purport to characterize statements made in the IARC monograph for

12   glyphosate, the statements in that document stand for themselves, but the Wilbur-Ellis

13   Defendants lack information or knowledge sufficient to form a belief as to the accuracy of the

14   source of said information and accordingly deny the allegations.

15       79.      The allegations in paragraph 79 are vague and conclusory.  To the extent they

16   purport to characterize statements made in the IARC monograph for glyphosate, the statements

17   in that document stand for themselves, but the Wilbur-Ellis Defendants lack information or

18   knowledge sufficient to form a belief as to the accuracy of the source of said information and

19   accordingly deny the allegations.

20       80.      In response to the allegations in paragraph 80, to the extent the allegations purport

21   to characterize statements made in the IARC monograph for glyphosate, the statements in that

22   document stand for themselves, but to the extent that this paragraph means that more than *de*

23   *minimis* amounts of exposure are present, the allegations in paragraph 80 are denied.

24       81.      In response to the allegations in paragraph 81, the Wilbur-Ellis Defendants admit

25   that the IARC working group identified a number of case control studies of populations with

26   exposures to glyphosate, but the Wilbur-Ellis Defendants deny that any of these studies provide

27   any evidence of a human health concern from such exposures.

28

82.     The Wilbur-Ellis Defendants deny the allegations in paragraph 82.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

83.     In response to the allegations in paragraph 83, the Wilbur-Ellis Defendants admit that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but the Wilbur-Ellis Defendants deny that the study supports such a conclusion or that the authors of the study reached such a conclusion.

84.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore deny those allegations.

85.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 85 and therefore deny those allegations.

86.     In response to the allegations in paragraph 86, the Wilbur-Ellis Defendants admit that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but the Wilbur-Ellis Defendants deny that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and deny that the working group reliably interpreted the studies that it selected for consideration. Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 86.

87.     In response to the allegations in the first and second sentences of paragraph 87, the Wilbur-Ellis Defendants admit that certain scientists and certain studies have made these claims, but deny the allegations to the extent they imply that those scientists' views and studies are valid or accurate.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 87.

88.     In response to the allegations in the first sentence of paragraph 88, the Wilbur-Ellis Defendants refer to the labels for Roundup®-branded products, which are the best evidence

of their contents, and deny any allegation inconsistent with their terms.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 88.

89.     The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 89.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 89 and therefore deny those allegations.

90.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 90 and therefore deny those allegations.

91.     In response to the allegations in paragraph 91, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

92.     In response to the allegations in paragraph 92, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

93.     In response to the allegations in paragraph 93, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

94.     In response to the allegations in paragraph 94, the Wilbur-Ellis Defendants admit that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

95.     In response to the allegations in paragraph 95, the Wilbur-Ellis Defendants admit that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but deny that the Coalition provides any reliable basis for any conclusions regarding potential health risks

- 16 -

from glyphosate.  The Wilbur-Ellis Defendants note that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

96.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 96 and therefore deny those allegations.

97.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 97 and therefore deny those allegations.

98.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 98 and therefore deny those allegations.

99.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore deny those allegations.

100.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 100 and therefore deny those allegations.

101.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore deny those allegations.

102.    The Wilbur-Ellis Defendants admit that Wilbur-Ellis Company has distributed certain Monsanto glyphosate-based herbicide products in California, but deny that Wilbur-Ellis Company has distributed Monsanto's residential-lawn-and-garden glyphosate-based-herbicides in California.  The Wilbur-Ellis Defendants deny that Wilbur-Ellis Nutrition has distributed any Monsanto glyphosate-based herbicide products in California (or anywhere else).

103.    In response to the allegations in the first sentence of paragraph 103, the Wilbur-Ellis Defendants deny that Roundup®-branded herbicides have "carcinogenic properties" or create "grave danger" and state that all labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  In response to the allegations in the second sentence of paragraph 103, the Wilbur-Ellis Defendants: (a) deny that either Wilbur-Ellis Defendant distributed any Monsanto residential-lawn-and-garden glyphosate-based-herbicides allegedly used by plaintiff; (b) lack information or

knowledge sufficient to form a belief as to the truth of any allegations regarding whether Wilbur-Ellis Company distributed any other kinds of Monsanto glyphosate-based-herbicides allegedly used by plaintiff and therefore deny those allegations; and (c) deny that Wilbur-Ellis Nutrition distributed any Monsanto glyphosate-based herbicide products allegedly used by plaintiff.

104.    The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 103 in response to paragraph 104 of plaintiffs' Complaint.

