UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 16-md-02741-VC |
| This document relates to: *Dalby v. Monsanto Co.*, 19-cv-5925  *Lockwood Fleischer v. Monsanto Co.*, 19-cv-5931  *Franco v. Monsanto Co.*, 19-cv-5940  *Wise v. Monsanto Co.*, 19-cv-5942 | **PRETRIAL ORDER NO. 183: LIFTING ORDER TO SHOW CAUSE; DISMISSING MULTI-PLAINTIFF COMPLAINTS**  Re: Dkt. No. 6238 |

In Pretrial Order No. 179, Dkt. No. 6238, the Court ordered the plaintiffs in these related cases to show cause why they should not be sanctioned for filing multi-plaintiff complaints directly in the Northern District of California. The complaints appeared to blatantly contradict the rules of personal jurisdiction and venue.

The plaintiffs explain that their statements of venue and personal jurisdiction were "contemplated to apply to the lead plaintiff in the Complaint." Response at ¶ 8 n.1, Dkt. No. 6446. But the plaintiffs still anticipated the filing of short-form complaints in the Northern District of California on behalf of the other plaintiffs. That is unacceptable. To file directly in this district, there must be jurisdiction over each plaintiff and each claim. *See Bristol-Myers Squibb v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1781–83 (2017).

The plaintiffs also point to two prior multi-plaintiff complaints filed by the same law firm. Response ¶¶ 5–6. The prior use of an ethically dubious tactic in two cases (out of the thousands of cases in this MDL) is no reason to assume "the Court's tacit approval." *Id.* ¶ 10. Every party is bound to refrain from sanctionable conduct, even if their lawyers had previously

engaged in the same conduct that has thus far gone undiscovered.

At this time, however, the Court will refrain from sanctioning counsel. The multi-plaintiff complaints in these related cases are instead dismissed without prejudice in light of the plainly insufficient allegations of personal jurisdiction or venue. Fed. R. Civ. P. 12(b)(2)–(3). A short-form single-plaintiff complaint may be filed in this district only if there is personal jurisdiction and proper venue. Any other course of action would circumvent the restrictions on this Court's power and Congress' decision to delegate the transfer process to the Judicial Panel on Multidistrict Litigation. *See* 28 U.S.C. § 1407(c).

Going forward, Monsanto is directed to review complaints filed directly in this district for compliance with the requirements of personal jurisdiction and venue. A report of the non-compliant cases filed in the preceding month is due at the beginning of the next month—*e.g.*, a December 1 report on November cases.

**IT IS SO ORDERED.**

Dated: October 28, 2019

VINCE CHHABRIA
United States District Judge