

**W E I T Z**
**&**
**L U X E N B E R G**

A   P R O F E S S I O N A L   C O R P O R A T I O N
• L A W   O F F I C E S •

**700 BROADWAY** • **NEW YORK, NY 10003**
**TEL. 212-558-5500**     **FAX  212-344-5461**
**WWW.WEITZLUX.COM**

October 28, 2019

**FILED VIA ECF**
Honorable Vince Chhabria
United States District Court
Northern District of California

> **Re: Wave 1 Cases:** *Dickey v. Monsanto*, 3:16-cv-05887, *Janzen v. Monsanto*, 3:19-cv-04103, *Pollard v. Monsanto*, 3:19-cv-04100, *Domina v. Monsanto Company*, 3:16-cv-05887, *Mendoza v. Monsanto Company*, 3:19-cv-06046, *Frank Tanner v. Monsanto Company,* 3:19-cv-04099 and *John D. Sanders v. Monsanto Company,* 3:16-cv-05752

Dear Judge Chhabria:

The parties have reached an impasse with respect to a discovery dispute and submit this joint letter pursuant to Paragraph 15 of the Court's Standing Order for Civil Cases.

### Plaintiffs' Position

The Wave 1 Plaintiffs – Robert Dickey, Larry Domina, Royce Janzen, Frank Pollard, Yolanda, John Sanders and Frank Tanner, all represented by Weitz & Luxenberg, designated Dr. Sawyer as a specific causation expert. Plaintiffs Domina, Dickey, Janzen, Pollard, and Mendoza also designated Stephen Petty as a specific exposure expert.  Both of these experts also have general causation and/or general liability testimony that is common to all of the Plaintiffs.

Monsanto has demanded the following deposition time for these two experts: for Dr. Sawyer 24.5 hours, or 3.5 days, and for Mr. Petty 17.5 hours or 2.5 days.  Monsanto's demand is unreasonable, especially in light of the number of days it has already deposed both of these experts in numerous other Roundup cases and the overlap with their testimony here.  There was no "agreement" between counsel regarding the length of these depositions, as Monsanto suggests.  The other firms Monsanto references probably did not calculate the *actual time* Monsanto needs to depose Dr. Sawyer (they did not designate Mr. Petty) per plaintiff-specific opinions as the undersigned did, having recently designated Dr. Sawyer for 14 plaintiffs in a state court Roundup case and defended his deposition regarding each of the 14 plaintiffs.  Those calculations (see below), which Monsanto does not dispute, clearly demonstrate that 3.5 hours *per plaintiff* is excessive and disproportionate, particularly because the methodology used by

both Dr. Sawyer and Mr. Petty in calculating plaintiff-specific exposures is exactly the same as that utilized in the state Roundup case and the same for each of the Wave 1 plaintiffs here. And to the extent they try to argue burden by the length of their reports, for both Dr. Sawyer and Mr. Petty their reports are ***identical*** in all respects for each of these plaintiffs except regarding the opinions about the individual plaintiffs, which of course is different in each of the reports. Thus, once they have updated any general causation/exposure/liability opinions with these experts in the first of these multiple plaintiffs' depositions, there will be no need to do it again in the subsequent six plaintiff-specific depositions.

Plaintiffs attempted to resolve this dispute by offering two days for each of these experts' depositions, even more time than is necessary given the history of depositions already taken of these two experts. Monsanto rejected that proposal. Its request for more time is nothing short of excessive and borderline abusive. Plaintiffs respectfully request that the depositions of both Dr. Sawyer and Mr. Petty be limited to two days.

**Dr. Sawyer**

Dr. Sawyer is a toxicologist who provides general causation opinions about the toxicity of glyphosate and glyphosate-based formulations, such as Roundup. He also provides specific causation opinions about individual plaintiffs' exposure to Roundup, including its absorption of Roundup through plaintiffs' skin. Dr. Sawyer has been deposed 12 times in Roundup cases, and there are three other depositions for which he is scheduled to be deposed in the next month (not including the deposition that is at issue in this motion), for a total of 15 depositions. Recently, Monsanto also deposed Dr. Sawyer for over four days in a Missouri state case that at the time included 14 plaintiffs (*Winston v. Monsanto*, Case No. 1822-CC00515, Circuit Court of the City of St. Louis) ("*Winston*"). And Monsanto deposed Dr. Sawyer even most recently on September 15, 2020, in the Wave 1 case of *Giglio v. Monsanto*, Case No. 16-cv-05658. Monsanto has thoroughly exhausted Dr. Sawyer's general causation opinions, as those opinions are the same regardless of the plaintiff(s) for whom he also offers specific causation opinions. To the extent Monsanto tries to use Dr. Sawyer's supplement report (which is only four pages) as a ground for even more time than Plaintiffs propose, that too is insupportable. Dr. Sawyer does not express any new opinion in his supplemental report; rather, he read several additional scientific articles after submitting his Wave 1 reports and wanted to add them to his analysis in further support of his previously stated opinions. The time frames Plaintiffs propose for Dr. Sawyer provide Monsanto ample opportunity to explore these additional reliance materials. Monsanto should not be given any additional time to depose Dr. Sawyer on general causation issues. And because his methodology is the same for every individual plaintiff, Monsanto should not be allowed more than one hour to question Dr. Sawyer about each plaintiff.

