

2001 M STREET, NW
10th Floor
WASHINGTON, DC 20036

WWW.WILKINSONWALSH.COM
—
A LIMITED LIABILITY PARTNERSHIP

October 29, 2019

**VIA ECF**

Hon. Vince Chhabria
San Francisco Courthouse, Courtroom 4
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *In re Roundup Prods. Liab. Litig.*, No. 16-md-02741-VC; Depositions of Drs. Portier and Benbrook in Wave 1 Cases

Dear Judge Chhabria:

Plaintiffs disclosed their Wave 1 general causation and liability experts on October 4, 2019. Monsanto seeks the limited deposition of two experts: Dr. Christopher Portier and Dr. Charles Benbrook.[1]  Plaintiffs oppose.

**Monsanto's Position**

On October 4, 2019, Plaintiffs disclosed their Wave 1 experts.  Many of the general experts discussing general causation or liability, but without case specific opinions, have been disclosed previously in the MDL, and all of these general experts have been disclosed previously and deposed in the broader Roundup litigation.  But some of these general experts disclosed either a new report supplementing prior opinions or provided an updated Materials Considered List disclosing new documents or medical literature reviewed.  For the most part, Monsanto did not feel the need to request new depositions, particularly where the new material had been covered in previous depositions in other cases outside of the MDL.  However, two experts, Dr. Christopher Portier and Dr. Charles Benbrook, provided materials or opinions that Monsanto has not yet been able to explore in any jurisdiction.  While these materials and opinions were specifically disclosed in Wave 1 cases, they will have implications throughout the litigation, including the upcoming Wave 2 cases.  As such, Monsanto has requested additional depositions of each expert.  Monsanto believes these depositions could be reasonably limited in duration, but was unable to engage in such compromise with Plaintiffs due to their steadfast refusal to produce the witnesses.

---

[1] Dr. Portier was disclosed in all Wave 1 cases.  Dr. Benbrook was disclosed in 9 Wave 1 cases: *Dickey*, *Domina*, *Janzen*, *Mendoza*, *Perkins*, *Pollard*, *Russo*, *Sanders*, *Tanner*.

**Dr. Portier**

With respect to Dr. Portier, Plaintiffs served an updated Materials Considered List which includes almost 19,000 pages of the original rodent cancer studies provided to the European Food Safety Authority ("EFSA") by other non-Monsanto glyphosate registrants. Importantly, these studies and the conclusions of the original study investigators contained therein have not previously been produced in the Roundup litigation, nor have they been provided to Monsanto until Monsanto requested them upon reviewing Dr. Portier's Material Considered List.[2] These documents are centrally relevant to Dr. Portier's rodent carcinogenicity opinions, which previously have been based on other data and regulatory discussions of the studies.[3] Indeed, Dr. Portier underscored the importance of these original studies, explaining that he would "want the full report from the laboratory, which includes materials, methods, evaluations, discussion, raw summary tables of animal pathology, tables of individual animal pathology . . . tables with survival of the animals, tables with feed consumption, et cetra."[4] Monsanto is entitled to question Dr. Portier regarding these newly-produced original studies (which regulators uniformly have concluded do not show evidence of carcinogenicity), explore how these studies and the data and evaluations contained therein may impact his opinions, and find out how, where, and when he obtained these materials.

Plaintiffs' claim that "it is difficult to imagine that Monsanto did not have this data all along" because the data is from internal industry studies is incorrect. Monsanto has not had copies of full versions of studies conducted by other registrants (and which are therefore the property of other registrants) prior to receipt of those materials from Plaintiffs this month. In fact, as this Court may recall, Monsanto's expert Dr. Thomas Rosol traveled from the U.S. to a reading room in Europe to review portions of other registrants' studies because that information was not available through any other means at the time; however, Dr. Rosol could not remove the full versions of the studies from the reading room or otherwise collect the data in any sort of comprehensive or useable form. Ultimately, it is Plaintiffs and Dr. Portier that had access to the full studies before Monsanto's counsel or Monsanto's experts. This further supports the need for limited discovery into how Dr. Portier obtained these studies and how they have "strengthened" his opinions. As we know, at trial, Dr. Portier presents detailed analyses of the individual animal studies he reviews, including statistical analyses of trends and significance of the tumors he allegedly identifies in those studies. Before he does so with the newly produced studies of other registrants, Monsanto is entitled to discovery about such analyses, regardless of whether Plaintiffs characterize his inevitable new findings as "merely strengthening his opinions" or offering new ones.

