

2001 M STREET, NW
10th Floor
WASHINGTON, DC 20036

WWW.WILKINSONWALSH.COM
—
A LIMITED LIABILITY PARTNERSHIP

October 29, 2019

**VIA ECF**

Hon. Vince Chhabria
San Francisco Courthouse, Courtroom 4
450 Golden Gate Avenue
San Francisco, CA 94102

>  Re:  *In re Roundup Prods. Liab. Litig.*, **No. 16-md-02741-VC**; *Stevick v. Monsanto Co.*, **No. 16-cv-02341**

Dear Judge Chhabria:

As the Court is aware, the *Stevick* case is currently scheduled to be tried beginning on February 24, 2020. The parties write to update the Court on a recent development in the case. Furthermore, to the extent the Court orders that additional discovery proceed in the case in light of that development, Monsanto respectfully moves for a continuance of the trial. Ms. Stevick objects to any continuance.

**Monsanto's Position**

This case involves two plaintiffs that raise separate and distinct claims: Ms. Elaine Stevick, whose claims arise from her diagnosis of non-Hodgkin's lymphoma and purported use of Roundup, and her husband Mr. Christopher Stevick, whose sole claim is that for loss of consortium.[1] As one of the four cases originally filed in the Northern District of California,[2] this case proceeded on the same schedule as *Hardeman v. Monsanto*, Case No. 3:16-cv-00525-VC, the parties' selection for the first bellwether trial.[3] Accordingly, the parties and Court undertook the process of preparing this and two other cases for trial by February 25, 2019, including fact and expert discovery, and briefing, testimony, and argument on the admissibility of various experts' specific causation opinions.

---

[1] Complaint, ECF No. 1, at 12–23.
[2] *See* PTO No. 50 at 1, n.1, ECF No. 1883, *In re Roundup Products Liab. Litig.*, No. 3:16-md-02741-VC.
[3] *See* PTO No. 56, ECF No. 2194, *In re Roundup Products Liab. Litig.*, No. 3:16-md-02741-VC.

This case was ready to be tried on February 25, 2019, but because the *Hardeman* trial was ordered to be tried first, the Court continued the trial in this case until May 20, 2019.[4] The Court then vacated that trial date,[5] and ultimately agreed with the parties' request to set this case for trial on its currently-scheduled date of February 24, 2020.[6]

On October 17, 2019, Plaintiffs' counsel informed Monsanto that unfortunately Mr. Stevick recently underwent a blood test that was diagnostic of cancer; specifically, chronic lymphocytic leukemia.[7] At the same time, Plaintiffs' indicated their unilateral intent to "supplement the expert reports and lay testimony at trial" to include Mr. Stevick's recent diagnosis.[8] In addition, Plaintiffs not only asserted that this evidence would be used to bolster Ms. Stevick's claims, but that Mr. Stevick would be raising new claims at trial that his exposure to Roundup was a substantial factor in causing his cancer. Although Ms. Stevick was diagnosed with a separate subtype of cancer—primary central nervous system lymphoma—Plaintiffs' sought consent from Monsanto to join the newly asserted claims with those already raised by Ms. Stevick and to try the claims jointly on the current trial date.

Monsanto unequivocally opposed Plaintiffs' requests.[9] As this Court has previously held in this litigation, because "married plaintiffs . . . may have different medical histories and different risk factors, their claims need to be severed."[10] Monsanto further explained that full discovery and related proceedings, consistent with all other cases in the MDL, must be completed before Mr. Stevick may proceed to trial on any new claims he now asserts as a result of his diagnosis. Monsanto therefore suggested that, to the extent the Court orders discovery in order to consider whether a joint trial is appropriate, Mr. Stevick's new claims should be moved to Wave 2 and the current trial date in this case should be continued to a future date.

In response, Plaintiffs opposed Monsanto's position.[11] In further communications between the parties, Plaintiffs also stated that if Monsanto would not agree to try Ms. Stevick's case with Mr. Stevick's recently asserted claims on February 24, 2020, they intend to take two steps. First, they will seek to proceed with this case as scheduled on February 24, 2020, without amending Mr. Stevick's claims, but will unilaterally provide Monsanto with Mr. Stevick's medical records and will allow Monsanto to re-depose Dr. Nabhan and Mr. Stevick. The purpose of this limited discovery would be to include Mr. Stevick's diagnosis of chronic lymphocytic leukemia and his Roundup use in the trial in order to bolster the alleged association between Ms. Stevick's NHL and Roundup. *See* Exhibit A ("We anticipate offering expert testimony that Roundup was a substantial factor in causing Mr. Stevick's NHL, and that the exposure of both husband and wife to Roundup and subsequent diagnosis of both husband and wife with NHL is additional proof that Roundup exposure was a substantial factor in causing NHL in both husband and wife."). Second,

---

[4] PTO 141 at 1, ECF No. 50.

