**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*David Hudson, Individually and as Representative of the Estate of Pamela Hudson, deceased v. Monsanto Co.*, Case No. 3:19-cv-06075-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff David Hudson's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.  Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.  Monsanto denies the allegations in paragraph 2.

3.  Monsanto denies the allegations in paragraph 3.

1    4.    The allegations in paragraph 4 set forth conclusions of law for which no response

2 is required.

3    5.    Monsanto admits the allegations in paragraph 5.

4    6.    The allegations in the first sentence of paragraph 6 set forth conclusions of law for

5 which no response is required.  Monsanto lacks information or knowledge sufficient to form a

6 belief as to the truth of the allegations in the second sentence of paragraph 6 and therefore denies

7 those allegations.  Monsanto admits the remaining allegations in paragraph 6.

8    7.    The allegations in paragraph 7 set forth conclusions of law for which no response

9 is required.

10    8.    In response to the allegations in paragraph 8, Monsanto denies that plaintiff's

11 and/or decedent's injuries arose out of Monsanto's activities.  The remaining allegations in

12 paragraph 8 set forth conclusions of law for which no response is required.

13    9.    The allegations in paragraph 9 set forth conclusions of law for which no response

14 is required.  To the extent that a response is deemed required, Monsanto denies the allegations in

15 paragraph 9.

16    10.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17 truth of the allegations in paragraph 10 and therefore denies those allegations.

18    11.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19 truth of the allegations in paragraph 11 and therefore denies those allegations.

20    12.    Monsanto denies the allegations in paragraph 12.

21    13.    Monsanto denies any liability to plaintiff or plaintiff's decedent under the cited

22 statute.

23    14.    Monsanto denies any liability to plaintiff or plaintiff's decedent under the cited

24 statute.

25    15.    The allegations in paragraph 15 comprise attorney characterizations and are

26 accordingly denied.

27    16.    Monsanto admits the allegations in paragraph 16.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-06075-VC

17.     In response to the allegations in paragraph 17, Monsanto admits that it sells Roundup®-branded products in Kansas.

18.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies those allegations.

19.     The allegations in paragraph 19 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20.     The allegations in paragraph 20 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

21.     The allegations in paragraph 21 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

22.     Monsanto admits the allegations in the first sentence of paragraph 22. Monsanto admits that it is authorized to do business in Kansas.  The remaining allegations in paragraph 22 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

23.     The allegations in paragraph 23 set forth conclusions of law for which no response is required.

24.     Monsanto denies the allegations in paragraph 24.

25.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 25 set forth conclusions of law for which no response is required.

26.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 26 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

27.     Monsanto admits the allegations in paragraph 27.

28.     Monsanto admits the allegations in paragraph 28.

29.     In response to the allegations in paragraph 29, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 29 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore denies those allegations.

30.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 30 comprise attorney characterizations and are accordingly denied.

31.     Monsanto admits the allegations in paragraph 31.

32.     Monsanto generally admits the allegations in paragraph 32, but denies the allegations in paragraph 32 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

33.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies those allegations.

34.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 34 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 34.

35.     In response to the allegations in the first and second sentences of paragraph 35, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

36.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years. Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 36.

37.     The allegations in paragraph 37 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 37.

38.     In response to the allegations in paragraph 38, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 38 set forth conclusions of law for which no response is required.

39.     The allegations in paragraph 39 set forth conclusions of law for which no response is required.

40.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Kansas for sale and distribution.

41.     In response to the allegations in paragraph 41, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 41 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 41 set forth conclusions of law for which no answer is required.

42.     Monsanto denies the allegations in paragraph 42 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 42 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-06075-VC

43. In response to the allegations in paragraph 43, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings. Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3] Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 and therefore denies those allegations.

44. In response to the allegations in paragraph 44, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer. To the extent the subparts purport to quote a document, the document speaks for itself and thus does not

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-06075-VC

1   require any further answer.  The remaining allegations in paragraph 44 are vague and conclusory

2   and comprise attorney characterizations and are accordingly denied.

3       45.    In response to the allegations in paragraph 45, Monsanto admits it entered into an

4   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

5   itself and thus does not require any further answer.  The remaining allegations in paragraph 45

6   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

7       46.    Monsanto denies the allegations in paragraph 46.

