**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M Street, N.W., 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, N.W.
Washington, DC 20001
Tel:  202-942-5000
Fax: 202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, N.W.
Washington, DC 20005
Tel:  202-898-5800
Fax: 202-682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Bryant v. Monsanto Co., et al.*,<br>Case No. 3:19-cv-06395-VC | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**DEFENDANT MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>Date:  December 5, 2019<br>Time: 10:00 a.m.<br>Courtroom:  4 |

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................................................ii

ISSUE TO BE DECIDED..............................................................................................................1

INTRODUCTION ..........................................................................................................................1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ..................................................2

ARGUMENT ..................................................................................................................................5

    I.    Flexsys America, L.P. (Which Owned And Operated The Nitro Plant) And Flexsys America Limited (Which Never Owned Or Operated The Nitro Plant) Are Not West Virginia Citizens For Purposes of Diversity Jurisdiction And Therefore Do Not Prevent Removal. ...............................................................................5

    II.    Even Assuming That Flexsys America Limited Is A West Virginia Citizen For Purposes Of Diversity Jurisdiction – Which It Is Not – The Court Should Still Disregard The Citizenship Of That Fraudulently Joined Defendant. .........................7

    III.    Even If The Court Were To Conclude That Plaintiffs Meant To Sue Flexsys America, L.P., The Unrebutted Evidence Establishes That This Entity Would Be Fraudulently Joined Because It Has No Connection To The Products Or Controversy At Issue In This Lawsuit. .................................................................11

    IV.    The Unrebutted Evidence Establishes That The Club Was Fraudulently Joined, Because The Club Has No Connection To The Products Or The Controversy At Issue In This Lawsuit. ...................................................................13

CONCLUSION ............................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arias v. Follet Higher Educ. Corp.*,
   No. 8:18-cv-01965-JLC-JDE, 2019 WL 484192 (C.D. Cal. Feb. 7, 2019) ............................. 8, 10

*Carden v. Arkoma Assocs.*,
   494 U.S. 185 (1990) ................................................................................................................ 5, 7

*Chesapeake & Ohio Ry. Co. v. Cockrell*,
   232 U.S. 146 (1914) ................................................................................................................... 12

*DaCosta v. Novartis, AG*,
   180 F. Supp. 2d 1178 (D. Or. 2001) ....................................................................................... 9, 11

*Feizbakhsh v. Travelers Commercial Ins. Co.*,
   No. LA CV16-02165 JAK (Ex), 2016 WL 8732296 (C.D. Cal. Sept. 9, 2016) ..................... 8, 10

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) ........................................................................................................................ 6

*Higley v. Cessna Aircraft Co.*,
   No. CV 10-3345-GHK, 2010 WL 3184516 (C.D. Cal. July 21, 2010) .................................. 9, 11

*Janke v. Babcock Co., Inc.*,
   Civil Action No. 12-513, 2012 WL 1499292 (E.D. La. Apr. 27, 2012) ........................................ 8

*Johnson v. Columbia Props. Anchorage, LP*,
   437 F.3d 894 (9th Cir. 2006) ......................................................................................................... 5

*Legg v. Wyeth*,
   428 F.3d 1317 (11th Cir. 2005) ................................................................................................... 10

*Macey v. Allstate Prop. & Cas. Ins. Co.*,
   220 F. Supp. 2d 1116 (N.D. Cal. 2002) ......................................................................................... 8

*Mann v. City of Tucson, Dep't of Police*,
   782 F.2d 790 (9th Cir. 1986) ......................................................................................................... 7

*Martin v. Franklin Cap. Corp.*,
   546 U.S. 132 (2005) ..................................................................................................................... 14

*Martinez v. McKesson Corp.*,
   No. 3:15-cv-02903-H-JLB, 2016 WL 5930271 (S.D. Cal. April 7, 2016) .............................. 8, 10

*Morris v. Princess Cruises, Inc.*,
   236 F.3d 1061 (9th Cir. 2001) .................................................................................................... 7, 8

*Pampillonia v. RJR Nabisco, Inc.*,
   138 F.3d 459 (2d Cir. 1998) ........................................................................................................... 7

*Ritchey v. Upjohn Drug Co.*,
    139 F.3d 1313 (9th Cir. 1998) ................................................................................................ 7, 8

*Salkin v. United Servs. Auto. Ass'n*,
    767 F. Supp. 2d 1062 (C.D. Cal. 2011) ................................................................................ 8, 11

*TPS Utilicom Servs., Inc. v. AT&T Corp.*,
    223 F. Supp. 2d 1089 (C.D. Cal. 2002) ................................................................................ 9, 11

**ISSUE TO BE DECIDED**

Plaintiffs are West Virginia citizens who sued Monsanto Company ("Monsanto") and other Defendants that Plaintiffs claim are West Virginia citizens and therefore preclude removal. However, one of those Defendants actually is not a West Virginia citizen, and, even if that Defendant were deemed to be a West Virginia citizen, Monsanto has provided a clear evidentiary basis to establish fraudulent joinder because that Defendant has no connection to Roundup®-branded herbicides or the controversy at issue in this lawsuit. Likewise, Monsanto has provided a clear evidentiary basis to establish that the other Defendant (which is a West Virginia citizen) has no connection to Roundup®-branded herbicides or the controversy at issue here – and therefore has been fraudulently joined. Although Monsanto pierced the pleadings by presenting evidence to satisfy its removal burden, Plaintiffs' remand arguments are based on mere speculation and unsupported "upon information and belief" allegations.

