1
2
3
4
5

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

6
7

*Attorneys for Defendant*
*MONSANTO COMPANY*

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10
11

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

Case No. 3:16-md-02741-VC

12

This document relates to:

13
14

*John Dillon and Catherine Dillon*
*v. Monsanto Co.,*
Case No. 3:19-cv-06184-VC

15
16

**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

17

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

18

Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

19

all allegations contained in plaintiffs John and Catherine Dillon's Complaint and Jury Demand

20

("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this

21

Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in

22

Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall

23

constitute a denial.

24

1.      Monsanto denies the allegations in paragraph 1.

25

2.      Monsanto admits the allegations in paragraph 2.

26

3.      Monsanto admits the allegations in the first sentence of paragraph 3.  In response

27

to the allegations in the second sentence of paragraph 3, Monsanto admits that certain of its

28

Roundup®-branded products contain POEA and adjuvants, and that the United States

- 1 -

Environmental Protection Agency ("EPA") has classified surfactants and adjuvants as inert. Monsanto notes that the EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.

4.      In response to the allegations in paragraph 4, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. Monsanto admits that it and affiliated companies have operations and offices in countries around the world.  Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 4.

5.      Monsanto admits the allegations in the first sentence of paragraph 5.  Monsanto denies the allegations in the second sentence of paragraph 5 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

6.      In response to the allegations in paragraph 6, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 6.

7.      Monsanto denies the allegations in paragraph 7.

8.      Monsanto denies the allegations in paragraph 8.

9.      In response to the allegations in paragraph 9, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the EPA repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that paragraph 9 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

10.     The allegations in paragraph 10 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto admits the allegations in paragraph 10 based upon the allegations in plaintiff's Complaint.

11.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 that plaintiffs purchased Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.     The allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 regarding where the events giving rise to this action occurred and therefore denies those allegations.  The remaining allegations in paragraph 13 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits that venue is proper in the Eastern District of Michigan based upon the allegations in the plaintiff's Complaint.

14.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations.

15.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.

17.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

18.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies those allegations.

19.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-06184-VC

20.     In response to the allegations in paragraph 20, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware.

21.     In response to the allegations in paragraph 21, Monsanto admits that it discovered the herbicidal properties of glyphosate; that it has manufactured Roundup®-branded herbicides; that certain Roundup®-branded herbicides contain POEA and adjuvants; and that EPA has classified surfactants and adjuvants as inert.  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  Monsanto denies the remaining allegations in paragraph 21.

22.     In response to the allegations in paragraph 22, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 21 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies those allegations.

23.     Monsanto admits the allegations in the first sentence of paragraph 23.  Monsanto denies the allegations in the second sentence of paragraph 23 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  Monsanto denies the allegations in the third sentence of paragraph 23 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

24.     In response to the allegations in paragraph 24, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 24.

25.     Monsanto denies the allegations in paragraph 25.

26.     Monsanto denies the allegations in paragraph 26.

27.     Monsanto denies the allegations in paragraph 27.

28.     Monsanto denies the allegations in paragraph 28.

29.     In response to the allegations in paragraph 29, Monsanto states that any Monsanto advertising campaign speaks for itself and does not require a response.

30.     Monsanto denies the allegations in paragraph 30.

31.     Monsanto admits the allegations in paragraph 31.

32.     In response to the allegations in paragraph 32, Monsanto states that it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto otherwise denies the remaining allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto states that it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto otherwise denies the remaining allegations in paragraph 33.

34.     In response to the allegations in paragraph 34, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.

35.     In response to the allegations in paragraph 35, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto denies it "pressure[d]" the EPA and states that the EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen] – one that shows evidence of non-carcinogenicity for humans – based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20.

36.     Monsanto denies the allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 37 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

38.     In response to the allegations in paragraph 38, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

39.     Monsanto denies the allegations in paragraph 39 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.    As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon

1   any invalid IBT studies.  To the extent that the allegations in paragraph 39 are intended to

2   suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those

3   allegations.

4         40.   Monsanto denies the allegations in paragraph 40 to the extent they suggest that

5   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

6   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

7   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

8   connection with services provided to a broad number of private and governmental entities and

9   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

10   one of several pesticide manufacturers who had used IBT test results.  The audit found some

11   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

12   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

13   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

14   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 40 are

15   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

16   denies those allegations.

17         41.   In response to the allegations in paragraph 41, Monsanto admits that three IBT

18   employees were convicted of the charge of fraud, but Monsanto denies that any of the

19   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

20   herbicides.

