1  **HOLLINGSWORTH LLP**
   Joe G. Hollingsworth (*pro hac vice*)
2  Eric G. Lasker (*pro hac vice*)
   1350 I Street, N.W.
3  Washington, DC  20005
   Tel:    202-898-5800
4  Fax:   202-682-1639
   Email: jhollingsworth@hollingsworthllp.com
5            elasker@hollingsworthllp.com

6  *Attorneys for Defendant*
   *MONSANTO COMPANY*

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10 | IN RE: ROUNDUP PRODUCTS | MDL No. 2741 |
   | LIABILITY LITIGATION | |
11 | | Case No. 3:16-md-02741-VC |

12 This document relates to:

13 *Hallie Fasnacht and Roger Fasnacht*
   *v. Monsanto Co.*,
14 Case No. 3:19-cv-06272-VC

15

16        **MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**

17        Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

18 Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

19 all allegations contained in plaintiffs Hallie Fasnacht's and Roger Fasnacht's Complaint ("the

20 Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer,

21 Monsanto refers to Monsanto Company, a United States based company incorporated in

22 Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall

23 constitute a denial.

24        1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly

25 related to exposure to Roundup®-branded products but denies any liability to plaintiffs.

26 Monsanto denies the remaining allegations in paragraph 1.

27        2.      Monsanto denies the allegations in paragraph 2.

28        3.      Monsanto denies the allegations in paragraph 3.

4. The allegations in paragraph 4 comprise attorney characterizations and are accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

5. The allegations in paragraph 5 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 5 based upon the allegations in plaintiffs' Complaint.

6. Monsanto admits the allegations in paragraph 6.

7. The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8. The allegations in the first sentence of paragraph 8 set forth conclusions of law for which no response is required. Monsanto admits the allegations in the second sentence of paragraph 8. In response to the allegations in the final sentence of paragraph 8, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

9. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 9 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 9.

10. Monsanto admits the allegations in the first sentence of paragraph 10. The remaining allegations in paragraph 10 set forth conclusions of law for which no response is required.

11. In response to the allegations in paragraph 11, Monsanto admits that it sells Roundup®-branded products in Florida.

12. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations.

13. The allegations in paragraph 13 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

14. The allegations in paragraph 14 are vague and conclusory and comprise attorney

characterizations and are accordingly denied.

15.     Monsanto admits the allegations in paragraph 15.

16.     Monsanto admits that it is authorized to do business in Florida.  The remaining allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     The allegations in paragraph 17 set forth conclusions of law for which no response is required.

18.     Monsanto denies the allegations in paragraph 18.

19.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 20 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

21.     Monsanto admits the allegations in paragraph 21.

22.     Monsanto admits the allegations in paragraph 22.

23.     In response to the allegations in paragraph 23, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 23 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

24.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 24 comprise attorney characterizations and are accordingly denied.

25.     Monsanto admits the allegations in paragraph 25.

26.     Monsanto generally admits the allegations in paragraph 26, but denies the allegations in paragraph 26 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

27.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies those allegations.

28.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 28 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 28.

29.     Monsanto admits the allegations in paragraph 29.

30.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 30.

31.     The allegations in paragraph 31 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 31.

32.     In response to the allegations in paragraph 32, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 32 set forth conclusions of law for which no response is required.

33.     The allegations in paragraph 33 set forth conclusions of law for which no response is required.

34.     Monsanto admits that Roundup®-branded products are registered by EPA for

1    manufacture, sale and distribution and are registered by the State of Missouri for sale and

2    distribution.

3        35.    In response to the allegations in paragraph 35, Monsanto admits that EPA requires

4    registrants of herbicides to submit extensive data in support of the human health and

5    environmental safety of their products and further admits that EPA will not register or approve

6    the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

7    states that the term "the product tests" in the final sentence of paragraph 35 is vague and

8    ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 35

9    set forth conclusions of law for which no answer is required.

