**David J. Diamond, Esq.**
State Bar #010842
698 E. Wetmore Rd., Suite 200
Tucson, AZ 85705
(520) 620-3975
ddiamond@goldbergandosborne.com

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Master Docket Case No. 16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | Honorable Vince Chhabria |
| Jaime Alvarez Calderon | Case No. 3:19-cv-01630 |
| v. | |
| Monsanto Company | |

### MOTION TO FILE SHORT REBUTTAL REPORT OR ADOPT DR. SAWYER'S ANALYSIS AND OPINIONS PROVIDED IN HIS REPORTS FILED IN OTHER WAVE 1 PLAINTIFFS' CASES

Plaintiff Jaime Alvarez Calderon (Alvarez) is a landscaper from Napa, California. His lawsuit was filed on March 28, 2019. Per PTO 150, filed June 14, 2019, his case remains in the Northern District of California. Monsanto's answer was filed on October 23, 2019.

After receipt of PTO 150, undersigned counsel began reading the Hardeman PTOs and reading much of the transcript. Counsel also noticed and took Mr. Alvarez' treating doctors' depositions, defended Mr. Alvarez' and his ex-wife's depositions, filed and supplemented the Plaintiff Fact Sheet, and retained two specific causation experts. Mr. Alvarez' expert reports were timely filed on October 4, 2019.

On October 25, 2019, Mr. Alvarez Calderon's undersigned counsel was provided a dermal absorption analysis done by Monsanto's expert, Joel Cohen, MPH. **Exhibit 1**. While Mr. Cohen's report details Mr. Alvarez' frequent mixing and spraying of Roundup between 1986 and 2017 as a landscaper for Sutter Home Winery[1] (**Exhibit 1 at pp. 3-4 & Attachment B**), Mr. Cohen states "that it is his professional industrial hygiene opinion that [Mr. Alvarez'] exposure to Glyphosate would be well within acceptable limits of exposure, if he was exposed at all." **Exhibit 1 at p. 4**.[2] Mr. Cohen's opinion is based, in large part, upon what is termed an analysis of Mr. Alvarez' "dermally absorbed dose of glyphosate." **Exhibit 1 at pp. 4-11**.

Prior to seeing Mr. Cohen's report, undersigned counsel believed that the exposure analysis was a general causation issue, and not a specific causation issue.[3] This was based, in part, upon undersigned counsel's reading of (1) the Plaintiffs' general causation experts reports filed in Hardeman in which the experts discuss exposure and the studies relied upon, and (2) not being aware that this type of testimony could be considered specific causation testimony for which a specific causation expert should be independently retained. Had undersigned counsel been aware that the absorption rate was a specific causation issue, and that PSC members pursuing Wave 1 cases had retained such an expert, undersigned counsel would have timely retained William R.

---

[1] From 1986 through 2017, Mr. Alvarez sprayed Roundup as a landscaper on Sutter Home Winery's large landholdings for 3 to 4 hours a day approximately 100 days a year. Likewise, he mixed Roundup concentrate into 3-gallon backpack sprayers 3-4 times on each of those days. As a result, Mr. Alvarez sprayed Roundup somewhere between 9,000 to 12,000 hours and mixed Roundup somewhere between 9,000 to 12,000 times over the same time period.

[2] Mr. Cohen's deposition has been noticed but not yet taken.

[3] As the Court may know, PSC leadership retained general causation experts and addressed all general causation issues for all Wave 1 Plaintiffs. Other Wave 1 counsel were to retain specific causation experts.

Sawyer, Ph.D. to prepare a report like the reports he prepared for PSC Leadership's Wave 1 clients.[4] Undersigned counsel first became aware of Dr. Sawyer's Wave 1 reports after talking to leadership about Dr. Cohen's October 25, 2019 Report in this instant case.

Undersigned has now spoken with Dr. Sawyer about Mr. Cohen's analysis and opinions. In most, if not all, material respects, Mr. Cohen's analysis and opinions in the Alvarez case mirror his opinions and analysis in the other Wave 1 cases for which he has provided reports. Likewise, in most, if not all, material respects, Dr. Sawyer's analysis and opinions in Mr. Alvarez' case, if allowed by the Court, mirror his analysis and opinions provided in the other Wave 1 cases for which he has provided reports and been deposed by Monsanto's counsel.

In conclusion, it is respectfully submitted that for the reasons discussed above undersigned counsel's failure to initially retain Dr. Sawyer as a specific causation expert was excusable due to Plaintiff's recent entry into this litigation, and undersigned's counsel's mistake or misunderstanding about the issue on which Dr. Sawyer and Mr. Cohen opine being a specific causation issue versus a general causation issue. As soon as undersigned was made aware otherwise, Dr. Sawyer was consulted, and within two days thereafter this motion was filed. Also, it is respectfully submitted that granting this motion by allowing Mr. Alvarez to either file a short report from Dr. Sawyer rebutting Dr. Cohen's report with the same analysis and opinions provided in his other Wave 1 reports, or allowing Mr. Alvarez to adopt in his case Dr. Sawyer's analysis

---

[4] Plaintiff's specific causation expert exposure opinions are based, in large part, on the studies relied upon by the general causation experts. These studies discuss Roundup exposure on real world people, like the Plaintiff here that used Roundup. While undersigned believed these reports and opinions adequately addressed exposure (and still may), based upon Dr. Cohen's Report, undersigned is concerned that Monsanto will argue, without specific expert rebuttal, that Plaintiff Alvarez' has not appropriately addressed dermal absorption.

3

and opinions provided in those other Wave 1 reports, will not prejudice Monsanto: a trial date has not yet been set; Monsanto's counsel and experts already have seen Dr. Sawyer's analysis and opinions; and Monsanto has deposed Dr. Sawyer. For the same reasons, granting this motion should not delay the trial or resolution of this matter.

Dated this 8th day of November, 2019.

Respectfully Submitted,

*/s/ David J. Diamond*
David J. Diamond (010842)
Goldberg & Osborne LLP
698 E. Wetmore Road, Suite 200
Tucson, AZ 85705
Tel: (520) 620-3975
Fax: (520) 620-3991
ddiamond@goldbergandosborne.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I, David J. Diamond, hereby certify that on November 8, 2019, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

*/s/ David J. Diamond*
David J. Diamond

4