**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:   202-847-4030
Fax:   202-847-4005

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| *Jaime Alvarez Calderon v. Monsanto Co., et al.* (Wave 1 Case)<br>3:19-cv-01630-VC | **MONSANTO COMPANY'S OPPOSITION TO MOTION TO FILE SHORT REBUTTAL REPORT OR ADOPT DR. SAWYER'S ANALYSIS AND OPINIONS PROVIDED IN HIS REPORTS FILED IN OTHER WAVE 1 PLAINTIFFS' CASES** |

- 1 -
MONSANTO COMPANY'S OPPOSITION TO MOTION TO FILE SHORT REBUTTAL REPORT OR ADOPT DR. SAWYER'S ANALYSIS AND OPINIONS PROVIDED IN HIS REPORTS FILED IN OTHER WAVE 1 PLAINTIFFS' CASES
3:19-CV-01630-VC

Plaintiff Jaime Alvarez Calderon's Motion To File A Short Rebuttal Report Or Adopt Dr. Sawyer's Analysis And Opinions Provided In His Reports Filed In Other Wave 1 Plaintiffs' Cases is without merit and should be denied as untimely.

October 4, 2019 was the deadline for Wave 1 plaintiffs to disclose their experts. Now, over a month later and less than two weeks from the expert discovery cutoff, Mr. Alvarez's counsel seeks to disclose Dr. Sawyer as a new expert in Mr. Alvarez's case. Mr. Alvarez's counsel had ample time prior to the October 4, 2019 deadline to learn about Dr. Sawyer's role and opinions in the Roundup litigation, understand the difference between general and case-specific opinions, coordinate with PSC leadership, and timely disclose Dr. Sawyer.

Dr. Sawyer's role in the Roundup litigation is no secret. Dr. Sawyer has been disclosed in numerous cases in this MDL. In 2018, he was disclosed in the first three cases worked up for trial, including offering case-specific opinions in *Stevick*.[1] In Wave 1, he provided case-specific opinions in eleven cases and a general causation opinion in one case.[2] Outside of the MDL, he has provided testimony in the widely publicized *Johnson* and *Pilliod* trials and was disclosed and provided deposition testimony in numerous Missouri state court cases. Thus, Mr. Alvarez's counsel had sufficient time and numerous opportunities to learn about Dr. Sawyer's role and opinions in this litigation.

Moreover, Mr. Alvarez's counsel's argument that he mistakenly believed exposure was solely a general causation issue addressed by prior disclosures is not supported by what has actually taken place in this litigation generally. PSC leadership never disclosed Dr. Sawyer as an expert during the general causation *Daubert* proceedings in this Court. Instead, he first appeared along with the other case-specific experts for *Hardeman*, *Stevick*, and *Gebeyehou*. More recently, on October 4, 2019,

---

[1] Monsanto filed a *Daubert* motion with respect to Dr. Sawyer's opinions in *Hardeman* and *Gebeyhou*. Plaintiffs subsequently withdrew Dr. Sawyer in *Hardeman*. Monsanto's motion remains pending in other cases.

[2] Dr. Sawyer was disclosed as a case-specific expert in eleven Wave 1 cases: *Dickey*, *Domina*, *Giglio*, *Harris*, *Hernandez, I.*, *Janzen*, *Mendoza*, *Pollard*, *Russo*, *Sanders*, *Tanner*. He was also disclosed as a general causation expert in *Perkins*.

1  PSC leadership disclosed general causation experts for *all* Wave 1 cases.  Specifically, PSC leadership
2  disclosed Drs. Portier, Ritz, and Weisenburger; Dr. Sawyer was notably absent.  Further, other Wave
3  1 Plaintiffs timely disclosed case-specific opinions about their individual exposures from Dr.
4  Sawyer—an approach that would make little sense if Dr. Sawyer's testimony covered only general
5  causation.  Accordingly, there was no reason for Mr. Alvarez's counsel to believe that exposure was
6  solely a general causation issue.

7  Additionally, while Mr. Alvarez's counsel's failure to timely disclose Dr. Sawyer on October
8  4, 2019 should alone warrant denial of Mr. Alvarez's motion, it is important to note that Mr. Alvarez's
9  counsel learned of Monsanto's case-specific exposure expert's opinions over two weeks ago on
10 October 25, 2019 when Dr. Cohen's report was served.  If Mr. Alvarez's counsel believed a response
11 to Dr. Cohen's report was warranted, he should have sought relief immediately.  Instead, he waited
12 over two weeks to file this motion in the midst of Wave 1 expert discovery while the Parties are busy
13 taking and defending numerous depositions across the country.  This lack of diligence should not be
14 rewarded.

15 Nor should Mr. Alvarez's counsel be allowed to evade the agreed-upon disclosure deadlines
16 by labeling Dr. Sawyer's report as a "rebuttal report."  The Federal Rules of Civil Procedure delineate
17 specific requirements for expert witness disclosures.  Plaintiff cannot submit Dr. Sawyer's report,
18 over a month after expert disclosures were due, "simply by labeling it a 'rebuttal report.'"  *See*
19 *Cyntegra, Inc. v. Idexx Labs., Inc.*, No. CV 06-4170 PSG (CTx), 2007 WL 5193736 at *9 (C.D. Cal.
20 Sep. 21, 2007).

21 For these reasons, Mr. Alvarez should not be allowed to disclose Dr. Sawyer—whether as a
22 case-specific, general, or "rebuttal" expert—at this late stage.  Allowing disclosure is not only
23 contrary to the deadlines set by this Court, but would set a bad precedent going forward.

24 Finally, it is important to note that—contrary to Plaintiff's claims—Monsanto would be
25 prejudiced by his untimely request to disclose Dr. Sawyer as an expert.  If Dr. Sawyer intends to offer
26 opinions specific for Mr. Alvarez, as Plaintiff has suggested he will, Monsanto has a right to depose

Dr. Sawyer regarding those opinions. Monsanto will have minimal time to prepare and depose Dr. Sawyer regarding his new opinions before the November 20 discovery cutoff and November 26 deadline to file *Daubert* motions, especially in light of the deposition and motion practice taking place in numerous other cases at the same time. Accordingly, the disclosure of Dr. Sawyer should not be permitted. *Applera Corp.-Applied Biosystems Grp. v. Illumina, Inc.*, No. C 07-02845 WHA, 2008 WL 4810541 at *1 (N.D. Cal. Oct. 27, 2008).

      For these reasons, Mr. Alvarez's motion is without merit and should be denied as untimely.

- 4 -

MONSANTO COMPANY'S OPPOSITION TO MOTION TO FILE SHORT REBUTTAL REPORT OR ADOPT DR. SAWYER'S ANALYSIS AND OPINIONS PROVIDED IN HIS REPORTS FILED IN OTHER WAVE 1 PLAINTIFFS' CASES
3:19-CV-01630-VC

| | | |
|---|---|---|
| 1 | DATED:  November 12, 2019 | Respectfully submitted, |
| 2 | | /s/ Brian L. Stekloff_____ |
| 3 | | Brian L. Stekloff (*pro hac vice*) |

DATED:  November 12, 2019        Respectfully submitted,

/s/ Brian L. Stekloff_____

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

Attorneys for Defendant
MONSANTO COMPANY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of November 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

*/s/ Brian L. Stekloff*