**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
         elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Dylan Sampsel v. Monsanto Co.*, Case No. 3:19-cv-07197-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 comprise attorney characterizations and are

1  accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiff

2  have a variety of separate and distinct uses and formulations.

3       5.     The allegations in paragraph 5 set forth conclusions of law for which no response

4  is required. To the extent that a response is deemed required, Monsanto admits the allegations in

5  paragraph 5 based upon the allegations in plaintiff's Complaint.

6       6.     Monsanto admits the allegations in paragraph 6.

7       7.     The allegations in paragraph 7 set forth conclusions of law for which no response

8  is required.

9       8.     The allegations in the first sentence of paragraph 8 set forth conclusions of law for

10  which no response is required. In response to the second sentence of paragraph 8, Monsanto

11  admits that it sells Roundup®-branded products in California. In response to the allegations in

12  the final sentence of paragraph 8, Monsanto denies certain events giving rise to plaintiff's claims

13  and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

14  allegations regarding where certain other events giving rise to plaintiff's claims occurred and

15  therefore denies those allegations.

16       9.     Monsanto lacks information or knowledge sufficient to form a belief as to the

17  truth of the allegations in the first sentence of paragraph 9 and therefore denies those allegations.

18  Monsanto denies the remaining allegations in paragraph 9.

19       10.     Monsanto admits the allegations in the first sentence of paragraph 10. The

20  remaining allegations in paragraph 10 set forth conclusions of law for which no response is

21  required.

22       11.     In response to the allegations in paragraph 11, Monsanto admits that it sells

23  Roundup®-branded products in California.

24       12.     Monsanto lacks information or knowledge sufficient to form a belief as to the

25  truth of the allegations in paragraph 12 and therefore denies those allegations.

26       13.     The allegations in paragraph 13 are vague and conclusory and comprise attorney

27  characterizations and are accordingly denied.

28       14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney

1    characterizations and are accordingly denied.

2         15.    Monsanto admits the allegations in paragraph 15.

3         16.    Monsanto admits that it is authorized to do business in California.  The remaining

4    allegations of paragraph 16 are vague and conclusory and comprise attorney characterizations

5    and are accordingly denied.

6         17.    The allegations in paragraph 17 set forth conclusions of law for which no

7    response is required.

8         18.    Monsanto denies the allegations in paragraph 18.

9         19.    Monsanto admits that it has designed, researched, manufactured, tested,

10   advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The

11   remaining allegations in paragraph 19 set forth conclusions of law for which no response is

12   required.

13        20.    Monsanto admits that it is an agricultural biotechnology corporation with a

14   principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its

15   affiliated companies have operations and offices in countries around the world.  Monsanto states

16   that the remaining allegations in paragraph 20 are vague and that it accordingly lacks information

17   or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

18   denies those allegations.

19        21.    Monsanto admits the allegations in paragraph 21.

20        22.    Monsanto admits the allegations in paragraph 22.

21        23.    In response to the allegations in paragraph 23, Monsanto admits that glyphosate is

22   an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

23   paragraph 23 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

24   to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

25        24.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

26   The remaining allegations in paragraph 24 comprise attorney characterizations and are

27   accordingly denied.

28        25.    Monsanto admits the allegations in paragraph 25.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07197-VC

1    26.    Monsanto generally admits the allegations in paragraph 26, but denies the

2    allegations in paragraph 26 to the extent that they suggest that glyphosate is present in any plants

3    at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

4    the United States Environmental Protection Agency ("EPA").

5    27.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 27 and therefore denies those allegations.

7    28.    Monsanto admits that it is the leading producer of seeds that contain the Roundup

8    Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

9    farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

10   belief as to the accuracy of the specific numbers and statistics provided in the remaining

11   sentences of paragraph 28 and therefore denies those allegations.  Monsanto denies the

12   remaining allegations in paragraph 28.

13   29.    Monsanto admits the allegations in paragraph 29.

14   30.    Monsanto admits that Roundup®-branded products have been used by farmers for

15   approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

16   properties and denies the remaining allegations in paragraph 30.

