1

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)

2

Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.

3

Washington, DC  20005
Telephone:   (202) 898-5800

4

Facsimile:   (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com

5

              elasker@hollingsworthllp.com

6

*Attorneys for Defendant*
*MONSANTO COMPANY*

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

11

MDL No. 2741

Case No. 3:16-md-02741-VC

12

This document relates to:

13

*Linda D. Clayton , Individually and as Executrix*
*of the Estate of J. Frank Clayton (Deceased)*

14

*v. Monsanto Co.*,
Case No. 3:19-cv-07194-VC

15

16

**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**

17

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

18

Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

19

all allegations contained in plaintiff Linda D. Clayton's Complaint ("the Complaint"), filed by

20

Linda D. Clayton, individually, and on behalf of decedent J. Frank Clayton ("decedent"), except

21

as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to

22

Monsanto Company, a United States based company incorporated in Delaware, and not to other

23

Monsanto-affiliated companies.  Although many paragraphs in the Complaint allege exposure or

24

use of Monsanto products by "Plaintiffs," Monsanto nevertheless responds to the allegations in

25

those paragraphs as if they refer to decedent J. Frank Clayton.  Silence as to any allegations shall

26

constitute a denial.

27

28

1.     Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.     Monsanto denies the allegations in paragraph 2.

3.     Monsanto denies the allegations in paragraph 3.

4.     The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiffs' Complaint.

5.     Monsanto admits the allegations in paragraph 5.

6.     The allegations in the first sentence of paragraph 6 set forth conclusions of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 6 and therefore denies those allegations.  Monsanto admits the remaining allegations in paragraph 6.

7.     The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 regarding where the plaintiff lives and therefore denies those allegations. The remaining allegations in paragraph 8 set forth conclusions of law for which no response is required.

9.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 9 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 9.

10.     The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

11.     Monsanto admits the allegations in paragraph 11.

12.     The allegations in paragraph 12 do not require a response from Monsanto because these allegations relate to Bayer AG, not Monsanto.

13.     In response to the allegations in paragraph 13, Monsanto admits that it discovered the herbicidal properties of glyphosate; that it has manufactured Roundup®-branded herbicides; that certain Roundup®-branded herbicides contain POEA and adjuvants; and that EPA has classified surfactants and adjuvants as inert.  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  Monsanto denies the remaining allegations in paragraph 13.

14.     The allegations in paragraph 14 comprise attorney characterizations and are accordingly denied.

15.     The allegations in paragraph 15 do not require a response from Monsanto because these allegations relate to Bayer AG, not Monsanto.

16.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products. The remaining allegations in paragraph 16 set forth conclusions of law for which no response is required.

17.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in the first-numbered paragraph 17 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

18.     Monsanto admits the allegations in the first-numbered paragraph 18.

17.     Monsanto admits the allegations in the second-numbered paragraph 17.

18.     In response to the allegations in the second-numbered paragraph 18, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in the second-numbered paragraph 18 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

1   remaining allegations in the second-numbered paragraph 18 and therefore denies those

2   allegations.

3       19.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

4   The remaining allegations in paragraph 19 comprise attorney characterizations and are

5   accordingly denied.

6       20.     Monsanto admits the allegations in paragraph 20.

7       21.     Monsanto generally admits the allegations in paragraph 21, but denies the

8   allegations in paragraph 21 to the extent that they suggest that glyphosate is present in any plants

9   at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

10  the United States Environmental Protection Agency ("EPA").

11      22.     Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 22 and therefore denies those allegations.

13      23.     Monsanto admits that it is the leading producer of seeds that contain the Roundup

14  Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

15  farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

16  belief as to the accuracy of the specific numbers and statistics provided in the remaining

17  sentences of paragraph 23 and therefore denies those allegations.  Monsanto denies the

18  remaining allegations in paragraph 23.

19      24.     Monsanto admits the allegations in the first two sentences of paragraph 24.  In

20  response to the allegations in the third sentence of paragraph 24, Monsanto admits that

21  Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto

22  denies that Roundup®-branded products have carcinogenic properties and denies the remaining

23  allegations in paragraph 24.

