UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 16-md-02741-VC |
| This document relates to:<br>*Cichy v. Monsanto Co.*, 19-cv-4575 | **PRETRIAL ORDER NO. 191: GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 5228 |

      Keith Cichy, a citizen of Illinois, moves to remand this case to state court. In 2008, Cichy was diagnosed with acute myeloid leukemia, allegedly from exposure to Roundup. *See* Complaint ¶ 74, Dkt. No. 5228-2. He filed this action in the Circuit Court of Cook County, Illinois, where he brought claims of design defect, failure to warn, and negligence against Monsanto Co. and Bayer Corp. *Id.* ¶¶ 75–185.

      Cichy also raised medical malpractice claims against three Illinois defendants: Northwestern Memorial Hospital, Northwestern Medical Faculty Foundation, and Dr. Olga Frankfurt. *Id.* ¶¶ 186–278. These healthcare defendants treated Cichy's acute myeloid leukemia with a stem-cell transplant. *Id.* ¶ 192. To guard against the risk of infection, the healthcare defendants prescribed Voriconazole, an antifungal medication, in January 2009. *Id.* ¶ 200. After more than nine years of on-and-off use of Voriconazole, Cichy was informed in July 2018 that overexposure to the drug could be causing his painful skin injuries. *Id.* ¶ 209.

      The existence of Cichy on one side of the litigation, and the healthcare defendants on the other, would typically defeat the complete diversity necessary for subject-matter jurisdiction under 28 U.S.C. § 1332(a). *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Monsanto

nonetheless removed this case under 28 U.S.C. § 1441(b) on the ground that Cichy both fraudulently joined and fraudulently misjoined the healthcare defendants. Monsanto has not carried its heavy burden of establishing either exception to the traditional requirement of complete diversity. Accordingly, the motion to remand is granted.

Cichy and Monsanto dispute whether the precedent of the Ninth Circuit or the Seventh Circuit governs the federal-law aspects of this motion. As explained in a prior order, the precedent of the Ninth Circuit is binding on issues of federal law. *See* Pretrial Order No. 158, Dkt. No. 4549. Subject-matter jurisdiction implicates a body of "unitary federal law" and thus presents neither a choice-of-law issue nor an opportunity for deference to the transferor circuit's precedents. *In re Korean Air Lines Disaster of September 1, 1983*, 829 F.2d 1171, 1174–76 (D.C. Cir. 1987) (R.B. Ginsburg, J.); *accord Newton v. Thomason*, 22 F.3d 1455, 1460 (9th Cir. 1994).

A non-diverse defendant is fraudulently joined if there is no possibility that the state court would hold that defendant liable. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). As the Ninth Circuit recently clarified, the party asserting fraudulent joinder must satisfy "the 'wholly insubstantial and frivolous' standard for dismissing claims under" Federal Rule of Civil Procedure 12(b)(1). *Id.* at 549 (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). That rigorous burden has been met in this circuit "where a defendant demonstrates that a plaintiff is barred by the statute of limitations from bringing claims against that defendant." *Id.* Monsanto contends that this case fits into that line of cases because the statute of limitations plainly bars Cichy's medical-malpractice claims against the healthcare defendants.

Cichy's argument why the statute of limitations does not bar his claims against the healthcare defendants is not wholly insubstantial or frivolous. As all parties agree, Illinois law governs these medical-malpractice claims. *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). Illinois imposes a two-year statute of limitations and a four-year statute of repose on medical-malpractice claims. 735 ILCS 5/13-212(a). Monsanto argues that the clock began to run once

2

Cichy was diagnosed with Bowen's disease (an early form of skin cancer) in April 2015, well before the filing of the complaint in March 2019. But Illinois law provides that the statute of limitations does not begin to run until the end of a continuous course of negligent treatment. *Cunningham v. Huffman*, 154 Ill. 2d 398, 405-07 (1993). Cichy contends that the defendants' prescription of Voriconazole from January 2009 to July 2018 represents a series of related negligent acts. Assessing the viability of Cichy's theory under *Cunningham* would require what a federal court may not perform: "a searching inquiry into the merits of the plaintiff's case." *Grancare*, 889 F.3d at 549. The healthcare defendants therefore were not fraudulently joined.

