UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: *Trosclair v. Monsanto Co.*, 19-cv-6396 | **PRETRIAL ORDER NO. 192: GRANTING MOTION TO REMAND** |
| | Re: Dkt. No. 6765 |

Monsanto removed this case under 28 U.S.C. § 1441(b) despite the absence of complete diversity on the ground that Roland Trosclair, a citizen of Louisiana, fraudulently joined five Louisiana defendants. Because there is a possibility that a state court could find that 3M Cattle was negligent, Trosclair's motion to remand is granted. *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 549 (9th Cir. 2018); *see* Pretrial Order No. 191, Dkt. No. 7844 (describing principles of fraudulent joinder of defendants).

Trosclair performed agricultural work for 3M Cattle, which allegedly provided him a leaky backpack sprayer. Complaint ¶¶ 15, 88, 199–200. A leaky backpack sprayer's primary risk is the increased exposure of its wearer to harmful chemicals. Even if the specific risks posed by Roundup were unknown, a state court might find that 3M Cattle's provision of a defective sprayer foreseeably caused Trosclair's cancer by increasing the amount of Roundup he absorbed through his skin. La. Civ. Code Art. 2316; *see Morris v. Orleans Parish School Board*, 553 So. 2d 427, 429–30 (La. 1989) (asking whether "the risk that caused the accident was within the scope of the duty"). This defect could have been discovered "in the exercise of reasonable care" by 3M Cattle, the "owner or custodian" of the sprayer. La. Civ. Code Art. 2317.1. Thus, it is not

"obvious" that Trosclair has no claim for relief against 3M Cattle. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

**IT IS SO ORDERED.**

Dated: November 19, 2019

_____

VINCE CHHABRIA
United States District Judge