**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Angela Bradley v. Monsanto Co.*, Case No. 3:19-cv-07136-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Angela Bradley's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto admits that the World Health Organization's International Agency for Research on Cancer ("IARC") was created in 1965.  The remaining allegations in paragraph 2 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

3.      Monsanto admits the allegations in the first sentence of paragraph 3.  Monsanto denies the allegations in the second and last sentences of paragraph 3.  The allegations in the third sentence of paragraph 3, Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph

4.      In response to the allegations in paragraph 4, Monsanto admits that the World Health Organization's International Agency for Research on Cancer ("IARC") issued a monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate under Group 2A, but denies that the IARC Monograph is the authoritative standard for cancer hazard assessment around the world or that IARC based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.  Monsanto further denies that the members of the panel were "renowned scientists" or that they were free from conflicts of interest.

5.      In response to the allegations in paragraph 4, Monsanto admits that the World Health Organization's International Agency for Research on Cancer ("IARC") issued a monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate under Group 2A, but denies that IARC based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

6.      In response to the allegations in paragraph 6, Monsanto admits that the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the weight or quality of the evidence considered by IARC.  Monsanto further states that this decision was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to pose

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07136-VC

1  a cancer hazard to humans."[1]  Monsanto contends that OEHHA's decision that it was required to

2  list glyphosate violates the United States Constitution and the California Constitution.  On

3  February 26, 2018, a federal district court enjoined California from requiring Proposition 65

4  warning labels for glyphosate as unconstitutional.  The remaining allegations in paragraph 6 set

5  forth conclusions of law for which no response is required.  To the extent that a response is

6  deemed required, Monsanto denies the allegations in paragraph 6.

7        7.      Monsanto admits the allegations in the first sentence of paragraph 7.  In response

8  to the allegations in the second sentence of paragraph 7, Monsanto admits that glyphosate, the

9  active ingredient in Roundup®-branded herbicides, is a non-selective herbicide and that certain

10  Roundup®-branded herbicides are used to kill weeds that commonly compete with growing

11  crops.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of

12  the specific numbers and statistics cited in the remaining sentences of paragraph 7 and therefore

13  denies those allegations.

14        8.      In response to the allegations in the first sentence of paragraph 8, Monsanto

15  admits that it has stated, and continues to state, that Roundup®-branded products are safe when

16  used in accordance with the products' labeling.  Monsanto denies that any exposure to

17  glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

18  illnesses.  Monsanto denies the remaining allegations in paragraph 8.

19        9.      Monsanto lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations in the first and second sentences of paragraph 9 and therefore denies those

21  allegations.  In response to the allegations in the third sentence of paragraph 9, Monsanto denies

22  certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge

23  sufficient to form a belief as to the truth of the allegations regarding where certain other events

24  giving rise to plaintiff's claims occurred and therefore denies those allegations.

25        10.      Monsanto admits that plaintiff purports to bring an action for damages allegedly

26

27  [1] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07136-VC

related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 10.

11.     Monsanto admits the allegations in paragraph 11.

12.     In response to the allegations in paragraph 12, Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

13.     The allegations in paragraph 13 comprise attorney characterizations and are accordingly denied.

14.     The allegations in paragraph 14 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 14 based upon the allegations in plaintiff's Complaint.

15.     The allegations in paragraph 15 set forth conclusions of law for which no response is required.

16.     Monsanto denies the allegations in paragraph 16.

17.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the accusations in paragraph 17 and therefore denies those allegations.

18.     In response to the allegations in paragraph 18, Monsanto denies any "omissions" and certain events giving rise to plaintiff's claims.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.  The remaining allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     In response to the allegations in paragraph 20, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 20 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

- 4 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07136-VC

1    to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore denies

2    those allegations.

3        21.    Monsanto admits the allegations in the first sentence of paragraph 21.  Monsanto

4    denies the allegations in the second sentence of paragraph 21 because the impact of glyphosate

5    on treated plants varies depending upon the amount of glyphosate applied and the type of plant.

6    Monsanto denies the allegations in the third sentence of paragraph 21 to the extent that they

7    suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well

8    within regulatory safety levels, as determined by the United States Environmental Protection

9    Agency ("EPA").

10       22.    Monsanto admits the allegations in paragraph 22.

11       23.    In response to the allegations in paragraph 23, Monsanto admits that farmers have

12   safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining

13   allegations in paragraph 23.

14       24.    The allegations in paragraph 24 set forth conclusions of law for which no

15   response is required.  To the extent that a response is deemed required, Monsanto admits those

16   allegations.

17       25.    The allegations in paragraph 25 set forth conclusions of law for which no

18   response is required.  To the extent that a response is deemed required, Monsanto admits those

19   allegations.

