# EXHIBIT 5

**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
aimee.wagstaff@andruswagstaff.com

**THE MILLER FIRM LLC**
Michael Miller
108 Railroad Avenue
Orange, Virginia 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
mmiller@millerfirmllc.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax: (646) 293-4921
Email: rgreenwald@weitzlux.com

*Co-Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*ALL WAVE 1 CASES* | ) MDL No. 2741<br>)<br>) Case No. 3:16-md-02741-VC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' R. 26 GENERAL CAUSATION EXPERT DISCLOSURES**

**Preamble**: At Monsanto's request, and over Plaintiffs' strong objection, the Court bifurcated this MDL proceeding.  As a consequence, the Parties spent over two years and millions of dollars putting their general causation experts through the *Daubert* process.  The end result was a week-long *Daubert* hearing, followed by two additional days of *Daubert* testimony by Drs. Portier and Ritz, and a 68-page *Daubert* Order issued by this Court detailing what opinions, by what experts, are allowed. The Court sometimes allowed one particular expert to testify to an opinion, while striking the opinion from other experts.  Recently, without offering any unavailability reasoning, Monsanto's counsel informed undersigned that Monsanto intends add *new* general causation experts to its Wave 1 expert line up that were not part of the MDL *Daubert* process, thereby effectively erasing the 2 years spent on the general causation *Daubert* proceedings (which, was done at Monsanto's request). Monsanto recently disclosed new general causation experts in *Giglio v. Monsanto* and the parties briefed this dispute through a discovery letter, "Letter Brief Re: General Causation Experts," *See*, ECF 6124. Plaintiffs' incorporate Mr. Giglio's arguments as if fully set forth herein. If the Court allows Monsanto to proceed with new general causation experts, then it should allow Plaintiffs to designate other general causation experts as well.

Pursuant to Pretrial Orders #150 and #171 and Fed. R. Civ. P. 26(a)(2), Plaintiffs in Wave 1 provide the following expert designations and disclosures. Plaintiffs' disclosure of expert witnesses is subject to the following reservation of rights:

1. The right to supplement or amend this witness list based upon any rulings of the Court or any other court decisions that affect the scope of evidence in this trial;

2. The right to withdraw the designation of any expert prior to testimony, and positively aver that such previously designated expert will not be called as a witness at trial;

3. The right to amend or supplement expert opinions based on additional discovery including updated medical records, deposition testimony, medical literature, or scientific studies;

4. The right to supplement the references considered and/or relied upon by Plaintiffs' designated experts in order to address newly available information or literature;

5. The right to elicit expert testimony at trial from any qualified person, including Plaintiffs' treating health care providers, as permitted under the applicable rules of evidence and procedure;

PLAINTIFFS' R. 26 GENERAL CAUSATION EXPERT DISCLOSURES
3:16-md-02741-VC

6. Plaintiffs' expert witnesses, as identified below, may testify about their skill, knowledge, experience, training and education in their respective fields, the relevant medical and scientific literature; the techniques and methods in their field of practice; and the description and nature of their practice. They may testify about their publications, presentations, research and all matters detailed in their respective curriculum vitae. They may testify based on facts or data perceived by or made known to them at or before trial that have been properly disclosed under the applicable rules of evidence and procedure. They may employ demonstrative and visual aids.

7. Plaintiffs reserve the right to offer supplemental expert opinions based on updated or new information relative to the litigation. Plaintiffs reserve the right for their expert witnesses to update the literature upon which the witnesses rely in support of their opinions.

8. Plaintiffs incorporate all prior reports, if any, the experts have issued in MDL 2741 or any other state or federal litigation.

9. By identifying the expert witnesses named below, Plaintiffs do not intend to waive any objections to deposition testimony, exhibits, or other evidence or argument. Plaintiffs reserve the right to call and elicit testimony from any and all of Defendant's current or former employees who have been disclosed as a witness and/or offered testimony and/or have been identified in discovery.

10. Plaintiffs reserve the right to call and elicit testimony at trial from any and all of Defendant's retained or non-retained expert witnesses.

