**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Steve Hiers v. Monsanto Co.* Case No. 3:19-cv-07142-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Steve Hiers' Complaint except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto admits that the World Health Organization's International Agency for Research on Cancer ("IARC") was created in 1965.  The remaining allegations in paragraph 2 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

3.      Monsanto admits the allegations in the first sentence of paragraph 3.  Monsanto denies the allegations in the second and last sentences of paragraph 3.  The allegations in the third sentence of paragraph 3, Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.

4.      In response to the allegations in paragraph 4, Monsanto admits that the World Health Organization's International Agency for Research on Cancer ("IARC") issued a monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate under Group 2A, but denies that the IARC Monograph is the authoritative standard for cancer hazard assessment around the world or that IARC based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.  Monsanto further denies that the members of the panel were "renowned scientists" or that they were free from conflicts of interest.

5.      In response to the allegations in paragraph 5, Monsanto admits that the World Health Organization's International Agency for Research on Cancer ("IARC") issued a monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate under Group 2A, but denies that the IARC Monograph is the authoritative standard for cancer hazard assessment around the world or that IARC based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

6.      In response to the allegations of paragraph 6, Monsanto admits that the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the weight or quality of the evidence considered by IARC.  Monsanto further states that this decision was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to pose

a cancer hazard to humans."[1]  Monsanto contends that OEHHA's decision that it was required to list glyphosate violates the United States Constitution and the California Constitution.  On February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.  The remaining allegations in paragraph 6 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 6.

7.      Monsanto admits the allegations in the first sentence of paragraph 7.  In response to the allegations in the second sentence of paragraph 7, Monsanto admits that glyphosate, the active ingredient in Roundup®-branded herbicides, is a non-selective herbicide and that certain Roundup®-branded herbicides are used to kill weeds that commonly compete with growing crops.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 7 and therefore denies those allegations.

8.      In response to the allegations in the first sentence of paragraph 8, Monsanto admits that it has stated, and continues to state, that Roundup®-branded products are safe when used in accordance with the products' labeling.  Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.  Monsanto denies the remaining allegations in paragraph 8.

9.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 10.

11.      Monsanto admits the allegations in paragraph 11.

12.      In response to the allegations of paragraph 12, Monsanto admits that it was the

---

[1] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007), https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

1   entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures

2   Roundup®-branded products that have glyphosate as the active ingredient, but notes that

3   Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

4          13.     The allegations in paragraph 13 comprise attorney characterizations and are

5   accordingly denied.

6          14.     The allegations in paragraph 14 set forth conclusions of law for which no

7   response is required.  To the extent that a response is deemed required, Monsanto admits the

8   allegations in paragraph 14 based upon the allegations in plaintiff's Complaint.

9          15.     The allegations in paragraph 15 set forth conclusions of law for which no

10  response is required.

11         16.     Monsanto denies the allegations in paragraph 16.

12         17.     Monsanto lacks information or knowledge sufficient to form a belief as to the

13  truth of the allegations of paragraph 17 and therefore denies those allegations.

14         18.     In response to the allegations in paragraph 18, Monsanto denies any "omissions"

15  and certain events giving rise to plaintiff's claims.  Monsanto lacks information or knowledge

16  sufficient to form a belief as to the truth of the allegations regarding where certain other events

17  giving rise to plaintiff's claims occurred and therefore denies those allegations.  The remaining

18  allegations in paragraph 18 set forth conclusions of law for which no response is required.

19         19.     The allegations in paragraph 19 set forth conclusions of law for which no

20  response is required.

21         20.     In response to the allegations in paragraph 20, Monsanto admits that glyphosate is

22  an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

23  paragraph 20 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

24  to form a belief as to the truth of the remaining allegations in paragraph 20 and therefore denies

25  those allegations.

26         21.     Monsanto admits the allegations in the first sentence of paragraph 21.  Monsanto

27  denies the allegations in the second sentence of paragraph 21 because the impact of glyphosate

28  on treated plants varies depending upon the amount of glyphosate applied and the type of plant.

1    Monsanto denies the allegations in the third sentence of paragraph 21 to the extent that they

2    suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well

3    within regulatory safety levels, as determined by the United States Environmental Protection

4    Agency ("EPA").

5          22.    Monsanto admits the allegations in paragraph 22.

6          23.    In response to the allegations in paragraph 23, Monsanto admits that farmers have

7    safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining

8    allegations in paragraph 23.

9          24.    The allegations of paragraph 24 set forth conclusions of law for which no

10   response is required.  To the extent that a response is deemed required, Monsanto admits those

11   allegations.

12         25.    The allegations of paragraph 25 set forth conclusions of law for which no

13   response is required.  To the extent that a response is deemed required, Monsanto admits those

14   allegations.

