Curtis G. Hoke (SBN 282465)
**THE MILLER FIRM, LLC**
108 Railroad Avenue
Orange, Virginia 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
Email: choke@millerfirmllc.com

Steven J. Brady (SBN 116651)
**BRADY LAW GROUP**
1015 Irwin Street
San Rafael, California 94901
Tel: (415) 459-7300
Fax: (415) 459-7303
Email: SteveBrady@bradylawgroup.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Victor Berliant, et al. v. Monsanto Company, et al.*, Case No.: 3:19-cv-07189-VC | MDL No.: 2741<br><br>Case No.: 3:16-md-2741-VC<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF HIS EMERGENCY MOTION TO REMAND AND FOR ATTORNEY FEES AND COSTS**<br><br>**Date: December 16, 2019<br>Time: 10:00 a.m.<br>Courtroom: 4** |

Plaintiffs Victor Berliant and Linda Berliant, by and through his attorneys hereby reply to Defendant Monsanto Company's Opposition to Plaintiff's Emergency Motion to Remand and for Attorney Fees and Costs ("Opposition") as follows.

## I.   INTRODUCTION

Monsanto improperly removed this case despite the absence of complete diversity because it claims that plaintiffs Victor Berliant and Linda Berliant (both citizens of California) "fraudulently joined" three California defendants: 1) Wilbur-Ellis Company, LLC; 2) Wilbur Ellis Nutrition, LLC (formerly Wilbur-Ellis Feed, LLC; and 3) D&D Venture Group, Inc., d/b/a Chase Ace Hardware Garden & Gift Emporium ("D&D Venture/Chase Ace Hardware"). The concurrently-filed Declaration of Victor Berliant and Supplemental Declaration of Curtis G. Hoke show that defendant D&D Venture/Chase Ace Hardware was not fraudulently joined, meaning that this case lacks complete diversity and this case should be immediately remanded to the Alameda County Superior Court for further proceedings.

Mr. Berliant's physicians did not even diagnose him with non-Hodgkin's lymphoma until December, 2018 – two years after he purchased and used Roundup from D&D Venture/Chase Ace Hardware in September, 2016.  *See*, Decl. of Victor Berliant at ¶ 2-3.  The latency period for non-Hodgkin's lymphoma can be as short as 0.4 years or just 146 days.  *See*, Supplemental Decl. of Curtis G. Hoke, Exhibit 1 at pp. 1, 6 ("the Administrator maintains a latency of 0.4 years or 146 days for use in the evaluation of cases of lymphoproliferative and hematopoietic cancers for certification in the WTC Health Program").  This case presents clear factual issues which need to be decided by a California trial court and must be promptly remanded.

*As this Court* has repeatedly explained, "A non-diverse defendant is fraudulently joined if there is no possibility that the state court would hold that defendant liable. As the Ninth Circuit

recently clarified, the party asserting fraudulent joinder must satisfy "the 'wholly insubstantial and frivolous' standard for dismissing claims under" Federal Rule of Civil Procedure 12(b)(1)." *See*, Pretrial Order No. 191, Dkt. No. 7844 granting remand in *Cichy v. Monsanto Co.*, 19-cv-4575 and Pretrial Order No. 192, Dkt. No. 7846 granting remand in *Trosclair v. Monsanto Co.*, 19-cv-6396 (internal citations omitted) [citing *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548-49 (9th Cir. 2018 and *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)]. In seeking removal of a case from a state court, a defendant bears the burden of proving that the case could rightfully have been filed in federal court. *California ex rel. Lockyer v. Dynegy, Inc.* 375 F.3d 831, 838 (9th Cir. 2004).

Here, Monsanto's Opposition on its face fails to meet this heavy burden; and, as this Court is aware, the issues presented this case require the resolution of extremely complex scientific factual issues that must be resolved by a California trial court. *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169–70 (E.D. Cal. 2011) ("In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned."); *Jurin v. Transamerica Life Ins. Co.*, No. C 14-02882 LB, 2014 WL 4364901, at *3 (N.D. Cal. Sept. 3, 2014) ("A non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned."); *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1427 (9th Cir. 1989). As Monsanto knows, Mr. Berliant is gravely ill and has filed a motion for a preferential trial setting. This case must be immediately remanded.

## II. ARGUMENT

### A. Legal Standard.

As a threshold matter, Monsanto, *not* Plaintiff, must bear the heavy burden of showing that there is **no possibility** that Plaintiffs can state a claim against D&D Venture/Chase Ace Hardware: "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Grancare*, 889 F.3d 543 at 548 (internal citations omitted). Consistent with the Third, Fourth, Fifth, Seventh, Eighth, and Eleventh Circuits, The Ninth Circuit has adopted the "no possibility" standard, which requires a removing party to conclusively show that there is no possibility that a plaintiff could prevail against a defendant. *Id*. at 549. Even a sworn declaration denying allegations and asserting additional facts/opinions are insufficient *Id*. at 551 ("GranCare has not demonstrated that there is no possibility that Plaintiffs could prevail against Rhodes. GranCare submitted a declaration from Rhodes in which she denied the allegations and emphasized that her role is largely administrative. But a denial, even a sworn denial, of allegations does not prove their falsity, and Rhodes's status as an administrator does not insulate her from liability").

