# EXHIBIT 13

**Volume 13**

**Pages 2101 - 2142**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, Judge

| | |
|---|---|
| EDWARD HARDEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | **NO. C 16-00525 VC** |
| ) | |
| MONSANTO COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

San Francisco, California
Thursday, March 14, 2019

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiff:
        ANDRUS WAGSTAFF PC
        7171 W. Alaska Drive
        Lakewood, Colorado  80226
  BY:  **AIMEE H. WAGSTAFF, ATTORNEY AT LAW**
      **DAVID J. WOOL, ATTORNEY AT LAW**

        MOORE LAW GROUP
        1473 South 4th Street
        Louisville, Kentucky  40208
  BY:  **JENNIFER MOORE, ATTORNEY AT LAW**


**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**


REPORTED BY:   Marla F. Knox, RPR, CRR
             Official Reporter

```
 1   Thursday - March 14, 1995                           12:35 p.m.
 2                        P R O C E E D I N G S
 3                              ---oOo---
 4       (Proceedings were heard out of presence of the jury:)
 5          THE CLERK:  Calling Civil Matter 16-525, Hardeman v.
 6   Monsanto, et al.
 7       If parties could please come forward and state their
 8   appearances for the record.
 9          THE COURT:  Don't worry about it.  We all know who
10   each other is at this point.
11       Okay.  So let me -- let me write a list of things that we
12   need to discuss.  So we have Benbrook.  We have the design
13   defect issue.  We have the Seralini study.  I feel like I'm
14   missing one thing.  No?
15          MS. MOORE:  I don't think so, Your Honor.  The only
16   other thing -- and this can probably come in with the Seralini
17   studies.  We wanted to ask for some clarification on the
18   post-use corporate conduct rulings from yesterday, but I think
19   that can come up when we are talking about Seralini as well.
20          THE COURT:  Okay.  Post-use corporate conduct rulings
21   from yesterday.  Oh, on the motion in limine.
22          MS. MOORE:  Yes, Your Honor.
23          THE COURT:  All right.  So Benbrook I think is easy.
24   I don't need to hear any further argument on it.
25       The three -- the -- the first three items that -- that you
```

1  propose to have Benbrook testify about, I do not think are
2  properly the subject of expert testimony.  They are a factual
3  narrative.  The information that you say you want to get out of
4  Benbrook, you should be able to or should have been able in
5  deposition -- been able to get that information out of fact
6  witnesses.  So Benbrook will not be allowed to testify on those
7  three topics.
8      I also think it is highly unlikely that Benbrook is
9  qualified to testify on those three topics, but I don't think
10 it matters because I don't think they are the subject of expert
11 testimony.
12     The fourth topic it seems would be the proper subject of
13 expert testimony, but I don't see how Benbrook is qualified as
14 an expert on that topic.  So I want to -- if you want to kind
15 of point me to something in his qualifications that I might
16 have missed, you know, feel free to do that.  But that's really
17 the only thing that I would want to discuss about Benbrook.
18         **MS. WAGSTAFF:**  All right.  May I confer with my
19 cocounsel for just one minute?
20         **THE COURT:**  Of course.
21     (A brief pause was had.)
22         **MS. WAGSTAFF:**  All right.  In light of Your Honor's
23 comments, and to avoid spending much more time on this,
24 Plaintiffs will withdraw Dr. Benbrook.
25         **THE COURT:**  Okay.  So that means that Mills is not