**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-2741-VC |
| This document relates to:<br><br>*Carriere v. Monsanto Company*<br>Case No. 3:18-cv-05778 | **MOTION FOR SUMMARY JUDGMENT BASED ON FAILURE TO PRODUCE EVIDENCE OF EXPOSURE** |

## INTRODUCTION

While this *litigation* revolves largely around the issue of whether glyphosate causes non-Hodgkin's lymphoma ("NHL"), this *case* turns on a different issue—whether Plaintiff Jerald Carriere was ever exposed to a glyphosate product manufactured by Defendant Monsanto Company ("Monsanto") at all. Mr. Carriere testified that the only Roundup product he used was a product that did not kill grass and was safe for lawns. Because glyphosate is a broad-spectrum herbicide that kills grass, the product Mr. Carriere used could not have been a glyphosate-based herbicide.

Because there is no evidence that Mr. Carriere was exposed to glyphosate (let alone glyphosate from Roundup), Monsanto is entitled to summary judgment as to all Plaintiff's claims.

## BACKGROUND

Mr. Carriere was diagnosed with NHL in 2016. This lawsuit is based on allegations that his NHL was caused by exposure to glyphosate-containing Roundup. *See, e.g.*, Pl's. Compl., ¶¶16–18 (Dkt #1). Mr. Carriere does not allege that any chemical other than glyphosate in Roundup caused his disease.

At his deposition, Mr. Carriere testified that he used Roundup, but he could not identify the particular type of Roundup he used. Dep. of Jerald Carriere at 88:3–14 ("Pl's. Dep.") (Ex. 1). He also testified that he had fully read the product's label and instructions and that "it said that it doesn't kill grass." *Id.* at 90:11–13, 126:15–127:5. He further testified that "you could spray it all over" and "didn't have to be careful with it." *Id.* at 127:10–15; *see also id.* at 125:21–126:10. Mr. Carriere testified that this same product was the product used at each of his properties, and when asked if the Roundup he had used had "always been the type of Roundup that is compatible with lawns," he answered "[t]o my knowledge." *Id.* at 127:17–128:9. Thus, Mr. Carriere used this same lawn-safe product on all of his properties and at all times.

Glyphosate-containing Roundup could not have been the product that Mr. Carriere used. Glyphosate is a "non-selective herbicide." Pl.'s Compl., ¶¶ 1, 16 (Dkt. #1).[1] Thus, it will kill grass. Accordingly, Roundup products that contain glyphosate warn users not to use the product on their lawns (and indeed often go by the name "Roundup® Weed & Grass Killer"). If an herbicide indicates on its label that it is safe for lawns or does not kill grass, it is because its active ingredients are not glyphosate, but a selective herbicide that does not kill grass. While the active ingredients in lawn-safe herbicides can vary, there is no lawn-safe herbicide that contains glyphosate. Thus, Mr.

---

[1] Allegations in a plaintiff's complaint can support a defendant's motion for summary judgment. *See, e.g., Moore v. IMCO Recycling of CA, Inc.*, CV041304DSFVBKX, 2005 WL 5887179, at *14 (C.D. Cal. June 29, 2005).

Carriere's testimony is a dispositive admission that he did not use a glyphosate-containing Roundup product.[2]

## LEGAL STANDARD

When "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is required. FED. R. CIV. P. 56(a). While "[t]he moving party bears the burden of establishing the absence of a genuine issue of material fact," that burden is carried by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Thus, under *Celotex*, "[s]ummary judgment *must* be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Abuan v. Gen. Elec. Co.*, 3 F.3d 329, 332 (9th Cir. 1993) (emphasis added) (quoting *Celotex Corp*, 477 U.S. at 322).

"Once the moving party meets its burden of establishing the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial." *Id.* A motion for summary judgment under *Celotex* is procedurally proper once the nonmovant has "had sufficient time and opportunity for discovery." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000).

