**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC 20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Amani Karamichalakos v. Monsanto Co.*, Case No. 3:19-cv-07570-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Amani Karamichalakos's Complaint and Jury Demand ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Although many paragraphs in the Complaint refer to "Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as if brought by plaintiff Amani Karamichalakos. Silence as to any allegations shall constitute a denial.

1.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies those allegations.

2.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3.     In response to the allegations in paragraph 3, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause non-Hodgkins lymphoma ("NHL") or other serious illnesses.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and therefore denies those allegations.

4.     In response to the allegations in paragraph 4, Monsanto admits that the World Health Organization's International Agency for Research on Cancer ("IARC") issued a monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate under Group 2A, but denies that the IARC Monograph is the authoritative standard for cancer hazard assessment around the world or that IARC based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.  Monsanto further denies that the members of the panel were "renowned scientists" or that they were free from conflicts of interest.  In response to the allegations in the final sentence of paragraph 4, Monsanto admits that the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the weight or quality of the evidence considered by IARC.  Monsanto further states that this decision was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to pose a cancer hazard to humans."[1]  Monsanto contends that OEHHA's decision that it was required to list glyphosate violates the United States Constitution and the California Constitution. On February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.  The remaining allegations in paragraph 4 set

---

[1] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007), https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07570-VC

forth conclusions of law for which no response is required.  To the extent that a response is

deemed required, Monsanto denies the allegations in paragraph 4.

5.      Monsanto admits the allegations in paragraph 5.

6.      Monsanto admits that glyphosate, the active ingredient in Roundup®-branded

herbicides, is a non-selective herbicide and that certain Roundup®-branded herbicides are used to

kill weeds that commonly compete with growing crops.

7.      Monsanto lacks information or knowledge sufficient to form a belief as to the

accuracy of the specific numbers and statistics cited in paragraph 7 and therefore denies those

allegations.

8.      In response to the allegations in the first sentence of paragraph 8, Monsanto

admits that it has stated, and continues to state, that Roundup®-branded products are safe when

used in accordance with the products' labeling.  Monsanto denies that any exposure to

glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

illnesses.  Monsanto denies the remaining allegations in paragraph 8.

9.      Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-

branded products can cause cancer or other serious illnesses.  Monsanto denies the remaining

allegations in paragraph 9.

10.     Monsanto lacks information or knowledge sufficient to form a belief as to the

truth of the allegations in the first sentence of paragraph 10 and therefore denies those

allegations.  In response to the allegations in the second sentence of paragraph 10, Monsanto

denies certain events giving rise to plaintiff's claims and Monsanto lacks information or

knowledge sufficient to form a belief as to the truth of the allegations regarding where certain

other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

11.     Monsanto admits the allegations in paragraph 11.

12.     Monsanto admits the allegations in the first sentence of paragraph 12.  In response

to the allegations in the final sentence of paragraph 12, Monsanto admits that it was the entity

that discovered the herbicidal properties of glyphosate and that Monsanto manufactures

Roundup®-branded products that have glyphosate as the active ingredient, but notes that

1   Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto lacks

2   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

3   in the final sentence of paragraph 12 and therefore denies those allegations.

4         13.    The allegations in paragraph 13 set forth conclusions of law for which no

5   response is required.  To the extent that a response is deemed required, Monsanto admits the

6   allegations in paragraph 13 based upon the allegations in plaintiff's Complaint.

7         14.    The allegations in paragraph 14 set forth conclusions of law for which no

8   response is required.

9         15.    The allegations in paragraph 15 set forth conclusions of law for which no

10   response is required.

11         16.    Monsanto denies the allegations in paragraph 16.

12         17.    In response to the allegations in paragraph 17, Monsanto denies certain events

13   giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form

14   a belief as to the truth of the allegations regarding where certain other events giving rise to

15   plaintiff's claims occurred and therefore denies those allegations.  The remaining allegations in

16   paragraph 17 set forth conclusions of law for which no response is required.

17         18.    In response to the allegations in paragraph 18, Monsanto admits that glyphosate is

18   an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

19   paragraph 18 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

20   to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies

21   those allegations.

