**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Michael McClellan* *v. Monsanto Co. and John Does 1-50,* Case No. 3:19-cv-07906-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Michael McClellan's Complaint ("the Complaint"), except as set forth below.  Additionally, to the extent plaintiff's allegations are directed towards both Monsanto and the collective "John Doe" co-defendants, Monsanto answers plaintiff's allegations only as to Monsanto and not as to the co-defendants.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies those allegations.

2.      Monsanto admits the allegations in paragraph 2.

3.      The allegations in paragraph 3 are not directed at Monsanto and therefore no answer is required.  To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 comprise attorney characterizations and are accordingly denied.  Monsanto states that it is only answering on behalf of Monsanto and not on behalf of un-named co-defendants, including all allegations that are directed at "Defendants."

5.      In response to the allegations in paragraph 5, Monsanto admits that it sells Roundup®-branded products in Utah.

6.      Monsanto denies that plaintiff was injured by Roundup®-branded products and denies that it has engaged in any of the "negligent and wrongful conduct" alleged in the Complaint.   Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 6.

7.      Monsanto denies the allegations in paragraph 7.

8.      Monsanto denies the allegations in paragraph 8.

9.      The allegations in paragraph 9 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto admits the allegations in paragraph 9 based upon the allegations in plaintiff's Complaint.

10.     Monsanto admits the allegations in paragraph 10.

11.     The allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.     The allegations in the first sentence of paragraph 12 set forth conclusions of law for which no response is required.  Monsanto admits the allegations in the second sentence of paragraph 12.  In response to the allegations in the final sentence of paragraph 12, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 13 and therefore denies those allegations. Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto denies the remaining allegations in paragraph 13.

14.     The allegations in paragraph 14 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

15.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16.     Monsanto denies that plaintiff was injured by Roundup®-branded products and denies that it has engaged in any of the "negligent and wrongful conduct" alleged in the Complaint.  Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 16.

17.     Monsanto denies the allegations in paragraph 17.

18.     Monsanto denies the allegations in paragraph 18.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     Monsanto denies the allegations in paragraph 20.

21.     Monsanto denies the allegations in paragraph 21.

22.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in the Complaint's first-numbered paragraph 22 set forth conclusions of law for which no response is required.

22.     In response to the Complaint's second-numbered paragraph 22, Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and

offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 22 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

23.     Monsanto admits the allegations in paragraph 23.

24.     Monsanto admits the allegations in paragraph 24.

25.     In response to the allegations in paragraph 25, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 25 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies those allegations.

26.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 26 comprise attorney characterizations and are accordingly denied.

27.     Monsanto admits the allegations in paragraph 27.

28.     Monsanto generally admits the allegations in paragraph 28, but denies the allegations in paragraph 28 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

29.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies those allegations.

30.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 30 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 30.

31.     In response to the allegations in the first and second sentences of paragraph 31, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but

1  notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

2  Monsanto admits the allegations in the third sentence of paragraph 31. Monsanto lacks

3  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

4  in paragraph 31 and therefore denies those allegations.

5        32.    In response to the allegations in paragraph 32, Monsanto admits that certain

6  studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory

7  safety limits in various locations and media. Monsanto denies the remaining allegations in

8  paragraph 32.

9        33.    Monsanto admits the allegations in the first sentence of paragraph 33. Monsanto

10  denies the allegations in the second sentence of paragraph 33 to the extent they suggest that the

11  International Agency for Research on Cancer ("IARC") based its evaluation on a complete or

12  accurate assessment of the scientific research regarding glyphosate.

13        34.    Monsanto admits the allegations in the first sentence of paragraph 34. Monsanto

14  denies the allegations in the second sentence of paragraph 34.

15        35.    In response to the allegations in paragraph 35, Monsanto admits that the IARC

16  working group classified glyphosate under Group 2A. Monsanto denies the remaining

17  allegations in paragraph 35.

18     36.    Monsanto denies the allegations in paragraph 36.

