**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Maurice Wigglesworth v. Monsanto Co.*, Case No. 3:19-cv-07864-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Maurice Wigglesworth's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 1 and therefore denies those allegations.  In response to the allegations in the third sentence of paragraph 1, Monsanto admits that Roundup®-branded products are safe when used in accordance with the products' labeling; that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world; and that Monsanto has labeled glyphosate

1    products as approved by regulatory bodies consistent with those findings.  To the extent that the

2    third sentence of paragraph 1 alleges that Monsanto has labeled glyphosate or Roundup®-

3    branded herbicides in any manner different or in addition to such regulatory approval, Monsanto

4    denies such allegations.  Monsanto denies the remaining allegations in paragraph 1.

5          2.       Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 2 and therefore denies those allegations.

7          3.       In response to the allegations in paragraph 3, Monsanto denies that any exposure

8    to glyphosate-based herbicides or Roundup®-branded products can cause non-Hodgkin's

9    lymphoma (NHL) or other serious illnesses.  Monsanto lacks information or knowledge

10    sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and therefore

11    denies those allegations.

12          4.       In response to the allegations in paragraph 4, Monsanto admits that the World

13    Health Organization's International Agency for Research on Cancer ("IARC") issued a

14    monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate

15    under Group 2A, but denies that the IARC Monograph is the authoritative standard for cancer

16    hazard assessment around the world or that IARC based its evaluation on a complete or accurate

17    assessment of the scientific research regarding glyphosate.  Monsanto further denies that the

18    members of the panel were "renowned scientists" or that they were free from conflicts of

19    interest.  In response to the allegations in the final sentence of paragraph 4, Monsanto admits that

20    the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it

21    was required to add glyphosate to California's Proposition 65 list of chemicals in a process that

22    OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the

23    weight or quality of the evidence considered by IARC.  Monsanto further states that this decision

24    was not based upon any independent scientific analysis of glyphosate but instead was in response

25    to a provision of a California ballot proposition triggering such action based solely upon the

26    IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon

27    its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to

28

1  pose a cancer hazard to humans."[1]  Monsanto contends that OEHHA's decision that it was

2  required to list glyphosate violates the United States Constitution and the California Constitution.

3  On February 26, 2018, a federal district court enjoined California from requiring Proposition 65

4  warning labels for glyphosate as unconstitutional.  The remaining allegations in paragraph 4 set

5  forth conclusions of law for which no response is required.  To the extent that a response is

6  deemed required, Monsanto denies the allegations in paragraph 4.

7        5.      Monsanto admits the allegations in paragraph 5

8        6.      In response to the allegations in the first sentence of paragraph 6, Monsanto

9  admits that glyphosate, the active ingredient in Roundup®-branded herbicides, is a non-selective

10  herbicide and that certain Roundup®-branded herbicides are used to kill weeds that commonly

11  compete with growing crops.  Monsanto lacks information or knowledge sufficient to form a

12  belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of

13  paragraph 6 and therefore denies those allegations.

14        7.      In response to the allegations in the first sentence of paragraph 7, Monsanto

15  admits that it has stated, and continues to state, that Roundup®-branded products are safe when

16  used in accordance with the products' labeling.  Monsanto denies that any exposure to

17  glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

18  illnesses.  Monsanto denies the remaining allegations in paragraph 7.

19        8.      Monsanto lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations of paragraph 8 and therefore denies those allegations.

21        9.      Monsanto admits the allegations in paragraph 9.

22        10.      Monsanto admits that it was the entity that discovered the herbicidal properties of

23  glyphosate and that Monsanto manufactures Roundup®-branded products that have glyphosate as

24  the active ingredient, but notes that Monsanto was and is not the only manufacturer of

25  glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a

26

27  [1] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

28

- 3 -

belief as to the truth of the remaining allegations in the final sentence of paragraph 10 and therefore denies those allegations.

11.     Monsanto denies the allegations in paragraph 11.

12.     The allegations of paragraph 12 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

13.     The allegations in paragraph 13 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 13 based upon the allegations in plaintiffs' Complaint.

14.     The allegations in paragraph 14 set forth conclusions of law for which no response is required.

15.     The allegations in paragraph 15 set forth conclusions of law for which no response is required.

16.     Monsanto denies the allegations in paragraph 16.

17.     In response to the allegations in paragraph 17, Monsanto denies any "omissions" and certain events giving rise to plaintiffs' claims.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.  The remaining allegations in paragraph 17 set forth conclusions of law for which no response is required.

