**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |

This document relates to:

*Bethany Anne Butler and Jonathan Sims*
*v. Monsanto Co.,*
Case No. 3:19-cv-07529-VC

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.     Monsanto admits that plaintiffs purport to bring an action for damages and loss of consortium allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs.  Monsanto denies the remaining allegations in paragraph 1.  The allegations in footnote 1 of paragraph 1 comprise attorney characterizations and are accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

1    2.      Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in the first sentence of paragraph 2 and therefore denies those allegations.

3    Monsanto denies the remaining allegations in paragraph 2.

4    3.      Monsanto denies the allegations in paragraph 3.

5    4.      Monsanto denies the allegations in paragraph 4.

6    5.      The allegations in paragraph 5 set forth conclusions of law for which no response

7    is required.  To the extent a response is deemed required, Monsanto admits the allegations in

8    paragraph 5 based upon the allegations in plaintiffs' Complaint.

9    6.      Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 6 that plaintiff purchased Roundup®-branded products and

11   therefore denies those allegations.  The remaining allegations in paragraph 6 set forth

12   conclusions of law for which no response is required.

13   7.      The allegations in paragraph 7 set forth conclusions of law for which no response

14   is required.

15   8.      Monsanto denies that its Roundup®-branded products are "dangerous" and denies

16   that plaintiff's alleged harms, losses, or damages were caused by Roundup®-branded products.

17   Monsanto lacks information or knowledge sufficient to form a belief as to the allegations in

18   paragraph 8 regarding plaintiff's residency and therefore denies those allegations.  The

19   remaining allegations in paragraph 8 set forth conclusions of law for which no response is

20   required.

21   9.      Monsanto admits that it is authorized to do business in Ohio.  The remaining

22   allegations in paragraph 9 are vague and conclusory and comprise attorney characterizations and

23   are accordingly denied.

24   10.     The allegations in paragraph 10 set forth conclusions of law for which no

25   response is required.

26   11.     Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 11 and therefore denies those allegations.

28   12.     Monsanto admits the allegations in paragraph 12.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07529-VC

13.     In response to the allegations in paragraph 13, Monsanto admits that it sells Roundup®-branded products in Ohio.

14.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     Monsanto admits the allegations in the first sentence of paragraph 17.  Monsanto admits that it is authorized to do business in Ohio.  The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto denies the allegations in paragraph 19.

20.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

22.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics in paragraph 22 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07529-VC

23.     Monsanto admits the allegations in paragraph 23.

24.     Monsanto admits the allegations in paragraph 24.

25.     In response to the allegations in paragraph 25, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 25 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies those allegations.

26.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 26 comprise attorney characterizations and are accordingly denied.

27.     Monsanto admits the allegations in paragraph 27.

28.     Monsanto generally admits the allegations in paragraph 28, but denies the allegations in paragraph 28 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

29.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies those allegations.

30.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 30 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 30.

31.     Monsanto admits the allegations in paragraph 31.

32.     Monsanto admits the allegations in paragraph 32.

33.     Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media. Monsanto denies the remaining allegations in paragraph 33.

34.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 34.

35.     The allegations in paragraph 35 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 35.

36.     In response to the allegations in paragraph 36, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 36 set forth conclusions of law for which no response is required.

37.     The allegations in paragraph 37 set forth conclusions of law for which no response is required.

38.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Missouri for sale and distribution.

39.     In response to the allegations in paragraph 39, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 39 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 39 set forth conclusions of law for which no answer is required.

40.     Monsanto denies the allegations in paragraph 40 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

of the allegations in paragraph 40 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 40 set forth conclusions of law for which no response is required.

41.    In response to the allegations in paragraph 41, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 and therefore denies those allegations.

42.    In response to the allegations in paragraph 42, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07529-VC

General's allegations related in any way to a purported or alleged risk of cancer. To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 42 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

43.     In response to the allegations in paragraph 43, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 43 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

44.     Monsanto denies the allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 45 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 45.

46.     Monsanto denies the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 47 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and therefore denies those allegations.

48.     Monsanto admits the allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 49 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 and therefore denies those allegations.

50.     Monsanto states that the term "toxic" as used in paragraph 50 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 50.

51.     Monsanto admits the allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 53 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     Monsanto denies the allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 58 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 58.

