**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
        elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Marcel Stolz v. Monsanto Co.*,<br>Case No. 3:19-cv- 07402-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Marcel Stolz's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff

have a variety of separate and distinct uses and formulations.

5. The allegations in paragraph 5 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 5 based upon the allegations in plaintiff's Complaint.

6. Monsanto admits the allegations in paragraph 6.

7. The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8. The allegations in the first sentence of paragraph 8 set forth conclusions of law for which no response is required. Monsanto admits the allegations in the second sentence of paragraph 8. In response to the allegations in the final sentence of paragraph 8, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

9. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 9 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 9.

10. Monsanto admits the allegations in the first sentence of paragraph 10. The allegation in the second sentence of paragraph 10 set forth conclusions of law for which no response is required. The remaining allegations in paragraph 10 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

11. In response to the allegations in paragraph 11, Monsanto denies any negligent or tortious acts or omissions. The remaining allegations in paragraph 11 set forth conclusions of law for which no response is required.

12. In response to the allegations in paragraph 12, Monsanto admits that it sells Roundup®-branded products in Oregon and Washington..

13. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14. The allegations in paragraph 14 are vague and conclusory and comprise attorney

1   characterizations and are accordingly denied.

2        15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney

3   characterizations and are accordingly denied.

4        16.     Monsanto admits the allegations in paragraph 16.

5        17.     Monsanto admits that it is authorized to do business in Oregon and Washington.

6   The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney

7   characterizations and are accordingly denied.

8        18.     The allegations in paragraph 18 set forth conclusions of law for which no

9   response is required.

10        19.     Monsanto denies the allegations in paragraph 19.

11        20.     Monsanto admits that it has designed, researched, manufactured, tested,

12   advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The

13   remaining allegations in paragraph 20 set forth conclusions of law for which no response is

14   required.

15        21.     Monsanto admits that it is an agricultural biotechnology corporation with a

16   principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its

17   affiliated companies have operations and offices in countries around the world.  Monsanto states

18   that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information

19   or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

20   denies those allegations.

21        22.     Monsanto admits the allegations in paragraph 22.

22        23.     Monsanto admits the allegations in paragraph 23.

23        24.     In response to the allegations in paragraph 24, Monsanto admits that glyphosate is

24   an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

25   paragraph 24 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

26   to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

27        25.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

28   The remaining allegations in paragraph 25 comprise attorney characterizations and are

1    accordingly denied.

2         26.    Monsanto admits the allegations in paragraph 26.

3         27.    Monsanto generally admits the allegations in paragraph 27, but denies the

4    allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants

5    at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

6    the United States Environmental Protection Agency ("EPA").

7         28.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 28 and therefore denies those allegations.

9         29.    Monsanto admits that it is the leading producer of seeds that contain the Roundup

10   Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a

11   farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

12   belief as to the accuracy of the specific numbers and statistics provided in the remaining

13   sentences of paragraph 29 and therefore denies those allegations.  Monsanto denies the

14   remaining allegations in paragraph 29.

15        30.    Monsanto admits the allegations in paragraph 30.

16        31.    Monsanto admits that Roundup®-branded products have been used by farmers for

17   approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

18   properties and denies the remaining allegations in paragraph 31.

19        32.    The allegations in paragraph 32 set forth conclusions of law for which no

20   response is required.  To the extent that a response is deemed required, Monsanto admits the

21   allegations in paragraph 32.

22        33.    In response to the allegations in paragraph 33, Monsanto admits that EPA requires

23   registrants of herbicides to submit extensive data in support of the human health and

24   environmental safety of their products and further admits that EPA will not register or approve

25   the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

26   Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 33 set forth

27   conclusions of law for which no response is required.

28        34.    The allegations in paragraph 34 set forth conclusions of law for which no

1   response is required.

2       35.     Monsanto admits that Roundup®-branded products are registered by EPA for

3   manufacture, sale and distribution and are registered by the State of Missouri for sale and

4   distribution.

