Robin Greenwald
**Weitz & Luxenberg**
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500
Facsimile: (212) 344-5461
rgreenwald@weitzlux.com

Michael Miller
**The Miller Firm LLC**
108 Railroad Avenue
Orange, VA 22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055
mmiller@millerfirmllc.com

Aimee H. Wagstaff (SBN 278480)
**ANDRUS WAGSTAFF, PC**
7171 W. Alaska Drive
Lakewood, CO  80226
Telephone: 303-376-6360
Fax: 303-376-6361
aimee.wagstaff@andruswagstaff.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Emanuel Giglio v. Monsanto Co.,*<br>3:16-cv-05658<br><br>*Matteo Anthony Russo v. Monsanto Co.,*<br>3:16-cv-06024<br><br>*Yolanda Mendoza v. Monsanto Co.*,<br>3:16-cv-06046 | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO MONSANTO'S MOTION TO EXCLUDE TESTIMONY OF WAVE ONE PLAINTIFFS' SPECIFIC CAUSATION EXPERTS DR. CHADI NABHAN, DR. ANDREI SHUSTOV, AND DR. DENNIS WEISENBURGER ON *DAUBERT* GROUNDS** |

In response to Monsanto's Motion to Exclude Testimony of Plaintiffs' Specific Causation Experts Drs. Nabhan, Shustov and Weisenburger on *Daubert* Grounds ("Mon. Motion")[1] and consistent with the Court's repeated instructions not to relitigate issues previously ruled upon, Plaintiffs hereby incorporate the following pleadings that were filed on the MDL docket:

- Plaintiffs' Response in Opposition to Monsanto's Daubert and Summary Judgment Motion Based on Failure of General Causation Proof (ECF #647)
- Plaintiffs' Supplemental Brief Pursuant to PTO 34 (ECF #1135)
- Plaintiffs' Notice of Supplemental Authority in Support of Plaintiffs' Opposition to Monsanto's Motion to Exclude Plaintiffs' General Causation Experts (ECF #1461)
- Plaintiffs' Response in Opposition to Monsanto's Specific Causation *Daubert* and Summary Judgment Motion and *Daubert* Motion to Strike Certain Opinions of Monsanto Company' Expert Witnesses (ECF #2478)
- Plaintiffs' Reply in Support of Their Daubert Motion to Strike Certain Opinions of Monsanto Company's Expert Witnesses (ECF #2529)

Plaintiffs also incorporate the developing science on glyphosate as set forth in and attached as exhibits to their opposition to Monsanto's motion for summary judgement on causation grounds (Document 8001). By incorporating by reference prior filings and attaching them to this pleading, Plaintiffs are in no way waiving any arguments raised therein.

In addition to the above briefing and this Court's prior ruling that these experts may testify on specific causation issues, Plaintiffs address the issues that Monsanto contends were not previously decided by the Court. Plaintiffs both disagree with that characterization and further illustrate below that Monsanto's stated "new grounds" for exclusion are belied by the record.

---

[1] This opposition responds to Document 8011.

**Dr. Nabhan**

Monsanto's argument to exclude Dr. Nabhan is predicated upon testimony that Dr. Nabhan intends to offer certain opinions the Court previously excluded. Plaintiffs do not dispute that the Court's previous restrictions on Dr. Nabhan apply to any testimony he may offer in Mr. Russo's case. As Monsanto is certainly aware, the Court, and not Dr. Nabhan, determines the scope of his testimony. *See In re Roundup Products Liab. Litig.*, 358 F. Supp. 3d 956 (N.D. Cal. 2019). Plaintiffs do not intend to revisit the Court's previous opinion.

**Dr. Shustov**

Monsanto raises several issues that it contends are new: there is no support for an association between Burkitt lymphoma (a B-cell subtype of NHL) and that Dr. Shustov failed to "rule in several risk factors," including that Ms. Mendoza is a school teacher, that Ms. Mendoza lives in Merced, California, that Ms. Mendoza had a splenectomy, and that Ms. Mendoza had psoriasis. Monsanto is wrong on all issues.

Dr. Shustov was asked dozens of questions at his deposition about his opinion that Ms. Mendoza's exposure to Roundup was a substantial contributing factor to her diagnosis of Burkitt lymphoma. As Dr. Shustov testified, the science supports an association between Burkitt lymphoma and Roundup exposure. Ms. Mendoza's specific type of Burkitt lymphoma is Sporadic Burkitt lymphoma, which accounts for only 1-2% of lymphomas. Dr. Shustov Expert Report for Yolanda Mendoza ("Report"), Ex. 1 at 4. That is why, according to Dr. Shustov, there are no studies that specifically identify Roundup exposure and the risk of Burkitt lymphoma – it is simply too rare of a NHL to categorize separately. *Id.*; Deposition of Dr. Shustov, November 3, 2019 ("Dep."), Ex. 4 to Mon. Motion, at 25:1-5; 128:21-24 ("Nobody looks specifically at Burkitt lymphoma because of the – because of its rarity"). Dr. Shustov explained that he relied on data for "aggressive lymphomas that are most closely related

biologically and clinically to Burkitt lymphoma.  In this case, it is oud be diffuse Large B-cell lymphoma." Dep., Ex. 4 to Mon. Motion, at 163:3-8.

