# Exhibit 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITGATION<br><br>This document relates to:<br><br>*Hardeman v. Monsanto Co.*, 16-cv-0525-VC | MDL No. 2741<br><br>Case No. 16-md-02741-VC<br><br>**PRETRIAL ORDER NO. 159: DENYING MONSANTO'S MOTIONS FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL ON NON-DAMAGES GROUNDS** |

This ruling addresses Monsanto's post-trial motions other than those related to damages. The Court will file a separate ruling relating to damages on Monday.

1. There was no material difference between the quality of the causation evidence presented pretrial and at trial. If anything, the testimony of the plaintiffs' causation experts at trial was more reliable than their testimony during the *Daubert* hearings, because the Court barred them from offering certain portions of their opinions at trial that were without any scientific basis. Thus, for the reasons expressed in Pretrial Orders Nos. 45 and 85, Mr. Hardeman presented sufficient admissible evidence of causation. *See* Dkt. Nos. 1596, 2799. One note relating to the trial testimony: although Monsanto is correct that Dr. Weisenburger's estimates of Mr. Hardeman's exposure levels were higher than could be supported by Mr. Hardeman's own testimony, the difference is merely a matter of degree. Mr. Hardeman's exposure levels still far exceeded the threshold used in most of the epidemiological literature, and specifically the McDuffie and

1

Eriksson studies.

2. For the reasons expressed in Pretrial Order No. 101 and at the hearing on July 2, 2019, Mr. Hardeman's claims are neither expressly nor impliedly preempted under current Supreme Court caselaw. *See* Dkt. No. 2937, 4453; *see also Bates v. Dow Agrosciences LLC*, 544 U.S. 431 (2005).

3. Although the most strenuous objections to the causation instruction came from the plaintiff, Monsanto now seeks relief based on it. The instruction, which included a modification to CACI 430, was not error, largely for the reasons stated on the record during trial. With respect to the discrete points Monsanto now raises in its motion, it bears noting that nowhere does the causation instruction refer to hepatitis C. Monsanto objects that the modification discouraged the jury from "considering other causes or the possibility of an unknown cause," but the instruction refers generically to "other factors" that might cause non-Hodgkin's lymphoma. If the jury focused on hepatitis C, that is a product not of the instruction, but of the evidence presented at trial. Nor did the modification shift the burden of proof to Monsanto; it asked the jury to consider whether Mr. Hardeman had or had not proven that his exposure to Roundup was sufficient to cause his NHL.

4. For the reasons expressed in Pretrial Order No. 101 and at the hearing on July 2, 2019, there was no error in either the negligent or strict liability failure-to-warn instructions. *See* Dkt. Nos. 2937, 4453. Nor was it error to list the amount of stipulated damages in the verdict form.

5. Monsanto is not entitled to a new trial based on the excusal of Juror #4. To begin, Monsanto waived this argument by failing to object at trial. Defense counsel requested that the Court conduct a further investigation before excusing her, but did not object on the record, and in fact stated that Monsanto would "defer to" the Court. In any event, it was appropriate to excuse Juror #4 after three separate jurors confirmed her statement – made after the second day of trial –