Aimee H. Wagstaff (SBN 278480)
**ANDRUS WAGSTAFF, PC**
7171 W. Alaska Drive
Lakewood, CO  80226
Telephone: 303-376-6360
Fax: 303-376-6361
aimee.wagstaff@andruswagstaff.com

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Perkins v. Monsanto Co., 3:16-cv-06025* | |

**PLAINTIFF'S OPPOSITION TO MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION TO EXCLUDE TESTIMONY OF CASE SPECIFIC CAUSATION EXPERT, DR. BARRY BOYD, ON *DAUBERT* GROUNDS**

**I. PRELIMINARY STATEMENT**

In the instant motion, Monsanto essentially mimics the arguments it raised against the Bellwether Plaintiffs' specific causation experts. Monsanto does not dispute that the Plaintiffs' experts may use the differential etiology method upheld by the Ninth Circuit and this Court as the basis for their opinions (PTO 85 at p. 2), or that the experts misuse the studies. Instead, Monsanto argues that the experts' opinions should be excluded because: (1) they "rely on the same flawed studies the general causation experts rely on . . ." and "[f]or the most part, these experts made no attempt at all to address idiopathy in their expert reports," and (2) they "fail to reliably consider and rule out other potential causes of NHL . . ." *See, e.g.,* Monsanto's Motion at p. 1.  This Court's prior rulings quickly dispense with each of these arguments.

### a. Reliance on General Causation Experts

This Court, in PTO 85, rejected Monsanto's claim that it is entitled to prevail on its motion because the specific causation experts rely on the same studies as the general causation experts, calling Monsanto's argument "off point" because "at trial, [Plaintiffs' specific causation experts] basis for ruling in glyphosate will be the general causation opinions." PTO 85 at pp. 2-3.  For the same reasons the Court denied Monsanto's motion regarding the Bellwether Plaintiffs, Monsanto's instant motion should be denied.  Monsanto's position regarding the studies upon which the general causation experts rely is a rehash of a failed argument already rejected by this Court.

### b. There is no Legal Requirement to Consider Every Potential Risk Factor

Plaintiffs' experts are not required to scour the world and investigate every conceivable alternative potential cause of a Plaintiffs' NHL in order for their opinions to be admissible under *Daubert*.  The Ninth Circuit in *Wendell v. GlaxoSmithKline, LLC*, 858 F.3d 1227, 1237 (2017), made that clear:

> We do not require experts to eliminate all other possible causes of a condition for the expert's testimony to be reliable. It is enough that the proposed cause "be a substantial causative factor."  This is true in patients with multiple risk factors, and analogously, in cases where there is a high rate of idiopathy.

Likewise, in *Cooper v. Takeda Pharmaceuticals America, Inc.*, 239 Cal. App. 4th 555, 580 (2014), the California Court of Appeals ruled that a plaintiff need not rule out every potential risk factor that could conceivably have also contributed to her disease:

> Thus, because California has rejected the notion that a plaintiff must definitively "exclude all possibilities other than the defendant's conduct or product as the cause of the plaintiff's harm, clearly an expert, in reaching a specific causation opinion, need not exclude all other possibilities before he or she can express an opinion that the defendant's conduct or product caused the plaintiff's harm.

**II. THIS COURT HAS ALREDY RULED THAT PLAINTIFFS' EXPERTS PROPERLY RULED IN ROUNDUP AS THE CAUSE OF PLAINTIFFS' NON-HODGKIN'S LYMPHOMA**

In response to this argument, Plaintiffs state that the Court has already considered and rejected this argument in PTO 85, calling it "off point". PTO 85 at 2, *see* also PTO 45.

**III. DR. BOYD PROPERLY ASSESSED POTENTIAL ALTERNATIVE CAUSES FOR PLAINTIFF GOLDIE PERKINS NON-HODGKINS' LYMPHONA.**

Monsanto regurgitates the same argument this Court rejected in Docket No. 2799, *Pretrial Order No. 85*, this time pertaining to Dr. Boyd's evaluation of Mrs. Perkins. The result should be no different here. In the Court's prior order, the Court noted "under Ninth Circuit case law, doctors enjoy wide latitude in how they practice their art when offering causation opinions."[1] Once again Monsanto argues the expert's "ruling out" was unreliable simply because it does not agree with Dr. Boyd's findings, not because Dr. Boyd failed to meet the standard for a proper differential diagnosis.

