# Exhibit 7

DANIEL M. HORRIGAN

2010 FEB 22 PM 3:07

SUMMIT COUNTY
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| BONNIE L. MALLORY, | ) | CASE NO. CV-2007-11-8033 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE ROWLANDS |
| | ) | |
| GOODYEAR TIRE & RUBBER | ) | ORDER |
| COMPANY, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Plaintiff's Motion to Partially Exclude The Opinion Testimony of Pamela Williams, and Defendant Goodyear Tire & Rubber Company's Motion to Exclude the Proposed Expert Testimony of Stephen Petty. Upon consideration, the Court finds these Motions are not well taken and are therefore denied.

Under Ohio law, a witness may testify as an expert if; "(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons; (B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony; [and] (C) The witness' testimony is based on reliable scientific, technical, or other specialized information." Evid.R. 702. "In evaluating the reliability of scientific evidence, several factors are to be considered: (1) whether the theory or technique has been tested, (2) whether it has been subjected to peer review, (3) whether there is a known or potential rate of error, and (4) whether the methodology has gained general acceptance." *Miller v. Bike Ath. Co.,*

80 Ohio St.3d 607, 611, 687 N.E.2d 735, 1998-Ohio-178, citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (1993), 509 U.S. 579, 113 S.Ct. 2786. "Although these factors may aid in determining reliability, the inquiry is flexible." Id. "The focus is 'solely on principles and methodology, not on the conclusions that they generate.'" Id. at 611-612.

Both parties have provided evidence of acceptance of their methodologies within the scientific community. Dr. Williams has presented evidence that her method for calculating flux in benzene solutions has been used by others in the scientific community, including by OSHA in establishing its standards. Defendant itself admits that Mr. Stevens described an accepted methodology in reaching his conclusions. This Court finds that both parties dispute the other's experts' findings. These findings can be challenged on cross-examination, and refuted by their own experts at trial. However, this Court does not find that either expert is unqualified to testify at trial.

It is so ordered.

JUDGE MARY MARGARET ROWLANDS

cc:   Attorney J. Michael Prascik/Attorney Michael P. Giertz
      Attorney Daniel F. Balmert/Attorney Joseph D. Lonardo