**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   202-898-5800
Facsimile:   202-682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br> Case No. 3:16-md-02741-VC |
| This document relates to: <br><br> *Ron F. Skoronski  v. Monsanto Co.,* <br> Case No. 3:19-cv-07105-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in the Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies those allegations.

2.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies those allegations.

4.      In response to the allegations in paragraph 4, Monsanto admits that it is a Delaware corporation with its headquarters and principal place of business in St. Louis County, Missouri.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations paragraph 6 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 6 based upon the allegations in plaintiff's complaint.

7.      The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.      The allegations in paragraph 8 set forth conclusions of law for which no response is required.

9.      Monsanto admits that it sells Roundup®-branded products in the Southern District of Iowa. The remaining allegations in the first sentence of paragraph 9 set forth conclusions of law for which no response is required. In response to the allegations in the second sentence of paragraph 9, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

10.      In response to the allegations in paragraph 10, Monsanto admits that it is an agricultural biotechnology corporation.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.

11.      Monsanto admits the allegations in paragraph 11.

12.      In response to the allegations in paragraph 12, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

paragraph 12 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

13.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 13 comprise attorney characterizations and are accordingly denied.

14.     Monsanto admits the allegations in paragraph 14.

15.     Monsanto generally admits the allegations in paragraph 15, but denies the allegations in paragraph 15 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

16.     Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 16.

17.     Monsanto admits the allegations in the third sentence of paragraph 17.

18.     Monsanto denies the allegations in paragraph 18.

19.     Monsanto admits that it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto otherwise denies the remaining allegations in paragraph 19.

20.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto denies the remaining allegations in paragraph 20.

21.     The allegations in paragraph 21 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

22.     Monsanto admits the allegations in paragraph 22.

23.     Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 23 and accordingly denies the same.  The

1    remaining allegations in paragraph 23 are vague and conclusory and comprise attorney

2    characterizations and are accordingly denied.

3         24.    The allegations in paragraph 24 set forth conclusions of law for which no

4    response is required.  To the extent that a response is deemed required, Monsanto admits the

5    allegations in paragraph 24.

6         25.    The allegations in paragraph 25 set forth conclusions of law for which no

7    response is required.  To the extent that a response is deemed required, Monsanto admits the

8    allegations in paragraph 25.

9         26.    In response to the allegations in paragraph 26, Monsanto admits that EPA requires

10   registrants of herbicides to submit extensive data in support of the human health and

11   environmental safety of their products and further admits that EPA will not register or approve

12   the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

13   Fungicide, and Rodenticide Act ("FIFRA").

14        27.    In response to the allegations in paragraph 27, Monsanto admits that EPA requires

15   registrants of herbicides to submit extensive data in support of the human health and

16   environmental safety of their products and further admits that EPA will not register or approve

17   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.

18        28.    In response to the allegations in paragraph 28, Monsanto admits that EPA requires

19   registrants of herbicides to submit extensive data in support of the human health and

20   environmental safety of their products and further admits that EPA will not register or approve

21   the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

22   Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 28 set forth

23   conclusions of law for which no response is required.

24        29.    The allegations in paragraph 29 set forth conclusions of law for which no

25   response is required.

26

27

28

30.      Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Iowa for sale and distribution.

31.      Monsanto denies the allegations in paragraph 31 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. The remaining allegations in paragraph 31 set forth conclusions of law for which no response is required.

32.      In response to the allegations in paragraph 32, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.

33.      In response to the allegations in paragraph 33, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.

34.      In response to the allegations in paragraph 34, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 34 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

35.      In response to the allegations in paragraph 35, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

36.     In response to the allegations in paragraph 36, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

37.     Monsanto denies the allegations in paragraph 37 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.

38.     In response to the allegations in paragraph 38, Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 38 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

39.     In response to the allegations in paragraph 39, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

40.     In response to the allegations in paragraph 40, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  In response to the allegations in paragraph 41, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost. To the extent that the allegations in paragraph 41 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

42.     Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 42 set forth conclusions of law for which no response is required.

43.     Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 43 set forth conclusions of law for which no response is required.

44.     In response to the allegations in paragraph 44, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07105-VC

to be Carcinogenic to Humans."[2]  Monsanto further states that, in December  2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans.'"[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

---

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 and therefore denies those allegations.

45.     In response to the allegations in paragraph 45, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 45 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 45.

46.     In response to the allegations in paragraph 46, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 47 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 49 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 49.

50.     Monsanto denies the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 51 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 52

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 53 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 54 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.

56.     In response to the allegations in paragraph 56, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 56 comprise attorney characterizations and are accordingly denied.

57.     In response to the allegations in paragraph 57, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 57 comprise attorney characterizations and are accordingly denied.

58.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 58.

59.     Monsanto denies the allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

61.     Monsanto denies the allegations in paragraph 61.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07105-VC

62.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 62.

63.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 63 and therefore denies those allegations.

64.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 64 and therefore denies those allegations.

65.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 65 and therefore denies those allegations.

66.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 66 and therefore denies those allegations.

67.     Monsanto denies that any exposure to Roundup®-branded products can cause non-Hodgkin's lymphoma ("NHL") and other serious illnesses and therefore denies those allegations in paragraph 67.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 67 and therefore denies those allegations.

68.     In response to the allegations in paragraph 68, Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 68.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 68 and therefore denies those allegations.

