UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>*Berliant v. Monsanto Co.*, 19-cv-7189 | **PRETRIAL ORDER NO. 198: GRANTING MOTION TO REMAND**<br>Re: Dkt. No. 7375 |

Berliant's motion to remand is granted. Berliant claims that D&D Venture Group's sale of Roundup was a "substantial factor" in his injury, either by causing his cancer or promoting its growth. *Rutherford v. Owens-Illinois, Inc.*, 16 Cal. 4th 953, 982 (1997). That claim is doubtful, as Monsanto has produced evidence that Berliant likely never purchased Roundup from D&D, which opened its hardware store in June 2016. *See* Pham Decl. ¶¶ 6–7, Dkt. No. 7836-2. And even if Berliant did purchase two bottles of Roundup from D&D in September 2016, *see* Berliant Decl. ¶ 2, Dkt. No. 7963-1, the scientific basis for finding so short a latency period or for concluding that the two bottles exacerbated a cancer caused by 27 years of Roundup exposure is shaky at best. But this dispute demands "a searching inquiry into the merits of the plaintiff's case," a task that this Court cannot perform at this time. *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 549 (9th Cir. 2018). Accordingly, Berliant's claims against D&D are not "wholly frivolous and insubstantial," and thus cannot be disregarded for purposes of removal jurisdiction. *Id.* (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).

Berliant's request for attorney's fees and costs associated with this motion under 28 U.S.C. § 1447(c) is denied because Monsanto had an objectively reasonable basis for removing this action to federal court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As

explained above, although Berliant's theory of relief is not wholly frivolous, it is dubious.

**IT IS SO ORDERED.**

Dated: December 16, 2019

_____
VINCE CHHABRIA
United States District Judge