UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION  MDL No. 2741


**TRANSFER ORDER**


**Before the Panel:** Plaintiffs in the three actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred these actions to the Northern District of California for inclusion in MDL No. 2741. Defendant Monsanto Company opposes the motions.

In support of his motion, plaintiff in Northern District of Illinois *Rawson* argues that federal subject matter jurisdiction over *Rawson* is lacking, and that his motion for remand to state court should be decided before transfer. Such jurisdictional issues generally do not present an impediment to transfer.[1] *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiff also argues that transfer will cause him inconvenience and delay the resolution of his remand motion. But transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See, e.g.*, *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001). Plaintiff can present his remand arguments to the transferee judge.

Plaintiffs in the *Pizl* and *Van Der Zanden* actions argue that transfer is not appropriate because the MDL has reached an advanced stage. This characterization is inaccurate. *See* Transfer Order at 1-2, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 2, 2019), ECF No. 1283 (rejecting identical argument against transfer). While much of the general discovery of Monsanto has been completed, the transferee court is now organizing the actions for completion of case-specific discovery and disposition of case-specific dispositive and *Daubert* motions on a state-by-state basis before remanding those actions to their transferor courts. *See* Pretrial Order No. 150, *In re Roundup Prods. Liab. Litig.*, C.A. No. 3:16-md-02741 (N.D. Cal. Jun. 14, 2019), ECF No.

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

4132.[2] The transferee court has yet to rule on any such motions and has not suggested remand of any action to its transferor court. Further, while the transferee court has conducted one bellwether trial, it has scheduled a second trial to begin in February 2020. Actions originating from both the District of Hawaii and the District of Oregon are pending in the MDL. Thus, significant efficiency and convenience benefits may be achieved through the continued transfer of tag-along actions to MDL No. 2741.

Plaintiffs in *Pizl* and *Van Der Zanden* also argue that transfer will be inconvenient for them, as they and their fact witnesses reside in Hawaii or Oregon. Again, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g.*, *In re Crown Life*, 178 F. Supp. at 1366. The benefits of coordinating these two actions with others in the MDL, particularly other actions filed in the District of Hawaii and the District of Oregon, outweigh any potential inconvenience to plaintiffs.

Therefore, after considering the parties' arguments, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2741, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes non-Hodgkin's lymphoma. *See In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016). All of the actions listed on Schedule A share multiple factual issues with the cases already in the MDL.

---

[2] *See also* Pretrial Order No. 147 at 1, *In re Roundup Prods. Liab. Litig.*, C.A. No. 3:16-md-02741 (N.D. Cal. May 21, 2019), ECF No. 3834 ("The Court will decide all case-specific summary judgment motions. In addition, because *Daubert* motions relating to causation are so intertwined with summary judgment, the Court will decide those as well. Ninth Circuit law will govern the *Daubert* motions regardless of where the case originated. The courts that will eventually try the cases will be left with any other pretrial motions, including motions in limine, motions to bifurcate, and *Daubert* motions unrelated to summary judgment.").

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vince Chhabria for coordinated or consolidated pretrial proceedings.

                        PANEL ON MULTIDISTRICT LITIGATION

*[signature: Karen K. Caldwell]*

                              Karen K. Caldwell
                                    Chair

| | |
|---|---|
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |

**IN RE: ROUNDUP PRODUCTS**
**LIABILITY LITIGATION**                                        MDL No. 2741

## SCHEDULE A

<u>District of Hawaii</u>

PIZL v. MONSANTO COMPANY, C.A. No. 1:19-00397

<u>Northern District of Illinois</u>

RAWSON v. BAYER CORPORATION, ET AL., C.A. No. 1:19-06040

<u>District of Oregon</u>

VAN DER ZANDEN, ET AL. v. MONSANTO COMPANY, INC.,
    C.A. No. 3:19-01382