**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:   202-847-4030
Fax:   202-847-4005

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| *Emanuel Giglio v. Monsanto Co.*, 3:16-cv-05658 | **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION TO EXCLUDE TESTIMONY OF WAVE ONE PLAINTIFFS' SPECIFIC CAUSATION EXPERTS DR. CHADI NABHAN, DR. ANDREI SHUSTOV, AND DR. DENNIS WEISENBURGER ON *DAUBERT* GROUNDS** |
| *Matteo Anthony Russo v. Monsanto Co.*, 3:16-cv-06024 | |
| *Yolanda Mendoza v. Monsanto Co.*, 3:16-cv-06046 | |
| | Hearing date: January 29, 2020 |
| | Time: |

1  **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

2  **PLEASE TAKE NOTICE THAT** beginning on January 29, 2020, in Courtroom 4 of the United

3  States District Court, Northern District of California, located at 450 Golden Gate Avenue, San

4  Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will

5  present its Motion to Exclude the Testimony of Plaintiffs' Specific Cause Experts Dr. Chadi Nabhan,

6  Dr. Andrei Shustov, and Dr. Dennis Weisenburger.  Monsanto seeks an order excluding opinion of

7  these witnesses under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

8  DATED:  November 26, 2019

Respectfully submitted,

/s/ *Brian L. Stekloff*

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:    202-847-4030
Fax:    202-847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center

850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

As before, Dr. Chadi Nabhan, Dr. Andrei Shustov, and Dr. Dennis Weisenburger have presented differential diagnoses to support their pre-determined opinions that Roundup caused these three Plaintiffs' NHL. Both Matteo Anthony Russo and Emanuel Richard Giglio disclosed Dr. Nabhan and Dr. Weisenburger as specific causation experts, while Yolanda Mendoza disclosed Dr. Shustov. For all of the reasons Monsanto has previously asserted, including the following, these experts' opinions are faulty, unreliable, and barred under *Daubert*. First, the experts improperly rule in Roundup based on flawed studies that either did not adjust for the use of other pesticides or are too small to produce reliable results, and that do not apply to the specific NHL subtypes these particular Plaintiffs have. Second, these experts failed to rule in other NHL risk factors despite acknowledging that characteristics these Plaintiffs have, ███████████████████████████████████, have been linked to NHL. Third, for the other factors they actually considered, the experts do not apply the same reasoning and rigor in ruling those factors out as they apply to Roundup. Finally, the experts fail to address idiopathy, and the reality that the vast majority of NHL cases have no known cause, altogether.

Accordingly, Monsanto hereby moves to exclude the opinions of these three specific causation experts on *Daubert* grounds and for summary judgment causation grounds in the above-captioned cases. However, consistent with the Court's repeated instructions not to relitigate issues previously ruled upon by the Court, but in order to fully preserve the appellate record, Monsanto hereby incorporates the following pleadings that were filed on the MDL docket related to these experts:

- Monsanto Company's Motion to Exclude Testimony of Chadi Nabhan, Andrei Shustov, and Dennis Weisenburger on Daubert Grounds (ECF #2420)
- Monsanto's Reply in Support of Monsanto's Motion to Exclude Testimony of Chadi Nabhan, Andrei Shustov, and Dennis Weisenburger on Daubert Grounds (ECF #2525)
- The transcript of the February 13, 2019, hearing (ECF No. 2763);
- Monsanto Company's Motion for Directed Verdict (ECF No. 2975);
- Monsanto Company's Motion for Judgment as a Matter of Law and for a New Trial (ECF No. 3976);
- Monsanto Company's Reply in Support of Motion for Judgment as a Matter of Law and

for a New Trial (ECF No. 4301).

Monsanto also incorporates the developing science on glyphosate. By incorporating by reference its prior filings and attaching them to this pleading, Monsanto is in no way waiving any of the arguments raised therein.

In addition to preserving its arguments raised previously, Monsanto also objects to the admission of these specific causation experts on the following additional grounds not previously litigated.

First, Monsanto objects that Dr. Nahban has not heeded the Court's prior rulings. Despite Pre-Trial Order 85, that "Dr. Nabhan may not testify that the McDuffie and Eriksson studies stand for the proposition that if someone uses Roundup for more than two days per year or more than ten days in their lifetime, their risk of developing NHL doubles," Dr. Nabhan stated during his depositions regarding both Matteo Anthony Russo and Emanuel Richard Giglio that he still intends to rely on the McDuffie study for this proposition. Ex. 1, Nabhan (*Russo*) Dep. at 61:17–25; Ex. 2, Nabhan (*Giglio*) Dep. at 50:7–11. Dr. Nabhan also, in violation of the same Order, still intends to offer the opinion that glyphosate is a substantial causative factor for anyone who exceeds two days per year or ten lifetime days of Roundup use. Ex. 1, Nabhan *(Russo)* Dep. at 61:3–62:5.[1]

