| | |
|---|---|
| **WILKINSON WALSH + ESKOVITZ LLP** | **ARNOLD & PORTER KAYE SCHOLER** |
| Brian L. Stekloff (*pro hac vice*) | William Hoffman (*pro hac vice*) |
| (bstekloff@wilkinsonwalsh.com) | (William.Hoffman@arnoldporter.com) |
| Rakesh Kilaru (*pro hac vice*) | 601 Massachusetts Avenue, N.W. |
| (rkilaru@wilkinsonwalsh.com) | Washington, DC 20001 |
| 2001 M St. NW | Tel: 202-942-6915 |
| 10th Floor | Fax: 202-942-5999 |
| Washington, DC 20036 | |
| Tel:    202-847-4030 | |
| Fax:    202-847-4005 | |
| | |
| **HOLLINGSWORTH LLP** | **COVINGTON & BURLING LLP** |
| Eric G. Lasker (*pro hac vice*) | Michael X. Imbroscio (*pro hac vice*) |
| (elasker@hollingsworthllp.com) | (mimbroscio@cov.com) |
| 1350 I St. NW | One City Center |
| Washington, DC 20005 | 850 10th St. NW |
| Tel: 202-898-5843 | Washington, DC 20001 |
| Fax: 202-682-1639 | Tel: 202-662-6000 |

*Attorneys for Defendant*
MONSANTO COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| *Janzen v. Monsanto Co.* 3:19-cv-04103-VC | **MONSANTO COMPANY'S REPLY BRIEF IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF DR. KEVIN PALKA ON *DAUBERT* GROUNDS** |
| *Dickey v. Monsanto Co.* 3:19-cv-04102-VC | |
| *Domina, et al. v. Monsanto Co.* 3:16-cv-05887-VC | |
| *Pollard v. Monsanto Co.* 3:19-cv-04100-VC | Hearing date:    January 29, 2020 |

# TABLE OF CONTENTS

INTRODUCTION ..............................................................................................................................1

ARGUMENT .....................................................................................................................................2

I.      Plaintiffs Concede That Dr. Palka Did Not Rule In or Rule Out All Possible Causes of Plaintiffs' NHL. ...................................................................................................2

        A.      Dr. Palka Did Not Rule In All Possible Causes Of Plaintiffs' NHL, Including Exposure To Numerous Other Pesticides And Diesel Fuel. ........................2

        B.      Dr. Palka Did Not Reliably Rule Out Plaintiffs' Individual Risk Factors Or Unknown Causes. ...............................................................................................4

II.     Plaintiffs Concede That Dr. Palka Relies Solely On The IARC Monograph And Unadjusted Data, Which Is Not A Proper Basis For A General Causation Opinion, Much Less A Specific Causation Opinion. .............................................................................5

CONCLUSION ..................................................................................................................................6

**INTRODUCTION**

Plaintiffs' response confirms that Dr. Palka's purported "differential diagnosis" is unreliable at both steps. Plaintiffs do not dispute that, at the ruling in stage, Dr. Palka ignored all four Plaintiffs' exposure to numerous pesticides other than Roundup®, despite testifying that other pesticides are a risk factor for NHL. Likewise, Plaintiffs also do not dispute that he did not consider Plaintiffs' exposure to diesel fuel, even though he has opined in another case that diesel fuel causes NHL. His methodology is equally deficient at the ruling out step for reasons Plaintiffs also largely do not dispute. Having failed to rule in exposure to other pesticides and diesel fuel, he of course ignored them both at the ruling out stage. He also ignored Plaintiffs' individual risk factors, including body mass index, age, gender, and ███████████████████████. He likewise ignored idiopathy. Indeed, Plaintiffs' response makes clear that Dr. Palka's opinions are based not on Plaintiffs' individual characteristics, but on the IARC monograph and unadjusted data from two epidemiological studies. That is not a reliable basis for an opinion on general causation, much less specific causation.

