**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**ARNOLD & PORTER KAYE SCHOLER**
William Hoffman (*pro hac vice*)
(William.Hoffman@arnoldporter.com)
601 Massachusetts Avenue, N.W.
Washington, DC 20001
Tel: 202-942-6915
Fax: 202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-2741-VC |
| This document relates to:<br><br>*Carriere v. Monsanto Company*<br>Case No. 3:18-cv-05778 | **REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BASED ON FAILURE TO PRODUCE EVIDENCE OF EXPOSURE** |

### INTRODUCTION

While there is evidence that Plaintiff Jerald Carriere used "Roundup" at various properties during the course of his life, this case involves allegations of exposure to glyphosate, which some Roundup-brand products do not contain. *There is no evidence that Mr. Carriere ever used any Roundup product that contains glyphosate.* To the contrary, the only evidence regarding the type of Roundup used by Mr. Carriere is that it was lawn-safe, meaning it did not contain glyphosate.

- 1 -

Defendant Monsanto Company ("Monsanto") moved for summary judgment on this straightforward basis.

Mr. Carriere's Opposition (1) improperly treats Roundup as synonymous with "a glyphosate based formulation" (or "GBF"), (2) impermissibly contests Mr. Carriere's direct testimony that he only used lawn-safe Roundup, and (3) relies on attorney-speculation to contend—despite the contrary testimony—that Mr. Carriere actually used a glyphosate-based Roundup product. Thus, it fails in three different ways. Monsanto is entitled to summary judgment.

## THE COURT SHOULD REJECT MR. CARRIERE'S ATTEMPT TO TREAT ROUNDUP AS SYNONYMOUS WITH GLYPHOSATE

According to the Opposition, "Mr. Carriere generally referred to GBFs as Roundup through his deposition." (Opp'n at 2 n.1.) This is false. Mr. Carriere never used the word "glyphosate" or the acronym "GBF" at either of his depositions, and the suggestion that he was actually referring (knowingly or unknowingly) to a "glyphosate based formula" every time he mentioned Roundup has no evidentiary basis whatsoever.

This is a matter of substance, not semantics. After equating Roundup and glyphosate, the Opposition asks this Court to assume the very fact it lacks evidence to support: "Unless specifically identified as a non-GBF product, all references to Roundup herein should be construed as references to GBF and the two are used interchangeably for purposes of this Response." (*Id.*) Thus, the Opposition admits that it will treat all evidence of Roundup use as evidence of "GBF" use—*even though the issue raised by the Motion is whether the Roundup used by Mr. Carriere actually contained glyphosate.*

Unsurprisingly, the Opposition exploits its own linguistic gymnastics. Thus, when Mr. Carriere claims to identify evidence that he used "GBF," he actually points to evidence that establishes, at most, the use of herbicides, pesticides, or "Roundup." For example, according to the Opposition, "Mr. Carriere's first recollection of using a GBF dates back to his car lot in the late

1970s." (Opp'n at 3. (citing Pls. Ex. 3, Carriere Dep. at 81:10–82:10).) Here is what the cited portion of the transcript actually says:

> Q. So let's go to that one, which is the one on ▮▮▮. Right? I think it's --
> A. Yeah. Well, actually -- okay. Let's go to ▮▮▮
> You know, I kind of have it backwards.
> Okay. In '77 I opened up Carriere Car Company on ▮▮▮.
> Q. Let me go back --
> A. Yeah, let's kind of reiterate on that.
> And that -- do you have a Google on that?
> Q. I don't think I got -- did I get an exact-- oh, ▮▮▮ --
> A. Yeah, it was about 3 acres, 2 acres.
> Q. I have a ▮▮▮
> A. ▮▮▮ Okay, that's my other lot.
> Q. Possibly at a lunch break, I could get that. It's a couple of things of saving documents and so forth. I'll try to get --
> A. If you need it.
> Q. Yeah.
> Well, I'll ask you -- I don't think I had asked you.
> Did you do yard work or any type of pesticide spraying at the car dealership, at Carriere?
> A. Yes.

(Pls. Ex. 3, Carriere Dep. at 81:10–82:10.)

This is not testimony that Mr. Carriere used "GBF" at a car lot in the 1970s. It is not even testimony that Mr. Carriere used *Roundup* at a car lot in the 1970s. And this basic pattern repeats throughout the Opposition. When the Opposition claims that "Mr. Carrier [*sic*] also testified that he used Defendant's GBF at a rental property he owned at ▮▮▮ from 1987-1989," it supports that claim (and others in this paragraph) by citing twenty-eight pages of the deposition transcript. (*See* Opp'n at 3 (citing Pls. Ex. 3, Dep. of Jerald Carriere at 83:10–106:9, 106:17–109:4, 111:16–113:21).) But Mr. Carriere's only product-identification testimony in this range of pages is that he used "Roundup" and *could not remember what type of Roundup he used*:

- 3 -

"I just remember Roundup." (Pls. Ex. 3, Dep. of Jerald Carriere at 88:2–14.) Thus, this testimony does not establish "GBF" use. Instead, it is consistent with the fact that Mr. Carriere may have used only glyphosate-free types of Roundup—a fact later confirmed by Mr. Carriere's own testimony, as shown below.

