**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:   202-847-4030
Fax:   202-847-4005

**ARNOLD & PORTER KAYE SCHOLER**
William Hoffman (*pro hac vice*)
(William.Hoffman@arnoldporter.com)
601 Massachusetts Avenue, N.W.
Washington, DC 20001
Tel: 202-942-6915
Fax: 202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| *Dickey v. Monsanto Co.*, 3:19-cv-04102-VC | **MONSANTO COMPANY'S REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF DR. CHARLES JAMESON ON *DAUBERT* GROUNDS** |
| *Domina v. Monsanto Co.*, 3:16-cv-05887-VC | |
| *Giglio v. Monsanto Co., et al.*, 3:16-cv-05658-VC | Hearing date: January 29, 2020 |
| *Janzen v. Monsanto Co.*, 3:19-cv-04103-VC | Time: |
| *Perkins v. Monsanto Co.*, 3:16-cv-06025-VC | |
| *Pollard v. Monsanto Co.*, 3:19-cv-04102-VC | |
| *Russo v. Monsanto Co.*, 3:16-cv-06024-VC | |

Plaintiffs' opposition brief demonstrates that an affirmative order limiting Dr. Jameson's testimony in Wave One case is necessary. Plaintiffs continue to insist that all of Dr. Jameson's designated expert testimony is admissible and ignore the instances of when Dr. Jameson's excluded expert testimony has crept into his factual testimony. Put simply, the bulk of the scientific topics on which Wave One Plaintiffs have designated Dr. Jameson are inadmissible, whether presented as straightforward expert testimony or dressed up as factual testimony about IARC. The Court must exclude such testimony regardless of the form in which it appears.

## I. The Court Must Exclude the Majority of Dr. Jameson's Designated Expert Testimony.

Plaintiffs continue to insist, at 3, "that Dr. Jameson's full hazard assessment of glyphosate" should be admitted. In so asserting, Plaintiffs continue to ignore that Rule 702 requires all of Dr. Jameson's testimony to be relevant and helpful to the jury. *In re Roundup Prod. Liab. Litig.*, 390 F. Supp. 3d 102, 1115 (N.D. Cal. 2018). This Court has already made clear that the majority of Dr. Jameson's hazard assessment, which parrots IARC's hazard assessment, is "off topic," unhelpful, and "may serve primarily to confuse the jury, causing the trial to devolve into an abstract discussion about the differences between what public health organizations do and what juries do." *Id.* at 1115, 1147. Nevertheless, Plaintiffs have designated Dr. Jameson in multiple Wave One cases as an expert on a wide swath of topics outside of "the narrow[] topic of the animal cancer studies"—the one topic on which this Court concluded Dr. Jameson could testify. Pretrial Order No. 45 (July 10, 2018) at 61, ECF No. 1596. Dr. Jameson's testimony on all of these topics—including "toxicology, epidemiology," and general "carcinogenicity of glyphosate, including mechanistic data relating to genotoxicity, oxidative stress and other aspects of cellular behavior"—must be excluded from all Wave One trials. *See* Ex. 8 to Def.'s Opening Br., at 5.

## II. The Court Must Affirmatively Limit the Scope of Dr. Jameson's Fact Testimony.

Plaintiffs' arguments regarding the bounds of Dr. Jameson's factual testimony are either non-responsive or incorrect. First, contrary to Plaintiffs' assertions, Monsanto does not contend that all of Dr. Jameson's factual testimony is per se inadmissible. Accordingly, many of Plaintiffs response arguments are irrelevant to the question currently before the Court. It is of no consequence that

1  Monsanto previously stated that it may elicit some testimony from Dr. Jameson in an MDL trial or
2  that Monsanto played portions of the videotaped depositions of Dr. Ross and Dr. Blair at the *Johnson*
3  trial. In neither of these instances did Monsanto attempt to elicit testimony from an expert on a subject
4  on which the expert was not qualified to opine or that would be unhelpful or confusing to the jury, as
5  Plaintiffs may do here.

6  Second, Plaintiffs' point only to the *Pilliod* trial as the example of Dr. Jameson's testimony
7  that can be easily delineated between expert and fact testimony. In doing so, Plaintiffs have ignored
8  and failed to respond to the examples of plaintiffs in the national litigation using vague designations
9  and shifting Dr. Jameson's testimony to present the exact testimony they want at any given time. *See*
10 Def.'s Opening Br., at 4–5. Plaintiffs have also brushed aside the instances during the *Pilliod* trial in
11 which Dr. Jameson testified about subjects this Court has forbidden, like epidemiology and
12 genotoxicity, through his discussion of IARC. For example, when asked if the IARC working group
13 ever considered giving glyphosate a "group 1 classification," Dr. Jameson responded by discussing
14 details of the epidemiology on glyphosate, which led to follow-up questions on the merits of the
15 Agricultural Health Study. Ex. 5 to Def.'s Opening Br., *Pilliod* Trial Tr. (Apr. 4, 2019), at 2091–
16 2341. Next, Dr. Jameson was asked if, as part of the working group, he looked at "the three pillars
17 of causation": animal data, epidemiology, and mechanistic data. *Id*. at 2153:5–15. Dr. Jameson then
18 walked through what conclusions the working group reached in each of these categories and why. *Id*.
19 at 2153:16–2160:3. These are prime examples of the type of improper testimony Plaintiffs will seek
20 to sneak in here—testimony Plaintiffs frame as a factual discussion of what the IARC working group
21 did, but in reality is a presentation of the hazard assessment this Court has already excluded as
22 impermissible expert testimony.

23 This Court will not oversee each of the Wave One cases as they proceed to trial and will not
24 be able to police Dr. Jameson's testimony each time he is presented. Accordingly, it is important that
25 the Court affirmatively require Plaintiffs to specify what "factual" testimony they seek to have Dr.
26 Jameson provide and to affirmatively prohibit any such testimony that either does not satisfy *Daubert*
27 or otherwise would inject irrelevant, unreliable, or prejudicial testimony into any Wave One trial.
28

## **CONCLUSION**

For the reasons stated above, the Court should affirmatively exclude Dr. Jameson's testimony to the extent it constitutes expert testimony this Court has previous excluded under *Daubert*.

DATED: December 23, 2019

Respectfully submitted,

*/s/ Michael X. Imbroscio*

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

William Hoffman (*pro hac vice*)
(William.Hoffman@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
601 Massachusetts Avenue, N.W.
Washington, DC 20001
Tel: 202-942-6915
Fax: 202-942-5999

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

Attorneys for Defendant
MONSANTO COMPANY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of December, 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ *Michael X. Imbroscio*