**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:    202-847-4030
Fax:   202-847-4005

**ARNOLD & PORTER KAYE SCHOLER**
William Hoffman (*pro hac vice*)
(William.Hoffman@arnoldporter.com)
601 Massachusetts Avenue, N.W.
Washington, DC 20001
Tel: 202-942-6915
Fax: 202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Alvarez Calderon v. Monsanto Co.,* 3:19-cv-01630-VC | ) MDL No. 2741<br>)<br>) Case No. 3:16-md-02741-VC<br>)<br>) **MONSANTO COMPANY'S**<br>) **ADMINISTRATIVE MOTION TO FILE**<br>) **UNDER SEAL PORTIONS OF**<br>) **EXHIBITS FILED IN SUPPORT OF**<br>) **MOTION TO EXCLUDE DR. SAWYER**<br>) |

- 1 -

1    Pursuant to Civil Local Rules 79-5(d) & (e) and 7-11 and the Amended Protective and
2    Confidentiality Order entered by the Court on September 6, 2017 ("Amended Protective Order')  at
3    ¶ 18, Defendant Monsanto Company ("Monsanto") hereby submits this Administrative Motion to
4    File Under Seal ("Motion") discrete portions of exhibits to its Motion to Exclude Testimony of Dr.
5    William Sawyer.  The proposed redactions relate to (a) Plaintiffs' social-security numbers and dates
6    of birth, which are required to be redacted under Federal Rule of Civil Procedure 5.2; (b) addresses
7    and all medical information for Plaintiffs, other than the fact of NHL diagnosis and the treatment for
8    that condition, pursuant to a request from Co-Lead Counsel for Plaintiffs (the "Designating Party"
9    for this information under Local Rule 79-5(e)); and (c) Monsanto's confidential information,
10   specifically limited redactions to protect either the identities of individuals from the European
11   Union based on European privacy law, or Monsanto's trade secret, proprietary information about
12   Roundup® product formulations.  All of these redactions are indicated by red boxes.  In support of
13   this request, attached hereto is a Declaration from Brian L. Stekloff specifically describing the
14   proposed redactions and a Proposed Order granting Monsanto's motion.

## ARGUMENT

**I.  MONSANTO HAS PROVISIONALLY REDACTED PORTIONS OF DOCUMENTS THAT REFLECT PLAINTIFF'S MEDICAL INFORMATION AND HISTORY OR OTHER IDENTIFYING INFORMATION.**

Monsanto has filed conditionally under seal portions of supporting exhibits that contain information about Plaintiff's medical conditions and/or other personally identifiable information of Plaintiff and other individuals pursuant to LR 79-5(e).  Monsanto is redacting dates of birth and Social Security Numbers pursuant to Federal Rule of Civil Procedure 5.2.  In addition, Co-Lead Counsel for Plaintiffs in this litigation requested that addresses and all medical information for all Plaintiffs, other than the fact of NHL diagnosis and the treatment for that condition, be redacted, pursuant to the Amended Protective Order.  Plaintiffs are therefore the "Designating Party" for such information under Local Rule 79-5(e).

- 2 -

MONSANTO COMPANY'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF EXHIBITS
FILED IN SUPPORT OF MOTION TO EXCLUDE DR. SAWYER, 3:16-MD-02741-VC, 3:19-CV-01630-VC

**II. THERE ARE COMPELLING REASONS TO SEAL MONSANTO'S CONFIDENTIAL INFORMATION, SPECIFICALLY THE NAMES OF EUROPEAN INDIVIDUALS REQUIRED TO BE PROTECTED UNDER EUROPEAN LAW AND MONSANTO'S TRADE SECRET, PROPRIETARY INFORMATION ABOUT ITS PRODUCT FORMULATIONS.**

Pursuant to LR 79-5(d), Monsanto is also seeking to file under seal discrete portions of selected expert reports and transcripts that contain the personal identifying information of European individuals or reference Monsanto's trade secret or proprietary information about Roundup® product formulations. There are compelling reasons for the Court to redact this information. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) ("The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information."); *see also* Fed. R. Civ. P. 26(c)(1). This Court has previously accepted redaction of this type of confidential information in this litigation. (*See* Doc. Nos. 4764 & 4855). As in that instance, none of the very limited information Monsanto is now seeking to remain under seal is relevant to the related motions to which the exhibits relate and Monsanto did not rely on this information in its arguments.

