# EXHIBIT 4

Aimee H. Wagstaff (SBN 278480)
Aimee.wagstaff@andruswagstaff.com
Kathryn M. Forgie (SBN 110404)
Kathryn.forgie@andruswagstaff.com
David J. Wool (SBN 324124)
David.Wool@andruswagstaff.com
**ANDRUS WAGSTAFF, PC**
7171 W. Alaska Drive
Lakewood, Colorado 80226
Telephone: (866) 795-9529
Facsimile: (303) 376-6361

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br>3:16-cv-05658-VC |
| This document relates to:<br><br>*Emanuel Richard Giglio v. Monsanto Co.*, Case No. 3:16-cv-05658 | |

**PLAINTIFF'S R. 26 EXPERT DISCLOSURES**

Pursuant to Pretrial Orders #150 and #171 and Fed. R. Civ. P. 26(a)(2), Plaintiff in the above-captioned case provides the following expert designations and disclosures. Plaintiff's disclosure of expert witnesses is subject to the following reservation of rights:

1. The right to supplement or amend this witness list based upon any rulings of the Court or any other court decisions that affect the scope of evidence in this trial;
2. The right to withdraw the designation of any expert prior to testimony, and positively aver that such previously designated expert will not be called as a witness at trial;

3. The right to amend or supplement expert opinions based on additional discovery including updated medical records, deposition testimony, medical literature, or scientific studies;
4. The right to supplement the references considered and/or relied upon by Plaintiff's designated experts in order to address newly available information or literature;
5. The right to elicit expert testimony at trial from any qualified person, including Plaintiff's treating health care providers, as permitted under the applicable rules of evidence and procedure;
6. Plaintiff's expert witnesses, as identified below, may testify about their skill, knowledge, experience, training and education in their respective fields, the relevant medical and scientific literature; the techniques and methods in their field of practice; and the description and nature of their practice. They may testify about their publications, presentations, research and all matters detailed in their respective curriculum vitae. They may testify based on facts or data perceived by or made known to them at or before trial that have been properly disclosed under the applicable rules of evidence and procedure. They may employ demonstrative and visual aids.
7. Plaintiff reserves the right to offer supplemental expert opinions based on updated or new information relative to the litigation. Plaintiff reserves the right for his expert witnesses to update the literature upon which the witnesses rely in support of their opinions.
8. Plaintiff incorporates all prior reports, if any, the experts have issued in MDL 2741 or any other state or federal litigation.

9. By identifying the expert witnesses named below, Plaintiff does not intend to waive any objections to deposition testimony, exhibits, or other evidence or argument. Plaintiff reserves the right to call and elicit testimony from any and all of Defendant's current or former employees who have been disclosed as a witness and/or offered testimony and/or have been identified in discovery.

10. Plaintiff reserves the right to call and elicit testimony at trial from any and all of Defendant's retained or non-retained expert witnesses.

**RULE 26(a)(2)(B) DESIGNATIONS**

**Charles Benbrook, PhD**
**90063 Troy Road**
**Enterprise, OR 97828**

Dr. Benbrook will testify about the regulatory history of glyphosate and glyphosate-based formulations, including Roundup; the interaction between EPA and Monsanto in relation to the registration and re-registration of Roundup formulations; the labeling responsibilities of pesticide manufacturers under federal regulation, including Monsanto's obligations regarding the Roundup label; the stewardship obligations of a pesticide manufacturer, including Monsanto's obligations regarding the stewardship of Roundup; whether certain publications related to glyphosate safety were ghost authored by Monsanto and, generally, whether Monsanto's publication planning and conduct comport with prevailing ethical and scientific/academic standards; and the sufficiency of the Roundup label during all relevant times.

Plaintiff hereby incorporates by reference, all prior expert reports, deposition, trial, and hearing testimony in all Roundup litigation cases.

Dr. Benbrook's hourly rate is $300.00. Dr. Benbrook has already been deposed with respect to his opinions in this case. A copy of Dr. Benbrook's curriculum vitae will be provided

to counsel electronically. Dr. Benbrook is providing an updated expert report along with a supplemental materials considered list.

**Christopher Portier, PhD**
**Scheibenstrasse 15**
**CH-3600 Thun**
**Switzerland**

Dr. Portier will testify on issues of general causation regarding whether exposure to glyphosate and/or glyphosate–based formulated products can cause cancer, and particularly non-Hodgkin lymphoma, including in the areas of toxicology, genotoxicity, biostatistics, epidemiology, and the processes and methodologies encompassing the review, evaluation and assessment of chemicals as cancer hazards by the International Agency for Research on Cancer (IARC). These areas of testimony were the subject of his prior testimony in the Roundup litigation. Accordingly, Plaintiff hereby incorporates by reference, all prior expert reports, deposition, trial, and hearing testimony in all Roundup litigation cases.

