**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *James T. McVey v. Monsanto Co.*, Case No. 3:19-cv-07862-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 2 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

1   Monsanto denies the allegations in the unnumbered paragraph following paragraph 3

2   titled "a."

3   4.   The allegations in paragraph 4 set forth conclusions of law for which no response

4   is required.

5   5.   The allegations in paragraph 5 set forth conclusions of law for which no response

6   is required.

7   6.   The allegations in paragraph 6 set forth conclusions of law for which no response

8   is required.

9   7.   Monsanto denies that its Roundup®-branded products are "dangerous" and denies

10   that plaintiff's alleged harms, losses, or damages were caused by Roundup®-branded products.

11   Monsanto lacks information or knowledge sufficient to form a belief as to the allegations in

12   paragraph 7 regarding plaintiff's residency and therefore denies those allegations.  The

13   remaining allegations in paragraph 7 set forth conclusions of law for which no response is

14   required.

15   8.   Monsanto admits that it is authorized to do business in Ohio.  The remaining

16   allegations in paragraph 8 are vague and conclusory and comprise attorney characterizations and

17   are accordingly denied.

18   9.   Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 9 and therefore denies those allegations.

20   10.   Monsanto admits the allegations in paragraph 10.

21   11.   In response to the allegations in of paragraph 11, Monsanto admits that it sells

22   Roundup®-branded products in Ohio. The remaining allegations in paragraph 11 are vague and

23   conclusory and comprise attorney characterizations and are accordingly denied.

24   12.   Monsanto admits that it is an agricultural biotechnology corporation with a

25   principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its

26   affiliated companies have operations and offices in countries around the world.  Monsanto states

27   that the remaining allegations in paragraph 12 are vague and that it accordingly lacks information

28

or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

13.     Monsanto admits the allegations in paragraph 13.

14.     Monsanto admits that glyphosate is the active ingredient in Roundup and that glyphosate's mode of action is targeting EPSP synthase.  The remaining allegations in paragraph 14 comprise attorney characterizations and are accordingly denied.

15.     Monsanto admits the allegations in paragraph 15.

16.     Monsanto generally admits the allegations in paragraph 16, but denies the allegations in paragraph 16 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

17.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

18.     Monsanto admits the allegations at paragraph 18 that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.

19.     Monsanto admits the allegations in paragraph 19.

20.     The allegations in paragraph 20 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 20.

21.     In response to the allegations in paragraph 21, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     The allegations in paragraph 22 set forth conclusions of law for which no response is required.

23.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Missouri for sale and distribution.

24.     In response to the allegations in paragraph 24, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 24 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 24 set forth conclusions of law for which no answer is required.

25.     Monsanto denies the allegations in paragraph 25 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 25 set forth conclusions of law for which no response is required.

26.     In response to the allegations in paragraph 26, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07862-VC

("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies those allegations.

27.    In response to the allegations regarding the New York Attorney General lawsuit in paragraph 27, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the allegation purports to quote a document, the document speaks for itself and thus does not require any further answer.  In response to the allegations regarding the assurance of discontinuance with the New York Attorney General in paragraph 27, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 27 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

28.    Monsanto denies the allegations in paragraph 28.

29.    Monsanto denies the allegations in paragraph 29.

30.    In response to the allegations in paragraph 30, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 30 go beyond a restatement of the cited document, Monsanto lacks information or

---

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

1    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 30

2    and therefore denies those allegations.

3         31.    Monsanto admits the allegations in paragraph 31.

4         32.    In response to the allegations in paragraph 32, Monsanto states that the cited

5    document speaks for itself and does not require a response.  To the extent that the allegations in

6    paragraph 32 go beyond a restatement of the cited document, Monsanto lacks information or

7    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 32

8    and therefore denies those allegations.

9         33.    Monsanto states that the term "toxic" as used in paragraph 33 is vague and

10   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

11   denies the allegations in paragraph 33.

12        34.    Monsanto admits the allegations in paragraph 34.

13        35.    In response to the allegations in paragraph 35, Monsanto states that the document

14   speaks for itself and does not require a response.  To the extent that a response is deemed

15   required, Monsanto denies the allegations in paragraph 35.

