**David J. Diamond, Esq.**
**State Bar #010842**
**698 E. Wetmore Rd., Suite 200**
**Tucson, AZ 85705**
**(520) 620-3975**
**ddiamond@goldbergandosborne.com**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Master Docket Case No. 16-md-02741-VC |
| **THIS DOCUMENT RELATES TO:** | Honorable Vince Chhabria |
| Jaime Alvarez Calderon | Case No. 3:19-cv-01630 |
| v. | |
| Monsanto Company | |

### PLAINTIFF JAIME ALVAREZ CALDERON'S (ALVAREZ') REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF MONSANTO'S SPECIFIC CAUSATION EXPERT, MICHAEL GROSSBARD, M.D.

Monsanto argues that Plaintiff Alvarez' Motion should be denied for "two reasons." First, Monsanto argues that Plaintiff Alvarez' Motion is based upon "the incorrect assumption that Monsanto cannot present general causation expert testimony from any expert who did not testify at the 2017 *Daubert* proceedings." Opposition at p. 3/8. As discussed below, Monsanto was informed via email exchange before it filed its Opposition that the above is not Plaintiff Alvarez' position (Exhibit A). Second, Monsanto asserts that Dr. Grossbard offers a number of specific causation opinions and rebuttal opinions to Plaintiff Alvarez' specific causation experts, Dr. Andreadis and Dr. Smith. However, as addressed in Alvarez' Motion, Dr. Grossbard's admissions on the specific causation differential etiology issue shows otherwise.

With respect to Monsanto's assertion about being allowed to present new general causation experts in the Wave One cases, there is no dispute. However, while undersigned counsel agrees that PTO 180 allows Monsanto to retain new general causation experts for the Wave One cases, Monsanto's argument misses the mark for at least a couple of reasons. First, Monsanto has not disclosed Dr. Grossbard as a general causation expert in the Wave One cases. Second, if Dr. Grossbard has no relevant specific causation (the topic he was disclosed to address) opinions regarding Mr. Alvarez, he should not be allowed to testify as an unnamed general causation expert in the specific causation portion of the Alvarez case.

With respect to Monsanto's assertion that Dr. Grossbard has specific causation rebuttal opinions to Plaintiff Alvarez' specific causation experts, Dr. Smith and Dr. Andreadis, the doctor's deposition testimony does not bear that out. Plaintiff Alvarez' Motion quotes Dr. Grossbard's relevant testimony on the subject. Plaintiff Alvarez' Motion to Exclude Dr. Grossbard's Testimony at pp. 2-6. While Monsanto may not like Dr. Smith's or Dr. Andreadis' specific causation opinions, Monsanto's own expert, Dr. Grossbard, agreed in deposition with Dr. Smith's and Dr. Andreadis' conclusions that Mr. Alvarez had no other causative risk factors for NHL. Monsanto can say whatever it wants about Dr. Grossbard's opinions, but if he agrees that a differential etiology does not show other causative risk factors for Mr. Alvarez' NHL (an opinion that Alvarez has no problem with, and no objection to) but he still concludes that Roundup cannot cause NHL regardless of the findings of the differential etiology, Monsanto is doing nothing more than sneaking in its general causation opinion that Roundup does not cause NHL into the specific causation portion of the Alvarez case.

What Monsanto wants to do should not be allowed. However, if it is allowed, then Plaintiff Alvarez should be entitled to offer specific causation opinions during the general causation stage

of the case and the case should not be bifurcated. If Monsanto is allowed to do what it proposes, then fairness dictates that both the Plaintiff and Defendant be allowed to offer general and specific causation testimony throughout the trial.

Dated this 3rd day of January, 2020.

Respectfully Submitted,

*/s/ David J. Diamond*
David J. Diamond (AZ: 010842)
Goldberg & Osborne LLP
698 E. Wetmore Road, Suite 200
Tucson, AZ 85705
Tel: (520) 620-3975
Fax: (520) 620-3991
ddiamond@goldbergandosborne.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, David J. Diamond, hereby certify that on January 3, 2020, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

*/s/ David J. Diamond*
David J. Diamond