# EXHIBIT A

**David Diamond**

| | |
|---|---|
| **From:** | Slonim, Bert L. <Bert.Slonim@arnoldporter.com> |
| **Sent:** | Friday, December 13, 2019 3:47 PM |
| **To:** | David Diamond |
| **Cc:** | Podsiadlo, Kathryn; Levine, Aaron H.; Kathy Hampton |
| **Subject:** | RE: Alvarez:  Plaintiff's Motion to Exclude Dr. Grossbard Testimony |

Hi David.  Based on your email, I understand that you will not withdraw the motion.

---

Bert L. Slonim
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.8897 | F: +1 212.836.6497
Bert.Slonim@arnoldporter.com | www.arnoldporter.com

**From:** David Diamond <ddiamond@goldbergandosborne.com>
**Sent:** Friday, December 13, 2019 5:39 PM
**To:** Slonim, Bert L. <Bert.Slonim@arnoldporter.com>
**Cc:** Podsiadlo, Kathryn <Kathryn.Podsiadlo@arnoldporter.com>; Levine, Aaron H. <Aaron.Levine@arnoldporter.com>;
Kathy Hampton <khampton@1800theeagle.com>
**Subject:** Re: Alvarez: Plaintiff's Motion to Exclude Dr. Grossbard Testimony

External E-mail

Bert,

I read the parties' September 27, 2019 joint briefing of the issue. Based upon that and the plain language of
PTO 180, I disagree with your analysis. As I mentioned previously, I read PTO 180 to say the Court was not
limiting Monsanto in Wave One cases to the same general causation experts Monsanto listed in the Bellwether
cases. That is not the issue we have here regarding Dr. Grossbard. Naturally, if you have additional information
that you think I should consider, please let me know what it is and I will do so.

Also, because I was not sure what you meant by your response to my question about whether Monsanto listed
Dr. Grossbard as a general causation expert, I looked at Monsanto's October 25, 2019 disclosure of general
causation experts. I did not see Dr. Grossbard's name. Did I miss it?

David J. Diamond
Sent from my iPad

> On Dec 13, 2019, at 1:29 PM, Slonim, Bert L. <Bert.Slonim@arnoldporter.com> wrote:
>
> David,

Your argument was adjudicated by the parties and was rejected by the Court in PTO 180. Accordingly, please confirm that you will withdraw your motion by the close of business today.

In the event you fail to do so and you burden defendants with having to re-litigate a matter that has already been resolved, we may seek sanctions.

Bert

---

Bert L. Slonim
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.8897 | F: +1 212.836.6497
Bert.Slonim@arnoldporter.com | www.arnoldporter.com

**From:** David Diamond <ddiamond@goldbergandosborne.com>
**Sent:** Friday, December 13, 2019 3:16 PM
**To:** Slonim, Bert L. <Bert.Slonim@arnoldporter.com>
**Cc:** Podsiadlo, Kathryn <Kathryn.Podsiadlo@arnoldporter.com>; Levine, Aaron H. <Aaron.Levine@arnoldporter.com>; Kathy Hampton <khampton@1800theeagle.com>
**Subject:** Re: Alvarez: Plaintiff's Motion to Exclude Dr. Grossbard Testimony

External E-mail

Bert,

I may be getting confused between the court's Bellwether and Wave One rulings but I read PTO 180 to mean that Monsanto is not limited to the same GC experts in the Wave One cases that it used in the Bellwether cases. I do not read PTO 180 to mean that Judge Chhabria will allow Monsanto to use a specific causation expert that has no relevant opinion concerning Mr. Alvarez other than

Roundup does not cause NHL, to testify to that general causation opinion.

I'm happy to discuss this matter further with you. I can best be reached at 520-909-0909.

David J. Diamond
Sent from my iPad

> On Dec 13, 2019, at 12:30 PM, Slonim, Bert L.
> <Bert.Slonim@arnoldporter.com> wrote:

Hi David.

Dr. Grossbard has submitted an expert report that complies with Fed. R. Civ. P. 26 and the Court's Orders in this matter.  His expert report sets forth his opinions and bases therefore, including general and specific causation.

Bert

---

Bert L. Slonim
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.8897 | F: +1 212.836.6497
Bert.Slonim@arnoldporter.com | www.arnoldporter.com

**From:** David Diamond <ddiamond@goldbergandosborne.com>
**Sent:** Friday, December 13, 2019 1:57 PM
**To:** Slonim, Bert L. <Bert.Slonim@arnoldporter.com>
**Cc:** Podsiadlo, Kathryn <Kathryn.Podsiadlo@arnoldporter.com>; Levine, Aaron H. <Aaron.Levine@arnoldporter.com>; Kathy Hampton <khampton@1800theeagle.com>
**Subject:** Re: Alvarez: Plaintiff's Motion to Exclude Dr. Grossbard Testimony

External E-mail

Bert

Are you saying that Dr. Grossbard has been listed by Monsanto as its general causation and specific causation expert for the Alvarez matter?  Please let me know as if that is the case I was only aware of his specific causation report.

Dave

Sent from my iPad

> On Dec 12, 2019, at 1:05 PM, Slonim, Bert L. <Bert.Slonim@arnoldporter.com> wrote:
>
> Hi David.
>
> I am in receipt of your motion, filed on December 10, 2019, which seeks to exclude Dr. Michael Grossbard's opinion testimony on the following ground:  "Dr. Grossbard's opinion regarding Mr. Alvarez is a general causation opinion disguised as a specific causation opinion. If Monsanto wants to challenge general causation, then it must do so via its general causation experts."  (P. Br. at 7)
>
> A review of Dr. Grossbard's expert report in the Alvarez case demonstrates you have mischaracterized Dr. Grossbard's opinions.  But we do not need to debate that because, in any event, the Court has already decided the issue and expressly rejected the precise argument made in your motion.  The Court ruled that defendants' experts proffered in Wave 1 cases may testify about general causation.  Thus, PTO 180, dated October 7, 2019, holds that "the parties are **not limited** – in Giglio's case or **any other Wave 1 case – to the**

4

**general-causation experts called during the Daubert proceedings in 2017.** That limitation was intended to apply only to the bellwether cases." (Emphasis added.) A copy of PTO 180 is attached.

Accordingly, we request that you withdraw motion so that defendants and the Court are not burdened with having to address a matter which the Court has already resolved.

Please let me know promptly, no later than the close of business on December 13, 2013.

Bert

Bert L. Slonim
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.8897 | F: +1 212.836.6497
Bert.Slonim@arnoldporter.com | www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com
&lt;PTO 180.pdf&gt;

THE INFORMATION CONTAINED IN THIS EMAIL COMMUNICATION IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENT NAMED ABOVE. This message may be an Attorney-Client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error, and that your review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this transmission in error, please destroy this transmission and notify us immediately by telephone and/or reply email.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com