**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:    202-847-4030
Fax:    202-847-4005

**ARNOLD & PORTER KAYE SCHOLER**
William Hoffman (*pro hac vice*)
(William.Hoffman@arnoldporter.com)
601 Massachusetts Avenue, N.W.
Washington, DC 20001
Tel: 202-942-6915
Fax: 202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| *Armando Vargas Chavez v. Monsanto Co., et al.*, 3:18-cv-04855 | **MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF ARMANDO VARGAS CHAVEZ'S MOTION TO AMEND EXPERT WITNESS DISCLOSURE** |

**INTRODUCTION**

Two and a half months after the deadline to identify expert testimony necessary to connect his extremely rare form of cancer to his use of Roundup, Plaintiff Armando Vargas Chavez has still not found a paid expert willing to do so. The motion currently pending before the Court—Plaintiff's Motion to Amend Expert Witness Disclosures—is yet another attempt to forestall the dismissal of Mr. Chavez's case for lack of expert testimony. Mr. Chavez has not shown, or even alleged, the good cause required to excuse his serial delays. Simply put, Mr. Chavez has shown a consistent lack of diligence in designating a specific cause expert and in seeking leave to amend the scheduling order. Granting the motion would disrupt the Court's carefully considered case management order, reward plaintiff's delinquency, and send a signal to the hundreds of other pending cases that this Court's deadlines can be ignored with impunity.

**BACKGROUND**

As more fully laid out in Monsanto's Motion for Summary Judgment, Mr. Chavez is a Wave One Plaintiff living in California who has been diagnosed with hairy cell leukemia. *See* Def.'s Mot. SJ, at 1 (Dkts. 25-3, 25-4). Mr. Chavez asserts he was exposed to Roundup while performing maintenance work at Hiji Brothers, a farm near Oxnard, California, from approximately 2004 to 2016. *Id.* at 1-2.

On October 9, 2019, Mr. Chavez served Monsanto with his plaintiff's specific expert witness designations. Def.'s Mot. SJ Ex. 4 (Dkt. 19-5). Co-lead plaintiffs' counsel for the MDL separately served plaintiffs' general causation expert disclosures on October 4, 2019. Def.'s Mot. SJ Ex. 5 (Dkt. 19-6). Mr. Chavez designated just two expert witnesses. First, Mr. Chavez disclosed Dr. Hao Wang, his treating oncologist, as a non-retained expert. Def.'s Mot. SJ Ex. 4, at 3 (Dkt. 19-5). Second, Mr. Chavez disclosed Jennifer Craigmyle, a registered nurse, as a retained expert who will testify to his "potential for life care needs and costs associated therewith." *Id.*

On November 20, 2019, Monsanto moved for summary judgment on the ground that Mr. Chavez failed to disclose a specific causation expert. Dkts. 19, 25-3. On December 10, 2019—the day his opposition was due—Mr. Chavez filed a motion for extension of time until December 24,

2019, to respond to the motion for summary judgment.[1] Dkt. 22. The Court denied the motion, Dkt. 24, and Mr. Chavez never filed an opposition to the summary judgment motion. Instead, on December 23, 2019, Mr. Chavez filed the current motion to amend his expert witness disclosures. Dkt. 26. In this motion, Mr. Chavez seeks an unspecified amount of time "to have testing done and to designate an oncologist who can provide additional opinions as to specific causation of Mr. Chavez's Harry [sic] Cell Leukemia." Mot. at 2 (Dkt. 26).

## LEGAL STANDARD

Mr. Chavez must show "good cause" to amend his expert disclosures outside of the time permitted in the Court's scheduling order. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Specifically, a district court may only modify a pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "[T]he existence or degree of prejudice" is only a secondary consideration. *Id.* "If [the moving] party was not diligent, the inquiry should end." *Id.*

