**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
E-Mail:      jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Richard Perilman. v. Monsanto Co.*, Case No. 3:19-cv-08446-VC | |

### <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1. Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs.  The allegations in second sentence of paragraph 1 comprise attorney characterizations and are accordingly denied.  Monsanto denies the remaining allegations in paragraph 1.

2. Monsanto admits the allegations in the first and second sentences of paragraph 2. Monsanto also admits that glyphosate was one of the world's most widely used herbicides in

2013, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 2 and therefore denies those allegations.

3.     In response to the allegations in paragraph 3, Monsanto admits that the World Health Organization's International Agency for Research on Cancer ("IARC") issued a monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate under Group 2A, but denies that the IARC Monograph is the authoritative standard for cancer hazard assessment around the world or that IARC based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.  In response to the allegations in the final sentence of paragraph 3, Monsanto admits that the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the weight or quality of the evidence considered by IARC.  Monsanto further states that this decision was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to pose a cancer hazard to humans."  Monsanto contends that OEHHA's decision that it was required to list glyphosate violates the United States Constitution and the California Constitution; Monsanto is involved in litigation (at the trial court level and on appeal) to block OEHHA's action.  The remaining allegations in paragraph 3 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the remaining allegations in paragraph 3.

4.     In response to the allegations in the first sentence of paragraph 4, Monsanto admits that it has stated, and continues to state, that Roundup®-branded products are safe when

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08446-VC

used in accordance with the products' labeling.  Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®- branded products can cause cancer or other serious illnesses.  Monsanto denies the remaining allegations in paragraph 4.

5.     The allegations in paragraph 5 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 5 based upon the allegations in plaintiffs' Complaint.

6.     Monsanto admits the allegations in paragraph 6.

7.     The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  In response to the second sentence of paragraph 7, Monsanto admits that it sells Roundup®-branded products in Missouri.  In response to the allegations in the final sentence of paragraph 8, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

8.     In response to the allegations in the first and second sentences of paragraph 8, Monsanto admits that it is a Delaware corporation with its headquarters and its principal place of business in St. Louis, Missouri and that it conducts business throughout the United States.  In response to the allegations in the last sentence of paragraph 8, Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

9.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies those allegations.

10.     In response to the allegations in paragraph 10, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 10.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08446-VC

11.     In response to the allegations in the first sentence of paragraph 11, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in the first sentence of paragraph 11 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to their truth and therefore denies them.  In response to the allegations in the second and third sentences of paragraph 11, Monsanto admits that plants treated with glyphosate translocate the systemic herbicide to their roots, shoot regions and fruit, where it interferes with the plants' ability to form aromatic amino acids necessary for protein synthesis.   Monsanto denies the allegations in the fourth sentence of paragraph 11 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  Monsanto denies the allegations in the fifth sentence of paragraph 11 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

12.     Monsanto admits the allegations in the first sentence of paragraph 12 and admits that at all relevant times it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  Monsanto denies the remaining allegations in paragraph 12.

13.     Monsanto admits the allegations in paragraph 13.

14.     In response to the allegations in paragraph 14, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 14 set forth conclusions of law for which no response is required.

15.     The allegations in paragraph 15 set forth conclusions of law for which no response is required.

16.     In response to the allegations in paragraph 16, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and

environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the tests" in the final sentence of paragraph 16 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 16 set forth conclusions of law for which no response is required.

17.     Monsanto denies the allegations in paragraph 17 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 regarding such pesticide products generally.  The remaining allegations in paragraph 17 set forth conclusions of law for which no response is required.

18.     In response to the allegations in paragraph 18, Monsanto admits that EPA has undertaken a review of glyphosate for purposes of regulatory review and that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08446-VC

the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report, specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20.

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies those allegations.

19.    In response to the allegations in paragraph 19, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety. Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08446-VC

remaining allegations in paragraph 19 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

20.     In response to the allegations in paragraph 20, Monsanto admits that, following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 20 and accordingly denies those allegations.  The remaining allegations in paragraph 20 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

21.     In response to the allegations in paragraph 21, Monsanto admits that glyphosate-containing products are one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 21 and accordingly denies the same.  The remaining allegations in paragraph 21 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

22.     In response to the allegations in paragraph 22, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 22, which are not limited as of any specified date, and accordingly denies the same.

