**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
           elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Mary Ellen Kelly and Robert M. Kelly*<br>*v. Monsanto Co.*,<br>Case No. 3:19-cv-08024-VC | |

**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.     Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.     Monsanto denies the allegations in paragraph 2.

3.     Monsanto denies the allegations in paragraph 3.

4.     The allegations in paragraph 4 comprise attorney characterizations and are

accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

5.      The allegations in paragraph 5 set forth conclusions of law for which no response is required.

6.      Monsanto admits the allegations in paragraph 6.

7.      The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.      The allegations in the first sentence of paragraph 8 set forth conclusions of law for which no response is required.  Monsanto admits the allegations in the second sentence of paragraph 8.  In response to the allegations in the final sentence of paragraph 8, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

9.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 9 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 9.

10.      In response to the final sentence of paragraph 10, Monsanto admits that plaintiff purports to bring a claim for loss of consortium but denies any liability as to that claim. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and therefore denies those allegations.

11.      Monsanto admits the allegations in the first sentence of paragraph 11.  The remaining allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.      In response to the allegations in paragraph 12, Monsanto admits that it sells Roundup®-branded products in Connecticut.

13.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.      The allegations in paragraph 14 are vague and conclusory and comprise attorney

1   characterizations and are accordingly denied.

2       15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney

3   characterizations and are accordingly denied.

4       16.     Monsanto admits the allegations in paragraph 16.

5       17.     Monsanto admits that it is authorized to do business in Connecticut.  The

6   remaining allegations of paragraph 17 are vague and conclusory and comprise attorney

7   characterizations and are accordingly denied.

8       18.     The allegations in paragraph 18 set forth conclusions of law for which no response

9   is required.

10      19.     Monsanto denies the allegations in paragraph 19.

11      20.     Monsanto admits that it has designed, researched, manufactured, tested,

12  advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The

13  remaining allegations in paragraph 20 set forth conclusions of law for which no response is

14  required.

15      21.     Monsanto admits that it is an agricultural biotechnology corporation with a

16  principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its

17  affiliated companies have operations and offices in countries around the world.  Monsanto states

18  that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information

19  or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

20  denies those allegations.

21      22.     Monsanto admits the allegations in paragraph 22.

22      23.     Monsanto admits the allegations in paragraph 23.

23      24.     In response to the allegations in paragraph 24, Monsanto admits that glyphosate is

24  an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

25  paragraph 24 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

26  to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

27      25.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

28  The remaining allegations in paragraph 25 comprise attorney characterizations and are

1  accordingly denied.

2      26.     Monsanto admits the allegations in paragraph 26.

3      27.     Monsanto generally admits the allegations in paragraph 27, but denies the

4  allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants

5  at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

6  the United States Environmental Protection Agency ("EPA").

7      28.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth

8  of the allegations in paragraph 28 and therefore denies those allegations.

9      29.     Monsanto admits that it is the leading producer of seeds that contain the Roundup

10  Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's

11  ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as

12  to the accuracy of the specific numbers and statistics provided in the remaining sentences of

13  paragraph 29 and therefore denies those allegations.  Monsanto denies the remaining allegations

14  in paragraph 29.

15      30.     Monsanto admits the allegations in paragraph 30.

16      31.     Monsanto admits that Roundup®-branded products have been used by farmers for

17  approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

18  properties and denies the remaining allegations in paragraph 31.

19      32.     The allegations in paragraph 32 set forth conclusions of law for which no response

20  is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

21  paragraph 32.

22      33.     In response to the allegations in paragraph 33, Monsanto admits that EPA requires

23  registrants of herbicides to submit extensive data in support of the human health and

24  environmental safety of their products and further admits that EPA will not register or approve

25  the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

26  Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 33 set forth

27  conclusions of law for which no response is required.

28      34.     The allegations in paragraph 34 set forth conclusions of law for which no response

is required.

35.    Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Missouri for sale and distribution.

36.    In response to the allegations in paragraph 36, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 36 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 36 set forth conclusions of law for which no answer is required.

