**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Estate of Larry Sharpe, by and through his representative Maggie Sharpe, surviving spouse of Larry Sharpe on behalf of all legal heirs of Larry Sharpe v. Monsanto Co.*, | |
| Case No.  3:19-cv-07869-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Maggie Sharpe's Complaint and Jury Demand ("the Complaint"), filed by Maggie Sharpe, individually, and on behalf of decedent Larry Sharpe ("decedent"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

- 1 -

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiffs' Complaint.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  In response to the second sentence of paragraph 7, Monsanto admits that it sells, markets, and/or distributes Roundup®-branded products within Missouri.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, second, third and fourth sentences of paragraph 8 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 8.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

10.     Monsanto admits the allegations in paragraph 10.

11.     The allegations in paragraph 11 comprise attorney characterizations and are accordingly denied.

12.     In response to the allegations in paragraph 12, Monsanto admits that it sells Roundup®-branded products in Missouri.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations paragraph 13 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07869-VC

14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     Monsanto admits the allegations in paragraph 16.

17.     Monsanto admits that it is authorized to do business in Missouri.  The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto denies the allegations in paragraph 19.

20.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

22.     Monsanto admits the allegations in paragraph 22.

23.     Monsanto admits the allegations in paragraph 23.

24.     In response to the allegations in paragraph 24, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 24 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

25.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 25 comprise attorney characterizations and are accordingly denied.

26.     Monsanto admits the allegations in paragraph 26.

27.     Monsanto generally admits the allegations in paragraph 27, but denies the allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

28.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

29.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 29 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 29.

30.     Monsanto admits the allegations in paragraph 30.

31.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 31.

32.     The allegations in paragraph 32 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07869-VC

1    Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 33 set forth

2    conclusions of law for which no response is required.

3            34.     The allegations in paragraph 34 set forth conclusions of law for which no

4    response is required.

5            35.     Monsanto admits that Roundup®-branded products are registered by EPA for

6    manufacture, sale and distribution and are registered by the State of Missouri for sale and

7    distribution.

8            36.     In response to the allegations in paragraph 36, Monsanto admits that EPA requires

9    registrants of herbicides to submit extensive data in support of the human health and

10   environmental safety of their products and further admits that EPA will not register or approve

11   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

12   states that the term "the product tests" in the final sentence of paragraph 36 is vague and

13   ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 36

14   set forth conclusions of law for which no answer is required.

15           37.     Monsanto denies the allegations in paragraph 37 to the extent that they suggest

16   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

17   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

18   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

19   of the allegations in paragraph 37 regarding such pesticide products generally and therefore

20   denies those allegations.  The remaining allegations in paragraph 37 set forth conclusions of law

21   for which no response is required.

22           38.     In response to the allegations in paragraph 38, Monsanto admits that EPA has

23   undertaken a regulatory review of glyphosate and further admits that EPA has not released its

24   findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

25   Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

26   concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

27

28

humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies those allegations.

39.     In response to the allegations in paragraph 39, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 39 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

40.     In response to the allegations in paragraph 40, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 40 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07869-VC

1       41.     Monsanto denies the allegations in paragraph 41.

2       42.     In response to the allegations in paragraph 42, Monsanto admits that the French

3   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

4   that it "left the soil clean," but denies the allegations in paragraph 42 to the extent that they

5   suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

6   cancer.  Monsanto denies the remaining allegations in paragraph 42.

7       43.     Monsanto denies the allegations in paragraph 43.

8       44.     In response to the allegations in paragraph 44, Monsanto states that the cited

9   document speaks for itself and does not require a response.  To the extent that the allegations in

10  paragraph 44 go beyond a restatement of the cited document, Monsanto lacks information or

11  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44

12  and therefore denies those allegations.

13      45.     Monsanto admits the allegations in paragraph 45.

14      46.     In response to the allegations in paragraph 46, Monsanto states that the cited the

15  document speaks for itself and does not require a response.  To the extent that the allegations in

16  paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or

17  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46

18  and therefore denies those allegations.

19      47.     Monsanto states that the term "toxic" as used in paragraph 47 is vague and

20  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

21  denies the allegations in paragraph 47.

22      48.     Monsanto admits the allegations in paragraph 48.

23      49.     In response to the allegations in paragraph 49, Monsanto states that the document

24  speaks for itself and does not require a response.  To the extent that a response is deemed

25  required, Monsanto denies the allegations in paragraph 49.

