**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Michael Seeley, the Surviving Spouse and Administrator for the Estate of Gina Seeley, et al. v. Monsanto Co.,* Case No. 3:19-cv-08270-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Although many paragraphs in the Complaint allege exposure or use of Monsanto products by "Plaintiff," Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to decedent Gina Seeley.  Silence as to any allegations shall constitute a denial.

I.A.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph I.A and therefore denies those allegations.

I.B.     In response to the allegations in paragraph I.B, Monsanto denies that its corporate address is 2270 Ball Drive, St. Louis, Missouri, 63146.

II.     The allegations in paragraph II set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto admits that this Court has diversity jurisdiction. based upon the allegations in plaintiff's Complaint.

II.B.1.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph II.B.1 and therefore denies those allegations.

II.B.2.  Monsanto admits the allegations in paragraph II.B.2.

II.B.3.  The allegations in paragraph II.B.3 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto admits that the amount in controversy exceeds $75,000, exclusive of interests and costs.

1.     Monsanto admits the allegations in the first and second sentences of paragraph 1. Monsanto also admits that glyphosate was one of the world's most widely used herbicides in 2013, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 1 and therefore denies those allegations.

2.     In response to the allegations in paragraph 2, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. Monsanto admits that it and affiliated companies have operations and offices in countries around the world.  Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 2.  Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 2 and therefore denies those allegations.

3.     In response to the allegations in paragraph 3, Monsanto admits that its glyphosate products are registered in over 100 countries and approved for use on over 100 different crops.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-08270-VC

Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media.  Monsanto denies the remaining allegations in paragraph 3.

4.      In response to the allegations in paragraph 4, Monsanto admits that the International Agency for Research on Cancer ("IARC") issued an evaluation on March 20, 2015 of insecticides and herbicides, including glyphosate.  Monsanto denies the remaining allegations in paragraph 4 to the extent they suggest that the IARC based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

5.      In response to the allegations in paragraph 5, Monsanto admits that the IARC issued a formal monograph relating to glyphosate.

6.      In response to the allegations in paragraph 6, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 6.

7.      Monsanto denies the allegations in paragraph 7.

8.      In response to the allegations in paragraph 8, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that paragraph 8 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

9.      In response to the allegations in paragraph 9, Monsanto admits that plaintiff purports to bring a lawsuit against Monsanto but denies any liability as to that claim.

10.     Monsanto admits the allegations in paragraph 10.

- 3 -

11.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies those allegations.

12.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.     The allegations in paragraph 14 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 14 based upon the allegations in plaintiff's Complaint.

15.     In response to the allegations in paragraph 15, Monsanto denies that exposure to Roundup®-branded products caused decedent's injury.

16.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.

17.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

18.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies those allegations.

19.     In response to the allegations in paragraph 19, Monsanto admits that plaintiff purports to bring a lawsuit against Monsanto but denies any liability to plaintiff.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies those allegations.

20.     Monsanto admits that plaintiff purports to assert the causes of action identified in paragraph 20, but denies any liability to plaintiff.

21.     The allegations in paragraph 21 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 21 based upon the allegations in plaintiff's Complaint.

22.     The allegations in paragraph 22 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-08270-VC

23.     The allegations in paragraph 23 set forth conclusions of law for which no response is required.

24.     The venue allegations in paragraph 24 set forth conclusions of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies those allegations.

25.     In response to the allegations in the first sentence of paragraph 25, Monsanto admits that it is a Delaware corporation with its headquarters and principal place of business in St. Louis County, Missouri.  In response to the allegations in the second sentence of paragraph 25, Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides. In response to the allegations in the final sentence of paragraph 25, Monsanto admits that it sells (and has sold) Roundup®-branded products in Illinois.  The remaining allegations in paragraph 25 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

26.     In response to the allegations in paragraph 26, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 26 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies those allegations.

