**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Gerald Wayne Brown and Joyce L. Brown,* *individually and as husband and wife* *v. Monsanto Co.,* Case No. 3:19-cv-08376-VC | |

### MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiffs' Complaint.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  Monsanto admits the allegations in the second sentence of paragraph 7.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 8 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 8.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

10.     Monsanto admits the allegations in paragraph 10.

11.     The allegations in paragraph 11 comprise attorney characterizations and are accordingly denied.

12.     In response to the allegations in paragraph 12, Monsanto admits that it sells Roundup®-branded products in Missouri.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15. The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16. Monsanto admits the allegations in paragraph 16.

17. Monsanto admits that it is authorized to do business in Missouri. The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18. The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19. Monsanto denies the allegations in paragraph 19.

20. Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products. The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21. Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world. Monsanto states that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

22. Monsanto admits the allegations in paragraph 22.

23. Monsanto admits the allegations in paragraph 23.

24. In response to the allegations in paragraph 24, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 24 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08376-VC

25.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 25 comprise attorney characterizations and are accordingly denied.

26.     Monsanto admits the allegations in paragraph 26.

27.     Monsanto generally admits the allegations in paragraph 27, but denies the allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

28.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

29.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 29 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 29.

30.     Monsanto admits the allegations in paragraph 30.

31.     In response to the allegations in paragraph 31, Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 31.

32.     The allegations in paragraph 32 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

1    Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 33 set forth

2    conclusions of law for which no response is required.

3          34.     The allegations in paragraph 34 set forth conclusions of law for which no

4    response is required.

5          35.     Monsanto admits that Roundup®-branded products are registered by EPA for

6    manufacture, sale and distribution and are registered by the State of Missouri for sale and

7    distribution.

8          36.     In response to the allegations in paragraph 36, Monsanto admits that EPA requires

9    registrants of herbicides to submit extensive data in support of the human health and

10   environmental safety of their products and further admits that EPA will not register or approve

11   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

12   states that the term "the product tests" in the final sentence of paragraph 36 is vague and

13   ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 36

14   set forth conclusions of law for which no answer is required.

15         37.     Monsanto denies the allegations in paragraph 37 to the extent that they suggest

16   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

17   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

18   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

19   of the allegations in paragraph 37 regarding such pesticide products generally and therefore

20   denies those allegations.  The remaining allegations in paragraph 36 set forth conclusions of law

21   for which no response is required.

22         38.     Monsanto admits that the International Agency for Research on Cancer ("IARC")

23   is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

24   lacks information or knowledge sufficient to form a belief as to the truth of the remaining

25   allegations in paragraph 38 and therefore denies those allegations.

26         39.     Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 39 and therefore denies those allegations.  Monsanto denies

28   that glyphosate met the criteria necessary to be eligible for review.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08376-VC

40.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

41.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

42.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 42, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 42 comprise attorney characterizations and are accordingly denied.

43.     In response to the allegations in paragraph 43, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 43 comprise attorney characterizations and are accordingly denied.

44.     In response to the allegations in paragraph 44, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 44 comprise attorney characterizations and are accordingly denied.

45.     Monsanto denies the allegations in paragraph 45.

46.     In response to the allegations in paragraph 46, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

47.     Monsanto admits the allegations in paragraph 47.

1   48.     In response to the allegations in paragraph 48, Monsanto states that the cited

2   document speaks for itself and does not require a response.  To the extent that the allegations in

3   paragraph 48 go beyond a restatement of the cited document, Monsanto lacks information or

4   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 48

5   and therefore denies those allegations.

6   49.     Monsanto denies the allegations in paragraph 49.

7   50.     Monsanto admits the allegations in the first sentence of paragraph 50.  In response

8   to the allegations in the second sentence of paragraph 50, Monsanto states that the cited

9   document speaks for itself and does not require a response.  To the extent that the allegations in

10  the second sentence of paragraph 50 characterize the meaning of the cited study, Monsanto

11  denies the remaining allegations in paragraph 50.

12  51.     In response to the allegations in the first sentence of paragraph 51, Monsanto

13  states that the cited document speaks for itself and does not require a response.  To the extent

14  that the first sentence of paragraph 51 characterizes the meaning of the cited study, Monsanto

15  denies the remaining allegations in the first sentence of paragraph 51.  Monsanto denies the

16  allegations in the second sentence of paragraph 51.

