**THE MILLER FIRM, LLC**
Michael J. Miller (pro hac vice)
Brian K. Brake (pro hac vice)
Tayjes Shah (pro hac vice)
108 Railroad Ave
Orange, VA 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
bbrake@millerfirmllc.com
tshah@millerfirmllc.com

**AUDET & PARTNERS**
Mark Burton (CA Bar No. 178400)
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Tel: (415) 568-2555
Fax: (415) 568-2556
mburton@audetlaw.com

**WILKINSON WALSH LLP**
Brian L. Stekloff (pro hac vice)
Rakesh Kilaru (pro hac vice)
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847 4030
Fax: (202) 842 4005
bstekloff@wilkinsonwalsh.com
rkilaru@wilkinsonwalsh.com

*Attorneys for Plaintiffs*              *Attorneys for Defendant*
                                        *MONSANTO COMPANY*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Elaine Stevick and Christopher Stevick v. Monsanto Co.*, 3:16-cv-02341-VC | |

## JOINT PRETRIAL CONFERENCE STATEMENT

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Civil Local Rule 16-10, and Paragraph 2 of the Standing Order for Civil Trials Before Judge Chhabria, Plaintiffs, Elaine and Christopher Stevick, and Defendant Monsanto Company ("Monsanto") hereby submit this Joint Pretrial Conference Statement for the Pretrial Conference set for February 3, 2020.

A. **DESCRIPTION OF CLAIMS AND DEFENSES:**

**Plaintiffs' Statement**

Plaintiff Elaine Stevick developed Non-Hodgkin's Lymphoma ("NHL") after exposure to Defendant Monsanto Company's glyphosate-based herbicide, Roundup® at her residence over 25.5 years from June 1989 – November 2014.

The Court has bifurcated the issue of causation for the first phase of the trial. As such, the issue for the first phase of the trial is whether Elaine Stevick's exposure to Roundup® was a substantial factor in causing her NHL.

The second phase will address liability and damages. Plaintiffs' Complaint includes a claim for punitive and/or exemplary damages and the following causes of action:

1. Strict Liability (Design Defect)
2. Strict Liability (Failure to Warn)
3. Negligence
4. Breach of Implied Warranties
5. Breach of Express Warranties
6. Loss of Consortium Claim by Christopher Stevick

Plaintiffs intend to dismiss the claims for Implied Warranties and Breach of Express Warranties.

The parties' experts have undergone *Daubert* scrutiny by the Court with the exception of Dr. Sawyer, which is set for a hearing on January 29, 2020.

**Monsanto's Statement**

Monsanto will assert the following defenses at trial: (1) Plaintiff cannot prove based on scientifically reliable evidence that Roundup caused her non-Hodgkin's lymphoma; (2)

Roundup was designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technical knowledge; (3) Roundup is not defective or unreasonably dangerous; (4) Plaintiffs' recovery, if any, should be reduced by those payments that Plaintiffs received from collateral sources; (5) Monsanto made no warranties of any kind or any representations of any nature to Plaintiffs and in any event, Plaintiffs failed to give notice of any breach thereof; and (6) Plaintiffs cannot prove any conduct warranting imposition of punitive damages.

In addition to Dr. Sawyer, Monsanto also seeks an order excluding Plaintiffs' expert, Dr. Charles Benbrook, from testifying in the *Stevick* trial. Monsanto moved to exclude Dr. Benbrook under *Daubert* in advance of the *Hardeman* trial, ECF 2417, but Plaintiffs withdrew Dr. Benbrook as an expert before the Court ruled on the *Daubert* motion, *Hardeman* Trial Tr. 2104:22-24. Monsanto reincorporates the arguments it made to exclude Dr. Benbrook prior to the *Hardeman* trial.

