# EXHIBIT E

**Pages 1 - 47**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, Judge

| | |
|---|---|
| ELAINE STEVICK and CHRISTOPHER STEVICK, ) ) ) Plaintiffs, ) ) VS. ) MONSANTO COMPANY, ) ) Defendant. ) | **NO. C 16-02341 (VC)** |
| IN RE:  ROUNDUP PRODUCTS LIABILITY LITIGATION ) ) ) | **NO. C 16-md-02741 (VC)** |

San Francisco, California
Monday, December 16, 2019

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
        THE MILLER FIRM LLC
        108 Railroad Avenue
        Orange, Virginia  22960
  BY: **BRIAN BRAKE**
     **TAYJES SHAH**
     **ATTORNEYS AT LAW**

        ANDRUS WAGSTAFF PC
        7171 W. Alaska Drive
        Lakewood, Colorado  80226
  BY: **AIMEE WAGSTAFF**
     **ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Reported By:  Ruth Levine Ekhaus, RDR, FCRR
               Official Reporter, CSR No. 12219

1     One is if you think I made a particularly grave mistake in
2 the -- from an evidentiary standpoint, in the prior trial.  And
3 the other is, well, given the way the evidence came in, in the
4 prior trial, it made sense to allow this or to exclude that,
5 but that it doesn't make sense in this trial because we're not
6 anticipating the evidence to come in, in the same way.
7     It sounds like maybe other than those two scenarios, what
8 you're expecting is that we'll do -- we'll do it the way that
9 we did it in the prior trial, with both sides preserving any
10 objections that they made at the prior trial and ensuring --
11 doing whatever they need to do to ensure that those objections
12 are lodged here as well.
13     Is that what I'm sensing from the two of you, based on
14 what you wrote in your case management statement?
15         **MR. BRAKE:**  There's one other category.  Your Honor's
16 ruling was that post-use conduct from Monsanto is inadmissible.
17 In Hardeman, I believe he stopped in 2012.  And Mrs. Stevick
18 stopped using in December of '14.  So I need to make sure that
19 we include anything in that time frame.  That's the major
20 reason I wanted to have another look at this.
21         **THE COURT:**  And that's going to be a potentially
22 significant difference.  Right?
23         **MR. BRAKE:**  Yes, sir.
24         **THE COURT:**  Because all of the IARC stuff.
25         **MR. BRAKE:**  IARC didn't come out until '15.

1        **THE COURT:**  Oh.

2        **MR. BRAKE:**  But there were some discussions about it
3   before.  So I can't tell you every little piece of evidence
4   that we're going to ask Your Honor to admit in that time frame,
5   but I imagine it's going to be fairly substantial.  I've got to
6   go back and look.

7        **THE COURT:**  Okay.  And there may be fights about that
8   material, and this may be one of -- I mean, I wrote a pretty
9   detailed post-trial ruling, kind of explaining why Monsanto
10  wasn't permitted to get in a number of the things that it
11  wanted to get in.

12       And Monsanto may choose for the, you know, chain reaction
13  to work differently in this case than it did in the prior case,
14  and we may need to have discussions about that.

15       But the general philosophy that I articulated for how
16  we're going to approach the deposition testimony in this case
17  and the testimony from the treating physicians and the
18  exhibits, I mean, is that an acceptable general approach for
19  both sides?

20       **MR. BRAKE:**  I'm sorry.  I'm not sure I understand what
21  you're -- you're saying.

22       **THE COURT:**  Sure.  Let me try again.

23       So it seems to me that there are two ways that we could
24  approach these evidentiary questions.  One is to just start
25  from scratch and consider everything, you know, again.  Right?