# EXHIBIT F

**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel:     (202) 847-4030
Fax:     (202) 847-4005

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 ) ) Case No. 3:16-md-02741-VC ) |
| _____ | ) **MONSANTO COMPANY'S NOTICE OF** ) **MOTION AND MOTION *IN LIMINE*** ) **NO. 2 RE: "GHOSTWRITING"** |
| *Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC *Stevick v. Monsanto Co., et al.*, 3:16-cv-2341-VC *Gebeyehou v. Monsanto Co., et al.*, 3:16-cv-5813-VC | ) ) ) ) ) ) ) ) |

- 1 -

1    **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

2    **PLEASE TAKE NOTICE THAT** in Courtroom 4 of the United States District Court,

3    Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA

4    94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will and

5    hereby does move the Court to preclude evidence regarding alleged "ghostwriting."

6

7    DATED:  January 30, 2019

8                                              Respectfully submitted,

9                                              /s/ *Brian L. Stekloff*_____

10                                             Brian L. Stekloff (*pro hac vice*)
11                                             (bstekloff@wilkinsonwalsh.com)
                                               Rakesh Kilaru (*pro hac vice*)
12                                             (rkilaru@wilkinsonwalsh.com)
                                               WILKINSON WALSH + ESKOVITZ LLP
13                                             2001 M St. NW, 10th Floor
                                               Washington, DC 20036
14                                             Tel: (202) 847-4030
                                               Fax: (202) 847-4005
15

16                                             Pamela Yates (CA Bar No. 137440)
                                               (Pamela.Yates@arnoldporter.com)
17                                             ARNOLD & PORTER KAYE SCHOLER
                                               777 South Figueroa St., 44th Floor
18                                             Los Angeles, CA 90017
                                               Tel: (213) 243-4178
19                                             Fax: (213) 243-4199

20
                                               Eric G. Lasker (*pro hac vice*)
21                                             (elasker@hollingsworthllp.com)
                                               HOLLINGSWORTH LLP
22                                             1350 I St. NW
                                               Washington, DC 20005
23                                             Tel: (202) 898-5843
                                               Fax: (202) 682-1639
24

25                                             Michael X. Imbroscio (*pro hac vice*)
                                               (mimbroscio@cov.com)
26                                             COVINGTON & BURLING LLP
                                               One City Center
27                                             850 10th St. NW

28
                                             - 2 -

Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

Defendant Monsanto Company ("Monsanto") respectfully requests that the Court

3

exclude any evidence, argument, or reference to allegations that Monsanto "ghostwrote" certain

4

scientific articles about glyphosate.  Monsanto anticipates that Plaintiffs will attempt to distort

5

the significant scientific literature on glyphosate by falsely claiming that Monsanto

6

"ghostwrote" certain limited articles that provide summaries, or reviews, of primary data on

7

glyphosate.[1]  These allegations are false and misleading and reflect improper attempts by

8

Plaintiffs' counsel to distract the jury by presenting irrelevant evidence and disparaging

9

Monsanto in order to evoke an emotional response from the jury.  Plaintiffs' "ghostwriting"

10

allegations should be excluded irrelevant and unfairly prejudicial.  *See* Fed. R. Evid. 401, 402,

11

403.  Monsanto believes that this motion implicates both Phase 1 and Phase 2 evidence.

12

These claims should be excluded at Phase 1 because they do not affect the actual

13

scientific data.  Much of the primary data discussed in these reviews comes from non-Monsanto

14

studies, meaning that Monsanto had no role in their generation.  Therefore, whether Monsanto

15

"ghostwrote" any of the review articles would not have changed any of the primary data, and

16

thus has no bearing on the studies' conclusions and no relevance to the central issue in Phase 1

