# EXHIBIT G

**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel:    (202) 847-4030
Fax:    (202) 847-4005

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 3 RE: MONSANTO MARKETING MATERIALS** |
| *Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC<br>*Stevick v. Monsanto Co., et al.*, 3:16-cv-2341-VC<br>*Gebeyehou v. Monsanto Co., et al.*, 3:16-cv-5813-VC | |

1  **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

2  **PLEASE TAKE NOTICE THAT** in Courtroom 4 of the United States District Court,

3  Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA

4  94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will and

5  hereby does move the Court to preclude evidence regarding Monsanto's marketing materials.

7  DATED:  January 30, 2019

8                                          Respectfully submitted,

9                                          /s/ *Brian L. Stekloff*

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4030
Fax: (202) 847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW

- 2 -

MONSANTO'S MOTION *IN LIMINE* NO. 3 RE: MONSANTO MARKETING MATERIALS
3:16-md-02741-VC

Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Monsanto Company ("Monsanto") moves *in limine* to exclude evidence, testimony, or argument regarding marketing materials for Monsanto's products they did not see or rely on. Because Plaintiffs did not rely on any marketing materials to purchase or use Monsanto's products, these materials lack relevance and are inadmissible. Monsanto believes that this motion will relate to evidence in Phase 2, since Phase 1 will be focused solely on the issue of whether Roundup caused Mr. Hardeman's Non-Hodgkin Lymphoma.

## II. ARGUMENT

### A. Monsanto's Marketing Materials Are Irrelevant to Mr. Hardeman's Case.

Monsanto's marketing materials that Plaintiffs did not see or rely on lack relevance because Plaintiffs did not rely on them when they decided to use Roundup. As such, Plaintiffs have no evidence that they made any decision whether to use or not use Roundup based on any marketing or promotional materials from Monsanto that they did not see or rely on.

Mr. Hardeman does not claim he saw any Monsanto marketing materials. Mr. Hardeman did not produce any documents or communications that refer to any advertisements he may have seen, heard, or read regarding Roundup. Pl.'s Response to Def.'s First Reqs. for Prod. of Docs. No. 11 (Ex. 1). Instead, Mr. Hardeman admits he began using Roundup after he witnessed a landscaper using it and concluded he could spray it himself. Hardeman Dep. 171:21–25 (Ex. 2). He went to a store, saw he could buy it, and "that's how [he] got introduced to it." *Id.* at 173:14. Pressed to answer if "any other reason" prompted him to buy Roundup, Mr. Hardeman failed to mention any marketing materials. *Id.* at 174:3–6. In fact, he denied that any reason other than the landscaper's use and his need to kill weeds prompted him to buy Roundup. *Id.* at 173:15–174:6. Likewise, Mr. Gebeyehou also denies having seen any advertisements for Roundup before his diagnosis beyond reading the price online and seeing the product stacked on Home Depot. Gebeyehou Dep. 158:24–160:12 (Ex. 3). On the other hand, Ms. Stevick only

1  recalls seeing one ad around 2013–14. Therefore, any marketing materials before or after that
2  timeframe she did not see are likewise irrelevant. Stevick Dep. 60:1–16 (Ex. 4).

3    Monsanto's advertisements showing people using Roundup without protective gear lack relevance even if Mr. Hardeman refused to wear protective equipment or Ms. Stevick saw one of them.  Although Mr. Hardeman testified that he did not wear any protective equipment when he used Roundup, he did not testify that he declined to do so because of what he saw in an advertisement.  Hardeman Dep. 264:10–17 (Ex. 2).  Similarly, even though Ms. Stevick recalls seeing an ad where a man appears without protective gear, she dismissed it at the time as "a silly macho ad." Stevick Dep. 63:6–8 (Ex. 4).  If Mr. Hardeman did not see any advertisements depicting others using Roundup without protective gear, and Ms. Stevick saw an ad like that but did not rely on it, "there is no conceivable causal connection between the representations or omissions that accompanied the [advertisement] and plaintiff's injury." *See Ramírez v. Plough, Inc.*, 863 P.2d 167, 177 (Cal. 1993) (granting summary judgment to aspirin manufacturer where person administering the drug failed to read or obtain a translation of the Spanish label).

   In sum, Monsanto's marketing materials that Plaintiffs did not see or rely on lack any "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 402.  They are irrelevant to Mr. Hardeman's claims in this case and the Court must exclude them.

### B. Admission of Irrelevant Marketing Materials Would Result in Mini-Trials on Collateral Issues, Causing Undue Delay and Misleading the Jury, Among Other Dangers.

Admitting evidence of marketing materials that Plaintiffs did not see or rely on would cause unavoidable delay, mislead the jury, waste the Court's time and unfairly prejudice Monsanto.  The Ninth Circuit has excluded evidence to avoid mini-trials on collateral issues. *See United States v. Waters*, 627 F.3d 345, 353 (9th Cir. 2010) (upholding exclusion of evidence under Rule 403 because it "ran the risk of creating a mini-trial").  Admitting marketing materials into evidence would create mini-trials over these materials, where Monsanto would have to

muster evidence surrounding their creation, use, and irrelevance to Plaintiffs' usage of Roundup. None of that would bear on the cause of Plaintiffs' illness or Monsanto's reasonableness in not providing a cancer warning for the specific produce that Mr. Hardeman used—an issue that will be addressed, if necessary, in Phase 2. Accordingly, Rule 403 requires the Court to exclude such evidence.

### III. CONCLUSION

For these reasons, Monsanto respectfully requests that the Court exclude evidence, testimony, or argument regarding Monsanto's marketing materials.

