# EXHIBIT I

**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel:    (202) 847-4030
Fax:    (202) 847-4005

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 ) ) Case No. 3:16-md-02741-VC ) |
| *Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC<br>*Stevick v. Monsanto Co., et al.*, 3:16-cv-2341-VC<br>*Gebeyehou v. Monsanto Co., et al.*, 3:16-cv-5813-VC | ) **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 5 RE: OTHER LITIGATION, OTHER PRODUCTS, AND COMPANY HISTORY** ) |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will and hereby does move the Court to preclude evidence regarding other litigation, other products, and company history.

DATED: January 30, 2019

                                                   Respectfully submitted,

                                                   /s/ *Brian L. Stekloff*

                                                 Brian L. Stekloff (*pro hac vice*)
                                                 (bstekloff@wilkinsonwalsh.com)
                                                 Rakesh Kilaru (*pro hac vice*)
                                                 (rkilaru@wilkinsonwalsh.com)
                                                 WILKINSON WALSH + ESKOVITZ LLP
                                                 2001 M St. NW, 10th Floor
                                                 Washington, DC 20036
                                                 Tel: (202) 847-4030
                                                 Fax: (202) 847-4005

                                                 Pamela Yates (CA Bar No. 137440)
                                                 (Pamela.Yates@arnoldporter.com)
                                                 ARNOLD & PORTER KAYE SCHOLER
                                                 777 South Figueroa St., 44th Floor
                                                 Los Angeles, CA 90017
                                                 Tel: (213) 243-4178
                                                 Fax: (213) 243-4199

                                                 Eric G. Lasker (*pro hac vice*)
                                                 (elasker@hollingsworthllp.com)
                                                 HOLLINGSWORTH LLP
                                                 1350 I St. NW
                                                 Washington, DC 20005
                                                 Tel: (202) 898-5843
                                                 Fax: (202) 682-1639

                                                 Michael X. Imbroscio (*pro hac vice*)
                                                 (mimbroscio@cov.com)
                                                 COVINGTON & BURLING LLP

One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

- 3 -
MONSANTO'S MOTION *IN LIMINE* NO. 5 RE: OTHER LITIGATION, OTHER PRODUCTS, AND COMPANY HISTORY 3:16-md-02741-VC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Monsanto Company ("Monsanto") moves *in limine* to exclude irrelevant evidence, testimony, or argument related to (1) all prior or other current litigation involving Monsanto, (2) products other than Roundup, and (3) Bayer's acquisition of Monsanto. Monsanto believes this motion largely relates to Phase 2 of the trial, since the focus of Phase 1 is whether Roundup caused Plaintiffs' Non-Hodgkin Lymphoma, and none of this evidence remotely bears on that question.

## II. ARGUMENT

### A. Evidence of Other Litigation Is Irrelevant and Unduly Prejudicial.

Monsanto faces over 9,300 lawsuits related to Roundup in the United States, including many under the umbrella of this Court's Multidistrict Litigation. The fact of these lawsuits lacks relevance as to Roundup's safety, Monsanto's liability, and whether Roundup caused Mr. Hardeman's, Ms. Stevick's or Mr. Gebeyehou's NHL. Each plaintiff's case involves one person alleging a particular amount of exposure and a specific disease. Other lawsuits involve different types, means, and amounts of exposure, with different alleged consequences.

Also, the mere mention of prior or other current lawsuits would unfairly prejudice Monsanto. The litigation's scale would induce a jury to falsely assume that the cases must have some merit, otherwise lawyers would not have brought them or judges would have dismissed them. Indeed, even in *Johnson*, where the court denied the motion to exclude mention of all other litigation involving Monsanto, the court clarified in a footnote that mentioning the total amount of cases "would plainly create a substantial risk of undue prejudice that outweighs any probative value." *Johnson v. Monsanto, Co.*, CGC-16-550128, Order Den. Monsanto's Mot. for Continuance of Trial Date and Re: Mots. in Lim., at 6 (Cal. Super. Ct., April 3, 2018) (Ex. 1). Allowing evidence of prior lawsuits and other current lawsuits would also cause undue delay, waste time, and mislead the jury. Monsanto would have to contest these lawsuits'

