# EXHIBIT N

**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel:    (202) 847-4030
Fax:    (202) 847-4005

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 ) ) Case No. 3:16-md-02741-VC ) |
| _____ | ) |
| *Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC *Stevick v. Monsanto Co., et al.*, 3:16-cv-2341-VC *Gebeyehou v. Monsanto Co., et al.*, 3:16-cv-5813-VC | ) **MONSANTO COMPANY'S NOTICE OF** ) **MOTION AND MOTION *IN LIMINE*** ) **NO. 12 RE: EVIDENCE OF** ) **GLYPHOSATE IN BREAST MILK,** ) **FOOD, OR OTHER UNRELATED** ) **SOURCES** |
| _____ | ) |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** in Courtroom 4 of the United States District Court, Northern

District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as

ordered by the Court, Defendant Monsanto Company ("Monsanto") will and hereby does move

1  the Court to preclude evidence of glyphosate in breast milk, food, or other unrelated sources.

2  DATED:  January 30, 2019

Respectfully submitted,
3  /s/ *Brian L. Stekloff*

4  Brian L. Stekloff (*pro hac vice*)
5  (bstekloff@wilkinsonwalsh.com)
   Rakesh Kilaru (*pro hac vice*)
6  (rkilaru@wilkinsonwalsh.com)
   WILKINSON WALSH + ESKOVITZ LLP
7  2001 M St. NW, 10th Floor
   Washington, DC 20036
8  Tel: (202) 847-4030
   Fax: (202) 847-4005
9

10  Pamela Yates (CA Bar No. 137440)
    (Pamela.Yates@arnoldporter.com)
11  ARNOLD & PORTER KAYE SCHOLER
    777 South Figueroa St., 44th Floor
12  Los Angeles, CA 90017
    Tel: (213) 243-4178
13  Fax: (213) 243-4199

14  Eric G. Lasker (*pro hac vice*)
15  (elasker@hollingsworthllp.com)
    HOLLINGSWORTH LLP
16  1350 I St. NW
    Washington, DC 20005
17  Tel: (202) 898-5843
    Fax: (202) 682-1639
18

19  Michael X. Imbroscio (*pro hac vice*)
    (mimbroscio@cov.com)
20  COVINGTON & BURLING LLP
    One City Center
21  850 10th St. NW
    Washington, DC 20001
22  Tel: (202) 662-6000

23  *Attorneys for Defendant*
24  *MONSANTO COMPANY*

25

26

27

28

## I.    INTRODUCTION

Defendant Monsanto Company ("Monsanto") respectfully submits this motion *in limine* to exclude any evidence or argument about the presence of glyphosate, surfactants, or any alleged impurities or contaminants in breast milk, food, or sources unrelated to Plaintiffs' alleged route of exposure.  These topics, which have been sensationally covered in traditional and online media, bear no relevance to the issues in this case and would serve only to distract the jury and prejudice Monsanto.  Monsanto believes this Motion impacts Phase 1, to the extent Plaintiffs suggest such evidence supports a general claim as to the dangerous proclivity of Roundup as somehow relevant to the causation question, as well as Phase 2, for the suggestion that Monsanto is indifferent to these other alleged risks of Roundup.

Plaintiffs allege their injuries, all forms of non-Hodgkin Lymphoma ("NHL"), were caused by coming into direct contact with glyphosate in Roundup branded herbicides while spraying it on weeds.  Deposition of Daniel Hardeman at 168:17–177:1, *Hardeman v. Monsanto Co.*, No. 3:16-cv-525-VC (N.D. Cal. Nov. 8, 2018) (Ex.  1); Deposition of Elaine Stevick at 93:24–105:1, *Stevick v. Monsanto Co.*, No. 3:16-cv-2341-VC (N.D. Cal. Nov. 9, 2018) (Ex.  2); Deposition of Sioum Gebeyehou at 44:1–51:1, *Gebeyehou v. Monsanto Co.*, No. 3:16-cv-5813 (N.D. Cal. Nov 13, 2018) (Ex.  3).  Plaintiffs do not allege injury from ingesting glyphosate in food or breast milk, nor from exposure of any other sort.  *Id.  See also* Hardeman Compl. at ¶ 114; Stevick Compl. at ¶ 67; Gebeyehou Compl. at ¶ 111.  Plaintiffs' proffered exposure and dose expert—Dr. Sawyer—has based his opinions on dermal exposure during the application process, and does not consider food or other sources—both generally or specifically with respect to the sole plaintiff who he opined on individually, Mrs. Stevick.  Expert Report of Dr. Sawyer at 32–114, *In Re: Roundup Prods Liab. Litig.* No. 3:16-md-2741-VC (N.D. Cal. Nov. 20, 2018) (Ex. 4); Deposition of William Sawyer at 45:20–302:14, *Stevick v. Monsanto Co.*, No. 3:16-cv-2341-VC (Dec. 20, 2018) (Ex.  5).

