# EXHIBIT Q

**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
Aimee.wagstaff@andruswagstaff.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax: (646) 293-4921
rgreenwald@weitzlux.com

**THE MILLER FIRM, LLC**
Michael J. Miller (*pro hac vice*)
108 Railroad Ave.
Orange, VA 22960
Tel: (540) 672-4224
Fax:(540) 672-3055
mmiller@millerfirmllc.com

*Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: | **PLAINTIFFS' NOTICE OF MOTION AND MOTION IN** *LIMINE* **NO. 4 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING FOREIGN REGULATORY ACTIONS AND DECISIONS BY GOVERNMENTAL AGENCIES IN FOREIGN COUNTRIES** |
| *Hardeman v. Monsanto Co., et al.,* 3:16-cv-0525-VC; *Stevick v. Monsanto Co., et al.,* 3:16-cv-02341-VC; *Gebeyehou v. Monsanto Co., et al.,* 3:16-cv-5813-VC | |

1

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** beginning on February 13, 2019 in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Plaintiffs will present their Motion in *Limine* to Exclude Evidence Testimony and Argument Regarding Foreign Regulatory Actions and Decisions by Governmental Agencies in Foreign Countries. A supporting memorandum is filed herewith.

Dated: 1/30/2019                                         Respectfully submitted,

                                                          /s/ Aimee Wagstaff
                                                          Aimee H. Wagstaff (SBN 278480)
                                                          aimee.wagstaff@andruswagstaff.com
                                                          Andrus Wagstaff, P.C.
                                                          7171 W. Alaska Drive
                                                          Lakewood, CO  80226
                                                          Tel: (303) 376-6360

                                                          /s/ Robin Greenwald
                                                          Robin L. Greenwald
                                                          rgreenwald@weitzlux.com
                                                          Weitz & Luxenberg
                                                          700 Broadway
                                                          New York, NY 10003
                                                          Tel: (212) 558-5802

                                                          /s/ Michael J. Miller
                                                          Michael J. Miller (*pro hac vice*)
                                                          Brian K. Brake (*pro hac vice*)
                                                          mmiller@millerfirmllc.com
                                                          bbreake@millerfirmllc.com
                                                          The Miller Firm LLC
                                                          108 Railroad Ave.
                                                          Orange, VA  22960
                                                          Telephone: (540) 672-4224

                                                          *Plaintiffs' Co-Lead Counsel*

PLAINTIFFS' MOTION IN *LIMINE* NO. 4 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING FOREIGN REGULATORY ACTIONS AND DECISIONS BY GOVERNMENTAL AGENCIES IN FOREIGN COUNTRIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PRELIMINARY STATEMENT

Monsanto markets and sells glyphosate-containing products not only in the United States, but also in many countries throughout the world.  Each country (or group of countries, like the European Union) maintains a distinct set of regulatory standards and laws governing the approval, marketing, sale, and labeling of pesticides and herbicides.  Plaintiffs' substantive claims are governed by California law and the only regulatory agencies that govern the marketing of glyphosate in California is the Environmental Protection Agency (EPA) and the California Environmental Protection Agency (CalEPA).

Testimony and evidence regarding the standards, proceedings, actions, and decisions of foreign countries is not probative of the underlying issues in this case.  Some countries have reviewed glyphosate's safety and allowed glyphosate to be sold without a warning for non-Hodgkin's lymphoma while regulatory bodies in other foreign nations have severely restricted the use of glyphosate as a result of the safety data.  Allowing testimony regarding the complex regulatory decisions in each of these countries would result in "mini-trials" that would confuse the issues, mislead the jury and waste the Court's and the jury's time.

This case involves Plaintiffs' claims under state law, concerning events that occurred entirely in California.  Foreign regulatory requirements and determinations made under different foreign regulatory standards have no bearing on whether Monsanto's actions conformed to the standards established by California law.

