1

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)

2
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.

3
Washington, DC  20005
Tel:     202-898-5800

4
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com

5
            elasker@hollingsworthllp.com

6
*Attorneys for Defendant*
*MONSANTO COMPANY*

7

8
UNITED STATES DISTRICT COURT

9
NORTHERN DISTRICT OF CALIFORNIA

10
IN RE: ROUNDUP PRODUCTS          MDL No. 2741
LIABILITY LITIGATION

11
                                 Case No. 3:16-md-02741-VC

12
This document relates to:

13
*Peggy J. McCaughtry and Robert McCaughtry*
*v. Monsanto Co.*,

14
Case No. 3:19-cv-08377-VC

15

16
**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**

16
        Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

17
Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

18
all allegations contained in plaintiffs' Complaint and Jury Demand ("the Complaint"), except as

19
set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to

20
Monsanto Company, a United States based company incorporated in Delaware, and not to other

21
Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

22
        1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly

23
related to exposure to Roundup®-branded products but denies any liability to plaintiffs.

24
Monsanto denies the remaining allegations in paragraph 1.

25
        2.      Monsanto denies the allegations in paragraph 2.

26
        3.      Monsanto denies the allegations in paragraph 3.

27
        4.      The allegations in paragraph 4 set forth conclusions of law for which no response

28

1   is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

2   paragraph 4.

3         5.      Monsanto admits the allegations in paragraph 5.

4         6.      The allegations in paragraph 6 set forth conclusions of law for which no response

5   is required.

6         7.      The allegations in the first sentence of paragraph 7 set forth conclusions of law for

7   which no response is required.   Monsanto admits the allegations in the second sentence of

8   paragraph 7.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies

9   certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge

10  sufficient to form a belief as to the truth of the allegations regarding where certain other events

11  giving rise to plaintiffs' claims occurred and therefore denies those allegations.

12        8.      Monsanto lacks information or knowledge sufficient to form a belief as to the

13  truth of the allegations in the first sentence of paragraph 8 and therefore denies those allegations.

14  Monsanto denies the remaining allegations in paragraph 8.

15        9.      The allegations in paragraph 9 comprise attorney characterizations and are

16  accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs

17  have a variety of separate and distinct uses and formulations.

18        10.      Monsanto admits the allegations in paragraph 10.

19        11.      The allegations in paragraph 11 comprise attorney characterizations and are

20  accordingly denied.

21        12.      In response to the allegations in paragraph 12, Monsanto admits that it sells

22  Roundup®-branded products in Missouri.

23        13.      Monsanto lacks information or knowledge sufficient to form a belief as to the

24  truth of the allegations in paragraph 13 and therefore denies those allegations.

25        14.      The allegations in paragraph 14 are vague and conclusory and comprise attorney

26  characterizations and are accordingly denied.

27        15.      The allegations in paragraph 15 are vague and conclusory and comprise attorney

28  characterizations and are accordingly denied.

16.     Monsanto admits the allegations in paragraph 16.

17.     Monsanto admits that it is authorized to do business in Missouri.  The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto denies the allegations in paragraph 19.

20.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

22.     Monsanto admits the allegations in paragraph 22.

23.     Monsanto admits the allegations in paragraph 23.

24.     Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  Monsanto states that the remaining allegations in paragraph 24 are vague and ambiguous and that it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

25.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 25 comprise attorney characterizations and are accordingly denied.

26.     Monsanto admits the allegations in paragraph 26.

27.     Monsanto generally admits the allegations in paragraph 27, but denies the

1   allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants

2   at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

3   the United States Environmental Protection Agency ("EPA").

4          28.     Monsanto lacks information or knowledge sufficient to form a belief as to the

5   truth of the allegations in paragraph 28 and therefore denies those allegations.

