1

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*James Terrence Hickey III and Vickie L. Hickey v. Monsanto Co.*,<br>Case No. 3:20-cv-00119-VC | |

**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.     Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.     Monsanto denies the allegations in paragraph 2.

3.     Monsanto denies the allegations in paragraph 3.

4.     The allegations in paragraph 4 set forth conclusions of law for which no response

- 1 -

is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  Monsanto admits the allegations in the second sentence of paragraph 7.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 8 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 8.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

10.     In response to the allegations in paragraph 10, Monsanto admits that its principal place of business is in St. Louis County, Missouri and that it is incorporated in Delaware. Monsanto denies the remaining allegations in paragraph 10.

11.     The allegations in paragraph 11 comprise attorney characterizations and are accordingly denied.

12.     In response to the allegations in paragraph 12, Monsanto admits that it sells Roundup®-branded products in Washington.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     Monsanto admits the allegations in paragraph 16.

17.     Monsanto admits that it is authorized to do business in Washington.  The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto denies the allegations in paragraph 19.

20.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

22.     Monsanto admits the allegations in paragraph 22.

23.     Monsanto admits the allegations in paragraph 23.

24.     Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  Monsanto states that the remaining allegations in paragraph 24 are vague and ambiguous and that it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

25.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 25 comprise attorney characterizations and are accordingly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00119-VC

1      26.     Monsanto admits the allegations in paragraph 26.

2      27.     Monsanto generally admits the allegations in paragraph 27, but denies the

3  allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants

4  at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

5  the United States Environmental Protection Agency ("EPA").

6      28.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth

7  of the allegations in paragraph 28 and therefore denies those allegations.

8      29.     Monsanto admits that it is the leading producer of seeds that contain the Roundup

9  Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's

10  ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as

11  to the accuracy of the specific numbers and statistics provided in the remaining sentences of

12  paragraph 29 and therefore denies those allegations.  Monsanto denies the remaining allegations

13  in paragraph 29.

14      30.     Monsanto admits the allegations in paragraph 30.

15      31.     Monsanto admits that Roundup®-branded products have been used by farmers for

16  approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

17  properties and denies the remaining allegations in paragraph 31.

18      32.     The allegations in paragraph 32 set forth conclusions of law for which no response

19  is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

20  paragraph 32.

21      33.     In response to the allegations in paragraph 33, Monsanto admits that EPA requires

22  registrants of herbicides to submit extensive data in support of the human health and

23  environmental safety of their products and further admits that EPA will not register or approve

24  the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

25  Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 33 set forth

26  conclusions of law for which no response is required.

27      34.     The allegations in paragraph 34 set forth conclusions of law for which no response

28  is required.

35.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Washington for sale and distribution.

36.     In response to the allegations in paragraph 36, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 36 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 36 set forth conclusions of law for which no answer is required.

37.     Monsanto denies the allegations in paragraph 37 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 37 set forth conclusions of law for which no response is required.

38.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies those allegations.

39.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

40.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

41.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

1    carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

2    evidence was "cumulative."  The remaining allegations in paragraph 41 are vague and conclusory

3    and comprise attorney characterizations and are accordingly denied.

4           42.     Monsanto admits that the full IARC Monograph regarding glyphosate was

5    published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A

6    carcinogen.  In response to the remaining allegations in paragraph 42, Monsanto states that the

7    document speaks for itself and does not require a response.  To the extent that a response is

8    deemed required, the remaining allegations in paragraph 42 comprise attorney characterizations

9    and are accordingly denied.

10          43.     Monsanto denies the allegations in paragraph 43.  The IARC working group

11   concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

12   which, per IARC's guidelines, means that the working group could not rule out chance, bias or

13   confounding so as to reach any conclusion of an increased risk.

14          44.     In response to the allegations in paragraph 44, Monsanto states that the document

15   speaks for itself and does not require a response.  To the extent that a response is deemed

16   required, the allegations in paragraph 44 comprise attorney characterizations and are accordingly

17   denied.

