UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This Document relates to:<br>*Robert Rawson v. Bayer Corporation, et al.*<br>USDC – NDIL No.  1:19-cv-06040 | MDL Docket No. 2741<br><br>Case No.3:19-cv-08312-VC |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

### INTRODUCTION

In order for this case to be subject to transfer to MDL 2741, there must be a valid basis for subject-matter jurisdiction and a determination that such jurisdiction exists. The Plaintiff's Complaint sets forth personal injury claims founded on long established principals of Illinois tort law related to the defective product known as Roundup®, a glyphosate based herbicide, manufactured, sold, and distributed by MONSANTO COMPANY ("Monsanto"). Plaintiff has alleged claims of strict product liability, failure to warn, and negligence against BAYER CORPORATION ("Bayer") and Monsanto. (*See* Pl's Compl., attached as **Exhibit A**.). The Plaintiff's Complaint also sets forth personal injury claims sounding in negligence and strict liability against Duke's Hardware Inc. ("Duke's"), a company incorporated and headquartered in Illinois, for distributing, marketing, promoting, and selling the Roundup®. (Ex. A, Counts VII – VIII ¶ 185-200.). This matter should be remanded because Monsanto's removal is untimely, fails to meet its burden of proving fraudulent joinder, is based on false representations, and is not warranted under California nor Ninth Circuit law.

1

Defendant Monsanto has removed this action to federal court, asserting that original federal jurisdiction is established under 28 U.S.C. §1114(b), which requires complete diversity between the adverse parties. Recognizing that the Plaintiff and Duke's are citizens of Illinois, Defendant Monsanto urges that Duke's was fraudulently joined because "there is no reasonable possibility that a state court would rule against Duke's." (See Notice of Removal ¶ 13). As of the date of filing, Duke's has not joined in the motion to remove, moved to dismiss, nor otherwise challenged the legal sufficiency of the Plaintiff's Complaint.

## PROCEDURAL BACKGROUND

On March 05, 2019, the Plaintiff, Robert Rawson, a citizen of Illinois, filed his Complaint in the Circuit Court of Cook County, Illinois, against Bayer Corporation, Monsanto Company, and Duke's, a citizen of Illinois, regarding severe and permanent injuries sustained by Robert Rawson as a result of his contracting extranodal marginal zone lymphoma (MALT), a type of non-Hodgkin Lymphoma, from use of Roundup®. (*See* Ex. A.).

On March 15, 2019, Defendant Monsanto was served with a summons and Plaintiff's State Law Complaint. On March 28, 2019, Duke's was served with a summons and Plaintiff's State Law Complaint. On May 28, 2019, Defendant Duke's answered Plaintiff's Complaint and denied that it owned or operated Duke's Hardware on 7610 W. 111th Street in Palos Hills, Illinois. On September 3, 2019, Defendant Duke's answered interrogatories and stated that it did not own or operate Duke's Hardware on 7610 W. 111th Street in Palos Hills, Illinois. At no point in time did Duke's move to dismiss the claims against it, or identify the entity that it claims owned or operated the hardware store

located at 7610 W. 111th Street in Palos Hills, Illinois. On September 9, 2019, Defendant Monsanto filed its Notice of Removal alleging that this controversy is subject to original federal court jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

On September 17, 2019, Plaintiff filed a motion to remand this matter to the Circuit Court of Cook County because although the amount in controversy exceeds $75,000, the Plaintiff and Defendant Duke's are citizens of Illinois, and therefore, original federal court diversity jurisdiction does not exist under 28 U.S.C. § 1332. On September 17, 2019, the United States Judicial Panel on Multidistrict Litigation ("JPML") filed a Conditional Transfer Order of this action. Plaintiff filed an opposition to the CTO on September 17, 2019, and filed his brief and memorandum in support thereof within fourteen days.

