# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
# COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ROBERT RAWSON,<br><br>    Plaintiff,<br><br>v.<br><br>BAYER CORPORATION, a foreign corporation;<br>MONSANTO COMPANY, a foreign corporation; and<br>DUKE'S HARDWARE, INC.,<br> a domestic corporation,<br><br>    Defendants. | No.   2019-L-002426 |

## NOTICE OF FILING NOTICE OF REMOVAL

To:    Counsel of Record (*see* attached Certificate of Service)

**PLEASE TAKE NOTICE** that on **September 9, 2019**, Defendant Monsanto Company ("Monsanto"), by and through undersigned counsel, filed its Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing the above-captioned action from the Circuit Court of Cook County, Illinois to the United Stated District Court for the Northern District of Illinois, Eastern Division, located at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. A true and correct copy of the Notice of Removal (without exhibits) is attached hereto as Exhibit 1.

**PLEASE TAKE FURTHER NOTICE THAT**, upon the filing of the Notice of Removal with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, and filing copies thereof with the Clerk of the Circuit Court of Cook County, Illinois, Monsanto has effected removal and the Circuit Court shall proceed no further in this action unless and until the case is remanded pursuant to 28 U.S.C. § 1446(d).

4824-4835-4212

**EXHIBIT E**

Dated:  September 9, 2019            Respectfully submitted,

                     **MONSANTO COMPANY**

                     By:  */s/   Thomas J. Dammrich II*
                         One of Its Attorneys

Thomas J. Dammrich II (#6292653)
Peter F. O'Neill (#6324429)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, *Suite 4700*
Chicago, Illinois 60606
Telephone:  (312) 704-7700
Facsimile:   (312) 558-1195
Email:  tdammrich@shb.com
        pfoneill@shb.com
Firm ID No. 58950

## CERTIFICATE OF SERVICE

I, Thomas J. Dammrich II, an attorney, hereby certify that, on **September 9, 2019**, I caused a true and complete copy of the foregoing **NOTICE OF FILING NOTICE OF REMOVAL** to be served upon the following counsel of record via electronic mail, addressed as follows:

David J. Gallagher
(dgallagher@mnlawoffice.com)
**Motherway & Napleton, LLP**
140 S. Dearborn Street, Suite 1500
Chicago, IL 60603
Telephone:   (312) 726-2699
Facsimile:   (312) 726-6851

***Attorneys for Plaintiff***

Dominique Savinelli
(Dominique.Savinelli@huschblackwell.com)
James P. O'Shea
(James.Oshea@huschblackwell.com)
**Husch Blackwell LLP**
120 South Riverside Plaza
Suite 2200
Chicago, IL 60606
Telephone:  (312) 655-1500

***Attorneys for Bayer Corporation and Monsanto Company***

Thomas J. Dammrich II
(tdammrich@shb.com)
Peter F. O'Neill
(pfoneill@shb.com)
**Shook, Hardy & Bacon L.L.P.**
111 South Wacker Drive, Suite 4700
Chicago, IL  60606
Telephone:  (312) 704-7700

***Attorneys for Duke's Hardware, Inc.***

    /s/   Thomas J. Dammrich II

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ROBERT RAWSON, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:19-cv-06040 |
| BAYER CORPORATION, a foreign corporation; MONSANTO COMPANY, a foreign corporation; and DUKE'S HARDWARE, INC., a domestic corporation, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Monsanto Company ("Monsanto"), hereby gives notice of removal of this action, captioned *Robert Rawson v. Monsanto Company, et al.*, bearing case number 2019-L-002426, from the Circuit Court of Cook County, State of Illinois Law Division, to the United States District Court for the Northern District of Illinois. Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

### INTRODUCTION

1. This action arises out of Plaintiff's claims against out-of-state Defendant Monsanto, and in-state Defendant Duke's Hardware, Inc. ("Duke's"), for strict liability for a design defect, strict liability for failure to warn, and negligence arising from use of Roundup® and the allegations that it caused non-Hodgkin's Lymphoma ("NHL").[1]

---

[1] Plaintiff also sued Bayer Corporation, *see* Compl., but voluntarily dismissed those claims on June 14, 2019. *See* Ex. A.

2. Removal is proper because there is complete diversity of citizenship between Plaintiff and Monsanto, and the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court should disregard the presence of Duke's in determining whether complete diversity exists because Duke's was fraudulently joined.

## MULTIDISTRICT LITIGATION (MDL) PROCEEDING

3. This is one of many cases that have been filed in both state and federal courts across the country against Monsanto involving Roundup®. An MDL proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016). Monsanto intends to seek the transfer of this action to that MDL, and will provide the Judicial Panel on Multidistrict Litigation (JPML) with notice of this action pursuant to the procedure for "tag along" actions set forth in the Rules and Procedures of the JPML.

