UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 16-md-02741-VC |
| This document relates to: ALL ACTIONS | **PRETRIAL ORDER NO. 201: ORDER RE MOTION TO EXCLUDE TESTIMONY OF DR. SAWYER** |
| | Re: Dkt. Nos. 8010, 8572, 8573 |

The bulk of Monsanto's motions to exclude testimony from Sawyer is moot, because the plaintiffs have clarified that Sawyer does not intend to offer many of the opinions to which Monsanto objects. For example, the plaintiffs clarify that Sawyer will not offer an opinion on general causation, nor will he offer a differential diagnosis opinion as to any individual plaintiff.

The plaintiffs assert that Sawyer should nonetheless be permitted to opine that a plaintiff's "exposure to Roundup was sufficient to cause NHL." Thus, this aspect of Monsanto's motions is not moot. Because Sawyer will not offer an opinion on general causation or differential diagnosis, it follows that he may not opine that a plaintiff's "exposure to Roundup was sufficient to cause NHL." On the other hand, to the extent Sawyer has offered an opinion on a particular plaintiff's level of exposure or rate of absorption, it would be permissible for that plaintiff's counsel to ask Sawyer to assume that a particular exposure or absorption level creates an NHL risk based on other experts' testimony, and then asked if the particular plaintiff exceeded that exposure or absorption level.

**IT IS SO ORDERED.**

Dated: January 22, 2020

VINCE CHHABRIA
United States District Judge