UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: | **PRETRIAL ORDER NO. 202: ORDER DENYING CERTAIN WAVE 1 MOTIONS WITHOUT PREJUDICE** |
| *Giglio v. Monsanto Co.*, 16-cv-5658 | |
| *I. Hernandez v. Monsanto Co.*, 16-cv-5750 | Re: Dkt. Nos. 8006, 8007, 8008, 8009 |
| *Sanders v. Monsanto Co.*, 16-cv-5752 | |
| *Domina v. Monsanto Co.*, 16-cv-5887 | |
| *Russo v. Monsanto Co.*, 16-cv-6024 | |
| *Perkins v. Monsanto Co.*, 16-cv-6025 | |
| *Mendoza v. Monsanto Co.*, 16-cv-6046 | |
| *Harris v. Monsanto Co.*, 17-cv-3199 | |
| *Tanner v. Monsanto Co.*, 19-cv-4099 | |
| *Pollard v. Monsanto Co.*, 19-cv-4100 | |
| *Dickey v. Monsanto Co.*, 19-cv-4102 | |
| *Janzen v. Monsanto Co.*, 19-cv-4103 | |

In preparing for the upcoming hearing on dispositive motions in the first wave of cases to be sent back to their home districts for trial, the Court has discovered that Monsanto is requesting rulings on issues that should be left to the judges who will be trying the cases.

It is obviously appropriate for this Court to rule on any motion that would, if granted, obviate the need for a trial at all. Therefore, Monsanto's motions for summary judgment (for example, on whether the plaintiffs have presented sufficient evidence of causation under Nebraska law) are appropriate for adjudication by this Court. In addition, motions to exclude

expert testimony regarding causation are appropriate for adjudication by this Court, because that testimony is so closely intertwined with the summary judgment motions relating to causation.

In contrast, if a motion merely seeks to shape the trial—for example, a motion to exclude a particular type of evidence or a particular witness who proposes to testify to something that's not closely intertwined with summary judgment motions relating to causation—a ruling by this Court would invade the province of the district judge ultimately responsible for presiding over the trial. These are motions in limine. Rulings of this nature are typically discretionary. The outcome may depend on what other evidence will be admitted or excluded at the trial. And the outcome could change during trial—for example, certain testimony or evidence could be excluded pretrial only to be admitted at trial if a door is opened. *See, e.g.*, Pretrial Order No. 159, Dkt. No. 4565.

Applying these principles, the following motions currently scheduled for hearing on January 29, 2020, are denied without prejudice to filing new motions with the district judges who will be trying the cases:

- Dkt. No. 8006: Motion to exclude testimony of Dr. Charles Benbrook
- Dkt. No. 8007: Motion to exclude factual testimony about IARC from Dr. Charles Jameson
- Dkt. No. 8008: Motion to exclude testimony of James Mills about Monsanto's financial condition
- Dkt. No. 8009: Motion to exclude testimony of Stephen Petty

**IT IS SO ORDERED.**

Dated: January 22, 2020

_____
VINCE CHHABRIA
United States District Judge