**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**ARNOLD & PORTER KAYE SCHOLER**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
601 Massachusetts Ave, NW
Washington, DC 20001
Tel: 202-942-5000
Fax: 202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-2741-VC |
| This document relates to: | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S PURPORTED "OBJECTION TO DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT" AND ASSOCIATED ERRATA SHEET [DKT. NOS. 34 & 34-2.]** |
| *Carriere v. Monsanto Company* Case No. 3:18-cv-05778 | |
| | Hearing date: Jan. 29, 2020 Time: 10:00 AM PT |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** beginning on January 29, 2020, in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will

- 1 -

1    present its Motion to Strike Plaintiff's Purported "Objection to Defendant's Reply in Support of

2    Motion for Summary Judgment" and Associated Errata Sheet [Dkt. Nos. 34 & 34-2].

3

4        DATED: January 23, 2020                      Respectfully submitted,

5                                                      /s/ Brian L. Stekloff_____

6                                                      Brian L. Stekloff (*pro hac vice*)
                                                       (bstekloff@wilkinsonwalsh.com)
7                                                      Rakesh Kilaru (*pro hac vice*)
                                                       (rkilaru@wilkinsonwalsh.com)
8                                                      WILKINSON WALSH + ESKOVITZ LLP
                                                       2001 M St. NW, 10th Floor
9                                                      Washington, DC 20036
                                                       Tel: 202-847-4030
10                                                     Fax: 202-847-4005

11                                                     Pamela Yates (CA Bar No. 137440)
                                                       (Pamela.Yates@arnoldporter.com)
12                                                     ARNOLD & PORTER KAYE SCHOLER
13                                                     777 South Figueroa St., 44th Floor
                                                       Los Angeles, CA 90017
14                                                     Tel: 213-243-4178
                                                       Fax: 213-243-4199
15

16                                                     Eric G. Lasker (*pro hac vice*)
                                                       (elasker@hollingsworthllp.com)
17                                                     HOLLINGSWORTH LLP
                                                       1350 I St. NW
18                                                     Washington, DC 20005
                                                       Tel: 202-898-5843
19                                                     Fax: 202-682-1639

20                                                     Michael X. Imbroscio (*pro hac vice*)
21                                                     (mimbroscio@cov.com)
                                                       COVINGTON & BURLING LLP
22                                                     One City Center
                                                       850 10th St. NW
23                                                     Washington, DC 20001
                                                       Tel: 202-662-6000
24

25                                                     Attorneys for Defendant
                                                       MONSANTO COMPANY
26

27

28
                                              - 2 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Local Rule 7-3(d), Federal Rule of Civil Procedure 30(e), and *Hambleton Brothers Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217 (9th Cir. 2005), Defendant Monsanto Company ("Monsanto") moves to strike Plaintiff Jerald Carriere's Objection To Defendant's Reply In Support Of Motion For Summary Judgment Based On Failure To Produce Evidence Of Exposure Pursuant To Local Rule 7-3(d) (Dkt. No. 34 (the "Objection")) and the associated errata sheet (Dkt. No. 34-2), and in support thereof would show:

## INTRODUCTION

Monsanto moved for summary judgment because Plaintiff's deposition testimony established that he never used any glyphosate-containing Roundup® ("Roundup") product. Plaintiff's Opposition accused Monsanto of taking his testimony out of context. Accordingly, in its Reply, Monsanto provided the relevant testimony, which rebutted any suggestion of mischaracterization. His purported Objection now seeks to change that testimony with an "errata sheet" prepared after Defendant filed its Reply.

Citing Local Rule 7-3(d), Plaintiff ostensibly objects to Monsanto's Reply. But that rule expressly prohibits filings of this sort and permits only objections to "new evidence" submitted with a reply brief. Monsanto's Reply contained no such evidence, and thus the filing should be stricken for this reason alone.

Further, the errata sheet submitted with the Purported Objection is independently improper because it is a transparent and unjustified pretense designed solely to avoid summary judgment. With the errata sheet, Plaintiff attempts to create questions of material fact by directly contradicting his own prior deposition testimony—changing a "Yeah" to a "No" to give but one example. He largely fails to explain these changes, and the reasons he does provide are vague and not credible. The errata sheet is a "sham" under Rule 30 and *Hambleton Brothers* and should be stricken for this additional reason.

