**THE MILLER FIRM, LLC**
Michael J. Miller (pro hac vice)
Brian K. Brake (pro hac vice)
Tayjes Shah (pro hac vice)
108 Railroad Ave
Orange, VA 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
bbrake@millerfirmllc.com
tshah@millerfirmllc.com

**WILKINSON WALSH LLP**
Brian L. Stekloff (pro hac vice)
Rakesh Kilaru (pro hac vice)
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847 4030
Fax: (202) 842 4005
bstekloff@wilkinsonwalsh.com
rkilaru@wilkinsonwalsh.com

**AUDET & PARTNERS**
Mark Burton (CA Bar No. 178400)
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Tel: (415) 568-2555
Fax: (415) 568-2556
mburton@audetlaw.com

*Attorneys for Plaintiffs*

*Attorneys for Defendant*
*MONSANTO COMPANY*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Elaine Stevick and Christopher Stevick v. Monsanto Co.*, 3:16-cv-02341-VC | |

## JOINT PROPOSED JURY INSTRUCTIONS

Pursuant to paragraphs 7 through 13 of the Standing Order for Civil Trials Before Judge Chhabria, Plaintiffs, Elaine and Christopher Stevick, and Defendant Monsanto Company ("Monsanto") hereby submit these Joint Proposed Jury Instructions for the Pretrial Conference set for February 3, 2020.

The proposed instructions for Phase 1 of trial begin on page 3, and the proposed instructions for Phase 2 begin on page 25.

For the Court's reference, the disputed instructions are on pages 13-16, 18, 31, 40-41, 43, and 46-49.

Monsanto preserves its positions on and objections to jury instructions—including those concerning the consumer expectations theory of the design defect claim, failure to warn, and punitive damages—given in the *Hardeman* trial.

## I. **Phase 1 Proposed Instructions**

### STIPULATED INSTRUCTION NO. 1 RE DUTY OF THE JURY

As previously discussed, we are conducting this trial in phases. We have now reached the end of the first phase, which is about medical causation. Mrs. Stevick alleges that she developed non-Hodgkin's lymphoma from her his use of Roundup products manufactured by Monsanto.

Monsanto denies that Roundup can cause non-Hodgkin's lymphoma, and specifically denies that Mrs. Stevick's non-Hodgkin's lymphoma was caused by her use of Roundup. For this phase, you are being asked to reach a verdict on this question.

The lawyers will now have an opportunity to make closing arguments to you about this issue, and then you will begin your deliberations. And while you deliberate, they will be preparing for the next phase.

It is your duty to find the facts relating to medical causation. I will give you the law to apply to those facts. You must follow the law as I give it to you, whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, biases, stereotypes, or sympathies. That means that you must decide the medical causation question solely on the evidence before you. You will recall that you took an oath to do so.

You must follow all of these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Source: *Hardeman* Jury Instructions (modified to be specific to Mrs. Stevick)

**STIPULATED INSTRUCTION NO. 2 RE WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.  The sworn testimony of any witness;

2.  The exhibits that are admitted into evidence; and

3.  Any facts to which the lawyers have agreed.

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Source: *Hardeman* Jury Instructions

**STIPULATED INSTRUCTION NO. 3 RE WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements made by lawyers are not evidence. The lawyers are not witnesses. What they said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections made by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4.  Anything you may have seen or heard when the court was not in session is not evidence. You are to make your decision solely on the evidence received in court.

