**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:  202-898-5800
Facsimile:  202-682-1639
Email:      jhollingsworth@hollingsworthllp.com
            elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Franklin Geter v. Monsanto Co.,*<br>Case No. 3:19-cv-08380-VC | |

**<u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Franklin Geter's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3

- 1 -

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in the first sentence of paragraph 4.

5.      The allegations in paragraph 5 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies that venue is proper in this Court.

6.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.      Monsanto admits the allegations in paragraph 7.

8.      The allegations in paragraph 8 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

9.      In response to the allegations in paragraph 9, Monsanto admits that it discovered the herbicidal properties of glyphosate; that it has manufactured Roundup®-branded herbicides; that certain Roundup®-branded herbicides contain POEA and adjuvants; and that the United States Environmental Protection Agency ("EPA") has classified surfactants and adjuvants as inert.  Monsanto further notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  Monsanto denies the remaining allegations in paragraph 9.

10.     Monsanto admits the allegations in paragraph 10.

11.     Monsanto denies the allegations in paragraph 11.

12.     In response to the allegations in the first sentence of paragraph 12, Monsanto admits that it discovered the herbicidal properties of glyphosate; that it has manufactured Roundup®-branded herbicides; that certain Roundup®-branded herbicides contain POEA and adjuvants; and that EPA has classified surfactants and adjuvants as inert.  Monsanto further notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  Monsanto denies the remaining allegations in

the first sentence of paragraph 12. In response to the final sentence of paragraph 12, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in the final sentence of paragraph 12 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies those allegations.

13.     Monsanto admits the allegations in paragraph 13.

14.     Monsanto admits the allegations in the first sentence of paragraph 14. Monsanto denies the allegations in the second sentence of paragraph 14 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.

15.     In response to the allegations in paragraph 15, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s. Monsanto denies the remaining allegations in paragraph 15.

16.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products. The remaining allegations in paragraph 16 set forth conclusions of law for which no response is required.

17.     Monsanto admits that it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA. Monsanto otherwise denies the remaining allegations in paragraph 17.

18.     In response to the allegations in paragraph 18, Monsanto admits that certain Roundup®-branded herbicides contain POEA and adjuvants, that EPA has classified surfactants and adjuvants as inert, and that the specific surfactants and adjuvants used in Roundup®-branded herbicides – like those in other manufacturers' herbicide products – are protected by EPA as "trade secrets." Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health. Monsanto denies the remaining allegations in paragraph 18.

19.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 19 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 19.

20.     Monsanto admits the allegations in paragraph 20.

21.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 21.

22.     The allegations in paragraph 22 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 22.

23.     In response to the allegations in paragraph 23, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 23 set forth conclusions of law for which no response is required.

24.     The allegations in paragraph 24 set forth conclusions of law for which no response is required.

25.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of New York for sale and distribution.

26.     In response to the allegations in paragraph 26, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve

- 4 -

the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 26 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 26 set forth conclusions of law for which no answer is required.

27.     Monsanto denies the allegations in paragraph 27 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 27 set forth conclusions of law for which no response is required.

28.     In response to the allegations in paragraph 28, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-08380-VC

1  be carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and

2  the EPA CARC Final Report discussed above, other specific findings of safety include:

3    • "In June 1991, EPA classified glyphosate as a Group E [carcinogen] – one that
4      shows evidence of non-carcinogenicity for humans – based on the lack of
       convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate:*
5      *Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
       http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

6    • "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed.
7      Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

8    • "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance,
       69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt.
9      180).

10   • "There is [an] extensive database available on glyphosate, which indicate[s] that
       glyphosate is not mutagenic, not a carcinogen, and not a developmental or
11     reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
       73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

12   • "EPA has concluded that glyphosate does not pose a cancer risk to humans."  78
13     Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

14   • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the
       possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded
15     that this body of research does not provide evidence to show that [g]lyphosate
       causes cancer and does not warrant any change in the EPA's cancer
16     classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal*
       *Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on*
17     *Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William
       Jordan, Deputy Director of EPA's Office of Pesticide Programs),
18     http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-
       0e55900753b4, at time stamp 55:05-56:20.

19  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

20  remaining allegations in paragraph 28 and therefore denies those allegations.

21        29.      In response to the allegations in paragraph 29, Monsanto admits that the New

22  York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

23  advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without

24  any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York

25  Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To

26  _____
    [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic*
27  *Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/
    document?D=EPA-HQ-OPP-2016-0385-0528.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-08380-VC

the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 29 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

30.    In response to the allegations in paragraph 30, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 30 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

31.    Monsanto denies the allegations in paragraph 31.

32.    In response to the allegations in paragraph 32, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 32 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 32.

