**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   202-898-5800
Facsimile:    202-682-1639
Email:         jhollingsworth@hollingsworthllp.com
                   elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |

This document relates to:

*Paul Humphrey and Mary Humphrey v. Monsanto Co.*,
Case No. 3:20-cv-00019 VC

### **MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Paul Humphrey and Mary Humphrey's Complaint ("Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.    Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 that plaintiffs purchased Roundup®-branded products in Delaware and therefore denies those allegations. The remaining allegations in paragraph 2 set forth conclusions of law for which no response is required.

3. The allegations in paragraph 3 set forth conclusions of law for which no response is required.

4. The allegations in paragraph 4 set forth conclusions of law for which no response is required.

5. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 5 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 5.

6. Monsanto denies the allegations in the Complaint's paragraph 6.

7. The allegations in paragraph 7 comprise attorney characterizations and are accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

8. Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world. Monsanto states that the remaining allegations in paragraph 8 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

9. Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate. The remaining allegations in paragraph 9 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore denies those allegations.

10. Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 10 comprise attorney characterizations and are accordingly denied.

1   11.   Monsanto admits the allegations in paragraph 11.

2   12.   Monsanto generally admits the allegations in paragraph 12, but denies the allegations in paragraph 12 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

6   13.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

8   14.   Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 14.

13   15.   In response to the allegations in the first sentence of paragraph 15, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides. Monsanto admits the allegations in the second sentence of paragraph 15. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies those allegations.

19   16.   Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years. Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 16.

22   17.   The allegations in paragraph 17 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 17.

25   18.   In response to the allegations in paragraph 18, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

1  Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 18 set forth
2  conclusions of law for which no response is required.
3     19.   The allegations in paragraph 19 set forth conclusions of law for which no
4  response is required.
5     20.   Monsanto admits that Roundup®-branded products are registered by EPA for
6  manufacture, sale and distribution and are registered by the State of Massachusetts for sale and
7  distribution.
8     21.   In response to the allegations in paragraph 21, Monsanto admits that EPA requires
9  registrants of herbicides to submit extensive data in support of the human health and
10 environmental safety of their products and further admits that EPA will not register or approve
11 the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto
12 states that the term "the product tests" in the final sentence of paragraph 21 is vague and
13 ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 21
14 set forth conclusions of law for which no answer is required.
15    22.   Monsanto denies the allegations in paragraph 22 to the extent that they suggest
16 that EPA only evaluates the safety of pesticide products on the date of their initial registration.
17 Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide
18 products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth
19 of the allegations in paragraph 22 regarding such pesticide products generally and therefore
20 denies those allegations.  The remaining allegations in paragraph 22 set forth conclusions of law
21 for which no response is required.
22    23.   In response to the allegations in paragraph 23, Monsanto admits that the New
23 York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading
24 advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any
25 admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney
26 General's allegations related in any way to a purported or alleged risk of cancer.  To the extent
27 the subparts purport to quote a document, the document speaks for itself and thus does not
28

require any further answer. The remaining allegations in paragraph 23 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

24. In response to the allegations in paragraph 24, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 24 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

25. Monsanto denies the allegations in paragraph 25.

26. In response to the allegations in paragraph 26, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 26 to the extent that they suggest that this ruling was in any way related to plaintiffs' claims here that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 26.

27. Monsanto denies the allegations in paragraph 27.

28. In response to the allegations in paragraph 28, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 28 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies those allegations. Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

- 5 -
MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00019-VC

"Not Likely to be Carcinogenic to Humans."[2] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3] In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

29.  Monsanto admits the allegations in paragraph 29.

---

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

- 6 -
MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00019-VC

1  30. In response to the allegations in paragraph 30, Monsanto states that the cited the document speaks for itself and does not require a response. To the extent that the allegations in paragraph 30 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore denies those allegations.

31. Monsanto states that the term "toxic" as used in paragraph 31 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph 31.

32. Monsanto admits the allegations in the first sentence of paragraph 32. In response to the allegations in the second sentence of paragraph 32, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, Monsanto denies the remaining allegations in paragraph 32.

33. In response to the allegations in the first sentence of paragraph 33, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004. To the extent that paragraph 33 characterizes the meaning of the cited study, Monsanto denies the allegations in paragraph 33.

34. In response to the allegations in paragraph 34, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 34.

35. In response to the allegations in paragraph 35, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 35 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 35.

36. Monsanto denies the allegations in paragraph 36.

37. In response to the allegations in paragraph 37, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 37 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 37.

38. In response to the allegations in paragraph 38, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 38 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 38.

39. Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 39.

40. Monsanto denies the allegations in paragraph 40.

41. Monsanto denies the allegations in paragraph 41.

42. Monsanto denies the allegations in paragraph 42.

43. Monsanto denies the allegations in paragraph 43.

44. Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 44.

45. Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies those allegations.

46. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

47. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

48. Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen. Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative." The remaining allegations in paragraph 48 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

49. Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen. In response to the remaining allegations in paragraph 49, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the remaining allegations in paragraph 49 comprise attorney characterizations and are accordingly denied.

50. In response to the allegations in paragraph 50, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 50 comprise attorney characterizations and are accordingly denied.

51. In response to the allegations in paragraph 51, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 51 comprise attorney characterizations and are accordingly denied.

52. Monsanto denies the allegations in paragraph 52.

53. The allegations in paragraph 53 comprise attorney characterizations and are accordingly denied.

54. Monsanto admits the allegations in paragraph 54.

55. In response to the allegations in paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56. In response to the allegations in paragraph 56, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions. Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions. Monsanto denies the remaining allegations in paragraph 56.

1   57. The allegations in paragraph 57 are vague and ambiguous and are accordingly
2   denied.
3   58. In response to the allegations in paragraph 58, Monsanto states that the cited
4   document speaks for itself and does not require a response.
5   59. In response to the allegations in paragraph 59, Monsanto states that the cited
6   document speaks for itself and does not require a response.  To the extent that paragraph 59
7   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in
8   paragraph 59.
9   60. Monsanto denies the allegations in paragraph 60.
10  61. In response to the allegations in paragraph 61, Monsanto states that the cited
11  document speaks for itself and does not require a response.  Monsanto otherwise denies the
12  allegations in paragraph 61.
13  62. Monsanto admits that there is no reliable evidence that Roundup®-branded
14  products are genotoxic.  Monsanto otherwise denies the allegations in paragraph 62.
15  63. Monsanto denies the allegations in paragraph 63.
16  64. Monsanto denies the allegations in paragraph 64.
17  65. Monsanto denies the allegations in paragraph 65.
18  66. Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice
19  exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 66.
20  67. Monsanto denies the allegations in paragraph 67.
21  68. Monsanto denies the allegations in paragraph 68.
22  69. Monsanto admits the allegations in paragraph 69.
23  70. Monsanto denies the allegations in paragraph 70.
24  71. Monsanto admits the allegations in paragraph 71.
25  72. Monsanto denies the allegations in paragraph 72.
26  73. Monsanto denies the allegations in paragraph 73.
27  74. Monsanto denies the allegations in paragraph 74.
28  75. Monsanto denies the allegations in paragraph 75.

76. Monsanto denies the allegations in paragraph 76.

77. Monsanto denies the allegations in paragraph 77.

78. Monsanto denies the allegations in paragraph 78.

79. Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact. Monsanto denies the remaining allegations in paragraph 79.

80. In response to the allegations in paragraph 80, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.

81. In response to the allegations in paragraph 81, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

82. In response to the allegations in paragraph 82, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen. Monsanto denies the remaining allegations in paragraph 82.

83. Monsanto denies the allegations in paragraph 83.

84. Monsanto denies the allegations in paragraph 84.

85. Monsanto denies the allegations in paragraph 85.

86. Monsanto denies the allegations in paragraph 86.

87. Monsanto denies the allegations in paragraph 87.

88. Monsanto denies the allegations in paragraph 88.

89. Monsanto denies the allegations in paragraph 89.

90. Monsanto denies the allegations in paragraph 90.

91. Monsanto denies the allegations in paragraph 91.

1  92. Monsanto denies the allegations in paragraph 92.

2  93. Monsanto denies the allegations in paragraph 93.

3  94. Monsanto lacks information or knowledge sufficient to form a belief as to the
4 truth of the allegations in paragraph 94 and therefore denies those allegations.

5  95. Monsanto lacks information or knowledge sufficient to form a belief as to the
6 truth of the allegations in paragraph 95 and therefore denies those allegations.

7  96. Monsanto lacks information or knowledge sufficient to form a belief as to the
8 truth of the allegations in paragraph 96 and therefore denies those allegations.

9  97. Monsanto lacks information or knowledge sufficient to form a belief as to the
10 truth of the allegations in paragraph 97 and therefore denies those allegations.

11  98. Monsanto lacks information or knowledge sufficient to form a belief as to the
12 truth of the allegations in the first sentence of paragraph 98 and therefore denies those
13 allegations.  Monsanto denies the remaining allegations in paragraph 98.

14  99. Monsanto denies the allegations in paragraph 99.

15  100. Monsanto denies that any exposure to Roundup®-branded products can cause
16 NHL and other serious illnesses and therefore denies those allegations in paragraph 100.
17 Monsanto states, however, that the scientific studies upon which IARC purported to base its
18 evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks
19 information or knowledge sufficient to form a belief as to the truth of the remaining allegations
20 in paragraph 100 and therefore denies those allegations.

