**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639
Email:      jhollingsworth@hollingsworthllp.com
            elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Linda Matthaus-Shelton  v. Monsanto Co.*<br>Case No. 3:20-cv-00168-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Although many paragraphs in the Complaint allege exposure to or use of Monsanto products by "Plaintiffs", Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to plaintiff Linda Matthaus-Shelton.  Silence as to any allegations is unintentional and shall constitute a denial.

1.      Monsanto admits the allegations in the first and second sentences of paragraph 1. Monsanto also admits that glyphosate was one of the world's most widely used herbicides in 2013, but notes that Monsanto was and is not the only manufacturer of glyphosate-based

herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the third, fourth, and fifth sentences of paragraph 1 and therefore denies those allegations. Monsanto admits the allegations in the last sentence of paragraph 1.

2.      In response to the allegations in paragraph 2, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. Monsanto admits that it and affiliated companies have operations and offices in countries around the world.  Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 2.  Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 2 and therefore denies those allegations.

3.      In response to the allegations in paragraph 3, Monsanto admits that its glyphosate products are registered in at least 130 countries and approved for use on over 100 different crops. Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media.  Monsanto denies the remaining allegations in paragraph 3.

4.      Monsanto admits the allegations in the first sentence of paragraph 4.  Monsanto denies the allegations in the second sentence of paragraph 4 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

5.      Monsanto admits the allegations in the first sentence of paragraph 5.  Monsanto denies the allegations in the second sentence of paragraph 5.

6.      In response to the allegations in paragraph 6, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 6.

7.      Monsanto denies the allegations in paragraph 7.

8.      In response to the allegations in paragraph 8, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that paragraph 8 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

9.      The allegations in paragraph 9 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 9 based upon the allegations in plaintiff's Complaint.

10.      The allegations in paragraph 10 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies that it is subject to general personal jurisdiction in Michigan regarding plaintiff's claims.

11.      Monsanto admits that it is authorized to do business in Michigan.  The remaining allegations in paragraph 11 are vague and conclusory and comprise attorney characterizations and are accordingly denied

12.      The allegations in paragraph 12 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies that it is subject to general personal jurisdiction in Michigan regarding plaintiff's claims.

13.      In response to the allegation in paragraph 12, Monsanto denies that plaintiff is entitled to damages or any other relief sought in the Complaint.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00168-VC

14.     The allegations regarding venue and jurisdiction in the first sentence of paragraph 14 set forth conclusions of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations paragraph 14 and therefore denies those allegations.

15.     Monsanto admits that it is a Delaware corporation with its headquarters and its principal place of business in St. Louis County, Missouri. Monsanto further admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides. The remaining allegations in paragraph 15 set forth conclusions of law for which no response is required.

16.     The allegations in paragraph 16 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.

17.     In response to the allegations in paragraph 17, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 17 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 and therefore denies those allegations.

18.     Monsanto admits the allegations in the first sentence of paragraph 18.  Monsanto denies the allegations in the second sentence of paragraph 18 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. Monsanto denies the allegations of the third sentence of paragraph 18 to the extent that it suggests that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

19.     In response to the allegations in paragraph 19, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 19.

20.     Monsanto denies the allegations in paragraph 20.

21.     Monsanto admits the allegations in the first two sentences of paragraph 21 and admits that at all relevant times it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto denies the remaining allegations in paragraph 21.

22.     Monsanto admits the allegations in paragraph 22.

23.     In response to the allegations in paragraph 23, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 23 set forth conclusions of law for which no response is required.

24.     The allegations in paragraph 24 set forth conclusions of law for which no response is required.

25.     The allegations in paragraph 25 are confusing and unintelligible and therefore no response is required.  To the extent a response is required, Monsanto admits that Roundup®-branded products are registered by EPA for distribution in the United States.

26.     In response to the allegations in paragraph 26, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 26 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 26 set forth conclusions of law for which no response is required.

27.     Monsanto denies the allegations in paragraph 27 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

of the allegations in paragraph 27 regarding such pesticide products generally.  The remaining allegations in paragraph 27 set forth conclusions of law for which no response is required.

28.     In response to the allegations in paragraph 28, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and that EPA has not released its final findings. Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3] Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies those allegations.

29.     In response to the allegations in paragraph 29, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00168-VC

to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 29.

