**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639
Email:         jhollingsworth@hollingsworthllp.com
                   elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC |
| This document relates to: <br><br> *Aaron Sheller et al. v. Bayer AG and Monsanto Co.*, Case No. 3:19-cv-07972-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO CLASS ACTION COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Aaron Sheller's Class Action Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Monsanto denies – and objects to – allegations by plaintiff and the putative class members that purport to lump Monsanto together with another defendant.  Monsanto responds to the Complaint only on behalf of Monsanto and not on behalf of any other defendant. Silence as to any allegations shall constitute a denial.

1.      Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in sentence paragraph 1 and therefore denies those allegations.

2.     Monsanto denies the allegations in paragraph 2.

3.     Monsanto denies the allegations in paragraph 3.

4.     Monsanto denies the allegations in paragraph 4.

5.     Monsanto denies the allegations in paragraph 5.

6.     Monsanto denies the allegations in paragraph 6.

7.     Monsanto denies the allegations in paragraph 7.

8.     Monsanto denies the allegations in paragraph 8.

9.     In response to the allegations in paragraph 9, Monsanto admits that plaintiff brings certain claims and seeks certain relief for himself and on behalf of certain putative class members, but Monsanto denies any liability to plaintiff or putative class members.  Monsanto also denies that the putative class is certifiable under Federal Rule of Civil Procedure 23. Monsanto denies the remaining allegations in paragraph 9.

10.     The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.     The allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.      In response to the allegations in the fifth and last sentences of paragraph 12, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause – or increase the risk of – cancer or other serious illnesses.  Monsanto states, however, that the scientific studies upon which the International Agency for Research on Cancer ("IARC") purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies those allegations.

13.     In response to the allegations in the second sentence of paragraph 13, Monsanto admits that it was acquired by Bayer AG in 2018.  The remaining allegations in paragraph 13 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

MONSANTO COMPANY'S ANSWER TO CLASS ACTION COMPLAINT
3:16-md-02741-VC & 3:19-cv-07972-VC

14.     In response to the allegations in the first sentence of paragraph 14, Monsanto admits that it is incorporated under the laws of the State of Delaware; that Monsanto's principal place of business is in St. Louis County, Missouri; and that Monsanto is registered to do business in Georgia.  Monsanto admits the allegations in the second and third sentences of paragraph 14. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 14 and therefore denies those allegations.

15.     Monsanto denies the allegations in the last sentence of paragraph 15. The remaining allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     In response to the allegations in paragraph 16, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 16 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies those allegations.

17.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 17 comprise attorney characterizations and are accordingly denied.

18.     Monsanto admits the allegations in paragraph 18.

19.     Monsanto generally admits the allegations in paragraph 19, but denies the allegations in paragraph 19 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

20.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies those allegations.

21.     In response to the allegations in paragraph 21, Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed

MONSANTO COMPANY'S ANSWER TO CLASS ACTION COMPLAINT
3:16-md-02741-VC & 3:19-cv-07972-VC

Roundup®-branded products.  The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     Monsanto admits the allegations in paragraph 22.

23.     Monsanto admits the allegations in paragraph 23.

24.     In response to the allegations in paragraph 24, Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 24.

25.     In response to the allegations in paragraph 25, Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 25 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 25.

26.     The allegations in paragraph 26 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 26.

27.     In response to the allegations in paragraph 27, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 27 set forth conclusions of law for which no response is required.

28.     The allegations in paragraph 28 set forth conclusions of law for which no response is required.

29.    In response to the allegations in paragraph 29, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Indiana for sale and distribution.

30.    In response to the allegations in paragraph 30, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 30 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 30 set forth conclusions of law for which no answer is required.

31.    Monsanto denies the allegations in paragraph 31 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 31 set forth conclusions of law for which no response is required.

32.    In response to the allegations in paragraph 32, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee

_____

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

MONSANTO COMPANY'S ANSWER TO CLASS ACTION COMPLAINT
3:16-md-02741-VC & 3:19-cv-07972-VC

("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies those allegations.

      33.     Monsanto denies the allegations in paragraph 33.

      34.     In response to the allegations in subpart a. of paragraph 34, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in subpart a. of paragraph 34 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in subpart a. of paragraph 34 and therefore denies those allegations.  In response to the allegations in subpart b. of paragraph 34, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in subpart b. of paragraph 34 go beyond a restatement of the cited document, Monsanto admits the allegations in subpart b. of paragraph 34.  In response to the allegations in subpart c. of paragraph 34, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in subpart c. of paragraph 34 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in subpart c. of paragraph 34 and therefore denies those allegations.  In response to the allegations in subpart d. of paragraph 34, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in subpart d.

