**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Kimber Williamson and Diane Williamson,*<br>*v. Monsanto Co. et al.,*<br>Case No. 3:20-cv-00167-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs  Kimber Williamson and Diane Williamson's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Monsanto denies – and objects to – allegations by plaintiff that purport to lump Monsanto together with other defendants.  Monsanto responds to this Petition only on behalf of Monsanto and not on behalf of any other defendant.  Silence as to any allegations shall constitute a denial.

1.     Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

5.      The allegations in paragraph 5 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 5 based upon the allegations in plaintiffs' Complaint.

6.      Monsanto admits the allegations in paragraph 6.

7.      The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.      The allegations in the first sentence of paragraph 8 set forth conclusions of law for which no response is required.  Monsanto admits the allegations in the second sentence of paragraph 8.  In response to the allegations in the final sentence of paragraph 8, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

9.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 9 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 9.

10.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 10 and therefore denies those allegations.

11.      Monsanto admits the allegations in paragraph 11.

12.      The allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.      In response to the allegations in paragraph 13, Monsanto admits that it sells Roundup®-branded products in Ohio.

14.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth

of the allegations in paragraph 14 and therefore denies those allegations.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     Monsanto admits the allegations in paragraph 17.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     The allegations in paragraph 19 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

20.     The allegations in paragraph 20 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

21.     The allegations in paragraph 21 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

22.     The allegations in paragraph 22 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

23.     Monsanto admits the allegations in paragraph 23.

24.     The allegations in paragraph 24 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

25.     In response to the allegations in paragraph 25, Monsanto denies that it engaged in any wrongdoing or wrongful acts or omissions.  The remaining allegations in paragraph 25 set forth conclusions of law and/or are directed at defendants other than Monsanto, so no response from Monsanto is required for these allegations.

26.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 26 set forth conclusions of law for which no response is required.

27.     Monsanto admits that it is an agricultural biotechnology corporation with its

principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 27 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

28.     Monsanto admits the allegations in paragraph 28.

29.     Monsanto admits the allegations in paragraph 29.

30.     In response to the allegations in paragraph 30, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 30 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

31.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 31 comprise attorney characterizations and are accordingly denied.

32.     Monsanto admits the allegations in paragraph 32.

33.     Monsanto generally admits the allegations in paragraph 33, but denies the allegations in paragraph 33 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

34.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies those allegations.

35.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 35 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 35.

36.     Monsanto admits the allegations in paragraph 36.

37.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 37.

38.     The allegations in paragraph 38 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 39 set forth conclusions of law for which no response is required.

40.     The allegations in paragraph 40 set forth conclusions of law for which no response is required.

41.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Missouri for sale and distribution.

42.     In response to the allegations in paragraph 42, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 42 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 42 set forth conclusions of law for which no answer is required.

43.     Monsanto denies the allegations in paragraph 43 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

of the allegations in paragraph 43 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 43 set forth conclusions of law for which no response is required.

44.     In response to the allegations in paragraph 44, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 and therefore denies those allegations.

45.  In response to the allegations in paragraph 45, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00167-VC

1   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

2   the subparts purport to quote a document, the document speaks for itself and thus does not require

3   any further answer.  The remaining allegations in paragraph 45 are vague and conclusory and

4   comprise attorney characterizations and are accordingly denied.

5        46.    Monsanto denies the allegations in paragraph 46.

6        47.    In response to the allegations in paragraph 47, Monsanto admits that the French

7   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

8   that it "left the soil clean," but denies the allegations in paragraph 47 to the extent that they

9   suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

10   cancer.  Monsanto denies the remaining allegations in paragraph 47.

11        48.    Monsanto denies the allegations in paragraph 48.

12        49.    In response to the allegations in paragraph 49, Monsanto states that the cited

13   document speaks for itself and does not require a response.  To the extent that the allegations in

14   paragraph 49 go beyond a restatement of the cited document, Monsanto lacks information or

15   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 49

16   and therefore denies those allegations.

17        50.    Monsanto admits the allegations in paragraph 50.

18        51.    In response to the allegations in paragraph 51, Monsanto states that the cited the

19   document speaks for itself and does not require a response.  To the extent that the allegations in

20   paragraph 51 go beyond a restatement of the cited document, Monsanto lacks information or

21   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 51

22   and therefore denies those allegations.

