1

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

2

3

4

5

6

*Attorneys for Defendant*
*MONSANTO COMPANY*

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

11

Case No. 3:16-md-02741-VC

12

This document relates to:

13

*Glyn Glaze and Debbie Glaze v. Monsanto Co.*
*and John Does 1-100 inclusive,*
Case No. 3:20-cv-00064-VC

14

15

16

**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**

17

   Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

18

Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

19

all allegations contained in plaintiffs' Complaint for Money Damages ("the Complaint"), except

20

as set forth below.  Additionally, to the extent plaintiff's allegations are directed towards both

21

Monsanto and the collective "John Doe" co-defendants, Monsanto only purports to answer

22

plaintiffs' allegations as to Monsanto and not as to the co-defendants.  As defined in the

23

Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States

24

based company incorporated in Delaware, and not to other Monsanto-affiliated companies.

25

Although many paragraphs in the Complaint allege exposure or use of Monsanto products by

26

"Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as if they

27

refer to plaintiff Glyn Glaze. Silence as to any allegations shall constitute a denial.

28

1        1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly

2  related to exposure to Roundup®-branded products but denies any liability to plaintiffs.

3  Monsanto denies the remaining allegations in paragraph 1.

4        2.      Monsanto denies the allegations in paragraph 2.

5        3.      Monsanto denies the allegations in paragraph 3.

6        4.      The allegations in paragraph 4 set forth conclusions of law for which no response

7  is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

8  paragraph 4 based upon the allegations in plaintiffs' Complaint.

9        5.      Monsanto admits the allegations in paragraph 5.

10        6.      The allegations in paragraph 6 set forth conclusions of law for which no response

11  is required.

12        7.      The allegations in paragraph 7 set forth conclusions of law for which no response

13  is required.

14        8.      The allegations in the first sentence of paragraph 8 set forth conclusions of law for

15  which no response is required.  In response to the allegations in the final sentence of paragraph 8,

16  Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information

17  or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain

18  other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

19        9.      Monsanto admits that the Judicial Panel on Multidistrict Litigation ordered that

20  federal court lawsuits filed by plaintiffs alleging that Roundup®-branded products caused them to

21  develop non-Hodgkin's lymphoma be transferred to this Court for coordinated or consolidated

22  pretrial proceedings.  *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 2016 WL 5845994

23  (J.P.M.L. Oct. 3, 2016).  Monsanto denies the remaining allegations in paragraph 9.

24        10.      Monsanto lacks information or knowledge sufficient to form a belief as to the

25  truth of the allegations in the first sentence of paragraph 10 and therefore denies those

26  allegations.  Monsanto denies the remaining allegations in paragraph 10.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00064-VC

11.     Monsanto admits that plaintiff purports to bring claims for loss of consortium, but denies any liability as to that claim. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 11.

12.     Monsanto admits the allegations in paragraph 12.

13.     The allegations in paragraph 13 are not directed at Monsanto and therefore no answer is required.  To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 13.

14.     Monsanto denies the allegations in paragraph 14.

15.     Monsanto admits the allegations in paragraph 15.

16.     Monsanto admits the allegations in paragraph 16 but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

17.     The allegations in paragraph 17 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs has a variety of separate and distinct uses and formulations.

18.     In response to the allegations in paragraph 18, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. Monsanto admits that it and affiliated companies have operations and offices in countries around the world.  Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 18.  Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 18 and therefore denies those allegations.

19.     In response to the allegations in paragraph 19, Monsanto admits that its glyphosate products are registered in at least 130 countries and approved for use on over 100 different crops.  Monsanto admits that certain studies have reported that glyphosate is found at *de*

*minimis* levels significantly below regulatory safety limits in various locations and media. Monsanto denies the remaining allegations in paragraph 19.

20.     Monsanto admits the allegations in the first sentence of paragraph 20.  Monsanto denies the allegations in the second sentence of paragraph 19 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

21.     Monsanto admits the allegations in the first sentence of paragraph 21.  Monsanto denies the allegations in the second sentence of paragraph 21.

