**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639
Email:         jhollingsworth@hollingsworthllp.com
                  elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *Thomas I. Fallon & Brigitte B. Fallon v. Monsanto Co.*, Case No. 3:20-cv-00248-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in the Complaint and Jury Demand ("the Complaint") of plaintiffs Thomas I. Fallon and Brigitte B. Fallon, except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.       Monsanto admits the allegations in the first and second sentences of paragraph 1. In response to the allegations in the final sentence of paragraph 1, Monsanto admits that glyphosate was one of the world's most widely used herbicides in 2013, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto lacks

1  information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

2  and statistics cited in the remaining sentences of paragraph 1 and therefore denies those

3  allegations.

4      2.     In response to the allegations in paragraph 2, Monsanto admits that its

5  headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware.

6  Monsanto admits that it and affiliated companies have operations and offices in countries around

7  the world.  Monsanto admits that it is a producer of glyphosate-based herbicides but lacks

8  sufficient information regarding the business of other glyphosate producers to admit or deny the

9  allegation as written in the second sentence of paragraph 2.  Monsanto admits that it is the

10  leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the

11  Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto

12  lacks information or knowledge sufficient to form a belief as to the accuracy of the specific

13  numbers and statistics provided in the remaining sentences of paragraph 2 and therefore denies

14  those allegations.

15      3.     In response to the allegations in paragraph 3, Monsanto admits that its glyphosate

16  products are registered in at least 130 countries and approved for use on over 100 different crops.

17  Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels

18  significantly below regulatory safety limits in various locations and media.  Monsanto denies the

19  remaining allegations in paragraph 3.

20      4.     Monsanto admits the allegations in the first sentence of paragraph 4.  Monsanto

21  denies the allegations in the second sentence of paragraph 4 to the extent they suggest that the

22  International Agency for Research on Cancer ("IARC") based its evaluation on a complete or

23  accurate assessment of the scientific research regarding glyphosate.

24      5.     Monsanto admits the allegations in the first sentence of paragraph 5.  Monsanto

25  denies the allegations in the second sentence of paragraph 5.

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00248-VC

6.      In response to the allegations in paragraph 6, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 6.

7.      Monsanto denies the allegations in paragraph 7.

8.      In response to the allegations in the first sentence of paragraph 8, Monsanto admits that it has stated, and continues to state, that Roundup®-branded products are safe when used in accordance with the products' labeling.  Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.  Monsanto denies the remaining allegations in paragraph 8.

9.      The allegations in paragraph 9 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto admits the allegations in paragraph 9 based upon the allegations in plaintiffs' Complaint.

10.     The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.     The allegations in the first sentence of paragraph 11 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 11.

12.     In response to the allegations in paragraph 12, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.  The remaining allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.     In response to the allegations in paragraph 14, Monsanto admits that it is a corporation organized under the laws of the State of Delaware and that its principal place of business is in St. Louis County, Missouri.

15.     Monsanto admits the allegations in paragraph 15.

16.     In response to the allegations in paragraph 16, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 16 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies those allegations.

17.     Monsanto admits the allegations in the first sentence of paragraph 17.  Monsanto denies the allegations in the second sentence of paragraph 17 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  Monsanto denies the allegations in the third sentence of paragraph 17 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

18.     In response to the allegations in paragraph 18, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 18.

19.     Monsanto admits the allegations in the first two sentences of paragraph 19 and admits that it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto otherwise denies the remaining allegations in paragraph 19.

20.     The allegations in paragraph 20 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 20.

21.     In response to the allegations in paragraph 21, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     The allegations in paragraph 22 set forth conclusions of law for which no response is required.

23.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of New York for sale and distribution.

24.     In response to the allegations in paragraph 24, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 24 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 24 set forth conclusions of law for which no answer is required.

25.     Monsanto denies the allegations in paragraph 25 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 25 set forth conclusions of law for which no response is required.

26.     In response to the allegations in paragraph 26, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in

*(Footnote continued)*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00248-VC

1   posted an October 2015 final report by its standing Cancer Assessment Review Committee

2   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

3   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

4   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

5   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

6   humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

7   of the remaining allegations in paragraph 26 and therefore denies those allegations.

