1

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:      jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Karl Kimura v. Monsanto Co.,*<br>Case No. 3:20-cv-00190-VC | |

<u>**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Although many paragraphs in the Complaint allege exposure to or use of Monsanto products by "Plaintiffs", Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to plaintiff Karl Kimura. Silence as to any allegations is unintentional and shall constitute a denial.

1.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies those allegations.

2.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

1    3.      Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 3 and therefore denies those allegations.

3    4.      Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 4 and therefore denies those allegations.

5    5.      Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in the second, third, fourth, and fifth sentences of paragraph 5 and

7    therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 5.

8    6.      Monsanto denies that exposure to Roundup®-branded products and glyphosate

9    exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

10   6.  Monsanto states, however, that the scientific studies upon which IARC purported to base its

11   classification were all publicly available before March 2015.

12   7.      Monsanto admits the allegations in paragraph 7.

13   8.      In response to the allegations in paragraph 8, Monsanto admits that it was the

14   entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures

15   Roundup®-branded products that have glyphosate as the active ingredient, but notes that

16   Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

17   9.      The allegations in paragraph 9 are vague and conclusory and comprise attorney

18   characterizations and are accordingly denied.

19   10.     The allegations in paragraph 10 set forth conclusions of law for which no

20   response is required.  To the extent that a response is deemed required, Monsanto admits the

21   allegations in paragraph 10 based upon the allegations in plaintiff's Complaint.

22   11.     The allegations in paragraph 11 set forth conclusions of law for which no

23   response is required.  To the extent a response is deemed required, Monsanto denies the

24   allegations in paragraph 11.

25   12.     The allegations in paragraph 12 set forth conclusions of law for which no

26   response is required.

27   13.     Monsanto admits the allegations in the first and second sentences of paragraph 13.

28   Monsanto also admits that glyphosate was one of the world's most widely used herbicides in

1  2013, but notes that Monsanto was and is not the only manufacturer of glyphosate-based

2  herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the

3  accuracy of the specific numbers and statistics cited in the third, fourth, and fifth sentences of

4  paragraph 13 and therefore denies those allegations. Monsanto admits the allegations in the last

5  sentence of paragraph 13.

6       14.    In response to the allegations in paragraph 14, Monsanto admits that its

7  headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware.

8  Monsanto admits that it and affiliated companies have operations and offices in countries around

9  the world.  Monsanto admits that it is a producer of glyphosate-based herbicides but lacks

10  sufficient information regarding the business of other glyphosate producers to admit or deny the

11  allegation as written in the second sentence of paragraph 14.  Monsanto admits that it is the

12  leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the

13  Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto

14  lacks information or knowledge sufficient to form a belief as to the accuracy of the specific

15  numbers and statistics provided in the remaining sentences of paragraph 14 and therefore denies

16  those allegations.

17       15.    In response to the allegations in paragraph 15, Monsanto admits that its

18  glyphosate products are registered in at least 130 countries and approved for use on over 100

19  different crops.  Monsanto admits that certain studies have reported that glyphosate is found at *de

20  minimis* levels significantly below regulatory safety limits in various locations and media.

21  Monsanto denies the remaining allegations in paragraph 15.

22       16.    Monsanto admits the allegations in the first sentence of paragraph 16.  Monsanto

23  denies the allegations in the second sentence of paragraph 16 to the extent they suggest that the

24  International Agency for Research on Cancer ("IARC") based its evaluation on a complete or

25  accurate assessment of the scientific research regarding glyphosate.

26       17.    Monsanto admits the allegations in the first sentence of paragraph 17.  Monsanto

27  denies the allegations in the second sentence of paragraph 17.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00190-VC

1     18.     In response to the allegations in paragraph 18, Monsanto admits that the IARC

2    working group classified glyphosate under Group 2A.  Monsanto denies the remaining

3    allegations in paragraph 18.

4     19.     Monsanto denies the allegations in paragraph 19.

5     20.     In response to the allegations in paragraph 20, Monsanto admits that glyphosate

6    repeatedly has been found to be safe to humans and the environment by regulators in the United

7    States and around the world and further admits that it has labeled glyphosate products as

8    approved by regulatory bodies consistent with those findings.  Monsanto also admits that the

9    United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to

10    the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based

11    herbicides create no unreasonable risk to human health or to the environment when used in

12    accordance with the label.  To the extent that paragraph 24 alleges that Monsanto has labeled

13    glyphosate or Roundup®-branded herbicides in any manner different or in addition to such

14    regulatory approval, Monsanto denies such allegations.

