**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Johnny Mickele Angioi, individually, and Shelly Ann Angioi, husband and wife and their marital community v. Monsanto Co.*, Case No. 3:20-cv-00583-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Johnny Mickele Angioi and Shelly Ann Angioi's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability as to that claim. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies those allegations.

4.      Monsanto denies the allegations in paragraph 4.

5.      Monsanto denies the allegations in paragraph 5.

6.      The allegations in the first two sentences of paragraph 6 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in the first two sentences of paragraph 6 based upon the allegations in plaintiffs' Complaint.  Monsanto admits the allegations in the final sentence of paragraph 6.

7.      Monsanto admits that it sells, markets, and/or distributes Roundup®-branded products within Washington.  The remaining allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first three sentences of paragraph 8 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 8.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

10.      Monsanto admits the allegations in paragraph 10.

11.      In response to the allegations in paragraph 11, Monsanto denies any negligent or tortious acts or omissions.  The remaining allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.     Monsanto admits it is authorized to do business in Washington.  The remaining allegations in paragraph 13 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

13.     In response to the allegations in paragraph 13, Monsanto admits that it sells Roundup®-branded products in Washington.

14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.     Monsanto admits the allegations in paragraph 15.

16.     Monsanto admits that it is authorized to do business in Washington.  The remaining allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     Monsanto denies the allegations in paragraph 17.

18.     Monsanto incorporates by reference its responses to paragraphs 1 through 17 in response to paragraph 18 of plaintiffs' Complaint.

19.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the final sentence of paragraph 20 and therefore denies those allegations.  Monsanto states that the remaining allegations in paragraph 20 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

21.     In response to the allegations in the fourth sentence of paragraph 21, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds and that

glyphosate is the active ingredient in Roundup®-branded products.  The remaining allegations in the fourth sentence of paragraph 21 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore denies those allegations.  Monsanto admits the remaining allegations in paragraph 21.

22.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in the first sentence of paragraph 22 comprise attorney characterizations and are accordingly denied.  Monsanto admits the second sentence of paragraph 22.

23.     Monsanto generally admits the allegations in paragraph 23, but denies the allegations in paragraph 23 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

24.     In response to the last sentence of paragraph 24, Monsanto admits that glyphosate was one of the world's most widely used herbicides in 2013, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies those allegations.

25.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies those allegations.

26.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 26 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 26.

27.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in the first sentence of paragraph 27.  In response

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00583-VC

to the allegations in the second sentence of paragraph 27, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that the allegations in the second sentence of paragraph 27 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

28.     The allegations in paragraph 28 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 28.

29.     In response to the allegations in paragraph 29, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 29 set forth conclusions of law for which no response is required.

30.     The allegations in paragraph 30 set forth conclusions of law for which no response is required.

31.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Washington for sale and distribution.

32.     In response to the allegations in paragraph 32, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

1   states that the term "the product tests" in the final sentence of paragraph 32 is vague and

2   ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 32

3   set forth conclusions of law for which no answer is required.

4         33.      Monsanto denies the allegations in paragraph 33 to the extent that they suggest

5   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

6   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

7   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

8   of the allegations in paragraph 33 regarding such pesticide products generally and therefore

9   denies those allegations.  The remaining allegations in paragraph 33 set forth conclusions of law

10  for which no response is required.

11        34.      In response to the allegations in paragraph 34, Monsanto admits that EPA has

12  undertaken a regulatory review of glyphosate and further admits that EPA has not released its

13  findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

14  Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

15  concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

16  humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

17  posted an October 2015 final report by its standing Cancer Assessment Review Committee

18  ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

19  to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

20  issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

21  the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

22

23  _____

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic*
24  *Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
    document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in
25  anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
    potential.

26  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
    U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
27  *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
    Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00583-VC

1   humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

2   of the remaining allegations in paragraph 34 and therefore denies those allegations.

3        35.     Monsanto denies the allegations in paragraph 35.

4        36.     Monsanto denies the allegations in paragraph 36.

5        37.     The allegations in paragraph 37 comprise attorney characterizations and are

6   accordingly denied.

