# Plaintiff's Motion to Remand EXHIBIT 2

1   Michael L. Baum, Esq. (SBN: 119511)
    mbaum@baumhedlundlaw.com
2   Bijan Esfandiari (SBN 223216)
    besfandiari@baumhedlund.com
3   R. Brent Wisner, Esq. (SBN: 276023)
    rbwisner@baumhedlundlaw.com
4   Pedram Esfandiary (SBN: 312569)
    pesfandiary@baumhedlund.com
5   **BAUM HEDLUND, ARISTEI, &**
    **GOLDMAN, P.C.**
6   10940 Wilshire Blvd., 17th Floor
    Los Angeles, CA 90024
7   Telephone:  (310) 207-3233
    Facsimile:  (310) 820-7444
8
9   *Attorneys for Plaintiff*
10
11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
12                      **FOR THE COUNTY OF ALAMEDA**
13
    COORDINATION PROCEEDING SPECIAL          JCCP NO. 4953
14  TITLE (Rule 3.550)
                                             ASSIGNED FOR ALL PURPOSES TO
15  **ROUNDUP PRODUCTS CASES**               HONORABLE WINIFRED SMITH
                                             DEPARTMENT 21
16
    THIS DOCUMENT RELATES TO:                **PLAINTIFF'S REPLY IN SUPPORT OF**
17                                           **MOTION FOR TRIAL PREFERENCE**
18  *Olah. v. Monsanto Company, et al.*, (Super. Ct.
    County of Los Angeles, Case No.          Hearing Date:      January 10, 2020
19  19STCV33093)                             Time:              10:00 a.m.
                                             Department:        21
20                                           **Reservation No.:**  **R-2143270**
21
22
23
24
25
26
27
28

─────────────────────────────────────────────
                MOTION FOR TRIAL PREFERENCE

ENDORSED
FILED
ALAMEDA COUNTY

JAN - 3 2020

CLERK OF THE SUPERIOR COURT
MARGARET J. DOWNIE   Deputy

1  Michael L. Baum, Esq. (SBN: 119511)
   mbaum@baumhedlundlaw.com
2  Bijan Esfandiari (SBN 223216)
   besfandiari@baumhedlundlaw.com
3  R. Brent Wisner, Esq. (SBN: 276023)
   rbwisner@baumhedlundlaw.com
4  Pedram Esfandiary (SBN: 312569)
   pesfandiary@baumhedlundlaw.com
5  **BAUM HEDLUND, ARISTEI, &**
   **GOLDMAN, P.C.**
6  10940 Wilshire Blvd., 17th Floor
   Los Angeles, CA 90024
7  Telephone:  (310) 207-3233
   Facsimile:  (310) 820-7444
8

9  *Attorneys for Plaintiff*

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                    **FOR THE COUNTY OF ALAMEDA**

13

| COORDINATION PROCEEDING SPECIAL TITLE (Rule 3.550) | JCCP NO. 4953 |
|---|---|
| **ROUNDUP PRODUCTS CASES** | ASSIGNED FOR ALL PURPOSES TO HONORABLE WINIFRED SMITH DEPARTMENT 21 |
| THIS DOCUMENT RELATES TO: | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR TRIAL PREFERENCE** |
| *Olah. v. Monsanto Company, et al*., (Super. Ct. County of Los Angeles, Case No. 19STCV33093) | Hearing Date:  January 10, 2020<br>Time:  10:00 a.m.<br>Department:  21<br>**Reservation No.:  R-2143270** |

**INTRODUCTION**

In her moving papers for trial preference, plaintiff, Mary V. Olah ("Plaintiff" or "Olah") demonstrated that: (a) she is 75 years old; (b) she has a substantial interest in this action as she is a plaintiff in this action; and (c) in light of her medical condition and ailing health, trial preference is necessary to prevent prejudicing her interests in this litigation.  Specifically, as to this third point, Olah demonstrated though declarations and her medical records that (i) in May 2019, she was diagnosed with a new cancer, specifically, diffuse large B-Cell lymphoma, which is non-Hodgkin's Lymphoma; (ii) in the process of conducting the biopsy to diagnose her cancer, Olah sustained a cardiovascular accident, specifically a stroke that caused her right arm and leg weakness which required hospitalization; (iii) as a result of her cancer diagnosis, she had to undergo multiple rounds of chemotherapy which only concluded in October of 2019; (iv) the contemporaneous medical records indicate that her doctors believed she had "a very actively and aggressively behaving lymphoma" (Olah-113) and that "[g]iven her age and poor performance status and morbid obesity…and because of [her] clinical state, main goal of management would be palliation." (Olah-110); and (v) in addition to her NHL cancer, Olah suffered from other serious medical issues, including morbid obesity, kidney stones, high-blood pressure, congestive heart failure, extreme fatigue, limited mobility, dizziness (Olah Dec. 11th Decl. at ¶¶ 5-9).

