1  **HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
2  Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
3  Washington, DC  20005
Telephone:  (202) 898-5800
4  Facsimile:  (202) 682-1639
Email:    jhollingsworth@hollingsworthllp.com
5          elasker@hollingsworthllp.com

6  *Attorneys for Defendant*
*MONSANTO COMPANY*

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10  | IN RE: ROUNDUP PRODUCTS | MDL No. 2741 |
| LIABILITY LITIGATION | |

11  Case No. 3:16-md-02741-VC

12  This document relates to:

13  *Eric Beisner v. Monsanto Co.*,
Case No. 3:20-cv-00056-VC

14

15      **MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

16          Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully

17  files this Answer ("Answer") and responds by generally denying all allegations contained in

18  plaintiff's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint

19  and as used in this Answer, Monsanto refers to Monsanto Company, a United States based

20  company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as

21  to any allegations shall constitute a denial.

22          1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly

23  related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto

24  denies the remaining allegations in paragraph 1.

25          2.      Monsanto denies the allegations in paragraph 2.

26          3.      Monsanto denies the allegations in paragraph 3.

27

28

- 1 -

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00056-VC

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's Complaint.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  Monsanto admits the allegations in the second sentence of paragraph 7.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 8 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 8.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

10.      Monsanto admits the allegations in paragraph 10.

11.      The allegations in paragraph 11 comprise attorney characterizations and are accordingly denied.

12.      In response to the allegations in paragraph 12, Monsanto admits that it sells Roundup®-branded products in Missouri.

13.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.      The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     Monsanto admits the allegations in paragraph 16.

17.     Monsanto admits that it is authorized to do business in Missouri.  The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto denies the allegations in paragraph 19.

20.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

22.     Monsanto admits the allegations in paragraph 22.

23.     Monsanto admits the allegations in paragraph 23.

24.     In response to the allegations in paragraph 24, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 24 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies those allegations.

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00056-VC

1   25. Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

2 The remaining allegations in paragraph 25 comprise attorney characterizations and are

3 accordingly denied.

4   26. Monsanto admits the allegations in paragraph 26.

5   27. Monsanto generally admits the allegations in paragraph 27, but denies the

6 allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants

7 at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

8 the United States Environmental Protection Agency ("EPA").

9   28. Monsanto lacks information or knowledge sufficient to form a belief as to the

10 truth of the allegations in paragraph 28 and therefore denies those allegations.

11   29. Monsanto admits that it is the leading producer of seeds that contain the Roundup

12 Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

13 farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

14 belief as to the accuracy of the specific numbers and statistics provided in the remaining

15 sentences of paragraph 29 and therefore denies those allegations.  Monsanto denies the

16 remaining allegations in paragraph 29.

17   30. Monsanto admits the allegations in the first two sentences of paragraph 30.  In

18 response to the allegations in the third sentence of paragraph 30, Monsanto admits that

19 Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto

20 denies that Roundup®-branded products have carcinogenic properties and denies the remaining

21 allegations in paragraph 30.

22   31. The allegations in paragraph 31 set forth conclusions of law for which no

23 response is required.  To the extent that a response is deemed required, Monsanto admits the

24 allegations in paragraph 31.

25   32. In response to the allegations in paragraph 32, Monsanto admits that EPA requires

26 registrants of herbicides to submit extensive data in support of the human health and

27 environmental safety of their products and further admits that EPA will not register or approve

28 the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00056-VC

1   Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 32 set forth
2   conclusions of law for which no response is required.

3          33.     The allegations in paragraph 33 set forth conclusions of law for which no
4   response is required.

5          34.     Monsanto admits that Roundup®-branded products are registered by EPA for
6   manufacture, sale and distribution and are registered by the State of Missouri for sale and
7   distribution.

8          35.     In response to the allegations in paragraph 35, Monsanto admits that EPA requires
9   registrants of herbicides to submit extensive data in support of the human health and
10  environmental safety of their products and further admits that EPA will not register or approve
11  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto
12  states that the term "the product tests" in the final sentence of paragraph 35 is vague and
13  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 35
14  set forth conclusions of law for which no response is required.

15         36.     Monsanto denies the allegations in paragraph 36 to the extent that they suggest
16  that EPA only evaluates the safety of pesticide products on the date of their initial registration.
17  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide
18  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth
19  of the allegations in paragraph 36 regarding such pesticide products generally and therefore
20  denies those allegations.  The remaining allegations in paragraph 36 set forth conclusions of law
21  for which no response is required.

