**WILKINSON WALSH LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax: 202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax: 202-682-1639

**SHOOK, HARDY & BACON LLP**
Thomas J. Dammrich II (*pro hac vice*)
(tdammrich@shb.com)
111 S. Wacker Drive, Suite 4700
Chicago, IL 60606-4314
Tel: 312-704-7700
Fax: 312-558-1195

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 ) ) Case No. 3:16-md-02741-VC ) |
| THIS DOCUMENT RELATES TO: *Robert Rawson v. Bayer Corporation, et al.* Case No. 3:19-cv-08312-VC | ) **DEFENDANT MONSANTO COMPANY'S** ) **OPPOSITION TO PLAINTIFF'S MOTION** ) **TO REMAND** ) ) Date:        February 27, 2020 ) Time:        10:00 a.m. ) Courtroom:  4 |

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

ISSUE TO BE DECIDED........................................................................................................... 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ........................................... 1

LEGAL STANDARD .................................................................................................................. 3

ARGUMENT ................................................................................................................................ 4

I.      Plaintiff Fraudulently Joined Duke's Hardware, Inc., So This Court Has Subject Matter Jurisdiction Based On Diversity Of Citizenship Between Plaintiff And Monsanto......................................................................................................................... 4

II.     Monsanto Timely Filed Its Removal Notice. ............................................................... 7

III.   Duke's Hardware, Inc. Was Fraudulently Joined, So Its Consent To Removal Was Not Required. ................................................................................................................. 9

IV.   Plaintiff Is Not Entitled To Attorney's Fees Or Costs. ............................................. 10

CONCLUSION .......................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Arias v. Follet Higher Educ. Corp.*,
    No. 8:18-cv-01965-JLC-JDE, 2019 WL 484192 (C.D. Cal. Feb. 7, 2019) ............................. 3

*Feizbakhsh v. Travelers Com. Ins. Co.*,
    No. LA CV16-02165 JAK (Ex), 2016 WL 8732296 (C.D. Cal. Sept. 9, 2016) ...................... 4

*Garcia v. Wal-Mart Stores Inc.*,
    207 F. Supp. 3d 1114 (C.D. Cal. 2016) .................................................................................. 8

*Grancare, LLC v. Thrower*,
    889 F.3d 543 (9th Cir. 2018) ............................................................................................. 3, 4

*Harris v. Bankers Life & Cas. Co.*,
    425 F.3d 689 (9th Cir. 2005) ......................................................................................... 7, 8, 9

*Illegal Aliens, LLC v. N. Am Specialty Ins. Co.*,
    No. CV 14-07502 DDP (ASx), 2015 WL 1636715 (C.D. Cal. Apr. 10, 2015) ..................... 3

*Kruso v. Int'l Tel. & Tel. Corp.*,
    872 F.2d 1415 (9th Cir. 1989) ................................................................................................ 4

*Macey v. Allstate Prop. & Cas. Ins. Co.*,
    220 F. Supp. 2d 1116 (N.D. Cal. 2002) ................................................................................. 3

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005) ............................................................................................................. 10

*Martinez v. McKesson Corp.*,
    No. 3:15-cv-02903-H-JLB, 2016 WL 5930271 (S.D. Cal. April 7, 2016) ............................ 4

*Morris v. Princess Cruises, Inc.*,
    236 F.3d 1061 (9th Cir. 2001) ................................................................................................ 3

*Palma v. Prudential Ins. Co.*,
    791 F. Supp. 2d 790 (N.D. Cal. 2011) ................................................................................. 10

**Page**

*Reynolds v. The Boeing Co.*,
   No. 2:15-CV-2846-SVW-AS, 2015 WL 4573009 (C.D. Cal. July 28, 2015) ........................ 5

*Ritchey v. Upjohn Drug Co.*,
   139 F.3d 1313 (9th Cir. 1998) ............................................................................................... 3

*Simpson v. Union Pac. R. Co.*,
   282 F. Supp. 2d 1151 (N.D. Cal. 2003) ............................................................................... 10

*Steiner v. Horizon Moving Sys. Inc.*,
   568 F. Supp. 2d 1084 (C.D. Cal. 2008) ................................................................................. 8

*United Computer Sys. Inc. v. AT&T Corp.*,
   298 F.3d 756 (9th Cir. 2002) ........................................................................................... 4, 10

