**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639
Email:      jhollingsworth@hollingsworthllp.com
            elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Beverly DesRosiers and Mark DesRosiers v. Monsanto Co.*,<br>Case No. 3:20-cv-00310-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Beverly and Mark DesRosiers' Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      Monsanto denies the allegation in paragraph 4.

5.      Monsanto denies the allegations in paragraph 5.

6.       Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies those allegations.

10.      The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

11.       In response to the allegations in paragraph 11, Monsanto admits that it is a Delaware corporation with its principal place of business in St. Louis County, Missouri.

12.      Monsanto admits the allegations in paragraph 12.

13.      In response to the allegations in paragraph 13, Monsanto admits that it sells Roundup®-branded products in Tennessee and Illinois.

14.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations.

15.      The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.      The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.      Monsanto admits the allegations in paragraph 17.

18.      Monsanto admits that it is authorized to do business in Tennessee.  The remaining allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00310-VC

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     The allegations in the first sentence of paragraph 20 set forth conclusions of law for which no response is required.  Monsanto denies the allegations in the second sentence of paragraph 20.  The allegations in the last sentence of paragraph 20 are not directed at Monsanto and therefore no answer is required.

21.     Monsanto denies the allegations in paragraph 21.

22.     The allegations in paragraph 22 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 22 based upon the allegations in plaintiffs' Complaint.

23.     Monsanto admits the allegations in paragraph 23.

24.     The allegations in paragraph 24 set forth conclusions of law for which no response is required.

25.      The allegations in paragraph 25 set forth conclusions of law for which no response is required.

26.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 26 set forth conclusions of law for which no response is required.

27.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.

28.     In response to the allegations in paragraph 28, Monsanto states that the allegations are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

29.     Monsanto admits the allegations in paragraph 29.

30.     Monsanto admits the allegations in paragraph 30.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00310-VC

31.     In response to the allegations in paragraph 31, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 31 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations.

32.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 32 comprise attorney characterizations and are accordingly denied.

33.     Monsanto admits the allegations in paragraph 33.

34.     Monsanto generally admits the allegations in paragraph 34, but denies the allegations in paragraph 34 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

35.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies those allegations.

36.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto denies the remaining allegations in paragraph 36.

37.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.

38.     Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics of paragraph 36 and therefore denies those allegations.

39.     Monsanto admits the allegations in paragraph 39.

40.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 40.

41.      The allegations in paragraph 41 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 41.

42.      In response to the allegations in paragraph 42, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 42 set forth conclusions of law for which no response is required.

43.      The allegations in paragraph 43 set forth conclusions of law for which no response is required.

44.      Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the States of Tennessee and Illinois for sale and distribution.

45.      In response to the allegations in paragraph 45, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 45 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 45 set forth conclusions of law for which no answer is required.

46.      Monsanto denies the allegations in paragraph 46 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 46 set forth conclusions of law for which no response is required.

47.     In response to the allegations in paragraph 47, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00310-VC

reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement")

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and therefore denies those allegations.

48.     In response to the allegations in paragraph 48, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer. To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 48 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

49.     In response to the allegations in paragraph 49, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 49 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

50.     Monsanto denies the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 51 to the extent that they

1    suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

2    cancer.  Monsanto denies the remaining allegations in paragraph 51.

3        52.    Monsanto denies the allegations in paragraph 52.

4        53.    In response to the allegations in paragraph 53, Monsanto states that the cited

5    document speaks for itself and does not require a response.  To the extent that the allegations in

6    paragraph 53go beyond a restatement of the cited document, Monsanto lacks information or

7    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 53

8    and therefore denies those allegations.

9        54.    Monsanto admits the allegations in paragraph 54.

10        55.    In response to the allegations in paragraph 55, Monsanto states that the cited

11    document speaks for itself and does not require a response.  To the extent that the allegations in

12    paragraph 55 go beyond a restatement of the cited document, Monsanto lacks information or

13    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 55

14    and therefore denies those allegations.

15        56.    Monsanto states that the term "toxic" as used in paragraph 56 is vague and

16    ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

17    denies the allegations in paragraph 56.

18        57.    Monsanto admits the allegations in paragraph 57.

19        58.    In response to the allegations in paragraph 58, Monsanto states that the document

20    speaks for itself and does not require a response.  To the extent that a response is deemed

21    required, Monsanto denies the allegations in paragraph 58.

22        59.    In response to the allegations in paragraph 59, Monsanto admits that Julie Marc

23    published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

24    the extent that paragraph 59 characterizes the meaning of the cited study, Monsanto denies the

25    remaining allegations in paragraph 59.

26        60.    In response to the allegations in paragraph 60, Monsanto states that these

27    documents speak for themselves and do not require a response.  To the extent that a response is

28    deemed required, Monsanto denies the allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 61 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 61.

