TROY DOUGLAS MUDFORD ..... California State Bar No. 156392
ESTEE LEWIS....................................California State Bar No. 268358
CATHLEEN THERESA BARR ....... California State Bar No. 295538
BRANDON STORMENT ...............California State Bar No. 267260
BARR & MUDFORD, LLP
1824 Court Street/Post Office Box 994390
Redding, California  96099-4390
Telephone:  (530) 243-8008
Facsimile:  (530) 243-1648

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741 |
|---|---|
| | No.  3:16-MD-02741-VC |
| | **Honorable Vince Chhabria** |
| THIS DOCUMENT RELATES TO:<br><br>*Sapinsky v. Monsanto, et al.*<br>Case No. 3:20-CV-00257 | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO AMEND HIS COMPLAINT AND TO REMAND THIS CASE TO SAN FRANCISCO COUNTY SUPERIOR COURT, OR ALTERNATIVELY, TO SANTA CLARA COUNTY SUPERIOR COURT** |
| | Date   : March 12, 2020<br>Time   : 10:00 a.m.<br>Crtrm. : 4, 17th Floor<br>Judge. : Honorable Vince Chhabria |

Plaintiff, by and through his attorney, moves this Court:

(1) For the entry of order pursuant to Rules 15(a) and 20 of the Federal Rules of Civil Procedure for leave of court to amend the complaint to join and/or substitute as defendant the following individual sued in San Francisco Superior Court as Does 1.

- Orchard Supply Hardware Corporation.

    ▪ Orchard was a California Company with its principal place of business in San Jose, Santa Clara County, California and supplier/retailer of Monsanto

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 1
Plaintiff's Motion to Amend Complaint and to Remand Case

products, including Roundup, for sale for residential use and a proper party to this action; and

(2) For the entry of an order pursuant to 28 U.S.C. § 1447(e) remanding this case to the Superior Court for the County of San Francisco, or alternatively transferring the case to Santa Clara County, because there is no complete diversity of citizenship between plaintiff and defendants in this case.

### A. LEGAL STANDARD FOR JOINDER.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. §1447(e). Courts generally consider the following factors when deciding whether to allow amendment to add non-diverse defendants: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff (*IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1011 (N.D.Cal.,2000)).

[A]mendment under § 1447(e) is a less restrictive standard than for joinder under Fed. R. Civ. Proc. 19.*Id.* at 1012. The court may allow joinder of a non-diverse party even if that party is not necessary to the action under Rule 19. (*Righetti v. Shell Oil.*, 711 F. Supp. 531, 535 (N.D.Cal 1989)). There is a "strong presumption" against removal jurisdiction in diversity cases, and the defendant has the burden of proving such jurisdiction is proper. (*Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (9th Cir., 1992)). 28 U.S.C. §1447 is "permissive, and grants the court broad discretion.

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 2
Plaintiff's Motion to Amend Complaint and to Remand Case

to allow amendment even though it would destroy diversity and result in remand to state court." (*Righetti*, 711 F. Supp. 2d at 533).

### B. THE COURT SHOULD ALLOW PLAINTIFF TO AMEND THE COMPLAINT TO JOIN DEFENDANT ORCHARD SUPPLY HARDWARE.

Here, joinder of Orchard is needed for just adjudication, based on Monsanto and Wilbur-Ellis' representation and Wilbur-Ellis did not supply Roundup products for residential use. Plaintiff primarily purchased Roundup and weed killer products at Orchard Supply Hardware. As a supplier or retailer of the product, Orchard had a duty to warn plaintiff of the carcinogenic nature and is liable under California products liability law. There is no statute of limitation that would preclude a new action from being filed against Orchard in State Court. Plaintiff only discovered that he had NHL in January 2019, pursuant to CCP section 335.1 and the delayed discovery rule, the statute of limitations will not run for almost another year.

In *IBC Aviation Services, supra,* plaintiff cargo handling company, IBC, sued Mexicana Airlines for breach of contract, and the case was removed to federal court (125 F. Supp. 2d at 1010). IBC sought to amend its complaint to add the non-diverse party Steven Connolly, a Mexicana employee who was allegedly involved in overseeing the cargo handling and slandered plaintiff's performance of those duties (*Id.* at 1012). The Northern District considered whether "failure to join will lead to separate and redundant actions," or whether the additional defendant was "only tangentially related to the cause of action..." (*IBC Aviation Services*, 125 F. Supp. 2d at 1011-1012). The Court found that joinder was appropriate, noting that Mr. Connolly was directly involved in the breach of contract (*Id.* at 1012). "[E]ven though a state court action against Mr. Connolly might be possible, requiring IBC to litigate essentially the same issues in two forums would be a waste of judicial resources and risks inconsistent results." (*Id.* at 1012).