105.    In response to the allegations in paragraph 105, the Wilbur-Ellis Defendants deny that they violated California law or federal law and state that they complied with all applicable law regarding Roundup®-branded products.  The remaining allegations in paragraph 105 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, the Wilbur-Ellis Defendants deny all such allegations.

106.    The allegations in paragraph 106 set forth conclusions of law for which no response is required.

107.    The Wilbur-Ellis Defendants deny the allegations in the first sentence of paragraph 107.  The second sentence in paragraph 107 sets forth a conclusion of law for which no response is required.

108.    The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 107 in response to paragraph 108 of plaintiffs' Complaint.

109.    In response to the allegations in paragraph 109, the Wilbur-Ellis Defendants admit that plaintiffs purport to bring a claim for strict liability design defect, but deny any liability as to that claim.

110.    In response to the allegations in paragraph 110, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used Roundup®-branded products and therefore deny that allegation.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 110.

111.    The Wilbur-Ellis Defendants deny the allegations in paragraph 111.

112.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 112 and therefore deny those allegations.

113.    The Wilbur-Ellis Defendants deny the allegations in paragraph 113.

114.    The Wilbur-Ellis Defendants deny the allegations in paragraph 114.

115.    The Wilbur-Ellis Defendants deny the allegations in paragraph 115.

116.    The Wilbur-Ellis Defendants deny the allegations in paragraph 116 and each of its subparts.

117.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117 concerning plaintiffs' claimed use of or exposure to Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 117, including that Roundup® branded products have "dangerous characteristics."

118.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 118 concerning plaintiffs' claimed use of or exposure to Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 118, including that Roundup®-branded products have "dangerous characteristics."

119.    The Wilbur-Ellis Defendants deny the allegations in paragraph 119.

120.    The Wilbur-Ellis Defendants deny the allegations in paragraph 120.

121.    The Wilbur-Ellis Defendants deny the allegations in paragraph 121.

122.    The Wilbur-Ellis Defendants deny the allegations in paragraph 122.

123.    The Wilbur-Ellis Defendants deny the allegations in paragraph 123.

124.    The Wilbur-Ellis Defendants deny the allegations in paragraph 124.

125.    The Wilbur-Ellis Defendants deny the allegations in paragraph 125.

126.    The Wilbur-Ellis Defendants deny the allegations in paragraph 126.

127.    The Wilbur-Ellis Defendants deny the allegations in paragraph 127.

128.    The Wilbur-Ellis Defendants deny the allegations in paragraph 128.

129.     In response to the allegations in paragraph 129, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

130.     The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 129 in response to paragraph 130 of plaintiffs' Complaint.

131.     In response to the allegations in paragraph 131, the Wilbur-Ellis Defendants admit that plaintiffs purport to bring a claim for strict liability failure to warn, but deny any liability as to that claim.

132.     The Wilbur-Ellis Defendants deny the allegations in paragraph 132.

133.     In response to the allegations in paragraph 133, the Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs or other entities identified purchased or used Roundup®-branded products and therefore deny that allegation.  The allegations in paragraph 133 also set forth conclusions of law for which no response is required.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 133.

134.     The allegations in paragraph 134 set forth conclusions of law for which no response is required.

135.     The Wilbur-Ellis Defendants deny the allegations in paragraph 135.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

136.     The Wilbur-Ellis Defendants deny the allegations in paragraph 136.

137.     The Wilbur-Ellis Defendants deny the allegations in paragraph 137.

138.     The Wilbur-Ellis Defendants deny the allegations in paragraph 138.

139.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139 and therefore deny those allegations.

140.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 140 concerning plaintiff's alleged use of Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 140, including that Roundup®-branded products have "dangerous characteristics."

141.     The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 141 concerning plaintiff's alleged use and exposure to Roundup®-branded products and therefore deny those allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 141, including that Roundup®-branded products have "dangerous characteristics."

142.     In response to the allegations in paragraph 142, The Wilbur-Ellis Defendants deny that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses and deny that there are any defects in those products.  The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 142 and therefore deny those allegations.

143.     The Wilbur-Ellis Defendants deny the allegations in paragraph 143.

144.     The Wilbur-Ellis Defendants deny the allegations in paragraph 144.

145.     The allegations in the second sentence of paragraph 145 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, The Wilbur-Ellis Defendants deny all such allegations.  The Wilbur-Ellis Defendants deny the remaining allegations in paragraph 145.

146.     The Wilbur-Ellis Defendants deny the allegations in paragraph 146.

147.     The Wilbur-Ellis Defendants deny the allegations in paragraph 147.

148.     The Wilbur-Ellis Defendants deny the allegations in paragraph 148.

149.     The Wilbur-Ellis Defendants deny the allegations in paragraph 149.

150.     The Wilbur-Ellis Defendants deny the allegations in paragraph 150.

151.     The Wilbur-Ellis Defendants deny the allegations in paragraph 151.

1    152.    The Wilbur-Ellis Defendants deny the allegations in paragraph 152.