As to the appropriate time frame for specific causation questioning of the seven plaintiffs at issue here, the recent deposition in the *Winston* case is instructive. The deposition took place this past summer on July 16 and 17 and August 11 and 12, for a total of 3.5 days. Dr. Sawyer was questioned both as to general opinions as well as his 14 plaintiff-specific opinions. The average time Monsanto spent questioning Dr. Sawyer about his opinions relating to individual plaintiffs was less than one hour per plaintiff, and for some plaintiffs as short as one-half hour. Questioning relating to specific plaintiffs began in the middle of day 2, on July 17. On that afternoon, Monsanto questioned Dr. Sawyer about three plaintiffs. The average time spent on

these each of these three plaintiffs was 1 hour and 40 minutes.  On August 11, the deposition lasted for only three and one-half hours.  During that time, Monsanto covered four plaintiffs, for an average time per plaintiff of 45 minutes of questioning.  On August 12, the deposition lasted for about five hours and Monsanto questioned Dr. Sawyer about seven plaintiffs; thus, Monsanto spent between 30 and 40 minutes questioning him about each plaintiff.  Taken together, the average time per plaintiff that Monsanto spent questioning Dr. Sawyer in the *Winston* case was 50 minutes.

In the instant case, there are seven Wave 1 plaintiffs subject to this request.  Using the time frames above, Monsanto should have only one day to depose Dr. Sawyer.  But plaintiffs offered more: it offered a compromise of up to 2 days for Dr. Sawyer's deposition, but it even rejected that.  Accordingly, Monsanto should be given only one and one-half days to depose Dr. Sawyer.

**Stephen Petty**

For the same reasons above relating to Dr. Sawyer, the deposition of Mr. Petty should be limited to one and one-half days.  Mr. Petty is an Industrial Hygienist.  In addition to his general liability opinions – opinions that Monsanto fully explored this past summer in another Roundup case – Mr. Petty offers opinions about each Plaintiffs' lifetime exposure to Roundup and the areas of Plaintiffs' body that were exposed to Roundup.  His methodology for those analyses is the same for all plaintiffs.

Monsanto thoroughly exhausted Mr. Petty's general liability opinions in the *Winston* case, the first case in which Mr. Petty gave deposition testimony in Roundup litigation.  As set forth below, Monsanto questioned him for three and one-half days about his general causation opinions.  That testimony was this past summer – about three months ago.  Those opinions are the same regardless of the plaintiff for whom he offers specific exposure opinions.  Monsanto should not be given any additional time to depose Mr. Petty on general liability issues, or if it is given more time to update any of his general opinions it should be limited to two hours.  And because Mr. Petty's methodology is the same for every individual plaintiff, Monsanto should not need more than the time it has taken in the past to question him about each plaintiff – approximately 30 minutes.  Thus, the Court should limit Mr. Petty's deposition to one day.

As to the appropriate time frame for specific exposure questioning of the five plaintiffs for whom Mr. Petty provided expert reports, the *Winston* case is again instructive.  Mr. Petty was deposed in that case for four and one-half days on July 9, 10 and 11 and August 27 and 28.  Mr. Petty had not been deposed before; Monsanto spent the first three and one-half days questioning Mr. Petty about his general liability opinions.  The average time Monsanto spent questioning Mr. Petty about his opinions relating to individual plaintiffs ranged from 20 to 40 minutes.  For example, questioning about specific plaintiffs began half way through the day on August 27.  Monsanto questioned Mr. Petty about six plaintiffs during that half day of deposition testimony (although it did not finish questioning about the sixth plaintiff) – one more plaintiff than the total number of plaintiffs Mr. Petty is designated for here. These per-plaintiff time frames were similar for the eight remaining *Winston* plaintiffs, for an average of 30 minutes per plaintiff.