---

[2] In fact, Dr. Portier had just recently been disclosed in the *Giglio* case on August 20, 2019, and these documents were not provided on his Materials Considered List.
[3] *See e.g.*, 4/16/18 Portier Depo. Tr. 105:16-108:10; 4/17/18 Portier Depo. Tr. 573:23-578:3, 596:5-18 (Dr. Portier explained that he had seen some of the underlying data in the non-Monsanto studies, but did not have them in his possession, and was not relying on them).
[4] 7/10/18 Portier Dep. Tr. 150:2-152:23.

**Dr. Benbrook**

Regarding Dr. Benbrook, Plaintiffs served an updated report in *Giglio* for which Dr. Benbrook was deposed on September 18. Now, only a few weeks later, Dr. Benbrook has again amended his report to include a new section regarding Monsanto's alleged marketing of its products and comparisons to other products ("Comparing Roundup Toxicity and Risks to Vitamin D, Apple Cider Vinegar, and Common Medications"), which includes a new opinion that Monsanto violated regulatory and industry standards in connection with such alleged statements. Plaintiffs now refuse to make Dr. Benbrook available for a deposition on this new opinion.

As stated above, Monsanto did not universally request depositions of all of Plaintiffs' generic experts, nor did Monsanto arbitrarily select Drs. Portier and Benbrook. Rather, Monsanto requested only those depositions in which it is entitled to explore Dr. Portier's and Dr. Benbrook's new opinions that they intend to testify about at trial.

**Plaintiff's Position**

The Wave 1 Plaintiffs designated several general causation experts. Among them are Dr. Christopher Portier and Dr. Charles Benbrook. Neither of these experts offers plaintiff-specific opinions. Both of these experts have been deposed many times by Monsanto in Roundup litigation. There is no grounds to depose them yet again. Nevertheless, Monsanto has stated its intention to depose them yet again in Wave 1 cases. They should not be permitted to take their depositions again – enough is enough. Monsanto's reason to seek their depositions again is the same: both experts have added some documents to their materials considered lists. But neither expert has changed his expert opinions nor offered "new" opinions not before disclosed in reports and/or depositions. In fact. Dr. Portier did not submit another expert report. And to the extent Dr. Benbrook did submit one, it is merely incorporating additional support for his previously disclosed opinions. Monsanto, in fact, deposed Dr. Benbrook for an entire day on September 18, 2019 – just five weeks ago – in a Roundup case about these opinions. Thus, to the extent there are additional materials on their materials considered lists, those materials merely add further support to both experts' established opinions. There is no basis to allow Monsanto additional depositions merely because an expert has reviewed new or additional materials. If that were the standard, experts would be subject to dozens of "updated" depositions from the time of their original deposition until trial. Federal law provides no such right of a party to supplement an expert's deposition with another one under these circumstances. Accordingly, Plaintiffs respectfully request that the Court deny Monsanto's request to take the deposition of Drs. Portier and Benbrook again.

**Dr. Portier**

Dr. Portier has been deposed in Roundup litigation on seven separate occasions, spanning approximately nine days of deposition testimony. He was most recently deposed on June 5, 2019. He has also testified at all three Roundup trials to date. As this Court is well aware, having heard Dr. Portier testify at Science Day, twice during *Daubert* hearings, and at the *Hardeman* trial, his opinions are general causation expert opinions only. Dr. Portier has been through a *Daubert* challenge before this Court, and this Court denied Monsanto's motion. Surely the Wave 1 cases do not give Monsanto another opportunity to move to disqualify Dr. Portier; this Court's *Daubert*

3

decision is law of the case. Nevertheless, Monsanto takes the position it should be permitted to depose Dr. Portier again simply because since his last deposition – which took place only four months ago – he has obtained additional documents that further support the opinions that this Court already ruled are admissible.