[5] *Id.*

[6] PTO 171 at 1, ECF No. 4722, *In re Roundup Products Liab. Litig.*, No. 3:16-md-02741-VC.

[7] *See* Exhibit A (October 17, 2019 Letter to Brian Stekloff from Michael Miller).

[8] *Id.*

[9] *See* Exhibit B (October 18, 2019 Letter to Michael Miller from Brian Stekloff).

[10] PTO No. 55, ECF No. 4454, *In re Roundup Products Liab. Litig.*, No. 3:16-md-02741-VC.

[11] Exhibit C (October 18, 2019 Letter to Brian Stekloff from Michael Miller).

they will file Mr. Stevick's newly asserted claims in the JCCP in Alameda County, seeking a preferential trial date given that Mr. Stevick is older than 70 years old. In that trial, they will in turn seek to introduce Ms. Stevick's diagnosis in that case in order to bolster the alleged association between Mr. Stevick's cancer and Roundup.

Such gamesmanship should not be rewarded. As an initial matter, Mr. Stevick's diagnosis and Roundup use are inadmissible as to Ms. Stevick's claims or Mr. Stevick's loss of consortium claim. To the extent the Court agrees, the trial need not be continued, and discovery should not be re-opened, preventing Plaintiffs from improperly interjecting Mr. Stevick's recent diagnosis into the proceedings.

But to the extent the Court thinks discovery into Mr. Stevick's condition should proceed, while Monsanto preserves its right to later challenge the admissibility or relevance of Mr. Stevick's diagnosis, Plaintiffs' proposed, limited supplementation of the record renders it impossible for Monsanto to defend against Mr. Stevick's claim that his cancer was caused by his Roundup exposure or Ms. Stevick's claims that Mr. Stevick's diagnosis relates to her diagnosis.

Thus, to the extent the Court allows Plaintiffs to supplement evidence on Mr. Stevick's Roundup use and recent diagnosis—again, the relevance of which Monsanto does and would further oppose—like with any plaintiff, Monsanto would be entitled to obtain full discovery of Mr. Stevick's medical history, diagnosis, and treatment in connection with any motion to exclude the evidence or resulting expert opinions as inadmissible. Such discovery and related proceedings would necessarily include:

- The production and review of medical records for Mr. Stevick that are likely to be voluminous. These records would not only encompass his recent diagnosis and treatment, but all of his prior medical history.

- Additional depositions of Ms. Stevick and Mr. Stevick.

- The depositions of Mr. Stevick's treating physicians, including at a minimum his primary care physician and treating oncologist.

- Supplementation of the reports offered by Plaintiffs' experts, which necessarily must occur after the production of Mr. Stevick's medical records and the depositions of Ms. Stevick and Mr. Stevick, as well as those of the treating physicians.

- Additional depositions of plaintiffs' experts that have supplemented their expert reports.

- Supplementation of the expert reports offered by Monsanto's experts, which must necessarily occur after Plaintiffs' experts supplement their reports and are deposed.

- Additional depositions of Monsanto's experts.

- Briefing and related proceedings as to the admissibility of this evidence and the new expert opinions offered by both parties under the Federal Rules of Evidence, including, but not limited to Rules 402 and 403, and *Daubert*.

Conducting this discovery and the related proceedings is simply not feasible under the current schedule. To truncate the discovery process would rob Monsanto of its right to fully litigate and defend itself in this case. For the foregoing reasons, Monsanto respectfully requests the following:

(1) That discovery not be re-opened to consider the admissibility or relevance of Mr. Stevick's recent cancer diagnosis and that the trial proceed on its current path without any reference to Mr. Stevick's diagnosis; or

(2) To the extent the Court allows discovery to be re-opened regarding Mr. Stevick's recent cancer diagnosis, that the February 24, 2020 trial date be continued and that the Court order the parties to submit a proposed PTO identifying the areas and schedule for such discovery.

**Plaintiffs' Position**

The Plaintiffs' position is simple. Mrs. Stevick's case is set for trial on February 24, 2020. The trial has been continued once before, the parties have worked diligently and discovery was completed on December 20, 2018. There is no reason this case should be further continued as requested by Monsanto. Mr. Stevick's recent diagnosis with Non Hodgkin's Lymphoma is not an opportunity for delay but simply admissible evidence at Mrs. Stevick's trial as proof of causality. Any additional discovery that Monsanto requests as a result of Mr. Stevick's diagnosis, can easily be completed in 60 of the 120 days between now and the start of trial.

On October 17, 2019, Plaintiffs' counsel promptly notified Monsanto's counsel of Mr. Stevick's recent diagnosis of NHL and requested from Monsanto an agreement to try both Mr. & Mrs. Stevick as joint plaintiffs on February 24, 2020 as judicial economy should dictate. Monsanto refused to give its consent to a joint trial. Regrettably, since Monsanto will not agree to a joint trial, Plaintiffs will be filing Mr. Stevick's claim in California state court as Mrs. Stevick does not want to lose her trial date.