8       47.    In response to the allegations in paragraph 47, Monsanto admits that the French

9   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

10  that it "left the soil clean," but denies the allegations in paragraph 47 to the extent that they

11  suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

12  cancer.  Monsanto denies the remaining allegations in paragraph 47.

13      48.    Monsanto denies the allegations in paragraph 48.

14      49.    In response to the allegations in paragraph 49, Monsanto states that the cited

15  document speaks for itself and does not require a response.  To the extent that the allegations in

16  paragraph 49 go beyond a restatement of the cited document, Monsanto lacks information or

17  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 49

18  and therefore denies those allegations.

19      50.    Monsanto admits the allegations in paragraph 50.

20      51.    In response to the allegations in paragraph 51, Monsanto states that the cited

21  document speaks for itself and does not require a response.  To the extent that the allegations in

22  paragraph 51 go beyond a restatement of the cited document, Monsanto lacks information or

23  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 51

24  and therefore denies those allegations.

25      52.    Monsanto states that the term "toxic" as used in paragraph 52 is vague and

26  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

27  denies the allegations in paragraph 52.

28      53.    Monsanto admits the allegations in paragraph 53.

54. In response to the allegations in paragraph 54, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 54.

55. In response to the allegations in paragraph 55, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004. To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56. In response to the allegations in paragraph 56, Monsanto states that these documents speak for themselves and do not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 56.

57. In response to the allegations in paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58. Monsanto denies the allegations in paragraph 58.

59. In response to the allegations in paragraph 59, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 59 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 59.

60. In response to the allegations in paragraph 60, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 60 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 60.

61. Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 61.

62. Monsanto denies the allegations in paragraph 62.

63. Monsanto denies the allegations in paragraph 63.

64.     Monsanto denies the allegations in paragraph 64.

65.     Monsanto denies the allegations in paragraph 65.

66.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 66.

67.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 67 and therefore denies those allegations.

68.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

69.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

70.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 70 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

71.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 71, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 71 comprise attorney characterizations and are accordingly denied.

72.     In response to the allegations in paragraph 72, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-06075-VC

required, the allegations in paragraph 72 comprise attorney characterizations and are accordingly denied.

73.      In response to the allegations in paragraph 73, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 73 comprise attorney characterizations and are accordingly denied.

74.      Monsanto denies the allegations in paragraph 74.

75.      The allegations in paragraph 75 comprise attorney characterizations and are accordingly denied.

76.      Monsanto admits the allegations in paragraph 76.

77.      In response to the allegations in paragraph 77, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 77 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 77.

78.      In response to the allegations in paragraph 78, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 78.

79.      The allegations in paragraph 79 are vague and ambiguous and are accordingly denied.

80.      In response to the allegations in paragraph 80, Monsanto states that the cited document speaks for itself and does not require a response.

81.      In response to the allegations in paragraph 81, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 81 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 81.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-06075-VC

1     82.     Monsanto denies the allegations in paragraph 82.

2     83.     In response to the allegations in paragraph 83, Monsanto states that the cited

3     document speaks for itself and does not require a response.  Monsanto otherwise denies the

4     allegations in paragraph 83.

5     84.     Monsanto admits that there is no reliable evidence that Roundup®-branded

6     products are genotoxic, and that regulatory authorities and independent experts agree that

7     Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

8     paragraph 84.

9     85.     Monsanto denies the allegations in paragraph 85.

10    86.     Monsanto denies the allegations in paragraph 86.

11    87.     Monsanto denies the allegations in paragraph 87.

12    88.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

13    exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 88.

14    89.     Monsanto denies the allegations in paragraph 89.

15    90.     Monsanto denies the allegations in paragraph 90.

16    91.     Monsanto admits the allegations in paragraph 91.

17    92.     Monsanto denies the allegations in paragraph 92.

18    93.     Monsanto admits the allegations in paragraph 93.

19    94.     Monsanto denies the allegations in paragraph 94.

20    95.     Monsanto denies the allegations in paragraph 95.

21    96.     Monsanto denies the allegations in paragraph 96.