The issue to be decided is whether, on this record, Plaintiffs' Motion to Remand should be denied because Monsanto has established that this Court has subject matter jurisdiction based on complete diversity of citizenship, when the Court disregards the citizenship of any Defendant that is deemed a West Virginia citizen.

**INTRODUCTION**

In this products liability lawsuit involving injuries allegedly caused by exposure to Monsanto's Roundup®-branded herbicides, Plaintiffs improperly sued Defendants that Plaintiffs claim are not diverse to try to deprive Monsanto of its important right to remove this lawsuit to federal court. Without any supporting factual allegations, the Complaint names Defendants that have never had any connection whatsoever to Roundup®-branded herbicides or the controversy at issue here.

There is complete diversity of citizenship in this lawsuit. Contrary to Plaintiffs' assertions, under well-established jurisdictional law and the undisputed facts presented here, Defendant Flexsys America Limited – and the other Flexsys entity that owned and operated the manufacturing plant in Nitro, West Virginia – are deemed to be citizens of Delaware and Missouri (not West

- 1 -

Virginia), for purposes of diversity jurisdiction. Nevertheless, even if – contrary to the law and the facts – one or both of these Flexsys entities are deemed to be West Virginia citizens, any such West Virginia entity was fraudulently joined, so its presence should be disregarded when the Court decides whether it has federal diversity jurisdiction and whether Monsanto's removal was proper. The same fraudulent joinder conclusion applies to Defendant Monsanto Management Club-Nitro Plant. That Defendant and the Flexsys entities discussed above never had any role in designing, developing, researching, testing, manufacturing, packaging, labeling, advertising, marketing, distributing, or selling Roundup®-branded herbicides. Thus, Plaintiffs have no viable claims against these Defendants, and their presence does not deprive this Court of subject matter jurisdiction.

The *facts* summarized above are based on *evidence* in the record; in contrast, Plaintiffs rely on *sheer speculation and unsupported information-and-belief allegations* to contend that this Court lacks subject matter jurisdiction due to a lack of complete diversity of citizenship between Plaintiffs and Defendants. That is not enough to support remand when Monsanto has established – with unrebutted evidence – that removal was proper. As discussed in more detail below, Plaintiffs have failed to present any persuasive reason for this Court to decline to exercise subject matter jurisdiction, so the Motion to Remand should be denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs, a married couple from West Virginia, filed this products liability action in the Circuit Court of Mason County, West Virginia, alleging that Roger Bryant developed non-Hodgkin's lymphoma ("NHL") due to his exposure to Monsanto's Roundup®-branded herbicides. *See* Compl. ¶ 2, No. 3:19-cv-00602, ECF No. 1-1 (S.D. W. Va. Aug. 19, 2019) ("Complaint"). Plaintiffs filed suit against three Defendants: Monsanto, Flexsys America Limited, and the Monsanto Management Club-Nitro Plant ("the Club"). *See id*. ¶¶ 14-17. Although the Complaint indiscriminately (and improperly) lumps all of the Defendants together as "Defendants" when listing the causes of action, *see id*. ¶¶ 158-270, Monsanto clearly is the target of the Complaint, as shown by the "Allegations Common to All Counts" section that repeatedly singles out Monsanto and focuses on its alleged negligence and other alleged misconduct, *see id*. ¶¶ 47-59, 67-80.