21         42.   In response to the allegations in paragraph 42, Monsanto admits that it – along

22   with numerous other private companies – hired Craven Laboratories as an independent

23   laboratory to conduct residue studies for Monsanto agricultural products.  To the extent that the

24   allegations in paragraph 42 are intended to suggest that Monsanto was anything other than a

25   victim of this fraud, such allegations are denied.

26         43.   In response to the allegations in paragraph 43, Monsanto admits that it was

27   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

28

1   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 43

2   are intended to suggest that Monsanto was anything other than a victim of this fraud, such

3   allegations are denied.

4        44.     Monsanto denies the allegations in paragraph 44.

5        45.     In response to the allegations in paragraph 45, to the extent the allegations purport

6   to characterize statements made in the IARC monograph for glyphosate, the statements in that

7   document speak for themselves, but to the extent that this paragraph means that more than *de*

8   *minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 45.

9        46.     In response to the allegations in paragraph 46, to the extent the allegations purport

10  to characterize statements made in the IARC monograph for glyphosate, the statements in that

11  document speak for themselves, but to the extent that this paragraph means that more than *de*

12  *minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 46.

13       47.     Monsanto denies the allegations in paragraph 47.

14       48.     Monsanto denies the allegations in paragraph 48.

15       49.     In response to the allegations in paragraph 49, Monsanto admits that the

16  California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was

17  required to add glyphosate to California's Proposition 65 list of chemicals in a process that

18  OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the

19  weight or quality of the evidence considered by IARC.  Monsanto further states that this decision

20  was not based upon any independent scientific analysis of glyphosate but instead was in response

21  to a provision of a California ballot proposition triggering such action based solely upon the

22  IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon

23  its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to

24  pose a cancer hazard to humans."[1]

25

26

27  _____

[1] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-06184-VC

50.     The allegations in paragraph 50 set forth conclusions of law and therefore no response is required.

51.     In response to the allegations in paragraph 51, Monsanto admits that the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the weight or quality of the evidence considered by IARC.  Monsanto further states that this decision was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to pose a cancer hazard to humans."[2]  Monsanto contends that OEHHA's decision that it was required to list glyphosate violates the United States Constitution and the California Constitution. On February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.  The remaining allegations in paragraph 51 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 51.

52.     The allegations in paragraph 52 set forth conclusions of law for which no response is required.  Nevertheless, Monsanto notes that, under Proposition 65, the mere presence of a listed substance in a consumer product does not require a warning.  Instead, a warning need only be provided if the exposure to the listed substance, for the average user of the product, exceeds the level at which cancer would be hypothesized to occur, based on extrapolation from animal studies, in one person in 100,000 persons exposed over a 70-year lifetime.

---

[2] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007), https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-06184-VC

53.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies those allegations.

54.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies those allegations.

55.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies those allegations.

56.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies those allegations.

57.     Monsanto denies that any exposure to Roundup®-branded products can cause non-Hodgkin's lymphoma ("NHL") and other serious illnesses and therefore denies those allegations in paragraph 57.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 and therefore denies those allegations.

58.     In response to the allegations in paragraph 58, Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 58.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 and therefore denies those allegations.

59.     In response to the allegations in paragraph 59, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

60.     In response to the allegations in paragraph 60, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health.  Monsanto states,

however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  The allegations in paragraph 60 set forth conclusions of law for which no response is required. Monsanto denies all remaining allegations in paragraph 60.

61.     The allegations in paragraph 61 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 61.  Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

62.     Monsanto denies the allegations in paragraph 62.

63.     Monsanto denies the allegations in paragraph 63.

64.     The allegations in paragraph 64 set forth conclusions of law for which no response is required.

65.     Monsanto denies the allegations in paragraph 65.

66.     The allegations in paragraph 66 set forth conclusions of law for which no response is required.  To the extent that a response is required, Monsanto denies the allegations in paragraph 66.  Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

67.     Monsanto incorporates by reference its responses to paragraphs 1 through 66 in response to paragraph 67 of plaintiff's Complaint.

68.     In response to the allegations in paragraph 68, Monsanto admits that plaintiff purports to bring claims for strict liability design defect but denies any liability as to that claim.

69.     Monsanto denies the allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 70.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-06184-VC

71.     Monsanto denies the allegations in paragraph 71.

72.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore denies those allegations.

73.     Monsanto denies the allegations in paragraph 73.

74.     Monsanto denies the allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75 and each of its subparts.

76.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 76, including that Roundup®-branded products have "dangerous characteristics."