10       36.    Monsanto denies the allegations in paragraph 36 to the extent that they suggest

11   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

12   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

13   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

14   of the allegations in paragraph 36 regarding such pesticide products generally and therefore

15   denies those allegations.  The remaining allegations in paragraph 36 set forth conclusions of law

16   for which no response is required.

17       37.    In response to the allegations in paragraph 37, Monsanto admits that EPA has

18   undertaken a regulatory review of glyphosate and further admits that EPA has not released its

19   findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

20   Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

21   concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

22   humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

23   posted an October 2015 final report by its standing Cancer Assessment Review Committee

24   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-06272-VC

to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies those allegations.

38.   In response to the allegations in paragraph 38, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 38 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

39.   In response to the allegations in paragraph 39, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 39 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

40.   Monsanto denies the allegations in paragraph 40.

41.   In response to the allegations in paragraph 41, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 41 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

---

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

1    cancer.  Monsanto denies the remaining allegations in paragraph 41.

2          42.     Monsanto denies the allegations in paragraph 42.

3          43.     In response to the allegations in paragraph 43, Monsanto states that the cited

4    document speaks for itself and does not require a response.  To the extent that the allegations in

5    paragraph 43 go beyond a restatement of the cited document, Monsanto lacks information or

6    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 43

7    and therefore denies those allegations.

8          44.     Monsanto admits the allegations in paragraph 44.

9          45.     In response to the allegations in paragraph 45, Monsanto states that the cited

10   document speaks for itself and does not require a response.  To the extent that the allegations in

11   paragraph 45 go beyond a restatement of the cited document, Monsanto lacks information or

12   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45

13   and therefore denies those allegations.

14         46.     Monsanto states that the term "toxic" as used in paragraph 46 is vague and

15   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

16   denies the allegations in paragraph 46.

17         47.     Monsanto admits the allegations in paragraph 47.

18         48.     In response to the allegations in paragraph 48, Monsanto states that the document

19   speaks for itself and does not require a response.  To the extent that a response is deemed

20   required, Monsanto denies the allegations in paragraph 48.

21         49.     In response to the allegations in paragraph 49, Monsanto admits that Julie Marc

22   published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

23   the extent that paragraph 49 characterizes the meaning of the cited study, Monsanto denies the

24   remaining allegations in paragraph 49.

25         50.     In response to the allegations in paragraph 50, Monsanto states that these

26   documents speak for themselves and do not require a response.  To the extent that a response is

27   deemed required, Monsanto denies the allegations in paragraph 50.

28         51.     In response to the allegations in paragraph 51, Monsanto states that the cited

1    document speaks for itself and does not require a response.  To the extent that paragraph 51

2    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

3    paragraph 51.

4          52.      Monsanto denies the allegations in paragraph 52.

5          53.      In response to the allegations in paragraph 53, Monsanto states that the cited

6    document speaks for itself and does not require a response.  To the extent that paragraph 53

7    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

8    paragraph 53.

9          54.      In response to the allegations in paragraph 54, Monsanto states that the cited

10    document speaks for itself and does not require a response.  To the extent that paragraph 54

11    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

12    paragraph 54.

13          55.      Monsanto denies the allegation that the cited studies support the allegation that

14    glyphosate or Roundup®-branded products pose any risk to human health and denies the

15    remaining allegations in paragraph 55.

16          56.      Monsanto denies the allegations in paragraph 56.

17          57.      Monsanto denies the allegations in paragraph 57.

18          58.      Monsanto denies the allegations in paragraph 58.

19          59.      Monsanto denies the allegations in paragraph 59.

20          60.      Monsanto admits that it has in the past promoted, and continues to promote,

21    Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

22    Monsanto denies the remaining allegations in paragraph 60.

23          61.      Monsanto admits that the International Agency for Research on Cancer ("IARC")

24    is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

25    lacks information or knowledge sufficient to form a belief as to the truth of the remaining

26    allegations in paragraph 61 and therefore denies those allegations.

27          62.      Monsanto lacks information or knowledge sufficient to form a belief as to the

28    truth of the allegations in paragraph 62 and therefore denies those allegations.  Monsanto denies

1   that glyphosate met the criteria necessary to be eligible for review.