17   31.    The allegations in paragraph 31 set forth conclusions of law for which no

18   response is required.  To the extent that a response is deemed required, Monsanto admits the

19   allegations in paragraph 31.

20   32.    In response to the allegations in paragraph 32, Monsanto admits that EPA requires

21   registrants of herbicides to submit extensive data in support of the human health and

22   environmental safety of their products and further admits that EPA will not register or approve

23   the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

24   Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 32 set forth

25   conclusions of law for which no response is required.

26   33.    The allegations in paragraph 33 set forth conclusions of law for which no

27   response is required.

28   34.    Monsanto admits that Roundup®-branded products are registered by EPA for

1    manufacture, sale and distribution and are registered by the State of Missouri for sale and

2    distribution.

3         35.    In response to the allegations in paragraph 35, Monsanto admits that EPA requires

4    registrants of herbicides to submit extensive data in support of the human health and

5    environmental safety of their products and further admits that EPA will not register or approve

6    the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

7    states that the term "the product tests" in the final sentence of paragraph 35 is vague and

8    ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 35

9    set forth conclusions of law for which no answer is required.

10        36.    Monsanto denies the allegations in paragraph 36 to the extent that they suggest

11   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

12   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

13   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

14   of the allegations in paragraph 36 regarding such pesticide products generally and therefore

15   denies those allegations.  The remaining allegations in paragraph 36 set forth conclusions of law

16   for which no response is required.

17        37.    In response to the allegations in paragraph 37, Monsanto admits that EPA has

18   undertaken a regulatory review of glyphosate and further admits that EPA has not released its

19   findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

20   Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

21   concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

22   humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

23   posted an October 2015 final report by its standing Cancer Assessment Review Committee

24   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

25   _____

     [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic*

26   *Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
     document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in

27   anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
     potential.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07197-VC

1   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

2   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

3   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

4   humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

5   of the remaining allegations in paragraph 37 and therefore denies those allegations.

6          38.   In response to the allegations in paragraph 38, Monsanto admits that the New

7   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

8   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

9   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

10  General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

11  the subparts purport to quote a document, the document speaks for itself and thus does not

12  require any further answer.  The remaining allegations in paragraph 38 are vague and conclusory

13  and comprise attorney characterizations and are accordingly denied.

14         39.   In response to the allegations in paragraph 39, Monsanto admits it entered into an

15  assurance of discontinuance with the New York Attorney General.  The assurance speaks for

16  itself and thus does not require any further answer.  The remaining allegations in paragraph 39

17  are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18         40.   Monsanto denies the allegations in paragraph 40.

19         41.   In response to the allegations in paragraph 41, Monsanto admits that the French

20  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

21  that it "left the soil clean," but denies the allegations in paragraph 41 to the extent that they

22  suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

23

24  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
    U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
25  *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
    Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.
26
    [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of*
27  *Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/
    document?D=EPA-HQ-OPP-2016-0385-0528.
28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07197-VC

1    cancer.  Monsanto denies the remaining allegations in paragraph 41.

2         42.    Monsanto denies the allegations in paragraph 42.

3         43.    In response to the allegations in paragraph 43, Monsanto states that the cited

4    document speaks for itself and does not require a response.  To the extent that the allegations in

5    paragraph 43 go beyond a restatement of the cited document, Monsanto lacks information or

6    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 43

7    and therefore denies those allegations.

8         44.    Monsanto admits the allegations in paragraph 44.

9         45.    In response to the allegations in paragraph 45, Monsanto states that the cited the

10   document speaks for itself and does not require a response.  To the extent that the allegations in

11   paragraph 45 go beyond a restatement of the cited document, Monsanto lacks information or

12   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45

13   and therefore denies those allegations.

14        46.    Monsanto states that the term "toxic" as used in paragraph 46 is vague and

15   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

16   denies the allegations in paragraph 46.

17        47.    Monsanto admits the allegations in paragraph 47.

18        48.    In response to the allegations in paragraph 48, Monsanto states that the document

19   speaks for itself and does not require a response.  To the extent that a response is deemed

20   required, Monsanto denies the allegations in paragraph 48.