24      25.     The allegations in paragraph 25 set forth conclusions of law for which no

25  response is required.  To the extent that a response is deemed required, Monsanto admits the

26  allegations in paragraph 25.

27      26.     In response to the allegations in paragraph 26, Monsanto admits that EPA requires

28  registrants of herbicides to submit extensive data in support of the human health and

environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). The remaining allegations in paragraph 26 set forth conclusions of law for which no response is required.

27.    The allegations in paragraph 27 set forth conclusions of law for which no response is required.

28.    Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Missouri for sale and distribution.

29.    In response to the allegations in paragraph 29, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. Monsanto states that the term "the product tests" in the final sentence of paragraph 29 is vague and ambiguous, and Monsanto therefore denies the same. The remaining allegations in paragraph 29 set forth conclusions of law for which no answer is required.

30.    Monsanto denies the allegations in paragraph 30 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 regarding such pesticide products generally and therefore denies those allegations. The remaining allegations in paragraph 30 set forth conclusions of law for which no response is required.

31.    In response to the allegations in paragraph 31, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings. Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07194-VC

humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations.

32.     In response to the allegations in paragraph 32, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 32 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

33.     In response to the allegations in paragraph 33, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 33 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07194-VC

34.     Monsanto denies the allegations in paragraph 34.

35.     In response to the allegations in paragraph 35, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 35 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 35.

36.     Monsanto denies the allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 37 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies those allegations.

38.     Monsanto admits the allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 39 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore denies those allegations.

40.     Monsanto states that the term "toxic" as used in paragraph 40 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 40.

41.     Monsanto admits the allegations in paragraph 41.

42.     In response to the allegations in paragraph 42, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

the extent that paragraph 43 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 43.

44.     In response to the allegations in paragraph 44, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 45 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 45.

46.     Monsanto denies the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 47 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 48 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 48.

49.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 49.

50.     Monsanto denies the allegations in paragraph 50.

51.     Monsanto denies the allegations in paragraph 51.

52.     Monsanto denies the allegations in paragraph 52.

53.     Monsanto denies the allegations in paragraph 53.

54.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 54.

1     55.     Monsanto admits that the International Agency for Research on Cancer ("IARC")

2 is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

3 lacks information or knowledge sufficient to form a belief as to the truth of the remaining

4 allegations in paragraph 55 and therefore denies those allegations.

5     56.     Monsanto lacks information or knowledge sufficient to form a belief as to the

6 truth of the allegations in paragraph 56 and therefore denies those allegations.  Monsanto denies

7 that glyphosate met the criteria necessary to be eligible for review.

8     57.     Monsanto lacks information or knowledge sufficient to form a belief as to the

9 truth of the allegations in paragraph 57 and therefore denies those allegations.  Monsanto denies

10 that glyphosate met the criteria necessary to be eligible for review.

11     58.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

12 carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

13 evidence was "cumulative."  The remaining allegations in paragraph 58 are vague and

14 conclusory and comprise attorney characterizations and are accordingly denied.

15     59.     Monsanto admits that the full IARC Monograph regarding glyphosate was

16 published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

17 2A carcinogen.  In response to the remaining allegations in paragraph 59, Monsanto states that

18 the document speaks for itself and does not require a response.  To the extent that a response is

19 deemed required, the remaining allegations in paragraph 59 comprise attorney characterizations

20 and are accordingly denied.

21     60.     In response to the allegations in paragraph 60, Monsanto states that the document

22 speaks for itself and does not require a response.  To the extent that a response is deemed

23 required, the allegations in paragraph 60 comprise attorney characterizations and are accordingly

24 denied.

25     61.     In response to the allegations in paragraph 61, Monsanto states that the document

26 speaks for itself and does not require a response.  To the extent that a response is deemed

27 required, the allegations in paragraph 61 comprise attorney characterizations and are accordingly

28 denied.

1      62.      Monsanto denies the allegations in paragraph 62.