The concept of fraudulent misjoinder comes from *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996). In that decision, the Eleventh Circuit held that a non-diverse defendant has been fraudulently joined if that defendant has "no real connection with the controversy" between the plaintiff and the diverse defendant. *Id.* at 1360 (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). *Tapscott* thus authorizes federal courts to disregard a potentially meritorious claim against a non-diverse defendant on the ground that the actions should be proceeding separately—one in state court, and one in federal court. Notably, the Ninth Circuit has not yet adopted the rule from *Tapscott*. This Court has also expressed its misgivings on the propriety of adjudicating claims of fraudulent misjoinder. *See* Pretrial Order No. 157 at 6 n.2, Dkt. No. 4533. But even assuming fraudulent misjoinder can be a basis for disregarding these non-diverse defendants, Monsanto has not carried its burden in this case.

Contrary to Monsanto's argument, fraudulent misjoinder is judged by reference to state procedural law. A defendant has been wrongfully deprived of its right to removal only if the non-diverse co-defendant shouldn't have been joined in the state proceeding. *See Osborn v. Metropolitan Life Insurance Co.*, 341 F. Supp. 2d 1123, 1128–29 (E.D. Cal. 2014). It would turn the presumption against removal on its head to declare that a defendant properly joined under state law was "misjoined" in state court because Federal Rule of Civil Procedure 20 would dictate a different result upon removal to federal court.

Under Illinois law, a plaintiff may join defendants "against whom a liability is asserted

3

either jointly, severally or in the alternative arising out of the same transaction or series of transactions, regardless of the number of causes of action joined." 735 ILCS 5/2-405(a). In this respect, Illinois law is "similar to federal law." *Alegre v. Aguayo*, 2007 WL 141891, at *6 (N.D. Ill. Jan. 17, 2007). But Illinois law also provides that when "the plaintiff is in doubt as to the person from whom he or she is entitled to redress, he or she may join two or more defendants." 735 ILCS 5/2-405(c). In the spirit of liberal joinder, the Illinois Supreme Court has encouraged plaintiffs to join defendants from "closely related" yet distinct transactions. *Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188, 198–99 (1995).

Cichy's joinder of claims that he suffered injuries from his cancer and from the negligent treatment of his cancer is not "so egregious" an application of state joinder rules to be tantamount to fraud. *Tapscott*, 77 F.3d at 1360. Consider that if the injuries from the exposure to Voriconazole were a foreseeable result of the treatment of acute myeloid leukemia, those harms might be attributable to Monsanto's allegedly tortious conduct. No doubt, upon its return to state court, Monsanto may prevail on its argument that these claims are too attenuated to be joined together under Illinois law. But that possibility only underscores the wisdom of moving for severance in state court prior to removal of the action to federal court.

Federal Rule of Civil Procedure 21 does not permit an end-run around the narrowly cabined doctrine of fraudulent joinder and the already-questionable doctrine of fraudulent misjoinder. Some courts have reached a different conclusion. *See, e.g.*, *Kelly v. Amylin Pharmaceuticals, LLC*, 2014 WL 1249549, at *5 (S.D. Cal. Aug. 8, 2014). But federal jurisdiction is measured from the time of removal, and "[t]he Court can't exercise jurisdiction it doesn't have for the purpose of creating federal jurisdiction." Pretrial Order No. 157 at 6. Nor should Rule 21 be given an interpretation that "sanction[s] improper removals." *Allen v. FDIC*, 710 F.3d 978, 984–85 (9th Cir. 2013).

Having secured an order remanding this case, Cichy requests costs and attorney's fees under 28 U.S.C. § 1447(c). This award would be appropriate only if Monsanto lacked an objectively reasonable basis for removing this case. *Martin v. Franklin Capital Corp.*, 546 U.S.

4

132, 141 (2005). Some courts presented with arguably similar facts—a products liability claim against a manufacturer and a medical malpractice claim against a healthcare provider—have deemed the defendants fraudulently misjoined. *See, e.g.*, *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 504–05 (E.D. Cal. 2008). Although the Court does not agree those decisions, Monsanto had a leg to stand on when it filed its notice of removal. Cichy's request for costs and attorney's fees is denied.

**IT IS SO ORDERED.**

Dated: November 19, 2019

VINCE CHHABRIA
United States District Judge