20       26.    In response to the allegations in paragraph 26, Monsanto admits that EPA requires

21   registrants of herbicides to submit extensive data in support of the human health and

22   environmental safety of their products and further admits that EPA will not register or approve

23   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining

24   allegations in paragraph 18 set forth conclusions of law for which no response is required.

25       27.    The allegations in paragraph 27 set forth conclusions of law for which no

26   response is required.

27       28.    In response to the allegations in paragraph 28, Monsanto admits that EPA requires

28   registrants of herbicides to submit extensive data in support of the human health and

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07136-VC

1    environmental safety of their products and further admits that EPA will not register or approve

2    the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

3    states that the term "the product tests" in the final sentence of paragraph 28 is vague and

4    ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 28

5    set forth conclusions of law for which no response is required.

6          29.    Monsanto denies the allegations in paragraph 29 to the extent that they suggest

7    that EPA only evaluates the safety of pesticide products on the date of their initial registration.

8    Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

9    products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

10   of the allegations in paragraph 29 regarding such pesticide products generally and therefore

11   denies those allegations.  The remaining allegations in paragraph 29 set forth conclusions of law

12   for which no response is required.

13         30.    In response to the allegations in paragraph 30, Monsanto admits that EPA has

14   undertaken a review of glyphosate and that EPA has not released its findings.  Monsanto states,

15   however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a

16   227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest

17   support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to

18   human health risk assessment"[2]; and (b) at the same time, EPA posted an October 2015 final

19   report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC

20   endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to

21   Humans."[3]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed,

22

23   [2] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic
     Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"),
24   https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP
     Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on
25   glyphosate's carcinogenic potential.

26   [3] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
     U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the
27   Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
     Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07136-VC

1    lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion

2    that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[4]

3    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

4    remaining allegations in paragraph 30 and therefore denies these allegations.

5         31.    In response to the allegations in paragraph 31, Monsanto admits that EPA posted

6    the EPA CARC Final Report on EPA's website in late April 2016 and took the report off the

7    website in early May 2016.  Monsanto further states that, in September 2016, EPA posted the

8    EPA CARC Final Report that endorsed EPA's existing classification of glyphosate as "Not

9    Likely to be Carcinogenic to Humans."  Monsanto lacks information or knowledge sufficient to

10   form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies

11   those allegations.

12        32.    In response to the allegations in paragraph 32, Monsanto admits that an EPA

13   review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

14   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

15   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits

16   that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect

17   to the designation of an agent as Group E, but states that EPA repeatedly has concluded that

18   glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two

19   EPA OPP reports and the EPA CARC final Report, other specific findings of safety include:

20   - "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
     evidence of non-carcinogenicity for humans—based on the lack of convincing
21   evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
     Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
22   http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

23   - "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
24   60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

25

26   _____
     [4] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of
27   Carcinogenic Potential* at 143, 144 (Dec. 12, 2017),
     https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.
28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07136-VC

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05–56:20.

Monsanto denies the remaining allegations in paragraph 32.

33.      In response to the allegations in paragraph 33, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 33 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

34.      In response to the allegations in paragraph 34, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

35.      Monsanto denies the allegations in paragraph 35 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

1    connection with services provided to a broad number of private and governmental entities and

2    that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

3    one of several pesticide manufacturers who had used IBT test results.  The audit found some

4    toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

5    Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

6    Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

7    based upon any invalid IBT studies.  To the extent that the allegations in paragraph 35 are

8    intended to suggest that Monsanto was anything other than a victim of this fraud, such

9    allegations also are denied.

10          36.     In response to the allegations in paragraph 36, Monsanto admits that three IBT

11   employees were convicted of the charge of fraud, but Monsanto denies that any of the

12   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

13   herbicides.

14          37.     In response to the allegations in paragraph 37, Monsanto admits that it – along

15   with numerous other private companies – hired Craven Laboratories as an independent

16   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that

17   it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies

18   conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in

19   paragraph 37 are intended to suggest that Monsanto was anything other than a victim of this

20   fraud, such allegations are denied.

21          38.     In response to the allegations in paragraph 38, Monsanto admits that Roundup®-

22   branded products are highly valued by its customers because of their efficacy and safety.

23   Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The

24   remaining allegations in paragraph 38 are vague and conclusory and comprise attorney

25   characterizations, and are accordingly denied.

26          39.     In response to the allegations in paragraph 39, Monsanto admits that, following

27   the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such

28   seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07136-VC

1    information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

2    cited in paragraph 39 and accordingly denies those allegations.  The remaining allegations in

3    paragraph 39 are vague and conclusory and comprise attorney characterizations, and are

4    accordingly denied.