## **PLAINTIFFS' EXPERT DESIGNATIONS – GENERAL CAUSATION**

**Christopher Portier, PhD**
**Scheibenstrasse 15**
**CH-3600 Thun**
**Switzerland**

Dr. Portier will testify on issues of general causation regarding whether exposure to glyphosate and/or glyphosate–based formulated products can cause cancer, and particularly non-Hodgkin lymphoma, including in the areas of toxicology, genotoxicity, biostatistics, epidemiology, and the processes and methodologies encompassing the review, evaluation and assessment of chemicals as cancer hazards by the International Agency for Research on Cancer (IARC). These areas of testimony were the subject of his prior testimony in the Roundup litigation. Accordingly, Plaintiff hereby incorporates by reference, all prior expert reports, deposition, trial, and hearing testimony in all Roundup litigation cases.

Dr. Portier's hourly rate is $450.00. Dr. Portier has already been deposed with respect to his general causation opinions being offered in this case. A copy of Dr. Portier's curriculum vitae will be provided to counsel electronically. Dr. Portier is providing a supplemental materials considered list.

**Beate Ritz, MD, PhD**
**650 Charles E. Young Dr. S.**
**Los Angeles, CA 90095**

Dr. Ritz is designated in the areas of epidemiology with an emphasis on cancer epidemiology on behalf of all Plaintiffs. Dr. Ritz will testify on issues of general causation regarding whether exposure to glyphosate and/or glyphosate–based formulated products can cause cancer, and particularly non-Hodgkins lymphoma, including in the areas of epidemiology, toxicology and genotoxicity. These areas of testimony were the subject of her prior testimony

in the Roundup litigation. Accordingly, Plaintiffs hereby incorporate by reference, all prior expert reports, deposition, trial, and hearing testimony in all Roundup litigation cases.

Dr. Ritz's hourly rate is $550.00. Dr. Ritz has already been deposed with respect to her opinions being offered in this case. A copy of Dr. Ritz's curriculum vitae will be provided to counsel electronically. Dr. Ritz is providing a supplemental materials considered list.

**Dennis Weisenburger, MD**
**1500 E. Duarte Road**
**Duarte, CA 91010**

Dr. Weisenburger is designated in matters involving general causation and will testify regarding causes of cancer, causes of non-Hodgkin lymphoma, whether exposure to glyphosate and/or glyphosate–based formulated products can cause cancer, and particularly non-Hodgkin lymphoma, including testimony in the areas of epidemiology, pathology, hematopathology, cellular changes with the development of NHL and cancer development. These areas of testimony were the subject of his prior testimony in the Roundup litigation. Accordingly, Plaintiffs hereby incorporate by reference, all prior expert reports, deposition, trial, and hearing testimony in all Roundup litigation cases.

Dr. Weisenburger's hourly rate is $650.00. Dr. Weisenburger has already been deposed with respect to his general causation opinions in this case. A copy of Dr. Weisenburger's curriculum vitae will be provided to counsel electronically. Dr. Weisenburger is providing a supplemental materials considered list.

DATE: October 4, 2019

/s/ Aimee H. Wagstaff
Aimee H. Wagstaff (SBN 278480)
**ANDRUS WAGSTAFF, PC**
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
aimee.wagstaff@andruswagstaff.com

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

Michael Miller
**THE MILLER FIRM LLC**
108 Railroad Avenue
Orange, Virginia 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
mmiller@millerfirmllc.com

Robin L. Greenwald
**WEITZ & LUXENBERG, P.C.**
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax: (646) 293-4921
Email: rgreenwald@weitzlux.com

*Co-Lead Counsel for Plaintiffs*

PLAINTIFFS' R. 26 GENERAL CAUSATION EXPERT DISCLOSURES
3:16-md-02741-VC

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon the parties below via electronic mail this 4th day of October 2019:

Brian L. Stekloff
bstekloff@wilkinsonwalsh.com
Tamarra Matthews Johnson
tmatthewsjohnson@wilkinsonwalsh.com
Rakesh Kilaru
rkilaru@wilkinsonwalsh.com
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036

                                                            /s/ Aimee H. Wagstaff