15         26.    In response to the remaining allegations in paragraph 26, Monsanto admits that

16   EPA requires registrants of herbicides to submit extensive data in support of the human health

17   and environmental safety of their products and further admits that EPA will not register or

18   approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The

19   remaining allegations in paragraph 26 set forth conclusions of law for which no response is

20   required.

21         27.    The allegations in paragraph 27 set forth conclusions of law for which no

22   response is required.

23         28.    In response to the allegations in paragraph 28, Monsanto admits that EPA requires

24   registrants of herbicides to submit extensive data in support of the human health and

25   environmental safety of their products and further admits that EPA will not register or approve

26   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

27   states that the term "the product tests" in the final sentence of paragraph 28 is vague and

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07142-VC

1    ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 28

2    set forth conclusions of law for which no response is required.

3        29.    Monsanto denies the allegations in paragraph 29 to the extent that they suggest

4    that EPA only evaluates the safety of pesticide products on the date of their initial registration.

5    Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

6    products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

7    of the allegations in paragraph 29 regarding such pesticide products generally and therefore

8    denies those allegations.  The remaining allegations in paragraph 29 set forth conclusions of law

9    for which no response is required.

10        30.    In response to the allegations in paragraph 30, Monsanto admits that EPA has

11   undertaken a review of glyphosate and that EPA has not released its findings.  Monsanto states,

12   however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a

13   227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest

14   support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to

15   human health risk assessment"[2]; and (b) at the same time, EPA posted an October 2015 final

16   report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC

17   endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to

18   Humans."[3]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed,

19   lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion

20   that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[4]

21

22

23   [2] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"),
24   https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on
25   glyphosate's carcinogenic potential.

26   [3] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
27   *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07142-VC

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore denies these allegations.

31.     In response to the allegations in paragraph 31, Monsanto admits that EPA posted the EPA CARC Final Report on EPA's website in late April 2016 and took the report off the website in early May 2016.  Monsanto further states that, in September 2016, EPA posted the EPA CARC Final Report that endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations.

32.     In response to the allegations in paragraph 32, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC final Report, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or

---

[4] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

reproductive toxicant."  73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at
40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  78 Fed.
  Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible
  cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body
  of research does not provide evidence to show that [g]lyphosate causes cancer and
  does not warrant any change in the EPA's cancer classification for [g]lyphosate."
  *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder
  Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th
  Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of
  Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-
  5056-a055-64af-0e55900753b4, at time stamp 55:05–56:20.

Monsanto denies the remaining allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto admits that it – along

with a large number of other companies and governmental agencies – was defrauded by two

chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

studies.  To the extent that the allegations in paragraph 33 are intended to suggest that Monsanto

was anything other than a victim of this fraud, such allegations are denied.

34.     In response to the allegations in paragraph 34, Monsanto admits that Industrial

Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the

registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of

such product is based upon any fraudulent or false IBT studies.

35.     Monsanto denies the allegations in paragraph 35 to the extent they suggest that

EPA performed an inspection of IBT Laboratories solely or specifically in connection with

studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

connection with services provided to a broad number of private and governmental entities and

that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

one of several pesticide manufacturers who had used IBT test results.  The audit found some

1    toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

2    Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

3    Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

4    based upon any invalid IBT studies.  To the extent that the allegations in paragraph 35 are

5    intended to suggest that Monsanto was anything other than a victim of this fraud, such

6    allegations also are denied.

7          36.     In response to the allegations in paragraph 36, Monsanto admits that three IBT

8    employees were convicted of the charge of fraud, but Monsanto denies that any of the

9    individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

10   herbicides.

11         37.     In response to the allegations in paragraph 37, Monsanto admits that it – along

12   with numerous other private companies – hired Craven Laboratories as an independent

13   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that

14   it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies

15   conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in

16   paragraph 37 are intended to suggest that Monsanto was anything other than a victim of this

17   fraud, such allegations are denied.

18         38.     In response to the allegations in paragraph 38, Monsanto admits that Roundup®-

19   branded products are highly valued by its customers because of their efficacy and safety.

20   Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The

21   remaining allegations in paragraph 38 are vague and conclusory and comprise attorney

22   characterizations, and are accordingly denied.

23         39.     In response to the allegations in paragraph 39, Monsanto admits that, following

24   the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such

25   seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks

26   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

27   cited in paragraph 39 and accordingly denies those allegations.  The remaining allegations in

28

1    paragraph 39 are vague and conclusory and comprise attorney characterizations, and are

2    accordingly denied.

3         40.    In response to the allegations in paragraph 40, Monsanto admits that glyphosate is

4    one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

5    is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks

6    information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

7    cited in paragraph 40 and accordingly denies the same.  The remaining allegations in paragraph

8    40 are vague and conclusory and comprise attorney characterizations, and are accordingly

9    denied.