As explained more fully in Plaintiff's Emergency Motion to Remand, "fraudulent joinder" is a term of art that exists only "if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved **in the plaintiff's favor**, the plaintiff could not possibly recover against the party whose joinder is questioned." *Jurin*, 2014 WL 4364901 at *3 (emphasis added) (citing *Kruso*, 872 F.2d at 1426). Indeed, the Ninth Circuit's *Grancare* decision has recently affirmed the same: "Fraudulent joinder is established [...] if a defendant shows that an 'individual[ ] joined in the action cannot be liable on any theory.' But 'if there is a possibility that

a state court would find that the complaint states a cause of action against any of the resident defendants, **the federal court must find that the joinder was proper and remand the case to the state court.**'" *Grancare*, 889 F.3d 543 at 548 (internal citations omitted) (emphasis added). The Ninth Circuit has specifically recognized a specific set of circumstances where remand may be denied: 1) when a plaintiff is barred by the statute of limitations; 2) when a defendant's conduct was privileged under state law; or 3) when claims against a "sham" defendant are predicated on a contract where a defendant was not a party. *Id*. at 548-49. Importantly, the Ninth Circuit has *declined* to uphold fraudulent joinder rulings where a defendant raises a defense that requires a "searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id*. (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (holding that an implied preemption affirmative defense was not a permissible ground for finding fraudulent joinder).

"[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined. [A] federal court must find that a defendant was properly joined and remand the case to state court if there is a 'possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" *Id*. at 549. The "no possibility" standard is similar to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction. *Id*. Even if a plaintiff's complaint "can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined. But the reverse is not true. If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end

there. For example, the district court must consider, as it did in this case, whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id*. at 550.

### B. Monsanto's Arguments In Favor Of Removal Completely Miss The Mark And Turn The Ninth Circuit's Standards For Removal On Its Head.

The above case law reveals several important rules governing Plaintiff's Motion to Remand.  First, Monsanto – not Plaintiffs – must bear its heavy burden of showing that there is *no possibility* that they might state a claim; in other words, if there is *any possibility* that Plaintiffs might state a claim against D&D Venture/Chase Ace Hardware, remand must be granted.  Second, all ambiguities of law and fact must be resolved, and must be resolved in Plaintiff's favor.  Third, arguments of "fraudulent joinder" cannot prevail if they are predicated on a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal to a plaintiff's claims.  And, fourth, a court should apply the Rule 12(b)(1) standard for lack of federal question jurisdiction, rather than a Rule 12(b)(6) analysis.

First, Monsanto's removal documents and Opposition urge this Court to turn the above-discussed standards completely upside-down.  For instance, Monsanto's removal and Opposition papers argue that it is Plaintiffs – not Monsanto – who must carry a burden to rebut each of Monsanto's extremely complex scientific contentions that Mr. Berliant's NHL/T-PLL started in 2015 (*see*, Opposition at 2, 6).  Not so.  "The 'strong presumption' against removal jurisdiction means that **the defendant always has the burden of establishing that removal is proper**." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added)

Monsanto has impermissibly engaged in a deep, searching inquiry into the factual merits of Plaintiff's claims, which were even at issue *at the time Monsanto removed Plaintiff's case*. Indeed, at the time Monsanto improperly removed Plaintiff's case, the known facts already militated against Monsanto's contention that Mr. Berliant's disease first "manifested" in 2015: 1)

Mr. Berliant's total white blood cell counts were not elevated until December 2, 2016; 2) as Monsanto admits, the factual record was already "muddle[d]" (see, Monsanto's Opposition at 7) and unsettled as of October 10, 2019 when Plaintiffs served Dr. Schiff's Declaration on Monsanto stating that Mr. Berliant was only found to have elevated white blood cell and lymphocyte counts on December 2, 2016; 3) Monsanto has failed to show that Mr. Berliant had a highly elevated blood count, splenomegaly, hepatomegaly, nor generalized lymphadenopathy at the time Monsanto claims Mr. Berliant's disease first "manifested" in 2015; 4) the first date where any physician stated that Mr. Berliant had lymphocytosis (not a diagnosis of non-Hodgkin's lymphoma) was either December, 2016 or January, 2017.  *See*, Decl. of Curtis Hoke, **Exhibit D**. Nor are Dr. Miller's Declarations sufficient to conjure up diversity jurisdiction.  *Grancare*, 889 F.3d 543 at 551.