## PLAINTIFF'S CLAIMS AND APPLICABLE LAW

Mr. Carriere asserts seven causes of action against Monsanto: Strict Products Liability – Design Defect, Strict Products Liability – Failure to Warn, Negligence, Breach of Express Warranty, Breach of Implied Warranties, Negligent Misrepresentation and/or Fraud, and Unfair and Deceptive Trade Practices. Pl's. Compl., ¶¶ 126–224. Pursuant to Pretrial Order No. 171, the parties have stipulated that the substantive law of California applies to this matter. (Case No. 3:16-md-02741-VC Dkt. # 5690.)

---

[2] Mr. Carriere was unable to produce any product labels, purchase receipts, or other documents constituting, containing, or referring to his "use, handling, application, or purchase of any pesticide." (Pl.s' Depo. at 27:2–22, 28:4–10, 28:25–4; Pl.s' Depo Ex. 1.) Thus, his testimony is the only evidence regarding the herbicide he used.

## DISCUSSION

Each of Mr. Carriere's claims require him to prove causation and injury.[3] Summary judgment is required in this case because Mr. Carriere "failed to introduce sufficient evidence of exposure to demonstrate the requisite proximate cause." *Id.* at 335. In fact, he has produced *no evidence* of exposure to glyphosate, let alone glyphosate-containing Roundup.

According to Mr. Carriere's testimony, the Roundup product the he used was safe for grass: the label said it was safe for grass, he did not care if he sprayed it on the grass, he did spray it on the grass, and it killed weeds without hurting the grass. (Pl.'s Depo. 125:21–127:23.) Mr. Carriere testified that, to his knowledge, he had exclusively used lawn-safe Roundup on all of his properties and at all times. (*Id.* at 127:17–128:9.)

Based on Mr. Carriere's testimony and the undisputed fact that *glyphosate is a non-selective herbicide*, there is no evidence that he ever used glyphosate-containing Roundup, was ever exposed to glyphosate from Roundup, or was ever exposed to glyphosate at all. Mr. Carriere may claim that his own lack of knowledge or gaps in his recollection leave open the possibility that he actually did (at some unknown place and time) use a glyphosate-based Roundup product, but "[a] party's own speculation is insufficient to create a genuine issue of material fact." *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019). Mr. Carriere testified that, *to his knowledge*, he never used a Roundup product that would kill grass, and he has no documentary evidence relating to his Roundup usage. Accordingly, there is no evidence of exposure to glyphosate, and summary judgment is required. *See Abuan*, 3 F.3d at 335.

---

[3] *See Staples v. Wright Med. Tech.*, SACV1100977CJCRNBX, 2011 WL 13228030, at *2 (C.D. Cal. Dec. 29, 2011) (design-defect, failure-to-warn and negligence elements under California law); *Resnick v. Hyundai Motor Am., Inc.*, CV1600593BROPJWX, 2017 WL 1531192, at *7 (C.D. Cal. Apr. 13, 2017) (express-warranty elements under California law); *Gertz v. Toyota Motor Corp.*, CV 10-1089 PSG VBKX, 2011 WL 3681647, at *4 (C.D. Cal. Aug. 22, 2011) (implied-warranty elements under California law); *Marroquin v. Pfizer, Inc.*, 367 F. Supp. 3d 1152, 1166 (E.D. Cal. 2019) (intentional-misrepresentation, negligent-misrepresentation and fraudulent-concealment elements under California law); CAL. BUS. & PROF. CODE § 17204 (providing private individuals with standing to bring § 17200 claims only if they have "suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition").

## CONCLUSION

For the foregoing reasons, Mr. Carriere has no evidence to support his claims and Monsanto is entitled to summary judgment.

DATED: November 26, 2019

Respectfully submitted,

/s/ Brian L. Stekloff

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

Attorneys for Defendant
MONSANTO COMPANY

## CERTIFICATE OF SERVICE

I, Brian L. Stekloff, hereby certify that, on November 26th, 2019, I electronically filed the foregoing with the Clerk for the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

                                              /s/ Brian L. Stekloff