22         19.    Monsanto admits the allegations in the first sentence of paragraph 19.  Monsanto

23   denies the allegations in the second sentence of paragraph 19 because the impact of glyphosate

24   on treated plants varies depending upon the amount of glyphosate applied and the type of plant.

25   Monsanto denies the allegations in the third sentence of paragraph 19 to the extent that they

26   suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well

27   within regulatory safety levels, as determined by the United States Environmental Protection

28   Agency ("EPA").

20.     Monsanto admits the allegations in paragraph 20.

21.     In response to the allegations in paragraph 21, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 21.

22.     Monsanto denies the allegations in paragraph 22.

23.     The allegations in the first and second sentences of paragraph 23 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations.  In response to the remaining allegations in paragraph 23, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 23 set forth conclusions of law for which no response is required.

24.     The allegations in paragraph 24 set forth conclusions of law for which no response is required.

25.     In response to the allegations in paragraph 25, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 25 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 25 set forth conclusions of law for which no response is required.

26.     Monsanto denies the allegations in paragraph 26 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 regarding such pesticide products generally and therefore

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07570-VC

1    denies those allegations.  The remaining allegations in paragraph 26 set forth conclusions of law

2    for which no response is required.

3         27.     In response to the allegations in paragraph 27, Monsanto admits that EPA has

4    undertaken a review of glyphosate and that EPA has not released its findings.  Monsanto states,

5    however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-

6    page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support

7    is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health

8    risk assessment"[2]; and (b) at the same time, EPA posted an October 2015 final report by its

9    standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's

10   existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[3]  Monsanto

11   further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation

12   of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support

13   is for [the descriptor] 'not likely to be carcinogenic to humans'."[4]  Monsanto lacks information

14   or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

15   27 and therefore denies these allegations.

16        28.     In response to the allegations in paragraph 28, Monsanto admits that EPA posted

17   the EPA CARC Final Report on EPA's website in late April 2016 and took the report off the

18   website in early May 2016.  Monsanto further states that, in September 2016, EPA posted the

19   EPA CARC Final Report that endorsed EPA's existing classification of glyphosate as "Not

20

21   [2] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic
     Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"),
22   https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP
     Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on
23   glyphosate's carcinogenic potential.

24   [3] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
     U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the
25   Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
     Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

26
     [4] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of
27   Carcinogenic Potential* at 143, 144 (Dec. 12, 2017),
     https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

28

Likely to be Carcinogenic to Humans."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies those allegations.

29.     In response to the allegations in paragraph 29, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC final Report, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05–56:20.

1    Monsanto denies the remaining allegations in paragraph 29.

2         30.     In response to the allegations in paragraph 30, Monsanto admits that it – along

3    with a large number of other companies and governmental agencies – was defrauded by two

4    chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

5    testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

6    toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

7    glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

8    studies.  To the extent that the allegations in paragraph 30 are intended to suggest that Monsanto

9    was anything other than a victim of this fraud, such allegations are denied.

10        31.     In response to the allegations in paragraph 31, Monsanto admits that Industrial

11   Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the

12   registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of

13   such product is based upon any fraudulent or false IBT studies.

14        32.     Monsanto denies the allegations in paragraph 32 to the extent they suggest that

15   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

16   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

17   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

18   connection with services provided to a broad number of private and governmental entities and

19   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

20   one of several pesticide manufacturers who had used IBT test results.  The audit found some

21   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

22   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

23   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

24   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 32 are

25   intended to suggest that Monsanto was anything other than a victim of this fraud, such

26   allegations also are denied.

27        33.     In response to the allegations in paragraph 33, Monsanto admits that three IBT

28   employees were convicted of the charge of fraud, but Monsanto denies that any of the

1    individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

2    herbicides.

3        34.    In response to the allegations in paragraph 34, Monsanto admits that it – along

4    with numerous other private companies – hired Craven Laboratories as an independent

5    laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that

6    it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies

7    conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in

8    paragraph 34 are intended to suggest that Monsanto was anything other than a victim of this

9    fraud, such allegations are denied.

10       35.    In response to the allegations in paragraph 35, Monsanto admits that Roundup®-

11   branded products are highly valued by its customers because of their efficacy and safety.

12   Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The

13   remaining allegations in paragraph 35 are vague and conclusory and comprise attorney

14   characterizations, and are accordingly denied.