19        37.    In response to the allegations in paragraph 37, Monsanto admits that glyphosate

20  repeatedly has been found to be safe to humans and the environment by regulators in the United

21  States and around the world and further admits that it has labeled glyphosate products as

22  approved by regulatory bodies consistent with those findings. Monsanto also admits that the

23  United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to

24  the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based

25  herbicides create no unreasonable risk to human health or to the environment when used in

26  accordance with the label. To the extent that paragraph 37 alleges that Monsanto has labeled

27  glyphosate or Roundup®-branded herbicides in any manner different or in addition to such

28  regulatory approval, Monsanto denies such allegations.

1    38.    In response to the allegations in paragraph 41, Monsanto admits that, at certain

2    times, Osborn was involved in marketing certain Roundup®-branded products, under

3    Monsanto's control, direction, and supervision.  Monsanto also admits that EPA repeatedly has

4    concluded pursuant to FIFRA that glyphosate-based herbicides create no unreasonable risk to

5    human health or to the environment when used in accordance with the label.  To the extent that

6    paragraph 41 alleges that Osborn marketed Roundup®-branded herbicides in any manner

7    different or in addition to such regulatory approval, Monsanto denies such allegations.

8    Monsanto denies the remaining allegations in paragraph 41.

9    39.    The allegations in paragraph 39 set forth conclusions of law for which no

10   response is required.  To the extent that a response is deemed required, Monsanto admits the

11   allegations in paragraph 39.

12   40.    In response to the allegations in paragraph 40, Monsanto admits that EPA requires

13   registrants of herbicides to submit extensive data in support of the human health and

14   environmental safety of their products and further admits that EPA will not register or approve

15   the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

16   Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 40 set forth

17   conclusions of law for which no response is required.

18   41.    The allegations in paragraph 41 set forth conclusions of law for which no

19   response is required.

20   42.    Monsanto admits that Roundup®-branded products are registered by EPA for

21   manufacture, sale and distribution and are registered by the State of Alabama for sale and

22   distribution.

23   43.    In response to the allegations in paragraph 43, Monsanto admits that EPA requires

24   registrants of herbicides to submit extensive data in support of the human health and

25   environmental safety of their products and further admits that EPA will not register or approve

26   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

27   states that the term "the product tests" in the final sentence of paragraph 43 is vague and

28

- 6 -

1   ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 43

2   set forth conclusions of law for which no answer is required.

3        44.    Monsanto denies the allegations in paragraph 44 to the extent that they suggest

4   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

5   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

6   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

7   of the allegations in paragraph 44 regarding such pesticide products generally and therefore

8   denies those allegations.  The remaining allegations in paragraph 44 set forth conclusions of law

9   for which no response is required.

10       45.    In response to the allegations in paragraph 45 Monsanto admits that EPA has

11  undertaken a regulatory review of glyphosate and further admits that EPA has not released its

12  findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

13  Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

14  concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

15  humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

16  posted an October 2015 final report by its standing Cancer Assessment Review Committee

17  ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

18  to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

19  issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

20  the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

21

22

23  ———————————————
    [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic*
24  *Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
    document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in
25  anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
    potential.
26  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
    U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
27  *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
    Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07906-VC

humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives:  Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies those allegations.

46.     In response to the allegations in paragraph 46, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017) https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 46 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

47.     In response to the allegations in paragraph 47, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 47 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

48.     Monsanto denies the allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup$^{®}$ as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 49 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 49.

50.     Monsanto denies the allegations in the Complaint's first-numbered paragraph 50.

51.     In response to the allegations in the Complaint's first-numbered paragraph 51, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in the Complaint's first-numbered paragraph 51 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the Complaint's first-numbered paragraph 51 and therefore denies those allegations.

52.     Monsanto admits the allegations in the Complaint's first-numbered paragraph 52.

53.     In response to the allegations in the Complaint's first-numbered paragraph 53, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in the Complaint's first-numbered paragraph 53 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a

1   belief as to the truth of the remaining allegations in the Complaint's first-numbered paragraph 53

2   and therefore denies those allegations.