18.     In response to the allegations in paragraph 18, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 18 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies those allegations.

19.     Monsanto admits the allegations in the first sentence of paragraph 19.  Monsanto denies the allegations in the second sentence of paragraph 19 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  Monsanto denies the allegations in the third sentence of paragraph 19 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well

1   within regulatory safety levels, as determined by the United States Environmental Protection

2   Agency ("EPA").

3        20.     Monsanto admits the allegations in paragraph 20.

4        21.     In response to the allegations in paragraph 21, Monsanto admits that farmers have

5   safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining

6   allegations in paragraph 21.

7        22.     The allegations in the first and second sentences of paragraph 22 set forth

8   conclusions of law for which no response is required.  To the extent that a response is deemed

9   required, Monsanto admits those allegations.  In response to the remaining allegations in

10  paragraph 22, Monsanto admits that EPA requires registrants of herbicides to submit extensive

11  data in support of the human health and environmental safety of their products and further admits

12  that EPA will not register or approve the labeling of herbicides that do not satisfy the

13  requirements set forth in FIFRA.  The remaining allegations in paragraph 22 set forth

14  conclusions of law for which no response is required.

15       23.     The allegations in paragraph 23 set forth conclusions of law for which no

16  response is required.

17       24.     In response to the allegations in paragraph 24, Monsanto admits that EPA requires

18  registrants of herbicides to submit extensive data in support of the human health and

19  environmental safety of their products and further admits that EPA will not register or approve

20  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

21  states that the term "the product tests" in the final sentence of paragraph 24 is vague and

22  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 24

23  set forth conclusions of law for which no response is required.

24       25.     Monsanto denies the allegations in paragraph 25 to the extent that they suggest

25  that EPA only evaluates the safety of pesticide products on the date of their initial registration.

26  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

27  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

28  of the allegations in paragraph 25 regarding such pesticide products generally and therefore

1  denies those allegations.  The remaining allegations in paragraph 25 set forth conclusions of law

2  for which no response is required.

3        26.    In response to the allegations in paragraph 26, Monsanto admits that EPA has

4  undertaken a review of glyphosate and that EPA has not released its findings.  Monsanto states,

5  however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a

6  227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest

7  support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to

8  human health risk assessment"[2]; and (b) at the same time, EPA posted an October 2015 final

9  report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC

10  endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to

11  Humans."[3]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed,

12  lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion

13  that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[4]

14  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

15  remaining allegations in paragraph 26 and therefore denies these allegations.

16        27.    In response to the allegations in paragraph 27, Monsanto admits that EPA posted

17  the EPA CARC Final Report on EPA's website in late April 2016 and took the report off the

18  website in early May 2016.  Monsanto further states that, in September 2016, EPA posted the

19  EPA CARC Final Report that endorsed EPA's existing classification of glyphosate as "Not

20

21  [2] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"),

22  https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on

23  glyphosate's carcinogenic potential.

24  [3] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*

25  *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

26  [4] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of*

27  *Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07864-VC

1    Likely to be Carcinogenic to Humans."  Monsanto lacks information or knowledge sufficient to

2    form a belief as to the truth of the remaining allegations in paragraph 27 and therefore denies

3    those allegations.

4         28.    In response to the allegations in paragraph 28, Monsanto admits that an EPA

5    review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

6    changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

7    evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits

8    that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with

9    respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded

10   that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the

11   two EPA OPP reports and the EPA CARC final Report, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05–56:20.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07864-VC

Monsanto denies the remaining allegations in paragraph 28.

29.     In response to the allegations in paragraph 29, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 29 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

30.     In response to the allegations in paragraph 30, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

31.     Monsanto denies the allegations in paragraph 31 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 31 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied. In response to the allegations in the last sentence of paragraph 31, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto

1    denies that any of the individuals were convicted based upon studies conducted on glyphosate or

2    glyphosate-based herbicides.

3         32.    In response to the allegations in paragraph 32, Monsanto admits that it – along

4    with numerous other private companies – hired Craven Laboratories as an independent

5    laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that

6    it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies

7    conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in

8    paragraph 32 are intended to suggest that Monsanto was anything other than a victim of this

9    fraud, such allegations are denied.