1      59.     Monsanto denies the allegation that the cited studies support the allegation that

2  glyphosate or Roundup®-branded products pose any risk to human health and denies the

3  remaining allegations in paragraph 59.

4      60.     Monsanto denies the allegations in paragraph 60.

5      61.     Monsanto denies the allegations in paragraph 61.

6      62.     Monsanto denies the allegations in paragraph 62.

7      63.     Monsanto denies the allegations in paragraph 63.

8      64.     Monsanto admits that it has in the past promoted, and continues to promote,

9  Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

10  Monsanto denies the remaining allegations in paragraph 64.

11      65.     Monsanto admits that the International Agency for Research on Cancer ("IARC")

12  is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

13  lacks information or knowledge sufficient to form a belief as to the truth of the remaining

14  allegations in paragraph 65 and therefore denies those allegations.

15      66.     Monsanto lacks information or knowledge sufficient to form a belief as to the

16  truth of the allegations in paragraph 66 and therefore denies those allegations.  Monsanto denies

17  that glyphosate met the criteria necessary to be eligible for review.

18      67.     Monsanto lacks information or knowledge sufficient to form a belief as to the

19  truth of the allegations in paragraph 67 and therefore denies those allegations.  Monsanto denies

20  that glyphosate met the criteria necessary to be eligible for review.

21      68.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

22  carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

23  evidence was "cumulative."  The remaining allegations in paragraph 68 are vague and

24  conclusory and comprise attorney characterizations and are accordingly denied.

25      69.     Monsanto admits that the full IARC Monograph regarding glyphosate was

26  published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

27  2A carcinogen.  In response to the remaining allegations in paragraph 69, Monsanto states that

28  the document speaks for itself and does not require a response.  To the extent that a response is

- 9 -

1    deemed required, the remaining allegations in paragraph 69 comprise attorney characterizations
2    and are accordingly denied.

3         70.    In response to the allegations in paragraph 70, Monsanto states that the document
4    speaks for itself and does not require a response.  To the extent that a response is deemed
5    required, the allegations in paragraph 70 comprise attorney characterizations and are accordingly
6    denied.

7         71.    In response to the allegations in paragraph 71, Monsanto states that the document
8    speaks for itself and does not require a response.  To the extent that a response is deemed
9    required, the allegations in paragraph 71 comprise attorney characterizations and are accordingly
10   denied.

11        72.    Monsanto denies the allegations in paragraph 72.

12        73.    The allegations in paragraph 73 comprise attorney characterizations and are
13   accordingly denied.

14        74.    Monsanto admits the allegations in paragraph 74.

15        75.    In response to the allegations in paragraph 75, Monsanto states that the cited
16   document speaks for itself and does not require a response.  To the extent that paragraph 75
17   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in
18   paragraph 75.

19        76.    In response to the allegations in paragraph 76, Monsanto admits that certain
20   studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress
21   under artificial experimental conditions.  Monsanto denies that these studies provide any reliable
22   evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or
23   animals under real-world exposure conditions.  Monsanto denies the remaining allegations in
24   paragraph 76.

25        77.    The allegations in paragraph 77 are vague and ambiguous and are accordingly
26   denied.

27        78.    In response to the allegations in paragraph 78, Monsanto states that the cited
28   document speaks for itself and does not require a response.

79.     In response to the allegations in paragraph 79, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 79 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 80.

80.     Monsanto denies the allegations in paragraph 80.

81.     In response to the allegations in paragraph 81, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 81.

82.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto admits the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto admits the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

1   98.     Monsanto denies the allegations in paragraph 98.

2   99.     In response to the allegations in paragraph 99, Monsanto admits that independent

3   experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity

4   in glyphosate and Roundup®-branded products and admits that it has made statements reflecting

5   this fact.  Monsanto denies the remaining allegations in paragraph 99.

6   100.    In response to the allegations in paragraph 100, Monsanto admits that Roundup®-

7   branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

8   the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

9   100.

10   101.    In response to the allegations in paragraph 101, Monsanto admits that an EPA

11   review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

12   denies the remaining allegations in paragraph 101.

13   102.    In response to the allegations in paragraph 102, Monsanto admits that EPA

14   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

15   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

16   denies the remaining allegations in paragraph 102.