5       36.     In response to the allegations in paragraph 36, Monsanto admits that EPA requires

6   registrants of herbicides to submit extensive data in support of the human health and

7   environmental safety of their products and further admits that EPA will not register or approve

8   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

9   states that the term "the product tests" in the final sentence of paragraph 36 is vague and

10  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 36

11  set forth conclusions of law for which no answer is required.

12      37.     Monsanto denies the allegations in paragraph 37 to the extent that they suggest

13  that EPA only evaluates the safety of pesticide products on the date of their initial registration.

14  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

15  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

16  of the allegations in paragraph 37 regarding such pesticide products generally and therefore

17  denies those allegations.  The remaining allegations in paragraph 37 set forth conclusions of law

18  for which no response is required.

19      38.     In response to the allegations in paragraph 38, Monsanto admits that EPA has

20  undertaken a regulatory review of glyphosate and further admits that EPA has not released its

21  findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

22  Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

23  concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

24  humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

25  ─────────────────
    [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic*
26  *Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
    document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in
27  anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
    potential.
28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07402-VC

1    posted an October 2015 final report by its standing Cancer Assessment Review Committee

2    ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

3    to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

4    issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

5    the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

6    humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

7    of the remaining allegations in paragraph 38 and therefore denies those allegations.

8        39.   In response to the allegations in paragraph 39, Monsanto admits that the New

9    York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

10   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

11   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

12   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

13   the subparts purport to quote a document, the document speaks for itself and thus does not

14   require any further answer.  The remaining allegations in paragraph 39 are vague and conclusory

15   and comprise attorney characterizations and are accordingly denied.

16       40.   In response to the allegations in paragraph 40, Monsanto admits it entered into an

17   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

18   itself and thus does not require any further answer.  The remaining allegations in paragraph 40

19   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20       41.   Monsanto denies the allegations in paragraph 41.

21       42.   In response to the allegations in paragraph 42, Monsanto admits that the French

22   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

23

24   [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
     U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
25   *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
     Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.
26
     [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of*
27   *Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/
     document?D=EPA-HQ-OPP-2016-0385-0528.
28

- 6 -

1    that it "left the soil clean," but denies the allegations in paragraph 42 to the extent that they

2    suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

3    cancer.  Monsanto denies the remaining allegations in paragraph 42.

4          43.     Monsanto denies the allegations in paragraph 43.

5          44.     In response to the allegations in paragraph 44, Monsanto states that the cited

6    document speaks for itself and does not require a response.  To the extent that the allegations in

7    paragraph 44 go beyond a restatement of the cited document, Monsanto lacks information or

8    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44

9    and therefore denies those allegations.

10         45.      Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 45 and therefore denies those allegations.

12         46.     Monsanto admits the allegations in paragraph 46.

13         47.     In response to the allegations in paragraph 47, Monsanto states that the cited

14   document speaks for itself and does not require a response.  To the extent that the allegations in

15   paragraph 47 go beyond a restatement of the cited document, Monsanto lacks information or

16   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47

17   and therefore denies those allegations.

18         48.     Monsanto states that the term "toxic" as used in paragraph 48 is vague and

19   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

20   denies the allegations in paragraph 48.

21         49.     Monsanto admits the allegations in paragraph 49.

22         50.     In response to the allegations in paragraph 50, Monsanto states that the document

23   speaks for itself and does not require a response.  To the extent that a response is deemed

24   required, Monsanto denies the allegations in paragraph 50.

25         51.     In response to the allegations in paragraph 51, Monsanto admits that Julie Marc

26   published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

27   the extent that paragraph 51 characterizes the meaning of the cited study, Monsanto denies the

28   remaining allegations in paragraph 51.

1    52.    In response to the allegations in paragraph 52, Monsanto states that these

2    documents speak for themselves and do not require a response.  To the extent that a response is

3    deemed required, Monsanto denies the allegations in paragraph 52.