As to "risk factors," Dr. Shustov made clear that he generally considered risk factors for NHL but in the case of Ms. Mendoza there were none.  Report at 7. Dr. Shustov explained why he did not agree with the risk factors that Monsanto identifies in the instant motion; he was aware of all of the facts about Ms. Mendoza that Monsanto identifies but does not agree that any one of them is a risk factor.  As to teaching, he notes that Ms. Mendoza did not have exposure to either toxic chemicals or ionizing radiation at her workplace; there is no mechanism by which her teaching job could have caused her NH. *Id.*; *see also* Dep., Ex. 4 to Mon. Motion, at 189:12-16.

Regarding her ███████████████████████████████, Dr. Shustov noted that the study he was shown identifying an association between ████████ and NHL did not relate to Ms. Mendoza as she is not in the population of people studied. *Id*. at 69:24-70:8 (the population studied – veterans – are potentially exposed to other carcinogens through their service, such as defoliants and military chemicals, and this population is also at risk of substance abuse and infections, so "you are looking at wrong gender, wrong exposure, and you're looking at one factor."). When asked if he could cite to a study that did not find an association, he identified a paper that shows no association when veterans are not the focus: "And patients who receive ████████████████████████, actually, did not have associated risks of lymphoma; and those who received for -- those who received ████████ for some other disease processes, had increased risk of lymphoma." *Id*. at 70:12-19. See also id. at 183:20-186:8.  Finally, Dr. Shustov rejected Ms. Mendoza's ████████ as a risk factor of her disease because her medical records did not show a severe case that required ██████████████, which would be "the only way she could get reasonable immunosuppression to even consider that . . .

- 4 -

immunosuppression state as immune system malfunction to allow for high risk of malignancies of lymphoma." *Id.* at 186:10-188:10.

Finally, Monsanto once again resorts to its argument – rejected by this Court -- that Dr. Shustov "did not adequately account for idiopathy in his analysis." Motion at 3. Monsanto's argument, as it well knows, is contrary to Ninth Circuit law that rejects the exclusion of experts on the grounds that there is a high rate of idiopathic origins. *Daubert* and its progeny does not "require experts to eliminate all other possible causes of a condition for the expert's testimony to be reliable. It is enough that the proposed cause 'be a substantial causative factor.' This is true in patients with multiple risk factors, and analogously, in cases where there is a high rate of idiopathy." *Wendell v. Glaxosmithkline LLC*, 858 F.3d 1227, 1237 (9th Cir. 2017). In sum, Monsanto does not raise a single basis to exclude Dr. Shustov's testimony.

**Dr. Weisenburger**

Monsanto's new argument to exclude Dr. Weisenburger is predicated upon minor inconsistencies between exposure information in Mr. Russo's fact sheet, deposition testimony, and what was reported to Dr. Weisenburger. Mot. at 3. But even if Dr. Weisenberger's calculations were inaccurate, such inconsistencies go to the weight, rather than the admissibility, of his testimony. *See Walters v. McCormick*, 122 F.3d 1172 (9th Cir. 1997) (inconsistencies in testimony of victim went to weight that trier of fact should accord testimony, and not its admissibility.); *TV Interactive Data Corp. v. Sony Corp.,* 929 F. Supp. 2d 1006, 1028 (N.D. Cal. 2013) (Inaccurate calculations go to weight of testimony rather than admissibility). Further, there is good reason for minor inconsistencies in Mr. Russo's recollection of his Roundup usage: along with the well-known effects of chemotherapy and its ability to impair memory, ███████████████████████████ as part of his treatment for NHL. *See* Russo Dep. at 271:01-03 (testifying that ███████████████████████) (Ex. 2);

Rudnick Dep. at 59:05-17  (Mr. Russo's treating oncologist discussing that Mr. Russo's ███████████ was likely attributable to his cancer treatment)(Ex. 3). Accordingly, Monsanto's critique of Dr. Weisenburger does not support exclusion.

Dated: December 10, 2019                    Respectfully submitted,

By:     */s/ Robin Greenwald*
Robin Greenwald
**Weitz & Luxenberg**
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500
Facsimile: (212) 344-5461
rgreenwald@weitzlux.com

*/s/ Michael Miller*
Michael Miller
**The Miller Firm LLC**
108 Railroad Avenue
Orange, VA 22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055
mmiller@millerfirmllc.com

*/s/ Aimee H. Wagstaff*
Aimee H. Wagstaff (SBN 278480)
**Andrus Wagstaff, PC**
7171 W. Alaska Drive
Lakewood, CO  80226
Telephone: 303-376-6360
Fax: 303-376-6361
aimee.wagstaff@andruswagstaff.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of December 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Robin Greenwald