This opposition addresses only ECF 8012 with respect to Plaintiff's expert, Dr. Barry Boyd, who provided an opinion for Plaintiff Goldie Perkins.

Dr. Boyd graduated from Cornell University with a M.S and a M.D. He received his Ph.D. from Yale University School of Medicine. He also completed a two year post-doctoral fellowship in hematology and oncology at New York Hospital-Cornell Medical Center, followed with a Chief Fellowship in hematology and oncology from 1983-1985. He is currently an Assistant Clinical Professor of Medicine at Yale University School of Medicine, a position he has held since 2009. He has consistently been recognized as a Best Doctor in Medical Oncology since 2008. *See* Curriculum Vitae of Dr. D. Barry Boyd, M.D., M.S., Ex. 1.

Dr. Boyd did not "causally" rule out other risk factors as Monsanto claims. Rather, Dr. Boyd used his clinical judgment and extensive knowledge about the risk factors and still found Roundup to be a substantial contributing risk factor. Specifically, during his process of reviewing Mrs. Perkins' medical records he considered and evaluated potential risks that he

---

[1] The Court citing *Wendell v. GlaxoSmithKline LLC,* 858 F. 3d 1227, 1237 (9th Cir. 2017).

thought were important and relevant to his analysis, including Mrs. Perkins' medical history. Ex.2. Boyd Dep. at 33:16 - 34:17.

While Dr. Boyd acknowledged that morbid obesity can be a multicausal and multifactorial risk in evaluating risk factors, he ultimately determined the "the relative risk was present but still small"[2] concluding that within the context of Mrs. Perkins' history, obesity may not be causal." *Id.* at 106:19-21. Dr. Boyd further testified Mrs. Perkins' metabolic syndrome did not contribute to her cancer. *Id.* at 64:25 - 65:3.

Dr. Boyd testified in detail, his ability to rule out Mrs. Perkins' obesity, metabolic syndrome, and insulin resistance by relying on the biology of insulin-like growth factors and a stronger link between myeloma cancers than traditional non-Hodgkin's lymphoma. *Id.* at 73:3 – 75:3. Dr. Boyd ruled in obesity as a possible contributing factor, but an unlikely cause of Mrs. Perkins' NHL.

Additionally, Dr. Boyd did not indeterminably opine Mrs. Perkins' family history was not a risk factor as Monsanto claims, but instead relied upon numerous conflicting studies published discussing the potential increase of risk factors based on family history. Dr. Boyd determined in Mrs. Perkins' family history of cancer, the increased risk could not be determined simply by genetics, but must also take into consideration, the type of cancer, and other potential environmental, and living conditions. *Id*. at. 81:22 – 83:2.

There is nothing methodologically suspect with weighing the strength of the evidence of various risk factors and making a clinical judgment about which risk factor is more important in a patient. *Wendell v. GlaxoSmithKline LLC,* 858 F, 3d 1227, 1237 (9th Cir. 2017) *citing Messick v. Novartis Pharm. Corp.,* 747 F.3d 1193, 1198 (9th Cir. 2014). Dr. Boyd's opinions are consistent with his clinical practice, his authored article and his lectures, finding the role of insulin and obesity are strongly associated with breast, pancreas, and colorectal cancers. Ex. 2 at 17:8-13.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs move the Court deny Monsanto's Motion to exclude Dr. Boyd.

---

[2] *Id*. at 75:4-23

- 4 -
PLAINTIFF'S OPPOSITION TO MONSANTO'S MOTION TO EXCLUDE TESTIMONY OF DR. BOYD
3:16-md-06025-VC

Dated: December 10, 2019

ANDRUS WAGSTAFF, PC

By: /s/ *Aimee H. Wagstaff*
Aimee H. Wagstaff (SBN 278480)
**Andrus Wagstaff, PC**
7171 W. Alaska Drive
Lakewood, CO  80226
Telephone: 303-376-6360
Fax: 303-376-6361
aimee.wagstaff@andruswagstaff.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of December 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Aimee H. Wagstaff