69.     In response to the allegations in paragraph 69, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human health. Monsanto states, however, that the scientific studies upon which IARC purported to base its

1  classification were all publicly available before March 2015.  The final sentence of paragraph 69 sets

2  forth a conclusion of law for which no response is required.

3          70.     In response to the allegations in paragraph 70, Monsanto denies that exposure to

4  Roundup®-branded products and glyphosate is injurious to human health.  Monsanto states,

5  however, that the scientific studies upon which IARC purported to base its cancer classification for

6  glyphosate were all publicly available before March 2015.  The allegations in paragraph 70 set forth

7  conclusions of law for which no response is required.

8          71.     The allegations in paragraph 71 set forth conclusions of law for which no response is

9  required.  To the extent that a response is deemed required, Monsanto denies the allegations in

10  paragraph 71.  Monsanto states that the scientific studies upon which IARC purported to base its

11  cancer classification for glyphosate were all publicly available before March 2015.

12         72.     Monsanto denies allegations in paragraph 72.

13         73.     In response to the allegations in paragraph 73, Monsanto admits that it has

14  stated and continues to state that Roundup®-branded products are safe when used as labeled

15  and that they are non-toxic and non-carcinogenic.

16         74.     Monsanto denies that exposure to Roundup®-branded products and glyphosate

17  exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

18  74.  Monsanto states, however, that the scientific studies upon which IARC purported to base

19  its classification were all publicly available before March 2015.

20         75.     The allegations in paragraph 75 set forth conclusions of law for which no response is

21  required.  To the extent that a response is required, Monsanto denies the allegations in paragraph 75.

22  Monsanto states that the scientific studies upon which IARC purported to base its cancer

23  classification for glyphosate were all publicly available before March 2015.

24         76.     Monsanto incorporates by reference its responses to paragraphs 1 through 75 in

25  response to paragraph 76 of plaintiff's Complaint.

26         77.     The allegations in paragraph 77 set forth conclusions of law for which no

27  response is required.

28

78.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 78 and therefore denies those allegations.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 80 and therefore denies those allegations.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83, including each of its subparts.

84.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 84, including that Roundup®-branded products have "dangerous characteristics."

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto incorporates by reference its responses to paragraphs 1 through 94 in response to paragraph 95 of plaintiff's Complaint.

96.     Monsanto denies the allegations in paragraph 96.

97.     The allegations in paragraph 97 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07105-VC

98.     The allegations in paragraph 98 set forth conclusions of law for which no response is required.

99.     Monsanto denies the allegations in paragraph 99, including each of its subparts.

100.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 100 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 100, including that Roundup®-branded products have "dangerous characteristics."

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 102 and therefore denies those allegations.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.

105.    Monsanto incorporates by reference its responses to paragraphs 1 through 104 in response to paragraph 105 of plaintiff's Complaint.

106.    The allegations in paragraph 106 set forth conclusions of law for which no response is required.

107.    Monsanto denies the allegations in paragraph 107, including each of its subparts.

108.    Monsanto denies the allegations in paragraph 108.

109.    Monsanto denies the allegations in paragraph 109.

110.    Monsanto denies the allegations in paragraph 110.

111.    Monsanto denies the allegations in paragraph 111.

112.    Monsanto incorporates by reference its responses to paragraphs 1 through 111 in response to paragraph 112 of plaintiff's Complaint.

113.    The allegations in paragraph 113 set forth conclusions of law for which no response is required.

114.    The allegations in paragraph 114 set forth conclusions of law for which no response is required.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto denies the allegations in paragraph 116.

117.    The allegation in paragraph 117 regarding Monsanto's implied warranty of merchantability sets forth a conclusions of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 117 and therefore denies those allegations.

118.    Monsanto denies the allegations in paragraph 118.

119.    Monsanto denies the allegations in paragraph 119.

In response to the "WHEREFORE" paragraph following paragraph 119, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.    Venue may be improper and/or inconvenient.

3.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.   If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible, or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.   Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

16.   Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.   Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.   Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Iowa Constitution, the Wisconsin Constitution, and/or other applicable state constitutions.

19.   Plaintiff's claims for punitive damages are barred because plaintiff have failed to allege conduct warranting imposition of such damages under Iowa law, Wisconsin law, and/or other applicable state laws.

20.   Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law.

21.   Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.   Plaintiff's claims are barred in whole or in part by plaintiff's failure to mitigate damages.

23.    Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.    If plaintiff have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

25.    Plaintiff's claims are barred to the extent that plaintiff seek relief under the laws of states that do not govern plaintiff's claims.

26.    Plaintiff's claims are barred or limited to the extent that plaintiff assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.    Plaintiff's claims are barred, in whole or part, by application of Wis. Stat. § 895.047(3)(b).

28.    Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.


DATED:  December 11, 2019                    Respectfully submitted,


                                             /s/ Joe G. Hollingsworth
                                             Joe G. Hollingsworth (*pro hac vice*)
                                             (jhollingsworth@hollingsworthllp.com)
                                             Eric G. Lasker (*pro hac vice*)
                                             (elasker@hollingsworthllp.com)
                                             HOLLINGSWORTH LLP
                                             1350 I Street, N.W.
                                             Washington, DC  20005
                                             Telephone:   (202) 898-5800
                                             Facsimile:    (202) 682-1639

                                             *Attorneys for Defendant*
                                             MONSANTO COMPANY