Second, Dr. Shustov's testimony is particularly unreliable. Dr. Shustov evaluated Ms. Mendoza, a ▮▮▮▮▮▮▮▮▮▮, who was diagnosed with Burkitt lymphoma in October 2013. Ex. 3, Mendoza Second Amended Fact Sheet at 2, 5. Dr. Shustov ruled in Roundup as a cause of Mendoza's Burkitt lymphoma even though none of the experts he relied on, nor any study he is aware of, looked at whether Roundup is associated with Burkitt lymphoma. Ex. 4, Shustov Dep. at 25:16–19; 26:6–10; 129:11–24. In fact, Dr. Shustov acknowledges that Burkitt lymphoma is clinically, pathologically, and genetically unique from other lymphomas, *id.* at 97:2–20, and that there is no data associating glyphosate or Roundup use with Burkitt lymphoma specifically, *id.* at 129:11–24. Thus, Shustov improperly ruled in Roundup in his differential diagnosis.

In addition, Dr. Shustov failed to rule in several risk factors Ms. Mendoza has and that are

---

[1] Dr. Nabhan also violated PTO 85 at his deposition in the *Russo* case by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1, Nabhan (*Russo*) Dep. at 68:1–10.

1  widely acknowledged to be linked to NHL. *See id.* at 34:1–7. Dr. Shustov did not consider Ms.
2  Mendoza's two decades working as a teacher, an occupation that has been associated with NHL in
3  epidemiology studies, *id.* at 60:9–12, or her many years living and working in ▓▓▓▓▓▓▓▓, a
4  Superfund site, *id.* at 57:7–15; Ex. 3, Mendoza Second Amended Fact Sheet at 2. Dr. Shustov also
5  did not consider ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
6  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ both of which have been linked to
7  NHL.

8  Finally, Dr. Shustov did not adequately account for idiopathy in his analysis, which this Court
9  has made clear is necessary in evaluating NHL cases, where the vast majority of cases have no known
10 cause. For example, Dr. Shustov did not consider that Ms. Mendoza's Burkitt lymphoma was
11 attributable to a cell replication error "that happened just because her cells were dividing," a defining
12 feature of Burkitt lymphoma, "and not because of exposure to any external factor at all." Ex. 4,
13 Shustov Dep. at 50:3–51:23.

14 Third, Dr. Weisenburger blindly relied on exposure information provided by Plaintiffs even
15 though he admitted he was aware of inconsistencies between Plaintiffs' Fact Sheets, deposition
16 testimony, and what Plaintiffs reported to Dr. Sawyer. *See* Ex. 6, Weisenburger (*Russo*) Dep. at
17 35:11–22; 48:14–20; Ex. 7, Weisenburger (*Giglio*) Dep. at 48:25–49:4; 56:8–25. Dr. Weisenburger
18 did nothing to investigate or resolve these inconsistences. *See* Ex. 6, Weisenburger (*Russo*) Dep. at
19 54:21–24 ("Q. And so, then, on what do you base your opinion that Mr. Russo's estimates, to you,
20 are realistic? A. I'm taking them as fact. Q. Okay. Just taking his reports at face value? A. Yes."); Ex.
21 7, Weisenburger (*Giglio*) Dep. at 49:11–50:5; 55:4–11. Dr. Weisenburger also admitted that he had
22 no information to evaluate whether the amount of exposure Plaintiffs reported to him was realistic or
23 plausible. *See* Ex. 6, Weisenburger (*Russo*) Dep. at 41:7–12. Further, Dr. Weisenburger's exposure
24 calculations differed dramatically from Dr. Sawyer's, *see* Ex. 7, Weisenburger (*Giglio*) Dep. at 62:9–
25 63:12, and Dr. Weisenburger could provide no explanation as to which calculation was correct, Ex.
26 7, Weisenburger (*Giglio*) Dep. at 64:12–65:12; Ex. 6, Weisenburger (*Russo*) Dep. at 53:4–10. Dr.
27 Weisenburger's slipshod treatment of Plaintiffs' exposures further underscores the unscientific nature
28 of his "differential diagnosis" methodology, and confirms that he will conclude Roundup was a cause

of every Plaintiff's NHL regardless of the Plaintiff's actual exposure.

For the reasons stated above, the Court should exclude the specific cause opinions of Dr. Nabhan, Dr. Shustov, and Dr. Weisenburger for all three Plaintiffs in the above captioned cases and grant summary judgment in Monsanto's favor because Plaintiffs have failed to establish the necessary element of specific causation using expert testimony, as required by California law.

DATED: _ November 26, 2019   Respectfully submitted,

/s/ Brian L. Stekloff

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

Attorneys for Defendant
MONSANTO COMPANY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of November, 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

*/s/ Brian L. Stekloff*