Plaintiffs seek to obscure those failings with two main arguments. First, they invoke Dr. Palka's years of "clinical experience." But mere invocation of generalities like clinical experience cannot overcome an expert's own testimony about his methodology. For example, Dr. Palka testified that he does not know—and did no research to ascertain—whether there is literature studying an association between NHL and body mass index, age, gender, and ███████████████████████, and did not consider those factors in his differential diagnosis. Those admissions highlight the lack of scientific rigor in Dr. Palka's purported methodology, rending it unreliable and inadmissible. That Plaintiffs now argue that such a methodology has been repeated over the course of several years of clinical practice does not change that fact. Second, Plaintiffs assert that *Monsanto*'s experts have not identified a cause of each Plaintiff's NHL, an argument that confuses the role of plaintiffs and defendants. It is Plaintiffs' burden—not Monsanto's—to prove specific causation. Monsanto's experts properly focused on explaining why Plaintiffs' experts' attempt to identify Roundup® as the specific cause of Plaintiffs' NHL is scientifically unsound. As such, Plaintiffs' argument—that Dr. Palka's methodology is reliable because, according to Plaintiffs, it is no different from Monsanto's

- 1 -

MONSANTO'S REPLY BRIEF IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF DR. PALKA
3:19-cv-04103-VC & 3:19-cv-04102-VC & 3:16-cv-05887-VC & 3:19-cv-04100-VC
US 167208573v4

experts' methodology—is both circular and incorrect.  Because Dr. Palka's differential diagnosis is unreliable at both steps, Plaintiffs have not met their burden of establishing the reliability of Dr. Palka's testimony under Rule 702.

# ARGUMENT

## I. Plaintiffs Concede That Dr. Palka Did Not Rule In or Rule Out All Possible Causes of Plaintiffs' NHL.

Plaintiffs' response makes clear that Dr. Palka's methodology is a differential diagnosis in name only because his "focus was on Roundup," to the exclusion of any other factor.  *See, e.g.*, Ex. 4, Palka *Janzen* Dep. at 30:18-21 ("Q: You did not determine, as part of your methodology, whether Mr. Janzen had exposure to other pesticides, correct?  A: No.  My focus was on Roundup.").[1]  Dr. Palka's outcome-driven methodology is unreliable at both the ruling in and ruling out steps and should be excluded under *Daubert*.

### A. Dr. Palka Did Not Rule In All Possible Causes Of Plaintiffs' NHL, Including Exposure To Numerous Other Pesticides And Diesel Fuel.

Plaintiffs do not and cannot dispute that Dr. Palka failed to consider Plaintiffs' exposure to numerous other pesticides and solvents such as diesel fuel.  Dr. Palka relied exclusively on an "exposure summary" that Plaintiffs' attorneys provided to him that only included Roundup®. Monsanto's Mtn. to Exclude Dr. Palka's Testimony ("Monsanto's Mtn.") at 6-7.  He does not know what other pesticides Plaintiffs used, the chemical compositions of any such pesticides, or whether any literature examines a possible association between those pesticides and NHL.  *Id.*

Plaintiffs' Opposition attempts to obscure Dr. Palka's failure to consider all possible causes of Plaintiffs' NHL by invoking his "clinical experience" and familiarity with "factors that have no bearing on an individual's development of NHL."  Pls.' Opp. to Monsanto's Mtn. to Exclude Dr. Palka ("Pls.' Opp.") at 1.  But that argument is contradicted by Dr. Palka's own testimony:  Dr. Palka expressly agreed that other pesticides are a risk factor for NHL.  *See* Ex 4, Palka *Janzen* Dep. at 30:15-17 ("Q: Pesticides are a risk factor for non-Hodgkin's lymphoma, correct? A: Correct."); *id.* at 157:8-

---

[1] The exhibits cited in this motion are those submitted in support of Monsanto's Motion to Exclude Dr. Palka's Testimony on *Daubert* Grounds.

11 (acknowledging that a plaintiff "could have developed non-Hodgkin's lymphoma because of another pesticide"). In other words, exposure to other pesticides is not a factor that can have "no bearing on an individual's development of NHL." Pls.' Opp. at 1. Similarly, Dr. Palka has opined in another litigation that diesel fuel causes NHL. *See* Ex. 2, Palka *Dickey* Dep. at 48:15-49:8; *id.* at 61:21-66:1. And yet Dr. Palka offered no reason for failing to rule in exposure to substances that he has testified elsewhere *are* risk factors, other than the fact that his "focus was on Roundup." Ex. 4, Palka *Janzen* Dep. at 30:18-21. That is the hallmark of an unreliable and results-driven methodology.