### THE EVIDENCE IS THAT MR. CARRIERE USED ROUNDUP WITHOUT GLYPHOSATE

Mr. Carriere claims that Monsanto's Motion "cites to limited excerpts from Mr. Carriere's testimony in which Mr. Carriere stated that GBF[1] did not always kill the grass right away and that Mr. Carriere used a 'lawn safe product' on all of his properties." (Opp'n at 2.) Because Mr. Carriere lacks documentary or physical evidence of his Roundup use, Monsanto relied on his deposition testimony—the only evidence of usage that there is. That testimony establishes the following:

- He could not identify the type of Roundup he used.

    Q. Do you recall the brand, the specific brand name of Roundup that you used?
    A. I do.
    Q. What was that?
    A. Roundup.
    Q. Okay. And so did -- no other words, like "Roundup for" any specific purpose or anything like that?
    A. I just remember Roundup.

(Monsanto's Ex. 1, Dep. Of Jerald Carriere at 88:6–14.)

- He fully read the Roundup's label and instructions, and "it said that it doesn't kill grass."

    Q. Did you read any of the directions or instructions on the bottle?
    A. I read it all.
    Q. What is your best recollection about what the directions and instructions on that Roundup bottle states?
    A. That it kills weeds.
    . . .

---

[1] Again, Mr. Carriere never testified at all about "GBF" or glyphosate.

- 4 -

> Q. Do you understand that this Roundup was the type of Roundup that doesn't kill lawn but only targets weeds?
>
> A. Yeah.
>
> Q. And is that true of all the prior properties, that you used it?
>
> A. That's what it said.
>
> Q. So this is the lawn-friendly Roundup?
>
> A. I don't know about "friendly," but it said that it doesn't kill grass.

(*Id.* at 90:11–13, 126:15–127:5.)

- He used the sort of Roundup that would not kill the lawn—"you could spray it all over" and "didn't have to be careful with it."

> Q. So you would agree that if you sprayed Roundup in the middle of the back lawn, it would probably kill the lawn. Agreed?
>
> A. No.
>
> Q. And why do you disagree?
>
> A. Because it won't.
>
> . . .
>
> Q. . . . So your recollection is this is the type of product that you could spray on the dandelion in the middle of the lawn and it would kill the dandelion and not the lawn.
>
> A. Yeah, you could spray it all over. You know, you didn't have to be careful with it.

(*Id.* at 126:15–20, 127:10–15.)

- He testified that he used this same product at each of his properties, and when directly asked if the Roundup he had used had "always been the type of Roundup that is compatible with lawns," he answered "[t]o my knowledge."

(*Id.* at 126:25–127:2, 127:6–9, 127:17–9; *see also* Pls. Ex. 3, Jerald Carriere Depo. at 157:13–15.)

The Opposition claims, without citation or explanation, that the Motion "challenges the credibility of [Mr. Carriere's] testimony." (Opp'n at 5.) That is simply untrue.[2] Mr. Carriere's

---

[2] Ironically, it is the Opposition that takes issue with Mr. Carriere's testimony at various points. For example, the Opposition argues with Mr. Carriere's testimony that he used lawn-safe Roundup:

own deposition testimony establishes that he did not use a type of Roundup that contains glyphosate. A plaintiff's testimony can support a defendant's motion for summary judgment. *See, e.g., Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005). Far from attacking Mr. Carriere's testimony, Monsanto relies on it.

### THE OPPOSITION OFFERS ONLY A SPECULATIVE ARGUMENT THAT MR. CARRIERE USED ROUNDUP WITH GLYPHOSATE

While Monsanto has provided affirmative evidence that Mr. Carriere in fact did *not* use glyphosate-containing Roundup, to prevail on its Motion, Monsanto need show only an "absence of evidence" regarding Mr. Carriere's usage of a glyphosate-containing Roundup product. *In re Brazier Forest Products, Inc.*, 921 F.2d 221, 223 (9th Cir. 1990). Monsanto has also done this, and it is therefore Mr. Carriere's burden to come forward with evidence that he used glyphosate-containing Roundup. *See id.*

Because there is no relevant physical or documentary evidence, Mr. Carriere can point only to his deposition testimony.[3] But his testimony is that, "to [his] knowledge" he had only ever used "the type of Roundup that is compatible with lawns." Even *if* Mr. Carriere had testified that he "may," "might," or even "must" have used glyphosate-containing Roundup, the purported evidence

---

"Mr. Carriere stated that he had an understanding that the RoundUp would not kill his grass; however, as noted above – the preferred grass (i.e., lawn) did not grow at this other properties and he was not particularly specific in the manner in which he sprayed this or other rental properties." (Opp'n at 3–4; *see also id.* at 4 (pointing to testimony purportedly "suggesting that Mr. Carriere had at least some idea that the GBF he used could harm or kill the plants").) This ploy fails: "The non-moving party may not create an issue of fact by contradicting his own deposition testimony." *Struggs v. Ponder*, C 11-2191 YGR (PR), 2014 WL 972074, at *4 (N.D. Cal. Mar. 5, 2014).