**A. Compelling Reasons Exist to Permit Redaction of the Personal Identifying Information of European Individuals.**

With respect to documents disclosing the names and other identifying information of European individuals, Monsanto has a duty to protect such information under European and Belgian data privacy law. *See* Stekloff Decl. ¶ 7; Dahareng Law Decl. (Ex. A to Stekloff Declaration). As co-lead plaintiffs' counsel previously agreed, "European law provides heightened protection for privacy rights and personal data" and that, "[s]hould a future need arise, European citizens' names and personal information will be subject to redaction, as proposed by Monsanto." *See* Jt. Ltr. Br., Doc. No. 237 (filed 4/14/2017), at 5. The "personal data" that is protected by these laws is any information relating to a natural person, including employment information, job titles, mailing

- 3 -

addresses, phone numbers, and e-mail addresses. *See St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 104 F. Supp. 3d 1150, 1162 (D. Ore. 2015) ("'Personal data' is defined broadly to include names, job titles, email addresses, and so on").

Because the key principles of Belgian data protection law are proportionality and data minimization, Dehareng Law Decl. ¶ 12, any additional disclosure of a European individual's name – even if that person already has been identified in connection with the Roundup® litigation (or with a particular communication) – is an affront to the law and its purpose. Such exposure would harm the protected privacy interests of non-party individuals, frustrate the purpose of the European Union Data Protection Directive and the Belgian Data Protection Law, and expose Monsanto Company, Monsanto Europe, and other persons or entities to potential sanctions, including substantial fines. *Id.* ¶¶ 5-7, 28. Monsanto therefore requests that the Court allow the redaction from the Report of direct identifiers of European individuals (name, email address, job title, job position, phone number, etc.) so as not to violate European privacy laws.

### B. Compelling Reasons Exist to Maintain Confidentiality of Trade Secrets and Proprietary Information.

Moreover, there are also compelling reasons to seal documents reflecting Monsanto's trade secrets and proprietary information about formulations of Roundup products. As the Ninth Circuit has recognized, a party's trade secrets and other proprietary business information should be protected when its public disclosure would result in competitive harm to the party. *See, e.g.*, *In re Electronic Arts, Inc.*, 298 Fed. App'x. 568, 569 (9th Cir. 2008) (sealing "trade secret" information, and explaining trade secrets consist of "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it"); *see also Banneck v. Fed. Nat'l Mortg. Ass'n*, No. 17-CV-04657-WHO, 2019 WL 935136, at *6 (N.D. Cal. Feb. 26, 2019) ("There are compelling reasons to seal references to its trade secrets and confidential business information.").

- 4 -

MONSANTO COMPANY'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF EXHIBITS FILED IN SUPPORT OF MOTION TO EXCLUDE DR. SAWYER, 3:16-MD-02741-VC, 3:19-CV-01630-VC

# CONCLUSION

Monsanto respectfully requests that the Court grant its Administrative Motion to File Under Seal Portions of Exhibits Filed in Support of Motion to Exclude Dr. Sawyer.

DATED: December 27, 2019

Respectfully submitted,

/s/ *Brian L. Stekloff*

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:   202-847-4030
Fax:   202-847-4005


William Hoffman (*pro hac vice*)
(William.Hoffman@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
601 Massachusetts Avenue, N.W.
Washington, DC 20001
Tel: 202-942-6915
Fax: 202-942-5999

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000
*Attorneys for Defendant*
*MONSANTO COMPANY*

- 5 -

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of December, 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

*/s/ Michael X. Imbroscio*