Dr. Portier's hourly rate is $450.0. Dr. Portier has already been deposed with respect to his general causation opinions being offered in this case. A copy of Dr. Portier's curriculum vitae will be provided to counsel electronically. Dr. Portier is providing a supplemental materials considered list.

**Beate Ritz, MD, PhD**
**650 Charles E. Young Dr. S.**
**Los Angeles, CA 90095**

Dr. Ritz is designated in the areas of epidemiology with an emphasis on cancer epidemiology on behalf of all Plaintiffs. Dr. Ritz will testify on issues of general causation regarding whether exposure to glyphosate and/or glyphosate–based formulated products can cause cancer, and particularly non-Hodgkins lymphoma, including in the areas of epidemiology, toxicology and genotoxicity. These areas of testimony were the subject of her prior testimony

in the Roundup litigation. Accordingly, Plaintiff hereby incorporates by reference, all prior expert reports, deposition, trial, and hearing testimony in all Roundup litigation cases.

Dr. Ritz's hourly rate is $550.00. Dr. Ritz has already been deposed with respect to her opinions being offered in this case. A copy of Dr. Ritz's curriculum vitae will be provided to counsel electronically. Dr. Ritz is providing a supplemental materials considered list.

**Charles William Jameson, PhD**
**CWJ Consulting LLC**
**2828 NW 46th Ave.**
**Cape Coral, FL 33993-8806**

Dr. Jameson is designated in the areas of toxicology, carcinogenesis, animal toxicology, and animal bioassay data. Dr. Jameson will testify regarding his analysis of glyphosate toxicology, epidemiology, and rodent bioassay data and the interpretation and methodology related to that data. Dr. Jameson will testify on issues relating to the carcinogenicity of glyphosate, including mechanistic data relating to genotoxicity, oxidative stress and other aspects of cellular behavior. Dr. Jameson will offer testimony concerning his factual participation in the International Agency for Research on Cancer (IARC) 112 Monograph, specifically as it relates to glyphosate, and on the IARC process in general. The basis of this factual testimony will be his role as the Subgroup Chair of the Cancer in Experimental Animals during the 112 Monograph. Dr. Jameson has already been deposed with respect to both his expert opinions and his factual testimony being offered in this case. These areas of testimony were the subject of his prior testimony in the Roundup litigation. Accordingly, Plaintiff hereby incorporates by reference, all prior expert reports, deposition, trial, and hearing testimony in all Roundup litigation cases.

Dr. Jameson's hourly rate is $400.00. A copy of Dr. Jameson's curriculum vitae will be provided to counsel electronically. Dr. Jameson is also providing a supplemental materials considered list.

**Chadi Nabhan, MD, MBA, FACP**
**974 Bristol Drive**
**Deerfield, IL 60015**

**Date Available for Deposition: August 30, 2019**

Dr. Nabhan is designated in the areas of human cancers, causes of cancer, causes of non-Hodgkin lymphoma, including the cancer risk following exposure to glyphosate and glyphosate-based formulations, cancer diagnosis, cancer effects, cancer treatments, and the clinical practice of oncology generally.

Dr. Nabhan will testify on issues of specific causation with respect to Plaintiff. Dr. Nabhan will testify regarding the general background of NHL, Plaintiff''s medical history, the cause or causes of Plaintiff's NHL, whether Plaintiff's use of and exposure to Roundup is a substantial contributing factor to the his NHL, the reasonableness of Plaintiff's treatment and care, the reasonableness and necessity of Plaintiff's medical treatment and expenses, Plaintiff's clinical course pain and suffering, and Plaintiff's prognosis.

Dr. Nabhan has testified on numerous occasions in the Roundup litigation and, therefore, incorporates by reference, all prior expert reports, deposition, trial, and hearing testimony in all Roundup litigation cases.

Dr. Nabhan's hourly rate is $550.00. Dr. Nabhan has already been deposed with respect to his general causation opinions in this case. A copy of Dr. Nabhan's curriculum vitae will be provided to counsel electronically. Dr. Nabhan is providing an expert report for Plaintiff relating to his specific causation opinions and a supplemental materials considered list.

**William Sawyer, PhD**
**Toxicology Consultants & Assessment Specialists, LLC**
**650 Pine Avenue**
**Sanibel, FL 33957**

**Date Available for Deposition: September 15, 2019**

Dr. Sawyer is designated in the areas of toxicology, exposure, dermal absorption, and risk assessment. Dr. Sawyer will testify on issues concerning the mechanism of absorption of glyphosate-based formulations through the skin and other exposure pathways, the role of surfactants on dermal absorption, toxicology and animal studies on dermal absorption, including his analysis of the data and the interpretation and methodology related to that data; human exposure studies and data relating to glyphosate-based formulations, and the effect of wearing personal protective equipment on the exposure levels. These areas of testimony were the subject of his prior testimony in the Roundup litigation. Accordingly, Plaintiff hereby incorporates by reference, all prior expert reports, deposition, trial, and hearing testimony in all Roundup litigation cases.