16        36.    In response to the allegations in paragraph 36, Monsanto admits that Julie Marc

17   published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

18   the extent that paragraph 36 characterizes the meaning of the cited study, Monsanto denies the

19   remaining allegations in paragraph 36.

20        37.    In response to the allegations in paragraph 37, Monsanto states that these

21   documents speak for themselves and do not require a response.  To the extent that a response is

22   deemed required, Monsanto denies the allegations in paragraph 37.

23        38.    In response to the allegations in paragraph 38, Monsanto states that the cited

24   document speaks for itself and does not require a response.  To the extent that paragraph 38

25   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

26   paragraph 38.

27        39.    Monsanto denies the allegations in paragraph 39.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07862-VC

40.     In response to the allegations in paragraph 40, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 40 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 41 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 41.

42.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 42.

43.     Monsanto denies the allegations in paragraph 43.

44.     Monsanto denies the allegations in paragraph 44.

45.     Monsanto denies the allegations in paragraph 45.

46.     Monsanto denies the allegations in paragraph 46.

47.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 47.

48.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 and therefore denies those allegations.

49.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

50.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07862-VC

51.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 51 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

52.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 52, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 52 comprise attorney characterizations and are accordingly denied.

53.     In response to the allegations in paragraph 53, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 53 comprise attorney characterizations and are accordingly denied.

54.     In response to the allegations in paragraph 54, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 54 comprise attorney characterizations and are accordingly denied.

55.     Monsanto denies the allegations in paragraph 55.

56.     The allegations in paragraph 56 comprise attorney characterizations and are accordingly denied.

57.     Monsanto admits the allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 58 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 59.

60.     The allegations in paragraph 60 are vague and ambiguous and are accordingly denied.

61.     In response to the allegations in paragraph 61, Monsanto states that the cited document speaks for itself and does not require a response.

62.     In response to the allegations in paragraph 62, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 62 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 62.

63.     Monsanto denies the allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 64.

65.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 65.

66.     Monsanto denies the allegations in paragraph 66.

67.     Monsanto denies the allegations in paragraph 67.

68.     Monsanto denies the allegations in paragraph 68.

69.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 69.

70.     Monsanto denies the allegations in paragraph 70.

71.     Monsanto denies the allegations in paragraph 71.

72.     Monsanto admits the allegations in paragraph 72.

1    73.    Monsanto denies the allegations in paragraph 73.

2    74.    Monsanto admits the allegations in paragraph 74.

3    75.    Monsanto denies the allegations in paragraph 75.

4    76.    Monsanto denies the allegations in paragraph 76.

5    77.    Monsanto denies the allegations in paragraph 77.

6    78.    Monsanto denies the allegations in paragraph 78.

7    79.    Monsanto denies the allegations in paragraph 79.

8    80.    Monsanto denies the allegations in paragraph 80.

9    81.    Monsanto denies the allegations in paragraph 81.

10    82.    In response to the allegations in paragraph 82, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 82.

83.    In response to the allegations in paragraph 83, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 83.

84.    In response to the allegations in paragraph 84, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 84.

85.    In response to the allegations in paragraph 85, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 85.

86.    In response to the allegations in paragraph 86, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not

pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and

the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 86.

87.    In response to the allegations in paragraph 87, Monsanto admits that it – along

with a large number of other companies and governmental agencies – was defrauded by two

chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

studies.  To the extent that the allegations in paragraph 87 are intended to suggest that Monsanto

was anything other than a victim of this fraud, such allegations are denied.

1    88.    In response to the allegations in paragraph 88, Monsanto admits that IBT

2    Laboratories was hired to conduct toxicity studies in connection with the registration of a

3    Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

4    based upon any fraudulent or false IBT studies.

5    89.    Monsanto denies the allegations in paragraph 89 to the extent they suggest that

6    EPA performed an inspection of IBT Laboratories solely or specifically in connection with

7    studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

8    Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

9    connection with services provided to a broad number of private and governmental entities and

10   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

11   one of several pesticide manufacturers who had used IBT test results.  The audit found some

12   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

13   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

14   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

15   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 89 are

16   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

17   denies those allegations.

18   90.    In response to the allegations in paragraph 90, Monsanto admits that three IBT

19   employees were convicted of the charge of fraud, but Monsanto denies that any of the

20   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

21   herbicides.