## ARGUMENT

**I.  Mr. Chavez Has Not Alleged Diligence and His Actions Show He Has Not Acted Diligently.**

Absent from Mr. Chavez's motion to amend is any allegation that Mr. Chavez was diligent in seeking to meet his expert disclosure obligations or in seeking to amend the scheduling order. *See generally* Mot. at 2 (Dkt. 26). Rather, Mr. Chavez motion only asserts that Monsanto "would not be prejudiced by a short extension of time provided to Plaintiff to seek another specific causation expert." *Id.* But the lack of diligence demonstrates prejudice to Monsanto because it deprives Monsanto of finality on this case. Indeed, Mr. Chavez's actions in this case show Mr. Chavez has repeatedly been derelict in meeting his obligations to designate a specific cause expert and in seeking to amend the

---

[1] Counsel for Mr. Chavez did not contact counsel for Monsanto regarding the requested extension until December 10, 2019—the day his opposition brief was due. Monsanto agreed to not to oppose this request through a proposed stipulation.

scheduling order.

To begin with, Mr. Chavez's initial expert designations were late. Pursuant to PTO 171, plaintiffs in Wave One had until October 4, 2019, to serve their expert reports. Mr. Chavez did not serve his plaintiff specific expert designations until October 9, 2019. Def.'s Mot. SJ Ex. 4 (Dkt. 19-5). While this transgression might otherwise warrant the Court's indulgence, Mr. Chavez then failed to respond to Monsanto's motion for summary judgment. Rather, the day his opposition was due, Mr. Chavez sought an extension of time to respond. Dkt. 22. Although Monsanto stipulated to the requested extension, Mr. Chavez failed to allege good cause for an extension or otherwise demonstrate his diligence. *See id.* Finally, Plaintiff did not move until December 23—more than a month after Monsanto moved for summary judgment and two and a half months after his expert designations were due—to amend the scheduling order. Dkt. 26. He has yet to lodge a substantive response to the summary judgment motion or otherwise offer an affidavit under Rule 56(d) justifying his nonresponse.

Mr. Chavez's lack of diligence is punctuated by his failure to disclose a specific cause expert at any point in this process or to even identify a specific cause expert that he intends to disclose. This requirement is a basic and necessary element of Mr. Chavez's case: This Court has made clear that each plaintiff "must present at least one admissible expert opinion to support [his] specific causation argument." *In re Roundup Prods. Liab. Litig.*, 358 F. Supp. 3d 956, 957 (N.D. Cal. 2019); *see also* Def.'s Mot. SJ at 3-4 (Dkts. 25-3, 25-4).

Mr. Chavez claims he "initially designated his oncologist, Dr. Hao Wang, as a non-retained specific causation expert." Mot. at 2 (Dkt. 26). Mr. Chavez's expert designations betray the accuracy of this assertion. It reads as follows:

> Dr. Wang was Plaintiffs' treating oncologist and *will testify on issues related to Plaintiff's cancer treatment*. Other than medical records which have already been produced Plaintiff does not have any records or reports from this expert.

Def.'s Mot. SJ Ex. 4, at 3 (Dkt. 19-5). This disclosure expressly indicated Dr. Wang will testify regarding Mr. Chavez's cancer treatment, not about the *cause* of Mr. Chavez's cancer. Moreover, Dr. Wang never drafted a specific cause expert report for this case and made clear at his deposition

that he was not offering an opinion as to the cause of Mr. Chavez's cancer. In fact, Dr. Wang did not know until his deposition on October 28, 2019, that Mr. Chavez was alleging that Roundup caused his hairy cell leukemia. Def.'s Mot. SJ Ex. 3 (Dkts. 25-9, 25-10), Wang Dep. at 5:20-24. At his deposition, Dr. Wang testified that he has not "come to any conclusion about the causes of hairy cell leukemia" in general or the cause of Mr. Chavez's hairy cell leukemia in particular. *Id.* at 16:11-14. He also testified that has never told any patient, much less Mr. Chavez, that anything in particular caused their NHL, including glyphosate or Roundup. *Id.* at 32:15-25. Importantly, Dr. Wang would not reach such conclusions because determining the cause of cancer is "outside the scope of [his] practice area and expertise." *Id.* at 16:15-17. Dr. Wang also has never assessed Mr. Chavez's exposure to Roundup and whether it was sufficient to cause Mr. Chavez's hairy cell leukemia, a necessary element to any specific cause opinion in this litigation. *See In re Roundup Prods. Liab. Litig.*, 358 F. Supp. 3d at 960. In short, Mr. Chavez has not designated Dr. Wang as a specific cause expert, Dr. Wang has not conducted an assessment of the cause of Mr. Chavez's cancer, and Dr. Wang is not qualified to do so.