23.     In response to the allegations in paragraph 23, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.  Monsanto denies the remaining allegations in paragraph 23.

24.     Monsanto denies any suggestion that IARC reviewed the full body of all scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form

a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies those allegations.

25.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies those allegations.

26.     Monsanto denies the allegations in paragraph 26 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

27.     In response to the allegations in paragraph 27, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working group are "experts."  Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 27.

28.     In response to the allegations in paragraph 28, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge

sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

29.     The allegations in paragraph 29 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

30.     In response to the allegations in paragraph 30, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 30 are denied.

31.     In response to the allegations in paragraph 31, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

32.     In response to the allegations in paragraph 32, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent that the allegations in paragraph 32 purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves.

33.     In response to the allegations in paragraph 33, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have

1    reviewed the same animal studies and concluded that they do not provide evidence that

2    glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 33.

3         34.    In response to the allegations in paragraph 34, Monsanto admits that the working

4    group cited to a study that it concluded provided evidence of chromosomal damage in

5    community residents reported to be exposed to glyphosate, but Monsanto denies that the study

6    supports such a conclusion or that the authors of the study reached such a conclusion.

7         35.    In response to the allegations in the first sentence of paragraph 35, Monsanto

8    admits that certain studies have reported that glyphosate and glyphosate-based formulations

9    induced oxidative stress under artificial experimental conditions.  Monsanto denies that these

10   studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce

11   oxidative stress in humans or animals under real-world exposure conditions.  In response to the

12   allegations in the second sentence of paragraph 35, Monsanto states that the cited document

13   speaks for itself and does not require a response.  In response to the allegations in the final

14   sentence of paragraph 35, Monsanto denies that any exposure to glyphosate based herbicides or

15   Roundup®-branded products can cause cancer or other serious illnesses.  Monsanto denies the

16   remaining allegations in paragraph 35.

17        36.    In response to the allegations in paragraph 36, Monsanto admits that the IARC

18   working group purported to make these findings, but denies that the cited studies provide any

19   reliable basis for finding that any meaningful levels of glyphosate or AMPA are present or

20   persist in human blood or urine.  Monsanto denies the remaining allegations in paragraph 36.

21        37.    In response to the allegations in paragraph 37, Monsanto admits that the working

22   group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but

23   denies that the working group characterized that study as supporting an association between

23   glyphosate and the specified cancers.  The AHS cohort study did not find a positive association

24   between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph

25   37.

26

27

38.      In response to the allegations in paragraph 38, Monsanto admits that the referenced studies were published, but denies that the studies show any scientifically reliable findings.

39.      In response to the allegations in paragraph 39, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer. The remaining allegations in paragraph 39 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

40.      In response to the allegations in paragraph 40, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 40 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

41.      Monsanto denies the allegations in paragraph 41.

42.      In response to the allegations in paragraph 42, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 42.

43.      In response to the allegations in paragraph 43, Monsanto admits that the California OEHHA decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role or consideration of the weight or quality of the evidence considered by IARC. Monsanto further states that this decision was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to

- 11 -

1    OEHHA's own conclusion in 2007, based upon its own independent evaluation of the same

2    scientific evidence, that glyphosate is "unlikely to pose a cancer hazard to humans."  Monsanto

3    contends that OEHHA's decision that it was required to list glyphosate violates the United States

4    Constitution and the California Constitution; Monsanto is involved in litigation (at the trial court

5    level and on appeal) to block OEHHA's action.  The remaining allegations in paragraph 43 set

6    forth conclusions of law for which no response is required.

7            44.     In response to the allegations in paragraph 44, Monsanto admits that the IARC

8    working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

9    discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

10   based herbicides, including the Netherlands, France, Bermuda, and Columbia, but denies that

11   there is any scientific basis for the concerns raised by the improper IARC classification.

12   Monsanto denies the remaining allegations in paragraph 44.

13           45.     Monsanto denies the allegations in paragraph 45.

14           46.     Monsanto denies the allegations in paragraph 46.