37.    Monsanto denies the allegations in paragraph 37 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 37 set forth conclusions of law for which no response is required.

38.    In response to the allegations in paragraph 38, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08024-VC

1   posted an October 2015 final report by its standing Cancer Assessment Review Committee

2   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

3   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

4   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

5   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

6   humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

7   the remaining allegations in paragraph 38 and therefore denies those allegations.

8          39.   In response to the allegations in paragraph 39, Monsanto admits that the New York

9   Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

10   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

11   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

12   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

13   the subparts purport to quote a document, the document speaks for itself and thus does not require

14   any further answer.  The remaining allegations in paragraph 39 are vague and conclusory and

15   comprise attorney characterizations and are accordingly denied.

16          40.   In response to the allegations in paragraph 40, Monsanto admits it entered into an

17   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

18   itself and thus does not require any further answer.  The remaining allegations in paragraph 40 are

19   vague and conclusory and comprise attorney characterizations and are accordingly denied.

20          41.   Monsanto denies the allegations in paragraph 41.

21          42.   In response to the allegations in paragraph 42, Monsanto admits that the French

22   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

23

24   [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
25   *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.
26
[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of*
27   *Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/
document?D=EPA-HQ-OPP-2016-0385-0528.
28

- 6 -

1    that it "left the soil clean," but denies the allegations in paragraph 42 to the extent that they

2    suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

3    cancer.  Monsanto denies the remaining allegations in paragraph 42.

4            43.     Monsanto denies the allegations in paragraph 43.

5            44.     In response to the allegations in paragraph 44, Monsanto states that the cited

6    document speaks for itself and does not require a response.  To the extent that the allegations in

7    paragraph 44 go beyond a restatement of the cited document, Monsanto lacks information or

8    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44

9    and therefore denies those allegations.

10           45.     Monsanto admits the allegations in paragraph 45.

11           46.     In response to the allegations in paragraph 46, Monsanto states that the cited the

12   document speaks for itself and does not require a response.  To the extent that the allegations in

13   paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or

14   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46

15   and therefore denies those allegations.

16           47.     Monsanto states that the term "toxic" as used in paragraph 47 is vague and

17   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

18   denies the allegations in paragraph 47.

19           48.     Monsanto admits the allegations in paragraph 48.

20           49.     In response to the allegations in paragraph 49, Monsanto states that the document

21   speaks for itself and does not require a response.  To the extent that a response is deemed

22   required, Monsanto denies the allegations in paragraph 49.

23           50.     In response to the allegations in paragraph 50, Monsanto admits that Julie Marc

24   published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

25   the extent that paragraph 50 characterizes the meaning of the cited study, Monsanto denies the

26   remaining allegations in paragraph 50.

27           51.     In response to the allegations in paragraph 51, Monsanto states that these

28   documents speak for themselves and do not require a response.  To the extent that a response is

1   deemed required, Monsanto denies the allegations in paragraph 51.

2       52.     In response to the allegations in paragraph 52, Monsanto states that the cited

3   document speaks for itself and does not require a response.  To the extent that paragraph 52

4   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

5   paragraph 52.

6       53.     Monsanto denies the allegations in paragraph 53.

7       54.     In response to the allegations in paragraph 54, Monsanto states that the cited

8   document speaks for itself and does not require a response.  To the extent that paragraph 54

9   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

10  paragraph 54.

11      55.     In response to the allegations in paragraph 55, Monsanto states that the cited

12  document speaks for itself and does not require a response.  To the extent that paragraph 55

13  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

14  paragraph 55.

15      56.     Monsanto denies the allegation that the cited studies support the allegation that

16  glyphosate or Roundup®-branded products pose any risk to human health and denies the

17  remaining allegations in paragraph 56.

18      57.     Monsanto denies the allegations in paragraph 57.

19      58.     Monsanto denies the allegations in paragraph 58.

20      59.     Monsanto denies the allegations in paragraph 59.

21      60.     Monsanto denies the allegations in paragraph 60.