26      50.     In response to the allegations in paragraph 50, Monsanto admits that Julie Marc

27  published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

28

1   the extent that paragraph 50 characterizes the meaning of the cited study, Monsanto denies the

2   remaining allegations in paragraph 50.

3          51.     In response to the allegations in paragraph 51, Monsanto states that these

4   documents speak for themselves and do not require a response.  To the extent that a response is

5   deemed required, Monsanto denies the allegations in paragraph 51.

6          52.     In response to the allegations in paragraph 52, Monsanto states that the cited

7   document speaks for itself and does not require a response.  To the extent that paragraph 52

8   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

9   paragraph 52.

10          53.     Monsanto denies the allegations in paragraph 53.

11          54.     In response to the allegations in paragraph 54, Monsanto states that the cited

12   document speaks for itself and does not require a response.  To the extent that paragraph 54

13   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

14   paragraph 54.

15          55.     In response to the allegations in paragraph 55, Monsanto states that the cited

16   document speaks for itself and does not require a response.  To the extent that paragraph 55

17   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

18   paragraph 55.

19          56.     Monsanto denies the allegation that the cited studies support the allegation that

20   glyphosate or Roundup®-branded products pose any risk to human health and denies the

21   remaining allegations in paragraph 56.

22          57.     Monsanto denies the allegations in paragraph 57.

23          58.     Monsanto denies the allegations in paragraph 58.

24          59.     Monsanto denies the allegations in paragraph 59.

25          60.     Monsanto denies the allegations in paragraph 60.

26          61.     Monsanto admits that it has in the past promoted, and continues to promote,

27   Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

28   Monsanto denies the remaining allegations in paragraph 61.

1       62.     Monsanto admits that the International Agency for Research on Cancer ("IARC")

2    is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

3    lacks information or knowledge sufficient to form a belief as to the truth of the remaining

4    allegations in paragraph 62 and therefore denies those allegations.

5       63.     Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 63 and therefore denies those allegations.  Monsanto denies

7    that glyphosate met the criteria necessary to be eligible for review.

8       64.     Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies

10    that glyphosate met the criteria necessary to be eligible for review.

11       65.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

12    carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

13    evidence was "cumulative."  The remaining allegations in paragraph 65 are vague and

14    conclusory and comprise attorney characterizations and are accordingly denied.

15       66.     Monsanto admits that the full IARC Monograph regarding glyphosate was

16    published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

17    2A carcinogen.  In response to the remaining allegations in paragraph 66, Monsanto states that

18    the document speaks for itself and does not require a response.  To the extent that a response is

19    deemed required, the remaining allegations in paragraph 66 comprise attorney characterizations

20    and are accordingly denied.

21       67.     In response to the allegations in paragraph 67, Monsanto states that the document

22    speaks for itself and does not require a response.  To the extent that a response is deemed

23    required, the allegations in paragraph 67 comprise attorney characterizations and are accordingly

24    denied.

25       68.     In response to the allegations in paragraph 68, Monsanto states that the document

26    speaks for itself and does not require a response.  To the extent that a response is deemed

27    required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly

28    denied.

69.     Monsanto denies the allegations in paragraph 69.

70.     The allegations in paragraph 70 comprise attorney characterizations and are accordingly denied.

71.     Monsanto admits the allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 72 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 73.

74.     The allegations in paragraph 74 are vague and ambiguous and are accordingly denied.

75.     In response to the allegations in paragraph 75, Monsanto states that the cited document speaks for itself and does not require a response.

76.     In response to the allegations in paragraph 76, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 76 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     In response to the allegations in paragraph 78, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 78.

79.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that

1   Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

2   paragraph 79.

3        80.    Monsanto denies the allegations in paragraph 80.

4        81.    Monsanto denies the allegations in paragraph 81.

5        82.    Monsanto denies the allegations in paragraph 82.

6        83.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

7   exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 83.

8        84.    Monsanto denies the allegations in paragraph 84.

9        85.    Monsanto denies the allegations in paragraph 85.

10       86.    Monsanto admits the allegations in paragraph 86.

11       87.    Monsanto denies the allegations in paragraph 87.

12       88.    Monsanto admits the allegations in paragraph 88.

13       89.    Monsanto denies the allegations in paragraph 89.

14       90.    Monsanto denies the allegations in paragraph 90.

15       91.    Monsanto denies the allegations in paragraph 91.

16       92.    Monsanto denies the allegations in paragraph 92.

17       93.    Monsanto denies the allegations in paragraph 93.