27.     Monsanto denies the allegations in the paragraph 27 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.

28.     In response to the allegations in paragraph 28, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 28.

29.     Monsanto denies the allegations in paragraph 29.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-08270-VC

1   30.   Monsanto admits the allegations in the first sentence of paragraph 30 and admits

2   that at all relevant times it has marketed Roundup®-branded products in accord with EPA's

3   regulatory determinations under FIFRA.  Monsanto denies the remaining allegations in

4   paragraph 30.

5   31.   The allegations in paragraph 31 set forth conclusions of law for which no

6   response is required.

7   32.   In response to the allegations in paragraph 32, Monsanto admits that EPA requires

8   registrants of herbicides to submit extensive data in support of the human health and

9   environmental safety of their products and further admits that EPA will not register or approve

10   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining

11   allegations in paragraph 32 set forth conclusions of law for which no response is required.

12   33.   Monsanto admits that Roundup®-branded products are registered by EPA for

13   manufacture, sale and distribution and are registered by the State of Illinois for sale and

14   distribution.

15   34.   In response to the allegations in paragraph 34, Monsanto admits that EPA has

16   undertaken a regulatory review of glyphosate and further admits that EPA has not released its

17   final findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

18   Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

19   concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

20   humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

21   posted an October 2015 final report by its standing Cancer Assessment Review Committee

22   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

23   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

24

25   [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/

26   document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic

27   potential.
   [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,

28   U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*

*(Footnote continued)*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-08270-VC

1    issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

2    the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

3    humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

4    of the remaining allegations in paragraph 34 and therefore denies those allegations.

5           35.    In response to the allegations in paragraph 35, Monsanto admits that an EPA

6    review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

7    changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

8    evidence, including but not limited to three animal carcinogenicity studies.  Monsanto states that

9    EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In

10   addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report

11   discussed above, specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate."

---

*Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.
[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-08270-VC

1

2

3

4

*Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

5

Monsanto denies the remaining allegations in paragraph 35.

6

7

8

9

10

11

12

13

36.     In response to the allegations in paragraph 36, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 36 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

37.     In response to the allegations in the first sentence of paragraph 37, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.  Monsanto denies the allegations in the final sentence of paragraph 37 to the extent they suggest that EPA evaluated IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid

28

IBT studies.  To the extent that the allegations in paragraph 37 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

38.     In response to the allegations in paragraph 38, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

39.     In response to the allegations in paragraph 39, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto further admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 39 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

40.     Monsanto denies the allegations in paragraph 40.

41.     In response to the allegations in the first sentence of paragraph 41, Monsanto admits that the patent for glyphosate expired in the United States in 2000.  In response to the remaining allegations in paragraph 41, Monsanto admits that, following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

42.     Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 42 and accordingly denies those allegations. In response to the allegations in the final sentence of paragraph 42, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides.  The remaining allegations in paragraph 42 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

43.     Monsanto denies the allegations in paragraph 43.

44.     In response to the allegations in the first sentence of paragraph 44, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  In response to the allegations in the second sentence of paragraph 44, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 44 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

45.     In response to the allegations in paragraph 45, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable", but denies the allegations to the extent they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 45.

46.     In response to the allegations in the first sentence of paragraph 46, Monsanto denies that IARC follows strict procedures for the evaluation of a chemical agent.  Monsanto denies the allegations in the second sentence of paragraph 46.  In response to the allegations in the final sentence of paragraph 46, Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

47.     Monsanto denies the allegations in paragraph 47 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

48.     In response to the allegations in paragraph 48, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the

- 10 -

1   monograph was prepared by a "working group" of individuals selected by IARC who met over a

2   one week period in March 2015 to consider glyphosate along with a number of other substances.

3   Monsanto denies the allegation that all members of the working group were "neutral experts."

4   Monsanto denies that the working group or anyone at IARC conducted a one-year review of the

5   scientific evidence related to glyphosate.

6          49.     The allegations in the first sentence of paragraph 49 are vague and conclusory.