17  52.     Monsanto states that the term "toxic" as used in paragraph 52 is vague and

18  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

19  denies the allegations in paragraph 52.

20  53.     Monsanto admits the allegations in paragraph 53.

21  54.     In response to the allegations in paragraph 54, Monsanto states that the document

22  speaks for itself and does not require a response.  To the extent that the allegations in paragraph

23  54 characterize the meaning of the cited study, Monsanto denies those allegations in paragraph

24  54.  Monsanto denies the remaining allegations in paragraph 54.

25  55.     In response to the allegations in paragraph 55, Monsanto admits that Julie Marc

26  published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

27  the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the

28  remaining allegations in paragraph 55.

1    56.    In response to the allegations in paragraph 56, Monsanto states that these

2    documents speak for themselves and do not require a response.  To the extent that a response is

3    deemed required, Monsanto denies the allegations in paragraph 56.

4    57.    In response to the allegations in paragraph 57, Monsanto states that the cited

5    document speaks for itself and does not require a response.  To the extent that paragraph 57

6    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

7    paragraph 57.

8    58.    Monsanto denies the allegations in paragraph 58.

9    59.    In response to the allegations in paragraph 59, Monsanto states that the cited

10    document speaks for itself and does not require a response.  To the extent that paragraph 59

11    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

12    paragraph 59.

13    60.    In response to the allegations in paragraph 60, Monsanto states that the cited

14    document speaks for itself and does not require a response.  To the extent that paragraph 60

15    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

16    paragraph 60.

17    61.    Monsanto denies the allegation that the cited studies support the allegation that

18    glyphosate or Roundup®-branded products pose any risk to human health and denies the

19    remaining allegations in paragraph 61.

20    62.    Monsanto denies the allegations in paragraph 62.

21    63.    In response to the allegations in paragraph 63, Monsanto admits that an EPA

22    review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

23    denies the remaining allegations in paragraph 63.

24    64.    In response to the allegations in paragraph 64, Monsanto admits that EPA

25    changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

26    evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

27    denies the remaining allegations in paragraph 64.

28

1      65.      In response to the allegations in paragraph 65, Monsanto admits that plaintiffs

2   have accurately quoted from one passage in an EPA document in 1991 with respect to the

3   designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

4   does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP

5   reports and the EPA CARC Final Report discussed above, other specific findings of safety

6   include:

7          •   "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
              evidence of non-carcinogenicity for humans—based on the lack of convincing
8             evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
              Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
9             http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

10         •   "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
              60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
11
           •   "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
12            Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

13         •   "There is [an] extensive database available on glyphosate, which indicate[s] that
              glyphosate is not mutagenic, not a carcinogen, and not a developmental or
14            reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
              73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).
15
           •   "EPA has concluded that glyphosate does not pose a cancer risk to humans."
16            Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be
              codified at 40 C.F.R. pt. 180).
17
           •   "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible
18            cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body
              of research does not provide evidence to show that [g]lyphosate causes cancer and
19            does not warrant any change in EPA's cancer classification for [g]lyphosate."
              *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder
20            Perspectives:  Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th
              Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of
21            Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-
              5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk
22            Statement").

23   Monsanto denies the remaining allegations in paragraph 65.

24      66.      In response to the allegations in paragraph 66, Monsanto admits that it – along

25   with a large number of other companies and governmental agencies – was defrauded by two

26   chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

27   testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

28

- 9 -

1  toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

2  glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

3  studies.  To the extent that the allegations in paragraph 66 are intended to suggest that Monsanto

4  was anything other than a victim of this fraud, such allegations are denied.

5       67.    In response to the allegations in paragraph 67, Monsanto admits that IBT

6  Laboratories was hired to conduct toxicity studies in connection with the registration of a

7  Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

8  based upon any fraudulent or false IBT studies.

9       68.    Monsanto denies the allegations in paragraph 68 to the extent they suggest that

10  EPA performed an inspection of IBT Laboratories solely or specifically in connection with

11  studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

12  Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

13  connection with services provided to a broad number of private and governmental entities and

14  that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

15  one of several pesticide manufacturers who had used IBT test results.  The audit found some

16  toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

17  Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

18  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

19  based upon any invalid IBT studies.  To the extent that the allegations in paragraph 68 are

20  intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

21  denies those allegations.

22       69.    In response to the allegations in paragraph 69, Monsanto admits that three IBT

23  employees were convicted of the charge of fraud, but Monsanto denies that any of the

24  individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

25  herbicides.