In addition, for purposes of appellate preservation, Monsanto asserts the following defenses: (1) Plaintiffs' claims are preempted under FIFRA and federal law; (2) Plaintiffs' warnings-based claims should be dismissed because the alleged cancer risks were not known or knowable by the scientific community; and (3) Plaintiffs have not demonstrated a right to seek punitive damages under California law.

**B.     STATEMENT OF RELIEF SOUGHT:**

**Elaine Stevick seeks the following relief at trial:**

1.     Compensatory damages in excess of the jurisdictional amount, including, but not limited to pain, suffering, emotional distress, loss of enjoyment of life, and other non-economic damages in an amount to be determined at trial;

2. Compensatory damages for past and future damages, including, but not limited to, Elaine Stevick's pain and suffering for severe and permanent personal injuries sustained by her; and

3. Economic damages in the form of medical expenses, in an amount to of $560,382.55.

**Christopher Stevick seeks the following relief at trial:**

1. Compensatory damages for his loss of consortium claim as permitted by California law.

**Both Plaintiffs seek the following relief at trial:**

1. Punitive damages;

2. Pre-judgment interest;

3. Post-judgment interest;

4. The costs of these proceedings; and

5. Such other and further relief as this Court deems just and proper.

**Monsanto's Statement**

Monsanto disagrees that any relief is warranted on Plaintiffs' claims. Monsanto respectfully seeks the following relief: (1) that the Court deny with prejudice each of Plaintiffs' claims for relief and enter judgment for Monsanto; (2) that the Court deny any claims by Plaintiffs for attorney's fees; and (3) that the Court award Monsanto costs of suit and any and all other relief to which Monsanto is justly entitled.

C. **STATEMENT OF ALL RELEVANT STIPULATED OR UNDISPUTED FACTS:**

The following facts are undisputed or stipulated:

1. Elaine Stevick was diagnosed with primary central nervous system diffuse large B-cell lymphoma, which is a subtype of non-Hodgkin's lymphoma (NHL), on January 2, 2015.

2. Elaine Stevick was 63 years old at the time of her diagnosis of NHL.

3. The medical expenses relating to Elaine Stevick's treatment for her NHL which have been paid amount to $557,624.65.

4. At all relevant times Monsanto manufactured, marketed and distributed Roundup.

D. **STATEMENT OF SETTLEMENT EFFORTS:**

There have been no settlement discussions to date.

E. **STATEMENT OF WITNESSES LIKELY TO BE CALLED BY BOTH SIDES:**

**Plaintiffs' Statement**

Attached as **Exhibit A** is Plaintiffs' Witness List.

**Monsanto's Statement**

Attached as **Exhibit B** is Monsanto's Witness List. Monsanto objects to Plaintiffs' designation of Dr. Chris Portier as a "live or deposition" witness: the Court ruled that Dr. Portier has to testify live, not by deposition.

F. **STATEMENT OF LENGTH OF TRIAL:**

**Plaintiffs' Statement**

Based on the time limits imposed by the Court and the length of the *Hardeman* trial, Plaintiffs' estimate the trial will be concluded the week of March 23, 2020.

**Monsanto's Statement**

Monsanto estimates that phase 1 will last two weeks and phase 2, if reached, will last one week.

Dated: January 20, 2020

By: /s/ Brian K. Brake
Brian K. Brake, Esq. (Pro Hac Vice)
The Miller Firm LLC
108 Railroad Avenue
Orange, VA 22960
Phone: 540-672-4224
Fax: 540-672-3055
bbrake@millerfirmllc.com
*Attorneys for Plaintiffs*

By: /s/ Brian L. Stekloff
Brian L. Stekloff (pro hac vice)
Rakesh Kilaru (pro hac vice)
Wilkinson Walsh LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: (202) 847 4030
Fax: (202) 842 4005
bstekloff@wilkinsonwalsh.com
rkilaru@wilkinsonwalsh.com
*Co-Counsel for Defendant Monsanto Company*

JOINT PRETRIAL CONFERENCE STATEMENT