17

18

[1]     Monsanto expects that Plaintiffs may raise "ghostwriting" allegations about Gary Williams, Robert
19 Kroes, Ian Munro, *Safety Evaluation and Risk Assessment of the Herbicide Roundup and Its Active Ingredient, Glyphosate, for Humans*, Reg. Toxicol. and Pharma. 31, 117-165 (2000) ("Williams 2000"); Amy Williams,
20 Rebecca Watson, John DeSesso, *Developmental and Reproductive Outcomes in Humans and Animals After Glyphosate Exposure: A Critical Analysis*, J. Toxicol. and Enviro. Health, Part B, 15:39-96 (2012) ("Williams
21 2012"); Helmut Greim, David Saltmiras, Volker Mostert, Christan Strupp, *Evaluation of carcinogenic potential of the herbicide glyphosate, drawing on tumor incidence data from fourteen chronic/carcinogenicity rodent
22 studies*, Crit Rev. Toxicol. 2015 45(3): 185-208 ("Greim 2013"); Larry Kier and David Kirkland, *Review of genotoxicity studies of glyphosate and glyphosate-based formulations*, Crit. Rev. Toxicol. 2013: 43(4):283-315
23 ("Kier and Kirkland 2013"); and five articles published in Critical Reviews in Toxicology in 2016, including Williams, *et al.*, *A review of the carcinogenic potential of glyphosate by four independent expert panels and
24 comparison to the IARC assessment*, Crit. Rev. Toxicol., 46:sup1, 3-20; Solomon, *Glyphosate in the General Population and in Applicators: A Critical Review of Studies on Exposures*, Crit. Rev. Toxicol., 46:sup1, 21-27;
25 Acquavella, *et al.*, *Glyphosate epidemiology expert panel review: a weight of evidence systematic review of the relationship between glyphosate exposure and non-Hodgkin's lymphoma or multiple myeloma*, Crit. Rev.
26 Toxicol., 46:sup1, 28-43; Williams, *et al.*, *Glyphosate rodent carcinogenicity bioassay expert panel review*, Crit. Rev. Toxicol., 46:sup1, 44-55; Brusick, *et al.*, *Genotoxicity Expert Panel review: weight of evidence evaluation of
27 the genotoxicity of glyphosate, glyphosate-based formulations, and aminomethylphosphonic acid*, Crit. Rev. Toxicol., 46:sup1, 56-74.

28

- 1 -

of this case: whether Plaintiffs' use of Roundup caused their non-Hodgkin lymphoma ("NHL"). *See* Fed. R. Evid. 401.

More broadly, the review articles at issue transparently reflect the extent of Monsanto's involvement, which means they were not ghostwritten in any relevant sense.  Greim (2013) actually lists David Saltmiras of Monsanto as a co-author.  Williams (2000) expressly acknowledges "[k]ey personnel at Monsanto who provided scientific support" including William F. Heydens and Donna R. Farmer, and the Williams (2012) publication similarly acknowledges Monsanto "for funding and for providing its unpublished glyphosate and surfactant toxicity study reports."  Kier & Kirkland (2013) acknowledges "David Saltmiras (Monsanto Company)," among others, for his "contributions to this work by providing regulatory studies and [his] thoughtful review of the manuscript."  In five other publications in *Critical Reviews in Toxicology* in 2016, Monsanto's funding was prominently disclosed in the "Declaration of interest" section, as was certain authors' status as former consultants for or former employees of Monsanto.  Furthermore, the minor contributions of William Heydens of Monsanto to these publications amounted to providing the experts with necessary historical data on glyphosate and suggesting non-substantive edits.  *See* Dep. of William Heydens at 31:12-32:14, 35:8-23, 130:4-24, 174:24-175:22 (Jan. 23, 2017) (Ex. 1).  Relating to these five articles, in September 2018, *Critical Reviews in Toxicology* published an "Expression of Concern," which stated, in part: "We, the Editor-in-Chief and Publisher of the journal, have been informed of concerns over the completeness of acknowledged contributions . . . and in the declarations of interest provided by the named contributors[.]"[2]  The journal and the contributing authors subsequently published corrigenda to "provide additional disclosure as to [Monsanto's] contributions to the articles."[3]  None of the corrigenda changed the authorship of the five articles in question.  Indeed, Heydens's limited contributions did not satisfy the authorship requirements