DATED: January 30, 2019

                Respectfully submitted,

                /s/ *Brian L. Stekloff*_____

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4030
Fax: (202) 847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

- 4 -
MONSANTO'S MOTION *IN LIMINE* NO. 3 RE: MONSANTO MARKETING MATERIALS
3:16-md-02741-VC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of January 2019, a copy of the foregoing was served via electronic mail to opposing counsel.

/s/ *Brian L. Stekloff*

**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
Aimee.wagstaff@andruswagstaff.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax: (646) 293-4921
rgreenwald@weitzlux.com

**THE MILLER FIRM, LLC**
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
108 Railroad Ave.
Orange, VA 22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055
mmiller@millerfirmllc.com
bbrake@millerfirmllc.com

*Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC<br><br>**PLAINTIFFS' OPPOSITION TO MONSANTO COMPANY'S MOTION *IN LIMINE* NO. 3 RE: MONSANTO MARKETING MATERIALS** |
| This document relates to:<br><br>*Hardeman v. Monsanto Co., et al.,*<br>3:16-cv-0525-VC<br>*Stevick v. Monsanto Co., et al.,*<br>3:16-cv-02341-VC<br>*Gebeyehou v. Monsanto Co., et al.,*<br>3:16-cv-5813-VC | |

# PLAINTIFFS' OPPOSITION TO DEFENDANT'S MIL 3

## I. Introduction

Plaintiffs oppose Defendants' Motion in Limine No. 3 to exclude evidence, testimony or argument related to marketing materials that Plaintiffs did not see or rely on.

Monsanto represented that Roundup was so safe that no precautions need to be taken when using it, and other promotional materials downplaying the toxicity of Roundup, despite knowledge that the content was false. This is directly relevant to Plaintiffs' negligent failure to warn claims. Moreover, Monsanto's advertising materials are not excludable under Fed. R. Evid. 403.

## II. Argument

### A. The Evidence Is Relevant.

All relevant evidence is admissible unless the U.S. Constitution, a federal statute, or rule of evidence provides otherwise. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact more or less probable and that fact is of consequence. Fed. R. Evid. 401. Here, evidence of Monsanto's promotional and advertising claims about Roundup is relevant to Plaintiffs' causes of action.

First, Plaintiffs have seen Roundup advertising published by Monsanto. For example, Elaine Stevick testified that she watched a Roundup T.V. ad around 2013 of a man "wearing shorts, that he had no gloves, no protective gear, and short-sleeved shirt." *See* Exhibit 1, Stevick Dep. 62:13-14; 61:24-25; 62:1.

Second, Monsanto has asserted an affirmative defense of misuse or abnormal use of the product or failure to follow instructions in its Answers to all three of Plaintiffs' Complaints. Advertisements serve as rebuttal evidence to Monsanto's anticipated arguments that Plaintiffs did not use proper caution or misused Roundup because Monsanto's advertisements emphasize no such precautions.

In addition to countering Monsanto's anticipated claims that Plaintiffs did not apply Roundup responsibly, these advertisements directly support Plaintiffs' failure to warn claims. Monsanto knew that the advertising claims it made before and after Plaintiffs' exposure were false. In fact, the Environmental Protection Agency ("EPA") specifically warned Monsanto about advertisements that downplayed the need to wear protective clothing while administering Roundup and Monsanto assured the EPA that proper protective gear would be demonstrated in advertisements. *See* Exhibit 2, Declaration of Brian Brake attaching July 26, 1988 letter to Monsanto. Yet, in spite of the EPA warning, Monsanto proceeded to circulate these ads. Further, the ads failed to disclose any of the information concerning the risk of cancer in these communications. To Plaintiffs' knowledge, no Roundup ad has ever disclosed a risk of cancer associated with using Roundup.

Advertisements promoting no risks associated with Roundup are directly relevant to Plaintiffs' failure to warn claim. Under California law, a manufacturer has a continuing duty to warn as long as its product is in use. *Valentine v. Baxter Healthcare Corp.* (1999) 68 Cal.App.4th 1467, 1482. Thus, under California law, these marketing materials are relevant to show that while Defendant knew of the various risks associated with Roundup, it deliberately produced and circulated throughout the community materials intended to cover up those dangers and deceive consumers.

### B. The Evidence Will Not Mislead the Jury, Prejudice Defendants, Nor Waste the Court's Time or Resources.

The court in its discretion may exclude evidence where the probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. None of those circumstances exist here.

### 1. The Evidence Is Not Unduly Prejudicial.

Unfairly prejudicial evidence is evidence having as undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one. *United States v. Pacific Gas*, 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016).

Here, Defendants' advertising and promotional materials are not the type of evidence that uniquely tends to evoke an emotional bias against a party. The evidence is, therefore, not unduly prejudicial.

### 2. The Evidence is Not Unduly Time-Consuming.

Evidence may be excluded where its probative value is "substantially outweighed" by the amount of time it would take to establish the evidence. Here, admitting relevant evidence of Defendant's marketing material, despite its actual knowledge of information that was contrary to the representations in the advertising, would not be unduly time-consuming and even it was, which it is not, it is directly relevant to Plaintiffs' claims.

### 3. The Evidence Will Neither Confuse Issues Nor Mislead the Jury.

Evidence that may confuse the issues or mislead the jury may be excluded. Here, there is not a risk of either. Defendant's marketing materials intentionally covered up known or knowable dangers associated with Roundup.

### **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully requests that this Court DENY Defendant's Motion *in Limine* No. 3.

Dated: 1/30/2019  Respectfully submitted,

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360

/s/ Robin Greenwald
Robin L. Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY  10003
Tel: (212) 558-5802

/s/ Michael J. Miller
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
mmiller@millerfirmllc.com
bbrake@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave.
Orange, VA  22960
Telephone: (540) 672-4224

*Co-Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on January 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com

PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION IN LIMINE NO. 3