allegations, which would drag the jury through lengthy mini-trials instead of directly addressing Plaintiffs' claims. The complexity involved in each, from the level of exposure to the different types of cancer, would likely confuse the jury when they face the only facts that matter to them: those of each individual plaintiff. Courts commonly hold that evidence of prior litigation is inadmissible, and this Court should do so as well. *See, e.g.*, *Apple iPod iTunes Antitrust Litig.*, No. 05-CV-0037 YGR, 2014 WL 12719192, at *3 (N.D. Cal. Nov. 18, 2014) ("the parties are prohibited from eliciting evidence or referring to other courts' decisions, factual findings, or credibility assessments"); *Calloway v. Hayward*, No. 108CV01896LJOGSAPC, 2017 WL 363000, at *3 (E.D. Cal. Jan. 24, 2017) ("the Court finds that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice to Defendants.").

**B. Evidence of Other Monsanto Products Is Irrelevant and Unduly Prejudicial.**

Evidence of products other than Roundup and litigation concerning them is equally inadmissible because it is irrelevant, would unfairly prejudice Monsanto, and constitutes improper character evidence.

Monsanto anticipates that Plaintiffs might attempt to introduce evidence or argument referencing that Monsanto's predecessor, "old Monsanto," manufactured controversial products unrelated to this case. Such products could include poly-chlorinated biphenyls ("PCBs"), which were used in industrial and commercial applications, and Agent Orange, an herbicide the U.S. Government obtained under direction from Monsanto for use during the Vietnam War. As the judge observed in *Johnson*, Agent Orange was manufactured in the 1960s, which is "too remote in time to be relevant" today. *Johnson*, CGC-16-550128, Proceedings June 20, 2018, at 156:13–14 (Cal. Super. Ct., June 20, 2018) (Ex. 2). It was also manufactured by old Monsanto, a company that no longer exists after a series of spin-offs and acquisitions. *Id.* at 156:15–17. More importantly, none of the three plaintiffs were exposed to PCBs or Agent Orange; each used Roundup. And each bases his or her claims only on Roundup. Therefore other Monsanto products are irrelevant. Referencing them, and litigation surrounding them, lacks "any tendency

1  to make a fact more or less probable" and is deprived "of consequence in determining the
2  action." Fed. R. Evid. 401.

3  Moreover, reference to other products would also unfairly prejudice Monsanto because
4  it would attack Monsanto's reputation as some serial purveyor of unsafe products, thereby
5  inflaming the jury's emotion. "Unfair prejudice is an undue tendency to suggest decision on an
6  improper basis, commonly, though not necessarily, an emotional one." *United States v.*
7  *Haischer*, 780 F.3d 1277, 1281 (9th Cir. 2015) (citing *United States v. Anderson,* 741 F.3d 938,
8  950 (9th Cir. 2013)) (citations and internal quotation marks omitted). Stigmatized chemicals
9  such as PCBs and Agent Orange, which triggers memories of the Vietnam War and long-ago
10 actions, would suggest a decision on an improper, emotional basis. Indeed, the Roundup cases
11 have already shown the obvious prejudicial effect that drawing connections to Agent Orange
12 would have over Monsanto. Plaintiff Alberta Pilliod listed Agent Orange among the reasons
13 she suspected Roundup caused her cancer. Pilliod Dep. 112:2–10, *Pilliod v. Monsanto Co.*,
14 Case No. RG17862702 (Super. Ct. Cal. Dec. 21, 2018) (Ex. 3). Unsurprisingly, the judge in
15 *Johnson* excluded references to Agent Orange because "all of the subsequent litigation and
16 findings regarding that product, [A]gent [O]range, were so controversial that the prejudice
17 stemming from admitting any evidence regarding agent Monsanto far outweighs any probative
18 value with regard to anything that the current Monsanto is doing in this litigation." *Johnson*,
19 CGC-16-550128, Proceedings June 20, 2018, at 156:19–25 (Ex. 2); s*ee also In re Bendectin*
20 *Litig.,* 857 F.2d 290, 322 (6th Cir. 1988) (upholding "determination that references to
21 Thalidomide would be extremely prejudicial"); *Am. Home Assurance Co. v. Merck & Co., Inc.,*
22 462 F. Supp. 2d 435, 446 (S.D.N.Y. 2006) (excluding references to Vioxx litigation because "the
23 only possible purpose for offering such evidence would be to generally prejudice the fact finder
24 against Merck through insinuations that it is a careless corporate citizen.").