Accordingly, any mention of the presence of glyphosate in breast milk, food, or other sources, or any mention of alleged general-population glyphosate exposures via other such

modalities irrelevant to this case, should be excluded.  Reference to such exposures could cause fear in the jury about their *own* supposed risks, and could induce them to assume that Roundup must be generally dangerous, thereby appealing to jurors' own visceral reaction to such fears. The jury's role is, instead, to weigh the allegations in this case—whether Plaintiffs' application exposure while spraying or handling Roundup-branded herbicides caused their specific injuries. For these reasons, the California state court presiding over a related claim granted a nearly identical motion, specifically barring mention of glyphosate in breast milk and disallowing evidence of glyphosate in any source apart from those on which plaintiff's exposure expert would base his opinion at trial.  Order Denying Monsanto's Motion for Continuance of Trial Date and re: Motions in Limine at 6-7, *Johnson v. Monsanto Co.*, CGC-16-550128 (Cal. Sup. Ct. April 3, 2018) (Ex.  6).

## II.      ARGUMENT

Any evidence or argument about the presence of glyphosate in breast milk, food, or sources unrelated to plaintiffs' routes of alleged exposure is irrelevant and inadmissible.  *See* Fed. R. Evid. 401 (evidence is only relevant if it makes "more or less probable" a fact that "is of consequence in determining the action"); Fed. R. Evid. 402 (irrelevant evidence is inadmissible). *See also Ochoa-Valenzuela v. Ford Motor Co. Inc.*, 685 F. App'x 551, 555 (9th Cir. 2017) (evidence that car manufacturer designed defective cars in 1960s is not probative of whether manufacturer designed faulty cars in 2000).  Plaintiffs do not allege their injuries resulted from exposure through food or breast milk, but only through application of Roundup-branded herbicides.  Similarly, plaintiffs' expert, Dr. Sawyer did not propose additional exposure routes in his expert report or at his deposition.  Expert Report of Dr. Sawyer at 32–114 (Ex.  4); Sawyer Dep. at 45:20–302:14 (Ex.  5).  *See also* Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi); *Coleman v. Schwarzenegger*, No. C01-1351 TEH, 2008 WL 4161623, at *2 (N.D. Cal. Sept. 5, 2008) ("[t]he reason for requiring expert reports is the elimination of unfair surprise to the opposing party")

(internal quotations omitted). Because this evidence cannot be offered for causation, it has no relevant purpose and is inadmissible.

Even assuming the evidence has some minimal relevance, it is inflammatory and should be excluded on independent grounds as unduly prejudicial. Fed. R. Evid. 403. *See also United States v. McLeod*, No. 16-50013, 2018 WL 4089599, at *6 (9th Cir. Aug. 28, 2018) ("Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice…") (internal quotations omitted); *United States v. Anderson*, 741 F.3d 938, 950 (9th Cir. 2013) ("Unfair prejudice is an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.") (internal quotations omitted). Allegations of glyphosate in food or breast milk in the instant case could illicit fear and induce unfair prejudice. This "evidence" would suggest to the jury that *they* are at risk—or that others whom they care about are at risk, such as children or other loved ones. Its utility in court depends on sensational media reports, which have engendered their own forms of "fear and distrust." Such evidence is independently inadmissible for this reason.