## II.    ARGUMENT

Evidence and argument about foreign regulatory actions or decisions related to glyphosate should be excluded because they are irrelevant to the issues in this case, and because any relevance is outweighed by the danger of confusing and misleading the jury and wasting the

PLAINTIFFS' MOTION IN *LIMINE* NO. 4 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT
REGARDING FOREIGN REGULATORY ACTIONS AND DECISIONS BY GOVERNMENTAL AGENCIES IN
FOREIGN COUNTRIES

Court's and the jury's time in unraveling the regulatory schemes of every country that has considered the safety of glyphosate.[1]

### A. The Evidence About Foreign Regulatory Activity Is Irrelevant To This Case.

Evidence about foreign regulatory findings, actions or decisions about glyphosate is irrelevant to the claims brought by plaintiffs in this case. As many courts have held in similar circumstances, "any discussion of foreign regulatory actions is irrelevant… and should therefore be excluded." *In re Viagra Prods. Liab. Litig.*, 658 F. Supp. 2d 950, 965 (D. Minn. 2009); *Garamendi v. Mission Ins. Co.* (1993) 15 Cal. App. 4th 1277, 1287 (*holding* that foreign statutes and decisions . . . are not binding on this court" and "foreign authorities are irrelevant to our determination which must be based on California law."); *In re Seroquel Prods. Liab. Litig.*, 601 F. Supp. 2d 1313 (M.D. Fla. 2009) (*affirming* exclusion of foreign regulatory activities); *Deviner v. Electrolux Motor AB*, 844 F. 2d 769, 771 (11th Cir. 1988) (*holding* "Swedish standards are not relevant in a U.S. product liability case involving [products] sold in the U.S."); *In re Meridia Prods. Liab. Litig. v. Abbott Labs.*, 447 F. 3d 81, 867 (6th Cir. 2006) (*holding* that "American regulators have different priorities and deal with often more diverse populations than their European counterparts.").

Each government makes its own determinations regarding the standards for safety and duty of care based on factors arising from each country's unique political, social, and economic situation. *Harrison v. Wyeth Labs.*, 510 F. Supp. 1, 4 (E.D. Pa. 1980), *aff'd* 676 F. 2d 685 (3d Cir. 1982).[2] The actions taken or decisions made by foreign governments and their regulatory

---

[1] As discussed further below, this Motion seeks to exclude only the findings and decisions of the regulatory bodies of foreign governments. Regulatory findings and decisions relating to the approval, marketing, and labeling of a product under complex regulatory schemes is different than scientific reviews, studies, meta-analysis, and safety analysis undertaken by non-governmental agencies addressing the safety of glyphosate.

[2] As the *Harrison* Court explained:

PLAINTIFFS' MOTION IN *LIMINE* NO. 4 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING FOREIGN REGULATORY ACTIONS AND DECISIONS BY GOVERNMENTAL AGENCIES IN FOREIGN COUNTRIES

authorities have no bearing on whether the standards at issue – established by state law – have been met or not.  Accordingly, foreign regulatory actions or decisions are irrelevant to the issues in this case.

**B.** **Any Marginal Probative Value of Evidence Regarding Foreign Regulatory Findings and Decisions Is Substantially Outweighed By The Danger of Unfair Prejudice and Jury Confusion.**

Even if the Court were to conclude that foreign regulatory actions or decisions may be relevant to the issues presented in this case, any probative value of that evidence would be outweighed by the danger of confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time. FRE 403.  Permitting the parties to introduce foreign regulatory actions or decisions "without providing context concerning the regulatory schemes and decision-making processes involved would strip the jury of any framework within which to evaluate the meaning of that evidence."  *In re Seroquel Prods. Liab. Litig.*, 601 F. Supp. 2d at 1318.