6          29.     Monsanto admits that it is the leading producer of seeds that contain the Roundup

7   Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

8   farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

9   belief as to the accuracy of the specific numbers and statistics provided in the remaining

10  sentences of paragraph 29 and therefore denies those allegations.  Monsanto denies the

11  remaining allegations in paragraph 29.

12         30.     Monsanto admits the allegations in paragraph 30.

13         31.     In response to the allegations in paragraph 31, Monsanto admits that Roundup®-

14  branded products have been used by farmers for approximately 40 years.  Monsanto denies that

15  Roundup®-branded products have carcinogenic properties and denies the remaining allegations

16  in paragraph 31.

17         32.     The allegations in paragraph 32 set forth conclusions of law for which no

18  response is required.  To the extent that a response is deemed required, Monsanto admits the

19  allegations in paragraph 32.

20         33.     In response to the allegations in paragraph 33, Monsanto admits that EPA requires

21  registrants of herbicides to submit extensive data in support of the human health and

22  environmental safety of their products and further admits that EPA will not register or approve

23  the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

24  Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 33 set forth

25  conclusions of law for which no response is required.

26         34.     The allegations in paragraph 34 set forth conclusions of law for which no

27  response is required.

28         35.     Monsanto admits that Roundup®-branded products are registered by EPA for

1    manufacture, sale and distribution and are registered by the State of Missouri for sale and

2    distribution.

3         36.    In response to the allegations in paragraph 36, Monsanto admits that EPA requires

4    registrants of herbicides to submit extensive data in support of the human health and

5    environmental safety of their products and further admits that EPA will not register or approve

6    the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

7    states that the term "the product tests" in the final sentence of paragraph 36 is vague and

8    ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 36

9    set forth conclusions of law for which no answer is required.

10        37.    Monsanto denies the allegations in paragraph 37 to the extent that they suggest

11   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

12   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

13   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

14   of the allegations in paragraph 37 regarding such pesticide products generally and therefore

15   denies those allegations.  The remaining allegations in paragraph 37 set forth conclusions of law

16   for which no response is required.

17        38.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

18   is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

19   lacks information or knowledge sufficient to form a belief as to the truth of the remaining

20   allegations in paragraph 38 and therefore denies those allegations.

21        39.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 39 and therefore denies those allegations.  Monsanto denies

23   that glyphosate met the criteria necessary to be eligible for review.

24        40.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25   truth of the allegations in paragraph 40 and therefore denies those allegations.  Monsanto denies

26   that glyphosate met the criteria necessary to be eligible for review.

27        41.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

28   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08377-VC

1   evidence was "cumulative."  The remaining allegations in paragraph 41 are vague and

2   conclusory and comprise attorney characterizations and are accordingly denied.

3       42.     Monsanto admits that the full IARC Monograph regarding glyphosate was

4   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

5   2A carcinogen.  In response to the remaining allegations in paragraph 42, Monsanto states that

6   the document speaks for itself and does not require a response.  To the extent that a response is

7   deemed required, the remaining allegations in paragraph 42 comprise attorney characterizations

8   and are accordingly denied.

9       43.     In response to the allegations in paragraph 43, Monsanto states that the document

10  speaks for itself and does not require a response.  To the extent that a response is deemed

11  required, the allegations in paragraph 43 comprise attorney characterizations and are accordingly

12  denied.

13      44.     In response to the allegations in paragraph 44, Monsanto states that the document

14  speaks for itself and does not require a response.  To the extent that a response is deemed

15  required, the allegations in paragraph 44 comprise attorney characterizations and are accordingly

16  denied.

17      45.     Monsanto denies the allegations in paragraph 45.

18      46.     Monsanto denies the allegations in paragraph 46.

19      47.     In response to the allegations in paragraph 47, Monsanto states that the cited

20  document speaks for itself and does not require a response.  To the extent that the allegations in

21  paragraph 47 go beyond a restatement of the cited document, Monsanto lacks information or

22  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47

23  and therefore denies those allegations.