18          45.     Monsanto denies the allegations in paragraph 45.

19          46.     In response to the allegations in paragraph 46, Monsanto states that the cited

20   document speaks for itself and does not require a response.  To the extent that the allegations in

21   paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or

22   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46

23   and therefore denies those allegations.

24          47.     Monsanto admits the allegations in paragraph 47.

25          48.     In response to the allegations in paragraph 48, Monsanto states that the cited the

26   document speaks for itself and does not require a response.  To the extent that the allegations in

27   paragraph 48 go beyond a restatement of the cited document, Monsanto lacks information or

28   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 48

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00119-VC

and therefore denies those allegations.

49.     Monsanto denies the allegations in paragraph 49.

50.     Monsanto admits the allegations in the first sentence of paragraph 50.  In response to the allegations in the second sentence of paragraph 50, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in the second sentence of paragraph 50 characterize the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 50.

51.     In response to the allegations in the first sentence of paragraph 51, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the first sentence of paragraph 51 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in the first sentence of paragraph 51.  Monsanto denies the allegations in the second sentence of paragraph 51.

52.     Monsanto states that the term "toxic" as used in paragraph 52 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 52.

53.     Monsanto admits the allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 57

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58.     Monsanto denies the allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 59 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 59.

60.     In response to the allegations in paragraph 60, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 60 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 60.

61.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 61.

62.     Monsanto denies the allegations in paragraph 62.

63.     In response to the allegations in paragraph 63, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

1

2     •   "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing

3            evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993),

4            http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

5     •   "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.

6            60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

7     •   "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

8

9     •   "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or

10            reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

11

12     •   "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

13

14     •   "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body

15            of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."

16            *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th

17            Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-

18            5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

19

20 Monsanto denies the remaining allegations in paragraph 65.

21        66.     In response to the allegations in paragraph 66, Monsanto admits that it – along

22 with a large number of other companies and governmental agencies – was defrauded by two

23 chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

24 testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

25 toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

26 glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

27 studies.  To the extent that the allegations in paragraph 66 are intended to suggest that Monsanto

28 was anything other than a victim of this fraud, such allegations are denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00119-VC

1    67.    In response to the allegations in paragraph 67, Monsanto admits that IBT

2   Laboratories was hired to conduct toxicity studies in connection with the registration of a

3   Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

4   based upon any fraudulent or false IBT studies.

5    68.    Monsanto denies the allegations in paragraph 68 to the extent they suggest that

6   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

7   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

8   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

9   connection with services provided to a broad number of private and governmental entities and

10   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

11   one of several pesticide manufacturers who had used IBT test results.  The audit found some

12   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

13   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

14   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

15   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 68 are

16   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

17   denies those allegations.

18    69.    In response to the allegations in paragraph 69, Monsanto admits that three IBT

19   employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals

20   were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

21    70.    In response to the allegations in the first sentence of paragraph 70, Monsanto

22   admits that it – along with numerous other private companies – hired Craven Laboratories as an

23   independent laboratory to conduct residue studies for Monsanto agricultural products. Monsanto

24   denies the remaining allegations in the first sentence of paragraph 70.  In response to the

25   remaining allegations in paragraph 70, Monsanto admits that EPA investigated Craven

26   Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 70 are

27   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

28   denies those allegations.

71.     In response to the allegations in paragraph 71, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 71 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

72.  In response to the allegations in paragraph 72, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 72 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

73.     In response to the allegations in paragraph 73, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 73 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

74.     Monsanto denies the allegations in paragraph 74.

75.     In response to the allegations in paragraph 75, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 75 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 75.

76.     In response to the allegations in paragraph 76, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.  Monsanto denies the remaining allegations in paragraph 76.