On December 18, 2019, the Judicial Panel on Multidistrict Litigation denied Plaintiff's motion to vacate Conditional Transfer Order ("CTO-153"), issued in *Rawson v. Bayer Corporation et al.,* 1:19-cv-06040, pending in the Northern District of Illinois, which conditionally transferred this action to MDL 2741 – In Re: Roundup Products Liability Litigation. (See Transfer Order, attached as **Exhibit B**).  In the Order transferring this cause of action, the Judicial Panel recognized the jurisdictional issues raised by the Plaintiff but noted that they generally do not present an impediment to transfer, and that "Plaintiff can present his remand arguments to the transferee judge." Ex. B. Accordingly, Plaintiff files the instant motion for remand under California law.

## ARGUMENT

**A.   Defendant Monsanto Has Not Carried Its Heavy Burden Of Establishing That Plaintiff Improperly Joined Duke's.**

The existence of Rawson on one side of the litigation and the Illinois defendant on the other defeats the complete diversity necessary for subject-matter jurisdiction under 28 U.S.C. § 1332(a). *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Monsanto nonetheless removed this case under 28 U.S.C. § 1441(b) on the ground that Rawson improperly joined Duke's, arguing there is no possibility of recovery against that Defendant. Defendant Monsanto, as the party seeking removal, has the burden of establishing federal jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). As articulated by the U.S. Supreme Court in *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908), removability of a case is determined by examining the face of the complaint, without consideration of any defenses raised by the defendant. This standard of review closely resembles the standard of review for Federal Rules of Civil Procedure 12(b) motions, in which all well pled allegation of a complaint, as well as all reasonable inferences to be drawn there from, are taken as true. *See Indeck Power Equip. Co. v. Jefferson Smurfit Corp.*, 881 F. Supp. 338, 341 (N.D. Ill. 1995). In examining the face of the Complaint, complete diversity does not exist.

A non-diverse defendant is fraudulently joined if there is no possibility that the state court would hold that defendant liable. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). As the Ninth Circuit recently clarified, the party asserting fraudulent joinder must satisfy "the 'wholly insubstantial and frivolous' standard for dismissing claims under" Federal Rule of Civil Procedure 12(b)(1). *Id.* at 549 (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). That rigorous burden has been met in the Ninth Circuit "where a defendant demonstrates that a plaintiff is barred by the statute of limitations from bringing claims against the defendant." *Id.*

Monsanto has not carried its heavy burden of establishing any exception to the traditional requirement of complete diversity, and this matter should be remanded to the Circuit Court of Cook County, Illinois. Monsanto based its removal of this action to federal court on a theory that no State Court would find against Duke's because it claims it "never owned or operated" the Palos Hills Store located at 7610 W. 111th St., Palos Hills, Illinois and therefore, Duke's was improperly joined. First, Duke's does own and operate the Duke's Hardware store located at 7610 W. 111th St., in Palos Hills, Illinois. Publications, newsletters, Illinois' Secretary of State Corporate File Detail Report, and Duke's own website show that Duke's owns and operates the store located at that location. (See attached **Exhibit D**). Duke's was defending this action for over five months and did not file a single dispositive motion, nor otherwise indicated who it claims owns or operates the store question. Duke's current disavowal of ownership, control, and/or operational oversight is not supported by the record, and does not meet the rigorous standard outlined in *Grancare, LLC v. Thrower by and through Mills*.

As noted previously by this court, the concept of fraudulent misjoinder comes from *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996). In *Tapscott,* the Eleventh Circuit held that a non-diverse defendant has been fraudulently joined if that defendant has "no real connection with the controversy" between the plaintiff and the diverse defendant. *Id.* at 1360 (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). *Tapscott* thus authorizes federal courts to disregard a potentially meritorious claim against a non-diverse defendant on the ground that the actions should be proceeding separately—one in state court, and one in federal court. As recognized by Judge Chhabria previously, the Ninth Circuit has not yet adopted the rule from *Tapscott*. *See* In Re: Roundup Products Liability Litigation, MDL No. 2741, Dkt. 7844 (J. Chhabria November 19, 2019). This

5

Court has also expressed its misgivings on the propriety of adjudicating claims of fraudulent misjoinder. *See* Pretrial Order No. 157 at 6 n.2, Dkt. No. 4533. But even assuming fraudulent misjoinder can be a basis for disregarding the non-diverse defendant, Monsanto has not carried its burden in this case.