## VENUE AND JURISDICTION

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 112, 1391, 1441(a), and 1446(a), because the Circuit Court of Cook County, Law Division, is a court within the Northern District of Illinois.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because: (1) there is complete diversity of citizenship between Plaintiff and all properly-joined Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and, (3) all other requirements for removal have been satisfied.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

**I.     Complete Diversity of Citizenship**

    **A.     There is complete diversity between Plaintiff and Monsanto.**

    6.     Based on the allegations of the complaint, Plaintiff is, and was at the time of filing, a citizen of Illinois for purposes of federal diversity jurisdiction. Compl. ¶ 1.

    7.     Monsanto is, and was at the time of filing, a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Missouri. *Id.* ¶ 3. Accordingly, Monsanto is deemed to be a citizen of Delaware and Missouri for purposes of federal diversity jurisdiction.

    8.     Thus, complete diversity exists with respect to Plaintiff and Monsanto.

    **B.     Duke's Hardware, Inc. was fraudulently joined, and should therefore be disregarded for purposes of assessing diversity of citizenship.**

    9.     Duke's Hardware, Inc. is, and was at the time of the filing, a corporation organized under the laws of the State of Illinois with its principal place of business in the State of Illinois. *Id.* ¶ 5. Accordingly, Duke's is deemed to be a citizen of Illinois for purposes of federal diversity jurisdiction. However, as set forth below, the Court should disregard the presence of Duke's for purposes of assessing the propriety of removal because Duke's was fraudulently joined.

    10.     Fraudulent joinder cannot destroy diversity jurisdiction. *Poulos v. Naas Foods, Inc.*, 959 F. 2d 69, 72-74 (7th Cir. 1992); *see also Schwartz v. State Farm Mutual Auto Insurance Co.*, 174 F.3d 875, 878-79 (7th Cir.1999) (affirming district court's decision to retain jurisdiction after fraudulent joinder). A plaintiff has fraudulently joined a defendant when there is no "reasonable possibility that a state court would rule against the non-diverse defendant." *Poulos*, 959 F. 2d at 73. *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1092 (S.D. Ill. 2007)

3

(same). "Although plaintiffs are normally free to choose their own forum, they may not join an in-state defendant solely for the purpose of defeating federal jurisdiction." *Hill v. C.R. Bard, Inc.*, 582 F. Supp. 2d 1041, 1045 (C.D. Ill. 2008). Otherwise, as the Seventh Circuit has recognized, a plaintiff "could defeat diversity jurisdiction by joining his grandmother as a defendant—surely some set of facts might make her liable." *Poulos*, 959 F.2d at 74.

11. Plaintiff's claims against Duke's are all linked to Duke's alleged sale of Roundup®-branded products to Plaintiff. *See* Compl. ¶¶ 6, 185–200. Specifically, Plaintiff alleges that for over thirty years he purchased Roundup®-branded products from a hardware store located at 7610 W. 111th St., Palos Hills, Illinois, which he alleges is owned by Duke's. *Id.* ¶ 6.

12. Plaintiff's allegation is incorrect. In its September 3, 2019 responses to Plaintiff's discovery requests, Duke's stated that it: (1) "never owned or operated" the Palos Hills store and (2) "owns and operates a different store in a different town (not Palos Hills)." *See* Ex. B, Duke's Resp. to Pl.'s Req. for Prod., at Gen. Obj. No. 1; Duke's Resp. to Pl.'s Interrog., at Gen. Obj. No. 1; Duke's Resp. to Pl.'s Rule 213 Interrog., at Gen. Obj. No. 1.

13. Accordingly, there is no reasonable possibility that a state court would rule against Duke's. The Court should therefore disregard Duke's and find that complete diversity exists.

14. Moreover, the in-forum defendant rule does not preclude removal because Duke's, the only Illinois defendant, was not "properly joined." *See* 28 U.S.C. § 1441(b)(2).

**II.     The Requisite Amount in Controversy Is Satisfied**

15. The Complaint seeks compensatory and punitive damages based on allegations that Monsanto's Roundup®-branded herbicides caused Plaintiff to develop NHL. Therefore, it is plausible from the face of the Complaint that plaintiff seeks damages in excess of $75,000,

4

exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see also Dart Cherokee Basin Operating Co. v. Owens,* 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Ross v. First Family Fin. Servs., Inc.,* 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."). In fact, other Roundup® lawsuits seeking damages for NHL allegedly caused by Roundup®-branded products have been filed against Monsanto in other federal courts asserting jurisdiction under § 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

16. Thus, this Court has original subject matter jurisdiction over the claims of Plaintiff based on § 1332(a) because there is complete diversity of citizenship between plaintiff and the out-of-state Defendants (disregarding the citizenship of the fraudulently-joined hardware store), and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

### III. Monsanto's Notice of Removal Is Timely

17. Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal either (1) "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading," or (2) "[i]f the case stated by the initial pleading is not removable, . . . within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

18. Under Seventh Circuit precedent, "[t]he 30–day removal clock does not begin to run until the defendant receives a pleading or other paper that *affirmatively and unambiguously*

5

reveals that the predicates for removal are present." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013) (emphasis added).