## BACKGROUND

On November 26, 2019, Monsanto filed its Motion for Summary Judgement Based on Failure to Produce Evidence of Exposure. (Dkt. No. 19.) Relying on Plaintiff's own deposition

- 1 -

1   testimony, the Motion showed that Plaintiff never used any Roundup product that contained

2   glyphosate, a broad-spectrum herbicide.  Whatever product he used could not have contained

3   glyphosate because it was safe for use on lawns, allowing him to spray it indiscriminately without

4   killing grass.  Unlike whatever herbicide Plaintiff used, glyphosate kills grass.

5       On December 10, Plaintiff filed his Opposition.  (Dkt. No. 25.)  According to the Opposition,

6   Monsanto's Motion improperly cited "to limited excerpts" of Plaintiff's testimony.  (*Id.* at 2.)  On

7   December 24, Monsanto filed its Reply.  (Dkt. No. 30.)  Monsanto did not submit any new evidence

8   with the Reply and cited only evidence that had been submitted in the original Motion or in

9   Plaintiff's Opposition.  Because of Plaintiff's accusation that his deposition testimony had been

10  taken out of context, the Reply extensively quoted Plaintiff's deposition testimony.

11      On December 31, 2019, without seeking the Court's permission to file what is an essence a

12  sur-reply in which he completely reverses course on his own sworn testimony, Plaintiff filed an

13  Objection.  (Dkt. No. 34.)   The Objection does not identify any new evidence submitted with the

14  Reply.  Instead, it complains of purported "misstatements of testimony."  (*Id.* at 2.)  The Objection

15  does not claim that Monsanto misquoted Plaintiff's deposition transcript, however.  Instead, Plaintiff

16  submits an "errata sheet" to the Court and asks that it be accepted "as part of the record."  (*Id.*)  The

17  errata sheet materially alters the very testimony that Monsanto relied upon in its Motion and Reply.

18      Most of the changes are to pages 126 and 127 of the transcript.  Below, Plaintiff's actual

19  testimony is stricken through and juxtaposed against the new answers provided in the errata sheet:

20      Q.    So you would agree that if you sprayed Roundup in the middle of the back

21          lawn, it would probably kill the lawn.  Agreed?

22      A.    **No.**

23      Q.    And why do you disagree?

24      A.    ~~Because it won't.~~ **It would only kill the spot I sprayed. I never spray the**

25      **entire lawn.**

26      Q.    Do you understand that this Roundup was the type of Roundup that doesn't

27          kill lawn but only targets weeds?

28

- 2 -

1  A.    ~~Yeah.~~  No.

2  Q.    And is that true of all the prior properties, that you used it?

3  A.    ~~That's what it said.~~  It would only kill the spot I sprayed. I never spray

4  the entire lawn.

5  Q.    So this is the lawn-friendly Roundup?

6  A.    ~~I don't know about "friendly," but it said that it doesn't kill grass.~~  I do

7  not recall the label but I treated weeds. It killed whatever I sprayed.

8  . . .

9  Q.    . . . So your recollection is this is the type of product that you could spray on

10       the dandelion in the middle of the lawn and it would kill the dandelion and not

11       the lawn.

12  A.    ~~Yeah, you could spray it all over.  You know, you didn't have to be careful~~

13       ~~with it.~~  I just sprayed the weeds. But it kill [*sic*] everything I sprayed.

14       Never sprayed lawn.

15  (Monsanto's Ex. 1 to Mot., Dep. of Jerald Carriere at 126:15-127:15; Dkt. No. 34-2 (errata sheet).)

16        Thus, Plaintiff purports to changes a dispositive "Yeah" to a "No" and to change dispositive

17  testimony about what the Roundup label said to testimony that he does not recall what the

18  Roundup's label said.[1]  He further purports to change testimony that "you could spray [the

19  Roundup] all over" and "didn't have to be careful with it" to testimony that he "just sprayed the

20  weeds" and "[n]ever sprayed the lawn."  Indeed, nine of Plaintiff's ten purported changes go directly

21  to issues relating to Monsanto's pending Motion.  (*See generally* Dkt. No. 34-2.)  Notably, counsel

22  for Plaintiff never objected on any grounds to any of the questions that elicited the testimony at

23  issue.  Nor did they file an errata sheet prior to Monsanto's motion for summary judgment (although

24  that would have been equally impermissible) or conduct a redirect during the deposition to clarify

25

26

---

27  [1] Notably, Plaintiff originally volunteered testimony as to what the label said without even being
asked what the label said.  His altered testimony—now claiming that he does "not recall the label"—
28  was not responsive to any question and makes no sense.