Source: *Hardeman* Jury Instructions

---

JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED INSTRUCTION NO. 4 RE**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Source: *Hardeman* Jury Instructions

JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED INSTRUCTION NO. 5 RE**
**CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Source: *Hardeman* Jury Instructions

7

**STIPULATED INSTRUCTION NO. 6 RE CREDIBILITY OF WITNESSES**

In reaching your decision, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see, hear, or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying (although keep in mind that different people react differently to testifying in court):

4. The witness's interest in the outcome of the case, if any;

5. The witness's bias or prejudice, if any;

6. Whether other evidence contradicted the witness's testimony;

7. The reasonableness of the witness's testimony in light of all the evidence; and

8. Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify to that fact. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source: *Hardeman* Jury Instructions

**STIPULATED INSTRUCTION NO. 7 RE EXPERT OPINION**

You have heard testimony from a number of expert witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of those witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Source: *Hardeman* Jury Instructions

JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED INSTRUCTION NO. 8 RE**
**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

The standard of proof in this case is called "a preponderance of the evidence." When a party has the burden of proving a claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

Mrs. Stevick has the burden of proving her claims by a preponderance of the evidence.

You should base your decision on all of the evidence presented during Phase 1, regardless of which party presented it.

Source: *Hardeman* Jury Instructions (modified to be specific to Mrs. Stevick)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STIPULATED INSTRUCTION NO. 9 RE CAUSATION**

To prevail on the question of medical causation, Mrs. Stevick must prove by a preponderance of the evidence that Roundup was a substantial factor in causing her non-Hodgkin's lymphoma.  A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.  Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

Source:  California Civil Jury Instruction (CACI) No. 430. Causation: Substantial Factor (2017) (modified)

**DISPUTED INSTRUCTION NO. 10 RE**
**REGULATORY AGENCIES AND IARC OFFERED BY MONSANTO**

You have heard evidence that various governmental regulatory agencies have evaluated and reached conclusions about the potential connection between glyphosate and NHL. These governmental agencies include the Environmental Protection Agency (EPA), the European Food Safety Authority (EFSA), the European Chemicals Agency (ECHA), and _____. You have also heard evidence about a non-governmental organization, the International Agency for Research of Cancer (IARC), that has reached conclusions about the issue. While the conclusions of these entities should not be a substitute for your own independent assessment of the evidence presented in this case, you may choose to give their conclusions the weight you think they deserve as to whether there is sufficient evidence that Roundup caused Mrs. Stevick's NHL.

Source: *Hardeman* Jury Instructions (modified)

Monsanto's position:

This slightly revised instruction from what was given in *Hardeman* allows the jury to consider for limited purposes the conclusions by regulators and IARC. Monsanto respectfully submits that the instruction given in *Hardeman* improperly suggests that the jury should ignore this evidence altogether.

Plaintiffs' position:

The Court should give the same instruction as in *Hardeman*.

**DISPUTED INSTRUCTION NO. 10 RE
REGULATORY AGENCIES AND IARC OFFERED BY PLAINTIFFS**

You have heard testimony that the Environmental Protection Agency (EPA), the International Agency for Research of Cancer (IARC), the European Food Safety Authority (EFSA), and the European Chemicals Agency (ECHA) have reached conclusions about glyphosate.  You should not defer to any such conclusions.  They are not a substitute for your own independent assessment of the evidence presented in this case.

Source:  *Hardeman* Jury Instructions

Plaintiffs' position:

The Court should give the same instruction as in *Hardeman*.

Monsanto's position:

The Court should give the slightly revised instruction offered by Monsanto because it allows the jury to consider for limited purposes the conclusions by regulators and IARC. Monsanto respectfully submits that the instruction given in *Hardeman* improperly suggests that the jury should ignore this evidence altogether.

**DISPUTED INSTRUCTION NO. 11 RE REQUESTS FOR ADMISSION**

Evidence was presented to you in the form of admissions to the truth of certain facts.

These answers and admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

Source:  Ninth Circuit Model Civil Jury Instructions, No. 2.12 (Use of Requests for Admission)

Plaintiffs' position:

Requests for admission will be admitted into evidence and therefore this instruction should be given.

Monsanto's position:

Monsanto is not aware of any request for admission that relates to the issue presented in Phase 1 of trial, and therefore does not believe this instruction is warranted during that phase.