33.    In response to the allegations in paragraph 33, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 33, which are not limited as of any specified date, and accordingly denies the same.

34.    In response to the allegations in paragraph 34, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations. Monsanto denies the remaining allegations in paragraph 34.

35.    Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-08380-VC

36.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies those allegations.

37.     Monsanto denies the allegations in paragraph 37 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

38.     In response to the allegations in paragraph 38, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015, and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one-week period in March 2015 to consider glyphosate along with a number of other substances.  Monsanto denies the allegation that all members of the working groups are "experts."  Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-08380-VC

1   information or knowledge sufficient to form a belief as to the accuracy of the source of said

2   information and accordingly denies the allegations.

3       40.     The allegations in paragraph 40 are vague and conclusory.  To the extent they

4   purport to characterize statements made in the IARC monograph for glyphosate, the statements

5   in that document speak for themselves, but Monsanto lacks information or knowledge

6   sufficient to form a belief as to the accuracy of the source of said information and accordingly

7   denies the allegations.

8       41.     In response to the allegations in paragraph 41, to the extent the allegations

9   purport to characterize statements made in the IARC monograph for glyphosate, the statements

10  in that document speak for themselves, but to the extent that this paragraph means that more

11  than *de minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph

12  41.

13      42.     In response to the allegations in paragraph 42, Monsanto admits that the IARC

14  working group identified a number of case control studies of populations with exposures to

15  glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

16  health concern from such exposures.

17      43.     Monsanto denies the allegations in paragraph 43.  The IARC working group

18  concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

19  which, per IARC's guidelines, means that the working group could not rule out chance, bias or

20  confounding so as to reach any conclusion of an increased risk.

21      44.     In response to the allegations in paragraph 44, Monsanto admits that the

22  working group cited to a study that it concluded provided evidence of chromosomal damage in

23  community residents reported to be exposed to glyphosate, but Monsanto denies that the study

24  supports such a conclusion or that the authors of the study reached such a conclusion.

25      45.     In response to the allegations in paragraph 45, Monsanto admits that the IARC

26  working group purported to make these findings, but denies that the animal carcinogenicity

27  studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-08380-VC

1  any of the identified tumors.  Monsanto further states that regulatory agencies around the world

2  have reviewed the same animal studies and concluded that they do not provide evidence that

3  glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 45.

4      46.    In response to the allegations in paragraph 46, Monsanto admits that the IARC

5  working group purported to make these findings, but denies that the cited studies provide any

6  reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or

7  persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 46.

8      47.    In response to the allegations in paragraph 47, Monsanto admits that the IARC

9  working group interpreted a selected number of experimental studies as evidence that

10  glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably

11  considered the full body of scientific data on such alleged genotoxic endpoints and denies that

12  the working group reliably interpreted the studies that it selected for consideration.  Regulators

13  around the world repeatedly have concluded that glyphosate is not genotoxic.  Monsanto

14  denies the remaining allegations in paragraph 47.

15      48.    In response to the allegations in paragraph 48, Monsanto admits that the IARC

16  working group purported to find such effects, but denies that there is any reliable scientific

17  basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 48.

18      49.    In response to the allegations in paragraph 49, Monsanto admits that the

19  working group reviewed the findings of an Agricultural Health Study ("AHS") published in

20  2005, but denies that the working group characterized that study as supporting an association

21  between glyphosate and the specified cancers.  The AHS cohort study did not find a positive

22  association between glyphosate and any type of cancer.  Monsanto denies all other allegations

23  in paragraph 49.

24      50.    In response to the allegations in paragraph 50, Monsanto admits that EPA has a

25  technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water

26  regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, which

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-08380-VC

should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

51.     In response to the allegations in paragraph 51, Monsanto admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate.  Monsanto notes that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

52.     Monsanto states that the term "toxic" as used in paragraph 52 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto admits that Julie Marc published the cited study in 2002 and states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 53.

54.     In response to the allegations in the first sentence of paragraph 54 Monsanto admits that Julie Marc published a study titled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that the first sentence of paragraph 54 characterizes the meaning of the cited study, Monsanto denies the allegations in the first sentence of paragraph 54.  In response to the remaining allegations in paragraph 54, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the remaining allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto states that the terms "at all times" and "these studies" are vague and ambiguous, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 57.