21  101. Monsanto denies that any exposure to Roundup®-branded products can cause
22 NHL and other serious illnesses and therefore denies those allegations in paragraph 101.
23 Monsanto states, however, that the scientific studies upon which IARC purported to base its
24 evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks
25 information or knowledge sufficient to form a belief as to the truth of the remaining allegations
26 in paragraph 101 and therefore denies those allegations.

27  102. Monsanto lacks information or knowledge sufficient to form a belief as to the
28 truth of the remaining allegations in paragraph 102 and therefore denies those allegations.

1     103.    Monsanto incorporates by reference its responses to paragraphs 1 through 102 in response to paragraph 103 of plaintiffs' Complaint.

3     104.    The allegations in paragraph 104 set forth conclusions of law for which no response is required.

5     105.    Monsanto denies the allegations in paragraph 105.

6     106.    Monsanto denies the allegations in paragraph 106, including each of its subparts.

7     107.    Monsanto denies the allegations in paragraph 107.

8     108.    Monsanto denies the allegations in paragraph 108.

9     109.    Monsanto denies the allegations in paragraph 109, including each of its subparts.

10     110.    Monsanto denies the allegations in paragraph 110.

11     111.    Monsanto denies the allegations in paragraph 111.

12     112.    Monsanto denies the allegations in paragraph 112.

13     113.    Monsanto denies the allegations in paragraph 113.

In response to the "WHEREFORE" paragraph following paragraph 113, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

    114.    Monsanto incorporates by reference its responses to paragraphs 1 through 113 in response to paragraph 114 of plaintiffs' Complaint.

    115.    Monsanto denies the allegations in paragraph 115.

    116.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 116 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 116 set forth conclusions of law for which no response is required.

    117.    Monsanto denies the allegations in paragraph 117.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

118. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 118 regarding plaintiff's reliance and therefore denies those allegations. The remaining allegations in paragraph 118 set forth conclusions of law for which no response is required.

119. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 119 and accordingly denies those allegations. In addition, the allegations in paragraph 119 set forth conclusions of law for which no response is required.

120. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 120 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 120 set forth conclusions of law for which no response is required.

121. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 121 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations. The allegation in paragraph 121 regarding Monsanto's implied warranties sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 121.

122. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 122 concerning the condition of any Roundup®-branded product allegedly used by plaintiff's or about plaintiff's alleged use of such product and therefore denies the allegations in paragraph 122.

123. Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 123 concerning plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 123.

124. Monsanto denies the allegations in paragraph 124.

125. Monsanto denies the allegations in paragraph 125.

126. Monsanto denies the allegations in paragraph 126.

In response to the "WHEREFORE" paragraph following paragraph 126, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

127.    Monsanto incorporates by reference its responses to paragraphs 1 through 126 in response to paragraph 127 of plaintiffs' Complaint.

128.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 128 and therefore denies those allegations.

129.    Monsanto denies the allegations in paragraph 129.

In response to the "WHEREFORE" paragraph following paragraph 129, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

**SEPARATE AND AFFIRMATIVE DEFENSES**

1.    The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.    Venue may be improper and/or inconvenient.

3.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

5.    Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions

1  and instructions, in accordance with the state of the art and the state of scientific and
2  technological knowledge.
3        6.      Plaintiffs' claims are barred, in whole or in part, because the products at issue
4  were not defective or unreasonably dangerous in that they complied with, at all relevant times,
5  all applicable government safety standards.
6        7.      Any claims based on allegations that Monsanto misled, defrauded, made
7  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.
8  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*
9  *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).
10        8.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law
11  relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,
12  processing, and supply of Roundup®-branded products and/or glyphosate-containing products.
13        9.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA
14  findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved
15  product labeling.
16        10.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary
17  jurisdiction, including by the authority delegated by Congress to the U.S. EPA.
18        11.      Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if
19  any, were the result of conduct of plaintiff, independent third parties, and/or events that were
20  extraordinary under the circumstances, not foreseeable in the normal course of events, and/or
21  independent, intervening and superseding causes of the alleged injuries, including but not limited
22  to plaintiff's pre-existing medical conditions.
23        12.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j
24  and k, bar plaintiffs' claims against Monsanto in whole or in part.
25        13.      Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or
26  in part.
27        14.      Plaintiff's misuse or abnormal use of the product or failure to follow instructions
28  bar plaintiffs' claims in whole or in part.

15. If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

16. Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

17. Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs. If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

18. Plaintiffs' recovery, if any shall be reduced by those payments that plaintiffs have received from collateral sources.

19. Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

20. Plaintiffs' strict liability claims are barred because Delaware does not recognize a cause of action for strict liability in tort.

21. Plaintiffs' claims are barred in whole or in part by plaintiff's own contributory/ comparative negligence.

22. Plaintiffs' claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23. Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

24. Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receive from collateral sources.

25. If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26. Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27. Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

28. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## **JURY TRIAL DEMAND**

Monsanto demands a jury trial on all issues so triable.

DATED:  January 28, 2020                                    Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

- 18 -
MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00019-VC