30.     In response to the allegations in paragraph 30, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 30 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

31.    In response to the allegations in paragraph 31, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

32.    Monsanto denies the allegations in paragraph 32 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 32 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

33.    In response to the allegations in paragraph 33, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

34.    In response to the allegations in paragraph 34, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto further

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00168-VC

admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 34 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

35.     Monsanto denies the allegations in paragraph 35.

36.     In response to the allegations in paragraph 36, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety.  Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The remaining allegations in paragraph 36 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

37.     In response to the allegations in paragraph 37, Monsanto admits that, following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 37 and accordingly denies those allegations.  The remaining allegations in paragraph 37 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

38.     In response to the allegations in paragraph 38, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 38 and accordingly denies the same.  Monsanto denies the allegations in the last two sentences of paragraph 38.  The remaining allegations in paragraph 39 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

39.     In response to the allegations in paragraph 39, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

- 9 -

General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 39 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

40.     In response to the allegations in paragraph 40, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 40 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

41.     Monsanto denies the allegations in paragraph 41.

42.     In response to the allegations in paragraph 42, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 43, which are not limited as of any specified date, and accordingly denies the same.

44.     In response to the allegations in paragraph 44, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.  Monsanto denies the remaining allegations in paragraph 44.

45.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies those allegations.

46.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it

cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

47.     Monsanto denies the allegations in paragraph 47 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

48.     In response to the allegations in paragraph 48, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working group are "experts."  Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

50.     The allegations in paragraph 50 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge sufficient

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00168-VC

1   to form a belief as to the accuracy of the source of said information and accordingly denies the

2   allegations.

3         51.      In response to the allegations in paragraph 51, to the extent the allegations purport

4   to characterize statements made in the IARC monograph for glyphosate, the statements in that

5   document stand for themselves, but to the extent that this paragraph means that more than *de*

6   *minimis* amounts of exposure are present, the allegations in paragraph 51 are denied.

7         52.      In response to the allegations in paragraph 52, Monsanto admits that the IARC

8   working group identified a number of case control studies of populations with exposures to

9   glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

10   health concern from such exposures.

11         53.      Monsanto denies the allegations in paragraph 53.  The IARC working group

12   concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

13   which, per IARC's guidelines, means that the working group could not rule out chance, bias or

14   confounding so as to reach any conclusion of an increased risk.

15         54.      In response to the allegations in paragraph 54, Monsanto admits that the working

16   group cited to a study that it concluded provided evidence of chromosomal damage in

17   community residents reported to be exposed to glyphosate, but Monsanto denies that the study

18   supports such a conclusion or that the authors of the study reached such a conclusion.

19         55.      In response to the allegations in paragraph 55, Monsanto admits that the IARC

20   working group purported to make these findings, but denies that the animal carcinogenicity

21   studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

22   of the identified tumors.  Monsanto further states that regulatory agencies around the world have

23   reviewed the same animal studies and concluded that they do not provide evidence that

24   glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 55.

25         56.      In response to the allegations in paragraph 56, Monsanto admits that the IARC

26   working group purported to make these findings but denies that the cited studies provide any

27   reliable basis for a finding that any meaningful levels of glyphosate or AMPA is present or

28   persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration.  Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 59.

60.     In response to the allegations in paragraph 60, Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water Regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, and that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and the EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

61.     In response to the allegations in paragraph 61, Monsanto admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate.  Monsanto notes that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

62.      In response to the allegations in paragraph 62, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 62.

63.      In response to the allegations in paragraph 63, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 63.

64.      Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions.  Monsanto denies the remaining allegations in paragraph 64.

65.      In response to the allegations in paragraph 65, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same.  Monsanto denies the remaining allegations in paragraph 65.

66.      In response to the allegations in paragraph 66, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 66.

67.      In response to the allegations in paragraph 67, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety

concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto denies the remaining allegations in paragraph 67.

68.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies those allegations.

69.    The allegations in paragraph 69 are confusing and unintelligible and therefore no response is required.  To the extent a response is required, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto denies the remaining allegations in paragraph 69.

70.    Monsanto incorporates by reference its responses to paragraphs 1 through 69 in response to paragraph 70 of plaintiff's Complaint.

71.    In response to the allegations in paragraph 71, Monsanto admits that plaintiff purports to bring claims for strict liability but denies any liability to plaintiff.

72.    In response to the allegations in paragraph 72, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used Roundup®-branded products and therefore denies that allegation. Monsanto denies the remaining allegations in paragraph 72.

73.    Monsanto denies the allegations in paragraph 73.

74.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies those allegations.

75.    Monsanto denies the allegations in paragraph 75.

76.    Monsanto denies the allegations in paragraph 76.

77.    Monsanto denies the allegations in paragraph 77.

78.    Monsanto denies the allegations in paragraph 78 and each of its subparts.

1    79.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 79 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 79, including that Roundup®-branded products have "dangerous characteristics."

80.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 80 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 80, including that Roundup®-branded products have "dangerous characteristics."