---

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

of paragraph 34 go beyond a restatement of the cited document, Monsanto denies the allegations in subpart d. of paragraph 34.

35.     Monsanto denies the allegations in paragraph 35.

36.     In response to the allegations in paragraph 36, Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  In response to the remaining allegations in paragraph 36, Monsanto states that the cited documents speak for themselves and do not require responses.  To the extent that the remaining allegations in paragraph 36 go beyond a restatement of the cited documents, Monsanto denies the remaining allegations in paragraph 36, including each of its subparts.

37.     Monsanto states that the term "toxic" as used in paragraph 37 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 37.

38.     Monsanto states that the term "toxic" as used in paragraph 38 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in the first sentence of paragraph 38.  In response to the remaining allegations in paragraph 38, Monsanto states that the cited documents speak for themselves and do not require responses.  To the extent that the remaining allegations in paragraph 38 characterize the meaning of any cited study, Monsanto denies those allegations.

39.     Monsanto denies the allegations in paragraph 39.

40.     Monsanto denies the allegations in paragraph 40.

41.     Monsanto denies the allegations in paragraph 41.

42.     Monsanto denies the allegations in paragraph 42.

43.     Monsanto denies the allegations in paragraph 43.

44.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 44.

45.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies those allegations.

46.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

47.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

48.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 48 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

49.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 49, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 49 comprise attorney characterizations and are accordingly denied.

50.     In response to the allegations in paragraph 50, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 50 comprise attorney characterizations and are accordingly denied.

51.     In response to the allegations in paragraph 51, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed

required, the allegations in paragraph 51 comprise attorney characterizations and are accordingly denied.

52.     In response to the allegations in paragraph 52, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto admits that the Complaint has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and

does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 55 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

56.     In response to the allegations in paragraph 56, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

57.     Monsanto denies the allegations in paragraph 57 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

based upon any invalid IBT studies.  To the extent that the allegations in paragraph 57 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

58.     In response to the allegations in paragraph 58, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

59.     In response to the allegations in paragraph 59, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 59.

60.     In response to the allegations in paragraph 60, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 60 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

61.     In response to the allegations in paragraph 61, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 61 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

62.     In response to the allegations in paragraph 62, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 62, including each of its

MONSANTO COMPANY'S ANSWER TO CLASS ACTION COMPLAINT
3:16-md-02741-VC & 3:19-cv-07972-VC

subparts, are vague and conclusory and comprise attorney characterizations and are accordingly denied.

63.     In response to the allegations in paragraph 63, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 63, including each of its subparts, are vague and conclusory and comprise attorney characterizations and are accordingly denied.

64.     Monsanto denies the allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 65 to the extent that they suggest that this ruling was in any way related to plaintiff's and the putative class members' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 65.

66.     Monsanto denies the allegations in paragraph 66.

67.     Monsanto denies the allegations in paragraph 67.

68.     Monsanto denies the allegations in paragraph 68.

69.     Monsanto denies the allegations in paragraph 69.

70.     Monsanto denies the allegations in paragraph 70.

71.     Monsanto denies the allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

1    the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

2    73.

3         74.     In response to the allegations in paragraph 74, Monsanto admits that it has stated

4    and continues to state that Roundup®-branded products are safe when used as labeled and that

5    they are non-carcinogenic and non-genotoxic.

6         75.     In response to the allegations in paragraph 75, Monsanto admits that a 1986 joint

7    report of the World Health Organization and Food and Agriculture Organization of the United

8    Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

9    Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

10   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

11   carcinogen.  Monsanto denies the remaining allegations in paragraph 75.

12        76.     Monsanto denies the allegations in paragraph 76.

13        77.     Monsanto denies the allegations in paragraph 77.

14        78.     Monsanto denies the allegations in paragraph 78.

15        79.     Monsanto denies the allegations in paragraph 79.

16        80.     Monsanto denies the allegations in paragraph 80.

17        81.     Monsanto denies the allegations in paragraph 81.

18        82.     Monsanto denies the allegations in paragraph 82.

19        83.     Monsanto denies the allegations in paragraph 83.

20        84.     Monsanto denies the allegations in paragraph 84.

21        85.     Monsanto denies the allegations in paragraph 85.

22        86.     In response to the allegations in paragraph 86, Monsanto admits that it has stated

23   and continues to state that Roundup®-branded products are safe when used as labeled and that

24   they are non-toxic and non-carcinogenic.

25        87.     In response to the allegations in paragraph 87, Monsanto states that the cited

26   document speaks for itself and does not require a response.