23        52.    Monsanto states that the term "toxic" as used in paragraph 52 is vague and

24   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

25   denies the allegations in paragraph 52.

26        53.    Monsanto admits the allegations in paragraph 53.

27        54.    In response to the allegations in paragraph 54, Monsanto states that the document

28   speaks for itself and does not require a response.  To the extent that a response is deemed

1    required, Monsanto denies the allegations in paragraph 54.

2        55.     In response to the allegations in paragraph 55, Monsanto admits that Julie Marc

3    published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

4    the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the

5    remaining allegations in paragraph 55.

6        56.     In response to the allegations in paragraph 56, Monsanto states that these

7    documents speak for themselves and do not require a response.  To the extent that a response is

8    deemed required, Monsanto denies the allegations in paragraph 56.

9        57.     In response to the allegations in paragraph 57, Monsanto states that the cited

10   document speaks for itself and does not require a response.  To the extent that paragraph 57

11   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

12   paragraph 57.

13       58.     Monsanto denies the allegations in paragraph 58.

14       59.     In response to the allegations in paragraph 59, Monsanto states that the cited

15   document speaks for itself and does not require a response.  To the extent that paragraph 59

16   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

17   paragraph 59.

18       60.     In response to the allegations in paragraph 60, Monsanto states that the cited

19   document speaks for itself and does not require a response.  To the extent that paragraph 60

20   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

21   paragraph 60.

22       61.     Monsanto denies the allegation that the cited studies support the allegation that

23   glyphosate or Roundup®-branded products pose any risk to human health and denies the

24   remaining allegations in paragraph 61.

25       62.     Monsanto denies the allegations in paragraph 62.

26       63.     Monsanto denies the allegations in paragraph 63.

27       64.     Monsanto denies the allegations in paragraph 64.

28       65.     Monsanto denies the allegations in paragraph 65.

66.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 66.

67.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 67 and therefore denies those allegations.

68.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

69.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

70.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen. The remaining allegations in paragraph 70 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

71.     Monsanto denies the allegations in paragraph 71.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

72.     In response to the allegations in paragraph 72, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 72 comprise attorney characterizations and are accordingly denied.

73.     Monsanto denies the allegations in paragraph 73.

1    74.    The allegations in paragraph 74 comprise attorney characterizations and are

2    accordingly denied.

3    75.    Monsanto admits the allegations in paragraph 75.

4    76.    In response to the allegations in paragraph 76, Monsanto states that the cited

5    document speaks for itself and does not require a response.  To the extent that paragraph 76

6    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

7    paragraph 76.

8    77.    In response to the allegations in paragraph 77, Monsanto admits that certain

9    studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

10   under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

11   evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

12   animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

13   paragraph 77.

14   78.    The allegations in paragraph 78 are vague and ambiguous and are accordingly

15   denied.

16   79.    In response to the allegations in paragraph 79, Monsanto states that the cited

17   document speaks for itself and does not require a response.

18   80.    In response to the allegations in paragraph 80, Monsanto states that the cited

19   document speaks for itself and does not require a response.  To the extent that paragraph 80

20   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

21   paragraph 80.

22   81.    Monsanto denies the allegations in paragraph 81.

23   82.    In response to the allegations in paragraph 82, Monsanto states that the cited

24   document speaks for itself and does not require a response.  Monsanto otherwise denies the

25   allegations in paragraph 82.

26   83.    Monsanto admits that there is no reliable evidence that Roundup®-branded

27   products are genotoxic and that regulatory authorities and independent experts agree that

28   Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

MONSANTO COMPANY'S ANSWER TO PLAINTFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00167-VC

1    paragraph 83.

2         84.    Monsanto denies the allegations in paragraph 84.

3         85.    Monsanto denies the allegations in paragraph 85.

4         86.    Monsanto denies the allegations in paragraph 86.

5         87.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

6    exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 87.

7         88.    Monsanto denies the allegations in paragraph 88.

8         89.    Monsanto denies the allegations in paragraph 89.

9         90.    Monsanto admits the allegations in paragraph 90.

10        91.    Monsanto denies the allegations in paragraph 91.

11        92.    Monsanto admits the allegations in paragraph 92.

12        93.    Monsanto denies the allegations in paragraph 93.

13        94.    Monsanto denies the allegations in paragraph 94.

14        95.    Monsanto denies the allegations in paragraph 95.