22.     In response to the allegations in paragraph 22, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 22.

23.     Monsanto denies the allegations in paragraph 23.

24.     In response to the allegations in paragraph 24, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that paragraph 24 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

25.     In response to the allegations in paragraph 25, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 25 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00064-VC

26.     Monsanto generally admits the allegations in the first sentence of paragraph 26, but denies the allegations in the first sentence of paragraph 26 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA. Monsanto denies the allegations in the second sentence of paragraph 26 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  Monsanto denies the allegations in the third sentence of paragraph 26 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

27.     In response to the allegations in paragraph 27, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 27.

28.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 28.

29.     Monsanto admits the allegations in the first two sentences of paragraph 29 and admits that at all relevant times it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto denies the remaining allegations in paragraph 29.

30.     The allegations in paragraph 30 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 30.

31.     In response to the allegations in paragraph 31, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 30 set forth conclusions of law for which no response is required.

32.     The allegations in paragraph 32 set forth conclusions of law for which no response is required.

33.     In response to the allegations in paragraph 33, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution United States.

34.     In response to the allegations in paragraph 34, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 34 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 34 set forth conclusions of law for which no answer is required.

35.     Monsanto denies the allegations in paragraph 35 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     In response to the allegations in paragraph 36, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

_____

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies those allegations.

37.     In response to the allegations in paragraph 37, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 37 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

38.     In response to the allegations in paragraph 38, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 38 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

39.     Monsanto denies the allegations in paragraph 39.

40.     In response to the allegations in paragraph 40, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

---

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00064-VC

1  that it "left the soil clean," but denies the allegations in paragraph 40 to the extent that they

2  suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

3  cancer.  Monsanto denies the remaining allegations in paragraph 40.

4       41.     Monsanto denies the allegations in paragraph 41.

5       42.     In response to the allegations in paragraph 42, Monsanto admits that an EPA

6  review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

7  changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

8  evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits

9  that plaintiffs has accurately quoted from one passage in an EPA document in 1991 with respect

10  to the designation of an agent as Group E, but states that EPA repeatedly has concluded that

11  glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two

12  EPA OPP reports and the EPA CARC Final Report discussed above, specific findings of safety

13  include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00064-VC

5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 42.

43.     Monsanto states that the term "toxic" as used in paragraph 43 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 43.

44.     Monsanto admits the allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 45.

46.     In response to the allegations in paragraph 46, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 46 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 48 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 48.

49.     Monsanto denies the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 50 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 51

1    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

2    paragraph 51.

3        52.    Monsanto denies the allegation that the cited studies support the allegation that

4    glyphosate or Roundup®-branded products pose any risk to human health and denies the

5    remaining allegations in paragraph 52.

6        53.    Monsanto denies the allegations in paragraph 53.

7        54.    Monsanto denies the allegations in paragraph 54.

8        55.    Monsanto denies the allegations in paragraph 55.

9        56.    Monsanto denies the allegations in paragraph 56.

10       57.    Monsanto admits that it has in the past promoted, and continues to promote,

11   Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

12   Monsanto denies the remaining allegations in paragraph 57.

13       58.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in paragraph 58 and therefore denies those allegations.  Monsanto denies

15   that glyphosate met the criteria necessary to be eligible for review.

16       59.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 59 and therefore denies those allegations.  Monsanto denies

18   that glyphosate met the criteria necessary to be eligible for review.

19       60.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

20   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

21   evidence was "cumulative."  The remaining allegations in paragraph 60 are vague and

22   conclusory and comprise attorney characterizations and are accordingly denied.

23       61.    Monsanto admits that the full IARC Monograph regarding glyphosate was

24   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

25   2A carcinogen.  In response to the remaining allegations in paragraph 61, Monsanto states that

26   the document speaks for itself and does not require a response.  To the extent that a response is

27   deemed required, the remaining allegations in paragraph 61 comprise attorney characterizations

28   and are accordingly denied.

62.     In response to the allegations in paragraph 62, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 62 comprise attorney characterizations and are accordingly denied.

63.     In response to the allegations in paragraph 63, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 63 comprise attorney characterizations and are accordingly denied.

64.     Monsanto denies the allegations in paragraph 64.

65.     The allegations in paragraph 65 comprise attorney characterizations and are accordingly denied.

66.     Monsanto admits the allegations in paragraph 66.

67.     In response to the allegations in paragraph 67, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 67 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 67.

68.     In response to the allegations in the first sentence of paragraph 68, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in the first sentence of paragraph 68. The allegations in the second sentence in paragraph 68 are vague and ambiguous and are accordingly denied. In response to the allegations in the last sentence of paragraph 68, Monsanto states that the cited document speaks for itself and does not require a response.