8       27.     In response to the allegations in paragraph 27, Monsanto admits that an EPA

9   review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

10  changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

11  evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits

12  that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with

13  respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded

14  that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the

15  two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings

16  of safety include:

17  •   "In June 1991, EPA classified glyphosate as a Group E [carcinogen] – one that
        shows evidence of non-carcinogenicity for humans – based on the lack of
18      convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate:
        Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
19      http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

20  •   "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed.
        Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
21

22  _____

23  anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
    potential.

24  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
    U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
25  *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
    Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

26  [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of*
    *Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/
27  document?D=EPA-HQ-OPP-2016-0385-0528.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00248-VC

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20.

Monsanto denies the remaining allegations in paragraph 27.

28.      In response to the allegations in paragraph 28, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 28 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

29.      In response to the allegations in paragraph 29, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

30.      Monsanto denies the allegations in paragraph 30 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00248-VC

Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 46 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

31.     In response to the allegations in paragraph 31, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

32.     In response to the allegations in paragraph 32, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products. Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost. To the extent that the allegations in paragraph 32 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

33.     Monsanto denies the allegations in paragraph 33.

34.     In response to the allegations in paragraph 34, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety. Monsanto also admits that the patent for glyphosate expired in the United States in 2000. The remaining allegations in paragraph 34 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

35.     In response to the allegations in paragraph 35, Monsanto admits that following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 35 and accordingly denies those allegations.  The remaining allegations in paragraph 35 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

36.     In response to the allegations in paragraph 36, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 36 and accordingly denies the same.  The remaining allegations in paragraph 36 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

37.     In response to the allegations in paragraph 37, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 37 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

38.     In response to the allegations in paragraph 38, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 38 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

39.     Monsanto denies the allegations in paragraph 39.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00248-VC

40.     In response to the allegations in paragraph 40, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 40 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 41, which are not limited as of any specified date, and accordingly denies the same.

42.     In response to the allegations in paragraph 42, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations. Monsanto denies the remaining allegations in paragraph 42.

43.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 and therefore denies those allegations.

44.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 and therefore denies those allegations.

45.     Monsanto denies the allegations in paragraph 45 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

46.     In response to the allegations in paragraph 46, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015, and that a draft of the

monograph was prepared by a "working group" of individuals selected by IARC who met over a one-week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working groups are "experts."  Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

48.     The allegations in paragraph 48 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

49.     In response to the allegations in paragraph 49, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

51.     Monsanto denies the allegations in paragraph 51.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

52.     In response to the allegations in paragraph 52, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

53.     In response to the allegations in paragraph 53, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration.  Regulators around the world

repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

59.     In response to  paragraph 59, Monsanto admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate.  Monsanto notes that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

60.     In response to the allegations in paragraph 60, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00248-VC

concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 61.

62.     Monsanto admits that, in France, the sale to and use by amateurs (i.e., non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions. Monsanto denies the remaining allegations in paragraph 62.

63.     In response to the allegations in paragraph 63, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same.  Monsanto denies the remaining allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiffs' allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00248-VC

scientifically unreliable. *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto denies the remaining allegations in paragraph 65.

66.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies those allegations.

67.    Monsanto denies the allegations in paragraph 67.

68.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies those allegations.

69.    Monsanto incorporates by reference its responses to paragraphs 1 through 68 in response to paragraph 69 of plaintiffs' Complaint.

70.    In response to the allegations in paragraph 70, Monsanto admits that plaintiffs purport to bring claims for strict liability design defect but denies any liability as to that claim.

71.    Monsanto denies the allegations in paragraph 71. In response to the allegations in the last sentence of paragraph 71, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiffs' decedent used or was exposed to Roundup®-branded products and therefore denies those allegations.

72.    Monsanto denies the allegations in paragraph 72.

73.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies those allegations.

74.    Monsanto denies the allegations in paragraph 74.

75.    Monsanto denies the allegations in paragraph 75.

76.    Monsanto denies the allegations in paragraph 76.

77.    Monsanto denies the allegations in paragraph 77 and each of its subparts.

78.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 78 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 78, including that Roundup®-branded products have "dangerous characteristics."

79.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 79 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 79, including that Roundup®-branded products have "dangerous characteristics."