15     21.     In response to the allegations in the first sentence of paragraph 21, Monsanto

16    admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The

17    remaining allegations in that sentence are vague and ambiguous and Monsanto lacks information

18    or knowledge sufficient to form a belief as to the truth of the remaining allegations in that

19    sentence and therefore denies those allegations. Monsanto admits the allegations in the second

20    sentence of paragraph 21.  Monsanto denies the allegations in the third sentence of paragraph 21

21    because the impact of glyphosate on treated plants varies depending upon the amount of

22    glyphosate applied and the type of plant.  Monsanto denies the allegations in the fourth sentence

23    of paragraph 21 to the extent that they suggest that glyphosate is present in any plants at anything

24    other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

25     22.     In response to the allegations in paragraph 22, Monsanto admits that farmers have

26    safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining

27    allegations in paragraph 22.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00190-VC

23.     Monsanto admits the allegations in the first two sentences of paragraph 23 and admits that at all relevant times it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto denies the remaining allegations in paragraph 23.

24.     Monsanto admits the allegations in paragraph 24.

25.     In response to the allegations in paragraph 25, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 25 set forth conclusions of law for which no response is required.

26.     The allegations in paragraph 26 set forth conclusions of law for which no response is required.

27.     In response to the allegations in paragraph 27, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States, including in Hawaii.

28.     In response to the allegations in paragraph 28, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 28 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 28 set forth conclusions of law for which no response is required.

29.     Monsanto denies the allegations in paragraph 29 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 regarding such pesticide products generally.  The remaining allegations in paragraph 29 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00190-VC

30.     In response to the allegations in paragraph 30, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and that EPA has not released its final findings. Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3] Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore denies those allegations.

31.     In response to the allegations in paragraph 31, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00190-VC

1   EPA OPP reports and the EPA CARC Final Report discussed above, specific findings of safety

2   include:

3        •  "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
        evidence of non-carcinogenicity for humans—based on the lack of convincing
4           evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
        Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
5           http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

6        •  "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
        60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
7

8        •  "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
        Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).
9

10       •  "There is [an] extensive database available on glyphosate, which indicate[s] that
        glyphosate is not mutagenic, not a carcinogen, and not a developmental or
11          reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
        73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).
12

13       •  "EPA has concluded that glyphosate does not pose a cancer risk to humans."
        Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be
14          codified at 40 C.F.R. pt. 180).

15       •  "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible
        cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body
16          of research does not provide evidence to show that [g]lyphosate causes cancer and
        does not warrant any change in the EPA's cancer classification for [g]lyphosate."
17          *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder
        Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th
18          Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of
        Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-
19          5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk
        Statement").
20

21  Monsanto denies the remaining allegations in paragraph 31.

22         32.     In response to the allegations in paragraph 32, Monsanto admits that it – along

23  with a large number of other companies and governmental agencies – was defrauded by two

24  chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

25  testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

26  toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

27  glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00190-VC

1    allegations in paragraph 32 are intended to suggest that Monsanto was anything other than a

2    victim of this fraud, such allegations are denied.

3           33.     In response to the allegations in paragraph 33, Monsanto admits that Industrial

4    Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the

5    registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of

6    such product is based upon any fraudulent or false IBT studies.

7           34.     Monsanto denies the allegations in paragraph 34 to the extent they suggest that

8    EPA performed an inspection of IBT Laboratories solely or specifically in connection with

9    studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

10   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

11   connection with services provided to a broad number of private and governmental entities and

12   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

13   one of several pesticide manufacturers who had used IBT test results.  The audit found some

14   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

15   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

16   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

17   based upon any invalid IBT studies. Monsanto admits that three IBT employees were convicted

18   of the charge of fraud, but Monsanto denies that any of the individuals were convicted based

19   upon studies conducted on glyphosate or glyphosate-based herbicides. To the extent that the

20   allegations in paragraph 34 are intended to suggest that Monsanto was anything other than a

21   victim of this fraud, such allegations also are denied.

22          35.     In response to the allegations in paragraph 35, Monsanto admits that it – along

23   with numerous other private companies – hired Craven Laboratories as an independent

24   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto further

25   admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the

26   studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations

27   in paragraph 35 are intended to suggest that Monsanto was anything other than a victim of this

28   fraud, Monsanto denies those allegations.