7        38.     In response to the allegations in paragraph 38, Monsanto states that the cited

8   document speaks for itself and does not require a response.  To the extent that the allegations in

9   paragraph 38 go beyond a restatement of the cited document, Monsanto lacks information or

10  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 38

11  and therefore denies those allegations.

12       39.     Monsanto admits the allegations in paragraph 39.

13       40.     In response to the allegations in paragraph 40, Monsanto admits that plaintiffs

14  have accurately quoted from one passage in an EPA document in 1991 with respect to the

15  designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

16  does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP

17  reports and the EPA CARC Final Report discussed above, other specific findings of safety

18  include:

19       •   "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that
20          shows evidence of non-carcinogenicity for humans—based on the lack of convincing
            evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
21          Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
            http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

22       •   "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
23          60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

         •   "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
24          Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

25       •   "There is [an] extensive database available on glyphosate, which indicate[s] that
26          glyphosate is not mutagenic, not a carcinogen, and not a developmental or

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of
Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/
document?D=EPA-HQ-OPP-2016-0385-0528.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00583-VC

reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 40.

41.    Monsanto denies the allegations in paragraph 41.

42.    Monsanto admits the allegations in the first sentence of paragraph 42. In response to the remaining allegations in paragraph 42, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 42 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 42.

43.    In response to the allegations in the first sentence of paragraph 43, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in the first sentence of paragraph 43.  The remaining allegations in paragraph 43 are vague and ambiguous and are accordingly denied.

44.    Monsanto states that the term "toxic" as used in paragraph 44 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 44.

45.    Monsanto admits the allegations in the first sentence of paragraph 45. In response to the remaining allegations in paragraph 45, Monsanto states that the document speaks for itself

and does not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 45.

46.    Monsanto denies the allegations in paragraph 46.

47.    Monsanto admits the allegations in the first sentence of paragraph 47. Monsanto denies the remaining allegations in paragraph 47.

48.    In response to the allegations in paragraph 48, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 48 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 48.  In response to the remaining allegations in paragraph 48, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 48.

49.    In response to the allegations in paragraph 49, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 49 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 49.

50.    In response to the allegations in paragraph 50, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 50 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 50.

51.    Monsanto admits the allegations in the first sentence of paragraph 51. Monsanto denies the remaining allegations in paragraph 51.

52.    In response to the allegations in paragraph 52, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 52 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 52.

53.    In response to the allegations in paragraph 53, Monsanto admits that the referenced article was published.  To the extent the allegations in paragraph 53 characterize the meaning of the cited article, Monsanto denies the allegations in paragraph 53.

54.      Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 54.

55.      Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 55..

56.      Monsanto denies the allegations in paragraph 56.

57.      Monsanto denies the allegations in paragraph 57.

58.      Monsanto denies the allegations in paragraph 58.

59.      Monsanto denies the allegations in paragraph 59.

60.      Monsanto denies the allegations in paragraph 60.

61.      Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 and therefore denies those allegations.

62.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

63.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

64.      Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 64 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

65.      Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

1   2A carcinogen.  In response to the remaining allegations in paragraph 65, Monsanto states that

2   the document speaks for itself and does not require a response.  To the extent that a response is

3   deemed required, the remaining allegations in paragraph 65 comprise attorney characterizations

4   and are accordingly denied.

5          66.     Monsanto denies the allegations in paragraph 66.  The IARC working group

6   concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

7   which, per IARC's guidelines, means that the working group could not rule out chance, bias or

8   confounding so as to reach any conclusion of an increased risk.

9          67.     In response to the allegations in paragraph 67, Monsanto states that the document

10  speaks for itself and does not require a response.  To the extent that a response is deemed

11  required, the allegations in paragraph 67 comprise attorney characterizations and are accordingly

12  denied.

13         68.     In response to the allegations in paragraph 68, Monsanto admits that an EPA

14  review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

15  denies the remaining allegations in paragraph 68.

16         69.     In response to the allegations in paragraph 69, Monsanto admits that EPA

17  changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

18  evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

19  denies the remaining allegations in paragraph 69.