In addition, on December 16, 2019, five days *after* Olah submitted her declaration in support of her preference motion, she had to be rushed to the hospital emergency room due to severe shortness of breath and was diagnosed with passing a kidney stone and blood clot in one of her lungs and was prescribed an oxygen tank, which she has had to use nightly since being discharged from the hospital on December 19, 2019.  This is the second time in the last few months that she had to be taken to the emergency room due to her inability to breath.  *See* Olah, January 2, 2020 Decl. at ¶¶ 2-3 (filed concurrently herewith).

The evidence presented in the moving papers, which included declarations by Olah and her counsel as well as copies of Olah's relevant medical records, and which are briefly summarized *supra*, confirm that, in light of her age, cancer diagnosis, other medical ailments and declining medical health, she will not be able to participate in a trial unless she is granted preference.  In

addition, Olah's motion was also supported by case law precedent that supports the mandatory granting of her preference motion, including but not limited to the recent case *Fox v. Superior Court*, 21 Cal. App. 5th 529, 534 (2018), which on facts nearly identical to the present case, found that the trial court had abused its discretion in failing to grant a preference motion.

Monsanto's opposition does nothing to alter the conclusion that, under these presented facts, this court is statutorily duty-bound to grant Olah's trial preference motion.  Monsanto's ***first*** salvo is to marshal in and rely upon the declaration of a Dr. Miller hailing from Boston, who has never seen, spoken with or treated Olah, but who sees no roadblocks to him contradicting the prognosis outlined by Olah's doctors in her medical records and to speculatively opine that "there is no indication that Ms. Olah is close to death or that Ms. Olah's trial needs to start within 120 days of January 10, 2020 to ensure that Ms. Olah will be able to participate at her trial without impairing her interest in the litigation."  See Miller Decl. at ¶16.  Of course, Dr. Miller admits he does not have all the information to make this prognosis and in order to reach it he admits he is contradicting information in Olah's medical records wherein her own treating physicians noted that she had an "aggressive" lymphoma and "poor performance status" given her cancer diagnosis, age and other serious debilitating medical conditions.  *See* Exh. 1, Olah-110; see also Miller Decl at ¶15. In fact, at the time Dr. Miller was reviewing her medical records, drafting his declaration and reaching his baseless and foundationless opinions concerning Olah's supposed great health and optimistic prognosis, Olah was being rushed to the medical emergency room due to difficulty breathing, was passing a kidney stone and had developed a blood clot in her lung, required multiple days of hospitalization and now Olah has to rely upon an oxygen tank for breathing purposes.  See Olah January 2nd Decl. at ¶2.  Miller's declaration should be stricken or otherwise disregarded, and indeed it is a discredit to the medical field that Monsanto has managed to pay a medical doctor to agree to reach opinions on a patient's prognosis when the doctor admits he does not have all the relevant information, when the doctor has never treated or even spoken with the patient and when the doctor's opinions are contrary to the opinions of the patient's own treaters and indeed contrary to reality.  The fact is that the declarations of counsel and Olah, along with the contemporaneous medical records, confirm that Olah has met her burden under Section 36(a) and indeed, as outlined in the moving

papers, her medical condition and the facts in this case are nearly identical to the condition of the plaintiff in the *Fox* case, in which the court of appeal concluded warranted preferential trial. *Fox*, 21 Cal.App. 5th at 536.