22         37.     In response to the allegations in paragraph 37, Monsanto admits that EPA has
23  undertaken a regulatory review of glyphosate and further admits that EPA has not released its
24  findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide
25  Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,
26  concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

27

28

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00056-VC

1   humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

2   posted an October 2015 final report by its standing Cancer Assessment Review Committee

3   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

4   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

5   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

6   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

7   humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

8   of the remaining allegations in paragraph 37 and therefore denies those allegations.

9           38.     In response to the allegations in paragraph 38, Monsanto admits that the New

10   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

11   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

12   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

13   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

14   the subparts purport to quote a document, the document speaks for itself and thus does not

15   require any further answer.  The remaining allegations in paragraph 38 are vague and conclusory

16   and comprise attorney characterizations and are accordingly denied.

17           39.     In response to the allegations in paragraph 39, Monsanto admits it entered into an

18   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

19   itself and thus does not require any further answer.  The remaining allegations in paragraph 39

20   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00056-VC

1      40.     Monsanto denies the allegations in paragraph 40.

2      41.     In response to the allegations in paragraph 41, Monsanto admits that the French

3  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

4  that it "left the soil clean," but denies the allegations in paragraph 41 to the extent that they

5  suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

6  cancer.  Monsanto denies the remaining allegations in paragraph 41.

7      42.     Monsanto denies the allegations in the first sentence of paragraph 42.  In response

8  to the remaining allegations in paragraph 42, Monsanto states that the cited document speaks for

9  itself and does not require a response.  To the extent that the allegations in paragraph 42 go

10 beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient

11 to form a belief as to the truth of the remaining allegations in paragraph 42 and therefore denies

12 those allegations.

13     43.     Monsanto admits the allegations in paragraph 43.

14     44.     In response to the allegations in paragraph 44, Monsanto states that the cited

15 document speaks for itself and does not require a response.  To the extent that the allegations in

16 paragraph 44 go beyond a restatement of the cited document, Monsanto lacks information or

17 knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44

18 and therefore denies those allegations.

19     45.     Monsanto states that the term "toxic" as used in paragraph 45 is vague and

20 ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

21 denies the allegations in paragraph 45.

22     46.     Monsanto admits the allegations in paragraph 46.

23     47.     In response to the allegations in paragraph 47, Monsanto states that the document

24 speaks for itself and does not require a response.  To the extent that a response is deemed

25 required, Monsanto denies the allegations in paragraph 47.

26     48.     In response to the allegations in paragraph 48, Monsanto admits that Julie Marc

27 published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

28

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00056-VC

1   the extent that paragraph 48 characterizes the meaning of the cited study, Monsanto denies the

2   remaining allegations in paragraph 48.

3          49.     In response to the allegations in paragraph 49, Monsanto states that these

4   documents speak for themselves and do not require a response.  To the extent that a response is

5   deemed required, Monsanto denies the allegations in paragraph 49.

6          50.     In response to the allegations in paragraph 50, Monsanto states that the cited

7   document speaks for itself and does not require a response.  To the extent that paragraph 50

8   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

9   paragraph 50.

10         51.     Monsanto denies the allegations in paragraph 51.

11         52.     In response to the allegations in paragraph 52, Monsanto states that the cited

12  document speaks for itself and does not require a response.  To the extent that paragraph 52

13  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

14  paragraph 52.

15         53.     In response to the allegations in paragraph 53, Monsanto states that the cited

16  document speaks for itself and does not require a response.  To the extent that paragraph 53

17  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

18  paragraph 53.

19         54.     Monsanto denies the allegation that the cited studies support the allegation that

20  glyphosate or Roundup®-branded products pose any risk to human health and denies the

21  remaining allegations in paragraph 54.

22         55.     Monsanto denies the allegations in paragraph 55.

23         56.     Monsanto denies the allegations in paragraph 56.

24         57.     Monsanto denies the allegations in paragraph 57.

25         58.     Monsanto denies the allegations in paragraph 58.

26         59.     Monsanto admits that it has in the past promoted, and continues to promote,

27  Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

28  Monsanto denies the remaining allegations in paragraph 59.

1    60.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

2    is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

3    lacks information or knowledge sufficient to form a belief as to the truth of the remaining

4    allegations in paragraph 60 and therefore denies those allegations.