*Walker v. Trailer Transit, Inc.*,
   727 F.3d 819 (7th Cir. 2013) ............................................................................................ 7, 8

**Statutes**

28 U.S.C. § 1441(b)(2) ................................................................................................................ 3, 7

28 U.S.C. § 1446(b)(2)(a) ............................................................................................................. 10

28 U.S.C. § 1446(b)(3) ............................................................................................................... 7, 9

**ISSUE TO BE DECIDED**

In an attempt to defeat federal diversity jurisdiction and deprive Monsanto Company ("Monsanto") of its important right to remove this lawsuit to federal court, Plaintiff (an Illinois citizen) sued an Illinois defendant, Duke's Hardware, Inc., that allegedly owned and operated a specific hardware store in Palos Hills, Illinois, where Plaintiff claims that he purchased Roundup®-branded herbicides. However, Plaintiff sued the wrong corporation. Duke's Hardware, Inc. has never owned or operated that Palos Hills store and instead owns and operates a *different* hardware store in a *different* town, *not* Palos Hills – as Duke's Hardware, Inc. stated in September 2019 in its verified responses to Plaintiff's opening discovery requests. At that point, Monsanto first ascertained that Duke's Hardware, Inc. was fraudulently joined, because it was then clear to Monsanto that Plaintiff had no viable claims against Duke's Hardware, Inc. Six days later, Monsanto timely filed its Notice of Removal because there is complete diversity between Plaintiff (Illinois citizen) and Monsanto (Delaware and Missouri citizen), when the citizenship of the fraudulently joined defendant is disregarded. Moreover, the statutory amount-in-controversy requirement is satisfied here, and Plaintiff's Motion to Remand does not contend otherwise.

The issue to be decided is whether the Court should deny Plaintiff's Motion to Remand because Plaintiff failed to sue the right corporation and therefore has no viable claims against Duke's Hardware, Inc.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In March 2019, Plaintiff filed this action in the Circuit Court of Cook County, Illinois, asserting claims against Monsanto under theories of strict liability for a design defect, strict liability for failure to warn, and negligence associated with the promotion and sale of Roundup®-branded herbicides, which have glyphosate as their active ingredient. Complaint ¶¶ 130–84 (Counts IV–VI), Notice of Removal, Exhibit C, ECF No. 1-3.[1] The Complaint also asserts claims against Duke's Hardware, Inc. under theories of strict liability and negligence. Complaint ¶¶ 185–200 (Counts VII–

---

[1] Plaintiff also sued Bayer Corporation, but voluntarily dismissed those claims in June 2019. Notice of Removal, Exhibit A, ECF No. 1-1. All "ECF" citations are to the docket for *Rawson v. Bayer Corporation, et al.*, No. 3:19-cv-08312-VC (N.D. Cal.).

VIII). Specifically, Plaintiff claims that Duke's Hardware, Inc. "operated a Duke's Ace Hardware store at 7610 W. 111th Street, Palos Hills, Illinois [the 'Palos Hills store'] which sold Roundup® to Plaintiff and his family from approximately 1974 to 2018." *Id.* ¶ 6.

On September 3, 2019, Duke's Hardware, Inc. submitted its verified responses to Plaintiff's opening discovery requests, stating that Duke's Hardware, Inc.: (1) "never owned or operated" the Palos Hills store; and (2) "owns and operates a different store in a different town (not Palos Hills)." *See* Notice of Removal, Exhibit B, ECF No. 1-2 at 2 (Resp. to Pl's Interrogs.), 24 (Resp. to Pl.'s Rule 213 Interrogs.), 31 (Resp. to Pl's Req. for Prod.).[2]

Six days later, on September 9, 2019, Monsanto filed its Notice of Removal, ECF No. 1, to the United States District Court for the Northern District of Illinois. The Notice of Removal stated that removal was proper because "[t]here is complete diversity of citizenship between Plaintiff and Monsanto, and the amount in controversy exceeds $75,000, exclusive of interest and costs" and "[t]he Court should disregard the presence of Duke's [Hardware, Inc.] in determining whether complete diversity exists because Duke's [Hardware, Inc.] was fraudulently joined." *Id.* at ¶ 2. Specifically, Monsanto noted that Duke's Hardware, Inc., according to its verified discovery responses, "never owned or operated" the Palos Hills store, and therefore, "there is no reasonable possibility that a state court would rule against" it. *Id.* at ¶¶ 12–13.