62.     Monsanto denies the allegations in paragraph 62.

63.     In response to the allegations in paragraph 63, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 63 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 64 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 64.

65.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 65.

66.     Monsanto denies the allegations in paragraph 66.

67.     Monsanto denies the allegations in paragraph 67.

68.     Monsanto denies the allegations in paragraph 68.

69.     Monsanto denies the allegations in paragraph 69.

70.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 70.

71.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 71 and therefore denies those allegations.

72.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

73.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

74.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 74 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

75.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 75, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 75 comprise attorney characterizations and are accordingly denied.

76.     In response to the allegations in paragraph 76, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 76 comprise attorney characterizations and are accordingly denied.

77.     In response to the allegations in paragraph 77, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 77 comprise attorney characterizations and are accordingly denied.

78.     Monsanto denies the allegations in paragraph 78.

79.     The allegations in paragraph 79 comprise attorney characterizations and are accordingly denied.

80.     Monsanto admits the allegations in paragraph 80.

81.     In response to the allegations in paragraph 81, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 81 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 81.

82.     In response to the allegations in paragraph 82, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 82.

83.     The allegations in paragraph 83 are vague and ambiguous and are accordingly denied.

84.     In response to the allegations in paragraph 81, Monsanto states that the cited document speaks for itself and does not require a response.

85.     In response to the allegations in paragraph 85, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 85 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     In response to the allegations in paragraph 87, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 87.

88.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.    Monsanto denies the allegations in paragraph 91.

92.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 92.

93.    Monsanto denies the allegations in paragraph 93.

94.    Monsanto denies the allegations in paragraph 94.

95.    Monsanto admits the allegations in paragraph 95.

96.    Monsanto denies the allegations in paragraph 96.

97.    Monsanto admits the allegations in paragraph 97.

98.    Monsanto denies the allegations in paragraph 98.

99.    Monsanto denies the allegations in paragraph 99.

100.    Monsanto denies the allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto denies the allegations in paragraph 102.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.

105.    In response to the allegations in paragraph 105, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 105.

106.    In response to the allegations in paragraph 106, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 106.

107.    In response to the allegations in paragraph 107, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

108.    In response to the allegations in paragraph 108, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United

- 12 -

1    Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

2    Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

3    Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

4    carcinogen.  Monsanto denies the remaining allegations in paragraph 108.

5           109.    Monsanto denies the allegations in paragraph 109.

6           110.    Monsanto denies the allegations in paragraph 110.

7           111.    Monsanto denies the allegations in paragraph 111.

8           112.    Monsanto denies the allegations in paragraph 112.

9           113.    Monsanto denies the allegations in paragraph 113.

10          114.    Monsanto denies the allegations in paragraph 114.

11          115.    Monsanto denies the allegations in paragraph 115.

12          116.    Monsanto denies the allegations in paragraph 116.

13          117.    Monsanto denies the allegations in paragraph 117.

14          118.    Monsanto denies the allegations in paragraph 118.

15          119.    Monsanto denies the allegations in paragraph 119.

16          120.    Monsanto incorporates by reference its responses to paragraphs 1 through 119 in

17   response to paragraph 120 of plaintiffs' Complaint.

18          121.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 121 and therefore denies those allegations.

20          122.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 122 and therefore denies those allegations.

22          123.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23   truth of the allegations in paragraph 123 and therefore denies those allegations.

24          124.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25   truth of the allegations in paragraph 124 and therefore denies those allegations.

26          125.    Monsanto denies the allegations in paragraph 125.

27          126.    Monsanto denies the allegations in paragraph 126.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00310-VC

127.     Monsanto incorporates by reference its responses to paragraphs 1 through 126 in response to paragraph 127 of plaintiffs' Complaint.

128.     In response to the allegations in paragraph 128, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

129.     In response to the allegations in paragraph 129, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  The remaining allegations in paragraph 129 set forth conclusions of law for which no response is required.

130.     In response to the allegations in paragraph 130, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 130 and therefore denies those allegations.

131.     The allegations in paragraph 131 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 131.  Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

132.     Monsanto denies the allegations in paragraph 132.

133.     Monsanto denies the allegations in paragraph 133.

134.     Monsanto denies the allegations in paragraph 134.

135.    In response to the allegations in paragraph 135, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

136.    In response to the allegations in paragraph 136, Monsanto states that the cited document speaks for itself and does not require a response.

137.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 137.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

138.    Monsanto denies the allegations in paragraph 138.

139.    The allegations in paragraph 139 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

140.    Monsanto denies the allegations in paragraph 140.

141.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.

142.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

143.    The allegations in paragraph 143 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

144.    Monsanto incorporates by reference its responses to paragraphs 1 through 143 in response to paragraph 144 of plaintiffs' Complaint.