The *IBC Aviation Services Court* considered the motive of plaintiff in seeking joinder, and 'whether the claim sought to be added seem[ed] meritorious (*Id.* at 1012-1013). IBC alleged

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

a valid claim against Mr. Connolly, and the mere fact that IBC wished to add a non-diverse defendant post-removal was not enough to raise any suspicions of improper motive (*Id* at 1012-1013). Likewise, here, plaintiff states a valid claim against defendant Orchard Supply Hardware, as the seller/retailer of Roundup products, and otherwise as being liable for their role in the "chain of distribution."

Further weighing in favor of joinder, plaintiff has not delayed seeking amendment (*Id*. at 1012). As of this motion, initial disclosures have not been exchanged, and the initial case management conference has not yet occurred. Further, the statute of limitations has not yet ran in this case. Plaintiff is still determining other potential defendants that may be responsible for his injuries.

Moreover, recent cases from the Northern District strongly support the holding of *IBC Aviation Services* in permitting amendments to complaint to join non-diverse defendants. In *Taylor v. Honeywell Corporation*, 2010 WL 1881459 (N.D. Cal), Judge Armstrong permitted an amendment to add a non-diverse defendant whose presence destroyed diversity jurisdiction and required remand. The court relied on plaintiff filing its motion to remand almost immediately following removal. The court similarly rejected arguments by the defendant Honeywell in questioning plaintiff's motives for adding a non-diverse defendant:

Nothing in section 1447(e) expressly requires an inquiry into a plaintiffs motive for seeking to join a non-diverse defendant. *Righetti, supra,* 711 F.Supp. at 535. At least one judge in this District has found that the legislative history of section 1447(e) "forecloses" a defendant's argument that plaintiffs' sole purpose in bringing a motion under section 1447(e) is to effect a remand. *Id.* ("Nor does the court find that section 1447(e) requires an inquiry into the plaintiffs' motive for adding a non-diverse defendant.").

To extent that motive is germane, however, the Court finds the analysis in *Oettinger v. Home Depot*, 2009 WL 2136764 (N.D.Cal., July 15, 2009) to be instructive. In *Oettinger*, the

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 4
Plaintiff's Motion to Amend Complaint and to Remand Case

defendant opposed the plaintiffs motion to amend the complaint, in part, on the ground that the plaintiff's motive was to destroy diversity. The defendant based its argument on the timing of the motion and the plaintiffs preference to litigate in state court. The plaintiffs stated objective for the joinder was to obtain a judgment against all liable persons and entities to maximize her prospects for collecting the judgment. The court found that "Defendant's view of Plaintiff's motive is no more compelling than Plaintiff's explanation of her motive, and Plaintiff's preference for state court is no less honorable than Defendant's for federal court." *Id.* at *3. The court was therefore unwilling to impute an improper motive to the plaintiff and weighed this factor in favor of the plaintiff. *Id.*

Like the plaintiff in *Oettinger*, Plaintiffs' motives for amending the complaint are grounded in their desire to add valid claims against an additional defendant, thereby maximizing their prospects for a full recovery, as well as to avoid the inefficiency and expense of multiple actions. Although Plaintiffs also may have a preference for state court, such a preference cannot be construed negatively any more than Honeywell's preference for federal court. The Court thus finds that this factor weighs in favor of Plaintiffs. *Id.* at 3.

Similar to the present case, the proposed amendment in *Taylor* concerned the products liability of a non-diverse defendant as a component parts supplier. As the proposed First Amended Complaint, as here, alleged valid claims for products liability against the non-diverse defendant, that factor weighed in favor of permitting joinder. *Id.* at 4. Additionally, in the 2010 decision of *Graunstadt Jr. v. USS-Posco Industries*, 2010 WL 3910145 (N.D., Cal), Judge Illston also granted a motion to join a California residence whose presence destroyed diversity jurisdiction. Granting plaintiff's remand motion to send the case back to the Contra Costa County Superior Court, the court found that the litigation had not made important progress, the first case management conference had not yet occurred and plaintiff was not.

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 5
**Plaintiff's Motion to Amend Complaint and to Remand Case**

unreasonably attempting to delay proceedings (*Id.* at 4). The six factors mentioned in the *IBC* decision weighed in favor of joinder and remanding back to state court.

Moreover, defendant Orchard Supply may be added as a DOE defendant in the proposed First Amended Complaint (*Lindley v. General Electric Co.*, 780 F. 2d 797, 799 (9th Cir. 1986); Cal Civ. Pro. §474). This remains true even if the case is removed to federal court (Id. at 800-801). Once defendant is joined to this action, the case must be remanded back to the Superior Court (*Yniques v. Cabral*, 985 F. 2d 1031, 1035 (9th Cir., 1993) [overruled on other grounds by *McDowell v. Calderon* 197 F. 3d 1253, 1255 ft. 4 (9th Cir. 1999)]; 28 U.S.C. §1447 (e)).