2    153.    In response to the allegations in paragraph 153, the Wilbur-Ellis Defendants

3  demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint

4  be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and

5  reasonable attorney's fees as allowed by law and such further and additional relief as this Court

6  may deem just and proper.

7    154.    The Wilbur-Ellis Defendants incorporate by reference their responses to

8  paragraphs 1 through 153 in response to paragraph 154 of plaintiffs' Complaint.

9    155.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

10  belief as to the truth of the allegations in paragraph 155 regarding the specific products allegedly

11  used by plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and

12  therefore deny the allegations in paragraph 155.

13    156.    The allegations in paragraph 156 set forth conclusions of law for which no

14  response is required.

15    157.    The allegations in paragraph 157 set forth conclusions of law for which no

16  response is required.

17    158.    The Wilbur-Ellis Defendants deny the allegations in paragraph 158.

18    159.    The Wilbur-Ellis Defendants deny the allegations in paragraph 159.

19    160.    The Wilbur-Ellis Defendants deny the allegations in paragraph 160.  All labeling

20  of Roundup®-branded products has been and remains EPA-approved and in compliance with all

21  federal requirements under FIFRA.

22    161.    The Wilbur-Ellis Defendants deny the allegations in paragraph 161.

23    162.    The Wilbur-Ellis Defendants deny the allegations in the first sentence of

24  paragraph 162.  The allegations in the second sentence of paragraph 162 comprise attorney

25  characterizations and are accordingly denied or set forth conclusions of law for which no

26  response is required.

27    163.    The Wilbur-Ellis Defendants deny the allegations in paragraph 163.

28

1    164.    The Wilbur-Ellis Defendants deny the allegations in paragraph 164, including

2  each of its subparts.

3    165.    The Wilbur-Ellis Defendants deny the allegations in paragraph 165.

4    166.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

5  belief as to the truth of the allegations in paragraph 166 regarding plaintiffs' knowledge and

6  therefore the Wilbur-Ellis Defendants deny those allegations.  The Wilbur-Ellis Defendants deny

7  the remaining allegations in paragraph 166, including that intended use and/or exposure to

8  Roundup®-branded products causes any injuries.

9    167.    The Wilbur-Ellis Defendants deny the allegations in paragraph 167.

10    168.    The Wilbur-Ellis Defendants deny the allegations in paragraph 168.

11    169.    The Wilbur-Ellis Defendants deny the allegations in paragraph 169.

12    170.    The Wilbur-Ellis Defendants deny the allegations in paragraph 170.

13    171.    The Wilbur-Ellis Defendants deny the allegations in paragraph 171.

14    172.    In response to the allegations in paragraph 172, the Wilbur-Ellis Defendants

15  demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint

16  be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and

17  reasonable attorney's fees as allowed by law and such further and additional relief as this Court

18  may deem just and proper.

19    173.– 217.    The allegations in paragraphs 173-217 do not require responses from the

20  Wilbur-Ellis Defendants because these allegations relate to Monsanto, not the Wilbur-Ellis

21  Defendants, and these counts of plaintiffs' Complaint are brought only against Monsanto, not the

22  Wilbur-Ellis Defendants.

23    218.    The Wilbur-Ellis Defendants incorporate by reference their responses to

24  paragraphs 1 through 217 in response to paragraph 218 of plaintiffs' Complaint.

25    219.    The Wilbur-Ellis Defendants lack information or knowledge sufficient to form a

26  belief as to the truth of the allegations in the first sentence of paragraph 219 and therefore deny

27

28

ANSWER TO COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS NUTRITION, LLC
3:16-md-02741-VC & 3:19-cv-06146-VC

those allegations.  The last sentence of paragraph 219 sets forth conclusions of law for which no response is required.

220.     In response to the allegations in paragraph 220, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

221.     The Wilbur-Ellis Defendants incorporate by reference their responses to paragraphs 1 through 220 in response to paragraph 221 of plaintiffs' Complaint.

222.     The Wilbur-Ellis Defendants deny the allegations in paragraph 222.

223.     The Wilbur-Ellis Defendants deny the allegations in paragraph 223.

224.     The Wilbur-Ellis Defendants deny the allegations in paragraph 224.

225.     In response to the allegations in paragraph 225, the Wilbur-Ellis Defendants demand that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that the Wilbur-Ellis Defendants be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

226.     The allegations in paragraph 226 set forth conclusions of law for which no response is required.

227.     In response to the allegations in paragraph 227, the Wilbur-Ellis Defendants deny that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## **SEPARATE AND AFFIRMATIVE DEFENSES**

1.     The Complaint, in whole or part, fails to state a claim or cause of action against the Wilbur-Ellis Defendants upon which relief can be granted.