In the instant case, there are five Wave 1 plaintiffs for whom Mr. Petty is offering

specific opinions.  Using the time frames above, Monsanto should have only one day to depose Mr. Petty.  Yet in an effort to compromise, Plaintiffs offered more time than one day, which Monsanto rejected.  Accordingly, the Court should limit Monsanto's time to depose Mr. Petty to one day.

### Monsanto's Position

Pretrial Order No. 7 (Doc. 103) and Fed, R. Civ. P.(30)(d)(1) expressly provides that unless otherwise agreed to by the parties or ordered by the Court, a deposition shall be limited to 7 hours.  Nevertheless, consistent with prior agreements reached in *Hardeman, Stevick, Gebeyehou, and Giglio* as well as other cases throughout the litigation, Monsanto proposed a process to Plaintiffs' MDL counsel of limiting the length of depositions of Wave 1 case specific expert witnesses who have previously been deposed in the litigation to 3.5 hours per case.  Now, after Monsanto's repeated requests for deposition dates in each of the Wave 1 cases, Ms. Greenwald -- Plaintiffs' counsel in the aforementioned cases -- is refusing to make Dr. Sawyer and Mr. Petty available for even the limited, 3.5 hour depositions requested by Monsanto in each case.  If no agreement is reached between the parties, the default rule established in this Court and under the Federal Rules would provide for longer depositions, not shorter ones.

With respect to the cases at issue here which are represented by Ms. Greenwald, Plaintiffs provided case specific reports for Dr. Sawyer in all seven cases and provided case specific reports for Mr. Petty in five of them.  But these are not the only Wave 1 cases in which Dr. Sawyer has been disclosed.  In total, Dr. Sawyer provided case specific reports in 10 Wave 1 cases.  The other three cases in which Dr. Sawyer provided opinions are not at issue because counsel in those cases agreed to produce Dr. Sawyer for depositions limited to 3.5 hours per case.  Monsanto's proposal to limit these depositions to 3.5 hours is not a "demand," as suggested by Plaintiffs, but rather it is a compromise offered that is consistent with longstanding agreements reached in this MDL and other cases in the litigation.  In fact, this was most recently agreed to for depositions in *Giglio*, which was previously ahead of the Wave 1 track.  Thus, the position Plaintiffs' counsel now takes in these cases is not only inconsistent with the Parties' longstanding agreement and practice, but it is also inconsistent with the position of counsel in other MDL bellwether cases, Wave 1 cases, and across the litigation.

Plaintiffs' suggestion that Monsanto has "exhausted" either Dr. Sawyer's or Mr. Petty's opinions is simply not true.  Those opinions are a moving target.  In fact, on the eve of Dr. Sawyer's deposition in the *Russo* Wave 1 case taken on Tuesday, Monsanto was served with an untimely supplemental report for Dr. Sawyer, and Dr. Sawyer testified that he is amending all of his reports across the Wave 1 cases, and contrary to Plaintiffs' counsels' assertion, this does, in fact, include a new opinion.  Dr. Sawyer, for the first time, offers a complex case specific dose opinion based on a 2009 study by Prasad -- which was previously available to him – comparing plaintiffs' doses to an intraperitoneal injection genotoxicity dose given to rodents, claiming plaintiffs' doses are higher.  For Mr. Petty, the only prior report Monsanto received was a 475 page report in the *Winston* case in Missouri state court.  Now, Monsanto has been served with reports in these five cases ranging from 515 pages to 562 pages.  Moreover, every case has unique facts and issues, making it impossible to estimate how long a deposition will take in a given case.  Monsanto does not intend to keep either expert longer than is necessary to explore his opinions, but at a minimum would need each expert to be made available for up to 3.5 hours

to allow Monsanto sufficient time to complete the deposition.

      For these reasons, Monsanto should not be precluded from deposing Dr. Sawyer and Mr. Petty for the reasonable limit of 3.5 hours -- a limit which should be reciprocal for all experts in the Wave 1 cases.

Regards,

/s/ Robin L. Greenwald
Robin Greenwald

/s/ Aimee Wagstaff
Aimee Wagstaff

/s/ Mike Miller
Michael Miller

*Co-Lead Counsel for Plaintiffs
in MDL No. 2741*

Respectfully submitted,

/s/ Brian L. Stekloff

Brian L. Stekloff
(bstekloff@wilkinsonwalsh.com)
Tamarra Matthews Johnson
(tmatthewsjohnson@wilkinsonwalsh.com)
Rakesh Kilaru
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

*Counsel for Monsanto*