Another deposition of Dr. Portier at this time would serve no purpose. Monsanto cannot challenge his testimony again under *Daubert* in the Wave 1 cases. What is more, there are no Wave 1 cases set for trial, and by the time trials are scheduled it is likely that Dr. Portier will have reviewed even more documents. If there are good grounds for another deposition, Monsanto can renew its request for another deposition at that time, and if the parties cannot reach an agreement they can make a motion then. But to order a deposition now, because of these additional materials, makes no sense.

The focus of Monsanto's request, moreover, should not be on the number of *pages* that are included on Dr. Portier's supplemental materials considered list. The supplemental material on which Monsanto relies to request yet another deposition is essentially one large document – it is all of the underlying data from the animal studies relating to glyphosate in EFSA's possession – data that Dr. Portier only recently obtained. This recently acquired data does not change any of his opinions; it merely provides even more evidence of toxicity in animals. And it is difficult to imagine that Monsanto did not have this data all along – it comprises only data from animal studies conducted by **industry** (including Monsanto despite its suggestion above to the contrary) for the product registration process.[5] But neither Plaintiffs nor Dr. Portier had them before very recently. Regardless, because Dr. Portier's opinions remain the same – the additional data merely strengthening his opinions – Monsanto has no basis for another deposition of Dr. Portier.

**Dr. Benbrook**

Dr. Benbrook has been deposed in the Roundup litigation on seven separate occasions, spanning eight days of deposition testimony. Monsanto took two of those depositions in cases in the MDL. Monsanto most recently deposed Dr. Benbrook on September 18, 2019 – just four weeks ago – in a Wave 1 Roundup case (*Giglio v. Monsanto*, which as of September 18 was subject to a different schedule than the other Wave 1 Plaintiffs). After that deposition, Dr. Benbrook was designated on October 4, 2019 in other Wave 1 cases and submitted an identical report in each of those cases. Contrary to Monsanto's argument, Dr. Benbrook did not offer new opinions in his October 4 report from those he set forth in the report he submitted in *Giglio*. Rather, Dr. Benbrook merely considered and discussed additional materials that address relevant issues and support the opinions he has already expressed. These additional materials, consist mainly of a new deposition

---

[5] These materials appear to be owned by the Glyphosate Task Force "GTF"). As the GTF describes itself, it is "a consortium of companies seeking the renewal of the EU authorization of the active substance glyphosate in 2022. To this end, . . . member companies join resources and efforts to prepare a single dossier with all the scientific studies and information on the safety of glyphosate. This dossier is submitted to the evaluating Member States and the European Food Safety Authority (EFSA" as part of the EU regulatory procedure to continue the authorization of glyphosate and glyphosate-containing products on the EU market." https://glyphosate.eu/. Monsanto (now Bayer) is a GTF member.

of a non-party and a new Monsanto corporate representative, both further supporting and elucidating Dr. Benbrook's opinions expressed in the section of the *Giglio* report, "Misleading Statements Regarding Relative Risks." As explained above, it cannot be the case that every time an expert reviews additional material and supplements his or her materials considered list Monsanto is entitled to an additional deposition. Indeed, as Monsanto acknowledges, other general causation experts also served supplemental materials considered lists in Wave 1, yet Monsanto recognizes there is no grounds to depose them again. Similar to those experts, there is no good faith basis for Monsanto to depose Dr. Benbrook again.

Respectfully submitted,

/s/ Brian L. Stekloff

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Tamarra Matthews Johnson (*pro hac vice*)
(tmatthewsjohnson@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

/s/ Aimee H. Wagstaff

Aimee H. Wagstaff (SBN 278480)
(aimee.wagstaff@andruswagstaff.com)
ANDRUS WAGSTAFF, PC
7171 W. Alaska Drive
Lakewood, CO 80226
Tel.: 303-376-6360
Fax.: 303-376-6361

/s/ Michael J. Miller

Michael J. Miller (*pro hac vice*)
(mmiller@millerfirmllc.com)
THE MILLER FIRM LLC
108 Railroad Avenue
Orange, VA 22960
Tel.: 540-672-4224
Fax: 540-672-3055

/s/ Robin L. Greenwald

Robin L. Greenwald
(rgreenwald@weitzlux.com)
WEITZ & LUXENBERG P.C.
700 Broadway
New York, NY 10003
Tel.: 212-558-5500
Fax: 212-344-5461

Cc: Counsel of Record (via ECF)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of October 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Brian L. Stekloff_____