Marital concordance, that is the study of time and exposure and risk of common diseases among spouses is an issue well known to Monsanto from the Pilliod trial. Mrs. Stevick sprayed Roundup from 1989-2014, and Chris was often present. Like the husband and wife in the Pilliod trial who both developed NHL, Mr. & Mrs. Stevick lived in the same home. Mr. Stevick mixed the concentrate Roundup for his wife from 1989-2000 about 90% of the time. They changed to ready mix after 2000 through 2014. Mr. Stevick sprayed some and always tested the sprayer before each monthly application. Both Mr. & Mrs. Stevick developed the same disease, Non-Hodgkin's Lymphoma, also of the same general sub-type, B-cell lymphoma. Mrs. Stevick's B-cell lymphoma is in her brain (PCNSL) and Mr. Stevick's has manifested in his skin on his hands (CLL). Both Mr. & Mrs. Stevick are treating at Kaiser Permanente and both have the same

physicians: Dr. Roberto Z. Gonzalez, the primary care physicians and Dr. Jerome Kim, the oncologist.

The issue of admissibility of such testimony was ruled upon by the Honorable Winifred Y. Smith, admitted in the Pilliod matter and affirmed on JNOV:

> "Joining Plaintiffs' Separate Claims in a Single Trial. The motion on this ground is DENIED. The court addressed the concerns in the order of 1/25/19. The proceedings during trial do not persuade the court that it erred in permitting the claims of the Pilliods to be tried in a single case. As noted in the prior order, the evidence that both spouses used Roundup and both developed NHL would almost certainly have been presented to each jury had the claims been tried separately." Pilliod v. Monsanto Co., 2019 WL 3540107, at *3 (Cal.Super.).

Plaintiffs' position is that the diagnosis of the husband with the same exposure and the same disease is admissible just as it would be admissible if Ms. Stevick's father or mother had NHL (in which case Monsanto would argue a genetic cause of NHL).

In a study of spousal concordance for cancer incidents, a cohort study by Gary Friedman, MD and Charles P. Quesenberry Jr. PhD at the Division of Research, Kaiser Permanente Medical Care Program, Oakland, California, published in American Cancer Society, showed a relative risk of Non-Hodgkin's Lymphoma appeared 2.78 times more likely in married couples, statistically significant (1.03-7.50). These findings have been confirmed by other studies. Importantly, Monsanto cannot feign surprise on this issue. Dr. Chadi Nabhan, the same expert that testified on marital concordance and its significance in proving causation in the Pilliod trial is scheduled to be the case specific expert for Elaine Stevick and has been deposed on marital concordance.

All additional discovery can be easily conducted. Plaintiff has agreed to the discovery Monsanto has requested so that the matter can easily be prepared for the February 24, 2020 trial date. Plaintiff has requested, and will produce the day they are presented all medical records for Mr. Stevick for the last 10 years. Mr. Stevick 1) has already provided Monsanto a Plaintiff Fact Sheet and signed medical authorization forms so that Monsanto can begin its own request for Mr. Stevick's records. Further 2) Mr. Stevick is providing availability for additional depositions of Mr. & Mrs. Stevick limited to the issue of exposure and Mr. Stevick's claims, exposures and disease; 3) plaintiffs will arrange the depositions of Mr. Stevick's treating physicians, primary care and treating oncologist. These are the same physicians that treated Mrs. Stevick; 4) we will supplement Dr. Nabhan's report at the completion of those depositions and make Dr. Nabhan available for that limited issue of marital concordance and Mr. Stevick's cancer. Plaintiffs may or may not accept Monsanto's offer to depose Monsanto's experts on any new information. Finally, we are happy to work out a briefing schedule for any evidentiary issues that Monsanto asserts on this new evidence.

Monsanto has accused Mr. Stevick of gamesmanship concerning these events. We respectfully disagree. Policy considerations of judicial economy certainly weigh heavily in trying the Stevicks' cases together. Yet Monsanto refuses to try them together and thus has forced the plaintiff to soon file for an expedited trial date for Mr. Stevick in the state court system.

Conducting this discovery is easy and feasible, well within the 120 days between now and the start of trial.  If these cases are not kept on track, resolution of these cases becomes impossible. Monsanto has and will continue to have the right to fully litigate and defend itself and for the foregoing reasons Monsanto's request for delay should be denied and the limited discovery discussed above should begin immediately.

    Respectfully submitted,

/s/ Brian L. Stekloff

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Tamarra Matthews Johnson (*pro hac vice*)
(tmatthewsjohnson@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

/s/ Michael J. Miller

Michael J. Miller
(mmiller@millerfirmllc.com)
Brian K. Brake
(bbrake@millerfirmllc.com)
THE MILLER FIRM, LLC
108 Railroad Avenue
Orange, VA 22960
Tel: 540-672-4224
Fax: 540-672-3055

Cc: Counsel of Record (via ECF)

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 29th day of October 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

                                                    /s/ Brian L. Stekloff_____