22    97.     Monsanto denies the allegations in paragraph 97.

23    98.     Monsanto denies the allegations in paragraph 98.

24    99.     Monsanto denies the allegations in paragraph 99.

25    100.    Monsanto denies the allegations in paragraph 100.

26    101.    In response to the allegations in paragraph 101, Monsanto admits that independent

27    experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity

28

in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 101.

102.    In response to the allegations in paragraph 102, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 102.

103.    In response to the allegations in paragraph 103, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 103.

104.    In response to the allegations in paragraph 104, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 104.

105.    In response to the allegations in paragraph 105, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 105.

106.    In response to the allegations in paragraph 106, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies. To the extent that the allegations in paragraph 106 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

107.    In response to the allegations in paragraph 107, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

108.    Monsanto denies the allegations in paragraph 108 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some

toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 108 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

109.    In response to the allegations in paragraph 109, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

110.    In response to the allegations in paragraph 110, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 110.

111.    In response to the allegations in paragraph 111, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 111 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

112.    In response to the allegations in paragraph 112, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 112 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

113.    In response to the allegations in paragraph 113, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

114.    In response to the allegations in paragraph 114, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United

1    Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

2    Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

3    Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

4    carcinogen.  Monsanto denies the remaining allegations in paragraph 114.

5         115.     Monsanto denies the allegations in paragraph 115.

6         116.     Monsanto denies the allegations in paragraph 116.

7         117.     Monsanto denies the allegations in paragraph 117.

8         118.     Monsanto denies the allegations in paragraph 118.

9         119.     Monsanto denies the allegations in paragraph 119.

10        120.     Monsanto denies the allegations in paragraph 120.

11        121.     Monsanto denies the allegations in paragraph 121.

12        122.     Monsanto denies the allegations in paragraph 122.

13        123.     Monsanto denies the allegations in paragraph 123.

14        124.     Monsanto denies the allegations in paragraph 124.

15        125.     Monsanto denies the allegations in paragraph 125.

16        126.     Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 126 and therefore denies those allegations.

18        127.     Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 127 and therefore denies those allegations.

20        128.     Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in the first sentence of paragraph 128 and therefore denies those

22   allegations.  Monsanto denies the remaining allegations in paragraph 128.

23        129.     Monsanto denies the allegations in paragraph 129.

24        130.     Monsanto lacks information or knowledge sufficient to form a belief as to the

25   truth of the allegations in paragraph 130 and therefore denies those allegations.

26        131.     Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 131 and therefore denies those allegations.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-06075-VC

132.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 132 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 132.

133.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 133 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 133.

134.     Monsanto denies the allegations in paragraph 134.

135.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore denies those allegations.

136.     Monsanto incorporates by reference its responses to paragraphs 1 through 135 in response to paragraph 136 of plaintiff's Complaint.

137.     Monsanto denies the allegations in paragraph 137.

138.     In response to the allegations in paragraph 138, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

139.     In response to the allegations in paragraph 139, Monsanto states that the cited document speaks for itself and does not require a response.

140.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff and/or plaintiff's decedent to risk of their alleged cancers and denies the remaining allegations in paragraph 140.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

141.     Monsanto denies the allegations in the first and last sentences of paragraph 141. The remaining allegations in paragraph 141 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

142.     Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 142 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

143.    Monsanto incorporates by reference its responses to paragraphs 1 through 142 in response to paragraph 143 of plaintiff's Complaint.

144.    The allegations in paragraph 144 set forth conclusions of law for which no response is required.

145.    Monsanto denies the allegations in paragraph 145.

146.    Monsanto denies the allegations in paragraph 146, including each of its subparts.

147.    Monsanto denies the allegations in paragraph 147.

148.    Monsanto denies the allegations in paragraph 148.

149.    Monsanto denies the allegations in paragraph 149, including each of its subparts.

150.    Monsanto denies the allegations in paragraph 150.

151.    Monsanto denies the allegations in paragraph 151.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto incorporates by reference its responses to paragraphs 1 through 153 in response to paragraph 154 of plaintiff's Complaint.