1    Plaintiffs' effort to connect the other two Defendants to Roundup®-branded herbicides – and
2 thereby try to impose liability on those Defendants – is based on a chain of unsupported,
3 information-and-belief allegations.  For example, Plaintiffs allege that the Club "was and is a West
4 Virginia Corporation, which *Plaintiffs are informed and believe*, during relevant times, managed a
5 plant in Nitro, West Virginia." Compl. ¶ 15 (emphasis added).  Plaintiffs also allege that Flexsys
6 America Limited is a West Virginia General Partnership that "*Plaintiffs are informed and believe*,
7 at relevant times, operated a plant and premises in Nitro, West Virginia." *Id*. ¶ 17 (emphasis
8 added).[1]  Next, Plaintiffs allege – again, merely on information and belief – that the Nitro Plant was
9 involved in designing, researching, developing, testing, manufacturing, packaging, marketing,
10 advertising, and/or selling herbicides.  *Id*. ¶¶ 20-21.  Finally, the Complaint lumps the two
11 Defendants together with Monsanto and alleges: "*Upon information and belief*, Defendants did act
12 together to design, develop, research, sell, advertise, manufacture and/or distribute Roundup®, with
13 full knowledge of its dangerous and defective nature." *Id*. ¶ 40 (emphasis added).  The rest of the
14 Complaint does not allege any facts to support these information-and-belief allegations.
15    In August 2019, Monsanto removed this case from West Virginia state court to the United
16 States District Court for the Southern District of West Virginia based on federal diversity
17 jurisdiction.  *See* Notice of Removal ¶ 4, No. 3:19-cv-00602, ECF No. 1 (S.D. W. Va. Aug. 19,
18 2019) ("Notice of Removal").  In support of removal, Monsanto filed declarations from two
19 individuals with personal knowledge of facts that are important for a court to consider when
20 evaluating whether federal subject matter jurisdiction exists in this case and whether Monsanto
21 properly removed this lawsuit.[2]  One declaration was submitted by Mr. Woodmansee, who holds
22

---

[1] The Complaint alleges that Flexsys America Limited is a West Virginia general partnership and that its partner is Flexsys America, LP.  Compl. ¶ 17.  The Complaint does not allege the identity or citizenship of any partner in Flexsys America, LP.

[2] Plaintiffs do not contend that the Court should disregard the declarations submitted by Monsanto.  Indeed, Plaintiffs concede – correctly – that this Court is permitted to consider matters outside the pleadings when deciding this motion.  *See* Pls.' Mem. of Law in Support of Mot. to Remand at 7, No. 3:19-cv-06395-VC, ECF No. 14 (N.D. Cal. Oct. 23, 2019) ("Remand Memorandum").  Plaintiffs' concession is in accord with decisions issued by the Ninth Circuit and district courts within the Ninth Circuit.  *See infra* Argument Section II.

- 3 -
MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
3:16-md-02741-VC & 3:19-cv-06395-VC

1  positions with various companies, including a position as a Manager of Flexsys America, L.P.  *See*
2  Decl. of David A. Woodmansee ¶ 1, No. 3:19-cv-000602, ECF No. 1-2 (S.D. W. Va. Aug. 19,
3  2019) ("Woodmansee Declaration").  This declaration establishes that Flexsys America, L.P. owned
4  and operated the Nitro Plant from the time Monsanto discontinued its operations at the plant in 1995
5  until operations were permanently discontinued at the plant in 2004.  *Id*. ¶ 3.  The declaration also
6  explains the ownership structure of Flexsys America, L.P., *id*. ¶¶ 3-4, and establishes – as discussed
7  below – that Flexsys America, L.P. and Flexsys America Limited both are deemed to be citizens of
8  Delaware and Missouri for purposes of diversity jurisdiction.

9  The second declaration was submitted by Mr. Drescher, who was an incorporator of the
10 Club, and was a member and officer of the Club for approximately thirty years.  *See* Decl. of Otto J.
11 Drescher ¶ 3, No. 3:19-cv-000602, ECF No. 1-3 (S.D. W. Va. Aug. 19, 2019) ("Drescher
12 Declaration").  This declaration establishes that the Club never managed or operated the Nitro Plant,
13 *id*. ¶ 11, and the Club never played any role in designing, developing, researching, manufacturing,
14 testing, packaging, marketing, distributing, labeling, or selling Roundup®-branded herbicides,
15 glyphosate-based herbicides, or any other products manufactured by Monsanto or any other
16 individual or entity, *id*. ¶ 12.

17 On September 18, 2019, while the case was still in the Southern District of West Virginia,
18 Plaintiffs filed a Motion to Remand.  *See* Pls.' Mot. to Remand, No. 3:19-cv-000602, ECF No. 6
19 (S.D. W. Va. Sept. 18, 2019) ("Original Remand Motion").  Meanwhile, after the remand motion
20 briefing was complete, the JPML entered a final Transfer Order transferring this case to the
21 Roundup® MDL.  *See* JPML Transfer Order (CTO-155), No. 3:19-cv-000602, ECF No. 11 (S.D. W.
22 Va. Oct. 4, 2019).  On October 23, 2019, after the case had been transferred to the MDL, Plaintiff
23 filed the instant Motion to Remand.  Pls.' Mot. to Remand.*,* No. 3:19-cv-06395-VC, ECF No. 13
24 (N.D. Cal. Oct. 23, 2019) ("Motion to Remand").