77.     Monsanto denies the allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

In response to the "WHEREFORE" paragraph following paragraph 85, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

86.     Monsanto incorporates by reference its responses to paragraphs 1 through 85 in response to paragraph 86 of plaintiff's Complaint.

87.     In response to the allegations in paragraph 87, Monsanto admits that plaintiff purports to bring claims for strict liability failure to warn, but denies any liability as to that claim.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 89 that plaintiff or other persons or entities purchased Roundup®-branded products and therefore denies those allegations.  The allegations in paragraph 89 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 89.

90.     The allegations in paragraph 90 set forth conclusions of law for which no response is required.

91.     The allegations in paragraph 91 set forth conclusions of law for which no response is required.

92.     The allegations in paragraph 92 set forth conclusions of law for which no response is required.

93.     Monsanto denies the allegations in paragraph 93.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto denies the allegations in paragraph 99.

100.    Monsanto denies the allegations in paragraph 100.

101.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-06184-VC

1    102.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 102 concerning plaintiff's claimed use of and exposure to

3    Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

4    remaining allegations in paragraph 102, including that Roundup®-branded products have

5    "dangerous characteristics."

6    103.    Monsanto denies the allegations in paragraph 103.

7    104.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 104 and therefore denies those allegations.

9    105.    Monsanto denies the allegations in paragraph 105.

10   106.    Monsanto denies the allegations in paragraph 106.

11   107.    Monsanto denies the allegations in paragraph 107.

12   108.    Monsanto denies the allegations in paragraph 108.

13   109.    Monsanto denies the allegations in paragraph 109.

14   110.    Monsanto denies the allegations in paragraph 110.

15   111.    Monsanto denies the allegations in paragraph 111.

16   112.    Monsanto denies the allegations in paragraph 112.

17   113.    Monsanto denies the allegations in paragraph 113.

18   114.    Monsanto denies the allegations in paragraph 114.

19   115.    Monsanto denies the allegations in paragraph 115.

20   In response to the "WHEREFORE" paragraph following paragraph 115, Monsanto

21   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

22   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

23   fees as allowed by law and such further and additional relief as this Court may deem just and

24   proper.

25   116.    Monsanto incorporates by reference its responses to paragraphs 1 through 115 in

26   response to paragraph 116 of plaintiff's Complaint.

27

28

117.     In response to the allegations in paragraph 117, Monsanto states that the phrase "directly and/or indirectly" is vague and ambiguous and that Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore Monsanto denies those allegations in paragraph 117.

118.     In response to the allegations in paragraph 118, Monsanto states that the phrase "directly and/or indirectly" is vague and ambiguous and that Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore Monsanto denies those allegations in paragraph 118.

119.     The allegations in paragraph 119 set forth conclusions of law for which no response is required.

120.     The allegations in paragraph 120 set forth conclusions of law for which no response is required.

121.     The allegations in paragraph 121 set forth conclusions of law for which no response is required.

122.     Monsanto denies the allegations in paragraph 122.

123.     Monsanto denies the allegations in paragraph 123.

124.     Monsanto denies the allegations in paragraph 124.

125.     Monsanto denies the allegations in paragraph 125.

126.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 126 regarding users' and consumers' knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 126. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

127.     Monsanto denies the allegations in paragraph 127.

128.     Monsanto denies the allegations in paragraph 128.

129.     Monsanto denies the allegations in paragraph 129.

130.     Monsanto denies the allegations in paragraph 130.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-06184-VC

131.    Monsanto denies the allegations in paragraph 131, including each of its subparts.

132.    Monsanto denies the allegations in paragraph 132.

133.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 133 regarding plaintiff's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 133, including that intended use of and/or exposure to Roundup®-branded products causes any injuries.

134.    Monsanto denies the allegations in paragraph 134.

135.    Monsanto denies the allegations in paragraph 135.

136.    Monsanto denies the allegations in paragraph 136.

137.    Monsanto denies the allegations in paragraph 137.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto denies the allegations in paragraph 139.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

In response to the "WHEREFORE" paragraph following paragraph 139, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

140.    Monsanto incorporates by reference its responses to paragraphs 1 through 139 in response to paragraph 140 of plaintiff's Complaint.

141.    Monsanto denies the allegations in paragraph 141.

142.    Monsanto denies the allegations in paragraph 142.

143.    In response to the allegations in paragraph 143, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that paragraph 143 sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 143.

144.     In response to the allegations in paragraph 144, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that paragraph 144 sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 144.