2       63.     Monsanto lacks information or knowledge sufficient to form a belief as to the

3   truth of the allegations in paragraph 63 and therefore denies those allegations.  Monsanto denies

4   that glyphosate met the criteria necessary to be eligible for review.

5       64.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

6   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

7   evidence was "cumulative."  The remaining allegations in paragraph 64 are vague and

8   conclusory and comprise attorney characterizations and are accordingly denied.

9       65.     Monsanto admits that the full IARC Monograph regarding glyphosate was

10   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

11   2A carcinogen.  In response to the remaining allegations in paragraph 65, Monsanto states that

12   the document speaks for itself and does not require a response.  To the extent that a response is

13   deemed required, the remaining allegations in paragraph 65 comprise attorney characterizations

14   and are accordingly denied.

15       66.     Monsanto denies the allegations in paragraph 66.  The IARC working group

16   concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

17   which, per IARC's guidelines, means that the working group could not rule out chance, bias or

18   confounding so as to reach any conclusion of an increased risk.

19       67.     In response to the allegations in paragraph 67, Monsanto states that the document

20   speaks for itself and does not require a response.  To the extent that a response is deemed

21   required, the allegations in paragraph 67 comprise attorney characterizations and are accordingly

22   denied.

23       68.     Monsanto denies the allegations in paragraph 68.

24       69.     The allegations in paragraph 69 comprise attorney characterizations and are

25   accordingly denied.

26       70.     Monsanto admits the allegations in paragraph 70.

27       71.     In response to the allegations in paragraph 71, Monsanto states that the cited

28   document speaks for itself and does not require a response.  To the extent that paragraph 71

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 72.

73.     The allegations in paragraph 73 are vague and ambiguous and are accordingly denied.

74.     In response to the allegations in paragraph 74, Monsanto states that the cited document speaks for itself and does not require a response.

75.     In response to the allegations in paragraph 75, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 75 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 75.

76.     Monsanto denies the allegations in paragraph 76.

77.     In response to the allegations in paragraph 77, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 77.

78.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

- 10 -

1    exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 82.

2          83.     Monsanto denies the allegations in paragraph 83.

3          84.     Monsanto denies the allegations in paragraph 84.

4          85.     Monsanto admits the allegations in paragraph 85.

5          86.     Monsanto denies the allegations in paragraph 86.

6          87.     Monsanto admits the allegations in paragraph 87.

7          88.     Monsanto denies the allegations in paragraph 88.

8          89.     Monsanto denies the allegations in paragraph 89.

9          90.     Monsanto denies the allegations in paragraph 90.

10          91.     Monsanto denies the allegations in paragraph 91.

11          92.     Monsanto denies the allegations in paragraph 92.

12          93.     Monsanto denies the allegations in paragraph 93.

13          94.     Monsanto denies the allegations in paragraph 94.

14          95.     Monsanto admits that independent experts and regulatory agencies agree that

15    there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

16    products and admits that it has made statements reflecting this fact.  Monsanto denies the

17    remaining allegations in paragraph 95.

18          96.     In response to the allegations in paragraph 96, Monsanto admits that Roundup®-

19    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

20    the products' EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

21    96.

22          97.     In response to the allegations in paragraph 97, Monsanto admits that an EPA

23    review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

24    denies the remaining allegations in paragraph 97.

25          98.     In response to the allegations in paragraph 98, Monsanto admits that EPA

26    changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

27    evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

28    denies the remaining allegations in paragraph 98.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-06272-VC

99.     In response to the allegations in paragraph 99, Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 99.

100.     In response to the allegations in paragraph 100, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

- 12 -

1   testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

2   toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

3   glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

4   studies.  To the extent that the allegations in paragraph 100 are intended to suggest that

5   Monsanto was anything other than a victim of this fraud, such allegations are denied.

6          101.    In response to the allegations in paragraph 101, Monsanto admits that IBT

7   Laboratories was hired to conduct toxicity studies in connection with the registration of a

8   Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

9   based upon any fraudulent or false IBT studies.