21        49.    In response to the allegations in paragraph 49, Monsanto admits that Julie Marc

22   published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

23   the extent that paragraph 49 characterizes the meaning of the cited study, Monsanto denies the

24   remaining allegations in paragraph 49.

25        50.    In response to the allegations in paragraph 50, Monsanto states that these

26   documents speak for themselves and do not require a response.  To the extent that a response is

27   deemed required, Monsanto denies the allegations in paragraph 50.

28        51.    In response to the allegations in paragraph 51, Monsanto states that the cited

1  document speaks for itself and does not require a response.  To the extent that paragraph 51

2  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

3  paragraph 51.

4       52.     Monsanto denies the allegations in paragraph 52.

5       53.     In response to the allegations in paragraph 53, Monsanto states that the cited

6  document speaks for itself and does not require a response.  To the extent that paragraph 53

7  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

8  paragraph 53.

9       54.     In response to the allegations in paragraph 54, Monsanto states that the cited

10  document speaks for itself and does not require a response.  To the extent that paragraph 54

11  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

12  paragraph 54.

13       55.     Monsanto denies the allegation that the cited studies support the allegation that

14  glyphosate or Roundup®-branded products pose any risk to human health and denies the

15  remaining allegations in paragraph 55.

16       56.     Monsanto denies the allegations in paragraph 56.

17       57.     Monsanto denies the allegations in paragraph 57.

18       58.     Monsanto denies the allegations in paragraph 58.

19       59.     Monsanto denies the allegations in paragraph 59.

20       60.     Monsanto admits that it has in the past promoted, and continues to promote,

21  Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

22  Monsanto denies the remaining allegations in paragraph 60.

23       61.     Monsanto admits that the International Agency for Research on Cancer ("IARC")

24  is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

25  lacks information or knowledge sufficient to form a belief as to the truth of the remaining

26  allegations in paragraph 61 and therefore denies those allegations.

27       62.     Monsanto lacks information or knowledge sufficient to form a belief as to the

28  truth of the allegations in paragraph 62 and therefore denies those allegations.  Monsanto denies

1    that glyphosate met the criteria necessary to be eligible for review.

2        63.    Monsanto lacks information or knowledge sufficient to form a belief as to the

3    truth of the allegations in paragraph 63 and therefore denies those allegations.  Monsanto denies

4    that glyphosate met the criteria necessary to be eligible for review.

5        64.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

6    carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

7    evidence was "cumulative."  The remaining allegations in paragraph 64 are vague and

8    conclusory and comprise attorney characterizations and are accordingly denied.

9        65.    Monsanto admits that the full IARC Monograph regarding glyphosate was

10   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

11   2A carcinogen.  In response to the remaining allegations in paragraph 65, Monsanto states that

12   the document speaks for itself and does not require a response.  To the extent that a response is

13   deemed required, the remaining allegations in paragraph 65 comprise attorney characterizations

14   and are accordingly denied.

15       66.    Monsanto denies the allegations in paragraph 66.  The IARC working group

16   concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

17   which, per IARC's guidelines, means that the working group could not rule out chance, bias or

18   confounding so as to reach any conclusion of an increased risk.

19       67.    In response to the allegations in paragraph 67, Monsanto states that the document

20   speaks for itself and does not require a response.  To the extent that a response is deemed

21   required, the allegations in paragraph 67 comprise attorney characterizations and are accordingly

22   denied.

23       68.    Monsanto denies the allegations in paragraph 68.

24       69.    The allegations in paragraph 69 comprise attorney characterizations and are

25   accordingly denied.

26       70.    Monsanto admits the allegations in paragraph 70.

27       71.    In response to the allegations in paragraph 71, Monsanto states that the cited

28   document speaks for itself and does not require a response.  To the extent that paragraph 71

1    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

2    paragraph 71.

3        72.    In response to the allegations in paragraph 72, Monsanto admits that certain

4    studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

5    under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

6    evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

7    animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

8    paragraph 72.

9        73.    The allegations in paragraph 73 are vague and ambiguous and are accordingly

10   denied.