2      63.      The allegations in paragraph 63 comprise attorney characterizations and are

3 accordingly denied.

4      64.      Monsanto admits the allegations in paragraph 64.

5      65.      In response to the allegations in paragraph 65, Monsanto states that the cited

6 document speaks for itself and does not require a response.  To the extent that paragraph 65

7 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

8 paragraph 65.

9      66.      In response to the allegations in paragraph 66, Monsanto admits that certain

10 studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

11 under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

12 evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

13 animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

14 paragraph 66.

15      67.      The allegations in paragraph 67 are vague and ambiguous and are accordingly

16 denied.

17      68.      In response to the allegations in paragraph 68, Monsanto states that the cited

18 document speaks for itself and does not require a response.

19      69.      In response to the allegations in paragraph 69, Monsanto states that the cited

20 document speaks for itself and does not require a response.  To the extent that paragraph 69

21 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

22 paragraph 69.

23      70.      Monsanto denies the allegations in paragraph 70.

24      71.      In response to the allegations in paragraph 71, Monsanto states that the cited

25 document speaks for itself and does not require a response.  Monsanto otherwise denies the

26 allegations in paragraph 71.

27      72.      Monsanto admits that there is no reliable evidence that Roundup®-branded

28 products are genotoxic and that regulatory authorities and independent experts agree that

1    Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

2    paragraph 72.

3        73.    Monsanto denies the allegations in paragraph 73.

4        74.    Monsanto denies the allegations in paragraph 74.

5        75.    Monsanto denies the allegations in paragraph 75.

6        76.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

7    exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 76.

8        77.    Monsanto denies the allegations in paragraph 77.

9        78.    Monsanto denies the allegations in paragraph 78.

10       79.    Monsanto admits the allegations in paragraph 79.

11       80.    Monsanto denies the allegations in paragraph 80.

12       81.    Monsanto admits the allegations in paragraph 81.

13       82.    Monsanto denies the allegations in paragraph 82.

14       83.    Monsanto denies the allegations in paragraph 83.

15       84.    Monsanto denies the allegations in paragraph 84.

16       85.    Monsanto denies the allegations in paragraph 85.

17       86.    Monsanto denies the allegations in paragraph 86.

18       87.    Monsanto denies the allegations in paragraph 87.

19       88.    Monsanto denies the allegations in paragraph 88.

20       89.    Monsanto admits that independent experts and regulatory agencies agree that

21   there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

22   products and admits that it has made statements reflecting this fact.  Monsanto denies the

23   remaining allegations in paragraph 89.

24       90.    In response to the allegations in paragraph 90, Monsanto admits that Roundup®-

25   branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

26   the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

27   90.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07194-VC

1    91.    In response to the allegations in paragraph 91, Monsanto admits that an EPA

2    review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

3    denies the remaining allegations in paragraph 91.

4    92.    In response to the allegations in paragraph 92, Monsanto admits that EPA

5    changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

6    evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

7    denies the remaining allegations in paragraph 92.

8    93.    In response to the allegations in paragraph 93, Monsanto admits that plaintiffs

9    have accurately quoted from one passage in an EPA document in 1991 with respect to the

10   designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

11   does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP

12   reports and the EPA CARC Final Report discussed above, other specific findings of safety

13   include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-

5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 93.

94.     In response to the allegations in paragraph 94, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 94 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

95.     In response to the allegations in paragraph 95, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

96.     Monsanto denies the allegations in paragraph 96 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 96 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

97.     In response to the allegations in paragraph 97, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

98.     In response to the allegations in paragraph 98, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 99 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

100.     In response to the allegations in paragraph 100, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 100 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

101.     In response to the allegations in paragraph 101, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

102.     In response to the allegations in paragraph 102, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products.  Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 102.

103.     Monsanto denies the allegations in paragraph 103.

104.     Monsanto denies the allegations in paragraph 104.

1    105.    Monsanto denies the allegations in paragraph 105.

2    106.    Monsanto denies the allegations in paragraph 106.