5         40.    In response to the allegations in paragraph 40, Monsanto admits that glyphosate is

6    one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

7    is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks

8    information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

9    cited in paragraph 40 and accordingly denies the same.  The remaining allegations in paragraph

10   40 are vague and conclusory and comprise attorney characterizations, and are accordingly

11   denied.

12        41.    In response to the allegations in paragraph 41, Monsanto admits that the New

13   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

14   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

15   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

16   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

17   the subparts purport to quote a document, the document speaks for itself and thus does not

18   require any further answer.  The remaining allegations in paragraph 41 are vague and conclusory

19   and comprise attorney characterizations, and are accordingly denied.

20        42.    In response to the allegations in paragraph 42, Monsanto admits it entered into an

21   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

22   itself and thus does not require any further answer.  The remaining allegations in paragraph 42

23   are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

24        43.    Monsanto denies the allegations in paragraph 43.

25        44.    In response to the allegations in paragraph 44, Monsanto admits that the French

26   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

27   that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling

28   was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07136-VC

1    denies the remaining allegations in paragraph 44.

2        45.    Monsanto admits that IARC was created in 1965.  The remaining allegations in

3    paragraph 45 are vague and conclusory and comprise attorney characterizations, and are

4    accordingly denied.

5        46.    Monsanto denies the allegations in the first and second sentences of paragraph 46.

6    Monsanto admits the allegations in the final sentence of paragraph 46.

7        47.    In response to the allegations in paragraph 47, Monsanto denies that IARC

8    follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information

9    or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

10    paragraph 47, which are not limited as of any specified date, and accordingly denies the same.

11        48.    In response to the allegations in paragraph 48, Monsanto admits that IARC sets

12    forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

13    Monsanto denies the remaining allegations in paragraph 48.

14        49.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

15    research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

16    that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

17    form a belief as to the truth of the remaining allegations in paragraph 49 and therefore denies

18    those allegations.

19        50.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

20    research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

21    that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

22    form a belief as to the truth of the remaining allegations in paragraph 50 and therefore denies

23    those allegations.

24        51.    Monsanto denies the allegations in paragraph 51 to the extent that they suggest

25    that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified

26    glyphosate as a Group 2A agent in March 2015.

27        52.    In response to the allegations in paragraph 52, Monsanto admits that IARC issued

28    its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the

1   monograph was prepared by a "working group" of individuals selected by IARC who met over a

2   one week period in March 2015 to consider glyphosate along with a number of other substances.

3   Monsanto denies the allegation that all members of the working group are "experts."

4        53.     In response to the allegations in paragraph 53, Monsanto denies that the working

5   group or anyone at IARC conducted a one-year review of the scientific evidence related to

6   glyphosate or that the working group's findings reflected a comprehensive review of the latest

7   available scientific evidence.  Monsanto also denies that the working group considered all

8   information available in the scientific literature and all data from government reports that are

9   publicly available.  Monsanto denies the remaining allegations in paragraph 53.

10        54.     In response to the allegations in paragraph 54, Monsanto denies that the IARC

11   working group considered all of the data in the numerous studies that have been conducted

12   looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

13   that it reliably considered the studies that it purports to have reviewed, which frequently reach

14   conclusions directly contrary to those espoused by the IARC working group.  To the extent the

15   allegations purport to characterize statements made in the IARC monograph for glyphosate, the

16   statements in that document speak for themselves, but Monsanto lacks information or knowledge

17   sufficient to form a belief as to the accuracy of the source of said information and accordingly

18   denies the allegations.

19        55.     The allegations in paragraph 55 are vague and conclusory.  To the extent they

20   purport to characterize statements made in the IARC monograph for glyphosate, the statements

21   in that document speak for themselves, but Monsanto lacks information or knowledge sufficient

22   to form a belief as to the accuracy of the source of said information and accordingly denies the

23   allegations.

24        56.     In response to the allegations in paragraph 56, to the extent the allegations purport

25   to characterize statements made in the IARC monograph for glyphosate, the statements in that

26   document speak for themselves, but to the extent that this paragraph means that more than *de*

27   *minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 56.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07136-VC

57.     In response to the allegations in paragraph 49, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

58.     In response to the allegations in paragraph 58, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent that the allegations in paragraph 58 purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves.

59.     In response to the allegations in paragraph 59, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent that the allegations in paragraph 59 purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves.

60.     In response to the allegations in paragraph 60, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.  Monsanto denies the remaining allegations in paragraph 51.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

61.     In response to the allegations in paragraph 61, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

1   of the identified tumors.  Monsanto further states that regulatory agencies around the world have

2   reviewed the same animal studies and concluded that they do not provide evidence that

3   glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 61.

4         62.     In response to the allegations in paragraph 62, Monsanto admits that the working

5   group cited to a study that it concluded provided evidence of chromosomal damage in

6   community residents reported to be exposed to glyphosate, but Monsanto denies that the study

7   supports such a conclusion or that the authors of the study reached such a conclusion.