10        41.    In response to the allegations in paragraph 41, Monsanto admits that the New

11   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

12   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

13   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

14   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

15   the subparts purport to quote a document, the document speaks for itself and thus does not

16   require any further answer.  The remaining allegations in paragraph 41 are vague and conclusory

17   and comprise attorney characterizations, and are accordingly denied.

18        42.    In response to the allegations in paragraph 42, Monsanto admits it entered into an

19   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

20   itself and thus does not require any further answer.  The remaining allegations in paragraph 42

21   are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

22        43.    Monsanto denies the allegations in paragraph 43.

23        44.    In response to the allegations in paragraph 44, Monsanto admits that the French

24   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

25   that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling

26   was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto

27   denies the remaining allegations in paragraph 44.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07142-VC

45.      Monsanto admits that IARC was created in 1965.  The remaining allegations in paragraph 45 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

46.      Monsanto denies the allegations in the first and second sentences of paragraph 46. Monsanto admits the allegations in the final sentence of paragraph 46.

47.      In response to the allegations in paragraph 47, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 47, which are not limited as of any specified date, and accordingly denies the same.

48.      In response to the allegations in paragraph 48, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations. Monsanto denies the remaining allegations in paragraph 48.

49.      Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 and therefore denies those allegations.

50.      Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 and therefore denies those allegations.

51.      Monsanto denies the allegations in paragraph 51 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

52.      In response to the allegations in paragraph 52, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a

1   one week period in March 2015 to consider glyphosate along with a number of other substances.

2   Monsanto denies the allegation that all members of the working group are "experts."

3        53.    In response to the allegations in paragraph 53, Monsanto denies that the working

4   group or anyone at IARC conducted a one-year review of the scientific evidence related to

5   glyphosate or that the working group's findings reflected a comprehensive review of the latest

6   available scientific evidence.  Monsanto also denies that the working group considered all

7   information available in the scientific literature and all data from government reports that are

8   publicly available.  Monsanto denies the remaining allegations in paragraph 53.

9        54.    In response to the allegations in paragraph 54, Monsanto denies that the IARC

10  working group considered all of the data in the numerous studies that have been conducted

11  looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

12  that it reliably considered the studies that it purports to have reviewed, which frequently reach

13  conclusions directly contrary to those espoused by the IARC working group.  To the extent the

14  allegations purport to characterize statements made in the IARC monograph for glyphosate, the

15  statements in that document speak for themselves, but Monsanto lacks information or knowledge

16  sufficient to form a belief as to the accuracy of the source of said information and accordingly

17  denies the allegations.

18       55.    The allegations in paragraph 55 are vague and conclusory.  To the extent they

19  purport to characterize statements made in the IARC monograph for glyphosate, the statements

20  in that document speak for themselves, but Monsanto lacks information or knowledge sufficient

21  to form a belief as to the accuracy of the source of said information and accordingly denies the

22  allegations.

23       56.    In response to the allegations in paragraph 56, to the extent the allegations purport

24  to characterize statements made in the IARC monograph for glyphosate, the statements in that

25  document speak for themselves, but to the extent that this paragraph means that more than *de*

26  *minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 56.

27       57.    In response to the allegations in paragraph 57, Monsanto admits that the IARC

28  working group identified a number of case control studies of populations with exposures to

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07142-VC

1   glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

2   health concern from such exposures.

3       58.     In response to the allegations in paragraph 58, Monsanto denies that the IARC

4   working group considered all of the data in the numerous studies that have been conducted

5   looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

6   that it reliably considered the studies that it purports to have reviewed, which frequently reach

7   conclusions directly contrary to those espoused by the IARC working group.  To the extent that

8   the allegations in paragraph 58 purport to characterize statements made in the IARC monograph

9   for glyphosate, the statements in that document speak for themselves.

10      59.     To the extent that the allegations in paragraph 59 purport to characterize

11  statements made in the IARC monograph for glyphosate, the statements in that document speak

12  for themselves.

13      60.     In response to the allegations in paragraph 60, Monsanto admits that the IARC

14  working group identified a number of case control studies of populations with exposures to

15  glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

16  health concern from such exposures.  Monsanto denies the remaining allegations in paragraph

17  60.  The IARC working group concluded that there was only limited evidence of carcinogenicity

18  in epidemiologic studies, which, per IARC's guidelines, means that the working group could not

19  rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

20      61.     In response to the allegations in paragraph 61, Monsanto admits that the IARC

21  working group purported to make these findings, but denies that the animal carcinogenicity

22  studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

23  of the identified tumors.  Monsanto further states that regulatory agencies around the world have

24  reviewed the same animal studies and concluded that they do not provide evidence that

25  glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 61.