Importantly, Mr. Berliant's physicians did not even diagnose him with non-Hodgkin's lymphoma (t-cell lymphoma) until December, 2018 – more than two years after he purchased and used Roundup from D&D Venture/Chase Ace Hardware.  *See*, Declaration of Victor Berliant at ¶2-3; Supplemental Declaration of Curtis G. Hoke, **Exhibit 3** at VB-01-000964 - 65 ("FINAL PATHOLOGIC DIAGNOSIS […] T-CELL LYMPHOMA" on 12/31/2018).  On February 10, 2017, Mr. Berliant's final pathologic diagnosis stated "The T-cells do not show definite immunophenotypic aberrancy."  *See*, Supplemental Declaration of Curtis G. Hoke, **Exhibit 2** at VB-01-000180.  On February 21, 2017, his progress notes stated, "As pt is assx and all other cell lines normal, no need for further workup at this time[.]  Low suspicion for infectious or autoimmune process but could work up as clinically/symptomatically indicated […] The visit note reflects that I considered the diagnosis of thyroiditis and hyperlipidemia, but inadvertently omitted it as an encounter diagnosis.  I am addending this note to capture the diagnosis."  *Id.* at

VB-01-000181.  Remarkably, Monsanto had these records when it improperly removed Mr. Berlaint's case, yet it removed his case anyways.

Despite the above disputed facts that need to be resolved in front of a California State jury, which were already present at the time of removal, Monsanto's removal and Opposition documents impermissibly attempt to cobble together diversity jurisdiction *after the fact* through Dr. Miller's declarations in an attempt to "settle" facts which are plainly unsettled and attempts to resolve those facts in *Monsanto*'s favor, not Plaintiff's favor.  This is the opposite of the standard applicable to motions to remand in the Ninth Circuit.  "[I]f, after all disputed questions of fact and all ambiguities in the controlling state law are resolved **in the plaintiff's favor**, the plaintiff could not possibly recover against the party whose joinder is questioned." *Jurin*, 2014 WL 4364901 at *3 (emphasis added) (citing *Kruso*, 872 F.2d at 1426).

As discussed more thoroughly in Plaintiff's Emergency Motion to Remand, factual issues regarding the first "manifestation" of a cancerous disease are irreducibly complex and should be left to a California trial court. *Rutherford v. Owens-Illinois, Inc.*, 16 Cal.4th 953, 982 (1997) as modified on denial of reh'g (Oct. 22, 1997); *Izell v. Union Carbide Corp.*, 231 Cal.App.4th 962, 975–976 (2014); *Jones v. John Crane, Inc.*, 132 Cal.App.4th 990, 999 (2005).

Second, Monsanto has failed to completely foreclose the possibility that any Roundup Mr. Berliant purchased from D&D Venture/Chase Ace Hardware in September, 2016 exacerbated or promoted any disease growth or progression, diagnosed as t-cell lymphoma in December, 2018. *See*, Decl. of Curtis Hoke, **Exhibits E – G;** Supplemental Declaration of Curtis G. Hoke, **Exhibits 2 and 3**; Declaration of Victor Berliant at ¶¶ 2-3.  For example, the *George* study states, unequivocally, "The tumor promoting property of glyphosate, as observed in the present study, is in consistency with previous reports, where glyphosate is reported to induce cell proliferation and

interfere with cell cycle regulation" (citing Ramaswamy, *et al.* Correlation of glyoxalase I activity with cell proliferation in Datura callus culture. *Plant Cell Rep* 1984;3:121 4 and Marc, et al., Pesticide Roundup provokes cell division dysfunction at the level of CDK1/Cyclin B activation. *Chem Res Toxicol* 2002;15:326 31). The *George* study was published to the jury in *Pilliod v. Monsanto*; both Drs. Portier and Sawyer rendered opinions in reliance on the *George* study, and plaintiffs prevailed in that case. *See*, Decl. of Curtis Hoke, **Exhibits F and G**.

Monsanto has failed to completely foreclose that the same is likely in this case. In fact, should this case be remanded to Alameda County, it is entirely likely that Drs. Portier and Sawyer will render exacerbation/cancer promotion opinions based at least partly on the *George* study. This is entirely consistent with Plaintiff's allegations in his Complaint, which Monsanto has failed to adequately challenge:

> Plaintiff is an individual who suffered damages as a result of injuries resulting from Plaintiff's use and/or exposure to Roundup® and is authorized to bring an action for the causes of actions alleged herein including, but not limited to, injuries and damages sustained by Plaintiff resulting from Plaintiff's use of Roundup®. Said injuries and damages sustained by Plaintiff was caused *or substantially contributed to* by the wrongful conduct of Defendants and DOES 1 through 100, inclusive. Complaint at ¶ 19 (emphasis added).
>
> The defects in Defendants' Roundup® products were *substantial and contributing factors* in causing Plaintiff's injuries, and, but for Defendants' misconduct and omissions, Plaintiff would not have sustained injuries. Complaint at ¶ 127.