15       36.    In response to the allegations in paragraph 36, Monsanto admits that, following

16   the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such

17   seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks

18   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

19   cited in paragraph 36 and accordingly denies those allegations.  The remaining allegations in

20   paragraph 36 are vague and conclusory and comprise attorney characterizations, and are

21   accordingly denied.

22       37.    In response to the allegations in paragraph 37, Monsanto admits that glyphosate is

23   one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

24   is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks

25   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

26   cited in paragraph 37 and accordingly denies the same.  The remaining allegations in paragraph

27   37 are vague and conclusory and comprise attorney characterizations, and are accordingly

28   denied.

38.     In response to the allegations in paragraph 38, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 38 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

39.     In response to the allegations in paragraph 39, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 39 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

40.     Monsanto denies the allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 41.

42.     Monsanto admits that IARC was created in 1965.  The remaining allegations in paragraph 42 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

43.     Monsanto denies the allegations in the first and second sentences of paragraph 43.  Monsanto admits the allegations in the final sentence of paragraph 43.

44.     In response to the allegations in paragraph 44, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 44, which are not limited as of any specified date, and accordingly denies the same.

45.     In response to the allegations in paragraph 45, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations. Monsanto denies the remaining allegations in paragraph 45.

46.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

47.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 and therefore denies those allegations.

48.     Monsanto denies the allegations in paragraph 48 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

49.     In response to the allegations in paragraph 49, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working group are "experts."

50.     In response to the allegations in paragraph 50, Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 50.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07570-VC

1      51.     In response to the allegations in paragraph 51, Monsanto denies that the IARC

2  working group considered all of the data in the numerous studies that have been conducted

3  looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

4  that it reliably considered the studies that it purports to have reviewed, which frequently reach

5  conclusions directly contrary to those espoused by the IARC working group.  To the extent the

6  allegations purport to characterize statements made in the IARC monograph for glyphosate, the

7  statements in that document speak for themselves, but Monsanto lacks information or knowledge

8  sufficient to form a belief as to the accuracy of the source of said information and accordingly

9  denies the allegations.

10      52.     The allegations in paragraph 52 are vague and conclusory.  To the extent they

11  purport to characterize statements made in the IARC monograph for glyphosate, the statements

12  in that document speak for themselves, but Monsanto lacks information or knowledge sufficient

13  to form a belief as to the accuracy of the source of said information and accordingly denies the

14  allegations.

15      53.     In response to the allegations in paragraph 53, to the extent the allegations purport

16  to characterize statements made in the IARC monograph for glyphosate, the statements in that

17  document speak for themselves, but to the extent that this paragraph means that more than *de*

18  *minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 53.

19      54.     In response to the allegations in paragraph 54, Monsanto admits that the IARC

20  working group identified a number of case control studies of populations with exposures to

21  glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

22  health concern from such exposures.

23      55.     In response to the allegations in paragraph 55, Monsanto denies that the IARC

24  working group considered all of the data in the numerous studies that have been conducted

25  looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

26  that it reliably considered the studies that it purports to have reviewed, which frequently reach

27  conclusions directly contrary to those espoused by the IARC working group.  To the extent that

28

1   the allegations in paragraph 55 purport to characterize statements made in the IARC monograph

2   for glyphosate, the statements in that document speak for themselves.

3         56.     In response to the allegations in paragraph 56, Monsanto admits that the IARC

4   working group identified a number of case control studies of populations with exposures to

5   glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

6   health concern from such exposures.  Monsanto denies the remaining allegations in paragraph

7   56.  The IARC working group concluded that there was only limited evidence of carcinogenicity

8   in epidemiologic studies, which, per IARC's guidelines, means that the working group could not

9   rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

10         57.     In response to the allegations in paragraph 57, Monsanto admits that the IARC

11   working group purported to make these findings, but denies that the animal carcinogenicity

12   studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

13   of the identified tumors.  Monsanto further states that regulatory agencies around the world have

14   reviewed the same animal studies and concluded that they do not provide evidence that

15   glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 57.

16         58.     In response to the allegations in paragraph 58, Monsanto admits that the working

17   group cited to a study that it concluded provided evidence of chromosomal damage in

18   community residents reported to be exposed to glyphosate, but Monsanto denies that the study

19   supports such a conclusion or that the authors of the study reached such a conclusion.