3       54.     Monsanto states that the term "toxic" as used in the Complaint's first-numbered

4   paragraph 54 is vague and ambiguous to the extent it is intended to suggest any evidence of

5   carcinogenicity.  Monsanto denies the allegations in the Complaint's first-numbered paragraph

6   54.

7       55.     Monsanto admits the allegations in the Complaint's first-numbered paragraph 55.

8       50.     In response to the allegations in the Complaint's second-numbered paragraph 50,

9   Monsanto states that the document speaks for itself and does not require a response.  To the

10  extent that a response is deemed required, Monsanto denies the allegations in the Complaint's

11  second-numbered paragraph 50.

12      51.     In response to the allegations in the Complaint's second-numbered paragraph 51,

13  Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect

14  cell cycle regulation" in 2004.  To the extent that the Complaint's second-numbered paragraph

15  51 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in the

16  Complaint's second-numbered paragraph 51.

17      52.     In response to the allegations in the Complaint's second-numbered paragraph 52,

18  Monsanto states that these documents speak for themselves and do not require a response.  To

19  the extent that a response is deemed required, Monsanto denies the allegations in the

20  Complaint's second-numbered paragraph 52.

21      53.     In response to the allegations in the Complaint's second-numbered paragraph 53,

22  Monsanto states that the cited document speaks for itself and does not require a response.  To the

23  extent that the Complaint's second-numbered paragraph 53 characterizes the meaning of the

24  cited study, Monsanto denies the remaining allegations in the Complaint's second-numbered

25  paragraph 53.

26      54.     Monsanto denies the allegations in the Complaint's second-numbered paragraph

27  54.

28

55.      In response to the allegations in the Complaint's second-numbered paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the Complaint's second-numbered paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in the Complaint's second-numbered paragraph 55.

56.      In response to the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 56.

57.      Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 57.

58.      Monsanto denies the allegations in paragraph 58.

59.      Monsanto denies the allegations in paragraph 59.

60.      Monsanto denies the allegations in paragraph 60.

61.      Monsanto denies the allegations in paragraph 61.

62.      Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 62.

63.      Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 63 and therefore denies those allegations.

64.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

1    65.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 65 and therefore denies those allegations.  Monsanto denies

3    that glyphosate met the criteria necessary to be eligible for review.

4    66.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

5    carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

6    evidence was "cumulative."  The remaining allegations in paragraph 66 are vague and

7    conclusory and comprise attorney characterizations and are accordingly denied.

8    67.    Monsanto admits that the full IARC Monograph regarding glyphosate was

9    published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

10   2A carcinogen.  In response to the remaining allegations in paragraph 67, Monsanto states that

11   the document speaks for itself and does not require a response.  To the extent that a response is

12   deemed required, the remaining allegations in paragraph 67 comprise attorney characterizations

13   and are accordingly denied.

14   68.    In response to the allegations in paragraph 68, Monsanto states that the document

15   speaks for itself and does not require a response.  To the extent that a response is deemed

16   required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly

17   denied.

18   69.    In response to the allegations in paragraph 69, Monsanto states that the document

19   speaks for itself and does not require a response.  To the extent that a response is deemed

20   required, the allegations in paragraph 69 comprise attorney characterizations and are accordingly

21   denied.

22   70.    Monsanto denies the allegations in paragraph 70.

23   71.    The allegations in paragraph 71 comprise attorney characterizations and are

24   accordingly denied.

25   72.    Monsanto admits the allegations in paragraph 72.

26   73.    In response to the allegations in paragraph 73, Monsanto states that the cited

27   document speaks for itself and does not require a response.  To the extent that paragraph 73

28

1    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

2    paragraph 73.

3         74.    In response to the allegations in paragraph 74, Monsanto admits that certain

4    studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

5    under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

6    evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

7    animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

8    paragraph 74.

9         75.    The allegations in paragraph 75 are vague and ambiguous and are accordingly

10   denied.

11        76.    In response to the allegations in paragraph 76, Monsanto states that the cited

12   document speaks for itself and does not require a response.

13        77.    In response to the allegations in paragraph 77, Monsanto states that the cited

14   document speaks for itself and does not require a response.  To the extent that paragraph 77

15   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

16   paragraph 77.