10        33.    In response to the allegations in paragraph 33, Monsanto admits that Roundup®-

11   branded products are highly valued by its customers because of their efficacy and safety.

12   Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The

13   remaining allegations in paragraph 33 are vague and conclusory and comprise attorney

14   characterizations, and are accordingly denied.

15        34.    In response to the allegations in paragraph 34, Monsanto admits that, following

16   the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such

17   seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks

18   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

19   cited in paragraph 34 and accordingly denies those allegations.  The remaining allegations in

20   paragraph 34 are vague and conclusory and comprise attorney characterizations, and are

21   accordingly denied.

22        35.    In response to the allegations in paragraph 35, Monsanto admits that glyphosate is

23   one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

24   is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks

25   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

26   cited in paragraph 35 and accordingly denies the same.  The remaining allegations in paragraph

27   35 are vague and conclusory and comprise attorney characterizations, and are accordingly

28   denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07864-VC

36.     In response to the allegations in paragraph 36, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 36 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

37.     In response to the allegations in paragraph 37, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 37 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

38.     Monsanto denies the allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 39.

40.     Monsanto admits that IARC was created in 1965.  The remaining allegations in paragraph 40 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

41.     Monsanto denies the allegations in the first and second sentences of paragraph 41.  Monsanto admits the allegations in the final sentence of paragraph 41.

42.     In response to the allegations in paragraph 42, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 42, which are not limited as of any specified date, and accordingly denies the same.

1      43.     In response to the allegations in paragraph 43, Monsanto admits that IARC sets

2  forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

3  Monsanto denies the remaining allegations in paragraph 43.

4      44.     Monsanto denies any suggestion that IARC reviewed the full body of scientific

5  research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

6  that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

7  form a belief as to the truth of the remaining allegations in paragraph 44 and therefore denies

8  those allegations.

9      45.     Monsanto denies any suggestion that IARC reviewed the full body of scientific

10  research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

11  that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

12  form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies

13  those allegations.

14      46.     Monsanto denies the allegations in paragraph 46 to the extent that they suggest

15  that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified

16  glyphosate as a Group 2A agent in March 2015.

17      47.     In response to the allegations in paragraph 47, Monsanto admits that IARC issued

18  its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the

19  monograph was prepared by a "working group" of individuals selected by IARC who met over a

20  one week period in March 2015 to consider glyphosate along with a number of other substances.

21  Monsanto denies the allegation that all members of the working group are "experts."

22      48.     In response to the allegations in paragraph 48, Monsanto denies that the working

23  group or anyone at IARC conducted a one-year review of the scientific evidence related to

24  glyphosate or that the working group's findings reflected a comprehensive review of the latest

25  available scientific evidence.  Monsanto also denies that the working group considered all

26  information available in the scientific literature and all data from government reports that are

27  publicly available.  Monsanto denies the remaining allegations in paragraph 48.

28

49.     In response to the allegations in paragraph 49, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

50.     The allegations in paragraph 50 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

51.     In response to the allegations in paragraph 51, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

53.     In response to the allegations in paragraph 53, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent that

1    the allegations in paragraph 53 purport to characterize statements made in the IARC monograph

2    for glyphosate, the statements in that document speak for themselves.

3        54.    In response to the allegations in paragraph 54, Monsanto admits that the IARC

4    working group identified a number of case control studies of populations with exposures to

5    glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

6    health concern from such exposures.  Monsanto denies the remaining allegations in paragraph

7    54.  The IARC working group concluded that there was only limited evidence of carcinogenicity

8    in epidemiologic studies, which, per IARC's guidelines, means that the working group could not

9    rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

10       55.    In response to the allegations in paragraph 55, Monsanto admits that the IARC

11   working group purported to make these findings, but denies that the animal carcinogenicity

12   studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

13   of the identified tumors.  Monsanto further states that regulatory agencies around the world have

14   reviewed the same animal studies and concluded that they do not provide evidence that

15   glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 55.

16       56.    In response to the allegations in paragraph 56, Monsanto admits that the working

17   group cited to a study that it concluded provided evidence of chromosomal damage in

18   community residents reported to be exposed to glyphosate, but Monsanto denies that the study

19   supports such a conclusion or that the authors of the study reached such a conclusion.