17   103.    In response to the allegations in paragraph 103, Monsanto admits that plaintiffs

18   have accurately quoted from one passage in an EPA document in 1991 with respect to the

19   designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

20   does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP

21   reports and the EPA CARC Final Report discussed above, other specific findings of safety

22   include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 103.

104.    In response to the allegations in paragraph 104, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies. To the extent that the allegations in paragraph 104 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

105.    In response to the allegations in paragraph 105, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

106.    Monsanto denies the allegations in paragraph 106 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and

that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 106 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

107.    In response to the allegations in paragraph 107, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

108.    In response to the allegations in paragraph 108, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 108.

109.    In response to the allegations in paragraph 109, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 109 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

110.    In response to the allegations in paragraph 110, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 110 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

111.    In response to the allegations in paragraph 111, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 111.

112.     In response to the allegations in paragraph 112, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 112.

113.     Monsanto admits that, in France, the sale to and use by amateurs (i.e., non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions. Monsanto denies the remaining allegations in paragraph 113.

114.     In response to the allegations in paragraph 114, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same.  Monsanto denies the remaining allegations in paragraph 114.

115.     In response to the allegations in paragraph 115, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiffs' allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 115.

116.     In response to the allegations in paragraph 116, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as

1    scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto

2    denies the remaining allegations in paragraph 116.

3           117.    In response to the allegations in paragraph 117, Monsanto admits that the

4    California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was

5    required to add glyphosate to California's Proposition 65 list of chemicals in a process that

6    OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the

7    weight or quality of the evidence considered by IARC.  Monsanto further states that this decision

8    was not based upon any independent scientific analysis of glyphosate but instead was in response

9    to a provision of a California ballot proposition triggering such action based solely upon the

10   IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon

11   its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to

12   pose a cancer hazard to humans."[4]  Monsanto contends that OEHHA's decision that it was

13   required to list glyphosate violates the United States Constitution and the California Constitution.

14   On February 26, 2018, a federal district court enjoined California from requiring Proposition 65

15   warning labels for glyphosate as unconstitutional.  The remaining allegations in paragraph 117

16   set forth conclusions of law for which no response is required.  To the extent that a response is

17   deemed required, Monsanto denies the allegations in paragraph 117.

18          118.    The allegations in paragraph 118 set forth conclusions of law for which no

19   response is required.

20          119.    The allegations in paragraph 119 set forth conclusions of law for which no

21   response is required.  Nevertheless, Monsanto notes that, under Proposition 65, the mere

22   presence of a listed substance in a consumer product does not require a warning.  Instead, a

23   warning need only be provided if the exposure to the listed substance, for the average user of the

24   product, exceeds the level at which cancer would be hypothesized to occur, based on

25

26

27   _____

     [4] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
     https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

28

1    extrapolation from animal studies, in one person in 100,000 persons exposed over a 70-year

2    lifetime.

3            120.    In response to the allegations in paragraph 120, Monsanto admits that it has

4    brought a lawsuit challenging OEHHA's notice of intent to include glyphosate on its Proposition

5    65 list.

6            121.    In response to the allegations in paragraph 121, Monsanto admits that plaintiffs

7    accurately quote from Monsanto's Complaint in the referenced lawsuit, and states that

8    Monsanto's Complaint in that lawsuit speaks for itself.  Monsanto further admits that its lawsuit

9    cites to OEHHA's 2007 determination based upon its own independent evaluation of the

10   scientific evidence that glyphosate is "unlikely to pose a cancer hazard to humans."[5]  The

11   remaining allegations in paragraph 121 comprise attorney characterizations and are accordingly

12   denied.

13           122.    Monsanto denies the allegations in paragraph 122.

14           123.    In response to the allegations in paragraph 123, Monsanto admits that, on

15   November 12, 2015, the European Food Safety Authority ("EFSA") issued its Renewal

16   Assessment Report (RAR) on glyphosate, in which it concluded that "glyphosate is unlikely to

17   pose a carcinogenic hazard to humans."[6]  Monsanto further admits that this conclusion affirmed

18   a similar finding by the German Federal Institute for Risk Management (BfR).  Monsanto admits

19   that the European scientists who reached these determinations were acting independently of

20   Monsanto and were acting to protect the public.

21           124.    In response to the allegations in paragraph 124, Monsanto denies that "industry

22   groups" were afforded any ability to review the RAR beyond that afforded to the public

23   generally.  Monsanto otherwise admits the allegations in paragraph 124.