4    53.    In response to the allegations in paragraph 53, Monsanto states that the cited

5    document speaks for itself and does not require a response.  To the extent that paragraph 53

6    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

7    paragraph 53.

8    54.    Monsanto denies the allegations in paragraph 54.

9    55.    In response to the allegations in paragraph 55, Monsanto states that the cited

10   document speaks for itself and does not require a response.  To the extent that paragraph 55

11   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

12   paragraph 55.

13   56.    In response to the allegations in paragraph 56, Monsanto states that the cited

14   document speaks for itself and does not require a response.  To the extent that paragraph 56

15   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

16   paragraph 56.

17   57.    Monsanto denies the allegation that the cited studies support the allegation that

18   glyphosate or Roundup®-branded products pose any risk to human health and denies the

19   remaining allegations in paragraph 57.

20   58.    Monsanto denies the allegations in paragraph 58.

21   59.    Monsanto denies the allegations in paragraph 59.

22   60.    Monsanto denies the allegations in paragraph 60.

23   61.    Monsanto denies the allegations in paragraph 61.

24   62.    Monsanto admits that it has in the past promoted, and continues to promote,

25   Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

26   Monsanto denies the remaining allegations in paragraph 62.

27   63.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

28   is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

1  lacks information or knowledge sufficient to form a belief as to the truth of the remaining

2  allegations in paragraph 63 and therefore denies those allegations.

3         64.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4  truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies

5  that glyphosate met the criteria necessary to be eligible for review.

6         65.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7  truth of the allegations in paragraph 65 and therefore denies those allegations.  Monsanto denies

8  that glyphosate met the criteria necessary to be eligible for review.

9         66.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

10  carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

11  evidence was "cumulative."  The remaining allegations in paragraph 66 are vague and

12  conclusory and comprise attorney characterizations and are accordingly denied.

13        67.    Monsanto admits that the full IARC Monograph regarding glyphosate was

14  published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

15  2A carcinogen.  In response to the remaining allegations in paragraph 67, Monsanto states that

16  the document speaks for itself and does not require a response.  To the extent that a response is

17  deemed required, the remaining allegations in paragraph 67 comprise attorney characterizations

18  and are accordingly denied.

19        68.    Monsanto denies the allegations in paragraph 68.  The IARC working group

20  concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

21  which, per IARC's guidelines, means that the working group could not rule out chance, bias or

22  confounding so as to reach any conclusion of an increased risk.

23        69.    In response to the allegations in paragraph 69, Monsanto states that the document

24  speaks for itself and does not require a response.  To the extent that a response is deemed

25  required, the allegations in paragraph 69 comprise attorney characterizations and are accordingly

26  denied.

27        70.    Monsanto denies the allegations in paragraph 70.

28        71.    The allegations in paragraph 71 comprise attorney characterizations and are

1    accordingly denied.

2    72.    Monsanto admits the allegations in paragraph 72.

3    73.    In response to the allegations in paragraph 73, Monsanto states that the cited

4    document speaks for itself and does not require a response.  To the extent that paragraph 73

5    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

6    paragraph 73.

7    74.    In response to the allegations in paragraph 74, Monsanto admits that certain

8    studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

9    under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

10   evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

11   animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

12   paragraph 74.

13   75.    The allegations in paragraph 75 are vague and ambiguous and are accordingly

14   denied.

15   76.    In response to the allegations in paragraph 76, Monsanto states that the cited

16   document speaks for itself and does not require a response.

17   77.    In response to the allegations in paragraph 77, Monsanto states that the cited

18   document speaks for itself and does not require a response.  To the extent that paragraph 77

19   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

20   paragraph 77.

21   78.    Monsanto denies the allegations in paragraph 78.

22   79.    In response to the allegations in paragraph 79, Monsanto states that the cited

23   document speaks for itself and does not require a response.  Monsanto otherwise denies the

24   allegations in paragraph 79.

25   80.    Monsanto admits that there is no reliable evidence that Roundup®-branded

26   products are genotoxic and that regulatory authorities and independent experts agree that

27   Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

28   paragraph 80.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07402-VC

1      81.     Monsanto denies the allegations in paragraph 81.