Plaintiffs also attempt to distract from Dr. Palka's failure to rule in all exposures that he considers to be risk factors by focusing heavily on Monsanto's specific causation experts. Plaintiffs' attempt to change the subject seeks to blur the task of Plaintiffs' experts—to come forward with reliable, admissible evidence supporting specific causation in the face of a dubious scientific connection—with the role of a defense expert, whose proper focus can be critiquing the Plaintiffs' experts' unscientific efforts and explaining why the available science is inadequate to demonstrate causation. As one court has explained, "pointing to the absence of convincing studies or the weakness of studies on which Plaintiffs rely, and evaluating them in light of their clinical experience, training, and research, is . . . a logical and valid approach" for a defense expert. *In re Mirena IUD Prod. Liab. Litig.*, 169 F. Supp. 3d 396, 418-19 (S.D.N.Y. 2016), *aff'd*, 2017 WL 4785947 (2d Cir. Oct. 24, 2017). Here, Monsanto's experts (Dr. Gru and Dr. Silberstein) have done just that—they point to the absence of convincing studies linking glyphosate exposure with NHL and explain the weakness of studies on which Plaintiffs rely. *See, e.g.*, Gru *Domina* Rep., Greenwald Dec., Ex. 2; Silberstein *Domina* Rep., Greenwald Dec., Ex. 5. Neither expert purports to identify a specific cause, nor are they required to do so, as Monsanto does not have the burden of proving the specific cause of Plaintiffs' NHL. Instead, both experts explain why Plaintiffs' experts' attempt to identify one environmental factor— Roundup®—as the specific cause of each Plaintiffs' NHL is scientifically unsound. *Id.*

Ignoring the critical distinction between the role of a plaintiff expert and a defense expert, Plaintiffs argue that Dr. Palka was not required to rule in exposure to other pesticides and solvents— even though he testified that both are risk factors—because Monsanto's experts allegedly did not

consider those factors.  Pls.' Opp. at 15.  As explained above, Dr. Gru and Dr. Silberstein's reports do not purport to identify a specific cause and instead properly focused on explaining why Plaintiffs' experts' attempts to identify Roundup® as the specific cause are scientifically unsound.  And more importantly, regardless of what Monsanto's experts concluded, Dr. Palka himself has testified that exposure to other pesticides and diesel fuel are risk factors for NHL.  By his own admission both of those exposures are risk factors and therefore should have been ruled in as part of any proper differential diagnosis.  His failure to do so renders his purported differential diagnosis unreliable.  *See Clausen v. M/V New Carissa*, 339 F.3d 1049, 1058 (9th Cir. 2003) ("[E]xpert testimony that neglects to consider a hypothesis that might explain the clinical findings under consideration may . . . be unreliable.").

### B. Dr. Palka Did Not Reliably Rule Out Plaintiffs' Individual Risk Factors Or Unknown Causes.

Dr. Palka's methodology is also unreliable at the ruling out step because he did not rule out numerous risk factors.  He of course did not rule out exposure to other pesticides or diesel fuel because he improperly ignored them at the ruling in stage.  Dr. Palka also failed to rule out the following:

**Body mass index, age, and gender**:  Plaintiffs do not dispute that Dr. Palka testified that he does not know whether body mass index, age, or gender are risk factors for NHL and had not reviewed any literature on those topics.  *See* Monsanto's Mtn. at 9-10.  Indeed, Plaintiffs' Opposition largely ignores those factors except to argue that Monsanto's experts allegedly did not consider them either.  But as explained above, it is not Monsanto's burden to identify a specific cause for Plaintiffs' NHL.  Dr. Palka—not Monsanto's experts—is the one claiming to have identified Roundup® as the cause of Plaintiffs' NHL to the exclusion of all other possible causes.  The fact that Dr. Palka has admitted that he does not know whether Plaintiffs' individual characteristics like body mass index, age, and gender are risk factors and did no research to find out, confirms that his methodology is results-oriented and unreliable.