[3] With his Opposition, Mr. Carriere submits a 51-page expert report. (*See* Pls. Ex. 2, Expert Report of Dr. Lauren Pinter-Brown in Support of Specific-Causation on Behalf of Jerald Carriere.) The expert report is cited only once in the Opposition—as evidence that Mr. Carriere developed non-Hodgkins lymphoma due to glyphosate exposure. (Opp'n at 1–2.) Dr. Pinter-Brown has no personal knowledge as to whether Mr. Carriere actually used any Roundup that contained glyphosate, and this exhibit is not evidence of any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

would fail for being speculative, and Monsanto would still be entitled to summary judgment. *See Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) (explaining that deposition testimony unsupported by personal knowledge is not competent summary-judgment evidence).

While there was no speculation from Mr. Carriere—he clearly only used "the type of Roundup that is compatible with lawns"—there is plenty of *attorney speculation* in his Opposition. That is, to fill the void left by Mr. Carriere's testimony that he used a Roundup product that does not kill grass, and thus does not contain glyphosate, the Opposition speculates that Mr. Carriere must have used glyphosate-containing Roundup based on the way he used it, his stated goals, and the characteristics of the properties he used it at. (Opp'n at 3–6.)

To withstand a motion for summary judgment, the nonmovant "must offer evidence and specific facts." *Ctr. for Biological Diversity v. Exp.-Imp. Bank of the United States*, 894 F.3d 1005, 1012 (9th Cir. 2018). "[A] scintilla of evidence in support of the plaintiff's position [is] insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "[M]ere argument does not establish a genuine issue of material fact to defeat summary judgment." *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 518 (9th Cir. 1993). "Likewise, mere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). "It is the record made on summary judgment that controls, not that record plus speculative inferences a trier of fact might add." *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir. 1987).

Without evidence that Mr. Carriere used a Roundup product that contains glyphosate, the Opposition asks the Court to speculate that he did so. But "[t]he record evidence does not support— and the law does not permit—such speculation." *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*,

752 F.3d 807, 822 (9th Cir. 2014) (affirming summary judgment because, for the plaintiff to prevail, "a jury would need to speculate" that certain facts existed).  Mr. Carriere has failed to carry his burden, and Monsanto is entitled to summary judgment.[4]  *See Benjamin v. B & H Educ., Inc.*, 13-CV-04993-VC, 2015 WL 6164891, at *4 (N.D. Cal. Oct. 16, 2015) (granting summary judgment where the plaintiff's evidence was "so meager and vague that it would not" support a jury verdict), aff'd, 877 F.3d 1139 (9th Cir. 2017).

## CONCLUSION

For the foregoing reasons and those given in the Motion, Mr. Carriere has no evidence to support his claims and Monsanto is entitled to summary judgment.

---

[4] Even viewed charitably as inference rather than speculation, in light of the record evidence, the Opposition's argument that Mr. Carriere used glyphosate-containing Roundup is not a *reasonable* inference this Court should credit at the summary-judgment stage.  *See, e.g.*, *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988)  ("Our opinions on summary judgment . . . have honored the difference between weighing direct evidence and refusing to draw unreasonable inferences from circumstantial evidence.").

DATED: December 23, 2019               Respectfully submitted,

                                        /s/ Michael X. Imbroscio

                                        Michael X. Imbroscio (*pro hac vice*)
                                        (mimbroscio@cov.com)
                                        COVINGTON & BURLING LLP
                                        One City Center
                                        850 10th St. NW
                                        Washington, DC 20001
                                        Tel: 202-662-6000

                                        Brian L. Stekloff (*pro hac vice*)
                                        (bstekloff@wilkinsonwalsh.com)
                                        Rakesh Kilaru (*pro hac vice*)
                                        (rkilaru@wilkinsonwalsh.com)
                                        WILKINSON WALSH + ESKOVITZ LLP
                                        2001 M St. NW, 10th Floor
                                        Washington, DC 20036
                                        Tel: 202-847-4030
                                        Fax: 202-847-4005

                                        William Hoffman (pro hac vice)
                                        (William.Hoffman@arnoldporter.com)
                                        ARNOLD & PORTER KAY SCHOLER LLP
                                        601 Massachusetts Avenue, N.W.
                                        Washington, DC 20001
                                        Tel: 202-942-6915
                                        Fax: 202-942-5999

                                        Eric G. Lasker (*pro hac vice*)
                                        (elasker@hollingsworthllp.com)
                                        HOLLINGSWORTH LLP
                                        1350 I St. NW
                                        Washington, DC 20005
                                        Tel: 202-898-5843
                                        Fax: 202-682-1639

                                        Attorneys for Defendant
                                        MONSANTO COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of December, 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Michael X. Imbroscio