In addition, Dr. Sawyer will also testify regarding Plaintiff's total exposure to Roundup, including the comparability of Plaintiff's exposure with the exposure data from applicators in studies on glyphosate-based formulations.

Dr. Sawyer's hourly rate is $580.00. Dr. Sawyer has already been deposed with respect to his general opinions relating to toxicology, exposure, dermal absorption, and risk assessment. A copy of Dr. Sawyer's curriculum vitae will be provided to counsel electronically. Dr. Sawyer is providing an expert report for Plaintiff relating to his specific causation opinions and a supplemental materials considered list.

**Dennis Weisenburger, MD**
**1500 E. Duarte Road**
**Duarte, CA 91010**

**Date Available for Deposition: September 23, 2019**

Dr. Weisenburger is designated In matters involving general causation and will testify regarding causes of cancer, causes of non-Hodgkin lymphoma, whether exposure to glyphosate and/or glyphosate–based formulated products can cause cancer, and particularly non-Hodgkin lymphoma, including testimony in the areas of epidemiology, pathology, hematopathology, cellular changes with the development of NHL and cancer development. These areas of testimony were the subject of his prior testimony in the Roundup litigation. Accordingly, Plaintiff hereby incorporates by reference, all prior expert reports, deposition, trial, and hearing testimony in all Roundup litigation cases.

In addition, Dr. Weisenburger will testify on issues of specific causation, including Plaintiff's medical history, his review of Plaintiff's pathology, whether Plaintiff's use of and exposure to Roundup is a substantial contributing factor to his NHL, the reasonableness of Plaintiff's care, and Plaintiff's prognosis.

Dr. Weisenburger's hourly rate is $500.00. Dr. Weisenburger has already been deposed with respect to his general causation opinions in this case. A copy of Dr. Weisenburger's curriculum vitae will be provided to counsel electronically. Dr. Weisenburger is providing an expert report for Plaintiff relating to his specific causation opinions and a supplemental materials considered list.

**RULE 26(a)(2)(C) DESIGNATIONS**

**Aaron Blair, PhD**

As a non-retained, third-party expert, Dr. Blair will offer testimony concerning the epidemiology of glyphosate and cancer, specifically non-Hodgkin lymphoma. His testimony was taken on March 20, 2017. He will also offer testimony concerning the effect of the Agricultural Health Study on the conclusions reached by the International Agency for Research on Cancer (IARC) regarding glyphosate, i.e., that it would not change the IARC classification. He will also testify that IARC is a reputable and reliable institution and that IARC followed proper scientific guidelines in rendering its classification of glyphosate. The factual basis of his testimony will be his 30+ years working in occupational epidemiology and his chairing of the 112 IARC Monograph program.

**Matthew Ross, PhD**

As a non-retained, third-party expert, Dr. Ross will offer testimony concerning the mechanism through which glyphosate causes cancer, specifically glyphosate propensity to induce oxidative stress and cause genotoxicity. His testimony was taken on May 3, 2017. He will also offer testimony concerning the conclusions reached by the International Agency for Research on Cancer (IARC) regarding glyphosate, will testify that IARC is a reputable and reliable institution, and that IARC followed proper scientific guidelines in rendering its classification of glyphosate. The factual basis of his testimony will be his 20+ years working in molecular toxicology and his participation in the 112 IARC Monograph program.

**Treating Physicians**

Plaintiff may call one or more of his treating healthcare providers to provide both factual and expert testimony at trial. The identity of these healthcare providers can be found in the

medical records and Plaintiff Fact Sheet, which have been provided to counsel for Monsanto. The subject matter of their testimony is expected to be the diagnosis, treatment and prognosis of Plaintiff's NHL. These healthcare providers are expected to testify consistently with their entries in Plaintiff's medical records.

DATE: August 20, 2019

By: */s/ Aimee H. Wagstaff*

Aimee H. Wagstaff (SBN 278480)
Aimee.wagstaff@andruswagstaff.com
Kathryn M. Forgie (SBN 110404)
Kathryn.forgie@andruswagstaff.com
David J. Wool (SBN 324124)
David.Wool@andruswagstaff.com
**ANDRUS WAGSTAFF, PC**
7171 W. Alaska Drive
Lakewood, Colorado 80226
Telephone: (866) 795-9529
Facsimile: (303) 376-6361

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of **Plaintiff's R. 26 Expert Disclosures** was served upon the parties below via electronic mail and U.S. Mail, postage prepaid, this 20th day of August 2019:

Brian L. Stekloff
bstekloff@wilkinsonwalsh.com
Tamarra Matthews Johnson
tmatthewsjohnson@wilkinsonwalsh.com
Rakesh Kilaru
rkilaru@wilkinsonwalsh.com
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036

*/s/ Kellie Johnson*