22   91.    In response to the allegations in paragraph 91, Monsanto admits that it – along

23   with numerous other private companies – hired Craven Laboratories as an independent

24   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

25   denies the remaining allegations in paragraph 91.

26   92.    In response to the allegations in paragraph 92, Monsanto admits that EPA

27   investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

28

paragraph 92 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

93. In response to the allegations in paragraph 93, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost. To the extent that the allegations in paragraph 93 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

94. In response to the allegations in paragraph 94, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification. Monsanto denies the remaining allegations in paragraph 94.

95. In response to the allegations in paragraph 95, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate. Monsanto denies the remaining allegations in paragraph 95.

96. Monsanto admits that, in France, the sale to and use by amateurs (i.e., non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions. Monsanto denies the remaining allegations in paragraph 96.

97. In response to the allegations in paragraph 97, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same. Monsanto denies the remaining allegations in paragraph 97.

98. In response to the allegations in paragraph 98, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including

the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto denies the remaining allegations in paragraph 99.

100.     In response to the allegations in paragraph 100, Monsanto admits that, on November 12, 2015, the European Food Safety Authority ("EFSA") issued its Renewal Assessment Report (RAR) on glyphosate, in which it concluded that "glyphosate is unlikely to pose a carcinogenic hazard to humans."[4]  Monsanto further admits that this conclusion affirmed a similar finding by the German Federal Institute for Risk Management (BfR).  Monsanto admits that the European scientists who reached these determinations were acting independently of Monsanto and were acting to protect the public.

101.     In response to the allegations in paragraph 101, Monsanto denies that "industry groups" were afforded any ability to review the RAR beyond that afforded to the public generally.  Monsanto otherwise admits the allegations in paragraph 101.

102.     Monsanto admits the allegations in paragraph 102.

103.     In response to the allegations in paragraph 103, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies the allegations in

---

[4] *See* EFSA, *Glyphosate:  EFSA updates toxicological profile*, http://www.efsa.europa.eu/en/press/news/151112.

1   paragraph 103 to the extent that they purport to set forth all of the distinctions identified by

2   EFSA between its evaluation and the evaluation of the IARC working group.  Monsanto states

3   that in the same document cited by plaintiff, EFSA states that, in contrast to IARC, "the EU peer

4   review concluded that no significant increase in tumor incidence could be observed in any of the

5   treated groups of animals in the nine long term rat studies considered" and explains that "[a]s

6   well as reviewing a larger number of studies [than IARC], EFSA for example considered that

7   carcinogenic effects observed at high doses were unreliable as they could be related to general

8   toxicity."[5]  To the extent that paragraph 103 characterizes the meaning of the cited studies,

9   Monsanto denies the remaining allegations in paragraph 103.

10          104.    In response to the allegations in paragraph 104, Monsanto states that the cited

11  document speaks for itself and does not require a response.

12          105.    In response to the allegations in paragraph 105, Monsanto admits that EFSA set

13  acceptable exposure thresholds for glyphosate that are orders of magnitude higher than those

14  which occur in the ordinary use of glyphosate-based herbicides.  Monsanto denies that these

15  exposure thresholds are based upon any alleged risk of carcinogenicity.

16          106.    In response to the allegations in paragraph 106, Monsanto admits that certain

17  individuals, including Dr. Christopher Portier, sent the letter identified in paragraph 106

18  (hereinafter, "the Portier letter").  Monsanto denies that Dr. Portier or the other signatories to his

19  letter are "independent" and "renowned international experts in the field."  Monsanto states that

20  Dr. Portier has been disclosed as an expert witness retained by plaintiff's counsel in the

21  glyphosate cancer litigation against Monsanto and that Monsanto lacks information or

22  knowledge sufficient to form a belief as to whether the other signatories were aware, before they

23  signed the Portier letter, that Dr. Portier was working as a retained expert for plaintiff's counsel.

24  Monsanto otherwise admits that this letter urged the EU Health Commissioner to disregard the

25  scientific findings reached by EFSA and by the BfR.