In his latest motion, Mr. Chavez still has not identified a specific cause expert that he intends to disclose. Rather he seeks an unspecified amount of time to "have testing done and to designate an oncologist who can provide additional opinions as to specific causation of Mr. Chavez's Harry [sic] Cell Leukemia." Mot. at 2 (Dkt. 26). Mr. Chavez has not specified what "testing" he needs to complete or who he plans to designate as a specific cause expert. He also has not stated how much additional time he needs to complete these tasks. If Mr. Chavez were diligent, he would have already identified a specific cause expert and submitted a proposed amended expert disclosure with his motion.

**II.    Granting Mr. Chavez Leave to Amend Will Reward Mr. Chavez's Neglectful Conduct and Interfere With the Court's Efficient Management of this MDL.**

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (internal quotation marks and citations omitted). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.*

1  Adherence to the scheduling order is particularly important in this MDL, where the Court and the
2  parties have hundreds of cases to manage, and where it is an essential goal of the process to weed out
3  cases which cannot proceed on the merits.
4      As outlined above, Mr. Chavez has repeatedly missed deadlines and shown a complete
5  disregard for the scheduling orders issued by this Court.  Granting Mr. Chavez leave to supplement
6  his case would reward his lack of diligence and give each plaintiff in this MDL permission to flout
7  the Court's well-considered procedure for processing the remaining cases in an orderly and efficient
8  fashion.  Mr. Chavez asserts he would be willing to have his case "designated as a Wave 2 matter."
9  Mot. at 3 (Dkt. 26).  This proposed solution does not serve or even acknowledge the purpose of the
10 wave designations in this MDL.  In service of judicial economy and efficiency, the Court is
11 considering all California cases at the same time because they are all governed by the same state law.
12 To designate Mr. Chavez's case as a "Wave 2 matter" would thus undermine this system and set a
13 precedent of moving plaintiff's cases to new groups when they cannot prove up their cases in time,
14 and dilute Monsanto's resources dedicated to Wave Two cases.

## **CONCLUSION**

16   For the reasons stated above, the Court should deny Mr. Chavez's Motion to Amend his Expert
17 Witness Disclosures.

| | |
|---|---|
| DATED: _January 6, 2020 | Respectfully submitted, |
| | */s/ Michael X. Imbroscio*_____ |
| | Michael X. Imbroscio (*pro hac vice*) |
| | (mimbroscio@cov.com) |
| | COVINGTON & BURLING LLP |
| | One City Center |
| | 850 10th St. NW |
| | Washington, DC 20001 |
| | Tel: 202-662-6000 |
| | |
| | Brian L. Stekloff (*pro hac vice*) |
| | (bstekloff@wilkinsonwalsh.com) |
| | Rakesh Kilaru (*pro hac vice*) |
| | (rkilaru@wilkinsonwalsh.com) |
| | WILKINSON WALSH + ESKOVITZ LLP |
| | 2001 M St. NW |
| | 10th Floor |
| | Washington, DC 20036 |
| | Tel:    202-847-4030 |
| | Fax:    202-847-4005 |
| | |
| | William Hoffman (*pro hac vice*) |
| | (William.Hoffman@arnoldporter.com) |
| | ARNOLD & PORTER KAYE SCHOLER |
| | 601 Massachusetts Avenue, N.W. |
| | Washington, DC 20001 |
| | Tel: 202-942-6915 |
| | Fax: 202-942-5999 |
| | |
| | Eric G. Lasker (*pro hac vice*) |
| | (elasker@hollingsworthllp.com) |
| | HOLLINGSWORTH LLP |
| | 1350 I St. NW |
| | Washington, DC 20005 |
| | Tel: 202-898-5843 |
| | Fax: 202-682-1639 |
| | |
| | *Attorneys for Defendant* |
| | *MONSANTO COMPANY* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6 day of January, 2020, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

*/s/ Michael X. Imbroscio*