15           47.     Monsanto denies the allegations in paragraph 47.

16           48.     Monsanto denies the allegations in paragraph 48.

17           49.     Monsanto denies the allegations in paragraph 49.

18           50.     Monsanto denies the allegations in paragraph 50.

19           51.     Monsanto admits that independent experts and regulatory agencies agree that

20   there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

21   products and admits that it has made statements reflecting this fact.  Monsanto denies the

22   remaining allegations in paragraph 51.

23           52.     Monsanto denies the allegations in paragraph 52.

23           53.     In response to the allegations in paragraph 53, Monsanto admits that the

24   Complaint accurately quotes from the identified document, which should be read in context of

25   EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not

26   pose any cancer risk to humans.

27

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08446-VC

1    54.    Monsanto denies the allegations in paragraph 54.

2    55.    Monsanto denies the allegations in paragraph 55.

3    56.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 56 and therefore denies those allegations.

5    57.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 57 and therefore denies those allegations.

7    58.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 58 and therefore denies those allegations.

9    59.    Monsanto denies that any exposure to Roundup®-branded products can cause

10   NHL and other serious illnesses and therefore denies those allegations in paragraph 59.

11   Monsanto states, however, that the scientific studies upon which IARC purported to base its

12   evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks

13   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

14   in paragraph 59 and therefore denies those allegations.

15   60.    Monsanto denies that any exposure to Roundup®-branded products can cause

16   NHL and other serious illnesses and therefore denies those allegations in paragraph 60.

17   Monsanto states, however, that the scientific studies upon which IARC purported to base its

18   evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks

19   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

20   in paragraph 60 and therefore denies those allegations.

21   61.    Monsanto denies that any exposure to Roundup®-branded products can cause

22   NHL and other serious illnesses and therefore denies those allegations in paragraph 61.

23   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

23   remaining allegations in the first and second sentences of paragraph 61 and therefore denies

24   those allegations.  The remaining allegations in paragraph 61 set forth conclusions of law for

25   which no response is required.

26

27

62.     The allegations in the first sentence of paragraph 62 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 62.

63.     Monsanto denies the allegations in the first and second sentences of paragraph 63. The remaining allegations in paragraph 63 set forth conclusions of law for which no response is required.

64.     Monsanto denies the allegations in paragraph 64.

65.     Monsanto denies the allegations in paragraph 65.

66.     Monsanto incorporates by reference its responses to paragraphs 1 through 65 in response to paragraph 66 of plaintiff's Complaint.

67.     The allegations in paragraph 67 set forth conclusions of law for which no response is required.

68.     Monsanto denies the allegations in paragraph 68.

69.     Monsanto denies the allegations in paragraph 69, including each of its subparts.

70.     Monsanto denies the allegations in paragraph 70.

71.     Monsanto denies the allegations in paragraph 71.

72.     Monsanto denies the allegations in paragraph 72, including each of its subparts.

73.     Monsanto denies the allegations in paragraph 73.

74.     Monsanto denies the allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     Monsanto denies the allegations in paragraph 76.

In response to the "WHEREFORE" paragraph following paragraph 76, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

77.     Monsanto incorporates by reference its responses to paragraphs 1 through 76 in response to paragraph 77 of plaintiff's Complaint.

78.     In response to the allegations in paragraph 78, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 78.

79.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 79 and therefore denies those allegations.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83, including each of its subparts.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies that Roundup®-branded products have "dangerous characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 85 and therefore denies those allegations.

86.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 86 and therefore denies those allegations.

87.     Monsanto denies the allegations in paragraph 87.

88.     The allegations in paragraph 88 set forth conclusions of law for which no response is required.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

1

97.     Monsanto denies the allegations in paragraph 97.

2

98.     Monsanto denies the allegations in paragraph 98.

3

In response to the "WHEREFORE" paragraph following paragraph 98, Monsanto

4

demands that judgment be entered in its favor and against plaintiff; that plaintiff's

5

Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

6

reasonable attorney's fees as allowed by law and such further and additional relief as this

7

Court may deem just and proper.

8

99.     Monsanto incorporates by reference its responses to paragraphs 1 through 98 in

9

response to paragraph 99 of plaintiff's Complaint.