22      61.     Monsanto admits that it has in the past promoted, and continues to promote,

23  Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

24  Monsanto denies the remaining allegations in paragraph 61.

25      62.     Monsanto admits that the International Agency for Research on Cancer ("IARC")

26  is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks

27  information or knowledge sufficient to form a belief as to the truth of the remaining allegations in

28  paragraph 62 and therefore denies those allegations.

1    63.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

2    of the allegations in paragraph 63 and therefore denies those allegations.  Monsanto denies that

3    glyphosate met the criteria necessary to be eligible for review.

4    64.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

5    of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies that

6    glyphosate met the criteria necessary to be eligible for review.

7    65.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

8    carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

9    evidence was "cumulative."  The remaining allegations in paragraph 65 are vague and conclusory

10    and comprise attorney characterizations and are accordingly denied.

11    66.    Monsanto admits that the full IARC Monograph regarding glyphosate was

12    published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A

13    carcinogen.  In response to the remaining allegations in paragraph 66, Monsanto states that the

14    document speaks for itself and does not require a response.  To the extent that a response is

15    deemed required, the remaining allegations in paragraph 66 comprise attorney characterizations

16    and are accordingly denied.

17    67.    Monsanto denies the allegations in paragraph 67.  The IARC working group

18    concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

19    which, per IARC's guidelines, means that the working group could not rule out chance, bias or

20    confounding so as to reach any conclusion of an increased risk.

21    68.    In response to the allegations in paragraph 68, Monsanto states that the document

22    speaks for itself and does not require a response.  To the extent that a response is deemed

23    required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly

24    denied.

25    69.    Monsanto denies the allegations in paragraph 69.

26    70.    The allegations in paragraph 70 comprise attorney characterizations and are

27    accordingly denied.

28    71.    Monsanto admits the allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 72 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 73.

74.     The allegations in paragraph 74 are vague and ambiguous and are accordingly denied.

75.     In response to the allegations in paragraph 75, Monsanto states that the cited document speaks for itself and does not require a response.

76.     In response to the allegations in paragraph 76, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 76 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     In response to the allegations in paragraph 78, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 78.

79.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

1    82.    Monsanto denies the allegations in paragraph 82.

2    83.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

3    exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 83.

4    84.    Monsanto denies the allegations in paragraph 84.

5    85.    Monsanto denies the allegations in paragraph 85.

6    86.    Monsanto admits the allegations in paragraph 86.

7    87.    Monsanto denies the allegations in paragraph 87.

8    88.    Monsanto admits the allegations in paragraph 88.

9    89.    Monsanto denies the allegations in paragraph 89.

10    90.    Monsanto denies the allegations in paragraph 90.

11    91.    Monsanto denies the allegations in paragraph 91.

12    92.    Monsanto denies the allegations in paragraph 92.

13    93.    Monsanto denies the allegations in paragraph 93.

14    94.    Monsanto denies the allegations in paragraph 94.

15    95.    Monsanto denies the allegations in paragraph 95.

16    96.    Monsanto admits that independent experts and regulatory agencies agree that there

17    is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products

18    and admits that it has made statements reflecting this fact.  Monsanto denies the remaining

19    allegations in paragraph 96.

20    97.    In response to the allegations in paragraph 97, Monsanto admits that Roundup®-

21    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the

22    product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 97.

23    98.    In response to the allegations in paragraph 98, Monsanto admits that an EPA

24    review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

25    denies the remaining allegations in paragraph 98.

26    99.    In response to the allegations in paragraph 99, Monsanto admits that EPA changed

27    its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence,

28    including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08024-VC

1   remaining allegations in paragraph 99.

2         100.    In response to the allegations in paragraph 100, Monsanto admits that plaintiffs

3   have accurately quoted from one passage in an EPA document in 1991 with respect to the

4   designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

5   does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP

6   reports and the EPA CARC Final Report discussed above, other specific findings of safety

7   include:

8        •    "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that
        shows evidence of non-carcinogenicity for humans—based on the lack of
9       convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate:
        Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
10      http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

11       •    "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
        60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
12

13       •    "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
        Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).
14

15       •    "There is [an] extensive database available on glyphosate, which indicate[s] that
        glyphosate is not mutagenic, not a carcinogen, and not a developmental or
16      reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
        73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

17       •    "EPA has concluded that glyphosate does not pose a cancer risk to humans."
18      Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to
        be codified at 40 C.F.R. pt. 180).