18       94.    Monsanto denies the allegations in paragraph 94.

19       95.    Monsanto denies the allegations in paragraph 95.

20       96.    Monsanto admits that independent experts and regulatory agencies agree that

21   there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

22   products and admits that it has made statements reflecting this fact.  Monsanto denies the

23   remaining allegations in paragraph 96.

24       97.    In response to the allegations in paragraph 97, Monsanto admits that Roundup®-

25   branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

26   the product's EPA approved labeling, Monsanto otherwise denies the allegations in paragraph

27   97.

28

98.     In response to the allegations in paragraph 98, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 99.

100.    In response to the allegations in paragraph 100, Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07869-VC

1    5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk
2    Statement").

3    Monsanto denies the remaining allegations in paragraph 100.

4        101.    In response to the allegations in paragraph 101, Monsanto admits that it – along

5    with a large number of other companies and governmental agencies – was defrauded by two

6    chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

7    testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

8    toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

9    glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

10   studies.  To the extent that the allegations in paragraph 101 are intended to suggest that

11   Monsanto was anything other than a victim of this fraud, such allegations are denied.

12       102.    In response to the allegations in paragraph 102, Monsanto admits that IBT

13   Laboratories was hired to conduct toxicity studies in connection with the registration of a

14   Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

15   based upon any fraudulent or false IBT studies.

16       103.    Monsanto denies the allegations in paragraph 103 to the extent they suggest that

17   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

18   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

19   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

20   connection with services provided to a broad number of private and governmental entities and

21   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

22   one of several pesticide manufacturers who had used IBT test results.  The audit found some

23   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

24   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

25   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

26   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 103 are

27   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

28   denies those allegations.

1   104.    In response to the allegations in paragraph 104, Monsanto admits that three IBT

2   employees were convicted of the charge of fraud, but Monsanto denies that any of the

3   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

4   herbicides.

5   105.    In response to the allegations in paragraph 105, Monsanto admits that it – along

6   with numerous other private companies – hired Craven Laboratories as an independent

7   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

8   denies the remaining allegations in paragraph 105.

9   106.    In response to the allegations in paragraph 106, Monsanto admits that EPA

10  investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

11  paragraph 106 are intended to suggest that Monsanto was anything other than a victim of this

12  fraud, Monsanto denies those allegations.

13  107.    In response to the allegations in paragraph 107, Monsanto admits that it was

14  defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

15  at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 107

16  are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

17  denies those allegations.

18  108.    In response to the allegations in paragraph 108, Monsanto admits that it has stated

19  and continues to state that Roundup®-branded products are safe when used as labeled and that

20  they are non-carcinogenic and non-genotoxic.

21  109.    In response to the allegations in paragraph 109, Monsanto admits that a 1986 joint

22  report of the World Health Organization and Food and Agriculture Organization of the United

23  Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

24  Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

25  Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

26  carcinogen.  Monsanto denies the remaining allegations in paragraph 109.

27  110.    Monsanto denies the allegations in paragraph 110.

28  111.    Monsanto denies the allegations in paragraph 111.

1    112.    Monsanto denies the allegations in paragraph 112.

2    113.    Monsanto denies the allegations in paragraph 113.

3    114.    Monsanto denies the allegations in paragraph 114.

4    115.    Monsanto denies the allegations in paragraph 115.

5    116.    Monsanto denies the allegations in paragraph 116.

6    117.    Monsanto denies the allegations in paragraph 117.

7    118.    Monsanto admits that plaintiffs purport to bring an action for compensatory

8    damages but denies any liability to plaintiffs.  Monsanto denies the remaining allegations in

9    paragraph 118.

10    119.    Monsanto denies the allegations in paragraph 119.

11    120.    Monsanto denies the allegations in paragraph 120.

12    121.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13    truth of the allegations in paragraph 121 and therefore denies those allegations.

14    122.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15    truth of the allegations in paragraph 122 and therefore denies those allegations.

16    123.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17    truth of the allegations in the first sentence of paragraph 123 and therefore denies those

18    allegations.  Monsanto denies the remaining allegations in paragraph 123.

19    124.    Monsanto denies the allegations in paragraph 124.

20    125.    Monsanto incorporates by reference its responses to paragraphs 1 through 124 in

21    response to paragraph 125 of plaintiffs' Complaint.

22    126.    Monsanto denies the allegations in paragraph 126.

23    127.    In response to the allegations in paragraph 127, Monsanto admits that it has stated

24    and continues to state that Roundup®-branded products are safe when used as labeled and that

25    they are non-toxic and non-carcinogenic.