7   To the extent they purport to characterize statements made in the IARC monograph for

8   glyphosate, the statements in that document stand for themselves, but Monsanto lacks

9   information or knowledge sufficient to form a belief as to the accuracy of the source of said

10  information and accordingly denies the allegations. In response to the remaining allegations in

11  paragraph 49, to the extent the allegations purport to characterize statements made in the IARC

12  monograph for glyphosate, the statements in that document stand for themselves, but to the

13  extent that these remaining allegations mean that more than *de minimis* amounts of exposure are

14  present, the allegations in paragraph 49 are denied.

15         50.     Monsanto denies the allegations in paragraph 50.  The IARC working group

16  concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

17  which, per IARC's guidelines, means that the working group could not rule out chance, bias or

18  confounding so as to reach any conclusion of an increased risk.

19         51.     In response to the allegations regarding DNA and chromosome damage in

20  paragraph 51, Monsanto admits that the working group cited to a study that it concluded

21  provided evidence of chromosomal damage in community residents reported to be exposed to

22  glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of

23  the study reached such a conclusion.  In response to the allegations regarding tumors in rodent

24  studies in paragraph 51, Monsanto denies that the animal carcinogenicity studies of glyphosate in

25  the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.

26  Monsanto further states that regulatory agencies around the world have reviewed the same

27  animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.

28  In response to the allegations regarding blood and urine in paragraph 51, Monsanto admits that

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-08270-VC

the IARC working group purported to make these findings but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or persist in human blood or urine.  Monsanto denies the remaining allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 52.

53.     To the extent that the allegations in paragraph 53 characterize statements relating to glyphosate made in the EPA's Fact Sheet on Release Patterns (which is part of the agency's Drinking Water and Health, National Primary Drinking Water regulations), the statements in that document speak for themselves but should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans. In response to the remaining allegations in paragraph 53, to the extent these allegations suggest that more than *de minimis* amounts of exposure that are well within regulatory safety limits in various locations and media are present, those allegations are denied.

54.     In response to the allegations in paragraph 54, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 54.

55.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies those allegations.

56.     Monsanto incorporates by reference its responses to paragraphs I.A. through 55 in response to paragraph 56 of plaintiff's Complaint.

57.     In response to the allegations paragraph 57, Monsanto admits that plaintiff purports to bring a claim for strict liability design defect, but denies any liability as to that claim.

58.     In response to the allegations in paragraph 58, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that decedent used

Roundup®-branded products and therefore denies that allegation.  Monsanto denies the remaining allegations in paragraph 58.

59.     Monsanto denies the allegations in paragraph 59.

60.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore denies those allegations.

61.     Monsanto denies the allegations in paragraph 61.

62.     Monsanto denies the allegations in paragraph 62.

63.     Monsanto denies the allegations in paragraph 63.

64.     Monsanto denies the allegations in paragraph 64 and each of its subparts.

65.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 65 concerning decedent's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 65, including that Roundup®-branded products have "dangerous characteristics."

66.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 66 concerning decedent's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 66, including that Roundup®-branded products have "dangerous characteristics."

67.     Monsanto denies the allegations in paragraph 67.

68.     Monsanto denies the allegations in paragraph 68.

69.     Monsanto denies the allegations in paragraph 69.

70.     Monsanto denies the allegations in paragraph 70.

71.     Monsanto denies the allegations in paragraph 71.

72.     Monsanto denies the allegations in paragraph 72.

73.     Monsanto denies the allegations in paragraph 73.

74.     Monsanto denies the allegations in paragraph 74.

75.     In response to the allegations in the first sentence of paragraph 75, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

1   fees as allowed by law and such further and additional relief as this Court may deem just and

2   proper.  The remaining allegations in paragraph 75 set forth conclusions of law for which no

3   response is required.