26       70.    In response to the allegations in the first sentence of paragraph 70, Monsanto

27  admits that it – along with numerous other private companies – hired Craven Laboratories as an

28  independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08376-VC

1  otherwise denies the remaining allegations in the first sentence of paragraph 70. In response to

2  the remaining allegations of paragraph 70, Monsanto admits that EPA investigated Craven

3  Laboratories in March 1991 for fraud.  To the extent that the remaining allegations paragraph 70

4  are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

5  denies those allegations.

6       71.     In response to the allegations in paragraph 71, Monsanto admits that it was

7  defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

8  at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 71

9  are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

10  denies those allegations.

11       72.     In response to the allegations in paragraph 72, Monsanto admits that the New

12  York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

13  advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

14  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

15  General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

16  the subparts purport to quote a document, the document speaks for itself and thus does not

17  require any further answer.  The remaining allegations in paragraph 72 are vague and conclusory

18  and comprise attorney characterizations and are accordingly denied.

19       73.     In response to the allegations in paragraph 73, Monsanto admits it entered into an

20  assurance of discontinuance with the New York Attorney General.  The assurance speaks for

21  itself and thus does not require any further answer.  The remaining allegations in paragraph 73

22  are vague and conclusory and comprise attorney characterizations and are accordingly denied.

23       74.     Monsanto denies the allegations in paragraph 74.

24       75.     In response to the allegations in paragraph 75, Monsanto admits that the French

25  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

26  that it "left the soil clean," but denies the allegations in paragraph 75 to the extent that they

27  suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

28  cancer.  Monsanto denies the remaining allegations in paragraph 75.

1    76.    In response to the allegations in paragraph 76, Monsanto admits that it has stated

2  and continues to state that Roundup®-branded products are safe when used as labeled and that

3  they are non-carcinogenic and non-genotoxic.  Monsanto denies the remaining allegations in

4  paragraph 76.

5    77.    In response to the allegations in paragraph 77, Monsanto admits that a 1986 joint

6  report of the World Health Organization and Food and Agriculture Organization of the United

7  Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

8  Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

9  Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

10  carcinogen.  Monsanto denies the remaining allegations in paragraph 77.

11    78.    Monsanto denies the allegations in paragraph 78.

12    79.    Monsanto denies the allegations in paragraph 79.

13    80.    Monsanto denies the allegations in paragraph 80.

14    81.    Monsanto denies the allegations in paragraph 81.

15    82.    Monsanto denies the allegations in paragraph 82.

16    83.    Monsanto denies the allegations in paragraph 83.

17    84.    Monsanto denies the allegations in paragraph 84.

18    85.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19  truth of the allegations regarding plaintiff's use in paragraph 85 and therefore denies those

20  allegations.  Monsanto denies the remaining allegations in paragraph 85.

21    86.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22  truth of the allegations in paragraph 86 and therefore denies those allegations.

23    87.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24  truth of the allegations in the first sentence of paragraph 87 and therefore denies those

25  allegations.

26    88.    Monsanto denies the allegations in paragraph 88.

27    89.    Monsanto incorporates by reference its responses to paragraphs 1 through 88 in

28  response to paragraph 89 of plaintiffs' Complaint.

90.    Monsanto denies the allegations in paragraph 90.

91.    In response to the allegations in paragraph 91, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

92.    In response to the allegations in paragraph 92, Monsanto states that the cited document speaks for itself and does not require a response.

93.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 93.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

94.    Monsanto denies the allegations in paragraph 94.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

95.    Monsanto denies the allegations in the last sentence of paragraph 95.  The remaining allegations in paragraph 95 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

96.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The remaining allegations in paragraph 96 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

97.    Monsanto incorporates by reference its responses to paragraphs 1 through 96 in response to paragraph 97 of plaintiffs' Complaint.

1    98.    In response to the allegations in paragraph 98, Monsanto admits that plaintiffs

2  purport to bring a claim for strict liability design defect, but denies any liability as to that claim.

3    99.    In response to the allegations in paragraph 99, Monsanto lacks information or

4  knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used

5  Roundup®-branded products and therefore denies that allegation.  Monsanto denies the

6  remaining allegations in paragraph 99.

7    100.    Monsanto denies the allegations in paragraph 100.

8    101.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9  truth of the allegations in paragraph 101 and therefore denies those allegations.