---

[2]      *See* https://www.tandfonline.com/doi/full/10.1080/10408444.2018.1522786 (Sept. 26, 2018).
[3]      *See* https://www.tandfonline.com/doi/full/10.1080/10408444.2018.1539570 (Nov. 30, 2018).

set forth by Francis & Taylor, the publishing company that works with *Critical Reviews in Toxicology*.[4]

In the earlier *Johnson* case in San Francisco Superior Court, Plaintiffs' experts raised allegations of ghostwriting but then retreated, largely conceding the weakness of their allegations.  In that case, Plaintiffs' expert Dr. Nabhan asserted in his expert report that the Greim 2013 paper had been "ghostwritten" by Monsanto, but he later admitted that ghostwriting did not occur because the Monsanto employee was clearly disclosed as an author.  *See* Expert Report of Chadi Nabhan at 16 (May l, 2017) (Ex. 2); Dep. of Chadi Nabhan at 77:24-78:11 (Aug. 23, 2017) (Ex. 3).  Similarly, Plaintiffs' expert Dr. Charles Benbrook admitted that for each of the articles on which he was questioned, the alleged ghostwriter was in fact listed as an author.  *See* Dep. of Charles Benbrook at 379:13-16 (May 23, 2018) (Ex. 4); *see also id.* at 411:19-22 (admitting Saltmiras's "name does appear as the paper was published"); *see also id.* at 390:13-15 (speculating that "presumably because of Acquavella's objection, Acquavella's name now appears on the paper").

In addition, since Plaintiffs' counsel in this case and other product liability litigation against Monsanto began their unsubstantiated media campaign to brand these papers as ghostwritten, many of the authors have publicly stated that no ghostwriting occurred.[5]  Even the European Food Safety Authority ("EFSA") has explained that "even if the allegations regarding

---

[4]     *See* "Defining Authorship," https://authorservices.taylorandfrancis.com/defining-authorship/ (last visited Jan. 15, 2019) (authorship requires, among other things, "a significant contribution to the work reported" and "aware[ness] that you are taking responsibility and accountability for the content of the article").

[5]     *See* D. Hakim, *Monsanto Weed Killer Roundup Faces New Doubts on Safety in Unsealed Documents,* N.Y. Times (Mar. 14, 2017), https://www.nytimes.com/2017/03/14/business/monsanto-roundup-safety-lawsuit.html) (co-author David Kirkland said in an interview, "'I would not publish a document that had been written by someone else.'  He added, 'We had no interaction with Monsanto at all during the process of reviewing the data and writing the papers.'") (Ex. 5); D. Hakim, *Monsanto Glyphosate Case: Select Documents Suggest Company Tried To Influence Public Debate over Weed Killer,* Genetic Literacy Project (Aug. 3, 2017), https://geneticliteracyproject.org /2017 /08/03/monsanto-glyphosate-case-selected-documents-suggest-company-tried-influence-public-debate-weedkiller/) (co-author John Acquavella said "there was no ghostwriting") (Ex. 6); W. Cornwall, *Update: After Quick Review, Medical School Says No Evidence Monsanto Ghostwrote Professor's Paper,* Science (Mar. 23, 2017), http://www.sciencemag.org/news/2017/03/update-after-quick-review-medical-school-says-no-evidence-monsanto-ghostwrote) (officials at New York Medical College found "'no evidence' that [Dr. Gary Williams] violated the school's prohibition against authoring a paper ghostwritten by others") (Ex. 7).