25 Finally, referencing other chemicals could constitute reference to other acts, which Rule
26 404(b) forbids. Plaintiffs would be using evidence of a prior act to imply that Monsanto acted
27 in conformity with an alleged character trait—that of manufacturing controversial chemicals.

- 3 -
MONSANTO'S MOTION *IN LIMINE* NO. 5 RE: OTHER LITIGATION, OTHER PRODUCTS, AND COMPANY HISTORY 3:16-md-02741-VC

### C. Evidence of Bayer's History and Acquisition of Monsanto Is Irrelevant and Inadmissible.

Evidence surrounding Bayer's acquisition of Monsanto, including Bayer's role in World War II and news articles referencing its decision-making process, is irrelevant and inadmissible.

Despite Bayer's positive contributions to society since its founding in 1863, such as aspirin and antibiotics, Bayer's history was impacted by the global catastrophe that was World War II. References to these historical circumstances bear no consequence over the issues at stake in this case: whether Monsanto is liable for Plaintiffs' NHL. This case involves a product developed by Monsanto, a company acquired by Bayer in the twenty-first century. Bayer's past is irrelevant. *See In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & PMF Prod. Liab. Litig.*, No. 3:09-CV-10012-DRH, 2011 WL 6740391, at *3 (S.D. Ill. Dec. 22, 2011) ("incendiary historical evidence. . . . is likely irrelevant to the substantive issues at bar and the Court has precluded the plaintiff from introducing that evidence in her case in chief except as otherwise provided.").

Even if Bayer's history had any probative value, which it does not, this value would be substantially outweighed by a danger of causing unfair prejudice. Courts have frequently acknowledged so. *See id.* ("because of the incendiary nature of the disputed evidence, the Court strongly cautioned the parties and laid out explicit directives as to how the parties must proceed at trial in relation to introducing this evidence for impeachment purposes"); *Kennedy v. City of New York*, No. 12 Civ. 4166 (KPF), 2016 WL 3460417, at *3 (S.D.N.Y. June 20, 2016) ("line of questioning regarding Nazi Germany is so plainly and egregiously inappropriate that the Court will not address it further."); *Garlick v. Cty. of Kern*, No. 1:13-CV-01051-LJO-JLT, 2016 WL 1461841, at *5 (E.D. Cal. Apr. 14, 2016) (precluding "any and all testimony or evidence involving any analogies, comparisons, or references to Hitler, Nazis, World War II bunker complexes" under Rule 403 of the Federal Rules of Evidence); *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1256–57 (11th Cir. 2003) (noting the real risk of plaintiffs' counsel "subtly if not overtly prey[ing] on juror biases" related to "Nazi-era memories"). The only possible

- 4 -
MONSANTO'S MOTION *IN LIMINE* NO. 5 RE: OTHER LITIGATION, OTHER PRODUCTS, AND COMPANY HISTORY 3:16-md-02741-VC

reason Plaintiffs would try to introduce such evidence would be to "play[] to a pro-American sentiment and an anti-foreign mentality," and to inflame any biases in the jury to return a verdict against Monsanto. *In re Yasmin*, 2011 WL 6740391, at *3.

Indeed, some Roundup plaintiffs have already raised Bayer's role as a German company and its involvement in World War II, which highlights the very real capacity of this evidence to unfairly prejudice Defendant. *See* Pilliod Dep. 111:18–112:10 (testifying that she first became suspicious of Roundup causing her cancer when finding out about Bayer involvement in WWII: "I got very suspicious of what this Roundup does and what the owners of Roundup do.") (Ex. 3).