Introduction of this type of evidence would also result in confusion and prolong the trial, yet another independent ground for exclusion. *See* Fed. R. Evid. 403. *See, e.g., Aquino v. Cty. of Monterey Sheriff's Dep't*, No. 5:14-CV-03387-EJD, 2018 WL 3548867, at *4 (N.D. Cal. July 24, 2018) "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues, misleading the jury, undue delay, wasting time") (quoting Rule 403). The jury in the instant case would likely assume that the glyphosate supposedly found in any food or breast milk got there by way of Monsanto. Monsanto would need to provide detailed testimony regarding, for example, whether glyphosate is *actually* present in the specific sources referenced by plaintiffs, whether that glyphosate was *actually* manufactured by Monsanto, whether plaintiffs were *actually* exposed to such sources, and to prove that any incidental contact would not constitute a sufficient basis to find a causal connection. The result would be an unnecessary and avoidable distraction given that plaintiffs

MONSANTO'S MOTION IN LIMINE NO. 12 RE: OTHER SOURCES OF GLYPHOSATE
3:16-md-02741-VC

do not allege any routes of exposure beyond dermal exposure during application of Roundup-based herbicides.

**III.      CONCLUSION**

Monsanto respectfully requests that the Court exclude any evidence or argument regarding irrelevant and unfairly prejudicial allegations about the presence of glyphosate in breast milk, food, or other sources unrelated to plaintiffs' alleged exposure.

Dated: January 30, 2019.                    Respectfully submitted,

/s/ *Brian L. Stekloff*

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:      202-847-4030
Fax:      202-847-4005

Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
COVINGTON & BURLING LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of January 2019, a copy of the foregoing was served via electronic mail to opposing counsel.

/s/ *Brian L. Stekloff*

**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360
Fax: (303) 376-6361
Aimee.wagstaff@andruswagstaff.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY  10003
Tel: (212) 558-5802
Fax:  (646) 293-4921
rgreenwald@weitzlux.com

**THE MILLER FIRM, LLC**
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
108 Railroad Ave.
Orange, VA  22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055
mmiller@millerfirmllc.com
bbrake@millerfirmllc.com

*Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Hardeman v. Monsanto Co., et al.,*<br>3:16-cv-0525-VC<br>*Stevick v. Monsanto Co., et al.,*<br>*3:16-cv-02341-VC*<br>*Gebeyehou v. Monsanto Co., et al.,*<br>3:16-cv-5813-VC | MDL No. 2741<br><br>Case No. 16-md-02741-VC<br><br>**PLAINTIFFS' RESPONSE TO MOTION *IN LIMINE* NO. 12 RE: EVIDENCE OF GLYPHOSATE IN BREAST MILK, FOOD, OR OTHER UNRELATED SOURCES** |

1

Monsanto argues for the exclusion of evidence or argument of glyphosate in breast milk, food, or other sources.

Plaintiffs agree not to oppose this Motion *In Limine* for the three Group 1 Plaintiffs provided that 1) it is clearly understood that Plaintiffs' agreement not to oppose this Motion in *Limine* in no way precludes other Plaintiffs from admitting such evidence in the future; and 2) Plaintiffs reserve the right to present such evidence if Monsanto should "open the door" to its presentation.

Dated: 1/30/2019                                     Respectfully submitted,

                                                     /s/ Aimee Wagstaff
                                                     Aimee H. Wagstaff (SBN 278480)
                                                     aimee.wagstaff@andruswagstaff.com
                                                     Andrus Wagstaff, P.C.
                                                     7171 W. Alaska Drive
                                                     Lakewood, CO 80226
                                                     Tel: (303) 376-6360

                                                     /s/ Robin Greenwald
                                                     Robin L. Greenwald
                                                     rgreenwald@weitzlux.com
                                                     Weitz & Luxenberg
                                                     700 Broadway
                                                     New York, NY 10003
                                                     Tel: (212) 558-5802

                                                     /s/ Michael J. Miller
                                                     Michael J. Miller (*pro hac vice*)
                                                     Brian K. Brake (*pro hac vice*)
                                                     mmiller@millerfirmllc.com
                                                     bbrake@millerfirmllc.com
                                                     The Miller Firm LLC
                                                     108 Railroad Ave.
                                                     Orange, VA 22960
                                                     Telephone: (540) 672-4224

                                                     *Co-Lead Counsel for Plaintiffs*

PLAINTIFFS' RESPONSE TO MOTION *IN LIMINE* NO. 12 RE: EVIDENCE OF GLYPHOSATE IN BREAST MILK, FOOD, OR OTHER UNRELATED SOURCES

**CERTIFICATE OF SERVICE**

I certify that on January 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com

PLAINTIFFS' RESPONSE TO MOTION *IN LIMINE* NO. 12 RE: EVIDENCE OF GLYPHOSATE IN BREAST MILK, FOOD, OR OTHER UNRELATED SOURCES