For these reasons, multiple courts have excluded evidence and argument on the basis that the probative value of foreign regulatory actions or decisions is substantially outweighed by undue consumption of time and confusion of the jury. *See In re Baycol Products Liab. Litig.*, 532 F. Supp. 2d 1029, 1054 (D. Minn. 2007) (excluding evidence of regulatory actions in foreign countries as it would likely lead to jury confusion); *Sherry v. Massey-Ferguson, Inc.*, 1997 WL 480893 (W.D. Mich. 1997) (finding that evidence of European legal standards an requirements will unnecessarily confuse the jury); *In re Actos Prod. Liab. Litig.*, JCCP 4946, 2013 WL 2302015 at *9-10 (Cal.

---

This balancing of the overall benefits to be derived from a product's use with the risk of harm associated with that use is peculiarly suited to a forum of the country in which the product is used.  Each country has its own legitimate concerns and its own needs which must be factored into its process of weighing the drug's merits, and which will tip the balance for it one way or the other.

510 F. Supp. at 4.

PLAINTIFFS' MOTION IN *LIMINE* NO. 4 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING FOREIGN REGULATORY ACTIONS AND DECISIONS BY GOVERNMENTAL AGENCIES IN FOREIGN COUNTRIES

Super. Ct. Feb. 11, 2013); *Patchen v. A.W. Chesteron Co*., No. BC 421268, 2012 WL 1062862 (Cal. Super. Ct. Jan. 27, 2012).

In order to make sense of these foreign actions and decisions, the parties would be required to introduce evidence regarding the regulatory framework of the countries in question. The Court would be required to conduct "mini-trials" with respect to the reasons why and how foreign regulatory agencies may have reached their decisions regarding glyphosate, including an examination of the exact circumstances of the countries at the time of their decision. *In re Seroquel Prods. Liab. Litig*., 601 F. Supp. 2d at 1318. If Monsanto is allowed to introduce evidence of actions and by regulators in foreign countries at trial, then Plaintiffs would be entitled to respond by introducing evidence of the differences between the social, political, regulatory and medical landscapes of those countries compared to the United States. Further, Plaintiffs would be forced to introduce evidence relating to the various other countries that have restricted, voted against or otherwise voiced concern over the carcinogenicity of the products at issue. Such evidence, focused on each country's regulatory activity would confuse the jury, distract from the core issues, and substantially lengthen the trial of this matter.

The probative value of irrelevant information regarding foreign regulatory findings and decisions would be substantially outweighed by the risk of undue consumption of time at trial and the danger of misleading the jury and confusion the issues.

**C. <u>The Exclusion of Foreign Regulatory Actions Does Not Preclude The Introduction of All Safety Information Generated Overseas.</u>**

Evidence concerning foreign regulatory actions is far different than independent analysis, studies, and safety reviews conducted overseas by scientists, groups, organizations and agencies that have no role in the regulation, approval, and marketing of glyphosate. The decisions of non-regulatory groups are not dictated by foreign laws, regulations, and standards that are different from what is required under California law. Scientific information and safety reviews that are

4

PLAINTIFFS' MOTION IN *LIMINE* NO. 4 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING FOREIGN REGULATORY ACTIONS AND DECISIONS BY GOVERNMENTAL AGENCIES IN FOREIGN COUNTRIES

known and considered by the EPA or CalEPA is clearly relevant while testimony regarding "what the foreign regulators decided about [a product] or what actions they required [defendant] to take regarding the [product]" and does not risk confusing the issues or misleading the jury. *See In re Seroquel Prods. Liab. Litig.*, 601 F. Supp. 2d at 1318-19.

## III.  CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court enter an Order granting this motion *in limine* and excluding evidence or testimony regarding foreign regulatory actions and decisions by governmental agencies in foreign countries.