24      48.     Monsanto admits the allegations in paragraph 48.

25      49.     In response to the allegations in paragraph 49, Monsanto states that the cited the

26  document speaks for itself and does not require a response.  To the extent that the allegations in

27  paragraph 49 go beyond a restatement of the cited document, Monsanto lacks information or

28  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 49

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08377-VC

1   and therefore denies those allegations.

2          50.     Monsanto denies the allegations in paragraph 50.

3          51.     Monsanto admits the allegations in the first sentence of paragraph 51.  In response

4   to the allegations in the second sentence of paragraph 51, Monsanto states that the cited

5   document speaks for itself and does not require a response.  To the extent that the allegations in

6   the second sentence of paragraph 51 characterize the meaning of the cited study, Monsanto

7   denies the remaining allegations in paragraph 51.

8          52.     In response to the allegations in the first sentence of paragraph 52, Monsanto

9   states that the cited document speaks for itself and does not require a response.  To the extent

10  that the first sentence of paragraph 52 characterizes the meaning of the cited study, Monsanto

11  denies the remaining allegations in the first sentence of paragraph 52.  Monsanto denies the

12  allegations in the second sentence of paragraph 52.

13         53.     Monsanto states that the term "toxic" as used in paragraph 53 is vague and

14  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

15  denies the allegations in paragraph 53.

16         54.     Monsanto admits the allegations in paragraph 54.

17         55.     In response to the allegations in paragraph 55, Monsanto states that the document

18  speaks for itself and does not require a response.  To the extent that the allegations in paragraph

19  55 characterize the meaning of the cited study, Monsanto denies those allegations in paragraph

20  55.  Monsanto denies the remaining allegations in paragraph 55.

21         56.     In response to the allegations in paragraph 56, Monsanto admits that Julie Marc

22  published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

23  the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the

24  remaining allegations in paragraph 56.

25         57.     In response to the allegations in paragraph 57, Monsanto states that these

26  documents speak for themselves and do not require a response.  To the extent that a response is

27  deemed required, Monsanto denies the allegations in paragraph 57.

28         58.     In response to the allegations in paragraph 58, Monsanto states that the cited

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08377-VC

1   document speaks for itself and does not require a response.  To the extent that paragraph 58

2   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

3   paragraph 58.

4           59.      Monsanto denies the allegations in paragraph 59.

5           60.      In response to the allegations in paragraph 60, Monsanto states that the cited

6   document speaks for itself and does not require a response.  To the extent that paragraph 60

7   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

8   paragraph 60.

9           61.      In response to the allegations in paragraph 61, Monsanto states that the cited

10   document speaks for itself and does not require a response.  To the extent that paragraph 61

11   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

12   paragraph 61.

13         62.      Monsanto denies the allegation that the cited studies support the allegation that

14   glyphosate or Roundup®-branded products pose any risk to human health and denies the

15   remaining allegations in paragraph 62.

16         63.      Monsanto denies the allegations in paragraph 63.

17         64.      In response to the allegations in paragraph 64, Monsanto admits that an EPA

18   review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

19   denies the remaining allegations in paragraph 64.

20         65.      In response to the allegations in paragraph 65, Monsanto admits that EPA

21   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

22   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

23   denies the remaining allegations in paragraph 65.

24         66.      In response to the allegations in paragraph 66, Monsanto admits that plaintiffs

25   have accurately quoted from one passage in an EPA document in 1991 with respect to the

26   designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

27   does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP

28   reports and the EPA CARC Final Report discussed above, other specific findings of safety

include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 66.

67.    In response to the allegations in paragraph 67, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 67 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

68.     In response to the allegations in paragraph 68, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

69.     Monsanto denies the allegations in paragraph 69 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 69 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

70.     In response to the allegations in paragraph 70, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

71.     In response to the allegations in the first sentence of paragraph 71, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products. Monsanto denies the remaining allegations in the first sentence of paragraph 71.  In response to the remaining allegations in paragraph 71, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 71 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

1   denies those allegations.