77.     In response to the allegations in paragraph 77, Monsanto admits that a 1986 joint

1   report of the World Health Organization and Food and Agriculture Organization of the United

2   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

3   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

4   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

5   carcinogen.  Monsanto denies the remaining allegations in paragraph 77.

6        78.     Monsanto denies the allegations in paragraph 78.

7        79.     Monsanto denies the allegations in paragraph 79.

8        80.     Monsanto denies the allegations in paragraph 80.

9        81.     Monsanto denies the allegations in paragraph 81.

10        82.     Monsanto denies the allegations in paragraph 82.

11        83.     Monsanto denies the allegations in paragraph 83.

12        84.     Monsanto denies the allegations in paragraph 84.

13        85.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth

14   of the allegations regarding plaintiff's use in paragraph 85 and therefore denies those allegations.

15   Monsanto denies the remaining allegations in paragraph 85.

16        86.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth

17   of the allegations in paragraph 86 and therefore denies those allegations.

18        87.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth

19   of the allegations in paragraph 87 and therefore denies those allegations.

20        88.     Monsanto denies the allegations in paragraph 88.

21        89.     Monsanto incorporates by reference its responses to paragraphs 1 through 88 in

22   response to paragraph 89 of plaintiffs' Complaint.

23        90.     Monsanto denies the allegations in paragraph 90.

24        91.     In response to the allegations in paragraph 91, Monsanto admits that it has stated

25   and continues to state that Roundup®-branded products are safe when used as labeled and that

26   they are non-toxic and non-carcinogenic.

27        92.     In response to the allegations in paragraph 92, Monsanto states that the cited

28   document speaks for itself and does not require a response.

93.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 93. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

94.     Monsanto denies the allegations in paragraph 94. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

95.     Monsanto denies the allegations in the last sentence of paragraph 95. The remaining allegations in paragraph 95 set forth conclusions of law for which no response is required. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

96.     Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 96 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

97.     Monsanto incorporates by reference its responses to paragraphs 1 through 96 in response to paragraph 97 of plaintiffs' Complaint.

98.     In response to the allegations in paragraph 98, Monsanto admits that plaintiffs purport to bring a claim for strict liability design defect, but denies any liability as to that claim.

99.     In response to the allegations in paragraph 99, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used Roundup®-branded products and therefore denies that allegation. Monsanto denies the remaining allegations in paragraph 99.

100.    Monsanto denies the allegations in paragraph 100.

101.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore denies those allegations.

102.     Monsanto denies the allegations in paragraph 102.

103.     Monsanto denies the allegations in paragraph 103.

104.     Monsanto denies allegations in paragraph 104.

105.     Monsanto denies the allegations in paragraph 105 and each of its subparts.

106.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 106 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 106, including that Roundup®-branded products have "dangerous characteristics."

107.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 107, including that Roundup®-branded products have "dangerous characteristics."

108.     Monsanto denies the allegations in paragraph 108.

109.     Monsanto denies the allegations in paragraph 109.

110.     Monsanto denies the allegations in paragraph 110.

111.     Monsanto denies the allegations in paragraph 111.

112.     Monsanto denies the allegations in paragraph 112.

113.     Monsanto denies the allegations in paragraph 113.

114.     Monsanto denies the allegations in paragraph 114.

115.     Monsanto denies the allegations in paragraph 115.

116.     Monsanto denies the allegations in paragraph 116.

117.     Monsanto incorporates by reference its responses to paragraphs 1 through 116 in response to paragraph 117 of plaintiffs' Complaint.

118.     In response to the allegations in paragraph 118, Monsanto admits that plaintiffs purport to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

119.     Monsanto denies the allegations in paragraph 119.

120.    In response to the allegations in paragraph 120, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other entities identified purchased or used Roundup®-branded products and therefore denies that allegation. The allegations in paragraph 120 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 120.