Duke's is not diverse from the Plaintiff, and the presence of Duke's defeats the complete diversity necessary to remove this case to this court. 28 U.S.C.A. §1332 (2012); *see Caterpillar Inc. v. Lewis,* 519 U.S. 61 (1996). For the reasons stated herein and based on the heavy burden articulated by the Honorable Vince Chhabria in Pre-trial Order 191, this matter should be remanded to the Circuit Court of Cook County, Illinois.

### B. Duke's is a Properly Joined Defendant and May Not Be Severed Nor Ignored.

Generally, "the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder of necessary parties." *Lincoln Property Co. v. Roche,* 546 U.S. 81, 91, 126 S. Ct. 606, 614 (2005) (quotations omitted). Rule 21 provides that: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, *on just terms,* add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21 (emphasis added). However, the Court may only drop claims against dispensable parties. *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 832, 109 S. Ct. 2218, 2223 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time, even after judgment has been rendered."). Interestingly, Defendants did not even invoke Rule 21.[1]

---

[1] Monsanto does not, and cannot, invoke Federal Rule of Civil Procedure 21 to sever the claim because Monsanto knows Duke's is a necessary party. Rather, Monsanto simply asks that the court "disregard" Duke's as a defendant. (See Notice of Removal Par. 13, attached as **Exhibit E**).

6

Before deciding whether or not Duke's is a dispensable party, however, the Court must consider whether they were mis-joined. Fraudulent misjoinder is judged by reference to state procedural law. *See* In Re: Roundup Products Liability Litigation, MDL No. 2741, Dkt. 7844 (J. Chhabria, November 19, 2019). A defendant has been wrongfully deprived of its right to removal only if the non-diverse co-defendant shouldn't have been joined in the state proceeding. *See Osborn v. Metropolitan Life Insurance Co.*, 341 F. Supp. 2d 1123, 1128–29 (E.D. Cal. 2014). It would turn the presumption against removal on its head to declare that a defendant properly joined under state law was "misjoined" in state court because Federal Rule of Civil Procedure 20 would dictate a different result upon removal to federal court.

Under Illinois law, a plaintiff may join defendants "against whom a liability is asserted either jointly, severally or in the alternative arising out of the same transaction or series of transactions, regardless of the number of causes of action joined." 735 ILCS 5/2-405(a). In this respect, Illinois law is "similar to federal law." *Alegre v. Aguayo*, 2007 WL 141891, at *6 (N.D. Ill. Jan. 17, 2007). But Illinois law also provides that when "the plaintiff is in doubt as to the person from whom he or she is entitled to redress, he or she may join two or more defendants." 735 ILCS 5/2-405(c). In the spirit of liberal joinder, the Illinois Supreme Court has encouraged plaintiffs to join defendants from "closely related" yet distinct transactions. *Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188, 198–99 (1995).

Fraudulent joinder is difficult to establish—a defendant must demonstrate that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot

---

Accordingly, the relief sought by Monsanto would keep Duke's, an Illinois corporation, in the lawsuit, and therefore abrogates any purported federal jurisdiction.

7

establish a cause of action against the in-state defendant. Framed a different way, the district court must ask whether there is any reasonable possibility that the plaintiff could prevail against the non-diverse defendant. *See Chesapeake & Ohio R.R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914).

As held by the Supreme Court in *Chesapeake*, the nonresident defendant must present a statement of proof that compels the court to find that the joinder was intended solely to defeat federal jurisdiction:

> So, when in such a case a resident defendant is joined with the nonresident, the joinder, even although fair upon its face, may be shown by a petition for removal to be only a fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly engendering that conclusion. Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith… *Id.* 232 U.S. at 152.

Stated differently, a defendant is fraudulently joined only when "there is no possibility that a plaintiff can state a cause of action against [the] non-diverse defendant in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993) (emphasis added).