19. "Assessing the timeliness of removal should not involve a fact-intensive inquiry about what the defendant subjectively knew or should have discovered through independent investigation." *Id.* at 825.

20. Plaintiff filed his Complaint on March 5, 2019, in the Circuit Court of Cook County, Law Division. *See* Compl. The Complaint alleged that Duke's was an Illinois corporation with its principal place of business in Illinois. *Id.* ¶ 5. Thus, "the case stated by the initial pleading was not removable" when filed. 28 U.S.C. § 1446(b).

21. Duke's made clear in its discovery responses that it: (1) "never owned or operated" the Palos Hills store and (2) "owns and operates a different store in a different town (not Palos Hills)." *See* Ex. B, Duke's Resp. to Pl.'s Req. for Prod., at Gen. Obj. No. 1; Duke's Resp. to Pl.'s Interrog., at Gen. Obj. No. 1; Duke's Resp. to Pl.'s Rule 213 Interrog., at Gen. Obj. No. 1. Only when Duke's addressed its lack of ownership of the Palos Hills store in these responses did it become "affirmatively and unambiguously" clear that removal was appropriate. *Walker*, 727 F.3d at 824.

22. These discovery responses constitute "other paper" sufficient to trigger the 30-day removal period under 28 U.S.C. § 1446(b). *See, e.g.*, *Chapman v. Powermatic, Inc.* 969 F.2d 160 (5th Cir. 1992) ("Clearly the answer to [the] interrogatory which triggered the filing of the notice of removal in this case is such an "other paper"); *Blake v. Wal-Mart Stores, Inc.*, 358 F. Supp. 3d 576, 580 (W.D. La. 2018) (holding that interrogatory responses constituted "other paper"); *Rider v. Sears Roebuck & Co.*, 2011 WL 2222171, at *4 (C.D. Cal. June 7, 2011) (a deposition answer constituted an "other paper").

6

23. This Notice of Removal falls within the 30-day period set forth in 28 U.S.C. § 1446(b) and is timely because Monsanto is filing this Notice of Removal within 30 days of the date (September 3, 2019) when Duke's served the discovery responses discussed above.

### IV. Other Procedural Requirements

24. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint, as well as all other process, pleadings, and orders filed and served upon Monsanto are attached hereto as Exhibit C.

25. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b), for the reasons set forth above. The consent of the Duke's is not required because Duke's was not "properly joined." 28 U.S.C. § 1446(b)(2)(A).

26. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Circuit Court of Cook County, State of Illinois Law Division and will be promptly served on Plaintiff.

27. Monsanto does not waive any legal defenses, including but not limited to personal jurisdiction, and expressly reserves its right to raise any and all legal defenses in subsequent pleadings in this action.

28. If any question arises as to the propriety of the removal of this action, Monsanto requests the opportunity to present a brief and request oral argument in support of removal.

### CONCLUSION

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

Dated: September 9, 2019                    Respectfully submitted,

                                            **MONSANTO COMPANY**

                                            By: _/s/ Thomas J. Dammrich II_
                                                One of Its Attorneys

Thomas J. Dammrich II (#6292653)
Peter F. O'Neill (#6324429)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, *Suite 4700*
Chicago, Illinois 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
Email: tdammrich@shb.com
       pfoneill@shb.com

8

## CERTIFICATE OF SERVICE

I, Thomas J. Dammrich, an attorney, hereby certify that, on September 9, 2019, I caused a true and complete copy of the foregoing **NOTICE OF REMOVAL** to be electronically filed with the Court via the Court's ECF system. I further certify that I emailed a copy of same upon the following counsel of record:

David J. Gallagher
(dgallagher@mnlawoffice.com)
**Motherway & Napleton, LLP**
140 S. Dearborn Street, Suite 1500
Chicago, IL 60603
Telephone: (312) 726-2699
Facsimile: (312) 726-6851

*Attorneys for Plaintiff*

Dominique Savinelli
(Dominique.Savinelli@huschblackwell.com)
James P. O'Shea
(James.Oshea@huschblackwell.com)
**Husch Blackwell LLP**
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
Telephone: (312) 655-1500

*Attorneys for Bayer Corporation and Monsanto Company*

Thomas J. Dammrich II
(tdammrich@shb.com)
Peter F. O'Neill
(pfoneill@shb.com)
**Shook, Hardy & Bacon L.L.P.**
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Telephone: (312) 704-7700

*Attorneys for Duke's Hardware, Inc.*

    */s/ Thomas J. Dammrich II*

4815-2175-5811