1    any of the testimony at issue.   Indeed, Plaintiff's errata sheet was prepared on December 27, 2019—

2    *three days after Monsanto submitted its Reply.*  (*See* Dkt. No. 34-2.)

3                                                    **APPLICABLE RULES**

4            **L.R. 7-3(d).**  "Once a reply is filed, no additional memoranda, papers or letters may be filed

5    without prior Court approval, except" in two specific circumstances, only one of which is relevant

6    here:[2] "*If new evidence has been submitted in the reply*," the party opposing summary judgment

7    may file an "Objection to Reply Evidence."  L.R. 7-3(d)(1) (emphasis added).  A party invoking the

8    rule is allowed only to "stat[e] its objections to *the new evidence*," and "may not include further

9    argument on the motion."  *Id.* (emphasis added).

10           **Fed. R. Civ. P. 30(e.)**  Rule 30(e) allows deponents to correct their deposition testimony

11   under a certain procedure.  This grant of "permission" to change deposition testimony "does not

12   properly include changes offered solely to create a material factual dispute in a tactical attempt to

13   evade an unfavorable summary judgment."  *Hambleton Bros. Lumber Co. v. Balkin Enterprises,*

14   *Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005).  Accordingly, the Ninth Circuit has held "that Rule 30(e)

15   is to be used for corrective, and not contradictory, changes."  *Id.* at 1226.  Further, a witness making

16   changes to deposition testimony must state "the reasons for making them."  Fed. R. Civ. P. 30(e)(B).

17                                                    **ANALYSIS**

18   **1.      Plaintiff's Objection should be stricken.**

19           Plaintiff's Objection is improper.  Unless Local Rule 7-3(d) applies, Plaintiff's filing is

20   prohibited.  *See Glass v. Sue*, CV09-8570 RGK (SHX), 2010 WL 11549540, at *2 (C.D. Cal. Oct.

21   27, 2010) ("Nothing in Rule 56 allows a party opposing a motion for summary judgment to file

22   'Evidentiary Objections' after the Defendant has filed its Reply papers.").  The question is whether

23   Local Rule 7-3(d) permits Plaintiff's filing.  Rather than permitting the Objection, the rule *prohibits*

24   it.

25

26   _____

27   [2] The irrelevant exception is that parties are permitted to notify the court of any "relevant judicial
     opinion published after the date the opposition or reply was filed by filing and serving a Statement
     of Recent Decision, containing a citation to and providing a copy of the new opinion–without

28   argument."  L.R. 7-3(d)(2).

Under Local Rule 7-3(d), "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." Plaintiff did not seek prior court approval, meaning the filing is prohibited unless an exception applies. By purporting to file an evidentiary objection, Plaintiff implicates Local Rule 7-3(d)(1), which provides a procedural mechanism by which a party can object "[i]f new evidence has been submitted in the reply." L.R. 7-3(d)(1). While impliedly acknowledging that the rule only permits evidentiary objections, Plaintiff ignores that the rule only permits objections to "new evidence . . . submitted in the reply." *Id.* Because Monsanto did not file new evidence with its Reply, the Purported Objection is prohibited. It should be stricken.[3] *See, e.g.*, *Peoples v. Zeidan*, 16-CV-04099 LHK (PR), 2018 WL 3995917, at *12 (N.D. Cal. Aug. 20, 2018) (applying Local Rule 7-3(d): "The court did not approve additional memoranda, papers, or letters, and neither exception is applicable here. Thus, defendants' motion to strike . . . is GRANTED.").