**DISPUTED INSTRUCTION NO. 12 RE ANSWERS TO INTERROGATORIES**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Source:  Ninth Circuit Model Civil Jury Instructions, No. 2.11 (Use of Interrogatories)

<u>Plaintiffs' position:</u>

Answers to interrogatories will be admitted into evidence and therefore this instruction should be given.

<u>Monsanto's position:</u>

Monsanto is not aware of any interrogatory that relates to the issue presented in Phase 1 of trial, and therefore does not believe this instruction is warranted during that phase.

**STIPULATED INSTRUCTION NO. 13 RE**
**EVIDENCE FOR A LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.  When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

Source:  Ninth Circuit Model Civil Jury Instructions, No. 1.11 (Evidence for Limited Purpose)

17

**DISPUTED INSTRUCTION NO. 14 RE IMPEACHMENT EVIDENCE**

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Source:  Ninth Circuit Model Civil Jury Instructions, No. 2.9 (Impeachment Evidence—Witness)

<u>Plaintiffs' position:</u>

This instruction should be given because Monsanto's misdemeanor guilty plea in Hawaii will be admissible under Rule 609 of the Federal Rules of Evidence.

<u>Monsanto's position:</u>

This instruction should not be given because no criminal convictions—including the misdemeanor in Hawaii—should be admissible at trial.  Any such evidence would be irrelevant and unfairly prejudicial in either phase of trial.

**STIPULATED INSTRUCTION NO. 15 RE DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You must diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source:  *Hardeman* Jury Instructions

## STIPULATED INSTRUCTION NO. 16 RE
## CONSIDERATION OF THE EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, in any internet chat room, or on any blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other form of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything else about this case, you must respond that you have been ordered not to discuss the matter and then report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not investigate or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.

Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses and the lawyers – until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

JOINT PROPOSED JURY INSTRUCTIONS

These rules protect each party's right to have this case decided based only on the evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow them.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately

Source:  *Hardeman* Jury Instructions

**STIPULATED INSTRUCTION NO. 17**
**RE TRANSCRIPT OF TRIAL NOT AVAILABLE**

You will not have a transcript of the trial in the jury room. If, during your deliberations, you determine that you want to review the testimony of a witness again, you can request to have that witness's testimony, or a portion of that witness's testimony, read back to you in the courtroom, with all of us present. It is up to me whether to permit a readback, and I may require that more of the witness's testimony be read back into the record, rather than just the portion that you requested. The readback could contain errors. The readback will not reflect the witness's demeanor, tone of voice, or other aspects of the live testimony. The way you remember and understand the live testimony controls. Finally, in your exercise of judgment, the testimony read back cannot be considered in isolation, but must be considered in the context of all the evidence presented.

Source:  *Hardeman* Jury Instructions

JOINT PROPOSED JURY INSTRUCTIONS

## STIPULATED INSTRUCTION NO. 18 RE
## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed note. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me or the Courtroom Deputy – how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or been discharged.

Source:  *Hardeman* Jury Instructions

JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED INSTRUCTION NO. 19 RE RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.


Source:  *Hardeman* Jury Instructions

JOINT PROPOSED JURY INSTRUCTIONS

## II.   **Phase 2 Proposed Instructions**

### STIPULATED INSTRUCTION NO. 1 RE
### CLAIMS FOR PHASE 2 AND DUTY OF THE JURY

Now that you have heard all of the evidence for the second (and final) phase, it is my duty to instruct you on the law that applies to that phase. Each of you will receive a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

In the first phase of the trial, you determined that Roundup was a substantial factor in causing Mrs. Stevick's non-Hodgkin's lymphoma (NHL). You are now being asked to determine whether Monsanto is legally responsible for the harm caused to Mrs. Stevick by Roundup, and if so, what damages should be awarded. Specifically, Mrs. Stevick claims that: (1) Roundup's design was defective; (2) Roundup lacked sufficient warning of potential risks; and (3) Monsanto was negligent by not using reasonable care to warn about the risks posed by Roundup. Mrs. Stevick has the burden of proving these claims, which Monsanto denies.