58.     Monsanto denies the allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 59 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 59.

60.     In response to the allegations in paragraph 60, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 60 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 61 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 61.

62.     In response to the allegations in paragraph 62, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To

the extent that paragraph 62 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 62.

63.     In response to the allegations in paragraph 63, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 63 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 64 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 65 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 65.

66.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies those allegations.

67.     Monsanto denies that any exposure to Roundup®-branded products can cause leukemia and other serious illnesses and therefore denies those allegations in paragraph 67. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 67 and therefore denies those allegations.

68.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies those allegations.

69.     In response to the allegations in paragraph 69, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded

- 13 -

products and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human health.  The final sentence of paragraph 69 sets forth a conclusion of law for which no response is required.

70.     In response to the allegations in paragraph 70, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health.  The remaining allegations in paragraph 70 set forth conclusions of law for which no response is required.

71.     In response to the allegations in paragraph 71, Monsanto denies that there is any risk of leukemia or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 71 and therefore denies those allegations.

72.     The allegations in paragraph 72 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 72.

73.     Monsanto denies the allegations in paragraph 73.

74.     Monsanto denies the allegations in paragraph 74.

75.     The allegations in paragraph 75 set forth conclusions of law for which no response is required.

76.     Monsanto denies the allegations in paragraph 76.

77.     The allegations in paragraph 77 set forth conclusions of law for which no response is required.  To the extent that a response is required, Monsanto denies the allegations in paragraph 77.

78.     Monsanto incorporates by reference its responses to paragraphs 1 through 77 in response to paragraph 78 of plaintiff's Complaint.

79.     In response to the allegations in paragraph 79, Monsanto admits that plaintiff purports to bring claims for strict liability design defect but denies any liability as to that claim.

80.     Monsanto denies the allegations in paragraph 80.

81.     In response to the allegations in paragraph 81, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore denies those allegations.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86 and each of its subparts.

87.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 87, including that Roundup®-branded products have "dangerous characteristics."

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto incorporates by reference its responses to paragraphs 1 through 94 in response to paragraph 95 of plaintiff's Complaint.

96.     In response to the allegations in paragraph 96, Monsanto admits that plaintiff purports to bring claims for strict liability failure to warn, but denies any liability as to that claim.

97.     Monsanto denies the allegations in paragraph 97.

- 15 -

98.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 98 that plaintiff, or other persons or entities purchased Roundup®-branded products and therefore denies those allegations.  The allegations in paragraph 98 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 98.

99.     The allegations in paragraph 99 set forth conclusions of law for which no response is required.

100.    Monsanto denies the allegations in paragraph 100.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto denies the allegations in paragraph 102.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 104 and therefore denies those allegations.

105.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 105 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 105, including that Roundup®-branded products have "dangerous characteristics."

106.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 106 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 106.

107.     The allegations in paragraph 107 set forth conclusions of law for which no response is required.

108.    Monsanto denies the allegations in paragraph 108.

109.    Monsanto denies the allegations in paragraph 109.

1    110.    Monsanto denies the allegations in paragraph 110.

2    111.    Monsanto denies the allegations in paragraph 111.

3    112.    Monsanto denies the allegations in paragraph 112.

4    113.    Monsanto denies the allegations in paragraph 113.

5    114.    Monsanto denies the allegations in paragraph 114.

6    115.    Monsanto denies the allegations in paragraph 115.

7    116.    Monsanto incorporates by reference its responses to paragraphs 1 through 115

8    in response to paragraph 116 of plaintiff's Complaint.

9    117.    In response to the allegations in paragraph 117, Monsanto states that the phrase

10   "directly or indirectly" is vague and ambiguous and that Monsanto lacks information or

11   knowledge sufficient to form a belief as to the truth of those allegations and therefore

12   Monsanto denies those allegations in paragraph 117.

13   118.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in paragraph 118 regarding the specific products allegedly purchased or

15   used by plaintiff and therefore denies the allegations in paragraph 118.

16   119.    The allegations in paragraph 119 set forth conclusions of law for which no

17   response is required.

18   120.    The allegations in paragraph 120 set forth conclusions of law for which no

19   response is required.

20   121.    Monsanto denies the allegations in paragraph 121.

21   122.    Monsanto denies the allegations in paragraph 122.

22   123.    Monsanto denies the allegations in paragraph 123.

23   124.    Monsanto denies the allegations in paragraph 124.

24   125.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25   truth of the allegations in paragraph 125 regarding users' and consumers' knowledge and

26   therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph

27

28

125.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto denies the allegations in paragraph 127.