81.    Monsanto denies the allegations in paragraph 81.

82.    Monsanto denies the allegations in paragraph 82.

83.    Monsanto denies the allegations in paragraph 83.

84.    Monsanto denies the allegations in paragraph 84.

85.    Monsanto denies the allegations in paragraph 85.

86.    Monsanto denies the allegations in paragraph 86.

87.    Monsanto denies the allegations in paragraph 87.

88.    Monsanto denies the allegations in paragraph 88.

89.    In response to the allegations in the first sentence of paragraph 89, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 89 sets forth a conclusion of law for which no response is required.

90.    Monsanto incorporates by reference its responses to paragraphs 1 through 89 in response to paragraph 90 of plaintiff's Complaint.

91.    In response to the allegations in paragraph 91, Monsanto admits that plaintiff purports to bring claims for strict liability failure to warn, but denies any liability as to that claim.

92.    Monsanto denies the allegations in paragraph 92.

93.     In response to the allegations in paragraph 93, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other entities identified purchased or used Roundup®-branded products and therefore denies that allegation.  The allegations in paragraph 93 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 93.

94.     The allegations in paragraph 94 set forth conclusions of law for which no response is required.

95.     Monsanto denies the allegations in paragraph 95.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore denies those allegations.

100.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 100 concerning plaintiff's alleged use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 100, including that Roundup®-branded products have "dangerous characteristics."

101.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 101 concerning plaintiff's alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 101, including that Roundup®-branded products have "dangerous characteristics."

102.    Monsanto denies the allegations in paragraph 102.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.

105.    Monsanto denies the allegations in paragraph 105.

1    106.    Monsanto denies the allegations in paragraph 106.

2    107.    Monsanto denies the allegations in paragraph 107.

3    108.    Monsanto denies the allegations in paragraph 108.

4    109.    Monsanto denies the allegations in paragraph 109.

5    110.    Monsanto denies the allegations in paragraph 110.

6    111.    In response to the allegations in the first sentence of paragraph 111, Monsanto
7    demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be
8    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's
9    fees as allowed by law and such further and additional relief as this Court may deem just and
10    proper.  The statement in the last sentence of paragraph 111 sets forth a conclusion of law for
11    which no response is required.

12    112.    Monsanto incorporates by reference its responses to paragraphs 1 through 111 in
13    response to paragraph 112 of plaintiff's Complaint.

14    113.    Monsanto lacks information or knowledge sufficient to form a belief as to the
15    truth of the allegations in paragraph 113 regarding the specific products allegedly used by
16    plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore
17    denies the allegations in paragraph 113.

18    114.    The allegations in paragraph 114 set forth conclusions of law for which no
19    response is required.

20    115.    The allegations in paragraph 115 set forth conclusions of law for which no
21    response is required.

22    116.    Monsanto denies the allegations in paragraph 116.

23    117.    Monsanto denies the allegations in paragraph 117.

24    118.    Monsanto denies the allegations in paragraph 118.  All labeling of Roundup®-
25    branded products has been and remains EPA-approved and in compliance with all federal
26    requirements under FIFRA.

27    119.    Monsanto denies the allegations in paragraph 119.

28    120.    Monsanto denies the allegations in paragraph 120.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00168-VC

121.     Monsanto denies the allegations in paragraph 121, including each of its subparts.

122.     Monsanto denies the allegations in paragraph 122.

123.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 123 regarding plaintiff's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 123, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

124.     Monsanto denies the allegations in paragraph 124.

125.     Monsanto denies the allegations in paragraph 125.

126.     Monsanto denies the allegations in paragraph 126.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

127.     In response to the allegations in the first sentence of paragraph 127, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 127 sets forth a conclusion of law for which no response is required.

128.     Monsanto incorporates by reference its responses to paragraphs 1 through 127 in response to paragraph 128 of plaintiff's Complaint.

129.     Monsanto denies the allegations in paragraph 129.  Additionally, the last sentence in paragraph 129 sets forth a conclusion of law for which no response is required.

130.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 130 regarding plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 130 set forth conclusions of law for which no response is required.

131.     Monsanto denies the allegations in paragraph 131.

132.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 132 regarding plaintiff's reliance and therefore denies those

allegations.  The remaining allegations in paragraph 132 set forth conclusions of law for which no response is required.

133.    The allegations in paragraph 133 set forth conclusions of law for which no response is required.

134.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 134 concerning plaintiff's claimed purchase of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 134 set forth a conclusion of law for which no response is required.

135.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore denies those allegations.

136.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 136 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 136 set forth conclusions of law for which no response is required.

137.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 137 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 137 regarding Monsanto's implied warranties sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 137.

138.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 138 concerning plaintiff's reliance or plaintiff's claimed use of any Roundup®-branded product and therefore denies those allegations.  The remaining allegations in paragraph 138 set forth conclusions of law for which no response is required.

139.    Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139 concerning plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 139.

1   140.   Monsanto denies the allegations in paragraph 140.

2   141.   Monsanto denies the allegations in paragraph 141.