27

28

88.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 88.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

89.     Monsanto denies the allegations in the first and last sentences of paragraph 89.  The remaining allegations in paragraph 89 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

90.     Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint; denies that it committed fraud; and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The remaining allegations in paragraph 90 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

91.     The allegations in paragraph 91 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies any liability to the named plaintiff or putative class members and further denies that a class should be certified in this lawsuit.

92.     The allegations in paragraph 92 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies any liability to the named plaintiff or putative class members and further denies that a class should be certified in this lawsuit.

93.     The allegations in paragraph 93 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies any

liability to the named plaintiff or putative class members and further denies that a class should be certified in this lawsuit.

94.     The allegations in paragraph 94 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies any liability to the named plaintiff or putative class members and further denies that a class should be certified in this lawsuit.

95.     The allegations in paragraph 95, including each of its subparts, set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies any liability to the named plaintiff or putative class members and further denies that a class should be certified in this lawsuit.

96.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 96 concerning plaintiff's and putative class members' claimed exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 96 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies any liability to the named plaintiff or putative class members and further denies that a class should be certified in this lawsuit.

97.     The allegations paragraph 97 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies any liability to the named plaintiff or putative class members and further denies that a class should be certified in this lawsuit.

98.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 98 concerning plaintiff's and putative class members' claimed need for medical monitoring and therefore denies those allegations.  The remaining allegations in paragraph 98 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies any liability to the named

1  plaintiff or putative class members and further denies that a class should be certified in this

2  lawsuit.

3  99.  Monsanto denies the allegations in the first sentence of paragraph 99.  The

4  remaining allegations in paragraph 99 set forth conclusions of law for which no response is

5  required.  To the extent that a response is deemed required, Monsanto denies any liability to the

6  named plaintiff or putative class members and further denies that a class should be certified in

7  this lawsuit.

8  100.  The allegations paragraph 100 set forth conclusions of law for which no response

9  is required.  To the extent that a response is deemed required, Monsanto denies any liability to

10  the named plaintiff or putative class members and further denies that a class should be certified

11  in this lawsuit.

12  101.  The allegations paragraph 101 set forth conclusions of law for which no response

13  is required.  To the extent that a response is deemed required, Monsanto denies any liability to

14  the named plaintiff or putative class members and further denies that a class should be certified

15  in this lawsuit.

16  102.  The allegations paragraph 102 set forth conclusions of law for which no response

17  is required.  To the extent that a response is deemed required, Monsanto denies any liability to

18  the named plaintiff or putative class members and further denies that a class should be certified

19  in this lawsuit.

20  103.  Monsanto incorporates by reference its responses to paragraphs 1 through 102 in

21  response to paragraph 103 of the Complaint.

22  104.  The allegations in paragraph 104 set forth conclusions of law for which no

23  response is required.

24  105.  Monsanto denies the allegations in paragraph 105.

25  106.  Monsanto denies the allegations in paragraph 106, including each of its subparts.

26  107.  Monsanto denies the allegations in paragraph 107.

27  108.  Monsanto denies the allegations in paragraph 108.

28

109.   Monsanto denies the allegations in paragraph 109, including each of its subparts.

110.   Monsanto denies the allegations in paragraph 110.

111.   Monsanto denies the allegations in paragraph 111.

112.   Monsanto denies the allegations in paragraph 112.

In response to the allegations in the "PRAYER FOR RELIEF" paragraph following paragraph 112, Monsanto denies that plaintiff and the putative class members are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever, and denies that a class should be certified in this lawsuit.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.   The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.   Venue is or may be inconvenient for some or all of the claims against Monsanto alleged in the Complaint.

3.   This Court lacks personal jurisdiction over Monsanto, including but not limited to personal jurisdiction with respect to the claims of the purported absent class members who lack sufficient connection to Indiana.

4.   Plaintiff's and the putative class members' claims against Monsanto are barred, in whole or in part, because they lack standing.

5.   Plaintiff's and the putative class members' claims against Monsanto are barred because plaintiff and the putative class members cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

6.   Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's and the putative class members' alleged injuries or damages.

7.      Plaintiff's and the putative class members' claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with government regulations and state of the art and the state of scientific and technological knowledge.

8.      Plaintiff's and the putative class members' claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

9.      Any claims against Monsanto based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

10.     Plaintiff's and the putative class members' claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

11.     Plaintiff's and the putative class members' claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

12.     Plaintiff's and the putative class members' claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

13.     Plaintiff's and the putative class members' claims against Monsanto are barred, in whole or in part, because plaintiff's and the putative class members' injuries or damages, if any, were the result of conduct of plaintiff and the putative class members, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries

or damages, including but not limited to plaintiff's and the putative class members' pre-existing medical conditions.