15        96.    Monsanto denies the allegations in paragraph 96.

16        97.    Monsanto denies the allegations in paragraph 97.

17        98.    Monsanto denies the allegations in paragraph 98.

18        99.    Monsanto denies the allegations in paragraph 99.

19        100.   Monsanto admits that independent experts and regulatory agencies agree that there

20   is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products

21   and admits that it has made statements reflecting this fact.  Monsanto denies the remaining

22   allegations in paragraph 100.

23        101.   In response to the allegations in paragraph 101, Monsanto admits that Roundup®-

24   branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the

25   product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 101.

26        102.   In response to the allegations in paragraph 102, Monsanto admits that an EPA

27   review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

28   denies the remaining allegations in paragraph 102.

MONSANTO COMPANY'S ANSWER TO PLAINTFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00167-VC

103.     In response to the allegations in paragraph 103, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 103.

104.     In response to the allegations in paragraph 104, Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

1    Monsanto denies the remaining allegations in paragraph 104.

2        105.    In response to the allegations in paragraph 105, Monsanto admits that it – along

3    with a large number of other companies and governmental agencies – was defrauded by two

4    chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

5    testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

6    toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

7    glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

8    studies.  To the extent that the allegations in paragraph 105 are intended to suggest that Monsanto

9    was anything other than a victim of this fraud, such allegations are denied.

10        106.    In response to the allegations in paragraph 106, Monsanto admits that IBT

11   Laboratories was hired to conduct toxicity studies in connection with the registration of a

12   Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

13   based upon any fraudulent or false IBT studies.

14        107.    Monsanto denies the allegations in paragraph 107 to the extent they suggest that

15   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

16   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

17   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

18   connection with services provided to a broad number of private and governmental entities and

19   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

20   one of several pesticide manufacturers who had used IBT test results.  The audit found some

21   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

22   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

23   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

24   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 107 are

25   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

26   denies those allegations.

27        108.    In response to the allegations in paragraph 108, Monsanto admits that three IBT

28   employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals

were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

109.    In response to the allegations in paragraph 109, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 109.

110.    In response to the allegations in paragraph 110, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 110 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

111.    In response to the allegations in paragraph 111, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 111 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

112.    In response to the allegations in paragraph 112, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

113.    In response to the allegations in paragraph 113, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 113.

114.    Monsanto denies the allegations in paragraph 114.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto denies the allegations in paragraph 116.

117.    Monsanto denies the allegations in paragraph 117.

118.    Monsanto denies the allegations in paragraph 118.

119.     Monsanto denies the allegations in paragraph 119.

120.     Monsanto denies the allegations in paragraph 120.

121.     Monsanto denies the allegations in paragraph 121.

122.     Monsanto denies the allegations in paragraph 122.

123.     Monsanto denies the allegations in paragraph 123.

124.     Monsanto incorporates by reference its responses to paragraphs 1 through 123 in response to paragraph 124 of plaintiffs' Complaint.

125.     Monsanto denies the allegation in paragraph 125.

126.     In response to the allegations in paragraph 126, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

127.     In response to the allegations in paragraph 127, Monsanto states that the cited document speaks for itself and does not require a response.

128.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 128.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

129.     Monsanto denies the allegations in paragraph 129.


130.     Monsanto denies the allegations in the first sentence of paragraph 130.  The remaining allegations in paragraph 130 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

131.     Monsanto denies the allegations in paragraph 131.

132.     Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

The remaining allegations in paragraph 132 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

133. Monsanto incorporates by reference its responses to paragraphs 1 through 132 in response to paragraph 133 of plaintiffs' Complaint.

134. The allegations in paragraph 134 set forth conclusions of law for which no response is required.

135. Monsanto denies the allegations in paragraph 135.

136. Monsanto denies the allegations in paragraph 136.

137. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 137 and therefore denies those allegations.

138. Monsanto denies the allegations in paragraph 138.

139. Monsanto denies the allegations in paragraph 139.

140. Monsanto denies the allegations in paragraph 140.

141. Monsanto denies the allegations in paragraph 141, including each of its subparts.

142. Monsanto denies the allegations in paragraph 142.

143. Monsanto denies the allegations in paragraph 143.

144. Monsanto denies the allegations in paragraph 144.

145. Monsanto denies the allegations in paragraph 145.

146. Monsanto denies the allegations in paragraph 146.

147. In response to the allegations in paragraph 147, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

148. Monsanto incorporates by reference its responses to paragraphs 1 through 147 in response to paragraph 148 of plaintiffs' Complaint.