69.     In response to the allegations in paragraph 69, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 69

1    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

2    paragraph 69.

3          70.      Monsanto denies the allegations in paragraph 70.

4          71.      In response to the allegations in paragraph 71, Monsanto states that the cited

5    document speaks for itself and does not require a response.  Monsanto otherwise denies the

6    allegations in paragraph 71.

7          72.      Monsanto admits that there is no reliable evidence that Roundup®-branded

8    products are genotoxic, and that regulatory authorities and independent experts agree that

9    Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

10   paragraph 72.

11         73.      Monsanto denies the allegations in paragraph 73.

12         74.      Monsanto denies the allegations in paragraph 74.

13         75.      Monsanto denies the allegations in paragraph 75.

14         76.      Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

15   exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 76.

16         77.      Monsanto denies the allegations in paragraph 77.

17         78.      Monsanto denies the allegations in paragraph 78.

18         79.      Monsanto admits the allegations in paragraph 79.

19         80.      Monsanto denies the allegations in paragraph 80.

20         81.      Monsanto admits the allegations in paragraph 81.

21         82.      Monsanto denies the allegations in paragraph 82.

22         83.      Monsanto denies the allegations in paragraph 83.

23         84.      Monsanto denies the allegations in paragraph 84.

24         85.      Monsanto denies the allegations in paragraph 85.

25         86.      Monsanto denies the allegations in paragraph 86.

26         87.      Monsanto denies the allegations in paragraph 87.

27         88.      Monsanto denies the allegations in paragraph 88.

28

89.     In response to the allegations in paragraph 89, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 89.

90.     In response to the allegations in paragraph 90, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto denies the allegations in paragraph 99.

100.    Monsanto denies the allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 102 and therefore denies those allegations.

103.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 103 and therefore denies those allegations.

104.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 104 and therefore denies those allegations.

105.    Monsanto denies the allegations in paragraph 105.

106.    Monsanto incorporates by reference its responses to paragraphs 1 through 105 in response to paragraph 106 of plaintiffs' Complaint.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00064-VC

1   107.    Monsanto denies the allegations in paragraph 107 that exposure to Roundup®-

2   branded products and glyphosate exposed plaintiff to risk of plaintiff's alleged cancer and denies

3   that exposure to Roundup®-branded products did or could have caused plaintiff's alleged cancer.

4   Monsanto states, however, that the scientific studies upon which IARC purported to base its

5   classification were all publicly available before March 2015.  The remaining allegations in

6   paragraph 107 set forth conclusions of law for which no response is required or consist of

7   attorney characterizations and are accordingly denied.

8   108.    Monsanto denies the allegation in paragraph 108 that exposure to Roundup®-

9   branded products and glyphosate exposed plaintiff to risk of plaintiff's alleged cancer.  Monsanto

10  states, however, that the scientific studies upon which IARC purported to base its classification

11  were all publicly available before March 2015.  The remaining allegations in paragraph 108 set

12  forth conclusions of law for which no response is required or consist of attorney

13  characterizations and are accordingly denied.

14  109.    Monsanto denies the allegations in paragraph 109 that exposure to Roundup®-

15  branded products and glyphosate exposed plaintiff to risk of plaintiff's alleged cancers and

16  denies that exposure to Roundup®-branded products did or could have caused plaintiff's alleged

17  cancers.  Monsanto states, however, that the scientific studies upon which IARC purported to

18  base its classification were all publicly available before March 2015.  The remaining allegations

19  in paragraph 109 set forth conclusions of law for which no response is required, consist of

20  attorney characterizations and are accordingly denied, or comprise allegations for which

21  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

22  allegations asserted and therefore denies those allegations.

23  110.    Monsanto denies the allegations in paragraph 110.

24  111.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

25  exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in

26  paragraph 111.  Monsanto states, however, that the scientific studies upon which IARC

27  purported to base its classification were all publicly available before March 2015.

28

- 14 -

112.     Monsanto denies the allegations in the first and last sentences of paragraph 111. The remaining allegations in paragraph 112 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

113.     In response to the allegations in paragraph 113, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  The remaining allegations in paragraph 113 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.  Monsanto states, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

114.     Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 114 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

115.     Monsanto incorporates by reference its responses to paragraphs 1 through 114 in response to paragraph 115 of plaintiffs' Complaint.