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     In response to paragraph 88, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

89.     Monsanto incorporates by reference its responses to paragraphs 1 through 88 in response to paragraph 89 of plaintiffs' Complaint.

90.     In response to the allegations in paragraph 90, Monsanto admits that plaintiffs purport to bring claims for strict liability failure to warn, but denies any liability as to that claim.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 92 that plaintiff purchased Roundup®-branded products and therefore denies those allegations.  The allegations in paragraph 92 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 92.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00248-VC

93.     The allegations in paragraph 93 set forth conclusions of law for which no response is required.

94.     Monsanto denies the allegations in paragraph 94. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's first-numbered paragraph 98 and therefore denies those allegations.

99.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 99, including that Roundup®-branded products have "dangerous characteristics."

100.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's first-numbered paragraph 100 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in the Complaint's first-numbered paragraph 100, including that Roundup®-branded products have "dangerous characteristics."

101.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of the Complaint's first-numbered paragraph 101 and therefore denies those allegations. Monsanto denies the remaining allegations in the Complaint's first-numbered paragraph 101.

102.     Monsanto denies the allegations in paragraph 102.

103.     Monsanto denies the allegations in paragraph 103.

104.     Monsanto denies the allegations in paragraph 104.

105.     Monsanto denies the allegations in paragraph 105.

106.     Monsanto denies the allegations in paragraph 106.

107.     Monsanto denies the allegations in paragraph 107.

108.     Monsanto denies the allegations in paragraph 108.

109.     There is no paragraph "109" in the Complaint, and therefore no response is required.

110.     Monsanto denies the allegations in paragraph 110.

111.     In response to paragraph 111, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

112.     Monsanto incorporates by reference its responses to paragraphs 1 through 111 in response to paragraph 112 of plaintiffs' Complaint.

113.     In response to the allegations in paragraph 113, Monsanto states that the phrase "directly or indirectly" is vague and ambiguous and that Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore Monsanto denies those allegations in paragraph 113.

114.     The allegations in paragraph 114 set forth conclusions of law for which no response is required.

115.     The allegations in paragraph 115 set forth conclusions of law for which no response is required.

116.     Monsanto denies the allegations in paragraph 116.

117.     Monsanto denies the allegations in paragraph 117. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 117 regarding users' and consumers' knowledge and therefore denies those allegations.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00248-VC

118.    Monsanto denies the allegations in paragraph 118.

119.    Monsanto denies the allegations in paragraph 119.

120.    Monsanto denies the allegations in paragraph 120, including each of its subparts.

121.    Monsanto denies the allegations in paragraph 121.

122.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 122 regarding plaintiff's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 122, including that intended use of and/or exposure to Roundup®-branded products causes any injuries.

123.    Monsanto denies the allegations in paragraph 123.

124.    Monsanto denies the allegations in paragraph 124.

125.    Monsanto denies the allegations in paragraph 125.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

126.    In response to paragraph 126, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

127.    Monsanto incorporates by reference its responses to paragraphs 1 through 126 in response to paragraph 127 of plaintiffs' Complaint.

128.    Monsanto denies the allegations in paragraph 128.

129.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 129 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 129 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00248-VC

130.     Monsanto denies the allegations in paragraph 130.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

131.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 regarding plaintiff's reliance and therefore denies those allegations.  The remaining allegations in paragraph 131 set forth conclusions of law for which no response is required.

132.     The allegations in paragraph 132 set forth conclusions of law for which no response is required.

133.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 133 concerning plaintiff's claimed purchase of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 133 set forth a conclusion of law for which no response is required.

134.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 134 and therefore denies those allegations.

135.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 135 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 135 set forth conclusions of law for which no response is required.

136.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 136 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 136 regarding Monsanto's implied warranties sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 136.

137.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 137 concerning plaintiff's reliance or plaintiff's claimed use

1  of any Roundup®-branded product and therefore denies those allegations.  The remaining

2  allegations in paragraph 137 set forth conclusions of law for which no response is required.

3      138.    Monsanto denies that there is any risk of serious injury associated with or linked

4  to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

5  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

6  allegations in paragraph 138 concerning plaintiff's knowledge about Roundup®-branded

7  products and therefore denies the remaining allegations in paragraph 138.