1    36.    Monsanto denies the allegations in paragraph 36.

2    37.    In response to the allegations in paragraph 37, Monsanto admits that Roundup®-

3    branded products are highly valued by its customers because of their efficacy and safety.

4    Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The

5    remaining allegations in paragraph 37 are vague and conclusory and comprise attorney

6    characterizations, and are accordingly denied.

7    38.    In response to the allegations in paragraph 38, Monsanto admits that, following

8    the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such

9    seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks

10   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

11   cited in paragraph 38 and accordingly denies those allegations.  The remaining allegations in

12   paragraph 38 are vague and conclusory and comprise attorney characterizations, and are

13   accordingly denied.

14   39.    In response to the allegations in paragraph 39, Monsanto admits that glyphosate is

15   one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

16   is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks

17   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

18   cited in paragraph 39 and accordingly denies the same.  Monsanto denies the allegations in the

19   last two sentences of paragraph 39.  The remaining allegations in paragraph 39 are vague and

20   conclusory and comprise attorney characterizations, and are accordingly denied.

21   40.    In response to the allegations in paragraph 40, Monsanto admits that the New

22   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

23   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

24   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

25   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

26   the subparts purport to quote a document, the document speaks for itself and thus does not

27   require any further answer.  The remaining allegations in paragraph 40 are vague and conclusory

28   and comprise attorney characterizations, and are accordingly denied.

41.     In response to the allegations in paragraph 41, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

42.     Monsanto denies the allegations in paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 43.

44.     In response to the allegations in paragraph 44, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 44, which are not limited as of any specified date, and accordingly denies the same.

45.     In response to the allegations in paragraph 45, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations. Monsanto denies the remaining allegations in paragraph 45.

46.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

47.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00190-VC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

48.     Monsanto denies the allegations in paragraph 48 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

49.     In response to the allegations in paragraph 49, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working group are "experts."  Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

51.     The allegations in paragraph 51 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

52.     In response to the allegations in paragraph 52, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 52 are denied.

53.     In response to the allegations in paragraph 53, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

54.     Monsanto denies the allegations in paragraph 54.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

55.     In response to the allegations in paragraph 55, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

56.     In response to the allegations in paragraph 56, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto admits that the IARC working group purported to make these findings but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA is present or persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate

1    can cause genotoxicity, but Monsanto denies that the working group reliably considered the full

2    body of scientific data on such alleged genotoxic endpoints and denies that the working group

3    reliably interpreted the studies that it selected for consideration.  Regulators around the world

4    repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining

5    allegations in paragraph 58.

6          59.     In response to the allegations in paragraph 59, Monsanto admits that the IARC

7    working group purported to find such effects, but denies that there is any reliable scientific basis

8    for such conclusion.  Monsanto denies the remaining allegations in paragraph 59.

9          60.     In response to the allegations in paragraph 60, Monsanto admits that the working

10   group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but

11   denies that the working group characterized that study as supporting an association between

12   glyphosate and the specified cancers.  The AHS cohort study did not find a positive association

13   between glyphosate and any type of cancer.  Monsanto denies all other allegations in

14   paragraph 60.

15         61.     In response to the allegations in paragraph 61, Monsanto admits that EPA has a

16   technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water

17   Regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, and that

18   the Complaint accurately quotes from the identified document, which should be read in context

19   of EPA's precautionary regulatory mandate and the EPA's consistent finding that glyphosate

20   does not pose any cancer risk to humans.

21         62.     In response to the allegations in paragraph 62, Monsanto admits that the

22   Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the

23   Coalition provides any reliable basis for any conclusions regarding potential health risks from

24   glyphosate.  Monsanto notes that a federal district court has characterized this same publication

25   as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928

26   F. Supp. 2d 10, 24 (D.D.C. 2013).

27

28

63.     Monsanto states that the term "toxic" as used in paragraph 63 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 63.

64.     In response to the allegations in paragraph 48, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 48.

65.     In response to the allegations in paragraph 65, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 65 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 66 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 66.

67.     In response to the allegations in paragraph 67, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 54 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 67.

68.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 55.

69.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the

- 14 -

concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 70.

71.    In response to the allegations in paragraph 71, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 71.

72.    Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions.  Monsanto denies the remaining allegations in paragraph 72.

73.    In response to the allegations in paragraph 73, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same. Monsanto denies the remaining allegations in paragraph 73.