20         70.     In response to the allegations in paragraph 70, Monsanto admits that it – along

21  with a large number of other companies and governmental agencies – was defrauded by two

22  chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

23  testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

24  toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

25  glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

26  studies.  To the extent that the allegations in paragraph 70 are intended to suggest that Monsanto

27  was anything other than a victim of this fraud, such allegations are denied.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00583-VC

1    71.    In response to the allegations in paragraph 71, Monsanto admits that IBT

2    Laboratories was hired to conduct toxicity studies in connection with the registration of a

3    Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

4    based upon any fraudulent or false IBT studies.

5    72.    Monsanto denies the allegations in paragraph 72 to the extent they suggest that

6    EPA performed an inspection of IBT Laboratories solely or specifically in connection with

7    studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

8    Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

9    connection with services provided to a broad number of private and governmental entities and

10   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

11   one of several pesticide manufacturers who had used IBT test results.  The audit found some

12   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

13   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

14   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

15   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 72 are

16   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

17   denies those allegations.

18   73.    Monsanto denies the allegations in paragraph 73 to the extent they suggest that

19   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

20   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

21   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

22   connection with services provided to a broad number of private and governmental entities and

23   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

24   one of several pesticide manufacturers who had used IBT test results.  The audit found some

25   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

26   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

27   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

28   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 73 are

1   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

2   denies those allegations.  In response to the allegations in the last sentence of paragraph 73,

3   Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto

4   denies that any of the individuals were convicted based upon studies conducted on glyphosate or

5   glyphosate-based herbicides.

6   74.   In response to the allegations in paragraph 74, Monsanto admits that it was

7   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

8   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 74

9   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

10   denies those allegations.

11   75.   In response to the allegations in paragraph 75, Monsanto admits that the New

12   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

13   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

14   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

15   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

16   the subparts purport to quote a document, the document speaks for itself and thus does not

17   require any further answer.  The remaining allegations in paragraph 75 are vague and conclusory

18   and comprise attorney characterizations and are accordingly denied.

19   76.   In response to the allegations in paragraph 76, Monsanto admits it entered into an

20   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

21   itself and thus does not require any further answer.  The remaining allegations in paragraph 76

22   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

23   77.   Monsanto denies the allegations in paragraph 77.

24   78.   In response to the allegations in paragraph 78, Monsanto admits that the French

25   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

26   that it "left the soil clean," but denies the allegations in paragraph 78 to the extent that they

27   suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

28   cancer.  Monsanto denies the remaining allegations in paragraph 78.

1    79.    In response to the allegations in paragraph 79, Monsanto admits that it has stated

2    and continues to state that Roundup®-branded products are safe when used as labeled and that

3    they are non-carcinogenic and non-genotoxic.  Monsanto admits that a 1986 joint report of the

4    World Health Organization and Food and Agriculture Organization of the United Nations is cited

5    in support of the safety of glyphosate and Roundup®-branded products.  Monsanto denies that

6    this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded

7    products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto

8    denies the remaining allegations in paragraph 79.

9    80.    Monsanto denies the allegations in paragraph 80.

10    81.    Monsanto denies the allegations in paragraph 81.

11    82.    Monsanto denies the allegations in paragraph 82.

12    83.    Monsanto denies the allegations in paragraph 83.

13    84.    Monsanto denies the allegations in paragraph 84.

14    85.    Monsanto denies the allegations in paragraph 85.

15    86.    Monsanto denies the allegations in paragraph 86.

16    87.    Monsanto denies the allegations in paragraph 87.

17    88.    Monsanto denies the allegations in paragraph 88.

18    89.    Monsanto denies the allegations in paragraph 89.

19    90.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20    truth of the allegations in paragraph 90 and therefore denies those allegations.

21    91.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22    truth of the allegations in the first three sentences of paragraph 91.  In response to the allegations

23    in the fourth sentence of paragraph 91, Monsanto denies that there is any risk of serious illness

24    associated with the use of and/or exposure to Roundup®-branded products and glyphosate and

25    denies that Roundup®-branded products or glyphosate are injurious to human health.  Monsanto

26    lacks information or knowledge sufficient to form a belief as to the truth of the remaining

27    allegations in paragraph 91 and therefore denies those allegations.  Monsanto states, however,

28

- 14 -

1   that the scientific studies upon which IARC purported to base its evaluation of glyphosate were

2   all publicly available before March 2015.