Monsanto's **second** argument is to argue that Olah's motion should be denied because it is not supported by any declarations from medical professionals.  However, this exact argument has been rejected by the Court of Appeal in *Fox* which held that, under the statute, a trial preference motion pursuant to Section 36(a) does not require any declarations from medical professionals, but rather, it "may be supported by nothing more than an attorney's declaration 'based upon information and belief as to the medical diagnosis and prognosis of any party.'" *Fox*, 21 Cal.App.5th at 534; see also CAL. CIV. PROC. §§36(a) & 36.5.  Accordingly, like *Fox,* this Court should likewise reject Monsanto's invitation to rewrite the Civil Code which has already been diligently drafted by the legislature and interpreted by the Court of Appeal.  Here, like *Fox*, Olah's motion was supported by a declaration from her counsel which appended the relevant medical records and also included a declaration from Olah concerning her medical condition, diagnosis and prognosis.  *Fox*, 21 Cal.App.5th at 531-32 & 534.

Monsanto's **third** argument is to feebly attempt to distinguish *Fox* and argue that the *Fox* plaintiff was in a more dire medical condition.  To the contrary, as outlined in Olah's moving papers, there is substantial similarity between Olah's medical condition and that of the *Fox* plaintiff and, if anything, Olah is in a more dire condition than what was presented in Fox.  Specifically:

1.  Both are over the age of 70: Fox was 81 years old; Olah is over 75- years old;

2.  Fox was diagnosed with cancer and was in partial remission; Olah was diagnosed with cancer and underwent six rounds of chemotherapy and is being closely monitored;

3.  Fox had significant co-morbidities, including asbestos-related pleural disease, severe coronary artery disease, and anemia; Olah likewise suffers from significant co-morbidities, such as morbid obesity; high blood-pressure; kidney stones; and congestive heart failure;

4.  Both Fox and Olah have suffered from other medical issues and significant side effects of their cancer treatment, such as:

a.   Body aches and pains;

b.   Extreme weakness and fatigue;

c.   Abdominal and bowel complications;

d.   Dizziness

Notably, as discussed in more detail above, Olah even suffers from additional complications beyond those shared with Fox.  For instance, Olah has experienced acute bronchitis; kidney stones; and congestive heart failure.  *See* Olah Decl. at ¶ 5-7.  Olah's medical complications have severely affected her quality of life, compounded by issues such as difficulty maintaining balance and needing the assistance of a cane to ambulate when outside of her home.  Indeed, both before and during her NHL diagnosis, Olah was only "able to ambulate about 10-15 steps before [shortness of breath].") Exh. 1, Olah Medical Records at Olah – 79, 38 ("Heart failure with preserved left ventricular function (HFpEF) (I50.30), Current."), 111-113 ("We will try to expedite start of chemotherapy as this appears to be a very actively and aggressively behaving lymphoma."), 4 ("the symptoms are reported as being severe. The symptoms occur daily.").  And as noted in her most recent declaration, in the past two months, Olah had to be rushed to the emergency room on two separate occasions (including on December 16, 2019), due to shortness of breath and was recently diagnosed with a blood clot in her lung and now requires an oxygen tank to assist with her breathing at night. *See* Olah January 2, 2020 Decl. at ¶2.  In sum, Monsanto's feeble attempts to factually distinguish *Fox* are misguided and meritless.

Monsanto's ***final*** argument is to lament that too many *previous* plaintiffs have sought preference trials and therefore Olah's motion should be denied.  In sum, Monsanto wants Olah's interests sacrificed simply because she is not the only victim that Monsanto has irreparably harmed. Certainly, if Monsanto wished to avoid litigation and preference trials, it should have thought about these issues when it maliciously decided to defraud and endanger California consumers by concealing the carcinogenic properties of its weed killer.  Having created thousands of victims, Monsanto now begs the court to further assist it in denying the interests of the plaintiffs who are statutorily entitled to preference so as to ensure they are able to participate in their trial.  There is no exception in Rule 36(a) to allow a defendant, who through its fraud and malice created multiple plaintiffs, to escape the

ramifications of Rule 36(a)'s trial preference mandates.  And Monsanto's arguments that Olah's interests should be sacrificed at the alter of judicial efficiency (because it somehow conflicts with the orderly administration of a JCCP), has already been rejected by the Court of Appeal.  As *Koch-Ash* held:

> [The Trial Court] had no discretion to so balance interests. Respondent's authority and jurisdiction was limited by section 36, subdivisions (a) and (e), to setting trial for a date within 120 days of granting the preference motion. For [the Trial Court] to have ignored the unquestionably controlling authority of the statute, as construed by Rice, was an abuse of discretion. [¶] If trial courts are permitted to make administrative inroads into the section 36 mandate, the effectiveness of that mandate will be eviscerated, if only to the extent that a litigant's section 36 rights will be jeopardized while appellate courts review circumstances seen by trial courts as justifying their revocation of trial preferences upon their own re-balancing of interests. [¶] If trial courts believe that certain exceptions to section 36 are necessary in complex, consolidated actions, their remedy lies in persuading the Legislature to amend the absolute language of section 36, subdivision (a) to provide appropriate exceptions.