5    61.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 61 and therefore denies those allegations.  Monsanto denies

7    that glyphosate met the criteria necessary to be eligible for review.

8    62.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 62 and therefore denies those allegations.  Monsanto denies

10   that glyphosate met the criteria necessary to be eligible for review.

11   63.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

12   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

13   evidence was "cumulative."  The remaining allegations in paragraph 63 are vague and

14   conclusory and comprise attorney characterizations and are accordingly denied.

15   64.    Monsanto admits that the full IARC Monograph regarding glyphosate was

16   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

17   2A carcinogen.  In response to the remaining allegations in paragraph 64, Monsanto states that

18   the document speaks for itself and does not require a response.  To the extent that a response is

19   deemed required, the remaining allegations in paragraph 64 comprise attorney characterizations

20   and are accordingly denied.

21   65.    In response to the allegations in paragraph 65, Monsanto states that the document

22   speaks for itself and does not require a response.  To the extent that a response is deemed

23   required, the allegations in paragraph 65 comprise attorney characterizations and are accordingly

24   denied.

25   66.    In response to the allegations in paragraph 66, Monsanto denies that the IARC

26   working group considered all of the data in the numerous studies that have been conducted

27   looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

28   that it reliably considered the studies that it purports to have reviewed, which frequently reach

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00056-VC

conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

67.     The allegations in paragraph 67 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

68.     In response to the allegations in paragraph 68, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 68 are denied.

69.     In response to the allegations in paragraph 69, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

70.     In response to the allegations in paragraph 70, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 70 comprise attorney characterizations and are accordingly denied.

71.     Monsanto denies the allegations in paragraph 71.

72.     The allegations in paragraph 72 comprise attorney characterizations and are accordingly denied.

73.     Monsanto admits the allegations in paragraph 73.

74.     In response to the allegations in paragraph 74, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 74

1    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

2    paragraph 74.

3           75.     In response to the allegations in the first sentence of paragraph 75, Monsanto

4    admits that certain studies have reported that glyphosate and glyphosate-based formulations

5    induced oxidative stress under artificial experimental conditions.  Monsanto denies that these

6    studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce

7    oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies

8    the remaining allegations in the first sentence of paragraph 75.  The allegations in the second

9    sentence of paragraph 75 are vague and ambiguous and are accordingly denied.

10          76.     In response to the allegations in paragraph 76, Monsanto states that the cited

11   document speaks for itself and does not require a response.

12          77.     In response to the allegations in paragraph 77, Monsanto states that the cited

13   document speaks for itself and does not require a response.  To the extent that paragraph 77

14   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

15   paragraph 77.

16          78.     Monsanto denies the allegations in paragraph 78.

17          79.     In response to the allegations in paragraph 79, Monsanto states that the cited

18   document speaks for itself and does not require a response.  Monsanto otherwise denies the

19   allegations in paragraph 79.

20          80.     Monsanto admits that there is no reliable evidence that Roundup®-branded

21   products are genotoxic and that regulatory authorities and independent experts agree that

22   Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

23   paragraph 80.

24          81.     Monsanto denies the allegations in paragraph 81.

25          82.     Monsanto denies the allegations in paragraph 82.

26          83.     Monsanto denies the allegations in paragraph 83.

27          84.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

28   exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 84.

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00056-VC

1    85.    Monsanto denies the allegations in paragraph 85.

2    86.    Monsanto denies the allegations in paragraph 86.

3    87.    Monsanto admits the allegations in paragraph 87.

4    88.    Monsanto denies the allegations in paragraph 88.

5    89.    Monsanto admits the allegations in the first sentence of paragraph 89.  Monsanto

6    denies the allegations in the second sentence of paragraph 89.

7    90.    Monsanto denies the allegations in paragraph 90.

8    91.    Monsanto denies the allegations in paragraph 91.

9    92.    Monsanto denies the allegations in paragraph 92.

10    93.    Monsanto denies the allegations in paragraph 93.

11    94.    Monsanto denies the allegations in paragraph 94.

12    95.    Monsanto denies the allegations in paragraph 95.

13    96.    Monsanto admits that independent experts and regulatory agencies agree that

14    there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

15    products and admits that it has made statements reflecting this fact.  Monsanto denies the

16    remaining allegations in paragraph 96.

17    97.    In response to the allegations in paragraph 97, Monsanto admits that Roundup®-

18    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

19    the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

20    97.