Plaintiff filed a Motion to Remand in the Northern District of Illinois. In September 2019, while that motion was pending, the Judicial Panel on Multidistrict Litigation ("JPML") entered a Conditional Transfer Order transferring the case to this Court, and in December 2019 the JPML denied Plaintiff's Motion to Vacate the Conditional Transfer Order. Transfer Order, ECF No. 17. That JPML order held that this matter "involve[s] common questions of fact with the actions transferred to MDL No. 2741, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." *Id.* at 2.

---

[2] Plaintiff admits that "Defendant Duke's answered interrogatories and stated that it did not own or operate Duke's Hardware on 7610 W. 111th Street in Palos Hills, Illinois." Mem. of Law in Support of Plaintiff's Motion to Remand at 2, ECF No. 20-1 ("Plaintiff's Remand Mem.").

- 2 -

**LEGAL STANDARD**

Although complete diversity of citizenship usually is required for a federal court to have diversity jurisdiction, "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A defendant removing a lawsuit from state court based on fraudulent joinder of a co-defendant is required to show that there is no possibility that the state court would hold the co-defendant liable. *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). When fraudulent joinder applies – *i.e.*, when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," *Morris*, 236 F.3d at 1067 (quotation marks omitted) – the fraudulently joined defendant's "presence in the lawsuit is ignored" for purposes of determining whether the court has jurisdiction based on diversity of citizenship, *id.* Moreover, if a plaintiff argues that it is possible for him to state a claim against the non-diverse defendant, that possibility must be "non-fanciful" for the case to be remanded. *Illegal Aliens, LLC v. N. Am Specialty Ins. Co.*, No. CV 14-07502 DDP (ASx), 2015 WL 1636715, at *2 (C.D. Cal. Apr. 10, 2015); *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002). Fraudulent joinder also renders the so-called "forum defendant rule" inapplicable because that rule applies only to "properly joined" defendants. 28 U.S.C. § 1441(b)(2).

In conducting a fraudulent joinder analysis, a court is not limited to the allegations of the complaint and is permitted to consider declarations and other evidence presented by the removing defendant. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." (citation omitted)); *Morris*, 236 F.3d at 1068 ("[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." (citation omitted)). Once the removing defendant pierces the pleadings by presenting evidence showing that a non-diverse defendant has been fraudulently joined, the plaintiff cannot rely on mere allegations in the complaint to seek remand. *See Arias v. Follet Higher Educ. Corp.,* No. 8:18-cv-01965-JLC-JDE, 2019 WL 484192, at *3 (C.D. Cal. Feb. 7,

2019) (denying remand motion; holding that plaintiff did not state a claim against non-diverse defendant because "even assuming [p]laintiff's legal theories are viable, [p]laintiff has offered *no facts* to support these claims" and "submit[ted] no evidence to dispute [d]efendants' version of the facts" that established fraudulent joinder (emphasis in original)); *Feizbakhsh v. Travelers Com. Ins. Co.*, No. LA CV16-02165 JAK (Ex), 2016 WL 8732296, at *8 (C.D. Cal. Sept. 9, 2016) (same; holding that plaintiff's "conclusory allegations" in the complaint were not sufficient to overcome evidence offered by removing defendant to establish fraudulent joinder); *Martinez v. McKesson Corp.*, No. 3:15-cv-02903-H-JLB, 2016 WL 5930271, at *3 (S.D. Cal. April 7, 2016) (same; holding that plaintiff's "speculation, which is unsupported by any evidence[,]" does not suffice to overcome the evidence presented by removing defendant).

## ARGUMENT

**I.     Plaintiff Fraudulently Joined Duke's Hardware, Inc., So This Court Has Subject Matter Jurisdiction Based On Diversity Of Citizenship Between Plaintiff And Monsanto.**

In its Notice of Removal, Monsanto established that Duke's Hardware, Inc. has never owned or operated the Palos Hills store where Plaintiff claims that he purchased the Roundup®-branded herbicides at issue in this lawsuit. In other words, Plaintiff sued the wrong defendant. If that is correct, then Plaintiff clearly has no viable claims against Duke's Hardware, Inc., and Plaintiff does not argue otherwise in his Motion to Remand.[3]

Instead, Plaintiff asserts other arguments, but they all lack merit.