145.    The allegations in paragraph 145 set forth conclusions of law for which no response is required.

146.    Monsanto denies the allegations in paragraph 146.

147.    Monsanto denies the allegations in paragraph 147, including each of its subparts.

148.    Monsanto denies the allegations in paragraph 148.

149.    Monsanto denies the allegations in paragraph 149.

150.    Monsanto denies the allegations in paragraph 150, including each of its subparts.

151.    Monsanto denies the allegations in paragraph 151.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies the allegations in paragraph 154.

155.    Monsanto denies the allegations in paragraph 155.

156.    In response to the allegations in paragraph 156, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

157.    Monsanto incorporates by reference its responses to paragraphs 1 through 156 in response to paragraph 157 of plaintiffs' Complaint.

158.    Monsanto denies the allegations in paragraph 158.

159.    In response to the allegations in paragraph 159, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 159.

160.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 160 and therefore denies those allegations.

161.    Monsanto denies the allegations in paragraph 161.

162.    Monsanto denies the allegations in paragraph 162.

163.    Monsanto denies the allegations in paragraph 163.

1      164.    Monsanto denies the allegations in paragraph 164, including each of its subparts.

2      165.    Monsanto denies the allegations in paragraph 165.

3      166.    Monsanto denies that Roundup®-branded products have "dangerous

4 characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

5 truth of the remaining allegations in paragraph 166 and therefore denies those allegations.

6      167.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7 truth of the allegations in paragraph 167 and therefore denies those allegations.

8      168.    Monsanto denies the allegations in paragraph 168.

9      169.    The allegations in paragraph 169 set forth conclusions of law for which no

10 response is required.

11      170.    Monsanto denies the allegations in paragraph 170.

12      171.    Monsanto denies the allegations in paragraph 171.

13      172.    Monsanto denies the allegations in paragraph 172.

14      173.    Monsanto denies the allegations in paragraph 173.

15      174.    Monsanto denies the allegations in paragraph 174.

16      175.    Monsanto denies the allegations in paragraph 175.

17      176.    Monsanto denies the allegations in paragraph 176.

18      177.    Monsanto denies the allegations in paragraph 177.

19      178.    Monsanto denies the allegations in paragraph 178.

20      179.    Monsanto denies the allegations in paragraph 179.

21      180.    In response to the allegations in paragraph 180, Monsanto demands that judgment

22 be entered in its favor and against plaintiff; that plaintiffs' Complaint be dismissed, with

23 prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

24 by law and such further and additional relief as this Court may deem just and proper.

25      181.    Monsanto incorporates by reference its responses to paragraphs 1 through 180 in

26 response to paragraph 181 of plaintiffs' Complaint.

27

28

182.    Monsanto denies the allegations in paragraph 182.  Monsanto states that all labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

183.    The allegations in paragraph 183 set forth conclusions of law for which no response is required.

184.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 184 and therefore denies those allegations.

185.    Monsanto denies the allegations in paragraph 185.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

186.    Monsanto denies the allegations in paragraph 186.

187.    Monsanto denies the allegations in paragraph 187.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

188.    Monsanto denies the allegations in paragraph 188.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

189.    Monsanto denies the allegations in paragraph 189.

190.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 190 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 190.

191.    The allegations in paragraph 191 set forth conclusions of law for which no response is required.

192.    Monsanto denies the allegations in paragraph 192.

193.    Monsanto denies the allegations in paragraph 193.

194.    Monsanto denies the allegations in paragraph 194.

195.    Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 195.

196.     The allegations in paragraph 196 set forth conclusions of law for which no response is required.

197.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 197 and therefore denies those allegations.

198.     Monsanto denies the allegations in paragraph 198.

199.     Monsanto denies the allegations in paragraph 199.

200.     Monsanto denies the allegations in paragraph 200.

201.     Monsanto denies the allegations in paragraph 201.

202.     Monsanto denies the allegations in paragraph 202.

203.     In response to the allegations in paragraph 203, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

204.     Monsanto incorporates by reference its responses to paragraphs 1 through 203 in response to paragraph 204 of plaintiffs' Complaint.

205.     Monsanto denies the allegations in paragraph 205.  Monsanto states that all labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

206.     Monsanto lacks information or knowledge sufficient to form a belief regarding plaintiff's claimed selection or use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 206 set forth conclusions of law for which no response is required.

207.     The allegations in the first sentence of paragraph 207 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 207, including that Roundup®-branded products are "dangerous products."