Finally, this Court must consider "whether denial of joinder will prejudice the plaintiff." (*Id.* at 1011). The Court has wide discretion to allow plaintiffs to amend their complaint, even when doing so would destroy diversity jurisdiction (*Righetti*, 711 F. Supp. at 533). The Court should therefore not force plaintiffs "to choose between redundant litigation arising out of the same facts and involving the same legal issues or foregoing its potential claims" against defendant Vine Hill (*IBC Aviation Services*, at 1013). Doing so would prejudice plaintiff's ability with his case. Absent joinder, plaintiffs' claims would have been prejudiced because it would have forced either abandonment of their claims against the non-diverse defendant or pursuing a state court lawsuit. Defendant, by contrast, could not claim any prejudice since the case was in its early stages. These facts are strikingly similar to plaintiff's lawsuit and are compelling authority for removal.

**C. THIS CASE SHOULD BE REMANDED TO STATE COURT. THE LEGISLATIVE HISTORY OF § 1447(E) REVEALS A CONGRESSIONAL INTENT TO MAKE IT EASIER FOR COURTS TO GRANT AMENDMENTS ADDING NON-DIVERSE DEFENDANTS.**

When a plaintiff seeks to add a defendant who is non-diverse, courts look to both Rule 15 and 28 U.S. C. § 1447(e) 1, which was added in 1988 by The Judicial Improvements and Access to Justice Act ("the Act"), Pub L. No 100-702, 102 Stat 4642 (1988). Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 6
Plaintiff's Motion to Amend Complaint and to Remand Case

subject matter jurisdiction, the court may deny joiner, or permit joinder and remand the action to the State Court." *Id.* For the reasons stated below, the equities strongly favor permitting joinder and remanding this action to the San Francisco County Superior Court, or alternatively the Santa Clara Superior Court.

The legislative history of Section 1447(e) reveals that the Act was in part designed to "reduce the number of diversity cases that would be handled in the federal court." *Righetti v. Shell Oil Company,* 711 F Supp 531, 533 (N.D. Cal. 1989), *citing* H R Rep. No. 889, 100th Cong 2d Sess 73-74, *reprinted in* 1988 U S. Code Cong & Admin News 6033. This legislative history indicates a legislative awareness that "[Section 1447(e)] takes advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal. Joinder coupled with remand may be more attractive than either dismissal under civil rule 19(b) or denial of joinder." HR Rep No 889,100th Cong. 2d Sess 73-74 *reprinted in* 1988 U S Code Cong & Admin News 6033.

The Act recognizes that one way to reduce the number of diversity cases is to give the district courts greater freedom in permitting amendments that add non-diverse defendants. Specially, the Act gives district courts "broad discretion to allow amendment even where remand may result." HR Rep No 889,100th Cong. 2d Sess 73-74 *reprinted in* 1988 U S Code Cong & Admin News 6033. When a court grants a motion to add a diversity-destroying defendant, it must remand the case to the state court, *Yniques v Cabral* 985 F 2d 1031,1035 (9th Cir. 1993).

Prior to the passage of the Act, courts would examine closely the motive of the party who was seeking to add the new defendants. With the passage of the Act and the enactment of § 1447(e), amendments of this type are no longer viewed as disreputable. The "possibility that plaintiff adds a defendant in order to defeat diversity [is] less of a concern " *Gunn v. Wild* 2002 U S DistLEXIS 3628, at *13 (N.D Cal Feb 26, 2002), *accord, IBC Aviation Services. Inc v. Compañía Mexicana De Aviación,* 125 F Supp 2d 1008, 1012 (N.D Cal 2000) "The legislative

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

history to § 1447(e) ... was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion." *Trotman v United Parcel Service* 1996 U S. Dist LEXIS 10388, at *3 (N.D. Cal July 16, 1996).

In sum, to permit the addition of a diversity-destroying defendant, coupled with a remand, is "consistent with Congress' concern for the administration of justice by reducing the number of diversity-of-citizenship cases to be handled in federal court and the express purposes of section 1447(e), as well as the liberal policy favoring amendment under Federal Rule of Civil Procedure 15 " *Righetti,,* 731 F Supp at 535.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court issue an order to: (1) grant Plaintiff leave of court to amend the complaint to add Orchard Supply Hardware Corporation as a defendant in this action; and (ii) remand the above-entitled action to the Superior Court of California, County of San Francisco, or alternatively transfer the case to the County of Santa Clara, forthwith.

DATED: February 5, 2020                                   BARR & MUDFORD

                                                          /s/ Estee Lewis
                                                          ESTEE LEWIS
                                                          Attorney for Plaintiff

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 8
Plaintiff's Motion to Amend Complaint and to Remand Case