2.      Plaintiffs' claims against the Wilbur-Ellis Defendants are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of the Wilbur-Ellis Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.      Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that the Wilbur-Ellis Defendants misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

1    10.    Plaintiffs' claims against the Wilbur-Ellis Defendants are barred, in whole or in

2  part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third

3  parties, and/or events that were extraordinary under the circumstances, not foreseeable in the

4  normal course of events, and/or independent, intervening and superseding causes of the alleged

5  injuries, including but not limited to plaintiffs' pre-existing medical conditions.

6    11.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j

7  and k, bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

8    12.    Applicable statutes of limitations and/or repose bar plaintiffs' claims against the

9  Wilbur-Ellis Defendants in whole or in part.

10    13.    Plaintiffs' misuse or abnormal use of the product or failure to follow instructions

11  bar plaintiffs' claims against the Wilbur-Ellis Defendants in whole or in part.

12    14.    If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries

13  or damages resulted from: (a) acts or omissions of persons or entities for which the Wilbur-Ellis

14  Defendants are neither liable nor responsible or, in the alternative, the Wilbur-Ellis Defendants

15  are entitled to an assessment of the relative degree of fault of all such persons and entities; or (b)

16  resulted from diseases and/or causes that are not related or connected with any product sold,

17  distributed, or manufactured by the Wilbur-Ellis Defendants.  Such acts or omissions on the part

18  of others or diseases or causes constitute an independent, intervening and sole proximate cause

19  of plaintiffs' alleged injuries or damages.

20    15.    The Wilbur-Ellis Defendants had no legal relationship or privity with plaintiffs

21  and owed no duty to them by which liability could be attributed to the Wilbur-Ellis Defendants.

22    16.    Plaintiffs' claims against the Wilbur-Ellis Defendants are preempted or otherwise

23  barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S.

24  Constitution.

25    17.    Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive, treble, and/or

26  exemplary damages are barred because such an award would violate the Wilbur-Ellis' due

27

28

ANSWER TO COMPLAINT BY WILBUR-ELLIS COMPANY LLC AND WILBUR-ELLIS NUTRITION, LLC
3:16-md-02741-VC & 3:19-cv-06146-VC

process, equal protection and other rights under the United States Constitution, the California Constitution, and/or other applicable state constitutions.

18.     Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive, treble, and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under California, and/or other applicable state laws.

19.     Plaintiffs' claims against the Wilbur-Ellis Defendants for punitive, treble, and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

20.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

21.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in part by plaintiffs' own failure to mitigate damages.

22.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred in whole or in part by the sophisticated user doctrine.

23.     To the extent that plaintiffs recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery from the Wilbur-Ellis Defendants in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

24.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a product of the Wilbur-Ellis Defendants.

25.     Plaintiffs' claims against Wilbur-Ellis Nutrition are barred because Wilbur-Ellis Nutrition has never designed, manufactured, distributed, or sold Roundup®-branded herbicides (or any other herbicides).

26.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiffs' claims against the Wilbur-Ellis Defendants are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

28.     The Wilbur-Ellis Defendants hereby give notice that they intend to rely upon such

1  other defenses as may become available or apparent during the course of discovery and thus

2  reserves their right to amend this Answer to assert such defenses.

3        **WHEREFORE**, the Wilbur-Ellis Defendants demand judgment in their favor and

4  against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit

5  and such other relief as the Court deems equitable and just.

6  **JURY TRIAL DEMAND**

7       The Wilbur-Ellis Defendants demand a jury trial on all issues so triable.

8

9  DATED:  October 23, 2019           Respectfully submitted,

10

11  /s/ Joe G. Hollingsworth
    Joe G. Hollingsworth (*pro hac vice*)
    (jhollingsworth@hollingsworthllp.com)

12  Eric G. Lasker (*pro hac vice*)
    (elasker@hollingsworthllp.com)

13  HOLLINGSWORTH LLP
    1350 I Street, N.W.

14  Washington, DC  20005
    Telephone:  (202) 898-5800

15  Facsimile:   (202) 682-1639

16  Attorneys for Defendants WILBUR-ELLIS
    COMPANY LLC and WILBUR-ELLIS

17  NUTRITION, LLC

18

19

20

21

22

23

24

25

26

27

28

- 28 -