155.    The allegations in paragraph 155 set forth conclusions of law for which no response is required.

156.    Monsanto denies the allegations in paragraph 156.

157.    Monsanto denies the allegations in paragraph 157, including each of its subparts.

158.    Monsanto denies the allegations in paragraph 158.

159.    Monsanto denies the allegations in paragraph 159.

160.    Monsanto denies the allegations in paragraph 160, including each of its subparts.

1        161.    Monsanto denies the allegations in paragraph 161.

2        162.    Monsanto denies the allegations in paragraph 162.

3        163.    Monsanto denies the allegations in paragraph 163.

4        164.    Monsanto denies the allegations in paragraph 164.

5        165.    Monsanto denies the allegations in paragraph 165.

6        166.    Monsanto incorporates by reference its responses to paragraphs 1 through 165 in

7    response to paragraph 166 of plaintiff's Complaint.

8        167.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 167 and therefore denies those allegations.

10       168.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 168 and therefore denies those allegations.

12       169.    Monsanto denies the allegations in paragraph 169.

13       170.    Monsanto denies the allegations in paragraph 170.

14       171.    Monsanto denies the allegations in paragraph 171.

15       172.    Monsanto denies the allegations in paragraph 172, including each of its subparts.

16       173.    Monsanto denies the allegations in paragraph 173.

17       174.    Monsanto denies that Roundup®-branded products have "dangerous

18   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the remaining allegations in paragraph 174 and therefore denies those allegations.

20       175.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 175 and therefore denies those allegations.

22       176.    Monsanto denies the allegations in paragraph 176.

23       177.    The allegations in paragraph 177 set forth conclusions of law for which no

24   response is required.

25       178.    Monsanto denies the allegations in paragraph 178.

26       179.    Monsanto denies the allegations in paragraph 179.

27       180.    Monsanto denies the allegations in paragraph 180.

28       181.    Monsanto denies the allegations in paragraph 181.

1    182.    Monsanto denies the allegations in paragraph 182.

2    183.    Monsanto denies the allegations in paragraph 183.

3    184.    Monsanto denies the allegations in paragraph 184.

4    185.    Monsanto denies the allegations in paragraph 185.

5    186.    Monsanto denies the allegations in paragraph 186.

6    187.    Monsanto denies the allegations in paragraph 187.

7    188.    Monsanto incorporates by reference its responses to paragraphs 1 through 187 in

8    response to paragraph 188 of plaintiff's Complaint.

9    189.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 189 and therefore denies those allegations.

11   190.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 190 and therefore denies those allegations.

13   191.    Monsanto denies the allegations in paragraph 191.

14   192.    Monsanto denies the allegations in paragraph 192.

15   193.    Monsanto denies the allegations in paragraph 193.

16   194.    Monsanto denies the allegations in paragraph 194, including each of its subparts.

17   195.    Monsanto denies the allegations in paragraph 195.

18   196.    Monsanto denies that Roundup®-branded products have "dangerous

19   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the remaining allegations in paragraph 196 and therefore denies those allegations.

21   197.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 197 and therefore denies those allegations.

23   198.    Monsanto denies the allegations in paragraph 198.

24   199.    The allegations in paragraph 199 set forth conclusions of law for which no

25   response is required.

26   200.    Monsanto denies the allegations in paragraph 200.

27   201.    Monsanto denies the allegations in paragraph 201.

28   202.    Monsanto denies the allegations in paragraph 202.

1   203.   Monsanto denies the allegations in paragraph 203.

2   204.   Monsanto denies the allegations in paragraph 204.

3   205.   Monsanto denies the allegations in paragraph 205.

4   206.   Monsanto denies the allegations in paragraph 206.

5   207.   Monsanto denies the allegations in paragraph 207.

6   208.   Monsanto denies the allegations in paragraph 208.

7   209.   Monsanto denies the allegations in paragraph 209.

8   210.   Monsanto denies the allegations in paragraph 210.

9   211.   Monsanto incorporates by reference its responses to paragraphs 1 through 210 in

10  response to paragraph 211 of plaintiff's Complaint.

11  212.   The allegations in paragraph 212 set forth conclusions of law for which no

12  response is required.

13  213.   Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in paragraph 213 and therefore denies those allegations.