25
26
27
28

**ARGUMENT**

**I.    Flexsys America, L.P. (Which Owned And Operated The Nitro Plant) And Flexsys America Limited (Which Never Owned Or Operated The Nitro Plant) Are Not West Virginia Citizens For Purposes of Diversity Jurisdiction And Therefore Do Not Prevent Removal.**

As discussed below in Section II, there is a major disconnect between Plaintiffs' claims against Flexsys America Limited – which are based on the fundamental allegation that this Defendant owned and operated the Nitro Plant – and the Woodmansee Declaration, which presents unrebutted evidence establishing that a different entity, Flexsys America, L.P. (not Flexsys America Limited), owned and operated the Nitro Plant.

However, this Court need not reach that issue to decide the Motion to Remand because neither Flexsys entity is deemed to be a citizen of West Virginia for purposes of diversity jurisdiction. Thus, regardless of which Flexsys entity is at issue here, neither one blocks this Court from exercising subject matter jurisdiction based on diversity of citizenship.

Both Flexsys entities are partnerships, *see* Woodmansee Decl. ¶ 3; Mot. to Remand, Ex. 3, which means that this Court cannot look to a state of incorporation or a principal place of business to determine the citizenship of those partnerships. *See, e.g., Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990) (declining to extend jurisdictional rule for determining citizenship of corporations to other entities, like partnerships). Instead, this Court is required to focus on the citizenship of the members of a partnership when determining the citizenship of the partnership for purposes of diversity jurisdiction. *See id.* at 195-96.

Flexsys America, L.P. is a limited partnership with two partners: Flexsys America, LLC (the general partner) and Solutia Inc. (the limited partner). Woodmansee Decl. ¶¶ 3-4. To assess the citizenship of a limited liability company, the Court is required to identify the citizenship of the limited liability company's members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens"). Flexsys America, LLC is a limited liability company and a wholly owned subsidiary of Solutia Inc. Woodmansee Decl. ¶ 4. The members of a limited liability

- 5 -

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
3:16-md-02741-VC & 3:19-cv-06395-VC

1  company are the owners of the company.  Solutia Inc. is the only owner – *i.e.* the sole member – of

2  Flexsys America, LLC.  *See* Supplemental Decl. of David A. Woodmansee ¶ 4, Sept. 30, 2019, No.

3  3:19-cv-000602, ECF No. 9-1 (S.D. W. Va. Oct. 2, 2019) ("Supplemental Woodmansee

4  Declaration").[3]  (Although previously filed in the Southern District of West Virginia court

5  proceedings, Monsanto has attached a true and correct copy of the Supplemental Woodmansee

6  Declaration as **Exhibit 1** for ease of reference.)  Thus, Flexsys America, LLC is deemed to be a

7  citizen, for purposes of diversity jurisdiction, of the same states where Solutia Inc. is deemed to be a

8  citizen.  Solutia Inc. is incorporated under the laws of the State of Delaware and has its principal

9  place of business in the State of Missouri.  Woodmansee Decl. ¶ 4; *see also* Supplemental

10  Woodmansee Decl. ¶ 5.[4]

---

[3] Plaintiffs complain that Monsanto "did not state or supply documentation of the members of Flexsys America, LLC," Remand Mem. at 13, but that exercise in semantics and hair-splitting lacks merit and ignores the sworn statement about Flexsys America, LLC in the Woodmansee Declaration.  In fact, as discussed above, Monsanto presented evidence in that declaration that Flexsys America, LLC is a wholly owned subsidiary of Solutia Inc., which is the same as saying that Solutia Inc. is the sole owner and sole member of Flexsys America, LLC.  However, in an abundance of caution and to remove any scintilla of doubt that Plaintiffs may have about this issue, Monsanto previously submitted the Supplemental Woodmansee Declaration, which specifically states that Solutia Inc. is the sole member of Flexsys America, LLC.

[4] The Woodmansee Declaration established that Solutia Inc. has its principal place of business in Missouri, and Plaintiffs present no evidence to rebut that sworn declaration.  The excerpt from Monsanto's SEC Form 10-K, submitted by Plaintiffs as Exhibit 5 to their Motion to Remand, does not state (or even imply) that the principal place of business of Solutia Inc. is not in Missouri.  Once again, Plaintiffs engage in sheer speculation.  They assert that Solutia Inc. may have its principal place of business in another state, *see* Remand Mem. at 14, but Plaintiffs have no basis to contend that the principal place of business is in **West Virginia**, which is what they need to support their argument that complete diversity of citizenship is absent in this case.  The Supplemental Woodmansee Declaration identified the specific St. Louis, Missouri address of that principal place of business – which is also the corporate headquarters of Solutia Inc. – and Exhibit A to that declaration is the Annual Registration Report filed by Solutia Inc. (in March 2019) with the Missouri Secretary of State that provides the same St. Louis, Missouri address for the company's "Principal Place of Business or Corporate Headquarters."