145.     Monsanto denies the allegations in paragraph 145.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

146.     Monsanto denies the allegations in paragraph 146. All labeling of Roundup – branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

147.     The allegations in paragraph 147 set forth conclusions of law for which no response is required.

148.     The allegations in paragraph 148 set forth conclusions of law for which no response is required.

149.     Monsanto denies the allegations in paragraph 149.

150.     Monsanto denies the allegations in paragraph 150.

151.     Monsanto denies the allegations in paragraph 151 and each of its subparts.

152.     Monsanto denies the allegations in paragraph 152.

153.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 153 regarding plaintiff's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 153.

154.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 154 and therefore denies those allegations.

155.     Monsanto denies the allegations in paragraph 155.

156.     Monsanto denies the allegations in paragraph 156.

157.     Monsanto denies the allegations in paragraph 157.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-06184-VC

In response to the "WHEREFORE" paragraph following paragraph 157, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

158.    Monsanto incorporates by reference its responses to paragraphs 1 through 157 in response to paragraph 158 of plaintiff's Complaint.

159.    Monsanto denies the allegations in paragraph 159.

160.    Monsanto denies the allegations in paragraph 160.

161.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 161 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 161 set forth conclusions of law for which no response is required.

162.    Monsanto denies the allegations in paragraph 162.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

163.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 163 regarding plaintiff's reliance and therefore denies those allegations.  The remaining allegations in paragraph 163 set forth conclusions of law for which no response is required.

164.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 164 and therefore denies those allegations.

165.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 165 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 165 set forth conclusions of law for which no response is required.

166.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 166 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 166 regarding Monsanto's implied warranties sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 166.

167.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 167 concerning plaintiff's reliance or plaintiff's claimed use of any Roundup®-branded product and therefore denies those allegations.  The remaining allegations in paragraph 167 set forth conclusions of law for which no response is required.

168.     Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 168 concerning plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 168.

169.     Monsanto denies the allegations in paragraph 169.

170.     Monsanto denies the allegations in paragraph 170.

171.     Monsanto denies the allegations in paragraph 171.

172.     Monsanto denies the allegations in paragraph 172.

173.     Monsanto denies the allegations in paragraph 173.

In response to the "WHEREFORE" paragraph following paragraph 173, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

174.     Monsanto incorporates by reference its responses to paragraphs 1 through 173 in response to paragraph 174 of plaintiffs' Complaint.

175.     Monsanto denies the allegations in paragraph 175.

In response to the "WHEREFORE" paragraph following paragraph 175, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.      Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

7.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

8.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

9.      Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

10.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

11.      Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

12.      Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

13.      If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

14.      Monsanto had no legal relationship or privity with plaintiff and owed no duty to them by which liability could be attributed to it.

15.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

16.     Plaintiff's claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.     Plaintiff's claims for punitive, exemplary damages, and/or treble are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Michigan Constitution, and/or other applicable state constitutions.

18.     Plaintiff's claims for punitive, exemplary, and/or treble damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Michigan law and/or other applicable state laws.

19.     Plaintiff's claims for punitive, exemplary, and/or treble damages are barred and/or limited by operation of state and/or federal law, including Michigan law.

20.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

22.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

23.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

24.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

25.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize or limit such claims.

26.     Plaintiff's claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiff's claims.

1    27.    Plaintiff's claims are barred, in whole or part, by application of Mich. Com. Laws

2    § 600.2946 (4).

3    28.    Plaintiff's strict liability claims are barred because Michigan does not recognize a

4    cause of action for strict liability in tort.

5    29.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

6    may become available or apparent during the course of discovery and thus reserves its right to

7    amend this Answer to assert such defenses.

8    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

9    plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

10    other relief as the Court deems equitable and just.

11    <u>**JURY TRIAL DEMAND**</u>

12    Monsanto demands a jury trial on all issues so triable.

13

14    DATED:  November 7, 2019                    Respectfully submitted,

15

16                                        /s/ Joe G. Hollingsworth
                                          Joe G. Hollingsworth (*pro hac vice*)
17                                        (jhollingsworth@hollingsworthllp.com)
                                          Eric G. Lasker (*pro hac vice*)
18                                        (elasker@hollingsworthllp.com)
                                          HOLLINGSWORTH LLP
19                                        1350 I Street, N.W.
                                          Washington, DC  20005
20                                        Telephone:  (202) 898-5800
                                          Facsimile:   (202) 682-1639
21
                                          *Attorneys for Defendant*
22                                        *MONSANTO COMPANY*

23

24

25

26

27

28
MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-06184-VC