10          102.    Monsanto denies the allegations in paragraph 102 to the extent they suggest that

11   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

12   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

13   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

14   connection with services provided to a broad number of private and governmental entities and

15   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

16   one of several pesticide manufacturers who had used IBT test results.  The audit found some

17   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

18   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

19   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

20   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 102 are

21   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

22   denies those allegations.

23          103.    In response to the allegations in paragraph 103, Monsanto admits that three IBT

24   employees were convicted of the charge of fraud, but Monsanto denies that any of the

25   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

26   herbicides.

27          104.    In response to the allegations in paragraph 104, Monsanto admits that it – along

28   with numerous other private companies – hired Craven Laboratories as an independent

1   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

2   denies the remaining allegations in paragraph 104.

3         105.   In response to the allegations in paragraph 105, Monsanto admits that EPA

4   investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

5   paragraph 105 are intended to suggest that Monsanto was anything other than a victim of this

6   fraud, Monsanto denies those allegations.

7         106.   In response to the allegations in paragraph 106, Monsanto admits that it was

8   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

9   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 106

10   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

11   denies those allegations.

12         107.   In response to the allegations in paragraph 107, Monsanto admits that it has stated

13   and continues to state that Roundup®-branded products are safe when used as labeled and that

14   they are non-carcinogenic and non-genotoxic.

15         108.   In response to the allegations in paragraph 108, Monsanto admits that a 1986 joint

16   report of the World Health Organization and Food and Agriculture Organization of the United

17   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

18   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

19   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

20   carcinogen.  Monsanto denies the remaining allegations in paragraph 108.

21         109.   Monsanto denies the allegations in paragraph 109.

22         110.   Monsanto denies the allegations in paragraph 110.

23         111.   Monsanto denies the allegations in paragraph 111.

24         112.   Monsanto denies the allegations in paragraph 112.

25         113.   Monsanto denies the allegations in paragraph 113.

26         114.   Monsanto denies the allegations in paragraph 114.

27         115.   Monsanto denies the allegations in paragraph 115.

28         116.   Monsanto denies the allegations in paragraph 116.

117.    Monsanto denies the allegations in paragraph 117.

118.    Monsanto denies the allegations in paragraph 118.

119.    Monsanto denies the allegations in paragraph 119.

120.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 120 and therefore denies those allegations.

121.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 121 and therefore denies those allegations.

122.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 122 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 122.

123.    Monsanto denies the allegations in paragraph 123.

124.    Monsanto incorporates by reference its responses to paragraphs 1 through 123 in response to paragraph 124 of plaintiffs' Complaint.

125.    Monsanto denies the allegations in paragraph 125.

126.    In response to the allegations in paragraph 126, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

127.    In response to the allegations in paragraph 127, Monsanto states that the cited document speaks for itself and does not require a response.

128.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of her alleged cancer and denies those allegations in paragraph 128. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 128 and therefore denies those allegations.

129.    Monsanto denies the allegations in the first and last sentences of paragraph 129.  The remaining allegations in paragraph 129 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC

1   purported to base its classification were all publicly available before March 2015.

2         130.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

3   and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

4   branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

5   which IARC purported to base its classification were all publicly available before March 2015.

6   The remaining allegations in paragraph 130 set forth conclusions of law for which no response is

7   required, consist of attorney characterizations and are accordingly denied, or comprise

8   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

9   the truth of the allegations and therefore denies those allegations.

10         131.    Monsanto incorporates by reference its responses to paragraphs 1 through 130 in

11   response to paragraph 131 of plaintiffs' Complaint.

12         132.    The allegations in paragraph 132 set forth conclusions of law for which no

13   response is required.

14         133.    Monsanto denies the allegations in paragraph 133.

15         134.    Monsanto denies the allegations in paragraph 134, including each of its subparts.

16         135.    Monsanto denies the allegations in paragraph 135.

17         136.    Monsanto denies the allegations in paragraph 136.

18         137.    Monsanto denies the allegations in paragraph 137.