11       74.    In response to the allegations in paragraph 74, Monsanto states that the cited

12   document speaks for itself and does not require a response.

13       75.    In response to the allegations in paragraph 75, Monsanto states that the cited

14   document speaks for itself and does not require a response.  To the extent that paragraph 75

15   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

16   paragraph 75.

17       76.    Monsanto denies the allegations in paragraph 76.

18       77.    In response to the allegations in paragraph 77, Monsanto states that the cited

19   document speaks for itself and does not require a response.  Monsanto otherwise denies the

20   allegations in paragraph 77.

21       78.    Monsanto admits that there is no reliable evidence that Roundup®-branded

22   products are genotoxic and that regulatory authorities and independent experts agree that

23   Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

24   paragraph 78.

25       79.    Monsanto denies the allegations in paragraph 79.

26       80.    Monsanto denies the allegations in paragraph 80.

27       81.    Monsanto denies the allegations in paragraph 81.

28       82.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

1    exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 82.

2            83.     Monsanto denies the allegations in paragraph 83.

3            84.     Monsanto denies the allegations in paragraph 84.

4            85.     Monsanto admits the allegations in paragraph 85.

5            86.     Monsanto denies the allegations in paragraph 86.

6            87.     Monsanto admits the allegations in paragraph 87.

7            88.     Monsanto denies the allegations in paragraph 88.

8            89.     Monsanto denies the allegations in paragraph 89.

9            90.     Monsanto denies the allegations in paragraph 90.

10           91.     Monsanto denies the allegations in paragraph 91.

11           92.     Monsanto denies the allegations in paragraph 92.

12           93.     Monsanto denies the allegations in paragraph 93.

13           94.     Monsanto denies the allegations in paragraph 94.

14           95.     Monsanto admits that independent experts and regulatory agencies agree that

15   there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

16   products and admits that it has made statements reflecting this fact.  Monsanto denies the

17   remaining allegations in paragraph 95.

18           96.     In response to the allegations in paragraph 96, Monsanto admits that Roundup®-

19   branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

20   the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

21   96.

22           97.     In response to the allegations in paragraph 97, Monsanto admits that an EPA

23   review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

24   denies the remaining allegations in paragraph 97.

25           98.     In response to the allegations in paragraph 98, Monsanto admits that EPA

26   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

27   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

28   denies the remaining allegations in paragraph 98.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07197-VC

99.     In response to the allegations in paragraph 99, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 99.

100.     In response to the allegations in paragraph 100, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

- 12 -

toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 100 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

101.    In response to the allegations in paragraph 101, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

102.    Monsanto denies the allegations in paragraph 102 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 102 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

103.    In response to the allegations in paragraph 103, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

104.    In response to the allegations in paragraph 104, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

1    denies the remaining allegations in paragraph 104.

2        105.    In response to the allegations in paragraph 105, Monsanto admits that EPA

3    investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

4    paragraph 105 are intended to suggest that Monsanto was anything other than a victim of this

5    fraud, Monsanto denies those allegations.

6        106.    In response to the allegations in paragraph 106, Monsanto admits that it was

7    defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

8    at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 106

9    are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

10   denies those allegations.

11       107.    In response to the allegations in paragraph 107, Monsanto admits that it has stated

12   and continues to state that Roundup®-branded products are safe when used as labeled and that

13   they are non-carcinogenic and non-genotoxic.

14       108.    In response to the allegations in paragraph 108, Monsanto admits that a 1986 joint

15   report of the World Health Organization and Food and Agriculture Organization of the United

16   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

17   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

18   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

19   carcinogen.  Monsanto denies the remaining allegations in paragraph 108.

20       109.    Monsanto denies the allegations in paragraph 109.

21       110.    Monsanto denies the allegations in paragraph 110.

22       111.    Monsanto denies the allegations in paragraph 111.

23       112.    Monsanto denies the allegations in paragraph 112.

24       113.    Monsanto denies the allegations in paragraph 113.

25       114.    Monsanto denies the allegations in paragraph 114.

26       115.    Monsanto denies the allegations in paragraph 115.

27       116.    Monsanto denies the allegations in paragraph 116.