3    107.    Monsanto denies the allegations in paragraph 107.

4    108.    Monsanto denies the allegations in paragraph 108.

5    109.    Monsanto denies the allegations in paragraph 109.

6    110.    Monsanto denies the allegations in paragraph 110.

7    111.    Monsanto denies the allegations in paragraph 111.

8    112.    Monsanto denies the allegations in paragraph 112.

9    113.    Monsanto denies the allegations in paragraph 113.

10    114.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11    truth of the allegations in paragraph 114 and therefore denies those allegations.

12    115.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13    truth of the allegations in paragraph 115 and therefore denies those allegations.

14    116.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15    truth of the allegations in paragraph 116 and therefore denies those allegations.

16    117.    Monsanto denies that any exposure to Roundup®-branded products can cause

17    NHL and other serious illnesses and therefore denies the allegations in paragraph 117.  Monsanto

18    states, however, that the scientific studies upon which IARC purported to base its evaluation of

19    glyphosate were all publicly available before March 2015.  Monsanto lacks information or

20    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

21    117 and therefore denies those allegations.

22    118.    Monsanto denies that any exposure to Roundup®-branded products can cause

23    NHL and other serious illnesses and therefore denies the allegations in paragraph 117.  Monsanto

24    states, however, that the scientific studies upon which IARC purported to base its evaluation of

25    glyphosate were all publicly available before March 2015.  Monsanto lacks information or

26    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

27    117 and therefore denies those allegations.

28

1   119.    In response to the allegations in paragraph 119, Monsanto denies that there is any

2   risk of serious illness associated with the use of and/or exposure to Roundup®-branded products

3   and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human

4   health.  Monsanto states, however, that the scientific studies upon which IARC purported to base

5   its classification were all publicly available before March 2015.  The final sentence of paragraph

6   119 sets forth a conclusion of law for which no response is required.

7   121.    In response to the allegations in paragraph 121, Monsanto denies that exposure to

8   Roundup®-branded products and glyphosate is injurious to human health.  Monsanto states,

9   however, that the scientific studies upon which IARC purported to base its cancer classification

10  for glyphosate were all publicly available before March 2015.  The allegations in paragraph 121

11  set forth conclusions of law for which no response is required.

12  122.    In response to the allegations in paragraph 122, Monsanto denies that there is any

13  risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-

14  branded products and glyphosate.  Monsanto states, however, that the scientific studies upon

15  which IARC purported to base its cancer classification for glyphosate were all publicly available

16  before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to

17  the truth of the remaining allegations in paragraph 122 and therefore denies those allegations.

18  123.    The allegations in paragraph 123 set forth conclusions of law for which no

19  response is required.  To the extent that a response is required, Monsanto denies the allegations

20  in paragraph 123.  Monsanto states that the scientific studies upon which IARC purported to base

21  its cancer classification for glyphosate were all publicly available before March 2015.

22  124.    Monsanto denies the allegations in paragraph 124.

23  125.    Monsanto denies the allegations in paragraph 125.

24  126.    The allegations in paragraph 126 set forth conclusions of law for which no

25  response is required.

26  127.    Monsanto denies the allegations in paragraph 127.

27  128.    The allegations in paragraph 128 set forth conclusions of law for which no

28  response is required.  To the extent that a response is required, Monsanto denies the allegations

1  in paragraph 128.  Monsanto states that the scientific studies upon which IARC purported to base

2  its cancer classification for glyphosate were all publicly available before March 2015.

3       129.    Monsanto incorporates by reference its responses to paragraphs 1 through 128 in

4  response to paragraph 129 of plaintiffs' Complaint.

5       130.    In response to the allegations in paragraph 130, Monsanto admits that plaintiffs

6  purport to bring a claim for strict liability design defect, but denies any liability as to that claim.

7       131.    In response to the allegations in paragraph 131, Monsanto lacks information or

8  knowledge sufficient to form a belief as to the truth of the allegation that decedent used

9  Roundup®-branded products and therefore denies that allegation.  Monsanto denies the

10  remaining allegations in paragraph 131.