8         63.     In response to the allegations in the first sentence of paragraph 63, Monsanto

9   admits that certain studies have reported that glyphosate and glyphosate-based formulations

10  induced oxidative stress under artificial experimental conditions.  Monsanto denies that these

11  studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce

12  oxidative stress in humans or animals under real-world exposure conditions.  In response to the

13  allegations in the second sentence of paragraph 63, Monsanto states that the cited document

14  speaks for itself and does not require a response.  In response to the allegations in the final

15  sentence of paragraph 63 and in footnote 1, Monsanto denies that any exposure to glyphosate-

16  based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.

17  Monsanto denies the remaining allegations in paragraph 63.

18        64.     In response to the allegations in paragraph 64, Monsanto admits that the IARC

19  working group purported to make these findings, but denies that the cited studies provide any

20  reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or

21  persist in human blood or urine.

22        65.     In response to the allegations in paragraph 65, Monsanto admits that the working

23  group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but

24  denies that the working group characterized that study as supporting an association between

25  glyphosate and the specified cancers.  The AHS cohort study did not find a positive association

26  between glyphosate and any type of cancer.  Monsanto denies all other allegations in the

27  unnumbered paragraph following paragraph 65.

28        66.     In response to the allegations in paragraph 66, Monsanto admits that the

- 14 -

1  referenced studies were published, but denies that the studies show any scientifically reliable

2  findings.

3       67.      In response to the allegations in paragraph 67, Monsanto denies that the cited

4  study provides any reliable basis for a finding that any meaningful levels of glyphosate are

5  present or persist in human blood or urine.  Monsanto denies the remaining allegations in

6  paragraph 67.

7       68.      In response to the allegations in paragraph 68, Monsanto denies that any exposure

8  to Roundup®-branded products can cause cancer and other serious illnesses and therefore denies

9  the allegations in the first and fourth sentences of paragraph 68.  Monsanto admits that certain

10  Roundup®-branded herbicides contain adjuvants and that EPA has classified such adjuvants as

11  inert.  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded

12  herbicides do not pose an unreasonable risk to human health.  The remaining allegations in

13  paragraph 68 are vague and conclusory and comprise attorney characterizations, and are

14  accordingly denied.

15       69.      In response to the allegations in paragraph 69, Monsanto admits that the IARC

16  working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

17  discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

18  based herbicides, but denies that there is any scientific basis for the concerns raised by the

19  improper IARC classification.  Monsanto denies the remaining allegations in paragraph 69.

20       70.      In response to the allegations in paragraph 70, Monsanto admits that the IARC

21  working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

22  discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

23  based herbicides, including the Netherlands, but denies that there is any scientific basis for the

24  concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations

25  in paragraph 70.

26       71.      In response to the allegations in paragraph 71, Monsanto admits that the IARC

27  working group classification led an individual government attorney in Brazil to write a letter to

28

1   the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the

2   remaining allegations in paragraph 71.

3   72.   Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-

4   professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited

5   as of January 1, 2019, with certain exceptions.  Monsanto denies the remaining allegations in

6   paragraph 72.

7   73.   In response to the allegations in paragraph 73, Monsanto admits that some

8   employees of Bermuda's government announced an intention to suspend the importation of

9   glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the

10  truth of the allegations about whether this suspension took effect and accordingly denies the

11  same.  Monsanto denies the remaining allegations in paragraph 73.

12  74.   In response to the allegations in paragraph 74, Monsanto admits that the IARC

13  monograph appears to be the alleged basis for the Sri Lankan government's actions, including

14  the allegation that glyphosate can cause kidney disease.  Monsanto further states that the

15  allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations

16  regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 74.

17  75.   In response to the allegations in paragraph 75, Monsanto denies the alleged basis

18  for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has

19  explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC

20  ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety

21  concerns.  As of April 2016, the government of Colombia has resumed manual application of

22  glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs'

23  expert testimony purporting to link these same aerial eradication operations with cancer as

24  scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto

25  denies the remaining allegations in paragraph 75.

26  76.   In response to the allegations in paragraph 76, Monsanto admits that 96

27  individuals signed a letter sent by Dr. Christopher Portier to the EU Health Commissioner

28  (hereinafter "the Portier letter").  Monsanto states that Dr. Portier has been disclosed as an expert

1    witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto.