26      62.     In response to the allegations in paragraph 62, Monsanto admits that the working

27  group cited to a study that it concluded provided evidence of chromosomal damage in

28

- 13 -

1  community residents reported to be exposed to glyphosate, but Monsanto denies that the study

2  supports such a conclusion or that the authors of the study reached such a conclusion.

3       63.    In response to the allegations in the first sentence of paragraph 63, Monsanto

4  admits that certain studies have reported that glyphosate and glyphosate-based formulations

5  induced oxidative stress under artificial experimental conditions.  Monsanto denies that these

6  studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce

7  oxidative stress in humans or animals under real-world exposure conditions.  In response to the

8  allegations in the second sentence of paragraph 63, Monsanto states that the cited document

9  speaks for itself and does not require a response.  In response to the allegations in the final

10  sentence of paragraph 63 and in footnote 1, Monsanto denies that any exposure to glyphosate-

11  based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.

12  Monsanto denies the remaining allegations in paragraph 63.

13       64.    In response to the allegations in paragraph 64, Monsanto admits that the IARC

14  working group purported to make these findings, but denies that the cited studies provide any

15  reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or

16  persist in human blood or urine.  Monsanto denies the remaining allegations in paragraph 64.

17       65.    Monsanto further admits that the working group reviewed the findings of an

18  Agricultural Health Study ("AHS") published in 2005, but denies that the working group

19  characterized that study as supporting an association between glyphosate and the specified

20  cancers.  The AHS cohort study did not find a positive association between glyphosate and any

21  type of cancer.  Monsanto denies all other allegations in paragraph 65.

22       66.    In response to the allegations in paragraph 66, Monsanto admits that the

23  referenced studies were published, but denies that the studies show any scientifically reliable

24  findings.

25       67.    In response to the allegations in paragraph 67, Monsanto denies that the cited

26  study provides any reliable basis for a finding that any meaningful levels of glyphosate are

27  present or persist in human blood or urine.  Monsanto denies the remaining allegations in

28  paragraph 67.

1    68.    In response to the allegations in paragraph 68, Monsanto denies that any exposure

2    to Roundup®-branded products can cause cancer and other serious illnesses and therefore denies

3    the allegations in the first and fourth sentences of paragraph 68.  Monsanto admits that certain

4    Roundup®-branded herbicides contain adjuvants and that EPA has classified such adjuvants as

5    inert.  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded

6    herbicides do not pose an unreasonable risk to human health.  The remaining allegations in

7    paragraph 68 are vague and conclusory and comprise attorney characterizations, and are

8    accordingly denied.

9    69.    In response to the allegations in paragraph 69, Monsanto admits that the IARC

10   working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

11   discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

12   based herbicides, but denies that there is any scientific basis for the concerns raised by the

13   improper IARC classification.  Monsanto denies the remaining allegations in paragraph 69.

14   70.    In response to the allegations in paragraph 70, Monsanto admits that the IARC

15   working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

16   discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

17   based herbicides, including the Netherlands, but denies that there is any scientific basis for the

18   concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations

19   in paragraph 70.

20   71.    In response to the allegations in paragraph 71, Monsanto admits that the IARC

21   working group classification led an individual government attorney in Brazil to write a letter to

22   the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the

23   remaining allegations in paragraph 71.

24   72.    Monsanto admits that, in France, the sale to and use by amateurs (i.e., non-

25   professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited

26   as of January 1, 2019, with certain exceptions.  Monsanto denies the remaining allegations in

27   paragraph 72.

28

1      73.    In response to the allegations in paragraph 73, Monsanto admits that some
2  employees of Bermuda's government announced an intention to suspend the importation of
3  glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the
4  truth of the allegations about whether this suspension took effect and accordingly denies the
5  same.  Monsanto denies the remaining allegations in paragraph 73.

6      74.    In response to the allegations in paragraph 74, Monsanto admits that the IARC
7  monograph appears to be the alleged basis for the Sri Lankan government's actions, including
8  the allegation that glyphosate can cause kidney disease.  Monsanto further states that the
9  allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations
10  regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 74.

11      75.    In response to the allegations in paragraph 75, Monsanto denies the alleged basis
12  for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has
13  explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC
14  ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety
15  concerns.  As of April 2016, the government of Colombia has resumed manual application of
16  glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiff's
17  expert testimony purporting to link these same aerial eradication operations with cancer as
18  scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto
19  denies the remaining allegations in paragraph 75.