Indeed, Mr. Berliant purchased and used Roundup from D&D Venture/Chase Ace Hardware in September, 2016 and was diagnosed with non-Hodgkin's lymphoma over two years later in December, 2018. The issue of whether Mr. Berliant's Roundup, which he purchased and used from D&D Venture/Chase Ace Hardware was a substantial contributing factor to his non-Hodgkin's lymphoma diagnosis is a highly complex scientific issue that should be resolved by a California trial court. Remand is proper and required here.

Third, although Monsanto did not present *any* evidence or argument regarding the dates it believes Mr. Berliant purchased Roundup in its removal papers, it now endeavors to conduct a belated and impermissibly searching inquiry into exactly when Mr. Berliant purchased Roundup from D&D Venture/Chase Ace Hardware. In its belated arguments here, Monsanto argues that "Plaintiffs Fail To Present Any Facts Showing Pre-December-2016 Purchases Of Roundup® Products From D & D Venture/Chase Ace Hardware." *See*, Def. Opp. at 10-11. This again completely misses the mark and further muddles the facts, requiring remand here.

Again, a removing party – not the party seeking remand – must *always* bear the burden of showing that there is no possibility that the plaintiffs can prevail against an allegedly "fraudulently joined" defendant. Here, it is up to *Monsanto* to show that there is **no possibility** that Plaintiffs can state a claim against D&D Venture/Chase Ace Hardware, but it has failed to exclude the possibility that Mr. Berliant might amend his Plaintiff Fact Sheet to aver that he bought and used Roundup from D&D Venture/Chase Ace Hardware with cash in September, 2016. Indeed, Mr. Berliant avers herein that he purchased and used Roundup from D&D Venture/Chase Ace Hardware from September, 2016 until 2017 and was diagnosed with non-Hodgkin's Lymphoma in December, 2018. *See*, Declaration of Victor Berliant at ¶ 2-3.

Importantly, Monsanto has also failed to exclude the possibility that any Roundup Mr. Berliant purchased and used from D&D Venture/Chase Ace Hardware from September, 2016 through 2017 exacerbated his cancer. *See*, Hoke Decl., **Exhibit E** (*George* study). Here, Monsanto asks this Court to improperly resolve this factual question in its favor, but the law is clear that this Court should not do so: "A non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are

*resolved in the plaintiff's favor*, the plaintiff could not possibly recover against the party whose joinder is questioned." *Jurin*, 2014 WL 4364901, at *3 (emphasis added).

Fourth, Monsanto contends that the "forum defendant" rule does not require remand here. This disagreement is simple: Monsanto contends that any California defendant was "fraudulently joined" and therefore was not "properly joined and served" under 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). *See*, Def. Opp. at 12-3; 28 U.S.C. § 1441(b)(2). As discussed above, the evidence establishes and Plaintiffs have properly plead that defendant D&D Venture/Chase Ace Hardware was properly joined and remand must be granted pursuant to the "forum defendant" rule and controlling Ninth Circuit case law.

Finally, Monsanto's footnote 5 simply concludes, without further explanation, that if this court were to remand this case, it should not award fees and costs because "Monsanto had objectively reasonable bases for removal in this case." *See*, Def. Opp. at 13 n. 5. However, Monsanto's opposition papers tacitly acknowledge that, at the time Monsanto removed Mr. Berliant's case, it knew of facts that plainly militated against removal. Further Monsanto had Mr. Berliant's medical records showing that he was not diagnosed with non-Hodgkin's lymphoma until 2018. Yet, it improperly removed Mr. Berliant's case anyway. This case should be immediately remanded and Monsanto should be ordered to pay fees and costs.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Remand and order that Monsanto pay Plaintiffs' attorney fees and costs as set forth in the accompanying Supplemental Declaration of Curtis G. Hoke.

Dated: November 25, 2019

Respectfully submitted,

**THE MILLER FIRM, LLC**
**BRADY LAW GROUP**


/s/ Curtis G. Hoke
Curtis G. Hoke (SBN 282465)
**THE MILLER FIRM, LLC**
108 Railroad Avenue
Orange, Virginia 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
Email: choke@millerfirmllc.com

Steven J. Brady (SBN 116651)
**BRADY LAW GROUP**
1015 Irwin Street
San Rafael, California 94901
Tel: (415) 459-7300
Fax: (415) 459-7303
Email: SteveBrady@bradylawgroup.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Curtis Hoke, hereby certify that, on November 25, 2019, I electronically filed the foregoing with the Clerk for the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

/s/ Curtis G. Hoke
Curtis G. Hoke