20         59.     In response to the allegations in the first sentence of paragraph 59, Monsanto

21   admits that certain studies have reported that glyphosate and glyphosate-based formulations

22   induced oxidative stress under artificial experimental conditions.  Monsanto denies that these

23   studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce

24   oxidative stress in humans or animals under real-world exposure conditions.  In response to the

25   allegations in the second sentence of paragraph 59, Monsanto states that the cited document

26   speaks for itself and does not require a response.  In response to the allegations in the final

27   sentence of paragraph 59 and in footnote 1, Monsanto denies that any exposure to glyphosate-

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07570-VC

based herbicides or Roundup®-branded products can cause cancer or other serious illnesses. Monsanto denies the remaining allegations in paragraph 59.

60.     In response to the allegations in paragraph 60, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or persist in human blood or urine.  Monsanto further admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto admits that the referenced studies were published, but denies that the studies show any scientifically reliable findings.

62.     In response to the allegations in paragraph 62, Monsanto denies that the cited study provides any reliable basis for a finding that any meaningful levels of glyphosate are present or persist in human blood or urine.  Monsanto denies the remaining allegations in paragraph 62.

63.     In response to the allegations in paragraph 63, Monsanto denies that any exposure to Roundup®-branded products can cause cancer and other serious illnesses and therefore denies the allegations in the first and fourth sentences of paragraph 63.  Monsanto admits that certain Roundup®-branded herbicides contain adjuvants and that EPA has classified such adjuvants as inert.  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  The remaining allegations in paragraph 63 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

64.     In response to the allegations in paragraph 64, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions in certain countries regarding the sale of glyphosate-based herbicides.  Monsanto

1   denies that any final conclusion has been reached in these countries and denies that there is any

2   scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies

3   the remaining allegations in paragraph 64.

4        65.     In response to the allegations in paragraph 65, Monsanto admits that the IARC

5   working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

6   discussions in certain countries regarding the sale of glyphosate-based herbicides, including the

7   Netherlands.  Monsanto denies that any final conclusion has been reached in these countries and

8   denies that there is any scientific basis for the concerns raised by the improper IARC

9   classification.  Monsanto denies the remaining allegations in paragraph 65.

10        66.     In response to the allegations in paragraph 66, Monsanto admits that the IARC

11   working group classification led an individual government attorney in Brazil to write a letter to

12   the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the

13   remaining allegations in paragraph 66.

14        67.     Monsanto admits that, in France, the sale to and use by amateurs (i.e., non-

15   professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited

16   as of January 1, 2019, with certain exceptions. Monsanto denies the remaining allegations in

17   paragraph 67.

18        68.     In response to the allegations in paragraph 68, Monsanto admits that some

19   employees of Bermuda's government announced an intention to suspend the importation of

20   glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the

21   truth of the allegations about whether this suspension took effect and accordingly denies the

22   same.  Monsanto denies the remaining allegations in paragraph 68.

23        69.     In response to the allegations in paragraph 69, Monsanto admits that the IARC

24   monograph appears to be the alleged basis for the Sri Lankan government's actions, including

25   the allegation that glyphosate can cause kidney disease.  Monsanto further states that the

26   allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations

27   regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 69.

28

70.     In response to the allegations in paragraph 70, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto denies the remaining allegations in paragraph 70.

71.     In response to the allegations in paragraph 71, Monsanto admits that 96 individuals signed a letter sent by Dr. Christopher Portier to the EU Health Commissioner (hereinafter "the Portier letter").  Monsanto states that Dr. Portier has been disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto.  Monsanto denies that Dr. Portier or the other signatories to his letter are "prominent experts," and Monsanto lacks information or knowledge sufficient to form a belief as to whether the other signatories were aware, before they signed the Portier letter, that Dr. Portier was working as a retained expert for plaintiffs' counsel.  Monsanto otherwise admits that this letter urged the EU Health Commissioner to disregard the conclusion that glyphosate is not carcinogenic found by EFSA and by the BfR.

72.     In response to the allegations in paragraph 72, Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 72 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 72.