17        78.    Monsanto denies the allegations in paragraph 78.

18        79.    In response to the allegations in paragraph 79, Monsanto states that the cited

19   document speaks for itself and does not require a response.  Monsanto otherwise denies the

20   allegations in paragraph 79.

21        80.    Monsanto admits that there is no reliable evidence that Roundup®-branded

22   products are genotoxic, and that regulatory authorities and independent experts agree that

23   Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

24   paragraph 80.

25        81.    Monsanto denies the allegations in paragraph 81.

26        82.    Monsanto denies the allegations in paragraph 82.

27        83.    Monsanto denies the allegations in paragraph 83.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07906-VC

84.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto admits the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto admits the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 97.

98.     In response to the allegations in paragraph 98, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the products' EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the products' EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 99.

100.    In response to the allegations in paragraph 100, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United

1   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

2   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

3   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

4   carcinogen.  Monsanto denies the remaining allegations in paragraph 100.

5       101.    Monsanto denies the allegations in paragraph 101.

6       102.    Monsanto denies the allegations in paragraph 102.

7       103.    Monsanto denies the allegations in paragraph 103.

8       104.    Monsanto denies the allegations in paragraph 104.

9       105.    Monsanto denies the allegations in paragraph 105.

10       106.    Monsanto denies the allegations in paragraph 106.

11       107.    Monsanto denies the allegations in paragraph 105.

12       108.    Monsanto denies the allegations in paragraph 108.

13       109.    Monsanto denies the allegations in paragraph 109.

14       110.    Monsanto denies the allegations in paragraph 110.

15       111.    Monsanto denies the allegations in paragraph 111.

16       112.    In response to the allegations in paragraph 112, Monsanto admits that an EPA

17   review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

18   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

19   evidence, including but not limited to three animal carcinogenicity studies.

20       113.    In response to the allegations in paragraph 113, Monsanto admits that an EPA

21   review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

22   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

23   evidence, including but not limited to three animal carcinogenicity studies.

24       114.    In response to the allegations in paragraph 114, Monsanto admits that plaintiff has

25   accurately quoted from one passage in an EPA document in 1991 with respect to the designation

26   of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not

27   pose any cancer risk to humans.  Monsanto denies the remaining allegations in paragraph 114.

28

115.     In response to the allegations in paragraph 115, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 115 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

116.     In response to the allegations in paragraph 116, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

117.     Monsanto denies the allegations in paragraph 117 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 117 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

118.     In response to the allegations in the first sentence of paragraph 118, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or

glyphosate-based herbicides.  In response to the allegations in the second sentence of paragraph 118, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto further admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 118 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

119.  Monsanto denies the allegations in paragraph 119.

120.    Monsanto denies the allegations in paragraph 120.

121.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 121 regarding alleged reliance by the public and EPA and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 121.

122.    Monsanto denies the allegations in paragraph 122.

123.    Monsanto denies the allegations in paragraph 123.

124.    In response to the allegations in paragraph 124, Monsanto admits that in March 2015, the Joint Glyphosate Task Force issued a press release, which speaks for itself.  Monsanto denies the remaining allegations in paragraph 124.

125.    Monsanto admits the allegations in the first sentence of paragraph 125.  Monsanto denies the remaining allegations in paragraph 125.

126.    In response to the allegations in paragraph 126, Monsanto admits that it brought a lawsuit in California challenging the notice of intent by the California Office of Environmental Health Hazard Assessment ("OEHHA") to include glyphosate on its Proposition 65 list. Monsanto denies the remaining allegations in paragraph 126.  Monsanto states that the OEHHA decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the weight or quality of the evidence considered by IARC.  Monsanto further states that this decision was not based upon any independent scientific analysis of glyphosate but

1    instead was in response to a provision of a California ballot proposition triggering such action

2    based solely upon the IARC classification, and indeed was contrary to OEHHA's own

3    conclusion in 2007, based upon its own independent evaluation of the same scientific evidence,

4    that glyphosate is "unlikely to pose a cancer hazard to humans."[4]  Monsanto contends that

5    OEHHA's decision that it was required to list glyphosate violates the United States Constitution

6    and the California Constitution.  On February 26, 2018, a federal district court enjoined

7    California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.

8         127.    In response to the allegations in paragraph 127, Monsanto admits that Roundup[®]-

9    branded products are highly valued by its customers because of their efficacy and safety.