20       57.     In response to the allegations in the first sentence of paragraph 57, Monsanto

21   admits that certain studies have reported that glyphosate and glyphosate-based formulations

22   induced oxidative stress under artificial experimental conditions.  Monsanto denies that these

23   studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce

24   oxidative stress in humans or animals under real-world exposure conditions.  In response to the

25   allegations in the second sentence of paragraph 57, Monsanto states that the cited document

26   speaks for itself and does not require a response.  In response to the allegations in the final

27   sentence of paragraph 57 and in footnote 1, Monsanto denies that any exposure to glyphosate-

28

- 13 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07864-VC

1    based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.

2    Monsanto denies the remaining allegations in paragraph 57.

3         58.    In response to the allegations in paragraph 58, Monsanto admits that the IARC

4    working group purported to make these findings, but denies that the cited studies provide any

5    reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or

6    persist in human blood or urine.

7         59.    In response to the allegations in paragraph 58, Monsanto admits that the working

8    group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but

9    denies that the working group characterized that study as supporting an association between

10   glyphosate and the specified cancers.  The AHS cohort study did not find a positive association

11   between glyphosate and any type of cancer.  Monsanto denies all other allegations in the

12   unnumbered paragraph following paragraph 59.

13        60.    In response to the allegations in paragraph 60, Monsanto admits that the

14   referenced studies were published, but denies that the studies show any scientifically reliable

15   findings.

16        61.    In response to the allegations in paragraph 61, Monsanto denies that the cited

17   study provides any reliable basis for a finding that any meaningful levels of glyphosate are

18   present or persist in human blood or urine.  Monsanto denies the remaining allegations in

19   paragraph 61.

20        62.    In response to the allegations in paragraph 62, Monsanto denies that any exposure

21   to Roundup®-branded products can cause cancer and other serious illnesses and therefore denies

22   the allegations in the first and fourth sentences of paragraph 62.  Monsanto admits that certain

23   Roundup®-branded herbicides contain adjuvants and that EPA has classified such adjuvants as

24   inert.  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded

25   herbicides do not pose an unreasonable risk to human health.  The remaining allegations in

26   paragraph 62 are vague and conclusory and comprise attorney characterizations, and are

27   accordingly denied.

28

63.     In response to the allegations in paragraph 63, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 65.

66.     Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions.  Monsanto denies the remaining allegations in paragraph 66.

67.     In response to the allegations in paragraph 67, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same.  Monsanto denies the remaining allegations in paragraph 67.

1   68.     In response to the allegations in paragraph 68, Monsanto admits that the IARC

2   monograph appears to be the alleged basis for the Sri Lankan government's actions, including

3   the allegation that glyphosate can cause kidney disease.  Monsanto further states that the

4   allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiffs' allegations

5   regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 68.

6   69.     In response to the allegations in paragraph 69, Monsanto denies the alleged basis

7   for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has

8   explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC

9   ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety

10  concerns.  As of April 2016, the government of Colombia has resumed manual application of

11  glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs'

12  expert testimony purporting to link these same aerial eradication operations with cancer as

13  scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto

14  denies the remaining allegations in paragraph 69.

15  70.     In response to the allegations in paragraph 70, Monsanto admits that 96

16  individuals signed a letter sent by Dr. Christopher Portier to the EU Health Commissioner

17  (hereinafter "the Portier letter").  Monsanto states that Dr. Portier has been disclosed as an expert

18  witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto.

19  Monsanto denies that Dr. Portier or the other signatories to his letter are "prominent experts,"

20  and Monsanto lacks information or knowledge sufficient to form a belief as to whether the other

21  signatories were aware, before they signed the Portier letter, that Dr. Portier was working as a

22  retained expert for plaintiffs' counsel.  Monsanto otherwise admits that this letter urged the EU

23  Health Commissioner to disregard the conclusion that glyphosate is not carcinogenic found by

24  EFSA and by the BfR.

25  71.     In response to the allegations in paragraph 71, Monsanto denies that the self-

26  labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

27  extent that paragraph 71 characterizes the scientific evidence regarding the safety of glyphosate-

28  based herbicides, Monsanto denies the remaining allegations in paragraph 71.