24           125.    Monsanto admits the allegations in paragraph 125.

25

26   [5] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
     https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

27   [6] *See* EFSA, *Glyphosate:  EFSA updates toxicological profile*, http://www.efsa.europa.eu/en
     /press/news/151112.

28

126.    In response to the allegations in paragraph 126, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies the allegations in paragraph 126 to the extent that they purport to set forth all of the distinctions identified by EFSA between its evaluation and the evaluation of the IARC working group.  Monsanto states that in the same document cited by plaintiffs, EFSA states that, in contrast to IARC, "the EU peer review concluded that no significant increase in tumor incidence could be observed in any of the treated groups of animals in the nine long term rat studies considered" and explains that "[a]s well as reviewing a larger number of studies [than IARC], EFSA for example considered that carcinogenic effects observed at high doses were unreliable as they could be related to general toxicity."[7]  To the extent that paragraph 126 characterizes the meaning of the cited studies, Monsanto denies the remaining allegations in paragraph 126.

127.    In response to the allegations in paragraph 127, Monsanto states that the cited document speaks for itself and does not require a response.

128.    In response to the allegations in paragraph 128, Monsanto admits that EFSA set acceptable exposure thresholds for glyphosate that are orders of magnitude higher than those which occur in the ordinary use of glyphosate-based herbicides.  Monsanto denies that these exposure thresholds are based upon any alleged risk of carcinogenicity.

129.    In response to the allegations in paragraph 129, Monsanto admits that certain individuals, including Dr. Christopher Portier, sent the letter identified in paragraph 129 (hereinafter, "the Portier letter").  Monsanto denies that Dr. Portier or the other signatories to his letter are "independent" and "renowned international experts in the field."  Monsanto states that Dr. Portier has been disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto and that Monsanto lacks information or knowledge sufficient to form a belief as to whether the other signatories were aware, before they signed the Portier letter, that Dr. Portier was working as a retained expert for plaintiffs' counsel.

---

[7] EFSA, *EFSA Explains Risk Assessment Glyphosate*, http://www.efsa.europa.eu/sites/default/files/corporate_publications/files/efsaexplainsglyphosate151112en.pdf.

1    Monsanto otherwise admits that this letter urged the EU Health Commissioner to disregard the

2    scientific findings reached by EFSA and by the BfR.

3              130.    In response to the allegations in paragraph 130, Monsanto admits that Dr. Portier

4    sent the letter identified in paragraph 130.  Monsanto denies that Dr. Portier or the other

5    signatories to his letter are "renowned international experts in the field."  Monsanto admits that

6    certain members of the IARC working group assigned to glyphosate signed on to the Portier

7    letter, but states that Monsanto lacks information or knowledge sufficient to form a belief as to

8    whether those individuals or the other signatories were aware at the time that Dr. Portier was

9    working as a retained expert for plaintiffs' counsel.

10             131.    In response to the allegations in paragraph 131, Monsanto states that the cited

11   Portier letter speaks for itself and does not require a response.  Monsanto further admits that

12   Dr. Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the

13   glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

14   conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

15   carcinogenic hazard to humans."[8]  To the extent that paragraph 131 characterizes the meaning of

16   the cited document or of EFSA's evaluation of glyphosate, Monsanto denies the remaining

17   allegations in paragraph 131.

18             132.    In response to the allegations in paragraph 132, Monsanto admits that IARC

19   concluded that the human epidemiologic data provides only "limited evidence of

20   carcinogenicity," which IARC defines as meaning that "chance, bias, or confounding could not

21   be ruled out with reasonable confidence."[9]  Monsanto further admits that Dr. Portier – who has

22   been disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer

23   litigation against Monsanto – seeks in his letter to challenge the scientific conclusions reached by

24   EFSA in support of its finding that "glyphosate is unlikely to pose a carcinogenic hazard to

25

26   [8] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu/en
     /press/news/151112.

27   [9] http://monographs.iarc.fr/ENG/Preamble/currentb6evalrationale0706.php.