2      82.     Monsanto denies the allegations in paragraph 82.

3      83.     Monsanto denies the allegations in paragraph 83.

4      84.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

5  exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 84.

6      85.     Monsanto denies the allegations in paragraph 85.

7      86.     Monsanto denies the allegations in paragraph 86.

8      87.     Monsanto admits the allegations in paragraph 87.

9      88.     Monsanto denies the allegations in paragraph 88.

10     89.     Monsanto admits the allegations in paragraph 89.

11     90.     Monsanto denies the allegations in paragraph 90.

12     91.     Monsanto denies the allegations in paragraph 91.

13     92.     Monsanto denies the allegations in paragraph 92.

14     93.     Monsanto denies the allegations in paragraph 93.

15     94.     Monsanto denies the allegations in paragraph 94.

16     95.     Monsanto denies the allegations in paragraph 95.

17     96.     Monsanto denies the allegations in paragraph 96.

18     97.     Monsanto admits that independent experts and regulatory agencies agree that

19  there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

20  products and admits that it has made statements reflecting this fact.  Monsanto denies the

21  remaining allegations in paragraph 97.

22     98.     In response to the allegations in paragraph 98, Monsanto admits that Roundup®-

23  branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

24  the products' EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

25  98.

26     99.     In response to the allegations in paragraph 99, Monsanto admits that an EPA

27  review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

28  denies the remaining allegations in paragraph 99.

100.     In response to the allegations in paragraph 100, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 100.

101.     In response to the allegations in paragraph 101, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.
- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).
- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).
- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).
- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 101.

1    102.    In response to the allegations in paragraph 102, Monsanto admits that it – along

2    with a large number of other companies and governmental agencies – was defrauded by two

3    chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

4    testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

5    toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

6    glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

7    studies.  To the extent that the allegations in paragraph 102 are intended to suggest that

8    Monsanto was anything other than a victim of this fraud, such allegations are denied.

9    103.    In response to the allegations in paragraph 103, Monsanto admits that IBT

10   Laboratories was hired to conduct toxicity studies in connection with the registration of a

11   Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

12   based upon any fraudulent or false IBT studies.

13   104.    Monsanto denies the allegations in paragraph 104 to the extent they suggest that

14   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

15   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

16   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

17   connection with services provided to a broad number of private and governmental entities and

18   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

19   one of several pesticide manufacturers who had used IBT test results.  The audit found some

20   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

21   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

22   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

23   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 104 are

24   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

25   denies those allegations.

26   105.    In response to the allegations in paragraph 105, Monsanto admits that three IBT

27   employees were convicted of the charge of fraud, but Monsanto denies that any of the

28   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

1    herbicides.

2         106.    In response to the allegations in paragraph 106, Monsanto admits that it – along

3    with numerous other private companies – hired Craven Laboratories as an independent

4    laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

5    denies the remaining allegations in paragraph 106.

6         107.    In response to the allegations in paragraph 107, Monsanto admits that EPA

7    investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

8    paragraph 107 are intended to suggest that Monsanto was anything other than a victim of this

9    fraud, Monsanto denies those allegations.

10        108.    In response to the allegations in paragraph 108, Monsanto admits that it was

11   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

12   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 108

13   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

14   denies those allegations.

15        109.    In response to the allegations in paragraph 109, Monsanto admits that it has stated

16   and continues to state that Roundup®-branded products are safe when used as labeled and that

17   they are non-carcinogenic and non-genotoxic.

18        110.    In response to the allegations in paragraph 110, Monsanto admits that a 1986 joint

19   report of the World Health Organization and Food and Agriculture Organization of the United

20   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

21   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

22   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

23   carcinogen.  Monsanto denies the remaining allegations in paragraph 110.

24        111.    Monsanto denies the allegations in paragraph 111.

25        112.    Monsanto denies the allegations in paragraph 112.