**■■■■■■■■■■■■■■■■■■■■■■■■**:  Plaintiffs' Opposition again invokes Dr. Palka's clinical experience to justify his cursory dismissal of Mr. Janzen's, Mr. Pollard's, and Mr. Dickey's

- 4 -

MONSANTO'S REPLY BRIEF IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF DR. PALKA
3:19-cv-04103-VC & 3:19-cv-04102-VC & 3:16-cv-05887-VC & 3:19-cv-04100-VC
US 167208573v4

███████████████, as well as Plaintiffs' ████████████████.  But Dr. Palka testified that he did not research whether ████████████████████████████████ is associated with NHL.  See Monsanto's Mtn. at 10.  As explained above, Plaintiffs cannot invoke their experts' general clinical experience to evade his own testimony admitting that he made no effort to evaluate risk factors—other than one pre-determined cause.

**Idiopathic cause:**  Plaintiffs do not dispute that Dr. Palka ignored idiopathic causes. Their only response is that this Court's earlier ruling "has already rejected [Monsanto's] arguments" about idiopathic cause.  Pls.' Opp. at 16.  That is incorrect.  In allowing Plaintiffs' experts to testify in *Hardeman*, this Court noted that in dismissing idiopathic cause, those experts had, according to this Court: (1) relied on the plaintiffs' "admissible general causation opinions - which assert a robust connection between glyphosate and NHL," and (2) "relied heavily on the plaintiffs' exposure levels" and an asserted dose-response relationship in McDuffie (2001) and Eriksson (2008).  *In re Roundup*, 358 F. Supp. 3d 956, 959 (N.D. Cal. 2019).  Plaintiffs' response confirms that Dr. Palka did neither of those things here.  He does not purport to rely on any of Plaintiffs' general causation experts (in fact, he has never even read their opinions). See Monsanto's Mtn. at 11.  He has also disavowed having any opinion about dose-response.  *Id.*  And although Plaintiffs' Opposition emphasizes Plaintiffs' hours of exposure, Dr. Palka admitted that although he considered Plaintiffs' exposure to be significant, that conclusion is not "tied to any scientific literature." *Id.*  In short, Dr. Palka has offered no basis whatsoever for concluding that Plaintiffs' NHL was caused by Roundup® instead of some unknown factor.  *Id.* at 11-12 & n.6.[2]

II.  **Plaintiffs Concede That Dr. Palka Relies Solely On The IARC Monograph And Unadjusted Data, Which Is Not A Proper Basis For A General Causation Opinion, Much Less A Specific Causation Opinion.**

In the end, Plaintiffs' response makes clear that Dr. Palka gave little to no consideration to

---

[2] As stated in Monsanto's motion and consistent with this Court's direction not to relitigate issues previously ruled upon by the Court, Monsanto has incorporated by reference its earlier briefing to preserve, *inter alia*, its objections to this Court's earlier ruling regarding plaintiffs' experts' dismissal of idiopathic causes.  See Monsanto's Mtn. at 2 n.1.  But as explained above, even applying this Court's earlier ruling regarding specific causation experts, Dr. Palka's methodology should be excluded.

factors other than Roundup®.  He ignored other environmental exposures, Plaintiffs' individual characteristics, and the fact that most cases of NHL have no identifiable cause.  Plaintiffs' only response is that "[t]he numbers fully justify Dr. Palka's 'focus' on Roundup and the IARC report." Pls.' Opp. at 11.  But the only "numbers" Plaintiffs refer to are those from the IARC Monograph and unadjusted data from McDuffie (2001) and Eriksson (2008).  *Id.*  As this Court has already held, the IARC Monograph and unadjusted data cannot support a reliable general causation opinion, much less a specific causation opinion.  *See* Monsanto's Mtn. at 13-14.  Dr. Palka's reliance on studies that are insufficient even at the general causation stage are not a substitute for performing a proper differential diagnosis at the specific causation stage.  The Court should exclude his specific causation opinions.

## CONCLUSION

For the reasons stated above, the Court should exclude the specific causation opinions of Dr. Palka for all four Plaintiffs.

DATED: December 23, 2019

Respectfully submitted,

/s/ William Hoffman

William Hoffman (*pro hac vice*)
(William.Hoffman@arnoldporter.com)
601 Massachusetts Avenue, N.W.
Washington, DC 20001
Tel: 202-942-6915
Fax: 202-942-5999

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

Attorneys for Defendant
MONSANTO COMPANY

- 7 -
MONSANTO'S REPLY BRIEF IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF DR. PALKA
3:19-cv-04103-VC & 3:19-cv-04102-VC & 3:16-cv-05887-VC & 3:19-cv-04100-VC
US 167208573v4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of December 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ William Hoffman