26

27  _____

[5] EFSA, *EFSA Explains Risk Assessment Glyphosate*, http://www.efsa.europa.eu/sites/default
    /files/corporate_publications/files/efsaexplainsglyphosate151112en.pdf.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07862-VC

1     107.    In response to the allegations in paragraph 107, Monsanto admits that Dr. Portier

2  sent the letter identified in paragraph 107.  Monsanto denies that Dr. Portier or the other

3  signatories to his letter are "renowned international experts in the field."  Monsanto admits that

4  certain members of the IARC working group assigned to glyphosate signed on to the Portier

5  letter, but states that Monsanto lacks information or knowledge sufficient to form a belief as to

6  whether those individuals or the other signatories were aware at the time that Dr. Portier was

7  working as a retained expert for plaintiff's counsel.

8     108.    In response to the allegations in paragraph 108, Monsanto states that the cited

9  Portier letter speaks for itself and does not require a response.  Monsanto further admits that

10  Dr. Portier – who has been disclosed as an expert witness retained by plaintiff's counsel in the

11  glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

12  conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

13  carcinogenic hazard to humans."[6]  To the extent that paragraph 108 characterizes the meaning of

14  the cited document or of EFSA's evaluation of glyphosate, Monsanto denies the remaining

15  allegations in paragraph 108.

16     109.    In response to the allegations in paragraph 109, Monsanto admits that IARC

17  concluded that the human epidemiologic data provides only "limited evidence of

18  carcinogenicity," which IARC defines as meaning that "chance, bias, or confounding could not

19  be ruled out with reasonable confidence."[7]  Monsanto further admits that Dr. Portier – who has

20  been disclosed as an expert witness retained by plaintiff's counsel in the glyphosate cancer

21  litigation against Monsanto – seeks in his letter to challenge the scientific conclusions reached by

22  EFSA in support of its finding that "glyphosate is unlikely to pose a carcinogenic hazard to

23  humans."[8]  In response to the remaining allegations in paragraph 109, Monsanto states that the

24

25  [6] See EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu/en
    /press/news/151112.

26  [7] http://monographs.iarc.fr/ENG/Preamble/currentb6evalrationale0706.php.

27  [8] See EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu
    /en/press/news/151112.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07862-VC

1    cited Portier letter speaks for itself and does not require a response.  To the extent that paragraph

2    109 characterizes the meaning of the cited document or of EFSA's evaluation of glyphosate,

3    Monsanto denies the remaining allegations in paragraph 109.

4          110.    In response to the allegations in paragraph 110, Monsanto states that the cited

5    Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr.

6    Portier – who has been disclosed as an expert witness retained by plaintiff's counsel in the

7    glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

8    conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

9    carcinogenic hazard to humans."[9]  To the extent that paragraph 110 characterizes the meaning of

10   the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the

11   remaining allegations in paragraph 110.

12         111.    In response to the allegations in paragraph 111, Monsanto states that the cited

13   Portier letter speaks for itself and does not require a response.  Monsanto further admits that

14   Dr. Portier – who has been disclosed as an expert witness retained by plaintiff's counsel in the

15   glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

16   conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

17   carcinogenic hazard to humans."[10]  To the extent that paragraph 111 characterizes the meaning

18   of the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the

19   remaining allegations in paragraph 111.

20         112.    Monsanto admits the allegations in paragraph 112.

21         113.    In response to the allegations in paragraph 113, Monsanto states that the cited

22   document speaks for itself and does not require a response.  Monsanto denies that the self-

23   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

24

25

26   [9] See EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu
     /en/press/news/151112.

27   [10] See EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu
     /en/press/news/151112.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07862-VC

extent that paragraph 113 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 113.

114.    In response to the allegations in paragraph 114, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 114 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 114.

115.    In response to the allegations in paragraph 115, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 115 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 115.

116.    In response to the allegations in paragraph 116, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 116 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 116.

117.    In response to the allegations in paragraph 117, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 117 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 117.

118.    In response to the allegations in paragraph 118, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 118 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 118.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07862-VC

119.     In response to the allegations in paragraph 119, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 119 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 119.

120.     In response to the allegations in paragraph 120, Monsanto admits that the United States Food and Drug Administration ("FDA") has authority to enforce pesticide residues and that the FDA announced it would begin testing certain foods for glyphosate residues.  In response to the remaining allegations in paragraph 120, Monsanto states that the cited documents speak for themselves and do not require a response.