10

100.    The allegations in paragraph 100 set forth conclusions of law for which no

11

response is required.

12

101.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13

truth of the allegations in paragraph 101 and therefore denies those allegations.

14

102.    Monsanto denies the allegations in paragraph 102. All labeling of Roundup®-

15

branded products has been and remains EPA-approved and in compliance with all federal

16

requirements under FIFRA.

17

103.    Monsanto denies the allegations in paragraph 103.

18

104.    Monsanto denies the allegations in paragraph 104. All labeling of Roundup®-

19

branded products has been and remains EPA-approved and in compliance with all federal

20

requirements under FIFRA.

21

105.    Monsanto denies the allegations in paragraph 105. All labeling of Roundup®-

22

branded products has been and remains EPA-approved and in compliance with all federal

23

requirements under FIFRA and with Florida law.

23

106.    Monsanto denies the allegations in paragraph 106.

24

107.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25

truth of the allegations regarding plaintiff's use history in paragraph 107 and therefore denies

26

those allegations.  Monsanto denies the remaining allegations in paragraph 107.

27

- 16 -

108.     The allegations in paragraph 108 set forth conclusions of law for which no response is required.

109.     Monsanto denies the allegations in paragraph 109.

110.     Monsanto denies the allegations in paragraph 110.

111.     Monsanto denies the allegations in paragraph 111.

112.     Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 112.

113.     The allegations in paragraph 113 set forth conclusions of law for which no response is required.

114.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore denies those allegations.

115.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 115 regarding plaintiff's actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 115.

116.     Monsanto denies the allegations in paragraph 116.

117.     Monsanto denies the allegations in paragraph 117.

118.     Monsanto denies the allegations in paragraph 118.

119.     Monsanto denies the allegations in paragraph 119.

120.     Monsanto denies the allegations in paragraph 120.

In response to the "WHEREFORE" paragraph following paragraph 120, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

121.     Monsanto incorporates by reference its responses to paragraphs 1 through 120 in response to paragraph 121 of plaintiff's Complaint.

122.      Monsanto denies the allegations in paragraph 122.

123.    In response to the allegations in paragraph 123, Monsanto admits that it has sold Roundup®-branded products in accordance with their EPA-approved labeling.  The allegations in paragraph 123 regarding express and implied warranties set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 123.

124.    Monsanto denies the allegations in the first and second sentence of paragraph 124. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence of paragraph 124 sets forth conclusions of law for which no response is required.

125.    The allegations in paragraph 125 set forth conclusions of law for which no response is required.

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto denies the allegations in paragraph 127 and each of its subparts.

128.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 128 and therefore denies those allegations.

129.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 129 regarding plaintiff's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 129.

130.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 130 regarding plaintiff's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 130.

131.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 and therefore denies those allegations.

132.    Monsanto denies the allegations in paragraph 132.

133.    Monsanto denies the allegations in paragraph 133.

134.    Monsanto incorporates by reference its responses to paragraphs 1 through 133 in response to paragraph 134 of plaintiff's Complaint.

135.    Monsanto denies the allegations in paragraph 135.

1    136.    In response to the allegations in paragraph 136, Monsanto admits that it has sold

2 Roundup®-branded products in accordance with their EPA-approved labeling.  The allegations

3 in paragraph 136 regarding express and implied warranties set forth conclusions of law for

4 which no response is required.  Monsanto denies the remaining allegations in paragraph 136.

5    137.    Monsanto denies the allegations in the first and second sentence of paragraph 137.

6 All labeling of Roundup®-branded products has been and remains EPA-approved and in

7 compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

8 of paragraph 137 sets forth conclusions of law for which no response is required.

9    138.    The allegations in paragraph 138 set forth conclusions of law for which no

10 response is required.

11    139.    Monsanto denies the allegations in paragraph 139.

12    140.    Monsanto denies the allegations in paragraph 140 and each of its subparts.

13    141.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14 truth of the allegations in paragraph 141 and therefore denies those allegations.

15    142.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16 truth of the allegations in paragraph 142 regarding plaintiff's knowledge and therefore denies

17 those allegations.  Monsanto denies the remaining allegations in paragraph 142.