19       •    "In 2014, EPA reviewed over 55 epidemiological studies conducted on the
20      possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that
        this body of research does not provide evidence to show that [g]lyphosate causes
21      cancer and does not warrant any change in EPA's cancer classification for
        [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and*
22      *Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, &*
        *Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director
23      of EPA's Office of Pesticide Programs),
        http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-
24      0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").
25

26  Monsanto denies the remaining allegations in paragraph 100.

27       101.    In response to the allegations in paragraph 101, Monsanto admits that it – along

28  with a large number of other companies and governmental agencies – was defrauded by two

1   chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

2   testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

3   toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

4   glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

5   studies.  To the extent that the allegations in paragraph 101 are intended to suggest that Monsanto

6   was anything other than a victim of this fraud, such allegations are denied.

7        102.    In response to the allegations in paragraph 102, Monsanto admits that IBT

8   Laboratories was hired to conduct toxicity studies in connection with the registration of a

9   Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

10  based upon any fraudulent or false IBT studies.

11       103.    Monsanto denies the allegations in paragraph 103 to the extent they suggest that

12  EPA performed an inspection of IBT Laboratories solely or specifically in connection with

13  studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

14  Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

15  connection with services provided to a broad number of private and governmental entities and

16  that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

17  one of several pesticide manufacturers who had used IBT test results.  The audit found some

18  toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

19  Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

20  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

21  based upon any invalid IBT studies.  To the extent that the allegations in paragraph 103 are

22  intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

23  denies those allegations.

24       104.    In response to the allegations in paragraph 104, Monsanto admits that three IBT

25  employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals

26  were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

27       105.    In response to the allegations in paragraph 105, Monsanto admits that it – along

28  with numerous other private companies – hired Craven Laboratories as an independent laboratory

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08024-VC

1    to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the

2    remaining allegations in paragraph 105.

3         106.    In response to the allegations in paragraph 106, Monsanto admits that EPA

4    investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

5    paragraph 106 are intended to suggest that Monsanto was anything other than a victim of this

6    fraud, Monsanto denies those allegations.

7         107.    In response to the allegations in paragraph 107, Monsanto admits that it was

8    defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

9    at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 107

10   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

11   denies those allegations.

12        108.    In response to the allegations in paragraph 108, Monsanto admits that it has stated

13   and continues to state that Roundup®-branded products are safe when used as labeled and that

14   they are non-carcinogenic and non-genotoxic.

15        109.    In response to the allegations in paragraph 109, Monsanto admits that a 1986 joint

16   report of the World Health Organization and Food and Agriculture Organization of the United

17   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

18   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

19   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

20   carcinogen.  Monsanto denies the remaining allegations in paragraph 109.

21        110.    Monsanto denies the allegations in paragraph 110.

22        111.    Monsanto denies the allegations in paragraph 111.

23        112.    Monsanto denies the allegations in paragraph 112.

24        113.    Monsanto denies the allegations in paragraph 113.

25        114.    Monsanto denies the allegations in paragraph 114.

26        115.    Monsanto denies the allegations in paragraph 115.

27        116.    Monsanto denies the allegations in paragraph 116.

28        117.    Monsanto denies the allegations in paragraph 117.

118.     Monsanto denies the allegations in paragraph 118.

119.     Monsanto denies the allegations in paragraph 119.

120.     Monsanto denies the allegations in paragraph 120.

121.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 121 and therefore denies those allegations.

122.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 122 and therefore denies those allegations.

123.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 123 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 123.

124.     Monsanto denies the allegations in paragraph 124.

125.     In response to the allegations in paragraph 125, Monsanto admits that plaintiff purports to bring a loss of consortium claim but denies any liability as to that claim.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 125 and therefore denies those allegations.