26    128.    In response to the allegations in paragraph 128, Monsanto states that the cited

27    document speaks for itself and does not require a response.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07869-VC

1    129.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

2    exposed decedent to risk of his alleged cancer and denies the remaining allegations in paragraph

3    129.  Monsanto states, however, that the scientific studies upon which IARC purported to base

4    its classification were all publicly available before March 2015.

5    130.    Monsanto denies the allegations in the first and last sentences of paragraph 130.

6    The remaining allegations in paragraph 130 set forth conclusions of law for which no response is

7    required.  Monsanto states, however, that the scientific studies upon which IARC purported to

8    base its classification were all publicly available before March 2015.

9    131.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

10   and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

11   branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

12   which IARC purported to base its classification were all publicly available before March 2015.

13   The remaining allegations in paragraph 131 set forth conclusions of law for which no response is

14   required, consist of attorney characterizations and are accordingly denied, or comprise

15   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

16   the truth of the allegations asserted and therefore denies those allegations.

17   132.    Monsanto incorporates by reference its responses to paragraphs 1 through 131 in

18   response to paragraph 132 of plaintiffs' Complaint.

19   133.    The allegations in paragraph 133 set forth conclusions of law for which no

20   response is required.

21   134.    Monsanto denies the allegations in paragraph 134.

22   135.    Monsanto denies the allegations in paragraph 135, including each of its subparts.

23   136.    Monsanto denies the allegations in paragraph 136.

24   137.    Monsanto denies the allegations in paragraph 137.

25   138.    Monsanto denies the allegations in paragraph 138, including each of its subparts.

26   139.    Monsanto denies the allegations in paragraph 139.

27   140.    Monsanto denies the allegations in paragraph 140.

28   141.    Monsanto denies the allegations in paragraph 141.

1    142.    Monsanto denies the allegations in paragraph 142.

2        In response to the "WHEREFORE" paragraph following paragraph 142, Monsanto

3    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

4    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

5    fees as allowed by law and such further and additional relief as this Court may deem just and

6    proper.

7        143.    Monsanto incorporates by reference its responses to paragraphs 1 through 142 in

8    response to paragraph 143 of plaintiffs' Complaint.

9        144.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10    truth of the allegations in paragraph 144 and therefore denies those allegations.

11        145.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12    truth of the allegations in paragraph 145 and therefore denies those allegations.

13        146.    Monsanto denies the allegations in paragraph 146.

14        147.    Monsanto denies the allegations in paragraph 147.

15        148.    Monsanto denies the allegations in paragraph 148.

16        149.    Monsanto denies the allegations in paragraph 149, including each of its subparts.

17        150.    Monsanto denies the allegations in paragraph 150.

18        151.    Monsanto denies that Roundup®-branded products have "dangerous

19    characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

20    truth of the remaining allegations in paragraph 151 and therefore denies those allegations.

21        152.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22    truth of the allegations in paragraph 152 and therefore denies those allegations.

23        153.    Monsanto denies the allegations in paragraph 153.

24        154.    The allegations in paragraph 154 set forth conclusions of law for which no

25    response is required.

26        155.    Monsanto denies the allegations in paragraph 155.

27        156.    Monsanto denies the allegations in paragraph 156.

28        157.    Monsanto denies the allegations in paragraph 157.

1   158.   Monsanto denies the allegations in paragraph 158.

2   159.   Monsanto denies the allegations in paragraph 159.

3   160.   Monsanto denies the allegations in paragraph 160.

4   161.   Monsanto denies the allegations in paragraph 161.

5   162.   Monsanto denies the allegations in paragraph 162.

6   163.   Monsanto denies the allegations in paragraph 163.

7   164.   Monsanto denies the allegations in paragraph 164.

8   In response to the "WHEREFORE" paragraph following paragraph 164, Monsanto

9   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

10  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

11  fees as allowed by law and such further and additional relief as this Court may deem just and

12  proper.

13  165.   Monsanto incorporates by reference its responses to paragraphs 1 through 164 in

14  response to paragraph 165 of plaintiffs' Complaint.

15  166.   The allegations in paragraph 166 set forth conclusions of law for which no

16  response is required.

17  167.   Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 167 and therefore denies those allegations.

19  168.   Monsanto denies the allegations in paragraph 168.  All labeling of Roundup®-

20  branded products has been and remains EPA-approved and in compliance with all federal

21  requirements under FIFRA.