4        76.     Monsanto incorporates by reference its responses to paragraphs 1 through

5   paragraph 75 in response to paragraph 76 of plaintiff's Complaint.

6        77.     In response to the allegations in paragraph 77, Monsanto admits that plaintiff

7   purports to bring a claim for strict liability failure to warn, but denies any liability as to that

8   claim.

9        78.     Monsanto denies the allegations in paragraph 78.

10        79.     In response to the allegations in paragraph 79, Monsanto lacks information or

11   knowledge sufficient to form a belief as to the truth of the allegation that decedent or other

12   entities identified purchased or used Roundup®-branded products and therefore denies that

13   allegation.  The allegations in paragraph 79 also set forth conclusions of law for which no

14   response is required.  Monsanto denies the remaining allegations in paragraph 79.

15        80.     The allegations in paragraph 80 set forth conclusions of law for which no

16   response is required.

17        81.     Monsanto denies the allegations in paragraph 81.  All labeling of Roundup®-

18   branded products has been and remains EPA-approved and in compliance with all federal

19   requirements under FIFRA.

20        82.     Monsanto denies the allegations in paragraph 82.

21        83.     Monsanto denies the allegations in paragraph 83.

22        84.     Monsanto denies the allegations in paragraph 84.

23        85.     Monsanto lacks information or knowledge sufficient to form a belief as to the

24   truth of the allegations in paragraph 85 and therefore denies those allegations.

25        86.     Monsanto lacks information or knowledge sufficient to form a belief as to the

26   truth of the allegations in paragraph 86 concerning decedent's alleged use of Roundup®-branded

27   products and therefore denies those allegations.  Monsanto denies the remaining allegations in

28   paragraph 86, including that Roundup®-branded products have "dangerous characteristics."

87.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 87 concerning decedent's alleged use of and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 87, including that Roundup®-branded products have "dangerous characteristics."

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     In response to the allegations in the first sentence of paragraph 97, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The remaining allegations in paragraph 97 set forth conclusions of law for which no response is required.

98.     Monsanto incorporates by reference its responses to paragraphs 1 through 97 in response to paragraph 98 of plaintiff's Complaint.

99.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 99 regarding the specific products allegedly used by decedent or any advertising or marketing allegedly seen or considered by decedent and therefore denies the allegations in paragraph 99.

100.    The allegations in paragraph 100 set forth conclusions of law for which no response is required.

101.    The allegations in paragraph 101 set forth conclusions of law for which no response is required.

102.    Monsanto denies the allegations in paragraph 102.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

105.    Monsanto denies the allegations in paragraph 105.

106.    Monsanto denies the allegations in paragraph 106.

107.    Monsanto denies the allegations in paragraph 107, including each of its subparts.

108.    Monsanto denies the allegations in paragraph 108.

109.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 109 regarding decedent's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 109, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

110.    Monsanto denies the allegations in paragraph 110.

111.    Monsanto denies the allegations in paragraph 111.

112.    Monsanto denies the allegations in paragraph 112.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

113.    In response to the allegations in the first sentence of paragraph 113, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The remaining allegations in paragraph 113 set forth conclusions of law for which no response is required.

114.    Monsanto incorporates by reference its responses to paragraphs 1 through 113 in response to paragraph 114 of plaintiff's Complaint.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto denies the allegations in paragraph 116.

117.    Monsanto denies the allegations in paragraph 117.

118.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 118 and therefore denies those allegations.

119.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 119 and therefore denies those allegations.

120.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 120 and therefore denies those allegations.

121.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 121 and therefore denies those allegations.

122.    In response to the allegations in the first sentence of paragraph 122, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The remaining allegations in paragraph 122 set forth conclusions of law for which no response is required.

123.    Monsanto incorporates by reference its responses to paragraphs 1 through 122 in response to paragraph 123 of plaintiff's Complaint.

124.    Monsanto denies the allegations in paragraph 124.

125.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 125 regarding decedent's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 125 set forth conclusions of law for which no response is required.