10    102.    Monsanto denies the allegations in paragraph 102.

11    103.    Monsanto denies the allegations in paragraph 103.

12    104.    Monsanto denies the allegations in paragraph 104.

13    105.    Monsanto denies the allegations in paragraph 105 and each of its subparts.

14    106.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations in paragraph 106 concerning plaintiff's claimed use of Roundup®-branded

16  products and therefore denies those allegations.  Monsanto denies the remaining allegations in

17  paragraph 106, including that Roundup®-branded products have "dangerous characteristics."

18    107.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19  truth of the allegations in paragraph 107 concerning plaintiff's claimed use of Roundup®-branded

20  products and therefore denies those allegations.  Monsanto denies the remaining allegations in

21  paragraph 107, including that Roundup®-branded products have "dangerous characteristics."

22    108.    Monsanto denies the allegations in paragraph 108.

23    109.    Monsanto denies the allegations in paragraph 109.

24    110.    Monsanto denies the allegations in paragraph 110.

25    111.    Monsanto denies the allegations in paragraph 111.

26    112.    Monsanto denies the allegations in paragraph 112.

27    113.    Monsanto denies the allegations in paragraph 113.

28    114.    Monsanto denies the allegations in paragraph 114.

1    115.    Monsanto denies the allegations in paragraph 115.

2    116.    Monsanto denies the allegations in paragraph 116.

3    In response to the "WHEREFORE" paragraph following paragraph 116, Monsanto

4    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

5    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

6    fees as allowed by law and such further and additional relief as this Court may deem just and

7    proper.

8    117.    Monsanto incorporates by reference its responses to paragraphs 1 through 116 in

9    response to paragraph 117 of plaintiffs' Complaint.

10    118.    In response to the allegations in paragraph 118, Monsanto admits that plaintiffs

11    purport to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

12    119.    Monsanto denies the allegations in paragraph 119.

13    120.    In response to the allegations in paragraph 120, Monsanto lacks information or

14    knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other

15    entities identified purchased or used Roundup®-branded products and therefore denies that

16    allegation.  The allegations in paragraph 120 also set forth conclusions of law for which no

17    response is required.  Monsanto denies the remaining allegations in the Complaint's second-

18    numbered paragraph 120.

19    121.    The allegations in paragraph 121 set forth conclusions of law for which no

20    response is required.

21    122.    The allegations in paragraph 122 set forth conclusions of law for which no

22    response is required.

23    123.    Monsanto denies the allegations in paragraph 123.  All labeling of Roundup®-

24    branded products has been and remains EPA-approved and in compliance with all federal

25    requirements under FIFRA.

26    124.    Monsanto denies the allegations in paragraph 124.

27    125.    Monsanto denies the allegations in paragraph 125.

28    126.    Monsanto denies the allegations in paragraph 126.

1      127.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 127 and therefore denies those allegations.

3      128.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 128 concerning plaintiff's alleged use of Roundup®-branded

5    products and therefore denies those allegations.  Monsanto denies the remaining allegations in

6    paragraph 128, including that Roundup®-branded products have "dangerous characteristics."

7      129.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 129 concerning plaintiff's alleged use and exposure to

9    Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

10   remaining allegations in paragraph 129, including that Roundup®-branded products have

11   "dangerous characteristics."

12     130.    Monsanto denies the allegations in the first sentence of paragraph 130.  Monsanto

13   lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the

14   second sentence of paragraph 130 and therefore denies those allegations.

15     131.    Monsanto denies the allegations in paragraph 131.

16     132.    Monsanto denies the allegations in paragraph 132.

17     133.    Monsanto denies the allegations in paragraph 133.

18     134.    Monsanto denies the allegations in paragraph 134.

19     135.    Monsanto denies the allegations in paragraph 135.

20     136.    Monsanto denies the allegations in paragraph 136.

21     137.    Monsanto denies the allegations in paragraph 137.

22     138.    Monsanto denies the allegations in paragraph 138.

23     In response to the "WHEREFORE" paragraph following paragraph 138, Monsanto

24   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

25   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

26   fees as allowed by law and such further and additional relief as this Court may deem just and

27   proper.

28

- 16 -

139.    Monsanto incorporates by reference its responses to paragraphs 1 through 138 in response to paragraph 139 of plaintiffs' Complaint.

140.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 140 regarding the specific products allegedly used by plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore denies the allegations in paragraph 140.