1    ghostwriting proved to be true, there would be no impact on the overall assessment as presented

2    in the EFSA Conclusion on glyphosate" because "[t]he review papers in question represented

3    only two of approximately 700 scientific references in the area of mammalian toxicology

4    considered by EFSA in the glyphosate assessment," and "their provenance was evident from the

5    Declarations of Interest and Acknowledgements in the papers themselves."[6]  Just last week,

6    Health Canada reaffirmed its conclusion that allegations of glyphosate's carcinogenicity "could

7    not be scientifically supported when considering the entire body of relevant data."[7]  In doing so,

8    Health Canada expressly considered and rejected the "concerns raised publicly about the validity

9    of some of the science around glyphosate in what is being referred to as the Monsanto Papers"—

10   *i.e.*, plaintiffs' allegations of "ghostwriting."  *See id.*

11        To be sure, certain Monsanto emails do use the phrase "ghostwriting," but these emails

12   do not support the nefarious motive that Plaintiffs would like to portray, and allowing Plaintiffs

13   to offer their linguistic spin will only mislead the jury.  "Ghostwriting" has no agreed-upon

14   definition within or outside the company and easily may mean different things to different

15   people.    Indeed,  notwithstanding  Plaintiffs'  spin  on  the  emails  discussing  alleged

16   "ghostwriting," the context and facts surrounding the relevant publications described above

17   substantiates that appropriate attribution and acknowledgement occurred, and Monsanto's

18   contributions did not change and could not have changed the underlying scientific facts being

19   reviewed in those publications.

20        Consequently, Plaintiffs seek to misuse this issue to improperly inflame the jury.  Even

21   if Monsanto were to expend time at trial presenting the above evidence to disprove Plaintiffs'

22   "ghostwriting" allegations, the jury would be irreparably prejudiced by its mention.  Courts have

23   granted motions in limine to exclude allegations of "ghostwriting" where, as here, they are

24

25   [6]        *See* European Food Safety Authority, *EFSA Statement regarding the EU assessment of glyphosate and the so-called "Monsanto papers"*,
26   http://www.efsa.europa.eu/sites/default/files/topic/20170608_glyphosate_statement.pdf (Ex. 8).
     [7]        *See* Health Canada, *Statement from Health Canada on Glyphosate* (Jan. 11, 2019),
27   https://www.canada.ca/en/health-canada/news/2019/01/statement-from-health-canada-on-glyphosate.html (Ex. 9).

28

MONSANTO'S MOTION *IN LIMINE* NO. 2 RE: "GHOSTWRITING"
3:16-md-02741-VC

1  lacking in factual support.  *See Hill v. Novartis Pharm. Corp.*, 944 F. Supp. 2d 943, 952 (E.D.

2  Cal. 2013) (excluding testimony and other evidence relating to allegedly ghostwritten articles

3  where opinion of only expert offering testimony on ghostwriting issue had been excluded as

4  lacking foundation).

5                                    **CONCLUSION**

6        Plaintiffs' "ghostwriting" allegations are false, irrelevant, and highly prejudicial.  *See*

7  Fed. R. Evid. 401, 402, 403.  The Court should exclude any reference, evidence, or argument

8  relating to allegations that Monsanto "ghostwrote" certain scientific articles about glyphosate.

9

10

11  DATED:  January 30, 2019

12                                       Respectfully submitted,

13                                       /s/ *Brian L. Stekloff*_____

14                                       Brian L. Stekloff (*pro hac vice*)
                                         (bstekloff@wilkinsonwalsh.com)
15                                       Rakesh Kilaru (*pro hac vice*)
                                         (rkilaru@wilkinsonwalsh.com)
16                                       WILKINSON WALSH + ESKOVITZ LLP
                                         2001 M St. NW, 10th Floor
17                                       Washington, DC 20036
                                         Tel: (202) 847-4030
18                                       Fax: (202) 847-4005
19
20                                       Pamela Yates (CA Bar No. 137440)
                                         (Pamela.Yates@arnoldporter.com)
21                                       ARNOLD & PORTER KAYE SCHOLER
                                         777 South Figueroa St., 44th Floor
22                                       Los Angeles, CA 90017
                                         Tel: (213) 243-4178
23                                       Fax: (213) 243-4199
24
25                                       Eric G. Lasker (*pro hac vice*)
                                         (elasker@hollingsworthllp.com)
26                                       HOLLINGSWORTH LLP
                                         1350 I St. NW
27                                       Washington, DC 20005