Monsanto also anticipates that Plaintiffs might reference news articles surrounding Bayer's acquisition of Monsanto. Specifically, articles discussing possible legal and reputational dangers associated with Monsanto's acquisition in light of the Roundup litigation. Again, these are irrelevant and inadmissible. Whatever Bayer considered when it acquired Monsanto is irrelevant to prove the cause of Plaintiffs' NHL. And even if it were relevant, which it is not, its value would be substantially outweighed by the danger of unfair prejudice. The evidence could mislead the jury to think that any concern executives in Bayer may have shown regarding Roundup indicates guilt. The evidence would also lead to an unnecessary mini-trial regarding the truthfulness of the articles' content, causing undue delay and unfairly prejudicing Monsanto.

### III. CONCLUSION

For these reasons, Monsanto respectfully requests that the Court exclude evidence, testimony, or argument regarding other litigation, other products, and Bayer's company history.

DATED: January 30, 2019

Respectfully submitted,

/s/ *Brian L. Stekloff*_____

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4030
Fax: (202) 847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000


*Attorneys for Defendant*
*MONSANTO COMPANY*

- 6 -
MONSANTO'S MOTION *IN LIMINE* NO. 5 RE: OTHER LITIGATION, OTHER PRODUCTS, AND COMPANY HISTORY 3:16-md-02741-VC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of January 2019, a copy of the foregoing was served via electronic mail to opposing counsel.

/s/ *Brian L. Stekloff*

Aimee Wagstaff, SBN 278480
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, PC
7171 West Alaska Drive
Lakewood, CO 80226
Telephone: (303) 376-6360
Facsimile: (303) 376-6361

Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500
Facsimile: (212) 344-5461

Michael Miller (*pro hac vice*)
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Avenue
Orange, VA 22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to:<br>*Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC<br>*Stevick v. Monsanto Co., et al.*, 3:16-cv-2341-VC<br>*Gebeyehou v. Monsanto Co., et al.*, 3:16-cv-5813-VC | **PLAINTIFFS' OPPOSITION TO MONSANTO'S MOTION *IN LIMINE* NO. 5 ON OTHER PRODUCTS, OTHER LITIGATION AND CORPORATE HISTORY** |

**PLAINTIFFS' OPPOSITION TO MONSANTO'S FIFTH *IN LIMINE* MOTION**

The Court should deny Monsanto's fifth *in limine* motion. In each sub-argument, Monsanto seeks a broad, sweeping preclusion of evidence, but only provides a narrow, single example supporting its application. As the Court can better handle these issues individually, should they come up, the Court should deny the instant motion in full.

### A. Monsanto's *in limine* motion is overly broad.

The Court should deny Monsanto's *in limine* motion as overly broad. As Defendant's own case law notes, "Motions in limine that exclude broad categories of evidence are disfavored and such issues are better dealt with during trial as the admissibility of evidence arises." *Calloway v. Hayward*, 1:08-cv-01896, 2017 WL 363000 at *1 (E.D. Calif. Jan. 24, 2017) (*citing In re Homestore.com, Inc.*, No. CV 01-11115, 2011 WL 291176 at *2 (C.D. Calif. Jan. 25, 2011)). Monsanto's authority further confirms that the denial of a general motion *in limine* as overbroad is appropriate when the movant fails to identify specific documents or testimony specific to the motion which the movant seeks to preclude. *See Apple iPod iTunes Antitrust Lit.,* No. 05-cv-0037, 2014 WL 12719192 at *3 (N.D. Calif. 2014).

Monsanto's Motion proposes sweeping preclusion of evidence while offering minimal and insufficient support. Monsanto asks the Court to exclude all "[e]vidence of products other than Roundup …," but merely focuses on Agent Orange and its use in Vietnam in support of its Motion. *See* Monsanto's Memorandum of Points and Authorities [for Motion *in limine* No. 5 re: Other Litigation, Other Products, and Company History], dated Jan. 30 [sic], 2019, at 2 ("Def. MIL"). Monsanto only offers a single reference from a state case to a single product to support its Motion.[1] *See id.* at 3. The portion of Monsanto's Motion concerning Bayer further illustrates its unsupported attempts to restrict evidence. Monsanto seeks to preclude all evidence of "Bayer's acquisition of Monsanto," *id.* at 4, but merely highlights the potential unfair prejudicial impact of Bayer's

---

[1] The cited reference to "Agent Orange" does not appear at the offered citation. Indeed, the entire deposition transcript is devoid of any mention of Agent Orange. *See generally id.,* Exh. 3.