Dated:  1/30/2019                                        Respectfully submitted,

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 W. Alaska Drive
Lakewood, CO  80226
Tel: (303) 376-6360

/s/ Robin Greenwald
Robin L. Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY 10003
Tel: (212) 558-5802

/s/ Michael J. Miller
Michael J. Miller (*pro hac vice*)
Brian K. Brake (*pro hac vice*)
mmiller@millerfirmllc.com
bbreake@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave.
Orange, VA  22960
Telephone: (540) 672-4224

*Plaintiffs' Co-Lead Counsel*

5

PLAINTIFFS' MOTION IN *LIMINE* NO. 4 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING FOREIGN REGULATORY ACTIONS AND DECISIONS BY GOVERNMENTAL AGENCIES IN FOREIGN COUNTRIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' MOTION IN *LIMINE* NO. 4 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING FOREIGN REGULATORY ACTIONS AND DECISIONS BY GOVERNMENTAL AGENCIES IN FOREIGN COUNTRIES

## CERTIFICATE OF SERVICE

I certify that on January 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Aimee Wagstaff
Aimee H. Wagstaff (SBN 278480)
aimee.wagstaff@andruswagstaff.com

PLAINTIFFS' MOTION IN *LIMINE* NO. 4 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING FOREIGN REGULATORY ACTIONS AND DECISIONS BY GOVERNMENTAL AGENCIES IN FOREIGN COUNTRIES

**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:     202-847-4030
Fax:     202-847-4005

**ARNOLD & PORTER KAYE SCHOLER**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4178
Fax: 213-243-4199

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>_____<br><br>*Hardeman v. Monsanto Co., et al.*, 3:16-cv-0525-VC<br>*Stevick v. Monsanto Co., et al.*, 3:16-cv-2341-VC<br>*Gebeyehou v. Monsanto Co., et al.*, 3:16-cv-5813-VC<br>_____ | ) MDL No. 2741<br>)<br>) Case No. 3:16-md-02741-VC<br>)<br>) **MONSANTO COMPANY'S**<br>) **OPPOSITION TO PLAINTIFFS'**<br>) **MOTION *IN LIMINE* NO. 4 RE:**<br>) **FOREIGN REGULATORY DECISIONS**<br>)<br>)<br>)<br>) |

## I.    INTRODUCTION

Plaintiffs ask this Court to exclude all evidence regarding findings and conclusions of foreign regulatory agencies, while at the same time seeking to rely heavily on the conclusions of IARC, an international organization with no regulatory authority.  Plaintiffs cannot have it both ways.  Both regulatory and non-regulatory organizations throughout the world have evaluated the data concerning glyphosate, and IARC essentially stands alone in its conclusions.  Plaintiffs, however, want the jury to hear only about the conclusions reached by IARC while preventing the jury from hearing about conclusions reached by foreign health and regulatory entities that have evaluated the same (and frequently more) data, and who have the actual responsibility for regulating these products in their respective jurisdictions.  Although Monsanto does not believe any such evidence is necessary or appropriate in Phase 1, if the IARC classification is admitted, fundamental fairness dictates that the determinations made by other entities, including foreign regulatory bodies, must also be admitted.  In Phase 2, evidence regarding the actions and conclusions of foreign regulatory bodies may be relevant to Monsanto's knowledge, and thus the reasonableness and adequacy of its actions and warnings.  A critical relevant inquiry in Phase 2 will be whether Monsanto actions at the relevant time were reasonable and adequate *in light of* the scientific knowledge that was generally accepted at that time.  Risk assessments concerning glyphosate performed by foreign regulatory entities directly bear on that issue.

## II.    BACKGROUND

The current litigation concerning glyphosate largely exists because of IARC's 2015 determination that glyphosate is "probably carcinogenic to humans."  Indeed, IARC's determination is central to Plaintiffs' theory in this case.[1]  This determination contradicted decisions regarding glyphosate safety made by EPA and many other international regulatory and non-regulatory bodies.  After IARC's determination, EPA and other scientific regulatory

---

[1] *See* Stekloff Decl., Ex. 1, Dec. 5, 2018 CMC Hr'g Tr. at 59:6-10 (Plaintiffs' counsel: "'Roundup has been on the market for 40 years. It has a demonstrated record of safety.' And there's so much untruth about that that we have to unpack. We will do that with evidence, but a lot of it involves IARC because what IARC did is it's the change in the narrative.")