2        72.    In response to the allegations in paragraph 72, Monsanto admits that it was

3   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

4   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 72

5   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

6   denies those allegations.

7        73.    In response to the allegations in paragraph 73, Monsanto admits that the New

8   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

9   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

10  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

11  General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

12  the subparts purport to quote a document, the document speaks for itself and thus does not

13  require any further answer.  The remaining allegations in paragraph 73 are vague and conclusory

14  and comprise attorney characterizations and are accordingly denied.

15       74.    In response to the allegations in paragraph 74, Monsanto admits it entered into an

16  assurance of discontinuance with the New York Attorney General.  The assurance speaks for

17  itself and thus does not require any further answer.  The remaining allegations in paragraph 74

18  are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19       75.    Monsanto denies the allegations in paragraph 75.

20       76.    In response to the allegations in paragraph 76, Monsanto admits that the French

21  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

22  that it "left the soil clean," but denies the allegations in paragraph 76 to the extent that they

23  suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

24  cancer.  Monsanto denies the remaining allegations in paragraph 76.

25       77.    In response to the allegations in paragraph 77, Monsanto admits that it has stated

26  and continues to state that Roundup®-branded products are safe when used as labeled and that

27  they are non-carcinogenic and non-genotoxic.   Monsanto denies the remaining allegations in

28  paragraph 77.

- 11 -

78.     In response to the allegations in paragraph 78, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use in paragraph 86 and therefore denies those allegations.   Monsanto denies the remaining allegations in paragraph 86.

87.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 87 and therefore denies those allegations.

88.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 88 and therefore denies those allegations.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto incorporates by reference its responses to paragraphs 1 through 89 in response to paragraph 90 of plaintiffs' Complaint.

91.     Monsanto denies the allegations in paragraph 91.

92.     In response to the allegations in paragraph 92, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

1    93.    In response to the allegations in paragraph 93, Monsanto states that the cited

2    document speaks for itself and does not require a response.

3    94.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

4    exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

5    94.  Monsanto states, however, that the scientific studies upon which IARC purported to base its

6    classification were all publicly available before March 2015.

7    95.    Monsanto denies the allegations in paragraph 95.  Monsanto states, however, that

8    the scientific studies upon which IARC purported to base its classification were all publicly

9    available before March 2015.

10   96.    Monsanto denies the allegations in the last sentence of paragraph 96.  The

11   remaining allegations in paragraph 96 set forth conclusions of law for which no response is

12   required.  Monsanto states, however, that the scientific studies upon which IARC purported to

13   base its classification were all publicly available before March 2015.

14   97.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

15   and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

16   branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

17   which IARC purported to base its classification were all publicly available before March 2015.

18   The remaining allegations in paragraph 97 set forth conclusions of law for which no response is

19   required, consist of attorney characterizations and are accordingly denied, or comprise

20   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

21   the truth of the allegations asserted and therefore denies those allegations.

22   98.    Monsanto incorporates by reference its responses to paragraphs 1 through 97 in

23   response to paragraph 98 of plaintiffs' Complaint.

24   99.    In response to the allegations in paragraph 99, Monsanto admits that plaintiffs

25   purport to bring a claim for strict liability design defect, but denies any liability as to that claim.

26   100.    In response to the allegations in paragraph 100, Monsanto lacks information or

27   knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08377-VC

1    Roundup®-branded products and therefore denies that allegation.  Monsanto denies the

2    remaining allegations in paragraph 100.

3         101.    Monsanto denies the allegations in paragraph 101.

4         102.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 102 and therefore denies those allegations.

6         103.    Monsanto denies the allegations in paragraph 103.

7         104.    Monsanto denies the allegations in paragraph 104.

8         105.    Monsanto denies the allegations in paragraph 105.