121.    The allegations in paragraph 121 set forth conclusions of law for which no response is required.

122.    The allegations in paragraph 122 set forth conclusions of law for which no response is required.

123.    Monsanto denies the allegations in paragraph 123.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

124.    Monsanto denies the allegations in paragraph 124.

125.    Monsanto denies the allegations in paragraph 125.

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 127 and therefore denies those allegations.

128.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 128 concerning plaintiff's alleged use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 128, including that Roundup®-branded products have "dangerous characteristics."

129.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 129 concerning plaintiff's alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 129, including that Roundup®-branded products have "dangerous characteristics."

130.    Monsanto denies the allegations in the first sentence of paragraph 130.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the

1    second sentence of paragraph 130 and therefore denies those allegations.

2    131.    Monsanto denies the allegations in paragraph 131.

3    132.    Monsanto denies the allegations in paragraph 132.

4    133.    Monsanto denies the allegations in paragraph 133.

5    134.    Monsanto denies the allegations in paragraph 134.

6    135.    Monsanto denies the allegations in paragraph 135.

7    136.    Monsanto denies the allegations in paragraph 136.

8    137.    Monsanto denies the allegations in paragraph 137.

9    138.    Monsanto denies the allegations in paragraph 138.

10    139.    Monsanto incorporates by reference its responses to paragraphs 1 through 138 in

11    response to paragraph 139 of plaintiffs' Complaint.

12    140.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

13    of the allegations in paragraph 140 regarding the specific products allegedly used by plaintiff or

14    any advertising or marketing allegedly seen or considered by plaintiff and therefore denies the

15    allegations in paragraph 140.

16    141.    The allegations in paragraph 141 set forth conclusions of law for which no

17    response is required.

18    142.    The allegations in paragraph 142 set forth conclusions of law for which no

19    response is required.

20    143.    Monsanto denies the allegations in paragraph 143.

21    144.    Monsanto denies the allegations in paragraph 144.

22    145.    Monsanto denies the allegations in paragraph 145.  All labeling of Roundup®-

23    branded products has been and remains EPA-approved and in compliance with all federal

24    requirements under FIFRA.

25    146.    Monsanto denies the allegations in paragraph 146.

26    147.    Monsanto denies the allegations in paragraph 147.

27    148.    Monsanto denies the allegations in paragraph 148, including each of its subparts.

28    149.    Monsanto denies the allegations in paragraph 149.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00119-VC

1   150.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

2   of the allegations in paragraph 150 regarding plaintiff's knowledge and therefore Monsanto

3   denies those allegations.  Monsanto denies the remaining allegations in paragraph 150, including

4   that intended use and/or exposure to Roundup®-branded products causes any injuries.

5   151.   Monsanto denies the allegations in paragraph 151.

6   152.   Monsanto denies the allegations in paragraph 152.

7   153.   Monsanto denies the allegations in paragraph 153.  All labeling of Roundup®-

8   branded products has been and remains EPA-approved and in compliance with all federal

9   requirements under FIFRA.

10   154.   In response to the allegations in paragraph 154, Monsanto denies that plaintiffs

11   have alleged fraud, let alone fraud with specificity.  Monsanto incorporates by reference its

12   responses to paragraphs 1 through 153 in response to paragraph 154 of plaintiffs' Complaint.

13   155.   Monsanto denies the allegations in paragraph 155.

14   156.   Monsanto denies the allegations in paragraph 156.

15   157.   Monsanto denies the allegations in paragraph 157.

16   158.   Monsanto denies the allegations in paragraph 158.

17   159.   Monsanto denies the allegations in paragraph 159.

18   160.   Monsanto denies the allegations in paragraph 160.

19   161.   Monsanto denies the allegations in paragraph 161.

20   162.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

21   of the allegations in paragraph 162 regarding plaintiff's actions, and therefore Monsanto denies

22   those allegations.  Monsanto denies the remaining allegations in paragraph 162.

23   163.   Monsanto denies the allegations in paragraph 163.

24   164.   Monsanto denies the allegations in paragraph 164.