There can be no dispute that Illinois law provides liability against Duke's. As a general matter, "Illinois law imposes a broad duty of care in the negligence context: every person or business owes a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably foreseeable consequence of an act, and such a duty does not depend upon contract, privity of interest or the proximity of relationship,

8

but extends to remote and unknown persons." *See Mitchell,* Case No. 18-CV-7739; *citing Jones v. Live Nation Entm't, Inc.,* 63 N.E.3d 959, 971 (Ill. App. Ct. 2016). Those parties in the distributive chain of defective products, such as Duke's, may be liable for products liability claims and negligence. *See Skarski v. Ace-Chicago Great Dane Corp.,* 138 Ill. App. 3d 301, 305, 485 N.E.2d 1312, 1315 (1985); *see Hammond v. North American Asbestos Corp.* (1983), 97 Ill.2d 195, 73 Ill. Dec. 350, 454 N.E.2d 210 (holding that "all persons in the distributive chain are liable for injuries resulting from a defective product, including suppliers, distributors, wholesalers and retailers."); *see also Cadagin v. Johnson & Johnson,* No. 18-CV-1821-SMY-DGW, 2018 WL 5004716, at *3 (S.D. Ill. 2018) (finding that the plaintiff did not fraudulently join Walgreens, who plaintiff claimed negligently sold and marketed baby powder).

Duke's was engaged in the business of promoting, marketing, distributing, selling, and otherwise placing the Roundup® into the stream of commerce. Duke's is therefore liable under the claims set forth in Plaintiff's complaint. At common law, in order to be subject to strict product liability, a defendant must be engaged in the business of placing such products in the stream of commerce. *See Torres v. Wilden Pump & Eng'g Co.,* 740 F.Supp. 1370 (1990); *Cf. Timm v. Indian Springs Recreation Ass'n*, 187 Ill.App.3d 508, 543 N.E.2d 538, 135 Ill.Dec. 155 (4th Dist. 1989) (used golf cart, isolated sale; no liability). Any person in the chain of distribution of a product, including manufacturers, suppliers, distributors, wholesalers, retailers, and commercial lessors, could be held strictly liable for any defect. *Cruz v. Midland--Ross Corp.*, 813 F.Supp. 628 (1993); *Crowe v. Pub. Bldg. Comm'n,* 74 Ill.2d 10, 383 N.E.2d 951, 23 Ill.Dec. 80 (1978). These

claims and causes of actions have been upheld and reinforced by the Illinois Supreme Court, where it stated:

> "In a products liability action, all persons in the distributive chain are liable for injuries resulting from a defective product, including suppliers, distributors, wholesalers and retailers. Imposition of liability upon these parties is justified on the ground that their position in the marketing process enables them to exert pressure on the manufacturer to enhance the safety of the product. Regardless of the nature of the commercial transaction and even though he does not create the defect, a seller who puts a defective product into the stream of commerce may still be held strictly liable to an injured user." *See Hammond v. North American Asbestos Corp.* (1983), 97 Ill.2d 195, 206 (internal citations omitted).

Plaintiff has sufficiently alleged a cause of action for products liability against Duke's. As detailed in the Complaint, Duke's is an Illinois resident and was a distributor, marketer, and seller of Roundup to the general public, including Plaintiff from 1974 to 2018. (Complaint, ¶ 5-6). Duke's actions as a distributor, marketer, and seller, contributed to causing Plaintiff's, Robert Rawson, extranodal marginal zone lymphoma (MALT), a type of non-Hodgkin Lymphoma (NHL). (Complaint, ¶ 73). Duke's is a proper defendant in this cause of action.

In pleading consistent with the Illinois Pattern Jury Instructions, Plaintiff alleges there existed in Roundup at the time it left the control of Duke's a condition which made Roundup unreasonably dangerous because of the increased likelihood of NHL associated with exposure to the Roundup® products. Complaint, Count VIII ¶ 191-200; see also IPI Civil (2011) 400.

Counts VII-VIII of Plaintiff's Complaint sufficiently allege all of the necessary elements of a cause of action for negligence and strict product liability against Duke's.