## 2.   The errata sheet should be stricken.

While Plaintiff's entire filing is improper, the errata sheet is independently objectionable. The Ninth Circuit has already addressed a (less extreme) version of the situation before this Court in a published opinion. In *Hambelton Bros.*, after a defendant moved for summary judgment, a corporate plaintiff "submitted corrections to the deposition" of its principal. 397 F.3d at 1223. The defendant moved to strike the errata sheet, the trial court granted the motion, and the Ninth Circuit affirmed based on Rule 30(e). *See id.* at 1224–26. In doing so, the Court held that the sham affidavit rule applies to errata sheets and that Rule 30(e) changes must be supported with an adequate statement of reasons. The same analysis and remedy are appropriate here.[4]

---

[3] Even if the Court decided to address the objections, they should be denied. Monsanto did not misstate Plaintiff's testimony. It quoted the testimony accurately.

[4] Although not moving for such remedies, Monsanto notes that harsher remedies are potentially warranted. *See Combs v. Rockwell Intern. Corp.*, 927 F.2d 486, 488 (9th Cir. 1991) ("Dismissal is an appropriate sanction for falsifying a deposition. [Rule 11], as well as the court's inherent powers, can be called upon to redress such mendacity."). The inappropriate changes in *Combs* "dealt with issues of central importance in [an] upcoming summary judgment hearing." *Id.*

a.      **The errata sheet should be stricken under the sham affidavit rule.**

The "sham affidavit rule prevents 'a party who has been examined at length on deposition' from 'rais[ing] an issue of fact simply by submitting an affidavit contradicting his own prior testimony,' which 'would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.'"  *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991)).  A sham errata sheet raises the same problems and is, therefore, subject to the same rule.  *See Hambleton Bros.*, 397 F.3d at 1225.

"When determining whether deposition corrections are a 'sham' or intended to create an issue of fact for summary judgment, the timing of the deposition changes is informative."  *Int'l Longshore & Warehouse Union v. Port of Portland*, 3:12-CV-01494-SI, 2014 WL 1343422, at *6 (D. Or. Apr. 3, 2014).  Thus, in *Hambleton Bros.*, where the errata sheet was submitted after a motion for summary judgment had been filed, "[t]he magistrate judge was troubled by the deposition corrections' seemingly tactical timing."  *Hambleton Bros.*, 397 F.3d at 1225.  Here, the timing is even more troubling.  Plaintiff submitted the errata sheet not only after the motion for summary judgment had been filed, but also after Monsanto filed its Reply, in an effort to change the evidentiary record.  Specifically:

- Plaintiff seeks to change testimony that Roundup "won't" kill the lawn to testimony that Roundup would "kill the spot [he] sprayed" and that he "never spray[ed] the entire lawn."

- Plaintiff was directly asked if it was his understanding that the "Roundup was the type of Roundup that doesn't kill lawn but only targets weeds" and answered "Yeah." He seeks to change that answer to "No."

- When asked if he used this weed-targeting type of Roundup at "all the prior properties" where he had used Roundup, Plaintiff answered: "That's what it said." Now, even though he was not asked anything about the label, he seeks to change his answer to "I don't recall the label."

- 6 -

- Asked if the Roundup he used was lawn-friendly, Plaintiff answered that "it said it doesn't kill grass."  Now, even though he was not asked anything about the label, he seeks to change his answer to "I do not recall the label but I treated weeds. It killed whatever I sprayed."

- Plaintiff seeks to change testimony that "you could spray [the Roundup] all over" and "didn't have to be careful with it" to testimony that he "just sprayed the weeds," that the Roundup "kill[ed] everything [he] sprayed," and that he "[n]ever sprayed the lawn."

Such an effort to modify sworn testimony to fend off summary judgment is improper.  *See, e.g., Tourgeman v. Collins Fin. Services, Inc.*, 08-CV-1392 JLS NLS, 2010 WL 4817990, at *2 (S.D. Cal. Nov. 22, 2010) ("Changing 'yes' to 'no' and 'correct' to 'no not correct' are paradigmatic examples contradiction, rather than correction.").  Indeed, there is no plausible basis to change testimony at all given that Plaintiff's counsel did not object to the questions that prompted the testimony at issue—whether on vagueness grounds or on any other grounds—or seek to clarify the testimony during the deposition.  Plaintiff's Rule 30(e) changes are "not corrections at all, but rather purposeful rewrites tailored to manufacture an issue of material fact . . . and to avoid a summary judgment ruling in his favor." *Hambleton Bros.*, 397 F.3d at 1225.  The sham affidavit rule applies, and Plaintiff's errata sheet should be stricken.[5]  *See id.* at 1226 ("Rule 30(e) is to be used for corrective, and not contradictory, changes.").