It is your duty to find the facts from all the evidence in this case. You may consider the evidence from both phases in deciding the facts in Phase 2. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you, whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathies. You will recall that you took an oath to do so.

You must follow all of these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Source: *Hardeman* Jury Instructions (modified to be specific to Mrs. Stevick)

**STIPULATED INSTRUCTION NO. 2 RE WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.  The sworn testimony of any witness;

2.  The exhibits that are admitted into evidence; and

3.  Any facts to which the lawyers have agreed.

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Source: *Hardeman* Jury Instructions

JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED INSTRUCTION NO. 3 RE WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

5.   Arguments and statements made by lawyers are not evidence. The lawyers are not witnesses. What they said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

6.   Questions and objections made by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

7.   Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

8.   Anything you may have seen or heard when the court was not in session is not evidence. You are to make your decision solely on the evidence received in court.

Source: *Hardeman* Jury Instructions

1

2

**STIPULATED INSTRUCTION NO. 4 RE
EVIDENCE FOR A LIMITED PURPOSE**

3

4

5

Some evidence may be admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

6

7

Source: *Hardeman* Jury Instructions

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

## STIPULATED INSTRUCTION NO. 5 RE
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Source: *Hardeman* Jury Instructions

**STIPULATED INSTRUCTION NO. 6 RE REQUESTS FOR ADMISSION**

Evidence was presented to you in the form of admissions to the truth of certain facts.

These answers and admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

Source:  *Hardeman* Jury Instructions

## DISPUTED INSTRUCTION NO. 7 RE ANSWERS TO INTERROGATORIES

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Source:  Ninth Circuit Model Civil Jury Instructions, No. 2.11 (Use of Interrogatories)

Plaintiffs' position:

Answers to interrogatories will be admitted into evidence and therefore this instruction should be given.

Monsanto's position:

This instruction should be given only if answers to interrogatories are admitted into evidence.   No interrogatories were read during Phase 2 of *Hardeman*.

JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED INSTRUCTION NO. 8 RE**
**CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.


Source: *Hardeman* Jury Instructions

JOINT PROPOSED JURY INSTRUCTIONS

## STIPULATED INSTRUCTION NO. 9 RE CREDIBILITY OF WITNESSES

In reaching your decision, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see, hear, or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying (although keep in mind that different people react differently to testifying in court):

4. The witness's interest in the outcome of the case, if any;

5. The witness's bias or prejudice, if any;

6. Whether other evidence contradicted the witness's testimony;

7. The reasonableness of the witness's testimony in light of all the evidence; and

8. Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify to that fact. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source: *Hardeman* Jury Instructions

**STIPULATED INSTRUCTION NO. 10 RE EXPERT OPINION**

You have heard testimony from a number of expert witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of those witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Source: *Hardeman* Jury Instructions

JOINT PROPOSED JURY INSTRUCTIONS

## STIPULATED INSTRUCTION NO. 11 RE
## BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

With the exception of punitive damages, Mrs. Stevick's burden of proof for all her claims is called "a preponderance of the evidence." When a party has the burden of proving a claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. (Mrs. Stevick has a higher burden of proof for her punitive damages claim, which will be discussed later.)


Source: *Hardeman* Jury Instructions (modified to be specific to Mrs. Stevick)

**STIPULATED INSTRUCTION NO. 12 RE**
**STRICT LIABILITY – DESIGN DEFECT**

To establish her design defect claim, Mrs. Stevick must prove all of the following:

1. That Monsanto manufactured, distributed, or sold Roundup;

2. That Roundup, in the context of the facts and circumstances of this particular case, is a product about which an ordinary consumer can form reasonable minimum safety expectations;

3. That the Roundup used by Mrs. Stevick did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way; and

4. That Roundup's failure to perform safely was a substantial factor in causing Mrs. Stevick's harm.

Source: *Hardeman* Jury Instructions (modified to be specific to Mrs. Stevick)