128.    Monsanto denies the allegations in paragraph 128.

129.    Monsanto denies the allegations in paragraph 129, including each of its subparts.

130.    Monsanto denies the allegations in paragraph 130.

131.    Monsanto denies the allegations in paragraph 131.

132.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 132 regarding plaintiff's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 132, including that intended use of and/or exposure to Roundup®-branded products causes any injuries.

133.    Monsanto denies the allegations in paragraph 133.

134.    Monsanto denies the allegations in paragraph 134.

135.    Monsanto denies the allegations in paragraph 135.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

136.    Monsanto incorporates by reference its responses to paragraphs 1 through 135 in response to paragraph 136 of plaintiff's Complaint.

137.    Monsanto denies the allegations in paragraph 137.

138.    The allegations in paragraph 138 and each of its subparts set forth conclusions of law for which no response is required.

139.    In response to the allegations in paragraph 139, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that paragraph 139 sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 139.

1       140.     Monsanto denies the allegations in the first and second sentences of paragraph

2  140.  All labeling of Roundup®-branded products has been and remains EPA-approved and in

3  compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

4  of paragraph 140 sets forth conclusions of law for which no response is required.

5       141.     The allegations in paragraph 141 set forth conclusions of law for which no

6  response is required.

7       142.     Monsanto denies the allegations in paragraph 142.

8       143.     Monsanto denies the allegations in paragraph 143 and each of its subparts.

9       144.     Monsanto states that the allegation in paragraph 144 that Monsanto made an

10  express warranty sets forth a legal conclusion for which no response is required.  Monsanto

11  lacks information or knowledge sufficient to form a belief as to the truth of the remaining

12  allegations in paragraph 144 and therefore denies those allegations.

13       145.     Monsanto denies the allegations in paragraph 145.

14       146.     Monsanto lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations in paragraph 146 regarding plaintiff's knowledge and therefore denies

16  those allegations.  Monsanto denies the remaining allegations in paragraph 146.

17       147.     Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 147 and therefore denies those allegations.

19       148.     Monsanto denies the allegation in paragraph 148.

20       149.     Monsanto denies the allegations in paragraph 149.

21       150.     Monsanto incorporates by reference its responses to paragraphs 1 through 149

22  in response to paragraph 150 of plaintiff's Complaint.

23       151.     Monsanto denies the allegations in paragraph 151.

24       152.     Monsanto denies the allegations in paragraph 152.

25       153.     Monsanto lacks information or knowledge sufficient to form a belief as to the

26  truth of the allegations in paragraph 153 concerning plaintiff's claimed use of and exposure to

27

28

Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 153 set forth conclusions of law for which no response is required.

154.    Monsanto denies the allegations in paragraph 154.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

155.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 155 concerning plaintiff's claimed purchase of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 155 set forth a conclusion of law for which no response is required.

156.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 156 regarding plaintiff's reliance and therefore denies those allegations.  The remaining allegations in paragraph 156 set forth conclusions of law for which no response is required.

157.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 157 and therefore denies those allegations.

158.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 158 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 158 set forth conclusions of law for which no response is required.

159.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 159 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 159 regarding Monsanto's implied warranties sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 159.

160.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 160 concerning plaintiff's reliance or plaintiff's claimed

- 20 -

use of any Roundup®-branded product and therefore denies those allegations.  The remaining allegations in paragraph 160 set forth conclusions of law for which no response is required.

161.    Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 161 concerning plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 161.

162.    Monsanto denies the allegations in paragraph 162.

163.    Monsanto denies the allegations in paragraph 163.

164.    Monsanto denies the allegations in paragraph 164.

165.    Monsanto incorporates by reference its responses to paragraphs 1 through 164 in response to paragraph 165 of plaintiff's Complaint.

166.     Monsanto lacks information or knowledge sufficient to form a belief regarding plaintiff's claimed selection or use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 166 set forth conclusions of law for which no response is required.

167.    The allegations in the first sentence of paragraph 167 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 167, including that Roundup®-branded products are "dangerous products."

168.    Monsanto denies the allegations in paragraph 168.

169.    Monsanto denies the allegations in paragraph 169.

170.    Monsanto denies the allegations in paragraph 170.

171.    Monsanto denies the allegations in paragraph 171.

172.    Monsanto denies the allegations in paragraph 172.

173.    Monsanto denies the allegations in paragraph 173.

174.    Monsanto denies the allegations in the first sentence of paragraph 174. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 174 and therefore denies those allegations.