3   142.   Monsanto denies the allegations in paragraph 142.

4   143.   In response to allegations in the first sentence of paragraph 143, Monsanto

5   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

6   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

7   fees as allowed by law and such further and additional relief as this Court may deem just and

8   proper.  The statement in the last sentence of paragraph 143 sets forth a conclusion of law for

9   which no response is required.

10   144.   Monsanto incorporates by reference its responses to paragraphs 1 through 143 in

11   response to paragraph 144 of plaintiff's Complaint.

12   145.   Monsanto denies the allegations in paragraph 145.

13   146.   Monsanto denies the allegations in paragraph 146.

14   147.   Monsanto denies the allegations in paragraph 147.

15   148.   Monsanto denies the allegations in paragraph 148.

16   149.   Monsanto denies the allegations in paragraph 149.

17   150.   Monsanto denies the allegations in paragraph 150.

18   151.   Monsanto denies the allegations in paragraph 151.

19   152.   Monsanto denies the allegations in paragraph 152.

20   153.   Monsanto denies the allegations in paragraph 153.

21   154.   Monsanto denies the allegations in paragraph 154.

22   155.   In response to allegations in paragraph 155, Monsanto demands that judgment be

23   entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice;

24   and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and

25   such further and additional relief as this Court may deem just and proper.

26   In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

27   denies that plaintiff is entitled to the relief sought therein, including any judgment for any

28   damages, interest, costs, or any other relief whatsoever.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00168-VC

1

Every allegation in the Complaint that is not specifically and expressly admitted in this

2

Answer is hereby specifically and expressly denied.

3

### SEPARATE AND AFFIRMATIVE DEFENSES

4

1.      The Complaint, in whole or part, fails to state a claim or cause of action against

5

Monsanto upon which relief can be granted.

6

2.      Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

7

reliable evidence that the products at issue were defective or unreasonably dangerous.

8

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted,

9

was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

10

plaintiff's alleged injuries.

11

4.      Plaintiff's claims are barred, in whole or in part, because the products at issue

12

were designed, manufactured, marketed and labeled with proper warnings, information, cautions

13

and instructions, in accordance with the state of the art and the state of scientific and

14

technological knowledge.

15

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue

16

were not defective or unreasonably dangerous in that they complied with, at all relevant times,

17

all applicable government safety standards.

18

6.      Any claims against Monsanto based on allegations that Monsanto misled,

19

defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted

20

by federal law.  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan*

21

*Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

22

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law

23

relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

24

processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

25

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

26

findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

27

product labeling.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00168-VC

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.      Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.      Applicable statutes of limitations and/or repose bar plaintiff's claims against Monsanto in whole or in part.

13.      Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Monsanto in whole or in part.

14.      If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.      Monsanto had no legal relationship or privity with plaintiff and owed no duty to her by which liability could be attributed to it.

16.      Plaintiff's claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.      Plaintiff's claims against Monsanto for punitive and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Michigan Constitution, and/or other applicable state constitutions.

18.     Plaintiff's claims against Monsanto for punitive and/or treble damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under the laws of Michigan, and/or other applicable state laws.

19.     Plaintiff's claims for punitive and/or treble damages are barred and/or limited by operation of state and/or federal law, including Michigan law.

20.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

22.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

23.     If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries or damages were not caused by a Monsanto product.

24.     Plaintiff's claims are barred or limited to the extent that plaintiff assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

25.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

26.     Plaintiff has failed to allege fraud with sufficient particularity.

27.     To the extent that plaintiff recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

28.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

29.     Plaintiff's claims are barred, in whole or in part, by application of Mich. Com. Laws § 600.2946 (4).

30.     Plaintiff's strict liability claims are barred because Michigan does not recognize a cause of action for strict liability in tort.

1    31.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

2   may become available or apparent during the course of discovery and thus reserves its right to

3   amend this Answer to assert such defenses.

4    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

5   plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

6   other relief as the Court deems equitable and just.

7    ## JURY TRIAL DEMAND

8    Monsanto demands a jury trial on all issues so triable.

9

10   DATED:  January 28, 2020                                    Respectfully submitted,

11

12                                    /s/ Joe G. Hollingsworth
                                       Joe G. Hollingsworth (*pro hac vice*)
13                                      (jhollingsworth@hollingsworthllp.com)
                                       Eric G. Lasker (*pro hac vice*)
14                                      (elasker@hollingsworthllp.com)
                                       HOLLINGSWORTH LLP
15                                      1350 I Street, N.W.
                                       Washington, DC  20005
16                                      Telephone:  (202) 898-5800
                                       Facsimile:   (202) 682-1639

17                                      *Attorneys for Defendant*
                                       *MONSANTO COMPANY*
18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00168-VC