14.    Applicable statutes of limitations and/or repose bar plaintiff's and the putative class members' claims against Monsanto in whole or in part.

15.    Plaintiff's and the putative class members' misuse or abnormal use of the product or failure to follow instructions bar plaintiff's and the putative class members' claims against Monsanto in whole or in part.

16.    If plaintiff and the putative class members suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's and the putative class members' alleged injuries or damages.

17.    Monsanto had no legal relationship or privity with plaintiff and the putative class members and owed no duty to them by which liability could be attributed to it.

18.    Plaintiff's and the putative class members' claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.    Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiff, the putative class members, and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiff and the putative class members have failed to clearly establish any entitlement to damages based on their allegations.

20.     Plaintiff's and the putative class members' claims against Monsanto are barred in whole or in part by plaintiff's and the putative class members' own contributory/comparative negligence.

21.     Plaintiff and the putative class members may not recover on the claims pled in the Complaint because the injury or damages alleged by plaintiff and the putative class members are too speculative and remote and any acts or omissions of Monsanto are *de minimis*, insubstantial and insufficient to be a substantial contributing cause of their alleged injuries or damages.

22.     Plaintiff's and the putative class members' claims against Monsanto are barred in whole or in part by plaintiff's and the putative class members' own failure to mitigate damages.

23.     Plaintiff's and the putative class members' claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

24.     If plaintiff and the putative class members have been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a Monsanto product.

25.     Plaintiff's and the putative class members' claims against Monsanto are barred or limited to the extent that plaintiff and the putative class members assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

26.     Plaintiff's and the putative class members' claims against Monsanto are barred to the extent that plaintiff and the putative class members seek relief under the laws of states that do not govern plaintiff's and the putative class members' claims.

27.     Pursuant to Colo. Rev. Stat. § 13-21-406, Monsanto cannot be liable for damages that exceed its pro rata share of causal fault, no fault being admitted.

28.     Plaintiff's and the putative class members' recovery must be diminished in proportion to the percentage of negligence attributed to plaintiff and the putative class members. Mont. Code Ann. § 27-1-702.

29.     Plaintiff's and the putative class members' claims and damages, no injury or damages being admitted, are barred or must be reduced, in whole or part, by Colo. Rev. Stat.

§ 13-21-403 (state of the art presumption, presumption of non-defectiveness for compliance with government codes, and ten-year presumption) and Colo. Rev. Stat. § 13-21-102.5 (limits on non-economic damages).

30.     Plaintiff's and the putative class members' own contributory negligence is a bar to recovery under District of Columbia law.

31.     Plaintiff's and the putative class members' claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256 (government rules defense).

32.     In accordance with Fla. Stat. § 768.1257, plaintiff's and the putative class members' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

33.     Plaintiff's and the putative class members' common law claims are barred, in whole or part, by application of Indiana Product Liability Act, Ind. Code Ann. § 34-20-1-1, *et seq.;* the New Jersey Products Liability Act, N.J. Stat. Ann. § 2A:58C-1 through 58C-11; and the Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2307.80.

34.     If plaintiff and the putative class members have been injured or damaged, no injury or damages being admitted, plaintiff's and the putative class members' claims for damages are limited by M.D. Cts. & Jud. Proc. § 11-108.

35.     To the extent that plaintiff and the putative class members recovered payments for their alleged injuries or damages from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute §§ 490.710, 490.715 and Fla. Stat. § 768.76.

36.     Monsanto hereby preserves any and all defenses under *Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (Pa. 2014).

37. The Complaint, and each and every cause of action listed therein, fails to state facts sufficient to support an award of attorneys' fees, expert witness fees, and other litigation fees, costs, and expenses.

38. Plaintiff's and the putative class members' claims and causes of action may not be properly maintained or certified as a class action and the named plaintiff is not an appropriate representative of the purported class.

39. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff and the putative class members, dismissing plaintiff's and the putative class members' Petition with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  January 28, 2020                              Respectfully submitted,


                                                      /s/ Joe G. Hollingsworth
                                                      Joe G. Hollingsworth (*pro hac vice*)
                                                      (jhollingsworth@hollingsworthllp.com)
                                                      Eric G. Lasker (*pro hac vice*)
                                                      (elasker@hollingsworthllp.com)
                                                      HOLLINGSWORTH LLP
                                                      1350 I Street, N.W.
                                                      Washington, DC  20005
                                                      Telephone:   (202) 898-5800
                                                      Facsimile:    (202) 682-1639

                                                      *Attorneys for Defendant* MONSANTO
                                                      COMPANY