149. In response to the allegations in paragraph 149, Monsanto lacks information or

1   knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

2   exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies

3   the remaining allegations in paragraph 149.

4           150.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

5   of the allegations in paragraph 150 and therefore denies those allegations.

6           151.    Monsanto denies the allegations in paragraph 151.

7           152.    Monsanto denies the allegations in paragraph 152.

8           153.    Monsanto denies the allegations in paragraph 153.

9           154.    Monsanto denies the allegations in paragraph 154.

10           155.    Monsanto denies the allegations in paragraph 155, including each of its subparts.

11           156.    Monsanto denies the allegations in paragraph 156.

12           157.    Monsanto denies that Roundup®-branded products have "dangerous

13   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the remaining allegations in paragraph 157 and therefore denies those allegations.

15           158.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

16   of the allegations in paragraph 158 and therefore denies those allegations.

17           159.    Monsanto denies the allegations in paragraph 159.

18           160.    Monsanto denies the allegations in paragraph 160.

19           161.    Monsanto denies the allegations in paragraph 161.

20           162.    Monsanto denies the allegations in paragraph 162.

21           163.    Monsanto denies the allegations in paragraph 163.

22           164.    Monsanto denies the allegations in paragraph 164.

23           165.    Monsanto denies the allegations in paragraph 165.

24           166.    Monsanto denies the allegations in paragraph 166.

25           167.    Monsanto denies the allegations in paragraph 167.

26           168.    Monsanto denies the allegations in paragraph 168.

27           169.    Monsanto denies the allegations in paragraph 169.

28           170.    Monsanto denies the allegations in paragraph 170.

1    In response to the "WHEREFORE" paragraph following paragraph 170, Monsanto

2    demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

3    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

4    fees as allowed by law and such further and additional relief as this Court may deem just and

5    proper.

6    171.   Monsanto incorporates by reference its responses to paragraphs 1 through 170 in

7    response to paragraph 171 of plaintiffs' Complaint.

8    172.   The allegations in paragraph 172 set forth conclusions of law for which no

9    response is required.

10   173.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

11   of the allegations in paragraph 173 and therefore denies those allegations.

12   174.   Monsanto denies the allegations in paragraph 174.  All labeling of Roundup®-

13   branded products has been and remains EPA-approved and in compliance with all federal

14   requirements under FIFRA.

15   175.   Monsanto denies the allegations in paragraph 175.

16   176.   Monsanto denies the allegations in paragraph 176.  All labeling of Roundup®-

17   branded products has been and remains EPA-approved and in compliance with all federal

18   requirements under FIFRA and with Ohio law.

19   177.   Monsanto denies the allegations in paragraph 177.

20   178.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

21   of the allegations regarding plaintiffs' use history in paragraph 178 and therefore denies those

22   allegations.  Monsanto denies the remaining allegations in paragraph 178.

23   179.   The allegations in paragraph 179 set forth conclusions of law for which no

24   response is required.

25   180.   Monsanto denies the allegations in paragraph 180.

26   181.   Monsanto denies the allegations in paragraph 181.

27   182.   Monsanto denies the allegations in paragraph 182.

28   183.   Monsanto denies the allegations that Roundup®-branded products are defective

1    and accordingly denies the allegations in paragraph 183.

2         184.    The allegations in paragraph 184 set forth conclusions of law for which no

3    response is required.

4         185.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

5    of the allegations in paragraph 185 and therefore denies those allegations.

6         186.    Monsanto denies the allegations in paragraph 186.

7         187.    Monsanto denies the allegations in paragraph 187.

8         188.    Monsanto denies the allegations in paragraph 188.

9         189.    Monsanto denies the allegations in paragraph 189.

10        190.    Monsanto denies the allegations in paragraph 190.

11        191.    Monsanto denies the allegations in paragraph 191.

12        In response to the "WHEREFORE" paragraph following paragraph 191, Monsanto

13   demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

14   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

15   fees as allowed by law and such further and additional relief as this Court may deem just and

16   proper.

17        192.    Monsanto incorporates by reference its responses to paragraphs 1 through 191 in

18   response to paragraph 192 of plaintiffs' Complaint.