116.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 116 and therefore denies those allegations.

117.     The allegations in paragraph 117 set forth conclusions of law for which no response is required.

118.     Monsanto denies the allegations in paragraph 118.

119.     Monsanto denies the allegations in paragraph 119, including each of its subparts.

1     120.    Monsanto denies the allegations in paragraph 120.

2     121.    Monsanto denies the allegations in paragraph 121.

3     122.    Monsanto denies the allegations in paragraph 122, including each of its subparts.

4     123.    Monsanto denies the allegations in paragraph 123.

5     124.    Monsanto denies the allegations in paragraph 124.

6     125.    Monsanto denies the allegations in paragraph 125.

7     126.    Monsanto denies the allegations in paragraph 126.

8     127.    In response to allegations in the first sentence of paragraph 127, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 127 sets forth a conclusion of law for which no response is required.

128.    Monsanto incorporates by reference its responses to paragraphs 1 through 127 in response to paragraph 128 of plaintiffs' Complaint.

129.    In response to the allegations in paragraph 129, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 130.

130.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 130 and therefore denies those allegations.

131.    Monsanto denies the allegations in paragraph 131.

132.    Monsanto denies the allegations in paragraph 132.

133.    Monsanto denies the allegations in paragraph 133.

134.    Monsanto denies the allegations in paragraph 134, including each of its subparts.

135.    Monsanto denies the allegations in paragraph 135.

1     136.    Monsanto denies that Roundup®-branded products have "dangerous

2 characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

3 truth of the remaining allegations in paragraph 136 and therefore denies those allegations.

4     137.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5 truth of the allegations in paragraph 137 and therefore denies those allegations.

6     138.    Monsanto denies the allegations in paragraph 138.

7     139.    The allegations in paragraph 139 set forth conclusions of law for which no

8 response is required.

9     140.    Monsanto denies the allegations in paragraph 140.

10     141.    Monsanto denies the allegations in paragraph 141.

11     142.    Monsanto denies the allegations in paragraph 142.

12     143.    Monsanto denies the allegations in paragraph 143.

13     144.    Monsanto denies the allegations in paragraph 144.

14     145.    Monsanto denies the allegations in paragraph 145.

15     146.    Monsanto denies the allegations in paragraph 146.

16     147.    Monsanto denies the allegations in paragraph 147.

17     148.    Monsanto denies the allegations in paragraph 148.

18     149.    Monsanto denies the allegations in paragraph 149.

19     150.    In response to allegations in the first sentence of paragraph 150, Monsanto

20 demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

21 dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

22 fees as allowed by law and such further and additional relief as this Court may deem just and

23 proper.  The statement in the last sentence of paragraph 150 sets forth a conclusion of law for

24 which no response is required.

25     151.    Monsanto incorporates by reference its responses to paragraphs 1 through 150 in

26 response to paragraph 151 of plaintiffs' Complaint.

27     152.    The allegations in paragraph 152 set forth conclusions of law for which no

28 response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00064-VC

1      153.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2  truth of the allegations in paragraph 153 and therefore denies those allegations.

3      154.    Monsanto denies the allegations in paragraph 154.  All labeling of Roundup®-

4  branded products has been and remains EPA-approved and in compliance with all federal

5  requirements under FIFRA.

6      155.    Monsanto denies the allegations in paragraph 155.

7      156.    Monsanto denies the allegations in paragraph 156.  All labeling of Roundup®-

8  branded products has been and remains EPA-approved and in compliance with all federal

9  requirements under FIFRA.

10     157.    Monsanto denies the allegations in paragraph 157.  All labeling of Roundup®-

11 branded products has been and remains EPA-approved and in compliance with all federal

12 requirements under FIFRA.

13     158.    Monsanto denies the allegations in paragraph 158.

14     159.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15 truth of the allegations regarding plaintiff's use history in paragraph 159 and therefore denies

16 those allegations.  Monsanto denies the remaining allegations in paragraph 159.

17     160.    The allegations in paragraph 160 set forth conclusions of law for which no

18 response is required.

19     161.    Monsanto denies the allegations in paragraph 161.

20     162.    Monsanto denies the allegations in paragraph 162.

21     163.    Monsanto denies the allegations in paragraph 163.