8      139.    Monsanto denies the allegations in paragraph 139.

9      140.    Monsanto denies the allegations in paragraph 140.

10     141.    Monsanto denies the allegations in paragraph 141.

11     142.    In response paragraph 142, Monsanto demands that judgment be entered in its

12  favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that

13  Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

14  further and additional relief as this Court may deem just and proper.

15     143.    Monsanto incorporates by reference its responses to paragraphs 1 through 142 in

16  response to paragraph 143 of plaintiffs' Complaint.

17     144.    The allegations in paragraph 144 set forth conclusions of law for which no

18  response is required.

19     145.    Monsanto denies the allegations in paragraph 145.

20     146.    Monsanto denies the allegation in paragraph 146 that Roundup®-branded products

21  are "dangerous."  The remaining allegations in paragraph 146 set forth conclusions of law for

22  which no response is required.

23     147.    Monsanto incorporates by reference its responses to paragraphs 1 through 146 in

24  response to paragraph 147 of plaintiffs' Complaint.

25     148.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26  truth of the allegations in paragraph 148 and therefore denies those allegations.  The allegations

27  in paragraph 148 also set forth conclusions of law for which no response is required.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00248-VC

149.    Monsanto denies the allegations in paragraph 149.

150.    In response to paragraph 150, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

151.    Monsanto incorporates by reference its responses to paragraphs 1 through 150 in response to the Complaint's second-numbered paragraph 151 of plaintiffs' Complaint.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies the allegations in paragraph 154.

155.    Monsanto denies the allegations in paragraph 155.

156.    Monsanto denies the allegations in paragraph 156.

157.    Monsanto denies the allegations in paragraph 157.

158.    Monsanto denies the allegations in paragraph 158.

159.    Monsanto denies the allegations in paragraph 159.

160.    Monsanto denies the allegations in paragraph 160.

161.    Monsanto denies the allegations in paragraph 161.

162.    In response to the allegations in paragraph 162, Monsanto denies that it violated New York law or federal law and states that it complied with all applicable law regarding Roundup®-branded products.  The remaining allegations in paragraph 162 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies all such allegations.

163.    The allegations in paragraph 163 set forth conclusions of law for which no response is required.

164.    Monsanto denies the allegations in the first sentence of paragraph 164.  The allegations in the second sentence of paragraph 164 set forth a conclusion of law for which no response is required.

1    In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

2    denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

3    damages, interest, costs, or any other relief whatsoever.

4    Every allegation in the Complaint that is not specifically and expressly admitted in this

5    Answer is hereby specifically and expressly denied.

6    ### SEPARATE AND AFFIRMATIVE DEFENSES

7    1.    The Complaint, in whole or part, fails to state a claim or cause of action against

8    Monsanto upon which relief can be granted.

9    2.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically

10   reliable evidence that the products at issue were defective or unreasonably dangerous.

11   3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

12   was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

13   plaintiff's alleged injuries.

14   4.    Plaintiffs' claims are barred, in whole or in part, because the products at issue

15   were designed, manufactured, marketed and labeled with proper warnings, information, cautions

16   and instructions, in accordance with the state of the art and the state of scientific and

17   technological knowledge.

18   5.    Plaintiffs' claims are barred, in whole or in part, because the products at issue

19   were not defective or unreasonably dangerous in that they complied with, at all relevant times,

20   all applicable government safety standards.

21   6.    Plaintiffs' claims are preempted, in whole or in part, by applicable federal law

22   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

23   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

24   7.    Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA

25   findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

26   product labeling.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00248-VC

8.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiffs have failed to allege fraud with sufficient specificity.

18.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiffs' claims for punitive and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the New York Constitution and/or other applicable state constitutions.

20.     Plaintiffs' claims for punitive and/or treble damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under New York law and/or other applicable state laws.

21.     Plaintiffs' claims for punitive and/or treble damages are barred and/or limited by operation of state and/or federal law.

22.     Plaintiffs' claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

23.     Plaintiffs' claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

24.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

25.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00248-VC

28.     To the extent that plaintiffs recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed under NY CPLR § 4545.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  January 29, 2020                    Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00248-VC