74.    In response to the allegations in paragraph 74, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 74.

75.    In response to the allegations in paragraph 75, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00190-VC

1    scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto

2    denies the remaining allegations in paragraph 75.

3        76.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 76 and therefore denies those allegations.

5        77.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 77 and therefore denies those allegations.

7        78.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 78 and therefore denies those allegations.

9        79.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in the second, third, fourth, and fifth sentences of paragraph 5 and

11   therefore denies those allegations.  In response to the last sentence of paragraph 79, Monsanto

12   denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of

13   his alleged cancer and denies the remaining allegations in paragraph 6.  Monsanto states,

14   however, that the scientific studies upon which IARC purported to base its classification were all

15   publicly available before March 2015. Monsanto denies the remaining allegations in paragraph 5.

16       80.    Monsanto incorporates by reference its responses to paragraphs 1 through 79 in

17   response to paragraph 80 of plaintiff's Complaint.

18       81.    Monsanto denies the allegations in paragraph 81.

19       82.    Monsanto denies the allegations in paragraph 82.

20       83.    Monsanto denies the allegations in paragraph 83.

21       84.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 84 and therefore denies those allegations.

23       85.    Monsanto denies the allegations in paragraph 85.

24       86.    Monsanto denies the allegations in paragraph 86.

25       87.    Monsanto denies the allegations in paragraph 87.

26       88.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 88 and therefore denies those allegations.

28       89.    Monsanto denies the allegations in paragraph 89 and each of its subparts.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00190-VC

90.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 90 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 90, including that Roundup®-branded products have "dangerous characteristics."

91.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 91 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 91, including that Roundup®-branded products have "dangerous characteristics."

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto denies the allegations in paragraph 99.

100.    Monsanto incorporates by reference its responses to paragraphs 1 through 99 in response to paragraph 100 of plaintiff's Complaint.

101.    Monsanto denies the allegations in paragraph 101.

102.    In response to the allegations in paragraph 102, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other entities identified purchased or used Roundup®-branded products and therefore denies that allegation.  The allegations in paragraph 102 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 102.

103.    The allegations in paragraph 103 set forth conclusions of law for which no response is required.

1       104.   Monsanto denies the allegations in paragraph 104.  All labeling of Roundup®-

2   branded products has been and remains EPA-approved and in compliance with all federal

3   requirements under FIFRA.

4       105.   Monsanto denies the allegations in paragraph 105.

5       106.   Monsanto denies the allegations in paragraph 106.

6       107.   Monsanto denies the allegations in paragraph 107.

7       108.   Monsanto lacks information or knowledge sufficient to form a belief as to the

8   truth of the allegations in paragraph 108 and therefore denies those allegations.

9       109.   Monsanto lacks information or knowledge sufficient to form a belief as to the

10  truth of the allegations in paragraph 109 concerning plaintiff's alleged use of Roundup®-branded

11  products and therefore denies those allegations.  Monsanto denies the remaining allegations in

12  paragraph 109, including that Roundup®-branded products have "dangerous characteristics."

13      110.   Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in paragraph 110 concerning plaintiff's alleged use and exposure to

15  Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

16  remaining allegations in paragraph 110, including that Roundup®-branded products have

17  "dangerous characteristics."

18      111.   Monsanto denies the allegations in paragraph 111.

19      112.   Monsanto denies the allegations in paragraph 112.

20      113.   Monsanto denies the allegations in paragraph 113.

21      114.   Monsanto denies the allegations in paragraph 114.

22      115.   Monsanto denies the allegations in paragraph 115.

23      116.   Monsanto denies the allegations in paragraph 116.

24      117.   Monsanto denies the allegations in paragraph 117.

25      118.   Monsanto denies the allegations in paragraph 118.

26      119.   Monsanto denies the allegations in paragraph 119.

27      120.   Monsanto incorporates by reference its responses to paragraphs 1 through 119 in

28  response to paragraph 120 of plaintiff's Complaint.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00190-VC

121.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 121 regarding the specific products allegedly used by plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore denies the allegations in paragraph 121.