3       92.     Monsanto lacks information or knowledge sufficient to form a belief as to the

4   truth of the allegations in paragraph 92 and therefore denies those allegations.

5       93.     Monsanto lacks information or knowledge sufficient to form a belief as to the

6   truth of the allegations in the first sentence of paragraph 93 and therefore denies those

7   allegations.  Monsanto denies the remaining allegations in paragraph 93.

8       94.     Monsanto lacks information or knowledge sufficient to form a belief as to the

9   truth of the allegations in paragraph 94 and therefore denies those allegations.

10      95.     In response to the allegations in paragraph 95, Monsanto denies that any exposure

11  to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

12  illnesses and denies that there are any defects in those products.  Monsanto lacks information or

13  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 95

14  and therefore denies those allegations.  Monsanto states, however, that the scientific studies upon

15  which IARC purported to base its evaluation of glyphosate were all publicly available before

16  March 2015.

17      96.     Monsanto incorporates by reference its responses to paragraphs 1 through 95 in

18  response to paragraph 96 of plaintiffs' Complaint.

19      97.     Monsanto denies the allegations in paragraph 97.

20      98.     In response to the allegations in paragraph 98, Monsanto admits that it has stated

21  and continues to state that Roundup®-branded products are safe when used as labeled and that

22  they are non-toxic and non-carcinogenic.

23      99.     In response to the allegations in paragraph 99, Monsanto states that the cited

24  document speaks for itself and does not require a response.

25      100.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

26  exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

27  100.  Monsanto states, however, that the scientific studies upon which IARC purported to base

28  its classification were all publicly available before March 2015.

101.    Monsanto denies the allegations in paragraph 101.  The remaining allegations in paragraph 101 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

102.    Monsanto denies the allegations in the last sentence of paragraph 102.  The remaining allegations in paragraph 102 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

103.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 103 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

104.    Monsanto incorporates by reference its responses to paragraphs 1 through 103 in response to paragraph 104 of plaintiffs' Complaint.

105.    Monsanto denies the allegations in paragraph 105.

106.    In response to the allegations in paragraph 106, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 106.

107.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore denies those allegations.

108.    Monsanto denies the allegations in paragraph 108, including each of its subparts.

109.    Monsanto denies the allegations in paragraph 109.

110.    Monsanto incorporates by references its responses to paragraphs 1 through 109 in response to paragraph 110 of plaintiffs' Complaint.

111.    Monsanto denies the allegations in paragraph 111.  Additionally, the last sentence in paragraph 111 sets forth a conclusion of law for which no response is required.

112.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 112 regarding plaintiff's use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 112 set forth conclusions of law for which no response is required.

113.    Monsanto denies the allegations in paragraph 113.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

114.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114 regarding plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 114 set forth conclusions of law for which no response is required.

115.    The allegations in paragraph 115 set forth conclusions of law for which no response is required.

116.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 116 concerning plaintiff's claimed purchase of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 116 set forth a conclusion of law for which no response is required.

117.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117 and therefore those allegations.

118.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 118 regarding the claimed use of Roundup®-branded products by plaintiff and others and therefore denies those allegations.  The remaining allegations in paragraph 118 set forth conclusions of law for which no response is required.

119.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 119 regarding plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 119 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 119.

120.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 120 regarding plaintiff's claimed use of Roundup®-branded products or plaintiff's claimed reliance and therefore denies those allegations.  The allegation in paragraph 120 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.

121.     Monsanto denies that there is any risk of serious injury associated with the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 121 plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 121.

122.     Monsanto denies the allegations in paragraph 122.

123.     Monsanto denies the allegations in paragraph 123.

124.     Monsanto denies the allegations in paragraph 124.

125.     Monsanto incorporates by references its responses to paragraphs 1 through 124 in response to paragraph 125 of plaintiffs' Complaint.

126.     Monsanto denies the allegations in paragraph 126.

127.     Monsanto denies the allegations in paragraph 127, including each of its subparts.

128.     Monsanto denies the allegations in paragraph 128.

129.     Monsanto denies the allegations in paragraph 129.

130.     Monsanto denies the allegations in paragraph 130.

131.     Monsanto incorporates by reference its responses to paragraphs 1 through 130 in response to paragraph 131 of plaintiffs' Complaint.