*Koch-Ash v. Superior Court*, 180 Cal. App. 3d 689, 698 (1986); *see also Miller v. Superior Court*, 221 Cal.App.3d 1200, 1206 (1990) (same); *Sprowl v. Superior Court*, 219 Cal. App. 3d 777, 780 (1990) (same).

For all of the foregoing reasons, Olah respectfully requests that, pursuant to Section 36(a) of the California Code of Civil Procedure, this Honorable Court grant Olha's motion for a preferential trial date and set a trial date in **April 2020**.


Respectfully submitted,

Dated:  January 3, 2020          **BAUM HEDLUND ARISTEI & GOLDMAN, P.C.**


Bijan Esfandiari (SBN: 223216)
besfandiari@baumhedlundlaw.com
Pedram Esfandiary (SBN: 312569)
pesfandiary@baumhedlundlaw.com

R. Brent Wisner (SBN: 276023)
rbwisner@baumhedlundlaw.com
Michael L. Baum (SBN: 119511)
mbaum@baumhedlundlaw.com
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
Telephone: (310) 207-3233
Facsimile: (310) 820-7444

*Counsel for Plaintiff*

MOTION FOR TRIAL PREFERENCE

1

## PROOF OF SERVICE

2

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

4

      I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 10940 Wilshire Blvd., 17th Floor, Los Angeles, CA 90024.

5

6

      On January 3, 2020, I served the following document(s): **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR TRIAL PREFERENCE** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

7

8

**[X]**    **BY ELECTRONIC TRANSFER TO CASE ANYWHERE** via the Internet pursuant to the Court's Case Management Order No. 2 Authorizing Electronic Service dated March 23, 2018.

9

10

**[ ]**    **BY ELECTRONIC SERVICE:** I caused such document(s) to be served on the above referenced individual(s) by email transmission. The address of the sending computer and the address(es) of the receiving computers are listed as:

11

12

**[X]**    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit. (*Chair, Judicial Council of California only*)

13

14

15

16

**Defendant Orchard Supply Hardware:**

17

18

Ernesto Resurreccion
Deputy Secretary of State
Secretary of State on behalf of
Orchard Supply Hardware Corporation
1500 11th Street, 3rd Floor
Sacramento, CA 95814

19

20

21

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23

      Executed on January 3, 2020 at Los Angeles, California.

24

25

26

          _____

27

          Valeriya Adlivankina

28

MOTION FOR TRIAL PREFERENCE

1  Michael L. Baum, Esq. (SBN: 119511)
   mbaum@baumhedlundlaw.com
2  Pedram Esfandiary (SBN: 312569)
   pesfandiary@baumhedlund.com
3  R. Brent Wisner, Esq. (SBN: 276023)
   rbwisner@baumhedlundlaw.com
4  **BAUM HEDLUND, ARISTEI, &**
   **GOLDMAN, P.C.**
5  10940 Wilshire Blvd., 17th Floor
   Los Angeles, CA 90024
6  Telephone:  (310) 207-3233
   Facsimile:  (310) 820-7444
7
8  *Attorneys for Plaintiff*

9

10            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                    **FOR THE COUNTY OF ALAMEDA**

12  COORDINATION PROCEEDING SPECIAL        JCCP NO. 4953
    TITLE (Rule 3.550)
13                                          ASSIGNED FOR ALL PURPOSES TO
    **ROUNDUP PRODUCTS CASES**              HONORABLE WINIFRED SMITH
14                                          DEPARTMENT 21
15  THIS DOCUMENT RELATES TO:              **DECLARATION OF MARY V. OLAH IN**
                                           **SUPPORT OF PLAINTIFF'S REPLY TO**
16  *Olah. v. Monsanto Company, et al.*, (Super. Ct.   **MOTION FOR TRIAL PREFERENCE**
    County of Los Angeles, Case No.
17  19STCV33093)                           Hearing Date:    January 10, 2020
18                                          Time:            10:00 a.m.
                                           Department:      21
19                                          **Reservation No.:   R-2143270**
20