21    98.    In response to the allegations in paragraph 98, Monsanto admits that an EPA

22    review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

23    denies the remaining allegations in paragraph 98.

24    99.    In response to the allegations in paragraph 99, Monsanto admits that EPA

25    changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

26    evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

27    denies the remaining allegations in paragraph 99.

28

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00056-VC

1    100.    In response to the allegations in paragraph 100, Monsanto admits that plaintiff has

2    accurately quoted from one passage in an EPA document in 1991 with respect to the designation

3    of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not

4    pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and

5    the EPA CARC Final Report discussed above, other specific findings of safety include:

6    • "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
        evidence of non-carcinogenicity for humans—based on the lack of convincing
7        evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
        Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
8        http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

9    •  "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
        60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
10

11   • "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
        Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

12   • "There is [an] extensive database available on glyphosate, which indicate[s] that
        glyphosate is not mutagenic, not a carcinogen, and not a developmental or
13        reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
        73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).
14

15   • "EPA has concluded that glyphosate does not pose a cancer risk to humans."
        Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be
        codified at 40 C.F.R. pt. 180).
16

17   • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible
        cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body
18        of research does not provide evidence to show that [g]lyphosate causes cancer and
        does not warrant any change in EPA's cancer classification for [g]lyphosate."
19        *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder
        Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th
20        Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of
        Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-
21        5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk
        Statement").

22   Monsanto denies the remaining allegations in paragraph 100.

23    101.    In response to the allegations in paragraph 101, Monsanto admits that it – along

24   with a large number of other companies and governmental agencies – was defrauded by two

25   chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

26   testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

27   toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

28   glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00056-VC

1    studies.  To the extent that the allegations in paragraph 101 are intended to suggest that

2    Monsanto was anything other than a victim of this fraud, such allegations are denied.

3           102.    In response to the allegations in paragraph 102, Monsanto admits that IBT

4    Laboratories was hired to conduct toxicity studies in connection with the registration of a

5    Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

6    based upon any fraudulent or false IBT studies.

7           103.    Monsanto denies the allegations in paragraph 103 to the extent they suggest that

8    EPA performed an inspection of IBT Laboratories solely or specifically in connection with

9    studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

10   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

11   connection with services provided to a broad number of private and governmental entities and

12   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

13   one of several pesticide manufacturers who had used IBT test results.  The audit found some

14   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

15   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

16   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

17   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 103 are

18   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

19   denies those allegations.

20          104.    In response to the allegations in the first sentence of paragraph 104, Monsanto

21   admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that

22   any of the individuals were convicted based upon studies conducted on glyphosate or

23   glyphosate-based herbicides.  In response to the allegations in the second sentence of paragraph

24   104, Monsanto admits that it – along with numerous other private companies – hired Craven

25   Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural

26   products.  Monsanto otherwise denies the remaining allegations in paragraph 104.

27          105.    In response to the allegations in paragraph 105, Monsanto admits that EPA

28   investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00056-VC

1  paragraph 105 are intended to suggest that Monsanto was anything other than a victim of this

2  fraud, Monsanto denies those allegations.

3        106.    In response to the allegations in paragraph 106, Monsanto admits that it was

4  defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

5  at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 106

6  are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

7  denies those allegations.

8        107.    In response to the allegations in paragraph 107, Monsanto admits that it has stated

9  and continues to state that Roundup®-branded products are safe when used as labeled and that

10 they are non-carcinogenic and non-genotoxic.

11       108.    In response to the allegations in paragraph 108, Monsanto admits that a 1986 joint

12 report of the World Health Organization and Food and Agriculture Organization of the United

13 Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

14 Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

15 Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

16 carcinogen.  Monsanto denies the remaining allegations in paragraph 108.

17       109.    Monsanto denies the allegations in paragraph 109.

18       110.    Monsanto denies the allegations in paragraph 110.

19       111.    Monsanto denies the allegations in paragraph 111.

20       112.    Monsanto denies the allegations in paragraph 112.

21       113.    Monsanto denies the allegations in paragraph 113.

22       114.    Monsanto denies the allegations in paragraph 114.

23       115.    Monsanto denies the allegations in paragraph 115.

24       116.    Monsanto denies the allegations in paragraph 116.

25       117.    Monsanto denies the allegations in paragraph 117.

26       118.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27 truth of the allegations in paragraph 118 and therefore denies those allegations.