*First*, Plaintiff misses the point of Monsanto's removal argument by addressing the doctrine of fraudulent *misjoinder*. *See, e.g.*, Plaintiff's Remand Mem. at 5–6, ECF No. 20-1 ("This Court has

---

[3] In *Grancare*, 889 F.3d at 548, the Ninth Circuit provided examples of cases that affirmed fraudulent joinder rulings in similar circumstances. *See United Computer Sys. Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (defendant who was "not a party to any relevant contract on which plaintiff could predicate a claim against her" was fraudulently joined); *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1415, 1426–27 (9th Cir. 1989) (defendants fraudulently joined where plaintiffs "cannot allege injury to *themselves* by reason of alleged wrongdoing by defendants in the entering, execution or termination of the underlying agreements to which plaintiffs were not parties"). Likewise, in this case, Plaintiff cannot prevail on his claims against Duke's Hardware, Inc. if that defendant never owned or operated the store that allegedly sold Roundup®-branded herbicides to Plaintiff.

also expressed its misgivings on the propriety of adjudicating claims of fraudulent misjoinder."); *see also id*. at 11–12 (discussing misjoinder and Rule 21 of the Federal Rules of Civil Procedure). However, Monsanto's Notice of Removal does not invoke fraudulent misjoinder or Rule 21. Instead, Monsanto removed this lawsuit based on the separate and distinct doctrine of fraudulent *joinder*.

*Second*, Plaintiff tries – but fails – to plug that dispositive hole in his case against Duke's Hardware, Inc. by arguing that, under Illinois law, "[a]ny person in the chain of distribution of a product, including . . . suppliers, distributors, wholesalers, [and] retailers . . . could be held strictly liable for any defect." Plaintiff's Remand Mem. at 9. Plaintiff goes on at some length and cites various cases for that proposition. *See id*. at 8–10. The fundamental problem with this argument is that Plaintiff presupposes – without any supporting evidence – that Duke's Hardware, Inc. is in the distribution chain ***at issue in this case***. However, Duke's Hardware, Inc.'s verified discovery responses conclusively rebut Plaintiff's unsupported allegation, and demonstrate that Duke's Hardware, Inc. ***never*** owned or operated the Palos Hills store.[4] Duke's Hardware, Inc. owns and operates a different hardware store, so any Roundup®-branded herbicides that may have been sold at that store to other customers were not sold to Plaintiff – and could not have caused his alleged injuries. Given that there is no "chain of distribution" connecting Duke's Hardware, Inc. and Plaintiff, the chain-of-distribution cases cited by Plaintiff do not support his argument and instead reinforce the conclusion that Plaintiff has no viable claims against Duke's Hardware, Inc.

*Third*, Plaintiff argues that his Complaint sufficiently alleges the elements of his claims (negligence and strict liability) against Duke's Hardware, Inc., *see* Plaintiff's Remand Mem. at 10–11, but that argument also lacks merit. Monsanto's removal is not based on a pleading-defect argument. Instead, Monsanto has pierced the pleadings and presented evidence that Plaintiff has no viable claims against Duke's Hardware, Inc. because that defendant never owned or operated the

---

[4] This Court can and should consider those discovery responses. *See Reynolds v. The Boeing Co.*, No. 2:15-CV-2846-SVW-AS, 2015 WL 4573009, at *3 (C.D. Cal. July 28, 2015) ("[i]t is well established that courts may 'pierce the pleadings' and examine evidence" when deciding remand motions); *see also supra* at pages 3-4 (citing cases).

- 5 -

1  Palos Hills store that allegedly sold Roundup®-branded herbicides to Plaintiff. It is well established
2  that a plaintiff cannot rely on mere allegations in a complaint to seek remand when the removing
3  defendant has pierced the pleadings by presenting evidence showing that the non-diverse defendant
4  has been fraudulently joined. *See supra* pages 3-4 (citing cases).