208.     Monsanto denies the allegations in paragraph 208.

209.     Monsanto denies the allegations in paragraph 209.

210.     Monsanto denies the allegations in paragraph 210.

211.    Monsanto denies the allegations in paragraph 211.

212.    Monsanto denies the allegations in paragraph 212.

213.    Monsanto denies the allegations in paragraph 213.

214.    Monsanto denies the allegations in paragraph 214.

215.    Monsanto denies the allegations in paragraph 215.

216.    Monsanto denies the allegations in paragraph 216.

217.    In response to the allegations in paragraph 203, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

218.    Monsanto incorporates by reference its responses to paragraphs 1 through 203 in response to paragraph 204 of plaintiffs' Complaint.

219.    Monsanto denies the allegations in paragraph 219.

220.    Monsanto lacks information or knowledge sufficient to form a belief regarding plaintiff's claimed selection or use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 220 set forth conclusions of law for which no response is required.

221.    The allegations in the first sentence of paragraph 221 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 221, including that Roundup®-branded products are "dangerous products."

222.    Monsanto denies the allegations in paragraph 222.

223.    Monsanto denies the allegations in paragraph 223.

224.    Monsanto denies the allegations in paragraph 224.

225.    Monsanto denies the allegations in paragraph 225.

226.    Monsanto denies the allegations in paragraph 226.

227.    Monsanto denies the allegations in paragraph 227.

228.    Monsanto denies the allegations in paragraph 228.

229.    Monsanto denies the allegations in paragraph 229.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00310-VC

230.     In response to the allegations in paragraph 203, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

231.     Monsanto incorporates by reference its responses to paragraphs 1 through 230 in response to paragraph 231 of plaintiffs' Complaint.

232.     Monsanto denies the allegations in paragraph 232.  Additionally, the allegations in the last sentence in paragraph 232 set forth conclusions of law for which no response is required.

233.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 233 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 233 set forth conclusions of law for which no response is required.

234.     The allegations in paragraph 234 set forth conclusions of law for which no response is required.

235.     Monsanto denies the allegations in paragraph 235.

236.     The allegation in paragraph 236 regarding a purported implied warranty sets forth a conclusion of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 236 and therefore denies those allegations.

237.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 237 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies the allegations in paragraph 237.

238.     Monsanto denies the allegations in paragraph 238.

239.     Monsanto denies the allegations in paragraph 239.

240.     Monsanto denies the allegations in paragraph 240.

241.    In response to the allegations in paragraph 241, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

242.    Monsanto incorporates by reference its responses to paragraphs 1 through 230 in response to paragraph 231 of plaintiffs' Complaint.

243.    Monsanto denies the allegations in paragraph 243.

244.    Monsanto denies the allegations in paragraph 244.

245.    Monsanto denies the allegations in paragraph 245.

246.    Monsanto denies the allegations in paragraph 246.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.    Venue in the Eastern District of Tennessee may be inconvenient.

3.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

5.    Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

- 22 -

6.     Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

8.     Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.     Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

12.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

13.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

14.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

15.     If plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither

liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

16.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

17.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

18.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Illinois Constitution, the Tennessee Constitution and/or other applicable state constitutions.

20.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Illinois law, Tennessee Law and/or other applicable state laws.

21.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Tenn. Code Ann. § 29-39-104.

22.     Plaintiffs' common law claims are barred, in whole or in part, by application of Tenn. Code Ann. § 29-28-102(6), *et seq.*

23.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

24.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

25.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

1       26.     To the extent that plaintiffs recovered payments for their alleged injuries from any

2   collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced

3   to the extent allowed by applicable law.

4       27.     If plaintiffs have been injured or damaged, no injury or damages being admitted,

5   such injuries were not caused by a Monsanto product.

6       28.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws

7   of states that do not govern plaintiffs' claims.

8       29.     Plaintiffs' claims are barred for lack of personal jurisdiction.

9       30.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims

10  that are governed by the laws of a state that does not recognize, or limits, such claims.

11      31.     Monsanto hereby gives notice that it intends to rely upon such other defenses as

12  may become available or apparent during the course of discovery and thus reserves its right to

13  amend this Answer to assert such defenses.

14      **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

15  plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

16  other relief as the Court deems equitable and just.

17                        **<u>JURY TRIAL DEMAND</u>**

18      Monsanto demands a jury trial on all issues so triable.

19

20  DATED:  February 6, 2020                Respectfully submitted,

21

22                             /s/ Joe G. Hollingsworth
                           Joe G. Hollingsworth (*pro hac vice*)

23                             (jhollingsworth@hollingsworthllp.com)
                           Eric G. Lasker (*pro hac vice*)

24                             (elasker@hollingsworthllp.com)
                           HOLLINGSWORTH LLP

25                             1350 I Street, N.W.
                           Washington, DC  20005

26                             Telephone:  (202) 898-5800
                           Facsimile:   (202) 682-1639

27                             *Attorneys for Defendant*

28                             *MONSANTO COMPANY*