15  214.   Monsanto denies the allegations in paragraph 214.  All labeling of Roundup®-

16  branded products has been and remains EPA-approved and in compliance with all federal

17  requirements under FIFRA.

18  215.   Monsanto denies the allegations in paragraph 215.

19  216.   Monsanto denies the allegations in paragraph 216.  All labeling of Roundup®-

20  branded products has been and remains EPA-approved and in compliance with all federal

21  requirements under FIFRA.

22  217.   Monsanto denies the allegations in paragraph 217.  All labeling of Roundup®-

23  branded products has been and remains EPA-approved and in compliance with all federal

24  requirements under FIFRA.

25  218.   Monsanto denies the allegations in paragraph 218.

26  219.   Monsanto lacks information or knowledge sufficient to form a belief as to the

27  truth of the allegations regarding plaintiff's use history in paragraph 219 and therefore denies

28  those allegations.  Monsanto denies the remaining allegations in paragraph 219.

220.    The allegations in paragraph 220 set forth conclusions of law for which no response is required.

221.    Monsanto denies the allegations in paragraph 221.

222.    Monsanto denies the allegations in paragraph 222.

223.    Monsanto denies the allegations in paragraph 223.

224.    Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 224.

225.    The allegations in paragraph 225 set forth conclusions of law for which no response is required.

226.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 226 and therefore denies those allegations.

227.    Monsanto denies the allegations in paragraph 227.

228.    Monsanto denies the allegations in paragraph 228.

229.    Monsanto denies the allegations in paragraph 229.

230.    Monsanto denies the allegations in paragraph 230.

231.    Monsanto denies the allegations in paragraph 231.

232.    Monsanto incorporates by reference its responses to paragraphs 1 through 231 in response to paragraph 232 of plaintiff's Complaint.

233.    The allegations in paragraph 233 set forth conclusions of law for which no response is required.

234.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 234 and therefore denies those allegations.

235.    Monsanto denies the allegations in paragraph 235.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

236.    Monsanto denies the allegations in paragraph 236.

237. Monsanto denies the allegations in paragraph 237. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

238. Monsanto denies the allegations in paragraph 238. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

239. Monsanto denies the allegations in paragraph 239.

240. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding decedent's use history in paragraph 240 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 240.

241. The allegations in paragraph 241 set forth conclusions of law for which no response is required.

242. Monsanto denies the allegations in paragraph 242.

243. Monsanto denies the allegations in paragraph 243.

244. Monsanto denies the allegations in paragraph 244.

245. Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 245.

246. The allegations in paragraph 246 set forth conclusions of law for which no response is required.

247. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 247 and therefore denies those allegations.

248. Monsanto denies the allegations in paragraph 248.

249. Monsanto denies the allegations in paragraph 249.

250. Monsanto denies the allegations in paragraph 250.

251. Monsanto denies the allegations in paragraph 251.

252. Monsanto denies the allegations in paragraph 252.

253. Monsanto denies the allegations in paragraph 253.

254.    Monsanto incorporates by reference its responses to paragraphs 1 through 253 in response to paragraph 254 of plaintiff's Complaint.

255.    Monsanto denies the allegations in paragraph 255.  Additionally, the allegations in the last sentence in paragraph 255 set forth conclusions of law for which no response is required.

256.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 256 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 198 set forth conclusions of law for which no response is required.

257.    The allegations in paragraph 257 set forth conclusions of law for which no response is required.

258.    Monsanto denies the allegations in paragraph 258.

259.    The allegation in paragraph 259 regarding a purported implied warranty sets forth a conclusion of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 259 and therefore denies those allegations.

260.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 260 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies the allegations in paragraph 260.

261.    Monsanto denies the allegations in paragraph 261.

262.    Monsanto denies the allegations in paragraph 262.

263.    Monsanto denies the allegations in paragraph 263.

264.    Monsanto incorporates by reference its responses to paragraphs 1 through 263 in response to paragraph 264 of plaintiff's Complaint.

265.    Monsanto denies the allegations in paragraph 265.  Additionally, the allegations in the last sentence in paragraph 265 set forth conclusions of law for which no response is required.

266.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 266 concerning the plaintiff's decedent's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 266 set forth conclusions of law for which no response is required.