This is consistent with the "nerve center" approach discussed in *Hertz Corp. v. Friend*, "which ordinarily equates that 'center' with a corporation's headquarters," 559 U.S. 77, 95 (2010); *see id*. at 93 (stating that a corporation's "nerve center" is "usually its main headquarters").  Plaintiffs' reliance on *Hertz Corp.* misses the mark.  The issue is not "[w]here were the main decisions made *with respect to the Nitro plant*," Remand Mem. at 14 (emphasis added), or "[w]here was the actual center of direction, control, and coordination *of the Nitro plant*," *id*. (emphasis added).  The *Hertz Corp.* test focuses more broadly on the location of the center of "***overall*** direction, control, and coordination," 559 U.S. at 96 (emphasis added), *for the corporation at issue*.  Here, the undisputed evidence establishes that nerve center is St. Louis, Missouri for Solutia Inc.  Moreover, it is well established that the "crucial date" for assessing a corporation's citizenship, under the principal place

A similar analysis of Flexsys America Limited also leads to the conclusion that it is a citizen of Delaware and Missouri – ***not*** West Virginia – for purposes of diversity jurisdiction. This Flexsys entity is a partnership, so the Court cannot determine the citizenship of that entity by focusing on a state of incorporation or the location of its principal place of business. As discussed above, the Court is required to assess the citizenship of the members of a partnership when determining the citizenship of the partnership for purposes of diversity jurisdiction. *See Carden*, 494 U.S. at 195-96. Plaintiffs assert that "***the*** partner" for Flexsys America Limited is Flexsys America, L.P., Remand Mem. at 8 (emphasis added), and the website print-out that they submitted as Exhibit 3 to their Motion to Remand lists only one partner, Flexsys America, L.P. Thus, Flexsys America Limited is deemed to have the same citizenship, for purposes of diversity jurisdiction, as the citizenship of its sole member, Flexsys America, L.P. – namely, Delaware and Missouri.

In short, neither of the two Flexsys entities discussed above is a West Virginia citizen, so their presence (regardless of which one is the "correct" Defendant") does not destroy diversity of citizenship in this case and does not deprive this Court of subject matter jurisdiction.

**II.     Even Assuming That Flexsys America Limited Is A West Virginia Citizen For Purposes Of Diversity Jurisdiction – Which It Is Not – The Court Should Still Disregard The Citizenship Of That Fraudulently Joined Defendant.**

The fraudulent joinder of defendants does not defeat this Court's diversity jurisdiction. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). As recognized by this Court in its July 9, 2019 Pretrial Order, "[t]he doctrine of fraudulent joinder applies when a non-diverse defendant has 'no real connection with the controversy.'" No. 3:16-md-02741-VC, ECF No. 4533 at 3 (N.D. Cal. July 9, 2019) (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). Moreover, the

---

of business prong of the corporate citizenship test, is the date the complaint was filed. *Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790, 794 (9th Cir. 1986) (the "[e]xistence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint"). Thus, Plaintiffs' last-ditch, alternative argument that somehow the Court can determine Monsanto's citizenship by focusing on "[t]he actual center of direction, control, and coordination of the Nitro plant during the time Monsanto owed [sic] it from 1953 through the time it turned the plant over to others," Remand Mem. at 14 n.6, is contrary to controlling precedent.

- 7 -
MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
3:16-md-02741-VC & 3:19-cv-06395-VC

possibility that the plaintiff can state a claim against the defendant must be a "non-fanciful" one. *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002).

In conducting the fraudulent joinder analysis, the Court is not limited to the allegations of the complaint; rather, the Court is permitted to consider affidavits, declarations, and other evidence presented by the removing defendant. *See Ritchey*, 139 F.3d at 1318 ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.") (citation omitted); *Morris*, 236 F.3d at 1068 ("[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." (citation omitted)); *Janke v. Babcock Co., Inc.*, Civil Action No. 12-513, 2012 WL 1499292, at *5 (E.D. La. Apr. 27, 2012) (holding that certain defendants were improperly joined where affidavit submitted by removing defendant negated plaintiffs' claim). Once the removing defendant offers evidence showing that the non-diverse defendant has been fraudulently joined, the plaintiff cannot rely on mere allegations in the complaint to seek remand. *See Arias v. Follet Higher Educ. Corp.,* No. 8:18-cv-01965-JLC-JDE, 2019 WL 484192, at *3 (C.D. Cal. Feb. 7, 2019) (holding that the plaintiff did not state a claim against non-diverse defendant because "even assuming [p]laintiff's legal theories are viable, [p]laintiff has offered *no facts* to support these claims" and "submit[ted] no evidence to dispute [d]efendants' version of the facts" that established fraudulent joinder) (emphasis in original); *Feizbakhsh v. Travelers Commercial Ins. Co.*, No. LA CV16-02165 JAK (Ex), 2016 WL 8732296, at *8 (C.D. Cal. Sept. 9, 2016) (denying remand motion and finding that plaintiff's "conclusory allegations" in the complaint were not sufficient to overcome the evidence offered by the removing defendant to establish fraudulent joinder); *Martinez v. McKesson Corp.*, No. 3:15-cv-02903-H-JLB, 2016 WL 5930271, at *3 (S.D. Cal. April 7, 2016) (denying plaintiff's motion to remand because plaintiff's "speculation, which is unsupported by any evidence" does not suffice to overcome the evidence presented by the defendant). Moreover, once the removing defendant has presented evidence establishing fraudulent joinder, the plaintiff cannot overcome that evidence by simply *speculating* that future discovery *might* provide a factual basis for the claims asserted against the non-diverse defendant. *See Salkin v. United Servs. Auto. Ass'n*,