19         138.    Monsanto denies the allegations in paragraph 138, including each of its subparts.

20         139.    Monsanto denies the allegations in paragraph 139.

21         140.    Monsanto denies the allegations in paragraph 140.

22         141.    Monsanto denies the allegations in paragraph 141.

23         142.    Monsanto denies the allegations in paragraph 142.

24         143.    Monsanto denies the allegations in paragraph 143.

25         In response to the "WHEREFORE" paragraph following paragraph 143, Monsanto

26   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

27   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

28   fees as allowed by law and such further and additional relief as this Court may deem just and

1    proper.

2         144.    Monsanto incorporates by reference its responses to paragraphs 1 through 143 in

3    response to paragraph 144 of plaintiffs' Complaint.

4         145.    In response to the allegations in paragraph 145, Monsanto lacks information or

5    knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

6    exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies

7    the remaining allegations in paragraph 145.

8         146.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 146 and therefore denies those allegations.

10        147.    Monsanto denies the allegations in paragraph 147.

11        148.    Monsanto denies the allegations in paragraph 148.

12        149.    Monsanto denies the allegations in paragraph 149.

13        150.    Monsanto denies the allegations in paragraph 150, including each of its subparts.

14        151.    Monsanto denies the allegations in paragraph 151.

15        152.    Monsanto denies that Roundup®-branded products have "dangerous

16   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the remaining allegations in paragraph 152 and therefore denies those allegations.

18        153.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 153 and therefore denies those allegations.

20        154.    Monsanto denies the allegations in paragraph 154.

21        155.    The allegations in paragraph 155 set forth conclusions of law for which no

22   response is required.

23        156.    Monsanto denies the allegations in paragraph 156.

24        157.    Monsanto denies the allegations in paragraph 157.

25        158.    Monsanto denies the allegations in paragraph 158.

26        159.    Monsanto denies the allegations in paragraph 159.

27        160.    Monsanto denies the allegations in paragraph 160.

28        161.    Monsanto denies the allegations in paragraph 161.

1     162.    Monsanto denies the allegations in paragraph 162.

2     163.    Monsanto denies the allegations in paragraph 163.

3     164.    Monsanto denies the allegations in paragraph 164.

4     165.    Monsanto denies the allegations in paragraph 165.

5     166.    Monsanto denies the allegations in paragraph 166.

6     In response to the "WHEREFORE" paragraph following paragraph 166, Monsanto

7  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

8  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

9  fees as allowed by law and such further and additional relief as this Court may deem just and

10 proper.

11    167.    Monsanto incorporates by reference its responses to paragraphs 1 through 166 in

12 response to paragraph 167 of plaintiffs' Complaint.

13    168.    The allegations in paragraph 168 set forth conclusions of law for which no

14 response is required.

15    169.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16 truth of the allegations in paragraph 169 and therefore denies those allegations.

17    170.    Monsanto denies the allegations in paragraph 170.  All labeling of Roundup®-

18 branded products has been and remains EPA-approved and in compliance with all federal

19 requirements under FIFRA.

20    171.    Monsanto denies the allegations in paragraph 171.

21    172.    Monsanto denies the allegations in paragraph 172.  All labeling of Roundup®-

22 branded products has been and remains EPA-approved and in compliance with all federal

23 requirements under FIFRA.

24    173.    Monsanto denies the allegations in paragraph 173.  All labeling of Roundup®-

25 branded products has been and remains EPA-approved and in compliance with all federal

26 requirements under FIFRA and with Florida law.

27    174.    Monsanto denies the allegations in paragraph 174.

28    175.    Monsanto denies the allegations in paragraph 175.

176.    The allegations in paragraph 176 set forth conclusions of law for which no response is required.

177.    Monsanto denies the allegations in paragraph 177.

178.    Monsanto denies the allegations in paragraph 178.

179.    Monsanto denies the allegations in paragraph 179.

180.    Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 180.

181.    The allegations in paragraph 181 set forth conclusions of law for which no response is required.

182.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 182 and therefore denies those allegations.