28       117.    Monsanto denies the allegations in paragraph 117.

1    118.    Monsanto denies the allegations in paragraph 118.

2    119.    Monsanto denies the allegations in paragraph 119.

3    120.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4   truth of the allegations in paragraph 120 and therefore denies those allegations.

5    121.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6   truth of the allegations in paragraph 121 and therefore denies those allegations.

7    122.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8   truth of the allegations in the first sentence of paragraph 122 and therefore denies those

9   allegations.  Monsanto denies the remaining allegations in paragraph 122.

10    123.    Monsanto denies the allegations in paragraph 123.

11    124.    Monsanto incorporates by reference its responses to paragraphs 1 through 123 in

12   response to paragraph 124 of plaintiff's Complaint.

13    125.    Monsanto denies the allegations in paragraph 125.

14    126.    In response to the allegations in paragraph 126, Monsanto admits that it has stated

15   and continues to state that Roundup®-branded products are safe when used as labeled and that

16   they are non-toxic and non-carcinogenic.

17    127.    In response to the allegations in paragraph 127, Monsanto states that the cited

18   document speaks for itself and does not require a response.

19    128.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

20   exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

21   128.  Monsanto states, however, that the scientific studies upon which IARC purported to base

22   its classification were all publicly available before March 2015.

23    129.    Monsanto denies the allegations in the first and last sentences of paragraph 129.

24   The remaining allegations in paragraph 129 set forth conclusions of law for which no response is

25   required.  Monsanto states, however, that the scientific studies upon which IARC purported to

26   base its classification were all publicly available before March 2015.

27    130.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

28   and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07197-VC

1    branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

2    which IARC purported to base its classification were all publicly available before March 2015.

3    The remaining allegations in paragraph 130 set forth conclusions of law for which no response is

4    required, consist of attorney characterizations and are accordingly denied, or comprise

5    allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

6    the truth of the allegations asserted and therefore denies those allegations.

7          131.    Monsanto incorporates by reference its responses to paragraphs 1 through 130 in

8    response to paragraph 131 of plaintiff's Complaint.

9          132.    The allegations in paragraph 132 set forth conclusions of law for which no

10   response is required.

11         133.    Monsanto denies the allegations in paragraph 133.

12         134.    Monsanto denies the allegations in paragraph 134, including each of its subparts.

13         135.    Monsanto denies the allegations in paragraph 135.

14         136.    Monsanto denies the allegations in paragraph 136.

15         137.    Monsanto denies the allegations in paragraph 137.

16         138.    Monsanto denies the allegations in paragraph 138, including each of its subparts.

17         139.    Monsanto denies the allegations in paragraph 139.

18         140.    Monsanto denies the allegations in paragraph 140.

19         141.    Monsanto denies the allegations in paragraph 141.

20         142.    Monsanto denies the allegations in paragraph 142.

21         In response to the "WHEREFORE" paragraph following paragraph 142, Monsanto

22   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

23   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

24   fees as allowed by law and such further and additional relief as this Court may deem just and

25   proper.

26         143.    Monsanto incorporates by reference its responses to paragraphs 1 through 142 in

27   response to paragraph 143 of plaintiff's Complaint.

28         144.    In response to the allegations in paragraph 144, Monsanto lacks information or

1   knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

2   exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies

3   the remaining allegations in paragraph 144.

4           145.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5   truth of the allegations in paragraph 145 and therefore denies those allegations.

6           146.    Monsanto denies the allegations in paragraph 146.

7           147.    Monsanto denies the allegations in paragraph 147.

8           148.    Monsanto denies the allegations in paragraph 148.

9           149.    Monsanto denies the allegations in paragraph 149, including each of its subparts.

10          150.    Monsanto denies the allegations in paragraph 150.

11          151.    Monsanto denies that Roundup®-branded products have "dangerous

12  characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

13  truth of the remaining allegations in paragraph 151 and therefore denies those allegations.

14          152.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations in paragraph 152 and therefore denies those allegations.

16          153.    Monsanto denies the allegations in paragraph 153.