11       132.    Monsanto denies the allegations in paragraph 132.

12       133.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13  truth of the allegations in paragraph 133 and therefore denies those allegations.

14       134.    Monsanto denies the allegations in paragraph 134.

15       135.    Monsanto denies the allegations in paragraph 135.

16       136.    Monsanto denies the allegations in paragraph 136 and each of its subparts.

17       137.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 137 concerning decedent's claimed use of Roundup®-

19  branded products and therefore denies those allegations.  Monsanto denies the remaining

20  allegations in paragraph 137, including that Roundup®-branded products have "dangerous

21  characteristics."

22       138.    Monsanto denies the allegations in paragraph 138.

23       139.    Monsanto denies the allegations in paragraph 139.

24       140.    Monsanto denies the allegations in paragraph 140.

25       141.    Monsanto denies the allegations in paragraph 141.

26       142.    Monsanto denies the allegations in paragraph 142.

27       143.    Monsanto denies the allegations in paragraph 143.

28       144.    Monsanto denies the allegations in paragraph 144.

145.    In response to paragraph 145, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

146.    Monsanto incorporates by reference its responses to paragraphs 1 through 145 in response to paragraph 146 of plaintiffs' Complaint.

147.    In response to the allegations in paragraph 147, Monsanto admits that plaintiffs purport to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

148.    Monsanto denies the allegations in paragraph 148.

149.    In response to the allegations in paragraph 149, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that decedent or other entities identified purchased or used Roundup®-branded products and therefore denies that allegation.  The allegations in paragraph 149 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 149.

150.    The allegations in paragraph 150 set forth conclusions of law for which no response is required.

151.    Monsanto denies the allegations in paragraph 151.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies the allegations in paragraph 154.

155.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 155 and therefore denies those allegations.

156.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 156 concerning decedent's alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

1    remaining allegations in paragraph 156, including that Roundup®-branded products have

2    "dangerous characteristics."

3        157.    Monsanto denies the allegations in the first sentence of paragraph 157. Monsanto

4    lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the

5    second sentence of paragraph 157 and therefore denies those allegations.

6        158.    Monsanto denies the allegations in paragraph 158.

7        159.    Monsanto denies the allegations in paragraph 159.

8        160.    Monsanto denies the allegations in paragraph 160.

9        161.    Monsanto denies the allegations in paragraph 161.

10       162.    Monsanto denies the allegations in paragraph 162.

11       163.    Monsanto denies the allegations in paragraph 163.

12       164.    Monsanto denies the allegations in paragraph 164.

13       165.    Monsanto denies the allegations in paragraph 165.

14       166.    In response to paragraph 166, Monsanto demands that judgment be entered in its

15   favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that

16   Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

17   further and additional relief as this Court may deem just and proper.

18       167.    Monsanto incorporates by reference its responses to paragraphs 1 through 166 in

19   response to paragraph 167 of plaintiffs' Complaint.

20       168.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 168 regarding the specific products allegedly used by

22   decedent or any advertising or marketing allegedly seen or considered by decedent and therefore

23   denies the allegations in paragraph 168.

24       169.    The allegations in paragraph 169 set forth conclusions of law for which no

25   response is required.

26       170.    The allegations in paragraph 170 set forth conclusions of law for which no

27   response is required.

28

171.     Monsanto denies the allegations in paragraph 171.

172.     Monsanto denies the allegations in paragraph 172.

173.     Monsanto denies the allegations in paragraph 173.

174.     Monsanto denies the allegations in paragraph 174.

175.     Monsanto denies the allegations in paragraph 175.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

176.     Monsanto denies the allegations in paragraph 176.

177.     Monsanto denies the allegations in paragraph 177

178.     Monsanto denies the allegations in paragraph 178.

179.     Monsanto denies the allegations in paragraph 179, including each of its subparts.

180.     Monsanto denies the allegations in paragraph 180.

181.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 181 regarding decedent's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 181, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

182.     Monsanto denies the allegations in paragraph 182.

183.     Monsanto denies the allegations in paragraph 183.

184.     Monsanto denies the allegations in paragraph 184.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

185.     In response to paragraph 185, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

186.     Monsanto incorporates by reference its responses to paragraphs 1 through 185 in response to paragraph 186 of plaintiffs' Complaint.