2    Monsanto denies that Dr. Portier or the other signatories to his letter are "prominent experts,"

3    and Monsanto lacks information or knowledge sufficient to form a belief as to whether the other

4    signatories were aware, before they signed the Portier letter, that Dr. Portier was working as a

5    retained expert for plaintiffs' counsel.  Monsanto otherwise admits that this letter urged the EU

6    Health Commissioner to disregard the conclusion that glyphosate is not carcinogenic found by

7    EFSA and by the BfR.

8         77.    In response to the allegations in paragraph 77, Monsanto denies that the self-

9    labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

10   extent that paragraph 77 characterizes the scientific evidence regarding the safety of glyphosate-

11   based herbicides, Monsanto denies the remaining allegations in paragraph 77.

12        78.    Monsanto admits that, in June 2016, the European Union continued to consider

13   the reregistration of glyphosate.  Monsanto also states that the allegations are out of date and that

14   the European Union has approved glyphosate for another five years.  Monsanto further notes

15   that, in March 2017, the European Chemical Agency ("ECHA") announced that its Committee

16   for Risk Assessment concluded that the available scientific evidence did not meet the criteria to

17   classify glyphosate as a carcinogen.  *See* ECHA, *Glyphosate not classified as a carcinogen by*

18   *ECHA*, https://echa.europa.eu/-/glyphosate-not-classified-as-a-carcinogen-by-echa.  Monsanto

19   denies the remaining allegations in paragraph 78.

20        79.    In response to the allegations in paragraph 79, Monsanto admits that it has stated

21   and continues to state that Roundup®-branded products are safe when used as labeled and that

22   they are non-carcinogenic and non-genotoxic.

23        80.    In response to the allegations in paragraph 80, Monsanto admits that a 1986 joint

24   report of the World Health Organization and Food and Agriculture Organization of the United

25   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

26   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

27   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

28   carcinogen.  Monsanto denies the remaining allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     The allegations in paragraph 85 sets forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 90 and therefore denies those allegations.

91.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore denies those allegations.

92.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 92 and therefore denies those allegations.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto incorporates by reference its responses to paragraphs 1 through 94 in response to paragraph 95 of plaintiff's Complaint.

96.     Monsanto denies the allegations in paragraph 96.

97.     In response to the allegations in paragraph 97, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

98.     In response to the allegations in paragraph 98, Monsanto states that the cited document speaks for itself and does not require a response.

99.     Monsanto denies that exposure to Roundup®-branded products and glyphosate

1    exposed plaintiff to risk of her alleged cancer and denies the remaining allegations in paragraph

2    99.  Monsanto states, however, that the scientific studies upon which IARC purported to base its

3    classification were all publicly available before March 2015.

4           100.    Monsanto denies the allegations in the first and last sentences of paragraph 100.

5    The remaining allegations in paragraph 132 set forth conclusions of law for which no response is

6    required.  Monsanto states, however, that the scientific studies upon which IARC purported to

7    base its classification were all publicly available before March 2015.

8           101.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

9    exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

10   101.  Monsanto states, however, that the scientific studies upon which IARC purported to base

11   its classification were all publicly available before March 2015.

12          102.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

13   and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

14   branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

15   which IARC purported to base its classification were all publicly available before March 2015.

16   The remaining allegations in paragraph 133 set forth conclusions of law for which no response is

17   required, consist of attorney characterizations and are accordingly denied, or comprise

18   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

19   the truth of the allegations asserted and therefore denies those allegations.

20          103.    The allegations in paragraph 103 set forth conclusions of law for which no

21   response is required. To the extent a response is deemed required Monsanto denies the

22   allegations in paragraph 103.

23          104.    The allegations in paragraph 104 set forth conclusions of law for which no

24   response is required. To the extent a response is deemed required Monsanto denies the

25   allegations in paragraph 104.

26          105.    Monsanto incorporates by reference its responses to paragraphs 1 through 104 in

27   response to paragraph 105 of plaintiff's Complaint.

28          106.    In response to the allegations in paragraph 106, Monsanto admits that plaintiff

1   purports to bring a claim for strict liability design defect but denies any liability as to that claim.

2        107.    Monsanto denies the allegations in the first and second sentences of paragraph

3   107.  In response to the last sentence of paragraph 107, Monsanto lacks information or

4   knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

5   exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies

6   the remaining allegations in paragraph 017.

7        108.    Monsanto denies the allegations in paragraph 108.

8        109.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9   truth of the allegations in paragraph 109 and therefore denies those allegations.

10       110.    Monsanto denies the allegations in paragraph 110.

11       111.    Monsanto denies the allegations in paragraph 111.

12       112.    Monsanto denies the allegations in paragraph 112.

13       113.    Monsanto denies the allegations in paragraph 113, and each of its subparts.

14       114.    Monsanto denies the allegations in paragraph 114.

15       115.    Monsanto denies the allegations in paragraph 115.

16       116.    Monsanto denies the allegations in paragraph 116.

17       117.    Monsanto denies the allegations in paragraph 117.