20      76.    In response to the allegations in paragraph 76, Monsanto admits that 76
21  individuals signed a letter sent by Dr. Christopher Portier to the EU Health Commissioner
22  (hereinafter "the Portier letter").  Monsanto states that Dr. Portier has been disclosed as an expert
23  witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto.
24  Monsanto denies that Dr. Portier or the other signatories to his letter are "prominent experts,"
25  and Monsanto lacks information or knowledge sufficient to form a belief as to whether the other
26  signatories were aware, before they signed the Portier letter, that Dr. Portier was working as a
27  retained expert for plaintiffs' counsel.  Monsanto otherwise admits that this letter urged the EU
28

1   Health Commissioner to disregard the conclusion that glyphosate is not carcinogenic found by

2   EFSA and by the BfR.

3          77.     In response to the allegations in paragraph 77, Monsanto denies that the self-

4   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

5   extent that paragraph 77 characterizes the scientific evidence regarding the safety of glyphosate-

6   based herbicides, Monsanto denies the remaining allegations in paragraph 77.

7          78.     Monsanto admits that, in June 2016, the European Union continued to consider

8   the reregistration of glyphosate.  Monsanto also states that the allegations are out of date and that

9   the European Union has approved glyphosate for another five years.  Monsanto further notes

10  that, in March 2017, the European Chemical Agency ("ECHA") announced that its Committee

11  for Risk Assessment concluded that the available scientific evidence did not meet the criteria to

12  classify glyphosate as a carcinogen.  *See* ECHA, *Glyphosate not classified as a carcinogen by*

13  *ECHA*, https://echa.europa.eu/-/glyphosate-not-classified-as-a-carcinogen-by-echa.  Monsanto

14  denies the remaining allegations in paragraph 78.

15         79.     In response to the allegations in paragraph 79, Monsanto admits that it has stated

16  and continues to state that Roundup®-branded products are safe when used as labeled and that

17  they are non-carcinogenic and non-genotoxic.

18         80.     In response to the allegations in paragraph 80, Monsanto admits that a 1986 joint

19  report of the World Health Organization and Food and Agriculture Organization of the United

20  Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

21  Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

22  Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

23  carcinogen.  Monsanto denies the remaining allegations in paragraph 80.

24         81.     Monsanto denies the allegations in paragraph 81.

25         82.     Monsanto denies the allegations in paragraph 82.

26         83.     Monsanto denies the allegations in paragraph 83.

27         84.     Monsanto denies the allegations in paragraph 84.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07142-VC

1      85.     The allegations in paragraph 85 sets forth conclusions of law for which no

2 response is required.  To the extent that a response is deemed required, Monsanto denies the

3 allegations in paragraph 85.

4      86.     Monsanto denies the allegations in paragraph 86.

5      87.     Monsanto denies the allegations in paragraph 87.

6      88.     Monsanto denies the allegations in paragraph 88.

7      89.     Monsanto denies the allegations in paragraph 89.

8      90.     Monsanto lacks information or knowledge sufficient to form a belief as to the

9 truth of the allegations in paragraph 90 and therefore denies those allegations.

10      91.     Monsanto lacks information or knowledge sufficient to form a belief as to the

11 truth of the allegations in paragraph 91 and therefore denies those allegations.

12      92.     Monsanto lacks information or knowledge sufficient to form a belief as to the

13 truth of the allegations in paragraph 92 and therefore denies those allegations.

14      93.     Monsanto denies the allegations in paragraph 93.

15      94.     Monsanto denies the allegations in paragraph 94.

16      95.     Monsanto incorporates by reference its responses to paragraphs 1 through 94 in

17 response to paragraph 95 of plaintiff's Complaint.

18      96.     Monsanto denies the allegations in paragraph 96.

19      97.     In response to the allegations in paragraph 97, Monsanto admits that it has stated

20 and continues to state that Roundup®-branded products are safe when used as labeled and that

21 they are non-toxic and non-carcinogenic.

22      98.     In response to the allegations in paragraph 98, Monsanto states that the cited

23 document speaks for itself and does not require a response.

24      99.     Monsanto denies that exposure to Roundup®-branded products and glyphosate

25 exposed plaintiff to risk of her alleged cancer and denies the remaining allegations in paragraph

26 99.  Monsanto states, however, that the scientific studies upon which IARC purported to base its

27 classification were all publicly available before March 2015.

28      100.     Monsanto denies the allegations in the first and last sentences of paragraph 100.

The remaining allegations in paragraph 100 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

101.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 101.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

102.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 102 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

103.    The allegations in paragraph 103 set forth conclusions of law for which no response is required. To the extent a response is deemed required Monsanto denies the allegations in paragraph 103.

104.    The allegations in paragraph 104 set forth conclusions of law for which no response is required. To the extent a response is deemed required Monsanto denies the allegations in paragraph 104.

105.    Monsanto incorporates by reference its responses to paragraphs 1 through 104, in response to paragraph 105 of plaintiffs' Complaint.

106.    In response to the allegations in paragraph 106, Monsanto admits that plaintiffs purport to bring a claim for strict liability design defect but denies any liability as to that claim.