73.     Monsanto admits that, in June 2016, the European Union continued to consider the reregistration of glyphosate.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.  Monsanto further notes that, in March 2017, the European Chemical Agency ("ECHA") announced that its Committee for Risk Assessment concluded that the available scientific evidence did not meet the criteria to

classify glyphosate as a carcinogen.  *See* ECHA, *Glyphosate not classified as a carcinogen by ECHA*, https://echa.europa.eu/-/glyphosate-not-classified-as-a-carcinogen-by-echa.  Monsanto denies the remaining allegations in paragraph 73.

74.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies those allegations.

75.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore denies those allegations.

76.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore denies those allegations.

77.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore denies those allegations.

78.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 78 and therefore denies those allegations.

79.     In response to the allegations in paragraph 79, Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 79 and therefore denies those allegations.

80.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 80 and therefore denies those allegations.

81.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL, and other serious illnesses and therefore denies the allegations in paragraph 81.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

82.     In response to the allegations in subpart (a) of paragraph 82, Monsanto admits that Roundup® branded products are safe for use in accordance with the labeling; that the scientific evidence does not support any causal link between Roundup® branded products and "blood born cancers" or NHL; and that Monsanto has made statements to that effect in accordance with EPA

1   regulation under FIFRA.  Monsanto denies the remaining allegations in paragraph 82, including

2   its subparts.

3           83.     In response to the allegations in paragraph 83, Monsanto admits that it has made

4   statements with respect to the safety of Roundup in accordance with EPA regulation under

5   FIFRA.  Monsanto states that the first sentence in paragraph 83 sets forth conclusions of law for

6   which no response is required.  Monsanto lacks information or knowledge sufficient to form a

7   belief as to the truth of the remaining allegations in paragraph 83 and therefore denies the

8   remaining allegations in paragraph 74.

9           84.     In response to the allegations in the first sentence of paragraph 84, Monsanto

10  denies that there is any risk of NHL or other serious illness associated with the use of and/or

11  exposure to Roundup® and glyphosate.  Monsanto states, however, that the scientific studies

12  upon which IARC purported to base its classification for glyphosate were all publicly available

13  before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to

14  the truth of the remaining allegations in the first sentence of paragraph 84 and therefore denies

15  those allegations.  The final sentence of paragraph 84 sets forth conclusions of law for which no

16  response is required.

17          85.     The first sentence of paragraph 85 sets forth conclusions of law for which no

18  response is required.  Monsanto denies the allegations in the second sentence of paragraph 85.

19          86.     Monsanto denies the allegations in the first sentence of paragraph 85.  Monsanto

20  lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the

21  second sentence of paragraph 85 and therefore denies those allegations.

22          87.     Monsanto incorporates by reference its responses to paragraphs 1 through 86 in

23  response to paragraph 87 of plaintiff's Complaint.

24          88.     In response to the allegations in paragraph 88, Monsanto denies that it violated the

25  laws of Pennsylvania or federal law and states that it complied with all applicable law regarding

26  Roundup®-branded products.  The remaining allegations in paragraph 88 set forth conclusions of

27  law for which no response is required.  To the extent that a response is deemed required,

28  Monsanto denies all such allegations.

1    89.    The allegations in paragraph 89 set forth conclusions of law for which no

2    response is required.

3    90.    Monsanto denies the allegations in the first sentence of paragraph 90.  The second

4    sentence of paragraph 90 sets forth a conclusion of law for which no response is required.

5    91.    Monsanto incorporates by reference its responses to paragraphs 1 through 90, in

6    response to paragraph 91 of plaintiff's Complaint.

7    92.    In response to the allegations in paragraph 92, Monsanto admits that plaintiff

8    purports to bring a claim for strict liability design defect but denies any liability as to that claim.

9    93.    Monsanto denies the allegations in the first and second sentences of paragraph 93.

10   In response to the last sentence of paragraph 93, Monsanto lacks information or knowledge

11   sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to

12   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

13   remaining allegations in paragraph 93.

14   94.    Monsanto denies the allegations in paragraph 94.

15   95.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 95 and therefore denies those allegations.

17   96.    Monsanto denies the allegations in paragraph 96.

18   97.    Monsanto denies the allegations in paragraph 97.

19   98.    Monsanto denies the allegations in paragraph 98.