10   Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The

11   remaining allegations in paragraph 127 are vague and conclusory and comprise attorney

12   characterizations, and are accordingly denied.

13        128.    In response to the allegations in paragraph 128, Monsanto admits that, following

14   the development of Roundup[®] Ready seeds, it began to sell them in the 1990s and that such

15   seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks

16   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

17   cited in paragraph 128 and accordingly denies those allegations.  The remaining allegations in

18   paragraph 128 are vague and conclusory and comprise attorney characterizations, and are

19   accordingly denied.

20        129.    In response to the allegations in paragraph 129, Monsanto admits that glyphosate

21   is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that

22   it is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks

23   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

24   cited in paragraph 129 and accordingly denies the same.  Monsanto denies the allegations in the

25

26

27   [4] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
     https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07906-VC

1    last two sentences of paragraph 129.  The remaining allegations in paragraph 52 are vague and

2    conclusory and comprise attorney characterizations, and are accordingly denied.

3        130.    Monsanto incorporates by reference its responses to paragraphs 1 through 129 in

4    response to paragraph 130 of plaintiff's Complaint.

5        131.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 131 and therefore denies those allegations.

7        132.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 132 and therefore denies those allegations.

9        133.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in the first sentence of paragraph 132 and therefore denies those

11   allegations. Monsanto denies the allegations in the second sentence of paragraph 133.

12       134.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations in paragraph 132 and therefore denies those allegations.

14       135.    Monsanto incorporates by reference its responses to paragraphs 1 through 134 in

15   response to paragraph 135 of plaintiff's Complaint.

16       136.    The allegations in paragraph 136 set forth conclusions of law for which no

17   response is required.

18       137.    Monsanto denies the allegations in paragraph 137.

19       138.    Monsanto denies the allegations in paragraph 138, including each of its subparts.

20       139.    Monsanto denies the allegations in paragraph 139.

21       140.    Monsanto denies the allegations in paragraph 140.

22       141.    Monsanto denies the allegations in paragraph 141, including each of its subparts.

23       142.    Monsanto denies the allegations in paragraph 142.

24       143.    Monsanto denies the allegations in paragraph 143.

25       144.    Monsanto denies the allegations in paragraph 144.

26       In response to the "WHEREFORE" paragraph following paragraph 144, Monsanto

27   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

28   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

1   fees as allowed by law and such further and additional relief as this Court may deem just and

2   proper.

3       145.    Monsanto incorporates by reference its responses to paragraphs 1 through 144 in

4   response to paragraph 145 of plaintiff's Complaint.

5       146.    The allegations in paragraph 146 set forth conclusions of law for which no

6   response is required.

7       147.    Monsanto denies the allegations in paragraph 147.

8       148.    Monsanto denies the allegations in paragraph 148.  All labeling of Roundup®-

9   branded products has been and remains EPA-approved and in compliance with all federal

10  requirements under FIFRA.

11      149.    Monsanto denies the allegations in paragraph 149.

12      150.    Monsanto denies the allegations in paragraph 150.

13      151.    Monsanto denies the allegations in paragraph 151.

14      152.    Monsanto denies the allegations in paragraph 152.

15      153.    Monsanto denies the allegations in paragraph 153, including each of its subparts.

16          In response to the "WHEREFORE" paragraph following paragraph 153, Monsanto

17  demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

18  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

19  fees as allowed by law and such further and additional relief as this Court may deem just and

20  proper.

21      154.    Monsanto incorporates by reference its responses to paragraphs 1 through 153 in

22  response to paragraph 154 of plaintiff's Complaint.

23      155.    Monsanto admits the allegations in paragraph 155.