72.     Monsanto admits that, in June 2016, the European Union continued to consider the reregistration of glyphosate.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.  Monsanto further notes that, in March 2017, the European Chemical Agency ("ECHA") announced that its Committee for Risk Assessment concluded that the available scientific evidence did not meet the criteria to classify glyphosate as a carcinogen.  *See* ECHA, *Glyphosate not classified as a carcinogen by ECHA*, https://echa.europa.eu/-/glyphosate-not-classified-as-a-carcinogen-by-echa.  Monsanto denies the remaining allegations in paragraph 72.

73.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 73 and therefore denies those allegations.

74.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies those allegations.

75.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL, and other serious illnesses and therefore denies the allegations in paragraph 75.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

76.     In response to the allegations in subpart (a) of paragraph 76, Monsanto admits that Roundup® branded products are safe for use in accordance with the labeling; that the scientific evidence does not support any causal link between Roundup® branded products and "blood born cancers" or NHL; and that Monsanto has made statements to that effect in accordance with EPA regulation under FIFRA.  Monsanto denies the remaining allegations in paragraph 76, including its subparts.

77.     In response to the allegations in paragraph 77, Monsanto admits that it has made statements with respect to the safety of Roundup in accordance with EPA regulation under FIFRA.  Monsanto states that the first sentence in paragraph 77 sets forth conclusions of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 77 and therefore denies the remaining allegations in paragraph 77.

78.     In response to the allegations in the first sentence of paragraph 78, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup® and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification for glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 78 and therefore denies those allegations.  The final sentence of paragraph 78 sets forth conclusions of law for which no response is required.

79.     The first sentence of paragraph 79 sets forth conclusions of law for which no response is required.  Monsanto denies the allegations in the second sentence of paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto incorporates by reference its responses to paragraphs 1 through 80 in response to paragraph 81 of plaintiffs' Complaint.

82.     In response to the allegations in paragraph 82, Monsanto denies that it violated the laws of Pennsylvania or federal law and states that it complied with all applicable law regarding Roundup®-branded products.  The remaining allegations in paragraph 82 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies all such allegations.

83.     The allegations in paragraph 83 set forth conclusions of law for which no response is required.

84.     Monsanto denies the allegations in the first sentence of paragraph 84.  The second sentence of paragraph 84 sets forth a conclusion of law for which no response is required.

85.     Monsanto incorporates by reference its responses to paragraphs 1 through 84 in response to paragraph 85 of plaintiffs' Complaint.

86.     In response to the allegations in paragraph 86, Monsanto admits that plaintiffs purport to bring a claim for strict liability design defect but denies any liability as to that claim.

87.     Monsanto denies the allegations in the first and second sentences of paragraph 87. In response to the last sentence of paragraph 87, Monsanto lacks information or knowledge

1   sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to

2   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

3   remaining allegations in paragraph 87.

4         88.    Monsanto denies the allegations in paragraph 88.

5         89.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6   truth of the allegations in paragraph 89 and therefore denies those allegations.

7         90.    Monsanto denies the allegations in paragraph 90.

8         91.    Monsanto denies the allegations in paragraph 91.

9         92.    Monsanto denies the allegations in paragraph 92.

10        93.    Monsanto denies the allegations in paragraph 93.

11        94.    Monsanto denies the allegations in paragraph 94.

12        95.    Monsanto denies the allegations in paragraph 95.

13        96.    Monsanto denies the allegations in paragraph 96.

14        97.    Monsanto denies the allegations in paragraph 97.

15        98.    Monsanto denies the allegations in paragraph 98.

16        99.    Monsanto denies the allegations in paragraph 99.

17        100.    Monsanto denies the allegations in paragraph 100.

18        101.    Monsanto denies the allegations in paragraph 101.

19        102.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations in paragraph 102 concerning plaintiff's claimed exposure to Roundup®-

21  branded products and therefore denies those allegations.  Monsanto denies the remaining

22  allegations in paragraph 102, including that Roundup® branded products have "dangerous

23  characteristics."

24        103.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25  truth of the allegations in paragraph 103 concerning plaintiff's claimed exposure to Roundup®-

26  branded products and therefore denies those allegations.  Monsanto denies the remaining

27  allegations in paragraph 103, including that Roundup®-branded products have "dangerous

28  characteristics."