28

1  humans."[10]  In response to the remaining allegations in paragraph 132, Monsanto states that the

2  cited Portier letter speaks for itself and does not require a response.  To the extent that paragraph

3  132 characterizes the meaning of the cited document or of EFSA's evaluation of glyphosate,

4  Monsanto denies the remaining allegations in paragraph 132.

5         133.    In response to the allegations in paragraph 133, Monsanto states that the cited

6  Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr.

7  Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the

8  glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

9  conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

10  carcinogenic hazard to humans."[11]  To the extent that paragraph 133 characterizes the meaning

11  of the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the

12  remaining allegations in paragraph 133.

13         134.    In response to the allegations in paragraph 134, Monsanto states that the cited

14  Portier letter speaks for itself and does not require a response.  Monsanto further admits that

15  Dr. Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the

16  glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

17  conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

18  carcinogenic hazard to humans."[12]  To the extent that paragraph 134 characterizes the meaning

19  of the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the

20  remaining allegations in paragraph 134.

21         135.    Monsanto admits the allegations in paragraph 135.

22         136.    In response to the allegations in paragraph 136, Monsanto states that the cited

23  document speaks for itself and does not require a response.  Monsanto denies that the self-

24  _____

25  [10] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu/en/press/news/151112.

26  [11] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu/en/press/news/151112.

27  [12] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu/en/press/news/151112.

28

labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 136 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 136.

137.     In response to the allegations in paragraph 137, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 137 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 137.

138.     In response to the allegations in paragraph 138, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 138 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 138.

139.     In response to the allegations in paragraph 139, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 139 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 139.

140.     In response to the allegations in paragraph 140, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 140 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 140.

141.     In response to the allegations in paragraph 141, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 141 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 141.

1    142.     In response to the allegations in paragraph 142, Monsanto states that the cited

2    document speaks for itself and does not require a response.  Monsanto denies that the self-

3    labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

4    extent that paragraph 142 characterizes the scientific evidence regarding the safety of

5    glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 142.

6    143.     In response to the allegations in paragraph 143, Monsanto admits that the United

7    States Food and Drug Administration ("FDA") has authority to enforce pesticide residues and

8    that the FDA announced it would begin testing certain foods for glyphosate residues.  In

9    response to the remaining allegations in paragraph 143, Monsanto states that the cited documents

10   speak for themselves and do not require a response.

11   144.     In response to the allegations in paragraph 144, Monsanto admits that the U.S.

12   Government Accountability Office ("GAO") issued the cited report regarding pesticide residue

13   monitoring programs, but Monsanto denies that the GAO report was limited to glyphosate.  In

14   response to the remaining allegations in paragraph 144, Monsanto states that the cited documents

15   speak for themselves and do not require a response.  To the extent that paragraph 144

16   characterizes the meaning of the cited documents, Monsanto denies the remaining allegations in

17   paragraph 144.

18   145.     In response to the allegations in paragraph 145, Monsanto admits that the FDA

19   has authority to enforce pesticide residues and that the FDA announced it would begin testing

20   certain foods for glyphosate residues.  In response to the remaining allegations in paragraph 145,

21   Monsanto states that the cited documents speak for themselves and do not require a response.  To

22   the extent that paragraph 145 characterizes the meaning of the cited documents, Monsanto denies

23   the remaining allegations in paragraph 145.

24   146.     In response to the allegations in paragraph 146, Monsanto admits that it has stated

25   and continues to state that Roundup®-branded products are safe when used as labeled and that

26   they are non-carcinogenic and non-genotoxic.

27   147.     In response to the allegations in paragraph 147, Monsanto admits that a 1986 joint

28   report of the World Health Organization and Food and Agriculture Organization of the United

Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 147.

148.    Monsanto denies the allegations in paragraph 148.

149.    Monsanto denies the allegations in paragraph 149.

150.    Monsanto denies the allegations in paragraph 150.

151.    Monsanto denies the allegations in paragraph 151.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies the allegations in paragraph 154.

155.    Monsanto denies the allegations in paragraph 155.

156.    Monsanto denies the allegations in paragraph 156.

157.    Monsanto denies the allegations in paragraph 157.

158.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 158 and therefore denies those allegations.

159.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 159 and therefore denies those allegations.

160.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 160 and therefore denies those allegations.

161.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 161 and therefore denies those allegations.

162.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 162 and therefore denies those allegations.