26        113.    Monsanto denies the allegations in paragraph 113.

27        114.    Monsanto denies the allegations in paragraph 114.

28        115.    Monsanto denies the allegations in paragraph 115.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07402-VC

1    116.    Monsanto denies the allegations in paragraph 116.

2    117.    Monsanto denies the allegations in paragraph 117.

3    118.    Monsanto denies the allegations in paragraph 118.

4    119.    Monsanto denies the allegations in paragraph 119.

5    120.    Monsanto denies the allegations in paragraph 120.

6    121.    Monsanto denies the allegations in paragraph 121.

7    122.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 122 and therefore denies those allegations.

9    123.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 123 and therefore denies those allegations.

11   124.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 124 and therefore denies those allegations.

13   125.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in the first sentence of paragraph 125 and therefore denies those

15   allegations.  Monsanto denies the allegations in the last sentence of paragraph 125.

16   126.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 126 and therefore denies those allegations.

18   127.    Monsanto incorporates by reference its responses to paragraphs 1 through 126 in

19   response to paragraph 127 of plaintiff's Complaint.

20   128.    Monsanto denies the allegations in paragraph 128.

21   129.    In response to the allegations in paragraph 129, Monsanto admits that it has stated

22   and continues to state that Roundup®-branded products are safe when used as labeled and that

23   they are non-toxic and non-carcinogenic.

24   130.    In response to the allegations in paragraph 130, Monsanto states that the cited

25   document speaks for itself and does not require a response.

26   131.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

27   exposed plaintiff to risk of her alleged cancer and denies those allegations in paragraph 131.

28   Monsanto states, however, that the scientific studies upon which IARC purported to base its

1    classification were all publicly available before March 2015.  Monsanto lacks information or

2    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

3    131 and therefore denies those allegations.

4            132.    Monsanto denies the allegations in the first and last sentences of paragraph

5    132.  The remaining allegations in paragraph 132 set forth conclusions of law for which no

6    response is required.  Monsanto states, however, that the scientific studies upon which IARC

7    purported to base its classification were all publicly available before March 2015.

8            133.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

9    and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

10   branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

11   which IARC purported to base its classification were all publicly available before March 2015.

12   The remaining allegations in paragraph 133 set forth conclusions of law for which no response is

13   required, consist of attorney characterizations and are accordingly denied, or comprise

14   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

15   the truth of the allegations and therefore denies those allegations.

16           134.    Monsanto incorporates by reference its responses to paragraphs 1 through 133 in

17   response to paragraph 134 of plaintiff's Complaint.

18           135.    The allegations in paragraph 135 set forth conclusions of law for which no

19   response is required.

20           136.    Monsanto denies the allegations in paragraph 136.

21           137.    Monsanto denies the allegations in paragraph 137, including each of its subparts.

22           138.    Monsanto denies the allegations in paragraph 138.

23           139.    Monsanto denies the allegations in paragraph 139.

24           140.    Monsanto denies the allegations in paragraph 140.

25           141.    Monsanto denies the allegations in paragraph 141, including each of its subparts.

26           142.    Monsanto denies the allegations in paragraph 142.

27           143.    Monsanto denies the allegations in paragraph 143.

28           144.    Monsanto denies the allegations in paragraph 144.

1    145.    Monsanto denies the allegations in paragraph 145.

2    146.    Monsanto denies the allegations in paragraph 146.

3        In response to the "WHEREFORE" paragraph following paragraph 146, Monsanto

4    demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

5    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

6    fees as allowed by law and such further and additional relief as this Court may deem just and

7    proper.

8    147.    Monsanto incorporates by reference its responses to paragraphs 1 through 146 in

9    response to paragraph 147 of plaintiff's Complaint.

10    148.    In response to the allegations in paragraph 148, Monsanto lacks information or

11    knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

12    exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies

13    the remaining allegations in paragraph 148.

14    149.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15    truth of the allegations in paragraph 149 and therefore denies those allegations.