121.     In response to the allegations in paragraph 121, Monsanto admits that the U.S. Government Accountability Office ("GAO") issued the cited report regarding pesticide residue monitoring programs, but Monsanto denies that the GAO report was limited to glyphosate.  In response to the remaining allegations in paragraph 121, Monsanto states that the cited documents speak for themselves and do not require a response.  To the extent that paragraph 121 characterizes the meaning of the cited documents, Monsanto denies the remaining allegations in paragraph 121.

122.     In response to the allegations in paragraph 122, Monsanto admits that the FDA has authority to enforce pesticide residues and that the FDA announced it would begin testing certain foods for glyphosate residues.  In response to the remaining allegations in paragraph 122, Monsanto states that the cited documents speak for themselves and do not require a response.  To the extent that paragraph 122 characterizes the meaning of the cited documents, Monsanto denies the remaining allegations in paragraph 122.

123.     In response to the allegations in paragraph 123, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

124.     In response to the allegations in paragraph 124, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United

1    Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

2    Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

3    Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

4    carcinogen.  Monsanto denies the remaining allegations in paragraph 124.

5         125.    Monsanto denies the allegations in paragraph 125.

6         126.    Monsanto denies the allegations in paragraph 126.

7         127.    Monsanto denies the allegations in paragraph 127.

8         128.    Monsanto denies the allegations in paragraph 128.

9         129.    Monsanto denies the allegations in paragraph 129.

10        130.    Monsanto denies the allegations in paragraph 130.

11        131.    Monsanto denies the allegations in paragraph 131.

12        132.    Monsanto denies the allegations in paragraph 132.

13        133.    Monsanto denies the allegations in paragraph 133.

14        134.    Monsanto denies the allegations in paragraph 134.

15        135.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 135 and therefore denies those allegations.

17        136.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18   truth of the allegations in paragraph 136 and therefore denies those allegations.

19        137.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 137 and therefore denies those allegations.  .

21        138.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 138 and therefore denies those allegations.

23        139.    Monsanto denies that any exposure to Roundup®-branded products can cause

24   NHL and other serious illnesses and therefore denies those allegations in paragraph 139.

25   Monsanto states, however, that the scientific studies upon which IARC purported to base its

26   evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks

27   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

28   in paragraph 139 and therefore denies those allegations.

1      140.    In response to the allegations in paragraph 140, Monsanto denies that exposure to

2   Roundup®-branded products and glyphosate is injurious to human health.  The remaining

3   allegations in paragraph 140 set forth conclusions of law for which no response is required.

4      141.    In response to the allegations in paragraph 141, Monsanto denies that there is any

5   risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-

6   branded products and glyphosate.  Monsanto lacks information or knowledge sufficient to form a

7   belief as to the truth of the remaining allegations in paragraph 141 and therefore denies those

8   allegations.

9      142.    The allegations in paragraph 142 set forth conclusions of law for which no

10   response is required.

11      143.    In response to the allegations in paragraph 143, Monsanto denies that it concealed

12   any facts related to the human health safety of glyphosate.  The remaining allegations in

13   paragraph 143 set forth conclusions of law for which no response is required.

14      144.    Monsanto incorporates by reference its responses to paragraphs 1 through 143 in

15   response to paragraph 144 of plaintiff's Complaint.

16      145.    The allegations in paragraph 145 set forth conclusions of law for which no

17   response is required.

18      146.    Monsanto denies the allegations in paragraph 146.

19      147.    Monsanto denies the allegations in paragraph 147, including each of its subparts.

20      148.    Monsanto denies the allegations in paragraph 148.

21      149.    Monsanto denies the allegations in paragraph 149.

22      150.    Monsanto denies the allegations in paragraph 150.

23      151.    Monsanto denies the allegations in paragraph 151, including each of its subparts.

24      152.    Monsanto denies the allegations in paragraph 152.

25      153.    Monsanto denies the allegations in paragraph 153.

26      154.    Monsanto denies the allegations in paragraph 153.