18    143.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19 truth of the allegations in paragraph 143 regarding plaintiff's knowledge and therefore denies

20 those allegations.  Monsanto denies the remaining allegations in paragraph 143.

21    144.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22 truth of the allegations in paragraph 144 and therefore denies those allegations.

23    145.    Monsanto denies the allegations in paragraph 145.

23    146.    Monsanto denies the allegations in paragraph 146.

24    147.    Monsanto denies the allegations in paragraph 147.

25    In response to the "WHEREFORE" paragraph following paragraph 147, Monsanto

26 demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

27

dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

148.    Monsanto incorporates by reference its responses to paragraphs 1 through 147 in response to paragraph 148 of plaintiff's Complaint.

149.    Monsanto denies the allegations in paragraph 149.

150.    Monsanto denies the allegations in paragraph 150.

151.    Monsanto denies the allegations in paragraph 151.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies the allegations in paragraph 154.

155.    Monsanto denies the allegations in paragraph 155.

156.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 156 regarding plaintiff's actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 156.

157.    Monsanto denies the allegations in paragraph 157.

158.    Monsanto denies the allegations in paragraph 158.

In response to the "WHEREFORE" paragraph following paragraph 158, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

1

**SEPARATE AND AFFIRMATIVE DEFENSES**

2      1.      The Complaint, in whole or part, fails to state a claim or cause of action upon

3  which relief can be granted.

4      2.      Plaintiff's claims are barred because plaintiffs cannot proffer any scientifically

5  reliable evidence that the products at issue were defective or unreasonably dangerous.

6      3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted,

7  was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

8  plaintiff's alleged injuries.

9      4.      Plaintiff's claims are barred, in whole or in part, because the products at issue

10  were designed, manufactured, marketed and labeled with proper warnings, information, cautions

11  and instructions, in accordance with the state of the art and the state of scientific and

12  technological knowledge.

13      5.      Plaintiff's claims are barred, in whole or in part, because the products at issue

14  were not defective or unreasonably dangerous in that they complied with, at all relevant times,

15  all applicable government safety standards.

16      6.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law

17  relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

18  processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

19      7.      Any claims based on allegations that Monsanto misled, defrauded, made

20  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

21  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

22  *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

23      8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

23  findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

24  product labeling.

25      9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary

26  jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

27

- 21 -

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

16.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.     Plaintiff's claims for punitive, treble, and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Ohio Constitution, and/or other applicable state constitutions.

18.     Plaintiff's claims for punitive, exemplary, and/or treble damages are barred

because plaintiff has failed to allege conduct warranting imposition of such damages under Ohio law, and/or other applicable state laws.

19.     Plaintiff's claims for punitive, exemplary, and/or treble damages are barred and/or limited by operation of state and/or federal law, including Ohio Rev. Code Ann. § 2315.21.

20.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

22.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

23.     To the extent that plaintiff recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

24.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a Monsanto product.

25.     Plaintiff's claims are barred to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

26.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

27.     Monsanto made no warranties to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

28.     Plaintiffs' common law claims are barred, in whole or part, by application of Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2307.80.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

1    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2    plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

3    such other relief as the Court deems equitable and just.

4                                 **<u>JURY TRIAL DEMAND</u>**

5          Monsanto demands a jury trial on all issues so triable.

6

7    DATED:  January 8, 2020                          Respectfully submitted,

8                                                     /s/ Joe G. Hollingsworth
                                                      Joe G. Hollingsworth (*pro hac vice*)
9                                                     (jhollingsworth@hollingsworthllp.com)
                                                      Eric G. Lasker (*pro hac vice*)
10                                                    (elasker@hollingsworthllp.com)
                                                      HOLLINGSWORTH LLP
11                                                    1350 I Street, N.W.
                                                      Washington, DC  20005
12                                                    Telephone:   (202) 898-5800
                                                      Facsimile:   (202) 682-1639
13
                                                      *Attorneys for Defendant*
14                                                    MONSANTO COMPANY

15

16

17

18

19

20

21

22

23

23

24

25

26

27

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08446-VC