126.     Monsanto incorporates by reference its responses to paragraphs 1 through 125 in response to paragraph 126 of plaintiffs' Complaint.

127.     Monsanto denies the allegations in paragraph 127.

128.     In response to the allegations in paragraph 128, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

129.     In response to the allegations in paragraph 129, Monsanto states that the cited document speaks for itself and does not require a response.

130.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of her alleged cancer and denies the remaining allegations in paragraph 130.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

131.     Monsanto denies the allegations in the first and last sentences of paragraph 131.

1  The remaining allegations in paragraph 131 set forth conclusions of law for which no response is
2  required.  Monsanto states, however, that the scientific studies upon which IARC purported to
3  base its classification were all publicly available before March 2015.

4          132.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and
5  denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-
6  branded products can cause cancer.  Monsanto states, however, that the scientific studies upon
7  which IARC purported to base its classification were all publicly available before March 2015.
8  The remaining allegations in paragraph 132 set forth conclusions of law for which no response is
9  required, consist of attorney characterizations and are accordingly denied, or comprise allegations
10  for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of
11  the allegations asserted and therefore denies those allegations.

12          133.    Monsanto incorporates by reference its responses to paragraphs 1 through 132 in
13  response to paragraph 133 of plaintiffs' Complaint.

14          134.    The allegations in paragraph 134 set forth conclusions of law for which no
15  response is required.

16          135.    Monsanto denies the allegations in paragraph 135.

17          136.    Monsanto denies the allegations in paragraph 136, including each of its subparts.

18          137.    Monsanto denies the allegations in paragraph 137.

19          138.    Monsanto denies the allegations in paragraph 138.

20          139.    Monsanto denies the allegations in paragraph 139.

21          140.    Monsanto denies the allegations in paragraph 140, including each of its subparts.

22          141.    Monsanto denies the allegations in paragraph 141.

23          142.    Monsanto denies the allegations in paragraph 142.

24          143.    Monsanto denies the allegations in paragraph 143.

25          144.    Monsanto denies the allegations in paragraph 144.

26          145.    Monsanto denies the allegations in paragraph 145.

27          In response to the "WHEREFORE" paragraph following paragraph 145, Monsanto
28  demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

1    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

2    fees as allowed by law and such further and additional relief as this Court may deem just and

3    proper.

4         146.    Monsanto incorporates by reference its responses to paragraphs 1 through 145 in

5    response to paragraph 146 of plaintiffs' Complaint.

6         147.    In response to the allegations in paragraph 147, Monsanto lacks information or

7    knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

8    exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies

9    the remaining allegations in paragraph 147.

10        148.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

11   of the allegations in paragraph 148 and therefore denies those allegations.

12        149.    Monsanto denies the allegations in paragraph 149.

13        150.    Monsanto denies the allegations in paragraph 150.

14        151.    Monsanto denies the allegations in paragraph 151.

15        152.    Monsanto denies the allegations in paragraph 152, including each of its subparts.

16        153.    Monsanto denies the allegations in paragraph 153.

17        154.    Monsanto denies that Roundup®-branded products have "dangerous

18   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the remaining allegations in paragraph 154 and therefore denies those allegations.

20        155.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

21   of the allegations in paragraph 155 and therefore denies those allegations.

22        156.    Monsanto denies the allegations in paragraph 156.

23        157.    The allegations in paragraph 157 set forth conclusions of law for which no

24   response is required.

25        158.    Monsanto denies the allegations in paragraph 158.

26        159.    Monsanto denies the allegations in paragraph 159.

27        160.    Monsanto denies the allegations in paragraph 160.

28        161.    Monsanto denies the allegations in paragraph 161.

162.    Monsanto denies the allegations in paragraph 162.

163.    Monsanto denies the allegations in paragraph 163.

164.    Monsanto denies the allegations in paragraph 164.

165.    Monsanto denies the allegations in paragraph 165.

166.    Monsanto denies the allegations in paragraph 166.

167.    Monsanto denies the allegations in paragraph 167.

168.    Monsanto denies the allegations in paragraph 168.

In response to the "WHEREFORE" paragraph following paragraph 168, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

169.    Monsanto incorporates by reference its responses to paragraphs 1 through 168 in response to paragraph 169 of plaintiffs' Complaint.