22  169.   Monsanto denies the allegations in paragraph 169.

23  170.   Monsanto denies the allegations in paragraph 170.  All labeling of Roundup®-

24  branded products has been and remains EPA-approved and in compliance with all federal

25  requirements under FIFRA.

26  171.   Monsanto denies the allegations in paragraph 171.  All labeling of Roundup®-

27  branded products has been and remains EPA-approved and in compliance with all federal

28  requirements under FIFRA.

1      172.    Monsanto denies the allegations in paragraph 172.

2      173.    Monsanto lacks information or knowledge sufficient to form a belief as to the

3 truth of the allegations regarding decedent's use history in paragraph 173 and therefore denies

4 those allegations.  Monsanto denies the remaining allegations in paragraph 173.

5      174.    The allegations in paragraph 174 set forth conclusions of law for which no

6 response is required.

7      175.    Monsanto denies the allegations in paragraph 175.

8      176.    Monsanto denies the allegations in paragraph 176.

9      177.    Monsanto denies the allegations in paragraph 177.

10      178.    Monsanto denies the allegations that Roundup®-branded products are defective

11 and accordingly denies the allegations in paragraph 178.

12      179.    The allegations in paragraph 179 set forth conclusions of law for which no

13 response is required.

14      180.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15 truth of the allegations paragraph 180 and therefore denies those allegations.

16      181.    Monsanto denies the allegations in paragraph 181.

17      182.    Monsanto denies the allegations in paragraph 182.

18      183.    Monsanto denies the allegations in paragraph 183.

19      184.    Monsanto denies the allegations in paragraph 184.

20      185.    Monsanto denies the allegations in paragraph 185.

21      In response to the "WHEREFORE" paragraph following paragraph 185, Monsanto

22 demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

23 dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

24 fees as allowed by law and such further and additional relief as this Court may deem just and

25 proper.

26      186.    Monsanto incorporates by reference its responses to paragraphs 1 through 185 in

27 response to paragraph 186 of plaintiffs' Complaint.

28

1   187.   Monsanto denies the allegations in paragraph 187.  Additionally, the allegations

2   in the last sentence in paragraph 187 set forth conclusions of law for which no response is

3   required.

4   188.   Monsanto lacks information or knowledge sufficient to form a belief as to the

5   truth of the allegations in paragraph 188 concerning the decedent's claimed use of Roundup®-

6   branded products and therefore denies those allegations.  The remaining allegations in paragraph

7   188 set forth conclusions of law for which no response is required.

8   189.   The allegations in paragraph 189 set forth conclusions of law for which no

9   response is required.

10   190.   Monsanto denies the allegations in paragraph 190.

11   191.   The allegation in paragraph 191 regarding a purported implied warranty sets forth

12   a conclusion of law for which no response is required.  Monsanto lacks information or

13   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

14   191 and therefore denies those allegations.

15   192.   Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 192 concerning the condition of any Roundup®-branded

17   product allegedly used by decedent or about decedent's alleged uses of such product and

18   therefore denies the allegations in paragraph 192.

19   193.   Monsanto denies the allegations in paragraph 193.

20   194.   Monsanto denies the allegations in paragraph 194.

21   195.   Monsanto denies the allegations in paragraph 195.

22   In response to the "WHEREFORE" paragraph following paragraph 195, Monsanto

23   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

24   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

25   fees as allowed by law and such further and additional relief as this Court may deem just and

26   proper.

27   196.   Monsanto incorporates by reference its responses to paragraphs 1 through 195 in

28   response to paragraph 196 of plaintiffs' Complaint.

197.   Monsanto admits that plaintiffs purport to bring a wrongful death action but denies any liability as to that claim.

198.   Monsanto denies the allegations in paragraph 198.

199.   Monsanto denies the allegations in paragraph 199.

In response to the WHEREFORE paragraph following paragraph 199, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

\*          \*          \*

There are no paragraphs numbered "200" through "206" in the Petition, and therefore no response is required.

\*          \*          \*

207.   Monsanto incorporates its responses to paragraphs 1 through 199 in response to paragraph 207 of plaintiffs' Complaint.

208.   Monsanto admits that decedent's estate purports to bring a survival action but denies any liability to said plaintiffs.  Monsanto denies the remaining allegations in paragraph 208.

209.   Monsanto denies the allegations in paragraph 209.

210.   Monsanto admits that decedent's spouse and/or heirs purport to bring a survival action but denies any liability as to that claim.  Monsanto denies the remaining allegations in paragraph 210.