126.    Monsanto denies the allegations in paragraph 126.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

127.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 127 regarding the claimed use of and exposure to Roundup®-branded products by decedent's and therefore denies those allegations.  The remaining allegations in paragraph 127 set forth conclusions of law for which no response is required.

128.    The allegations in paragraph 128 set forth conclusions of law for which no response is required.

129.    The allegations in paragraph 129 set forth conclusions of law for which no response is required.

130.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 130 and therefore denies those allegations.

131.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 regarding the claimed use of Roundup®-branded products by decedent and others and therefore denies those allegations.  The remaining allegations in paragraph 131 set forth conclusions of law for which no response is required.

132.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 132 regarding decedent's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 132 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 132.

133.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 133 regarding decedent's claimed use of or exposure to Roundup®-branded products or decedent's claimed reliance and therefore denies those allegations.  The allegation in paragraph 133 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.

134.    Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

1   allegations in paragraph 134 regarding plaintiff's decedent's knowledge about Roundup®-

2   branded products and therefore denies the remaining allegations in paragraph 134.

3        135.    Monsanto denies the allegations in paragraph 135.

4        136.    Monsanto denies the allegations in paragraph 136.

5        137.    Monsanto denies the allegations in paragraph 137.  All labeling of Roundup®-

6   branded products has been and remains EPA-approved and in compliance with all federal

7   requirements under FIFRA.

8        138.    In response to the allegations in the first sentence of paragraph 138, Monsanto

9   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

10   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

11   fees as allowed by law and such further and additional relief as this Court may deem just and

12   proper.  The remaining allegations in paragraph 138 set forth conclusions of law for which no

13   response is required.

14        139.    Monsanto incorporates by reference its responses to paragraphs 1 through 138 in

15   response to paragraph 139 of plaintiff's Complaint.

16        140.    Monsanto denies the allegations in paragraph 140.

17        141.    Monsanto denies the allegations in paragraph 141.

18        142.    Monsanto denies the allegations in paragraph 142.

19        143.    Monsanto denies the allegations in paragraph 143.

20        144.    Monsanto denies the allegations in paragraph 144.

21        145.    Monsanto denies the allegations in paragraph 145.

22        146.    Monsanto denies the allegations in paragraph 146.

23        147.    Monsanto denies the allegations in paragraph 147.

24        148.    Monsanto denies the allegations in paragraph 148.

25        149.    In response to the allegations in paragraph 149, Monsanto demands that judgment

26   be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

27   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

28   by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.      Plaintiff's claims against Monsanto are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's and/or decedent's alleged injuries.

4.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

7.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-08270-VC

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

9. Plaintiff's claims are barred, in whole or in part, because decedent's injuries, if any, were the result of conduct of decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

10. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims in whole or in part.

11. Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

12. Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

13. If plaintiff and/or decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's and/or decedent's alleged injuries or damages.

14. Monsanto had no legal relationship or privity with plaintiff and/or decedent and owed no duty to them by which liability could be attributed to it.

15. Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

16. Plaintiff's claims for punitive and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Illinois Constitution, and/or other applicable state laws.

17.     Plaintiff's claims for punitive and/or treble damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under the laws of Illinois and/or other applicable state laws.

18.     Plaintiff's claims for punitive and/or treble damages are barred and/or limited by operation of state and/or federal law.

19.     Plaintiff's claims are barred in whole or in part by decedent's contributory/comparative negligence.

20.     Plaintiff's claims are barred in whole or in part by plaintiff's and/or decedent's failure to mitigate damages.

21.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

22.     If plaintiff and/or decedent have been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a Monsanto product.

23.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

24.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

25.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff and/or decedent have received and/or will receive from collateral sources.

26.     Plaintiff has failed to plead fraud with sufficient particularity.

27.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff and/or decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiff and/or decedent failed to give notice of any breach thereof.

28.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  January 15, 2020

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-08270-VC