141.    The allegations in paragraph 141 set forth conclusions of law for which no response is required.

142.    The allegations in paragraph 142 set forth conclusions of law for which no response is required.

143.    Monsanto denies the allegations in paragraph 143.

144.    Monsanto denies the allegations in paragraph 144.

145.    Monsanto denies the allegations in paragraph 145.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

146.    Monsanto denies the allegations in paragraph 146.

147.    Monsanto denies the allegations in paragraph 147.

148.    Monsanto denies the allegations in paragraph 148, including each of its subparts.

149.    Monsanto denies the allegations in paragraph 149.

150.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 150 regarding plaintiff's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 150, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

151.    Monsanto denies the allegations in paragraph 151.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

- 17 -

1    In response to the "WHEREFORE" paragraph following paragraph 153, Monsanto

2    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

3    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

4    fees as allowed by law and such further and additional relief as this Court may deem just and

5    proper.

6    154.    In response to the allegations in paragraph 154, Monsanto denies that plaintiffs

7    have alleged fraud, let alone fraud with specificity.  Monsanto incorporates by reference its

8    responses to paragraphs 1 through 153 in response to paragraph 154 of plaintiffs' Complaint.

9    155.    Monsanto denies the allegations in paragraph 155.

10   156.    Monsanto denies the allegations in paragraph 156.

11   157.    Monsanto denies the allegations in paragraph 157.

12   158.    Monsanto denies the allegations in paragraph 158.

13   159.    Monsanto denies the allegations in paragraph 159.

14   160.    Monsanto denies the allegations in paragraph 160.

15   161.    Monsanto denies the allegations in paragraph 161.

16   162.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 162 regarding plaintiff's actions, and therefore Monsanto

18   denies those allegations.  Monsanto denies the remaining allegations in paragraph 162.

19   163.    Monsanto denies the allegations in paragraph 163.

20   164.    Monsanto denies the allegations in paragraph 164.

21   In response to the "WHEREFORE" paragraph following paragraph 164, Monsanto

22   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

23   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

24   fees as allowed by law and such further and additional relief as this Court may deem just and

25   proper.

26   165.    Monsanto incorporates by reference its responses to paragraphs 1 through 164 in

27   response to paragraph 165 of plaintiffs' Complaint.

28

- 18 -

166.    Monsanto admits that plaintiffs purport to bring certain claims alleged in paragraph 166 of the Complaint but denies any liability as to those claims.

167.    Monsanto denies the allegations in paragraph 167.

168.    Monsanto denies the allegations in paragraph 168.

169.    Monsanto denies the allegations in paragraph 169.

170.    Monsanto denies the allegations in paragraph 170.

171.    Monsanto denies the allegations in paragraph 171.

172.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 172 regarding plaintiffs' actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 172.

173.    Monsanto denies the allegations in paragraph 173.

In response to the "WHEREFORE " paragraph following paragraph 173, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

174.    Monsanto incorporates by reference its responses to paragraphs 1 through 173 in response to paragraph 174 of the plaintiffs' Complaint.

175.    Monsanto admits that plaintiffs purport to bring certain claims alleged in paragraph 175 of the Complaint but denies any liability as to those claims.

176.    The allegations in paragraph 176 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 176.

177.    Monsanto denies the allegations in paragraph 177.

178.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 178 regarding plaintiff's actions, and therefore Monsanto denies those allegations.

179.    Monsanto denies the allegations in paragraph 179.

1   180.   Monsanto denies the allegations in paragraph 180.

2   181.   Monsanto denies the allegations in paragraph 181.

3   182.   Monsanto denies the allegations in paragraph 182.

4   183.   Monsanto admits that plaintiffs purport to bring an action under Missouri law but

5   denies any liability to plaintiffs.  Monsanto denies the remaining allegations in paragraph 1.

6   In response to the "WHEREFORE" paragraphs following paragraph 183, Monsanto

7   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

8   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

9   fees as allowed by law and such further and additional relief as this Court may deem just and

10  proper.

11  184.   Monsanto incorporates by reference its responses to paragraphs 1 through 183 in

12  response to paragraph 184 of plaintiff's Complaint.

13  185.   Monsanto denies the allegations in paragraph 185.

14  186.   In response to the allegations in paragraph 186, Monsanto admits that it has sold

15  glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further

16  states that paragraph 186 sets forth conclusions of law for which no response is required.