28

                                      - 5 -

Tel: (202) 898-5843
Fax: (202) 682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000


*Attorneys for Defendant*
*MONSANTO COMPANY*

- 6 -

MONSANTO'S MOTION *IN LIMINE* NO. 2 RE: "GHOSTWRITING"
3:16-md-02741-VC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of January 2019, a copy of the foregoing was

served via electronic mail to opposing counsel.


           /s/ *Brian L. Stekloff*_____

- 7 -

Aimee Wagstaff, SBN 278480
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, PC
7171 West Alaska Drive
Lakewood, CO  80226
Telephone: (303) 376-6360
Facsimile:  (303) 376-6361

Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY  10003
Telephone: (212) 558-5500
Facsimile:  (212) 344-5461

Michael Miller (*pro hac vice*)
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Avenue
Orange, VA  22960
Telephone: (540) 672-4224
Facsimile:  (540) 672-3055

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to:<br>*Hardeman v. Monsanto Co., et al.*,<br>3:16-cv-0525-VC<br>*Stevick v. Monsanto Co., et al.*,<br>3:16-cv-2341-VC<br>*Gebeyehou v. Monsanto Co., et al.*,<br>3:16-cv-5813-VC | **PLAINTIFFS' RESPONSE TO MIL NO. 2 RE: "GHOSTWRITING"** |

**PLAINTIFFS' RESPONSE TO MIL NO. 2 "GHOSTWRITING"**

This Court already found issues relating to ghostwriting relevant to, indeed highly probative

of, the question whether glyphosate causes non-Hodgkin's lymphoma ("NHL"):

> But the internal e-mails reflect that Monsanto has been ghostwriting reports. And those reports have been portrayed as independent. And you -- I mean, your whole presentation thus far has been about how all the independent science supports a conclusion that glyphosate doesn't cause non-Hodgkin's lymphoma. So, you know, ***I don't understand how you could have taken the position that the issue of Monsanto drafting reports for allegedly independent experts on whether glyphosate causes non-Hodgkin's lymphoma could be irrelevant to the question of whether there's evidence that glyphosate causes non-Hodgkin's lymphoma. I just don't understand how you could take that position.***

Exhibit ("Ex.") A at 43:4-16 (emphasis added).  Monsanto's counsel has admitted that Monsanto

ghostwriting is germane. Ex. A at 46:15-25.  And Monsanto's own scientists acknowledge that they

have ghostwritten papers that were "invaluable assets to regulatory reviews" and for purposes of

"product defense." *See infra.*  Monsanto's Motion should be denied.

Because of the relevance of evidence of ghostwriting to the integrity of science,[1] courts

routinely deny efforts by defendants to exclude such evidence.  *See, e.g., Kammerer v. Wyeth*, 2012

U.S. Dist. LEXIS 10905, at *4 (D. Neb. Jan 31, 2012) (court finds no basis to exclude evidence of

Wyeth-supported, ghostwritten literature); *In re Yasmin & Yaz (Drospirenone) Mktg.*, 2011 U.S.

Dist. LEXIS 147935, at *25 (S.D. Ill. Dec. 22, 2011) ("[i]n the context of this case and *the issue of*

*adequate warning, in particular,* [evidence of ghostwriting] is particularly relevant for the fact finder

to consider with all the other evidence in the case"); *Torkie-Tork v. Wyeth*, 2010 U.S. Dist. LEXIS

121804 at *4 (E.D. Va. Nov. 15, 2010) (ghostwriting "evidence is probative of (i) defendant's failure

to warn the medical community of the risks of taking Prempro; (ii) defendant's disregard for such

---

[1]  Courts describe ghostwriting as "polluting the scientific literature." *Barton v. Wyeth Pharm., Inc.*, No. 694 EDA 2010, 2012 WL 112613, at *11 (Pa. Super. Ct. Jan. 3, 2012).  The World Association of Medical Editors issued this statement regarding ghostwriting: "The integrity of the published record of scientific research depends not only on the validity of the science but also on honesty in authorship." http://www.wame.org/policy-statements.