**PLAINTIFF'S OPPOSITION TO MONSANTO'S FIFTH *IN LIMINE* MOTION**

2

operations in Nazi Germany. *See id.* at 4-5.[2] Finally, common sense confirms that Monsanto's attempt to preclude "the mere mention of prior or other current lawsuits" as unduly prejudicial is needlessly broad. This request would prevent any mention of the *Johnson* trial or its result, yet both sides have an interest, at a minimum, in submitting questions about that case for the *voir dire* of prospective jury members. Notably, as Monsanto concedes, it submitted the same motion in *Johnson* and the state court denied the motion and allowed references to certain filed cases. The Court should deny such overly broad applications and reserve the right to address such points on a case-by-case basis to any specific evidence either part might wish to introduce.

### B. References to Other Litigation is Appropriate and not Unfairly Prejudicial.

Monsanto's opening statement in the *Johnson* trial illustrates the relevance of 9,300+ cases filed against Monsanto. In that opening, Monsanto's counsel spoke of increased evidence of non-Hodgkin's lymphoma occurring in farmers in a county in Ohio in the 1950s and '60s and used that information to suggest a lack of correlation between Roundup and non-Hodgkin's lymphoma (NHL). Exhibit A at 1467-68 (stating that the information is "significant" "[b]ecause this observation that non-Hodgkin's lymphoma was associated with farming occurred before glyphosate was invented"). The pending litigations provide the counterpoint to Monsanto's argument. For these 9,300+ individuals, living in different parts of the country, performing diverse jobs and using Roundup in varying manners, the common link that joins them is their use of Roundup and diagnosis of NHL. Indeed, as Monsanto extended its argument to discuss how the observation above prompted epidemiological studies, *see id.* at 1466-75, the 9,300 alleged instances of NHL provide potential support for the epidemiological studies and conclusions underlying IARC's determination that glyphosate is a probable carcinogen.

Further, Monsanto's own questioning of expert witnesses permits other testimony referencing the number of pending litigations. Monsanto will, almost certainly, question Plaintiffs'

---

[2] Once again, the single offered reference to deposition testimony, *see id.* at 5, does not appear anywhere within Monsanto's accompanying exhibit. *See generally id.*, Exh. 3.

**PLAINTIFF'S OPPOSITION TO MONSANTO'S FIFTH *IN LIMINE* MOTION**

3

expert witnesses at trial about their fees and how much they have received for these litigations.[3] As Plaintiffs' experts, however, have done substantial work for other Plaintiffs in courthouses around the country, from expert reports to expert depositions and trial testimony, those fees go well beyond the three immediate Plaintiffs. The jury would not understand the fees paid without knowing the context of the other pending cases.

Plaintiffs do not intend and will not conduct a trial within a trial for any of these other cases. With respect to the *Johnson* litigation, as Monsanto fully litigated that case, collateral estoppel may apply to certain issues. To the extent that evidence about other litigation is introduced here, the Court should deny the instant Motion and address such evidence as it arises.

      **C.**      **Evidence of Monsanto's Other Products is Necessary and Admissible.**

Evidence of other Monsanto herbicides is relevant and directly connected to the claims in this litigation. Plaintiffs' complaints include strict liability claim for a defective product. The availability of an alternative design remains a consideration for such claims. *See Papsan v. Domestic Corp.,* No. 16-cv-02117, 2017 WL 4865602 at *18-19 (N.D. Calif. 2017); *Coleman-Anacleto v. Samsung Elec. Am., Inc.,* No. 16-cv-02941, 2016 WL 4729302 at *18-19 (N.D. Calif. 2016); *West v. Johnson & Johnson Prod., Inc.*, 220 Cal. Rptr 437, 456-57 (Calif. Ct. App. 1986). Evidence concerning non-Roundup herbicides which Monsanto manufactured and sold, accordingly, is relevant, *see* Fed. R. Evid. 401, and directly goes to certain claims before the Court and jury at trial. Given the relevance of such testimony to the case, the Court should deny the instant Motion to preclude all "[e]vidence of products other than Roundup."[4]

---

[3] This aspect of the Motion is particularly suspect because Monsanto, in cross examining Plaintiffs' experts at their depositions spent considerable time questioning about their billing – billing that is not only for the instant trial but also for many other cases throughout the country.