1  organizations independently re-determined that glyphosate was safe, often explicitly rejecting

2  IARC's conclusion in the process.

3      Plaintiffs want to present the jury with an incomplete and misleading picture of the state

4  of the scientific knowledge regarding glyphosate—one that elevates IARC's conclusion above

5  numerous competing conclusions and paints glyphosate as unequivocally and indisputably

6  unsafe.  But that would give the jury a false and inaccurate impression both of the scientific

7  realities and of Monsanto's understanding of the state of scientific knowledge and consensus that

8  informed its decisions regarding product safety.

9      Monsanto has moved *in limine* to exclude evidence regarding IARC's classification in

10  Phase 1.  *See* Monsanto's MIL No. 1.  If evidence of IARC's classification is admitted, however,

11  conclusions of regulatory organizations likewise must also be admitted to ensure the jury is

12  presented with a complete picture of the state of the scientific knowledge.   In those

13  circumstances, Monsanto has proposed a limiting instruction.  *See* Monsanto's MIL No. 1. at 5.

14  In Phase 2, evidence regarding actions and conclusions of regulatory organizations is highly

15  probative of the issues the jury will be asked to assess and should not be excluded.

16  **III.   ARGUMENT**

17      **A.   Plaintiffs Should Not Be Permitted to Cherry-Pick One Foreign
            Determination Favorable to Their Theory While Shielding All Other Foreign
18          Determinations From the Jury's View.**

19      Plaintiffs' motion is logically inconsistent and unfairly prejudicial to Monsanto.   It

20  attempts to present the jury with limited evidence that paints an incomplete picture of the state of

21  the scientific knowledge.  Plaintiffs want the Court to admit IARC's conclusions, while at the

22  same time exclude determinations by scientific bodies that reviewed the data considered by

23  IARC (and more) and came to the opposite conclusion.  Such a one-sided approach would

24  unduly prejudice Monsanto and result in a lopsided presentation of the evidence.

25      Plaintiffs claim that admission of foreign regulatory actions would "mislead[] the jury

26  and confus[e] the issues."  Pls.' MIL 4 at 6.  In fact, allowing Plaintiffs to present IARC's

27  conclusion in a vacuum—devoid of the overwhelming number of scientific and regulatory bodies

28

1    that have rejected that conclusion—is the very epitome of misleading.  If the jury is permitted to

2    hear about one analysis of the state of the science, it must also hear about other and more

3    complete analyses, especially given that IARC's classification stands in stark contrast to the

4    conclusions reached by other non-regulatory and regulatory organizations throughout the world.

5    Indeed, just in the past month, two major health authorities have rejected IARC's conclusion and

6    reaffirmed their views that Roundup has not been shown to be carcinogenic.[2]

7         Thus, if the Court allows the introduction of IARC's conclusions in Phase 1, the Court

8    should also deny this motion.

9    **B.     Foreign Regulatory Conclusions Are Relevant to the State of the Scientific
            Knowledge and Monsanto's Knowledge, and Should Be Admitted in Phase 2.**

10

11        Plaintiffs seek to exclude evidence of every worldwide regulatory entity that evaluated

12   glyphosate data and reached a conclusion on its safety.  But the evaluations of glyphosate data

13   throughout the world—including those by regulatory entities—are probative of the overall state

14   of scientific knowledge and Monsanto's understanding of glyphosate safety, which will be

15   critical issues in Phase 2.   To meet their burden of proof on their strict liability claim in Phase 2

16   of the trial, plaintiffs must establish, *inter alia*, that glyphosate's potential risks were known or

---

17   [2] Health Canada this month reaffirmed its non-carcinogenic conclusion in the wake of IARC's

18   determination:  Allegations of glyphosate's carcinogenicity "could not be scientifically supported
     when considering the entire body of relevant data." *Statement from Health Canada on