9         106.    Monsanto denies the allegations in paragraph 106 and each of its subparts.

10        107.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 107 concerning plaintiff's claimed use of Roundup®-branded

12   products and therefore denies those allegations.  Monsanto denies the remaining allegations in

13   paragraph 107, including that Roundup®-branded products have "dangerous characteristics."

14        108.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations in paragraph 108 concerning plaintiff's claimed use of Roundup®-branded

16   products and therefore denies those allegations.  Monsanto denies the remaining allegations in

17   paragraph 108, including that Roundup®-branded products have "dangerous characteristics."

18        109.    Monsanto denies the allegations in paragraph 109.

19        110.    Monsanto denies the allegations in paragraph 110.

20        111.    Monsanto denies the allegations in paragraph 111.

21        112.    Monsanto denies the allegations in paragraph 112.

22        113.    Monsanto denies the allegations in paragraph 113.

23        114.    Monsanto denies the allegations in paragraph 114.

24        115.    Monsanto denies the allegations in paragraph 115.

25        116.    Monsanto denies the allegations in paragraph 116.

26        117.    Monsanto denies the allegations in paragraph 117.

27        In response to the "WHEREFORE" paragraph following paragraph 117, Monsanto

28   denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

1    damages, interest, costs, or any other relief whatsoever.

2        118.    Monsanto incorporates by reference its responses to paragraphs 1 through 117 in

3    response to paragraph 118 of plaintiffs' Complaint.

4        119.    In response to the allegations in paragraph 119, Monsanto admits that plaintiffs

5    purport to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

6        120.    Monsanto denies the allegations in paragraph 120.

7        121.    In response to the allegations in paragraph 121, Monsanto lacks information or

8    knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other

9    entities identified purchased or used Roundup®-branded products and therefore denies that

10   allegation.  The allegations in paragraph 121 also set forth conclusions of law for which no

11   response is required.  Monsanto denies the remaining allegations in paragraph 121.

12       122.    The allegations in paragraph 122 set forth conclusions of law for which no

13   response is required.

14       123.    The allegations in paragraph 123 set forth conclusions of law for which no

15   response is required.

16       124.    Monsanto denies the allegations in paragraph 124.  All labeling of Roundup®-

17   branded products has been and remains EPA-approved and in compliance with all federal

18   requirements under FIFRA.

19       125.    Monsanto denies the allegations in paragraph 125.

20       126.    Monsanto denies the allegations in paragraph 126.

21       127.    Monsanto denies the allegations in paragraph 127.

22       128.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23   truth of the allegations in paragraph 128 and therefore denies those allegations.

24       129.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25   truth of the allegations in paragraph 129 concerning plaintiff's alleged use of Roundup®-branded

26   products and therefore denies those allegations.  Monsanto denies the remaining allegations in

27   paragraph 129, including that Roundup®-branded products have "dangerous characteristics."

28       130.    Monsanto lacks information or knowledge sufficient to form a belief as to the

1   truth of the allegations in paragraph 130 concerning plaintiff's alleged use and exposure to
2   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the
3   remaining allegations in paragraph 130, including that Roundup®-branded products have
4   "dangerous characteristics."

5   131.   Monsanto denies the allegations in the first sentence of paragraph 131.  Monsanto
6   lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the
7   second sentence of paragraph 131 and therefore denies those allegations.

8   132.   Monsanto denies the allegations in paragraph 132.
9   133.   Monsanto denies the allegations in paragraph 133.
10   134.   Monsanto denies the allegations in paragraph 134.
11   135.   Monsanto denies the allegations in paragraph 135.
12   136.   Monsanto denies the allegations in paragraph 136.
13   137.   Monsanto denies the allegations in paragraph 137.
14   138.   Monsanto denies the allegations in paragraph 138.
15   139.   Monsanto denies the allegations in paragraph 139.