25   165.   Monsanto incorporates by reference its responses to paragraphs 1 through 164 in

26   response to paragraph 165 of plaintiffs' Complaint.

27   166.   Monsanto admits that plaintiffs purport to bring certain claims alleged in

28   paragraph 166 of the Complaint but denies any liability as to those claims.

1    167.    Monsanto denies the allegations in paragraph 167.

2    168.    Monsanto denies the allegations in paragraph 168.

3    169.    Monsanto denies the allegations in paragraph 169.

4    170.    Monsanto denies the allegations in paragraph 170.

5    171.    Monsanto denies the allegations in paragraph 171.

6    172.    Monsanto denies the allegations in paragraph 172.

7    173.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

8    of the allegations in paragraph 173 regarding plaintiff's actions, and therefore Monsanto denies

9    those allegations.  Monsanto denies the remaining allegations in paragraph 173.

10    174.    Monsanto denies the allegations in paragraph 174.

11    175.    In response to the allegations in paragraph 175, Monsanto denies that Plaintiffs are

12    entitled to attorney's fees or costs.

13    176.    Monsanto incorporates by reference its responses to paragraphs 1 through 175 in

14    response to paragraph 176 of plaintiffs' Complaint.

15    177.    Monsanto admits that plaintiffs purport to bring certain claims alleged in

16    paragraph 177 of the Complaint but denies any liability as to those claims.

17    178.    The allegations in paragraph 178 set forth conclusions of law for which no

18    response is required. To the extent that a response is deemed required, Monsanto denies the

19    allegations in paragraph 178.

20    179.    Monsanto denies the allegations in paragraph 179.

21    180.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

22    of the allegations in paragraph 180 and therefore Monsanto denies those allegations.

23    181.    Monsanto denies the allegations in paragraph 181.

24    182.    Monsanto denies the allegations in paragraph 182.

25    183.    Monsanto denies the allegations in paragraph 183.

26    184.    Monsanto denies the allegations in paragraph 184.

27    185.    Monsanto admits that plaintiffs purport to bring an action under Missouri law but

28    denies any liability to plaintiffs.  Monsanto denies the remaining allegations in paragraph 185.

1   186.   Monsanto incorporates by reference its responses to paragraphs 1 through 185 in
2   response to paragraph 186 of plaintiff's Complaint.

3   187.   Monsanto denies the allegations in paragraph 187.

4   188.   In response to the allegations in paragraph 188, Monsanto admits that it has sold
5   glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further
6   states that paragraph 188 sets forth conclusions of law for which no response is required.
7   Monsanto denies the remaining allegations in paragraph 188.

8   189.   Monsanto denies the allegations in the first and second sentences of paragraph
9   189.  All labeling of Roundup®-branded products has been and remains EPA-approved and in
10  compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence of
11  paragraph 189 sets forth conclusions of law for which no response is required.

12  190.   The allegations in paragraph 190 set forth conclusions of law for which no
13  response is required.

14  191.   Monsanto denies the allegations in paragraph 191.

15  192.   Monsanto denies the allegations in paragraph 192 and each of its subparts.

16  193.   Monsanto denies the allegations in paragraph 193.

17  194.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth
18  of the allegations in paragraph 194 regarding plaintiff's knowledge and therefore denies those
19  allegations.  Monsanto denies the remaining allegations in paragraph 194.

20  195.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth
21  of the allegations in paragraph 195 and therefore denies those allegations.

22  196.   Monsanto denies the allegation in paragraph 196.

23  197.   Monsanto denies the allegations in paragraph 197.

24  198.   Monsanto incorporates by reference its responses to paragraphs 1 through 197 in
25  response to paragraph 198 of plaintiff's Complaint.

26  199.   Monsanto denies the allegations in paragraph 199.

27  200.   Monsanto denies the allegations in paragraph 200.

28

201.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 201 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 201 set forth conclusions of law for which no response is required.