Monsanto cannot credibly claim that it is impossible for the Plaintiff to establish a cause of action against this diversity-defeating defendant, particularly in light of the fact that this Court must resolve all facts and legal issues in favor of the Plaintiff. *See Batoff v. State Farm Ins. Co.,* 977 f.2d 848, 853 (3d Cir. 1992) (courts should not find fraudulent joinder where they must conduct an "intricate analysis of state law" to find a claim non-actionable).

Moreover, in Illinois, plaintiffs are encouraged to join any causes of action, against any defendants. 735 ILCS 5/2-614(a) (2012); *see Boyd v. Travelers Ins. Co.*, 166 Ill. 2d 188, 199, 652 N.E.2d 267, 272 (1995). The joinder of defendants is governed by section 2-405 of the Code of Civil Procedure. 735 ILCS 5/2-405 (2012), the objective of joinder is the economy of actions and trial convenience. The determining factors are that the claims arise out of closely related "transactions" and a significant question of law or fact that is common to the parties exists. *Boyd*, 166 Ill. 2d at 199 (quoting *City of Nokomis v. Sullivan*, 14 Ill.2d 417, 420, 153 N.E.2d 48 (1958)).

These requirements have been met here. The claims against Defendants Monsanto and Duke's arise out of the same closely related transactions: MALT caused by the sale and prolonged exposure to Roundup®. Monsanto manufactured the Roundup® and Duke's distributed, sold, promoted, and marketed it, and as such they are part of the same series of transactions or occurrences. *See Skarski v. Ace-Chicago Great Dane Corp.,* 138 Ill. App. 3d 301, 305 (1985) (concluding that a company may be held liable for marketing and distributing dangerous products). Cases applying Rule 21 where there is no misjoinder do so because "'there are sufficient other reasons for ordering a

11

severance.'" *Acevedo-Garcia v. Monroig,* 351 F.3d 547, 560 n.5 (1st Cir. 2003) (quoting *Wyndham Assoc. v. Bintliff,* 398 F.3d 614, 618 (2d Cir. 1968)).

Here, Plaintiff initially chose to sue Duke's and Monsanto in state court. Because the non-diverse defendant, Duke's, was a party to the original complaint and Plaintiff has not attempted to defeat removal by adding a non-diverse defendant, there is no reason to use Rule 21 to retain jurisdiction. It would be unjust to "ignore" Duke's for the sole purpose of maintaining diversity.

### C. Monsanto's Theory of Removal Should Be Rejected as Untimely.

This court should also reject Monsanto's Notice of Removal as untimely. Notice of removal must be filed within 30 days after the defendant receives, through service or otherwise, a copy of the initial pleadings setting forth a claim for relief. 28 U.S.C. § 1446(b)(1). Under Ninth Circuit precedent, the requirement that a defendant timely file the notice of removal is strictly construed and mandatory. *See Durham v. Lockheed Martin Corp.*, 2003 WL 25739368, at *2 (N.D. Cal. Dec. 8, 2003); *see also United States ex rel. Walker v. Gunn,* 511 F.2d 1024, 1026 (9th Cir.1975)("[T]he statute, insofar as the time for removal is concerned, is imperative and mandatory, must be strictly complied with, and is to be narrowly construed."); *Bonadeo v. Lujan,* 2009 WL 1324119, at *6 (citing *McCain v. Cahoj,* 794 F.Supp. 1061, 1062 (D.Kan.1992)). Here, Duke's answered Plaintiff's Complaint on May 28, 2019 denying Plaintiff's allegation that Duke's owned and operated the Duke's Hardware store at 7610 W. 111th Street in Palos Hills, IL. (See Deft's Answer Attached as **Exhibit C**).

Under Monsanto's theory of improper joinder, Duke's Answer would have adequately triggered Monsanto's notice that there's no reasonable possibility that a State

Court would rule against Duke's. However, Monsanto filed its Notice of Removal on September 9, 2019, 109 days after it received notice. Due to this delay, Monsanto failed to satisfy Section 1446(b)(1)'s 30 day requirement, and its notice was untimely. The Court should reject Monsanto's Notice of Removal as untimely. *See San Francisco Police Credit Union v. Stewart*, 2008 WL 4766566, at *3 (N.D. Cal. Oct. 31, 2008) (rejecting defendant's notice of removal as untimely and remanding to the Santa Clara Superior Court, California.).