   **b.    The errata sheet should be stricken because the changes are largely unsupported by "reasons."**

The errata sheet should also be stricken because the changes are largely unexplained.  "A statement of reasons explaining corrections is an important component of errata submitted pursuant to FRCP 30(e), because the statement permits an assessment concerning whether the alterations

---

[5] While the timeliness of the errata sheet's submission is not at issue, Monsanto notes that it granted Plaintiff a lengthy extension of time in which to submit corrections based on representations that he was in poor health.  Unfortunately, it now appears Plaintiff's counsel was engaging in gamesmanship—attempting to defeat a motion for summary judgment by deferring submission of the errata sheet until just after briefing had closed on the motion.

have a legitimate purpose." *Hambleton Bros.*, 397 F.3d at 1224–25.   Here, the Plaintiff's handwriting is unclear, making it difficult to ascertain the extent to which he attempts to provide reasons for his deposition changes.   In some instances, it seems that a reason is given—for example, "need to clarify response" and "did not understand question"—but by and large no reason is given. Such a vague and largely indecipherable explanation cannot possibly satisfy Rule 30(e).   *See Beeman v. TDI Managed Care Services, Inc.*, EDCV021327VAPKKX, 2016 WL 11637594, at *14 (C.D. Cal. Nov. 10, 2016) (requiring a "credible explanation for [Rule 30(e)] changes").

   Accordingly, the errata sheet should be stricken for failure "to comply with the procedural dictates of FRCP 30(e)."   *Hambleton Bros.*, 397 F.3d at 1225; *see also Tourgeman*, 2010 WL 4817990, at *3 (striking an errata sheet because "imposing no remedy at all for [defendant's] clearly improper use of an errata sheet would render null Rule 30(e)'s procedural and substantive requirements").

## <u>CONCLUSION</u>

   For the foregoing reasons, the Purported Objection and errata sheet should both be stricken from the record.   And, in any event, Plaintiff should not be permitted to create a question of material fact by changing his deposition testimony.

MOTION TO STRIKE
Case No. 3:18-CV-05778

1    DATED: January 23, 2020                    Respectfully submitted,

2                                               /s/ Brian L. Stekloff

3                                               Brian L. Stekloff (*pro hac vice*)
                                                (bstekloff@wilkinsonwalsh.com)
4                                               Rakesh Kilaru (*pro hac vice*)
                                                (rkilaru@wilkinsonwalsh.com)
5                                               WILKINSON WALSH + ESKOVITZ LLP
                                                2001 M St. NW, 10th Floor
6                                               Washington, DC 20036
                                                Tel: 202-847-4030
7                                               Fax: 202-847-4005

8                                               Pamela Yates (CA Bar No. 137440)
                                                (Pamela.Yates@arnoldporter.com)
9                                               ARNOLD & PORTER KAYE SCHOLER
                                                777 South Figueroa St., 44th Floor
10                                              Los Angeles, CA 90017
                                                Tel: 213-243-4178
11                                              Fax: 213-243-4199

12

13                                              Eric G. Lasker (*pro hac vice*)
                                                (elasker@hollingsworthllp.com)
14                                              HOLLINGSWORTH LLP
                                                1350 I St. NW
15                                              Washington, DC 20005
                                                Tel: 202-898-5843
16                                              Fax: 202-682-1639

17                                              Michael X. Imbroscio (*pro hac vice*)
                                                (mimbroscio@cov.com)
18                                              COVINGTON & BURLING LLP
                                                One City Center
19                                              850 10th St. NW
20                                              Washington, DC 20001
                                                Tel: 202-662-6000
21

22                                              Attorneys for Defendant
                                                MONSANTO COMPANY
23

24

25

26

27

28
                                    - 9 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I, Brian L. Stekloff, hereby certify that, on January 23, 2020, I electronically filed the foregoing with the Clerk for the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to counsel of record.


/s/ Brian L. Stekloff_____