**STIPULATED INSTRUCTION NO. 13 RE**
**STRICT LIABILITY – FAILURE TO WARN**

Mrs. Stevick also claims that Roundup lacked sufficient warnings of the risk of NHL. To establish this claim, Mrs. Stevick must prove all of the following:

1. That Monsanto manufactured, distributed, or sold Roundup;

2. That Roundup's NHL risk was known or knowable in light of the scientific and medical knowledge that was generally accepted in the scientific community at the time that Mrs. Stevick was using Roundup;

3. That the risk of NHL presented a substantial danger when Roundup was used or misused in an intended or reasonably foreseeable way;

4. That ordinary consumers would not have recognized the risk of NHL;

5. That Monsanto failed to adequately warn of the risk of NHL; and

6. That Monsanto's failure to warn about the risk of NHL was a substantial factor in causing Mrs. Stevick's harm.


Source: *Hardeman* Jury Instructions (modified to be specific to Mrs. Stevick)

JOINT PROPOSED JURY INSTRUCTIONS

## STIPULATED INSTRUCTION NO. 14 RE
## NEGLIGENCE – FAILURE TO WARN

Mrs. Stevick also claims that Monsanto was negligent by not using reasonable care to warn about Roundup's NHL risk. To establish this claim, Mrs. Stevick must prove all of the following:

1. That Monsanto manufactured, distributed, or sold Roundup;

2. That Monsanto knew or reasonably should have known that Roundup posed a risk of NHL when used or misused in a reasonably foreseeable manner;

3. That Monsanto knew or reasonably should have known that users would not realize the risk of NHL;

4. That Monsanto failed to adequately warn of the risk;

5. That a reasonable manufacturer, distributor, or seller under the same or similar circumstances would have warned of the risk; and

6. That Monsanto's failure to warn about the risk of NHL was a substantial factor in causing Mrs. Stevick's harm.

Source: *Hardeman* Jury Instructions (modified to be specific to Mrs. Stevick)

JOINT PROPOSED JURY INSTRUCTIONS

## DISPUTED INSTRUCTION NO. 15 RE
## REGULATORY AGENCIES AND IARC OFFERED BY MONSANTO

You have heard evidence that various governmental regulatory agencies around the world have evaluated and reached conclusions about the potential connection between glyphosate and NHL.  These governmental agencies include the Environmental Protection Agency (EPA), the European Food Safety Authority (EFSA), and the European Chemicals Agency (ECHA).  You have also heard about a non-governmental organization, the International Agency for Research of Cancer (IARC) that has also reached conclusions about the issue.  In this phase, as you evaluate the reasonableness of Monsanto's conduct in making Roundup available without a warning about the potential risk of NHL, you may consider the conclusions that these agencies have reached in considering whether Monsanto acted reasonably.

Source:  *Hardeman* Jury Instructions (modified)

Monsanto's position:

This slightly revised instruction from what was given in *Hardeman* further explains to the jury how its consideration of these agency conclusions is relevant to phase 2.  Monsanto respectfully submits that it is unnecessarily confusing to present these conclusions to the jury and yet not explain how the jury may use the conclusions in rendering its decision.

Plaintiffs' position:

The Court should give the same instruction as in *Hardeman*.

## DISPUTED INSTRUCTION NO. 15 RE
## REGULATORY AGENCIES AND IARC OFFERED BY PLAINTIFFS

In Phase 1, you were instructed not to substitute the judgment of the Environmental Protection Agency (EPA), various European regulatory bodies, _____, or the International Agency for Research of Cancer (IARC) for your own independent assessment of the evidence. That remains true in Phase 2. However, the conclusions of these entities are relevant to the issues you are considering in Phase 2.

Source: *Hardeman* Jury Instructions

Plaintiffs' position:

The Court should give the same instruction as in *Hardeman*.