175.    Monsanto incorporates by reference its responses to paragraphs 1 through 174 in response to paragraph 175 of plaintiff's Complaint.

176.    The allegations in paragraph 176 set forth conclusions of law for which no response is required.  Monsanto denies that plaintiff is entitled to any of the relief sought in the Complaint.

177.    Monsanto denies the allegations in paragraph 177.

178.    Monsanto denies the allegations in paragraph 178.

179.    Monsanto denies the allegations in paragraph 179.

180.    Monsanto denies the allegations in paragraph 180.

181.    Monsanto denies the allegations in paragraph 181 and each of its subparts.

182.    Monsanto states that paragraph 182 sets forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 182.

183.    Monsanto denies the allegations in paragraph 183.

184.    Monsanto denies the allegations in paragraph 184.

185.    Monsanto denies the allegations in paragraph 185.

186.    Monsanto denies the allegations in paragraph 186.

187.    Monsanto denies the allegations in paragraph 187.

188.    Monsanto denies the allegations in paragraph 188.

189.    Monsanto denies the allegations in paragraph 189.

190.    Monsanto denies the allegations in paragraph 190.

191.    Monsanto denies the allegations in the first sentence of paragraph 191. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 191 and therefore denies those allegations.

1    In response to the allegations in the section entitled "PRAYER FOR RELIEF,"

2  Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment

3  for any damages, interest, costs, or any other relief whatsoever.

4    Every allegation in the Complaint that is not specifically and expressly admitted in this

5  Answer is hereby specifically and expressly denied.

6              **<u>SEPARATE AND AFFIRMATIVE DEFENSES</u>**

7    1.    The Complaint, in whole or part, fails to state a claim or cause of action upon

8  which relief can be granted.

9    2.    Plaintiff's claims are barred for lack of personal jurisdiction.

10    3.    Venue is improper.  In the alternative, venue may be inconvenient.

11    4.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

12  reliable evidence that the products at issue were defective or unreasonably dangerous.

13    5.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

14  was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

15  plaintiff's alleged injuries.

16    6.    Plaintiff's claims are barred, in whole or in part, because the products at issue

17  were designed, manufactured, marketed and labeled with proper warnings, information,

18  cautions and instructions, in accordance with the state of the art and the state of scientific and

19  technological knowledge.

20    7.    Plaintiff's claims are barred, in whole or in part, because the products at issue

21  were not defective or unreasonably dangerous in that they complied with, at all relevant times,

22  all applicable government safety standards.

23    8.    Plaintiff's claims are preempted, in whole or in part, by applicable federal law

24  relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

25  processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

26    9.    Any claims based on allegations that Monsanto misled, defrauded, made

27  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

28

- 23 -

**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**
3:16-md-02741-VC & 3:19-cv-08380-VC

*See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

10.     Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

14.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

15.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

16.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-08380-VC

17.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

18.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

19.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Florida Constitution, the New York Constitution, and/or other applicable state constitutions.

21.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Florida law, New York law, and/or other applicable state laws.

22.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Fla. Stat. § 768.73.  Monsanto would further show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under Fla. Stat. § 768.73 would be a violation of Monsanto's state and federal constitutional rights.

23.     Plaintiff's claims are barred in whole or in part by plaintiff's contributory/comparative negligence.

24.     Plaintiff's claims are barred in whole or in part by plaintiff's failure to mitigate damages.

25.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

26.     To the extent that plaintiff recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be

reduced to the extent allowed by applicable law, including as allowed for under NY CPLR § 4545 and Fla. Stat. § 768.76.

27.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

28.     Plaintiff has failed to allege fraud with sufficient particularity.

29.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

30.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

31.     Plaintiff's claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

32.     In accordance with Fla. Stat. § 768.1257, plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

33.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

1   DATED:  January 27, 2020                    Respectfully submitted,

2
                                               /s/ Joe G. Hollingsworth
3                                              Joe G. Hollingsworth (*pro hac vice*)
                                               (jhollingsworth@hollingsworthllp.com)
4                                              Eric G. Lasker (*pro hac vice*)
                                               (elasker@hollingsworthllp.com)
5                                              HOLLINGSWORTH LLP
                                               1350 I Street, N.W.
6                                              Washington, DC  20005
                                               Telephone:   (202) 898-5800
7                                              Facsimile:    (202) 682-1639

8                                              *Attorneys for Defendant*
                                               MONSANTO COMPANY
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-08380-VC