19        193.    Monsanto denies the allegations in paragraph 193.

20        194.    The allegations in paragraph 194 set forth conclusions of law for which no

21   response is required.

22        195.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

23   of the allegations in paragraph 195 concerning the plaintiff's claimed use of Roundup®-branded

24   products and therefore denies those allegations.  The remaining allegations in paragraph 195 set

25   forth conclusions of law for which no response is required.

26        196.    The allegations in paragraph 196 set forth conclusions of law for which no

27   response is required.

28        197.    Monsanto denies the allegations in paragraph 197.

1    198.    The allegation in paragraph 198 regarding a purported implied warranty sets forth

2    a conclusion of law for which no response is required.  Monsanto lacks information or knowledge

3    sufficient to form a belief as to the truth of the remaining allegations in paragraph 198 and

4    therefore denies those allegations.

5    199.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

6    of the allegations in paragraph 199 concerning the condition of any Roundup®-branded product

7    allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies

8    the allegations in paragraph 199.

9    200.    Monsanto denies the allegations in paragraph 200.

10    201.    Monsanto denies the allegations in paragraph 201.

11    202.    Monsanto denies the allegations in paragraph 202.

12    203.    Monsanto denies the allegations in paragraph 203.

13    In response to the "WHEREFORE" paragraph following paragraph 203, Monsanto

14    demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

15    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

16    fees as allowed by law and such further and additional relief as this Court may deem just and

17    proper.

18    204.    Monsanto incorporates by reference its responses to paragraphs 1 through 203 in

19    response to paragraph 204 of plaintiffs' Complaint.

20    205.    Monsanto admits that plaintiffs purport to bring a claim under the Ohio Consumer

21    Sales Practices Act but denies any liability as to that claim.

22    206.    Monsanto denies the allegations in paragraph 206.

23    207.    Monsanto denies the allegations in paragraph 207.

24    208.    The allegations in paragraph 208 set forth conclusions of law for which no

25    response is required.

26    209.    Monsanto denies the allegations in paragraph 209.

27    210.    Monsanto denies the allegations in paragraph 210.

28    211.    Monsanto denies the allegations in paragraph 211.

212.    Monsanto denies the allegations in paragraph 212.

213.    Monsanto denies the allegations in paragraph 213.

In response to the "WHEREFORE" paragraph following paragraph 213, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

214.    Monsanto incorporates by reference its responses to paragraphs 1 through 213 in response to paragraph 214 of plaintiffs' Complaint.

215.    Monsanto denies the allegations in paragraph 215.

216.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 216 regarding the marital status of plaintiffs and accordingly denies those allegations.

In response to the "WHEREFORE" paragraph following paragraph 216, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

217.    The allegations in paragraph 217 set forth conclusions of law for which no response is required

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.      Plaintiffs' claims against Monsanto are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.      Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiffs' claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims against Monsanto are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiffs, independent third parties,

and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims against Monsanto in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against Monsanto in whole or in part.

14.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiffs' claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Ohio Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are

barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Ohio law and/or other applicable state laws.

20.     Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Ohio Rev. Code Ann. § 2315.21.

21.     Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

22.     Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiffs' own failure to mitigate damages.

23.     Plaintiffs' claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receives from collateral sources.

25.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiffs' claims against Monsanto are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiffs' claims against Monsanto are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

28.     Plaintiffs' common law claims against Monsanto are barred, in whole or part, by application of the Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2307.80.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

1   **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2   plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such

3   other relief as the Court deems equitable and just.

4   ### JURY TRIAL DEMAND

5   Monsanto demands a jury trial on all issues so triable.

6

7   DATED: January 29, 2020                                    Respectfully submitted,

8

9                                                              /s/ Joe G. Hollingsworth
                                                               Joe G. Hollingsworth (*pro hac vice*)
10                                                             (jhollingsworth@hollingsworthllp.com)
                                                               Eric G. Lasker (*pro hac vice*)
11                                                             (elasker@hollingsworthllp.com)
                                                               HOLLINGSWORTH LLP
12                                                             1350 I Street, N.W.
                                                               Washington, DC 20005
13                                                             Telephone: (202) 898-5800
                                                               Facsimile:  (202) 682-1639
14
                                                               *Attorneys for Defendant*
15                                                             *MONSANTO COMPANY*

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00167-VC