22     164.    Monsanto denies the allegations that Roundup®-branded products are defective

23 and accordingly denies the allegations in paragraph 164.

24     165.    The allegations in paragraph 165 set forth conclusions of law for which no

25 response is required.

26     166.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27 truth of the allegations in paragraph 166 and therefore denies those allegations.

28     167.    Monsanto denies the allegations in paragraph 167.

1    168.    Monsanto denies the allegations in paragraph 168.

2    169.    Monsanto denies the allegations in paragraph 169.

3    170.    Monsanto denies the allegations in paragraph 170.

4    171.    Monsanto denies the allegations in paragraph 171.

5    172.    In response to allegations in the first sentence of paragraph 172, Monsanto

6  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

7  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

8  fees as allowed by law and such further and additional relief as this Court may deem just and

9  proper.  The statement in the last sentence of paragraph 172 sets forth a conclusion of law for

10  which no response is required.

11    173.    Monsanto incorporates by reference its responses to paragraphs 1 through 171 in

12  response to paragraph 173 of plaintiffs' Complaint.

13    174.    Monsanto denies the allegations in paragraph 174.

14    175.    The allegations in paragraph 175 and each of its subparts set forth conclusions of

15  law for which no response is required.

16    176.    In response to the allegations in paragraph 176, Monsanto denies that it has failed

17  to properly disclose risks associated with Roundup®-branded products.  The remaining

18  allegations in paragraph 176 are vague and conclusory and comprise attorney characterizations,

19  and are accordingly denied.

20    177.    In response to the allegations in paragraph 177, Monsanto admits that it has sold

21  glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further

22  states that paragraph 177 sets forth conclusions of law for which no response is required.

23  Monsanto denies the remaining allegations in paragraph 177.

24    178.    Monsanto denies the allegations in the first and second sentences of paragraph

25  178.  All labeling of Roundup®-branded products has been and remains EPA-approved and in

26  compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

27  of paragraph 178 sets forth conclusions of law for which no response is required.

28

1   179.    The allegations in paragraph 179 set forth conclusions of law for which no

2   response is required.

3   180.    Monsanto denies the allegations in paragraph 180.

4   181.    Monsanto denies the allegations in paragraph 181 and each of its subparts.

5   182.    Monsanto states that the allegation in paragraph 182 that Monsanto made an

6   express warranty sets forth a legal conclusion for which no response is required.  Monsanto lacks

7   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

8   in paragraph 182 and therefore denies those allegations.

9   183.    Monsanto denies the allegations in paragraph 183.

10   184.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 184 regarding plaintiffs' knowledge and therefore denies

12   those allegations.  Monsanto denies the remaining allegations in paragraph 184.

13   185.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in paragraph 185 and therefore denies those allegations.

15   186.    Monsanto denies the allegations in paragraph 186.

16   187.    Monsanto denies the allegations in paragraph 187.

17   188.    Monsanto denies the allegations in paragraph 188.

18   189.    Monsanto denies the allegations in paragraph 189.

19   190.    In response to the allegations in the first sentence of paragraph 190, Monsanto

20   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

21   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

22   fees as allowed by law and such further and additional relief as this Court may deem just and

23   proper.  The statement in the last sentence of paragraph 190 sets forth a conclusion of law for

24   which no response is required.

25   191.    Monsanto incorporates by reference its responses to paragraphs 1 through 190 in

26   response to paragraph 191 of plaintiffs' Complaint.

27

28

1    192.    Monsanto denies the allegations in paragraph 192.  Additionally, the allegations

2    in the last sentence in paragraph 192 set forth conclusions of law for which no response is

3    required.

4    193.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 193 concerning the plaintiff's claimed use of Roundup®-

6    branded products and therefore denies those allegations.  The remaining allegations in paragraph

7    193 set forth conclusions of law for which no response is required.

8    194.    The allegations in paragraph 194 set forth conclusions of law for which no

9    response is required.

10    195.    Monsanto denies the allegations in paragraph 195.

11    196.    The allegation in paragraph 196 regarding a purported implied warranty sets forth

12    a conclusion of law for which no response is required.  Monsanto lacks information or

13    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

14    196 and therefore denies those allegations.

15    197.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16    truth of the allegations in paragraph 197 concerning the condition of any Roundup®-branded

17    product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore

18    denies the allegations in paragraph 197.