122.     The allegations in paragraph 122 set forth conclusions of law for which no response is required.

123.     The allegations in paragraph 123 set forth conclusions of law for which no response is required.

124.     Monsanto denies the allegations in paragraph 124.

125.     Monsanto denies the allegations in paragraph 125.

126.     Monsanto denies the allegations in paragraph 126.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

127.     Monsanto denies the allegations in paragraph 127.

128.     Monsanto denies the allegations in paragraph 128.

129.     Monsanto denies the allegations in paragraph 129, including each of its subparts.

130.     Monsanto denies the allegations in paragraph 130.

131.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 regarding plaintiff's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 131, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

132.     Monsanto denies the allegations in paragraph 132.

133.     Monsanto denies the allegations in paragraph 133.

134.     Monsanto denies the allegations in paragraph 134.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

135.     Monsanto incorporates by reference its responses to paragraphs 1 through 134 in response to paragraph 135 of plaintiff's Complaint.

1       136.    Monsanto denies the allegations in paragraph 136.

2       137.    Monsanto denies the allegations in paragraph 137.

3       138.    Monsanto denies the allegations in paragraph 138.

4       139.    Monsanto denies the allegations in paragraph 139.

5       140.    Monsanto denies the allegations in paragraph 140.

6       141.    Monsanto denies the allegations in paragraph 141.

7       142.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8 truth of the allegations in paragraph 142 regarding plaintiff's actions, and therefore Monsanto

9 denies those allegations.  Monsanto denies the remaining allegations in paragraph 142.

10       143.    Monsanto denies the allegations in paragraph 143.

11       144.    Monsanto denies the allegations in paragraph 144.

12       145.    Monsanto incorporates by reference its responses to paragraphs 1 through 144 in

13 response to paragraph 145 of plaintiff's Complaint.

14       146.    The allegations in paragraph 146 set forth conclusions of law for which no

15 response is required.

16       147.    Monsanto denies the allegations in paragraph 147.

17       148.    Monsanto incorporates by reference its responses to paragraphs 1 through 147 in

18 response to paragraph 148 of plaintiff's Complaint.

19       149.    The allegations in paragraph 149 set forth conclusions of law for which no

20 response is required.

21       150.    Monsanto denies the allegations in paragraph 150.

22       151.    Monsanto denies the allegations in paragraph 151.

23       152.    Monsanto incorporates by reference its responses to paragraphs 1 through 151 in

24 response to paragraph 152 of plaintiff's Complaint.

25       153.    Monsanto denies the allegations in paragraph 153.

26       154.    Monsanto denies the allegations in paragraph 154.

27       155.    Monsanto denies the allegations in paragraph 155.

28       156.    Monsanto denies the allegations in paragraph 156.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In response to the "WHEREFORE" paragraph following paragraph 159, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## <u>SEPARATE AND AFFIRMATIVE DEFENSES</u>

1. The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2. Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6. Any claims against Monsanto based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00190-VC

7.     Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.     Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims against Monsanto in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Monsanto in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.     Plaintiff's claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.     Plaintiff's claims against Monsanto for punitive, exemplary, aggravated, and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Hawaii Constitution, and/or other applicable state constitutions.

18.     Plaintiff's claims against Monsanto for punitive, exemplary, aggravated, and/or treble damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under the laws of Hawaii, and/or other applicable state laws.

19.     Plaintiff's claims for punitive, exemplary, aggravated, and/or treble damages are barred and/or limited by operation of state and/or federal law.

20.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

22.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

23.     If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries or damages were not caused by a Monsanto product.

24.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

25.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

26.     Plaintiff has failed to allege fraud with sufficient particularity.

27.     To the extent that plaintiff recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

1    28.    Monsanto made no warranties of any kind or any representations of any nature

2 whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies,

3 then plaintiff failed to give notice of any breach thereof.

4    29.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

5 may become available or apparent during the course of discovery and thus reserves its right to

6 amend this Answer to assert such defenses.

7    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

8 plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

9 other relief as the Court deems equitable and just.

10    **JURY TRIAL DEMAND**

11    Monsanto demands a jury trial on all issues so triable.

12

13 DATED:  January 29, 2020                         Respectfully submitted,

14

15                                          /s/ Joe G. Hollingsworth
                                            Joe G. Hollingsworth (*pro hac vice*)
16                                          (jhollingsworth@hollingsworthllp.com)
                                            Eric G. Lasker (*pro hac vice*)
17                                          (elasker@hollingsworthllp.com)
                                            HOLLINGSWORTH LLP
18                                          1350 I Street, N.W.
                                            Washington, DC  20005
19                                          Telephone:  (202) 898-5800
                                            Facsimile:   (202) 682-1639
20
                                            *Attorneys for Defendant*
21                                          *MONSANTO COMPANY*

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00190-VC