132.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 132 regarding the specific products allegedly used by plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore denies the allegations in paragraph 132.

133.    The allegations in paragraph 133 set forth conclusions of law for which no response is required.

134.    The allegations in paragraph 134 set forth conclusions of law for which no response is required.

135.    Monsanto denies the allegations in paragraph 135.

136.    Monsanto denies the allegations in paragraph 136.

137.    Monsanto denies the allegations in paragraph 137.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto denies the allegations in paragraph 139.

140.    Monsanto denies the allegations in paragraph 140, including each of its subparts.

141.    Monsanto denies the allegations in paragraph 141.

142.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 142 regarding plaintiff's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 142, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

143.    Monsanto denies the allegations in paragraph 143.

144.    Monsanto denies the allegations in paragraph 144.

145.    Monsanto denies the allegations in paragraph 145.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

146.    Monsanto incorporates by reference its responses to paragraphs 1 through 145 in response to paragraph 146 of plaintiffs' Complaint.

1    147.    Monsanto denies the allegations in paragraph 147.

2    148.    Monsanto denies the allegations in paragraph 148.

3    149.    Monsanto denies the allegations in paragraph 149.

4    150.    Monsanto denies the allegations in paragraph 150.

5    151.    Monsanto denies the allegations in paragraph 151.

6    152.    Monsanto denies the allegations in paragraph 152.

7    153.    Monsanto denies the allegations in paragraph 153.

8    154.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 154 regarding plaintiff's actions, and therefore Monsanto

10   denies those allegations.  Monsanto denies the remaining allegations in paragraph 154.

11   155.    Monsanto denies the allegations in paragraph 155.

12   156.    Monsanto denies the allegations in paragraph 156.

13   157.    Monsanto incorporates by reference its responses to paragraphs 1 through 149 in

14   response to paragraph 157 of plaintiffs' Complaint.

15   158.    Monsanto denies the allegations in paragraph 158.

16   159.    Monsanto incorporates by reference its responses to paragraphs 1 through 158 in

17   response to paragraph 159 of plaintiffs' Complaint.

18   160.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 160 and therefore denies those allegations.

20   161.    Monsanto denies the allegations in paragraph 161.

21   162.    Monsanto denies the allegations in paragraph 162.

22   In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

23   denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

24   damages, interest, costs, or any other relief whatsoever.

25   Every allegation in the Complaint that is not specifically and expressly admitted in this

26   Answer is hereby specifically and expressly denied.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00583-VC

## SEPARATE AND AFFIRMATIVE DEFENSES

1.       The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.       Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.       Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.       Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.       Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.       Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.       Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.       Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.       Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims for punitive, exemplary, aggravated, and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and other

rights under the United States Constitution, the Washington Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims for punitive, exemplary, and/or treble damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Washington law and/or other applicable state laws.

20.     Plaintiffs' claims for punitive, exemplary, and/or treble damages are barred and/or limited by operation of state and/or federal law, including Washington law.

21.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

22.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

23.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receive from collateral sources.

25.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

27.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     Plaintiffs' common law claims are barred, in whole or part, by application of Wash. Rev. Code §§ 7.72.010-.060.

29.     Plaintiffs have failed to allege fraud with sufficient particularity.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

1    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2    plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

3    such other relief as the Court deems equitable and just.

4                              <u>**JURY TRIAL DEMAND**</u>

5         Monsanto demands a jury trial on all issues so triable.

6

7    DATED:  January 30, 2020                    Respectfully submitted,

8

                                                 /s/ Joe G. Hollingsworth
9                                                Joe G. Hollingsworth (*pro hac vice*)
                                                 (jhollingsworth@hollingsworthllp.com)
10                                               Eric G. Lasker (*pro hac vice*)
                                                 (elasker@hollingsworthllp.com)
11                                               HOLLINGSWORTH LLP
                                                 1350 I Street, N.W.
12                                               Washington, DC  20005
                                                 Telephone:  (202) 898-5800
13                                               Facsimile:   (202) 682-1639

14                                               *Attorneys for Defendant*
                                                 *MONSANTO COMPANY*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00583-VC