21

22

23

24

25

26

27

28



---

Declaration of Mary V. Olah in support of Plaintiff's Reply to Plaintiff's Motion for
Trial Preference

Michael L. Baum, Esq. (SBN: 119511)
mbaum@baumhedlundlaw.com
Pedram Esfandiary (SBN: 312569)
pesfandiary@baumhedlund.com
R. Brent Wisner, Esq. (SBN: 276023)
rbwisner@baumhedlundlaw.com
**BAUM HEDLUND, ARISTEI, &
GOLDMAN, P.C.**
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
Telephone:  (310) 207-3233
Facsimile:  (310) 820-7444

*Attorneys for Plaintiff*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE (Rule 3.550)<br><br>**ROUNDUP PRODUCTS CASES**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Olah. v. Monsanto Company, et al.*, (Super. Ct. County of Los Angeles, Case No. 19STCV33093) | JCCP NO. 4953<br><br>ASSIGNED FOR ALL PURPOSES TO HONORABLE WINIFRED SMITH DEPARTMENT 21<br><br>**DECLARATION OF MARY V. OLAH IN SUPPORT OF PLAINTIFF'S REPLY TO MOTION FOR TRIAL PREFERENCE**<br><br>Hearing Date:  January 10, 2020<br>Time:  10:00 a.m.<br>Department:  21<br>**Reservation No.:  R-2143270** |

---

I, Mary V. Olah, hereby declare as follows:

1.      I am currently 75-years old.  Unless otherwise stated, I make this declaration based upon my personal knowledge and experience.  If called as a witness, I could and would competently testify to the matters stated herein.  I made this declaration concerning my recent hospitalization in further support of my motion for trial preference.

2.      On December 16, 2019, I experienced shortness of breath, severe pain on my back and leg swelling which prevented my mobility.  I was rushed to Hemet Medical Center and seen by Dr. Abid Hussain who provided a diagnosis of passing a kidney stone and having a blood clot in one of my lungs. He has prescribed an oxygen tank to assist with my breathing from which I have used every night since being discharged from the hospital on December 19, 2019.

3.      To the best of my recollection, this recent December 16, 2019 hospitalization was the second time in the last 2 months that I had to be rushed to the emergency room for not being able to breath.  The previous time I believe I was provided a diagnosis of acute bronchitis for which I was provided a breathing treatment to open my bronchial tubes and prescribed an inhaler.

4.      I am concerned for my health since I am still receiving treatment and only see my breathing getting worse. I believe the treatment has caused me, among other things, neuropathy, a low immune system and constant fatigue.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 2nd day of January 2020 at Hemet, California.


_____
Mary V. Olah, Declarant

DECLARATION OF MARY V. OLAH IN SUPPORT OF PLAINTIFF'S REPLY TO PLAINTIFF'S MOTION FOR TRIAL PREFERENCE

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

     I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 10940 Wilshire Blvd., 17th Floor, Los Angeles, CA 90024.

     On January 3, 2020, I served the following document(s): **DECLARATION OF MARY V. OLAH IN SUPPORT OF PLAINTIFF'S REPLY TO MOTION FOR TRIAL PREFERENCE** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**[X]**     **BY ELECTRONIC TRANSFER TO CASE ANYWHERE** via the Internet pursuant to the Court's Case Management Order No. 2 Authorizing Electronic Service dated March 23, 2018.

**[ ]**     **BY ELECTRONIC SERVICE:** I caused such document(s) to be served on the above referenced individual(s) by email transmission. The address of the sending computer and the address(es) of the receiving computers are listed as:

**[X]**     **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit. (*Chair, Judicial Council of California only*)

**Defendant Orchard Supply Hardware:**

Ernesto Resurreccion
Deputy Secretary of State
Secretary of State on behalf of
Orchard Supply Hardware Corporation
1500 11th Street, 3rd Floor
Sacramento, CA 95814

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on January 3, 2020 at Los Angeles, California.

_____
Valeriya Adlivankina

DECLARATION OF MARY V. OLAH IN SUPPORT OF PLAINTIFF'S REPLY TO PLAINTIFF'S MOTION FOR TRIAL PREFERENCE