28       119.    Monsanto denies the allegations in paragraph 119.

1

120.    Monsanto denies that any exposure to Roundup®-branded products can cause

2   NHL, multiple myeloma, and other serious illnesses and therefore denies those allegations in

3   paragraph 120.  Monsanto states, however, that the scientific studies upon which IARC

4   purported to base its evaluation of glyphosate were all publicly available before March 2015.

5   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

6   remaining allegations in paragraph 120 and therefore denies those allegations.

7

121.    Monsanto incorporates by reference its responses to paragraphs 1 through 120 in

8   response to paragraph 121 of plaintiff's Complaint.

9

122.    Monsanto denies the allegations in paragraph 122.

10

123.    In response to the allegations in the first sentence of paragraph 123, Monsanto

11   admits that it has stated and continues to state that Roundup®-branded products are safe when

12   used as labeled and that they are non-toxic and non-carcinogenic.  In response to the allegations

13   in the second sentence of paragraph 123, Monsanto states that the cited document speaks for

14   itself and does not require a response.

15

124.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

16   exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in

17   paragraph 124.  Monsanto states, however, that the scientific studies upon which IARC

18   purported to base its classification were all publicly available before March 2015.

19

125.    Monsanto denies the allegations in the first and last sentences of paragraph 125.

20   The remaining allegations in paragraph 125 set forth conclusions of law for which no response is

21   required.  Monsanto states, however, that the scientific studies upon which IARC purported to

22   base its classification were all publicly available before March 2015.

23

126.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

24   and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

25   branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

26   which IARC purported to base its classification were all publicly available before March 2015.

27   The remaining allegations in paragraph 126 set forth conclusions of law for which no response is

28   required, consist of attorney characterizations and are accordingly denied, or comprise

- 16 -

1   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

2   the truth of the allegations asserted and therefore denies those allegations.

3       127.    Monsanto incorporates by reference its responses to paragraphs 1 through 126 in

4   response to paragraph 127 of plaintiff's Complaint.

5       128.    In response to the allegations in the first sentence of paragraph 128, Monsanto

6   admits that plaintiff purports to bring a claim for strict liability design defect, but denies any

7   liability as to that claim.  In response to the allegations in the second sentence of paragraph 128,

8   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

9   allegation that plaintiff used Roundup®-branded products and therefore denies that allegation.

10  Monsanto denies the remaining allegations in paragraph 128.

11      129.    Monsanto denies the allegations in paragraph 129.

12      130.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13  truth of the allegations in paragraph 130 and therefore denies those allegations.

14      131.    Monsanto denies the allegations in paragraph 131.

15      132.    Monsanto denies the allegations in the paragraph 132.

16      133.    Monsanto denies the allegations in paragraph 133.

17      134.    Monsanto denies the allegations in paragraph 134 and each of its subparts.

18      135.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19  truth of the allegations in paragraph 135 concerning plaintiff's claimed use of Roundup®-branded

20  products and therefore denies those allegations.  Monsanto denies the remaining allegations in

21  paragraph 135, including that Roundup®-branded products have "dangerous characteristics."

22      136.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 136 concerning plaintiff's claimed use of Roundup®-branded

24  products and therefore denies those allegations.  Monsanto denies the remaining allegations in

25  paragraph 136, including that Roundup®-branded products have "dangerous characteristics."

26      137.    Monsanto denies the allegations in paragraph 137.

27      138.    Monsanto denies the allegations in paragraph 138.

28      139.    Monsanto denies the allegations in paragraph 139.

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00056-VC

1      140.    Monsanto denies the allegations in paragraph 140.

2      141.    Monsanto denies the allegations in paragraph 141.

3      142.    Monsanto denies the allegations in paragraph 142.

4      143.    Monsanto denies the allegations in paragraph 143.

5      144.    Monsanto denies the allegations in paragraph 144.

6      145.    In response to the first sentence in paragraph 145, Monsanto demands that

7  judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed,

8  with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as

9  allowed by law and such further and additional relief as this Court may deem just and proper.

10  The statement in the last sentence of paragraph 145 sets forth a conclusion of law for which no

11  response is required.

12      146.    Monsanto incorporates by reference its responses to paragraphs 1 through 145 in

13  response to paragraph 146 of plaintiff's Complaint.

14      147.    In response to the allegations in paragraph 147, Monsanto admits that plaintiff

15  purports to bring a claim for strict liability failure to warn, but denies any liability as to that

16  claim.