5  ***Fourth***, Plaintiff relies on an unsworn and unauthenticated website print-out, Plaintiff's
6  Remand Mem., ECF No. 20-5 ("Exhibit D"), but that exhibit does not support his argument.
7  Although Plaintiff claims that Exhibit D shows that Duke's Hardware, Inc. owns and operates the
8  Palos Hills store, Plaintiff's Remand Mem. at 5, that is incorrect. In fact, Exhibit D does not state
9  that the defendant sued in this lawsuit – Duke's Hardware, Inc. – has ever owned or operated the
10 Palos Hills store. *See* Declaration of Douglas Gniadek ¶ 9 ("Gniadek Declaration"). Exhibit D
11 merely references "Gordon's Ace Hdw-Orleans LLC," which has never been owned or operated by
12 Duke's Hardware, Inc., *id.* ¶ 5; provides the Palos Hills store's address; and refers to "AL Owner."
13 Moreover, it states that "Al and Doug Gniadek continue the family business and operate *two* Duke's
14 Ace Hardware locations in the Chicagoland area." Exhibit D at 3 (emphasis added). That statement
15 about two Duke's Ace Hardware stores in the Chicagoland area is accurate, but only one of them is
16 located in Palos Hills. Gniadek Declaration ¶ 7. That statement also is consistent with Duke's
17 Hardware, Inc.'s responses to Plaintiff's written discovery requests, which stated that "Defendant
18 Duke's Hardware, Inc. has never owned or operated [the Palos Hills] store" and that "Duke's
19 Hardware, Inc. owns and operates a different store in a different town (not Palos Hills)." Notice of
20 Removal ¶ 12 (quoting Duke's Hardware, Inc.'s responses to Plaintiff's discovery requests); *accord*
21 Gniadek Declaration ¶ 6. Moreover, each Duke's Ace Hardware store is (and has been) owned and
22 operated by a separate corporation. Gniadek Declaration ¶ 8. Duke's Hardware, Inc. has owned and
23 operated (and continues to own and operate) the other Duke's Ace Hardware store, which is located
24 in another town (not Palos Hills). *Id.*

25 ***Finally***, Plaintiff's reliance on the Illinois Secretary of State's information about
26 corporations, *see* Plaintiff's Remand Mem. at 5, is also misplaced. Information available on the
27 Illinois Secretary of State's website shows that Duke's Hardware, Inc. is an Illinois corporation, but
28

it does not state that Duke's Hardware, Inc. has ever owned or operated the Palos Hills store. Gniadek Declaration ¶ 10; Gniadek Declaration, Exhibit 1. Plaintiff erroneously conflates a store name (Duke's Ace Hardware) and the name of a corporation (Duke's Hardware, Inc.). The record is clear; Duke's Hardware, Inc. has never owned or operated the Palos Hills store.

## II. Monsanto Timely Filed Its Removal Notice.

It is uncontroverted that this lawsuit was not immediately removable by Monsanto based on the allegations in the Complaint. Duke's Hardware, Inc. is an Illinois defendant whose presence would otherwise prevent removal based on lack of diversity jurisdiction and the forum defendant rule, 28 U.S.C. § 1441(b)(2).

Nonetheless, Plaintiff claims that Monsanto's Notice of Removal – filed just six days after Duke's Hardware, Inc. served its verified discovery responses – was untimely, and should have been filed no later than thirty days after Duke's Hardware, Inc. filed its Answer denying Plaintiff's allegation that it owned and operated the Palos Hills store, *see* Plaintiff's Remand Mem. at 12–13, but this argument misses the mark.

Plaintiff's argument is contrary to 28 U.S.C. § 1446(b)(3) and the case law construing that statutory provision. A case that is not removable as "stated by the initial pleading" may be removed within thirty days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order ***or other paper from which it may first be ascertained that the case is one which is or has become removable***." § 1446(b)(3) (emphasis added). The Ninth Circuit has held that "removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, ***not through subjective knowledge or a duty to make further inquiry***." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (emphasis added). Likewise, the Seventh Circuit has held that "[t]he 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that ***affirmatively and unambiguously*** reveals that the predicates for removal are present." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013) (emphasis added). "This bright-line rule promotes clarity and ease of administration for the courts, discourages evasive or ambiguous statements by plaintiffs in their pleadings and other

- 7 -
MONSANTO'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
3:16-md-02741-VC & 3:19-cv-08312-VC

litigation papers, and **reduces guesswork and wasteful protective removals by defendants**." *Id.* (emphasis added). The Seventh and Ninth Circuits are in accord: "The moment a case becomes removable and the moment the 30-day removal clock begins to run 'are not two sides of the same coin.'" *Id.* at 824 (quoting *Kuxhausen v. BMW Fin. Services NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013)).