267.    The allegations in paragraph 267 set forth conclusions of law for which no response is required.

268.    Monsanto denies the allegations in paragraph 268.

269.    The allegation in paragraph 269 regarding a purported implied warranty sets forth a conclusion of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 269 and therefore denies those allegations.

270.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 270 concerning the condition of any Roundup®-branded product allegedly used by plaintiff's decedent or about plaintiff's decedent's alleged uses of such product and therefore denies the allegations in paragraph 270.

271.    Monsanto denies the allegations in paragraph 271.

272.    Monsanto denies the allegations in paragraph 272.

273.    Monsanto denies the allegations in paragraph 273.

274.    Monsanto denies the allegations in paragraph 274.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.    Plaintiff's claims are barred for lack of personal jurisdiction.

1      3.    Venue may be improper and/or inconvenient.

2      4.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

3  reliable evidence that the products at issue were defective or unreasonably dangerous.

4      5.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was

5  so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

6  plaintiff and/or decedent's alleged injuries.

7      6.    Plaintiff's claims are barred, in whole or in part, because the products at issue were

8  designed, manufactured, marketed and labeled with proper warnings, information, cautions and

9  instructions, in accordance with the state of the art and the state of scientific and technological

10  knowledge.

11      7.    Plaintiff's claims are barred, in whole or in part, because the products at issue were

12  not defective or unreasonably dangerous in that they complied with, at all relevant times, all

13  applicable government safety standards.

14      8.    Any claims based on allegations that Monsanto misled, defrauded, made

15  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

16  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

17  *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

18      9.    Plaintiff's claims are preempted, in whole or in part, by applicable federal law

19  relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

20  processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

21      10.   Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings

22  that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product

23  labeling.

24      11.   Plaintiff's claims are barred, in whole or in part, by the doctrine of primary

25  jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

26      12.   Plaintiff's claims are barred, in whole or in part, because plaintiff's and/or

27  decedent's injuries, if any, were the result of conduct of plaintiff, decedent, independent third

28  parties, and/or events that were extraordinary under the circumstances, not foreseeable in the

normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff and/or plaintiff's decedent's pre-existing medical conditions.

13.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

14.   Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

15.   Plaintiff's and/or plaintiff's decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

16.   If plaintiff and/or plaintiff's decedent suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's and/or plaintiff's decedent's alleged injury or damages.

17.   Monsanto had no legal relationship or privity with plaintiff and/or decedent and owed no duty to plaintiff and/or decedent by which liability could be attributed to it.

18.   Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff and/or decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

19.   Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

20.   Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Kansas Constitution, the Missouri Constitution, and/or other applicable state constitutions.

21.  Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under, Kansas law, Missouri law and/or other applicable state's laws.

22.  Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Kan. Stat. § 60-3701 and Missouri Revised Statute § 510.265.

23.  Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiff, plaintiff's decedent, and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiff has failed to clearly establish any entitlement to punitive and/or exemplary damages based on his allegations.

24.  Plaintiff's claims are barred in whole or in part by plaintiff's and/or plaintiff's decedent's own contributory/comparative negligence.

25.  Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

26.  Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

27.  To the extent that plaintiff and/or plaintiff's decedent recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute § 490.715.

28.  If plaintiff and/or plaintiff's decedent has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

29.  Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

30.  Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

31.  Plaintiff's recovery should be reduced in proportion to plaintiff's or plaintiff's decedent's fault and any recovery by plaintiff should be barred if the plaintiff's or plaintiff's decedent's fault is equal to or greater than the total fault of all persons against whom a claim is made.  Kan. Stat. Ann. § 60-258a.

32.  Plaintiff's common law claims are barred, in whole or part, by application of Kan. Stat. Ann. § 60-3302(c), *et seq.*

33.  Plaintiff's claims are barred, in whole or in part, by application of Kan. Stat. Ann. § 60-3304(a)

34.  If plaintiff or plaintiff's decedents have been injured or damaged, no injury or damages being admitted, plaintiff's claims for damages are limited by Kan. Stat. Ann. § 16-19a02(b)(1)-(2).

35.  Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  November 5, 2019

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*