1  767 F. Supp. 2d 1062, 1068 (C.D. Cal. 2011) (denying motion to remand and rejecting plaintiffs'
2  argument that they were entitled to engage in discovery to uncover a factual basis for their claims
3  against fraudulently joined defendants, stating: "This is not the standard by which fraudulent joinder
4  is determined.  A court determines whether an entity has been fraudulently joined by looking at the
5  complaint and at facts presented by the parties at the time of removal.  There is no right at this stage
6  for either side to engage in further discovery on this issue.") (citations omitted); *Higley v. Cessna*
7  *Aircraft Co.*, No. CV 10-3345-GHK (FMOx), 2010 WL 3184516, at *3 (C.D. Cal. July 21, 2010)
8  (denying motion to remand and rejecting plaintiffs' argument that they should be afforded an
9  opportunity to gather further evidence as to a defendant's liability because the fraudulent joinder
10 inquiry "'does not include consideration of whether, with further discovery, the plaintiff may
11 uncover a factual basis for its claims.'" (quoting *TPS Utilicom Servs., Inc. v. AT&T Corp.*, 223 F.
12 Supp. 2d 1089, 1103 (C.D. Cal. 2002)); *TPS Utilicom Servs.*, 223 F. Supp. 2d at 1103 (holding that
13 a plaintiff "cannot resist the fraudulent joinder analysis by arguing that future discovery might turn
14 up a factual basis" for plaintiff's allegations); *DaCosta v. Novartis, AG*, 180 F. Supp. 2d 1178, 1183
15 (D. Or. 2001) (stating that "[w]hen a removing party presents evidence that establishes a claim of
16 fraudulent joinder, however, the Court has no authority to grant a motion to remand based on the
17 possibility that future discovery may reveal a factual basis to dispute the unchallenged evidence of
18 record").

19       In this case, the linchpin for all of Plaintiffs' claims against Flexsys America Limited is the
20 information-and-belief allegation that Flexsys America Limited owned and operated the Nitro Plant,
21 but the undisputed evidence establishes that allegation to be false.  In fact, the Nitro Plant was
22 owned and operated solely by a different Flexsys entity, Flexsys America L.P., from 1995 (when
23 Monsanto discontinued its operations at the plant) until operations at the plant were permanently
24 discontinued in 2004.  Woodmansee Decl. ¶ 3.  Thus, there is a gaping hole in Plaintiffs' claims
25 against Flexsys America Limited.

26       In an attempt to rebut the evidence presented by Monsanto regarding this issue, Plaintiffs
27 rely heavily on a printout from the West Virginia Secretary of State website that provides certain

28
- 9 -
MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
3:16-md-02741-VC & 3:19-cv-06395-VC

1  limited information about Flexsys America Limited, *see* Mot. to Remand, Ex. 3, but that printout
2  does not support Plaintiffs' argument.  The printout states that the West Virginia Secretary of
3  State's Office makes "no representation or warranty as to the correctness or completeness of the
4  information," and, more importantly, the printout does not say ***anything*** about whether Flexsys
5  America Limited owned or operated the Nitro Plant.
6  In short, Plaintiffs have engaged in pure, unsupported conjecture that has been conclusively
7  refuted by the Woodmansee Declaration.  Such unsupported speculation and conjecture is not
8  enough to dispute the evidence that Monsanto has provided in support of its removal.  *See Arias*,
9  2019 WL 484192, at *3; *Feizbakhsh*, 2016 WL 8732296, at *8; *Martinez*, 2016 WL 5930271, at *3.
10  In addition, although Plaintiffs contend that the Court cannot weigh evidence or assess the
11  credibility of witnesses when deciding the Motion to Remand, *see* Remand Mem. at 7 & 10-11, and
12  further claim that there are disputed issues of fact that defeat Monsanto's arguments, *see id*. at 9-10,
13  those assertions lack merit.  Monsanto has presented ***factual evidence*** in the form of sworn
14  declarations, and Plaintiffs have offered no contradictory evidence, so the evidence presented by
15  Monsanto stands unrebutted.  Plaintiffs have presented only speculation and information-and-belief
16  allegations, but those arguments do not and cannot create disputed issues of ***fact***.  In other words,
17  there is no evidence for the Court to "weigh" because Plaintiffs have not presented any evidence.
18  Likewise, there is no need for the Court to evaluate the credibility of witnesses because Plaintiffs
19  have not presented any sworn statements from witnesses that contradict the sworn statements filed
20  by Monsanto.  After all, "there must be some question of fact before the district court can resolve
21  that fact in the plaintiff's favor," *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005), and "[w]hen
22  the [d]efendants' affidavits are undisputed by the [p]laintiffs, the court cannot then resolve the facts
23  in the [p]laintiffs' favor based solely on the unsupported allegations in the [p]laintiffs' complaint,"
24  *id*.
25  Plaintiffs also speculate that future discovery might provide them with a factual basis for the
26  claims asserted against the fraudulently joined Defendants, *see* Remand Mem. at 1 & 12, but courts
27  in the Ninth Circuit have rejected similar arguments when addressing fraudulent joinder arguments.
28