183.    Monsanto denies the allegations in paragraph 183.

184.    Monsanto denies the allegations in paragraph 184.

185.    Monsanto denies the allegations in paragraph 185.

186.    Monsanto denies the allegations in paragraph 186.

187.    Monsanto denies the allegations in paragraph 187.

188.    Monsanto denies the allegations in paragraph 188.

In response to the "WHEREFORE" paragraph following paragraph 188, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

189.    Monsanto incorporates by reference its responses to paragraphs 1 through 188 in response to paragraph 189 of plaintiffs' Complaint.

190.    Monsanto denies the allegations in paragraph 190.  Additionally, the allegations in the last sentence in paragraph 190 set forth conclusions of law for which no response is required.

191.    Monsanto lacks information or knowledge sufficient to form a belief as to the

1    truth of the allegations in paragraph 191 concerning the plaintiff's claimed use of Roundup®-

2    branded products and therefore denies those allegations.  The remaining allegations in paragraph

3    191 set forth conclusions of law for which no response is required.

4          192.    The allegations in paragraph 192 set forth conclusions of law for which no

5    response is required.

6          193.    Monsanto denies the allegations in paragraph 193.

7          194.    The allegation in paragraph 194 regarding a purported implied warranty sets forth

8    a conclusion of law for which no response is required.  Monsanto lacks information or

9    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

10   194 and therefore denies those allegations.

11         195.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 195 concerning the condition of any Roundup®-branded

13   product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore

14   denies the allegations in paragraph 195.

15         196.    Monsanto denies the allegations in paragraph 196.

16         197.    Monsanto denies the allegations in paragraph 197.

17         198.    Monsanto denies the allegations in paragraph 198.

18         199.    Monsanto denies the allegations in paragraph 199.

19         In response to the "WHEREFORE" paragraph following paragraph 199, Monsanto

20   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

21   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

22   fees as allowed by law and such further and additional relief as this Court may deem just and

23   proper.

24         200.    Monsanto incorporates by reference its responses to paragraphs 1 through 199 in

25   response to paragraph 200 of plaintiffs' Complaint.

26         201.    Monsanto denies the allegations in paragraph 201.

27         202.    The allegations in paragraph 202 set forth conclusions of law for which no

28   response is required.

203.    Monsanto denies the allegations in paragraph 203.

204.    Monsanto denies the allegations in paragraph 204.

205.    The allegations in the last sentence of paragraph 205 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 205.

206.    Monsanto denies the allegations in paragraph 206.

In response to the "WHEREFORE" paragraph following paragraph 206, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.     Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.     Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.     Plaintiffs' claims are barred, in whole or in part, because the products at issue

were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.     Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.     Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the

relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Florida Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Florida law and/or other applicable state laws.

20.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Fla. Stat. § 768.73.  Monsanto would further show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under Fla. Stat. § 768.73 would be a violation of Monsanto's state and federal constitutional rights.

21.     Plaintiffs' claims are barred in whole or in part by plaintiff's contributory/comparative negligence.

22.     Plaintiffs' claims are barred in whole or in part by plaintiff's failure to mitigate damages.

23.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-06272-VC

24.     To the extent that plaintiffs recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76.

25.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

28.     Plaintiffs' claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

29.     In accordance with Fla. Stat. § 768.1257, plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## <u>JURY TRIAL DEMAND</u>

Monsanto demands a jury trial on all issues so triable.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-06272-VC

DATED:  November 7, 2019                    Respectfully submitted,


                                            /s/ Joe G. Hollingsworth
                                            Joe G. Hollingsworth (*pro hac vice*)
                                            (jhollingsworth@hollingsworthllp.com)
                                            Eric G. Lasker (*pro hac vice*)
                                            (elasker@hollingsworthllp.com)
                                            HOLLINGSWORTH LLP
                                            1350 I Street, N.W.
                                            Washington, DC  20005
                                            Telephone:  (202) 898-5800
                                            Facsimile:   (202) 682-1639

                                            *Attorneys for Defendant*
                                            *MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-06272-VC