17          154.    The allegations in paragraph 154 set forth conclusions of law for which no

18  response is required.

19          155.    Monsanto denies the allegations in paragraph 155.

20          156.    Monsanto denies the allegations in paragraph 156.

21          157.    Monsanto denies the allegations in paragraph 157.

22          158.    Monsanto denies the allegations in paragraph 158.

23          159.    Monsanto denies the allegations in paragraph 159.

24          160.    Monsanto denies the allegations in paragraph 160.

25          161.    Monsanto denies the allegations in paragraph 161.

26          162.    Monsanto denies the allegations in paragraph 162.

27          163.    Monsanto denies the allegations in paragraph 163.

28          164.    Monsanto denies the allegations in paragraph 164.

1    In response to the "WHEREFORE" paragraph following paragraph 164, Monsanto

2   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

3   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

4   fees as allowed by law and such further and additional relief as this Court may deem just and

5   proper.

6        165.    Monsanto incorporates by reference its responses to paragraphs 1 through 164 in

7   response to paragraph 165 of plaintiff's Complaint.

8        166.    Monsanto denies the allegations in paragraph 166.

9        167.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 167 and therefore denies those allegations.

11        168.    Monsanto denies the allegations in paragraph 168.  All labeling of Roundup®-

12   branded products has been and remains EPA-approved and in compliance with all federal

13   requirements under FIFRA.

14        169.    Monsanto denies the allegations in paragraph 169.

15        170.    Monsanto denies the allegations in paragraph 170.  All labeling of Roundup®-

16   branded products has been and remains EPA-approved and in compliance with all federal

17   requirements under FIFRA.

18        171.    Monsanto denies the allegations in paragraph 171.  All labeling of Roundup®-

19   branded products has been and remains EPA-approved and in compliance with all federal

20   requirements under FIFRA and with California law.

21        172.    Monsanto denies the allegations in paragraph 172.

22        173.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23   truth of the allegations regarding plaintiff's use history in paragraph 173 and therefore denies

24   those allegations.  Monsanto denies the remaining allegations in paragraph 173.

25        174.    The allegations in paragraph 174 set forth conclusions of law for which no

26   response is required.

27        175.    Monsanto denies the allegations in paragraph 175.

28        176.    Monsanto denies the allegations in paragraph 176.

177. Monsanto denies the allegations in paragraph 177.

178. Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 178.

179. The allegations in paragraph 179 set forth conclusions of law for which no response is required.

180. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 180 and therefore denies those allegations.

181. Monsanto denies the allegations in paragraph 181.

182. Monsanto denies the allegations in paragraph 182.

183. Monsanto denies the allegations in paragraph 183.

184. Monsanto denies the allegations in paragraph 184.

185. Monsanto denies the allegations in paragraph 185.

In response to the "WHEREFORE" paragraph following paragraph 185, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

186. Monsanto incorporates by reference its responses to paragraphs 1 through 185 in response to paragraph 186 of plaintiff's Complaint.

187. Monsanto denies the allegations in paragraph 187. Additionally, the allegations in the last sentence in paragraph 187 set forth conclusions of law for which no response is required.

188. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 188 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 188 set forth conclusions of law for which no response is required.

189. The allegations in paragraph 189 set forth conclusions of law for which no response is required.

1    190.    Monsanto denies the allegations in paragraph 190.

2    191.    The allegation in paragraph 191 regarding a purported implied warranty sets forth

3    a conclusion of law for which no response is required.  Monsanto lacks information or

4    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

5    191 and therefore denies those allegations.

6    192.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 192 concerning the condition of any Roundup®-branded

8    product allegedly used by plaintiff's or about plaintiff's alleged uses of such product and

9    therefore denies the allegations in paragraph 192.

10    193.    Monsanto denies the allegations in paragraph 193.

11    194.    Monsanto denies the allegations in paragraph 194.

12    195.    Monsanto denies the allegations in paragraph 195.

13    In response to the "WHEREFORE" paragraph following paragraph 195, Monsanto

14    demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

15    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

16    fees as allowed by law and such further and additional relief as this Court may deem just and

17    proper.