187.     Monsanto denies the allegations in paragraph 187.

1    188.    Monsanto denies the allegations in paragraph 188.

2    189.    Monsanto denies the allegations in paragraph 189.

3    190.    Monsanto denies the allegations in paragraph 190.

4    191.    In response to paragraph 191, Monsanto demands that judgment be entered in its

5    favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that

6    Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

7    further and additional relief as this Court may deem just and proper.

8    192.    The allegations in paragraph 192 set forth conclusions of law for which no

9    response is required.

10    In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

11    denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

12    damages, interest, costs, or any other relief whatsoever.

13    Every allegation in the Complaint that is not specifically and expressly admitted in this

14    Answer is hereby specifically and expressly denied.

15    **SEPARATE AND AFFIRMATIVE DEFENSES**

16    1.    The Complaint, in whole or part, fails to state a claim or cause of action against

17    Monsanto upon which relief can be granted.

18    2.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically

19    reliable evidence that the products at issue were defective or unreasonably dangerous.

20    3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

21    was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

22    plaintiffs' and/or decedent's alleged injuries.

23    4.    Plaintiffs' claims are barred, in whole or in part, because the products at issue

24    were designed, manufactured, marketed and labeled with proper warnings, information, cautions

25    and instructions, in accordance with the state of the art and the state of scientific and

26    technological knowledge.

27

28

5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiff's and/or decedent's injuries, if any, were the result of conduct of plaintiff, decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs and/or decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for

which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' and/or decedent's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.     Plaintiffs' claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Alabama Constitution, and/or other applicable state constitutions.

18.     Plaintiffs' claims for punitive damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Alabama law, and/or other applicable state's laws.

19.     Plaintiffs' claims for punitive damages are barred and/or limited by operation of state and/or federal law, including Ala. Code § 6-11-21.

20.     Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiffs, decedent, and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiffs have failed to clearly establish any entitlement to punitive and/or aggravated damages based on their allegations.

21.     Plaintiffs' claims are barred in whole or in part by decedent's own contributory/comparative negligence.

22.     Plaintiffs' claims are barred in whole or in part by decedent's own failure to mitigate damages.

1      23.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

2      24.     If plaintiffs and/or decedent has been injured or damaged, no injury or damages

3   being admitted, such injuries were not caused by a Monsanto product.

4      25.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims

5   that are governed by the laws of a state that does not recognize or limit such claims.

6      26.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws

7   of states that do not govern plaintiffs' claims.

8      27.     Plaintiffs have failed to allege fraud with sufficient particularity.

9      28.     Plaintiffs' strict liability claims are barred in whole or in part, by the Alabama

10  Extended Manufacturer's Liability Doctrine.

11     29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as

12  may become available or apparent during the course of discovery and thus reserves its right to

13  amend this Answer to assert such defenses.

14     **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

15  plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

16  such other relief as the Court deems equitable and just.

17                                    <u>**JURY TRIAL DEMAND**</u>

18     Monsanto demands a jury trial on all issues so triable.

19  DATED:  November 14, 2019                    Respectfully submitted,

20
                                               <u>/s/ Joe G. Hollingsworth</u>
21                                             Joe G. Hollingsworth (*pro hac vice*)
                                               (jhollingsworth@hollingsworthllp.com)
22                                             Eric G. Lasker (*pro hac vice*)
                                               (elasker@hollingsworthllp.com)
23                                             HOLLINGSWORTH LLP
                                               1350 I Street, N.W.
24                                             Washington, DC  20005
                                               Telephone:   (202) 898-5800
25                                             Facsimile:   (202) 682-1639

26                                             *Attorneys for Defendant*
                                               *MONSANTO COMPANY*
27

28

- 24 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07194-VC