18       118.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19  truth of the allegations in paragraph 118 concerning plaintiff's claimed exposure to Roundup®-

20  branded products and therefore denies those allegations.  Monsanto denies the remaining

21  allegations in paragraph 118, including that Roundup® branded products have "dangerous

22  characteristics."

23       119.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24  truth of the allegations in paragraph 119 concerning plaintiff's claimed exposure to Roundup®-

25  branded products and therefore denies those allegations.  Monsanto denies the remaining

26  allegations in paragraph 119, including that Roundup®-branded products have "dangerous

27  characteristics."

28       120.    Monsanto denies the allegations in paragraph 120.

1    121.    Monsanto denies the allegations in paragraph 121.

2    122.    Monsanto denies the allegations in paragraph 122.

3    123.    Monsanto denies the allegations in paragraph 123.

4    124.    Monsanto denies the allegations in paragraph 124.

5    125.    Monsanto denies the allegations in paragraph 125.

6    126.    Monsanto denies the allegations in paragraph 126.

7    127.    Monsanto denies the allegations in paragraph 127.

8    128.    Monsanto denies the allegations in paragraph 128.

9    129.    Monsanto incorporates by reference its responses to paragraphs 1 through 128 in

10   response to paragraph 129 of plaintiff's Complaint.

11   130.    In response to the allegations in paragraph 130, Monsanto admits that plaintiff

12   purports to bring a claim for strict liability failure to warn, but denies any liability as to that

13   claim.

14   131.    Monsanto denies the allegations in paragraph 131.

15   132.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 132 that plaintiff purchased Roundup®-branded products and

17   therefore denies those allegations.  The allegations in paragraph 132 also set forth conclusions of

18   law for which no response is required.  Monsanto denies the remaining allegations in paragraph

19   132.

20   133.    The allegations in paragraph 133 set forth conclusions of law for which no

21   response is required.

22   134.    Monsanto denies the allegations in paragraph 134.  All labeling of Roundup®-

23   branded products has been and remains EPA-approved and in compliance with all federal

24   requirements under FIFRA.

25   135.    Monsanto denies the allegations in paragraph 135.

26   136.    Monsanto denies the allegations in paragraph 136.

27   137.    Monsanto denies the allegations in paragraph 137.

28   138.    Monsanto denies the allegations in paragraph 138.

1      139.    Monsanto denies the allegations in paragraph 139.

2      140.    Monsanto lacks information or knowledge sufficient to form a belief as to the

3  truth of the allegations in paragraph 140 and therefore denies those allegations.

4      141.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5  truth of the allegations in paragraph 141 concerning plaintiff's alleged use and exposure to

6  Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

7  remaining allegations in paragraph 141, including that Roundup®-branded products have

8  "dangerous characteristics."

9      142.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10  truth of the allegations in paragraph 142 concerning plaintiff's alleged use and exposure to

11  Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

12  remaining allegations in paragraph 142, including that Roundup®-branded products have

13  "dangerous characteristics."

14      143.    In response to the allegation in paragraph 143, Monsanto denies that any exposure

15  to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

16  illnesses and denies that there are any defects in those products.  Monsanto lacks information or

17  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

18  143 and therefore denies those allegations.  Monsanto states, however, that the scientific studies

19  upon which IARC purported to base its evaluation of glyphosate were all publicly available

20  before March 2015.

21      144.    Monsanto denies the allegations in paragraph 144.

22      145.    Monsanto denies the allegations in paragraph 145.

23      146.    In response to the allegations in paragraph 146, Monsanto denies that there is any

24  risk of NHL or any other serious illnesses associated with the intended use of and/or exposure to

25  Roundup®-branded products and glyphosate.  The allegations in the second sentence of

26  paragraph 146 set forth conclusions of law for which no response is required.  Monsanto denies

27  the remaining allegations in paragraph 146.  All labeling of Roundup®-branded products has

28  been and remains EPA-approved and in compliance with all applicable laws and regulations

1    147.    Monsanto denies the allegations in paragraph 147.

2    148.    Monsanto lacks information or knowledge sufficient to form a belief as to the

3  truth of the allegations in paragraph 148 concerning plaintiff's alleged use of Roundup®-branded

4  products and therefore denies those allegations.  Monsanto denies the remaining allegations in

5  paragraph 148.

6    149.    Monsanto denies the allegations in paragraph 149.

7    150.    Monsanto denies the allegations in paragraph 150.  All labeling of Roundup®-

8  branded products has been and remains EPA-approved and in compliance with all federal

9  requirements under FIFRA.

10    151.    Monsanto denies the allegations in paragraph 151.

11    152.    Monsanto denies the allegations in paragraph 152.

12    153.    Monsanto incorporates by reference its responses to paragraphs 1 through 152 in

13  response to paragraph 153 of plaintiff's Complaint.