107.    Monsanto denies the allegations in the first and second sentences of paragraph 107.  In response to the last sentence of paragraph 107, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

1    exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies

2    the remaining allegations in paragraph 107.

3         108.    Monsanto denies the allegations in paragraph 108.

4         109.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 109 and therefore denies those allegations.

6         110.    Monsanto denies the allegations in paragraph 110.

7         111.    Monsanto denies the allegations in paragraph 111.

8         112.    Monsanto denies the allegations in paragraph 112.

9         113.    Monsanto denies the allegations in paragraph 113, including each of its subparts.

10        114.    Monsanto denies the allegations in paragraph 114.

11        115.    Monsanto denies the allegations in paragraph 115.

12        116.    Monsanto denies the allegations in paragraph 116.

13        117.    Monsanto denies the allegations in paragraph 117.

14        118.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations in paragraph 118 concerning plaintiff's claimed exposure to Roundup®-

16   branded products and therefore denies those allegations.  Monsanto denies the remaining

17   allegations in paragraph 118, including that Roundup® branded products have "dangerous

18   characteristics."

19        119.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 119 concerning plaintiff's claimed exposure to Roundup®-

21   branded products and therefore denies those allegations.  Monsanto denies the remaining

22   allegations in paragraph 119, including that Roundup®-branded products have "dangerous

23   characteristics."

24        120.    Monsanto denies the allegations in paragraph 120.

25        121.    Monsanto denies the allegations in paragraph 121.

26        122.    Monsanto denies the allegations in paragraph 122.

27        123.    Monsanto denies the allegations in paragraph 123.

28        124.    Monsanto denies the allegations in paragraph 124.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07142-VC

1    125.    Monsanto denies the allegations in paragraph 125.

2    126.    Monsanto denies the allegations in paragraph 126.

3    127.    Monsanto denies the allegations in paragraph 127.

4    128.    Monsanto denies the allegations in paragraph 128.

5    In response to the "WHEREFORE" paragraph following paragraph 128, Monsanto

6 demands that judgment be entered in its favor and against plaintiffs; that plaintiff's Complaint be

7 dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

8 fees as allowed by law and such further and additional relief as this Court may deem just and

9 proper.

10    129.    Monsanto incorporates by reference its responses to paragraphs 1 through 128 in

11 response to paragraph 129 of plaintiff's Complaint.

12    130.    In response to the allegations in paragraph 130, Monsanto admits that plaintiffs

13 purport to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

14    131.    Monsanto denies the allegations in paragraph 131.

15    132.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16 truth of the allegations in paragraph 132 that plaintiff purchased Roundup®-branded products and

17 therefore denies those allegations.  The allegations in paragraph 132 also set forth conclusions of

18 law for which no response is required.  Monsanto denies the remaining allegations in paragraph

19 132.

20    133.    The allegations in paragraph 133 set forth conclusions of law for which no

21 response is required.

22    134.    Monsanto denies the allegations in paragraph 134.  All labeling of Roundup®-

23 branded products has been and remains EPA-approved and in compliance with all federal

24 requirements under FIFRA.

25    135.    Monsanto denies the allegations in paragraph 135.

26    136.    Monsanto denies the allegations in paragraph 136.

27    137.    Monsanto denies the allegations in paragraph 137.

28    138.    Monsanto denies the allegations in paragraph 138.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07142-VC

1     139.    Monsanto denies the allegations in paragraph 139.

2     140.    Monsanto lacks information or knowledge sufficient to form a belief as to the

3    truth of the allegations in paragraph 140 and therefore denies those allegations.

4     141.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 141 concerning plaintiff's alleged use and exposure to

6    Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

7    remaining allegations in paragraph 141, including that Roundup®-branded products have

8    "dangerous characteristics."

9     142.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 142 concerning plaintiff's alleged use and exposure to

11   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

12   remaining allegations in paragraph 142, including that Roundup®-branded products have

13   "dangerous characteristics."

14    143.    In response to the allegation in paragraph 143, Monsanto denies that any exposure

15   to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

16   illnesses and denies that there are any defects in those products.  Monsanto lacks information or

17   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

18   143 and therefore denies those allegations.  Monsanto states, however, that the scientific studies

19   upon which IARC purported to base its evaluation of glyphosate were all publicly available

20   before March 2015.

21    144.    Monsanto denies the allegations in paragraph 144.

22    145.    Monsanto denies the allegations in paragraph 145.

23    146.    In response to the allegations in paragraph 146, Monsanto denies that there is any

24   risk of NHL or any other serious illnesses associated with the intended use of and/or exposure to

25   Roundup®-branded products and glyphosate.  The allegations in the second sentence of

26   paragraph 146 set forth conclusions of law for which no response is required.  Monsanto denies

27   the remaining allegations in paragraph 146.  All labeling of Roundup®-branded products has

28   been and remains EPA-approved and in compliance with all applicable laws and regulations

1      147.    Monsanto denies the allegations in paragraph 147.