20   99.    Monsanto denies the allegations in paragraph 99.

21   100.   Monsanto denies the allegations in paragraph 100.

22   101.   Monsanto denies the allegations in paragraph 101.

23   102.   Monsanto denies the allegations in paragraph 102.

24   103.   Monsanto denies the allegations in paragraph 103.

25   104.   Monsanto denies the allegations in paragraph 104.

26   105.   Monsanto denies the allegations in paragraph 105.

27   106.   Monsanto denies the allegations in paragraph 106.

28   107.   Monsanto denies the allegations in paragraph 107.

1    108.   Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 108 concerning plaintiff's claimed exposure to Roundup®-

3    branded products and therefore denies those allegations.  Monsanto denies the remaining

4    allegations in paragraph 108, including that Roundup® branded products have "dangerous

5    characteristics."

6    109.   Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 109 concerning plaintiff's claimed exposure to Roundup®-

8    branded products and therefore denies those allegations.  Monsanto denies the remaining

9    allegations in paragraph 109, including that Roundup®-branded products have "dangerous

10   characteristics."

11   110.   Monsanto denies the allegations in paragraph 110.

12   111.   Monsanto denies the allegations in paragraph 111.

13   112.   Monsanto denies the allegations in paragraph 112.

14   113.   Monsanto denies the allegations in paragraph 113.

15   114.   Monsanto denies the allegations in paragraph 114.

16   115.   Monsanto denies the allegations in paragraph 115.

17   116.   Monsanto denies the allegations in paragraph 116.

18   117.   Monsanto denies the allegations in paragraph 117.

19   118.   Monsanto denies the allegations in paragraph 118.

20   119.   Monsanto denies the allegations in paragraph 119.

21   In response to the allegations in the WHEREFORE paragraph following paragraph 119,

22   Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's

23   Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

24   reasonable attorney's fees as allowed by law and such further and additional relief as this Court

25   may deem just and proper.

26   120.   Monsanto incorporates by reference its responses to paragraphs 1 through 119 in

27   response to paragraph 120 of plaintiff's Complaint.

28

121.    In response to the allegations in paragraph 121, Monsanto admits that plaintiff purports to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

122.    Monsanto denies the allegations in paragraph 122.

123.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 123 that plaintiff purchased Roundup®-branded products and therefore denies those allegations.  The allegations in paragraph 123 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 123.

124.    The allegations in paragraph 124 set forth conclusions of law for which no response is required.

125.    Monsanto denies the allegations in paragraph 125.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto denies the allegations in paragraph 127.

128.    Monsanto denies the allegations in paragraph 128.

129.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 129 and therefore denies those allegations.

130.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 130 concerning plaintiff's alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 130, including that Roundup®-branded products have "dangerous characteristics."

131.    In response to the allegations in paragraph 131, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses and denies that there are any defects in those products.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations

1    in paragraph 131 and therefore denies those allegations.  Monsanto states, however, that the

2    scientific studies upon which IARC purported to base its evaluation of glyphosate were all

3    publicly available before March 2015.

4          132.    Monsanto denies the allegations in paragraph 132.

5          133.    Monsanto denies the allegations in paragraph 133.

6          134.    In response to the allegations in paragraph 134, Monsanto denies that there is any

7    risk of NHL or any other serious illnesses associated with the intended use of and/or exposure to

8    Roundup®-branded products and glyphosate.  The allegations in the second sentence of

9    paragraph 134 set forth conclusions of law for which no response is required.  Monsanto denies

10   the remaining allegations in paragraph 134.  All labeling of Roundup®-branded products has

11   been and remains EPA-approved and in compliance with all applicable laws and regulations

12         135.    Monsanto denies the allegations in paragraph 135.

13         136.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in paragraph 136 concerning plaintiff's alleged use of Roundup®-branded

15   products and therefore denies those allegations.  Monsanto denies the remaining allegations in

16   paragraph 136.

17         137.    Monsanto denies the allegations in paragraph 137.

18         138.    Monsanto denies the allegations in paragraph 138.  All labeling of Roundup®-

19   branded products has been and remains EPA-approved and in compliance with all federal

20   requirements under FIFRA.

21         139.    Monsanto denies the allegations in paragraph 139.