24      156.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25  truth of the allegations in paragraph 156 and therefore denies those allegations.

26      157.    Monsanto denies the allegations in paragraph 157.

27      158.    Monsanto denies the allegations in paragraph 158.

28      159.    Monsanto denies the allegations in paragraph 159.

160.    Monsanto denies the allegations in paragraph 160.

161.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 161 and therefore denies those allegations.

162.    The allegations in the first sentence of paragraph 162 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 162.

163.    Monsanto denies the allegations in paragraph 163.

164.    Monsanto denies the allegations in paragraph 164 and each of its subparts.

165.    Monsanto denies the allegations in paragraph 165.

166.    Monsanto denies that Roundup®-branded products have "dangerous characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 166 and therefore denies those allegations.

167.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 167 and therefore denies those allegations.

168.    Monsanto denies the allegations in paragraph 168.

169.    The allegations in paragraph 169 set forth conclusions of law for which no response is required.

170.    Monsanto denies the allegations in paragraph 170.

171.    Monsanto denies the allegations in paragraph 171.

172.    Monsanto denies the allegations in paragraph 172.

173.    Monsanto denies the allegations in paragraph 173.

174.    Monsanto denies the allegations in paragraph 174.

175.    Monsanto denies the allegations in paragraph 175.

176.    Monsanto denies the allegations in paragraph 176.

177.    Monsanto denies the allegations in paragraph 177.

178.    Monsanto denies the allegations in paragraph 178.

179.    Monsanto denies the allegations in paragraph 179.

180.    Monsanto denies the allegations in paragraph 180.

1   181. Monsanto denies the allegations in paragraph 181.

2   182. Monsanto denies the allegations in paragraph 182.

3   183. Monsanto incorporates by reference its responses to paragraphs 1 through 182 in

4 response to paragraph 183 of plaintiff's Complaint.

5   184. Monsanto admits the allegations in paragraph 184.

6   185. Monsanto lacks information or knowledge sufficient to form a belief as to the

7 truth of the allegations in paragraph 185 and therefore denies those allegations.

8   186. Monsanto denies the allegations in paragraph 186.

9   187. The allegations in paragraph 187 set forth conclusions of law for which no

10 response is required.

11   188. Monsanto denies the allegations in paragraph 188.

12   189. Monsanto denies the allegations in paragraph 189.

13   190. Monsanto denies the allegations in paragraph 190.  All labeling of Roundup®-

14 branded products has been and remains EPA-approved and in compliance with all federal

15 requirements under FIFRA.

16   191. Monsanto denies the allegations in paragraph 191.  All labeling of Roundup®-

17 branded products has been and remains EPA-approved and in compliance with all federal

18 requirements under FIFRA.

19   192. Monsanto denies the allegations in paragraph 192.

20   193. Monsanto denies the allegations in paragraph 193.

21   194. Monsanto denies the allegations in paragraph 194.

22   195. Monsanto denies the allegations in paragraph 195.

23   196. Monsanto lacks information or knowledge sufficient to form a belief as to the

24 truth of the allegations in paragraph 196 and therefore denies those allegations.

25   197. Monsanto denies that Roundup®-branded herbicides cause any dangerous risk or

26 side effects to human health or to the environment when used in accordance with the label.  The

27 remaining allegations in paragraph 197 set forth a conclusion of law for which no response is

28 required.

198.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 198 concerning plaintiff's knowledge and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 198.

199.    Monsanto denies the allegations in paragraph 199.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

200.    Monsanto denies the allegations in paragraph 200.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

201.    Monsanto denies the allegations in paragraph 201.

202.    Monsanto denies the allegations in paragraph 202.

203.    Monsanto denies the allegations in paragraph 203.

204.    Monsanto denies the allegations in paragraph 204.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

205.    Monsanto denies the allegations in paragraph 205.

206.    Monsanto denies the allegations in paragraph 206.

207.    The allegations in paragraph 207 set forth conclusions of law for which no response is required.

208.    Monsanto denies the allegations in paragraph 208, including each of its subparts.

In response to the "WHEREFORE" paragraph following paragraph 208, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper

209.    Monsanto incorporates by reference its responses to paragraphs 1 through 208 in response to paragraph 209 of plaintiff's Complaint.