104.    Monsanto denies the allegations in paragraph 104.

105.    Monsanto denies the allegations in paragraph 105.

106.    Monsanto denies the allegations in paragraph 106.

107.    Monsanto denies the allegations in paragraph 107.

108.    Monsanto denies the allegations in paragraph 108.

109.    Monsanto denies the allegations in paragraph 109.

110.    Monsanto denies the allegations in paragraph 110.

111.    Monsanto denies the allegations in paragraph 111.

112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto denies the allegations in paragraph 113.

In response to the "WHEREFORE" paragraph following paragraph 113, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

114.    Monsanto incorporates by reference its responses to paragraphs 1 through 113 in response to paragraph 114 of plaintiffs' Complaint.

115.    In response to the allegations in paragraph 115, Monsanto admits that plaintiffs purport to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

116.    Monsanto denies the allegations in paragraph 116.

117.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117 that plaintiff purchased Roundup®-branded products and therefore denies those allegations.  The allegations in paragraph 117 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 117.

118.    The allegations in paragraph 118 set forth conclusions of law for which no response is required.

119.    Monsanto denies the allegations in paragraph 119.  All labeling of Roundup®-

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07864-VC

1    branded products has been and remains EPA-approved and in compliance with all federal

2    requirements under FIFRA.

3         120.    Monsanto denies the allegations in paragraph 120.

4         121.    Monsanto denies the allegations in paragraph 121.

5         122.    Monsanto denies the allegations in paragraph 122.

6         123.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7              truth of the allegations in paragraph 123 and therefore denies those allegations.

8         124.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 124 concerning plaintiff's alleged use and exposure to

10   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

11   remaining allegations in paragraph 124, including that Roundup®-branded products have

12   "dangerous characteristics."

13        125.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in paragraph 125 concerning plaintiff's alleged use and exposure to

15   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

16   remaining allegations in paragraph 125, including that Roundup®-branded products have

17   "dangerous characteristics."

18        126.    In response to the allegation in paragraph 126, Monsanto denies that any exposure

19   to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

20   illnesses and denies that there are any defects in those products.  Monsanto lacks information or

21   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

22   126 and therefore denies those allegations.  Monsanto states, however, that the scientific studies

23   upon which IARC purported to base its evaluation of glyphosate were all publicly available

24   before March 2015.

25        127.    Monsanto denies the allegations in paragraph 127.

26        128.    Monsanto denies the allegations in paragraph 128.

27        129.    In response to the allegations in paragraph 129, Monsanto denies that there is any

28   risk of NHL or any other serious illnesses associated with the intended use of and/or exposure to

1   Roundup®-branded products and glyphosate.  The allegations in the second sentence of

2   paragraph 129 set forth conclusions of law for which no response is required.  Monsanto denies

3   the remaining allegations in paragraph 129.  All labeling of Roundup®-branded products has

4   been and remains EPA-approved and in compliance with all applicable laws and regulations

5       130.    Monsanto denies the allegations in paragraph 130.

6       131.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7   truth of the allegations in paragraph 131 concerning plaintiff's alleged use of Roundup®-branded

8   products and therefore denies those allegations.  Monsanto denies the remaining allegations in

9   paragraph 131.

10      132.    Monsanto denies the allegations in paragraph 132.

11      133.    Monsanto denies the allegations in paragraph 133.  All labeling of Roundup®-

12  branded products has been and remains EPA-approved and in compliance with all federal

13  requirements under FIFRA.

14      134.    Monsanto denies the allegations in paragraph 134.

15      135.    Monsanto denies the allegations in paragraph 135.

16      In response to the "WHEREFORE" paragraph following paragraph 135, Monsanto

17  demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

18  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

19  fees as allowed by law and such further and additional relief as this Court may deem just and

20  proper.

21      136.    Monsanto incorporates by reference its responses to paragraphs 1 through 135 in

22  response to paragraph 136 of plaintiffs' Complaint.

23      137.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24  truth of the allegations in paragraph 137 regarding the specific products allegedly used by

25  plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore

26  denies the allegations in paragraph 137.

27      138.    The allegations in paragraph 138 set forth conclusions of law for which no

28  response is required.

1     139.    The allegations in paragraph 139 set forth conclusions of law for which no

2 response is required.

3     140.    Monsanto denies the allegations in paragraph 140.