163.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 163 and therefore denies those allegations.

164.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 164 and therefore denies those allegations.

165.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 165 and therefore denies those allegations.

166.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 166 and therefore denies those allegations.

167.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 167. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 167 and therefore denies those allegations.

168.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 168 and therefore denies those allegations.

169.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 169 and therefore denies those allegations.

170.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 170 and therefore denies those allegations.

171.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 171 and therefore denies those allegations.

172.    Monsanto incorporates by reference its responses to paragraphs 1 through 171 in response to paragraph 172 of plaintiffs' Complaint.

173.    In response to the allegations in paragraph 173, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that glyphosate is injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

174.    In response to the allegations in paragraph 174, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health.  The remaining allegations in paragraph 174 set forth conclusions of law for which no response is required.

175.    In response to the allegations in paragraph 175, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 175 and therefore denies those allegations.

176.    The allegations in paragraph 176 set forth conclusions of law for which no response is required.

177.    Monsanto denies the allegations in paragraph 177.

178.    Monsanto denies the allegations in paragraph 178.

179.    In response to the allegations in paragraph 179, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

180.    In response to the allegations in paragraph 180, Monsanto states that the cited document speaks for itself and does not require a response.

181.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of her alleged cancer and denies the remaining allegations in paragraph 181.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

182.    The allegations in paragraph 182 set forth conclusions of law for which no response is required.

183.    Monsanto denies the allegations in paragraph 183.

184.    The allegations in paragraph 184 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

185.    The allegations in paragraph 185 set forth conclusions of law for which no response is required.  To the extent that a response is required, Monsanto denies the allegations

1    in paragraph 185.  Monsanto states that the scientific studies upon which IARC purported to base

2    its cancer classification for glyphosate were all publicly available before March 2015.

3        186.   Monsanto incorporates by reference its responses to paragraphs 1 through 185 in

4    response to paragraph 186 of plaintiffs' Complaint.

5        187.   The allegations in paragraph 187 set forth conclusions of law for which no

6    response is required.

7        188.   Monsanto denies the allegations in paragraph 188.

8        189.   Monsanto denies the allegations in paragraph 189, including each of its subparts.

9        190.   Monsanto denies the allegations in paragraph 190.

10        191.   Monsanto denies the allegations in paragraph 191.

11        192.   Monsanto denies the allegations in paragraph 192.

12        193.   Monsanto denies the allegations in paragraph 193, including each of its subparts.

13        194.   Monsanto denies the allegations in paragraph 194.

14        195.   Monsanto denies the allegations in paragraph 195.

15        196.   Monsanto denies the allegations in paragraph 196.

16        197.   Monsanto denies the allegations in paragraph 197.

17        198.   In response to the allegations in paragraph 198, Monsanto demands that judgment

18    be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with

19    prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

20    by law and such further and additional relief as this Court may deem just and proper.

21        199.   Monsanto incorporates by reference its responses to paragraphs 1 through 198 in

22    response to paragraph 199 of plaintiffs' Complaint.

23        200.   The allegations in paragraph 200 set forth conclusions of law for which no

24    response is required.

25        201.   Monsanto denies the allegations in paragraph 201.

26        202.   Monsanto denies the allegations in paragraph 202.

27        203.   Monsanto denies the allegations in paragraph 203.

28        204.   Monsanto denies the allegations in paragraph 204.

1    205.    Monsanto denies the allegations in paragraph 205.

2    206.    Monsanto lacks information or knowledge sufficient to form a belief as to the

3    truth of the allegations in paragraph 206 and therefore denies those allegations.

4    207.    Monsanto denies the allegations in paragraph 207, including each of its subparts.

5    208.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 208 concerning plaintiff's claimed use of and exposure to

7    Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

8    remaining allegations in paragraph 208, including that Roundup®-branded products have

9    "dangerous characteristics."

10    209.    Monsanto denies the allegations in paragraph 209.

11    210.    Monsanto denies the allegation in paragraph 210.

12    211.    Monsanto denies the allegations in paragraph 211.

13    212.    Monsanto denies the allegation in paragraph 212.

14    213.    Monsanto denies the allegations in the first sentence of paragraph 213.  The

15    allegations in the last sentence of paragraph 213 set forth conclusions of law for which no

16    response is required.