16    150.    Monsanto denies the allegations in paragraph 150.

17    151.    Monsanto denies the allegations in paragraph 151.

18    152.    Monsanto denies the allegations in paragraph 152.

19    153.    Monsanto denies the allegations in paragraph 153, including each of its subparts.

20    154.    Monsanto denies the allegations in paragraph 154.

21    155.    Monsanto denies that Roundup®-branded products have "dangerous

22    characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

23    truth of the remaining allegations in paragraph 155 and therefore denies those allegations.

24    156.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25    truth of the allegations in paragraph 156 and therefore denies those allegations.

26    157.    Monsanto denies the allegations in paragraph 157.

27    158.    The allegations in paragraph 158 set forth conclusions of law for which no

28    response is required.

1       159.    Monsanto denies the allegations in paragraph 159.

2       160.    Monsanto denies the allegations in paragraph 160.

3       161.    Monsanto denies the allegations in paragraph 161.

4       162.    Monsanto denies the allegations in paragraph 162.

5       163.    Monsanto denies the allegations in paragraph 163.

6       164.    Monsanto denies the allegations in paragraph 164.

7       165.    Monsanto denies the allegations in paragraph 165.

8       166.    Monsanto denies the allegations in paragraph 166.

9       167.    Monsanto denies the allegations in paragraph 167.

10     168.    Monsanto denies the allegations in paragraph 168.

11     169.    Monsanto denies the allegations in paragraph 169.

In response to the "WHEREFORE" paragraph following paragraph 169, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

170.    Monsanto incorporates by reference its responses to paragraphs 1 through 169 in response to paragraph 170 of plaintiff's Complaint.

171.    The allegations in paragraph 171 set forth conclusions of law for which no response is required.

172.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 172 and therefore denies those allegations.

173.    Monsanto denies the allegations in paragraph 173.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

174.    Monsanto denies the allegations in paragraph 174.

175.    Monsanto denies the allegations in paragraph 175.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal

1   requirements under FIFRA.

2        176.    Monsanto denies the allegations in paragraph 176.  All labeling of Roundup®-

3   branded products has been and remains EPA-approved and in compliance with all federal

4   requirements under FIFRA and with Florida law.

5        177.    Monsanto denies the allegations in paragraph 177.

6        178.    Monsanto denies the allegations in paragraph 178.

7        179.    The allegations in paragraph 179 set forth conclusions of law for which no

8   response is required.

9        180.    Monsanto denies the allegations in paragraph 180.

10       181.    Monsanto denies the allegations in paragraph 181.

11       182.    Monsanto denies the allegations in paragraph 182.

12       183.    Monsanto denies the allegations that Roundup®-branded products are defective

13   and accordingly denies the allegations in paragraph 183.

14       184.    The allegations in paragraph 184 set forth conclusions of law for which no

15   response is required.

16       185.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 185 and therefore denies those allegations.

18       186.    Monsanto denies the allegations in paragraph 186.

19       187.    Monsanto denies the allegations in paragraph 187.

20       188.    Monsanto denies the allegations in paragraph 188.

21       189.    Monsanto denies the allegations in paragraph 189.

22       190.    Monsanto denies the allegations in paragraph 190.

23       191.    Monsanto denies the allegations in paragraph 191.

24       In response to the "WHEREFORE" paragraph following paragraph 191, Monsanto

25   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

26   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

27   fees as allowed by law and such further and additional relief as this Court may deem just and

28   proper.

192.   Monsanto incorporates by reference its responses to paragraphs 1 through 191 in response to paragraph 192 of plaintiff's Complaint.

193.   Monsanto denies the allegations in paragraph 193.  Additionally, the allegations in the last sentence in paragraph 193 set forth conclusions of law for which no response is required.

194.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 194 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 194 set forth conclusions of law for which no response is required.

195.   The allegations in paragraph 195 set forth conclusions of law for which no response is required.

196.   Monsanto denies the allegations in paragraph 196.

197.   The allegation in paragraph 197 regarding a purported implied warranty sets forth a conclusion of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 197 and therefore denies those allegations.