27      155.    Monsanto denies the allegations in paragraph 155.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07862-VC

1   156.   In response to the allegations in paragraph 156, Monsanto demands that judgment

2   be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

3   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

4   by law and such further and additional relief as this Court may deem just and proper.

5   157.   Monsanto incorporates by reference its responses to paragraphs 1 through 156 in

6   response to paragraph 157 of plaintiff's Complaint.

7   158.   The allegations in paragraph 158 set forth conclusions of law for which no

8   response is required.

9   159.   Monsanto denies the allegations in paragraph 159.

10   160.   Monsanto denies the allegations in paragraph 160.

11   161.   Monsanto denies the allegations in paragraph 161.

12   162.   Monsanto denies the allegations in paragraph 162.

13   163.   Monsanto denies the allegations in paragraph 163.

14   164.   Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations in paragraph 164 and therefore denies those allegations.

16   165.   Monsanto denies the allegations in paragraph 165, including each of its subparts.

17   166.   Monsanto lacks information or knowledge sufficient to form a belief as to the

18   truth of the allegations in paragraph 166 concerning plaintiff's claimed use of and exposure to

19   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

20   remaining allegations in paragraph 166, including that Roundup®-branded products have

21   "dangerous characteristics."

22   167.   Monsanto denies the allegations in paragraph 167.

23   168.   Monsanto denies the allegation in paragraph 168.

24   169.   Monsanto denies the allegations in paragraph 169.

25   170.   Monsanto denies the allegation in paragraph 170.

26   171.   Monsanto denies the allegations in the first sentence of paragraph 171.  The

27   allegations in the last sentence of paragraph 171 set forth conclusions of law for which no

28   response is required.

- 22 -

172.    Monsanto denies the allegations in paragraph 172.

173.    Monsanto denies the allegations in paragraph 173.

174.    In response to the allegations in paragraph 174, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

175.    Monsanto incorporates by reference its responses to paragraphs 1 through 174 in response to paragraph 175 of plaintiff's Complaint.

176.    The allegations in paragraph 176 set forth conclusions of law for which no response is required.

177.    Monsanto denies the allegations in paragraph 177.

178.    Monsanto denies the allegations in paragraph 178.

179.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 179 regarding users' and consumers' knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 179. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

180.    Monsanto denies the allegations in paragraph 180.

181.    Monsanto denies the allegations in paragraph 181, including each of its subparts.

182.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 182 regarding plaintiff's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in the first sentence of paragraph 182, including that intended use of and/or exposure to Roundup®-branded products causes any injuries.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 182 and therefore denies those allegations.

183.    Monsanto denies the allegations in paragraph 183.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07862-VC

184.     Monsanto denies the allegations in the first sentence of paragraph 184.  The allegations in the last sentence of paragraph 184 set forth conclusions of law for which no response is required.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

185.     Monsanto denies the allegations in paragraph 185.

186.     Monsanto denies the allegations in paragraph 186.

187.     In response to the allegations in paragraph 187, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

188.     Monsanto incorporates by reference its responses to paragraphs 1 through 187 in response to paragraph 188 of plaintiff's Complaint.

189.     The allegations in paragraph 189 set forth conclusions of law for which no response is required.

190.     Monsanto denies the allegations in paragraph 190.

191.     In response to the allegations in paragraph 191, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that paragraph 191 sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 191.

192.     Monsanto denies the allegations in paragraph 192.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

193.     Monsanto denies the allegations in paragraph 193.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

194.     The allegations in paragraph 194 set forth conclusions of law for which no response is required.

195.     Monsanto denies the allegations in paragraph 195.

1    196.    Monsanto denies the allegations in paragraph 196.

2    197.    Monsanto denies the allegations in paragraph 197.

3    198.    Monsanto denies the allegation in paragraph 198.

4    199.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 199 regarding plaintiff's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 199.

200.    Monsanto denies the allegation in paragraph 200.

201.    Monsanto denies the allegations in the first sentence of paragraph 201.  The allegations in the last sentence of paragraph 201 set forth conclusions of law for which no response is required.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

202.    Monsanto denies the allegations in paragraph 202.

203.    In response to the allegations in paragraph 203, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

204.    Monsanto incorporates by reference its responses to paragraphs 1 through 203 in response to paragraph 204 of plaintiff's Complaint.