170.    Monsanto denies the allegations in paragraph 170.

171.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 171 and therefore denies those allegations.

172.    Monsanto denies the allegations in paragraph 172. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

173.    Monsanto denies the allegations in paragraph 173.

174.    Monsanto denies the allegations in paragraph 174. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

175.    Monsanto denies the allegations in paragraph 175. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA and with California law.

176.    Monsanto denies the allegations in paragraph 176.

177.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 177 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 177.

178.    The allegations in paragraph 178 set forth conclusions of law for which no response is required.

179.    Monsanto denies the allegations in paragraph 179.

180.    Monsanto denies the allegations in paragraph 180.

181.    Monsanto denies the allegations in paragraph 181.

182.    Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 182.

183.    The allegations in paragraph 183 set forth conclusions of law for which no response is required.

184.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 184 and therefore denies those allegations.

185.    Monsanto denies the allegations in paragraph 185.

186.    Monsanto denies the allegations in paragraph 186.

187.    Monsanto denies the allegations in paragraph 187.

188.    Monsanto denies the allegations in paragraph 188.

189.    Monsanto denies the allegations in paragraph 189.

190.    Monsanto denies the allegations in paragraph 190.

In response to the "WHEREFORE" paragraph following paragraph 190, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

191.    Monsanto incorporates by reference its responses to paragraphs 1 through 190 in response to paragraph 191 of plaintiffs' Complaint.

192.    Monsanto admits that plaintiffs purport to bring a claim under the Connecticut

1    Unfair Trade Practices Act, Conn. Gen. Sat. § 42-110b, 42-110g, but denies any liability as to that

2    claim.  Monsanto denies the remaining allegations in paragraph 192.

3         193.    Monsanto denies the allegations in paragraph 193.

4         194.    Monsanto denies the allegations in paragraph 194.

5         195.    The allegations in the last sentence of paragraph 195 set forth conclusions of law

6    for which no response is required.  Monsanto denies the remaining allegations in paragraph 195.

7         196.    Monsanto denies the allegations in paragraph 196.

8         In response to the "WHEREFORE" paragraph following paragraph 196, Monsanto

9    demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

10   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

11   fees as allowed by law and such further and additional relief as this Court may deem just and

12   proper.

13        197.    Monsanto incorporates by reference its responses to paragraphs 1 through 196 in

14   response to paragraph 197 of plaintiffs' Complaint.

15        198.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

16   of the allegations in paragraph 198 regarding the marital status of plaintiffs and accordingly

17   denies those allegations.

18        199.    Monsanto denies the allegations in paragraph 199.

19        200.    The allegations in paragraph 200 set forth conclusions of law for which no

20   response is required.  To the extent that a response is deemed required, Monsanto admits the

21   allegations in paragraph 200 based upon the allegations in plaintiffs' Complaint.

22        201.    Monsanto denies the allegations in paragraph 201.

23        In response to the "WHEREFORE" paragraph following paragraph 201, Monsanto

24   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

25   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

26   fees as allowed by law and such further and additional relief as this Court may deem just and

27   proper.

28

202.    Monsanto incorporates by reference its responses to paragraphs 1 through 201 in response to paragraph 202 of plaintiff's Complaint.

203.    Monsanto denies the allegations in paragraph 203.

204.    Monsanto denies the allegations in paragraph 204. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

205.    Monsanto denies the allegations in paragraph 205.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

206.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 206 regarding plaintiff's knowledge or reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 206.

207.    Monsanto denies the allegations in paragraph 207.

208.    Monsanto denies the allegations in paragraph 208.

209.    Monsanto denies the allegations in paragraph 209.

210.    Monsanto denies the allegations in paragraph 210.

211.    Monsanto denies the allegations in paragraph 211.

In response to the allegations following paragraph 211, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

212.    Monsanto incorporates by reference its responses to paragraphs 1 through 211 in response to paragraph 212 of plaintiff's Complaint.