In response to the "WHEREFORE" paragraph following paragraph 210, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

1   In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

2   denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

3   damages, interest, costs, or any other relief whatsoever.

4   Every allegation in the Complaint that is not specifically and expressly admitted in this

5   Answer is hereby specifically and expressly denied.

6   **SEPARATE AND AFFIRMATIVE DEFENSES**

7   1.   The Complaint, in whole or part, fails to state a claim or cause of action against

8   Monsanto upon which relief can be granted.

9   2.   Venue in the Eastern District of Missouri may be inconvenient.

10   3.   Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically

11   reliable evidence that the products at issue were defective or unreasonably dangerous.

12   4.   Any alleged negligent or culpable conduct of Monsanto, none being admitted,

13   was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

14   plaintiffs' and/or decedent's alleged injuries.

15   5.   Plaintiffs' claims are barred, in whole or in part, because the products at issue

16   were designed, manufactured, marketed and labeled with proper warnings, information, cautions

17   and instructions, in accordance with the state of the art and the state of scientific and

18   technological knowledge.

19   6.   Plaintiffs' claims are barred, in whole or in part, because the products at issue

20   were not defective or unreasonably dangerous in that they complied with, at all relevant times,

21   all applicable government safety standards.

22   7.   Any claims based on allegations that Monsanto misled, defrauded, made

23   misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See,*

24   *e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

25   *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

26   8.   Plaintiffs' claims are preempted, in whole or in part, by applicable federal law

27   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

28   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.     Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs' and/or decedent's injuries, if any, were the result of conduct of plaintiffs, decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' and/or decedent's pre-existing medical conditions.

12.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

13.    Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

14.    Plaintiffs' and/or decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

15.    If plaintiffs and/or decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' and/or decedent's alleged injuries or damages.

16.    Monsanto had no legal relationship or privity with plaintiffs and/or decedent and owed no duty to them by which liability could be attributed to it.

17.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs and/or decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs and/or decedent failed to give notice of any breach thereof.

18.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Missouri Constitution, the Tennessee Constitution, and/or other applicable state constitutions.

20.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of punitive damages under Missouri law, Tennessee law, and/or other applicable state laws.

21.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Missouri Revised Statute § 510.265.1 and Tenn. Code Ann. § 29-39-104.

22.     Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiffs and/or decedent and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiffs have failed to clearly establish any entitlement to punitive and/or exemplary damages based on their allegations.

23.     Plaintiffs' claims are barred in whole or in part by plaintiffs' and/or decedent's own contributory/comparative negligence.

24.     Plaintiffs' claims are barred in whole or in part by plaintiffs' and/or decedent's own failure to mitigate damages.

25.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

26.     To the extent that plaintiffs or decedent recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if

1   any, shall be reduced to the extent allowed by applicable law, including as allowed for under

2   Missouri Revised Statute § 490.715.

3          27.     If plaintiffs and/or decedent have been injured or damaged, no injury or damages

4   being admitted, such injuries were not caused by a Monsanto product.

5          28.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws

6   of states that do not govern plaintiffs' claims.

7          29.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims

8   that are governed by the laws of a state that does not recognize, or limits, such claims.

9          30.     Plaintiffs' common law claims are barred, in whole or in part, by application of

10  Tenn. Code Ann. § 29-28-102(6), *et seq.*

11         31.     Monsanto hereby gives notice that it intends to rely upon such other defenses as

12  may become available or apparent during the course of discovery and thus reserves its right to

13  amend this Answer to assert such defenses.

14         **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

15  plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

16  such other relief as the Court deems equitable and just.

17                            **JURY TRIAL DEMAND**

18         Monsanto demands a jury trial on all issues so triable.

19
    DATED:  January 15, 2020                    Respectfully submitted,
20

21                                              /s/ Joe G. Hollingsworth
                                                Joe G. Hollingsworth (*pro hac vice*)
22                                              (jhollingsworth@hollingsworthllp.com)
                                                Eric G. Lasker (*pro hac vice*)
23                                              (elasker@hollingsworthllp.com)
                                                HOLLINGSWORTH LLP
24                                              1350 I Street, N.W.
                                                Washington, DC  20005
25                                              Telephone:  (202) 898-5800
                                                Facsimile:   (202) 682-1639
26

27                                              *Attorneys for Defendant*
                                                *MONSANTO COMPANY*
28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-07869-VC