17  Monsanto denies the remaining allegations in paragraph 186.

18  187.   Monsanto denies the allegations in the first and second sentences of paragraph

19  187.  All labeling of Roundup®-branded products has been and remains EPA-approved and in

20  compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

21  of paragraph 187 sets forth conclusions of law for which no response is required.

22  188.   The allegations in paragraph 188 set forth conclusions of law for which no

23  response is required.

24  189.   Monsanto denies the allegations in paragraph 189.

25  190.   Monsanto denies the allegations in paragraph 190 and each of its subparts.

26  191.   Monsanto denies the allegations in paragraph 191.

27

28

192.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 192 regarding plaintiff's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 192.

193.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 193 and therefore denies those allegations.

194.    Monsanto denies the allegations in paragraph 194.

195.    Monsanto denies the allegations in paragraph 195.

In response to the "WHEREFORE" paragraph following paragraph 195, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

196.    Monsanto incorporates by reference its responses to paragraphs 1 through 195 in response to paragraph 196 of plaintiff's Complaint.

197.    Monsanto denies the allegations in paragraph 197.

198.    Monsanto denies the allegations in paragraph 198.

199.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 199 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 199 set forth conclusions of law for which no response is required.

200.    Monsanto denies the allegations in paragraph 200.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

201.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 201 regarding plaintiff's reliance and therefore denies those allegations.  The remaining allegations in paragraph 201 set forth conclusions of law for which no response is required.

202.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 202 and therefore denies those allegations.

203.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 203 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 203 set forth conclusions of law for which no response is required.

204.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 204 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 204 regarding Monsanto's implied warranties sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 204.

205.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 205 concerning plaintiff's reliance or plaintiff's claimed use of any Roundup®-branded product and therefore denies those allegations.  The remaining allegations in paragraph 205 set forth conclusions of law for which no response is required.

206.     Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 206 concerning plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 206.

207.     Monsanto denies the allegations in paragraph 207.

208.     Monsanto denies the allegations in paragraph 208.

209.     Monsanto denies the allegations in paragraph 209.

In response to the "WHEREFORE" paragraph following paragraph 209, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

210.     Monsanto incorporates by reference its responses to paragraphs 1 through 209 in response to paragraph 210 of the plaintiffs' Complaint.

211.    The allegations in paragraph 211 set forth conclusions of law for which no response is required.

212.    Monsanto denies the allegations in paragraph 212.

In response to the "WHEREFORE" paragraphs following paragraph 212, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.    Venue in the Eastern District of Missouri may be inconvenient.

3.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

5.    Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by

Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.     Plaintiffs' claims for punitive, exemplary, and/or aggravated damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Missouri Constitution, the Texas Constitution, and/or other applicable state constitutions.

18.     Plaintiffs' claims for punitive, exemplary, and/or aggravated damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Missouri law, Texas law, and/or other applicable state laws.

19.     Plaintiffs' claims for punitive, exemplary, and/or aggravated damages are barred and/or limited by operation of state and/or federal law, including Missouri Revised Statute § 510.265.1 and Tex. Civ. Prac. & Rem. Code Ann. §§ 41.004(a), 41.008(b).

20.     Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiffs and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiffs have failed to clearly establish any entitlement to punitive, exemplary, and/or aggravated damages based on their allegations.

21.     Plaintiffs' claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiffs' claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

24.     To the extent that plaintiffs recovered payments for plaintiffs' alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute § 490.715.

25.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

28.     Plaintiffs have failed to allege fraud with sufficient particularity.

29.     Plaintiffs' claims are barred, in whole or in part, by application of Tex. Civ. Prac. & Rem. Code Ann. § 82.008.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

1    DATED:  January 16, 2020                  Respectfully submitted,

2

3                                              /s/ Joe G. Hollingsworth
                                               Joe G. Hollingsworth (*pro hac vice*)
                                               (jhollingsworth@hollingsworthllp.com)
4                                              Eric G. Lasker (*pro hac vice*)
                                               (elasker@hollingsworthllp.com)
5                                              HOLLINGSWORTH LLP
                                               1350 I Street, N.W.
6                                              Washington, DC  20005
                                               Telephone:    (202) 898-5800
7                                              Facsimile:    (202) 682-1639

8                                              *Attorneys for Defendant*
                                               *MONSANTO COMPANY*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 27 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08376-VC