PLAINTIFFS' RESPONSE TO MIL NO. 2 "GHOSTWRITING"

risks, as that disregard may bear on the appropriateness of punitive damages . . . "); *In Re Seroquel Products Liab. Litig.*, No. 6:06-md-1769-Orl-22DAB2009 WL 223140 at *3 (M.D. Fla. Jan 30, 2009).

Judge Karnow in *Johnson* found Monsanto's ghostwriting germane to the issue of Monsanto's awareness that glyphosate poses a cancer risk (Ex. B):

> The internal correspondence noted by Johnson could support a jury finding that Monsanto has long been aware of the risk that its glyphosate-based herbicides are carcinogenic, and more dangerous than glyphosate in isolation, but has continuously sought to influence the scientific literature to prevent its internal concerns from reaching the public sphere and to bolster its defenses in products liability actions.

Monsanto tries to hide behind its admission of ghostwriting – a term ***Monsanto*** repeatedly uses in internal emails – by suggesting that its conduct is somehow not ghostwriting, MIL No. 2 at 2, and, even if it is, evidence of ghostwriting is somehow not relevant because the data discussed in the ghostwritten articles comes from studies not conducted by Monsanto. *Id*. at 1. Its arguments are nonsensical.  Scientific evidence is developed not only from studies themselves but also from analyses of those studies. Monsanto's argument is nothing more than its concern that its ghostwriting makes the company look bad or suspicious. If or when the underlying facts are presented to the jury, Monsanto will have the opportunity to explain its actions and the jury will decide. But while ghostwriting may impact the jury's view of Monsanto, FRE 403 does not preclude its admission given the importance of the integrity of independent scientific reviews and studies and its highly probative value to the causation question, as well as other trial issues.

Monsanto's employees' contemporaneous language undercuts its argument that ghostwriting is Plaintiffs' "spin."  *See* MIL No. 2 at 4.  For example, in a February 19, 2015 email, Monsanto's toxicologist William Heydens, writes that Monsanto should ghostwrite an article on the heels of the expected IARC decision:

PLAINTIFFS'RESPONSE TO MIL NO. 2 "GHOSTWRITING"

3

Case 3:16-md-02741-VC Document 2611-13 Filed 01/30/19 Page 4 of 7

> A less expensive/more palatable approach might be to involve experts only for the areas of contention, epidemiology and possibly MOA (depending on what comes out of the IARC meeting), and **we ghost-write the Exposure Tox & Genetox sections**. . . . [W]e would be keeping the cost down by **us doing the writing and they would just edit & sign** their names so to speak. Recall **that is how we handled Williams Kroes & Munro, 2000**.

Ex. C at 4. As Monsanto orchestrated and ghostwrote, the article rejects, *inter alia*, that glyphosate causes direct DNA damage or health risk to humans. The Williams article has been cited hundreds of times in separate journal articles.[2] The email reference to Williams 2000 is also telling, as that ghostwritten article had significant impact on scientific literature.[3] In the 2010 PowerPoint describing Williams as an "invaluable asset", Monsanto notes that it is facing "regulatory reviews" with an increased "focus on claims in the peer-reviewed literature" and that "Williams has served us well in toxicology over the last decade," but they need a "stronger arsenal of robust papers scientific papers." Ex. D, p. 17. Accordingly, in November 2010 Monsanto starts ghostwriting sections of the Williams (2012) paper, shown by the Donna Farmer email to a listed author: "Attached is the first 46 pages. I added a section in genotox... am working on a section for gasiner in the mechanistic section...Also we cut and pasted in summaries of the POEA surfactant studies." Ex. E. Farmer confirms that her name was removed from the list of authors before it was published. Ex. F, Farmer Depo. 118:22-119:06. The new registration reviews for glyphosate prompted yet another round of ghostwritten articles. One example, the Kier and Kirkland study was originally written by Monsanto's David Saltmiras as "a valuable resource in future product defense against claims that