[4] Notably, Monsanto has failed to substantiate its Motion. Monsanto only includes a discussion of Agent Orange, labeling it as a "stigmatized" chemical which "triggers memories of the Vietnam War. Def. MIL at 3. Monsanto's only connecting testimony is irrelevant to the Motion. A review of the offered transcript confirms that Alberta Pilliod never mentions "Agent Orange," and the cited page involves a discussion of where Ms. Pilliod sprayed Roundup around the yard. *See generally id.*, Exh. 3 (lacking the word "orange" anywhere within the testimony).

**PLAINTIFF'S OPPOSITION TO MONSANTO'S FIFTH *IN LIMINE* MOTION**

4

Monsanto's final point regarding Rule 404(b) is both misleading and inaccurate. *See* Def. MIL at 3 (suggesting that the Rule "forbids" the introduction of this evidence). The Rule, however, continues and confirms that evidence of other acts is admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Evidence of Monsanto's other herbicides goes directly to opportunity, preparation and knowledge, would be relevant and should not be precluded in advance of trial.

### D. No Reason Exists to Preclude Evidence of Bayer's History.

Monsanto's final point, ultimately, is irrational and merits little consideration. Monsanto's only offered argument for precluding any evidence of Bayer's acquisition of Monsanto is that evidence of non-party Bayer's Nazi past history would be unfairly prejudicial. *See* Def. MIL at 4-5. The argument makes little sense in the immediate context. Plaintiffs had not considered and did not anticipate introducing evidence concerning Bayer's Nazi history. Monsanto has inserted this red herring into its motion presumably to distract the Court, particularly as Monsanto's only support purportedly involves a plaintiff in a different action which is not before this Court.[5]

Certain information concerning Bayer's acquisition of Monsanto is relevant and admissible. The companies conducted negotiations of the purchase for approximately two years before finalizing the sale of the company for $63 billion, including, presumably, an undisclosed reserve for the pending Roundup litigations. Plaintiffs anticipate potentially utilizing the details concerning Bayer's purchase of the Monsanto as evidence going to punitive damages. Such testimony, including testimony about Bayer's due diligence, the value of Monsanto's Roundup product and calculations of the profits which the company receives from Roundup, is relevant to the calculation and assessment of punitive damages.

---

[5] Again, Monsanto has pointed to deposition testimony that does not support its assertion. *See* Def. MIL, Exh. 3 at 1, 111-12 (providing the case caption which shows the case venued in the Superior Court of the State of California and the pages which defendant cited in its brief).

**PLAINTIFF'S OPPOSITION TO MONSANTO'S FIFTH *IN LIMINE* MOTION**

5

Finally, Monsanto has not identified any news articles which it anticipates Plaintiffs will seek to introduce at trial or why Bayer's decision to purchase Monsanto for $63 billion is irrelevant. *See* Def. MIL at 5. Monsanto also appears to have manufactured this issue. Plaintiffs have not included such an article on their exhibit list. To the extent that Plaintiffs might seek to introduce a newspaper article into evidence concerning the purchase, the Court should deny the instant Motion and, if such information comes up in court, handle the introduction of such evidence on a case-by-case basis.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion, together with such other relief as the Court may deem just and proper.

Dated: January 30, 2019

Respectfully submitted,

/s/ Robin Greenwald
Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY 10003

/s/ Aimee Wagstaff
Aimee Wagstaff
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 West Alaska Drive
Lakewood, CO 80226

/s/ Mike Miller
Michael Miller
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave
Orange, VA 22960

*Co-Lead Counsel for Plaintiffs
in MDL No. 2741*

**PLAINTIFF'S OPPOSITION TO MONSANTO'S FIFTH *IN LIMINE* MOTION**

6

**CERTIFICATE OF SERVICE**

 I certify that on January 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

        /s/ Aimee Wagstaff
        Aimee H. Wagstaff (SBN 278480)
        aimee.wagstaff@andruswagstaff.com

**PLAINTIFF'S OPPOSITION TO MONSANTO'S FIFTH *IN LIMINE* MOTION**

7