19   Glyphosate*,    Health    Canada    (Jan.   11,   2019),   https://www.canada.ca/en/health-
     canada/news/2019/01/statement-from-health-canada-on-glyphosate.html   (describing   the

20   regulator's finding that objections raised to its 2017 re-evaluation decision that glyphosate was
     non-carcinogenic "did not create doubt or concern regarding the scientific basis for the 2017 re-

21   evaluation decision for glyphosate" and reiterating that "[n]o pesticide regulatory authority in the
     world currently considers glyphosate to be a cancer risk to humans at the levels at which humans

22   are currently exposed").  In December, the EPA's Office of Pesticide Programs, describing its
     independent reevaluation of its glyphosate risk assessment, with more than two dozen staff

23   members  across  more  than ten  disciplines,  reiterated  "confiden[ce]  in  its  conclusion  that
     glyphosate is not likely to be carcinogenic to humans. Stekloff Decl., Ex. 2, Letter from Richard

24   P. Keigwin, Director, U.S. EPA Office of Pesticide Programs, to Jane Thompson, Committee
     Secretary, Australian Senate Standing Committee on Rural and Regional Affairs and Transport

25   (Dec. 21, 2018).  As Mr. Keigwin points out in his letter, EPA's "conclusion is consistent with
     other countries and regulatory authorities including the Canadian Pest Management Regulatory

26   Agency, Australian Pesticide and Veterinary Medicines Authority, European Food Safety
     Authority, the European Chemicals Agency, German Federal Institute for Occupational Safety

27   and health, The Joint FAO/WHO Meeting on Pesticide Residues, the New Zealand
     Environmental Protection Authority, and Food Safety Commission of Japan." *Id.* at 5.

28

---

MONSANTO'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 4
RE: FOREIGN REGULATORY DECISIONS
3:16-md-02741-VC & 3:16-cv-0525-VC, 3:16-cv-2341-VC, 3:16-cv-5813-VC

1  knowable "**in light of the scientific knowledge that was generally accepted in the scientific**

2  **community**" at the time the product was manufactured and sold.  *See* CACI 1205 (emphasis

3  added).  Thus, the adequacy of Monsanto's warning, and an evaluation of Monsanto's conduct,

4  squarely depend upon the state of scientific knowledge, and the conclusions of the relevant

5  regulatory agencies – both foreign and domestic -- provide a strong indication of what was

6  generally accepted in the scientific community.  Where alleged knowledge of a product

7  manufacturer is relevant, as it is here under Plaintiffs' theory, then foreign regulatory evidence

8  sheds light on the company's knowledge.  *See*, *e.g.*, *Coordination Proceeding Special Title v.*

9  *Actos Prod. Liab. Cases*, 2013 WL 2302015, at *10 (Cal. Super. Ct. Feb. 11, 2013) ("evidence of

10  foreign regulatory action" is relevant and admissible to show the defendant's "knowledge of the

11  alleged carcinogenic properties of [the product]." (emphasis removed)); *In re Depakote*, 87

12  F.Supp.3d 916, 926 (S.D. Ill. 2015) (evidence of foreign regulatory actions "is relevant on the

13  issue of [the defendant]'s knowledge during a relevant time period…" (emphasis removed)).

14      In defending the safety of Roundup, Monsanto relied on the overall body of scientific

15  evidence, including foreign regulatory determinations that glyphosate does not cause cancer.  To

16  properly evaluate Monsanto's conduct, the jury is entitled to hear evidence regarding the

17  evaluations of glyphosate's risks that were generally accepted in the worldwide scientific

18  community—a community that includes foreign regulatory organizations.  Because foreign

19  regulatory evidence contributed to the overall state and understanding of the scientific

20  knowledge, it is directly relevant to the issues in this case.[3]

21      To support their position that IARC's classification should be admitted while foreign

22  regulatory actions should be excluded, Plaintiffs summarily proclaim that IARC conclusions are

23  "far different" than regulatory conclusions because they "are not dictated by foreign laws,

24  regulations, and standards that are different from what is required under California law."  *See*

25  Pls. MIL 4 at 7.  But Monsanto is not suggesting that its conduct is dictated by foreign regulatory

26

27  _____

[3] Monsanto also notes that foreign regulatory evidence is not excludable as hearsay.  *See United States v. Pluta*, 176 F.3d 43, 49 (2d Cir. 1999) ("public records and reports of foreign governments" are within scope of Federal Rule of Evidence 803(8)).