16   In response to the "WHEREFORE" paragraph following paragraph 139, Monsanto
17   denies that plaintiffs are entitled to the relief sought therein, including any judgment for any
18   damages, interest, costs, or any other relief whatsoever.

19   140.   Monsanto incorporates by reference its responses to paragraphs 1 through 139 in
20   response to paragraph 140 of plaintiffs' Complaint.

21   141.   Monsanto lacks information or knowledge sufficient to form a belief as to the
22   truth of the allegations in paragraph 141 regarding the specific products allegedly used by
23   plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore
24   denies the allegations in paragraph 141.

25   142.   The allegations in paragraph 142 set forth conclusions of law for which no
26   response is required.

27   143.   The allegations in paragraph 143 set forth conclusions of law for which no
28   response is required.

1   144. Monsanto denies the allegations in paragraph 144.

2   145. Monsanto denies the allegations in paragraph 145.

3   146. Monsanto denies the allegations in paragraph 146.  All labeling of Roundup®-

4 branded products has been and remains EPA-approved and in compliance with all federal

5 requirements under FIFRA.

6   147. Monsanto denies the allegations in paragraph 147.

7   148. Monsanto denies the allegations in paragraph 148.

8   149. Monsanto denies the allegations in paragraph 149, including each of its subparts.

9   150. Monsanto denies the allegations in paragraph 150.

10   151. Monsanto lacks information or knowledge sufficient to form a belief as to the

11 truth of the allegations in paragraph 151 regarding plaintiff's knowledge and therefore Monsanto

12 denies those allegations.  Monsanto denies the remaining allegations in paragraph 151, including

13 that intended use and/or exposure to Roundup®-branded products causes any injuries.

14   152. Monsanto denies the allegations in paragraph 152.

15   153. Monsanto denies the allegations in paragraph 153.

16   154. Monsanto denies the allegations in paragraph 154.  All labeling of Roundup®-

17 branded products has been and remains EPA-approved and in compliance with all federal

18 requirements under FIFRA.

19   In response to the "WHEREFORE" paragraph following paragraph 154, Monsanto

20 denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

21 damages, interest, costs, or any other relief whatsoever.

22   155. In response to the allegations in paragraph 155, Monsanto denies that plaintiffs

23 have alleged fraud, let alone fraud with specificity.  Monsanto incorporates by reference its

24 responses to paragraphs 1 through 154 in response to paragraph 155 of plaintiffs' Complaint.

25   156. Monsanto denies the allegations in paragraph 156.

26   157. Monsanto denies the allegations in paragraph 157.

27   158. Monsanto denies the allegations in paragraph 158.

28   159. Monsanto denies the allegations in paragraph 159.

1   160.    Monsanto denies the allegations in paragraph 160.

2   161.    Monsanto denies the allegations in paragraph 161.

3   162.    Monsanto denies the allegations in paragraph 162.

4   163.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5   truth of the allegations in paragraph 163 regarding plaintiff's actions, and therefore Monsanto

6   denies those allegations.  Monsanto denies the remaining allegations in paragraph 163.

7   164.    Monsanto denies the allegations in paragraph 164.

8   165.    Monsanto denies the allegations in the Complaint's first-numbered paragraph 165.

9       In response to the "WHEREFORE" paragraph following the Complaint's first numbered

10  paragraph 165, Monsanto denies that plaintiffs are entitled to the relief sought therein, including

11  any judgment for any damages, interest, costs, or any other relief whatsoever.

12  165.    Monsanto incorporates by reference its responses to paragraphs 1 through the

13  Complaint's first-numbered paragraph 165 in response to the Complaint's second-numbered

14  paragraph 165.

15  166.    Monsanto admits that plaintiffs purport to bring certain claims alleged in

16  paragraph 166 of the Complaint but denies any liability as to those claims.

17  167.    Monsanto denies the allegations in paragraph 167.

18  168.    Monsanto denies the allegations in paragraph 168.