202.    Monsanto denies the allegations in paragraph 202.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

203.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 203 regarding plaintiff's reliance and therefore denies those allegations.  The remaining allegations in paragraph 203 set forth conclusions of law for which no response is required.

204.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 204 and therefore denies those allegations.

205.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 205 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 205 set forth conclusions of law for which no response is required.

206.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 206 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 206 regarding Monsanto's implied warranties sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 206.

207.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 207 concerning plaintiff's reliance or plaintiff's claimed use of any Roundup®-branded product and therefore denies those allegations.  The remaining allegations in paragraph 207 set forth conclusions of law for which no response is required.

208.    Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

1   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

2   allegations in paragraph 208 concerning plaintiff's knowledge about Roundup®-branded products

3   and therefore denies the remaining allegations in paragraph 208.

4         209.   Monsanto denies the allegations in paragraph 209.

5         210.   Monsanto denies the allegations in paragraph 210.

6         211.   Monsanto denies the allegations in paragraph 211.

7         212.   Monsanto incorporates by reference its responses to paragraphs 1 through 211 in

8   response to paragraph 212 of the plaintiffs' Complaint.

9         213.   The allegations in paragraph 213 set forth conclusions of law for which no

10   response is required.

11         214.   Monsanto denies the allegations in paragraph 214.

12         In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

13   denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

14   damages, interest, costs, or any other relief whatsoever.

15         Every allegation in the Complaint that is not specifically and expressly admitted in this

16   Answer is hereby specifically and expressly denied.

17        **SEPARATE AND AFFIRMATIVE DEFENSES**

18         1.   The Complaint, in whole or part, fails to state a claim or cause of action against

19   Monsanto upon which relief can be granted.

20         2.   Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically

21   reliable evidence that the products at issue were defective or unreasonably dangerous.

22         3.   Any alleged negligent or culpable conduct of Monsanto, none being admitted, was

23   so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

24   plaintiff's alleged injuries.

25         4.   Plaintiffs' claims are barred, in whole or in part, because the products at issue were

26   designed, manufactured, marketed and labeled with proper warnings, information, cautions and

27   instructions, in accordance with the state of the art and the state of scientific and technological

28   knowledge.

5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

7.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

8.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

9.      Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

10.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

11.      Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

12.      Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

13.      If plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such

acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

14.     Plaintiffs have failed to allege fraud with sufficient particularity.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims for punitive and/or aggravated damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Missouri Constitution, the Washington Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims for punitive and/or aggravated damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Missouri law, Washington law, and/or other applicable state laws.

20.     Plaintiffs' claims for punitive and/or aggravated damages are barred and/or limited by operation of state and/or federal law, including Washington law and Missouri Revised Statute § 510.265.1.

21.      Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

22.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

23.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

24.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

25.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize or limit such claims.

26.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

27.     Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiffs and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Petition, and plaintiffs have failed to clearly establish any entitlement to exemplary and/or aggravated damages based on their allegations.

28.     To the extent that plaintiffs or plaintiffs' decedents recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute § 490.715.

29.     Plaintiffs' common law claims are barred, in whole or part, by application of Wash. Rev. Code §§ 7.72.010-.060.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## <u>JURY TRIAL DEMAND</u>

Monsanto demands a jury trial on all issues so triable.

DATED: January 22, 2020                    Respectfully submitted,

                                           /s/ Joe G. Hollingsworth
                                           Joe G. Hollingsworth (*pro hac vice*)
                                           (jhollingsworth@hollingsworthllp.com)
                                           Eric G. Lasker (*pro hac vice*)
                                           (elasker@hollingsworthllp.com)
                                           HOLLINGSWORTH LLP
                                           1350 I Street, N.W.
                                           Washington, DC  20005
                                           Telephone:    (202) 898-5800
                                           Facsimile:    (202) 682-1639

                                           *Attorneys for Defendant*
                                           *MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00119-VC