### D. Duke's Did Not Join Nor Consent to this Removal in Violation of 28 U.S.C. § 1446.

Plaintiff filed its Complaint in Cook County against Monsanto and Duke's. In spite of this fact, the Notice of Removal was only filed on behalf of Monsanto, and admittedly fails to include Duke's consent. As a general rule, which is explicitly codified in 28 U.S.C. § 1446, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (West 2019). Notably, "[t]he Ninth Circuit has repeatedly held that defects in removal may be cured within a 30-day period after a defendant receives notice of the complaint." *Loewen v. McDonnell*, 2019 WL 2364413, at *5 (N.D. Cal. June 5, 2019) There are exceptions to this general rule that various courts in this district have set forth, but none of which are met here. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006) (finding lack of unanimous consent rendered removal improper where defect was not cured within 30-day statutory period permitted for joinder). Duke's failed to file any written consent and/or an answer or other pleading consenting to the removal, and therefore no recognized exception is applicable.

13

Accordingly, Monsanto failed to meet its burden of showing that Duke's was improperly joined, no exceptions saves Monsanto's Notice of Removal, and this case should be remanded to the Circuit Court of Cook County.

### E. Plaintiff is Entitled to Reimbursement of His Attorney Fees and Costs Incurred as a Result of Defendant Monsanto*'s* Wrongful Removal of This Matter From State Court.

Plaintiff has incurred attorney fees in conjunction with the removal of this case and the briefing in support of the remand of this case back to its proper forum. "[A]n order remanding the case may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). The intent of the statute is to reimburse a party, like the Plaintiff, who has incurred expenses in attacking an insufficient and ill-advised removal. A district court should award attorney fees to a plaintiff if, at the time a defendant filed the notice of removal, clearly established law demonstrated that defendant had no basis for removal. *Ortiz v. Menu Foods, Inc.*, 525 F. Supp. 2d 1220 (D. Hawai'i 2007); *see also Gibbs v. I-Flow*, 2009 WL 482285 (S.D. Ind. 2009) (district court ordered remand and retained jurisdiction solely to award plaintiff attorney fees and costs.).

Monsanto's removal is untimely, did not contain the consent of all defendants, is based on unsupported factual assertions, is procedurally defective, and fails to meet the heavy burden established by case law to prove improper joinder.  As a result of Defendant Monsanto's removal of this case, Plaintiff has had to conduct extensive research and review of the law as well as draft and submit several briefs. This required extra time and effort on the part of Plaintiff's attorney.

The practice of improper removal delays justice, is a distraction from the core issues in the litigation, is a drain on judicial resources, and is costly for the lawyers. Without sanctions reimbursing plaintiff's attorneys fees, it is likely Monsanto will continue engaging in this improper removal practice. For these reasons, an award of attorney fees and costs is appropriate in this instance.

### III.   CONCLUSION

A heavy burden rests upon the party seeking to prove fraudulent mis-joinder and thereby establish diversity of citizenship for federal jurisdictional purposes. Not only has Defendant Monsanto failed to meet this heavy burden, its proffered reason for claiming Duke's was fraudulently mis-joined requires resolution of a question of fact, is untimely, and is procedurally deficient. Accordingly, Plaintiff respectfully request that this case be remanded to the Circuit Court of Cook County, with an appropriate award of attorney fees and costs to the Plaintiff.

Dated: January 21, 2020

Respectfully submitted,

/s/ *David J. Gallagher*

**MOTHERWAY & NAPLETON, LLP**
By: David J. Gallagher
Dominic C. LoVerde
140 S. Dearborn, Suite 1500
Chicago, IL  60603
(312) 726-2699
ARDC No. 6294250
dgallagher@mnlawoffice.com

15