Monsanto's position:

The Court should give the slightly revised instruction offered by Monsanto because it further explains to the jury how its consideration of these agency conclusions is relevant to phase 2.  Monsanto respectfully submits that it is unnecessarily confusing to present these conclusions to the jury and yet not explain how the jury may use the conclusions in rendering its decision.

**STIPULATED INSTRUCTION NO. 16 RE**
**EVIDENCE FOR A LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.  When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

Source:  Ninth Circuit Model Civil Jury Instructions, No. 1.11 (Evidence for Limited Purpose)

JOINT PROPOSED JURY INSTRUCTIONS

**DISPUTED INSTRUCTION NO. 17 RE IMPEACHMENT EVIDENCE**

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.


Source:  Ninth Circuit Model Civil Jury Instructions, No. 2.9 (Impeachment Evidence—Witness)


Plaintiffs' position:

This instruction should be given because Monsanto's misdemeanor guilty plea in Hawaii will be admissible under Rule 609 of the Federal Rules of Evidence.


Monsanto's position:

This instruction should not be given because no criminal convictions—including the misdemeanor in Hawaii—should be admissible at trial.  Any such evidence would be irrelevant and unfairly prejudicial in either phase of trial.

This instruction should not be given because no criminal convictions—including the misdemeanor in Hawaii—will be admissible at trial.  To the contrary, any such evidence would be irrelevant and unfairly prejudicial in either phase of trial.

**STIPULATED INSTRUCTION NO. 18 RE**
**COMPENSATORY DAMAGES**

If you decide that Monsanto is legally responsible for the harm Roundup caused Mrs. Stevick, you must decide how much money will reasonably compensate her for that harm. This compensation is called "compensatory damages."

Mrs. Stevick seeks damages from Monsanto under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories allowed.

The compensatory damages claimed by Mrs. Stevick for the harm caused by Monsanto fall into two categories called economic damages and noneconomic damages. If you find for Mrs. Stevick, the parties have stipulated that the amount of economic damages is $560,382.55, and you will be asked to determine what amount of non-economic damages should be awarded.

The amount of damages must include an award for each item of harm that was caused by Monsanto's wrongful conduct, even if the particular harm could not have been anticipated. Mrs. Stevick does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The following are the specific items of noneconomic damages claimed by Mrs. Stevick: physical pain; mental suffering; loss of enjoyment of life; physical impairment; inconvenience; grief; anxiety; humiliation; and emotional distress. No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress, Mrs. Stevick must prove that she is reasonably certain to suffer that harm. For future non-economic damages, determine the amount in current

dollars paid at the time of judgment that will compensate Mrs. Stevick for these future

noneconomic damages.


Source: *Hardeman* Jury Instructions (modified to be specific to Mrs. Stevick)

JOINT PROPOSED JURY INSTRUCTIONS

**DISPUTED INSTRUCTION NO. 19 RE
LOSS OF CONSORTIUM DAMAGES OFFERED BY MONSANTO**

Mr. Stevick claims that he has been harmed by the injury to his wife. If you decide that Mrs. Stevick has proved her claim against Monsanto, you also must decide how much money, if any, will reasonably compensate Mr. Stevick for loss of his wife's companionship and services, including:

1. The loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support; and

2. The loss of the enjoyment of sexual relations.

Mr. Stevick may recover for harm he proves he has suffered to date and for harm he is reasonably certain to suffer in the future.

For future harm, determine the amount in current dollars paid at the time of judgment that will compensate Mr. Stevick for that harm. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

No fixed standard exists for deciding the amount of these damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense. However, you must not speculate or guess in awarding damages.

Do not include in your award to Mr. Stevick any compensation for the following:

1. The loss of financial support from Mrs. Stevick;

2. Personal services, such as nursing, that Mr. Stevick has provided or will provide to Mrs. Stevick;

3. Any loss of earnings that Mr. Stevick has suffered by giving up employment to take care of Mrs. Stevick; or

4.   The cost of obtaining domestic household services to replace services that would have been performed by Mrs. Stevick.