19    198.    Monsanto denies the allegations in paragraph 198.

20    199.    Monsanto denies the allegations in paragraph 199.

21    200.    Monsanto denies the allegations in paragraph 200.

22    201.    In response to the allegations in the first sentence of paragraph 201, Monsanto

23    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

24    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

25    fees as allowed by law and such further and additional relief as this Court may deem just and

26    proper.  The statement in the last sentence of paragraph 201 sets forth a conclusion of law for

27    which no response is required.

28

202.     Monsanto incorporates by reference its responses to paragraphs 1 through 201 in response to paragraph 202 of plaintiffs' Complaint.

203.     Monsanto denies the allegations in paragraph 203.

204.     Monsanto denies the allegations in paragraph 204. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

205.     Monsanto denies the allegations in paragraph 205.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

206.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 206 regarding plaintiff's knowledge or reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 206.

207.     Monsanto denies the allegations in paragraph 207.

208.     Monsanto denies the allegations in paragraph 208.

209.     Monsanto denies the allegations in paragraph 209.

210.     Monsanto denies the allegations in paragraph 210.

211.     Monsanto denies the allegations in paragraph 211.

212.     In response to the allegations in the first sentence of paragraph 212, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 212 sets forth a conclusion of law for which no response is required.

213.     Monsanto incorporates by reference its responses to paragraphs 1 through 212 in response to paragraph 213 of plaintiffs' Complaint.

214.     Monsanto denies the allegations in paragraph 214.

215.     Monsanto denies the allegations in paragraph 215.

216.     Monsanto denies the allegations in paragraph 216.

217.    Monsanto denies the allegations in paragraph 217.

218.    Monsanto denies the allegations in paragraph 218.

219.    Monsanto denies the allegations in paragraph 219.

220.    Monsanto denies the allegations in paragraph 220.

221.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 221 regarding plaintiffs' actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 221.

222.    Monsanto denies the allegations in paragraph 222.

223.    Monsanto denies the allegations in paragraph 223.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

224.    Monsanto denies the allegations in paragraph 224.

225.    In response to the allegations in the first sentence of  paragraph 225 Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 225 sets forth a conclusion of law for which no response is required.

226.    The allegations in paragraph 226 set forth conclusions of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.    Venue in the Eastern District of Missouri may be improper and/or inconvenient.

3.    Plaintiffs' claims against Monsanto are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

5.    Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.    Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.    Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

8.    Plaintiffs' claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.    Plaintiffs' claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.   Plaintiffs' claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.   Plaintiffs' claims against Monsanto are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

12.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

13.   Applicable statutes of limitations and/or repose bar plaintiffs' claims against Monsanto in whole or in part.

14.   Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against Monsanto in whole or in part.

15.   If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

16.   Monsanto had no legal relationship or privity with plaintiff and owed no duty to them by which liability could be attributed to it.

17.   Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

18.   Plaintiffs' claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.   Plaintiffs' claims against Monsanto for punitive, exemplary, and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and

other rights under the United States Constitution, the California Constituion, the Missouri

Constitution, and/or other applicable state constitutions.

20.  Plaintiffs' claims against Monsanto for punitive, exemplary, and/or treble damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under California law, Missouri law, and/or other applicable state laws.

21.  Plaintiffs' claims against Monsanto for punitive, exemplary, and/or treble damages are barred and/or limited by operation of state and/or federal law, including Missouri Revised Statute § 510.265.1.

22.  Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiff, and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiff has failed to clearly establish any entitlement to punitive, exemplary, and/or treble damages based on his allegations.

23.  Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiffs' contributory/comparative negligence.

24.  Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiffs' failure to mitigate damages.

25.  Plaintiffs' claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

26.  To the extent that plaintiff recovered payments for his alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute § 490.715.

27.  If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

28.  Plaintiffs' claims against Monsanto are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiffs' claims.

29.  Plaintiffs' claims against Monsanto are barred or limited to the extent that plaintiff asserst claims that are governed by the laws of a state that does not recognize, or limits, such claims.

30.  Plaintiff has failed to allege fraud with sufficient particularity.

31.  Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiff and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Petition, and plaintiff has failed to clearly establish any entitlement to exemplary and/or aggravated damages based on his allegations.

32.  Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED: January 29, 2020    Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*