17      148.    Monsanto denies the allegations in paragraph 148.

18      149.    In response to the allegations in paragraph 149, Monsanto lacks information or

19  knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other

20  entities identified purchased or used Roundup®-branded products and therefore denies that

21  allegation.  The allegations in paragraph 149 also set forth conclusions of law for which no

22  response is required.  Monsanto denies the remaining allegations in paragraph 149.

23      150.    The allegations in paragraph 150 set forth conclusions of law for which no

24  response is required.

25      151.    Monsanto denies the allegations in paragraph 151.  All labeling of Roundup®-

26  branded products has been and remains EPA-approved and in compliance with all federal

27  requirements under FIFRA.

28      152.    Monsanto denies the allegations in paragraph 152.

1      153.   Monsanto denies the allegations in paragraph 153.

2      154.   Monsanto denies the allegations in paragraph 154.

3      155.   Monsanto lacks information or knowledge sufficient to form a belief as to the

4  truth of the allegations in paragraph 155 and therefore denies those allegations.

5      156.   Monsanto lacks information or knowledge sufficient to form a belief as to the

6  truth of the allegations in paragraph 156 concerning plaintiff's alleged use of Roundup®-branded

7  products and therefore denies those allegations.  Monsanto denies the remaining allegations in

8  paragraph 156, including that Roundup®-branded products have "dangerous characteristics."

9      157.   Monsanto lacks information or knowledge sufficient to form a belief as to the

10  truth of the allegations in paragraph 157 concerning plaintiff's alleged use and exposure to

11  Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

12  remaining allegations in paragraph 157, including that Roundup®-branded products have

13  "dangerous characteristics."

14      158.   In response to the allegations in paragraph 158, Monsanto denies that any

15  exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or

16  other serious illnesses and denies that there are any defects in those products.  Monsanto lacks

17  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

18  in paragraph 158 and therefore denies those allegations.  Monsanto states, however, that the

19  scientific studies upon which IARC purported to base its evaluation of glyphosate were all

20  publicly available before March 2015.

21      159.   Monsanto denies the allegations in paragraph 159.

22      160.   Monsanto denies the allegations in paragraph 160.

23      161.   Monsanto denies the allegations in paragraph 161.

24      162.   Monsanto denies the allegations in paragraph 162.

25      163.   Monsanto denies the allegations in paragraph 163.

26      164.   Monsanto denies the allegations in paragraph 164.

27      165.   Monsanto denies the allegations in paragraph 165.

28      166.   Monsanto denies the allegations in paragraph 166.

167.    In response to paragraph 167, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 167 sets forth a conclusion of law for which no response is required.

168.    Monsanto incorporates by reference its responses to paragraphs 1 through 167 in response to paragraph 168 of plaintiff's Complaint.

169.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 169 regarding the specific products allegedly used by plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore denies the allegations in paragraph 169.

170.    The allegations in paragraph 170 set forth conclusions of law for which no response is required.

171.    The allegations in paragraph 171 set forth conclusions of law for which no response is required.

172.    Monsanto denies the allegations in paragraph 172.

173.    Monsanto denies the allegations in paragraph 173.

174.    Monsanto denies the allegations in paragraph 174.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

175.    Monsanto denies the allegations in paragraph 175.

176.    Monsanto denies the allegations in paragraph 176.

177.    Monsanto denies the allegations in paragraph 177, including each of its subparts.

178.    Monsanto denies the allegations in paragraph 178.

179.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 179 regarding plaintiff's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 179, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00056-VC

1      180.      Monsanto denies the allegations in paragraph 180.

2      181.      Monsanto denies the allegations in paragraph 181.

3      182.      Monsanto denies the allegations in paragraph 182.  All labeling of Roundup®-

4  branded products has been and remains EPA-approved and in compliance with all federal

5  requirements under FIFRA.

6      183.              In response to paragraph 183, Monsanto demands that judgment be

7  entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice;

8  and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and

9  such further and additional relief as this Court may deem just and proper.  The statement in the

10 last sentence of paragraph 183 sets forth a conclusion of law for which no response is required.

11      184.      In response to the allegations in paragraph 184, Monsanto denies that plaintiff has

12 alleged fraud, let alone fraud with specificity.  Monsanto incorporates by reference its responses

13 to paragraphs 1 through 183 in response to paragraph 184 of plaintiff's Complaint.