The case law establishes, and Plaintiff does not dispute, that Duke's Hardware, Inc.'s discovery responses constitute "other paper" for purposes of Section 1446(b)(3). *See, e.g.*, *Steiner v. Horizon Moving Sys. Inc.*, 568 F. Supp. 2d 1084, 1087 (C.D. Cal. 2008) ("Courts have found that a defendant may remove under the 'other paper' provision of section 1446(b) based on . . . discovery responses or deposition testimony" (citing cases)); *Garcia v. Wal-Mart Stores Inc.*, 207 F. Supp. 3d 1114, 1131 (C.D. Cal. 2016) ("The term 'other paper' includes written discovery responses, settlement offers, demand letters, deposition testimony, and correspondence between counsel."). Thus, it was proper for Monsanto to base its removal argument on the discovery responses served by Duke's Hardware, Inc. in September 2019.

Plaintiff's argument that the thirty-day removal period in Section 1446(b)(3) started when Duke's Hardware, Inc. filed its Answer in May 2019: (a) would encourage defendants to "engage in premature removals in order to ensure that they do not waive their right to removal," *Harris*, 425 F.3d at 697; and (b) impermissibly requires an inquiry into Monsanto's "subjective knowledge," *id.* at 694, which the Ninth Circuit held is out of bounds when courts assess the propriety of a removal based on that statutory provision. The problematic nature of the inquiry demanded by Plaintiff and the danger of premature removal is demonstrated by the ambiguous compound allegations in Plaintiff's Complaint upon which Plaintiff bases his untimeliness argument. Plaintiff contends that a denial in Duke's Hardware, Inc.'s Answer of certain allegations in the Complaint triggered the thirty-day removal period in Section 1446(b)(3), but Plaintiff merely summarizes the allegations at issue – incorrectly and incompletely – instead of quoting them. *See* Plaintiff's Remand Mem. at 12. The allegations at issue (Paragraph 6 of the Complaint) and Duke's Hardware, Inc.'s response are quoted in full here:

- 8 -
MONSANTO'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
3:16-md-02741-VC & 3:19-cv-08312-VC

      6.     At all times relevant to this complaint, Duke's operated a Duke's Ace Hardware store at 7610 W. 11th Street, Palos Hills, Illinois which sold Roundup® to the Plaintiff and his family from approximately 1974 to 2018.

      <u>ANSWER</u>:    Duke's denies the allegations in paragraph 6.

Duke's Hardware, Inc.'s Answer, ECF No. 1-3, at 54.

The response by Duke's Hardware, Inc. to the numerous allegations combined into this ambiguous compound sentence did not affirmatively and unambiguously reveal a basis for removal and did not enable Monsanto to "ascertain[] that the case is one which is or has become removable," § 1446(b)(3). Determining anything about removability based on that response by Duke's Hardware, Inc. would impermissibly require delving into Monsanto's "subjective knowledge" or impermissibly require Monsanto to "make further inquiry" into the facts and circumstances behind Duke's Hardware, Inc.'s response, but removability is determined in these circumstances only by examining the applicable pleadings or other paper. *Harris*, 425 F.3d at 694. Duke's Hardware, Inc.'s verified discovery responses provided – for the first time – a clear, unambiguous statement that Duke's Hardware, Inc. has never owned or operated the Palos Hills store, and were the "other paper," § 1446(b)(3), from which Monsanto could first ascertain that this lawsuit was removable because Duke's Hardware, Inc. had been fraudulently joined. *See Harris*, 425 F.3d at 698 (recognizing the canon "which guards against premature and protective removals and minimizes the potential for a cottage industry of removal litigation" and noting that, "[b]y assuring that removal occurs once the jurisdictional facts supporting removal are evident, we also ensure respect for the jurisdiction of state courts").

Monsanto filed its Notice of Removal only six days after Duke's Hardware, Inc. served its verified discovery responses. Therefore, removal was timely under Section 1446(b)(3).