*See Salkin*, 767 F. Supp. 2d at 1068; *Higley*, 2010 WL 3184516, at *3; *TPS Utilicom Servs.,* 223 F. Supp. 2d at 1103; *DaCosta*, 180 F. Supp. 2d at 1183.  As one court stated when rejecting an almost identical argument by a plaintiff that future discovery might make a difference, "[w]hether or not a plaintiff may recover on the stated claims against the resident defendants does *not* include consideration of whether, with further discovery, the plaintiff may uncover a factual basis for its claims." *TPS Utilicom Servs.*, 223 F. Supp. 2d at 1102 (emphasis in original).  Accordingly, this Court should credit the unrebutted factual evidence presented by Monsanto and hold that Plaintiffs fraudulently joined Flexsys America Limited.

**III.    Even If The Court Were To Conclude That Plaintiffs Meant To Sue Flexsys America, L.P., The Unrebutted Evidence Establishes That This Entity Would Be Fraudulently Joined Because It Has No Connection To The Products Or Controversy At Issue In This Lawsuit.**

Monsanto has presented evidence that, although Flexsys America, L.P. owned and operated the Nitro Plant (from 1995 to 2004), Woodmansee Decl. ¶ 3, Flexsys America, L.P. has manufactured rubber chemicals and tire additives from its inception in 1995 to the present and has never been involved with glyphosate-based herbicides, Roundup®-branded herbicides, or any other kind of herbicides, *id*. ¶¶ 5-6.[5]

In an unsuccessful effort to muddle a clear record, Plaintiffs claim – based on nothing more than "information and belief" – that the Nitro Plant contained an herbicide division and an herbicide lab.  *See* Remand Mem. at 2.  But this lawsuit is about ***Roundup®-branded*** herbicides, not ***other*** herbicides.  Furthermore, Monsanto does not contend that the Nitro Plant has never been involved in the production of ***any*** herbicides.

What matters here is that Monsanto has presented evidence that the Nitro Plant was never involved with Roundup®-branded herbicides – and that Plaintiffs have not presented any contrary evidence.  Monsanto has presented unrebutted evidence that establishes two key facts.  First, throughout the period that Monsanto owned the Nitro Plant, the plant was not involved in

---

[5] As shown above in Argument Section I, Flexsys America Limited and Flexsys America, L.P. are not deemed to be citizens of West Virginia, for purposes of diversity jurisdiction.

- 11 -

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
3:16-md-02741-VC & 3:19-cv-06395-VC

manufacturing, designing, developing, researching, testing, packaging, marketing, distributing, labeling, or selling any Roundup®-branded herbicides or other glyphosate-based herbicides. Drescher Decl. ¶ 13.  Second, as discussed above, from Flexsys America, L.P.'s inception in 1995 to the present, Flexsys America, L.P. has never been involved in any way with glyphosate-based herbicides, Roundup®-branded herbicides, or any other kinds of herbicides – so Flexsys America, L.P. never designed, developed, researched, tested, manufactured, packaged, labeled, advertised, distributed, or sold glyphosate-based herbicides, Roundup®-branded herbicides, or any other kinds of herbicides.  Woodmansee Decl. ¶ 6.

Viewed together, these two facts establish that Flexsys America, L.P. has no connection to the products or the controversy at issue in this lawsuit.  This evidence stands unrebutted, so Plaintiffs cannot contend that Flexsys America, L.P. deprives this Court of subject matter jurisdiction based on diversity of citizenship.  *See supra* pp. 7-9 (citing fraudulent joinder cases).[6]