18    196.    Monsanto incorporates by reference its responses to paragraphs 1 through 195 in

19    response to paragraph 196 of plaintiff's Complaint.

20    197.    Monsanto admits that plaintiff purports to bring a claim under the California

21    Consumer Protection Act but denies any liability as to that claim.  Monsanto denies the

22    remaining allegations in paragraph 197.

23    198.    Monsanto denies the allegations in paragraph 198.

24    199.    The allegations in paragraph 199 set forth conclusions of law for which no

25    response is required.

26    200.    Monsanto denies the allegations in paragraph 200.

27    201.    Monsanto denies the allegations in paragraph 201.

28    In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07197-VC

1   denies that plaintiff is entitled to the relief sought therein, including any judgment for any

2   damages, interest, costs, or any other relief whatsoever.

3         Every allegation in the Complaint that is not specifically and expressly admitted in this

4   Answer is hereby specifically and expressly denied.

5   **<u>SEPARATE AND AFFIRMATIVE DEFENSES</u>**

6         1.     The Complaint, in whole or part, fails to state a claim or cause of action against

7   Monsanto upon which relief can be granted.

8         2.     Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

9   reliable evidence that the products at issue were defective or unreasonably dangerous.

10        3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted,

11  was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

12  plaintiff's alleged injuries.

13        4.     Plaintiff's claims are barred, in whole or in part, because the products at issue

14  were designed, manufactured, marketed and labeled with proper warnings, information, cautions

15  and instructions, in accordance with the state of the art and the state of scientific and

16  technological knowledge.

17        5.     Plaintiff's claims are barred, in whole or in part, because the products at issue

18  were not defective or unreasonably dangerous in that they complied with, at all relevant times,

19  all applicable government safety standards.

20        6.     Any claims based on allegations that Monsanto misled, defrauded, made

21  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

22  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

23  *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

24        7.     Plaintiff's claims are preempted, in whole or in part, by applicable federal law

25  relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

26  processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07197-VC

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff's, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

1      17.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the

2  Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

3      18.     Plaintiff's claims for punitive  damages are barred because such an award would

4  violate Monsanto's due process, equal protection and other rights under the United States

5  Constitution, the California Constitution, and/or other applicable state constitutions.

6      19.     Plaintiff's claims for punitive damages are barred because plaintiff has failed to

7  allege conduct warranting imposition of such damages under California law, and/or other

8  applicable state laws.

9      20.     Plaintiff's claims for punitive damages are barred and/or limited by operation of

10 state and/or federal law.

11      21.      Plaintiff's claims are barred in whole or in part by plaintiff's own

12 contributory/comparative negligence.

13      22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to

14 mitigate damages.

15      23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

16      24.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff

17 received from collateral sources.

18      25.     If plaintiff had been injured or damaged, no injury or damages being admitted,

19 such injuries were not caused by a Monsanto product.

20      26.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims

21 that are governed by the laws of a state that does not recognize, or limits, such claims.

22      27.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws

23 of states that do not govern plaintiff's claims.

24      28.     Monsanto hereby gives notice that it intends to rely upon such other defenses as

25 may become available or apparent during the course of discovery and thus reserves its right to

26 amend this Answer to assert such defenses.

27

28

1       **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2    plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

3    other relief as the Court deems equitable and just.

4                         **<u>JURY TRIAL DEMAND</u>**

5       Monsanto demands a jury trial on all issues so triable.

6

7    DATED:  November 14, 2019            Respectfully submitted,

8

9                            <u>/s/ Joe G. Hollingsworth</u>
                              Joe G. Hollingsworth (*pro hac vice*)

10                         (jhollingsworth@hollingsworthllp.com)
                         Eric G. Lasker (*pro hac vice*)

11                         (elasker@hollingsworthllp.com)
                         HOLLINGSWORTH LLP

12                         1350 I Street, N.W.
                         Washington, DC  20005

13                         Telephone:  (202) 898-5800
                         Facsimile:   (202) 682-1639

14

15                         *Attorneys for Defendant*
                         *MONSANTO COMPANY*

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07197-VC