14    154.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations in paragraph 154 regarding the specific products allegedly used by

16  plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore

17  denies the allegations in paragraph 154.

18    155.    The allegations in paragraph 155 set forth conclusions of law for which no

19  response is required.

20    156.    The allegations in paragraph 156 set forth conclusions of law for which no

21  response is required.

22    157.    Monsanto denies the allegations in paragraph 157.

23    158.    Monsanto denies the allegations in paragraph 158.

24    159.    Monsanto denies the allegations in paragraph 159.  All labeling of Roundup®-

25  branded products has been and remains EPA-approved and in compliance with all federal

26  requirements under FIFRA.

27    160.    Monsanto denies the allegations in paragraph 160.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07136-VC

1    161.    Monsanto denies the allegations in the first sentence of paragraph 161.  In

2 response to the allegations in the second sentence of paragraph 161, Monsanto denies that

3 Monsanto's promotional activities were not honest.  The remaining allegations in paragraph 161

4 set forth conclusions of law for which no response is required.

5    162.    Monsanto denies the allegations in paragraph 162.

6    163.    Monsanto denies the allegations in paragraph 163, including each of its subparts.

7    164.    Monsanto denies the allegations in paragraph 164.

8    165.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9 truth of the allegations in paragraph 165 regarding plaintiff's knowledge and therefore Monsanto

10 denies those allegations.  Monsanto denies the remaining allegations in paragraph 165, including

11 that intended use and/or exposure to Roundup®-branded products causes any injuries.

12    166.    Monsanto denies the allegations in paragraph 166.

13    167.    Monsanto denies the allegations in paragraph 167.

14    168.    Monsanto incorporates by reference its responses to paragraphs 1 through 167 in

15 response to paragraph 168 of plaintiff's Complaint.

16    169.    Monsanto denies the allegations in paragraph 169.

17    170.    Monsanto denies the allegations in paragraph 170. All labeling of Roundup®-

18 branded products has been and remains EPA-approved and in compliance with all federal

19 requirements under FIFRA.

20    171.    Monsanto denies the allegations in paragraph 171.  All labeling of Roundup®-

21 branded products has been and remains EPA-approved and in compliance with all federal

22 requirements under FIFRA.

23    172.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24 truth of the allegations in paragraph 172 regarding plaintiff's knowledge or reliance and

25 therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 172.

26    173.    Monsanto denies the allegations in paragraph 173

27    174.    Monsanto denies the allegations in paragraph 174

28    175.    Monsanto denies the allegations in paragraph 175.

1      176.    Monsanto denies the allegations in paragraph 176.

2      177.    Monsanto incorporates by reference its responses to paragraphs 1 through 176 in

3  response to paragraph 177 of plaintiff's Complaint.

4      178.    Monsanto denies the allegations in paragraph 178.  Additionally, the last sentence

5  in paragraph 178 sets forth a conclusion of law for which no response is required.

6      179.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7  truth of the allegations in paragraph 179 regarding plaintiff's claimed use of Roundup®-branded

8  products and therefore denies those allegations.  The remaining allegations in paragraph 179 set

9  forth conclusions of law for which no response is required.

10      180.    Monsanto denies the allegations in paragraph 180.  All labeling of Roundup®-

11  branded products has been and remains EPA-approved and in compliance with all federal

12  requirements under FIFRA.

13      181.    The allegations in paragraph 181 set forth conclusions of law for which no

14  response is required.

15      182.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16  truth of the allegations in paragraph 182 and therefore denies those allegations.

17      183.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 183 regarding the claimed use of Roundup®-branded

19  products by plaintiff and others and therefore denies those allegations.  The remaining

20  allegations in paragraph 183 set forth conclusions of law for which no response is required.

21      184.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22  truth of the allegations in paragraph 184 regarding plaintiff's claimed use of or exposure to

23  Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph

24  184 regarding Monsanto's implied warranty sets forth conclusions of law for which no response

25  is required.  Monsanto denies the remaining allegations in paragraph 184.

26      185.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27  truth of the allegations in paragraph 185 regarding plaintiff's claimed use of or exposure to

28  Roundup®-branded products or plaintiff's claimed reliance and therefore denies those

1    allegations.  The allegation in paragraph 185 regarding Monsanto's implied warranty sets forth

2    conclusions of law for which no response is required.

3         186.    Monsanto denies that there is any risk of serious injury associated with or linked

4    to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

5    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

6    allegations in paragraph 186 regarding plaintiff's knowledge about Roundup®-branded products

7    and therefore denies the remaining allegations in paragraph 186.

8         187.    Monsanto denies the allegations in paragraph 187.

9         188.    Monsanto denies the allegations in paragraph 188.