2      148.    Monsanto lacks information or knowledge sufficient to form a belief as to the

3  truth of the allegations in paragraph 148 concerning plaintiff's alleged use of Roundup®-branded

4  products and therefore denies those allegations.  Monsanto denies the remaining allegations in

5  paragraph 148.

6      149.    Monsanto denies the allegations in paragraph 149.

7      150.    Monsanto denies the allegations in paragraph 150.  All labeling of Roundup®-

8  branded products has been and remains EPA-approved and in compliance with all federal

9  requirements under FIFRA.

10      151.    Monsanto denies the allegations in paragraph 151.

11      152.    Monsanto denies the allegations in paragraph 152.

12      153.    Monsanto incorporates by reference its responses to paragraphs 1 through 152 in

13  response to paragraph 153 of plaintiff's Complaint.

14      154.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations in paragraph 154 regarding the specific products allegedly used by

16  plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore

17  denies the allegations in paragraph 154.

18      155.    The allegations in paragraph 155 set forth conclusions of law for which no

19  response is required.

20      156.    The allegations in paragraph 156 set forth conclusions of law for which no

21  response is required.

22      157.    Monsanto denies the allegations in paragraph 157.

23      158.    Monsanto denies the allegations in paragraph 158.

24      159.    Monsanto denies the allegations in paragraph 159.  All labeling of Roundup®-

25  branded products has been and remains EPA-approved and in compliance with all federal

26  requirements under FIFRA.

27      160.    Monsanto denies the allegations in paragraph 160.

28

1    161.    Monsanto denies the allegations in the first sentence of paragraph 161.  In

2  response to the allegations in the second sentence of paragraph 161, Monsanto denies that

3  Monsanto's promotional activities were not honest.  The remaining allegations in paragraph 161

4  set forth conclusions of law for which no response is required.

5    162.    Monsanto denies the allegations in paragraph 162.

6    163.    Monsanto denies the allegations in paragraph 163, including each of its subparts.

7    164.    Monsanto denies the allegations in paragraph 164.

8    165.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9  truth of the allegations in paragraph 165 regarding plaintiff's knowledge and therefore Monsanto

10  denies those allegations.  Monsanto denies the remaining allegations in paragraph 165, including

11  that intended use and/or exposure to Roundup®-branded products causes any injuries.

12    166.    Monsanto denies the allegations in paragraph 166.

13    167.    Monsanto denies the allegations in paragraph 167.

14    168.    Monsanto incorporates by reference its responses to paragraphs 1 through 167 in

15  response to paragraph 168 of plaintiff's Complaint.

16    169.    Monsanto denies the allegations in paragraph 169.

17    170.    Monsanto denies the allegations in paragraph 170. All labeling of Roundup®-

18  branded products has been and remains EPA-approved and in compliance with all federal

19  requirements under FIFRA.

20    171.    Monsanto denies the allegations in paragraph 171.  All labeling of Roundup®-

21  branded products has been and remains EPA-approved and in compliance with all federal

22  requirements under FIFRA.

23    172.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24  truth of the allegations in paragraph 172 regarding plaintiff's knowledge or reliance and

25  therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 172.

26    173.    Monsanto denies the allegations in paragraph 173

27    174.    Monsanto denies the allegations in paragraph 174

28    175.    Monsanto denies the allegations in paragraph 175.

1        176.    Monsanto denies the allegations in paragraph 176.

2        177.    Monsanto incorporates by reference its responses to paragraphs 1 through 176 in

3    response to paragraph 177 of plaintiff's Complaint.

4        178.    Monsanto denies the allegations in paragraph 178.  Additionally, the last sentence

5    in paragraph 178 sets forth a conclusion of law for which no response is required.

6        179.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 179 regarding plaintiff's claimed use of Roundup®-branded

8    products and therefore denies those allegations.  The remaining allegations in paragraph 179 set

9    forth conclusions of law for which no response is required.

10        180.    Monsanto denies the allegations in paragraph 180.  All labeling of Roundup®-

11    branded products has been and remains EPA-approved and in compliance with all federal

12    requirements under FIFRA.

13        181.    The allegations in paragraph 181 set forth conclusions of law for which no

14    response is required.

15        182.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16    truth of the allegations in paragraph 182 and therefore denies those allegations.

17        183.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18    truth of the allegations in paragraph 183 regarding the claimed use of Roundup®-branded

19    products by plaintiffs and others and therefore denies those allegations.  The remaining

20    allegations in paragraph 183 set forth conclusions of law for which no response is required.