22         140.    Monsanto denies the allegations in paragraph 140.

23         In response to the allegations in the WHEREFORE paragraph following paragraph 140,

24   Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's

25   Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

26   reasonable attorney's fees as allowed by law and such further and additional relief as this Court

27   may deem just and proper.

28

141.     Monsanto incorporates by reference its responses to paragraphs 1 through 140 in response to paragraph 141 of plaintiff's Complaint.

142.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 142 regarding the specific products allegedly used by plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore denies the allegations in paragraph 142.

143.     The allegations in paragraph 143 set forth conclusions of law for which no response is required.

144.     The allegations in paragraph 144 set forth conclusions of law for which no response is required.

145.     Monsanto denies the allegations in paragraph 145.

146.     Monsanto denies the allegations in paragraph 146.

147.     Monsanto denies the allegations in paragraph 147.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

148.     Monsanto denies the allegations in paragraph 148.

149.     Monsanto denies the allegations in the first sentence of paragraph 149.  In response to the allegations in the second sentence of paragraph 149, Monsanto denies that Monsanto's promotional activities were not honest.  The remaining allegations in paragraph 149 set forth conclusions of law for which no response is required.

150.     Monsanto denies the allegations in paragraph 150.

151.     Monsanto denies the allegations in paragraph 151, including each of its subparts.

152.     Monsanto denies the allegations in paragraph 152.

153.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 153 regarding plaintiff's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 153, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

154.     Monsanto denies the allegations in paragraph 154.

1    155.    Monsanto denies the allegations in paragraph 155.

2    156.    Monsanto denies the allegations in paragraph 156.

3    157.    Monsanto denies the allegations in paragraph 157.

4    In response to the allegations in the WHEREFORE paragraph following paragraph 157,

5  Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's

6  Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

7  reasonable attorney's fees as allowed by law and such further and additional relief as this Court

8  may deem just and proper.

9    158.    Monsanto incorporates by reference its responses to paragraphs 1 through 157 in

10  response to paragraph 158 of plaintiff's Complaint.

11    159.    Monsanto denies the allegations in paragraph 159.  Additionally, the last sentence

12  in paragraph 159 sets forth a conclusion of law for which no response is required.

13    160.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in paragraph 160 regarding plaintiff's claimed use of Roundup®-branded

15  products and therefore denies those allegations. The remaining allegations in paragraph 160 set

16  forth conclusions of law for which no response is required.

17    161.    Monsanto denies the allegations in paragraph 161.  All labeling of Roundup®-

18  branded products has been and remains EPA-approved and in compliance with all federal

19  requirements under FIFRA.

20    162.    The allegations in paragraph 162 set forth conclusions of law for which no

21  response is required.

22    163.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 163 and therefore denies those allegations.

24    164.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25  truth of the allegations in paragraph 164 regarding the claimed use of Roundup®-branded

26  products by plaintiff and others and therefore denies those allegations.  The remaining

27  allegations in paragraph 164 set forth conclusions of law for which no response is required.

28

1       165.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2 truth of the allegations in paragraph 165 regarding plaintiff's claimed use of or exposure to

3 Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph

4 165 regarding Monsanto's implied warranty sets forth conclusions of law for which no response

5 is required.  Monsanto denies the remaining allegations in paragraph 165.

6       166.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7 truth of the allegations in paragraph 166 regarding plaintiff's claimed use of or exposure to

8 Roundup®-branded products or plaintiff's claimed reliance and therefore denies those

9 allegations.  The allegation in paragraph 166 regarding Monsanto's implied warranty sets forth

10 conclusions of law for which no response is required.

11       167.    Monsanto denies that there is any risk of serious injury associated with or linked

12 to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

13 Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

14 allegations in paragraph 167 regarding plaintiff's knowledge about Roundup®-branded products

15 and therefore denies the remaining allegations in paragraph 167.

16       168.    Monsanto denies the allegations in paragraph 168.

17       169.    Monsanto denies the allegations in paragraph 169.

18       170.    Monsanto denies the allegations in paragraph 170.

19       In response to the allegations in the WHEREFORE paragraph following paragraph 170,

20 Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's

21 Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

22 reasonable attorney's fees as allowed by law and such further and additional relief as this Court

23 may deem just and proper.