1    210.    The allegations in paragraph 210 set forth conclusions of law for which no

2    response is required.

3    211.    The allegations in paragraph 211 are vague and conclusory and comprise attorney

4    characterizations and are accordingly denied.  All labeling of Roundup®-branded products has

5    been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

6    212.    Monsanto denies the allegations in paragraph 212.

7    213.    Monsanto denies the allegations in paragraph 213.

8    214.    Monsanto denies the allegations in paragraph 214.

9    215.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 215 regarding plaintiff's reliance and therefore denies those

11   allegations.  Monsanto denies the remaining allegations in paragraph 215.

12   216.    Monsanto denies the allegations in paragraph 216.

13   In response to the "WHEREFORE" paragraph following paragraph 216, Monsanto

14   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

15   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

16   fees as allowed by law and such further and additional relief as this Court may deem just and

17   proper

18   217.    Monsanto incorporates by reference its responses to paragraphs 1 through 216 in

19   response to paragraph 217 of plaintiff's Complaint.

20   218.    Monsanto denies the allegations in paragraph 218.

21   219.    Monsanto denies the allegations in paragraph 219.

22   220.    Monsanto denies the allegations in paragraph 220.

23   221.    Monsanto denies the allegations in paragraph 221.

24   222.    Monsanto denies the allegations in paragraph 222.

25   223.    Monsanto denies the allegations in paragraph 223.

26   224.    Monsanto denies the allegations in paragraph 224.

27   225.    Monsanto denies the allegations in paragraph 225.

28   226.    Monsanto denies the allegations in paragraph 226.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07906-VC

1    227.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 227 regarding plaintiff's actions, and therefore Monsanto

3    denies those allegations.  Monsanto denies the remaining allegations in paragraph 2277.

4    228.    Monsanto denies the allegations in paragraph 228.

5    229.    Monsanto denies the allegations in paragraph 229.

6    In response to the "WHEREFORE" paragraph following paragraph 229 Monsanto

7    demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

8    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

9    fees as allowed by law and such further and additional relief as this Court may deem just and

10   proper.

11   230.    Monsanto incorporates by reference its responses to paragraphs 1 through 189 in

12   response to paragraph 230 of plaintiff's Complaint.

13   231.    Monsanto denies the allegations in paragraph 231.

14   232.    Monsanto denies the allegations in paragraph 232.

15   233.    Monsanto denies the allegations in paragraph 233.

16   234.    Monsanto denies the allegations in paragraph 234.

17   235.    Monsanto denies the allegations in paragraph 235.

18   236.    Monsanto denies the allegations in paragraph 236.

19   237.    Monsanto denies the allegations in paragraph 237.

20   238.    Monsanto denies the allegations in paragraph 238.

21   239.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 239 regarding plaintiff's actions, and therefore Monsanto

23   denies those allegations.  Monsanto denies the remaining allegations in paragraph 239.

24   240.    Monsanto denies the allegations in paragraph 240.

25   241.    Monsanto denies the allegations in paragraph 241.  All labeling of Roundup®-

26   branded products has been and remains EPA-approved and in compliance with all federal

27   requirements under FIFRA.

28   242.    Monsanto denies the allegations in paragraph 242.

In response to the "WHEREFORE" paragraph following paragraph 242 Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

243.   Monsanto incorporates by reference its responses to paragraphs 1 through 242 in response to paragraph 243 of plaintiff's Complaint.

244.   Monsanto denies the allegations in paragraph 244.

245.   Monsanto denies the allegations in paragraph 245.

In response to the "WHEREFORE" paragraph following paragraph 245 Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.   The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.   Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.   Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Utah Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Utah law and/or other applicable state laws.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law..

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23. Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

25. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26. Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27. Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28. Plaintiff has failed to allege fraud with sufficient specificity.

29. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  December 9, 2019                    Respectfully submitted,

<u>/s/ Joe G. Hollingsworth</u>
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*