4     141.    Monsanto denies the allegations in paragraph 141.

5     142.    Monsanto denies the allegations in paragraph 142.  All labeling of Roundup®-

6 branded products has been and remains EPA-approved and in compliance with all federal

7 requirements under FIFRA.

8     143.    Monsanto denies the allegations in paragraph 143.

9     144.    Monsanto denies the allegations in the first sentence of paragraph 144.  In

10 response to the allegations in the second sentence of paragraph 144, Monsanto denies that

11 Monsanto's promotional activities were not honest.  The remaining allegations in paragraph 144

12 set forth conclusions of law for which no response is required.

13     145.    Monsanto denies the allegations in paragraph 145.

14     146.    Monsanto denies the allegations in paragraph 146, including each of its subparts.

15     147.    Monsanto denies the allegations in paragraph 147.

16     148.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17 truth of the allegations in paragraph 148 regarding plaintiff's knowledge and therefore Monsanto

18 denies those allegations.  Monsanto denies the remaining allegations in paragraph 148, including

19 that intended use and/or exposure to Roundup®-branded products causes any injuries.

20     149.    Monsanto denies the allegations in paragraph 149.

21     150.    Monsanto denies the allegations in paragraph 150.

22     151.    Monsanto denies the allegations in paragraph 151.

23     152.    Monsanto denies the allegations in paragraph 152.

24     In response to the "WHEREFORE" paragraph following paragraph 152, Monsanto

25 demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

26 dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

27 fees as allowed by law and such further and additional relief as this Court may deem just and

28 proper.

153.    Monsanto incorporates by reference its responses to paragraphs 1 through 152 in response to paragraph 153 of plaintiffs' Complaint.

154.    Monsanto denies the allegations in paragraph 154.  Additionally, the last sentence in paragraph 154 sets forth a conclusion of law for which no response is required.

155.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 155 regarding plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 155 set forth conclusions of law for which no response is required.

156.    Monsanto denies the allegations in paragraph 156.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

157.    The allegations in paragraph 157 set forth conclusions of law for which no response is required.

158.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 158 and therefore denies those allegations.

159.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 159 regarding the claimed use of Roundup®-branded products by plaintiffs and others and therefore denies those allegations.  The remaining allegations in paragraph 159 set forth conclusions of law for which no response is required.

160.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 160 regarding plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 160 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 160.

161.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 161 regarding plaintiff's claimed use of or exposure to Roundup®-branded products or plaintiff's claimed reliance and therefore denies those

1    allegations.  The allegation in paragraph 161 regarding Monsanto's implied warranty sets forth

2    conclusions of law for which no response is required.

3         162.    Monsanto denies that there is any risk of serious injury associated with or linked

4    to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

5    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

6    allegations in paragraph 162 regarding plaintiff's knowledge about Roundup®-branded products

7    and therefore denies the remaining allegations in paragraph 162.

8         163.    Monsanto denies the allegations in paragraph 163.

9         164.    Monsanto denies the allegations in paragraph 164.

10        165.    Monsanto denies the allegations in paragraph 165.

11        In response to the "WHEREFORE" paragraph following paragraph 165, Monsanto

12   demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

13   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

14   fees as allowed by law and such further and additional relief as this Court may deem just and

15   proper.

16        166.    Monsanto incorporates by reference its responses to paragraphs 1 through 165 in

17   response to paragraph 166 of plaintiffs' Complaint.

18        167.    Monsanto denies the allegations in the first sentence of paragraph 167 to the

19   extent it encompasses all herbicides as vague and ambiguous but Monsanto admits the

20   allegations in this sentence to the extent it refers to glyphosate based herbicides.    Monsanto

21   denies the allegations that Roundup® branded products are defective and unreasonably dangerous

22   to consumers and therefore denies the remaining allegations in paragraph 167.

23        168.    Paragraph 168 and its subparts set forth conclusions of law for which no response

24   is required.

25        169.    In response to the allegations in Paragraph 169, Monsanto admits that it has sold

26   glyphosate based herbicides in accordance with their EPA-approved labeling.  Monsanto further

27   states that paragraph 169 sets forth conclusions of law for which no response is required.

28   Monsanto denies the remaining allegations in paragraph 169.

170.   Monsanto denies the allegations in the first and second sentence of paragraph 170. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence of paragraph 170 sets forth conclusions of law for which no response is required.