17    214.    Monsanto denies the allegations in paragraph 214.

18    215.    Monsanto denies the allegations in paragraph 215.

19    216.    In response to the allegations in paragraph 216, Monsanto demands that judgment

20    be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with

21    prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

22    by law and such further and additional relief as this Court may deem just and proper.

23    217.    Monsanto incorporates by reference its responses to paragraphs 1 through 216 in

24    response to paragraph 217 of plaintiffs' Complaint.

25    218.    The allegations in paragraph 218 set forth conclusions of law for which no

26    response is required.

27    219.    Monsanto denies the allegations in paragraph 219.

28    220.    Monsanto denies the allegations in paragraph 220.

221.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 221 regarding users' and consumers' knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 221.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

222.    Monsanto denies the allegations in paragraph 222.

223.    Monsanto denies the allegations in paragraph 223, including each of its subparts.

224.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 224 regarding plaintiffs' knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in the first sentence of paragraph 224, including that intended use of and/or exposure to Roundup®-branded products causes any injuries.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 224 and therefore denies those allegations.

225.    Monsanto denies the allegations in paragraph 225.

226.    Monsanto denies the allegations in the first sentence of paragraph 226.  The allegations in the last sentence of paragraph 226 set forth conclusions of law for which no response is required.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

227.    Monsanto denies the allegations in paragraph 227.

228.    Monsanto denies the allegations in paragraph 228.

229.    In response to the allegations in paragraph 229, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

230.    Monsanto incorporates by reference its responses to paragraphs 1 through 229 in response to paragraph 230 of plaintiffs' Complaint.

1    231.    The allegations in paragraph 231 set forth conclusions of law for which no

2    response is required.

3    232.    Monsanto denies the allegations in paragraph 232.

4    233.    In response to the allegations in paragraph 233, Monsanto admits that it has sold

5    glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further

6    states that paragraph 233 sets forth conclusions of law for which no response is required.

7    Monsanto denies the remaining allegations in paragraph 233.

8    234.    Monsanto denies the allegations in paragraph 234.  All labeling of Roundup®-

9    branded products has been and remains EPA-approved and in compliance with all federal

10   requirements under FIFRA.

11   235.    Monsanto denies the allegations in paragraph 235.  All labeling of Roundup®-

12   branded products has been and remains EPA-approved and in compliance with all federal

13   requirements under FIFRA.

14   236.    The allegations in paragraph 236 set forth conclusions of law for which no

15   response is required.

16   237.    Monsanto denies the allegations in paragraph 237.

17   238.    Monsanto denies the allegations in paragraph 238.

18   239.    Monsanto denies the allegations in paragraph 239.

19   240.    Monsanto denies the allegation in paragraph 240.

20   241.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 241 regarding plaintiffs' knowledge and therefore denies

22   those allegations.  Monsanto denies the remaining allegations in paragraph 241.

23   242.    Monsanto denies the allegation in paragraph 242.

24   243.    Monsanto denies the allegations in the first sentence of paragraph 243.  The

25   allegations in the last sentence of paragraph 243 set forth conclusions of law for which no

26   response is required.  All labeling of Roundup®-branded products has been and remains EPA-

27   approved and in compliance with all federal requirements under FIFRA.

28   244.    Monsanto denies the allegations in paragraph 244.

245.    In response to the allegations in paragraph 245, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

246.    Monsanto incorporates by reference its responses to paragraphs 1 through 245 in response to paragraph 246 of plaintiffs' Complaint.

247.    Monsanto denies the allegations in paragraph 247.

248.    In response to the allegations in paragraph 248, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that paragraph 248 sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 248.

249.    Monsanto denies the allegations in the first and second sentences of paragraph 249.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence of paragraph 249 sets forth conclusions of law for which no response is required.

250.    The allegations in paragraph 250 set forth conclusions of law for which no response is required.

251.    Monsanto denies the allegations in paragraph 251.

252.    Monsanto denies the allegations in paragraph 252.

253.    Monsanto denies the allegations in paragraph 253.

254.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 254 regarding plaintiffs' knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 254.

255.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 255 and therefore denies those allegations.

256.    Monsanto denies the allegation in paragraph 256.

257.     Monsanto denies the allegations in the first sentence of paragraph 257.  The allegations in the last sentence of paragraph 257 set forth conclusions of law for which no response is required.