198.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 198 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies the allegations in paragraph 198.

199.   Monsanto denies the allegations in paragraph 199.

200.   Monsanto denies the allegations in paragraph 200.

201.   Monsanto denies the allegations in paragraph 201.

202.   Monsanto denies the allegations in paragraph 202.

In response to the "WHEREFORE" paragraph following paragraph 202, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and

1    proper.

2        203.    Monsanto incorporates by reference its responses to paragraphs 1 through 202 in

3    response to paragraph 203 of plaintiff's Complaint.

4        204.    Monsanto denies the allegations in paragraph 204.

5        205.    The allegations in paragraph 205 set forth conclusions of law for which no

6    response is required.

7        206.    Monsanto denies the allegations in paragraph 206.

8        207.    Monsanto denies the allegations in paragraph 207.

9        208.    Monsanto denies the allegations in paragraph 207.

10       208.    Monsanto denies the allegations in paragraph 208.

11       209.    Monsanto denies the allegations in paragraph 209.

12       210.    Monsanto denies the allegations in paragraph 210.

13       In response to the "WHEREFORE" paragraph following paragraph 210, Monsanto

14   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

15   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

16   fees as allowed by law and such further and additional relief as this Court may deem just and

17   proper.

18       In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

19   denies that plaintiff is entitled to the relief sought therein, including any judgment for any

20   damages, interest, costs, or any other relief whatsoever.

21       Every allegation in the Complaint that is not specifically and expressly admitted in this

22   Answer is hereby specifically and expressly denied.

23                          **SEPARATE AND AFFIRMATIVE DEFENSES**

24       1.    The Complaint, in whole or part, fails to state a claim or cause of action upon

25   which relief can be granted.

26       2.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

27   reliable evidence that the products at issue were defective or unreasonably dangerous.

28       3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

1  was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

2  plaintiff's alleged injuries.

3       4.    Plaintiff's claims are barred, in whole or in part, because the products at issue

4  were designed, manufactured, marketed and labeled with proper warnings, information, cautions

5  and instructions, in accordance with the state of the art and the state of scientific and

6  technological knowledge.

7       5.    Plaintiff's claims are barred, in whole or in part, because the products at issue

8  were not defective or unreasonably dangerous in that they complied with, at all relevant times,

9  all applicable government safety standards.

10      6.    Any claims based on allegations that Monsanto misled, defrauded, made

11 misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

12 *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

13 *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

14      7.    Plaintiff's claims are preempted, in whole or in part, by applicable federal law

15 relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

16 processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

17      8.    Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

18 findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

19 product labeling.

20      9.    Plaintiff's claims are barred, in whole or in part, by the doctrine of primary

21 jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

22      10.   Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if

23 any, were the result of conduct of plaintiff, independent third parties, and/or events that were

24 extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

25 independent, intervening and superseding causes of the alleged injuries, including but not limited

26 to plaintiff's pre-existing medical conditions.

27      11.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j

28 and k, bar plaintiff's claims against Monsanto in whole or in part.

12. Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13. Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14. If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15. Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

16. Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17. Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18. Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Oregon Constitution, the Washington Constitution, and/or other applicable state constitutions.

19. Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Oregon law, Washington law, and/or other applicable state laws.

20. Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Washington law.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     To the extent that plaintiff recovered payments for his alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

25.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.     Plaintiff's common law claims are barred, in whole or part, by application of Wash. Rev. Code §§ 7.72.010-.060.

29.     Plaintiff's causes of action are barred, in whole or in part, by plaintiff's contributory negligence; alternatively, plaintiff's right to recover, no fault being admitted, is diminished in an amount based upon plaintiff's individual relative degree of fault.  Or. Rev. Stat. § 31.600.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## <u>JURY TRIAL DEMAND</u>

Monsanto demands a jury trial on all issues so triable.

DATED:  December 10, 2019

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07402-VC