205.    Monsanto denies the allegations in paragraph 205.

206.    In response to the allegations in paragraph 206, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that paragraph 206 sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 206.

207.    Monsanto denies the allegations in the first and second sentences of paragraph 207.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence of paragraph 207 sets forth conclusions of law for which no response is required.

208.    The allegations in paragraph 208 set forth conclusions of law for which no response is required.

209.    Monsanto denies the allegations in paragraph 209.

210.    Monsanto denies the allegations in paragraph 210.

211.    Monsanto denies the allegations in paragraph 211.

212.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 212 regarding plaintiff's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 212.

213.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 213 and therefore denies those allegations.

214.    Monsanto denies the allegation in paragraph 214.

215.    Monsanto denies the allegation in paragraph 215.

216.    In response to the allegations in paragraph 216, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

217.    Monsanto incorporates by reference its responses to paragraphs 1 through 216 in response to paragraph 217 of plaintiff's Complaint.

218.    Monsanto denies the allegations in paragraph 218.  Additionally, the allegations in the last sentence in paragraph 218 set forth conclusions of law for which no response is required.

219.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 219 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 219 set forth conclusions of law for which no response is required.

220.    The allegations in paragraph 220 set forth conclusions of law for which no response is required.

221.    Monsanto denies the allegations in paragraph 221.

222.    The allegation in paragraph 222 regarding a purported implied warranty sets forth a conclusion of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 222 and therefore denies those allegations.

223.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 223 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies the allegations in paragraph 223.

224.    Monsanto denies the allegations in paragraph 224.

225.    Monsanto denies the allegations in paragraph 225.

226.    Monsanto denies the allegations in paragraph 226.

227.    In response to the allegations in paragraph 227, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

1    4.    Plaintiff's claims are barred, in whole or in part, because the products at issue

2    were designed, manufactured, marketed and labeled with proper warnings, information, cautions

3    and instructions, in accordance with the state of the art and the state of scientific and

4    technological knowledge.

5    5.    Plaintiff's claims are barred, in whole or in part, because the products at issue

6    were not defective or unreasonably dangerous in that they complied with, at all relevant times,

7    all applicable government safety standards.

8    6.    Any claims based on allegations that Monsanto misled, defrauded, made

9    misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

10    *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

11    *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

12    7.    Plaintiff's claims are preempted, in whole or in part, by applicable federal law

13    relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

14    processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

15    8.    Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

16    findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

17    product labeling.

18    9.    Plaintiff's claims are barred, in whole or in part, by the doctrine of primary

19    jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

20    10.    Plaintiff's claims are barred, in whole or in part, because plaintiff's and/or

21    plaintiff's  injuries, if any, were the result of conduct of plaintiff's independent third parties,

22    and/or events that were extraordinary under the circumstances, not foreseeable in the normal

23    course of events, and/or independent, intervening and superseding causes of the alleged injuries,

24    including but not limited to plaintiff's pre-existing medical conditions.

25    11.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j

26    and k, bar plaintiff's claims against Monsanto in whole or in part.

27    12.    Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or

28    in part.

- 28 -

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Ohio Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Ohio law and/or other applicable state laws.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Ohio Rev. Code Ann. § 2315.21.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

- 29 -

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     To the extent that plaintiff recovered payments for his alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

25.     If plaintiff been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

27.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     Plaintiff's common law claims are barred, in whole or part, by application of the Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2307.80.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07862-VC

1

## JURY TRIAL DEMAND

2

     Monsanto demands a jury trial on all issues so triable.

3

4    DATED:  December 31, 2019                    Respectfully submitted,

5

6                                                /s/ Joe G. Hollingsworth
                                                Joe G. Hollingsworth (*pro hac vice*)
7                                                (jhollingsworth@hollingsworthllp.com)
                                                Eric G. Lasker (*pro hac vice*)
8                                                (elasker@hollingsworthllp.com)
                                                HOLLINGSWORTH LLP
9                                                1350 I Street, N.W.
                                                Washington, DC  20005
10                                               Telephone:  (202) 898-5800
                                                Facsimile:   (202) 682-1639

11
                                                *Attorneys for Defendant*
12                                               *MONSANTO COMPANY*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07862-VC