213.    Monsanto denies the allegations in paragraph 213.

214.    Monsanto denies the allegations in paragraph 214.

215.    Monsanto denies the allegations in paragraph 215.

216.    Monsanto denies the allegations in paragraph 216.

217.    Monsanto denies the allegations in paragraph 217.

1    218.   Monsanto denies the allegations in paragraph 218.

2    219.   Monsanto denies the allegations in paragraph 219.

3    220.   Monsanto denies the allegations in paragraph 220.

4    In response to the allegations following paragraph 220, Monsanto demands that judgment

5    be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice;

6    and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and

7    such further and additional relief as this Court may deem just and proper.

8    In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

9    denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

10   damages, interest, costs, or any other relief whatsoever.

11   Every allegation in the Complaint that is not specifically and expressly admitted in this

12   Answer is hereby specifically and expressly denied.

13   **SEPARATE AND AFFIRMATIVE DEFENSES**

14   1.   The Complaint, in whole or part, fails to state a claim or cause of action against

15   Monsanto upon which relief can be granted.

16   2.   Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically

17   reliable evidence that the products at issue were defective or unreasonably dangerous.

18   3.   Any alleged negligent or culpable conduct of Monsanto, none being admitted, was

19   so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

20   plaintiff's alleged injuries.

21   4.   Plaintiffs' claims are barred, in whole or in part, because the products at issue were

22   designed, manufactured, marketed and labeled with proper warnings, information, cautions and

23   instructions, in accordance with the state of the art and the state of scientific and technological

24   knowledge.

25   5.   Plaintiffs' claims are barred, in whole or in part, because the products at issue were

26   not defective or unreasonably dangerous in that they complied with, at all relevant times, all

27   applicable government safety standards.

28   6.   Any claims based on allegations that Monsanto misled, defrauded, made

- 22 -

1   misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.  *See,*

2   *e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

3   *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

4         7.     Plaintiffs' claims are preempted, in whole or in part, by applicable federal law

5   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

6   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

7         8.     Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings

8   that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product

9   labeling.

10         9.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary

11   jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12         10.    Plaintiffs' claims are barred, in whole or in part, because plaintiff's injuries, if any,

13   were the result of conduct of plaintiff, independent third parties, and/or events that were

14   extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

15   independent, intervening and superseding causes of the alleged injuries, including but not limited

16   to plaintiff's pre-existing medical conditions.

17         11.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j and

18   k, bar plaintiffs' claims against Monsanto in whole or in part.

19         12.    Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or

20   in part.

21         13.    Plaintiff's misuse or abnormal use of the product or failure to follow instructions

22   bar plaintiffs' claims in whole or in part.

23         14.    If plaintiff suffered injuries or damages as alleged, which is denied, such injuries

24   or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is

25   neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the

26   relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes

27   that are not related or connected with any product sold, distributed, or manufactured by

28

Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiffs' claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Connecticut Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Connecticut law, and/or other applicable state laws.

20.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

21.      Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

22.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

23.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs received from collateral sources.

25.     If plaintiff had been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

28.     Plaintiffs' common law claims are barred, in whole or part, by application of the Connecticut Products Liability Act, Conn. Gen. Stat. Ann. § 52-572n.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.


DATED:  January 10, 2020                    Respectfully submitted,


                                            /s/ Joe G. Hollingsworth
                                            Joe G. Hollingsworth (*pro hac vice*)
                                            (jhollingsworth@hollingsworthllp.com)
                                            Eric G. Lasker (*pro hac vice*)
                                            (elasker@hollingsworthllp.com)
                                            HOLLINGSWORTH LLP
                                            1350 I Street, N.W.
                                            Washington, DC  20005
                                            Telephone:  (202) 898-5800
                                            Facsimile:   (202) 682-1639

                                            *Attorneys for Defendant*
                                            *MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08024-VC