---

[2] Citation Report from Google Scholar. https://scholar.google.com/scholar?cites=965770000498629891&as_sdt=5,47&sciodt=0,47&hl=en

[3] Williams (2000) infects the scientific literature. For example, at the Johnson trial, Monsanto expert Dr. Mucci, also its expert in the MDL, only reviewed the **summary** of studies contained "in the epidemiologic studies in reaching her opinions. Johnson Trial Transcript at 4318:1-5 (7/31/2018), Ex. I. This is a problem. Similarly, in De Roos (2003), which shows a statistically significant doubling of the risk of NHL with glyphosate, the results were muted by citation to the Williams (2000) article as evidence that glyphosate is "non-carcinogenic and non-genotoxic." *Id.* at 1888:7-11 (7/12/2018), Ex. J.

PLAINTIFFS' RESPONSE TO MIL NO. 2 "GHOSTWRITING"

4

glyphosate is mutagenic or genotoxic." Ex. G. After drafting the manuscript Monsanto felt that it "turned into such a large mess of studies reporting genetoxic effects, that the story as written stretched the limits of credibility among less sophisticated audiences." Ex. H. Therefore, Monsanto concluded that a way to "help enhance credibility is to have an additional author on the papers who is a renowned specialist in the area of genotoxicity. Monsanto chose Dr. David Kirkland as the manuscript author and removed Saltmiras's name. *Id.*

Moreover, even if ghostwriting evidence were not directly related to the science – which it is – it is also admissible to counter Monsanto's statements, through their corporate employees, that Monsanto considers human health a high priority in the development and sale of its products. Evidence of unethical conduct via, *inter alia*, manipulation of scientific publications, is thus relevant and admissible as impeachment evidence. It is also relevant to punitive damages. *In re Prempro Prods. Liab. Litig. (Scroggin v. Wyeth)*, 586 F.3d 547, 557 (8th Cir. 2009), *cert. denied*, 130 S.Ct. 3467 (U.S. 2010); *Wyeth v. Rowatt,* 244 P.3d 765, 784 (Nev. 2010), *cert. denied*, 131 S.Ct. 3028 (June 20, 2011) (affirming jury's punitive damages award based, in part, on "Wyeth's strategy to undermine scientific studies linking an increased risk of breast cancer to estrogen-progestin hormone therapy [to] ghostwriting multiple articles.").

There is no doubt that Monsanto's ghostwriting was intended to upend the IARC 2A classification of glyphosate. Our system of justice permits Plaintiffs to present that evidence to the jury to counter Monsanto's defense at trial that glyphosate does not cause cancer generally or the Plaintiffs' NHL specifically. Evidence of Monsanto's ghostwriting goes to the heart of Plaintiffs' case, including causation, and rebuttal of Monsanto's defense. For the above stated reasons, plaintiffs respectfully request that the Court deny Monsanto's Motion *in limine* No. 2.

PLAINTIFFS'RESPONSE TO MIL NO. 2 "GHOSTWRITING"

5

PLAINTIFFS' RESPONSE TO MIL NO. 2 "GHOSTWRITING"

Dated:  January 30, 2019

Respectfully submitted,

/s/ Robin Greenwald
Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY 10003

/s/ Aimee Wagstaff
Aimee Wagstaff
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 West Alaska Drive
Lakewood, CO  80226

/s/ Mike Miller
Michael Miller (*pro hac vice*)
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave
Orange, VA 22960

*Co-Lead Counsel for Plaintiffs*
*in MDL No. 2741*

## CERTIFICATE OF SERVICE

I certify that on January 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com

PLAINTIFFS' RESPONSE TO MIL NO. 2 "GHOSTWRITING"