28

MONSANTO'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 4
RE: FOREIGN REGULATORY DECISIONS
3:16-md-02741-VC & 3:16-cv-0525-VC, 3:16-cv-2341-VC, 3:16-cv-5813-VC

1   standards in place of California law.  Rather, the determinations reached by these bodies

2   contributed to and thus are directly relevant to the overall state of the scientific knowledge,

3   which is what Monsanto's duties stem from and what its conduct is judged against under

4   California law.  *See*, *e.g.*, CACI 1205.

5          If anything, it is IARC's standards that are distinct from California law and not relevant

6   here.  First, in reaching its determination, IARC reviewed only a portion of the scientific data

7   available rather than the full body of available scientific evidence, as the foreign regulatory

8   bodies have done and certainly as California law compels.  Second, IARC's review produced

9   only a "hazard assessment," which considers the preliminary question of whether there is

10  evidence that a substance can cause cancer under any circumstances, rather than the foreign

11  regulatory entities' "risk assessments," which consider real-world human exposure and risk

12  probabilities and thus far more aligned with California law.  *See* PTO 45 at 12A ("A 'hazard

13  assessment' . . . is *not what the jury needs to conduct* when deciding whether glyphosate

14  actually causes NHL in people at past or current exposure levels."  (emphasis added).

15         If the Court permits IARC's conclusions to be admitted in Phase 2, then basic notions of

16  fairness dictate that the jury hear about the scientific determinations made by the foreign health

17  authorities with actual responsibility for assessing user safety.  Such admission would be neither

18  confusing nor misleading.

19  **IV.    CONCLUSION**

20         For the foregoing reasons, the Court should deny Plaintiffs' motion *in limine* to exclude

21  all evidence of foreign regulatory actions and determinations.

22

23

24

25

26

27

28

1   DATED: January 30, 2019                    Respectfully submitted,

2                                              /s/ Brian L. Stekloff

3                                              Brian L. Stekloff (*pro hac vice*)
                                               (bstekloff@wilkinsonwalsh.com)
4                                              Rakesh Kilaru (*pro hac vice*)
                                               (rkilaru@wilkinsonwalsh.com)
5                                              WILKINSON WALSH + ESKOVITZ LLP
                                               2001 M St. NW, 10th Floor
6                                              Washington, DC 20036
                                               Tel: 202-847-4030
7                                              Fax: 202-847-4005

8                                              Pamela Yates (CA Bar No. 137440)
                                               (Pamela.Yates@arnoldporter.com)
9                                              ARNOLD & PORTER KAYE SCHOLER
                                               777 South Figueroa St., 44th Floor
10                                             Los Angeles, CA 90017
                                               Tel: 213-243-4178
11                                             Fax: 213-243-4199

12
                                               Eric G. Lasker (*pro hac vice*)
13                                             (elasker@hollingsworthllp.com)
                                               HOLLINGSWORTH LLP
14                                             1350 I St. NW
                                               Washington, DC 20005
15                                             Tel: 202-898-5843
                                               Fax: 202-682-1639
16

17
                                               Michael X. Imbroscio (*pro hac vice*)
18                                             (mimbroscio@cov.com)
                                               COVINGTON & BURLING LLP
19                                             One City Center
                                               850 10th St. NW
20                                             Washington, DC 20001
                                               Tel: 202-662-6000
21

22                                             Attorneys for Defendant
                                               MONSANTO COMPANY
23

24

25

26

27

28
                                      - 6 -

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of January 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Brian L. Stekloff