19  169.    Monsanto denies the allegations in paragraph 169.

20  170.    Monsanto denies the allegations in paragraph 170.

21  171.    Monsanto denies the allegations in paragraph 171.

22  172.    Monsanto denies the allegations in paragraph 172.

23  173.    Monsanto denies the allegations in paragraph 173.

24  174.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25  truth of the allegations in paragraph 174 regarding plaintiff's actions, and therefore Monsanto

26  denies those allegations.  Monsanto denies the remaining allegations in paragraph 174.

27  175.    Monsanto denies the allegations in paragraph 175.

28  176.    Monsanto denies the allegations in paragraph 176.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08377-VC

177.    Monsanto incorporates by reference its responses to paragraphs 1 through 176 in response to paragraph 177 of plaintiffs' Complaint.

178.    Monsanto admits that plaintiff purports to bring certain claims alleged in paragraph 178 of the Complaint but denies any liability as to those claims.

179.    The allegations in paragraph 179 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 179.

180.    Monsanto denies the allegations in paragraph 180.

181.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 181 and therefore Monsanto denies those allegations.

182.    Monsanto denies the allegations in paragraph 182.

183.    Monsanto denies the allegations in paragraph 183.

184.    Monsanto denies the allegations in paragraph 184.

185.    Monsanto denies the allegations in paragraph 185.

186.    Monsanto admits that plaintiffs purport to bring an action under Missouri law but denies any liability to plaintiffs.  Monsanto denies the remaining allegations in paragraph 183.

In response to the "WHEREFORE" paragraph following paragraph 186, Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

187.    Monsanto incorporates by reference its responses to paragraphs 1 through 186 in response to paragraph 187 of plaintiff's Complaint.

188.    Monsanto denies the allegations in paragraph 188.

189.    In response to the allegations in paragraph 189, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that paragraph 189 sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 189.

190.    Monsanto denies the allegations in the first and second sentences of paragraph 190.  All labeling of Roundup®-branded products has been and remains EPA-approved and in

1   compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

2   of paragraph 190 sets forth conclusions of law for which no response is required.

3       191.   The allegations in paragraph 191 set forth conclusions of law for which no

4   response is required.

5       192.   Monsanto denies the allegations in paragraph 192.

6       193.   Monsanto denies the allegations in paragraph 193 and each of its subparts.

7       194.   Monsanto denies the allegations in paragraph 194.

8       195.   Monsanto lacks information or knowledge sufficient to form a belief as to the

9   truth of the allegations in paragraph 195 regarding plaintiff's knowledge and therefore denies

10   those allegations.  Monsanto denies the remaining allegations in paragraph 195.

11       196.   Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 196 and therefore denies those allegations.

13       197.   Monsanto denies the allegation in paragraph 197.

14       198.   Monsanto denies the allegations in paragraph 198.

15       In response to the "WHEREFORE" paragraph following paragraph 198, Monsanto

16   denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

17   damages, interest, costs, or any other relief whatsoever.

18       199.   Monsanto incorporates by reference its responses to paragraphs 1 through 198 in

19   response to paragraph 199 of plaintiff's Complaint.

20       200.   Monsanto denies the allegations in paragraph 200.

21       201.   Monsanto denies the allegations in paragraph 201.

22       202.   Monsanto lacks information or knowledge sufficient to form a belief as to the

23   truth of the allegations in paragraph 202 concerning plaintiff's claimed use of and exposure to

24   Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

25   paragraph 202 set forth conclusions of law for which no response is required.

26       203.   Monsanto denies the allegations in paragraph 203.  All labeling of Roundup®-

27   branded products has been and remains EPA-approved and in compliance with all federal

28   requirements under FIFRA.

204.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 204 regarding plaintiff's reliance and therefore denies those allegations.  The remaining allegations in paragraph 204 set forth conclusions of law for which no response is required.

205.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 205 and therefore denies those allegations.