Source: California Civil Jury Instruction (CACI) No. 3920 (Loss of Consortium Noneconomic Damage) (modified)

Monsanto's position:

The only revision Monsanto proposes to the model instruction is a sentence clarifying that jurors must not speculate or guess in awarding loss of consortium damages.  The omission of that sentence from this instruction, especially given that the sentence appears in the preceding instruction, may confuse the jury into thinking the bar on speculation or guesswork applies only to Mrs. Stevick's claims.

Plaintiffs' position:

Plaintiffs object to modifying the CACI instruction.

## DISPUTED INSTRUCTION NO. 19 RE
## LOSS OF CONSORTIUM DAMAGES OFFERED BY PLAINTIFFS

Mr. Stevick claims that he has been harmed by the injury to his wife. If you decide that Mrs. Stevick has proved her claim against Monsanto, you also must decide how much money, if any, will reasonably compensate Mr. Stevick for loss of his wife's companionship and services, including:

1. The loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support; and

2. The loss of the enjoyment of sexual relations.

Mr. Stevick may recover for harm he proves he has suffered to date and for harm he is reasonably certain to suffer in the future.

For future harm, determine the amount in current dollars paid at the time of judgment that will compensate Mr. Stevick for that harm. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

No fixed standard exists for deciding the amount of these damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

Do not include in your award to Mr. Stevick any compensation for the following:

1. The loss of financial support from Mrs. Stevick;

2. Personal services, such as nursing, that Mr. Stevick has provided or will provide to Mrs. Stevick;

3. Any loss of earnings that Mr. Stevick has suffered by giving up employment to take care of Mrs. Stevick; or

4.   The cost of obtaining domestic household services to replace services that would have been performed by Mrs. Stevick.

Source: California Civil Jury Instruction (CACI) No. 3920 (Loss of Consortium Noneconomic Damage)

Plaintiffs' position:

The Court should give this model instruction.

Plaintiffs' position:

Monsanto proposes adding a sentence clarifying that jurors must not speculate or guess in awarding loss of consortium damages.  The omission of that sentence from this instruction, especially given that the sentence appears in the preceding instruction, may confuse the jury into thinking the bar on speculation or guesswork applies only to Mrs. Stevick's claims.

**STIPULATED INSTRUCTION NO. 20 RE**
**CLEAR AND CONVINCING PROOF**

As noted earlier, Mrs. Stevick must prove punitive damages by clear and convincing evidence, which is a higher burden of proof than the preponderance of the evidence standard. Under the clear and convincing evidence standard, a party attempting to prove a fact must persuade you that it is highly probable that the fact is true.

Source: *Hardeman* Jury Instructions (modified to be specific to Mrs. Stevick)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STIPULATED INSTRUCTION NO. 21 RE**
**PUNITIVE DAMAGES**

If you decide that Monsanto is legally liable for the harm that Roundup caused Mrs. Stevick, you must decide whether Monsanto's conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Monsanto only if Mrs. Stevick proves that Monsanto engaged in that conduct with malice or oppression. To do this, Mrs. Stevick must prove one of the following by clear and convincing evidence:

1. That the conduct constituting malice or oppression was committed by one or more officers, directors, or managing agents of Monsanto, who acted on behalf of Monsanto; or

2. That the conduct constituting malice or oppression was authorized by one or more officers, directors, or managing agents of Monsanto; or

3. That one or more officers, directors, or managing agents of Monsanto knew of the conduct constituting malice or oppression and adopted or approved that conduct after it occurred.