14      185.      Monsanto denies the allegations in paragraph 185.

15      186.      Monsanto denies the allegations in paragraph 186.

16      187.      Monsanto denies the allegations in paragraph 187.

17      188.      Monsanto denies the allegations in paragraph 188.

18      189.      Monsanto denies the allegations in paragraph 189.

19      190.      Monsanto denies the allegations in paragraph 190.

20      191.      Monsanto denies the allegations in paragraph 191.

21      192.      Monsanto lacks information or knowledge sufficient to form a belief as to the

22 truth of the allegations in paragraph 192 regarding plaintiff's actions, and therefore Monsanto

23 denies those allegations.  Monsanto denies the remaining allegations in paragraph 192.

24      193.      Monsanto denies the allegations in paragraph 193.

25      194.      Monsanto denies the allegations in paragraph 194.

26      195.      In response to paragraph 195, Monsanto demands that judgment be entered in its

27 favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

28 Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

1    further and additional relief as this Court may deem just and proper.  The statement in the last

2    sentence of paragraph 195 sets forth a conclusion of law for which no response is required.

3          196.    Monsanto incorporates by reference its responses to paragraphs 1 through 195 in

4    response to paragraph 196 of plaintiff's Complaint.

5          197.    The allegations in paragraph 197 set forth conclusions of law for which no

6    response is required.

7          198.    Monsanto denies the allegations in paragraph 198.

8          199.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 199 regarding plaintiff's reliance and therefore denies those

10   allegations.  Monsanto denies the remaining allegations in paragraph 199.

11         200.    The allegations in paragraph 200 set forth conclusions of law for which no

12   response is required.

13         201.    The allegations in paragraph 201 set forth conclusions of law for which no

14   response is required.

15         202.    Monsanto denies the allegations in paragraph 202.

16         203.    Monsanto denies the allegations in paragraph 203.

17         204.    In response to paragraph 204, Monsanto demands that judgment be entered in its

18   favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

19   Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

20   further and additional relief as this Court may deem just and proper.

21         205.    Monsanto incorporates by reference its responses to paragraph 1 through

22   paragraph 204 in response to paragraph 205 of plaintiff's Complaint.

23         206.    The allegations in paragraph 206 set forth conclusions of law for which no

24   response is required.

25         207.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26   truth of the allegations concerning plaintiff's claimed purchase of Roundup®-branded products

27   and therefore denies those allegations.  The remaining allegations in paragraph 207 set forth

28   conclusions of law for which no response is required.

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00056-VC

1    208.   Monsanto denies the allegations in paragraph 208.

2    209.   Monsanto lacks information or knowledge sufficient to form a belief as to the

3    truth of the allegations in paragraph 209 and therefore denies those allegations.

4    210.   Monsanto denies the allegations in paragraph 210.

5    211.   Monsanto denies the allegations in paragraph 211.

6    212.   Monsanto denies the allegations in paragraph 212.

7    213.   In response to paragraph 213, Monsanto demands that judgment be entered in its

8    favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

9    Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

10   further and additional relief as this Court may deem just and proper.

11   214.   Monsanto incorporates by reference its responses to paragraph 1 through

12   paragraph 213 in response to paragraph 214 of plaintiff's Complaint.

13   215.   The allegations in paragraph 215 set forth conclusions of law for which no

14   response is required.

15   216.   Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations concerning plaintiff's claimed purchase of Roundup®-branded products

17   and therefore denies those allegations.  The remaining allegations in paragraph 216 set forth a

18   conclusion of law for which no response is required.

19   217.   Monsanto denies the allegations in paragraph 217.

20   218.   Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 218 and therefore denies those allegations.

22   219.   Monsanto denies the allegations in paragraph 219.

23   220.   Monsanto denies the allegations in paragraph 220.

24   221.   Monsanto denies the allegations in paragraph 221.

25   222.   In response to paragraph 222, Monsanto demands that judgment be entered in its

26   favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

27   Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

28   further and additional relief as this Court may deem just and proper.

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00056-VC

1    223.    The allegations in paragraph 223 set forth conclusions of law for which no

2    response is required.  To the extent that a response is deemed required, Monsanto denies those

3    allegations.