**III.    Duke's Hardware, Inc. Was Fraudulently Joined, So Its Consent To Removal Was Not Required.**

Plaintiff also contends that removal was improper because Duke's Hardware, Inc. did not join or consent in the removal, Plaintiff's Remand Mem. at 13–14, but only "***defendants who have been properly joined*** . . . must join in or consent to the removal of the action," 28 U.S.C.

- 9 -
MONSANTO'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
3:16-md-02741-VC & 3:19-cv-08312-VC

1  § 1446(b)(2)(a) (emphasis added). As discussed above, Duke's Hardware, Inc. was fraudulently –
2  not properly – joined in this action. This means, as the Ninth Circuit has held, that Duke's
3  Hardware, Inc.'s consent to removal is not required under Section 1446(b)(2)(a). *See, e.g.*, *United*
4  *Computer Sys.*, 298 F.3d at 762 ("Although the usual rule is that all defendants in an action in a
5  state court must join in a petition for removal . . . the 'rule of unanimity' does not apply to nominal,
6  unknown or fraudulently joined parties . . . [T]here is no obligation to join such a defendant in a
7  removal petition" (citations omitted)); *Simpson v. Union Pac. R. Co.*, 282 F. Supp. 2d 1151, 1157
8  (N.D. Cal. 2003) ("Fraudulent joinder provides an exception to the unanimity requirement, in that
9  the consent of a fraudulently joined defendant is not required to remove a case").

10 **IV.     Plaintiff Is Not Entitled To Attorney's Fees Or Costs.**

11      Even if the Court were to grant the Motion to Remand, it nevertheless should deny
12 Plaintiff's request for attorney's fees and costs because, as shown above, Monsanto had an
13 objectively reasonable basis for removing this lawsuit to the Northern District of Illinois. *See*
14 *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("[W]hen an objectively reasonable
15 basis [for removal] exists, fees should be denied."); *Palma v. Prudential Ins. Co.*, 791 F. Supp. 2d
16 790, 801 (N.D. Cal. 2011) ("Although the Court was not persuaded by Prudential's arguments, it
17 had an objectively reasonable basis for removal.  Therefore, the Court declines to award Plaintiff's
18 attorneys' fees and costs under § 1447(c).").

19                                          **CONCLUSION**

20      For the foregoing reasons, Monsanto requests that the Court deny Plaintiff's Motion to
21 Remand.

| | | |
|---|---|---|
| 1 | DATED: February 4, 2020 | Respectfully submitted, |
| 2 | | |
| 3 | William Hoffman (*pro hac vice*) | /s/ Eric G. Lasker |
| | (william.hoffman@arnoldporter.com) | Eric G. Lasker (*pro hac vice*) |
| 4 | Daniel S. Pariser (*pro hac vice*) | (elasker@hollingsworthllp.com) |
| | (daniel.pariser@arnoldporter.com) | Martin C. Calhoun (*pro hac vice*) |
| 5 | ARNOLD & PORTER KAYE SCHOLER LLP | (mcalhoun@hollingsworthllp.com) |
| | 601 Massachusetts Avenue, NW | HOLLINGSWORTH LLP |
| 6 | Washington, DC 20001 | 1350 I Street, NW |
| | Tel: 202-942-5000 | Washington, DC 20005 |
| 7 | Fax: 202-942-5999 | Tel: 202-898-5843 |
| | | Fax: 202-682-1639 |
| 8 | Thomas J. Dammrich II (*pro hac vice*) | |
| | (tdammrich@shb.com) | Brian L. Stekloff (*pro hac vice*) |
| 9 | SHOOK, HARDY & BACON LLP | (bstekloff@wilkinsonwalsh.com) |
| | 111 S. Wacker Drive, Suite 4700 | Rakesh Kilaru (*pro hac vice*) |
| 10 | Chicago, IL 60606-4314 | (rkilaru@wilkinsonwalsh.com) |
| | Tel: 312-704-7700 | WILKINSON WALSH LLP |
| 11 | Fax: 312-558-1195 | 2001 M Street, NW, 10th Floor |
| | | Washington, DC 20036 |
| 12 | | Tel: 202-847-4030 |
| | | Fax: 202-847-4005 |

Attorneys for Defendant MONSANTO COMPANY