---

[6] Although Plaintiffs contend that "Monsanto cannot remove the case by arguing that the plaintiff's underlying substantive claims against a non-diverse defendant are false," Remand Mem. at 10, that contention reflects a fundamental misunderstanding of fraudulent joinder law.  Monsanto has cited a string of cases, *see supra* Argument Section II, that support exactly what Monsanto did here — remove a case to federal court based on evidence establishing that the claims asserted against non-diverse defendants were based upon false or incorrect information.  Moreover, a Supreme Court case cited by Plaintiffs provides further support for Monsanto's removal.  A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant ***having no real connection with the controversy***."  *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914) (emphasis added); *accord* July 9, 2019 Pretrial Order at 3 ("The doctrine of fraudulent joinder applies when a non-diverse defendant has no real connection with the controversy." (quotation marks omitted)).  That is what Plaintiffs did in this case.  They sued Defendants that have no connection to the claims asserted against Monsanto for designing, manufacturing, and/or selling allegedly defective products that injured Mr. Bryant.  As the Supreme Court stated, when "a resident defendant is joined with the nonresident, the joinder, even although fair upon its face, may be shown by a petition for removal to be only a fraudulent device to prevent a removal; but ***the showing must consist of a statement of facts*** rightly engendering that conclusion."  *Cockrell*, 232 U.S. at 152 (emphasis added).  Thus, the removing defendant is allowed to go beyond the pleadings and present facts to establish that the plaintiff fraudulently joined the non-diverse defendant.  However, as the *Cockrell* Court held when rejecting the removal argument in that case, a defendant is not allowed to remove a lawsuit based on a showing that the entire lawsuit lacks merit.  That kind of showing would go "to the merits of the action as an entirety, and not to the joinder; that is to say, [such a showing would] indicate[] that the plaintiff's case was ill founded as to all the defendants." *Id.* at 153.  Monsanto's removal here is entirely consistent with the *Cockrell* Court's reasoning and holding.  This removal is not based on an argument that Plaintiffs' case is "ill founded as to all defendants."  Instead, Monsanto has presented evidence to establish fraudulent ***joinder*** and contends that Plaintiffs' claims are ill founded as to only some of the Defendants.  Of course, Monsanto denies liability, but Monsanto's fraudulent joinder removal arguments are completely separate from that denial of liability.

**IV.   The Unrebutted Evidence Establishes That The Club Was Fraudulently Joined, Because The Club Has No Connection To The Products Or The Controversy At Issue In This Lawsuit.**

Plaintiffs' efforts to conjure up claims against the Club also fail.  The Complaint alleges that "[u]pon information, knowledge or belief, Defendants were acting as joint venturers, or participating in a joint enterprise, one of [sic] the other, in the design, development, research, manufacturing, testing, packaging, marketing and distributing, labeling and/or selling of herbicides, including Roundup® and other products."  Compl. ¶ 41.  However, the unrebutted evidence presented by Monsanto establishes that that those allegations are false.  Drescher Decl. ¶ 11.  In fact, the Club never played any role in the design, development, research, manufacturing, testing, packaging, marketing and distributing, labeling and/or selling of any Roundup®-branded herbicides, glyphosate-based herbicides, or any other products manufactured by Monsanto or any other individual or entity.  *Id*. ¶ 12.  In addition, although Plaintiffs allege, on mere information and belief, that the Club "managed" the Nitro Plant, Compl. ¶ 15, that also is not correct.  In fact, as established by the unrebutted evidence, the Club never managed or operated the Nitro Plant.  Drescher Decl. ¶ 11.

Moreover, the evidence – unrebutted by Plaintiffs – establishes that the Club was a ***nonprofit*** corporation.  Drescher Decl. ¶¶ 5-6 & Ex. A.  Instead of issuing shares to shareholders, the Club was organized as a membership-based entity.  *Id*. ¶¶ 6-7 & Ex. A.  These facts further support the conclusion that the Club was fraudulently joined, and belie Plaintiffs' unsupported, information-and-belief allegation that the Club engaged in any of the commercial activities alleged in the Complaint.

In sum, Monsanto's evidence remains unrebutted and establishes that the Club has no connection to the products or the controversy at issue in this lawsuit.  Therefore, the Court should hold that Plaintiffs fraudulently joined the Club and that the presence of the Club does not deprive

- 13 -

this Court of subject matter jurisdiction based on diversity of citizenship.  *See supra* pp. 7-9 (citing fraudulent joinder cases).[7]

### CONCLUSION

For the foregoing reasons, Monsanto requests that the Court deny Plaintiffs' Motion to Remand.

DATED:  November 6, 2019

Respectfully submitted,

/s/ Eric G. Lasker
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Tel:  202-898-5800
Fax: 202-682-1639

William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, DC 20001
Tel:  202-942-5000
Fax: 202-942-5999

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M Street, N.W., 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

*Attorneys for Defendant MONSANTO COMPANY*

---

[7] If the Court grants the Motion to Remand, the Court nevertheless should deny Plaintiffs' request for fees and costs because, as shown above, Monsanto had objectively reasonable bases for removal in this case.  *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) ("[W]hen an objectively reasonable basis exists [for seeking removal], fees should be denied.").

- 14 -
MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
3:16-md-02741-VC & 3:19-cv-06395-VC