10        189.    Monsanto denies the allegations in paragraph 189.

11        190.    Monsanto incorporates by reference its responses to paragraphs 1 through 189 in

12   response to paragraph 190 of plaintiff's Complaint.

13        191.    Monsanto denies the allegations in paragraph 191.

14        192.    Monsanto denies the allegations in paragraph 192.

15        193.    The allegations in the first sentence of paragraph 193 set forth conclusions of law

16   for which no response is required. To the extent that a response is deemed required, Monsanto

17   denies the allegations in the first sentence of paragraph 193. Monsanto denies the remaining

18   allegations in paragraph 193.

19        194.    The allegations in paragraph 194 set forth conclusions of law for which no

20   response is required. To the extent a response is deemed required, Monsanto denies the

21   allegations in paragraph 194.

22        195.    Monsanto denies the allegations in paragraph 195.

23        196.    The allegations in paragraph 196 set forth conclusions of law for which no

24   response is required. To the extent that a response is deemed required, Monsanto denies the

25   allegations in paragraph 196.

26        197.    Monsanto denies the allegations in paragraph 197.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07136-VC

198.     In response to the allegations in paragraph 198, Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

199.     Paragraph 199 sets forth a conclusion of law that does not require a response.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.     Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.     Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.     Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.     Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

1    8.    Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

2 findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

3 product labeling.

4    9.    Plaintiff's claims are barred, in whole or in part, by the doctrine of primary

5 jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

6    10.    Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if

7 any, were the result of conduct of plaintiff, independent third parties, and/or events that were

8 extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

9 independent, intervening and superseding causes of the alleged injuries, including but not limited

10 to plaintiff's pre-existing medical conditions.

11    11.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j

12 and k, bar plaintiff's claims against Monsanto in whole or in part.

13    12.    Applicable statutes of limitations and/or repose, bar plaintiff's claims in whole or

14 in part.

15    13.    Plaintiff's misuse or abnormal use of the product or failure to follow instructions

16 bar plaintiff's claims in whole or in part.

17    14.    If plaintiff suffered injuries or damages as alleged, which is denied, such injuries

18 or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is

19 neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the

20 relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or

21 causes that are not related or connected with any product sold, distributed, or manufactured by

22 Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an

23 independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

24    15.    Monsanto had no legal relationship or privity with plaintiff and owed no duty to

25 her by which liability could be attributed to it.

26    16.    Monsanto made no warranties of any kind or any representations of any nature

27 whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies,

28 then plaintiff failed to give notice of any breach thereof.

1    17.    Plaintiff's claims are preempted or otherwise barred in whole or in part by the

2    Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

3    18.    Plaintiff's claims for punitive and/or exemplary damages are barred because such

4    an award would violate Monsanto's due process, equal protection and other rights under the

5    United States Constitution, the Georgia Constitution, and/or other applicable state constitutions.

6    19.    Plaintiff's claims for punitive and/or exemplary damages are barred because

7    plaintiff has failed to allege conduct warranting imposition of such damages under Georgia law

8    and/or other applicable state laws.

9    20.    Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited

10   by operation of state and/or federal law including O.C.G.A. § 51-12-5.1.

11   21.    Plaintiff's claims are barred in whole or in part by plaintiff's

12   contributory/comparative negligence.

13   22.    Plaintiff's claims are barred in whole or in part by plaintiff's failure to mitigate

14   damages.

15   23.    Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

16   24.    Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff

17   received from collateral sources.

18   25.    If plaintiff has been injured or damaged, no injuries or damages being admitted,

19   such injuries were not caused by a Monsanto product.

20   26.    Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims

21   that are governed by the laws of a state that does not recognize, or limits, such claims.

22   27.    Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws

23   of states that do not govern plaintiff's claims.

24   28.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

25   may become available or apparent during the course of discovery and thus reserves its right to

26   amend this Answer to assert such defenses.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07136-VC

1       **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2   plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

3   other relief as the Court deems equitable and just.

4                                    <u>**JURY TRIAL DEMAND**</u>

5       Monsanto demands a jury trial on all issues so triable.

6   DATED:  November 20, 2019                    Respectfully submitted,

7

8                                                <u>/s/ Joe G. Hollingsworth</u>
                                                 Joe G. Hollingsworth (*pro hac vice*)
9                                                (jhollingsworth@hollingsworthllp.com)
                                                 Eric G. Lasker (*pro hac vice*)
10                                               (elasker@hollingsworthllp.com)
                                                 HOLLINGSWORTH LLP
11                                               1350 I Street, N.W.
                                                 Washington, DC  20005
12                                               Telephone:  (202) 898-5800
                                                 Facsimile:  (202) 682-1639
13

14                                               *Attorneys for Defendant*
                                                 *MONSANTO COMPANY*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07136-VC