21        184.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22    truth of the allegations in paragraph 184 regarding plaintiff's claimed use of or exposure to

23    Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph

24    184 regarding Monsanto's implied warranty sets forth conclusions of law for which no response

25    is required.  Monsanto denies the remaining allegations in paragraph 184.

26        185.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27    truth of the allegations in paragraph 185 regarding plaintiff's claimed use of or exposure to

28    Roundup®-branded products or plaintiff's claimed reliance and therefore denies those

1  allegations.  The allegation in paragraph 185 regarding Monsanto's implied warranty sets forth

2  conclusions of law for which no response is required.

3       186.    Monsanto denies that there is any risk of serious injury associated with or linked

4  to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

5  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

6  allegations in paragraph 186 regarding plaintiff's knowledge about Roundup®-branded products

7  and therefore denies the remaining allegations in paragraph 186.

8       187.    Monsanto denies the allegations in paragraph 187.

9       188.    Monsanto denies the allegations in paragraph 188.

10       189.    Monsanto denies the allegations in paragraph 189.

11       190.    Monsanto incorporates by reference its responses to paragraphs 1 through 189 in

12  response to paragraph 190 of plaintiff's Complaint.

13       191.    Monsanto denies the allegations in paragraph 191.

14       192.    Monsanto denies the allegations in paragraph 192.

15       193.    The allegations in the first sentence of paragraph 193 set forth conclusions of law

16  for which no response is required. To the extent that a response is deemed required, Monsanto

17  denies the allegations in the first sentence of paragraph 193. Monsanto denies the remaining

18  allegations in paragraph 193.

19       194.    The allegations in paragraph 194 set forth conclusions of law for which no

20  response is required. To the extent a response is deemed required, Monsanto denies the

21  allegations in paragraph 194.

22       195.    Monsanto denies the allegations in paragraph 195.

23       196.    The allegations in paragraph 196 set forth conclusions of law for which no

24  response is required. To the extent that a response is deemed required, Monsanto denies the

25  allegations in paragraph 196.

26       197.    Monsanto denies the allegations in paragraph 197.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07142-VC

198.     In response to the allegations in paragraph 198, Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

199.     Paragraph 199 sets forth a conclusion of law for which no response is required.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.     Plaintiff's claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.     Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.     Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.     Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

- 27 -

1    8.    Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

2 findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

3 product labeling.

4    9.    Plaintiff's claims are barred, in whole or in part, by the doctrine of primary

5 jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

6    10.    Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if

7 any, were the result of conduct of plaintiff, independent third parties, and/or events that were

8 extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

9 independent, intervening and superseding causes of the alleged injuries, including but not limited

10 to plaintiff's pre-existing medical conditions.

11    11.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j

12 and k, bar plaintiff's claims against Monsanto in whole or in part.

13    12.    Applicable statutes of limitations and/or repose, bar plaintiff's claims in whole or

14 in part.

15    13.    Plaintiff's misuse or abnormal use of the product or failure to follow instructions

16 bar plaintiff's claims in whole or in part.

17    14.    If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries

18 or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is

19 neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the

20 relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or

21 causes that are not related or connected with any product sold, distributed, or manufactured by

22 Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an

23 independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

24    15.    Monsanto had no legal relationship or privity with plaintiff and owed no duty to

25 him by which liability could be attributed to it.

26    16.    Monsanto made no warranties of any kind or any representations of any nature

27 whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies,

28 then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Georgia Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Georgia law, and/or other applicable state laws.

20.     Plaintiff's claims for punitive are barred and/or limited by operation of state and/or federal law.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     If plaintiffs have been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

25.     Plaintiff's claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

26.     Plaintiff's claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiff's claims.

27.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

28.     Plaintiff has failed to allege fraud with sufficient particularity.

29.     Plaintiffs' claims for punitive damages are barred and/or limited by operation of state and/or federal law, including O.C.G.A. § 51-12-5.1.

1       30.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

2   may become available or apparent during the course of discovery and thus reserves its right to

3   amend this Answer to assert such defenses.

4       **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

5   plaintiffs, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and

6   such other relief as the Court deems equitable and just.

7   **JURY TRIAL DEMAND**

8       Monsanto demands a jury trial on all issues so triable.

9   DATED:  November 20, 2019           Respectfully submitted,

10

11                            /s/ Joe G. Hollingsworth
                         Joe G. Hollingsworth (*pro hac vice*)

12                            (jhollingsworth@hollingsworthllp.com)
                         Eric G. Lasker (*pro hac vice*)

13                            (elasker@hollingsworthllp.com)
                         HOLLINGSWORTH LLP

14                            1350 I Street, N.W.

15                            Washington, DC  20005
                         Telephone:  (202) 898-5800

16                            Facsimile:  (202) 682-1639

17                            *Attorneys for Defendant*

18                            *MONSANTO COMPANY*

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07142-VC