24       171.    Monsanto incorporates by reference its responses to paragraphs 1 through 170 in

25 response to paragraph 171 of plaintiff's Complaint.

26       172.    Monsanto denies the allegations in the first sentence of paragraph 172 to the

27 extent it encompasses all herbicides as vague and ambiguous but Monsanto admits the

28 allegations in this sentence to the extent it refers to glyphosate based herbicides.  Monsanto

1    denies the allegations that Roundup® branded products are defective and unreasonably dangerous

2    to consumers and therefore denies the remaining allegations in paragraph 172.

3        173.    The allegations in paragraph 173 and its subparts set forth conclusions of law for

4    which no response is required.

5        174.    In response to the allegations in paragraph 174, Monsanto admits that it has sold

6    glyphosate based herbicides in accordance with their EPA-approved labeling.  Monsanto further

7    states that paragraph 174 sets forth conclusions of law for which no response is required.

8    Monsanto denies the remaining allegations in paragraph 174.

9        175.    Monsanto denies the allegations in the first and second sentence of paragraph 175.

10   All labeling of Roundup®-branded products has been and remains EPA-approved and in

11   compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

12   of paragraph 175 sets forth conclusions of law for which no response is required.

13       176.    The first sentence of paragraph 176 sets forth conclusions of law for which no

14   response is required.   Monsanto denies the allegations in the final sentence of paragraph 176.

15       177.    Monsanto denies the allegations in paragraph 177 and each of its subparts.

16       178.    Monsanto states that the allegation in paragraph 178 that Monsanto made an

17   express warranty sets forth a legal conclusion for which no response is required.  Monsanto lacks

18   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

19   in paragraph 178 and therefore denies those allegations.

20       179.    Monsanto denies the allegations in paragraph 179 to the extent that they allege

21   that Monsanto made false or incomplete statements and representations concerning Roundup®.

22   All labeling of Roundup® branded products has been and remains EPA-approved and in

23   compliance with all federal requirements under FIFRA.  Monsanto lacks information or

24   knowledge sufficient to form a belief as to the truth of the allegations in paragraph 179 regarding

25   plaintiff's knowledge and therefore denies those allegations.

26       180.    Monsanto denies the allegations in paragraph 180.

27       In response to the allegations in the WHEREFORE paragraph following paragraph 180,

28   Monsanto demands that judgment be entered in its favor and against plaintiff's; that plaintiff's

1    Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

2    reasonable attorney's fees as allowed by law and such further and additional relief as this Court

3    may deem just and proper.

4         181.    Monsanto incorporates by reference its responses to paragraphs 1 through 180 in

5    response to paragraph 181 of plaintiff's Complaint.

6         182.    Monsanto denies the allegations in paragraph 182.

7         183.    Monsanto denies the allegations in paragraph 183.

8         184.    Monsanto denies the allegations in paragraph 184.

9         185.    Monsanto denies the allegations in paragraph 185.

10        186.    Paragraph 186 sets forth a conclusion of law for which no response is required.

11        187.    The allegations in paragraph 187 set forth conclusions of law for which no

12   response is required.

13        188.    In response to the allegations in paragraph 188, Monsanto denies that plaintiffs

14   are entitled to the relief sought therein, including any judgment for any damages, interest, costs,

15   or any other relief whatsoever.

16        Every allegation in the Complaint that is not specifically and expressly admitted in this

17   Answer is hereby specifically and expressly denied.

18                    **SEPARATE AND AFFIRMATIVE DEFENSES**

19        1.    The Complaint, in whole or part, fails to state a claim or cause of action against

20   Monsanto upon which relief can be granted.

21        2.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

22   reliable evidence that the products at issue were defective or unreasonably dangerous.

23        3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

24   was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

25   plaintiff's alleged injuries.

26        4.    Plaintiff's claims are barred, in whole or in part, because the products at issue

27   were designed, manufactured, marketed and labeled with proper warnings, information, cautions

28

and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose, bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Pennsylvania Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Pennsylvania law, and/or other applicable state laws.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.    Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

25.    If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

26.    Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize or limit such claims.

27.    Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.    Monsanto hereby preserves any and all defenses under *Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (Pa. 2014).

29.    Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  December 6, 2019                     Respectfully submitted,


/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF"S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07570-VC