171.   The first sentence of paragraph 171 sets forth conclusions of law for which no response is required.   Monsanto denies the allegations in the final sentence of paragraph 171.

172.   Monsanto denies the allegations in paragraph 172.

173.   Monsanto denies the allegations in paragraph 173 and each of its subparts.

174.   Monsanto states that the allegation in paragraph 174 that Monsanto made an express warranty sets forth a legal conclusion for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 174 and therefore denies those allegations.

175.   Monsanto denies the allegations in paragraph 175 to the extent that they allege that Monsanto made false or incomplete statements and representations concerning Roundup®. All labeling of Roundup® branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 175 regarding plaintiff's knowledge and therefore denies those allegations.

176.   Monsanto denies the allegations in paragraph 176.

In response to the "WHEREFORE" paragraph following paragraph 176, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

177.   Monsanto incorporates by reference its responses to paragraphs 1 through 176 in response to paragraph 177 of plaintiffs' Complaint.

178.   Monsanto denies the allegations in paragraph 178.

179.   Monsanto denies the allegations in paragraph 179.

1        180.    Monsanto denies the allegations in paragraph 180.

2        181.    Monsanto denies the allegations in paragraph 181.

3        182.    Monsanto denies the allegations in paragraph 182.

4        Every allegation in the Complaint that is not specifically and expressly admitted in this

5    Answer is hereby specifically and expressly denied.

6                            **SEPARATE AND AFFIRMATIVE DEFENSES**

7        1.    The Complaint, in whole or part, fails to state a claim or cause of action upon

8    which relief can be granted.

9        2.    Venue in the Eastern District of Pennsylvania is improper and/or inconvenient.

10       3.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically

11   reliable evidence that the products at issue were defective or unreasonably dangerous.

12       4.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

13   was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

14   plaintiffs' alleged injuries.

15       5.    Plaintiffs' claims are barred, in whole or in part, because the products at issue

16   were designed, manufactured, marketed and labeled with proper warnings, information, cautions

17   and instructions, in accordance with the state of the art and the state of scientific and

18   technological knowledge.

19       6.    Plaintiffs' claims are barred, in whole or in part, because the products at issue

20   were not defective or unreasonably dangerous in that they complied with, at all relevant times,

21   all applicable government safety standards.

22       7.    Any claims based on allegations that Monsanto misled, defrauded, made

23   misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

24   *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

25   *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

26       8.    Plaintiffs' claims are preempted, in whole or in part, by applicable federal law

27   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

28   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.      Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

12.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

13.      Applicable statutes of limitations and/or repose, bar plaintiffs' claims in whole or in part.

14.      Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

15.      If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

16.      Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

17.      Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

18.     Plaintiffs' claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Pennsylvania Constitution, and/or other applicable state constitutions.

20.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Pennsylvania law, and/or other applicable state laws.

21.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

22.     Plaintiffs' claims are barred in whole or in part by plaintiff's contributory/comparative negligence.

23.     Plaintiffs' claims are barred in whole or in part by plaintiffs' failure to mitigate damages.

24.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

25.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receive from collateral sources.

26.     If plaintiffs have been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

27.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

29.     Monsanto hereby preserves any and all defenses under *Tincher v. Omega Flex Inc.,* 104 A.3d 328 (Pa. 2014).

1       30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as

2 may become available or apparent during the course of discovery and thus reserves its right to

3 amend this Answer to assert such defenses.

4       **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

5 plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

6 such other relief as the Court deems equitable and just.

7 

**<u>JURY TRIAL DEMAND</u>**

8       Monsanto demands a jury trial on all issues so triable.

9 DATED:  December 9, 2019          Respectfully submitted,

10

11                /s/ Joe G. Hollingsworth
                Joe G. Hollingsworth (*pro hac vice*)

12                (jhollingsworth@hollingsworthllp.com)
                Eric G. Lasker (*pro hac vice*)

13                (elasker@hollingsworthllp.com)
                HOLLINGSWORTH LLP

14                1350 I Street, N.W.
                Washington, DC  20005

15                Telephone:  (202) 898-5800
                Facsimile:  (202) 682-1639

16

17                *Attorneys for Defendant*
                *MONSANTO COMPANY*

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07864-VC