258.     In response to the allegations in paragraph 258, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

259.     Monsanto incorporates by reference its responses to paragraphs 1 through 258 in response to paragraph 259 of plaintiffs' Complaint.

260.     Monsanto denies the allegations in paragraph 260.  Additionally, the allegations in the last sentence in paragraph 260 set forth conclusions of law for which no response is required.

261.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 261 concerning the plaintiff's  claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 261 set forth conclusions of law for which no response is required.

262.     The allegations in paragraph 262 set forth conclusions of law for which no response is required.

263.     Monsanto denies the allegations in paragraph 263.

264.     The allegation in paragraph 264 regarding a purported implied warranty sets forth a conclusion of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 264 and therefore denies those allegations.

265.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 265 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's  alleged uses of such product and therefore denies the allegations in paragraph 265.

266.     Monsanto denies the allegations in paragraph 266.

1    267.   Monsanto denies the allegations in paragraph 267.

2    268.   Monsanto denies the allegations in paragraph 268.

3    269.   In response to the allegations in paragraph 269, Monsanto demands that judgment
4 be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with
5 prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed
6 by law and such further and additional relief as this Court may deem just and proper.

7    270.   Monsanto incorporates by reference its responses to paragraphs 1 through 269 in
8 response to paragraph 270 of plaintiff's Complaint.

9    271.   Monsanto lacks information or knowledge sufficient to form a belief as to the
10 truth of the allegations in the first sentence of paragraph 271 and therefore denies those
11 allegations.  Monsanto denies the remaining allegations in paragraph 271.

12    272.   In response to the allegations in paragraph 272, Monsanto demands that judgment
13 be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with
14 prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed
15 by law and such further and additional relief as this Court may deem just and proper.

16    In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto
17 denies that plaintiffs is entitled to the relief sought therein, including any judgment for any
18 damages, interest, costs, or any other relief whatsoever.

19    Every allegation in the Complaint that is not specifically and expressly admitted in this
20 Answer is hereby specifically and expressly denied.

21 **SEPARATE AND AFFIRMATIVE DEFENSES**

22    1.   The Complaint, in whole or part, fails to state a claim or cause of action upon
23 which relief can be granted.

24    2.   Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically
25 reliable evidence that the products at issue were defective or unreasonably dangerous.

26    3.   Any alleged negligent or culpable conduct of Monsanto, none being admitted,
27 was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of
28 plaintiffs' alleged injuries.

- 32 -

4.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar's claims in whole or in part.

13.     Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Ohio Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Ohio law and/or other applicable state laws.

20.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Ohio Rev. Code Ann. § 2315.21.

21.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

22.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

1    23.    Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

2    24.    To the extent that plaintiffs recovered payments for his alleged injuries from any

3    collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced

4    to the extent allowed by applicable law.

5    25.    If plaintiffs have been injured or damaged, no injury or damages being admitted,

6    such injuries were not caused by a Monsanto product.

7    26.    Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws

8    of states that do not govern plaintiffs' claims.

9    27.    Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims

10   that are governed by the laws of a state that does not recognize, or limits, such claims.

11   28.    Plaintiffs' common law claims are barred, in whole or part, by application of the

12   Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2307.80.

13   29.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

14   may become available or apparent during the course of discovery and thus reserves its right to

15   amend this Answer to assert such defenses.

16   **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

17   plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

18   such other relief as the Court deems equitable and just.

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07529-VC

1

## JURY TRIAL DEMAND

2          Monsanto demands a jury trial on all issues so triable.

3

4   DATED:  December 10, 2019                    Respectfully submitted,

5
                                                /s/ Joe G. Hollingsworth
6                                               Joe G. Hollingsworth (*pro hac vice*)
                                                (jhollingsworth@hollingsworthllp.com)
7                                               Eric G. Lasker (*pro hac vice*)
                                                (elasker@hollingsworthllp.com)
8                                               HOLLINGSWORTH LLP
                                                1350 I Street, N.W.
9                                               Washington, DC  20005
                                                Telephone:  (202) 898-5800
10                                               Facsimile:   (202) 682-1639

11                                               *Attorneys for Defendant*
                                                *MONSANTO COMPANY*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07529-VC