206.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 206 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 206 set forth conclusions of law for which no response is required.

207.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 207 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 207 regarding Monsanto's implied warranties sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 207.

208.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 208 concerning plaintiff's reliance or plaintiff's claimed use of any Roundup®-branded product and therefore denies those allegations.  The remaining allegations in paragraph 208 set forth conclusions of law for which no response is required.

209.     Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 209 concerning plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 209.

210.     Monsanto denies the allegations in paragraph 210.

211.     Monsanto denies the allegations in paragraph 211.

212.     Monsanto denies the allegations in paragraph 212.

In response to the "WHEREFORE" paragraph following paragraph 212, Monsanto

1    denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

2    damages, interest, costs, or any other relief whatsoever.

3         213.    Monsanto incorporates by reference its responses to paragraphs 1 through 212 in

4    response to paragraph 213 of the plaintiffs' Complaint.

5         214.    The allegations in paragraph 214 set forth conclusions of law for which no

6    response is required.

7         215.    Monsanto denies the allegations in paragraph 215.

8         In response to the "WHEREFORE" paragraphs following paragraph 215, Monsanto

9    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

10    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

11    fees as allowed by law and such further and additional relief as this Court may deem just and

12    proper.

13         Every allegation in the Complaint that is not specifically and expressly admitted in this

14    Answer is hereby specifically and expressly denied.

15                        **SEPARATE AND AFFIRMATIVE DEFENSES**

16         1.      The Complaint, in whole or part, fails to state a claim or cause of action against

17    Monsanto upon which relief can be granted.

18         2.      Venue in the Eastern District of Missouri may be inconvenient.

19         3.      Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically

20    reliable evidence that the products at issue were defective or unreasonably dangerous.

21         4.      Any alleged negligent or culpable conduct of Monsanto, none being admitted,

22    was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

23    plaintiff's alleged injuries.

24         5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue

25    were designed, manufactured, marketed and labeled with proper warnings, information, cautions

26    and instructions, in accordance with the state of the art and the state of scientific and

27    technological knowledge.

28         6.      Plaintiffs' claims are barred, in whole or in part, because the products at issue

were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.    Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.    Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.    Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.    Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.    If plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

15.     Plaintiffs have failed to allege fraud with sufficient particularity.

16.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

17.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

18.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiffs' claims for punitive and/or aggravated damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Georgia Constitution, the Missouri Constitution, and/or other applicable state constitutions.

20.     Plaintiffs' claims for punitive and/or aggravated damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Georgia law, Missouri law,  and/or other applicable state laws.

21.     Plaintiffs' claims for punitive and/or aggravated damages are barred and/or limited by operation of state and/or federal law, including O.C.G.A. § 51-12-5.1 and Missouri Revised Statute § 510.265.1.

22.      Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

23.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

24.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

25.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receive from collateral sources.

26.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

27.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize or limit such claims.

28.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

29.     Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiffs, plaintiffs' decedents, and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiffs have failed to clearly establish any entitlement to exemplary and/or aggravated damages based on their allegations.

30.     To the extent that plaintiffs recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute § 490.715.

31.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## **JURY TRIAL DEMAND**

Monsanto demands a jury trial on all issues so triable.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08377-VC

1

2
DATED: January 21, 2020                    Respectfully submitted,

3
                                           /s/ Joe G. Hollingsworth
                                           Joe G. Hollingsworth (*pro hac vice*)
4                                          (jhollingsworth@hollingsworthllp.com)
                                           Eric G. Lasker (*pro hac vice*)
5                                          (elasker@hollingsworthllp.com)
                                           HOLLINGSWORTH LLP
6                                          1350 I Street, N.W.
                                           Washington, DC  20005
7                                          Telephone:    (202) 898-5800
                                           Facsimile:    (202) 682-1639
8
                                           *Attorneys for Defendant*
                                           *MONSANTO COMPANY*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-08377-VC