"Malice" means that Monsanto acted with intent to cause injury or that Monsanto's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Monsanto's conduct was despicable and subjected Mrs. Stevick to cruel and unjust hardship in knowing disregard of her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a)  How reprehensible was Monsanto's conduct? In deciding how reprehensible Monsanto's conduct was, you may consider, among other factors:

    1.  Whether the conduct caused physical harm;

    2.  Whether Monsanto disregarded the health or safety of others;

    3.  Whether Mrs. Stevick was financially weak or vulnerable and Monsanto knew Mrs. Stevick was financially weak or vulnerable and took advantage of her;

    4.  Whether Monsanto's conduct involved a pattern or practice; and

    5.  Whether Monsanto acted with trickery or deceit.

(b)  Is there a reasonable relationship between the amount of punitive damages and Mrs. Stevick's harm or between the amount of punitive damages and potential harm to Mrs. Stevick that Monsanto knew was likely to occur because of its conduct?

(c)  In view of Monsanto's financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Monsanto has substantial financial resources.

When deciding whether to award punitive damages, you should only consider Monsanto's conduct through November 2014, which is when Mrs. Stevick stopped using Roundup. However, any evidence you may have heard regarding events that occurred after November 2014 can be considered in determining the amount of punitive damages.

Punitive damages are not intended to compensate Mrs. Stevick. If you awarded compensatory damages to Mrs. Stevick, your award will have fully compensated her for any loss, harm, or damage that he has incurred or may in the future incur as a result of Monsanto's conduct. Accordingly, you must not include in an award of punitive damages any amount intended as compensation for loss, harm, or damage that Mrs. Stevick has incurred or may incur. In addition, punitive damages may not be used to punish Monsanto for the impact of its alleged misconduct on persons other than Mrs. Stevick.

In determining the amount of punitive damages, if any, you should take into consideration any mitigating evidence. Mitigating evidence is evidence that may demonstrate that there is no need for punitive damages or that a reduced amount of punitive damages should be imposed against Monsanto.

Source: *Hardeman* Jury Instructions (modified to be specific to Mrs. Stevick)

**STIPULATED INSTRUCTION NO. 22 RE DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You must diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source: *Hardeman* Jury Instructions

JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED INSTRUCTION NO. 23 RE CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, in any internet chat room, or on any blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other form of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything else about this case, you must respond that you have been ordered not to discuss the matter and then report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not investigate or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.

Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses and the lawyers – until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided based only on the evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow them.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Source: *Hardeman* Jury Instructions

## STIPULATED INSTRUCTION NO. 24 RE
## TRANSCRIPT OF TRIAL NOT AVAILABLE

You will not have a transcript of the trial in the jury room. If, during your deliberations, you determine that you want to review the testimony of a witness again, you can request to have that witness's testimony, or a portion of that witness's testimony, read back to you in the courtroom, with all of us present. It is up to me whether to permit a readback, and I may require that more of the witness's testimony be read back into the record, rather than just the portion that you requested. The readback could contain errors. The readback will not reflect the witness's demeanor, tone of voice, or other aspects of the live testimony. The way you remember and understand the live testimony controls. Finally, in your exercise of judgment, the testimony read back cannot be considered in isolation, but must be considered in the context of all the evidence presented.

Source: *Hardeman* Jury Instructions

**STIPULATED INSTRUCTION NO. 25**
**RE COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed note. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me or the Courtroom Deputy – how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or been discharged.

Source:  *Hardeman* Jury Instructions

JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED INSTRUCTION NO. 26 RE**
**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

Source:  *Hardeman* Jury Instructions

Dated:  January 27, 2020        By:  /s/ Brian K. Brake

Brian K. Brake, Esq. (Pro Hac Vice)
The Miller Firm LLC
108 Railroad Avenue
Orange, VA 22960
Phone:  540-672-4224
Fax:  540-672-3055
bbrake@millerfirmllc.com
*Attorneys for Plaintiffs*

By:  /s/ Brian L. Stekloff

Brian L. Stekloff (pro hac vice)
Rakesh Kilaru (pro hac vice)
Wilkinson Walsh LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: (202) 847 4030
Fax: (202) 842 4005
bstekloff@wilkinsonwalsh.com
rkilaru@wilkinsonwalsh.com
*Co-Counsel for Defendant*
*Monsanto Company*

JOINT PROPOSED JURY INSTRUCTIONS