4    224.    The allegations in paragraph 224 set forth conclusions of law for which no

5    response is required.  To the extent that a response is deemed required, Monsanto denies that it

6    engaged in the "wrongdoing" alleged in the Complaint, denies that its conduct or Roundup®-

7    branded products caused plaintiff's injury, and denies that there is any risk of NHL, multiple

8    myeloma, or other serious illness associated with the use of and/or exposure to Roundup®-

9    branded products and glyphosate.  Monsanto states, however, that the scientific studies upon

10   which IARC purported to base its cancer classification for glyphosate were all publicly available

11   before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to

12   the truth of the remaining allegations in paragraph 224 and therefore denies those allegations.

13   225.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in the first sentence of paragraph 225 and therefore denies those

15   allegations.  Monsanto denies that there is any risk of NHL, multiple myeloma, or other serious

16   illness associated with or linked to the use of and/or exposure to Roundup®-branded products and

17   glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to

18   base its cancer classification for glyphosate were all publicly available before March 2015.  The

19   remaining allegations in paragraph 225 set forth conclusions of law for which no response is

20   required.

21   226.    In response to the allegations in paragraph 226, Monsanto denies that it has

22   concealed the alleged "true risks associated with use of or exposure to Roundup®"; engaged in

23   fraudulent concealment; or made misrepresentations or omissions.  The remaining allegations in

24   paragraph 226 set forth conclusions of law for which no response is required.  To the extent that

25   a response is deemed required, Monsanto denies those allegations.

26   227.    Monsanto denies the allegations in paragraph 227.

27   228.    Monsanto denies the allegations in paragraph 228.

28

- 24 -

229.     In response to the allegations in paragraph 229, Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

230.     The allegations in paragraph 230 set forth conclusions of law for which no response is required.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.     Venue in the Eastern District of Missouri may be inconvenient.

3.     Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

5.     Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.     Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00056-VC

8.   Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.   Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.   Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.   Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

12.   Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

13.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

14.   Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

15.   Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

16.   If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.

1  Such acts or omissions on the part of others or diseases or causes constitute an independent,

2  intervening and sole proximate cause of plaintiff's alleged injuries or damages.

3      17.  Monsanto had no legal relationship or privity with plaintiff and owed no duty to

4  plaintiff by which liability could be attributed to it.

5      18.  Plaintiff's claims are preempted or otherwise barred in whole or in part by the

6  Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

7      19.  Plaintiff's claims for punitive and/or aggravated damages are barred because such an

8  award would violate Monsanto's due process, equal protection and other rights under the United

9  States Constitution, the Missouri Constitution, the Nebraska Constitution, and/or other applicable

10 state constitutions.

11      20.  Plaintiff's claims for punitive and/or aggravated damages are barred because

12 plaintiff has failed to allege conduct warranting imposition of such damages under Missouri law,

13 Nebraska law and/or other applicable state laws.

14      21.  Plaintiff's claims for punitive and/or aggravated damages are barred and/or limited

15 by operation of state and/or federal law, including Missouri Revised Statute § 510.265.1.

16      22.  Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless,

17 fraudulent or done with a conscious disregard for the rights of plaintiff and/or the safety of the

18 public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a

19 high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged

20 in the Complaint, and plaintiff has failed to clearly establish any entitlement to punitive and/or

21 aggravated damages based on plaintiff's allegations.

22      23.  Plaintiff's claims are barred in whole or in part by plaintiff's own

23 contributory/comparative negligence.

24      24.  Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate

25 damages.

26      25.  Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

27      26.  To the extent that plaintiff recovered payments for plaintiff's alleged injuries from

28 any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be

reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute §§ 490.710, 490.715.

27.   If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

28.   Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

29.   Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

30.   Plaintiff has failed to allege fraud with sufficient particularity.

31.   Monsanto is found jointly or severally liable with any other tortfeasor or with multiple tortfeasors, Monsanto reserves its right of contribution to the extent that it has to pay more than Monsanto's pro rata share of the common liability consistent with the provisions set forth in the Nebraska Comparative Negligence Act, Neb. Rev. Stat. § 25-21, 185.10 and other applicable law.

32.   Plaintiff's claims are barred in whole or in part pursuant to Neb. Rev. Stat. § 25-21,182 because the design, testing, or labeling of the products at issue was in conformity with the generally recognized and prevailing state of the art in the industry at the time the specific products involved in this action were first sold to any person not engaged in the business of selling such product.

33.   Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## **JURY TRIAL DEMAND**

Monsanto demands a jury trial on all issues so triable.

DATED:  February 4, 2020

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:    (202) 898-5800
Facsimile:    (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00056-VC